**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
                 elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Orlando O. Copeland, Administrator of the Estate of Dunston O. Copeland v. Monsanto Co.*,<br>Case No. 3:20-cv-00434-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Orlando O. Copeland's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

In response to the allegations in the unnumbered paragraph at the beginning of the Complaint, Monsanto admits that plaintiff seeks damages in this lawsuit but denies any liability to plaintiff.

1.     Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

1   2.   Monsanto denies the allegations in paragraph 2.

2   3.   The allegations in paragraph 3 set forth conclusions of law for which no response

3   is required.

4   4.   Monsanto admits the allegations in paragraph 4.

5   5.   The allegations in paragraph 5 set forth conclusions of law for which no response

6   is required.

7   6.   The allegations of paragraph 6 set forth conclusions of law for which no response

8   is required..

9   7.   Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in paragraph 7 and therefore denies those allegations.

11   8.   Monsanto denies the allegations in paragraph 8.

12   9.   The allegations in paragraph 9 comprise attorney characterizations and are

13   accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff

14   have a variety of separate and distinct uses and formulations.

15   10.   Monsanto admits the allegations in paragraph 10.

16   11.   The allegations in paragraph 11 comprise attorney characterizations and are

17   accordingly denied.

18   12.   Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 12 and therefore denies those allegations.

20   13.   The allegations in paragraph 13 are vague and conclusory and comprise attorney

21   characterizations and are accordingly denied.

22   14.   The allegations in paragraph 14 are vague and conclusory and comprise attorney

23   characterizations and are accordingly denied.

24   15.   Monsanto admits that it is authorized to do business in New York.  The remaining

25   allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations

26   and are accordingly denied.

27   16.   The allegations in paragraph 16 set forth conclusions of law for which no

28   response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00434-VC

17.    Monsanto denies the allegations in paragraph 17.

18.    Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.    Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 19 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

20.    Monsanto admits the allegations in paragraph 20.

21.    Monsanto admits the allegations in paragraph 21.

22.    In response to the allegations in paragraph 22, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 22 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore denies those allegations.

23.    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 23 comprise attorney characterizations and are accordingly denied.

24.    Monsanto admits the allegations in paragraph 24.

25.    Monsanto generally admits the allegations in paragraph 25, but denies the allegations in paragraph 25 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

26.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies those allegations.

27.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 27 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 27.

28.     Monsanto admits the allegations in paragraph 28.

29.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 29.

30.     The allegations in paragraph 30 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 30.

31.     In response to the allegations in paragraph 31, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 31 set forth conclusions of law for which no response is required.

32.     The allegations in paragraph 32 set forth conclusions of law for which no response is required.

33.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of New York for sale and distribution.

34.     In response to the allegations in paragraph 34, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

1    states that the term "the product tests" in the final sentence of paragraph 34 is vague and

2    ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 34

3    set forth conclusions of law for which no answer is required.

4         35.     Monsanto denies the allegations in paragraph 35 to the extent that they suggest

5    that EPA only evaluates the safety of pesticide products on the date of their initial registration.

6    Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

7    products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

8    of the allegations in paragraph 35 regarding such pesticide products generally and therefore

9    denies those allegations.  The remaining allegations in paragraph 35 set forth conclusions of law

10   for which no response is required.

11        36.     In response to the allegations in paragraph 36, Monsanto admits that EPA has

12   undertaken a regulatory review of glyphosate and further admits that EPA has not released its

13   findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

14   Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

15   concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

16   humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

17   posted an October 2015 final report by its standing Cancer Assessment Review Committee

18   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

19   to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

20   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

21   the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

22

23   _____

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic*
24   *Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
     document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in
25   anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic
     potential.

26   [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
     U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*
27   *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
     Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

28

humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final

Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05.

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

remaining allegations in paragraph 36 and therefore denies those allegations.

37.     In response to the allegations in paragraph 37, Monsanto admits that the New

York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00434-VC

1   the subparts purport to quote a document, the document speaks for itself and thus does not

2   require any further answer.  The remaining allegations in paragraph 37 are vague and conclusory

3   and comprise attorney characterizations and are accordingly denied.

4        38.      In response to the allegations in paragraph 38, Monsanto admits it entered into an

5   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

6   itself and thus does not require any further answer.  The remaining allegations in paragraph 38

7   are vague and conclusory and comprise attorney characterizations and are accordingly denied.

8        39.      Monsanto denies the allegations in paragraph 39.

9        40.      In response to the allegations in paragraph 40, Monsanto admits that the French

10  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

11  that it "left the soil clean," but denies the allegations in paragraph 40 to the extent that they

12  suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

13  cancer.  Monsanto denies the remaining allegations in paragraph 40.

14       41.      Monsanto denies the allegations in paragraph 41.

15       42.      In response to the allegations in paragraph 42, Monsanto states that the cited

16  document speaks for itself and does not require a response.  To the extent that the allegations in

17  paragraph 42 go beyond a restatement of the cited document, Monsanto lacks information or

18  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 42

19  and therefore denies those allegations.

20       43.      Monsanto admits the allegations in paragraph 43.

21       44.      In response to the allegations in paragraph 44, Monsanto states that the cited

22  document speaks for itself and does not require a response.  To the extent that the allegations in

23  paragraph 44 go beyond a restatement of the cited document, Monsanto lacks information or

24  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44

25  and therefore denies those allegations.

26       45.      Monsanto states that the term "toxic" as used in paragraph 45 is vague and

27  ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

28  denies the allegations in paragraph 45.

1    46.    Monsanto admits the allegations in paragraph 46.

2    47.    In response to the allegations in paragraph 47, Monsanto states that the document

3    speaks for itself and does not require a response.  To the extent that a response is deemed

4    required, Monsanto denies the allegations in paragraph 47.

5    48.    In response to the allegations in paragraph 48, Monsanto admits that Julie Marc

6    published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

7    the extent that paragraph 48 characterizes the meaning of the cited study, Monsanto denies the

8    remaining allegations in paragraph 48.

9    49.    In response to the allegations in paragraph 49, Monsanto states that these

10   documents speak for themselves and do not require a response.  To the extent that a response is

11   deemed required, Monsanto denies the allegations in paragraph 49.

12   50.    In response to the allegations in paragraph 50, Monsanto states that the cited

13   document speaks for itself and does not require a response.  To the extent that paragraph 50

14   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

15   paragraph 50.

16   51.    Monsanto denies the allegations in paragraph 51.

17   52.    In response to the allegations in paragraph 52, Monsanto states that the cited

18   document speaks for itself and does not require a response.  To the extent that paragraph 52

19   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

20   paragraph 52.

21   53.    In response to the allegations in paragraph 53, Monsanto states that the cited

22   document speaks for itself and does not require a response.  To the extent that paragraph 53

23   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

24   paragraph 53.

25   54.    Monsanto denies the allegation that the cited studies support the allegation that

26   glyphosate or Roundup®-branded products pose any risk to human health and denies the

27   remaining allegations in paragraph 54.

28   55.    Monsanto denies the allegations in paragraph 55.

56.     Monsanto denies the allegations in paragraph 56.

57.     Monsanto denies the allegations in paragraph 57.

58.     Monsanto denies the allegations in paragraph 58.

59.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 59.

60.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 and therefore denies those allegations.

61.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

62.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

63.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 63 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

64.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 64, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 64 comprise attorney characterizations and are accordingly denied.

65.     In response to the allegations in paragraph 65, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed

required, the allegations in paragraph 65 comprise attorney characterizations and are accordingly denied.

66.     In response to the allegations in paragraph 66, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 66 comprise attorney characterizations and are accordingly denied.

67.     Monsanto denies the allegations in paragraph 67.

68.     The allegations in paragraph 68 comprise attorney characterizations and are accordingly denied.

69.     Monsanto admits the allegations in paragraph 69.

70.     In response to the allegations in paragraph 70, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 70 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 70.

71.     In response to the allegations in paragraph 71, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 71.

72.     The allegations in paragraph 72 are vague and ambiguous and are accordingly denied.

73.     In response to the allegations in paragraph 73, Monsanto states that the cited document speaks for itself and does not require a response.

74.     In response to the allegations in paragraph 74, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 74 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 74.

1   75.   Monsanto denies the allegations in paragraph 75.

2   76.   In response to the allegations in paragraph 76, Monsanto states that the cited

3   document speaks for itself and does not require a response.  Monsanto otherwise denies the

4   allegations in paragraph 76.

5   77.   Monsanto admits that there is no reliable evidence that Roundup®-branded

6   products are genotoxic, and that regulatory authorities and independent experts agree that

7   Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

8   paragraph 77.

9   78.   Monsanto denies the allegations in paragraph 78.

10   79.   Monsanto denies the allegations in paragraph 79.

11   80.   Monsanto denies the allegations in paragraph 80.

12   81.   Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

13   exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 81.

14   82.   Monsanto denies the allegations in paragraph 82.

15   83.   Monsanto denies the allegations in paragraph 83.

16   84.   Monsanto admits the allegations in paragraph 84.

17   85.   Monsanto denies the allegations in paragraph 85.

18   86.   Monsanto admits the allegations in paragraph 86.

19   87.   Monsanto admits the allegations in paragraph 87.

20   88.   Monsanto denies the allegations in paragraph 88.

21   89.   Monsanto denies the allegations in paragraph 89.

22   90.   Monsanto denies the allegations in paragraph 90.

23   91.   Monsanto denies the allegations in paragraph 91.

24   92.   Monsanto denies the allegations in paragraph 92.

25   93.   Monsanto denies the allegations in paragraph 93.

26   94.   In response to the allegations in paragraph 94, Monsanto admits that independent

27   experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00434-VC

1  in glyphosate and Roundup®-branded products and admits that it has made statements reflecting

2  this fact.  Monsanto denies the remaining allegations in paragraph 94.

3      95.   In response to the allegations in paragraph 95, Monsanto admits that Roundup®-

4  branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

5  the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

6  95.

7      96.   In response to the allegations in paragraph 96, Monsanto admits that it has stated

8  and continues to state that Roundup®-branded products are safe when used as labeled and that

9  they are non-carcinogenic and non-genotoxic.

10     97.   In response to the allegations in paragraph 97, Monsanto admits that a 1986 joint

11 report of the World Health Organization and Food and Agriculture Organization of the United

12 Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

13 Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

14 Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

15 carcinogen.  Monsanto denies the remaining allegations in paragraph 97.

16     98.   Monsanto denies the allegations in paragraph 98.

17     99.   Monsanto denies the allegations in paragraph 99.

18     100.  Monsanto denies the allegations in paragraph 100.

19     101.  Monsanto denies the allegations in paragraph 101.

20     102.  Monsanto denies the allegations in paragraph 102.

21     103.  Monsanto denies the allegations in paragraph 103.

22     104.  Monsanto denies the allegations in paragraph 104.

23     105.  Monsanto denies the allegations in paragraph 105.

24     106.  Monsanto denies the allegations in paragraph 106.

25     107.  Monsanto denies the allegations in paragraph 107.

26     108.  Monsanto incorporates by reference its responses to paragraphs 1 through 107 in

27 response to paragraph 108 of plaintiff's Complaint.

28

109.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 109 and therefore denies those allegations.

110.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore denies those allegations.

111.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 111 and therefore denies those allegations.

112.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 112 and therefore denies those allegations.

113.    Monsanto denies the allegations in paragraph 113.

114.    Monsanto incorporates by reference its responses to paragraphs 1 through 113 in response to paragraph 114 of plaintiff's Complaint.

115.    The allegations in paragraph 115 set forth conclusions of law for which no response is required.

116.    Monsanto denies the allegations in paragraph 116.

117.    Monsanto denies the allegations in paragraph 117, including each of its subparts.

118.    Monsanto denies the allegations in paragraph 118.

119.    Monsanto denies the allegations in paragraph 19.

120.    Monsanto denies the allegations in paragraph 120, including each of its subparts.

121.    Monsanto denies the allegations in paragraph 121.

122.    Monsanto denies the allegations in paragraph 122.

123.    Monsanto denies the allegations in paragraph 123.

124.    Monsanto denies the allegations in paragraph 124.

125.    In response to the allegations in paragraph 125, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

126.    Monsanto incorporates by reference its responses to paragraphs 1 through 125 in response to paragraph 126 of plaintiff's Complaint.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00434-VC

1       127.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 127 and therefore denies those allegations.

3       128.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 128 and therefore denies those allegations.

5       129.    Monsanto denies the allegations in paragraph 129.

6       130.    Monsanto denies the allegations in paragraph 130.

7       131.    Monsanto denies the allegations in paragraph 131.

8       132.    Monsanto denies the allegations in paragraph 132, including each of its subparts.

9       133.    Monsanto denies the allegations in paragraph 133.

10      134.    Monsanto denies that Roundup®-branded products have "dangerous

11    characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

12    truth of the remaining allegations in paragraph 134 and therefore denies those allegations.

13      135.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14    truth of the allegations in paragraph 135 and therefore denies those allegations.

15      136.    Monsanto denies the allegations in paragraph 136.

16      137.    The allegations in paragraph 137 set forth conclusions of law for which no

17    response is required.

18      138.    Monsanto denies the allegations in paragraph 138.

19      139.    Monsanto denies the allegations in paragraph 139.

20      140.    Monsanto denies the allegations in paragraph 140.

21      141.    Monsanto denies the allegations in paragraph 141.

22      142.    Monsanto denies the allegations in paragraph 142.

23      143.    Monsanto denies the allegations in paragraph 143.

24      144.    Monsanto denies the allegations in paragraph 144.

25      145.    Monsanto denies the allegations in paragraph 145.

26      146.    Monsanto denies the allegations in paragraph 146.

27      147.    Monsanto denies the allegations in paragraph 147.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00434-VC

148.    In response to the allegations in paragraph 148, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

149.    Monsanto incorporates by reference its responses to paragraphs 1 through 148 in response to paragraph 149 of plaintiff's Complaint.

150.    The allegations in paragraph 150 set forth conclusions of law for which no response is required.

151.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 151 and therefore denies those allegations.

152.    Monsanto denies the allegations in paragraph 152.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto denies the allegations in paragraph 154.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

155.    Monsanto denies the allegations in paragraph 155.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

156.    Monsanto denies the allegations in paragraph 156.

157.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 157 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 157.

158.    The allegations in paragraph 158 set forth conclusions of law for which no response is required.

159.    Monsanto denies the allegations in paragraph 159.

160.    Monsanto denies the allegations in paragraph 160.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00434-VC

1    161.    Monsanto denies the allegations in paragraph 161.

2    162.    Monsanto denies the allegations that Roundup®-branded products are defective

3    and accordingly denies the allegations in paragraph 162.

4    163.    The allegations in paragraph 163 set forth conclusions of law for which no

5    response is required.

6    164.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 164 and therefore denies those allegations.

8    165.    Monsanto denies the allegations in paragraph 165.

9    166.    Monsanto denies the allegations in paragraph 166.

10    167.    Monsanto denies the allegations in paragraph 167.

11    168.    Monsanto denies the allegations in paragraph 168.

12    169.    Monsanto denies the allegations in paragraph 169.

13    170.    In response to the allegations in paragraph 170, Monsanto demands that judgment

14    be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

15    prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

16    by law and such further and additional relief as this Court may deem just and proper.

17    171.    Monsanto incorporates by reference its responses to paragraphs 1 through 170 in

18    response to paragraph 171 of plaintiff's Complaint.

19    172.    Monsanto denies the allegations in paragraph 172.  Additionally, the allegations

20    in the last sentence in paragraph 172 set forth conclusions of law for which no response is

21    required.

22    173.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23    truth of the allegations in paragraph 173 concerning the plaintiff's claimed use of Roundup®-

24    branded products and therefore denies those allegations.  The remaining allegations in paragraph

25    173 set forth conclusions of law for which no response is required.

26    174.    The allegations in paragraph 174 set forth conclusions of law for which no

27    response is required.

28    175.    Monsanto denies the allegations in paragraph 175.

176.     The allegation in paragraph 176 regarding a purported implied warranty sets forth a conclusion of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 176 and therefore denies those allegations.

177.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 177 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies the allegations in paragraph 177.

178.     Monsanto denies the allegations in paragraph 178.

179.     Monsanto denies the allegations in paragraph 179.

180.     Monsanto denies the allegations in paragraph 180.

181.     In response to the allegations in paragraph 181, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

182.     Monsanto incorporates by reference its responses to paragraphs 1 through 181 in response to paragraph 182 of plaintiff's Complaint.

183.     Monsanto admits that plaintiff purports to bring certain claims alleged in paragraph 183 of the Complaint but denies any liability as to those claims.

184.     Monsanto denies the allegations in paragraph 184.

185.     Monsanto denies the allegations in paragraph 185.

186.     Monsanto denies the allegations in paragraph 186.

187.     Monsanto denies the allegations in paragraph 187.

188.     Monsanto denies the allegations in paragraph 188.

189.     Monsanto denies the allegations in paragraph 189.

190.     Monsanto denies the allegations in paragraph 190.

191.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 191 regarding plaintiff's actions, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 191.

192.    Monsanto denies the allegations in paragraph 192.

193.    Monsanto denies the allegations in paragraph 193.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

194.    Monsanto denies the allegations in paragraph 194.

195.    In response to the allegations in paragraph 195, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

196.    Monsanto incorporates by reference its responses to paragraphs 1 through 195 in response to paragraph 196 of plaintiff's Complaint.

197.    The allegations in paragraph 197 set forth conclusions of law for which no response is required.

198.    The allegations in paragraph 198 set forth conclusions of law for which no response is required.

199.    Monsanto denies the allegations in paragraph 199.

200.    Monsanto denies the allegations in paragraph 200.

201.    Monsanto incorporates by reference its responses to paragraphs 1 through 200 in response to paragraph 201 of plaintiff's Complaint.

202.    Monsanto denies the allegations in paragraph 202.

203.    Monsanto denies the allegations in paragraph 203.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6. Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8. Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the California Constitution, the New York Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under California law, New York law, and/or other applicable state laws.

20.     Plaintiff's claims for punitive and or exemplary damages are barred and/or limited by operation of state and/or federal law.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiff has failed to allege fraud with sufficient particularity.

25.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

27.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.     To the extent that plaintiff recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under NY CPLR § 4545.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

1     **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2   plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

3   other relief as the Court deems equitable and just.

4                              <u>**JURY TRIAL DEMAND**</u>

5     Monsanto demands a jury trial on all issues so triable.

6   DATED:  February 12, 2020              Respectfully submitted,

7

8                                          /s/ Joe G. Hollingsworth
                                           Joe G. Hollingsworth (*pro hac vice*)
9                                          (jhollingsworth@hollingsworthllp.com)
                                           Eric G. Lasker (*pro hac vice*)
10                                         (elasker@hollingsworthllp.com)
                                           HOLLINGSWORTH LLP
11                                         1350 I Street, N.W.
                                           Washington, DC  20005
12                                         Telephone:  (202) 898-5800
                                           Facsimile:   (202) 682-1639
13
                                           *Attorneys for Defendant*
14                                         *MONSANTO COMPANY*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00434-VC