**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:     202-898-5800
Facsimile:     202-682-1639
Email:    jhollingsworth@hollingsworthllp.com
           elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Ronald A. Allison and wife Sandra G. Allison v. Monsanto Co.*, Case No. 3:20-cv-00208-VC | |

### MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs Ronald A. Allison and Sandra G. Allison's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.     Monsanto denies the allegations in paragraph 3.

4.     Monsanto admits the allegations in the first and second sentences of paragraph 4. In response to the allegations in the third sentence of paragraph 4, Monsanto admits that certain of its Roundup®-branded products contain POEA and adjuvants, and that the United States Environmental Protection Agency ("EPA") has classified surfactants and adjuvants as inert. Monsanto notes that the EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  In response to the allegations in the final sentence of paragraph 4, Monsanto admits that glyphosate was one of the world's most widely used herbicides in 2013, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 4 and therefore denies those allegations.

5.     In response to the allegations in paragraph 5, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware. Monsanto admits that it and affiliated companies have operations and offices in countries around the world.  Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 5.  Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 5 and therefore denies those allegations.

6.     In response to the allegations in paragraph 6, Monsanto admits that its glyphosate products are registered in at least 130 countries and approved for use on over 100 different crops. Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels

significantly below regulatory safety limits in various locations and media.  Monsanto denies the remaining allegations in paragraph 6.

7.      Monsanto admits the allegations in the first sentence of paragraph 7.  Monsanto denies the allegations in the second sentence of paragraph 7 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

8.      Monsanto admits the allegations in the first sentence of paragraph 8.  Monsanto denies the allegations in the second sentence of paragraph 8.

9.      In response to the allegations in paragraph 9, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 9.

10.     Monsanto denies the allegations in paragraph 10.

11.     In response to the allegations in paragraph11, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the EPA repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.  To the extent that paragraph 11 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

12.     The allegations in paragraph 12 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 12 based upon the allegations in plaintiffs' Complaint.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 that plaintiff purchased Roundup®-branded products and

- 3 -

therefore denies those allegations.  The remaining allegations in paragraph 13 set forth conclusions of law for which no response is required.

14.     The allegations in paragraph 14 set forth conclusions of law for which no response is required.

15.     Monsanto denies the allegations in the first sentence of paragraph 15.  The remaining allegations in paragraph 15 set forth conclusions of law for which no response is required.

16.     In response to the allegations in the first sentence of paragraph 16, Monsanto lacks information or knowledge sufficient to form a belief as to plaintiffs' residency and citizenship and therefore denies those allegations.  Monsanto denies the remaining allegations in the first sentence of paragraph 16. In response to the third sentence in paragraph 16, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 16 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 16.

17.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations.

18.     The allegations in paragraph 18 comprise attorney characterizations and are accordingly denied.

19.     Monsanto admits the allegations in the first sentence of paragraph 19.  The remaining allegations in paragraph 19 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

20.     In response to the allegations in paragraph 20, Monsanto admits that it discovered the herbicidal properties of glyphosate; that it has manufactured Roundup®-branded herbicides; that certain Roundup®-branded herbicides contain POEA and adjuvants; and that EPA has classified surfactants and adjuvants as inert.  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  Monsanto denies the remaining allegations in paragraph 20.

1      21.     In response to the allegations in paragraph 21, Monsanto admits that glyphosate is

2  an herbicide that is used to kill invasive plants and weeds.  Monsanto states that the remaining

3  allegations in paragraph 21 are vague and ambiguous and that it lacks information or knowledge

4  sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 and

5  therefore denies those allegations.

6      22.     Monsanto admits the allegations in the first sentence of paragraph 22.  Monsanto

7  denies the allegations in the second sentence of paragraph 22 because the impact of glyphosate

8  on treated plants varies depending upon the amount of glyphosate applied and the type of plant.

9  Monsanto denies the allegations in the third sentence of paragraph 22 to the extent that they

10  suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well

11  within regulatory safety levels, as determined by EPA.

12      23.     In response to the allegations in paragraph 23, Monsanto admits that farmers have

13  safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining

14  allegations in paragraph 23.

15      24.     There is no paragraph "24" in the Complaint, and therefore no response is

16  required.

17      25.     Monsanto admits the allegations in the first two sentences of paragraph 25 and

18  admits that it has marketed Roundup®-branded products in accord with EPA's regulatory

19  determinations under FIFRA.  Monsanto otherwise denies the remaining allegations in paragraph

20  25.

21      26.     In response to the allegations in paragraph 26, Monsanto admits that certain

22  Roundup®-branded herbicides contain POEA and adjuvants, that EPA has classified surfactants

23  and adjuvants as inert, and that the specific surfactants and adjuvants used in Roundup®-branded

24  herbicides – like those in other manufacturers' herbicide products – are protected by EPA as

25  "trade secrets."  Monsanto notes that EPA has determined that the surfactants used in Roundup®-

26  branded herbicides do not pose an unreasonable risk to human health.  Monsanto denies the

27  remaining allegations in paragraph 26.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00208-VC

27.     The allegations in paragraph 27 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 27.

28.     In response to the allegations in paragraph 28, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 28 set forth conclusions of law for which no response is required.

29.     The allegations in paragraph 29 set forth conclusions of law for which no response is required.

30.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Arkansas for sale and distribution.

31.     In response to the allegations in paragraph 31, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 31 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 31 set forth conclusions of law for which no answer is required.

32.     Monsanto denies the allegations in paragraph 32 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 32 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00208-VC

33.     In response to the allegations in paragraph 33, Monsanto admits that EPA has undertaken a review of glyphosate and that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 and therefore denies those allegations.

34.     In response to the allegations in paragraph 34, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017) https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings

of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20.

Monsanto denies the remaining allegations in paragraph 34.

35.     In response to the allegations in paragraph 35, Monsanto admits that it – along

with a large number of other companies and governmental agencies – was defrauded by two

chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

studies.  To the extent that the allegations in paragraph 35 are intended to suggest that Monsanto

was anything other than a victim of this fraud, such allegations are denied.

36.     In response to the allegations in paragraph 36, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

37.     Monsanto denies the allegations in paragraph 37 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 37 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

38.     In response to the allegations in paragraph 38, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

39.     In response to the allegations in paragraph 39, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00208-VC

paragraph 39 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

40.     Monsanto denies the allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety. Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The remaining allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

42.     In response to the allegations in paragraph 42, Monsanto admits that following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 42 and accordingly denies those allegations.  The remaining allegations in paragraph 42 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

43.     In response to the allegations in paragraph 43, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 43 and accordingly denies the same.  The remaining allegations in paragraph 43 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

44.     In response to the allegations in paragraph 44, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not

require any further answer.  The remaining allegations in paragraph 44 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

45.     In response to the allegations in paragraph 45, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 45 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

46.     Monsanto denies the allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 47 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 47.

48.     In response to the allegations in paragraph 48, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 48, which are not limited as of any specified date, and accordingly denies the same.

49.     In response to the allegations in paragraph 49, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.  Monsanto denies the remaining allegations in paragraph 49.

50.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 and therefore denies those allegations.

51.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to

form a belief as to the truth of the remaining allegations in paragraph 51 and therefore denies those allegations.

52.     Monsanto denies the allegations in paragraph 52 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

53.     In response to the allegations in paragraph 53, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015, and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one-week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working groups are "experts."  Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

55.     The allegations in paragraph 55 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00208-VC

1    to form a belief as to the accuracy of the source of said information and accordingly denies the

2    allegations.

3        56.    In response to the allegations in paragraph 56, to the extent the allegations purport

4    to characterize statements made in the IARC monograph for glyphosate, the statements in that

5    document speak for themselves, but to the extent that this paragraph means that more than *de*

6    *minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 56.

7        57.    In response to the allegations in paragraph 57, Monsanto admits that the IARC

8    working group identified a number of case control studies of populations with exposures to

9    glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

10   health concern from such exposures.

11       58.    Monsanto denies the allegations in paragraph 58.  The IARC working group

12   concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

13   which, per IARC's guidelines, means that the working group could not rule out chance, bias or

14   confounding so as to reach any conclusion of an increased risk.

15       59.    In response to the allegations in paragraph 59, Monsanto admits that the working

16   group cited to a study that it concluded provided evidence of chromosomal damage in

17   community residents reported to be exposed to glyphosate, but Monsanto denies that the study

18   supports such a conclusion or that the authors of the study reached such a conclusion.

19       60.    In response to the allegations in paragraph 60, Monsanto admits that the IARC

20   working group purported to make these findings, but denies that the animal carcinogenicity

21   studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

22   of the identified tumors.  Monsanto further states that regulatory agencies around the world have

23   reviewed the same animal studies and concluded that they do not provide evidence that

24   glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 60.

25       61.    In response to the allegations in paragraph 61, Monsanto admits that the IARC

26   working group purported to make these findings, but denies that the cited studies provide any

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00208-VC

reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 61.

62.     In response to the allegations in paragraph 62, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration.  Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining allegations in paragraph 62.

63.     In response to the allegations in paragraph 63, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 63.

64.     In response to the allegations in paragraph 64, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

66.     In response to the allegations in paragraph 66, Monsanto admits that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate.  Monsanto notes that a federal district court has characterized this same publication

as an "advocacy piece[] published in [a] non-peer-reviewed journal." *See Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

67.     Monsanto states that the term "toxic" as used in paragraph 67 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 67.

68.     In response to the allegations in paragraph 68, Monsanto admits that Julie Marc published the cited study in 2002 and states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 68.

69.     In response to the allegations in the first sentence of paragraph 69, Monsanto admits that Julie Marc published a study titled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that the first sentence of paragraph 69 characterizes the meaning of the cited study, Monsanto denies the allegations in the first sentence of paragraph 69. In response to the remaining allegations in paragraph 69, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the remaining allegations in paragraph 69.

70.     In response to the allegations in paragraph 70, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 70 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 70.

71.     In response to the allegations in paragraph 71, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 71 characterizes the meaning of the cited study, Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 71.

72.     In response to the allegations in paragraph 72, Monsanto states that the terms "at all times" and "these studies" are vague and ambiguous, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 72.

73.     Monsanto admits that it has in the past promoted, and continues to promote Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 73.

74.     In response to the allegations in paragraph 74, Monsanto states that the cited report speaks for itself and does not require a response. The remaining allegations in paragraph 74 are vague, incomplete, and conclusory and/or comprise attorney characterizations – and are accordingly denied.

75.     In response to the allegations in paragraph 75, Monsanto states that the cited report speaks for itself and does not require a response. The remaining allegations in paragraph 75 are vague, incomplete, and conclusory and/or comprise attorney characterizations – and are accordingly denied.

76.     In response to the allegations in the first sentence of paragraph 76, Monsanto admits that EPA held a FIFRA Scientific Advisory Panel ("SAP") from December 13-16, 2016. In response to the allegations in the sentence of paragraph 76, Monsanto states that the cited report speaks for itself and does not require a response. The remaining allegations in paragraph 76 are vague, incomplete, and conclusory and/or comprise attorney characterizations – and are accordingly denied.

77.     In response to the allegations in paragraph 77, Monsanto denies that the OPP Report is a "draft assessment." The allegations in paragraph 77 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

78.     In response to the allegations in paragraph 78, Monsanto admits that the final SAP meeting minutes and report were released and states that the cited documents speak for themselves and thus do not require any further response. The remaining allegations in paragraph 78 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

79.     In response to the allegations in paragraph 79, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 79.

80.     In response to the allegations in paragraph 80, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 80.

81.     In response to the allegations in paragraph 81, Monsanto admits that, in France, the sale to and use by amateurs (*i.e.*, non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions. Monsanto denies the remaining allegations in paragraph 81.

82.     In response to the allegations in paragraph 82, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same.  Monsanto denies the remaining allegations in paragraph 82.

83.     In response to the allegations in paragraph 83, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiffs' allegations regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 83.

84.     In response to the allegations in paragraph 84, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC

1  ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety

2  concerns.  As of April 2016, the government of Colombia has resumed manual application of

3  glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs'

4  expert testimony purporting to link these same aerial eradication operations with cancer as

5  scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto

6  denies the remaining allegations in paragraph 84.

7       85.     In response to the allegations in paragraph 85, Monsanto admits that, on

8  November 12, 2015, the European Food Safety Authority ("EFSA") issued its Renewal

9  Assessment Report (RAR) on glyphosate, in which it concluded that "glyphosate is unlikely to

10  pose a carcinogenic hazard to humans."[4]  Monsanto further admits that this conclusion affirmed

11  a similar finding by the German Federal Institute for Risk Management (BfR).  Monsanto admits

12  that the European scientists who reached these determinations were acting independently of

13  Monsanto and were acting to protect the public.

14       86.     In response to the allegations in paragraph 86, Monsanto denies that "industry

15  groups" were afforded any ability to review the RAR beyond that afforded to the public

16  generally.  Monsanto otherwise admits the allegations in paragraph 86.

17       87.     Monsanto admits the allegations in paragraph 87.

18       88.     In response to the allegations in paragraph 88, Monsanto states that the cited

19  document speaks for itself and does not require a response.  Monsanto denies the allegations in

20  paragraph 88 to the extent that they purport to set forth all of the distinctions identified by EFSA

21  between its evaluation and the evaluation of the IARC working group.  Monsanto states that in

22  the same document cited by plaintiffs, EFSA states that, in contrast to IARC, "the EU peer

23  review concluded that no significant increase in tumour incidence could be observed in any of

24  the treated groups of animals in the nine long term rat studies considered" and explains that "[a]s

25  well as reviewing a larger number of studies [than IARC], EFSA for example considered that

---

[4] *See* EFSA, *Glyphosate:  EFSA updates toxicological profile*, http://www.efsa.europa.eu/en/press/news/151112.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00208-VC

carcinogenic effects observed at high doses were unreliable as they could be related to general toxicity."[5]  To the extent that paragraph 88 characterizes the meaning of the cited studies, Monsanto denies the remaining allegations in paragraph 88.

89.     In response to the allegations in paragraph 89, Monsanto states that the cited document speaks for itself and does not require a response.

90.     In response to the allegations in paragraph 90, Monsanto admits that EFSA set acceptable exposure thresholds for glyphosate that are orders of magnitude higher than those which occur in the ordinary use of glyphosate-based herbicides.  Monsanto denies that these exposure thresholds are based upon any alleged risk of carcinogenicity.

91.     In response to the allegations in paragraph 91, Monsanto admits that certain individuals, including Dr. Christopher Portier, sent the letter identified in paragraph 91 (hereinafter, "the Portier letter").  Monsanto denies that Dr. Portier or the other signatories to his letter are "independent" and "renowned international experts in the field."  Monsanto states that Dr. Portier has been disclosed as an expert witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto and that Monsanto lacks information or knowledge sufficient to form a belief as to whether the other signatories were aware, before they signed the Portier letter, that Dr. Portier was working as a retained expert for plaintiffs' counsel. Monsanto otherwise admits that this letter urged the EU Health Commissioner to disregard the scientific findings reached by EFSA and by the BfR.

92.     In response to the allegations in paragraph 92, Monsanto admits that Dr. Portier sent the letter identified in paragraph 92.  Monsanto denies that Dr. Portier or the other signatories to his letter are "renowned international experts in the field."  Monsanto admits that certain members of the IARC working group assigned to glyphosate signed on to the Portier letter, but states that Monsanto lacks information or knowledge sufficient to form a belief as to

---

[5] EFSA, *EFSA Explains Risk Assessment Glyphosate*, http://www.efsa.europa.eu/sites/default/files/corporate_publications/files/efsaexplainsglyphosate151112en.pdf.

1  whether those individuals or the other signatories were aware at the time that Dr. Portier was

2  working as a retained expert for plaintiffs' counsel.

3       93.     In response to the allegations in paragraph 93, Monsanto states that the cited

4  Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr.

5  Portier – who has been disclosed as an expert witness retained by plaintiffs' counsel in the

6  glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific

7  conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a

8  carcinogenic hazard to humans."[6]  To the extent that paragraph 93 characterizes the meaning of

9  the cited document or of EFSA's evaluation of glyphosate, Monsanto denies the remaining

10 allegations in paragraph 93.

11      94.     In response to the allegations in paragraph 94, Monsanto admits that IARC

12 concluded that the human epidemiologic data provides only "limited evidence of

13 carcinogenicity," which IARC defines as meaning that "chance, bias, or confounding could not

14 be ruled out with reasonable confidence."[7]   Monsanto further admits that Dr. Portier – who has

15 been disclosed as an expert witness retained by plaintiffs' counsel in the glyphosate cancer

16 litigation against Monsanto – seeks in his letter to challenge the scientific conclusions reached by

17 EFSA in support of its finding that "glyphosate is unlikely to pose a carcinogenic hazard to

18 humans."[8]  In response to the remaining allegations in paragraph 94, Monsanto states that the

19 cited Portier letter speaks for itself and does not require a response.  To the extent that paragraph

20 94 characterizes the meaning of the cited document or of EFSA's evaluation of glyphosate,

21 Monsanto denies the remaining allegations in paragraph 94.

22

23

_____

24 [6] *See* EFSA, *Glyphosate:  EFSA updates toxicological profile*, http://www.efsa.europa.eu/en
/press/news/151112.

25 [7]http://publications.iarc.fr/_publications/media/download/4566/1f986e57ea2ddd9830fec223aeab
c740d0bb2eca.pdf.

26

27 [8] *See* EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu
/en/press/news/151112.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00208-VC

95.     In response to the allegations in paragraph 95, Monsanto states that the cited Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr. Portier – who has been disclosed as an expert witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a carcinogenic hazard to humans."[9]  To the extent that paragraph 95 characterizes the meaning of the cited document or of EFSA's and BfR's evaluation of glyphosate, Monsanto denies the remaining allegations in paragraph 95.

96.     In response to the allegations in paragraph 96, Monsanto states that the cited Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr. Portier – who has been disclosed as an expert witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a carcinogenic hazard to humans."[10]  To the extent that paragraph 96 characterizes the meaning of the cited document or of EFSA's and BfR's evaluation of glyphosate, Monsanto denies the remaining allegations in paragraph 96.

97.     Monsanto admits the allegations in paragraph 97.

98.     In response to the allegations in paragraph 98, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 98 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 98.

99.     In response to the allegations in paragraph 99, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-

---

[9] *See* EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu/en/press/news/151112.

[10] *See* EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu/en/press/news/151112.

1   labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

2   extent that paragraph 99 characterizes the scientific evidence regarding the safety of glyphosate-

3   based herbicides, Monsanto denies the remaining allegations in paragraph 99.

4       100.    In response to the allegations in paragraph 100, Monsanto states that the cited

5   document speaks for itself and does not require a response.  Monsanto denies that the self-

6   labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

7   extent that paragraph 100 characterizes the scientific evidence regarding the safety of

8   glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 100.

9       101.    In response to the allegations in paragraph 101, Monsanto states that the cited

10   document speaks for itself and does not require a response.  Monsanto denies that the self-

11   labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

12   extent that paragraph 101 characterizes the scientific evidence regarding the safety of

13   glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 101.

14       102.    In response to the allegations in paragraph 102, Monsanto states that the cited

15   document speaks for itself and does not require a response.  Monsanto denies that the self-

16   labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

17   extent that paragraph 102 characterizes the scientific evidence regarding the safety of

18   glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 102.

19       103.    In response to the allegations in paragraph 103, Monsanto states that the cited

20   document speaks for itself and does not require a response.  Monsanto denies that the self-

21   labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

22   extent that paragraph 103 characterizes the scientific evidence regarding the safety of

23   glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 103.

24       104.    In response to the allegations in paragraph 104, Monsanto states that the cited

25   document speaks for itself and does not require a response.  Monsanto denies that the self-

26   labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

27

28

1  extent that paragraph 104 characterizes the scientific evidence regarding the safety of

2  glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 104.

3        105.    Monsanto admits the allegations in paragraph 105.  Monsanto also states that the

4  allegations are out of date and that the European Union has approved glyphosate for another five

5  years.

6        106.    In response to the allegations in the first sentence of paragraph 106, Monsanto

7  states that the cited document speaks for itself and does not require a response.    Monsanto lacks

8  information or knowledge sufficient to form a belief as to whether each of the individuals at the

9  referenced meeting were "experts" and therefore denies that allegation.  Monsanto admits the

10  remaining allegations in the second sentence of paragraph 106.  Monsanto also states that the

11  allegations are out of date and that the European Union has approved glyphosate for another five

12  years.

13        107.    In response to the allegations in paragraph 107, Monsanto states that the cited

14  document speaks for itself and does not require a response.  To the extent that paragraph 107

15  characterizes the meaning of the cited document, Monsanto denies the remaining allegations in

16  paragraph 107.

17        108.    In response to the allegations in paragraph 108, Monsanto states that the cited

18  document speaks for itself and does not require a response.  To the extent that paragraph 108

19  characterizes the meaning of the cited document, Monsanto denies the remaining allegations in

20  paragraph 108.  Monsanto also states that the allegations are out of date and that the European

21  Union has approved glyphosate for another five years.

22        109.    Monsanto admits the allegations in paragraph 109.  Monsanto also states that the

23  allegations are out of date and that the European Union has approved glyphosate for another five

24  years.

25        110.    Monsanto admits the allegations in the first sentence of paragraph 110.  Monsanto

26  lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the

27  second sentence of paragraph 110 and therefore denies those allegations.  Monsanto also states

28

that the allegations are out of date and that the European Union has approved glyphosate for another five years.

111.    Monsanto admits the allegations in paragraph 111.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

112.    Monsanto denies the allegations in paragraph 112.

113.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 113 and therefore denies those allegations.

114.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 114 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 114.

115.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 115. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 115 and therefore denies those allegations

116.    The allegations in paragraph 116 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 116.  Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

117.    In response to the allegations in paragraph 117, Monsanto denies that there is any risk of NHL or other serious illness associated with or linked to the use of and/or exposure to Roundup®-branded products and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly

- 24 -

available before March 2015.  The final sentence of paragraph 117 set forth conclusions of law for which no response is required.

118.    In response to the allegations in paragraph 118, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  The remaining allegations in paragraph 118 set forth conclusions of law for which no response is required.

119.    In response to the allegations in paragraph 119, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 119 and therefore denies those allegations.

120.    The allegations in paragraph 120 set forth conclusions of law for which no response is required.  To the extent that a response is required, Monsanto denies the allegations in paragraph 120.  Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

121.    Monsanto denies the allegations in paragraph 121.

122.    Monsanto denies the allegations in paragraph 122.

123.    The allegations in paragraph 123 set forth conclusions of law for which no response is required.

124.    Monsanto denies the allegations in paragraph 124.

125.    The allegations in paragraph 125 set forth conclusions of law for which no response is required.  To the extent that a response is required, Monsanto denies the allegations in paragraph 125.  Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

1    126.    Monsanto incorporates by reference its responses to paragraph 1 through

2    paragraph 125 in response to paragraph 126 of plaintiffs' Complaint.

3    127.    Monsanto denies the allegations in the first sentence of paragraph 127.  Monsanto

4    lacks information or knowledge sufficient to form a belief as to the truth of the allegation that

5    plaintiff used Roundup®-branded products and therefore denies that allegation.  The remaining

6    allegations in paragraph 127 are vague and conclusory and are accordingly denied.

7    128.    Monsanto denies the allegations in paragraph 128.

8    129.    Monsanto denies the allegations in paragraph 129.

9    130.    Monsanto denies the allegations in paragraph 130.

10    131.    Monsanto denies the allegations in paragraph 131.

11    132.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12    truth of the allegations in paragraph 132 and therefore denies those allegations.

13    133.    Monsanto denies the allegations in paragraph 133.

14    134.    Monsanto denies the allegations in paragraph 134.

15    135.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16    truth of the allegations in paragraph 135 concerning plaintiff's claimed use of Roundup®-branded

17    products and therefore denies those allegations.  Monsanto denies the remaining allegations in

18    paragraph 135, including that Roundup®-branded products have "dangerous characteristics."  In

19    addition, Monsanto states that the scientific studies upon which IARC purported to base its

20    evaluation of glyphosate were all publicly available before March 2015.

21    136.    Monsanto denies the allegations in paragraph 136.

22    137.    Monsanto denies the allegations in paragraph 137.

23    138.    Monsanto denies the allegations in paragraph 138.

24    139.    Monsanto denies the allegations in paragraph 139.

25    In response to the "WHEREFORE" paragraph following paragraph 139, Monsanto

26    demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

27    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00208-VC

1 fees as allowed by law and such further and additional relief as this Court may deem just and
2 proper.

3     140.    Monsanto incorporates by reference its responses to paragraph 1 through
4 paragraph 139 in response to paragraph 140 of plaintiffs' Complaint.

5     141.    Monsanto denies the allegations in paragraph 141.

6     142.    In response to the allegations in paragraph 142, Monsanto lacks information or
7 knowledge sufficient to form a belief as to the truth of the allegation that plaintiff or other
8 individuals purchased or used Roundup®-branded products and therefore denies that allegation.
9 The allegations in paragraph 142 also set forth conclusions of law for which no response is
10 required.  Monsanto denies the remaining allegations in paragraph 142.

11     143.    The allegations in paragraph 143 set forth conclusions of law for which no
12 response is required.

13     144.    Monsanto denies the allegations in paragraph 144.  All labeling of Roundup®-
14 branded products has been and remains EPA-approved and in compliance with all federal
15 requirements under FIFRA.

16     145.    Monsanto denies the allegations in paragraph 145.

17     146.    Monsanto denies the allegations in paragraph 146.

18     147.    Monsanto denies the allegations in paragraph 147.

19     148.    Monsanto lacks information or knowledge sufficient to form a belief as to the
20 truth of the allegations in paragraph 148 and therefore denies those allegations.

21     149.    Monsanto lacks information or knowledge sufficient to form a belief as to the
22 truth of the allegations in paragraph 149 concerning plaintiff's alleged use of and exposure to
23 Roundup®-branded products and therefore denies those allegations.  Monsanto denies the
24 remaining allegations in paragraph 149, including that Roundup®-branded products have
25 "dangerous characteristics."

26     150.    Monsanto lacks information or knowledge sufficient to form a belief as to the
27 truth of the allegations in paragraph 150 concerning plaintiff's claimed use of and exposure to

Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 150, including that Roundup®-branded products have "dangerous characteristics."

151.   In response to the allegations in paragraph 151, Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses and denies that there are any defects in those products.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 151 and therefore denies those allegations.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

152.   Monsanto denies the allegations in paragraph 152.

153.   In response to the allegations in paragraph 153, Monsanto denies that there is any risk of NHL or any other serious illnesses associated with the intended use of and/or exposure to Roundup®-branded products and glyphosate.  The allegations in the second sentence of paragraph 153 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 153.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all applicable laws and regulations.

154.   Monsanto denies the allegations in paragraph 154.

155.   Monsanto denies the allegations in paragraph 155.

156.   Monsanto denies the allegations in paragraph 156. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

157.   Monsanto denies the allegations in paragraph 157.

In response to the "WHEREFORE" paragraph following paragraph 157, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

1    fees as allowed by law and such further and additional relief as this Court may deem just and

2    proper.

3        158.    Monsanto incorporates by reference its responses to paragraph 1 through

4    paragraph 157 in response to paragraph 158 of plaintiffs' Complaint.

5        159.    The allegations in paragraph 159 set forth conclusions of law for which no

6    response is required.

7        160.    The allegations in paragraph 160 set forth conclusions of law for which no

8    response is required.

9        161.    Monsanto denies the allegations in paragraph 161.

10       162.    Monsanto denies the allegations in paragraph 162.

11       163.    Monsanto denies the allegations in paragraph 163.  All labeling of Roundup®-

12   branded products has been and remains EPA-approved and in compliance with all federal

13   requirements under FIFRA.

14       164.    Monsanto denies the allegations in paragraph 164.

15       165.    Monsanto denies the allegations in the first sentence of paragraph 165.  In

16   response to the allegations in the second sentence of paragraph 165, Monsanto denies that

17   Monsanto's promotional activities were not honest.  The remaining allegations in the second

18   sentence of paragraph 165 set forth conclusions of law for which no response is required.

19       166.    Monsanto denies the allegations in paragraph 166.

20       167.    Monsanto denies the allegations in paragraph 167, including each of its subparts.

21       168.    Monsanto denies the allegations in paragraph 168.

22       169.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23   truth of the allegations in paragraph 169 regarding plaintiff's knowledge and therefore Monsanto

24   denies those allegations.  Monsanto denies the remaining allegations in paragraph 169.

25       170.    Monsanto denies the allegations in paragraph 170.

26       In response to the "WHEREFORE" paragraph following paragraph 170, Monsanto

27   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

28

1  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

2  fees as allowed by law and such further and additional relief as this Court may deem just and

3  proper.

4       171.    Monsanto incorporates by reference its responses to paragraph 1 through

5  paragraph 170 in response to paragraph 171 of plaintiffs' Complaint.

6       172.    Monsanto denies the allegations in paragraph 172.

7       173.    Monsanto denies the allegations in paragraph 173. All labeling of Roundup®-

8  branded products has been and remains EPA-approved and in compliance with all federal

9  requirements under FIFRA.

10      174.    Monsanto denies the allegations in paragraph 174.  All labeling of Roundup®-

11 branded products has been and remains EPA-approved and in compliance with all federal

12 requirements under FIFRA.

13      175.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14 truth of the allegations in paragraph 175 regarding plaintiff's claimed use of Roundup®-branded

15 products and plaintiff's knowledge or reliance and therefore denies those allegations.  Monsanto

16 denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can

17 cause cancer or other serious illnesses.  All labeling of Roundup®-branded products has been and

18 remains EPA-approved and in compliance with all federal requirements under FIFRA.

19 Monsanto states, however, that the scientific studies upon which IARC purported to base its

20 evaluation of glyphosate were all publicly available before March 2015.  Monsanto denies the

21 remaining allegations in paragraph 175.

22      176.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23 truth of the allegations in paragraph 176 regarding plaintiff's knowledge or reliance and

24 therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 176.

25 In addition, Monsanto states that the scientific studies upon which IARC purported to base its

26 evaluation of glyphosate were all publicly available before March 2015.

27      177.    Monsanto denies the allegations in paragraph 177.

28

178.    Monsanto denies the allegations in paragraph 178.

179.    Monsanto denies the allegations in paragraph 179.

180.    Monsanto denies the allegations in paragraph 180.

In response to the "WHEREFORE" paragraph following paragraph 180, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

181.    Monsanto incorporates by reference its responses to paragraph 1 through paragraph 180 in response to paragraph 181 of plaintiffs' Complaint.

182.    The allegations in paragraph 182 set forth conclusions of law for which no response is required.

183.    Monsanto denies the allegations in paragraph 183.

184.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 184 regarding plaintiff's reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 184.

185.    The allegations in paragraph 185 set forth conclusions of law for which no response is required.

186.    The allegations in paragraph 186 set forth conclusions of law for which no response is required.

187.    Monsanto denies the allegations in paragraph 187.

188.    Monsanto denies the allegations in paragraph 188.

In response to the "WHEREFORE" paragraph following paragraph 188, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00208-VC

189.    Monsanto incorporates by reference its responses to paragraph 1 through paragraph 188 in response to paragraph 189 of plaintiffs' Complaint.

190.    The allegations in paragraph 190 set forth conclusions of law for which no response is required.

191.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations concerning plaintiff's claimed purchase of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 191 set forth conclusions of law for which no response is required.

192.    Monsanto denies the allegations in paragraph 192.

193.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 193 and therefore denies those allegations.

194.    Monsanto denies the allegations in paragraph 194.

195.    Monsanto denies the allegations in paragraph 195.

196.    Monsanto denies the allegations in paragraph 196.

In response to the "WHEREFORE" paragraph following paragraph 196, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

197.    Monsanto incorporates by reference its responses to paragraph 1 through paragraph 196 in response to paragraph 197 of plaintiffs' Complaint.

198.    The allegations in paragraph 198 set forth conclusions of law for which no response is required.

199.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations concerning plaintiff's claimed purchase of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 199 set forth a conclusion of law for which no response is required.

1    200.    Monsanto denies the allegations in paragraph 200.

2    201.    Monsanto lacks information or knowledge sufficient to form a belief as to the

3  truth of the allegations in paragraph 201 and therefore denies those allegations.

4    202.    Monsanto denies the allegations in paragraph 202.

5    203.    Monsanto denies the allegations in paragraph 203.

6    204.    Monsanto denies the allegations in paragraph 204.

7    In response to the "WHEREFORE" paragraph following paragraph 204, Monsanto

8  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

9  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

10  fees as allowed by law and such further and additional relief as this Court may deem just and

11  proper.

12    205.    Monsanto incorporates by reference its responses to paragraph 1 through

13  paragraph 204 in response to paragraph 205 of plaintiffs' Complaint.

14    206.    Monsanto denies the allegations in paragraph 206.

15    207.    Monsanto denies the allegations in paragraph 207.

16    208.    Monsanto denies the allegations in paragraph 208.

17    209.    Monsanto incorporates by reference its responses to paragraph 1 through

18  paragraph 208 in response to paragraph 209 of plaintiffs' Complaint.

19    210.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20  truth of the allegations in paragraph 210 and therefore denies those allegations.

21    211.    Monsanto denies the allegations in paragraph 211.

22    212.    Monsanto denies the allegations in paragraph 212.

23    213.    Monsanto denies the allegations in paragraph 213.

24    In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

25  denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

26  damages, interest, costs, or any other relief whatsoever.

27

28

1    Every allegation in the Complaint that is not specifically and expressly admitted in this

2    Answer is hereby specifically and expressly denied.

3    **<u>SEPARATE AND AFFIRMATIVE DEFENSES</u>**

4    1.    The Complaint, in whole or part, fails to state a claim or cause of action against

5    Monsanto upon which relief can be granted.

6    2.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically

7    reliable evidence that the products at issue were defective or unreasonably dangerous.

8    3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

9    was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

10   plaintiffs' alleged injuries.

11   4.    Plaintiffs' claims are barred, in whole or in part, because the products at issue

12   were designed, manufactured, marketed and labeled with proper warnings, information, cautions

13   and instructions, in accordance with the state of the art and the state of scientific and

14   technological knowledge.

15   5.    Plaintiffs' claims are barred, in whole or in part, because the products at issue

16   were not defective or unreasonably dangerous in that they complied with, at all relevant times,

17   all applicable government safety standards.

18   6.    Plaintiffs' claims are preempted, in whole or in part, by applicable federal law

19   relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

20   processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

21   7.    Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA

22   findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

23   product labeling.

24   8.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary

25   jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

26   9.    Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if

27   any, were the result of conduct of plaintiffs, independent third parties, and/or events that were

28

1   extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

2   independent, intervening and superseding causes of the alleged injuries, including but not limited

3   to plaintiffs' pre-existing medical conditions.

4          10.     Any claims based on allegations that Monsanto misled, defrauded, made

5   misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

6   *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

7   *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

8          11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j

9   and k, bar plaintiffs' claims against Monsanto in whole or in part.

10         12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or

11  in part.

12         13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions

13  bar plaintiffs' claims in whole or in part.

14         14.     If plaintiffs suffered injury or damages as alleged, which is denied, such injury or

15  damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither

16  liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative

17  degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that

18  are not related or connected with any product sold, distributed, or manufactured by Monsanto.

19  Such acts or omissions on the part of others or diseases or causes constitute an independent,

20  intervening and sole proximate cause of plaintiffs' alleged injury or damages.

21         15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to

22  plaintiffs by which liability could be attributed to it.

23         16.     Monsanto made no warranties of any kind or any representations of any nature

24  whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies,

25  then plaintiffs failed to give proper notice of any breach thereof.

26         17.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the

27  Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

28

18.     Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Arkansas Constitution, and/or other applicable state constitutions.

19.     Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Arkansas law and/or other applicable state laws.

20.     Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

21.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

22.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate damages.

23.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs have received and/or will receive from collateral sources.

25.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

28.     Plaintiffs have failed to allege fraud with sufficient particularity.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

1   **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2   plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and

3   such other relief as the Court deems equitable and just.

4   ### <u>JURY TRIAL DEMAND</u>

5   Monsanto demands a jury trial on all issues so triable.

6

7   DATED: February 14, 2020                Respectfully submitted,

8
                                            <u>/s/ Joe G. Hollingsworth</u>
9                                           Joe G. Hollingsworth (*pro hac vice*)
                                            (jhollingsworth@hollingsworthllp.com)
10                                          Eric G. Lasker (*pro hac vice*)
                                            (elasker@hollingsworthllp.com)
11                                          HOLLINGSWORTH LLP
                                            1350 I Street, N.W.
12                                          Washington, DC  20005
                                            Telephone:  (202) 898-5800
13                                          Facsimile:  (202) 682-1639

14                                          *Attorneys for Defendant*
                                            *MONSANTO COMPANY*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00208-VC