**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *Charles J. Faes v. Monsanto Co. and John Does 1-10* Case No. 3:20-cv-01066-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Charles Faes's Complaint ("the Complaint"), except as set forth below.  Additionally, to the extent plaintiff's allegations are directed towards both Monsanto and the collective "John Doe" co-defendants, Monsanto answers plaintiff's allegations only as to Monsanto and not as to the co-defendants.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto denies that plaintiff was injured by Roundup®-branded products and denies that it has engaged in any of the "negligent and wrongful conduct" alleged in the Complaint.  Monsanto admits that plaintiff purports to bring an action for damages allegedly

related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2. Monsanto denies the allegations in paragraph 2.

3. Monsanto denies the allegations in paragraph 3.

4. The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiff's Complaint.

5. Monsanto admits the allegations in paragraph 5.

6. The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7. The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9. Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto denies the remaining allegations in paragraph 9.

10. The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

11. Monsanto admits the allegations in paragraph 11.

12. The allegations in paragraph 12 are not directed at Monsanto and therefore no answer is required.  To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 12

13. The allegations in paragraph 13 comprise attorney characterizations and are accordingly denied.  Monsanto states that it is only answering on behalf of Monsanto and not on behalf of un-named co-defendants, including all allegations that are directed at "Defendants."

14.     In response to the allegations in paragraph 14, Monsanto admits that it sells Roundup®-branded products in New York.

15.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.

16.     The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     The allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     Monsanto admits that it is authorized to do business in New York.  The remaining allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19.     The allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     Monsanto denies the allegations in paragraph 20.

21.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 22 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

23.     Monsanto admits the allegations in paragraph 23.

24.     Monsanto admits the allegations in paragraph 24.

25.     In response to the allegations in paragraph 25, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

paragraph 25 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies those allegations.

26.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 26 comprise attorney characterizations and are accordingly denied.

27.     Monsanto admits the allegations in paragraph 27.

28.     Monsanto generally admits the allegations in paragraph 28, but denies the allegations in paragraph 28 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

29.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies those allegations.

30.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 30 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 30.

31.     In response to the allegations in paragraph 31, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

32.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 32.

33.     The allegations in paragraph 33 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 33.

- 4 -

34.     In response to the allegations in paragraph 34, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 34 set forth conclusions of law for which no response is required.

35.     The allegations in paragraph 35 set forth conclusions of law for which no response is required.

36.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of New York for sale and distribution.

37.     In response to the allegations in paragraph 37, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 37 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 37 set forth conclusions of law for which no answer is required.

38.     Monsanto denies the allegations in paragraph 38 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 38 set forth conclusions of law for which no response is required.

39.     In response to the allegations in paragraph 39 Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01066-VC

Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

posted an October 2015 final report by its standing Cancer Assessment Review Committee

("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final

Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017) https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01066-VC

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder Perspectives:  Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore denies those allegations.

40.     In response to the allegations in paragraph 40, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 40 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

41.     In response to the allegations in paragraph 41, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

42.     Monsanto denies the allegations in paragraph 42.

43.     In response to the allegations in paragraph 43, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 43 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 43.

44.     Monsanto denies the allegations in paragraph 44.

1    45.    In response to the allegations in paragraph 45, Monsanto states that the cited

2    document speaks for itself and does not require a response.  To the extent that the allegations in

3    paragraph 45 go beyond a restatement of the cited document, Monsanto lacks information or

4    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45

5    and therefore denies those allegations.

6    46.    Monsanto admits the allegations in paragraph 46.

7    47.    In response to the allegations in paragraph 47, Monsanto states that the cited the

8    document speaks for itself and does not require a response.  To the extent that the allegations in

9    paragraph 47 go beyond a restatement of the cited document, Monsanto lacks information or

10   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47

11   and therefore denies those allegations.

12   48.    Monsanto states that the term "toxic" as used in paragraph 48 is vague and

13   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

14   denies the allegations in paragraph 48.

15   49.    Monsanto admits the allegations in paragraph 49.

16   50.    In response to the allegations in paragraph 50, Monsanto states that the document

17   speaks for itself and does not require a response.  To the extent that a response is deemed

18   required, Monsanto denies the allegations in paragraph 50.

19   51.    In response to the allegations in paragraph 51, Monsanto admits that Julie Marc

20   published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

21   the extent that paragraph 51 characterizes the meaning of the cited study, Monsanto denies the

22   remaining allegations in paragraph 51.

23   52.    In response to the allegations in paragraph 52, Monsanto states that these

24   documents speak for themselves and do not require a response.  To the extent that a response is

25   deemed required, Monsanto denies the allegations in paragraph 52.

26   53.    In response to the allegations in paragraph 53, Monsanto states that the cited

27   document speaks for itself and does not require a response.  To the extent that paragraph 53

28

1   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

2   paragraph 53.

3          54.     Monsanto denies the allegations in paragraph 54.

4          55.     In response to the allegations in paragraph 55, Monsanto states that the cited

5   document speaks for itself and does not require a response.  To the extent that paragraph 55

6   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

7   paragraph 55.

8          56.     In response to the allegations in paragraph 56, Monsanto states that the cited

9   document speaks for itself and does not require a response.  To the extent that paragraph 56

10  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

11  paragraph 56.

12         57.     Monsanto denies the allegation that the cited studies support the allegation that

13  glyphosate or Roundup®-branded products pose any risk to human health and denies the

14  remaining allegations in paragraph 57.

15         58.     Monsanto denies the allegations in paragraph 58.

16         59.     Monsanto denies the allegations in paragraph 59.

17         60.     Monsanto denies the allegations in paragraph 60.

18         61.     Monsanto denies the allegations in paragraph 61.

19         62.     Monsanto admits that it has in the past promoted, and continues to promote,

20  Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

21  Monsanto denies the remaining allegations in paragraph 62.

22         63.     Monsanto admits that the International Agency for Research on Cancer ("IARC")

23  is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

24  lacks information or knowledge sufficient to form a belief as to the truth of the remaining

25  allegations in paragraph 63 and therefore denies those allegations.

26         64.     Monsanto lacks information or knowledge sufficient to form a belief as to the

27  truth of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies

28  that glyphosate met the criteria necessary to be eligible for review.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01066-VC

1    65.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 65 and therefore denies those allegations.  Monsanto denies

3    that glyphosate met the criteria necessary to be eligible for review.

4    66.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

5    carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

6    evidence was "cumulative."  The remaining allegations in paragraph 66 are vague and

7    conclusory and comprise attorney characterizations and are accordingly denied.

8    67.    Monsanto admits that the full IARC Monograph regarding glyphosate was

9    published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

10   2A carcinogen.  In response to the remaining allegations in paragraph 67, Monsanto states that

11   the document speaks for itself and does not require a response.  To the extent that a response is

12   deemed required, the remaining allegations in paragraph 67 comprise attorney characterizations

13   and are accordingly denied.

14   68.    In response to the allegations in paragraph 68, Monsanto states that the document

15   speaks for itself and does not require a response.  To the extent that a response is deemed

16   required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly

17   denied.

18   69.    In response to the allegations in paragraph 69, Monsanto states that the document

19   speaks for itself and does not require a response.  To the extent that a response is deemed

20   required, the allegations in paragraph 69 comprise attorney characterizations and are accordingly

21   denied.

22   70.    Monsanto denies the allegations in paragraph 70.

23   71.    The allegations in paragraph 71 comprise attorney characterizations and are

24   accordingly denied.

25   72.    Monsanto admits the allegations in paragraph 72.

26   73.    In response to the allegations in paragraph 73, Monsanto states that the cited

27   document speaks for itself and does not require a response.  To the extent that paragraph 73

28

- 10 -

1  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

2  paragraph 73.

3          74.     In response to the allegations in paragraph 74, Monsanto admits that certain

4  studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

5  under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

6  evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

7  animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

8  paragraph 74.

9          75.     The allegations in paragraph 75 are vague and ambiguous and are accordingly

10  denied.

11          76.     In response to the allegations in paragraph 76, Monsanto states that the cited

12  document speaks for itself and does not require a response.

13          77.     In response to the allegations in paragraph 77, Monsanto states that the cited

14  document speaks for itself and does not require a response.  To the extent that paragraph 77

15  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

16  paragraph 77.

17          78.     Monsanto denies the allegations in paragraph 78.

18          79.     In response to the allegations in paragraph 79, Monsanto states that the cited

19  document speaks for itself and does not require a response.  Monsanto otherwise denies the

20  allegations in paragraph 79.

21          80.     Monsanto admits that there is no reliable evidence that Roundup®-branded

22  products are genotoxic, and that regulatory authorities and independent experts agree that

23  Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

24  paragraph 80.

25          81.     Monsanto denies the allegations in paragraph 81.

26          82.     Monsanto denies the allegations in paragraph 82.

27          83.     Monsanto denies the allegations in paragraph 83.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01066-VC

1    84.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

2    exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 84.

3    85.    Monsanto denies the allegations in paragraph 85.

4    86.    Monsanto denies the allegations in paragraph 86.

5    87.    Monsanto admits the allegations in paragraph 87.

6    88.    Monsanto denies the allegations in paragraph 88.

7    89.    Monsanto admits the allegations in paragraph 89.

8    90.    Monsanto denies the allegations in paragraph 90.

9    91.    Monsanto denies the allegations in paragraph 91.

10   92.    Monsanto denies the allegations in paragraph 92.

11   93.    Monsanto denies the allegations in paragraph 93.

12   94.    Monsanto denies the allegations in paragraph 94.

13   95.    Monsanto denies the allegations in paragraph 95.

14   96.    Monsanto denies the allegations in paragraph 96.

15   97.    Monsanto admits that independent experts and regulatory agencies agree that

16   there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

17   products and admits that it has made statements reflecting this fact.  Monsanto denies the

18   remaining allegations in paragraph 97.

19   98.    In response to the allegations in paragraph 98, Monsanto admits that Roundup®-

20   branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

21   the products' EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

22   98.

23   99.    In response to the allegations in paragraph 99, Monsanto admits that Roundup®-

24   branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

25   the products' EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

26   99.

27   100.   In response to the allegations in paragraph 100, Monsanto admits that a 1986 joint

28   report of the World Health Organization and Food and Agriculture Organization of the United

1   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

2   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

3   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

4   carcinogen.  Monsanto denies the remaining allegations in paragraph 100.

5       101.    Monsanto denies the allegations in paragraph 101.

6       102.    Monsanto denies the allegations in paragraph 102.

7       103.    Monsanto denies the allegations in paragraph 103.

8       104.    Monsanto denies the allegations in paragraph 104.

9       105.    Monsanto denies the allegations in paragraph 105.

10      106.    Monsanto denies the allegations in paragraph 106.

11      107.    Monsanto denies the allegations in paragraph 105.

12      108.    Monsanto denies the allegations in paragraph 108.

13      109.    Monsanto denies the allegations in paragraph 109.

14      110.    Monsanto denies the allegations in paragraph 110.

15      111.    Monsanto denies the allegations in paragraph 111.

16      112.    Monsanto incorporates by reference its responses to paragraphs 1 through 111 in

17  response to paragraph 112 of plaintiff's Complaint.

18      113.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19  truth of the allegations in paragraph 113 and therefore denies those allegations

20      114.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21  truth of the allegations in paragraph 114 and therefore denies those allegations.

22      115.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in paragraph 115 and therefore denies those allegations.

24      116.    Monsanto denies the allegations in paragraph 116.

25      117.    Monsanto incorporates by reference its responses to paragraphs 1 through 116 in

26  response to paragraph 117 of plaintiff's Complaint.

27      118.    Monsanto denies the allegations in paragraph 118.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01066-VC

1   119.   Monsanto denies that exposure to Roundup®-branded products and glyphosate

2   exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in

3   paragraph 119.  Monsanto states, however, that the scientific studies upon which IARC

4   purported to base its classification were all publicly available before March 2015.

5   120.   Monsanto denies the allegations in the first and last sentences of paragraph 120.

6   The remaining allegations in paragraph 120 set forth conclusions of law for which no response is

7   required.  Monsanto states, however, that the scientific studies upon which IARC purported to

8   base its classification were all publicly available before March 2015.

9   121.   Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

10   and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

11   branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

12   which IARC purported to base its classification were all publicly available before March 2015.

13   The remaining allegations in paragraph 121 set forth conclusions of law for which no response is

14   required, consist of attorney characterizations and are accordingly denied, or comprise

15   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

16   the truth of the allegations asserted and therefore denies those allegations.

17   122.   Monsanto incorporates by reference its responses to paragraphs 1 through 121 in

18   response to paragraph 122 of plaintiff's Complaint.

19   123.   The allegations in paragraph 123 set forth conclusions of law for which no

20   response is required.

21   124.   Monsanto denies the allegations in paragraph 124.

22   125.   Monsanto denies the allegations in paragraph 125, including each of its subparts.

23   126.   Monsanto denies the allegations in paragraph 126.

24   127.   Monsanto denies the allegations in paragraph 127.

25   128.   Monsanto denies the allegations in paragraph 128, including each of its subparts.

26   129.   Monsanto denies the allegations in paragraph 129.

27   130.   Monsanto denies the allegations in paragraph 130.

28   131.   Monsanto denies the allegations in paragraph 131.

1    132.    Monsanto denies the allegations in paragraph 132.

2    133.    In response to the allegations in the first sentence of paragraph 133, Monsanto

3  demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

4  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

5  fees as allowed by law and such further and additional relief as this Court may deem just and

6  proper.  The statement in the last sentence of paragraph 133 sets forth a conclusion of law for

7  which no response is required.

8    134.    Monsanto incorporates by reference its responses to paragraphs 1 through 133 in

9  response to paragraph 134 of plaintiff's Complaint.

10    135.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11  truth of the allegations in paragraph 135 and therefore denies those allegations.

12    136.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13  truth of the allegations in paragraph 136 and therefore denies those allegations.

14    137.    Monsanto denies the allegations in paragraph 137.

15    138.    Monsanto denies the allegations in paragraph 138.

16    139.    Monsanto denies the allegations in paragraph 139.

17    140.    Monsanto denies the allegations in paragraph 140, including each of its subparts.

18    141.    Monsanto denies the allegations in paragraph 141.

19    142.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20  truth of the allegations in paragraph 142 concerning plaintiff's claimed use of or exposure to

21  Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

22  remaining allegations in paragraph 142, including that Roundup®-branded products have

23  "dangerous characteristics."

24    143.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25  truth of the allegations in paragraph 143 and therefore denies those allegations.

26    144.    Monsanto denies the allegations in paragraph 144.

27    145.    The allegations in paragraph 145 set forth conclusions of law for which no

28  response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01066-VC

146.    Monsanto denies the allegations in paragraph 146.

147.    Monsanto denies the allegations in paragraph 147.

148.    Monsanto denies the allegations in paragraph 148.

149.    Monsanto denies the allegations in paragraph 149.

150.    Monsanto denies the allegations in paragraph 150.

151.    Monsanto denies the allegations in paragraph 151.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto denies the allegations in paragraph 154.

155.    Monsanto denies the allegations in paragraph 155.

156.    In response to the allegations in the first sentence of paragraph 156, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 156 sets forth a conclusion of law for which no response is required.

157.    Monsanto incorporates by reference its responses to paragraphs 1 through 156 in response to paragraph 157 of plaintiff's Complaint.

158.    The allegations in paragraph 158 set forth conclusions of law for which no response is required.

159.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 159 and therefore denies those allegations.

160.    Monsanto denies the allegations in paragraph 160.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

161.    Monsanto denies the allegations in paragraph 161.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01066-VC

1    162.    Monsanto denies the allegations in paragraph 162.  All labeling of Roundup®-

2    branded products has been and remains EPA-approved and in compliance with all federal

3    requirements under FIFRA.

4    163.    Monsanto denies the allegations in paragraph 163.  All labeling of Roundup®-

5    branded products has been and remains EPA-approved and in compliance with all federal

6    requirements under FIFRA.

7    164.    Monsanto denies the allegations in paragraph 164.

8    165.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 165 regarding plaintiff's use history and therefore denies

10   those allegations.  Monsanto denies the remaining allegations in paragraph 165.

11   166.    The allegations in paragraph 166 set forth conclusions of law for which no

12   response is required.

13   167.    Monsanto denies the allegations in paragraph 167.

14   168.    Monsanto denies the allegations in paragraph 168.

15   169.    Monsanto denies the allegations in paragraph 169.

16   170.    Monsanto denies the allegations that Roundup®-branded products are defective

17   and accordingly denies the allegations in paragraph 170.

18   171.    The allegations in paragraph 171 set forth conclusions of law for which no

19   response is required.

20   172.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 172 and therefore denies those allegations.

22   173.    Monsanto denies the allegations in paragraph 173.

23   174.    Monsanto denies the allegations in paragraph 174.

24   175.    Monsanto denies the allegations in paragraph 175.

25   176.    Monsanto denies the allegations in paragraph 176.

26   177.    Monsanto denies the allegations in paragraph 177.

27   178.    In response to the allegations in the first sentence of paragraph 178, Monsanto

28   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of paragraph 178 sets forth a conclusion of law for which no response is required.

179.    Monsanto incorporates by reference its responses to paragraphs 1 through 178 in response to paragraph 179 of plaintiff's Complaint.

180.    Monsanto denies the allegations in paragraph 180. Additionally, the allegations in the last sentence in paragraph 180 set forth conclusions of law for which no response is required.

181.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 181 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 181 set forth conclusions of law for which no response is required.

182.    The allegations in paragraph 182 set forth conclusions of law for which no response is required.

183.    Monsanto denies the allegations in paragraph 183.

184.    The allegation in paragraph 184 regarding a purported implied warranty sets forth a conclusion of law for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 184 and therefore denies those allegations.

185.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 185 and therefore denies the allegations in paragraph 185.

186.    Monsanto denies the allegations in paragraph 186.

187.    Monsanto denies the allegations in paragraph 187.

188.    Monsanto denies the allegations in paragraph 188.

189.    In response to the allegations in the first sentence of paragraph 189, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01066-VC

1    fees as allowed by law and such further and additional relief as this Court may deem just and

2    proper.  The statement in the last sentence of paragraph 189 sets forth a conclusion of law for

3    which no response is required.

4          190.    Monsanto incorporates by reference its responses to paragraphs 1 through 189 in

5    response to paragraph 190 of plaintiff's Complaint.

6          191.    Monsanto admits that plaintiff purports to bring certain claims alleged in

7    paragraph 191 of the Complaint but denies any liability as to those claims.

8          192.    Monsanto denies the allegations in paragraph 192.

9          193.    Monsanto denies the allegations in paragraph 193.

10         194.    Monsanto denies the allegations in paragraph 194.

11         195.    Monsanto denies the allegations in paragraph 195.

12         196.    Monsanto denies the allegations in paragraph 196.

13         197.    Monsanto denies the allegations in paragraph 197.

14         198.    Monsanto denies the allegations in paragraph 198.

15         199.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 199 regarding plaintiff's actions, and therefore Monsanto

17   denies those allegations.  Monsanto denies the remaining allegations in paragraph 199.

18         200.    Monsanto denies the allegations in paragraph 200.

19         201.    Monsanto denies the allegations in paragraph 201.  All labeling of Roundup®-

20   branded products has been and remains EPA-approved and in compliance with all federal

21   requirements under FIFRA.

22         202.    Monsanto denies the allegations in paragraph 202.

23         203.    In response to the allegations in the first sentence of paragraph 203, Monsanto

24   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

25   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

26   fees as allowed by law and such further and additional relief as this Court may deem just and

27   proper.  The statement in the last sentence of paragraph 203 sets forth a conclusion of law for

28   which no response is required.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6. Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

- 20 -

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

1    17.    Plaintiff's claims are preempted or otherwise barred in whole or in part by the

2    Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

3    18.    Plaintiff's claims for punitive and/or exemplary damages are barred because such

4    an award would violate Monsanto's due process, equal protection and other rights under the

5    United States Constitution, the California Constitution, the New York Constitution, and/or other

6    applicable state constitutions.

7    19.    Plaintiff's claims for punitive and/or exemplary damages are barred because

8    plaintiff has failed to allege conduct warranting imposition of such damages under California

9    law, New York law and/or other applicable state laws.

10    20.    Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited

11    by operation of state and/or federal law..

12    21.    Plaintiff's claims are barred in whole or in part by plaintiff's own

13    contributory/comparative negligence.

14    22.    Plaintiff's claims are barred in whole or in part by plaintiff's own failure to

15    mitigate damages.

16    23.    Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

17    24.    To the extent that plaintiff recovered payments for their alleged injuries from any

18    collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced

19    to the extent allowed by applicable law, including as allowed for under NY CPLR § 4545.

20    25.    If plaintiff has been injured or damaged, no injury or damages being admitted,

21    such injuries were not caused by a Monsanto product.

22    26.    Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims

23    that are governed by the laws of a state that does not recognize, or limits, such claims.

24    27.    Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws

25    of states that do not govern plaintiff's claims.

26    28.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

27    may become available or apparent during the course of discovery and thus reserves its right to

28    amend this Answer to assert such defenses.

1    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2   plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

3   other relief as the Court deems equitable and just.

4                                   **<u>JURY TRIAL DEMAND</u>**

5         Monsanto demands a jury trial on all issues so triable.

6

7   DATED:  February 19, 2020                    Respectfully submitted,

8

                                                 /s/ Joe G. Hollingsworth
9                                                Joe G. Hollingsworth (*pro hac vice*)
                                                 (jhollingsworth@hollingsworthllp.com)
10                                               Eric G. Lasker (*pro hac vice*)
                                                 (elasker@hollingsworthllp.com)
11                                               HOLLINGSWORTH LLP
                                                 1350 I Street, N.W.
12                                               Washington, DC  20005
                                                 Telephone:  (202) 898-5800
13                                               Facsimile:   (202) 682-1639

14                                               *Attorneys for Defendant*
                                                 *MONSANTO COMPANY*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01066-VC