**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
                elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Katherine McBride and husband Craig Sanslow v. Monsanto Co.*,<br>Case No. 3:20-cv-00622-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs Katherine McBride and Craig Sanslow's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 4.

5.      Monsanto denies the allegations in paragraph 5.

6.       Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies those allegations.

7.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

10.      Monsanto admits the allegations in paragraph 10.

11.      In response to the allegations in paragraph 11, Monsanto admits that it is a corporation organized under the laws of the State of Delaware and that its principal place of business is in St. Louis County, Missouri.

12.      In response to the allegations in paragraph 12, Monsanto admits that it sells Roundup®-branded products in Tennessee.

13.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.      The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.      The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.      Monsanto admits the allegations in paragraph 16.

17. Monsanto admits that it is authorized to do business in Tennessee. The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18. The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19. The allegations in the first sentence of paragraph 19 set forth conclusions of law for which no response is required. Monsanto denies the allegations in the second sentence of paragraph 20. The allegations in the last sentence of paragraph 19 are not directed at Monsanto and therefore no answer is required.

20. Monsanto denies the allegations in paragraph 20.

21. The allegations in paragraph 21 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 21 based upon the allegations in plaintiffs' Complaint.

22. Monsanto admits the allegations in paragraph 22.

23. The allegations in paragraph 23 set forth conclusions of law for which no response is required.

24. In response to the allegations in paragraph 24, Monsanto denies any "omissions" and certain events giving rise to plaintiffs' claim. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where plaintiffs resides and where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations. The remaining allegations in paragraph 24 set forth conclusions of law for which no response is required.

25. Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products. The remaining allegations in paragraph 25 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00622-VC

1  26.     Monsanto admits that it is an agricultural biotechnology corporation with its

2 principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its

3 affiliated companies have operations and offices in countries around the world.

4  27.     Monsanto admits the allegations in paragraph 27.

5  28.     Monsanto admits the allegations in paragraph 28.

6  29.     In response to the allegations in paragraph 29, Monsanto admits that glyphosate is

7 an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

8 paragraph 29 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

9 to form a belief as to the truth of the remaining allegations in paragraph 29 and therefore denies

10 those allegations.

11  30.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

12 The remaining allegations in paragraph 30 comprise attorney characterizations and are

13 accordingly denied.

14  31.     Monsanto admits the allegations in paragraph 31.

15  32.     Monsanto generally admits the allegations in paragraph 32, but denies the

16 allegations in paragraph 32 to the extent that they suggest that glyphosate is present in any plants

17 at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

18 the United States Environmental Protection Agency ("EPA").

19  33.     Monsanto lacks information or knowledge sufficient to form a belief as to the

20 truth of the allegations in paragraph 33 and therefore denies those allegations.

21  34.     Monsanto admits that it is the leading producer of seeds that contain the Roundup

22 Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

23 farmer's ability to control weeds.  Monsanto denies the remaining allegations in paragraph 34.

24  35.     Monsanto admits that it is the leading producer of seeds that contain the Roundup

25 Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

26 farmer's ability to control weeds.  Monsanto denies the remaining allegations in paragraph 35.

27

28

36.     Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in paragraph 36 and therefore denies those allegations.

37.     Monsanto admits the allegations in paragraph 37.

38.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 38.

39.     The allegations in paragraph 39 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 39.

40.     In response to the allegations in paragraph 40, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 40 set forth conclusions of law for which no response is required.

41.     The allegations in paragraph 41 set forth conclusions of law for which no response is required.

42.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the States of Tennessee for sale and distribution.

43.     In response to the allegations in paragraph 43, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 43 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 43 set forth conclusions of law for which no answer is required.

1

44.      Monsanto denies the allegations in paragraph 44 to the extent that they suggest

2

that EPA only evaluates the safety of pesticide products on the date of their initial registration.

3

Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

4

products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

5

of the allegations in paragraph 44 regarding such pesticide products generally and therefore

6

denies those allegations.  The remaining allegations in paragraph 44 set forth conclusions of law

7

for which no response is required.

8

45.      In response to the allegations in paragraph 45, Monsanto admits that EPA has

9

undertaken a regulatory review of glyphosate and further admits that EPA has not released its

10

findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

11

Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

12

concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

13

humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

14

posted an October 2015 final report by its standing Cancer Assessment Review Committee

15

("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

16

to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

17

issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

18

the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

19

humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final

20

Report discussed above, other specific findings of safety include:

21

22

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

23

24

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

25

26

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00622-VC

- • "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- • "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- • "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- • "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- • "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- • "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement")

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies those allegations.

46.       In response to the allegations in paragraph 46, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 46 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

47.       In response to the allegations in paragraph 47, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for

1    itself and thus does not require any further answer.  The remaining allegations in paragraph 47

2    are vague and conclusory and comprise attorney characterizations and are accordingly denied.

3         48.    Monsanto denies the allegations in paragraph 48.

4         49.    In response to the allegations in paragraph 49, Monsanto admits that the French

5    court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

6    that it "left the soil clean," but denies the allegations in paragraph 49 to the extent that they

7    suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

8    cancer.  Monsanto denies the remaining allegations in paragraph 49.

9         50.    Monsanto denies the allegations in paragraph 50.

10        51.    In response to the allegations in paragraph 51, Monsanto states that the cited

11   document speaks for itself and does not require a response.  To the extent that the allegations in

12   paragraph 51go beyond a restatement of the cited document, Monsanto lacks information or

13   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 51

14   and therefore denies those allegations.

15        52.    Monsanto admits the allegations in paragraph 52.

16        53.    In response to the allegations in paragraph 53, Monsanto states that the cited

17   document speaks for itself and does not require a response.  To the extent that the allegations in

18   paragraph 53 go beyond a restatement of the cited document, Monsanto lacks information or

19   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 53

20   and therefore denies those allegations.

21        54.    Monsanto states that the term "toxic" as used in paragraph 54 is vague and

22   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

23   denies the allegations in paragraph 54.

24        55.    Monsanto admits the allegations in paragraph 55.

25        56.    In response to the allegations in paragraph 56, Monsanto states that the document

26   speaks for itself and does not require a response.  To the extent that a response is deemed

27   required, Monsanto denies the allegations in paragraph 56.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00622-VC

57.     In response to the allegations in paragraph 57, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 57 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 59 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60.

61.     In response to the allegations in paragraph 61, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 61 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 61.

62.     In response to the allegations in paragraph 62, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 62 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 62.

63.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 63.

64.     Monsanto denies the allegations in paragraph 64.

65.     Monsanto denies the allegations in paragraph 65.

66.     Monsanto denies the allegations in paragraph 66.

67.     Monsanto denies the allegations in paragraph 67.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00622-VC

1          68.     Monsanto admits that it has in the past promoted, and continues to promote,

2   Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

3   Monsanto denies the remaining allegations in paragraph 68.

4          69.     Monsanto admits that the International Agency for Research on Cancer ("IARC")

5   is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

6   lacks information or knowledge sufficient to form a belief as to the truth of the remaining

7   allegations in paragraph 69 and therefore denies those allegations.

8          70.     Monsanto lacks information or knowledge sufficient to form a belief as to the

9   truth of the allegations in paragraph 70 and therefore denies those allegations.  Monsanto denies

10   that glyphosate met the criteria necessary to be eligible for review.

11          71.     Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations in paragraph 71 and therefore denies those allegations.  Monsanto denies

13   that glyphosate met the criteria necessary to be eligible for review.

14          72.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

15   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

16   evidence was "cumulative."  The remaining allegations in paragraph 72 are vague and

17   conclusory and comprise attorney characterizations and are accordingly denied.

18          73.     Monsanto admits that the full IARC Monograph regarding glyphosate was

19   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

20   2A carcinogen.  In response to the remaining allegations in paragraph 73, Monsanto states that

21   the document speaks for itself and does not require a response.  To the extent that a response is

22   deemed required, the remaining allegations in paragraph 73 comprise attorney characterizations

23   and are accordingly denied.

24          74.     In response to the allegations in paragraph 74, Monsanto states that the document

25   speaks for itself and does not require a response.  To the extent that a response is deemed

26   required, the allegations in paragraph 74 comprise attorney characterizations and are accordingly

27   denied.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00622-VC

1

75.     In response to the allegations in paragraph 75, Monsanto states that the document

2   speaks for itself and does not require a response.  To the extent that a response is deemed

3   required, the allegations in paragraph 75 comprise attorney characterizations and are accordingly

4   denied.

5          76.     Monsanto denies the allegations in paragraph 76.

6          77.     The allegations in paragraph 77 comprise attorney characterizations and are

7   accordingly denied.

8          78.     Monsanto admits the allegations in paragraph 78.

9          79.     In response to the allegations in paragraph 79, Monsanto states that the cited

10   document speaks for itself and does not require a response.  To the extent that paragraph 79

11   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

12   paragraph 79.

13          80.     In response to the allegations in paragraph 80, Monsanto admits that certain

14   studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

15   under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

16   evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

17   animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

18   paragraph 80.

19          81.     The allegations in paragraph 81 are vague and ambiguous and are accordingly

20   denied.

21          82.     In response to the allegations in paragraph 82, Monsanto states that the cited

22   document speaks for itself and does not require a response.

23          83.     In response to the allegations in paragraph 83, Monsanto states that the cited

24   document speaks for itself and does not require a response.  To the extent that paragraph 83

25   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

26   paragraph 83.

27          84.     Monsanto denies the allegations in paragraph 84.

28

- 11 -

85.     In response to the allegations in paragraph 85, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 85.

86.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto admits the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto admits the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto denies the allegations in paragraph 99.

100.    Monsanto denies the allegations in paragraph 100.

101.    Monsanto denies the allegations in paragraph 101.

102.    Monsanto denies the allegations in paragraph 102.

103.    In response to the allegations in paragraph 103, Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 103.

1    104.    In response to the allegations in paragraph 104, Monsanto admits that Roundup®-

2    branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

3    the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

4    104.

5    105.    In response to the allegations in paragraph 105, Monsanto admits that it has stated

6    and continues to state that Roundup®-branded products are safe when used as labeled and that

7    they are non-carcinogenic and non-genotoxic.

8    106.    In response to the allegations in paragraph 106, Monsanto admits that a 1986 joint

9    report of the World Health Organization and Food and Agriculture Organization of the United

10   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

11   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

12   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

13   carcinogen.  Monsanto denies the remaining allegations in paragraph 106.

14   107.    Monsanto denies the allegations in paragraph 107.

15   108.    Monsanto denies the allegations in paragraph 108.

16   109.    Monsanto denies the allegations in paragraph 109.

17   110.    Monsanto denies the allegations in paragraph 110.

18   111.    Monsanto denies the allegations in paragraph 111.

19   112.    Monsanto denies the allegations in paragraph 112.

20   113.    Monsanto denies the allegations in paragraph 113.

21   114.    Monsanto denies the allegations in paragraph 114.

22   115.    Monsanto denies the allegations in paragraph 115.

23   116.    Monsanto denies the allegations in paragraph 116.

24   117.    Monsanto denies the allegations in paragraph 117.

25   118.    Monsanto incorporates by reference its responses to paragraphs 1 through 117 in

26   response to paragraph 118 of plaintiffs' Complaint.

27   119.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28   truth of the allegations in paragraph 119 and therefore denies those allegations.

1    120.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 120 and therefore denies those allegations.

3    121.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 121 and therefore denies those allegations.

5    122.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in paragraph 122 and therefore denies those allegations.

7    123.    Monsanto denies the allegations in paragraph 123.

8    124.    Monsanto denies the allegations in paragraph 124.

9    125.    Monsanto incorporates by reference its responses to paragraphs 1 through 124 in

10   response to paragraph 125 of plaintiffs' Complaint.

11   126.    In response to the allegations in paragraph 126, Monsanto denies that there is any

12   risk of serious illness associated with the use of and/or exposure to Roundup®-branded products

13   and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human

14   health.  Monsanto states, however, that the scientific studies upon which IARC purported to base

15   its classification were all publicly available before March 2015.

16   127.    In response to the allegations in paragraph 127, Monsanto denies that exposure to

17   Roundup®-branded products and glyphosate is injurious to human health.  Monsanto states,

18   however, that the scientific studies upon which IARC purported to base its cancer classification

19   for glyphosate were all publicly available before March 2015.  The remaining allegations in

20   paragraph 127 set forth conclusions of law for which no response is required.

21   128.    In response to the allegations in paragraph 128, Monsanto denies that there is any

22   risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-

23   branded products and glyphosate.  Monsanto states, however, that the scientific studies upon

24   which IARC purported to base its cancer classification for glyphosate were all publicly available

25   before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to

26   the truth of the remaining allegations in paragraph 128 and therefore denies those allegations.

27   129.    The allegations in paragraph 129 set forth conclusions of law for which no

28   response is required.  To the extent that a response is deemed required, Monsanto denies the

- 14 -

1    allegations in paragraph 129.  Monsanto states that the scientific studies upon which IARC

2    purported to base its cancer classification for glyphosate were all publicly available before

3    March 2015.

4           130.    Monsanto denies the allegations in paragraph 130.

5           131.    Monsanto denies the allegations in paragraph 131.

6           132.    In response to the allegations in paragraph 132, Monsanto admits that it has stated

7    and continues to state that Roundup®-branded products are safe when used as labeled and that

8    they are non-toxic and non-carcinogenic.

9           133.    In response to the allegations in paragraph 133, Monsanto states that the cited

10   document speaks for itself and does not require a response.

11          134.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

12   exposed plaintiffs to risk of her alleged cancer and denies the remaining allegations in paragraph

13   134.  Monsanto states, however, that the scientific studies upon which IARC purported to base

14   its classification were all publicly available before March 2015.

15          135.    Monsanto denies the allegations in paragraph 135.

16          136.    The allegations in paragraph 136 set forth conclusions of law for which no

17   response is required.  Monsanto states, however, that the scientific studies upon which IARC

18   purported to base its classification were all publicly available before March 2015.

19          137.    Monsanto denies the allegations in paragraph 137.

20          138.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

21   and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

22   branded products can cause cancer.  .

23          139.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

24   and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

25   branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

26   which IARC purported to base its classification were all publicly available before March 2015.

27          140.    The allegations in paragraph 140 set forth conclusions of law for which no

28   response is required, consist of attorney characterizations and are accordingly denied, or

comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

141.     Monsanto incorporates by reference its responses to paragraphs 1 through 140 in response to paragraph 141 of plaintiffs' Complaint.

142.     The allegations in paragraph 142 set forth conclusions of law for which no response is required.

143.     Monsanto denies the allegations in paragraph 143.

144.     Monsanto denies the allegations in paragraph 144, including each of its subparts.

145.     Monsanto denies the allegations in paragraph 145.

146.     Monsanto denies the allegations in paragraph 146.

147.     Monsanto denies the allegations in paragraph 147, including each of its subparts.

148.     Monsanto denies the allegations in paragraph 148.

149.     Monsanto denies the allegations in paragraph 149.

150.     Monsanto denies the allegations in paragraph 150.

151.     Monsanto denies the allegations in paragraph 151.

152.     Monsanto denies the allegations in paragraph 152.

153.     In response to the allegations in the first sentence of paragraph 153, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 153 sets forth a conclusion of law for which no response is required.

154.     Monsanto incorporates by reference its responses to paragraphs 1 through 153 in response to paragraph 154 of plaintiffs' Complaint.

155.     Monsanto denies the allegations in paragraph 155.

156.     In response to the allegations in paragraph 156, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiffs used or were

1    exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies

2    the remaining allegations in paragraph 156.

3           157.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 157 and therefore denies those allegations.

5           158.    Monsanto denies the allegations in paragraph 158.

6           159.    Monsanto denies the allegations in paragraph 159.

7           160.    Monsanto denies the allegations in paragraph 160.

8           161.    Monsanto denies the allegations in paragraph 161, including each of its subparts.

9           162.    Monsanto denies the allegations in paragraph 162.

10          163.    Monsanto denies that Roundup®-branded products have "dangerous

11   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the remaining allegations in paragraph 163 and therefore denies those allegations.

13          164.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations in paragraph 164 and therefore denies those allegations.

15          165.    Monsanto denies the allegations in paragraph 165.

16          166.    The allegations in paragraph 166 set forth conclusions of law for which no

17   response is required.

18          167.    Monsanto denies the allegations in paragraph 167.

19          168.    Monsanto denies the allegations in paragraph 168.

20          169.    Monsanto denies the allegations in paragraph 169.

21          170.    Monsanto denies the allegations in paragraph 170.

22          171.    Monsanto denies the allegations in paragraph 171.

23          172.    Monsanto denies the allegations in paragraph 172.

24          173.    Monsanto denies the allegations in paragraph 173.

25          174.    Monsanto denies the allegations in paragraph 174.

26          175.    Monsanto denies the allegations in paragraph 175.

27          176.    Monsanto denies the allegations in paragraph 176.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00622-VC

177.     In response to the allegations in the first sentence of paragraph 177, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 177 sets forth a conclusion of law for which no response is required

178.     Monsanto incorporates by reference its responses to paragraphs 1 through 177 in response to paragraph 178 of plaintiffs' Complaint.

179.     Monsanto denies the allegations in paragraph 179.  Monsanto states that all labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

180.     The allegations in paragraph 180 set forth conclusions of law for which no response is required.

181.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 181and therefore denies those allegations.

182.     Monsanto denies the allegations in paragraph 182.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

183.     Monsanto denies the allegations in paragraph 183.

184.     Monsanto denies the allegations in paragraph 184.

185.     Monsanto denies the allegations in paragraph 185.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

186.     Monsanto denies the allegations in paragraph 186.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

187.     Monsanto denies the allegations in paragraph 187.

188.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiffs' use history in paragraph 188 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 188.

189.     The allegations in paragraph 189 set forth conclusions of law for which no response is required.

190.     Monsanto denies the allegations in paragraph 190.

191.     Monsanto denies the allegations in paragraph 191.

192.     Monsanto denies the allegations in paragraph 192.

193.     Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 193.

194.     The allegations in paragraph 194 set forth conclusions of law for which no response is required.

195.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 195 and therefore denies those allegations.

196.     Monsanto denies the allegations in paragraph 196.

197.     Monsanto denies the allegations in paragraph 197.

198.     Monsanto denies the allegations in paragraph 198.

199.     Monsanto denies the allegations in paragraph 199.

200.     Monsanto denies the allegations in paragraph 200.

201.     In response to the allegations in the first sentence of paragraph 201, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 201 sets forth a conclusion of law for which no response is required

202.     Monsanto incorporates by reference its responses to paragraphs 1 through 201 in response to paragraph 202 of plaintiffs' Complaint.

1    203.    The allegations in paragraph 203 set forth conclusions of law for which no

2    response is required.

3    204.    Monsanto denies the allegations in paragraph 204.  Monsanto states that all

4    labeling of Roundup®-branded products has been and remains EPA-approved and in compliance

5    with all federal requirements under FIFRA.

6    205.    Monsanto lacks information or knowledge sufficient to form a belief regarding

7    plaintiffs' claimed selection or use of Roundup®-branded products and therefore denies those

8    allegations.  The remaining allegations in paragraph 205 set forth conclusions of law for which

9    no response is required.

10   206.    The allegations in the first sentence of paragraph 206 set forth conclusions of law

11   for which no response is required.  Monsanto denies the remaining allegations in paragraph 206,

12   including that Roundup®-branded products are "dangerous products."

13   207.    Monsanto denies the allegations in paragraph 207.

14   208.    Monsanto denies the allegations in paragraph 208.

15   209.    Monsanto denies the allegations in paragraph 209.

16   210.    Monsanto denies the allegations in paragraph 210.

17   211.    Monsanto denies the allegations in paragraph 211.

18   212.    Monsanto denies the allegations in paragraph 212.

19   213.    Monsanto denies the allegations in paragraph 213.

20   214.    Monsanto denies the allegations in paragraph 214.

21   215.    Monsanto denies the allegations in paragraph 215.

22   216.    In response to the allegations in paragraph 216, Monsanto demands that judgment

23   be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with

24   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

25   by law and such further and additional relief as this Court may deem just and proper.

26   217.    Monsanto incorporates by reference its responses to paragraphs 1 through 216 in

27   response to paragraph 217 of plaintiffs' Complaint.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00622-VC

1    218.    Monsanto denies the allegations in paragraph 218.  Additionally, the allegations

2    in the last sentence in paragraph 218 set forth conclusions of law for which no response is

3    required.

4    219.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5    truth of the allegations in paragraph 219 concerning the plaintiffs' claimed use of Roundup®-

6    branded products and therefore denies those allegations.  The remaining allegations in paragraph

7    219 set forth conclusions of law for which no response is required.

8    220.    The allegations in paragraph 220 set forth conclusions of law for which no

9    response is required.

10   221.    Monsanto denies the allegations in paragraph 221.

11   222.    The allegation in paragraph 222 regarding a purported implied warranty sets forth

12   a conclusion of law for which no response is required.  Monsanto lacks information or

13   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

14   222 and therefore denies those allegations.

15   223.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 223 concerning the condition of any Roundup®-branded

17   product allegedly used by plaintiffs or about plaintiffs' alleged uses of such product and

18   therefore denies the allegations in paragraph 223.

19   224.    Monsanto denies the allegations in paragraph 224.

20   225.    Monsanto denies the allegations in paragraph 225.

21   226.    Monsanto denies the allegations in paragraph 226.

22   227.    In response to the allegations in paragraph 227, Monsanto demands that judgment

23   be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with

24   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

25   by law and such further and additional relief as this Court may deem just and proper.

26   228.    Monsanto incorporates by reference its responses to paragraphs 1 through 227 in

27   response to paragraph 228 of plaintiffs' Complaint.

28   229.    Monsanto denies the allegations in paragraph 229.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00622-VC

1    230.    Monsanto denies the allegations in paragraph 230.

2    231.    Monsanto denies the allegations in paragraph 231.

3    232.    Monsanto denies the allegations in paragraph 232.

4    In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

5    denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

6    damages, interest, costs, or any other relief whatsoever.

7    Every allegation in the Complaint that is not specifically and expressly admitted in this

8    Answer is hereby specifically and expressly denied.

9    **SEPARATE AND AFFIRMATIVE DEFENSES**

10    1.    The Complaint, in whole or part, fails to state a claim or cause of action upon

11    which relief can be granted.

12    2.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically

13    reliable evidence that the products at issue were defective or unreasonably dangerous.

14    3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

15    was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

16    plaintiffs' alleged injuries.

17    4.    Plaintiffs' claims are barred, in whole or in part, because the products at issue

18    were designed, manufactured, marketed and labeled with proper warnings, information, cautions

19    and instructions, in accordance with the state of the art and the state of scientific and

20    technological knowledge.

21    5.    Plaintiffs' claims are barred, in whole or in part, because the products at issue

22    were not defective or unreasonably dangerous in that they complied with, at all relevant times,

23    all applicable government safety standards.

24    6.    Any claims based on allegations that Monsanto misled, defrauded, made

25    misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

26    *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

27    *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00622-VC

7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.     Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

1    16.    Monsanto made no warranties of any kind or any representations of any nature

2  whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies,

3  then plaintiffs failed to give notice of any breach thereof.

4    17.    Plaintiffs' claims are preempted or otherwise barred in whole or in part by the

5  Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

6    18.    Plaintiffs' claims for punitive and/or exemplary damages are barred because such

7  an award would violate Monsanto's due process, equal protection and other rights under the

8  United States Constitution, the Tennessee Constitution and/or other applicable state

9  constitutions.

10    19.    Plaintiffs' claims for punitive and/or exemplary damages are barred because

11  plaintiffs have failed to allege conduct warranting imposition of such damages under Tennessee

12  law and/or other applicable state laws.

13    20.    Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited

14  by operation of state and/or federal law, including Tenn. Code Ann. § 29-39-104.

15    21.    Plaintiffs' common law claims are barred, in whole or in part, by application of

16  Tenn. Code Ann. § 29-28-102(6), *et seq.*

17    22.    Plaintiffs' claims are barred in whole or in part by plaintiffs' own

18  contributory/comparative negligence.

19    23.    Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to

20  mitigate damages.

21    24.    Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

22    25.    To the extent that plaintiffs recovered payments for his alleged injuries from any

23  collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced

24  to the extent allowed by applicable law.

25    26.    If plaintiffs have been injured or damaged, no injury or damages being admitted,

26  such injuries were not caused by a Monsanto product.

27    27.    Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws

28  of states that do not govern plaintiffs' claims.

1    28.    Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims

2  that are governed by the laws of a state that does not recognize, or limits, such claims.

3    29.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

4  may become available or apparent during the course of discovery and thus reserves its right to

5  amend this Answer to assert such defenses.

6    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

7  plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and

8  such other relief as the Court deems equitable and just.

9                          <u>**JURY TRIAL DEMAND**</u>

10    Monsanto demands a jury trial on all issues so triable.

11

12  DATED:  February 20, 2020                    Respectfully submitted,

13

14                                <u>/s/ Joe G. Hollingsworth</u>
                                  Joe G. Hollingsworth (*pro hac vice*)
15                                (jhollingsworth@hollingsworthllp.com)
                                  Eric G. Lasker (*pro hac vice*)
16                                (elasker@hollingsworthllp.com)
                                  HOLLINGSWORTH LLP
17                                1350 I Street, N.W.
                                  Washington, DC  20005
18                                Telephone:  (202) 898-5800
                                  Facsimile:   (202) 682-1639
19
                                  *Attorneys for Defendant*
20                                *MONSANTO COMPANY*

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00622-VC