**WILKINSON WALSH LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax: 202-942-5999

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax: 202-682-1639

**SHOOK, HARDY & BACON LLP**
Thomas J. Dammrich II (*pro hac vice*)
(tdammrich@shb.com)
111 S. Wacker Drive, Suite 4700
Chicago, IL 60606-4314
Tel: 312-704-7700
Fax: 312-558-1195

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: | **DEFENDANT MONSANTO COMPANY'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND** |
| *Robert Rawson v. Bayer Corporation, et al.* Case No. 3:19-cv-08312-VC | |
| | Date:         March 26, 2020 |
| | Time:         10:00 a.m. |
| | Courtroom:  4 |

     Pursuant to Civil L.R. 7-3(d), Monsanto Company ("Monsanto") seeks leave to file a short sur-reply to Plaintiff's Reply in Support of Motion to Remand ("Plaintiff's Reply"), ECF No. 22. The Court should grant this motion because Plaintiff's Reply improperly makes new arguments – arguments not asserted in Plaintiff's Motion to Remand – that are misleading and incorrect.

     ***First***, Plaintiff criticizes Monsanto for "improper[ly]" submitting a declaration from co-defendant Duke's Hardware, Inc., but Plaintiff's contention that "one party cannot make factual statements on behalf of another [party]," Plaintiff's Reply at 3, lacks merit and mischaracterizes the holding of the sole case cited by Plaintiff, *see Local Union No. 172, Int'l Ass'n of Bridge, Structural Ornamental and Reinforcing Ironworkers v. P.J. Dick, Inc.*, 253 F. Supp. 2d 1022 (S.D. Ohio 2003). That case stands for an entirely different proposition of law – that an attorney representing a removing defendant is not permitted to state that another defendant not represented by that attorney consents to removal. *See id.* at 1026. The *Local Union No. 172* case is inapposite and does not support Plaintiff's argument because Monsanto has never contended that Duke's Hardware, Inc. consents to this removal. Instead, Monsanto repeatedly has stated that consent from Duke's Hardware, Inc. is not required because Plaintiff fraudulently joined that defendant.

     ***Second***, Plaintiff now contends that remand is required because Duke's Hardware, Inc. "should be estopped from denying ownership" of the Palos Hills hardware store that allegedly sold Roundup®-branded herbicides to him, Plaintiff's Reply at 6, but this argument also misses the mark. Plaintiff does not cite any case law that supports his novel argument that one defendant's removal of a lawsuit can be defeated because a separate, fraudulently joined defendant is estopped from presenting facts to a court that establish fraudulent joinder. Plaintiff seems to prefer that this Court decide the remand issue based on his misleading, incorrect ***allegations***, but the Court should base its ruling on ***evidence*** – namely, the correct set of facts presented in Duke's Hardware, Inc.'s interrogatory responses and declarations.[1]

---

[1] Plaintiff asserts that Duke's Hardware, Inc.'s President provided "several affidavits to explain the corporate structure and shell game underlying how [Duke's Hardware, Inc.] purportedly does not own the company in question that was sued for selling, promoting, and distributing Roundup to Plaintiff," Plaintiff's Reply at 1, but that argument is incorrect in several respects. Only two declarations have been submitted in this case, and the second one was needed only because Plaintiff made incorrect, misleading arguments in his remand motion. Nor is there any "shell game" here.

MONSANTO'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PL.'S REPLY ISO MOTION TO REMAND
3:16-md-02741-VC & 3:19-cv-08312-VC

*Finally*, Plaintiff now claims that this case involves "'[m]isnomer of a party,'" which "'is not a ground for dismissal'" because "the name of any party" can simply be corrected under Illinois law "'at any time before or after judgment, on motion, upon any terms of proof that the court requires,'" Plaintiff's Reply at 7 (quoting 735 Ill. Comp. Stat. 5/2-401(b)), but this argument also lacks merit.  Here, Plaintiff did not sue and serve the ***right party using a slightly incorrect name***, as occurred in the "misnomer" case cited by Plaintiff, *see Borg v. Chicago Zoological Society*, 628 N.E.2d 306 (Ill. App. Ct. 1993).  Instead, Plaintiff sued and served the ***wrong party***.  As established by interrogatory responses and declarations – all of which remain uncontradicted by any evidence – Duke's Hardware, Inc. has never owned or operated the Palos Hills store at issue here.  Moreover, Plaintiff's reliance on an Illinois civil procedure provision is misplaced in this post-removal context.  If Plaintiff were to try to name the corporation that has owned and operated the Palos Hills store as a defendant now, he would have to seek leave of this Court to add a defendant by filing a motion for leave to amend pursuant to 28 U.S.C. § 1447(e), which would require him to satisfy a more demanding burden than the permissive standard (leave to amend should be freely granted) that applies when a plaintiff seeks leave to amend based on Rule 15(a)(2) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Greer v. Lockheed Martin*, No. CV 10-1704 JF (HRL), 2010 WL 3168408, at *3-4 (N.D. Cal. Aug. 10, 2010) (citing cases); *Murphy v. American General Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015) (distinguishing between Rule 15(a)(2) standard and Section 1447(e) standard).

In conclusion, the Court should grant leave for Monsanto to file a sur-reply to ensure that: (a) Monsanto is not prejudiced by Plaintiff's improper sandbagging; and (b) the Court is not misled by arguments presented for the first time in Plaintiff's Reply.

---

As established in prior submissions, there are two hardware stores in the Chicagoland area called Duke's Ace Hardware, and each store is owned by a different corporation.  Moreover, the point of Monsanto's removal argument is not that Duke's Hardware, Inc. does not own "the ***company*** in question," Plaintiff's Reply at 1 (emphasis added).  The point is that Duke's Hardware, Inc. has never owned or operated the ***store*** in question (*i.e.*, the Palos Hills store where Plaintiff claims that he purchased Roundup®-branded herbicides).

- 2 -

MONSANTO'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PL.'S REPLY ISO MOTION TO REMAND
3:16-md-02741-VC & 3:19-cv-08312-VC

| | |
|---|---|
| DATED:  February 24, 2020 | Respectfully submitted, |
| | /s/ Eric G. Lasker |
| William Hoffman (*pro hac vice*) | Eric G. Lasker (*pro hac vice*) |
| (william.hoffman@arnoldporter.com) | (elasker@hollingsworthllp.com) |
| Daniel S. Pariser (*pro hac vice*) | Martin C. Calhoun (*pro hac vice*) |
| (daniel.pariser@arnoldporter.com) | (mcalhoun@hollingsworthllp.com) |
| ARNOLD & PORTER KAYE SCHOLER LLP | HOLLINGSWORTH LLP |
| 601 Massachusetts Avenue, NW | 1350 I Street, NW |
| Washington, DC 20001 | Washington, DC 20005 |
| Tel:  202-942-5000 | Tel:  202-898-5843 |
| Fax: 202-942-5999 | Fax: 202-682-1639 |
| | |
| Thomas J. Dammrich II (*pro hac vice*) | Brian L. Stekloff (*pro hac vice*) |
| (tdammrich@shb.com) | (bstekloff@wilkinsonwalsh.com) |
| SHOOK, HARDY & BACON LLP | Rakesh Kilaru (*pro hac vice*) |
| 111 S. Wacker Drive, Suite 4700 | (rkilaru@wilkinsonwalsh.com) |
| Chicago, IL 60606-4314 | WILKINSON WALSH LLP |
| Tel: 312-704-7700 | 2001 M Street, NW, 10th Floor |
| Fax: 312-558-1195 | Washington, DC 20036 |
| | Tel:  202-847-4030 |
| | Fax: 202-847-4005 |

Attorneys for Defendant MONSANTO COMPANY