**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Henrietta Newsom et al.,*<br>*v. Monsanto Co., et al.,*<br>Case No. 3:20-cv-00578-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint and Jury Demand ("the Complaint"), except as set forth below.  Additionally, to the extent plaintiffs' allegations are directed towards both Monsanto and the collective "John Doe" co-defendants, Monsanto only purports to answer plaintiffs' allegations as to Monsanto and not as to the co-defendants.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Although many paragraphs in the Complaint refer only to "Plaintiff," Monsanto nevertheless responds to the allegations in those paragraphs as if brought by any of the plaintiffs. Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages and wrongful death allegedly related to exposure to Roundup®-branded products but denies any

liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1 including that decedent's death was wrongful.  The allegations in footnote 1 of paragraph 1 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

2.      Monsanto admits the allegations in the first sentence of paragraph 2.  Monsanto also admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  In response to the third sentence of paragraph 2, Monsanto admits that certain Roundup®-branded herbicides contain POEA and adjuvants and that EPA has classified surfactants and adjuvants as inert.

3.      Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the first sentence of paragraph 3.  Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and therefore denies those allegations.

4.      In response to the allegations in paragraph 4, Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media.  Monsanto otherwise states that the cited document speaks for itself and does not require a response.  The remaining allegations in paragraph 4 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

5.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies those allegations.

6.      In response to the allegations in the first sentence of paragraph 6, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00578-VC

7.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies those allegations.

8.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9.     The allegations in the second sentence of paragraph 9 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  Monsanto admits the remaining allegations in paragraph 9.

10.    The allegations in paragraph 10 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 10.

11.    The allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.    In response to the allegations in paragraph 12, Monsanto denies any "omissions" and certain events giving rise to plaintiff's claim.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 regarding where certain other events giving rise to plaintiff's claim occurred and therefore denies those allegations.  The remaining allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.    Monsanto denies the allegations in the first and second sentences of paragraph 13. The allegations in the last sentence of paragraph 13 set forth conclusions of law for which no response is required.

14.    In response to the allegations in paragraph 14, Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.

15.    Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 15 are vague and that it accordingly lacks information

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00578-VC

or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

16.     Monsanto admits the allegations in paragraph 16.

17.     Monsanto admits the allegations in paragraph 17.

18.     In response to the allegations in paragraph 18, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 18 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies those allegations.

19.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 19 comprise attorney characterizations and are accordingly denied.

20.     Monsanto admits the allegations in paragraph 20.

21.     Monsanto generally admits the allegations in paragraph 21, but denies the allegations in paragraph 21 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

22.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies those allegations.

23.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 23 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 23.

24.     In response to the allegations in paragraph 24, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

25.    In response to the allegations in paragraph 25, Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 25.

26.    In response to the allegations in paragraph 26, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 26 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

27.    In response to the allegations in paragraph 27, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 27 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

28.    Monsanto denies the allegations in paragraph 28.

29.    In response to the allegations in paragraph 29, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 29 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 29.

30.    Monsanto denies the allegations in paragraph 30.

31.    In response to the allegations in paragraph 31, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 31 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies those allegations.

- 5 -

1    32.    Monsanto admits the allegations in paragraph 32.

2    33.    In response to the allegations in paragraph 33, Monsanto states that the cited

3 document speaks for itself and does not require a response.  To the extent that the allegations in

4 paragraph 33 go beyond a restatement of the cited document, Monsanto lacks information or

5 knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 33

6 and therefore denies those allegations.

7    34.    Monsanto states that the term "toxic" as used in paragraph 34 is vague and

8 ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

9 denies the allegations in paragraph 34.

10    35.    Monsanto admits the allegations in paragraph 35.

11    36.    In response to the allegations in paragraph 36, Monsanto states that the document

12 speaks for itself and does not require a response.  To the extent that a response is deemed

13 required, Monsanto denies the allegations in paragraph 36.

14    37.    In response to the allegations in paragraph 37, Monsanto admits that Julie Marc

15 published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

16 the extent that paragraph 37 characterizes the meaning of the cited study, Monsanto denies the

17 remaining allegations in paragraph 37.

18    38.    In response to the allegations in paragraph 38, Monsanto states that these

19 documents speak for themselves and do not require a response.  To the extent that a response is

20 deemed required, Monsanto denies the allegations in paragraph 38.

21    39.    In response to the allegations in paragraph 39, Monsanto states that the cited

22 document speaks for itself and does not require a response.  To the extent that paragraph 39

23 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

24 paragraph 39.

25    40.    Monsanto denies the allegations in paragraph 40.

26    41.    In response to the allegations in paragraph 41, Monsanto states that the cited

27 document speaks for itself and does not require a response.  To the extent that paragraph 41

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00578-VC

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 41.

42.     In response to the allegations in paragraph 42, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 42 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 42.

43.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 43.

44.     Monsanto denies the allegations in paragraph 44.

45.     Monsanto denies the allegations in paragraph 45.

46.     Monsanto denies the allegations in paragraph 46.

47.     Monsanto denies the allegations in paragraph 47.

48.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 48.

49.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 and therefore denies those allegations.

50.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

51.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

52.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

- 7 -

1  evidence was "cumulative."  The remaining allegations in paragraph 52 are vague and

2  conclusory and comprise attorney characterizations and are accordingly denied.

3       53.      Monsanto admits that the full IARC Monograph regarding glyphosate was

4  published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

5  2A carcinogen.  In response to the remaining allegations in paragraph 53, Monsanto states that

6  the document speaks for itself and does not require a response.  To the extent that a response is

7  deemed required, the remaining allegations in paragraph 53 comprise attorney characterizations

8  and are accordingly denied.

9       54.      In response to the allegations in paragraph 54, Monsanto states that the document

10  speaks for itself and does not require a response.  To the extent that a response is deemed

11  required, the allegations in paragraph 54 comprise attorney characterizations and are accordingly

12  denied.

13       55.      In response to the allegations in paragraph 55, Monsanto states that the document

14  speaks for itself and does not require a response.  To the extent that a response is deemed

15  required, the allegations in paragraph 55 comprise attorney characterizations and are accordingly

16  denied.

17       56.      In response to the allegations in paragraph 56, Monsanto admits that the cited

18  study was released on March 18, 2019 in the International Journal of Epidemiology.  Monsanto

19  denies that the study establishes a clear link between Roundup and B-cell non-Hodgkin

20  lymphoma.  Monsanto denies the remaining allegations in paragraph 56.

21       57.      In response to the allegations in paragraph 57, Monsanto admits that the study

22  analyzes data from more than 300,000 farmers and agricultural workers in France, Norway, and

23  the United States.  Monsanto denies that the study found "elevation in risks" of non-Hodgkin's

24  lymphoma associated with glyphosate herbicides.  To the contrary, the study found no

25  association with glyphosate exposure overall and NHL.  Monsanto denies the remaining

26  allegations in paragraph 57.

27       58.      Monsanto lacks information or knowledge sufficient to form a belief as to the

28  truth of the allegations regarding plaintiff's alleged cancer in paragraph 58 and therefore denies

those allegations.  Monsanto denies that the cited study found a clear link between glyphosate exposure and large B-cell lymphoma.  Monsanto denies the remaining allegations in paragraph 58.

59.     Monsanto denies the allegations in paragraph 59.

60.     The allegations in paragraph 60 comprise attorney characterizations and are accordingly denied.

61.     Monsanto admits the allegations in paragraph 61.

62.     In response to the allegations in paragraph 62, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 62 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 62.

63.     In response to the allegations in paragraph 63, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 63.

64.     The allegations in paragraph 64 are vague and ambiguous and are accordingly denied.

65.     In response to the allegations in paragraph 65, Monsanto states that the cited document speaks for itself and does not require a response.

66.     In response to the allegations in paragraph 66, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 66 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 66.

67.     Monsanto denies the allegations in paragraph 67.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00578-VC

68.     In response to the allegations in paragraph 68, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 68.

69.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 69.

70.     Monsanto denies the allegations in paragraph 70.

71.     Monsanto denies the allegations in paragraph 71.

72.     Monsanto denies the allegations in paragraph 72.

73.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 73.

74.     Monsanto denies the allegations in paragraph 74.

75.     Monsanto denies the allegations in paragraph 75.

76.     Monsanto admits the allegations in paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     Monsanto admits the allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 86.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00578-VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

87.     In response to the allegations in paragraph 87, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 87.

88.     Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto also admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto denies the remaining allegations in paragraph 88.

89.     In response to the allegations in paragraph 89, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00578-VC

carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the

EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 89.

90.     In response to the allegations in the first sentence of paragraph 90, Monsanto

admits that it – along with a large number of other companies and governmental agencies – was

defrauded by two chemical testing laboratories, and that Monsanto had hired both of these

laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories

was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of

glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00578-VC

1   ("IBT") Laboratories studies.  In response to the allegations in the second and third sentences of

2   paragraph 90, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in

3   connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's

4   regulatory approval of such product is based upon any fraudulent or false IBT studies.  Monsanto

5   denies the allegations in the fourth, fifth, and sixth sentences of paragraph 90 to the extent they

6   suggest that EPA performed an inspection of IBT Laboratories solely or specifically in

7   connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an

8   audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing

9   procedures in connection with services provided to a broad number of private and governmental

10  entities and that this inspection included a review of studies IBT conducted on glyphosate.

11  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit

12  found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As

13  a result, Monsanto repeated all required studies in accordance with applicable EPA testing

14  guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based

15  herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph

16  90 are intended to suggest that Monsanto was anything other than a victim of this fraud,

17  Monsanto denies those allegations.

18      91.      In response to the allegations in paragraph 91, Monsanto admits that three IBT

19  employees were convicted of the charge of fraud, but Monsanto denies that any of the

20  individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

21  herbicides.

22      92.      In response to the allegations in paragraph 92, Monsanto admits that it – along

23  with numerous other private companies – hired Craven Laboratories as an independent

24  laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

25  denies the remaining allegations in paragraph 92.

26      93.      In response to the allegations in paragraph 93, Monsanto admits that EPA

27  investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00578-VC

1   paragraph 93 are intended to suggest that Monsanto was anything other than a victim of this

2   fraud, Monsanto denies those allegations.

3        94.   In response to the allegations in paragraph 94, Monsanto admits that it was

4   defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

5   at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 94

6   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

7   denies those allegations.

8        95.   In response to the allegations in paragraph 95, Monsanto admits that it has stated

9   and continues to state that Roundup®-branded products are safe when used as labeled and that

10  they are non-carcinogenic and non-genotoxic.

11       96.   In response to the allegations in paragraph 96, Monsanto admits that a 1986 joint

12  report of the World Health Organization and Food and Agriculture Organization of the United

13  Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

14  Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

15  Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

16  carcinogen.  Monsanto denies the remaining allegations in paragraph 96.

17       97.   Monsanto denies the allegations in paragraph 97.

18       98.   Monsanto denies the allegations in paragraph 98.

19       99.   Monsanto denies the allegations in paragraph 99.

20       100.   Monsanto denies the allegations in paragraph 100.

21       101.   Monsanto denies the allegations in paragraph 101.

22       102.   Monsanto denies the allegations in paragraph 102.

23       103.   Monsanto denies the allegations in paragraph 103.

24       104.   Monsanto denies the allegations in paragraph 104.

25       105.   Monsanto lacks information or knowledge sufficient to form a belief as to the

26  truth of the allegations in paragraph 105 and therefore denies those allegations.

27       106.   Monsanto lacks information or knowledge sufficient to form a belief as to the

28  truth of the allegations in paragraph 106 and therefore denies those allegations.

107.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107 and therefore denies those allegations.

108.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 108 and therefore denies those allegations.

109.    In response to the allegations in paragraph 109, Monsanto admits that Roundup®-branded products are safe when used in accordance with the product's EPA approved labeling. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 109 and therefore denies those allegations.

110.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore denies those allegations.

111.    Monsanto denies the allegations in paragraph 111.

112.    Monsanto incorporates by reference its responses to paragraphs 1 through 111 in response to paragraph 112 of plaintiff's Complaint.

113.    Monsanto admits that plaintiff purports to bring certain claims addressed in paragraph 113 but denies any liability as to those claims.  To the extent that the allegations in paragraph 113 are directed at a defendant other than Monsanto, those allegations do not require a response from Monsanto.

114.    Monsanto denies the allegations in paragraph 114.

115.    Monsanto denies the allegations in paragraph 115.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

116.    Monsanto denies the allegations in paragraph 116.

117.    Monsanto denies the allegations in paragraph 117.

118.    Monsanto denies the allegations in paragraph 118.

119.    Monsanto denies the allegations in paragraph 119.

120.    In response to the allegations in paragraph 120, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff received

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00578-VC

1   Roundup®-branded products and therefore denies those allegations. Monsanto denies the

2   remaining allegations in paragraph 120.

3        121.   Monsanto denies the allegations in paragraph 121.

4        122.   Monsanto denies the allegations in paragraph 122.

5        123.   The allegations in paragraph 123 and each of its subparts set forth conclusions of

6   law for which no response is required.

7        124.   Monsanto denies the allegations in paragraph 124, including each of its subparts.

8   To the extent that the allegations in paragraph 124 are directed at a defendant other than

9   Monsanto, those allegations do not require a response from Monsanto.

10        125.   Monsanto denies the allegations in paragraph 125.

11        126.   Monsanto denies the allegations in paragraph 126.

12        127.   Monsanto denies the allegations in paragraph 127.

13        128.   Monsanto denies the allegations in paragraph 128, including each of its subparts.

14        129.   Monsanto denies the allegations in the first sentence of paragraph 129.  In

15   response to the allegations in the second sentence of paragraph 129, Monsanto admits that

16   Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in

17   accordance with the product's EPA approved labeling.  Monsanto lacks information or

18   knowledge sufficient to form a belief as to the truth of the allegations in the last sentence of

19   paragraph 129 regarding plaintiff's reliance and therefore denies those allegations.  The

20   remaining allegations in the second, third, and last sentences of paragraph 129 set forth

21   conclusions of law for which no response is required.

22        130.   Monsanto denies the allegations in paragraph 130.

23        131.   Monsanto denies the allegations in paragraph 131.

24        132.   Monsanto denies the allegations in paragraph 132.

25        133.   Monsanto denies the allegations in paragraph 133.

26        134.   Monsanto denies the allegations in paragraph 134.

27        135.   The allegations in the first and fourth sentences of paragraph 135 set forth

28   conclusions of law for which no response is required.  Monsanto denies the allegations in the

1   second and third sentences of paragraph 135.  The remaining allegations in paragraph 135

2   comprise attorney characterizations and are accordingly denied.

3       136.   Monsanto denies the allegations in paragraph 136.

4       137.   Monsanto denies the allegations in paragraph 137.

5       138.   Monsanto incorporates by reference its responses to paragraphs 1 through 137 in

6   response to paragraph 138 of plaintiff's Complaint.

7       139.   Monsanto lacks information or knowledge sufficient to form a belief regarding

8   plaintiff's claimed selection or use of Roundup®-branded products and therefore denies those

9   allegations.  The remaining allegations in paragraph 139 set forth conclusions of law for which

10  no response is required.

11      140.   The allegations in the first sentence of paragraph 140 set forth conclusions of law

12  for which no response is required.  Monsanto denies the remaining allegations in paragraph 140,

13  including that Roundup®-branded products are "dangerous products."

14      141.   Monsanto denies the allegations in paragraph 141.

15      142.   Monsanto denies the allegations in paragraph 142.

16      143.   Monsanto denies the allegations in paragraph 143.

17      144.   Monsanto denies the allegations in paragraph 144.

18      145.   Monsanto denies the allegations in paragraph 145.

19      146.   Monsanto denies the allegations in paragraph 146.

20      147.   Monsanto denies the allegations in paragraph 147.

21      148.   Monsanto denies the allegations in paragraph 148.

22      149.   Monsanto incorporates by reference its responses to paragraphs 1 through 148 in

23  response to paragraph 149 of plaintiff's Complaint.

24      150.   Monsanto denies the allegations in paragraph 150.

25      151.   In response to the allegations in paragraph 151, Monsanto admits that Roundup®-

26  branded products are safe, non-carcinogenic, and non-genotoxic when used in accordance with

27  the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

28  151.

152.     In response to the allegations in paragraph 152, Monsanto states that the cited document speaks for itself and does not require a response.

153.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed decedent to risk of hiss alleged cancer and denies the remaining allegations in paragraph 153.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

154.     Monsanto denies the allegations in the first and last sentences of paragraph 154. The remaining allegations in paragraph 154 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

155.     Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 155 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

156.     Monsanto denies the allegations in paragraph 156.

157.     Monsanto denies the allegations in the first and second sentence of paragraph 157. Monsanto admits that plaintiffs purport to bring a claim for wrongful death but denies any liability to plaintiffs.

158.     Monsanto denies the allegations in the second sentence of paragraph 158. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 158 and therefore denies those allegations.

159.     Monsanto denies the allegations in paragraph 159, including each of its subparts.

160.     Monsanto denies that it is liable for plaintiff's claims.  The remaining allegations in paragraph 160 set forth conclusions of law for which no response is required.

1      161.    Monsanto denies the allegations in paragraph 161.

2      162.    Monsanto denies the allegations in paragraph 162.

3      163.    Monsanto denies the allegations in paragraph 163.

4          In response to the allegations in the "WHEREFORE" paragraph following paragraph

5  163, Monsanto demands that judgment be entered in its favor and against plaintiff; that

6  plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

7  and reasonable attorney's fees as allowed by law and such further and additional relief as this

8  Court may deem just and proper.

9          Every allegation in the Complaint that is not specifically and expressly admitted in this

10 Answer is hereby specifically and expressly denied.

11                    **SEPARATE AND AFFIRMATIVE DEFENSES**

12     1.      The Complaint, in whole or part, fails to state a claim or cause of action against

13 Monsanto upon which relief can be granted.

14     2.      Plaintiffs' claims against defendants are misjoined and should be severed.

15     3.      Plaintiffs' claims against Monsanto are barred because plaintiffs cannot proffer

16 any scientifically reliable evidence that the products at issue were defective or unreasonably

17 dangerous.

18     4.      Any alleged negligent or culpable conduct of Monsanto, none being admitted,

19 was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

20 plaintiffs' and/or decedent's alleged injuries.

21     5.      Plaintiffs' claims against Monsanto are barred, in whole or in part, because the

22 products at issue were designed, manufactured, marketed and labeled with proper warnings,

23 information, cautions and instructions, in accordance with the state of the art and the state of

24 scientific and technological knowledge.

25     6.      Plaintiffs' claims against Monsanto are barred, in whole or in part, because the

26 products at issue were not defective or unreasonably dangerous in that they complied with, at all

27 relevant times, all applicable government safety standards.

28

7.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

8.      Plaintiffs' claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.      Plaintiffs' claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.     Plaintiffs' claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Plaintiffs' claims against Monsanto are barred, in whole or in part, because decedent's injuries, if any, were the result of conduct of decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

12.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

13.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

14.     Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

15.     If plaintiffs and/or decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from

diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' and/or decedent's alleged injuries or damages.

16.    Monsanto had no legal relationship or privity with plaintiffs and/or decedent and owed no duty to them by which liability could be attributed to it.

17.    Plaintiffs' claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.    Plaintiffs' 'claims against Monsanto for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Mississippi Constitution, and/or other applicable state constitutions.

19.    Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Mississippi law, and/or other applicable state laws.

20.    Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Miss. Code Ann. § 11-1-65.

21.    Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiffs' and/or decedent's own contributory/comparative negligence.

22.    Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiffs' and/or decedent's own failure to mitigate damages.

23.    Plaintiffs' claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

24.    Plaintiffs' recover, if any, shall be reduced by those payments that plaintiffs receive from collateral sources.

25.    If plaintiffs and/or decedent have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiffs' claims against Monsanto are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiffs' claims against Monsanto are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

28.     Plaintiffs have failed to allege fraud with sufficient particularity.

29.     Plaintiffs' common law claims are barred, in whole or part, by application of the Mississippi Product Liability Act, Miss. Code Ann. § 11-1-63 (1993).

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.


DATED:  February 25, 2020                    Respectfully submitted,


                                             /s/ Joe G. Hollingsworth
                                             Joe G. Hollingsworth (*pro hac vice*)
                                             (jhollingsworth@hollingsworthllp.com)
                                             Eric G. Lasker (*pro hac vice*)
                                             (elasker@hollingsworthllp.com)
                                             HOLLINGSWORTH LLP
                                             1350 I Street, N.W.
                                             Washington, DC  20005
                                             Telephone:   (202) 898-5800
                                             Facsimile:    (202) 682-1639

                                             *Attorneys for Defendant*
                                             *MONSANTO COMPANY*