**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC |
| This document relates to: <br><br> *Timothy J. Dierkes and Mary E. Dierkes,* *individually and as wife and husband,* *v. Monsanto Co.*, <br> Case No. 3:20-cv-00624-VC | |

### <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response

1   is required.

2        5.      Monsanto admits the allegations in paragraph 5.

3        6.      The allegations in paragraph 6 set forth conclusions of law for which no response

4   is required.

5        7.      The allegations in the first sentence of paragraph 7 set forth conclusions of law for

6   which no response is required.  Monsanto admits the allegations in the second sentence of

7   paragraph 7.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies

8   certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge

9   sufficient to form a belief as to the truth of the allegations regarding where certain other events

10  giving rise to plaintiffs' claims occurred and therefore denies those allegations.

11       8.      Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in the first sentence of paragraph 8 and therefore denies those allegations.

13  Monsanto denies the remaining allegations in paragraph 8.

14       9.      The allegations in paragraph 9 comprise attorney characterizations and are

15  accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs

16  have a variety of separate and distinct uses and formulations.

17       10.     Monsanto admits the allegations in paragraph 10.

18       11.     The allegations in paragraph 11 comprise attorney characterizations and are

19  accordingly denied.

20       12.     In response to the allegations in paragraph 12, Monsanto admits that it sells

21  Roundup®-branded products in Missouri.

22       13.     Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in paragraph 13 and therefore denies those allegations.

24       14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney

25  characterizations and are accordingly denied.

26       15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney

27  characterizations and are accordingly denied.

28       16.     Monsanto admits the allegations in paragraph 16.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00624-VC

17.     Monsanto admits that it is authorized to do business in Missouri.  The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     Monsanto denies the allegations in paragraph 19.

20.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 21 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

22.     Monsanto admits the allegations in paragraph 22.

23.     Monsanto admits the allegations in paragraph 23.

24.     Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  Monsanto states that the remaining allegations in paragraph 24 are vague and ambiguous and that it lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

25.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 25 comprise attorney characterizations and are accordingly denied.

26.     Monsanto admits the allegations in paragraph 26.

27.     Monsanto generally admits the allegations in paragraph 27, but denies the allegations in paragraph 27 to the extent that they suggest that glyphosate is present in any plants

1   at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

2   the United States Environmental Protection Agency ("EPA").

3       28.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4   truth of the allegations in paragraph 28 and therefore denies those allegations.

5       29.    Monsanto admits that it is the leading producer of seeds that contain the Roundup

6   Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

7   farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

8   belief as to the accuracy of the specific numbers and statistics provided in the remaining

9   sentences of paragraph 29 and therefore denies those allegations.  Monsanto denies the

10  remaining allegations in paragraph 29.

11      30.    Monsanto admits the allegations in paragraph 30.

12      31.    In response to the allegations in paragraph 31, Monsanto admits that Roundup®-

13  branded products have been used by farmers for approximately 40 years.  Monsanto denies that

14  Roundup®-branded products have carcinogenic properties and denies the remaining allegations

15  in paragraph 31.

16      32.    The allegations in paragraph 32 set forth conclusions of law for which no

17  response is required.  To the extent that a response is deemed required, Monsanto admits the

18  allegations in paragraph 32.

19      33.    In response to the allegations in paragraph 33, Monsanto admits that EPA requires

20  registrants of herbicides to submit extensive data in support of the human health and

21  environmental safety of their products and further admits that EPA will not register or approve

22  the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

23  Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 33 set forth

24  conclusions of law for which no response is required.

25      34.    The allegations in paragraph 34 set forth conclusions of law for which no

26  response is required.

27      35.    Monsanto admits that Roundup®-branded products are registered by EPA for

28  manufacture, sale and distribution and are registered by the State of Missouri for sale and

1    distribution.

2        36.      In response to the allegations in paragraph 36, Monsanto admits that EPA requires

3    registrants of herbicides to submit extensive data in support of the human health and

4    environmental safety of their products and further admits that EPA will not register or approve

5    the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

6    states that the term "the product tests" in the final sentence of paragraph 36 is vague and

7    ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 36

8    set forth conclusions of law for which no answer is required.

9        37.      Monsanto denies the allegations in paragraph 37 to the extent that they suggest

10   that EPA only evaluates the safety of pesticide products on the date of their initial registration.

11   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

12   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

13   of the allegations in paragraph 37 regarding such pesticide products generally and therefore

14   denies those allegations.  The remaining allegations in paragraph 37 set forth conclusions of law

15   for which no response is required.

16       38.      Monsanto admits that the International Agency for Research on Cancer ("IARC")

17   is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

18   lacks information or knowledge sufficient to form a belief as to the truth of the remaining

19   allegations in paragraph 38 and therefore denies those allegations.

20       39.      Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 39 and therefore denies those allegations.  Monsanto denies

22   that glyphosate met the criteria necessary to be eligible for review.

23       40.      Monsanto lacks information or knowledge sufficient to form a belief as to the

24   truth of the allegations in paragraph 40 and therefore denies those allegations.  Monsanto denies

25   that glyphosate met the criteria necessary to be eligible for review.

26       41.      Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

27   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

28   evidence was "cumulative."  The remaining allegations in paragraph 41 are vague and

- 5 -

1    conclusory and comprise attorney characterizations and are accordingly denied.

2         42.    Monsanto admits that the full IARC Monograph regarding glyphosate was

3    published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

4    2A carcinogen.  In response to the remaining allegations in paragraph 42, Monsanto states that

5    the document speaks for itself and does not require a response.  To the extent that a response is

6    deemed required, the remaining allegations in paragraph 42 comprise attorney characterizations

7    and are accordingly denied.

8         43.    In response to the allegations in paragraph 43, Monsanto states that the document

9    speaks for itself and does not require a response.  To the extent that a response is deemed

10   required, the allegations in paragraph 43 comprise attorney characterizations and are accordingly

11   denied.

12        44.    In response to the allegations in paragraph 44, Monsanto states that the document

13   speaks for itself and does not require a response.  To the extent that a response is deemed

14   required, the allegations in paragraph 44 comprise attorney characterizations and are accordingly

15   denied.

16        45.    Monsanto denies the allegations in paragraph 45.

17        46.    In response to the allegations in paragraph 46, Monsanto states that the cited

18   document speaks for itself and does not require a response.  To the extent that the allegations in

19   paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or

20   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46

21   and therefore denies those allegations.

22        47.    Monsanto admits the allegations in paragraph 47.

23        48.    In response to the allegations in paragraph 48, Monsanto states that the cited the

24   document speaks for itself and does not require a response.  To the extent that the allegations in

25   paragraph 48 go beyond a restatement of the cited document, Monsanto lacks information or

26   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 48

27   and therefore denies those allegations.

28        49.    Monsanto denies the allegations in paragraph 49.

50.     Monsanto admits the allegations in the first sentence of paragraph 50.  In response to the allegations in the second sentence of paragraph 50, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in the second sentence of paragraph 50 characterize the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 50.

51.     In response to the allegations in the first sentence of paragraph 51, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the first sentence of paragraph 51 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in the first sentence of paragraph 51.  Monsanto denies the allegations in the second sentence of paragraph 51.

52.     Monsanto states that the term "toxic" as used in paragraph 52 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 52.

53.     Monsanto admits the allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto states that the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 54 characterize the meaning of the cited study, Monsanto denies those allegations in paragraph 54.  Monsanto denies the remaining allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 57 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

- 7 -

1    paragraph 57.

2          58.    Monsanto denies the allegations in paragraph 58.

3          59.    In response to the allegations in paragraph 59, Monsanto states that the cited

4    document speaks for itself and does not require a response.  To the extent that paragraph 59

5    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

6    paragraph 59.

7          60.    In response to the allegations in paragraph 60, Monsanto states that the cited

8    document speaks for itself and does not require a response.  To the extent that paragraph 60

9    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

10   paragraph 60.

11         61.    Monsanto denies the allegation that the cited studies support the allegation that

12   glyphosate or Roundup®-branded products pose any risk to human health and denies the

13   remaining allegations in paragraph 61.

14         62.    Monsanto denies the allegations in paragraph 62.

15         63.    In response to the allegations in paragraph 63, Monsanto admits that an EPA

16   review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

17   denies the remaining allegations in paragraph 63.

18         64.    In response to the allegations in paragraph 64, Monsanto admits that EPA

19   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

20   evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

21   denies the remaining allegations in paragraph 64.

22         65.    In response to the allegations in paragraph 65, Monsanto admits that plaintiffs

23   have accurately quoted from one passage in an EPA document in 1991 with respect to the

24   designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

25   does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP

26   reports and the EPA CARC Final Report discussed above, other specific findings of safety

27   include:

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00624-VC

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 65.

66.     In response to the allegations in paragraph 66, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies. To the extent that the allegations in paragraph 66 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

67.     In response to the allegations in paragraph 67, Monsanto admits that IBT

1    Laboratories was hired to conduct toxicity studies in connection with the registration of a

2    Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

3    based upon any fraudulent or false IBT studies.

4         68.    Monsanto denies the allegations in paragraph 68 to the extent they suggest that

5    EPA performed an inspection of IBT Laboratories solely or specifically in connection with

6    studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

7    Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

8    connection with services provided to a broad number of private and governmental entities and

9    that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

10   one of several pesticide manufacturers who had used IBT test results.  The audit found some

11   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

12   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

13   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

14   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 68 are

15   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

16   denies those allegations.

17        69.    In response to the allegations in paragraph 69, Monsanto admits that three IBT

18   employees were convicted of the charge of fraud, but Monsanto denies that any of the

19   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

20   herbicides.

21        70.    In response to the allegations in the first sentence of paragraph 70, Monsanto

22   admits that it – along with numerous other private companies – hired Craven Laboratories as an

23   independent laboratory to conduct residue studies for Monsanto agricultural products. Monsanto

24   denies the remaining allegations in the first sentence of paragraph 70.  In response to the

25   remaining allegations in paragraph 70, Monsanto admits that EPA investigated Craven

26   Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 70 are

27   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

28   denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00624-VC

71.     In response to the allegations in paragraph 71, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 71 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

72.  In response to the allegations in paragraph 72, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 72 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

73.     In response to the allegations in paragraph 73, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 73 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

74.     Monsanto denies the allegations in paragraph 74.

75.     In response to the allegations in paragraph 75, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 75 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 75.

76.     In response to the allegations in paragraph 76, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.  Monsanto denies the remaining allegations in paragraph 76.

77.     In response to the allegations in paragraph 77, Monsanto admits that a 1986 joint

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00624-VC

1   report of the World Health Organization and Food and Agriculture Organization of the United

2   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

3   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

4   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

5   carcinogen.  Monsanto denies the remaining allegations in paragraph 77.

6           78.     Monsanto denies the allegations in paragraph 78.

7           79.     Monsanto denies the allegations in paragraph 79.

8           80.     Monsanto denies the allegations in paragraph 80.

9           81.     Monsanto denies the allegations in paragraph 81.

10          82.     Monsanto denies the allegations in paragraph 82.

11          83.     Monsanto denies the allegations in paragraph 83.

12          84.     Monsanto denies the allegations in paragraph 84.

13          85.     Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations regarding plaintiff's use in paragraph 85 and therefore denies those

15   allegations.  Monsanto denies the remaining allegations in paragraph 85.

16          86.     Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in paragraph 86 and therefore denies those allegations.

18          87.     Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 87 and therefore denies those allegations.

20          88.     Monsanto denies the allegations in paragraph 88.

21          89.     Monsanto incorporates by reference its responses to paragraphs 1 through 88 in

22   response to paragraph 89 of plaintiffs' Complaint.

23          90.     Monsanto denies the allegations in paragraph 90.

24          91.     In response to the allegations in paragraph 91, Monsanto admits that it has stated

25   and continues to state that Roundup®-branded products are safe when used as labeled and that

26   they are non-toxic and non-carcinogenic.

27          92.     In response to the allegations in paragraph 92, Monsanto states that the cited

28   document speaks for itself and does not require a response.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00624-VC

93.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph 93.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in the last sentence of paragraph 95.  The remaining allegations in paragraph 95 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

96.     Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 96 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

97.     Monsanto incorporates by reference its responses to paragraphs 1 through 96 in response to paragraph 97 of plaintiffs' Complaint.

98.     In response to the allegations in paragraph 98, Monsanto admits that plaintiffs purport to bring a claim for strict liability design defect, but denies any liability as to that claim.

99.     In response to the allegations in paragraph 99, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used Roundup®-branded products and therefore denies that allegation.  Monsanto denies the remaining allegations in paragraph 99.

100.    Monsanto denies the allegations in paragraph 100.

101.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore denies those allegations.

1    102.    Monsanto denies the allegations in paragraph 102.

2    103.    Monsanto denies the allegations in paragraph 103.

3    104.    Monsanto denies the allegations in paragraph 104.

4    105.    Monsanto denies the allegations in paragraph 105 and each of its subparts.

5    106.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in paragraph 106 concerning plaintiff's claimed use of Roundup®-branded

7    products and therefore denies those allegations.  Monsanto denies the remaining allegations in

8    paragraph 106, including that Roundup®-branded products have "dangerous characteristics."

9    107.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in paragraph 107 concerning plaintiff's claimed use of Roundup®-branded

11   products and therefore denies those allegations.  Monsanto denies the remaining allegations in

12   paragraph 107, including that Roundup®-branded products have "dangerous characteristics."

13   108.    Monsanto denies the allegations in paragraph 108.

14   109.    Monsanto denies the allegations in paragraph 109.

15   110.    Monsanto denies the allegations in paragraph 110.

16   111.    Monsanto denies the allegations in paragraph 111.

17   112.    Monsanto denies the allegations in paragraph 112.

18   113.    Monsanto denies the allegations in paragraph 113.

19   114.    Monsanto denies the allegations in paragraph 114.

20   115.    Monsanto denies the allegations in paragraph 115.

21   116.    Monsanto denies the allegations in paragraph 116.

22   In response to the "WHEREFORE" paragraph following paragraph 116, Monsanto

23   denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

24   damages, interest, costs, or any other relief whatsoever.

25   117.    Monsanto incorporates by reference its responses to paragraphs 1 through 116 in

26   response to paragraph 117 of plaintiffs' Complaint.

27   118.    In response to the allegations in paragraph 118, Monsanto admits that plaintiffs

28   purport to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

1   119. Monsanto denies the allegations in paragraph 119.

2   120. In response to the allegations in paragraph 120, Monsanto lacks information or

3 knowledge sufficient to form a belief as to the truth of the allegation that plaintiff or other

4 entities identified purchased or used Roundup®-branded products and therefore denies that

5 allegation.  The allegations in paragraph 120 also set forth conclusions of law for which no

6 response is required.  Monsanto denies the remaining allegations in paragraph 120.

7   121. The allegations in paragraph 121 set forth conclusions of law for which no

8 response is required.

9   122. The allegations in paragraph 122 set forth conclusions of law for which no

10 response is required.

11   123. Monsanto denies the allegations in paragraph 123.  All labeling of Roundup®-

12 branded products has been and remains EPA-approved and in compliance with all federal

13 requirements under FIFRA.

14   124. Monsanto denies the allegations in paragraph 124.

15   125. Monsanto denies the allegations in paragraph 125.

16   126. Monsanto denies the allegations in paragraph 126.

17   127. Monsanto lacks information or knowledge sufficient to form a belief as to the

18 truth of the allegations in paragraph 127 and therefore denies those allegations.

19   128. Monsanto lacks information or knowledge sufficient to form a belief as to the

20 truth of the allegations in paragraph 128 concerning plaintiff's alleged use of Roundup®-branded

21 products and therefore denies those allegations.  Monsanto denies the remaining allegations in

22 paragraph 128, including that Roundup®-branded products have "dangerous characteristics."

23   129. Monsanto lacks information or knowledge sufficient to form a belief as to the

24 truth of the allegations in paragraph 129 concerning plaintiff's alleged use and exposure to

25 Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

26 remaining allegations in paragraph 129, including that Roundup®-branded products have

27 "dangerous characteristics."

28   130. Monsanto denies the allegations in the first sentence of paragraph 130.  Monsanto

1   lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the

2   second sentence of paragraph 130 and therefore denies those allegations.

3        131.   Monsanto denies the allegations in paragraph 131.

4        132.   Monsanto denies the allegations in paragraph 132.

5        133.   Monsanto denies the allegations in paragraph 133.

6        134.   Monsanto denies the allegations in paragraph 134.

7        135.   Monsanto denies the allegations in paragraph 135.

8        136.   Monsanto denies the allegations in paragraph 136.

9        137.   Monsanto denies the allegations in paragraph 137.

10       138.   Monsanto denies the allegations in paragraph 138.

11       In response to the "WHEREFORE" paragraph following paragraph 138, Monsanto

12   denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

13   damages, interest, costs, or any other relief whatsoever.

14       139.   Monsanto incorporates by reference its responses to paragraphs 1 through 138 in

15   response to paragraph 139 of plaintiffs' Complaint.

16       140.   Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in paragraph 140 regarding the specific products allegedly used by

18   plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore

19   denies the allegations in paragraph 140.

20       141.   The allegations in paragraph 141 set forth conclusions of law for which no

21   response is required.

22       142.   The allegations in paragraph 142 set forth conclusions of law for which no

23   response is required.

24       143.   Monsanto denies the allegations in paragraph 143.

25       144.   Monsanto denies the allegations in paragraph 144.

26       145.   Monsanto denies the allegations in paragraph 145.  All labeling of Roundup®-

27   branded products has been and remains EPA-approved and in compliance with all federal

28   requirements under FIFRA.

- 16 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00624-VC

1    146.    Monsanto denies the allegations in paragraph 146.

2    147.    Monsanto denies the allegations in paragraph 147.

3    148.    Monsanto denies the allegations in paragraph 148, including each of its subparts.

4    149.    Monsanto denies the allegations in paragraph 149.

5    150.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in paragraph 150 regarding plaintiff's knowledge and therefore Monsanto

7    denies those allegations.  Monsanto denies the remaining allegations in paragraph 150, including

8    that intended use and/or exposure to Roundup®-branded products causes any injuries.

9    151.    Monsanto denies the allegations in paragraph 151.

10    152.    Monsanto denies the allegations in paragraph 152.

11    153.    The allegations in paragraph 153 set forth conclusions of law for which no

12    response is required.

13    154.    Monsanto admits that Roundup®-branded products are safe when used in

14    accordance with the products' labeling.  Monsanto denies the allegations in paragraph 154.

15    155.    The allegations in paragraph 155 set forth conclusions of law for which no

16    response is required.

17    156.    Monsanto denies the allegations in paragraph 156.

18    157.    Monsanto denies the allegations in paragraph 157.  All labeling of Roundup®-

19    branded products has been and remains EPA-approved and in compliance with all federal

20    requirements under FIFRA.

21    In response to the "WHEREFORE" paragraph following paragraph 157, Monsanto

22    denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

23    damages, interest, costs, or any other relief whatsoever.

24    158.    In response to the allegations in paragraph 158, Monsanto denies that plaintiffs

25    have alleged fraud, let alone fraud with specificity.  Monsanto incorporates by reference its

26    responses to paragraphs 1 through 157 in response to paragraph 158 of plaintiffs' Complaint.

27    159.    Monsanto denies the allegations in paragraph 159.

28    160.    Monsanto denies the allegations in paragraph 160.

1       161.    Monsanto denies the allegations in paragraph 161.

2       162.    Monsanto denies the allegations in paragraph 162.

3       163.    Monsanto denies the allegations in paragraph 163.

4       164.    Monsanto denies the allegations in paragraph 164.

5       165.    Monsanto denies the allegations in paragraph 165.

6       166.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7 truth of the allegations in paragraph 166 regarding plaintiff's actions, and therefore Monsanto

8 denies those allegations.  Monsanto denies the remaining allegations in paragraph 166.

9       167.    Monsanto denies the allegations in paragraph 167.

10       168.    Monsanto denies the allegations in paragraph 168.

11       In response to the "WHEREFORE" paragraph following paragraph 168, Monsanto

12 denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

13 damages, interest, costs, or any other relief whatsoever.

14       169.    Monsanto incorporates by reference its responses to paragraphs 1 through 168 in

15 response to paragraph 169 of plaintiffs' Complaint.

16       170.    Monsanto admits that plaintiffs purport to bring certain claims alleged in

17 paragraph 170 of the Complaint but denies any liability as to those claims.

18       171.    The allegations in paragraph 171 set forth conclusions of law for which no

19 response is required.  To the extent that a response is deemed required, Monsanto denies the

20 allegations in paragraph 171.

21       172.    Monsanto denies the allegations in paragraph 172.

22       173.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23 truth of the allegations in paragraph 173 and therefore Monsanto denies those allegations.

24       174.    Monsanto denies the allegations in paragraph 174.

25       175.    Monsanto denies the allegations in paragraph 175.

26       176.    Monsanto denies the allegations in paragraph 176.

27       177.    Monsanto denies the allegations in paragraph 177.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00624-VC

1       178.     Monsanto admits that plaintiffs purport to bring an action under Missouri law but

2  denies any liability to plaintiffs.  Monsanto denies the remaining allegations in paragraph 178.

3       In response to the "WHEREFORE" paragraph following paragraph 178, Monsanto

4  denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

5  damages, interest, costs, or any other relief whatsoever.

6       179.     Monsanto incorporates by reference its responses to paragraphs 1 through 178 in

7  response to paragraph 179 of plaintiff's Complaint.

8       180.     Monsanto denies the allegations in paragraph 180.

9       181.     In response to the allegations in paragraph 181, Monsanto admits that it has sold

10  glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further

11  states that paragraph 181 sets forth conclusions of law for which no response is required.

12  Monsanto denies the remaining allegations in paragraph 181.

13       182.     Monsanto denies the allegations in the first and second sentences of paragraph

14  182.  All labeling of Roundup®-branded products has been and remains EPA-approved and in

15  compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

16  of paragraph 182 sets forth conclusions of law for which no response is required.

17       183.     The allegations in paragraph 183 set forth conclusions of law for which no

18  response is required.

19       184.     Monsanto denies the allegations in paragraph 184.

20       185.     Monsanto denies the allegations in paragraph 185 and each of its subparts.

21       186.     Monsanto denies the allegations in paragraph 186.

22       187.     Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in paragraph 187 regarding plaintiff's knowledge and therefore denies

24  those allegations.  Monsanto denies the remaining allegations in paragraph 187.

25       188.     Monsanto lacks information or knowledge sufficient to form a belief as to the

26  truth of the allegations in paragraph 188 and therefore denies those allegations.

27       189.     Monsanto denies the allegation in paragraph 189.

28       190.     Monsanto denies the allegations in paragraph 190.

1    In response to the "WHEREFORE" paragraph following paragraph 190, Monsanto

2    denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

3    damages, interest, costs, or any other relief whatsoever.

4    191.    Monsanto incorporates by reference its responses to paragraphs 1 through 190 in

5    response to paragraph 191 of plaintiff's Complaint.

6    192.    Monsanto denies the allegations in paragraph 192.

7    193.    Monsanto denies the allegations in paragraph 193.

8    194.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 194 concerning plaintiff's claimed use of and exposure to

10    Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

11    paragraph 194 set forth conclusions of law for which no response is required.

12    195.    Monsanto denies the allegations in paragraph 195.  All labeling of Roundup®-

13    branded products has been and remains EPA-approved and in compliance with all federal

14    requirements under FIFRA.

15    196.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16    truth of the allegations in paragraph 196 regarding plaintiff's reliance and therefore denies those

17    allegations.  The remaining allegations in paragraph 196 set forth conclusions of law for which

18    no response is required.

19    197.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20    truth of the allegations in paragraph 197 and therefore denies those allegations.

21    198.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22    truth of the allegations in paragraph 198 concerning plaintiff's claimed use of or exposure to

23    Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

24    paragraph 198 set forth conclusions of law for which no response is required.

25    199.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26    truth of the allegations in paragraph 199 concerning plaintiff's claimed use of or exposure to

27    Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00624-VC

1    199 regarding Monsanto's implied warranties sets forth conclusions of law for which no

2    response is required.  Monsanto denies the remaining allegations in paragraph 199.

3    200.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 200 concerning plaintiff's reliance or plaintiff's claimed use

5    of any Roundup®-branded product and therefore denies those allegations.  The remaining

6    allegations in paragraph 200 set forth conclusions of law for which no response is required.

7    201.    Monsanto denies that there is any risk of serious injury associated with or linked

8    to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.

9    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

10    allegations in paragraph 201 concerning plaintiff's knowledge about Roundup®-branded

11    products and therefore denies the remaining allegations in paragraph 201.

12    202.    Monsanto denies the allegations in paragraph 202.

13    203.    Monsanto denies the allegations in paragraph 203.

14    204.    Monsanto denies the allegations in paragraph 204.

15    In response to the "WHEREFORE" paragraph following paragraph 205, Monsanto

16    denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

17    damages, interest, costs, or any other relief whatsoever.

18    205.    Monsanto incorporates by reference its responses to paragraphs 1 through 204 in

19    response to paragraph 205 of the plaintiffs' Complaint.

20    206.    Monsanto admits that plaintiffs purport to bring certain claims alleged in

21    paragraph 206 of the Complaint but denies any liability as to those claims.

22    207.    The allegations in paragraph 207 set forth conclusions of law for which no

23    response is required.

24    208.    The allegations in paragraph 208 set forth conclusions of law for which no

25    response is required.

26    209.    The allegations in paragraph 209 set forth conclusions of law for which no

27    response is required.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00624-VC

1    210.    The allegations in paragraph 210 set forth conclusions of law for which no

2    response is required.

3    211.    Monsanto denies the allegations in paragraph 211.

4    212.    The allegations in paragraph 212 set forth conclusions of law for which no

5    response is required.

6    213.    Monsanto denies the allegations in paragraph 213.

7    214.    Monsanto denies the allegations in paragraph 214.

8    215.    Monsanto denies the allegations in paragraph 215.

9    In response to the "WHEREFORE" paragraphs following paragraph 215, Monsanto

10   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

11   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

12   fees as allowed by law and such further and additional relief as this Court may deem just and

13   proper.

14   216.    Monsanto incorporates by reference its responses to paragraphs 1 through 215 in

15   response to paragraph 216 of the plaintiffs' Complaint.

16   217.    The allegations in paragraph 217 set forth conclusions of law for which no

17   response is required.

18   218.    Monsanto denies the allegations in paragraph 218.

19   In response to the "WHEREFORE" paragraphs following paragraph 218, Monsanto

20   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

21   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

22   fees as allowed by law and such further and additional relief as this Court may deem just and

23   proper.

24   Every allegation in the Complaint that is not specifically and expressly admitted in this

25   Answer is hereby specifically and expressly denied.

26   Every allegation in the Complaint that is not specifically and expressly admitted in this

27   Answer is hereby specifically and expressly denied.

28

**SEPARATE AND AFFIRMATIVE DEFENSES**

1.      The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.      Venue in the Eastern District of Missouri may be inconvenient.

3.      Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

1  independent, intervening and superseding causes of the alleged injuries, including but not limited
2  to plaintiff's pre-existing medical conditions.

3        11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j
4  and k, bar plaintiffs' claims against Monsanto in whole or in part.

5        12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or
6  in part.

7        13.     Plaintiffs' misuse or abnormal use of the product or failure to follow instructions
8  bar plaintiffs' claims in whole or in part.

9        14.     If plaintiffs suffered injury or damages as alleged, which is denied, such injury or
10  damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither
11  liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative
12  degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that
13  are not related or connected with any product sold, distributed, or manufactured by Monsanto.
14  Such acts or omissions on the part of others or diseases or causes constitute an independent,
15  intervening and sole proximate cause of plaintiffs' alleged injury or damages.

16        15.     Plaintiffs have failed to allege fraud with sufficient particularity.

17        16.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to
18  them by which liability could be attributed to it.

19        17.     Monsanto made no warranties of any kind or any representations of any nature
20  whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies,
21  then plaintiffs failed to give notice of any breach thereof.

22        18.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the
23  Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

24        19.     Plaintiffs' claims for punitive and/or aggravated damages are barred because such
25  an award would violate Monsanto's due process, equal protection and other rights under the
26  United States Constitution, the Missouri Constitution, and/or other applicable state constitutions.

27        20.     Plaintiffs' claims for punitive and/or aggravated damages are barred because
28  plaintiffs have failed to allege conduct warranting imposition of such damages under Missouri

1    law, and/or other applicable state laws.

2           21.     Plaintiffs' claims for punitive and/or aggravated damages are barred and/or

3    limited by operation of state and/or federal law, including Missouri Revised Statute § 510.265.1.

4           22.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own

5    contributory/comparative negligence.

6           23.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to

7    mitigate damages.

8           24.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

9           25.     If plaintiffs have been injured or damaged, no injury or damages being admitted,

10   such injuries were not caused by a Monsanto product.

11          26.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims

12   that are governed by the laws of a state that does not recognize or limit such claims.

13          27.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws

14   of states that do not govern plaintiffs' claims.

15          28.     Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless,

16   fraudulent or done with a conscious disregard for the rights of plaintiffs, plaintiffs' decedents,

17   and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that

18   Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable

19   care at all times alleged in the Complaint, and plaintiffs have failed to clearly establish any

20   entitlement to exemplary and/or aggravated damages based on their allegations.

21          29.     To the extent that plaintiffs recovered payments for their alleged injuries from any

22   collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced

23   to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute

24   §§ 490.710, 490.715.

25          30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as

26   may become available or apparent during the course of discovery and thus reserves its right to

27   amend this Answer to assert such defenses.

28

1      **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2 plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and

3 such other relief as the Court deems equitable and just.

4

5 **JURY TRIAL DEMAND**

6     Monsanto demands a jury trial on all issues so triable.

7 DATED: February 25, 2020          Respectfully submitted,

8

9                  /s/ Joe G. Hollingsworth
                 Joe G. Hollingsworth (*pro hac vice*)
                 (jhollingsworth@hollingsworthllp.com)

10                  Eric G. Lasker (*pro hac vice*)
                 (elasker@hollingsworthllp.com)

11                  HOLLINGSWORTH LLP
                 1350 I Street, N.W.

12                  Washington, DC  20005
                 Telephone:   (202) 898-5800

13                  Facsimile:   (202) 682-1639

14                  *Attorneys for Defendant*
                 *MONSANTO COMPANY*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00624-VC