Rhon E. Jones (JON093)
rhon.jones@beasleyallen.com
John E. Tomlinson (TOM014)
john.tomlinson@beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN,**
 **PORTIS AND MILES, P.C.**
Post Office Box 4160
218 Commerce Street
Montgomery, Alabama  36103
Phone: (334) 269-2343
Fax:(334) 954-7555

Mark D. Ball (Fed ID#5122)
mball@pmped.com
Neil W. Alger (Fed ID#11903)
nalger@pmped.com
**PETERS, MURDAUGH, PARKER,**
 **ELTZROTH & DETRICK, P.A.**
101 Mulberry Street East
Post Office Box 457
Hampton, South Carolina 29924
Phone: (803) 943-2111
Fax: (803) 943-3943

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  ROUNDUP PRODUCTS LIABILITY LITIGATION<br>_____<br>THIS DOCUMENT RELATES TO:<br><br>*Randy Bodiford. v Monsanto Company, et al.*,<br>Case No. 3:20-cv-01025 | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**PLAINTIFF'S MOTION TO REMAND**<br><br>*[Filed concurrently with the Declaration of John E. Tomlinson and Exhibits]*<br><br>Hearing Date:          April 23, 2020<br>Time:                        10:00 AM |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

  **PLEASE TAKE NOTICE THAT** beginning on April 23, 2020 at 10:00 A.M., in Courtroom 4

_____
PLAINTIFF'S MOTION TO REMAND 3:20-cv-01025

of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Plaintiff, John T. Moore, Jr. ("Plaintiff") will present his Motion to Remand.

Dated: March 5, 2020  By: /s/ John E. Tomlinson
John E. Tomlinson (TOM014)
john.tomlinson@beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS AND MILES, P.C.**
Post Office Box 4160
218 Commerce Street
Montgomery, Alabama  36103
Phone: (334) 269-2343
Fax:(334) 954-7555

# **TABLE OF CONTENTS**

TABLE OF CONTENTS……………………………………………………………………………..i

TABLE OF AUTHORITIES…………………………………………………………………...ii, iii

INTRODUCTION………………………………………………………………………………….1

STATEMENT OF ISSUES………………………………………………………………………...1

FACTUAL AND PROCEDURAL BACKGROUND……………………………………………..1

STANDARD OF REVIEW………………………………………………………………………..2

ARGUMENT AND AUTHORITY………………………………………………………………..3

  I.  This Action is Not Removable Because of Incomplete Diversity Between Plaintiff and Browning Farms, Inc. and the Home State Defendant Rule…………………………………...3

    A.  Monsanto Must Meet a High Standard to Establish Fraudulent Joinder…………………………3

    B.  Plaintiff has Established Causes of Action for Negligence and Failure to Warn Against Defendant Browning Farms………………………………………………………………8

  II.  Defendant Monsanto's Notice of Removal is Untimely ……………………………….....12

CONCLUSION…………………………………………………………………………….........13

## **TABLE OF AUTHORITIES**

Cases                                                                                                                                Page(s)

*Aids Counseling & Testing v. Grp. W.. Tel. Inc.,*
  903 F.2d 1000, 1003 (4th Cir. 1990)……………………………..…………………………….4, 5, 6, 7

*Beale v. Hardy,*
  769 F.2d 213 (4th Cir. 1985)………………………………………………………………………….9

*Boyd v. Guinyard,*
  C/A No.: 5:18-cv-00269-JMC, 2018 WL 3322971, at *3 (D.S.C. July 6, 2018)…...…………………4, 8

*Bragg v. Hi-Ranger, Inc.,*
  319 S.C. 531, 550 (Ct. App. 1995)………………………………………………………………9, 12

*Branch v. Coca Cola Bottling Co. Consol.,*
  83 F. Supp. 2d 631, 632 (D.S.C. 2000)………………………………………………………..………2

*Brown v. Kearse,*
  481 F. Supp. 2d 515, 521 (D.S.C. March 19, 2007)…………………………………………………..13

*Cty. of Anderson v. Rite Aid of South Carolina, Inc.,*
  Case No.: 8:18-cv-1947-BHH, 2018 WL 8800188 at *6 (D.S.C. Aug. 20, 2018)…………………….7

*Goodbar v. Whitehead Bros.,*
  591 F. Supp. 552 (W.D. Va. 1984)……………………………………………………………………9

*Hartley v. CSX Transp., Inc.*,
  187 F.3d 422, 424 -426 (4th Cir. 1999)……………………………………………………4, 5, 6, 8, 11

*In re Bulldog Trucking, Inc.,*
147 F.3d 347, 352 (4th Cir. 1998)……………………………………………………………………..6

*In re Lipitor Marketing, Sales Practices and Products Liability Litigation,*
  MDL No. 2:14-mn-02502-RMG, 2016 WL 7339811 at *6 (D.S.C. Oct. 24, 2016)……………...…...7

*Kinley v. Husqvarna Consumer Outdoor Products, N.A., Inc.,*
  C/A No.: 5:18-cv-01845-CMC, 2018 WL 4403391 at *1 n.1 (D.S.C. September 17, 2018)…………….7

*Linnin v. Michielsens,*
  372 F. Supp. 2d 811, 819 (E.D. Va. 2005)………………………………………..…….………..4, 7, 8

*Louisville, C. & C.R. Co. v. Letson,*
  43 U.S. 497 (1844)……………………………………………………………………………..…...3

*Marchant v. Lorain Division of Koehring,*
  272 S.C. 243, 247 (1979)………………………………………………………………………………8

*Marshall v. Manville Sales Corp.,*
  6 F.3d 229, 232 (4th Cir. 1993)……………………………………………………………………..4, 8

1  *Mayes v. Rapoport,*
     198 F.3d 457, 461, 466 (4th Cir. 1990)…..…………………………………………….3, 4, 5, 8

2  *Mulcahey v. Columbia Organic Chems. Co.,*
3    29 F.3d 148, 151 (4th Cir. 1994)…………………..………………………………………..2

4  *Strawbridge v. Curtiss,*
     7 U.S. 267 (1806)………………………………………………………………………….3

5  *Strawn v. AT&T Mobility LLC,*
6    530 F.3d 293, 298 (4th Cir. 2008)………………………………………………………...3

7  *Williams v. Preiss-Wal Pat III, LLC,*
   17 F. Supp. 3d 528, 534 (D.S.C. April 29, 2014)……………………………….…………5, 6
8

9  Statutes

10 28 U.S.C. § 1332(a)……………………………………………………………………….....3

11 28 U.S.C. § 1441 (b)(2)……………………………………………………………………….3

12 28 U.S.C. § 1446 (b)………………………………………………………..……………......12, 13

13 28 U.S.C. § 1447……………………………………………………………………….......6

14 Fed. R. Civ. P. 12(b)(6)………………………………………………………………….……4, 6

15 S.C. Code stat. 42-1-360(4)…………………………………………………………….....9

iii

_____
PLAINTIFF'S MOTION TO REMAND 3:20-cv-01025

## INTRODUCTION

Plaintiff Randy Bodiford, by and through his undersigned attorneys, provides this Motion to Remand this action to the Court of Common Pleas for Allendale County, South Carolina, where the action was filed. Defendant Monsanto Company ("Monsanto") has removed this action to Federal Court on the sole premise that the non-diverse, co-defendant Browning Farms, Inc. ("Browning Farms") was fraudulently joined. For the reasons contained herein, Plaintiff will show this Court that this action was untimely and improperly removed and should be remanded back to state court.

## STATEMENT OF ISSUES

First, Defendant Monsanto's removal was untimely as it should have been filed within thirty days of service. Monsanto attempted to explain its untimeliness by alleging that new information gleaned from the Affidavit of Wayne Browning of Browning Farms allowed them to ascertain their grounds for removal. However, as argued more fully herein, the statements presented by the Affidavit of Wayne Browning of Defendant Browning Farms and relied on by Defendant Monsanto in their Notice of Removal were already raised by the pleadings of the parties. In fact, the Affidavit was filed in pleadings prior to Defendant Monsanto filing an answer to Plaintiff's Complaint and the Affidavit contained no new information to ascertain grounds for removal. Second, even allowing the untimely removal, Monsanto's theory that Browning Farms was fraudulently joined to defeat jurisdiction fails because as argued herein, Defendant Monsanto has not met its burden of showing that Plaintiff has no possibility of establishing causes of action for failure to warn and negligence against Defendant Browning Farms. Consequently, complete diversity does not exist.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an illiterate, life-long farm worker that spent most of his career working in Barnwell and Allendale Counties in South Carolina. During his time working on farms, Plaintiff routinely used Roundup. In 2015, Plaintiff began to experience health complications that eventually led to his cancer diagnosis of Non-Hodgkin's Lymphoma. Over the course of his treatment, Plaintiff developed partial paralysis from the waist down due to neurological complications. Plaintiff struggles daily with the difficulties that his

cancer has caused in his life.

Plaintiff has brought this action based on the belief that his exposure to Roundup caused his cancer. Plaintiff's complaint was originally filed in the Court of Common Pleas for Allendale County on July 29, 2019; Case No. 2019-CP-03-00-140. On October 4, 2019, Defendant Browning Farms filed a Motion to Transfer Venue, Motion to Dismiss, Memorandum in Support of its Motions, and an Affidavit of Warren Browning. None of those motions have been heard or decided. Defendant Monsanto and Helena Agri-Enterprises, LLC D/B/A Helena Chemical Co. ("Helena") filed their responsive pleadings to Plaintiff's case on October 7, 2019. Defendant Monsanto removed this action on November 4, 2019, allegedly based on arguments that it derived from the Affidavit of Warren Browning, the Plaintiff's pleadings, and EPA regulatory findings. On November 18, 2019, Plaintiff filed his Motion to Remand (USDC Doc. #9). On November 13, 2019, the Judicial Panel on Multidistrict Litigation ("Panel") issued a Conditional Transfer Order (CTO-166) and a Notice of Filing of CTO and Publication of Briefing Schedule. On November 20, 2019, Monsanto filed with the District Court a Motion to Stay (USDC Doc.# 11). Subsequently, on November 27, 2019, Plaintiff filed his Response in Opposition to Monsanto's Motion to Stay (USDC Doc.# 14). On December 20, 2019, the Court granted Monsanto's Motion to Stay without ruling on Plaintiff's Motion to Remand. (USDC Doc.# 23). On November 20, 2019, Plaintiff filed his Notice of Opposition with the Panel (MDL Doc. # 1436). On December 5, 2019, Plaintiff filed a Motion to Vacate CTO-166 and Memorandum in support of his Motion to Vacate (MDL Doc. # 1484). On February 5, 2020, the panel entered an Order transferring this case to the MDL (MDL Doc. # 1616).

**STANDARD OF REVIEW**

"Federal courts must construe removal statutes strictly, guard against expansion of removal jurisdiction by judicial interpretation, and resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Branch v. Coca-Cola Bottling Co. Consol.*, 83 F. Supp. 2d 631, 632 (D.S.C. 2000) (internal quotation marks omitted). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "The burden of

establishing federal jurisdiction is placed upon the party seeking removal." Id.

Defendant Monsanto's exclusive basis for federal court jurisdiction is premised on diversity. A federal district court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). In order to invoke diversity jurisdiction, the statute requires complete diversity between all parties. *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806), *overruled in part by Louisville, C. & C.R. Co. v. Letson*, 43 U.S. 497 (1844). Complete diversity requires that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1990). Additionally, a civil action otherwise removable solely on the basis of diversity jurisdiction may not be removed if any of the parties in interest properly joined and served as defendants are citizens of the state in which such action is brought. 28 U.S.C. 1441(b)(2). This type of removal is generally known as the "home state defendant rule." In cases where the district court's jurisdiction is based on diversity of citizenship, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements. See *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing a case based on diversity jurisdiction, the party invoking federal jurisdiction must allege diversity jurisdiction in the notice of removal and, when challenged, demonstrate basis for jurisdiction).

**ARGUMENT AND AUTHORITY**

**I.   This Action is Not Removable Because of Incomplete Diversity Between Plaintiff and Browning Farms, Inc. and the Home State Defendant Rule.**

The Defendants cannot meet their burden of establishing federal jurisdiction because, as the Defendants have conceded, complete diversity amongst all parties does not exist. Defendant Browning Farms is a business organization that exists under the laws, maintains its principal place of business, and exclusively operates in the State of South Carolina; the same state as Plaintiff. (*See* Bodiford Aff., MDL Doc. #9-2)

**A. Monsanto Must Meet a High Standard to Establish Fraudulent Joinder**

Defendant Monsanto argues that Defendant Browning Farms should be disregarded because it was fraudulently joined. To prove fraudulent joinder, the Defendants must show either "that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (internal quotation marks omitted). Even if Plaintiff has the slightest possibility of establishing a cause of action against that defendant. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999); *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir.1999). "The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper." *Hartley*, 187 F.3d at 425. The Defendants do not allege any bad faith in pleading, so the proper inquiry is whether Plaintiff has any possibility of recovery against the non-diverse defendant. "The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Id.* at 232-33. "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). "The chance of a challenged removal based on fraudulent joinder succeeding when the discovery period remains open fades to an infinitesimal amount when the plaintiff produces any evidence in support of the element at issue." *Boyd v. Guinyard*, C/A No.: 5:18-cv-00269-JMC, 2018 WL 3322971, at *3 (D.S.C. July 6, 2018) (internal citations omitted). "The mere fact that discovery remains open prevents the court from concluding that such evidence would be impossible to come by." *Id*. There need be only a slight possibility of a right to relief to defeat a claim of fraudulent joinder. *Hartley*, 187 F.3d at 426 (citing *Marshall*, 6 F.3d at 233).

Although the "no possibility" standard is the clearly established precedent, Defendant Monsanto has introduced a number of arguments incorporating an inappropriate standard, to confuse, frustrate, and convolute what should be a very simple analysis. In its Removal, Monsanto cites *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 819 (E.D. Va. 2005), for the alternative, albeit less stringent, "real intention" standard that fraudulent joinder exists when a nominal, nondiverse defendant is joined solely for the tactical reason

to destroy diversity without any intention of ever recovering from such defendant. This "real intention" standard was first developed in *AIDS Counseling & Testing v. Grp. W. Tel. Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990). *AIDS Counseling* has been interpreted to support the proposition that the "no possibility" standard is to be applied reasonably, not rigidly, and that a district court should look outside the pleadings and to the entire record in order to determine whether there was fraudulent joinder insofar as the plaintiff has a "real intention to get a joint judgment." *Id*. at 1003. Importantly however, a close examination of *AIDS Counseling* and the Fourth Circuit's subsequent decisions concerning fraudulent joinder reveals that the "no possibility" standard—not the "real intention" standard—is the correct standard for fraudulent joinder, and that although a district court may look beyond the pleadings in determining whether there is fraudulent joinder in certain circumstances, it is not required nor appropriate in some instances. *See Mayes v. Rapaport,* 198 F.3d 457, 461 (4th Cir. 1999) (to show fraudulent joinder, a removing party must demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is ***no possibility*** that the plaintiff would be able to establish a cause of action against the in-state defendant in state court) (emphasis added).

      Defendant Monsanto perpetuates an analysis more akin to a motion for summary judgment with such evidentiary requirements. However, "a jurisdictional inquiry is not the appropriate stage of litigation to resolve these various uncertain questions of law and fact." *Hartley*, 187 F.3d at 425. While the court may certainly examine materials beyond the pleadings themselves, there is no requirement that the Court must rely exclusively on evidence as a foundation for its findings in the context of this fraudulent joinder analysis. The Court is free to consider just the pleadings, affidavits, declarations, or any combination thereof. Defendant Monsanto incorrectly argues that once a removing defendant provides evidence predicating fraudulent joinder that any allegations in the complaint are rendered meaningless. *See* Opp. to Remand, USDC Doc. # 16, at 6, 9 ("In light of this affidavit, plaintiff was required to come forward with evidence . . .."). In support of this proposition, Defendant Monsanto has cited to *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 534 (D.S.C. April 29, 2014). In *Williams*, the Court found that a

complaint only containing one allegation[1] was insufficient to establish a colorable claim or even a cause of action. The Defendant in *Williams* submitted an affidavit that the fraudulently joined defendant resided in North Carolina, not Horry County. The Court also took notice that the Plaintiff did not challenge the fraudulent joinder, did not provide any additional allegations, and did not submit any evidence to the contrary. But like all prudent federal district courts, when prompted with a motion to dismiss, the *Williams* Court acted on its independent duty to ensure that subject matter jurisdiction exists since the matter had been removed from state court and still contained a non-diverse defendant. *Id.* (*citing* 28 U.S.C. § 1447; *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir.1998)). The *Williams* case merely establishes that if there are grounds to dismiss a complaint against a non-diverse defendant, then there may also grounds for fraudulent joinder, and the court is unable to rule on either question until jurisdiction has been established. Importantly, the *Williams* Court noted and in its fraudulent joinder analysis it relied on the Fourth Circuit holding that the "[t]his standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.* at 534 (*citing Hartley,* 187 F.3d at 424). Thus, in *Williams*, the Court was not only finding that material allegations were lacking, but also finding that the Plaintiff did not meet its pleading burden under the Fed. R. Civ. P. 12(b)(6) standard. This holding in the *Williams* case is a far cry from the proposition presented by Defendant Monsanto that Plaintiff's true and accurate allegations regarding the negligible conduct of Defendant Browning Farms should be disregarded because an affidavit contesting those allegations has been submitted in discovery. Nonetheless, despite the erroneous claim of Defendant Monsanto, Plaintiff actually has provided evidentiary grounds that sufficiently address the notice issue regarding Defendant Browning Farm.

    Furthermore, the Fourth Circuit has only applied the standard announced in *Aids Counseling* in two subsequent cases, and then only where the plaintiff is attempting to join a non-diverse defendant ***after***

---

[1] The single statement was "upon information and belief, Defendant Joe Woo is a citizen and resident of Horry County, South Carolina."

*removal*. *See Kinley v. Husqvarna Consumer Outdoor Products, N.A., Inc.*, C/A No. 5:18-cv-01845-CMC, 2018 WL 4403391, at *1 n.1 (D.S.C. September 17, 2018) (emphasis added) (reviewing *AIDS Counseling* precedents, declining to apply the "real intention" standard, applying the "no possibility" standard and limiting the Court's consideration to the pleadings). Lastly, the Court has previously found that when considering the "no possibility" standard in a fraudulent joinder or fraudulent misjoinder context, courts should not solely look to the intentions of the plaintiff. *See Cty. of Anderson v. Rite Aid of South Carolina, Inc.*, Case No.: 8:18-cv-1947-BHH, 2018 WL 8800188 at *6 (D.S.C. Aug. 20, 2018) ("[a]Accordingly, a plaintiff's intention not to seek a judgment alone should not be a ground for a finding of fraudulent joinder."); *In re Lipitor Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2:14-mn-02502-RMG 2016 WL 7339811 at *6 (D.S.C. Oct. 24, 2016) (finding that the "no possibility standard is not as vague as the standard articulated by some courts" and "does not require a state-of-mind element.").

Nonetheless, Defendant Monsanto has cited to *Linnin,* as a progeny of *AIDS Counseling* and a line of analysis that has not been adopted by the Fourth Circuit. In *Linnin*, the district court applied what appears to be a modified version of the "no possibility" standard to inquire into plaintiff's real intention for naming the defendant. *See Linnin,* 372 F. Supp. 2d at 819–20. Ultimately, the *Linnin* Court held that the nominal defendant had been named for tactical reasons and that the plaintiff's claim failed because there was no possibility that defendant was a proximate cause of plaintiff's alleged injury. *Id*. at 821. More importantly, this reflects that the district court in *Linnin* still reached its conclusion based on the "no possibility" standard despite citing and considering the "real intention" language of *AIDS Counseling*. *Id*. at 821. Thus, although it may be unclear which standard the district court in *Linnin* ultimately applied, it is clear that the *Linnin* court held that even under the no possibility standard, the plaintiff's claim failed.

Defendant Monsanto relied on this case law in its Notice of Removal to soften the rigidity of the stringent fraudulent joinder standard. (MDL Doc. #1, ¶ 14). Defendant Monsanto somewhat blurs the lines between the two standards by citing *Linnin* for the proposition that "the no possibility standard cannot possibly be taken literally or applied mechanically," and also that "there is no reasonable basis for the district court to predict that plaintiff might be able to recover against an in-state defendant." *Id*.  However,

Defendant Monsanto's arguments do not accurately reflect the stringent and clearly established precedents of *Hartley* that there must be "no possibility" and *Mayes* that "there need be only a slight possibility of a right to relief." *Hartley*, 187 F.3d at 424; *Mayes*, 198 F.3d at 466. Furthermore, Plaintiff is unable to discover an instance in which the blended "real intention" standard addressed in *Linnin* has also been applied in a District Court for the State of South Carolina or in the Fourth Circuit other than as is mentioned above. Accordingly, Monsanto's reliance on the "real intention" standard of "predicting that plaintiff might be able to recover against an in-state defendant" as asserted by Defendant Monsanto is improper and inapplicable to the present case.

Thus, an analysis of Defendant Monsanto's assertion of fraudulent joinder begins with the proper application of determining whether even a "slight possibility of a right of relief" exists for Plaintiff against Defendant Browning Farms. *Hartley*, 187 F.3d at 426. "Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Id*. "The chance of a challenged removal based on fraudulent joinder succeeding when the discovery period remains open fades to an infinitesimal amount when the plaintiff produces any evidence in support of the element at issue." *Boyd v. Guinyard*, C/A No. 5:18-cv-00269-JMC, 2018 WL 3322971, AT *3 (D.S.C. July 6, 2018) (internal citations omitted). "The mere fact that discovery remains open prevents the court from concluding that such evidence would be impossible to come by." *Id*. There need be only a slight possibility of a right to relief to defeat a claim of fraudulent joinder. Hartley, 187 F.3d at 426 (citing Marshall, 6 F.3d at 233). Therefore, Defendant Monsanto's arguments on fraudulent joinder must fail.

**B. Plaintiff has Established Causes of Action for Negligence and Failure to Warn Against Defendant Browning Farms**

Plaintiff has established two specific causes of action against Defendant Browning Farms: (1) failure to warn and (2) negligence. In order to bring a cause of action for failure to warn in South Carolina, a Plaintiff must allege that his use of the unreasonably dangerous product was without a suitable or adequate warning that should have been provided by a Defendant. *Marchant v. Lorain Division of Koehring*, 272 S.C. 243, 247 (1979). Furthermore, when this cause of action is premised on negligence, then such duty to

warn may be extended beyond the manufacturer to a purchaser-employer that provides it to their employees. *See Bragg v. Hi-Ranger, Inc.*, 319 S.C. 531, 550 (S.C. Ct. App. 1995) (recognizing the interplay of the sophisticated user doctrine and an employee's reliance on his employer to recognize the dangers associated with a product); *see also Goodbar v. Whitehead Bros.*, 591 F. Supp. 552 (W.D. Va. 1984), *aff'd sub nom. Beale v. Hardy*, 769 F.2d 213 (4th Cir.1985) (in failure to warn case brought by employees of foundry suffering from silicosis, the court found that because supplier had reason to believe that the knowledgeable industrial purchaser of the product (the foundry) would recognize the dangers associated with the product, the supplier's reliance on the foundry to warn and protect the workers was reasonable, and the supplier was not mandated to give warnings directly to the employees). Plaintiff's specific allegations directed at Defendant Browning Farms regarding the failure to warn are:

> Defendant Browning Farms knew or should have known the of the risks associated with the reasonably foreseeable uses (and misuses) of Roundup® and glyphosate-containing products and had a duty to warn Plaintiff, who they instructed to use the product, of those risks.

(Complaint, ¶ 85). These allegations clearly comport with the required pleading for asserting a claim of failure to warn. Also, of importance, this negligence action is Plaintiff's only recourse for his claim against Browning Farms because pursuant to S.C. Code stat. 42-1-360(4), Plaintiff is not entitled to bring any workers compensation action. Thus, Plaintiff's sole recourse and avenue for pursuing a remedy to his injuries is through these claims against Browning Farms and Monsanto.

Plaintiff has also directed a general negligence claim against Defendant Browning Farms. This claim of negligence is similarly premised on the failure of Defendant Browning to exercise reasonable care in advising and protecting its employees while using and implementing Roundup in its farming operations. (Complaint, ¶¶ 109-37). Plaintiff specifically alleges:

> Defendant Browning Farms, having existed for more than forty years in the agriculture industry should have been more astutely aware of the chemical impacts associated with the general usage of herbicides and other agri-chemicals, particularly Roundup.

Again, Plaintiff properly and adequately plead viable causes of action against Defendant Browning Farms on the grounds of negligence.

In challenging the validity of Plaintiff's claims, Defendant Monsanto relies on the affidavit of Wayne Browning which conclusively states that no one at Browning Farms "was aware of or had knowledge of the alleged dangers of Roundup." (*See* Browning Aff., MDL Doc. # 1-3, ¶ 10). As a preliminary matter, such an affidavit merely <u>evidences the existence of a question of fact</u> and cannot be inferred as an un-equivocated absolution of liability. Arguably, by merely providing a statement in an affidavit that challenges the allegations of the complaint, Defendant Browning Farms recognizes and provides a factual basis to support the proposition that it is proper party to these proceedings and satisfies such a basic tenet of the fraudulent joinder inquiry. That is to say, that taken in a light most favorable to the Plaintiff, it must be inferred that Defendant Browning Farms, through its own affidavit, has conceded that Plaintiff has established a cause of action against it, since by its own affidavit it is challenging the facts of such allegations.

Furthermore, there is direct evidence in the record that tends to prove that Wayne Browning, owner of Browning Farms, had actual knowledge that Roundup® was harmful to someone that was exposed to it. Wayne Browning states that he provided Mr. Bodiford with "gloves to wear by working with subject product," and that he "offered to purchase a coverall suit for Randy Bodiford to use while working with the subject product." (*See* Browning Aff., MDL Doc.# 1-3, ¶¶ 14-15). This testimony exhibits an apparent contradiction in the level of awareness and concern that Browning Farms had when handling Roundup. Certainly, if Wayne Browning admits that there was a reason to use gloves and a coverall suit as personal protective gear, then he is also implying that the chemicals being handled with such personal protective equipment was potentially harmful or injurious to the handler. It is axiomatic that an employer would advise his employee to use gloves, let alone a coverall suit, when handling Roundup® if that employer did

not also have at least a slight inference that an injury may result without such personal protective equipment. This elicited inference clearly exhibits that Wayne Browning and Defendant Browning Farms had *actual knowledge of the dangers* from exposure to Roundup®. Defendant Monsanto has not presented any argument, facts, or evidence to refute these statements. The burden for establishing removal and jurisdiction is on Defendant Monsanto and that burden has not been met. There is incomplete diversity in this action, and it must be remanded. At least that is the reasonable inference that a factfinder could draw and much more than the "slight glimmer of hope" that this jurisdictional inquiry requires. *Hartley*, 187 F.3d at 426.

These reasonable inferences that a fact finder could draw are also supported by the Affidavit of the Plaintiff (MDL Doc. #9-2) which sets forth additional factual bases supporting claims against Defendant Browning Farms. Plaintiff provides that he was completely reliant on Defendant Browning Farms and Wayne Browning for all instructions on when, where, and how to use Round Up. (Bodiford Aff., MDL Doc. #9-2, ¶¶ 4, 7, 9, 10-16). In fact, Plaintiff Bodiford is unable to read or write and he completely relied on Wayne Browning to warn him of any dangers in handling products. (Bodiford Aff., MDL Doc. #9-2, ¶ 4, 11, 12, 22). Although Plaintiff concedes that rubber gloves were made available on some instances for handling other chemicals, he explicitly denies that they were provided for use with Roundup and that Wayne Browning offered to purchase him a coverall suit for use with Roundup as well. (Bodiford Aff., MDL Doc. #9-2, ¶ 13).

Moreover, Defendant Monsanto has raised their own responsive allegations and affirmative defenses which will require the inclusion of Defendant Browning Farms. Defendant Browning Farms is a necessary party to this litigation in order to appropriately and completely determine the questions of fact that Defendant Monsanto has raised by asserting the defenses of the conduct of third parties, the apportionment of damages amongst liable parties, the misuse of the product, the abnormal use of the

product, the failure to follow instructions, the acts or omissions of others, and the sophisticated user doctrine. (Def. Monsanto Answer, Separate and Affirmative Defenses, County of Allendale, Case No. 2019CP0300140, Filed October 7, 2019, ¶¶ 5, 12, 14, 15, 24, and 26).

As previously mentioned, the duty to warn may be extended beyond the manufacturer to a purchaser-employer that provides it to their employees. *See Bragg v. Hi-Ranger, Inc.*, 319 S.C. 531, 550 (Ct. App. 1995). If Defendant Monsanto intends to assert the Sophisticated User Doctrine as a counter argument to this duty to warn, then Defendant Browning Farms is an essential party because of Plaintiff's inability to read or write and his reliance on Wayne Browning to relay such warnings. (Bodiford Aff., MDL Doc. #9-2, ¶ 22). Each of the above-mentioned defenses will undeniably involve and implicate questions of fact related to Defendant Browning Farms. Unless Defendant Monsanto intends to abandon these affirmative defenses, Defendant Browning Farms remains a proper co-defendant to this action.

### II.     Defendant Monsanto's Notice of Removal is Untimely.

Plaintiff filed his complaint in the Court of Common Pleas for Allendale County on July 29, 2019. Defendant Monsanto requested an extension from Plaintiff's counsel to respond by October 7, 2019. Plaintiff's counsel provided the extension. The Affidavit of Wayne Browning was filed with pleadings by Defendant Browning Farms on October 4, 2019.  Defendant Monsanto subsequently filed an Answer to Plaintiff's Complaint on October 7, 2019.. Pursuant to 28 U.S.C. 1446(b), a defendant has thirty days to file a notice of removal after being served with a complaint. Accordingly, as an initial matter, if Defendant Monsanto intended to challenge the Plaintiff's pleadings or raise another issue that already existed as its basis for removal, then a Notice of Removal on those basis had to of been filed by the agreed upon deadline which was October 7, 2019. Defendant Monsanto removed this action on November 4, 2019 and provided that the basis of this removal was the Affidavit of Wayne Browning, EPA regulatory findings, and Plaintiff's allegations. (MDL Doc. #1, ¶ 4).   In addition, the EPA regulatory findings dated August 8, 2019, and Plaintiff's allegations were beyond the point of consideration as a basis for removal after October

7, 2019. Thus, any arguments of Defendant Monsanto that are premised on the Affidavit, EPA regulatory findings, and Plaintiff's allegations are untimely and waived. This specifically includes and requires that all legal grounds argued by Defendant Monsanto in Paragraphs 15-20, 22-26, and 28 of Defendant Monsanto's Notice of Removal should be disregarded.

Defendant Monsanto is likely to argue that pursuant to 28 U.S.C. § 1446(b)(3), an opportunity for removal may arise after some information is ascertained that makes the case removable. A Defendant seeking removal based on the grounds of new information has thirty days from the date that the information "may first be ascertained." 28 U.S.C. § 1446(b)(3). Defendant Monsanto is likely to assert that the new information gleaned from the Affidavit of Wayne Browning allowed them to ascertain their grounds for removal. However, the burden of persuasion is on Defendant Monsanto to show that the action was duly removed, and any substantial doubts as to the propriety of removal must be resolved against them. *See Brown v. Kearse*, 481 F. Supp. 2d 515, 521 (D.S.C. March 19, 2007). The statements presented by the Affidavit of Wayne Browning and relied on by Defendant Monsanto in their Notice of Removal were already raised by the pleadings of the parties. No new information was ascertained or gleaned from the affidavit. Arguably, the well-informed and knowledgeable parties involved in these proceedings could and should have intelligibly discovered the grounds that they are now relying on simply based off initial information that was publicly available and contained within the pleadings. The Affidavit of Wayne Browning merely reiterates the same general allegations and denials of the parties. Thus, no new information has been ascertained that would provide them with a basis for removal, and accordingly, their Notice of Removal is untimely.

## **CONCLUSION**

Defendant Monsanto failed to timely raise any ground upon which their removal is premised. Furthermore, Defendant Monsanto has not met its burden of showing that Plaintiffs have no possibility of establishing causes of action for failure to warn and negligence against Defendant Browning Farms. Accordingly, complete diversity does not exist, and Plaintiff respectfully requests that this Motion to Remand be granted and this matter be restored on the trial roster for the Court of Common Pleas in

Allendale County, South Carolina.

Dated: March 5, 2020

Respectfully submitted,

*/s/ John E. Tomlinson*
John E. Tomlinson (TOM014)
Rhon E. Jones (JON093)
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS AND MILES, P.C.**
Post Office Box 4160
218 Commerce Street
Montgomery, Alabama 36103
Phone: (334) 269-2343
Fax:    (334) 954-7555
john.tomlinson@beasleyallen.com
rhon.jones@beasleyallen.com

Mark D. Ball (Fed ID#5122)
Neil E. Alger (Fed ID#11903)
**PETERS, MURDAUGH, PARKER, ELTZROTH & DETRICK, P.A.**
101 Mulberry Street East
P.O. Box 457
Hampton, South Carolina 29924
Phone: (803) 943-2111
Fax: (803) 943-3943
nalger@pmped.com
mball@pmped.com

*Attorneys for Plaintiff*

### **CERTIFICATE OF SERVICE**

I, John E. Tomlinson, hereby certify that, on March 5, 2020, I electronically filed the foregoing with the Clerk for the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

/s/ John E. Tomlinson
JOHN E. TOMLINSON

___

PLAINTIFF'S MOTION TO REMAND 3:20-cv-01025