Bryce T. Hensley
Illinois State Bar No. 6327025
Romanucci & Blandin, LLC
321 N. Clark Street, Suite 900
Chicago, Illinois 60654
312-253-8800
bhensley@rblaw.net
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION* | MDL Docket No. 2741 |
| | Case No. 3:16-MD-2741-VC |
| This Document relates to: | The Honorable Judge Vince Chhabria |
| *Meghan Caruso, et al. v. Russo Hardware, et al.* | |
| USDC – NDIL No. 1:19-cv-7121 | |
| USDC – NDCA No. 3:20-cv-01017-VC | **PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED BRIEFING SCHEDULE ON MOTION TO REMAND** |
| | **Hearing Date: March 12, 2020 at 10:00 a.m.** |

## I.  Introduction

1.  An emergency briefing schedule is required to avoid irreparable prejudice to Plaintiff Meghan Caruso.

2.  On October 21, 2019, prior to Monsanto's improper removal of this action to federal court and just before the two-year statute of limitations expired, Caruso properly utilized an idiosyncratic Illinois procedural mechanism which allows for the naming of "Respondents in Discovery" triggering a month toll on the statute of limitations for converting those identified to defendants.[1] Caruso named four such entities.

3.  There is no analogous provision to this Illinois statute in federal court or any other state court around the country. Should Caruso's Motion to Remand not be decided promptly, Caruso severely risks the expiration of the six-month deadline on April 21, 2020 to convert those potentially culpable parties to defendants under Illinois law.[2]

4.  The parties had already completed briefing on Caruso's Motion to Remand prior to transfer to this Court by the Judicial Panel on Multidistrict Litigation (JPML) and while pending in the Northern District of Illinois. *See* Dkts. 10, 22, 23.

---

[1] *See* 735 ILCS 5/2-402.
[2] Caruso's Motion to Remand is already being briefed in the Northern District of Illinois. On November 12, 2019, the Honorable Virginia M. Kendall entered a briefing schedule, which provides for Monsanto to file its response on December 6, 2019, and Caruso to file her reply on December 20, 2019.

2

5. Prior to the transferor court ruling, the JPML entered a Conditional Transfer Order in this matter on February 6, 2020—which Caruso had strenuously fought to avoid due to the same concerns now raised in this Emergency Motion. *See* Ex. 1-A, Pl. Motion to Vacate CTO-167; Ex. 1-B, Pl. Memorandum ISO Motion to Vacate.

6. This case now sits in line behind tens-of-thousands of similarly-situated cases and claimants while the six-month clock for conversion dwindles and Caruso's window to add potential defendants to this action under Illinois law is closing.

7. Because of the expiring deadline and because briefing was already completed in the transferor court,[3] Caruso respectfully requests this Court grant an expedited briefing schedule on her Motion to Remand.[4]

## II. Factual Background

8. In October 2017, at the age of 33, John Caruso—husband, father, and landscaper—passed away from non-Hodgkin's lymphoma as a result of exposure to Monsanto's Roundup® herbicide. Russo is an Illinois-based company, a landscaping industry leader, and one of the companies that sold Roundup® to John Caruso's employer, the University of Illinois-Chicago, for years.

---

[3] Caruso recognizes that the contents of the briefing will be modified slightly to reflect the transfer of this matter to a different United States District Court from where the initial briefing was completed. Notwithstanding, the facts surrounding the issue of remand have not changed and the controlling law in the transferee court is largely identical to that of the transferor court.
[4] Caruso intends on filing a Motion to Remand and Memorandum in Support simultaneously with this Emergency Motion for Expedited Briefing Schedule.

9.     Meghan Caruso, a citizen and resident of Illinois, filed her initial Complaint in state court against Russo on October 30, 2018.

10.    Caruso served Russo the following day on October 31, 2018.

11.    Caruso later amended her Complaint and added claims against Monsanto on November 1, 2018.

12.    Critically, in October 2019, after engaging in written discovery and receiving documents from Intervenor University of Illinois-Chicago, Caruso found four other potential culpable distributors under Illinois law.

13.    Caruso subsequently filed her Second Amended Complaint naming those other distributors as "Respondents in Discovery" on October 21, 2019.

14.    Caruso subsequently issued discovery to assess the viability of potential claims against them.[5]

15.    This matter was removed to federal court by Monsanto shortly thereafter in October 29, 2019, just days before the one-year deadline to remove cases pursuant to 28 U.S.C. § 1441(c) expired. Dkt. 1.

16.    Since that time, Caruso filed her Motion to Remand, Dkt. 10, Monsanto filed their Response, Dkt. 22, and Caruso filed her Reply. Dkt. 23.

17.    Briefing was complete in the Northern District of Illinois on December 20, 2019. *See* Dkt. 23.

---

[5] Illinois law provides that a plaintiff has an additional six months after naming an entity as a respondent to conduct discovery and convert them into a proper defendant on good cause. 735 ILCS 5/2-402.

18. While waiting for the Northern District of Illinois to rule on Caruso's Motion to Remand, the JPML transferred the matter to this Court.

19. As of the filing of this Emergency Motion, only two Respondents in Discovery have answered the propounded discovery while the remaining two Respondents in Discovery have not responded.

20. Since federal courts do not recognize the Respondents in Discovery as parties to this claim, Caruso has no means of enforcing Illinois state discovery rules in federal court rendering any attempts to do so toothless.

### III.   Argument

21. Caruso is faced with an evanescent deadline of April 21, 2020 to decide on the viability of claims against the Respondents in Discovery and then convert them to Defendants.

22. These Respondents in Discovery were formally identified on October 21, 2019 and the matter was removed just eight days later, prior to Caruso receiving any discovery from any of the Respondents in Discovery.

23. Should this motion be denied, Caruso faces tremendous uncertainty as to whether she will ever be able to (1) receive information from the Respondents; or (2) convert those Respondents to Defendants in this case asserted on behalf of her now-deceased husband and his estate.

24. Even more troublesome in this multidistrict, multiforum litigation is the prospect of one of the named Defendants being exposed to tens of thousands of claims

and tens of billions of dollars in settlements and/or verdicts and a potential bankruptcy.

25. These Respondents, more plainly these putative-Defendants, may be her only opportunity to recover full justice for her husband's death.

26. Given this impending and fast-approaching deadline in approximately 1.5 months (April 21, 2020) and the fact that briefing the remand issue was already completed, an expedited briefing schedule on her Motion to Remand avoids prejudice for Caruso and does not prejudice Monsanto in any way.

27. A briefing schedule as follows preserves Caruso's ability to convert the Respondents in Discovery within the six-month window provided by Illinois law, potentially enforce Illinois discovery rules to compel a response, and allows both Monsanto and the Court ample time to respectively brief and review the matter before ruling:

| **Caruso filing of her Motion to Remand and Memorandum in Support** | **March 5, 2020** |
|---|---|
| **Deadline for Monsanto to Respond to Caruso's Motion to Remand** | **March 19, 2020** |
| **Deadline for Caruso to Reply to Monsanto's Response to Motion to Remand** | **March 26, 2020** |
| **Hearing, if necessary, on Caruso's Motion to Remand** | **April 2, 2020** |

28. While Caruso recognizes the amount of time and resources necessary for the Court to accommodate such a request, especially given the breadth and

expanse of this MDL, she risks being irreparably barred from naming four potentially-culpable Defendants in this wrongful death suit on behalf of her husband and his estate should the matter not be decided in advance of April 21, 2020.

29. Caruso has diligently and expeditiously fought to have this Motion to Remand decided as quickly as possible to preserve the right provided under Illinois state law that is now at risk:

   a. Caruso's Motion to Remand, Dkt. 10, was filed just six days after the case was removed to federal court. Dkt. 1.

   b. When Monsanto sought to stay briefing on Caruso's Motion to Remand, Dkt. 13, Caruso responded just five days later with her opposition citing the same concerns addressed in this Motion. Dkt. 18.

   c. Caruso's Reply to Monsanto's Response, Dkt. 23, was timely filed within the time prescribed by the transferor court in its briefing schedule. Dkt. 20.

   d. The Judicial Panel on Multidistrict Litigation filed Conditional Transfer Order-167 (CTO-167) on November 15, 2019 and Caruso filed her opposition on the same day. Ex. 2, Conditional Transfer Order Filed; Ex. 3, Caruso's Notice of Opposition to CTO-167.

   e. Pursuant to the briefing schedule entered by the JPML, Ex. 4, briefing schedule, Caruso filed her Motion to Vacate within the time prescribed. Ex. 1. Caruso's Motion to Vacate cited the same concerns addressed in this Motion.

   f. Caruso then filed her Reply to Monsanto's Response to the Motion to Vacate within the time prescribed: December 30, 2019. Ex. 5, Caruso's Reply ISO of Motion to Vacate.

   g. Upon transfer to this Court and the opening of this case on February 26, 2020, Caruso is now prepared to file her Motion to Remand within eight days.

30. Such a request is sounded in the equitable administration of justice and is required to preserve her potential claims.

## IV. Conclusion

WHEREFORE, Meghan Caruso, individually and as Independent Executor of the Estate of John Caruso, respectfully requests this Court enter an order granting her request for an expedited briefing schedule as set forth in this Emergency Motion and for any further relief this Court deems fair and just.

Respectfully submitted,

Date: March 6, 2019

/s/ Bryce T. Hensley
Illinois State Bar No. 6327025
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, IL 60654
312-253-8800
bhensley@rblaw.net
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Bryce T. Hensley, Counsel for Plaintiff, hereby certify that on March 6, 2020, I electronically filed "Plaintiff's Emergency Motion for Expedited Briefing Schedule on Motion to Remand" and accompanying documents with the Clerk of the Court using the CM/ECF System, which send notification of such filing to the following CM/ECF participants:

T.J. Dammrich, II
Peter Francis O'Neill
Shook, Hardy & Bacon LLP
111 S. Wacker, Suite 4700
Chicago, IL 60606
(312) 704-7721
tjdammrich@shb.com
pfoneill@shb.com
docket@shb.com

Brett Michael Mares
Heyl Royster Voelker & Allen
33 N. Dearborn Street
7th Floor
Chicago, IL 60602
(312) 853-8700
bmares@heylroyster.com

Date: March 6, 2020                                    /s/ Bryce T. Hensley
                                                       Illinois State Bar No. 6327025
                                                       **ROMANUCCI & BLANDIN, LLC**
                                                       321 N. Clark Street, Suite 900
                                                       Chicago, IL 60654
                                                       312-253-8800
                                                       bhensley@rblaw.net
                                                       *Counsel for Plaintiff*