Bryce T. Hensley
Illinois State Bar No. 6327025
**Romanucci & Blandin, LLC**
321 N. Clark Street, Suite 900
Chicago, Illinois 60654
312-253-8800
bhensley@rblaw.net
*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION* | MDL  Docket No. 2741 |
| | Case No. 3:16-MD-2741-VC |
| This Document relates to: | The Honorable Judge Vince Chhabria |
| *Meghan Caruso, et al. v. Russo Hardware, et al.* | |
| USDC – NDIL No. 1:19-cv-7121 | **PLAINTIFF'S MOTION TO REMAND** |
| USDC – NDCA No. 3:20-cv-01017-VC | **Hearing Date: April 2, 2020 at 10:00 a.m.** |

NOW COMES the Plaintiff, Meghan Caruso, individually and as Independent Executor of the Estate of John Caruso, deceased, and moves this Honorable Court to remand this matter to the Circuit Court of Cook County pursuant to 28 U.S.C. §1447. In support thereof, Plaintiff states as follows:

## Introduction

1.     On October 29, 2019, Monsanto Company, Inc. removed this case to the Northern District of Illinois with a Notice of Removal, Dkt. 1, that is both procedurally and substantively flawed. [1]

2.     Procedurally, Monsanto Company Inc.'s ("Monsanto") removal of this matter to federal court was untimely.

3.     Substantively, Caruso's Second Amended Complaint alleges viable, state law claims against a non-diverse, Illinois-based, properly-joined Defendant.

4.     Caruso now files this Motion to Remand and incorporates her Memorandum of Law in Support thereof, filed concurrently and attached hereto, to seek remand of this case back to the Circuit Court of Cook County.

## Factual Background

5.     This is a wrongful death/survival action arising from the untimely and unnecessary death of John Caruso: a husband, a father, and a landscaper employed

---

[1] References to the ECF Docket will hereinafter be referred to as "Dkt. ___."

by the University of Illinois-Chicago from 2009-2016. *See* Ex. 1, Caruso's Second Amended Complaint at Law.

6.     John Caruso's employer, University of Illinois-Chicago, regularly purchased Monsanto's Roundup® herbicide from an Illinois-based distributor, Defendant Russo Hardware, Inc. ("Russo") which held themselves out as an industry leader in landscaping. Ex. 1 ¶¶95, 102, 117.

7.     In October 2017, John Caruso, then a 33-year old man, passed away due to complications with non-Hodgkin's lymphoma, a form of cancer that the International Agency for Research on Cancer (IARC) concluded was associated with exposure to one of the primary ingredients in Roundup®: glyphosate. Ex. 1 ¶¶108-09.

8.     His wife, the mother of his infant child, and the Independent Executor of his Estate, Meghan Caruso, subsequently filed suit in the Circuit Court of Cook County alleging negligence claims against both Russo and Monsanto, as well as strict liability claims against Monsanto. *See* Ex. 1.

<u>Procedural Background Prior to Removal</u>

9.     On October 30, 2018, Caruso, a citizen of Illinois, filed her Complaint in the Circuit Court of Cook County, Illinois against Russo, also a citizen of Illinois. *See* Ex. A, Caruso's Initial Complaint.

10.     On October 31, 2018, Russo was served with Caruso's Complaint. *See* Ex. B, Affidavit of Service for Russo.

11.   On November 1, 2018, Plaintiff amended her Complaint to add Monsanto, a citizen of Delaware and Missouri. *See* Ex. C, First Amended Complaint.[2]

12.   On November 20, 2018, Monsanto was served with Caruso's First Amended Complaint. *See* Ex. D, Affidavit of Service for Monsanto.

13.   On January 25, 2019, Russo answered Caruso's First Amended Complaint. *See.* Ex. E, Russo's Answer.

14.   Pertinent to the issues contained within this Motion to Remand were the following answers:

   a.  Russo denied having superior knowledge compared to Roundup® users and consumers, including its carcinogenic properties, and denied failing to accompany its sale and marketing with warnings or precautions for that grave danger. Ex. E ¶93.

   b.  Russo admitted that it identified itself as "the premier power equipment and landscape supply dealer of the Midwest." Ex. E ¶95.

   c.  Russo admitted that it is a member of various national trade organizations and that some of its employees attend various trade shows and industry seminars and are trained through vendor training programs and in-house training sessions. Ex. E ¶¶97-99.

   d.  Russo denied the significance of the IARC evaluation, denied the toxicity of glyphosate, and denied glyphosate and Roundup® causes non-Hodgkin's Lymphoma. Ex. E ¶¶9-12.

   e.  Russo denied its awareness of the IARC's 2015 findings and other evidence regarding glyphosate and its dangerous and carcinogenic qualities. Ex. E ¶¶100-101.

---

[2] Caruso also initially named three other Monsanto entities as Defendants in the case; however, upon receipt of Affidavits of Non-Involvement from each such entity, they were voluntarily dismissed.

f.  Russo admitted selling "some products to the University of Illinois at Chicago," but denied that it specifically sold Roundup® to them or that it exposed Plaintiff to Roundup®. Ex. E ¶27.

g.  Russo denied having knowledge of the dangerous and defective nature of Roundup®. Ex. E ¶29.

h.  Russo denied ever selling Roundup® to John Caruso and denied failing to warn consumers about the dangers associated with Roundup® and glyphosate. Ex. E ¶102.

15.  On August 5, 2019, Caruso sent discovery requests, including interrogatories and requests for production, to Russo and a separate set of such discovery requests to Monsanto. Ex. F, Certificate of Service of Discovery Requests.

16.  On August 6, 2019, the parties appeared before the Honorable Karen O'Malley in the Circuit Court of Cook County and an order was entered requiring Russo and Monsanto to answer written discovery by September 19, 2019. Ex. G, 08.06.19 Order.

17.  On September 3, 2019, Caruso filed a Motion for Extension of Time to Answer Discovery. Ex. H, Plaintiff's Motion for Extension of Time.

18.  On September 10, 2019, counsel for Monsanto, speaking for both remaining Defendants, sent an email to Caruso's counsel confirming that both Monsanto and Russo agreed to the extension of time. On September 13, 2019, counsel for Monsanto finalized the agreement to the extension of time, again, on behalf of both Defendants. Ex. I, Emails from Defense Counsel 09.10.19 and 09.13.19.

19.    On October 11, 2019, Caruso responded to Russo and Monsanto's initial discovery requests. Ex. J, Plaintiff's Certificate of Service of Discovery Answers.

20.    On October 11, 2019, counsel for Monsanto emailed Caruso's counsel Monsanto's responses to Caruso's discovery requests, as well as Russo's responses to Caruso's discovery requests. Ex. K, Emails from Defense Counsel 10.11.19.

21.    All of Russo's responses to Caruso's discovery requests were signed by counsel for Monsanto. Ex. L1-L3, Responses to Plaintiff's Discovery Requests.

22.    On October 16, 2019, Counsel for Monsanto filed an Appearance on behalf of Russo. Ex. M, Appearance for Russo.

23.    On October 21, 2019, Caruso amended her Complaint, which did not alter the substance of any allegations or claims against Monsanto or Russo, but added four additional Respondents in Discovery, whose involvement in the case are not substantively relevant for purposes of the action's removal to this Court or the substance of this Motion to Remand. Ex. 1.[3]

---

[3] Under Illinois law, a plaintiff may name a party as a "Respondent in Discovery," which effectively tolls the statute of limitations against them for an additional six months while a plaintiff conducts discovery in order to determine whether they can be converted into a proper defendant on good cause. 735 ILCS 5/2-402. Under federal law, such a mechanism is not recognized. As such, those parties are not relevant to the diversity of citizenship analysis on remand. However, given the expiring time-period by which Caruso has to convert those Respondents in state court under Illinois law (April 21,2020), Caruso will simultaneously be moving in emergency fashion for expedited briefing on this Motion.

## Monsanto's Improper Removal and Transfer

24.     On October 29, 2019, Monsanto removed this action to the Northern District of Illinois claiming diversity of citizenship despite the fact that Russo is incorporated in and maintains their principal place of business in Illinois—a fact that Monsanto does not dispute. Dkt. 1 ¶11, 13.

25.     Monsanto relies on the doctrine of fraudulent joinder in a last-ditch effort—made over 360 days from the commencement of the action—to not only remove the case to federal court, but eventually transfer the matter to this MDL proceeding in the United States District Court for the Northern District of California. Dkt. 1 ¶¶3, 13-29.

26.     On November 4, 2019, Caruso initially filed her Motion to Remand this matter in the Northern District of Illinois. Dkt.10. On December 6, 2019, Monsanto filed its Memorandum in Opposition. Dkt. 22. On December 20, 2019, Caruso filed her Reply to Monsanto's Opposition. Dkt. 23. Briefing on Caruso's Motion to Remand was completed and awaiting ruling by the Northern District of Illinois when this case was transferred to the Northern District of California by the Judicial Panel on Multidistrict Litigation on February 6, 2020 with Conditional Transfer Order 167 (CTO-167). Dkt. 25.

27.     On February 26, 2020, this case was opened in the Northern District of California as Case No. 3:20-cv-1017-VC pursuant to CTO-167. Dkt. 26-27.

## Monsanto's Removal is Procedurally Defective

28.     Monsanto has the burden of proving that their removal to federal court was timely and complied with the statutory provisions of removal. *California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

29.     Monsanto's Notice of Removal, while within the one-year window prescribed by §1446(c), was conspicuously filed just days before that time-period expired. That Notice of Removal, though, is based on information Monsanto claims suggests that Russo is joined improperly, which Caruso does not concede, but has been readily available since Russo filed their Answer to Plaintiff's First Amended Complaint on January 25, 2019. *See* Ex. E.[4]

30.     Because Monsanto was aware of this information for approximately 277 days, their Notice of Removal violates §1446(b)(3), which requires that any notice of removal be filed within 30 days after the receipt by the defendant of a pleading, motion, order, or other paper from which it may be first ascertained that a case has become removable. *See* Ex. E; *Cf.* Dkt. 1 ¶26-28.

31.     Even if the information Monsanto uses to support removal was not included in Russo's Answer — which it was — at some point prior to answering

---

[4] Importantly, Caruso unequivocally and explicitly denies there are any facts in this case that support removal as the matter belongs in state court. Caruso is not admitting that Russo is fraudulently joined. Rather, for the sake of argument only, Caruso is accepting that the facts identified by Monsanto are grounds for removal and is demonstrating that Monsanto's knowledge of such facts far surpasses the 30-day deadline set forth in the removal statute.

Caruso's discovery requests, counsel for Monsanto was retained or entered into a representation agreement with their other current client, Russo, and therefore had even greater access to the information it claims to have just received on the eve of filing their Notice of Removal. Ex. L.

32.    Simply put, Monsanto had over nine months to remove this matter to federal court based on purported evidence readily available to it in Russo's Answer to Caruso's First Amended Complaint, but failed to do so. Therefore, removal was improper.

33.    Even if Monsanto did not have access to the information it claims serves as a basis and was just discovered within the last month before removal, Monsanto's counsel's representation of Russo began over 30 days prior, at which point removal could have been ascertained from routine conversations with their client or in their investigation to timely respond to the pending discovery requests from Caruso and the Intervenor. They failed to do so; therefore, removal was improper.

## Monsanto's Removal is Substantively Defective

34.    Along with the dispositive procedural defect of untimeliness, Monsanto's Notice of Removal substantively fails to show diversity of parties and fails to rise to the exacting standard required to establish fraudulent joinder.

35.    The Ninth Circuit holds that all doubts must be resolved against accepting removal jurisdiction: "To protect the jurisdiction of state courts, removal

jurisdiction [under 28 U.S.C. § 1441(a)] should be strictly construed in favor of remand." *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). "There is a strong presumption against removal jurisdiction." *Abrego v. Dow Chem. Co.,* 443 F.3d 676, 685 (9th Cir. 2006). The party seeking removal has the burden of establishing federal jurisdiction. *Holcomb v. Bingham Toyota*, 871 F.2d 109, 110 (9th Cir. 1989). There must be **no doubt** that jurisdiction exists. If any doubt exists, remand is required. *Gaus v. Miles*, *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is *any doubt* as to the right of removal.") (emphasis added). "Doubts as to removability must be resolved in favor of remanding the case to state court." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

36.   The Seventh Circuit holds the same. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 757 (7th Cir. 2009).

37.   Monsanto fails to meet their burden and overcome the presumption in favor of remand.

38.   Initially, Monsanto has failed to prove that there are diverse parties under 28 U.S.C. §1332. "Under the 'complete diversity rule,' no party may share common citizenship with any opposing party." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). An exception exists where the non-

diverse defendant has been fraudulently joined for the sole purpose of destroying defendants' right of removal. *Id.* at 548.

39.     More specifically, and in responding to the arguments raised in Monsanto's Notice of Removal, Dkt. 1, Monsanto falls woefully short of meeting their burden of proving Caruso fraudulently joined Russo.

40.     Monsanto attempts to claim that Russo, who is not diverse, was fraudulently joined because Caruso "has no reasonable possibility" of success. Dkt. 1 ¶¶22, 28.  Fraudulent joinder can be established if a defendants shows an "individual [ ] joined in the action *cannot* be liable on any theory." *Grancare*, 889 F.3d at 548-49 (internal citations omitted) (emphasis added). But "if there is *a possibility* that a state court would find that the complaint states a cause of action . . . the federal court must find that the joinder was proper and remand the case to the state court. *Id.* (emphasis added).

41.     A defendant invoking federal court diversity jurisdiction on such a basis bears a "heavy burden" since there is a "general presumption against [finding] fraudulent joinder." *Id.*

42.     The defendant mut show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. *Good v. Prudential Ins. Co. of Am.*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998); *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp.2d 1116, 1117 (N.D. Cal.

2002). A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted. 14A Charles A. Wright, *et al.*, *Federal Practice & Procedure* 3723, at 353-43 (1985).

43.     While the Court may consider matters outside of the pleadings, **a claim of fraudulent joinder cannot be made based upon a disputed assertion that plaintiffs' non-jurisdictional, substantive allegations are false which thereby requires the weighing of evidence or the credibility of witnesses**. *Morris v. E. I. Du Pont De Nemours & Co.*, 68 F.2d 788, 792 (8th Cir. 1934) (emphasis added); *Leonard v. St. Joseph Lead Co.* 75 F.2d 390, 394, 95 (8th Cir. 1935); *Parks v. New York Times Co.*, 308 F.2d 474, 477-78 (5th Cir. 1962); Chumley v. Great Atlantic & pacific Tea Co., 191 F.Supp. 254  254, 256 (M.D.N.C. 1961); *Jones v. Capers*, 166 F. Supp. 617, 620 (W.D.Ark. 1958); *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 Fed. Appx. 888, 891-92, 2011 WL 2150183, at 3 (11th Cir. 2011); *Riverdale Baptist Church v. Certainteed Corp.*, 349 F. Supp.2d 943, 948 (D.MD. 2004); *Collins v. Marten Transport, Ltd.*, No. 4:14-CV-0257-VEH, 2014 WL 972245, at *6 (N.D.Ala. March 12, 2014) (Hopkins, J.). *Accord Trout v. John Newcomb Enterprises, Inc.,* No. 5:14-CV-13501, 2014 WL 3362850, at *5 (S.D.W. Va. July 9, 2014).

44.     The purpose of the fraudulent joinder analysis is not to conclusively resolve a claim on its merits but to assess whether there is any plausible basis for the claim being brought at all. *Amarant v. Home Depot U.S.A. Inc.*, No. 1:13-cv-

002450LJO, 2013 WL 3146809 at *6 (E.D. Cal. June. 18, 2013) (*citing Hunter v. Phillip Morris USA*, 582 F.3d 1039 (9th Cir. 2009) (*citing Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (*en banc*)) (finding that assessing the sufficiency of the evidence in a summary-judgment like fashion goes beyond the summary inquiry courts are to perform in assessing fraudulent joinder);   *Ekeya v. Shriners Hospital for Children, Portland*, 258 F.Supp.3d 1192, 1205 (D. Ore. 2017) (finding fraudulent joinder improper where discovery has not yet occurred and the factual question had not been resolved in summary judgment.

45.     Contrary to Monsanto's assertion, Caruso pled sufficient facts in her Second Amended Complaint to allege Russo could be held liable under a state law negligence theory.

46.     Caruso – with the benefit of only just having received barebone written discovery responses and without the opportunity to even meet and confer with Defendants on their deficient responses, let alone take depositions of record-keepers, custodians, or other relevant witnesses to assess the veracity of the statements made in the discovery responses — has adequately pled claims against Russo that defeat Monsanto's allegations of fraudulent joinder.

47.     Even without having such discovery, Caruso alleged – not just on information and belief – that based on admissions from their own website, Russo had knowledge of Roundup products' defects due to their holding themselves out as "the

premier power equipment and landscape supply dealer of the Midwest," were environmentally-conscious, were a member of national organizations, and that their employees attended trade shows, industry seminars, vendor training programs, and periodic training sessions. Ex. 1 ¶¶95-99.

48.    Caruso has also produced and received in discovery numerous order forms from Russo filled out by University of Illinois-Chicago, as well as receipts reflecting purchases by University of Illinois-Chicago from Russo during the relevant time period that John Caruso worked there and **after the release of the IARC Report**. Ex. N, Russo Documents.

49.    Monsanto's argument regarding Meghan Caruso finding the 2015 IARC Report only further supports Caruso's point. Dkt. 1 ¶24. If a member of the general public was able to find out this information, it is more likely than not that "the premier power equipment and landscape supply dealer of the Midwest" knew about it as well. Ex. 1 ¶95. Further, any weighing of evidence as to who had greater knowledge – Meghan Caruso or Russo – is not appropriate at this time.

50.    Even if Russo never knew about the dangerous qualities of Roundup® as it contends, *See* Dkt. 1, Ex. C, then it certainly *should have* known of those qualities as set forth in Caruso's allegations, which is a basis for liability under a negligence claim in Illinois. *See Solis v. BASF Corp.*, 2012 IL App (1st) 110875 ¶68; *see also Lexington Ins. Co. v. Office Depot*, 943 F.Supp.2d 844, 847-48 (N.D. Ill. 2013)

(stating that plaintiff failed to allege that distributor knew or *should have known* of a product's defective condition).

51.    The statements within Russo's President's Declaration, specifically that it still is ignorant to any connection between glyphosate and non-Hodgkin's lymphoma, stand in stark contrast to materials received in discovery in which Russo sponsored an educational program discussing the dangers of the primary ingredient in Roundup®: glyphosate. Ex. N, HRVA 011000-011001, 011032-011033

52.    Caruso's claims against Russo are far from frivolous; in fact, Russo had been involved in this case for nearly a full year and never once filed a motion to dismiss or motion to strike, disputed their joinder in the case, or otherwise challenged the legal or factual sufficiency of Caruso's claims in any of her pleadings.

53.    Rather than allow Caruso's claims to move forward in state court where they proceeded without challenge for the prior 363 days, Monsanto manufactured a basis for removal through their answers to Russo's interrogatories—which, not coincidentally, were signed by Monsanto's lawyers. *See* Ex. E; *Cf.* Dkt. 1 ¶22.

54.    Monsanto's other bases for removal focus on the strength of Plaintiff's allegations as to Russo's knowledge versus the Declaration of Eric Adams, Dkt. 1 ¶¶22-23, as well arguments over whether John Caruso was more informed than Russo over the dangers of Roundup®, Dkt. 1 ¶¶24-25.

55.    These are fact questions, which — based on the limited evidence adduced already — survive dispositive motions, let alone the rigorous standard Monsanto is required to prove to show fraudulent joinder.

56.    Monsanto is asking this Court to find Russo was fraudulently joined and then accept removal based on contested allegations in the pleadings and undeveloped fact questions on the merits.

57.    At base, Monsanto's arguments are thinly-guised, misplaced attempts at dispositive motion practice masquerading as allegations of fraudulent joinder.

58.    Russo's Answers to Caruso's 48 Production Requests only further support this point as Russo claimed not to have information relating to 36 such Requests and then only agreed to turn over unnamed, unidentified materials to the remaining 12 Requests, "provided that Plaintiff presents sufficient evidence Plaintiff's decedent was exposed to glyphosate-containing herbicides distributed by Russo…" Ex. L2. Russo has since turned over no such documents.

59.    The Illinois Supreme Court's Rules, Ill S. Ct. R. 201, *et seq.*, contain no such requirement for a plaintiff to present *any* evidence to acquire relevant discovery in the possession of a defendant. *See i.e.* Ill. S. Ct. R. 201(b) (requiring full disclosure of discovery).

60.    Russo's withholding of such documents in discovery in such close proximity to Monsanto's filing of their Notice of Removal not only frustrates

Plaintiff's ability to exact all bases and evidentiary support for her Motion to Remand, but is a transparent display of gamesmanship.

61.     Notwithstanding, Monsanto has failed to meet their burden in proving that Russo was fraudulently joined.

<u>Conclusion</u>

WHEREFORE, Meghan Caruso, individually and as Independent Executor of the Estate of John Caruso, respectfully requests this Court enter an Order remanding this case back to the Circuit Court of Cook County.


Respectfully submitted,

Date: March 6, 2020

/s/ Bryce T. Hensley
Illinois State Bar No. 6327025
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, IL 60654
312-253-8800
bhensley@rblaw.net
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Bryce T. Hensley, Counsel for Plaintiff, hereby certify that on March 6, 2020,

I electronically filed "Plaintiff's Motion to Remand" and accompanying documents

with the Clerk of the Court using the CM/ECF System, which send notification of

such filing to the following CM/ECF participants:

T.J. Dammrich, II
Peter Francis O'Neill
Shook, Hardy & Bacon LLP
111 S. Wacker, Suite 4700
Chicago, IL 60606
(312) 704-7721
tjdammrich@shb.com
pfoneill@shb.com
docket@shb.com

Brett Michael Mares
Heyl Royster Voelker & Allen
33 N. Dearborn Street
7th Floor
Chicago, IL 60602
(312) 853-8700
bmares@heylroyster.com

Date: March 6, 2020

/s/ Bryce T. Hensley
Illinois State Bar No. 6327025
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, IL 60654
312-253-8800
bhensley@rblaw.net
*Counsel for Plaintiff*