301.033554

No. 35320
FILED
1/25/2019 11:31 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L011723

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

FILED DATE: 1/25/2019 11:31 AM   2018L011723

MEGHAN CARUSO, Independent )
Executor of the Estate of John Caruso, )
Deceased, )
       )
       Plaintiff, )
       )
v. )       No. 18 L 011723
       )
RUSSO HARDWARE, INC. d/b/a RUSSO )
POWER EQUIPMENT, INC. d/b/a RUSSO )
POWER EQUIPMENT d/b/a GREEN )
INDUSTRY FINANCE, MONSANTO )
COMPANY, INC., MONSANTO ILLINOIS )
PRODUCTION CO., LLC, MONSANTO )
PRODUCTION SUPPLY, LLC and )
MONSTANTO TECHNOLOGY, LLC, )
       )
       Defendants. )

## ANSWER TO FIRST AMENDED COMPLAINT AT LAW

NOW COMES the defendant, RUSSO HARDWARE, INC. d/b/a RUSSO POWER

EQUIPMENT, INC., d/b/a RUSSO POWER EQUIPMENT d/b/a GREEN INDUSTRY

FINANCE, and for its answer to plaintiff's First Amended Complaint at Law, states as follows:

     1.     The defendant has insufficient knowledge in which to form a belief as to the truth

of the allegations contained in paragraph 1 and therefore neither admits nor denies said

allegations, but demands strict proof thereof.

     2.     The defendant has insufficient knowledge in which to form a belief as to the truth

of the allegations contained in paragraph 2 and therefore neither admits nor denies said

allegations, but demands strict proof thereof.

**EXHIBIT**

E

FILED DATE: 1/25/2019 11:31 AM   2018L011723

3.      The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 3 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

4.      The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 4 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

5.      The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 5 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

6.      The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 6 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

7.      The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 7 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

8.      The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 8 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

9.      The defendant denies the allegations of paragraph 9.

10.     The defendant denies the allegations of paragraph 10.

11.     The defendant denies the allegations of paragraph 11.

12.     The defendant denies the allegations of paragraph 12.

FILED DATE: 1/25/2019 11:31 AM   2018L011723

13.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 13 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

14.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 14 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

15.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 15 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

16.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 16 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

17.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 17 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

18.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 18 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

19.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 19 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

FILED DATE: 1/25/2019 11:31 AM   2018L011723

20.    The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 20 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

21.    The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 21 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

22.    The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 22 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

23.    The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 23 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

24.    The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 24 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

25.    The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 25 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

26.    Defendant admits the allegations contained in Paragraph 26.

27.    The defendant admits that it operated a business and sold some products to the University of Illinois at Chicago, and denies the remainder of the allegations of paragraph 27.

28.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 28 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

29.     The defendant denies the allegations of paragraph 29.

30.     The defendant denies the allegations of paragraph 30.

31.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 31 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

32.     The defendant admits the allegations of paragraph 32.

33.     The defendant admits the allegations of paragraph 33.

34.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 34 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

35.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 35 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

36.     The defendant admits the allegations of paragraph 36.

37.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 37 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

38.     The defendant admits the allegations of paragraph 38.

FILED DATE: 1/25/2019 11:31 AM   2018L011723

FILED DATE: 1/25/2019 11:31 AM   2018L011723

39.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 39 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

40.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 40 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

41.     The defendant admits the allegations of paragraph 41.

42.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 42 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

43.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 43 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

44.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 44 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

45.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 45 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

46.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 46 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

FILED DATE: 1/25/2019 11:31 AM   2018L011723

47.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 47 and therefore neither admits nor denies said allegations but demands strict proof thereof.

48.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 28 and therefore neither admits nor denies said allegations but demands strict proof thereof.

49.     Defendant admits that Roundup is registered with the EPA and the State of Illinois. Defendant lacks sufficient knowledge to form a belief as to the remaining allegations contained in Paragraph 49 and therefore neither admits nor denies said allegations but demands strict proof thereof.

50.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 50 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

51.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 51 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

52.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 52 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

53.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 53 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

FILED DATE: 1/25/2019 11:31 AM   2018L011723

54.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 54 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

`     55.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 55 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

56.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 56 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

57.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 57 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

58.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 58 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

59.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 59 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

60.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 60 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

FILED DATE: 1/25/2019 11:31 AM   2018L011723

61.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 61 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

62.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 62 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

63.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 63, including each and every subparagraph (a) through (j) inclusive therein, and therefore neither admits nor denies said allegations, but demands strict proof thereof

64.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 64, including each and every subparagraph (a) through (f) inclusive therein, and therefore neither admits nor denies said allegations, but demands strict proof thereof.

65.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 65 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

66.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 66 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

67.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 67 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

FILED DATE: 1/25/2019 11:31 AM   2018L011723

68.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 68 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

69.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 69 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

70.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 70 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

71.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 71 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

72.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 72 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

73.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 73 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

74.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 74 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

FILED DATE: 1/25/2019 11:31 AM   2018L011723

75.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 75 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

76.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 76 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

77.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 77 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

78.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 78 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

79.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 79 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

80.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 80 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

81.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 81 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

FILED DATE: 1/25/2019 11:31 AM   2018L011723

82.    The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 82 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

83.    The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 83 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

84.    The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 84 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

85.    The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 85 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

86.    The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 86 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

87.    The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 87 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

88.    The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 88 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

FILED DATE: 1/25/2019 11:31 AM   2018L011723

89.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 89 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

90.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 90 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

91.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 91 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

92.     The defendant admits that it sold Round Up and other glyphosate-based formulations from defendant Monsanto to landscaping companies and municipalities in Illinois, and denies the remaining allegations of paragraph 92, and any allegations in paragraph 92 inconsistent therewith.

93.     The defendant denies the allegations of paragraph 93.

94.     The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 94 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

95.     Defendant admits that it identifies itself as "the premier power equipment and landscape supply dealer of the Midwest..." on its website identified in Paragraph 95 and denies any allegations contained in Paragraph 95 inconsistent therewith.

96.     Defendant admits that it identifies itself as part of the 'Green Industry' on its website and denies the allegations contained in Paragraph 96 inconsistent therewith.

FILED DATE: 1/25/2019 11:31 AM   2018L011723

97.     The defendant admits it is a member of various trade organizations including the American Public Works Association, North American Trade Dealer's Association, but denies the remaining allegations in paragraph 97, and any allegations contained in Paragraph 97 inconsistent therewith.

98.     The defendant admits that some of its employees attend various trade shows and industry seminars, but denies the allegations in paragraph 98 inconsistent therewith.

99.     Defendant admits that some of its employees are trained through various methods, including vendor training programs and in-house training sessions. Defendant denies the applicability of the article cited by Plaintiff in paragraph 99, because said article relates to a discussion of *power equipment* sold by Russo Hardware and is, therefore, inapplicable to the present case. Defendant denies the allegations contained in Paragraph 99 inconsistent therewith.

100.    The defendant denies the allegations in paragraph 100.

101.    The defendant denies the allegations in paragraph 101.

102.    The defendant denies ever selling Round Up to John Caruso but admits that it sold Round Up to University of Illinois at Chicago at various periods of time and denies the remaining allegations of paragraph 102.

103.    Defendant objects to Paragraph 103 as it states a legal conclusion and, therefore, no answer is required. To the extent that Paragraph 103 calls for an answer, the defendant denies the allegations contained therein.

104.    The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 104 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

FILED DATE: 1/25/2019 11:31 AM   2018L011723

105.    The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 105 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

106.    The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 106 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

107.    The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 107 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

108.    The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 108 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

109.    The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 109 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

## COUNT I

110.    The defendant adopts its answers to paragraphs 1 through 109 as its answer to paragraph 110 as though fully stated herein.

111.    The defendant denies the allegations in paragraph 111.

112.    The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 112 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

113.    The defendant denies the allegations in paragraph 113.

15

114.    The defendant denies the allegations in paragraph 114.

115.    The defendant denies the allegations in paragraph 115.

116.    The defendant admits to only that duty required by law and denies the allegations of paragraph 116 inconsistent therewith.

117.    The defendant denies the allegations of paragraph 117, including subparagraphs (a) through (h), inclusive therein.

118.    The defendant denies the allegations in paragraph 118.

119.    The defendant denies the allegations in paragraph 119.

120.    The defendant denies the allegations in paragraph 120.

121.    The defendant denies the allegations of paragraph 121.

122.    The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 122 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

WHEREFORE, the defendant, RUSSO HARDWARE, INC. d/b/a RUSSO POWER EQUIPMENT, INC., d/b/a RUSSO POWER EQUIPMENT d/b/a GREEN INDUSTRY FINANCE, denies that it is liable to plaintiff in any amount whatsoever and prays for judgment in its favor on the remaining pleadings.

THE DEFENDANT DEMANDS TRIAL BY JURY.

## COUNT II

123.    The defendant adopts its answers to paragraphs 1 through 119 as its answer to paragraph 123 as though fully stated herein.

124.    The defendant denies the allegations in paragraph 124.

FILED DATE: 1/25/2019 11:31 AM   2018L011723

125.   The defendant has insufficient knowledge in which to form a belief as to the truth of the allegations contained in paragraph 125 and therefore neither admits nor denies said allegations, but demands strict proof thereof.

WHEREFORE, the defendant, RUSSO HARDWARE, INC. d/b/a RUSSO POWER EQUIPMENT, INC., d/b/a RUSSO POWER EQUIPMENT d/b/a GREEN INDUSTRY FINANCE, denies that it is liable to plaintiff in any amount whatsoever and prays for judgment in its favor on the remaining pleadings.

THE DEFENDANT DEMANDS TRIAL BY JURY.

## COUNTS III – VIII

The defendant makes no answers to Counts III through IX as said counts are not directed against them.

## COUNT IX

194.   The defendant adopts its answers to paragraphs 1 through 193 as its answer to paragraph 194 as though fully stated herein.

195.   The defendant lacks sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 195 and, therefore, neither admits nor denies said allegations, but demands strict proof thereof.

196.   The defendant lacks sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 196 and, therefore, neither admits nor denies said allegations, but demands strict proof thereof.

197.   The defendant lacks sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 197 and, therefore, neither admits nor denies said allegations, but demands strict proof thereof.

17

FILED DATE: 1/25/2019 11:31 AM   2018L011723

WHEREFORE, the defendant, RUSSO HARDWARE, INC. d/b/a RUSSO POWER EQUIPMENT, INC., d/b/a RUSSO POWER EQUIPMENT d/b/a GREEN INDUSTRY FINANCE, denies that it is liable to plaintiff in any amount whatsoever and prays for judgment in its favor on the remaining pleadings.

DEFENDANT DEMANDS TRIAL BY JURY.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE – PREEMPTION

NOW COMES Defendant, RUSSO HARDWARE INC. d/b/a RUSSO POWER EQUIPMENT, INC., d/b/a RUSSO POWER EQUIPMENT d/b/a GREEN INDUSTRY FINANCE, by and through its attorneys, LaBARGE, CAMPBELL & LYON, L.L.C., and hereby states the following Affirmative Defense:

1.     At all relevant times, there was in effect the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C. 136 *et seq.*, which, among other things, requires all pesticides sold in the United States to be registered with the United States Environmental Protection Agency (EPA) prior to sale.[1]

2.     An applicant seeking to register a pesticide under FIFRA must show that using the pesticide in accordance with the pesticide's specifications, "will not generally cause unreasonable adverse effects on the environment."[2]

3.     Various forms of Roundup products are included in those pesticides registered and accepted with the EPA.[3]

---

[1] Environmental Protection Agency, "Summary of the Federal Insecticide, Fungicide, and Rodenticide Act," https://www.epa.gov/laws-regulations/summary-federal-insecticide-fungicide-and-rodenticide-act.
[2] *Id.*
[3] Environmental Protection Agency, Product Search, https://iaspub.epa.gov/apex/pesticides/f?p=PPLS:5:::NO:::

18

FILED DATE: 1/25/2019 11:31 AM   2018L011723

4.      One of the ingredients in Roundup is glyphosate, which has been previously determined by the EPA to be safe for human use.[4] The EPA has indicated that users should follow label directions on glyphosate products, such as Roundup, and use the requisite personal protective equipment.[5]

4.      The EPA has issued thorough requirements regarding warnings and other information which pesticide labels such as Roundup are to include.[6] These warnings and other information must be approved by the EPA prior to the pesticide's registration.

5.      Section 136v(b) of FIFRA expressly precludes states from imposing any additional labeling or other packaging requirements in addition to or different than what is accepted by EPA.

6.      In the present case, Plaintiff alleges, in essence, that defendant Russo knew or should have known of alleged hazards of glyphosate-based products and failed to warn of said alleged dangers.

7.      As mentioned previously, the EPA has determined that glyphosate is safe for human use and requiring Defendant, Russo Hardware, to provide additional or different warnings other than what has been previously approved by the EPA and that could reach the decedent would be in violation of FIFRA 136v(b).

8.      FIFRA 136v(b), therefore, preempts any additional or different warnings other that what had been previously approved by the EPA and would directly contravene the express language of FIFRA.

---

[4] Environmental Protection Agency, "Glyphosate," https://www.epa.gov/ingredients-used-pesticide-products/glyphosate (August 2018)
[5] *Id.*
[6] *See* 40 CFR Part 156, Labeling Requirements for Pesticides and Devices.

FILED DATE: 1/25/2019 11:31 AM   2018L011723

WHEREFORE, Defendant, RUSSO HARDWARE INC. d/b/a RUSSO POWER EQUIPMENT, INC., d/b/a RUSSO POWER EQUIPMENT d/b/a GREEN INDUSTRY FINANCE, prays that this Honorable Court hold that Plaintiff, MEGHAN CARUSO's, allegations against it are preempted by the Federal Insecticide, Fungicide, and Rodenticide Act, and dismiss Plaintiff's Amended Complaint based on preemption.

DEFENDANT DEMANDS TRIAL BY JURY

### SECOND AFFIRMATIVE DEFENSE – ADEQUATE WARNINGS

NOW COMES Defendant, RUSSO HARDWARE INC. d/b/a RUSSO POWER EQUIPMENT, INC., d/b/a RUSSO POWER EQUIPMENT d/b/a GREEN INDUSTRY FINANCE, by and through its attorneys, LaBARGE, CAMPBELL & LYON, L.L.C., and hereby states the following Affirmative Defense:

1.     At all relevant times, there was in effect the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C. 136 et seq., which, among other things, requires all pesticides sold in the United States to be registered with the United States Environmental Protection Agency (EPA) prior to sale.

2.     An applicant seeking to register a pesticide under FIFRA must show that using the pesticide in accordance with the pesticide's specifications, "will not generally cause unreasonable adverse effects on the environment."

4.     The EPA has issued thorough requirements regarding warnings and other information which pesticide labels such as Roundup are to include.  These warnings and other information must be approved by the EPA prior to the pesticide's registration.[7]

4.     Section 156.10 of Title 40 of the Code of Federal Regulations sets out specific labeling requirements for pesticides.[8]

---

[7] *See* 40 CFR Part 156, Labeling Requirements for Pesticides and Devices.

FILED DATE: 1/25/2019 11:31 AM    2018L011723

5.     The EPA reviews these labels for the licensing and registration process for pesticides.[9] The EPA evaluates and approves the language that appears on each pesticide label to ensure that the directions for use and safety measures are appropriate to any potential risk.[10]

6.     Various forms of Roundup products are included in those pesticides registered and accepted with the EPA.

7.     Prior to registering the Roundup products, the EPA evaluated and approved the language that appears on each pesticide label, including warnings.

8.     Section 136v(b) of FIFRA expressly precludes states from imposing any additional labeling or other packaging requirements in addition to or different than what is accepted by EPA.

9.     The labels contained in the Roundup Products allegedly distributed by Defendant Russo Hardware and used by the decedent were adequate and approved by the EPA. Any additional warnings provided by Russo Hardware would have been contrary to Section 136v(b) of FIFRA.

WHEREFORE, Defendant, RUSSO HARDWARE INC. d/b/a RUSSO POWER EQUIPMENT, INC., d/b/a RUSSO POWER EQUIPMENT d/b/a GREEN INDUSTRY FINANCE, prays that this Honorable Court hold that the warnings contained on the Roundup Products allegedly distributed by Defendant and used by the decedent provided adequate warnings in accordance with federal and state law, and that this court dismiss Plaintiff's Amended Complaint.

DEFENDANT DEMANDS TRIAL BY JURY

---

[8] *Id.* at 156.10
[9] See Environmental Protection Agency, "Pesticides: Labeling Requirements," https://www.epa.gov/pesticide-registration/labeling-requirements (May 2017).
[10] See Environmental Protection Agency, "Pesticide Registration: About Pesticide Registration," https://www.epa.gov/pesticide-registration/about-pesticide-registration (July 2018).

FILED DATE: 1/25/2019 11:31 AM   2018L011723

## THIRD AFFIRMATIVE DEFENSE – PRIMARY JURISDICTION

1.      Plaintiff's claims against RUSSO HARDWARE INC. d/b/a RUSSO POWER EQUIPMENT, INC., d/b/a RUSSO POWER EQUIPMENT d/b/a GREEN INDUSTRY FINANCE are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the United States Environmental Protection Agency.

## FOURTH AFFIRMATIVE DEFENSE – CONTRIBUTORY NEGLIGENCE

NOW COMES Defendant, RUSSO HARDWARE INC. d/b/a RUSSO POWER EQUIPMENT, INC., d/b/a RUSSO POWER EQUIPMENT d/b/a GREEN INDUSTRY FINANCE, by and through its attorneys, LaBARGE, CAMPBELL & LYON, L.L.C., and hereby states the following Affirmative Defense:

1.      At the time and place alleged in the Plaintiff's complaint, the decedent, JOHN CARUSO, had a duty to exercise ordinary and reasonable care for his own safety.

2.      In violation of that duty, the decedent committed one or more of the following careless or negligent acts and/or omissions that proximately caused or contributed to his injuries:

        a)      Failed to use the alleged Roundup product in accordance with the product label;

        b)      Failed to wear personal protective equipment while handling the subject product;

        c)      Used the product in excess of any product recommendations;

        d)      Was otherwise careless and negligent.

3.      If the jury finds that the contributory fault of the decedent, JOHN CARUSO, is more than 50% of the proximate cause of the injury for which recovery is sought, Plaintiff should be barred from recovering damages.

FILED DATE: 1/25/2019 11:31 AM   2018L011723

4.      If the jury finds that the contributory fault of the decedent, JOHN CARUSO, is 50% or less of the proximate cause of the injury for which recovery is sought, Plaintiff's recovery must be reduced in proportion to Plaintiff's contributory fault.

WHEREFORE, Defendant, RUSSO HARDWARE INC. d/b/a RUSSO POWER EQUIPMENT, INC., d/b/a RUSSO POWER EQUIPMENT d/b/a GREEN INDUSTRY FINANCE, prays that any verdict for Plaintiff should be barred or reduced to the same extent that the decedent's own conduct contributed to or caused the injuries or damages complained of in Plaintiff's complaint.

DEFENDANT DEMANDS TRIAL BY JURY

Respectfully submitted,

BRUCE W. LYON

LaBarge Campbell & Lyon, LLC
*Attorneys for Defendant Russo Hardware*
200 West Jackson Boulevard, Suite 2050
Chicago, IL 60606
312-580-9010
blyon@lcllaw.com; lfuessel@lcllaw.com