**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

MEGHAN CARUSO, Independent Executor
of the Estate of John Caruso, deceased,

                      Plaintiff,        No.    2018-L-011723

     v.

RUSSO HARDWARE, INC. d/b/a RUSSO
POWER EQUIPMENT, INC., d/b/a RUSSO
POWER EQUPMENT, d/b/a GREEN
INDUSTRY FINANCE; and MONSANTO
COMPANY, INC.,

                    Defendants.

**RUSSO HARDWARE, INC.'S OBJECTIONS AND
RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

     Defendant Russo Hardware, Inc. ("Russo") hereby submits its responses and objections, pursuant to Illinois Rule of Civil Procedure 213, to Plaintiff's First Set of Interrogatories.  The responses and objections set forth herein are based upon the information presently available to Russo, and Russo expressly reserves the right to modify, supplement, or amend its objections and/or responses.  Each of Russo's general objections is incorporated into its responses below, whether expressly repeated or not.

**GENERAL OBJECTIONS**

     1.       Russo objects to these Requests and other discovery against Russo unless and until Plaintiff presents sufficient evidence that Plaintiff's descendant was exposed to glyphosate-containing herbicides sold by Russo.  To the extent that Russo agrees in any of its Responses to take additional action with respect to any of Plaintiff's requests that is conditioned on plaintiff first presenting sufficient evidence that plaintiff's decedent was exposed to glyphosate-containing herbicides sold by Russo.

**EXHIBIT
L1**

4817-8516-2152

2.      Russo objects to the definition of "Identify" in the fourth paragraph of "Definitions and Instructions," which defines the term as:  "With respect to a person means to state: (a) full name; (b) Employer or last known employer, title and position, employer's address or last known address; (c) Present or last known home address and business address, telephone numbers and the date that such information was known to be current; (d) Relationship to any plaintiff or defendant herein, and significance to the occurrence complained of, or any issue herein; (e) Date of birth and social security number."  This definition is overbroad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence, including because it seeks highly personal and/or confidential personally identifying information, *e.g.*, home addresses, personal telephone numbers, social security numbers, and dates of birth.  Russo will not provide the personal home address, personal phone number, social security number, or date of birth for any individual identified in responding to these Interrogatories.

3.      Russo objects that these Interrogatories are compound and unduly burdensome in that many of them contain multiple inappropriate subparts, bringing the total number of Interrogatories propounded in this case beyond the 30-interrogatory limit permitted by the Illinois Supreme Court Rules.  *See* ILL. R. S. CT. 213(c) ("a party shall not serve more than 30 interrogatories, including sub-parts, on any other party except upon agreement of the parties or leave of court granted upon a showing of good cause.").

4.      Russo has based these responses and objections on the assumption that Plaintiff, in propounding these Interrogatories, does not intend to seek information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or information regarding or reflecting the impressions, conclusions, opinions, legal research or theories of

Russo's attorneys.  Russo objects to each Interrogatory to the extent it seeks documents or information protected by the attorney-client privilege, the work product doctrine, or any other applicable statutory or common law privilege.

5.      Russo objects to the extent these Interrogatories would require Russo to produce or search for information not within its possession, custody, or control, including information in the possession of other corporations or individuals not employed by the company.

6.      Russo objects to the Interrogatories to the extent they seek information or documentation that is publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo

7.      Russo objects to the Interrogatories to the extent they seek information not relevant to any claims or defenses asserted in this case.

8.      Russo objects to these Interrogatories to the extent that they seek to impose a burden or requirements beyond what the Illinois Rules of Civil Procedure require.

9.      Russo objects to the Interrogatories to the extent they seek the identification of "all"  or "any and all" documents or information in response.  It is a practical and legal impossibility that "all" or "any and all" facts, documents, or information for any specific subject could be found and identified for the more than forty years that glyphosate-containing products have been manufactured and sold.  Instead, Russo will make reasonable and proportional searches for documents and information in order to respond to otherwise unobjectionable Interrogatories.

10.     To the extent Russo agrees to produce documents or information in accordance with its responses set forth below, the production will be made in a sequential manner, and consistent with: (1) the Protective and Confidentiality Order, (2) the Joint Stipulation and Order

Governing Protocol for Discovery of Electronically Stored Information, and (3) the Joint Stipulation and Order Governing Privilege Logs.

11.     Russo objects to Plaintiff's request in Paragraph L that Russo identify any statements, information and/or documents it may claim to be work product or subject to any common law or statutory privilege.  Russo is not at this time in a position to be able to identify all the privileged information that may fall within its potential production set and reserves the right to make privilege claims at a later date, and in according with the Joint Stipulation and Order Governing Privilege Logs.

12.     Russo's Responses to the Interrogatories are made without waiving the right, at any time and for any reason, to revise, supplement, correct, add to, or clarify these Responses. These Responses also are provided without limiting or waiving Russo's right to object to additional discovery that may be sought from Russo or from any of the custodians or production sources identified in these responses.

13.     These General Objections apply to all of the following Responses to specific Interrogatories and are incorporated by reference therein.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:**     Identify the person answering these interrogatories on behalf of Defendant Russo Hardware as well as said person's relationship to Defendant Russo Hardware. Further state the full name and address of all professional or trade societies or organizations to which this person answering on behalf of Defendant Russo hardware has ever been a member and indicate the years of membership.

**RESPONSE:** Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that Interrogatory No. 1 is vague and ambiguous as to the terms "professional or trade societies or organizations," including because those terms could mean different things to different people.  Russo objects to the extent Interrogatory No. 1 seeks information protected by the attorney-client privilege, the work product doctrine, or any other

applicable privilege.  Russo objects that Interrogatory No. 1 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because the Interrogatory—which seeks "the full name and address of all professional or trade societies or organizations to which this person answering on behalf of Defendant Russo hardware has ever been a member," including "the years of membership"—is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the extent Interrogatory No. 1 seeks information that is publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo. Russo objects to Interrogatory No. 1 to the extent it would require collecting materials from third parties, including because searching for information outside the possession of Russo would be unduly burdensome.  Russo objects that Interrogatory No. 1 is compound and unduly burdensome in that it contains multiple inappropriate subparts and therefore brings the total number of Interrogatories propounded in this set beyond the 30-interrogatory limit permitted by the Illinois Supreme Court Rule 213(c).

Subject to, and without waiving the foregoing general and specific objections set forth above, Russo responds as follows:  Russo's President, Eric Adams, has signed the verification page accompanying Russo's objections and responses to these Interrogatory requests.

**INTERROGATORY NO. 2:**   Identify the person working for Defendant Russo Hardware who first came to learn of the following information, as well as the means how and date when they came to learn it:

      a.     The 2015 IARC finding that glyphosate was a probable human carcinogen;

      b.     That exposure to Roundup or glyphosate was linked to non-Hodgkin's lymphoma;

  c.  That Defendant Monsanto had paid individuals to ghost-write scientific studies regarding Roundup and glyphosate's carcinogenicity;

  d.  Lawsuits were filed against Defendant Monsanto alleging damages as a result of exposure to Roundup.

  **RESPONSE:** Russo incorporates by reference the foregoing General Objections here as if restated in full. Russo objects to Interrogatory No. 2 because it is vague as to time. Russo objects to Interrogatory No. 2 because it assumes facts that are incorrect, including because it assumes that an unspecified "person working for" Russo actually came to possess the above stated, factually inaccurate information. Russo objects that Interrogatory No. 2 is vague and ambiguous as to the phrases "probable human carcinogen," "ghost-write," and "scientific studies," including because those phrases could mean different things to different people. Russo objects to the extent Interrogatory No. 2 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Russo objects that Interrogatory No. 2 is vague as to the word "Roundup" because it does not specify a product manufactured by Monsanto and/or alleged to have been used by Plaintiff's decedent. "Roundup" is not one product but is a brand name that encompasses many different products with distinct formulations, for use in different markets. Russo objects that Interrogatory No. 2 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because the Interrogatory is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff. Russo objects to the extent Interrogatory No. 2 seeks information that is publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo. Russo objects to Interrogatory No. 2 to the extent it would require collecting materials from third parties,

including because searching for information outside the possession of Russo would be unduly

burdensome.  Russo objects that Interrogatory No. 2 is compound and unduly burdensome in that

it contains multiple inappropriate subparts and therefore brings the total number of

Interrogatories propounded in this set beyond the 30-interrogatory limit permitted by the Illinois

Supreme Court Rule 213(c).

Subject to, and without waiving the foregoing general and specific objections set forth

above, Russo states that after a reasonable investigation into matters known or readily accessible,

Russo has not identified any persons or information responsive to this Interrogatory.  To the

extent it learns of such information, Russo will supplement its response accordingly.

**INTERROGATORY NO. 3:**   Identify any and all persons that worked for Defendant
Russo Hardware responsible for any and all sales efforts for Roundup to any persons associated
with a business, college, university, school, and/or governmental property within the
Chicagoland area between 2009 to the present. Also identify who they directed their sales efforts
to and when those efforts were made.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections

here as if restated in full.  Russo objects that Interrogatory No. 3 is vague and ambiguous as to

the term "responsible" and the phrases "sales efforts" and "a business, college, university,

school, and/or governmental property" including because these terms and phrases could mean

different things to different people.  Russo objects to the extent Interrogatory No. 3 seeks

information protected by the attorney-client privilege, the work product doctrine, or any other

applicable privilege.  Russo objects that Interrogatory No. 3 is overbroad, unduly burdensome,

and irrelevant to the subject matter involved in the pending action, including because a request

for the identity of "any and all" persons "responsible for" "any and all" "sales efforts" for any

Roundup®-branded herbicide to "any persons" for the past ten years is not limited to a relevant

timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury

alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its

4817-8516-2152

likely benefit to Plaintiff.  Russo objects that no "sales efforts" for any Roundup®-branded

herbicide are relevant unless they are tied to specific information that led to plaintiff's decedent's

alleged exposure to Monsanto's glyphosate-containing herbicides.  Russo objects to the

provision of information in response to this Interrogatory that does not concern the specific

Monsanto product(s) to which plaintiff's decedent allegedly was exposed.  Russo objects to the

provision of information in response to this Interrogatory that post-dates the alleged last

exposure of plaintiff's decedent to Monsanto's glyphosate-based product(s), in 2016, because

such information cannot have impacted and thus is irrelevant to plaintiff's claims. Russo objects

to the extent Interrogatory No. 3 seeks information that is publicly available and therefore readily

available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it

would be for Russo.  Russo objects to Interrogatory No. 3 to the extent it would require

collecting materials from third parties, including because searching for information outside the

possession of Russo would be unduly burdensome.  Russo objects that Interrogatory No. 3 is

compound and unduly burdensome in that it contains multiple inappropriate subparts and

therefore brings the total number of Interrogatories propounded in this set beyond the 30-

interrogatory limit permitted by the Illinois Supreme Court Rule 213(c).

Subject to, and without waiving the foregoing general and specific objections set forth

above, Russo responds as follows:  Peter Liakouras, Russo's Director of Sales and Marketing, is

the individual who since 2009 has facilitated Russo's sales to the University of Illinois-Chicago.

Mr. Liakouras's contacts at the University of Illinois-Chicago are Robert Witas and Carly Rizor.

**INTERROGATORY NO. 4:**    Identify any and all persons that worked for Defendant
Russo Hardware responsible for any and all sales efforts for Roundup to any persons associated
with a business, college, university, school, and/or governmental property within the
Chicagoland area between 2009 to the present. Also identify who they directed their marketing
efforts to and when those efforts were made.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that Interrogatory No. 4 is duplicative of Interrogatory No. 3.  Russo objects that Interrogatory No. 4 is vague and ambiguous as to the term "responsible" and the phrases "sales efforts," "a business, college, university, school, and/or governmental property" and "marketing efforts," including because those terms and phrases could mean different things to different people.  Russo objects that Interrogatory No. 4 is vague and ambiguous because it asks for the identity of individuals in charge of "sales efforts" in the first sentence, but "marketing efforts" in the second sentence.  Russo objects to the extent Interrogatory No. 4 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Interrogatory No. 4 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for the identity of "any and all" persons responsible for "any and all" "sales efforts" (or "marketing efforts") for any Roundup®-branded herbicide to "any persons" for the past ten years is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects that no "sales efforts" or "marketing efforts" for any Roundup®-branded herbicide are relevant unless they are tied to specific information that led to plaintiff's decedent's alleged exposure to Monsanto's glyphosate-containing herbicides.  Russo objects to the provision of information in response to this Interrogatory that does not concern the specific Monsanto product(s) to which plaintiff's decedent allegedly was exposed.  Russo objects to the provision of information in response to this Interrogatory that post-dates the alleged last exposure of plaintiff's decedent to Monsanto's glyphosate-based product(s), in 2016, because such

information cannot have impacted and thus is irrelevant to plaintiff's claims. Russo objects to the extent Interrogatory No. 4 seeks information that is publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to Interrogatory No. 4 to the extent it would require collecting materials from third parties, including because searching for information outside the possession of Russo would be unduly burdensome.  Russo objects that Interrogatory No. 4 is compound and unduly burdensome in that it contains multiple inappropriate subparts and therefore brings the total number of Interrogatories propounded in this set beyond the 30-interrogatory limit permitted by the Illinois Supreme Court Rule 213(c).

Subject to, and without waiving the foregoing general and specific objections set forth above, Russo responds as follows:  Russo incorporates by reference its Response to Interrogatory No. 3.  Russo states further that it markets its products primarily through its website which is publicly available at https://www.russopower.com/, and its seasonal catalogs which are publicly available at https://www.russopower.com/seasonal-catalog.  Russo also occasionally markets its products at events such as the iLandscape Show, and Summer Field Day, both of which are hosted by the Illinois Landscape Contractors Association.

**INTERROGATORY NO. 5:**   Identify any and all persons that worked for Defendant Russo Hardware responsible for any and all training for Roundup offered to any persons associated with a business, college, university, school, and/or governmental property within the Chicagoland area between 2009 to the present. Also identify who they directed their training to and when those trainings were conducted.

**RESPONSE:** Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that Interrogatory No. 5 is vague and ambiguous as to the term "responsible" and "training," and the phrase "a business, college, university, school, and/or governmental property," including because those terms and phrase could mean different things to different people.  Russo objects to the extent Interrogatory No. 5 seeks information

protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Interrogatory No. 5 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for the identity of "any and all" persons "responsible for" "any and all" "training for Roundup" offered to "any persons" for the past ten years is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects that no "training for Roundup" is relevant unless it is tied to specific information that led to plaintiff's decedent's alleged exposure to Monsanto's glyphosate-containing herbicides.  Russo objects to the provision of information in response to this Interrogatory that does not concern the specific Monsanto product(s) to which plaintiff's decedent allegedly was exposed.  Russo objects to the provision of information in response to this Interrogatory that post-dates the alleged last exposure of plaintiff's decedent to Monsanto's glyphosate-based product(s), in 2016, because such information cannot have impacted and thus is irrelevant to plaintiff's claims.  Russo objects to the extent Interrogatory No. 5 seeks information that is publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to Interrogatory No. 5 to the extent it would require collecting materials from third parties, including because searching for information outside the possession of Russo would be unduly burdensome.  Russo objects that Interrogatory No. 5 is compound and unduly burdensome in that it contains multiple inappropriate subparts and therefore brings the total number of Interrogatories propounded in this set beyond the 30-interrogatory limit permitted by the Illinois Supreme Court Rule 213(c).

Subject to, and without waiving the foregoing general and specific objections set forth above, Russo responds as follows:  Russo does not have any employees responsible for training customers on the use of Roundup.

**INTERROGATORY NO. 6:**    Identify any and all persons that worked for Defendant Russo Hardware responsible for any and all sales efforts for Roundup to any persons to Intervenor University of Illinois- Chicago between 2009 to the present.  Also identify who they directed their sales efforts to and when those efforts were made.

**RESPONSE:** Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that Interrogatory No. 6 is vague and ambiguous as to the term "responsible" and the phrase "sales efforts," including because that term and phrase could mean different things to different people.  Russo objects that Interrogatory No. 6 is duplicative of Interrogatory Nos. 3 and 4.  Russo objects to the extent Interrogatory No. 6 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.    Russo objects that Interrogatory No. 6 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for the identity of "any and all" persons "responsible for" "any and all" "sales efforts" for any Roundup®-branded herbicide for the past ten years is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects that no "sales efforts" for any Roundup®-branded herbicide are relevant unless they are tied to specific information that led to plaintiff's decedent's alleged exposure to Monsanto's glyphosate-containing herbicides.  Russo objects to the provision of information in response to this Interrogatory that does not concern the specific Monsanto product(s) to which plaintiff's decedent allegedly was exposed.  Russo objects to the provision of information in response to this Interrogatory that post-dates the alleged last exposure of plaintiff's decedent to

12

Monsanto's glyphosate-based product(s), in 2016, because such information cannot have impacted and thus is irrelevant to plaintiff's claims. Russo objects to the extent Interrogatory No. 6 seeks information that is publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo. Russo objects to Interrogatory No. 6 to the extent it would require collecting materials from third parties, including because searching for information outside the possession of Russo would be unduly burdensome.  Russo objects that Interrogatory No. 6 is compound and unduly burdensome in that it contains multiple inappropriate subparts and therefore brings the total number of Interrogatories propounded in this set beyond the 30-interrogatory limit permitted by the Illinois Supreme Court Rule 213(c).

Subject to, and without waiving the foregoing general and specific objections set forth above, Russo incorporates by reference its Response to Interrogatory Nos. 3 and 4.

**INTERROGATORY NO. 7:**    Identify any and all persons that worked for Defendant Russo Hardware responsible for any and all sales efforts for Roundup to Intervenor University of Illinois-Chicago between 2009 to the present. Also identify who they directed their marketing efforts to and when those efforts were made.

**RESPONSE:** Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that Interrogatory No. 7 is vague and ambiguous as to the term "responsible" and the phrases "sales efforts" and "marketing efforts," including because those phrases could mean different things to different people.  Russo objects that Interrogatory No. 7 is vague and ambiguous because it asks for the identity of individuals in charge of "sales efforts" in the first sentence, but "marketing efforts" in the second sentence.  Russo objects that Interrogatory No. 7 is duplicative of Interrogatory Nos. 3, 4 and 6.  Russo objects to the extent Interrogatory No. 7 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Interrogatory No. 7 is

13

overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for the identity of "any and all" persons responsible for "any and all" "sales efforts" (or "marketing efforts") for any Roundup®-branded herbicide for the past ten years is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects that no "sales efforts" or "marketing efforts" for any Roundup®-branded herbicide are relevant unless they are tied to specific information that led to plaintiff's decedent's alleged exposure to Monsanto's glyphosate-containing herbicides.  Russo objects to the provision of information in response to this Interrogatory that does not concern the specific Monsanto product(s) to which plaintiff's decedent allegedly was exposed.  Russo objects to the provision of information in response to this Interrogatory that post-dates the alleged last exposure of plaintiff's decedent to Monsanto's glyphosate-based product(s), in 2016, because such information cannot have impacted and thus is irrelevant to plaintiff's claims.  Russo objects to the extent Interrogatory No. 7 seeks information that is publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to Interrogatory No. 7 to the extent it would require collecting materials from third parties, including because searching for information outside the possession of Russo would be unduly burdensome.  Russo objects that Interrogatory No. 7 is compound and unduly burdensome in that it contains multiple inappropriate subparts and therefore brings the total number of Interrogatories propounded in this set beyond the 30-interrogatory limit permitted by the Illinois Supreme Court Rule 213(c).

Subject to, and without waiving the foregoing general and specific objections set forth above, Russo incorporates by reference its Response to Interrogatory Nos. 3 and 4.

**INTERROGATORY NO. 8:**    Identify any and all persons that worked for Defendant Russo Hardware responsible for any and all training for Roundup offered to Intervenor University of Illinois-Chicago between 2009 to the present. Also identify who they directed their training to and when those trainings were conducted.

**RESPONSE:** Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that Interrogatory No. 8 is vague and ambiguous as to the term "responsible" and "training," including because those terms could mean different things to different people.  Russo objects that Interrogatory No. 8 is duplicative of Interrogatory No. 5. Russo objects to the extent Interrogatory No. 8 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Interrogatory No. 8 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for the identity of "any and all" persons "responsible for" "any and all" "training for Roundup" for the past ten years is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects that no "training for Roundup" is relevant unless it is tied to specific information that led to plaintiff's decedent's alleged exposure to Monsanto's glyphosate-containing herbicides.  Russo objects to the provision of information in response to this Interrogatory that does not concern the specific Monsanto product(s) to which plaintiff's decedent allegedly was exposed.  Russo objects to the provision of information in response to this Interrogatory that post-dates the alleged last exposure of plaintiff's decedent to Monsanto's glyphosate-based product(s), in 2016, because such information cannot have impacted and thus is irrelevant to plaintiff's claims.  Russo objects to

15

the extent Interrogatory No. 8 seeks information that is publicly available and therefore readily

available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it

would be for Russo.  Russo objects to Interrogatory No. 8 to the extent it would require

collecting materials from third parties, including because searching for information outside the

possession of Russo would be unduly burdensome.  Russo objects that Interrogatory No. 8 is

compound and unduly burdensome in that it contains multiple inappropriate subparts and

therefore brings the total number of Interrogatories propounded in this set beyond the 30-

interrogatory limit permitted by the Illinois Supreme Court Rule 213(c).

Subject to, and without waiving the foregoing general and specific objections set forth

above, Russo incorporates by reference its Response to Interrogatory No. 5.

**INTERROGATORY NO. 9:**   Did Defendant Russo Hardware enter into any written contracts with any person to perform, supervise and/or coordinate the sale of Roundup to persons associated with a business, college, university, school, and/or governmental property in the Chicagoland area from 2009 to 2019? If so:

a.   Identify all parties with whom the Defendant Russo Hardware entered into any contract and the name and address of each person identified employer;

b.   State the date or dates of all contracts;

c.   Describe nature of the work contracted;

d.   Identify all persons who signed the contracts; and

e.   Identify all persons having custody of the contracts.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections

here as if restated in full.  Russo objects that Interrogatory No. 9 is vague and ambiguous as to

the phrases "perform, supervise and/or coordinate the sale," "persons associated with," and "a

business, college, university, school, and/or governmental property" including because those

phrases could mean different things to different people.  Russo objects to the extent Interrogatory

No. 9 seeks information protected by the attorney-client privilege, the work product doctrine, or

16

any other applicable privilege.  Russo objects that Interrogatory No. 9 is overbroad, unduly

burdensome, and irrelevant to the subject matter involved in the pending action, including

because a request for "any written contracts" with "any person" to "perform, supervise and/or

coordinate" the sale of any Roundup®-branded herbicide to "any person" for the past ten years is

not limited to contracts involving individuals and/ or entities with any connection to plaintiff's

decedent, is not limited to a relevant timeframe, to the specific product(s) allegedly used by

Plaintiff's decedent, or to the only injury alleged in this case, NHL, and therefore the burden and

expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the extent

Interrogatory No. 9 seeks information that is publicly available and therefore readily available to

Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for

Russo.  Russo objects to Interrogatory No. 9 to the extent it would require collecting materials

from third parties, including because searching for information outside the possession of Russo

would be unduly burdensome.  Russo objects that Interrogatory No. 9 is compound and unduly

burdensome in that it contains multiple inappropriate subparts and therefore brings the total

number of Interrogatories propounded in this set beyond the 30-interrogatory limit permitted by

the Illinois Supreme Court Rule 213(c).

Subject to, and without waiving the foregoing general and specific objections set forth

above, Russo responds as follows:  Russo does not have contracts with any individual "to

perform, supervise and/or coordinate the sale of Roundup to persons associated with a business,

college, university, school, and/or governmental property in the Chicagoland area" within the

time period identified in Interrogatory No. 9.

**INTERROGATORY NO. 10:**  Did Defendant Russo Hardware enter into any written
contracts with any person to perform, supervise and/or coordinate the marketing of Roundup
persons associated with a business, college, university, school, and/or governmental property in
the Chicagoland area from 2009 to 2019? If so:

a.      Identify all parties with whom the Defendant Russo Hardware entered into any contract and the name and address of each person identified employer;

b.      State the date or dates of all contracts;

c.      Describe nature of the work contracted;

d.      Identify all persons who signed the contracts; and

e.      Identify all persons having custody of the contracts.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that Interrogatory No. 10 is vague and ambiguous as to the phrases "perform, supervise and/or coordinate the marketing," "persons associated with," and "a business, college, university, school, and/or governmental property" including because those phrases could mean different things to different people.  Russo objects to the extent Interrogatory No. 10 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Interrogatory No. 10 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "any written contracts" with "any person" to "perform, supervise and/or coordinate" the marketing of any Roundup®-branded herbicide to "any person" for the past ten years is not limited to contracts involving individuals and/ or entities with any connection to plaintiff's decedent,  is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the extent Interrogatory No. 10 seeks information that is publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to Interrogatory No. 10 to the extent it would require collecting materials from third parties, including because searching for information outside the

possession of Russo would be unduly burdensome.  Russo objects that Interrogatory No. 10 is

compound and unduly burdensome in that it contains multiple inappropriate subparts and

therefore brings the total number of Interrogatories propounded in this set beyond the 30-

interrogatory limit permitted by the Illinois Supreme Court Rule 213(c).

Subject to, and without waiving the foregoing general and specific objections set forth

above, Russo responds as follows:  Russo does not have contracts with any individual "to

perform, supervise and/or coordinate the marketing of Roundup to persons associated with a

business, college, university, school, and/or governmental property in the Chicagoland area"

within the time period identified in Interrogatory No. 10.

**INTERROGATORY NO. 11:**  Did Defendant Russo Hardware enter into any written
contracts with any person to perform, supervise and/or coordinate the sale of Roundup to
Intervenor University of Illinois- Chicago from 2009 to 2019? If so:

> a.      Identify all parties with whom the Defendant Russo Hardware entered into
>         any contract and the name and address of each person identified employer;
>
> b.      State the date or dates of all contracts
>
> c.      Describe nature of the work contracted;
>
> d.      Identify all persons who signed the contracts; and
>
> e.      Identify all persons having custody of the contracts.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections

here as if restated in full.  Russo objects that Interrogatory No. 11 is vague and ambiguous as to

the phrases "perform, supervise and/or coordinate the sale," including because that phrase could

mean different things to different people.  Russo objects that Interrogatory No. 11 is duplicative

of Interrogatory No. 9.  Russo objects to the extent Interrogatory No. 11 seeks information

protected by the attorney-client privilege, the work product doctrine, or any other applicable

privilege.  Russo objects that Interrogatory No. 11 is overbroad, unduly burdensome, and

irrelevant to the subject matter involved in the pending action, including because a request for

"any written contracts" with "any person" to "perform, supervise and/or coordinate" the sale of

any Roundup®-branded herbicide for the past ten yearsis not limited to a relevant timeframe, to

the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this

case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to

Plaintiff.  Russo objects to the extent Interrogatory No. 11 seeks information that is publicly

available and therefore readily available to Plaintiff, as the burden of obtaining such information

is the same for Plaintiff as it would be for Russo.  Russo objects to Interrogatory No. 11 to the

extent it would require collecting materials from third parties, including because searching for

information outside the possession of Russo would be unduly burdensome.  Russo objects that

Interrogatory No. 11 is compound and unduly burdensome in that it contains multiple

inappropriate subparts and therefore brings the total number of Interrogatories propounded in this

set beyond the 30-interrogatory limit permitted by the Illinois Supreme Court Rule 213(c).

Subject to, and without waiving the foregoing general and specific objections set forth

above, Russo incorporates by reference its Response to Interrogatory No. 9.

**INTERROGATORY NO. 12:**  Did Defendant Russo Hardware enter into any written
contracts with any person to perform, supervise and/or coordinate the marketing of Roundup to
Intervenor University of Illinois-Chicago from 2009 to 2019? If so:

a.     Identify all parties with whom the Defendant Russo Hardware entered into
any contract and the name and address of each person identified employer;

b.     State the date or dates of all contracts;

c.     Describe nature of the work contracted;

d.     Identify all persons who signed the contracts; and

e.     Identify all persons having custody of the contracts.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that Interrogatory No. 12 is vague and ambiguous as to the phrase "perform, supervise and/or coordinate the marketing," including because that phrase could mean different things to different people.  Russo objects that Interrogatory No. 12 is duplicative of Interrogatory No. 10.  Russo objects to the extent Interrogatory No. 12 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Interrogatory No. 12 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "any written contracts" with "any person" to "perform, supervise and/or coordinate" the marketing of any Roundup®-branded herbicide for the past ten years not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the extent Interrogatory No. 12 seeks information that is publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to Interrogatory No. 12 to the extent it would require collecting materials from third parties, including because searching for information outside the possession of Russo would be unduly burdensome.  Russo objects that Interrogatory No. 12 is compound and unduly burdensome in that it contains multiple inappropriate subparts and therefore brings the total number of Interrogatories propounded in this set beyond the 30-interrogatory limit permitted by the Illinois Supreme Court Rule 213(c).

Subject to, and without waiving the foregoing general and specific objections set forth above, Russo incorporates by reference its Response to Interrogatory No. 10.

4817-8516-2152

**INTERROGATORY NO. 13:**  Did Defendant Russo Hardware enter into any written contracts with any person to perform, supervise and/or coordinate the training on the use of Roundup to Intervenor University of Illinois-Chicago from 2009 to 2019? If so:

      a.       Identify all parties with whom the Defendant Russo Hardware entered into any contract and the name and address of each person identified employer;

      b.       State the date or dates of all contracts;

      c.       Describe nature of the work contracted;

      d.       Identify all persons who signed the contracts; and

      e.       Identify all persons having custody of the contracts.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that Interrogatory No. 13 is vague and ambiguous as to the term "use" and the phrase "perform, supervise and/or coordinate the training," including because that term and phrase could mean different things to different people.  Russo objects to the extent Interrogatory No. 13 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Interrogatory No. 13 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "any written contracts" with "any person" to "perform, supervise and/or coordinate" training "on the use of" of any Roundup®-branded herbicide for the past ten years is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the extent Interrogatory No. 13 seeks information that is publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to Interrogatory No. 13 to the extent it would require collecting materials from third parties, including because searching for information outside the possession

of Russo would be unduly burdensome.  Russo objects that Interrogatory No. 13 is compound

and unduly burdensome in that it contains multiple inappropriate subparts and therefore brings

the total number of Interrogatories propounded in this set beyond the 30-interrogatory limit

permitted by the Illinois Supreme Court Rule 213(c).

Subject to, and without waiving the foregoing general and specific objections set forth

above, Russo responds as follows:  Russo does not have contracts with any individual "to

perform, supervise and/or coordinate the training on the use of Roundup to Intervenor University

of Illinois-Chicago" within the time period identified in Interrogatory No. 13.

**INTERROGATORY NO. 14:**  Did Defendant Russo Hardware enter into any written
contracts with any person to perform, supervise and/or coordinate the training on the safety of
Roundup in the Chicagoland area from 2009 to 2019? If so:

    a.    Identify all parties with whom the Defendant Russo Hardware entered into
any contract and the name and address of each person identified employer;

    b.    State the date or dates of all contracts;

    c.    Describe nature of the work contracted;

    d.    Identify all persons who signed the contracts; and

    e.    Identify all persons having custody of the contracts.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections

here as if restated in full.  Russo objects that Interrogatory No. 14 is vague and ambiguous as to

the term "safety" and the phrase "perform, supervise and/or coordinate the training," including

because that term and phrase could mean different things to different people.  Russo objects that

Interrogatory No. 14 is duplicative of Interrogatory No. 13.  Russo objects to the extent

Interrogatory No. 14 seeks information protected by the attorney-client privilege, the work

product doctrine, or any other applicable privilege.  Russo objects that Interrogatory No. 14 is

overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending

action, including because a request for "any written contracts" with "any person" to "perform,

supervise and/or coordinate" training "on the safety" of any Roundup®-branded herbicide to "any

person" for the past ten years is not limited to contracts involving individuals and/ or entities

with any connection to plaintiff's decedent, is not limited to a relevant timeframe, to the specific

product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this case, NHL,

and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.

Russo objects to the extent Interrogatory No. 14 seeks information that is publicly available and

therefore readily available to Plaintiff, as the burden of obtaining such information is the same

for Plaintiff as it would be for Russo.  Russo objects to Interrogatory No. 14 to the extent it

would require collecting materials from third parties, including because searching for

information outside the possession of Russo would be unduly burdensome.  Russo objects that

Interrogatory No. 14 is compound and unduly burdensome in that it contains multiple

inappropriate subparts and therefore brings the total number of Interrogatories propounded in this

set beyond the 30-interrogatory limit permitted by the Illinois Supreme Court Rule 213(c).

Subject to, and without waiving the foregoing general and specific objections set forth

above, Russo responds as follows:  Russo incorporates by reference its Response to Interrogatory

No. 13, and states further that it does not have contracts with any individual "to perform,

supervise and/or coordinate the training on the use of Roundup in the Chicagoland area" within

the time period identified in Interrogatory No. 14.

**INTERROGATORY NO. 15:**  If Defendant Russo Hardware denies that Roundup was
a substantial factor in causing John Caruso's non-Hodgkin's lymphoma, identify all facts,
documents, and witnesses that Defendant Russo Hardware intends to rely on in support of that
denial.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections

here as if restated in full.  Russo objects that Interrogatory No. 15 is vague and ambiguous as to

the phrases "substantial factor" and "rely on" including because those phrases could mean different things to different people.  Russo objects to Interrogatory No. 15 because in combination with all of the interrogatories and their subparts, this Interrogatory and its subpart exceed the limit of 30 interrogatories, including all subparts, imposed by Illinois Supreme Court Rule 213(c).   Russo objects to the extent Interrogatory No. 15 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Interrogatory No. 15 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because the Interrogatory seeks "all facts" and is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the extent Interrogatory No. 15 seeks information that is publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to Interrogatory No. 15 to the extent it would require collecting materials from third parties, including because searching for information outside the possession of Russo would be unduly burdensome.  Russo objects to Interrogatory No. 15 to the extent it requires Russo to speculate as to information not within its possession, custody, or control.  Russo objects to Interrogatory No. 15 because it is premature and need not be answered, if ever, until after fact and expert discovery has been completed, or until a pretrial conference, or other later time.  Russo objects that Interrogatory No. 15 is improperly and prematurely seeking the disclosure of expert testimony and/or the materials on which Russo's experts will rely in reaching their expert opinions.  Such information will be

disclosed at the appropriate time in accordance with Illinois Supreme Court Rule 213 and/or following the entry of a case management order.

**INTERROGATORY NO. 16:**  Identify any and all government standards, laws, regulations, or statutes that Defendant Russo Hardware intends to rely on in this matter.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that Interrogatory No. 16 is vague and ambiguous as to the phrases "government standards" and "rely on," including because those phrases could mean different things to different people.  Russo objects to Interrogatory No. 16 because in combination with all of the interrogatories and their subparts, this Interrogatory and its subpart exceed the limit of 30 interrogatories, including all subparts, imposed by Illinois Supreme Court Rule 213(c).  Russo objects that Interrogatory No. 16 is overbroad and unduly burdensome including because the Interrogatory seeks "any and all" "government standards, laws, regulations, or statutes" and is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.   Russo objects to the extent Interrogatory No. 16 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects to Interrogatory No. 16 because it is premature and need not be answered, if ever, until after fact and expert discovery has been completed, or until a pretrial conference, or other later time.  Russo objects that Interrogatory No. 16 is improperly and prematurely seeking the disclosure of expert testimony and/or the materials on which Russo's experts will rely in reaching their expert opinions.  Such information will be disclosed at the appropriate time in accordance with Illinois Supreme Court Rule 213 and/or following the entry of a case management order.

4817-8516-2152

**INTERROGATORY NO. 17:**  Identify any and all other products, factors, comorbidities, or other contributing causes (including but not limited to allegations raised in its Fourth Affirmative Defense) Defendant Russo Hardware intends to claim caused or contributed John Caruso's non-Hodgkin's lymphoma.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that Interrogatory No. 17 is vague and ambiguous as to the term "factors" including because those phrases could mean different things to different people.  Russo objects to Interrogatory No. 17 because in combination with all of the interrogatories and their subparts, this Interrogatory and its subpart exceed the limit of 30 interrogatories, including all subparts, imposed by Illinois Supreme Court Rule 213(c).   Russo objects to the extent Interrogatory No. 17 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects to Interrogatory No. 17 because it is premature and need not be answered, if ever, until after fact and expert discovery has been completed, or until a pretrial conference, or other later time.  Russo objects that Interrogatory No. 17 is improperly and prematurely seeking the disclosure of expert testimony and/or the materials on which Russo's experts will rely in reaching their expert opinions.  Such information will be disclosed at the appropriate time in accordance with Illinois Supreme Court Rule 213 and/or following the entry of a case management order.

**INTERROGATORY NO. 18:**  Identify any and all persons who worked for, contracted with, or otherwise represented Defendant Russo Hardware that sold, marketed, or provided training materials of any kind to Intervenor University of Illinois-Chicago from 2009 to present.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that Interrogatory No. 18 is vague and ambiguous as to the phrases "otherwise represented" and "training materials," including because those phrases could mean different things to different people.  Russo objects to Interrogatory No. 18 because in combination with all of the interrogatories and their subparts, this Interrogatory and its subpart

exceed the limit of 30 interrogatories, including all subparts, imposed by Illinois Supreme Court

Rule 213(c). Russo objects that Interrogatory No. 18 is duplicative of Interrogatory Nos. 5, 8, 13

and 14. Russo objects that no "training material of any kind" is relevant unless it is tied to

specific information that led to plaintiff's decedent's alleged exposure to Monsanto's glyphosate-

containing herbicides. Russo objects to the extent Interrogatory No. 18 seeks information

protected by the attorney-client privilege, the work product doctrine, or any other applicable

privilege. Russo objects that Interrogatory No. 18 is overbroad, unduly burdensome, and

irrelevant to the subject matter involved in the pending action, including because the

Interrogatory is not limited to a relevant timeframe, to the specific product(s) allegedly used by

Plaintiff's decedent, or to the only injury alleged in this case, NHL, and therefore the burden and

expense of the discovery outweighs its likely benefit to Plaintiff. Russo objects to the provision

of information in response to this Interrogatory that post-dates the alleged last exposure to

Monsanto's glyphosate-based product(s), in 2016, because such information cannot have

impacted and thus is irrelevant to plaintiff's claims. Russo objects to the extent Interrogatory

No. 18 seeks information that is publicly available and therefore readily available to Plaintiff, as

the burden of obtaining such information is the same for Plaintiff as it would be for Russo.

Russo objects to Interrogatory No. 18 to the extent it would require collecting materials from

third parties, including because searching for information outside the possession of Russo would

be unduly burdensome.

Subject to, and without waiving the foregoing general and specific objections set forth

above, Russo incorporates by reference its Responses to Interrogatory Nos. 5, 8, 13 and 14.

**INTERROGATORY NO. 19:** Identify any and all Roundup products labels indicating
that any Roundup product, or any component ingredient of Roundup (including but not limited to
glyphosate), may cause or contribute to cause any form of cancer, including but not limited non-
Hodgkin's lymphoma.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects to Interrogatory No. 19 because in combination with all of the interrogatories and their subparts, this Interrogatory and its subpart exceed the limit of 30 interrogatories, including all subparts, imposed by Illinois Supreme Court Rule 213(c).  Russo objects to the extent Interrogatory No. 19 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Interrogatory No. 19 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because the Interrogatory is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the extent Interrogatory No. 19 seeks information that is publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to Interrogatory No. 19 to the extent it would require collecting materials from third parties, including because searching for information outside the possession of Russo would be unduly burdensome.

Subject to, and without waiving the foregoing general and specific objections set forth above, Russo responds as follows:  Russo lacks information or knowledge sufficient to form a belief on this issue, including because Russo is not responsible for the design, review, or approval of labels for Monsanto's Roundup®-branded herbicides.  Russo therefore directs Plaintiff to Monsanto's discovery responses and to publicly available information regarding entities that regulate glyphosate and/or Roundup®-branded products.

4817-8516-2152

**INTERROGATORY NO. 20:**  Identify any and all organizations that Defendant Russo Hardware was/is a member of (including but not limited to the American Public Works Association and the North American Trailer Dealers Association) from 2009 to present.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects to Interrogatory No. 20 because in combination with all of the interrogatories and their subparts, this Interrogatory and its subpart exceed the limit of 30 interrogatories, including all subparts, imposed by Illinois Supreme Court Rule 213(c).  Russo objects that Interrogatory No. 20 is vague and ambiguous as to the term "organizations," including because that term could mean different things to different people.  Russo objects that Interrogatory No. 20 is duplicative of Interrogatory No. 1.  Russo objects to the extent Interrogatory No. 20 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Interrogatory No. 20 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because "any and all organizations" for over a ten year period is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the extent Interrogatory No. 20 seeks information that is publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to Interrogatory No. 20 to the extent it would require collecting materials from third parties, including because searching for information outside the possession of Russo would be unduly burdensome.

Subject to, and without waiving the foregoing, general and specific objections set forth above, Russo responds as follows:  Russo is a member of the Accredited Snow Contractors Association, American Public Works Association, Elgin Chamber of Commerce, Frankfort

4817-8516-2152

Chamber of Commerce, Illinois Association of Park Districts, Illinois Green Industry

Association, Illinois Landscape Contractor Association, Illinois Sports Turf Managers

Association, Midwest Institute of Park Executives, National Joint Powers Alliance, North

American Trailer Dealers Association, Snow & Ice Management Association, Sports Turf

Managers Association, Tractor Blue Book, Tree Care Industry Association, Illinois Arborist

Association, National American Trailer Dealers Association, and Midwest Institute of Park

Executives.

**INTERROGATORY NO. 21:**  Identify any and all trade shows, industry seminars, product seminars, training sessions, conferences, meetings, or other events from 2009 to present hosted by Defendant Monsanto, one of the organizations in Interrogatory #20, or any other person that discussed the IARC's 2015 findings regarding glyphosate, Defendant Monsanto, Roundup, or its ingredients (including but not limited to glyphosate) that Defendant Russo Hardware attended, spoke at, or received materials from. In identifying, please indicate the following:

        a.      The name of the event;

        b.      The dates of the event;

        c.      The host of the event;

        d.      The person from Defendant Russo Hardware in attendance;

        e.      The topics discussed;

        f.      The materials received regarding Roundup or its ingredients (including but notlimited to glyphosate).

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections

here as if restated in full.  Russo objects that Interrogatory No. 21 is vague and ambiguous as to

the terms and phrases "trade shows," "industry seminars," "product seminars," "training

sessions," "conferences," "meetings," "discussed" and "other events," including because those

terms could mean different things to different people.  Russo objects that Interrogatory No. 21 is

duplicative of Interrogatory No. 1 and Interrogatory No. 20.  Russo objects to the extent

Interrogatory No. 21 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Interrogatory No. 21 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because the Interrogatory is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the extent Interrogatory No. 21 seeks information that is publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to Interrogatory No. 21 to the extent it would require collecting materials from third parties, including because searching for information outside the possession of Russo would be unduly burdensome.  Russo objects that Interrogatory No. 21 is compound and unduly burdensome in that it contains multiple inappropriate subparts and therefore brings the total number of Interrogatories propounded in this set beyond the 30-interrogatory limit permitted by the Illinois Supreme Court Rule 213(c).

Subject to the general and specific objections set forth above, Russo incorporates by reference its Responses to Interrogatory Nos. 1 and 20, and further responds as follows:  through its reasonable investigation into matters known or readily accessible during the relevant time period, through Plaintiff's decedent's last exposure in 2016, Russo has not identified any information responsive to this Interrogatory.  To the extent it learns of such information, Russo will supplement its response accordingly.

4817-8516-2152

**INTERROGATORY NO. 22:**  Identify any and all persons who were members of Defendant Russo Hardware's business relationship development (BRD) team from 2009 to present, including the following information:

      a.      Their title within the BRD team;

      b.      Their dates of service on the BRD team;

      c.      Their clients on the BRD team;

      d.      Any and all trade shows and industry seminars they attended.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that Interrogatory No. 22 is vague and ambiguous as to the phrases "trade shows" and "industry seminars," including because those phrases could mean different things to different people.  Russo objects that Interrogatory No. 22 is duplicative of Interrogatory Nos. 1, 20 and 21.  Russo objects that Interrogatory No. 22 seeks the disclosure of confidential and/or proprietary business information to the extent it seeks Russo's clients who are in no way related to this lawsuit.  Russo objects that Interrogatory No. 22 is irrelevant insofar as it seeks "any and all trade shows and industry seminars" its BRD employees attended because most (if not all) of those events do not concern Roundup®-branded herbicides.  Russo objects to the extent Interrogatory No. 22 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Interrogatory No. 22 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because the Interrogatory is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the extent Interrogatory No. 22 seeks information that is publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to

Interrogatory No. 22 to the extent it would require collecting materials from third parties,

including because searching for information outside the possession of Russo would be unduly

burdensome.  Russo objects that Interrogatory No. 22 is compound and unduly burdensome in

that it contains multiple inappropriate subparts and therefore brings the total number of

Interrogatories propounded in this set beyond the 30-interrogatory limit permitted by the Illinois

Supreme Court Rule 213(c).

Subject to, and without waiving the foregoing general and specific objections set forth

above, Russo responds as follows:  Russo incorporates by reference its Responses to

Interrogatory Nos. 1, 20 and 21.  Russo states further that its Business Relationship Development

Team includes Peter Liakouras and Jason GlaviaNo.

**INTERROGATORY NO. 23:**  Identify any and all vendor training programs hosted by
Defendant Russo Hardware from 2009 to present that discussed the IARC's 2015 findings
regarding glyphosate, Defendant Monsanto, Roundup, or its ingredients (including but not
limited to glyphosate). In identifying, please indicate the following:

      a.      The name of the program;

      b.      The dates of the program;

      c.      The host of the program;

      d.      The attendees to the program;

      e.      The topics discussed;

      f.      The materials received.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections

here as if restated in full.  Russo objects that Interrogatory No. 23 is vague and ambiguous as to

the term "vendor training programs," including because that term could mean different things to

different people.  Russo objects that Interrogatory No. 23 is duplicative of Interrogatory No. 21.

Russo objects to the extent Interrogatory No. 23 seeks information protected by the attorney-

client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that

Interrogatory No. 23 is overbroad, unduly burdensome, and irrelevant to the subject matter

involved in the pending action, including because the Interrogatory is not limited to a relevant

timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant

geographical area, or to the only injury alleged in this case, NHL, and therefore the burden and

expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the extent

Interrogatory No. 23 seeks information that is publicly available and therefore readily available

to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be

for Russo.  Russo objects to Interrogatory No. 23 to the extent it would require collecting

materials from third parties, including because searching for information outside the possession

of Russo would be unduly burdensome.  Russo objects that Interrogatory No. 23 is compound

and unduly burdensome in that it contains multiple inappropriate subparts and therefore brings

the total number of Interrogatories propounded in this set beyond the 30-interrogatory limit

permitted by the Illinois Supreme Court Rule 213(c).

Subject to, and without waiving the foregoing general and specific objections set forth

above, Russo incorporates by reference its Responses to Interrogatory No. 21, and further states

that after a reasonable investigation into matters known or readily accessible, Russo has not

identified any information responsive to this Interrogatory.  To the extent it learns of such

information, Russo will supplement its response accordingly.

**INTERROGATORY NO. 24:**  Identify any and all periodic in-house training sessions
hosted by Defendant Russo Hardware from 2009 to present that discussed the IARC's 2015
findings regarding glyphosate, Defendant Monsanto, Roundup, or its ingredients (including but
not limited to glyphosate). In identifying, please indicate the following:

      a.      The name of the program;

      b.      The dates of the program;

       c.       The host of the program;

       d.       The attendees to the program;

       e.       The topics discussed;

       f.       The materials received.

**RESPONSE:** Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that Interrogatory No. 24 is vague and ambiguous as to the term "in-house training programs," including because that term could mean different things to different people.  Russo objects that Interrogatory No. 24 is duplicative of Interrogatory Nos. 21 and 23.  Russo objects to the extent Interrogatory No. 24 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Interrogatory No. 24 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because the Interrogatory is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the extent Interrogatory No. 24 seeks information that is publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to Interrogatory No. 24 to the extent it would require collecting materials from third parties, including because searching for information outside the possession of Russo would be unduly burdensome.  Russo objects that Interrogatory No. 24 is compound and unduly burdensome in that it contains multiple inappropriate subparts and therefore brings the total number of Interrogatories propounded in this set beyond the 30-interrogatory limit permitted by the Illinois Supreme Court Rule 213(c).

4817-8516-2152

Subject to, and without waiving the foregoing general and specific objections set forth above, Russo incorporates by reference its Responses to Interrogatory Nos. 21 and 23, and further states that after a reasonable investigation into matters known or readily accessible, Russo has not identified any information responsive to this Interrogatory.  To the extent it learns of such information, Russo will supplement its response accordingly.

**INTERROGATORY NO. 25:**  Identify each Monsanto Roundup product Defendant Russo Hardware sold to Intervenor University of Illinois-Chicago from 2009 to the present.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects to Interrogatory No. 25 because in combination with all of the interrogatories and their subparts, this Interrogatory and its subpart exceed the limit of 30 interrogatories, including all subparts, imposed by Illinois Supreme Court Rule 213(c).  Russo objects to the extent Interrogatory No. 25 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Interrogatory No. 25 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because the Interrogatory is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the extent Interrogatory No. 25 seeks information that is in Plaintiff's possession, custody or control, and is therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo. Russo objects to Interrogatory No. 25 to the extent it would require collecting materials from third parties, including because searching for information outside the possession of Russo would be unduly burdensome.  Russo objects to the provision of information in response to this Interrogatory that does not concern the specific Monsanto product(s) to which plaintiff's

decedent allegedly was exposed.   Russo objects to the provision of information in response to this Interrogatory that post-dates the alleged last exposure of plaintiff's decedent to Monsanto's glyphosate-based product(s), in 2016, because such information cannot have impacted and thus is irrelevant to plaintiff's claims.

Subject to, and without waiving the foregoing general and specific objections set forth above, Russo states that after a reasonable investigation into matters known or readily accessible, Russo sold Roundup QuikPRO (6.8 lb.), and Roundup QuikPRO Non-Selective Herbicide (6.8 lb.) to the University of Illinois-Chicago.

**INTERROGATORY NO. 26:**  Did Defendant Russo purchase directly from Defendant Monsanto the Monsanto Roundup products sold to Intervenor University of Illinois-Chicago from 2009 to the present referenced in Interrogatory number 25? If no, please identify the wholesale and/or retail distributor from whom Defendant Russo Hardware purchased the Monsanto Roundup Products it sold to the University of Illinois at Chicago from 2009 to present.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects to the extent Interrogatory No. 26 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Interrogatory No. 26 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because the Interrogatory is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the extent Interrogatory No. 26 seeks information that is publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to Interrogatory No. 26 to the extent it would require collecting materials from third parties, including because searching for information outside the possession of Russo would be unduly burdensome.  Russo objects that Interrogatory No. 26 is compound

4817-8516-2152

and unduly burdensome in that it contains multiple inappropriate subparts and therefore brings

the total number of Interrogatories propounded in this set beyond the 30-interrogatory limit

permitted by the Illinois Supreme Court Rule 213(c).

Subject to the general and specific objections set forth above, Russo responds as follows:

Russo does not purchase Roundup®-branded herbicides directly from Monsanto.  Since 2009,

Russo has purchased Roundup®-branded herbicides from Helena Chemical and/or Select Source

Chemical.

**INTERROGATORY NO. 27:**  Identify any and all policy or policies of liability
insurance effective on the date of the occurrence and, if so state the name of each such company
or companies, the policy number or numbers, the effective period(s} and the maximum liability
limits for each person and each occurrence, including umbrella or excess insurance coverage,
property damage, and medical payment coverage.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections

here as if restated in full.  Russo objects that Interrogatory No. 27 is duplicative of Requests for

Production No. 48.  Russo objects to the extent Interrogatory No. 27 seeks information protected

by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

Russo objects that Interrogatory No. 27 is vague as to the word "occurrence" because the

Complaint does not specify when Plaintiff's decedent allegedly used Roundup.  Russo objects

that Interrogatory No. 27 is compound and unduly burdensome in that it contains multiple

inappropriate subparts and therefore brings the total number of Interrogatories propounded in this

set beyond the 30-interrogatory limit permitted by the Illinois Supreme Court Rule 213(c).

4817-8516-2152

Subject to the general and specific objections set forth above, Russo incorporates by reference its Response to Request for Production No. 48.

Dated:  October 11, 2019                    Respectfully submitted,

                                            **RUSSO HARDWARE, INC.**


                                            By: _/s/  Thomas J. Dammrich, II_____
                                                 One of Its Attorneys

Thomas J. Dammrich, II (#6292653)
Peter F. O'Neill
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, *Suite 4700*
Chicago, Illinois 60606
Telephone:  (312) 704-7700
Facsimile:   (312) 558-1195
Email:  tdammrich@shb.com
Firm ID No. 58950

## **VERIFICATION BY RUSSO HARDWARE, INC.**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil

Procedure, the undersigned certifies that the statements set forth in this instrument are true

and correct.

Eric Adams
President
Russo Hardware, Inc.

Date: _____10 · 11 · 19_____

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas J. Dammrich II, an attorney, hereby certify that, on **October 11, 2019**, I caused

a true and complete copy of the foregoing **RUSSO HARDWARE, INC'S OBJECTIONS AND**

**RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** to be served upon

the following counsel of record via United States Mail, proper First Class postage prepaid

thereon:

Bruno Marasso (bmarasso@rblaw.net)
Bryce Hensley (bhensley(rblaw.net)
**Romanucci & Blandin**
321 N. Clark Street, #900
Chicago, IL 60654

Bruce Lyon (blyon@lcllaw.com)
Leah Fuessel (lfuessel@lcllaw.com)
**LaBarge Campbell & Lyon LLC**
200 W. Jackson Street, #2050
Chicago, IL 60606

Will Gohl (will.gohl@bartlitbeck.com)
**Bartlit Beck Herman & Associates**
54 W. Hubbard Street, Suite 3
Chicago, IL 60610

Brad A. Antonacci
(bantonacci@heylroyster.com)
**Heyl, Royster, Voelker & Allen**
33 N. Dearborn Street, 7th Floor
Chicago, IL 60602

Dominique Savinelli
(Dominique.savinelli@huschblackwell.com)
**Husch Blackwell LLP**
120 South Riverside Plaza
Suite 2200
Chicago, IL 60606

  _/s/   Thomas J. Dammrich, II_

4817-8516-2152