**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

MEGHAN CARUSO, Independent Executor
of the Estate of John Caruso, deceased,

                      Plaintiff,

     v.

RUSSO HARDWARE, INC. d/b/a RUSSO
POWER EQUIPMENT, INC., d/b/a RUSSO
POWER EQUPMENT, d/b/a GREEN
INDUSTRY FINANCE; and MONSANTO
COMPANY, INC.,

                    Defendants.

No.    2018-L-011723

**RUSSO HARDWARE, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
PRODUCTION REQUESTS TO DEFENDANT RUSSO HARDWARE**

Defendant Russo Hardware, Inc. ("Russo") hereby submits its responses and objections

to Plaintiff's Production Requests to Defendant Russo Hardware.  The responses and objections

set forth herein are based upon the information presently available to Russo, and Russo expressly

reserves the right to modify, supplement, or amend its objections and/or responses.  Each of

Russo's general objections is incorporated into its responses below, whether expressly repeated

or not.

**GENERAL OBJECTIONS**

1.      Russo objects to these Requests and other discovery against Russo unless and

until Plaintiff presents sufficient evidence that Plaintiff's decedent was exposed to a Monsanto

glyphosate-containing herbicide sold by Russo.

2.      Russo objects to the Requests for production of "all" or "any and all" documents

that relate to each identified subject in Plaintiff's Requests.  It is a practical and legal

impossibility that "all" or "any and all" documents for any specific subject could be found for the

EXHIBIT L2

more than forty years that glyphosate-containing products have been manufactured and sold. Instead, Russo will make reasonable and proportional searches for documents and information in order to respond to otherwise unobjectionable Requests.

3.      Russo has based these responses and objections on the assumption that Plaintiff, in propounding these Requests, does not intend to seek documents protected from discovery by the attorney-client privilege, or the work product doctrine, or information regarding or reflecting the impressions, conclusions, opinions, legal research or theories of Russo's attorneys.  Russo objects to each Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable statutory or common law privilege. Russo is not at this time in a position to be able to identify all the privileged documents that may fall within its potential production set and reserves the right to make privilege claims at a later date.

4.      Russo objects to the extent the Requests seek the immediate production of documents.  To the extent Russo agrees to produce documents in accordance with its responses set forth below, the production will be made in a sequential manner, and consistent with: (1) the Protective and Confidentiality Order, (2) the Joint Stipulation and Order Governing Protocol for Discovery of Electronically Stored Information, and (3) the Joint Stipulation and Order Governing Privilege Logs.

5.      Russo objects to Plaintiff's Requests to the extent they seek information duplicative of the more than two million documents (estimated to exceed twenty million pages) Monsanto already has produced in the federal multi-district litigation styled *In re Roundup Products Liability Litigation* (the "MDL") and other state court litigations where the plaintiffs claim that exposure to Monsanto's glyphosate-based herbicides caused them to develop non-

4846-6691-1144

Hodgkin's lymphoma ("NHL").  The vast collections Monsanto already has produced include records from non-custodial collections containing labels and Material Safety Data Sheets from Monsanto's glyphosate-containing products; Monsanto's EPA registration and correspondence files; records of external corporate statements about the safety of Monsanto's glyphosate-containing products; and scientific studies and articles related to the safety of glyphosate and glyphosate-containing products to humans and to other mammals.  Monsanto also has produced records from the files of nearly 60 current or former Monsanto employees, including at least seven toxicologists who work, or have worked, with glyphosate and glyphosate-containing products.  These previous document productions were produced by Monsanto in keyword searchable format in other cases.  They are hosted in a central repository organized by the MDL Plaintiffs' co-lead counsel.  The MDL court entered orders to facilitate a process for coordination and sharing of discovery with state court cases, and Plaintiff may learn more regarding the terms of access to those materials through any of the MDL Plaintiffs' co-lead counsel, *see* MDL Pretrial Order Nos. 4 & 7, www.cand.uscourts.gov/VC/roundupmdl.

6.      Russo objects to these Requests for Production to the extent they seek to impose a burden or requirement beyond what the Illinois Rules of Civil Procedure require.

7.      Russo's Responses to these Requests are made without waiving the right, at any time and for any reason, to revise, supplement, correct, add to, or clarify these Responses.  These Responses also are provided without limiting or waiving Russo's right to object to additional discovery that may be sought from Russo or from any of the custodians or production sources identified in these Responses.

8.      These General Objections apply to all of the following Responses to specific document requests.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**Request for Production No. 1:**    Produce any and all Roundup sales materials received from Defendant Monsanto for the Chicagoland area from 2009 to the present. If none, specific to the Chicagoland area, then nationwide.

**RESPONSE:** Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that the phrase "sales materials" is vague and ambiguous, including because that phrase could mean different things to different people.  Russo objects to the extent Request No. 1 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects to the extent that Request No. 1 seeks information duplicative and/or cumulative of the more than two million documents (estimated to exceed twenty million pages) in keyword-searchable productions that Monsanto has already produced and to which Plaintiff will be able to gain access.  Russo objects that Request No. 1 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "any and all Roundup sales materials" in "the Chicagoland area" and/or "nationwide" is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the claims at issue in this case, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.  Russo objects to the extent Request No. 1 seeks documents that are publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.

Subject to the foregoing general and specific objections, Russo states that that it has not located any documents responsive to this Request.  To the extent it learns of such information, Russo will supplement its response accordingly.

**Request for Production No. 2:**   Produce any and all Roundup marketing materials received from Defendant Monsanto for the Chicagoland area from 2009 to the present. If none, specific to the Chicago land area, then nationwide.

**RESPONSE:** Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that the phrase "marketing materials" is vague and ambiguous, including because that phrase could mean different things to different people.  Russo objects to the extent Request No. 2 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects to the extent that Request No. 2 seeks information duplicative and/or cumulative of the more than two million documents (estimated to exceed twenty million pages) in keyword-searchable productions that Monsanto has already produced and to which Plaintiff will be able to gain access.  Russo objects that Request No. 2 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "any and all Roundup marketing materials" in "the Chicagoland area" and/or "nationwide" is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the claims at issue in this case, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects that no "marketing materials" are relevant unless they are tied to specific information that Plaintiff's decedent allegedly read, saw, or heard and that led to his alleged exposure to Monsanto's glyphosate-containing herbicides.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016,

or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.  Russo objects to the extent Request No. 2 seeks documents that are publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.

Subject to the foregoing general and specific objections, Russo states that that it has not located any documents responsive to this Request.  To the extent it learns of such information, Russo will supplement its response accordingly.

**Request for Production No. 3:**   Produce any and all Roundup training materials received from Defendant Monsanto for the Chicago land area from 2009 to the present. If none, specific to the Chicago land area, then nationwide.

**RESPONSE:** Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that the phrase "training materials" is vague and ambiguous, including because that phrase could mean different things to different people.  Russo objects to the extent Request No. 3 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects to the extent that Request No. 3 seeks information duplicative and/or cumulative of the more than two million documents (estimated to exceed twenty million pages) in keyword-searchable productions that Monsanto has already produced and to which Plaintiff will be able to gain access.  Russo objects that Request No. 3 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "any and all Roundup training materials" in "the Chicagoland area" and/or "nationwide" is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the claims at issue in this case, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff. Russo objects that no "training materials" are relevant unless they are tied to specific information that Plaintiff's decedent allegedly read, saw, or heard

6

and that led to his alleged exposure to Monsanto's glyphosate-containing herbicides.  Russo

objects to the production of documents that do not concern the specific product(s) to which

Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in

response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's

glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials

cannot have impacted and thus are irrelevant to the claims at issue in this case.  Russo objects to

the extent Request No. 3 seeks documents that are publicly available and therefore readily

available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it

would be for Russo.

Subject to the foregoing general and specific objections, Russo states that that it has not

located any documents responsive to this Request.  To the extent it learns of such information,

Russo will supplement its response accordingly.

**Request for Production No. 4:**   Produce any and all materials received from Defendant
Monsanto that discuss the safety of Roundup and/or its active ingredients (including but not
limited to glyphosate) from 2009 to the present.

**RESPONSE:** Russo incorporates by reference the foregoing General Objections

here as if restated in full.  Russo objects that the terms "materials" and "safety" are vague and

ambiguous, including because they could mean different things to different people.  Russo

objects to the extent Request No. 4 seeks information protected by the attorney-client privilege,

the work product doctrine, or any other applicable privilege.  Russo objects that Request No. 4

seeks information duplicative and/or cumulative of the more than two million documents

(estimated to exceed twenty million pages) in keyword-searchable productions that Monsanto

has already produced and to which Plaintiff will be able to gain access.  Russo objects that

Request No. 4 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in

the pending action, including because a request for "any and all" "materials" that discuss the

"safety" of "Roundup" and/or its "active ingredients" is not limited to a relevant timeframe, to

the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or

to the only injury alleged in this case, NHL, and therefore the burden and expense of the

discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of any

documents in response to this Request that were not received in the state of Illinois, the only state

where Plaintiff claims exposure to Monsanto's glyphosate-based products.  Russo objects to the

production of documents that do not concern the specific product(s) to which Plaintiff's decedent

allegedly was exposed.  Russo objects to the production of documents in response to this Request

that do not concern whether exposure to glyphosate and/or glyphosate-containing herbicides can

cause cancer in a human being.  Russo objects to the production of documents in response to this

Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-

based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have

impacted and thus are irrelevant to the claims at issue in this case.  Russo objects to the extent

Request No. 4 seeks documents that are publicly available and therefore readily available to

Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for

Russo.

Subject to the foregoing general and specific objections, Russo states that that it has not

located any documents responsive to this Request.  To the extent it learns of such information,

Russo will supplement its response accordingly.

**Request for Production No. 5:**    Produce any and all communications between
Defendant Russo Hardware employees or former employees discussing the sale of Roundup
within the Chicago land area from 2009 to the present.

**RESPONSE:** Russo incorporates by reference the foregoing General Objections

here as if restated in full.  Russo objects to the extent Request No. 5 seeks information protected

by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

8

Russo objects that Request No. 5 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "any and all communications . . . discussing the sale of Roundup" is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.

Subject to the foregoing general and specific objections, and provided that Plaintiff presents sufficient evidence that Plaintiff's decedent was exposed to glyphosate-containing herbicides distributed by Russo, Russo will produce non-privileged, reasonably accessible documents that date from prior to Plaintiff's decedent's last exposure, in 2016, in response to Request No. 5.

**Request for Production No. 6:**   Produce any and all communications between Defendant Russo Hardware employees or former employees discussing the marketing of Roundup within the Chicago land area from 2009 to the present.

**RESPONSE:** Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects to the extent Request No. 6 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Request No. 6 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "any and all communications . . . discussing the marketing of Roundup" is not limited to a relevant

9

4846-6691-1144

timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury

alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its

likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern the

specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the

production of documents in response to this Request that post-date Plaintiff's decedent's alleged

last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer

diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at

issue in this case.

Subject to the foregoing general and specific objections, and provided that Plaintiff

presents sufficient evidence that Plaintiff's decedent was exposed to glyphosate-containing

herbicides distributed by Russo, Russo will produce non-privileged, reasonably accessible

documents that date from prior to Plaintiff's decedent's last exposure, in 2016, in response to

Request No. 6.

**Request for Production No. 7:**    Produce any and all communications between
Defendant Russo Hardware employees or former employees discussing the training to use
Roundup within the Chicago land area from 2009 to the present.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections

here as if restated in full.  Russo objects to the extent Request No. 7 seeks information protected

by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

Russo objects that Request No. 7 is overbroad, unduly burdensome, and irrelevant to the subject

matter involved in the pending action, including because a request for "any and all

communications . . . discussing the training to use Roundup" is not limited to a relevant

timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury

alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its

likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern the

specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the

production of documents in response to this Request that post-date Plaintiff's decedent's alleged

last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer

diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at

issue in this case.

Subject to the foregoing general and specific objections, Russo states that that it has not

located any documents responsive to this Request.  To the extent it learns of such information,

Russo will supplement its response accordingly.

**Request for Production No. 8:**   Produce any and all communications between
Defendant Monsanto and Defendant Russo Hardware discussing the sale of Roundup within the
Chicago land area from 2009 to the present.

**RESPONSE:** Russo incorporates by reference the foregoing General Objections

here as if restated in full.  Russo objects to the extent Request No. 8 seeks information protected

by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

Russo objects that Request No. 8 is overbroad, unduly burdensome, and irrelevant to the subject

matter involved in the pending action, including because a request for "any and all

communications . . . discussing the sale of Roundup" is not limited to a relevant timeframe, to

the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this

case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to

Plaintiff.  Russo objects to the production of documents that do not concern the specific

product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production

of documents in response to this Request that post-date Plaintiff's decedent's alleged last

exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis,

because such materials cannot have impacted and thus are irrelevant to the claims at issue in this

case.

4846-6691-1144

Subject to the foregoing general and specific objections, Russo states that that it has not located any documents responsive to this Request.  To the extent it learns of such information, Russo will supplement its response accordingly.

**Request for Production No. 9:**    Produce any and all communications between Defendant Monsanto and Defendant Russo Hardware discussing the marketing of Roundup within the Chicago land area from 2009 to the present.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects to the extent Request No. 9 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Russo objects that Request No. 9 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "any and all communications . . . discussing the marketing of Roundup" is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.

Subject to the foregoing general and specific objections, Russo states that that it has not located any documents responsive to this Request.  To the extent it learns of such information, Russo will supplement its response accordingly.

**Request for Production No. 10:**  Produce any and all communications between Defendant Monsanto and Defendant Russo Hardware discussing the training to use Roundup within the Chicagoland area from 2009 to the present.

4846-6691-1144

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that the phrase "training on how to use Roundup" is vague and ambiguous, including because that phrase could mean different things to different people.  Russo objects to the extent Request No. 10 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Request No. 10 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "any and all communications . . . discussing the training to use Roundup" is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.

Subject to the foregoing general and specific objections, Russo states that that it has not located any documents responsive to this Request.  To the extent it learns of such information, Russo will supplement its response accordingly.

**Request for Production No. 11:**  Produce any communications by any individual discussing the sale of Defendant Monsanto's Roundup by Defendant Russo Hardware to Intervenor University of Illinois-Chicago from 2009 to the present.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects to the extent Request No. 11 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Request No. 11 is overbroad, unduly burdensome, and irrelevant to the subject

13

matter involved in the pending action, including because a request for "any and all communications by any individual discussing the sale . . . of Roundup" is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.  Russo objects to the extent Request No. 11 seeks documents that are publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to Request No. 11 to the extent it would require collecting materials from third parties, including because searching for records outside the possession of Russo would be unduly burdensome.

Subject to the foregoing general and specific objections, and provided that Plaintiff presents sufficient evidence that Plaintiff's decedent was exposed to glyphosate-containing herbicides distributed by Russo, Russo will produce non-privileged, reasonably accessible documents that date from prior to Plaintiff's decedent's last exposure, in 2016, in response to Request No. 11.

**Request for Production No. 12:**  Produce any communications by any individual discussing the marketing of Defendant Monsanto's Roundup by Defendant Russo Hardware to Intervenor University of Illinois-Chicago from 2009 to the present.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects to the extent Request No. 12 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

4846-6691-1144

Russo objects that Request No. 12 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "any and all communications by any individual discussing the marketing . . . of Roundup" is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.  Russo objects to the extent Request No. 12 seeks documents that are publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to Request No. 12 to the extent it would require collecting materials from third parties, including because searching for records outside the possession of Russo would be unduly burdensome.

Subject to the foregoing general and specific objections, and provided that Plaintiff presents sufficient evidence that Plaintiff's decedent was exposed to glyphosate-containing herbicides distributed by Russo, Russo will produce non-privileged, reasonably accessible documents that date from prior to Plaintiff's decedent's last exposure, in 2016, in response to Request No. 12.

**Request for Production No. 13:**  Produce any communications by any individual discussing training on how to use Defendant Monsanto's Roundup by Defendant Russo Hardware to Intervenor University of Illinois-Chicago from 2009 to the present.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that the phrase "training on how to use" is vague and

ambiguous, including because that phrase could mean different things to different people.  Russo objects to the extent Request No. 13 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Request No. 13 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "any and all communications by any individual discussing the training on how to use . . . Roundup" is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff. Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.  Russo objects to the extent Request No. 13 seeks documents that are publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to Request No. 13 to the extent it would require collecting materials from third parties, including because searching for records outside the possession of Russo would be unduly burdensome.

Subject to the foregoing general and specific objections, Russo states that that it has not located any documents responsive to this Request.  To the extent it learns of such information, Russo will supplement its response accordingly.

**Request for Production No. 14:**  Produce any communications in Defendant Russo Hardware's possession discussing John Caruso, the decedent in this lawsuit.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects to the extent Request No. 14 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Russo objects that Request No. 14 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "any" communications discussing "John Caruso" over an unspecified period of time is not limited to a relevant time frame, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.  Russo objects to the extent Request No. 14 seeks documents that are publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.

Subject to the foregoing general and specific objections, Russo states that that it has not located any documents responsive to this Request.  To the extent it learns of such information, Russo will supplement its response accordingly.

**Request for Production No. 15:**  Produce any and all contracts discussed in Interrogatory #9.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects to the extent Request No. 15 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Russo objects that Request No. 15 is overbroad, unduly burdensome, and irrelevant to the subject

matter involved in the pending action, including because a request for "any and all contracts discussed in Interrogatory #9"—which seeks "any written contracts with any person to perform, supervise and/or coordinate the sale of Roundup to persons associated with a business, college, university, school, and/or governmental property"—is not limited to contracts involving individuals and/ or entities with any connection to Plaintiff's decedent, not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.  Russo objects to Request No. 15 to the extent it would require collecting materials from third parties, including because searching for records outside the possession of Russo would be unduly burdensome.  In addition, Russo incorporates by reference all objections included in its response to Interrogatory No. 9.

Subject to the foregoing general and specific objections, Russo incorporates by reference its Response to Interrogatory No. 9.

**Request for Production No. 16:**  Produce any and all contracts discussed in Interrogatory #10.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects to the extent Request No. 16 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Russo objects that Request No. 16 is overbroad, unduly burdensome, and irrelevant to the subject

matter involved in the pending action, including because a request for "any and all contracts discussed in Interrogatory #10"—which seeks "any written contracts with any person to perform, supervise and/or coordinate the marketing of Roundup persons [sic] associated with a business, college, university, school, and/or governmental property"—is not limited to contracts involving individuals and/ or entities with any connection to Plaintiff's decedent, not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.  Russo objects to the extent Request No. 16 seeks documents that are publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to Request No. 16 to the extent it would require collecting materials from third parties, including because searching for records outside the possession of Russo would be unduly burdensome.  In addition, Russo incorporates by reference all objections included in its response to Interrogatory No. 10.

Subject to the foregoing general and specific objections, Russo incorporates by reference its Response to Interrogatory No. 10.

**Request for Production No. 17:**  Produce any and all contracts discussed in Interrogatory #11.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects to the extent Request No. 17 seeks information protected

by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

Russo objects that Request No. 17 is overbroad, unduly burdensome, and irrelevant to the subject

matter involved in the pending action, including because a request for "any and all contracts

discussed in Interrogatory #11"—which seeks "any written contracts with any person to perform,

supervise and/or coordinate the sale of Roundup to Intervenor University of Illinois-Chicago"—

is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's

decedent, to a relevant geographical area, or to the only injury alleged in this case, NHL, and

therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo

objects to the production of documents that do not concern the specific product(s) to which

Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in

response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's

glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials

cannot have impacted and thus are irrelevant to the claims at issue in this case.  Russo objects to

Request No. 17 to the extent it would require collecting materials from third parties, including

because searching for records outside the possession of Russo would be unduly burdensome.  In

addition, Russo incorporates by reference all objections included in its response to Interrogatory

No. 11.

Subject to the foregoing general and specific objections, Russo incorporates by reference

its Response to Interrogatory No. 11.

**Request for Production No. 18:**  Produce any and all contracts discussed in
Interrogatory #12.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections

here as if restated in full.  Russo objects to the extent Request No. 18 seeks information protected

by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

Russo objects that Request No. 18 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "any and all contracts discussed in Interrogatory #12"—which seeks "any written contracts with any person to perform, supervise and/or coordinate the marketing of Roundup to Intervenor University of Illinois-Chicago"—is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.  Russo objects to Request No. 18 to the extent it would require collecting materials from third parties, including because searching for records outside the possession of Russo would be unduly burdensome.  In addition, Russo incorporates by reference all objections included in its response to Interrogatory No. 12.

Subject to the foregoing general and specific objections, Russo incorporates by reference its Response to Interrogatory No. 12.

**Request for Production No. 19:**  Produce any and all contracts discussed in Interrogatory #13.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects to the extent Request No. 19 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Russo objects that Request No. 19 is overbroad, unduly burdensome, and irrelevant to the subject

matter involved in the pending action, including because a request for "any and all contracts discussed in Interrogatory #13"—which seeks "any written contracts with any person to perform, supervise and/or coordinate the training on the use of Roundup to Intervenor University of Illinois-Chicago"—is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.  Russo objects to Request No. 19 to the extent it would require collecting materials from third parties, including because searching for records outside the possession of Russo would be unduly burdensome.  In addition, Russo incorporates by reference all objections included in its response to Interrogatory No. 13.

Subject to the foregoing general and specific objections, Russo incorporates by reference its Response to Interrogatory No. 13.

**Request for Production No. 20:**  Produce any and all contracts discussed in Interrogatory #14.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects to the extent Request No. 20 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Russo objects that Request No. 20 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "any and all contracts

discussed in Interrogatory #14"—which seeks "any written contracts with any person to perform,

supervise and/or coordinate the training on the use of Roundup"—is not limited to contracts

involving individuals and/ or entities with any connection to Plaintiff's decedent, not limited to a

relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the

only injury alleged in this case, NHL, and therefore the burden and expense of the discovery

outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents that do not

concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo

objects to the production of documents in response to this Request that post-date Plaintiff's

decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his

alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to

the claims at issue in this case.  Russo objects to the extent Request No. 20 seeks documents that

are publicly available and therefore readily available to Plaintiff, as the burden of obtaining such

information is the same for Plaintiff as it would be for Russo.  In addition, Russo incorporates by

reference all objections included in its response to Interrogatory No. 14.

Subject to the foregoing general and specific objections, Russo incorporates by reference

its Response to Interrogatory No. 14.

**Request for Production No. 21:**  Produce any and all labels that provide information
that Roundup or any active ingredient of Roundup (including but not limited to glyphosate) may
cause or contribute to case any form of cancer.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections

here as if restated in full.  Russo objects that the term "information" is vague and ambiguous,

including because that term could mean different things to different people.  Russo objects that

Request No. 21 seeks information duplicative and/or cumulative of the more than two million

documents (estimated to exceed twenty million pages) in keyword-searchable productions that

Monsanto has already produced and to which Plaintiff will be able to gain access.  Russo objects

23

that Request No. 21 is overbroad, unduly burdensome, and irrelevant to the subject matter

involved in the pending action, including because a request for "any and all labels that provide

information that Roundup or any active ingredient of Roundup (including but not limited to

glyphosate) may cause or contribute to case any form of cancer" is not limited to a relevant

timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant

geographical area, or to the only injury alleged in this case, NHL, and therefore the burden and

expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production

of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly

was exposed.  Russo objects to the production of documents in response to this Request that

post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s),

in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus

are irrelevant to the claims at issue in this case.  Russo objects to the extent Request No. 21 seeks

documents that are publicly available and therefore readily available to Plaintiff, as the burden of

obtaining such information is the same for Plaintiff as it would be for Russo.

Subject to the foregoing general and specific objections, Russo states that its search has

not located any responsive documents.

**Request for Production No. 22:**  Produce any documents that Defendant Russo
Hardware intends to rely on in support of its Ninth Affirmative Defense that John Caruso's non-
Hodgkin's lymphoma was caused by an act or omission by persons which Defendant Russo
Hardware is neither liable nor responsible for or resulted from diseases or causes not related or
connected to Defendant Monsanto's products sold by Defendant Russo Hardware.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections

here as if restated in full.  Russo objects that Request No. 22 is improper, including because

Russo has not pled a Ninth Affirmative Defense.  Russo objects to the extent Request No. 22

seeks information protected by the attorney-client privilege, the work product doctrine, or any

other applicable privilege.  Russo objects that Request No. 22 is premature and need not be

answered, if at all, until after fact and expert discovery has been completed or until a pretrial

conference or another later time.  Russo objects that Request No. 22 is improperly and

prematurely seeking the disclosure of expert testimony and/or the materials on which Russo's

experts will rely in reaching their expert opinions.  Such information will be disclosed as the

appropriate time in accordance with the Illinois Rule of Civil Procedure 213(f) disclosure

requirements for expert testimony and/ or following the entry of a case management order.

**Request for Production No. 23:**  Produce any and all data, medical reports, hospital
records, letter or correspondence from or to all physicians, surgeons, hospitals, clinics or other
medical personnel or medical institutions, concerning the health, physical and mental condition
of the Plaintiff.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections

here as if restated in full.  Russo objects that the terms "data" and "medical reports," and the

phrase "other medical personnel or medical institutions" are vague and ambiguous, including

because they could mean different things to different people.  Russo objects to the extent Request

No. 23 seeks information protected by the attorney-client privilege, the work product doctrine, or

any other applicable privilege.  Russo objects that Request No. 23 is premature, as discovery is

ongoing in this case and Russo is continuing to gather necessary case-specific information.

Russo objects that Plaintiff is seeking – for free – the fruits of Russo's labors and expense in this

litigation and, to the extent any production of documents in response to this request is required,

Plaintiff should share the cost of obtaining such documents.  Russo objects that Request No. 23

seeks documents that are equally available to Plaintiff.

Subject to the foregoing general and specific objections, Russo states that that it has not

located any documents responsive to this Request.  To the extent it learns of such information,

Russo will supplement its response accordingly.

4846-6691-1144

**Request for Production No. 24:**  Produce any and all sales records of Defendant Monsanto's Roundup from Defendant Monsanto to Defendant Russo Hardware from 2009 to the present.

  **RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that the phrase "sales records" is vague and ambiguous, including because that phrase could mean different things to different people.  Russo objects that Request No. 24 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "any and all sales records of Defendant Monsanto's Roundup" is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the claims at issue in this case, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.

  Subject to the foregoing general and specific objections, Russo states that that it has not located any documents responsive to this Request.  To the extent it learns of such information, Russo will supplement its response accordingly.

**Request for Production No. 25:**  Produce any and all sales records of Defendant Monsanto's Roundup from any other wholesale, retailer, or other distributor to Defendant Russo Hardware from 2009 to the present.

  **RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that the term "wholesale," and the phrases "sales records," "any other," and "other distributor" are vague and ambiguous, including because they could mean different things to different people.  Russo objects that Request No. 25 is overbroad,

4846-6691-1144

unduly burdensome, and irrelevant to the subject matter involved in the pending action,

including because a request for "any and all sales records of Defendant Monsanto's Roundup"

from "any other" "wholesale", retailer," or "other distributor" is not limited to a relevant

timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant

geographical area, or to the claims at issue in this case, and therefore the burden and expense of

the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of any

documents in response to this Request concerning sales outside the state of Illinois, the only state

where Plaintiff claims her decedent was exposed to Monsanto's glyphosate-based products.

Russo objects to the production of documents that do not concern the specific product(s) to

which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents

in response to this Request that post-date Plaintiff's decedent's alleged last exposure to

Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such

materials cannot have impacted and thus are irrelevant to the claims at issue in this case.  Russo

objects to Request No. 25 to the extent it would require collecting materials from third parties,

including because searching for records outside the possession of Russo would be unduly

burdensome.

Subject to the foregoing general and specific objections, and provided that Plaintiff

presents sufficient evidence that Plaintiff's decedent was exposed to glyphosate-containing

herbicides distributed by Russo, Russo will produce non-privileged, reasonably accessible

documents that date from prior to Plaintiff's decedent's last exposure, in 2016, in response to

Request No. 25.

**Request for Production No. 26:**  Produce any and all communications between
Defendant Russo Hardware and any other wholesale, retailer, or other distributor from 2009 to
present regarding Monsanto Roundup products.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that the term "wholesale," and the phrases "any other" and "other distributor" are vague and ambiguous, including because they could mean different things to different people.  Russo objects to the extent Request No. 26 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Request No. 26 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "any and all communications between Defendant Russo Hardware and any other wholesale, retailer, or other distributor from 2009 to present" is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed. Russo objects to the production of documents in response to this Request that do not concern whether exposure to glyphosate and/or glyphosate-containing herbicides can cause cancer in a human being.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.  Russo objects to Request No. 26 to the extent it would require collecting materials from third parties, including because searching for records outside the possession of Russo would be unduly burdensome.

Subject to the foregoing general and specific objections, and provided that Plaintiff presents sufficient evidence that Plaintiff's decedent was exposed to glyphosate-containing

herbicides distributed by Russo, Russo will produce non-privileged, reasonably accessible documents that date from prior to Plaintiff's decedent's last exposure, in 2016, in response to Request No. 26.

**Request for Production No. 27:**  Produce any and all sales records of Defendant Monsanto's Russo Hardware to Intervenor University of Illinois-Chicago from 2009 to the present.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that Request No. 27 is unintelligible as written.  Russo objects that the phrases "sales records" and "Monsanto's Russo Hardware" are vague and ambiguous, including because they could mean different things to different people.  Russo objects that Request No. 27 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "any and all sales records of Defendant Monsanto's Russo Hardware to Intervenor University of Illinois-Chicago" is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent (or to any product at all), or to the claims at issue in this case,  and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.  Russo objects to Request No. 27 to the extent it would require collecting materials from third parties, including because searching for records outside the possession of Russo would be unduly burdensome.

Subject to the foregoing general and specific objections, and provided that Plaintiff presents sufficient evidence that Plaintiff's decedent was exposed to glyphosate-containing

herbicides distributed by Russo, Russo will produce non-privileged, reasonably accessible documents that date from prior to Plaintiff's decedent's last exposure, in 2016, in response to Request No. 27.

**Request for Production No. 28:**  Produce any and all complaints, service requests, or any other kind of requests from Defendant Russo Hardware to Defendant Monsanto regarding Roundup or its active ingredients (including but not limited to glyphosate) from 2009 to the present.

**RESPONSE:** Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that the term "complaints" and the phrases "service requests" and "other kind of requests" are vague and ambiguous, including because those terms could mean different things to different people.  Russo objects to the extent Request No. 28 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Request No. 28 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "any and all complaints, service requests, or any other kind of requests from Defendant Russo Hardware to Defendant Monsanto" is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that do not concern whether exposure to glyphosate and/or glyphosate-containing herbicides can cause cancer in a human being.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are

irrelevant to the claims at issue in this case.  Russo objects to Request No. 28 to the extent it

would require collecting materials from third parties, including because searching for records

outside the possession of Russo would be unduly burdensome.

Subject to the foregoing general and specific objections, Russo states that that it has not

located any documents responsive to this Request.  To the extent it learns of such information,

Russo will supplement its response accordingly.

**Request for Production No. 29:**  Produce any and all communications between
Defendant Russo Hardware and Defendant Monsanto inquiring about or discussing Roundup's
carcinogenicity, Roundup's potential to cause cancer, glyphosate's carcinogenicity, glyphosate's
potential to cause cancer, non-Hodgkin's lymphoma, the International Agency for the Research
on Cancer (IARC), the World Health Organization, and ongoing civil cases focusing on
Roundup from 2009 to the present.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections

here as if restated in full.  Russo objects to the extent Request No. 29 seeks information protected

by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

Russo objects that Request No. 29 is overbroad, unduly burdensome, and irrelevant to the subject

matter involved in the pending action, including because the request—which seeks "any and all

communications between Defendant Russo Hardware and Defendant Monsanto inquiring about

or discussing Roundup's carcinogenicity, Roundup's potential to cause cancer, glyphosate's

carcinogenicity, glyphosate's potential to cause cancer, non-Hodgkin's lymphoma, the

International Agency for the Research on Cancer (IARC), the World Health Organization, and

ongoing civil cases focusing on Roundup from 2009 to the present"—is not limited to a relevant

timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury

alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its

likely benefit to Plaintiff.  Russo objects that communications with Defendant Monsanto

regarding "ongoing civil cases focusing on Roundup" that do not involve the Plaintiff's decedent

in this case are irrelevant, and therefore the burden and expense of responding to Request No. 29 outweigh its likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.  Russo objects to Request No. 29 to the extent it would require collecting materials from third parties, including because searching for records outside the possession of Russo would be unduly burdensome.

Subject to the foregoing general and specific objections, Russo states that that it has not located any documents responsive to this Request.  To the extent it learns of such information, Russo will supplement its response accordingly.

**Request for Production No. 30:**  Produce any and all training materials provided to or by Defendant Russo Hardware that discussed the IARC's 2015 findings regarding glyphosate, Defendant Monsanto, Roundup, or its ingredients (including but not limited to glyphosate) from 2009 to present.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that the phrase "training materials" is vague and ambiguous, including because that phrase could mean different things to different people.  Russo objects to the extent Request No. 30 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Request No. 30 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "any and all training materials provided to or by Defendant Russo Hardware that discussed the IARC's 2015 findings regarding glyphosate, Defendant Monsanto, Roundup, or its ingredients" is not limited to a relevant timeframe, to the

specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff. Russo objects to the production of any documents in response to this Request that were not used in the state of Illinois, the only state where Plaintiff claims her decedent  was exposed to Monsanto's glyphosate-based products. Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed. Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case. Russo objects to the extent Request No. 30 seeks documents that are publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo. Russo objects to Request No. 30 to the extent it would require collecting materials from third parties, including because searching for records outside the possession of Russo would be unduly burdensome.

Subject to the foregoing general and specific objections, Russo states that that it has not located any documents responsive to this Request. To the extent it learns of such information, Russo will supplement its response accordingly.

**Request for Production No. 31:** Produce any and all written, electronic, or other materials provided by any and all organizations that Defendant Russo Hardware is a member of the IARC's 2015 findings regarding glyphosate, Defendant Monsanto, Roundup, or its ingredients (including but not limited to glyphosate) from 2009 to present.

**RESPONSE:** Russo incorporates by reference the foregoing General Objections here as if restated in full. Russo objects that Request No. 31 is unintelligible as written. Russo objects that the phrase "provided by any and all organizations that Defendant Russo Hardware is

a member of the IARC's 2015 findings regarding glyphosate, Defendant Monsanto, Roundup, or its ingredients" is vague and ambiguous, including because it could mean different things to different people.  Russo objects to the extent Request No. 31 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Request No. 31 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because the request—which seeks "any and all written, electronic, or other materials provided by any and all organizations that Defendant Russo Hardware is a member of the IARC's 2015 findings regarding glyphosate, Defendant Monsanto, Roundup, or its ingredients"—is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that do not concern whether exposure to glyphosate and/or glyphosate-containing herbicides can cause cancer in a human being.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.  Russo objects to the extent Request No. 31 seeks documents that are publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to Request No. 31 to the extent it would require collecting materials from third parties, including because searching for records outside the possession of Russo would be unduly burdensome.

Subject to the foregoing general and specific objections, Russo states that that it has not located any documents responsive to this Request.  To the extent it learns of such information, Russo will supplement its response accordingly.

**Request for Production No. 32:**  Produce any and all written, electronic, or other materials provided by any and all trade shows, industry seminars, product seminars, training sessions, conferences, meetings or other events regardless of host that discussed the IARC's 2015 findings regarding glyphosate, Defendant Monsanto, Roundup, or its ingredients (including but not limited to glyphosate) from 2009 to present.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that the terms "conferences," and "meetings," and the phrases "other materials," "provided by," "trade shows," "industry seminars," "product seminars," "training sessions," "other events," are vague and ambiguous, including because they could mean different things to different people.  Russo objects to the extent Request No. 32 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Request No. 32 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because the request— which seeks "any and all written, electronic, or other materials provided by any and all trade shows, industry seminars, product seminars, training sessions, conferences, meetings or other events regardless of host that discussed the IARC's 2015 findings regarding glyphosate, Defendant Monsanto, Roundup, or its ingredients"—is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that do not concern whether exposure to glyphosate and/or glyphosate-containing herbicides can cause cancer in a human

being.  Russo objects to the production of documents in response to this Request that post-date

Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016,

or his alleged cancer diagnosis, because such materials cannot have impacted and thus are

irrelevant to the claims at issue in this case.  Russo objects to the extent Request No. 32 seeks

documents that are publicly available and therefore readily available to Plaintiff, as the burden of

obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to

Request No. 32 to the extent it would require collecting materials from third parties, including

because searching for records outside the possession of Russo would be unduly burdensome.

Subject to the foregoing general and specific objections, Russo states that that it has not

located any documents responsive to this Request.  To the extent it learns of such information,

Russo will supplement its response accordingly.

**Request for Production No. 33:**  Produce any and all written, electronic, or other
materials provided by Defendant Russo Hardware's business relationship (BRD) team that
discussed the IARC's 2015 findings regarding glyphosate, Defendant Monsanto, Roundup, or its
ingredients (including but not limited to glyphosate) from 2009 to present.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections

here as if restated in full.  Russo objects that the phrase "other materials" is vague and

ambiguous, including because they could mean different things to different people.  Russo

objects to the extent Request No. 33 seeks information protected by the attorney-client privilege,

the work product doctrine, or any other applicable privilege.  Russo objects that Request No. 33

is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending

action, including because the request—which seeks "any and all written, electronic, or other

materials provided by Defendant Russo Hardware's business relationship (BRD) team that

discussed the IARC's 2015 findings regarding glyphosate, Defendant Monsanto, Roundup, or its

ingredients"—is not limited to a relevant timeframe, to the specific product(s) allegedly used by

Plaintiff's decedent, to a relevant geographical area, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of any documents in response to this Request that were not "provided" in the state of Illinois, the only state where Plaintiff claims her decedent was exposed to Monsanto's glyphosate-based products.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that do not concern whether exposure to glyphosate and/or glyphosate-containing herbicides can cause cancer in a human being.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.  Russo objects to the extent Request No. 33 seeks documents that are publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to Request No. 33 to the extent it would require collecting materials from third parties, including because searching for records outside the possession of Russo would be unduly burdensome.

Subject to the foregoing general and specific objections, Russo states that that it has not located any documents responsive to this Request.  To the extent it learns of such information, Russo will supplement its response accordingly.

**Request for Production No. 34:**  Produce any and all written, electronic, or other materials provided by any and all vendor training programs hosted by Defendant Russo Hardware that discussed the IARC's 2015 findings regarding glyphosate, Defendant Monsanto, Roundup, or its ingredients (including but not limited to glyphosate) from 2009 to present.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that the phrases "other materials," and "vendor training programs" are vague and ambiguous, including because they could mean different things to different people.  Russo objects to the extent Request No. 34 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Request No. 34 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because the request—which seeks "any and all written, electronic, or other materials provided by any and all vendor training programs hosted by Defendant Russo Hardware that discussed the IARC's 2015 findings regarding glyphosate, Defendant Monsanto, Roundup, or its ingredients"—is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of any documents in response to this Request that do not concern "vendor training programs" in the state of Illinois, the only state where Plaintiff claims her decedent was exposed to Monsanto's glyphosate-based products.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.  Russo objects to the extent Request No. 34 seeks documents that are publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to Request No. 34 to the extent it would

38

require collecting materials from third parties, including because searching for records outside the possession of Russo would be unduly burdensome.

Subject to the foregoing general and specific objections, Russo states that that it has not located any documents responsive to this Request.  To the extent it learns of such information, Russo will supplement its response accordingly.

**Request for Production No. 35:**  Produce any and all written, electronic, or other materials provided by any and all in-house training sessions hosted by Defendant Russo Hardware that discussed the IARC's 2015 findings regarding glyphosate, Defendant Monsanto, Roundup, or its ingredients (including but not limited to glyphosate) from 2009 to present.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that the phrases "other materials" and "in-house training sessions" are vague and ambiguous, including because they could mean different things to different people.  Russo objects to the extent Request No. 35 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Request No. 35 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because the request—which seeks "any and all written, electronic, or other materials provided by any and all in-house training sessions hosted by Defendant Russo Hardware that discussed the IARC's 2015 findings regarding glyphosate, Defendant Monsanto, Roundup, or its ingredients"—is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of any documents in response to this Request that that not concern "in-house training sessions" in the state of Illinois, the only state where Plaintiff claims her decedent was exposed to Monsanto's glyphosate-based products.  Russo objects to the production of documents that do not concern the specific

product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production

of documents in response to this Request that post-date Plaintiff's decedent's alleged last

exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis,

because such materials cannot have impacted and thus are irrelevant to the claims at issue in this

case.  Russo objects to the extent Request No. 35 seeks documents that are publicly available and

therefore readily available to Plaintiff, as the burden of obtaining such information is the same

for Plaintiff as it would be for Russo.  Russo objects to Request No. 35 to the extent it would

require collecting materials from third parties, including because searching for records outside

the possession of Russo would be unduly burdensome.

Subject to the foregoing general and specific objections, Russo states that that it has not

located any documents responsive to this Request.  To the extent it learns of such information,

Russo will supplement its response accordingly.

**Request for Production No. 36:**  Produce any and all organization charts for Defendant
Russo Hardware from 2009 to present.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections

here as if restated in full.  Russo objects that the phrase "organization charts" is vague and

ambiguous, including because it could mean different things to different people.  Russo objects

to the extent Request No. 36 seeks information protected by the attorney-client privilege, the

work product doctrine, or any other applicable privilege.  Russo objects that Request No. 36 is

overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending

action, including because a request for "any and all" "organization charts" is not limited to a

relevant timeframe, to a relevant geographical area, to the specific products to which Plaintiff's

decedent allegedly was exposed, or to the claims at issue in this case, and therefore the burden

and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the

production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.

Subject to the foregoing general and specific objections, and provided that Plaintiff presents sufficient evidence that Plaintiff's decedent was exposed to glyphosate-containing herbicides distributed by Russo, Russo will produce non-privileged, reasonably accessible documents that date from prior to Plaintiff's decedent's last exposure, in 2016, in response to Request No. 36.

**Request for Production No. 37:**  Produce all written, electronic, communications or other materials regarding marketing, advertising, and/or selling Monsanto Roundup products from 2009 through present.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that the term "marketing" and the phrase "other materials" are vague and ambiguous, including because they could mean different things to different people.  Russo objects to the extent Request No. 37 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects to the extent that Request No. 37 seeks information duplicative and/or cumulative of the more than two million documents (estimated to exceed twenty million pages) in keyword-searchable productions that Monsanto has already produced and to which Plaintiff will be able to gain access.  Russo objects that Request No. 37 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because the request—which seeks "all written, electronic, communications or other materials regarding marketing, advertising, and/or selling Monsanto Roundup products"—is not limited to a relevant timeframe, to the

41

specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the claims at issue in this case, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.  Russo objects to the extent Request No. 37 seeks documents that are publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to Request No. 37 to the extent it would require collecting materials from third parties, including because searching for records outside the possession of Russo would be unduly burdensome.

Subject to the foregoing general and specific objections, and provided that Plaintiff presents sufficient evidence that Plaintiff's decedent was exposed to glyphosate-containing herbicides distributed by Russo, Russo will produce non-privileged, reasonably accessible documents that date from prior to Plaintiff's decedent's last exposure, in 2016, in response to Request No. 37.

**Request for Production No. 38:**  Produce any and all gifts, physical things, and/or certificates received by Defendant Russo Hardware from Defendant Monsanto.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that the terms "gifts" and "certificates," and the phrase "physical things" are vague and ambiguous, including because they could mean different things to different people.  Russo objects that Request No. 38 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for

4846-6691-1144

"any and all gifts, physical things, and/or certificates received by Defendant Russo Hardware from Defendant Monsanto" is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the claims at tissue in this case, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.

Subject to the foregoing general and specific objections, Russo states that that it has not located any documents responsive to this Request.  To the extent it learns of such information, Russo will supplement its response accordingly.

**Request for Production No. 39:**  Produce any and all gifts, physical things, and/or certificates received by Defendant Russo Hardware from wholesale, retailor, or other distributor that provided it Monsanto Roundup products from 2009 to present.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that the terms "gifts," "certificates," "retailor," and "wholesale," and the phrases "physical things," and "other distributor" are vague and ambiguous, including because they could mean different things to different people.  Russo objects that Request No. 39 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "any and all gifts, physical things, and/or certificates received by Defendant Russo Hardware from wholesale, retailor, or other distributor that provided it Monsanto Roundup products" is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to

43

the claims at issue in this case, and therefore the burden and expense of the discovery outweighs

its likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern

the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the

production of documents in response to this Request that post-date Plaintiff's decedent's alleged

last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer

diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at

issue in this case.

Subject to the foregoing general and specific objections, Russo states that that it has not

located any documents responsive to this Request.  To the extent it learns of such information,

Russo will supplement its response accordingly.

**Request for Production No. 40:**  Produce any and all written materials, pamphlets, paraphernalia, videos, photographs, leaflets, and/or other things regarding Monsanto Roundup products received by Defendant Russo Hardware while attending any trade shows, industry seminars, product seminars, training sessions, conferences, meetings or other events from 2009 through present.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections

here as if restated in full.  Russo objects that the terms "pamphlets," "paraphernalia," "leaflets,"

"conferences" and "meetings," and the phrases "other things," "trade shows," "industry

seminars," "product seminars," "training sessions," and "other events" are vague and ambiguous,

including because they could mean different things to different people.  Russo objects that

Request No. 40 is overbroad, unduly burdensome, and irrelevant to the subject matter involved

in the pending action, including because the request—which seeks "any and all written materials,

pamphlets, paraphernalia, videos, photographs, leaflets, and/or other things regarding Monsanto

Roundup products received by Defendant Russo Hardware while attending any trade shows,

industry seminars, product seminars, training sessions, conferences, meetings or other events

from 2009 through present"—is not limited to a relevant timeframe, to the specific product(s)

allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the only injury

alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its

likely benefit to Plaintiff.  Russo objects to the production of any documents in response to this

Request that were not received in the state of Illinois, the only state where Plaintiff claims

exposure to Monsanto's glyphosate-based products.  Russo objects to the production of

documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was

exposed.  Russo objects to the production of documents in response to this Request that post-date

Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016,

or his alleged cancer diagnosis, because such materials cannot have impacted and thus are

irrelevant to the claims at issue in this case.  Russo objects to the extent Request No. 40 seeks

documents that are publicly available and therefore readily available to Plaintiff, as the burden of

obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to

Request No. 40 to the extent it would require collecting materials from third parties, including

because searching for records outside the possession of Russo would be unduly burdensome.

Subject to the foregoing general and specific objections, Russo states that that it has not

located any documents responsive to this Request.  To the extent it learns of such information,

Russo will supplement its response accordingly.

**Request for Production No. 41:**  Produce all advertising copy used to advertise the
Monsanto Roundup products from the date Defendant Russo Hardware first began selling the
Monsanto Roundup products to the present, including all documents indicating the location and
particular media in which the advertising copy appeared.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections

here as if restated in full.  Russo objects that the phrases "advertising copy" and "particular

media" are vague and ambiguous, including because they could mean different things to different

people.  Russo objects to the extent that Request No. 41 seeks information duplicative and/or

cumulative of the more than two million documents (estimated to exceed twenty million pages) in keyword-searchable productions that Monsanto has already produced and to which Plaintiff will be able to gain access.  Russo objects that Request No. 41 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because the request—which seeks "all advertising copy used to advertise the Monsanto Roundup products from the date Defendant Russo Hardware first began selling the Monsanto Roundup products to the present, including all documents indicating the location and particular media in which the advertising copy appeared"—is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, to a relevant geographical area, or to the claims at issue in this case, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of any documents in response to this Request that were not used to advertise in the state of Illinois, the only state where Plaintiff claims her decedent was exposed to Monsanto's glyphosate-based products.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.  Russo objects to the extent Request No. 41 seeks documents that are publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo.  Russo objects to Request No. 41 to the extent it would require collecting materials from third parties, including because searching for records outside the possession of Russo would be unduly burdensome.

Subject to the foregoing general and specific objections, Russo states that that it has not

located any documents responsive to this Request.  To the extent it learns of such information,

Russo will supplement its response accordingly.

**Request for Production No. 42:**  Produce all records, documents, intracompany
messages, memoranda, and correspondence regarding studies and tests made by any person or
entity concerning the potential hazards of Monsanto Roundup products.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections

here as if restated in full.  Russo objects that the terms "studies," "tests," and "hazards" are vague

and ambiguous, including because they could mean different things to different people.  Russo

objects to the extent Request No. 42 seeks information protected by the attorney-client privilege,

the work product doctrine, or any other applicable privilege.  Russo objects that Request No. 42

is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending

action, including because the request—which seeks "all records, documents, intracompany

messages, memoranda, and correspondence regarding studies and tests made by any person or

entity concerning the potential hazards of Monsanto Roundup products"—is not limited to a

relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the

only injury alleged in this case, NHL, and therefore the burden and expense of the discovery

outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents that do not

concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo

objects to the production of any documents in response to this Request that do not concern

whether exposure to glyphosate and/or glyphosate-based herbicides can cause cancer in a human

being.  Russo objects to the production of documents in response to this Request that post-date

Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016,

or his alleged cancer diagnosis, because such materials cannot have impacted and thus are

irrelevant to the claims at issue in this case.  Russo objects to Request No. 42 to the extent it

would require collecting materials from third parties, including because searching for records outside the possession of Russo would be unduly burdensome.

Subject to the foregoing general and specific objections, Russo states that that it has not located any documents responsive to this Request.  To the extent it learns of such information, Russo will supplement its response accordingly.

**Request for Production No. 43:**  Produce all records, documents, correspondence, and memoranda of reports of cancer developing in users of Monsanto Roundup products sold by Defendant Russo Hardware.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that the terms "developing" and "users," and the phrase "memoranda of reports" are vague and ambiguous, including because they could mean different things to different people.  Russo objects to the extent Request No. 43 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Request No. 43 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because the request—which seeks "all records, documents, correspondence, and memoranda of reports of cancer developing in users of Monsanto Roundup products sold by Defendant Russo Hardware"—is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent, or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's decedent allegedly was exposed.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.

48

Subject to the foregoing general and specific objections, Russo states that that it has not located any documents responsive to this Request.  To the extent it learns of such information, Russo will supplement its response accordingly.

**Request for Production No. 44:**  Produce all records, including the names, the courts in which they are pending, and the numbers assigned to them, of all lawsuits that have ever been filed against the defendant in which the plaintiff claimed he developed a health condition after being exposed to a product being sold by Defendant Russo Hardware.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that the term "developed" and the phrases "the defendant" and "health condition" are vague and ambiguous, including because they could mean different things to different people.  Russo objects to the extent Request No. 44 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  =  Russo objects that Request No. 44 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because the request—which seeks "all records, including the names, the courts in which they are pending, and the numbers assigned to them, of all lawsuits that have ever been filed against the defendant in which the plaintiff claimed he developed a health condition after being exposed to a product being sold by Defendant Russo Hardware"—is not limited to a relevant timeframe, to the specific product(s) allegedly used by Plaintiff's decedent (or to any glyphosate-based herbicide), or to the only injury alleged in this case, NHL, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects that the Request asks for "all records" of "any lawsuits" concerning any "health condition" allegedly caused by any "product" sold by Russo and therefore, on its face, it bears no connection to the product, injury, or claims at issue in this case and is therefore irrelevant, overbroad, and unduly burdensome.  Russo objects to the production of documents that do not concern the specific product(s) to which Plaintiff's

decedent allegedly was exposed.  Russo objects to the production of any documents in response to this Request that do not concern whether exposure to glyphosate and/or glyphosate-based herbicides can cause cancer in a human being.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.  Russo objects to the extent Request No. 44 seeks documents that are publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo..

Subject to the foregoing general and specific objections, Russo states that that it has not located any documents responsive to this Request.  To the extent it learns of such information, Russo will supplement its response accordingly.

**Request for Production No. 45:**  Produce all photographs, videos, or any other recordings depicting John Caruso.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that the phrase "any other recordings" is vague and ambiguous, including because that phrase could mean different things to different people.  Russo objects to the extent Request No. 45 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Request No. 45 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "all photographs, videos, or any other recordings depicting John Caruso" is not limited to a relevant timeframe or to the claims at issue in this case, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents in response to this Request that post-date

Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.

Subject to the foregoing general and specific objections, Russo states that that it has not located any documents responsive to this Request.  To the extent it learns of such information, Russo will supplement its response accordingly.

**Request for Production No. 46:**  Produce all photographs, videos, or any other recordings depicting Meghan Caruso.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that the phrase "any other recordings" is vague and ambiguous, including because that phrase could mean different things to different people.  Russo objects to the extent Request No. 46 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Request No. 46 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "all photographs, videos, or any other recordings depicting Meghan Caruso" is not limited to a relevant timeframe or to the claims at issue in this case, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), in 2016, or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.

Subject to the foregoing general and specific objections, Russo states that that it has not located any documents responsive to this Request.  To the extent it learns of such information, Russo will supplement its response accordingly.

4846-6691-1144

**Request for Production No. 47:**  Produce all photographs, videos, or any other recordings depicting John Caruso's son.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that the phrase "any other records" is vague and ambiguous, including because that phrase could mean different things to different people.  Russo objects to the extent Request No. 47 seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.  Russo objects that Request No. 47 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because a request for "all photographs, videos, or any other recordings depicting John Caruso's son" is not limited to a relevant timeframe or to the claims at issue in this case, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.  Russo objects to the production of documents in response to this Request that post-date Plaintiff's decedent's alleged last exposure to Monsanto's glyphosate-based product(s), or his alleged cancer diagnosis, because such materials cannot have impacted and thus are irrelevant to the claims at issue in this case.

Subject to the foregoing general and specific objections, Russo states that that it has not located any documents responsive to this Request.  To the extent it learns of such information, Russo will supplement its response accordingly.

**Request for Production No. 48:**  Produce any and all certificates and/or proof of policy or policies of liability insurance effective on the date of the occurrence.

**RESPONSE:**  Russo incorporates by reference the foregoing General Objections here as if restated in full.  Russo objects that the terms "certificates" and "occurrence" are vague and ambiguous, including because they could mean different things to different people and because Plaintiff's allegations do not focus on one discrete, isolated event.  Russo objects that there is no specific "occurrence" that is the subject of this action, as Plaintiff alleges that

intermittent exposure to Monsanto's glyphosate-containing products over the course of over eight years caused her decedent to develop NHL.  Russo objects to the extent Request No. 48 seeks information protected by the attorney-client privilege, the work product doctrine, the insurer-insured privilege, or any other applicable privilege.  Russo objects that Request No. 48 is overbroad, unduly burdensome, and irrelevant to the subject matter involved in the pending action, including because it seeks documents outside the immediate cause of action without specific temporal limitation related to the "occurrence" referenced in this Request, and therefore the burden and expense of the discovery outweighs its likely benefit to Plaintiff.

Subject to the foregoing general and specific objections, and provided that Plaintiff presents sufficient evidence that Plaintiff's decedent was exposed to glyphosate-containing herbicides distributed by Russo, Russo will produce non-privileged, reasonably accessible documents that date from prior to Plaintiff's decedent's last exposure, in 2016, in response to Request No. 48.

Dated:  October 11, 2019

Respectfully submitted,

**RUSSO HARDWARE, INC.**

By: _/s/   Thomas J. Dammrich, II_
　　One of Its Attorneys

Thomas J. Dammrich, II (#6292653)
Peter F. O'Neill
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, *Suite 4700*
Chicago, Illinois 60606
Telephone:  (312) 704-7700
Facsimile:   (312) 558-1195
Email:  tdammrich@shb.com
Firm ID No. 58950

## AFFIDAVIT PURSUANT TO ILLINOIS SUPREME COURT RULE 214

In accordance with Illinois Supreme Court Rule 214, Defendant Russo Hardware, Inc. ("Russo") hereby swears that its production in response to Plaintiff's Rule 214 Requests for Production of Documents is complete in accordance with Russo's responses and objections thereto.

Under penalties as provided by law, pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this Affidavit, pursuant to Supreme Court Rule 214, are true and correct.

Eric Adams
President
Russo Hardware, Inc.

Date: 10·11·19

## CERTIFICATE OF SERVICE

I, Thomas J. Dammrich II, an attorney, hereby certify that, on **October 11, 2019**, I caused

a true and complete copy of the foregoing **RUSSO HARDWARE, INC.'S OBJECTIONS**

**AND RESPONSES TO PLAINTIFF'S PRODUCTION REQUESTS TO DEFENDANT**

**RUSSO HARDWARE** to be served upon the following counsel of record via United States

Mail, proper First Class postage prepaid thereon:

Bruno Marasso (bmarasso@rblaw.net)
Bryce Hensley (bhensley(rblaw.net)
**Romanucci & Blandin**
321 N. Clark Street, #900
Chicago, IL 60654

Bruce Lyon (blyon@lcllaw.com)
Leah Fuessel (lfuessel@lcllaw.com)
**LaBarge Campbell & Lyon LLC**
200 W. Jackson Street, #2050
Chicago, IL 60606

Will Gohl (will.gohl@bartlitbeck.com)
**Bartlit Beck Herman & Associates**
54 W. Hubbard Street, Suite 3
Chicago, IL 60610

Brad A. Antonacci
(bantonacci@heylroyster.com)
**Heyl, Royster, Voelker & Allen**
33 N. Dearborn Street, 7th Floor
Chicago, IL 60602

Dominique Savinelli
(Dominique.savinelli@huschblackwell.com)
**Husch Blackwell LLP**
120 South Riverside Plaza
Suite 2200
Chicago, IL 60606

_/s/   Thomas J. Dammrich, II_