IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MEGHAN CARUSO, Independent Executor of the Estate of John Caruso, deceased,<br><br>              Plaintiff,<br><br>       v.<br><br>RUSSO HARDWARE, INC. d/b/a RUSSO POWER EQUIPMENT, INC., d/b/a RUSSO POWER EQUPMENT, d/b/a GREEN INDUSTRY FINANCE; and MONSANTO COMPANY, INC.,<br><br>              Defendants. | No.   2018-L-011723 |

**RUSSO HARDWARE, INC.'S OBJECTIONS AND**
**RESPONSES TO PLAINTIFF'S RULE 213 INTERROGATORIES**

Defendant Russo Hardware, Inc. ("Russo") hereby submits its responses and objections to Plaintiff's Illinois Supreme Court Rule 213 Interrogatories. The responses and objections set forth herein are based upon the information presently available to Russo, and Russo expressly reserves the right to modify, supplement, or amend its objections and/or responses. Each of Russo's general objections is incorporated into its responses below, whether expressly repeated or not.

**GENERAL OBJECTIONS**

1.      Russo objects to these Requests and other discovery against Russo unless and until Plaintiff presents sufficient evidence that Plaintiff's descendant was exposed to glyphosate-containing herbicides sold by Russo. To the extent that Russo agrees in any of its Responses to take additional action with respect to any of Plaintiff's requests that is conditioned on Plaintiff first presenting sufficient evidence that Plaintiff's decedent was exposed to glyphosate-containing herbicides sold by Russo.

4820-8125-3800

EXHIBIT
L3

2

2. Russo has based these responses and objections on the assumption that Plaintiff, in propounding these Interrogatories, does not intend to seek information protected from discovery by the attorney-client privilege, the attorney work product doctrine, or information regarding or reflecting the impressions, conclusions, opinions, legal research or theories of Russo's attorneys. Russo objects to each Interrogatory to the extent it seeks documents or information protected by the attorney-client privilege, the work product doctrine, or any other applicable statutory or common law privilege.

3. Russo objects to the extent these Interrogatories would require Russo to produce or search for information not within its possession, custody, or control, including information in the possession of other corporations or individuals not employed by the company.

4. Russo objects to the Interrogatories to the extent they seek information or documentation that is publicly available and therefore readily available to Plaintiff, as the burden of obtaining such information is the same for Plaintiff as it would be for Russo

5. Russo objects to these Interrogatories to the extent that they seek to impose a burden or requirements beyond what the Illinois Rules of Civil Procedure require.

6. Russo's Responses to these Interrogatories are made without waiving the right, at any time and for any reason, to revise, supplement, correct, add to, or clarify these Responses. These responses also are provided without limiting or waiving Russo's right to object to additional discovery that may be sought from Russo or from any of the custodians or production sources identified in these responses.

7. Russo objects that these Interrogatories are compound and unduly burdensome in that many of them contain multiple inappropriate subparts, bringing the total number of Interrogatories propounded in this case beyond the 30-interrogatory limit permitted by the

Illinois Supreme Court Rules. *See* ILL. R. S. CT. 213(c)("a party shall not serve more than 30 interrogatories, including sub-parts, on any other party except upon agreement of the parties or leave of court granted upon a showing of good cause.").

8. To the extent Russo agrees to produce documents or disclose information in accordance with its responses set forth below, the production or disclosure will be made consistent with: (1) the Protective and Confidentiality Order, (2) the Joint Stipulation and Order Governing Protocol for Discovery of Electronically Stored Information, and (3) the Joint Stipulation and Order Governing Privilege Logs.

9. These General Objections apply to all of the following Responses to specific Interrogatories and are incorporated by reference therein.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:**   As to "lay witnesses" as defined by the Rule 213(f)(1).

(a) Furnish the identity and address of each lay witness who will testify at trial and state the subjects of each lay witness' expected fact testimony at trial;

(b) Please also set forth the subjects of any lay opinion testimony you expect to elicit from each lay witness identified in 1(a) above.

**RESPONSE:** Russo incorporates by reference the foregoing General Objections here as if restated in full. Russo objects that Interrogatory No. 1 is premature, as discovery is ongoing in this case and Russo has not yet fully determined which witnesses it expects to call at the trial of this matter. Russo objects that Interrogatory No. 1 is premature in that it seeks the disclosure of lay witnesses and the subjects of each lay witness' expected testimony before Plaintiff has established that Plaintiff's decedent used Roundup® branded herbicides sold by Russo.

3

Subject to the foregoing general and specific objections, Russo states that it may call the following witnesses at trial:

1. Eric Adams – President
2. Andy Health – Director of Finance and Procurement
3. Rob Osier – Procurement Supervisor
4. Peter Liakouras – Director of Sales and Marketing
5. James Mesi – Business Systems Architect
6. All witnesses identified in Plaintiff's Responses to Russo's Rule 213 Interrogatories.

Russo further states that after fact and expert discovery has been completed, and provided Plaintiff establishes that Plaintiff's decedent used Roundup® branded herbicides sold by Russo, Russo will supplement its Response to Interrogatory No. 1 to provide additional information regarding the lay witnesses it intends to call at trial and the subject matters of their anticipated testimony, or at the time designated by a case management order, or as otherwise required by the Court to exchange independent lay witness information.

**INTERROGATORY NO. 2:** As to "independent expert witnesses" as defined by the Rule 213(f)(2):

(a) Furnish the identity and address of each independent expert witness who will testify at trial and state the subjects on which the independent expert witness will testify at trial; and

(b) Please also state the opinions you expect to elicit at trial from each independent expert witness identified in 2(a) above.

**RESPONSE:** Russo incorporates by reference the foregoing General Objections here as if restated in full. Russo objects that Interrogatory No. 2 is premature, as discovery is ongoing in this case and Russo has not yet determined which expert witnesses it expects to call at the trial of this matter. Russo objects to Interrogatory No. 2 because it is premature and need not be answered until the entry of a case management order setting forth deadlines for fact and

expert discovery. Russo objects that Interrogatory No. 2 is improperly and prematurely seeking the disclosure of expert testimony and/or the materials on which Russo's experts will rely in reaching their expert opinions.

Subject to and without waiving the foregoing objections, Russo responds as follows: Expert witness information will be disclosed at the appropriate time in accordance with Illinois Supreme Court Rule 213, following the entry of a case management order, or as otherwise required by the Court to exchange independent expert witness information.

**INTERROGATORY NO. 3:** As to "controlled expert witnesses" as defined by Rule 213(f)(3):

(a) Furnish the identity and address of each controlled expert witness who will testify at trial and please also state whether such witness is the party, the party's current employee, or the party's retained expert; and

(b) For each controlled expert witness identified in 3(a) above, please state or provide as follows:

(i) The subject matter on which the witness is expected to testify at trial;

(ii) The conclusions and opinions of the witness and the bases for each such conclusion or opinion;

(iii) The qualifications of the witness, including a curriculum vitae and/or resume, if any;

(iv) Any reports of the witness regarding this case.

**RESPONSE:** Russo incorporates by reference the foregoing General Objections here as if restated in full. Russo objects that Interrogatory No. 3 is premature, as discovery is ongoing in this case and Russo has not yet determined which expert witnesses it expects to call at the trial of this matter. Russo objects to Interrogatory No. 3 because it is premature and need not be answered until the entry of a case management order setting forth deadlines for fact and expert discovery. Russo objects that Interrogatory No. 3 is improperly and prematurely seeking

the disclosure of expert testimony and/or the materials on which Russo's experts will rely in reaching their expert opinions.

Subject to and without waiving the foregoing objections, Russo responds as follows: Expert witness information will be disclosed at the appropriate time in accordance with Illinois Supreme Court Rule 213, following the entry of a case management order, or as otherwise required by the Court to exchange controlled expert witness information.

Dated:  October 11, 2019                                         Respectfully submitted,

**RUSSO HARDWARE, INC.**


By:  /s/   *Thomas J. Dammrich, II*
         One of Its Attorneys

Thomas J. Dammrich, II (#6292653)
Peter F. O'Neill
**SHOOK, HARDY & BACON L.L.P.**
111 South Wacker Drive, *Suite 4700*
Chicago, Illinois 60606
Telephone:  (312) 704-7700
Facsimile:   (312) 558-1195
Email:  tdammrich@shb.com
Firm ID No. 58950

## VERIFICATION BY RUSSO HARDWARE, INC.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct.

*[signature]*

Eric Adams
President
Russo Hardware, Inc.

Date: 10·11·19

## CERTIFICATE OF SERVICE

I, Thomas J. Dammrich II, an attorney, hereby certify that, on **October 11, 2019**, I caused a true and complete copy of the foregoing **RUSSO HARDWARE, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S RULE 213 INTERROGATORIES** to be served upon the following counsel of record via United States Mail, proper First Class postage prepaid thereon:

Bruno Marasso (bmarasso@rblaw.net)
Bryce Hensley (bhensley@rblaw.net)
**Romanucci & Blandin**
321 N. Clark Street, #900
Chicago, IL 60654

Bruce Lyon (blyon@lcllaw.com)
Leah Fuessel (lfuessel@lcllaw.com)
**LaBarge Campbell & Lyon LLC**
200 W. Jackson Street, #2050
Chicago, IL 60606

Will Gohl (will.gohl@bartlitbeck.com)
**Bartlit Beck Herman & Associates**
54 W. Hubbard Street, Suite 3
Chicago, IL 60610

Brad A. Antonacci
(bantonacci@heylroyster.com)
**Heyl, Royster, Voelker & Allen**
33 N. Dearborn Street, 7th Floor
Chicago, IL 60602

Dominique Savinelli
(Dominique.savinelli@huschblackwell.com)
**Husch Blackwell LLP**
120 South Riverside Plaza
Suite 2200
Chicago, IL 60606

                                                             /s/   Thomas J. Dammrich, II

4820-8125-3800