**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:     202-898-5800
Facsimile:      202-682-1639
Email:    jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |

This document relates to:

*Gary Anderson and Mary Anderson v. Monsanto Co.*,
Case No. 3:20-cv-01584-VC

### <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs Gary Anderson and Mary Anderson's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies those allegations.

2.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

- 1 -

3. In response to the allegations in paragraph 3, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware.

4. Monsanto admits the allegations in paragraph 4.

5. The allegations in paragraph 5 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

6. In response to the allegations in paragraph 6, Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate and that Monsanto manufactures Roundup®-branded products that have glyphosate as the active ingredient, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides. In response to the remaining allegations in paragraph 6, Monsanto admits that it sells Roundup®-branded products in Montana.

7. The allegations in paragraph 7 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the remaining allegations in paragraph 7 based upon the allegations in plaintiffs' Complaint.

8. Monsanto lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 8 regarding where plaintiff was injured and therefore denies those allegations. In response to the allegations in the second sentence of paragraph 8, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations. The remaining allegations in paragraph 8 set forth conclusions of law for which no response is required.

9. Monsanto incorporates by reference its responses to paragraph 1 through paragraph 8 in response to paragraph 9 of plaintiffs' Complaint.

10. In response to the allegations in paragraph 10, Monsanto admits that it has made statements with respect to the safety of Roundup in accordance with EPA regulation under Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). Monsanto states that the first

sentence in paragraph 10 sets forth conclusions of law for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and therefore denies the remaining allegations in paragraph 10.

11.     In response to the allegations in the first sentence of paragraph 11, Monsanto denies that there is any risk of NHL, multiple myeloma, or other serious illness associated with the use of and/or exposure to Roundup® and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification for glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 11 and therefore denies those allegations.  The final sentence of paragraph 11 sets forth conclusions of law for which no response is required.

12.     In response to the allegations in paragraph 12, Monsanto denies that it violated the laws of Montana or federal law and states that it complied with all applicable law regarding Roundup®-branded products.  The remaining allegations in paragraph 12 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies all such allegations.

13.     The allegations in paragraph 13 set forth conclusions of law for which no response is required.

14.     Monsanto denies the allegations in the first sentence of paragraph 14.  The second sentence of paragraph 14 sets forth a conclusion of law for which no response is required.

15.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.

16.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies those allegations.

17.     In response to the allegations in the first sentence of paragraph 17, Monsanto denies that there is any risk of NHL, multiple myeloma, or other serious illness associated with

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01584-VC

the use of and/or exposure to Roundup® and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification for glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 17 and therefore denies those allegations. Monsanto denies the allegations in the second sentence of paragraph 17.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

18.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies those allegations.

19.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL, multiple myeloma, and other serious illnesses and therefore denies those allegations in paragraph 19.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies those allegations

20.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies those allegations.

21.     Monsanto admits the allegations in the first and second sentences of paragraph 21.  In response to the allegations in the third sentence of paragraph 21, Monsanto admits that certain of its Roundup®-branded products contain POEA and adjuvants, and that the United States Environmental Protection Agency ("EPA") has classified surfactants and adjuvants as inert.  Monsanto notes that the EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  In response to the allegations in the final sentence of paragraph 21, Monsanto admits that glyphosate was one of the world's most widely used herbicides in 2013, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01584-VC

belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 21 and therefore denies those allegations.

22.     In response to the allegations in paragraph 22, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware. Monsanto admits that it and affiliated companies have operations and offices in countries around the world.  Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 22.  Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 22 and therefore denies those allegations.

23.     In response to the allegations in paragraph 23, Monsanto admits that its glyphosate products are registered in at least 130 countries and approved for use on over 100 different crops.  Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media. Monsanto denies the remaining allegations in paragraph 23.

24.     Monsanto admits the allegations in the first sentence of paragraph 24.  Monsanto denies the allegations in the second sentence of paragraph 24 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

25.     Monsanto admits the allegations in the first sentence of paragraph 25.  Monsanto denies the allegations in the second sentence of paragraph 25.

26.     In response to the allegations in paragraph 26, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 26.

27.     Monsanto denies the allegations in paragraph 27.

28.     In response to the allegations in paragraph 28, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the EPA repeatedly has concluded pursuant to the FIFRA that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label. To the extent that paragraph 28 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

29.     In response to the allegations in paragraph 29, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  Monsanto states that the remaining allegations in paragraph 29 are vague and ambiguous and that it lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and therefore denies those allegations.

30.     Monsanto admits the allegations in the first sentence of paragraph 30.  Monsanto denies the allegations in the second sentence of paragraph 30 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant. Monsanto denies the allegations in the third sentence of paragraph 30 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

31.     In response to the allegations in paragraph 31, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 31.

32.     Monsanto admits the allegations in the first two sentences of paragraph 32 and admits that it has marketed Roundup®-branded products in accord with EPA's regulatory

1    determinations under FIFRA.  Monsanto otherwise denies the remaining allegations in paragraph

2    32.

3          33.    The allegations in paragraph 33 set forth conclusions of law for which no

4    response is required.  To the extent that a response is deemed required, Monsanto admits the

5    allegations in paragraph 33.

6          34.    In response to the allegations in paragraph 34, Monsanto admits that EPA requires

7    registrants of herbicides to submit extensive data in support of the human health and

8    environmental safety of their products and further admits that EPA will not register or approve

9    the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining

10   allegations in paragraph 34 set forth conclusions of law for which no response is required.

11         35.    The allegations in paragraph 35 set forth conclusions of law for which no

12   response is required.

13         36.    In response to the allegations in paragraph 26, Monsanto admits that Roundup®-

14   branded products are registered by EPA for manufacture, sale and distribution and are registered

15   by the State of Montana for sale and distribution.

16         37.    In response to the allegations in paragraph 37, Monsanto admits that EPA requires

17   registrants of herbicides to submit extensive data in support of the human health and

18   environmental safety of their products and further admits that EPA will not register or approve

19   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

20   states that the term "the product tests" in the final sentence of paragraph 37 is vague and

21   ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 37

22   set forth conclusions of law for which no answer is required.

23         38.    Monsanto denies the allegations in paragraph 38 to the extent that they suggest

24   that EPA only evaluates the safety of pesticide products on the date of their initial registration.

25   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

26   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

27   of the allegations in paragraph 38 regarding such pesticide products generally and therefore

28

- 7 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01584-VC

1    denies those allegations.  The remaining allegations in paragraph 38 set forth conclusions of law

2    for which no response is required.

3         39.      In response to the allegations in paragraph 39, Monsanto admits that EPA has

4    undertaken a review of glyphosate and that EPA has not released its findings.  Monsanto states,

5    however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-

6    page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support

7    is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health

8    risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its

9    standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's

10   existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto

11   further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation

12   of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support

13   is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]Monsanto lacks information or

14   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 39

15   and therefore denies those allegations.

16        40.      In response to the allegations in paragraph 40, Monsanto admits that an EPA

17   review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

18   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

19   evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits

20   that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017) https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01584-VC

respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20.

Monsanto denies the remaining allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

1  studies.  To the extent that the allegations in paragraph 41 are intended to suggest that Monsanto

2  was anything other than a victim of this fraud, such allegations are denied.

3  42.  In response to the allegations in paragraph 42, Monsanto admits that IBT

4  Laboratories was hired to conduct toxicity studies in connection with the registration of a

5  Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

6  based upon any fraudulent or false IBT studies.

7  43.  Monsanto denies the allegations in paragraph 43 to the extent they suggest that

8  EPA performed an inspection of IBT Laboratories solely or specifically in connection with

9  studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

10  Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

11  connection with services provided to a broad number of private and governmental entities and

12  that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

13  one of several pesticide manufacturers who had used IBT test results.  The audit found some

14  toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

15  Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

16  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

17  based upon any invalid IBT studies.  To the extent that the allegations in paragraph 43 are

18  intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

19  denies those allegations.

20  44.  In response to the allegations in paragraph 44, Monsanto admits that three IBT

21  employees were convicted of the charge of fraud, but Monsanto denies that any of the

22  individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

23  herbicides.

24  45.  In response to the allegations in paragraph 45, Monsanto admits that it – along

25  with numerous other private companies – hired Craven Laboratories as an independent

26  laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto admits that

27  it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies

28

- 10 -

1   conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in

2   paragraph 45 are intended to suggest that Monsanto was anything other than a victim of this

3   fraud, such allegations are denied.

4          46.     Monsanto denies the allegations in paragraph 46.

5          47.     Monsanto lacks information or knowledge sufficient to form a belief as to the

6   truth of the allegations in the third sentence of paragraph 47 regarding alleged reliance by the

7   public and EPA and therefore denies those allegations.  Monsanto denies the remaining

8   allegations in paragraph 47.

9          48.     Monsanto denies the allegations in paragraph 48.

10         49.     In response to the allegations in paragraph 49, Monsanto admits that in March

11  2015, the Joint Glyphosate Task Force issued a press release, which speaks for itself.  Monsanto

12  denies the remaining allegations in paragraph 49.

13         50.     Monsanto admits the allegations in the first sentence of paragraph 65.  Monsanto

14  denies the remaining allegations in paragraph50.

15         51.     In response to the allegations in paragraph 51, Monsanto admits that it brought a

16  lawsuit in California challenging the notice of intent by the California Office of Environmental

17  Health Hazard Assessment ("OEHHA") to include glyphosate on its Proposition 65 list.

18  Monsanto denies the remaining allegations in paragraph 51.  Monsanto states that OEHHA

19  decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in

20  a process that OEHHA itself considers "ministerial" and "automatic" without any role for

21  consideration of the weight or quality of the evidence considered by IARC.  Monsanto further

22  states that this decision was not based upon any independent scientific analysis of glyphosate but

23  instead was in response to a provision of a California ballot proposition triggering such action

24  based solely upon the IARC classification, and indeed was contrary to OEHHA's own

25  conclusion in 2007, based upon its own independent evaluation of the same scientific evidence,

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01584-VC

that glyphosate is "unlikely to pose a cancer hazard to humans."[4]  Monsanto contends that OEHHA's decision that it was required to list glyphosate violates the United States Constitution and the California Constitution.  On February 26, 2018, a federal district court enjoined California from requiring Proposition 65 warning labels for glyphosate as unconstitutional.

52.     In response to the allegations in paragraph 52, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety.  Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The remaining allegations in paragraph 52 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

53.     In response to the allegations in paragraph 53, Monsanto admits that following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 53 and accordingly denies those allegations.  The remaining allegations in paragraph 53 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

54.     In response to the allegations in paragraph 54, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 54 and accordingly denies the same.  The remaining allegations in paragraph 54 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

55.     In response to the allegations in paragraph 55, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

---

[4] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007), https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907_0.pdf.

admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 55 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

56.    In response to the allegations in paragraph 56, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 56 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

57.    Monsanto denies the allegations in paragraph 57.

58.    In response to the allegations in paragraph 58, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 58 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 58.

59.    In response to the allegations in paragraph 59, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 59, which are not limited as of any specified date, and accordingly denies the same.

60.    In response to the allegations in paragraph 60, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations. Monsanto denies the remaining allegations in paragraph 60.

61.    Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 61 and therefore denies those allegations.

62.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 62 and therefore denies those allegations.

63.     Monsanto denies the allegations in paragraph 63 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

64.     In response to the allegations in paragraph 64, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015, and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one-week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working groups are "experts."  Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

- 14 -

66.     The allegations in paragraph 66 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

67.     In response to the allegations in paragraph 67, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 67.

68.     In response to the allegations in paragraph 68, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

69.     Monsanto denies the allegations in paragraph 69.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

70.     In response to the allegations in paragraph 70, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

71.     In response to the allegations in paragraph 71, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 71.

- 15 -

72.     In response to the allegations in paragraph 72, Monsanto admits that the IARC working group purported to make these findings, but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 72.

73.     In response to the allegations in paragraph 73, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration.  Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining allegations in paragraph 73.

74.     In response to the allegations in paragraph 74, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 74.

75.     In response to the allegations in paragraph 75, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 75.

76.     In response to the allegations in paragraph 76, Monsanto admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

77.     In response to the allegations in paragraph 77, Monsanto admits that the Complaint accurately quotes from the identified document, which should be read in context of

- 16 -

EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

78.    In response to the allegations in paragraph 78, Monsanto admits that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate.  Monsanto notes that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

79.    In response to the allegations in paragraph 79, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 79.

80.    In response to the allegations in paragraph 80, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 80.

81.    In response to the allegations in paragraph 81, Monsanto admits that, in France, the sale to and use by amateurs (*i.e.*, non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions. Monsanto denies the remaining allegations in paragraph 81.

82.    In response to the allegations in paragraph 82, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same.  Monsanto denies the remaining allegations in paragraph 82.

83.     In response to the allegations in paragraph 83, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiffs' allegations regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 83.

84.     In response to the allegations in paragraph 84, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns.  As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto denies the remaining allegations in paragraph 84.

85.     Monsanto incorporates by reference its responses to paragraph 1 through paragraph 84 in response to paragraph 85 of plaintiffs' Complaint.

86.     In response to the allegations in paragraph 86, Monsanto admits that plaintiffs purport to bring a claim for strict liability design defect but denies any liability as to that claim.

87.     Monsanto denies the allegations in the first sentence of paragraph 87.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used Roundup®-branded products and therefore denies that allegation.  The remaining allegations in paragraph 87 are vague and conclusory and are accordingly denied.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 89 and therefore denies those allegations.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01584-VC

1  92. Monsanto denies the allegations in paragraph 92.

2  93. Monsanto denies the allegations in paragraph 93, including each of its subparts.

3  94. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 94 concerning plaintiff's claimed exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 94, including that Roundup® branded products have "dangerous characteristics."

95. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 95 concerning plaintiff's claimed exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 95, including that Roundup®-branded products have "dangerous characteristics."

96. Monsanto denies the allegations in paragraph 96.

97. Monsanto denies the allegations in paragraph 97.

98. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 98 and therefore denies those allegations.

99. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 99 concerning plaintiff's claimed exposure to Roundup®-branded products and therefore denies those allegations.

100. Monsanto denies the allegations in paragraph 100.

101. Monsanto denies the allegations in paragraph 101.

102. Monsanto denies the allegations in paragraph 102.

103. Monsanto denies the allegations in paragraph 103.

104. Monsanto denies the allegations in paragraph 104.

105. Monsanto denies the allegations in paragraph 105.

106. Monsanto denies the allegations in paragraph 106.

107. Monsanto denies the allegations in paragraph 107.

In response to the "WHEREFORE" paragraph following paragraph 107, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

108.    Monsanto incorporates by reference its responses to paragraph 1 through paragraph 107 in response to paragraph 108 of plaintiffs' Complaint.

109.    In response to the allegations in paragraph 109, Monsanto admits that plaintiffs purport to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

110.    Monsanto denies the allegations in paragraph 110.

111.    In response to the allegations in paragraph 111, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff or other individuals purchased or used Roundup®-branded products and therefore denies that allegation. The allegations in paragraph 111 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 111.

112.    The allegations in paragraph 112 set forth conclusions of law for which no response is required.

113.    Monsanto denies the allegations in paragraph 113.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

114.    Monsanto denies the allegations in paragraph 114.

115.    Monsanto denies the allegations in paragraph 115.

116.    Monsanto denies the allegations in paragraph 116.

117.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 117 and therefore denies those allegations.

118.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 118 concerning plaintiff's alleged use of and exposure to

Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 118, including that Roundup®-branded products have "dangerous characteristics."

119.    In response to the allegations in paragraph 119, Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer, multiple myeloma, or other serious illnesses and denies that there are any defects in those products.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 119 and therefore denies those allegations.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

120.    Monsanto denies the allegations in paragraph 120.

121.    Monsanto denies the allegations in paragraph 121.

122.    Monsanto denies the allegations in paragraph 122.

123.    Monsanto denies the allegations in paragraph 123.

124.    Monsanto denies the allegations in paragraph 124.

125.    Monsanto denies the allegations in paragraph 125.

126.    Monsanto denies the allegations in paragraph 126. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

127.    Monsanto denies the allegations in paragraph 127.

In response to the "WHEREFORE" paragraph following paragraph 127, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

128.    Monsanto incorporates by reference its responses to paragraph 1 through paragraph 127 in response to paragraph 128 of plaintiffs' Complaint.

129.    The allegations in paragraph 129 set forth conclusions of law for which no response is required.

130.    The allegations in paragraph 130 set forth conclusions of law for which no response is required.

131.    The allegations in paragraph 131 set forth conclusions of law for which no response is required.

132.    Monsanto denies the allegations in paragraph 132.

133.    Monsanto denies the allegations in paragraph 133.

134.    Monsanto denies the allegations in paragraph 134.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

135.    Monsanto denies the allegations in paragraph 135.

136.    Monsanto denies the allegations in paragraph 136.

137.    Monsanto denies the allegations in paragraph 137, including each of its subparts.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 139 regarding plaintiff's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 139.

140.    Monsanto denies the allegations in paragraph 140.

141.    Monsanto denies the allegations in paragraph 141.

142.    Monsanto denies the allegations in paragraph 142.

143.    Monsanto denies the allegations in paragraph 143.

In response to the "WHEREFORE" paragraph following paragraph 143, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

144.    Monsanto incorporates by reference its responses to paragraph 1 through paragraph 143 in response to paragraph 144 of plaintiffs' Complaint.

145.    In response to the allegations in paragraph 145, Monsanto admits that it has manufactured, tested, marketed, packaged, distributed, and sold Roundup®-branded products.

146.    Monsanto states that paragraph 146 sets forth conclusions of law for which no response is required.

147.    Monsanto denies the allegations in paragraph 147.

148.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 148 regarding plaintiff's reliance and therefore denies those allegations.  The remaining allegations in paragraph 148 set forth conclusions of law for which no response is required.

149.    Monsanto denies the allegations in paragraph 149.

150.    Monsanto denies the allegations in paragraph 150.

In response to the "WHEREFORE" paragraph following paragraph 150, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

151.    Monsanto incorporates by reference its responses to the paragraph 1 through paragraph 150 in response to paragraph 151 of plaintiffs' Complaint.

152.    In response to the allegations in paragraph 152, Monsanto admits that it has manufactured, tested, marketed, packaged, distributed, and sold Roundup®-branded products.

153.    The allegations in paragraph 153 set forth conclusions of law for which no response is required.

154.    Monsanto denies the allegations in paragraph 154, including each of its subparts.

155.    Monsanto denies the allegations in paragraph 155.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01584-VC

1    In response to the "WHEREFORE" paragraph following paragraph 155, Monsanto

2  demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be

3  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

4  fees as allowed by law and such further and additional relief as this Court may deem just and

5  proper.

6    156.    Monsanto incorporates by reference its responses to paragraph 1 through

7  paragraph 155 in response to paragraph 156 of plaintiffs' Complaint.

8    157.    In response to the allegations in paragraph 157, Monsanto admits that it has

9  manufactured, tested, marketed, packaged, distributed, and sold Roundup®-branded products.

10   158.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11  truth of the allegations in paragraph 158 regarding plaintiff's reliance and therefore denies those

12  allegations.  The remaining allegations in paragraph 158 set forth conclusions of law for which

13  no response is required.

14   159.    Monsanto denies the allegations in paragraph 159.

15   160.    Monsanto denies the allegations in paragraph 160.

16   In response to the "WHEREFORE" paragraph following paragraph 160, Monsanto

17  demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be

18  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

19  fees as allowed by law and such further and additional relief as this Court may deem just and

20  proper.

21   161.    Monsanto incorporates by reference its responses to paragraph 1 through

22  paragraph 160 in response to paragraph 161 of plaintiffs' Complaint.

23   162.    In response to the allegations in paragraph 162, Monsanto admits that it has

24  manufactured, tested, marketed, packaged, distributed, and sold Roundup®-branded products.

25   163.    Monsanto denies the allegations in paragraph 163.

26   164.    Monsanto denies the allegations in paragraph 164.

27   165.    Monsanto denies the allegations in paragraph 165.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01584-VC

1     166.    Monsanto denies the allegations in paragraph 166.

2     167.    Monsanto denies the allegations in paragraph 167.

3     168.    Monsanto denies the allegations in paragraph 168.

4     169.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5 truth of the allegations in paragraph 169 regarding plaintiff's reliance and therefore denies those

6 allegations. Monsanto denies the remaining allegations in paragraph 169.

7     170.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8 truth of the allegations in paragraph 170 regarding plaintiff's reliance and therefore denies those

9 allegations.

10     171.    Monsanto denies the allegations in paragraph 171.

11     In response to the "WHEREFORE" paragraph following paragraph 171, Monsanto

12 demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be

13 dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

14 fees as allowed by law and such further and additional relief as this Court may deem just and

15 proper.

16     172.    Monsanto incorporates by reference its responses to paragraph 1 through

17 paragraph 171 in response to paragraph 172 of plaintiffs' Complaint.

18     173.    Monsanto denies the allegations in paragraph 173.

19     174.    Monsanto denies the allegations in paragraph 174.

20     175.    Monsanto denies the allegations in paragraph 175.

21     176.    Monsanto denies the allegations in paragraph 176.

22     177.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23 truth of the allegations in paragraph 177 regarding plaintiff's reliance and therefore denies those

24 allegations.

25     178.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26 truth of the allegations in paragraph 178 regarding plaintiff's reliance and therefore denies those

27 allegations.

28

179.     Monsanto denies the allegations in paragraph 179.

180.     Monsanto denies the allegations in paragraph 180.

181.     Monsanto denies the allegations in paragraph 181.

182.     Monsanto denies the allegations in paragraph 182.

In response to the "WHEREFORE" paragraph following paragraph 182, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

183.     Monsanto incorporates by reference its responses to paragraph 1 through paragraph 182 in response to paragraph 183 of plaintiffs' Complaint .

184.     Monsanto states that paragraph 184 sets forth conclusions of law for which no response is required.

185.     Monsanto denies the allegations in paragraph 185.

186.     Monsanto denies the allegations in paragraph 186.

187.     Monsanto denies the allegations in paragraph 187.

188.     Monsanto denies the allegations in paragraph 188.

189.     Monsanto denies the allegations in paragraph 189.

190.     Monsanto denies the allegations in paragraph 190.

191.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 191 regarding plaintiff's reliance and therefore denies those allegations.

192.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 192 regarding plaintiff's reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 192.

193.     Monsanto denies the allegations in paragraph 193.

194.     Monsanto denies the allegations in paragraph 194.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01584-VC

1    195.    Monsanto denies the allegations in paragraph 195.

2    196.    Monsanto denies the allegations in paragraph 196.

3    197.    Monsanto denies the allegations in paragraph 197.

4    198.    Monsanto denies the allegations in paragraph 198.

5    In response to the "WHEREFORE" paragraph following paragraph 198, Monsanto

6 demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be

7 dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

8 fees as allowed by law and such further and additional relief as this Court may deem just and

9 proper.

10    199.    Monsanto incorporates by reference its responses to paragraph 1 through

11 paragraph 198 in response to paragraph 199 of plaintiffs' Complaint.

12    200.    The allegations in paragraph 200 set forth conclusions of law for which no

13 response is required.

14    201.    Monsanto denies the allegations in paragraph 201.

15    202.    Monsanto denies the allegations in paragraph 202.

16    203.    Monsanto denies the allegations in paragraph 203.

17    204.    Monsanto denies the allegations in paragraph 204.

18    In response to the "WHEREFORE" paragraph following paragraph 204, Monsanto

19 demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be

20 dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

21 fees as allowed by law and such further and additional relief as this Court may deem just and

22 proper.

23    205.    Monsanto incorporates by reference its responses to paragraph 1 through

24 paragraph 204 in response to paragraph 205 of plaintiffs' Complaint.

25    206.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26 truth of the allegations in paragraph 206 and therefore denies those allegations.

27    207.    Monsanto denies the allegations in paragraph 207.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01584-VC

208.     Monsanto denies the allegations in paragraph 208.

In response to the "WHEREFORE" paragraph following paragraph 208, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

209.     Monsanto incorporates by reference its responses to paragraph 1 through paragraph 208 in response to paragraph 209 of plaintiffs' Complaint.

210.     Monsanto denies the allegations in paragraph 210.

211.     Monsanto denies the allegations in paragraph 211.

212.     In response to the allegations in the first sentence of paragraph 212, Monsanto admits that it has stated, and continues to state, that Roundup®-branded products are safe when used in accordance with the products' labeling.  Monsanto denies the remaining allegations in paragraph 212.

213.     Monsanto denies the allegations in paragraph 213.

214.     Monsanto states that paragraph 214 sets forth conclusions of law for which no response is required.

215.     Monsanto denies the allegations in paragraph 215.

216.     Monsanto denies the allegations in paragraph 216.

217.     Monsanto denies the allegations in paragraph 217.

218.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 218 regarding plaintiff's reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 218.

219.     Monsanto denies the allegations in paragraph 219.

220.     Monsanto denies the allegations in paragraph 220.

In response to the "WHEREFORE" paragraph following paragraph 220, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be

1    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

2    fees as allowed by law and such further and additional relief as this Court may deem just and

3    proper.

4         221.    Monsanto incorporates by reference its responses to paragraph 1 through

5    paragraph 220 in response to paragraph 221 of plaintiffs' Complaint.

6         222.    Monsanto denies the allegations in paragraph 222.

7         223.    Monsanto denies the allegations in paragraph 223.

8         224.    Monsanto denies the allegations in paragraph 224.

9         225.    Monsanto denies the allegations in paragraph 225.

10        226.    Monsanto denies the allegations in paragraph 226.

11        In response to the "WHEREFORE" paragraph following paragraph 226, Monsanto

12   demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be

13   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

14   fees as allowed by law and such further and additional relief as this Court may deem just and

15   proper.

16        227.    Monsanto incorporates by reference its responses to paragraph 1 through

17   paragraph 226 in response to paragraph 227 of plaintiffs' Complaint.

18        228.    Monsanto denies the allegations in paragraph 228.

19        229.    Monsanto denies the allegations in paragraph 229.

20        In response to the "WHEREFORE" paragraph following paragraph 229, Monsanto

21   demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be

22   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

23   fees as allowed by law and such further and additional relief as this Court may deem just and

24   proper.

25        Every allegation in the Complaint that is not specifically and expressly admitted in this

26   Answer is hereby specifically and expressly denied.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01584-VC

1

**SEPARATE AND AFFIRMATIVE DEFENSES**

2    1.     The Complaint, in whole or part, fails to state a claim or cause of action upon

3    which relief can be granted.

4    2.     Plaintiffs' claims are barred because plaintiff cannot proffer any scientifically

5    reliable evidence that the products at issue were defective or unreasonably dangerous.

6    3.     Any alleged negligent or culpable conduct of Monsanto, none being admitted,

7    was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

8    plaintiff's alleged injuries.

9    4.     Plaintiffs' claims are barred, in whole or in part, because the products at issue

10   were designed, manufactured, marketed and labeled with proper warnings, information, cautions

11   and instructions, in accordance with the state of the art and the state of scientific and

12   technological knowledge.

13   5.     Plaintiffs' claims are barred, in whole or in part, because the products at issue

14   were not defective or unreasonably dangerous in that they complied with, at all relevant times,

15   all applicable government safety standards.

16   6.     Plaintiffs' claims are preempted, in whole or in part, by applicable federal law

17   relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

18   processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

19   7.     Any claims based on allegations that Monsanto misled, defrauded, made

20   misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

21   See, e.g., Buckman Co. v. Plaintiffs' Legal Comm., 531 U.S. 341 (2001); Nathan Kimmel, Inc.

22   v. Dowelanco, 275 F.3d 1199 (9th Cir. 2002).

23   8.     Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA

24   findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

25   product labeling.

26   9.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary

27   jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

28

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.     Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to her by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01584-VC

18.     Plaintiffs' claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Montana Constitution, and/or other applicable state constitutions.

19.     Plaintiffs' claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Montana law and/or other applicable state laws.

20.     Plaintiffs' claims for punitive damages are barred and/or limited by operation of state and/or federal law.

21.     Plaintiffs' claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiffs' claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiff has received and/or will receive from collateral sources.

25.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiffs' claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiffs' claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28.     Plaintiffs have failed to allege fraud with sufficient particularity.

29.     Plaintiffs' recovery must be diminished in proportion to the percentage of negligence attributed to plaintiffs. Mont. Code Ann. § 27-1-702.

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

1

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2 plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

3 other relief as the Court deems equitable and just.

4 **<u>JURY TRIAL DEMAND</u>**

5 Monsanto demands a jury trial on all issues so triable.

6

7 DATED:  March 10, 2020                           Respectfully submitted,

8

9 <u>/s/ Eric G. Lasker</u>
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)

10 Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)

11 HOLLINGSWORTH LLP
1350 I Street, N.W.

12 Washington, DC  20005
Telephone:  (202) 898-5800

13 Facsimile:  (202) 682-1639

14 *Attorneys for Defendant*
*MONSANTO COMPANY*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 33 -