**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Cathy Perkov v. Monsanto Co.*,<br>Case No. 3:20-cv-00920-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      The allegations in paragraph 2 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

3. The allegations in paragraph 3 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 3 based upon the allegations in plaintiff's Complaint.

4. Monsanto admits the allegations in paragraph 4.

5. The allegations in paragraph 5 set forth conclusions of law for which no response is required.

6. The allegations in the first sentence of paragraph 6 set forth conclusions of law for which no response is required. In response to the second sentence of paragraph 6, Monsanto admits that it sells Roundup®-branded products in Maryland. In response to the allegations in the final sentence of paragraph 6, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

7. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 7 and therefore denies those allegations. Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto denies the remaining allegations in paragraph 7.

8. Monsanto admits the allegations in the first sentence of paragraph 8. The remaining allegations in paragraph 8 set forth conclusions of law for which no response is required.

9. In response to the allegations in paragraph 9, Monsanto admits it is authorized to do business in Maryland and that it markets Roundup®-branded products within Maryland. The remaining allegations in paragraph 9 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

10. Monsanto admits that it is an agricultural biotechnology corporation. Monsanto admits that it and its affiliated companies have operations and offices in countries around the world. Monsanto states that the remaining allegations in paragraph 10 are vague and that it

1   accordingly lacks information or knowledge sufficient to form a belief as to the truth of the

2   remaining allegations and therefore denies those allegations.

3       11.     The allegations in the first sentence of paragraph 11 are vague and conclusory and

4   comprise attorney characterizations and are accordingly denied.  Monsanto lacks information or

5   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 11

6   and therefore denies those allegations.

7       12.     Monsanto denies that any exposure to Roundup®-branded products can cause

8   cancer and other serious illnesses and therefore denies the allegations in the first and second

9   sentences of paragraph 12.  Monsanto lacks information or knowledge sufficient to form a belief

10  as to the truth of the remaining allegations in the second sentence of paragraph 12 and therefore

11  denies those allegations.  The remaining allegations are vague and conclusory and comprise

12  attorney characterizations and are accordingly denied.

13      13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth

14  of the allegations in paragraph 13 regarding plaintiff's claimed purchase or use of Roundup®-

15  branded products and therefore denies those allegations.  The remaining allegations of paragraph

16  13 set forth conclusions of law for which no response is required.

17      14.     Monsanto admits the allegations in paragraph 14.

18      15.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth

19  of the allegations in paragraph 15 and therefore denies those allegations.

20      16.     Monsanto admits the allegations in paragraph 16.

21      17.     Monsanto admits the allegations in paragraph 17.

22      18.     In response to the allegations in paragraph 18, Monsanto admits that glyphosate is

23  an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

24  paragraph 18 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

25  to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

26      19.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

27  The remaining allegations in paragraph 19 comprise attorney characterizations and are

28  accordingly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00920-VC

1    20.    Monsanto admits the allegations in paragraph 20.

2    21.    Monsanto generally admits the allegations in paragraph 21, but denies the

3    allegations in paragraph 21 to the extent that they suggest that glyphosate is present in any plants

4    at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

5    the United States Environmental Protection Agency ("EPA").

6    22.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

7    of the allegations in paragraph 22 and therefore denies those allegations.

8    23.    Monsanto admits that it is the leading producer of seeds that contain the Roundup

9    Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's

10   ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as

11   to the accuracy of the specific numbers and statistics provided in the remaining sentences of

12   paragraph 23 and therefore denies those allegations.  Monsanto denies the remaining allegations

13   in paragraph 23.

14   24.    Monsanto admits the allegations in paragraph 24.

15   25.    Monsanto admits that Roundup®-branded products have been used by farmers for

16   approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

17   properties and denies the remaining allegations in paragraph 25.

18   26.    The allegations in paragraph 26 set forth conclusions of law for which no response

19   is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

20   paragraph 26.

21   27.    In response to the allegations in paragraph 27, Monsanto admits that EPA requires

22   registrants of herbicides to submit extensive data in support of the human health and

23   environmental safety of their products and further admits that EPA will not register or approve

24   the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

25   Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 27 set forth

26   conclusions of law for which no response is required.

27   28.    The allegations in paragraph 28 set forth conclusions of law for which no response

28   is required.

- 4 -

29.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Missouri for sale and distribution.

30.     In response to the allegations in paragraph 30, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 30 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 30 set forth conclusions of law for which no answer is required.

31.     Monsanto denies the allegations in paragraph 31 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 31 set forth conclusions of law for which no response is required.

32.     In response to the allegations in paragraph 32, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00920-VC

("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and therefore denies those allegations.

33.   In response to the allegations in paragraph 33, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 33 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

34.     In response to the allegations in paragraph 34, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 34 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

35.     Monsanto denies the allegations in paragraph 35.

36.     In response to the allegations in paragraph 36, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 36 to the extent that they

---

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00920-VC

1    suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

2    cancer.  Monsanto denies the remaining allegations in paragraph 36.

3        37.    Monsanto denies the allegations in paragraph 37.

4        38.    In response to the allegations in paragraph 38, Monsanto states that the cited

5    document speaks for itself and does not require a response.  To the extent that the allegations in

6    paragraph 38 go beyond a restatement of the cited document, Monsanto lacks information or

7    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 38

8    and therefore denies those allegations.

9        39.    Monsanto admits the allegations in paragraph 39.

10       40.    In response to the allegations in paragraph 40, Monsanto states that the cited the

11   document speaks for itself and does not require a response.  To the extent that the allegations in

12   paragraph 40 go beyond a restatement of the cited document, Monsanto lacks information or

13   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 40

14   and therefore denies those allegations.

15       41.    Monsanto states that the term "toxic" as used in paragraph 41 is vague and

16   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

17   denies the allegations in paragraph 41.

18       42.    Monsanto admits the allegations in paragraph 42.

19       43.    In response to the allegations in paragraph 43, Monsanto states that the document

20   speaks for itself and does not require a response.  To the extent that a response is deemed

21   required, Monsanto denies the allegations in paragraph 43.

22       44.    In response to the allegations in paragraph 44, Monsanto admits that Julie Marc

23   published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

24   the extent that paragraph 44 characterizes the meaning of the cited study, Monsanto denies the

25   remaining allegations in paragraph 44.

26       45.    In response to the allegations in paragraph 45, Monsanto states that these

27   documents speak for themselves and do not require a response.  To the extent that a response is

28   deemed required, Monsanto denies the allegations in paragraph 45.

46.     In response to the allegations in paragraph 46, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 46 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 46.

47.     Monsanto denies the allegations in paragraph 47.

48.     In response to the allegations in paragraph 48, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 48 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 49 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 49.

50.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 50.

51.     Monsanto denies the allegations in paragraph 51.

52.     Monsanto denies the allegations in paragraph 52.

53.     Monsanto denies the allegations in paragraph 53.

54.     Monsanto denies the allegations in paragraph 54.

55.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 55.

56.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 56 and therefore denies those allegations.

57.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth

1  of the allegations in paragraph 57 and therefore denies those allegations.  Monsanto denies that

2  glyphosate met the criteria necessary to be eligible for review.

3       58.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth

4  of the allegations in paragraph 58 and therefore denies those allegations.  Monsanto denies that

5  glyphosate met the criteria necessary to be eligible for review.

6       59.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

7  carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

8  evidence was "cumulative."  The remaining allegations in paragraph 59 are vague and conclusory

9  and comprise attorney characterizations and are accordingly denied.

10      60.     Monsanto admits that the full IARC Monograph regarding glyphosate was

11  published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A

12  carcinogen.  In response to the remaining allegations in paragraph 60, Monsanto states that the

13  document speaks for itself and does not require a response.  To the extent that a response is

14  deemed required, the remaining allegations in paragraph 60 comprise attorney characterizations

15  and are accordingly denied.

16      61.     Monsanto denies the allegations in paragraph 61.  The IARC working group

17  concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

18  which, per IARC's guidelines, means that the working group could not rule out chance, bias or

19  confounding so as to reach any conclusion of an increased risk.

20      62.     In response to the allegations in paragraph 62, Monsanto states that the document

21  speaks for itself and does not require a response.  To the extent that a response is deemed

22  required, the allegations in paragraph 62 comprise attorney characterizations and are accordingly

23  denied.

24      63.     Monsanto denies the allegations in paragraph 63.

25      64.     The allegations in paragraph 64 comprise attorney characterizations and are

26  accordingly denied.

27      65.     Monsanto admits the allegations in paragraph 65.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00920-VC

66.     In response to the allegations in paragraph 66, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 66 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 66.

67.     In response to the allegations in paragraph 67, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 67.

68.     The allegations in paragraph 68 are vague and ambiguous and are accordingly denied.

69.     In response to the allegations in paragraph 69, Monsanto states that the cited document speaks for itself and does not require a response.

70.     In response to the allegations in paragraph 70, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 70 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 70.

71.     Monsanto denies the allegations in paragraph 71.

72.     In response to the allegations in paragraph 72, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 72.

73.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 73.

74.     Monsanto denies the allegations in paragraph 74.

75.     Monsanto denies the allegations in paragraph 75.

76.     Monsanto denies the allegations in paragraph 76.

77.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto admits the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto admits the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 90.

91.     In response to the allegations in paragraph 91, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 91.

92.     In response to the allegations in paragraph 92, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 92.

93.     In response to the allegations in paragraph 93, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the

1    remaining allegations in paragraph 93.

2          94.     In response to the allegations in paragraph 94, Monsanto admits that plaintiff has

3    accurately quoted from one passage in an EPA document in 1991 with respect to the designation

4    of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not

5    pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and

6    the EPA CARC Final Report discussed above, other specific findings of safety include:

7          • "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
               evidence of non-carcinogenicity for humans—based on the lack of convincing
8              evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
               Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
9              http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.
           • "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
10             60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

11         • "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
               Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).
12
           • "There is [an] extensive database available on glyphosate, which indicate[s] that
13             glyphosate is not mutagenic, not a carcinogen, and not a developmental or
               reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
14             73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).
15
           • "EPA has concluded that glyphosate does not pose a cancer risk to humans."
16             Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be
               codified at 40 C.F.R. pt. 180).
17
           • "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible
18             cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body
               of research does not provide evidence to show that [g]lyphosate causes cancer and
19             does not warrant any change in EPA's cancer classification for [g]lyphosate."
               *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder
20             Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th
               Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of
21             Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-
               5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk
22             Statement").
23
24   Monsanto denies the remaining allegations in paragraph 94.

25         95.     In response to the allegations in paragraph 95, Monsanto admits that it – along

26   with a large number of other companies and governmental agencies – was defrauded by two

27   chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00920-VC

1    testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

2    toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

3    glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

4    studies.  To the extent that the allegations in paragraph 95 are intended to suggest that Monsanto

5    was anything other than a victim of this fraud, such allegations are denied.

6           96.     In response to the allegations in paragraph 96, Monsanto admits that IBT

7    Laboratories was hired to conduct toxicity studies in connection with the registration of a

8    Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

9    based upon any fraudulent or false IBT studies.

10          97.     Monsanto denies the allegations in paragraph 97 to the extent they suggest that

11   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

12   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

13   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

14   connection with services provided to a broad number of private and governmental entities and

15   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

16   one of several pesticide manufacturers who had used IBT test results.  The audit found some

17   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

18   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

19   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

20   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 97 are

21   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

22   denies those allegations.

23          98.     In response to the allegations in paragraph 98, Monsanto admits that three IBT

24   employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals

25   were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

26          99.     In response to the allegations in paragraph 99, Monsanto admits that it – along

27   with numerous other private companies – hired Craven Laboratories as an independent laboratory

28   to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00920-VC

remaining allegations in paragraph 99.

100.    In response to the allegations in paragraph 100, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 100 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

101.    In response to the allegations in paragraph 101, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 101 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

102.    In response to the allegations in paragraph 102, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

103.    In response to the allegations in paragraph 103, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products.  Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 103.

104.    Monsanto denies the allegations in paragraph 104.

105.    Monsanto denies the allegations in paragraph 105.

106.    Monsanto denies the allegations in paragraph 106.

107.    Monsanto denies the allegations in paragraph 107.

108.    Monsanto denies the allegations in paragraph 108.

109.    Monsanto denies the allegations in paragraph 109.

110.    Monsanto denies the allegations in paragraph 110.

111.    Monsanto denies the allegations in paragraph 111.

112.    Monsanto denies the allegations in paragraph 112.

113.    Monsanto denies the allegations in paragraph 113.

114.    Monsanto denies the allegations in paragraph 114.

115.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 115 and therefore denies those allegations.

116.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 116 and therefore denies those allegations.

117.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 117 and therefore denies those allegations.

118.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 118 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 118.

119.    In response to the allegations in paragraph 119, Monsanto denies that any exposure to Roundup®-branded products can cause NHL or other serious illnesses and therefore denies the allegations in paragraph 119.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 119 and therefore denies those allegations.

120.    Monsanto denies the allegations in paragraph 120.

121.    Monsanto incorporates by reference its responses to paragraphs 1 through 120 in response to paragraph 121 of plaintiff's Complaint.

122.    Monsanto denies the allegations in paragraph 122.

123.    In response to the allegations in paragraph 123, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

124.    In response to the allegations in paragraph 124, Monsanto states that the cited document speaks for itself and does not require a response.

125.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

125.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

126.    Monsanto denies the allegations in the first and last sentences of paragraph 126. The remaining allegations in paragraph 126 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

127.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 127 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

128.    Monsanto incorporates by reference its responses to paragraphs 1 through 127 in response to paragraph 128 of plaintiff's Complaint.

129.    The allegations in paragraph 129 set forth conclusions of law for which no response is required.

130.    Monsanto denies the allegations in paragraph 130.

131.    Monsanto denies the allegations in paragraph 131, including each of its subparts.

132.    Monsanto denies the allegations in paragraph 132.

133.    Monsanto denies the allegations in paragraph 133.

134.    Monsanto denies the allegations in paragraph 134.

135.    Monsanto denies the allegations in paragraph 135, including each of its subparts.

136.    Monsanto denies the allegations in paragraph 136.

137.    Monsanto denies the allegations in paragraph 137.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto denies the allegations in paragraph 139.

1    140.    Monsanto denies the allegations in paragraph 140.

2    In response to the "WHEREFORE" paragraph following paragraph 140, Monsanto

3    demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

4    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

5    fees as allowed by law and such further and additional relief as this Court may deem just and

6    proper.

7    141.    Monsanto incorporates by reference its responses to paragraphs 1 through 140 in

8    response to paragraph 141 of plaintiff's Complaint.

9    142.    In response to the allegations in paragraph 142, Monsanto lacks information or

10   knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

11   exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies

12   the remaining allegations in paragraph 142.

13   143.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

14   of the allegations in paragraph 143 and therefore denies those allegations.

15   144.    Monsanto denies the allegations in paragraph 144.

16   145.    Monsanto denies the allegations in paragraph 145.

17   146.    Monsanto denies the allegations in paragraph 146.

18   147.    Monsanto denies the allegations in paragraph 147, including each of its subparts.

19   148.    Monsanto denies the allegations in paragraph 148.

20   149.    Monsanto denies that Roundup®-branded products have "dangerous

21   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

22   truth of the remaining allegations in paragraph 149 and therefore denies those allegations.

23   150.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

24   of the allegations in paragraph 150 and therefore denies those allegations.

25   151.    Monsanto denies the allegations in paragraph 151.

26   152.    The allegations in paragraph 152 set forth conclusions of law for which no

27   response is required.

28   153.    Monsanto denies the allegations in paragraph 153.

1    154.    Monsanto denies the allegations in paragraph 154.

2    155.    Monsanto denies the allegations in paragraph 155.

3    156.    Monsanto denies the allegations in paragraph 156.

4    157.    Monsanto denies the allegations in paragraph 157.

5    158.    Monsanto denies the allegations in paragraph 158.

6    159.    Monsanto denies the allegations in paragraph 159.

7    160.    Monsanto denies the allegations in paragraph 160.

8    161.    Monsanto denies the allegations in paragraph 161.

9    162.    Monsanto denies the allegations in paragraph 162.

10    163.    Monsanto denies the allegations in paragraph 163.

11    164.    Monsanto denies the allegations in paragraph 164.  All labeling of Roundup[®]-

12    branded products has been and remains EPA-approved and in compliance with all federal

13    requirements under FIFRA.

14    165.    Monsanto denies the allegations in paragraph 165.

15    166.    Monsanto denies the allegations in paragraph 166.

16    167.    Monsanto denies the allegations in paragraph 167.

17    168.    Monsanto denies the allegations in paragraph 168.

18    In response to the "WHEREFORE" paragraph following paragraph 168, Monsanto

19    demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

20    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

21    fees as allowed by law and such further and additional relief as this Court may deem just and

22    proper.

23    169.    Monsanto incorporates by reference its responses to paragraphs 1 through 168 in

24    response to paragraph 169 of plaintiff's Complaint.

25    170.    Monsanto denies the allegations in paragraph 170.

26    171.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

27    of the allegations in paragraph 171 and therefore denies those allegations.

28    172.    Monsanto denies the allegations in paragraph 172.  All labeling of Roundup[®]-

1  branded products has been and remains EPA-approved and in compliance with all federal

2  requirements under FIFRA.

3        173.    Monsanto denies the allegations in paragraph 173.

4        174.    Monsanto denies the allegations in paragraph 174.  All labeling of Roundup®-

5  branded products has been and remains EPA-approved and in compliance with all federal

6  requirements under FIFRA.

7        175.    Monsanto denies the allegations in paragraph 175.  All labeling of Roundup®-

8  branded products has been and remains EPA-approved and in compliance with all federal

9  requirements under FIFRA and with California law.

10        176.    Monsanto denies the allegations in paragraph 176.

11        177.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

12  of the allegations regarding plaintiff's use history in paragraph 177 and therefore denies those

13  allegations.  Monsanto denies the remaining allegations in paragraph 177.

14        178.    The allegations in paragraph 178 set forth conclusions of law for which no

15  response is required.

16        179.    Monsanto denies the allegations in paragraph 179.

17        180.    Monsanto denies the allegations in paragraph 180.

18        181.    Monsanto denies the allegations in paragraph 181.

19        182.    Monsanto denies the allegations that Roundup®-branded products are defective

20  and accordingly denies the allegations in paragraph 182.

21        183.    The allegations in paragraph 183 set forth conclusions of law for which no

22  response is required.

23        184.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

24  of the allegations in paragraph 184 and therefore denies those allegations.

25        185.    Monsanto denies the allegations in paragraph 185.

26        186.    Monsanto denies the allegations in paragraph 186.

27        187.    Monsanto denies the allegations in paragraph 187.

28        188.    Monsanto denies the allegations in paragraph 188.

1   189.   Monsanto denies the allegations in paragraph 189.

2   190.   Monsanto denies the allegations in paragraph 190.

3   191.   Monsanto denies the allegations in paragraph 191.  All labeling of Roundup®-

4   branded products has been and remains EPA-approved and in compliance with all federal

5   requirements under FIFRA

6   192.   Monsanto denies the allegations in paragraph 192.  All labeling of Roundup®-

7   branded products has been and remains EPA-approved and in compliance with all federal

8   requirements under FIFRA

9   193.   Monsanto denies the allegations in paragraph 193.

10   194.   Monsanto denies the allegations in paragraph 194.

11   195.   Monsanto denies the allegation sin paragraph 195.

12   In response to the "WHEREFORE" paragraph following paragraph 195, Monsanto

13   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

14   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

15   fees as allowed by law and such further and additional relief as this Court may deem just and

16   proper.

17   196.   Monsanto incorporates by reference its responses to paragraphs 1 through 195 in

18   response to paragraph 196 of plaintiff's Complaint.

19   197.   Monsanto admits that plaintiff purports to bring a claim under Maryland's

20   consumer protection act, Md. Code Ann., Com. Law §§ 13-101 *et seq.*, but denies any liability as

21   to that claim.  Monsanto denies the remaining allegations in paragraph 197.

22   198.   The allegation in paragraph 198 sets forth a conclusion of law for which no

23   response is required.

24   199.   Monsanto denies the allegations in paragraph 199.

25   200.   Monsanto denies the allegations in paragraph 200.

26   201.   Monsanto denies the allegations in paragraph 201.

27   202.   Monsanto denies the allegations in paragraph 202.

28   203.   Monsanto denies the allegations in paragraph 203.

204.    Monsanto denies the allegations in paragraph 204.

205.    Monsanto denies the allegations in paragraph 205.

206.    Monsanto denies the allegations in paragraph 206.

In response to the "WHEREFORE" paragraph following paragraph 206, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

207.    Monsanto incorporates by reference its responses to paragraphs 1 through 206 in response to paragraph 207 of plaintiff's Complaint.

208.    Monsanto denies the allegations in paragraph 208.

209.    Monsanto denies the allegations in paragraph 209. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

210.    Monsanto denies the allegations in paragraph 205. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

211.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 211 regarding plaintiff's knowledge or reliance and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 211. In addition, Monsanto states that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

212.    Monsanto denies the allegations in paragraph 212.

213.    Monsanto denies the allegations in paragraph 213.

214.    Monsanto denies the allegations in paragraph 214.

215.    Monsanto denies the allegations in paragraph 215.

216.    Monsanto denies the allegations in paragraph 216.

217.    Monsanto denies the allegations in paragraph 217.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00920-VC

218. Monsanto denies the allegations in paragraph 218.

219. Monsanto denies the allegations in paragraph 219.

220. Monsanto denies the allegations in paragraph 220.

In response to the "WHEREFORE" paragraph following paragraph 220, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2. Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

- 22 -

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by

1    Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an

2    independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

3         15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to

4    plaintiff by which liability could be attributed to it.

5         16.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the

6    Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

7         17.     Plaintiff's claims for punitive and/or exemplary damages are barred because such

8    an award would violate Monsanto's due process, equal protection and other rights under the

9    United States Constitution, the Maryland Constitution, and/or other applicable state constitutions.

10        18.     Plaintiff's claims for punitive and/or exemplary damages are barred because

11   plaintiff has failed to allege conduct warranting imposition of such damages under Maryland law,

12   and/or other applicable state laws.

13        19.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited

14   by operation of state and/or federal law.

15        20.     Plaintiff's claims are barred in whole or in part by plaintiff's own

16   contributory/comparative negligence.

17        21.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to

18   mitigate damages.

19        22.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

20        23.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff

21   received from collateral sources.

22        24.     If plaintiff has been injured or damaged, no injury or damages being admitted,

23   such injuries were not caused by a Monsanto product.

24        25.     Plaintiff has failed to allege fraud with sufficient particularity.

25        26.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that

26   are governed by the laws of a state that does not recognize, or limits, such claims.

27        27.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws

28   of states that do not govern plaintiff's claims.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00920-VC

28.     If plaintiff has been injured or damaged, no injury or damages being admitted, plaintiff's claims for damages are limited by M.D. Cts. & Jud. Proc. § 11-108.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  March 11, 2020                         Respectfully submitted,


                                               /s/ Joe G. Hollingsworth
                                               Joe G. Hollingsworth (*pro hac vice*)
                                               (jhollingsworth@hollingsworthllp.com)
                                               Eric G. Lasker (*pro hac vice*)
                                               (elasker@hollingsworthllp.com)
                                               HOLLINGSWORTH LLP
                                               1350 I Street, N.W.
                                               Washington, DC  20005
                                               Telephone:  (202) 898-5800
                                               Facsimile:   (202) 682-1639

                                               *Attorneys for Defendant*
                                               *MONSANTO COMPANY*