**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   202-898-5800
Facsimile:   202-682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Michael Smith and Mary Smith v. Monsanto Co.,*<br>Case No. 3:20-cv-00510-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in the Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies those allegations.

6.      Monsanto denies the allegations in paragraph 6.

7.      The allegations in paragraph 7 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

8.      In response to the allegations in paragraph 8, Monsanto states that it is incorporated in Delaware with its principal place of business in St. Louis County, Missouri.

9.      The allegations in the first sentence of paragraph 9 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in the first sentence of paragraph 9 based upon the allegations in plaintiffs' complaint.  Monsanto lacks information or knowledge sufficient to form a belief as to the remaining allegations in paragraph 9 and therefore denies those allegations.

10.     The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.     The allegations in paragraph 11 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 11.

12.     In response to the allegations in paragraph 12, Monsanto denies that plaintiff's injuries arise out of Monsanto's activities.  The remaining allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 13 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00510-VC

14.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto admits the allegations in the third sentence of paragraph 14.  Monsanto states that the remaining allegations in paragraph 14 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

15.     Monsanto admits the allegations in paragraph 15.

16.     In response to the allegations in paragraph 16, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 16 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

17.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 17 comprise attorney characterizations and are accordingly denied.

18.     Monsanto admits the allegations in paragraph 18.

19.     Monsanto generally admits the allegations in paragraph 19, but denies the allegations in paragraph 19 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

20.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies those allegations.

21.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00510-VC

1    sentences of paragraph 21 and therefore denies those allegations.  Monsanto denies the

2    remaining allegations in paragraph 21.

3         22.    Monsanto admits the allegations in paragraph 22.

4         23.    Monsanto admits that Roundup®-branded products have been used by farmers for

5    approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

6    properties and denies the remaining allegations in paragraph 23.

7         24.    The allegations in paragraph 24 set forth conclusions of law for which no

8    response is required.  To the extent that a response is deemed required, Monsanto admits the

9    allegations in paragraph 24.

10        25.    In response to the allegations in paragraph 25, Monsanto admits that EPA requires

11    registrants of herbicides to submit extensive data in support of the human health and

12    environmental safety of their products and further admits that EPA will not register or approve

13    the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

14    Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 25 set forth

15    conclusions of law for which no response is required.

16        26.    The allegations in paragraph 26 set forth conclusions of law for which no

17    response is required.

18        27.    Monsanto admits that Roundup®-branded products are registered by EPA for

19    manufacture, sale and distribution and are registered by the State of Missouri for sale and

20    distribution.

21        28.    In response to the allegations in paragraph 28, Monsanto admits that EPA requires

22    registrants of herbicides to submit extensive data in support of the human health and

23    environmental safety of their products and further admits that EPA will not register or approve

24    the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

25    states that the term "the product tests" in the final sentence of paragraph 28 is vague and

26    ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 28

27    set forth conclusions of law for which no answer is required.

28

29.     Monsanto denies the allegations in paragraph 29 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 29 set forth conclusions of law for which no response is required.

30.     In response to the allegations in paragraph 30, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December  2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans.'"[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report, other specific findings of safety include:

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

1

2

3
- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

4

5
- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

6
- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

7

8

9
- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

10
- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

11

12

13

14

15

16
- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

17

18
Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore denies those allegations.

19

20

21

22

23

24

25

26
     31.     In response to the allegations in paragraph 31, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 31 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

27

28

32.     In response to the allegations in paragraph 32, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 32 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

33.     Monsanto denies the allegations in paragraph 33.

34.     In response to the allegations in paragraph 34, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 34 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 34.

35.     Monsanto denies the allegations in paragraph 35.

36.     In response to the allegations in paragraph 36, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 36 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies those allegations.

37.     Monsanto admits the allegations in paragraph 37.

38.     In response to the allegations in paragraph 38, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 38 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore denies those allegations.

39.     Monsanto states that the term "toxic" as used in paragraph 39 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 39.

40.     Monsanto admits the allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 41.

42.     In response to the allegations in paragraph 42, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 42 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 42.

43.     In response to the allegations in paragraph 43, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 43.

44.     In response to the allegations in paragraph 44, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 44 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 44.

45.     Monsanto denies the allegations in paragraph 45.

46.     In response to the allegations in paragraph 46, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 46 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 47 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 47.

48.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 48.

49.     Monsanto denies the allegations in paragraph 49.

1   50.   Monsanto denies the allegations in paragraph 50.

2   51.   Monsanto denies the allegations in paragraph 51.

3   52.   Monsanto denies the allegations in paragraph 52.

4   53.   Monsanto admits that it has in the past promoted, and continues to promote,

5   Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

6   Monsanto denies the remaining allegations in paragraph 53.

7   54.   Monsanto admits that the International Agency for Research on Cancer ("IARC")

8   is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

9   lacks information or knowledge sufficient to form a belief as to the truth of the remaining

10   allegations in paragraph 54 and therefore denies those allegations.

11   55.   Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations in paragraph 55 and therefore denies those allegations.  Monsanto denies

13   that glyphosate met the criteria necessary to be eligible for review.

14   56.   Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations in paragraph 56 and therefore denies those allegations.  Monsanto denies

16   that glyphosate met the criteria necessary to be eligible for review.

17   57.   Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

18   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

19   evidence was "cumulative."  The remaining allegations in paragraph 57 are vague and

20   conclusory and comprise attorney characterizations and are accordingly denied.

21   58.   Monsanto admits that the full IARC Monograph regarding glyphosate was

22   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

23   2A carcinogen.  In response to the remaining allegations in paragraph 58, Monsanto states that

24   the document speaks for itself and does not require a response.  To the extent that a response is

25   deemed required, the remaining allegations in paragraph 58 comprise attorney characterizations

26   and are accordingly denied.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00510-VC

59.     In response to the allegations in paragraph 59, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 59 comprise attorney characterizations and are accordingly denied.

60.     In response to the allegations in paragraph 60, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 60 comprise attorney characterizations and are accordingly denied.

61.     Monsanto denies the allegations in paragraph 61.

62.     The allegations in paragraph 62 comprise attorney characterizations and are accordingly denied.

63.     Monsanto admits the allegations in paragraph 63.

64.     In response to the allegations in paragraph 64, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 64 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 65.

66.     The allegations in paragraph 66 are vague and ambiguous and are accordingly denied.

67.     In response to the allegations in paragraph 67, Monsanto states that the cited document speaks for itself and does not require a response.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00510-VC

68.     In response to the allegations in paragraph 68, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 68 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 68.

69.     Monsanto denies the allegations in paragraph 69.

70.     In response to the allegations in paragraph 70, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 70.

71.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 71.

72.     Monsanto denies the allegations in paragraph 72.

73.     Monsanto denies the allegations in paragraph 73.

74.     Monsanto denies the allegations in paragraph 74.

75.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 75.

76.     Monsanto denies the allegations in paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     Monsanto admits the allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto admits the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00510-VC

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 88.

89.     In response to the allegations in paragraph 89, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 88.

90.     In response to the allegations in paragraph 90, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 90.

91.     In response to the allegations in paragraph 91, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 91.

92.     In response to the allegations in paragraph 92, Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  Monsanto denies the remaining allegations in paragraph 92.

93.     In response to the allegations in paragraph 93, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or

1  any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT")

2  Laboratories studies.  To the extent that the allegations in paragraph 93 are intended to suggest

3  that Monsanto was anything other than a victim of this fraud, such allegations are denied.

4      94.     In response to the allegations in paragraph 94, Monsanto admits that IBT

5  Laboratories was hired to conduct toxicity studies in connection with the registration of a

6  Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product

7  is based upon any fraudulent or false IBT studies.

8      95.     Monsanto denies the allegations in paragraph 95 to the extent they suggest that

9  EPA performed an inspection of IBT Laboratories solely or specifically in connection with

10  studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

11  Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

12  connection with services provided to a broad number of private and governmental entities and

13  that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

14  one of several pesticide manufacturers who had used IBT test results.  The audit found some

15  toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

16  Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

17  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

18  based upon any invalid IBT studies.  To the extent that the allegations in paragraph 95 are

19  intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

20  denies those allegations.

21      96.     In response to the allegations in paragraph 96, Monsanto admits that three IBT

22  employees were convicted of the charge of fraud, but Monsanto denies that any of the

23  individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

24  herbicides.

25      97.     In response to the allegations in paragraph 97, Monsanto admits that it – along

26  with numerous other private companies – hired Craven Laboratories as an independent

27

28

- 13 -

laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 97.

98.     In response to the allegations in paragraph 98, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 98 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

99.     In response to the allegations in paragraph 99, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 98 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

100.    In response to the allegations in paragraph 100, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

101.    In response to the allegations in paragraph 101, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 101.

102.    Monsanto denies the allegations in paragraph 102.

103.    Monsanto denies the allegations in paragraph 103.

104.    Monsanto denies the allegations in paragraph 104.

105.    Monsanto denies the allegations in paragraph 105.

106.    Monsanto denies the allegations in paragraph 106.

107.    Monsanto denies the allegations in paragraph 107.

108.    Monsanto denies the allegations in paragraph 108.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00510-VC

109.    Monsanto denies the allegations in paragraph 109.

110.    Monsanto denies the allegations in paragraph 110.

111.    Monsanto denies the allegations in paragraph 111.

112.    Monsanto denies the allegations in paragraph 112.

113.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 113 and therefore denies those allegations.

114.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 114 and therefore denies those allegations.

115.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 115 and therefore denies those allegations.

116.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 116 and therefore denies those allegations.

117.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in paragraph 117 and therefore denies those allegations.

118.    Monsanto denies the allegations in paragraph 118.

119.    Monsanto denies the allegations in paragraph 119.

120.    Monsanto incorporates by reference its responses to paragraphs 1 through 119 in response to paragraph 120 of plaintiffs' Complaint.

121.    Monsanto denies allegations in paragraph 121.

122.    In response to the allegations in paragraph 122, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

123.    In response to the allegations in paragraph 123, Monsanto states that the cited document speaks for itself and does not require a response.

124.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

124.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

125.  Monsanto denies the allegations in the first and last sentences of paragraph 125. The remaining allegations in paragraph 125 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

126.  Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The remaining allegations in paragraph 126 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

127.  Monsanto incorporates by reference its responses to paragraphs 1 through 126 in response to paragraph 127 of plaintiffs' Complaint.

128.  The allegations in paragraph 128 set forth conclusions of law for which no response is required.

129.  Monsanto denies the allegations in paragraph 129.

130.  Monsanto denies the allegations in paragraph 130, including each of its subparts.

131.  Monsanto denies the allegations in paragraph 131.

132.  Monsanto denies the allegations in paragraph 132.

133.  Monsanto denies the allegations in paragraph 133, including each of its subparts.

134.  Monsanto denies the allegations in paragraph 134.

135.  Monsanto denies the allegations in paragraph 135.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00510-VC

136.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 136 regarding plaintiffs' knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 136, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

137.     Monsanto denies the allegations in paragraph 137.

138.     Monsanto denies the allegations in paragraph 138.

139.     Monsanto denies the allegations in paragraph 139.

140.     In response to paragraph 140, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

141.     Monsanto incorporates by reference its responses to paragraphs 1 through 140 in response to paragraph 141 of plaintiffs' Complaint.

142.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 142 and therefore denies those allegations.

143.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 143 and therefore denies those allegations.

144.     Monsanto denies the allegations in paragraph 144.

145.     Monsanto denies the allegations in paragraph 145.

146.     Monsanto denies the allegations in paragraph 146.

147.     Monsanto denies the allegations in paragraph 147, including each of its subparts.

148.     Monsanto denies the allegations in paragraph 148.

149.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 149 concerning plaintiffs' claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

remaining allegations in paragraph 149, including that Roundup®-branded products have "dangerous characteristics."

150. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 150 and therefore denies those allegations.

151. Monsanto denies the allegations in paragraph 151.

152. The allegations in paragraph 152 set forth conclusions of law for which no response is required.

153. Monsanto denies the allegations in paragraph 153.

154. Monsanto denies the allegations in paragraph 154.

155. Monsanto denies the allegations in paragraph 155.

156. Monsanto denies the allegations in paragraph 156.

157. Monsanto denies the allegations in paragraph 157.

158. Monsanto denies the allegations in paragraph 158.

159. Monsanto denies the allegations in paragraph 159.

160. Monsanto denies the allegations in paragraph 160.

161. Monsanto denies the allegations in paragraph 161.

162. Monsanto denies the allegations in paragraph 162.

163. In response to paragraph 163, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

164. Monsanto incorporates by reference its responses to paragraphs 1 through 163 in response to paragraph 164 of plaintiffs' Complaint.

165. The allegations in paragraph 165 set forth conclusions of law for which no response is required.

166. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 166 and therefore denies those allegations.

167.     Monsanto denies the allegations in paragraph 167.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

168.     Monsanto denies the allegations in paragraph 168.

169.     Monsanto denies the allegations in paragraph 169.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

170.     Monsanto denies the allegations in paragraph 170.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

171.     Monsanto denies the allegations in paragraph 171.

172.     Monsanto denies the allegations in paragraph 172.

173.     The allegations in paragraph 173 set forth conclusions of law for which no response is required.

174.     Monsanto denies the allegations in paragraph 174.

175.     Monsanto denies the allegations in paragraph 175.

176.     Monsanto denies the allegations in paragraph 176.

177.     Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 177.

178.     The allegations in paragraph 178 set forth conclusions of law for which no response is required.

179.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 179 and therefore denies those allegations.

180.     Monsanto denies the allegations in paragraph 180.

181.     Monsanto denies the allegations in paragraph 181.

182.     Monsanto denies the allegations in paragraph 182.

183.     Monsanto denies the allegations in paragraph 183.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00510-VC

1        184.    In response to paragraph 184, Monsanto demands that judgment be entered in its

2   favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that

3   Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

4   further and additional relief as this Court may deem just and proper.

5        185.    Monsanto incorporates by reference its responses to paragraphs 1 through 184 in

6   response to paragraph 185 of plaintiffs' Complaint.

7        186.    Monsanto denies the allegations in paragraph 186.  Additionally, the allegations

8   in the last sentence in paragraph 186 set forth conclusions of law for which no response is

9   required.

10       187.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11  truth of the allegations in paragraph 187 concerning the plaintiff's claimed use of Roundup®-

12  branded products and therefore denies those allegations.  The remaining allegations in paragraph

13  187 set forth conclusions of law for which no response is required.

14       188.    The allegations in paragraph 188 set forth conclusions of law for which no

15  response is required.

16       189.    Monsanto denies the allegations in paragraph 189.

17       190.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in paragraph 190 and therefore denies those allegations.

19       191.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20  truth of the allegations in paragraph 191 concerning the condition of any Roundup®-branded

21  product allegedly used by plaintiff and/or plaintiff's employer or about plaintiff's and/or

22  plaintiff's  employer's alleged uses of such product and therefore denies the allegations in

23  paragraph 191.

24       192.    Monsanto denies the allegations in paragraph 192.

25       193.    Monsanto denies the allegations in paragraph 193.

26       194.    Monsanto denies the allegations in paragraph 194.

27

28

195.     In response to paragraph 195, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

196.     Monsanto incorporates by reference its responses to paragraphs 1 through 195 in response to paragraph 196 of plaintiffs' Complaint.

197.     In response to the allegations in paragraph 197, Monsanto admits that it has manufactured, distributed, advertised, promoted, and sold Roundup®-branded products.

198.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 198 concerning plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto admits that it has sold glyphosate based herbicides in accordance with their EPA-approved labeling.  The remaining allegations in paragraph 198 set forth conclusions of law for which no response is required.

199.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 199 concerning plaintiff's foreseeable use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 199 set forth conclusions of law for which no response is required.

200.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 200 and therefore denies those allegations.

201.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 201 and therefore denies those allegations.

202.     The allegations in paragraph 202 set forth conclusions of law for which no response is required.

203.     The allegations in paragraph 203 set forth conclusions of law for which no response is required.

204.     Monsanto denies the allegations in paragraph 204.

205.     Monsanto denies the allegations in paragraph 205.

1    206.    Monsanto denies the allegations in paragraph 206.

2    207.    Monsanto denies the allegations in paragraph 207.

3    208.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 208 regarding plaintiff's reliance and therefore denies those

5    allegations.  Monsanto denies the remaining allegations in paragraph 208.

6    209.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 209 regarding reliance by plaintiff's and others and therefore

8    denies those allegations.  Monsanto denies the remaining allegations in paragraph 209.

9    210.    Monsanto denies the allegations in paragraph 210.

10   211.    Monsanto denies the allegations in paragraph 211.

11   212.    Monsanto denies the allegations in paragraph 212.

12   213.    Monsanto denies the allegations in paragraph 213.

13   214.    Monsanto denies the allegations in paragraph 214.

14   215.    In response to the allegations in paragraph 215, Monsanto demands that judgment

15   be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with

16   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

17   by law and such further and additional relief as this Court may deem just and proper.

18   216.    Monsanto incorporates by reference its responses to paragraphs 1 through 215 in

19   response to paragraph 216 of plaintiffs' Complaint.

20   217.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 217 regarding the marital status of plaintiffs and accordingly

22   denies those allegations.  The remaining allegations in paragraph 217 set forth conclusions of

23   law for which no response is required.

24   218.    Monsanto denies the allegations in paragraph 218.

25   219.    Monsanto denies the allegations in paragraph 219.

26   220.    In response to the allegations in paragraph 220, Monsanto demands that judgment

27   be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with

28

1    prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

2    by law and such further and additional relief as this Court may deem just and proper.

3        In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

4    denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

5    damages, interest, costs, or any other relief whatsoever.

6        Every allegation in the Complaint that is not specifically and expressly admitted in this

7    Answer is hereby specifically and expressly denied.

8                              <u>**SEPARATE AND AFFIRMATIVE DEFENSES**</u>

9        1.    The Complaint, in whole or part, fails to state a claim or cause of action against

10   Monsanto upon which relief can be granted.

11       2.    Venue may be inconvenient for plaintiffs' claims.

12       3.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically

13   reliable evidence that the products at issue were defective or unreasonably dangerous.

14       4.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

15   was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

16   plaintiff's alleged injuries.

17       5.    Plaintiffs' claims are barred, in whole or in part, because the products at issue

18   were designed, manufactured, marketed and labeled with proper warnings, information, cautions

19   and instructions, in accordance with the state of the art and the state of scientific and

20   technological knowledge.

21       6.    Plaintiffs' claims are barred, in whole or in part, because the products at issue

22   were not defective or unreasonably dangerous in that they complied with, at all relevant times,

23   all applicable government safety standards.

24       7.    Plaintiffs' claims are preempted, in whole or in part, by applicable federal law

25   relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

26   processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00510-VC

8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

10.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Plaintiffs' claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

12.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims in whole or in part.

13.     Applicable statutes of limitations and/or repose periods bar plaintiffs' claims in whole or in part.

14.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

15.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible, or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

16.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them, by which liability could be attributed to it.

17.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

18.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Missouri Constitution, the West Virginia Constitution, and/or other applicable state constitutions.

20.     Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Missouri law, West Virginia law, and/or other applicable state laws.

21.     Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Missouri Revised Statute § 510.265.1 and W. Va. Code § 55-7-29.

22.     Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiffs and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiffs have failed to clearly establish any entitlement to punitive damages based on their allegations.

23.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

24.     Plaintiffs' claims are barred in whole or in part by plaintiffs' failure to mitigate damages.

25.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

26.     To the extent that plaintiffs recovered payments for plaintiff's alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute §§ 490.710, 490.715.

27.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

28.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

29.     Plaintiffs' claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

1    DATED:  March 11, 2020                          Respectfully submitted,

2

3                                                    /s/ Joe G. Hollingsworth
                                                     Joe G. Hollingsworth (*pro hac vice*)
4                                                    (jhollingsworth@hollingsworthllp.com)
                                                     Eric G. Lasker (*pro hac vice*)
5                                                    (elasker@hollingsworthllp.com)
                                                     HOLLINGSWORTH LLP
6                                                    1350 I Street, N.W.
                                                     Washington, DC  20005
7                                                    Telephone:   (202) 898-5800
                                                     Facsimile:    (202) 682-1639

8                                                    *Attorneys for Defendant*
                                                     MONSANTO COMPANY
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-00510-VC