**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   202-898-5800
Facsimile:   202-682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Barbara Stone and Tom Stone* *v. Monsanto Co.,* Case No. 3:20-cv-01553-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in Barbara Stone and Tom Stone's Complaint[1] ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      The allegations in this complaint's first-numbered paragraph 1 set forth conclusions of law for which no response is required. To the extent a response is deemed

---

[1] Although plaintiffs' pleading is called "Plaintiff's [*sic*] First Amended Complaint," plaintiffs did not filed another complaint in this case.

required, Monsanto admits the allegations in this Complaint's first-numbered paragraph 1 based upon the allegations in plaintiffs' complaint.

2.      The allegations in this Complaint's first-numbered paragraph 2 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits that the amount in controversy exceeds $75,000, exclusive of interests and costs.

1.      In response to the allegations in the Complaint's second-numbered paragraph 1, Monsanto admits that it is registered to do business in Michigan.  The remaining allegations in the Complaint's second-numbered paragraph 1 set forth conclusions of law for which no response is required.

2.      Monsanto admits the allegations in this complaint's second-numbered paragraph 2.

3.      In response to allegations in paragraph 3, Monsanto admits that glyphosate, the active ingredient in Roundup®-branded herbicides, is a non-selective herbicide and that certain Roundup®-branded herbicides are used to kill weeds that commonly compete with growing crops.

4.      In response to the allegations in paragraph 4, Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.

5.      The allegations in paragraph 5 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

6.      In response to the allegations in paragraph 6, Monsanto admits that it sells Roundup®-branded products in Michigan.

7.      Monsanto admits the allegations in paragraph 7.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01553-VC

8.      The allegations in paragraph 8 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

9.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies those allegations.

10.     The allegations in paragraph 10 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

11.     The allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies those allegations.

13.     The allegations in paragraph 13 set forth conclusions of law for which no response is required.

14.     In response to paragraph 14, Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in paragraph 14.

15.     Monsanto admits the allegations in paragraph 15.

16.     Monsanto admits the allegations in paragraph 16.

17.     In response to the allegations in paragraph 17, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 17 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 and therefore denies those allegations.

18.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 18 comprise attorney characterizations and are accordingly denied.

19.     Monsanto admits the allegations in paragraph 19.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01553-VC

2c21424d0b6fcd90

20.     Monsanto generally admits the allegations in paragraph 20, but denies the allegations in paragraph 20 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

21.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies those allegations.

22.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto denies the remaining allegations in paragraph 22.

23.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in paragraph 23 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 23.

24.     Monsanto admits the allegations in paragraph 24.

25.     In response to the allegations in paragraph 25, Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 25.

26.     The allegations in paragraph 26 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 26.

27.     In response to the allegations in paragraph 27, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01553-VC

Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 27 set forth conclusions of law for which no response is required.

28.     The allegations in paragraph 28 set forth conclusions of law for which no response is required.

29.     In response to the allegations in paragraph 29, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Michigan for sale and distribution.

30.     In response to the allegations in paragraph 30, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 30 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 30 set forth conclusions of law for which no answer is required.

31.     Monsanto denies the allegations in paragraph 31 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 31 set forth conclusions of law for which no response is required.

32.     In response to the allegations in paragraph 32, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

humans' at doses relevant to human health risk assessment"[2]; and (b) at the same time, EPA

posted an October 2015 final report by its standing Cancer Assessment Review Committee

("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

to be Carcinogenic to Humans."[3]  Monsanto further states that, in December  2017, EPA's OPP

issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

humans'."[4]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

of the remaining allegations in paragraph 32 and therefore denies those allegations.

33.     In response to the allegations in paragraph 33, Monsanto admits that the New

York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

the subparts purport to quote a document, the document speaks for itself and thus does not

require any further answer.  The remaining allegations in paragraph 33 are vague and conclusory

and comprise attorney characterizations and are accordingly denied.

34.     In response to the allegations in paragraph 34, Monsanto admits it entered into an

assurance of discontinuance with the New York Attorney General.  The assurance speaks for

itself and thus does not require any further answer.  The remaining allegations in paragraph 34

are vague and conclusory and comprise attorney characterizations and are accordingly denied.

---

[2] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[3] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[4] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01553-VC

35.     Monsanto denies the allegations in paragraph 35.

36.     In response to the allegations in paragraph 36, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 36 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 36.

37.     Monsanto denies the allegations in paragraph 37.

38.     In response to the allegations in paragraph 38, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 38 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore denies those allegations.

39.     Monsanto admits the allegations in paragraph 39.

40.     In response to the allegations in paragraph 40, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 40 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 and therefore denies those allegations.

41.     Monsanto states that the term "toxic" as used in paragraph 41 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 41.

42.     Monsanto admits the allegations in paragraph 42.

43.     In response to the allegations in paragraph 43, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 43.

44.     In response to the allegations in paragraph 44, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

the extent that paragraph 44 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 44.

45.     In response to the allegations in paragraph 45, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 45.

46.     In response to the allegations in paragraph 46, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 46 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 46.

47.     Monsanto denies the allegations in paragraph 47.

48.     In response to the allegations in paragraph 48, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 48 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 49 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 49.

50.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 50.

51.     Monsanto denies the allegations in paragraph 51.

52.     Monsanto denies the allegations in paragraph 52.

53.     Monsanto denies the allegations in paragraph 53.

54.     Monsanto denies the allegations in paragraph 54.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01553-VC

1    55.    Monsanto admits that it has in the past promoted, and continues to promote,

2    Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

3    Monsanto denies the remaining allegations in paragraph 55.

4    56.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

5    is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

6    lacks information or knowledge sufficient to form a belief as to the truth of the remaining

7    allegations in paragraph 56 and therefore denies those allegations.

8    57.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 57 and therefore denies those allegations.  Monsanto denies

10    that glyphosate met the criteria necessary to be eligible for review.

11    58.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12    truth of the allegations in paragraph 58 and therefore denies those allegations.  Monsanto denies

13    that glyphosate met the criteria necessary to be eligible for review.

14    59.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

15    carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

16    evidence was "cumulative."  The remaining allegations in paragraph 59 are vague and

17    conclusory and comprise attorney characterizations and are accordingly denied.

18    60.    Monsanto admits that the full IARC Monograph regarding glyphosate was

19    published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

20    2A carcinogen.  In response to the remaining allegations in paragraph 60, Monsanto states that

21    the document speaks for itself and does not require a response.  To the extent that a response is

22    deemed required, the remaining allegations in paragraph 60 comprise attorney characterizations

23    and are accordingly denied.

24    61.    In response to the allegations in paragraph 61, Monsanto states that the document

25    speaks for itself and does not require a response.  To the extent that a response is deemed

26    required, the allegations in paragraph 61 comprise attorney characterizations and are accordingly

27    denied.

28
MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01553-VC

62.     In response to the allegations in paragraph 62, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 62 comprise attorney characterizations and are accordingly denied.

63.     Monsanto denies the allegations in paragraph 63.

64.     The allegations in paragraph 64 comprise attorney characterizations and are accordingly denied.

65.     Monsanto admits the allegations in paragraph 65.

66.     In response to the allegations in paragraph 66, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 66 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 66.

67.     In response to the allegations in paragraph 67, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 67.

68.     The allegations in paragraph 68 are vague and ambiguous and are accordingly denied.

69.     In response to the allegations in paragraph 69, Monsanto states that the cited document speaks for itself and does not require a response.

70.     In response to the allegations in paragraph 70, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 70 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 70.

71.     Monsanto denies the allegations in paragraph 71.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01553-VC

72.     In response to the allegations in paragraph 72, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 72.

73.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 73.

74.     Monsanto denies the allegations in paragraph 74.

75.     Monsanto denies the allegations in paragraph 75.

76.     Monsanto denies the allegations in paragraph 76.

77.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto admits the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto admits the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

1   products and admits that it has made statements reflecting this fact.  Monsanto denies the

2   remaining allegations in paragraph 90.

3        91.        In response to the allegations in paragraph 91, Monsanto admits that Roundup®-

4   branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

5   the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

6   91.

7        92.        In response to the allegations in paragraph 92, Monsanto admits that an EPA

8   review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

9   denies the remaining allegations in paragraph 92.

10       93.        In response to the allegations in paragraph 93, Monsanto admits that EPA

11  changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

12  evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

13  denies the remaining allegations in paragraph 93.

14       94.        In response to the allegations in paragraph 94, Monsanto admits that plaintiffs

15  have accurately quoted from one passage in an EPA document in 1991 with respect to the

16  designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

17  does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP

18  reports and the EPA CARC Final Report discussed above, other specific findings of safety

19  include:

20   •  "In June 1991, EPA classified glyphosate as a Group E [carcinogen] – one that shows
        evidence of non-carcinogenicity for humans – based on the lack of convincing
21      evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
        Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
22      http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

23   •  "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
        60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).
24
25   •  "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
        Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

26   •  "There is [an] extensive database available on glyphosate, which indicate[s] that
        glyphosate is not mutagenic, not a carcinogen, and not a developmental or
27      reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
        73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

28

- 12 -

1

2

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

3

4

5

6

7

8

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

9    Monsanto denies the remaining allegations in paragraph 94.

10      95.      In response to the allegations in paragraph 95, Monsanto admits that it – along

11   with a large number of other companies and governmental agencies – was defrauded by two

12   chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

13   testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

14   toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

15   glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

16   studies.  To the extent that the allegations in paragraph 95 are intended to suggest that Monsanto

17   was anything other than a victim of this fraud, such allegations are denied.

18      96.      In response to the allegations in paragraph 96, Monsanto admits that IBT

19   Laboratories was hired to conduct toxicity studies in connection with the registration of a

20   Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

21   based upon any fraudulent or false IBT studies.

22      97.      Monsanto denies the allegations in paragraph 97 to the extent they suggest that

23   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

24   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

25   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

26   connection with services provided to a broad number of private and governmental entities and

27   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

28

one of several pesticide manufacturers who had used IBT test results.  The audit found some

toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

based upon any invalid IBT studies.  To the extent that the allegations in paragraph 97 are

intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

denies those allegations.

98.     In response to the allegations in paragraph 98, Monsanto admits that three IBT

employees were convicted of the charge of fraud, but Monsanto denies that any of the

individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

herbicides.

99.     In response to the allegations in paragraph 99, Monsanto admits that it – along

with numerous other private companies – hired Craven Laboratories as an independent

laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

denies the remaining allegations in paragraph 99.

100.     In response to the allegations in paragraph 100, Monsanto admits that EPA

investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

paragraph 100 are intended to suggest that Monsanto was anything other than a victim of this

fraud, Monsanto denies those allegations.

101.     In response to the allegations in paragraph 101, Monsanto admits that it was

defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 101

are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

denies those allegations.

102.     In response to the allegations in paragraph 102, Monsanto admits that it has stated

and continues to state that Roundup®-branded products are safe when used as labeled and that

they are non-carcinogenic and non-genotoxic.

103.     In response to the allegations in paragraph 103, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 103.

104.     Monsanto denies the allegations in paragraph 104.

105.     Monsanto denies the allegations in paragraph 105.

106.     Monsanto denies the allegations in paragraph 106.

107.     Monsanto denies the allegations in paragraph 107.

108.     Monsanto denies the allegations in paragraph 108.

109.     Monsanto denies the allegations in paragraph 109.

110.     Monsanto denies the allegations in paragraph 110.

1-110. Monsanto incorporates by reference its responses to paragraphs 1 through 110 in response to paragraph 1-110 (in Count I) of the Complaint.

111.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 111 (in Count I) and therefore denies those allegations.

112.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 112 (in Count I) and therefore denies those allegations.

113.     In response to the allegations in paragraph 113 (in Count I), Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used or was exposed to Roundup®-branded products and therefore denies that allegation. Monsanto denies the remaining allegations in paragraph 113 (in Count I).

114.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 114 (in Count I) and therefore denies those allegations.

115.     Monsanto denies the allegations in paragraph 115 (in Count I).

116.     Monsanto denies the allegations in paragraph 116 (in Count I).

117. Monsanto denies the allegations in paragraph 117 (in Count I).

118. Monsanto denies the allegations in paragraph 118 (in Count I), including each of its subparts.

119. Monsanto denies the allegations in paragraph 119 (in Count I).

120. In response to the allegations in paragraph 120 (in Count I), Monsanto denies that Roundup®-branded products have "dangerous characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 120 (in Count I) and therefore denies those allegations.

121. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 121 (in Count I) and therefore denies those allegations.

122. Monsanto denies the allegations in paragraph 122 (in Count I).

123. Monsanto denies the allegations in paragraph 123 (in Count I).

124. Monsanto denies the allegations in paragraph 124 (in Count I).

125. The allegations in paragraph 125 (in Count I) set forth conclusions of law for which no response is required

126. Monsanto denies the allegations in paragraph 126 (in Count I).

127. Monsanto denies the allegations in paragraph 127 (in Count I).

128. Monsanto denies the allegations in paragraph 128 (in Count I).

129. In response to the allegations in paragraph 129 (in Count I), Monsanto denies that any exposure to Roundup®-branded products can cause cancer and therefore denies that allegation.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 129 (in Count I) and therefore denies those allegations. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

In response to the "WHEREFORE" paragraph following paragraph 129 (in Count I), Monsanto demands that judgment be entered in its favor and against plaintiffs; that the Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and

1    reasonable attorney's fees as allowed by law and such further and additional relief as this Court

2    may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph

3    following paragraph 129 (in Count I) sets forth a conclusion of law for which no response is

4    required.

5          1-110.  Monsanto incorporates by reference its responses to paragraphs 1 through 127 (in

6    Count I) in response to paragraph 1-110 (in Count II) of the Complaint.

7          111.    Monsanto incorporates by reference its responses to paragraphs 1 through 1-110

8    (in Count II) in response to paragraph 111 (in Count II) of the Complaint.

9          112.    The allegations in paragraph 112 (in Count II) set forth conclusions of law for

10   which no response is required.

11         113.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations in paragraph 113 (in Count II) and therefore denies those allegations.

13         114.    Monsanto denies the allegations in paragraph 114 (in Count II).  All labeling of

14   Roundup®-branded products has been and remains EPA-approved and in compliance with all

15   federal requirements under FIFRA.

16         115.    Monsanto denies the allegations in paragraph 115 (in Count II).

17         116.    Monsanto denies the allegations in paragraph 116 (in Count II).  All labeling of

18   Roundup®-branded products has been and remains EPA-approved and in compliance with all

19   federal requirements under FIFRA.

20         117.    Monsanto denies the allegations in paragraph 117 (in Count II).  All labeling of

21   Roundup®-branded products has been and remains EPA-approved and in compliance with all

22   federal requirements under FIFRA.

23         118.    Monsanto denies the allegations in paragraph 118 (in Count II).

24         119.    Monsanto denies the allegations in paragraph 119 (in Count II).

25         120.    The allegations in paragraph 120 (in Count II) set forth conclusions of law for

26   which no response is required.

27         121.    Monsanto denies the allegations in paragraph 121 (in Count II).

28

1    122.    Monsanto denies the allegations in paragraph 122 (in Count II).

2    123.    Monsanto denies the allegations in paragraph 123 (in Count II).

3    124.    Monsanto denies the allegations that Roundup®-branded products are defective

4    and accordingly denies the allegations in paragraph 124 (in Count II).

5    125.    The allegations in paragraph 125 (in Count II) set forth conclusions of law for

6    which no response is required.

7    126.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 126 (in Count II) and therefore denies those allegations.

9    127.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10    truth of the allegations in paragraph 127 (in Count II) and therefore denies those allegations.

11    128.    Monsanto denies the allegations in paragraph 128 (in Count II).

12    129.    Monsanto denies the allegations in paragraph 129 (in Count II).

13    130.    Monsanto denies the allegations in paragraph 130 (in Count II).

14    131.    Monsanto denies the allegations in paragraph 131 (in Count II).

15    In response to the "WHEREFORE" paragraph following paragraph 131 (in Count II),

16    Monsanto demands that judgment be entered in its favor and against plaintiffs; that the

17    Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and

18    reasonable attorney's fees as allowed by law and such further and additional relief as this Court

19    may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph

20    following paragraph 131 (in Count II) sets forth a conclusion of law for which no response is

21    required.

22    1-110.  Monsanto incorporates by reference its responses to paragraphs 1 through 131 (in

23    Count II) in response to paragraphs 1-110 (in Count III) of the Complaint.

24    111.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25    truth of the allegations in paragraph 111 (in Count III) and therefore denies those allegations.

26    112.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27    truth of the allegations in paragraph 112 (in Count III) and therefore denies those allegations.

28

113.     In response to the allegations in paragraph 113 (in Count III), Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that the plaintiff used or was exposed to Roundup®-branded products and therefore denies that allegation. Monsanto denies the remaining allegations in paragraph 113 (in Count III).

114.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 114 (in Count III) and therefore denies those allegations.

115.     Monsanto denies the allegations in paragraph 115 (in Count III).

116.     Monsanto denies the allegations in paragraph 116 (in Count III).

117.     Monsanto denies the allegations in paragraph 117 (in Count III).

118.     Monsanto denies the allegations in paragraph 118 (in Count III), including each of its subparts.

119.     Monsanto denies the allegations in paragraph 119 (in Count III).

120.     Monsanto denies that Roundup®-branded products have "dangerous characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 120 (in Count III) and therefore denies those allegations.

121.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 121 (in Count III) and therefore denies those allegations.

122.     Monsanto denies the allegations in paragraph 122 (in Count III).

123.     Monsanto denies the allegations in paragraph 123 (in Count III).

124.     Monsanto denies the allegations in paragraph 124 (in Count III).

125.     Monsanto denies the allegations in paragraph 125 (in Count III).

126.     Monsanto denies the allegations in paragraph 126 (in Count III).

127.     In response to the allegations in paragraph 127 (in Count III), Monsanto denies that any exposure to Roundup®-branded products can cause cancer and therefore denies that allegation.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 127 (in Count III) and therefore denies those allegations.

- 19 -

1    Monsanto states, however, that the scientific studies upon which IARC purported to base its

2    evaluation of glyphosate were all publicly available before March 2015.

3          In response to the "WHEREFORE" paragraph following paragraph 127 (in Count III),

4    Monsanto demands that judgment be entered in its favor and against plaintiffs; that the

5    Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and

6    reasonable attorney's fees as allowed by law and such further and additional relief as this Court

7    may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph

8    following paragraph 127 (in Count II) sets forth a conclusion of law for which no response is

9    required.

10          1-110.  Monsanto incorporates by reference its responses to paragraphs 1 through 127 (in

11    Count III) in response to paragraphs 1-110 (in Count IV) of the Complaint.

12          111.    In response to the allegations in paragraph 111 (in Count IV), Monsanto denies

13    that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-

14    branded products and glyphosate and denies that that Roundup®-branded products or glyphosate

15    are injurious to human health.  Monsanto states, however, that the scientific studies upon which

16    IARC purported to base its classification were all publicly available before March 2015.  The

17    final sentence of paragraph 111 (in Count IV) sets forth a conclusion of law for which no

18    response is required.

19          112.    In response to the allegations in paragraph 112 (in Count IV), Monsanto denies

20    that exposure to Roundup®-branded products and glyphosate is injurious to human health.

21    Monsanto states, however, that the scientific studies upon which IARC purported to base its

22    cancer classification for glyphosate were all publicly available before March 2015.  The

23    allegations in paragraph 112 (in Count IV) set forth conclusions of law for which no response is

24    required.

25          113.    In response to the allegations in paragraph 113 (in Count IV), Monsanto denies

26    that there is any risk of NHL or other serious illness associated with the use of and/or exposure to

27    Roundup®-branded products and glyphosate.  Monsanto states, however, that the scientific

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01553-VC

studies upon which IARC purported to base its cancer classification for glyphosate were all

publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to

form a belief as to the truth of the remaining allegations in paragraph 113 (in Count IV) and

therefore denies those allegations.

114.    The allegations in paragraph 114 (in Count IV) set forth conclusions of law for

which no response is required.  To the extent that a response is deemed required, Monsanto

denies the allegations in paragraph 114 (in Count IV).  Monsanto states that the scientific studies

upon which IARC purported to base its cancer classification for glyphosate were all publicly

available before March 2015.

115.    Monsanto denies the allegations in paragraph 115 (in Count IV).

116.    Monsanto denies the allegations in paragraph 116 (in Count IV).

117.    The allegations in paragraph 117 (in Count IV) set forth conclusions of law for

which no response is required.

118.    Monsanto denies the allegations in paragraph 118 (in Count IV).

119.    The allegations in paragraph 119 (in Count IV) set forth conclusions of law for

which no response is required.  To the extent that a response is required, Monsanto denies the

allegations in paragraph 119 (in Count IV).  Monsanto states that the scientific studies upon

which IARC purported to base its cancer classification for glyphosate were all publicly available

before March 2015.

In response to the "WHEREFORE" paragraph following paragraph 119 (in Count IV),

Monsanto demands that judgment be entered in its favor and against plaintiffs; that the

Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and

reasonable attorney's fees as allowed by law and such further and additional relief as this Court

may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph

following paragraph 119 (in Count IV) sets forth a conclusion of law for which no response is

required.

1-110.  Monsanto incorporates by reference its responses to paragraphs 1 through 119 (in Count IV) in response to paragraphs 1-110 (in Count V) of the Complaint.

111.    Monsanto denies the allegations in paragraph 111 (in Count V).

112.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 112 (in Count V) concerning plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto admits that it has sold glyphosate based herbicides in accordance with their EPA-approved labeling.  The remaining allegations in paragraph 112 (in Count V) set forth conclusions of law for which no response is required.

113.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 113 (in Count V) concerning plaintiff's foreseeable use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 113 (in Count V) set forth conclusions of law for which no response is required.

114.    In response to the allegations in paragraph 114 (in Count V), Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling. Monsanto further states that paragraph 114 (in Count V) sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 114 (in Count V).

115.    Monsanto denies the allegations in the first and second sentences of paragraph 115 (in Count V).  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence of paragraph 115 (in Count V) sets forth conclusions of law for which no response is required.

116.    The allegations in paragraph 116 (in Count V) set forth conclusions of law for which no response is required.

117.    Monsanto denies the allegations in paragraph 117 (in Count V).

118.    Monsanto denies the allegations in paragraph 118 (in Count V) and each of its subparts.

119.    Monsanto denies the allegations in paragraph 119 (in Count V).

120.    Monsanto denies the allegations in paragraph 120 (in Count V).

121.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 121 (in Count V) and therefore denies those allegations.

122.    Monsanto denies the allegations in paragraph 122 (in Count V).

123.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 123 (in Count V) regarding plaintiff's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 123 (in Count V).

124.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 124 (in Count V) regarding plaintiff's reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 124 (in Count V).

125.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 125 (in Count V) and therefore denies those allegations.

126.    Monsanto denies the allegations in paragraph 126 (in Count V).

127.    Monsanto denies the allegations in paragraph 127 (in Count V).

128.    Monsanto denies the allegations in paragraph 128 (in Count V).

129.    Monsanto denies the allegations in paragraph 129 (in Count V).

In response to the "WHEREFORE" paragraph following paragraph 129 (in Count V), Monsanto demands that judgment be entered in its favor and against plaintiffs; that the Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph

following paragraph 129 (in Count V) sets forth a conclusion of law for which no response is required.

1-110. Monsanto incorporates by reference its responses to paragraphs 1 through 129 (in Count V) in response to paragraphs 1-110 (in Count VI) of the Complaint.

111. Monsanto denies the allegations in paragraph 111 (in Count VI).

112. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 112 (in Count VI) concerning plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 112 (in Count VI) set forth conclusions of law for which no response is required.

113. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 113 (in Count VI) concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 113 (in Count VI) set forth conclusions of law for which no response is required.

114. Monsanto denies the allegations in paragraph 114 (in Count VI).

115. Monsanto denies the allegations in paragraph 115 (in Count VI). All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

116. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 116 (in Count VI) regarding plaintiff's reliance and therefore denies those allegations. The remaining allegations in paragraph 116 (in Count VI) set forth conclusions of law for which no response is required.

117. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 117 (in Count VI) and therefore denies those allegations.

118. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 118 (in Count VI) concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations. The remaining

1   allegations in paragraph 118 (in Count VI) set forth conclusions of law for which no response is

2   required.

3        119.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4   truth of the allegations in paragraph 119 (in Count VI) concerning plaintiff's claimed use of or

5   exposure to Roundup®-branded products and therefore denies those allegations.  The allegation

6   in paragraph 119 (in Count VI) regarding Monsanto's implied warranties sets forth conclusions

7   of law for which no response is required.  Monsanto denies the remaining allegations in

8   paragraph 119 (in Count VI).

9        120.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in paragraph 120 (in Count VI) concerning plaintiff's reliance or

11   plaintiff's claimed use of any Roundup®-branded product and therefore denies those allegations.

12   The remaining allegations in paragraph 120 (in Count VI) set forth conclusions of law for which

13   no response is required.

14        121.    Monsanto denies that there is any risk of serious injury associated with or linked

15   to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.

16   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

17   allegations in paragraph 121 (in Count VI) concerning plaintiff's knowledge about Roundup®-

18   branded products and therefore denies the remaining allegations in paragraph 121 (in Count VI).

19        122.    Monsanto denies the allegations in paragraph 122 (in Count VI).

20        123.    Monsanto denies the allegations in paragraph 123 (in Count VI).

21        124.    Monsanto denies the allegations in paragraph 124 (in Count VI).

22        In response to the "WHEREFORE" paragraph following paragraph 124 (in Count VI),

23   Monsanto demands that judgment be entered in its favor and against plaintiffs; that the

24   Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and

25   reasonable attorney's fees as allowed by law and such further and additional relief as this Court

26   may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01553-VC

following paragraph 124 (in Count VI) sets forth a conclusion of law for which no response is required.

1-110.  Monsanto incorporates by reference its responses to paragraphs 1 through 124 (in Count VI) in response to paragraphs 1-110 (in Count VII) of the Complaint.

111.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 111 (in Count VII) concerning plaintiff's claimed use of any Roundup®-branded product and therefore denies those allegations.  In response to the remaining allegations in paragraph 111 (in Count VII), Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' EPA-approved labeling.

112.  Monsanto denies the allegations in paragraph 112 (in Count VII).

113.  Monsanto denies the allegations in paragraph 113 (in Count VII).

114.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 114 (in Count VII) concerning plaintiff's claimed purchase of Roundup®-branded products and therefore denies those allegations.  In response to the remaining allegations in paragraph 114 in Count VII), Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the EPA repeatedly has concluded pursuant to the FIFRA that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label. To the extent that paragraph 114 (in Count VII) alleges that Monsanto has labeled or marketed glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

115.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 115 (in Count VII) and therefore denies those allegations.

116.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 116 (in Count VII) regarding plaintiff's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 116 (in Count VII), including that intended use and/or exposure to Roundup®-branded products causes any injuries and that Monsanto make false claims regarding Roundup®-branded products.

117.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 117 (in Count VII) regarding plaintiff's reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 117 (in Count VII).

118.     Monsanto denies the allegations in paragraph 118 (in Count VII).

In response to the "WHEREFORE" paragraph following paragraph 118 (in Count VII), Monsanto demands that judgment be entered in its favor and against plaintiff; that the Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 118 (in Count VII) sets forth a conclusion of law for which no response is required.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.     Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.     Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.     Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.     Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.     Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.     Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.    Plaintiffs' claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

- 28 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01553-VC

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Michigan Constitution, and/or other applicable state constitutions.

19.     Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Michigan law and/or other applicable state laws.

20. Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Michigan law.

21. Plaintiffs' claims are barred in whole or in part by plaintiff's contributory/comparative negligence.

22. Plaintiffs' claims are barred in whole or in part by plaintiff's failure to mitigate damages.

23. Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

24. Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs receive from collateral sources.

25. If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26. Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27. Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

28. Plaintiffs' strict liability claims are barred because Michigan does not recognize a cause of action for strict liability in tort.

29. Plaintiffs have failed to allege fraud with sufficient particularity.

30. Plaintiffs' claims are barred, in whole or in part, by application of Mich. Com. Laws §§ 600.2946(4).

31. Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

1

## **JURY TRIAL DEMAND**

2
      Monsanto demands a jury trial on all issues so triable.

3
DATED:  March 12, 2020                  Respectfully submitted,

4

5
                  /s/ Joe G. Hollingsworth
                  Joe G. Hollingsworth (*pro hac vice*)

6
                  (jhollingsworth@hollingsworthllp.com)
                  Eric G. Lasker (*pro hac vice*)

7
                  (elasker@hollingsworthllp.com)
                  HOLLINGSWORTH LLP

8
                  1350 I Street, N.W.
                  Washington, DC  20005

9
                  Telephone:   (202) 898-5800
                  Facsimile:    (202) 682-1639

10
                  *Attorneys for Defendant*
                  MONSANTO COMPANY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01553-VC