**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639
Email:         jhollingsworth@hollingsworthllp.com
               elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
|---|---|
| This document relates to: *Shelly Lehner v. Monsanto Co.,* Case No. 3:20-cv-00271-VC | |

### **MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in the Complaint ("the Complaint") of plaintiff Shelly Lehner, except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.     Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.     Monsanto denies the allegations in paragraph 2.

3.     Monsanto denies the allegations in paragraph 3.

4.     The allegations in paragraph 4 set forth conclusions of law for which no response is required.

1     5.    Monsanto admits the allegations in paragraph 5.

2     6.    The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.    In response to the allegations in paragraph 7, Monsanto denies any "omissions" and certain events giving rise to plaintiff's claim. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 regarding where certain other events giving rise to plaintiff's claim occurred and therefore denies those allegations. The remaining allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 8 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 8.

9.    The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied. Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

10.    Monsanto admits the allegations in paragraph 10.

11.    Monsanto admits the allegations in paragraph 11.

12.    In response to the allegations in paragraph 12, Monsanto admits that it sells Roundup®-branded products in the United States.

13.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.    The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.    The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.    Monsanto admits the allegations in paragraph 16.

17. Monsanto admits that it is authorized to do business in Ohio. The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18. The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19. Monsanto denies the allegations in paragraph 19.

20. Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products. The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21. Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri. Monsanto admits that it and its affiliated companies have operations and offices in countries around the world. Monsanto states that the remaining allegations in paragraph 21 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

22. Monsanto admits the allegations in paragraph 22.

23. Monsanto admits the allegations in paragraph 23.

24. In response to the allegations in paragraph 24, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 24 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies those allegations.

25. Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 25 comprise attorney characterizations and are accordingly denied.

26. Monsanto admits the allegations in paragraph 26.

27. Monsanto generally admits the allegations in paragraph 27, but denies the allegations in paragraph 27 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

28. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies those allegations.

29. Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 29 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 29.

30. In response to the allegations in the first and second sentences of paragraph 30, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides. Monsanto admits the allegations in the third sentence of paragraph 30. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore denies those allegations.

31. Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years. Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 31.

32. The allegations in paragraph 32 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 32.

33. In response to the allegations in paragraph 33, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

1  Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 33 set forth
2  conclusions of law for which no response is required.

3    34.  The allegations in paragraph 34 set forth conclusions of law for which no
4  response is required.

5    35.  Monsanto admits that Roundup®-branded products are registered by EPA for
6  manufacture, sale and distribution and are registered by the State of Ohio for sale and
7  distribution.

8    36.  In response to the allegations in paragraph 36, Monsanto admits that EPA requires
9  registrants of herbicides to submit extensive data in support of the human health and
10  environmental safety of their products and further admits that EPA will not register or approve
11  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto
12  states that the term "the product tests" in the final sentence of paragraph 36 is vague and
13  ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 36
14  set forth conclusions of law for which no answer is required.

15    37.  Monsanto denies the allegations in paragraph 37 to the extent that they suggest
16  that EPA only evaluates the safety of pesticide products on the date of their initial registration.
17  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide
18  products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth
19  of the allegations in paragraph 37 regarding such pesticide products generally and therefore
20  denies those allegations.  The remaining allegations in paragraph 37 set forth conclusions of law
21  for which no response is required.

22    38.  In response to the allegations in paragraph 38 Monsanto admits that EPA has
23  undertaken a regulatory review of glyphosate and further admits that EPA has not released its
24  findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide
25  Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,
26  concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017) https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore denies those allegations.

39.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies those allegations.

40.   Monsanto denies the allegations in the first sentence of paragraph 40. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 40 and therefore denies those allegations.

41.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore denies those allegations.

42.   Monsanto admits that plaintiff purports to assert the causes of action identified in paragraph 42, but denies any liability to plaintiff and objects to plaintiff's failure to allege any elements for those causes of action.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.   The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.   Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

7. Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

9. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

10. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims in whole or in part.

11. Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

12. Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

13. If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

14. Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

15. Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

16. Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17. Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

18. Plaintiff's recovery may be barred or limited by Minn. Stat. § 604.0.1

19. Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

20. Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

21. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

22. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

23. Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

24. Plaintiff's recovery may be barred or limited by Minn. Stat. §604.01. 25,

25. Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Ohio Rev. Code Ann. § 2315.21.

26. Plaintiff's common law claims are barred, in whole or in part, by application of the Ohio Products Liability Act ("OPLA").

27. Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

26. Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  March 12, 2020                    Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*