1

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)

2
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.

3
Washington, DC  20005
Telephone:   (202) 898-5800

4
Facsimile:    (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com

5
            elasker@hollingsworthllp.com

6
*Attorneys for Defendant*
*MONSANTO COMPANY*

7

8
UNITED STATES DISTRICT COURT

9
NORTHERN DISTRICT OF CALIFORNIA

10
IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

11
Case No. 3:16-md-02741-VC

12
This document relates to:

13
*Cara Webster and Daniel Webster, her husband*
*v. Monsanto Co.,*

14
Case No. 3:20-cv-01420-VC

15

16
**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT FOR STRICT LIABILITY (DESIGN DEFECT); STRICT LIABILITY (FAILURE TO WARN); GENERAL NEGLIGENCE; BREACH OF IMPLIED WARRANTIES; BREACH OF EXPRESS WARRANTIES; PUNITIVE DAMAGES; LOSS OF CONSORTIUM**

17

18
        Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

19
Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

20
all allegations contained in plaintiffs' Complaint ("the Complaint"), except as set forth below.

21
As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company,

22
a United States based company incorporated in Delaware, and not to other Monsanto-affiliated

23
companies.  Silence as to any allegations shall constitute a denial.

24
        1.        In response to the allegations in paragraph 1, Monsanto admits that plaintiffs

25
purport to bring a civil action but denies any liability as to that claim.

26

27

28

2.      The allegations in paragraph 2 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto admits the allegations in paragraph 2 based upon the allegations in plaintiffs' Complaint.

3.      The allegations in paragraph 3 set forth conclusions of law for which no response is required.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.

5.      The allegations in paragraph 5 set forth conclusions of law for which no response is required.

6.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies those allegations.

7.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies those allegations.

8.      The allegations in paragraph 8 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

9.      Monsanto admits the allegations in the first sentence of paragraph 9.  The allegations in the second sentence of paragraph 9 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

10.      In response to the allegations in paragraph 10, Monsanto admits that it sells Roundup®-branded products in Pennsylvania.

11.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies those allegations.

12.      The allegations in paragraph 12 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

13.      The allegations in paragraph 13 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

14.      Monsanto admits the allegations in paragraph 14.

15.     The allegations in paragraph 15 set forth conclusions of law for which no response is required.

16.     Monsanto denies the allegations in paragraph 16.

17.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 17 set forth conclusions of law for which no response is required.

18.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 18 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

19.     In response to the allegations in paragraph 19, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 19 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies those allegations.

20.     Monsanto admits the allegations in the first sentence of paragraph 20.  Monsanto denies the allegations in the second sentence of paragraph 20 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant. Monsanto denies the allegations in the third sentence of paragraph 20 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

21.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies those allegations.

22.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01420-VC

farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 22 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 22.

23.     In response to the allegations in paragraph 23, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 23.

24.     Monsanto denies the allegations in paragraph 24.

25.     Monsanto denies the allegations in paragraph 25.

26.     Monsanto admits the allegations in the first two sentences of paragraph 26 and admits that at all relevant times it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA.  Monsanto denies the remaining allegations in paragraph 26.

27.     In response to the allegations in paragraph 27, Monsanto admits that at all relevant times it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA.  Monsanto denies the remaining allegations in paragraph 27.

28.     The allegations in paragraph 28 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 28.

29.     In response to the allegations in paragraph 29, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 29 set forth conclusions of law for which no response is required.

30.     The allegations in paragraph 30 set forth conclusions of law for which no response is required.

31.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Pennsylvania for sale and distribution.

32.     In response to the allegations in paragraph 32, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 32 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 32 set forth conclusions of law for which no response is required.

33.     Monsanto denies the allegations in paragraph 33 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration.  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 33 set forth conclusions of law for which no response is required.

34.     In response to the allegations in paragraph 34, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 and therefore denies those allegations.

35.     In response to the allegations in paragraph 35, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits that plaintiffs has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen] – one that shows evidence of non-carcinogenicity for humans – based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or

---

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives:  Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 35.

36.     In response to the allegations in paragraph 36, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 36 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

37.     In response to the allegations in paragraph 37, Monsanto admits that Industrial Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

38.     Monsanto denies the allegations in paragraph 38 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

1    connection with services provided to a broad number of private and governmental entities and

2    that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

3    one of several pesticide manufacturers who had used IBT test results.  The audit found some

4    toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

5    Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

6    Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

7    based upon any invalid IBT studies.  To the extent that the allegations in paragraph 38 are

8    intended to suggest that Monsanto was anything other than a victim of this fraud, such

9    allegations also are denied.

10          39.     In response to the allegations in paragraph 39, Monsanto admits that three IBT

11   employees were convicted of the charge of fraud, but Monsanto denies that any of the

12   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

13   herbicides.

14          40.     In response to the allegations in paragraph 40, Monsanto admits that it – along

15   with numerous other private companies – hired Craven Laboratories as an independent

16   laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto further

17   admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the

18   studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations

19   in paragraph 40 are intended to suggest that Monsanto was anything other than a victim of this

20   fraud, Monsanto denies those allegations.

21          41.     Monsanto denies the allegations in paragraph 41.

22          42.     In response to the allegations in paragraph 42, Monsanto admits that Roundup®-

23   branded products are highly valued by its customers because of their efficacy and safety.

24   Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The

25   remaining allegations in paragraph 42 are vague and conclusory and comprise attorney

26   characterizations, and are accordingly denied.

27          43.     In response to the allegations in paragraph 43, Monsanto admits that, following

28   the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such

1   seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks
2   information or knowledge sufficient to form a belief as to the accuracy of the specific numbers
3   cited in paragraph 43 and accordingly denies those allegations.  The remaining allegations in
4   paragraph 43 are vague and conclusory and comprise attorney characterizations, and are
5   accordingly denied.

6          44.     In response to the allegations in paragraph 44, Monsanto admits that glyphosate is
7   one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it
8   is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks
9   information or knowledge sufficient to form a belief as to the accuracy of the specific numbers
10  cited in paragraph 44 and accordingly denies the same.  The remaining allegations in paragraph
11  44 are vague and conclusory and comprise attorney characterizations, and are accordingly
12  denied.

13         45.     In response to the allegations in paragraph 45, Monsanto admits that the New
14  York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading
15  advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any
16  admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney
17  General's allegations related in any way to a purported or alleged risk of cancer.  To the extent
18  the subparts purport to quote a document, the document speaks for itself and thus does not
19  require any further answer.  The remaining allegations in paragraph 45 are vague and conclusory
20  and comprise attorney characterizations and are accordingly denied.

21         46.     In response to the allegations in paragraph 46, Monsanto admits it entered into an
22  assurance of discontinuance with the New York Attorney General.  The assurance speaks for
23  itself and thus does not require any further answer.  The remaining allegations in paragraph 46
24  are vague and conclusory and comprise attorney characterizations and are accordingly denied.

25         47.     Monsanto denies the allegations in paragraph 47.

26         48.     In response to the allegations in paragraph 48, Monsanto admits that the French
27  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and
28  that it "left the soil clean," but denies the allegations in paragraph 48 to the extent that they

suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 48.

49.	Monsanto denies the allegations in paragraph 49.

50.	In response to the allegations in paragraph 50, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 50 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 and therefore denies those allegations.

51.	In response to the allegations in paragraph 51, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 51 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 and therefore denies those allegations.

52.	Monsanto admits the allegations in paragraph 52.

53.	In response to the allegations in paragraph 53, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 53 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 and therefore denies those allegations.

54.	Monsanto states that the term "toxic" as used in paragraph 54 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 54.

55.	Monsanto admits the allegations in paragraph 55.

56.	In response to the allegations in paragraph 56, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 56.

57.	In response to the allegations in paragraph 57, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

the extent that paragraph 57 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 59 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60.

61.     In response to the allegations in paragraph 61, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 61 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 61.

62.     In response to the allegations in paragraph 62, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 62 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 62.

63.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 63.

64.     Monsanto denies the allegations in paragraph 64.

65.     Monsanto denies the allegations in paragraph 65.

66.     Monsanto denies the allegations in paragraph 66.

67.     Monsanto denies the allegations in paragraph 67.

68.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 68.

1       69.    In response to the allegations in paragraph 69, Monsanto denies that IARC

2   follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information

3   or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in

4   paragraph 69, which are not limited as of any specified date, and accordingly denies the same.

5       70.    In response to the allegations in paragraph 70, Monsanto admits that IARC sets

6   forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

7   Monsanto denies the remaining allegations in paragraph 70.

8       71.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

9   research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it

10  cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form

11  a belief as to the truth of the remaining allegations in paragraph 71 and therefore denies those

12  allegations.

13      72.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

14  research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it

15  cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form

16  a belief as to the truth of the remaining allegations in paragraph 72 and therefore denies those

17  allegations.

18      73.    Monsanto denies the allegations in paragraph 73 to the extent that they suggest

19  that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified

20  glyphosate as a Group 2A agent in March 2015.

21      74.    In response to the allegations in paragraph 74, Monsanto admits that IARC issued

22  its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the

23  monograph was prepared by a "working group" of individuals selected by IARC who met over a

24  one week period in March 2015 to consider glyphosate along with a number of other substances.

25  Monsanto denies the allegation that all members of the working group are "experts."  Monsanto

26  denies that the working group or anyone at IARC conducted a one-year review of the scientific

27  evidence related to glyphosate or that the working group's findings reflected a comprehensive

28  review of the latest available scientific evidence.  Monsanto also denies that the working group

1   considered all information available in the scientific literature and all data from government

2   reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 74.

3        75.     In response to the allegations in paragraph 75, Monsanto denies that the IARC

4   working group considered all of the data in the numerous studies that have been conducted

5   looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

6   that it reliably considered the studies that it purports to have reviewed, which frequently reach

7   conclusions directly contrary to those espoused by the IARC working group.  To the extent the

8   allegations purport to characterize statements made in the IARC monograph for glyphosate, the

9   statements in that document stand for themselves, but Monsanto lacks information or knowledge

10  sufficient to form a belief as to the accuracy of the source of said information and accordingly

11  denies the allegations.

12       76.     The allegations in paragraph 76 are vague and conclusory.  To the extent they

13  purport to characterize statements made in the IARC monograph for glyphosate, the statements

14  in that document stand for themselves, but Monsanto lacks information or knowledge sufficient

15  to form a belief as to the accuracy of the source of said information and accordingly denies the

16  allegations.

17       77.     In response to the allegations in paragraph 77, to the extent the allegations purport

18  to characterize statements made in the IARC monograph for glyphosate, the statements in that

19  document stand for themselves, but to the extent that this paragraph means that more than *de*

20  *minimis* amounts of exposure are present, the allegations in paragraph 77 are denied.

21       78.     Monsanto denies the allegations in paragraph 78.  The IARC working group

22  concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

23  which, per IARC's guidelines, means that the working group could not rule out chance, bias or

24  confounding so as to reach any conclusion of an increased risk.

25       79.     In response to the allegations in paragraph 79, Monsanto admits that the working

26  group cited to a study that it concluded provided evidence of chromosomal damage in

27  community residents reported to be exposed to glyphosate, but Monsanto denies that the study

28  supports such a conclusion or that the authors of the study reached such a conclusion.

80.     In response to the allegations in paragraph 80, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 80.

81.     In response to the allegations in paragraph 81, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration.  Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining allegations in paragraph 81.

82.     In response to the allegations in paragraph 82, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 82.

83.     In response to the allegations in paragraph 83, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 83.

84.     In response to the allegations in paragraph 84, Monsanto admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water Regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

85.     Monsanto admits the allegations in paragraph 85.

86.     In response to the allegations in paragraph 86, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 86 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 86.

87.     In response to the allegations in paragraph 87, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 87.

88.     The allegations in paragraph 88 are vague and ambiguous and are accordingly denied.

89.     In response to the allegations in paragraph 89, Monsanto states that the cited document speaks for itself and does not require a response.

90.     In response to the allegations in paragraph 90, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 90 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     In response to the allegations in paragraph 92, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 92.

93.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

1      96.      Monsanto denies the allegations in paragraph 96.

2      97.      Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

3 exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 97.

4      98.      Monsanto denies the allegations in paragraph 98.

5      99.      Monsanto admits the allegations in paragraph 99.

6      100.    Monsanto denies the allegations in paragraph 100.

7      101.    Monsanto admits the allegations in paragraph 101.

8      102.    Monsanto denies the allegations in paragraph 102.

9      103.    Monsanto denies the allegations in paragraph 103.

10    104.    Monsanto denies the allegations in paragraph 104.

11    105.    Monsanto denies the allegations in paragraph 105.

12    106.    Monsanto denies the allegations in paragraph 106.

13    107.    Monsanto denies the allegations in paragraph 107.

14    108.    Monsanto denies the allegations in paragraph 108.

15    109.    Monsanto denies the allegations in paragraph 109.

16    110.    Monsanto admits that independent experts and regulatory agencies agree that

17 there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

18 products and admits that it has made statements reflecting this fact.  Monsanto denies the

19 remaining allegations in paragraph 110.

20    111.    In response to the allegations in paragraph 111, Monsanto admits that Roundup®-

21 branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

22 the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

23 111.

24    112.    In response to the allegations in paragraph 112, Monsanto admits that the IARC

25 working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

26 discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-

27 based herbicides, including the Netherlands, but denies that there is any scientific basis for the

28

1  concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations

2  in paragraph 112.

3        113.   In response to the allegations in paragraph 113, Monsanto admits that the IARC

4  working group classification led an individual government attorney in Brazil to write a letter to

5  the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the

6  remaining allegations in paragraph 113.

7        114.   Monsanto admits that, in France, the sale to and use by amateurs (*i.e.*, non-

8  professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited

9  as of January 1, 2019, with certain exceptions.  Monsanto denies the remaining allegations in

10  paragraph 114.

11        115.   In response to the allegations in paragraph 115, Monsanto admits that some

12  employees of Bermuda's government announced an intention to suspend the importation of

13  glyphosate-based herbicides, but lacks information sufficient to form a belief as to the truth of

14  the allegations about whether this suspension took effect and accordingly denies the same.

15  Monsanto denies the remaining allegations in paragraph 115.

16        116.   In response to the allegations in paragraph 116, Monsanto admits that the IARC

17  monograph appears to be the alleged basis for the Sri Lankan government's actions, including

18  the allegation that glyphosate can cause kidney disease.  Monsanto further states that the

19  allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiffs' allegations

20  regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 116.

21        117.   In response to the allegations in paragraph 117, Monsanto denies the alleged basis

22  for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has

23  explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC

24  ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety

25  concerns.  As of April 2016, the government of Colombia has resumed manual application of

26  glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs'

27  expert testimony purporting to link these same aerial eradication operations with cancer as

28

1    scientifically unreliable. *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013). Monsanto

2    denies the remaining allegations in paragraph 117.

3          118.    In response to the allegations in paragraph 118, Monsanto admits that it has stated

4    and continues to state that Roundup®-branded products are safe when used as labeled and that

5    they are non-carcinogenic and non-genotoxic.

6          119.    In response to the allegations in paragraph 119, Monsanto admits that a 1986 joint

7    report of the World Health Organization and Food and Agriculture Organization of the United

8    Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

9    Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

10   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

11   carcinogen. Monsanto denies the remaining allegations in paragraph 119.

12         120.    Monsanto denies the allegations in paragraph 120.

13         121.    Monsanto denies the allegations in paragraph 121.

14         122.    Monsanto denies the allegations in paragraph 122.

15         123.    Monsanto denies the allegations in paragraph 123.

16         124.    Monsanto denies the allegations in paragraph 124.

17         125.    Monsanto denies the allegations in paragraph 125.

18         126.    Monsanto denies the allegations in paragraph 126.

19         127.    Monsanto denies the allegations in paragraph 127.

20         128.    Monsanto denies the allegations in paragraph 128.

21         129.    Monsanto denies the allegations in paragraph 129.

22         130.    Monsanto denies the allegations in paragraph 130.

23         131.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24   truth of the allegations in paragraph 131 and therefore denies those allegations.

25         132.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26   truth of the allegations in paragraph 132 and therefore denies those allegations.

27         133.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28   truth of the allegations in paragraph 133 and therefore denies those allegations.

134.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 134 and therefore denies those allegations.

135.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 135 and therefore denies those allegations.

136.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 136 and therefore denies those allegations.

137.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 137 and therefore denies those allegations.

138.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 138 and therefore denies those allegations.

139.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 139 and therefore denies those allegations.

140.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 140 and therefore denies those allegations.

141.    Monsanto denies the allegations in paragraph 141.

142.    Monsanto incorporates by reference its responses to paragraphs 1 through 141 in response to paragraph 142 of plaintiffs' Complaint.

143.    In response to the allegations in paragraph 143, Monsanto admits that plaintiffs purport to bring a claim for strict liability design defect, but denies any liability as to that claim.

144.    In response to the allegations in paragraph 144, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs used Roundup®-branded products and therefore denies that allegation.  Monsanto denies the remaining allegations in paragraph 144.

145.    Monsanto denies the allegations in paragraph 145.

146.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 146 and therefore denies those allegations.

147.    Monsanto denies the allegations in paragraph 147.

148.    Monsanto denies the allegations in paragraph 148.

149.    Monsanto denies the allegations in paragraph 149.

150.    Monsanto denies the allegations in paragraph 150 and each of its subparts.

\*        \*        \*

There are no paragraphs numbered "151" through "157" in the Complaint, and therefore no response is required.

\*        \*        \*

158.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 158 concerning plaintiffs' claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 158, including that Roundup®-branded products have "dangerous characteristics."

159.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 159 concerning plaintiffs' claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 159, including that Roundup®-branded products have "dangerous characteristics."

160.    Monsanto denies the allegations in paragraph 160.

161.    Monsanto denies the allegations in paragraph 161.

162.    Monsanto denies the allegations in paragraph 162.

163.    Monsanto denies the allegations in paragraph 163.

164.    Monsanto denies the allegations in paragraph 164.

165.    Monsanto denies the allegations in paragraph 165.

166.    Monsanto denies the allegations in paragraph 166.

167.    Monsanto denies the allegations in paragraph 167.

In response to the "WHEREFORE" paragraph following paragraph 167, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and

1    proper. The statement in the last sentence of the "WHEREFORE" paragraph following

2    paragraph 167 sets forth a conclusion of law for which no response is required.

3           168.    Monsanto incorporates by reference its responses to paragraphs 1 through 167 in

4    response to paragraph 168 of plaintiffs' Complaint.

5           169.    In response to the allegations in paragraph 169, Monsanto admits that plaintiffs

6    purport to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

7           170.    Monsanto denies the allegations in paragraph 170.

8           171.    In response to the allegations in paragraph 171, Monsanto lacks information or

9    knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs or other

10   entities identified purchased or used Roundup®-branded products and therefore denies that

11   allegation.  The allegations in paragraph 171 also set forth conclusions of law for which no

12   response is required.  Monsanto denies the remaining allegations in paragraph 171.

13          172.    The allegations in paragraph 172 set forth conclusions of law for which no

14   response is required.

15          173.    Monsanto denies the allegations in paragraph 173.  All labeling of Roundup®-

16   branded products has been and remains EPA-approved and in compliance with all federal

17   requirements under FIFRA.

18          174.    Monsanto denies the allegations in paragraph 174.

19          175.    Monsanto denies the allegations in paragraph 175.

20          176.    Monsanto denies the allegations in paragraph 176.

21          177.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations in paragraph 177 and therefore denies those allegations.

23          178.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24   truth of the allegations in paragraph 178 concerning plaintiffs' alleged use of Roundup®-branded

25   products and therefore denies those allegations.  Monsanto denies the remaining allegations in

26   paragraph 178, including that Roundup®-branded products have "dangerous characteristics."

27          179.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28   truth of the allegations in paragraph 179 concerning plaintiffs' alleged use and exposure to

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01420-VC

1   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

2   remaining allegations in paragraph 179, including that Roundup®-branded products have

3   "dangerous characteristics."

4         180.    Monsanto denies the allegations in the first sentence of paragraph 180.  Monsanto

5   lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the

6   second sentence of paragraph 180 and therefore denies those allegations.

7         181.    Monsanto denies the allegations in paragraph 181.

8         182.    Monsanto denies the allegations in paragraph 182.

9         183.    Monsanto denies the allegations in paragraph 183.

10        184.    Monsanto denies the allegations in paragraph 184.

11        185.    Monsanto denies the allegations in paragraph 185.

12        186.    Monsanto denies the allegations in paragraph 186.

13        187.    Monsanto denies the allegations in paragraph 187.

14        188.    Monsanto denies the allegations in paragraph 188.

15        In response to the "WHEREFORE" paragraph following paragraph 188, Monsanto

16   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

17   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

18   fees as allowed by law and such further and additional relief as this Court may deem just and

19   proper. The statement in the last sentence of the "WHEREFORE" paragraph following

20   paragraph 188 sets forth a conclusion of law for which no response is required.

21        189.    Monsanto incorporates by reference its responses to paragraphs 1 through 188 in

22   response to paragraph 189 of plaintiffs' Complaint.

23        190.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24   truth of the allegations in paragraph 190 regarding the specific products allegedly used by

25   plaintiffs or any advertising or marketing allegedly seen or considered by plaintiffs and therefore

26   denies the allegations in paragraph 190.

27        191.    The allegations in paragraph 191 set forth conclusions of law for which no

28   response is required.

- 22 -

192.    The allegations in paragraph 192 set forth conclusions of law for which no response is required.

193.    Monsanto denies the allegations in paragraph 193.

194.    Monsanto denies the allegations in paragraph 194.

195.    Monsanto denies the allegations in paragraph 195.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

196.    Monsanto denies the allegations in paragraph 196.

197.    Monsanto denies the allegations in paragraph 197.

198.    Monsanto denies the allegations in paragraph 198, including each of its subparts.

199.    Monsanto denies the allegations in paragraph 199.

200.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 200 regarding plaintiffs' knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 200, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

201.    Monsanto denies the allegations in paragraph 201.

202.    Monsanto denies the allegations in paragraph 202.

203.    Monsanto denies the allegations in paragraph 203.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

In response to the "WHEREFORE" paragraph following paragraph 203, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 203 sets forth a conclusion of law for which no response is required.

204.    Monsanto incorporates by references its responses to paragraphs 1 through 203 in response to paragraph 204 of plaintiffs' Complaint.

1   205.   Monsanto denies the allegations in paragraph 205.

2   206.   Monsanto lacks information or knowledge sufficient to form a belief as to the

3   truth of the allegations in paragraph 206 regarding plaintiffs' claimed use of Roundup®-branded

4   products and therefore denies those allegations. The remaining allegations in paragraph 206 set

5   forth conclusions of law for which no response is required.

6   207.   Monsanto denies the allegations in paragraph 207.  All labeling of Roundup®-

7   branded products has been and remains EPA-approved and in compliance with all federal

8   requirements under FIFRA.

9   208.   Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in paragraph 208 regarding the claimed use of and exposure to

11   Roundup®-branded products by plaintiffs and therefore denies those allegations.  The remaining

12   allegations in paragraph 208 set forth conclusions of law for which no response is required.

13   209.   The allegations in paragraph 209 set forth conclusions of law for which no

14   response is required.

15   210.   The allegations in paragraph 210 set forth conclusions of law for which no

16   response is required.

17   211.   Monsanto lacks information or knowledge sufficient to form a belief as to the

18   truth of the allegations in paragraph 211 and therefore denies those allegations.

19   212.   Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 212 regarding the claimed use of Roundup®-branded

21   products by plaintiffs and others and therefore denies those allegations.  The remaining

22   allegations in paragraph 212 set forth conclusions of law for which no response is required.

23   213.   Monsanto lacks information or knowledge sufficient to form a belief as to the

24   truth of the allegations in paragraph 213 regarding plaintiffs' claimed use of or exposure to

25   Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph

26   213 regarding Monsanto's implied warranty sets forth conclusions of law for which no response

27   is required.  Monsanto denies the remaining allegations in paragraph 213.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01420-VC

1   214.   Monsanto lacks information or knowledge sufficient to form a belief as to the

2   truth of the allegations in paragraph 214 regarding plaintiffs' claimed use of Roundup®-branded

3   products or plaintiffs' claimed reliance and therefore denies those allegations.  The allegation in

4   paragraph 214 regarding Monsanto's implied warranty sets forth conclusions of law for which no

5   response is required.

6   215.   Monsanto denies that there is any risk of serious injury associated with the as-

7   directed use of and/or exposure to Roundup®-branded products and/or glyphosate.  Monsanto

8   lacks information or knowledge sufficient to form a belief as to the truth of the allegations in

9   paragraph 215 regarding plaintiffs' knowledge about Roundup®-branded products and therefore

10  denies the remaining allegations in paragraph 215.

11  216.   Monsanto denies the allegations in paragraph 216.

12  217.   Monsanto denies the allegations in paragraph 217.

13  218.   Monsanto denies the allegations in paragraph 218.

14  In response to the "WHEREFORE" paragraph following paragraph 218, Monsanto

15  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

16  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

17  fees as allowed by law and such further and additional relief as this Court may deem just and

18  proper. The statement in the last sentence of the "WHEREFORE" paragraph following

19  paragraph 218 sets forth a conclusion of law for which no response is required.

20  219.   Monsanto incorporates by reference its responses to paragraphs 1 through 218 in

21  response to paragraph 219 of plaintiffs' Complaint.

22  220.   The allegations in paragraph 220 set forth conclusions of law for which no

23  response is required.

24  221.   Monsanto denies the allegations in paragraph 221.

25  222.   Monsanto denies the allegation in paragraph 222 that Roundup®-branded products

26  are "dangerous."  The remaining allegations in paragraph 222 set forth conclusions of law for

27  which no response is required.

28

- 25 -

223.   In response to the allegations in paragraph 223, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further states that paragraph 223 sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 223.

224.   The allegations in paragraph 224 set forth conclusions of law for which no response is required.

225.   In response to the allegations in paragraph 225, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto denies the remaining allegations in paragraph 225.

226.   Monsanto denies the allegations in paragraph 226.

227.   Monsanto denies the allegations in paragraph 227.

In response to the "WHEREFORE" paragraph following paragraph 227, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 227 sets forth a conclusion of law for which no response is required.

228.   Monsanto incorporates by reference its responses to paragraphs 1 through 227 in response to paragraph 228 of plaintiffs' Complaint.

229.   Monsanto denies the allegations in paragraph 229.

230.   Monsanto denies the allegations in paragraph 230.

231.   Monsanto denies the allegations in paragraph 231.

232.   Monsanto denies the allegations in paragraph 232.

233.   Monsanto denies the allegations in paragraph 233.

234.   Monsanto denies the allegations in paragraph 234.

235.   Monsanto denies the allegations in paragraph 235.

236.   Monsanto denies the allegations in paragraph 236.

237.   Monsanto denies the allegations in paragraph 237.

1    238.    Monsanto denies the allegations in paragraph 238.

2    In response to the "WHEREFORE" paragraph following paragraph 238, Monsanto

3    demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

4    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

5    fees as allowed by law and such further and additional relief as this Court may deem just and

6    proper. The statement in the last sentence of the "WHEREFORE" paragraph following

7    paragraph 238 sets forth a conclusion of law for which no response is required.

8    239.    Monsanto incorporates by reference its responses to paragraphs 1 through 238 in

9    response to paragraph 239 of plaintiffs' Complaint.

10    240.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11    truth of the allegations in paragraph 240 and therefore denies those allegations.

12    241.    Monsanto denies the allegations in paragraph 241, including each of its subparts.

13    In response to the "WHEREFORE" paragraph following paragraph 241, Monsanto

14    demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

15    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

16    fees as allowed by law and such further and additional relief as this Court may deem just and

17    proper. The statement in the last sentence of the "WHEREFORE" paragraph following

18    paragraph 241 sets forth a conclusion of law for which no response is required.

19    In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

20    denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

21    damages, interest, costs, or any other relief whatsoever.

22    Every allegation in the Complaint that is not specifically and expressly admitted in this

23    Answer is hereby specifically and expressly denied.

24                    **SEPARATE AND AFFIRMATIVE DEFENSES**

25    1.    The Complaint, in whole or part, fails to state a claim or cause of action against

26    Monsanto upon which relief can be granted.

27    2.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically

28    reliable evidence that the products at issue were defective or unreasonably dangerous.

1    3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted,

2    was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

3    plaintiffs' alleged injuries.

4    4.      Plaintiffs' claims are barred, in whole or in part, because the products at issue

5    were designed, manufactured, marketed and labeled with proper warnings, information, cautions

6    and instructions, in accordance with the state of the art and the state of scientific and

7    technological knowledge.

8    5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue

9    were not defective or unreasonably dangerous in that they complied with, at all relevant times,

10   all applicable government safety standards.

11   6.      Any claims based on allegations that Monsanto misled, defrauded, made

12   misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

13   *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

14   *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

15   7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law

16   relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

17   processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

18   8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA

19   findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

20   product labeling.

21   9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary

22   jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

23   10.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if

24   any, were the result of conduct of plaintiffs, independent third parties, and/or events that were

25   extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

26   independent, intervening and superseding causes of the alleged injuries, including but not limited

27   to plaintiff's pre-existing medical conditions.

28

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.     Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

16.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17.     Plaintiffs' claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Pennsylvania Constitution, and/or other applicable state constitutions.

18.     Plaintiffs' claims for punitive damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Pennsylvania law, and/or other applicable state laws.

19.     Plaintiffs' claims for punitive damages are barred and/or limited by operation of state and/or federal law.

20.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

1    21.    Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to

2    mitigate damages.

3    22.    Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

4    23.    To the extent that plaintiffs recovered payments for plaintiffs' alleged injuries

5    from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall

6    be reduced to the extent allowed by applicable law.

7    24.    If plaintiffs have been injured or damaged, no injury or damages being admitted,

8    such injuries were not caused by a Monsanto product.

9    25.    Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims

10   that are governed by the laws of a state that does not recognize, or limits, such claims.

11   26.    Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws

12   of states that do not govern plaintiffs' claims.

13   27.    Monsanto made no warranties of any kind or any representations of any nature

14   whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies,

15   then plaintiffs failed to give notice of any breach thereof.

16   28.    Monsanto hereby preserves any and all defenses under *Tincher v. Omega Flex,*

17   *Inc.*, 104 A.3d 328 (Pa. 2014).

18   29.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

19   may become available or apparent during the course of discovery and thus reserves its right to

20   amend this Answer to assert such defenses.

21   **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

22   plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and

23   such other relief as the Court deems equitable and just.

24   ### JURY TRIAL DEMAND

25   Monsanto demands a jury trial on all issues so triable.

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01420-VC

DATED:  March 13, 2020

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:    (202) 898-5800
Facsimile:    (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

- 31 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01420-VC