1  **HOLLINGSWORTH LLP**
   Joe G. Hollingsworth (*pro hac vice*)
2  Eric G. Lasker (*pro hac vice*)
   1350 I Street, N.W.
3  Washington, DC  20005
   Telephone:   (202) 898-5800
4  Facsimile:    (202) 682-1639
   Email:         jhollingsworth@hollingsworthllp.com
5                 elasker@hollingsworthllp.com

6  *Attorneys for Defendant*
   *MONSANTO COMPANY*

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10  IN RE: ROUNDUP PRODUCTS          MDL No. 2741
    LIABILITY LITIGATION
11                                   Case No. 3:16-md-02741-VC

12  This document relates to:

13  *Gerald Mallett v. Monsanto Co.*,
    Case No. 3:20-cv-01548-VC
14

15       **MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

16       Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

17  Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

18  all allegations contained in plaintiff Gerald Mallett's Complaint ("the Complaint"), except as set

19  forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to

20  Monsanto Company, a United States based company incorporated in Delaware, and not to other

21  Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

22       1.     Monsanto admits the allegations in the first and second sentences of paragraph 1.

23  Monsanto also admits that glyphosate was one of the world's most widely used herbicides in

24  2013, but notes that Monsanto was and is not the only manufacturer of glyphosate-based

25  herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the

26  accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 1

27  and therefore denies those allegations.

28
                                    - 1 -

2.      In response to the allegations in paragraph 2, Monsanto admits that its headquarters are in St. Louis, Missouri, and that it is incorporated in Delaware.  Monsanto admits that it and affiliated companies have operations and offices in countries around the world. Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 2.  Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 2 and therefore denies those allegations.

3.      In response to the allegations in paragraph 3, Monsanto admits that its glyphosate products are registered in at least 130 countries and approved for use on over 100 different crops. Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media.  Monsanto denies the remaining allegations in paragraph 3.

4.      Monsanto admits the allegations in the first sentence of paragraph 4.  Monsanto denies the allegations in the second sentence of paragraph 4 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

5.      Monsanto admits the allegations in the first sentence of paragraph 5.  Monsanto denies the allegations in the second sentence of paragraph 5.

6.      In response to the allegations in paragraph 6, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 6.

7.      Monsanto denies the allegations in paragraph 7.

8.      In response to the allegations in paragraph 8, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United

1    States and around the world and further admits that it has labeled glyphosate products as

2    approved by regulatory bodies consistent with those findings.  Monsanto also admits that the

3    United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to

4    the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based

5    herbicides create no unreasonable risk to human health or to the environment when used in

6    accordance with the label.  To the extent that paragraph 8 alleges that Monsanto has labeled

7    glyphosate or Roundup®-branded herbicides in any manner different or in addition to such

8    regulatory approval, Monsanto denies such allegations.

9         9.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth

10   of the allegations concerning plaintiff's citizenship.  The remaining allegations in paragraph 9 set

11   forth conclusions of law for which no response is required.  To the extent that a response is

12   deemed required, Monsanto admits the remaining allegations in paragraph 9 based upon the

13   allegations in plaintiff's Complaint.

14        10.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

15   of the allegations in paragraph 10 that plaintiff purchased Roundup®-branded products and

16   therefore denies those allegations.  The remaining allegations in paragraph 10 set forth

17   conclusions of law for which no response is required.

18        11.    The allegations in paragraph 11 set forth conclusions of law for which no response

19   is required.

20        12.    In response to the allegations in the first sentence of paragraph 12, Monsanto

21   denies certain events giving rise to plaintiff's claims and Monsanto lacks information or

22   knowledge sufficient to form a belief as to the truth of the allegations regarding where certain

23   other events giving rise to plaintiff's claims occurred and therefore denies those allegations.  The

24   remaining allegations in paragraph 12 set forth conclusions of law for which no response is

25   required

26        13.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

27   of the allegations in the first sentence of paragraph 13 and therefore denies those allegations.  In

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01548-VC

1   response to the allegations in the second sentence of paragraph 13, Monsanto admits that plaintiff

2   purports to bring a claim against Monsanto, but denies any liability on that claim. Monsanto

3   denies the remaining allegations in paragraph 13.

4        14.    Monsanto admits that it is a Delaware corporation with its headquarters and

5   principal place of business in St. Louis, MO.

6        15.    In response to the allegations in paragraph 15, Monsanto admits that it was the

7   entity that discovered the herbicidal properties of glyphosate and that Monsanto manufactures

8   Roundup®-branded products that have glyphosate as the active ingredient, but notes that

9   Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

10        16.    In response to the allegations in paragraph 16, Monsanto admits that glyphosate is

11   an herbicide that is used to kill invasive plants and weeds.  Monsanto states that the remaining

12   allegations in paragraph 16 are vague and ambiguous and that it lacks information or knowledge

13   sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and

14   therefore denies those allegations.

15        17.    Monsanto admits the allegations in the first sentence of paragraph 17.  Monsanto

16   denies the allegations in the second sentence of paragraph 17 because the impact of glyphosate on

17   treated plants varies depending upon the amount of glyphosate applied and the type of plant.

18   Monsanto denies the allegations in the third sentence of paragraph 17 to the extent that they

19   suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well

20   within regulatory safety levels, as determined by EPA.

21        18.    In response to the allegations in paragraph 18, Monsanto admits that farmers have

22   safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining

23   allegations in paragraph 18.

24        19.    Monsanto admits the allegations in the first two sentences of paragraph 19 and

25   admits that it has marketed Roundup®-branded products in accord with EPA's regulatory

26   determinations under FIFRA.  Monsanto otherwise denies the remaining allegations in paragraph

27   19.

28

1      20.     The allegations in paragraph 20 set forth conclusions of law for which no response

2  is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

3  paragraph 20.

4      21.     In response to the allegations in paragraph 21, Monsanto admits that EPA requires

5  registrants of herbicides to submit extensive data in support of the human health and

6  environmental safety of their products and further admits that EPA will not register or approve

7  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining

8  allegations in paragraph 21 set forth conclusions of law for which no response is required.

9      22.     The allegations in paragraph 22 set forth conclusions of law for which no response

10  is required.

11      23.     Monsanto admits that Roundup®-branded products are registered by EPA for

12  manufacture, sale and distribution and are registered by the State of Louisiana for sale and

13  distribution.

14      24.     In response to the allegations in paragraph 24, Monsanto admits that EPA requires

15  registrants of herbicides to submit extensive data in support of the human health and

16  environmental safety of their products and further admits that EPA will not register or approve

17  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

18  states that the term "the product tests" in the final sentence of paragraph 24 is vague and

19  ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 24

20  set forth conclusions of law for which no answer is required.

21      25.     Monsanto denies the allegations in paragraph 25 to the extent that they suggest that

22  EPA only evaluates the safety of pesticide products on the date of their initial registration.

23  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

24  products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

25  of the allegations in paragraph 25 regarding such pesticide products generally and therefore

26  denies those allegations.  The remaining allegations in paragraph 25 set forth conclusions of law

27  for which no response is required.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01548-VC

26.     In response to the allegations in paragraph 26, Monsanto admits that EPA has undertaken a review of glyphosate and that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies those allegations.

27.     In response to the allegations in paragraph 27, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP Reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01548-VC

- • "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- • "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- • "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- • "EPA has concluded that glyphosate does not pose a cancer risk to humans." 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- • "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20.

Monsanto denies the remaining allegations in paragraph 27.

28.     In response to the allegations in paragraph 28, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies. To the extent that the allegations in paragraph 28 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

29.     In response to the allegations in paragraph 29, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

30.     Monsanto denies the allegations in paragraph 30 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with

1  studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

2  Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

3  connection with services provided to a broad number of private and governmental entities and

4  that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

5  one of several pesticide manufacturers who had used IBT test results.  The audit found some

6  toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

7  Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

8  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

9  based upon any invalid IBT studies.  To the extent that the allegations in paragraph 30 are

10  intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

11  denies those allegations.

12       31.     In response to the allegations in paragraph 31, Monsanto admits that three IBT

13  employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals

14  were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

15       32.     In response to the allegations in paragraph 32, Monsanto admits that it – along

16  with numerous other private companies – hired Craven Laboratories as an independent laboratory

17  to conduct residue studies for Monsanto agricultural products.  Monsanto admits that it was

18  defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

19  at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 32 are

20  intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations

21  are denied.

22       33.     Monsanto denies the allegations in paragraph 33.

23       34.     In response to the allegations in paragraph 34, Monsanto admits that Roundup®-

24  branded products are highly valued by its customers because of their efficacy and safety.

25  Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The

26  remaining allegations in paragraph 34 are vague and conclusory and comprise attorney

27  characterizations and are accordingly denied.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01548-VC

35.     In response to the allegations in paragraph 35, Monsanto admits that following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 35 and accordingly denies those allegations.  The remaining allegations in paragraph 35 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

36.     In response to the allegations in paragraph 36, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 36 and accordingly denies the same.  The remaining allegations in paragraph 36 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

37.     In response to the allegations in paragraph 37, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 37 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

38.     In response to the allegations in paragraph 38, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 38 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

39.     Monsanto denies the allegations in paragraph 39.

40.     In response to the allegations in paragraph 40, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01548-VC

1   that it "left the soil clean," but denies the allegations in paragraph 40 to the extent that they

2   suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

3   cancer. Monsanto denies the remaining allegations in paragraph 40.

4         41.    In response to the allegations in paragraph 41, Monsanto denies that IARC follows

5   stringent procedures for the evaluation of a chemical agent. Monsanto lacks information or

6   knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in

7   paragraph 41, which are not limited as of any specified date, and accordingly denies the same.

8         42.    In response to the allegations in paragraph 42, Monsanto admits that IARC sets

9   forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

10   Monsanto denies the remaining allegations in paragraph 42.

11         43.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

12   research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that

13   it cited in its glyphosate monograph. Monsanto lacks information or knowledge sufficient to

14   form a belief as to the truth of the remaining allegations in paragraph 43 and therefore denies

15   those allegations.

16         44.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

17   research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that

18   it cited in its glyphosate monograph. Monsanto lacks information or knowledge sufficient to

19   form a belief as to the truth of the remaining allegations in paragraph 44 and therefore denies

20   those allegations.

21         45.    Monsanto denies the allegations in paragraph 45 to the extent that they suggest that

22   IARC had previously assessed glyphosate. Monsanto admits that IARC classified glyphosate as a

23   Group 2A agent in March 2015.

24         46.    In response to the allegations in paragraph 46, Monsanto admits that IARC issued

25   its monograph for glyphosate, Monograph 112, on July 29, 2015, and that a draft of the

26   monograph was prepared by a "working group" of individuals selected by IARC who met over a

27   one-week period in March 2015 to consider glyphosate along with a number of other substances.

28

1   Monsanto denies the allegation that all members of the working groups are "experts."  Monsanto

2   denies that the working group or anyone at IARC conducted a one-year review of the scientific

3   evidence related to glyphosate or that the working group's findings reflected a comprehensive

4   review of the latest available scientific evidence.  Monsanto also denies that the working group

5   considered all information available in the scientific literature and all data from government

6   reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 46.

7          47.     In response to the allegations in paragraph 47, Monsanto denies that the IARC

8   working group considered all of the data in the numerous studies that have been conducted

9   looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

10  that it reliably considered the studies that it purports to have reviewed, which frequently reach

11  conclusions directly contrary to those espoused by the IARC working group.  To the extent the

12  allegations purport to characterize statements made in the IARC monograph for glyphosate, the

13  statements in that document speak for themselves, but Monsanto lacks information or knowledge

14  sufficient to form a belief as to the accuracy of the source of said information and accordingly

15  denies the allegations.

16         48.     The allegations in paragraph 48 are vague and conclusory.  To the extent they

17  purport to characterize statements made in the IARC monograph for glyphosate, the statements in

18  that document speak for themselves, but Monsanto lacks information or knowledge sufficient to

19  form a belief as to the accuracy of the source of said information and accordingly denies the

20  allegations.

21         49.     In response to the allegations in paragraph 49, to the extent the allegations purport

22  to characterize statements made in the IARC monograph for glyphosate, the statements in that

23  document speak for themselves, but to the extent that this paragraph means that more than *de*

24  *minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 49.

25         50.     In response to the allegations in paragraph 50, Monsanto admits that the IARC

26  working group identified a number of case control studies of populations with exposures to

27

28
MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01548-VC

glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

51.     Monsanto denies the allegations in paragraph 51.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

52.     In response to the allegations in paragraph 52, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

53.     In response to the allegations in paragraph 53, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto admits that the IARC working group purported to make these findings, but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration.  Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

59.     In response to the allegations in paragraph 59, Monsanto admits that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate. Monsanto notes that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal." *See Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

60.     Monsanto states that the term "toxic" as used in paragraph 60 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 60.

61.     In response to the allegations in paragraph 61, Monsanto admits that Julie Marc published the cited study in 2002 and states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 61.

62.     In response to the allegations in the first sentence of paragraph 62, Monsanto admits that Julie Marc published a study titled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that the first sentence of paragraph 62 characterizes the meaning of the cited study, Monsanto denies the allegations in the first sentence of paragraph 62. In response to the remaining allegations in paragraph 62, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the remaining allegations in paragraph 62.

63.     In response to the allegations in paragraph 63, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 63 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 63.

64.     In response to the allegations in paragraph 64, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 64 characterizes the meaning of the cited study, Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto states that the terms "at all times" and "these studies" are vague and ambiguous, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 65.

66.     In response to the allegations in paragraph 66, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 66.

67.     In response to the allegations in paragraph 67, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to

the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 67.

68.     Monsanto admits that in France, the sale to and use by amateurs (i.e., non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions. Monsanto denies the remaining allegations in paragraph 68.

69.     In response to the allegations in paragraph 69, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same.  Monsanto denies the remaining allegations in paragraph 69.

70.     In response to the allegations in paragraph 70, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 70.

71.     In response to the allegations in paragraph 71, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns.  As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto denies the remaining allegations in paragraph 71.

72.     In response to the allegations in paragraph 72, Monsanto admits that the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was required to

1   add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself

2   considers "ministerial" and "automatic" without any role for consideration of the weight or

3   quality of the evidence considered by IARC. Monsanto further states that this decision was not

4   based upon any independent scientific analysis of glyphosate but instead was in response to a

5   provision of a California ballot proposition triggering such action based solely upon the IARC

6   classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its own

7   independent evaluation of the same scientific evidence, that glyphosate is "unlikely to pose a

8   cancer hazard to humans."[3]  Monsanto contends that OEHHA's decision that it was required to

9   list glyphosate violates the United States Constitution and the California Constitution; Monsanto

10  has sued to block OEHHA's action and is currently engaged in briefing on this issue before the

11  California Court of Appeal.  The remaining allegations set forth conclusions of law for which no

12  response is required.  To the extent that a response is deemed required, Monsanto denies the

13  allegations in paragraph 72.

14          73.     The allegations in paragraph 73 set forth conclusions of law for which no response

15  is required.

16          74.     The allegations in paragraph 74 set forth conclusions of law for which no response

17  is required.  Nevertheless, Monsanto notes that, under Proposition 65, the mere presence of a

18  listed substance in a consumer product does not require a warning. Instead, a warning need only

19  be provided if the exposure to the listed substance, for the average user of the product, exceeds

20  the level at which cancer would be hypothesized to occur, based on extrapolation from animal

21  studies, in one person in 100,000 persons exposed over a 70-year lifetime.

22          75.     In response to the allegations in paragraph 75, Monsanto admits that it has brought

23  a lawsuit challenging OEHHA's notice of intent to include glyphosate on its Proposition 65 list.

24          76.     In response to the allegations in paragraph 76, Monsanto admits that plaintiff

25  accurately quotes from Monsanto's complaint in the referenced lawsuit, and states that

26  _____

27  [3] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007), https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907.pdf.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01548-VC

1    Monsanto's complaint in that lawsuit speaks for itself.  Monsanto further admits that its lawsuit

2    cites to OEHHA's 2007 determination based upon its own independent evaluation of the

3    scientific evidence that glyphosate is "unlikely to pose a cancer hazard to humans."[4]   The

4    remaining allegations in paragraph 76 comprise attorney characterizations and are accordingly

5    denied.

6            77.     In response to the allegations in paragraph 77, Monsanto admits that, on

7    November 12, 2015, the European Food Safety Authority ("EFSA") issued its Renewal

8    Assessment Report (RAR) on glyphosate, in which it concluded that "glyphosate is unlikely to

9    pose a carcinogenic hazard to humans."[5]  Monsanto further admits that this conclusion affirmed a

10   similar finding by the German Federal Institute for Risk Management (BfR).  Monsanto admits

11   that the European scientists who reached these determinations were acting independently of

12   Monsanto and were acting to protect the public.

13           78.     In response to the allegations in paragraph 78, Monsanto denies that "industry

14   groups" were afforded any ability to review the RAR beyond that afforded to the public

15   generally.  Monsanto otherwise admits the allegations in paragraph 78.

16           79.     Monsanto admits the allegations in paragraph 79.

17           80.     In response to the allegations in paragraph 80, Monsanto states that the cited

18   document speaks for itself and does not require a response.  Monsanto denies the allegations in

19   paragraph 80 to the extent that they purport to set forth all of the distinctions identified by EFSA

20   between its evaluation and the evaluation of the IARC working group.  Monsanto states that in

21   the same document cited by plaintiff, EFSA states that, in contrast to IARC, "the EU peer review

22   concluded that no significant increase in tumour incidence could be observed in any of the treated

23   groups of animals in the nine long term rat studies considered" and explains that "[a]s well as

24   reviewing a larger number of studies [than IARC], EFSA for example considered that

25   _____

26   [4] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),
     https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907.pdf.

27   [5] *See* EFSA, *Glyphosate:  EFSA updates toxicological profile*, http://www.efsa.europa.eu/en
     /press/news/151112.

28

1  carcinogenic effects observed at high doses were unreliable as they could be related to general

2  toxicity."[6]  To the extent that paragraph 80 characterizes the meaning of the cited studies,

3  Monsanto denies the remaining allegations in paragraph 80.

4       81.     In response to the allegations in paragraph 81, Monsanto states that the cited

5  document speaks for itself and does not require a response.

6       82.     In response to the allegations in paragraph 82, Monsanto admits that EFSA set

7  acceptable exposure thresholds for glyphosate that are orders of magnitude higher than those

8  which occur in the ordinary use of glyphosate-based herbicides.  Monsanto denies that these

9  exposure thresholds are based upon any alleged risk of carcinogenicity.

10       83.     In response to the allegations in paragraph 83, Monsanto admits that certain

11  individuals, including Dr. Christopher Portier, sent the letter identified in paragraph 83

12  (hereinafter, "the Portier letter").  Monsanto denies that Dr. Portier or the other signatories to his

13  letter are "independent" and "renowned international experts in the field."  Monsanto states that

14  Dr. Portier has been disclosed as an expert witness retained by plaintiffs' counsel in the

15  glyphosate cancer litigation against Monsanto.  Monsanto otherwise admits that this letter urged

16  the EU Health Commissioner to disregard the scientific findings reached by EFSA and by the

17  BfR.

18       84.     In response to the allegations in paragraph 84, Monsanto admits that Dr. Portier

19  sent the letter identified in paragraph 84.  Monsanto denies that Dr. Portier or the other signatories

20  to his letter are "renowned international experts in the field."  Monsanto admits that certain

21  members of the IARC working group assigned to glyphosate signed on to the Portier letter, but

22  states that Monsanto lacks information or knowledge sufficient to form a belief as to whether

23  those individuals or the other signatories were aware at the time that Dr. Portier was working as a

24  retained expert for plaintiffs' counsel.

[6] EFSA, *EFSA Explains Risk Assessment Glyphosate*, http://www.efsa.europa.eu/sites/default/files/corporate_publications/files/efsaexplainsglyphosate151112en.pdf.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01548-VC

1    85.    In response to the allegations in paragraph 85, Monsanto states that the cited

2   Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr.

3   Portier – who has been disclosed as an expert witness retained by plaintiffs' counsel in the

4   glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific

5   conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a

6   carcinogenic hazard to humans."[7]  To the extent that paragraph 85 characterizes the meaning of

7   the cited document or of EFSA's evaluation of glyphosate, Monsanto denies the remaining

8   allegations in paragraph 85.

9    86.    In response to the allegations in paragraph 86, Monsanto admits that IARC

10  concluded that the human epidemiologic data provides only "limited evidence of

11  carcinogenicity," which IARC defines as meaning that "chance, bias, or confounding could not be

12  ruled out with reasonable confidence."[8]   Monsanto further admits that Dr. Portier – who has been

13  disclosed as an expert witness retained by plaintiffs' counsel in the glyphosate cancer litigation

14  against Monsanto – seeks in his letter to challenge the scientific conclusions reached by EFSA in

15  support of its finding that "glyphosate is unlikely to pose a carcinogenic hazard to humans."[9]  In

16  response to the remaining allegations in paragraph 86, Monsanto states that the cited Portier letter

17  speaks for itself and does not require a response.  To the extent that paragraph 86 characterizes

18  the meaning of the cited document or of EFSA's evaluation of glyphosate, Monsanto denies the

19  remaining allegations in paragraph 86.

20   87.    In response to the allegations in paragraph 87, Monsanto states that the cited

21  Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr.

22  Portier – who has been disclosed as an expert witness retained by plaintiffs' counsel in the

23

24  [7] See EFSA, *Glyphosate:  EFSA updates toxicological profile*, http://www.efsa.europa.eu/en
    /press/news/151112.

25  [8]
    http://publications.iarc.fr/_publications/media/download/4566/1f986e57ea2ddd9830fec223aeabc7
26  40d0bb2eca.pdf

27  [9] See EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu
    /en/press/news/151112.

28

glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a carcinogenic hazard to humans."[10]  To the extent that paragraph 87 characterizes the meaning of the cited document or of EFSA's and BfR's evaluation of glyphosate, Monsanto denies the remaining allegations in paragraph 87.

88.     In response to the allegations in paragraph 88, Monsanto states that the cited Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr. Portier – who has been disclosed as an expert witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a carcinogenic hazard to humans."[11]  To the extent that paragraph 88 characterizes the meaning of the cited document or of EFSA's and BfR's evaluation of glyphosate, Monsanto denies the remaining allegations in paragraph 88.

89.     Monsanto admits the allegations in paragraph 89.

90.     In response to the allegations in paragraph 90, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 90 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 90.

91.     In response to the allegations in paragraph 91, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 91 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 91.

---

[10] *See* EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu/en/press/news/151112.

[11] *See* EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu/en/press/news/151112.

92.      In response to the allegations in paragraph 92, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 92 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 92.

93.      In response to the allegations in paragraph 93, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 93 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 93.

94.      In response to the allegations in paragraph 94, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 94 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 94.

95.      In response to the allegations in paragraph 95, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 95 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 95.

96.      In response to the allegations in paragraph 96, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 96 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 96.

97.      In response to the allegations in paragraph 97, Monsanto admits that the United States Food and Drug Administration ("FDA") has authority to enforce pesticide residues and that

the FDA announced it would begin testing certain foods for glyphosate residues.  In response to the remaining allegations in paragraph 97, Monsanto states that the cited documents speak for themselves and do not require a response.

98.    In response to the allegations in paragraph 98, Monsanto admits that the U.S. Government Accountability Office ("GAO") issued the cited report regarding pesticide residue monitoring programs, but Monsanto denies that the GAO report was limited to glyphosate.  In response to the remaining allegations in paragraph 98, Monsanto states that the cited documents speak for themselves and do not require a response.  To the extent that paragraph 98 characterizes the meaning of the cited documents, Monsanto denies the remaining allegations in paragraph 98.

99.    In response to the allegations in paragraph 99, Monsanto admits that the FDA has authority to enforce pesticide residues and that the FDA announced it would begin testing certain foods for glyphosate residues.  In response to the remaining allegations in paragraph 99, Monsanto states that the cited documents speak for themselves and do not require a response.  To the extent that paragraph 99 characterizes the meaning of the cited documents, Monsanto denies the remaining allegations in paragraph 99.

100.    In response to the allegations in paragraph 100, Monsanto admits that the FDA has authority to enforce pesticide residues and that the FDA announced it would begin testing certain foods for glyphosate residues.  In response to the remaining allegations in paragraph 100, Monsanto states that the cited documents speak for themselves and do not require a response.  To the extent that paragraph 100 characterizes the meaning of the cited documents, Monsanto denies the remaining allegations in paragraph 100.

101.    Monsanto admits the allegations in paragraph 101.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

102.    In response to the allegations in paragraph 102, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto also states that the

1  allegations are out of date and that the European Union has approved glyphosate for another five

2  years.

3        103.     In response to the allegations in paragraph 103, Monsanto lacks information or

4  knowledge sufficient to form a belief as to whether each of the individuals at the referenced

5  meeting were "experts" and therefore denies that allegation.  Monsanto admits the remaining

6  allegations in paragraph 103.  Monsanto also states that the allegations are out of date and that the

7  European Union has approved glyphosate for another five years.

8        104.     In response to the allegations in paragraph 104, Monsanto states that the cited

9  document speaks for itself and does not require a response.  To the extent that paragraph 104

10  characterizes the meaning of the cited document, Monsanto denies the remaining allegations in

11  paragraph 104.

12        105.     In response to the allegations in paragraph 105, Monsanto states that the cited

13  document speaks for itself and does not require a response.  To the extent that paragraph 105

14  characterizes the meaning of the cited document, Monsanto denies the remaining allegations in

15  paragraph 105.  Monsanto also states that the allegations are out of date and that the European

16  Union has approved glyphosate for another five years.

17        106.     Monsanto admits the allegations in paragraph 106.  Monsanto also states that the

18  allegations are out of date and that the European Union has approved glyphosate for another five

19  years.

20        107.     Monsanto admits the allegations in paragraph 107.  Monsanto also states that the

21  allegations are out of date and that the European Union has approved glyphosate for another five

22  years.

23        108.     Monsanto admits the allegations in paragraph 108.  Monsanto also states that the

24  allegations are out of date and that the European Union has approved glyphosate for another five

25  years.

26        109.     Monsanto denies the allegations in paragraph 109.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01548-VC

110.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore denies those allegations.

111.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 111 and therefore denies those allegations.

112.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 112 and therefore denies those allegations.

113.     Monsanto denies that any exposure to Roundup®-branded products can cause non-Hodgkin's lymphoma ("NHL") and other serious illnesses and therefore denies those allegations in paragraph 113.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 113 and therefore denies those allegations.

114.     In response to the allegations in paragraph 114, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

115.     In response to the allegations in paragraph 115, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  The remaining allegations in paragraph 115 set forth conclusions of law for which no response is required.

116.     In response to the allegations in paragraph 116, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available

- 24 -

before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 116 and therefore denies those allegations.

117.    The allegations in paragraph 117 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 117.  Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

118.    Monsanto denies the allegations in paragraph 118.

119.    Monsanto denies the allegations in paragraph 119.

120.    The allegations in paragraph 120 set forth conclusions of law for which no response is required.

121.    Monsanto denies the allegations in paragraph 121.

122.    The allegations in paragraph 122 set forth conclusions of law for which no response is required.  To the extent that a response is required, Monsanto denies the allegations in paragraph 122.  Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

123.    Monsanto incorporates by reference its responses to paragraphs 1 through 122 in response to paragraph 123 of plaintiff's Complaint.

124.    In response to the allegations in paragraph 124, Monsanto admits that plaintiff purports to bring claims for strict liability but denies any liability to plaintiff.

125.    In response to the allegations in paragraph 125, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used Roundup®-branded products and therefore denies that allegation.  Monsanto denies the remaining allegations in paragraph 125.

126.    In response to the allegations in paragraph 126, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 126.

127.    Monsanto denies the allegations in paragraph 127.

128.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 128 and therefore denies those allegations.

129.    Monsanto denies the allegations in paragraph 129.

130.    Monsanto denies the allegations in paragraph 130.

131.    Monsanto denies the allegations in paragraph 131 and each of its subparts.

132.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 132 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 132, including that Roundup®-branded products have "dangerous characteristics."

133.    Monsanto denies the allegations in paragraph 133.

134.    Monsanto denies the allegations in paragraph 134.

135.    Monsanto denies the allegations in paragraph 135.

136.    Monsanto denies the allegations in paragraph 136.

137.    Monsanto denies the allegations in paragraph 137.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto denies the allegations in paragraph 139.

In response to the first sentence of the "WHEREFORE" paragraph following paragraph 139, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the  paragraph following paragraph 139 sets forth a conclusion of law for which no response is required.

140.   Monsanto incorporates by reference its responses to paragraphs 1 through 139 in response to paragraph 140 of plaintiff's Complaint.

141.   In response to the allegations in paragraph 141, Monsanto admits that plaintiff purports to bring claims for strict liability failure to warn, but denies any liability to plaintiff.

142.   Monsanto denies the allegations in paragraph 142.

143.   In response to the allegations in paragraph 143, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff or other persons or entities purchased Roundup®-branded products and therefore denies those allegations. The allegations in paragraph 143 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 143.

144.   The allegations in paragraph 144 set forth conclusions of law for which no response is required.

145.   Monsanto denies the allegations in paragraph 145.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

146.   Monsanto denies the allegations in paragraph 146.

147.   Monsanto denies the allegations in paragraph 147.

148.   Monsanto denies the allegations in paragraph 148.

149.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 149 and therefore denies those allegations.

150.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 150 concerning plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 150, including that Roundup®-branded products have "dangerous characteristics."

151.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the final sentence of paragraph 151 and therefore denies those allegations.

Monsanto denies the remaining allegations in paragraph 151.  Monsanto states, however,  that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto denies the allegations in paragraph 154.

155.    Monsanto denies the allegations in paragraph 155.

156.    Monsanto denies the allegations in paragraph 156.

157.    Monsanto denies the allegations in paragraph 157.

158.    Monsanto denies the allegations in paragraph 158.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

159.    Monsanto denies the allegations in paragraph 159.

In response to the first sentence of the "WHEREFORE" paragraph following paragraph 159, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of the  paragraph following paragraph 159 sets forth a conclusion of law for which no response is required.

160.    Monsanto incorporates by reference its responses to paragraphs 1 through 159 in response to paragraph 160 of plaintiff's Complaint.

161.    In response to the allegations in paragraph 161, Monsanto states that the phrase "directly or indirectly" is vague and ambiguous and that Monsanto lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore Monsanto denies those allegations.

1      162.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

2  of the allegations in paragraph 162 and therefore denies those allegations.

3      163.    The allegations in paragraph 163 set forth conclusions of law for which no

4  response is required.

5      164.    The allegations in paragraph 164 set forth conclusions of law for which no

6  response is required.

7      165.    Monsanto denies the allegations in paragraph 165.

8      166.    Monsanto denies the allegations in paragraph 166.

9      167.    Monsanto denies the allegations in paragraph 167.

10     168.    Monsanto denies the allegations in paragraph 168.

11     169.    Monsanto denies the allegations in paragraph 169.  All labeling of Roundup®-

12  branded products has been and remains EPA-approved and in compliance with all federal

13  requirements under FIFRA.

14     170.    Monsanto denies the allegations in paragraph 170.

15     171.    Monsanto denies the allegations in paragraph 171.

16     172.    Monsanto denies the allegations in paragraph 172.

17     173.    Monsanto denies the allegations in paragraph 173, including each of its subparts.

18     174.    Monsanto denies the allegations in paragraph 174.

19     175.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

20  of the allegations in paragraph 175 regarding plaintiff's knowledge and therefore denies those

21  allegations.  Monsanto denies the remaining allegations in paragraph 175, including that intended

22  use of and/or exposure to Roundup®-branded products causes any injuries.

23     176.    Monsanto denies the allegations in paragraph 176.

24     177.    Monsanto denies the allegations in paragraph 177.

25     178.    Monsanto denies the allegations in paragraph 178.

26         In response to the first sentence of the "WHEREFORE" paragraph following paragraph

27  178, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's

28
MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01548-VC

1   Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and

2   reasonable attorney's fees as allowed by law and such further and additional relief as this Court

3   may deem just and proper.  The statement in the last sentence of the paragraph following

4   paragraph 178 sets forth a conclusion of law for which no response is required.

5

6        179.    Monsanto incorporates by reference its responses to paragraphs 1 through 178 in

7   response to paragraph 179 of plaintiff's Complaint.

8        180.    Monsanto denies the allegations in paragraph 180.

9        181.    In response to the allegations in paragraph 181, Monsanto admits that it has sold

10   glyphosate-based herbicides in accordance with their EPA-approved labeling. Monsanto further

11   states that paragraph 181 sets forth conclusions of law for which no response is required.

12   Monsanto denies the remaining allegations in paragraph 181.

13        182.    Monsanto denies the allegations in the first and second sentences of paragraph

14   182.  All labeling of Roundup®-branded products has been and remains EPA-approved and in

15   compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence of

16   paragraph 182 sets forth conclusions of law for which no response is required.

17        183.    The allegations in paragraph 183 set forth conclusions of law for which no

18   response is required.

19        184.    Monsanto denies the allegations in paragraph 184.

20        185.    Monsanto denies the allegations in paragraph 185 and each of its subparts.

21        186.    The allegations in paragraph 186 set forth conclusions of law for which no

22   response is required.

23        187.    Monsanto states that the allegation in paragraph 187 that Monsanto made an

24   express warranty sets forth a conclusion of law for which no response is required.  Monsanto

25   lacks information or knowledge sufficient to form a belief as to the truth of the remaining

26   allegations in paragraph 187 and therefore denies those allegations.

27

28

188.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 188 and therefore denies those allegations.

189.     Monsanto denies the allegations in paragraph 189.

190.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 190 regarding plaintiff's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 190.

191.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 191 and therefore denies those allegations.

192.     Monsanto denies the allegations in paragraph 192.

193.     Monsanto denies the allegations in paragraph 193.

In response to the first sentence of the "WHEREFORE" paragraph following paragraph 193, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the  paragraph following paragraph 193 sets forth a conclusion of law for which no response is required.


194.     Monsanto incorporates by reference its responses to paragraphs 1 through 193 in response to paragraph 194 of plaintiff's Complaint.

195.     Monsanto denies the allegations in paragraph 195.

196.     Monsanto denies the allegations in paragraph 196.

197.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 197 concerning plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 197 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01548-VC

198.    Monsanto denies the allegations in paragraph 198.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

199.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 199 regarding plaintiff's reliance and therefore denies those allegations.  The remaining allegations in paragraph 199 set forth conclusions of law for which no response is required.

200.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 200 and therefore denies those allegations.

201.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 201 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 201 set forth conclusions of law for which no response is required.

202.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 202 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 202.

203.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 203 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged use of such product and therefore denies the allegations in paragraph 203.

204.    Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 204 concerning plaintiff's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 204.

205.    Monsanto denies the allegations in paragraph 205.

1    206.    Monsanto denies the allegations in paragraph 206.

2    207.    Monsanto denies the allegations in paragraph 207.

3        In response to the first sentence of the "WHEREFORE" paragraph following paragraph

4    207, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's

5    Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and

6    reasonable attorney's fees as allowed by law and such further and additional relief as this Court

7    may deem just and proper.  The statement in the last sentence of the paragraph following

8    paragraph 207 sets forth a conclusion of law for which no response is required.

9

10        In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

11    denies that plaintiff is entitled to the relief sought therein, including any judgment for any

12    damages, interest, costs, or any other relief whatsoever.

13        Every allegation in the Complaint that is not specifically and expressly admitted in this

14    Answer is hereby specifically and expressly denied.

15                    **SEPARATE AND AFFIRMATIVE DEFENSES**

16    1.    The Complaint, in whole or part, fails to state a claim or cause of action against

17    Monsanto upon which relief can be granted.

18    2.    Plaintiff's claims are barred in whole because plaintiff cannot proffer any

19    scientifically reliable evidence that the products at issue were defective or unreasonably

20    dangerous.

21    3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was

22    so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

23    plaintiff's alleged injuries.

24    4.    Plaintiff's claims are barred, in whole or in part, because the products at issue were

25    designed, manufactured, marketed and labeled with proper warnings, information, cautions and

26    instructions, in accordance with the state of the art and the state of scientific and technological

27    knowledge.

28

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

7.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

8.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

9.      Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

10.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

11.     Applicable statutes of limitations, repose, and/or prescriptive periods bar plaintiff's claims in whole or in part.

12.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Louisiana Constitution, the Mississippi Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Louisiana law, Mississippi law and/or other applicable state laws.

20.     Plaintiff's claims for punitive damages are barred and/or limited by operation of state and/or federal law, including La. R.S. 9:2800.52, *et seq.; Miss. Code Ann. § 11-1-65.*

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

25.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize or limit such claims.

27.     Plaintiff's common law claims are barred, in whole or in part, under the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. Ann § 9:2800.51 *et seq.; the Mississippi Product Liability Act, Miss. Code Ann. § 11-1-63 (1993).*

28.     This case is governed by the exclusive provisions of the Louisiana Products Liability Act (La. R.S. 9:2800.51, *et seq.*) ("LPLA").  Any theories of recovery that fall outside of the LPLA's provisions are therefore subject to dismissal.

29.     Monsanto affirmatively pleads the applicability of the LPLA and specifically avers that plaintiff is not entitled to recovery under any of the exclusive theories of liability set forth in the Act.

30.     Monsanto specifically avers that the product possessed no characteristic that rendered it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA (La. R.S. 9:2800.54).

31.     Monsanto asserts all allowable defenses under the LPLA, La. R.S. 9:2800.51, et seq., including but not limited to the applicability of La. R.S. 9:2800.59(A)(1), (2), (3), and (B).

32.     Should plaintiff recover under any claims under the LPLA, a recovery of attorney's fees for plaintiff is barred under the provisions of that statute.

33.     Monsanto has no liability to plaintiff under any theory of redhibition to the extent that plaintiff failed to tender any product allegedly sold by Monsanto that allegedly contained a redhibitory defect and has not made an amicable demand upon Monsanto.

34.     Monsanto has no liability to plaintiff under any theory of redhibition to the extent that plaintiff has waived plaintiff's redhibition rights.

35.     To the extent plaintiff's claims are based on conduct that pre-dates 1996, Louisiana's comparative negligence regime may not apply, and plaintiff's claims may be barred by contributory negligence.

36.     Plaintiff's claims for punitive damages are barred under Louisiana Civil Code Article 3546.

37.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.


DATED:  March 17, 2020                          Respectfully submitted,


                                                /s/ Joe G. Hollingsworth
                                                Joe G. Hollingsworth (*pro hac vice*)
                                                (jhollingsworth@hollingsworthllp.com)
                                                Eric G. Lasker (*pro hac vice*)
                                                (elasker@hollingsworthllp.com)
                                                HOLLINGSWORTH LLP
                                                1350 I Street, N.W.
                                                Washington, DC  20005
                                                Telephone:   (202) 898-5800
                                                Facsimile:    (202) 682-1639

                                                *Attorneys for Defendant*
                                                *MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01548-VC