**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   202-898-5800
Facsimile:    202-682-1639
Email:          jhollingsworth@hollingsworthllp.com
                   elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: *Estate of Kenzie Elizabeth Murdock, Kyle A. Murdock, Administrator, Kyle A. Murdock, Individually, and Mandi L. Murdock v. Monsanto Co.*, Case No 3:20-cv-01363-VC | |

**MONSANTO COMPANY'S ANSWER TO**
**<u>PLAINTIFFS' FIRST AMENDED COMPLAINT</u>**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' First Amended Complaint ("Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the last two sentences of paragraph 1.  Monsanto denies the remaining allegations in paragraph 1.

2. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

3. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies those allegations.

4. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5. The allegations in paragraph 5 set forth conclusions of law for which no response is required.

6. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies those allegations.

7. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies those allegations.

8. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9. Monsanto admits the allegations in paragraph 9.

10. The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11. In response to the allegations in paragraph 11, Monsanto denies that glyphosate or Roundup®-branded products caused decedent's alleged cancer.  The remaining allegations in paragraph 11 set forth conclusions of law for which no response is required.

12. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies those allegations.

13. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies those allegations.

15. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.

16. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies those allegations.

1  17. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations.

18. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies those allegations.

19. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies those allegations.

20. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies those allegations.

21. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies those allegations.

22. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies those allegations.

23. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies those allegations.

24. In response to the allegations in the first sentence of paragraph 24, Monsanto admits that it is a Delaware corporation with its headquarters and principal place of business in St. Louis County, Missouri and that Monsanto and affiliated companies have operations and offices in countries around the world. The remaining allegations in the paragraph 24 are vague and ambiguous, so Monsanto denies those allegations.

25. In response to the allegations in paragraph 25, Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate and that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

26. Monsanto denies the allegations in paragraph 26.

27. In response to the allegations in paragraph 27, Monsanto admits that it created glyphosate-based herbicides and seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.

28.     In response to the allegations in paragraph 28, Monsanto admits that a United States Environmental Protection Agency ("EPA") review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  For example, Monsanto notes that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen] – one that shows evidence of non-carcinogenicity for humans – based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20.

Monsanto denies the remaining allegations in paragraph 28.

29.     In response to the allegations in paragraph 29, Monsanto admits that the International Agency for Research on Cancer ("IARC") working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 29.

30.     Monsanto denies the allegations in paragraph 30.

31.     To the extent that the allegations in paragraph 31 quote website statements, those statements speak for themselves and do not require a response.  To the extent that the allegations in paragraph 31 characterize such statements, Monsanto denies those allegations.

32.     Monsanto denies the allegations in paragraph 32.

33.     Monsanto incorporates by reference its responses to paragraphs 1 through 32 in response to paragraph 33 of plaintiffs' Complaint.

34.     The allegations in paragraph 34 set forth conclusions of law for which no response is required.

35.     The allegations in the first sentence of paragraph 35 set forth conclusions of law for which no response is required.  Monsanto denies the allegations in the last sentence of paragraph 35.

1  36. Monsanto denies the allegations in paragraph 36.

2  37. Monsanto denies the allegations in paragraph 37.

3  38. Monsanto denies the allegations in paragraph 38.

4  39. The allegations in the first sentence of paragraph 39 set forth conclusions of law
5  for which no response is required. Monsanto denies the remaining allegations in paragraph 39.

6  40. Monsanto denies the allegations in paragraph 40.

7  41. Monsanto incorporates by reference its responses to paragraphs 1 through 40 in
8  response to paragraph 41 of plaintiffs' Complaint.

9  42. Monsanto lacks information or knowledge sufficient to form a belief as to the
10 truth of the allegations in paragraph 42 regarding decedent's exposure to Roundup®-branded
11 products and therefore denies those allegations. Monsanto denies the remaining allegations in
12 paragraph 42.

13 43. Monsanto lacks information or knowledge sufficient to form a belief as to the
14 truth of the allegations in paragraph 43 regarding decedent's or plaintiffs' exposures to
15 Roundup®-branded products and therefore denies those allegations. Monsanto denies the
16 remaining allegations in paragraph 43.

17 44. Monsanto denies the allegations in paragraph 44.

18 45. The allegations in paragraph 45 set forth conclusions of law for which no
19 response is required.

20 46. Monsanto incorporates by reference its responses to paragraphs 1 through 45 in
21 response to paragraph 46 of plaintiffs' Complaint.

22 47. In response to the allegations in the first sentence of paragraph 47, Monsanto
23 admits that it has stated and continues to state that Roundup®-branded products are safe when
24 used as labeled and that they are non-carcinogenic and non-genotoxic. The remaining
25 allegations in the first sentence of paragraph 47 set forth conclusions of law for which no
26 response is required. Monsanto lacks information or knowledge sufficient to form a belief as to
27 the truth of the allegations in the last sentence of paragraph 47 regarding plaintiffs' and
28 decedent's reliance and therefore denies those allegations.

1      48.      Monsanto denies the allegations in paragraph 48.

2      49.      Monsanto incorporates by reference its responses to paragraphs 1 through 48 in response to paragraph 49 of plaintiffs' Complaint.

50.      Monsanto denies the allegations in paragraph 50.

51.      Monsanto denies the allegations in paragraph 51.

52.      The allegations in paragraph 52 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

53.      Monsanto denies the allegations in paragraph 53.

54.      In response to the allegations in paragraph 54, Monsanto admits that the EPA posted a report evaluating glyphosate on EPA's website in late April 2016 and took the report off the website in early May 2016.

55.      Monsanto denies the allegations in the first sentence of paragraph 55.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 55 and therefore denies those allegations.

56.      Monsanto denies the allegations in paragraph 56.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

57.      Monsanto incorporates by reference its responses to paragraphs 1 through 56 in response to paragraph 57 of plaintiffs' Complaint.

58.      Monsanto denies the allegations in paragraph 58.

59.      Monsanto denies the allegations in paragraph 59.

60.      Monsanto incorporates by reference its responses to paragraphs 1 through 59 in response to paragraph 60 of plaintiffs' Complaint.

61.      Monsanto denies the allegations in paragraph 61.

62.      Monsanto denies the allegations in paragraph 62.

63.      Monsanto incorporates by reference its responses to paragraphs 1 through 62 in response to paragraph 63 of plaintiffs' Complaint.

1  64.     Monsanto denies the allegations in paragraph 64.

2  In response to the allegations in the section titled "DAMAGES" after paragraph 64,
3  Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment
4  for any damages, interest, costs, or any other relief whatsoever.

5  Every allegation in the Complaint that is not specifically and expressly admitted in this
6  Answer is hereby specifically and expressly denied.

7  **SEPARATE AND AFFIRMATIVE DEFENSES**

8  1.     The Complaint, in whole or part, fails to state a claim or cause of action upon
9  which relief can be granted.

10  2.     Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically
11  reliable evidence that the products at issue were defective or unreasonably dangerous.

12  3.     Any alleged negligent or culpable conduct of Monsanto, none being admitted,
13  was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of
14  decedent's alleged injuries.

15  4.     Plaintiffs' claims are barred, in whole or in part, because the products at issue
16  were designed, manufactured, marketed and labeled with proper warnings, information, cautions
17  and instructions, in accordance with the state of the art and the state of scientific and
18  technological knowledge.

19  5.     Plaintiffs' claims are barred, in whole or in part, because the products at issue
20  were not defective or unreasonably dangerous in that they complied with, at all relevant times,
21  all applicable government safety standards.

22  6.     Any claims based on allegations that Monsanto misled, defrauded, made
23  misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.
24  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*
25  *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

26  7.     Plaintiffs' claims are preempted, in whole or in part, by applicable federal law
27  relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,
28  processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

1      8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

2      9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

3      10.     Plaintiffs' claims are barred, in whole or in part, because decedent's injuries, if any, were the result of conduct of decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

4      11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

5      12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

6      13.     Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

7      14.     If plaintiffs and/or decedent suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' and/or decedent's alleged injury or damages.

8      15.     Monsanto had no legal relationship or privity with plaintiffs and/or decedent and owed no duty to them by which liability could be attributed to it.

16. Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs and/or decedent.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17. Plaintiffs' claims are preempted or otherwise barred in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18. Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Kentucky Constitution, and/or other applicable state constitutions.

19. Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of punitive damages under Kentucky law and/or other applicable state laws.

20. Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

21. Plaintiffs' claims are barred in whole or in part by decedent's own contributory/comparative negligence.

22. Plaintiffs' claims are barred in whole or in part by decedent's own failure to mitigate damages.

23. Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

24. Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs and/or decedent received from collateral sources.

25. Plaintiffs' common law claims are barred, in whole or part, by application of the Kentucky Product Liability Act, Ky. Rev. Stat. § 411.300, *et. seq.*

26. If plaintiffs and/or decedent have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

27. Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28. Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

29. Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  March 23, 2020                    Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*