1

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)

2

Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.

3

Washington, DC  20005
Tel:     202-898-5800

4

Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com

5

          elasker@hollingsworthllp.com

6

*Attorneys for Defendant*
*MONSANTO COMPANY*

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

11

| | MDL No. 2741 |
| Case No. 3:16-md-02741-VC |

12

This document relates to:

13

*Joyce DeLuca and Tony DeLuca v. Monsanto*
*Co.*,

14

Case No. 3:20-cv-01364-VC

15

16

**<u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>**

17

        Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

18

Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

19

all allegations contained in plaintiffs' Complaint ("the Complaint"), except as set forth below.  As

20

defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a

21

United States based company incorporated in Delaware, and not to other Monsanto-affiliated

22

companies. Although many paragraphs in the Complaint allege exposure or use of Monsanto

23

products by "Plaintiffs," Monsanto nevertheless responds to the allegations in those paragraphs as

24

if they refer to plaintiff Joyce DeLuca. Silence as to any allegations shall constitute a denial.

25

        1.        Monsanto admits that plaintiffs purport to bring an action for damages allegedly

26

related to exposure to Roundup®-branded products but denies any liability to plaintiffs.

27

Monsanto denies the remaining allegations in the Complaint's first-numbered paragraph 1.

28

        2.        The allegations in the Complaint's first-numbered paragraph 2 comprise attorney

1    characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded

2    products identified by plaintiffs have a variety of separate and distinct uses and formulations.

3         3.      The allegations in the Complaint's first-numbered paragraph 3 set forth

4    conclusions of law for which no response is required.  To the extent that a response is deemed

5    required, Monsanto admits the allegations in the Complaint's first-numbered paragraph 3 based

6    upon the allegations in plaintiffs' Complaint.

7         4.      Monsanto admits the allegations in the Complaint's first-numbered paragraph 4.

8         5.      The allegations in the Complaint's first-numbered paragraph 5 set forth

9    conclusions of law for which no response is required.

10        6.      The allegations in the first sentence of the Complaint's first-numbered paragraph 6

11   set forth conclusions of law for which no response is required.  In response to the second sentence

12   of the Complaint's first-numbered paragraph 6, Monsanto admits that it sells Roundup®-branded

13   products in Maryland.  In response to the allegations in the final sentence of the Complaint's first-

14   numbered paragraph 6, Monsanto denies certain events giving rise to plaintiffs' claims and

15   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

16   allegations regarding where certain other events giving rise to plaintiffs' claims occurred and

17   therefore denies those allegations.

18        7.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth

19   of the allegations in the first and final sentences of the Complaint's first-numbered paragraph 7

20   and therefore denies those allegations.  Monsanto admits that plaintiffs purport to bring an action

21   for damages allegedly related to exposure to Roundup®-branded products but denies any liability

22   to plaintiffs.  Monsanto denies the remaining allegations in the Complaint's first-numbered

23   paragraph 7.

24        8.      Monsanto admits the allegations in the first sentence of the Complaint's first-

25   numbered paragraph 8.  The remaining allegations in the Complaint's first-numbered paragraph 8

26   set forth conclusions of law for which no response is required.

27        9.      In response to the allegations in the Complaint's first-numbered paragraph 9,

28   Monsanto admits it is authorized to do business in Maryland and that it markets Roundup®-

branded products within Maryland.  The remaining allegations in the Complaint's first-numbered paragraph 9 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

10.     Monsanto admits that it is an agricultural biotechnology corporation.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in the Complaint's first-numbered paragraph 10 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

11.     The allegations in the first sentence of the Complaint's first-numbered paragraph 11 are vague and conclusory and comprise attorney characterizations and are accordingly denied. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the Complaint's first-numbered paragraph 11 and therefore denies those allegations.

12.     Monsanto denies that any exposure to Roundup®-branded products can cause cancer and other serious illnesses and therefore denies the allegations in the first and second sentences of the Complaint's first-numbered paragraph 12.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the second sentence of the Complaint's first-numbered paragraph 12 and therefore denies those allegations. The remaining allegations are vague and conclusory and comprise attorney characterizations and are accordingly denied.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's first-numbered paragraph 13 regarding plaintiffs' claimed purchase or use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations of the Complaint's first-numbered paragraph 13 set forth conclusions of law for which no response is required.

14.     Monsanto admits the allegations in the Complaint's first-numbered paragraph 14.

15.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's first-numbered paragraph 15 and therefore denies those

allegations.

16.    Monsanto admits the allegations in the Complaint's first-numbered paragraph 16.

17.    Monsanto admits the allegations in the Complaint's first-numbered paragraph 17.

18.    In response to the allegations in the Complaint's first-numbered paragraph 18, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in the Complaint's first-numbered paragraph 18 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

19.    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in the Complaint's first-numbered paragraph 19 comprise attorney characterizations and are accordingly denied.

20.    Monsanto admits the allegations in the Complaint's first-numbered paragraph 20.

21.    Monsanto generally admits the allegations in the Complaint's first-numbered paragraph 21, but denies the allegations in the Complaint's first-numbered paragraph 21 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

22.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's first-numbered paragraph 22 and therefore denies those allegations.

23.    Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of the Complaint's first-numbered paragraph 23 and therefore denies those allegations.  Monsanto denies the remaining allegations in the Complaint's first-numbered paragraph 23.

24.    Monsanto admits the allegations in the Complaint's first-numbered paragraph 24.

25.    Monsanto admits that Roundup®-branded products have been used by farmers for

approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in the Complaint's first-numbered paragraph 25.

26.     The allegations in the Complaint's first-numbered paragraph 26 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in the Complaint's first-numbered paragraph 26.

27.     In response to the allegations in the Complaint's first-numbered paragraph 27, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in the Complaint's first-numbered paragraph 27 set forth conclusions of law for which no response is required.

28.     The allegations in the Complaint's first-numbered paragraph 28 set forth conclusions of law for which no response is required.

29.     In response to the Complaint's first-numbered paragraph 29, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Missouri for sale and distribution.

30.     In response to the allegations in the Complaint's first-numbered paragraph 30, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of the Complaint's first-numbered paragraph 30 is vague and ambiguous, and Monsanto therefore denies the same. The remaining allegations in the Complaint's first-numbered paragraph 30 set forth conclusions of law for which no answer is required.

31.     Monsanto denies the allegations in the Complaint's first-numbered paragraph 31 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration.  Monsanto admits that EPA is in the process of conducting regulatory

1  review of various pesticide products, but Monsanto lacks information or knowledge sufficient to

2  form a belief as to the truth of the allegations in the Complaint's first-numbered paragraph 31

3  regarding such pesticide products generally and therefore denies those allegations.  The remaining

4  allegations in the Complaint's first-numbered paragraph 31 set forth conclusions of law for which

5  no response is required.

6  　　　　32.　　In response to the allegations in the Complaint's first-numbered paragraph 32,

7  Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits

8  that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016,

9  EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's

10  carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely

11  to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the

12  same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review

13  Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as

14  "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017,

15  EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential

16  that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be

17  carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief

18  as to the truth of the remaining allegations in the Complaint's first-numbered paragraph 32 and

19  therefore denies those allegations.

20  　　　　33.　　In response to the allegations in the Complaint's first-numbered paragraph 33,

21

22  [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

23

24  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

25

26  [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01364-VC

Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in the Complaint's first-numbered paragraph 33 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

34.     In response to the allegations in the Complaint's first-numbered paragraph 34, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in the Complaint's first-numbered paragraph 34 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

35.     Monsanto denies the allegations in the Complaint's first-numbered paragraph 35.

36.     In response to the allegations in the Complaint's first-numbered paragraph 36, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in the Complaint's first-numbered paragraph 36 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in the Complaint's first-numbered paragraph 36.

37.     Monsanto denies the allegations in the Complaint's first-numbered paragraph 37.

38.     In response to the allegations in the Complaint's first-numbered paragraph 38, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in the Complaint's first-numbered paragraph 38 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the Complaint's first-numbered paragraph 38 and therefore denies those allegations.

39.     Monsanto admits the allegations in the Complaint's first-numbered paragraph 39.

40.     In response to the allegations in the Complaint's first-numbered paragraph 40, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in the Complaint's first-numbered paragraph 40 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the Complaint's first-numbered paragraph 40 and therefore denies those allegations.

41.     Monsanto states that the term "toxic" as used in the Complaint's first-numbered paragraph 41 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in the Complaint's first-numbered paragraph 41.

42.     Monsanto admits the allegations in the Complaint's first-numbered paragraph 42.

43.     In response to the allegations in the Complaint's first-numbered paragraph 43, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in the Complaint's first-numbered paragraph 43.

44.     In response to the allegations in the Complaint's first-numbered paragraph 44, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that the Complaint's first-numbered paragraph 44 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in the Complaint's first-numbered paragraph 44.

45.     In response to the allegations in the Complaint's first-numbered paragraph 45, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in the Complaint's first-numbered paragraph 45.

46.     In response to the allegations in the Complaint's first-numbered paragraph 46, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the Complaint's first-numbered paragraph 46 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in the Complaint's first-numbered paragraph

1 | 46.

2 | 47. Monsanto denies the allegations in the Complaint's first-numbered paragraph 47.

3 | 48. In response to the allegations in the Complaint's first-numbered paragraph 48,

4 | Monsanto states that the cited document speaks for itself and does not require a response. To the

5 | extent that the Complaint's first-numbered paragraph 48 characterizes the meaning of the cited

6 | study, Monsanto denies the remaining allegations in the Complaint's first-numbered paragraph

7 | 48.

8 | 49. In response to the allegations in the Complaint's first-numbered paragraph 49,

9 | Monsanto states that the cited document speaks for itself and does not require a response. To the

10 | extent that the Complaint's first-numbered paragraph 49 characterizes the meaning of the cited

11 | study, Monsanto denies the remaining allegations in the Complaint's first-numbered paragraph

12 | 49.

13 | 50. Monsanto denies the allegation that the cited studies support the allegation that

14 | glyphosate or Roundup®-branded products pose any risk to human health and denies the

15 | remaining allegations in the Complaint's first-numbered paragraph 50.

16 | 51. Monsanto denies the allegations in the Complaint's first-numbered paragraph 51.

17 | 52. Monsanto denies the allegations in the Complaint's first-numbered paragraph 52.

18 | 53. Monsanto denies the allegations in the Complaint's first-numbered paragraph 53.

19 | 54. Monsanto denies the allegations in the Complaint's first-numbered paragraph 54.

20 | 55. Monsanto admits that it has in the past promoted, and continues to promote,

21 | Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

22 | Monsanto denies the remaining allegations in the Complaint's first-numbered paragraph 55.

23 | 56. Monsanto admits that the International Agency for Research on Cancer ("IARC")

24 | is a subgroup of the World Health Organization ("WHO") of the United Nations. Monsanto lacks

25 | information or knowledge sufficient to form a belief as to the truth of the remaining allegations in

26 | the Complaint's first-numbered paragraph 56 and therefore denies those allegations.

27 | 57. Monsanto lacks information or knowledge sufficient to form a belief as to the truth

28 | of the allegations in the Complaint's first-numbered paragraph 57 and therefore denies those

1    allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

2         58.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

3    of the allegations in the Complaint's first-numbered paragraph 58 and therefore denies those

4    allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

5         59.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

6    carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

7    evidence was "cumulative."  The remaining allegations in the Complaint's first-numbered

8    paragraph 59 are vague and conclusory and comprise attorney characterizations and are

9    accordingly denied.

10        60.    Monsanto admits that the full IARC Monograph regarding glyphosate was

11   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A

12   carcinogen.  In response to the remaining allegations in the Complaint's first-numbered paragraph

13   60, Monsanto states that the document speaks for itself and does not require a response.  To the

14   extent that a response is deemed required, the remaining allegations in the Complaint's first-

15   numbered paragraph 60 comprise attorney characterizations and are accordingly denied.

16        61.    Monsanto denies the allegations in the Complaint's first-numbered paragraph 61.

17   The IARC working group concluded that there was only limited evidence of carcinogenicity in

18   epidemiologic studies, which, per IARC's guidelines, means that the working group could not

19   rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

20        62.    In response to the allegations in the Complaint's first-numbered paragraph 62,

21   Monsanto states that the document speaks for itself and does not require a response.  To the

22   extent that a response is deemed required, the allegations in the Complaint's first-numbered

23   paragraph 62 comprise attorney characterizations and are accordingly denied.

24        63.    Monsanto denies the allegations in the Complaint's first-numbered paragraph 63.

25        64.    The allegations in the Complaint's first-numbered paragraph 64 comprise attorney

26   characterizations and are accordingly denied.

27        65.    Monsanto admits the allegations in the Complaint's first-numbered paragraph 65.

28

66.     In response to the allegations in the Complaint's first-numbered paragraph 66, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the Complaint's first-numbered paragraph 66 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in the Complaint's first-numbered paragraph 66.

67.     In response to the allegations in the Complaint's first-numbered paragraph 67, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in the Complaint's first-numbered paragraph 67.

68.     The allegations in the Complaint's first-numbered paragraph 68 are vague and ambiguous and are accordingly denied.

69.     In response to the allegations in the Complaint's first-numbered paragraph 69, Monsanto states that the cited document speaks for itself and does not require a response.

70.     In response to the allegations in the Complaint's first-numbered paragraph 70, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the Complaint's first-numbered paragraph 70 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in the Complaint's first-numbered paragraph 70.

71.     Monsanto denies the allegations in the Complaint's first-numbered paragraph 71.

72.     In response to the allegations in the Complaint's first-numbered paragraph 72, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto otherwise denies the allegations in the Complaint's first-numbered paragraph 72.

73.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in the Complaint's first-numbered paragraph 73.

74.     Monsanto denies the allegations in the Complaint's first-numbered paragraph 74.

75.     Monsanto denies the allegations in the Complaint's first-numbered paragraph 75.

76.     Monsanto denies the allegations in the Complaint's first-numbered paragraph 76.

77.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in the Complaint's first-numbered paragraph 77.

78.     Monsanto denies the allegations in the Complaint's first-numbered paragraph 78.

79.     Monsanto denies the allegations in the Complaint's first-numbered paragraph 79.

80.     Monsanto admits the allegations in the Complaint's first-numbered paragraph 80.

81.     Monsanto denies the allegations in the Complaint's first-numbered paragraph 81.

82.     Monsanto admits the allegations in the Complaint's first-numbered paragraph 82.

83.     Monsanto denies the allegations in the Complaint's first-numbered paragraph 83.

84.     Monsanto denies the allegations in the Complaint's first-numbered paragraph 84.

85.     Monsanto denies the allegations in the Complaint's first-numbered paragraph 85.

86.     Monsanto denies the allegations in the Complaint's first-numbered paragraph 86.

87.     Monsanto denies the allegations in the Complaint's first-numbered paragraph 87.

88.     Monsanto denies the allegations in the Complaint's first-numbered paragraph 88.

89.     Monsanto denies the allegations in the Complaint's first-numbered paragraph 89.

90.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in the Complaint's first-numbered paragraph 90.

91.     In response to the allegations in the Complaint's first-numbered paragraph 91, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in the Complaint's first-numbered paragraph 91.

92.     In response to the allegations in the Complaint's first-numbered paragraph 92, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based

- 12 -

1  on limited data.  Monsanto denies the remaining allegations in the Complaint's first-numbered

2  paragraph 92.

3       93.     In response to the allegations in the Complaint's first-numbered paragraph 93,

4  Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full

5  evaluation of the scientific evidence, including but not limited to three animal carcinogenicity

6  studies.  Monsanto otherwise denies the remaining allegations in the Complaint's first-numbered

7  paragraph 93.

8       94.     In response to the allegations in paragraph 94, Monsanto admits that plaintiffs

9  have accurately quoted from one passage in an EPA document in 1991 with respect to the

10 designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

11 does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP

12 reports and the EPA CARC Final Report discussed above, other specific findings of safety

13 include:

14 - "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
     evidence of non-carcinogenicity for humans—based on the lack of convincing
15    evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
     Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
16    http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

17 - "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
     60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

18 - "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
19   Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

20 - "There is [an] extensive database available on glyphosate, which indicate[s] that
     glyphosate is not mutagenic, not a carcinogen, and not a developmental or
21    reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
22    73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

23 - "EPA has concluded that glyphosate does not pose a cancer risk to humans."
     Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be
24    codified at 40 C.F.R. pt. 180).

25 - "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible
     cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body
26    of research does not provide evidence to show that [g]lyphosate causes cancer and
     does not warrant any change in EPA's cancer classification for [g]lyphosate."
27    *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder
28    Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th

Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 94.

95.     In response to the allegations in paragraph 95, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 95 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

96.     In response to the allegations in paragraph 96, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

97.     Monsanto denies the allegations in paragraph 97 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 97 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

1    denies those allegations.

2          98.      In response to the allegations in paragraph 98, Monsanto admits that three IBT

3    employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals

4    were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

5          99.      In response to the allegations in paragraph 99, Monsanto admits that it – along

6    with numerous other private companies – hired Craven Laboratories as an independent laboratory

7    to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the

8    remaining allegations in paragraph 99.

9          100.     In response to the allegations in paragraph 100, Monsanto admits that EPA

10   investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

11   paragraph 100 are intended to suggest that Monsanto was anything other than a victim of this

12   fraud, Monsanto denies those allegations.

13         101.     In response to the allegations in paragraph 101, Monsanto admits that it was

14   defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

15   at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 101

16   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

17   denies those allegations.

18         102.     In response to the allegations in paragraph 102, Monsanto admits that it has stated

19   and continues to state that Roundup®-branded products are safe when used as labeled and that

20   they are non-carcinogenic and non-genotoxic.

21         103.     In response to the allegations in paragraph 103, Monsanto admits that a 1986 joint

22   report of the World Health Organization and Food and Agriculture Organization of the United

23   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

24   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

25   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

26   carcinogen.  Monsanto denies the remaining allegations in paragraph 103.

27         104.     Monsanto denies the allegations in paragraph 104.

28         105.     Monsanto denies the allegations in paragraph 105.

- 15 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01364-VC

1    106.    Monsanto denies the allegations in paragraph 106.

2    107.    Monsanto denies the allegations in paragraph 107.

3    108.    Monsanto denies the allegations in paragraph 108.

4    109.    Monsanto denies the allegations in paragraph 109.

5    110.    Monsanto denies the allegations in paragraph 110.

6    111.    Monsanto denies the allegations in paragraph 111.

7    112.    Monsanto denies the allegations in paragraph 112.

8    113.    Monsanto denies the allegations in paragraph 113.

9    114.    Monsanto denies the allegations in paragraph 114.

10   115.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

11   of the allegations in paragraph 115 and therefore denies those allegations.

12   116.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

13   of the allegations in paragraph 116 and therefore denies those allegations.

14   117.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

15   of the allegations in paragraph 117 and therefore denies those allegations.

16   118.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

17   of the allegations in the first sentence of paragraph 118 and therefore denies those allegations.

18   Monsanto denies the remaining allegations in paragraph 118.

19   119.    In response to the allegations in paragraph 119, Monsanto denies that any exposure

20   to Roundup®-branded products can cause NHL or other serious illnesses and therefore denies the

21   allegations in paragraph 119.  Monsanto states, however, that the scientific studies upon which

22   IARC purported to base its evaluation of glyphosate were all publicly available before March

23   2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

24   remaining allegations in paragraph 119 and therefore denies those allegations.

25   120.    Monsanto denies the allegations in paragraph 120.

26   121.    Monsanto incorporates by reference its responses to Complaint's first-numbered

27   paragraphs 1 through 120 in response to paragraph 121 of plaintiffs' Complaint.

28   122.    Monsanto denies the allegations in paragraph 122.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01364-VC

123.     In response to the allegations in paragraph 123, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

124.     In response to the allegations in paragraph 124, Monsanto states that the cited document speaks for itself and does not require a response.

125.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in paragraph 125.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

126.     Monsanto denies the allegations in the first and last sentences of paragraph 126. The remaining allegations in paragraph 126 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

127.     Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 127 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

1.     Monsanto incorporates by reference its responses to the Complaint's first-numbered paragraphs 1 through 127 in response to the Complaint's second-numbered paragraph 1.

2.     The allegations in the Complaint's second-numbered paragraph 2 set forth conclusions of law for which no response is required.

3.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 3.

4.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 4,

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01364-VC

1   including each of its subparts.

2       5.      Monsanto denies the allegations in the Complaint's second-numbered paragraph 5.

3       6.      Monsanto denies the allegations in the Complaint's second-numbered paragraph 6.

4       7.      Monsanto denies the allegations in the Complaint's second-numbered paragraph 7.

5       8.      Monsanto denies the allegations in the Complaint's second-numbered paragraph 8,

6   including each of its subparts.

7       9.      Monsanto denies the allegations in the Complaint's second-numbered paragraph 9.

8       10.     Monsanto denies the allegations in the Complaint's second-numbered paragraph

9   10.

10      11.     Monsanto denies the allegations in the Complaint's second-numbered paragraph

11  11.

12      12.     Monsanto denies the allegations in the Complaint's second-numbered paragraph

13  12.

14      13.     Monsanto denies the allegations in the Complaint's second-numbered paragraph

15  13.

16      In response to the "WHEREFORE" paragraph following the Complaint's second-

17  numbered paragraph 13, Monsanto demands that judgment be entered in its favor and against

18  plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded

19  costs of suit and reasonable attorney's fees as allowed by law and such further and additional

20  relief as this Court may deem just and proper.

21      14.     Monsanto incorporates by reference its responses to the Complaint's second-

22  numbered paragraphs 1 through the Complaint's second-numbered 13 in response to the

23  Complaint's second-numbered paragraph 14.

24      15.     In response to the allegations in the Complaint's second-numbered paragraph 15,

25  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

26  allegations that plaintiffs used or was exposed to Roundup®-branded products and therefore

27  denies those allegations.  Monsanto denies the remaining allegations in the Complaint's second-

28  numbered paragraph 15.

- 18 -

16.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's second-numbered paragraph 16 and therefore denies those allegations.

17.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 17.

18.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 18.

19.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 19.

20.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 20, including each of its subparts.

21.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 21.

22.     Monsanto denies that Roundup®-branded products have "dangerous characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the Complaint's second-numbered paragraph 22 and therefore denies those allegations.

23.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's second-numbered paragraph 23 and therefore denies those allegations.

24.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 24.

25.     The allegations in the Complaint's second-numbered paragraph 25 set forth conclusions of law for which no response is required.

26.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 26.

27.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 27.

28.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 28.

29.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 29.

30.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 30.

31.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 31.

32.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 32.

33.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 33.

34.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 34.

35.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 35.

36.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 36.

37.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 37.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

38.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 38.

39.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 39.

40.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 40.

41.     Monsanto denies the allegations in the Complaint's second-numbered paragraph

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01364-VC

1  41.

2       In response to the "WHEREFORE" paragraph following the Complaint's second-

3  numbered paragraph 41, Monsanto demands that judgment be entered in its favor and against

4  plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded

5  costs of suit and reasonable attorney's fees as allowed by law and such further and additional

6  relief as this Court may deem just and proper.

7       42.    Monsanto incorporates by reference its responses to the Complaint's first-

8  numbered paragraphs 1 through the Complaint's second-numbered paragraph 41 in response to

9  the Complaint's second-numbered paragraph 42.

10      43.    Monsanto denies the allegations in the Complaint's second-numbered paragraph

11 43.

12      44.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

13 of the allegations in the Complaint's second-numbered paragraph 44 and therefore denies those

14 allegations.

15      45.    Monsanto denies the allegations in the Complaint's second-numbered paragraph

16 45. All labeling of Roundup®-branded products has been and remains EPA-approved and in

17 compliance with all federal requirements under FIFRA.

18      46.    Monsanto denies the allegations in the Complaint's second-numbered paragraph

19 46.

20      47.    Monsanto denies the allegations in the Complaint's second-numbered paragraph

21 47. All labeling of Roundup®-branded products has been and remains EPA-approved and in

22 compliance with all federal requirements under FIFRA.

23      48.    Monsanto denies the allegations in the Complaint's second-numbered paragraph

24 48. All labeling of Roundup®-branded products has been and remains EPA-approved and in

25 compliance with all federal requirements under FIFRA and with California law.

26      49.    Monsanto denies the allegations in the Complaint's second-numbered paragraph

27 49.

28      50.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

- 21 -

of the allegations regarding plaintiffs' use history in the Complaint's second-numbered paragraph 50 and therefore denies those allegations.  Monsanto denies the remaining allegations in the Complaint's second-numbered paragraph 50.

51.     The allegations in the Complaint's second-numbered paragraph 51 set forth conclusions of law for which no response is required.

52.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 52.

53.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 53.

54.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 54.

55.     Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in the Complaint's second-numbered paragraph 55.

56.     The allegations in the Complaint's second-numbered paragraph 56 set forth conclusions of law for which no response is required.

57.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's second-numbered paragraph 57 and therefore denies those allegations.

58.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 58.

59.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 59.

60.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 60.

61.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 61.

62.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 62.

63.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 63.

64.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 64.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA

65.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 65.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA

66.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 66.

67.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 67.

68.     Monsanto denies the allegation sin the Complaint's second-numbered paragraph 68.

In response to the "WHEREFORE" paragraph following the Complaint's second-numbered paragraph 68, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

69.     Monsanto incorporates by reference its responses to the Complaint's first-numbered paragraphs 1 through the Complaint's second-numbered 68 in response to the Complaint's second-numbered paragraph 69.

70.     Monsanto admits that plaintiffs purport to bring a claim under Maryland's consumer protection act, Md. Code Ann., Com. Law §§ 13-101 *et seq.*, but denies any liability as to that claim.  Monsanto denies the remaining allegations in the Complaint's second-numbered paragraph 70.

71.     The allegation in the Complaint's second-numbered paragraph 71 sets forth a conclusion of law for which no response is required.

72. Monsanto denies the allegations in the Complaint's second-numbered paragraph 72.

73. Monsanto denies the allegations in the Complaint's second-numbered paragraph 73.

74. Monsanto denies the allegations in the Complaint's second-numbered paragraph 74.

75. Monsanto denies the allegations in the Complaint's second-numbered paragraph 75.

76. Monsanto denies the allegations in the Complaint's second-numbered paragraph 76.

77. Monsanto denies the allegations in the Complaint's second-numbered paragraph 78.

78. Monsanto denies the allegations in the Complaint's second-numbered paragraph 79.

79. Monsanto denies the allegations in the Complaint's second-numbered paragraph 80.

In response to the "WHEREFORE" paragraph following the Complaint's second-numbered paragraph 80, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

80. Monsanto incorporates by reference its responses to the Complaint's first-numbered paragraphs 1 through the Complaint's second-numbered 79 in response to the Complaint's second-numbered paragraph 80.

81. Monsanto denies the allegations in the Complaint's second-numbered paragraph 81.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01364-VC

82.      Monsanto denies the allegations in the Complaint's second-numbered paragraph 82. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

83.      Monsanto denies the allegations in the Complaint's second-numbered paragraph 83.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

84.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's second-numbered paragraph 84 regarding plaintiffs' knowledge or reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in the Complaint's second-numbered paragraph 84.  In addition, Monsanto states that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

85.      Monsanto denies the allegations in the Complaint's second-numbered paragraph 85.

86.      Monsanto denies the allegations in the Complaint's second-numbered paragraph 86.

87.      Monsanto denies the allegations in the Complaint's second-numbered paragraph 87.

88.      Monsanto denies the allegations in the Complaint's second-numbered paragraph 88.

89.      Monsanto denies the allegations in the Complaint's second-numbered paragraph 89.

90.      Monsanto denies the allegations in the Complaint's second-numbered paragraph 90.

91.      Monsanto denies the allegations in the Complaint's second-numbered paragraph 91.

92.      Monsanto denies the allegations in the Complaint's second-numbered paragraph 92.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01364-VC

93.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 93.

In response to the "WHEREFORE" paragraph following the Complaint's second-numbered paragraph 93, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

\*      \*      \*

There are no second-numbered paragraphs numbered "94" through "127", nor paragraphs numbered "128" through "220", and therefore no response is required.

\*      \*      \*

221.     Monsanto incorporates by reference its responses to the Complaint's first-numbered paragraphs 1 through 220 in response to paragraph 221 of plaintiffs' Complaint.

222.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 222 regarding the marital status of plaintiffs and accordingly denies those allegations.

223.     Monsanto denies the allegations in paragraph 223.

In response to the "WHEREFORE" paragraph following paragraph 223, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

1      2.      Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically

2   reliable evidence that the products at issue were defective or unreasonably dangerous.

3      3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was

4   so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

5   plaintiffs' alleged injuries.

6      4.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were

7   designed, manufactured, marketed and labeled with proper warnings, information, cautions and

8   instructions, in accordance with the state of the art and the state of scientific and technological

9   knowledge.

10     5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were

11  not defective or unreasonably dangerous in that they complied with, at all relevant times, all

12  applicable government safety standards.

13     6.      Any claims based on allegations that Monsanto misled, defrauded, made

14  misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.  *See,*

15  *e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

16  *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

17     7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law

18  relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

19  processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

20     8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings

21  that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product

22  labeling.

23     9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary

24  jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

25     10.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any,

26  were the result of conduct of plaintiffs, independent third parties, and/or events that were

27  extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

28

1   independent, intervening and superseding causes of the alleged injuries, including but not limited

2   to plaintiffs' pre-existing medical conditions.

3       11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and

4   k, bar plaintiffs' claims against Monsanto in whole or in part.

5       12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or

6   in part.

7       13.     Plaintiffs' misuse or abnormal use of the product or failure to follow instructions

8   bar plaintiffs' claims in whole or in part.

9       14.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries

10  or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is

11  neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the

12  relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes

13  that are not related or connected with any product sold, distributed, or manufactured by

14  Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an

15  independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

16      15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to

17  plaintiffs by which liability could be attributed to it.

18      16.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the

19  Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

20      17.     Plaintiffs' claims for punitive and/or exemplary damages are barred because such

21  an award would violate Monsanto's due process, equal protection and other rights under the

22  United States Constitution, the Maryland Constitution, and/or other applicable state constitutions.

23      18.     Plaintiffs' claims for punitive and/or exemplary damages are barred because

24  plaintiffs have failed to allege conduct warranting imposition of such damages under Maryland

25  law, and/or other applicable state laws.

26      19.     Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited

27  by operation of state and/or federal law.

28

- 28 -

20.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

21.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate damages.

22.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

23.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs received from collateral sources.

24.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

25.     Plaintiffs have failed to allege fraud with sufficient particularity.

26.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

28.     If plaintiffs have been injured or damaged, no injury or damages being admitted, plaintiffs' claims for damages are limited by M.D. Cts. & Jud. Proc. § 11-108.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## <u>JURY TRIAL DEMAND</u>

Monsanto demands a jury trial on all issues so triable.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01364-VC

DATED:  March 25, 2020                    Respectfully submitted,


                                          /s/ Joe G. Hollingsworth
                                          Joe G. Hollingsworth (*pro hac vice*)
                                          (jhollingsworth@hollingsworthllp.com)
                                          Eric G. Lasker (*pro hac vice*)
                                          (elasker@hollingsworthllp.com)
                                          HOLLINGSWORTH LLP
                                          1350 I Street, N.W.
                                          Washington, DC  20005
                                          Telephone:  (202) 898-5800
                                          Facsimile:  (202) 682-1639

                                          *Attorneys for Defendant*
                                          *MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-01364-VC