Bryce T. Hensley
Illinois State Bar No. 6327025
Romanucci & Blandin, LLC
321 N. Clark Street, Suite 900
Chicago, Illinois 60654
312-253-8800
bhensley@rblaw.net
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION* | MDL Docket No. 2741 |
| | Case No. 3:16-MD-2741-VC |
| This Document relates to: | The Honorable Judge Vince Chhabria |
| *Meghan Caruso, et al. v. Russo Hardware, et al.* | |
| USDC – NDIL No. 1:19-cv-7121 | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND** |
| USDC – NDCA No. 3:20-cv-01017-VC | **Hearing Date: TBD** |
| | Hearing Time: TBD |
| | Courtroom: 4 |

**TABLE OF CONTENTS**

**TABLE OF CONTENTS**……………………………………………………………………...i

**TABLE OF AUTHORITIES**……………………………………………………………………ii

I.     As a threshold matter, Monsanto's removal was procedurally defective in failing to assess removability in January 2019 at the time of Russo's Answer……………………………………………………2

II.    Monsanto again failed to assess removability after its Counsel began jointly representing Russo………………………………………………3

III.   Complete diversity does not exist: Monsanto has failed to carry the exceedingly heavy burden required to prove that Caruso fraudulently joined Russo……..…………………………………………………...4

      a.  Monsanto's arguments regarding decedent John Caruso's knowledge revolve around substantive fact questions that are not appropriate for resolution at this stage and must be resolved in Caruso's favor…………………………………………………..4

      b.  Caruso can succeed against Russo because her pleadings and limited evidence establish that Russo knew or should have known about Roundup's dangers ….…………………………………………..7

Conclusion………………………………………………………………………………10

**CERTIFICATE OF SERVICE**………………………………………………………..12

# **TABLE OF AUTHORITIES**

**Cases**

*Abrego v. Dow Chem. Corp.*, 443 F.3d 676 (9th Cir. 2006)……………………………………4, 7

*Arias v. Follet Higher Education Corp.*, No. 8-18-cv-01965 (JLC-JDE),
2019 WL 484192 (C.D. Cal. Feb. 7, 2019). ............……………………………………………….5

*Feizbakhsh v. Travelers Comm. Ins. Co.*, No. LA CV16-02165 (JAK),
2016 WL 872296 (C.D. Cal. Sept. 9, 2016)……………………………………………………6

*Flores v. ABM Industry Groups, LLC*, No. 8:18-CV-01483-JLS-KES,
2018 WL 6428026, at *3 (C.D. Cal. Dec. 7, 2018)…………………………………………….5, 7, 8

*Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543 (9th Cir. 2018)…………………..7

*Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689 (9th Cir. 2005)……………………….4, 7

*Kirkman v. Kirkman*. 195 Ill. App. 3d 393, 397 (4th Dist. 1990)……………………………...7-10

*Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013)………….4

*Martinez v. McKesson Corp.*, No. 3:15-cv-02903 (JLB), 2016 WL 5930271
(S.D. Cal. Apr. 7, 2016). …………………………………………………………………………….5

*Price v. Wyeth Holdings Corp.,* 505 F.3d 624 (7th Cir.2007)…………………………………… 2

*Reynolds v. The Boeing Co*, 2:15-CV-2846-SVW-AS, 2015 WL 4573009
(C.D. Cal. July 28, 2015)…………………………………………………………………………….6

*Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998)……………………………………4-5

*Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752 (7th Cir. 2009)……………………………7, 9

*Walker v. Trailer Transit, Inc.*, 727 F.3d 819 (7th Cir. 2013)…………………………………..2-4

*Widlowski v. Durkee Foods, Div. of SCM Corp.*, 138 Ill.2d 369, 373 (1990)…………………..7, 9

*Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n,* 668 F.2d 962 (7th Cir.1982)……2

**Rules**

The first and only issue this Court need address is whether Monsanto's removal was timely. It was not. For months, Monsanto sat on the information it asserts as its basis for removal. Since January 2019, Monsanto had Russo's Answer—signed by Russo's Counsel—in which it denied the material allegations of Plaintiff's First Amended Complaint. Russo's denials back then are no different than the interrogatory responses and declaration it submitted in October 2019. The denials affirmatively and unambiguously provided Monsanto with the same information allegedly first apparent only days before its removal. Moreover, Monsanto's counsel failed to assess removability with their own client, Russo, when joint representation began in approximately August 2019. Monsanto had multiple opportunities to effect removal within the 30-day window prescribed by the removal statute, but failed to do so. Its removal was procedurally flawed.

Monsanto's substantive response as to fraudulent joinder fares no better. This Court does not have subject matter jurisdiction. Caruso named an in-state corporation, Russo, as a defendant in this action based on what they knew or should have known about the carcinogenic qualities of the product it sold and was used by John Caruso. Monsanto, though, goes beyond a jurisdictional analysis and seeks to pre-try the case requesting the Court resolve factual and legal questions in their favor. Specifically, they ask this Court to determine whether decedent John Caruso had more knowledge than Russo as to Roundup's dangers. Far from dispositive, such an analysis is premature and is but one issue that must be resolved in Caruso's favor at this juncture. Moreover, any such resolution is impossible because Monsanto withheld all of Russo's responsive documents in discovery. Even without them, after resolving all discrepancies in Caruso's favor, a more than reasonable possibility exists that Caruso will succeed against Russo. As such, Monsanto fails to meet the heavy burden required to prove fraudulent joinder. This case must be remanded.

I. **As a threshold matter, Monsanto's removal was procedurally defective in failing to assess removability in January 2019 at the time of Russo's Answer.**

"The purpose of the 30–day limitation is twofold: to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823 (7th Cir. 2013) (*citing Price v. Wyeth Holdings Corp.,* 505 F.3d 624, 628–29 (7th Cir.2007); *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n,* 668 F.2d 962, 965 (7th Cir.1982)).

Monsanto seeks that exact tactical advantage here in avoiding Cook County state court: a court much less familiar to them than this Court where it has been facing thousands of lawsuits for years. This case was pending in Cook County for 363 days without any disputes as to the merits and where the parties had begun exchanging initial written discovery. Monsanto's decision to wait over nine months after receipt of Russo's Answer to remove the case is the exact evil *Walker* warned against as state court proceedings had already extended over a year. *See* 727 F.3d at 823.

Monsanto backpedals, though, characterizing Russo's denials in their Answer as mere indicia of "dispute." *See* Dkt. 35, p. 8.[1] Instead, Monsanto argues that these facts only became clear through interrogatory responses and an affidavit, which—in reality—vary little from the denials in Russo's Answer. *See* Dkt. 31, pp. 4-6. Monsanto wholly disregards the effect of such denials in an Answer, which are exactly that: *denials* certified by an attorney signature. *See* Ill. S.

---

[1] All references labeled as "Dkt." are to the Electronic Docket in the individual case, No. 3:20-cv-01017-VC.

Ct. R. 137(a). That signature certifies that the attorney read the pleading and that to the best of their knowledge, information, and belief, *formed after a reasonable inquiry*, the pleading is *well-grounded in fact*. *See id*. In its Answer, Russo unequivocally denied—undoubtedly after such a reasonable inquiry and based on well-grounded fact—the facts Monsanto highlighted as the basis for its Removal. *See* Dkt. 30-6, ¶¶ 9-12, 29, 93, 100-101, 102; *see also* Dkt. 31, p. 5 (chart highlighting facts in question). There is no ambiguity in any of the denials Russo initially made.

Monsanto references *some* of Caruso's allegations being made "upon information and belief." Dkt. 35, p. 11. Yet, that phrase appears in none of Russo's explicit denials. *See id.* at 10-11. In reality, those denials are no different than a sworn interrogatory response or affidavit. To suggest otherwise essentially invalidates Rule 137, as well as its federal corollary (F.R.C.P. 11) governing representations in pleadings. Such a result is nonsensical and the argument is unfounded. The denials in pleadings do not just signal disputes; they carry attorney certification. Monsanto had such affirmative and unambiguous proof in the form of outright denials in January 2019. Monsanto failed to remove the case then and it forfeited its right to do so now.

## II.   Monsanto again failed to assess removability after its Counsel began jointly representing Russo.

Any alleged remaining ambiguity that Monsanto claims existed after Russo's Answer could have been clarified when Monsanto and Russo began sharing counsel. It is not speculative that Monsanto's counsel is jointly representing Russo in this case. *See* Dkt. 30, ¶¶ 16-23; Dkt. 30-7 – 30-16 (Ex. F – Ex. M). As a matter of fact, Monsanto does not dispute this point in their opposition brief. *See* Dkt. 35, pp. 12-13. The Court need look no further than the timeline presented in Caruso's Motion to Remand, Dkt. 30, and apply common sense to realize the obvious in light of Court-imposed deadlines and their reasonable investigation and due diligence: Monsanto had

to have been aware of the facts included within Russo's discovery responses and its President's affidavit over 30 days before it attempted to remove. *See* Dkt. 30, ¶¶ 16-23; Dkt. 31, pp. 7-9.

The cases cited by Monsanto, like *Walker*, include knowledge transmitted between opposing parties (i.e. the amount in controversy for CAFA purposes). Dkt. 31, pp. 12-13. The failure to ascertain removability in those cases was based on knowledge solely in the plaintiff's possession. Here, the basis for removal was within Monsanto's grasp. After the joint defense began, Monsanto's Counsel only had to speak to its other client to assess removability. It failed to do so and failed to exercise reasonableness in their efforts. *See Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). Such failures are fatal to its removal.

### III. Complete diversity does not exist: Monsanto has failed to carry the exceedingly heavy burden required to prove that Caruso fraudulently joined Russo.

#### a. Monsanto's arguments regarding decedent John Caruso's knowledge revolve around substantive fact questions that are not appropriate for resolution at this stage and must be resolved in Caruso's favor.

Whether John Caruso knew or should have known about the carcinogenic qualities of Roundup and whether he had no, less, the same, or more knowledge than Russo are factual disputes not currently ripe for decision. The key inquiry at the fraudulent joinder stage is whether Caruso has a claim against Russo, *not* whether Russo has a potential defense to a such claim. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Should this Court accept Monsanto's position that the *only* claim available to Caruso against Russo is under Section 388 of the Restatement and that "unequal knowledge" *vis-à-vis* Russo must be proven, all questions must be resolved in Caruso's favor at this time. See *Harris v. Bankers Life and Casualty Co.,* 425 F.3d 689, 698 (9th Cir. 2005); *Abrego v. Dow Chem. Corp.*, 443 F.3d 676, 685 (9th Cir. 2006). More pointedly, any such questions go to the merits of Caruso's numerous claims. And while Caruso

does not dispute that "summary judgment-type evidence" can be used to assess jurisdictional propriety, a summary judgment-type analysis of that evidence at this stage is improper. *Id*; *see also Ritchey*, 139 F.3d at 1318; *Flores v. ABM Industry Groups, LLC*, No. 8:18-CV-01483-JLS-KES, 2018 WL 6428026, at *3 (C.D. Cal. Dec. 7, 2018) ([t]he Court will not entertain what amounts to a motion for summary judgment guised as a question of removability."). Monsanto cites to cases that hold such evidence can be used, but fails to expound on their limitations. Dkt. 35, pp. 2-3, 5.

In *Martinez v. McKesson Corp.*, for example, the defendant produced declarations denying manufacturing or marketing the product in question and further attested that they had never distributed to the plaintiffs' doctor or the facility in question. No. 3:15-cv-02903 (JLB), 2016 WL 5930271 at *3-*4 (S.D. Cal. Apr. 7, 2016). That is starkly different from the situation here as the Declaration of Eric Adams contains no such denial that John Caruso used Roundup sold by Russo or that Russo sold Roundup to his employer: The University of Illinois-Chicago. *See* Dkt. 1-3. Caruso even produced uncontroverted supporting documents proving such. Dkt. 30-17. Further, Caruso never claimed that Russo manufactured Roundup and Adams' Declaration as to marketing is silent, which is one of the bases for Caruso's claims. *See* Dkt. 30-1, ¶ 117(b), (f). Whereas in *Martinez* the Court was able to rely on an uncontradicted declaration that *no* evidence existed showing the defendant sold the product to the location in question, 2016 WL 5930271 at *3, there is evidence of distribution and sale here, as well as inferences that can be drawn as to Russo's knowledge of Roundup's danger from their own website, which is properly considered at this time as it is referenced in Caruso's Second Amended Complaint. *See* Dkt. 30-1, ¶¶95-99, 102, 11.

The other cases Monsanto cites in support are similarly flawed. In *Arias v. Follet Higher Education Corp.*, the plaintiff's motion to remand was denied due to threadbare allegations against

*all* defendants, which only mentioned the fraudulently joined party in a single paragraph. No. 8-18-cv-01965 (JLC-JDE), 2019 WL 484192 at *3 (C.D. Cal. Feb. 7, 2019). There was nothing specific about that defendant in the pleadings and the plaintiff produced no evidence proving their involvement. *Id*. Further, in *Feizbakhsh v. Travelers Comm. Ins. Co.*, the Court took a fleeting glance at the evidence, but actually dismissed the case due to pleading deficiencies: broad, conclusory allegations that rendered it susceptible to a motion to dismiss. *See generally* No. LA CV16-02165 (JAK), 2016 WL 872296 (C.D. Cal. Sept. 9, 2016). Neither is the case here. Caruso alleged specific action and inaction by Russo, not on information and belief but from their own website and based on evidence, that support negligence claims under Illinois law. Notwithstanding blatant obstinance from both Defendants in discovery, Caruso was still able to produce evidence that Russo was an industry leader, sold Roundup, and specifically did so to Caruso's employer while Caruso worked there after the IARC Report and prior to his diagnosis. The cases cited by Monsanto are inapposite.

Finally, Monsanto cites to *Reynolds v. The Boeing Co.*, which was actually remanded. No. 2:15-CV-2846-SVW-AS, 2015 WL 4573009 (C.D. Cal. July 28, 2015). There, the Court found there was sufficiently ambiguous evidence presented to surpass the preliminary, "unexacting" determination for fraudulent joinder. *Id*. at *5-6 (explaining the lack of need to dissect incongruities in the evidence). The Court further advised the "extreme caution" that must be exhibited in prejudging a case under a fraudulent joinder analysis. *Id*. at *5.  In fact, the Court undermined Monsanto's very first sentence in their brief. Any alleged importance of their right to removal is dwarfed by the presumption against removal especially when ambiguity exists. *Id*.

Importantly, the purpose of the fraudulent joinder analysis is not to conclusively resolve a claim on its merits, but to assess whether there is any plausible basis for the claim being brought at all. *See i.e. Flores*, 2018 WL 6428026, at *3. In sum, fact questions abound in this case as to Russo's and John Caruso's knowledge and responsive documents were never produced by Russo. *See* Dkt. 31, p. 6 f.n.4. Caruso should be entitled to further determine Russo's knowledge and liability as alleged in her pleadings and demonstrated in the documents produced thus far.

### b. Caruso can succeed against Russo because her pleadings and limited evidence establish that Russo knew or should have known about Roundup's dangers.

Monsanto had to show Caruso *obviously* has *no* possibility of success against Russo. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548-9 (9th Cir. 2018). They did not. If allowed to pursue her claims, Caruso has more than a "fanciful" chance of success. In her pleadings, Caruso brought a claim of negligence, which includes claims of failing to act reasonably in the sale, marketing, warning, and distribution of Roundup. Dkt. 30-1, ¶117. Under Illinois law, "every person owes a duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of an act…extend[ing] to remote and unknown persons." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 766 (7th Cir. 2009) (quoting *Widlowski v. Durkee Foods, Div. of SCM Corp.*, 138 Ill.2d 369, 373 (1990)). Whether a duty exists is a question of law, which must be resolved in Caruso's favor. *Harris,* 425 F.3d at 698; *Abrego*, 443 F.3d at 685.

Rather than address all of the breaches that Caruso pled, Monsanto recasts the entire count against Russo as a claim for "failure to warn" without addressing any other allegation of breach in Count I. *See i.e.* Dkt. 35, p. 3; s*ee also* Dkt. 30-1 ¶ 110-122. In doing so, Monsanto relies heavily on the summary judgment decision in *Kirkman v. Kirkman*. 195 Ill. App. 3d 393, 397 (4th Dist.

1990); Dkt. 35, pp. 3-8. *Kirkman* involved a truck igniting after a gas leak from its tank. 195 Ill. App. 3d at 395. The lawsuit was filed against the tank manufacturer who then filed a third-party complaint against the tank's seller. *Id*. at 395-96. Evidence in the case included testimony from the purchaser plaintiff that he understood and appreciated the dangers present when he saw gas leaking out of the truck. *Id*. at 398. Moreover, the seller defendant *knew* that the purchaser was aware of the problem because the purchaser had told him of the problems with the leaking. *Id*. The Court held, "There was no unequal knowledge between the seller and buyer in this instance." *Id*.

This case is in its litigation infancy in comparison. The court in *Kirkman* had the benefit of a fully-developed factual record, including depositions and written discovery exchanged between all parties. *Id*. at 396. Even if this Court wanted to weigh the parties' respective knowledge of the carcinogenic qualities of Roundup, it would be unable to do so because the Defendants jointly withheld such information in blatant derogation of Illinois Supreme Court Rules. Dkt. 31, p. 6 f.n.4. In its discovery responses (drafted by Monsanto's Counsel), Russo did not turn over a single document. For over 30 of the nearly 50 requests, it claimed to have no responsive documents. *See* Dkt. 30-14. For the 12 requests that it did admit to having responsive documents, it raised an objection that has no basis in Illinois law: that it would produce documents once Caruso presented sufficient evidence that the decedent was exposed to Russo's distributed products, which Caruso had already done. *Id*; *see also* Dkt. 31, p. 6 f.n.4. At this time, Caruso is in the dark with extremely limited evidence, as the case was improperly removed before she even had the chance to address deficiencies by engaging in Illinois Supreme Court Rule 201(k) discussions to meet and confer.

While withholding this evidence, Monsanto attempts to "pierce the pleadings" with a premature motion for summary judgment on the merits. *See Flores*, 2018 WL 6428026, at *3. In

support, Monsanto offers interrogatory answers that its own counsel crafted and a declaration (conspicuously missing a date and a notary signature) from one employee of the "premier power equipment and landscape dealer of the Midwest" that has five locations and untold employees across the Chicagoland area. Along with that evidence, Monsanto points to a single email sent from Caruso to her husband that referenced Roundup's carcinogenicity once. Monsanto ignores that John Caruso may have had to weigh those representations with others from a Monsanto representative, Russo representative, or other individual on the job. Further, there has been no proof adduced that John Caruso ever read the email or spoke to his wife about its contents. At most, the email may one day provide a fact in support of Monsanto's defense. It certainly is not enough to grant a motion for summary judgment, let alone find Russo was fraudulently joined.

Monsanto also points to courses that Caruso took. Dkt. 35, p. 7. However, none of the slides produced discuss the risks of glyphosate or Roundup; they deal with pesticides, in fact Monsanto admits as much. Dkt. 1-5.; Dkt. 35, p. 1. Both products are herbicides. Further, none of the slides indicate that those products, or any herbicide, cause non-Hodgkin's lymphoma or any cancer. *Id*. In *Kirkman*, the purchaser was aware of the exact risk in question: a leaking fuel tank leading to fire. 195 Ill.App.3d at 398. While John Caruso *may* have been aware of general dangers associated with herbicides, Monsanto has produced no evidence that he had reason to know any herbicide caused cancer. Moreover, the seller in *Kirkman* was aware of the purchaser's knowledge. Here, the Declaration explicitly disavows *anyone* at Russo knowing John Caruso. Dkt. 1-3 ¶9. He also denies knowing whether he ever used Roundup. *Id*. To be sure, his lack of knowledge does not defeat Caruso's claim, as Russo and its employees had a duty to reasonably foreseeable users, which Caruso obviously was. *See Schur*, 577 F.3d at 766 (quoting *Widlowski*, 138 Ill.2d at 373).

Even without a fully-developed factual record like in *Kirkman*, reasonable inferences can still be drawn that Russo had greater knowledge and should have known about the dangers of Roundup and taken reasonable care in its marketing, sale, warning, distribution, and application. The argument that Caruso pled herself out of Court by arguing Monsanto concealed this information from the general public should be disregarded. Dkt. 35, p. 7-8. Russo is not the general public. It is a self-proclaimed regional paragon in the landscaping/agricultural community where Roundup is one of the most widely-sold and used products. Further, Russo sent its teams to trade shows, industry seminars, vendor training programs, and held periodic in-house training sessions led by management. Dkt. 30-1, ¶¶95-99, 102, 11.[2] Russo now looks to shuck its self-endowed mantle of excellence in the field and claim that it had no reason to know that one of its most popular products had been designated as potentially causing thousands of people's cancer three years prior.

If the Court ultimately engages and accepts their arguments, Monsanto will have generated the basis for its removal through coordinating its co-Defendant's discovery responses while simultaneously withholding evidence that would allow Caruso to combat its allegations. Caruso should not be penalized for complying with discovery rules while the Defendants are rewarded for their stock objections and gamesmanship in failing to produce a single responsive document.

## Conclusion

For all the foregoing reasons, Plaintiff Meghan Caruso's Motion to Remand should be granted.

**Dated: March 26, 2020**                                Respectfully submitted,

                                                         /s/     Bryce T. Hensley

---

[2] Although claiming that "Plaintiff offer[ed] no evidence regarding the substance of the [2019] presentation," Dkt. 31, p. 13, like the evidence cited here, Russo and Monsanto withheld any such documents in discovery from Caruso.

*Attorney for Plaintiff*

Bryce T. Hensley
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
bhensley@rblaw.net

## **CERTIFICATE OF SERVICE**

I, Bryce T. Hensley, Counsel for Plaintiff, hereby certify that on March 26, 2020, I electronically filed "Plaintiff's Reply in Support of Motion to Remand" and accompanying documents with the Clerk of the Court using the CM/ECF System, which sends notification of such filing to the following CM/ECF participants:

T.J. Dammrich, II
Peter Francis O'Neill
Shook, Hardy & Bacon LLP
111 S. Wacker, Suite 4700
Chicago, IL 60606
(312) 704-7721
tjdammrich@shb.com
pfoneill@shb.com
docket@shb.com

Brett Michael Mares
Heyl Royster Voelker & Allen
33 N. Dearborn Street
7th Floor
Chicago, IL 60602
(312) 853-8700
bmares@heylroyster.com

**Date: March 26, 2020**                    /s/ Bryce T. Hensley
                                            Illinois State Bar No. 6327025
                                            **ROMANUCCI & BLANDIN, LLC**
                                            321 N. Clark Street, Suite 900
                                            Chicago, IL 60654
                                            312-253-8800
                                            bhensley@rblaw.net
                                            *Counsel for Plaintiff*