Rhon E. Jones (JON093)
rhon.jones@beasleyallen.com
John E. Tomlinson (TOM014)
john.tomlinson@beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN,**
 **PORTIS AND MILES, P.C.**
Post Office Box 4160
218 Commerce Street
Montgomery, Alabama  36103
Phone: (334) 269-2343
Fax:(334) 954-7555

Mark D. Ball (Fed ID#5122)
mball@pmped.com
Neil W. Alger (Fed ID#11903)
nalger@pmped.com
**PETERS, MURDAUGH, PARKER,**
 **ELTZROTH & DETRICK, P.A.**
101 Mulberry Street East
Post Office Box 457
Hampton, South Carolina 29924
Phone: (803) 943-2111
Fax: (803) 943-3943

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>———————————————<br><br>THIS DOCUMENT RELATES TO:<br><br>*Randy Bodiford. v Monsanto Company, et al.*, Case No. 3:20-cv-01025 | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMND** |

1
2
### **TABLE OF CONTENTS**
3
TABLE OF CONTENTS…………………………………………………………………..…i

TABLE OF AUTHORITIES…………………………………………………………….....ii

INTRODUCTION……………………………………………………………………………1

ARGUMENT AND AUTHORITY………………………………………………………….1

I.      The Theory of Fraudulent Joinder Fails if there is a *Possibility* of a Cause of Action…………..1

II.    The Undeniable and Incontrovertible Evidence Establishes Beyond a Possibility That Plaintiff Has Causes of Action Against Browning Farms………………………………………………….2

   A.  Defendant Monsanto Misstates South Carolina Tort Law as it Pertains to Defendant Browning Farms' Knowledge ………………………………………………………….…….3

   B.  Plaintiff has Unrebutted Evidence in the Record to Support his Claims…………………….5

III.  Defendant Monsanto's Removal of this Action was Untimely ……………………….………....7

CONCLUSION…………………………………………………………………….........8
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**TABLE OF AUTHORITIES**

2  Cases                                                                                            Page(s)

3

4  *Balsden v. Bayer Corp.,,*
   275 F.Supp.2d 759 (S.D.W.Va. August 11, 2003) ……………………………………………4

5  *Betts v. Eli Lilly and Co.,*
   435 F.Supp.2d 1180(S.D.Al. June 5, 2006)………………………………………………4

6

7  *Flores v. ABM Industry Groups, LLC.,*
   No.: 8:18-cv-01483-JLS-KES, 2018 WL 6428026, at *2 (C.D.Cal. Dec. 7, 2018)...………………2

8

9  *Gaus v. Miles, Inc.,*
   980 F.2d 564, 566(9th Cir.1992)…………………………………………………..……2

10  *Grancare, LLC v. Thrower by and through Mills,*
   889 F.3d 543, 549 (9th Cir. 2018)……………………………………………...…..……1, 2

11

12  *Greene v. Novartis Pharmaceuticals Corp.,*
   2007 WL 3407429, at *5-6(S.D.Ga. September 13, 2010) ……………………………………4

13  *Hartley v. CSX Transp. Inc.,*
   187 F.3d 422, 424 (4th Cir. 1999)………………………………………………..………1, 2

14

15  *In re:  Roundup Products Liability Litigation,*
   MDL No 3:16-md-02741-VC (N.D.Cal)………………………………………………...5

16  *Livingston v. Noland Corp.,*
   362 S.E.2d 16, 18-19 (S.C. 1987)…………………………………………………..…...3

17

18  *Mulcahey v. Columbia Organic Chems. Co.,*
   29 F.3d 148, 151 (4th Cir. 1994)……………………………………………………2

19

20  *Trosclair v. Monsanto Co., et al* ……………………………………………………...…5

21  *Yarbrough v. Actavis Totowa, LLC,*
   2010 WL 3604675, at *5-6 (S.D.Ga. September 13, 2010)……………………………………4

22

23  Statutes

24  28 U.S.C. § 1446 (b)(3)………………………………………………...………...7, 8

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

Randy Bodiford, by and through his undersigned attorneys, and in reply to Defendant Monsanto's opposition, respectfully requests that this Court remand this action to the Court of Common Pleas for Allendale County, South Carolina. It is undisputed and clear that Defendant Monsanto's only basis for federal court jurisdiction is premised and completely reliant on the theory that the non-diverse, co-defendant Browning Farms, Inc. ("Browning Farms") was fraudulently joined. However, Defendant has failed to timely and persuasively meet its burden of establishing diversity jurisdiction. Nonetheless, Defendant Monsanto has continued to perpetuate its flawed arguments that overlook and blatantly disregard the very facts that defeat Defendant Monsanto's basis for jurisdiction. This convenient piecemeal analysis that is proposed by Defendant Monsanto fails to carry its heavy burden. For the reasons contained herein and the arguments proposed in the initial memorandum in support, Plaintiff has and will show this Court that this action was untimely and improperly removed and should be remanded back to state court in South Carolina.

## ARGUMENT AND AUTHORITY

**I.    The Theory of Fraudulent Joinder Fails if there is a *Possibility* of a Cause of Action.**

As an initial matter, Defendant Monsanto makes a point to distinguish that Plaintiff initially argued for remand on the basis of the Fourth Circuit jurisprudence. Admittedly, Plaintiff did premise his arguments on Fourth Circuit case law and did not offer this Court any Ninth Circuit case law to support his positions in his initial memorandum. Nonetheless, such distinction offered by Defendant Monsanto is a cause without merit because both the Ninth Circuit and the Fourth Circuit share analogous standards for determining fraudulent joinder and remand. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) ("This standard accords with that adopted by a majority of our sister circuits"); *citing Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) ("no possibility" standard). Thus, although Plaintiff has argued that based on *Hartley* there need be only a slight possibility of a right to relief to defeat a claim of fraudulent joinder, the same analysis rings true in Ninth Circuit

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION 3:20-cv-01025 and 3:16-md-02741-VC

jurisprudence. *Grancare*, 889 F.3d at 548; *Hartley*, 187 F.3d at 426.

Furthermore, both the Fourth and Ninth Circuit embrace the stringency of the removal standard with the presumption against removal jurisdiction, under which the Courts "strictly construe the removal statute," and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("if federal jurisdiction is doubtful, a remand is necessary.)

## II.     The Undeniable and Incontrovertible Evidence Establishes Beyond a Possibility That Plaintiff Has Causes of Action Against Browning Farms.

"In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Flores v. ABM Industry Groups, LLC*, No. 8:18-cv-01483-JLS-KES, 2018 WL 6428026, at *2 (C.D. Cal. Dec. 7, 2018) (internal citations omitted).

As previously mentioned, Plaintiff has alleged two specific causes of action against Defendant Browning Farms: (1) failure to warn and (2) negligence. Defendant Monsanto relies exclusively on the theory that in order for Plaintiff to maintain either cause of action against Defendant Browning Farms, Defendant Browning Farm's must have had "actual knowledge that those products were allegedly carcinogenic or could cause NHL." Def. Opp. at 11, ECF No. 10098. In support of this position, Defendant Monsanto relies heavily on the statement that "neither Wayne Browning nor anyone else associated with Browning Farms, Inc. was aware of or had knowledge of the alleged dangers of Roundup." Browning Aff. ¶ 10, ECF No. 1-2. Thus, according to Defendant Monsanto, Plaintiff has alleged that on one hand Defendant Monsanto concealed and hid the truth about the carcinogenic properties of Roundup, and on the other hand, that Defendant Farms knew or should have known of such carcinogenic properties. When taken at first glance and as offered by Defendant Monsanto, these two positions appear to contradict each other. Put simply, Defendant Monsanto argues that an employer has no duty to warn of dangers of which he could not have known, and in this instance, the specific danger is Roundup's carcinogenic properties. According

2

to Defendant Monsanto, because these two positions are contradictory, they are also mutually exclusive and fatal to Plaintiff's case. However, these contradictory positions as offered by Defendant Monsanto artificially conflate the legal requirements of Plaintiff's causes of action to create this contradiction, and furthermore, Defendant Monsanto erroneously supports this contradiction by disregarding and omitting evidence that provides for Plaintiff's undeniable claims against Defendant Browning Farms.

**a. Defendant Monsanto Misstates South Carolina Tort Law as it Pertains to Defendant Browning Farms' Knowledge.**

Defendant Monsanto erroneously charges Defendant Browning with a requirement of actual or construction knowledge of **the specific propensity** that Roundup was carcinogenic. This position is not consistent with the tort law alleged by Plaintiff against Defendant Browning. Interestingly, even Defendant Monsanto's memorandum in opposition is void of any state law that supports the extreme position for this specific knowledge requirement that Defendant Monsanto is proposing. *See* Def. Opp. at 6, ECF No. 10098. At best, Defendant Monsanto was grasping for this specific knowledge requirement based on *Livingston*. *Id.* (*citing Livingston v. Noland Corp.*, 362 S.E.2d 16, 18-19 (S.C. 1987)). But *Livingston* does not go as far in requiring specific knowledge of dangerous propensities as Defendant Monsanto proposes. Instead, *Livingston* provides that a Defendant has a duty to warn if that defendant "knows or has reason to know the product is or is likely to be dangerous **for its intended use**." *Livingston*, 362 S.E.2d at 18 (emphasis added). There is a clear distinction and significant difference between a knowledge requirement of a product's intended use versus a knowledge requirement for a product's specific dangerous propensities. In other words, a tortfeasor may be liable if they are aware that a product could be harmful in certain applications or situations, and that tortfeasor fails to warn about those instances. Hence, Plaintiff has correctly alleged that Defendant Browning "knew or should have known of the risks associated with the reasonably foreseeable uses (and misuses) of Roundup and glyphosate-containing products and had a duty to warn Plaintiff, who they instructed to use the product, of those risks." Complaint, ¶ 85, Allendale Court of Common Pleas, Case#2019CP0300140.

Other Courts have had similar opportunities to explore the dichotomy in which claims are made against an alleged fraudulently joined defendant for failing to warn of known dangers posed by a product, but when it also appears that such knowledge has been withheld from such defendant by the co-defendant manufacturer. In those cases, the Courts ultimately made a determination of whether the knowledge that is relevant to the Plaintiff's claim is the same knowledge that has been concealed by the co-defendant manufacturer, and also whether liability exists for other information beyond the concealed information. *Compare Yarbrough v. Actavis Totowa, LLC*, 2010 WL 3604675, at *5-6 (S.D. Ga. September 13, 2010) (rejecting fraudulent joinder, remanding and finding that the full range of potentially negligent behavior of the alleged sham defendant exceeds the withheld knowledge that is offered as contradictory); *with Baisden v. Bayer Corp.*, 275 F.Supp.2d 759 (S.D.W.Va. August 11, 2003) (denying remand because there was no possibility of a claim against the defendant physician for failing to warn of dangers that he did not know); *but see also Greene v. Novartis Pharmaceuticals Corp.*, 2007 WL 3407429, at *2-3 (M.D.Ga. November 14, 2007) (remanding and finding a cause of action against a physician for not abiding by prescribing information and indications that were furnished by a drug manufacturer, even though Plaintiff has additional allegations against the same drug manufacturer for withholding information about the drug's dangerous propensities); *Betts v. Eli Lilly and Co.*, 435 F.Supp.2d 1180, 1190 (S.D.Al. June 5, 2006) (remanding and rejecting fraudulent joinder allegations because the non-diverse physician should have known of the drug's dangers from a source other than the manufacturer such as a physician's desk reference).  Applying these other courts' rationales to the present matter, it is apparent that Defendant Browning Farms not only has wider range of alleged negligence than is recognized and purported by Defendant Monsanto; but also, that Defendant Browning Farms possessed significant amount of relevant information "having existed for more than forty years in the agriculture industry" from which liability attaches. (Complaint ¶ 112). The relevancy of this additional information is further supported Plaintiff's affidavit. Bodiford Affidavit, ECF No. 9-2, ¶¶ 4, 7-13. This additional information possessed by Defendant Browning Farms and Wayne Browning summarily defeats the argument that Defendant Browning did not possess any knowledge because of the withholding by Defendant Monsanto.

This Court has also considered and rejected this exact argument that is being offered by Defendant Monsanto. In *Trosclair v. Monsanto Co., et. al*., Plaintiff Trosclair performed agricultural work for co-defendant 3M Cattle, which allegedly provided him a leaky backpack sprayer. Defendant Monsanto similarly offered identical arguments that the non-diverse defendant 3M Cattle did not have actual or constructive knowledge of the dangerous characteristics of Roundup; and accordingly, 3M Cattle could not possibly be liable under a negligence claim based on Louisiana Article 2317.1. *See* Def. Monsanto Memo in Opp., ECF No. 7298, at *10-11. This Court considered those arguments and correctly held that "*[e]ven if the specific risks posed by Roundup were unknown*, a state court might find that 3M Cattle's provision of a defective sprayer foreseeably caused Trosclair's cancer by increasing the amount of Roundup he absorbed through his skin." Pretrial Order No. 192, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.), ECF No. 7846 (emphasis added). Thus, the Court recognized in that instance the full range of Defendant 3M's negligence was not limited to the narrower propositions offered by Defendant Monsanto.

Similarly, this present case involves an employer, Defendant Browning Farms, providing the means, the instructions, the materials, the chemicals and presumably the concern, or lack thereof, for the welfare of its employees, such as the illiterate Plaintiff. Accordingly, it was the decisions made by Defendant Browning Farms that increased Plaintiff's exposure to Roundup. Furthermore, Defendant Browning Farms and Wayne Browning literally made all decisions regarding when, where, and how any chemicals were used on the farms. Bodiford Affidavit, ECF No. 9-2, ¶¶ 4, 7-13. This Court has also noted that disputing these allegations and the unrebutted evidence put forth by Plaintiff would demand "a searching inquiry into the merits of the plaintiff's case, a task that this Court cannot perform at this time" Pretrial Order No. 198, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.), ECF No. 8493 (internal citations omitted). Accordingly, Defendant Monsanto's arguments are without merit, their burden has not been met, and Plaintiff's motion to remand should be granted.

**b. Plaintiff has Unrebutted Evidence in the Record to Support his Claims.**

5

Despite Defendant Monsanto's claims of "unrebutted evidence", Plaintiff's allegations against Browning Farms are actually substantiated by evidence in the record. Plaintiff submitted a sworn affidavit attesting that "during my employment with Browning Farms, I took my instructions and assignments from Wayne Browning." Bodiford Aff. ¶ 4, ECF No. 9-2. This is because Wayne Browning was in charge, and he "made all decisions on when, where, and how any field was planted or sprayed." Id. ¶ 7. This statement presumably includes a knowledgeable decision made by Wayne Browning on which chemicals were to be used. Also inferred from this statement is the fact that Wayne Browning was knowledgeable enough to understand the various chemicals available, their chemical properties, their applications, and the hazards associated with each chemical.  As is further explained, "Wayne Browning furnished all equipment, such as tractors, high-boys, sprayers, mixers, trailers, and other equipment that was used in the farming operations." Id. ¶ 8. Again, Wayne Browning was directing the parameters for how Roundup was used on Browning Farms and what level of protection and exposure Plaintiff experienced. Unfortunately, Plaintiff "was never warned about any danger from exposure to Roundup." Id. ¶ 11. Plaintiff is illiterate and was not aware of any warnings associated with Roundup. However, "Wayne Browning was able to read the warning labels and [Plaintiff] relied on him to warn [him] of any dangers." Id. ¶ 12. Yet while Plaintiff was handling Roundup, "no other personal protective equipment was provided and instructed to be used." Id. ¶ 13. These factual statements by Plaintiff clearly exhibit that Wayne Browning and Browning Farms were in a position to look out for the welfare of their farm worker and that they failed to do so. Furthermore, by allowing Plaintiff's continuous and repeated exposure to Roundup, a chemical which they were knowledgeable and able procure warnings and other information about, Defendant Browning Farms exposed Plaintiff to a risk of harm. These statements by Plaintiff not only establish that Defendant Browning Farms owed him a duty, but that Defendant Browning Farms failed in this duty and as a result, Plaintiff was injured.

Moreover, Defendant Monsanto fails to address Plaintiff's illiteracy. Defendant Browning Farms and Wayne Browning were certainly in a better position to head the warnings labels and usage instructions that accompanied these chemicals since Plaintiff was and remains illiterate. Accordingly, Defendant

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION 3:20-cv-01025 and 3:16-md-02741-VC

Browning had a duty to ensure that Plaintiff was using these products appropriately, within the suggested parameters, according to the instructions, and as intended by the manufacturers. Along those same lines, Defendant Monsanto has asserted that Plaintiff, vis-à-vis Defendant Browning Farms, mishandled and misused their product and as a result, Plaintiff's exposure to Roundup was increased. See Def. Monsanto Answer, Allendale Court of Common Pleas, Case#2019CP0300140, Separate and Affirmative Defenses ¶¶ 5, 12, 14, 15, 24, and 26. Thus, even Defendant Monsanto has joined in assigning causal blame against Defendant Browning Farms. Undoubtedly, there are questions regarding these facts that will illicit responses that directly relate to Defendant Browning Farm's notice and fault for Plaintiff's injuries. Again, these inquiries vastly exceed the slight possibility standard and even the genuine issue of fact standard.

Lastly, there is direct evidence in the record that tends to prove that Wayne Browning, owner of Browning Farms, had actual knowledge that Roundup was harmful to someone that was exposed to it. This is yet another key fact that is entirely omitted from Defendant Monsanto's brief. In Wayne Browning's affidavit, he states that he provided gloves to wear when working with Roundup, and he offered to purchase a coverall suit while working with Roundup. Browning Aff. ¶ 14-16, ECF No. 1-3. It is axiomatic that an employer would advise his employee to use gloves, let alone a coverall suit, when handling Roundup if that employer did not also have at least a slight inference that an injury may result without such personal protective equipment. This fact and the inferences that are elicited clearly exhibit that Wayne Browning and Defendant Browning Farms had actual knowledge of the dangers from exposure to Roundup. Defendant Monsanto has not presented any argument, facts, or evidence to refute these statements and instead, completely ignores and omits them from their analysis. The burden for establishing removal and jurisdiction is on Defendant Monsanto and that burden has not been met. There is incomplete diversity in this action and it must be remanded.

### III.    Defendant Monsanto's Removal of this Action was Untimely.

As expected, Defendant Monsanto has argued that pursuant to 28 U.S.C. § 1446(b)(3), their opportunity for removal arose after new information was ascertained that made this case removable, i.e. the Affidavit of Wayne Browning. A Defendant seeking removal based on the grounds of new information

7

has thirty days from the date that the information "may first be ascertained." 28 U.S.C. § 1446(b)(3). However, as previously mentioned, the burden of persuasion is on Defendant Monsanto to show that the action was duly removed, and any substantial doubts as to the propriety of removal must be resolved against them. Without restating the previously offered arguments, the Affidavit of Wayne Browning merely reiterates the same general allegations and denials of the parties. The information relied on by Defendant Monsanto's in their removal was apparent from Plaintiff's complaint, and already at the disposal of Defendant Monsanto. Defendant Monsanto *only premise and theory* for justifying removal was that Defendant Browning Farm's could not have had the actual or constructive knowledge to be aware that Roundup is carcinogenic. This premise, although flawed, was readily apparent based off the Plaintiff's complaint. Further, a cursory review of the filings in this MDL proceeding reveals that Defendant Monsanto has raised identical arguments on other occasions, based on similar information. *See* Def. Monsanto Memo in Opp., ECF No. 7298, at *10-11.  Thus, no new information was ascertained from Wayne Browning's affidavit that would provide Monsanto with a basis for removal that was not already ascertained or apparent from Plaintiff's complaint, and accordingly, their Notice of Removal is untimely.

## CONCLUSION

Defendant Monsanto failed to timely raise any ground upon which their removal is premised. Furthermore, Defendant Monsanto has not met its burden of showing that Plaintiffs have no possibility of establishing causes of action for failure to warn and negligence against Defendant Browning Farms. Accordingly, complete diversity does not exist, and Plaintiff respectfully requests that this Motion to Remand be granted and this matter be restored on the trial roster for the Court of Common Pleas in Allendale County, South Carolina.

Dated:  March 26, 2020

Respectfully submitted,

*/s/ John E. Tomlinson*
John E. Tomlinson (TOM014)
Rhon E. Jones (JON093)
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS AND MILES, P.C.**
Post Office Box 4160

8

218 Commerce Street
Montgomery, Alabama 36103
Phone: (334) 269-2343
Fax: (334) 954-7555
john.tomlinson@beasleyallen.com
rhon.jones@beasleyallen.com

Mark D. Ball (Fed ID#5122)
Neil E. Alger (Fed ID#11903)
**PETERS, MURDAUGH, PARKER,
ELTZROTH & DETRICK, P.A.**
101 Mulberry Street East
P.O. Box 457

Hampton, South Carolina 29924
Phone: (803) 943-2111
Fax: (803) 943-3943
nalger@pmped.com
mball@pmped.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, John E. Tomlinson, hereby certify that, on March 26, 2020, I electronically filed the foregoing with the Clerk for the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

/s/ John E. Tomlinson
JOHN E. TOMLINSON

9