Jere L. Beasley (BEA020)
jere.beasley@beasleyallen.com
Rhon E. Jones (JON093)
rhon.jones@beasleyallen.com
John E. Tomlinson (TOM014)
john.tomlinson@beasleyallen.com
LaBarron N. Boone (BOO029)
labarron.boone@beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN,
 PORTIS AND MILES, P.C.**
Post Office Box 4160
218 Commerce Street
Montgomery, Alabama  36103
Phone: (334) 269-2343
Fax:(334) 954-7555

Jamie A. Johnston (JOH164)
jamie@jjohnstonpc.com
Jamie A. Johnston, P.C.
509 Cloverdale Road
Suite 101
Montgomery, Alabama 36106
Telephone:  334.202.9228
Facsimile: 334.265.8789

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>―――――――――――――――――――<br><br>This document relates to:<br><br>*John t. Moore, Jr. v Monsanto Company, et al.*, Case No. 3:20-cv-01010<br><br>**Plaintiff John T. Moore, Jr., only** | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**PLAINTIFF'S REPLY TO DEFENDANT MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

# **TABLE OF CONTENTS**

TABLE OF CONTENTS……………………………………………………………………………..i

TABLE OF AUTHORITIES…………………………………………………………………...………ii, iii

INTRODUCTION ……………………………………………………………………………………1

ARGUMENT………………………………………………………………………...……………………1

    I.      The Theory of Fraudulent Joinder Fails if There is Any *Possibility* of a Cause of Action ……..1

    II.     The Undisputed Evidence Establishes Beyond a Possibility That Plaintiff has Causes of Action Against Alabama Co-Op …………………………………………………………………2

        (a) Alabama Co-Op is Not an *Innocent Seller* Under Alabama Code § 6-5-521 ………………..3

            i.     Alabama Co-Op's Torts and Breaches of Warranty Are Independent of Roundup's Design and Manufacture ………………………………………………………………..4

            ii.    Alabama Co-Op is Not an "Unknowing Seller" of Roundup …………………………..6

        (b)  Plaintiff Presents Viable Claims Under Alabama Law Not Dependent on Alabama Co-Op's Knowledge That Roundup Causes Cancer ……………………………………………..8

CONCLUSION………………………………………………………………………..……....10

# TABLE OF AUTHORITIES

Cases                                                                                                     Page(s)

*Arias v. Follet Higher Educ. Corp.,*
  No. 8:18-cv-01965-JLS-JDE, 2019 WL 484192 (C.D. Cal. Feb. 7, 2019) ……………………………….2

*Barnes v. Gen. Motors, LLC,*
  2:14-cv-00719-AKK, 2014 WL 2999188, at *4-5 (N.D.Ala. July 1, 2014)……………………..5, 6, 7

*Bolton Ford of Mobile, Inc. v. Little,*
  344 So.2d 1208 (Ala. 1977) …………………………………………………………………..…7

*Crowe v. Coleman,*
  113 F.3d 1536, 1538 (11th Cir.1997)………………………………………………………………..1

*Feizbakhsh v. Travelers Commercial Ins. Co.,*
  No. LA CV16-02165 JAK(Ex), 2016 WL 8732296 (C.D.Cal. Sept. 9, 2016) ……………..……..2

*Florence v. Crescent Res.,*
  484 F.3d 1293, 1299 (11th Cir. 2007)………………………………………………………………1

*Gause v. Miles, Inc.,*
  980 F.2d 564, 566 (9th Cir. 1992) …………………………………………………………………..2

*Grancare, LLC v. Thrower by and through Mills,*
  889 F.3d 543, 549 (9th Cir. 2018) ………………………………………………………..………1

*Haywood v. Alexander,*
  121 So.3d at 974-75 (Ala. 2013)……………………………………………………………………3

*In re: Roundup Prods. Liab. Litig.,*
  No. 3:16-md-02741-VC (N.D. Cal.)………………………………………..…………………….. 9

*J. Truett Payne Co. v. Jackson,*
  203 So.2d 443 (Ala. 1967) …………………………………………………………………………7

*Kruso v. Int'l. Tel. & Tel. Corp.,*
  872 F.2d 1416, 1426 (9th Cir. 1989)……………………………..…………………………....2, 3

*Lazenby v. ExMark Mfg. Co.,*
  No. 3:12-CV-82-WKW, 2012 WL 3231331, at *3 (M.D. Ala. Aug. 6, 2012)………………..……..5

*Libhart v. Santa Monica Dairy Co.,*
  592 F.2d 1062, 1064 (9th Cir. 1979)……………………………………………………...………2

*Martinez v. McKesson Corp.,*
  No. 3:15-cv-02903-H-JLB, 2016 WL 5930271 (S.D. Cal. April 7, 2016)……………………….2

*Morris v. Princess Cruises, Inc.,*
  236 F.3d 1061 (9th Cir. 2001) ……………………………………………………………………2

ii

_____
PLAINTIFF'S REPLY TO DEFENDANT MONSANTO'S OPPOSITION
3:20-cv-01010 and 3:16-md-02741-VC

1   *Nasrawi v. Buck Consultants, LLC,*
2       776 F.Supp.2d 1166, 1169-1170 (E.D.Cal.2011)……………………………..…………..…2

3   *Reyes v. Better Living Inc.,*
        174 So.3d 342 (Ala. 2015) ……………………………………………………….…………3

4   *Ritchey v. Upjohn Drug Co.,*
5       139 F.3d 1313 (9th Cir. 1998) ………………………………………………………………2

6   *Roland v. Cooper,*
        768 So.2d 400, 404 (Ala.Civ.App. 2000) ……………………………………………………8

7
    *Sewell v. Smith & Wesson Holding Corp.,*
8       No. 4:12-cv-00364-KOB, 2012 WL 2046830, at *2 (N.D. Ala. June 1, 2012) ………………….…...5, 6

9   *Shelter Modular Corp. v. Cardinal Enterprises Inc.,*
        347 So.2d 1334, 1338 (Ala. 1977) ……………………………………………………………7
10
    *Stillwell v. Allstate Ins. Co.,*
11      663 F.3d 1329, 1332-33 (11th Cir. 2011)……………………………………………………1

12  *Trosclair v. Monsanto, Co., et al…*………………………………………………………………...8, 9

13  *Univ. of S. Alabama v. Am. Tobacco Co.,*
14      168 F.3d 405, 411(11th Cir. 1999) ………………………………………………………….2

15  *Waits v. Kubota Tractor Corp.,*
        No. 7:19-cv-01080-LSC, 2019 WL 4917903 at *3 (N.D.Ala. Oct. 4, 2019)……………...………3, 5, 7
16

17  Statutes

18  Ala.Code § 8-2-2 (1975) …………………………………………………………………………….8

19  Alabama Statute § 6-5-521 ……………………………………………………………………….3, 5, 6

20

21

22

23

24

25

26

27

28

# INTRODUCTION

Plaintiff John T. Moore, Jr. (Plaintiff"), by and through his undersigned attorneys, and in reply to Defendant Monsanto's opposition, respectfully requests that this Court remand this action to the Circuit Court of Dallas County, Alabama. It is undisputed and clear that Defendant Monsanto's only basis for federal court jurisdiction is premised and completely reliant on the theory that the non-diverse, co-defendant, Central Alabama Farmers Cooperative, Inc. ("Alabama Co-Op") was fraudulently joined. However, Defendant Monsanto has failed to timely and persuasively meet its burden of establishing diversity jurisdiction.[1] For the reasons contained herein and the arguments proposed in the initial Motion to Remand Brief, Plaintiff has and will show this Court that this action was untimely and improperly removed and should be remanded back to state court in Alabama.

# ARGUMENT

## I. The Theory of Fraudulent Joinder Fails if There is Any *Possibility* of a Cause of Action

As an initial matter, Monsanto highlights that Plaintiff's argument for remand was formed on the basis of Eleventh Circuit case law. Admittedly, Plaintiff did not offer this Court any Ninth Circuit case law to support his positions in his initial memorandum. Here, Monsanto argues a moot point as both the Ninth Circuit and the Eleventh Circuit share analogous standards for determining fraudulent joinder and remand. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) ("This standard accords with that adopted by a majority of our sister circuits") (citing *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332–33 (11th Cir. 2011) ("no possibility" standard). Thus, although Plaintiff has argued that based on cases, including *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) and *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007), there need be only a slight possibility of a right to relief to defeat a claim of fraudulent joinder, the same analysis applies in Ninth Circuit jurisprudence. *Grancare*, 889 F.3d at 549; *Stillwell*, 663 F.3d 1332–33. Additionally, the Eleventh and the Ninth Circuits embrace the same, stringent removal standard, with a presumption against removal, under which courts reject federal

---

[1] Plaintiff does not waive any arguments set out in his original Motion to Remand and incorporates the same arguments as if set forth fully herein, including, but not limited to, that Monsanto's removal was untimely and was supported with an unfinished, unsigned, and inadmissible deposition of Moore.

1

jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (internal citations omitted) ("all doubts about jurisdiction should be resolved in favor of remand to state court").

It is worth noting, briefly, that Monsanto cites to roughly five cases—when fraudulent joinder was found—for the general proposition that a plaintiff must produce certain evidence to defeat a claim of fraudulent joinder. However, in the first four cases cited, the court's ruling was based merely on the plaintiff's allegations failing to state a valid claim against the fraudulently joined defendants.[2] In *Martinez*, the fifth case cited, the court found fraudulent joinder of an alleged supplier of a defective product when, after concluding discovery pertaining to the origin of the product, the plaintiff's allegation that the joined defendant supplied the product was plainly contradicted by all evidence produced.[3] Not one of these five cases provide a cognizable factual analog to the present case—wherein discovery has not been sufficiently completed, and Plaintiff's well-pleaded causes of action provide valid claims against Alabama Co-Op under Alabama law.

## II. The Undisputed Evidence Establishes Beyond a Possibility That Plaintiff Has Causes of Action Against Alabama Co-Op

"In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169–70 (E.D. Cal. 2011) (citing *Kruso v. Int'l Tel. & Tel.*

---

[2] *See* Monsanto's Brief in Opposition to Plaintiff's Motion to Remand [MDL Doc. #9691, p. 9–10] (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998) (finding no possibility of cause of action succeeding due to statute of limitations); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061 (9th Cir. 2001) (same finding due to alleged fraudulent statements being mere puffery—not factual assertions); *Arias v. Follet Higher Educ. Corp.*, No. 8:18-cv-01965-JLS-JDE, 2019 WL 484192 (C.D. Cal. Feb. 7, 2019) (same finding based on legally insufficient allegations within complaint); *Feizbakhsh v. Travelers Commercial Ins. Co.*, No. LA CV16-02165 JAK (Ex), 2016 WL 8732296 (C.D. Cal. Sept. 9, 2016) (same finding based on plaintiff's legally insufficient allegations, against insurance agent, personally, and under FRCP 9)).

[3] *Martinez v. McKesson Corp.*, No. 3:15-cv-02903-H-JLB, 2016 WL 5930271 (S.D. Cal. April 7, 2016) (finding fraudulent joinder when, after discovery, plaintiff did not dispute that none of the companies joined as defendants were suppliers of the defective product routinely; but, nonetheless, plaintiff's allegation that joined defendant supplied the product was based on pure conjecture—that the joined defendant *could have* supplied the product.(emphasis added)

2

*Corp.*, 872 F.2d 1416, 1426 (9th Cir.1989)). Plaintiff has alleged causes of action against Defendant Alabama Co-Op, to include product liability, failure to warn, negligence, misrepresentation, along with breaches of express and implied warranties. In relation to these six counts, Monsanto relies, exclusively, on a nonsensical reading of Alabama Statute § 6-5-521—a reading in support of which Monsanto has provided exactly zero cases applicable to the present facts. Resolving disputed questions of fact in Plaintiff's favor, Alabama Co-Op is not merely an *unknowing* distributor of Roundup, as Monsanto would have this Court believe. But even assuming Alabama Co-Op lacked knowledge that Roundup would cause cancer to the Plaintiff, Monsanto's argument still fails, as knowledge of the product's danger is clearly irrelevant to at least six of Moore's pleaded allegations.

    **a.** **Alabama Co-Op is Not an *Innocent Seller* Under Alabama Code § 6-5-521**

Section 6-5-521(b)(4) of the Alabama code, codifying what is known as the "innocent" or "conduit" seller defense, "is not intended to protect distributors from independent acts unrelated to the product design or manufacture, such as independent acts of negligence, wantonness, warranty violations, or fraud." Ala. Code § 6-5-521. Since 2011, when the Alabama Legislature amended Ala. Code § 6-5-521, this statute has not been interpreted or applied in a published Alabama decision.[4] However, Alabama Federal District Courts have lent some clarification. "In short, **the statute immunizes innocent sellers from strict liability, but not from their independent torts or breaches of warranty.** Under Alabama law, then, to prove fraudulent joinder, it must "appear beyond doubt that the plaintiff can prove no set of facts in support of the claim," *Haywood*, 121 So.3d at 974–75, that the diversity-destroying defendants engaged in "independent acts" that might subject them to liability, Ala. Code § 6-5-521. *Waits v. Kubota Tractor Corp.*, No. 7:19-CV-01080-LSC, 2019 WL 4917903, at *3 (N.D. Ala. Oct. 4, 2019) (citing *Haywood v. Alexander*, 121 So. 3d 972, 974–75 (Ala. 2013)) (emphasis added). In opposition to Plaintiff's Motion to Remand, Monsanto argues that Alabama Co-Op—distributing but not manufacturing or designing

---

[4] The only published Alabama State court reference to §§ 6-2-501 or 6-5-521 is found in a dissent regarding whether the amendments apply retroactively. *See Reyes v. Better Living, Inc.*, 174 So. 3d 342 (Ala. 2015) (Moore, C. J., dissenting) (arguing that these amendments should not apply retroactively).

3

Roundup—provides Alabama Co-Op with immunity, under Alabama's innocent seller statute, against all of Moore's present claims. *See* Monsanto's Brief in Opposition to Plaintiff's Motion to Remand [MDL Doc #9691, p. 10-13]. Monsanto's argument is misguided, and Alabama's innocent seller defense does not shield Alabama Co-Op from liability for its independent tortious and otherwise wrongful conduct.

> **i.     Alabama Co-Op's Torts and Breaches of Warranty Are Independent of Roundup's Design and Manufacture**

In accord with a commonsense interpretation of Alabama's innocent seller defense, there is simply no direct relation between each of Moore's claims against Alabama Co-Op, and Roundup's unreasonably dangerous design and manufacture. Much of Alabama Co-Op's and Monsanto's tortious acts are "related" only in the sense that each loosely pertains to the same product. More importantly, Plaintiff brings several claims against Alabama Co-Op, under Alabama law, not merely based on its sale of Roundup (or Roundup's design and manufacture), but also that Alabama Co-Op knew or should have known the carcinogenic nature of the Roundup provided, and that Alabama Co-Op employees provided consistent hands-on, on-site training and education to Moore in the use and application of Roundup.

It is undisputed that Alabama Co-Op employees were sent to Moore's property to instruct him in using Roundup, make recommendations, and demonstrate how to calibrate Moore's rig used to apply the product.[5] Alabama Co-Op failed to act prudently—through its agents—when training Moore to use Roundup, in light of what Alabama Co-Op knew or reasonably should have known.[6] If, hypothetically, Monsanto had provided this product with adequate warning which rendered Roundup reasonably safe for its intended use, Alabama Co-Op may still be liable under Alabama law for its employees' negligent instruction and demonstration, applying Roundup in a way which likely increased Moore's dermal exposure to glyphosate. Citing the dictionary definition of "unrelated," Monsanto contends that an alleged tortfeasor, not the designer or manufacturer, may be liable, under § 6-5-521(b)(4), only when his tortious

---

[5] For example, Moore further declared the following: "Mr. Johnson suggested that I use a Jiffy Jar to hold under a spray nozzle in order to calibrate the sprayer to the proper rates. This additional equipment (Jiffy Jar) and method for calibrating were exclusive to Mr. Johnson and Alabama Co-Op's instructions." Affidavit of John Thomas Moore, Jr. [ USDC Doc. #13-1, ¶ 6].

[6] *See e.g.*, Affidavit of John Thomas Moore, Jr. [USDC Doc. #13-1, ¶ 6] ("Mr. Johnson **did not wear any gloves or any other protective equipment while mixing it or at any point when he was training me")** (emphasis added).

conduct is "not connected in any way" to the design or manufacture of the defective product. Monsanto's Opposition at [MDL Doc. #9691, p. 12, n. 3]. This position is patently absurd and has been rejected by Alabama U.S. District Courts in multiple cases.[7] Should Monsanto's argument be upheld, Alabama law would afford, effectively, no product liability remedy against a mere seller for any tortious conduct, no matter to what degree the seller engaged in its own independent fraudulent, wanton, or negligent conduct. Of course, Monsanto's *innocent seller* argument must fail, as it requires an interpretation of this Alabama statute which would entirely preclude application of the *independent acts* exception.

Additionally, Monsanto references *Sewell v. Smith & Wesson Holding Corp.* in an effort to reinforce its flawed and circular perception of § 6-5-521's "independent acts" language. Monsanto's Brief in Opposition to Plaintiff's Motion to Remand, [Doc. #9691, p. 11-12] (citing *Sewell v. Smith & Wesson Holding Corp.*, No. 4:12-CV-00364-KOB, 2012 WL 2046830, at *2 (N.D. Ala. June 1, 2012)). In *Sewell*, the Northern District of Alabama did, in fact, hold that a seller's mere distribution of a defective firearm was not an "independent act," within the language of § 6-5-521. *Sewell*, 2012 WL 2046830, at *2. However, the plaintiff's allegations against this distributor were based only on the distributor selling the product in the face of its recall and on the distributor failing to provide notice thereof to the plaintiff. *Id.* There was no claim of the distributor negligently providing instruction or advisory literature, on the firearm's features or its safe use. *Id.* The distributor did not come to the plaintiff's home to engage in any sort of firearm-handling lesson, nor did the distributor otherwise provide any demonstration or recommendation as to how the plaintiff should best operate the product. *Id. Sewell* presents a marked difference in circumstances to

---

[7] *See e.g.*, *Barnes v. Gen. Motors, LLC*, No. 2:14-CV-00719-AKK, 2014 WL 2999188, at *4–5 (N.D. Ala. July 1, 2014) (ordering remand and holding AL's innocent seller statute inapplicable to the mere distributor of a defective automobile, because, although the distributor played no role in the design or manufacture of the vehicle at issue, plaintiff's allegation that the distributor sold the vehicle with knowledge of its dangerous condition was sufficiently independent of the vehicle's design and manufacture); *Lazenby v. ExMark Mfg. Co.*, No. 3:12-CV-82-WKW, 2012 WL 3231331, at *3 (M.D. Ala. Aug. 6, 2012) (same; where plaintiff claimed that a distributor sold a lawnmower with knowledge, merely, that it had no rollover protection system, the court found such claim sufficiently *independent* and *unrelated* to the lawnmower's defective design or manufacture—lacking rollover protection; "**[t]he decision to stock and sell a product that was known to be *likely* or *probable* to cause injury could constitute an independent act of wantonness that is separate from any act related to the design or manufacture of the product itself**") (emphasis added); *Waits v. Kubota Tractor Corp.*, No. 7:19-CV-01080-LSC, 2019 WL 4917903, at *4 (N.D. Ala. Oct. 4, 2019) (same; holding that the distributor's mere selling of the allegedly defective tractor without warning of probable danger, when distributor should have been aware of such danger based on experience with similar products, was sufficiently independent).

the present matter—where Alabama Co-Op maintained thorough contact with Moore and provided him with detailed instruction and on-site demonstration for using Roundup, and even suggested equipment, or the lack thereof, that could have caused Plaintiff more exposure to chemicals such as Roundup. In this sense, it is simply untrue that Monsanto's creation of this harmful product, and its deception related thereto, is "inextricably connected" to Alabama Co-Op's conduct. To argue otherwise, especially in analogy to a case as inapposite as *Sewell*, is a mistake and a position which should be rejected.

Moreover, to the extent that the scope of Alabama's innocent seller defense is unclear, this Court's grounds, upon which a hypothetical ruling in favor of remand is based, grow increasingly firm. With exactly no Alabama State case law interpreting its present innocent seller statute, and several Federal District Court cases expressing plausible and distinct interpretations—none of which support Monsanto's position—the defense upon which Monsanto relies is far from settled. Thus, any perceived failure by Moore to state a viable cause of action against Alabama Co-Op, contrived by § 6-5-521 or otherwise, must not be "obvious"—as the standard mandates.

### ii. Alabama Co-Op is Not an "Unknowing Seller" of Roundup

Monsanto argues Alabama Co-Op should be insulated as a distributor, likening this defendant to one which "unknowingly sell[s] products that later prove to be defective." Monsanto's Opposition [MDL Doc. #9691, p. 13] (citing *Barnes v. Gen. Motors, LLC*, No. 2:14-CV-00719-AKK, 2014 WL 2999188, at *5 (N.D. Ala. July 1, 2014)). This position fails to address that Alabama Co-Op's actions were of much greater involvement than an ordinary seller, and that Moore alleges Alabama Co-Op was aware of Roundup's harmful properties—a claim for which adequate discovery has not yet been completed. Monsanto's near-tagline citation also avoids the holding from *Barnes* entirely.

In *Barnes*, an Alabama plaintiff brought a product liability suit against a group of defendants, including Alabama dealerships that sold a car from which the airbags had been removed, resulting in the driver's death. 2014 WL 2999188, at *5. Arguing fraudulent joinder based on immunity derived from Alabama's innocent seller statute, the removing defendants—car dealerships, and mere distributors of the car at issue—contended "the 'decision to sell' theory advanced by [Plaintiff] . . . would render the Innocent

Seller Statute a nullity because a seller could always be sued if it sold a product alleged to be defective." *Id.* The court rejected this argument, as inapposite to the plaintiff's case, and held that the removing defendants failed to establish fraudulent joinder because the plaintiff's claims were ***not*** simply that the dealerships ***unknowingly sold a car that later proved to be defective***. *Id.* Rather, the plaintiff alleged the dealerships sold a car they knew to be dangerous—without airbags—and failed to warn the decedent of those dangers, rendering Alabama's innocent seller statute inapplicable.[8]

Presently, Moore alleges Alabama Co-Op was aware of Roundup's danger to humans. Alabama Co-Op had access to the product's safety studies and information, providing Alabama Co-Op with, at minimum, constructive knowledge of Roundup's dangerous properties. Just as the Northern District of Alabama held, in *Barnes*, in regard to dealerships allegedly having knowledge of the car's defect, Alabama Co-Op was not an innocent, mere conduit seller—for whom Alabama's innocent seller statute was designed to defend—and Monsanto's argument must fail. Monsanto distorts several portions of Plaintiff Moore's incomplete deposition transcript, as well as Moore's affidavit, in an attempt to support its argument that Alabama Co-Op was not aware of Roundup's harmful properties. *See generally*, Brief in Opposition [MDL Doc. #9691]. As briefed more thoroughly in Plaintiff's Motion to Remand, Alabama Co-Op may be held liable under Alabama law notwithstanding its employee's perceived lack of knowledge. *See Shelter Modular Corp. v. Cardinal Enterprises, Inc.*, 347 So.2d 1334, 1338 (Ala. 1977) (citing *J. Truett Payne Co. v. Jackson*, 203 So.2d 443 (Ala. 1967); *Bolton Ford of Mobile, Inc. v. Little*, 344 So.2d 1208 (Ala. 1977)) (reiterating that "a corporation cannot escape liability in fraud cases by showing that the agent through whom it acted was without knowledge of the true facts"; "[t]he issue in those cases is whether the corporation had knowledge of the true facts"). Thus, Harold Johnson's alleged lack of knowledge may not exculpate Alabama Co-Op in regard to Roundup, and Alabama Co-Op's knowledge of its dangerous condition. *Roland v. Cooper*, 768 So.2d 400, 404 (Ala. Civ. App. 2000) (citing Ala. Code § 8-2-8 (1975))

---

[8] An additional example showing Monsanto's reasoning is flawed presents in *Waits v. Kubota Tractor Corp.*, when the District Court granted a plaintiff's motion to remand, consistent with the previous ruling in *Barnes*. No. 7:19-CV-01080-LSC, 2019 WL 4917903, at *4 (N.D. Ala. Oct. 4, 2019) (internal citations omitted) (Alabama courts have not spoken to the meaning of "independent acts" within the innocent seller statute, and this Court must resolve this ambiguity in the state substantive law in Waits's favor.").

("Alabama's agency law provides that, in an action against the principal, an agent is deemed to have notice of whatever the principal has notice of").

Similarly, Monsanto has produced signed declarations from Alabama Co-Op board member Milton Johnson, and Alabama Co-Op general manager Tim Wood, stating neither individual was aware of Roundup's defective and dangerous condition. Brief in Opposition [MDL Doc. #9691, p. 14–15]. Needless to say, Alabama Co-Op's knowledge that Roundup causes certain cancer diagnoses is an issue in dispute and a question of fact. Yet, Plaintiff Moore has not been afforded an opportunity to depose these individuals, nor has legitimate discovery been conducted in regard to Alabama Co-Op and its knowledge of Roundup's dangerous properties. Resolving disputed questions of fact in the Plaintiff's favor, this Court should dismiss as premature Monsanto's contention that Alabama Co-Op was a mere "unknowing seller" of Roundup products.

### b. **Plaintiff Presents Viable Claims Under Alabama Law Not Dependent on Alabama Co-Op's Knowledge That Roundup Causes Cancer**

Monsanto erroneously charges Alabama Co-Op with a requirement of actual knowledge. This position is inconsistent with the majority of claims alleged by Plaintiff against Defendant Alabama Co-Op, but even to the extent that Alabama Co-Op was unaware of Roundup's carcinogenic properties, Moore still has alleged viable causes of action against this Alabama defendant. This Court has considered and rejected this exact argument being offered by Defendant Monsanto. In *Trosclair v. Monsanto Co., et. al.*, Plaintiff Trosclair performed agricultural work for non-diverse co-defendant 3M Cattle, which allegedly provided him with a leaky backpack sprayer. Defendant Monsanto offered arguments that 3M Cattle did not have actual or constructive knowledge of Roundup's dangerous characteristics; and accordingly, 3M Cattle could not possibly be liable under a negligence claim based on Louisiana law. *See* Def. Monsanto Memo in Opp., ECF No. 7298, at *10-11. This Court considered those arguments and correctly held that "*[e]ven if the specific risks posed by Roundup were unknown*, a state court might find that 3M Cattle's provision of a defective sprayer foreseeably caused Trosclair's cancer by increasing the amount of Roundup he

absorbed through his skin." Pretrial Order No. 192, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.), ECF No. 7846 (emphasis added). Thus, the Court recognized in that instance the full range of Defendant 3M's negligence was not limited to the narrower propositions offered by Defendant Monsanto.

Similar to defendant 3M Cattle, in *Trosclair*, Alabama Co-Op's decisions increased Plaintiff Moore's exposure to Roundup, by providing extensive instruction and assistance to Moore and demonstrating usage, handling, mixing, applying, and spreading of Roundup.[9] Alabama Co-Op provided Moore with assurances of safety, as well as an example, after which Moore would model his application— an example which, without protective gear, contributed to Moore's illness through increased dermal exposure to his person. Alabama Co-Op assumed a role greater than that of a mere seller, holding itself out as a party with expertise pertaining to Roundup.  Thus, Alabama Co-Op shouldered a duty to provide such instruction with reasonable care. Further, Plaintiff states in his affidavit that "***This way of mixing and spraying Roundup without protective gear is something I learned directly from Mr. Johnson and Alabama Co-Op and this is the way I continued to do it the rest of my years using Roundup. Also, on behalf of Alabama Co-Op, Mr. Johnson suggested that I use a Jiffy Jar to hold under a spray nozzle in order to calibrate the sprayer to the proper rates. This additional equipment (Jiffy Jar) and method for calibrating were exclusive to Mr. Johnson and Alabama Co-Op's instructions.***"   (MDL Doc. #1361-4). Despite the *arm-in-arm* nature of transactions between Alabama Co-Op and the Plaintiff, Alabama Co-Op did not provide adequate warning; they did not recommend nor provide or sell to Plaintiff proper protective gear; they did not recommend nor provide or sell to Plaintiff proper applicators, sprayers or other equipment or products which would have allowed for less glyphosate exposure to the Plaintiff's person. In fact, as referenced above they provided him with faulty recommendations and demonstrations on the use, or lack thereof, of protective gear and equipment for calibrating and spraying, which caused Plaintiff more

---

[9] Plaintiff Moore stated under oath, and Monsanto does not contest, that **"Mr. [Harold] Johnson, in his position with Alabama Co-Op, came out to where I was working several times to actively participate in showing me how to mix and use Roundup through the spray rigs."** *See* Affidavit of John Thomas Moore, Jr. [USDC Doc. #13-1, ¶ 6] (emphasis added).

9

_____
PLAINTIFF'S REPLY TO DEFENDANT MONSANTO'S OPPOSITION
3:20-cv-01010 and 3:16-md-02741-VC

exposure to Roundup. Therefore, Defendant Monsanto's arguments are without merit, their burden has not been met, and Plaintiff's motion to remand should be granted.

## CONCLUSION

For the foregoing reasons, Plaintiff moves this Court to remand this case to the Circuit Court of Dallas County, Alabama. Plaintiff also asks this Court to award him attorneys' fees and costs given Monsanto's untimely and improper removal.

Dated: March 31, 2020

Respectfully submitted,

*/s/ John E. Tomlinson*
John E. Tomlinson (TOM014)
Jere L. Beasley (BEA020)
Rhon E. Jones (JON093)
LaBarron N. Boone (BOO029)
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS AND MILES, P.C.**
Post Office Box 4160 218 Commerce Street
Montgomery, Alabama 36103
Phone: (334) 269-2343
Fax:     (334) 954-7555
john.tomlinson@beasleyallen.com
jere.beasley@beasleyallen.com
rhon.jones@beasleyallen.com
labarron.boone@beasleyallen.com

OF COUNSEL:

Jamie A. Johnston (JOH164)
Jamie A. Johnston, P.C.
509 Cloverdale Road
Suite 101
Montgomery, Alabama 36106
Telephone: 334.202.9228
Facsimile: 334.265.8789 jamie@jjohnstonpc.com

*Attorneys for Plaintiff John T. Moore*

# CERTIFICATE OF SERVICE

I, John E. Tomlinson, hereby certify that, on March 31, 2020, I electronically filed the foregoing with the Clerk for the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

/s/ John E. Tomlinson
JOHN E. TOMLINSON