1  **HOLLINGSWORTH LLP**
   Joe G. Hollingsworth (*pro hac vice*)
2  Eric G. Lasker (*pro hac vice*)
   1350 I Street, N.W.
3  Washington, DC  20005
   Telephone:     202-898-5800
4  Facsimile:      202-682-1639
   Email:   jhollingsworth@hollingsworthllp.com
5            elasker@hollingsworthllp.com

6  *Attorneys for Defendant*
   *MONSANTO COMPANY*

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10 | IN RE: ROUNDUP PRODUCTS | MDL No. 2741 |
   | LIABILITY LITIGATION | |
11 | | Case No. 3:16-md-02741-VC |

12 This document relates to:

13 *Mary Lou Little v. Monsanto Co.*,
   Case No. 3:20-cv-01829-VC
14

15

16        <u>**MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**</u>

17        Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

18 Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

19 all allegations contained in plaintiff Mary Lou Little's Complaint and Jury Demand ("the

20 Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer,

21 Monsanto refers to Monsanto Company, a United States based company incorporated in

22 Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall

23 constitute a denial.

24        1.        Monsanto admits the allegations in the first two sentences of paragraph 1.  In

25 response to the third sentence of paragraph 1, Monsanto admits that certain Roundup®-branded

26 herbicides contain POEA and adjuvants and that EPA has classified surfactants and adjuvants as

27 inert.  In response to the last sentence of paragraph 1, Monsanto admits that glyphosate was one

28
                              - 1 -

1    of the world's most widely used herbicides in 2013, but notes that Monsanto was and is not the

2    only manufacturer of glyphosate-based herbicides.  Monsanto lacks information or knowledge

3    sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the

4    remaining sentences of paragraph 1 and therefore denies those allegations.

5        2.      In response to the allegations in paragraph 2, Monsanto admits that its

6    headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware.

7    Monsanto admits that it and affiliated companies have operations and offices in countries around

8    the world.  Monsanto admits that it is a producer of glyphosate-based herbicides but lacks

9    sufficient information regarding the business of other glyphosate producers to admit or deny the

10   allegation as written in the second sentence of paragraph 2.  Monsanto admits that it is the

11   leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the

12   Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto

13   lacks information or knowledge sufficient to form a belief as to the accuracy of the specific

14   numbers and statistics provided in the remaining sentences of paragraph 2 and therefore denies

15   those allegations.

16       3.      In response to the allegations in paragraph 3, Monsanto admits that its glyphosate

17   products are registered in at least 130 countries and approved for use on over 100 different crops.

18   Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels

19   significantly below regulatory safety limits in various locations and media.  Monsanto denies the

20   remaining allegations in paragraph 3.

21       4.      Monsanto admits the allegations in the first sentence of paragraph 4.  Monsanto

22   denies the allegations in the second sentence of paragraph 4 to the extent they suggest that the

23   International Agency for Research on Cancer ("IARC") based its evaluation on a complete or

24   accurate assessment of the scientific research regarding glyphosate.

25       5.      Monsanto admits the allegations in the first sentence of paragraph 5.  Monsanto

26   denies the allegations in the second sentence of paragraph 5.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01829-VC

6.      In response to the allegations in paragraph 6, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 6.

7.      Monsanto denies the allegations in paragraph 7.

8.      In response to the allegations in paragraph 8, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.  To the extent that paragraph 8 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

9.      The allegations in paragraph 9 set forth conclusions of law for which no response is required.

10.     The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.     The allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 regarding where the events giving rise to this action occurred and therefore denies those allegations.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01829-VC

1    15.    Monsanto admits the allegations in paragraph 15.

2    16.    In response to the allegations in the first sentence of paragraph 16, Monsanto

3    admits that it discovered the herbicidal properties of glyphosate; that it has manufactured

4    Roundup®-branded herbicides; that certain Roundup®-branded herbicides contain POEA and

5    adjuvants; and that EPA has classified surfactants and adjuvants as inert.  Monsanto further notes

6    that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose

7    an unreasonable risk to human health.  Monsanto denies the remaining allegations in the first

8    sentence of paragraph 16.  In response to the final sentence of paragraph 16, Monsanto admits

9    that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining

10    allegations in the final sentence of paragraph 16 are vague and ambiguous and Monsanto lacks

11    information or knowledge sufficient to form a belief as to the truth of the remaining allegations

12    in paragraph 16 and therefore denies those allegations.

13    17.    Monsanto admits the allegations in the first sentence of paragraph 17.  Monsanto

14    denies the allegations in the second sentence of paragraph 17 because the impact of glyphosate

15    on treated plants varies depending upon the amount of glyphosate applied and the type of plant.

16    Monsanto denies the allegations in the third sentence of paragraph 17 to the extent that they

17    suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well

18    within regulatory safety levels, as determined by EPA.

19    18.    In response to the allegations in paragraph 18, Monsanto admits that farmers have

20    safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining

21    allegations in paragraph 18.

22    19.    Monsanto admits the allegations in the first two sentences of paragraph 19 and

23    admits that it has marketed Roundup®-branded products in accord with EPA's regulatory

24    determinations under FIFRA.  Monsanto otherwise denies the remaining allegations in paragraph

25    19.

26    20.    In response to the allegations in paragraph 20, Monsanto admits that certain

27    Roundup®-branded herbicides contain POEA and adjuvants, that EPA has classified surfactants

28

1    and adjuvants as inert, and that the specific surfactants and adjuvants used in Roundup®-branded

2    herbicides – like those in other manufacturers' herbicide products – are protected by EPA as

3    "trade secrets."  Monsanto notes that EPA has determined that the surfactants used in Roundup®-

4    branded herbicides do not pose an unreasonable risk to human health.  Monsanto denies the

5    remaining allegations in paragraph 20.

6

7         21.    The allegations in paragraph 21 set forth conclusions of law for which no

8    response is required.  To the extent that a response is deemed required, Monsanto admits the

9    allegations in paragraph 21.

10        22.    In response to the allegations in paragraph 22, Monsanto admits that EPA requires

11   registrants of herbicides to submit extensive data in support of the human health and

12   environmental safety of their products and further admits that EPA will not register or approve

13   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining

14   allegations in paragraph 22 set forth conclusions of law for which no response is required.

15        23.    The allegations in paragraph 23 set forth conclusions of law for which no

16   response is required.

17        24.    Monsanto admits that Roundup®-branded products are registered by EPA for

18   manufacture, sale and distribution and are registered by the State of Louisiana for sale and

19   distribution.

20        25.    In response to the allegations in paragraph 25, Monsanto admits that EPA requires

21   registrants of herbicides to submit extensive data in support of the human health and

22   environmental safety of their products and further admits that EPA will not register or approve

23   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

24   states that the term "the product tests" in the final sentence of paragraph 25 is vague and

25   ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 25

26   set forth conclusions of law for which no answer is required.

27        26.    Monsanto denies the allegations in paragraph 26 to the extent that they suggest

28   that EPA only evaluates the safety of pesticide products on the date of their initial registration.

Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 26 set forth conclusions of law for which no response is required.

27.     In response to the allegations in paragraph 27, Monsanto admits that EPA has undertaken a review of glyphosate and that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and therefore denies those allegations.

28.     In response to the allegations in paragraph 28, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017) https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01829-VC

changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20.

Monsanto denies the remaining allegations in paragraph 28.

29.    In response to the allegations in paragraph 29, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 29 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

30.     In response to the allegations in paragraph 30, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

31.     Monsanto denies the allegations in paragraph 31 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 31 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

32.     In response to the allegations in paragraph 32, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

33.     In response to the allegations in paragraph 33, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 33 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

34.     Monsanto denies the allegations in paragraph 34.

35.     In response to the allegations in paragraph 35, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety. Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The remaining allegations in paragraph 35 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

36.     In response to the allegations in paragraph 36, Monsanto admits that following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 36 and accordingly denies those allegations.  The remaining allegations in paragraph 36 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

37.     In response to the allegations in paragraph 37, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 37 and accordingly denies the same.  The remaining allegations in paragraph 37 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01829-VC

38.     In response to the allegations in paragraph 38, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 38 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

39.     In response to the allegations in paragraph 39, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 39 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

40.     Monsanto denies the allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 41 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 41.

42.     In response to the allegations in paragraph 42, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 42, which are not limited as of any specified date, and accordingly denies the same.

43.     In response to the allegations in paragraph 43, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.  Monsanto denies the remaining allegations in paragraph 43.

44.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies

1    that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to

2    form a belief as to the truth of the remaining allegations in paragraph 44 and therefore denies

3    those allegations.

4         45.      Monsanto denies any suggestion that IARC reviewed the full body of scientific

5    research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies

6    that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to

7    form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies

8    those allegations.

9         46.      Monsanto denies the allegations in paragraph 46 to the extent that they suggest

10   that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified

11   glyphosate as a Group 2A agent in March 2015.

12        47.      In response to the allegations in paragraph 47, Monsanto admits that IARC issued

13   its monograph for glyphosate, Monograph 112, on July 29, 2015, and that a draft of the

14   monograph was prepared by a "working group" of individuals selected by IARC who met over a

15   one-week period in March 2015 to consider glyphosate along with a number of other substances.

16   Monsanto denies the allegation that all members of the working groups are "experts."  Monsanto

17   denies that the working group or anyone at IARC conducted a one-year review of the scientific

18   evidence related to glyphosate or that the working group's findings reflected a comprehensive

19   review of the latest available scientific evidence.  Monsanto also denies that the working group

20   considered all information available in the scientific literature and all data from government

21   reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 47.

22        48.      In response to the allegations in paragraph 48, Monsanto denies that the IARC

23   working group considered all of the data in the numerous studies that have been conducted

24   looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

25   that it reliably considered the studies that it purports to have reviewed, which frequently reach

26   conclusions directly contrary to those espoused by the IARC working group.  To the extent the

27   allegations purport to characterize statements made in the IARC monograph for glyphosate, the

28

1  statements in that document speak for themselves, but Monsanto lacks information or knowledge

2  sufficient to form a belief as to the accuracy of the source of said information and accordingly

3  denies the allegations.

4      49.    The allegations in paragraph 49 are vague and conclusory.  To the extent they

5  purport to characterize statements made in the IARC monograph for glyphosate, the statements

6  in that document speak for themselves, but Monsanto lacks information or knowledge sufficient

7  to form a belief as to the accuracy of the source of said information and accordingly denies the

8  allegations.

9      50.    In response to the allegations in paragraph 50, to the extent the allegations purport

10  to characterize statements made in the IARC monograph for glyphosate, the statements in that

11  document speak for themselves, but to the extent that this paragraph means that more than *de*

12  *minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 50.

13      51.    In response to the allegations in paragraph 51, Monsanto admits that the IARC

14  working group identified a number of case control studies of populations with exposures to

15  glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

16  health concern from such exposures.

17      52.    Monsanto denies the allegations in paragraph 52.  The IARC working group

18  concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

19  which, per IARC's guidelines, means that the working group could not rule out chance, bias or

20  confounding so as to reach any conclusion of an increased risk.

21      53.    In response to the allegations in paragraph 53, Monsanto admits that the working

22  group cited to a study that it concluded provided evidence of chromosomal damage in

23  community residents reported to be exposed to glyphosate, but Monsanto denies that the study

24  supports such a conclusion or that the authors of the study reached such a conclusion.

25      54.    In response to the allegations in paragraph 54, Monsanto admits that the IARC

26  working group purported to make these findings, but denies that the animal carcinogenicity

27  studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

28

1   of the identified tumors.  Monsanto further states that regulatory agencies around the world have

2   reviewed the same animal studies and concluded that they do not provide evidence that

3   glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 54.

4         55.     In response to the allegations in paragraph 55, Monsanto admits that the IARC

5   working group purported to make these findings, but denies that the cited studies provide any

6   reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or

7   persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 55.

8         56.     In response to the allegations in paragraph 56, Monsanto admits that the IARC

9   working group interpreted a selected number of experimental studies as evidence that glyphosate

10  can cause genotoxicity, but Monsanto denies that the working group reliably considered the full

11  body of scientific data on such alleged genotoxic endpoints and denies that the working group

12  reliably interpreted the studies that it selected for consideration.  Regulators around the world

13  repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining

14  allegations in paragraph 56.

15        57.     In response to the allegations in paragraph 57, Monsanto admits that the IARC

16  working group purported to find such effects, but denies that there is any reliable scientific basis

17  for such conclusion.  Monsanto denies the remaining allegations in paragraph 57.

18        58.     In response to the allegations in paragraph 58, Monsanto admits that the working

19  group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but

20  denies that the working group characterized that study as supporting an association between

21  glyphosate and the specified cancers.  The AHS cohort study did not find a positive association

22  between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph

23  58.

24        59.     In response to the allegations in paragraph 59, Monsanto admits that EPA has a

25  technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water

26  regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, which

27

28

- 13 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01829-VC

should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

60.    In response to the allegations in paragraph 60, Monsanto admits that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate.  Monsanto notes that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

61.    Monsanto states that the term "toxic" as used in paragraph 61 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 61.

62.    In response to the allegations in paragraph 62, Monsanto admits that Julie Marc published the cited study in 2002 and states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 62.

63.    In response to the allegations in the first sentence of paragraph 63, Monsanto admits that Julie Marc published a study titled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that the first sentence of paragraph 63 characterizes the meaning of the cited study, Monsanto denies the allegations in the first sentence of paragraph 63. In response to the remaining allegations in paragraph 63, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the remaining allegations in paragraph 63.

64.    In response to the allegations in paragraph 64, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 64 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 65 characterizes the meaning of the cited study, Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 65.

66.     In response to the allegations in paragraph 66, Monsanto states that the terms "at all times" and these studies are vague and ambiguous, and therefore Monsanto denies the allegations in paragraph 66.  Monsanto denies the remaining allegations in paragraph 66.

67.     Monsanto admits that it has in the past promoted, and continues to promote Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 67.

68.     In response to the allegations in paragraph 68, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 68.

69.     In response to the allegations in paragraph 69, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 69.

70.     In response to the allegations in paragraph 70, Monsanto admits that, in France, the sale to and use by amateurs (i.e., non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions. Monsanto denies the remaining allegations in paragraph 70.

71.     In response to the allegations in paragraph 71, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01829-VC

1  glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the

2  truth of the allegations about whether this suspension took effect and accordingly denies the

3  same.  Monsanto denies the remaining allegations in paragraph 71.

4       72.    In response to the allegations in paragraph 72, Monsanto admits that the IARC

5  monograph appears to be the alleged basis for the Sri Lankan government's actions, including

6  the allegation that glyphosate can cause kidney disease.  Monsanto further states that the

7  allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations

8  regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 72.

9       73.    In response to the allegations in paragraph 73, Monsanto denies the alleged basis

10  for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has

11  explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC

12  ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety

13  concerns.  As of April 2016, the government of Colombia has resumed manual application of

14  glyphosate on illicit coca crops.  A federal district court in the United States excluded  plaintiffs'

15  expert testimony purporting to link these same aerial eradication operations with cancer as

16  scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto

17  denies the remaining allegations in paragraph 73.

18       74.    In response to the allegations in paragraph 74, Monsanto admits that the

19  California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was

20  required to add glyphosate to California's Proposition 65 list of chemicals in a process that

21  OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the

22  weight or quality of the evidence considered by IARC.  Monsanto further states that this decision

23  was not based upon any independent scientific analysis of glyphosate but instead was in response

24  to a provision of a California ballot proposition triggering such action based solely upon the

25  IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon

26  its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01829-VC

pose a cancer hazard to humans."[4]  Monsanto contends that OEHHA's decision that it was required to list glyphosate violates the United States Constitution and the California Constitution. On February 26, 2018, a federal district court enjoined California from requiring Proposition 65 warning labels for glyphosate as unconstitutional.  The remaining allegations set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 74.

75.     The allegations in paragraph 75 set forth conclusions of law for which no response is required.

76.     The allegations in paragraph 76 set forth conclusions of law for which no response is required.  Nevertheless, Monsanto notes that, under Proposition 65, the mere presence of a listed substance in a consumer product does not require a warning.  Instead, a warning need only be provided if the exposure to the listed substance, for the average user of the product, exceeds the level at which cancer would be hypothesized to occur, based on extrapolation from animal studies, in one person in 100,000 persons exposed over a 70-year lifetime.

77.     In response to the allegations in paragraph 77, Monsanto admits that it has brought a lawsuit challenging OEHHA's notice of intent to include glyphosate on its Proposition 65 list.

78.     In response to the allegations in paragraph 78, Monsanto admits that plaintiff accurately quotes from Monsanto's complaint in the referenced lawsuit, and states that Monsanto's complaint in that lawsuit speaks for itself.  Monsanto further admits that its lawsuit cites to OEHHA's 2007 determination based upon its own independent evaluation of the scientific evidence that glyphosate is "unlikely to pose a cancer hazard to humans."[5]  The

---

[4] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007), https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907.pdf

[5] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007), https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907.pdf

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01829-VC

remaining allegations in paragraph 78 comprise attorney characterizations and are accordingly denied.

79.    In response to the allegations in paragraph 79, Monsanto admits that, on November 12, 2015, the European Food Safety Authority ("EFSA") issued its Renewal Assessment Report (RAR) on glyphosate, in which it concluded that "glyphosate is unlikely to pose a carcinogenic hazard to humans."[6]  Monsanto further admits that this conclusion affirmed a similar finding by the German Federal Institute for Risk Management (BfR).  Monsanto admits that the European scientists who reached these determinations were acting independently of Monsanto and were acting to protect the public.

80.    In response to the allegations in paragraph 80, Monsanto denies that "industry groups" were afforded any ability to review the RAR beyond that afforded to the public generally.  Monsanto otherwise admits the allegations in paragraph 80.

81.    Monsanto admits the allegations in paragraph 81.

82.    In response to the allegations in paragraph 82, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies the allegations in paragraph 82 to the extent that they purport to set forth all of the distinctions identified by EFSA between its evaluation and the evaluation of the IARC working group.  Monsanto states that in the same document cited by plaintiff, EFSA states that, in contrast to IARC, "the EU peer review concluded that no significant increase in tumour incidence could be observed in any of the treated groups of animals in the nine long term rat studies considered" and explains that "[a]s well as reviewing a larger number of studies [than IARC], EFSA for example considered that carcinogenic effects observed at high doses were unreliable as they could be related to general toxicity."[7]  To the extent that paragraph 82 characterizes the meaning of the cited studies, Monsanto denies the remaining allegations in paragraph 82.

---

[6] See EFSA, *Glyphosate:  EFSA updates toxicological profile*, http://www.efsa.europa.eu/en/press/news/151112.

[7] EFSA, *EFSA Explains Risk Assessment Glyphosate*, http://www.efsa.europa.eu/sites/default/files/corporate_publications/files/efsaexplainsglyphosate151112en.pdf.

83.     In response to the allegations in paragraph 83, Monsanto states that the cited document speaks for itself and does not require a response.

84.     In response to the allegations in paragraph 84, Monsanto admits that EFSA set acceptable exposure thresholds for glyphosate that are orders of magnitude higher than those which occur in the ordinary use of glyphosate-based herbicides.  Monsanto denies that these exposure thresholds are based upon any alleged risk of carcinogenicity.

85.     In response to the allegations in paragraph 85, Monsanto admits that certain individuals, including Dr. Christopher Portier, sent the letter identified in paragraph 85 (hereinafter, "the Portier letter").  Monsanto denies that Dr. Portier or the other signatories to his letter are "independent" and "renowned international experts in the field."  Monsanto states that Dr. Portier has been disclosed as an expert witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto and that Monsanto lacks information or knowledge sufficient to form a belief as to whether the other signatories were aware, before they signed the Portier letter, that Dr. Portier was working as a retained expert for  plaintiffs' counsel.  Monsanto otherwise admits that this letter urged the EU Health Commissioner to disregard the scientific findings reached by EFSA and by the BfR.

86.     In response to the allegations in paragraph 86, Monsanto admits that Dr. Portier sent the letter identified in paragraph 86.  Monsanto denies that Dr. Portier or the other signatories to his letter are "renowned international experts in the field."  Monsanto admits that certain members of the IARC working group assigned to glyphosate signed on to the Portier letter, but states that Monsanto lacks information or knowledge sufficient to form a belief as to whether those individuals or the other signatories were aware at the time that Dr. Portier was working as a retained expert for  plaintiffs' counsel.

87.     In response to the allegations in paragraph 87, Monsanto states that the cited Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr. Portier – who has been disclosed as an expert witness retained by plaintiff's counsel in the glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific

1   conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a

2   carcinogenic hazard to humans."[8]  To the extent that paragraph 87 characterizes the meaning of

3   the cited document or of EFSA's evaluation of glyphosate, Monsanto denies the remaining

4   allegations in paragraph 87.

5         88.     In response to the allegations in paragraph 88, Monsanto admits that IARC

6   concluded that the human epidemiologic data provides only "limited evidence of

7   carcinogenicity," which IARC defines as meaning that "chance, bias, or confounding could not

8   be ruled out with reasonable confidence."[9]   Monsanto further admits that Dr. Portier – who has

9   been disclosed as an expert witness retained by  plaintiffs' counsel in the glyphosate cancer

10  litigation against Monsanto – seeks in his letter to challenge the scientific conclusions reached by

11  EFSA in support of its finding that "glyphosate is unlikely to pose a carcinogenic hazard to

12  humans."[10]  In response to the remaining allegations in paragraph 88, Monsanto states that the

13  cited Portier letter speaks for itself and does not require a response.  To the extent that paragraph

14  88 characterizes the meaning of the cited document or of EFSA's evaluation of glyphosate,

15  Monsanto denies the remaining allegations in paragraph 88.

16        89.     In response to the allegations in paragraph 89, Monsanto states that the cited

17  Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr.

18  Portier – who has been disclosed as an expert witness retained by  plaintiffs' counsel in the

19  glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific

20  conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a

21  carcinogenic hazard to humans."[11]  To the extent that paragraph 89 characterizes the meaning of

22

23  [8] *See* EFSA, *Glyphosate:  EFSA updates toxicological profile*, http://www.efsa.europa.eu/en
    /press/news/151112.

24  [9] http://publications.iarc.fr/_publications/media/download/4566/1f986e57ea2ddd9830fec223aeab

25  c740d0bb2eca.pdf.

    [10] *See* EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu
26  /en/press/news/151112.

    [11] *See* EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu
27  /en/press/news/151112.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01829-VC

the cited document or of EFSA's and BfR's evaluation of glyphosate, Monsanto denies the remaining allegations in paragraph 89.

90.     In response to the allegations in paragraph 90, Monsanto states that the cited Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr. Portier – who has been disclosed as an expert witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a carcinogenic hazard to humans."[12]  To the extent that paragraph 90 characterizes the meaning of the cited document or of EFSA's and BfR's evaluation of glyphosate, Monsanto denies the remaining allegations in paragraph 90.

91.     Monsanto admits the allegations in paragraph 91.

92.     In response to the allegations in paragraph 92, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 92 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 92.

93.     In response to the allegations in paragraph 93, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 93 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 93.

94.     In response to the allegations in paragraph 94, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

---

[12] *See* EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu/en/press/news/151112.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01829-VC

extent that paragraph 94 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 94.

95.     In response to the allegations in paragraph 95, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 95 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 95.

96.     In response to the allegations in paragraph 96, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 96 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 96.

97.     In response to the allegations in paragraph 97, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 97 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 97.

98.     In response to the allegations in paragraph 98, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 98 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 98.

99.     In response to the allegations in paragraph 99, Monsanto admits that the United States Food and Drug Administration ("FDA") has authority to enforce pesticide residues and that the FDA announced it would begin testing certain foods for glyphosate residues.  In response to the remaining allegations in paragraph 99, Monsanto states that the cited documents speak for themselves and do not require a response.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01829-VC

100.     In response to the allegations in paragraph 100, Monsanto admits that the U.S. Government Accountability Office ("GAO") issued the cited report regarding pesticide residue monitoring programs, but Monsanto denies that the GAO report was limited to glyphosate.  In response to the remaining allegations in paragraph 100, Monsanto states that the cited documents speak for themselves and do not require a response.  To the extent that paragraph 100 characterizes the meaning of the cited documents, Monsanto denies the remaining allegations in paragraph 100.

101.     In response to the allegations in paragraph 101, Monsanto admits that the FDA has authority to enforce pesticide residues and that the FDA announced it would begin testing certain foods for glyphosate residues.  In response to the remaining allegations in paragraph 101, Monsanto states that the cited documents speak for themselves and do not require a response.  To the extent that paragraph 101 characterizes the meaning of the cited documents, Monsanto denies the remaining allegations in paragraph 101.

102.     In response to the allegations in paragraph 102, Monsanto admits that the FDA has authority to enforce pesticide residues and that the FDA announced it would begin testing certain foods for glyphosate residues.  In response to the remaining allegations in paragraph 102, Monsanto states that the cited documents speak for themselves and do not require a response.  To the extent that paragraph 102 characterizes the meaning of the cited documents, Monsanto denies the remaining allegations in paragraph 102.

103.     Monsanto admits the allegations in paragraph 103.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

104.     In response to the allegations in paragraph 104, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01829-VC

1     105.    In response to the allegations in paragraph 105, Monsanto lacks information or

2  knowledge sufficient to form a belief as to whether each of the individuals at the referenced

3  meeting were "experts" and therefore denies that allegation.  Monsanto admits the remaining

4  allegations in paragraph 105.  Monsanto also states that the allegations are out of date and that

5  the European Union has approved glyphosate for another five years.

6     106.    In response to the allegations in paragraph 106, Monsanto states that the cited

7  document speaks for itself and does not require a response.  To the extent that paragraph 106

8  characterizes the meaning of the cited document, Monsanto denies the remaining allegations in

9  paragraph 106.

10     107.    In response to the allegations in paragraph 107, Monsanto states that the cited

11  document speaks for itself and does not require a response.  To the extent that paragraph 107

12  characterizes the meaning of the cited document, Monsanto denies the remaining allegations in

13  paragraph 107.  Monsanto also states that the allegations are out of date and that the European

14  Union has approved glyphosate for another five years.

15     108.    Monsanto admits the allegations in paragraph 108.  Monsanto also states that the

16  allegations are out of date and that the European Union has approved glyphosate for another five

17  years.

18     109.    Monsanto admits the allegations in paragraph 109.   Monsanto also states that the

19  allegations are out of date and that the European Union has approved glyphosate for another five

20  years.

21     110.    Monsanto admits the allegations in paragraph 110.  Monsanto also states that the

22  allegations are out of date and that the European Union has approved glyphosate for another five

23  years.

24     111.    In response to the allegations in paragraph 111, Monsanto admits that the EU

25  voted to extend the glyphosate license for five more years.  In response to the remaining

26  allegations in paragraph 111, Monsanto states that the cited document speaks for itself and does

27  not require a response.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01829-VC

112.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 112 and therefore denies those allegations.

113.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 113 and therefore denies those allegations.

114.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 114 and therefore denies those allegations.

115.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 115. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 115 and therefore denies those allegations.

116.    Monsanto denies the allegations in paragraph 116.

117.    In response to the allegations in paragraph 117, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that that Roundup®-branded products or glyphosate are injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The final sentence of paragraph 117 sets forth a conclusion of law for which no response is required.

118.    In response to the allegations in paragraph 118, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  The remaining allegations in paragraph 118 set forth conclusions of law for which no response is required.

119.    In response to the allegations in paragraph 119, Monsanto denies that there is any risk of NHL, or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.  Monsanto states, however, that the scientific studies upon

1   which IARC purported to base its cancer classification for glyphosate were all publicly available

2   before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to

3   the truth of the remaining allegations in paragraph 119 and therefore denies those allegations.

4         120.    The allegations in paragraph 120 set forth conclusions of law for which no

5   response is required.  To the extent that a response is deemed required, Monsanto denies the

6   allegations in paragraph 120.  Monsanto states that the scientific studies upon which IARC

7   purported to base its cancer classification for glyphosate were all publicly available before

8   March 2015.

9         121.    Monsanto denies the allegations in paragraph 121.

10         122.    Monsanto denies the allegations in paragraph 122.

11         123.    The allegations in paragraph 123 set forth conclusions of law for which no

12   response is required.

13         124.    Monsanto denies the allegations in paragraph 124.

14         125.    The allegations in paragraph 125 set forth conclusions of law for which no

15   response is required.  To the extent that a response is required, Monsanto denies the allegations

16   in paragraph 125.  Monsanto states that the scientific studies upon which IARC purported to base

17   its cancer classification for glyphosate were all publicly available before March 2015.

18         126.    Monsanto incorporates by reference its responses to paragraphs 1 through 125 in

19   response to paragraph 126 of plaintiff's Complaint.

20         127.    In response to the allegations in paragraph 127, Monsanto admits that plaintiff

21   purports to bring claims for strict liability design defect but denies any liability as to that claim.

22         128.    Monsanto denies the allegations in paragraph 128.

23         129.    In response to the allegations of paragraph 129, Monsanto lacks information or

24   knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

25   exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies

26   the remaining allegations in paragraph 129.

27         130.    Monsanto denies the allegations in paragraph 130.

28

1    131.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 131 and therefore denies those allegations.

3    132.    Monsanto denies the allegations in paragraph 132.

4    133.    Monsanto denies the allegations in paragraph 133.

5    134.    Monsanto denies the allegations in paragraph 134 and each of its subparts.

6    135.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 135 and therefore denies those allegations.  Monsanto denies

8    the remaining allegations in paragraph 135, including that Roundup®-branded products have

9    "dangerous characteristics."

10    136.    Monsanto denies the allegations in paragraph 136.

11    137.    Monsanto denies the allegations in paragraph 137.

12    138.    Monsanto denies the allegations in paragraph 138.

13    139.    Monsanto denies the allegations in paragraph 138.

14    140.    Monsanto denies the allegations in paragraph 140.

15    141.    Monsanto denies the allegations in paragraph 141.

16    142.    Monsanto denies the allegations in paragraph 142.

17    In response to the "WHEREFORE" paragraph following paragraph 142, Monsanto

18    demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

19    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

20    fees as allowed by law and such further and additional relief as this Court may deem just and

21    proper.

22    143.    Monsanto incorporates by reference its responses to paragraphs 1 through 142 in

23    response to paragraph 143 of plaintiff's Complaint.

24    144.    In response to the allegations in paragraph 144, Monsanto admits that plaintiff

25    purports to bring claims for strict liability failure to warn, but denies any liability to plaintiff.

26    145.    Monsanto denies the allegations in paragraph 145.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01829-VC

146.     In response to the allegations in paragraph 146, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff or other individuals purchased or used Roundup®-branded products and therefore denies that allegation. The allegations in paragraph 146 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 146.

147.     The allegations in paragraph 147 set forth conclusions of law for which no response is required.

148.     Monsanto denies the allegations in paragraph 148.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

149.     Monsanto denies the allegations in paragraph 149.

150.     Monsanto denies the allegations in paragraph 150.

151.     Monsanto denies the allegations in paragraph 151.

152.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 152 and therefore denies those allegations.

153.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 153 concerning plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 153, including that Roundup®-branded products have "dangerous characteristics."

154.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 154 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 154.

155.     The allegations in paragraph 155 set forth conclusions of law for which no response is required.

156.     Monsanto denies the allegations in paragraph 156.

157.     Monsanto denies the allegations in paragraph 157.

1    158.    Monsanto denies the allegations in paragraph 158.

2    159.    Monsanto denies the allegations in paragraph 159.

3    160.    Monsanto denies the allegations in paragraph 160.

4    161.    Monsanto denies the allegations in paragraph 161.

5    162.    Monsanto denies the allegations in paragraph 162.

6    163.    Monsanto denies the allegations in paragraph 163.

7        In response to the "WHEREFORE" paragraph following paragraph 163,  Monsanto

8    demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

9    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

10   fees as allowed by law and such further and additional relief as this Court may deem just and

11   proper.

12   164.    Monsanto incorporates by reference its responses to paragraphs 1 through 163 in

13   response to paragraph 164 of plaintiff's Complaint.

14   165.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations in paragraph 165 regarding the specific products allegedly used by

16   plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore

17   denies the allegations in paragraph 165.

18   166.    Monsanto denies the allegations in paragraph 166.

19   167.    The allegations in paragraph 167 set forth conclusions of law for which no

20   response is required.

21   168.    The allegations in paragraph 168 set forth conclusions of law for which no

22   response is required.

23   169.    Monsanto denies the allegations in paragraph 169.

24   170.    Monsanto denies the allegations in paragraph 170.

25   171.    Monsanto denies the allegations in paragraph 171.

26   172.    Monsanto denies the allegations in paragraph 172.

27

28

173.     Monsanto denies the allegations in paragraph 173.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

174.     Monsanto denies the allegations in paragraph 174.

175.     Monsanto denies the allegations in paragraph 175.

176.     Monsanto denies the allegations in paragraph 176.

177.     Monsanto denies the allegations in paragraph 177, including each of its subparts.

178.     Monsanto denies the allegations in paragraph 178.

179.     Monsanto denies the allegations in paragraph 179.

180.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 180 regarding plaintiff's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 180, including that intended use of and/or exposure to Roundup®-branded products causes any injuries.

181.     Monsanto denies the allegations in paragraph 181.

182.     Monsanto denies the allegations in paragraph 182.

183.     Monsanto denies the allegations in paragraph 183.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

In response to the "WHEREFORE" paragraph following paragraph 183, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

184.     Monsanto incorporates by reference its responses to paragraphs 1 through 183 in response to paragraph 184 of plaintiff's Complaint.

185.     Monsanto denies the allegations in paragraph 185.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01829-VC

1    186.    In response to the allegations in paragraph 186, Monsanto admits that it has sold

2    glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further

3    states that paragraph 186 sets forth conclusions of law for which no response is required.

4    Monsanto denies the remaining allegations in paragraph 186.

5    187.    Monsanto denies the allegations in the first and second sentences of paragraph

6    187.  All labeling of Roundup®-branded products has been and remains EPA-approved and in

7    compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

8    of paragraph 187 sets forth conclusions of law for which no response is required.

9    188.    The allegations in paragraph 188 set forth conclusions of law for which no

10   response is required.

11   189.    Monsanto denies the allegations in paragraph 189.

12   190.    Monsanto denies the allegations in paragraph 190 and each of its subparts.

13   191.    Monsanto denies the allegations in paragraph 191.

14   192.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations in paragraph 192 regarding plaintiff's knowledge and therefore denies

16   those allegations.  Monsanto denies the remaining allegations in paragraph 192.

17   193.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18   truth of the allegations in paragraph 193 and therefore denies those allegations.

19   194.    Monsanto denies the allegations in paragraph 194.

20   195.    Monsanto denies the allegations in paragraph 195.

21   196.    Monsanto incorporates by reference its responses to paragraphs 1 through 195 in

22   response to paragraph 196 of plaintiff's Complaint.

23   197.    Monsanto denies the allegations in paragraph 197.

24   198.    Monsanto denies the allegations in paragraph 198

25   199.     Monsanto lacks information or knowledge sufficient to form a belief as to the

26   truth of the allegations in paragraph 199 concerning plaintiff's claimed use of and exposure to

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01829-VC

1    Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

2    paragraph 199 set forth conclusions of law for which no response is required.

3            200.    Monsanto denies the allegations in paragraph 200.  All labeling of Roundup®-

4    branded products has been and remains EPA-approved and in compliance with all federal

5    requirements under FIFRA.

6            201.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 201 regarding plaintiff's reliance and therefore denies those

8    allegations.  The remaining allegations in paragraph 201 set forth conclusions of law for which

9    no response is required.

10           202.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations in paragraph 202 and therefore denies those allegations.

12           203.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13   truth of the allegations in paragraph 203 concerning plaintiff's claimed use of or exposure to

14   Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

15   paragraph 203 set forth conclusions of law for which no response is required.

16           204.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in paragraph 204 concerning plaintiff's claimed use of or exposure to

18   Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph

19   204 regarding Monsanto's implied warranties sets forth conclusions of law for which no

20   response is required.  Monsanto denies the remaining allegations in paragraph 204.

21           205.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations in paragraph 205 concerning plaintiff's reliance or plaintiff's claimed use

23   of any Roundup®-branded product and therefore denies those allegations.  The remaining

24   allegations in paragraph 205 set forth conclusions of law for which no response is required.

25           206.    Monsanto denies that there is any risk of serious injury associated with or linked

26   to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.

27   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

28

1    allegations in paragraph 206 concerning plaintiff's knowledge about Roundup®-branded

2    products and therefore denies the remaining allegations in paragraph 206.

3        207.    Monsanto denies the allegations in paragraph 207.

4        208.    Monsanto denies the allegations in paragraph 208.

5        209.    Monsanto denies the allegations in paragraph 209.

6        210.    Monsanto incorporates by reference its responses to paragraphs 1 through 209 in

7    response to paragraph 210 of plaintiff's Complaint.

8        211.    Monsanto lacks information or knowledge sufficient to form a belief regarding

9    plaintiff's claimed selection or use of Roundup®-branded products and therefore denies those

10   allegations.  The remaining allegations in paragraph 211 set forth conclusions of law for which

11   no response is required.

12       212.    The allegations in the first sentence of paragraph 212 set forth conclusions of law

13   for which no response is required.  Monsanto denies the remaining allegations in paragraph 212,

14   including that Roundup®-branded products are "dangerous products."

15       213.    Monsanto denies the allegations in paragraph 213.

16       214.    Monsanto denies the allegations in paragraph 214.

17       215.    Monsanto denies the allegations in paragraph 215.

18       216.    Monsanto denies the allegations in paragraph 216.

19       217.    Monsanto denies the allegations in paragraph 217.

20       218.    Monsanto denies the allegations in paragraph 218.

21       219.    Monsanto denies the allegations in paragraph 219.

22       220.    Monsanto denies the allegations in paragraph 220.

23       221.    Monsanto incorporates by reference its responses to paragraphs 1 through 220 in

24   response to paragraph 221 of plaintiff's Complaint.

25       222.    Monsanto denies the allegations in paragraph 222.

26       223.    Monsanto denies the allegations in paragraph 223 and each of its subparts.

27       224.    Monsanto denies the allegations in paragraph 224.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01829-VC

1    Every allegation in the Complaint that is not specifically and expressly admitted in this

2    Answer is hereby specifically and expressly denied.

3    **SEPARATE AND AFFIRMATIVE DEFENSES**

4    1.    The Complaint, in whole or part, fails to state a claim or cause of action upon

5    which relief can be granted.

6    2.    Venue may be inconvenient for plaintiff's claims.

7    3.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

8    reliable evidence that the products at issue were defective or unreasonably dangerous.

9    4.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

10   was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

11   plaintiff's alleged injuries.

12   5.    Plaintiff's claims are barred, in whole or in part, because the products at issue

13   were designed, manufactured, marketed and labeled with proper warnings, information, cautions

14   and instructions, in accordance with the state of the art and the state of scientific and

15   technological knowledge.

16   6.    Plaintiff's claims are barred, in whole or in part, because the products at issue

17   were not defective or unreasonably dangerous in that they complied with, at all relevant times,

18   all applicable government safety standards.

19   7.    Any claims based on allegations that Monsanto misled, defrauded, made

20   misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

21   *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

22   *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

23   8.    Plaintiff's claims are preempted, in whole or in part, by applicable federal law

24   relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

25   processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01829-VC

9.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

12.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

13.     Applicable statutes of limitations, repose, and/or prescriptive periods bar plaintiff's claims in whole or in part.

14.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

15.     If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

16.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to her by which liability could be attributed to it.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01829-VC

17.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

18.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Louisiana Constitution, the Missouri Constitution, and/or other applicable state constitutions.

20.     Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Louisiana law, Missouri law, and/or other applicable state laws.

21.     Plaintiff's claims for punitive damages are barred and/or limited by operation of state and/or federal law, including La. Rev. Stat. § 9:2800.52, *et seq.* and Missouri Revised Statute § 510.265.1.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

23.     Plaintiff has failed to allege fraud with sufficient particularity.

24.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

25.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

26.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

27.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

29.     Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiff, and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Petition, and plaintiff have failed to clearly establish any entitlement to punitive damages based on their allegations.

30.     To the extent that plaintiff recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute §§ 490.710, 490.715.

31.     Plaintiff's common law claims are barred, in whole or part, by application of Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. Ann. § 9:2800.51 *et seq.*

32.     This case is governed by the exclusive provisions of the Louisiana Products Liability Act (La. R.S. 9:2800.51, *et seq.*) ("LPLA").  Any theories of recovery that fall outside of the LPLA's provisions are therefore subject to dismissal.

33.     Monsanto affirmatively pleads the applicability of the LPLA and specifically avers that plaintiff is not entitled to recovery under any of the exclusive theories of liability set forth in the Act.

34.     Monsanto specifically avers that the product possessed no characteristic that rendered it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA (La. R.S. 9:2800.54).

35.     Monsanto asserts all allowable defenses under the LPLA, La. R.S. 9:2800.51, et seq., including but not limited to the applicability of La. R.S. 9:2800.59(A)(1), (2), (3), and (B).

36.     Should plaintiff recover under any claims under the LPLA, a recovery of attorney's fees for plaintiff is barred under the provisions of that statute.

1    37.    Monsanto has no liability to plaintiff under any theory of redhibition to the extent

2    that plaintiff failed to tender any product allegedly sold by Monsanto that allegedly contained a

3    redhibitory defect and has not made an amicable demand upon Monsanto.

4    38.    Monsanto has no liability to plaintiff under any theory of redhibition to the extent

5    that plaintiff has waived plaintiff's redhibition rights.

6    39.    To the extent plaintiff's claims are based on conduct that pre-dates 1996,

7    Louisiana's comparative negligence regime may not apply, and plaintiff's claims may be barred

8    by contributory negligence.

9    40.    Plaintiff's claims for punitive damages are barred under Louisiana Civil Code

10   Article 3546.

11   41.    To the extent plaintiff's claims are based on conduct that pre-dates 1989,

12   plaintiff's claims under the LPLA may be barred.

13   42.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

14   may become available or apparent during the course of discovery and thus reserves its right to

15   amend this Answer to assert such defenses.

16   **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

17   plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

18   other relief as the Court deems equitable and just.

19   **<u>JURY TRIAL DEMAND</u>**

20   Monsanto demands a jury trial on all issues so triable.

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01829-VC

1   DATED:  April 6, 2020                    Respectfully submitted,

2

3                                            /s/ Joe G. Hollingsworth
                                             Joe G. Hollingsworth (*pro hac vice*)
4                                            (jhollingsworth@hollingsworthllp.com)
                                             Eric G. Lasker (*pro hac vice*)
5                                            (elasker@hollingsworthllp.com)
                                             HOLLINGSWORTH LLP
6                                            1350 I Street, N.W.
                                             Washington, DC  20005
7                                            Telephone:  (202) 898-5800
                                             Facsimile:  (202) 682-1639
8
                                             *Attorneys for Defendant*
9                                            *MONSANTO COMPANY*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01829-VC