**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:      jhollingsworth@hollingsworthllp.com
           elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Roger Wood, individually, and as successor in interest for the estate of Zena Wood, deceased, v. Monsanto Co. and John Does 1-100,* Case No. 3:20-cv-01638-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below. Additionally, to the extent plaintiff's allegations are directed towards both Monsanto and the collective "John Doe" co-defendants, Monsanto only purports to answer plaintiff's allegations as to Monsanto and not as to the co-defendants.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiff's Complaint.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.      The allegations in the first sentence of paragraph 8 set forth conclusions of law for which no response is required.  In response to the allegations in the final sentence of paragraph 8, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

9.      Monsanto admits that the Judicial Panel on Multidistrict Litigation ordered that federal court lawsuits filed by plaintiffs alleging that Roundup®-branded products caused them to develop non-Hodgkin's lymphoma be transferred to this Court for coordinated or consolidated pretrial proceedings.  *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 2016 WL 5845994 (J.P.M.L. Oct. 3, 2016).  Monsanto denies the remaining allegations in paragraph 9.

10.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 10 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 10.

11.      In response to the allegations in paragraph 11, Monsanto denies that decedent's death was "wrongful."  Monsanto admits that plaintiff purports to seek damages for a wrongful death claim and survival action but denies any liability on those claims.

12.      Monsanto admits the allegations in paragraph 12.

13.     The allegations in paragraph 13 are not directed at Monsanto and therefore no answer is required.  To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 13.

14.     Monsanto denies the allegations in paragraph 14.

15.     In response to the allegations in Paragraph 15, Monsanto denies the allegation that decedent's death was "wrongful" and denies that any injuries alleged in the Complaint, including the injury and death of decedent, were caused by Roundup®-branded products.  The remaining allegations in paragraph 15 contain legal conclusions to which no response is required.  To the extent that a response is required, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore denies those allegations.

16.     In response to the allegations in paragraph 16, Monsanto denies that decedent's death was "wrongful."  Monsanto admits that plaintiff purports to seek damages for a wrongful death claim and survival action but denies any liability on those claims.

17.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations.

18.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 18 and therefore denies those allegations. In response to the allegations in the second sentence of paragraph 18, Monsanto states that the cited document speaks for itself and does not require a response.

19.     In response to the allegations in paragraph 19, Monsanto states that the cited document speaks for itself and does not require a response.

20.     Monsanto admits the allegations in paragraph 20.

21.     Monsanto admits the allegations in paragraph 21 but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

22.     The allegations in paragraph 22 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff has a variety of separate and distinct uses and formulations.

23.     In response to the allegations in paragraph 23, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware. Monsanto admits that it and affiliated companies have operations and offices in countries around the world.  Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 23.  Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 23 and therefore denies those allegations.

24.     In response to the allegations in paragraph 24, Monsanto admits that its glyphosate products are registered in at least 130 countries and approved for use on over 100 different crops.  Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media. Monsanto denies the remaining allegations in paragraph 24.

25.     Monsanto admits the allegations in the first sentence of paragraph 25.  Monsanto denies the allegations in the second sentence of paragraph 25 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

26.     Monsanto admits the allegations in the first sentence of paragraph 26.  Monsanto denies the allegations in the second sentence of paragraph 26.

27.     In response to the allegations in paragraph 27, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 27.

28.     Monsanto denies the allegations in paragraph 28.

29.     In response to the allegations in paragraph 29, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United

1   States and around the world and further admits that it has labeled glyphosate products as

2   approved by regulatory bodies consistent with those findings.  Monsanto also admits that the

3   United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to

4   the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based

5   herbicides create no unreasonable risk to human health or to the environment when used in

6   accordance with the label.  To the extent that paragraph 29 alleges that Monsanto has labeled

7   glyphosate or Roundup®-branded herbicides in any manner different or in addition to such

8   regulatory approval, Monsanto denies such allegations.

9        30.    In response to the allegations in paragraph 30, Monsanto admits that glyphosate is

10  an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

11  paragraph 30 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

12  to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore denies

13  those allegations.

14       31.    Monsanto generally admits the allegations in the first sentence of paragraph 31,

15  but denies the allegations in the first sentence of paragraph 31 to the extent that they suggest that

16  glyphosate is present in any plants at anything other than *de minimis* amounts well within

17  regulatory safety levels, as determined by EPA. Monsanto denies the allegations in the second

18  sentence of paragraph 31 because the impact of glyphosate on treated plants varies depending

19  upon the amount of glyphosate applied and the type of plant.  Monsanto denies the allegations in

20  the third sentence of paragraph 31 to the extent that they suggest that glyphosate is present in any

21  plants at anything other than *de minimis* amounts well within regulatory safety levels, as

22  determined by EPA.

23       32.    In response to the allegations in paragraph 32, Monsanto admits that farmers have

24  safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining

25  allegations in paragraph 32.

26       33.    Monsanto admits that Roundup®-branded products have been used by farmers for

27  approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

28  properties and denies the remaining allegations in paragraph 33.

34.     Monsanto admits the allegations in the first two sentences of paragraph 34 and admits that at all relevant times it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA.  Monsanto denies the remaining allegations in paragraph 34.

35.     The allegations in paragraph 35 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 35.

36.     In response to the allegations in paragraph 36, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 36 set forth conclusions of law for which no response is required.

37.     The allegations in paragraph 37 set forth conclusions of law for which no response is required.

38.     In response to the allegations in paragraph 38, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution United States.

39.     In response to the allegations in paragraph 39, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 39 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 39 set forth conclusions of law for which no answer is required.

40.     Monsanto denies the allegations in paragraph 40 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

1    of the allegations in paragraph 40 regarding such pesticide products generally and therefore

2    denies those allegations.  The remaining allegations in paragraph 40 set forth conclusions of law

3    for which no response is required.

4           41.     In response to the allegations in paragraph 41, Monsanto admits that EPA has

5    undertaken a regulatory review of glyphosate and further admits that EPA has not released its

6    findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

7    Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

8    concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

9    humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

10   posted an October 2015 final report by its standing Cancer Assessment Review Committee

11   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

12   to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

13   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

14   the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

15   humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

16   of the remaining allegations in paragraph 41 and therefore denies those allegations.

17          42.     In response to the allegations in paragraph 42, Monsanto admits that the New

18   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

19   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

20   
21   [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
22   document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in
23   anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

24   [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
25   Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

26   [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/
27   document?D=EPA-HQ-OPP-2016-0385-0528.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01638-VC

admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 42 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

43.     In response to the allegations in paragraph 43, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 43 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

44.     Monsanto denies the allegations in paragraph 44.

45.     In response to the allegations in paragraph 45, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 45 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 45.

46.     Monsanto denies the allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01638-VC

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 47.

48.     Monsanto states that the term "toxic" as used in paragraph 48 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in paragraph 48.

49.     Monsanto admits the allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004. To the extent that paragraph 51 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto states that these documents speak for themselves and do not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 53 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 53.

54.     Monsanto denies the allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 56 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 56.

57.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 57.

58.     Monsanto denies the allegations in paragraph 58.

59.     Monsanto denies the allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60.

61.     Monsanto denies the allegations in paragraph 61.

62.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 62.

63.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01638-VC

64.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

65.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 65 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

66.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 66, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 66 comprise attorney characterizations and are accordingly denied.

67.     In response to the allegations in paragraph 67, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 67 comprise attorney characterizations and are accordingly denied.

68.     In response to the allegations in paragraph 68, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly denied.

69.     Monsanto denies the allegations in paragraph 69.

70.     The allegations in paragraph 70 comprise attorney characterizations and are accordingly denied.

71.     Monsanto admits the allegations in paragraph 71.

72.     In response to the allegations in paragraph 72, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 72

1   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

2   paragraph 72.

3         73.     In response to the allegations in the first sentence of paragraph 73, Monsanto

4   admits that certain studies have reported that glyphosate and glyphosate-based formulations

5   induced oxidative stress under artificial experimental conditions.  Monsanto denies that these

6   studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce

7   oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies

8   the remaining allegations in the first sentence of paragraph 73. The allegations in the second

9   sentence in paragraph 73 are vague and ambiguous and are accordingly denied. In response to

10  the allegations in the last sentence of paragraph 73, Monsanto states that the cited document

11  speaks for itself and does not require a response.

12        74.     In response to the allegations in paragraph 74, Monsanto states that the cited

13  document speaks for itself and does not require a response.  To the extent that paragraph 74

14  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

15  paragraph 74.

16        75.     Monsanto denies the allegations in paragraph 75.

17        76.     In response to the allegations in paragraph 76, Monsanto states that the cited

18  document speaks for itself and does not require a response.  Monsanto otherwise denies the

19  allegations in paragraph 76.

20        77.     Monsanto admits that there is no reliable evidence that Roundup®-branded

21  products are genotoxic, and that regulatory authorities and independent experts agree that

22  Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

23  paragraph 77.

24        78.     Monsanto denies the allegations in paragraph 78.

25        79.     Monsanto denies the allegations in paragraph 79.

26        80.     Monsanto denies the allegations in paragraph 80.

27        81.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

28  exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 81.

82. Monsanto denies the allegations in paragraph 82.

83. Monsanto denies the allegations in paragraph 83.

84. Monsanto admits the allegations in paragraph 84.

85. Monsanto denies the allegations in paragraph 85.

86. Monsanto admits the allegations in paragraph 86.

87. Monsanto denies the allegations in paragraph 87.

88. Monsanto denies the allegations in paragraph 88.

89. Monsanto denies the allegations in paragraph 89.

90. Monsanto denies the allegations in paragraph 90.

91. Monsanto denies the allegations in paragraph 91.

92. Monsanto denies the allegations in paragraph 92.

93. Monsanto denies the allegations in paragraph 93.

94. In response to the allegations in paragraph 94, Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 94.

95. In response to the allegations in paragraph 95, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 95.

96. Monsanto denies the allegations in paragraph 96.

97. Monsanto denies the allegations in paragraph 97.

98. Monsanto denies the allegations in paragraph 98.

99. Monsanto denies the allegations in paragraph 99.

100. Monsanto denies the allegations in paragraph 100.

101. Monsanto denies the allegations in paragraph 101.

102. Monsanto denies the allegations in paragraph 102.

103. Monsanto denies the allegations in paragraph 103.

1       104.    Monsanto denies the allegations in paragraph 104.

2       105.    Monsanto denies the allegations in paragraph 105.

3       106.    Monsanto denies the allegations in paragraph 106.

4       107.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5 truth of the allegations in paragraph 107 and therefore denies those allegations.

6       108.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7 truth of the allegations in paragraph 108 and therefore denies those allegations.

8       109.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9 truth of the allegations in paragraph 109 and therefore denies those allegations.

10       110.    Monsanto denies the allegations in paragraph 110.

11       111.    Monsanto incorporates by reference its responses to paragraphs 1 through 110 in

12 response to paragraph 111 of plaintiff's Complaint.

13       112.    Monsanto denies the allegations in paragraph 112 that exposure to Roundup®-

14 branded products and glyphosate exposed decedent to risk of decedent's alleged cancers and

15 denies that exposure to Roundup®-branded products did or could have caused decedent's alleged

16 cancers.  Monsanto states, however, that the scientific studies upon which IARC purported to

17 base its classification were all publicly available before March 2015.  The remaining allegations

18 in paragraph 112 set forth conclusions of law for which no response is required or consist of

19 attorney characterizations and are accordingly denied.

20       113.    Monsanto denies the allegation in paragraph 113 that exposure to Roundup®-

21 branded products and glyphosate exposed decedent to risk of decedent's alleged cancers.

22 Monsanto states, however, that the scientific studies upon which IARC purported to base its

23 classification were all publicly available before March 2015.  The remaining allegations in

24 paragraph 113 set forth conclusions of law for which no response is required or consist of

25 attorney characterizations and are accordingly denied.

26       114.    Monsanto denies the allegations in paragraph 114 that exposure to Roundup®-

27 branded products and glyphosate exposed decedent to risk of decedent's alleged cancers and

28 denies that exposure to Roundup®-branded products did or could have caused decedent's alleged

- 14 -

cancers.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The remaining allegations in paragraph 114 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

115.    Monsanto denies the allegations in paragraph 115.

116.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed decedent to risk of decedent's alleged cancer and denies the remaining allegations in paragraph 116.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

117.    Monsanto denies the allegations in the first and last sentences of paragraph 117. The remaining allegations in paragraph 117 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

118.    In response to the allegations in paragraph 118, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.  The remaining allegations in paragraph 118 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.  Monsanto states, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

119.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 119 set forth conclusions of law for which no response is

1   required, consist of attorney characterizations and are accordingly denied, or comprise

2   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

3   the truth of the allegations asserted and therefore denies those allegations.

4          120.    Monsanto incorporates by reference its responses to paragraphs 1 through 119 in

5   response to paragraph 120 of plaintiff's Complaint.

6          121.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7   truth of the allegations in paragraph 121 and therefore denies those allegations.

8          122.    The allegations in paragraph 122 set forth conclusions of law for which no

9   response is required.

10         123.    Monsanto denies the allegations in paragraph 123.

11         124.    Monsanto denies the allegations in paragraph 124, including each of its subparts.

12         125.    Monsanto denies the allegations in paragraph 125.

13         126.    Monsanto denies the allegations in paragraph 126.

14         127.    Monsanto denies the allegations in paragraph 127, including each of its subparts.

15         128.    Monsanto denies the allegations in paragraph 128.

16         129.    Monsanto denies the allegations in paragraph 129.

17         130.    Monsanto denies the allegations in paragraph 130.

18         131.    Monsanto denies the allegations in paragraph 131.

19         132.    In response to allegations in paragraph 132, Monsanto demands that judgment be

20   entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice;

21   and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and

22   such further and additional relief as this Court may deem just and proper.  The statement in the

23   last sentence of Paragraph 132 sets forth a conclusion of law for which no response is required.

24         133.    Monsanto incorporates by reference its responses to paragraphs 1 through 132 in

25   response to paragraph 133 of plaintiff's Complaint.

26         134.    In response to the allegations in paragraph 134, Monsanto lacks information or

27   knowledge sufficient to form a belief as to the truth of the allegations that decedent used or was

28

- 16 -

1   exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies

2   the remaining allegations in paragraph 134.

3       135.   Monsanto lacks information or knowledge sufficient to form a belief as to the

4   truth of the allegations in paragraph 135 and therefore denies those allegations.

5       136.   Monsanto denies the allegations in paragraph 136.

6       137.   Monsanto denies the allegations in paragraph 137.

7       138.   Monsanto denies the allegations in paragraph 138.

8       139.   Monsanto denies the allegations in paragraph 139, including each of its subparts.

9       140.   Monsanto denies the allegations in paragraph 140.

10      141.   Monsanto denies that Roundup®-branded products have "dangerous

11  characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the remaining allegations in paragraph 141 and therefore denies those allegations.

13      142.   Monsanto lacks information or knowledge sufficient to form a belief as to the

14  truth of the allegations in paragraph 142 and therefore denies those allegations.

15      143.   Monsanto denies the allegations in paragraph 143.

16      144.   The allegations in paragraph 144 set forth conclusions of law for which no

17  response is required.

18      145.   Monsanto denies the allegations in paragraph 145.

19      146.   Monsanto denies the allegations in paragraph 146.

20      147.   Monsanto denies the allegations in paragraph 147.

21      148.   Monsanto denies the allegations in paragraph 148.

22      149.   Monsanto denies the allegations in paragraph 149.

23      150.   Monsanto denies the allegations in paragraph 150.

24      151.   Monsanto denies the allegations in paragraph 151.

25      152.   Monsanto denies the allegations in paragraph 152.

26      153.   Monsanto denies the allegations in paragraph 153.

27      154.   Monsanto denies the allegations in paragraph 154.

28

155. In response to allegations in paragraph 155, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of Paragraph 155 sets forth a conclusion of law for which no response is required.

156. Monsanto incorporates by reference its responses to paragraphs 1 through 155 in response to paragraph 156 of plaintiff's Complaint.

157. The allegations in paragraph 157 set forth conclusions of law for which no response is required.

158. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 158 and therefore denies those allegations.

159. Monsanto denies the allegations in paragraph 159. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

160. Monsanto denies the allegations in paragraph 160.

161. Monsanto denies the allegations in paragraph 161. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

162. Monsanto denies the allegations in paragraph 162. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

163. Monsanto denies the allegations in paragraph 163.

164. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding decedent's use history in paragraph 164 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 164.

165. The allegations in paragraph 165 set forth conclusions of law for which no response is required.

166. Monsanto denies the allegations in paragraph 166.

1       167.    Monsanto denies the allegations in paragraph 167.

2       168.    Monsanto denies the allegations in paragraph 168.

3       169.    Monsanto denies the allegations that Roundup®-branded products are defective

4 and accordingly denies the allegations in paragraph 169.

5       170.    The allegations in paragraph 170 set forth conclusions of law for which no

6 response is required.

7       171.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8 truth of the allegations in paragraph 171 and therefore denies those allegations.

9       172.    Monsanto denies the allegations in paragraph 172.

10       173.    Monsanto denies the allegations in paragraph 173.

11       174.    Monsanto denies the allegations in paragraph 174.

12       175.    Monsanto denies the allegations in paragraph 175.

13       176.    Monsanto denies the allegations in paragraph 176.

14       177.    In response to allegations in paragraph 177, Monsanto demands that judgment be

15 entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice;

16 and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and

17 such further and additional relief as this Court may deem just and proper.  The statement in the

18 last sentence of Paragraph 177 sets forth a conclusion of law for which no response is required.

19       178.    Monsanto incorporates by reference its responses to paragraphs 1 through 177 in

20 response to paragraph 178 of plaintiff's Complaint.

21       179.    Monsanto denies the allegations in paragraph 179.

22       180.    The allegations in paragraph 180 and each of its subparts set forth conclusions of

23 law for which no response is required.

24       181.    In response to the allegations in paragraph 181, Monsanto denies that it has failed

25 to properly disclose risks associated with Roundup®-branded products.  The remaining

26 allegations in paragraph 181 are vague and conclusory and comprise attorney characterizations,

27 and are accordingly denied.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01638-VC

182.   In response to the allegations in paragraph 182, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further states that paragraph 182 sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 182.

183.   Monsanto denies the allegations in the first and second sentences of paragraph 183.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence of paragraph 183 sets forth conclusions of law for which no response is required.

184.   The allegations in paragraph 184 set forth conclusions of law for which no response is required.

185.   Monsanto denies the allegations in paragraph 185.

186.   Monsanto denies the allegations in paragraph 186 and each of its subparts.

187.   Monsanto states that the allegation in paragraph 187 that Monsanto made an express warranty sets forth a legal conclusion for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 187 and therefore denies those allegations.

188.   Monsanto denies the allegations in paragraph 188.

189.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 189 regarding plaintiff's and/or decedent's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 189.

190.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 190 and therefore denies those allegations.

191.   Monsanto denies the allegations in paragraph 191.

192.   Monsanto denies the allegations in paragraph 192.

193.   Monsanto denies the allegations in paragraph 193.

194.   Monsanto denies the allegations in paragraph 194.

195.   In response to the allegations in paragraph 195, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of Paragraph 195 sets forth a conclusion of law for which no response is required.

196.    Monsanto incorporates by reference its responses to paragraphs 1 through 195 in response to paragraph 196 of plaintiff's Complaint.

197.    Monsanto denies the allegations in paragraph 197.  Additionally, the allegations in the last sentence in paragraph 197 set forth conclusions of law for which no response is required.

198.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 198 concerning the  decedent's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 198 set forth conclusions of law for which no response is required.

199.    The allegations in paragraph 199 set forth conclusions of law for which no response is required.

200.    Monsanto denies the allegations in paragraph 200.

201.    The allegation in paragraph 201 regarding a purported implied warranty sets forth a conclusion of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 201 and therefore denies those allegations.

202.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 202 concerning the condition of any Roundup®-branded product allegedly used by decedent or about decedent's alleged uses of such product and therefore denies the allegations in paragraph 202.

203.    Monsanto denies the allegations in paragraph 203.

204.    Monsanto denies the allegations in paragraph 204.

205.    Monsanto denies the allegations in paragraph 205.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01638-VC

206.     In response to the allegations in paragraph 206, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of Paragraph 206 sets forth a conclusion of law for which no response is required.

207.     Monsanto incorporates by reference its responses to paragraphs 1 through 206 in response to paragraph 207 of plaintiff's Complaint.

208.     Monsanto denies the allegations in paragraph 208.

209.     Monsanto denies the allegations in paragraph 209. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

210.     Monsanto denies the allegations in paragraph 210.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

211.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 211 regarding decedent's knowledge or reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 211.

212.     Monsanto denies the allegations in paragraph 212.

213.     Monsanto denies the allegations in paragraph 213.

214.     Monsanto denies the allegations in paragraph 214.

215.     Monsanto denies the allegations in paragraph 215.

216.     Monsanto denies the allegations in paragraph 216.

217.     In response to the allegations in paragraph 217, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The

1   statement in the last sentence of Paragraph 217 sets forth a conclusion of law for which no

2   response is required.

3         218.    Monsanto incorporates by reference its responses to paragraphs 1 through 217 in

4   response to paragraph 218 of plaintiff's Complaint.

5         219.    Monsanto denies the allegations in paragraph 219.

6         220.    Monsanto denies the allegations in paragraph 220.

7         221.    Monsanto denies the allegations in paragraph 221.

8         222.    Monsanto denies the allegations in paragraph 222.

9         223.    Monsanto denies the allegations in paragraph 223.

10        224.    Monsanto denies the allegations in paragraph 224.

11        225.    Monsanto denies the allegations in paragraph 225.

12        226.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13   truth of the allegations in paragraph 226 regarding decedent's actions, and therefore Monsanto

14   denies those allegations.  Monsanto denies the remaining allegations in paragraph 226.

15        227.    Monsanto denies the allegations in paragraph 227.

16        228.    Monsanto denies the allegations in paragraph 228.  All labeling of Roundup®-

17   branded products has been and remains EPA-approved and in compliance with all federal

18   requirements under FIFRA.

19        229.    Monsanto denies the allegations in paragraph 229.

20        230.    In response to the allegations in paragraph 230 Monsanto demands that judgment

21   be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

22   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

23   by law and such further and additional relief as this Court may deem just and proper.  The

24   statement in the last sentence of Paragraph 230 sets forth a conclusion of law for which no

25   response is required.

26        231.    The allegations in paragraph 231 set forth conclusions of law for which no

27   response is required.

28

1     In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

2 denies that plaintiff is entitled to the relief sought therein, including any judgment for any

3 damages, interest, costs, or any other relief whatsoever.

4     Every allegation in the Complaint that is not specifically and expressly admitted in this

5 Answer is hereby specifically and expressly denied.

6 **SEPARATE AND AFFIRMATIVE DEFENSES**

7     1.   The Complaint, in whole or part, fails to state a claim or cause of action against

8 Monsanto upon which relief can be granted.

9     2.   Venue in the Eastern District of Missouri may be inconvenient.

10     3.   Plaintiff's claims are improperly joined and should be severed.

11     4.   Plaintiff's claims against Monsanto are barred because plaintiff cannot proffer any

12 scientifically reliable evidence that the products at issue were defective or unreasonably

13 dangerous.

14     5.   Any alleged negligent or culpable conduct of Monsanto, none being admitted, was

15 so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

16 decedent's alleged injuries.

17     6.   Plaintiff's claims against Monsanto are barred, in whole or in part, because the

18 products at issue were designed, manufactured, marketed and labeled with proper warnings,

19 information, cautions and instructions, in accordance with the state of the art and the state of

20 scientific and technological knowledge.

21     7.   Plaintiff's claims against Monsanto are barred, in whole or in part, because the

22 products at issue were not defective or unreasonably dangerous in that they complied with, at all

23 relevant times, all applicable government safety standards.

24     8.   Any claims based on allegations that Monsanto misled, defrauded, made

25 misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

26 *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

27 *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

28

9.   Plaintiff's claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

10.   Plaintiff's claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.   Plaintiff's claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12.   Plaintiff's claims against Monsanto are barred, in whole or in part, because decedent's injuries, if any, were the result of conduct of plaintiff, decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

13.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

14.   Applicable statutes of limitations and/or repose bar plaintiff's claims against Monsanto in whole or in part.

15.   Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims against Monsanto in whole or in part.

16.   If decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of decedent's alleged injuries or damages.

17.  Monsanto had no legal relationship or privity with plaintiff and/or decedent and owed no duty to them by which liability could be attributed to it.

18.  Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff and/or decedent.  If any such warranties were made, which Monsanto specifically denies, then plaintiff and/or decedent failed to give notice of any breach thereof.

19.  Plaintiff's claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

20.  Plaintiff's claims against Monsanto for punitive, exemplary, and/or treble damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the California Constitution, the Missouri Constitution,, and/or other applicable state constitutions.

21.  Plaintiff's claims against Monsanto for punitive, exemplary, and/or treble damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under California law, Missouri law, and/or other applicable state laws.

22.  Plaintiff's claims against Monsanto for punitive, exemplary, and/or treble damages are barred and/or limited by operation of state and/or federal law, including Missouri Revised Statute § 510.265.1.

23.  Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiff and/or decedent, and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiff has failed to clearly establish any entitlement to punitive, exemplary, and/or treble damages based on his allegations.

24.  Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's and/or decedent's contributory/comparative negligence.

25.  Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's and/or decedent's failure to mitigate damages.

1    26.   Plaintiff's claims against Monsanto are barred in whole or in part by the

2    sophisticated user doctrine.

3    27.   To the extent that plaintiff recovered payments for his alleged injuries from any

4    collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced

5    to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute

6    §§ 490.710, 490.715.

7    28.   If decedent has been injured or damaged, no injury or damages being admitted, such

8    injuries were not caused by a Monsanto product.

9    29.   Plaintiff's claims against Monsanto are barred to the extent that plaintiff seeks relief

10   under the laws of states that do not govern plaintiff's claims.

11   30.   Plaintiff's claims against Monsanto are barred or limited to the extent that plaintiff

12   asserts claims that are governed by the laws of a state that does not recognize, or limits, such

13   claims.

14   31.   Plaintiff has failed to allege fraud with sufficient particularity.

15   32.   Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless,

16   fraudulent or done with a conscious disregard for the rights of plaintiff, decedent, and/or the

17   safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto

18   acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all

19   times alleged in the Complaint, and plaintiff has failed to clearly establish any entitlement to

20   exemplary and/or aggravated damages based on his allegations.

21   33.   Monsanto hereby gives notice that it intends to rely upon such other defenses as may

22   become available or apparent during the course of discovery and thus reserves its right to amend

23   this Answer to assert such defenses.

24   **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

25   plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

26   other relief as the Court deems equitable and just.

27

28

1

## JURY TRIAL DEMAND

2

Monsanto demands a jury trial on all issues so triable.

3

DATED: April 7, 2020                    Respectfully submitted,

4

5

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)

6

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)

7

HOLLINGSWORTH LLP
1350 I Street, N.W.

8

Washington, DC  20005
Telephone:   (202) 898-5800

9

Facsimile:    (202) 682-1639

10

*Attorneys for Defendant*
*MONSANTO COMPANY*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 28 -