**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Lois Rolish v. Monsanto Company and Does 1-20*, Case No. 3:20-cv-01421-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Lois Rolish's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Monsanto denies – and objects to – allegations by plaintiff that purport to lump Monsanto together with other defendants.  Monsanto responds to this Complaint only on behalf of Monsanto and not on behalf of any other defendant. Silence as to any allegations shall constitute a denial.

1.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 1 and therefore denies those allegations. Monsanto denies the allegations in the second sentence of paragraph 1.  In response to the

- 1 -

1   allegations in the last sentence of paragraph 1, Monsanto denies – and objects to – allegations by

2   plaintiff that purport to lump Monsanto together with another defendant.  Monsanto responds to

3   this Complaint only on behalf of Monsanto and not on behalf of any other defendant.

4           2.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth

5   of the allegations in the first and second sentences of paragraph 2 and therefore denies those

6   allegations.  Monsanto admits that it has in the past promoted, and continues to promote,

7   Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

8   Monsanto denies the allegations in the last sentence of paragraph 2.  Monsanto denies the

9   remaining allegations in paragraph 2.

10          3.      In response to the allegations in paragraph 3, Monsanto admits that it was the

11  entity that discovered the herbicidal properties of glyphosate and that Monsanto manufactures

12  Roundup®-branded products that have glyphosate as the active ingredient, but notes that

13  Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  To the extent

14  that the allegations in paragraph 3 quote and/or characterize a document, Monsanto states that the

15  cited document speaks for itself and does not require a response.

16          4.      Monsanto admits the allegations in the first sentence of paragraph 4.  In response

17  to the allegations in the second sentence of paragraph 4, Monsanto admits that certain of its

18  Roundup®-branded products contain POEA and adjuvants and that the United States

19  Environmental Protection Agency ("EPA") has classified surfactants and adjuvants as inert.

20  Monsanto notes that the EPA has determined that the surfactants used in Roundup®-branded

21  herbicides do not pose an unreasonable risk to human health.  Monsanto denies the remaining

22  allegations in paragraph 4.

23          5.      In response to the allegations in paragraph 5, Monsanto admits that it has in the

24  past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in

25  accordance with the products' labeling.  Monsanto denies the remaining allegations in paragraph

26  5.

27          6.      In response to the allegations in paragraph 6, Monsanto admits that the referenced

28  article was published.  To the extent the allegations in paragraph 6 characterize the meaning of

the cited article, Monsanto denies the allegations in paragraph 6.  Further, Monsanto denies the allegations that the cited article supports the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 6.

7.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies those allegations.

8.      The allegations in the first sentence of paragraph 8 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in the first sentence of paragraph 8 based upon the allegations in plaintiff's complaint.  Monsanto lacks information or knowledge sufficient to form a belief as to the remaining allegations in paragraph 8 and therefore denies those allegations.

9.      Monsanto admits the allegations in paragraph 9.

10.     In response to the allegations in the paragraph 10, Monsanto admits that it sells Roundup®-branded products in California.  The remaining allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.     In response to the allegations in paragraph 11, Monsanto denies any "omissions" and certain events giving rise to plaintiffs' claims.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.  The remaining allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 12 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 12.

13.     Monsanto admits the allegations in the first and second sentences of paragraph 13.  Monsanto denies the remaining allegations in paragraph 13.

14.     The allegations in paragraph 14 are not directed at Monsanto and therefore no answer is required.  To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 14.

15.     Monsanto admits the allegations in the first and third sentences of paragraph 15. Monsanto denies the allegations in the final sentence of paragraph 15 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.  The remaining allegations in paragraph 15 comprise attorney characterizations and are accordingly denied.

16.     Monsanto admits the allegations in the first sentence of paragraph 16.  In response to the allegations in the second sentence of paragraph 16, Monsanto admits that certain of its Roundup®-branded products contain POEA and adjuvants and that the EPA has classified surfactants and adjuvants as inert.  Monsanto notes that the EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  Monsanto denies the remaining allegations in paragraph 16.

17.     Monsanto admits the allegations in paragraph 17.

18.     In response to the allegations in paragraph 18, Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling.  To the extent that the remaining allegations in paragraph 18 purport to quote documents, the documents speak for themselves and thus do not require any further answer.

19.     To the extent that the allegations in paragraph 19 purport to quote documents, the documents speaks for themselves and thus do not require any further answer.  To the extent that the allegations in paragraph 19 characterize the meaning of the cited documents, Monsanto denies those allegations.

20.     Monsanto admits the allegations in the first sentence of paragraph 20.  The remaining allegations in paragraph 20 comprise attorney characterizations and are accordingly denied.

21.     In response to the allegations in paragraph 21, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 21 characterize the meaning of the cited document, Monsanto denies those allegations. Monsanto states that EPA subsequently changed its classification of glyphosate to Group E based

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01421-VC

1 upon a full evaluation of the scientific evidence, including but not limited to three animal

2 carcinogenicity studies.  Monsanto further states that EPA repeatedly has concluded that

3 glyphosate does not pose any cancer risk to humans.  For example, Monsanto states that:  (a) in

4 September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of

5 glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor]

6 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and

7 (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment

8 Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of

9 glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in

10 December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's

11 carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the

12 descriptor] 'not likely to be carcinogenic to humans'."[3]  In addition to the conclusions in the two

13 EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of

14 safety include:

15 - "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
16   evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of
   carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility
   *Decision (RED) Facts*, 2 (Sept. 1993),
17   http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

18 - "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
19   60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

20 - "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed.
   Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

21

22 _____

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic
23 Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in
24 anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
25 U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the
Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
26 Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of
27 Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/
document?D=EPA-HQ-OPP-2016-0385-0528.

28

- • "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- • "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- • "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

22.     The allegations in the first, second, and third sentences of paragraph 22 comprise attorney characterizations and are accordingly denied. In response to the remaining allegations in paragraph 22, Monsanto states that the cited study speaks for itself and does not require a response. To the extent that the allegations in paragraph 22 characterize the meaning of the cited study, Monsanto denies those allegations.

23.     In response to the allegations in paragraph 23, Monsanto states that the cited study speaks for itself and does not require a response. To the extent that the allegations in paragraph 23 characterize the meaning of the cited study, Monsanto denies those allegations.

24.     Monsanto denies the allegations in the first sentence of paragraph 24. In response to the remaining allegations in paragraph 24, Monsanto states that the cited study speaks for itself and does not require a response. To the extent that the remaining allegations in paragraph 24 characterize the meaning of the cited study, Monsanto denies those allegations.

25.     Monsanto denies the allegations in paragraph 25.

26.     Monsanto denies the allegations in the first and second sentences of paragraph 26. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies those allegations.

27.     The allegations in paragraph 27 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

28.     The allegations in paragraph 28 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

29.     Monsanto denies the allegations in paragraph 29.

30.     The allegations in paragraph 30 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

31.     Monsanto admits the allegations in paragraph 31.

32.     The allegations in paragraph 32 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

33.     In response to the allegations in paragraph 33, Monsanto admits that the International Agency for Research on Cancer ("IARC") classified glyphosate as a Group 2A agent in March 2015.  Monsanto denies the allegation that all members of the working groups are "experts."

34.     Monsanto denies the allegations in paragraph 34.

35.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies those allegations.

36.     Monsanto denies the allegations in the last sentence of paragraph 36.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies those allegations.

37.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies those allegations.

38.     Monsanto denies the allegations in paragraph 38.

39.     Monsanto denies the allegations in paragraph 39.

40.     Monsanto denies the allegations in paragraph 40.

41.     Monsanto denies the allegations in paragraph 41.

42.     Monsanto denies the allegations in paragraph 42.

43.     In response to the allegation in paragraph 43, Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The remaining allegations in paragraph 43 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

44.     Monsanto denies the allegations in the first sentence of paragraph 44.  To the extent that the remaining allegations in paragraph 44 quote a document, the document speaks for itself and thus does not require any further answer.  To the extent that the remaining allegations in paragraph 44 characterize the meaning of the quoted document, Monsanto denies those allegations.

45.     Monsanto denies the allegations in the second sentence of paragraph 45.  To the extent that the remaining allegations in paragraph 45 cite a document, the document speaks for itself and thus does not require any further answer.  To the extent that the remaining allegations in paragraph 45 characterize the meaning of the cited document, Monsanto denies those allegations.  The allegations in paragraph 45 are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

46.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph 46.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

1    47.    Monsanto incorporates by reference its responses to paragraphs 1 through 46 in

2    response to paragraph 47 of plaintiff's Complaint.

3    48.    The allegations in paragraph 48 set forth conclusions of law for which no response

4    is required.

5    49.    Monsanto denies the allegations in paragraph 49.

6    50.    Monsanto denies the allegations in paragraph 50, including each of its subparts.

7    51.    Monsanto denies the allegations in paragraph 51.

8    52.    Monsanto denies the allegations in paragraph 52.

9    53.    Monsanto incorporates by reference its responses to paragraphs 1 through 52 in

10   response to paragraph 53 of plaintiff's Complaint.

11   54.    Monsanto admits the allegations in paragraph 54.

12   55.    Monsanto denies the allegations in paragraph 55.

13   56.    Monsanto denies the allegations in paragraph 56.

14   57.    Monsanto denies the allegations in paragraph 57.

15   58.    Monsanto denies the allegations in paragraph 58.

16   59.    Monsanto incorporates by reference its responses to paragraphs 1 through 58 in

17   response to paragraph 59 of plaintiff's Complaint.

18   60.    Monsanto admits the allegations in paragraph 60.

19   61.    Monsanto denies the allegations in paragraph 61.

20   62.    Monsanto denies the allegations in paragraph 62.

21   63.    Monsanto denies the allegations in paragraph 63.

22   64.    Monsanto denies the allegations in paragraph 64.

23   65.    Monsanto denies the allegations in paragraph 65.

24   In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

25   denies that plaintiff is entitled to the relief sought therein, including any judgment for any

26   damages, interest, costs, or any other relief whatsoever.

27   Every allegation in the Complaint that is not specifically and expressly admitted in this

28   Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.     Plaintiff's claims against Monsanto are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.     Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.     Plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.     Plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.     Plaintiff's claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.     Plaintiff's claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01421-VC

9.      Plaintiff's claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims against Monsanto are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims against Monsanto in whole or in part.

14.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16.     Plaintiff's claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17.     Plaintiff's claims against Monsanto for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Arizona Constitution, the California Constitution, and/or other applicable state constitutions.

18.     Plaintiff's claims against Monsanto for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Arizona law, California law, and/or other applicable state laws.

19.     Plaintiff's claims against Monsanto for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Ariz. Rev. Stat. § 12-689.

20.     Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's own contributory/comparative negligence.

21.     Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's own failure to mitigate damages.

22.     Plaintiff's claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

23.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

24.     Plaintiff's claims against Monsanto are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

25.     Plaintiff's claims against Monsanto are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

26.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

27.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

1

## JURY TRIAL DEMAND

2

Monsanto demands a jury trial on all issues so triable.

3

DATED:  April 8, 2020

Respectfully submitted,

4

5

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)

6

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)

7

HOLLINGSWORTH LLP
1350 I Street, N.W.

8

Washington, DC  20005
Telephone:  (202) 898-5800

9

Facsimile:   (202) 682-1639

10

*Attorneys for Defendant*
*MONSANTO COMPANY*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01421-VC