**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone: (202) 898-5800
Facsimile:  (202) 682-1639
Email:     jhollingsworth@hollingsworthllp.com
           elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC |
| This document relates to: <br><br> *Davey Lamar Souther v. Monsanto Co.,* <br> Case No. 3:20-cv-01823-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in the Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.     Monsanto denies the allegations in paragraph 1.

2.     The allegations in paragraph 2 set forth conclusions of law for which no response is required.

3.     The allegations in paragraph 3 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies those allegations.

4.     The allegations in paragraph 4 set forth conclusions of law for which no response is required.

5.     In response to the allegations in paragraph 5, Monsanto denies any "omissions" and certain events giving rise to plaintiff's claim.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 regarding where certain other events giving rise to plaintiff's claim occurred and therefore denies those allegations.  The remaining allegations in paragraph 5 set forth conclusions of law for which no response is required.

6.     Monsanto admits that the Judicial Panel on Multidistrict Litigation ordered that federal court lawsuits filed by plaintiffs alleging that Roundup®-branded herbicides caused them to develop non-Hodgkin's lymphoma be transferred to this Court for coordinated or consolidated pretrial proceedings.  *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 2016 WL 5845994 (J.P.M.L. Oct. 3, 2016).  Monsanto denies the remaining allegations in paragraph 6.

7.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies those allegations.

8.     The allegations in paragraph 8 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

9.     In response to the allegations in the first sentence of paragraph 9, Monsanto admits that it is a Delaware corporation with its headquarters and principal place of business in St. Louis County, Missouri. In response to the allegations in the second sentence of paragraph 9, Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate and that Monsanto manufactures Roundup®-branded products that have glyphosate

as the active ingredient, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

10.    In response to the allegations in paragraph 10, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 10 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and therefore denies those allegations.

11.    Monsanto admits the allegations in paragraph 11.

12.    Monsanto admits the first sentence of paragraph 12.  Monsanto denies the allegations in the second sentence of paragraph 12 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant. Monsanto denies the allegations in the third sentence of paragraph 12 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

13.    In response to the allegations in paragraph 13, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 13.

14.    Monsanto admits the allegations in the first two sentences of paragraph 14 and admits that it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). Monsanto otherwise denies the remaining allegations in paragraph 14.

15.    In response to the allegations in paragraph 15, Monsanto admits that certain Roundup®-branded herbicides contain POEA and adjuvants, that EPA has classified surfactants and adjuvants as inert, and that the specific surfactants and adjuvants used in Roundup®-branded herbicides – like those in other manufacturers' herbicide products – are protected by EPA as "trade secrets."  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  Monsanto denies the remaining allegations in paragraph 15.

16.    Monsanto admits the allegations in paragraph 16.

17.    In response to the allegations in paragraph 17, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 17 set forth conclusions of law for which no response is required.

18.    The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.    In response to the allegations in paragraph 19, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution in the United States, including in Georgia.

20.    In response to the allegations in paragraph 20, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 20 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.    In response to the allegations in paragraph 21, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies. Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder Perspectives:  Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20

Monsanto denies the remaining allegations in paragraph 21.

22.     In response to the allegations in paragraph 22, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 22 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

23.     In response to the allegations in paragraph 23, Monsanto admits that Industrial Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01823-VC

registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

24.     Monsanto denies the allegations in paragraph 24 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 24 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied.

25.     In response to the allegations in paragraph 25, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

26.     In response to the allegations in paragraph 26, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto further admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 26 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

27.     Monsanto denies the allegations in paragraph 27.

28.     In response to the allegations in paragraph 28, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety. Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The remaining allegations in paragraph 28 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

29.     In response to the allegations in paragraph 29, Monsanto admits that, following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 29 and accordingly denies those allegations.  The remaining allegations in paragraph 29 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

30.     In response to the allegations in paragraph 30, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 30 and accordingly denies the same.  Monsanto denies the allegations in the last two sentences of paragraph 30.  The remaining allegations in paragraph 30 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

31.     In response to the allegations in the first sentence of paragraph 31, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings. Monsanto also admits that the EPA repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.  To the extent that the first sentence of paragraph 31 alleges that Monsanto has

labeled glyphosate-based or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations. Monsanto denies the allegations in the second sentence of paragraph 31.

32.     In response to the allegations in paragraph 32, Monsanto denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors. Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies. Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.

33.     Monsanto denies the allegations in paragraph 33.

34.     Monsanto denies the allegations in paragraph 34. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

35.     Monsanto denies the allegations in paragraph 35.

36.     The allegations in paragraph 36 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

37.     The allegations in paragraph 37 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

38.     Monsanto denies the allegations in paragraph 38.

39.     Monsanto states that the term "toxic" as used in paragraph 39 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in paragraph 39.

40.     Monsanto denies the allegations in paragraph 40.

41.     Monsanto denies the allegations in paragraph 41.

42.     The allegations in paragraph 42 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

43.     The allegations in paragraph 43 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

44.     The allegations in paragraph 44 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

45.     The allegations in paragraph 45 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

46.     The allegations in paragraph 46 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

47.     The allegations in paragraph 47 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

48.     The allegations in paragraph 48 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

49.     The allegations in paragraph 49 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

50.     Monsanto denies the allegations in paragraph 50.

51.     Monsanto denies the allegations in paragraph 51.

52.     Monsanto denies the allegations in paragraph 52.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01823-VC

53.     The allegations in paragraph 53 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

54.     The allegations in paragraph 54 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

55.     The allegations in paragraph 55 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

56.     The allegations in paragraph 56 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

57.     Monsanto denies the allegations in the first sentence of paragraph 57.  The remaining allegations in paragraph 57 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

58.     The allegations in paragraph 58 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

59.     The allegations in paragraph 59 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

60.     The allegations in paragraph 60 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

61.     The allegations in paragraph 61 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

1
2
3

62.     The allegations in paragraph 62 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

4

63.     Monsanto denies the allegations in paragraph 63.

5
6
7

64.     The allegations in paragraph 64 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

8

65.     Monsanto denies the allegations in paragraph 65.

9
10
11

66.     The allegations in paragraph 66 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

12
13
14
15
16

67.     In response to the allegations in the first and second sentence of paragraph 67, Monsanto admits that the International Agency for Research on Cancer ("IARC") released its assessment of glyphosate (Group 2A) in March 2015.  The remaining allegations in paragraph 67 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

17
18
19

68.     The allegations in paragraph 68 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

20
21
22
23

69.     In response to the allegations in the first sentence of paragraph 69, Monsanto admits that it convened a panel of independent experts to analyze and evaluate the scientific issues addressed by IARC's glyphosate monograph.  Monsanto denies the remaining allegations in paragraph 69.

24
25
26

70.     The allegations in paragraph 70 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

27
28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01823-VC

71.     The allegations in paragraph 71 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

72.     The allegations in paragraph 72 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

73.     Monsanto denies the allegations in paragraph 73.

74.     In response to the allegations in paragraph 74, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 74 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

75.     In response to the allegations in paragraph 75, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 75 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

76.     Monsanto denies the allegations in paragraph 76.

77.     Monsanto admits the allegations in the first sentence of paragraph 77.  Monsanto denies the allegations in the second sentence of paragraph 77 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

78.     Monsanto admits the allegations in the first sentence of paragraph 78.  Monsanto denies the allegations in the second sentence of paragraph 78.

79.     In response to the allegations in paragraph 79, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 79, which are not limited as of any specified date, and accordingly denies the same.

80.     In response to the allegations in paragraph 80, Monsanto admits that IARC issued its monograph for glyphosate on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working group are "experts." Monsanto denies that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 80.

81.     In response to the allegations in paragraph 81, Monsanto admits that IARC issued its monograph for glyphosate on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 81.

82.     The allegations in paragraph 82 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but Monsanto lacks information or

1   knowledge sufficient to form a belief as to the accuracy of the source of said information and

2   accordingly denies the allegations.

3         83.    In response to the allegations in paragraph 83, to the extent the allegations

4   purport to characterize statements made in the IARC monograph for glyphosate, the

5   statements in that document stand for themselves, but to the extent that this paragraph means

6   that more than de minimis amounts of exposure are present, the allegations in paragraph 83 are

7   denied.

8         84.    In response to the allegations in paragraph 84, Monsanto admits that the IARC

9   working group identified a number of case control studies of populations with exposures to

10   glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

11   health concern from such exposures.

12         85.    Monsanto denies the allegations in paragraph 85.  The IARC working group

13   concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

14   which, per IARC's guidelines, means that the working group could not rule out chance, bias or

15   confounding so as to reach any conclusion of an increased risk.

16         86.    In response to the allegations in paragraph 86, Monsanto admits that the working

17   group cited to a study that it concluded provided evidence of chromosomal damage in

18   community residents reported to be exposed to glyphosate, but Monsanto denies that the study

19   supports such a conclusion or that the authors of the study reached such a conclusion.

20         87.    In response to the allegations in paragraph 87, Monsanto admits that the IARC

21   working group purported to make these findings but denies that the cited studies provide any

22   reliable basis for a finding that any meaningful levels of glyphosate or AMPA is present or

23   persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 87.

24         88.    In response to the allegations in paragraph 88, Monsanto admits that the IARC

25   working group interpreted a selected number of experimental studies as evidence that

26   glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably

27   considered the full body of scientific data on such alleged genotoxic endpoints and denies that

28   the working group reliably interpreted the studies that it selected for consideration.  Regulators

around the world repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining allegations in paragraph 88.

89.    In response to the allegations in paragraph 89, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 89.

90.    In response to the allegations in paragraph 90, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 90.

91.    Monsanto denies the allegations in paragraph 91.

92.    In response to the allegations in paragraph 92, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.  To the extent that paragraph 92 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

93.    In response to the allegations in paragraph 93, Monsanto states that the cited report speaks for itself and does not require a response.

94.    In response to the allegations in paragraph 94, Monsanto states that the cited report speaks for itself and does not require a response. The remaining allegations in paragraph 94 are vague, incomplete, and conclusory and/or comprise attorney characterizations – and are accordingly denied.

95.     In response to the allegations in paragraph 95, Monsanto states that the cited report speaks for itself and does not require a response. The remaining allegations in paragraph 95 are vague, incomplete, and conclusory and/or comprise attorney characterizations – and are accordingly denied.

96.     In response to the allegations in paragraph 96, Monsanto states that the cited report speaks for itself and does not require a response. The remaining allegations in paragraph 96 are vague, incomplete, and conclusory and/or comprise attorney characterizations – and are accordingly denied.

97.     In response to the allegations in paragraph 97, Monsanto denies that the OPP Report is a "draft assessment." The allegations in paragraph 97 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

98.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 98 and therefore denies those allegations.

99.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 99 and therefore denies those allegations.

100.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 100 and therefore denies those allegations.

101.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore denies those allegations.

102.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 102 and therefore denies those allegations.

103.    Monsanto denies the allegations in paragraph 103.

104.    Monsanto denies the allegations in paragraph 104.

105.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 105. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015. Monsanto lacks

information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 105 and therefore denies those allegations.

106.   In response to the allegations in paragraph 106, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that that Roundup®-branded products or glyphosate are injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The final sentence of paragraph 106 sets forth a conclusion of law for which no response is required.

107.   In response to the allegations in paragraph 107, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  The remaining allegations in paragraph 107 set forth conclusions of law for which no response is required.

108.   In response to the allegations in paragraph 108, Monsanto denies that there is any risk of non-Hodgkin's lymphoma ("NHL"), or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 108 and therefore denies those allegations.

109.   The allegations in paragraph 109 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 109.  Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

110.   Monsanto denies the allegations in paragraph 110.

111.   Monsanto denies the allegations in paragraph 111.

1    112.   Monsanto denies the allegations in paragraph 112.

2    113.   The allegations in paragraph 113 set forth conclusions of law for which no

3    response is required.

4    114.   Monsanto denies the allegations in paragraph 114.

5    115.   The allegations in paragraph 115 set forth conclusions of law for which no

6    response is required.  To the extent that a response is required, Monsanto denies the

7    allegations in paragraph 115.  Monsanto states that the scientific studies upon which IARC

8    purported to base its cancer classification for glyphosate were all publicly available before

9    March 2015.

10   116.   Monsanto incorporates by reference its responses to paragraphs 1 through 115 in

11   response to paragraph 116 of plaintiff's Complaint.

12   117.   Monsanto admits that plaintiff purports to bring an action for strict products

13   liability, but denies any liability as to that claim.

14   118.   In response to the allegations in paragraph 118, Monsanto lacks information or

15   knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used

16   Roundup®-branded products and therefore denies that allegation. Monsanto denies the

17   remaining allegations in paragraph 118.

18   119.   Monsanto denies the allegations in paragraph 119.

19   120.   Monsanto denies the allegations in paragraph 120 and each of its subparts.

20   121.   Monsanto denies the allegations in paragraph 121.

21   122.   In response to the allegations in paragraph 122, Monsanto lacks information or

22   knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used

23   Roundup®-branded products and therefore denies that allegation. Monsanto denies the

24   remaining allegations in paragraph 122.

25   123.   Monsanto denies the allegations in paragraph 123.

26   124.   The allegation in paragraph 124 sets forth a conclusion of law for which no

27   response is required.

28   125.   Monsanto denies the allegations in paragraph 125.

126.   Monsanto denies the allegations in paragraph 126.

127.   Monsanto incorporates by reference its responses to paragraphs 1 through 126 in response to paragraph 127 of plaintiff's Complaint.

128.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 128 regarding the specific products allegedly purchased or used by plaintiff, and therefore denies the allegations in paragraph 128.

129.   The allegations in paragraph 129 set forth conclusions of law for which no response is required.

130.   The allegations in paragraph 130 set forth conclusions of law for which no response is required.

131.   Monsanto denies the allegations in paragraph 131, including each of its subparts.

132.   Monsanto denies the allegations in paragraph 132.

133.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 133 regarding plaintiff's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 133, including that intended use of and/or exposure to Roundup®-branded products causes any injuries.

134.   Monsanto denies the allegations in paragraph 134.

135.   Monsanto denies the allegations in paragraph 135.

136.   Monsanto incorporates by reference its responses to paragraphs 1 through 135 in response to paragraph 136 of plaintiff's Complaint.

137.   In response to the allegations in paragraph 137, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto denies the remaining allegations in paragraph 137.  Monsanto further states that paragraph 137 sets forth conclusions of law for which no response is required.

138.   Monsanto denies the allegations in paragraph 138.

139.   Monsanto denies the allegations in paragraph 139.

140.   Monsanto denies the allegations in paragraph 140.

141.   Monsanto denies the allegations in paragraph 141.

142.   Monsanto denies the allegations in paragraph 142.

143.   Monsanto denies the allegations in paragraph 143.

144.   Monsanto denies the allegations in paragraph 144.

145.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 145 regarding plaintiff's reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 145.

146.   Monsanto denies the allegations in paragraph 146.

147.   Monsanto denies the allegations in paragraph 147.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.   The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.   Plaintiff's claims against Monsanto are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.   Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.   Plaintiff's claims  are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiff's claims  are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims  are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims  in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims  in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims  in whole or in part.

14.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is

neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15. Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16. Plaintiff's claims are preempted or otherwise barred in whole or in or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17. Plaintiff's claims  are barred in whole or in part by plaintiff's own contributory/comparative negligence.

18. Plaintiff's claims  are barred in whole or in part by plaintiff's own failure to mitigate damages.

19. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff has received and/or will receive from collateral sources.

20. Plaintiff's claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

21. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries or damages were not caused by a Monsanto product.

22. Plaintiff's claims against Monsanto are barred or limited to the extent that Plaintiffs asserts claims that are governed by the laws of a state that does not recognize or limit such claims.

23. Plaintiff's claims against Monsanto are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

24. Plaintiff has failed to allege fraud with sufficient particularity.

25. Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01823-VC

DATED:  April 8, 2020                      Respectfully submitted,

                                           /s/ Joe G. Hollingsworth
                                           Joe G. Hollingsworth (*pro hac vice*)
                                           (jhollingsworth@hollingsworthllp.com)
                                           Eric G. Lasker (*pro hac vice*)
                                           (elasker@hollingsworthllp.com)
                                           HOLLINGSWORTH LLP
                                           1350 I Street, N.W.
                                           Washington, DC  20005
                                           Telephone:  (202) 898-5800
                                           Facsimile:   (202) 682-1639

                                           *Attorneys for Defendant*
                                           *MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01823-VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01823-VC