**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   202-898-5800
Facsimile:   202-682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Glenna Baker et al., v. Monsanto Co.*, Case No. 3:20-cv-02009-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Glenna Baker's Complaint ("Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1. Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

3. Monsanto denies that exposure to Roundup®-branded products could have caused or did cause plaintiff's decedent's alleged non-Hodgkin's lymphoma ("NHL").  Monsanto

admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and therefore denies those allegations

4.    Monsanto admits the allegations in paragraph 4.

5.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 that plaintiff's decedent purchased Roundup®-branded products in Delaware and therefore denies those allegations.  The remaining allegations in paragraph 5 set forth conclusions of law for which no response is required.

6.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies those allegations.

7.    The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.    The allegations in paragraph 8 set forth conclusions of law for which no response is required.

9.    Monsanto denies the allegations in the Complaint's paragraph 9.

10.    The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

11.    Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 11 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

12.    Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate. The remaining allegations in paragraph 12 are vague and ambiguous and Monsanto

1    lacks information or knowledge sufficient to form a belief as to the truth of those allegations and

2    therefore denies those allegations.

3        13.    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

4    The remaining allegations in paragraph 13 comprise attorney characterizations and are

5    accordingly denied.

6        14.    Monsanto admits the allegations in paragraph 14.

7        15.    Monsanto generally admits the allegations in paragraph 15, but denies the

8    allegations in paragraph 15 to the extent that they suggest that glyphosate is present in any plants

9    at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

10   the United States Environmental Protection Agency ("EPA").

11       16.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations in paragraph 16 and therefore denies those allegations.

13       17.    Monsanto admits that it is the leading producer of seeds that contain the Roundup

14   Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

15   farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

16   belief as to the accuracy of the specific numbers and statistics provided in the remaining

17   sentences of paragraph 17.

18       18.    In response to the allegations in the first sentence of paragraph 18, Monsanto

19   admits that glyphosate is one of the world's most widely used herbicides today, but notes that

20   Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto

21   admits the allegations in the second sentence of paragraph 18.  Monsanto lacks information or

22   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 18

23   and therefore denies those allegations.

24       19.    Monsanto admits that Roundup®-branded products have been used by farmers for

25   approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

26   properties and denies the remaining allegations in paragraph 19.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-02009-VC

20.     The allegations in paragraph 20 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 20.

21.     In response to the allegations in paragraph 21, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     The allegations in paragraph 22 set forth conclusions of law for which no response is required.

23.     In response to the allegations in paragraph 23, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution in the United States, including in Delaware and Tennessee for sale and distribution.

24.     In response to the allegations in paragraph 24, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 24 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 24 set forth conclusions of law for which no answer is required.

25.     Monsanto denies the allegations in paragraph 25 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 25 set forth conclusions of law for which no response is required.

26.     In response to the allegations in paragraph 26, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 26 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

27.     In response to the allegations in paragraph 27, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 27 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

28.     Monsanto denies the allegations in paragraph 28.

29.     In response to the allegations in paragraph 29, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 29 to the extent that they suggest that this ruling was in any way related to plaintiffs' claims here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 29.

30.     Monsanto denies the allegations in paragraph 30.

31.     In response to the allegations in paragraph 31, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 31 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies those allegations.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely

to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December  2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

32.     Monsanto admits the allegations in paragraph 32.

33.     In response to the allegations in paragraph 33, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 33 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 and therefore denies those allegations.

34.     Monsanto states that the term "toxic" as used in paragraph 34 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 34.

35.     Monsanto admits the allegations in the first sentence of paragraph 35.  In response to the allegations in the second sentence of paragraph 35, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the remaining allegations in paragraph 35.

36.     In response to the allegations in the first sentence of paragraph 36, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 36 characterizes the meaning of the cited study, Monsanto denies the allegations in paragraph 36.

37.     In response to the allegations in paragraph 37, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 37.

9.     In response to the allegations in paragraph 38, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 38

1    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

2    paragraph 38.

3         39.     Monsanto denies the allegations in paragraph 39.

4         40.     In response to the allegations in paragraph 40, Monsanto states that the cited

5    document speaks for itself and does not require a response.  To the extent that paragraph 40

6    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

7    paragraph 40.

8         41.     In response to the allegations in paragraph 41, Monsanto states that the cited

9    document speaks for itself and does not require a response.  To the extent that paragraph 41

10   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

11   paragraph 41.

12        42.     Monsanto denies the allegation that the cited studies support the allegation that

13   glyphosate or Roundup®-branded products pose any risk to human health and denies the

14   remaining allegations in paragraph 42.

15        43.     Monsanto denies the allegations in paragraph 43.

16        44.     Monsanto denies the allegations in paragraph 44.

17        45.     Monsanto denies the allegations in paragraph 45.

18        46.     Monsanto denies the allegations in paragraph 46.

19        47.     Monsanto admits that it has in the past promoted, and continues to promote,

20   Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

21   Monsanto denies the remaining allegations in paragraph 47.

22        48.     Monsanto admits that the International Agency for Research on Cancer ("IARC")

23   is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

24   lacks information or knowledge sufficient to form a belief as to the truth of the remaining

25   allegations in paragraph 48 and therefore denies those allegations.

26        49.     Monsanto lacks information or knowledge sufficient to form a belief as to the

27   truth of the allegations in paragraph 49 and therefore denies those allegations.  Monsanto denies

28   that glyphosate met the criteria necessary to be eligible for review.

50.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

51.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 51 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

52.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 52, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 52 comprise attorney characterizations and are accordingly denied.

53.     In response to the allegations in paragraph 53, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 53 comprise attorney characterizations and are accordingly denied.

54.     In response to the allegations in paragraph 54, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 54 comprise attorney characterizations and are accordingly denied.

55.     Monsanto denies the allegations in paragraph 55.

56.     The allegations in paragraph 56 comprise attorney characterizations and are accordingly denied.

57.     Monsanto admits the allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 58

1   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

2   paragraph 58.

3         59.   In response to the allegations in paragraph 59, Monsanto admits that certain

4   studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

5   under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

6   evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

7   animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

8   paragraph 59.

9         60.   The allegations in paragraph 60 are vague and ambiguous and are accordingly

10  denied.

11        61.   In response to the allegations in paragraph 61, Monsanto states that the cited

12  document speaks for itself and does not require a response.

13        62.   In response to the allegations in paragraph 62, Monsanto states that the cited

14  document speaks for itself and does not require a response.  To the extent that paragraph 62

15  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

16  paragraph 62.

17        63.   Monsanto denies the allegations in paragraph 63.

18        64.   In response to the allegations in paragraph 64, Monsanto states that the cited

19  document speaks for itself and does not require a response.  Monsanto otherwise denies the

20  allegations in paragraph 64.

21        65.   Monsanto admits that there is no reliable evidence that Roundup®-branded

22  products are genotoxic.  Monsanto otherwise denies the allegations in paragraph 65.

23        66.   Monsanto denies the allegations in paragraph 66.

24        67.   Monsanto denies the allegations in paragraph 67.

25        68.   Monsanto denies the allegations in paragraph 68.

26        69.   Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

27  exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 69.

28        70.   Monsanto denies the allegations in paragraph 70.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-02009-VC

1     71.    Monsanto denies the allegations in paragraph 71.

2     72.    Monsanto admits the allegations in paragraph 72.

3     73.    Monsanto denies the allegations in paragraph 73.

4     74.    Monsanto admits the allegations in paragraph 74.

5     75.    Monsanto denies the allegations in paragraph 75.

6     76.    Monsanto denies the allegations in paragraph 76.

7     77.    Monsanto denies the allegations in paragraph 77.

8     78.    Monsanto denies the allegations in paragraph 78.

9     79.    Monsanto denies the allegations in paragraph 79.

10    80.    Monsanto denies the allegations in paragraph 80.

11    81.    Monsanto denies the allegations in paragraph 81.

12    82.    Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 82.

16    83.    In response to the allegations in paragraph 83, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.

19    84.    In response to the allegations in paragraph 84, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

22    85.    In response to the allegations in paragraph 85, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products.  Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 85.

28    86.    Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 97 and therefore denies those allegations.

98.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 98 and therefore denies those allegations.

99.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 99 and therefore denies those allegations.

100.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 100 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 100.

101.    Monsanto denies the allegations in paragraph 101.

102.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 102. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 102 and therefore denies those allegations.

103.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 103.

Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 103 and therefore denies those allegations.

104.    In response to the allegations in paragraph 104, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that that Roundup®-branded products or glyphosate are injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The final sentence of paragraph 104 sets forth a conclusion of law for which no response is required.

105.    In response to the allegations in paragraph 105, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  The remaining allegations in paragraph 105 set forth conclusions of law for which no response is required.

106.    In response to the allegations in paragraph 106, Monsanto denies that there is any risk of non-Hodgkin's lymphoma ("NHL"), or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 106 and therefore denies those allegations.

107.    The allegations in paragraph 107 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 107.  Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

108.    Monsanto denies the allegations in paragraph 108.

109.     Monsanto denies the allegations in paragraph 109.

110.     The allegations in paragraph 110 set forth conclusions of law for which no response is required.

111.     Monsanto denies the allegations in paragraph 111.

112.     The allegations in paragraph 112 set forth conclusions of law for which no response is required.  To the extent that a response is required, Monsanto denies the allegations in paragraph 112.  Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

113.     Monsanto incorporates by reference its responses to paragraphs 1 through 112 in response to paragraph 113 of plaintiff's Complaint.

114.     In response to the allegations in paragraph 114, Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding the plaintiff's decedent's actions and therefore denies those allegations.

115.     The allegations in paragraph 115 set forth conclusions of law for which no response is required.

116.     Monsanto denies the allegations in paragraph 116.

117.     Monsanto denies the allegations in paragraph 117, including each of its subparts.

118.     Monsanto denies the allegations in paragraph 118.

119.     Monsanto denies the allegations in paragraph 119.

120.     Monsanto denies the allegations in paragraph 120, including each of its subparts.

121.     Monsanto denies the allegations in paragraph 121.

122.     Monsanto denies the allegations in paragraph 122.

123.     Monsanto denies the allegations in paragraph 123.

124.     Monsanto denies the allegations in paragraph 124.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-02009-VC

1    In response to the "WHEREFORE" paragraph following paragraph 124, Monsanto

2    demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

3    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

4    fees as allowed by law and such further and additional relief as this Court may deem just and

5    proper.

6

7    125.    Monsanto incorporates by reference its responses to paragraphs 1 through 124 in

8    response to paragraph 125 of plaintiff's Complaint.

9    126.    Monsanto denies the allegations in paragraph 126.

10    127.    Monsanto denies the allegations in paragraph 127.

11    128.    The allegations in paragraph 128 set forth conclusions of law for which no

12    response is required.

13    129.    In response to the allegations in paragraph 129, Monsanto admits that it has sold

14    Roundup®-branded products in accordance with their EPA-approved labeling.  The allegations

15    in paragraph 129 regarding express and implied warranties set forth conclusions of law for which

16    no response is required.  Monsanto denies the remaining allegations in paragraph 129.

17    130.    Monsanto denies the allegations in the first and second sentence of paragraph 130.

18    All labeling of Roundup®-branded products has been and remains EPA-approved and in

19    compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

20    of paragraph 130 sets forth conclusions of law for which no response is required.

21    131.    The allegations in paragraph 131 set forth conclusions of law for which no

22    response is required.

23    132.    Monsanto denies the allegations in paragraph 132.

24    133.    Monsanto denies the allegations in paragraph 133 and each of its subparts.

25    134.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26    truth of the allegations in paragraph 134 and therefore denies those allegations.

27

28

135.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 135 regarding plaintiff's decedent's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 135.

136.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 136 regarding plaintiff's decedent's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 136.

137.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 137 and therefore denies those allegations.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto denies the allegations in paragraph 139.

In response to the "WHEREFORE" paragraph following paragraph 139, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 139 sets forth a conclusion of law for which no response is required.

140.    Monsanto incorporates by reference its responses to paragraphs 1 through 139 in response to paragraph 140 of plaintiff's Complaint.

141.    In response to the allegations in paragraph 141, Monsanto admits that plaintiff purports to bring a claim for wrongful death, but denies any liability as to that claim.

142.    Monsanto denies the allegations in paragraph 142.

143.    Monsanto denies the allegations in paragraph 143.

In response to the first sentence of the "WHEREFORE" paragraph following paragraph 143, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this

Court may deem just and proper. The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 143 sets forth a conclusion of law for which no response is required.

144.    Monsanto incorporates its responses to paragraphs 1 through 143 in response to paragraph 144 of plaintiff's Complaint.

145.    Monsanto denies the allegations in paragraph 145.

146.    Monsanto denies the allegations in paragraph 146.

147.    Monsanto denies the allegations in paragraph 147.

In response to the first sentence of the "WHEREFORE" paragraph following paragraph 147, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 147 sets forth a conclusion of law for which no response is required.

148.    Monsanto incorporates by reference its responses to paragraphs 1 through 147 in response to paragraph 148 of plaintiff's Complaint.

149.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 149 and therefore denies those allegations.

150.    Monsanto denies the allegations in paragraph 150.

In response to the first sentence of the "WHEREFORE" paragraph following paragraph 150, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the second sentence of the "WHEREFORE" paragraph following paragraph 150 sets forth a conclusion of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-02009-VC

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

**SEPARATE AND AFFIRMATIVE DEFENSES**

1.      The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.      Venue may be inconvenient.

3.      Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's decedent's alleged injuries.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

8.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Plaintiff's claims are barred, in whole or in part, because plaintiff's decedent's injuries, if any, were the result of conduct of decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

12.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

13.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

14.     Plaintiff's decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

15.     If plaintiff and/or plaintiff's decedent suffered injuries or damages as alleged, which is denied, such injuries or damage resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff and/or plaintiff's decedent's alleged injuries or damages.

16.     Monsanto had no legal relationship or privity with plaintiff and/or plaintiff's decedent and owed no duty to them by which liability could be attributed to it.

17.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff and/or plaintiff's decedent.  If any such warranties were made, which Monsanto specifically denies, then plaintiff and/or plaintiff's decedent failed to give notice of any breach thereof.

18.    Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

20.    Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Delaware Constitution, the Tennessee Constitution, and/or other applicable state constitutions.

21.    Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Delaware law, Tennessee law and/or other applicable state laws.

22.    Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Tenn. Code Ann. § 29-39-104

23.    Plaintiff's strict liability claims are barred because Delaware does not recognize a cause of action for strict liability in tort.

24.    Plaintiff's claims are barred in whole or in part by plaintiff's and/or plaintiff's decedent's own contributory/ comparative negligence.

25.    Plaintiffs' common law claims are barred, in whole or in part, by application of Tenn. Code Ann. § 29-28-102(6), *et seq.*

26.    Plaintiff's claims are barred in whole or in part by plaintiff's and/or plaintiff's decedent's own failure to mitigate damages.

27.    Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

28.    Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

29.    If plaintiff and/or plaintiff's decedent  has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

30.    Plaintiffs' claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

31.    Plaintiff's claims are barred to the extent that plaintiff seek relief under the laws of states that do not govern plaintiff's claims.

1    32.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

2 may become available or apparent during the course of discovery and thus reserves its right to

3 amend this Answer to assert such defenses.

4    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

5 plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

6 other relief as the Court deems equitable and just.

7    ## JURY TRIAL DEMAND

8    Monsanto demands a jury trial on all issues so triable.

9 DATED:  April 10, 2020                    Respectfully submitted,

10

11                                          /s/ Joe G. Hollingsworth
                                            Joe G. Hollingsworth (*pro hac vice*)
                                            (jhollingsworth@hollingsworthllp.com)
12                                          Eric G. Lasker (*pro hac vice*)
                                            (elasker@hollingsworthllp.com)
13                                          HOLLINGSWORTH LLP
                                            1350 I Street, N.W.
14                                          Washington, DC  20005
                                            Telephone:   (202) 898-5800
15                                          Facsimile:   (202) 682-1639

16                                          *Attorneys for Defendant*
                                            *MONSANTO COMPANY*

17

18

19

20

21

22

23

24

25

26

27

28