**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:     202-898-5800
Facsimile:      202-682-1639
Email:    jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *Johnetta Scheh, Individually and as Representative of the Estate of Donald Scheh, Deceased, and Troy Scheh v. Monsanto Company and Bayer AG,* Case No. 3:20-cv-02427-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs Johnetta Scheh and Troy Scheh's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Monsanto denies – and objects to – allegations by plaintiffs that purport to lump Monsanto together with other defendants. Monsanto responds to this Complaint only on behalf of Monsanto and not on behalf of any other defendant.  Although many paragraphs in the Complaint allege exposure or use of Monsanto products by "Plaintiff" and/or "Plaintiffs," Monsanto nevertheless responds to the allegations in

- 1 -

those paragraphs as if they refer to any decedent Donald Scheh.  Silence as to any allegations shall constitute a denial.

1.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies those allegations.

2.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

3.      The allegations in paragraph 3 set forth conclusions of law for which no response is required.

4.      In response to the allegations in paragraph 4, Monsanto denies that decedent's death was "wrongful."  Monsanto admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegation in paragraph 4 and therefore denies those allegations

5.      Monsanto denies the allegations in paragraph 5.

6.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 6 and therefore denies those allegations. Monsanto denies the remaining allegations of paragraph 6.

7.      Monsanto admits the allegations in the first sentence of paragraph 7.  In response to the allegations in the last sentence of paragraph 7, Monsanto admits that it is an indirect, wholly-owned subsidiary of Bayer AG and denies the remaining allegations in the last sentence of paragraph 7.

8.      In response to the allegations in paragraph 8, Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate and that Monsanto manufactures Roundup®-branded products that have glyphosate as the active ingredient, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

9.      Monsanto admits the allegations in the first two sentences of paragraph 9.  In response to the third sentence of paragraph 9, Monsanto admits that certain Roundup®-branded

herbicides contain POEA and adjuvants and that EPA has classified surfactants and adjuvants as inert.  In response to the last sentence of paragraph 9, Monsanto admits that glyphosate was one of the world's most widely used herbicides in 2013, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 9 and therefore denies those allegations.

10.     In response to the allegations in paragraph 10, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware. Monsanto admits that it and affiliated companies have operations and offices in countries around the world.  Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 10.  Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 10 and therefore denies those allegations.

11.     In response to the allegations in paragraph 11, Monsanto admits that its glyphosate products are registered in at least 130 countries and approved for use on over 100 different crops.  Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media. Monsanto denies the remaining allegations in paragraph 11.

12.     Monsanto admits the allegations in the first sentence of paragraph 12.  Monsanto denies the allegations in the second sentence of paragraph 12 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

13.     Monsanto admits the allegations in the first sentence of paragraph 13.  Monsanto denies the allegations in the second sentence of paragraph 13.

14.     In response to the allegations in paragraph 14, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 14.

15.     Monsanto denies the allegations in paragraph 15.

16.     In response to the allegations in paragraph 16, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.  To the extent that paragraph 16 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

17.     The allegations in paragraph 17 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 17 based upon the allegations in plaintiffs' Complaint.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 18 based upon the allegations in plaintiffs' Complaint.

19.     Monsanto denies the allegations in paragraph 19.

20.     In response to the allegations in paragraph 20, Monsanto admits that its principal place of business is in St. Louis County, Missouri and that it is incorporated in Delaware.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

- 4 -

21.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 that plaintiffs and/or decedent purchased Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     The allegations in paragraph 22 set forth conclusions of law for which no response is required.

23.     In response to the allegations in paragraph 23, Monsanto denies that plaintiffs' and/or decedent's injuries were caused by exposure to glyphosate-based herbicides and denies that Monsanto "wrongfully caused" those injuries.  The remaining allegations in paragraph 23 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiffs' actual or potential knowledge and therefore denies those allegations.  Monsanto states that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

24.     In response to the allegations in paragraph 24, Monsanto denies any "omissions" and certain events giving rise to plaintiffs' claim.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 regarding where certain other events giving rise to plaintiffs' claim occurred and therefore denies those allegations.  The remaining allegations in paragraph 24 set forth conclusions of law for which no response is required.

25.     In response to paragraph 25, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 25 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies those allegations.

26.     Monsanto admits the allegations in the first sentence of paragraph 26.  Monsanto denies the allegations in the second sentence of paragraph 26 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.

Monsanto denies the allegations in the third sentence of paragraph 26 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

27.     In response to the allegations in paragraph 27, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 27.

28.     Monsanto admits the allegations in the first two sentences of paragraph 28 and admits that it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA.  Monsanto otherwise denies the remaining allegations in paragraph 28.

29.     The allegations in paragraph 29 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 29.

30.     In response to the allegations in paragraph 30, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 30 set forth conclusions of law for which no response is required.

31.     In response to the allegations in paragraph 31, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution in the United States and are registered by the State of Texas for sale and distribution.

32.     In response to the allegations in paragraph 32, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 32 is vague and

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-02427-VC

1  ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 32

2  set forth conclusions of law for which no answer is required.

3        33.    In response to the allegations in paragraph 33, Monsanto admits that an EPA

4  review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

5  changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

6  evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits

7  that plaintiffs has accurately quoted from one passage in an EPA document in 1991 with respect

8  to the designation of an agent as Group E, but states that EPA repeatedly has concluded that

9  glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two

10  EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of

11  safety include:

12  • "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that
       shows evidence of non-carcinogenicity for humans—based on the lack of
13       convincing evidence of carcinogenicity in adequate studies."   EPA, *Glyphosate:
       Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
14       http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

15  • "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed.
       Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).
16
    • "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69
17       Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

18  • "There is [an] extensive database available on glyphosate, which indicate[s] that
       glyphosate is not mutagenic, not a carcinogen, and not a developmental or
19       reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
       73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).
20
    • "EPA has concluded that glyphosate does not pose a cancer risk to humans." 78
21       Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

22  • "In 2014, EPA reviewed over 55 epidemiological studies conducted on the
       possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded
23       that this body of research does not provide evidence to show that [g]lyphosate
       causes cancer and does not warrant any change in the EPA's cancer classification
24       for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and
       Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, &
25       Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director
       of EPA's Office of Pesticide Programs),
26       http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-
       0e55900753b4, at time stamp 55:05 – 56:20.
27
    Monsanto denies the remaining allegations in paragraph 33.
28

34. In response to the allegations in paragraph 34, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies. To the extent that the allegations in paragraph 34 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

35. In response to the allegations in paragraph 35, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

36. Monsanto denies the allegations in paragraph 36 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid. As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 36 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

37. In response to the allegations in the Complaint's first-numbered paragraph 37, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto

1    denies that any of the individuals were convicted based upon studies conducted on glyphosate or

2    glyphosate-based herbicides.

3        38.    In response to the allegations in the Complaint's first-numbered paragraph 38,

4    Monsanto admits that it – along with numerous other private companies – hired Craven

5    Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural

6    products.  Monsanto admits that it was defrauded by Craven Laboratories and that, as a result,

7    Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the

8    extent that the allegations in the Complaint's first-numbered paragraph 38 are intended to

9    suggest that Monsanto was anything other than a victim of this fraud, such allegations are

10   denied.

11       39.    Monsanto denies the allegations in paragraph 39.

12       40.    In response to the allegations in paragraph 40, Monsanto admits that Roundup®-

13   branded products are highly valued by its customers because of their efficacy and safety.

14   Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The

15   remaining allegations in paragraph 40 are vague and conclusory and comprise attorney

16   characterizations and are accordingly denied.

17       41.    In response to the allegations in paragraph 41, Monsanto admits that following the

18   development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds

19   are now widely used by farmers in the United States and worldwide.  Monsanto lacks

20   information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

21   cited in paragraph 41 and accordingly denies those allegations.  The remaining allegations in

22   paragraph 41 are vague and conclusory and comprise attorney characterizations and are

23   accordingly denied.

24       42.    In response to the allegations in paragraph 42, Monsanto admits that glyphosate is

25   one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

26   is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks

27   information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

28

1  cited in paragraph 42 and accordingly denies the same.  The remaining allegations in paragraph

2  42 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

3         43.     In response to the allegations in paragraph 43, Monsanto admits that the New

4  York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

5  advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

6  admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

7  General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

8  the subparts purport to quote a document, the document speaks for itself and thus does not

9  require any further answer.  The remaining allegations in paragraph 43 are vague and conclusory

10  and comprise attorney characterizations and are accordingly denied.

11         44.     In response to the allegations in paragraph 44, Monsanto admits it entered into an

12  assurance of discontinuance with the New York Attorney General.  The assurance speaks for

13  itself and thus does not require any further answer.  The remaining allegations in paragraph 44

14  are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15         37.     Monsanto denies the allegations in the Complaint's second-numbered paragraph

16  37.

17         38.     In response to the allegations in the Complaint's second-numbered paragraph 38,

18  Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide

19  Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in the

20  Complaint's second-numbered paragraph 38 to the extent that they suggest that this ruling was in

21  any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the

22  remaining allegations in the Complaint's second-numbered paragraph 38.

23         45.     In response to the allegations in paragraph 45, Monsanto denies that IARC

24  follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information

25  or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in

26  paragraph 45, which are not limited as of any specified date, and accordingly denies the same.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-02427-VC

46.     In response to the allegations in paragraph 46, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations. Monsanto denies the remaining allegations in paragraph 46.

47.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and therefore denies those allegations.

48.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 and therefore denies those allegations.

49.     Monsanto denies the allegations in paragraph 49 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

50.     In response to the allegations in paragraph 50, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015, and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one-week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working groups are "experts."  Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 50.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-02427-VC

51.     In response to the allegations in paragraph 51, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

52.     The allegations in paragraph 52 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

53.     In response to the allegations in paragraph 53, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

55.     Monsanto denies the allegations in paragraph 55.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

56.     In response to the allegations in paragraph 56, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

57.     In response to the allegations in paragraph 57, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto admits that the IARC working group purported to make these findings, but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration.  Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining allegations in paragraph 59.

60.     In response to the allegations in paragraph 60, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 60.

61.     In response to the allegations in paragraph 61, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-02427-VC

glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 61.

62.     In response to the allegations in paragraph 62, Monsanto admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

63.     In response to the allegations in paragraph 63, Monsanto admits that the Petition accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

64.     In response to the allegations in paragraph 64, Monsanto admits that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate.  Monsanto notes that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

65.     In response to the allegations in paragraph 65, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 65.

66.     In response to the allegations in paragraph 66, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to

- 14 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-02427-VC

the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 66.

67.     In response to the allegations in paragraph 67, Monsanto admits that, in France, the sale to and use by amateurs (i.e., non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions. Monsanto denies the remaining allegations in paragraph 67.

68.     In response to the allegations in paragraph 68, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same.  Monsanto denies the remaining allegations in paragraph 68.

69.     Monsanto denies the allegations in paragraph 69.

70.     In response to the allegations in paragraph 70, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiffs' allegations regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 70.

71.     In response to the allegations in paragraph 71, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns.  As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops.  A federal district court in the United States excluded  plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as scientifically unreliable. *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto denies the remaining allegations in paragraph 71.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-02427-VC

72.      In response to the allegations in paragraph 72, Monsanto admits that 96

individuals signed a letter sent by Dr. Christopher Portier to the EU Health Commissioner

(hereinafter "the Portier letter").  Monsanto states that Dr. Portier has been disclosed as an expert

witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto.

Monsanto denies that Dr. Portier or the other signatories to his letter are "prominent experts,"

and Monsanto lacks information or knowledge sufficient to form a belief as to whether the other

signatories were aware, before they signed the Portier letter, that Dr. Portier was working as a

retained expert for plaintiffs' counsel.  Monsanto otherwise admits that this letter urged the EU

Health Commissioner to disregard the conclusion that glyphosate is not carcinogenic found by

EFSA and by the BfR.

73.      In response to the allegations in paragraph 73, Monsanto denies that the self-

labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

extent that paragraph 77 characterizes the scientific evidence regarding the safety of glyphosate-

based herbicides, Monsanto denies the remaining allegations in paragraph 73.

74.      Monsanto admits that, in June 2016, the European Union continued to consider

the reregistration of glyphosate.  Monsanto also states that the allegations are out of date and that

the European Union has approved glyphosate for another five years.  Monsanto further notes

that, in March 2017, the European Chemical Agency ("ECHA") announced that its Committee

for Risk Assessment concluded that the available scientific evidence did not meet the criteria to

classify glyphosate as a carcinogen.  *See* ECHA, *Glyphosate not classified as a carcinogen by*

*ECHA*, https://echa.europa.eu/-/glyphosate-not-classified-as-a-carcinogen-by-echa.  Monsanto

denies the remaining allegations in paragraph 74.

75.      Monsanto lacks information or knowledge sufficient to form a belief as to the

truth of the allegations of paragraph 75 and therefore denies those allegations.

76.      In response to the allegations in paragraph 76, Monsanto denies that any exposure

to Roundup®-branded products can cause NHL and other serious illnesses.  Monsanto lacks

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-02427-VC

1  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

2  in paragraph 76 and therefore denies those allegations.

3       77.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4  truth of the allegations of paragraph 77 and therefore denies those allegations.

5       78.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6  truth of the allegations of paragraph 78 and therefore denies those allegations.

7       79.    Monsanto denies that any exposure to Roundup®-branded products can cause

8  NHL and other serious illnesses and therefore denies those allegations in paragraph 79.

9  Monsanto states, however, that the scientific studies upon which IARC purported to base its

10  evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks

11  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

12  in paragraph 79 and therefore denies those allegations.

13       80.    Monsanto incorporates by reference its responses to paragraphs 1 through 79 in

14  response to paragraph 80 of plaintiffs' Complaint.

15       81.    Monsanto denies the allegations in paragraph 81.

16       82.    In response to the allegations in paragraph 82, Monsanto admits that it has stated

17  and continues to state that Roundup®-branded products are safe when used as labeled and that

18  they are non-toxic and non-carcinogenic.

19       83.    In response to the allegations in paragraph 83, Monsanto states that the cited

20  document speaks for itself and does not require a response.

21       84.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

22  exposed decedent to risk of decedent's alleged cancer and denies those allegations in

23  paragraph 84.  Monsanto states, however, that the scientific studies upon which IARC

24  purported to base its classification were all publicly available before March 2015.  Monsanto

25  lacks information or knowledge sufficient to form a belief as to the truth of the remaining

26  allegations in paragraph 84 and therefore denies those allegations.

27

28

85.     Monsanto denies the allegations in the first and last sentences of paragraph 85.  The remaining allegations in paragraph 85 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

86.     Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The remaining allegations in paragraph 86 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

87.     Monsanto incorporates by reference its responses to paragraphs 1 through 86 in response to paragraph 87 of plaintiffs' Complaint.

88. In response to the allegations in paragraph 88, Monsanto admits that plaintiffs purport to bring claims for strict liability design defect but denies any liability as to that claim.

89.     In response to the allegations in paragraph 89, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that decedent used or was exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore denies those allegations.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-02427-VC

95.     Monsanto denies the allegations in paragraph 95 and each of its subparts.

96.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 96 concerning decedent's claimed use of and/or exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 96, including that Roundup®-branded products have "dangerous characteristics."

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto denies the allegations in paragraph 99.

100.    Monsanto denies the allegations in paragraph 100.

101.    Monsanto denies the allegations in paragraph 101.

102.    Monsanto denies the allegations in paragraph 102.

103.    Monsanto denies the allegations in paragraph 103.

104.    Monsanto denies the allegations in paragraph 104.

In response to the first sentence of the "WHEREFORE" paragraph following paragraph 104, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 104 sets forth a conclusion of law for which no response is required.

105.    Monsanto incorporates by reference its responses to paragraphs 1 through 104 in response to paragraph 105 of plaintiffs' Complaint.

106.    In response to the allegations in paragraph 106, Monsanto admits that plaintiffs purport to bring claims for strict liability failure to warn, but denies any liability to plaintiffs.

107.    Monsanto denies the allegations in paragraph 107.

108.     In response to the allegations in paragraph 108, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that decedent or other individuals purchased or used Roundup®-branded products and therefore denies that allegation. The allegations in paragraph 108 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 108.

109.     The allegations in paragraph 109 set forth conclusions of law for which no response is required.

110.     Monsanto denies the allegations in paragraph 110.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

111.     Monsanto denies the allegations in paragraph 111.

112.     Monsanto denies the allegations in paragraph 112.

113.     Monsanto denies the allegations in paragraph 113.

114.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 114 and therefore denies those allegations.

115.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 115 concerning decedent's claimed use of and/or exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 115, including that Roundup®-branded products have "dangerous characteristics."

116.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 116 concerning decedent's claimed use of and/or exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 116, including that Roundup®-branded products have "dangerous characteristics."

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-02427-VC

117.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 117 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 117.

118.    Monsanto denies the allegations in paragraph 118.

119.    Monsanto denies the allegations in paragraph 119.

120.    Monsanto denies the allegations in paragraph 120.

121.    Monsanto denies the allegations in paragraph 121.

122.    Monsanto denies the allegations in paragraph 122.

123.    Monsanto denies the allegations in paragraph 123.

124.    Monsanto denies the allegations in paragraph 124.

125.    Monsanto denies the allegations in paragraph 125.

In response to the first sentence of the "WHEREFORE" paragraph following paragraph 125,  Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 125 sets forth a conclusion of law for which no response is required.

126.    Monsanto incorporates by reference its responses to paragraphs 1 through 125 in response to paragraph 126 of plaintiffs' Complaint.

127.    In response to the allegations in paragraph 127 Monsanto states that the phrase "directly or indirectly" is vague and ambiguous.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 127 regarding the specific products allegedly used by decedent or any advertising or marketing allegedly seen or considered by decedent and therefore denies the allegations in paragraph 127.

128.    The allegations in paragraph 128 set forth conclusions of law for which no response is required.

129.    The allegations in paragraph 129 set forth conclusions of law for which no response is required.

130.    Monsanto denies the allegations in paragraph 130.

131.    Monsanto denies the allegations in paragraph 131.

132.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 132 regarding users' and consumers' knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 132. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

133.    Monsanto denies the allegations in paragraph 133.

134.    Monsanto denies the allegations in paragraph 134.

135.    Monsanto denies the allegations in paragraph 135, including each of its subparts.

136.    Monsanto denies the allegations in paragraph 136.

137.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 137 regarding decedent's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 137, including that intended use of and/or exposure to Roundup®-branded products causes any injuries.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto denies the allegations in paragraph 139.

140.    Monsanto denies the allegations in paragraph 140.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

In response to the first sentence of the "WHEREFORE" paragraph following paragraph 141, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-02427-VC

Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 141 sets forth a conclusion of law for which no response is required.

141.    Monsanto incorporates by reference its responses to paragraphs 1 through 140 in response to paragraph 141 of plaintiffs' Complaint.

142.    Monsanto denies the allegations in paragraph 142.

143.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 143 concerning decedent's claimed use of and/or exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 143 set forth conclusions of law for which no response is required.

144.    Monsanto denies the allegations in paragraph 144.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

145.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 145 regarding decedent's reliance and therefore denies those allegations.  The remaining allegations in paragraph 145 set forth conclusions of law for which no response is required.

146.    The allegations in paragraph 146 set forth conclusions of law for which no response is required.

147.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 147 and therefore denies those allegations.

148.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 148 concerning decedent's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 148 set forth conclusions of law for which no response is required.

149.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 149 concerning decedent's claimed use of and/or exposure

1    to Roundup®-branded products and therefore denies those allegations.  The allegation in

2    paragraph 149 regarding Monsanto's implied warranties sets forth conclusions of law for which

3    no response is required.  Monsanto denies the remaining allegations in paragraph 149.

4        150.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5    truth of the allegations in paragraph 150 concerning decedent's reliance or decedent's claimed

6    use of any Roundup®-branded product and therefore denies those allegations.  The remaining

7    allegations in paragraph 150 set forth conclusions of law for which no response is required.

8        151.    Monsanto denies that there is any risk of serious injury associated with or linked

9    to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.

10   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

11   allegations in paragraph 151 concerning decedent's knowledge about Roundup®-branded

12   products and therefore denies the remaining allegations in paragraph 151.

13       152.    Monsanto denies the allegations in paragraph 152.

14       153.    Monsanto denies the allegations in paragraph 153.

15       154.    Monsanto denies the allegations in paragraph 154.

16       155.    In response to the first sentence of paragraph 155, Monsanto demands that

17   judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed,

18   with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as

19   allowed by law and such further and additional relief as this Court may deem just and proper.

20   The statement in the last sentence of paragraph 155 sets forth a conclusion of law for which no

21   response is required.

22       156.    Monsanto incorporates by reference its responses to paragraphs 1 through 155 in

23   response to paragraph 156 of plaintiffs' Complaint.

24       157.    Monsanto denies the allegations in paragraph 157 that decedent's death was

25   "wrongful" and denies that any injuries alleged in the Petition, including the injury and death of

26   plaintiffs and/or decedent, were caused by Roundup®-branded products.  Monsanto admits that

27   plaintiffs purport to bring wrongful death claims, but denies any liability as to those claims.  The

28

remaining allegations in paragraph 157 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 157 and therefore denies those allegations.

158.    Monsanto incorporates by reference its responses to paragraphs 1 through 157 in response to paragraph 158 of plaintiffs' Complaint.

159.    Monsanto denies the allegations in paragraph 159 that decedent's death was "wrongful" and denies that any injuries alleged in the Petition, including the injury and death of plaintiffs and/or decedent, were caused by Roundup®-branded products.  Monsanto admits that plaintiffs purport to bring wrongful death claims, but denies any liability as to those claims.  The remaining allegations in paragraph 159 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 159 and therefore denies those allegations.

In response to the "WHEREFORE" paragraph following paragraph 159, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

160.    The allegations in paragraph 160 set forth conclusions of law for which no response is required.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.      Plaintiffs' claims against Monsanto are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' and/or decedent's alleged injuries.

4.      Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiffs' claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-02427-VC

10.      Plaintiffs' claims against Monsanto are barred, in whole or in part, because plaintiffs' and/or decedent's injuries, if any, were the result of conduct of plaintiffs, decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

11.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.      Applicable statutes of limitations and/or repose bar plaintiffs' claims against Monsanto in whole or in part.

13.      Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims against Monsanto in whole or in part.

14.      If plaintiffs and/or decedent suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' and/or decedent's alleged injury or damages.

15.      Monsanto had no legal relationship or privity with plaintiffs and/or decedent and owed no duty to plaintiffs and/or decedent by which liability could be attributed to it.

16.      Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs and/or decedent.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.      Plaintiffs' claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-02427-VC

18.     Plaintiffs' claims against Monsanto for punitive, exemplary, and/or aggravated damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Texas Constitution, and/or other applicable state constitutions.

19.     Plaintiffs' claims against Monsanto for punitive, exemplary, and/or aggravated damages are barred because plaintiffs has failed to allege conduct warranting imposition of such damages under Texas law, and/or other applicable state laws.

20.     Plaintiffs' claims against Monsanto for punitive, exemplary, and/or aggravated damages are barred and/or limited by operation of state and/or federal law, including Tex. Civ. Prac. & Rem. Code Ann. §§ 41.004(a), 41.008(b).

21.     Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiffs' and/or decedent's own contributory/comparative negligence.

22.     Plaintiffs have failed to allege fraud with sufficient particularity.

23.     Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiffs' and/or decedent's own failure to mitigate damages.

24.     Plaintiffs' claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

25.     If plaintiffs and/or decedent have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiffs' claims against Monsanto are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiffs' claims against Monsanto are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

28.     To the extent that plaintiffs and/or decedent recovered payments for plaintiffs' and/or decedent's alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

29.   Plaintiffs have failed to allege fraud with sufficient particularity.

30.   Plaintiffs' claims against Monsanto are barred, in whole or part, by application of Tex. Civ. Prac. & Rem. Code Ann. § 82.008.

31.   Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  April 13, 2020                          Respectfully submitted,


                                                /s/ Joe G. Hollingsworth
                                                Joe G. Hollingsworth (*pro hac vice*)
                                                (jhollingsworth@hollingsworthllp.com)
                                                Eric G. Lasker (*pro hac vice*)
                                                (elasker@hollingsworthllp.com)
                                                HOLLINGSWORTH LLP
                                                1350 I Street, N.W.
                                                Washington, DC  20005
                                                Telephone:  (202) 898-5800
                                                Facsimile:  (202) 682-1639

                                                *Attorneys for Defendant*
                                                *MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-02427-VC