**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Michael J. Caccia and Holly Caccia v. Monsanto Co., ABC Corporations #1-10; John Does #1-10*, Case No. 3:20-cv-01915-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs *Michael J. Caccia and Holly Caccia's* Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Monsanto denies – and objects to – allegations by plaintiffs that purport to lump Monsanto together with other defendants.  Monsanto responds to this Complaint only on behalf of Monsanto and not on behalf of any other defendant. Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in the first numbered paragraph 1.

2.      Monsanto denies the allegations in the first numbered paragraph 2.

3.      Monsanto denies the allegations in the first numbered paragraph 3.

4.      The allegations in the first sentence of the first numbered paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in the first sentence of the first numbered paragraph 4 based upon the allegations in plaintiffs' Complaint.  Monsanto lacks information or knowledge sufficient to form a belief as to the remaining allegations in the first numbered paragraph 4 and therefore denies those allegations.

5.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first numbered paragraph 5 and therefore denies those allegations.

6.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first numbered paragraph 6 and therefore denies those allegations.

7.      Monsanto admits the allegations in the first numbered paragraph 7.

8.      Monsanto admits the allegations in the first numbered paragraph 8.

9.      The allegations in the first numbered paragraph 9 set forth conclusions of law for which no response is required.

10.     The allegations in the first sentence of the first numbered paragraph 10 set forth conclusions of law for which no response is required.  Monsanto admits that it sells markets, and/or distributes Roundup®-branded products within New Jersey.  In response to the allegations in the final sentence of the first numbered paragraph 10, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.  Monsanto lacks information or knowledge sufficient to form a belief as to the remaining allegations in the first numbered paragraph 10 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-01915-VC

11.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of the first numbered paragraph 11 and therefore denies those allegations. Monsanto denies the remaining allegations of the first numbered paragraph 11.

12.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first numbered paragraph 12 and therefore denies those allegations.

13.     The allegations in the first numbered paragraph 13 set forth conclusions of law for which no response is required.

14.     The allegations in the first numbered paragraph 14 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

15.     Monsanto admits the allegations in the first numbered paragraph 15.

16.     The allegations in the first numbered paragraph 16 are not directed at Monsanto and therefore no answer is required.  To the extent that an answer is deemed required, Monsanto denies the allegations in the first numbered paragraph 16.

17.     The allegations in the first numbered paragraph 17 comprise attorney characterizations and are accordingly denied.  Monsanto states that it is only answering on behalf of Monsanto and not on behalf of un-named co-defendants.

18.     In response to the allegations in the first numbered paragraph 18, Monsanto admits that it sells Roundup®-branded products in New Jersey.

19.     Monsanto denies the allegations in the first numbered paragraph 19.

20.     The allegations in the first numbered paragraph 20 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

21.     The allegations in the first numbered paragraph 21 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

22.     Monsanto admits the allegations in the first numbered paragraph 22.

23.     Monsanto admits that it is authorized to do business in New Jersey.  The remaining allegations in the first numbered paragraph 23 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

1     24.    The allegations in the first numbered paragraph 24 set forth conclusions of law for
2  which no response is required.

3     25.    Monsanto denies the allegations in the first numbered paragraph 25.

4     26.    Monsanto admits that it has designed, researched, manufactured, tested,
5  advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The
6  remaining allegations in the first numbered paragraph 26 set forth conclusions of law for which
7  no response is required.

8     27.    Monsanto admits that it is an agricultural biotechnology corporation with its
9  principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its
10  affiliated companies have operations and offices in countries around the world.  Monsanto states
11  that the remaining allegations in the first numbered paragraph 27 are vague and that it accordingly
12  lacks information or knowledge sufficient to form a belief as to the truth of the remaining
13  allegations and therefore denies those allegations.

14     28.    Monsanto admits the allegations in the first numbered paragraph 28.

15     29.    Monsanto admits the allegations in the first numbered paragraph 29.

16     30.    In response to the allegations in the first numbered paragraph 30, Monsanto admits
17  that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining
18  allegations in the first numbered paragraph 30 are vague and ambiguous and Monsanto lacks
19  information or knowledge sufficient to form a belief as to the truth of the remaining allegations in
20  the first numbered paragraph 30 and therefore denies those allegations.

21     31.    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.
22  The remaining allegations in the first numbered paragraph 31 comprise attorney characterizations
23  and are accordingly denied.

24     32.    Monsanto admits the allegations in the first numbered paragraph 32.

25     33.    Monsanto generally admits the allegations in the first numbered paragraph 33, but
26  denies the allegations in the first numbered paragraph 33 to the extent that they suggest that
27  glyphosate is present in any plants at anything other than *de minimis* amounts well within

28

1  regulatory safety levels, as determined by the United States Environmental Protection Agency

2  ("EPA").

3      34.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

4  of the allegations in the first numbered paragraph 34 and therefore denies those allegations.

5      35.  Monsanto admits that it is the leading producer of seeds that contain the Roundup

6  Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's

7  ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as

8  to the accuracy of the specific numbers and statistics provided in the remaining sentences of the

9  first numbered paragraph 35 and therefore denies those allegations.  Monsanto denies the

10  remaining allegations in the first numbered paragraph 35.

11      36.  In response to the allegations in the first and second sentences of the first

12  numbered paragraph 36, Monsanto admits that glyphosate is one of the world's most widely

13  used herbicides today, but notes that Monsanto was and is not the only manufacturer of

14  glyphosate-based herbicides.  Monsanto admits the allegations in the third sentence of the first

15  numbered paragraph 36.  Monsanto lacks information or knowledge sufficient to form a belief

16  as to the truth of the remaining allegations in the first numbered paragraph 36 and therefore

17  denies those allegations.

18      37.  Monsanto admits that Roundup®-branded products have been used by farmers for

19  approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

20  properties and denies the remaining allegations in the first numbered paragraph 37.

21      38.  The allegations in the first numbered paragraph 38 set forth conclusions of law for

22  which no response is required.  To the extent that a response is deemed required, Monsanto

23  admits the allegations in the first numbered paragraph 38.

24      39.  In response to the allegations in the first numbered paragraph 39, Monsanto admits

25  that EPA requires registrants of herbicides to submit extensive data in support of the human

26  health and environmental safety of their products and further admits that EPA will not register or

27  approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal

28

Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in the first numbered paragraph 39 set forth conclusions of law for which no response is required.

40.     The allegations in the first numbered paragraph 40 set forth conclusions of law for which no response is required.

41.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of New Jersey for sale and distribution.

42.     In response to the allegations in the first numbered paragraph 42, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. Monsanto states that the term "the product tests" in the final sentence of the first numbered paragraph 42 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in the first numbered paragraph 42 set forth conclusions of law for which no answer is required.

43.     Monsanto denies the allegations in the first numbered paragraph 43 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration.  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first numbered paragraph 43 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in the first numbered paragraph 43 set forth conclusions of law for which no response is required.

44.     In response to the allegations in the first numbered paragraph 44, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-01915-VC

[g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05.

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first numbered paragraph 44 and therefore denies those allegations.

45.     In response to the allegations in paragraph 45, Monsanto admits that EPA posted the EPA CARC Final Report on EPA's website in late April 2016 and took the report off the website in early May 2016.  Monsanto further states that, in September 2016, EPA posted the EPA CARC Final Report that endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies those allegations.

46.     In response to the allegations in the first numbered paragraph 46, Monsanto admits that the New Jersey Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New Jersey Attorney General's allegations related in any way to a purported or alleged risk of cancer. To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in the first numbered paragraph 46 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

47.     In response to the allegations in the first numbered paragraph 47, Monsanto admits it entered into an assurance of discontinuance with the New Jersey Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in the first numbered paragraph 47 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

48.     Monsanto denies the allegations in the first numbered paragraph 48.

49.     In response to the allegations in the first numbered paragraph 49, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in the first numbered paragraph 49 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in the first numbered paragraph 49.

50.     Monsanto denies the allegations in the first numbered paragraph 50.

51.     In response to the allegations in the first numbered paragraph 51, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in the first numbered paragraph 51 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first numbered paragraph 51 and therefore denies those allegations.

52.     Monsanto admits the allegations in the first numbered paragraph 52.

53.     In response to the allegations in the first numbered paragraph 53, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in the first numbered paragraph 53 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first numbered paragraph 53 and therefore denies those allegations.

54.     Monsanto states that the term "toxic" as used in the first numbered paragraph 54 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in the first numbered paragraph 54.

55.     Monsanto admits the allegations in the first numbered paragraph 55.

56.     In response to the allegations in the first numbered paragraph 56, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in the first numbered paragraph 56.

57.     In response to the allegations in the first numbered paragraph 57, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle

regulation" in 2004.  To the extent that the first numbered paragraph 57 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in the first numbered paragraph 57.

58.     In response to the allegations in the first numbered paragraph 58, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in the first numbered paragraph 58.

59.     In response to the allegations in the first numbered paragraph 59, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the first numbered paragraph 59 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in the first numbered paragraph 59.

60.     Monsanto denies the allegations in the first numbered paragraph 60.

61.     In response to the allegations in the first numbered paragraph 61, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the first numbered paragraph 61 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in the first numbered paragraph 61.

62.     In response to the allegations in the first numbered paragraph 62, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the first numbered paragraph 62 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in the first numbered paragraph 62.

63.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in the first numbered paragraph 63.

64.     Monsanto denies the allegations in the first numbered paragraph 64.

65.     Monsanto denies the allegations in the first numbered paragraph 65.

66.     Monsanto denies the allegations in the first numbered paragraph 66.

67.     Monsanto denies the allegations in the first numbered paragraph 67.

68.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in the first numbered paragraph 68.

69.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first numbered paragraph 69 and therefore denies those allegations.

70.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first numbered paragraph 70 and therefore denies those allegations. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

71.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first numbered paragraph 71 and therefore denies those allegations. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

72.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in the first numbered paragraph 72 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

73.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in the first numbered paragraph 73, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in the first numbered paragraph 73 comprise attorney characterizations and are accordingly denied.

74.     In response to the allegations in the first numbered paragraph 74, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in the first numbered paragraph 74 comprise attorney characterizations and are accordingly denied.

75.     In response to the allegations in the first numbered paragraph 75, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in the first numbered paragraph 75 comprise attorney characterizations and are accordingly denied.

76.     Monsanto denies the allegations in the first numbered paragraph 76.

77.     The allegations in the first numbered paragraph 77 comprise attorney characterizations and are accordingly denied.

78.     Monsanto admits the allegations in the first numbered paragraph 78.

79.     In response to the allegations in the first numbered paragraph 79, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the first numbered paragraph 79 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in the first numbered paragraph 79.

80.     In response to the allegations in the first numbered paragraph 80, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in the first numbered paragraph 80.

81.     The allegations in the first numbered paragraph 81 are vague and ambiguous and are accordingly denied.

82.     In response to the allegations in the first numbered paragraph 82, Monsanto states that the cited document speaks for itself and does not require a response.

83.     In response to the allegations in the first numbered paragraph 83, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the first numbered paragraph 83 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in the first numbered paragraph 83.

84.     Monsanto denies the allegations in the first numbered paragraph 84.

85.     In response to the allegations in paragraph the first numbered 85, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in the first numbered paragraph 85.

86.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that

Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in the first numbered paragraph 86.

87.     Monsanto denies the allegations in the first numbered paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto admits the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto admits the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto denies the allegations in paragraph 98.

100.    Monsanto denies the allegations in paragraph 100.

101.    Monsanto denies the allegations in paragraph 101.

102.    Monsanto denies the allegations in paragraph 102.

103.    In response to the allegations in paragraph 103, Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 103.

104.    In response to the allegations in paragraph 104, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 104.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-01915-VC

105.     In response to the allegations in paragraph 105, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

106.     In response to the allegations in paragraph 106, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 106.

107.     Monsanto denies the allegations in paragraph 107.

108.     Monsanto denies the allegations in paragraph 108.

109.     Monsanto denies the allegations in paragraph 109.

110.     Monsanto denies the allegations in paragraph 110.

111.     Monsanto denies the allegations in paragraph 111.

112.     Monsanto denies the allegations in paragraph 112.

113.     Monsanto denies the allegations in paragraph 113.

114.     Monsanto denies the allegations in paragraph 114.

115.     Monsanto denies the allegations in paragraph 115.

116.     Monsanto denies the allegations in paragraph 116.

117.     Monsanto denies the allegations in paragraph 117.

118.     Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 118 and therefore denies those allegations.

119.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 119 and therefore denies those allegations.

120.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 120 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-01915-VC

121.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 121 and therefore denies those allegations.

122.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 122 and therefore denies those allegations.

123.    In response to the allegations in the second sentence of paragraph 123, Monsanto denies that there is any risk of non-Hodgkin's lymphoma ("NHL") or other serious illness associated with or linked to the use of and/or exposure to Roundup®-branded products and glyphosate.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 123 and therefore denies those allegations.

124.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 124 and therefore denies those allegations.

125.    Monsanto denies the allegations in paragraph 125.

126.    Monsanto incorporates by reference its responses to the first number paragraph 1 through paragraph 125 in response to paragraph 126 of plaintiffs' Complaint.

127.    Monsanto denies the allegations in the first and second sentences of the paragraph 127.  Monsanto further states that the cited document speaks for itself and does not require a response.

128.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph 128.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

129.    Monsanto denies the allegations in the first and last sentences of paragraph 129.  The remaining allegations in paragraph 129 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

130.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific

studies upon which IARC purported to base its classification were all publicly available before March 2015.  The remaining allegations in the paragraph 130 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

131.    Monsanto incorporates by reference its responses to the first numbered paragraph 1 through paragraph 130 in response to paragraph 131 of plaintiffs' Complaint.

132.    In response to the allegations in paragraph 132, Monsanto denies that it violated the laws of New Jersey or federal law and states that it complied with all applicable law regarding Roundup®-branded products.  The remaining allegations in paragraph 132 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies all such allegations.

133.    The allegations in paragraph 133 set forth conclusions of law for which no response is required.

134.    Monsanto denies the allegations in the first sentence of paragraph 134.  The second sentence of paragraph 134 sets forth a conclusion of law for which no response is required.

1.    Monsanto incorporates by reference its responses to first numbered paragraph 1 through paragraph 134 in response to the second numbered paragraph 1 of plaintiffs' Complaint.

2.    In response to the allegations in the second numbered paragraph 2, Monsanto admits that plaintiffs purport to bring a claim for strict liability design defect but denies any liability as to that claim.

3.    Monsanto denies the allegations in the second numbed paragraph 3.

4.    Monsanto denies the allegations in the second numbered paragraph 4.

5.    Monsanto denies the allegations in the second numbered paragraph 5.

6.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second numbered paragraph 6 and therefore denies those allegations.

1      7.      Monsanto denies the allegations in the second numbered paragraph 7.

2      8.      Monsanto denies the allegations in the second numbered paragraph 8.

3      9.      Monsanto denies the allegations in the second numbered paragraph 9.

4      10.     Monsanto denies the allegations in the second numbered paragraph 10, including

5  each of its subparts

6      11.     Monsan.to denies that Roundup®-branded products have "dangerous

7  characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

8  truth of the remaining allegations in the second numbered paragraph 11 and therefore denies

9  those allegations.

10     12.     Monsanto denies that Roundup®-branded products have "dangerous and unsafe

11  characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in the second numbered paragraph 12 and therefore denies those

13  allegations.

14     13.     Monsanto denies the allegations in the second numbered paragraph 13.

15

16     14.     Monsanto denies the allegations in the second numbered paragraph 14.

17     15.     Monsanto denies the allegations in the second numbered paragraph 15.

18     16.     Monsanto denies the allegations in the second numbered paragraph 16.

19     17.     Monsanto denies the allegations in the second numbered paragraph 17.

20     18.     Monsanto denies the allegations in the second numbered paragraph 18.

21     19.     Monsanto denies the allegations in the second numbered paragraph 19.

22     20.     Monsanto denies the allegations in the second numbered paragraph 20.

23      In response to the "WHEREFORE" paragraph following the second numbered paragraph

24  20, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs'

25  Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and

26  reasonable attorney's fees as allowed by law and such further and additional relief as this Court

27  may deem just and proper.

28     21.     Monsanto incorporates by reference its responses to first numbered paragraph 1

- 17 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-01915-VC

through the second numbered paragraph 20 in response to the second numbered paragraph 21 of plaintiffs' Complaint.

22.      The allegations in the second numbered paragraph 22 set forth conclusions of law for which no response is required.

23.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second numbered paragraph 23 and therefore denies those allegations.

24.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second numbered paragraph 24 and therefore denies those allegations.

25.      Monsanto denies the allegations in the second numbered paragraph 25.

26.      The allegations in the second numbered paragraph 26 set forth conclusions of law for which no response is required.

27.      Monsanto denies the allegations in the second numbered paragraph 27.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

28.      Monsanto denies the allegations in the second numbered paragraph 28.

29.      Monsanto denies the allegations in the second numbered paragraph 29.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

30.      Monsanto denies the allegations in the second numbered paragraph 30.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

31.      Monsanto denies the allegations in the second numbered paragraph 31.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

32.      The allegations in the second numbered paragraph 32 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-01915-VC

33.     Monsanto denies the allegations in the second numbered paragraph 33. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

34.     The allegations in the second numbered paragraph 34 set forth conclusions of law for which no response is required.

35.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second numbered paragraph 35 regarding plaintiff's alleged reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 35.

36.     Monsanto denies the allegations in the second numbered paragraph 36.

37.     Monsanto denies the allegations in the second numbered paragraph 37.

38.     Monsanto denies the allegations in the second numbered paragraph 38.

39.     Monsanto denies the allegations in the second numbered paragraph 39.

40.     Monsanto denies the allegations in the second numbered paragraph 40.

41.     Monsanto denies the allegations in the second numbered paragraph 41.

42.     Monsanto denies the allegations in the second numbered paragraph 42.

43.     Monsanto denies the allegations in the second numbered paragraph 43.

44.     Monsanto denies the allegations in the second numbered paragraph 44.

In response to the "WHEREFORE" paragraph following the second numbered paragraph 44, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

45.     Monsanto incorporates by reference its responses to the first numbered paragraph 1 through the second numbered paragraph 44 in response to the second numbered paragraph 45 of plaintiffs' Complaint.

46.     The allegations in the second numbered paragraph 46 set forth conclusions of law for which no response is required.

47.     Monsanto denies the allegations in the second numbered paragraph 47.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-01915-VC

48.     Monsanto denies the allegations in the second numbered paragraph 48, including each of its subparts.

49.     Monsanto denies the allegations in the second numbered paragraph 49.

50.     Monsanto denies the allegations in the second numbered paragraph 50.

51.     Monsanto denies the allegations in the second numbered paragraph 51, including each of its subparts.

52.     Monsanto denies the allegations in the second numbered paragraph 52.

53.     Monsanto denies the allegations in the second numbered paragraph 53

54.     Monsanto denies the allegations in the second numbered paragraph 54.

55.     Monsanto denies the allegations in the second numbered paragraph 55.

In response to the "WHEREFORE" paragraph following the second numbered paragraph 55, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

56.      Monsanto incorporates by reference its responses to the second numbered paragraph 1 through the second numbered paragraph 55 in response to the second numbered paragraph 56 of plaintiffs' Complaint.

57.     Monsanto denies the allegations in the second numbered paragraph 57. Additionally, the allegations in the last sentence in the second numbered paragraph 57 set forth conclusions of law for which no response is required.

58.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second numbered paragraph 58 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in the second numbered paragraph 58 set forth conclusions of law for which no response is required.

59.     The allegations in the second numbered paragraph 59 set forth conclusions of law for which no response is required.

60.     Monsanto denies the allegations in the second numbered paragraph 60.

61.     The allegation in the second numbered paragraph 61 regarding a purported implied warranty sets forth a conclusion of law for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the second numbered paragraph 61 and therefore denies those allegations.

62.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second numbered paragraph 62 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies the allegations in the second numbered paragraph 62.

63.     Monsanto denies the allegations in the second numbered paragraph 63.

64.     Monsanto denies the allegations in the second numbered paragraph 64.

65.     Monsanto denies the allegations in the second numbered paragraph 65.

In response to the "WHEREFORE" paragraph following the second numbered paragraph 65  Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

66.     Monsanto incorporates by reference its responses to the first numbered paragraph 1 through the second numbered paragraph 65 in response to the second numbered paragraph 66 of plaintiffs' Complaint.

67.     Monsanto denies the allegations in the first sentence of the second numbered paragraph 67 to the extent it encompasses all herbicides as vague and ambiguous but Monsanto admits the allegations in this sentence to the extent it refers to glyphosate based herbicides. Monsanto denies the allegations that Roundup® branded products are defective and unreasonably dangerous to consumers and therefore denies the remaining allegations in the second numbered paragraph 67.

68.     The second numbered paragraph 68 and its subparts set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-01915-VC

69.     In response to the allegations in the second numbered 69, Monsanto admits that it has sold glyphosate based herbicides in accordance with their EPA-approved labeling.  Monsanto further states that the second numbered paragraph 69 sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in the second numbered paragraph 69.

70.     Monsanto denies the allegations in the first and second sentence of the second numbered paragraph 70.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence of the second numbered paragraph 70 sets forth conclusions of law for which no response is required.

71.     The first sentence of the second numbered paragraph 71 sets forth conclusions of law for which no response is required.   Monsanto denies the allegations in the final sentence of the second numbered paragraph 71.

72.     Monsanto denies the allegations in the second numbered paragraph 72 and each of its subparts.

73.     Monsanto states that the allegation in the second numbered paragraph 73 that Monsanto made an express warranty sets forth a legal conclusion for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the second numbered paragraph 73 and therefore denies those allegations.

74.     Monsanto denies the allegations in the second numbered paragraph 74 to the extent that they allege that Monsanto made false or incomplete statements and representations concerning Roundup®.  All labeling of Roundup® branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second numbered paragraph 74 regarding plaintiff's knowledge and therefore denies those allegations.

75.     Monsanto denies the allegations in the second numbered paragraph 75.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-01915-VC

In response to the "WHEREFORE" paragraph following the second numbered paragraph 75, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

76.    Monsanto incorporates by reference its responses to the first numbered paragraph 1 through the second numbered paragraph 75 in response to the second numbered paragraph 76 of plaintiffs' Complaint.

77.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second numbered paragraph 77 and therefore denies those allegations.

78.    Monsanto denies the allegations in the second numbered paragraph 78.

79.    Monsanto denies the allegations in the second numbered paragraph 79.

80.    Monsanto denies the allegations the second numbered in paragraph 80.

81.    Monsanto denies the allegations the second numbered in paragraph 81.

In response to the "WHEREFORE" paragraph following the second numbered paragraph 81  Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

82.    Monsanto incorporates by reference its responses to the first numbered paragraph 1 through the second numbered paragraph 81 in response to the second numbered paragraph 82 of plaintiffs' Complaint.

83.    Monsanto denies the allegations in the second numbered paragraph 83.

84.    Monsanto denies the allegations in the second numbered paragraph 84.

85.    Monsanto denies the allegations in the second numbered paragraph 85.

86.    Monsanto denies the allegations in the second numbered paragraph 86.

87.    Monsanto denies the allegations in the second numbered paragraph 87.

1    In response to the "WHEREFORE" paragraph following the second numbered paragraph

2  87  Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs'

3  Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and

4  reasonable attorney's fees as allowed by law and such further and additional relief as this Court

5  may deem just and proper.

6    In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

7  denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

8  damages, interest, costs, or any other relief whatsoever.

9    Every allegation in the Complaint that is not specifically and expressly admitted in this

10  Answer is hereby specifically and expressly denied.

11  **SEPARATE AND AFFIRMATIVE DEFENSES**

12    1.    The Complaint, in whole or part, fails to state a claim or cause of action against

13  Monsanto upon which relief can be granted.

14    2.    Plaintiffs' claims against Monsanto are barred because plaintiffs cannot proffer

15  any scientifically reliable evidence that the products at issue were defective or unreasonably

16  dangerous.

17    3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was

18  so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

19  plaintiffs' alleged injuries.

20    4.    Plaintiffs' claims against Monsanto are barred, in whole or in part, because the

21  products at issue were designed, manufactured, marketed and labeled with proper warnings,

22  information, cautions and instructions, in accordance with the state of the art and the state of

23  scientific and technological knowledge.

24    5.    Plaintiffs' claims against Monsanto are barred, in whole or in part, because the

25  products at issue were not defective or unreasonably dangerous in that they complied with, at all

26  relevant times, all applicable government safety standards.

27    6.    Any claims based on allegations that Monsanto misled, defrauded, made

28  misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.  *See*,

*e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.     Plaintiffs' claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.     Plaintiffs' claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.     Plaintiffs' claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims against Monsanto are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims against Monsanto in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims against Monsanto in whole or in part.

14.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by

Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.    Monsanto had no legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

16.    Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.    Plaintiffs' claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.    Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the New Jersey Constitution, and/or other applicable state constitutions.

19.    Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under New Jersey law, and/or other applicable state laws.

20.    Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

21.    Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.    Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.    Plaintiffs' claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

24.    Plaintiffs' have failed to allege fraud with sufficient particularity.

25.    If plaintiffs' have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

1    26.    Plaintiffs' claims against Monsanto are barred to the extent that plaintiffs seek

2  relief under the laws of states that do not govern plaintiffs' claims.

3    27.    Plaintiffs' claims against Monsanto are barred or limited to the extent that

4  plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits,

5  such claims.

6    28.    Plaintiffs' common law claims against Monsanto are barred, in whole or part, by

7  application of the New Jersey Products Liability Act, N.J. Stat. Ann. § 2A:58C-1 through 58C-11.

8    29.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

9  may become available or apparent during the course of discovery and thus reserves its right to

10  amend this Answer to assert such defenses.

11    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

12  plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such

13  other relief as the Court deems equitable and just.

14    ### JURY TRIAL DEMAND

15    Monsanto demands a jury trial on all issues so triable.

16  DATED:  April 15, 2020                    Respectfully submitted,

17

18    /s/ Joe G. Hollingsworth
     Joe G. Hollingsworth (*pro hac vice*)
19     (jhollingsworth@hollingsworthllp.com)
     Eric G. Lasker (*pro hac vice*)
20     (elasker@hollingsworthllp.com)
     HOLLINGSWORTH LLP
21     1350 I Street, N.W.
     Washington, DC  20005
22     Telephone:  (202) 898-5800
     Facsimile:   (202) 682-1639
23
     *Attorneys for Defendant*
24     *MONSANTO COMPANY*

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-01915-VC