**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Noelia Quiles et al., v. Monsanto Co.*,<br>Case No. 3:20-cv-01630-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Noelia Quiles' Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Although many paragraphs in the Complaint allege exposure or use of Monsanto products by "Plaintiffs," Monsanto nevertheless responds to the allegations in those paragraphs as if they refer to decedent Pedro Quiles. Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in the first sentence of paragraph 6 set forth conclusions of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 6 and therefore denies those allegations.  Monsanto admits the remaining allegations in paragraph 6 based upon the allegations in plaintiff's complaint.

7.      Monsanto denies that its Roundup®-branded products are "dangerous" and denies that plaintiff's alleged harms, losses, or damages were caused by Roundup®-branded products. Monsanto lacks information or knowledge sufficient to form a belief as to the allegations in paragraph 7 regarding plaintiff's residency and place of injury and therefore denies those allegations.  The remaining allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies those allegations.

10.      Monsanto denies the allegations in paragraph 10.

11.      Monsanto denies any liability to plaintiff or plaintiff's decedent under the cited statute.

12.      Monsanto denies any liability to plaintiff or plaintiff's decedent under the cited statute.

13.      The allegations in paragraph 13 comprise attorney characterizations and are accordingly denied.

14.      Monsanto admits the allegations in paragraph 14.

15.     In response to the allegations in paragraph 15, Monsanto admits that it sells Roundup®-branded products in Florida.

16.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies those allegations.

17.     The allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     The allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19.     Monsanto admits the allegations in the first sentence of paragraph 19. Monsanto admits that it is authorized to do business in Florida.  The remaining allegations in paragraph 19 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

20.     The allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto denies the allegations in paragraph 21.

22.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 22 set forth conclusions of law for which no response is required.

23.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 23 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

24.     Monsanto admits the allegations in paragraph 24.

25.     Monsanto admits the allegations in paragraph 25.

26.     In response to the allegations in paragraph 26, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

- 3 -

paragraph 26 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies those allegations.

27.      Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 27 comprise attorney characterizations and are accordingly denied.

28.      Monsanto admits the allegations in paragraph 28.

29.      Monsanto generally admits the allegations in paragraph 29, but denies the allegations in paragraph 29 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

30.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies those allegations.

31.      Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 31 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 31.

32.      In response to the allegations in the first and second sentences of paragraph 32, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

33.      Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 33.

34.      The allegations in paragraph 34 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 34.

35.     In response to the allegations in paragraph 35, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 35 set forth conclusions of law for which no response is required.

36.     The allegations in paragraph 36 set forth conclusions of law for which no response is required.

37.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Florida for sale and distribution.

38.     In response to the allegations in paragraph 38, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 38 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 38 set forth conclusions of law for which no answer is required.

39.     Monsanto denies the allegations in paragraph 39 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration.  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 39 set forth conclusions of law for which no response is required.

40.     In response to the allegations in paragraph 40, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 and therefore denies those allegations.

41.     In response to the allegations in paragraph 41, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

42.     In response to the allegations in paragraph 42, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01630-VC

1   itself and thus does not require any further answer.  The remaining allegations in paragraph 42

2   are vague and conclusory and comprise attorney characterizations and are accordingly denied.

3         43.    Monsanto denies the allegations in paragraph 43.

4         44.    In response to the allegations in paragraph 44, Monsanto admits that the French

5   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

6   that it "left the soil clean," but denies the allegations in paragraph 44 to the extent that they

7   suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

8   cancer.  Monsanto denies the remaining allegations in paragraph 44.

9         45.    Monsanto denies the allegations in paragraph 45.

10        46.    In response to the allegations in paragraph 46, Monsanto states that the cited

11  document speaks for itself and does not require a response.  To the extent that the allegations in

12  paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or

13  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46

14  and therefore denies those allegations.

15        47.    Monsanto admits the allegations in paragraph 47.

16        48.    In response to the allegations in paragraph 48, Monsanto states that the cited

17  document speaks for itself and does not require a response.  To the extent that the allegations in

18  paragraph 48 go beyond a restatement of the cited document, Monsanto lacks information or

19  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 48

20  and therefore denies those allegations.

21        49.    Monsanto states that the term "toxic" as used in paragraph 49 is vague and

22  ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

23  denies the allegations in paragraph 49.

24        50.    Monsanto admits the allegations in paragraph 50.

25        51.    In response to the allegations in paragraph 51, Monsanto states that the document

26  speaks for itself and does not require a response.  To the extent that a response is deemed

27  required, Monsanto denies the allegations in paragraph 51.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01630-VC

52.     In response to the allegations in paragraph 52, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 52 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 54 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 54.

55.     Monsanto denies the allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 56 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 57 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 57.

58.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 58.

59.     Monsanto denies the allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60.

61.     Monsanto denies the allegations in paragraph 61.

62.     Monsanto denies the allegations in paragraph 62.

1    63.    Monsanto admits that it has in the past promoted, and continues to promote,

2  Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

3  Monsanto denies the remaining allegations in paragraph 63.

4    64.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

5  is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

6  lacks information or knowledge sufficient to form a belief as to the truth of the remaining

7  allegations in paragraph 64 and therefore denies those allegations.

8    65.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9  truth of the allegations in paragraph 65 and therefore denies those allegations.  Monsanto denies

10  that glyphosate met the criteria necessary to be eligible for review.

11    66.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 66 and therefore denies those allegations.  Monsanto denies

13  that glyphosate met the criteria necessary to be eligible for review.

14    67.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

15  carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

16  evidence was "cumulative."  The remaining allegations in paragraph 67 are vague and

17  conclusory and comprise attorney characterizations and are accordingly denied.

18    68.    Monsanto admits that the full IARC Monograph regarding glyphosate was

19  published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

20  2A carcinogen.  In response to the remaining allegations in paragraph 68, Monsanto states that

21  the document speaks for itself and does not require a response.  To the extent that a response is

22  deemed required, the remaining allegations in paragraph 68 comprise attorney characterizations

23  and are accordingly denied.

24    69.    In response to the allegations in paragraph 69, Monsanto states that the document

25  speaks for itself and does not require a response.  To the extent that a response is deemed

26  required, the allegations in paragraph 69 comprise attorney characterizations and are accordingly

27  denied.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01630-VC

1      70.     In response to the allegations in paragraph 70, Monsanto states that the document

2   speaks for itself and does not require a response.  To the extent that a response is deemed

3   required, the allegations in paragraph 70 comprise attorney characterizations and are accordingly

4   denied.

5      71.     Monsanto denies the allegations in paragraph 71.

6      72.     The allegations in paragraph 72 comprise attorney characterizations and are

7   accordingly denied.

8      73.     Monsanto admits the allegations in paragraph 73.

9      74.     In response to the allegations in paragraph 74, Monsanto states that the cited

10   document speaks for itself and does not require a response.  To the extent that paragraph 74

11   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

12   paragraph 74.

13      75.     In response to the allegations in paragraph 75, Monsanto admits that certain

14   studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

15   under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

16   evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

17   animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

18   paragraph 75.

19      76.     The allegations in paragraph 76 are vague and ambiguous and are accordingly

20   denied.

21      77.     In response to the allegations in paragraph 77, Monsanto states that the cited

22   document speaks for itself and does not require a response.

23      78.     In response to the allegations in paragraph 78, Monsanto states that the cited

24   document speaks for itself and does not require a response.  To the extent that paragraph 78

25   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

26   paragraph 78.

27      79.     Monsanto denies the allegations in paragraph 79.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01630-VC

80. In response to the allegations in paragraph 80, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto otherwise denies the allegations in paragraph 80.

81. Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic. Monsanto otherwise denies the allegations in paragraph 81.

82. Monsanto denies the allegations in paragraph 82.

83. Monsanto denies the allegations in paragraph 83.

84. Monsanto denies the allegations in paragraph 84.

85. Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate. Monsanto denies the remaining allegations in paragraph 85.

86. Monsanto denies the allegations in paragraph 86.

87. Monsanto denies the allegations in paragraph 87.

88. Monsanto admits the allegations in paragraph 88.

89. Monsanto denies the allegations in paragraph 89.

90. Monsanto admits the allegations in paragraph 90.

91. Monsanto denies the allegations in paragraph 91.

92. Monsanto denies the allegations in paragraph 92.

93. Monsanto denies the allegations in paragraph 93.

94. Monsanto denies the allegations in paragraph 94.

95. Monsanto denies the allegations in paragraph 95.

96. Monsanto denies the allegations in paragraph 96.

97. Monsanto denies the allegations in paragraph 97.

98. In response to the allegations in paragraph 98, Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact. Monsanto denies the remaining allegations in paragraph 98.

1    99.    In response to the allegations in paragraph 99, Monsanto admits that Roundup®-

2    branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

3    the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

4    99.

5    100.    In response to the allegations in paragraph 100, Monsanto admits that an EPA

6    review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

7    denies the remaining allegations in paragraph 100.

8    101.    In response to the allegations in paragraph 101, Monsanto admits that EPA

9    changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

10   evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

11   denies the remaining allegations in paragraph 101.

12   102.    In response to the allegations in paragraph 102, Monsanto admits that plaintiff has

13   accurately quoted from one passage in an EPA document in 1991 with respect to the designation

14   of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not

15   pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and

16   the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body

1
2
3
4
5

of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

6   Monsanto denies the remaining allegations in paragraph 102.

7
8
9
10
11
12
13
14

103.    In response to the allegations in paragraph 103, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 103 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

15
16
17
18

104.    In response to the allegations in paragraph 104, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

19
20
21
22
23
24
25
26
27
28

105.    Monsanto denies the allegations in paragraph 105 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

based upon any invalid IBT studies.  To the extent that the allegations in paragraph 105 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

106.    In response to the allegations in paragraph 106, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

107.    In response to the allegations in paragraph 107, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 107.

108.    In response to the allegations in paragraph 108, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 108 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

109.    In response to the allegations in paragraph 109, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 109 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

110.    In response to the allegations in paragraph 110, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

111.    In response to the allegations in paragraph 111, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

1   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

2   carcinogen.  Monsanto denies the remaining allegations in paragraph 111.

3       112.   Monsanto denies the allegations in paragraph 112.

4       113.   Monsanto denies the allegations in paragraph 113.

5       114.   Monsanto denies the allegations in paragraph 114.

6       115.   Monsanto denies the allegations in paragraph 115.

7       116.   Monsanto denies the allegations in paragraph 116.

8       117.   Monsanto denies the allegations in paragraph 117.

9       118.   Monsanto denies the allegations in paragraph 118.

10      119.   Monsanto denies the allegations in paragraph 119.

11      120.   Monsanto denies the allegations in paragraph 120.

12      121.   Monsanto denies the allegations in paragraph 121.

13      122.   Monsanto denies the allegations in paragraph 122.

14      123.   Monsanto lacks information or knowledge sufficient to form a belief as to the

15  truth of the allegations in paragraph 123 and therefore denies those allegations.

16      124.   Monsanto lacks information or knowledge sufficient to form a belief as to the

17  truth of the allegations in paragraph 124 and therefore denies those allegations.

18      125.   Monsanto lacks information or knowledge sufficient to form a belief as to the

19  truth of the allegations in the first sentence of paragraph 125 and therefore denies those

20  allegations.  Monsanto denies the remaining allegations in paragraph 125.

21      126.   Monsanto lacks information or knowledge sufficient to form a belief as to the

22  truth of the allegations in the first sentence of paragraph 126 and therefore denies those

23  allegations.  Monsanto denies the remaining allegations in paragraph 126.

24      127.   Monsanto denies the allegations in paragraph 127.

25      128.   Monsanto denies the allegations in paragraph 128.

26      129.   Monsanto incorporates by reference its responses to paragraphs 1 through 128 in

27  response to paragraph 129 of plaintiff's Complaint.

28      130.   Monsanto denies the allegations in paragraph 130.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01630-VC

131.    In response to the allegations in paragraph 131, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

132.    In response to the allegations in paragraph 132, Monsanto states that the cited document speaks for itself and does not require a response.

133.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff and/or plaintiff's decedent to risk of their alleged cancers and denies the remaining allegations in paragraph 133.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

134.    Monsanto denies the allegations in the first and last sentences of paragraph 134. The remaining allegations in paragraph 134 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

135.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 135 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

136.    Monsanto incorporates by reference its responses to paragraphs 1 through 135 in response to paragraph 136 of plaintiff's Complaint.

137.    The allegations in paragraph 137 set forth conclusions of law for which no response is required.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto denies the allegations in paragraph 139, including each of its subparts.

1      140.    Monsanto denies the allegations in paragraph 140.

2      141.    Monsanto denies the allegations in paragraph 141.

3      142.    Monsanto denies the allegations in paragraph 142, including each of its subparts.

4      143.    Monsanto denies the allegations in paragraph 143.

5      144.    Monsanto denies the allegations in paragraph 144.

6      145.    Monsanto denies the allegations in paragraph 145.

7      146.    Monsanto denies the allegations in paragraph 146.

8      147.    Monsanto denies the allegations in paragraph 147.

9      148.    Monsanto incorporates by reference its responses to paragraphs 1 through 147 in
10 response to paragraph 148 of plaintiff's Complaint.

11     149.    Monsanto lacks information or knowledge sufficient to form a belief as to the
12 truth of the allegations in paragraph 149 and therefore denies those allegations.

13     150.    Monsanto lacks information or knowledge sufficient to form a belief as to the
14 truth of the allegations in paragraph 150 and therefore denies those allegations.

15     151.    Monsanto denies the allegations in paragraph 151.

16     152.    Monsanto denies the allegations in paragraph 152.

17     153.    Monsanto denies the allegations in paragraph 153.

18     154.    Monsanto denies the allegations in paragraph 154, including each of its subparts.

19     155.    Monsanto denies the allegations in paragraph 155.

20     156.    Monsanto denies that Roundup®-branded products have "dangerous
21 characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the
22 truth of the remaining allegations in paragraph 156 and therefore denies those allegations.

23     157.    Monsanto lacks information or knowledge sufficient to form a belief as to the
24 truth of the allegations in paragraph 157 and therefore denies those allegations.

25     158.    Monsanto denies the allegations in paragraph 158.

26     159.    The allegations in paragraph 159 set forth conclusions of law for which no
27 response is required.

28     160.    Monsanto denies the allegations in paragraph 160.

1       161.    Monsanto denies the allegations in paragraph 161.

2       162.    Monsanto denies the allegations in paragraph 162.

3       163.    Monsanto denies the allegations in paragraph 163.

4       164.    Monsanto denies the allegations in paragraph 164.

5       165.    Monsanto denies the allegations in paragraph 165.

6       166.    Monsanto denies the allegations in paragraph 166.

7       167.    Monsanto denies the allegations in paragraph 167.

8       168.    Monsanto denies the allegations in paragraph 168.

9       169.    Monsanto denies the allegations in paragraph 169.

10       170.    Monsanto denies the allegations in paragraph 170.

11       171.    Monsanto incorporates by reference its responses to paragraphs 1 through 170 in

12 response to paragraph 171 of plaintiff's Complaint.

13       172.    The allegations in paragraph 172 set forth conclusions of law for which no

14 response is required.

15       173.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16 truth of the allegations in paragraph 173 and therefore denies those allegations.

17       174.    Monsanto denies the allegations in paragraph 174.  All labeling of Roundup®-

18 branded products has been and remains EPA-approved and in compliance with all federal

19 requirements under FIFRA.

20       175.    Monsanto denies the allegations in paragraph 175.

21       176.    Monsanto denies the allegations in paragraph 176.  All labeling of Roundup®-

22 branded products has been and remains EPA-approved and in compliance with all federal

23 requirements under FIFRA.

24       177.    Monsanto denies the allegations in paragraph 177.  All labeling of Roundup®-

25 branded products has been and remains EPA-approved and in compliance with all federal

26 requirements under FIFRA.

27       178.    Monsanto denies the allegations in paragraph 178.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01630-VC

1   179.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2   truth of the allegations regarding decedent's use history in paragraph 179 and therefore denies

3   those allegations.  Monsanto denies the remaining allegations in paragraph 179.

4   180.    The allegations in paragraph 180 set forth conclusions of law for which no

5   response is required.

6   181.    Monsanto denies the allegations in paragraph 181.

7   182.    Monsanto denies the allegations in paragraph 182.

8   183.    Monsanto denies the allegations in paragraph 183.

9   184.    Monsanto denies the allegations that Roundup®-branded products are defective

10  and accordingly denies the allegations in paragraph 184.

11  185.    The allegations in paragraph 185 set forth conclusions of law for which no

12  response is required.

13  186.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14  truth of the allegations in paragraph 186 and therefore denies those allegations.

15  187.    Monsanto denies the allegations in paragraph 187.

16  188.    Monsanto denies the allegations in paragraph 188.

17  189.    Monsanto denies the allegations in paragraph 189.

18  190.    Monsanto denies the allegations in paragraph 190.

19  191.    Monsanto denies the allegations in paragraph 191.

20  192.    Monsanto denies the allegations in paragraph 192.

21  193.    Monsanto incorporates by reference its responses to paragraphs 1 through 192 in

22  response to paragraph 193 of plaintiff's Complaint.

23  194.    Monsanto denies the allegations in paragraph 194.  Additionally, the allegations

24  in the last sentence in paragraph 194 set forth conclusions of law for which no response is

25  required.

26  195.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27  truth of the allegations in paragraph 195 concerning the plaintiff's decedent's claimed use of

28

- 19 -

1   Roundup®-branded products and therefore denies those allegations. The remaining allegations in

2   paragraph 195 set forth conclusions of law for which no response is required.

3       196.    The allegations in paragraph 196 set forth conclusions of law for which no

4   response is required.

5       197.    Monsanto denies the allegations in paragraph 197.

6       198.    The allegation in paragraph 198 regarding a purported implied warranty sets forth

7   a conclusion of law for which no response is required. Monsanto lacks information or knowledge

8   sufficient to form a belief as to the truth of the remaining allegations in paragraph 198 and

9   therefore denies those allegations.

10      199.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11  truth of the allegations in paragraph 199 concerning the condition of any Roundup®-branded

12  product allegedly used by plaintiff's decedent or about plaintiff's decedent's alleged uses of such

13  product and therefore denies the allegations in paragraph 199.

14      200.    Monsanto denies the allegations in paragraph 200.

15      201.    Monsanto denies the allegations in paragraph 201.

16      202.    Monsanto denies the allegations in paragraph 202.

17      203.    Monsanto denies the allegations in paragraph 203.

18      In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

19  denies that plaintiff is entitled to the relief sought therein, including any judgment for any

20  damages, interest, costs, or any other relief whatsoever.

21      Every allegation in the Complaint that is not specifically and expressly admitted in this

22  Answer is hereby specifically and expressly denied.

23              **SEPARATE AND AFFIRMATIVE DEFENSES**

24      1.    The Complaint, in whole or part, fails to state a claim or cause of action against

25  Monsanto upon which relief can be granted.

26      2.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

27  reliable evidence that the products at issue were defective or unreasonably dangerous.

28

3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff and/or decedent's alleged injuries.

4.    Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.    Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.    Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.    Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.    Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.    Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.   Plaintiff's claims are barred, in whole or in part, because plaintiff's and/or decedent's injuries, if any, were the result of conduct of plaintiff, decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff and/or plaintiff's decedent's pre-existing medical conditions.

11.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.   Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.   Plaintiff's and/or plaintiff's decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.   If plaintiff and/or plaintiff's decedent suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's and/or plaintiff's decedent's alleged injury or damages.

15.   Monsanto had no legal relationship or privity with plaintiff and/or decedent and owed no duty to plaintiff and/or decedent by which liability could be attributed to it.

16.   Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff and/or decedent.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.   Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.   Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Florida Constitution, and/or other applicable state constitutions.

19.   Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under, Florida law and/or other applicable state's laws.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-01630-VC

20.   Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Fla. Stat. § 768.73.  Monsanto would further show that under the facts of this case, however, an award of punitive damages consistent with the maximum awards permitted under Fla. Stat. § 768.73 would be a violation of Monsanto's state and federal constitutional rights.

21.   Plaintiff's claims are barred in whole or in part by plaintiff's and/or plaintiff's decedent's own contributory/comparative negligence.

22.   Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.   Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.   Any recovery of compensatory damages is limited by operation of Fla. Stat. § 768.76.

25.   If plaintiff and/or plaintiff's decedent has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.   Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

27.   Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.   Plaintiff's claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

29.   In accordance with Fla. Stat. § 768.1257, plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

30.   Plaintiff's and/or decedent's injuries, if any, were caused, in whole or in part, by the acts or omissions of persons other than Monsanto, whether individual, corporate, associate, or otherwise, whether named or unnamed in the Complaint, and for whose conduct Monsanto is not liable.  Monsanto is not liable for damages proximately caused by non-parties, pursuant to Fabre

1  v. Marin, 623 So.2d 1182 (Fla. 1993), including any other product used by plaintiff and/or

2  decedent that was not manufactured, sold, or distributed by Monsanto.

3     31.  Monsanto hereby gives notice that it intends to rely upon such other defenses as may

4  become available or apparent during the course of discovery and thus reserves its right to amend

5  this Answer to assert such defenses.

6     **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

7  plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

8  other relief as the Court deems equitable and just.

9                    <u>**JURY TRIAL DEMAND**</u>

10    Monsanto demands a jury trial on all issues so triable.

11  DATED:  April 15, 2020                    Respectfully submitted,

12

13                                 /s/ Joe G. Hollingsworth
                                   Joe G. Hollingsworth (*pro hac vice*)
14                                 (jhollingsworth@hollingsworthllp.com)
                                   Eric G. Lasker (*pro hac vice*)
15                                 (elasker@hollingsworthllp.com)
                                   HOLLINGSWORTH LLP
16                                 1350 I Street, N.W.
                                   Washington, DC  20005
17                                 Telephone:  (202) 898-5800
                                   Facsimile:   (202) 682-1639
18
                                   *Attorneys for Defendant*
19                                 *MONSANTO COMPANY*

20

21

22

23

24

25

26

27

28