1

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)

2

Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.

3

Washington, DC  20005
Telephone:   (202) 898-5800

4

Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com

5

elasker@hollingsworthllp.com

6

*Attorneys for Defendant*
*MONSANTO COMPANY*

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

11

Case No. 3:16-md-02741-VC

12

This document relates to:

13

*Izora Poteet, Individually and on behalf of the*
*Estate of J.P. Stewart v. Monsanto Co.*,

14

Case No. 3:20-cv-02415-VC

15

<u>**MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**</u>

16

Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully

17

files this Amended Answer ("Answer") and responds by generally denying all allegations

18

contained in plaintiff's Complaint ("the Complaint"), except as set forth below.  As defined in

19

the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United

20

States based company incorporated in Delaware, and not to other Monsanto-affiliated

21

companies.  Silence as to any allegations shall constitute a denial.

22

1.       Monsanto admits that plaintiff purports to bring an action for damages allegedly

23

related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto

24

denies the remaining allegations in paragraph 1.

25

2.       Monsanto denies the allegations in paragraph 2.

26

3.       Monsanto denies the allegations in paragraph 3.

27

28

1       4.    The allegations in paragraph 4 set forth conclusions of law for which no response

2   is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

3   paragraph 4 based upon the allegations in plaintiff's Complaint.

4       5.    Monsanto admits the allegations in paragraph 5.

5       6.    The allegations in paragraph 6 set forth conclusions of law for which no response

6   is required.

7       7.    The allegations in the first sentence of paragraph 7 set forth conclusions of law for

8   which no response is required.  Monsanto admits the allegations in the second sentence of

9   paragraph 7.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies

10  certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge

11  sufficient to form a belief as to the truth of the allegations regarding where certain other events

12  giving rise to plaintiff's claims occurred and therefore denies those allegations.

13      8.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14  truth of the allegations in the first, second, and forth sentences of paragraph 8 and therefore

15  denies those allegations.  Monsanto denies the remaining allegations in paragraph 8.

16      9.    The allegations in paragraph 9 comprise attorney characterizations and are

17  accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff

18  have a variety of separate and distinct uses and formulations.

19      10.    In response to the allegations in paragraph 10, Monsanto admits that it is a

20  Delaware corporation with its headquarters and its principal place of business in St. Louis

21  County, Missouri.

22      11.    The allegations in paragraph 11 comprise attorney characterizations and are

23  accordingly denied.

24      12.    In response to the allegations in paragraph 12, Monsanto admits that it sells

25  Roundup®-branded products in Missouri.

26      13.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27  truth of the allegations in paragraph 13 and therefore denies those allegations.

28

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02415-VC

14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     Monsanto admits the allegations in paragraph 16.

17.     Monsanto admits that it is authorized to do business in Missouri.  The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     Monsanto denies the allegations in paragraph 19.

20.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 21 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

22.     Monsanto admits the allegations in paragraph 22.

23.     Monsanto admits the allegations in paragraph 23.

24.     In response to the allegations in paragraph 24, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 24 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies those allegations.

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02415-VC

25.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 25 comprise attorney characterizations and are accordingly denied.

26.     Monsanto admits the allegations in paragraph 26.

27.     Monsanto generally admits the allegations in paragraph 27, but denies the allegations in paragraph 27 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

28.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies those allegations.

29.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 29 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 29.

30.     Monsanto admits the allegations in the first two sentences of paragraph 30.  In response to the allegations in the third sentence of paragraph 30, Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 30.

31.     The allegations in paragraph 31 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 31.

32.     In response to the allegations in paragraph 32, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 32 set forth conclusions of law for which no response is required.

33.     The allegations in paragraph 33 set forth conclusions of law for which no response is required.

34.     In response to the allegations in paragraph 34, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution in the United States and are registered by the State of Missouri for sale and distribution.

35.     In response to the allegations in paragraph 35, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 35 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 35 set forth conclusions of law for which no response is required.

36.     Monsanto denies the allegations in paragraph 36 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 36 set forth conclusions of law for which no response is required.

37.     In response to the allegations in paragraph 37, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02415-VC

1   humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

2   posted an October 2015 final report by its standing Cancer Assessment Review Committee

3   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

4   to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

5   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

6   the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

7   humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

8   of the remaining allegations in paragraph 37 and therefore denies those allegations.

9          38.     In response to the allegations in paragraph 38, Monsanto admits that the New

10  York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

11  advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

12  admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

13  General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

14  the subparts purport to quote a document, the document speaks for itself and thus does not

15  require any further answer.  The remaining allegations in paragraph 38 are vague and conclusory

16  and comprise attorney characterizations and are accordingly denied.

17         39.     In response to the allegations in paragraph 39, Monsanto admits it entered into an

18  assurance of discontinuance with the New York Attorney General.  The assurance speaks for

19  itself and thus does not require any further answer.  The remaining allegations in paragraph 39

20  are vague and conclusory and comprise attorney characterizations and are accordingly denied.

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02415-VC

40.     Monsanto denies the allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 41 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 41.

42.     Monsanto denies the allegations in the first sentence of paragraph 42.  In response to the remaining allegations in paragraph 42, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 42 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 and therefore denies those allegations.

43.     Monsanto admits the allegations in paragraph 43.

44.     In response to the allegations in paragraph 44, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 44 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 and therefore denies those allegations.

45.     Monsanto states that the term "toxic" as used in paragraph 45 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 45.

46.     Monsanto admits the allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 47.

48.     In response to the allegations in paragraph 48, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02415-VC

1  the extent that paragraph 48 characterizes the meaning of the cited study, Monsanto denies the

2  remaining allegations in paragraph 48.

3       49.    In response to the allegations in paragraph 49, Monsanto states that these

4  documents speak for themselves and do not require a response.  To the extent that a response is

5  deemed required, Monsanto denies the allegations in paragraph 49.

6       50.    In response to the allegations in paragraph 50, Monsanto states that the cited

7  document speaks for itself and does not require a response.  To the extent that paragraph 50

8  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

9  paragraph 50.

10       51.    Monsanto denies the allegations in paragraph 51.

11       52.    In response to the allegations in paragraph 52, Monsanto states that the cited

12  document speaks for itself and does not require a response.  To the extent that paragraph 52

13  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

14  paragraph 52.

15       53.    In response to the allegations in paragraph 53, Monsanto states that the cited

16  document speaks for itself and does not require a response.  To the extent that paragraph 53

17  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

18  paragraph 53.

19       54.    Monsanto denies the allegation that the cited studies support the allegation that

20  glyphosate or Roundup®-branded products pose any risk to human health and denies the

21  remaining allegations in paragraph 54.

22       55.    Monsanto denies the allegations in paragraph 55.

23       56.    Monsanto denies the allegations in paragraph 56.

24       57.    Monsanto denies the allegations in paragraph 57.

25       58.    Monsanto denies the allegations in paragraph 58.

26       59.    Monsanto admits that it has in the past promoted, and continues to promote,

27  Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

28  Monsanto denies the remaining allegations in paragraph 59.

1    60.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

2    is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

3    lacks information or knowledge sufficient to form a belief as to the truth of the remaining

4    allegations in paragraph 60 and therefore denies those allegations.

5    61.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in paragraph 61 and therefore denies those allegations.  Monsanto denies

7    that glyphosate met the criteria necessary to be eligible for review.

8    62.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 62 and therefore denies those allegations.  Monsanto denies

10   that glyphosate met the criteria necessary to be eligible for review.

11   63.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

12   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

13   evidence was "cumulative."  The remaining allegations in paragraph 63 are vague and

14   conclusory and comprise attorney characterizations and are accordingly denied.

15   64.    Monsanto admits that the full IARC Monograph regarding glyphosate was

16   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

17   2A carcinogen.  In response to the remaining allegations in paragraph 64, Monsanto states that

18   the document speaks for itself and does not require a response.  To the extent that a response is

19   deemed required, the remaining allegations in paragraph 64 comprise attorney characterizations

20   and are accordingly denied.

21   65.    In response to the allegations in paragraph 65, Monsanto states that the document

22   speaks for itself and does not require a response.  To the extent that a response is deemed

23   required, the allegations in paragraph 65 comprise attorney characterizations and are accordingly

24   denied.

25   66.    In response to the allegations in paragraph 66, Monsanto denies that the IARC

26   working group considered all of the data in the numerous studies that have been conducted

27   looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

28   that it reliably considered the studies that it purports to have reviewed, which frequently reach

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02415-VC

conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

67.    The allegations in paragraph 67 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

68.    In response to the allegations in paragraph 68, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 68 are denied.

69.    In response to the allegations in paragraph 69, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

70.    In response to the allegations in paragraph 70, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 70 comprise attorney characterizations and are accordingly denied.

71.    Monsanto denies the allegations in paragraph 71.

72.    The allegations in paragraph 72 comprise attorney characterizations and are accordingly denied.

73.    Monsanto admits the allegations in paragraph 73.

74.    In response to the allegations in paragraph 74, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 74

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02415-VC

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 74.

75.     In response to the allegations in the first sentence of paragraph 75, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in the first sentence of paragraph 75.  The allegations in the second sentence of paragraph 75 are vague and ambiguous and are accordingly denied.

76.     In response to the allegations in paragraph 76, Monsanto states that the cited document speaks for itself and does not require a response.

77.     In response to the allegations in paragraph 77, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 77 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

79.     In response to the allegations in paragraph 79, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 79.

80.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 80

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 84.

1        85.     Monsanto denies the allegations in paragraph 85.

2        86.     Monsanto denies the allegations in paragraph 86.

3        87.     Monsanto admits the allegations in paragraph 87.

4        88.     Monsanto denies the allegations in paragraph 88.

5        89.     Monsanto admits the allegations in the first sentence of paragraph 89.  Monsanto

6   denies the remaining allegations in paragraph 89.

7        90.     Monsanto denies the allegations in paragraph 90.

8        91.     Monsanto denies the allegations in paragraph 91.

9        92.     Monsanto denies the allegations in paragraph 92.

10       93.     Monsanto denies the allegations in paragraph 93.

11       94.     Monsanto denies the allegations in paragraph 94.

12       95.     Monsanto denies the allegations in paragraph 95.

13       96.     Monsanto admits that independent experts and regulatory agencies agree that

14  there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

15  products and admits that it has made statements reflecting this fact.  Monsanto denies the

16  remaining allegations in paragraph 96.

17       97.     In response to the allegations in paragraph 97, Monsanto admits that Roundup®-

18  branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

19  the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

20  97.

21       98.     In response to the allegations in paragraph 98, Monsanto admits that an EPA

22  review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

23  denies the remaining allegations in paragraph 98.

24       99.     In response to the allegations in paragraph 99, Monsanto admits that EPA

25  changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

26  evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

27  denies the remaining allegations in paragraph 99.

28

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02415-VC

100.     In response to the allegations in paragraph 100, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 100.

101.     In response to the allegations in paragraph 101, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

- 13 -

1    studies.  To the extent that the allegations in paragraph 101 are intended to suggest that

2    Monsanto was anything other than a victim of this fraud, such allegations are denied.

3          102.    In response to the allegations in paragraph 102, Monsanto admits that IBT

4    Laboratories was hired to conduct toxicity studies in connection with the registration of a

5    Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

6    based upon any fraudulent or false IBT studies.

7          103.    Monsanto denies the allegations in paragraph 103 to the extent they suggest that

8    EPA performed an inspection of IBT Laboratories solely or specifically in connection with

9    studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

10   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

11   connection with services provided to a broad number of private and governmental entities and

12   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

13   one of several pesticide manufacturers who had used IBT test results.  The audit found some

14   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

15   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

16   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

17   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 103 are

18   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

19   denies those allegations.

20         104.    In response to the allegations in the first sentence of paragraph 104, Monsanto

21   admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that

22   any of the individuals were convicted based upon studies conducted on glyphosate or

23   glyphosate-based herbicides. In response to the allegations in the second sentence of paragraph

24   104, Monsanto admits that it – along with numerous other private companies – hired Craven

25   Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural

26   products.  Monsanto otherwise denies the remaining allegations in paragraph 104.

27         105.    In response to the allegations in paragraph 105, Monsanto admits that EPA

28   investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

1  paragraph 105 are intended to suggest that Monsanto was anything other than a victim of this

2  fraud, Monsanto denies those allegations.

3       106.    In response to the allegations in paragraph 106, Monsanto admits that it was

4  defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

5  at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 106

6  are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

7  denies those allegations.

8       107.    In response to the allegations in paragraph 107, Monsanto admits that it has stated

9  and continues to state that Roundup®-branded products are safe when used as labeled and that

10  they are non-carcinogenic and non-genotoxic.

11       108.    In response to the allegations in paragraph 108, Monsanto admits that a 1986 joint

12  report of the World Health Organization and Food and Agriculture Organization of the United

13  Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

14  Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

15  Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

16  carcinogen.  Monsanto denies the remaining allegations in paragraph 108.

17       109.    Monsanto denies the allegations in paragraph 109.

18       110.    Monsanto denies the allegations in paragraph 110.

19       111.    Monsanto denies the allegations in paragraph 111.

20       112.    Monsanto denies the allegations in paragraph 112.

21       113.    Monsanto denies the allegations in paragraph 113.

22       114.    Monsanto denies the allegations in paragraph 114.

23       115.    Monsanto denies the allegations in paragraph 115.

24       116.    Monsanto denies the allegations in paragraph 116.

25       117.    Monsanto denies the allegations in paragraph 117.

26       118.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27  truth of the allegations in paragraph 118 and therefore denies those allegations.

28       119.    Monsanto denies the allegations in paragraph 119.

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02415-VC

1    120.    Monsanto denies the allegations in paragraph 120.

2    121.    Monsanto denies that any exposure to Roundup®-branded products can cause

3    NHL and other serious illnesses and therefore denies those allegations in paragraph 121.

4    Monsanto states, however, that the scientific studies upon which IARC purported to base its

5    evaluation of glyphosate were all publicly available before March 2015. Monsanto lacks

6    information or knowledge sufficient to form a belief as to the truth of the remaining allegations

7    in paragraph 121 and therefore denies those allegations.

8    122.    Monsanto incorporates by reference its responses to paragraphs 1 through 121 in

9    response to paragraph 122 of plaintiff's Complaint.

10    123.    Monsanto denies the allegations in paragraph 123.

11    124.    In response to the allegations in the first sentence of paragraph 124, Monsanto

12    admits that it has stated and continues to state that Roundup®-branded products are safe when

13    used as labeled and that they are non-toxic and non-carcinogenic.  In response to the allegations

14    in the second sentence of paragraph 124, Monsanto states that the cited document speaks for

15    itself and does not require a response.

16    125.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

17    exposed decedent to risk of decedent's alleged cancer and denies the remaining allegations in

18    paragraph 125.  Monsanto states, however, that the scientific studies upon which IARC

19    purported to base its classification were all publicly available before March 2015.

20    126.    Monsanto denies the allegations in the first and last sentences of paragraph 126.

21    The remaining allegations in paragraph 126 set forth conclusions of law for which no response is

22    required.  Monsanto states, however, that the scientific studies upon which IARC purported to

23    base its classification were all publicly available before March 2015.

24    127.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

25    and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

26    branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

27    which IARC purported to base its classification were all publicly available before March 2015.

28    The remaining allegations in paragraph 127 set forth conclusions of law for which no response is

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02415-VC

1    required, consist of attorney characterizations and are accordingly denied, or comprise

2    allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

3    the truth of the allegations asserted and therefore denies those allegations.

4          128.    Monsanto incorporates by reference its responses to paragraph 1 through

5    paragraph 127 in response to paragraph 128 of plaintiff's Complaint.

6          129.    Monsanto denies the allegations in paragraph 129 that decedent's death was

7    "wrongful" and denies that any injuries alleged in the Complaint, including the injury and death

8    of decedent, were caused by Roundup®-branded products.  Monsanto admits that plaintiff

9    purports to bring a wrongful death claim but denies any liability as to that claim.

10         130.    Monsanto denies the allegations in paragraph 130.

11         131.    Monsanto denies the allegations in paragraph 131.

12         132.    Monsanto denies the allegations in paragraph 132.

13         133.    Monsanto incorporates by reference its responses to paragraphs 1 through 132 in

14   response to paragraph 133 of plaintiff's Complaint.

15         134.    In response to the allegations in the first sentence of paragraph 134, Monsanto

16   admits that plaintiff purports to bring a claim for strict liability design defect, but denies any

17   liability as to that claim.  In response to the allegations in the second sentence of paragraph 134,

18   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

19   allegation that decedent used Roundup®-branded products and therefore denies that allegation.

20   Monsanto denies the remaining allegations in paragraph 134.

21         135.    Monsanto denies the allegations in paragraph 135.

22         136.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23   truth of the allegations in paragraph 136 and therefore denies those allegations.

24         137.    Monsanto denies the allegations in paragraph 137.

25         138.    Monsanto denies the allegations in the paragraph 138.

26         139.    Monsanto denies the allegations in paragraph 139.

27         140.    Monsanto denies the allegations in paragraph 140 and each of its subparts.

28

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02415-VC

1    141.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 141 concerning decedent's claimed use of Roundup®-

3    branded products and therefore denies those allegations.  Monsanto denies the remaining

4    allegations in paragraph 141, including that Roundup®-branded products have "dangerous

5    characteristics."

6    142.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 142 concerning decedent's claimed use of Roundup®-

8    branded products and therefore denies those allegations.  Monsanto denies the remaining

9    allegations in paragraph 142, including that Roundup®-branded products have "dangerous

10   characteristics."

11   143.    Monsanto denies the allegations in paragraph 143.

12   144.    Monsanto denies the allegations in paragraph 144.

13   145.    Monsanto denies the allegations in paragraph 145.

14   146.    Monsanto denies the allegations in paragraph 146.

15   147.    Monsanto denies the allegations in paragraph 147.

16   148.    Monsanto denies the allegations in paragraph 148.

17   149.    Monsanto denies the allegations in paragraph 149.

18   150.    Monsanto denies the allegations in paragraph 150.

19   151.    In response to the allegations in first sentence in paragraph 151, Monsanto

20   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

21   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

22   fees as allowed by law and such further and additional relief as this Court may deem just and

23   proper.  The statement in the last sentence of paragraph 151 sets forth a conclusion of law for

24   which no response is required.

25   152.    Monsanto incorporates by reference its responses to paragraphs 1 through 151 in

26   response to paragraph 152 of plaintiff's Complaint.

27

28

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02415-VC

153.   In response to the allegations in paragraph 153, Monsanto admits that plaintiff purports to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

154.   Monsanto denies the allegations in paragraph 154.

155.   In response to the allegations in paragraph 155, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that decedent or other entities identified purchased or used Roundup®-branded products and therefore denies that allegation.  The allegations in paragraph 155 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 155.

156.   The allegations in paragraph 156 set forth conclusions of law for which no response is required.

157.   Monsanto denies the allegations in paragraph 157.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

158.   Monsanto denies the allegations in paragraph 158.

159.   Monsanto denies the allegations in paragraph 159.

160.   Monsanto denies the allegations in paragraph 160.

161.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 161 and therefore denies those allegations.

162.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 162 concerning decedent's alleged use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 162, including that Roundup®-branded products have "dangerous characteristics."

163.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 163 concerning decedent's alleged use and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02415-VC

1   remaining allegations in paragraph 163, including that Roundup®-branded products have

2   "dangerous characteristics."

3         164.   In response to the allegations in paragraph 164, Monsanto denies that any

4   exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or

5   other serious illnesses and denies that there are any defects in those products.  Monsanto lacks

6   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

7   in paragraph 164 and therefore denies those allegations.  Monsanto states, however, that the

8   scientific studies upon which IARC purported to base its evaluation of glyphosate were all

9   publicly available before March 2015.

10         165.   Monsanto denies the allegations in paragraph 165.

11         166.   Monsanto denies the allegations in paragraph 166.

12         167.   Monsanto denies the allegations in paragraph 167.

13         168.   Monsanto denies the allegations in paragraph 168.

14         169.   Monsanto denies the allegations in paragraph 169.

15         170.   Monsanto denies the allegations in paragraph 170.

16         171.   Monsanto denies the allegations in paragraph 171.

17         172.   Monsanto denies the allegations in paragraph 172.

18         173.   In response to the allegations in the first sentence of paragraph 173, Monsanto

19   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

20   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

21   fees as allowed by law and such further and additional relief as this Court may deem just and

22   proper.  The statement in the last sentence of paragraph 173 sets forth a conclusion of law for

23   which no response is required.

24         174.   Monsanto incorporates by reference its responses to paragraphs 1 through 173 in

25   response to paragraph 174 of plaintiff's Complaint.

26         175.   Monsanto lacks information or knowledge sufficient to form a belief as to the

27   truth of the allegations in paragraph 175 regarding the specific products allegedly used by

28

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02415-VC

1  decedent or any advertising or marketing allegedly seen or considered by decedent and therefore

2  denies the allegations in paragraph 175.

3        176.    The allegations in paragraph 176 set forth conclusions of law for which no

4  response is required.

5        177.    The allegations in paragraph 177 set forth conclusions of law for which no

6  response is required.

7        178.    Monsanto denies the allegations in paragraph 178.

8        179.    Monsanto denies the allegations in paragraph 179.

9        180.    Monsanto denies the allegations in paragraph 180.  All labeling of Roundup®-

10  branded products has been and remains EPA-approved and in compliance with all federal

11  requirements under FIFRA.

12        181.    Monsanto denies the allegations in paragraph 181.

13        182.    Monsanto denies the allegations in paragraph 182.

14        183.    Monsanto denies the allegations in paragraph 183, including each of its subparts.

15        184.    Monsanto denies the allegations in paragraph 184.

16        185.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17  truth of the allegations in paragraph 185 regarding decedent's knowledge and therefore

18  Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 185,

19  including that intended use and/or exposure to Roundup®-branded products causes any injuries.

20        186.    Monsanto denies the allegations in paragraph 186.

21        187.    Monsanto denies the allegations in paragraph 187.

22        188.    Monsanto denies the allegations in paragraph 188.  All labeling of Roundup®-

23  branded products has been and remains EPA-approved and in compliance with all federal

24  requirements under FIFRA.

25        189.    In response to the allegations in the first sentence of paragraph 189, Monsanto

26  demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

27  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

28  fees as allowed by law and such further and additional relief as this Court may deem just and

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02415-VC

1    proper.  The statement in the last sentence of paragraph 189 sets forth a conclusion of law for

2    which no response is required.

3         190.    In response to the allegations in paragraph 190, Monsanto denies that plaintiff has

4    alleged fraud, let alone fraud with specificity.  Monsanto incorporates by reference its responses

5    to paragraphs 1 through 189 in response to paragraph 190 of plaintiff's Complaint.

6         191.    Monsanto denies the allegations in paragraph 191.

7         192.    Monsanto denies the allegations in paragraph 192.

8         193.    Monsanto denies the allegations in paragraph 193.

9         194.    Monsanto denies the allegations in paragraph 194.

10        195.    Monsanto denies the allegations in paragraph 195.

11        196.    Monsanto denies the allegations in paragraph 196.

12        197.    Monsanto denies the allegations in paragraph 197.

13        198.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14    truth of the allegations in paragraph 198 regarding decedent's actions, and therefore Monsanto

15    denies those allegations.  Monsanto denies the remaining allegations in paragraph 198.

16        199.    Monsanto denies the allegations in paragraph 199.

17        200.    Monsanto denies the allegations in paragraph 200.

18        201.    In response to the allegations in the first sentence of paragraph 201, Monsanto

19    demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

20    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

21    fees as allowed by law and such further and additional relief as this Court may deem just and

22    proper.  The statement in the last sentence of paragraph 201 sets forth a conclusion of law for

23    which no response is required.

24        202.    Monsanto incorporates by reference its responses to paragraphs 1 through 201 in

25    response to paragraph 202 of plaintiff's Complaint.

26        203.    The allegations in paragraph 203 set forth conclusions of law for which no

27    response is required.

28        204.    Monsanto denies the allegations in paragraph 204.

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02415-VC

205.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 205 regarding decedent's reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 205.

206.    The allegations in paragraph 206 set forth conclusions of law for which no response is required.

207.    The allegations in paragraph 207 set forth conclusions of law for which no response is required.

208.    Monsanto denies the allegations in paragraph 208.

209.    Monsanto denies the allegations in paragraph 209.

210.    In response to paragraph 210, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

211.    Monsanto incorporates by reference its responses to paragraph 1 through paragraph 210 in response to paragraph 211 of plaintiff's Complaint.

212.    The allegations in paragraph 212 set forth conclusions of law for which no response is required.

213.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations concerning decedent's claimed purchase of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 213 set forth conclusions of law for which no response is required.

214.    Monsanto denies the allegations in paragraph 214.

215.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 215 and therefore denies those allegations.

216.    Monsanto denies the allegations in paragraph 216.

217.    Monsanto denies the allegations in paragraph 217.

218.    Monsanto denies the allegations in paragraph 218.

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02415-VC

1    219.    In response to paragraph 219, Monsanto demands that judgment be entered in its

2    favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that

3    Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

4    further and additional relief as this Court may deem just and proper.

5    220.    Monsanto incorporates by reference its responses to paragraph 1 through

6    paragraph 219 in response to paragraph 220 of plaintiff's Complaint.

7    221.    The allegations in paragraph 221 set forth conclusions of law for which no

8    response is required.

9    222.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations concerning decedent's claimed purchase of Roundup®-branded products

11   and therefore denies those allegations.  The remaining allegations in paragraph 222 set forth a

12   conclusion of law for which no response is required.

13   223.    Monsanto denies the allegations in paragraph 223.

14   224.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations in paragraph 224 and therefore denies those allegations.

16   225.    Monsanto denies the allegations in paragraph 225.

17   226.    Monsanto denies the allegations in paragraph 226.

18   227.    Monsanto denies the allegations in paragraph 227.

19   228.    In response to paragraph 228, Monsanto demands that judgment be entered in its

20   favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that

21   Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

22   further and additional relief as this Court may deem just and proper.

23   229.    The allegations in paragraph 229 set forth conclusions of law for which no

24   response is required.  To the extent that a response is deemed required, Monsanto denies those

25   allegations.

26   230.    The allegations in paragraph 230 set forth conclusions of law for which no

27   response is required.  To the extent that a response is deemed required, Monsanto denies that it

28   engaged in the "wrongdoing" alleged in the Complaint, denies that its conduct or Roundup®-

branded products caused plaintiff's and/or decedent's injury, and denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 230 and therefore denies those allegations.

231.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 231 and therefore denies those allegations.  Monsanto denies that there is any risk of NHL or other serious illness associated with or linked to the use of and/or exposure to Roundup®-branded products and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  The remaining allegations in paragraph 231 set forth conclusions of law for which no response is required.

232.    Monsanto denies the allegations in paragraph 232.

233.    Monsanto denies the allegations in paragraph 233.

234.    Monsanto denies the allegations in paragraph 234.

235.    Monsanto incorporates by reference its responses to paragraph 1 through paragraph 234 in response to paragraph 235 of plaintiff's Complaint.

236.    The allegations in paragraph 236 set forth conclusions of law for which no response is required.

237.    Monsanto denies the allegations in paragraph 237.

238.    In response to paragraph 238, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

239.    In response to the allegations in paragraph 239, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

1  prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

2  by law and such further and additional relief as this Court may deem just and proper.

3         240.    Monsanto incorporates by reference its responses to paragraph 1 through

4  paragraph 239 in response to paragraph 240 of plaintiff's Complaint.

5         241.    Monsanto denies the allegations in paragraph 241.

6         242.    Monsanto denies the allegations in paragraph 242.

7         243.    Monsanto denies the allegations in paragraph 243.

8         244.    Monsanto denies the allegations in paragraph 244.

9         245.    Monsanto denies the allegations in paragraph 245.

10        246.    Monsanto denies the allegations in paragraph 246.

11        247.    Monsanto denies the allegations in paragraph 247.

12        248.    In response to the allegations in paragraph 248, Monsanto denies that plaintiff is

13 entitled to the relief sought therein, including any judgment for any damages, interest, costs, or

14 any other relief whatsoever.

15        249.    The allegations in paragraph 249 set forth conclusions of law for which no

16 response is required.

17        Every allegation in the Complaint that is not specifically and expressly admitted in this

18 Answer is hereby specifically and expressly denied.

19                          **SEPARATE AND AFFIRMATIVE DEFENSES**

20        1.    The Complaint, in whole or part, fails to state a claim or cause of action against

21 Monsanto upon which relief can be granted.

22        2.    Venue may be inconvenient for plaintiff's claims.

23        3.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

24 reliable evidence that the products at issue were defective or unreasonably dangerous.

25        4.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was

26 so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

27 plaintiff's and/or decedent's alleged injuries.

28

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02415-VC

5.    Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.    Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.    Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

8.    Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.    Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.    Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.    Plaintiff's claims are barred, in whole or in part, because plaintiff's and/or decedent's injuries, if any, were the result of conduct of plaintiff, decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

12.    Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff and/or decedent.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02415-VC

13.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

14.   Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

15.   Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

16.   If plaintiff and/or decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's and/or decedent's alleged injuries or damages.

17.   Monsanto had no legal relationship or privity with plaintiff and/or decedent and owed no duty to plaintiff and/or decedent by which liability could be attributed to it.

18.   Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.   Plaintiff's claims for punitive, exemplary, aggravated, and/or treble damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Missouri Constitution, the Texas Constitution, and/or other applicable state constitutions.

20.   Plaintiff's claims for punitive, exemplary, aggravated, and/or treble damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Missouri law, Texas law, and/or other applicable state laws.

21.   Plaintiff's claims for punitive, exemplary, aggravated, and/or treble damages are barred and/or limited by operation of state and/or federal law, including Missouri Revised Statute § 510.265.1, and Tex. Civ. Prac. & Rem. Code Ann. §§ 41.004(a), 41.008(b).

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02415-VC

22.   Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiff and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiff has failed to clearly establish any entitlement to punitive, exemplary, aggravated and/or treble damages based on plaintiff's allegations.

23.   Plaintiff's claims are barred in whole or in part by plaintiff's and/or decedent's own contributory/comparative negligence.

24.   Plaintiff's claims are barred in whole or in part by plaintiff's and/or decedent's own failure to mitigate damages.

25.   Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

26.   To the extent that plaintiff recovered payments for plaintiff's and/or decedent's alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute §§ 490.710, 490.715.

27.   If plaintiff and/or decedent have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

28.   Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

29.   Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

30.   Plaintiff has failed to allege fraud with sufficient particularity.

31.   Plaintiff's claims are barred, in whole or in part, by application of Tex. Civ. Prac. & Rem. Code Ann. § 82.008.

32.   Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02415-VC

1      **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2  plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

3  other relief as the Court deems equitable and just.

4                   **JURY TRIAL DEMAND**

5      Monsanto demands a jury trial on all issues so triable.

6

7  DATED:  April 16, 2020          Respectfully submitted,

8

9                  /s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)

10       (jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)

11       (elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP

12     1350 I Street, N.W.
Washington, DC  20005

13     Telephone:    (202) 898-5800
Facsimile:    (202) 682-1639

14     *Attorneys for Defendant*
*MONSANTO COMPANY*

MONSANTO COMPANY'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02415-VC