**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Andrew Andrzejczak*<br>*v. Monsanto Co. and John Does 1-50,*<br>Case No. 3:20-cv-02424-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Andrew Andrzejcak's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Monsanto denies – and objects to – allegations by plaintiff that purport to lump Monsanto together with other defendants.  Monsanto responds to this Complaint only on behalf of Monsanto and not on behalf of any other defendant. Silence as to any allegations shall constitute a denial.

1. Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

1       2.      Monsanto denies the allegations in paragraph 2.

2       3.      Monsanto denies the allegations in paragraph 3.

3       4.      The allegations in the first sentence of paragraph 4 set forth conclusions of law for

4   which no response is required.  To the extent that a response is deemed required, Monsanto

5   admits the allegations in the first sentence of paragraph 4 based upon the allegations in plaintiff's

6   complaint.  Monsanto lacks information or knowledge sufficient to form a belief as to the

7   remaining allegations in paragraph 4 and therefore denies those allegations.

8       5.      Monsanto admits the allegations in paragraph 5.

9       6.      The allegations in paragraph 6 set forth conclusions of law for which no response

10  is required.

11      7.      The allegations in the first sentence of paragraph 7 set forth conclusions of law for

12  which no response is required.  Monsanto admits that it sells markets, and/or distributes

13  Roundup®-branded products within New Jersey.  In response to the allegations in the final

14  sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiff's claims and

15  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

16  allegations regarding where certain other events giving rise to plaintiff's claims occurred and

17  therefore denies those allegations.  Monsanto lacks information or knowledge sufficient to form a

18  belief as to the remaining allegations in paragraph 7 and therefore denies those allegations.

19      8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth

20  of the allegations in the first sentence of paragraph 8 and therefore denies those allegations.  In

21  response to the allegations in the second sentence of paragraph 8, Monsanto admits that plaintiff

22  purports to bring a claim for personal injury, but denies any liability as to that claim.

23  Monsanto denies the remaining allegations of paragraph 8.

24      9.      The allegations in paragraph 9 comprise attorney characterizations and are

25  accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff

26  has a variety of separate and distinct uses and formulations.

27      10.     Monsanto admits the allegations in paragraph 10.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02424-VC

11.     The allegations in paragraph 11 are not directed at Monsanto and therefore no answer is required.  To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 11.

12.     The allegations in paragraph 12 comprise attorney characterizations and are accordingly denied.  Monsanto states that it is only answering on behalf of Monsanto and not on behalf of un-named co-defendants.

13.     In response to the allegations in paragraph 13, Monsanto admits that it sells Roundup®-branded products in New Jersey.

14.     Monsanto denies the allegations in paragraph 14.

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     Monsanto admits the allegations in paragraph 17.

18.     Monsanto admits that it is authorized to do business in New Jersey.  The remaining allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19.     The allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     Monsanto denies the allegations in paragraph 20.

21.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 22 are vague and that it accordingly lacks information

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02424-VC

1  or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore

2  denies those allegations.

3      23.    Monsanto admits the allegations in paragraph 23.

4      24.    Monsanto admits the allegations in paragraph 24.

5      25.    In response to the allegations in paragraph 25, Monsanto admits that glyphosate is

6  an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

7  paragraph 25 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

8  to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies

9  those allegations.

10     26.    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

11 The remaining allegations in paragraph 26 comprise attorney characterizations and are

12 accordingly denied.

13     27.    Monsanto admits the allegations in paragraph 27.

14     28.    Monsanto generally admits the allegations in paragraph 28, but denies the

15 allegations in paragraph 28 to the extent that they suggest that glyphosate is present in any plants

16 at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

17 the United States Environmental Protection Agency ("EPA").

18     29.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

19 of the allegations in paragraph 29 and therefore denies those allegations.

20     30.    Monsanto admits that it is the leading producer of seeds that contain the Roundup

21 Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's

22 ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as

23 to the accuracy of the specific numbers and statistics provided in the remaining sentences of

24 paragraph 30 and therefore denies those allegations.  Monsanto denies the remaining allegations

25 in paragraph 30.

26     31.    In response to the allegations in the first and second sentences of paragraph 31,

27 Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but

28 notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

Monsanto admits the allegations in the third sentence of paragraph 31.  Monsanto lacks

information or knowledge sufficient to form a belief as to the truth of the remaining

allegations in paragraph 31 and therefore denies those allegations.

32.     Monsanto admits that Roundup®-branded products have been used by farmers for

approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

properties and denies the remaining allegations in paragraph 32.

33.     The allegations in paragraph 33 set forth conclusions of law for which no response

is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

paragraph 33.

34.     In response to the allegations in paragraph 34, Monsanto admits that EPA requires

registrants of herbicides to submit extensive data in support of the human health and

environmental safety of their products and further admits that EPA will not register or approve

the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 34 set forth

conclusions of law for which no response is required.

35.     The allegations in paragraph 35 set forth conclusions of law for which no response

is required.

36.     In response to the allegations in paragraph 36, Monsanto admits that Roundup®-

branded products are registered by EPA for manufacture, sale and distribution and are registered

by the State of New Jersey for sale and distribution.

37.     In response to the allegations in paragraph 37, Monsanto admits that EPA requires

registrants of herbicides to submit extensive data in support of the human health and

environmental safety of their products and further admits that EPA will not register or approve

the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

states that the term "the product tests" in the final sentence of paragraph 37 is vague and

ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 37

set forth conclusions of law for which no answer is required.

38.     Monsanto denies the allegations in paragraph 38 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 38 set forth conclusions of law for which no response is required.

39.     In response to the allegations in paragraph 39, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02424-VC

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05.

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore denies those allegations.

40.    In response to the allegations in paragraph 40, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 40 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

1        41.     In response to the allegations in paragraph 41, Monsanto admits it entered into an

2   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

3   itself and thus does not require any further answer.  The remaining allegations in paragraph 41 are

4   vague and conclusory and comprise attorney characterizations and are accordingly denied.

5        42.     Monsanto denies the allegations in paragraph 42.

6        43.     In response to the allegations in paragraph 43, Monsanto admits that the French

7   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

8   that it "left the soil clean," but denies the allegations in paragraph 43 to the extent that they

9   suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

10  cancer.  Monsanto denies the remaining allegations in paragraph 43.

11       44.     Monsanto denies the allegations in paragraph 44.

12       45.     In response to the allegations in paragraph 45, Monsanto states that the cited

13  document speaks for itself and does not require a response.  To the extent that the allegations in

14  paragraph 45 go beyond a restatement of the cited document, Monsanto lacks information or

15  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45

16  and therefore denies those allegations.

17       46.     Monsanto admits the allegations in paragraph 46.

18       47.     In response to the allegations in paragraph 47, Monsanto states that the cited

19  document speaks for itself and does not require a response.  To the extent that the allegations in

20  paragraph 47 go beyond a restatement of the cited document, Monsanto lacks information or

21  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47

22  and therefore denies those allegations.

23       48.     Monsanto states that the term "toxic" as used in paragraph 48 is vague and

24  ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

25  denies the allegations in paragraph 48.

26       49.     Monsanto admits the allegations in paragraph 49.

27

28

1    50.    In response to the allegations in paragraph 50, Monsanto states that the document

2    speaks for itself and does not require a response.  To the extent that a response is deemed

3    required, Monsanto denies the allegations in paragraph 50.

4    51.    In response to the allegations in paragraph 51, Monsanto admits that Julie Marc

5    published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

6    the extent that paragraph 51 characterizes the meaning of the cited study, Monsanto denies the

7    remaining allegations in paragraph 51.

8    52.    In response to the allegations in paragraph 52, Monsanto states that these

9    documents speak for themselves and do not require a response.  To the extent that a response is

10   deemed required, Monsanto denies the allegations in paragraph 52.

11   53.    In response to the allegations in paragraph 53, Monsanto states that the cited

12   document speaks for itself and does not require a response.  To the extent that paragraph 53

13   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

14   paragraph 53.

15   54.    Monsanto denies the allegations in paragraph 54.

16   55.    In response to the allegations in paragraph 55, Monsanto states that the cited

17   document speaks for itself and does not require a response.  To the extent that paragraph 55

18   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

19   paragraph 55.

20   56.    In response to the allegations in paragraph 56, Monsanto states that the cited

21   document speaks for itself and does not require a response.  To the extent that paragraph 56

22   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

23   paragraph 56.

24   57.    Monsanto denies the allegation that the cited studies support the allegation that

25   glyphosate or Roundup®-branded products pose any risk to human health and denies the

26   remaining allegations in paragraph 57.

27   58.    Monsanto denies the allegations in paragraph 58.

28   59.    Monsanto denies the allegations in paragraph 59.

- 9 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02424-VC

1    60.    Monsanto denies the allegations in paragraph 60.

2    61.    Monsanto denies the allegations in paragraph 61.

3    62.    Monsanto admits that it has in the past promoted, and continues to promote,

4  Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

5  Monsanto denies the remaining allegations in paragraph 62.

6    63.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

7  is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks

8  information or knowledge sufficient to form a belief as to the truth of the remaining allegations in

9  paragraph 63 and therefore denies those allegations.

10    64.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

11  of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies that

12  glyphosate met the criteria necessary to be eligible for review.

13    65.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

14  of the allegations in paragraph 65 and therefore denies those allegations.  Monsanto denies that

15  glyphosate met the criteria necessary to be eligible for review.

16    66.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

17  carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

18  evidence was "cumulative."  The remaining allegations in paragraph 66 are vague and conclusory

19  and comprise attorney characterizations and are accordingly denied.

20    67.    Monsanto admits that the full IARC Monograph regarding glyphosate was

21  published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A

22  carcinogen.  In response to the remaining allegations in paragraph 67, Monsanto states that the

23  document speaks for itself and does not require a response.  To the extent that a response is

24  deemed required, the remaining allegations in paragraph 67 comprise attorney characterizations

25  and are accordingly denied.

26    68.    In response to the allegations in paragraph 68, Monsanto states that the document

27  speaks for itself and does not require a response.  To the extent that a response is deemed

28

- 10 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02424-VC

required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly denied.

69.     In response to the allegations in paragraph 69, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 66 comprise attorney characterizations and are accordingly denied.

70.     Monsanto denies the allegations in paragraph 70.

71.     The allegations in paragraph 71 comprise attorney characterizations and are accordingly denied.

72.     Monsanto admits the allegations in paragraph 72.

73.     In response to the allegations in paragraph 73, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 73 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 73.

74.     In response to the allegations in paragraph 74, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 74.

75.     The allegations in paragraph 75 are vague and ambiguous and are accordingly denied.

76.     In response to the allegations in paragraph 76, Monsanto states that the cited document speaks for itself and does not require a response.

77.     In response to the allegations in paragraph 77, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 77 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

79.     In response to the allegations in paragraph 79, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 79.

80.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto admits the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto admits the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     In response to the allegations in paragraph 97, Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity

1    in glyphosate and Roundup®-branded products and admits that it has made statements reflecting

2    this fact.  Monsanto denies the remaining allegations in paragraph 97.

3         98.    In response to the allegations in paragraph 98, Monsanto admits that Roundup®-

4    branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the

5    product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 98.

6         99.    In response to the allegations in paragraph 99, Monsanto admits that it has stated

7    and continues to state that Roundup®-branded products are safe when used as labeled and that

8    they are non-carcinogenic and non-genotoxic.

9         100.   In response to the allegations in paragraph 100, Monsanto admits that a 1986 joint

10   report of the World Health Organization and Food and Agriculture Organization of the United

11   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

12   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

13   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

14   carcinogen.  Monsanto denies the remaining allegations in paragraph 100.

15        101.   Monsanto denies the allegations in paragraph 101.

16        102.   Monsanto denies the allegations in paragraph 102.

17        103.   Monsanto denies the allegations in paragraph 103.

18        104.   Monsanto denies the allegations in paragraph 104.

19        105.   Monsanto denies the allegations in paragraph 105.

20        106.   Monsanto denies the allegations in paragraph 106.

21        107.   Monsanto denies the allegations in paragraph 107.

22        108.   Monsanto denies the allegations in paragraph 108.

23        109.   Monsanto denies the allegations in paragraph 109.

24        110.   Monsanto denies the allegations in paragraph 110.

25        111.   Monsanto denies the allegations in paragraph 111.

26        112.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

27   of the allegations in paragraph 112 and therefore denies those allegations.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02424-VC

113.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 113 and therefore denies those allegations.

114.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 114 and therefore denies those allegations.

115.    Monsanto denies the allegations in paragraph 115.

116.    Monsanto incorporates by reference its responses to paragraphs 1 through 115 in response to paragraph 116 of plaintiff's Complaint.

117.    Monsanto denies the allegations in the first and second sentences of paragraph 117. Monsanto further states that the cited document speaks for itself and does not require a response.

118.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in paragraph 118.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

119.    Monsanto denies the allegations in the first and last sentences of paragraph 119.  The remaining allegations in paragraph 119 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

120.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The remaining allegations in paragraph 120 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

121.    Monsanto incorporates by reference its responses to paragraphs 1 through 120 in response to paragraph 121 of plaintiff's Complaint.

122.    The allegations in paragraph 122 set forth conclusions of law for which no response is required.

123.    Monsanto denies the allegations in paragraph 123.

124.    Monsanto denies the allegations in paragraph 124, including each of its subparts.

125.    Monsanto denies the allegations in paragraph 125.

126.    Monsanto denies the allegations in paragraph 126.

127.    Monsanto denies the allegations in paragraph 127, including each of its subparts.

128.    Monsanto denies the allegations in paragraph 128.

129.    Monsanto denies the allegations in paragraph 129.

130.    Monsanto denies the allegations in paragraph 130.

131.    Monsanto denies the allegations in paragraph 131.

In response to the first sentence in the "WHEREFORE" paragraph following paragraph 131, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 131 sets forth a conclusion of law for which no response is required.

132.    Monsanto incorporates by reference its responses to paragraphs 1 through 131 in response to paragraph 132 of plaintiff's Complaint.

133.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 133 and therefore denies those allegations.

134.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 134 and therefore denies those allegations.

135.    Monsanto denies the allegations in paragraph 135.

136.    Monsanto denies the allegations in paragraph 136.

137.    Monsanto denies the allegations in paragraph 137.

1    138.    Monsanto denies the allegations in paragraph 138, including each of its subparts.

2    139.    Monsanto denies the allegations in paragraph 139.

3    140.    Monsanto denies that Roundup®-branded products have "dangerous

4    characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

5    truth of the remaining allegations in paragraph 140 and therefore denies those allegations.

6    141.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

7    of the allegations in paragraph 141 and therefore denies those allegations.

8    142.    Monsanto denies the allegations in paragraph 142.

9    143.    The allegations in paragraph 143 set forth conclusions of law for which no

10   response is required.

11   144.    Monsanto denies the allegations in paragraph 144.

12   145.    Monsanto denies the allegations in paragraph 145.

13   146.    Monsanto denies the allegations in paragraph 146.

14   147.    Monsanto denies the allegations in paragraph 147.

15   148.    Monsanto denies the allegations in paragraph 148.

16   149.    Monsanto denies the allegations in paragraph 149.

17   150.    Monsanto denies the allegations in paragraph 150.

18   151.    Monsanto denies the allegations in paragraph 151.

19   152.    Monsanto denies the allegations in paragraph 152.

20   153.    Monsanto denies the allegations in paragraph 153.

21   In response to the first sentence in the "WHEREFORE" paragraph following paragraph

22   153, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's

23   Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and

24   reasonable attorney's fees as allowed by law and such further and additional relief as this Court

25   may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph

26   following paragraph 153 sets forth a conclusion of law for which no response is required.

27   154.    Monsanto incorporates by reference its responses to paragraphs 1 through 153 in

28   response to paragraph 154 of plaintiff's Complaint.

1    155.    The allegations in paragraph 155 set forth conclusions of law for which no

2    response is required.

3    156.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

4    of the allegations in paragraph 156 and therefore denies those allegations.

5    157.    Monsanto denies the allegations in paragraph 157.  All labeling of Roundup®-

6    branded products has been and remains EPA-approved and in compliance with all federal

7    requirements under FIFRA.

8    158.    Monsanto denies the allegations in paragraph 158.

9    159.    Monsanto denies the allegations in paragraph 159.  All labeling of Roundup®-

10   branded products has been and remains EPA-approved and in compliance with all federal

11   requirements under FIFRA.

12   160.    Monsanto denies the allegations in paragraph 160.  All labeling of Roundup®-

13   branded products has been and remains EPA-approved and in compliance with all federal

14   requirements under FIFRA.

15   161.    Monsanto denies the allegations in paragraph 161.

16   162.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

17   of the allegations regarding plaintiff's use history in paragraph 162 and therefore denies those

18   allegations.  Monsanto denies the remaining allegations in paragraph 162.

19   163.    The allegations in paragraph 163 set forth conclusions of law for which no

20   response is required.

21   164.    Monsanto denies the allegations in paragraph 164.

22   165.    Monsanto denies the allegations in paragraph 165.

23   166.    Monsanto denies the allegations in paragraph 166.

24   167.    Monsanto denies the allegations that Roundup®-branded products are defective

25   and accordingly denies the allegations in paragraph 167.

26   168.    The allegations in paragraph 168 set forth conclusions of law for which no

27   response is required.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02424-VC

1    169.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

2    of the allegations in paragraph 169 and therefore denies those allegations.

3    170.    Monsanto denies the allegations in paragraph 170.

4    171.    Monsanto denies the allegations in paragraph 171.

5    172.    Monsanto denies the allegations in paragraph 172.

6    173.    Monsanto denies the allegations in paragraph 173.

7    174.    Monsanto denies the allegations in paragraph 174.

8    In response to the first sentence in the "WHEREFORE" paragraph following paragraph

9    174, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's

10   Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and

11   reasonable attorney's fees as allowed by law and such further and additional relief as this Court

12   may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph

13   following paragraph 174 sets forth a conclusion of law for which no response is required.

14   175.    Monsanto incorporates by reference its responses to paragraphs 1 through 174 in

15   response to paragraph 175 of plaintiff's Complaint.

16   176.    Monsanto denies the allegations in paragraph 176.

17   177.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

18   of the allegations in paragraph 179 concerning the plaintiff's claimed use of Roundup®-branded

19   products and therefore denies those allegations.  The remaining allegations in paragraph 179 set

20   forth conclusions of law for which no response is required.

21   178.    The allegations in paragraph 178 set forth conclusions of law for which no

22   response is required.

23   179.    Monsanto denies the allegations in paragraph 179.

24   180.    The allegation in paragraph 180 regarding a purported implied warranty sets forth

25   a conclusion of law for which no response is required. Monsanto lacks information or knowledge

26   sufficient to form a belief as to the truth of the remaining allegations in paragraph 180 and

27   therefore denies those allegations.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02424-VC

181.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 181 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies the allegations in paragraph 181.

182.    Monsanto denies the allegations in paragraph 182.

183.    Monsanto denies the allegations in paragraph 183.

184.    Monsanto denies the allegations in paragraph 184.

In response to the first sentence in the "WHEREFORE" paragraph following paragraph 184, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 184 sets forth a conclusion of law for which no response is required.

185.    Monsanto incorporates by reference its responses to paragraphs 1 through 184 in response to paragraph 185 of plaintiff's Complaint.

186.    Monsanto denies the allegations in paragraph 186.

187.    Monsanto denies the allegations in paragraph 187.

188.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 188 and therefore denies those allegations.

189.    Monsanto denies the allegations in paragraph 189.

190.    Monsanto denies the allegations in paragraph 190.

In response to the first sentence in the "WHEREFORE" paragraph following paragraph 190, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 190 sets forth a conclusion of law for which no response is required.

1    In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

2 denies that plaintiff is entitled to the relief sought therein, including any judgment for any

3 damages, interest, costs, or any other relief whatsoever.

4    Every allegation in the Complaint that is not specifically and expressly admitted in this

5 Answer is hereby specifically and expressly denied.

6    **<u>SEPARATE AND AFFIRMATIVE DEFENSES</u>**

7    1.    The Complaint, in whole or part, fails to state a claim or cause of action against

8 Monsanto upon which relief can be granted.

9    2.    Plaintiff's claims against Monsanto are barred because plaintiff cannot proffer any

10 scientifically reliable evidence that the products at issue were defective or unreasonably

11 dangerous.

12    3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was

13 so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

14 plaintiff's alleged injuries.

15    4.    Plaintiff's claims against Monsanto are barred, in whole or in part, because the

16 products at issue were designed, manufactured, marketed and labeled with proper warnings,

17 information, cautions and instructions, in accordance with the state of the art and the state of

18 scientific and technological knowledge.

19    5.    Plaintiff's claims against Monsanto are barred, in whole or in part, because the

20 products at issue were not defective or unreasonably dangerous in that they complied with, at all

21 relevant times, all applicable government safety standards.

22    6.    Any claims based on allegations that Monsanto misled, defrauded, made

23 misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.  *See,*

24 *e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

25 *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

26    7.    Plaintiff's claims against Monsanto are preempted, in whole or in part, by

27 applicable federal law relating to the design, testing, producing, manufacturing, labeling,

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02424-VC

distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.      Plaintiff's claims against Monsanto are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto against Monsanto in whole or in part.

12.      Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.      Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims against Monsanto in whole or in part.

14.      If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.      Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff's claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims against Monsanto for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the New Jersey Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims against Monsanto for punitive and/or exemplary damages are barred because plaintiff had failed to allege conduct warranting imposition of such damages under New Jersey law, and/or other applicable state laws.

20.     Plaintiff's claims against Monsanto for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

21.     Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiff's claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiff has failed to allege fraud with sufficient particularity.

25.     If plaintiff's has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims against Monsanto are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

27.     Plaintiff's claims against Monsanto are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.     To the extent that plaintiff recovered payments for plaintiff's alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

29.     Plaintiff's common law claims are barred, in whole or in part, by application of the New Jersey Products Liability Act, N.J. Stat. Ann. § 2A:58C-1 through 58C-11.

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

### JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  April 17, 2020

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*