**WILKINSON WALSH LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: 202-942-5000
Fax: 202-942-5999

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO:<br><br>*Mary V. Olah v. Monsanto Co., et al.*,<br><br>Case No. 3:20-cv-00129-VC | **DEFENDANT MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND THE *OLAH* CASE**<br><br>Date: May 14, 2020<br>Time: 10:00 a.m.<br>Courtroom: 4 |

**TABLE OF CONTENTS**

**Page(s)**

ISSUES TO BE DECIDED ..... 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ..... 1

LEGAL STANDARDS ..... 4

ARGUMENT ..... 5

I. THE UNREBUTTED EVIDENCE AND APPLICABLE LAW ESTABLISH THAT ORCHARD SUPPLY HARDWARE CORPORATION WAS FRAUDULENTLY JOINED, SO REMOVAL BASED ON DIVERSITY JURISDICTION IS PROPER. ..... 5

A. Long Before Plaintiff Sued Orchard Supply Hardware Corporation, That Company Was Dissolved In Bankruptcy Proceedings And Filed A Certificate Of Cancellation, So It Lacks The Capacity To Be Sued In This Case. ..... 5

B. The Bankruptcy Court's Broad Permanent Injunction Bars The Claims That Plaintiff Asserted Against Orchard Supply Hardware Corporation In This Case, So That Defendant Has Been Fraudulently Joined. ..... 9

II. IN THE ALTERNATIVE, ORCHARD SUPPLY HARDWARE CORPORATION IS A "NOMINAL" PARTY AND THEREFORE DOES NOT PREVENT REMOVAL BASED ON DIVERSITY JURISDICTION. ..... 10

III. MONSANTO'S REMOVAL IS ALSO PROPER BASED ON 28 U.S.C. § 1452(a) BECAUSE THIS COURT HAS BANKRUPTCY-RELATED JURISDICTION. ..... 11

IV. ORCHARD SUPPLY HARDWARE CORPORATION'S CONSENT TO REMOVAL IS NOT REQUIRED. ..... 14

CONCLUSION ..... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re ACANDS, Inc.*,
No. Adv. 10-53702, 2011 WL 3471243 (Bankr. D. Del. Aug. 8, 2011) ....12

*Anderson v. Corinthian Colleges, Inc.*,
No. C06-5157 FDB, 2006 U.S. Dist. LEXIS 43770 (W.D. Wash. May 25, 2006) ....10

*Arias v. Follet Higher Educ. Corp.*,
No. 8:18-cv-01965-JLS-JDE, 2019 WL 484192 (C.D. Cal. Feb. 7, 2019) ....4

*Athena Automotive, Inc. v. DiGregorio*,
166 F.3d 288 (4th Cir. 1999) ....8

*Barton v. Rice*,
No. BC652377, 2017 WL 11478961 (Cal. Super. Ct. Oct. 1, 2017) ....6

*Celotex Corp. v. Edwards*,
514 U.S. 300 (1995) ....12

*Couzens v. Donohue*,
854 F.3d 508 (8th Cir. 2017) ....14

*In re Fairchild Corp.*,
452 B.R. 525 (Bankr. D. Del. 2011) ....12

*Feizbakhsh v. Travelers Commercial Ins. Co.*,
No. LA CV16-02165 .... 4-5

*Grancare, LLC v. Thrower*,
889 F.3d 543 (9th Cir. 2018) ....4

*Greb v. Diamond Int'l Corp.*,
56 Cal. 4th 243 (2013) .... *passim*

*Haskins v. Fuller-O'Brien, Inc.*,
No. 11-cv-05142-JST, 2013 WL 1789672 (N.D. Cal. Apr. 26, 2013) ....6

*Illegal Aliens, LLC v. N. Am. Specialty Ins. Co.*,
No. CV 14-07502 DDP, 2015 WL 1636715 (C.D. Cal. Apr. 10, 2015) ....4

*Johnson v. SmithKline Beecham Corp.*,
724 F.3d 337 (3d Cir. 2013) ....10, 14

*Kolker v. VNUS Med. Techs., Inc.*,
No. CV 10-00900-JF-PVT, 2010 WL 3059220 (N.D. Cal. Aug. 2, 2010) ....14

*Leaphart v. Nat'l Union Fire Ins. Co. of Pittsburgh*,
No. CV-15-106-GF-BMM, 2016 WL 81234 (D. Mont. Jan. 7, 2016) ....................................14

*Martin v. Franklin Capital Corp.*,
546 U.S. 132 (2005)..........................................................................................................15

*Martinez v. McKesson Corp.*,
No. 3:15-cv-02903-H-JLB, 2016 WL 5930271 (S.D. Cal. Apr. 7, 2016) ................................5

*Metro Commc'n Corp. BVI v. Advanced Mobilecomm Techs., Inc.*,
854 A.2d 121 (Del. Ch. 2004)...............................................................................................6

*Micah Inv. Trust v. Atkinson*,
No. A13953, 2015 WL 778702 (Cal. Ct. App. Feb. 24, 2015) (unpublished opinion) .............................................................................................................................6

*In re Minoco Grp. of Cos., Ltd.*,
799 F.2d 517 (9th Cir. 1986) ..............................................................................................12

*Morris v. Princess Cruises, Inc.*,
236 F.3d 1061 (9th Cir. 2001) ..............................................................................................4

*Navarro Savings Ass'n v. Lee*,
446 U.S. 458 (1980)...........................................................................................................10

*In re Nobel Grp., Inc.*,
529 B.R. 284 (Bankr. N.D. Cal. 2015) ...............................................................................12

*North American Asbestos Corp. v. Superior Court*,
180 Cal. App. 3d 902 (1986) ...............................................................................................6

*In re Pardee*,
218 B.R. 916 (B.A.P. 9th Cir. 1998), *aff'd*, 193 F.3d 1083 (9th Cir. 1999)...........................13

*Parke v. Cardsystems Solutions, Inc.*,
No. C 06-04857 WHA, 2006 WL 2917604 (N.D. Cal. Oct. 11, 2006) ..................................13

*In re Pegasus Gold*,
394 F.3d 1189 (9th Cir. 2005) ............................................................................................11

*Quail Commerce Ctr. v. Kerr*,
No. PC-20090436, 2017 WL 1030966 (Cal. Super. Ct. Jan. 26, 2017)...................................6

*Ritchey v. Upjohn Drug Co.*,
139 F.3d 1313 (9th Cir. 1998) ..............................................................................................4

*Sellers v. Kohlberg & Co., LLC*,
No. C 01-01365 WHA, 2001 WL 761187 (N.D. Cal. June 29, 2001)..................................6, 8

*Smith v. Charter Commc'ns, Inc.*,
No. CV 09 03716 RGK, 2010 WL 11519549 (C.D. Cal. Apr. 29, 2010), *aff'd sub nom. Smith v. Charter Commc'ns, Inc. (St. Louis)*, 467 F. App'x 742 (9th Cir. 2012) ..........................................................................................................................12

*Strotek Corp. v. Air Transp. Ass'n of Am.*,
300 F.3d 1129 (9th Cir. 2002) ....................10

*Travelers Indem. Co. v. Bailey*,
557 U.S. 137 (2009)....................12, 13

*Trulis v. Barton*,
107 F.3d 685 (9th Cir. 1995) ....................12

*United Computer Sys., Inc. v. AT&T Corp.*,
298 F.3d 756 (9th Cir. 2002) ....................14

*In re Valley Health Sys.*,
584 F. App'x 477 (9th Cir. 2014) ....................12

*In re Wilshire Courtyard*,
729 F.3d 1279 (9th Cir. 2013) ....................12

**Statutes and Rule**

11 U.S.C. § 524....................9

11 U.S.C. § 1141....................9

28 U.S.C. § 1332....................7, 8

28 U.S.C. § 1334(b) ....................1, 5, 11, 13

28 U.S.C. § 1441(b)(2) ....................4, 14

28 U.S.C. § 1446(b)(2)(A)....................14

28 U.S.C. § 1452....................1, 5, 11, 13

Del. Code Ann. tit. 6, § 18-803(b) ....................1

Bankruptcy Rule 9027 ....................15

## ISSUES TO BE DECIDED

Plaintiff Mary Olah seeks to deprive Monsanto Company ("Monsanto") of its important right to have this lawsuit adjudicated in federal court by adding claims against an in-state co-defendant (Orchard Supply Hardware Corporation) that had ceased existence as a legal entity well before the lawsuit was filed. It is undisputed that Orchard Supply Company long ago was liquidated in bankruptcy proceedings and that it was dissolved and filed a certificate of cancellation with the Delaware Secretary of State in December 2016. In these circumstances, a California Supreme Court ruling, *Greb v. Diamond Int'l Corp.*, 56 Cal. 4th 243 (2013), and binding Delaware law establish that Orchard Supply Hardware Corporation lacks the capacity to be sued. Thus, Plaintiff does not have any viable claims against that defendant, which means that it has been fraudulently joined and cannot be used to prevent removal. Moreover, fraudulent joinder is further established by the fact that a broad permanent injunction order issued in the bankruptcy proceedings bars the claims asserted in this case against Orchard Supply Hardware Corporation. And, in any event, Orchard Supply Hardware Corporation does not prevent removal because it is a "nominal" party that does not have a real interest in this lawsuit. For each of these reasons, this Court has subject matter jurisdiction based on diversity of citizenship between Plaintiff and Monsanto.

In addition, this Court has independent subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1334(b), which gives federal courts jurisdiction over, among other proceedings, civil proceedings related to cases under title 11 (*i.e.*, bankruptcy-related jurisdiction), so removal is proper under 28 U.S.C. § 1452(a).

The issues to be decided are whether, in these circumstances, the Court should deny Plaintiff's Motion to Remand ("Remand Motion"), ECF No. 4-1.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2005, Orchard Supply Hardware Corporation (a Delaware corporation) filed a certificate of conversion with the Delaware Secretary of State to convert to a limited liability company. October 3, 2005 Certificate of Conversion (attached to Monsanto Company's Notice

of Removal of *Olah* Lawsuit ("Notice of Removal") as Exhibit 2, ECF No. 1-2). After that certificate was filed, the entity became a Delaware limited liability company called "Orchard Supply Hardware LLC." *Id*.; Certificate of Formation of Orchard Supply Hardware LLC (attached to Notice of Removal as Exhibit 3, ECF No. 1-3).

In June 2013, Orchard Supply Hardware LLC (formerly known as Orchard Supply Hardware Corporation) and certain related entities – collectively, the "OSH Debtors" – commenced proceedings in the United States Bankruptcy Court for the District of Delaware by filing for relief under Chapter 11 of the United States Bankruptcy Code. December 20, 2013 Order Confirming the Debtors' Modified Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code at 1, 4 ("Confirmation Order") (attached to Notice of Removal as Exhibit 4, ECF No. 1-4). In September 2013, in connection with those bankruptcy proceedings, the name of Orchard Supply Hardware LLC was changed to "OSH 2 Liquidating LLC." Confirmation Order at 1 n.1; September 16, 2013 Certificate of Amendment to Certificate of Formation of Orchard Supply Hardware LLC (attached to Notice of Removal as Exhibit 5, ECF No. 1-5).

In December 2013, the Bankruptcy Court entered the Confirmation Order, which confirmed the OSH Debtors' Plan of Liquidation. Confirmation Order at 17. In February 2014, the Plan of Liquidation (attached as Exhibit A to the Confirmation Order) became effective. February 24, 2014 Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date Under Debtors' Modified First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code [ . . . etc.] at 2 (attached to Notice of Removal as Exhibit 6, ECF No. 1-6).

In accordance with the Plan of Liquidation and Delaware law, OSH 2 Liquidating LLC (formerly known as Orchard Supply Hardware LLC, formerly known as Orchard Supply Hardware Corporation) was dissolved and filed a "certificate of cancellation" with the Delaware Secretary of State in December 2016. December 20, 2016 Certificate of Cancellation of OSH 2 Liquidating LLC (attached to Notice of Removal as Exhibit 7, ECF No. 1-7); *see* Plan of Liquidation at 18.

The Confirmation Order and the Plan of Liquidation include a broad permanent injunction in favor of the OSH Debtors, including OSH 2 Liquidating LLC (formerly known as Orchard Supply Hardware LLC, formerly known as Orchard Supply Hardware Corporation).  Paragraph 21 of the Confirmation Order (page 22) approves the injunction set forth in the Plan of Liquidation, as modified in the Confirmation Order.  Paragraph 48 of the Confirmation Order (page 35) sets forth the as-amended injunction provision:

> 48.  Article IX.F.1 of the Plan [of Liquidation] shall be deleted in its entirety and replaced as follows: "Except with respect to those obligations otherwise provided for in the Plan, from and after the Effective Date, all Entities are permanently enjoined from commencing or continuing in any manner against the Debtors, the Estates, the Responsible Person, the Liquidation Trust, the Liquidation Trustee, the Creditors Committee, the GUC Trust, and the GUC Trustee, and their successors and assigns, and their assets and properties, as the case may be, any suit, action or other proceeding, on account of or respecting any Claim or Equity Interest, demand, liability, obligation, debt, right, Cause of Action, interest or remedy released or satisfied or to be released or satisfied pursuant to the Plan or the Confirmation Order."

That broad injunction permanently enjoins all "Entities" from commencing any suit or action against the OSH Debtors, including OSH 2 Liquidating LLC (formerly known as Orchard Supply Hardware LLC, formerly known as Orchard Supply Hardware Corporation).  "Entity" is defined in the Plan of Liquidation by reference to 11 U.S.C. § 101(15), which defines "entity" to include "person."  "Person" is defined in 11 U.S.C. § 101(41) to include "individual."

In September 2019, Plaintiff filed this lawsuit.  She seeks damages for non-Hodgkin's lymphoma allegedly caused by Monsanto's Roundup®-branded herbicides, which she claims were sold in retail stores operated by Orchard Supply Hardware Corporation and supplied to her by that defendant.  Complaint ¶ 26 (attached to Notice of Removal as Exhibit 1, ECF No. 1-1).

In January 2020, Monsanto timely removed this lawsuit to this Court, Notice of Removal, ECF No. 1, and Plaintiff filed her Remand Motion.  The Remand Motion does not dispute that Plaintiff is a California citizen and does not dispute that Monsanto is a citizen of both Missouri and Delaware for purposes of diversity jurisdiction.  The Remand Motion also does not dispute that this lawsuit satisfies the jurisdictional amount-in-controversy requirement for this Court to exercise subject matter jurisdiction based on diversity of citizenship.

## LEGAL STANDARDS

The Ninth Circuit has recognized that, although complete diversity of citizenship usually is required for a federal court to have diversity jurisdiction, "one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A defendant removing a lawsuit from state court based on fraudulent joinder of a co-defendant is required to show that there is no possibility that the state court would hold the co-defendant liable. *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). When fraudulent joinder applies – *i.e.*, when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state," *Morris*, 236 F.3d at 1067 (quotation marks omitted) – the fraudulently joined defendant's "presence in the lawsuit is ignored" for purposes of determining whether the court has jurisdiction based on diversity of citizenship. *Id*. Moreover, if a plaintiff argues that it is possible for him to state a claim against the non-diverse defendant, that possibility must be a "non-fanciful" one for the case to be remanded. *Illegal Aliens, LLC v. N. Am. Specialty Ins. Co.*, No. CV 14-07502 DDP (ASx), 2015 WL 1636715, at *2 (C.D. Cal. Apr. 10, 2015). Fraudulent joinder also renders the so-called "forum defendant rule" inapplicable because that rule applies only to "properly joined" defendants. *See* 28 U.S.C. § 1441(b)(2).

In conducting a fraudulent joinder analysis, a court is not limited to the allegations in a complaint and is permitted to consider declarations and other evidence presented by the removing defendant. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent.") (citation omitted); *Morris*, 236 F.3d at 1068 ("[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony.") (citation omitted). Once the removing defendant pierces the pleadings by presenting evidence showing that a non-diverse defendant has been fraudulently joined, the plaintiff cannot rely on complaint allegations to seek remand.[1]

[1] *See Arias v. Follet Higher Educ. Corp.*, No. 8:18-cv-01965-JLS-JDE, 2019 WL 484192, at *3 (C.D. Cal. Feb. 7, 2019); *Feizbakhsh v. Travelers Commercial Ins. Co.*, No. LA CV16-02165

Regardless of whether a district court has subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1452(a) allows a party to "remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Pursuant to 28 U.S.C. § 1334(b), district courts have subject matter jurisdiction ("original . . . jurisdiction") over all civil proceedings that are "related to cases under title 11 [Bankruptcy]."

## ARGUMENT

### I. THE UNREBUTTED EVIDENCE AND APPLICABLE LAW ESTABLISH THAT ORCHARD SUPPLY HARDWARE CORPORATION WAS FRAUDULENTLY JOINED, SO REMOVAL BASED ON DIVERSITY JURISDICTION IS PROPER.

#### A. Long Before Plaintiff Sued Orchard Supply Hardware Corporation, That Company Was Dissolved In Bankruptcy Proceedings And Filed A Certificate Of Cancellation, So It Lacks The Capacity To Be Sued In This Case.

In determining whether Monsanto properly removed this lawsuit, this Court is required to disregard Orchard Supply Hardware Corporation as fraudulently joined because that dissolved defendant is not capable of being sued in this lawsuit, which means that there is no possibility that a state court would hold that defendant liable for Plaintiff's claims. As discussed above, by the time Plaintiff filed this lawsuit against Orchard Supply Hardware Corporation in September 2019, that company did not exist. It previously converted to a limited liability company; then was liquidated in bankruptcy proceedings; and then underwent formal dissolution and filed a certificate of cancellation with the Delaware Secretary of State in December 2016, when the entity was called OSH 2 Liquidating LLC (formerly known as Orchard Supply Hardware LLC, formerly known as Orchard Supply Hardware Corporation). *See supra* pages 1-2.

A binding California Supreme Court ruling, *Greb*, 56 Cal. 4th 243, establishes that the question of whether Plaintiff can assert her claims against the dissolved entity at issue here is governed by Delaware law – not California law, as Plaintiff contends – because OSH 2 Liquidating LLC was formed under Delaware law and thereafter remained a Delaware company.

JAK (Ex), 2016 WL 8732296, at *8 (C.D. Cal. Sept. 9, 2016); *Martinez v. McKesson Corp.*, No. 3:15-cv-02903-H-JLB, 2016 WL 5930271, at *3 (S.D. Cal. Apr. 7, 2016).

In *Greb*, the California Supreme Court: (a) affirmed a trial court's demurrer ruling in favor of a dissolved company that had done business in California, based on defendant's lack of capacity to be sued under Delaware law; (b) held that the California plaintiffs were precluded from asserting personal injury claims against that defendant because it had been formed and dissolved under Delaware law, so its capacity to be sued was governed by Delaware law; and (c) rejected the argument that the defendant's capacity to be sued was governed by a California "survival statute" that allows lawsuits against dissolved companies for their pre-dissolution conduct.[2]

As required by *Greb*, this Court is bound by Delaware law when deciding whether Plaintiff asserted any viable claims against Orchard Supply Hardware Corporation or whether that defendant lacks the capacity to be sued in this case. Although Monsanto cited *Greb* in support of its removal argument, *see* Notice of Removal ¶ 22, the Remand Motion does not address *Greb*. But *Greb* is the binding California Supreme Court case on this important issue of California law, and there is no basis for Plaintiff to ignore it.[3]

Delaware's Limited Liability Act states that a Delaware limited liability company can be sued only until it files a certificate of cancellation. *See* Del. Code Ann. tit. 6, § 18-803(b); *Metro Commc'n Corp. BVI v. Advanced Mobilecomm Techs., Inc.*, 854 A.2d 121, 138 (Del. Ch. 2004). Thus, by filing its certificate of cancellation with the Delaware Secretary of State in December 2016, OSH 2 Liquidating LLC (formerly known as Orchard Supply Hardware LLC, formerly known as Orchard Supply Hardware Corporation) could no longer, as a matter of Delaware law, be sued in future lawsuits.

---

[2] Plaintiff cites *Sellers v. Kohlberg & Co., LLC*, No. C 01-01365 WHA, 2001 WL 761187, at *4 (N.D. Cal. June 29, 2001), but the interpretation of the survival statute in that case upon which she relies, *see* Remand Motion at 7, was rejected in 2013 by the California Supreme Court in *Greb*. The *Sellers* ruling relied on the interpretation of that statute set forth in *North American Asbestos Corp. v. Superior Court*, 180 Cal. App. 3d 902 (1986), *see Sellers*, 2001 WL 761187, at *4, which the California Supreme Court specifically "disapprove[d]," *Greb*, 56 Cal. 4th at 272.

[3] The *Greb* holding remains good law and has been cited with approval repeatedly by various courts, including a California appellate court, *see Micah Inv. Trust v. Atkinson*, No. A13953, 2015 WL 778702, at *5 (Cal. Ct. App. Feb. 24, 2015) (unpublished opinion), this Court, *see Haskins v. Fuller-O'Brien, Inc.*, No. 11-cv-05142-JST, 2013 WL 1789672, at *4 (N.D. Cal. Apr. 26, 2013); and California trial courts, *see Barton v. Rice*, No. BC652377, 2017 WL 11478961, at *3 (Cal. Super. Ct. Oct. 1, 2017); *Quail Commerce Ctr. v. Kerr*, No. PC-20090436, 2017 WL 1030966, at *2 (Cal. Super. Ct. Jan. 26, 2017).

In sum, when Plaintiff filed this lawsuit in September 2019, she asserted claims against a company – Orchard Supply Hardware Corporation – that did not exist and lacked the capacity to be sued. Therefore, Plaintiff fraudulently joined Orchard Supply Hardware Corporation, so the Court should disregard that defendant and deny the Remand Motion.

Plaintiff tries to avoid this result by ignoring the California Supreme Court's *Greb* ruling – not cited even once in her Remand Motion – and governing Delaware law. Instead, she makes the irrelevant argument that California law applies because courts use a "functional approach" to determine a dissolved corporation's principal place of business and thereby assess the corporation's citizenship for purposes of a diversity jurisdiction analysis. *See* Remand Motion at 5-7. Plaintiff's argument – that before Orchard Supply Hardware Corporation was dissolved, it "had its principal place of business in California and was thus considered at home in California for purposes of diversity" jurisdiction within the meaning of 28 U.S.C. § 1332, Remand Motion at 5 – completely misses the point of Monsanto's removal argument. Monsanto is making a fraudulent joinder argument based on applicable ***state law*** – whether Orchard Supply Hardware Corporation has the capacity to be sued in this case – which has nothing to do with, and requires an entirely different analysis than, the ***federal law*** question of determining that defendant's principal place of business for purposes of assessing diversity jurisdiction under Section 1332. If Monsanto's Notice of Removal had invoked this Court's diversity jurisdiction by contending that Orchard Supply Hardware Corporation is not deemed to be a California citizen within the meaning of Section 1332, then Plaintiff's argument would be relevant, but that is ***not*** the basis for Monsanto's argument that this Court has diversity jurisdiction. Instead, Monsanto contends that this Court has diversity jurisdiction because there is diversity of citizenship (between Plaintiff and Monsanto) and the Court is required to disregard the fraudulently joined defendant (Orchard Supply Hardware Corporation). The correct analysis for that argument involves *Greb* and Delaware law regarding Orchard Supply Hardware Corporation's lack of capacity to be sued after dissolving and filing its certificate of cancellation – not Plaintiff's "functional approach"

argument to analyzing the citizenship of a dissolved corporation for purposes of diversity jurisdiction under Section 1332.[4]

Moreover, Plaintiff's argument is also based on the erroneous, misleading assertion that Orchard Supply Hardware Corporation "did not actually close its doors to California consumers until February 2019, a mere seven months before Plaintiff filed suit in September 2019," Remand Motion at 7. In fact, Orchard Supply Hardware Corporation had ***no*** ownership interest or other legal connection to any hardware store operating under the "Orchard Supply Hardware" name during that period. As part of the bankruptcy proceedings discussed above, a different company acquired "Orchard Supply Hardware" stores, and the OSH Debtors – including Orchard Supply Hardware LLC (formerly known as Orchard Supply Hardware Corporation) – were required by court order to "cease using the 'Orchard Supply Hardware' name" after the sale of the OSH Debtors' assets. Confirmation Order at 1 n.1, ECF 1-4.[5] Thus, Plaintiff cannot point to another company's hardware stores operating under the "Orchard Supply Hardware" name after the bankruptcy proceedings and dissolution to support her argument that she has viable claims against Orchard Supply Hardware Corporation in this case.

---

[4] Plaintiff relies heavily on the *Sellers* case (decided in 2001), but the interpretation of the California statute set forth in that case was rejected by the California Supreme Court in 2013 in *Greb*. *See supra* note 2. Moreover, the question raised by the remand motion in *Sellers* was whether "two Delaware corporations that had conducted business only in California but had ceased those activities almost two years before the commencement of this action, remained ***California citizens under 28 U.S.C. 1332(c)(1)***," *Sellers*, 2001 WL 761187, at *1 (emphasis added). Thus, the *Sellers* remand ruling is inapposite because Monsanto's removal argument has nothing to do with whether Orchard Supply Hardware Corporation is a California citizen for purposes of diversity jurisdiction under Section 1332. Likewise, Plaintiff's reliance on the *Athena Automotive* case is misplaced because that case does not address the arguments presented in Monsanto's Notice of Removal. *See Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 289 (4th Cir. 1999) ("The question of first impression presented by this appeal is whether a Georgia corporation, which had conducted business only in Maryland but had ceased those activities three years before commencement of this action, remained a Maryland citizen for purposes of diversity jurisdiction. We hold that at the time it commenced this action, the corporation was only a citizen of Georgia."). The other cases cited by Plaintiff that address a dissolved corporation's principal place of business and citizenship of a dissolved corporation for purposes of Section 1332 diversity jurisdiction, *see* Remand Motion at 5-7, are also inapposite and provide no support for her remand arguments.

[5] Plaintiff is aware of the fact that a different company acquired "Orchard Supply Hardware" stores during the bankruptcy proceedings. She cites a 2018 Los Angeles Times article that discusses that issue. *See* Remand Motion at 7 n.2.

**B. The Bankruptcy Court's Broad Permanent Injunction Bars The Claims That Plaintiff Asserted Against Orchard Supply Hardware Corporation In This Case, So That Defendant Has Been Fraudulently Joined.**

As discussed above, a broad permanent injunction ordered by the Bankruptcy Court enjoined all entities and persons from commencing any suit or action against the OSH Debtors, including OSH 2 Liquidating LLC (formerly known as Orchard Supply Hardware LLC, formerly known as Orchard Supply Hardware Corporation).  Thus, this lawsuit against Orchard Supply Hardware Corporation violates – and is squarely prohibited by – that permanent injunction. Plaintiff does not have any viable claims against Orchard Supply Hardware Corporation because there is no possibility that a state court would hold that defendant liable in these circumstances. For this reason as well, this Court should disregard Orchard Supply Hardware Corporation as a fraudulently joined defendant.

Plaintiff ignores the language of the Plan of Liquidation injunction – which by its clear terms applies to her and her claims – and makes a misleading, irrelevant argument regarding the scope of Section 524 of the Bankruptcy Code and the statutory discharge.  *See* Remand Motion at 4-5 (quoting 11 U.S.C. § 524 and cases applying Section 524).  Plaintiff's argument misses the mark because Section 524 does not apply to OSH's Plan of Liquidation as the injunction therein is not grounded in Section 524.  Section 1141(d)(3) of the Bankruptcy Code specifically provides that a corporate debtor does not get the benefit of a discharge if the plan provides for the liquidation of all or substantially all of the debtor's assets and the debtor is not engaging in business after consummation of the plan.  The OSH Debtors liquidated all of their assets and did not engage in business after consummation of the Plan of Liquidation, so they were not statutorily eligible to obtain a discharge under Section 524.  Consistent with that principle, the Plan of Liquidation and the Confirmation Order do not provide for the OSH Debtors to receive a discharge, and indeed the Confirmation Order expressly states that the Plan injunction is not to be construed as providing a discharge.  Confirmation Order ¶ 47 (page 35) ("Notwithstanding anything to the contrary contained in the Plan or this Order, Article IX.F of the Plan shall not be construed to (i) provide a discharge under section 1141 of the Bankruptcy Code . . . .").  Thus, Plaintiff's arguments about Section 524 and the scope and effect of a statutory discharge are not

relevant to Monsanto's removal or to the actual injunction at issue here.

## II. IN THE ALTERNATIVE, ORCHARD SUPPLY HARDWARE CORPORATION IS A "NOMINAL" PARTY AND THEREFORE DOES NOT PREVENT REMOVAL BASED ON DIVERSITY JURISDICTION.

When a federal court decides whether it has subject matter jurisdiction based on diversity of citizenship, the court should disregard a nominal party that does not have a real interest in the lawsuit. *See Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 461 (1980); *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002); *see also Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 358-59 (3d Cir. 2013) (citing, *inter alia*, *Strotek*, 300 F.3d at 1133); *Anderson v. Corinthian Colleges, Inc.*, No. C06-5157 FDB, 2006 U.S. Dist. LEXIS 43770, at *11 (W.D. Wash. May 25, 2006) (citing, *inter alia*, *Strotek*, 300 F.3d at 1133-34).

In this case, Orchard Supply Hardware Corporation is a nominal party because it no longer exists, having undergone liquidation, wind-down, dissolution, and cancellation as part of the bankruptcy proceedings discussed above. It is not surprising that Orchard Supply Hardware Corporation has not filed an answer or anything else in this case. Orchard Supply Hardware Corporation – a non-existent entity – has nothing at stake here, and has no real interest in the outcome of this lawsuit. Therefore, Orchard Supply Hardware Corporation is a nominal party that does not destroy diversity jurisdiction and does not prevent removal. *See Strotek*, 300 F.3d at 1133-34 (dissolved entity that did not have any stake in outcome of lawsuit was a nominal party that was disregarded when deciding whether diversity jurisdiction exists and whether removal was proper; affirming denial of remand motion); *Johnson*, 724 F.3d at 358-59 (corporate defendant that converted to limited liability company did not destroy diversity jurisdiction and did not preclude removal because it was a nominal party with no interest in outcome of lawsuit; affirming denial of remand motion); *Anderson*, 2006 U.S. Dist. LEXIS 43770, at *11 (ignoring presence of dissolved corporate defendant because it was "a nominal party that ha[d] no stake in the outcome of this litigation"; denying remand motion).

Plaintiff again ignores *Greb* – and again misses the point – by arguing that Orchard Supply Hardware Corporation "had its headquarters and principal place of business (*i.e.*, 'nerve

center') in California, rendering it a California citizen that remains subject to suit following dissolution," Remand Motion at 9. As discussed above, whether Orchard Supply Hardware Corporation is a California citizen for purposes of federal diversity jurisdiction is irrelevant to Monsanto's removal arguments. The point is that Orchard Supply Hardware Corporation – even assuming for the sake of argument that it still has any legal existence – has no real interest in this lawsuit.[6]

## III. MONSANTO'S REMOVAL IS ALSO PROPER BASED ON 28 U.SC. § 1452(a) BECAUSE THIS COURT HAS BANKRUPTCY-RELATED JURISDICTION.

Removal is also proper under 28 U.S.C. § 1452(a) because 28 U.S.C. § 1334(b) gives federal courts jurisdiction over civil matters arising under title 11, arising in cases under title 11, or related to cases under title 11 (*i.e.*, bankruptcy-related jurisdiction). Section 1334(b) jurisdiction includes post-confirmation "related to" jurisdiction – *i.e.*, jurisdiction related to bankruptcy proceedings after the plan has been approved (as occurred in the Orchard Supply Hardware bankruptcy proceedings at issue here).

Notably, Monsanto and Plaintiff agree on the applicable legal standard for determining whether this Court has post-confirmation jurisdiction pursuant to Section 1334(b).[7] Specifically, both parties agree that the fundamental question is whether the claims at issue have a "close nexus" to the Plan of Liquidation and that a "close nexus" encompasses matters involving the interpretation or enforcement of the Plan of Liquidation. *E.g., In re Pegasus Gold*, 394 F.3d 1189, 1994 (9th Cir. 2005); Notice of Removal ¶¶ 35-36 (citing and applying *Pegasus Gold*); Remand Motion at 9-10 (discussing *Pegasus Gold* standard). Plaintiff's claims – even if limited to speculation about recoveries from hypothetical insurance coverage, *see* Remand Motion at 10 – fall within the plain language of the broad Plan of Liquidation injunction, *see supra* page 3

---

[6] Plaintiff's speculative argument about insurance coverage, *see* Remand Motion at 8, does not lead to a contrary conclusion. Orchard Supply Hardware Corporation underwent liquidation, wind-down, dissolution, and cancellation as part of the bankruptcy proceedings, so it is sheer guess-work for Plaintiff to assert that insurance coverage is available to satisfy a judgment against that defendant in this case.

[7] Plaintiff also does not dispute the premise that removal under Section 1452 is proper if jurisdiction exists under Section 1334.

(quoting injunction), which enjoins the assertion of claims against the OSH Debtors and their assets and properties (*i.e.*, their insurance). *See In re Minoco Grp. of Cos., Ltd.*, 799 F.2d 517, 519 (9th Cir. 1986) (referring to property of the estate and stating: "Under the weight of authority, insurance contracts have been said to be embraced in this statutory definition of 'property.'") (citing *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1001 (4th Cir. 1986)). Whether and how the Plan of Liquidation injunction applies to Plaintiff's claims are matters of "interpretation" and "enforcement" of the Plan of Liquidation and affect the OSH Debtors and their property – and thus bear a close nexus to the Plan of Liquidation.[8]

Furthermore, any challenge here by Plaintiff to the scope and effect of the Bankruptcy Court's injunction in the Plan of Liquidation and the Confirmation Order is an improper collateral attack, violates principles of res judicata, and should not be permitted. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 301-13 (1995) (rejecting respondent's attempts to collaterally attack bankruptcy court's injunction); *see also Smith v. Charter Commc'ns, Inc.*, No. CV 09 03716 RGK (AGRx), 2010 WL 11519549, at *4 (C.D. Cal. Apr. 29, 2010) (holding that "Plaintiff cannot . . . collaterally attack the Plan and the bankruptcy court's confirmation order"), *aff'd sub nom. Smith v. Charter Commc'ns, Inc. (St. Louis)*, 467 F. App'x 742 (9th Cir.

[8] The cases cited by Plaintiff do not support a contrary conclusion. *See In re Fairchild Corp.*, 452 B.R. 525 (Bankr. D. Del. 2011) (finding no close nexus to support bankruptcy court jurisdiction over claims by liquidating trust relating to a real property dispute; under such circumstances, bankruptcy court was not asked to interpret or enforce the plan); *In re Nobel Grp., Inc.*, 529 B.R. 284 (Bankr. N.D. Cal. 2015) (acknowledging the legal standard that a close nexus will be found where a bankruptcy court is required to interpret or enforce a plan provision, but finding that the issue in dispute relating to the ownership of disputed funds did not implicate the interpretation or enforcement of the plan); *In re ACANDS, Inc.*, No. Adv. 10-53702, 2011 WL 3471243 (Bankr. D. Del. Aug. 8, 2011) (finding no jurisdiction even though disputed issue required interpretation of plan because the dispute would not affect the debtor or its property). Moreover, although Plaintiff attempts to distinguish the cases cited in Monsanto's Notice of Removal to support the conclusion that this Court has jurisdiction under Section 1334 (*Travelers Indem. Co. v. Bailey*, 557 U.S. 137 (2009), *In re Valley Health Sys.*, 584 F. App'x 477 (9th Cir. 2014); *In re Wilshire Courtyard*, 729 F.3d 1279 (9th Cir. 2013)) by arguing that her claims arose independently of the OSH bankruptcy and are unrelated to the Plan of Liquidation, *see* Remand Motion at 10-11 n.3, Plaintiff misconstrues the case law and mischaracterizes the facts. What matters is that Plaintiff's claims are asserted against the OSH Debtors and those claims relate to, and are implicated by, the plain terms of the injunction in the Confirmation Order and the Plan of Liquidation. This means that there is a close nexus to the Plan of Liquidation because determining whether the injunction precludes such claims against the OSH Debtors requires interpreting and enforcing the Confirmation Order and the Plan of Liquidation.

2012); *Trulis v. Barton*, 107 F.3d 685, 691 (9th Cir. 1995) (when parties failed to challenge plan of reorganization on direct appeal, "res judicata principles preclude collateral attack."). Indeed, collateral attacks on final bankruptcy court orders are not permitted even if the challenge is based on an argument that the provision exceeded the bankruptcy court's jurisdiction. *See Travelers*, 557 U.S. at 152 ("Those [bankruptcy court] orders are not any the less preclusive because the attack is on the Bankruptcy Court's conformity with its subject-matter jurisdiction, for '[e]ven subject-matter jurisdiction … may not be attacked collaterally.'") (citing *Kontrick v. Ryan*, 540 U.S. 443, 455 n. 9 (2004); *see also In re Pardee,* 218 B.R. 916, 925 (B.A.P. 9th Cir. 1998) (enforcing a confirmed chapter 13 plan despite the fact that it contained a provision contrary to the Bankruptcy Code where a creditor failed to object, as "the finality of confirmation orders is a bedrock principle of bankruptcy law in the Ninth Circuit"), *aff'd*, 193 F.3d 1083 (9th Cir. 1999). Thus, to the extent that Plaintiff intends to challenge any aspect of the injunction – including the Bankruptcy Court's jurisdiction to enter that injunction – she is required to bring that challenge to the Bankruptcy Court (*i.e.*, Plaintiff could seek to reopen the OSH Debtors' bankruptcy case and seek relief from the injunction from that court). Plaintiff is not permitted to challenge that court's injunction here in the context of removal.

Plaintiff also argues that, even if this Court has Section 1334 jurisdiction, the Court should equitably remand this lawsuit pursuant to Section 1452(b), *see* Remand Motion at 11-12, but that argument is unavailing. The Court should not exercise this equitable power here because: (1) there are independent grounds to support removal (*i.e.*, the diversity jurisdiction arguments discussed above); and (2) the federal subject matter jurisdiction at issue for this argument is based on the inherent power of a court to interpret and enforce its orders. There is no equitable basis to have a California state court interpret and enforce a federal bankruptcy court's injunction order that was intended to protect the OSH Debtors – which is a core matter of the bankruptcy case.[9]

[9] Plaintiff relies heavily on *Parke v. Cardsystems Solutions, Inc.*, No. C 06-04857 WHA, 2006 WL 2917604 (N.D. Cal. Oct. 11, 2006), but that case is distinguishable and does not require remand here because that case did not involve a bankruptcy court's injunction, so the remand in

## IV. ORCHARD SUPPLY HARDWARE CORPORATION'S CONSENT TO REMOVAL IS NOT REQUIRED.

Although Orchard Supply Hardware Corporation no longer existed when Plaintiff filed this lawsuit and therefore did not have the legal capacity to consent to removal, Plaintiff nevertheless claims that remand is required because that defendant did not consent to removal. *See* Remand Motion at 12-13. Plaintiff relies on 28 U.S.C. § 1446(b)(2)(A) and 28 U.S.C. § 1441(b)(2) (also known as the "forum defendant rule"), but her arguments lack merit.

***First***, to the extent that Monsanto's removal is based on diversity jurisdiction, Orchard Supply Hardware Corporation's consent to removal is not required by Section 1446(b)(2)(A) because – as shown above – Orchard Supply Hardware Corporation was fraudulently joined or is merely a nominal party. *See* § 1446(b)(2)(A) (requiring consent to removal from "all defendants who have been ***properly joined***") (emphasis added); *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) ("Although the usual rule is that all defendants in an action in a state court must join in a petition for removal, the rule of unanimity does not apply to nominal, unknown, or fraudulently joined parties.") (citations and quotation marks omitted); *see also Johnson*, 724 F.3d at 359 n.27. Moreover, the forum defendant rule precludes diversity jurisdiction removals only when the in-forum defendant was "properly joined." 28 U.S.C. § 1441(b)(2). Thus, when a plaintiff fraudulently joins an in-forum defendant – as Plaintiff did here when asserting claims against Orchard Supply Hardware Corporation – that defendant is not properly joined within the meaning of Section 1441(b)(2), so that defendant's consent to removal is not required. *See Couzens v. Donohue*, 854 F.3d 508, 513 (8th Cir. 2017) (holding that Section 1441(b)(2) "did not prohibit removal" because the forum defendants "were fraudulently joined"); *Kolker v. VNUS Med. Techs., Inc.*, No. CV 10-00900-JF-PVT, 2010 WL 3059220, at *3-4 (N.D. Cal. Aug. 2, 2010) (denying remand motion where complete diversity of citizenship existed between plaintiff and both defendants; holding that forum defendant rule did not apply because forum defendant was fraudulently joined); *see also, e.g.*, *Leaphart v. Nat'l Union Fire*

---

that case did not require the state court to interpret and enforce a federal bankruptcy court's injunction order.

*Ins. Co. of Pittsburgh,* No. CV-15-106-GF-BMM, 2016 WL 81234, at *1 (D. Mont. Jan. 7, 2016) ("An exception to the forum defendant rule exists where a Plaintiff fraudulently joins a local defendant.").

***Second***, Plaintiff's argument regarding Orchard Supply Hardware Corporation's lack of consent fails to account for Monsanto's reliance on Section 1452 as an additional, alternative basis for removal. Section 1452 and Bankruptcy Rule 9027 do not require that the removing defendant obtain a co-defendant's consent to removal.

## CONCLUSION

For the foregoing reasons, the Court should deny the Remand Motion.[10]

DATED: April 17, 2020

Respectfully submitted,

/s/ Eric G. Lasker

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, NW
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639

William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: 202-942-5000
Fax: 202-942-5999

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH LLP
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

*Attorneys for Defendant Monsanto Company*

[10] If the Court grants the Remand Motion, it nevertheless should deny Plaintiff's request for fees and costs because, as shown above, Monsanto had objectively reasonable bases for removal in this case. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("[W]hen an objectively reasonable basis exists [for seeking removal], fees should be denied.").