Bryce T. Hensley
Illinois State Bar No. 6327025
**Romanucci & Blandin, LLC**
321 N. Clark Street, Suite 900
Chicago, Illinois 60654
312-253-8800
bhensley@rblaw.net
*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION* | MDL Docket No. 2741 |
| | Case No. 3:16-MD-2741-VC |
| This Document relates to: | The Honorable Judge Vince Chhabria |
| *Meghan Caruso, et al. v. Russo Hardware, et al.* | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AT LAW** |
| USDC – NDIL No. 1:19-cv-7121 | |
| USDC – NDCA No. 3:20-cv-01017-VC | **Hearing Date: Thursday, May 28, 2020 at 1000 a.m.** |

## TABLE OF CONTENTS

I.      Introduction and Summary of the Argument………………………………..1

II.     Background on Illinois Statute 735 ILCS 5/2-402…………………………………3

III.    Factual Background and Procedural History………………………………………...3

IV.     Caruso properly utilized Illinois Statute 735 ILCS 5/2-402 and
        had reason to name the four Respondents in Discovery in this case………………6

V.      Good cause exists to allow for naming the three Respondents in
        Discovery as Defendants…………………………………………………………..7

VI.     Even though Illinois Statute 735 ILCS 5/2-402 has not been applied
        in federal court, the Federal Rules, justice, equitable considerations, and
        the balance of interests weighs in favor of allowing this amendment……….……9

VII.    Conclusion………………………………………………………………………..12

# TABLE OF AUTHORITIES

## CASES

*Bond v. Wright Medical Technology, Inc.*, No. 12-CV-597-DRH-DGW,
2012 WL 2413051 (S.D. Ill. Jun. 16, 2012)……………………………………………………9

*Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)…………………………………………9

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)………………………………………………..10

*Medjesky v. Cole*, 276 Ill.App.3d 1061 (Ill. 1995)…………………………………………..8

*Montclair-Bohl v. Janssen Pharmaceutical, Inc.*, 06 C 2166, 2006 WL 2700013
(N.D. Ill. Sept. 13, 2006)……………………………………………………………………9-10

*Order of R.R. Telegraphers v. Ry. Express Agency, Inc.*, 321 U.S. 342 (1944)……………11-12

*Westwood Const. Group, Inc. v. Irus Property, LLC*, 2016 IL App (1st) 142490……………3, 11

*Williams v. Medenica*, 275 Ill.App.3d 269 (Ill. 1995)………………………………………7-10

*Wisniewski v. City of Chicago*, No. 98 C 7682, 1998 WL 895746 (N.D. Ill. Dec. 15, 1998) ……9

## STATUTES

735 ILCS 5/2-402…………………………………………………………………..*passim*

## RULES

F.R.C.P. 15……………………………………………………………………………10

F.R.C.P. 19……………………………………………………………………….9-10

## I.      Introduction and Summary of the Argument

Justice and equitable considerations require that this Motion be granted and Meghan Caruso be allowed to amend her Complaint to name three additional Defendants in this action for her husband's death due to non-Hodgkin's lymphoma.[1] John Caruso was a 33-year old landscaper for the University of Illinois-Chicago ("UIC), the husband of Meghan Caruso, and the father of a newborn son at the time of his passing in Chicago, Illinois. For the past six months, Caruso has fought relentlessly to remand and litigate this action against Defendants Russo (supplier of Roundup to UIC) and Monsanto (manufacturer of Roundup) in the proper forum: Cook County, Illinois.

For even longer, Caruso has sought to identify all culpable parties for her husband's passing. However, due to an untimely and baseless removal by Monsanto, Meghan Caruso has found herself before multiple federal courts and panels, rather than the state court where this matter was pending for days short of a year. Meghan Caruso's diligence in this matter cannot be overstated from her initial pleading up until now. In this Court, she has now put forth a fully-briefed Motion to Remand for a second time all while a unique limitations period expressly granted by Illinois law to add additional parties has dwindled. That limitations period expires today and provides the impetus for this motion.

Under Illinois law, a plaintiff may name parties as Respondents in Discovery ("RIDs") prior to the expiration of the two-year statute of limitations for personal injury cases. By doing so, a plaintiff is granted an additional six months to conduct discovery to determine whether those RIDs may be converted into Defendants on good cause shown. Prior to the expiration of the two-

---

[1] A copy of the proposed Third Amended Complaint at Law is attached hereto as Exhibit 1.

year statute of limitations, and in full reliance on this longstanding Illinois statute, Meghan Caruso did exactly that. Caruso added four such RIDs to her case after receiving and reviewing information through the Freedom of Information Act that two companies, outside of Russo, supplied Roundup to John Caruso's employer during his time there and knew or should have known of its dangerous and carcinogenic qualities (Home Depot and Menard) and that two companies used Roundup on the UIC campus during his time there and knew or should have known of the same (MAC and Archer Pines). Caruso then served an initial set of discovery on those parties to further assess their liability.

Just after the addition of those parties as RIDs, though, Monsanto removed the case claiming fraudulent joinder of Illinois defendant, Russo. Caruso, finding herself in a procedural quandary, knew that she must exercise all diligence to remand the case from the Northern District of Illinois as quickly as possible to preserve her right within the six-month window afforded by Illinois law. There, she fought off a motion to stay and completed briefing on her initial Motion to Remand. While waiting for a ruling, this matter was conditionally-transferred before the Judicial Panel on Multidistrict Litigation where she objected and fully-briefed such objection to block transfer to this Court. It was to no avail. Upon arriving before this Court, Caruso not only re-filed her Motion to Remand, but also moved and was granted an expedited briefing schedule in anticipation of the potential expiration of the six-month deadline to convert the RIDs. That Motion is now fully-briefed by all parties and is pending before this Court.

The evanescent six-month conversion deadline for the RIDs was ever-looming and is now upon us. Pursuant to Federal Rules of Civil Procedure 15, 19, and all equitable considerations, in light of her diligence, Caruso must file this Motion and be permitted to file her Third Amended Complaint at Law in order to preserve her claims against all potentially culpable parties.

## II.      Background on Illinois Statute 735 ILCS 5/2-402

In Illinois, the plaintiff has a statutory right in any civil case to designate individuals or entities as RIDs in their pleading if believed to have information essential to determining the proper defendants in the case. 735 ILCS 5/2-402. The purpose of the statute is to provide a plaintiff with a procedural mechanism to collect discovery against a party against whom there may be a claim and to determine if they should be added a defendant. *Westwood Const. Group, Inc. v. Irus Property, LLC*, 2016 IL App (1st) 142490 ¶ 14. Importantly, the statute requires no basis to name parties as RIDs, other than merely believing they have relevant information as to the proper defendants. *See* 735 ILCS 5/2-402. Those parties designated as RIDs must respond to discovery in the same manner as defendants and, upon a showing of existence of probable cause, may be converted to a defendant. *Id*. However, a plaintiff only has six months to make this conversion unless one of the enumerated exceptions is recognized. *Id*. Those exceptions include an extension of 90 days for good cause and additional reasonable extensions for a failure or refusal on the part of the RID to comply with the discovery requests served upon them. *Id*.

## III.      Factual Background and Procedural History

John Caruso worked for his adult life as a landscaper at the University of Illinois-Chicago where he regularly and routinely used concentrated Roundup herbicide for lawn control, weed removal, and other purposes. Ex. A, Plaintiff's Complaint at Law ¶¶ 55-58. Caruso was diagnosed with non-Hodgkin's lymphoma and passed away as a result on October 19, 2017 at the age of 33. *Id*. at ¶¶ 59-60.

On October 30, 2018, Meghan Caruso filed her Complaint in the Circuit Court of Cook County against Russo Hardware, a company that had long-provided Monsanto's Roundup to UIC—  and potentially even Caruso, himself—under a theory of negligence that they knew or

should have known of its carcinogenic qualities when they sold, marketed, and distributed it. *See generally* Ex. A. On October 31, 2018, Caruso then served Russo with a copy of the Complaint. Ex. B., Affidavit of Service on Russo. On November 1, 2018, Caruso filed her First Amended Complaint at Law, adding Monsanto as a Defendant. Ex. C, First Amended Complaint at Law.

For nearly a year thereafter, Caruso litigated her case in Cook County, issuing and answering discovery in a timely fashion.[2] As the two year statute of limitations approached on October 19, 2019, Caruso sought leave to amend her complaint and properly add four RIDs who she determined had either provided Caruso and/or his employer with Roundup to be used on the UIC campus *or* had used Roundup on the campus while Caruso was employed there. On October 21, 2019,[3] Caruso filed her Second Amended Complaint at Law, which added those four entities as RIDs. Ex. D, Second Amended Complaint at Law. She then served Summons for Discovery on each RID on October 29, 2019, propounding certain interrogatories and requests for production to each. Ex. E, Summons for Discovery Issued to RIDs.

That same day, Monsanto removed this case to the Northern District of Illinois arguing that Caruso had fraudulently joined Russo, an Illinois corporation. Dkt. 1, Monsanto Notice of Removal. Without delving too far into the propriety of the removal, it bears noting one final time that it was improper for all the reasons extensively stated throughout Caruso's remand briefing. *See* Dkt. 30, Motion to Remand; Dkt. 31, Memorandum ISO Motion to Remand; and Dkt. 37,

---

[2] The same cannot be said for Russo and Monsanto who provided no responsive documents in discovery and stonewalled Caruso from obtaining necessary information prior to their removal. *See generally* Dkt. 30, ¶¶ 58-60; Dkt. 31, p. 6; Dkt. 37 pp. 8-9 (Plaintiff's Remand Documents). All references to the federal docket shall be notated by "Dkt." and shall reference the individual case docket number, 3:20-cv-01017-VC.
[3] This was the two-year deadline as October 19, 2019 fell on a weekend.

Reply ISO Motion to Remand. For that reason, on November 4, 2019, less than a week after removal, Caruso filed her initial Motion to Remand in the Northern District of Illinois. Dkt. 10.

On November 6, 2019, Monsanto filed a Motion to Stay, citing to the potential transfer of the case to this Court by the JPML. Dkt. 13. On November 11, 2019, Caruso responded opposing the Motion to Stay. Dkt. 19. On November 12, 2019, the Honorable Judge Virginia M. Kendall set a briefing schedule on Caruso's Motion to Remand and deferred ruling on the Motion to Stay. Dkt. 20.

On December 6, 2019, Monsanto filed its Response opposing remand. Dkt. 22. On December 20, 2019, in full compliance with the briefing schedule, Caruso filed her Reply in support of remand. Dkt. 23.

On November 15, 2019, just days after the aforementioned November 12, 2019 hearing, Caruso received a notice from the Judicial Panel on Multidistrict Litigation that a conditional transfer order (CTO) had been entered. Ex. F, Conditional Transfer Order. That same day, Caruso filed her Notice of Opposition to the Conditional Transfer Order. Ex. G, Notice of Opposition. A briefing schedule was then entered.

On December 2, 2019, in full compliance with the Panel's briefing schedule, Caruso filed her Motion to Vacate the Conditional Transfer Order and Brief in Support. Ex. H, Motion to Vacate. On December 20, 2019, Monsanto filed its Response in opposition. On December 30, 2019, again in full compliance with the Panel's briefing schedule, Caruso filed her Reply in support. Ex. I, Reply in Support of Motion to Vacate. On February 6, 2020, notwithstanding her efforts, Caruso's case was transferred to the Northern District of California. Dkt. 25.

On February 26, 2020, Caruso's case was officially opened before this Court. *See* Dkt. Entry 2.26.2020. Shortly thereafter, on March 6, 2020, Caruso simultaneously filed a Motion to

Remand and accompanying documents, Dkt. 30-31, as well as an Emergency Motion to Expedite the Briefing Schedule on said motion, citing these same concerns: namely, the fast-approaching RID Conversion deadline of April 17, 2020. Dkt. 28. On March 10, 2020, this Court granted the Emergency Motion to Expedite Briefing and, in compliance therewith, Caruso filed her Reply in Support of Remand on March 26, 2020.

As these procedural skirmishes raged on, Caruso attempted to engage in discovery with the four RIDs to the best of her ability. Caruso's counsel engaged in discussions with each of the four RIDs' counsels and received responses from RID MAC and *some* responses from RID Menard. However, Caruso never received, and still has not received, any responses from RID Home Depot or RID Archer Pines. Caruso's ability to enforce Illinois discovery rules in federal court were limited and she remained confident in the case being remanded prior to the six-month expiration date. That was not the case and Caruso's case remains here in federal court for the time.

Caruso recognizes the expedited nature of her request on remanding the case, the vast expanse of this litigation and the Court's docket, and the current limitations placed on this Court due to an unprecedented global pandemic. While a decision to remand this matter was not reached prior to this deadline, Caruso nonetheless must still litigate her case and preserve her rights under the law. She now petitions and moves this Court to allow her to amend her Complaint on the basis of both Illinois state law and equitable provisions to "convert" the RIDs by naming them as Defendants in this action.

### III.   Caruso properly utilized Illinois Statute 735 ILCS 5/2-402 and had reason to name the four Respondents in Discovery in this case.

Here, Caruso identified four RIDs: Home Depot, Inc.; Menard, Inc.; MAC Restoration Contracting, Inc.; and Archer Pines Landscaping, Inc. The first two are both national, home

improvement behemoths who sell Roundup in their stores and specifically sold to John Caruso and/or his employer, UIC, while he worked there, prior to his diagnosis. *See* Ex. J, Home Depot and Menard Receipts. The latter two are both service companies who provided restoration and/or improvements to the UIC campus during John Caruso's time at UIC and prior to his diagnosis. *See* Ex. K, Archer Work Orders.

Initially, as a basis for naming these parties as RIDs, Caruso relied on documents received via the Freedom of Information Act from UIC, a public institution. Caruso then engaged in formal discovery by serving Intervenor UIC with discovery, i.e. interrogatories and production requests, to determine suppliers to and users of Roundup on the UIC campus Caruso obtained numerous receipts indicating purchases of Roundup by UIC from RIDs Home Depot and Menard stores, from 2011-2015 during Caruso's time working there and prior to his diagnosis. Ex. J. She further Caruso found records from both RIDs Mac and Archer Pines performing services, including using Roundup, on the UIC campus during Caruso's time working there and prior to his diagnosis. Ex. K. However, RID MAC's role as a restoration company and their minimal dates of service all predate the IARC Report revealing glyphosate's toxicity and carcinogenicity by multiple years. As such, Caruso does not believe she has good cause to name them as a defendant.

## IV.     Good cause exists to allow for naming three Respondents in Discovery as Defendants.

At this stage, in state court, Caruso would not need to prove her claims against the RIDs. Rather she would just need to show that probable cause exists for their conversion to defendants. 735 ILCS 5/2-402. Such cause need not rise to the level of a high degree of likelihood of success on the merits, nor to the level of defeating a motion for summary judgment or even to establish a *prima facie* case against the RID. *Williams v. Medenica*, 275 Ill.App.3d 269, 272 (Ill. 1995). This

requirement "should be liberally construed, to the end that controversies may be determined according to the substantive rights of the parties." *Id.* at 273. What is necessary to establish probable cause depends on the nature and complexity of the case. *Medjesky v. Cole*, 276 Ill.App.3d 1061, 1064 (Ill. 1995).

The same reasoning for naming the entities as RIDs initially provides the basis for naming them as defendants now. Caruso has documentation that RIDs Home Depot and Menard supplied UIC with Roundup during Caruso's time working there as a landscaper. Caruso has further documentation that RID Archer sprayed Roundup around the campus during the time Caruso was employed there. Caruso sets forth in her Proposed Third Amended Complaint at Law at great lengths (1) the dangers of Roundup, (2) the carcinogenicity of Roundup, (3) the industry knowledge of Roundup's dangers and carcinogenicity, (4) the fact that the distributing companies like Home Depot and Menard knew or *should have* known of those dangers based on their prominence in the field and available information, (5) the fact that companies like Archer should have been aware of the IARC Report and other findings given their widespread use of Roundup products in commercial settings,  and  (6) the contribution of the RIDs activities of sale and/or use of Roundup to John Caruso's non-Hodgkin's lymphoma and eventual death.[4] *See generally* Ex. 1. Good cause exists to name each entity as a Defendant in this action.

---

[4] In Illinois, causation need not be established by showing a Defendant's conduct was the only cause. It is sufficient if the conduct was *a* cause, i.e. a contributing factor. *See* Illinois Pattern Jury Instruction 15.01.

**V.     Even though Illinois Statute 735 ILCS 5/2-402 has not been applied in federal court, the Federal Rules, justice, equitable considerations and the balance of interests weigh in favor of allowing this amendment.**

If this matter were before an Illinois court, Caruso's motion in support would be complete. The same result should come here, as this Court should permit the addition of these three parties as defendants. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Caruso maintains that the Court should apply Illinois law here and apply the RID statute, as there in no analogous or conflicting federal rule, especially as it relates to the statute of limitations.

To date, though, that has not been the case in federal court as Courts have refused to apply it. *See Montclair-Bohl v. Janssen Pharmaceutical, Inc.*, 06 C 2166, 2006 WL 2700013 (N.D. Ill. Sept. 13, 2006) (comparing it to F.R.C.P. 19 for compulsory joinder). Therefore, the Statute's good cause language is not the standard. Federal courts within the Seventh Circuit have held that the Statute is a creation of state law and has no federal equivalent. *See Wisniewski v. City of Chicago,* No. 98 C 7682, 1998 WL 895746, * 1 (N.D. Ill. Dec. 15, 1998) (refusing to apply the statute in federal court); *Montclair-Bohl*, 06 C 2166, 2006 WL 2700013 (N.D. Ill. Sept. 13, 2006) (same); *Bond v. Wright Medical Technology, Inc.*, No. 12-CV-597-DRH-DGW, 2012 WL 2413051 at *3 (S.D. Ill. Jun. 16, 2012) (same). No other jurisdiction in the country has an analogous provision and as far as Caruso could find, no federal court has ever expressly adopted its use. Simply put, there are plaintiffs, there are defendants, there are intervenors, but there is no "respondent in discovery" in federal court. *Id.*

Ordinarily, then, in the event Caruso was seeking to name three parties as defendants six months after the running of the statute of limitations, she would likely be subject to motions to dismiss. However, this is not an ordinary or even rarely-contemplated matter. In fact, Caruso is not aware of a federal court ever considering the exact issue now before it, which is how the Statute

can be applied when the statute of limitations has expired, the RID deadline has not, and the case is pending in federal court. Caruso is now seeking to enforce her rights under an idiosyncratic Illinois statute that allows this six-month tolling of certain parties in federal court. Caruso would suggest that Rule 19 does come into play as the federal equivalent as suggested by the Court in *Montclair-Bohn*. To be sure, Rule 19 would come into play as RIDs Home Depot, Menard, and Archer Pines are indispensable parties because of Bayer facing tens of thousands of lawsuits—a number growing by the day. *See* F.R.C.P. 19(a)(1)(A). There is a real possibility of bankruptcy for one of the currently-named defendants in this case therefore Caruso may be unable to achieve complete relief from just Russo and Bayer.

In further support of Caruso's position, and in assessing Rule 19's timeliness requirement and even beyond Rule 19, the federal courts recognize principles of justice, equity, and reliance. Those very principles are embodied in the federal rule governing amendments to pleadings. A party is permitted to amend its pleading with the court's leave, which should be given freely when justice so requires. F.R.C.P. 15(a)(2). Justice does so require here. "[T]he underlying purpose of Rule 15 [governing leave to amend] … [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000), *accord Williams*, 275 Ill.App.3d at 272 (focus should be on the substantive rights of the parties based on liberal construction).

Caruso now proposes filing this amended pleading within the six-month window that that would have been afforded her in state court. Further, Caruso acted with the utmost diligence in her attempts to remand this case and have an Illinois court oversee the discovery process and enforce its own statutory provisions. After all, "she who comes into equity must come with clean hands." In every step of the process—from the Northern District of Illinois to the Judicial Panel on

Multidistrict Litigation to the Northern District of California—Caruso has raised and timely-filed every objection she could and now raises in this Motion: adamantly maintaining the case's proper forum being in state court and, more importantly, the preservation of her right to convert the RIDs to Defendants through an amendment to her complaint. She now timely moves to amend her Complaint within the six-month window she relied on.

For example, if Illinois did not have the Statute, the three RIDs would have been named as Defendants prior to the two-year statute of limitations and discovery would have ensued in a traditional fashion. Yet, it is this precise reason why the Statute was enacted in the first place: to allow for discovery to move forward before litigation become overly burdensome to all potential defendants through service and answering allegations in pleadings. *See Westwood*, 2016 IL App (1st) 142490 ¶ 13. Now, the RIDs have seemingly disregarded this protection and invited motion practice. As previously noted, one RID (Menard) provided partial responses to Plaintiff's discovery requests. The other two RIDs (Home Depot and Archer) did not respond at all. Had this case been before an Illinois state court, at this point Caruso would have moved to compel discovery and requested a 90-day extension to seek further discovery from the RIDs. Instead, Caruso is left with piecemeal answers in a foreign jurisdiction that does not allow the invocation of such enforcement and benefits. Had she previously moved for a Motion to Compel with this Court, there would have been no jurisdiction over the non-party RIDs. Her only option now is to amend the complaint to add them as defendants and seek further discovery. She turns to the sole source of relief available to her: amendment of her Complaint and joinder of the three RIDs.

One countervailing argument in situations assessing justice to the parties and equitable interests is the potential harm, undue burden, surprise, or prejudice to the other parties. *See e.g. Order of R.R. Telegraphers v. Ry. Express Agency, Inc.*, 321 U.S. 342, 349 (1944) ("[E]ven if one

has a just claim it is unjust not to put the adversary on notice to defend within the period of limitations…"). But in that regard, there is no lack of notice or prejudice to any Defendant, old or new. There is no surprise or gamesmanship on Caruso's behalf. All such entities have been on notice of the potential of this very motion converting the RIDs to Defendants since October 2019 when Caruso amended her Complaint in the Circuit Court of Cook County to add them. Moreover, this Motion, if filed in that Court, would have been timely as falling within the six-month window to convert. All parties were aware of that. As for the pleading requirements in either state or federal court, they do not require absolute proof before naming a party as a defendant—far from it. In federal court, it is plausibility. In Illinois state court, it is fact-pleading. Should any of the RIDs dispute their involvement in this case as named-defendants, they are capable of seeking relief through dismissal here or in the Circuit Court of Cook County once the case is remanded.

Alternatively, the denial of this motion would spell severe prejudice for Caruso. Such a denial would preclude her from seeking full justice for her husband from all potentially-culpable parties. More pointedly, it could preclude her from seeking full justice, period. The breadth of this MDL and the overall expanse of the litigation against Monsanto grows by the day in courts all over the country. With the claimants exceeding the tens of thousands, a shadow of potential bankruptcy has materialized for Bayer. In that light, it is incumbent she explores all avenues of relief from all involved in the sale of Roundup, linked repeatedly to diagnosis with non-Hodgkin's lymphoma, to UIC and/or her husband or used on the UIC campus during his time working as a landscaper.

## VI. Conclusion

Had this matter remained in state court where it belonged, Caruso's addition of the three RIDs would have been litigated and handled entirely in the Circuit Court of Cook County under

the auspices of Illinois law. Enforcing the discovery rules for failing to respond to the properly-issued requests and deciding whether to allow for amendment pursuant to the RID statute would have been done by an Illinois court under the state's statutory framework and existing precedent. However, these hypotheticals have now been rendered moot by an ill-timed and, ultimately, futile attempt at removal and subsequent transfer to this Court.

Caruso is left no other option and must add these parties as defendants today—which marks the deadline for conversion had this case been in state court. Caruso must preserve her claims against these four parties or risk forever losing an opportunity to hold them accountable for her husband's death.  Caruso added these three RIDs in reliance on an Illinois statute that expressly gave her such a right and now requests she be allowed to invoke that right under equitable considerations, rather than statutory. No good cause exists to deny this motion. Caruso has acted in good-faith and in a timely, expeditious manner to resolve this issue before now, but to no avail. Further, the Defendants and the RIDs suffer no prejudice, surprise, or undue burden from the granting of this Motion whereas Caruso risks tremendous prejudice from its denial.

Therefore, Meghan Caruso respectfully requests this Court grant her Motion for Leave to File a Third Amended Complaint at Law, attached as Exhibit 1, and add the aforementioned three parties as Defendants in this action.

Respectfully Submitted.

**Date: April 17, 2020**

/s/ Bryce T. Hensley

Illinois State Bar No. 6327025
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, IL 60654
312-253-8800
bhensley@rblaw.net
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Bryce T. Hensley, Counsel for Plaintiff, hereby certify that on April 17, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which sends notification of such filing to the following CM/ECF participants and counsel of record. Further, for those that are not CM/ECF participants, Notice shall be sent via email with the foregoing and accompanying documents attached:

T.J. Dammrich, II
Peter Francis O'Neill
Shook, Hardy & Bacon LLP
111 S. Wacker, Suite 4700
Chicago, IL 60606
tjdammrich@shb.com
pfoneill@shb.com
docket@shb.com
*Attorneys for Defendants Russo Hardware, Inc. and Monsanto Company, Inc.*

Mark Parsky
McVey & Parsky, LLC
30 N. LaSalle Street, Suite 2100
Chicago, IL 60602
mep@mcveyparsky-law.com
*Attorney for Defendant Home Depot, Inc.*

Leah Jagusch
Corporate Counsel-Menard, Inc.
5101 Menard Drive
Eau Claire, WI 54703
ljagusch@menard-inc.com
*Attorney for Defendant Menard, Inc.*

Scott D. Stephenson
Litchfield Cavo LLP
303 W. Madison Street, Suite 300
Chicago, IL 60606
stephenson@litchfieldcavo.com
*Attorney for Defendant Archer Pines Landscaping, Inc.*

Brett Michael Mares
Heyl Royster Voelker & Allen
33 N. Dearborn Street
7th Floor
Chicago, IL 60602
bmares@heylroyster.com
*Attorney for Intervenor University of Illinois-Chicago*

Date: April 17, 2020                          /s/ Bryce T. Hensley
                                              Illinois State Bar No. 6327025
                                              **ROMANUCCI & BLANDIN, LLC**
                                              321 N. Clark Street, Suite 900
                                              Chicago, IL 60654
                                              312-253-8800
                                              bhensley@rblaw.net
                                              *Counsel for Plaintiff*