BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2741 |

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (CTO-167)

A transfer at this time severely prejudices Meghan Caruso. Monsanto entirely ignores that fact and has effectively waived any response by its failure to rebut that and many of the case-specific points Caruso raised in her initial brief. *See* Dkt. 9-1. Rather, Monsanto has fallen back solely on generic, boilerplate arguments that address none of Caruso's concerns. This can plainly be seen in the opening paragraph where Monsanto claims that Caruso opposes transfer "based *solely* on her belief that Monsanto improperly removed the case to federal court." Dkt. 11, p. 1 (emphasis added). A cursory reading of Caruso's brief dispels any such notion and reveals far more depth to her arguments for vacating this CTO. *See* Dkt. 9-1, pp. 6-15.

Monsanto proceeds to argue that the case meets the criteria for transfer and that the pending Motion to Remand does not prevent transfer. Neither argument confronts the prejudice Caruso identified in her initial brief, the Transferor Court's now-completed briefing schedule,[1] nor the lack of efficiency if the case is transferred. Further, Monsanto casts unfounded aspersions that Caruso has employed "a strategy of litigation tourism," Dkt. 11, p. 2, while ignoring the fact that Caruso filed the suit

---

[1] This matter is pending in the Northern District of Illinois before the Honorable Virginia M. Kendall, which will hereinafter be referred to as "the Transferor Court."

1

EXHIBIT
I

where she currently lives and where her husband was exposed to Roundup supplied by the in-state defendant before succumbing to non-Hodgkin's lymphoma at the age of 33. Caruso's claims against the in-state defendant here are well-founded, as explained more fully in her remand briefing.

More pertinent to the present motion, Caruso named four parties as "Respondents in Discovery" that may be converted to defendants in her suit should she be able to divine their involvement through discovery in the coming months. Those parties' joinder, though, can only be accomplished in Illinois state court in six months (April 2020) from their designation as respondents. That timeframe is quickly closing and, based on Caruso's uncontroverted projections, will pass before the MDL Court issues its decision. *See* Dkt. 9-1 p. 9-10. As a result, Caruso could be barred indefinitely from naming those parties as defendants in her suit.

All of Caruso's concerns are quelled by the Panel denying or staying transfer until the Transferor Court rules. Since Caruso's initial Motion was filed, briefing on her Motion to Remand in the Transferor Court has completed. Monsanto filed its Response in Opposition on December 6, 2019. Caruso filed her Reply in Support on December 20, 2019. The parties are set to return for a status hearing in less than a month on January 27, 2020. At that point, Caruso anticipates a ruling will have been entered on her Motion to Remand. If not, the timing of such a ruling will likely still be significantly quicker and, more importantly, less prejudicial than the projected decision date of the MDL Court's ruling in mid-June. *See* Dkt. 9-1 p. 9-10.

Moreover, despite being remotely similar to the ten thousand-plus other cases pending before the MDL Court in that Caruso's claims arise from Roundup exposure, the uniquely Illinois-based issues at hand overwhelm the remand and transfer discussion. The transfer of this matter to the MDL Court will require it to educate itself and then rule on a single, state-law-specific issue applicable to a single defendant that carries no weight in any other pending case. But even if this Panel agrees with Monsanto that the merits of a motion to remand are not to be decided at this stage, the prejudice accompanying such a transfer cannot be ignored.

With prejudice bound to occur and without any efficiency to be gained, this Panel should deny transfer of this matter to the MDL Court or, in the alternative, stay transfer until after the Transferor Court rules on Caruso's Motion to Remand.

I. ARGUMENT

### A. Monsanto fails to address the risk of prejudice for Caruso if the matter is transferred.

Caruso spent much of her opening brief analyzing the potential prejudice and uncertainty that she faces if her case is transferred. Dkt. 9-1, p. 6-11. Monsanto does not address Caruso's concerns at all in its Response. By doing so, it all but concedes the point. *See e.g.*, *Bontes v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (failure to respond to an argument results in waiver). To briefly recap, just prior to removal, Caruso named four additional parties as Respondents in Discovery pursuant to 735 ILCS 5/2-402. Under that statute, irrespective of the statute of limitations so long as it has not run, a plaintiff may identify parties and conduct discovery to determine whether a they can be named as a defendant. *See* 735 ILCS 5/2-402.

3

However, a plaintiff only has six months to make such a determination to convert those parties to defendants. *Id*. The statute is a procedural mechanism, rather than a source of substantive rights. As such, under the *Erie* doctrine and its progeny, its applicability in federal court is not recognized. See *Hanna v. Plumer*, 380 U.S. 460, 465-66 (1965); *see also Wisniewski v. City of Chicago,* No. 98 C 7682, 1998 WL 895746, * 1 (N.D. Ill. Dec. 15, 1998) (refusing to apply the statute in federal court); *Montclair-Bohl v. Janssen Pharmaceutical, Inc.*, 06 C 2166, 2006 WL 2700013 (N.D. Ill. Sept. 13, 2006) (same); *Bond v. Wright Medical Technology, Inc.*, No. 12-CV-597-DRH-DGW, 2012 WL 2413051 at *3 (S.D. Ill. Jun. 16, 2012) (same).

Moreover, as set forth in Caruso's initial brief, uncertainty abounds as to whether a federal court (or an Illinois state court after the deadline is blown) would entertain equitable arguments of estoppel or otherwise to name those parties as defendants now that the statute of limitations has run. Dkt. 9-1 pp. 8-9. If the case is remanded within the six-month deadline period, prior to April 2020, Caruso will be able to convert the Respondents. Importantly, Caruso is not asking the Court to weigh the merits of her Motion to Remand.[2] However, she is requesting this Panel look to the potential prejudice and uncertainty she faces should the matter be transferred to the MDL Court prior to a decision and her deadline lapses. *See* Dkt. 9-1, pp. 9-10.

Monsanto references a number of Orders in its Response to highlight the MDL Court's familiarity with handling remand issues. Dkt. 11, p. 5. While Caruso does not

---

[2] Caruso recognizes that it is not a foregone conclusion her case will be remanded. That is not for the Panel to decide. Rather, as discussed in her initial brief and here, should the case be remanded within the six-month window, she will have adequate time to convert the Respondents to Defendants.

4

doubt or dispute the MDL Court's competency to do so, her concern is one of prejudice in potential delay. Monsanto goes so far as to say that "this can be resolved most efficiently in the MDL." Dkt. 11, p. 5. Monsanto wholly ignores Caruso's analysis of the *Cichy* case, similarly removed from the Northern District of Illinois and transferred to the MDL Court. There, it took over seven months from the entering of the Conditional Transfer Order for the MDL Court to rule on the plaintiff's motion to remand. Dkt. 9-1, p. 10. Frankly, Caruso does not have that same luxury as her window to convert the Respondents in her case is now down to four months.

Moreover, there is no prejudice to Monsanto if this case is not immediately transferred to the MDL. Monsanto baldly asserts that there is a risk of "inconsistent decisions" from allowing the Transferor Court to decide the issue here. Dkt. 11, pp. 4-5. This is baseless. There is no prejudicial effect on Monsanto if the Transferor Court rules as to substantive Illinois law as it applies solely to an in-state distributor defendant that has no relation to any other Roundup case. As to setting precedent for future cases fighting for an order to vacate a transfer order, this Court can easily distinguish those as no other state in the country authorizes the procedural mechanism Caruso has here. *See* 735 ILCS 5/2-402. A similar case is unlikely to arise.

The least prejudicial manner of resolution of this matter, though, is already under way. The parties have briefed the remand issue in the Transferor Court. The parties are to return for status in approximately four weeks on January 27, 2020. It is anticipated the Transferor Court will have ruled on Caruso's Motion to Remand at that time and, even if it has not, there is a strong possibility any decision will precede

5

the projected June 2020 date of resolution by the MDL Court. Should the Transferor Court remand the case, Caruso can convert the Respondents in the statutory-allotted timeframe. Should the Transferor Court deny the remand, Caruso will be transferred to the MDL Court and the case will proceed accordingly as Monsanto suggests. By allowing the Transferor Court to resolve this issue, though, Caruso's concerns over losing her opportunity to convert the Respondents are assuaged and her risk of prejudice is diminished significantly.

### B. The alleged efficiency in centralization is not present in this case as the remand decision hinges entirely on a non-Monsanto defendant.

While the MDL process is meant to consolidate matters for expeditious resolution, no such efficiency is present here. Monsanto extols the benefits of transfer referencing "significant discovery regarding the common regulatory history of the product issue," the scientific evidence, and Plaintiff Fact sheets. Dkt. 11, p. 2. At some point, those purported benefits may come to light in this case. However, none of them are relevant to or have any bearing on the issues here in the remand analysis, which focuses solely on the in-state defendant, Russo Hardware, Inc.

Monsanto further cites to a number of cases where the Panel was tasked with determining whether a CTO should be vacated because of a pending Motion to Remand. *See* Dkt. 11, pp. 5-6. However, none of those cases dealt with an issue as unique and critically time-sensitive as Caruso's issue with the Respondents. For instance, in *In re: Gadolinium Contrast Dyes Prods. Liab. Litig.*, Dkt. 11, p. 5., remand briefing had already been completed. MDL No. 1909, 2012 WL 7807340 (J.P.M.L. Apr. 16, 2012). Yet, noticeably absent from that decision is any

6

consideration, let alone reference, to prejudice to the plaintiff. In another case, *In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, the Court emphasized that such transfer is "often necessary to further the expeditious resolution of the litigation as a whole." MDL No. 2226, 2012 WL 7764151 at *1 (J.P.M.L. Apr. 16, 2012). No such argument can be made here. Caruso's case is one of ten thousand and the case against Russo is one of one. Russo is an Illinois defendant. Its liability arises under Illinois' common law and under different theories than that of Monsanto. The ramifications of a determination of whether Caruso has a reasonable possibility of success against Russo extend no further than this case and to no one else but Russo. Simply put, there is no prejudicial or any other far-reaching effect that resolution of this issue will have on the larger litigation.

However, there is efficiency if the case remains in the Transferor Court. That court is already deciding the fully-briefed issue of remand. By taking this case from the Transferor Court and moving it to the MDL Court, the Panel is effectively having two different courts decide the same issue: an issue solely relevant to Caruso's case. Caruso's entire Motion to Remand hinges on substantive Illinois law applying to distributor liability. The MDL Court will be required to devote considerable time and resources to an issue it is less familiar with while handling thousands of others and then rule on an issue that the Transferor Court is already considering. Even if this Court is not inclined to grant Caruso's Motion to vacate, it should—at the very least—stay such a decision. Unrebutted in Monsanto's Response was the projected delay by the MDL Court in any ruling on Caruso's Motion to Remand. Caruso faces

7

immeasurable prejudice if the case is transferred and no argument has been made to explain the efficiency gained by the MDL Court handling this case-specific issue as applied to Russo.

## II. CONCLUSION

The transfer of this case to the MDL Court at this time risks substantial prejudice to Meghan Caruso due to the approaching and expiring deadline to convert parties to defendants. Such prejudice weighs against the transfer to the MDL Court, as does the fact that remand briefing recently concluded in the Transferor Court. The usual counterbalance to any prejudice—efficiency—is entirely absent from this case as the issue to be decided is one of minimal importance to the litigation as a whole. Moreover, the MDL Court is in no better position and, in fact, may be in a worse position to efficiently resolve this issue given the breadth of the MDL at this time, especially given the time constraints imposed by Illinois law as to the Respondents.

As such, Plaintiff Meghan Caruso respectfully request this Court enter an order vacating CTO-167 or, in the alternative, staying a decision on transfer until after the Northern District of Illinois rules on her Motion to Remand.

Dated: December 30, 2019

Respectfully submitted,

/s/ Bryce T. Hensley
*Attorney for Plaintiff*

**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
bhensley@rblaw.net

8

## SERVICE LIST

Thomas Dammrich (tdammrich@shb.com)
Peter O'Neill (pfoneill@shb.com)
Shook, Hardy & Bacon, L.L.P.
111 S. Wacker Drive, Suite 4700
Chicago, IL 60606

Joe Gregory Hollingsworth (jhollingsworth@hollingsworthllp.com)
Hollingsworth LLP
1350 I Street, N.W.
Washington, D.C. 20005

*Attorneys for Defendant Monsanto Company*

Bruce Lyon (blyon@lcllaw.com)
Leah Fuessel (lfuessel@lcllaw.com)
LaBarge Campbell & Lyon, LLC
200 W. Jackson, Ste. #2050
Chicago, IL 60606

*Attorneys for Defendant Russo Hardware, Inc.*

Brad A. Antonacci (Bantonacci@heylroyster.com)
Heyl Royster Voelker and Allen
33 North Dearborne Street, 7th Floor
Chicago, IL 60602

*Attorneys for Intervenor University of Illinois-Chicago*