**WILKINSON WALSH LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax: 202-682-1639

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax: 202-942-5999

*Attorneys for Defendant*
*MONSANTO COMPANY*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: <br><br> *Mike Sapinsky v. Monsanto Co., et al.*, <br><br> Case No. 3:20-cv-00257-VC | **DEFENDANT MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT AND TO REMAND *SAPINSKY* CASE** <br><br> Date:        May 14, 2020 <br> Time:       10:00 a.m. <br> Courtroom: 4 |

## **TABLE OF CONTENTS**

**Page(s)**

ISSUES TO BE DECIDED ................................................................................................... 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ............................................... 2

LEGAL STANDARDS ........................................................................................................... 4

ARGUMENT .......................................................................................................................... 6

    I.   Plaintiff Does Not Contend That Monsanto's Removal Was Improper And Does Not Contest Monsanto's Showing That The Wilbur-Ellis Defendants Were Fraudulently Joined. ............................................................................................... 6

    II.  The Court Should Reject Plaintiff's Effort to Deprive It Of Diversity Jurisdiction Because Plaintiff's Request for Leave to Amend Fails To Satisfy 28 U.S.C. § 1447(e). ....................................................................................................................... 6

    III. In The Alternative, This Court Should Retain Jurisdiction Over This Lawsuit Because 28 U.SC. § 1334(b) Gives This Court Bankruptcy-Related Jurisdiction. .... 14

CONCLUSION ..................................................................................................................... 15

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                           **Page(s)**

*A.H. Robins Co. v. Piccinin*,
   788 F.2d 994 (4th Cir. 1986) ...................................................................................................15

*Anderson v. Corinthian Colleges, Inc.*,
   No. C06-5157 FDB, 2006 U.S. Dist. LEXIS 43770 (W.D. Wash. May 25,
   2006) ........................................................................................................................................10

*Arias v. Follet Higher Educ. Corp.*,
   No. 8:18-cv-01965-JLS-JDE, 2019 WL 484192 (C.D. Cal. Feb. 7, 2019) ...............................5

*Bakshi v. Bayer Healthcare, LLC*,
   No. C07-00881 CW, 2007 WL 1232049 (N.D. Cal. Apr. 26, 2007).............................. *passim*

*Barton v. Rice*,
   No. BC652377, 2017 WL 11478961 (Cal. Super. Ct. Oct. 17, 2017) ......................................8

*Bonner v. Fuji Photo Film*,
   461 F. Supp. 2d 1112 (N.D. Cal. 2006) ........................................................................8, 11, 13

*Boon v. Allstate Ins. Co.*,
   229 F. Supp. 2d 1016 (C.D. Cal. 2002) ..................................................................8, 10, 11, 13

*Clinco v. Roberts*,
   41 F. Supp. 2d 1080 (N.D. Cal. 1999) ......................................................................................7

*Desert Empire Bank v. Ins. Co. of N. Am.*,
   623 F.2d 1371 (9th Cir. 1980) ..................................................................................................7

*Farrugia v. Allstate Ins. Co.*,
   No. C 07-00212 WHA, 2007 WL 781782 (N.D. Cal. Mar. 8, 2007) .....................................11

*Feizbakhsh v. Travelers Commercial Ins. Co.*,
   No. LA CV16-02165 ................................................................................................................5

*Grancare, LLC v. Thrower*,
   889 F.3d 543 (9th Cir. 2018) ....................................................................................................4

*Greb v. Diamond Int'l Corp.*,
   56 Cal. 4th 243 (2013) ..................................................................................................1, 8, 12

*Haskins v. Fuller-O'Brien, Inc.*,
   No. 11-cv-05142-JST, 2013 WL 1789672 (N.D. Cal. Apr. 26, 2013) .....................................8

*IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*,
   125 F. Supp. 2d 1008 (N.D. Cal. 2000) ..................................................................................14

*Illegal Aliens, LLC v. N. Am. Specialty Ins. Co.*,
  No. CV 14-07502 DDP, 2015 WL 1636715 (C.D. Cal. Apr. 10, 2015) ...................................5

*Johnson v. SmithKline Beecham Corp.*,
  724 F.3d 337 (3d Cir. 2013)................................................................................................10

*Martinez v. McKesson Corp.*,
  No. 3:15-cv-02903-H-JLB, 2016 WL 5930271 (S.D. Cal. Apr. 7, 2016) ...............................5

*Metro Commc'n Corp. BVI v. Advanced Mobilecomm Techs., Inc.*,
  854 A.2d 121 (Del. Ch. 2004)................................................................................................8

*Micah Invs. Trust v. Atkinson*,
  No. A139573, 2015 WL 778702 (Cal. Ct. App. Feb. 24, 2015) (unpublished
  opinion) ..................................................................................................................................8

*In re Minoco Grp. of Cos., Ltd.*,
  799 F.2d 517 (9th Cir. 1986) ................................................................................................15

*Morris v. Princess Cruises, Inc.*,
  236 F.3d 1061 (9th Cir. 2001) ............................................................................................4, 5

*Navarro Savings Ass'n v. Lee*,
  446 U.S. 458 (1980)..............................................................................................................10

*Newcombe v. Adolf Coors Co.*,
  157 F.3d 686 (9th Cir. 1998) ..................................................................................................5

*In re Pegasus Gold Corp.*,
  394 F.3d 1189 (9th Cir. 2005) ..............................................................................................14

*Quail Commerce Ctr. v. Kerr*,
  No. PC-20090436, 2017 WL 1030966 (Cal. Super. Ct. Jan. 26, 2017)...................................8

*Ritchey v. Upjohn Drug Co.*,
  139 F.3d 1313 (9th Cir. 1998) ................................................................................................5

*San Jose Neurospine v. Cigna Health and Life Ins. Co.*,
  No. 16-CV-05061-LHK, 2016 WL 7242139 (N.D. Cal. Dec. 15, 2016) ....................... *passim*

*Strotek Corp. v. Air Transp. Ass'n of Am.*,
  300 F.3d 1129 (9th Cir. 2002) ..............................................................................................10

*In re Valley Health Sys.*,
  584 F. App'x 477 (9th Cir. 2014) .........................................................................................14

*Vasquez v. Wells Fargo Bank, Nat'l Ass'n*,
  77 F. Supp. 3d 911 (N.D. Cal. 2015) ..............................................................................12, 13

*In re Wilshire Courtyard*,
    729 F.3d 1279 (9th Cir. 2013) ...............................................................................................14

*Yniques v. Cabral*,
    985 F.2d 1031 (9th Cir. 1993) .................................................................................................7

**Statutes**

11 U.S.C. § 101(15) .......................................................................................................................3

28 U.S.C. § 1334(b) ..............................................................................................................1, 5, 14

28 U.S.C. § 1447(e) ............................................................................................................. *passim*

28 U.S.C. § 1452(a) .....................................................................................................................14

Del. Code Ann. tit. 6, § 18-803(b) .................................................................................................8

**Rules**

Federal Rule of Civil Procedure 15(a) .......................................................................................6, 7

Federal Rule of Civil Procedure 19(a) ..................................................................................7, 8, 9

**ISSUES TO BE DECIDED**

On January 13, 2020, Monsanto Company ("Monsanto") removed this lawsuit to federal court, establishing that Plaintiff had improperly sought to secure a state court venue by fraudulently joining two non-diverse defendants (Wilbur-Ellis companies) that had no role in distributing or selling Roundup®-branded herbicides to him.  In seeking remand, Plaintiff does not dispute that he fraudulently joined those two defendants; accordingly, Monsanto's original fraudulent joinder removal is unopposed.  In a second, improper attempt to deprive Monsanto of its right to have this lawsuit adjudicated in federal court, Plaintiff now invokes 28 U.S.C. § 1447(e) and asks this Court to grant him leave to add claims against a third company – Orchard Supply Hardware Corporation.  However, Plaintiff ignores that this company ceased to exist as a legal entity, after being liquidated in bankruptcy proceedings and filing a certificate of cancellation in December 2016.

This brazen attempt to defeat federal jurisdiction fails.  On these facts, a California Supreme Court ruling, *Greb v. Diamond Int'l Corp.*, 56 Cal. 4th 243 (2013), and binding Delaware law establish that Orchard Supply Hardware Corporation lacks the capacity to be sued in this case.  Moreover, a broad permanent injunction order issued by the Bankruptcy Court bars any claims that Plaintiff seeks to assert here against Orchard Supply Hardware Corporation.  Thus, he does not have any viable claims against that putative defendant.  Based on Section 1447(e) and cases applying that statute, Plaintiff has failed to carry his burden of establishing that amendment is appropriate, so he is not entitled to remand.

In the alternative, even if the Court grants leave to amend, Plaintiff's remand request fails because this Court would have subject matter jurisdiction under 28 U.S.C. § 1334(b), which gives federal courts jurisdiction over, among other proceedings, civil proceedings related to cases under title 11 (*i.e.*, bankruptcy-related jurisdiction).

The issues to be decided are whether, in these circumstances, the Court should deny Plaintiff's Motion to Amend His Complaint and to Remand This Case ("Amendment/Remand Motion"), ECF No. 7.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2005, Orchard Supply Hardware Corporation (a Delaware corporation) filed a certificate of conversion with the Delaware Secretary of State to convert to a limited liability company.  October 3, 2005 Certificate of Conversion (attached as Exhibit 1 to accompanying Declaration of Martin Calhoun ("Calhoun Declaration")).  After that certificate was filed, the entity became a Delaware limited liability company called "Orchard Supply Hardware LLC."  *Id*.; Certificate of Formation of Orchard Supply Hardware LLC (Calhoun Declaration, Ex. 2).

In June 2013, Orchard Supply Hardware LLC (formerly known as Orchard Supply Hardware Corporation) and certain related entities – collectively, the "OSH Debtors" – commenced proceedings in the United States Bankruptcy Court for the District of Delaware by filing for relief under Chapter 11 of the United States Bankruptcy Code.  December 20, 2013 Order Confirming the Debtors' Modified First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code at 1, 4 ("Confirmation Order") (Calhoun Declaration, Ex. 3).  In September 2013, in connection with those bankruptcy proceedings, the name of Orchard Supply Hardware LLC was changed to "OSH 2 Liquidating LLC."  Confirmation Order at 1 n.1; September 16, 2013 Certificate of Amendment to Certificate of Formation of Orchard Supply Hardware LLC (Calhoun Declaration, Ex. 4).

In December 2013, the Bankruptcy Court entered the Confirmation Order, which confirmed the OSH Debtors' Plan of Liquidation.  Confirmation Order at 17.  In February 2014, the Plan of Liquidation (attached as Exhibit A to the Confirmation Order) became effective. February 24, 2014 Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date Under Debtors' Modified First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code [ . . . etc.] at 2 (Calhoun Declaration, Ex. 5).

In accordance with the Plan of Liquidation and Delaware law, OSH 2 Liquidating LLC (formerly known as Orchard Supply Hardware LLC, formerly known as Orchard Supply Hardware Corporation) was dissolved and filed a "certificate of cancellation" with the Delaware

Secretary of State in December 2016.  December 20, 2016 Certificate of Cancellation of OSH 2 Liquidating LLC (Calhoun Declaration, Ex. 6); *see* Plan of Liquidation at 18.

The Confirmation Order and the Plan of Liquidation include a broad permanent injunction in favor of the OSH Debtors, including OSH 2 Liquidating LLC (formerly known as Orchard Supply Hardware LLC, formerly known as Orchard Supply Hardware Corporation).  Paragraph 21 of the Confirmation Order (page 22) approves the injunction set forth in the Plan of Liquidation, as modified in the Confirmation Order.  Paragraph 48 of the Confirmation Order (page 35) sets forth the as-amended injunction provision:

> 48. Article IX.F.1 of the Plan [of Liquidation] shall be deleted in its entirety and replaced as follows: "Except with respect to those obligations otherwise provided for in the Plan, from and after the Effective Date, all Entities are permanently enjoined from commencing or continuing in any manner against the Debtors, the Estates, the Responsible Person, the Liquidation Trust, the Liquidation Trustee, the Creditors Committee, the GUC Trust, and the GUC Trustee, and their successors and assigns, and their assets and properties, as the case may be, any suit, action or other proceeding, on account of or respecting any Claim or Equity Interest, demand, liability, obligation, debt, right, Cause of Action, interest or remedy released or satisfied or to be released or satisfied pursuant to the Plan or the Confirmation Order."

That broad injunction permanently enjoins all "Entities" from commencing any suit or action against the OSH Debtors, including OSH 2 Liquidating LLC (formerly known as Orchard Supply Hardware LLC, formerly known as Orchard Supply Hardware Corporation).  "Entity" is defined in the Plan of Liquidation by reference to 11 U.S.C. § 101(15), which defines "entity" to include "person."  "Person" is defined in 11 U.S.C. § 101(41) to include "individual."

On November 5, 2019, Plaintiff filed this lawsuit, seeking damages for non-Hodgkin's lymphoma allegedly caused by Monsanto's Roundup®-branded herbicides.  Complaint ¶¶ 1-2 (attached to Monsanto Company's Notice of Removal of *Sapinsky* Lawsuit ("Notice of Removal") as Exhibit 1, ECF No. 1-1).  Based on mere information and belief, Plaintiff also asserted claims against two California companies, Wilbur-Ellis Company LLC ("Wilbur-Ellis Company") and Wilbur-Ellis Nutrition, LLC, formerly known as Wilbur-Ellis Feed, LLC ("Wilbur-Ellis Nutrition/Feed"), alleging that they "distributed Roundup® used by Plaintiff."  *Id*. ¶ 30.  Although Plaintiff now claims – in response to Monsanto's removal showing that he

3
MONSANTO'S OPP. TO MOTION TO AMEND COMPLAINT AND REMAND *SAPINSKY* CASE
3:16-md-02741-VC & 3:20-cv-00257-VC

fraudulently joined those two defendants – that he "primarily purchased Roundup and weed killer products at Orchard Supply Hardware," Plaintiff's Memorandum of Points and Authorities in Support of Motion to Amend His Complaint and to Remand This Case at 3 ("Amendment/Remand Memorandum"), ECF No. 7-1, he did not name Orchard Supply Hardware Corporation as a defendant in the Complaint.

On January 13, 2020, Monsanto timely removed this lawsuit.  Notice of Removal, ECF No. 1.  The evidence submitted with, and arguments made in, the Notice of Removal establish that: (a) Wilbur-Ellis Company and Wilbur-Ellis Nutrition/Feed did ***not*** distribute Roundup®-branded herbicides used by Plaintiff; (b) those defendants should be disregarded as fraudulently joined; and (c) this Court has subject matter jurisdiction based on diversity of citizenship between Plaintiff and Monsanto.

On February 5, 2020, Plaintiff filed the Amendment/Remand Motion.  His motion does not rebut Monsanto's showing that he had fraudulently joined the two Wilbur-Ellis defendants.[1]  Instead, Plaintiff invokes Section 1447(e) to seek leave to amend the Complaint to add claims against a different company that ***used to be*** based in California – Orchard Supply Hardware Corporation.  But that company no longer exists as a legal entity capable of being sued.

## LEGAL STANDARDS

The Ninth Circuit has recognized that, although complete diversity of citizenship usually is required for a federal court to have diversity jurisdiction, "one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  A defendant removing a lawsuit from state court based on fraudulent joinder of a co-defendant is required to show that there is no possibility that the state court would hold the co-defendant liable.  *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018).  When fraudulent joinder applies – *i.e.*, when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to

---

[1] Plaintiff also does not dispute that he is a California citizen and that Monsanto is a citizen of both Missouri and Delaware for purposes of diversity jurisdiction.  Moreover, Plaintiff does not dispute that this lawsuit satisfies the jurisdictional amount-in-controversy requirement for this Court to exercise subject matter jurisdiction based on diversity of citizenship.

the settled rules of the state," *Morris*, 236 F.3d at 1067 (quotation marks omitted) – the fraudulently joined defendant's "presence in the lawsuit is ignored" for purposes of determining whether the court has jurisdiction based on diversity of citizenship. *Id.* In conducting a fraudulent joinder analysis, a court is not limited to the allegations in a complaint and is permitted to consider declarations and other evidence presented by the removing defendant. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *Morris*, 236 F.3d at 1068.[2]

After a lawsuit has been removed, a plaintiff must satisfy 28 U.S.C. § 1447(e) to be granted leave to amend a complaint to add a non-diverse defendant that would destroy subject matter jurisdiction. When presented with a motion based on that statute, a district court "may deny joinder, or permit joinder and remand the action to the State court." § 1447(e); *see Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) (quoting § 1447(e)). Courts consider several factors when applying Section 1447(e), including whether the new defendant at issue in the proposed amended complaint is important to the case, *see, e.g.*, *Newcombe*, 157 F.3d at 691 (agreeing with district court's conclusion that defendant at issue in proposed amended complaint "was not a crucial defendant"); whether the plaintiff's primary reason or motive for the proposed amendment is to destroy the federal court's diversity jurisdiction, *see, e.g.*, *Bakshi v. Bayer Healthcare, LLC*, No. C07-00881 CW, 2007 WL 1232049, at *5 (N.D. Cal. Apr. 26, 2007); and whether the plaintiff would be prejudiced by denial of amendment, *see, e.g.*, *Newcombe*, 157 F.3d at 691 (agreeing with district court's conclusion that plaintiff "would not suffer undue prejudice due to [the proposed defendant's] absence as a party").

Plaintiff's attempt now to add a new defendant that was liquidated in bankruptcy proceedings raises a new jurisdictional issue because 28 U.S.C. § 1334(b) gives federal courts

---

[2] Once the removing defendant pierces the pleadings by presenting evidence showing that a non-diverse defendant has been fraudulently joined, the plaintiff cannot rely on allegations in the complaint to seek remand. *See Arias v. Follet Higher Educ. Corp.*, No. 8:18-cv-01965-JLS-JDE, 2019 WL 484192, at *3 (C.D. Cal. Feb. 7, 2019); *Feizbakhsh v. Travelers Commercial Ins. Co.*, No. LA CV16-02165 JAK (Ex), 2016 WL 8732296, at *8 (C.D. Cal. Sept. 9, 2016); *Martinez v. McKesson Corp.*, No. 3:15-cv-02903-H-JLB, 2016 WL 5930271, at *3 (S.D. Cal. Apr. 7, 2016). Moreover, if a plaintiff argues that it is possible for him to state a claim against the non-diverse defendant, that possibility must be "non-fanciful" for the case to be remanded. *Illegal Aliens, LLC v. N. Am. Specialty Ins. Co.*, No. CV 14-07502 DDP (ASx), 2015 WL 1636715, at *2 (C.D. Cal. Apr. 10, 2015).

subject matter jurisdiction ("original . . . jurisdiction") over all civil proceedings that are "related to cases under title 11 [Bankruptcy]."

## ARGUMENT

### I. PLAINTIFF DOES NOT CONTEND THAT MONSANTO'S REMOVAL WAS IMPROPER AND DOES NOT CONTEST MONSANTO'S SHOWING THAT THE WILBUR-ELLIS DEFENDANTS WERE FRAUDULENTLY JOINED.

In the Notice of Removal, Monsanto established that Plaintiff does not have any viable claims against the Wilbur-Ellis defendants. As Monsanto showed, there is no possibility that a state court would hold Wilbur-Ellis Nutrition/Feed[3] or Wilbur-Ellis Company[4] liable in this case.

The Amendment/Remand Motion does not contend that Monsanto's removal was improper. Plaintiff does not – and cannot – rebut Monsanto's showing that he fraudulently joined Wilbur-Ellis Nutrition/Feed and Wilbur-Ellis Company and that, therefore, this Court has subject matter jurisdiction over this lawsuit based on diversity jurisdiction.

### II. THE COURT SHOULD REJECT PLAINTIFF'S EFFORT TO DEPRIVE IT OF DIVERSITY JURISDICTION BECAUSE PLAINTIFF'S REQUEST FOR LEAVE TO AMEND FAILS TO SATISFY 28 U.S.C. § 1447(e).

Although requests for leave to amend under Federal Rule of Civil Procedure 15(a) are routine and freely granted, a post-removal request for leave to amend that would destroy a district court's subject matter jurisdiction by adding a non-diverse defendant is subject to more stringent scrutiny under Section 1447(e). As this Court explained when denying a Section

---

[3] Wilbur-Ellis Nutrition/Feed is (and has been) in the business of ensuring that animals receive customized, high-quality, dependable nutrients, but it never designed, manufactured, distributed, or sold Roundup®-branded herbicides (or any other herbicides). Notice of Removal ¶ 17 (citing fraudulent joinder cases and Declaration of George Arkoosh ¶ 7, ECF No. 1-3).

[4] Wilbur-Ellis Company is (and has been) in the business of distributing and selling only certain categories of Monsanto glyphosate-based herbicide products – namely, herbicides designed for the agricultural market and herbicides designed for the industrial, turf, and ornamental ("IT&O")/professional market. Notice of Removal ¶ 20 (citing Declaration of Steven Gould ("Gould Declaration") ¶ 6, ECF No. 1-4; Declaration of Scott Hushbeck ("Hushbeck Declaration") ¶ 7, ECF No. 1-2). However, Wilbur-Ellis Company does not sell (and has never sold) Monsanto glyphosate-containing herbicides that have been created and designed for the residential-lawn-and-garden market – and has never designed or manufactured Monsanto's glyphosate-based herbicides. *Id*. ¶¶ 21, 23 (citing Gould Declaration ¶¶ 6, 8; Hushbeck Declaration ¶¶ 7, 9). Plaintiff admitted that he used Roundup®-branded herbicides for residential use. Complaint ¶¶ 2, 17, 112. Thus, he does not any have viable claims against Wilbur-Ellis Company. Notice of Removal ¶¶ 17, 24 (citing fraudulent joinder cases).

1447(e) motion, "[o]nce a case has been removed, a diversity-destroying amendment could be motivated by the plaintiff's desire to gain procedural advantage by returning to state court." *Bakshi*, 2007 WL 1232049, at *2 (citing *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086-87 (N.D. Cal. 1999)). "Therefore, a district court must scrutinize a proposed diversity-destroying amendment to ensure that it is proper; in other words, 28 U.S.C. § 1447(e) applies and the logic and policy of Rule 15(a) do not apply." *Id.* (citing *Clinco*, 41 F. Supp. 2d at 1086-87). The Ninth Circuit and this Court have stated that federal courts should "look with particular care at such motive in removal cases [*i.e.*, a plaintiff's motive for seeking amendment], when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980); *Bakshi*, 2007 WL 1232049, at *2 (quoting *Desert Empire Bank*, 623 F.2d at 1376); *see Yniques v. Cabral*, 985 F.2d 1031, 1036 n.3 (9th Cir. 1993) (stating that plaintiff's "motive for seeking joinder" of non-diverse defendant "was relevant . . . to the question whether to permit joinder" under Section 1447(e)) (citing *Desert Empire Bank*, 623 F.2d at 1376).

Analyzing Plaintiff's amendment request based on Section 1447(e) and the undisputed facts regarding Orchard Supply Hardware Corporation's bankruptcy proceedings and dissolution/cancellation leads to the conclusion that amendment should be denied. Judges in this district consider six factors when applying Section 1447(e): (1) the need for the new defendant at issue in the proposed amendment to be joined for just adjudication as a necessary party under Federal Rule of Civil Procedure 19(a); (2) the impact of the statute of limitations if the proposed claims are asserted against the new defendant in state court; (3) unexplained delay by the plaintiff in seeking to join the new defendant; (4) the plaintiff's motive for seeking to join the new defendant (whether plaintiff is seeking to destroy diversity jurisdiction); (5) the validity of the claims that the plaintiff seeks to add against the new defendant; and (6) prejudice to the plaintiff if joinder is denied. *See San Jose Neurospine v. Cigna Health and Life Ins. Co.*, No. 16-CV-05061-LHK, 2016 WL 7242139, at *7-12 (N.D. Cal. Dec. 15, 2016); *Bakshi*, 2007 WL

1232049, at *2-5; *Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1119-20 (N.D. Cal. 2006); *see also Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1020-25 (C.D. Cal. 2002).

Based on these factors, the Court should reject Plaintiff's attempt to add claims against Orchard Supply Hardware Corporation. **First**, that non-existent entity is not a necessary party under Rule 19(a) and is not needed for just adjudication in this case. As discussed above, by the time Plaintiff filed this lawsuit in state court, Orchard Supply Hardware Corporation did not exist. It previously converted to a limited liability company; then was liquidated in bankruptcy proceedings; and then underwent formal dissolution and filed a certificate of cancellation with the Delaware Secretary of State in December 2016, when the entity was called OSH 2 Liquidating LLC (formerly known as Orchard Supply Hardware LLC, formerly known as Orchard Supply Hardware Corporation). *See supra* pages 2-3. A binding California Supreme Court ruling, *Greb*, 56 Cal. 4th 243, establishes that the question of whether Plaintiff can assert any claims against the dissolved entity at issue here is governed by Delaware law because OSH 2 Liquidating LLC was formed under Delaware law and thereafter remained a Delaware company.[5] Delaware's Limited Liability Act states that a Delaware limited liability company can be sued only until it files a certificate of cancellation. *See* Del. Code Ann. tit. 6, § 18-803(b); *Metro Commc'n Corp. BVI v. Advanced Mobilecomm Techs., Inc.*, 854 A.2d 121, 138 (Del. Ch. 2004). Thus, by filing its certificate of cancellation with the Delaware Secretary of State in December 2016, OSH 2 Liquidating LLC (formerly known as Orchard Supply Hardware LLC, formerly known as Orchard Supply Hardware Corporation) could no longer, as a matter of

---

[5] In *Greb*, the California Supreme Court: (a) affirmed a trial court's demurrer ruling in favor of a dissolved company that had done business in California, based on defendant's lack of capacity to be sued under Delaware law; (b) held that the California plaintiffs were precluded from asserting personal injury claims against that defendant because it had been formed and dissolved under Delaware law, so its capacity to be sued was governed by Delaware law; and (c) rejected the argument that the defendant's capacity to be sued was governed by a California "survival statute" that allows lawsuits against dissolved companies for their pre-dissolution conduct. The *Greb* holding remains good law and has been cited with approval repeatedly by various courts. *See Micah Invs. Trust v. Atkinson*, No. A139573, 2015 WL 778702, at *5 (Cal. Ct. App. Feb. 24, 2015) (unpublished opinion); *Haskins v. Fuller-O'Brien, Inc.*, No. 11-cv-05142-JST, 2013 WL 1789672, at *4 (N.D. Cal. Apr. 26, 2013); *Barton v. Rice*, No. BC652377, 2017 WL 11478961, at *3 (Cal. Super. Ct. Oct. 17, 2017); *Quail Commerce Ctr. v. Kerr*, No. PC-20090436, 2017 WL 1030966, at *2 (Cal. Super. Ct. Jan. 26, 2017).

Delaware law, be sued in future lawsuits.  Plaintiff has no viable claims against Orchard Supply Hardware Corporation, which means that it is not a necessary party and is not needed for just adjudication in this case.

The conclusion that the first factor weighs against amendment is further supported by the Bankruptcy Court's broad permanent injunction, which enjoins all entities and persons from commencing any suit or action against the OSH Debtors, including OSH 2 Liquidating LLC (formerly known as Orchard Supply Hardware LLC, formerly known as Orchard Supply Hardware Corporation).  *See supra* page 3 (quoting injunction).  Thus, any claims that Plaintiff seeks to add here against Orchard Supply Hardware Corporation violate – and are squarely prohibited by – that permanent injunction.  For this reason as well, Orchard Supply Hardware Corporation is not necessary for just adjudication.[6]

Plaintiff's own pleading decision in state court also speaks volumes.  Plaintiff does not claim that he only learned of Orchard Supply Hardware Corporation after this case was removed.  To the contrary, Plaintiff claims that he "primarily purchased Roundup and weed killer products at Orchard Supply Hardware," Amendment/Remand Mem. at 3, and he obviously was aware of that before he filed the Complaint in state court.  Nevertheless, he did ***not*** assert any claims against Orchard Supply Hardware Corporation, which is a tacit admission that it was not a necessary party under Rule 19(a) and that Plaintiff thought that he could secure complete relief in this case without suing that company.  "Courts do not allow joinder of non-diverse defendants [under Section 1447(e)] where those defendants . . . would not prevent complete relief." *Bakshi*, 2007 WL 1232049, at *3.  Plaintiff offers no explanation for why he did not sue Orchard Supply

---

[6] Plaintiff attempts to twist Monsanto's showing that he fraudulently joined the Wilbur-Ellis defendants into an argument that Orchard Supply Hardware Corporation is a necessary defendant.  *See* Amendment/Remand Mem. at 3.  But the fact that Wilbur-Ellis did not distribute Roundup®-branded herbicides to residential-use markets is irrelevant to his claim against Orchard Supply Hardware Corporation, which he claims is based upon his direct purchase of these products from that company.  All that has changed is that Plaintiff now believes that naming Orchard Supply Hardware Corporation would prevent this Court from asserting diversity jurisdiction.  Moreover, the Amendment/Remand Motion fails to account for the fact that Plaintiff cannot assert claims against Orchard Supply Hardware Corporation because it lacks the capacity to be sued (after undergoing dissolution and filing a certificate of cancellation) and because the Bankruptcy Court's injunction precludes his claims.

Hardware Corporation when he filed the Complaint in state court, so this factor weighs against amendment. *See San Jose Neurospine*, 2016 WL 7242139, at *9 (holding that first factor weighed against amendment because "Plaintiff provides no rationale for why it waited until the [First Amended Complaint] to add CHC [the proposed new defendant] as a defendant, rather than naming CHC in its state court Complaint").[7]

***Second,*** Plaintiff claims that "[t]here is no statute of limitation that would preclude a new action from being filed against Orchard [Supply Hardware Corporation] in State Court," *see* Amendment/Remand Mem. at 3, but that argument – if it were correct and applicable here – would actually undermine his argument. This factor favors amendment if a new action in state court against the proposed new defendant would be time-barred. *See, e.g., Boon*, 229 F. Supp. 2d at 1023 ("Plaintiffs do not argue that a new action against [the proposed new defendant] would be time-barred. Accordingly, this factor does not support allowing the amendment."). Of course, a statute-of-limitations analysis makes no sense here because, as shown above, Orchard Supply Hardware Corporation lacks the capacity to sued by Plaintiff, regardless of whether the claims are filed in state court or this Court. This factor does not weigh in favor of amendment.

***Third,*** Plaintiff's unexplained delay in seeking amendment also weighs against amendment. Plaintiff did not need discovery to know where he purchased Roundup®-branded

---

[7] In the alternative, Orchard Supply Hardware Corporation is a "nominal" party that does not have any real interest in this lawsuit. When a federal court decides whether it has subject matter jurisdiction based on diversity of citizenship, the court should disregard a nominal party that does not have a real interest in the lawsuit. *See Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 461 (1980); *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002); *see also Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 358-59 (3d Cir. 2013) (citing, *inter alia*, *Strotek*, 300 F.3d at 1133); *Anderson v. Corinthian Colleges, Inc.*, No. C06-5157 FDB, 2006 U.S. Dist. LEXIS 43770, at *11 (W.D. Wash. May 25, 2006) (citing, *inter alia*, *Strotek*, 300 F.3d at 1133-34). In this case, Orchard Supply Hardware Corporation is a nominal party because it no longer exists, having undergone liquidation, wind-down, dissolution, and cancellation as part of the bankruptcy proceedings discussed above. *See Strotek*, 300 F.3d at 1133-34 (dissolved entity that did not have any stake in outcome of lawsuit was a nominal party that was disregarded when deciding whether diversity jurisdiction exists and whether removal was proper; affirming denial of remand motion); *Johnson*, 724 F.3d at 358-59 (corporate defendant that converted to limited liability company did not destroy diversity jurisdiction and did not preclude removal because it was a nominal party with no interest in outcome of lawsuit; affirming denial of remand motion); *Anderson*, 2006 U.S. Dist. LEXIS 43770, at *11 (ignoring presence of dissolved corporate defendant because it was "a nominal party that ha[d] no stake in the outcome of this litigation"; denying remand motion).

herbicides.  Yet he failed to name Orchard Supply Hardware Corporation as a defendant in the Complaint that he filed in state court, and he waited for three months after filing that Complaint – and after his original attempt to keep this case in state court by fraudulently joining other defendants was thwarted – before filing the Amendment/Remand Motion on February 5, 2020. In similar circumstances, Judge Breyer in *Bonner* denied leave to amend based on Section 1447(e) because the plaintiff "has failed to explain why she waited until after removal to add these would-be defendants – an omission that is particularly glaring given that she has long known about her picture's appearance in [one would-be defendant's] magazine and that she knew for some time before the case was removed about the existence of [the other would-be defendant]."  *Bonner*, 461 F. Supp. 2d at 1120.  Here, Plaintiff offers no reason for failing to name Orchard Supply Hardware Corporation as a defendant in his Complaint and then waiting three months before seeking leave to amend.  *See, e.g., San Jose Neurospine*, 2016 WL 7242139, at *9-10 (denying leave to amend based on Section 1447(e); plaintiff filed amended complaint in federal court two months after filing original complaint in state court and offered no explanation for not including claims against proposed new defendant in state court complaint); *Bakshi*, 2007 WL 1232049, at *4-5 (same; holding that plaintiff had "no valid reason" for not including proposed new defendant in state court complaint; delay of less than two months); *Farrugia v. Allstate Ins. Co.*, No. C 07-00212 WHA, 2007 WL 781782, at *2 (N.D. Cal. Mar. 8, 2007) (same; stating that "plaintiff does not explain" why he did not include proposed new defendant in state court complaint; delay of two months).

   ***Fourth,*** Plaintiff's improper motive for trying to join Orchard Supply Hardware Corporation – namely, to deprive this Court of diversity jurisdiction – also weighs against amendment.  "Motive is particularly important in removal jurisdiction cases where the consequences of joining a new defendant may defeat the court's jurisdiction."  *Boon*, 229 F. Supp. 2d at 1023 (rejecting amendment based, in part, on conclusion that plaintiff's motive was to defeat diversity jurisdiction); *see also San Jose Neurospine*, 2016 WL 7242139, at *10-11, 13 (same); *Bakshi*, 2007 WL 1232049, at *4-5 (same); *Bonner*, 461 F. Supp. 2d at 1120 (same).

When evaluating motive, "courts have considered whether the plaintiff was aware of the removal at the time the plaintiff amended its complaint." *San Jose Neurospine*, 2016 WL 7242139, at \*10 (quotation marks omitted; citing cases). Here, Plaintiff clearly was aware of Monsanto's removal when seeking leave to amend. Moreover, when considering a plaintiff's motive for seeking to join a new, non-diverse defendant after removal, "courts have inferred an improper motive where the plaintiff's proposed amended complaint contains only minor or insignificant changes to the original complaint," *id*. (quotation marks omitted; citing cases), and have also considered "whether a plaintiff has provided an explanation for why the plaintiff waited to assert claims against the non-diverse defendant," *id*. at \*11 (citing cases). Here, Plaintiff's proposed amended complaint, ECF No. 7-2, makes only minor changes, and, as discussed above, Plaintiff offers no explanation for why he did not sue Orchard Supply Hardware Corporation in state court before Monsanto filed the Notice of Removal. The fact that Plaintiff has no viable claims against Orchard Supply Hardware Corporation (as discussed above and below) also supports a finding of an improper motive for his request for leave to amend. *See, e.g.*, *Vasquez v. Wells Fargo Bank, Nat'l Ass'n*, 77 F. Supp. 3d 911, 922 (N.D. Cal. 2015) (rejecting amendment because, *inter alia*, "Plaintiff has not articulated any viable claim against [the proposed new defendant], further supporting the conclusion that Plaintiff's counsel is seeking to join [that company] simply to destroy diversity").

*Fifth*, the lack of merit of Plaintiff's proposed claims against Orchard Supply Hardware Corporation also weighs against amendment. It is undisputed that Orchard Supply Hardware Corporation ceased legal existence by December 2016, after filing for bankruptcy and undergoing liquidation, wind-down, dissolution, and cancellation as part of those bankruptcy proceedings. Thus, based on governing law – the California Supreme Court's ruling in *Greb*, 56 Cal. 4th 243, and Delaware law regarding the effect of filing a certificate of cancellation, *see supra* pages 8-9 – the company that Plaintiff seeks to sue in this case lacks the capacity to be sued. Moreover, the Bankruptcy Court's permanent injunction precludes Plaintiff from asserting his claims against Orchard Supply Hardware Corporation. *See supra* page 9. Due to the lack of

merit of his proposed claims, leave to amend should be denied.  *See, e.g.*, *San Jose Neurospine*, 2016 WL 7242139, at *11 (rejecting amendment; "Under the fifth factor, the Court considers whether a new claim sought to be added seems to have merit.  For the reasons discussed below, the Court concludes that they do not.") (citation and quotation marks omitted); *Bonner*, 461 F. Supp. 2d at 1120 (rejecting amendment because, *inter alia*, "there is no reason to think that Bonner would have a meritorious claim against either [of the proposed new defendants]").

*Finally,* denying amendment would not prejudice Plaintiff.  Monsanto remains a party to this lawsuit.  *See, e.g.*, *San Jose Neurospine*, 2016 WL 7242139, at *12 (denying amendment and holding that prejudice factor weighed against amendment because another defendant remained in the case and was a potential source for payment of damages); *Boon*, 229 F. Supp. 2d at 1025 (same).  Moreover, Plaintiff does not have any meritorious claims against Orchard Supply Hardware Corporation because, as shown above, that non-existent company lacks the capacity to be sued and the Bankruptcy Court's injunction precludes him from asserting his claims against that company.  In other words, there is no concern here about prejudicing Plaintiff by requiring him to choose between abandoning his claims against Orchard Supply Hardware Corporation (which are not viable) or filing a separate lawsuit against that company (based on claims that are not viable).  *See, e.g.*, *Vasquez*, 77 F. Supp. 3d at 923 ("Because the Court finds that Plaintiff fails to state viable claims against [the proposed new defendant], it also finds that Plaintiff will not be prejudiced if the Court does not permit joinder."); *Bakshi*, 2007 WL 1232049, at *5 (holding that prejudice factor weighed in favor of amendment because denying amendment would require plaintiff "to either abandon the potential claims against Glover [the proposed new defendant] or to commence litigation in state court against Glover" but nevertheless denying amendment because "Plaintiff did not explain the delay in attempting to add Glover as a defendant and his primary motive appears to be to destroy diversity jurisdiction").

In sum, all of the Section 1447(e) factors that apply here weigh against amendment, and the cases cited by Plaintiff are distinguishable, so he has failed to carry his Section 1447(e)

burden.[8]  Accordingly, the Court should reject Plaintiff's amendment request and retain jurisdiction over this case.

### III. IN THE ALTERNATIVE, THIS COURT SHOULD RETAIN JURISDICTION OVER THIS LAWSUIT BECAUSE 28 U.SC. § 1334(b) GIVES THIS COURT BANKRUPTCY-RELATED JURISDICTION.

In the alternative, if the Court grants Plaintiff leave to amend, the Court nevertheless should retain jurisdiction over this case because 28 U.S.C. § 1334(b) gives federal courts jurisdiction over, *inter alia*, civil matters related to cases under title 11 (bankruptcy-related jurisdiction).  Section 1334(b) jurisdiction includes post-confirmation "related to" jurisdiction – *i.e.*, jurisdiction related to bankruptcy proceedings after the plan has been approved (as occurred in the Orchard Supply Hardware bankruptcy proceedings at issue here).[9]

If Plaintiff is allowed to assert his claims against Orchard Supply Hardware Corporation, this Court has post-confirmation jurisdiction pursuant to Section 1334(b) because those claims have a "close nexus" to the Bankruptcy Court's Plan of Liquidation plan and encompass matters affecting "the interpretation, implementation, consummation, execution, or administration of the confirmed plan."  *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005) (quotation marks omitted); *In re Valley Health Sys.*, 584 F. App'x 477, 478 (9th Cir. 2014) (same); *In re Wilshire Courtyard,* 729 F.3d 1279, 1289 (9th Cir. 2013) (same).  Plaintiff's claims fall within the plain language of the broad Plan of Liquidation injunction, *see supra* page 3 (quoting injunction), which enjoins the assertion of claims against the OSH Debtors and their assets and

---

[8] Plaintiff relies heavily on *IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008 (N.D. Cal. 2000), but that case is inapposite and does not support the conclusion that amendment is appropriate here.  In that case, amendment was permitted because "the Court recognizes, and ***Defendants do not contest otherwise***, that Plaintiff may have valid claims against Mr. Connolly [the new defendant at issue in the proposed amended complaint]," *id*. at 1013 (emphasis added), and because "denying the amendment would require Plaintiff to choose between redundant litigation arising out of the same facts and involving the same legal issues or foregoing its potential claims against Mr. Connolly," *id*.  Here, by contrast, Plaintiff clearly does not have any valid claims against Orchard Supply Hardware Corporation, and denying amendment would not require him to choose between redundant litigation or foregoing his claims because he has no basis to sue that non-existent company.

[9] If Plaintiff had named Orchard Supply Hardware Corporation as a defendant in the Complaint when he commenced this lawsuit in state court, Monsanto would have relied on an additional statute in the Notice of Removal, namely 28 U.S.C. § 1452(a), which authorizes removal when a federal court has jurisdiction based on Section 1334(b).

properties (including insurance, if any insurance policies remain in effect after the bankruptcy proceedings and dissolution/cancellation discussed above). *See In re Minoco Grp. of Cos., Ltd.*, 799 F.2d 517, 519 (9th Cir. 1986) (referring to property of the estate and stating: "Under the weight of authority, insurance contracts have been said to be embraced in this statutory definition of 'property.'") (citing *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1001 (4th Cir. 1986)). Whether and how the Plan of Liquidation injunction applies to Plaintiff's claims are matters of "interpretation" and "enforcement" of the Plan of Liquidation and affect the OSH Debtors and their property – and thus bear a close nexus to the Plan of Liquidation.

## CONCLUSION

For the foregoing reasons, the Court should deny the Amendment/Remand Motion.

DATED: April 24, 2020

Respectfully submitted,

William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: 202-942-5000
Fax: 202-942-5999

/s/ Eric G. Lasker
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, NW
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH LLP
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

*Attorneys for Defendant Monsanto Company*