Pedram Esfandiary (SBN: 312569)
pesfandiary@baumhedlundlaw.com
**BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.**
10940 Wilshire Blvd., 17th Floor
Los Angeles, CA 90024
Telephone:  (310) 207-3233
Facsimile:  (310) 820-7444

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741 |
| | Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: | Hon. Vince Chhabria |
| *Mary V. Olah v. Monsanto Company and Orchard Supply Hardware Corporation* (3:20-cv-00129-VC) | **PLAINTIFF'S REPLY TO MOTION TO REMAND**<br><br>[Filed concurrently with the Declaration of Pedram Esfandiary and Exhibits] |

PLAINTIFF'S REPLY TO MOTION TO REMAND

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... 1

TABLE OF AUTHORITIES ..................................................................................................... 2

INTRODUCTION ....................................................................................................................... 1

ARGUMENT ............................................................................................................................... 2

    I.    Monsanto's Fraudulent Joinder Arguments are Unavailing ....................................... 2

        A.    The Bankruptcy Court's Injunction Cannot Be Construed To Prohibit Discharge Pursuant to Section 524 Of The Bankruptcy Code, and Thus Does Not Bar Suit Against OSH ........................ 2

        B.    Precedent Does Not Prevent Plaintiff From Bringing Suit Against OSH, a Dissolved Limited Liability Company ........................................................................ 3

    II.    OSH Is Not a "Nominal" Defendant Given that Establishes Precedent Grants a Plaintiff Ability to Maintain Lawsuits Against Dissolved Entities ....................................... 5

    III.    The Court Lacks Subject-Matter Jurisdiction Pursuant to 28 U.S.C. § 1334(b) Because Plaintiff's Action Does Not Have a Sufficiently "Close Nexus" to the Bankruptcy Plan and, in the Alternative, the Court Should Grant Remand on Equitable Grounds ................................... 6

    IV.    Monsanto's Argument that OSH's Consent to Removal is Not Required is Misguided ........... 8

CONCLUSION ........................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ass'n of Am.*,
  300 F.3d 1129 (9th Cir. 2002) ................................................................................................ 5

*Citigroup, Inc. v. Pac. Inv. Mgmt. Co.*,
  296 B.R. 505 (C.D. Cal. 2003) ................................................................................................ 8

*City of Rialto v. U.S. Dep't of,
  Def.*, 492 F. Supp. 2d 1193 (C.D. Cal 2003) ........................................................................... 5

*Forsyth v. Jones*,
  57 Cal. App. 4th 776 (1997) .................................................................................................... 3

*Greb v. Diamond Int'l Corp.*,
  56 Cal. 4th 243 (2013) ......................................................................................................... 3, 4

*In re Beeney*,
  142 B.R. 360 (B.A.P. 9th Cir. 1992) ....................................................................................... 3

*In re Heller Ehrman LLP*,
  461 B.R. 606 (Bankr. N.D. Cal. 2011) .................................................................................... 6

*In re Jet Florida Systems, Inc.*,
  883 F.2d 970 (11th Cir. 1989) ................................................................................................. 3

*In re Nobel Grp., Inc.*,
  529 B.R. 284 (Bankr. N.D. Cal. 2015) .................................................................................... 6

*In re Pegasus Gold Corp.*,
  394 F.3d 1189 (9th Cir. 2005) ................................................................................................. 6

*In re The Fairchild Corp.*,
  452 B.R. 525 (Bankr. D. Del. 2011) ........................................................................................ 6

*Johnson v. SmithKline Beecham Corp.*,
  724 F.3d 337 (3d Cir. 2013) .................................................................................................... 5

*Koch-Ash v. Superior Court*,
  180 Cal. App. 689 (1986) ........................................................................................................ 2

*Loewen v. McDonnell*,
  No. 19-CV-00467-YGR, 2019 WL 2364413 (N.D. Cal. June 5, 2019) .................................. 8

*Parke v. Cardsystems Sols., Inc.*, No. C 06-04857 WHA,
  2006 WL 2917604 (N.D. Cal. Oct. 11, 2006) ......................................................................... 8

*Penasquitos*,
  53 Cal. 3d ............................................................................................................................. 5, 8

*Pub. Util. Dist. No. 1 of Grays Harbor Cnty. Wash. v. IDACORP Inc.*,
  379 F.3d 641 (9th Cir. 2004) ................................................................................................... 7

*Rein v. Providian Financial Corp.*,
  270 F.3d 895 (9th Cir. 2001) ................................................................................................... 7

*Spindler v. City of Los Angeles*,
  2017 WL 5592650 (C.D. Cal. Nov. 20, 2017) ........................................................................ 7

*Trulis v. Barton*,
  107 F.3d 685 (9th Cir. 1995) ................................................................................................... 7

*Weakly-Hoyt v. Foster*,
  230 Cal. App. 4th 928 (2014) .................................................................................................. 3

**Statutes**

11 U.S.C. § 524(e) ........................................................................................................................ 3

28 U.S.C. § 1334(b) ............................................................................................................ 1, 2, 6, 7

28 U.S.C. § 1441(a) ...................................................................................................................... 8

28 U.S.C. § 1446(b)(2)(A) ........................................................................................................... 8

28 U.S.C. § 1452 .......................................................................................................................... 8

28 U.S.C. § 1452(a) ..................................................................................................................... 6

28 U.S.C. § 1452(b) ..................................................................................................................... 7

California Code of Civil Procedure Section 36(a) ....................................................................... 1

Section 524 of the Bankruptcy Code ................................................................................... 1, 2, 3

Section 1141 of the Bankruptcy Code ..................................................................................... 2, 3

**Other Authorities**

1958 U.S.C.C.A.N. 3099, 3101-02 .............................................................................................. 4

*Anderson v. Corinthian Colleges, Inc.*, No. C06-5157 FDB,
  2006 U.S. Dist. LEXIS 43770 (W.D. Wash. May 25, 2006) .................................................. 5

S. Rep. No. 85—1830 ................................................................................................................... 4

iii
REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

**INTRODUCTION**

Rather than advance this litigation with an eye toward trial, Monsanto has employed delay tactics designed to keep a 75-year-old elderly and sick cancer patient from having her day in court. These tactics necessitate this Reply in Support of Plaintiff's Motion to Remand ("Reply").

In state court, Plaintiff moved for a preference trial pursuant to the California preference statute – California Code of Civil Procedure Section 36(a) – which entitles a plaintiff to trial within 120 days when their health is compromised. Aware that this statutory right is absolute, a few days before the hearing, Monsanto removed the case to this Court, asserting meritless fraudulent joinder arguments concerning a California co-defendant. These fraudulent joinder arguments, and the weak nominal party and federal question jurisdiction arguments that accompany them, are all unavailing.

*First*, Monsanto contends that California-based defendant Orchard Supply Hardware Corporation[1] ("OSH") is fraudulently joined. This argument is two-fold: (1) that a bankruptcy court's injunction bars Plaintiff's claims, rendering OSH's fraudulently joined; and (2) that OSH's filing of a certificate of cancellation precludes Plaintiff's ability to bring suit against OSH. Both of these arguments are specious. Regarding the first contention, Monsanto misconstrues the language of the bankruptcy court's Confirmation Order in order to support its desired conclusion. The second aspect of Monsanto's argument relies entirely on a California Supreme Court holding that does not serve Monsanto in the way that Monsanto wants it to. The holding implicates a *corporation's* survival statute that does not bear on OSH's ability to be sued, given that it was dissolved as an LLC.

*Second*, Monsanto argues in the alternative that OSH is a "nominal" defendant whose California citizenship should be ignored. But this argument can be dismissed easily. California Supreme Court precedent establishes that plaintiffs can sue dissolved entities. That Monsanto insists on the contrary indicates that this argument is merely a rehash of Monsanto's unconvincing fraudulent joinder assertion.

*Third*, aware that its primary arguments are weak, Monsanto attempts to contort Plaintiff's personal injury case into one implicating central issues of OSH's bankruptcy plan in an effort to manufacture subject-matter jurisdiction pursuant to 28 U.S.C. § 1334(b) (conferring original

---

[1] Orchard Supply Hardware Corporation later converted to an LLC called "Orchard Supply Hardware LLC." Later, during bankruptcy proceedings, it converted to 'OSH 2 Liquidating LLC."

jurisdiction over civil matters "related to" Chapter 11 bankruptcy proceedings). However, Ninth Circuit precedent holds that when the debtor's plan is in the post-confirmation stage, there is a requirement of a "close nexus" between a plaintiff's action and the bankruptcy plan before a district court can exercise jurisdiction under § 1334(b). This requisite "close nexus" is lacking here.

All of the foregoing arguments work to obscure the life-and-death reality at the core of this litigation. Monsanto's last-minute gambit—unleashed a mere three days before the hearing on Plaintiff's motion for trial preference—to remove this case without an objectively reasonable basis, has resulted in delay to an elderly, dying Plaintiff who is entitled to a speedy determination on her motion for preferential trial in state court. *See Koch-Ash v. Superior Court*, 180 Cal. App. 689, 694 (1986) ("section 36 manifested the legislative determination that the specified age of 70 conclusively demonstrates the need for a preferential trial date to avoid an irrevocable loss of a qualifying plaintiff's substantive right to trial during his or her lifetime and to potential recovery damages that would not survive plaintiff's pretrial death."). Accordingly, Plaintiff respectfully requests that the Court remand this action back to Superior Court for the County of Alameda so that Plaintiff may avail herself of the statutory right to a preferential trial before she dies and award Plaintiff fees and costs for having wasted precious time responding to Monsanto's baseless arguments.

## ARGUMENT

### I. Monsanto's Fraudulent Joinder Arguments are Unavailing

#### A. The Bankruptcy Court's Injunction Cannot Be Construed To Prohibit Discharge Pursuant to Section 524 Of The Bankruptcy Code, and Thus Does Not Bar Suit Against OSH

Monsanto's claim that the Confirmation Order forecloses the possibility of the Plan of Liquidation being construed to provide a discharge is misleading. *See* Opposition Brief at 9. The Confirmation Order states "Article IX.F of the Plan shall not be construed to (i) provide a discharge under section 1141 of the Bankruptcy Code . . . ."). Confirmation Order ¶ 47 at 35. This language concerns discharges under Section 1141 of the Bankruptcy Code; it is silent regarding discharges available through other statutory avenues. Accordingly, the Confirmation Order should not be construed to prohibit discharge pursuant to Section 524 of the Bankruptcy Code.

1    Additionally, notwithstanding the absence of clear language in the Confirmation Order, Monsanto argues that the Plan of Liquidation is not grounded in Section 524. In doing so, it provides no authority to support its interpretation of Section 1141, which Monsanto claims rules out the possibility of Section 524 discharge.[2] These discharges "affect only the personal liability of the debtor; generally they do not extend to third parties liable for the same debt, such as insurers that insure against losses that are the subject of pending litigation against the debtor." *Weakly-Hoyt v. Foster*, 230 Cal. App. 4th 928, 931-32 (2014) (holding that personal injury claims against a bankrupt defendant when judgment could be satisfied by insurer); *Forsyth v. Jones*, 57 Cal. App. 4th 776, 781 (1997) ("Since [an injunction] voids only those judgments determining the debtor to be personally liable, 'the statutory language, on its face, does not preclude the determination of the debtor's liability upon which the damages would be owed by another party, such as the debtor's liability insurer." (quoting *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 973 (11th Cir. 1989)).

As noted in Plaintiff's Motion to Remand (at 5), The Ninth Circuit agrees: "Subsection (e) makes clear that this injunction applies only to the debtor's personal liability and does not inhibit collection efforts against other entities." *In re Beeney*, 142 B.R. 360, 362 (B.A.P. 9th Cir. 1992). Given this, the bankruptcy court's injunction does not preclude Plaintiff from recovering from OSH's insurers in the event of a judgment against OSH. As such, Monsanto has not offered a colorable argument regarding fraudulent joinder pertaining to the language of the bankruptcy court's injunction.

### B. Precedent Does Not Prevent Plaintiff From Bringing Suit Against OSH, a Dissolved Limited Liability Company

Monsanto also argues that OSH is fraudulently joined by virtue of its formal dissolution and subsequent filing of a certificate of cancellation. It does this by way of *Greb v. Diamond Int'l Corp.*, 56 Cal. 4th 243 (2013), a case that rejected the plaintiff's contention that the defendant corporation's capacity to be sued was governed by a California "survival statute" that allows lawsuits against dissolved companies for their pre-dissolution conduct. This argument is also misplaced.

---

[2] 11 U.S.C. § 524(e) provides that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."

3
REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

*Greb* concerns the interpretation of Section 2010, a survival statute found in the California Corporations Code. In parsing this section, the *Greb* court held that the section mandates an application of the survival statute of a dissolved corporation's state of incorporation. In other words, it held that Section 2010 does not apply to foreign corporations. *Id.* at 272-73. But the instant case, on the other hand, does not concern Section 2010. Rather, if it implicates a California survival statute, it is Section 17707.06 of the California Revised Uniform Limited Liability Company Act—a subset of the Corporations Code. Section 17707.06(a) provides, in relevant part: "A limited liability company that has filed a certificate of cancellation nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it in order to collect and discharge obligations, disposing of and conveying its property, and collecting and dividing its assets." Pursuant to Section 17707.06 language, Plaintiff is free to bring suit against OSH, which existed as an LLC in multiple iterations (formerly as Orchard Supply Hardware LLC, and later as OSH 2 Liquidating LLC), and which Monsanto conceded is an "in-forum defendant." Opposition Brief at 14.

Given the above, OSH is not fraudulently joined, and remand is the proper corrective. Remand would further the Congressional policy that seeks to frustrate the unfair advantage that Monsanto is attempting to gain in the matter at bar, namely, the policy of preventing "the evil whereby a local institution, engaged in a local business and in many cases locally owned, is enabled to bring its litigation into the Federal courts simply because it has obtained a corporate charter from another State." S. Rep. No. 85—1830, at 5 (1958), *reprinted in* 1958 U.S.C.C.A.N. 3099, 3101-02. Such concerns are compounded in light of the posture of the instant action, namely that Ms. Olah – as a California citizen – is statutorily entitled to have her motion for trial preference (and trial) heard in a California court for injuries sustained in California by an entity that held itself out as a California business for decades.

Moreover, a remand here would lend credence to the normative argument that companies should not be allowed to reap the benefits of doing business in California while simultaneously availing themselves of the laxer entity law of foreign jurisdictions.

## II. OSH Is Not a "Nominal" Defendant Given that Establishes Precedent Grants a Plaintiff Ability to Maintain Lawsuits Against Dissolved Entities

Monsanto's argument in the alternative that OSH is a nominal party that should be disregarded for determining diversity is meritless.  Contrary to Monsanto's assertions, the California Supreme Court has held that "dissolved corporations may be sued and parties may maintain lawsuits against dissolved corporations 'at law or in equity, in contract or tort, or of what nature soever, and whether begun before or after dissolution.'" *City of Rialto v. U.S. Dep't of Def.*, 492 F. Supp. 2d 1193, 1198 (C.D. Cal 2003) (quoting *Penasquitos*, 53 Cal. 3d at 1186).  Thus, dissolved entities like OSH are not nominal parties, *de jure*, as Monsanto would like them to be.  That Monsanto insists that they, contrary authority notwithstanding, demonstrates that this nominal party argument is really just a rehash of its unconvincing fraudulent joinder argument.

Moreover, Monsanto again relies on inapposite authority to advance this weak argument.  As discussed in Plaintiff's Motion to Remand, Monsanto's use of *Strotek Corp. v. Air Trnasp. Ass'n of Am.*, 300 F.3d 1129 (9th Cir. 2002) is misplaced.  *See* Motion to Remand at 8.  *Strotek* concerns an unincorporated trade association defendant, alleged to be a citizen of Nevada, that in fact moved its "nerve center" to Washington D.C., accepted service of process there, and then appeared on behalf of the sued entity to defend the lawsuit.  300 F.3d at 1131, 1132.  Similarly, *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337 (3d Cir. 2013) concerned the citizenship of unincorporated associations which, unlike incorporated businesses, are "not recognized as a legal person," and courts instead "look to the citizenship of the people or corporations who comprise [an unincorporated association] to determine if diversity jurisdiction exists." *Id.* at 348.  Additionally, in *Anderson v. Corinthian Colleges, Inc.*, No. C06-5157 FDB, 2006 U.S. Dist. LEXIS 43770 (W.D. Wash. May 25, 2006), the court labeled a defendant a nominal party to be disregarded for determining diversity.  But this defendant was not a nominal party because it was a dissolved corporation; rather, the court found it to be a nominal party because all of its assets and liabilities had been assumed by one of the other named defendants, post-dissolution.  *Id.* at *11.  What these three cases have in common is that they present facts that are markedly different than those found in the instant case.

**III.    The Court Lacks Subject-Matter Jurisdiction Pursuant to 28 U.S.C. § 1334(b) Because Plaintiff's Action Does Not Have a Sufficiently "Close Nexus" to the Bankruptcy Plan and, in the Alternative, the Court Should Grant Remand on Equitable Grounds**

Monsanto's argument that removal is proper under 28 U.S.C. § 1452(a)[3] because 28 U.S.C. § 1334(b)[4] gives this Court federal question jurisdiction (via original jurisdiction over civil matters "related to" Chapter 11 bankruptcy proceedings) is unavailing. Opposition Brief at 11. This is because it rests on a capacious reading of narrow language, namely, the "close nexus" to a bankruptcy plan or proceeding that a plaintiff's claims need have in order to support removal. *In re Heller Ehrman LLP*, 461 B.R. 606, 608 (Bankr. N.D. Cal. 2011) (quoting *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193-94 (9th Cir. 2005)). This "close nexus" is markedly absent here.

Given this restrictive standard, it is difficult to see how OSH's pre-confirmation retail activity—activity that gave rise to the instant personal injury suit—bears a close nexus to the bankruptcy plan that would eventually emerge. *See In re The Fairchild Corp.*, 452 B.R. 525, 531 (Bankr. D. Del. 2011) ("claims based on pre-petition conduct that were asserted post-confirmation, but could have been brought prior to confirmation lack a nexus sufficient to confer jurisdiction upon the bankruptcy court"); *In re Nobel Grp., Inc.*, 529 B.R. 284, 291 (Bankr. N.D. Cal. 2015) ("As a general rule, the cases where a close nexus was found involved a situation where resolution of the dispute would require the bankruptcy court to interpret or enforce a provision of the confirmed plan."). Here, we have a post-confirmation case based on pre-petition conduct that does not implicate the relevant bankruptcy Plan of Liquidation or Confirmation Order. Instead, we have claims based on the fact that OSH retailed a product that gave Plaintiff cancer.[5]

---

[3] Section 142(a) provides that "[a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

[4] Section 1334(b) states that "[e]xcept as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Subsection (e)(2) is not relevant for our purposes.

[5] Distinguish *In re Minoco Grp. Of Cos., Ltd.*

Monsanto also advances the baseless argument that Plaintiff's personal injury claims are improper collateral attacks on the Bankruptcy Court's injunction, attacks that violate principles of res judicata. *See* Opposition Brief at 12.  First, regarding the collateral attack doctrine, Plaintiff's claims are not barred because her claims were never addressed by a prior order or judgment.  *See Rein v. Providian Financial Corp.*, 270 F.3d 895, 902 (9th Cir. 2001) (finding that the collateral attack doctrine did not apply to plaintiff because his claims "were never addressed by a prior order or judgment"); *Pub. Util. Dist. No. 1 of Grays Harbor Cnty. Wash. v. IDACORP Inc.*, 379 F.3d 641, 652 n.12 (9th Cir. 2004) (noting that there was no impermissible collateral attack in "the absence of a finding" despite plaintiff's "advanced arguments" on the issue); *Spindler v. City of Los Angeles*, 2017 WL 5592650, at *8 (C.D. Cal. Nov. 20, 2017) (stating that for the collateral attack doctrine to apply, "the court in the prior proceedings must have addressed and ruled on the specific issue or claim presented in the subsequent proceeding").

Moreover, res judicata does not apply here.  Monsanto cites *Trulis v. Barton*, 107 F.3d 685, 691 (9th Cir. 1995) as standing for the proposition that res judicata principles preclude collateral attack when the parties fail to challenge a bankruptcy plan of reorganization on direct appeal.  *See* Opposition Brief at 13.  But *Trulis* also states that "[r]es judicata bars a party from bringing a claim if a court of competent jurisdiction has rendered final judgment on the merits in a previous action involving the same parties and claims." *Id.*  Clearly, the Bankruptcy Court did not render a judgment on the merits of Plaintiff's personal injury claims against OSH.  Given this, res judicata does not bar Plaintiff's claims.

Finally, even if the Court were to find jurisdiction pursuant to Section 1334(b), it should remand the action under the "equitable remand" provision of 28 U.S.C. § 1452(b). *See* Remand Motion at 11-12.  Monsanto challenges this equitable remand argument by asserting that there is federal subject matter jurisdiction here grounded in the inherent power of a court to interpret and enforce its orders.  *See* Opposition Brief at 13.  Monsanto goes on to state that there "is no equitable basis to have a California state court interpret and enforce a federal bankruptcy court's injunction order." *Id.*  First, it is not the case that a California state court would affect the "enforcement" of the Bankruptcy Court's injunction order; as explained in Plaintiff's Motion to Remand, it is black letter-

law that a personal injury plaintiff may recover from a dissolved defendant's insurers upon judgment. *See Penasquitos, Inc. v. Superior Court*, 53 Cal. 3d 1180 (1991). Second, Monsanto cites no authority to support the foregoing argument. Plaintiff, on the other hand, has provided ample authority to demonstrate her right to equitable remand.[6]

### IV. Monsanto's Argument that OSH's Consent to Removal is Not Required is Misguided

28 U.S.C. § 1446(b)(2)(A) states: "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join or consent to the removal of the action."[7] Monsanto argues that OSH's consent to removal is not required by Section 1446(b)(2)(A) because OSH was fraudulently joined, or in the alternative, merely a nominal party. *See* Opposition Brief at 14. As shown above, however, OSH is neither a fraudulently joined defendant, nor a merely nominal party. Accordingly, Monsanto must obtain the consent of OSH prior to filing a notice of removal. That it did not do so renders the instant removal defective.

Moreover, Monsanto also argues that 28 U.S.C. § 1452 and Bankruptcy Rule 9027 do not require that removing defendant obtain a co-defendant's consent to removal. *See* Opposition Brief at 15. This is immaterial. As explained above, these provisions have no practical import here because Section 1452 is not an available route to removal for Monsanto.

Lastly, given that OSH is a California citizen and was properly joined and served, Monsanto may not remove the case on diversity grounds pursuant to the forum defendant rule. *Loewen v. McDonnell*, No. 19-CV-00467-YGR, 2019 WL 2364413, at *7 (N.D. Cal. June 5, 2019) ("a defendant may not remove a case on diversity grounds if any defendant who is a resident of the

---

[6] *See*, *e.g.*, *Citigroup, Inc. v. Pac. Inv. Mgmt. Co.*, 296 B.R. 505, 509 (C.D. Cal. 2003) ("[W]hen a state court proceeding sounds in state law and bears a limited connection to a debtor's bankruptcy case, abstention is particularly compelling."); *Parke v. Cardsystems Sols., Inc.*, No. C 06-04857 WHA, 2006 WL 2917604, at *5 (N.D. Cal. Oct. 11, 2006) ("[c]omity dictates that California courts should have the right to adjudicate 'the exclusively state law claims involving California-centric plaintiffs and California-centric transactions'") (quoting *Citigroup*, 296 B.R. at 509).

[7] 28 U.S.C. § 1441(a) provides that "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

forum state has been properly joined and served"). Plaintiff's case must be remanded on this basis alone.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in Plaintiff's Motion to Remand, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Remand and send this case to the proper California court where an elderly, sick Plaintiff may exercise her statutory right to a preference trial.

Dated: April 24, 2020

By: /s/ Pedram Esfandiary
Pedram Esfandiary (SBN: 312569)
pesfandiary@baumhedlundlaw.com
BAUM, HEDLUND, ARISTEI, & GOLDMAN, P.C.
10940 Wilshire Blvd., 17th Floor
Los Angeles, CA 90024
Telephone: (310) 207-3233
Facsimile: (310) 820-7444

## CERTIFICATE OF SERVICE

I, Pedram Esfandiary, hereby certify that, on April 24, 2020, I electronically filed the foregoing with the Clerk for the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

/s/ Pedram Esfandiary
Pedram Esfandiary