**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:    202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
        elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Joseph Griffin-Young v. Monsanto Co.*, Case No. 3:20-cv-02298-VC | |

<u>**MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Joseph Griffin-Young's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies those allegations.

2.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

3.      Monsanto admits the allegations in the first two sentences of paragraph 3.  In response to the last sentence of paragraph 3, Monsanto admits that glyphosate was one of the

world's most widely used herbicides in 2013, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 3 and therefore denies those allegations

4.      In response to the allegations in paragraph 4, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware. Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 4.  Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 4 and therefore denies those allegations

5.      In response to the allegations in paragraph 5, Monsanto admits that its glyphosate products are registered in at least 130 countries and approved for use on over 100 different crops. Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media.  Monsanto otherwise denies the remaining allegations in paragraph 5.

6.      Monsanto admits the allegations in the first sentence of paragraph 6.  Monsanto denies the allegations in the second sentence of paragraph 6 to the extent they suggest that IARC based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

7.      Monsanto admits the allegations in the first sentence of paragraph 7.  Monsanto denies the allegations in the second sentence of paragraph 7.

8.      In response to the allegations in paragraph 8, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02298-VC

1   allegations in paragraph 8.

2       9.      In response to paragraph 9, Monsanto admits that glyphosate repeatedly has been

3   found to be safe to humans and the environment by regulators in the United States and around

4   the world and further admits that it has labeled glyphosate products as approved by regulatory

5   bodies consistent with those findings.  Monsanto also admits that the EPA repeatedly has

6   concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that

7   glyphosate-based herbicides create no unreasonable risk to human health or to the environment

8   when used in accordance with the label.  To the extent that paragraph 9 alleges that Monsanto

9   has labeled glyphosate-based or Roundup®-branded herbicides in any manner different or in

10  addition to such regulatory approval, Monsanto denies such allegations.

11      10.     Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in the first and second sentences of paragraph 10 and therefore denies

13  those allegations.  In response to the allegations in the third sentence of paragraph 10, Monsanto

14  denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or

15  knowledge sufficient to form a belief as to the truth of the allegations regarding where certain

16  other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

17      11.     Monsanto admits the allegations in the first and second sentences of paragraph 11.

18  In response to the allegations in the final sentence of paragraph 11, Monsanto admits that it was

19  the entity that discovered the herbicidal properties of glyphosate and that Monsanto

20  manufactures Roundup®-branded products that have glyphosate as the active ingredient, but

21  notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

22  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

23  remaining allegations in the final sentence of paragraph 11 and therefore denies those

24  allegations.

25      12.     Monsanto admits the allegations in paragraph 12.

26      13.     The allegations in paragraph 13 set forth conclusions of law for which no

27  response is required.  To the extent that a response is deemed necessary, Monsanto admits the

28  allegations in paragraph 13 based upon the allegations in plaintiff's Complaint.

14.     The allegations in paragraph 14 set forth conclusions of law for which no response is required.

15.     The allegations in paragraph 15 set forth conclusions of law for which no response is required.

16.     In response to the allegations in paragraph 16, Monsanto denies any "omissions" and certain events giving rise to plaintiffs' claims.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.  The remaining allegations in paragraph 16 set forth conclusions of law for which no response is required.

17.     The allegations in paragraph 17 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations.

18.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  Monsanto denies the remaining allegations in paragraph 18.

19.     In response to the allegations in paragraph 19, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  Monsanto admits the allegations in the second and third sentences of paragraph 19.  The remaining allegations in paragraph 19 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies those allegations.

20.     Monsanto generally admits the allegations in the first sentence of paragraph 20, but denies the allegations in paragraph 20 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").  Monsanto denies the allegations in the second sentence of paragraph 20 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the

1   type of plant.

2        21.   In response to the allegations in paragraph 21, Monsanto admits that farmers have

3   safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining

4   allegations in paragraph 21.

5        22.   Monsanto lacks information or knowledge sufficient to form a belief as to the

6   truth of the allegations in the first two sentences of paragraph 22 and therefore denies those

7   allegations.  Monsanto denies the remaining allegations in paragraph 22.

8        23.   Monsanto denies the allegations in paragraph 23.

9        24.   Monsanto admits that Roundup®-branded products have been used by farmers for

10   approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

11   properties and denies the remaining allegations in paragraph 24.

12        25.   The allegations in paragraph 25 set forth a conclusion of law for which no

13   response is required.  To the extent that a response is deemed required, Monsanto admits the

14   allegations in paragraph 25

15        26.   In response to the allegations in paragraph 26, Monsanto admits that EPA requires

16   registrants of herbicides to submit extensive data in support of the human health and

17   environmental safety of their products and further admits that EPA will not register or approve

18   the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

19   Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 26 set forth

20   conclusions of law for which no response is required.

21        27.   The allegations in paragraph 27 set forth conclusions of law for which no

22   response is required

23        28.   Monsanto admits that Roundup®-branded products are registered by EPA for

24   manufacture, sale and distribution and are registered by the State of Pennsylvania for sale and

25   distribution

26        29.   In response to the allegations in paragraph 29, Monsanto admits that EPA requires

27   registrants of herbicides to submit extensive data in support of the human health and

28   environmental safety of their products and further admits that EPA will not register or approve

1  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

2  states that the term "the product tests" in the final sentence of paragraph 29 is vague and

3  ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 29

4  set forth conclusions of law for which no response is required.

5         30.    Monsanto denies the allegations in paragraph 30 to the extent they suggest that

6  EPA only evaluates the safety of pesticide products on the date of their initial registration.

7  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

8  products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

9  of the allegations in paragraph 30 regarding such pesticide products generally.  The remaining

10  allegations in paragraph 30 set forth conclusions of law for which no response is required.

11         31.    In response to the allegations in paragraph 31, Monsanto admits that EPA has

12  undertaken a regulatory review of glyphosate and further admits that EPA has not released its

13  final findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

14  Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

15  concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic

16  tohumans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

17  posted an October 2015 final report by its standing Cancer Assessment Review Committee

18  ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

19  to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

20  issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

21  the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.
[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

1  humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

2  of the remaining allegations in paragraph 31 and therefore denies those allegations.

3      32.     In response to the allegations in paragraph 32, Monsanto admits that an EPA

4  review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

5  changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

6  evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits

7  that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with

8  respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded

9  that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the

10  two EPA OPP reports and the EPA CARC Final Report discussed above, specific findings of

11  safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf"No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02298-VC

5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 32.

33.     In response to the allegations in paragraph 33, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 33 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

34.     In response to the allegations in paragraph 34, Monsanto admits that Industrial Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

35.     Monsanto denies the allegations in paragraph 35 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 35 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02298-VC

36.     In response to the allegations in paragraph 36, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

37.     In response to the allegations in paragraph 37, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto further admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 37 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

38.     Monsanto denies the allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety. Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The remaining allegations in paragraph 39 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

40.     In response to the allegations in paragraph 40, Monsanto admits that, following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 40 and accordingly denies those allegations.  The remaining allegations in paragraph 40 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

41.     In response to the allegations in paragraph 41, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02298-VC

cited in paragraph 41 and accordingly denies the same.  Monsanto denies the allegations in the last two sentences of paragraph 41.  The remaining allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations, and are accordingly denied

42.     In response to the allegations in paragraph 42, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 42 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

43.     In response to the allegations in paragraph 43, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 43 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

44.     Monsanto denies the allegations in paragraph 44

45.     In response to the allegations in paragraph 45, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 45 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 45.

46.     Monsanto admits that IARC was created in 1965.  The remaining allegations in paragraph 46 are vague and conclusory and comprise attorney characterizations, and are accordingly denied

47.     Monsanto denies the allegations in the first and second sentences of paragraph 47. Monsanto admits the allegations in the final sentence of paragraph 47

48.     In response to the allegations in paragraph 48, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information

1    or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in

2    paragraph 48, which are not limited as of any specified date, and accordingly denies the same.

3    49.    In response to the allegations in paragraph 49, Monsanto admits that IARC sets

4    forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

5    Monsanto denies the remaining allegations in paragraph 49.

6    50.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

7    research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies

8    that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to

9    form a belief as to the truth of the remaining allegations in paragraph 50 and therefore denies

10   those allegations.

11   51.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

12   research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies

13   that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to

14   form a belief as to the truth of the remaining allegations in paragraph 51 and therefore denies

15   those allegations.

16   52.    Monsanto denies the allegations in paragraph 52 to the extent that they suggest

17   that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified

18   glyphosate as a Group 2A agent in March 2015.

19   53.    In response to the allegations in paragraph 53, Monsanto admits that IARC issued

20   its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the

21   monograph was prepared by a "working group" of individuals selected by IARC who met over a

22   one week period in March 2015 to consider glyphosate along with a number of other substances.

23   Monsanto denies the allegation that all members of the working group are "experts."  In response

24   to the allegations in third sentence of paragraph 53, Monsanto denies that the working group or

25   anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or

26   that the working group's findings reflected a comprehensive review of the latest available

27   scientific evidence.  Monsanto also denies that the working group considered all information

28   available in the scientific literature and all data from government reports that are publicly

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02298-VC

1    available.  Monsanto denies the remaining allegations in paragraph 53.

2         54.    In response to the allegations in paragraph 54, Monsanto denies that the IARC

3    working group considered all of the data in the numerous studies that have been conducted

4    looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

5    that it reliably considered the studies that it purports to have reviewed, which frequently reach

6    conclusions directly contrary to those espoused by the IARC working group.  The remaining

7    allegations in paragraph 54 are vague and conclusory.  To the extent they purport to characterize

8    statements made in the IARC monograph for glyphosate, the statements in that document speak

9    for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the

10   accuracy of the source of said information and accordingly denies the allegations.

11        55.    In response to the allegations in paragraph 55, to the extent the allegations purport

12   to characterize statements made in the IARC monograph for glyphosate, the statements in that

13   document speak for themselves, but to the extent that this paragraph means that more than *de*

14   *minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 55.

15        56.    In response to the allegations in paragraph 50, Monsanto admits that the IARC

16   working group identified a number of case control studies of populations with exposures to

17   glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

18   health concern from such exposures.

19        57.    Monsanto denies the allegations in paragraph 57.  The IARC working group

20   concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

21   which, per IARC's guidelines, means that the working group could not rule out chance, bias or

22   confounding so as to reach any conclusion of an increased risk.

23        58.    In response to the allegations in paragraph 58, Monsanto admits that the working

24   group cited to a study that it concluded provided evidence of chromosomal damage in

25   community residents reported to be exposed to glyphosate, but Monsanto denies that the study

26   supports such a conclusion or that the authors of the study reached such a conclusion.

27        59.    In response to the allegations in paragraph 59, Monsanto admits that the IARC

28   working group purported to make these findings, but denies that the animal carcinogenicity

1   studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

2   of the identified tumors.  Monsanto further states that regulatory agencies around the world have

3   reviewed the same animal studies and concluded that they do not provide evidence that

4   glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 59.

5        60.     In response to the allegations in paragraph 60, Monsanto admits that the IARC

6   working group purported to make these findings, but denies that the cited studies provide any

7   reliable basis for a finding that any meaningful levels of glyphosate or AMPA is present or

8   persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 60.

9        61.     In response to the allegations in paragraph 61, Monsanto admits that the IARC

10   working group interpreted a selected number of experimental studies as evidence that glyphosate

11   can cause genotoxicity, but Monsanto denies that the working group reliably considered the full

12   body of scientific data on such alleged genotoxic endpoints and denies that the working group

13   reliably interpreted the studies that it selected for consideration.  Regulators around the world

14   repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining

15   allegations in paragraph 61.

16        62.     In response to the allegations in paragraph 62, Monsanto admits that the IARC

17   working group purported to find such effects, but denies that there is any reliable scientific basis

18   for such conclusion.  Monsanto denies the remaining allegations in paragraph 62.

19        63.     In response to the allegations in paragraph 63, Monsanto admits that the working

20   group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but

21   denies that the working group characterized that study as supporting an association between

22   glyphosate and the specified cancers.  The AHS cohort study did not find a positive association

23   between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph

24   63.

25        64.     In response to the allegations in paragraph 64 Monsanto admits that EPA has a

26   technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water

27   Regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, and that

28   the Complaint accurately quotes from the identified document, which should be read in context

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02298-VC

1    of EPA's precautionary regulatory mandate and the EPA's consistent finding that glyphosate

2    does not pose any cancer risk to humans.

3              65.     In response to the allegations in paragraph 65, Monsanto admits that the

4    Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the

5    Coalition provides any reliable basis for any conclusions regarding potential health risks from

6    glyphosate.  Monsanto notes that a federal district court has characterized this same publication

7    as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928

8    F. Supp. 2d 10, 24 (D.D.C. 2013).

9              66.     The allegations in paragraph 66 set forth conclusions of law for which no

10   response is required.

11             67.     In response to the allegations in paragraph 67, Monsanto admits that the

12   California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was

13   required to add glyphosate to California's Proposition 67 list of chemicals in a process that

14   OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the

15   weight or quality of the evidence considered by IARC.  Monsanto further states that this decision

16   was not based upon any independent scientific analysis of glyphosate but instead was in response

17   to a provision of a California ballot proposition triggering such action based solely upon the

18   IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon

19   its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to

20   pose a cancer hazard to humans."[4]  Monsanto contends that OEHHA's decision that it was

21   required to list glyphosate violates the United States Constitution and the California Constitution

22   On February 26, 2018, a federal district court enjoined California from requiring Proposition 65

23   warning labels for glyphosate as unconstitutional.

24             68.     In response to the allegations in paragraph 68, Monsanto admits that OEHHA

25   added glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself

26

27   [4] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),
     https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907.pdf.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02298-VC

1  considers "ministerial" and "automatic" without any role for consideration of the weight or

2  quality of the evidence considered by IARC.  Monsanto further states that this decision was not

3  based upon any independent scientific analysis of glyphosate but instead was in response to a

4  provision of a California ballot proposition triggering such action based solely upon the IARC

5  classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its

6  own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to pose

7  a cancer hazard to humans."[5]  Monsanto contends that OEHHA's action in listing glyphosate

8  violates the United States Constitution and the California Constitution.  On February 26, 2018, a

9  federal district court enjoined California from requiring Proposition 65 warning labels for

10  glyphosate as unconstitutional

11         69.     In response to the allegations in paragraph 69, Monsanto admits that the IARC

12  working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

13  discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-

14  based herbicides, including the Netherlands, but denies that there is any scientific basis for the

15  concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations

16  in paragraph 69.

17         70.     In response to the allegations in paragraph 70, Monsanto admits that the IARC

18  working group classification led an individual government attorney in Brazil to write a letter to

19  the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the

20  remaining allegations in paragraph 70.

21         71.     Monsanto admits that, in France, the sale to and use by amateurs (*i.e.*, non-

22  professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited

23  as of January 1, 2019, with certain exceptions.  Monsanto denies the remaining allegations in

24  paragraph 71.

25         72.     In response to the allegations in paragraph 72, Monsanto admits that some

26  employees of Bermuda's government announced an intention to suspend the importation of

27  _____

28  [5] *Id.*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02298-VC

1   glyphosate-based herbicides, but lacks information sufficient to form a belief as to the truth of

2   the allegations about whether this suspension took effect and accordingly denies the same.

3   Monsanto denies the remaining allegations in paragraph 72.

4         73.     In response to the allegations in paragraph 73, Monsanto admits that the IARC

5   monograph appears to be the alleged basis for the Sri Lankan government's actions, including

6   the allegation that glyphosate can cause kidney disease.  Monsanto further states that the

7   allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's' allegations

8   regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 73.

9         74.     In response to the allegations in paragraph 74, Monsanto denies the alleged basis

10  for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has

11  explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC

12  ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety

13  concerns.  As of April 2016, the government of Colombia has resumed manual application of

14  glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs'

15  expert testimony purporting to link these same aerial eradication operations with cancer as

16  scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto

17  denies the remaining allegations in paragraph 74.

18        75.     Monsanto lacks information or knowledge sufficient to form a belief as to the

19  truth of the allegations in paragraph 75 and therefore denies those allegations.

20        76.     Monsanto denies that any exposure to Roundup®-branded products can cause

21  Non-Hodgkin's Lymphoma ("NHL") and other serious illnesses and therefore denies those

22  allegations in paragraph 76.  Monsanto states, however, that the scientific studies upon which

23  IARC purported to base its evaluation of glyphosate were all publicly available before March,

24  2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

25  remaining allegations in paragraph 76 and therefore denies those allegations.

26        77.     Monsanto lacks information or knowledge sufficient to form a belief as to the

27  truth of the allegations in paragraph 77 and therefore denies those allegations.

28        78.     Monsanto denies the allegations in paragraph 78.

1          79.      Monsanto denies the allegations in paragraph 79.

2          80.      Monsanto incorporates by reference its responses to paragraphs 1 through 79 in

3    response to paragraph 80 of plaintiffs' Complaint.

4          81.      Monsanto denies the allegations in paragraph 81.

5          82.      In response to the allegations in paragraph 82, Monsanto admits that it has stated

6    and continues to state that Roundup®-branded products are safe when used as labeled and that

7    they are non-toxic and non-carcinogenic.

8          83.      In response to the allegations in paragraph 83, Monsanto admits that it has stated

9    and continues to state that Roundup®-branded products are safe when used as labeled and that

10   they are non-carcinogenic and non-genotoxic.

11         84.      Monsanto denies that exposure to Roundup®-branded products and glyphosate

12   exposed plaintiff to risk of his alleged cancers and denies the remaining allegations in paragraph

13   84.

14         85.      In response to the allegations in paragraph 85, Monsanto admits that it has made

15   statements with respect to the safety of Roundup in accordance with EPA regulation under

16   FIFRA.  Monsanto states that the first sentence in paragraph 85 sets forth conclusions of law for

17   which no response is required.  Monsanto lacks information or knowledge sufficient to form a

18   belief as to the truth of the remaining allegations in paragraph 85 and therefore denies the

19   remaining allegations in paragraph 85.

20         86.      In response to the allegations in the first sentence of paragraph 86, Monsanto

21   denies that there is any risk of NHL or other serious illness associated with the use of and/or

22   exposure to Roundup® and glyphosate.  Monsanto states, however, that the scientific studies

23   upon which IARC purported to base its classification for glyphosate were all publicly available

24   before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to

25   the truth of the remaining allegations in the first sentence of paragraph 86 and therefore denies

26   those allegations.  The final sentence of paragraph 86 sets forth conclusions of law for which no

27   response is required

28         87.      The first sentence of paragraph 87 sets forth conclusions of law for which no

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02298-VC

1   response is required.  Monsanto denies the allegations in the second sentence of paragraph 87.

2       88.    Monsanto denies the allegations in the first sentence of paragraph 88.  Monsanto

3   lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the

4   second sentence of paragraph 88 and therefore denies those allegations.

5       89.    Monsanto incorporates by reference its responses to paragraphs 1 through 88, in

6   response to paragraph 89 of plaintiff's Complaint.

7       90.    In response to the allegations in paragraph 90, Monsanto admits that plaintiffs

8   purport to bring a claim for strict liability design defect but denies any liability as to that claim.

9       91.    Monsanto denies the allegations in the first and second sentences of paragraph 91.

10   In response to the last sentence of paragraph 91, Monsanto lacks information or knowledge

11   sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to

12   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

13   remaining allegations in paragraph 91.

14       92.    Monsanto denies the allegations in paragraph 92.

15       93.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 93 and therefore denies those allegations.

17       94.    Monsanto denies the allegations in paragraph 94.

18       95.    Monsanto denies the allegations in paragraph 95.

19       96.    Monsanto denies the allegations in paragraph 96.

20       97.    Monsanto denies the allegations in paragraph 97.

21       98.    Monsanto denies the allegations in paragraph 98.

22       99.    Monsanto denies the allegations in paragraph 99.

23       100.    Monsanto denies the allegations in paragraph 100.

24       101.    Monsanto denies the allegations in paragraph 101.

25       102.    Monsanto denies the allegations in paragraph 102.

26       103.    Monsanto denies the allegations in paragraph 103.

27   In response to the allegations in the first sentence of the "WHEREFORE" paragraph

28   following paragraph 103, Monsanto demands that judgment be entered in its favor and against

1    plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded

2    costs of suit and reasonable attorney's fees as allowed by law and such further and additional

3    relief as this Court may deem just and proper.  The statement in the last sentence of the

4    "WHEREFORE" paragraph following paragraph 103 sets forth a conclusion of law for which no

5    response is required.

6          104.    Monsanto incorporates by reference its responses to paragraphs 1 through 103 in

7    response to paragraph 104 of plaintiffs' Complaint.

8          105.    In response to the allegations in paragraph 105, Monsanto admits that plaintiffs

9    purport to bring a claim for strict liability failure to warn, but denies any liability as to that claim

10         106.    Monsanto denies the allegations in paragraph 106.

11         107.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations in paragraph 107 that plaintiff purchased Roundup®-branded products and

13   therefore denies those allegations.  The allegations in paragraph 107 also set forth conclusions of

14   law for which no response is required.  Monsanto denies the remaining allegations in paragraph

15   107.

16         108.    The allegations in paragraph 108 set forth conclusions of law for which no

17   response is required.

18         109.    Monsanto denies the allegations in paragraph 109.  All labeling of Roundup®-

19   branded products has been and remains EPA-approved and in compliance with all federal

20   requirements under FIFRA.

21         110.    Monsanto denies the allegations in paragraph 110.

22         111.    Monsanto denies the allegations in paragraph 111.

23         112.    Monsanto denies the allegations in paragraph 112.

24         113.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25   truth of the allegations in paragraph 113 concerning plaintiff alleged use of Roundup®-branded

26   products and therefore denies those allegations.  Monsanto denies the remaining allegations in

27   paragraph 113, including that Roundup®-branded products have "dangerous characteristics."

28         114.    Monsanto lacks information or knowledge sufficient to form a belief as to the

1    truth of the allegations in paragraph 114 regarding plaintiff's claimed use of and exposure to

2    Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

3    remaining allegations in paragraph 114, including that Roundup®-branded products have

4    "dangerous characteristics.

5         115.    In response to the allegations in paragraph 115, Monsanto denies that Roundup®-

6    branded products are associated with risks of NHL or other serious illness or that Roundup®-

7    branded products have "defects."  Monsanto lacks information or knowledge sufficient to form a

8    belief as to the truth of the allegations in the second sentence of paragraph 115 and therefore

9    denies those allegations.  Monsanto denies the remaining allegations in paragraph 115.

10        116.    Monsanto denies the allegations in paragraph 116.

11        117.    Monsanto denies the allegations in paragraph 117.

12        118.    In response to the allegations in paragraph 118, Monsanto denies that there is any

13   risk of NHL or any other serious illnesses associated with the intended use of and/or exposure to

14   Roundup®-branded products and glyphosate.  The allegations in the second sentence of

15   paragraph 118 set forth conclusions of law for which no response is required.  Monsanto denies

16   the remaining allegations in paragraph 118.  All labeling of Roundup®-branded products has

17   been and remains EPA-approved and in compliance with all applicable laws and regulations.

18        119.    Monsanto denies the allegations in paragraph 119.

19        120.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 120 concerning plaintiff's alleged use of Roundup®-branded

21   products and therefore denies those allegations.  Monsanto denies the remaining allegations in

22   paragraph 120.

23        121.    Monsanto denies the allegations in paragraph 130.

24        122.    Monsanto denies the allegations in paragraph 122.

25        123.    Monsanto denies the allegations in paragraph 123

26        124.    Monsanto denies the allegations in paragraph 124.

27        125.    Monsanto denies the allegations in paragraph 125.

28        In response to the first sentence of the "WHEREFORE" paragraph following paragraph

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02298-VC

1    125, Monsanto demands that judgment be entered in its favor and against plaintiffs; that

2    plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

3    and reasonable attorney's fees as allowed by law and such further and additional relief as this

4    Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE"

5    paragraph following paragraph 125 sets forth a conclusion of law for which no response is

6    required.

7            126.    Monsanto incorporates by reference its responses to paragraphs 1 through 125 in

8    response to paragraph 126 of plaintiff's Complaint.

9            127.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in paragraph 127 regarding the specific products allegedly used by

11   plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore

12   denies the allegations in paragraph 127.

13           128.    The allegations in paragraph 128 set forth conclusions of law for which no

14   response is required.

15           129.    The allegations in paragraph 129 set forth conclusions of law for which no

16   response is required.

17           130.    Monsanto denies the allegations in paragraph 130.

18           131.    Monsanto denies the allegations in paragraph 131.

19           132.    Monsanto denies the allegations in paragraph 132.  All labeling of Roundup®-

20   branded products has been and remains EPA-approved and in compliance with all federal

21   requirements under FIFRA.

22           133.    Monsanto denies the allegations in paragraph 133.

23           134.    Monsanto denies the allegations in paragraph 134.

24           135.    Monsanto denies the allegations in paragraph 135, including each of its subparts.

25           136.    Monsanto denies the allegations in paragraph 136.

26           137.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27   truth of the allegations in paragraph 137 regarding plaintiff's knowledge and therefore Monsanto

28   denies those allegations.  Monsanto denies the remaining allegations in paragraph 137, including

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02298-VC

1   that intended use and/or exposure to Roundup®-branded products causes any injuries.

2       138.   Monsanto denies the allegations in paragraph 138.

3       139.   Monsanto denies the allegations in paragraph 139.

4       140.   Monsanto denies the allegations in paragraph 140.  All labeling of Roundup®-

5   branded products has been and remains EPA-approved and in compliance with all federal

6   requirements under FIFRA.

7       141.   Monsanto denies the allegations in paragraph 141.

8       In response to the first sentence of the "WHEREFORE" paragraph following paragraph

9   141, Monsanto demands that judgment be entered in its favor and against plaintiff; that

10   plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

11   and reasonable attorney's fees as allowed by law and such further and additional relief as this

12   Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE"

13   paragraph following paragraph 141 sets forth a conclusion of law for which no response is

14   required.

15       142.   Monsanto incorporates by reference its responses to paragraphs 1 through 141 in

16   response to paragraph 142 of plaintiff's Complaint.

17       143.   Monsanto denies the allegations in paragraph 143.  Additionally, the last sentence

18   in paragraph 143 sets forth a conclusion of law for which no response is required.

19       144.   Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 144 regarding plaintiff's claimed use of Roundup®-branded

21   products and therefore denies those allegations.  The remaining allegations in paragraph 144 set

22   forth conclusions of law for which no response is required.

23       145.   Monsanto denies the allegations in paragraph 145.  All labeling of Roundup®-

24   branded products has been and remains EPA-approved and in compliance with all federal

25   requirements under FIFRA.

26       146.   Monsanto lacks information or knowledge sufficient to form a belief as to the

27   truth of the allegations in paragraph 146 regarding the claimed use of and exposure to

28   Roundup®-branded products by plaintiff, and therefore denies those allegations.  The remaining

allegations in paragraph 146 set forth conclusions of law for which no response is required.

147.    The allegations in paragraph 147 set forth conclusions of law for which no response is required.

148.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 148 and therefore denies those allegations

149.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 149 regarding the claimed use of Roundup®-branded products by plaintiff and others and therefore denies those allegations.  The remaining allegations in paragraph 149 set forth conclusions of law for which no response is required.

150.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 150 regarding plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph 150 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 150.

151.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 151 regarding plaintiff's claimed use of Roundup®-branded products or plaintiff's claimed reliance and therefore denies those allegations.  The allegation in paragraph 151 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required.

152.    Monsanto denies that there is any risk of serious injury associated with the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 152 regarding plaintiff's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 152.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto denies the allegations in paragraph 154.

155.    Monsanto denies the allegations in paragraph 155.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal

1    requirements under FIFRA.

2           In response to the first sentence of the "WHEREFORE" paragraph following paragraph

3    155, Monsanto demands that judgment be entered in its favor and against plaintiffs; that

4    plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

5    and reasonable attorney's fees as allowed by law and such further and additional relief as this

6    Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE"

7    paragraph following paragraph 155 sets forth a conclusion of law for which no response is

8    required.

9           156.    Monsanto incorporates by reference its responses to paragraphs 1 through

10   155 in response to paragraph 156 of plaintiffs' Complaint.  Monsanto denies the allegations in

11   the second sentence of paragraph 156 to the extent it encompasses all herbicides as vague and

12   ambiguous but Monsanto admits the allegations in this sentence to the extent it refers to

13   glyphosate based herbicides.  In response to the final sentence of paragraph 156, Monsanto

14   admits that plaintiffs purport to bring a claim for breach of express warranty but denies any

15   liability as to that claim.  Monsanto denies the allegations that Roundup® branded products are

16   defective and unreasonably dangerous to consumers and therefore denies the remaining

17   allegations in paragraph 156.

18          157.    Paragraph 157 and its subparts set forth conclusions of law for which no

19   response is required.

20          158.    In response to the allegations in Paragraph 158, Monsanto admits that it

21   has sold glyphosate based herbicides in accordance with their EPA-approved labeling.

22   Monsanto further states that paragraph 158 sets forth conclusions of law for which no response is

23   required.  Monsanto denies the remaining allegations in paragraph 158.

24          159.    Monsanto denies the allegations in the first and second sentence of

25   paragraph 159.  All labeling of Roundup®-branded products has been and remains EPA-

26   approved and in compliance with all federal requirements under FIFRA.  Monsanto states that

27   the final sentence of paragraph 159 sets forth conclusions of law for which no response is

28   required.

- 24 -

160.     The first sentence of paragraph 160 sets forth conclusions of law for which no response is required.   Monsanto denies the allegations in the final sentence of paragraph 160.

161.     Monsanto denies the allegations in paragraph 161 and each of its subparts.

162.     Monsanto states that the allegation in paragraph 162 that Monsanto made an express warranty sets forth a legal conclusion for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 162 and therefore denies those allegations.

163.     Monsanto denies the allegations in paragraph 163 to the extent that they allege that Monsanto made false or incomplete statements and representations concerning Roundup®.  All labeling of Roundup® branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 163 regarding plaintiff's knowledge and therefore denies those allegations.

164.     Monsanto denies the allegations in paragraph 164.

In response to the first sentence of the "WHEREFORE" paragraph following paragraph 164, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

165.     Monsanto incorporates by reference its responses to paragraphs 1 through 164 in response to paragraph 165 of plaintiff's Complaint.

166.     Monsanto denies the allegations in paragraph 166.

167.     Monsanto denies the allegations in paragraph 167.

168.     Monsanto denies the allegations in paragraph 168.

169.     Monsanto denies the allegations in paragraph 169.

170.     Paragraph 170 sets forth a conclusion of law for which no response is required.

171.     The allegations in paragraph 171 set forth conclusions of law for which no

1   response is required.

2       In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

3   denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

4   damages, interest, costs, or any other relief whatsoever.

5       Every allegation in the Complaint that is not specifically and expressly admitted in this

6   Answer is hereby specifically and expressly denied.

7                           **SEPARATE AND AFFIRMATIVE DEFENSES**

8       1.      The Complaint, in whole or part, fails to state a claim or cause of action against

9   Monsanto upon which relief can be granted.

10      2.      Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

11  reliable evidence that the products at issue were defective or unreasonably dangerous.

12      3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted,

13  was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

14  plaintiff's alleged injuries.

15      4.      Plaintiff's claims are barred, in whole or in part, because the products at issue

16  were designed, manufactured, marketed and labeled with proper warnings, information, cautions

17  and instructions, in accordance with the state of the art and the state of scientific and

18  technological knowledge.

19      5.      Plaintiff's claims are barred, in whole or in part, because the products at issue

20  were not defective or unreasonably dangerous in that they complied with, at all relevant times,

21  all applicable government safety standards.

22      6.      Any claims based on allegations that Monsanto misled, defrauded, made

23  misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

24  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

25  *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

26      7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law

27  relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

28  processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.      Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.      Applicable statutes of limitations and/or repose, bar plaintiff's claims in whole or in part.

13.      Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.      If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.      Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

16.      Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Pennsylvania Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Pennsylvania law, and/or other applicable state laws.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

25.     If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize or limit such claims.

27.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28.     Monsanto hereby preserves any and all defenses under *Tincher v. Omega Flex, Inc.*, 104 A.3d 328 (Pa. 2014).

1      29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as

2   may become available or apparent during the course of discovery and thus reserves its right to

3   amend this Answer to assert such defenses.

4      **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

5   plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

6   other relief as the Court deems equitable and just.

7                                 <u>**JURY TRIAL DEMAND**</u>

8      Monsanto demands a jury trial on all issues so triable.

9   DATED:  April 30, 2020                    Respectfully submitted,

10

11                                            /s/ Joe G. Hollingsworth
                                              Joe G. Hollingsworth (*pro hac vice*)
12                                            (jhollingsworth@hollingsworthllp.com)
                                              Eric G. Lasker (*pro hac vice*)
13                                            (elasker@hollingsworthllp.com)
                                              HOLLINGSWORTH LLP
14                                            1350 I Street, N.W.
                                              Washington, DC  20005
15                                            Telephone:  (202) 898-5800
                                              Facsimile:  (202) 682-1639
16

17                                            *Attorneys for Defendant*
                                              *MONSANTO COMPANY*
18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02298-VC