**WILKINSON WALSH LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: 202-942-5000
Fax: 202-942-5999

**SHOOK, HARDY & BACON LLP**
Thomas J. Dammrich II (*pro hac vice*)
(tdammrich@shb.com)
Peter F. O'Neill (*pro hac vice*)
(pfoneill@shb.com)
111 S. Wacker Drive, Suite 4700
Chicago, IL 60606-4314
Tel: 312-704-7700
Fax: 312-558-1195

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Meghan Caruso v. Monsanto Company, et al.*, Case No. 3:20-cv-01017-VC | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**DEFENDANT MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Date: Thursday, May 28, 2020<br>Time: 10:00 a.m.<br>Courtroom: 4 |

**ISSUE TO BE DECIDED**

In an attempt to revive time-barred claims, Plaintiff requests leave to file a Third Amended Complaint at Law (ECF No. 39-1, "TAC")[1], seeking to convert three so-called "respondents in discovery" into new defendants under an Illinois Code of Civil Procedure rule, 735 ILCS 5/2-402, that does not apply in federal court.  Plaintiff concedes that the statute of limitations ran on her claims against the potential new defendants no later than October 21, 2019 (ECF No. 39 at 4 (Pl.'s Br.)). Nevertheless, Plaintiff attempts to use the Illinois Respondent in Discovery Statute—which tolls the running of statutes of limitations for six months—as a procedural mechanism to revive claims that are time-barred in federal court.

There is no basis for Plaintiff to invoke state procedural law to join additional defendants in federal court.  Joinder of additional parties in federal court is governed by Federal Rules of Civil Procedure 19 and 20 and—when the new party would destroy a federal court's diversity jurisdiction after removal—by 28 U.S.C. § 1447(e).  Here, Section 1447(e) applies because one of the companies that Plaintiff seeks to add as a defendant (Archer Pines Landscaping, Inc. ("Archer Pines")) is an Illinois citizen for purposes of diversity jurisdiction.

Applying a different Illinois state court rule of compulsory joinder would directly conflict with Section 1447(e) as well as the Federal Rules of Civil Procedure.  Indeed, Plaintiff concedes that every federal court addressing the relief she requests has "refused to apply" the unique Illinois statute (ECF No. 39 at 9 (Pl.'s Br.)), as doing so would violate the Supremacy Clause and the *Erie* doctrine.  And there is no justification for joining Archer Pines pursuant to Section 1447(e) because Plaintiff concedes that the limitation period has expired against it.  Accordingly, the Court should reject Plaintiff's attempt to make an end run around Section 1447(e) and the Federal Rules of Civil Procedure, and deny Plaintiff's motion.

---

[1] Unless otherwise noted, all "ECF" citations are to the docket for *Caruso v. Bayer Corporation, et al.*, No. 3:20-cv-01017-VC (N.D. Cal.).

**BACKGROUND**

Plaintiff filed her lawsuit against Defendant Russo Hardware, Inc. ("Russo") on October 30, 2018, in the Circuit Court of Cook County, Illinois. ECF No. 1-6. Two days later, Plaintiff filed a First Amended Complaint at Law naming Monsanto as a defendant. ECF No. 1-7 at 19-61. On October 21, 2019, Plaintiff filed a Second Amended Complaint at Law (*id.* at 333-378, "SAC") designating four "respondents in discovery"—a designation unique to the Illinois Code of Civil Procedure. One of them, Archer Pines, is an Illinois citizen, as is the Plaintiff.

Respondents in discovery "are creatures of a special provision of Illinois law that permits a plaintiff to seek no relief other than the possible provision of information relevant to plaintiff's underlying substantive claims." *Wisniewski v. City of Chicago*, 98 C 7682, 1998 WL 895746, at *1 (N.D. Ill. Dec. 15, 1998). Under 735 ILCS 5/2-402, respondents in discovery "shall be required to respond to discovery by the plaintiff in the same manner as are defendants." However, "[a] respondent in discovery is not a party to the lawsuit, and there is no civil action pending against such person." *Asset Mktg. Sys. Ins. Services, LLC v. Indian Harbor Ins. Co.*, 12CV2874-CAB (KSC), 2014 WL 12539700, at *4 (S.D. Cal. Feb. 14, 2014); *Montclair-Bohl v. Janssen Pharm., Inc.*, 06 C 2166, 2006 WL 2700013, at *1 (N.D. Ill. Sept. 13, 2006) (same).

While an action is pending in state court, "[a] person or entity named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period." 735 ILCS 5/2-402. Extensions of this time may be granted for good cause. *Id*. Plaintiff chose to utilize this Illinois procedural law to toll the statute of limitations that otherwise would have expired the same day she filed her SAC. ECF No. 39 at 4 (Pl.'s Br.). However, unlike parties in a lawsuit, respondents in discovery "play no part in any removal equation" and "their states of citizenship" are "irrelevant" for determining diversity jurisdiction. *Wisniewski*, 1998 WL 895746, at *1.

On October 29, 2019, Monsanto timely removed this case to the Northern District of Illinois.  ECF No. 1.  Monsanto received "other paper" from Plaintiff, the decedent's former employer, and Russo in October 2019 that confirmed that Russo, an Illinois landscaping retailer, had been fraudulently joined.  *See*, *e.g.*, ECF Nos. 1, 22, 35; 28 U.S.C. § 1446(b)(3).  The Judicial Panel on Multidistrict Litigation subsequently transferred this action here on February 6, 2020, over Plaintiff's objection that transfer would cause her unique prejudice.  ECF No. 25.  A month later, Plaintiff filed her Motion to Remand on March 6, 2020.  ECF Nos. 30, 31.  Monsanto filed its opposition on March 19, and Plaintiff replied on March 26.  ECF Nos. 35, 37.  On April 17, Plaintiff moved to file an amended complaint naming three of the four respondents in discovery as defendants in this case pursuant to Illinois Code of Civil Procedure Section 2-402.  ECF No. 39 at 6 (Pl.'s Br.).

## ARGUMENT

The court should deny Plaintiff's motion because Illinois Code of Civil Procedure Section 2-402 does not apply in federal court.

Under *Erie*, broadly speaking, "federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law."  *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).  But as the Ninth Circuit has recognized, "[a] special case arises when the federal law is embodied in a Federal Rule of Civil Procedure.  In that situation, the federal rule must be applied if it does not 'abridge, enlarge, or modify any substantive right in violation of the Rules Enabling Act.'"  *Fruend v. Nycomed Amersham*, 347 F.3d 752 (9th Cir. 2003) (citing *Hanna v. Plumer*, 380 U.S. 460, 471 (1965)).[2]

---

[2] As noted in this Court's Pretrial Order No. 158, "Ninth Circuit decisions on federal issues govern cases transferred to courts within the circuit . . . ."  *See In re Roundup Prod. Liab. Litig.*, 3:16-md-02741-VC, ECF No. 4549 at 3 (N.D. Cal. Jul. 10, 2019); *Id.* at 1 ("[F]or questions of federal law, . . . Ninth Circuit law will govern regardless of where a case originated.") (citing *In re Gen. Am. Life Ins. Co. Sales Practices Litig.*, 391 F.3d 907, 911 (8th Cir. 2004) and *In re Anthem, Inc. Data Breach Litig.*, Case No. 15-MD-02617-LHK, 2016 WL 324386, at *2 (N.D. Cal. Jan. 27, 2016)).  However, because 735 ILCS 5/2-402 is an Illinois-specific statute, the vast majority of cases discussing it are derived from Illinois state and federal courts.  Thus, citations to Ninth Circuit law as well as instructive Seventh Circuit law are included herein.

Thus, if a state law conflicts with a rule of civil procedure such that "'enforcing [it] would knock out the federal rule,' then the federal rule controls." *Montclair*, 2006 WL 2700013, at *1 (quoting *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 310 (7th Cir. 1995)); *Swinomish Indian Tribal Cmty. v. BNSF Ry. Co.*, 951 F.3d 1142, 1152 (9th Cir. 2020) ("When a federal law conflicts with a state or local law, the state or local law simply must give way.").

Every federal court that has addressed the question at issue here has held that the federal rules conflict with and trump 735 ILCS 5/2-402. In *Montclair*, for example, the Northern District of Illinois squarely held that 735 ILCS 5/2-402 cannot be used as a procedural mechanism to add parties to a matter that has been removed to federal court, regardless of whether the statute of limitations had run. 2006 WL 2700013, at *3. The court recognized that Federal Rules of Civil Procedure 19 and 20, as well as 28 U.S.C. § 1447(e) in the post-removal context, govern the joinder of defendants in federal cases:

> Rule 19 addresses compulsory joinder, *i.e.*, joinder of parties without whom the case cannot, in fairness, proceed. Rule 20 addresses permissive joinder, *i.e.*, joinder of parties who can, but need not, be joined to the suit. Section 1447(e) addresses joinder specifically in the context of removal cases: 'If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.'

*Id.* at *1 (citing Fed. R. Civ. P. 19, 20 and quoting Section 1447(e)). The court then acknowledged that 735 ILCS 5/2-402 is in "direct conflict" with these federal rules:

> Like Rule 19, section 2-402 sets forth a species of compulsory joinder, mandating that respondents in discovery be joined as defendants, upon timely motion, if there is probable cause to believe they are liable. Thus, section 2-402 is in direct conflict with both Rule 19, which instructs courts to consider a variety of factors to determine whether a defendant must be joined, and section 1447(e), which grants courts discretion to deny joinder in removal cases.

*Montclair*, 2006 WL 2700013, at *1. "Because there is a conflict between [735 ILCS 5/2-402] and federal procedure, the Supremacy Clause dictates that the latter controls." *Id.* (citing *Healy*, 60 F.3d at 310).

Other courts addressing Section 2-402 are in accord. *Sargent v. Cottrell, Inc.*, 06-CV-1042-MJR, 2007 WL 4115811, at *2 (S.D. Ill. Nov. 16, 2007) (same, noting that "[e]nforcing §

2-402 in federal court would 'knock out' Rules 19 and 20 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(e)"); *Leach v. Conoco Phillips Co.*, 08-CV-0143-MJR-CJP, 2008 WL 3200835, at *5 (S.D. Ill. Aug. 6, 2008) ("This Judge is not convinced that a state rule of civil procedure (735 ILCS 5/2-402) governs amendment of complaints in this court post-removal, thereby trumping applicable *federal* provisions, like 28 U.S.C. § 1447(e)"). The logic of these cases is straightforward and sound. The Illinois rule would substitute a state compulsory joinder rule for the well-established framework for discretionary joinder embodied in a federal statute and the Federal Rules of Civil Procedure. This Court should accordingly reach the same result here. *Barker v. Hubbard*, 2011 WL 5241256, at *2 (E.D. Cal. Nov. 1, 2011) ("Where state and federal law conflict, the Supremacy Clause in the Constitution dictates that state law must give way."); *Swinomish*, 951 F.3d at 1152 (same).

Even assuming there were no conflict between 735 ILCS 5/2-402 and federal law, this statute from the Illinois Code of Civil Procedure cannot be applied in this Court because it is procedural law. Where there is no direct conflict between a federal rule of procedure and a state rule, the *Erie* analysis employs an "outcome determination test." *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001). This inquiry is "guided by 'the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws.'" *Id.* (quoting *Gasperini*, 518 U.S. at 428). And even if state law is outcome determinative, in light of these aims a court "must then decide whether an overriding federal interest justifies application of federal law." *Id.* (citing *Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525 (1958)).

The *Montclair* decision examined these issues at length, and correctly held that 735 ILCS 5/2-402 is procedural in nature and did not apply in federal court. The court found that a federal court's refusal to apply 735 ILCS 5/2-402 does not create any incentive to forum shop. *Montclair*, 2006 WL 2700013, at *2. While the time period for doing so may differ, plaintiffs still have ample opportunity to name potentially responsible defendants under the federal joinder rules. Further, disregarding 735 ILCS 5/2-402 helps to avoid the inequitable administration of

the law because all federal courts would use the same joinder rules.  In contrast, if Section 2-402 applied in federal court, "the outcome of a joinder motion may depend on the location of the court."  *Id.*  "Illinois federal courts, who could not deny joinder in accordance with section 1447(e), would be forced to permit diversity-destroying defendants to be joined and, as a result, to remand such cases to state court."  *Id.*  "Federal courts in other states, however, would retain their discretion to deny joinder, creating the potential for different joinder decisions in similar cases in different federal courts."  *Id.*

The analysis and rationale of *Montclair* applies equally here.  Affording Plaintiff her requested relief by applying 735 ILCS 5/2-402 in this Court would not advance either of the twin aims of the *Erie* doctrine: avoidance of forum shopping and the inequitable administration of the laws.  *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001).  On the other hand, denying Plaintiff's motion and refusing to apply 735 ILCS 5/2-402 in this Court—as every other court ruling on the issue has done previously—discourages forum shopping and avoids the untenable outcome of "dissimilar results in similar cases." *Montclair*, 2006 WL 2700013, at *2.

Nor would applying federal rather than state law here unfairly prejudice Plaintiff or lead to inequitable results.  Plaintiff claims to have had in her possession sufficient information to name the respondents in discovery as actual defendants before the expiration of the statute of limitations and before removal, but chose not to do so.  On October 18, 2019, the eve of the running of the statute of limitations, Plaintiff filed an Emergency Motion for Leave to file her SAC adding four respondents in discovery.  ECF No. 1-7 at 330.  Notably, the allegations supporting Plaintiff's emergency motion are nearly identical to those actually included in the proposed TAC:

| **Emergency Motion for Leave to file SAC** | **Plaintiff's Proposed TAC** |
|---|---|
| Home Depot U.S.A., Inc. "sold the dangerous and defective products [Roundup®-branded herbicides] to Mr. Caruso's employer" (ECF No. 1-7 at 330, ¶ 4(a)). | "Plaintiff is informed and believes that Defendant HOME DEPOT did sell, advertise, and/or distribute Roundup® to decedent and/or the decedent's employer" (ECF No. 39-1 at 8, ¶ 30). |
| Menard, Inc. "sold the dangerous and defective products [Roundup®-branded herbicides] to Mr. Caruso's employer" (ECF No. 1-7 at 330, ¶ 4(b)). | "Plaintiff is informed and believes that Defendant MENARD did sell, advertise, and/or distribute Roundup® to decedent and/or the decedent's employer" (ECF No. 39-1 at 8, ¶ 35). |
| Archer Pines Landscaping, Inc. "used the dangerous and defective products [Roundup®-branded herbicides] on the premises of Mr. Caruso's employer" (ECF No. 1-7 at 330, ¶ 4(d)). | "Plaintiff is informed and believes that Defendant ARCHER did use Roundup® on the [premises of Mr. Caruso's employer]" (ECF No. 3901 at 9, ¶ 40). |

Indeed, Plaintiff concedes that "[t]he same reasoning for naming the entities as [respondents in discovery] initially provides the basis for naming them as defendants now," ECF No. 39 at 7 (Pl.'s Br.), and that two of the respondents in discovery "did not respond at all" to discovery sent to them by Plaintiff, *id.* at 10. Thus, the "procedural quandary" Plaintiff finds herself in now, ECF No. 39 at 2, is the result of Plaintiff's own strategic decision. Plaintiff admits "if Illinois did not have [735 ILCS 5/2-402], the three [respondents in discovery] would have been named as Defendants prior to the two-year statute of limitations . . . ." ECF No. 39 at 11. Yet, relevant case law provides notice that a party nearing a statute of limitations deadline might be prompted to "name all potentially liable parties as defendants" rather than rely on 735 ILCS 5/2-402 and run the risk of losing the ability to join additional defendants in federal court. *Montclair*, 2006 WL 2700013, at *3; *see also Leach*, 2008 WL 3200835, at *5 ("once in federal court-plaintiffs could not convert a respondent in discovery to a defendant, if the limitations period had run") (citing cases); *Canterbery v. Petrovich*, 2008 WL 63263, *3 (S.D. Ill. 2008) (noting that plaintiff "was able to achieve in state court what he could not have achieved in federal court: he converted a respondent in discovery to a defendant after the limitations period expired")).

In short, in federal court, 735 ILCS 5/2-402 simply cannot serve as the basis for the relief Plaintiff requests. *Montclair*, 2006 WL 2700013, at *3 ("applying section 2-402 to diversity cases would be inconsistent with both the Supremacy Clause and the *Erie* doctrine"); *see also Murphy v. Schering Corp.*, 878 F. Supp. 124, 126 (N.D. Ill. 1995) (striking count against respondent in discovery in pleading filed initially in federal court, and noting that "735 ILCS 5/2-402 (which is expressly made part of the Illinois Code of Civil *Procedure*) simply does not operate as a basis for including [a respondent in discovery] as a party litigant here").

Finally, putting aside that Plaintiff fails to invoke it, there is no basis to add Archer Pines (an Illinois citizen) as a defendant under Section 1447(e), the statute which properly governs the proposed addition of diversity-destroying parties following removal. Plaintiff concedes that the statute of limitations has run on her claims against the proposed defendants, ECF No. 39 at 4 (Pl.'s Br.), and, as discussed above, she cannot assert 735 ILCS 5/2-402 in this Court to overcome that statute of limitations bar. Therefore, Plaintiff's proposed claims against Archer Pines manifestly lack merit. *See Moore v. United Kingdom*, 384 F.3d 1079, 1088 (9th Cir. 2004) (finding "no basis . . . for allowing amendment of the complaint to name the United States as defendant [where] such amendment would be futile") (citing *Deutsch v. Turner Corp.*, 324 F.3d 692, 718 n. 20 (9th Cir.2003) (denying leave to amend complaint where such amendment would be futile because the statute of limitations had run)); *Faulkner v. ADT Sec. Services, Inc.*, 624 Fed. Appx. 544 (9th Cir. 2015) ("As the district court correctly ruled, amendment would be futile because the new claim would be barred by the statute of limitations."). Applying the Section 1447(e) factors, Archer Pines is neither necessary nor indispensable to the adjudication of this case, and Plaintiff would not be prejudiced if she is barred from adding concededly time-barred claims against it. The Court should accordingly preclude Plaintiff from filing an amended complaint that adds Archer Pines as a new defendant. *See, e.g.*, *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) (applying Section 1447(e) to affirm denial of motion to remand; agreeing with district court's conclusion that Michael Cassidy "was not a crucial defendant in this case" and that plaintiff "would not suffer undue prejudice due to Cassidy's

absence as a party"); *San Jose Neurospine v. Cigna Health and Life Ins. Co.*, No. 16-CV-05061-LHK, 2016 WL 7242139, at *11-12 (N.D. Cal. Dec. 15, 2016) (applying Section 1447(e) to reject amendment based in part on conclusion that plaintiff's claims against proposed new defendant lacked merit and that plaintiff would not be prejudiced by denial of amendment); *Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1119-20 (N.D. Cal. 2006) (applying Section 1447(e) to reject amendment based in part on conclusion that "under the facts as currently alleged, there is no reason to think that Bonner would have a meritorious claim against either [of the proposed new defendants], much less that either of these parties would be necessary or indispensable to the adjudication of the case").

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion for Leave to File a Third Amended Complaint.

DATED:  May 1, 2020

Respectfully submitted,

*/s/ Thomas J. Dammrich II*

| | |
|---|---|
| William Hoffman (*pro hac vice*) <br> (william.hoffman@arnoldporter.com) <br> Daniel S. Pariser (*pro hac vice*) <br> (daniel.pariser@arnoldporter.com) <br> ARNOLD & PORTER KAYE SCHOLER LLP <br> 601 Massachusetts Avenue, NW <br> Washington, DC 20001 <br> Tel:  202-942-5000 <br> Fax: 202-942-5999 | Thomas J. Dammrich II (*pro hac vice*) <br> (tdammrich@shb.com) <br> Peter F. O'Neill (*pro hac vice*) <br> (pfoneill@shb.com) <br> SHOOK, HARDY & BACON LLP <br> 111 S. Wacker Drive, Suite 4700 <br> Chicago, IL 60606-4314 <br> Tel: 312-704-7700 <br> Fax: 312-558-1195 |
| Eric G. Lasker (*pro hac vice*) <br> (elasker@hollingsworthllp.com) <br> Martin C. Calhoun (*pro hac vice*) <br> (mcalhoun@hollingsworthllp.com) <br> HOLLINGSWORTH LLP <br> 1350 I Street, NW <br> Washington, DC 20005 <br> Tel:  202-898-5843 <br> Fax: 202-682-1639 | Brian L. Stekloff (*pro hac vice*) <br> (bstekloff@wilkinsonwalsh.com) <br> Rakesh Kilaru (*pro hac vice*) <br> (rkilaru@wilkinsonwalsh.com) <br> WILKINSON WALSH LLP <br> 2001 M Street, NW, 10th Floor <br> Washington, DC 20036 <br> Tel:  202-847-4030 <br> Fax: 202-847-4005 |

Attorneys for Defendant MONSANTO COMPANY

## CERTIFICATE OF SERVICE

    I hereby certify that on May 1, 2020, I electronically filed the foregoing **DEFENDANT MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT** with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

                                                      /s/ *Thomas J. Dammrich II*