1  **TROY DOUGLAS MUDFORD** ..... California State Bar No. 156392
   **ESTEE LEWIS** .................................. California State Bar No. 268358
2  **CATHLEEN THERESA BARR** ....... California State Bar No. 295538
   **BRANDON STORMENT** ................ California State Bar No. 267260
3  **BARR & MUDFORD, LLP**
   1824 Court Street/Post Office Box 994390
4  Redding, California   96099-4390
   Telephone:  (530) 243-8008
5  Facsimile:  (530) 243-1648
6
   Attorneys for Plaintiff
7

8                      **UNITED STATES DISTRICT COURT**
9
10                    **NORTHERN DISTRICT OF CALIFORNIA**
11

12  | | |
    |---|---|
13  MDL: *In Re Roundup Products Liability Litigation* | **MDL No: 16-MD-2741-VC** |

14  MIKE SAPINSKY, Individual, | **Case Specific No.  3:20-CV-00257-VC**
15
                     Plaintiff, | **PLAINTIFF'S REPLY TO MONSANTO'S**
16                              | **OPPOSITION TO PLAINTIFF'S**
                     vs.        | **MOTION TO AMEND HIS COMPLAINT**
17                              | **AND TO REMAND *SAPINSKY* CASE**

18  MONSANTO COMPANY, a corporation;
    WILBUR-ELLIS COMPANY, LLC, a     | **Date    :  May 14, 2020**
19  corporation;                     | **Time    :  10:00 a.m.**
    WILBUR-ELLIS NUTRITION, LLC      | **Crtrm.  :  4, 17th Floor**
20  (formerly WILBUR-ELLIS FEED, LLC) a | **Judge.   :  Honorable Vince Chhabria**
    corporation;
21  and DOES 1 through 100, Inclusive,

22                   Defendants.
23
24
25
26
27
28

**BARR & MUDFORD**
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Plaintiff's Reply to Motion to Amend Complaint and to Remand Case**

1

## TABLE OF CONTENTS

2

3    I.      REPLY.................................................................................................................1

4    II.     LEGAL ARGUMENT ...........................................................................................1

5         A.    MONSANTO'S REMOVAL IS PREMATURE............................................ ........1

6

7         B.    MONSANTO FAILS TO MEET ITS BURDEN OF PROVING
               FRAUDULENT JOINDER OF ORCHARD HARDWARE COMPANY .............3

8             1.    The Bankruptcy Court's Injunction Cannot be Construed to Prohibit
                   Discharge Pursuant to Section 524 Of The Bankruptcy Code, and Thus
9                   Does Not Bar Suit Against OSH ....................................................................5

10            2.    Precedent Does Not Prevent Plaintiff From Bringing Suit Against OSH,
                   A Dissolved Limited Liability Company .......................................................6

11

12            3.    OSH Is Not A "Nominal" Defendant Given That Established Precedent
                   Grants Plaintiff Ability To Maintain Lawsuits Against Dissolved Entities ...8

13

14            4.    The Court Lacks Subject-Matter Jurisdiction Pursuant to 28 U.S.C.
                   §1334(b) Because Plaintiff's Action Does not Have a Sufficiently
15                   "Close Nexus" to the Bankruptcy Plan, Alternatively, Remand is
                   Appropriate Court Should Grant Remand on Equitable Grounds ...............10

16

17            5.    The Minimal Delay To Bring the Motion to Amend Was Not
                   Unreasonable ...............................................................................................11

18

19         C.    MONSANTO FAILS TO MEET ITS BURDEN OF PROVING
               FRAUDULENT JOINDER AGAINST WILBUR-ELLIS ............................ ......14

20    III.    CONCLUSION ...................................................................................................15

21

22

23

24

25

26

27

28

**DUGAN BARR
&ASSOCIATES**
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

1

## <u>TABLE OF AUTHORITIES</u>

2

## <u>CASES</u>

3

*Anderson v. Corinthian Colleges, Inc.*, No. C06-5157 FDB,
4
2006 U.S. Dist. LEXIS 43770 (W.D. Wash. May 25, 2006) ....................................................10

5
*Bakshi v. Bayer Healthcare, LLC*, 2007 WL 1232049 at \*5 (N.D. Gal. 2007) ........................13

6
*B.C. v. Blue Cross of Cal.*, 2012 WL 12782 (C.D. Cal. Jan.3, 2012) ..........................................2

7
*City of Rialto v. U.S. Dep't of Def.*, 492 F. Supp. 2d 1193, 1198 (C.D. Cal 2003)......................8

8
*Dunkin v. A.W. Chesterson Co.*, 2010 WL 1038200 (N.D. Cal. Mar. 19, 2010) ........................2

9
*Forsyth v. Jones*, 57 Cal. App. 4th 776, 781 (1997)....................................................................6
10
*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ..................................................................3, 15

11
*Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769 (9th Cir. 1986) ..............................*2, 3*
12
*Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) ...........14, 15
13
*Greb v. Diamond Int'l Corp.*, 56 Cal. 4th 243 (2013)..............................................................6, 7

14
*Guerrero v. General Motors Corp.*, 392 F. Supp. 2d 1133 (N.D. Cal. 2005) .............................*2*
15
*Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)........................................14

16
*IBC Aviation Services Inc. v. Compania Mexicana de Aviacion*
17
125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000).......................................................................8, 13

18
*In re Beeney*, 142 B.R. 360, 362 (B.A.P. 9th Cir. 1992) .............................................................6

19
*In re The Fairchild Corp.*, 452 B.R. 525, 531 (Bankr. D. Del. 2011)......................................11
20
*In re Heller Ehrman LLP*, 461 B.R. 606, 608 (Bankr. N.D. Cal. 2011) ..................................10

21
*In re Jet Florida Systems*, Inc., 883 F.2d 970, 973 (11th Cir. 1989)..........................................6
22
*In re OSH 1 Liquidating Corp.*, No. 13BK11565, 2013 WL 7071945
23
(Bkrtcy.D.Del. Dec. 20, 2013)....................................................................................................5
24
*In re Nobel Grp., Inc.*, 529 B.R. 284, 291 (Bankr. N.D. Cal. 2015) ........................................11
25
*In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193-94 (9th Cir. 2005)........................................10
26
*Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337 (3d Cir. 2013) ........................................9
27
*Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ..............15
28

**DUGAN BARR**
**&ASSOCIATES**
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

*Hernandezcueva v. E.F. Brady Co. Inc.,* (2015) 243 Cal.App.4th 249, 257–258 .......................9

*Lewis v. Time. Inc.,* 83 F.R.D. 455, 460 (E.D.Cal.1979), *aff'd* 710 F.2d 549 (9th Cir.1983) ....14

*Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062 (9th Cir.1979) ........................................3

*Macey v. Allstate Prop. & Cas. Ins. Co.,* 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) ..........14

*Nasrawi v. Buck Consultants, LLC,* 776 F. Supp. 2d 1166, 1169–70 (E.D. Cal. 2011)..............14

*Oettinger v. Home Depot,* 2009 WL 2136764 (N.D. Gal. 2009) .........................................12, 13

*Penasquitos v. Superior Court* (1991) 53 Cal.3d 1180 .......................................................*8*

*People of State of Cal. By & Through Lungren v. Keating,*
986 F.2d 346 (9th Cir. 1993). ..................................................................................*3*

*Plute v. Roadway Package Sys., Inc.,* 141 F. Supp. 2d 1005 (N.D. Cal. 2001) .......................15

*Righetti v. Shell Oil Co.,* 711 F.Supp.531, 535 (N.D. Cal. 1989)...................................8, 11, 12

*Roberts v. A.W. Chesterton Co.,* 2008 WL 782569  (N.D. Cal. 2008).....................................*2*

*Saylor v. General Motors Corp.,* 416 F. Supp. 1173 (E.D. Ky. 1976).....................................*2*

*Self v. Gen. Motors Corp.,* 588 F.2d 655 (9th Cir. 1978) ...................................................3

*Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868 (1941)..................................*3*

*Soule v. GM Corp.* (1994) 8 Cal.4th 548, 560. .................................................................9

*Strotek Corp. v. Air Transport Ass'n of Am.,* 300 F.3d 1129 (9th Cir. 2002). ........................*2, 9*

*Universal Ins. Co. v. Hartford Fire Ins. Co.,* 556 F. Supp. 2d 68 (D.P.R. 2008)......................*2*

*Weakly-Hoyt v. Foster,* 230 Cal. App. 4th 928, 931-32 (2014)...................................................*6*


**STATUTES**

28 U.S.C. § 1332. .................................................................................................*14*

28 U.S.C. § 1332(a). ..............................................................................................*4*

28 U.S.C. § 1332(b). ..............................................................................................*4, 5*

28 U.S.C. § 1334(b). ..............................................................................................*10*

28 U.S.C. § 1452(a) ...............................................................................................10

28 USC § 1447 ......................................................................................................*8*

**DUGAN BARR**
**&ASSOCIATES**
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

28 USC § 1447(e) ........................................................................................11, 12

Bankruptcy Code section 524. ...................................................................5

Bankruptcy Code section 1141. ................................................................5

Corporations Code section 2010 ...........................................................6, 7

California Revised Uniform Limited Liability Company Act section 17707.06 .......................7

Federal Rule of Civil Procedure section 19 ...............................................8

**TREATISES/REPORTS**

C. Wright, A. Miller & et al. 14C Fed. Prac. & Proc. Juris. (Rev. 4th ed.) § 3723 *Removal Based on Diversity of Citizenship and Alienage Jurisdiction*. ............................................................2

Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial ¶2:672 (The Rutter Group 1998) ...............................................................14

S. Rep. No. 85—1830, at 5 (1958), reprinted in 1958 U.S.C.C.A.N. 3099, 3101-02. .................7

DUGAN BARR
&ASSOCIATES
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

## I.     REPLY

Contrary to Monsanto's confusing claim that plaintiff did not dispute that Wilbur-Ellis and OSH were fraudulently joined (see Monsanto's Opposition Brief, pg. 1, 6) in plaintiff's Opposition to Removal, plaintiff discussed the reasons why Wilbur-Ellis was properly joined, that Monsanto has not shown that Wilbur-Ellis was fraudulently joined, and that that removal is not appropriate at this time. (See Plaintiff's Opposition, Doc. 6, pg. 6:12-9:28.) Additionally, plaintiff discussed the reasons that he should be permitted to amend the complaint to include an additional defendant: Orchard Supply Hardware. (See Motion to Amend, 2:3-6:21.) As discussed herein, OSH is a proper defendant, and the bankruptcy has no bearing upon plaintiff's ability to maintain a lawsuit against its insurance proceeds.  Finally, the Motion to Amend was promptly brought within one year of the date of discovery of plaintiff's injury, the delay is reasonable since plaintiff's counsel has only been involved in this case since September 2019 and has been working on gathering documents and investigating this case, determining ability to bring a suit against dissolved entities, and moved to amend within two months of filing the original complaint (and over a year before the statute of limitations would run based the tolling of the statute of limitation due to the date of discovery).  Further, federal jurisdiction is already precluded based on co-defendant Wilbur-Ellis being named in this case, therefore adding OSH does nothing to change this. Finally, plaintiff has stated a valid claim against OSH, and no prejudice will result to any party if OSH is added to the case.

Therefore, the Motion to Amend the Complaint and Motion to Remand should be granted.

## II.     LEGAL ARGUMENT

### A. MONSANTO'S REMOVAL IS PREMATURE.

Notwithstanding all the smoke and mirror created by Monsanto, the fact remains that Monsanto's removal was premature. In requesting that the Court sanction its premature removal,

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Monsanto asks it to deviate from the Ninth Circuit's guidance in that regard. "When an action is removed based on diversity, complete diversity must exist at removal." *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986). "As a general rule, diversity jurisdiction requires complete diversity of citizenship both at the time the action was commenced in state court and at the time of removal." *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). That is clearly not the case here. Plaintiffs' operative complaint both when the action was commenced **and** at the time of removal was devoid of complete diversity. Premature removal is improper removal and should not be permitted.

It is well settled that "[a] party whose presence in the action would destroy diversity must be dropped formally, as a matter of record, to permit removal, however." C. Wright, A. Miller & et al. 14C Fed. Prac. & Proc. Juris. (Rev. 4th ed.) § 3723 *Removal Based on Diversity of Citizenship and Alienage Jurisdiction*. Indeed, courts have repeatedly rejected premature removals as improper. *See Guerrero v. General Motors Corp.*, 392 F. Supp. 2d 1133, 1135 (N.D. Cal. 2005) (remanding the case where court approval of settlement agreements involving non-diverse defendant had not occurred); *Roberts v. A.W. Chesterton Co.*, 2008 WL 782569 at *2 (N.D. Cal. 2008) (ordering remand where court record did not establish all non-diverse defendants had been *formally* eliminated from state court action); *B.C. v. Blue Cross of Cal.*, 2012 WL 12782, *7 (C.D. Cal. Jan.3, 2012); *Universal Ins. Co. v. Hartford Fire Ins. Co.*, 556 F. Supp. 2d 68 (D.P.R. 2008); *Saylor v. General Motors Corp.*, 416 F. Supp. 1173, 1175 (E.D. Ky. 1976) (removal was improper since the court order dismissing the resident defendant was interlocutory and there had been no final elimination of the resident defendant in the state court); *Dunkin v. A.W. Chesterson Co.*, 2010 WL 1038200, at *3 (N.D. Cal. Mar. 19, 2010) ("Courts within this District have . . . ruled that a settlement is insufficient to confer removal jurisdiction where the formal dismissal of the non-diverse defendant has not yet been entered.")

**BARR & MUDFORD**
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Plaintiff's Reply to Motion to Amend Complaint and to Remand Case**

1     In asking the Court to sanction its unwarranted conduct, Monsanto wants the Court to

2    simply disregard Ninth Circuit's repeated admonitions regarding removal: "[R]emoval statutes

3    are strictly construed against removal." *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064

4    (9th Cir.1979) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868 (1941)).

5    "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

6    instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

7     The law in this Circuit is clear: "[O]nly a voluntary act by a plaintiff could create

8    diversity removal jurisdiction where none existed from the complaint." *Gould*, 790 F.2d at 773.

9    "[W]hen an event occurring after the filing of a complaint gives rise to federal jurisdiction, the

10   ability of a defendant to remove is not automatic; instead, removability is governed by the

11   "'voluntary/involuntary rule.'" *People of State of Cal. By & Through Lungren v. Keating,* 986

12   F.2d 346, 348 (9th Cir. 1993). It is settled law that the "conversion [of a nonremovable case] *can*

13   *only be accomplished* by the voluntary amendment of his pleadings by the plaintiff or, where the

14   case is not removable because of joinder of defendants, by the *voluntary dismissal* or nonsuit by

15   him of the party or of parties defendant." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 659 (9th Cir.

16   1978) (emphasis added). There is no question that Plaintiff's Complaint, with its lack of

17   complete diversity, did not give rise to federal jurisdiction.  And Monsanto cannot point to any

18   act by plaintiffs that can be construed as voluntarily creating such jurisdiction. Therefore, since

19   there is complete diversity, and the non-diverse defendants have not been dismissed, removal

20   was premature.

21

22

23   **B.** **MONSANTO FAILS TO MEET ITS BURDEN OF PROVING FRAUDULENT**

24       **JOINDER OF ORCHARD SUPPLY HARDWARE COMPANY.**

25    First, Monsanto argues that plaintiff has named OSH only to create diversity.  This is not

26   true.  There is already a non-diverse defendant in this case: Wilbur-Ellis Company, who was

27   properly named and has not been dismissed. A lack of complete diversity precludes subject

28

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Plaintiff's Reply to Motion to Amend Complaint and to Remand Case**

matter jurisdiction. 28 U.S.C. § 1332(a). As discussed in Section C, *infra,* Monsanto has not shown that Wilbur-Ellis is an improper defendant and that there is not even a *possibility* that Wilbur-Ellis could be found liable.  As such, federal jurisdiction is already precluded. Adding an additional defendant does nothing to change this. Indeed, Plaintiff is simply seeking to add another defendant, Orchard Supply Hardware Company (OSH) from whom he routinely purchased Round-Up.  OSH is a proper defendant who was a seller, supplier, and/or in the chain of distribution of Round-Up, and is a responsible party in this case.

Next, Monsanto asserts a meritless fraudulent joinder argument regarding OSH and Wilbur-Ellis, both California co-defendants. These fraudulent joinder arguments, and the weak nominal party and federal question jurisdiction arguments that accompany them, are all unavailing.  Arguments regarding Wilbur-Ellis are discussed in Section C below.

Monsanto's argument against OSH is two-fold: (1) that a bankruptcy court's injunction bars Plaintiff's claims, rendering OSH's fraudulently joined; and (2) that OSH's filing of a certificate of cancellation precludes Plaintiff's ability to bring suit against OSH.  Both of these arguments are specious.

Regarding the first contention, Monsanto misconstrues the language of the bankruptcy court's Confirmation Order in order to support its desired conclusion. The second aspect of Monsanto's argument relies entirely on a California Supreme Court holding that does not serve Monsanto in the way that Monsanto wants it to. The holding implicates a corporation's survival statute that does not bear on OSH's ability to be sued, given that it was dissolved as an LLC. Further, aware that its primary arguments are weak, Monsanto attempts to contort Plaintiff's personal injury case into one implicating central issues of OSH's bankruptcy plan in an effort to manufacture subject-matter jurisdiction pursuant to 28 U.S.C. § 1334(b) (conferring original jurisdiction over civil matters "related to" Chapter 11 bankruptcy proceedings). However, Ninth Circuit precedent holds that when the debtor's plan is in the post-confirmation stage, there is a

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Plaintiff's Reply to Motion to Amend Complaint and to Remand Case**

requirement of a "close nexus" between a plaintiff's action and the bankruptcy plan before a district court can exercise jurisdiction under § 1334(b). This requisite "close nexus" is lacking here. Finally, Monsanto argues in the alternative that OSH is a "nominal" defendant whose California citizenship should be ignored. But this argument can be dismissed easily. California Supreme Court precedent establishes that plaintiffs can sue dissolved entities. That Monsanto insists on the contrary indicates that this argument is merely a rehash of Monsanto's unconvincing fraudulent joinder assertion.

Accordingly, Plaintiff respectfully requests that the Court remand this action back to Superior Court.

1. **The Bankruptcy Court's Injunction Cannot Be Construed To Prohibit Discharge Pursuant to Section 524 Of The Bankruptcy Code, and Thus Does Not Bar Suit Against OSH**

Monsanto's claim that the Confirmation Order forecloses the possibility of the Plan of Liquidation being construed to provide a discharge is misleading. (See Opposition Brief at 2-3, 8-9). Indeed, the Confirmation Order explicitly states "Article IX.F of the Plan shall not be construed to (i) provide a discharge under section 1141 of the Bankruptcy Code . . . .". *In re OSH 1 Liquidating Corp.*, No. 13BK11565, 2013 WL 7071945, at *17 (Section II. Miscellaneous, paragraph 47) (Bkrtcy.D.Del. Dec. 20, 2013) (attached to Lewis Declaration, as Exhibit A.) This language concerns discharges under Section 1141 of the Bankruptcy Code; it is silent regarding discharges available through other statutory avenues. If one discharge is excluded, then it follows other discharges likewise could be excluded. Accordingly, the Confirmation Order should not be construed to prohibit discharge pursuant to Section 524 of the Bankruptcy Code.

Additionally, notwithstanding the absence of clear language in the Confirmation Order, these discharges "affect only the personal liability of the debtor; [but] generally they do not extend to third parties liable for the same debt, **such as insurers that insure against losses that**

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 5
**Plaintiff's Reply to Motion to Amend Complaint and to Remand Case**

are the subject of pending litigation against the debtor." *Weakly-Hoyt v. Foster*, 230 Cal. App. 4th 928, 931-32 (2014) (holding that personal injury claims against a bankrupt defendant when judgment could be satisfied by insurer) (emphasis added); *Forsyth v. Jones*, 57 Cal. App. 4th 776, 781 (1997) ("Since [an injunction] voids only those judgments determining the debtor to be personally liable, 'the statutory language, on its face, does not preclude the determination of the debtor's liability upon which the damages would be owed by another party, such as the debtor's liability insurer." (quoting *In re Jet Florida Systems*, Inc., 883 F.2d 970, 973 (11th Cir. 1989)).

The Ninth Circuit agrees: "Subsection (e) makes clear that this injunction applies only to the debtor's personal liability and does not inhibit collection efforts against other entities." *In re Beeney*, 142 B.R. 360, 362 (B.A.P. 9th Cir. 1992). Given this, the bankruptcy court's injunction does not preclude Plaintiff from recovering from OSH's insurers in the event of a judgment against OSH. As such, Monsanto has not offered a colorable argument regarding fraudulent joinder pertaining to the language of the bankruptcy court's injunction.

### 2. Precedent Does Not Prevent Plaintiff From Bringing Suit Against OSH, a Dissolved Limited Liability Company

Monsanto also argues that OSH is fraudulently joined by virtue of its formal dissolution and subsequent filing of a certificate of cancellation. It does this by way of *Greb v. Diamond Int'l Corp.*, 56 Cal. 4th 243 (2013), a case that rejected the plaintiff's contention that the defendant corporation's capacity to be sued was governed by a California "survival statute" that allows lawsuits against dissolved companies for their pre-dissolution conduct. This argument is also misplaced.

*Greb* concerns the interpretation of Section 2010, a survival statute found in the California Corporations Code. In parsing this section, the *Greb* court held that the section mandates an application of the survival statute of a dissolved corporation's state of incorporation.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

Page 6
**Plaintiff's Reply to Motion to Amend Complaint and to Remand Case**

1    In other words, it held that Section 2010 does not apply to foreign corporations. *Id.* at 272-73.

2    But the instant case, on the other hand, does not concern Section 2010. Rather, it is Section

3    17707.06 of the California Revised Uniform Limited Liability Company Act—a subset of the

4    Corporations Code. Section 17707.06(a) provides, in relevant part: "A limited liability company

5    that has filed a certificate of cancellation nevertheless continues to exist for the purpose of

6    winding up its affairs, prosecuting and defending actions by or against it in order to collect and

7    discharge obligations, disposing of and conveying its property, and collecting and dividing its

8    assets." Pursuant to Section 17707.06 language, Plaintiff is free to bring suit against OSH, which

9    existed as an LLC in multiple iterations (formerly as Orchard Supply Hardware LLC, and later as

10   OSH 2 Liquidating LLC).

11

12          Given the above, plaintiff is not asking to fraudulently join OSH, the Motion to Amend

13   should be granted and remand is the proper corrective. Remand would further the Congressional

14   policy that seeks to frustrate the unfair advantage that Monsanto is attempting to gain in the

15   matter at bar, namely, the policy of preventing "the evil whereby a local institution, engaged in a

16   local business and in many cases locally owned, is enabled to bring its litigation into the Federal

17   courts simply because it has obtained a corporate charter from another State." S. Rep. No. 85—

18   1830, at 5 (1958), reprinted in 1958 U.S.C.C.A.N. 3099, 3101-02. Such concerns are

19   compounded in light of the posture of the instant action, namely that plaintiff – as a California

20   citizen – is statutorily entitled to have her motion for trial preference (and trial) heard in a

21   California court for injuries sustained in California by an entity that held itself out as a California

22   business for decades.

23

24          Moreover, a remand here would lend credence to the normative argument that companies

25   should not be allowed to reap the benefits of doing business in California while simultaneously

26   availing themselves of the laxer entity law of foreign jurisdictions.

27

28

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Plaintiff's Reply to Motion to Amend Complaint and to Remand Case**

**3.** **OSH Is Not a "Nominal" Defendant Given that Established Precedent Grants a Plaintiff Ability to Maintain Lawsuits Against Dissolved Entities**

Monsanto's argument that OSH is a nominal party that should be disregarded for determining diversity is meritless. Contrary to Monsanto's assertions, the California Supreme Court has held that "dissolved corporations may be sued and parties may maintain lawsuits against dissolved corporations 'at law or in equity, in contract or tort, or of what nature so ever, and whether begun before or after dissolution.'" *City of Rialto v. U.S. Dep't of Def.*, 492 F. Supp. 2d 1193, 1198 (C.D. Cal 2003) (quoting *Penasquitos,* 53 Cal. 3d at 1186). Thus, dissolved entities like OSH are not nominal parties, de jure, as Monsanto would like them to be. That Monsanto insists that they, contrary authority notwithstanding, demonstrates that this nominal party argument is really just a rehash of its unconvincing fraudulent joinder argument.

Further, whether a party would satisfy the criteria in Federal Rule of Civil Procedure 19 as a necessary party for adjudication is simply ***one factor*** that the court ***may*** consider in evaluating a § 1447(e) motion. However, Rule 19 does not control the court's decision to deny or permit joinder as the court has "broad discretion" to allow joinder, even though remand may result. *Righetti v. Shell Oil Co.*, 711 F.Supp.531, 535 (N.D. Cal. 1989) (finding the court's broad discretion under § 1447(e), as suggested by the language of the section and its accompanying policy statements, is inconsistent with the more restrictive approach under Rule 19 and does not control the decision to permit joinder). Leave for amendment under § 1447(e) is a less restrictive standard than for joinder under Federal Rule of Civil Procedure 19. *IBC Aviation Services Inc. v. Compania Mexicana de Aviacion* 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000). "This standard is met when failure to join will lead to separate and redundant actions." *Id*. at 1011. In evaluating this factor, the Northern District has also considered whether the non-diverse defendants are "only tangentially related to the cause of action ...." *Id*. at 1012.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Plaintiff's Reply to Motion to Amend Complaint and to Remand Case**

In this case, OSH is more than just tangentially related to plaintiffs' claims of products liability. As a supplier/seller of a defective product, OSH is a responsible party and may be held strictly liable for plaintiffs' products liability claims. Indeed, OSH is a proper responsible party in this case. A seller, distributor or retailer, such as OSH, is liable in tort if a defect in the manufacture or design of its product causes injury while the product is being used in a reasonably foreseeable way." *Soule v. GM Corp.* (1994) 8 Cal.4th 548, 560.  "[U]nder the stream-of-commerce approach to strict liability[,] no precise legal relationship to the member of the enterprise causing the defect to be manufactured or to the member most closely connected with the customer is required before the courts will impose strict liability. It is the defendant's participatory connection, for his personal profit or other benefit, with the injury-producing product and with the enterprise that created consumer demand for and reliance upon the product (and not the defendant's legal relationship (such as agency) with the manufacturer or other entities involved in the manufacturing-marketing system) which calls for imposition of strict liability." *Hernandezcueva v. E.F. Brady Co. Inc.,* (2015) 243 Cal.App.4th 249, 257–258.  It would be redundant and wasteful for plaintiffs to be forced to litigate its products liability action against OSH in state court and at the same time litigate a federal court products liability action against defendant Monsanto, and potentially OSH, when the same incident, subject matter, and issues regarding the defect, causation, and damages will have to be litigated

Moreover, Monsanto again relies on inapposite authority to advance this weak argument. Monsanto's use of *Strotek Corp. v. Air Trnasp. Ass'n of Am.*, 300 F.3d 1129 (9th Cir. 2002) is misplaced. *Strotek* concerns an unincorporated trade association defendant, alleged to be a citizen of Nevada, that in fact moved its "nerve center" to Washington D.C., accepted service of process there, and then appeared on behalf of the sued entity to defend the lawsuit. 300 F.3d at 1131, 1132. Similarly, *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337 (3d Cir. 2013) concerned the citizenship of unincorporated associations which, unlike incorporated businesses,

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 9
**Plaintiff's Reply to Motion to Amend Complaint and to Remand Case**

are "not recognized as a legal person," and courts instead "look to the citizenship of the people or corporations who comprise [an unincorporated association] to determine if diversity jurisdiction exists." Id. at 348. Additionally, in *Anderson v. Corinthian Colleges, Inc*., No. C06-5157 FDB, 2006 U.S. Dist. LEXIS 43770 (W.D. Wash. May 25, 2006), the court labeled a defendant a nominal party to be disregarded for determining diversity. But this defendant was not a nominal party because it was a dissolved corporation; rather, the court found it to be a nominal party because all of its assets and liabilities had been assumed by one of the other named defendants, post-dissolution. Id. at *11. What these three cases have in common is that they present facts that are markedly different than those found in the instant case.

Finally, as discussed *supra,* permitting OSH to be added as a defendant in this case does not change jurisdiction in this case. Wilbur-Ellis is a non-diverse defendant who has not been dismissed from this case. Therefore, federal jurisdiction is already precluded.  Permitting OSH to join the case does not change this.

### 4. The Court Lacks Subject-Matter Jurisdiction Pursuant to 28 U.S.C. § 1334(b) Because Plaintiff's Action Does Not Have a Sufficiently "Close Nexus" to the Bankruptcy Plan Alternatively, Remand is Appropriate on Equitable Grounds

Monsanto's argument that removal is proper under 28 U.S.C. § 1452(a) because 28 U.S.C. § 1334(b) gives this Court federal question jurisdiction (via original jurisdiction over civil matters "related to" Chapter 11 bankruptcy proceedings) is unavailing. (Opposition Brief at 14.) This is because it rests on a capacious reading of narrow language, namely, the "close nexus" to a bankruptcy plan or proceeding that a plaintiff's claims need have in order to support removal. *In re Heller Ehrman LLP*, 461 B.R. 606, 608 (Bankr. N.D. Cal. 2011) (quoting *In re Pegasus Gold Corp*., 394 F.3d 1189, 1193-94 (9th Cir. 2005)). This "close nexus" is markedly absent here. Given this restrictive standard, it is difficult to see how OSH's pre-confirmation retail activity—activity that gave rise to the instant personal injury suit—bears a close nexus to the

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 10
**Plaintiff's Reply to Motion to Amend Complaint and to Remand Case**

bankruptcy plan that would eventually emerge. *See In re The Fairchild Corp.*, 452 B.R. 525, 531 (Bankr. D. Del. 2011) ("claims based on pre-petition conduct that were asserted post-confirmation, but could have been brought prior to confirmation lack a nexus sufficient to confer jurisdiction upon the bankruptcy court"); *In re Nobel Grp., Inc.*, 529 B.R. 284, 291 (Bankr. N.D. Cal. 2015) ("As a general rule, the cases where a close nexus was found involved a situation where resolution of the dispute would require the bankruptcy court to interpret or enforce a provision of the confirmed plan."). Here, we have a post-confirmation case based on pre-petition conduct that does not implicate the relevant bankruptcy Plan of Liquidation or Confirmation Order. Instead, the claims based on OSH  selling a product that gave Plaintiff cancer.

   **5.**   <u>**The Minimal Delay To Bring The Motion to Amend Was Not Unreasonable.**</u>

   When presented with a motion to amend a complaint to join a party under 28 U.S.C. § 1447(e), the court has broad discretion to permit joinder. There is no specific test in the 9th Circuit for how the court must or should exercise such discretion. The Court is not required to consider any particular factors in exercising its discretion. There is also no controlling authority as to how much weight must or should be given to each factor the Court chooses to consider. Rather, a court's findings that plaintiff's motion under § 1447(e) is timely, a facially valid claim is stated against the defendant sought to be joined, and no prejudice would result to defendant, have been found to be sufficient factors on their own, without consideration of any other factors, to permit joinder. *Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 534 (N.D. Cal. 1989).

   Here, Plaintiff did not unreasonably delay the filing of their motion to amend and remand. This case is still in its early stages and the statute of limitation has not yet ran based on the date of discovery (January 2019).  Plaintiff has brought a Motion to Amend to name OSH because they are a potentially liable party, and plaintiff is interested in obtaining a judgment against all liable persons and entities to maximize his prospects for collecting judgment.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Plaintiff brought it within two months of filing the original complaint, and within the statute of limitations based on the date of discovery of the injury.

Defendant seems to think that it is significant that plaintiff did not seek to join OSH prior to filing their original complaint or prior to removal. However, defendant's argument regarding delay runs contrary to the purpose of section 1447(e) that allows such post-removal amendments and the broad discretion that the section vests with the court to permit joinder. Moreover, removal was already improper since Wilbur-Ellis is a non-diverse defendant, and adding OSH to this case does not change this fact.

Regardless, Section 1447(e) does not require an inquiry into plaintiffs' motive for seeking to add a non-diverse defendant. *Righetti*, 711 F. Supp. at 535. As stated in *Rigbetti*, "Defendant contends that the court ought not to allow plaintiffs to add [the proposed defendant], arguing that plaintiffs' sole purpose in bringing the instant motion is to effect a remand. However, the court finds that the legislative history of section 1447(e) *forecloses* defendant's argument, since the express purpose of the section is to 'take advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal.' " *Righetti*, 711 F.Supp. at 535 (emphasis added).

However, even if the Court decides that motive is in fact relevant to the exercise of its discretion, plaintiff's motive for bringing this motion is proper. In *Oettinger v. Home Depot*, the defendant opposed the plaintiff's motion to amend the complaint in part on the ground that the plaintiff's motive was to destroy diversity, basing its argument on the timing of the motion and the plaintiff's preference to litigate in state court. 2009 WL 2136764 (N.D. Gal. 2009). The plaintiff's stated objective for the joinder was to obtain a judgment against all liable persons and entities to maximize her prospects for collecting the judgment. The Court found that "Defendant's view of Plaintiff's motive is no more compelling than Plaintiff's explanation of her motive, and Plaintiff's preference for state court is no less honorable than Defendant's for federal

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Plaintiff's Reply to Motion to Amend Complaint and to Remand Case**

court." *Oettingr*, 2009 WL 2136764 at *3. The court was therefore "unwilling" to impute an improper motive to the plaintiff and weighed this factor in favor of the plaintiff. *Id*.

Plaintiff here is similarly situated to the plaintiff in *Oettingr* in that his motives for amending the complaint are to add valid claims against an additional defendant and to maximize their prospects for a full recovery. Plaintiff's motive is also to avoid the inefficiency and expense of multiple actions. Although plaintiff may have a preference for state court, such a preference is no less honorable than defendant's preference for federal court. Therefore, the Court should weigh this factor in favor of plaintiff as this court did in *Oettinger*.

Finally, Defendant argues in its opposition that plaintiffs will not suffer any prejudice if the court denies joinder of OSH because it can be sued in federal court. However, the denial of plaintiff's motion to amend would indeed be greatly prejudicial to plaintiff because it would require plaintiff to either abandon the potential claims it has against OSH or redundantly litigate the same legal issues and facts as this case in state court. Requiring plaintiff to litigate essentially the same issues in separate proceedings state and federal court would result in a waste of judicial resources and plaintiffs' economic resources as well as risk inconsistent results. *IBC Aviation Services, Inc.*, 125 F. Supp. 2d at 1012. If plaintiffs are required to proceed against OSH in state court for the same claims, the same witnesses will be required to testify in both proceedings, both judges will hear the same evidence, and two separate juries may come to different results.

By contrast, defendant will not suffer any prejudice by the amendment, except in its preference for federal court. This case is in its early stages. Monsanto is already litigating hundreds of these cases in state court through the California JCCP. As such, it is already familiar with the forum and actively litigating these same cases therein. Finally, the parties have not yet participated in the initial case management conference and no discovery has been propounded thus far. See, *Bakshi v. Bayer Healthcare, LLC*, 2007 WL 1232049 at *5 (N.D. Gal. 2007) (finding that plaintiff suffered prejudice by denial of a motion to amend to join a defendant

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Plaintiff's Reply to Motion to Amend Complaint and to Remand Case**

because he would be forced to abandon his claims against the potential defendant or commence additional litigation in state court and also finding that because the case was in its early stages defendant suffered no prejudice besides choice of forum). Because plaintiff will suffer prejudice from a denial of their motion, this factor should be weighed in plaintiff's favor.

## C. **MONSANTO FAILS TO MEET ITS BURDEN OF PROVING FRAUDULENT JOINDER AGAINST WILBUR-ELLIS COMPANY.**

Here Monsanto attempts to defeat section 1332, by arguing that Wilbur-Ellis was fraudulently joined. As set forth in the moving papers, Monsanto has the heavy burden of establishing that Plaintiffs have *no possible claim* against Wilbur-Ellis Company. "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). They have not met this burden here.

"[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d 1039, 1046 (emphasis in the original). "In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169–70 (E.D. Cal. 2011). "[T]he question is simply whether there is *any possibility* that plaintiff will be able to establish liability against the party in question." Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial ¶2:672 (The Rutter Group 1998) (citing *Lewis v. Time. Inc.*, 83 F.R.D. 455, 460 (E.D.Cal.1979), *aff'd* 710 F.2d 549 (9th Cir.1983)); *see also Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002).

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 14
**Plaintiff's Reply to Motion to Amend Complaint and to Remand Case**

1
2
3
4
5
6
7
8
9
10
11
12
13
14

Monsanto's sole basis for the claim of fraudulent joinder of Wilbur-Ellis Company by Plaintiff who used Roundup for residential purposes is that this company distributes and sells Roundup products marketed for use by landscaping companies, golf courses, schools, or state and local government agencies.  Thus, Monsanto is claiming, and is asking this Court to accept as fact that Plaintiff could not have obtained their Roundup products from an outlet covered by Wilbur-Ellis Company's business activity. Monsanto does not provide *any proof* in that regard, only a conclusion, based only on the premise that these Plaintiffs used Roundup for residential purposes. This does not suffice. The law on removal requires much more than that. "Fraudulent joinder **must be proven by clear and convincing evidence.**" *Hamilton Materials, Inc. v. Dow Chem. Corp.,* 494 F.3d 1203, 1206 (9th Cir. 2007) (emphasis added). "We have upheld such rulings [fraudulent joinder] where a defendant presents **extraordinarily strong evidence or arguments** that a plaintiff could not *possibly* prevail on her claims against the allegedly fraudulently joined defendant." *Grancare*, 889 F.3d at 548 (emphasis added).

15
16
17
18
19
20
21
22

Monsanto's general claims regarding Wilbur-Ellis Company's scope of distribution fail to meet this heavy burden. Moreover, all doubts, all disputed questions of fact, and any ambiguities in the controlling state law in that regard must be resolved in favor of the non-removing party. *See Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005 (N.D. Cal. 2001); *Gaus,* 980 F.2d at 566. Monsanto cannot prove that there is *no possibility* that Plaintiffs obtained the product from an outlet in Wilbur-Ellis's distribution network. Its general averments in that regard fall far short of the high threshold of proving fraudulent joinder.

### III.   <u>CONCLUSION</u>

23
24
25
26
27
28

For the foregoing reasons, and for the reasons stated in Plaintiff's Motion to Amend Complaint and Remand, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Amend the Complaint and Remand and send this case to the proper California Court.

**BARR & MUDFORD**
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

1    DATED: May 1, 2020                           BARR & MUDFORD

2

3                                                 /s/  Estee Lewis
                                                 ESTEE LEWIS
4                                                 Attorney for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BARR & MUDFORD**
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 16
**Plaintiff's Reply to Motion to Amend Complaint and to Remand Case**

**PROOF OF SERVICE**
**(USDC Rule 10 [Fed. R. Civ. P. 1]; Local Rule 135(a); FRCP 5(b)(2)(E) 28 U.S.C.  §1746)**

I am a citizen of the United States and a resident of the County of Shasta, State of California.  I am over the age of 18 years and not a party to the within action; my business mailing address is Post Office Box 994390, Redding, California 96099-4390.  I am familiar with this firm's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mailbox after the close of the day's business.

  XX   (ECF)  A true copy of said document(s) were efiled with the U.S. District Court, Eastern District of California.  Once e-filed, these documents were transmitted through the court's ECF server to the interested parties to this action.

**PLAINTIFF'S REPLY TO MONSANTO'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT AND REMAND *SAPINSKY* CASE;**

Richard A. Clark
Steven R. Platt
Parker, Milliken, Clark,
O'Hara & Samuelian, P.C.
555 South Flower Street, 30th Floor
Los Angeles, California 90071-2440
Telephone:  213-683-6500
Facsimile:  213-683-6669
*Attorney for Defendants, Monsanto Company*
*And Wilbur-Ellis Company, LLC and*
*Wilbur-Ellis Nutrition, LLC*

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.  Executed May 1, 2020, at Redding, California.


  */s/ Bree A. Boughn*
BREE A. BOUGHN

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008