**WILKINSON WALSH LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax: 202-942-5999

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax: 202-682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO:<br><br>*Mary V. Olah v. Monsanto Co., et al.*,<br><br>Case No. 3:20-cv-00129-VC | **DEFENDANT MONSANTO COMPANY'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**<br><br>Date:         May 14, 2020<br>Time:         10:00 a.m.<br>Courtroom: 4 |

Pursuant to Civil L.R. 7-3(d), Monsanto Company ("Monsanto") seeks leave to file a sur-reply to Plaintiff's Reply to Motion to Remand ("Plaintiff's Reply"), ECF No. 7.  The Court should grant this motion because Plaintiff's Reply improperly makes a new argument about an important issue – the impact of a California Supreme Court ruling – that is misleading and should have been, but was not, asserted in Plaintiff's Motion to Remand ("Remand Motion"), ECF No. 4-1.

In its Notice of Removal, ECF No. 1, Monsanto relied on *Greb v. Diamond International Corp.*, 56 Cal. 4th 243 (2013), where the California Supreme Court deferred to foreign state law regarding a defunct company's capacity to be sued, to establish that Plaintiff fraudulently joined Orchard Supply Hardware Corporation.  Monsanto's Notice of Removal showed that, based on governing Delaware law, Orchard Supply Hardware Corporation – which was liquidated and dissolved in bankruptcy proceedings and filed a certificate of cancellation with the Delaware Secretary of State in 2016 – lacks the capacity to be sued in this case.

However, Plaintiff did not mention *Greb* in her Remand Motion and instead waited to address it in Plaintiff's Reply, hoping that this gambit would prevent Monsanto from responding to her *Greb* argument.  Plaintiff now tries to avoid the clear reasoning of *Greb* by seizing on the fact that *Greb* involved a defunct ***foreign corporation*** while Orchard Supply Hardware Corporation is a defunct ***foreign LLC***.  *See* Plaintiff's Reply at 3-4.  But Plaintiff fails to offer any basis why a defunct Delaware LLC's capacity to be sued should be governed by California law but, as *Greb* held, a defunct Delaware corporation's capacity to be sued is governed by Delaware law.  There is no good reason for this disparate treatment of these two types of companies, and Plaintiff does not cite any case law to support this argument.

To the contrary, to the extent that Orchard Supply Hardware Corporation's capacity to be sued is governed – as Plaintiff claims – by a separate California survival statute for LLCs, the relevant language in that statute is virtually identical to the language in the survival statute for corporations addressed in *Greb*.  The California Supreme Court focused on the following part of

the corporation survival statute: "'(a) A corporation which is dissolved nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it and enabling it to collect and discharge obligations, dispose of and convey its property and collect and divide its assets, but not for the purpose of continuing business except so far as necessary for the winding up thereof.'" *Greb*, 56 Cal. 4th at 247 (quoting Cal. Corp. Code § 2010(a)). Likewise, the LLC survival statute that Plaintiff contends should lead to a dramatically different result states: "(a) A limited liability company that has filed a certification of cancellation nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it in order to collect and discharge obligations, disposing of and conveying its property, and collecting and dividing its assets. A limited liability company shall not continue business except so far as necessary for its winding up." Cal. Corp. Moreover, Plaintiff's reliance on Section 17707.06(a) is misplaced in its inception because that provision only applies to domestic LLCs, not foreign LLCs like the successors to Orchard Supply Hardware Corporation. Code § 17707.06(a).

Section 17707.06(a) is part of the California Revised Uniform Limited Liability Company Act ("CRULLC Act"). Section 17701.02 of the CRULLC Act sets forth different definitions for a foreign (*i.e.*, non-California) limited liability company and a domestic (*i.e.*, California) limited liability company. "'Foreign limited liability company' means an unincorporated entity formed under the law of a jurisdiction other than this state and denominated by that law as a limited liability company," Cal. Corp. Code § 17701.02(j), whereas "'[l]imited liability company,' except in the phrase 'foreign limited liability company,' means a domestic entity formed under this title or an entity that becomes subject to this title pursuant to Article 13 (commencing with Section 177301.01)," Cal. Corp. Code § 17701.02(k). Section 17707.06(a), on its face, applies only to a "limited liability company," *i.e.*, a domestic LLC. It does not say anything about whether "a foreign limited liability company," § 17701.02(j), has the capacity to sued or be sued after filing a certificate of cancellation. Thus, the capacity of a

defunct Delaware LLC to be sued post-cancellation is governed in the ordinary course by Delaware law, not Section 17707.06(a).

Finally, Plaintiff's argument also is contrary to court rulings that repeatedly have applied the home state's law – not California law – when determining the capacity of a non-California LLC to sue or be sued.  *See Elite Destinations, Ltd. v. JD & T Enters., Inc.*, No B269315, 2017 WL 2774327, at *7 (Cal. Ct. App. June 27, 2017) (unpublished opinion); *Parker v. Dean Transp., Inc.*, No. CV 13-02621 BRO (VBKx), 2013 WL 7083269, at *12 (C.D. Cal. Oct. 15, 2013), *disagreed with on other grounds by Dilts v. Penske Logistics, LLC*, 769 F.3d 637 (9th Cir. 2014); *Delamater v. Anytime Fitness, Inc.*, 722 F. Supp. 2d 1168, 1176-77 (E.D. Cal. 2010); *Barton v. Rice*, No. BC652377, 2017 WL 11478961 (Cal. Super. Ct. Oct. 17, 2017); *see also Kaye v. MGM Equip. Leasing, LLC*, No. G050732, 2015 WL 9487884, at *8-9 (Cal. Ct. App. Dec. 29, 2015) (unpublished opinion) (rejecting plaintiffs' argument that the appeal of limited liability company formed under Nevada law should be dismissed for lack of capacity; holding that Nevada law applied and that the company had cured the defect and is "presently in good standing in [its] state[] of formation").[1]

In conclusion, the Court should grant this motion to ensure that: (a) Monsanto is not prejudiced by Plaintiff's improper sandbagging; and (b) the Court is not misled by an important argument that was asserted for the first time in Plaintiff's Reply.

---

[1] Monsanto is allowed to cite these "unpublished" California state court rulings in this federal court filing.  *See, e.g.*, *Inland Concrete Enter., Inc. v. Kraft*, 318 F.R.D. 383, 405-06 (C.D. Cal. 2016) (citing cases).

DATED:  May 4, 2020　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ Eric G. Lasker
William Hoffman (*pro hac vice*)　　　　　　Eric G. Lasker (*pro hac vice*)
(william.hoffman@arnoldporter.com)　　　　(elasker@hollingsworthllp.com)
Daniel S. Pariser (*pro hac vice*)　　　　　　Martin C. Calhoun (*pro hac vice*)
(daniel.pariser@arnoldporter.com)　　　　　(mcalhoun@hollingsworthllp.com)
ARNOLD & PORTER KAYE SCHOLER LLP　HOLLINGSWORTH LLP
601 Massachusetts Avenue, NW　　　　　　1350 I Street, NW
Washington, DC 20001　　　　　　　　　　Washington, DC 20005
Tel:  202-942-5000　　　　　　　　　　　　Tel:  202-898-5800
Fax: 202-942-5999　　　　　　　　　　　　Fax: 202-682-1639

　　　　　　　　　　　　　　　　　　　　　Brian L. Stekloff (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　(bstekloff@wilkinsonwalsh.com)
　　　　　　　　　　　　　　　　　　　　　Rakesh Kilaru (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　(rkilaru@wilkinsonwalsh.com)
　　　　　　　　　　　　　　　　　　　　　WILKINSON WALSH LLP
　　　　　　　　　　　　　　　　　　　　　2001 M Street, NW, 10th Floor
　　　　　　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　　　　　　Tel:  202-847-4030
　　　　　　　　　　　　　　　　　　　　　Fax: 202-847-4005

　　　　　　　　　　　　　*Attorneys for Defendant Monsanto Company*