**WILKINSON WALSH LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax: 202-682-1639

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax: 202-942-5999

*Attorneys for Defendant*
*MONSANTO COMPANY*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Mike Sapinsky v. Monsanto Co., et al.*,<br><br>Case No. 3:20-cv-00257-VC | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**DEFENDANT MONSANTO COMPANY'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO AMEND AND REMAND**<br><br>Date:       May 14, 2020<br>Time:      10:00 a.m.<br>Courtroom: 4 |

Pursuant to Civil L.R. 7-3(d), Monsanto Company ("Monsanto") seeks leave to file a sur-reply to Plaintiff's Reply in Support of Motion to Amend and Remand ("Plaintiff's Reply"), ECF No. 11.  The Court should grant this motion to allow Monsanto to respond to two of Plaintiff's arguments that were not addressed in Monsanto's Opposition to Plaintiff's Motion to Amend His Complaint and to Remand *Sapinsky* Case ("Monsanto's Opposition"), ECF No. 10:  (1) the argument that Wilbur-Ellis Company LLC ("Wilbur-Ellis Company") was not fraudulently joined; and (2) the argument regarding the impact of a California Supreme Court ruling on Plaintiff's request for leave to amend the Complaint to add Orchard Supply Hardware Corporation.[1]

1.    Monsanto's Opposition responded to each of the arguments in Plaintiff's Motion to Amend His Complaint and to Remand This Case ("Amendment/Remand Motion"), ECF No. 7, which motion has been noticed for hearing.  As stated in Monsanto's Opposition, Plaintiff did not make any argument in that motion regarding Wilbur-Ellis Company.  It was only through Plaintiff's Reply that Monsanto realized that Plaintiff had filed a separate submission, which was not filed as a motion and was not noticed for hearing as required by this Court's Local Rules – Plaintiff's Opposition to Monsanto Company's Notice of Removal of the *Sapinsky* Lawsuit and Request to Remand This Case ("Plaintiff's Opposition"), ECF No. 6.  That separate submission did assert that Wilbur-Ellis Company was a proper defendant, though Plaintiff offered no evidentiary basis for that claim.  Plaintiff's Reply repeats the same unsubstantiated argument.

Monsanto apologizes for its part in the confusion created by these dual Plaintiff filings and seeks leave herein to respond to Plaintiff's argument regarding Wilbur-Ellis Company.  Simply stated, Plaintiff offers no substantive rebuttal to Monsanto's evidence-based showing that Wilbur-Ellis Company was fraudulently joined.  In response to the mere information-and-belief

---

[1] Plaintiff's Reply is 15 pages (not counting the signature block), but "[u]nless expressly permitted by the Court, . . . reply briefs may not exceed 10 pages," Standing Order for Civil Cases before Judge Vince Chhabria ¶ 19.  Although Plaintiff's Reply makes numerous other arguments, Monsanto is limiting its request for leave to file a sur-reply to the two arguments addressed herein.  By not addressing other arguments in Plaintiff's Reply, Monsanto does not concede that those arguments have merit.

allegations regarding Wilbur-Ellis Company in the Complaint, Monsanto submitted declarations that "pierced" Plaintiff's pleading, as permitted by *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001), and established that Wilbur-Ellis Company had no role in distributing or selling the residential-lawn-and-garden Roundup® herbicide products that allegedly injured Plaintiff.  Plaintiff admitted in his Plaintiff Fact Sheet that he used solely residential-lawn-and-garden Roundup® herbicide products, and he claims that an Orchard Supply Hardware Corporation store "in Redding, California supplied [him] with the products at issue in this case which caused [his] NHL," Plaintiff's Opposition at 2.  None of Plaintiff's various post-removal filings claims that Plaintiff was exposed to Roundup® herbicides that were sold, supplied, or distributed by Wilbur-Ellis Company.  But Plaintiff asks this Court nonetheless to credit his speculative allegation that Wilbur-Ellis Company might somehow have been involved in the distribution chain to salvage his claims against that defendant.  The law is to the contrary.  When a removing defendant pierces the pleadings by presenting evidence showing that a non-diverse defendant has been fraudulently joined – as Monsanto did in its Notice of Removal – a plaintiff cannot rely on mere allegations in the complaint to seek remand.  *See, e.g.*, *Arias v. Follet Higher Educ. Corp.,* No. 8:18-cv-01965-JLS-JDE, 2019 WL 484192, at *3 (C.D. Cal. Feb. 7, 2019) (denying remand motion; holding that plaintiff did not state a claim against the non-diverse defendant because "even assuming [p]laintiff's legal theories are viable, [p]laintiff has offered *no facts* to support these claims" and "submit[ted] no evidence to dispute [d]efendants' version of the facts" that established fraudulent joinder (emphasis in original)); *Feizbakhsh v. Travelers Com. Ins. Co.*, No. LA CV16-02165 JAK (Ex), 2016 WL 8732296, at *8 (C.D. Cal. Sept. 9, 2016) (same; holding that plaintiff's "conclusory allegations" in the complaint were not sufficient to overcome the evidence offered by the removing defendant to establish fraudulent joinder); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1155 (N.D. Cal. 2009) (same; accepting the removing defendant's fraudulent joinder showing because plaintiffs did not contest the in-forum defendant's declaration "that she did not market or distribute" the products at issue in the lawsuit).  If Plaintiff had any basis beyond speculation to

support his claim against Wilbur-Ellis Company, he would have presented – and was required to present – that evidence in Plaintiff's Opposition.  *See Martinez v. McKesson Corp.*, No. 3:15-cv-02903-H-JLB, 2016 WL 5930271, at *3 (S.D. Cal. Apr. 7, 2016) (denying remand motion and holding that plaintiff's "speculation, which is unsupported by any evidence[,]" does not suffice to overcome the evidence presented by the removing defendant).

2. Plaintiff tries to avoid the clear reasoning of *Greb v. Diamond International Corp.*, 56 Cal. 4th 243 (2013), where the California Supreme Court deferred to foreign state law regarding a defunct company's capacity to be sued, by seizing on the fact that *Greb* involved a defunct ***foreign corporation*** while Orchard Supply Hardware Corporation is a defunct ***foreign LLC***.  *See* Plaintiff's Reply at 6-7.  But Plaintiff fails to offer any basis why a defunct Delaware LLC's capacity to be sued should be governed by California law but, as *Greb* held, a defunct Delaware corporation's capacity to be sued is governed by Delaware law.  There is no good reason for this disparate treatment of these two types of companies, and Plaintiff does not cite any case law to support this argument.

To the contrary, to the extent that Orchard Supply Hardware Corporation's capacity to be sued is governed – as Plaintiff claims – by a separate California survival statute for LLCs, the relevant language in that statute is virtually identical to the language in the survival statute for corporations addressed in *Greb*.  The California Supreme Court focused on the following part of the corporation survival statute: "'(a) A corporation which is dissolved nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it and enabling it to collect and discharge obligations, dispose of and convey its property and collect and divide its assets, but not for the purpose of continuing business except so far as necessary for the winding up thereof.'"  *Greb*, 56 Cal. 4th at 247 (quoting Cal. Corp. Code § 2010(a)).  Likewise, the LLC survival statute that Plaintiff contends should lead to a dramatically different result states: "(a) A limited liability company that has filed a certification of cancellation nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it in order to collect and discharge obligations,

disposing of and conveying its property, and collecting and dividing its assets.  A limited liability company shall not continue business except so far as necessary for its winding up."  Cal. Corp. Code § 17707.06(a).

Moreover, Plaintiff's reliance on Section 17707.06(a) is misplaced in its inception because that provision only applies to domestic LLCs, not foreign LLCs like the successors to Orchard Supply Hardware Corporation.  Section 17707.06(a) is part of the California Revised Uniform Limited Liability Company Act ("CRULLC Act").  Section 17701.02 of the CRULLC Act sets forth different definitions for a foreign (*i.e.*, non-California) limited liability company and a domestic (*i.e.*, California) limited liability company.  "'Foreign limited liability company' means an unincorporated entity formed under the law of a jurisdiction other than this state and denominated by that law as a limited liability company," Cal. Corp. Code § 17701.02(j), whereas "'[l]imited liability company,' except in the phrase 'foreign limited liability company,' means a domestic entity formed under this title or an entity that becomes subject to this title pursuant to Article 13 (commencing with Section 177301.01)," Cal. Corp. Code § 17701.02(k).  Section 17707.06(a), on its face, applies only to a "limited liability company," *i.e.*, a domestic LLC.  It does not say anything about whether "a foreign limited liability company," § 17701.02(j), has the capacity to sued or be sued after filing a certificate of cancellation.  Thus, the capacity of a defunct Delaware LLC to be sued post-cancellation is governed in the ordinary course by Delaware law, not Section 17707.06(a).

Finally, Plaintiff's argument also is contrary to court rulings that repeatedly have applied the home state's law – not California law – when determining the capacity of a non-California LLC to sue or be sued.  *See Elite Destinations, Ltd. v. JD & T Enters., Inc.*, No B269315, 2017 WL 2774327, at *7 (Cal. Ct. App. June 27, 2017) (unpublished opinion); *Parker v. Dean Transp., Inc.*, No. CV 13-02621 BRO (VBKx), 2013 WL 7083269, at *12 (C.D. Cal. Oct. 15, 2013), *disagreed with on other grounds by Dilts v. Penske Logistics, LLC*, 769 F.3d 637 (9th Cir. 2014); *Delamater v. Anytime Fitness, Inc.*, 722 F. Supp. 2d 1168, 1176-77 (E.D. Cal. 2010); *Barton v. Rice*, No. BC652377, 2017 WL 11478961 (Cal. Super. Ct. Oct. 17, 2017); *see also*

*Kaye v. MGM Equip. Leasing, LLC*, No. G050732, 2015 WL 9487884, at *8-9 (Cal. Ct. App. Dec. 29, 2015) (unpublished opinion) (rejecting plaintiffs' argument that the appeal of limited liability company formed under Nevada law should be dismissed for lack of capacity; holding that Nevada law applied and that the company had cured the defect and is "presently in good standing in [its] state[] of formation").[2]

In conclusion, the Court should grant this motion to ensure that the Court has the benefit of fully developed legal arguments when issuing rulings on Plaintiff's requests for remand and leave to amend.

DATED: May 4, 2020

Respectfully submitted,

/s/ Eric G. Lasker

| | |
|---|---|
| William Hoffman (*pro hac vice*) | Eric G. Lasker (*pro hac vice*) |
| (william.hoffman@arnoldporter.com) | (elasker@hollingsworthllp.com) |
| Daniel S. Pariser (*pro hac vice*) | Martin C. Calhoun (*pro hac vice*) |
| (daniel.pariser@arnoldporter.com) | (mcalhoun@hollingsworthllp.com) |
| ARNOLD & PORTER KAYE SCHOLER LLP | HOLLINGSWORTH LLP |
| 601 Massachusetts Avenue, NW | 1350 I Street, NW |
| Washington, DC 20001 | Washington, DC 20005 |
| Tel:  202-942-5000 | Tel:  202-898-5800 |
| Fax: 202-942-5999 | Fax: 202-682-1639 |

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH LLP
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

*Attorneys for Defendant Monsanto Company*

---

[2] Monsanto is allowed to cite these "unpublished" California state court rulings in this federal court filing.  *See, e.g.*, *Inland Concrete Enter., Inc. v. Kraft*, 318 F.R.D. 383, 405-06 (C.D. Cal. 2016) (citing cases).