1

**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)

2

Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.

3

Washington, DC  20005
Telephone:   (202) 898-5800

4

Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com

5

             elasker@hollingsworthllp.com

6

*Attorneys for Defendant*
*MONSANTO COMPANY*

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

11

12

This document relates to:

13

*Lula Banks, et al. v. Monsanto Co.*,
Case No. 3:20-cv-02972-VC

14

MDL No. 2741

Case No. 3:16-md-02741-VC

15

16

## MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

17

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

18

Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

19

all allegations contained in plaintiffs Complaint ("the Complaint"), except as set forth below.  As

20

defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a

21

United States based company incorporated in Delaware, and not to other Monsanto-affiliated

22

companies.  Although many paragraphs in the Complaint allege exposure or use of Monsanto

23

products by "Plaintiff," Monsanto nevertheless responds to the allegations in those paragraphs as

24

if they refer to decedent Willie Banks. Silence as to any allegations shall constitute a denial.

25

1.      The allegations in the  last two sentences of paragraph 1 set forth conclusions of

26

law for which no response is required. Monsanto lacks information or knowledge sufficient to

27

form a belief as to the truth of the remaining allegations in paragraph 1 and therefore denies those

28

allegations.

2.      In response to the allegations in paragraph 2, Monsanto admits that it is a Delaware corporation with its headquarters and principal place of business in St. Louis County, Missouri.  The remaining allegations in paragraph 2 set forth conclusions of law for which no response is required.

3.      Monsanto admits the allegations in paragraph 3.

4.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5.      The allegations in paragraph 5 set forth conclusions of law for which no response is required.

6.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 regarding where the events giving rise to this action occurred and therefore denies those allegations.  The remaining allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.      In response to the allegations in paragraph 8, Monsanto denies any "omissions" and certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.  The remaining allegations in paragraph 8 set forth conclusions of law for which no response is required.

9.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 9.

10.     Monsanto denies the allegations in paragraph 10.

11.     Monsanto denies the allegations in paragraph 11.

12.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 12 and therefore denies those allegations. Monsanto denies the remaining allegations of paragraph 12.

13.     The allegations in paragraph 13 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

14.     In response to the allegations in paragraph 14, Monsanto admits that it sells Roundup®-branded products in Texas.

15.     Monsanto denies the allegations in paragraph 15.

16.     The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     The allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     Monsanto admits the allegations in paragraph 18.

19.     Monsanto admits that it is authorized to do business in Texas.  The remaining allegations in paragraph 19 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

20.     The allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto denies the allegations in paragraph 21.

22.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 22 set forth conclusions of law for which no response is required.

23.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 23 are vague and that it accordingly lacks information

1    or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore

2    denies those allegations.

3            24.      Monsanto admits the allegations in paragraph 24.

4            25.      Monsanto admits the allegations in paragraph 25.

5            26.      In response to the allegations in paragraph 26, Monsanto admits that glyphosate is

6    an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

7    paragraph 29 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

8    to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies

9    those allegations.

10           27.      Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

11   The remaining allegations in paragraph 27 comprise attorney characterizations and are

12   accordingly denied.

13           28.      Monsanto admits the allegations in paragraph 28.

14           29.      Monsanto generally admits the allegations in paragraph 29, but denies the

15   allegations in paragraph 29 to the extent that they suggest that glyphosate is present in any plants

16   at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

17   the United States Environmental Protection Agency ("EPA").

18           30.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth

19   of the allegations in paragraph 30 and therefore denies those allegations.

20           31.      Monsanto admits that it is the leading producer of seeds that contain the Roundup

21   Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's

22   ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as

23   to the accuracy of the specific numbers and statistics provided in the remaining sentences of

24   paragraph 31 and therefore denies those allegations.  Monsanto denies the remaining allegations

25   in paragraph 31.

26           32.      In response to the allegations in the first and second sentences of paragraph 32,

27   Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but

28   notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

Monsanto admits the allegations in the third sentence of paragraph 32.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and therefore denies those allegations.

33.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 33.

34.     The allegations in paragraph 34 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 34.

35.     In response to the allegations in paragraph 35, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 35 set forth conclusions of law for which no response is required.

36.     The allegations in paragraph 36 set forth conclusions of law for which no response is required.

37.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Texas for sale and distribution.

38.     In response to the allegations in paragraph 38, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 38 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 38 set forth conclusions of law for which no answer is required.

1    39.    Monsanto denies the allegations in paragraph 39 to the extent that they suggest that

2    EPA only evaluates the safety of pesticide products on the date of their initial registration.

3    Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

4    products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

5    of the allegations in paragraph 39 regarding such pesticide products generally and therefore

6    denies those allegations.  The remaining allegations in paragraph 39 set forth conclusions of law

7    for which no response is required.

8    40.    In response to the allegations in paragraph 40, Monsanto admits that EPA has

9    undertaken a regulatory review of glyphosate and further admits that EPA has not released its

10    findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

11    Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

12    concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

13    humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

14    posted an October 2015 final report by its standing Cancer Assessment Review Committee

15    ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

16    to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

17    issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

18    the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

19    humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final

20    Report discussed above, other specific findings of safety include:

21

22    [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/

23    document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

24    [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,

25    U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final

26    Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

27    [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/

28    document?D=EPA-HQ-OPP-2016-0385-0528.

- • "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- • "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- • "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- • "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- • "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- • "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05.

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 and therefore denies those allegations.

41.     In response to the allegations in paragraph 41, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

42.     In response to the allegations in paragraph 42, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for

1   itself and thus does not require any further answer.  The remaining allegations in paragraph 42 are

2   vague and conclusory and comprise attorney characterizations and are accordingly denied.

3        43.     Monsanto denies the allegations in paragraph 43.

4        44.     In response to the allegations in paragraph 44, Monsanto admits that the French

5   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

6   that it "left the soil clean," but denies the allegations in paragraph 44 to the extent that they

7   suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

8   cancer.  Monsanto denies the remaining allegations in paragraph 44.

9        45.     Monsanto denies the allegations in paragraph 45.

10        46.     In response to the allegations in paragraph 46, Monsanto states that the cited

11   document speaks for itself and does not require a response.  To the extent that the allegations in

12   paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or

13   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46

14   and therefore denies those allegations.

15        47.     Monsanto admits the allegations in paragraph 47.

16        48.     In response to the allegations in paragraph 48, Monsanto states that the cited

17   document speaks for itself and does not require a response.  To the extent that the allegations in

18   paragraph 48 go beyond a restatement of the cited document, Monsanto lacks information or

19   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 48

20   and therefore denies those allegations.

21        49.     Monsanto states that the term "toxic" as used in paragraph 49 is vague and

22   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

23   denies the allegations in paragraph 49.

24        50.     Monsanto admits the allegations in paragraph 50.

25        51.     In response to the allegations in paragraph 51, Monsanto states that the document

26   speaks for itself and does not require a response.  To the extent that a response is deemed

27   required, Monsanto denies the allegations in paragraph 51.

28

1    52.     In response to the allegations in paragraph 52, Monsanto admits that Julie Marc

2  published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

3  the extent that paragraph 52 characterizes the meaning of the cited study, Monsanto denies the

4  remaining allegations in paragraph 52.

5    53.     In response to the allegations in paragraph 53, Monsanto states that these

6  documents speak for themselves and do not require a response.  To the extent that a response is

7  deemed required, Monsanto denies the allegations in paragraph 53.

8    54.     In response to the allegations in paragraph 54, Monsanto states that the cited

9  document speaks for itself and does not require a response.  To the extent that paragraph 54

10  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

11  paragraph 54.

12    55.     Monsanto denies the allegations in paragraph 55.

13    56.     In response to the allegations in paragraph 56, Monsanto states that the cited

14  document speaks for itself and does not require a response.  To the extent that paragraph 56

15  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

16  paragraph 56.

17    57.     In response to the allegations in paragraph 57, Monsanto states that the cited

18  document speaks for itself and does not require a response.  To the extent that paragraph 57

19  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

20  paragraph 57.

21    58.     Monsanto denies the allegation that the cited studies support the allegation that

22  glyphosate or Roundup®-branded products pose any risk to human health and denies the

23  remaining allegations in paragraph 58.

24    59.     Monsanto denies the allegations in paragraph 59.

25    60.     Monsanto denies the allegations in paragraph 60.

26    61.     Monsanto denies the allegations in paragraph 61.

27    62.     Monsanto denies the allegations in paragraph 62.

28

1    63.    Monsanto admits that it has in the past promoted, and continues to promote,

2    Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

3    Monsanto denies the remaining allegations in paragraph 63.

4    64.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

5    is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks

6    information or knowledge sufficient to form a belief as to the truth of the remaining allegations in

7    paragraph 64 and therefore denies those allegations.

8    65.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

9    of the allegations in paragraph 65 and therefore denies those allegations.  Monsanto denies that

10   glyphosate met the criteria necessary to be eligible for review.

11   66.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

12   of the allegations in paragraph 66 and therefore denies those allegations.  Monsanto denies that

13   glyphosate met the criteria necessary to be eligible for review.

14   67.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

15   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

16   evidence was "cumulative."  The remaining allegations in paragraph 67 are vague and conclusory

17   and comprise attorney characterizations and are accordingly denied.

18   68.    Monsanto admits that the full IARC Monograph regarding glyphosate was

19   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A

20   carcinogen.  In response to the remaining allegations in paragraph 68, Monsanto states that the

21   document speaks for itself and does not require a response.  To the extent that a response is

22   deemed required, the remaining allegations in paragraph 68 comprise attorney characterizations

23   and are accordingly denied.

24   69.    In response to the allegations in paragraph 69, Monsanto states that the document

25   speaks for itself and does not require a response.  To the extent that a response is deemed

26   required, the allegations in paragraph 69 comprise attorney characterizations and are accordingly

27   denied.

28

70.     In response to the allegations in paragraph 70, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 70 comprise attorney characterizations and are accordingly denied.

71.     Monsanto denies the allegations in paragraph 71.

72.     The allegations in paragraph 72 comprise attorney characterizations and are accordingly denied.

73.     Monsanto admits the allegations in paragraph 73.

74.     In response to the allegations in paragraph 74, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 74 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 74.

75.     In response to the allegations in paragraph 75, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 75.

76.     The allegations in paragraph 76 are vague and ambiguous and are accordingly denied.

77.     In response to the allegations in paragraph 77, Monsanto states that the cited document speaks for itself and does not require a response.

78.     In response to the allegations in paragraph 78, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 78 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     In response to the allegations in paragraph 80, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 80.

81.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto admits the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto admits the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     In response to the allegations in paragraph 98, Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 98.

1    99.    In response to the allegations in paragraph 99, Monsanto admits that Roundup®-

2    branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the

3    product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 99.

4    100.    In response to the allegations in paragraph 100, Monsanto admits that it has stated

5    and continues to state that Roundup®-branded products are safe when used as labeled and that

6    they are non-carcinogenic and non-genotoxic.

7    101.    In response to the allegations in paragraph 101, Monsanto admits that a 1986 joint

8    report of the World Health Organization and Food and Agriculture Organization of the United

9    Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

10   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

11   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

12   carcinogen.  Monsanto denies the remaining allegations in paragraph 101.

13   102.    Monsanto denies the allegations in paragraph 102.

14   103.    Monsanto denies the allegations in paragraph 103.

15   104.    Monsanto denies the allegations in paragraph 104.

16   105.    Monsanto denies the allegations in paragraph 105.

17   106.    Monsanto denies the allegations in paragraph 106.

18   107.    Monsanto denies the allegations in paragraph 107.

19   108.    Monsanto denies the allegations in paragraph 108.

20   109.    Monsanto denies the allegations in paragraph 109.

21   110.    Monsanto denies the allegations in paragraph 110.

22   111.    Monsanto denies the allegations in paragraph 111.

23   112.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

24   of the allegations in paragraph 112 and therefore denies those allegations.

25   113.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

26   of the allegations in paragraph 113 and therefore denies those allegations.

27   114.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

28   of the allegations in paragraph 114 and therefore denies those allegations.

1    115.    Monsanto denies the allegations in paragraph 115.

2    116.    Monsanto incorporates by reference its responses to paragraphs 1 through 115 in

3    response to paragraph 116 of plaintiffs' Complaint.

4    117.    Monsanto denies the allegations in the first and second sentences of paragraph

5    117. Monsanto further states that the cited document speaks for itself and does not require a

6    response.

7    118.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

8    exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in

9    paragraph 118.  Monsanto states, however, that the scientific studies upon which IARC

10   purported to base its classification were all publicly available before March 2015.

11   119.    Monsanto denies the allegations in the first and last sentences of paragraph

12   119.  The remaining allegations in paragraph 119 set forth conclusions of law for which no

13   response is required.  Monsanto states, however, that the scientific studies upon which IARC

14   purported to base its classification were all publicly available before March 2015.

15   120.    Monsanto denies that exposure to Roundup®-branded products can cause NHL

16   and other serious illnesses and therefore denies those allegations in paragraph 120.  Monsanto

17   states, however, that the scientific studies upon which IARC purported to base its evaluation of

18   glyphosate were all publicly available before March 2015.  Monsanto lacks information or

19   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 120

20   and therefore denies those allegations.

21   121.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

22   and denies that there is any reliable scientific evidence that exposure to glyphosate or

23   Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific

24   studies upon which IARC purported to base its classification were all publicly available

25   before March 2015.  The remaining allegations in paragraph 121 set forth conclusions of law

26   for which no response is required, consist of attorney characterizations and are accordingly

27   denied, or comprise allegations for which Monsanto lacks information or knowledge

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-02972-VC

1   sufficient to form a belief as to the truth of the allegations and therefore denies those

2   allegations.

3         122.   Monsanto incorporates by reference its responses to paragraphs 1 through 121 in

4   response to paragraph 122 of plaintiffs' Complaint.

5         123.   The allegations in paragraph 123 set forth conclusions of law for which no

6   response is required.

7         124.   The allegations in paragraph 124 set forth conclusions of law for which no

8   response is required.

9         125.   Monsanto denies the allegations in paragraph 125.

10        126.   Monsanto denies the allegations in paragraph 126, including each of its subparts.

11        127.   Monsanto denies the allegations in paragraph 127.

12        128.   Monsanto denies the allegations in paragraph 128.

13        129.   Monsanto denies the allegations in paragraph 129, including each of its subparts.

14        130.   Monsanto denies the allegations in paragraph 130.

15        131.   Monsanto denies the allegations in paragraph 131.

16        132.   Monsanto denies the allegations in paragraph 132.

17        133.   Monsanto denies the allegations in paragraph 133.

18        134.   Monsanto denies the allegations in paragraph 134.

19        135.   Monsanto incorporates by reference its responses to paragraphs 1 through 134 in

20   response to paragraph 135 of plaintiffs' Complaint.

21        136.   The allegations in paragraph 136 set forth conclusions of law for which no

22   response is required.

23        137.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

24   of the allegations in paragraph 137 and therefore denies those allegations.

25        138.   Monsanto denies the allegations in paragraph 138.  All labeling of Roundup®-

26   branded products has been and remains EPA-approved and in compliance with all federal

27   requirements under FIFRA.

28        139.   Monsanto denies the allegations in paragraph 139.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-02972-VC

1    140.    Monsanto denies the allegations in paragraph 140.  All labeling of Roundup®-

2  branded products has been and remains EPA-approved and in compliance with all federal

3  requirements under FIFRA.

4    141.    Monsanto denies the allegations in paragraph 141.  All labeling of Roundup®-

5  branded products has been and remains EPA-approved and in compliance with all federal

6  requirements under FIFRA.

7    142.    Monsanto denies the allegations in paragraph 142.

8    143.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

9  of the allegations regarding decedent's use history in paragraph 143 and therefore denies those

10  allegations.  Monsanto denies the remaining allegations in paragraph 143.

11    144.    The allegations in paragraph 144 set forth conclusions of law for which no

12  response is required.

13    145.    Monsanto denies the allegations in paragraph 145.

14    146.    Monsanto denies the allegations in paragraph 146.

15    147.    Monsanto denies the allegations in paragraph 147.

16    148.    Monsanto denies the allegations that Roundup®-branded products are defective

17  and accordingly denies the allegations in paragraph 148.

18    149.    The allegations in paragraph 149 set forth conclusions of law for which no

19  response is required.

20    150.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

21  of the allegations in paragraph 150 and therefore denies those allegations.

22    151.    Monsanto denies the allegations in paragraph 151.

23    152.    Monsanto denies the allegations in paragraph 152.

24    153.    Monsanto denies the allegations in paragraph 153.

25    154.    Monsanto denies the allegations in paragraph 154.

26    155.    Monsanto denies the allegations in paragraph 155.

27    156.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

28  of the allegations in paragraph 156 and therefore denies those allegations.

157.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 157 and therefore denies those allegations.

158.    Monsanto denies the allegations in paragraph 158.

159.    Monsanto denies the allegations in paragraph 159.

160.    Monsanto denies the allegations in paragraph 160.

161.    Monsanto denies the allegations in paragraph 161, including each of its subparts.

162.    Monsanto denies the allegations in paragraph 162.

163.    Monsanto denies that Roundup®-branded products have "dangerous characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 163 and therefore denies those allegations.

164.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 164 and therefore denies those allegations.

165.    Monsanto denies the allegations in paragraph 165.

166.    The allegations in paragraph 166 set forth conclusions of law for which no response is required.

167.    Monsanto denies the allegations in paragraph 167.

168.    Monsanto denies the allegations in paragraph 168.

169.    Monsanto denies the allegations in paragraph 169.

170.    Monsanto denies the allegations in paragraph 170.

171.    Monsanto denies the allegations in paragraph 171.

172.    Monsanto denies the allegations in paragraph 172.

173.    Monsanto denies the allegations in paragraph 173.

174.    Monsanto denies the allegations in paragraph 174.

175.    Monsanto denies the allegations in paragraph 175.

176.    Monsanto denies the allegations in paragraph 176.

177.    Monsanto denies the allegations in paragraph 177, including each of its subparts.

178.    Monsanto denies the allegations in paragraph 178.

179.    Monsanto denies the allegations in paragraph 179.

180.    Monsanto incorporates by reference its responses to paragraphs 1 through 179 in response to paragraph 180 of plaintiffs' Complaint.

181.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 181 concerning the decedent's claimed use of Roundup®-branded products and therefore denies those allegations.

182.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 182 concerning the decedent's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 182.

183.    In response to the allegations in paragraph 183, Monsanto denies that it breached any warranty and otherwise states that the document attached as Exhibit 1 speaks for itself and does not require a response.

184.    Monsanto denies the allegations in paragraph 184.

185.    Monsanto denies the allegations in paragraph 185.  Additionally, the allegations in the last sentence in paragraph 185 set forth conclusions of law for which no response is required.

186.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 186 concerning the decedent's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 186 set forth conclusions of law for which no response is required.

187.    The allegations in paragraph 187 set forth conclusions of law for which no response is required.

188.    Monsanto denies the allegations in paragraph 188.

189.    The allegation in paragraph 189 regarding a purported implied warranty sets forth a conclusion of law for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 189 and therefore denies those allegations.

190.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 190 concerning the condition of any Roundup®-branded product

allegedly used by plaintiff or about decedent's alleged uses of such product and therefore denies the allegations in paragraph 190.

191.    Monsanto denies the allegations in paragraph 191.

192.    Monsanto denies the allegations in paragraph 192.

193.    Monsanto denies the allegations in paragraph 193.

194.    Monsanto denies the allegations in paragraph 194.

195.    Monsanto incorporates by reference its responses to paragraphs 1 through 194 in response to paragraph 195 of plaintiffs' Complaint.

196.    Monsanto incorporates by reference its responses to paragraphs 1 through 195 in response to paragraph 196 of plaintiffs' Complaint.

197.    Monsanto denies the allegations in paragraph 197.

198.    Monsanto denies the allegations in paragraph 198.

199.    The allegations in paragraph 199 set forth conclusions of law for which no response is required.

200.    In response to paragraph 200, Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' and/or decedent's alleged injuries.

4.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' and/or decedent's injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.     Plaintiffs' and/or decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and/or decedent and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiffs' claims for exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Texas Constitution, and/or other applicable state constitutions.

19.     Plaintiffs' claims for exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Texas law, and/or other applicable state laws.

20.     Plaintiffs' claims for exemplary damages are barred and/or limited by operation of state and/or federal law, including Tex. Civ. Prac. & Rem. Code Ann. §§ 41.004(a), 41.008(b).

21.     Plaintiffs' claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiffs' claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

1      23.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

2      24.     If plaintiffs' have been injured or damaged, no injury or damages being admitted,

3   such injuries were not caused by a Monsanto product.

4      25.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws

5   of states that do not govern plaintiffs' claims.

6      26.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that

7   are governed by the laws of a state that does not recognize, or limits, such claims.

8      27.     To the extent that plaintiffs recovered payments for their alleged injuries from any

9   collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced

10  to the extent allowed by applicable law.

11     28.     Plaintiffs' claims are barred, in whole or in part, by application of Tex. Civ. Prac.

12  & Rem. Code Ann. § 82.008.

13     29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as

14  may become available or apparent during the course of discovery and thus reserves its right to

15  amend this Answer to assert such defenses.

16     **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

17  plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such

18  other relief as the Court deems equitable and just.

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-02972-VC

1

## <u>JURY TRIAL DEMAND</u>

2

Monsanto demands a jury trial on all issues so triable.

3

DATED:  May 7, 2020

Respectfully submitted,

4

5

<u>/s/ Joe G. Hollingsworth</u>
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)

6

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)

7

HOLLINGSWORTH LLP
1350 I Street, N.W.

8

Washington, DC  20005
Telephone:  (202) 898-5800

9

Facsimile:   (202) 682-1639

10

*Attorneys for Defendant*

11

*MONSANTO COMPANY*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-02972-VC