**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Bradley Koen v. Monsanto Co.*,<br>Case No. 3:20-cv-03074-VC | |

**MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies those allegations.

2.     Monsanto admits the allegations of paragraph 2.

3.     Monsanto denies the remaining allegations in paragraph 3.

4.     The allegations in paragraph 4 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff

1  has a variety of separate and distinct uses and formulations.

2      5.      The allegations in paragraph 5 set forth conclusions of law for which no response

3  is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

4  paragraph 5 based upon the allegations in plaintiff's Complaint.

5      6.      Monsanto admits the allegations in paragraph 6.

6      7.      The allegations in paragraph 7 set forth conclusions of law for which no response

7  is required.

8      8.       Monsanto admits that it sells Roundup®-branded products in Texas.  In response

9  to the allegations in the first sentence of paragraph 8, Monsanto denies certain events giving rise

10 to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as

11 to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims

12 occurred and therefore denies those allegations.  The remaining allegations in paragraph 8 set

13 forth conclusions of law for which no response is required.

14     9.      In response to the allegations in paragraph 9, Monsanto admits that it sells

15 Roundup®-branded products in Texas.

16     10.     Monsanto lacks information or knowledge sufficient to form a belief as to the

17 truth of the allegations in paragraph 10 and therefore denies those allegations.

18     11.     The allegations in paragraph 11 are vague and conclusory and comprise attorney

19 characterizations and are accordingly denied.

20     12.     The allegations in paragraph 12 are vague and conclusory and comprise attorney

21 characterizations and are accordingly denied.

22     13.     Monsanto admits the allegations in paragraph 13.

23     14.     Monsanto admits that it is authorized to do business in Texas.  The remaining

24 allegations of paragraph 14 are vague and conclusory and comprise attorney characterizations

25 and are accordingly denied.

26     15.     The allegations in paragraph 15 set forth conclusions of law for which no

27 response is required.

28     16.     Monsanto denies the allegations in paragraph 16.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03074-VC

17.     Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 17.

18.     Monsanto denies the allegations in paragraph 18.

19.     Monsanto denies the allegations in paragraph 19.

20.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 21 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

22.     Monsanto admits the allegations in paragraph 22.

23.     Monsanto admits the allegations in paragraph 23.

24.     In response to the allegations in paragraph 24, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 24 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

25.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 25 comprise attorney characterizations and are accordingly denied.

26.     Monsanto admits the allegations in paragraph 26.

27.     Monsanto generally admits the allegations in paragraph 27, but denies the allegations in paragraph 27 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03074-VC

1    the United States Environmental Protection Agency ("EPA").

2         28.     Monsanto lacks information or knowledge sufficient to form a belief as to the

3    truth of the allegations in paragraph 28 and therefore denies those allegations.

4         29.     Monsanto admits that Roundup®-branded products have been used by farmers for

5    approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

6    properties and denies the remaining allegations in paragraph 29.

7         30.     The allegations in paragraph 30 set forth conclusions of law for which no

8    response is required.  To the extent that a response is deemed required, Monsanto admits the

9    allegations in paragraph 30.

10        31.     In response to the allegations in paragraph 31, Monsanto admits that EPA requires

11   registrants of herbicides to submit extensive data in support of the human health and

12   environmental safety of their products and further admits that EPA will not register or approve

13   the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

14   Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 31 set forth

15   conclusions of law for which no response is required.

16        32.     The allegations in paragraph 32 set forth conclusions of law for which no

17   response is required.

18        33.     Monsanto admits that Roundup®-branded products are registered by EPA for

19   manufacture, sale and distribution.

20        34.     In response to the allegations in paragraph 34, Monsanto admits that EPA requires

21   registrants of herbicides to submit extensive data in support of the human health and

22   environmental safety of their products and further admits that EPA will not register or approve

23   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

24   states that the term "the product tests" in the final sentence of paragraph 34 is vague and

25   ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 34

26   set forth conclusions of law for which no answer is required.

27        35.     Monsanto denies the allegations in paragraph 35 to the extent that they suggest

28   that EPA only evaluates the safety of pesticide products on the date of their initial registration.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03074-VC

1   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

2   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

3   of the allegations in paragraph 35 regarding such pesticide products generally and therefore

4   denies those allegations.  The remaining allegations in paragraph 35 set forth conclusions of law

5   for which no response is required.

6   36.   In response to the allegations in paragraph 36, Monsanto admits that EPA has

7   undertaken a regulatory review of glyphosate and further admits that EPA has not released its

8   findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

9   Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

10  concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic

11  to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time,

12  EPA posted an October 2015 final report by its standing Cancer Assessment Review

13  Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate

14  as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December

15  2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic

16  potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not

17  likely to be carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP

18  reports and the EPA CARC Final Report, other specific findings of safety include:

19
20  - "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that
      shows evidence of non-carcinogenicity for humans—based on the lack of

21  [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic
    Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
22  document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in
    anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic
23  potential.

24  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
    U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the
25  Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
    Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.
26
    [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of
27  Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/
    document?D=EPA-HQ-OPP-2016-0385-0528.
28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03074-VC

convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate:*
*Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed.
  Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
  Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that
  glyphosate is not mutagenic, not a carcinogen, and not a developmental or
  reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
  73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."
  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to
  be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the
  possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded
  that this body of research does not provide evidence to show that [g]lyphosate
  causes cancer and does not warrant any change in EPA's cancer classification for
  [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and*
  *Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, &*
  *Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director
  of EPA's Office of Pesticide Programs),
  http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-
  0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

remaining allegations in paragraph 36 and therefore denies those allegations.

37.   In response to the allegations in paragraph 37, Monsanto admits that the New

York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

the subparts purport to quote a document, the document speaks for itself and thus does not

require any further answer.  The remaining allegations in paragraph 37 are vague and conclusory

and comprise attorney characterizations and are accordingly denied.

38.   In response to the allegations in paragraph 38, Monsanto admits it entered into an

assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 38 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

39.     Monsanto denies the allegations in paragraph 39.

40.     In response to the allegations in paragraph 40, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 40 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 40.

41.     Monsanto denies the allegations in paragraph 41.

42.     In response to the allegations in paragraph 42, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 42 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 and therefore denies those allegations.

43.     Monsanto admits the allegations in paragraph 43.

44.     In response to the allegations in paragraph 44, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 44 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 and therefore denies those allegations.

45.     Monsanto states that the term "toxic" as used in paragraph 45 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 45.

46.     Monsanto admits the allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 47.

1      48.     In response to the allegations in paragraph 48, Monsanto admits that Julie Marc
2    published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To
3    the extent that paragraph 48 characterizes the meaning of the cited study, Monsanto denies the
4    remaining allegations in paragraph 48.

5      49.     In response to the allegations in paragraph 49, Monsanto states that these
6    documents speak for themselves and do not require a response.  To the extent that a response is
7    deemed required, Monsanto denies the allegations in paragraph 49.

8      50.     In response to the allegations in paragraph 50, Monsanto states that the cited
9    document speaks for itself and does not require a response.  To the extent that paragraph 50
10   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in
11   paragraph 50.

12     51.     Monsanto denies the allegations in paragraph 51.

13     52.     In response to the allegations in paragraph 52, Monsanto states that the cited
14   document speaks for itself and does not require a response.  To the extent that paragraph 52
15   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in
16   paragraph 52.

17     53.     In response to the allegations in paragraph 53, Monsanto states that the cited
18   document speaks for itself and does not require a response.  To the extent that paragraph 53
19   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in
20   paragraph 53.

21     54.     Monsanto denies the allegation that the cited studies support the allegation that
22   glyphosate or Roundup®-branded products pose any risk to human health and denies the
23   remaining allegations in paragraph 54.

24     55.     Monsanto denies the allegations in paragraph 55.

25     56.     Monsanto denies the allegations in paragraph 56.

26     57.     Monsanto denies the allegations in paragraph 57.

27     58.     Monsanto denies the allegations in paragraph 58.

28     59.     Monsanto admits that it has in the past promoted, and continues to promote,

1    Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

2    Monsanto denies the remaining allegations in paragraph 59.

3         60.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

4    is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

5    lacks information or knowledge sufficient to form a belief as to the truth of the remaining

6    allegations in paragraph 60 and therefore denies those allegations.

7         61.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 61 and therefore denies those allegations.  Monsanto denies

9    that glyphosate met the criteria necessary to be eligible for review.

10        62.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations in paragraph 62 and therefore denies those allegations.  Monsanto denies

12   that glyphosate met the criteria necessary to be eligible for review.

13        63.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

14   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

15   evidence was "cumulative."  The remaining allegations in paragraph 63 are vague and

16   conclusory and comprise attorney characterizations and are accordingly denied.

17        64.    Monsanto admits that the full IARC Monograph regarding glyphosate was

18   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

19   2A carcinogen.  In response to the remaining allegations in paragraph 64, Monsanto states that

20   the document speaks for itself and does not require a response.  To the extent that a response is

21   deemed required, the remaining allegations in paragraph 64 comprise attorney characterizations

22   and are accordingly denied.

23        65.    Monsanto denies the allegations in paragraph 65.  The IARC working group

24   concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

25   which, per IARC's guidelines, means that the working group could not rule out chance, bias or

26   confounding so as to reach any conclusion of an increased risk.

27        66.    In response to the allegations in paragraph 66, Monsanto states that the document

28   speaks for itself and does not require a response.  To the extent that a response is deemed

required, the allegations in paragraph 66 comprise attorney characterizations and are accordingly denied.

67.     Monsanto denies the allegations in paragraph 67.

68.     The allegations in paragraph 68 comprise attorney characterizations and are accordingly denied.

69.     Monsanto admits the allegations in paragraph 69.

70.     In response to the allegations in paragraph 70, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 70 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 70.

71.     In response to the allegations in paragraph 71, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 71.

72.     The allegations in paragraph 72 are vague and ambiguous and are accordingly denied.

73.     In response to the allegations in paragraph 73, Monsanto states that the cited document speaks for itself and does not require a response.

74.     In response to the allegations in paragraph 74, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 74 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 74.

75.     Monsanto denies the allegations in paragraph 75.

76.     In response to the allegations in paragraph 76, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 76.

- 10 -

77.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto admits the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto admits the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 94.

95.     In response to the allegations in paragraph 95, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

- 11 -

95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto denies the allegations in paragraph 99.

100.    Monsanto denies the allegations in paragraph 100.

101.    Monsanto denies the allegations in paragraph 101.

102.    Monsanto denies the allegations in paragraph 102.

103.    Monsanto denies the allegations in paragraph 103.

104.    Monsanto admits that plaintiff purports to bring an action for compensatory damages but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 104.

105.    Monsanto denies the allegations in paragraph 105.

106.    Monsanto denies the allegations in paragraph 106.

107.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107 and therefore denies those allegations.

108.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 108 and therefore denies those allegations.

109.    Monsanto denies the allegations in paragraph 109.

110.    Monsanto incorporates by reference its responses to paragraphs 1 through 109 in response to paragraph 110 of plaintiff's Complaint.

111.    Monsanto denies the allegations in paragraph 111.

112.    In response to the allegations in paragraph 112, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

113.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph 113.  Monsanto states, however, that the scientific studies upon which IARC purported to base

- 12 -

1    its classification were all publicly available before March 2015.

2         114.    Monsanto denies the allegations in the first and last sentences of paragraph 114.

3    The remaining allegations in paragraph 114 set forth conclusions of law for which no response is

4    required.  Monsanto states, however, that the scientific studies upon which IARC purported to

5    base its classification were all publicly available before March 2015.

6         115.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

7    and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

8    branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

9    which IARC purported to base its classification were all publicly available before March 2015.

10   The remaining allegations in paragraph 115 set forth conclusions of law for which no response is

11   required, consist of attorney characterizations and are accordingly denied, or comprise

12   allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

13   the truth of the allegations asserted and therefore denies those allegations.

14        116.    Monsanto incorporates by reference its responses to paragraphs 1 through 115 in

15   response to paragraph 116 of plaintiff's Complaint.

16        117.    The allegations in paragraph 117 set forth conclusions of law for which no

17   response is required.

18        118.    Monsanto denies the allegations in paragraph 118.

19        119.    Monsanto denies the allegations in paragraph 119, including each of its subparts.

20        120.    Monsanto denies the allegations in paragraph 120.

21        121.    Monsanto denies the allegations in paragraph 121.

22        122.    Monsanto denies the allegations in paragraph 122, including each of its subparts.

23        123.    Monsanto denies the allegations in paragraph 125.

24        124.    Monsanto denies the allegations in paragraph 124.

25        125.    Monsanto denies the allegations in paragraph 125.

26        126.    Monsanto denies the allegations in paragraph 126.

27        127.    In response to paragraph 127 , Monsanto demands that judgment be entered in its

28   favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03074-VC

1  Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

2  further and additional relief as this Court may deem just and proper.

3       128.    Monsanto incorporates by reference its responses to paragraphs 1 through 127 in

4  response to paragraph 128 of plaintiff's Complaint.

5       129.    In response to the allegations in paragraph 129, Monsanto lacks information or

6  knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

7  exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies

8  the remaining allegations in paragraph 129.

9       130.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10  truth of the allegations in paragraph 130 and therefore denies those allegations.

11       131.    Monsanto denies the allegations in paragraph 131.

12       132.    Monsanto denies the allegations in paragraph 132.

13       133.    Monsanto denies the allegations in paragraph 133.

14       134.    Monsanto denies the allegations in paragraph 134, including each of its subparts.

15       135.    Monsanto denies the allegations in paragraph 135.

16       136.    Monsanto denies that Roundup®-branded products have "dangerous

17  characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the remaining allegations in paragraph 136 and therefore denies those allegations.

19       137.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20  truth of the allegations in paragraph 137 and therefore denies those allegations.

21       138.    Monsanto denies the allegations in paragraph 138.

22       139.    The allegations in paragraph 139 set forth conclusions of law for which no

23  response is required.

24       140.    Monsanto denies the allegations in paragraph 140.

25       141.    Monsanto denies the allegations in paragraph 141.

26       142.    Monsanto denies the allegations in paragraph 142.

27       143.    Monsanto denies the allegations in paragraph 143.

28       144.    Monsanto denies the allegations in paragraph 144.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03074-VC

145.     Monsanto denies the allegations in paragraph 145.

146.     Monsanto denies the allegations in paragraph 146.

147.     Monsanto denies the allegations in paragraph 147.

148.     Monsanto denies the allegations in paragraph 148.

149.     Monsanto denies the allegations in paragraph 149.

150.     In response to paragraph 150, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

151.     Monsanto incorporates by reference its responses to paragraphs 1 through 150 in response to paragraph 151 of plaintiff's Complaint.

152.     Monsanto denies the allegations in paragraph 152.

153.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 153 and therefore denies those allegations.

154.     Monsanto denies the allegations in paragraph 154.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

155.     Monsanto denies the allegations in paragraph 155.

156.     Monsanto denies the allegations in paragraph 156.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

157.     Monsanto denies the allegations in paragraph 157.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA and with California law.

158.     Monsanto denies the allegations in paragraph 158.

159.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 159 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 159.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03074-VC

160.    The allegations in paragraph 160 set forth conclusions of law for which no response is required.

161.    Monsanto denies the allegations in paragraph 161.

162.    Monsanto denies the allegations in paragraph 162.

163.    Monsanto denies the allegations in paragraph 163.

164.    Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 164.

165.    The allegations in paragraph 165 set forth conclusions of law for which no response is required.

166.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 166 and therefore denies those allegations.

167.    Monsanto denies the allegations in paragraph 167.

168.    Monsanto denies the allegations in paragraph 168.

169.    Monsanto denies the allegations in paragraph 169.

170.    Monsanto denies the allegations in paragraph 170.

171.    Monsanto denies the allegations in paragraph 171.

172.    In response to paragraph 172, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

173.    Monsanto incorporates by reference its responses to paragraphs 1 through 172 in response to paragraph 173 of plaintiff's Complaint.

174.    Monsanto denies the allegations in paragraph 174.  Additionally, the allegations in the last sentence in paragraph 174 set forth conclusions of law for which no response is required.

175.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 175 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph

1    175 set forth conclusions of law for which no response is required.

2         176.    The allegations in paragraph 176 set forth conclusions of law for which no

3    response is required.

4         177.    Monsanto denies the allegations in paragraph 177.

5         178.    The allegation in paragraph 178 regarding a purported implied warranty sets forth

6    a conclusion of law for which no response is required.  Monsanto lacks information or

7    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

8    178 and therefore denies those allegations.

9         179.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in paragraph 179 concerning the condition of any Roundup®-branded

11   product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore

12   denies the allegations in paragraph 179.

13        180.    Monsanto denies the allegations in paragraph 180.

14        181.    Monsanto denies the allegations in paragraph 181.

15        182.    Monsanto denies the allegations in paragraph 182.

16        183.    In response to paragraph 183, Monsanto demands that judgment be entered in its

17   favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that

18   Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

19   further and additional relief as this Court may deem just and proper.

20        In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

21   denies that plaintiff is entitled to the relief sought therein, including any judgment for any

22   damages, interest, costs, or any other relief whatsoever.

23        Every allegation in the Complaint that is not specifically and expressly admitted in this

24   Answer is hereby specifically and expressly denied.

25                    **SEPARATE AND AFFIRMATIVE DEFENSES**

26        1.    The Complaint, in whole or part, fails to state a claim or cause of action against

27   Monsanto upon which relief can be granted.

28        2.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03074-VC

1   reliable evidence that the products at issue were defective or unreasonably dangerous.

2          3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted,

3   was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

4   plaintiff's alleged injuries.

5          4.      Plaintiff's claims are barred, in whole or in part, because the products at issue

6   were designed, manufactured, marketed and labeled with proper warnings, information, cautions

7   and instructions, in accordance with the state of the art and the state of scientific and

8   technological knowledge.

9          5.      Plaintiff's claims are barred, in whole or in part, because the products at issue

10  were not defective or unreasonably dangerous in that they complied with, at all relevant times,

11  all applicable government safety standards.

12         6.      Any claims based on allegations that Monsanto misled, defrauded, made

13  misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

14  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

15  *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

16         7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law

17  relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

18  processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

19         8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA

20  findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

21  product labeling.

22         9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary

23  jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

24         10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if

25  any, were the result of conduct of plaintiff, independent third parties, and/or events that were

26  extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

27  independent, intervening and superseding causes of the alleged injuries, including but not limited

28  to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Texas Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff have failed to allege conduct warranting imposition of such damages under Texas law, and/or other applicable state laws.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Tex. Civ. Prac. & Rem. Code Ann. §§ 41.004(a), 41.008(b).

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiff's claims are barred, in whole or in part, by application of Tex. Civ. Prac. & Rem. Code Ann. § 82.008.

23.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

24.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

25.     If plaintiff had been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from any collateral sources.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03074-VC

1

2

DATED:  May 8, 2020                              Respectfully submitted,

3

4                                                          /s/ Joe G. Hollingsworth
                                                           Joe G. Hollingsworth (*pro hac vice*)
                                                           (jhollingsworth@hollingsworthllp.com)
5                                                          Eric G. Lasker (*pro hac vice*)
                                                           (elasker@hollingsworthllp.com)
6                                                          HOLLINGSWORTH LLP
                                                           1350 I Street, N.W.
7                                                          Washington, DC  20005
                                                           Telephone:  (202) 898-5800
8                                                          Facsimile:   (202) 682-1639

9                                                          *Attorneys for Defendant*
                                                           *MONSANTO COMPANY*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 21 -
MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03074-VC