Bryce T. Hensley
Illinois State Bar No. 6327025
**Romanucci & Blandin, LLC**
321 N. Clark Street, Suite 900
Chicago, Illinois 60654
312-253-8800
bhensley@rblaw.net
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION* | MDL Docket No. 2741 |
| | Case No. 3:16-MD-2741-VC |
| This Document relates to: | The Honorable Judge Vince Chhabria |
| *Meghan Caruso, et al. v. Russo Hardware, et al.* | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT** |
| USDC – NDIL No. 1:19-cv-7121 | |
| USDC – NDCA No. 3:20-cv-01017-VC | **Hearing Date: Thursday, May 28, 2020 at 1000 a.m.** |

Faced with the addition of three new parties as defendants to this action, Monsanto homes in on just one in their Response: Archer Pines. In a transparent scramble to keep this case in federal court at all costs, without any co-defendants to its own detriment, Monsanto ignores any substantive argument surrounding the other two parties (Home Depot and Menard) and instead directs their efforts to undercut the addition of another Illinois defendant. Caruso, though, did not move the Court to add Archer Pines for the improper purpose of defeating diversity jurisdiction. Doing so for that purpose would have been superfluous and immaterial. Caruso remains adamant in her briefing as it relates to Russo Hardware being a proper defendant in this action for their sale of Roundup when they knew or should have known of its dangerous qualities as a regional landscaping leader. For that reason, Monsanto's attempts to divine Caruso's motive for this amendment as an end round to defeat federal jurisdiction is a misdirected aspersion. It is a given that the addition of parties after removal is left to the discretion of the Court under 28 U.S.C. § 1447(e), a point Caruso never disputed and which Monsanto admits. Dkt. 40, p.1.[1] But that discretion need not go any further than the remand briefing for an unassailable truth: Federal diversity is not being destroyed by the addition of Archer Pines; it never existed in the first place.

Rather than a show of procedural gamesmanship, Caruso is seeking to add Archer Pines, Home Depot, and Menard as defendants out of apparent necessity after learning information shortly before the original statute of limitations expired and in order to preserve her rights. The Court's consideration, then, needs only be confined to whether justice requires their addition to the suit as defendants, whether indispensable or not, and whether that addition was timely. *See*

---

[1] All references to the federal docket shall be notated by "Dkt." and shall reference the individual case docket number, 3:20-cv-01017-VC. All page numbers shall reference the pages as marked by Counsel, not the ECF System.

F.R.C.P. 15; F.R.C.P. 19; F.R.C.P. 20; § 1447(e). There is no disputing, and Monsanto does not dispute, that it faces tens of thousands of cancer victims whose lawsuits' trial value exceeds eight-figures or that it may face bankruptcy.[2] Running the numbers, it is clear that there is a risk that Monsanto alone may not be able to accord complete relief to Caruso for her husband's premature death at 33. As such, these three additional parties, as either distributors of Roundup to UIC or as applicators of Roundup around UIC during Caruso's time working there, are potential indispensable parties. Failing to add them will result in immense prejudice to Caruso after Monsanto's gamesmanship put her in this position to begin with. *See* F.R.C.P. 19. At the very least, they are parties that should Caruso should be permitted to join. *See* F.R.C.P. 20.

Regardless of whether they are indispensable parties to this action,[3] though, good cause for the delay in joinder exists and equitable considerations counsel their addition to this case. Caruso acted with the utmost diligence throughout and, as Defendants persistently argue and Caruso will struggle to dispute: The Statute is inapplicable as a procedural device in federal court. Given the extraordinary circumstance of not having the procedural remedy she initially invoked and relied on in state court, and given the timeliness of her motion to amend within the confines of the Statute viewed through an equitable lens, Caruso should be afforded the opportunity to do so and file her Third Amended Complaint.

---

[2] Plaintiff asks that the Court take judicial notice of the attached hyperlinked news story :
https://fortune.com/2020/01/24/bayer-pay-10-billion-roundup-cancer-cases-monsanto/. Fed. R. Ev. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). News articles such as this, especially when containing reports from the defendant's own lawyers, are one such modicum guaranteeing sufficient indicia of reliability supporting the taking of judicial notice.

[3] Should the Court find these three putative defendants are indispensable parties, but refuses to allow their joinder to the action due to timeliness concerns such that joinder is infeasible, *See* F.R.C.P. 19(b), this action should still proceed among the existing parties so that Plaintiff can seek some remedy in this Court or, if properly remanded, in Illinois state court.

**I. Under the federal rules, justice requires the joinder of the three additional defendants as indispensable parties.**

Monsanto devotes the majority of their brief arguing that the Statute is inapplicable in federal court by expounding on the *Erie* doctrine and its progeny, *See* Dkt. 40, pp. 3-8, despite the fact that is a point that Caruso argues in just one, three-sentence paragraph. Dkt. 40 pp. 3-8. Rather than contradict the litany of case law that was cited and echoed in the initial briefs, Caruso set forth numerous arguments under *federal law* that Monsanto is utterly silent on in their Response. Monsanto ignores the "justice so requires" plain language of Rule 15; its underlying purpose, which is to facilitate decisions on the merits; and the repeated references to the potential for their bankruptcy and resulting inability to accord complete relief. *Id*. at 10, 12.

Instead, Monsanto largely relies on § 1447(e) to argue that it falls to the discretion of the district court whether to allow the addition of a non-diverse defendant after removal and that Caruso's attempts at joinder should be denied. However, under § 1447(e) there are a list of factors the court will consider when looking at whether joinder should be permitted, which Monsanto chooses not to address in any organized way:

- o  whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule Civil of Procedure 19(a);

- o  whether denial of joinder will prejudice the plaintiff.

- o  whether the statute of limitations would preclude an original action against the new defendants in state court;

- o  whether there been unexplained delay in requesting joinder;

- o  whether joinder is intended solely to defeat federal jurisdiction; and

- o  whether the claims against the new defendant appear valid.

*IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de CV*, 125 F.Supp.2d 1008, 1011 (N.D. Cal. 2000). Caruso addresses each and demonstrates joinder should be permitted.

### A. These indispensable parties must be joined under Rule 19 or else prejudice will occur.

Rule 19 allows for the joinder of a party whose joinder is required to accord full satisfaction between the parties. *See* F.R.C.P. 19(a). Without explicitly addressing the arguments made in Caruso's initial brief, Monsanto cites to some cases that seem to challenge such joinder. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998), for instance, found that an individual defendant was not "crucial" and no "undue prejudice" would arise from their absence. However, that case involved injunctive relief which could only be enforced against the other defendants and money damages which the Court found *could* be fully satisfied by the other defendants. *Id*.

Here, Caruso raised the prospect of bankruptcy in her initial brief and it went unrebutted. With tens of thousands of cases pending across the country, "full relief," as defined by the three trial verdicts thus far which topped $2 billion, may not be attainable for every plaintiff, including Caruso. Caruso should be permitted to add these three parties and further expand on their culpability beyond what she already has received to protect her right to full relief. In their absence, Caruso would be severely prejudiced in her potential recovery.

### B. Illinois state court would have allowed the joinder of the putative defendants or, at the very least, allowed an extension to engage in discovery, but now Caruso's claims would be time-barred in state court.

Had this matter remained in Illinois state court where it belonged due to Russo's involvement and culpability in Caruso's death, this Motion would have either been granted or—given the lack of response—or she would have received leave to extend the 6-month time period and enforce their discovery obligations. *See* 735 ILCS 5/2-402. Now, with that time period weeks

expired, Caruso's efforts to file a new, separate lawsuit against the three entities would be faced with the same opposition faced here. Caruso's only option at this point is to seek their joinder in this lawsuit where they had previously and properly been named as Respondents in Discovery.

### C. The justifiable delay is explained by Caruso's reliance on the law in Illinois where her case belongs.

The Court should also consider whether "the amendment was attempted in a timely fashion." *Clinco v. Robers*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999). Courts doing so have also considered a plaintiff's explanations for any delay. *See e.g. Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1023 (C.D. Cal. 2002) (substitution of new counsel); *Chan v. Bucephalus Alt. Energy Grp., LLC*, 2009 WL 1108744 at * (N.D. Cal. Apr. 24, 2009) (realization that two defendants were actually separate entities). Here, Caruso acted with more than reasonable diligence in this case as set forth in her initial brief on this matter.[4] Caruso has aggressively pursued the reinstatement of this action in Cook County state court since the case was removed. Caruso then moved to amend within the 6-month period prescribed in the Statute. While the Illinois statute's tolling provision is not applicable due to *Erie* and other federalism concerns, the 6-month window contained therein is evidence of what could be and should be considered a reasonable period of time to amend in this situation and when any prejudice against the defendants (old or new) could arguably arise. Caruso moved to amend during that time period and, as such, her motion to amend is timely.

### D. Joinder is not needed to defeat federal jurisdiction, which has never existed.

The Ninth Circuit has instructed that, because "motive in seeking joinder" is a relevant factor in determining whether amendment is appropriate, "a trial court should look with particular

---

[4] *See* Dkt. 39, pp. 3-6.

care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Desert Empire Bank v. Ins. Co of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). Even though Caruso was "aware of the removal" when she amended, counseling against amendment, *see Boon*, 229 F.Supp.2d at 1024, her new complaint is substantially more expansive and uniquely pled for the new defendants and she has a valid reason for waiting to assert claims. *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, 2016 WL 3396925 at *4 (C.D. Cal. Jun. 13, 2016) (courts have inferred improper motive when proposed complaint only contains minor or insignificant changes); *see Chan*, 2009 WL 1108744 at *5.

Here, the proposed Third Amended Complaint has detailed factual descriptions of each putative defendant and their roles in causing or contributing to Caruso's injuries. *See generally* Dkt. 39-1, Plaintiff's Proposed Third Amended Complaint. Caruso also added two claims against each putative defendant based on those unique factual allegations. *See id.*, Counts IX-XIV. Further, the provisions of Illinois state law that Caruso relied on provides a justifiable reason for her delay. As soon as it was clear that 6-month window was expiring, Caruso filed this motion. *See* Dkts. 38, 39. Finally, as noted previously, Caruso had no reason to name *another* in-state defendant just to defeat diversity; she has had Russo named since the inception of this lawsuit. The motives behind Caruso's joinder of these three parties were honest and without any intent to fraudulently manipulate the diversity analysis. Russo is and has been a proper defendant.

**E. The claims against the three putative defendants are valid.**

Monsanto claims liability is nonexistent for the three putative defendants; therefore, amending is "futile." Dkt. 40, p. 8-9. The claims against the three are permissible claims. In fact, there is a basis to name all of them in this suit, especially Archer Pines who Caruso alleged was

negligent in their application of a probable human carcinogen on a college campus. Many of the cases cited (*Moore*, *Faulkner*) do not consider any of the factors above; rather, they summarily deny amending on straightforward statute of limitations grounds. Here, not only does Caruso have a colorable argument under each of the factors, but equitable concerns, such as the unique situation with the Statute—which were not present in those cases—should be taken under consideration.

In one breath Monsanto argues that Caruso should have added the parties back in state court. Yet, Caruso was under no obligation to do so. In fact, she took the appropriate and encouraged half-measure of adding the three parties as Respondents in Discovery to seek more information. When the case was removed, the statute as to the three Respondents had run, but for the Statute's tolling provision. Regardless of whether this Motion was filed in October or in April, Caruso would have been making this same argument: her amendment fell within the time period prescribed by the Illinois statute, therefore it was timely

In the other breath, though, Monsanto's claim that liability is nonexistent for the three putative defendants is unfounded. First, as it relates to Archer Pines, this is a landscaping company who used Roundup on the UIC Campus during the time John Caruso worked there after the release of the IARC findings on glyphosate in 2015. *See* Dkt. 39-12, Receipts of Service. Under Illinois law, "every person owes a duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of an act…extend[ing] to remote and unknown persons." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 766 (7th Cir. 2009) (quoting *Widlowski v. Durkee Foods, Div. of SCM Corp.*, 138 Ill.2d 369, 373 (1990)). Caruso's proposed Third Amended Complaint has pled adequate facts to support their joinder in this case: namely that it knew or should have known of Roundup's dangerous and carcinogenic

qualities; used Roundup when it knew or should have known that Roundup was dangerous; and that it was foreseeable that someone working on the UIC campus where they were using Roundup, would be exposed to Roundup; *inter alia*. *See* Dkt. 39-1, ¶¶ 38-41; 142-150; 275-290.

As it relates to Home Depot, Inc. and Menard, Inc., the same arguments Caruso made regarding Russo Hardware apply here. Under the standard above on a general theory of negligence, both knew or should have known—as national corporations specializing in home and lawn care—that Roundup had dangerous, carcinogenic qualities and that it was foreseeable that the users they sold to would be exposed to those qualities when using Roundup. Dkt. 39-1, ¶¶ 28-37; 112-141; 243-274. On a more specific claim brought under Section 388 of the Restatement, distributors under Illinois law have to have unequal knowledge *vis a vis* the end users in order to be held liable. *Kirkman v. Kirkman*. 195 Ill. App. 3d 393, 397 (4th Dist. 1990). Caruso has pled that these national corporations specializing in home improvement and residential lawn care and maintenance had more knowledge than her husband, who was merely a landscaper at a local college. Dkt. 39-1, ¶¶ 121, 136. As such, under either standard, Caruso pled adequate facts in her proposed Third Amended Complaint that support a claim to warrant their joinder in this case.

**II. Equity demands that Caruso be allowed to add the three parties as defendants.**

Another area that Monsanto ignores are Caruso's requests sounding in equity that she be permitted to amend her pleading. To be sure, the word "equity" does not appear anywhere in Monsanto's brief and its derivatives (i.e. inequitable) only rises in the context of Erie Doctrine considerations, which Caruso will concede *arguendo* prohibits the applicability of 735 ILCS 5/2-402. However, as argued in her initial brief, equitable considerations should be taken into account to allow for this amendment. No good cause exists to deny this motion: Caruso has acted in good

faith; the three putative defendants were on notice that Caruso could add them up until the six-month mark (which she did); and Monsanto and Russo suffer no prejudice from their addition.

One such avenue in equity that supports her argument even further is equitable tolling. "The equitable tolling doctrine 'enables courts to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct … particular injustices.'" *Mishewal Wappo Tribe of Alexander Valley v. Jewell*, 84 F.Supp.3d 930, 942 (N.D. Cal. 2015) (*citing Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (further citations omitted). Equitable tolling requires the litigant to show she undertook "the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011). Equitable tolling applies "in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir. 2001) (en banc). Generally, the proponent of equitable tolling must establish: (1) that the proponent has been pursuing rights diligently, and (2) that some extraordinary circumstances stood in the way. *Id*.

That diligence does not require "an overzealous or extreme pursuit of any and every avenue of relief." *Id*. Yet, that is exactly what Monsanto expected out of Caruso, here. Nonetheless, Caruso—as noted above—has acted with all reasonable diligence in pursuing her right to remand and to seek relief under Illinois, and—when it became apparent that would be impossible—moved to amend her Complaint as quickly as she could. As Monsanto repeatedly raises in their Response, Caruso had no other option available to her in federal court—the two-year statute of limitations ran the day Caruso added the Respondents in Discovery. Therefore, regardless of when Caruso moved to amend her Second Amended Complaint and "convert" or add the Respondents to

Defendants, she would have to had to file this same motion in federal court making the same timeliness and equitable arguments.

### III.     Conclusion

The most important factors in the Court's analysis of whether to allow joinder are the validity of the claims at issue and the motive for the proposed joinder. *Murphy v. General Life Ins. Co.*, 74 F.Supp.3d 1267, 1286 (C.D. Cal. 2015). Here, Caruso has more than adequately pled a claim of negligence against Roundup-applicator Archer Pines, as well as claims of negligence against Roundup-distributors, Home Depot and Menard. Moreover, given the presence of a valid Illinois defendant from the start of the case, it cannot be said that the motive behind the joinder is improper so as to defeat diversity. Most importantly, Caruso's Motion was timely given her reliance on Illinois law and it was necessary to incorporate all potential defendants into this case in light of potential bankruptcy from the primary defendant, Monsanto. All the other factors under § 1447(e) and the balance of equities weigh in favor of allowing this joinder. For all the foregoing reasons, Plaintiff Meghan Caruso's Motion for Leave to File a Third Amended Complaint should be granted.

                                                Respectfully Submitted.

**Date: May 8, 2020**                              /s/ Bryce T. Hensley

                                                Illinois State Bar No. 6327025
                                                **ROMANUCCI & BLANDIN, LLC**
                                                321 N. Clark Street, Suite 900
                                                Chicago, IL 60654
                                                312-253-8800
                                                bhensley@rblaw.net
                                                *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

      I, Bryce T. Hensley, Counsel for Plaintiff, hereby certify that on April 17, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which sends notification of such filing to the following CM/ECF participants and counsel of record. Further, for those that are not CM/ECF participants, Notice shall be sent via email with the foregoing and accompanying documents attached:

T.J. Dammrich, II
Peter Francis O'Neill
Shook, Hardy & Bacon LLP
111 S. Wacker, Suite 4700
Chicago, IL 60606
tjdammrich@shb.com
pfoneill@shb.com
docket@shb.com
*Attorneys for Defendants Russo Hardware, Inc. and Monsanto Company, Inc.*

Mark Parsky
McVey & Parsky, LLC
30 N. LaSalle Street, Suite 2100
Chicago, IL 60602
mep@mcveyparsky-law.com
*Attorney for Defendant Home Depot, Inc.*

Leah Jagusch
Corporate Counsel-Menard, Inc.
5101 Menard Drive
Eau Claire, WI 54703
ljagusch@menard-inc.com
*Attorney for Defendant Menard, Inc.*

Scott D. Stephenson
Litchfield Cavo LLP
303 W. Madison Street, Suite 300
Chicago, IL 60606
stephenson@litchfieldcavo.com
*Attorney for Defendant Archer Pines Landscaping, Inc.*

Brett Michael Mares
Heyl Royster Voelker & Allen
33 N. Dearborn Street
7th Floor
Chicago, IL 60602
bmares@heylroyster.com
*Attorney for Intervenor University of Illinois-Chicago*

**Date: May 8, 2020**               /s/ Bryce T. Hensley
                                    Illinois State Bar No. 6327025
                                    **ROMANUCCI & BLANDIN, LLC**
                                    321 N. Clark Street, Suite 900
                                    Chicago, IL 60654
                                    312-253-8800
                                    bhensley@rblaw.net
                                    *Counsel for Plaintiff*