**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Emory Moreland, Junior v. Monsanto Co.*, Case No. 3:20-cv-03069-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Emory Moreland Junior's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.       Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.       Monsanto admits that the World Health Organization's International Agency for Research on Cancer ("IARC") was created in 1965.  The remaining allegations in paragraph 2 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

1        3.     Monsanto admits the allegations in the first sentence of paragraph 3.  Monsanto

2   denies the allegations in the second and last sentences of paragraph 3.  The allegations in the

3   third sentence of paragraph 3, Monsanto denies any suggestion that IARC reviewed the full body

4   of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed

5   the studies that it cited in its glyphosate monograph

6        4.     In response to the allegations in paragraph 4, Monsanto admits that the World

7   Health Organization's International Agency for Research on Cancer ("IARC") issued a

8   monograph relating to glyphosate in 2015 and that an IARC working group classified glyphosate

9   under Group 2A, but denies that the IARC Monograph is the authoritative standard for cancer

10  hazard assessment around the world or that IARC based its evaluation on a complete or accurate

11  assessment of the scientific research regarding glyphosate.  Monsanto further denies that the

12  members of the panel were "renowned scientists" or that they were free from conflicts of

13  interest.

14       5.     In response to the allegations in paragraph 4, Monsanto admits that the World

15  Health Organization's International Agency for Research on Cancer ("IARC") issued a

16  monograph relating to glyphosate in 2015 and that an IARC working group classified glyphosate

17  under Group 2A, but denies that IARC based its evaluation on a complete or accurate assessment

18  of the scientific research regarding glyphosate.

19       6.     In response to the allegations in paragraph 6, Monsanto admits that the California

20  Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was required to

21  add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself

22  considers "ministerial" and "automatic" without any role for consideration of the weight or

23  quality of the evidence considered by IARC.  Monsanto further states that this decision was not

24  based upon any independent scientific analysis of glyphosate but instead was in response to a

25  provision of a California ballot proposition triggering such action based solely upon the IARC

26  classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its

27  own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to pose

28

- 2 -

a cancer hazard to humans."[1]  Monsanto contends that OEHHA's decision that it was required to list glyphosate violates the United States Constitution and the California Constitution.  On February 26, 2018, a federal district court enjoined California from requiring Proposition 65 warning labels for glyphosate as unconstitutional.  The remaining allegations in paragraph 6 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 6.

7.      Monsanto admits the allegations in the first sentence of paragraph 7.  In response to the allegations in the second sentence of paragraph 7, Monsanto admits that glyphosate, the active ingredient in Roundup®-branded herbicides, is a non-selective herbicide and that certain Roundup®-branded herbicides are used to kill weeds that commonly compete with growing crops.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 7 and therefore denies those allegations.

8.      In response to the allegations in the first sentence of paragraph 8, Monsanto admits that it has stated, and continues to state, that Roundup®-branded products are safe when used in accordance with the products' labeling.  Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.  In response to the allegations in the last sentence of paragraph 8, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies the remaining allegations in paragraph 8.

9.      Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.  Monsanto denies the remaining allegations in paragraph 9.

10.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 10 and therefore denies

---

[1] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007), https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907.pdf.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03069-VC

1   those allegations.  In response to the allegations in the third sentence of paragraph 10, Monsanto

2   denies certain events giving rise to plaintiff's claims and Monsanto lacks information or

3   knowledge sufficient to form a belief as to the truth of the allegations regarding where certain

4   other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

5       11.     Monsanto admits that plaintiff purports to bring an action for damages allegedly

6   related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto

7   denies the remaining allegations in paragraph 11.

8       12.     Monsanto admits the allegations in paragraph 12.

9       13.     In response to the allegations in paragraph 13, Monsanto admits that it was the

10  entity that discovered the herbicidal properties of glyphosate and that Monsanto manufactures

11  Roundup®-branded products that have glyphosate as the active ingredient, but notes that

12  Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

13      14.     The allegations in paragraph 14 comprise attorney characterizations and are

14  accordingly denied.

15      15.     The allegations in paragraph 15 set forth conclusions of law for which no

16  response is required.  To the extent that a response is deemed required, Monsanto admits the

17  allegations in paragraph 15 based upon the allegations in plaintiff's Complaint.

18      16.     The allegations in paragraph 16 set forth conclusions of law for which no

19  response is required.

20      17.     Monsanto denies the allegations in paragraph 17.

21      18.     Monsanto lacks information or knowledge sufficient to form a belief as to the

22  truth of the accusations in paragraph 18 and therefore denies those allegations.

23      19.     In response to the allegations in paragraph 19, Monsanto denies any "omissions"

24  and certain events giving rise to plaintiff's claims.  Monsanto lacks information or knowledge

25  sufficient to form a belief as to the truth of the allegations regarding where certain other events

26  giving rise to plaintiff's claims occurred and therefore denies those allegations.  The remaining

27  allegations in paragraph 19 set forth conclusions of law for which no response is required.

28      20.     The allegations in paragraph 20 set forth conclusions of law for which no

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03069-VC

1    response is required.

2         21.    In response to the allegations in paragraph 21, Monsanto admits that glyphosate is

3    an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

4    paragraph 21 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

5    to form a belief as to the truth of the remaining allegations in paragraph 21 and therefore denies

6    those allegations.

7         22.    Monsanto admits the allegations in the first sentence of paragraph 22.  Monsanto

8    denies the allegations in the second sentence of paragraph 22 because the impact of glyphosate

9    on treated plants varies depending upon the amount of glyphosate applied and the type of plant.

10   Monsanto denies the allegations in the third sentence of paragraph 22 to the extent that they

11   suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well

12   within regulatory safety levels, as determined by the United States Environmental Protection

13   Agency ("EPA").

14        23.    Monsanto admits the allegations in paragraph 23.

15        24.    In response to the allegations in paragraph 24, Monsanto admits that farmers have

16   safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining

17   allegations in paragraph 24.

18        25.    The allegations in paragraph 25 set forth conclusions of law for which no

19   response is required.  To the extent that a response is deemed required, Monsanto admits those

20   allegations.

21        26.    The allegations in paragraph 26 set forth conclusions of law for which no

22   response is required.  To the extent that a response is deemed required, Monsanto admits those

23   allegations.

24        27.    In response to the allegations in paragraph 27, Monsanto admits that EPA requires

25   registrants of herbicides to submit extensive data in support of the human health and

26   environmental safety of their products and further admits that EPA will not register or approve

27   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining

28   allegations in paragraph 27 set forth conclusions of law for which no response is required.

28.     The allegations in paragraph 28 set forth conclusions of law for which no response is required.

29.     In response to the allegations in paragraph 29, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 29 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 29 set forth conclusions of law for which no response is required.

30.     Monsanto denies the allegations in paragraph 30 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration.  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 30 set forth conclusions of law for which no response is required.

31.     In response to the allegations in paragraph 31, Monsanto admits that EPA has undertaken a review of glyphosate and that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[2]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to

---

[2] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03069-VC

1   Humans."[3]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed,

2   lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion

3   that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[4]

4   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

5   remaining allegations in paragraph 31 and therefore denies these allegations.

6        32.     In response to the allegations in paragraph 32, Monsanto admits that EPA posted

7   the EPA CARC Final Report on EPA's website in late April 2016 and took the report off the

8   website in early May 2016.  Monsanto further states that, in September 2016, EPA posted the

9   EPA CARC Final Report that endorsed EPA's existing classification of glyphosate as "Not

10  Likely to be Carcinogenic to Humans."  Monsanto lacks information or knowledge sufficient to

11  form a belief as to the truth of the remaining allegations in paragraph 32 and therefore denies

12  those allegations.

13       33.     In response to the allegations in paragraph 33, Monsanto admits that an EPA

14  review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

15  changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

16  evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits

17  that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect

18  to the designation of an agent as Group E, but states that EPA repeatedly has concluded that

19  glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two

20  EPA OPP reports and the EPA CARC final Report, other specific findings of safety include:

21        • "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
            evidence of non-carcinogenicity for humans—based on the lack of convincing
22          evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration*

23

24  [3] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
    U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*
25  *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
    Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.
26
    [4] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of*
27  *Carcinogenic Potential* at 143, 144 (Dec. 12, 2017),
    https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.
28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03069-VC

*Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05–56:20.

Monsanto denies the remaining allegations in paragraph 33.

34.     In response to the allegations in paragraph 34, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 34 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

35.     In response to the allegations in paragraph 35, Monsanto admits that Industrial Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03069-VC

36.     Monsanto denies the allegations in paragraph 36 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 36 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied.

37.     In response to the allegations in paragraph 37, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

38.     In response to the allegations in paragraph 38, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 38 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

39.     In response to the allegations in paragraph 39, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety. Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The

1  remaining allegations in paragraph 39 are vague and conclusory and comprise attorney

2  characterizations, and are accordingly denied.

3      40.     In response to the allegations in paragraph 40, Monsanto admits that, following

4  the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such

5  seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks

6  information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

7  cited in paragraph 40 and accordingly denies those allegations.  The remaining allegations in

8  paragraph 40 are vague and conclusory and comprise attorney characterizations, and are

9  accordingly denied.

10      41.     In response to the allegations in paragraph 41, Monsanto admits that glyphosate is

11  one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

12  is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks

13  information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

14  cited in paragraph 41 and accordingly denies the same.  The remaining allegations in paragraph

15  41 are vague and conclusory and comprise attorney characterizations, and are accordingly

16  denied.

17      42.     In response to the allegations in paragraph 42, Monsanto admits that the New

18  York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

19  advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

20  admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

21  General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

22  the subparts purport to quote a document, the document speaks for itself and thus does not

23  require any further answer.  The remaining allegations in paragraph 42 are vague and conclusory

24  and comprise attorney characterizations, and are accordingly denied.

25      43.     In response to the allegations in paragraph 43, Monsanto admits it entered into an

26  assurance of discontinuance with the New York Attorney General.  The assurance speaks for

27  itself and thus does not require any further answer.  The remaining allegations in paragraph 43

28  are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

44.     Monsanto denies the allegations in paragraph 44.

45.     In response to the allegations in paragraph 45, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 45.

46.     Monsanto admits that IARC was created in 1965.  The remaining allegations in paragraph 46 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

47.     Monsanto denies the allegations in the first and second sentences of paragraph 47. Monsanto admits the allegations in the final sentence of paragraph 47.

48.     In response to the allegations in paragraph 48, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 48, which are not limited as of any specified date, and accordingly denies the same.

49.     In response to the allegations in paragraph 49, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations. Monsanto denies the remaining allegations in paragraph 49.

50.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 and therefore denies those allegations.

51.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03069-VC

52.    Monsanto denies the allegations in paragraph 52 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

53.    In response to the allegations in paragraph 53, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working group are "experts."

54.    In response to the allegations in paragraph 54, Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 54.

55.    In response to the allegations in paragraph 55, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

56.    The allegations in paragraph 56 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03069-VC

57.      In response to the allegations in paragraph 57, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 57.

58.      In response to the allegations in paragraph 58, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

59.      In response to the allegations in paragraph 59, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent that the allegations in paragraph 59 purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves.

60.      In response to the allegations in paragraph 60, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent that the allegations in paragraph 60 purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves.

61.      In response to the allegations in paragraph 61, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.  Monsanto denies the remaining allegations in paragraph 61.  The IARC working group concluded that there was only limited evidence of carcinogenicity

1    in epidemiologic studies, which, per IARC's guidelines, means that the working group could not

2    rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

3         62.    In response to the allegations in paragraph 62, Monsanto admits that the IARC

4    working group purported to make these findings, but denies that the animal carcinogenicity

5    studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

6    of the identified tumors.  Monsanto further states that regulatory agencies around the world have

7    reviewed the same animal studies and concluded that they do not provide evidence that

8    glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 62.

9         63.    In response to the allegations in paragraph 63, Monsanto admits that the working

10   group cited to a study that it concluded provided evidence of chromosomal damage in

11   community residents reported to be exposed to glyphosate, but Monsanto denies that the study

12   supports such a conclusion or that the authors of the study reached such a conclusion.

13        64.     In response to the allegations in the first sentence of paragraph 64, Monsanto

14   admits that certain studies have reported that glyphosate and glyphosate-based formulations

15   induced oxidative stress under artificial experimental conditions.  Monsanto denies that these

16   studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce

17   oxidative stress in humans or animals under real-world exposure conditions.  In response to the

18   allegations in the second sentence of paragraph 64, Monsanto states that the cited document

19   speaks for itself and does not require a response.  In response to the allegations in the final

20   sentence of paragraph 64 and in footnote 1, Monsanto denies that any exposure to glyphosate-

21   based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.

22   Monsanto denies the remaining allegations in paragraph 64.

23        65.    In response to the allegations in paragraph 65, Monsanto admits that the IARC

24   working group purported to make these findings, but denies that the cited studies provide any

25   reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or

26   persist in human blood or urine.

27        66.    In response to the allegations in paragraph 66, Monsanto admits that the working

28   group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but

- 14 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03069-VC

1    denies that the working group characterized that study as supporting an association between

2    glyphosate and the specified cancers.  The AHS cohort study did not find a positive association

3    between glyphosate and any type of cancer.  Monsanto denies all other allegations in the

4    unnumbered paragraph following paragraph 66.

5    67.    In response to the allegations in paragraph 67, Monsanto admits that the

6    referenced studies were published, but denies that the studies show any scientifically reliable

7    findings.

8    68.    In response to the allegations in paragraph 68, Monsanto denies that the cited

9    study provides any reliable basis for a finding that any meaningful levels of glyphosate are

10   present or persist in human blood or urine.  Monsanto denies the remaining allegations in

11   paragraph 68.

12   69.    In response to the allegations in paragraph 69, Monsanto denies that any exposure

13   to Roundup®-branded products can cause cancer and other serious illnesses and therefore denies

14   the allegations in the first and fourth sentences of paragraph 69.  Monsanto admits that certain

15   Roundup®-branded herbicides contain adjuvants and that EPA has classified such adjuvants as

16   inert.  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded

17   herbicides do not pose an unreasonable risk to human health.  The remaining allegations in

18   paragraph 69 are vague and conclusory and comprise attorney characterizations, and are

19   accordingly denied.

20   70.    In response to the allegations in paragraph 70, Monsanto admits that the IARC

21   working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

22   discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-

23   based herbicides, but denies that there is any scientific basis for the concerns raised by the

24   improper IARC classification.  Monsanto denies the remaining allegations in paragraph 70.

25   71.    In response to the allegations in paragraph 71, Monsanto admits that the IARC

26   working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

27   discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-

28   based herbicides, including the Netherlands, but denies that there is any scientific basis for the

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03069-VC

1   concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations

2   in paragraph 71.

3          72.     In response to the allegations in paragraph 72, Monsanto admits that the IARC

4   working group classification led an individual government attorney in Brazil to write a letter to

5   the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the

6   remaining allegations in paragraph 72.

7          73.     Monsanto admits that, in France, the sale to and use by amateurs (*i.e.*, non-

8   professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited

9   as of January 1, 2019, with certain exceptions.  Monsanto denies the remaining allegations in

10  paragraph 73.

11         74.     In response to the allegations in paragraph 74, Monsanto admits that some

12  employees of Bermuda's government announced an intention to suspend the importation of

13  glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the

14  truth of the allegations about whether this suspension took effect and accordingly denies the

15  same.  Monsanto denies the remaining allegations in paragraph 74.

16         75.     In response to the allegations in paragraph 75, Monsanto admits that the IARC

17  monograph appears to be the alleged basis for the Sri Lankan government's actions, including

18  the allegation that glyphosate can cause kidney disease.  Monsanto further states that the

19  allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations

20  regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 75.

21         76.     In response to the allegations in paragraph 76, Monsanto denies the alleged basis

22  for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has

23  explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC

24  ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety

25  concerns.  As of April 2016, the government of Colombia has resumed manual application of

26  glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs'

27  expert testimony purporting to link these same aerial eradication operations with cancer as

28

1    scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto

2    denies the remaining allegations in paragraph 76.

3         77.    In response to the allegations in paragraph 77, Monsanto admits that 96

4    individuals signed a letter sent by Dr. Christopher Portier to the EU Health Commissioner

5    (hereinafter "the Portier letter").  Monsanto states that Dr. Portier has been disclosed as an expert

6    witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto.

7    Monsanto denies that Dr. Portier or the other signatories to his letter are "prominent experts,"

8    and Monsanto lacks information or knowledge sufficient to form a belief as to whether the other

9    signatories were aware, before they signed the Portier letter, that Dr. Portier was working as a

10   retained expert for plaintiffs' counsel.  Monsanto otherwise admits that this letter urged the EU

11   Health Commissioner to disregard the conclusion that glyphosate is not carcinogenic found by

12   EFSA and by the BfR.

13        78.    In response to the allegations in paragraph 78, Monsanto denies that the self-

14   labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

15   extent that paragraph 78 characterizes the scientific evidence regarding the safety of glyphosate-

16   based herbicides, Monsanto denies the remaining allegations in paragraph 78.

17        79.    Monsanto admits that, in June 2016, the European Union continued to consider

18   the reregistration of glyphosate.  Monsanto also states that the allegations are out of date and that

19   the European Union has approved glyphosate for another five years.  Monsanto further notes

20   that, in March 2017, the European Chemical Agency ("ECHA") announced that its Committee

21   for Risk Assessment concluded that the available scientific evidence did not meet the criteria to

22   classify glyphosate as a carcinogen.  *See* ECHA, *Glyphosate not classified as a carcinogen by*

23   *ECHA*, https://echa.europa.eu/-/glyphosate-not-classified-as-a-carcinogen-by-echa.  Monsanto

24   denies the remaining allegations in paragraph 79.

25        80.    In response to the allegations in paragraph 80, Monsanto admits that it has stated

26   and continues to state that Roundup®-branded products are safe when used as labeled and that

27   they are non-carcinogenic and non-genotoxic.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03069-VC

81.     In response to the allegations in paragraph 81, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     The allegations in paragraph 86 sets forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore denies those allegations.

92.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 92 and therefore denies those allegations.

93.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 93 and therefore denies those allegations.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto incorporates by reference its responses to paragraphs 1 through 95 in response to paragraph 96 of plaintiff's Complaint.

97.     Monsanto denies the allegations in paragraph 97.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03069-VC

98.     In response to the allegations in paragraph 98, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

99.     In response to the allegations in paragraph 99, Monsanto states that the cited document speaks for itself and does not require a response.

100.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in paragraph 100.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

101.     Monsanto denies the allegations in the first and last sentences of paragraph 101. The remaining allegations in paragraph 101 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

102.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in paragraph 102.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

103.     Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 103 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

104.     The allegations in paragraph 104 set forth conclusions of law for which no response is required. To the extent a response is deemed required Monsanto denies the allegations in paragraph 104.

105.     The allegations in paragraph 105 set forth conclusions of law for which no response is required. To the extent a response is deemed required Monsanto denies the allegations in paragraph 104.

106.     Monsanto incorporates by reference its responses to paragraphs 1 through 105 in response to paragraph 106 of plaintiff's Complaint.

107.     In response to the allegations in paragraph 107, Monsanto admits that plaintiff purports to bring a claim for strict liability design defect but denies any liability as to that claim.

108.     Monsanto denies the allegations in the first and second sentences of paragraph 108.  In response to the last sentence of paragraph 108, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 108.

109.     Monsanto denies the allegations in paragraph 109.

110.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore denies those allegations.

111.     Monsanto denies the allegations in paragraph 111.

112.     Monsanto denies the allegations in paragraph 112.

113.     Monsanto denies the allegations in paragraph 113.

114.     Monsanto denies the allegations in paragraph 114, and each of its subparts.

115.     Monsanto denies the allegations in paragraph 115.

116.     Monsanto denies the allegations in paragraph 116.

117.     Monsanto denies the allegations in paragraph 117.

118.     Monsanto denies the allegations in paragraph 118.

119.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 119 concerning plaintiff's claimed exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 119, including that Roundup® branded products have "dangerous characteristics."

1  120.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2  truth of the allegations in paragraph 120 concerning plaintiff's claimed exposure to Roundup®-

3  branded products and therefore denies those allegations.  Monsanto denies the remaining

4  allegations in paragraph 120, including that Roundup®-branded products have "dangerous

5  characteristics."

6  121.    Monsanto denies the allegations in paragraph 121.

7  122.    Monsanto denies the allegations in paragraph 122.

8  123.    Monsanto denies the allegations in paragraph 123.

9  124.    Monsanto denies the allegations in paragraph 124.

10  125.    Monsanto denies the allegations in paragraph 125.

11  126.    Monsanto denies the allegations in paragraph 126.

12  127.    Monsanto denies the allegations in paragraph 127.

13  128.    Monsanto denies the allegations in paragraph 128.

14  129.    Monsanto denies the allegations in paragraph 129.

15  130.    Monsanto incorporates by reference its responses to paragraphs 1 through 129 in

16  response to paragraph 130 of plaintiff's Complaint.

17  131.    In response to the allegations in paragraph 131, Monsanto admits that plaintiff

18  purports to bring a claim for strict liability failure to warn, but denies any liability as to that

19  claim.

20  132.    Monsanto denies the allegations in paragraph 132.

21  133.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22  truth of the allegations in paragraph 133 that plaintiff purchased Roundup®-branded products and

23  therefore denies those allegations.  The allegations in paragraph 133 also set forth conclusions of

24  law for which no response is required.  Monsanto denies the remaining allegations in paragraph

25  133.

26  134.    The allegations in paragraph 134 set forth conclusions of law for which no

27  response is required.

28  135.    Monsanto denies the allegations in paragraph 135.  All labeling of Roundup®-

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03069-VC

1    branded products has been and remains EPA-approved and in compliance with all federal

2    requirements under FIFRA.

3        136.    Monsanto denies the allegations in paragraph 136.

4        137.    Monsanto denies the allegations in paragraph 137.

5        138.    Monsanto denies the allegations in paragraph 138.

6        139.    Monsanto denies the allegations in paragraph 139.

7        140.    Monsanto denies the allegations in paragraph 140.

8        141.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 141 and therefore denies those allegations.

10        142.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11    truth of the allegations in paragraph 142 concerning plaintiff's alleged use and exposure to

12    Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

13    remaining allegations in paragraph 142, including that Roundup®-branded products have

14    "dangerous characteristics."

15        143.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16    truth of the allegations in paragraph 143 concerning plaintiff's alleged use and exposure to

17    Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

18    remaining allegations in paragraph 143, including that Roundup®-branded products have

19    "dangerous characteristics."

20        144.    In response to the allegation in paragraph 144, Monsanto denies that any exposure

21    to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

22    illnesses and denies that there are any defects in those products.  Monsanto lacks information or

23    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

24    144 and therefore denies those allegations.  Monsanto states, however, that the scientific studies

25    upon which IARC purported to base its evaluation of glyphosate were all publicly available

26    before March 2015.

27        145.    Monsanto denies the allegations in paragraph 145.

28        146.    Monsanto denies the allegations in paragraph 146.

147.    In response to the allegations in paragraph 147, Monsanto denies that there is any risk of NHL or any other serious illnesses associated with the intended use of and/or exposure to Roundup®-branded products and glyphosate.  The allegations in the second sentence of paragraph 147 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 147.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all applicable laws and regulations

148.    Monsanto denies the allegations in paragraph 148.

149.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 149 concerning plaintiff's alleged use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 149.

150.    Monsanto denies the allegations in paragraph 150.

151.    Monsanto denies the allegations in paragraph 151.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto incorporates by reference its responses to paragraphs 1 through 153 in response to paragraph 154 of plaintiff's Complaint.

155.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 155 regarding the specific products allegedly used by plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore denies the allegations in paragraph 155.

156.    The allegations in paragraph 156 set forth conclusions of law for which no response is required.

157.    The allegations in paragraph 157 set forth conclusions of law for which no response is required.

158.    Monsanto denies the allegations in paragraph 158.

- 23 -

1    159. Monsanto denies the allegations in paragraph 159.

2    160. Monsanto denies the allegations in paragraph 160.  All labeling of Roundup®-

3 branded products has been and remains EPA-approved and in compliance with all federal

4 requirements under FIFRA.

5    161. Monsanto denies the allegations in paragraph 161.

6    162. Monsanto denies the allegations in the first sentence of paragraph 162.  In

7 response to the allegations in the second sentence of paragraph 162, Monsanto denies that

8 Monsanto's promotional activities were not honest.  The remaining allegations in paragraph 162

9 set forth conclusions of law for which no response is required.

10    163. Monsanto denies the allegations in paragraph 163.

11    164. Monsanto denies the allegations in paragraph 164, including each of its subparts.

12    165. Monsanto denies the allegations in paragraph 165.

13    166. Monsanto lacks information or knowledge sufficient to form a belief as to the

14 truth of the allegations in paragraph 166 regarding plaintiff's knowledge and therefore Monsanto

15 denies those allegations.  Monsanto denies the remaining allegations in paragraph 166, including

16 that intended use and/or exposure to Roundup®-branded products causes any injuries.

17    167. Monsanto denies the allegations in paragraph 167.

18    168. Monsanto denies the allegations in paragraph 168.

19    169. Monsanto incorporates by reference its responses to paragraphs 1 through 168 in

20 response to paragraph 169 of plaintiff's Complaint.

21    170. Monsanto denies the allegations in paragraph 170.

22    171. Monsanto denies the allegations in paragraph 171. All labeling of Roundup®-

23 branded products has been and remains EPA-approved and in compliance with all federal

24 requirements under FIFRA.

25    172. Monsanto denies the allegations in paragraph 172.  All labeling of Roundup®-

26 branded products has been and remains EPA-approved and in compliance with all federal

27 requirements under FIFRA.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03069-VC

1    173.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 173 regarding plaintiff's knowledge or reliance and

3    therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 173.

4    174.    Monsanto denies the allegations in paragraph 174.

5    175.    Monsanto denies the allegations in paragraph 175.

6    176.    Monsanto denies the allegations in paragraph 176.

7    177.    Monsanto denies the allegations in paragraph 177.

8    178.    Monsanto incorporates by reference its responses to paragraphs 1 through 177 in

9    response to paragraph 178 of plaintiff's Complaint.

10    179.    Monsanto denies the allegations in paragraph 179.  Additionally, the last sentence

11    in paragraph 179 sets forth a conclusion of law for which no response is required.

12    180.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13    truth of the allegations in paragraph 180 regarding plaintiff's claimed use of Roundup®-branded

14    products and therefore denies those allegations.  The remaining allegations in paragraph 180 set

15    forth conclusions of law for which no response is required.

16    181.    Monsanto denies the allegations in paragraph 181.  All labeling of Roundup®-

17    branded products has been and remains EPA-approved and in compliance with all federal

18    requirements under FIFRA.

19    182.    The allegations in paragraph 182 set forth conclusions of law for which no

20    response is required.

21    183.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22    truth of the allegations in paragraph 183 and therefore denies those allegations.

23    184.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24    truth of the allegations in paragraph 184 regarding the claimed use of Roundup®-branded

25    products by plaintiff and others and therefore denies those allegations.  The remaining

26    allegations in paragraph 184 set forth conclusions of law for which no response is required.

27    185.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28    truth of the allegations in paragraph 185 regarding plaintiff's claimed use of or exposure to

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03069-VC

1    Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph

2    185 regarding Monsanto's implied warranty sets forth conclusions of law for which no response

3    is required.  Monsanto denies the remaining allegations in paragraph 185.

4         186.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5    truth of the allegations in paragraph 186 regarding plaintiff's claimed use of or exposure to

6    Roundup®-branded products or plaintiff's claimed reliance and therefore denies those

7    allegations.  The allegation in paragraph 186 regarding Monsanto's implied warranty sets forth

8    conclusions of law for which no response is required.

9         187.    Monsanto denies that there is any risk of serious injury associated with or linked

10   to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.

11   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

12   allegations in paragraph 187 regarding plaintiff's knowledge about Roundup®-branded products

13   and therefore denies the remaining allegations in paragraph 187.

14        188.    Monsanto denies the allegations in paragraph 188.

15        189.    Monsanto denies the allegations in paragraph 189.

16        190.    Monsanto denies the allegations in paragraph 190.

17        191.    Monsanto incorporates by reference its responses to paragraphs 1 through 190 in

18   response to paragraph 191 of plaintiff's Complaint.

19        192.    Monsanto denies the allegations in paragraph 192.

20        193.    Monsanto denies the allegations in paragraph 193.

21        194.    The allegations in the first sentence of paragraph 194 set forth conclusions of law

22   for which no response is required. To the extent that a response is deemed required, Monsanto

23   denies the allegations in the first sentence of paragraph 194. Monsanto denies the remaining

24   allegations in paragraph 194.

25        195.    The allegations in paragraph 195 set forth conclusions of law for which no

26   response is required. To the extent a response is deemed required, Monsanto denies the

27   allegations in paragraph 195.

28        196.    Monsanto denies the allegations in paragraph 196.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03069-VC

197. The allegations in paragraph 197 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 197.

198. Monsanto denies the allegations in paragraph 198.

199. In response to the allegations in paragraph 199, Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

200. Paragraph 200 sets forth a conclusion of law that does not require a response.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6. Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

*See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.      Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.      Applicable statutes of limitations and/or repose, bar plaintiff's claims in whole or in part.

13.      Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.      If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Georgia Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Georgia law and/or other applicable state laws.

20.     Plaintiff's claims for punitive damages are barred and/or limited by operation of state and/or federal law including O.C.G.A. § 51-12-5.1.

21.     Plaintiff has failed to allege fraud with sufficient particularity.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's contributory/comparative negligence.

23.     Plaintiff's claims are barred in whole or in part by plaintiff's failure to mitigate damages.

24.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

25.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

26.     If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

27.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03069-VC

28.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  May 11, 2020                              Respectfully submitted,


/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*