**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br> Case No. 3:16-md-02741-VC |
| This document relates to: <br><br> *William Hoffman v. Monsanto Co.*, <br> Case No. 3:20-cv-02805-VC | |

### MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff William Hoffman's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Although several paragraphs in the Complaint allege exposure or use of Monsanto products by "Plaintiffs," Monsanto nevertheless responds to the allegations in those paragraphs as if they refer to plaintiff William Hoffman.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto admits the allegations in paragraph 6 based upon the allegations in plaintiff's Complaint.

7.      Monsanto denies that plaintiff's injuries were caused by Roundup®-branded products and/or glyphosate.  The remaining allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.      In response to the allegations in paragraph 8, Monsanto denies any "omissions" and certain events giving rise to plaintiff's claims.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.  The remaining allegations in paragraph 8 set forth conclusions of law for which no response is required.

9.      Monsanto denies the allegations in paragraph 9.

10.     The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

11.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 12 are vague and that it accordingly lacks information

1  or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore

2  denies those allegations.

3       13.    Monsanto admits the allegations in paragraph 13.

4       14.    Monsanto admits the allegations in paragraph 14.

5       15.    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

6  The remaining allegations in paragraph 15 comprise attorney characterizations and are

7  accordingly denied.

8       16.    Monsanto admits the allegations in paragraph 16.

9       17.    Monsanto generally admits the allegations in paragraph 17, but denies the

10  allegations in paragraph 17 to the extent that they suggest that glyphosate is present in any plants

11  at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

12  the United States Environmental Protection Agency ("EPA").

13       18.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14  truth of the allegations in paragraph 18 and therefore denies those allegations.

15       19.    Monsanto admits that it is the leading producer of seeds that contain the Roundup

16  Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a

17  farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

18  belief as to the accuracy of the specific numbers and p-  statistics provided in the remaining

19  sentences of paragraph 19 and therefore denies those allegations.  Monsanto denies the

20  remaining allegations in paragraph 19.

21       20.    Monsanto admits the allegations in paragraph 20.

22       21.    Monsanto admits that Roundup®-branded products have been used by farmers for

23  approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

24  properties and denies the remaining allegations in paragraph 21.

25       22.    The allegations in paragraph 22 set forth conclusions of law for which no

26  response is required.  To the extent that a response is deemed required, Monsanto admits the

27  allegations in paragraph 22.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02805-VC

23.     In response to the allegations in paragraph 23, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 23 set forth conclusions of law for which no response is required.

24.     The allegations in paragraph 24 set forth conclusions of law for which no response is required.

25.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of South Carolina for sale and distribution.

26.     In response to the allegations in paragraph 26, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 26 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 26 set forth conclusions of law for which no answer is required.

27.     Monsanto denies the allegations in paragraph 27 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 27 set forth conclusions of law for which no response is required.

28.     In response to the allegations in paragraph 28, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

1   Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

2   concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

3   humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

4   posted an October 2015 final report by its standing Cancer Assessment Review Committee

5   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

6   to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

7   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

8   the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

9   humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

10  of the remaining allegations in paragraph 28 and therefore denies those allegations.

11          29.     In response to the allegations in paragraph 29, Monsanto admits that the New

12  York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

13  advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

14  admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

15  General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

16  the subparts purport to quote a document, the document speaks for itself and thus does not

17  require any further answer.  The remaining allegations in paragraph 29 are vague and conclusory

18  and comprise attorney characterizations and are accordingly denied.

19          30.     In response to the allegations in paragraph 30, Monsanto admits it entered into an

20  assurance of discontinuance with the New York Attorney General.  The assurance speaks for

21

22  _____

    [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/

23  document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

24

    [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*

25  *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

26

    [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of*

27  *Carcinogenic Potential* at 143, 144 (Dec. 12, 2017) https://www.regulations.gov/

    document?D=EPA-HQ-OPP-2016-0385-0528.

28

itself and thus does not require any further answer.  The remaining allegations in paragraph 30 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

31.     Monsanto denies the allegations in paragraph 31.

32.     In response to the allegations in paragraph 32, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 32 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 32.

33.     Monsanto denies the allegations in paragraph 33.

34.     In response to the allegations in paragraph 34, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 34 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 and therefore denies those allegations.

35.     Monsanto admits the allegations in paragraph 35.

36.     In response to the allegations in paragraph 36, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 36 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies those allegations.

37.     Monsanto states that the term "toxic" as used in paragraph 37 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 37.

38.     Monsanto admits the allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 39.

40.     In response to the allegations in paragraph 40, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 40 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 41.

42.     In response to the allegations in paragraph 42, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 42 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 42.

43.     Monsanto denies the allegations in paragraph 43.

44.     In response to the allegations in paragraph 44, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 44 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 44.

45.     In response to the allegations in paragraph 45, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 45 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 45.

46.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 46.

47.     Monsanto denies the allegations in paragraph 47.

48.     Monsanto denies the allegations in paragraph 48.

49.     Monsanto denies the allegations in paragraph 49.

50.     Monsanto denies the allegations in paragraph 50.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02805-VC

51.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 51.

52.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 and therefore denies those allegations.

53.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

54.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

55.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 55 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

56.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 56, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 56 comprise attorney characterizations and are accordingly denied.

57.     In response to the allegations in paragraph 57, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 57 comprise attorney characterizations and are accordingly denied.

58.      In response to the allegations in paragraph 58, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 58 comprise attorney characterizations and are accordingly denied.

59.      Monsanto denies the allegations in paragraph 59.

60.      The allegations in paragraph 60 comprise attorney characterizations and are accordingly denied.

61.      Monsanto admits the allegations in paragraph 61.

62.      In response to the allegations in paragraph 62, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 62 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 62.

63.      In response to the allegations in paragraph 63, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 63.

64.      The allegations in paragraph 64 are vague and ambiguous and are accordingly denied.

65.      In response to the allegations in paragraph 65, Monsanto states that the cited document speaks for itself and does not require a response.

66.      In response to the allegations in paragraph 66, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 66 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 66.

67.      Monsanto denies the allegations in paragraph 67.

68.     In response to the allegations in paragraph 68, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 68.

69.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 69.

70.     Monsanto denies the allegations in paragraph 70.

71.     Monsanto denies the allegations in paragraph 71.

72.     Monsanto denies the allegations in paragraph 72.

73.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 73.

74.     Monsanto denies the allegations in paragraph 74.

75.     Monsanto denies the allegations in paragraph 75.

76.     Monsanto admits the allegations in paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     Monsanto admits the allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 86.

87.     In response to the allegations in paragraph 87, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the products' EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 87.

88.     In response to the allegations in paragraph 88, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 88.

89.     In response to the allegations in paragraph 89, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 89.

90.     In response to the allegations in paragraph 90, Monsanto admits that plaintiff have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body

1   of research does not provide evidence to show that [g]lyphosate causes cancer and
2   does not warrant any change in EPA's cancer classification for [g]lyphosate."
    *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder*
3   *Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th
    Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of
4   Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-
    5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk
5   Statement").

6   Monsanto denies the remaining allegations in paragraph 90.

7          91.     In response to the allegations in paragraph 91, Monsanto admits that it – along

8   with a large number of other companies and governmental agencies – was defrauded by two

9   chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

10  testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

11  toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

12  glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

13  studies.  To the extent that the allegations in paragraph 91 are intended to suggest that Monsanto

14  was anything other than a victim of this fraud, such allegations are denied.

15         92.     In response to the allegations in paragraph 92, Monsanto admits that IBT

16  Laboratories was hired to conduct toxicity studies in connection with the registration of a

17  Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

18  based upon any fraudulent or false IBT studies.

19         93.     Monsanto denies the allegations in paragraph 93 to the extent they suggest that

20  EPA performed an inspection of IBT Laboratories solely or specifically in connection with

21  studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

22  Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

23  connection with services provided to a broad number of private and governmental entities and

24  that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

25  one of several pesticide manufacturers who had used IBT test results.  The audit found some

26  toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

27  Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

28  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

1   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 93 are

2   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

3   denies those allegations.

4       94.     Monsanto denies the allegations in paragraph 94 to the extent they suggest that

5   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

6   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

7   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

8   connection with services provided to a broad number of private and governmental entities and

9   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

10  one of several pesticide manufacturers who had used IBT test results.  The audit found some

11  toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

12  Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

13  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

14  based upon any invalid IBT studies.  To the extent that the allegations in paragraph 94 are

15  intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

16  denies those allegations.

17      95.     In response to the allegations in paragraph 95, Monsanto admits that three IBT

18  employees were convicted of the charge of fraud, but Monsanto denies that any of the

19  individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

20  herbicides.

21      96.     In response to the allegations in paragraph 96, Monsanto admits that it – along

22  with numerous other private companies – hired Craven Laboratories as an independent

23  laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

24  denies the remaining allegations in paragraph 96.

25      97.     In response to the allegations in paragraph 97, Monsanto admits that EPA

26  investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

27  paragraph 97 are intended to suggest that Monsanto was anything other than a victim of this

28  fraud, Monsanto denies those allegations.

98.     In response to the allegations in paragraph 98, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 98 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

99.     In response to the allegations in paragraph 99, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

100.    In response to the allegations in paragraph 100, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 100.

101.    Monsanto denies the allegations in paragraph 101.

102.    Monsanto denies the allegations in paragraph 102.

103.    Monsanto denies the allegations in paragraph 103.

104.    Monsanto denies the allegations in paragraph 104.

105.    Monsanto denies the allegations in paragraph 105.

106.    Monsanto denies the allegations in paragraph 106.

107.    Monsanto denies the allegations in paragraph 107.

108.    Monsanto denies the allegations in paragraph 108.

109.    Monsanto denies the allegations in paragraph 109.

110.    Monsanto denies the allegations in paragraph 110.

111.    Monsanto denies the allegations in paragraph 111.

112.    Monsanto denies the allegations in paragraph 112.

113.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 113 and therefore denies those allegations.

114.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 114 and therefore denies those allegations.

115.   Monsanto denies the allegations in paragraph 115.

116.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 116 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 116.

117.   Monsanto denies the allegations in paragraph 117.

118.   Monsanto incorporates by reference its responses to paragraphs 1 through 117 in response to paragraph 118 of plaintiff's Complaint.

119.   Monsanto denies the allegations in paragraph 119.

120.   In response to the allegations in paragraph 120, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic, and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 120.

121.   In response to the allegations in paragraph 121, Monsanto states that the cited document speaks for itself and does not require a response.

122.   Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph 122.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

123.   Monsanto denies the allegations in the first and the last sentences of paragraph 123.  The remaining allegations in paragraph 123 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

124.   Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

The remaining allegations in paragraph 124 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

125.     Monsanto incorporates by reference its responses to paragraphs 1 through 124 in response to paragraph 125 of plaintiff's Complaint.

126.     The allegations in paragraph 126 set forth conclusions of law for which no response is required.

127.     Monsanto denies the allegations in paragraph 127.

128.     Monsanto denies the allegations in paragraph 128, including each of its subparts.

129.     Monsanto denies the allegations in paragraph 129.

130.     Monsanto denies the allegations in paragraph 130.

131.     Monsanto denies the allegations in paragraph 131.

132.     Monsanto incorporates by reference its responses to paragraphs 1 through 131 in response to paragraph 132 of plaintiff's Complaint.

133.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 133 that plaintiff purchased and/or used Roundup®-branded products and therefore denies those allegations.  The allegations in the second sentence of paragraph 133 set forth conclusions of law for which no response is required.

134.     Monsanto denies the allegations in paragraph 134.

135.     Monsanto denies the allegations in paragraph 135.

136.     Monsanto denies the allegations in paragraph 136.

137.     Monsanto denies the allegations in paragraph 137.

138.     Monsanto incorporates by reference its responses to paragraphs 1 through 137 in response to paragraph 138 of plaintiff's Complaint.

139.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 139 that plaintiff purchased and/or used

Roundup®-branded products and therefore denies those allegations.  The allegations in the second sentence of paragraph 139 set forth conclusions of law for which no response is required.

140.    Monsanto denies the allegations in paragraph 140.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

141.    Monsanto denies that Roundup®-branded products cause cancer; states that Monsanto provided adequate warnings for Roundup®-branded products; states that all labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA; and denies the remaining allegations in paragraph 141.

142.    Monsanto denies the allegations in paragraph 142.

143.    Monsanto denies the allegations in paragraph 143.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

144.    Monsanto denies the allegations in paragraph 144.

145.    Monsanto incorporates by reference its responses to paragraphs 1 through 144 in response to paragraph 145 of plaintiff's Complaint.

146.    The allegations in paragraph 146 set forth conclusions of law for which no response is required.

147.     The allegations in paragraph 147 set forth conclusions of law for which no response is required.

148.    The allegations in paragraph 148 set forth conclusions of law for which no response is required.

149.    Monsanto denies the allegations in paragraph 149.

150.    In response to the allegations in paragraph 150, Monsanto denies that Roundup®-branded products contain defects.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

151.    Monsanto denies the allegations in paragraph 151.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02805-VC

152.    Monsanto incorporates by references its responses to paragraphs 1 through 151 in response to paragraph 152 of plaintiff's Complaint.

153.    Monsanto denies the allegations in paragraph 153, including each of its subparts.

154.    Monsanto denies the allegations in paragraph 154.

155.    Monsanto denies the allegations in paragraph 155.

156.    Monsanto denies the allegations in paragraph 156.

157.    Monsanto denies the allegations in paragraph 157.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.    Venue may be improper and/or inconvenient for plaintiff's claims.

3.    Plaintiff's claims are barred in whole because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

5.    Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

8.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff,  independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

12.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

13.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

14.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

15.     If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither

1    liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative

2    degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that

3    are not related or connected with any product sold, distributed, or manufactured by Monsanto.

4    Such acts or omissions on the part of others or diseases or causes constitute an independent,

5    intervening and sole proximate cause of plaintiff's alleged injury or damages.

6        16.    Monsanto had no legal relationship or privity with plaintiff and owed no duty to

7    plaintiff by which liability could be attributed to it.

8        17.    Monsanto made no warranties of any kind or any representations of any nature

9    whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies,

10   then plaintiff failed to give notice of any breach thereof.

11       18.    Plaintiff's claims are preempted or otherwise barred in whole or in part by the

12   Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

13       19.    Plaintiff's claims for punitive, exemplary, and/or treble damages are barred

14   because such an award would violate Monsanto's due process, equal protection and other rights

15   under the United States Constitution, the South Carolina Constitution, Tennessee Constitution,

16   and/or other applicable state constitutions.

17       20.    Plaintiff's claims for punitive, exemplary, and/or treble damages are barred

18   because plaintiff have failed to allege conduct warranting imposition of such damages under

19   South Carolina law, Tennessee law, and/or other applicable state laws.

20       21.    Plaintiff's claims for punitive, exemplary, and/or treble damages are barred and/or

21   limited by operation of state and/or federal law, including S.C. Code Ann. § 15-32-530; and

22   Tenn. Code Ann. § 29-39-104.

23       22.    Plaintiff's claims are barred in whole or in part by plaintiff's

24   contributory/comparative negligence.

25       23.    Plaintiff's claims are barred in whole or in part by plaintiff's failure to mitigate

26   damages.

27       24.    Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

28

25.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

26.     If plaintiff have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

27.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

29.     Plaintiff has failed to allege fraud with sufficient particularity.

30.     Plaintiff's common law claims are barred, in whole or in part, by application of Tenn. Code Ann. § 29-28-102(6).

31.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

1

## JURY TRIAL DEMAND

2       Monsanto demands a jury trial on all issues so triable.

3

4   DATED:  May 11, 2020                    Respectfully submitted,

5

6                                          /s/ Joe G. Hollingsworth
                                           Joe G. Hollingsworth (*pro hac vice*)
7                                          (jhollingsworth@hollingsworthllp.com)
                                           Eric G. Lasker (*pro hac vice*)
8                                          (elasker@hollingsworthllp.com)
                                           HOLLINGSWORTH LLP
9                                          1350 I Street, N.W.
                                           Washington, DC  20005
10                                         Telephone:  (202) 898-5800
                                           Facsimile:   (202) 682-1639
11
                                           *Attorneys for Defendant*
12                                         *MONSANTO COMPANY*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-02805-VC