**WILKINSON WALSH LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax:  202-847-4005

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax:  202-942-5999

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax:  202-682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: | **DEFENDANT MONSANTO COMPANY'S SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND** |
| *Mary V. Olah v. Monsanto Co., et al.*, | |
| Case No. 3:20-cv-00129-VC | |

As permitted by Pretrial Order No. 212, ECF No. 10, Defendant Monsanto Company ("Monsanto") files this sur-reply to address certain arguments in Plaintiff's Reply to Motion to Remand ("Reply"), ECF No. 7.[1]

*First*, Plaintiff's argument regarding *Greb v. Diamond International Corp.*, 56 Cal. 4th 243 (2013), is misleading and lacks merit.  In *Greb*, the California Supreme Court deferred to foreign state law regarding a defunct company's capacity to be sued.  In its Notice of Removal, ECF No. 1, Monsanto relied on *Greb* and governing Delaware law to establish that Orchard Supply Hardware Corporation – which was liquidated and dissolved in bankruptcy proceedings and filed a certificate of cancellation with the Delaware Secretary of State in 2016 – was fraudulently joined because it lacks the capacity to be sued in this case.

Plaintiff tries to avoid the clear reasoning of *Greb* by seizing on the fact that it involved a defunct *foreign corporation* while Orchard Supply Hardware Corporation is a defunct *foreign LLC*.  *See* Reply at 3-4.  However, Plaintiff fails to offer any basis why a defunct Delaware LLC's capacity to be sued should be governed by California law but, as *Greb* held, a defunct Delaware corporation's capacity to be sued is governed by Delaware law.  There is no good reason for this disparate treatment of these two types of companies, and Plaintiff does not cite any case law to support this argument.

To the contrary, to the extent that Orchard Supply Hardware Corporation's capacity to be sued is governed – as Plaintiff claims – by a separate California survival statute for LLCs, the relevant language in that statute is virtually identical to the language in the survival statute for corporations addressed in *Greb*.  The California Supreme Court focused on the following part of the corporation survival statute:  "'(a) A corporation which is dissolved nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it and enabling it to collect and discharge obligations, dispose of and convey its property and collect and divide its assets, but not for the purpose of continuing business except so far as

---

[1] By not addressing other arguments asserted in the Reply, Monsanto does not concede that those arguments have merit.

necessary for the winding up thereof.'" *Greb*, 56 Cal. 4th at 247 (quoting Cal. Corp. Code § 2010(a)). Likewise, the LLC survival statute that Plaintiff contends should lead to a dramatically different result states: "(a) A limited liability company that has filed a certification of cancellation nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it in order to collect and discharge obligations, disposing of and conveying its property, and collecting and dividing its assets. A limited liability company shall not continue business except so far as necessary for its winding up." Cal. Corp. Code § 17707.06(a).

Moreover, Plaintiff's reliance on Section 17707.06(a) is misplaced in its inception because that provision only applies to domestic LLCs, not foreign LLCs like the successors to Orchard Supply Hardware Corporation. Section 17707.06(a) is part of the California Revised Uniform Limited Liability Company Act ("CRULLC Act"). Section 17701.02 of the CRULLC Act sets forth different definitions for a foreign (*i.e.*, non-California) limited liability company and a domestic (*i.e.*, California) limited liability company. "'Foreign limited liability company' means an unincorporated entity formed under the law of a jurisdiction other than this state and denominated by that law as a limited liability company," Cal. Corp. Code § 17701.02(j), whereas "'[l]imited liability company,' except in the phrase 'foreign limited liability company,' means a domestic entity formed under this title or an entity that becomes subject to this title pursuant to Article 13 (commencing with Section 177301.01)," Cal. Corp. Code § 17701.02(k). Section 17707.06(a), on its face, applies only to a "limited liability company," *i.e.*, a domestic LLC. It does not say anything about whether "a foreign limited liability company," § 17701.02(j), has the capacity to sued or be sued after filing a certificate of cancellation. Thus, the capacity of a defunct Delaware LLC to be sued post-cancellation is governed in the ordinary course by Delaware law, not Section 17707.06(a).

Plaintiff's argument also is contrary to court rulings that repeatedly have applied the home state's law – not California law – when determining the capacity of a non-California LLC to sue or be sued. *See Elite Destinations, Ltd. v. JD & T Enters., Inc.*, No B269315, 2017 WL

2774327, at *7 (Cal. Ct. App. June 27, 2017) (unpublished opinion); *Parker v. Dean Transp., Inc.*, No. CV 13-02621 BRO (VBKx), 2013 WL 7083269, at *12 (C.D. Cal. Oct. 15, 2013), *disagreed with on other grounds by Dilts v. Penske Logistics, LLC*, 769 F.3d 637 (9th Cir. 2014); *Delamater v. Anytime Fitness, Inc.*, 722 F. Supp. 2d 1168, 1176-77 (E.D. Cal. 2010); *Barton v. Rice*, No. BC652377, 2017 WL 11478961 (Cal. Super. Ct. Oct. 17, 2017); *see also Kaye v. MGM Equip. Leasing, LLC*, No. G050732, 2015 WL 9487884, at *8-9 (Cal. Ct. App. Dec. 29, 2015) (unpublished opinion) (rejecting plaintiffs' argument that the appeal of limited liability company formed under Nevada law should be dismissed for lack of capacity; holding that Nevada law applied and that the company had cured the defect and is "presently in good standing in [its] state[] of formation").[2]

***Second***, Plaintiff repeatedly complains that this removal deprived her of a statutory right to a preference trial in California state court, *see* Reply at 1, 9, but that argument is based on a fundamentally flawed premise. Plaintiff has no "right" to proceed with this case in California state court by fraudulently joining a defendant in an attempt to prevent Monsanto from exercising its important right to remove this case to federal court. "The removal process was created by Congress to protect defendants. Congress 'did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it.'" *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005) (quoting *McKinney v. Bd. of Trs. of Mayland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992)). The "very fact that Congress has provided defendants with the right of removal indicates that the removal right 'is at least as important as the plaintiff's right to the forum of his choice,' and the statutory right to removal should not be 'easily overcome by tactical maneuvering by plaintiffs.'" *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 816-17 (E.D. Va. 2005) (quoting *McKinney*, 955 F.2d at 927). Here, Plaintiff knew (or should have known) that her tactical maneuvering – namely, fraudulently joining claims against a company that was liquidated and dissolved in bankruptcy proceedings and filed a certificate of cancellation with the

---

[2] Monsanto is allowed to cite these "unpublished" California state court rulings in this federal court filing. *See, e.g.*, *Inland Concrete Enter., Inc. v. Kraft*, 318 F.R.D. 383, 405-06 (C.D. Cal. 2016) (citing cases).

Delaware Secretary of State in 2016 – would allow Monsanto to remove this case to this Court.

For the foregoing reasons and the reasons set forth in Monsanto's prior briefing, the Court should deny remand.

DATED: May 14, 2020                                                  Respectfully submitted,

/s/ Eric G. Lasker

| | |
|---|---|
| William Hoffman (*pro hac vice*) | Eric G. Lasker (*pro hac vice*) |
| (william.hoffman@arnoldporter.com) | (elasker@hollingsworthllp.com) |
| Daniel S. Pariser (*pro hac vice*) | Martin C. Calhoun (*pro hac vice*) |
| (daniel.pariser@arnoldporter.com) | (mcalhoun@hollingsworthllp.com) |
| ARNOLD & PORTER KAYE SCHOLER LLP | HOLLINGSWORTH LLP |
| 601 Massachusetts Avenue, NW | 1350 I Street, NW |
| Washington, DC 20001 | Washington, DC 20005 |
| Tel: 202-942-5000 | Tel: 202-898-5800 |
| Fax: 202-942-5999 | Fax: 202-682-1639 |

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH LLP
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

*Attorneys for Defendant Monsanto Company*