**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *John Pryor and Deborah Pryor v. Monsanto Co. and John Does 1-50,* Case No. 3:20-cv-03370-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully files this Answer ("Answer") and responds by generally denying all allegations contained in plaintiffs' Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Monsanto denies – and objects to – allegations by plaintiffs that purport to lump Monsanto together with other defendants. Silence as to any allegations shall constitute a denial.

1.     Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.     Monsanto denies the allegations in paragraph 2.

3.     Monsanto denies the allegations in paragraph 3.

- 1 -

4. The allegations in paragraph 4 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiffs' Complaint.

5. Monsanto admits the allegations in paragraph 5.

6. The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7. The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required. Monsanto admits the remaining allegations in paragraph 7.

8. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9. In response to the allegations in paragraph 9, Monsanto admits that it sells Roundup®-branded products in Pennsylvania.

10. The allegations in paragraph 10 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

11. The allegations in paragraph 11 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

12. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 12 and therefore denies those allegations. In response to the remaining allegations in paragraph 12, Monsanto admits that plaintiff purports to bring this action, but denies any liability as to that claim.

13. Monsanto denies the allegations in paragraph 13.

14. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies those allegations.

15. In response to the allegations in paragraph 15, Monsanto admits that it is a Delaware corporation with its headquarters and principal place of business in St. Louis County, Missouri.

16. In response to the allegations in the first sentence of paragraph 16, Monsanto admits that it is a major producer of herbicides/pesticides. Monsanto admits the allegations in the last sentence of paragraph 16.

17. The allegations in paragraph 17 comprise attorney characterizations and are accordingly denied. Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

18. The allegations in paragraph 18 are not directed at Monsanto and therefore no answer is required. To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 18.

19. The allegations in paragraph 19 comprise attorney characterizations and are accordingly denied. Monsanto states that it is only answering on behalf of Monsanto and not on behalf of un-named co-defendants.

20. Monsanto denies the allegations in paragraph 20.

21. Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products. The remaining allegations in paragraph 21 set forth conclusions of law for which no response is required.

22. Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri. Monsanto admits that it and its affiliated companies have operations and offices in countries around the world. Monsanto states that the remaining allegations in paragraph 22 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

23. Monsanto admits the allegations in paragraph 23.

24. Monsanto admits the allegations in paragraph 24.

25. In response to the allegations in paragraph 25, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 25 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies those allegations.

26.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 26 comprise attorney characterizations and are accordingly denied.

27.     Monsanto admits the allegations in paragraph 27.

28.     Monsanto generally admits the allegations in paragraph 28, but denies the allegations in paragraph 28 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

29.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies those allegations.

30.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 30 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 30.

31.     In response to the allegations in the first and second sentences of paragraph 31, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto admits the allegations in the third sentence of paragraph 31.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies those allegations.

32.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 32.

33.     The allegations in paragraph 33 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 33.

34.     In response to the allegations in paragraph 34, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 34 set forth conclusions of law for which no response is required.

35.     The allegations in paragraph 35 set forth conclusions of law for which no response is required.

36.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution  and are registered by the State of Pennsylvania for sale and distribution.

37.     In response to the allegations in paragraph 37, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 37 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 37 set forth conclusions of law for which no response is required.

38.     Monsanto denies the allegations in paragraph 38.

39.     Monsanto denies the allegations in paragraph 39 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 regarding such pesticide products generally and therefore

1    denies those allegations.  The remaining allegations in paragraph 39 set forth conclusions of law

2    for which no response is required.

3            40.    In response to the allegations in paragraph 40, Monsanto admits that EPA has

4    undertaken a regulatory review of glyphosate and further admits that EPA has not released its

5    findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

6    Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

7    concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic

8    to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time,

9    EPA posted an October 2015 final report by its standing Cancer Assessment Review

10   Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate

11   as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December

12   2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic

13   potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not

14   likely to be carcinogenic to humans.'"[3]  In addition to the conclusions in the two EPA OPP

15   reports and the EPA CARC Final Report, other specific findings of safety include:

16   - "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that
         shows evidence of non-carcinogenicity for humans—based on the lack of
17       convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate:
         Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
18       http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

19   - "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed.
         Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).
20

21   _____

     [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic
     Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
22   document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in
     anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic
23   potential.

24   [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide
     Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document –
25   Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015)
     ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-
26   2016-0385-0014.

27   [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of
     Carcinogenic Potential* at 143, 144 (Dec. 12, 2017),
28   https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 and therefore denies those allegations.

41.     In response to the allegations in paragraph 41, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

42.     In response to the allegations in paragraph 42, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 42 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

43.     Monsanto denies the allegations in paragraph 43.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-03370-VC

44.     In response to the allegations in paragraph 44, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 44 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 44.

45.     Monsanto denies the allegations in paragraph 45.

46.     In response to the allegations in paragraph 46, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies those allegations.

47.     Monsanto admits the allegations in paragraph 47.

48.     Monsanto denies the allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 49 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 and therefore denies those allegations.

50.     Monsanto states that the term "toxic" as used in paragraph 50 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 50.

51.     Monsanto admits the allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in

2004.  To the extent that paragraph 53 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56.     Monsanto denies the allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 57 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 58 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 58.

59.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60.

61.     Monsanto denies the allegations in paragraph 61.

62.     Monsanto denies the allegations in paragraph 62.

63.     Monsanto denies the allegations in paragraph 63.

64.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 64.

65.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 65 and therefore denies those allegations.

66.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

67.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

68.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 68 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

69.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 69, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 69 comprise attorney characterizations and are accordingly denied.

70.     In response to the allegations in paragraph 70, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 70 comprise attorney characterizations and are accordingly denied.

71.     In response to the allegations in paragraph 71, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 71 comprise attorney characterizations and are accordingly denied.

1    72.    Monsanto denies the allegations in paragraph 72.

2    73.    The allegations in paragraph 73 comprise attorney characterizations and are

3    accordingly denied.

4    74.    Monsanto admits the allegations in paragraph 74.

5    75.    In response to the allegations in paragraph 75, Monsanto states that the cited

6    document speaks for itself and does not require a response.  To the extent that paragraph 75

7    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

8    paragraph 75.

9    76.    In response to the allegations in paragraph 76, Monsanto admits that certain

10   studies have reported that glyphosate and glyphosate-based formulations induced oxidative

11   stress under artificial experimental conditions.  Monsanto denies that these studies provide

12   any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative

13   stress in humans or animals under real-world exposure conditions.  Monsanto denies the

14   remaining allegations in paragraph 76.

15   77.    The allegations in paragraph 77 are vague and ambiguous and are accordingly

16   denied.

17   78.    In response to the allegations in paragraph 78, Monsanto states that the cited

18   document speaks for itself and does not require a response.

19   79.    In response to the allegations in paragraph 79, Monsanto states that the cited

20   document speaks for itself and does not require a response.  To the extent that paragraph 79

21   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

22   paragraph 79.

23   80.    Monsanto denies the allegations in paragraph 80.

24   81.    In response to the allegations in paragraph 81, Monsanto states that the cited

25   document speaks for itself and does not require a response.  Monsanto otherwise denies the

26   allegations in paragraph 81.

27   82.    Monsanto admits that there is no reliable evidence that Roundup®-branded

28   products are genotoxic and that regulatory authorities and independent experts agree that

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-03370-VC

1  Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

2  paragraph 82

3       83.    Monsanto denies the allegations in paragraph 83.

4       84.    Monsanto denies the allegations in paragraph 84.

5       85.    Monsanto denies the allegations in paragraph 85.

6       86.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

7  exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 86.

8       87.    Monsanto denies the allegations in paragraph 87.

9       88.    Monsanto denies the allegations in paragraph 88.

10       89.    Monsanto admits the allegations in paragraph 89.

11       90.    Monsanto denies the allegations in paragraph 90.

12       91.    Monsanto admits the allegations in the first sentence of paragraph 91.  Monsanto

13  denies the remaining allegations in paragraph 91.

14       92.    Monsanto denies the allegations in paragraph 92.

15       93.    Monsanto denies the allegations in paragraph 93.

16       94.    Monsanto denies the allegations in paragraph 94.

17       95.    Monsanto denies the allegations in paragraph 95.

18       96.    Monsanto denies the allegations in paragraph 96.

19       97.    Monsanto denies the allegations in paragraph 97.

20       98.    Monsanto denies the allegations in paragraph 98.

21       99.    Monsanto admits that independent experts and regulatory agencies agree that

22  there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

23  products and admits that it has made statements reflecting this fact.  Monsanto denies the

24  remaining allegations in paragraph 99.

25       100.    In response to the allegations in paragraph 100, Monsanto admits that Roundup®-

26  branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

27  the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

28  100.

101.    In response to the allegations in the first sentence of paragraph 101, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.  Monsanto denies the remaining allegations in paragraph 101.

102.    In response to the allegations in paragraph 102, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 102.

103.    Monsanto denies the allegations in paragraph 103.

104.    Monsanto denies the allegations in paragraph 104.

105.    Monsanto denies the allegations in paragraph 105.

106.    Monsanto denies the allegations in paragraph 106.

107.    Monsanto denies the allegations in paragraph 107.

108.    Monsanto denies the allegations in paragraph 108.

109.    Monsanto denies the allegations in paragraph 109.

110.    Monsanto denies the allegations in paragraph 110.

111.    Monsanto denies the allegations in paragraph 111.

112.    Monsanto denies the allegations in paragraph 112.

113.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 113 and therefore denies those allegations.

114.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 114 and therefore denies those allegations.

115.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 115 and therefore denies those allegations.

116.    Monsanto denies the allegations in paragraph 116.

117.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 117 and therefore denies those allegations.

118.     Monsanto incorporates by reference its responses to paragraphs 1 through 117 in response to paragraph 118 of plaintiffs' Complaint.

119.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 119 and therefore denies those allegations.

120.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 120 and therefore denies those allegations.

121.     Monsanto denies the allegations in paragraph 121.

122.     Monsanto denies the allegations in paragraph 122.

123.     Monsanto denies the allegations in paragraph 123.

124.     Monsanto denies the allegations in paragraph 124.

125.     Monsanto denies the allegations in paragraph 125.

126.     Monsanto denies the allegations in paragraph 126, including each of its subparts.

127.     Monsanto denies the allegations in paragraph 127.

128.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 128 concerning plaintiffs' claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 128, including that Roundup®-branded products have "dangerous characteristics."

129.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 129 and therefore denies those allegations.

130.     Monsanto denies the allegations in paragraph 130.

131.     Monsanto denies the allegations in paragraph 131.

132.     Monsanto denies the allegations in paragraph 132.

133.     Monsanto denies the allegations in paragraph 133.

134.     Monsanto denies the allegations in paragraph 134.

1    135.    Monsanto denies the allegations in paragraph 135.

2    136.    Monsanto denies the allegations in paragraph 136.

3    137.    Monsanto denies the allegations in paragraph 137.

4    138.    Monsanto denies the allegations in paragraph 138.

5    139.    Monsanto denies the allegations in paragraph 139.

6          In response to the "WHEREFORE" paragraph following paragraph 139, Monsanto

7    demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

8    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

9    fees as allowed by law and such further and additional relief as this Court may deem just and

10   proper.

11         140.    Monsanto incorporates by reference its responses to paragraphs 1 through 139 in

12   response to paragraph 140 of plaintiffs' Complaint.

13         141.    The allegations in paragraph 141 set forth conclusions of law for which no

14   response is required.

15         142.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 142 and therefore denies those allegations.

17         143.    In response to the allegations in paragraph 143, Monsanto lacks information

18   or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used

19   Roundup®-branded products and therefore denies those allegations. Monsanto denies the

20   remaining allegations in paragraph 143.  All labeling of Roundup®-branded products has

21   been and remains EPA-approved and in compliance with all federal requirements under

22   FIFRA.

23         144.    Monsanto denies the allegations in paragraph 144.  All labeling of Roundup®-

24   branded products has been and remains EPA-approved and in compliance with all federal

25   requirements under FIFRA.

26         145.    Monsanto denies the allegations in paragraph 145.  All labeling of Roundup®-

27   branded products has been and remains EPA-approved and in compliance with all federal

28   requirements under FIFRA.

- 15 -

1  146. Monsanto denies the allegations in paragraph 146.

2  147. Monsanto lacks information or knowledge sufficient to form a belief as to the

3 truth of the allegations in the last sentence of paragraph 147 regarding plaintiff's actions and

4 therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph

5 147.  All labeling of Roundup®-branded products has been and remains EPA-approved and in

6 compliance with all federal requirements under FIFRA.

7  148. Monsanto denies the allegations in paragraph 148.

8  149. Monsanto denies the allegations in paragraph 149.  All labeling of Roundup®-

9 branded products has been and remains EPA-approved and in compliance with all federal

10 requirements under FIFRA.

11  150. Monsanto denies the allegations in paragraph 150.

12  151. Monsanto denies the allegations in paragraph 151.

13  152. Monsanto denies the allegations in paragraph 152.

14  153. Monsanto denies the allegations in paragraph 153.

15  154. Monsanto denies the allegations in paragraph 154.

16  155. Monsanto lacks information or knowledge sufficient to form a belief as to the

17 truth of the allegations in paragraph 155 and therefore denies those allegations.

18  156. Monsanto denies the allegations in paragraph 156.

19  157. Monsanto denies the allegations in paragraph 157.

20  158. Monsanto denies the allegations in paragraph 158.

21  159. Monsanto denies the allegations in paragraph 159.

22  In response to the "WHEREFORE" paragraph following paragraph 159, Monsanto

23 demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

24 dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

25 fees as allowed by law and such further and additional relief as this Court may deem just and

26 proper.

27  160. Monsanto incorporates by reference its responses to paragraphs 1 through 159 in

28 response to paragraph 160 of plaintiffs' Complaint.

161.    The allegations in paragraph 161 set forth conclusions of law for which no response is required.

162.    Monsanto denies the allegations in paragraph 162.

163.    Monsanto denies the allegations in paragraph 163, including each of its subparts.

164.    Monsanto denies the allegations in paragraph 164.

165.    Monsanto denies the allegations in paragraph 165.

166.    Monsanto denies the allegations in paragraph 166.

167.    Monsanto denies the allegations in paragraph 167.

In response to the "WHEREFORE" paragraph following paragraph 167, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

168.    Monsanto incorporates by reference its responses to paragraphs 1 through 167 in response to paragraph 168 of plaintiffs' Complaint.

169.    Monsanto denies the allegations in paragraph 169.

170.    Monsanto denies the allegations in paragraph 170.

171.    Monsanto denies the allegations in paragraph 171.

172.    Monsanto denies the allegations in paragraph 172.

173.    Monsanto denies the allegations in paragraph 173.

174.    Monsanto denies the allegations in paragraph 174.

175.    Monsanto denies the allegations in paragraph 175.

176.    Monsanto denies the allegations in paragraph 176.

177.    All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  The allegations in the first sentence of paragraph 177 set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 177.

178.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 178 regarding plaintiff's reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 178. All labeling of Roundup®‑branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

179.     Monsanto denies the allegations in paragraph 179, including each of its subparts.  All labeling of Roundup®‑branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

180.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations concerning plaintiff's claimed purchase of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 180.

181.     Monsanto denies the allegations in paragraph 181.

182.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations concerning plaintiff's claimed purchase of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 182.

183.     Monsanto denies the allegations in paragraph 183.

184.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 184 regarding plaintiff's reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 184.

185.     Monsanto denies the allegations in paragraph 185.

186.     Monsanto denies the allegations in paragraph 186.

In response to the "WHEREFORE" paragraph following paragraph 186, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

187.    Monsanto incorporates by reference its responses to paragraphs 1 through 186 in response to paragraph 187 of plaintiffs' Complaint.

188.    Monsanto denies the allegations in paragraph 188.

189.    Monsanto denies the allegations in paragraph 189 and each of its subparts.

190.    Monsanto denies the allegations in paragraph 190.

191.    Monsanto denies the allegations in paragraph 191.

192.    Monsanto denies the allegations in paragraph 192.

193.    Monsanto denies the allegations in paragraph 193.

194.    Monsanto denies the allegations in paragraph 194.

195.    Monsanto denies the allegations in paragraph 195.

In response to the "WHEREFORE" paragraph following paragraph 195, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

196.    Monsanto incorporates by reference its responses to paragraph 1 through paragraph 195 in response to paragraph 196 of plaintiffs' Complaint.

197.    Monsanto denies the allegations in paragraph 197.

In response to the "WHEREFORE" paragraph following paragraph 197, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-03370-VC

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.    Plaintiffs' claims against Monsanto are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.    Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.    Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.    Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 U.S. 1199 (9th Cir. 2002).

7.    Plaintiffs' claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.    Plaintiffs' claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-03370-VC

9.   Plaintiffs' claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.   Plaintiffs' claims against Monsanto are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.   Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.   Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.   If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.   Monsanto had no legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

16.   Plaintiffs' claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17. Plaintiffs' claims against Monsanto for punitive, exemplary, and/or treble damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Pennsylvania Constitution, and/or other applicable state constitutions.

1   18.   Plaintiffs' claims against Monsanto for punitive, exemplary, and/or treble damages

2   are barred because plaintiffs have failed to allege conduct warranting imposition of such

3   damages under Pennsylvania law and/or other applicable state laws.

4   19.   Plaintiffs' claims against Monsanto for punitive, exemplary and/or treble damages

5   are barred and/or limited by operation of state and/or federal law.

6   20.   Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiffs' own

7   contributory/comparative negligence.

8   21.   Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate

9   damages.

10   22.   Plaintiffs' claims against Monsanto are barred in whole or in part by the

11   sophisticated user doctrine.

12   23.   To the extent that plaintiffs recovered payments for plaintiffs' alleged injuries from

13   any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be

14   reduced to the extent allowed by applicable law.

15   24.   If plaintiffs have been injured or damaged, no injury or damages being admitted,

16   such injuries were not caused by a Monsanto product.

17   25.   Plaintiffs' claims against Monsanto are barred or limited to the extent that plaintiffs

18   assert claims that are governed by the laws of a state that does not recognize, or limits, such

19   claims.

20   26.   Plaintiffs' claims against Monsanto are barred to the extent that plaintiffs seek relief

21   under the laws of states that do not govern plaintiffs' claims.

22   27.   Plaintiffs have failed to allege fraud with sufficient particularity.

23   28.   Monsanto hereby preserves any and all defenses under *Tincher v. Omega Flex, Inc.*,

24   104 A.3d 328 (Pa. 2014).

25   29.   Monsanto hereby gives notice that it intends to rely upon such other defenses as may

26   become available or apparent during the course of discovery and thus reserves its right to amend

27   this Answer to assert such defenses.

28

1   **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2   plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and

3   such other relief as the Court deems equitable and just.

4   <u>**JURY TRIAL DEMAND**</u>

5   Monsanto demands a jury trial on all issues so triable.

6

7   DATED:  May 22, 2020                    Respectfully submitted,

8
                                           /s/ Joe G. Hollingsworth
9                                          Joe G. Hollingsworth (*pro hac vice*)
                                           (jhollingsworth@hollingsworthllp.com)
10                                         Eric G. Lasker (*pro hac vice*)
                                           (elasker@hollingsworthllp.com)
11                                         HOLLINGSWORTH LLP
                                           1350 I Street, N.W.
12                                         Washington, DC  20005
                                           Telephone:    (202) 898-5800
13                                         Facsimile:    (202) 682-1639

14                                         *Attorneys for Defendant*
                                           *MONSANTO COMPANY*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-03370-VC