**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Patricia Grimm v. Monsanto Co.*<br>Case No. 3:19-cv-07366-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Patricia Grimm's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      In response to the allegations in paragraph 1, Monsanto denies that any exposure to Roundup®-branded products can cause non-Hodgkin's lymphoma ("NHL") and other serious illnesses.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

- 1 -

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiff's Complaint.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in paragraph 7 set forth conclusions of law for which no response is required.  In response to the allegations in the final sentence of paragraph 7, Monsanto admits that it sells, markets, and/or distributes Roundup®-branded products within New York.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto denies the remaining allegations in paragraph 9.

10.     In response to the allegations in paragraph 10, Monsanto admits that it is a Delaware corporation with its headquarters and its principal place of business in St. Louis, Missouri.

11.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 11 set forth conclusions of law for which no response is required

12.     The allegations in paragraph 12 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15. The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16. Monsanto admits that it is authorized to do business in New York. The remaining allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17. The allegations in paragraph 17 set forth conclusions of law for which no response is required.

18. Monsanto denies the allegations in paragraph 18.

19. Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri. Monsanto admits that it and its affiliated companies have operations and offices in countries around the world. Monsanto states that the remaining allegations in paragraph 19 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

20. Monsanto admits the allegations in paragraph 20.

21. Monsanto admits the allegations in paragraph 21.

22. In response to the allegations in paragraph 22, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 22 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore denies those allegations.

23. Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 23 comprise attorney characterizations and are accordingly denied.

24. Monsanto admits the allegations in paragraph 24.

25. Monsanto generally admits the allegations in paragraph 25, but denies the allegations in paragraph 25 to the extent that they suggest that glyphosate is present in any plants

1   at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

2   the United States Environmental Protection Agency ("EPA").

3       26.     Monsanto lacks information or knowledge sufficient to form a belief as to the

4   truth of the allegations in paragraph 26 and therefore denies those allegations.

5       27.     Monsanto admits that it is the leading producer of seeds that contain the Roundup

6   Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a

7   farmer's ability to control weeds.    Monsanto denies the remaining allegations in paragraph 27.

8       28.     Monsanto admits that it is the leading producer of seeds that contain the Roundup

9   Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a

10  farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

11  belief as to the accuracy of the specific numbers and statistics provided in the remaining

12  sentences of paragraph 28 and therefore denies those allegations.  Monsanto denies the

13  remaining allegations in paragraph 28.

14      29.     In response to the allegations in paragraph 29, Monsanto admits that glyphosate is

15  one of the world's most widely used herbicides today, but notes that Monsanto was and is not the

16  only manufacturer of glyphosate-based herbicides.

17      30.     Monsanto admits that Roundup®-branded products have been used by farmers for

18  approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

19  properties and denies the remaining allegations in paragraph 30.

20      31.     The allegations in paragraph 31 set forth conclusions of law for which no

21  response is required.  To the extent that a response is deemed required, Monsanto admits the

22  allegations in paragraph 31.

23      32.     In response to the allegations in paragraph 32, Monsanto admits that EPA requires

24  registrants of herbicides to submit extensive data in support of the human health and

25  environmental safety of their products and further admits that EPA will not register or approve

26  the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

27  Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 32 set forth

28  conclusions of law for which no response is required.

33.     In response to the allegations in paragraph 33, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 33 set forth conclusions of law for which no response is required.

34.     The allegations in paragraph 34 set forth conclusions of law for which no response is required.

35.     In response to the allegations in paragraph 35, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution in the United States and are registered by the State of New York for sale and distribution.

36.     In response to the allegations in paragraph 36, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 36 set forth conclusions of law for which no answer is required.

37.     In response to the allegations in paragraph 37, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the tests" in the final sentence of paragraph 37 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 37 set forth conclusions of law for which no answer is required.

38.     Monsanto denies the allegations in paragraph 38 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 regarding such pesticide products generally and therefore

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07366-VC

1    denies those allegations.  The remaining allegations in paragraph 38 set forth conclusions of law

2    for which no response is required.

3            39.    The allegations in paragraph 39 set forth conclusions of law for which no

4    response is required.

5            40.    In response to the allegations in paragraph 40, Monsanto admits that EPA has

6    undertaken a regulatory review of glyphosate and further admits that EPA has not released its

7    findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

8    Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

9    concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

10   humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

11   posted an October 2015 final report by its standing Cancer Assessment Review Committee

12   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

13   to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

14   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

15   the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

16   humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

17   of the remaining allegations in paragraph 40 and therefore denies those allegations.

18           41.    In response to the allegations in paragraph 41, Monsanto admits that EPA has

19   undertaken a regulatory review of glyphosate and further admits that EPA has not released its

20   findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07366-VC

1   Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

2   concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

3   humans' at doses relevant to human health risk assessment"[4]; and (b) at the same time, EPA

4   posted an October 2015 final report by its standing Cancer Assessment Review Committee

5   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

6   to be Carcinogenic to Humans."[5]   Monsanto further states that, in December 2017, EPA's OPP

7   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

8   the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

9   humans'."[6]   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

10   of the remaining allegations in paragraph 41 and therefore denies those allegations.

11        42.     In response to the allegations in paragraph 42, Monsanto admits that the New

12   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

13   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

14   admission of wrongdoing by Monsanto.

15        43.     In response to the allegations in paragraph 43, Monsanto states that none of the

16   New York Attorney General's allegations related in any way to a purported or alleged risk of

17   cancer.  The remaining allegations in paragraph 43 are vague and conclusory and comprise

18   attorney characterizations and are accordingly denied.

19

20

21

22   [4] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in

23   anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

24   [5] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*

25   *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

26   [6] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of*

27   *Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

28

44.     To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 44 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

45.     In response to the allegations in paragraph 45, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 45 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

46.     Monsanto denies the allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 47 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 47.

48.     In response to the allegations in paragraph 48, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen] – one that shows evidence of non-carcinogenicity for humans – based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07366-VC

- • "EPA has concluded that glyphosate does not pose a cancer risk to humans."  78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- • "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20.

Monsanto denies the remaining allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto denies the remaining allegations in paragraph 49.

50.     Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  Monsanto denies the remaining allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 51 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

52.     In response to the allegations in paragraph 52, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a

- 9 -

1  Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is
2  based upon any fraudulent or false IBT studies

3          53.      In response to the allegations in paragraph 53, Monsanto admits that IBT
4  Laboratories was hired to conduct toxicity studies in connection with the registration of a
5  Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is
6  based upon any fraudulent or false IBT studies.

7          54.      Monsanto denies the allegations in paragraph 54 to the extent they suggest that
8  EPA performed an inspection of IBT Laboratories solely or specifically in connection with
9  studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT
10  Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in
11  connection with services provided to a broad number of private and governmental entities and
12  that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was
13  one of several pesticide manufacturers who had used IBT test results.  The audit found some
14  toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,
15  Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.
16  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is
17  based upon any invalid IBT studies.  To the extent that the allegations in paragraph 54 are
18  intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto
19  denies those allegations.

20          55.      Monsanto denies the allegations in paragraph 55 to the extent they suggest that
21  EPA performed an inspection of IBT Laboratories solely or specifically in connection with
22  studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT
23  Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in
24  connection with services provided to a broad number of private and governmental entities and
25  that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was
26  one of several pesticide manufacturers who had used IBT test results.  The audit found some
27  toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,
28  Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 55 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

56.     Monsanto denies the allegations in paragraph 56 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid. As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 56 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

57.     In response to the allegations in paragraph 57, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

58.     In response to the allegations in paragraph 58, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products. Monsanto otherwise denies the remaining allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud. To the extent that the allegations in

1   paragraph 59 are intended to suggest that Monsanto was anything other than a victim of this

2   fraud, Monsanto denies those allegations.

3          60.     In response to the allegations in paragraph 60, Monsanto admits that it was

4   defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

5   at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 60

6   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

7   denies those allegations.

8          61.     Monsanto denies the allegations in paragraph 61.

9          62.     Monsanto denies the allegations in paragraph 62.

10          63.     In response to the allegations in paragraph 63, Monsanto states that the cited

11   document speaks for itself and does not require a response.  To the extent that the allegations in

12   paragraph 63 go beyond a restatement of the cited document, Monsanto lacks information or

13   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 63

14   and therefore denies those allegations.

15          64.     Monsanto admits the allegations in paragraph 64.

16          65.     In response to the allegations in paragraph 65, Monsanto states that the cited the

17   document speaks for itself and does not require a response.  To the extent that the allegations in

18   paragraph 65 go beyond a restatement of the cited document, Monsanto lacks information or

19   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 65

20   and therefore denies those allegations.

21          66.     Monsanto lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations in paragraph 66 and therefore denies those allegations.

23          67.     Monsanto states that the term "toxic" as used in paragraph 67 is vague and

24   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

25   denies the allegations in paragraph 67.

26          68.     Monsanto states that the term "toxic" as used in paragraph 68 is vague and

27   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

28   denies the allegations in paragraph 68.

69.     Monsanto states that the term "toxic" as used in paragraph 69 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 69.

70.     In response to the allegations in paragraph 70, Monsanto admits that Julie Marc published the cited study in 2002 and states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 70.

71.     In response to the allegations in paragraph 71, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 71 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 71.

72.     In response to the allegations in paragraph 72, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 72.

73.     In response to the allegations in paragraph 73, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 73 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 73.

74.     Monsanto denies the allegations in paragraph 74.

75.     In response to the allegations in paragraph 75, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 75 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 75.

76.     In response to the allegations in paragraph 76, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 76 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 76.

1   77.     In response to the allegations in paragraph 77, Monsanto states that the cited

2   document speaks for itself and does not require a response.  To the extent that paragraph 77

3   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

4   paragraph 77.

5   78.     Monsanto denies the allegation that the cited studies support the allegation that

6   glyphosate or Roundup®-branded products pose any risk to human health and denies the

7   remaining allegations in paragraph 78.

8   79.     Monsanto denies the allegations in paragraph 79.

9   80.     Monsanto denies the allegations in paragraph 80.

10   81.     Monsanto denies the allegations in paragraph 81.

11   82.     Monsanto denies the allegations in paragraph 82.

12   83.     Monsanto admits that it has in the past promoted, and continues to promote,

13   Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

14   Monsanto denies the remaining allegations in paragraph 83.

15   84.     Monsanto admits that the International Agency for Research on Cancer ("IARC")

16   is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

17   lacks information or knowledge sufficient to form a belief as to the truth of the remaining

18   allegations in paragraph 84 and therefore denies those allegations.

19   85.     Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 85 and therefore denies those allegations.  Monsanto denies

21   that glyphosate met the criteria necessary to be eligible for review.

22   86.     Monsanto lacks information or knowledge sufficient to form a belief as to the

23   truth of the allegations in paragraph 86 and therefore denies those allegations.  Monsanto denies

24   that glyphosate met the criteria necessary to be eligible for review.

25   87.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

26   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

27   evidence was "cumulative."  The remaining allegations in paragraph 87 are vague and

28   conclusory and comprise attorney characterizations and are accordingly denied.

88.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 88, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 88 comprise attorney characterizations and are accordingly denied.

89.     In response to the allegations in paragraph 89, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 89 comprise attorney characterizations and are accordingly denied.

90.     In response to the allegations in paragraph 90, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 90 comprise attorney characterizations and are accordingly denied.

91.     Monsanto denies the allegations in paragraph 91.

92.     The allegations in paragraph 92 comprise attorney characterizations and are accordingly denied.

93.     Monsanto admits the allegations in paragraph 93.

94.     In response to the allegations in paragraph 94, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 94 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 94.

95.     In response to the allegations in paragraph 95, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 95.

1    96.    The allegations in paragraph 96 are vague and ambiguous and are accordingly

2    denied.

3    97.    In response to the allegations in paragraph 97, Monsanto states that the cited

4    document speaks for itself and does not require a response.

5    98.    In response to the allegations in paragraph 98, Monsanto states that the cited

6    document speaks for itself and does not require a response.  To the extent that paragraph 98

7    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

8    paragraph 98.

9    99.    Monsanto denies the allegations in paragraph 99.

10    100.    In response to the allegations in paragraph 100, Monsanto states that the cited

11    document speaks for itself and does not require a response.  Monsanto otherwise denies the

12    allegations in paragraph 100.

13    101.    Monsanto admits that there is no reliable evidence that Roundup®-branded

14    products are genotoxic, and that regulatory authorities and independent experts agree that

15    Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

16    paragraph 101.

17    102.    Monsanto denies the allegations in paragraph 102.

18    103.    Monsanto denies the allegations in paragraph 103.

19    104.    Monsanto denies the allegations in paragraph 104.

20    105.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

21    exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 105.

22    106.    Monsanto denies the allegations in paragraph 106.

23    107.    Monsanto denies the allegations in paragraph 107.

24    108.    Monsanto admits the allegations in paragraph 108.

25    109.    Monsanto denies the allegations in paragraph 109.

26    110.    Monsanto admits the allegations in paragraph 110.

27    111.    Monsanto denies the allegations in paragraph 111.

28    112.    Monsanto denies the allegations in paragraph 112.

113.    Monsanto denies the allegations in paragraph 113.

114.    Monsanto denies the allegations in paragraph 114.

115.    Monsanto denies the allegations in paragraph 115.

116.    Monsanto denies the allegations in paragraph 116.

117.    Monsanto denies the allegations in paragraph 117.

118.    Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 118.

119.    In response to the allegations in paragraph 119, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the products' EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 119.

120.    In response to the allegations in paragraph 120, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the products' EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 120.

121.    In response to the allegations in paragraph 121, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 121.

122.    Monsanto denies the allegations in paragraph 122.

123.    Monsanto denies the allegations in paragraph 123.

124.    Monsanto denies the allegations in paragraph 124.

125.    Monsanto denies the allegations in paragraph 125.

126.    Monsanto denies the allegations in paragraph 126.

127.    Monsanto denies the allegations in paragraph 127.

128.    Monsanto denies the allegations in paragraph 128.

129.    Monsanto denies the allegations in paragraph 129.

130.    Monsanto denies the allegations in paragraph 130.

131.    Monsanto denies the allegations in paragraph 131.

132.    Monsanto denies the allegations in paragraph 132.

133.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 133 and therefore denies those allegations

134.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 134 and therefore denies those allegations.

135.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 135 and therefore denies those allegations.

136.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 136 and therefore denies those allegations.

137.    Monsanto denies the allegations in paragraph 137.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto incorporates by reference its responses to paragraphs 1 through 138 in response to paragraph 139 of plaintiff's Complaint.

140.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 140 and therefore denies those allegations.

141.    In response to the allegations in paragraph 141, Monsanto denies that there is any risk of NHL or other serious illness associated with or linked to the use of and/or exposure to Roundup®-branded products and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

142.    The allegations in paragraph 142 set forth conclusions of law for which no response is required.

143.     In response to the allegations in paragraph 143, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  The remaining allegations in paragraph 143 set forth conclusions of law for which no response is required.

144.     In response to the allegations in paragraph 144, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 144 and therefore denies those allegations.

145.     The allegations in paragraph 145 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 145.  Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

146.     Monsanto denies the allegations in paragraph 146.

147.     Monsanto denies the allegations in paragraph 147.

148.     In response to the allegations in paragraph 148, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic, and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 148.

149.     In response to the allegations in paragraph 149, Monsanto states that the cited document speaks for itself and does not require a response.

150.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in paragraph 150.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

1    151.    Monsanto denies the allegations in paragraph 151.

2    152.    Monsanto denies the allegations in the last sentence of paragraph 152. The

3  remaining allegations in paragraph 152 set forth conclusions of law for which no response is

4  required.  Monsanto states, however, that the scientific studies upon which IARC purported to

5  base its classification were all publicly available before March 2015.

6

7    153.    In response to the allegations in paragraph 153, Monsanto denies that there is any

8  risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-

9  branded products and glyphosate.  The remaining allegations in paragraph 153 set forth

10  conclusions of law for which no response is required, consist of attorney characterizations and

11  are accordingly denied, or comprise allegations for which Monsanto lacks information or

12  knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore

13  denies those allegations.  Monsanto states that the scientific studies upon which IARC purported

14  to base its cancer classification for glyphosate were all publicly available before March 2015.

15

16    154.    In response to the allegations in paragraph 154, Monsanto denies that there is any

17  risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-

18  branded products and glyphosate.  The remaining allegations in paragraph 154 set forth

19  conclusions of law for which no response is required, consist of attorney characterizations and

20  are accordingly denied, or comprise allegations for which Monsanto lacks information or

21  knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore

22  denies those allegations.  Monsanto states that the scientific studies upon which IARC purported

23  to base its cancer classification for glyphosate were all publicly available before March 2015.

24

25    155.    Monsanto denies the allegations in paragraph 155.

26    156.    The allegations in paragraph 156 set forth conclusions of law for which no

27  response is required.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07366-VC

1

157.     Monsanto denies the allegations in paragraph 157.

2

158.     The allegations in paragraph 158 set forth conclusions of law for which no

3

response is required.  To the extent that a response is deemed required, Monsanto denies the

4

allegations in paragraph 158.  Monsanto states that the scientific studies upon which IARC

5

purported to base its cancer classification for glyphosate were all publicly available before

6

March 2015.

7

8

159.     Monsanto incorporates by reference its responses to paragraphs 1 through 158 in

9

response to paragraph 159 of plaintiff's Complaint.

10

160.     The allegations in paragraph 160 set forth conclusions of law for which no

11

response is required.

12

161.     Monsanto denies the allegations in paragraph 161.

13

162.     Monsanto denies the allegations in paragraph 162, including each of its subparts.

14

163.     Monsanto denies the allegations in paragraph 163.

15

164.     Monsanto denies the allegations in paragraph 164.

16

165.     Monsanto denies the allegations in paragraph 165, including each of its subparts.

17

166.     Monsanto denies the allegations in paragraph 166.

18

167.     Monsanto denies the allegations in paragraph 167.

19

168.     Monsanto denies the allegations in paragraph 168.

20

169.     Monsanto denies the allegations in paragraph 169.

21

170.     Monsanto denies the allegations in paragraph 170.

22

171.     In response to the allegations in paragraph 171, Monsanto demands that judgment

23

be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

24

prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

25

by law and such further and additional relief as this Court may deem just and proper.

26

172.     Monsanto incorporates by reference its responses to paragraphs 1 through 171 in

27

response to paragraph 172 of plaintiff's Complaint.

28

173.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 173 and therefore denies those allegations.

174.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 174 and therefore denies those allegations.

175.    Monsanto denies the allegations in paragraph 175.

176.    Monsanto denies the allegations in paragraph 176.

177.    Monsanto denies the allegations in paragraph 177.

178.    Monsanto denies the allegations in paragraph 178, including each of its subparts.

179.    Monsanto denies the allegations in paragraph 179.

180.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 180 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 180, including that Roundup®-branded products have "dangerous characteristics."

181.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 181 and therefore denies those allegations.

182.    Monsanto denies the allegations in paragraph 182.

183.    The allegations in paragraph 183 set forth conclusions of law for which no response is required.

184.    Monsanto denies the allegations in paragraph 184.

185.    Monsanto denies the allegations in paragraph 185.

186.    Monsanto denies the allegations in paragraph 186.

187.    Monsanto denies the allegations in paragraph 187.

188.    Monsanto denies the allegations in paragraph 188.

189.    Monsanto denies the allegations in paragraph 189.

190.    Monsanto denies the allegations in paragraph 190.

191.    Monsanto denies the allegations in paragraph 191.

192.    Monsanto denies the allegations in paragraph 192.

193.   Monsanto denies the allegations in paragraph 193.

194.   In response to the allegations in paragraph 194, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

195.   Monsanto incorporates by reference its responses to paragraphs 1 through 194 in response to paragraph 195 of plaintiff's Complaint.

196.   The allegations in paragraph 196 set forth conclusions of law for which no response is required.

197.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 197 and therefore denies those allegations.

198.   Monsanto denies the allegations in paragraph 198. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

199.   Monsanto denies the allegations in paragraph 199.

200.   Monsanto denies the allegations in paragraph 200.

201.   Monsanto denies the allegations in paragraph 201. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

202.   Monsanto denies the allegations in paragraph 202. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

203.   Monsanto denies the allegations in paragraph 203.

204.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 204 regarding plaintiff's use history and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 204.

205.   The allegations in paragraph 205 set forth conclusions of law for which no response is required.

1   206. Monsanto denies the allegations in paragraph 206.

2   207. Monsanto denies the allegations in paragraph 207.

3   208. Monsanto denies the allegations in paragraph 208.

4   209. Monsanto denies the allegations that Roundup®-branded products are defective

5 and accordingly denies the allegations in paragraph 209.

6   210. The allegations in paragraph 210 set forth conclusions of law for which no

7 response is required.

8   211. Monsanto lacks information or knowledge sufficient to form a belief as to the

9 truth of the allegations in paragraph 211 and therefore denies those allegations.

10   212. Monsanto denies the allegations in paragraph 212.

11   213. Monsanto denies the allegations in paragraph 213.

12   214. Monsanto denies the allegations in paragraph 214.

13   215. Monsanto denies the allegations in paragraph 215.

14   216. Monsanto denies the allegations in paragraph 216.

15   217. In response to the allegations in paragraph 217, Monsanto demands that judgment

16 be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

17 prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

18 by law and such further and additional relief as this Court may deem just and proper.

19   218. Monsanto incorporates by reference its responses to paragraphs 1 through 217 in

20 response to paragraph 218 of plaintiff's Complaint.

21   219. Monsanto denies the allegations in paragraph 219.  Additionally, the allegations

22 in the last sentence in paragraph 219 set forth conclusions of law for which no response is

23 required.

24   220. Monsanto lacks information or knowledge sufficient to form a belief as to the

25 truth of the allegations in paragraph 220 concerning the plaintiff's claimed use of Roundup®-

26 branded products and therefore denies those allegations.  The remaining allegations in paragraph

27 220 set forth conclusions of law for which no response is required.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07366-VC

221.    The allegations in paragraph 221 set forth conclusions of law for which no response is required.

222.    Monsanto denies the allegations in paragraph 222.

223.    The allegation in paragraph 223 regarding a purported implied warranty sets forth a conclusion of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 223 and therefore denies those allegations.

224.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 224 and therefore denies the allegations in paragraph 224.

225.    Monsanto denies the allegations in paragraph 225.

226.    Monsanto denies the allegations in paragraph 226.

227.    Monsanto denies the allegations in paragraph 227.

228.    In response to the allegations in paragraph 228, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

229.    Monsanto incorporates by reference its responses to paragraphs 1 through 228 in response to paragraph 229 of plaintiff's Complaint.

230.     Monsanto admits that plaintiff purports to bring certain claims alleged in paragraph 230 of the Complaint but denies any liability as to those claims.

231.    Monsanto denies the allegations in paragraph 231.

232.    Monsanto denies the allegations in paragraph 232.

233.    Monsanto denies the allegations in paragraph 233.

234.    Monsanto denies the allegations in paragraph 234.

235.    Monsanto denies the allegations in paragraph 235.

236.    Monsanto denies the allegations in paragraph 236.

237.    Monsanto denies the allegations in paragraph 237.

238.    Monsanto denies the allegations in paragraph 238.

239.    Monsanto denies the allegations in paragraph 239.

240.    Monsanto denies the allegations in paragraph 240.

241.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 241 regarding plaintiff's actions, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 241.

242.    Monsanto denies the allegations in paragraph 242.

243.    Monsanto denies the allegations in paragraph 243.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

244.    Monsanto denies the allegations in paragraph 244.

245.    In response to the allegations in the first sentence of paragraph 245, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 245 sets forth a conclusion of law for which no response is required.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

1    3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

2  was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

3  plaintiff's alleged injuries.

4    4.    Plaintiff's claims are barred, in whole or in part, because the products at issue

5  were designed, manufactured, marketed and labeled with proper warnings, information, cautions

6  and instructions, in accordance with the state of the art and the state of scientific and

7  technological knowledge.

8    5.    Plaintiff's claims are barred, in whole or in part, because the products at issue

9  were not defective or unreasonably dangerous in that they complied with, at all relevant times,

10  all applicable government safety standards.

11    6.    Any claims based on allegations that Monsanto misled, defrauded, made

12  misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

13  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

14  *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

15    7.    Plaintiff's claims are preempted, in whole or in part, by applicable federal law

16  relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

17  processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

18    8.    Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA

19  findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

20  product labeling.

21    9.    Plaintiff's claims are barred, in whole or in part, by the doctrine of primary

22  jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

23    10.    Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if

24  any, were the result of conduct of plaintiff, independent third parties, and/or events that were

25  extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

26  independent, intervening and superseding causes of the alleged injuries, including but not limited

27  to plaintiff's pre-existing medical conditions.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07366-VC

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims against Monsanto in whole or in part.

14.     If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff's claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims against Monsanto for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the New York Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims against Monsanto for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under New York law and/or other applicable state laws.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     To the extent that plaintiff recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under NY CPLR § 4545.

25.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28.     Plaintiff has failed to allege fraud with sufficient particularity.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

1

## JURY TRIAL DEMAND

2          Monsanto demands a jury trial on all issues so triable.

3

4  DATED:  May 28, 2020                          Respectfully submitted,

5
                                                 /s/ Joe G. Hollingsworth
6                                                Joe G. Hollingsworth (*pro hac vice*)
                                                 (jhollingsworth@hollingsworthllp.com)
7                                                Eric G. Lasker (*pro hac vice*)
                                                 (elasker@hollingsworthllp.com)
8                                                HOLLINGSWORTH LLP
                                                 1350 I Street, N.W.
9                                                Washington, DC  20005
                                                 Telephone:  (202) 898-5800
10                                               Facsimile:   (202) 682-1639

11                                               *Attorneys for Defendant*
                                                 *MONSANTO COMPANY*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07366-VC