**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639
Email:         jhollingsworth@hollingsworthllp.com
                  elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Leslie Hutchison v. Monsanto Co.*, Case No. 3:20-cv-03444-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.   Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies those allegations.

4.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5.    Monsanto denies the allegations in paragraph 5.

6.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 6 and therefore denies those allegations. The remaining allegations in paragraph 6 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the remaining allegations in paragraph 6 based upon the allegations in plaintiff's Complaint.

7.    Monsanto admits the allegations in paragraph 7.

8.    The allegations in paragraph 8 set forth conclusions of law for which no response is required.

9.    The allegations in the first sentence of paragraph 9 set forth conclusions of law for which no response is required.  Monsanto admits that it sells, markets, and/or distributes Roundup®-branded products within Missouri.  In response to the allegations in the final sentence of paragraph 9, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

10.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 10 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 10.

11.    The allegations in paragraph 11 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

12.    In response to the allegations in paragraph 12, Monsanto admits that it is incorporated under the laws of the State of Delaware, that it has Missouri Secretary of State Charter No. F00488018; and that its principal place of business is in St. Louis County, Missouri.

13.     In response to the allegations in paragraph 13, Monsanto admits that it sells Roundup®-branded products in Missouri and Texas.

14.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies those allegations.

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     Monsanto admits the allegations in paragraph 17.

18.     Monsanto admits that it is authorized to do business in Missouri and Texas.  The remaining allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19.     The allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     Monsanto denies the allegations in paragraph 20.

21.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 22 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

23.     Monsanto admits the allegations in paragraph 23.

24.     Monsanto admits the allegations in paragraph 24.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03444-VC

25.     In response to the allegations in paragraph 25, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 25 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies those allegations.

26.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 26 comprise attorney characterizations and are accordingly denied.

27.     Monsanto admits the allegations in paragraph 27.

28.     Monsanto generally admits the allegations in paragraph 28, but denies the allegations in paragraph 28 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

29.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies those allegations.

30.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 30 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 30.

31.     Monsanto admits the allegations in paragraph 31.

32.     In response to the allegations in  paragraph 32, Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 32.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03444-VC

33.     The allegations in paragraph 33 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 33.

34.     In response to the allegations in paragraph 34, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 34 set forth conclusions of law for which no response is required.

35.     The allegations in paragraph 35 set forth conclusions of law for which no response is required.

36.     In response to the allegations in paragraph 36, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the States of Missouri and Texas for sale and distribution.

37.     In response to the allegations in paragraph 37, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 37 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 37 set forth conclusions of law for which no answer is required.

38.     Monsanto denies the allegations in paragraph 38 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 38 set forth conclusions of law for which no response is required.

39.     In response to the allegations in paragraph 39, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore denies those allegations.

40.     In response to the allegations in paragraph 40, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03444-VC

require any further answer.  The remaining allegations in paragraph 40 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

41.    In response to the allegations in paragraph 41, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

42.    Monsanto denies the allegations in paragraph 42.

43.    In response to the allegations in paragraph 43, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 43 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 43.

44.    Monsanto denies the allegations in  paragraph 44.

45.    In response to the allegations in paragraph 45, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 45 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies those allegations.

46.    Monsanto admits the allegations in paragraph 46.

47.    In response to the allegations in paragraph 47, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 47 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and therefore denies those allegations.

48.    Monsanto states that the term "toxic" as used in paragraph 48 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 48.

49.    Monsanto admits the allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 51 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 53 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 53.

54.     Monsanto denies the allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 56 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 56.

57.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 57.

58.     Monsanto denies the allegations in paragraph 58.

59.     Monsanto denies the allegations in paragraph 59.

1     60.     Monsanto denies the allegations in paragraph 60.

2     61.     Monsanto denies the allegations in paragraph 61.

3     62.     Monsanto admits that it has in the past promoted, and continues to promote,

4  Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

5  Monsanto denies the remaining allegations in paragraph 62.

6     63.     Monsanto admits that the International Agency for Research on Cancer ("IARC")

7  is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

8  lacks information or knowledge sufficient to form a belief as to the truth of the remaining

9  allegations in paragraph 63 and therefore denies those allegations.

10    64.     Monsanto lacks information or knowledge sufficient to form a belief as to the

11 truth of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies

12 that glyphosate met the criteria necessary to be eligible for review.

13    65.     Monsanto lacks information or knowledge sufficient to form a belief as to the

14 truth of the allegations in paragraph 65 and therefore denies those allegations.  Monsanto denies

15 that glyphosate met the criteria necessary to be eligible for review.

16    66.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

17 carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

18 evidence was "cumulative."  The remaining allegations in paragraph 66 are vague and

19 conclusory and comprise attorney characterizations and are accordingly denied.

20    67.     In response to the allegations in paragraph 67, Monsanto admits that the full

21 IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph

22 purported to classify glyphosate as a class 2A carcinogen.

23    68.     In response to the allegations in paragraph 68, Monsanto states that the document

24 speaks for itself and does not require a response.  To the extent that a response is deemed

25 required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly

26 denied.

27    69.     In response to the allegations in paragraph 69, Monsanto states that the document

28 speaks for itself and does not require a response.  To the extent that a response is deemed

1   required, the allegations in paragraph 69 comprise attorney characterizations and are accordingly

2   denied.

3         70.    Monsanto denies the allegations in paragraph 70.

4         71.    The allegations in paragraph 71 comprise attorney characterizations and are

5   accordingly denied.

6         72.    Monsanto admits the allegations in paragraph 72.

7         73.    In response to the allegations in paragraph 73, Monsanto states that the cited

8   document speaks for itself and does not require a response.  To the extent that paragraph 73

9   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

10  paragraph 73.

11        74.    In response to the allegations in paragraph 74, Monsanto admits that certain

12  studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

13  under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

14  evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

15  animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

16  paragraph 74.

17        75.    The allegations in paragraph 75 are vague and ambiguous and are accordingly

18  denied.

19        76.    In response to the allegations in paragraph 76, Monsanto states that the cited

20  document speaks for itself and does not require a response.

21        77.    In response to the allegations in paragraph 77, Monsanto states that the cited

22  document speaks for itself and does not require a response.  To the extent that paragraph 77

23  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

24  paragraph 77.

25        78.    Monsanto denies the allegations in paragraph 78.

26        79.    In response to the allegations in paragraph 79, Monsanto states that the cited

27  document speaks for itself and does not require a response.  Monsanto otherwise denies the

28  allegations in paragraph 79.

80.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto admits the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto admits the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 97.

98.     In response to the allegations in paragraph 98, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.

- 11 -

99.     In response to the allegations in paragraph 99, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 99.

100.     In response to the allegations in paragraph 100, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 100.

101.     In response to the allegations in paragraph 101, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03444-VC

1    Monsanto denies the remaining allegations in paragraph 101.

2         102.    In response to the allegations in paragraph 102, Monsanto admits that it – along

3    with a large number of other companies and governmental agencies – was defrauded by two

4    chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

5    testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

6    toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

7    glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

8    studies.  To the extent that the allegations in paragraph 102 are intended to suggest that

9    Monsanto was anything other than a victim of this fraud, such allegations are denied.

10        103.    In response to the allegations in paragraph 103, Monsanto admits that IBT

11   Laboratories was hired to conduct toxicity studies in connection with the registration of a

12   Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

13   based upon any fraudulent or false IBT studies.

14        104.    Monsanto denies the allegations in paragraph 104 to the extent they suggest that

15   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

16   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

17   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

18   connection with services provided to a broad number of private and governmental entities and

19   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

20   one of several pesticide manufacturers who had used IBT test results.  The audit found some

21   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

22   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

23   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

24   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 104 are

25   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

26   denies those allegations.

27        105.    In response to the allegations in paragraph 105, Monsanto admits that three IBT

28   employees were convicted of the charge of fraud, but Monsanto denies that any of the

1    individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

2    herbicides.

3          106.    In response to the allegations in paragraph 106, Monsanto admits that it – along

4    with numerous other private companies – hired Craven Laboratories as an independent

5    laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

6    denies the remaining allegations in paragraph 106.

7          107.    In response to the allegations in paragraph 107, Monsanto admits that EPA

8    investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

9    paragraph 107 are intended to suggest that Monsanto was anything other than a victim of this

10   fraud, Monsanto denies those allegations.

11         108.    In response to the allegations in paragraph 108, Monsanto admits that it was

12   defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

13   at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 108

14   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

15   denies those allegations.

16         109.    In response to the allegations in paragraph 109, Monsanto admits that it has stated

17   and continues to state that Roundup®-branded products are safe when used as labeled and that

18   they are non-carcinogenic and non-genotoxic.

19         110.    In response to the allegations in paragraph 110, Monsanto admits that a 1986 joint

20   report of the World Health Organization and Food and Agriculture Organization of the United

21   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

22   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

23   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

24   carcinogen.  Monsanto denies the remaining allegations in paragraph 110.

25         111.    Monsanto denies the allegations in paragraph 111.

26         112.    Monsanto denies the allegations in paragraph 112.

27         113.    Monsanto denies the allegations in paragraph 113.

28         114.    Monsanto denies the allegations in paragraph 114.

1     115.    Monsanto denies the allegations in paragraph 115.

2     116.    Monsanto denies the allegations in paragraph 116.

3     117.    Monsanto denies the allegations in paragraph 117.

4     118.    Monsanto denies the allegations in paragraph 118.

5     119.    Monsanto denies the allegations in paragraph 119.

6     120.    Monsanto denies the allegations in paragraph 120.

7     121.    Monsanto denies the allegations in paragraph 121.

8     122.    Monsanto incorporates by reference its responses to paragraphs 1 through 121 in

9 response to paragraph 122 of plaintiff's Complaint.

10     123.    Monsanto denies the allegations in paragraph 123.

11     124.    In response to the allegations in paragraph 124, Monsanto admits that it has stated

12 and continues to state that Roundup®-branded products are safe when used as labeled and that

13 they are non-toxic and non-carcinogenic.

14     125.    In response to the allegations in paragraph 125, Monsanto states that the cited

15 document speaks for itself and does not require a response.

16     126.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

17 exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

18 126. Monsanto states, however, that the scientific studies upon which IARC purported to base

19 its classification were all publicly available before March 2015.

20     127.    Monsanto denies the allegations in the first and last sentences of paragraph 127.

21 The remaining allegations in paragraph 127 set forth conclusions of law for which no response is

22 required. Monsanto states, however, that the scientific studies upon which IARC purported to

23 base its classification were all publicly available before March 2015.

24     128.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

25 and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

26 branded products can cause cancer. Monsanto states, however, that the scientific studies upon

27 which IARC purported to base its classification were all publicly available before March 2015.

28 The remaining allegations in paragraph 128 set forth conclusions of law for which no response is

1    required, consist of attorney characterizations and are accordingly denied, or comprise

2    allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

3    the truth of the allegations asserted and therefore denies those allegations.

4             129.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5    truth of the allegations in paragraph 129 and therefore denies those allegations.

6             130.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 130 and therefore denies those allegations.

8             131.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 131 and therefore denies those allegations.

10           132.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations in paragraph 132 and therefore denies those allegations.

12           133.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13   truth of the allegations in paragraph 133 and therefore denies those allegations.

14           134.    Monsanto incorporates by reference its responses to paragraphs 1 through 133 in

15   response to paragraph 134 of plaintiff's Complaint.

16           135.    The allegations in paragraph 135 set forth conclusions of law for which no

17   response is required.

18           136.    Monsanto denies the allegations in paragraph 136.

19           137.    Monsanto denies the allegations in paragraph 137, including each of its subparts.

20           138.    Monsanto denies the allegations in paragraph 138.

21           139.    Monsanto denies the allegations in paragraph 139.

22           140.    Monsanto denies the allegations in paragraph 140, including each of its subparts.

23           141.    Monsanto denies the allegations in paragraph 141.

24           142.    Monsanto denies the allegations in paragraph 142.

25           143.    Monsanto denies the allegations in paragraph 143.

26           144.    Monsanto denies the allegations in paragraph 144.

27           145.    Monsanto incorporates by reference its responses to paragraphs 1 through 144 in

28   response to paragraph 145 of plaintiff's Complaint.

146.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 146 and therefore denies those allegations.

147.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 147 and therefore denies those allegations.

148.    Monsanto denies the allegations in paragraph 148.

149.    Monsanto denies the allegations in paragraph 149.

150.    Monsanto denies the allegations in paragraph 150.

151.    Monsanto denies the allegations in paragraph 151, including each of its subparts.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto denies that Roundup®-branded products have "dangerous characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 154 and therefore denies those allegations.

155.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 155 and therefore denies those allegations.

156.    Monsanto denies the allegations in paragraph 156.

157.    The allegations in paragraph 157 set forth conclusions of law for which no response is required.

158.    Monsanto denies the allegations in paragraph 158.

159.    Monsanto denies the allegations in paragraph 159.

160.    Monsanto denies the allegations in paragraph 160.

161.    Monsanto denies the allegations in paragraph 161.

162.    Monsanto denies the allegations in paragraph 162.

163.    Monsanto denies the allegations in paragraph 163.

164.    Monsanto denies the allegations in paragraph 164.

165.    Monsanto denies the allegations in paragraph 165.

166.    Monsanto denies the allegations in paragraph 166.

167.    Monsanto denies the allegations in paragraph 167.

168.     Monsanto incorporates by reference its responses to paragraphs 1 through 167 in response to paragraph 168 of plaintiff's Complaint.

169.     The allegations in paragraph 169 set forth conclusions of law for which no response is required.

170.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 170 and therefore denies those allegations.

171.     Monsanto denies the allegations in paragraph 171.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

172.     Monsanto denies the allegations in paragraph 172.

173.     Monsanto denies the allegations in paragraph 173.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

174.     Monsanto denies the allegations in paragraph 174.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

175.     Monsanto denies the allegations in paragraph 175.

176.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 176 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 176.

177.     The allegations in paragraph 177 set forth conclusions of law for which no response is required.

178.     Monsanto denies the allegations in paragraph 178.

179.     Monsanto denies the allegations in paragraph 179.

180.     Monsanto denies the allegations in paragraph 180.

181.     Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 181.

182.    The allegations in paragraph 182 set forth conclusions of law for which no response is required.

183.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 183 and therefore denies those allegations.

184.    Monsanto denies the allegations in paragraph 184.

185.    Monsanto denies the allegations in paragraph 185.

186.    Monsanto denies the allegations in paragraph 186.

187.    Monsanto denies the allegations in paragraph 187.

188.    Monsanto denies the allegations in paragraph 188.

189.    Monsanto incorporates by reference its responses to paragraphs 1 through 188 in response to paragraph 189 of plaintiff's Complaint.

190.    Monsanto denies the allegations in paragraph 190.  Additionally, the allegations in the last sentence in paragraph 190 set forth conclusions of law for which no response is required.

191.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 191 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 191 set forth conclusions of law for which no response is required.

192.    The allegations in paragraph 192 set forth conclusions of law for which no response is required.

193.    Monsanto denies the allegations in paragraph 193.

194.    The allegation in paragraph 194 regarding a purported implied warranty sets forth a conclusion of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 194 and therefore denies those allegations.

195.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 195 concerning the condition of any Roundup®-branded

- 19 -

1    product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore
2    denies the allegations in paragraph 195.

3         196.    Monsanto denies the allegations in paragraph 196.

4         197.    Monsanto denies the allegations in paragraph 197.

5         198.    Monsanto denies the allegations in paragraph 198.

6         199.    Monsanto incorporates by reference its responses to paragraphs 1 through 198 in
7    response to paragraph 199 of plaintiff's Complaint.

8         200.    In response to the allegations in paragraph 200, Monsanto admits that it has
9    manufactured, distributed, advertised, promoted, and sold Roundup®-branded products.

10        201.    Monsanto lacks information or knowledge sufficient to form a belief as to the
11   truth of the allegations in paragraph 201 concerning plaintiff's claimed use of Roundup®-
12   branded products and therefore denies those allegations.  Monsanto admits that it has sold
13   glyphosate based herbicides in accordance with their EPA-approved labeling.  The remaining
14   allegations in paragraph 201 set forth conclusions of law for which no response is required.

15        202.    Monsanto lacks information or knowledge sufficient to form a belief as to the
16   truth of the allegations in paragraph 202 concerning plaintiff's foreseeable use of Roundup®-
17   branded products and therefore denies those allegations.  The remaining allegations in
18   paragraph 202 set forth conclusions of law for which no response is required.

19        203.    Monsanto lacks information or knowledge sufficient to form a belief as to the
20   truth of the allegations in paragraph 203 and therefore denies those allegations.

21        204.    Monsanto lacks information or knowledge sufficient to form a belief as to the
22   truth of the allegations in paragraph 204 and therefore denies those allegations.

23        205.    The allegations in paragraph 205 set forth conclusions of law for which no
24   response is required.

25        206.    The allegations in paragraph 206 set forth conclusions of law for which no
26   response is required.

27        207.    Monsanto denies the allegations in paragraph 207.

28        208.    Monsanto denies the allegations in paragraph 208.

1    209.    Monsanto denies the allegations in paragraph 209.

2    210.    Monsanto denies the allegations in paragraph 210.

3    211.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4 truth of the allegations in paragraph 211 regarding plaintiff's reliance and therefore denies those

5 allegations.  Monsanto denies the remaining allegations in paragraph 211.

6    212.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7 truth of the allegations in paragraph 212 regarding reliance by plaintiff's and others and therefore

8 denies those allegations.  Monsanto denies the remaining allegations in paragraph 212.

9    213.    Monsanto denies the allegations in paragraph 213.

10   214.    Monsanto denies the allegations in paragraph 214.

11   215.    Monsanto denies the allegations in paragraph 215.

12   216.    Monsanto denies the allegations in paragraph 216.

13   217.    Monsanto denies the allegations in paragraph 217.

14   218.    Monsanto incorporates by reference its responses to paragraphs 1 through 217 in

15 response to paragraph 218 of plaintiff's Complaint.

16   219.    Monsanto denies the allegations in paragraph 219.

17   220.    Monsanto denies the allegations in paragraph 220.

18   221.    Monsanto denies the allegations in paragraph 221.

19   222.    Monsanto denies the allegations in paragraph 222.

20   223.    Monsanto denies the allegations in paragraph 223.

21   224.    Monsanto denies the allegations in paragraph 224.

22   225.    Monsanto denies the allegations in paragraph 225.

23   226.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24 truth of the allegations in paragraph 226 regarding plaintiff's actions, and therefore Monsanto

25 denies those allegations.  Monsanto denies the remaining allegations in paragraph 226.

26   227.    Monsanto denies the allegations in paragraph 227.

27   228.    Monsanto denies the allegations in paragraph 228.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03444-VC

229.     Monsanto incorporates by reference its responses to paragraphs 1 through 228 in response to paragraph 229 of plaintiff's Complaint.

230.     In response to the allegations in the first sentence of paragraph 230, Monsanto admits that plaintiffs purport to bring certain claims alleged in paragraph 230 of the Complaint but denies any liability as to those claims.  Monsanto denies the remaining allegations in paragraph 230.

231.     Monsanto denies the allegations in paragraph 231.

232.     Monsanto denies the allegations in paragraph 232.

233.     Monsanto denies the allegations in paragraph 233.

234.     Monsanto denies the allegations in paragraph 234.

235.     Monsanto denies the allegations in paragraph 235.

236.     Monsanto denies the allegations in paragraph 236.

237.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 237 regarding plaintiff's actions, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 237.

238.     Monsanto denies the allegations in paragraph 238.

239.     Monsanto denies the allegations in paragraph 239.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

240.     Monsanto denies the allegations in paragraph 240.

241.     Monsanto incorporates by reference its responses to paragraphs 1 through 240 in response to paragraph 241 of plaintiff's Complaint.

242.     The allegations in paragraph 242 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 242.

243.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 243 and therefore denies those allegations.

1       244.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 244 and therefore denies those allegations.

3       245.    Monsanto denies the allegations in paragraph 245.

4       246.    Monsanto denies the allegations in paragraph 246.

5       247.    Monsanto denies the allegations in paragraph 247.

6       248.    Monsanto denies the allegations in paragraph 248, including each of its subparts.

7       249.    Monsanto denies the allegations in paragraph 249.

8       250.    Monsanto denies the allegations in paragraph 250.

9       251.    Monsanto lacks information or knowledge sufficient to form a belief as to

10    the truth of the allegations in paragraph 251 concerning plaintiff's claimed use of or

11    exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto

12    denies the remaining allegations in paragraph 251, including that Roundup®-branded

13    products have "dangerous characteristics."

14       252.    Monsanto lacks information or knowledge sufficient to form a belief as to

15    the truth of the allegations in paragraph 252 and therefore denies those allegations.

16       253.    Monsanto denies the allegations in paragraph 253.

17       254.    The allegations in paragraph 254 set forth conclusions of law for which no

18    response is required.

19       255.    Monsanto denies the allegations in paragraph 255.

20       256.    Monsanto denies the allegations in paragraph 256.

21       257.    Monsanto denies the allegations in paragraph 257.

22       258.    Monsanto denies the allegations in paragraph 258.

23       259.    Monsanto denies the allegations in paragraph 259.

24       260.    Monsanto denies the allegations in paragraph 260.

25       261.    Monsanto denies the allegations in paragraph 261.

26       262.    Monsanto denies the allegations in paragraph 262.

27       263.    Monsanto denies the allegations in paragraph 263.

28       264.    Monsanto denies the allegations in paragraph 264.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03444-VC

1
2

265.    Monsanto incorporates by reference its responses to paragraphs 1 through 264 in response to paragraph 265 of plaintiff's Complaint.

3
4
5

266.    The allegations in paragraph 266 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 266.

6
7

267.    The allegations in paragraph 267 set forth conclusions of law for which no response is required.

8
9

268.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 268 and therefore denies those allegations.

10
11
12

269.    Monsanto denies the allegations in paragraph 269.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

13
14

270.    Monsanto denies the allegations in paragraph 270.

15
16

271.    Monsanto denies the allegations in paragraph 271.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

17
18
19

272.    Monsanto denies the allegations in paragraph 272.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

20
21

273.    Monsanto denies the allegations in paragraph 273.

22
23
24

274.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 274 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 274.

25
26

275.    The allegations in paragraph 275 set forth conclusions of law for which no response is required.

27

276.    Monsanto denies the allegations in paragraph 276.

28

277.    Monsanto denies the allegations in paragraph 277.

1    278.    Monsanto denies the allegations in paragraph 278.

2    279.    Monsanto denies the allegations that Roundup®-branded products are defective

3 and accordingly denies the allegations in paragraph 279.

4    280.    The allegations in paragraph 280 set forth conclusions of law for which no

5 response is required.

6    281.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7 truth of the allegations in paragraph 281 and therefore denies those allegations.

8    282.    Monsanto denies the allegations in paragraph 282.

9    283.    Monsanto denies the allegations in paragraph 283.

10    284.    Monsanto denies the allegations in paragraph 284.

11    285.    Monsanto denies the allegations in paragraph 285.

12    286.    Monsanto denies the allegations in paragraph 286.

13    In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

14 denies that plaintiff is entitled to the relief sought therein, including any judgment for any

15 damages, interest, costs, or any other relief whatsoever.

16    Every allegation in the Complaint that is not specifically and expressly admitted in this

17 Answer is hereby specifically and expressly denied.

18    **SEPARATE AND AFFIRMATIVE DEFENSES**

19    1.    The Complaint, in whole or part, fails to state a claim or cause of action against

20 Monsanto upon which relief can be granted.

21    2.    Venue in the Eastern District of Missouri may be inconvenient.

22    3.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

23 reliable evidence that the products at issue were defective or unreasonably dangerous.

24    4.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

25 was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

26 plaintiff's alleged injuries.

27

28

5.     Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.     Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

8.     Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.     Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

12.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

14.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

15.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

16.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

17.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

18.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiff's claims for exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Missouri Constitution, the Texas Constitution, and/or other applicable state constitutions.

20.     Plaintiff's claims for exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Missouri law, Texas law and/or other applicable state laws.

21.     Plaintiff's claims for exemplary damages are barred and/or limited by operation of state and/or federal law, including Missouri Revised Statute § 510.265.1 and Tex. Civ. Prac. & Rem. Code Ann. §§ 41.004(a), 41.008(b).

22.     Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiff and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiff has failed to clearly establish any entitlement to punitive, exemplary, and/or aggravated damages based on plaintiff's allegations.

23.     Plaintiffs' claims are barred, in whole or in part, by application of Tex. Civ. Prac. & Rem. Code Ann. § 82.008.

24.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

25.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

26.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

27.     To the extent that plaintiff recovered payments for plaintiff's alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute §§ 490.710, 490.715.

28.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

29.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

30.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

31.     Plaintiff has failed to allege fraud with sufficient particularity.

32.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

1       **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2 plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

3 other relief as the Court deems equitable and just.

4                                  **JURY TRIAL DEMAND**

5       Monsanto demands a jury trial on all issues so triable.

6

7 DATED:  June 1, 2020                    Respectfully submitted,

8

9                          /s/ Joe G. Hollingsworth
                         Joe G. Hollingsworth (*pro hac vice*)

10                          (jhollingsworth@hollingsworthllp.com)
                         Eric G. Lasker (*pro hac vice*)

11                          (elasker@hollingsworthllp.com)
                         HOLLINGSWORTH LLP

12                          1350 I Street, N.W.
                         Washington, DC  20005

13                          Telephone:   (202) 898-5800
                         Facsimile:   (202) 682-1639

14                          *Attorneys for Defendant*

15                          *MONSANTO COMPANY*

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03444-VC