HOLLINGSWORTH LLP
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
E-Mail:      jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *Wade Martin v. Monsanto Co., et al.*, Case No. 3:20-cv-00415-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED AND SUPERSEDING COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, defendant Monsanto

Company ("Monsanto"), by and through its counsel, answers plaintiff's First Amended and

Superseding Complaint ("the Complaint") by generally denying all allegations contained in the

Complaint, except as set forth below.  As defined in the Complaint and as used in this Answer,

Monsanto refers to Monsanto Company, a United States based company incorporated in

Delaware, and not to other Monsanto-affiliated companies.  Monsanto denies – and objects to –

allegations by plaintiff that purport to lump Monsanto together with other defendants.  Monsanto

responds to the allegations in the Complaint only on behalf of Monsanto and not on behalf of any

other defendant.  Silence as to any allegations shall constitute a denial.  Although many

paragraphs in the Complaint allege exposure or use of Monsanto products by "Plaintiffs,"

Monsanto nevertheless responds to the allegations in those paragraphs as if they refer to the

plaintiff Wade Martin.  Monsanto answers the specific, numbered allegations of the Complaint as follows:

1.      Monsanto denies the allegations in paragraph 1.

2.      The allegations in paragraph 2 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

3.      Monsanto denies the allegations in paragraph 3.

4.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5.      In response to the allegations in paragraph 5, Monsanto admits that it is a corporation organized under the laws of the State of Delaware; that its principal place of business is located in St. Louis County, Missouri; that it regularly conducts business throughout the United States, including Louisiana; and that it is an indirect, wholly-owned subsidiary of Bayer AG.

6.      The allegations in paragraph 6 do not require a response from Monsanto because these allegations relate to a defendant other than Monsanto.

7.      The allegations in paragraph 7 do not require a response from Monsanto because these allegations relate to a defendant other than Monsanto.

8.      The allegations in paragraph 8 do not require a response from Monsanto because these allegations relate to a defendant other than Monsanto.

9.      Monsanto denies the allegations in paragraph 9.

10.     The allegations in paragraph 10 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

11.     In response to the allegations in paragraph 11, Monsanto denies that it engaged in any wrongdoing or wrongful acts or omissions.  Monsanto denies the allegations by plaintiff that purport to lump Monsanto together with other defendants.  Monsanto responds to the allegations in paragraph 11 and other allegations in the Complaint only on behalf of Monsanto and not on

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00415-VC

behalf of any other defendant.  The remaining allegations in paragraph 11 set forth conclusions of law and/or are directed at defendants other than Monsanto, so no response from Monsanto is required for these allegations.  To the extent a response is deemed required, Monsanto denies the remaining allegations in paragraph 11.

12.     Monsanto admits the allegations in paragraph 12.

13.     In response to the allegations in paragraph 13, Monsanto admits that it sells Roundup®-branded products in Louisiana.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 and therefore denies those allegations.

14.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies those allegations.

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     Monsanto admits the allegations in paragraph 17.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     Monsanto denies the allegations in paragraph 19.

20.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto denies the remaining allegations in paragraph 20.

21.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 relating to plaintiff's employer and "distributor" and/or

"retailers" and therefore denies those allegations. Monsanto admits the remaining allegations in paragraph 21.

22.    Monsanto admits the allegations in paragraph 22.

23.    Monsanto admits the allegations in paragraph 23.

24.    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 24 comprise attorney characterizations and are accordingly denied.

25.    Monsanto admits the allegations in paragraph 25.

26.    Monsanto generally admits the allegations in paragraph 26, but denies the allegations in paragraph 26 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

27.    In response to the first and second sentences of paragraph 27, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides and denies that Roundup®-branded products are Bayer AG's and/or Bayer Corporation's products. Monsanto admits the allegations in the third sentence of paragraph 27, except that Monsanto denies that Roundup®-branded products are Bayer AG's and/or Bayer Corporation's products. In response to the allegations in the last sentence of paragraph 27, Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years. Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 27.

28.    The allegations in paragraph 28 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

29.    The allegations in paragraph 29 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

30.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies those allegations.

31.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies those allegations.

32.     Monsanto denies the allegations in paragraph 32.

33.     In response to the allegations in paragraph 33, Monsanto denies that any exposure to Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 and therefore denies those allegations.

34.     In response to the allegations in paragraph 34, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 34 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

35.     In response to the allegations in paragraph 35, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 35 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

36.     Monsanto denies the allegations in paragraph 36.

37.     In response to the allegations in paragraph 37, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 37 to the extent that they

1    suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

2    cancer.  Monsanto denies the remaining allegations in paragraph 37.

3           38.    Monsanto denies the allegations in paragraph 38.

4           39.    In response to the allegations in paragraph 39, Monsanto states that the cited

5    document speaks for itself and does not require a response.  To the extent that the allegations in

6    paragraph 39 go beyond a restatement of the cited document, Monsanto lacks information or

7    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 39

8    and therefore denies those allegations.

9           40.    Monsanto admits the allegations in paragraph 40.

10          41.    In response to the allegations in paragraph 41, Monsanto states that the cited

11   document speaks for itself and does not require a response.  To the extent that the allegations in

12   paragraph 41 go beyond a restatement of the cited document, Monsanto lacks information or

13   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 41

14   and therefore denies those allegations.  Monsanto further states that EPA repeatedly has

15   concluded that glyphosate does not pose any cancer risk to humans.  Monsanto states, that: (a) in

16   September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of

17   glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the

18   descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk

19   assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing

20   Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing

21   classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further

22

23   [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
23   document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in
24   anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic
     potential.

25   [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
     U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*
26   *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
     Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.
27
MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00415-VC

states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 41.

    42.    Monsanto states that the term "toxic" as used in paragraph 42 is vague and

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 42.

43.     Monsanto admits the allegations in paragraph 43.

44.     In response to the allegations in paragraph 44, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 44.

45.     In response to the allegations in paragraph 45, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 45 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 45.

46.     In response to the allegations in paragraph 46, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 47 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 47.

48.     Monsanto denies the allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 49 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 50 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 50.

51.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 51.

52.     Monsanto denies the allegations in paragraph 52.

53.     Monsanto denies the allegations in paragraph 53.

54.     Monsanto denies the allegations in paragraph 54.

55.     Monsanto denies the allegations in paragraph 55.

56.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 56.

57.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 and therefore denies those allegations.

58.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

59.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

60.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 60 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

61.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 61, Monsanto states that

the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 61 comprise attorney characterizations and are accordingly denied.

62.     In response to the allegations in paragraph 62, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 62 comprise attorney characterizations and are accordingly denied.

63.     In response to the allegations in paragraph 63, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 63 comprise attorney characterizations and are accordingly denied.

64.     Monsanto denies the allegations in paragraph 64.

65.     The allegations in paragraph 65 comprise attorney characterizations and are accordingly denied.

66.     Monsanto admits the allegations in paragraph 66.

67.     In response to the allegations in paragraph 67, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 85 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 67.

68.     In response to the allegations in paragraph 68, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 68.

69.     The allegations in paragraph 69 are vague and ambiguous and are accordingly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00415-VC

70.     In response to the allegations in paragraph 70, Monsanto states that the cited document speaks for itself and does not require a response.

71.     In response to the allegations in paragraph 71, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 71 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 71.

72.     Monsanto denies the allegations in paragraph 72.

73.     In response to the allegations in paragraph 73, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 73.

74.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 74.

75.     Monsanto denies the allegations in paragraph 75.

76.     Monsanto denies the allegations in paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto admits the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto admits the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

1      87.     Monsanto denies the allegations in paragraph 87.

2      88.     Monsanto denies the allegations in paragraph 88.

3      89.     Monsanto denies the allegations in paragraph 89.

4      90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 91.

92.     In response to the allegations in the first sentence of paragraph 92, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA-approved labeling.  Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling.  Monsanto denies the remaining allegations in paragraph 92.

93.     In response to the allegations in paragraph 93, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

94.     In response to the allegations in paragraph 94, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products.  Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto denies the allegations in paragraph 98.

1    99.    Monsanto denies the allegations in paragraph 99.

2    100.    Monsanto denies the allegations in paragraph 100.

3    101.    Monsanto denies the allegations in paragraph 101.

4    102.    Monsanto denies the allegations in paragraph 102.

5    103.    Monsanto denies the allegations in paragraph 103, including each of its subparts.

6    104.    Monsanto denies the allegations in paragraph 104.

7    105.    Monsanto denies the allegations in paragraph 105.

8    106.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 106 and therefore denies those allegations.

10    107.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11    truth of the allegations in paragraph 107 and therefore denies those allegations.

12    108.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13    truth of the allegations in paragraph 108 and therefore denies those allegations.

14    109.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15    truth of the allegations in paragraph 109 and therefore denies those allegations.

16    110.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17    truth of the allegations in paragraph 110 and therefore denies those allegations.

18    111.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

19    exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in

20    paragraph 111.  Monsanto states, however, that the scientific studies upon which IARC

21    purported to base its classification were all publicly available before March 2015.

22    112.    Monsanto denies the allegations in paragraph 112.

23    113.    Monsanto incorporates by reference its responses to paragraphs 1 through 110 in

23    response to paragraph 113 of the Complaint.

24    114.    Monsanto denies the allegations in the first two sentences of paragraph 114.  The

25    allegations in the last sentence of paragraph 114 do not require a response from Monsanto

26    because these allegations relate to a defendant other than Monsanto.

27

115.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in paragraph 115.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

116.     Monsanto denies the allegations in the first, third, and last sentences of paragraph 114.  The remaining allegations in paragraph 116 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto denies the remaining allegations in paragraph 116.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

117.     Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 117 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

118.     Monsanto incorporates by reference its responses to paragraphs 1 through 117 in response to paragraph 118 of the Complaint.

119.     The allegations in paragraph 119 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto denies the allegations of paragraph 119 as stated.

120.     Monsanto denies the allegations in paragraph 120.

121.     Monsanto denies the allegations in paragraph 121, including each of its subparts.

122.     Monsanto denies the allegations in paragraph 122.

123.     Monsanto denies the allegations in paragraph 123.

124.   Monsanto denies the allegations in paragraph 124, including each of its subparts.

125.   Monsanto denies the allegations in paragraph 125.

126.   Monsanto denies the allegations in paragraph 126.

127.   Monsanto denies the allegations in paragraph 127.

128.   Monsanto denies the allegations in paragraph 128.

In response to the allegations in the first sentence of the "WHEREFORE" paragraph following paragraph 128, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 128 sets forth a conclusion of law for which no response is required.

129.   Monsanto incorporates by reference its responses to paragraphs 1 through 128 in response to paragraph 129 of the Complaint.

130.   In response to the allegations in paragraph 130, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 130.

131.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 131 and therefore denies those allegations.

132.   Monsanto denies the allegations in paragraph 132.

133.   Monsanto denies the allegations in paragraph 133.

134.   Monsanto denies the allegations in paragraph 134.

135.   Monsanto denies the allegations in paragraph 135, including each of its subparts.

136.   Monsanto denies the allegations in paragraph 136.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00415-VC

137.   Monsanto denies that Roundup®-branded products have "dangerous characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 137 and therefore denies those allegations.

138.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 138 and therefore denies those allegations.

139.   Monsanto denies the allegations in paragraph 139.

140.   The allegations in paragraph 140 set forth conclusions of law for which no response is required.

141.   Monsanto denies the allegations in paragraph 141.

142.   Monsanto denies the allegations in paragraph 142.

143.   Monsanto denies the allegations in paragraph 143.

144.   Monsanto denies the allegations in paragraph 144.

145.   Monsanto denies the allegations in paragraph 145.

146.   Monsanto denies the allegations in paragraph 146.

147.   Monsanto denies the allegations in paragraph 147.

148.   Monsanto denies the allegations in paragraph 148.

149.   Monsanto denies the allegations in paragraph 149.

150.   Monsanto denies the allegations in paragraph 150.

In response to the allegations in the first sentence of the "WHEREFORE" paragraph following paragraph 150, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 150 sets forth a conclusion of law for which no response is required.

151.   Monsanto incorporates by reference its responses to paragraphs 1 through 150 in response to paragraph 151 of the Complaint.

152.    The allegations in paragraph 152 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto denies the allegations of paragraph 152.

153.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 153 and therefore denies those allegations.

154.    Monsanto denies the allegations in paragraph 154.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

155.    Monsanto denies the allegations in paragraph 155.

156.    Monsanto denies the allegations in paragraph 156.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

157.    Monsanto denies the allegations in paragraph 157.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

158.    Monsanto denies the allegations in paragraph 158.

159.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 159 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 159.

160.    The allegations in paragraph 160 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto denies the allegations in paragraph 160 as stated.

161.    Monsanto denies the allegations in paragraph 161.

162.    Monsanto denies the allegations in paragraph 162.

163.    Monsanto denies the allegations in paragraph 163.

164.    Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 164.

165.    The allegations in paragraph 165 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto denies the allegations in paragraph 165 as stated.

166.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 166 and therefore denies those allegations.

167.    Monsanto denies the allegations in paragraph 167.

168.    Monsanto denies the allegations in paragraph 168.

169.    Monsanto denies the allegations in paragraph 169.

170.    Monsanto denies the allegations in paragraph 170.

171.    Monsanto denies the allegations in paragraph 171.

In response to the allegations in the first sentence of the "WHEREFORE" paragraph following paragraph 171, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 171 sets forth a conclusion of law for which no response is required.

172.    Monsanto incorporates by reference its responses to paragraphs 1 through 171 in response to paragraph 172 of the Complaint.

173.    Monsanto denies the allegations in paragraph 173.

174.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 174 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 174 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the remaining allegations in paragraph 174.

175.     The allegations in paragraph 175 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the remaining allegations in paragraph 175.

176.     Monsanto denies the allegations in paragraph 176.

177.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 176 and therefore denies those allegations.

178.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 178 regarding plaintiff's reliance and therefore denies those allegations.  The remaining allegations in paragraph 178 set forth conclusions of law for which no response is required.

179.     Monsanto denies the allegations in paragraph 179.

180.     Monsanto denies the allegations in paragraph 180.

181.     Monsanto denies the allegations in paragraph 181.

In response to the allegations in the first sentence of the "WHEREFORE" paragraph following paragraph 181, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 181 sets forth a conclusion of law for which no response is required.

182.     Monsanto incorporates by reference its responses to paragraphs 1 through 181 in response to paragraph 182 of the Complaint.

183.     Monsanto denies the allegations in paragraph 183 and all subparts thereto.

In response to the allegations in the first sentence of the "WHEREFORE" paragraph following paragraph 183, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional

1   relief as this Court may deem just and proper.  The statement in the last sentence of the

2   "WHEREFORE" paragraph following paragraph 183 sets forth a conclusion of law for which no

3   response is required.

4          In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

5   denies that plaintiff is entitled to the relief sought therein, including any judgment for any

6   damages, interest, costs, or any other relief whatsoever.

7          184.    Monsanto denies the allegations in paragraph 184.

8          185.    Monsanto denies the allegations in paragraph 185.

9          186.    Monsanto denies the allegations in paragraph 186.

10         187.    Monsanto denies the allegations in paragraph 187.

11         188.    Monsanto denies the allegations in paragraph 188.

12         189.    Monsanto denies the allegations in paragraph 189.

13         190.    Monsanto denies the allegations in paragraph 190.

14         191.    Monsanto denies the allegations in paragraph 191.

15         192.    Monsanto denies the allegations in paragraph 192.

16         Every allegation in the Complaint that is not specifically and expressly admitted in this

17  Answer is hereby specifically and expressly denied.

18                    **SEPARATE AND AFFIRMATIVE DEFENSES**

19         1.      The Complaint, in whole or part, fails to state a claim or cause of action against

20  Monsanto upon which relief can be granted.

21         2.      Plaintiff's claims against Monsanto are barred because plaintiff cannot proffer any

22  scientifically reliable evidence that the products at issue were defective or unreasonably

23  dangerous.

23         3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted,

24  was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

25  plaintiff's alleged injuries.

26

27

4.      Plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.      Plaintiff's claims against Monsanto are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12. Applicable statutes of limitations and/or repose, or prescriptive periods bar plaintiff's claims in whole or in part.

13. Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14. If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15. Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16. Plaintiff's claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17. Plaintiff's claims against Monsanto for punitive, exemplary, and/or treble damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Louisiana Constitution, and/or other applicable state constitutions.

18. Plaintiff's claims against Monsanto for punitive, exemplary, and/or treble damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Louisiana law and/or other applicable state laws.

19. Plaintiff's claims for punitive, exemplary, and/or treble damages are barred and/or limited by operation of state and/or federal law, including La. Rev. Stat. § 9:2800.52, *et seq.*

20. Plaintiff's medical conditions were caused directly, solely, and proximately by medical conditions, sensitivities, and idiosyncrasies peculiar to him, which were unknown, unknowable, or not reasonably foreseeable to Monsanto.

21.     Plaintiffs' common law claims are barred, in whole or in part, by application of the La. Rev. Stat. Ann. § 9:2800.51 *et seq.*

22.     Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's contributory/comparative negligence.

23.     Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's failure to mitigate damages.

24.     Plaintiff's claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

25.     This case is governed by the exclusive provisions of the Louisiana Products Liability Act (La. R.S. 9:2800.51, *et seq.*) ("LPLA").  Any theories of recovery that fall outside of the LPLA's provisions are therefore subject to dismissal.

26.     Monsanto affirmatively pleads the applicability of the LPLA and specifically avers that plaintiffs are not entitled to recovery under any of the exclusive theories of liability set forth in the Act.

27.     Monsanto specifically avers that the product possessed no characteristic that rendered it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA (La. R.S. 9:2800.54).

28.     Monsanto asserts all allowable defenses under the LPLA, La. R.S. 9:2800.51, et seq., including but not limited to the applicability of La. R.S. 9:2800.59(A)(1), (2), (3), and (B).

29.     Should plaintiff recover under any claims under the LPLA, a recovery of attorney's fees for plaintiff is barred under the provisions of that statute.

30.     To the extent plaintiff's claims are based on conduct that pre-dates 1996, Louisiana's comparative negligence regime may not apply, and plaintiff's claims may be barred by contributory negligence.

31.     Plaintiff's claims for punitive damages are barred under Louisiana Civil Code Article 3546.

32.     Monsanto has no liability to plaintiff under any theory of redhibition to the extent that plaintiff failed to tender any product allegedly sold by Monsanto that allegedly contained a redhibitory defect and has not made an amicable demand upon Monsanto.

33.     Monsanto has no liability to plaintiff under any theory of redhibition to the extent that plaintiff has waived plaintiff's redhibition rights.

34.     To the extent plaintiff's claims are based on conduct that pre-dates 1989, plaintiff's claims under the LPLA may be barred.

35.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

36.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

37.     Plaintiff's claims against Monsanto are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

38.     Plaintiff's claims against Monsanto are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

39.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

40.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## <u>JURY TRIAL DEMAND</u>

Monsanto demands a jury trial on all issues so triable.

1

2   DATED:  June 1, 2020                    Respectfully submitted,

3                                           /s/ Joe G. Hollingsworth
                                            Joe G. Hollingsworth (*pro hac vice*)
4                                           (jhollingsworth@hollingsworthllp.com)
                                            Eric G. Lasker (*pro hac vice*)
5                                           (elasker@hollingsworthllp.com)
                                            HOLLINGSWORTH LLP
6                                           1350 I Street, N.W.
                                            Washington, DC  20005
7                                           Telephone:   (202) 898-5800
                                            Facsimile:   (202) 682-1639
8
                                            *Attorneys for Defendant*
9                                           MONSANTO COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

23

24

25

26

27

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-00415-VC