**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Linda Tiddark and Richard Tiddark, individually, as next of kin for Timothy John Tiddark, deceased v. Monsanto Co. and John Does 1 through 100 inclusive,* Case No. 3:20-cv-03060-VC | |

### <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint ("the Complaint"), except as set forth below. Additionally, to the extent plaintiffs' allegations are directed towards both Monsanto and the collective "John Doe" co-defendants, Monsanto only purports to answer plaintiffs' allegations as to Monsanto and not as to the co-defendants.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1    1.    Monsanto admits that plaintiffs purport to bring an action for damages allegedly

2 related to exposure to Roundup®-branded products but denies any liability to plaintiffs.

3 Monsanto denies the remaining allegations in paragraph 1.

4    2.    Monsanto denies the allegations in paragraph 2.

5    3.    Monsanto denies the allegations in paragraph 3.

6    4.    The allegations in paragraph 4 set forth conclusions of law for which no response

7 is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

8 paragraph 4 based upon the allegations in plaintiffs' Complaint.

9    5.    Monsanto admits the allegations in paragraph 5.

10    6.    The allegations in paragraph 6 set forth conclusions of law for which no response

11 is required.

12    7.    The allegations in paragraph 7 set forth conclusions of law for which no response

13 is required.

14    8.    The allegations in the first sentence of paragraph 8 set forth conclusions of law for

15 which no response is required.  In response to the allegations in the final sentence of paragraph 8,

16 Monsanto denies certain events giving rise to plaintiffs's claims and Monsanto lacks information

17 or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain

18 other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

19    9.    Monsanto admits that the Judicial Panel on Multidistrict Litigation ordered that

20 federal court lawsuits filed by plaintiffs alleging that Roundup®-branded products caused them to

21 develop non-Hodgkin's lymphoma ("NHL") be transferred to this Court for coordinated or

22 consolidated pretrial proceedings.  *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 2016 WL

23 5845994 (J.P.M.L. Oct. 3, 2016).  Monsanto denies the remaining allegations in paragraph 9.

24    10.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25 truth of the allegations in paragraph 10 and therefore denies those allegations.

26    11.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27 truth of the allegations in the first sentence of paragraph 11 and therefore denies those

28 allegations.  Monsanto denies the remaining allegations in paragraph 11.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-03060-VC

12.     In response to the allegations in paragraph 12, Monsanto admits that plaintiffs purport to seek damages for a survival action but denies any liability on those claims.

13.     In response to the allegations in paragraph 13, Monsanto admits that it is a Delaware corporation with its principal place of business in St. Louis County, Missouri.

14.     The allegations in paragraph 14 are not directed at Monsanto and therefore no answer is required.  To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 14.

15.     Monsanto denies the allegations in paragraph 15.

16.     In response to the allegations in paragraph 16, Monsanto denies that any injuries alleged in the Complaint, including the injury and death of  decedent, were caused by Roundup®-branded products.  The remaining allegations in paragraph 16 contain legal conclusions to which no response is required.  To the extent that a response is required, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies those allegations.

17.     In response to the allegations in paragraph 17, Monsanto admits that plaintiffs purport to seek damages for a survival action but denies any liability on those claims.

18.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies those allegations.

19.     In response to the allegations in paragraph 19, Monsanto states that the cited document speaks for itself and does not require a response.

20.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 20 and therefore denies those allegations.  In response to the allegations in the second sentence of paragraph 20, Monsanto states that the cited document speaks for itself and does not require a response.

21.     Monsanto admits the allegations in paragraph 21.

22.     Monsanto admits the allegations in paragraph 22 but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

23.     The allegations in paragraph 23 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

24.     In response to the allegations in paragraph 24, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware. Monsanto admits that it and affiliated companies have operations and offices in countries around the world.  Monsanto admits that it is a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 24.  Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 24 and therefore denies those allegations.

25.     In response to the allegations in paragraph 25, Monsanto admits that its glyphosate products are registered in at least 130 countries and approved for use on over 100 different crops.  Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media. Monsanto denies the remaining allegations in paragraph 25.

26.     Monsanto admits the allegations in the first sentence of paragraph 26.  Monsanto denies the allegations in the second sentence of paragraph 26 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

27.     Monsanto admits the allegations in the first sentence of paragraph 27.  Monsanto denies the allegations in the second sentence of paragraph 27.

28.     In response to the allegations in paragraph 28, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 28.

29.     Monsanto denies the allegations in paragraph 29.

30.     In response to the allegations in paragraph 30, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.  To the extent that paragraph 30 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

31.     In response to the allegations in paragraph 31, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 31 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies those allegations.

32.     Monsanto generally admits the allegations in the first sentence of paragraph 32, but denies the allegations in the first sentence of paragraph 32 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA. Monsanto denies the allegations in the second sentence of paragraph 32 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.  Monsanto denies the allegations in the third sentence of paragraph 32 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

33.     In response to the allegations in paragraph 33, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 33.

- 5 -

34.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 34.

35.     Monsanto admits the allegations in the first two sentences of paragraph 35 and admits that at all relevant times it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA.  Monsanto denies the remaining allegations in paragraph 35.

36.     The allegations in paragraph 36 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 36.

37.     In response to the allegations in paragraph 37, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 37 set forth conclusions of law for which no response is required.

38.     The allegations in paragraph 38 set forth conclusions of law for which no response is required.

39.     In response to the allegations in paragraph 39, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution United States.

40.     In response to the allegations in paragraph 40, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 40 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 40 set forth conclusions of law for which no answer is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-03060-VC

41.     Monsanto denies the allegations in paragraph 41 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 41 set forth conclusions of law for which no response is required.

42.     In response to the allegations in paragraph 42, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

1   humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

2   of the remaining allegations in paragraph 42 and therefore denies those allegations.

3          43.     In response to the allegations in paragraph 43, Monsanto admits that the New

4   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

5   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

6   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

7   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

8   the subparts purport to quote a document, the document speaks for itself and thus does not

9   require any further answer.  The remaining allegations in paragraph 43 are vague and conclusory

10  and comprise attorney characterizations and are accordingly denied.

11         44.     In response to the allegations in paragraph 44, Monsanto admits it entered into an

12  assurance of discontinuance with the New York Attorney General.  The assurance speaks for

13  itself and thus does not require any further answer.  The remaining allegations in paragraph 44

14  are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15         45.     Monsanto denies the allegations in paragraph 45.

16         46.     In response to the allegations in paragraph 46, Monsanto admits that the French

17  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

18  that it "left the soil clean," but denies the allegations in paragraph 46 to the extent that they

19  suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

20  cancer.  Monsanto denies the remaining allegations in paragraph 46.

21         47.     Monsanto denies the allegations in paragraph 47.

22         48.     In response to the allegations in paragraph 48, Monsanto admits that an EPA

23  review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

24  changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

25  evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits

26
27  [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

28

that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 48.

49.    Monsanto states that the term "toxic" as used in paragraph 49 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 49.

50.    Monsanto admits the allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 52 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 54 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 54.

55.     Monsanto denies the allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 56 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 57 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 57.

58.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 58.

59.     Monsanto denies the allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60.

1    61.    Monsanto denies the allegations in paragraph 61.

2    62.    Monsanto denies the allegations in paragraph 62.

3    63.    Monsanto admits that it has in the past promoted, and continues to promote,

4    Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

5    Monsanto denies the remaining allegations in paragraph 63.

6    64.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies

8    that glyphosate met the criteria necessary to be eligible for review.

9    65.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in paragraph 65 and therefore denies those allegations.  Monsanto denies

11   that glyphosate met the criteria necessary to be eligible for review.

12   66.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

13   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

14   evidence was "cumulative."  The remaining allegations in paragraph 66 are vague and

15   conclusory and comprise attorney characterizations and are accordingly denied.

16   67.    Monsanto admits that the full IARC Monograph regarding glyphosate was

17   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

18   2A carcinogen.  In response to the remaining allegations in paragraph 67, Monsanto states that

19   the document speaks for itself and does not require a response.  To the extent that a response is

20   deemed required, the remaining allegations in paragraph 67 comprise attorney characterizations

21   and are accordingly denied.

22   68.    In response to the allegations in paragraph 68, Monsanto states that the document

23   speaks for itself and does not require a response.  To the extent that a response is deemed

24   required, the allegations in paragraph 67 comprise attorney characterizations and are accordingly

25   denied.

26   69.    In response to the allegations in paragraph 69, Monsanto states that the document

27   speaks for itself and does not require a response.  To the extent that a response is deemed

28

- 11 -

1    required, the allegations in paragraph 69 comprise attorney characterizations and are accordingly

2    denied.

3        70.    Monsanto denies the allegations in paragraph 70.

4        71.    The allegations in paragraph 71 comprise attorney characterizations and are

5    accordingly denied.

6        72.    Monsanto admits the allegations in paragraph 72.

7        73.    In response to the allegations in paragraph 73, Monsanto states that the cited

8    document speaks for itself and does not require a response.  To the extent that paragraph 73

9    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

10   paragraph 73.

11       74.    In response to the allegations in the first sentence of paragraph 74, Monsanto

12   admits that certain studies have reported that glyphosate and glyphosate-based formulations

13   induced oxidative stress under artificial experimental conditions.  Monsanto denies that these

14   studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce

15   oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies

16   the remaining allegations in the first sentence of paragraph 74. The allegations in the second

17   sentence in paragraph 74 are vague and ambiguous and are accordingly denied. In response to

18   the allegations in the last sentence of paragraph 74, Monsanto states that the cited document

19   speaks for itself and does not require a response.

20       75.    In response to the allegations in paragraph 75, Monsanto states that the cited

21   document speaks for itself and does not require a response.  To the extent that paragraph 75

22   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

23   paragraph 75.

24       76.    Monsanto denies the allegations in paragraph 76.

25       77.    In response to the allegations in paragraph 77, Monsanto states that the cited

26   document speaks for itself and does not require a response.  Monsanto otherwise denies the

27   allegations in paragraph 77.

28

78.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto admits the allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto admits the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     In response to the allegations in paragraph 95, Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 95.

96.     In response to the allegations in paragraph 96, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

1    the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

2    96.

3           97.     Monsanto denies the allegations in paragraph 97.

4           98.     Monsanto denies the allegations in paragraph 98.

5           99.     Monsanto denies the allegations in paragraph 99.

6           100.    Monsanto denies the allegations in paragraph 100.

7           101.    Monsanto denies the allegations in paragraph 101.

8           102.    Monsanto denies the allegations in paragraph 102.

9           103.    Monsanto denies the allegations in paragraph 103.

10          104.    Monsanto denies the allegations in paragraph 104.

11          105.    Monsanto denies the allegations in paragraph 105.

12          106.    Monsanto denies the allegations in paragraph 106.

13          107.    Monsanto denies the allegations in paragraph 107.

14          108.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations in paragraph 108 and therefore denies those allegations.

16          109.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in paragraph 109 and therefore denies those allegations.

18          110.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 110 and therefore denies those allegations.

20          111.    Monsanto denies the allegations in paragraph 111.

21          112.    Monsanto incorporates by reference its responses to paragraphs 1 through 111 in

22   response to paragraph 112 of plaintiffs' Complaint.

23          113.    Monsanto denies the allegations in paragraph 113 that exposure to Roundup®-

24   branded products and glyphosate exposed decedent to risk of decedent's alleged cancers and

25   denies that exposure to Roundup®-branded products did or could have caused decedent's alleged

26   cancers.  Monsanto states, however, that the scientific studies upon which IARC purported to

27   base its classification were all publicly available before March 2015.  The remaining allegations

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-03060-VC

1    in paragraph 113 set forth conclusions of law for which no response is required or consist of

2    attorney characterizations and are accordingly denied.

3          114.    Monsanto denies the allegation in paragraph 114 that exposure to Roundup®-

4    branded products and glyphosate exposed decedent to risk of decedent's alleged cancers.

5    Monsanto states, however, that the scientific studies upon which IARC purported to base its

6    classification were all publicly available before March 2015.  The remaining allegations in

7    paragraph 114 set forth conclusions of law for which no response is required or consist of

8    attorney characterizations and are accordingly denied.

9          115.    Monsanto denies the allegations in paragraph 115 that exposure to Roundup®-

10   branded products and glyphosate exposed decedent to risk of decedent's alleged cancers  and

11   denies that exposure to Roundup®-branded products did or could have caused decedent's alleged

12   cancers.  Monsanto states, however, that the scientific studies upon which IARC purported to

13   base its classification were all publicly available before March 2015.  The remaining allegations

14   in paragraph 115 set forth conclusions of law for which no response is required, consist of

15   attorney characterizations and are accordingly denied, or comprise allegations for which

16   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

17   allegations asserted and therefore denies those allegations.

18         116.    Monsanto denies the allegations in paragraph 116.

19         117.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

20   exposed decedent to risk of decedent's alleged cancer and denies the remaining allegations in

21   paragraph 117.  Monsanto states, however, that the scientific studies upon which IARC

22   purported to base its classification were all publicly available before March 2015.

23         118.    Monsanto denies the allegations in the first and last sentences of paragraph 118.

24   The remaining allegations in paragraph 118 set forth conclusions of law for which no response is

25   required.  Monsanto states, however, that the scientific studies upon which IARC purported to

26   base its classification were all publicly available before March 2015.

27         119.    In response to the allegations in paragraph 119, Monsanto denies that there is any

28   risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-

branded products and glyphosate.  The remaining allegations in paragraph 119 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.  Monsanto states, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

120.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 120 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

121.    Monsanto incorporates by reference its responses to paragraphs 1 through 120 in response to paragraph 121 of plaintiffs' Complaint.

122.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 122 and therefore denies those allegations.

123.    The allegations in paragraph 123 set forth conclusions of law for which no response is required.

124.    Monsanto denies the allegations in paragraph 124.

125.    Monsanto denies the allegations in paragraph 125, including each of its subparts.

126.    Monsanto denies the allegations in paragraph 126.

127.    Monsanto denies the allegations in paragraph 127.

128.    Monsanto denies the allegations in paragraph 128, including each of its subparts.

129.    Monsanto denies the allegations in paragraph 129.

130.    Monsanto denies the allegations in paragraph 130.

131.    Monsanto denies the allegations in paragraph 131.

1      132.    Monsanto denies the allegations in paragraph 132.

2      133.    Monsanto denies the allegations in paragraph 133.

3      134.    In response to allegations in the first sentence of paragraph 134, Monsanto

4    demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

5    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

6    fees as allowed by law and such further and additional relief as this Court may deem just and

7    proper.  The statement in the last sentence of paragraph 134 sets forth a conclusion of law for

8    which no response is required.

9      135.    Monsanto incorporates by reference its responses to paragraphs 1 through 134 in

10    response to paragraph 135 of plaintiffs' Complaint.

11      136.    In response to the allegations in paragraph 136, Monsanto lacks information or

12    knowledge sufficient to form a belief as to the truth of the allegations that decedent used or was

13    exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies

14    the remaining allegations in paragraph 136.

15      137.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16    truth of the allegations in paragraph 137 and therefore denies those allegations.

17      138.    Monsanto denies the allegations in paragraph 138.

18      139.    Monsanto denies the allegations in paragraph 139.

19      140.    Monsanto denies the allegations in paragraph 140.

20      141.    Monsanto denies the allegations in paragraph 141, including each of its subparts.

21      142.    Monsanto denies the allegations in paragraph 142.

22      143.    Monsanto denies that Roundup®-branded products have "dangerous

23    characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

24    truth of the remaining allegations in paragraph 143 and therefore denies those allegations.

25      144.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26    truth of the allegations in paragraph 144 and therefore denies those allegations.

27      145.    Monsanto denies the allegations in paragraph 145.

28

146.     The allegations in paragraph 146 set forth conclusions of law for which no response is required.

147.     Monsanto denies the allegations in paragraph 147.

148.     Monsanto denies the allegations in paragraph 148.

149.     Monsanto denies the allegations in paragraph 149.

150.     Monsanto denies the allegations in paragraph 150.

151.     Monsanto denies the allegations in paragraph 151.

152.     Monsanto denies the allegations in paragraph 152.

153.     Monsanto denies the allegations in paragraph 153.

154.     Monsanto denies the allegations in paragraph 154.

155.     Monsanto denies the allegations in paragraph 155.

156.     Monsanto denies the allegations in paragraph 156.

157.     Monsanto denies the allegtions in paragraph 157.

158.     In response to allegations in the first sentence of paragraph 158, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 158 sets forth a conclusion of law for which no response is required.

159.     Monsanto incorporates by reference its responses to paragraphs 1 through 158 in response to paragraph 159 of plaintiffs' Complaint.

160.     The allegations in paragraph 160 set forth conclusions of law for which no response is required.

161.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 161 and therefore denies those allegations.

162.     Monsanto denies the allegations in paragraph 162.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

1      163.    Monsanto denies the allegations in paragraph 163.

2      164.    Monsanto denies the allegations in paragraph 164.  All labeling of Roundup®-

3      branded products has been and remains EPA-approved and in compliance with all federal

4      requirements under FIFRA.

5      165.    Monsanto denies the allegations in paragraph 165.  All labeling of Roundup®-

6      branded products has been and remains EPA-approved and in compliance with all federal

7      requirements under FIFRA.

8      166.    Monsanto denies the allegations in paragraph 166.

9      167.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10     truth of the allegations regarding decedent's use history in paragraph 167 and therefore denies

11     those allegations.  Monsanto denies the remaining allegations in paragraph 167.

12     168.    The allegations in paragraph 168 set forth conclusions of law for which no

13     response is required.

14     169.    Monsanto denies the allegations in paragraph 169.

15     170.    Monsanto denies the allegations in paragraph 170.

16     171.    Monsanto denies the allegations in paragraph 171.

17     172.    Monsanto denies the allegations that Roundup®-branded products are defective

18     and accordingly denies the allegations in paragraph 172.

19     173.    The allegations in paragraph 173 set forth conclusions of law for which no

20     response is required.

21     174.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22     truth of the allegations in paragraph 174 and therefore denies those allegations.

23     175.    Monsanto denies the allegations in paragraph 175.

24     176.    Monsanto denies the allegations in paragraph 176.

25     177.    Monsanto denies the allegations in paragraph 177.

26     178.    Monsanto denies the allegations in paragraph 178.

27     179.    Monsanto denies the allegations in paragraph 179.

28     180.    Monsanto denies the allegations in paragraph 180.

181.    In response to allegations in the first sentence of paragraph 181, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 181 sets forth a conclusion of law for which no response is required.

182.    Monsanto incorporates by reference its responses to paragraphs 1 through 181 in response to paragraph 182 of plaintiffs' Complaint.

183.    Monsanto denies the allegations in paragraph 183.

184.    The allegations in paragraph 184 and each of its subparts set forth conclusions of law for which no response is required.

185.    In response to the allegations in paragraph 185, Monsanto denies that it has failed to properly disclose risks associated with Roundup®-branded products.  The remaining allegations in paragraph 185 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

186.    In response to the allegations in paragraph 186, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further states that paragraph 186 sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 186.

187.    Monsanto denies the allegations in the first and second sentences of paragraph 187.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence of paragraph 187 sets forth conclusions of law for which no response is required.

188.    The allegations in paragraph 188 set forth conclusions of law for which no response is required.

189.    Monsanto denies the allegations in paragraph 189.

190.    Monsanto denies the allegations in paragraph 190 and each of its subparts.

- 20 -

191.    Monsanto states that the allegation in paragraph 191 that Monsanto made an express warranty sets forth a legal conclusion for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 191 and therefore denies those allegations.

192.    Monsanto denies the allegations in paragraph 192.

193.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 193 regarding decedent's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 193.

194.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 194 and therefore denies those allegations.

195.    Monsanto denies the allegations in paragraph 195.

196.    Monsanto denies the allegations in paragraph 196.

197.    Monsanto denies the allegations in paragraph 197.

198.    Monsanto denies the allegations in paragraph 198.

199.    Monsanto denies the allegtions in paragraph 199.

200.    In response to the allegations in the first sentence of paragraph 200, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 200 sets forth a conclusion of law for which no response is required.

201.    Monsanto incorporates by reference its responses to paragraphs 1 through 200 in response to paragraph 201 of plaintiffs' Complaint.

202.    Monsanto denies the allegations in paragraph 202.

203.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 203 concerning the decedent's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 203 set forth conclusions of law for which no response is required.

204.	The allegations in paragraph 204 set forth conclusions of law for which no response is required.

205.	Monsanto denies the allegations in paragraph 205.

206.	The allegation in paragraph 206 regarding a purported implied warranty sets forth a conclusion of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 206 and therefore denies those allegations.

207.	Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 207 concerning the condition of any Roundup®-branded product allegedly used by decedent or about decedent's alleged uses of such product and therefore denies the allegations in paragraph 207.

208.	Monsanto denies the allegations in paragraph 208.

209.	Monsanto denies the allegations in paragraph 209.

210.	Monsanto denies the allegations in paragraph 210.

211.	Monsanto denies the allegations in paragraph 211.

212.	In response to the allegations in the first sentence of paragraph 212, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 212 sets forth a conclusion of law for which no response is required.

213.	Monsanto incorporates by reference its responses to paragraphs 1 through 212 in response to paragraph 213 of plaintiffs' Complaint.

214.	Monsanto denies the allegations in paragraph 214.

215.	Monsanto denies the allegations in paragraph 215. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

216.     Monsanto denies the allegations in paragraph 216.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

217.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 217 regarding decedent's knowledge or reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 217.

218.     Monsanto denies the allegations in paragraph 218.

219.     Monsanto denies the allegations in paragraph 219.

220.     Monsanto denies the allegations in paragraph 220.

221.     Monsanto denies the allegations in paragraph 221.

222.     Monsanto denies the allegations in paragraph 222.

223.     Monsanto denies the allegations in paragraph 223.

224.     In response to the allegations in the first sentence of paragraph 224, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 224 sets forth a conclusion of law for which no response is required.

225.     Monsanto incorporates by reference its responses to paragraphs 1 through 224 in response to paragraph 225 of plaintiffs' Complaint.

226.     Monsanto denies the allegations in paragraph 226.

227.     Monsanto denies the allegations in paragraph 227.

228.     Monsanto denies the allegations in paragraph 228.

229.     Monsanto denies the allegations in paragraph 229.

230.     Monsanto denies the allegations in paragraph 230.

231.     Monsanto denies the allegations in paragraph 231.

232.     Monsanto denies the allegations in paragraph 232.

233.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 233 regarding decedent's actions, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 233.

234.    Monsanto denies the allegations in paragraph 234.

235.    Monsanto denies the allegations in paragraph 235.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

236.    Monsanto denies the allegations in paragraph 236.

237.    Monsanto denies the allegations in paragraph 237.

238.    In response to the allegations in the first sentence of paragraph 238 Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 238 sets forth a conclusion of law for which no response is required.

239.    The allegations in paragraph 239 set forth conclusions of law for which no response is required.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.    Venue may be inconvenient for plaintiffs' claims.

3.    Plaintiffs' claims against Monsanto are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of decedent's alleged injuries.

5.    Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.    Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.    Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

8.    Plaintiffs' claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.    Plaintiffs' claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.    Plaintiffs' claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.    Plaintiffs' claims against Monsanto are barred, in whole or in part, because decedent's injuries, if any, were the result of conduct of decedent, independent third parties,

and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

12.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

13.   Applicable statutes of limitations and/or repose bar plaintiffs' claims against Monsanto in whole or in part.

14.   Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims against Monsanto in whole or in part.

15.   If decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' and/or decedent's alleged injuries or damages.

16.   Monsanto had no legal relationship or privity with decedent and owed no duty to decedent by which liability could be attributed to it.

17.   Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs and/or decedent.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

18.   Plaintiffs' claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.   Plaintiffs' claims against Monsanto for punitive, exemplary, and/or treble damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Missouri Constitution, the Oklahoma Constitution, and/or other applicable state constitutions.

20.  Plaintiffs' claims against Monsanto for punitive, exemplary, and/or treble damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Missouri law, Oklahoma law and/or other applicable state laws.

21.  Plaintiffs' claims against Monsanto for punitive, exemplary, and/or treble damages are barred and/or limited by operation of state and/or federal law, including Missouri Revised Statute § 510.265.1.

22.  Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiffs and/or decedent, and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiffs have failed to clearly establish any entitlement to punitive, exemplary, and/or treble damages based on plaintiffs' allegations.

23.  Plaintiffs' claims against Monsanto are barred in whole or in part by decedent's contributory/comparative negligence.

24.  Plaintiffs' claims against Monsanto are barred in whole or in part by decedent's failure to mitigate damages.

25.  Plaintiffs' claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

26.  To the extent that plaintiffs recovered payments for plaintiffs' and/or decedent's alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute §§ 490.710, 490.715.

27.  If plaintiffs and/or decedent have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

28.  Plaintiffs' claims against Monsanto are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

29.  Plaintiffs' claims against Monsanto are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

30.  Plaintiffs have failed to allege fraud with sufficient particularity.

31.  Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED: June 3, 2020                                    Respectfully submitted,


/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:    (202) 898-5800
Facsimile:    (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-03060-VC