**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Estate of Charlotte Lord, by and through her representative John M. Cole, and John Cole, surviving spouse of Charlotte Lord on behalf of all legal heirs of Charlotte Lord v. Monsanto Co.,* Case No. 3:20-cv-03071 | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in the First Amended Complaint and Jury Demand ("the Complaint"), filed by John Cole on behalf of decedent Charlotte Lord, except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Although many paragraphs in the Complaint allege exposure or use of Monsanto products by "Plaintiff," Monsanto nevertheless responds to the allegations in those paragraphs as if they refer to decedent Charlotte Lord.  Silence as to any allegations shall constitute a denial.

- 1 -

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiff's Complaint.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.      In response to the allegations in paragraph 8 Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations. The remaining allegations in paragraph 8 set forth conclusions of law for which no response is required.

9.      The allegations in paragraph 9 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies that it is subject to general personal jurisdiction in the Commonwealth of Massachusetts regarding plaintiff's

10.      The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.      In response to the allegations in the fifth sentence of paragraph 11, Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the allegations in the last sentence of paragraph 11.  Monsanto lacks information or knowledge sufficient to

form a belief as to the truth of the allegations in the remaining sentences of paragraph 11 and therefore denies those allegations.

12.     The allegations in paragraph 12 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

13.     Monsanto admits the allegations in paragraph 13.

14.     The allegations in paragraph 14 comprise attorney characterizations and are accordingly denied.

15.     In response to the allegations in paragraph 15, Monsanto admits that it sells Roundup®-branded products in the Commonwealth of Massachusetts.

16.     The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     The allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     The allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19.     Monsanto admits the allegations in paragraph 19.

20.     Monsanto admits that it is authorized to do business in Massachusetts.  The remaining allegations in paragraph 20 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

21.     The allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     Monsanto denies the allegations in paragraph 22.

23.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 23 set forth conclusions of law for which no response is required.

24.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 24 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

25.     Monsanto admits the allegations in paragraph 25.

26.     Monsanto admits the allegations in paragraph 26.

27.     In response to the allegations in paragraph 27, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 27 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

28.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 28 comprise attorney characterizations and are accordingly denied.

29.     Monsanto admits the allegations in paragraph 29.

30.     Monsanto generally admits the allegations in paragraph 30, but denies the allegations in paragraph 30 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

31.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies those allegations.

32.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 32 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 32.

33.     Monsanto admits the allegations in paragraph 33.

34.     In response to the allegations in  paragraph 34, Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 34.

35.     The allegations in paragraph 35 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 35.

36.     In response to the allegations in paragraph 36, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 36 set forth conclusions of law for which no response is required.

37.     The allegations in paragraph 37 set forth conclusions of law for which no response is required.

38.     In response to the allegations in paragraph 38, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution in the United States and are registered by the the Commonwealth of Massachusetts for sale and distribution.

39.     In response to the allegations in paragraph 39, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 39 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 39 set forth conclusions of law for which no answer is required.

40.     Monsanto denies the allegations in paragraph 40 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration.

1   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

2   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

3   of the allegations in paragraph 40 regarding such pesticide products generally and therefore

4   denies those allegations.  The remaining allegations in paragraph 40 set forth conclusions of law

5   for which no response is required.

6       41.   In response to the allegations in paragraph 41, Monsanto admits that EPA has

7   undertaken a regulatory review of glyphosate and further admits that EPA has not released its

8   findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

9   Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

10   concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

11   humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

12   posted an October 2015 final report by its standing Cancer Assessment Review Committee

13   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

14   to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

15   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

16   the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

17   humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

18   of the remaining allegations in paragraph 41 and therefore denies those allegations.

19       42.   In response to the allegations in paragraph 42, Monsanto admits that the New

20   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

21

22   [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in

23   anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic

24   potential.

25   [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final

26   Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

27   [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03071 VC

1   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

2   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

3   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

4   the subparts purport to quote a document, the document speaks for itself and thus does not

5   require any further answer.  The remaining allegations in paragraph 42 are vague and conclusory

6   and comprise attorney characterizations and are accordingly denied.

7           43.    In response to the allegations in paragraph 43, Monsanto admits it entered into an

8   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

9   itself and thus does not require any further answer.  The remaining allegations in paragraph 43

10   are vague and conclusory and comprise attorney characterizations and are accordingly denied.

11          44.    Monsanto denies the allegations in paragraph 44.

12          45.    In response to the allegations in paragraph 45, Monsanto admits that the French

13   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

14   that it "left the soil clean," but denies the allegations in paragraph 45 to the extent that they

15   suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

16   cancer.  Monsanto denies the remaining allegations in paragraph 45.

17          46.    Monsanto denies the allegations in paragraph 46.

18          47.    In response to the allegations in paragraph 47, Monsanto states that the cited

19   document speaks for itself and does not require a response.  To the extent that the allegations in

20   paragraph 47 go beyond a restatement of the cited document, Monsanto lacks information or

21   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47

22   and therefore denies those allegations.

23          48.    Monsanto admits the allegations in paragraph 48.

24          49.    In response to the allegations in paragraph 49, Monsanto states that the cited the

25   document speaks for itself and does not require a response.  To the extent that the allegations in

26   paragraph 49 go beyond a restatement of the cited document, Monsanto lacks information or

27   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 49

28   and therefore denies those allegations.

50.     Monsanto states that the term "toxic" as used in paragraph 50 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 50.

51.     Monsanto admits the allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 53 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56.     Monsanto denies the allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 57 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 58 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 58.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03071 VC

59.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60.

61.     Monsanto denies the allegations in paragraph 61.

62.     Monsanto denies the allegations in paragraph 62.

63.     Monsanto denies the allegations in paragraph 63.

64.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 64.

65.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 65 and therefore denies those allegations.

66.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

67.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

68.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 68 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

69.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 69, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is

1   deemed required, the remaining allegations in paragraph 69 comprise attorney characterizations

2   and are accordingly denied.

3        70.     In response to the allegations in paragraph 70, Monsanto states that the document

4   speaks for itself and does not require a response.  To the extent that a response is deemed

5   required, the allegations in paragraph 70 comprise attorney characterizations and are accordingly

6   denied.

7        71.     In response to the allegations in paragraph 71, Monsanto states that the document

8   speaks for itself and does not require a response.  To the extent that a response is deemed

9   required, the allegations in paragraph 71 comprise attorney characterizations and are accordingly

10   denied.

11        72.     Monsanto denies the allegations in paragraph 72.

12        73.     The allegations in paragraph 73 comprise attorney characterizations and are

13   accordingly denied.

14        74.     Monsanto admits the allegations in paragraph 74.

15        75.     In response to the allegations in paragraph 75, Monsanto states that the cited

16   document speaks for itself and does not require a response.  To the extent that paragraph 75

17   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

18   paragraph 75.

19        76.     In response to the allegations in paragraph 76, Monsanto admits that certain

20   studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

21   under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

22   evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

23   animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

24   paragraph 76.

25        77.     The allegations in paragraph 77 are vague and ambiguous and are accordingly

26   denied.

27        78.     In response to the allegations in paragraph 78, Monsanto states that the cited

28   document speaks for itself and does not require a response.

1
    79.     In response to the allegations in paragraph 79, Monsanto states that the cited

2
document speaks for itself and does not require a response.  To the extent that paragraph 79

3
characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

4
paragraph 79.

5
    80.     Monsanto denies the allegations in paragraph 80.

6
    81.     In response to the allegations in paragraph 81, Monsanto states that the cited

7
document speaks for itself and does not require a response.  Monsanto otherwise denies the

8
allegations in paragraph 81.

9
    82.     Monsanto admits that there is no reliable evidence that Roundup®-branded

10
products are genotoxic and that regulatory authorities and independent experts agree that

11
Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

12
paragraph 82.

13
    83.     Monsanto denies the allegations in paragraph 83.

14
    84.     Monsanto denies the allegations in paragraph 84.

15
    85.     Monsanto denies the allegations in paragraph 85.

16
    86.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

17
exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 86.

18
    87.     Monsanto denies the allegations in paragraph 87.

19
    88.     Monsanto denies the allegations in paragraph 88.

20
    89.     Monsanto admits the allegations in paragraph 89.

21
    90.     Monsanto denies the allegations in paragraph 90.

22
    91.     Monsanto admits the allegations in paragraph 91.

23
    92.     Monsanto denies the allegations in paragraph 92.

24
    93.     Monsanto denies the allegations in paragraph 93.

25
    94.     Monsanto denies the allegations in paragraph 94.

26
    95.     Monsanto denies the allegations in paragraph 95.

27
    96.     Monsanto denies the allegations in paragraph 96.

28
    97.     Monsanto denies the allegations in paragraph 97.

1    98.    Monsanto denies the allegations in paragraph 98.

2    99.    Monsanto admits that independent experts and regulatory agencies agree that

3    there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

4    products and admits that it has made statements reflecting this fact.  Monsanto denies the

5    remaining allegations in paragraph 99.

6    100.    In response to the allegations in paragraph 100, Monsanto admits that Roundup®-

7    branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

8    the product's EPA approved labeling, Monsanto otherwise denies the allegations in paragraph

9    100.

10    101.    In response to the allegations in paragraph 101, Monsanto admits that an EPA

11    review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

12    denies the remaining allegations in paragraph 101.

13    102.    In response to the allegations in paragraph 102, Monsanto admits that EPA

14    changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

15    evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

16    denies the remaining allegations in paragraph 102.

17    103.    In response to the allegations in paragraph 103, Monsanto admits that plaintiff has

18    accurately quoted from one passage in an EPA document in 1991 with respect to the designation

19    of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not

20    pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and

21    the EPA CARC Final Report discussed above, other specific findings of safety include:

22    • "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
23    evidence of non-carcinogenicity for humans—based on the lack of convincing
       evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration*
       *Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
24    http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

25    • "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
       60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

26
27    • "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
       Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03071 VC

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 103.

104.    In response to the allegations in paragraph 104, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies. To the extent that the allegations in paragraph 104 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

105.    In response to the allegations in paragraph 105, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

106.    Monsanto denies the allegations in paragraph 106 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03071 VC

1   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

2   one of several pesticide manufacturers who had used IBT test results.  The audit found some

3   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

4   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

5   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

6   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 106 are

7   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

8   denies those allegations.

9          107.    In response to the allegations in paragraph 107, Monsanto admits that three IBT

10   employees were convicted of the charge of fraud, but Monsanto denies that any of the

11   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

12   herbicides.

13          108.    In response to the allegations in paragraph 108, Monsanto admits that it – along

14   with numerous other private companies – hired Craven Laboratories as an independent

15   laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

16   denies the remaining allegations in paragraph 108.

17          109.    In response to the allegations in paragraph 109, Monsanto admits that EPA

18   investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

19   paragraph 109 are intended to suggest that Monsanto was anything other than a victim of this

20   fraud, Monsanto denies those allegations.

21          110.    In response to the allegations in paragraph 110, Monsanto admits that it was

22   defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

23   at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 110

24   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

25   denies those allegations.

26          111.    In response to the allegations in paragraph 111, Monsanto admits that it has stated

27   and continues to state that Roundup®-branded products are safe when used as labeled and that

28   they are non-carcinogenic and non-genotoxic.

1          112.     In response to the allegations in paragraph 112, Monsanto admits that a 1986 joint

2  report of the World Health Organization and Food and Agriculture Organization of the United

3  Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

4  Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

5  Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

6  carcinogen.  Monsanto denies the remaining allegations in paragraph 112.

7          113.     Monsanto denies the allegations in paragraph 113.

8          114.     Monsanto denies the allegations in paragraph 114.

9          115.     Monsanto denies the allegations in paragraph 115.

10         116.     Monsanto denies the allegations in paragraph 116.

11         117.     Monsanto denies the allegations in paragraph 117.

12         118.     Monsanto denies the allegations in paragraph 118.

13         119.     Monsanto denies the allegations in paragraph 119.

14         120.     Monsanto denies the allegations in paragraph 120.

15         121.     Monsanto admits that plaintiff purports to bring an action for compensatory

16  damages but denies any liability to plaintiff.  Monsanto denies the remaining allegations in

17  paragraph 121.

18         122.     Monsanto denies the allegations in paragraph 122.

19         123.     Monsanto denies the allegations in paragraph 123.

20         124.     Monsanto lacks information or knowledge sufficient to form a belief as to the

21  truth of the allegations in paragraph 124 and therefore denies those allegations.

22         125.     Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in paragraph 125 and therefore denies those allegations.

24         126.     Monsanto lacks information or knowledge sufficient to form a belief as to the

25  truth of the allegations in the first sentence of paragraph 126 and therefore denies those

26  allegations.  Monsanto denies the remaining allegations in paragraph 126.

27         127.     Monsanto denies the allegations in paragraph 127.

28

128.    Monsanto incorporates by reference its responses to paragraphs 1 through 127 in response to paragraph 128 of plaintiff's Complaint.

129.    Monsanto denies the allegations in paragraph 129.

130.    In response to the allegations in paragraph 130, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

131.    In response to the allegations in paragraph 131, Monsanto states that the cited document speaks for itself and does not require a response.

132.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed decedent to risk of her alleged cancer and denies the remaining allegations in paragraph 132.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

133.    Monsanto denies the allegations in the first and last sentences of paragraph 133. The remaining allegations in paragraph 133 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

134.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 134 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

135.    Monsanto incorporates by reference its responses to paragraphs 1 through 134 in response to paragraph 135 of plaintiff's Complaint.

136.    The allegations in paragraph 136 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03071 VC

1    137.    Monsanto denies the allegations in paragraph 137.

2    138.    Monsanto denies the allegations in paragraph 138, including each of its subparts.

3    139.    Monsanto denies the allegations in paragraph 139.

4    140.    Monsanto denies the allegations in paragraph 140.

5    141.    Monsanto denies the allegations in paragraph 141, including each of its subparts.

6    142.    Monsanto denies the allegations in paragraph 142.

7    143.    Monsanto denies the allegations in paragraph 143.

8    144.    Monsanto denies the allegations in paragraph 144.

9    145.    Monsanto denies the allegations in paragraph 145.

10   In response to the first sentence of the "WHEREFORE" paragraph following paragraph

11   145, Monsanto demands that judgment be entered in its favor and against plaintiff; that

12   plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

13   and reasonable attorney's fees as allowed by law and such further and additional relief as this

14   Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE"

15   paragraph following paragraph 145 sets forth a conclusion of law for which no response is

16   required.

17   146.    Monsanto incorporates by reference its responses to paragraphs 1 through 145 in

18   response to paragraph 146 of plaintiff's Complaint.

19   147.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 147 and therefore denies those allegations.

21   148.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations in paragraph 148 and therefore denies those allegations.

23   149.    Monsanto denies the allegations in paragraph 149.

24   150.    Monsanto denies the allegations in paragraph 150.

25   151.    Monsanto denies the allegations in paragraph 151.

26   152.    Monsanto denies the allegations in paragraph 152, including each of its subparts.

27   153.    Monsanto denies the allegations in paragraph 153.

28

154.     Monsanto denies that Roundup®-branded products have "dangerous characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 154 and therefore denies those allegations.

155.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 155 and therefore denies those allegations.

156.     Monsanto denies the allegations in paragraph 156.

157.     The allegations in paragraph 157 set forth conclusions of law for which no response is required.

158.     Monsanto denies the allegations in paragraph 158.

159.     Monsanto denies the allegations in paragraph 159.

160.     Monsanto denies the allegations in paragraph 160.

161.     Monsanto denies the allegations in paragraph 161.

162.     Monsanto denies the allegations in paragraph 162.

163.     Monsanto denies the allegations in paragraph 163.

164.     Monsanto denies the allegations in paragraph 164.

165.     Monsanto denies the allegations in paragraph 165.

166.     Monsanto denies the allegations in paragraph 166.

167.     Monsanto denies the allegations in paragraph 167.

In response to the first sentence of the "WHEREFORE" paragraph following paragraph 167, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 167 sets forth a conclusion of law for which no response is required.

168.     Monsanto incorporates by reference its responses to paragraphs 1 through 167 in response to paragraph 168 of plaintiff's Complaint.

169.    The allegations in paragraph 169 set forth conclusions of law for which no response is required.

170.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 170 and therefore denies those allegations.

171.    Monsanto denies the allegations in paragraph 171.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

172.    Monsanto denies the allegations in paragraph 172.

173.    Monsanto denies the allegations in paragraph 173.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

174.    Monsanto denies the allegations in paragraph 174.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

175.    Monsanto denies the allegations in paragraph 175.

176.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding decedent's use history in paragraph 176 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 176.

177.    The allegations in paragraph 177 set forth conclusions of law for which no response is required.

178.    Monsanto denies the allegations in paragraph 178.

179.    Monsanto denies the allegations in paragraph 179.

180.    Monsanto denies the allegations in paragraph 180.

181.    Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 181.

182.    The allegations in paragraph 182 set forth conclusions of law for which no response is required.

1    183.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations paragraph 183 and therefore denies those allegations.

3    184.    Monsanto denies the allegations in paragraph 184.

4    185.    Monsanto denies the allegations in paragraph 185.

5    186.    Monsanto denies the allegations in paragraph 186.

6    187.    Monsanto denies the allegations in paragraph 187.

7    188.    Monsanto denies the allegations in paragraph 188.

8    In response to the first sentence of the "WHEREFORE" paragraph following paragraph

9    188, Monsanto demands that judgment be entered in its favor and against plaintiff; that

10   plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

11   and reasonable attorney's fees as allowed by law and such further and additional relief as this

12   Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE"

13   paragraph following paragraph 188 sets forth a conclusion of law for which no response is

14   required.

15   189.    Monsanto incorporates by reference its responses to paragraphs 1 through 188 in

16   response to paragraph 189 of plaintiff's Complaint.

17   190.    Monsanto denies the allegations in paragraph 190.  Additionally, the allegations

18   in the last sentence in paragraph 190 set forth conclusions of law for which no response is

19   required.

20   191.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 191 concerning the decedent's claimed use of Roundup®-

22   branded products and therefore denies those allegations.  The remaining allegations in paragraph

23   191 set forth conclusions of law for which no response is required.

24   192.    The allegations in paragraph 192 set forth conclusions of law for which no

25   response is required.

26   193.    Monsanto denies the allegations in paragraph 193.

27   194.    The allegation in paragraph 194 regarding a purported implied warranty sets forth

28   a conclusion of law for which no response is required.  Monsanto lacks information or

- 20 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03071 VC

1    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

2    194 and therefore denies those allegations..

3         195.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 195 concerning the condition of any Roundup®-branded

5    product allegedly used by decedent or about decedent's alleged uses of such product and

6    therefore denies the allegations in paragraph 195.

7         196.    Monsanto denies the allegations in paragraph 196.

8         197.    Monsanto denies the allegations in paragraph 197.

9         198.    Monsanto denies the allegations in paragraph 198.

10        In response to the first sentence of the "WHEREFORE" paragraph following paragraph

11   198, Monsanto demands that judgment be entered in its favor and against plaintiff; that

12   plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

13   and reasonable attorney's fees as allowed by law and such further and additional relief as this

14   Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE"

15   paragraph following paragraph 198 sets forth a conclusion of law for which no response is

16   required.

17        199.    Monsanto incorporates by reference its responses to paragraphs 1 through 198 in

18   response to paragraph 199 of plaintiff's Complaint.

19        200.    In response to the allegations in paragraph 200, Monsanto admits that it has

20   manufactured, distributed, advertised, promoted, and sold Roundup®-branded products.

21        201.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations in paragraph 201 concerning decedent's claimed use of Roundup®-

23   branded products and therefore denies those allegations.  Monsanto admits that it has sold

24   glyphosate based herbicides in accordance with their EPA-approved labeling.  The remaining

25   allegations in paragraph 201 set forth conclusions of law for which no response is required.

26        202.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27   truth of the allegations in paragraph 202 concerning decedent's foreseeable use of Roundup®-

28

- 21 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03071 VC

1 | branded products and therefore denies those allegations.  The remaining allegations in paragraph

2 | 202 set forth conclusions of law for which no response is required.

3 | 203.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4 | truth of the allegations in paragraph 203 and therefore denies those allegations.

5 | 204.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6 | truth of the allegations in paragraph 204 and therefore denies those allegations.

7 | 205.    The allegations in paragraph 205 set forth conclusions of law for which no

8 | response is required.

9 | 206.    The allegations in paragraph 206 set forth conclusions of law for which no

10 | response is required.

11 | 207.    Monsanto denies the allegations in paragraph 207.

12 | 208.    Monsanto denies the allegations in paragraph 208.

13 | 209.    Monsanto denies the allegations in paragraph 209.

14 | 210.    Monsanto denies the allegations in paragraph 210.

15 | 211.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16 | truth of the allegations in paragraph 211 regarding plaintiff's and/or decedent's reliance and

17 | therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 211.

18 | 212.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19 | truth of the allegations in paragraph 212 regarding reliance by plaintiff and/or decedent and

20 | others and therefore denies those allegations.  Monsanto denies the remaining allegations in

21 | paragraph 212.

22 | 213.    Monsanto denies the allegations in paragraph 213.

23 | 214.    Monsanto denies the allegations in paragraph 214.

24 | 215.    Monsanto denies the allegations in paragraph 215.

25 | 216.    Monsanto denies the allegations in paragraph 216.

26 | 217.    Monsanto denies the allegations in paragraph 217.

27 | In response to the allegations in the first sentence of the "WHEREFORE" paragraph

28 | following paragraph 217, Monsanto demands that judgment be entered in its favor and against

1    plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded

2    costs of suit and reasonable attorney's fees as allowed by law and such further and additional

3    relief as this Court may deem just and proper.  The statement in the last sentence of the

4    "WHEREFORE" paragraph following paragraph 217 sets forth a conclusion of law for which no

5    response is required.

6         218.    Monsanto incorporates by reference its responses to paragraphs 1 through 217 in

7    response to paragraph 218 of plaintiff's Complaint.  In response to the allegations in footnote 14

8    to the title for the Sixth Cause of Action, Monsanto admits that a plaintiff's counsel sent

9    Monsanto's counsel a settlement demand letter dated February 27, 2020 and that Monsanto's

10   counsel timely sent a letter to plaintiff's counsel that declined settlement demand.

11        218.    The allegations in paragraph 219 set forth conclusions of law for which no

12   response is required.

13        219.    Monsanto denies the allegations in paragraph 220.

14        220.    Monsanto denies the allegations in paragraph 221.

15        221.    Monsanto denies the allegations in paragraph 222.

16        222.    Monsanto denies the allegations in paragraph 223.

17        223.    Monsanto denies the allegations in paragraph 224.

18        224.    Monsanto denies the allegations in paragraph 225.

19        225.    Monsanto denies the allegations in paragraph 226.

20        226.    Monsanto denies the allegations in paragraph 227.

21        227.    Monsanto denies the allegations in paragraph 228.

22        228.    Monsanto denies the allegations in paragraph 229.

23        229.    Monsanto incorporates by reference its responses to paragraphs 1 through 229 in

24   response to paragraph 230 of plaintiff's Complaint.

25        230.    In response to the allegations in paragraph 231, Monsanto admits that plaintiff

26   purports to bring a wrongful death action but denies any liability as to that claim.

27        231.    Monsanto denies the allegations in paragraph 232.

28        232.    Monsanto denies the allegations in paragraph 233.

1    In response to the first sentence of the first sentence of the WHEREFORE paragraph

2    following paragraph 233, Monsanto demands that judgment be entered in its favor and against

3    plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded

4    costs of suit and reasonable attorney's fees as allowed by law and such further and additional

5    relief as this Court may deem just and proper.  The statement in the last sentence of the

6    "WHEREFORE" paragraph following paragraph 233 sets forth a conclusion of law for which no

7    response is required.

8        233.    Monsanto incorporates its responses to paragraphs 1 through 233 in response to

9    paragraph 234 of plaintiff's Complaint.

10       234.    Monsanto denies the allegations in paragraph 235.

11       235.    Monsanto denies the allegations in paragraph 236.

12       236.    Monsanto denies the allegations in paragraph 237.

13       In response to the first sentence of the "WHEREFORE" paragraph following paragraph

14   237, Monsanto demands that judgment be entered in its favor and against plaintiff; that

15   plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

16   and reasonable attorney's fees as allowed by law and such further and additional relief as this

17   Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE"

18   paragraph following paragraph 237 sets forth a conclusion of law for which no response is

19   required.

20       237.    Monsanto incorporates its responses to paragraphs 1 through 237 in response to

21   Monsanto denies the allegations in paragraph 238.

22       238.    Monsanto denies the allegations in paragraph 239.

23       239.    Monsanto denies the allegations in paragraph 240.

24       240.    Monsanto denies the allegations in paragraph 241.

25       241.    Monsanto denies the allegations in paragraph 242.

26       242.    Monsanto denies the allegations in paragraph 243.

27       243.    Monsanto denies the allegations in paragraph 244.

28       244.    Monsanto denies the allegations in paragraph 245.

245.    Monsanto denies the allegations in paragraph 246.

In response to the "WHEREFORE" paragraph following paragraph 246, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Petition be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.       The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.       Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.       Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's and/or decedent's alleged injuries.

4.       Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.       Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.       Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See,*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03071 VC

*e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.      Plaintiff's claims are barred, in whole or in part, because plaintiff's and/or decedent's injuries, if any, were the result of conduct of plaintiff, decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

11.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.      Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.      Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.      If plaintiff and/or decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes

1   constitute an independent, intervening and sole proximate cause of plaintiff's and/or decedent's

2   alleged injuries or damages.

3         15.    Monsanto had no legal relationship or privity with plaintiff and/or decedent and

4   owed no duty to them by which liability could be attributed to it.

5         16.    Monsanto made no warranties of any kind or any representations of any nature

6   whatsoever to plaintiff and/or decedent.  If any such warranties were made, which Monsanto

7   specifically denies, then plaintiff and/or decedent failed to give notice of any breach thereof.

8         17.    Plaintiff's claims are preempted in whole or part by the Freedom of Speech

9   Clause of the First Amendment of the U.S. Constitution.

10        18.    Plaintiff's claims for punitive and exemplary damages are barred because such an

11   award would violate Monsanto's due process, equal protection and other rights under the United

12   States Constitution, the Massachusetts Constitution, and/or other applicable state constitutions.

13        19.    Plaintiff's claims for punitive and exemplary damages are barred because plaintiff

14   has failed to allege conduct warranting imposition of punitive damages.

15        20.    Plaintiff's claims for punitive damages are barred and/or limited by operation of

16   state and/or federal law.

17        21.    Plaintiff's claims are barred in whole or in part by plaintiff's and/or plaintiff's

18   decedent's own contributory/comparative negligence.

19        22.    Plaintiff's claims are barred in whole or in part by plaintiff's and/or plaintiff's

20   decedent's own failure to mitigate damages.

21        23.    Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

22        24.    To the extent that plaintiff and/or plaintiff's decedent recovered payments for

23   their alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this

24   lawsuit, if any, shall be reduced to the extent allowed by applicable law.

25        25.    If plaintiff and/or decedent have been injured or damaged, no injury or damages

26   being admitted, such injuries were not caused by a Monsanto product.

27        26.    Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims

28   that are governed by the laws of a state that does not recognize, or limits, such claims.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03071 VC

27.     Plaintiff's strict liability claims are barred because Massachusetts does not recognize a cause of action for strict liability in tort.

28.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

### <u>JURY TRIAL DEMAND</u>

Monsanto demands a jury trial on all issues so triable.


DATED:  June 4, 2020                    Respectfully submitted,


                                        /s/ Joe G. Hollingsworth
                                        Joe G. Hollingsworth (*pro hac vice*)
                                        (jhollingsworth@hollingsworthllp.com)
                                        Eric G. Lasker (*pro hac vice*)
                                        (elasker@hollingsworthllp.com)
                                        HOLLINGSWORTH LLP
                                        1350 I Street, N.W.
                                        Washington, DC  20005
                                        Telephone:  (202) 898-5800
                                        Facsimile:   (202) 682-1639

                                        *Attorneys for Defendant*
                                        *MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03071 VC