HOLLINGSWORTH LLP
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Cesilio Jimenez, et al. v. Monsanto Co.*, Case No. 3:19-cv-03438-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      In response to the allegations in the Complaint's first-numbered paragraph 1, Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs.  Monsanto denies the remaining allegations in the Complaint's first-numbered paragraph 1.

2.      Monsanto denies the allegations in the Complaint's first-numbered paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

1    4.    The allegations in paragraph 4 set forth conclusions of law for which no response

2    is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

3    paragraph 4 based upon the allegations in plaintiffs' Complaint.

4    5.    Monsanto admits the allegations in paragraph 5.

5    6.    The allegations in the first sentence of paragraph 6 set forth conclusions of law for

6    which no response is required.  In response to the allegations in the second sentence of paragraph

7    6, Monsanto admits that it is a Delaware corporation with its principal place of business in St.

8    Louis County, Missouri. Monsanto lacks information or knowledge sufficient to form a belief as

9    to the truth of the remaining allegations of paragraph 6 and therefore denies those allegations.

10    7.    The allegations in paragraph 7 set forth conclusions of law for which no response

11    is required.

12    8.    Monsanto denies the allegations in the first sentence of paragraph 8.  The

13    remaining allegations in paragraph 8 set forth conclusions of law for which no response is

14    required.

15    9.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16    truth of the allegations in the first sentence of paragraph 9 and therefore denies those allegations.

17    Monsanto denies the remaining allegations in paragraph 9.

18    10.    The allegations in paragraph 10 comprise attorney characterizations and are

19    accordingly denied.  Monsanto states that the Roundup®-branded products identified by

20    plaintiffs have a variety of separate and distinct uses and formulations.

21    11.    In response to the allegations in paragraph 11, Monsanto admits that it is a

22    Delaware corporation with its headquarters in St. Louis County, Missouri.

23    12.    In response to the allegations in paragraph 12, Monsanto admits that it discovered

24    the herbicidal properties of glyphosate; that it has manufactured Roundup®-branded herbicides;

25    that certain Roundup®-branded herbicides contain POEA and adjuvants; and that the

26    Environmental Protection Agency ("EPA") has classified surfactants and adjuvants as inert.

27    Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded

28

herbicides do not pose an unreasonable risk to human health.  Monsanto denies the remaining allegations in paragraph 12.

13.     Monsanto denies the allegations in the second sentence of paragraph 13.  The remaining allegations in paragraph 13 do not require a response from Monsanto because these allegations relate to a company other than Monsanto.

14.     The allegations in paragraph 14 do not require a response from Monsanto because these allegations relate to companies other than Monsanto.

15.     In response to the allegations in paragraph 15, Monsanto denies – and objects to – allegations that purport to lump Monsanto together with other companies (which are not defendants in this lawsuit).  Monsanto responds to this Complaint only on behalf of Monsanto and not on behalf of any Bayer entity.

16.     In response to the allegations in paragraph 16, Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 16 set forth conclusions of law for which no response is required.

17.     In response to the allegations in paragraph 17, Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 17 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

18.     Monsanto admits the allegations in paragraph 18.

19.     Monsanto admits the allegations in paragraph 19.

20.     In response to the allegations in paragraph 20, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 20 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 and therefore denies those allegations.

21.     In response to the allegations in paragraph 21, Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.  The remaining allegations in paragraph 21 comprise attorney characterizations and are accordingly denied.

22.     Monsanto admits the allegations in paragraph 22.

23.     Monsanto generally admits the allegations in paragraph 23, but denies the allegations in paragraph 23 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

24.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies those allegations.

25.     In response to the allegations in paragraph 25, Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 25 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 25.

26.     Monsanto admits the allegations in the first two sentences of paragraph 26.  In response to the allegations in the third sentence of paragraph 26, Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 26.

27.     The allegations in paragraph 27 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 27.

28.     In response to the allegations in paragraph 28, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 28 set forth conclusions of law for which no response is required.

29.     In response to the allegations in paragraph 29 set forth conclusions of law for which no response is required.

30.     In response to the allegations in paragraph 30, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Alabama for sale and distribution.

31.     In response to the allegations in paragraph 31, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 31 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 31 set forth conclusions of law for which no answer is required.

32.     Monsanto denies the allegations in paragraph 32 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 32 set forth conclusions of law for which no response is required.

33.     In response to the allegations in paragraph 33, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

1    humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

2    posted an October 2015 final report by its standing Cancer Assessment Review Committee

3    ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

4    to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

5    issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

6    the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

7    humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

8    of the remaining allegations in paragraph 33 and therefore denies those allegations.

9            34.    In response to the allegations in paragraph 34, Monsanto admits that the New

10   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

11   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

12   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

13   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

14   the subparts purport to quote a document, the document speaks for itself and thus does not

15   require any further answer.  The remaining allegations in paragraph 34 are vague and conclusory

16   and comprise attorney characterizations and are accordingly denied.

17           35.    In response to the allegations in paragraph 35, Monsanto admits it entered into an

18   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

19   itself and thus does not require any further answer.  The remaining allegations in paragraph 35

20   are vague and conclusory and comprise attorney characterizations and are accordingly denied.

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03438-VC

36.     Monsanto denies the allegations in paragraph 36.

37.     In response to the allegations in paragraph 37, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 37 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 37.

38.     Monsanto denies the allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 39 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore denies those allegations.

40.     Monsanto admits the allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 41 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 and therefore denies those allegations.

42.     Monsanto states that the term "toxic" as used in paragraph 42 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 42.

43.     Monsanto admits the allegations in paragraph 43.

44.     In response to the allegations in paragraph 44, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 44.

45.     In response to the allegations in paragraph 45, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

1   the extent that paragraph 45 characterizes the meaning of the cited study, Monsanto denies the

2   remaining allegations in paragraph 45.

3       46.     In response to the allegations in paragraph 46, Monsanto states that these

4   documents speak for themselves and do not require a response.  To the extent that a response is

5   deemed required, Monsanto denies the allegations in paragraph 46.

6       47.     In response to the allegations in paragraph 47, Monsanto states that the cited

7   document speaks for itself and does not require a response.  To the extent that paragraph 47

8   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

9   paragraph 47.

10      48.     Monsanto denies the allegations in paragraph 48.

11      49.     In response to the allegations in paragraph 49, Monsanto states that the cited

12  document speaks for itself and does not require a response.  To the extent that paragraph 49

13  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

14  paragraph 49.

15      50.     In response to the allegations in paragraph 50, Monsanto states that the cited

16  document speaks for itself and does not require a response.  To the extent that paragraph 50

17  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

18  paragraph 50.

19      51.     Monsanto denies the allegation that the cited studies support the allegation that

20  glyphosate or Roundup®-branded products pose any risk to human health and denies the

21  remaining allegations in paragraph 51.

22      52.     Monsanto denies the allegations in paragraph 52.

23      53.     Monsanto denies the allegations in paragraph 53.

24      54.     Monsanto denies the allegations in paragraph 54.

25      55.     Monsanto denies the allegations in paragraph 55.

26      56.     Monsanto admits that it has in the past promoted, and continues to promote,

27  Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

28  Monsanto denies the remaining allegations in paragraph 56.

57.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 and therefore denies those allegations.

58.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

59.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

60.     In response to the allegations in paragraph 60, Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 60 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

61.     In response to the allegations in paragraph 61, Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 61, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 61 comprise attorney characterizations and are accordingly denied.

62.     In response to the allegations in paragraph 62, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 62 comprise attorney characterizations and are accordingly denied.

63.     In response to the allegations in paragraph 63, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03438-VC

1   required, the allegations in paragraph 63 comprise attorney characterizations and are accordingly

2   denied.

3       64.     Monsanto denies the allegations in paragraph 64.

4       65.     The allegations in paragraph 65 comprise attorney characterizations and are

5   accordingly denied.

6       66.     Monsanto admits the allegations in paragraph 66.

7       67.     In response to the allegations in paragraph 67, Monsanto states that the cited

8   document speaks for itself and does not require a response.  To the extent that paragraph 67

9   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

10  paragraph 67.

11      68.     In response to the allegations in paragraph 68, Monsanto admits that certain

12  studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

13  under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

14  evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

15  animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

16  paragraph 68.

17      69.     The allegations in paragraph 69 are vague and ambiguous and are accordingly

18  denied.

19      70.     In response to the allegations in paragraph 70, Monsanto states that the cited

20  document speaks for itself and does not require a response.

21      71.     In response to the allegations in paragraph 71, Monsanto states that the cited

22  document speaks for itself and does not require a response.  To the extent that paragraph 71

23  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

24  paragraph 71.

25      72.     Monsanto denies the allegations in paragraph 72.

26      73.     In response to the allegations in paragraph 73, Monsanto states that the cited

27  document speaks for itself and does not require a response.  Monsanto otherwise denies the

28  allegations in paragraph 73.

74.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 74.

75.     Monsanto denies the allegations in paragraph 75.

76.     Monsanto denies the allegations in paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     In response to the allegations in paragraph 78, Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto admits the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto admits the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     In response to the allegations in paragraph 91, Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 91.

92.     In response to the allegations in paragraph 92, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03438-VC

1   the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

2   92.

3          93.     In response to the allegations in paragraph 93, Monsanto admits that an EPA

4   review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

5   denies the remaining allegations in paragraph 93.

6          94.     In response to the allegations in paragraph 94, Monsanto admits that EPA

7   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

8   evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

9   denies the remaining allegations in paragraph 94.

10          95.     In response to the allegations in paragraph 95, Monsanto admits that plaintiffs

11   have accurately quoted from one passage in an EPA document in 1991 with respect to the

12   designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

13   does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP

14   reports and the EPA CARC Final Report discussed above, other specific findings of safety

15   include:

16   - "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
       evidence of non-carcinogenicity for humans—based on the lack of convincing
17       evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
       Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
18       http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

19   - "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
       60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).
20
21   - "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
       Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

22   - "There is [an] extensive database available on glyphosate, which indicate[s] that
       glyphosate is not mutagenic, not a carcinogen, and not a developmental or
23       reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
       73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).
24
25   - "EPA has concluded that glyphosate does not pose a cancer risk to humans."
       Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be
       codified at 40 C.F.R. pt. 180).
26
27   - "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible
       cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body
28       of research does not provide evidence to show that [g]lyphosate causes cancer and
       does not warrant any change in EPA's cancer classification for [g]lyphosate."

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03438-VC

*Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives:  Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 95.

96.     In response to the allegations in paragraph 96, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 96 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

97.     In response to the allegations in paragraph 97, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

98.     Monsanto denies the allegations in paragraph 98 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 98 are

intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

99.     In response to the allegations in paragraph 99, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

100.     In response to the allegations in paragraph 100, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 100.

101.     In response to the allegations in paragraph 101, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 101 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

102.     In response to the allegations in paragraph 102, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 102 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

103.     In response to the allegations in paragraph 103, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

104.     In response to the allegations in paragraph 104, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 104.

1    105.    Monsanto denies the allegations in paragraph 105.

2    106.    Monsanto denies the allegations in paragraph 106.

3    107.    Monsanto denies the allegations in paragraph 107.

4    108.    Monsanto denies the allegations in paragraph 108.

5    109.    Monsanto denies the allegations in paragraph 109.

6    110.    Monsanto denies the allegations in paragraph 110.

7    111.    Monsanto denies the allegations in paragraph 111.

8    112.    Monsanto denies the allegations in paragraph 112.

9    113.    Monsanto denies the allegations in paragraph 113.

10    114.    Monsanto denies the allegations in paragraph 114.

11    115.    Monsanto denies the allegations in paragraph 115.

12    116.    Monsanto lacks information or knowledge sufficient to form a belief as to the
13    truth of the allegations in paragraph 116 and therefore denies those allegations.

14    117.    Monsanto lacks information or knowledge sufficient to form a belief as to the
15    truth of the allegations in paragraph 117 and therefore denies those allegations.

16    118.    Monsanto lacks information or knowledge sufficient to form a belief as to the
17    truth of the allegations in paragraph 118 and therefore denies those allegations.

18    119.    Monsanto lacks information or knowledge sufficient to form a belief as to the
19    truth of the allegations in paragraph 119 and therefore denies those allegations.

20    120.    Monsanto lacks information or knowledge sufficient to form a belief as to the
21    truth of the allegations in paragraph 120 and therefore denies those allegations.

22    121.    Monsanto lacks information or knowledge sufficient to form a belief as to the
23    truth of the allegations in paragraph 121 and therefore denies those allegations.

24    122.    Monsanto lacks information or knowledge sufficient to form a belief as to the
25    truth of the allegations in paragraph 122 and therefore denies those allegations.

26    123.    Monsanto lacks information or knowledge sufficient to form a belief as to the
27    truth of the allegations in paragraph 123 and therefore denies those allegations.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03438-VC

1      124.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2  truth of the allegations in paragraph 124 and therefore denies those allegations.

3      125.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4  truth of the allegations in paragraph 125 and therefore denies those allegations.

5      126.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6  truth of the allegations in paragraph 126 and therefore denies those allegations.

7      127.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8  truth of the allegations in paragraph 127 and therefore denies those allegations.

9      128.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10  truth of the allegations in paragraph 128 and therefore denies those allegations.

11      129.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 129 and therefore denies those allegations.

13      130.    Monsanto denies that any exposure to Roundup®-branded products can cause

14  NHL and other serious illnesses and therefore denies those allegations in paragraph 130.

15  Monsanto states, however, that the scientific studies upon which IARC purported to base its

16  evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks

17  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

18  in paragraph 130 and therefore denies those allegations.

19      131.    Monsanto denies that any exposure to Roundup®-branded products can cause

20  NHL and other serious illnesses and therefore denies those allegations in paragraph 131.

21  Monsanto states, however, that the scientific studies upon which IARC purported to base its

22  evaluation of glyphosate were all publicly available before March, 2015.  Monsanto lacks

23  information or knowledge sufficient to form a belief as to the truth of the remaining allegations

24  in paragraph 131 and therefore denies those allegations.

25      132.    In response to the allegations in paragraph 132, Monsanto denies that there is any

26  risk of serious illness associated with the use of and/or exposure to Roundup®-branded products

27  and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human

28  health.  Monsanto states, however, that the scientific studies upon which IARC purported to base

1   its classification were all publicly available before March 2015.  The final sentence of paragraph

2   132 sets forth a conclusion of law for which no response is required.

3        133.    In response to the allegations in paragraph 133, Monsanto denies that exposure to

4   Roundup®-branded products and glyphosate is injurious to human health.  Monsanto states,

5   however, that the scientific studies upon which IARC purported to base its cancer classification

6   for glyphosate were all publicly available before March 2015.  The allegations in paragraph 133

7   set forth conclusions of law for which no response is required.

8        134.    In response to the allegations in paragraph 134, Monsanto denies that there is any

9   risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-

10  branded products and glyphosate.  Monsanto states, however, that the scientific studies upon

11  which IARC purported to base its cancer classification for glyphosate were all publicly available

12  before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to

13  the truth of the remaining allegations in paragraph 134 and therefore denies those allegations.

14       135.    The allegations in paragraph 135 set forth conclusions of law for which no

15  response is required.  To the extent that a response is deemed required, Monsanto denies the

16  allegations in paragraph 135.  Monsanto states that the scientific studies upon which IARC

17  purported to base its cancer classification for glyphosate were all publicly available before

18  March 2015.

19       136.    In response to the allegations in paragraph 136, Monsanto denies that it concealed

20  any facts related to the human health safety of glyphosate.  The remaining allegations in

21  paragraph 136 set forth conclusions of law for which no response is required.

22       137.    Monsanto denies the allegations in paragraph 137.

23       138.    The allegations in paragraph 138 set forth conclusions of law for which no

24  response is required.

25       139.    Monsanto denies the allegations in paragraph 139.

26       140.    The allegations in paragraph 140 set forth conclusions of law for which no

27  response is required.  To the extent that a response is required, Monsanto denies the allegations

28

1    in paragraph 140.  Monsanto states that the scientific studies upon which IARC purported to base

2    its cancer classification for glyphosate were all publicly available before March 2015.

3         141.    Monsanto incorporates by reference its responses to paragraphs 1 through 140 in

4    response to paragraph 141 of plaintiffs' Complaint.

5         142.    In response to the allegations in paragraph 142, Monsanto admits that plaintiffs

6    purport to bring a claim for strict liability design defect, but denies any liability as to that claim.

7         143.    In response to the allegations in paragraph 143, Monsanto lacks information or

8    knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs and/or

9    decedents used Roundup®-branded products and therefore denies that allegation.  Monsanto

10    denies the remaining allegations in paragraph 143.

11         144.    Monsanto denies the allegations in paragraph 144.

12         145.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13    truth of the allegations in paragraph 145 concerning the condition of any Roundup®-branded

14    product allegedly used by plaintiffs and/or decedents or about plaintiffs' or decedents' alleged

15    uses of such product and therefore denies those allegations.  The remaining allegations in

16    paragraph 145 set forth conclusions of law for which no response is required.

17         146.    Monsanto denies the allegations in paragraph 146.

18         147.    Monsanto denies the allegations in paragraph 147.

19         148.    Monsanto denies the allegations in paragraph 148 and each of its subparts.

20         149.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21    truth of the allegations in paragraph 149 concerning plaintiffs' and/or decedents' claimed use of

22    Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

23    remaining allegations in paragraph 149, including that Roundup®-branded products have

24    "dangerous characteristics."

25         150.    Monsanto denies the allegations in paragraph 150.

26         151.    Monsanto denies the allegations in paragraph 151.

27         152.    Monsanto denies the allegations in paragraph 152.

28         153.    Monsanto denies the allegations in paragraph 153.

1     154.    Monsanto denies the allegations in paragraph 154.

2     155.    Monsanto denies the allegations in paragraph 155.

3     156.    Monsanto denies the allegations in paragraph 156.

4     157.    In response to the allegations in the first sentence of paragraph 157, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 157 sets forth a conclusion of law for which no response is required.

158.    Monsanto incorporates by reference its responses to paragraphs 1 through 157 in response to paragraph 158 of plaintiffs' Complaint.

159.    In response to the allegations in paragraph 159, Monsanto admits that plaintiffs purport to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

160.    Monsanto denies the allegations in paragraph 160.

161.    In response to the allegations in paragraph 161, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs' and/or decedents, plaintiffs' and/or decedents' employers, plaintiffs' and/or decedents' co-workers or other entities identified purchased or used Roundup®-branded products and therefore denies that allegation.  The allegations in paragraph 161 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 161.

162.    The allegations in paragraph 162 set forth conclusions of law for which no response is required.

163.    Monsanto denies the allegations in paragraph 163.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

164.    Monsanto denies the allegations in paragraph 164.

165.    Monsanto denies the allegations in paragraph 165.

166.    Monsanto denies the allegations in paragraph 166.

167.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 167 and therefore denies those allegations.

168.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 168 concerning plaintiffs' and/or decedents' alleged use and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 168, including that Roundup®-branded products have "dangerous characteristics."

169.    Monsanto denies the allegations in the first sentence of paragraph 169. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 169 and therefore denies those allegations.

170.    Monsanto denies the allegations in paragraph 170.

171.    Monsanto denies the allegations in paragraph 171.

172.    Monsanto denies the allegations in paragraph 172.

173.    Monsanto denies the allegations in paragraph 173.

174.    Monsanto denies the allegations in paragraph 174.

175.    Monsanto denies the allegations in paragraph 175.

176.    Monsanto denies the allegations in paragraph 176.

177.    Monsanto denies the allegations in paragraph 177

178.    In response to the allegations in the first sentence of paragraph 178, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 178 sets forth a conclusion of law for which no response is required.

179.    Monsanto incorporates by reference its responses to paragraphs 1 through 178 in response to paragraph 179 of plaintiffs' Complaint.

180.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 180 regarding the specific products allegedly used by

- 20 -

1   plaintiffs and/or decedents or any advertising or marketing allegedly seen or considered by

2   plaintiff and therefore denies the allegations in paragraph 180.

3       181.    The allegations in paragraph 181 set forth conclusions of law for which no

4   response is required.

5       182.    The allegations in paragraph 182 set forth conclusions of law for which no

6   response is required.

7       183.    Monsanto denies the allegations in paragraph 183.

8       184.    Monsanto denies the allegations in paragraph 184.

9       185.    Monsanto denies the allegations in paragraph 185.

10      186.    Monsanto denies the allegations in paragraph 186.

11      187.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 187 regarding users' and consumers' knowledge and

13  therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 187.

14  All labeling of Roundup®-branded products has been and remains EPA-approved and in

15  compliance with all federal requirements under FIFRA.

16      188.    Monsanto denies the allegations in paragraph 188.

17      189.    Monsanto denies the allegations in paragraph 189.

18      190.    Monsanto denies the allegations in paragraph 190.

19      191.    Monsanto denies the allegations in paragraph 191, including each of its subparts.

20      192.    Monsanto denies the allegations in paragraph 192.

21      193.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22  truth of the allegations in paragraph 193 regarding plaintiffs' and/or decedents' knowledge and

23  therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in

24  paragraph 193, including that intended use and/or exposure to Roundup®-branded products

25  causes any injuries.

26      194.    Monsanto denies the allegations in paragraph 194.

27      195.    Monsanto denies the allegations in paragraph 195.

28

196.     Monsanto denies the allegations in paragraph 196.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

197.     In response to the allegations in the first sentence of paragraph 197, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 197 sets forth a conclusion of law for which no response is required.

198.     Monsanto incorporates by reference its responses to paragraphs 1 through 197 in response to paragraph 198 of plaintiffs' Complaint.

199.     Monsanto denies the allegations in paragraph 199.

200.     Monsanto denies the allegations in paragraph 200.

201.     Monsanto denies the allegations in paragraph 201.

202.     Monsanto denies the allegations in paragraph 202.

203.     Monsanto denies the allegations in paragraph 203.

204.     Monsanto denies the allegations in paragraph 204.

205.     Monsanto denies the allegations in paragraph 205.

206.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 206 regarding plaintiffs' and/or decedents' actions, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 206.

207.     Monsanto denies the allegations in paragraph 207.

208.     Monsanto denies the allegations in paragraph 208.

209.     In response to the allegations in the first sentence of paragraph 209, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and

1   proper.  The statement in the last sentence of paragraph 209 sets forth a conclusion of law for

2   which no response is required.

3       210.    Monsanto incorporates by reference its responses to paragraphs 1 through 209 in

4   response to paragraph 210 of plaintiffs' Complaint.  The allegations in the second sentence of

5   paragraph 210 set forth conclusions of law for which no response is required.

6       211.    Monsanto admits that plaintiffs purport to bring certain claims alleged in

7   paragraph 211 of the Complaint but denies any liability as to those claims.

8       212.    Monsanto denies the allegations in paragraph 212.

9       213.    Monsanto denies the allegations in paragraph 213.

10      214.    Monsanto denies the allegations in paragraph 214.

11      215.    Monsanto denies the allegations in paragraph 215.

12      216.    Monsanto denies the allegations in paragraph 216.

13      217.    Monsanto denies the allegations in paragraph 217.

14      218.    Monsanto denies the allegations in paragraph 218.

15      219.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16  truth of the allegations in paragraph 219 regarding plaintiff's actions, and therefore Monsanto

17  denies those allegations.  Monsanto denies the remaining allegations in paragraph 219.

18      220.    Monsanto denies the allegations in paragraph 220

19      221.    Monsanto denies the allegations in paragraph 221.

20      222.    Monsanto denies the allegations in paragraph 222.

21      223.    In response to the allegations in the first sentence of paragraph 223, Monsanto

22  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

23  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

24  fees as allowed by law and such further and additional relief as this Court may deem just and

25  proper.  The statement in the last sentence of paragraph 223 sets forth a conclusion of law for

26  which no response is required.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03438-VC

224.    Monsanto incorporates its responses to paragraphs 1 through 223 in response to paragraph 224 of plaintiffs' Complaint.  The allegations in the second sentence of paragraph 224 set forth conclusions of law for which no response is required.

225.    Monsanto denies the allegations in paragraph 225.

226.    Monsanto denies the allegations in paragraph 226

227.    In response to the allegations in the first sentence of paragraph 227, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 227 sets forth a conclusion of law for which no response is required.

228.    Monsanto incorporates its responses to paragraphs 1 through 227 in response to paragraph 228 of plaintiffs' Complaint.  The allegations in the second sentence of paragraph 228 set forth conclusions of law for which no response is required.

229.    Monsanto denies the allegations in paragraph 229.

230.    Monsanto denies the allegations in paragraph 230.

231.    In response to the allegations in the first sentence of paragraph 231, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 231 sets forth a conclusion of law for which no response is required.

1.    The statement in the Complaint's second-numbered paragraph 1 sets forth a conclusion of law for which no response is required.

2.    In response to the allegations in the Complaint's second-numbered paragraph 2, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and

reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2. Plaintiffs' claims are barred for lack of personal jurisdiction.

3. Venue in the Northern District of California is improper.

4. Plaintiffs' claims are misjoined and should be severed.

5. Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

6. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' and/or decedents' alleged injuries.

7. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

8. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

9. Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

10.     Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

11.     Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

12.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

13.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' and/or decedents' injuries, if any, were the result of conduct of plaintiffs, decedents, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' and/or decedents' pre-existing medical conditions.

14.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

15.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

16.     Plaintiffs' and/or decedents' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

17.     If plaintiffs and/or decedents suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' and/or decedents' alleged injuries or damages.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03438-VC

18.    Monsanto had no legal relationship or privity with plaintiffs and/or decedents and owed no duty to them by which liability could be attributed to it.

19.    Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

20.    Plaintiffs' claims for punitive and exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Arizona Constitution, the California Constitution, the Illinois Constitution, the Kentucky Constitution, the Nevada State Constitution, the New Jersey Constitution, the New York Constitution, the North Carolina Constitution, the Oklahoma Constitution, the Oregon Constitution, the Pennsylvania Constitution, the Tennessee Constitution, the Texas Constitution, the Virginia Constitution, the Washington Constitution, the West Virginia Constitution, and/or other applicable state constitutions.

21.    Plaintiffs' claims for punitive and exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of punitive damages under Arizona law, California law, Illinois law, Kentucky law, Nevada law, New Jersey law, New York law, North Carolina law, Oklahoma law, Oregon law, Pennsylvania law, Tennessee law, Texas law, Virginia law, Washington law, West Virginia law, and/or other applicable state laws.

22.    Plaintiffs' claims for punitive and exemplary damages are barred and/or limited by operation of state and/or federal law, including Washington law; Ariz. Rev. Stat. § 12-689; N.C. Gen. Stat. §§ 1D-15, 1D-25; Tenn. Code Ann. § 29-39-104; Tex. Civ. Prac. & Rem. Code Ann. §§ 41.004(a), 41.008(b); Va. Code Ann. § 801-38.1; W. Va. Code § 55-7-29.

23.    Plaintiffs' claims are barred in whole or in part by plaintiffs' and/or decedents' own contributory/comparative negligence, alternatively, plaintiffs' right to recover, no fault being admitted, is diminished in an amount based upon plaintiffs' individual relative degree of fault.  Or. Rev. Stat. § 31.600.

24.    Plaintiffs' claims are barred in whole or in part by plaintiffs' and/or decedents' own failure to mitigate damages.

25.    Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

26.     To the extent that plaintiffs or decedents recovered payments for plaintiffs' and/or decedents' alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under including as allowed for under NY CPLR § 4545.

27.     If plaintiffs and/or decedents have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

28.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

29.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

30.     Plaintiffs have failed to allege fraud with sufficient particularity.

31.     Plaintiffs' common law claims are barred, in whole or part, by application of the Kentucky Product Liability Act, Ky. Rev. Stat. § 411.300, *et seq.*; New Jersey Products Liability Act, N.J. Stat. Ann. § 2A:58C-1 through 58C-11; Tenn. Code Ann. § 29-28-102(6), *et seq.*; and, Wash. Rev. Code §§ 7.72.010-.060.

30.     Monsanto hereby preserves any and all defenses under *Tincher v. Omega Flex, Inc.*, 104 A.3d 328 (Pa. 2014).

31.     Plaintiffs' claims are barred, in whole or in part, by application of Tex. Civ. Prac. & Rem. Code Ann. § 82.008.

31.     Plaintiffs' strict liability claims are barred in whole or in part, by the N.C. Gen. Stat. § 99B-1.1 and because Virginia does not recognize a cause of action for strict liability in tort.

32.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

1    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2    plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and

3    such other relief as the Court deems equitable and just.

4                                    <u>**JURY TRIAL DEMAND**</u>

5    Monsanto demands a jury trial on all issues so triable.

6

7    DATED: June 5, 2020                         Respectfully submitted,

8

9                                                /s/ Joe G. Hollingsworth
                                                 Joe G. Hollingsworth (*pro hac vice*)
                                                 (jhollingsworth@hollingsworthllp.com)
10                                               Eric G. Lasker (*pro hac vice*)
                                                 (elasker@hollingsworthllp.com)
11                                               HOLLINGSWORTH LLP
                                                 1350 I Street, N.W.
12                                               Washington, DC  20005
                                                 Telephone:   (202) 898-5800
13                                               Facsimile:    (202) 682-1639

14                                               *Attorneys for Defendant*
                                                 *MONSANTO COMPANY*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03438-VC