**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Wendell E. Walkup v. Monsanto Co.*,<br>Case No. 3:20-cv-03332-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.    Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies those allegations.

4.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5.      Monsanto denies the allegations in paragraph 5.

6.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies those allegations.

7.      Monsanto denies the allegations in paragraph 7.

8.      The allegations in paragraph 8 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

9.      Monsanto admits the allegations in paragraph 9.

10.      In response to the allegations in paragraph 10, Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate and that Monsanto manufactures Roundup®-branded products that have glyphosate as the active ingredient, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

11.      In response to the allegations in paragraph 11, Monsanto admits that it sells Roundup®-branded products in Missouri.

12.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies those allegations.

13.      The allegations in paragraph 13 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

14.      The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.      Monsanto admits the allegations in paragraph 15.

16.      Monsanto admits that it is authorized to do business in Missouri.  The remaining allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     The allegations in paragraph 17 set forth conclusions of law for which no response is required.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     Monsanto denies the allegations in paragraph 19.

20.     The allegations in paragraph 20 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 20 based upon the allegations in plaintiff's Complaint.

21.     Monsanto admits the allegations in paragraph 21.

22.     The allegations in paragraph 22 set forth conclusions of law for which no response is required.

23.     In response to the allegations in paragraph 23, Monsanto denies any "omissions" and certain events giving rise to plaintiff's claim.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.  The remaining allegations in paragraph 23 set forth conclusions of law for which no response is required.

24.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 24 set forth conclusions of law for which no response is required.

25.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 25 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

26.     Monsanto admits the allegations in paragraph 26.

27.     Monsanto admits the allegations in paragraph 27.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03332-VC

28.     In response to the allegations in paragraph 28, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 28 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore denies those allegations.

29.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 29 comprise attorney characterizations and are accordingly denied.

30.     Monsanto admits the allegations in paragraph 30.

31.     Monsanto generally admits the allegations in paragraph 31, but denies the allegations in paragraph 31 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

32.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies those allegations.

33.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 33 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 33.

34.     Monsanto admits the allegations in paragraph 34.

35.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 35.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03332-VC

36.     The allegations in paragraph 36 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 36.

37.     In response to the allegations in paragraph 37, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 37 set forth conclusions of law for which no response is required.

38.     The allegations in paragraph 38 set forth conclusions of law for which no response is required.

39.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the States of Missouri and Nebraska for sale and distribution.

40.     In response to the allegations in paragraph 40, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 40 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 40 set forth conclusions of law for which no answer is required.

41.     Monsanto denies the allegations in paragraph 41 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 41 set forth conclusions of law for which no response is required.

42.     In response to the allegations in paragraph 42, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 and therefore denies those allegations.

43.     In response to the allegations in paragraph 43, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03332-VC

require any further answer.  The remaining allegations in paragraph 43 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

44.     In response to the allegations in paragraph 44, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 44 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

45.     Monsanto denies the allegations in paragraph 45.

46.     In response to the allegations in paragraph 46, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 46 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 46.

47.     Monsanto denies the allegations in paragraph 47.

48.     In response to the allegations in paragraph 48, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 48 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 and therefore denies those allegations.

49.     Monsanto admits the allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 50 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 and therefore denies those allegations.

51.     Monsanto states that the term "toxic" as used in paragraph 51 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 51.

52.     Monsanto admits the allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 54 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 56 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 56.

57.     Monsanto denies the allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 58 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 59 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 59.

60.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 60.

61.     Monsanto denies the allegations in paragraph 61.

62.     Monsanto denies the allegations in paragraph 62.

63.     Monsanto denies the allegations in paragraph 63.

64.     Monsanto denies the allegations in paragraph 64.

65.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 65.

66.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 66 and therefore denies those allegations.

67.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

68.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

69.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 69 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

70.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 70, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 70 comprise attorney characterizations and are accordingly denied.

71.     In response to the allegations in paragraph 71, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed

1   required, the allegations in paragraph 71 comprise attorney characterizations and are accordingly

2   denied.

3         72.     In response to the allegations in paragraph 72, Monsanto states that the document

4   speaks for itself and does not require a response.  To the extent that a response is deemed

5   required, the allegations in paragraph 72 comprise attorney characterizations and are accordingly

6   denied.

7         73.     Monsanto denies the allegations in paragraph 73.

8         74.     The allegations in paragraph 74 comprise attorney characterizations and are

9   accordingly denied.

10        75.     Monsanto admits the allegations in paragraph 75.

11        76.     In response to the allegations in paragraph 76, Monsanto states that the cited

12   document speaks for itself and does not require a response.  To the extent that paragraph 76

13   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

14   paragraph 76.

15        77.     In response to the allegations in paragraph 77, Monsanto admits that certain

16   studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

17   under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

18   evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

19   animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

20   paragraph 77.

21        78.     The allegations in paragraph 78 are vague and ambiguous and are accordingly

22   denied.

23        79.     In response to the allegations in paragraph 79, Monsanto states that the cited

24   document speaks for itself and does not require a response.

25        80.     In response to the allegations in paragraph 80, Monsanto states that the cited

26   document speaks for itself and does not require a response.  To the extent that paragraph 80

27   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

28   paragraph 80.

1    81.    Monsanto denies the allegations in paragraph 81.

2    82.    In response to the allegations in paragraph 82, Monsanto states that the cited

3    document speaks for itself and does not require a response.  Monsanto otherwise denies the

4    allegations in paragraph 82.

5    83.    Monsanto admits that there is no reliable evidence that Roundup®-branded

6    products are genotoxic and that regulatory authorities and independent experts agree that

7    Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

8    paragraph 83.

9    84.    Monsanto denies the allegations in paragraph 84.

10   85.    Monsanto denies the allegations in paragraph 85.

11   86.    Monsanto denies the allegations in paragraph 86.

12   87.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

13   exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 87.

14   88.    Monsanto denies the allegations in paragraph 88.

15   89.    Monsanto denies the allegations in paragraph 89.

16   90.    Monsanto admits the allegations in paragraph 90.

17   91.    Monsanto denies the allegations in paragraph 91.

18   92.    Monsanto admits the allegations in paragraph 92.

19   93.    Monsanto denies the allegations in paragraph 93.

20   94.    Monsanto denies the allegations in paragraph 94.

21   95.    Monsanto denies the allegations in paragraph 95.

22   96.    Monsanto denies the allegations in paragraph 96.

23   97.    Monsanto denies the allegations in paragraph 97.

24   98.    Monsanto denies the allegations in paragraph 98.

25   99.    Monsanto denies the allegations in paragraph 99.

26   100.   Monsanto admits that independent experts and regulatory agencies agree that

27   there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03332-VC

1    products and admits that it has made statements reflecting this fact.  Monsanto denies the

2    remaining allegations in paragraph 100.

3         101.    In response to the allegations in paragraph 101, Monsanto admits that Roundup®-

4    branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

5    the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

6    101.

7         102.    In response to the allegations in paragraph 102, Monsanto admits that an EPA

8    review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

9    denies the remaining allegations in paragraph 102.

10        103.    In response to the allegations in paragraph 103, Monsanto admits that EPA

11   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

12   evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

13   denies the remaining allegations in paragraph 103.

14        104.    In response to the allegations in paragraph 104, Monsanto admits that plaintiff has

15   accurately quoted from one passage in an EPA document in 1991 with respect to the designation

16   of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not

17   pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and

18   the EPA CARC Final Report discussed above, other specific findings of safety include:

19   •    "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
20        evidence of non-carcinogenicity for humans—based on the lack of convincing
          evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
21        Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
          http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

22   •    "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
          60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).
23
24   •    "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
          Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

25   •    "There is [an] extensive database available on glyphosate, which indicate[s] that
26        glyphosate is not mutagenic, not a carcinogen, and not a developmental or
          reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
          73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03332-VC

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 104.

105.     In response to the allegations in paragraph 105, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 105 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

106.     In response to the allegations in paragraph 106, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

107.     Monsanto denies the allegations in paragraph 107 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some

1   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

2   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

3   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

4   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 107 are

5   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

6   denies those allegations.

7        108.     In response to the allegations in paragraph 108, Monsanto admits that three IBT

8   employees were convicted of the charge of fraud, but Monsanto denies that any of the

9   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

10  herbicides.

11       109.     In response to the allegations in paragraph 109, Monsanto admits that it — along

12  with numerous other private companies — hired Craven Laboratories as an independent

13  laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

14  denies the remaining allegations in paragraph 109.

15       110.     In response to the allegations in paragraph 110, Monsanto admits that EPA

16  investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

17  paragraph 110 are intended to suggest that Monsanto was anything other than a victim of this

18  fraud, Monsanto denies those allegations.

19       111.     In response to the allegations in paragraph 111, Monsanto admits that it was

20  defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

21  at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 111

22  are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

23  denies those allegations.

24       112.     In response to the allegations in paragraph 112, Monsanto admits that it has stated

25  and continues to state that Roundup®-branded products are safe when used as labeled and that

26  they are non-carcinogenic and non-genotoxic.

27       113.     In response to the allegations in paragraph 113, Monsanto admits that a 1986 joint

28  report of the World Health Organization and Food and Agriculture Organization of the United

- 14 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03332-VC

1   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

2   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

3   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

4   carcinogen.  Monsanto denies the remaining allegations in paragraph 113.

5        114.    Monsanto denies the allegations in paragraph 114.

6        115.    Monsanto denies the allegations in paragraph 115.

7        116.    Monsanto denies the allegations in paragraph 116.

8        117.    Monsanto denies the allegations in paragraph 117.

9        118.    Monsanto denies the allegations in paragraph 118.

10       119.    Monsanto denies the allegations in paragraph 119.

11       120.    Monsanto denies the allegations in paragraph 120.

12       121.    Monsanto denies the allegations in paragraph 121.

13       122.    Monsanto denies the allegations in paragraph 122.

14       123.    Monsanto denies the allegations in paragraph 123.

15       124.    Monsanto denies the allegations in paragraph 124.

16       125.    Monsanto incorporates by reference its responses to paragraphs 1 through 124 in

17  response to paragraph 125 of plaintiff's Complaint.

18       126.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19  truth of the allegations in paragraph 126 and therefore denies those allegations.

20       127.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21  truth of the allegations in paragraph 127 and therefore denies those allegations.

22       128.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in paragraph 128 and therefore denies those allegations.

24       129.    Monsanto denies the allegations in paragraph 129.

25       130.    Monsanto incorporates by reference its responses to paragraphs 1 through 129 in

26  response to paragraph 130 of plaintiff's Complaint.

27       131.    In response to the allegations in paragraph 131, Monsanto denies that there is any

28  risk of serious illness associated with the use of and/or exposure to Roundup®-branded products

1  and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human

2  health.  Monsanto states, however, that the scientific studies upon which IARC purported to base

3  its classification were all publicly available before March 2015.

4        132.    In response to the allegations in paragraph 132, Monsanto denies that exposure to

5  Roundup®-branded products and glyphosate is injurious to human health.  Monsanto states,

6  however, that the scientific studies upon which IARC purported to base its cancer classification

7  for glyphosate were all publicly available before March 2015.  The remaining allegations in

8  paragraph 132 set forth conclusions of law for which no response is required.

9        133.    In response to the allegations in paragraph 133, Monsanto denies that there is any

10  risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-

11  branded products and glyphosate.  Monsanto states, however, that the scientific studies upon

12  which IARC purported to base its cancer classification for glyphosate were all publicly available

13  before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to

14  the truth of the remaining allegations in paragraph 133 and therefore denies those allegations.

15        134.    The allegations in paragraph 134 set forth conclusions of law for which no

16  response is required.  To the extent that a response is deemed required, Monsanto denies the

17  allegations in paragraph 134.  Monsanto states that the scientific studies upon which IARC

18  purported to base its cancer classification for glyphosate were all publicly available before

19  March 2015.

20        135.    Monsanto denies the allegations in paragraph 135.

21        136.    Monsanto denies the allegations in paragraph 136.

22        137.    In response to the allegations in paragraph 137, Monsanto admits that it has stated

23  and continues to state that Roundup®-branded products are safe when used as labeled and that

24  they are non-toxic and non-carcinogenic.

25        138.    In response to the allegations in paragraph 138, Monsanto states that the cited

26  document speaks for itself and does not require a response.

27        139.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

28  exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

1   139.  Monsanto states, however, that the scientific studies upon which IARC purported to base

2   its classification were all publicly available before March 2015.

3            140.    Monsanto denies the allegations in the first and last sentences of paragraph 140.

4   The remaining allegations in paragraph 140 set forth conclusions of law for which no response is

5   required.  Monsanto states, however, that the scientific studies upon which IARC purported to

6   base its classification were all publicly available before March 2015.

7            141.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

8   and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

9   branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

10  which IARC purported to base its classification were all publicly available before March 2015.

11  The remaining allegations in paragraph 141 set forth conclusions of law for which no response is

12  required, consist of attorney characterizations and are accordingly denied, or comprise

13  allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

14  the truth of the allegations asserted and therefore denies those allegations.

15           142.    Monsanto incorporates by reference its responses to paragraphs 1 through 141 in

16  response to paragraph 142 of plaintiff's Complaint.

17           143.    In response to the allegations in paragraph 143, Monsanto states that the phrase

18  "directly or indirectly" is vague and ambiguous and that Monsanto lacks information or

19  knowledge sufficient to form a belief as to the truth of those allegations and therefore Monsanto

20  denies those allegations in paragraph 143.

21           144.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22  truth of the allegations in paragraph 144 regarding the specific products allegedly purchased or

23  used by plaintiff and therefore denies the allegations in paragraph 144.

24           145.    The allegations in paragraph 145 set forth conclusions of law for which no

25  response is required.

26           146.    The allegations in paragraph 146 set forth conclusions of law for which no

27  response is required.

28           147.    Monsanto denies the allegations in paragraph 147.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03332-VC

1    148.    Monsanto denies the allegations in paragraph 148.

2    149.    Monsanto denies the allegations in paragraph 149.

3    150.    Monsanto denies the allegations in paragraph 150.

4    151.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5   truth of the allegations in paragraph 151 regarding users' and consumers' knowledge and

6   therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 151.

7   All labeling of Roundup®-branded products has been and remains EPA-approved and in

8   compliance with all federal requirements under FIFRA.

9    152.    Monsanto denies the allegations in paragraph 152.

10    153.    Monsanto denies the allegations in paragraph 153.

11    154.    Monsanto denies the allegations in paragraph 154.

12    155.    Monsanto denies the allegations in paragraph 155, including each of its subparts.

13    156.    Monsanto denies the allegations in paragraph 156.

14    157.    Monsanto denies the allegations in paragraph 157.

15    158.    Monsanto denies the allegations in paragraph 158, including each of its subparts.

16    159.    Monsanto denies the allegations in paragraph 159.

17    160.    Monsanto denies the allegations in paragraph 160.

18    161.    Monsanto denies the allegations in paragraph 161.

19    162.    Monsanto denies the allegations in paragraph 162.

20    163.    Monsanto denies the allegations in paragraph 163.

21    164.    Monsanto denies the allegations in paragraph 164.  All labeling of Roundup®-

22   branded products has been and remains EPA-approved and in compliance with all federal

23   requirements under FIFRA.

24    In response to the first sentence of the "WHEREFORE" paragraph following paragraph

25   164, Monsanto demands that judgment be entered in its favor and against plaintiff; that

26   plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

27   and reasonable attorney's fees as allowed by law and such further and additional relief as this

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03332-VC

1   Court may deem just and proper.  The statement in the last sentence of the paragraph following

2   paragraph 164 sets forth a conclusion of law for which no response is required.

3           165.    Monsanto incorporates by reference its responses to paragraphs 1 through 164 in

4   response to paragraph 165 of plaintiff's Complaint.

5           166.    In response to the allegations in paragraph 166, Monsanto admits that plaintiff

6   purports to bring claims for strict liability but denies any liability to plaintiff.

7           167.    In response to the allegations in paragraph 167, Monsanto lacks information or

8   knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

9   exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies

10  the remaining allegations in paragraph 167.

11          168.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 168 and therefore denies those allegations.

13          169.    Monsanto denies the allegations in paragraph 169.

14          170.    Monsanto denies the allegations in paragraph 170.

15          171.    Monsanto denies the allegations in paragraph 171.

16          172.    Monsanto denies the allegations in paragraph 172, including each of its subparts.

17          173.    Monsanto denies the allegations in paragraph 173.

18          174.    Monsanto denies that Roundup®-branded products have "dangerous

19  characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

20  truth of the remaining allegations in paragraph 174 and therefore denies those allegations.

21          175.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22  truth of the allegations in paragraph 175 and therefore denies those allegations.

23          176.    Monsanto denies the allegations in paragraph 176.

24          177.    The allegations in paragraph 177 set forth conclusions of law for which no

25  response is required.

26          178.    Monsanto denies the allegations in paragraph 178.

27          179.    Monsanto denies the allegations in paragraph 179.

28          180.    Monsanto denies the allegations in paragraph 180.

181.    Monsanto denies the allegations in paragraph 181.

182.    Monsanto denies the allegations in paragraph 182.

183.    Monsanto denies the allegations in paragraph 183.

184.    Monsanto denies the allegations in paragraph 184.

185.    Monsanto denies the allegations in paragraph 185.

186.    Monsanto denies the allegations in paragraph 186.

187.    Monsanto denies the allegations in paragraph 187.

In response to the first sentence of the "WHEREFORE" paragraph following paragraph 187, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the paragraph following paragraph 187 sets forth a conclusion of law for which no response is required.

188.    Monsanto incorporates by reference its responses to paragraphs 1 through 187 in response to paragraph 188 of plaintiff's Complaint.

189.    In response to the allegations in paragraph 189, Monsanto admits that plaintiff purports to bring claims for strict liability but denies any liability to plaintiff.

190.    The allegations in paragraph 190 set forth conclusions of law for which no response is required.

191.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 191 and therefore denies those allegations.

192.    Monsanto denies the allegations in paragraph 192.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

193.    Monsanto denies the allegations in paragraph 193.

194.    Monsanto denies the allegations in paragraph 194.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

195.    Monsanto denies the allegations in paragraph 195.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

196.    Monsanto denies the allegations in paragraph 196.

197.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 197 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 197.

198.    The allegations in paragraph 198 set forth conclusions of law for which no response is required.

199.    Monsanto denies the allegations in paragraph 199.

200.    Monsanto denies the allegations in paragraph 200.

201.    Monsanto denies the allegations in paragraph 201.

202.    Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 202.

203.    The allegations in paragraph 203 set forth conclusions of law for which no response is required.

204.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 204 and therefore denies those allegations.

205.    Monsanto denies the allegations in paragraph 205.

206.    Monsanto denies the allegations in paragraph 206.

207.    Monsanto denies the allegations in paragraph 207.

208.    Monsanto denies the allegations in paragraph 208.

209.    Monsanto denies the allegations in paragraph 209.

In response to the first sentence of the "WHEREFORE" paragraph following paragraph 209, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this

1    Court may deem just and proper.  The statement in the last sentence of the paragraph following

2    paragraph 209 sets forth a conclusion of law for which no response is required.

3          210.    Monsanto incorporates by reference its responses to paragraphs 1 through 209 in

4    response to paragraph 210 of plaintiff's Complaint.

5          211.    Monsanto denies the allegations in paragraph 211.  Additionally, the allegations

6    in the last sentence in paragraph 211 set forth conclusions of law for which no response is

7    required.

8          212.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 212 concerning the plaintiff's claimed use of Roundup®-

10   branded products and therefore denies those allegations.  The remaining allegations in paragraph

11   212 set forth conclusions of law for which no response is required.

12         213.    The allegations in paragraph 213 set forth conclusions of law for which no

13   response is required.

14         214.    Monsanto denies the allegations in paragraph 214.

15         215.    The allegation in paragraph 215 regarding a purported implied warranty sets forth

16   a conclusion of law for which no response is required.  Monsanto lacks information or

17   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

18   215 and therefore denies those allegations.

19         216.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 216 concerning the condition of any Roundup®-branded

21   product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore

22   denies the allegations in paragraph 216.

23         217.    Monsanto denies the allegations in paragraph 217.

24         218.    Monsanto denies the allegations in paragraph 218.

25         219.    Monsanto denies the allegations in paragraph 219.

26         In response to the first sentence of the "WHEREFORE" paragraph following paragraph

27   219, Monsanto demands that judgment be entered in its favor and against plaintiff; that

28   plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03332-VC

and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of the paragraph following paragraph 219 sets forth a conclusion of law for which no response is required.

220.    Monsanto incorporates by reference its responses to paragraphs 1 through 219 in response to paragraph 220 of plaintiff's Complaint.

221.    In response to the allegations in paragraph 221, Monsanto admits that it has manufactured, distributed, advertised, promoted, and sold Roundup®-branded products.

222.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 222 concerning plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto admits that it has sold glyphosate based herbicides in accordance with their EPA-approved labeling.  The remaining allegations in paragraph 222 set forth conclusions of law for which no response is required.

223.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 223 concerning plaintiff's foreseeable use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 223 set forth conclusions of law for which no response is required.

224.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 224 and therefore denies those allegations.

225.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 225 and therefore denies those allegations.

226.    The allegations in paragraph 226 set forth conclusions of law for which no response is required.

227.    The allegations in paragraph 227 set forth conclusions of law for which no response is required.

228.    Monsanto denies the allegations in paragraph 228.

229.    Monsanto denies the allegations in paragraph 229.

230.    Monsanto denies the allegations in paragraph 230.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03332-VC

1      231.    Monsanto denies the allegations in paragraph 231.

2      232.    Monsanto lacks information or knowledge sufficient to form a belief as to the

3   truth of the allegations in paragraph 232 regarding plaintiff's reliance and therefore denies those

4   allegations.  Monsanto denies the remaining allegations in paragraph 232.

5      233.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6   truth of the allegations in paragraph 233 regarding reliance by plaintiff and others and therefore

7   denies those allegations.  Monsanto denies the remaining allegations in paragraph 233.

8      234.    Monsanto denies the allegations in paragraph 234.

9      235.    Monsanto denies the allegations in paragraph 235.

10      236.    Monsanto denies the allegations in paragraph 236.

11      237.    Monsanto denies the allegations in paragraph 237.

12      238.    Monsanto denies the allegations in paragraph 238.

13      In response to the first sentence of the "WHEREFORE" paragraph following paragraph

14   238, Monsanto demands that judgment be entered in its favor and against plaintiff; that

15   plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

16   and reasonable attorney's fees as allowed by law and such further and additional relief as this

17   Court may deem just and proper.  The statement in the last sentence of the paragraph following

18   paragraph 238 sets forth a conclusion of law for which no response is required.

19      239.    Monsanto incorporates by reference its responses to paragraphs 1 through 238 in

20   response to paragraph 239 of plaintiff's Complaint.

21      240.    Monsanto lacks information or knowledge sufficient to form a belief regarding

22   plaintiff's claimed selection or use of Roundup®-branded products and therefore denies those

23   allegations.  The remaining allegations in paragraph 240 set forth conclusions of law for which

24   no response is required.

25      241.    The allegations in the first sentence of paragraph 241 set forth conclusions of law

26   for which no response is required.  Monsanto denies the remaining allegations in paragraph 241,

27   including that Roundup®-branded products are "dangerous products."

28

- 24 -

1     242.   Monsanto denies the allegations in paragraph 242.

2     243.   Monsanto denies the allegations in paragraph 243.

3     244.   Monsanto denies the allegations in paragraph 244.

4     245.   Monsanto denies the allegations in paragraph 245.

5     246.   Monsanto denies the allegations in paragraph 246.

6     247.   Monsanto denies the allegations in paragraph 247.

7     248.   Monsanto denies the allegations in paragraph 248.

8     249.   Monsanto lacks information or knowledge sufficient to form a belief as to the

9   truth of the allegations in paragraph 249 regarding plaintiff's actions, and therefore Monsanto

10  denies those allegations.  Monsanto denies the remaining allegations in paragraph 249.

11    250.   Monsanto denies the allegations in paragraph 250.

12    251.   Monsanto denies the allegations in paragraph 251.

13    252.   Monsanto denies the allegations in paragraph 252.

14    In response to the first sentence of the "WHEREFORE" paragraph following paragraph

15  252, Monsanto demands that judgment be entered in its favor and against plaintiff; that

16  plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

17  and reasonable attorney's fees as allowed by law and such further and additional relief as this

18  Court may deem just and proper.  The statement in the last sentence of the paragraph following

19  paragraph 252 sets forth a conclusion of law for which no response is required.

20    253.   Monsanto incorporates by reference its responses to paragraphs 1 through 252 in

21  response to paragraph 253 of plaintiff's Complaint.

22    254.   Monsanto admits that plaintiff purports to bring certain claims alleged in

23  paragraph 254 of the Complaint but denies any liability as to those claims.  Monsanto denies the

24  remaining allegations in paragraph 254.

25    255.   Monsanto denies the allegations in paragraph 255.

26    256.   Monsanto denies the allegations in paragraph 256.

27    257.   Monsanto denies the allegations in paragraph 257.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03332-VC

258.    Monsanto denies the allegations in paragraph 258.

259.    Monsanto denies the allegations in paragraph 259.

260.    Monsanto denies the allegations in paragraph 260.

261.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 261 regarding plaintiff's actions, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 261.

262.    Monsanto denies the allegations in paragraph 262.

263.    Monsanto denies the allegations in paragraph 263.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

264.    Monsanto denies the allegations in paragraph 264.

In response to the first sentence of the "WHEREFORE" paragraph following paragraph 264, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the paragraph following paragraph 264 sets forth a conclusion of law for which no response is required

265.    Monsanto incorporates by reference its responses to paragraphs 1 through 264 in response to paragraph 265 of plaintiff's Complaint.

266.    The allegations in paragraph 266 set forth conclusions of law for which no response is required.

267.    In response to the allegations in paragraph 267, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 267.

268.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 268 and therefore denies those allegations.

1    269.    Monsanto denies the allegations in paragraph 269.

2    270.    Monsanto denies the allegations in paragraph 270.

3    271.    Monsanto denies the allegations in paragraph 271.

4    272.    Monsanto denies the allegations in paragraph 272.

5    273.    Monsanto denies the allegations in paragraph 273.

6    274.    Monsanto denies the allegations in paragraph 274.

7    275.    Monsanto denies that Roundup®-branded products have "dangerous

8    characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the remaining allegations in paragraph 275 and therefore denies those allegations.

10    276.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11    truth of the allegations in paragraph 276 and therefore denies those allegations.

12    277.    Monsanto denies the allegations in paragraph 277.

13    278.    The allegations in paragraph 278 set forth conclusions of law for which no

14    response is required.

15    279.    Monsanto denies the allegations in paragraph 279.

16    280.    Monsanto denies the allegations in paragraph 280.

17    281.    Monsanto denies the allegations in paragraph 281.

18    282.    Monsanto denies the allegations in paragraph 282.

19    283.    Monsanto denies the allegations in paragraph 283.

20    284.    Monsanto denies the allegations in paragraph 284.

21    285.    Monsanto denies the allegations in paragraph 285.

22    286.    Monsanto denies the allegations in paragraph 286.

23    287.    Monsanto denies the allegations in paragraph 287.

24    288.    Monsanto denies the allegations in paragraph 288.

25    In response to the first sentence of the "WHEREFORE" paragraph following paragraph

26    288, Monsanto demands that judgment be entered in its favor and against plaintiff; that

27    plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

28    and reasonable attorney's fees as allowed by law and such further and additional relief as this

1    Court may deem just and proper.  The statement in the last sentence of the paragraph following

2    paragraph 288 sets forth a conclusion of law for which no response is required.

3          289.    Monsanto incorporates by reference its responses to paragraphs 1 through 288 in

4    response to paragraph 289 of plaintiff's Complaint.

5          290.    The allegations in paragraph 290 set forth conclusions of law for which no

6    response is required.

7          291.    The allegations in paragraph 291 set forth conclusions of law for which no

8    response is required.

9          292.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in paragraph 292 and therefore denies those allegations.

11         293.    Monsanto denies the allegations in paragraph 293.  All labeling of Roundup®-

12   branded products has been and remains EPA-approved and in compliance with all federal

13   requirements under FIFRA.

14         294.    Monsanto denies the allegations in paragraph 294.

15         295.    Monsanto denies the allegations in paragraph 295.  All labeling of Roundup®-

16   branded products has been and remains EPA-approved and in compliance with all federal

17   requirements under FIFRA.

18         296.    Monsanto denies the allegations in paragraph 296.  All labeling of Roundup®-

19   branded products has been and remains EPA-approved and in compliance with all federal

20   requirements under FIFRA.

21         297.    Monsanto denies the allegations in paragraph 297.

22         298.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23   truth of the allegations regarding plaintiff's use history in paragraph 298 and therefore denies

24   those allegations.  Monsanto denies the remaining allegations in paragraph 298.

25         299.    The allegations in paragraph 299 set forth conclusions of law for which no

26   response is required.

27         300.    Monsanto denies the allegations in paragraph 300.

28         301.    Monsanto denies the allegations in paragraph 301.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03332-VC

302. Monsanto denies the allegations in paragraph 302.

303. Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 303.

304. The allegations in paragraph 304 set forth conclusions of law for which no response is required.

305. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 305 and therefore denies those allegations.

306. Monsanto denies the allegations in paragraph 306.

307. Monsanto denies the allegations in paragraph 307.

308. Monsanto denies the allegations in paragraph 308.

309. Monsanto denies the allegations in paragraph 309.

310. Monsanto denies the allegations in paragraph 310.

In response to the first sentence of the "WHEREFORE" paragraph following paragraph 310, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of the paragraph following paragraph 310 sets forth a conclusion of law for which no response is required.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2. Venue in the Eastern District of Missouri may be inconvenient.

3.     Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.     Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

5.     Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.     Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

8.     Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.     Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

12.    Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

13.    The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

14.    Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

15.    Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

16.    If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

17.    Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

18.    Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.    Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Missouri Constitution, the Nebraska Constitution, and/or other applicable state constitutions.

20.     Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Missouri law, Nebraska law and/or other applicable state laws.

21.     Plaintiff's claims for punitive damages are barred and/or limited by operation of state and/or federal law, including Missouri Revised Statute § 510.265.1.

22.     Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiff and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiff has failed to clearly establish any entitlement to punitive damages based on plaintiff's allegations.

23.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

24.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

25.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

26.     To the extent that plaintiff recovered payments for plaintiff's alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute §§ 490.710, 490.715.

27.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

28.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

29.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

30.     Plaintiff has failed to allege fraud with sufficient particularity.

31.     In the event Monsanto is found jointly or severally liable with any other tortfeasor or with multiple tortfeasors, Monsanto reserves its right of contribution to the extent that it has to pay more than Monsanto's pro rata share of the common liability consistent with the provisions set forth in the Nebraska Comparative Negligence Act, Neb. Rev. Stat. § 25-21, 185.10 and other applicable law.

32.     Plaintiffs' claims are barred in whole or in part pursuant to Neb. Rev. Stat. § 25-21,182 because the design, testing, or labeling of the products at issue was in conformity with the generally recognized and prevailing state of the art in the industry at the time the specific products involved in this action were first sold to any person not engaged in the business of selling such product.

33.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

### <u>JURY TRIAL DEMAND</u>

Monsanto demands a jury trial on all issues so triable.

DATED:  June 8, 2020                              Respectfully submitted,


                                        /s/ Joe G. Hollingsworth
                                        Joe G. Hollingsworth (*pro hac vice*)
                                        (jhollingsworth@hollingsworthllp.com)
                                        Eric G. Lasker (*pro hac vice*)
                                        (elasker@hollingsworthllp.com)
                                        HOLLINGSWORTH LLP
                                        1350 I Street, N.W.
                                        Washington, DC  20005
                                        Telephone:   (202) 898-5800
                                        Facsimile:    (202) 682-1639

                                        *Attorneys for Defendant*
                                        *MONSANTO COMPANY*