**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:    202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
         elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |

This document relates to:

*Donna Hyman and Mark Hyman*
*v. Monsanto Co.*,
Case No. 3:20-cv-03595-VC

## MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Although many paragraphs in the Complaint allege exposure or use of Monsanto products by "Plaintiffs," Monsanto nevertheless responds to the allegations in those paragraphs as if they refer to plaintiff Donna Hyman.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.      The allegations in paragraph 2 comprise attorney characterizations and are

accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

3. The allegations in paragraph 3 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 3 based upon the allegations in plaintiffs' Complaint.

4. Monsanto admits the allegations in paragraph 4.

5. The allegations in paragraph 5 set forth conclusions of law for which no response is required.

6. The allegations in the first sentence of paragraph 6 set forth conclusions of law for which no response is required.  In response to the second sentence of paragraph 6, Monsanto admits that it sells Roundup®-branded products in Maryland.  In response to the allegations in the final sentence of paragraph 6, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

7. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 7 and therefore denies those allegations.  Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs.  Monsanto denies the remaining allegations in paragraph 7.

8. Monsanto admits the allegations in the first sentence of paragraph 8.  The remaining allegations in paragraph 8 set forth conclusions of law for which no response is required.

9. In response to the allegations in paragraph 9, Monsanto admits it is authorized to do business in Maryland and that it markets Roundup®-branded products within Maryland.  The remaining allegations in paragraph 9 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

10. Monsanto admits that it is an agricultural biotechnology corporation.  Monsanto

admits that it and its affiliated companies have operations and offices in countries around the world. Monsanto states that the remaining allegations in paragraph 10 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

11. The allegations in the first sentence of paragraph 11 are vague and conclusory and comprise attorney characterizations and are accordingly denied. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 and therefore denies those allegations.

12. Monsanto denies that any exposure to Roundup®-branded products can cause cancer and other serious illnesses and therefore denies the allegations in the first and second sentences of paragraph 12. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 12 and therefore denies those allegations. The remaining allegations are vague and conclusory and comprise attorney characterizations and are accordingly denied.

13. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 regarding plaintiffs' claimed purchase or use of Roundup®-branded products and therefore denies those allegations. The remaining allegations of paragraph 13 set forth conclusions of law for which no response is required.

14. Monsanto admits the allegations in paragraph 14.

15. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.

16. Monsanto admits the allegations in paragraph 16.

17. Monsanto admits the allegations in paragraph 17.

18. In response to the allegations in paragraph 18, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 18 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

19. Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

1   The remaining allegations in paragraph 19 comprise attorney characterizations and are

2   accordingly denied.

3        20.     Monsanto admits the allegations in paragraph 20.

4        21.     Monsanto generally admits the allegations in paragraph 21, but denies the

5   allegations in paragraph 21 to the extent that they suggest that glyphosate is present in any plants

6   at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

7   the United States Environmental Protection Agency ("EPA").

8        22.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth

9   of the allegations in paragraph 22 and therefore denies those allegations.

10        23.     Monsanto admits that it is the leading producer of seeds that contain the Roundup

11   Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's

12   ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as

13   to the accuracy of the specific numbers and statistics provided in the remaining sentences of

14   paragraph 23 and therefore denies those allegations.  Monsanto denies the remaining allegations

15   in paragraph 23.

16        24.     Monsanto admits the allegations in paragraph 24.

17        25.     Monsanto admits that Roundup®-branded products have been used by farmers for

18   approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

19   properties and denies the remaining allegations in paragraph 25.

20        26.     The allegations in paragraph 26 set forth conclusions of law for which no response

21   is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

22   paragraph 26.

23        27.     In response to the allegations in paragraph 27, Monsanto admits that EPA requires

24   registrants of herbicides to submit extensive data in support of the human health and

25   environmental safety of their products and further admits that EPA will not register or approve

26   the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

27   Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 27 set forth

28   conclusions of law for which no response is required.

28.     The allegations in paragraph 28 set forth conclusions of law for which no response is required.

29.     In response to the allegations in paragraph 29, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution in the United States and are registered by the State of Missouri for sale and distribution.

30.     In response to the allegations in paragraph 30, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 30 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 30 set forth conclusions of law for which no answer is required.

31.     Monsanto denies the allegations in paragraph 31 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 31 set forth conclusions of law for which no response is required.

32.     In response to the allegations in paragraph 32, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/

*(Footnote continued)*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-03595-VC

posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and therefore denies those allegations.

33.   In response to the allegations in paragraph 33, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts "a" through "i" of paragraph 33 purport to quote a document, the document speaks for itself and thus does not require any further answer.  In response to the allegations of subparts "j" through "p" of paragraph 33, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 33 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

34.   Monsanto denies the allegations in paragraph 34.

35.   In response to the allegations in paragraph 35, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

---

document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

that it "left the soil clean," but denies the allegations in paragraph 35 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 35.

36.     Monsanto denies the allegations in paragraph 36.

37.     In response to the allegations in paragraph 37, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 37 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies those allegations.

38.     Monsanto admits the allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 39 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore denies those allegations.

40.     Monsanto states that the term "toxic" as used in paragraph 40 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 40.

41.     Monsanto admits the allegations in paragraph 41.

42.     In response to the allegations in paragraph 42, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 42.

43.     In response to the allegations in paragraph 43, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 43 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 43.

44.     In response to the allegations in paragraph 44, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is

1    deemed required, Monsanto denies the allegations in paragraph 44.

2        45.    In response to the allegations in paragraph 45, Monsanto states that the cited

3    document speaks for itself and does not require a response.  To the extent that paragraph 45

4    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

5    paragraph 45.

6        46.    Monsanto denies the allegations in paragraph 46.

7        47.    In response to the allegations in paragraph 47, Monsanto states that the cited

8    document speaks for itself and does not require a response.  To the extent that paragraph 47

9    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

10   paragraph 47.

11       48.    In response to the allegations in paragraph 48, Monsanto states that the cited

12   document speaks for itself and does not require a response.  To the extent that paragraph 48

13   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

14   paragraph 48.

15       49.    Monsanto denies the allegation that the cited studies support the allegation that

16   glyphosate or Roundup®-branded products pose any risk to human health and denies the

17   remaining allegations in paragraph 49.

18       50.    Monsanto denies the allegations in paragraph 50.

19       51.    Monsanto denies the allegations in paragraph 51.

20       52.    Monsanto denies the allegations in paragraph 52.

21       53.    Monsanto denies the allegations in paragraph 53.

22       54.    Monsanto admits that it has in the past promoted, and continues to promote,

23   Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

24   Monsanto denies the remaining allegations in paragraph 54.

25       55.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

26   is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks

27   information or knowledge sufficient to form a belief as to the truth of the remaining allegations in

28   paragraph 55 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-03595-VC

56.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

57.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

58.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 58 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

59.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 59, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 59 comprise attorney characterizations and are accordingly denied.

60.     Monsanto denies the allegations in paragraph 60.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

61.     In response to the allegations in paragraph 61, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 61 comprise attorney characterizations and are accordingly denied.

62.     Monsanto denies the allegations in paragraph 62.

63.     The allegations in paragraph 63 comprise attorney characterizations and are accordingly denied.

64.     Monsanto admits the allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 65 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 66.

66.     In response to the allegations in paragraph 66, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 66.

67.     The allegations in paragraph 67 are vague and ambiguous and are accordingly denied.

68.     In response to the allegations in paragraph 68, Monsanto states that the cited document speaks for itself and does not require a response.

69.     In response to the allegations in paragraph 69, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 69 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 70.

70.     Monsanto denies the allegations in paragraph 70.

71.     In response to the allegations in paragraph 71, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 71.

72.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 72.

73.     Monsanto denies the allegations in paragraph 73.

74.     Monsanto denies the allegations in paragraph 74.

1    75.    Monsanto denies the allegations in paragraph 75.

2    76.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

3    exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 76.

4    77.    Monsanto denies the allegations in paragraph 77.

5    78.    Monsanto denies the allegations in paragraph 78.

6    79.    Monsanto admits the allegations in paragraph 79.

7    80.    Monsanto denies the allegations in paragraph 80.

8    81.    Monsanto admits the allegations in paragraph 81.

9    82.    Monsanto denies the allegations in paragraph 82.

10    83.    Monsanto denies the allegations in paragraph 83.

11    84.    Monsanto denies the allegations in paragraph 84.

12    85.    Monsanto denies the allegations in paragraph 85.

13    86.    Monsanto denies the allegations in paragraph 86.

14    87.    Monsanto denies the allegations in paragraph 87.

15    88.    Monsanto denies the allegations in paragraph 88.

16    89.    Monsanto admits that independent experts and regulatory agencies agree that there

17    is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products

18    and admits that it has made statements reflecting this fact.  Monsanto denies the remaining

19    allegations in paragraph 89.

20    90.    In response to the allegations in paragraph 90, Monsanto admits that Roundup®-

21    branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the

22    product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 90.

23    91.    In response to the allegations in paragraph 91, Monsanto admits that an EPA

24    review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

25    denies the remaining allegations in paragraph 91.

26    92.    In response to the allegations in paragraph 92, Monsanto admits that EPA changed

27    its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence,

28    including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the

- 11 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-03595-VC

1   remaining allegations in paragraph 92.

2       93.    In response to the allegations in paragraph 93, Monsanto admits that plaintiffs

3   have accurately quoted from one passage in an EPA document in 1991 with respect to the

4   designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

5   does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP

6   reports and the EPA CARC Final Report discussed above, other specific findings of safety

7   include:

8 9 10      • "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

11 12      • "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

13 14      • "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

15 16      • "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

17 18      • "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

19 20 21 22 23 24 25      • "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

26   Monsanto denies the remaining allegations in paragraph 93.

27       94.    In response to the allegations in paragraph 94, Monsanto admits that it – along

28   with a large number of other companies and governmental agencies – was defrauded by two

chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 94 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

95.     In response to the allegations in paragraph 95, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

96.     Monsanto denies the allegations in paragraph 96 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 96 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

97.     In response to the allegations in paragraph 97, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

98.     In response to the allegations in paragraph 98, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory

1    to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the

2    remaining allegations in paragraph 98.

3        99.    In response to the allegations in paragraph 99, Monsanto admits that EPA

4    investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

5    paragraph 99 are intended to suggest that Monsanto was anything other than a victim of this

6    fraud, Monsanto denies those allegations.

7        100.    In response to the allegations in paragraph 100, Monsanto admits that it was

8    defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

9    at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 100

10   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

11   denies those allegations.

12       101.    In response to the allegations in paragraph 101, Monsanto admits that it has stated

13   and continues to state that Roundup®-branded products are safe when used as labeled and that

14   they are non-carcinogenic and non-genotoxic.

15       102.    In response to the allegations in paragraph 102, Monsanto admits that a 1986 joint

16   report of the World Health Organization and Food and Agriculture Organization of the United

17   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

18   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

19   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

20   carcinogen.  Monsanto denies the remaining allegations in paragraph 102.

21       103.    Monsanto denies the allegations in paragraph 103.

22       104.    Monsanto denies the allegations in paragraph 104.

23       105.    Monsanto denies the allegations in paragraph 105.

24       106.    Monsanto denies the allegations in paragraph 106.

25       107.    Monsanto denies the allegations in paragraph 107.

26       108.    Monsanto denies the allegations in paragraph 108.

27       109.    Monsanto denies the allegations in paragraph 109.

28       110.    Monsanto denies the allegations in paragraph 110.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-03595-VC

1      111.    Monsanto denies the allegations in paragraph 111.

2      112.    Monsanto denies the allegations in paragraph 112.

3      113.    Monsanto denies the allegations in paragraph 113.

4      114.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

5  of the allegations in paragraph 114 and therefore denies those allegations.

6      115.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

7  of the allegations in paragraph 115 and therefore denies those allegations.

8      116.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

9  of the allegations in paragraph 116 and therefore denies those allegations.

10     117.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

11  of the allegations in the first sentence of paragraph 117 and therefore denies those allegations.

12  Monsanto denies the remaining allegations in paragraph 117.

13     118.    In response to the allegations in paragraph 118, Monsanto denies that any exposure

14  to Roundup®-branded products can cause NHL or other serious illnesses and therefore denies the

15  allegations in paragraph 118.  Monsanto states, however, that the scientific studies upon which

16  IARC purported to base its evaluation of glyphosate were all publicly available before March

17  2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

18  remaining allegations in paragraph 118 and therefore denies those allegations.

19     119.    Monsanto denies the allegations in paragraph 119.

20     120.    Monsanto incorporates by reference its responses to paragraphs 1 through 119 in

21  response to paragraph 120.

22     121.    The allegations in paragraph 121 set forth conclusions of law for which no

23  response is required.

24     122.    Monsanto denies the allegations in paragraph 122.

25     123.    Monsanto denies the allegations in paragraph 123, including each of its subparts.

26     124.    Monsanto denies the allegations in paragraph 124.

27     125.    Monsanto denies the allegations in paragraph 125.

28     126.    Monsanto denies the allegations in paragraph 126.

127.   Monsanto denies the allegations in paragraph 127, including each of its subparts.

128.   Monsanto denies the allegations in paragraph 128.

129.   Monsanto denies the allegations in paragraph 129.

130.   Monsanto denies the allegations in paragraph 130.

131.   Monsanto denies the allegations in paragraph 131.

132.   Monsanto denies the allegations in paragraph 132.

In response to the "WHEREFORE" paragraph following paragraph 132, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

133.   Monsanto incorporates by reference its responses to paragraphs 1 through 132 in response to paragraph 133.

134.   In response to the allegations in paragraph 134, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiffs used or was exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 134.

135.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 135 and therefore denies those allegations.

136.   Monsanto denies the allegations in paragraph 136.

137.   Monsanto denies the allegations in paragraph 137.

138.   Monsanto denies the allegations in paragraph 138.

139.   Monsanto denies the allegations in paragraph 139, including each of its subparts.

140.   Monsanto denies the allegations in paragraph 140.

141.   Monsanto denies that Roundup®-branded products have "dangerous characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 141 and therefore denies those allegations.

142.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

1    of the allegations in paragraph 142 and therefore denies those allegations.

2              143.    Monsanto denies the allegations in paragraph 143.

3              144.    The allegations in paragraph 144 set forth conclusions of law for which no

4    response is required.

5              145.    Monsanto denies the allegations in paragraph 145.

6              146.    Monsanto denies the allegations in paragraph 146.

7              147.    Monsanto denies the allegations in paragraph 147.

8              148.    Monsanto denies the allegations in paragraph 148.

9              149.    Monsanto denies the allegations in paragraph 149.

10             150.    Monsanto denies the allegations in paragraph 150.

11             151.    Monsanto denies the allegations in paragraph 151.

12             152.    Monsanto denies the allegations in paragraph 152.

13             153.    Monsanto denies the allegations in paragraph 153.

14             154.    Monsanto denies the allegations in paragraph 154.

15             155.    Monsanto denies the allegations in paragraph 155.

16             156.    Monsanto denies the allegations in paragraph 156.  All labeling of Roundup®-

17   branded products has been and remains EPA-approved and in compliance with all federal

18   requirements under FIFRA.

19             157.    Monsanto denies the allegations in paragraph 157.

20             158.    Monsanto denies the allegations in paragraph 158.

21             159.    Monsanto denies the allegations in paragraph 159.

22             160.    Monsanto denies the allegations in paragraph 160.

23             In response to the "WHEREFORE" paragraph following paragraph 160, Monsanto

24   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

25   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

26   fees as allowed by law and such further and additional relief as this Court may deem just and

27   proper.

28             161.    Monsanto incorporates by reference its responses to paragraphs 1 through 160 in

1  response to paragraph 161.

2       162.   Monsanto denies the allegations in paragraph 162.

3       163.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

4  of the allegations in paragraph 163 and therefore denies those allegations.

5       164.   Monsanto denies the allegations in paragraph 164.  All labeling of Roundup®-

6  branded products has been and remains EPA-approved and in compliance with all federal

7  requirements under FIFRA.

8       165.   Monsanto denies the allegations in paragraph 165.

9       166.   Monsanto denies the allegations in paragraph 166.  All labeling of Roundup®-

10  branded products has been and remains EPA-approved and in compliance with all federal

11  requirements under FIFRA.

12       167.   Monsanto denies the allegations in paragraph 167.  All labeling of Roundup®-

13  branded products has been and remains EPA-approved and in compliance with all federal

14  requirements under FIFRA and with Maryland law.

15       168.   Monsanto denies the allegations in paragraph 168.

16       169.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

17  of the allegations regarding plaintiffs' use history in paragraph 169 and therefore denies those

18  allegations.  Monsanto denies the remaining allegations in paragraph 169.

19       170.   The allegations in paragraph 170 set forth conclusions of law for which no

20  response is required.

21       171.   Monsanto denies the allegations in paragraph 171.

22       172.   Monsanto denies the allegations in paragraph 172.

23       173.   Monsanto denies the allegations in paragraph 173.

24       174.   Monsanto denies the allegations that Roundup®-branded products are defective

25  and accordingly denies the allegations in paragraph 174.

26       175.   The allegations in paragraph 175 set forth conclusions of law for which no

27  response is required.

28       176.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

1    of the allegations in paragraph 176 and therefore denies those allegations.

2         177.    Monsanto denies the allegations in paragraph 177.

3         178.    Monsanto denies the allegations in paragraph 178.

4         179.    Monsanto denies the allegations in paragraph 179.

5         180.    Monsanto denies the allegations in paragraph 180.

6         181.    Monsanto denies the allegations in paragraph 181.

7         182.    Monsanto denies the allegations in paragraph 182.

8         183.    Monsanto denies the allegations in paragraph 183.  All labeling of Roundup®-

9    branded products has been and remains EPA-approved and in compliance with all federal

10   requirements under FIFRA.

11        184.    Monsanto denies the allegations in paragraph 184.  All labeling of Roundup®-

12   branded products has been and remains EPA-approved and in compliance with all federal

13   requirements under FIFRA.

14        185.    Monsanto denies the allegations in paragraph 185.

15        186.    Monsanto denies the allegations in paragraph 186.

16        187.    Monsanto denies the allegation sin paragraph 187.

17        In response to the "WHEREFORE" paragraph following paragraph 187, Monsanto

18   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

19   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

20   fees as allowed by law and such further and additional relief as this Court may deem just and

21   proper.

22        188.    Monsanto incorporates by reference its responses to paragraphs 1 through 187 in

23   response to paragraph 188.

24        189.    Monsanto admits that plaintiffs purport to bring a claim under Maryland's

25   consumer protection act, Md. Code Ann., Com. Law §§ 13-101 *et seq.*, but denies any liability as

26   to that claim.  Monsanto denies the remaining allegations in paragraph 189.

27        190.    The allegation in paragraph 190 sets forth a conclusion of law for which no

28   response is required.

1    191.    Monsanto denies the allegations in paragraph 191.

2    192.    Monsanto denies the allegations in paragraph 192.

3    193.    Monsanto denies the allegations in paragraph 193.

4    194.    Monsanto denies the allegations in paragraph 194.

5    195.    Monsanto denies the allegations in paragraph 195.

6    196.    Monsanto denies the allegations in paragraph 196.

7    197.    Monsanto denies the allegations in paragraph 197.

8    198.    Monsanto denies the allegations in paragraph 198.

In response to the "WHEREFORE" paragraph following paragraph 198, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

199.    Monsanto incorporates by reference its responses to paragraphs 1 through 198 in response to paragraph 199.

200.    Monsanto denies the allegations in paragraph 200.

201.    Monsanto denies the allegations in paragraph 201. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

202.    Monsanto denies the allegations in paragraph 202. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

203.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 84 regarding plaintiffs' knowledge or reliance and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 203. In addition, Monsanto states that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

204.    Monsanto denies the allegations in paragraph 204.

205.    Monsanto denies the allegations in paragraph 205.

206.    Monsanto denies the allegations in paragraph 206.

207.    Monsanto denies the allegations in paragraph 207.

208.    Monsanto denies the allegations in paragraph 208.

209.    Monsanto denies the allegations in paragraph 209.

210.    Monsanto denies the allegations in paragraph 210.

211.    Monsanto denies the allegations in paragraph 211.

212.    Monsanto denies the allegations in paragraph 212.

In response to the "WHEREFORE" paragraph following paragraph 212, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

213.    Monsanto incorporates by reference its responses to paragraphs 1 through 212 in response to paragraph 213 of plaintiffs' Complaint.

214.    In response to the allegations in paragraph 214, Monsanto admits that plaintiffs purport to bring an action for damages but denies any liability to plaintiffs.

215.    Monsanto denies the allegations in paragraph 215.

In response to the "WHEREFORE" paragraph following paragraph 215, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.      Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

11.  The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.  Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.  Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.  If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.  Monsanto had no legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

16.  Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17.  Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Maryland Constitution, and/or other applicable state constitutions.

18.  Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Maryland law, and/or other applicable state laws.

19.  Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

20.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

21.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate damages.

22.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

23.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs received from collateral sources.

24.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

25.     Plaintiffs have failed to allege fraud with sufficient particularity.

26.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

28.     If plaintiffs have been injured or damaged, no injury or damages being admitted, plaintiffs' claims for damages are limited by M.D. Cts. & Jud. Proc. § 11-108.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

1

2

DATED:  June 10, 2020

Respectfully submitted,

3

4

/s/ Joe G. Hollingsworth

Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

5

6

7

8

9

*Attorneys for Defendant*
*MONSANTO COMPANY*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-03595-VC