**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   202-898-5800
Facsimile:   202-682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Joseph Hamilton and Brenda Hamilton v. Monsanto Co. and John Does 1-50,* Case No. 3:20-cv-03362-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs Joseph Hamilton and Brenda Hamilton's Complaint and Jury Demand ("the Complaint"), except as set forth below.  Additionally, to the extent plaintiffs' allegations are directed towards both Monsanto and the collective "John Doe" co-defendants, Monsanto only purports to answer plaintiffs' allegations as to Monsanto and not as to the co-defendants.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.   Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

- 1 -

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in the first sentence of paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in the first sentence of paragraph 4 based upon the allegations in plaintiffs' Complaint.  Monsanto lacks information or knowledge sufficient to form a belief as to the remaining allegations in paragraph 4 and therefore denies those allegations.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required.  Monsanto admits that it sells, markets, and/or distributes Roundup®-branded products within Colorado.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

8.      Monsanto denies that exposure to Roundup®-branded products could have caused or did cause plaintiff's alleged non-Hodgkin's lymphoma ("NHL").  Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and therefore denies those allegations.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

10.     Monsanto admits the allegations in paragraph 10.

11.     The allegations in paragraph 11 are not directed at Monsanto and therefore no answer is required.  To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 11.

12.     The allegations in paragraph 12 comprise attorney characterizations and are accordingly denied.  Monsanto states that it is only answering on behalf of Monsanto and not on behalf of un-named co-defendants.

13.     In response to the allegations in paragraph 13, Monsanto admits that it sells Roundup®-branded products in Colorado.

14.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies those allegations.

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     Monsanto admits the allegations in paragraph 17.

18.     Monsanto admits that it is authorized to do business in Colorado.  The remaining allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19.     The allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     Monsanto denies the allegations in paragraph 20.

21.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its

affiliated companies have operations and offices in countries around the world. Monsanto states that the remaining allegations in paragraph 22 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

23. Monsanto admits the allegations in paragraph 23.

24. Monsanto admits the allegations in paragraph 24.

25. In response to the allegations in paragraph 25, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 25 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

26. Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 26 comprise attorney characterizations and are accordingly denied.

27. Monsanto admits the allegations in paragraph 27.

28. Monsanto generally admits the allegations in paragraph 28, but denies the allegations in paragraph 28 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

29. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies those allegations.

30. Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 30 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 30.

31.     In response to the allegations in the first and second sentences of paragraph 31, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto admits the allegations in the third sentence of paragraph 31.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies those allegations.

32.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 32.

33.     The allegations in paragraph 33 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 33.

34.     In response to the allegations in paragraph 34, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 34 set forth conclusions of law for which no response is required.

35.     The allegations in paragraph 35 set forth conclusions of law for which no response is required.

36.     Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Colorado for sale and distribution.

37.     In response to the allegations in paragraph 37, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

1    states that the term "the product tests" in the final sentence of paragraph 37 is vague and

2    ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 37

3    set forth conclusions of law for which no answer is required.

4          38.    Monsanto denies the allegations in paragraph 38 to the extent that they suggest

5    that EPA only evaluates the safety of pesticide products on the date of their initial registration.

6    Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

7    products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

8    of the allegations in paragraph 38 regarding such pesticide products generally and therefore

9    denies those allegations.  The remaining allegations in paragraph 38 set forth conclusions of law

10    for which no response is required.

11          39.    In response to the allegations in paragraph 39, Monsanto admits that EPA has

12    undertaken a regulatory review of glyphosate and further admits that EPA has not released its

13    findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

14    Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding

15    that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses

16    relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015

17    final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC

18    endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to

19    Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy

20    revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he

21

22

23

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-03362-VC

strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks

information or knowledge sufficient to form a belief as to the truth of the remaining allegations in

paragraph 39 and therefore denies those allegations.

40.     In response to the allegations in paragraph 40, Monsanto admits that the New

York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

the subparts purport to quote a document, the document speaks for itself and thus does not

require any further answer.  The remaining allegations in paragraph 40 are vague and conclusory

and comprise attorney characterizations and are accordingly denied.

41.     In response to the allegations in paragraph 41, Monsanto admits it entered into an

assurance of discontinuance with the New York Attorney General.  The assurance speaks for

itself and thus does not require any further answer.  The remaining allegations in paragraph 41

are vague and conclusory and comprise attorney characterizations and are accordingly denied.

42.     Monsanto denies the allegations in paragraph 42.

43.     In response to the allegations in paragraph 43, Monsanto admits that the French

court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

that it "left the soil clean," but denies the allegations in paragraph 43 to the extent that they

suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

cancer.  Monsanto denies the remaining allegations in paragraph 43.

44.     Monsanto denies the allegations in paragraph 44.

45.     In response to the allegations in paragraph 45, Monsanto states that the cited

document speaks for itself and does not require a response.  To the extent that the allegations in

paragraph 45 go beyond a restatement of the cited document, Monsanto lacks information or

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies those allegations.

46.     Monsanto admits the allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 47 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and therefore denies those allegations.

48.     Monsanto states that the term "toxic" as used in paragraph 48 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 48.

49.     Monsanto admits the allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 51 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 53 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 53.

54.     Monsanto denies the allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 56 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 56.

57.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 57.

58.     Monsanto denies the allegations in paragraph 58.

59.     Monsanto denies the allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60.

61.     Monsanto denies the allegations in paragraph 61.

62.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 62.

63.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 63 and therefore denies those allegations.

64.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

65.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

66.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 66 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

67.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 67, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 67 comprise attorney characterizations and are accordingly denied.

68.     In response to the allegations in paragraph 68, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly denied.

69.     In response to the allegations in paragraph 69, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 69 comprise attorney characterizations and are accordingly denied.

70.     Monsanto denies the allegations in paragraph 70.

71.     The allegations in paragraph 71 comprise attorney characterizations and are accordingly denied.

72.     Monsanto admits the allegations in paragraph 72.

73.     In response to the allegations in paragraph 73, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 73

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 73.

74.     In response to the allegations in paragraph 74, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 74.

75.     The allegations in paragraph 75 are vague and ambiguous and are accordingly denied.

76.     In response to the allegations in paragraph 76, Monsanto states that the cited document speaks for itself and does not require a response.

77.     In response to the allegations in paragraph 77, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 77 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

79.     In response to the allegations in paragraph 79, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 79.

80.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

- 11 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-03362-VC

84.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto admits the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto admits the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 97.

98.     In response to the allegations in paragraph 98, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the products' EPA-approved labeling.  Monsanto otherwise denies the allegations in paragraph 98.

99.     In response to the allegations in paragraph 99, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 99.

100.     In response to the allegations in paragraph 100, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence,

1   including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the

2   remaining allegations in paragraph 100.

3        101.    In response to the allegations in paragraph 101, Monsanto admits that plaintiffs has

4   accurately quoted from one passage in an EPA document in 1991 with respect to the designation of

5   an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any

6   cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA

7   CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
  evidence of non-carcinogenicity for humans—based on the lack of convincing
  evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
  Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
  http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
  60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
  Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that
  glyphosate is not mutagenic, not a carcinogen, and not a developmental or
  reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
  73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."
  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be
  codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible
  cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body
  of research does not provide evidence to show that [g]lyphosate causes cancer and
  does not warrant any change in EPA's cancer classification for [g]lyphosate."
  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder
  Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th
  Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of
  Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-
  5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk
  Statement").

    Monsanto denies the remaining allegations in paragraph 101.

        102.    In response to the allegations in paragraph 102, Monsanto admits that it – along with

    a large number of other companies and governmental agencies – was defrauded by two chemical

    testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on

    glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-03362-VC

glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 102 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

103.    In response to the allegations in paragraph 103, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

104.    Monsanto denies the allegations in paragraph 104 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 104 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

105.    In response to the allegations in paragraph 105, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

106.    In response to the allegations in paragraph 106, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 106.

107.     In response to the allegations in paragraph 107, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 106 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

108.     In response to the allegations in paragraph 108, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 108 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

109.     In response to the allegations in paragraph 109, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

110.     In response to the allegations in paragraph 110, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 110.

111.     Monsanto denies the allegations in paragraph 111.

112.     Monsanto denies the allegations in paragraph 112.

113.     Monsanto denies the allegations in paragraph 113.

114.     Monsanto denies the allegations in paragraph 114.

115.     Monsanto denies the allegations in paragraph 115.

116.     Monsanto denies the allegations in paragraph 116.

117.     Monsanto denies the allegations in paragraph 117.

118.     Monsanto denies the allegations in paragraph 118.

119.     Monsanto denies the allegations in paragraph 119.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-03362-VC

120.    Monsanto denies the allegations in paragraph 120.

121.    Monsanto denies the allegations in paragraph 121.

122.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 122 and therefore denies those allegations.

123.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 123 and therefore denies those allegations.

124.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 124 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 124.

125.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 125 and therefore denies those allegations.

126.    Monsanto incorporates by reference its responses to paragraphs 1 through 125 in response to paragraph 126 of plaintiffs' Complaint.

127.    Monsanto denies the allegations in the first and second sentences of paragraph 127.  In response to the third sentence of paragraph 127, Monsanto states that the cited document speaks for itself and does not require a response.

128.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of her alleged cancer and denies those allegations in paragraph 128. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 128 and therefore denies those allegations.

129.    Monsanto denies the allegations in the first and last sentences of paragraph 129.  The remaining allegations in paragraph 129 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-03362-VC

130.     Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 130 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

131.     Monsanto incorporates by reference its responses to paragraphs 1 through 130 in response to paragraph 131 of plaintiffs' Complaint.

132.     The allegations in paragraph 131 set forth conclusions of law for which no response is required.

133.     Monsanto denies the allegations in paragraph 133.

134.     Monsanto denies the allegations in paragraph 134, including each of its subparts.

135.     Monsanto denies the allegations in paragraph 135.

136.     Monsanto denies the allegations in paragraph 136.

137.     Monsanto denies the allegations in paragraph 137, including each of its subparts.

138.     Monsanto denies the allegations in paragraph 138.

139.     Monsanto denies the allegations in paragraph 139.

140.     Monsanto denies the allegations in paragraph 140.

141.     Monsanto denies the allegations in paragraph 141.

142.     In response to the first sentence in paragraph 142, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of paragraph 142 sets forth a conclusion of law for which no response is required.

143.     Monsanto incorporates by reference its responses to paragraphs 1 through 134 in response to paragraph 143 of plaintiffs' Complaint.

144.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 144 and therefore denies those allegations.

145.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 145 and therefore denies those allegations.

146.     Monsanto denies the allegations in paragraph 146.

147.     Monsanto denies the allegations in paragraph 147.

148.     Monsanto denies the allegations in paragraph 148.

149.     Monsanto denies the allegations in paragraph 149, including each of its subparts.

150.     Monsanto denies the allegations in paragraph 150.

151.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 151 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 151, including that Roundup®-branded products have "dangerous characteristics."

152.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 152 and therefore denies those allegations.

153.     Monsanto denies the allegations in paragraph 153.

154.     The allegations in paragraph 154 set forth conclusions of law for which no response is required.

155.     Monsanto denies the allegations in paragraph 155.

156.     Monsanto denies the allegations in paragraph 156.

157.     Monsanto denies the allegations in paragraph 157.

158.     Monsanto denies the allegations in paragraph 158.

159.     Monsanto denies the allegations in paragraph 159.

160.     Monsanto denies the allegations in paragraph 160.

1    161.    Monsanto denies the allegations in paragraph 161.

2    162.    Monsanto denies the allegations in paragraph 162.

3    163.    Monsanto denies the allegations in paragraph 163.

4    164.    Monsanto denies the allegations in paragraph 164.

5    165.    In response to the first sentence in paragraph 165, Monsanto demands that

6    judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed,

7    with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as

8    allowed by law and such further and additional relief as this Court may deem just and proper.

9    The statement in the last sentence of paragraph 165 sets forth a conclusion of law for which no

10   response is required.

11   166.    Monsanto incorporates by reference its responses to paragraphs 1 through 165 in

12   response to paragraph 166 of plaintiffs' Complaint.

13   167.    The allegations in paragraph 167 set forth conclusions of law for which no

14   response is required.

15   168.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 168 and therefore denies those allegations.

17   169.    Monsanto denies the allegations in paragraph 169.  All labeling of Roundup®-

18   branded products has been and remains EPA-approved and in compliance with all federal

19   requirements under FIFRA.

20   170.    Monsanto denies the allegations in paragraph 170.

21   171.    Monsanto denies the allegations in paragraph 171.  All labeling of Roundup®-

22   branded products has been and remains EPA-approved and in compliance with all federal

23   requirements under FIFRA.

24   172.    Monsanto denies the allegations in paragraph 172.  All labeling of Roundup®-

25   branded products has been and remains EPA-approved and in compliance with all federal

26   requirements under FIFRA.

27   173.    Monsanto denies the allegations in paragraph 173.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-03362-VC

174.     Monsanto denies the allegations in paragraph 174.

175.     The allegations in paragraph 175 set forth conclusions of law for which no response is required.

176.     Monsanto denies the allegations in paragraph 176.

177.     Monsanto denies the allegations in paragraph 177.

178.     Monsanto denies the allegations in paragraph 178.

179.     Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 179.

180.     The allegations in paragraph 180 set forth conclusions of law for which no response is required.

181.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 181 and therefore denies those allegations.

182.     Monsanto denies the allegations in paragraph 182.

183.     Monsanto denies the allegations in paragraph 183.

184.     Monsanto denies the allegations in paragraph 184.

185.     Monsanto denies the allegations in paragraph 185.

186.     Monsanto denies the allegations in paragraph 186.

187.     In response to the first sentence in paragraph 187, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of paragraph 187 sets forth a conclusion of law for which no response is required.

188.     Monsanto incorporates by reference its responses to paragraphs 1 through 187 in response to paragraph 188 of plaintiffs' Complaint.

189.      Monsanto denies the allegations in paragraph 189.  Additionally, the allegations in the last sentence in paragraph 189 set forth conclusions of law for which no response is required.

190.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 190 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 190 set forth conclusions of law for which no response is required.

191.      The allegations in paragraph 191 set forth conclusions of law for which no response is required.

192.      Monsanto denies the allegations in paragraph 192.

193.      The allegation in paragraph 193 regarding a purported implied warranty sets forth a conclusion of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 184 and therefore denies those allegations.

194.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 194 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies the allegations in paragraph 194.

195.      Monsanto denies the allegations in paragraph 195.

196.      Monsanto denies the allegations in paragraph 196.

197.      Monsanto denies the allegations in paragraph 197.

198.      In response to the first sentence in paragraph 198, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of paragraph 198 sets forth a conclusion of law for which no response is required.

199.   Monsanto incorporates by reference its responses to paragraphs 1 through 198 in response to paragraph 199 of plaintiffs' Complaint.

200.   Monsanto denies the allegations in paragraph 200.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.   The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.   Plaintiffs' claims against Monsanto are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.   Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.   Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.   Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.   Plaintiffs' claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling,

distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

7.      Plaintiffs' claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

8.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9.      Plaintiffs' claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims against Monsanto are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims against Monsanto in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims against Monsanto in whole or in part.

14.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible, or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by

- 23 -

Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiffs' claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Colorado Constitution, and/or other applicable state constitutions.

19.     Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Colorado law, and/or other applicable state laws.

20.     Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Colo. Rev. Stat. § 13-21-102.

21.     Pursuant to Colo. Rev. Stat. § 13-21-406. Monsanto cannot be liable for damages that exceed its pro rata share of causal fault, no fault being admitted.

22.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

23.     Plaintiffs' claims and damages, no injury or damages being admitted, are barred or must be reduced, in whole or part, by Colo. Rev. Stat. § 13-21-403 (state of the art presumption, presumption of non-defectiveness for compliance with government codes, and ten-year presumption) and Colo. Rev. Stat. § 13-21-102.5 (limits on non-economic damages).

24.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

### JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  June 11, 2020                                    Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639

*Attorneys for Defendant*
MONSANTO COMPANY

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-03362-VC