| | |
|---|---|
| Robert L. Lieff (SBN 037568) | James R. Dugan, II |
| Elizabeth J. Cabraser (SBN 083151) | TerriAnne Benedetto |
| Steven E. Fineman (SBN 140335) | David S. Scalia |
| Kevin R. Budner (SBN 287271) | THE DUGAN LAW FIRM, APLC |
| LIEFF CABRASER HEIMANN & | One Canal Place |
| BERNSTEIN, LLP | 365 Canal Street, Suite 1000 |
| 275 Battery Street, 29th Floor | New Orleans, LA  70130 |
| San Francisco, California  94111-3339 | Telephone: 504.648.0180 |
| Telephone: 415.956.1000 | |
| ecabraser@lchb.com | |
| | |
| William M. Audet (SBN 117456) | Samuel Issacharoff |
| Ling Y. Kuang (SBN 296873) | 40 Washington Square South |
| AUDET & PARTNERS, LLP | Suite 411J |
| 711 Van Ness, Suite 500 | New York, NY 10012 |
| San Francisco, CA 94102-3229 | Telephone: 212.998.6580 |
| Telephone: 415.568.2555 | |

*Counsel for Plaintiffs and the Proposed Class*
*(additional counsel listed below)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741 |
| | Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: | **PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENT UNDER SEAL** |
| *Ramirez, et al. v. Monsanto Co.*, Case No. 3:19-cv-02224 | |

Under Northern District of California Civil Local Rule 79-5 and the Standing Orders of this Court, Plaintiffs move to file under seal Exhibit 3 to the proposed Settlement Agreement. On June 24, 2020, Plaintiffs filed a preliminary approval motion.  Sections 4.2(d) and 21.1(b) of the Settlement Agreement (filed as Exhibit A to the preliminary approval motion) provide: "The Defendant shall have the right, in its discretion, to terminate and render null and void this Class

Action Settlement and the Settlement Agreement following notice of Opt Outs and prior to the Fairness Hearing in accordance with the terms of **Error! Reference source not found.**, which shall be filed under seal with the Court as part of the Settlement Agreement." Exhibit 3 identifies the threshold level of opt-outs which, if reached, would give Defendant the right to terminate the Settlement.

## APPLICABLE LEGAL STANDARD

Because the opt-out threshold bears more than a "tangential" relationship to the underlying claim, sealing requires "a compelling reason." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016) (citation omitted); *see also Friedman v. Guthy-Renker, LLC*, No. 14-6009, 2016 WL 5402170, at *1 (C.D. Cal. Sept. 26, 2016) (determining that the opt-out threshold filed in support of a motion for preliminary approval of class settlement is more than "tangentially related" to the merits of the case, and thus the "compelling reasons" standard applies); *Thomas v. Magnachip Semiconductor Corp.,* No. 14-CV-01160-JST, 2016 WL 3879193, at *7 (N.D. Cal. July 18, 2016) (same); *Kiersey v. eBay, Inc.*, No. 12-01200, 2013 WL 5609318, at *2 (N.D. Cal. Oct. 11, 2013) (noting that "a motion seeking the Court's preliminary approval of the settlement of the case may be effectively dispositive," and applying the compelling reasons standard to a motion to file opt-out threshold information under seal).

Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety,* 809 F.3d at 1096-97 (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). In determining whether to grant a motion to file under seal, the Court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (internal

quotation marks omitted).

## ARGUMENT

Here, compelling reasons exist to permit filing Exhibit 3 under seal that outweigh the public's interest in disclosure. The "threshold number of opt outs required to trigger the [termination] provision is typically not disclosed and is kept confidential to encourage settlement and discourage third parties from soliciting class members to opt out." *In re HealthSouth Corp. Sec. Litig.*, 334 F. App'x 248, 250 n.4 (11th Cir. 2009); *see also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 948 (9th Cir. 2015) (recognizing that an opt-out threshold may be kept confidential "for practical reasons"). This Court and others have recognized that "[t]here are compelling reasons to keep this information confidential, in order to prevent third parties from utilizing it for the improper purpose of obstructing the settlement and obtaining higher payouts." *Thomas*, 2017 WL 4750628, at *5 (granting motion to seal opt-out threshold). *See also In re Anthem, Inc. Data Breach Litig.*, No. 15-02617-LHK, 2017 WL 9614789, at *2 (N.D. Cal. Aug. 25, 2017) (allowing parties to seal opt-out threshold and recognizing "[b]oth class members and Defendants have a strong interest in avoiding strategic conduct by potential objectors in targeting a specific number of opt-outs"); *In re Animation Workers Antitrust Litigation*, No. 14-04062, ECF No. 379, at *4 (N.D. Cal. Mar. 2, 2017) (concluding the opt-out threshold could be sealed to "prevent third parties from utilizing [this provision] for the improper purpose of obstructing the settlement and obtaining higher payouts"); *Hefler v. Wells Fargo & Co.*, No. 16-5479, 2018 WL 4207245, at *11 (N.D. Cal. Sept. 4, 2018) (granting motion to seal opt-out threshold "in order to prevent third parties from utilizing it for the improper purpose of obstructing the settlement."); *Friedman*, 2016 WL 5402170, at *1 ("Publicly disclosing the opt-out threshold would practically invite professional objectors to threaten the settlement by

soliciting opt-outs.").

On the other hand, the public interest in disclosure is minimal. The specific opt-out threshold is irrelevant to Class Members' ability to evaluate the material terms of the Settlement and make an informed decision on whether to participate. All information pertinent to Class Members' decision to participate in, opt-out of, or object to the proposed Settlement is contained in the Settlement Agreement and Notice documents. Class Members' knowledge of the opt-out threshold will not further inform their decision with regard to participating in the Settlement. *See, e.g.*, *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 253 (D. Del. 2002) (recognizing that the particular opt-out threshold is "irrelevant to [class] members' opt-out decision" and so does not need to be disclosed); *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 329-30 (C.D. Cal. 2016) (recognizing same and granting motion to seal opt-out threshold).[1]

Finally, Exhibit 3 contains only the particular number of opt outs that would trigger the termination right and the deadline for Defendant to exercise that right; every other term of the Settlement is contained in the publicly-filed agreement. Therefore, there is no less restrictive alternative to filing Exhibit 3 under seal.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court permit the filing of Exhibit 3 under seal.

---

[1] For these reasons, courts regularly conduct an *in camera* review of opt-out thresholds in class action settlement agreements. *See, e.g.*, *In re Zynga Inc. Sec. Litig.*, No. 12-4007, 2015 WL 6471171, at *4 (N.D. Cal. Oct. 27, 2015) (granting preliminary approval after reviewing *in camera* "[t]he threshold number" for the defendant to "terminate the agreement"); *Hefler*, 2018 WL 4207245, at *11 (finding it unnecessary to make opt-out threshold public after *in camera* review); *Spann*, 314 F.R.D. at 329 (finding, after *in camera* review, that the opt out threshold sealed by plaintiffs was reasonable and plaintiffs were not required to disclose it to the class); *Estakhrian v. Obenstine*, No. 11-3480, 2016 WL 6517052, at *12 (C.D. Cal. Feb. 16, 2016) (concluding based on *in camera* review that the opt out threshold was reasonable and could be filed under seal).

Dated: June 24, 2020                     Respectfully submitted,

*/s/ Elizabeth J. Cabraser*
Robert L. Lieff (of counsel) (SBN 037568)
Elizabeth J. Cabraser (SBN 083151)
Kevin R. Budner (SBN 287271)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008
rlieff@lchb.com
ecabraser@lchb.com
kbudner@lchb.com

Steven E. Fineman (SBN 140335)
Wendy R. Fleishman
Rhea Ghosh
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
sfineman@lchb.com
wfleishman@lchb.com
rghosh@lchb.com

Andrew R. Kaufman
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue South, Suite 1640
Nashville, TN 37201
Telephone: 615.313.9000
akaufman@lchb.com

James R. Dugan, II
TerriAnne Benedetto
  *Proposed Subclass 2 Counsel*
David S. Scalia
THE DUGAN LAW FIRM, APLC
One Canal Place
365 Canal Street, Suite 1000
New Orleans, LA 70130
Telephone: 504.648.0180
jdugan@dugan-lawfirm.com

tbenedetto@dugan-lawfirm.com
dscalia@dugan-lawfirm.com

William M. Audet (SBN 117456)
 *Proposed Subclass 1 Counsel*
Ling Y. Kuang (SBN 296873)
AUDET & PARTNERS, LLP
711 Van Ness, Suite 500
San Francisco, CA 94102-3229
Telephone: 415.568.2555
waudet@audetlaw.com
lkuang@audetlaw.com

Samuel Issacharoff
40 Washington Square South
Suite 411J
New York, NY 10012
Telephone: 212.998.6580
si13@nyu.edu

*Counsel for Plaintiffs and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 24, 2020, service of this document was accomplished pursuant to the Court's electronic filing procedures by filing this document through the ECF system.

  /s/ *Elizabeth J. Cabraser*
Elizabeth J. Cabraser