**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
           elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Douglas A. Gibby v. Monsanto Co.*,<br>Case No. 3:20-cv-03724-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Douglas A. Gibby's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in the first sentence of paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto

1  admits the allegations in the first sentence of paragraph 4 based upon the allegations in plaintiff's
2  Complaint.  Monsanto lacks information or knowledge sufficient to form a belief as to the
3  remaining allegations in paragraph 4 and therefore denies those allegations.

4        5.      Monsanto admits the allegations in paragraph 5.

5        6.      The allegations in paragraph 6 set forth conclusions of law for which no response
6  is required.

7        7.      The allegations in the first sentence of paragraph 7 set forth conclusions of law for
8  which no response is required.  Monsanto admits the allegations in the second sentence of
9  paragraph 7.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies
10  certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge
11  sufficient to form a belief as to the truth of the allegations regarding where certain other events
12  giving rise to plaintiff's claims occurred and therefore denies those allegations.

13        8.      Monsanto lacks information or knowledge sufficient to form a belief as to the
14  truth of the allegations in the first and second sentences of paragraph 8 and therefore denies those
15  allegations.  In response to the allegations in the third sentence of paragraph 8, Monsanto admits
16  that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-
17  branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations
18  in paragraph 8.

19        9.      The allegations in paragraph 9 comprise attorney characterizations and are
20  accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff
21  have a variety of separate and distinct uses and formulations.

22        10.     Monsanto admits the allegations in paragraph 10.

23        11.     In response to the allegations in paragraph 11, Monsanto admits that it sells
24  Roundup®-branded products in Ohio.

25        12.     Monsanto lacks information or knowledge sufficient to form a belief as to the
26  truth of the allegations in paragraph 12 and therefore denies those allegations.

27        13.     The allegations in paragraph 13 are vague and conclusory and comprise attorney
28  characterizations and are accordingly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03724-VC

14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.     Monsanto admits the allegations in paragraph 15.

16.     Monsanto admits that it is authorized to do business in Ohio.  The remaining allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     The allegations in paragraph 17 set forth conclusions of law for which no response is required.

18.     Monsanto denies the allegations in paragraph 18.

19.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 20 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

21.     Monsanto admits the allegations in paragraph 21.

22.     Monsanto admits the allegations in paragraph 22.

23.     In response to the allegations in paragraph 23, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 23 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

24.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 24 comprise attorney characterizations and are accordingly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03724-VC

25.     Monsanto admits the allegations in paragraph 25.

26.     Monsanto generally admits the allegations in paragraph 26, but denies the allegations in paragraph 26 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

27.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies those allegations.

28.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 28 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 28.

29.     Monsanto admits the allegations in paragraph 29.

30.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 30.

31.     The allegations in paragraph 31 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 31.

32.     In response to the allegations in paragraph 32, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 32 set forth conclusions of law for which no response is required.

33.     The allegations in paragraph 33 set forth conclusions of law for which no response is required.

34.     In response to the allegations in paragraph 34, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution in the United States and are registered by the State of Ohio for sale and distribution.

35.     In response to the allegations in paragraph 35, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 35 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 35 set forth conclusions of law for which no answer is required.

36.     Monsanto denies the allegations in paragraph 36 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 36 set forth conclusions of law for which no response is required.

37.     In response to the allegations in paragraph 37, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

1  ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely
2  to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP
3  issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated
4  the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to
5  humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth
6  of the remaining allegations in paragraph 37 and therefore denies those allegations.

7       38.   In response to the allegations in paragraph 38, Monsanto admits that the New
8  York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading
9  advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any
10  admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney
11  General's allegations related in any way to a purported or alleged risk of cancer.  To the extent
12  the subparts purport to quote a document, the document speaks for itself and thus does not
13  require any further answer.  The remaining allegations in paragraph 38 are vague and conclusory
14  and comprise attorney characterizations and are accordingly denied.

15       39.   In response to the allegations in paragraph 39, Monsanto admits it entered into an
16  assurance of discontinuance with the New York Attorney General.  The assurance speaks for
17  itself and thus does not require any further answer.  The remaining allegations in paragraph 39
18  are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19       40.   Monsanto denies the allegations in paragraph 40.

20       41.   In response to the allegations in paragraph 41, Monsanto admits that the French
21  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and
22  that it "left the soil clean," but denies the allegations in paragraph 41 to the extent that they

23

24  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
25  U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
26  Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.
    [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of*
27  *Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/
    document?D=EPA-HQ-OPP-2016-0385-0528.
28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03724-VC

suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 41.

42.    Monsanto denies the allegations in paragraph 42.

43.    In response to the allegations in paragraph 43, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 43 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 and therefore denies those allegations.

44.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies those allegations.

45.    Monsanto admits the allegations in paragraph 45.

46.    In response to the allegations in paragraph 46, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies those allegations.

47.    Monsanto states that the term "toxic" as used in paragraph 47 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 47.

48.    Monsanto admits the allegations in paragraph 48.

49.    In response to the allegations in paragraph 49, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 49.

50.    In response to the allegations in paragraph 50, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 50 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 50.

51.    In response to the allegations in paragraph 51, Monsanto states that these

1    documents speak for themselves and do not require a response.  To the extent that a response is

2    deemed required, Monsanto denies the allegations in paragraph 51.

3         52.    In response to the allegations in paragraph 52, Monsanto states that the cited

4    document speaks for itself and does not require a response.  To the extent that paragraph 52

5    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

6    paragraph 52.

7         53.    Monsanto denies the allegations in paragraph 53.

8         54.    In response to the allegations in paragraph 54, Monsanto states that the cited

9    document speaks for itself and does not require a response.  To the extent that paragraph 54

10   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

11   paragraph 54.

12        55.    In response to the allegations in paragraph 55, Monsanto states that the cited

13   document speaks for itself and does not require a response.  To the extent that paragraph 55

14   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

15   paragraph 55.

16        56.    Monsanto denies the allegation that the cited studies support the allegation that

17   glyphosate or Roundup®-branded products pose any risk to human health and denies the

18   remaining allegations in paragraph 56.

19        57.    Monsanto denies the allegations in paragraph 57.

20        58.    Monsanto denies the allegations in paragraph 58.

21        59.    Monsanto denies the allegations in paragraph 59.

22        60.    Monsanto denies the allegations in paragraph 60.

23        61.    Monsanto admits that it has in the past promoted, and continues to promote,

24   Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

25   Monsanto denies the remaining allegations in paragraph 61.

26        62.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

27   is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

28   lacks information or knowledge sufficient to form a belief as to the truth of the remaining

1  allegations in paragraph 62 and therefore denies those allegations.

2      63.    Monsanto lacks information or knowledge sufficient to form a belief as to the

3  truth of the allegations in paragraph 63 and therefore denies those allegations.  Monsanto denies

4  that glyphosate met the criteria necessary to be eligible for review.

5      64.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6  truth of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies

7  that glyphosate met the criteria necessary to be eligible for review.

8      65.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

9  carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

10  evidence was "cumulative."  The remaining allegations in paragraph 65 are vague and

11  conclusory and comprise attorney characterizations and are accordingly denied.

12      66.    Monsanto admits that the full IARC Monograph regarding glyphosate was

13  published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

14  2A carcinogen.  In response to the remaining allegations in paragraph 66, Monsanto states that

15  the document speaks for itself and does not require a response.  To the extent that a response is

16  deemed required, the remaining allegations in paragraph 66 comprise attorney characterizations

17  and are accordingly denied.

18      67.    Monsanto denies the allegations in paragraph 67.  The IARC working group

19  concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

20  which, per IARC's guidelines, means that the working group could not rule out chance, bias or

21  confounding so as to reach any conclusion of an increased risk.

22      68.    In response to the allegations in paragraph 68, Monsanto states that the document

23  speaks for itself and does not require a response.  To the extent that a response is deemed

24  required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly

25  denied.

26      69.    Monsanto denies the allegations in paragraph 69.

27      70.    The allegations in paragraph 70 comprise attorney characterizations and are

28  accordingly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03724-VC

71.     Monsanto admits the allegations in paragraph 71.

72.     In response to the allegations in paragraph 72, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 72 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 72.

73.     In response to the allegations in paragraph 73, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 73.

74.     The allegations in paragraph 74 are vague and ambiguous and are accordingly denied.

75.     In response to the allegations in paragraph 75, Monsanto states that the cited document speaks for itself and does not require a response.

76.     In response to the allegations in paragraph 76, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 76 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     In response to the allegations in paragraph 78, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 78.

79.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto admits the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto admits the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 96.

97.     In response to the allegations in paragraph 97, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the products' EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 97.

98.     In response to the allegations in paragraph 98, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 98.

99.     In response to the allegations in paragraph 99, Monsanto admits that EPA

1   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

2   evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

3   denies the remaining allegations in paragraph 99.

4        100.    In response to the allegations in paragraph 100, Monsanto admits that plaintiff has

5   accurately quoted from one passage in an EPA document in 1991 with respect to the designation

6   of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not

7   pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and

8   the EPA CARC Final Report discussed above, other specific findings of safety include:

9   - "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that
10   shows evidence of non-carcinogenicity for humans—based on the lack of convincing
11   evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
   Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
   http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.
12   - "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
13   60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

14   - "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
   Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

15   - "There is [an] extensive database available on glyphosate, which indicate[s] that
16   glyphosate is not mutagenic, not a carcinogen, and not a developmental or
   reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
17   73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

18   - "EPA has concluded that glyphosate does not pose a cancer risk to humans."
19   Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be
   codified at 40 C.F.R. pt. 180).
20
21   - "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible
   cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body
22   of research does not provide evidence to show that [g]lyphosate causes cancer and
   does not warrant any change in EPA's cancer classification for [g]lyphosate."
23   *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder
   Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th
24   Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of
   Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-
25   5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk
26   Statement").

27   Monsanto denies the remaining allegations in paragraph 100.

28        101.    In response to the allegations in paragraph 101, Monsanto admits that it – along

- 12 -

1  with a large number of other companies and governmental agencies – was defrauded by two

2  chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

3  testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

4  toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

5  glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

6  studies.  To the extent that the allegations in paragraph 101 are intended to suggest that

7  Monsanto was anything other than a victim of this fraud, such allegations are denied.

8          102.    In response to the allegations in paragraph 102, Monsanto admits that IBT

9  Laboratories was hired to conduct toxicity studies in connection with the registration of a

10  Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

11  based upon any fraudulent or false IBT studies.

12          103.    Monsanto denies the allegations in paragraph 103 to the extent they suggest that

13  EPA performed an inspection of IBT Laboratories solely or specifically in connection with

14  studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

15  Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

16  connection with services provided to a broad number of private and governmental entities and

17  that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

18  one of several pesticide manufacturers who had used IBT test results.  The audit found some

19  toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

20  Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

21  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

22  based upon any invalid IBT studies.  To the extent that the allegations in paragraph 103 are

23  intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

24  denies those allegations.

25          104.    In response to the allegations in paragraph 104, Monsanto admits that three IBT

26  employees were convicted of the charge of fraud, but Monsanto denies that any of the

27  individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

28  herbicides.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03724-VC

1    105.    In response to the allegations in paragraph 105, Monsanto admits that it – along

2    with numerous other private companies – hired Craven Laboratories as an independent

3    laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

4    denies the remaining allegations in paragraph 105.

5    106.    In response to the allegations in paragraph 106, Monsanto admits that EPA

6    investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

7    paragraph 106 are intended to suggest that Monsanto was anything other than a victim of this

8    fraud, Monsanto denies those allegations.

9    107.    In response to the allegations in paragraph 107, Monsanto admits that it was

10   defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

11   at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 107

12   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

13   denies those allegations.

14   108.    In response to the allegations in paragraph 108, Monsanto admits that it has stated

15   and continues to state that Roundup®-branded products are safe when used as labeled and that

16   they are non-carcinogenic and non-genotoxic.

17   109.    In response to the allegations in paragraph 109, Monsanto admits that a 1986 joint

18   report of the World Health Organization and Food and Agriculture Organization of the United

19   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

20   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

21   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

22   carcinogen.  Monsanto denies the remaining allegations in paragraph 109.

23   110.    Monsanto denies the allegations in paragraph 110.

24   111.    Monsanto denies the allegations in paragraph 111.

25   112.    Monsanto denies the allegations in paragraph 112.

26   113.    Monsanto denies the allegations in paragraph 113.

27   114.    Monsanto denies the allegations in paragraph 114.

28   115.    Monsanto denies the allegations in paragraph 115.

1    116.    Monsanto denies the allegations in paragraph 116.

2    117.    Monsanto denies the allegations in paragraph 117.

3    118.    Monsanto denies the allegations in paragraph 118.

4    119.    Monsanto denies the allegations in paragraph 119.

5    120.    Monsanto denies the allegations in paragraph 120.

6    121.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 121 and therefore denies those allegations.

8    122.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 122 and therefore denies those allegations.

10   123.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations in the first sentence of paragraph 123 and therefore denies those

12   allegations.  Monsanto denies the remaining allegations in paragraph 123.

13   124.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations in paragraph 124 and therefore denies those allegations.

15   125.    Monsanto incorporates by reference its responses to paragraphs 1 through 124 in

16   response to paragraph 125 of plaintiff's Complaint.

17   126.    The allegations in paragraph 126 set forth conclusions of law for which no

18   response is required.

19   127.    Monsanto denies the allegations in paragraph 127.

20   128.    Monsanto denies the allegations in paragraph 128, including each of its subparts.

21   129.    Monsanto denies the allegations in paragraph 129.

22   130.    Monsanto denies the allegations in paragraph 130.

23   131.    Monsanto denies the allegations in paragraph 131, including each of its subparts.

24   132.    Monsanto denies the allegations in paragraph 132.

25   133.    Monsanto denies the allegations in paragraph 133.

26   134.    Monsanto denies the allegations in paragraph 134.

27   135.    In response to the allegations in the first sentence of paragraph 135, Monsanto

28   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03724-VC

1    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

2    fees as allowed by law and such further and additional relief as this Court may deem just and

3    proper.  The statement in the last sentence of paragraph 135 sets forth a conclusion of law for

4    which no response is required.

5         136.    Monsanto incorporates by reference its responses to paragraphs 1 through 135 in

6    response to paragraph 136 of plaintiff's Complaint.

7         137.    Monsanto denies the allegations in paragraph 137.

8         138.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 138 and therefore denies those allegations.

10        139.    Monsanto denies the allegations in paragraph 139.

11        140.    Monsanto denies the allegations in paragraph 140.

12        141.    Monsanto denies the allegations in paragraph 141.

13        142.    Monsanto denies the allegations in paragraph 142, including each of its subparts.

14        143.    Monsanto denies the allegations in paragraph 143.

15        144.    Monsanto denies that Roundup®-branded products have "dangerous

16   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the remaining allegations in paragraph 144 and therefore denies those allegations.

18        145.    Monsanto denies the allegations in paragraph 145.

19        146.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 146 and therefore denies those allegations.

21        147.    Monsanto denies the allegations in paragraph 147.

22        148.    The allegations in paragraph 148 set forth conclusions of law for which no

23   response is required.

24        149.    Monsanto denies the allegations in paragraph 149.

25        150.    Monsanto denies the allegations in paragraph 150.

26        151.    Monsanto denies the allegations in paragraph 151.

27        152.    Monsanto denies the allegations in paragraph 152.

28        153.    Monsanto denies the allegations in paragraph 153.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03724-VC

1    154.    Monsanto denies the allegations in paragraph 154.

2    155.    Monsanto denies the allegations in paragraph 155.

3    156.    Monsanto denies the allegations in paragraph 156.

4    157.    Monsanto denies the allegations in paragraph 157.

5    158.    Monsanto denies the allegations in paragraph 158.

6    In response to the allegations in the first sentence of the "WHEREFORE" paragraph

7    following paragraph 158, Monsanto demands that judgment be entered in its favor and against

8    plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded

9    costs of suit and reasonable attorney's fees as allowed by law and such further and additional

10   relief as this Court may deem just and proper.  The statement in the last sentence of the

11   "WHEREFORE" paragraph following paragraph 158 sets forth a conclusion of law for which no

12   response is required.

13   159.    Monsanto incorporates by reference its responses to paragraphs 1 through 158 in

14   response to paragraph 159 of plaintiff's Complaint.

15   160.    Monsanto denies allegations in paragraph 160.

16   161.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in paragraph 161 and therefore denies those allegations.

18   162.    Monsanto denies the allegations in paragraph 162.

19   163.    Monsanto denies the allegations in paragraph 163.

20   164.    Monsanto denies the allegations in paragraph 164, including each of its subparts.

21   165.    Monsanto denies the allegations in paragraph 165.

22   166.    Monsanto denies that Roundup®-branded products have "dangerous

23   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

24   truth of the remaining allegations in paragraph 166 and therefore denies those allegations.

25   167.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26   truth of the allegations in paragraph 167 and therefore denies those allegations.

27   168.    Monsanto denies the allegations in paragraph 168.

28   169.    The allegations in paragraph 169 set forth conclusions of law for which no

- 17 -

1  response is required.

2    170.   Monsanto denies the allegations in paragraph 170.

3    171.   Monsanto denies the allegations in paragraph 171.

4    172.   Monsanto denies the allegations in paragraph 172.

5    173.   Monsanto denies the allegations in paragraph 173.

6    174.   Monsanto denies the allegations in paragraph 174.

7    175.   Monsanto denies the allegations in paragraph 175.

8    176.   Monsanto denies the allegations in paragraph 176.

9    177.   Monsanto denies the allegations in paragraph 177.

10    178.   Monsanto denies the allegations in paragraph 178.

11    179.   Monsanto denies the allegations in paragraph 179.

12    In response to the allegations in the first sentence of the "WHEREFORE" paragraph

13  following paragraph 179, Monsanto demands that judgment be entered in its favor and against

14  plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded

15  costs of suit and reasonable attorney's fees as allowed by law and such further and additional

16  relief as this Court may deem just and proper.  The statement in the last sentence of the

17  "WHEREFORE" paragraph following paragraph 179 sets forth a conclusion of law for which no

18  response is required.

19    180.   Monsanto incorporates by reference its responses to paragraphs 1 through 179 in

20  response to paragraph 180 of plaintiff's Complaint.

21    181.   The allegations in paragraph 181 set forth conclusions of law for which no

22  response is required.

23    182.   Monsanto lacks information or knowledge sufficient to form a belief as to the

24  truth of the allegations in paragraph 182 and therefore denies those allegations.

25    183.   Monsanto denies the allegations in paragraph 183.  All labeling of Roundup®-

26  branded products has been and remains EPA-approved and in compliance with all federal

27  requirements under FIFRA.

28    184.   Monsanto denies the allegations in paragraph 184.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03724-VC

185.     Monsanto denies the allegations in paragraph 185.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

186.     Monsanto denies the allegations in paragraph 186.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA and with Florida law.

187.     Monsanto denies the allegations in paragraph 187.

188.     Monsanto denies the allegations in paragraph 188.

189.     The allegations in paragraph 189 set forth conclusions of law for which no response is required.

190.     Monsanto denies the allegations in paragraph 190.

191.     Monsanto denies the allegations in paragraph 191.

192.     Monsanto denies the allegations in paragraph 192.

193.     Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 193.

194.     The allegations in paragraph 194 set forth conclusions of law for which no response is required.

195.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 195 and therefore denies those allegations.

196.     Monsanto denies the allegations in paragraph 196.

197.     Monsanto denies the allegations in paragraph 197.

198.     Monsanto denies the allegations in paragraph 198.

199.     Monsanto denies the allegations in paragraph 199.

200.     Monsanto denies the allegations in paragraph 200.

In response to the allegations in the first sentence of the "WHEREFORE" paragraph following paragraph 200, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional

1 relief as this Court may deem just and proper.  The statement in the last sentence of the

2 "WHEREFORE" paragraph following paragraph 200 sets forth a conclusion of law for which no

3 response is required.

4      201.    Monsanto incorporates by reference its responses to paragraphs 1 through 200 in

5 response to paragraph 201 of plaintiff's Complaint.

6      202.    The allegations in paragraph 202 set forth conclusions of law for which no

7 response is required.

8      203.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9 truth of the allegations in paragraph 203 and therefore denies those allegations.

10      204.    Monsanto denies the allegations in paragraph 204.  All labeling of Roundup®-

11 branded products has been and remains EPA-approved and in compliance with all federal

12 requirements under FIFRA.

13      205.    Monsanto denies the allegations in paragraph 205.

14      206.    Monsanto denies the allegations in paragraph 206.  All labeling of Roundup®-

15 branded products has been and remains EPA-approved and in compliance with all federal

16 requirements under FIFRA.

17      207.    Monsanto denies the allegations in paragraph 207.

18      208.    Monsanto denies the allegations in paragraph 208.

19      209.    The allegations in paragraph 209 set forth conclusions of law for which no

20 response is required.

21      210.    Monsanto denies the allegations in paragraph 210.

22      211.    Monsanto denies the allegations in paragraph 211.

23      212.    Monsanto denies the allegations in paragraph 212.

24      213.    Monsanto denies the allegations that Roundup®-branded products are defective

25 and accordingly denies the allegations in paragraph 213.

26      214.    The allegations in paragraph 214 set forth conclusions of law for which no

27 response is required.

28      215.    Monsanto lacks information or knowledge sufficient to form a belief as to the

1    truth of the allegations in paragraph 215 and therefore denies those allegations.

2        216.    Monsanto denies the allegations in paragraph 216.

3        217.    Monsanto denies the allegations in paragraph 217.

4        218.    Monsanto denies the allegations in paragraph 218.

5        219.    Monsanto denies the allegations in paragraph 219.

6        220.    Monsanto denies the allegations in paragraph 220.

7        221.    Monsanto denies the allegations in paragraph 221.

8        In response to the allegations in the first sentence of the "WHEREFORE" paragraph

9    following paragraph 221, Monsanto demands that judgment be entered in its favor and against

10   plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded

11   costs of suit and reasonable attorney's fees as allowed by law and such further and additional

12   relief as this Court may deem just and proper.  The statement in the last sentence of the

13   "WHEREFORE" paragraph following paragraph 221 sets forth a conclusion of law for which no

14   response is required.

15       222.    Monsanto incorporates by reference its responses to paragraphs 1 through 221 in

16   response to paragraph 222 of plaintiff's Complaint.

17       223.    Monsanto denies the allegations in paragraph 223.

18       224.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 224 concerning the plaintiff's claimed use of Roundup®-

20   branded products and therefore denies those allegations.  The remaining allegations in paragraph

21   224 set forth conclusions of law for which no response is required.

22       225.    The allegations in paragraph 225 set forth conclusions of law for which no

23   response is required.

24       226.    Monsanto denies the allegations in paragraph 226.

25       227.    The allegation in paragraph 227 regarding a purported implied warranty sets forth

26   a conclusion of law for which no response is required.  Monsanto lacks information or

27   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

28   227 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03724-VC

1    228.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 228 concerning the condition of any Roundup®-branded

3    product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore

4    denies the allegations in paragraph 228.

5    229.    Monsanto denies the allegations in paragraph 229.

6    230.    Monsanto denies the allegations in paragraph 230.

7    231.    Monsanto denies the allegations in paragraph 231.

8    In response to the allegations in the first sentence of the "WHEREFORE" paragraph

9    following paragraph 231, Monsanto demands that judgment be entered in its favor and against

10   plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded

11   costs of suit and reasonable attorney's fees as allowed by law and such further and additional

12   relief as this Court may deem just and proper.  The statement in the last sentence of the

13   "WHEREFORE" paragraph following paragraph 231 sets forth a conclusion of law for which no

14   response is required.

15   232.    Monsanto incorporates by reference its responses to paragraphs 1 through 231 in

16   response to paragraph 232 of plaintiff's Complaint.

17   233.    In response to the allegations in paragraph 233, Monsanto admits that it has

18   manufactured, distributed, advertised, promoted, and sold Roundup®-branded products.

19   234.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 234 concerning plaintiff's claimed use of Roundup®-branded

21   products and therefore denies those allegations.  Monsanto admits that it has sold glyphosate

22   based herbicides in accordance with their EPA-approved labeling.  The remaining allegations in

23   paragraph 234 set forth conclusions of law for which no response is required.

24   235.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25   truth of the allegations in paragraph 235 concerning plaintiff's foreseeable use of Roundup®-

26   branded products and therefore denies those allegations.  The remaining allegations in paragraph

27   235 set forth conclusions of law for which no response is required.

28   236.    Monsanto lacks information or knowledge sufficient to form a belief as to the

1    truth of the allegations in paragraph 236 and therefore denies those allegations.

2         237.    Monsanto lacks information or knowledge sufficient to form a belief as to the

3    truth of the allegations in paragraph 237 and therefore denies those allegations.

4         238.    The allegations in paragraph 238 set forth conclusions of law for which no

5    response is required.

6         239.    The allegations in paragraph 239 set forth conclusions of law for which no

7    response is required.

8         240.    Monsanto denies the allegations in paragraph 240.

9         241.    Monsanto denies the allegations in paragraph 241.

10        242.    Monsanto denies the allegations in paragraph 242.

11        243.    Monsanto denies the allegations in paragraph 243.

12        244.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13   truth of the allegations in paragraph 244 regarding plaintiff's reliance and therefore denies those

14   allegations.  Monsanto denies the remaining allegations in paragraph 244.

15        245.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 245 regarding reliance by plaintiff and others and therefore

17   denies those allegations.  Monsanto denies the remaining allegations in paragraph 245.

18        246.    Monsanto denies the allegations in paragraph 246.

19        247.    Monsanto denies the allegations in paragraph 247.

20        248.    Monsanto denies the allegations in paragraph 248.

21        249.    Monsanto denies the allegations in paragraph 249.

22        250.    Monsanto denies the allegations in paragraph 250.

23        In response to the allegations in the first sentence of the "WHEREFORE" paragraph

24   following paragraph 250, Monsanto demands that judgment be entered in its favor and against

25   plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded

26   costs of suit and reasonable attorney's fees as allowed by law and such further and additional

27   relief as this Court may deem just and proper.  The statement in the last sentence of the

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03724-VC

1   "WHEREFORE" paragraph following paragraph 250 sets forth a conclusion of law for which no

2   response is required.

3        251.    Monsanto incorporates by reference its responses to paragraphs 1 through 250 in

4   response to paragraph 251 of plaintiff's Complaint.

5        252.    In response to the allegations in paragraph 252 and its subparts, Monsanto admits

6   that Roundup®-branded products are safe, non-carcinogenic, and non-genotoxic when used in

7   accordance with the products' EPA approved labeling.  Monsanto lacks information or

8   knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff and

9   therefore denies those allegations.  The remaining allegations in paragraph 252 are vague and

10  conclusory and comprise attorney characterizations and are accordingly denied.

11       253.    Monsanto denies the allegations in paragraph 253.

12       254.    Monsanto denies the allegations in paragraph 254.

13       255.    Monsanto denies the allegations in paragraph 255.

14       256.    Monsanto denies the allegations in paragraph 256.

15       257.    Monsanto denies the allegations in paragraph 257.

16       In response to the allegations in the first sentence of the "WHEREFORE" paragraph

17  following paragraph 257, Monsanto demands that judgment be entered in its favor and against

18  plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded

19  costs of suit and reasonable attorney's fees as allowed by law and such further and additional

20  relief as this Court may deem just and proper.  The statement in the last sentence of the

21  "WHEREFORE" paragraph following paragraph 257 sets forth a conclusion of law for which no

22  response is required.

23       258.    Monsanto incorporates by reference its responses to paragraphs 1 through 257 in

24  response to paragraph 258 of plaintiff's Complaint.

25       259.    Monsanto admits that plaintiff purports to bring certain claims alleged in

26  paragraph 259 of the Complaint but denies any liability as to those claims.

27       260.    Monsanto denies the allegations in paragraph 260.

28       261.    Monsanto denies the allegations in paragraph 261.

262.     Monsanto denies the allegations in paragraph 262.

263.     Monsanto denies the allegations in paragraph 263.

264.     Monsanto denies the allegations in paragraph 264.

265.     Monsanto denies the allegations in paragraph 265.

266.     Monsanto denies the allegations in paragraph 266.

267.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 267 regarding plaintiff's actions, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 267.

268.     Monsanto denies the allegations in paragraph 268.

269.     Monsanto denies the allegations in paragraph 269.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

270.     Monsanto denies the allegations in paragraph 270.

271.     The allegations in paragraph 271 set forth conclusions of law for which no response is required.

272.     The allegations in paragraph 272 set forth conclusions of law for which no response is required.

273.     Monsanto denies the allegations in paragraph 273.

274.     Monsanto denies the allegations in paragraph 274.

275.     Monsanto denies the allegations in paragraph 275.

276.     Monsanto denies the allegations in paragraph 276.

277.     Monsanto denies the allegations in paragraph 277.

278.     Monsanto denies the allegations in paragraph 278.

279.     Monsanto denies the allegations in the first sentence of paragraph 279.  Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability as to that claim.

In response to the allegations in the first sentence of the "WHEREFORE" paragraph following paragraph 279, Monsanto demands that judgment be entered in its favor and against

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03724-VC

1    plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded

2    costs of suit and reasonable attorney's fees as allowed by law and such further and additional

3    relief as this Court may deem just and proper.  The statement in the last sentence of the

4    "WHEREFORE" paragraph following paragraph 279 sets forth a conclusion of law for which no

5    response is required.

6            In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

7    denies that plaintiff is entitled to the relief sought therein, including any judgment for any

8    damages, interest, costs, or any other relief whatsoever.

9            Every allegation in the Complaint that is not specifically and expressly admitted in this

10   Answer is hereby specifically and expressly denied.

11                  **SEPARATE AND AFFIRMATIVE DEFENSES**

12           1.      The Complaint, in whole or part, fails to state a claim or cause of action upon

13   which relief can be granted.

14           2.      Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

15   reliable evidence that the products at issue were defective or unreasonably dangerous.

16           3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted,

17   was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

18   plaintiff's alleged injuries.

19           4.      Plaintiff's claims are barred, in whole or in part, because the products at issue

20   were designed, manufactured, marketed and labeled with proper warnings, information, cautions

21   and instructions, in accordance with the state of the art and the state of scientific and

22   technological knowledge.

23           5.      Plaintiff's claims are barred, in whole or in part, because the products at issue

24   were not defective or unreasonably dangerous in that they complied with, at all relevant times,

25   all applicable government safety standards.

26           6.      Any claims based on allegations that Monsanto misled, defrauded, made

27   misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

28   *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

1     *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

2         7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law

3 relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

4 processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

5         8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA

6 findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

7 product labeling.

8         9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary

9 jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10        10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if

11 any, were the result of conduct of plaintiff, independent third parties, and/or events that were

12 extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

13 independent, intervening and superseding causes of the alleged injuries, including but not limited

14 to plaintiff's pre-existing medical conditions.

15        11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j

16 and k, bar plaintiff's claims against Monsanto in whole or in part.

17        12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or

18 in part.

19        13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions

20 bar plaintiff's claims in whole or in part.

21        14.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries

22 or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is

23 neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the

24 relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or

25 causes that are not related or connected with any product sold, distributed, or manufactured by

26 Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an

27 independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

28

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff has failed to allege fraud with sufficient particularity.

18.     Plaintiff's claims are preempted or otherwise barred in whole or in or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the California Constitution, the Ohio Constitution, and/or other applicable state constitutions.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under California law, Ohio law and/or other applicable state laws.

21.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Ohio Rev. Code Ann. § 2315.21.

22.      Plaintiff's claims are barred in whole or in part by plaintiff's contributory/comparative negligence.

23.     Plaintiff's claims are barred in whole or in part by plaintiff's failure to mitigate damages.

24.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

25.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources

26.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

27.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03724-VC

28.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

29.     Plaintiff's common law claims are barred, in whole or in part, by application of the Ohio Products Liability Act ("OPLA"), Ohio Rev. Code Ann. §§ 2307.71-2307.80.

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  July 1, 2020                               Respectfully submitted,


                                                    /s/ Eric G. Lasker
                                                    Joe G. Hollingsworth (*pro hac vice*)
                                                    (jhollingsworth@hollingsworthllp.com)
                                                    Eric G. Lasker (*pro hac vice*)
                                                    (elasker@hollingsworthllp.com)
                                                    HOLLINGSWORTH LLP
                                                    1350 I Street, N.W.
                                                    Washington, DC  20005
                                                    Telephone:  (202) 898-5800
                                                    Facsimile:   (202) 682-1639

                                                    *Attorneys for Defendant*
                                                    *MONSANTO COMPANY*