**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, N.W.
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Paula M. Winer, as Personal Representative of the Estate of Brady Nelson Winer* | **MONSANTO COMPANY'S AMENDED NOTICE OF REMOVAL OF *WINER* LAWSUIT** |

In accordance with the order issued by the United States District Court for the Northern District of Indiana on June 18, 2020, defendant Monsanto Company ("Monsanto") files this Amended Notice of Removal.[1]  Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Monsanto gives notice of removal of this action, captioned *Paula M. Winer, as Personal Representative of the Estate of Brady Nelson Winer v. Monsanto Company*, bearing

---

[1] Based on that order, this Amended Notice of Removal is due today.  However, an individual, case-specific Northern District of California civil action number has not been assigned to this lawsuit yet.  Accordingly, Monsanto files this Amended Notice of Removal on the Court's MDL-wide docket at this time.  When a case-specific civil action number is assigned, Monsanto will file this Amended Notice of Removal on the case-specific docket.

case number 85C01-2005-CT-000261, from the Circuit Court of Wabash County, Indiana to the United States District Court for the Northern District of Indiana.  Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

## Introduction

1. In this products liability lawsuit, plaintiff Paula Winer sues Monsanto for injuries allegedly caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient.  For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control.  Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries.  Since 1974, when Monsanto first introduced a Roundup®-branded herbicide to the marketplace, the United States Environmental Protection Agency repeatedly has concluded that glyphosate does not cause cancer – including as recently as January 2020.  Nevertheless, plaintiff alleges that decedent Brady Winer developed cancer – specifically, multiple myeloma – caused by exposure to Monsanto's glyphosate-based herbicides.

2. As discussed in more detail below, Monsanto removes this lawsuit because the United States District Court for the Northern District of Indiana has subject matter jurisdiction based on diversity of citizenship.  Decedent was an Indiana citizen before his death, which means that plaintiff – as the legal representative of his estate – is also deemed to be an Indiana citizen, for purposes of diversity jurisdiction.  Monsanto is deemed to be a citizen of Missouri (where its principal place of business is located) and Delaware (Monsanto's state of incorporation), for purposes of diversity jurisdiction.  Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332.  The statutory amount-in-controversy requirement is also satisfied because this lawsuit seeks damages for cancer and death allegedly caused by exposure to Monsanto's Roundup®-branded herbicides.

**Background and Procedural History**

3. Plaintiff commenced this lawsuit in the Circuit Court of Wabash County, Indiana by filing a Complaint, captioned *Paula M. Winer, as Personal Representative of the Estate of Brady Nelson Winer v. Monsanto Company*, case number 85C01-2005-CT-000261, on or about May 14, 2020 (the "State Court Action").

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served upon Monsanto in the State Court Action are collectively attached as **Exhibit 1**. This lawsuit seeks damages for multiple myeloma allegedly caused by exposure to Monsanto's glyphosate-based herbicides. *See, e.g.*, Complaint at pages 1-3.

5. After this lawsuit was removed to the United States District Court for the Northern District of Indiana, Monsanto filed papers with the Judicial Panel on Multidistrict Litigation ("JPML") to transfer this lawsuit to this Court. Plaintiff did not object, and the JPML issued an order effectuating the transfer.

**Basis For Removal – Diversity Jurisdiction**

6. A person's citizenship for purposes of diversity jurisdiction is determined by the state in which the person is domiciled, which means the state where his permanent home is located – *i.e.*, where the person resides with the intention to remain or to which he intends to return. *See, e.g.*, *Adams v. West Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020). Although the Complaint in this case does not specifically allege decedent's residency, domicile, or citizenship, that does not preclude the Court from determining decedent's citizenship for purposes of assessing whether diversity jurisdiction exists in this case. Federal district courts are required to consider the entire record when deciding that issue, *see, e.g.*, *Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 886 (9th Cir. 2013), namely, the complaint and other sources, including statements made in the notice of removal, *see Langevin v. Federal Express Corp.*, No. CV 14-08105 MMM (FFMx), 2015 WL 1006367, at *4 (C.D. Cal. Mar. 6, 2015); *see also Osorio v. Hol-Mac Corp.*, No. 20-cv-00236-JCS, 2020 WL 1240165 (N.D. Cal. Mar. 15, 2020) (assessing diversity jurisdiction based in part on documents informally provided to defendant's

3

counsel by plaintiff's counsel).  Determining a person's domicile involves a number of factors (with no single factor controlling), including the person's current residence, location of real property, location of the person's spouse, membership in unions and other organizations, and place of employment or business.  *See, e.g.*, *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Langevin*, 2015 WL 1006367, at *4 (quoting *Lew*, 797 F.2d at 750).  Moreover, "[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary; and a domicile, when acquired, is presumed to continue until it is shown to have been changed." *Anderson v. Watts*, 138 U.S. 694, 706 (1891); *Simmons v. Ford Motor Co.*, No. 19-cv-04802-EJD, 2020 WL 1151197, at *4 (N.D. Cal. Mar. 10, 2020) (quoting *Anderson*, 138 U.S. at 706); *see also NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) ("It is a longstanding principle that '[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary.'" (quoting *Anderson*, 138 U.S. at 706)).

7.     Based on the entire record before this Court (the allegations in the Complaint and other publicly available information discussed below), decedent was a resident and citizen of Indiana before and when he died.  Plaintiff allegedly is the authorized representative of decedent's estate, which was established in Wabash County, Indiana.  Complaint ¶ 1.  Decedent died in Wabash County, Indiana and resided in Wabash County, Indiana when he died.  Petition for Appointment of Administrator for Purposes of Filing Action for Wrongful Death ¶¶ 2-3, *In re Estate of Brady Nelson Winer*, No. 85C-01-2005-EU-000039 (Circuit Ct. of Wabash County, Ohio May 5, 2020) ("Petition") (attached as **Exhibit 2**); Obituary for Brady Winer, https://www.grandstaff-hentgen.com/obituary/6323478 (last visited July 2, 2020) ("Obituary") (attached as **Exhibit 3**); Westlaw Report re Brady Winer ("Westlaw Report") (excerpts attached as **Exhibit 4**).  Decedent allegedly used the Roundup®-branded herbicides at issue here at his farm home, Complaint at page 1, and part of the acts that allegedly caused his death occurred in Wabash County, Indiana, Petition ¶ 3.  Decedent was born in Wabash County, Indiana; graduated from high school in Wabash County, Indiana; got married in Wabash County, Indiana; was employed for 22 years by a company based in Wabash County, Indiana before he retired;

was a member of a church located in Wabash County, Indiana, and was buried at a cemetery in Wabash, Indiana. *See* Obituary.[2] Moreover, publicly available records show that decedent's social security number was issued in Indiana; that he owned real property in Indiana with his spouse, plaintiff Paula Winer; and that he lived in Indiana since at least 1993. *See* Westlaw Report; Westlaw Report re Paula Winer (excerpts attached as **Exhibit 5**). In sum, decedent was domiciled in Indiana for many years, and there is no evidence to establish that he changed his Indiana domicile before he died, so the presumption is that he continued to be domiciled in Indiana when he died. Thus, decedent was an Indiana citizen before and when he died.

8.  As the legal representative of decedent's estate, plaintiff is deemed to be a citizen of only the same state as decedent, for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(2). Therefore, plaintiff is deemed to be an Indiana citizen, for purposes of diversity jurisdiction.

9.  Monsanto is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri. Complaint ¶ 2. Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of diversity jurisdiction.

10. The Complaint seeks compensatory and punitive damages – in excess of $75,000, exclusive of interest and costs, Complaint at pages 24, 29, 34 – based on allegations that Monsanto's Roundup®-branded herbicides caused decedent to develop, and die from, cancer (multiple myeloma). Therefore, it is plausible from the face of the Complaint that this lawsuit seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal

---

[2] The Obituary states that decedent graduated from Northfield High School. That school is located in Wabash County, Indiana, according to the school's website, according to the school's website, https://www.msdwc.k12.in.us/njshs-home (last visited July 2, 2020). The Obituary states that decedent was employed by Ford Meter Box for 22 years before he retired. That company was incorporated in Wabash, Indiana more than 100 years ago, and its headquarters are located in Wabash County, Indiana, according to that company's website, https://www.fordmeterbox.com (last visited July 2, 2020).

need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Ross v. First Family Fin. Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332."). In fact, numerous other lawsuits seeking damages for cancer (including multiple myeloma) allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in federal courts asserting jurisdiction under § 1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

11.     In sum, the United States District Court for the Northern District of Indiana has original subject matter jurisdiction over this action based on § 1332(a) because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## Procedural Requirements

12.     The Circuit Court of Wabash County, Indiana is located within the Northern District of Indiana. Therefore, removal to the United States District Court for the Northern District of Indiana satisfies the venue requirement of 28 U.S.C. § 1446(a).

13.     Monsanto received notice of process in the State Court Action on May 18, 2020. Monsanto's Notice of Removal was timely, in accordance with 28 U.S.C. § 1446(b) (1), because it was filed on June 8, 2020 – within 30 days of May 18, 2020.

14.     The written notice required by 28 U.S.C. § 1446(d) was promptly filed in the Circuit Court of Wabash County, Indiana and was promptly served on plaintiff.

15.     Monsanto does not waive any legal defenses and expressly reserves its right to raise any and all legal defenses in subsequent proceedings.

16.     If any question arises as to the propriety of this removal, Monsanto requests the opportunity: (a) to pursue discovery to address any such question; and (b) to present written and oral argument in support of removal.

**Conclusion**

For the foregoing reasons, Monsanto has removed this lawsuit to the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

DATED:  July 2, 2020                                    Respectfully submitted,

                                                                        /s/ Eric G. Lasker
                                                                        Eric G. Lasker (*pro hac vice*)
                                                                        (elasker@hollingsworthllp.com)
                                                                        Martin C. Calhoun (*pro hac vice*)
                                                                        (mcalhoun@hollingsworthllp.com)
                                                                        HOLLINGSWORTH LLP
                                                                        1350 I Street, N.W.
                                                                        Washington, DC 20005
                                                                        Tel: 202-898-5800
                                                                        Fax: 202-682-1639

                                                                        Attorneys for Defendant MONSANTO COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of July, 2020, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system and was sent by first-class mail to counsel for plaintiff:

    Daniel Vanderpool
    Isaiah Vanderpool
    Vanderpool Law Firm
    1810 E. Center Street
    Warsaw, IN  46580

    /s/ Eric G. Lasker
    Eric G. Lasker

    *Counsel for Defendant Monsanto Company*