Paul J. Napoli (NY 2513141)
Hunter J. Shkolnik (NY 2031458)
NAPOLI SHKOLNIK, PLLC
360 Lexington Avenue
New York, New York 10017
pnapoli@nsprlaw.com
hunter@napolilaw.com
Phone: (212) 397-1000
Fax: (312) 610-5680

Thomas C. Goldstein (MD 9512120307)
Eric F. Citron (MD 1608240002)
Daniel Woofter (MD 1812120199)
GOLDSTEIN & RUSSELL, P.C.
7475 Wisconsin Ave., Suite 850
Bethesda, MD 20815
tg@goldsteinrussell.com
Phone: (202) 362-0636
Fax: (866) 574-2033

Christopher L. Schnieders (KS 22434)
NAPOLI SHKOLNIK, PLLC
6731 W. 121st Street, Suite 201
Overland Park, KS 66209
cschnieders@napolilaw.com
Phone: (212) 397-1000
Fax: (312) 610-5680

*Counsel for Plaintiffs Elaine Wagner, Salvatore Bonina, Terry Kimble,
and Nicolo Catania*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741<br><br>Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO:<br><br>*Ramirez, et al. v. Monsanto Co.*, Case No. 3:19-cv-02224 | **MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO THE MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, APPOINTMENT OF INTERIM CLASS AND SUBCLASS COUNSEL, DIRECTION OF NOTICE UNDER FED. R. CIV. P. 23(e), SCHEDULING OF A FAIRNESS HEARING, AND STAY OF THE FILING AND PROSECUTION OF ROUNDUP-RELATED ACTIONS BY SETTLEMENT CLASS MEMBERS** |

## TABLE OF CONTENTS

LEGAL STANDARDS ..................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND.....................................................1

REASONS FOR GRANTING AN EXTENSION OF TIME ........................................2

CONCLUSION................................................................................................................9

**MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO THE MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, APPOINTMENT OF INTERIM CLASS AND SUBCLASS COUNSEL, DIRECTION OF NOTICE UNDER FED. R. CIV. P. 23(e), SCHEDULING OF A FAIRNESS HEARING, AND STAY OF THE FILING AND PROSECUTION OF ROUNDUP-RELATED ACTIONS BY SETTLEMENT CLASS MEMBERS[1]**

Plaintiffs, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 6(b)(1)(a) and Local Rule 6.3, hereby respectfully request an extension of time to file a response with respect to the pending Motion for Preliminary Approval of Class Settlement for 30 days up to and including August 7, 2020.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 6(b)(1)(a) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

Pursuant to Local Rule 6(1)(a), Plaintiffs contacted counsel of the proposed class to agree on a stipulation for an extension of time to file response to the motion, but proposed class counsel would not agree to an extension.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 2016, counsel for the proposed class filed a Complaint in the United States District Court for the Northern District of California, on behalf of

---

[1] The Motion for Preliminary Approval of Class Settlement, Appointment of Interim Class and Subclass Counsel, Direction of Notice under Fed. R. Civ P. 23(e), Scheduling of a Fairness Hearing, and Stay of the Filing and Prosecution of Roundup-Related Actions by Settlement Class Members, MDL Doc. 11042, No. 3:16-md-02741-VC (June 24, 2020), is cited herein as "Motion for Preliminary Approval."

individuals who suffered injuries, damages, losses, and even death due to non-Hodgkin's Lymphoma caused by Roundup exposure.  On April 27, 2020, a Motion to Appoint Interim Class Counsel was denied without prejudice by this Court.  MDL Doc. 10587.  On June 24, 2020, a stipulation for an Amended Class Complaint was filed by alternative class counsel, together with a motion requesting that the Court grant preliminary approval to a new and "unusual Settlement for an unusual Class." *See* Motion for Preliminary Approval 12.  This motion also sought appointment of Interim Class Counsel and Subclass Counsel; the direction of notice to the class; the scheduling of a final fairness hearing; and a stay of the filing and prosecution of Roundup-related actions by class members.

The motion itself is nearly 60 pages long, the associated amended complaint is 50 pages, the settlement agreement and its exhibits encompass 210 pages, and there are hundreds more pages of associated declarations and exhibits.

Under ordinary circumstances, the response to this motion would be due within 14 days.  Both proposed class counsel and the defendants have denied consent to any extension.

### REASONS FOR GRANTING AN EXTENSION OF TIME

The time to file a response to the motion should be extended for 30 days, to and including August 7, 2020, for several reasons.  We begin with several ordinary and yet pressing—and fully adequate—reasons for an extension, and then turn to a few exceptional reasons specific to this case.

First, undersigned counsel from Goldstein & Russell, P.C., were only recently retained to work on this response motion, and require additional time to review the extensive materials at issue in this case and prepare an adequate and concise response for the benefit of the Court. Immediately upon the filing of the settlement, Plaintiffs' existing counsel recognized that the unique issues presented would benefit from the attention of subject matter experts in the constitutional and federal courts questions raised here. They immediately contacted Thomas Goldstein of Goldstein & Russell, P.C. (G&R), and G&R evaluated its conflicts and agreed on retention terms as quickly as practicable. But the remaining time to respond to this motion is now exceedingly short, even putting aside the "unusual," "complex," and "unique" questions presented here. *See, e.g.*, Motion for Preliminary Approval 12, 51, 52, 53.

Second, and relatedly, the press of other matters and scheduling conflicts makes the response particularly difficult absent an extension. Undersigned counsel is currently responsible for numerous pending matters in federal district courts, the courts of appeals, and the Supreme Court. These include:

- *Google v. Oracle*, No. 18-956 (U.S.), in which counsel—representing the Petitioner in that case—must file a supplemental merits brief by 2:00 PM on August 7, 2020.

- *Wal-Mart v. Texas Alcoholic Beverage Comm'n*, No. 19-1368 (U.S.), in which counsel must file an *amicus brief* before July 13, 2020.

3

MOTION FOR EXTENSION OF TIME
MDL NO. 2741, CASE NO. 3:16-MD-02741

- *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, No. 8:14-cv-01664-JVS-DFM (C.D. Cal.), in which counsel will file both a reply brief and participate in a motions hearing this month.

- Several other, prescheduled and non-public matters in which counsel has work product due to clients within the next two weeks.

These scheduling conflicts are exacerbated by several unusual factors. We are in the midst of a national pandemic and G&R's offices are closed. Mr. Goldstein is currently located in Wyoming and working from home with his family; Mr. Citron is currently located in Washington, D.C., is working from home, and has three young children whose summer camps and activities have all been cancelled. The realities of the pandemic place extraordinary constraints on their time: For example, in addition to the many other dislocations caused by the COVID-19 pandemic, Mr. Citron has a preexisting commitment to retrieve one of his children from a grandparent that requires at least ten hours of driving this week, and he typically attends to at least one child for several hours each work day.

The short time frame also prevents the rescheduling of other personal matters: Among other things, Mr. Citron is closing on a new home and relocating his family on Monday July 6th and Mr. Goldstein is celebrating his 50th birthday on Sunday, July 5th. And, of course, the July 4th holiday begins tomorrow.

Third, it is not plausible under the circumstances for either class counsel or the defendants to assert that there is any prejudice or unfairness from the requested extension. This multi-district litigation has been pending since 2016. The proposed

4

class settlement was negotiated for nearly a year, since the Court appointed Kenneth Feinberg as a mediator. *See* MDL Doc. 4441. Class counsel has had months to prepare the settlement agreement and motion for preliminary approval, the nature of which was not public until the filing of their motion last week. Yet the movants now wish to hold Plaintiffs to a 14-day period in which to review their extensive filing, evaluate and research the novel issues presented (many of which are not even mentioned in the motion itself), and prepare a thorough response. At a minimum, this reflects a highly asymmetrical demand for expedition. It might be more precisely described as an effort to prejudice Plaintiffs' ability to file an adequately researched and well-crafted response.

Finally, we must stress that the demand that Plaintiffs respond within the ordinary 14-day deadline imposed on even the most mundane motions—under the extraordinary circumstances of a national pandemic, a national holiday, and an extensive motion filing—is particularly absurd given the representations in the motion itself about the "unusual," "unique," and "complex" aspects of this case and proposed settlement. Put another way, it is highly unlikely that imposing a 14-day deadline would be appropriate under the real-world circumstances even if this were an ordinary preliminary approval motion. But this is not an ordinary motion; the movants openly recognize that they are asking for major deviations from ordinary practices (what they call "[t]he grist of the MDL mill"). *See* Motion for Preliminary Approval 1. In fact, they recognize the "unusual," "unique," and "[a]typical" nature of their motion on page after page of their motion. *See* Motion for Preliminary

5

Approval 12, 19, 51, 52, 53. It cannot benefit this Court to be deprived of a fully researched and vetted response on the extraordinary set of constitutional and complex federal litigation issues the movants have presented.

Indeed, even if the movants had not recognized the unusual issues raised by their settlement, the legal press and neutral, academic experts in complex litigation have *already* identified this as a "novel" class-action settlement that tries to "change the way defendants buy global peace" in complex cases, and that will raise serious legal questions. *See, e.g.*, Alison Frankel, *Bayer Wants to Resolve Future Roundup Liability in a Class Action. A New Mass Torts Paradigm*, Rueters (June 25, 2020).[2] According to Professor Elizbeth Burch of the University of Georgia School of Law, the proposal is "a stretch of different [class-action devices] patchworked together in a new way." *Id.* And Professor Brian Wolfman of Georgetown University Law Center notes that there are big legal issues as to "whether you can really do something like this." *Id.* Both he and Professor Burch note that the proposal raises "hard questions" for this Court and presumably higher courts as well. *Id.*

These questions are not just hard; the objections to the settlement are likely to be meritorious. Among the many issues this Court will need to consider, the "most controversial element" of the proposed settlement "is the science panel, made up of five experts selected by consent by both sides, which would determine general causation for all future lawsuits, rather than have judges and juries decide whether

---

[2] *Available at* https://www.reuters.com/article/us-otc-roundup/bayer-wants-to-resolve-future-roundup-liability-in-a-class-action-a-new-mass-torts-paradigm-idUSKBN23W39N.

glyphosate causes non-Hodgkin lymphoma." Amanda Bronstad, *Bayer's Gamble: A $1.1B Class Settlement That Could End the Roundup Weed-Killer Litigation*, Law.com (June 30, 2020).[3] Professor Burch suggests that "[t]he creation of such a court-overseen science panel is rare," and "raises questions over whether future plaintiffs who may not be sick yet are getting a fair shot at pressing claims that Roundup caused their illnesses." Ruth Bender, Laura Kusisto, and Sara Randazzo, *Bayer to Pay UP to $10.9 Billion to Settle Lawsuits Over Roundup Weedkiller*, Wall Street Journal (June 24, 2020).[4] The Supreme Court has already recognized the risk that a "settlement-only class action with legal issues and future claimants" will "compromise[] their Seventh Amendment rights without their consent." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 846 (1999). And that was not a case where the proposed class-action counsel attempted to "compromise" those rights by replacing the constitutionally guaranteed jury with a "science panel," while simultaneously representing (implausibly) that giving away Plaintiffs' right to trial by jury was actually a *good* thing. *See, e.g.*, Motion for Preliminary Approval 20-21 (arguing, based on a single law-review article published this year, that the "knowledge remedy" produced by the science panel will benefit class members *even if the panel finds against them*).

---

[3] *Available at* https://www.law.com/2020/06/30/bayers-gamble-a-1-1b-class-settlement-that-could-end-the-roundup-weed-killer-litigation/.
[4] *Available at* https://www.wsj.com/articles/bayer-reaches-10-5-billion-settlement-over-weedkiller-roundup-11593017309?mod=searchresults&page=1&pos=1.

Relatedly, it is important to recognize that rushing headlong towards preliminary approval without adequate development of potential legal issues with the settlement may be a particularly serious waste of resources here. Class counsel has proposed a "notice plan" that they think goes far beyond the "garden-variety," using "state of the art" methods to reach "large groups of individuals" who are "scattered across two countries" and "may be itinerant, lack exposure to traditional media, or do not speak English as a first language." Motion for Preliminary Approval 12, 15. It can be safely assumed that this notice will also involve expenses that are not "garden-variety." It would be hugely wasteful to require *duplication* of those costs in order to inform class members of changes to the settlement occasioned by legal issues only identified upon a motion for final approval that could have been identified now. And that overlooks the challenge of explaining the complexities of and reasons for these potential changes to a "large group" of "itinerant" non-English speakers— let alone convincing them that they may need to file a second response on a matter they have already responded to once in order to protect their rights or obtain any remedy at all.

In sum, the difficult legal issues raised by this "unique" settlement deserve close scrutiny by this Court. They should not be addressed in rushed briefing, under the rules designed for ordinary motions in ordinary cases. Additional time is necessary to fully and properly address these issues for the Court's own benefit.

## CONCLUSION

For the foregoing reasons, the time to file a response to the Motion for Preliminary Approval should be extended for 30 days to and including August 7, 2020.

Dated July 2, 2020

Respectfully submitted,

/s/ Thomas C. Goldstein

Paul J. Napoli (NY 2513141)
Hunter J. Shkolnik (NY 2031458)
NAPOLI SHKOLNIK, PLLC
360 Lexington Avenue
New York, New York 10017
pnapoli@nsprlaw.com
hunter@napolilaw.com
Phone: (212) 397-1000
Fax: (312) 610-5680

Christopher L. Schnieders (KS 22434)
NAPOLI SHKOLNIK, PLLC
6731 W. 121st Street, Suite 201
Overland Park, KS 66209
cschnieders@napolilaw.com
Phone: (212) 397-1000
Fax: (312) 610-5680

Thomas C. Goldstein (MD 9512120307)
Eric F. Citron (MD 1608240002)
Daniel Woofter (MD 1812120199)
GOLDSTEIN & RUSSELL, P.C.
7475 Wisconsin Ave., Suite 850
Bethesda, MD 20815
tg@goldsteinrussell.com
Phone: (202) 362-0636
Fax: (866) 574-2033

*Counsel for Plaintiffs Elaine Wagner, Salvatore Bonina, Terry Kimble, and Nicolo Catania*

## CERTIFICATE OF SERVICE

  I hereby certify that on July 2, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing on counsel of record.


Dated July 2, 2020              Respectfully submitted,

                    /s/ Thomas C. Goldstein