Robert L. Lieff (SBN 037568)
Elizabeth J. Cabraser (SBN 083151)
Steven E. Fineman (SBN 140335)
Kevin R. Budner (SBN 287271)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
ecabraser@lchb.com

James R. Dugan, II
TerriAnne Benedetto
David S. Scalia
THE DUGAN LAW FIRM, APLC
One Canal Place
365 Canal Street, Suite 1000
New Orleans, LA 70130
Telephone: 504.648.0180

William M. Audet (SBN 117456)
Ling Y. Kuang (SBN 296873)
AUDET & PARTNERS, LLP
711 Van Ness, Suite 500
San Francisco, CA 94102-3229
Telephone: 415.568.2555

Samuel Issacharoff
40 Washington Square South
Suite 411J
New York, NY 10012
Telephone: 212.998.6580

*Counsel for Plaintiffs and the Proposed Class*
*(additional counsel listed below)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741 |
| | Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: | **PLAINTIFFS' OPPOSITION TO MOTIONS FOR EXTENSION OF TIME** |
| *Ramirez, et al. v. Monsanto Co.*, Case No. 3:19-cv-02224 | |

The motions for extension of time filed by the Wagner Movants (Doc. 11149) and the Boston Movants (Doc. 11151) should be denied.  As an initial matter, neither motion complied with the relevant rules regarding page-length (Wagner) and supporting documents (both), *see* L.R. 6-3, and neither acknowledges that the Court has already set an extended deadline of July 13th for responses to the preliminary approval motion, ameliorating Movants' concerns about the July 4th holiday and personal and professional obligations.  *See* Doc. 11070.  But these filings have a more fundamental problem:  it does not appear that any of the Movants are Class Members with standing to oppose a motion for preliminary approval or object to the Settlement.

The central purpose of the settlement approval process is to provide an opportunity to be heard for those who would benefit from and be bound by a class action settlement.  Notice and the right to object together ensure equal opportunity for those affected by a Settlement to voice their concerns and be heard by the Court.  *See Phillips Petroleum v. Shutts*, 472 U.S. 797, 810-13 (1985).  Here, the Settlement provides everyone who is in the Class 150 days to consider the Settlement, opt out, object, or file whatever they wish for the Court's consideration.  No Class Member needs additional time to object now because they will have all the time they need to make any substantive arguments before final approval.  *See* L.R. 6-3(a) (requiring "substantial harm or prejudice" for an extension request).  There is no contention in the motions that the time to object before final approval is insufficient.  Indeed, this Court's class settlement guidance requires that "class members have at least thirty-five days to opt out or object," a baseline expectation that this Settlement exceeds by nearly four months.

Movants do not even assert, let alone establish, that they are Class Members who have standing to oppose preliminary approval or object to the Settlement.  It appears they are not.  The Class includes only those already exposed to Roundup who had not, by June 24, the date of the

preliminary approval filing, "commenced a lawsuit or otherwise retained counsel with respect to any individual actual or potential personal injury or false advertising claim" related to such exposure. Settlement § 1.1(a). The Boston Movants certainly do not fit in this definition: each of them has a pending personal injury action in this MDL. *See* Case Nos. 19-3787 (Boston), 19-5375 (Tolbert), 19-04379 (Phillips).

Nor do the Wagner Movants. The Wagner Motion's dramatic recounting of how Goldstein & Russell came to this case states: "Immediately *upon the filing* of the settlement, Plaintiffs' *existing counsel* recognized that the unique issues presented would benefit from the attention of subject matter experts in the constitutional and federal courts questions raised here." Doc. 11149 at 3 (emphasis supplied). A Roundup plaintiff who already had "existing counsel" on June 24 is by definition not a Class member and has no interest in the Court's preliminary or final approval determinations.[1] *See, e.g.*, *In re First Cap. Holdings Corp. Fin. Prods. Sec. Litig.*, 33 F.3d 29, 30 (9th Cir. 1994) (only "an aggrieved class member" has standing to object).

Movants' misconception of who is bound by the Settlement ties into their lack of understanding of the substance of the deal.[2] The one substantive objection identified in either motion is the Wagner Movants' comparison of this case to *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999). Putting aside why Movants need more than 19 days to make a single legal argument (they do not say), the comparison to *Ortiz* is category error. *Ortiz* was a mandatory "limited fund" no opt-out settlement that released the claims of all current and future claimants against an asbestos manufacturer. *Id.* at 824-25. In holding that a class with "unliquidated tort claims"

---

[1] Any interest Movants' personal injury lawyers have in *future* retention of Class Members does not supply standing to oppose settlement approval. *See In re Cathode Ray Tube Antitrust Litig.*, No. 07-5944, 2016 WL 3648478, at *23 (N.D. Cal. July 7, 2016). And any Class Member who wishes to file an individual lawsuit against Monsanto immediately need only opt out.

[2] The Wagner Movants are also under the misimpression that the *Ramirez* class action complaint was filed on October 4, 2016. That is incorrect: *Ramirez* was filed on April 24, 2019.

could not meet the "limited fund" requirements of Rule 23(b)(1), the Supreme Court commented that "[b]y its nature, . . . a mandatory settlement-only class action with legal issues and future claimants compromises their Seventh Amendment rights without their consent." *Id.* at 846.  This case is different from *Ortiz* in every way that matters.  The Settlement preserves full opt-out rights, has no effect at all on any pending or about-to-be-filed claim against Monsanto (like the ones belonging to Movants), and does not release anyone's individual claims other than those for medical monitoring and punitive damages.

Finally, the Wagner Movants express concern that the costs of notice will be "waste[d]" if the Settlement is rejected or changed later.  But under the Settlement, the costs of notice, and the accompanying risk that the Settlement will ultimately not be approved, are shouldered upfront by Monsanto.

The Settlement has an audience: those who would benefit from its relief, be bound by its release and litigation standstill, and be targeted by a notice plan unprecedented in scope and saturation.  That audience has five months to review the Settlement, consider it, elect to opt out or object, and receive a full and fair opportunity to be heard.  Those who have requested more time here appear to not be part of the intended audience.  From the perspective of the Class, there is no necessity for extended time for Movants' presentation on preliminary approval.

The motions for extension of time to respond to the preliminary approval motion should be denied.

Dated: July 3, 2020　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Elizabeth J. Cabraser*
　　　　　　　　　　　　　　　　　　Robert L. Lieff (of counsel) (SBN 037568)
　　　　　　　　　　　　　　　　　　Elizabeth J. Cabraser (SBN 083151)

Kevin R. Budner (SBN 287271)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008
rlieff@lchb.com
ecabraser@lchb.com
kbudner@lchb.com

Steven E. Fineman (SBN 140335)
Wendy R. Fleishman
Rhea Ghosh
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
sfineman@lchb.com
wfleishman@lchb.com
rghosh@lchb.com

Andrew R. Kaufman
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue South, Suite 1640
Nashville, TN 37201
Telephone: 615.313.9000
akaufman@lchb.com

James R. Dugan, II
TerriAnne Benedetto
  *Proposed Subclass 2 Counsel*
David S. Scalia
THE DUGAN LAW FIRM, APLC
One Canal Place
365 Canal Street, Suite 1000
New Orleans, LA 70130
Telephone: 504.648.0180
jdugan@dugan-lawfirm.com
tbenedetto@dugan-lawfirm.com
dscalia@dugan-lawfirm.com

William M. Audet (SBN 117456)
  *Proposed Subclass 1 Counsel*
Ling Y. Kuang (SBN 296873)
AUDET & PARTNERS, LLP
711 Van Ness, Suite 500

San Francisco, CA 94102-3229
Telephone: 415.568.2555
waudet@audetlaw.com
lkuang@audetlaw.com

Samuel Issacharoff
40 Washington Square South
Suite 411J
New York, NY 10012
Telephone: 212.998.6580
si13@nyu.edu

*Counsel for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 3, 2020, service of this document was accomplished pursuant to the Court's electronic filing procedures by filing this document through the ECF system.

    /s/ *Elizabeth J. Cabraser*
Elizabeth J. Cabraser