Jeffrey M. Wintner (admitted pro hac vice)
Carrie M. Reilly (admitted pro hac vice)
WACHTELL, LIPTON, ROSEN & KATZ
51 W 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
JMWintner@wlrk.com

William Hoffman (admitted pro hac vice)
David J. Weiner (admitted pro hac vice)
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave, NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
william.hoffman@arnoldporter.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741 |
| | Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: | **DEFENDANT'S OPPOSITION TO MOTIONS FOR EXTENSION OF TIME** |
| *Ramirez, et al. v. Monsanto Co.*, Case No. 3:19-cv-02224 | |

Defendant Monsanto Company submits this opposition to the two motions to extend the July 13, 2020 deadline for responses to the motion for preliminary approval of the proposed class action settlement in this matter:  one filed by the Napoli Shkolnik firm in the name of Salvatore Bonina, Nicolo Catania, Terry Kimble and Elaine Wagner ("Napoli Mot."), the second filed by the T. Roe Frazier firm in the name of Felton Boston, Ronald Phillips and Lena Tolbert ("Frazier Mot.").  The Court should deny the motions for the following reasons.

1.      The motions are untimely.  Under Northern District of California Civil Local Rule 6-1(b), a motion to extend time must be filed "no later than 14 days before the scheduled event." Accordingly, a motion to extend the July 13 response deadline was due "no later than" June 29, 2020.  Movants were fully aware of the response deadline in time to file its motion within the required time period.  Indeed, prior to the expiration of the time period on June 29, 2020, Napoli Shkolnik requested that proposed Class Counsel consent to an extension of the response deadline, a request that was promptly declined.  Yet movants then did not file the motions within the time required under the Rules.  The motions should be denied on that basis alone.[1]

2.      None of the seven individuals in whose names the motions are filed is even a member of the proposed class.  The three plaintiffs named in the Frazier motion have long-pending Roundup claims.[2]  And the Napoli motion states the firm already represented the four plaintiffs it names at the time of the settlement.  *See* Napoli Mot. at 3 ("Plaintiffs' existing counsel" at the time of "the filing of the settlement").  But the proposed class excludes any

---

[1]  Nor is that the only way the Napoli motion violates the Court's Rules.  Local Rule 6-3 requires that a motion for extension of time be "no more than 5 pages in length" — a page limit the Napoli motion substantially exceeds.

[2]  *See* Felton Boston, 3:19-cv-03787, filed 5/14/19, transferred to MDL 7/1/19; Ronald E. Phillips, 3:19-cv-04379, filed 5/24/19, transferred to MDL 8/1/19; Lena Tolbert, 3:19-cv-05375, filed 5/24/19, transferred to MDL 8/30/19.

person who "had commenced a lawsuit or otherwise retained counsel with respect to" Roundup exposure as of the June 24 settlement date.  Settlement Agreement, § 1.1(a).  As non-members of the proposed class, these persons are not within the settlement to begin with.  They have no standing to participate in the preliminary approval process at all, much less to seek to delay it.

       3.      The motions are without merit even apart from the named individuals' lack of standing.  This Court set the July 13 response deadline in service of the scheduled July 24, 2020 hearing date on the motion for preliminary approval.  That hearing date conforms to the standard practice in the Northern District of California of holding hearings within 30 days on motions for preliminary approval of major class action settlements.  For example, Judge Breyer held a hearing on preliminary approval of the proposed Volkswagen/Diesel class settlement 28 days after the agreement was filed.  Likewise, Judge Chen held a hearing on preliminary approval of the proposed Fiat/Chrysler class settlement 13 days after the agreement was filed.

       This practice recognizes that expeditious consideration of preliminary approval best serves the overall class action approval process and the rights of class members.  Under class action procedure, preliminary approval is necessary for the court-approved notice campaign to inform class members of the settlement and their rights under it.  Preliminary approval also begins the process for class members to register for benefits under the settlement, as well the process for members to opt out of the settlement if they determine they want to do so after having been informed of the settlement's benefits through the notice.  Finally, preliminary approval allows the Court to establish an orderly process for further consideration of the settlement, leading up to the fairness hearing on final approval.  By contrast, if consideration of preliminary approval is delayed, class members do not get the class notice, do not have the prompt right to choose whether to register for the settlement benefits or to opt out, and are

instead confined to misleading television advertising that does not mention the settlement

benefits and may be designed to try to interfere with the settlement for ulterior purposes.

4.     The motions set forth no valid reason for the Court to depart from the customary

practice of expeditious consideration of preliminary approval within 30 days.

*First*, even if the seven individuals were actually members of the proposed class, they

could simply opt out following preliminary approval if they do not like the settlement.  They

would then not be subject to any of the settlement's terms, including the science panel process

about which their motion complains.  Their complaints are thus no reason to delay the settlement

approval process for everyone else.

*Second*, the Napoli motion protests a supposed July 7 deadline for responses that does not

exist.  Napoli Mot. at 2.  The Court's scheduling order already gives them nearly a full additional

week until July 13.  That is ample time to prepare a response to a preliminary approval motion.

Moreover, preliminary approval is just that:  *preliminary*.  It only begins the approval process by

allowing the notice and opt-out period to proceed.  That 150-day period, together with associated

logistical measures, means that final approval of the settlement will not even be considered for

approximately *6 months*.  Counsel will thus have abundant time "to file an adequately researched

and well-crafted response" (Napoli Mot. at 5) on the issues they have raised.

*Third*, the motions' claims of prejudice are baseless.  The claim that counsel learned of

the class action settlement out of the clear blue on June 24 (Napoli Mot. at 2-4) is belied by

Napoli Shkolnik's press release on June 10 anticipating a potential class settlement of "future"

Roundup claims and announcing that the firm would oppose such a settlement.  *See*

https://www.napolilaw.com/wp-content/uploads/6-10-20-Roundup-Press-Release-No.-2-002.pdf.

Likewise, Mr. Goldstein's 50th birthday celebration and Mr. Citron's house move and need to

pick up a child from camp (Napoli Mot. at 4) are simply not bases for departing from the practice of expeditious hearings on preliminary approval or delaying the class action approval process in this hugely important MDL.  Finally, the general disruption arising from the Covid pandemic (*id.*) does not affect the movants' lawyers any more than it affects other litigants, or for that matter the Court.

4.      By contrast, delay in the preliminary approval hearing would be highly prejudicial to the parties to the settlement.  *First*, it would necessarily entail delay in a fairness hearing for final approval as well, which would, in turn, delay commencement of the settlement benefits. That is a larger concern here than is typically the case.  Because the contemplated class notice plan here is one of the most comprehensive ever, the parties have proposed a notice period of 150 days, significantly longer than usual.  It is thus particularly important that the notice period begin promptly.  *Second*, as the Court is aware, certain law firms have undertaken and are continuing a virtually unprecedented television campaign.  Timely provision of the class notice that *accurately* describes the settlement is thus of particular importance here to ensure that class members promptly receive accurate information about it.  *Third*, preliminary approval allows the Court to establish the ground rules for the overall process, including the process for opting out and issuance of a stay and bar of litigation by class members who choose not to opt out.  Delay in setting those rules allows aggregator law firms to interfere with the settlement through misleading distortions of the settlement and mass filings.  *Finally*, the Court should be aware that Napoli Shkolnik is among the law firms that have not yet settled their inventories of current Roundup claims.

DEFENDANT'S OPPOSITION TO MOTIONS
FOR EXTENSION OF TIME
MDL NO. 2741, CASE NO. 3:16-MD-02741

## CONCLUSION

The motions for extension of time to respond to the preliminary approval motion should be denied.

Dated: July 3, 2020                        Respectfully submitted,


                                           */s/ Carrie M. Reilly*
                                           Jeffrey M. Wintner (admitted pro hac vice)
                                           Carrie M. Reilly (admitted pro hac vice)
                                           WACHTELL, LIPTON, ROSEN & KATZ
                                           51 W 52nd Street
                                           New York, NY 10019
                                           Telephone: (212) 403-1000
                                           Facsimile: (212) 403-2000
                                           JMWintner@wlrk.com

                                           William Hoffman (admitted pro hac vice)
                                           David J. Weiner (admitted pro hac vice)
                                           ARNOLD & PORTER KAYE SCHOLER LLP
                                           601 Massachusetts Ave, NW
                                           Washington, DC 20001
                                           Telephone: (202) 942-5000
                                           Facsimile: (202) 942-5999
                                           william.hoffman@arnoldporter.com

                                           *Attorneys for Defendant*
                                           *MONSANTO COMPANY*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 3, 2020, service of this document was accomplished pursuant to the Court's electronic filing procedures by filing this document through the ECF system.


 /s/ *Carrie M. Reilly*
Carrie M. Reilly

DEFENDANT'S OPPOSITION TO MOTIONS
FOR EXTENSION OF TIME
MDL NO. 2741, CASE NO. 3:16-MD-02741