Paul J. Napoli (NY 2513141)
Hunter J. Shkolnik (NY 2031458)
NAPOLI SHKOLNIK, PLLC
360 Lexington Avenue
New York, New York 10017
pnapoli@nsprlaw.com
hunter@napolilaw.com
Phone: (212) 397-1000
Fax: (312) 610-5680

Christopher L. Schnieders (KS 22434)
NAPOLI SHKOLNIK, PLLC
6731 W. 121st Street, Suite 201
Overland Park, KS 66209
cschnieders@napolilaw.com
Phone: (212) 397-1000
Fax: (312) 610-5680

Thomas C. Goldstein (MD 9512120307)
Eric F. Citron (MD 1608240002)
Charles H. Davis (MD 1612130134)
Daniel Woofter (MD 1812120199)
Lisa X. Jing (NY 5665278)
GOLDSTEIN & RUSSELL, P.C.
7475 Wisconsin Ave., Suite 850
Bethesda, MD 20815
tg@goldsteinrussell.com
Phone: (202) 362-0636
Fax: (866) 574-2033

*Counsel for Plaintiffs Elaine Wagner, Salvatore Bonina, Terry Kimble, and Nicolo Catania*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741<br><br>Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO:<br><br>*Ramirez, et al. v. Monsanto Co.*, Case No. 3:19-cv-02224 | **REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO THE MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, APPOINTMENT OF INTERIM CLASS AND SUBCLASS COUNSEL, DIRECTION OF NOTICE UNDER FED. R. CIV. P. 23(e), SCHEDULING OF A FAIRNESS HEARING, AND STAY OF THE FILING AND PROSECUTION OF ROUNDUP-RELATED ACTIONS BY SETTLEMENT CLASS MEMBERS** |

The settlement proponents protest too much. Obviously, there are sound grounds for an extension of time to respond to the Motion for Preliminary Approval. No one doubts that the settlement's terms are novel and the stakes are huge. The putative objectors have retained new counsel with significant expertise in such issues, but who reasonably need additional time to prepare the relevant papers. Further, we are in the midst of a pandemic—a fact that the federal courts (from the Supreme Court, to the Ninth Circuit, on down) have recognized is itself a sufficient basis to automatically extend filing deadlines.

The objections instead have one, transparent purpose. They seek to use the procedural tool of a short default deadline to produce a substantive result they favor: an Order of this Court granting preliminary approval. But their path to that result is one the Court should not countenance: depriving the Court of valuable information on significant flaws in the proposed settlement. That result is most inappropriate when, as here, the putative objectors are standing in for innumerable unrepresented parties. *See, e.g., Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015) ("[S]ettlement class actions present unique due process concerns for absent class members, and the district court has a fiduciary duty to look after the interests of those absent class members." (quotation marks and citation omitted)). The inevitable upshot of refusing even this modest extension would be to create the regrettable misimpression that preliminary approval is a foregone conclusion; that the fix is in.

The contrary arguments of proposed class counsel and the defendant are not substantial.

*First*, they object that the motion is longer than five pages. We regret that oversight. Putative class counsel and the defendant claim no prejudice. To the extent formally necessary, we request that the Court treat this as an application to expand the page limits.

*Second*, defendant argues that this motion was filed too late, because it was filed within two weeks of the deadline. Defendant claims no prejudice. This is essentially the argument that it is impossible to request an extension. That obviously cannot be right. It is undisputed that upon receiving the motion for preliminary approval, counsel promptly sought and was refused an extension of time, retained additional expert counsel, and filed the extension request. To the extent formally necessary, we request that the Court treat this an application to extend the time to seek an extension of time.

*Third*, they argue that class members can opt out or can object to final approval. But that proves too much. It reduces to the position that preliminary approval does not really matter. But the framers of the Federal Rules of Civil Procedure obviously thought otherwise. And this Court has definitively concluded the opposite: "The Court's scrutiny of the proposed settlement will be as rigorous at the preliminary approval stage as at the final approval stage." Chambers's Standing Orders 13.

*Fourth*, they assert that the putative objectors lack standing. This is the ultimate self-defeating argument and raises a significant question about the lawfulness of the settlement. According to defendant, Plaintiffs cannot object here because they are not class members; the class includes only those who, "as of June 24,

2020," "have not commenced a lawsuit or otherwise retained counsel with respect to any individual actual or potential personal injury or false advertising claims arising from, resulting from, in any way relating to or in connection with such exposure." *See* MDL Doc. 11042, at 4 (quoting Settlement § 1.1(a)). Given that the class is limited to individuals who lacked counsel as of June 24, 2020, an important question naturally arises: Who were the clients of class counsel during the period in which the settlement was negotiated? That exclusion covers *their own clients*, who retained counsel long ago, and so their proposed class representatives cannot be typical of the class they define—and also lack standing.

By contrast, with respect to the putative objectors, several unquestionably are class members, because they retained counsel after the cutoff date.[1] Even for those that did not, they have standing to object that the proposed settlement will interfere with prospective litigation. The settlement's purpose is to adjudicate the *sole* and predominating common question in the case, destroying the possibility of certifying thereafter a class that can actually settle the cases at issue here for money damages under Rule 23(b)(3). *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 572–73 (9th Cir. 2004) (holding that objectors excluded from settlement agreement had standing to challenge the agreement where it would "effectively bind the objectors" by making future class certification and any recovery for the objectors "essential[ly] impracticab[le]"). But in any event, standing is not determined now—in assessing a

---

[1] Plaintiffs retained undersigned counsel on the following dates: June 25, 2020 (Elaine Wagner); June 24, 2020 (Salvatore Bonina); July 2, 2020 (Terry Kimble); and June 24, 2020 (Nicolo Catania).

motion for extension of time. And standing to object is not legally required anyway.[2] The Court has an independent responsibility to assess the propriety of class certification and the fairness of a settlement. *See, e.g.*, *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003); *see also* Fed. R. Civ. P. 23(e). For this reason, the Court cannot grant approval based on the absence of "objectors" with "standing," and would have no reason to ignore persuasive arguments on that ground.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the Motion for Extension of Time, MDL Doc. 11149, the extension of time should be granted.

Dated July 3, 2020                                    Respectfully submitted,

                                                      /s/ Thomas C. Goldstein

Paul J. Napoli (NY 2513141)                           Thomas C. Goldstein (MD 9512120307)
Hunter J. Shkolnik (NY 2031458)                       Eric F. Citron (MD 1608240002)
NAPOLI SHKOLNIK, PLLC                                 Charles H. Davis (MD 1612130134)
360 Lexington Avenue                                  Daniel Woofter (MD 1812120199)
New York, New York 10017                              Lisa X. Jing (NY 5665278)
pnapoli@nsprlaw.com                                   GOLDSTEIN & RUSSELL, P.C.
hunter@napolilaw.com                                  7475 Wisconsin Ave., Suite 850
Phone: (212) 397-1000                                 Bethesda, MD 20815
Fax: (312) 610-5680                                   tg@goldsteinrussell.com
                                                      Phone: (202) 362-0636
                                                      Fax: (866) 574-2033

---

[2] *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987) (a "non-settling" party, excluded from a proposed class action settlement, nevertheless may lodge "objections . . . where it can demonstrate that it will sustain some formal legal prejudice as a result of the settlement"); *In re Equity Funding Corp. of Am. Sec. Litig.*, 603 F.2d 1353, 1360–61 (9th Cir. 1979) (whether a non-class member can object to a settlement plan raises a case-by-case "question," but such a party generally may object to class-certification issues like the "lack of adequate representation"); *Ciuffitelli v. Deloitte & Touche LLP*, No. 3:16-CV-00580-AC, 2019 WL 1441634, at *11 (D. Or. Mar. 19, 2019), *report and recommendation adopted*, No. 3:16-CV-00580-AC, 2019 WL 2288432 (D. Or. May 29, 2019) (noting lack of authority for proposition that non-settling parties cannot object to class certification, and considering non-settling parties' objections).

Christopher L. Schnieders (KS 22434)
NAPOLI SHKOLNIK, PLLC
6731 W. 121st Street, Suite 201
Overland Park, KS 66209
cschnieders@napolilaw.com
Phone: (212) 397-1000
Fax: (312) 610-5680

*Counsel for Plaintiffs Elaine Wagner, Salvatore Bonina, Terry Kimble, and Nicolo Catania*

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing on counsel of record.

Dated July 3, 2020                                    Respectfully submitted,

                                                      /s/ Thomas C. Goldstein