Gary Paul (CA 62367)
C. Andrew Waters (CA 147259)
Peter A. Kraus (CA 277017)
Charles S. Siegel (TX 18341875)
Leslie MacLean (TX 00794209)
WATERS, KRAUS & PAUL
222 N. Pacific Coast Highway, Suite 1900
El Segundo, CA 90245
gpaul@waterskraus.com
waters@waterskraus.com
kraus@waterskraus.com
siegel@waterskraus.com
lmaclean@waterskraus.com
Phone: (310) 414-8146
Fax: (310) 414-8156

John Eddie Williams, Jr. (TX 21600300)
John Boundas (TX 00793367)
Margret Lecocke (TX 24046280)
Margot Trevino (TX 24083099)
Walt Cubberly (CA 325163)
WILLIAMS HART BOUNDAS EASTERBY, LLP
8441 Gulf Freeway, Suite 600
Houston, TX 77017
jwilliams@whlaw.com
jboundas@whlaw.com
mlecocke@whlaw.com
mtrevino@whlaw.com
wcubberly@whlaw.com
Phone: (713) 230-2200
Fax: (713) 643-6226

Allen Mark Stewart (CA 262594)
ALLEN STEWART, PC
1700 Pacific Ave., Ste. 2750
Dallas, TX 75201
astewart@allenstewart.com
Phone: (214) 965-8700
Fax: (214) 965-9701

Brent M. Rosenthal (TX 17281075)
ROSENTHAL WEINER LLP
12221 Merit Drive, Suite 1640
Dallas, Texas 75251
brent@rosenthalweiner.com
Phone: (214) 871-6602
Fax: (214) 871-6640

*Counsel for Class Member*
*John Robert McPherson*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2741 |
| THIS DOCUMENT RELATES TO: | ) ) | CASE NO. 3:16-md-02741-VC |
| *Ramirez, et al. v. Monsanto Co.,* *Case No. 3:19:cv-02224* | ) ) | |

## JOINDER OF CLASS MEMBER JOHN ROBERT MCPHERSON IN MOTIONS FOR EXTENSION OF TIME TO FILE RESPONSE TO THE MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, ETC. [DOC. 11042]

Comes now John Robert McPherson, a member of the class proposed by the settling parties, filing this joinder to the pending motions for extension, and would respectfully show as follows:

1.      John Robert McPherson is a citizen and resident of the United States and claims exposure to Roundup Products through the application of Roundup Products in the United States.  He has not filed a claim for damages resulting from exposure to Roundup and has not retained counsel for the purposes of filing any such claim. Rather, he has retained the undersigned counsel for purpose of objecting to the certification of the proposed settlement class and the proposed settlement.

2.      In addition to the reasons stated in the motions for extension of time already filed, Mr. McPherson would note simply that district courts in this circuit and elsewhere have routinely granted extensions of time to litigants in light of the current COVID-19 pandemic, in connection with mundane matters not nearly as significant as the unprecedented class and "remedy" being proposed here. It is extraordinary that counsel for plaintiffs and Monsanto would oppose such relief. See, e.g., *Bias v. Robinson,* 2020 WL 2564669, *3 (D. Idaho May 19, 2020) (30-day extension granted to plaintiff who "was attempting to locate his employment records" but whose "efforts were stymied by the impact of the pandemic which happened to make its body blow to the country at the same time…."); *Vivos Acquisitions, LLC v. Health Care Resource Network, LLC,* 2020 WL 3269135, *3 (E.D. Va. June 16, 2020)("[T]he Court recognizes that the pandemic undoubtedly made (and will continue to make) discovery more difficult and time-consuming, and Plaintiff's opposition to a discovery extension is unreasonable."); *Stevens-Bratton v. Trugreen, Inc.,* 2020 WL 1815943, *2 (W.D. Tenn. Apr. 9, 2020)(court "will liberally grant extensions" in light of the pandemic).

3.      The settling parties have opposed similar requests for an extension of time in which to reply to the motion for preliminary approval of the class action settlement.  Their opposition displays gamesmanship and cynicism astonishing even in these unusually contentious times.  Having touted the

proposed settlement as "unusual," "complex" and "unique," the settling parties feign puzzlement about the possible legal grounds for preliminary certification and approval, going so far as to suggest that the motion for extension *should be denied because it does not persuasively address the merits*. Plaintiffs' Opp. (Doc. 11153) at 2. Having intentionally defined the class to include only persons exposed to Roundup who are not currently represented, they contend that lawyers who specialize in representing such persons once they manifest disease lack standing to object to this proposed settlement on behalf of those potential future clients. Plaintiffs' Opp. at 2; Defendant's Opp. (Doc. 11155) at 1-2. [Class Plaintiffs fail to explain how they themselves fall within the class definition, as they are obviously represented by counsel]. Having filed a motion for approval of a nationwide class action settlement that exceeds the ordinarily-applicable page limit by 45 pages, the settling parties complain that the extension motion is too long. Plaintiffs' Opp. at 1. Having filed this "unusual" case and scheduled a prompt hearing in the midst of a catastrophic global pandemic, they complain that the requests for extension, filed just seven days after the motion for preliminary approval was filed, came too late. Defendant's Opp. at 1. Noting that the motion seeks only *preliminary* certification and approval (Defendant's Opp. at 3 ), they suggest that objectors will not be harmed by the denial of an adequate opportunity to respond because they can lodge objections to the motion for final approval. Defendant's Opp. at 3. Ultimately, they base their opposition on counsel's bare "professional opinion" that "there is no benefit to the class of further extending the briefing or hearing schedule" on preliminary approval. Decl. of Elizabeth J. Cabraser (Doc. 11153-1 at 2; see also Decl. of Carrie M. Reilly (Doc. 11155-1) at 2.

The objections to the modest extension to respond to the motion for preliminary are transparently tactical and utterly meritless. Contrary to the impression that the settling parties attempt to convey, preliminary certification and approval is not a perfunctory proceeding. As this Court has recognized, it is an important first step "in a two-step process." *Cotter v. Lyft, Inc.*, 176 F. Supp. 930, 935 (N.D. Cal. 2016)

(per Chhabria, J.).  To grant preliminary approval, the court must both conclude that the class action is legally viable and determine that the settlement falls within the range of possible approval.  *Id*.  As this Court further elaborated in a subsequent opinion in the same case,

> the idea that district courts should conduct a more lax inquiry at the preliminary approval stage seems wrong.  Certainly nothing in the text of Rule 23 suggests courts should be more forgiving of flaws in a settlement agreement at the preliminary stage than at the final stage, or that courts should merely give settlement agreements a 'quick look' at the outset. . . . [I]f a court waits until the final approval stage to thoroughly assess the fairness of the agreement, momentum could have a way of slanting the inquiry, in a manner that deprives the class members of the court protection that Rule 23 demands.

*Cotter v. Lyft, Inc.*, 193 F. Supp. 1030, 1036 (N.D. Cal. 2016)

The suggestion that the Court will be able to perform a "thorough assessment" of a class action settlement of this scope and novelty on a briefing timetable intended for routine motions is worse than implausible.  Moreover, Class Plaintiffs offer no reason, credible or otherwise, why this haste is necessary.  By definition, none of the class members have even hired a lawyer as of the date of the filing of the motion for approval, so it is inconceivable that the minimal delay requested here will prejudice anyone.[1]

//

//

//

//

//

//

---

[1] Ironically, it is *Defendant* that argues without explanation that the parties will be prejudiced by any "delay … in commencement of settlement benefits.  Defendant's Opp. at 4.

1  Adherence to the unrealistic schedule insisted upon by the settling parties, unsupported by any reason for

2  doing so, will undermine any credibility their proposed solution to the "Roundup litigation" can expect to

3  enjoy with the bench, bar, and academy.  The Court should grant the requested extensions.

4
                                        Respectfully submitted,
5
                                        WATERS, KRAUS & PAUL
6                                       /s/ Gary Paul
                                        Gary Paul (CA 62367)
7                                       C. Andrew Waters (CA 147259)
                                        Peter A. Kraus (CA 277017)
8                                       Charles S. Siegel (TX 18341875)
                                        Leslie MacLean (TX 00794209)
9                                       222 N. Pacific Coast Highway, Suite 1900
                                        El Segundo, CA 90245
10
                                        gpaul@waterskraus.com
11                                      waters@waterskraus.com
                                        kraus@waterskraus.com
12                                      siegel@waterskraus.com
                                        lmaclean@waterskraus.com
13                                      Phone: (310) 414-8146
                                        Fax: (310) 414-8156
14
15                                      WILLIAMS HART BOUNDAS EASTERBY, LLP
                                        John Eddie Williams, Jr. (TX 21600300)
16                                      John Boundas (TX 00793367)
                                        Margret Lecocke (TX 24046280)
17                                      Margot Trevino (TX 24083099)
                                        Walt Cubberly (CA 325163)
18                                      8441 Gulf Freeway, Suite 600
                                        Houston, TX 77017
19
                                        jwilliams@whlaw.com
20                                      jboundas@whlaw.com
                                        mlecocke@whlaw.com
21                                      mtrevino@whlaw.com
                                        wcubberly@whlaw.com
22                                      Phone: (713) 230-2200
                                        Fax: (713) 643-6226
23
24  //

25  //

26  //

27

28

ALLEN STEWART, PC
Allen Mark Stewart (CA 262594)
1700 Pacific Ave., Ste. 2750
Dallas, TX 75201
astewart@allenstewart.com
Phone: (214) 965-8700
Fax: (214) 965-9701

ROSENTHAL WEINER LLP
Brent M. Rosenthal (TX 17281075)
12221 Merit Drive, Suite 1640
Dallas, Texas 75251
brent@rosenthalweiner.com
Phone: (214) 871-6602
Fax: (214) 871-6640

*Counsel for Class Member
John Robert McPherson.*