**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
               elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *Brian D. Rosenblatt v. Monsanto Co.*, Case No.  3:19-cv-07857-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Brian D. Rosenblatt's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits the allegations in the first sentence of paragraph 1.  In response to the allegations in the second sentence of paragraph 1, Monsanto admits that glyphosate, the active ingredient in Roundup®-branded herbicides, is a non-selective herbicide and that certain Roundup®-branded herbicides are used to kill weeds that commonly compete with growing crops. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 1 and therefore denies those allegations.

- 1 -

2.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 2 and therefore denies those allegations.  In response to the allegations in the second and third sentences of paragraph 2, Monsanto admits that Roundup®-branded products are safe when used in accordance with the products' labeling; that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world; and that Monsanto has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  To the extent that the second and third sentences of paragraph 2 allege that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.  Monsanto denies the remaining allegations in paragraph 2.

3.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies those allegations.

4.     In response to the allegations in paragraph 4, Monsanto admits that the World Health Organization's International Agency for Research on Cancer ("IARC") issued a monograph relating to glyphosate in 2015 and that an IARC working group classified glyphosate under Group 2A, but denies that the IARC Monograph is the authoritative standard for cancer hazard assessment around the world or that IARC based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.  Monsanto further denies that the members of the panel were "renowned scientists" or that they were free from conflicts of interest. In response to the allegations in the final sentence of paragraph 4, Monsanto admits that the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the weight or quality of the evidence considered by IARC.  Monsanto further states that this decision was not based upon any independent scientific analysis of glyphosate but instead was in response to a provision of a California ballot proposition triggering such action based solely upon the IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07857-VC

1   pose a cancer hazard to humans."[1]  Monsanto contends that OEHHA's decision that it was

2   required to list glyphosate violates the United States Constitution and the California Constitution.

3   On February 26, 2018, a federal district court enjoined California from requiring Proposition 65

4   warning labels for glyphosate as unconstitutional. The remaining allegations in the final sentence

5   of paragraph 4 set forth conclusions of law for which no response is required.  To the extent a

6   response is deemed required, Monsanto denies the remaining allegations in paragraph 4.

7       5.      Monsanto admits the allegations in the first sentence of paragraph 5.  In response

8   to the allegations in the second sentence of paragraph 5, Monsanto admits that glyphosate, the

9   active ingredient in Roundup®-branded herbicides, is a non-selective herbicide and that certain

10  Roundup®-branded herbicides are used to kill weeds that commonly compete with growing crops.

11  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the

12  specific numbers and statistics cited in the remaining sentences of paragraph 5 and therefore

13  denies those allegations.

14      6.      In response to the allegations in the first sentence of paragraph 6, Monsanto admits

15  that it has stated, and continues to state, that Roundup®-branded products are safe when used in

16  accordance with the products' labeling.  Monsanto denies that any exposure to glyphosate-based

17  herbicides or Roundup®-branded products can cause cancer or other serious illnesses.  Monsanto

18  denies the remaining allegations in paragraph 6.

19      7.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth

20  of the allegations in paragraph 7 and therefore denies those allegations.

21      8.      Monsanto admits the allegations in the first sentence of paragraph 8.  In response

22  to the allegations in the second sentence of paragraph 8, Monsanto admits that it was the entity

23  that discovered the herbicidal properties of glyphosate and that Monsanto manufactures

24  Roundup®-branded products that have glyphosate as the active ingredient, but notes that

25  Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto lacks

26  information or knowledge sufficient to form a belief as to the truth of the remaining allegations in

27

28

[1] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),
https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907.pdf

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07857-VC

the final sentence of paragraph 8 and therefore denies those allegations.

9.     The allegations in paragraph 9 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 9 based on the allegations in plaintiff's Complaint.

10.     The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.     Monsanto denies the allegations in paragraph 11.

12.     In response to the allegations in paragraph 12, Monsanto denies any "omissions" and certain events giving rise to plaintiff's claim and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 regarding where certain other events giving rise to plaintiff's claim occurred and therefore denies those allegations.  The remaining allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.     In response to the allegations in paragraph 13, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 13 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 and therefore denies those allegations.

14.     Monsanto admits the allegations in the first sentence of paragraph 14.  Monsanto denies the allegations in the second sentence of paragraph 14 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant. Monsanto denies the allegations in the final sentence of paragraph 14 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

15.     Monsanto admits the allegations in paragraph 15.

16.     In response to the allegations in paragraph 16, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s. Monsanto denies the remaining

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07857-VC

allegations in paragraph 16.

17.     The allegations in paragraph 17 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 17.

18.     In response to the allegations in paragraph 18, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     The allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     In response to the allegations in paragraph 20, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the tests" in the final sentence of paragraph 20 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto denies the allegations in paragraph 21 to the extent they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     In response to the allegations in paragraph 22, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and that EPA has not released its findings. Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07857-VC

("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[2]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[3]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[4] Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore denies these allegations.

23.     In response to the allegations in paragraph 23, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP Reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen] — one that shows evidence of non-carcinogenicity for humans — based on the lack of convincing

---

[2] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[3] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[4] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07857-VC

evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 23.

24.    In response to the allegations in paragraph 24, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") studies. To the extent that the allegations in paragraph 24 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

25.    In response to the allegations in paragraph 25, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07857-VC

26.     Monsanto denies the allegations in paragraph 26 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 26 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied.

27.     In response to the allegations in paragraph 27, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

28.     In response to the allegations in paragraph 28, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto further admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 28 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

29.     In response to the allegations in paragraph 29, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety. Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The remaining allegations in paragraph 29 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

1    30.    In response to the allegations in paragraph 30, Monsanto admits that following the

2  development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are

3  now widely used by farmers in the United States and worldwide.  Monsanto lacks information or

4  knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in

5  paragraph 30 and accordingly denies those allegations.  The remaining allegations in paragraph

6  30 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

7    31.    In response to the allegations in paragraph 31, Monsanto admits that glyphosate is

8  one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

9  is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks

10  information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

11  cited in paragraph 31 and accordingly denies the same.  The remaining allegations in paragraph

12  31 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

13    32.    In response to the allegations in paragraph 32, Monsanto admits that the New York

14  Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

15  advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

16  admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

17  General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

18  the subparts of paragraph 32 purport to quote a document, the document speaks for itself and thus

19  does not require any further response.  The remaining allegations in paragraph 32 are vague and

20  conclusory and comprise attorney characterizations, and are accordingly denied.

21    33.    In response to the allegations in paragraph 33, Monsanto admits it entered into an

22  assurance of discontinuance with the New York Attorney General.  The assurance speaks for

23  itself and thus does not require any further answer.  The remaining allegations in paragraph 33 are

24  vague and conclusory and comprise attorney characterizations, and are accordingly denied.

25    34.    Monsanto denies the allegations in paragraph 34.

26    35.    In response to the allegations in paragraph 35, Monsanto admits that the French

27  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

28  that it "left the soil clean," but denies the allegations in paragraph 35 to the extent they suggest

1     that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.

2     Monsanto denies the remaining allegations in paragraph 35.

3           36.      In response to the allegations in paragraph 36, Monsanto denies that IARC follows

4     stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or

5     knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in

6     paragraph 36, which are not limited as of any specified date, and accordingly denies the same.

7           37.      In response to the allegations in paragraph 37, Monsanto admits that IARC sets

8     forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

9     Monsanto denies the remaining allegations in paragraph 37.

10           38.      Monsanto denies any suggestion that IARC reviewed the full body of scientific

11     research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it

12     cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a

13     belief as to the truth of the remaining allegations in paragraph 38 and therefore denies those

14     allegations.

15           39.      Monsanto denies any suggestion that IARC reviewed the full body of scientific

16     research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it

17     cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a

18     belief as to the truth of the remaining allegations in paragraph 39 and therefore denies those

19     allegations.

20           40.      Monsanto denies the allegations in paragraph 40 to the extent that they suggest that

21     IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a

22     Group 2A agent in March 2015.

23           41.      In response to the allegations in paragraph 41, Monsanto admits that IARC issued

24     its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the

25     monograph was prepared by a "working group" of individuals selected by IARC who met over a

26     one week period in March 2015 to consider glyphosate along with a number of other substances.

27     Monsanto denies the allegation that all members of the working group are "experts."  Monsanto

28     further denies that the working group or anyone at IARC conducted a one-year review of the

1   scientific evidence related to glyphosate or that the working group's findings reflected a

2   comprehensive review of the latest available scientific evidence.  Monsanto also denies that the

3   working group considered all information available in the scientific literature and all data from

4   government reports that are publicly available.  Monsanto denies the remaining allegations in

5   paragraph 41.

6          42.     In response to the allegations in paragraph 42, Monsanto denies that the IARC

7   working group considered all of the data in the numerous studies that have been conducted

8   looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

9   that it reliably considered the studies that it purports to have reviewed, which frequently reach

10  conclusions directly contrary to those espoused by the IARC working group.  To the extent the

11  allegations purport to characterize statements made in the IARC monograph for glyphosate, the

12  statements in that document speak for themselves, but Monsanto lacks information or knowledge

13  sufficient to form a belief as to the accuracy of the source of said information and accordingly

14  denies the allegations.

15         43.     The allegations in paragraph 43 are vague and conclusory.  To the extent they

16  purport to characterize statements made in the IARC monograph for glyphosate, the statements in

17  that document speak for themselves, but Monsanto lacks information or knowledge sufficient to

18  form a belief as to the accuracy of the source of said information and accordingly denies the

19  allegations.

20         44.     In response to the allegations in paragraph 44, to the extent the allegations purport

21  to characterize statements made in the IARC monograph for glyphosate, the statements in that

22  document speak for themselves, but to the extent that this paragraph means that more than *de*

23  *minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 44.

24         45.     In response to the allegations in paragraph 45, Monsanto admits that the IARC

25  working group identified a number of case control studies of populations with exposures to

26  glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health

27  concern from such exposures.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07857-VC

46.     In response to the allegations in paragraph 46, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent that the allegations in paragraph 46 purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves.

47.     In response to the allegations in paragraph 47, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 47.

48.     In response to the allegations in paragraph 48, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

49.     In response to the allegations in the first sentence of paragraph 49, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  In response to the allegations in the second sentence of paragraph 49, Monsanto states that the cited document speaks for itself and does not require a response.  In response to the allegations in the final sentence of paragraph 49 and in footnote 1, Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses. Monsanto denies the remaining allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto admits that the IARC

1    working group purported to make these findings, but denies that the cited studies provide any

2    reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or

3    persist in human blood or urine.  Monsanto denies the remaining allegations in paragraph 50.

4         51.     In response to the allegations in paragraph 51, Monsanto admits that the working

5    group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but

6    denies that the working group characterized that study as supporting an association between

7    glyphosate and the specified cancers.  The AHS cohort study did not find a positive association

8    between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph

9    51.

10        52.     In response to the allegations in paragraph 52, Monsanto admits that the referenced

11   studies were published, but denies that the studies show any scientifically reliable findings.

12        53.     In response to the allegations in paragraph 53, Monsanto denies that the cited

13   study provides any reliable basis for a finding that any meaningful levels of glyphosate are

14   present or persist in human blood or urine.  Monsanto denies the remaining allegations in

15   paragraph 53.

16        54.     In response to the allegations in paragraph 54, Monsanto admits that the IARC

17   working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

18   discussions in certain countries regarding the sale of glyphosate-based herbicides.  Monsanto

19   denies that any final conclusion has been reached in these countries and denies that there is any

20   scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the

21   remaining allegations in paragraph 54.

22        55.     In response to the allegations in paragraph 55, Monsanto admits that the IARC

23   working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

24   discussions in certain countries regarding the sale of glyphosate-based herbicides, including the

25   Netherlands.  Monsanto denies that any final conclusion has been reached in these countries and

26   denies that there is any scientific basis for the concerns raised by the improper IARC

27   classification.  Monsanto denies the remaining allegations in paragraph 55.

28

56.     In response to the allegations in paragraph 56, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 56.

57.     Monsanto admits that, in France, the sale to and use by amateurs (i.e., non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions. Monsanto denies the remaining allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same.  Monsanto denies the remaining allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 59.

60.     In response to the allegations in paragraph 60, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns.  As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto denies the remaining allegations in paragraph 60.

1    61.    In response to the allegations in paragraph 61, Monsanto admits that 96 individuals

2  signed a letter sent by Dr. Christopher Portier to the EU Health Commissioner (hereinafter "the

3  Portier letter").  Monsanto states that Dr. Portier has been disclosed as an expert witness retained

4  by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto.  Monsanto denies that

5  Dr. Portier or the other signatories to his letter are "prominent experts," and Monsanto lacks

6  information or knowledge sufficient to form a belief as to whether the other signatories were

7  aware, before they signed the Portier letter, that Dr. Portier was working as a retained expert for

8  plaintiffs' counsel.  Monsanto otherwise admits that this letter urged the EU Health

9  Commissioner to disregard the conclusion that glyphosate is not carcinogenic found by the

10  European Food Safety Authority ("EFSA") and by the German Federal Institute for Risk

11  Management ("BfR").

12    62.    In response to the allegations in paragraph 62, Monsanto denies that the self-

13  labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

14  extent that paragraph 62 characterizes the scientific evidence regarding the safety of glyphosate-

15  based herbicides, Monsanto denies the remaining allegations in paragraph 62.

16    63.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

17  of the allegations in paragraph 63 and therefore denies those allegations.

18    64.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

19  of the allegations in paragraph 64 and therefore denies those allegations.

20    65.    Monsanto denies that any exposure to Roundup®-branded products can cause

21  NHL, and other serious illnesses and therefore denies the allegations in paragraph 65.  Monsanto

22  states, however, that the scientific studies upon which IARC purported to base its evaluation of

23  glyphosate were all publicly available before March 2015.

24    66.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

25  of the allegations in paragraph 66 and therefore denies those allegations.

26    67.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

27  of the allegations in paragraph 67 and therefore denies those allegations.

28    68.    Monsanto incorporates by reference its responses to paragraphs 1 through 67 in

response to paragraph 68 of plaintiff's Complaint.

69.     In response to the allegations in paragraph 69, Monsanto denies that it violated the laws of New Jersey or federal law and states that it complied with all applicable law regarding Roundup®-branded products.  The remaining allegations in paragraph 69 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies all such allegations.

70.     The allegations in paragraph 70 set forth conclusions of law for which no response is required.

71.     Monsanto denies the allegations in the first sentence of paragraph 71.  The second sentence of paragraph 71 sets forth a conclusion of law for which no response is required.

72.     Monsanto incorporates by reference its responses to paragraphs 1 through 71 in response to paragraph 72 of plaintiff's Complaint.

73.     In response to the allegations in paragraph 73, Monsanto admits that plaintiff purports to bring a claim for strict liability defective design, but Monsanto denies any liability to as to that claim.

74.     Monsanto denies the allegations in the first and second sentences of paragraph 74. In response to the last sentence of paragraph 74, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 74.

75.     Monsanto denies the allegations in paragraph 75.

76.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 76 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies those allegations.  The remaining allegations in paragraph 76 set forth conclusions of law for which no response is required.

77.     Monsanto denies the allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07857-VC

79. Monsanto denies the allegations in paragraph 79.

80. Monsanto denies the allegations in paragraph 80 and each of its subparts.

81. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 81 concerning plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 81, including that Roundup®-branded products have "dangerous characteristics."

82. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 82 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 82, including that Roundup®-branded products have "dangerous characteristics."

83. Monsanto denies the allegations in paragraph 83.

84. Monsanto denies the allegations in paragraph 84.

85. Monsanto denies the allegations in paragraph 85.

86. Monsanto denies the allegations in paragraph 86.

87. Monsanto denies the allegations in paragraph 87.

88. Monsanto denies the allegations in paragraph 88.

89. Monsanto denies the allegations in paragraph 89.

90. Monsanto denies the allegations in paragraph 90.

91. In response to the allegations in paragraph 91, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

92. Monsanto incorporates by reference its responses to paragraphs 1 through 91 in response to paragraph 92 of plaintiff's Complaint.

93. In response to the allegations in paragraph 93, Monsanto admits that plaintiff purports to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

94. Monsanto denies the allegations in paragraph 94.

1      95.     In response to the allegations in paragraph 95, Monsanto lacks information or

2 knowledge sufficient to form a belief as to the truth of the allegations that plaintiff or other

3 persons or entities purchased or used Roundup®-branded products and therefore denies those

4 allegations.  The allegations in paragraph 95 also set forth conclusions of law for which no

5 response is required.  Monsanto denies the remaining allegations in paragraph 95.

6      96.     The allegations in paragraph 96 set forth conclusions of law for which no response

7 is required.

8      97.     Monsanto denies the allegations in paragraph 97.  All labeling of Roundup®-

9 branded products has been and remains EPA-approved and in compliance with all federal

10 requirements under FIFRA.

11      98.     Monsanto denies the allegations in paragraph 98.

12      99.     Monsanto denies the allegations in paragraph 99.

13      100.     Monsanto denies the allegations in paragraph 100.

14      101.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth

15 of the allegations in paragraph 101 and therefore denies those allegations.

16      102.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth

17 of the allegations in paragraph 102 concerning plaintiff's alleged use of and exposure to

18 Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

19 remaining allegations in paragraph 102, including that Roundup®-branded products have

20 "dangerous characteristics."

21      103.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth

22 of the allegations in paragraph 103 concerning plaintiff's alleged use of and exposure to

23 Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

24 remaining allegations in paragraph 103, including that Roundup®-branded products have

25 "dangerous characteristics."

26      104.     Monsanto denies the allegations in paragraph 104.

27      105.     Monsanto denies the allegations in paragraph 105.

28

106.    In response to the allegations in paragraph 106, Monsanto denies that there is any risk of NHL or any other serious illnesses associated with the intended use of and/or exposure to Roundup®-branded products and glyphosate.  The allegations in the second sentence of paragraph 106 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 106.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all applicable laws and regulations.

107.    Monsanto denies the allegations in paragraph 107.

108.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 108 concerning plaintiff's alleged use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 108.

109.    Monsanto denies the allegations in paragraph 109.

110.    Monsanto denies the allegations in paragraph 110.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

111.    Monsanto denies the allegations in paragraph 111.

112.    In response to the allegations in paragraph 112, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

113.    Monsanto incorporates by reference its responses to paragraphs 1 through 112 in response to paragraph 113 of plaintiff's Complaint.

114.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 114 regarding the specific products allegedly used by plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore denies the allegations in paragraph 114.

115.    The allegations in paragraph 115 set forth conclusions of law for which no response is required.

116.     The allegations in paragraph 116 set forth conclusions of law for which no response is required.

117.     Monsanto denies the allegations in paragraph 117.

118.     Monsanto denies the allegations in paragraph 118.

119.     Monsanto denies the allegations in paragraph 119.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

120.     Monsanto denies the allegations in paragraph 120.

121.     Monsanto denies the allegations in the first sentence of paragraph 121.  In response to the allegations in the second sentence of paragraph 121, Monsanto denies that Monsanto's promotional activities were not honest.  The remaining allegations in paragraph 121 set forth conclusions of law for which no response is required.

122.     Monsanto denies the allegations in paragraph 122.

123.     Monsanto denies the allegations in paragraph 123, including each of its subparts.

124.     Monsanto denies the allegations in paragraph 124.

125.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 125 regarding plaintiff's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 125, including that intended use of and/or exposure to Roundup®-branded products causes any injuries.

126.     Monsanto denies the allegations in paragraph 126.

127.     Monsanto denies the allegations in paragraph 127.

128.     In response to the allegations in paragraph 128, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

129.     Monsanto incorporates by reference its responses to paragraphs 1 through 128 in response to paragraph 129 of plaintiff's Complaint.

130.     Monsanto denies the allegations in paragraph 130.

1     131.    Monsanto denies the allegations in paragraph 131. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

132.    Monsanto denies the allegations in paragraph 132.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

133.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 133 regarding plaintiff's claimed purchase and use of Roundup®-branded products and plaintiff's knowledge or reliance and therefore denies those allegations. Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto denies the remaining allegations in paragraph 133.

134.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 134 regarding plaintiff's knowledge or reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 134.

135.    Monsanto denies the allegations in paragraph 135.

136.    Monsanto denies the allegations in paragraph 136.

137.    Monsanto denies the allegations in paragraph 137.

138.    Monsanto denies the allegations in paragraph 138.

139.    In response to the allegations in paragraph 139, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

140.    Monsanto incorporates by reference its responses to paragraphs 1 through 139 in response to paragraph 140 of plaintiff's Complaint.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07857-VC

1    141.    Monsanto denies the allegations in paragraph 141.

2    142.    The allegations in paragraph 142 set forth conclusions of law for which no

3    response is required.

4    143.    In response to the allegations in paragraph 143, Monsanto denies that it has failed

5    to properly disclose risks associated with Roundup®-branded products.  The remaining allegations

6    in paragraph 143 are vague and conclusory and comprise attorney characterizations, and are

7    accordingly denied.

8    144.    In response to the allegations in paragraph 144, Monsanto admits that it has sold

9    glyphosate-based herbicides in accordance with their EPA-approved labeling. Monsanto further

10   states that paragraph 144 sets forth conclusions of law for which no response is required.

11   Monsanto denies the remaining allegations in paragraph 144.

12   145.    Monsanto denies the allegations in the first and second sentences of paragraph

13   145.  All labeling of Roundup®-branded products has been and remains EPA-approved and in

14   compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence of

15   paragraph 145 sets forth conclusions of law for which no response is required.

16   146.    The allegations in paragraph 146 set forth conclusions of law for which no

17   response is required.

18   147.    Monsanto denies the allegation in paragraph 147.

19   148.    Monsanto denies the allegations in paragraph 148 and each of its subparts.

20   149.    Monsanto states that the allegation in paragraph 149 that Monsanto made an

21   express warranty sets forth a legal conclusion for which no response is required.  Monsanto lacks

22   information or knowledge sufficient to form a belief as to the truth of the remaining allegations in

23   paragraph 149 and therefore denies those allegations.

24   150.    Monsanto denies the allegations in paragraph 150.

25   151.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

26   of the allegations in paragraph 151 regarding plaintiff's knowledge and therefore denies those

27   allegations.  Monsanto denies the remaining allegations in paragraph 151.

28

- 22 -

152. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 152 and therefore denies those allegations.

153. Monsanto denies the allegations in paragraph 153.

154. Monsanto denies the allegations in paragraph 154.

155. In response to the allegations in paragraph 155, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

156. Monsanto incorporates by reference its responses to paragraphs 1 through 155 in response to paragraph 156 of plaintiff's Complaint.

157. Monsanto denies the allegations in paragraph 157.

158. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 158 regarding plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 158 set forth conclusions of law for which no response is required.

159. Monsanto denies the allegations in paragraph 159. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

160. The allegations in paragraph 160 set forth conclusions of law for which no response is required.

161. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 161 and therefore denies those allegations.

162. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 162 regarding the claimed use of Roundup®-branded products by plaintiff and others and therefore denies those allegations. The remaining allegations in paragraph 162 set forth conclusions of law for which no response is required.

163. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 163 regarding plaintiff's claimed use of or exposure to Roundup®-

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07857-VC

1    branded products and therefore denies those allegations.  The allegation in paragraph 163

2    regarding Monsanto's implied warranties sets forth conclusions of law for which no response is

3    required.  Monsanto denies the remaining allegations in paragraph 163.

4            164.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

5    of the allegations in paragraph 164 regarding plaintiff's claimed use of Roundup®-branded

6    products or plaintiff's claimed reliance and therefore denies those allegations.  The allegation in

7    paragraph 164 regarding Monsanto's implied warranty sets forth conclusions of law for which no

8    response is required.

9            165.    Monsanto denies that there is any risk of serious injury associated with or linked to

10   the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate and

11   therefore denies the allegations in paragraph 165.  Monsanto states, however, that the scientific

12   studies upon which IARC purported to base its evaluation of glyphosate were all publicly

13   available before March 2015.

14           166.    Monsanto denies the allegations in paragraph 166.

15           167.    Monsanto denies the allegations in paragraph 167.

16           168.    Monsanto denies the allegations in paragraph 168.

17           169.    In response to the allegations in paragraph 169, Monsanto demands that judgment

18   be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

19   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

20   by law and such further and additional relief as this Court may deem just and proper.

21           170.    Monsanto incorporates by reference its responses to paragraphs 1 through 169 in

22   response to paragraph 170 of plaintiff's Complaint.

23           171.    Monsanto denies the allegations in paragraph 171.

24           172.    Monsanto denies the allegations in paragraph 172.

25           173.    Monsanto denies the allegations in paragraph 173.

26           174.    The allegations in paragraph 174 set forth a conclusion of law for which no

27   response is required.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07857-VC

175.    In response to the allegations in paragraph 175 and each of its subparts, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.    Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.    Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.    Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the New Jersey Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of punitive damages under New Jersey law and/or other applicable state laws.

20.     Plaintiff's claims for punitive damages are barred and/or limited by operation of state and/or federal law.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiff's common law claims are barred, in whole or part, by application of the New Jersey Products Liability Act, N.J. Stat. Ann. § 2A:58C-1 through 58C-11.

24.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

25.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff has received and/or will receive from collateral sources.

26.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

27.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize or limit such claims.

28.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28.   Plaintiff has failed to allege fraud with sufficient particularity.

29.   Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.


DATED: July 7, 2020                    Respectfully submitted,


                                       /s/ Joe G. Hollingsworth
                                       Joe G. Hollingsworth (*pro hac vice*)
                                       (jhollingsworth@hollingsworthllp.com)
                                       Eric G. Lasker (*pro hac vice*)
                                       (elasker@hollingsworthllp.com)
                                       HOLLINGSWORTH LLP
                                       1350 I Street, N.W.
                                       Washington, DC  20005
                                       Telephone:  (202) 898-5800
                                       Facsimile:   (202) 682-1639

                                       *Attorneys for Defendant*
                                       *MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:19-cv-07857-VC