**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Ray Shedd, Jr. v. Monsanto Co.,* Case No. 3:20-cv-03833-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Ray Shedd, Jr.'s Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 1 and therefore denies those allegations.  In response to the allegations in the third sentence of paragraph 1, Monsanto admits that Roundup®-branded products are safe when used in accordance with the products' labeling; that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world; and that Monsanto has labeled glyphosate

products as approved by regulatory bodies consistent with those findings.  To the extent that the third sentence of paragraph 1 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

3.      In response to the allegations in paragraph 3, Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause non-Hodgkin's lymphoma (NHL) or other serious illnesses.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and therefore denies those allegations.

4.      In response to the allegations in paragraph 4, Monsanto admits that the World Health Organization's International Agency for Research on Cancer ("IARC") issued a monograph relating to glyphosate in 2015 and that an IARC working group classified glyphosate under Group 2A, but denies that the IARC Monograph is the authoritative standard for cancer hazard assessment around the world or that IARC based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.  Monsanto further denies that the members of the panel were "renowned scientists" or that they were free from conflicts of interest.  In response to the allegations in the final sentence of paragraph 4, Monsanto admits that the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the weight or quality of the evidence considered by IARC.  Monsanto further states that this decision was not based upon any independent scientific analysis of glyphosate but instead was in response to a provision of a California ballot proposition triggering such action based solely upon the IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to

1    pose a cancer hazard to humans."[1]  Monsanto contends that OEHHA's decision that it was

2    required to list glyphosate violates the United States Constitution and the California Constitution.

3    On February 26, 2018, a federal district court enjoined California from requiring Proposition 65

4    warning labels for glyphosate as unconstitutional.  The remaining allegations in paragraph 4 set

5    forth conclusions of law for which no response is required.  To the extent that a response is

6    deemed required, Monsanto denies the allegations in paragraph 4.

7        5.      Monsanto admits the allegations in the first sentence of paragraph 5.  In response

8    to the allegations in the second sentence of paragraph 5, Monsanto admits that glyphosate, the

9    active ingredient in Roundup®-branded herbicides, is a non-selective herbicide and that certain

10   Roundup®-branded herbicides are used to kill weeds that commonly compete with growing

11   crops.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of

12   the specific numbers and statistics cited in the remaining sentences of paragraph 5 and therefore

13   denies those allegations.

14       6.      In response to the allegations in the first sentence of paragraph 6, Monsanto

15   admits that it has stated, and continues to state, that Roundup®-branded products are safe when

16   used in accordance with the products' labeling.  Monsanto denies that any exposure to

17   glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

18   illnesses.  Monsanto denies the remaining allegations in paragraph 6.

19       7.      Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in the first and second sentences of paragraph 7 and therefore denies those

21   allegations.  In response to the allegations in the third sentence of paragraph 7, Monsanto denies

22   certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge

23   sufficient to form a belief as to the truth of the allegations regarding where certain other events

24   giving rise to plaintiff's claims occurred and therefore denies those allegations.

25

26

27   [1] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),
     https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907.pdf

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03833-VC

8.     Monsanto admits the allegations in the first and second sentences of paragraph 8. In response to the allegations in the final sentence of paragraph 8, Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate and that Monsanto manufactures Roundup®-branded products that have glyphosate as the active ingredient, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the final sentence of paragraph 8 and therefore denies those allegations.

9.     The allegations in paragraph 9 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 9 based upon the allegations in plaintiff's Complaint.

10.     The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.     Monsanto denies the allegations in paragraph 11.

12.     In response to the allegations in paragraph 12, Monsanto denies any "omissions" and certain events giving rise to plaintiff's claims.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.  The remaining allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.     In response to the allegations in paragraph 13, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 13 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 and therefore denies those allegations.

14.     Monsanto admits the allegations in the first sentence of paragraph 14.  Monsanto denies the allegations in the second sentence of paragraph 14 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant. Monsanto denies the allegations in the third sentence of paragraph 14 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03833-VC

within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

15.     Monsanto admits the allegations in paragraph 15.

16.     In response to the allegations in paragraph 16, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 16.

17.     The allegations in paragraph 17 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits those allegations.

18.     In response to the allegations in paragraph 18, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     The allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     In response to the allegations in paragraph 20, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 20 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto denies the allegations in paragraph 21 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 regarding such pesticide products generally and therefore

1    denies those allegations.  The remaining allegations in paragraph 21 set forth conclusions of law

2    for which no response is required.

3         22.    In response to the allegations in paragraph 22, Monsanto admits that EPA has

4    undertaken a review of glyphosate and that EPA has not released its findings.  Monsanto states,

5    however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a

6    227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest

7    support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to

8    human health risk assessment"[2]; and (b) at the same time, EPA posted an October 2015 final

9    report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC

10   endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to

11   Humans."[3]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed,

12   lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion

13   that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[4]

14   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

15   remaining allegations in paragraph 22 and therefore denies these allegations.

16        23.    In response to the allegations in paragraph 23, Monsanto admits that EPA posted

17   the EPA CARC Final Report on EPA's website in late April 2016 and took the report off the

18   website in early May 2016.  Monsanto further states that, in September 2016, EPA posted the

19   EPA CARC Final Report that endorsed EPA's existing classification of glyphosate as "Not

20

21   [2] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic
     Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"),
22   https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP
     Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on
23   glyphosate's carcinogenic potential.

24   [3] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
     U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the
25   Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
     Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

26

27   [4] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of
     Carcinogenic Potential* at 143, 144 (Dec. 12, 2017),
     https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

28

1    Likely to be Carcinogenic to Humans."  Monsanto lacks information or knowledge sufficient to

2    form a belief as to the truth of the remaining allegations in paragraph 23 and therefore denies

3    those allegations.

4           24.     In response to the allegations in paragraph 24, Monsanto admits that an EPA

5    review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

6    changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

7    evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits

8    that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect

9    to the designation of an agent as Group E, but states that EPA repeatedly has concluded that

10   glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two

11   EPA OPP reports and the EPA CARC final Report, other specific findings of safety include:

12   - "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
       evidence of non-carcinogenicity for humans—based on the lack of convincing
13     evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
       Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
14     http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

15   - "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
16     60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

17   - "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
       Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).
18
19   - "There is [an] extensive database available on glyphosate, which indicate[s] that
       glyphosate is not mutagenic, not a carcinogen, and not a developmental or
20     reproductive toxicant." 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at
       40 C.F.R. pt. 180).

21   - "EPA has concluded that glyphosate does not pose a cancer risk to humans." 78 Fed.
       Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).
22
23   - "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible
       cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body
24     of research does not provide evidence to show that [g]lyphosate causes cancer and
       does not warrant any change in the EPA's cancer classification for [g]lyphosate."
25     *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder
       Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th
26     Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of
       Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-
27     5056-a055-64af-0e55900753b4, at time stamp 55:05–56:20.

28   Monsanto denies the remaining allegations in paragraph 24.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03833-VC

25.     In response to the allegations in paragraph 25, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 25 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

26.     In response to the allegations in paragraph 26, Monsanto admits that Industrial Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

27.     Monsanto denies the allegations in paragraph 27 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 27 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied.

28.     In response to the allegations in paragraph 28, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03833-VC

1  individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

2  herbicides.

3       29.    In response to the allegations in paragraph 29, Monsanto admits that it – along

4  with numerous other private companies – hired Craven Laboratories as an independent

5  laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto admits that

6  it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies

7  conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in

8  paragraph 29 are intended to suggest that Monsanto was anything other than a victim of this

9  fraud, such allegations are denied.

10       30.    In response to the allegations in paragraph 30, Monsanto admits that Roundup®-

11  branded products are highly valued by its customers because of their efficacy and safety.

12  Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The

13  remaining allegations in paragraph 30 are vague and conclusory and comprise attorney

14  characterizations, and are accordingly denied.

15       31.    In response to the allegations in paragraph 31, Monsanto admits that, following

16  the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such

17  seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks

18  information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

19  cited in paragraph 31 and accordingly denies those allegations.  The remaining allegations in

20  paragraph 31 are vague and conclusory and comprise attorney characterizations, and are

21  accordingly denied.

22       32.    In response to the allegations in paragraph 32, Monsanto admits that glyphosate is

23  one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

24  is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks

25  information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

26  cited in paragraph 32 and accordingly denies the same.  The remaining allegations in paragraph

27  32 are vague and conclusory and comprise attorney characterizations, and are accordingly

28  denied.

- 9 -

33.     In response to the allegations in paragraph 33, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 33 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

34.     In response to the allegations in paragraph 34, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 34 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

35.     Monsanto denies the allegations in paragraph 35.

36.     In response to the allegations in paragraph 36, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 36.

37.     Monsanto admits that IARC was created in 1965.  The remaining allegations in paragraph 37 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

38.     Monsanto denies the allegations in the first and second sentences of paragraph 38. Monsanto admits the allegations in the final sentence of paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 39, which are not limited as of any specified date, and accordingly denies the same.

40.     In response to the allegations in paragraph 40, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations. Monsanto denies the remaining allegations in paragraph 40.

41.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 and therefore denies those allegations.

42.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 42 and therefore denies those allegations.

43.     Monsanto denies the allegations in paragraph 43 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

44.     In response to the allegations in paragraph 44, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working group are "experts."

45.     In response to the allegations in paragraph 45, Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 45.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03833-VC

46.     In response to the allegations in paragraph 46, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

47.     The allegations in paragraph 47 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

48.     In response to the allegations in paragraph 48, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

50.     In response to the allegations in paragraph 50, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent that

1   the allegations in paragraph 50 purport to characterize statements made in the IARC monograph

2   for glyphosate, the statements in that document speak for themselves.

3         51.   In response to the allegations in paragraph 51, Monsanto admits that the IARC

4   working group identified a number of case control studies of populations with exposures to

5   glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

6   health concern from such exposures.  Monsanto denies the remaining allegations in paragraph

7   51.  The IARC working group concluded that there was only limited evidence of carcinogenicity

8   in epidemiologic studies, which, per IARC's guidelines, means that the working group could not

9   rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

10         52.   In response to the allegations in paragraph 52, Monsanto admits that the IARC

11   working group purported to make these findings, but denies that the animal carcinogenicity

12   studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

13   of the identified tumors.  Monsanto further states that regulatory agencies around the world have

14   reviewed the same animal studies and concluded that they do not provide evidence that

15   glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 52.

16         53.   In response to the allegations in paragraph 53, Monsanto admits that the working

17   group cited to a study that it concluded provided evidence of chromosomal damage in

18   community residents reported to be exposed to glyphosate, but Monsanto denies that the study

19   supports such a conclusion or that the authors of the study reached such a conclusion.

20         54.   In response to the allegations in the first sentence of paragraph 54, Monsanto

21   admits that certain studies have reported that glyphosate and glyphosate-based formulations

22   induced oxidative stress under artificial experimental conditions.  Monsanto denies that these

23   studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce

24   oxidative stress in humans or animals under real-world exposure conditions.  In response to the

25   allegations in the second sentence of paragraph 54, Monsanto states that the cited document

26   speaks for itself and does not require a response.  In response to the allegations in the final

27   sentence of paragraph 54 and in footnote 1, Monsanto denies that any exposure to glyphosate-

28

- 13 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03833-VC

1    based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.

2    Monsanto denies the remaining allegations in paragraph 54.

3         55.      In response to the allegations in paragraph 55, Monsanto admits that the IARC

4    working group purported to make these findings, but denies that the cited studies provide any

5    reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or

6    persist in human blood or urine.  Monsanto further admits that the working group reviewed the

7    findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working

8    group characterized that study as supporting an association between glyphosate and the specified

9    cancers.  The AHS cohort study did not find a positive association between glyphosate and any

10   type of cancer.  Monsanto denies all other allegations in paragraph 55.

11        56.      In response to the allegations in paragraph 56, Monsanto admits that the

12   referenced studies were published, but denies that the studies show any scientifically reliable

13   findings.

14        57.      In response to the allegations in paragraph 57, Monsanto denies that the cited

15   study provides any reliable basis for a finding that any meaningful levels of glyphosate are

16   present or persist in human blood or urine.  Monsanto denies the remaining allegations in

17   paragraph 57.

18        58.      In response to the allegations in paragraph 58, Monsanto denies that any exposure

19   to Roundup®-branded products can cause cancer and other serious illnesses and therefore denies

20   the allegations in the first and fourth sentences of paragraph 58.  Monsanto admits that certain

21   Roundup®-branded herbicides contain adjuvants and that EPA has classified such adjuvants as

22   inert.  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded

23   herbicides do not pose an unreasonable risk to human health.  The remaining allegations in

24   paragraph 58 are vague and conclusory and comprise attorney characterizations, and are

25   accordingly denied.

26        59.      In response to the allegations in paragraph 59, Monsanto admits that the IARC

27   working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

28   discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-

based herbicides, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 59.

60.     In response to the allegations in paragraph 60, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 60.

61.     In response to the allegations in paragraph 61, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 61.

62.     Monsanto admits that, in France, the sale to and use by amateurs (i.e., non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions.  Monsanto denies the remaining allegations in paragraph 62.

63.     In response to the allegations in paragraph 63, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same.  Monsanto denies the remaining allegations in paragraph 63.

64.     In response to the allegations in paragraph 64, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03833-VC

1   explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC

2   ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety

3   concerns.  As of April 2016, the government of Colombia has resumed manual application of

4   glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs'

5   expert testimony purporting to link these same aerial eradication operations with cancer as

6   scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto

7   denies the remaining allegations in paragraph 65.

8         66.     In response to the allegations in paragraph 66, Monsanto admits that 96

9   individuals signed a letter sent by Dr. Christopher Portier to the EU Health Commissioner

10   (hereinafter "the Portier letter").  Monsanto states that Dr. Portier has been disclosed as an expert

11   witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto.

12   Monsanto denies that Dr. Portier or the other signatories to his letter are "prominent experts,"

13   and Monsanto lacks information or knowledge sufficient to form a belief as to whether the other

14   signatories were aware, before they signed the Portier letter, that Dr. Portier was working as a

15   retained expert for plaintiffs' counsel.  Monsanto otherwise admits that this letter urged the EU

16   Health Commissioner to disregard the conclusion that glyphosate is not carcinogenic found by

17   EFSA and by the BfR.

18         67.     In response to the allegations in paragraph 67, Monsanto denies that the self-

19   labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the

20   extent that paragraph 67 characterizes the scientific evidence regarding the safety of glyphosate-

21   based herbicides, Monsanto denies the remaining allegations in paragraph 67.

22         68.     Monsanto admits that, in June 2016, the European Union continued to consider

23   the reregistration of glyphosate.  Monsanto also states that the allegations are out of date and that

24   the European Union has approved glyphosate for another five years.  Monsanto further notes

25   that, in March 2017, the European Chemical Agency ("ECHA") announced that its Committee

26   for Risk Assessment concluded that the available scientific evidence did not meet the criteria to

27   classify glyphosate as a carcinogen.  *See* ECHA, *Glyphosate not classified as a carcinogen by*

28

*ECHA*, https://echa.europa.eu/-/glyphosate-not-classified-as-a-carcinogen-by-echa.  Monsanto denies the remaining allegations in paragraph 68.

69.     In response to the allegations in paragraph 69, Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 69 and therefore denies those allegations.

70.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore denies those allegations.

71.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL, and other serious illnesses and therefore denies the allegations in paragraph 71.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

72.     In response to the allegations in subpart (a) of paragraph 72, Monsanto admits that Roundup® branded products are safe for use in accordance with the labeling; that the scientific evidence does not support any causal link between Roundup®-branded products and "blood born cancers" or NHL; and that Monsanto has made statements to that effect in accordance with EPA regulation under FIFRA.  Monsanto denies the remaining allegations in paragraph 72, including its subparts.

73.     In response to the allegations in paragraph 73, Monsanto admits that it has made statements with respect to the safety of Roundup in accordance with EPA regulation under FIFRA.  Monsanto states that the first sentence in paragraph 73 sets forth conclusions of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 73 and therefore denies the remaining allegations in paragraph 73.

74.     In response to the allegations in the first sentence of paragraph 74, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup® and glyphosate.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification for glyphosate were all publicly available

before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 74 and therefore denies those allegations.  The final sentence of paragraph 74 sets forth conclusions of law for which no response is required.

75.     The first sentence of paragraph 75 sets forth conclusions of law for which no response is required.  Monsanto denies the allegations in the second sentence of paragraph 75.

76.     Monsanto denies the allegations in the first sentence of paragraph 76.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 76 and therefore denies those allegations.

77.     Monsanto incorporates by reference its responses to paragraphs 1 through 76 in response to paragraph 77 of plaintiff's Complaint.

78.     In response to the allegations in paragraph 78, Monsanto denies that it violated the laws of Mississippi or federal law and states that it complied with all applicable law regarding Roundup®-branded products.  The remaining allegations in paragraph 78 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies all such allegations.

79.     The allegations in paragraph 79 set forth conclusions of law for which no response is required.

80.     The allegations in the second sentence of paragraph 80 sets forth a conclusion of law for which no response is required. Monsanto denies the remaining allegations in paragraph 80.

81.     Monsanto incorporates by reference its responses to paragraphs 1 through 80, in response to paragraph 81 of plaintiff's Complaint.

82.     In response to the allegations in paragraph 82, Monsanto admits that plaintiff purports to bring a claim for strict liability design defect but denies any liability as to that claim.

83.     Monsanto denies the allegations in the first and second sentences of paragraph 83. In response to the last sentence of paragraph 83, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to

Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 85 and therefore denies those allegations.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 98 concerning plaintiff's claimed exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 98, including that Roundup® branded products have "dangerous characteristics."

99.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 99 concerning plaintiff's claimed exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 99, including that Roundup®-branded products have "dangerous characteristics."

100.    Monsanto denies the allegations in paragraph 100.

1       101.    Monsanto denies the allegations in paragraph 101.

2       102.    Monsanto denies the allegations in paragraph 102.

3       103.    Monsanto denies the allegations in paragraph 103.

4       104.    Monsanto denies the allegations in paragraph 104.

5       105.    Monsanto denies the allegations in paragraph 105.

6       106.    Monsanto denies the allegations in paragraph 106.

7       107.    Monsanto denies the allegations in paragraph 107.

8       108.    Monsanto denies the allegations in paragraph 108.

9       109.    Monsanto denies the allegations in paragraph 109.

10      110.    In response to the allegations in paragraph 110, Monsanto demands that judgment

11   be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

12   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

13   by law and such further and additional relief as this Court may deem just and proper.

14      111.    Monsanto incorporates by reference its responses to paragraphs 1 through 110 in

15   response to paragraph 111 of plaintiff's Complaint.

16      112.    In response to the allegations in paragraph 112, Monsanto admits that plaintiff

17   purports to bring a claim for strict liability failure to warn, but denies any liability as to that

18   claim.

19      113.    Monsanto denies the allegations in paragraph 113.

20      114.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 114 that plaintiff purchased Roundup®-branded products and

22   therefore denies those allegations.  The allegations in paragraph 114 also set forth conclusions of

23   law for which no response is required.  Monsanto denies the remaining allegations in paragraph

24   114.

25      115.    The allegations in paragraph 115 set forth conclusions of law for which no

26   response is required.

27      116.    Monsanto denies the allegations in paragraph 116.  All labeling of Roundup®-

28   branded products has been and remains EPA-approved and in compliance with all federal

- 20 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03833-VC

1  requirements under FIFRA.

2       117.    Monsanto denies the allegations in paragraph 117.

3       118.    Monsanto denies the allegations in paragraph 118.

4       119.    Monsanto denies the allegations in paragraph 119.

5       120.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6  truth of the allegations in paragraph 120 and therefore denies those allegations.

7       121.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8  truth of the allegations in paragraph 121 concerning plaintiff's alleged use and exposure to

9  Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

10  remaining allegations in paragraph 121, including that Roundup®-branded products have

11  "dangerous characteristics."

12       122.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13  truth of the allegations in paragraph 122 concerning plaintiff's alleged use and exposure to

14  Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

15  remaining allegations in paragraph 122, including that Roundup®-branded products have

16  "dangerous characteristics."

17       123.    In response to the allegation in paragraph 123, Monsanto denies that any exposure

18  to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

19  illnesses and denies that there are any defects in those products.  Monsanto lacks information or

20  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

21  123 and therefore denies those allegations.  Monsanto states, however, that the scientific studies

22  upon which IARC purported to base its evaluation of glyphosate were all publicly available

23  before March 2015.

24       124.    Monsanto denies the allegations in paragraph 124.

25       125.    Monsanto denies the allegations in paragraph 125.

26       126.    In response to the allegations in paragraph 126, Monsanto denies that there is any

27  risk of NHL or any other serious illnesses associated with the intended use of and/or exposure to

28  Roundup®-branded products and glyphosate.  The allegations in the second sentence of

1    paragraph 126 set forth conclusions of law for which no response is required.  Monsanto denies

2    the remaining allegations in paragraph 126.  All labeling of Roundup®-branded products has

3    been and remains EPA-approved and in compliance with all applicable laws and regulations

4           127.    Monsanto denies the allegations in paragraph 127.

5           128.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in paragraph 128 concerning plaintiff's alleged use of Roundup®-branded

7    products and therefore denies those allegations.  Monsanto denies the remaining allegations in

8    paragraph 128.

9           129.    Monsanto denies the allegations in paragraph 129.

10          130.    Monsanto denies the allegations in paragraph 130.  All labeling of Roundup®-

11   branded products has been and remains EPA-approved and in compliance with all federal

12   requirements under FIFRA.

13          131.    Monsanto denies the allegations in paragraph 131.

14          132.    Monsanto denies the allegations in paragraph 132.

15          133.    In response to the allegations in paragraph 133, Monsanto demands that judgment

16   be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

17   prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

18   by law and such further and additional relief as this Court may deem just and proper.

19          134.    Monsanto incorporates by reference its responses to paragraphs 1 through 133 in

20   response to paragraph 134 of plaintiff's Complaint.

21          135.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations in paragraph 135 regarding the specific products allegedly used by

23   plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore

24   denies the allegations in paragraph 135.

25          136.    The allegations in paragraph 136 set forth conclusions of law for which no

26   response is required.

27          137.    The allegations in paragraph 137 set forth conclusions of law for which no

28   response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03833-VC

1    138.   Monsanto denies the allegations in paragraph 138.

2    139.   Monsanto denies the allegations in paragraph 139.

3    140.   Monsanto denies the allegations in paragraph 140.  All labeling of Roundup®-

4  branded products has been and remains EPA-approved and in compliance with all federal

5  requirements under FIFRA.

6    141.   Monsanto denies the allegations in paragraph 141.

7    142.   Monsanto denies the allegations in the first sentence of paragraph 142.  In

8  response to the allegations in the second sentence of paragraph 142, Monsanto denies that

9  Monsanto's promotional activities were not honest.  The remaining allegations in paragraph 142

10  set forth conclusions of law for which no response is required.

11    143.   Monsanto denies the allegations in paragraph 143.

12    144.   Monsanto denies the allegations in paragraph 144, including each of its subparts.

13    145.   Monsanto denies the allegations in paragraph 145.

14    146.   Monsanto lacks information or knowledge sufficient to form a belief as to the

15  truth of the allegations in paragraph 146 regarding plaintiff's knowledge and therefore Monsanto

16  denies those allegations.  Monsanto denies the remaining allegations in paragraph 146, including

17  that intended use and/or exposure to Roundup®-branded products causes any injuries.

18    147.   Monsanto denies the allegations in paragraph 147.

19    148.   Monsanto denies the allegations in paragraph 148.

20    149.   Monsanto denies the allegations in paragraph 149.

21    150.   Monsanto denies the allegations in paragraph 150.

22    151.   In response to the allegations in  paragraph 151, Monsanto demands that

23  judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed,

24  with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as

25  allowed by law and such further and additional relief as this Court may deem just and proper.

26    152.   Monsanto incorporates by reference its responses to paragraphs 1 through 151 in

27  response to paragraph 152 of plaintiff's Complaint.

28    153.   Monsanto denies the allegations in paragraph 153.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03833-VC

154.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 154 regarding plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 154 set forth conclusions of law for which no response is required.

155.     Monsanto denies the allegations in paragraph 155.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

156.     The allegations in paragraph 156 set forth conclusions of law for which no response is required.

157.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 157 and therefore denies those allegations.

158.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 158 regarding the claimed use of Roundup®-branded products by plaintiff and others and therefore denies those allegations.  The remaining allegations in paragraph 158 set forth conclusions of law for which no response is required.

159.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 159 regarding plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph 159 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 159.

160.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 160 regarding plaintiff's claimed use of or exposure to Roundup®-branded products or plaintiff's claimed reliance and therefore denies those allegations.  The allegation in paragraph 160 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required.

161.     Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

allegations in paragraph 161 regarding plaintiff's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 161.

162.    Monsanto denies the allegations in paragraph 162.

163.    Monsanto denies the allegations in paragraph 163.

164.    Monsanto denies the allegations in paragraph 164.

165.    In response to the allegations in paragraph 165, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

166.    Monsanto incorporates by reference its responses to paragraphs 1 through 165 in response to paragraph 166 of plaintiff's Complaint.  Monsanto denies the allegations in the second sentence of paragraph 166 to the extent it encompasses all herbicides as vague and ambiguous but Monsanto admits the allegations in this sentence to the extent it refers to glyphosate based herbicides.  In response to the final sentence of paragraph 166, Monsanto admits that plaintiff purports to bring a claim for breach of express warranty but denies any liability as to that claim.  Monsanto denies the allegations that Roundup® branded products are defective and unreasonably dangerous to consumers and therefore denies the remaining allegations in paragraph 166.

167.    Paragraph 167 and its subparts set forth conclusions of law for which no response is required.

168.    In response to the allegations in paragraph 168, Monsanto admits that it has sold glyphosate based herbicides in accordance with their EPA-approved labeling.  Monsanto further states that paragraph 168 sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 168.

169.    Monsanto denies the allegations in the first and second sentence of paragraph 169. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence of paragraph 169 sets forth conclusions of law for which no response is required.

170.     The first sentence of paragraph 170 sets forth conclusions of law for which no response is required.   Monsanto denies the allegations in the final sentence of paragraph 170.

171.     Monsanto denies the allegations in paragraph 171 and each of its subparts.

172.     Monsanto states that the allegation in paragraph 172 that Monsanto made an express warranty sets forth a legal conclusion for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 172 and therefore denies those allegations.

173.     Monsanto denies the allegations in paragraph 173 to the extent that they allege that Monsanto made false or incomplete statements and representations concerning Roundup®. All labeling of Roundup® branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 173 regarding plaintiff's knowledge and therefore denies those allegations.

174.     Monsanto denies the allegations in paragraph 174.

175.     In response to the allegations in paragraph 175, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

176.     Monsanto incorporates by reference its responses to paragraphs 1 through 175 in response to paragraph 176 of plaintiff's Complaint.

177.     Monsanto denies the allegations in paragraph 177.

178.     Monsanto denies the allegations in paragraph 178.

179.     Monsanto denies the allegations in paragraph 179.

180.     Monsanto denies the allegations in paragraph 180.

181.     Paragraph 181 sets forth a conclusion of law for which no response is required.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

1   Every allegation in the Complaint that is not specifically and expressly admitted in this

2   Answer is hereby specifically and expressly denied.

3   **SEPARATE AND AFFIRMATIVE DEFENSES**

4   1.   The Complaint, in whole or part, fails to state a claim or cause of action upon

5   which relief can be granted.

6   2.   Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

7   reliable evidence that the products at issue were defective or unreasonably dangerous.

8   3.   Any alleged negligent or culpable conduct of Monsanto, none being admitted,

9   was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

10   plaintiff's alleged injuries.

11   4.   Plaintiff's claims are barred, in whole or in part, because the products at issue

12   were designed, manufactured, marketed and labeled with proper warnings, information, cautions

13   and instructions, in accordance with the state of the art and the state of scientific and

14   technological knowledge.

15   5.   Plaintiff's claims are barred, in whole or in part, because the products at issue

16   were not defective or unreasonably dangerous in that they complied with, at all relevant times,

17   all applicable government safety standards.

18   6.   Any claims based on allegations that Monsanto misled, defrauded, made

19   misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

20   *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

21   *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

22   7.   Plaintiff's claims are preempted, in whole or in part, by applicable federal law

23   relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

24   processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

25   8.   Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA

26   findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

27   product labeling.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03833-VC

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose, bar plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff has failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Mississippi Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Mississippi law, and/or other applicable state laws.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law including Miss. Code Ann. § 11-1-65.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

25.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

26.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

27.     Plaintiff's common law claims are barred, in whole or in part, by application of the Mississippi Product Liability Act, Miss. Code Ann. § 11-1-63 (1993).

28.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

1       **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2  plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

3  other relief as the Court deems equitable and just.

4                                   <u>**JURY TRIAL DEMAND**</u>

5       Monsanto demands a jury trial on all issues so triable.

6  DATED:  July 8, 2020                         Respectfully submitted,

7

8                                               <u>/s/ Joe G. Hollingsworth</u>
                                                Joe G. Hollingsworth (*pro hac vice*)
9                                               (jhollingsworth@hollingsworthllp.com)
                                                Eric G. Lasker (*pro hac vice*)
10                                              (elasker@hollingsworthllp.com)
                                                HOLLINGSWORTH LLP
11                                              1350 I Street, N.W.
                                                Washington, DC  20005
12                                              Telephone:  (202) 898-5800
                                                Facsimile:  (202) 682-1639
13

14                                              *Attorneys for Defendant*
                                                *MONSANTO COMPANY*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-03833-VC