**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Luuana McElrath, as Personal Representative of the Estate of John Stanley McElrath,  v. Monsanto Co.,*<br>Case No. 3:20-cv-03822-VC | |

**MONSANTO COMPANY'S ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Luuana McElrath's First Amended Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      In response to the allegations in the paragraph 1, Monsanto denies that any exposure to Roundup®-branded products can cause non-Hodgkin's lymphoma ("NHL") and other serious illnesses.   Monsanto denies the remaining allegations in paragraph 1.   The allegations in footnote 1 of paragraph 1 comprise attorney characterizations and are accordingly

denied.   Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

2.   Monsanto denies the allegation in paragraph 2.

3.   Monsanto lacks information and knowledge sufficient to form a belief as to the truth of the second sentence in paragraph 3.   Monsanto denies the remaining allegations in paragraph 3.

4.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies those allegations.

6.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies those allegations.

7.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies those allegations.

8.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 concerning decedent's claimed use of Roundup®-branded products and therefore denies those allegations.   Monsanto denies the remaining allegations in paragraph 8, including that Roundup®-branded products have "dangerous properties."

9.   Monsanto denies the allegations in paragraph 9.

10.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies those allegations.

11.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies those allegations.

12.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies those allegations.

13.   Monsanto admits the allegations in paragraph 13.

14.   In response to the allegations in paragraph 14, Monsanto admits that it is authorized to do business in North Carolina.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-03822-VC

15.     The allegations in paragraph 15 set forth conclusions of law for which no response is required.

16.     In response to the allegations in paragraph 16, Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate and that Monsanto manufactures Roundup®-branded products that have glyphosate as the active ingredient, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

17.     The allegations in paragraph 17 set forth conclusions of law for which no response is required.

18.     The allegations in the first sentence of paragraph 18 set forth conclusions of law for which no response is required.  To the extent that a response is required, Monsanto admits those allegations based upon the allegations in plaintiff's Complaint.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 18 and therefore denies those allegations.  Monsanto admits the allegations in the last sentence of paragraph 18.

19.     The allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     Monsanto denies the allegations in the first sentence of paragraph 20.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.  To the extent that a response is required, Monsanto denies that a Florida court has personal jurisdiction over Monsanto for the claims alleged in this case, which are based on alleged exposure to Roundup®-branded products in North Carolina.

21.     Monsanto denies the allegations in paragraph 21.

22.     The allegations in paragraph 22 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 22.

23.     In response to the allegations in paragraph 23, Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-03822-VC

24.      In response to the allegations in paragraph 24, Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 24 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

25.      Monsanto admits the allegations in paragraph 25.

26.      Monsanto admits the allegations in paragraph 26.

27.      In response to the allegations in paragraph 27, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 27 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

28.      In response to the allegations in the first and second sentences of paragraph 28, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  In response to the allegations in the last sentence of paragraph 28, Monsanto admits that its glyphosate products are registered in at least 130 countries and approved for use on over 100 different crops.

29.      In response to the allegations in paragraph 29, Monsanto admits that it marketed Roundup®-branded products in accord with regulatory determinations by the United States Environmental Protection Agency ("EPA") under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  Monsanto denies the remaining allegations in paragraph 29.

30.      Monsanto denies the allegations in the first sentence of paragraph 30.  Monsanto denies the allegations in the second sentence of paragraph 30 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

31.      Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

evidence was "cumulative."   The remaining allegations in paragraph 31 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

32.      In response to the allegations in paragraph 32, Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.   In response to the remaining allegations in paragraph 32, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 32 comprise attorney characterizations and are accordingly denied.

33.      In response to the allegations in paragraph 33, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 33 comprise attorney characterizations and are accordingly denied.

34.      Monsanto denies the allegations in paragraph 34.

35.      In response to the allegations in paragraph 35, Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 35.

36.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies those allegations.

37.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies those allegations.

38.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies those allegations.

39.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies those allegations.

40.      In response to the allegations in the paragraph 40, Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that

1   decedent used Roundup®-branded products and therefore denies that allegation.  Monsanto states

2   that the EPA repeatedly has concluded pursuant to the FIFRA that glyphosate-based herbicides

3   create no unreasonable risk to human health or to the environment when used in accordance with

4   the label.  To the extent that paragraph 40 alleges that Monsanto has labeled glyphosate-based or

5   Roundup®-branded herbicides in any manner different or in addition to such regulatory approval,

6   Monsanto denies such allegations.

7         41.     Monsanto denies the allegations in paragraph 41.

8         42.     Monsanto denies that exposure to Roundup®-branded products and glyphosate

9   exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

10   42.  Monsanto states, however, that the scientific studies upon which IARC purported to base its

11   classification were all publicly available before March 2015.

12         43.     Monsanto admits the allegations in paragraph 43.

13         44.     In response to the allegations in paragraph 44, Monsanto admits that glyphosate's

14   mode of action is targeting EPSP synthase.  The remaining allegations in paragraph 44 comprise

15   attorney characterizations and are accordingly denied.

16         45.     Monsanto admits the allegations in paragraph 45.

17         46.     Monsanto generally admits the allegations in paragraph 46, but denies the

18   allegations in paragraph 46 to the extent that they suggest that glyphosate is present in any plants

19   at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

20   the EPA.

21         47.     Monsanto lacks information or knowledge sufficient to form a belief as to the

22   truth of the allegations in paragraph 47 and therefore denies those allegations.

23         48.     In response to the allegations in paragraph 48, Monsanto admits that it is the

24   leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the

25   Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks

26   information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

27   and statistics provided in the remaining sentences of paragraph 48 and therefore denies those

28   allegations.  Monsanto denies the remaining allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media.   Monsanto denies the remaining allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.   Monsanto also admits that EPA repeatedly has concluded pursuant to FIFRA that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label. To the extent that paragraph 50 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

51.     The allegations in paragraph 51 set forth conclusions of law for which no response is required.   To the extent that a response is required, Monsanto admits the allegations in paragraph 51 based upon the allegations in plaintiff's Complaint.

52.     In response to the allegations in paragraph 52, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.   The remaining allegations in paragraph 52 set forth conclusions of law for which no response is required.

53.     The allegations in paragraph 53 set forth conclusions of law for which no response is required.

54.     In response to the allegations in paragraph 54, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution in the United States, including in North Carolina.

55.     In response to the allegations in paragraph 55, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and

1   environmental safety of their products and further admits that EPA will not register or approve

2   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

3   states that the term "the product tests" in the final sentence of paragraph 55 is vague and

4   ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 55

5   set forth conclusions of law for which no response is required.

6          56.     Monsanto denies the allegations in paragraph 56 to the extent they suggest that

7   EPA only evaluates the safety of pesticide products on the date of their initial registration.

8   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

9   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

10   of the allegations in paragraph 56 regarding such pesticide products generally.  The remaining

11   allegations in paragraph 56 set forth conclusions of law for which no response is required.

12          57.     In response to the allegations in paragraph 57, Monsanto admits that EPA has

13   undertaken a regulatory review of glyphosate and further admits that EPA has not released its

14   final findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

15   Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

16   concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

17   humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

18   posted an October 2015 final report by its standing Cancer Assessment Review Committee

19   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

20   to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

21   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

22

23   [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"),

24   https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on

25   glyphosate's carcinogenic potential.

26   [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*

27   *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-03822-VC

the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 and therefore denies those allegations.

58.    In response to the allegations in paragraph 58, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety.  The

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

remaining allegations in paragraph 58 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

59.     In response to the allegations in paragraph 59, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety. Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The remaining allegations in paragraph 59 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

60.     In response to the allegations in paragraph 60, Monsanto admits that, following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 60 and accordingly denies those allegations.  The remaining allegations in paragraph 60 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

61.     In response to the allegations in paragraph 61, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it is the only company that sells glyphosate or glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 61 and accordingly denies the same.  The remaining allegations in paragraph 61 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

62.     In response to the allegations in paragraph 62, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-03822-VC

require any further answer.  The remaining allegations in paragraph 62 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

63.     In response to the allegations in paragraph 63, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 63 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

64.     Monsanto denies the allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 65 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 65.

66.     In response to the allegations in paragraph 66, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 66, which are not limited as of any specified date, and accordingly denies the same.

67.     In response to the allegations in paragraph 67, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations. Monsanto denies the remaining allegations in paragraph 67.

68.     In response to the allegations in paragraph 68, Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 68 and therefore denies those allegations.

69.     In response to the allegations in paragraph 69, Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks

1    information or knowledge sufficient to form a belief as to the truth of the remaining allegations
2    in paragraph 69 and therefore denies those allegations.

3         70.     Monsanto denies the allegations in paragraph 70 to the extent that they suggest
4    that IARC had previously assessed glyphosate.   Monsanto admits that IARC classified
5    glyphosate as a Group 2A agent in March 2015.

6         71.     In response to the allegations in paragraph 71, Monsanto admits that IARC issued
7    its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the
8    monograph was prepared by a "working group" of individuals selected by IARC who met over a
9    one week period in March 2015 to consider glyphosate along with a number of other substances.
10   Monsanto denies the allegation that all members of the working group are "experts."  Monsanto
11   denies that the working group or anyone at IARC conducted a one-year review of the scientific
12   evidence related to glyphosate or that the working group's findings reflected a comprehensive
13   review of the latest available scientific evidence.  Monsanto also denies that the working group
14   considered all information available in the scientific literature and all data from government
15   reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 71.

16        72.     In response to the allegations in paragraph 72, Monsanto denies that the IARC
17   working group considered all of the data in the numerous studies that have been conducted
18   looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or
19   that it reliably considered the studies that it purports to have reviewed, which frequently reach
20   conclusions directly contrary to those espoused by the IARC working group.  To the extent the
21   allegations  purport to characterize statements made in the IARC monograph for glyphosate, the
22   statements in that document speak for themselves, but Monsanto lacks information or knowledge
23   sufficient to form a belief as to the accuracy of the source of said information and accordingly
24   denies the allegations.

25        73.     The allegations in paragraph 73 are vague and conclusory.  To the extent they
26   purport to characterize statements made in the IARC monograph for glyphosate, the statements
27   in that document speak for themselves, but Monsanto lacks information or knowledge sufficient

28

1   to form a belief as to the accuracy of the source of said information and accordingly denies the

2   allegations.

3       74.     In response to the allegations in paragraph 74, to the extent the allegations purport

4   to characterize statements made in the IARC monograph for glyphosate, the statements in that

5   document speak for themselves, but to the extent that this paragraph means that more than *de*

6   *minimis* amounts of exposure are present, the allegations in paragraph 74 are denied.

7       75.     In response to the allegations in paragraph 75, Monsanto admits that the IARC

8   working group identified a number of case control studies of populations with exposures to

9   glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

10  health concern from such exposures.

11      76.     Monsanto denies the allegations in paragraph 76.  The IARC working group

12  concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

13  which, per IARC's guidelines, means that the working group could not rule out chance, bias or

14  confounding so as to reach any conclusion of an increased risk.

15      77.     In response to the allegations in paragraph 77, Monsanto admits that the working

16  group cited to a study that it concluded provided evidence of chromosomal damage in

17  community residents reported to be exposed to glyphosate, but Monsanto denies that the study

18  supports such a conclusion or that the authors of the study reached such a conclusion.

19      78.     In response to the allegations in paragraph 78, Monsanto admits that the IARC

20  working group purported to make these findings, but denies that the animal carcinogenicity

21  studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

22  of the identified tumors.  Monsanto further states that regulatory agencies around the world have

23  reviewed the same animal studies and concluded that they do not provide evidence that

24  glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 78.

25      79.     In response to the allegations in paragraph 79, Monsanto admits that the IARC

26  working group purported to make these findings but denies that the cited studies provide any

27  reliable basis for a finding that any meaningful levels of glyphosate or AMPA is present or

28  persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 79.

80.     In response to the allegations in paragraph 80, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration.  Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining allegations in paragraph 80.

81.     In response to the allegations in paragraph 81, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 81.

82.     In response to the allegations in paragraph 82, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 82.

83.     In response to the allegations in paragraph 83, Monsanto admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water Regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

84.     In response to the allegations in paragraph 84, Monsanto admits that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

85.     In response to the allegations in paragraph 85, Monsanto admits that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the Coalition provides any reliable basis for any conclusions regarding potential health risks from

- 14 -

1   glyphosate.  Monsanto notes that a federal district court has characterized this same publication

2   as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *Arias v. DynCorp*, 928 F.

3   Supp. 2d 10, 24 (D.D.C. 2013).

4        86.     In response to the allegations in paragraph 86, Monsanto admits that the IARC

5   working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

6   discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-

7   based herbicides, including the Netherlands, but denies that there is any scientific basis for the

8   concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations

9   in paragraph 86.

10        87.     In response to the allegations in paragraph 87, Monsanto admits that the IARC

11   working group classification led an individual government attorney in Brazil to write a letter to

12   the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the

13   remaining allegations in paragraph 87.

14        88.     In response to the allegations in paragraph 88, Monsanto admits that, in France,

15   the sale to and use by amateurs (*i.e.*, non-professionals) of all pesticides (with certain exceptions

16   for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions.

17   Monsanto denies the remaining allegations in paragraph 88.

18        89.     In response to the allegations in paragraph 89, Monsanto admits that some

19   employees of Bermuda's government announced an intention to suspend the importation of

20   glyphosate-based herbicides, but lacks information sufficient to form a belief as to the truth of

21   the allegations about whether this suspension took effect and accordingly denies the same.

22   Monsanto denies the remaining allegations in paragraph 89.

23        90.     In response to the allegations in paragraph 90, Monsanto admits that the IARC

24   monograph appears to be the alleged basis for the Sri Lankan government's actions, including

25   the allegation that glyphosate can cause kidney disease.  Monsanto further states that the

26   allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations

27   regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 90.

28

91.     In response to the allegations in 91, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns.  As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013). Monsanto denies the remaining allegations in paragraph 91.

92.     In response to the allegations in the second sentence of paragraph 92, Monsanto admits that glyphosate repeatedly has been found safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings. Monsanto also admits that EPA repeatedly has concluded, pursuant to FIFRA, that glyphosate based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label. To the extent that the second sentence of paragraph 92 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations. Monsanto denies the remaining allegations in paragraph 92.

93.     The allegations in the first sentence of paragraph 93 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto denies that plaintiff is entitled to invoke the discovery rule.  In response to the second sentence of paragraph 93, Monsanto denies that any exposure to Roundup®-branded products can cause NHL and/or other serious illnesses and states that the scientific studies upon which the IARC purported to base its evaluation of glyphosate were all publicly available before March 2015. The allegations in the final sentence of paragraph 93 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto denies the allegations in paragraph 93.

1     94.     Monsanto denies the allegations in paragraph 94.

2     95.     In response to the allegations in paragraph 95, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

96.     In response to the allegations in paragraph 96, Monsanto states that the cited document speaks for itself and does not require a response.

97.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph 97. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

98.     Monsanto denies the allegations in the first and last sentences of paragraph 98. The remaining allegations in paragraph 98 set forth conclusions of law for which no response is required. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

99.     In response to the allegations in paragraph 99, Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 99 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

100.     In response to the allegations in paragraph 100, Monsanto denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 100 consist of attorney characterizations and are accordingly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-03822-VC

101.     In response to the allegations in paragraph 101, Monsanto denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The remaining allegations in paragraph 101 consist of attorney characterizations and are accordingly denied or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

102.     The allegations in paragraph 102 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto denies the allegations in paragraph 102.

Monsanto incorporates by reference its responses to paragraphs 1 through 102 in response to the unnumbered paragraph under the section titled Count I - Negligence of Monsanto Company.

103.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 103 regarding the specific products allegedly used by plaintiff or any advertising or marketing allegedly seen or considered by decedent and therefore denies the allegations in paragraph 103.

104.     The allegations in paragraph 104 set forth conclusions of law for which no response is required.

105.     The allegations in paragraph 105 set forth conclusions of law for which no response is required.

106.     Monsanto denies the allegations in paragraph 106.

107.     Monsanto denies the allegations in paragraph 107.

108.     Monsanto denies the allegations in paragraph 108.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

109.     Monsanto denies the allegations in paragraph 109.

110.     Monsanto denies the allegations in paragraph 110.

111.    Monsanto denies the allegations in paragraph 111, including each of its subparts.

112.    Monsanto denies the allegations in paragraph 112.

113.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 113 regarding decedent's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 113, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

114.    Monsanto denies the allegations in paragraph 114.

115.    Monsanto denies the allegations in paragraph 115.

116.    Monsanto denies the allegations in paragraph 116.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

117.    Monsanto denies the allegations in paragraph 117.

In response to the "WHEREFORE" paragraph following paragraph 117, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Monsanto incorporates by reference its responses to paragraphs 1 through 117 in response to the unnumbered paragraph under the section titled Count II - Strict Liability of Monsanto Company.

118.    In response to the allegations in paragraph 118, Monsanto admits that plaintiff purports to bring a claim for strict liability design defect, but denies any liability as to that claim.

119.    In response to the allegations in paragraph 119, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that decedent used Roundup®-branded products and therefore denies that allegation.  Monsanto denies the remaining allegations in paragraph 119.

120.    Monsanto denies the allegations in paragraph 120.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-03822-VC

121.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 121 and therefore denies those allegations.

122.     Monsanto denies the allegations in paragraph 122.

123.     Monsanto denies the allegations in paragraph 123.

124.     Monsanto denies the allegations in paragraph 124 and each of its subparts.

125.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 125 concerning decedent's claimed use of Roundup®-branded products and therefore denies those allegations.   Monsanto denies the remaining allegations in paragraph 125, including that Roundup®-branded products have "dangerous characteristics."

126.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 126 concerning decedent's claimed use of Roundup®-branded products and therefore denies those allegations.   Monsanto denies the remaining allegations in paragraph 126, including that Roundup®-branded products have "dangerous characteristics."

127.     Monsanto denies the allegations in paragraph 127.

128.     Monsanto denies the allegations in paragraph 128.

129.     Monsanto denies the allegations in paragraph 129.

130.     Monsanto denies the allegations in paragraph 130.

131.     Monsanto denies the allegations in paragraph 131.

132.     Monsanto denies the allegations in paragraph 132.

133.     Monsanto denies the allegations in paragraph 133.

134.     Monsanto denies the allegations in paragraph 134.

In response to the "WHEREFORE" paragraph following paragraph 134, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Monsanto incorporates by reference its responses to paragraphs 1 through 134 in response to the unnumbered paragraph under the section titled Count III - Strict Liability of Monsanto Company.

135.      In response to the allegations in paragraph 135, Monsanto admits that plaintiff purports to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

136.      Monsanto denies the allegations in paragraph 136.

137.      In response to the allegations in paragraph 137, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that decedent or other entities identified purchased or used Roundup®-branded products and therefore denies that allegation.   The allegations in paragraph 137 also set forth conclusions of law for which no response is required.   Monsanto denies the remaining allegations in paragraph 137.

138.      The allegations in paragraph 138 set forth conclusions of law for which no response is required.

139.      Monsanto denies the allegations in paragraph 139.   All labeling of Roundup® - branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

140.      Monsanto denies the allegations in paragraph 140.

141.      Monsanto denies the allegations in paragraph 141.

142.      Monsanto denies the allegations in paragraph 142.

143.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 143 and therefore denies those allegations.

144.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 144 concerning decedent's alleged use of Roundup®-branded products and therefore denies those allegations.   Monsanto denies the remaining allegations in paragraph 144, including that Roundup®-branded products have "dangerous characteristics."

145.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 145 concerning decedent's alleged use and exposure to Roundup®-branded products and therefore denies those allegations.    Monsanto denies the remaining allegations in paragraph 145, including that Roundup®-branded products have "dangerous characteristics."

146.    Monsanto denies the allegations in paragraph 146 regarding defects and risks associated with Roundup®-branded products.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 146 and therefore denies those allegations.

147.    Monsanto denies the allegations in paragraph 147.

148.    Monsanto denies the allegations in paragraph 148.

149.    Monsanto denies the allegations in paragraph 149.

150.    Monsanto denies the allegations in paragraph 150.

151.    Monsanto denies the allegations in paragraph 151.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto denies the allegations in paragraph 154.

In response to the unnumbered paragraph following paragraph 154, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Monsanto incorporates by reference its responses to paragraphs 1 through 154 in response to the unnumbered paragraph under the section titled Count IV - Fraudulent Concealment Against Monsanto Company.

155.    Monsanto denies the allegations in paragraph 155.

156.    Monsanto denies the allegations in paragraph 156.

157.    Monsanto denies the allegations in paragraph 157.

158.     Monsanto denies the allegations in paragraph 158.

159.     Monsanto denies the allegations in paragraph 159.

160.     Monsanto denies the allegations in paragraph 160.

161.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 161 regarding decedent's actions, and therefore Monsanto denies those allegations.   Monsanto denies the remaining allegations in paragraph 161.

162.     Monsanto denies the allegations in paragraph 162.

163.     Monsanto denies the allegations in paragraph 163.

164.     In response to paragraph 164, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

165.     Monsanto incorporates by reference its responses to paragraphs 1 through 164 in response to paragraph 165 of the Complaint.

166.     The allegations in paragraph 166 set forth conclusions of law for which no response is required.

167.     The allegations in paragraph 167 set forth conclusions of law for which no response is required.

168.     Monsanto denies the allegations in paragraph 168.

169.     Monsanto denies the allegations in paragraph 169.

170.     Monsanto denies the allegations in paragraph 170.

171.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 171 and therefore denies those allegations.

172.     Monsanto denies the allegations in paragraph 172.

173.     In response to paragraph 173, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

1   further and additional relief as this Court may deem just and proper.

2          174.    Monsanto incorporates by reference its responses to paragraphs 1 through 173 in

3   response to paragraph 174 of the Complaint.

4          175.    In response the allegations in the first sentence in paragraph 175, Monsanto

5   admits that it has manufactured, designed, supplied, marketed, advertised, and sold Roundup®-

6   branded products.  Monsanto lacks information or knowledge sufficient to form a belief as to the

7   truth of the allegations in the last sentence of paragraph 175 regarding decedent's alleged use of

8   and exposure to Roundup®-branded products and therefore denies those allegations.  The

9   remaining allegations in paragraph 175 set forth conclusions of law for which no response is

10  required.  To the extent that a response is deemed required, Monsanto denies the remaining

11  allegations in paragraph 175.

12         176.    Monsanto denies the allegations in paragraph 176.

13         177.    Monsanto denies the allegations in paragraph 177.

14         178.    Monsanto denies the allegations in paragraph 178.

15         179.    In response to the allegations in paragraph 179, Monsanto lacks information or

16  knowledge sufficient to form a belief as to the truth of the allegations concerning decedent's

17  claimed purchase of Roundup®-branded products and therefore denies those allegations.  The

18  remaining allegations in paragraph 179 set forth conclusions of law for which no response is

19  required.  To the extent that a response is deemed required, Monsanto denies the remaining

20  allegations in paragraph 179.

21         180.    Monsanto denies the allegations in paragraph 180.

22         181.    Monsanto denies the allegations in paragraph 181.

23         182.    Monsanto denies the allegations in paragraph 182.

24         183.    In response to paragraph 183, Monsanto demands that judgment be entered in its

25  favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that

26  Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

27  further and additional relief as this Court may deem just and proper.

28         184.    Monsanto incorporates by reference its responses to paragraphs 1 through 183 in

1    response to paragraph 184 of the Complaint.

2         185.    Monsanto denies the allegations in paragraph 185.

3         186.    Monsanto denies the allegations in paragraph 186.

4         187.    Monsanto denies the allegations in paragraph 187.

5         188.    Monsanto denies the allegations in paragraph 188.

6         189.    In response to paragraph 189, Monsanto demands that judgment be entered in its

7    favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that

8    Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

9    further and additional relief as this Court may deem just and proper.

10        190.    Monsanto incorporates by reference its responses to paragraphs 1 through 189 in

11   response to paragraph 190 of the Complaint.

12        191.    In response to the allegations in paragraph 191, Monsanto admits that plaintiff

13   purports to bring a claim pursuant to North Carolina false advertising laws, but denies any

14   liability as to that claim.

15        192.    Monsanto denies the allegations in paragraph 192.

16        193.    In response to the allegations in paragraph 193, Monsanto denies that any

17   exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or

18   other serious illnesses.  Monsanto denies the remaining allegations in paragraph 193.

19        194.    Monsanto denies the allegations in paragraph 194.

20        195.    Monsanto denies the allegations in paragraph 195.

21        196.    Monsanto denies the allegations in paragraph 196.

22        197.    Monsanto denies the allegations in paragraph 197.

23        198.    In response to paragraph 198, Monsanto demands that judgment be entered in its

24   favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that

25   Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

26   further and additional relief as this Court may deem just and proper.

27        Monsanto incorporates by reference its responses to paragraphs 1 through 198 in response

28   to the unnumbered paragraph under the section titled Count IX - Loss of Consortium on Behalf

of Luuana McElrath.

199.     Monsanto denies allegations in paragraph 199.

In response to the "WHEREFORE" paragraph following paragraph 199, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

200.     The allegations in paragraph 200 set forth conclusions of law for which no response is required.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.     Plaintiff's claims are barred because a Florida court lacks personal jurisdiction over Monsanto for the claims asserted in this case.

3.     Venue is improper for plaintiff's claims.

4.     Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5.     Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's and/or decedent's alleged injuries.

6.     Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Plaintiff's claims are barred, in whole or in part, because decedent's injuries, if any, were the result of conduct of decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

12.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

13.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

14.     Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

15.     If plaintiff and/or decedent suffered injury or damages as alleged, which is denied, such injury or damage resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes

constitute an independent, intervening and sole proximate cause of plaintiff's and/or decedent's alleged injury or damages.

16.     Monsanto had no legal relationship or privity with plaintiff and/or decedent and owed no duty to them by which liability could be attributed to it.

17.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to decedent.  If any such warranties were made, which Monsanto specifically denies, then plaintiff and/or decedent failed to give notice of any breach thereof.

18.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the North Carolina Constitution, and/or other applicable state constitutions.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under North Carolina law and/or other applicable state laws.

21.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including N.C. Gen. Stat. §§ 1D-15, 1D-25.

22.     Plaintiff's claims are barred in whole or in part by decedent's contributory/comparative negligence.

23.     Plaintiff's claims are barred in whole or in part by plaintiff's and/or decedent's failure to mitigate damages.

24.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

25.      Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff and/or decedent received from collateral sources.

26.     If plaintiff and/or decedent have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-03822-VC

27.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28.     Plaintiff has failed to allege fraud with sufficient particularity.

29.     Plaintiff's strict liability claims are barred in whole or in part, by the N.C. Gen. Stat. § 99B-1.1.

30.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

31.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  July 16, 2020                          Respectfully submitted,


/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-03822-VC