**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Rose Zoeller and Kenneth Zoeller, individually and as wife and husband,* *v. Monsanto Co.*, Case No. 3:20-cv-04522-VC | |

**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**

     Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

     1.    Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

     2.    Monsanto denies the allegations in paragraph 2.

     3.    Monsanto denies the allegations in paragraph 3.

     4.    The allegations in paragraph 4 set forth conclusions of law for which no response

1   is required.

2        5.     Monsanto admits the allegations in paragraph 5.

3        6.     The allegations in paragraph 6 set forth conclusions of law for which no response

4   is required.

5        7.     The allegations in the first sentence of paragraph 7 set forth conclusions of law for

6   which no response is required.  Monsanto admits the allegations in the second sentence of

7   paragraph 7.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies

8   certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge

9   sufficient to form a belief as to the truth of the allegations regarding where certain other events

10  giving rise to plaintiffs' claims occurred and therefore denies those allegations.

11       8.     Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in the first sentence of paragraph 8 and therefore denies those allegations.

13  Monsanto denies the remaining allegations in paragraph 8.

14       9.     The allegations in paragraph 9 comprise attorney characterizations and are

15  accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs

16  have a variety of separate and distinct uses and formulations.

17       10.     Monsanto admits the allegations in paragraph 10.

18       11.     The allegations in paragraph 11 comprise attorney characterizations and are

19  accordingly denied.

20       12.     In response to the allegations in paragraph 12, Monsanto admits that it sells

21  Roundup®-branded products in Missouri.

22       13.     Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in paragraph 13 and therefore denies those allegations.

24       14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney

25  characterizations and are accordingly denied.

26       15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney

27  characterizations and are accordingly denied.

28       16.     Monsanto admits the allegations in paragraph 16.

17.     Monsanto admits that it is authorized to do business in Missouri.  The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     Monsanto denies the allegations in paragraph 19.

20.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 21 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

22.     Monsanto admits the allegations in paragraph 22.

23.     Monsanto admits the allegations in paragraph 23.

24.     Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  Monsanto states that the remaining allegations in paragraph 24 are vague and ambiguous and that it lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

25.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 25 comprise attorney characterizations and are accordingly denied.

26.     Monsanto admits the allegations in paragraph 26.

27.     Monsanto generally admits the allegations in paragraph 27, but denies the allegations in paragraph 27 to the extent that they suggest that glyphosate is present in any plants

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-04522-VC

1    at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

2    the United States Environmental Protection Agency ("EPA").

3        28.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 28 and therefore denies those allegations.

5        29.    Monsanto admits that it is the leading producer of seeds that contain the Roundup

6    Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a

7    farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a

8    belief as to the accuracy of the specific numbers and statistics provided in the remaining

9    sentences of paragraph 29 and therefore denies those allegations.  Monsanto denies the

10   remaining allegations in paragraph 29.

11       30.    In response to the allegations in paragraph 30, Monsanto admits that glyphosate is

12   one of the world's most widely used herbicides today, but notes that Monsanto was and is not the

13   only manufacturer of glyphosate-based herbicides.

14       31.    In response to the allegations in paragraph 31, Monsanto admits that Roundup®-

15   branded products have been used by farmers for approximately 40 years.  Monsanto denies that

16   Roundup®-branded products have carcinogenic properties and denies the remaining allegations

17   in paragraph 31.

18       32.    The allegations in paragraph 32 set forth conclusions of law for which no

19   response is required.  To the extent that a response is deemed required, Monsanto admits the

20   allegations in paragraph 32.

21       33.    In response to the allegations in paragraph 33, Monsanto admits that EPA requires

22   registrants of herbicides to submit extensive data in support of the human health and

23   environmental safety of their products and further admits that EPA will not register or approve

24   the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

25   Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 33 set forth

26   conclusions of law for which no response is required.

27       34.    The allegations in paragraph 34 set forth conclusions of law for which no

28   response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-04522-VC

35. In response to the allegations in paragraph 35, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution in the United States and are registered by the State of Missouri for sale and distribution.

36. In response to the allegations in paragraph 36, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 36 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 36 set forth conclusions of law for which no answer is required.

37. Monsanto denies the allegations in paragraph 37 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 37 set forth conclusions of law for which no response is required.

38. Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore denies those allegations.

39. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

40. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

41. Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-04522-VC

1    carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

2    evidence was "cumulative."  The remaining allegations in paragraph 41 are vague and

3    conclusory and comprise attorney characterizations and are accordingly denied.

4            42.     Monsanto admits that the full IARC Monograph regarding glyphosate was

5    published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

6    2A carcinogen.  In response to the remaining allegations in paragraph 42, Monsanto states that

7    the document speaks for itself and does not require a response.  To the extent that a response is

8    deemed required, the remaining allegations in paragraph 42 comprise attorney characterizations

9    and are accordingly denied.

10          43.     In response to the allegations in paragraph 43, Monsanto states that the document

11   speaks for itself and does not require a response.  To the extent that a response is deemed

12   required, the allegations in paragraph 43 comprise attorney characterizations and are accordingly

13   denied.

14          44.     In response to the allegations in paragraph 44, Monsanto states that the document

15   speaks for itself and does not require a response.  To the extent that a response is deemed

16   required, the allegations in paragraph 44 comprise attorney characterizations and are accordingly

17   denied.

18          45.     Monsanto denies the allegations in paragraph 45.

19          46.     In response to the allegations in paragraph 46, Monsanto states that the cited

20   document speaks for itself and does not require a response.  To the extent that the allegations in

21   paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or

22   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46

23   and therefore denies those allegations.

24          47.     Monsanto admits the allegations in paragraph 47.

25          48.     In response to the allegations in paragraph 48, Monsanto states that the cited the

26   document speaks for itself and does not require a response.  To the extent that the allegations in

27   paragraph 48 go beyond a restatement of the cited document, Monsanto lacks information or

28   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 48

1    and therefore denies those allegations.

2        49.    Monsanto denies the allegations in paragraph 49.

3        50.    Monsanto admits the allegations in the first sentence of paragraph 50.  In response

4    to the allegations in the second sentence of paragraph 50, Monsanto states that the cited

5    document speaks for itself and does not require a response.  To the extent that the allegations in

6    the second sentence of paragraph 50 characterize the meaning of the cited study, Monsanto

7    denies the remaining allegations in paragraph 50.

8        51.    In response to the allegations in the first sentence of paragraph 51, Monsanto

9    states that the cited document speaks for itself and does not require a response.  To the extent

10   that the first sentence of paragraph 51 characterizes the meaning of the cited study, Monsanto

11   denies the remaining allegations in the first sentence of paragraph 51.  Monsanto denies the

12   allegations in the second sentence of paragraph 51.

13       52.    Monsanto states that the term "toxic" as used in paragraph 52 is vague and

14   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

15   denies the allegations in paragraph 52.

16       53.    Monsanto admits the allegations in paragraph 53.

17       54.    In response to the allegations in paragraph 54, Monsanto states that the document

18   speaks for itself and does not require a response.  To the extent that the allegations in paragraph

19   54 characterize the meaning of the cited study, Monsanto denies those allegations in paragraph

20   54.  Monsanto denies the remaining allegations in paragraph 54.

21       55.    In response to the allegations in paragraph 55, Monsanto admits that Julie Marc

22   published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

23   the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the

24   remaining allegations in paragraph 55.

25       56.    In response to the allegations in paragraph 56, Monsanto states that these

26   documents speak for themselves and do not require a response.  To the extent that a response is

27   deemed required, Monsanto denies the allegations in paragraph 56.

28       57.    In response to the allegations in paragraph 57, Monsanto states that the cited

document speaks for itself and does not require a response.  To the extent that paragraph 57 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 57.

58.    Monsanto denies the allegations in paragraph 58.

59.    In response to the allegations in paragraph 59, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 59 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 59.

60.    In response to the allegations in paragraph 60, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 60 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 60.

61.    Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 61.

62.    Monsanto denies the allegations in paragraph 62.

63.    In response to the allegations in paragraph 63, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 63.

64.    In response to the allegations in paragraph 64, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 64.

65.    In response to the allegations in paragraph 65, Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-04522-VC

include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 65.

66.     In response to the allegations in paragraph 66, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 66 are intended to suggest that Monsanto

1    was anything other than a victim of this fraud, such allegations are denied.

2         67.    In response to the allegations in paragraph 67, Monsanto admits that IBT

3    Laboratories was hired to conduct toxicity studies in connection with the registration of a

4    Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

5    based upon any fraudulent or false IBT studies.

6         68.    Monsanto denies the allegations in paragraph 68 to the extent they suggest that

7    EPA performed an inspection of IBT Laboratories solely or specifically in connection with

8    studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

9    Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

10   connection with services provided to a broad number of private and governmental entities and

11   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

12   one of several pesticide manufacturers who had used IBT test results.  The audit found some

13   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

14   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

15   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

16   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 68 are

17   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

18   denies those allegations.

19        69.    In response to the allegations in paragraph 69, Monsanto admits that three IBT

20   employees were convicted of the charge of fraud, but Monsanto denies that any of the

21   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

22   herbicides.

23        70.    In response to the allegations in the first sentence of paragraph 70, Monsanto

24   admits that it – along with numerous other private companies – hired Craven Laboratories as an

25   independent laboratory to conduct residue studies for Monsanto agricultural products. Monsanto

26   denies the remaining allegations in the first sentence of paragraph 70.  In response to the

27   remaining allegations in paragraph 70, Monsanto admits that EPA investigated Craven

28   Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 70 are

1  intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

2  denies those allegations.

3     71.    In response to the allegations in paragraph 71, Monsanto admits that it was

4  defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

5  at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 71

6  are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

7  denies those allegations.

8     72.  In response to the allegations in paragraph 72, Monsanto admits that the New

9  York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

10  advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

11  admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

12  General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

13  the subparts purport to quote a document, the document speaks for itself and thus does not

14  require any further answer.  The remaining allegations in paragraph 72 are vague and conclusory

15  and comprise attorney characterizations and are accordingly denied.

16     73.    In response to the allegations in paragraph 73, Monsanto admits it entered into an

17  assurance of discontinuance with the New York Attorney General.  The assurance speaks for

18  itself and thus does not require any further answer.  The remaining allegations in paragraph 73

19  are vague and conclusory and comprise attorney characterizations and are accordingly denied.

20     74.    Monsanto denies the allegations in paragraph 74.

21     75.    In response to the allegations in paragraph 75, Monsanto admits that the French

22  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

23  that it "left the soil clean," but denies the allegations in paragraph 75 to the extent that they

24  suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

25  cancer.  Monsanto denies the remaining allegations in paragraph 75.

26     76.     In response to the allegations in paragraph 76, Monsanto admits that it has stated

27  and continues to state that Roundup®-branded products are safe when used as labeled and that

28  they are non-carcinogenic and non-genotoxic.  Monsanto denies the remaining allegations in

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-04522-VC

1    paragraph 76.

2         77.    In response to the allegations in paragraph 77, Monsanto admits that a 1986 joint

3    report of the World Health Organization and Food and Agriculture Organization of the United

4    Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

5    Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

6    Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

7    carcinogen.  Monsanto denies the remaining allegations in paragraph 77.

8         78.    Monsanto denies the allegations in paragraph 78.

9         79.    Monsanto denies the allegations in paragraph 79.

10        80.    Monsanto denies the allegations in paragraph 80.

11        81.    Monsanto denies the allegations in paragraph 81.

12        82.    Monsanto denies the allegations in paragraph 82.

13        83.    Monsanto denies the allegations in paragraph 83.

14        84.    Monsanto denies the allegations in paragraph 84.

15        85.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations regarding plaintiff's use in paragraph 85 and therefore denies those

17   allegations.  Monsanto denies the remaining allegations in paragraph 85.

18        86.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 86 and therefore denies those allegations.

20        87.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 87 and therefore denies those allegations.

22        88.    Monsanto denies the allegations in paragraph 88.

23        89.    Monsanto incorporates by reference its responses to paragraphs 1 through 88 in

24   response to paragraph 89 of plaintiffs' Complaint.

25        90.    Monsanto denies the allegations in paragraph 90.

26        91.    In response to the allegations in paragraph 91, Monsanto admits that it has stated

27   and continues to state that Roundup®-branded products are safe when used as labeled and that

28   they are non-toxic and non-carcinogenic.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-04522-VC

92.     In response to the allegations in paragraph 92, Monsanto states that the cited document speaks for itself and does not require a response.

93.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of her alleged cancer and denies the remaining allegations in paragraph 93.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in the last sentence of paragraph 95.  The remaining allegations in paragraph 95 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

96.     Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The remaining allegations in paragraph 96 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

97.     Monsanto incorporates by reference its responses to paragraphs 1 through 96 in response to paragraph 97 of plaintiffs' Complaint.

98.     In response to the allegations in paragraph 98, Monsanto admits that plaintiffs purport to bring a claim for strict liability design defect, but denies any liability as to that claim.

99.     In response to the allegations in paragraph 99, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used Roundup®-branded products and therefore denies that allegation.  Monsanto denies the remaining allegations in paragraph 99.

100.     Monsanto denies the allegations in paragraph 100.

1    101.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 101 and therefore denies those allegations.

3    102.    Monsanto denies the allegations in paragraph 102.

4    103.    Monsanto denies the allegations in paragraph 103.

5    104.    Monsanto denies the allegations in paragraph 104.

6    105.    Monsanto denies the allegations in paragraph 105 and each of its subparts.

7    106.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 106 concerning plaintiff's claimed use of Roundup®-branded

9    products and therefore denies those allegations.  Monsanto denies the remaining allegations in

10   paragraph 106, including that Roundup®-branded products have "dangerous characteristics."

11   107.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations in paragraph 107 concerning plaintiff's claimed use of Roundup®-branded

13   products and therefore denies those allegations.  Monsanto denies the remaining allegations in

14   paragraph 107, including that Roundup®-branded products have "dangerous characteristics."

15   108.    Monsanto denies the allegations in paragraph 108.

16   109.    Monsanto denies the allegations in paragraph 109.

17   110.    Monsanto denies the allegations in paragraph 110.

18   111.    Monsanto denies the allegations in paragraph 111.

19   112.    Monsanto denies the allegations in paragraph 112.

20   113.    Monsanto denies the allegations in paragraph 113.

21   114.    Monsanto denies the allegations in paragraph 114.

22   115.    Monsanto denies the allegations in paragraph 115.

23   116.    Monsanto denies the allegations in paragraph 116.

24   In response to the "WHEREFORE" paragraph following paragraph 116, Monsanto

25   denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

26   damages, interest, costs, or any other relief whatsoever.

27   117.    Monsanto incorporates by reference its responses to paragraphs 1 through 116 in

28   response to paragraph 117 of plaintiffs' Complaint.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-04522-VC

118.    In response to the allegations in paragraph 118, Monsanto admits that plaintiffs purport to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

119.    Monsanto denies the allegations in paragraph 119.

120.    In response to the allegations in paragraph 120, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff or other entities identified purchased or used Roundup®-branded products and therefore denies that allegation.  The allegations in paragraph 120 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 120.

121.    The allegations in paragraph 121 set forth conclusions of law for which no response is required.

122.    The allegations in paragraph 122 set forth conclusions of law for which no response is required.

123.    Monsanto denies the allegations in paragraph 123.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

124.    Monsanto denies the allegations in paragraph 124.

125.    Monsanto denies the allegations in paragraph 125.

126.    Monsanto denies the allegations in paragraph 126.

127.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 127 and therefore denies those allegations.

128.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 128 concerning plaintiff's alleged use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 128, including that Roundup®-branded products have "dangerous characteristics."

129.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 129 concerning plaintiff's alleged use and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 129, including that Roundup®-branded products have

1    "dangerous characteristics."

2        130.    Monsanto denies the allegations in the first sentence of paragraph 130.  Monsanto

3    lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the

4    second sentence of paragraph 130 and therefore denies those allegations.

5        131.    Monsanto denies the allegations in paragraph 131.

6        132.    Monsanto denies the allegations in paragraph 132.

7        133.    Monsanto denies the allegations in paragraph 133.

8        134.    Monsanto denies the allegations in paragraph 134.

9        135.    Monsanto denies the allegations in paragraph 135.

10       136.    Monsanto denies the allegations in paragraph 136.

11       137.    Monsanto denies the allegations in paragraph 137.

12       138.    Monsanto denies the allegations in paragraph 138.

13       In response to the "WHEREFORE" paragraph following paragraph 138, Monsanto

14   denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

15   damages, interest, costs, or any other relief whatsoever.

16       139.    Monsanto incorporates by reference its responses to paragraphs 1 through 138 in

17   response to paragraph 139 of plaintiffs' Complaint.

18       140.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 140 regarding the specific products allegedly used by

20   plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore

21   denies the allegations in paragraph 140.

22       141.    The allegations in paragraph 141 set forth conclusions of law for which no

23   response is required.

24       142.    The allegations in paragraph 142 set forth conclusions of law for which no

25   response is required.

26       143.    Monsanto denies the allegations in paragraph 143.

27       144.    Monsanto denies the allegations in paragraph 144.

28       145.    Monsanto denies the allegations in paragraph 145.  All labeling of Roundup®-

1    branded products has been and remains EPA-approved and in compliance with all federal

2    requirements under FIFRA.

3           146.    Monsanto denies the allegations in paragraph 146.

4           147.    Monsanto denies the allegations in paragraph 147.

5           148.    Monsanto denies the allegations in paragraph 148, including each of its subparts.

6           149.    Monsanto denies the allegations in paragraph 149.

7           150.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 150 regarding plaintiff's knowledge and therefore Monsanto

9    denies those allegations.  Monsanto denies the remaining allegations in paragraph 150, including

10   that intended use and/or exposure to Roundup®-branded products causes any injuries.

11          151.    Monsanto denies the allegations in paragraph 151.

12          152.    Monsanto denies the allegations in paragraph 152.

13          153.    The allegations in paragraph 153 set forth conclusions of law for which no

14   response is required.

15          154.    Monsanto admits that Roundup®-branded products are safe when used in

16   accordance with the products' labeling.  Monsanto denies the allegations in paragraph 154.

17          155.    The allegations in paragraph 155 set forth conclusions of law for which no

18   response is required.

19          156.    Monsanto denies the allegations in paragraph 156.

20          157.    Monsanto denies the allegations in paragraph 157.  All labeling of Roundup®-

21   branded products has been and remains EPA-approved and in compliance with all federal

22   requirements under FIFRA.

23          In response to the "WHEREFORE" paragraph following paragraph 157, Monsanto

24   denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

25   damages, interest, costs, or any other relief whatsoever.

26          158.    In response to the allegations in paragraph 158, Monsanto denies that plaintiffs

27   have alleged fraud, let alone fraud with specificity.  Monsanto incorporates by reference its

28   responses to paragraphs 1 through 157 in response to paragraph 158 of plaintiffs' Complaint.

1   159. Monsanto denies the allegations in paragraph 159.

2   160. Monsanto denies the allegations in paragraph 160.

3   161. Monsanto denies the allegations in paragraph 161.

4   162. Monsanto denies the allegations in paragraph 162.

5   163. Monsanto denies the allegations in paragraph 163.

6   164. Monsanto denies the allegations in paragraph 164.

7   165. Monsanto denies the allegations in paragraph 165.

8   166. Monsanto lacks information or knowledge sufficient to form a belief as to the

9 truth of the allegations in paragraph 166 regarding plaintiff's actions, and therefore Monsanto

10 denies those allegations.  Monsanto denies the remaining allegations in paragraph 166.

11   167. Monsanto denies the allegations in paragraph 167.

12   168. Monsanto denies the allegations in paragraph 168.

13  In response to the "WHEREFORE" paragraph following paragraph 168, Monsanto

14 denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

15 damages, interest, costs, or any other relief whatsoever.

16   169. Monsanto incorporates by reference its responses to paragraphs 1 through 168 in

17 response to paragraph 169 of plaintiffs' Complaint.

18   170. Monsanto admits that plaintiffs purport to bring certain claims alleged in

19 paragraph 170 of the Complaint but denies any liability as to those claims.

20   171. The allegations in paragraph 171 set forth conclusions of law for which no

21 response is required.  To the extent that a response is deemed required, Monsanto denies the

22 allegations in paragraph 171.

23   172. Monsanto denies the allegations in paragraph 172.

24   173. Monsanto lacks information or knowledge sufficient to form a belief as to the

25 truth of the allegations in paragraph 173 and therefore Monsanto denies those allegations.

26   174. Monsanto denies the allegations in paragraph 174.

27   175. Monsanto denies the allegations in paragraph 175.

28   176. Monsanto denies the allegations in paragraph 176.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-04522-VC

1    177.    Monsanto denies the allegations in paragraph 177.

2    178.    Monsanto admits that plaintiffs purport to bring an action under Ohio law but

3    denies any liability to plaintiffs.  Monsanto denies the remaining allegations in paragraph 178.

4    In response to the "WHEREFORE" paragraph following paragraph 178, Monsanto

5    denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

6    damages, interest, costs, or any other relief whatsoever.

7    179.    Monsanto incorporates by reference its responses to paragraphs 1 through 178 in

8    response to paragraph 179 of plaintiffs' Complaint.

9    180.    Monsanto admits that plaintiffs purport to bring certain claims alleged in

10   paragraph 180 of the Complaint but denies any liability as to those claims.

11   181.    The allegations in paragraph 181 set forth conclusions of law for which no

12   response is required.  To the extent that a response is deemed required, Monsanto denies the

13   allegations in paragraph 181.

14   182.    Monsanto denies the allegations in paragraph 182.

15   183.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 183 and therefore Monsanto denies those allegations.

17   184.    Monsanto denies the allegations in paragraph 184.

18   185.    Monsanto denies the allegations in paragraph 185.

19   186.    Monsanto denies the allegations in paragraph 186.

20   187.    Monsanto denies the allegations in paragraph 187.

21   188.    Monsanto admits that plaintiffs purport to bring an action under Missouri law but

22   denies any liability to plaintiffs.  Monsanto denies the remaining allegations in paragraph 188.

23   In response to the "WHEREFORE" paragraph following paragraph 188, Monsanto

24   denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

25   damages, interest, costs, or any other relief whatsoever.

26   189.    Monsanto incorporates by reference its responses to paragraphs 1 through 188 in

27   response to paragraph 189 of plaintiffs' Complaint.

28   190.    Monsanto denies the allegations in paragraph 190.

191.    In response to the allegations in paragraph 191, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further states that paragraph 191 sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 191.

192.    Monsanto denies the allegations in the first and second sentences of paragraph 192.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence of paragraph 192 sets forth conclusions of law for which no response is required.

193.    The allegations in paragraph 193 set forth conclusions of law for which no response is required.

194.    Monsanto denies the allegations in paragraph 194.

195.    Monsanto denies the allegations in paragraph 195 and each of its subparts.

196.    Monsanto denies the allegations in paragraph 196.

197.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 197 regarding plaintiff's knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 197.

198.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 198 and therefore denies those allegations.

199.    Monsanto denies the allegation in paragraph 199.

200.    Monsanto denies the allegations in paragraph 200.

In response to the "WHEREFORE" paragraph following paragraph 200, Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

201.    Monsanto incorporates by reference its responses to paragraphs 1 through 200 in response to paragraph 201 of plaintiffs' Complaint.

202.    Monsanto denies the allegations in paragraph 202.

203.    Monsanto denies the allegations in paragraph 203.

1    204.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 204 concerning plaintiff's claimed use of and exposure to

3    Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

4    paragraph 204 set forth conclusions of law for which no response is required.

5    205.    Monsanto denies the allegations in paragraph 205.  All labeling of Roundup®-

6    branded products has been and remains EPA-approved and in compliance with all federal

7    requirements under FIFRA.

8    206.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 206 regarding plaintiff's reliance and therefore denies those

10   allegations.  The remaining allegations in paragraph 206 set forth conclusions of law for which

11   no response is required.

12   207.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13   truth of the allegations in paragraph 207 and therefore denies those allegations.

14   208.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations in paragraph 208 concerning plaintiff's claimed use of or exposure to

16   Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

17   paragraph 208 set forth conclusions of law for which no response is required.

18   209.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 209 concerning plaintiff's claimed use of or exposure to

20   Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph

21   209 regarding Monsanto's implied warranties sets forth conclusions of law for which no

22   response is required.  Monsanto denies the remaining allegations in paragraph 209.

23   210.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24   truth of the allegations in paragraph 210 concerning plaintiff's reliance or plaintiff's claimed use

25   of any Roundup®-branded product and therefore denies those allegations.  The remaining

26   allegations in paragraph 210 set forth conclusions of law for which no response is required.

27   211.    Monsanto denies that there is any risk of serious injury associated with or linked

28   to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.

1    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

2    allegations in paragraph 211 concerning plaintiff's knowledge about Roundup®-branded

3    products and therefore denies the remaining allegations in paragraph 211.

4            212.    Monsanto denies the allegations in paragraph 212.

5            213.    Monsanto denies the allegations in paragraph 213.

6            214.    Monsanto denies the allegations in paragraph 214.

7            In response to the "WHEREFORE" paragraph following paragraph 214, Monsanto

8    denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

9    damages, interest, costs, or any other relief whatsoever.

10           215.    Monsanto incorporates by reference its responses to paragraphs 1 through 214 in

11   response to paragraph 215 of the plaintiffs' Complaint.

12           216.    Monsanto admits that plaintiffs purport to bring certain claims alleged in

13   paragraph 216 of the Complaint but denies any liability as to those claims.

14           217.    The allegations in paragraph 217 set forth conclusions of law for which no

15   response is required.

16           218.    The allegations in paragraph 218 set forth conclusions of law for which no

17   response is required.

18           219.    The allegations in paragraph 219 set forth conclusions of law for which no

19   response is required.

20           220.    The allegations in paragraph 220 set forth conclusions of law for which no

21   response is required.

22           221.    Monsanto denies the allegations in paragraph 221.

23           222.    The allegations in paragraph 222 set forth conclusions of law for which no

24   response is required.

25           223.    Monsanto denies the allegations in paragraph 223.

26           224.    Monsanto denies the allegations in paragraph 224.

27           225.    Monsanto denies the allegations in paragraph 225.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-04522-VC

1    In response to the "WHEREFORE" paragraphs following paragraph 225, Monsanto

2  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

3  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

4  fees as allowed by law and such further and additional relief as this Court may deem just and

5  proper.

6    226.   Monsanto incorporates by reference its responses to paragraphs 1 through 225 in

7  response to paragraph 226 of the plaintiffs' Complaint.

8    227.   The allegations in paragraph 227 set forth conclusions of law for which no

9  response is required.

10    228.   Monsanto denies the allegations in paragraph 228.

11    In response to the "WHEREFORE" paragraphs following paragraph 228, Monsanto

12  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

13  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

14  fees as allowed by law and such further and additional relief as this Court may deem just and

15  proper.

16    Every allegation in the Complaint that is not specifically and expressly admitted in this

17  Answer is hereby specifically and expressly denied.

18    Every allegation in the Complaint that is not specifically and expressly admitted in this

19  Answer is hereby specifically and expressly denied.

20                    **SEPARATE AND AFFIRMATIVE DEFENSES**

21    1.   The Complaint, in whole or part, fails to state a claim or cause of action against

22  Monsanto upon which relief can be granted.

23    2.   Venue in the Eastern District of Missouri may be inconvenient.

24    3.   Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically

25  reliable evidence that the products at issue were defective or unreasonably dangerous.

26    4.   Any alleged negligent or culpable conduct of Monsanto, none being admitted,

27  was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

28  plaintiff's alleged injuries.

5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiffs suffered injuries or damagess as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which

1   Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an

2   assessment of the relative degree of fault of all such persons and entities; or (b) resulted from

3   diseases and/or causes that are not related or connected with any product sold, distributed, or

4   manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes

5   constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or

6   damages.

7       15.     Plaintiffs have failed to allege fraud with sufficient particularity.

8       16.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to

9   them by which liability could be attributed to it.

10      17.     Monsanto made no warranties of any kind or any representations of any nature

11  whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies,

12  then plaintiffs failed to give notice of any breach thereof.

13      18.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the

14  Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

15      19.     Plaintiffs' claims for punitive, exemplary, and/or aggravated damages are barred

16  because such an award would violate Monsanto's due process, equal protection and other rights

17  under the United States Constitution, the Missouri Constitution, the Ohio Constitution, and/or

18  other applicable state constitutions.

19      20.     Plaintiffs' claims for punitive, exemplary, and/or aggravated damages are barred

20  because plaintiffs have failed to allege conduct warranting imposition of such damages under

21  Missouri law, Ohio law, and/or other applicable state laws.

22      21.     Plaintiffs' claims for punitive, exemplary, and/or aggravated damages are barred

23  and/or limited by operation of state and/or federal law, including Missouri Revised Statute §

24  510.265.1 and Ohio Rev. Code Ann. § 2315.21.

25      22.      Plaintiffs' claims are barred in whole or in part by plaintiffs' own

26  contributory/comparative negligence.

27      23.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to

28  mitigate damages.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-04522-VC

1    24.    Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

2    25.    If plaintiffs have been injured or damaged, no injuries or damages being admitted,

3    such injuries were not caused by a Monsanto product.

4    26.    Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims

5    that are governed by the laws of a state that does not recognize or limit such claims.

6    27.    Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws

7    of states that do not govern plaintiffs' claims.

8    28.    Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless,

9    fraudulent or done with a conscious disregard for the rights of plaintiffs, and/or the safety of the

10   public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a

11   high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged

12   in the Complaint, and plaintiffs have failed to clearly establish any entitlement to exemplary

13   and/or aggravated damages based on their allegations.

14   29.    To the extent that plaintiffs recovered payments for their alleged injuries from any

15   collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced

16   to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute

17   §§ 490.710, 490.715.

18   30.    Plaintiffs' common law claims are barred, in whole or in part, by application of

19   the Ohio Products Liability Act ("OPLA"), Ohio Rev. Code Ann. §§ 2307.71-2307.80.

20   31.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

21   may become available or apparent during the course of discovery and thus reserves its right to

22   amend this Answer to assert such defenses.

23   **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

24   plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and

25   such other relief as the Court deems equitable and just.

26

27   ## JURY TRIAL DEMAND

28   Monsanto demands a jury trial on all issues so triable.

1

2

DATED: July 22, 2020                    Respectfully submitted,

3                                       /s/ Joe G. Hollingsworth

4                                       Joe G. Hollingsworth (*pro hac vice*)
                                        (jhollingsworth@hollingsworthllp.com)
                                        Eric G. Lasker (*pro hac vice*)
5                                       (elasker@hollingsworthllp.com)
                                        HOLLINGSWORTH LLP
6                                       1350 I Street, N.W.
                                        Washington, DC  20005
7                                       Telephone:    (202) 898-5800
                                        Facsimile:    (202) 682-1639

8                                       *Attorneys for Defendant*
                                        *MONSANTO COMPANY*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-04522-VC