**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
            elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Sondra Poling et al., v. Monsanto Co.*,<br>Case No. 3:20-cv-04642-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Sondra Polling's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Although many paragraphs in the Complaint allege exposure or use of Monsanto products by "Plaintiff," Monsanto nevertheless responds to the allegations in those paragraphs as if they refer to decedent James L. Poling. Silence as to any allegations shall constitute a denial.

1. Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint, denies that decedent's death was wrongful, denies, that its conduct or Roundup®-branded products caused decedent's injury, and denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate.

1   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

2   allegations in the second sentence of paragraph 1 and therefore denies those allegations.

3   Monsanto admits that plaintiff purports to bring an action for damages allegedly related to

4   decedent's exposure to Roundup®-branded products but denies any liability to plaintiff.

5   Monsanto denies the remaining allegations in paragraph 1.

6           2.       Monsanto denies the allegations in paragraph 2.

7           3.       Monsanto denies the allegations in paragraph 3.

8           4.       The allegations in the first sentence of paragraph 4 set forth conclusions of law for

9   which no response is required.  To the extent that a response is deemed required, Monsanto

10  admits the allegations in the first sentence of paragraph 4 based upon the allegations in plaintiff's

11  Complaint.  Monsanto lacks information or knowledge sufficient to form a belief as to the

12  remaining allegations in paragraph 4 and therefore denies those allegations.

13          5.       Monsanto admits the allegations in paragraph 5.

14          6.       The allegations in paragraph 6 set forth conclusions of law for which no response

15  is required.

16          7.       The allegations in the first sentence of paragraph 7 set forth conclusions of law for

17  which no response is required.  Monsanto admits the allegations in the second sentence of

18  paragraph 7.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies

19  certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge

20  sufficient to form a belief as to the truth of the allegations regarding where certain other events

21  giving rise to plaintiff's claims occurred and therefore denies those allegations.

22          8.       Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in the first and second sentences of paragraph 8 and therefore denies those

24  allegations.  Monsanto denies the remaining allegations in paragraph 8.

25          9.       The allegations in paragraph 9 comprise attorney characterizations and are

26  accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff

27  have a variety of separate and distinct uses and formulations.

28          10.      Monsanto admits the allegations in paragraph 10.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04642-VC

11.     In response to the allegations in paragraph 11, Monsanto admits that it sells Roundup®-branded products in Ohio.

12.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies those allegations.

13.     The allegations in paragraph 13 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.     Monsanto admits the allegations in paragraph 15.

16.     Monsanto admits that it is authorized to do business in Ohio.  The remaining allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     The allegations in paragraph 17 set forth conclusions of law for which no response is required.

18.     Monsanto denies the allegations in paragraph 18.

19.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 20 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

21.     Monsanto admits the allegations in paragraph 21.

22.     Monsanto admits the allegations in paragraph 22.

23.     In response to the allegations in paragraph 23, Monsanto admits that glyphosate is

an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 23 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

24.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 24 comprise attorney characterizations and are accordingly denied.

25.     Monsanto admits the allegations in paragraph 25.

26.     Monsanto generally admits the allegations in paragraph 26, but denies the allegations in paragraph 26 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

27.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies those allegations.

28.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 28 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 28.

29.     Monsanto admits the allegations in paragraph 29.

30.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years. Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 30.

31.     The allegations in paragraph 31 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 31.

32.     In response to the allegations in paragraph 32, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and

1    environmental safety of their products and further admits that EPA will not register or approve

2    the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

3    Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 32 set forth

4    conclusions of law for which no response is required.

5         33.    The allegations in paragraph 33 set forth conclusions of law for which no

6    response is required.

7         34.    In response to the allegations in paragraph 34, Monsanto admits that Roundup®-

8    branded products are registered by EPA for manufacture, sale and distribution in the United

9    States and are registered by the State of Ohio for sale and distribution.

10        35.    In response to the allegations in paragraph 35, Monsanto admits that EPA requires

11   registrants of herbicides to submit extensive data in support of the human health and

12   environmental safety of their products and further admits that EPA will not register or approve

13   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

14   states that the term "the product tests" in the final sentence of paragraph 35 is vague and

15   ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 35

16   set forth conclusions of law for which no answer is required.

17        36.    Monsanto denies the allegations in paragraph 36 to the extent that they suggest

18   that EPA only evaluates the safety of pesticide products on the date of their initial registration.

19   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

20   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

21   of the allegations in paragraph 36 regarding such pesticide products generally and therefore

22   denies those allegations.  The remaining allegations in paragraph 36 set forth conclusions of law

23   for which no response is required.

24        37.    In response to the allegations in paragraph 37, Monsanto admits that EPA has

25   undertaken a regulatory review of glyphosate and further admits that EPA has not released its

26   findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

27   Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

28   concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04642-VC

humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

posted an October 2015 final report by its standing Cancer Assessment Review Committee

("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

of the remaining allegations in paragraph 37 and therefore denies those allegations.

38.   In response to the allegations in paragraph 38, Monsanto admits that the New

York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

the subparts purport to quote a document, the document speaks for itself and thus does not

require any further answer.  The remaining allegations in paragraph 38 are vague and conclusory

and comprise attorney characterizations and are accordingly denied.

39.     In response to the allegations in paragraph 39, Monsanto admits it entered into an

assurance of discontinuance with the New York Attorney General.  The assurance speaks for

itself and thus does not require any further answer.  The remaining allegations in paragraph 39

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04642-VC

1    are vague and conclusory and comprise attorney characterizations and are accordingly denied.

2         40.    Monsanto denies the allegations in paragraph 40.

3         41.    In response to the allegations in paragraph 41, Monsanto admits that the French

4    court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

5    that it "left the soil clean," but denies the allegations in paragraph 41 to the extent that they

6    suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

7    cancer.  Monsanto denies the remaining allegations in paragraph 41.

8         42.    Monsanto denies the allegations in paragraph 42.

9         43.    In response to the allegations in paragraph 43, Monsanto states that the cited

10   document speaks for itself and does not require a response.  To the extent that the allegations in

11   paragraph 43 go beyond a restatement of the cited document, Monsanto lacks information or

12   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 43

13   and therefore denies those allegations.

14        44.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations in paragraph 44 and therefore denies those allegations.

16        45.    Monsanto admits the allegations in paragraph 45.

17        46.    In response to the allegations in paragraph 46, Monsanto states that the cited

18   document speaks for itself and does not require a response.  To the extent that the allegations in

19   paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or

20   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46

21   and therefore denies those allegations.

22        47.    Monsanto states that the term "toxic" as used in paragraph 47 is vague and

23   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

24   denies the allegations in paragraph 47.

25        48.    Monsanto admits the allegations in paragraph 48.

26        49.    In response to the allegations in paragraph 49, Monsanto states that the document

27   speaks for itself and does not require a response.  To the extent that a response is deemed

28   required, Monsanto denies the allegations in paragraph 49.

1   50. In response to the allegations in paragraph 50, Monsanto admits that Julie Marc

2 published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

3 the extent that paragraph 50 characterizes the meaning of the cited study, Monsanto denies the

4 remaining allegations in paragraph 50.

5   51. In response to the allegations in paragraph 51, Monsanto states that these

6 documents speak for themselves and do not require a response.  To the extent that a response is

7 deemed required, Monsanto denies the allegations in paragraph 51.

8   52. In response to the allegations in paragraph 52, Monsanto states that the cited

9 document speaks for itself and does not require a response.  To the extent that paragraph 52

10 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

11 paragraph 52.

12   53. Monsanto denies the allegations in paragraph 53.

13   54. In response to the allegations in paragraph 54, Monsanto states that the cited

14 document speaks for itself and does not require a response.  To the extent that paragraph 54

15 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

16 paragraph 54.

17   55. In response to the allegations in paragraph 55, Monsanto states that the cited

18 document speaks for itself and does not require a response.  To the extent that paragraph 55

19 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

20 paragraph 55.

21   56. Monsanto denies the allegation that the cited studies support the allegation that

22 glyphosate or Roundup®-branded products pose any risk to human health and denies the

23 remaining allegations in paragraph 56.

24   57. Monsanto denies the allegations in paragraph 57.

25   58. Monsanto denies the allegations in paragraph 58.

26   59. Monsanto denies the allegations in paragraph 59.

27   60. Monsanto denies the allegations in paragraph 60.

28   61. Monsanto admits that it has in the past promoted, and continues to promote,

1    Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

2    Monsanto denies the remaining allegations in paragraph 61.

3         62.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

4    is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

5    lacks information or knowledge sufficient to form a belief as to the truth of the remaining

6    allegations in paragraph 62 and therefore denies those allegations.

7         63.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 63 and therefore denies those allegations.  Monsanto denies

9    that glyphosate met the criteria necessary to be eligible for review.

10        64.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies

12   that glyphosate met the criteria necessary to be eligible for review.

13        65.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

14   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

15   evidence was "cumulative."  The remaining allegations in paragraph 65 are vague and

16   conclusory and comprise attorney characterizations and are accordingly denied.

17        66.    Monsanto admits that the full IARC Monograph regarding glyphosate was

18   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

19   2A carcinogen.  In response to the remaining allegations in paragraph 66, Monsanto states that

20   the document speaks for itself and does not require a response.  To the extent that a response is

21   deemed required, the remaining allegations in paragraph 66 comprise attorney characterizations

22   and are accordingly denied.

23        67.    Monsanto denies the allegations in paragraph 67.  The IARC working group

24   concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

25   which, per IARC's guidelines, means that the working group could not rule out chance, bias or

26   confounding so as to reach any conclusion of an increased risk.

27        68.    In response to the allegations in paragraph 68, Monsanto states that the document

28   speaks for itself and does not require a response.  To the extent that a response is deemed

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04642-VC

required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly denied.

69.     Monsanto denies the allegations in paragraph 69.

70.     The allegations in paragraph 70 comprise attorney characterizations and are accordingly denied.

71.     Monsanto admits the allegations in paragraph 71.

72.     In response to the allegations in paragraph 72, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 72 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 72.

73.     In response to the allegations in paragraph 73, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 73.

74.     The allegations in paragraph 74 are vague and ambiguous and are accordingly denied.

75.     In response to the allegations in paragraph 75, Monsanto states that the cited document speaks for itself and does not require a response.

76.     In response to the allegations in paragraph 76, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 76 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     In response to the allegations in paragraph 78, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 78.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04642-VC

79.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto admits the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto admits the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 96.

97.     In response to the allegations in paragraph 97, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the products' EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04642-VC

97.

98.     In response to the allegations in paragraph 98, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 98.

99.     In response to the allegations in paragraph 99, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 99.

100.     In response to the allegations in paragraph 100, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder*

*Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 100.

101.     In response to the allegations in paragraph 101, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 101 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

102.     In response to the allegations in paragraph 102, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

103.     Monsanto denies the allegations in paragraph 103 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 103 are

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04642-VC

1    intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

2    denies those allegations.

3        104.    In response to the allegations in paragraph 104, Monsanto admits that three IBT

4    employees were convicted of the charge of fraud, but Monsanto denies that any of the

5    individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

6    herbicides.

7        105.    In response to the allegations in paragraph 105, Monsanto admits that it – along

8    with numerous other private companies – hired Craven Laboratories as an independent

9    laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

10   denies the remaining allegations in paragraph 105.

11       106.    In response to the allegations in paragraph 106, Monsanto admits that EPA

12   investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

13   paragraph 106 are intended to suggest that Monsanto was anything other than a victim of this

14   fraud, Monsanto denies those allegations.

15       107.    In response to the allegations in paragraph 107, Monsanto admits that it was

16   defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

17   at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 107

18   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

19   denies those allegations.

20       108.    In response to the allegations in paragraph 108, Monsanto admits that it has stated

21   and continues to state that Roundup®-branded products are safe when used as labeled and that

22   they are non-carcinogenic and non-genotoxic.

23       109.    In response to the allegations in paragraph 109, Monsanto admits that a 1986 joint

24   report of the World Health Organization and Food and Agriculture Organization of the United

25   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

26   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

27   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

28   carcinogen.  Monsanto denies the remaining allegations in paragraph 109.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04642-VC

1    110.    Monsanto denies the allegations in paragraph 110.

2    111.    Monsanto denies the allegations in paragraph 111.

3    112.    Monsanto denies the allegations in paragraph 112.

4    113.    Monsanto denies the allegations in paragraph 113.

5    114.    Monsanto denies the allegations in paragraph 114.

6    115.    Monsanto denies the allegations in paragraph 115.

7    116.    Monsanto denies the allegations in paragraph 116.

8    117.    Monsanto denies the allegations in paragraph 117.

9    118.    Monsanto denies the allegations in paragraph 118.

10   119.    Monsanto denies the allegations in paragraph 119.

11   120.    Monsanto denies the allegations in paragraph 120.

12   121.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13   truth of the allegations in paragraph 121 and therefore denies those allegations.

14   122.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations in paragraph 122 and therefore denies those allegations.

16   123.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in the first sentence of paragraph 123 and therefore denies those

18   allegations.  Monsanto denies the remaining allegations in paragraph 123.

19   124.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 124 and therefore denies those allegations.

21   125.    Monsanto incorporates by reference its responses to paragraphs 1 through 124 in

22   response to paragraph 125 of plaintiff's Complaint.

23   126.    The allegations in paragraph 126 set forth conclusions of law for which no

24   response is required.

25   127.    Monsanto denies the allegations in paragraph 127.

26   128.    Monsanto denies the allegations in paragraph 128, including each of its subparts.

27   129.    Monsanto denies the allegations in paragraph 129.

28   130.    Monsanto denies the allegations in paragraph 130.

131.     Monsanto denies the allegations in paragraph 131, including each of its subparts.

132.     Monsanto denies the allegations in paragraph 132.

133.     Monsanto denies the allegations in paragraph 133.

134.     Monsanto denies the allegations in paragraph 134.

135.     In response to the first sentence of paragraph 135, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of paragraph 135 sets forth a conclusion of law for which no response is required.

136.     Monsanto incorporates by reference its responses to paragraphs 1 through 135 in response to paragraph 136 of plaintiff's Complaint.

137.     In response to the allegations in paragraph 137, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that decedent used or was exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 137.

138.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 138 and therefore denies those allegations.

139.     Monsanto denies the allegations in paragraph 139.

140.     Monsanto denies the allegations in paragraph 140.

141.     Monsanto denies the allegations in paragraph 141.

142.     Monsanto denies the allegations in paragraph 142, including each of its subparts.

143.     Monsanto denies the allegations in paragraph 143.

144.     Monsanto denies that Roundup®-branded products have "dangerous characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 144 and therefore denies those allegations.

145.     Monsanto denies the allegations in paragraph 145.

146.     Monsanto lacks information or knowledge sufficient to form a belief as to the

1   truth of the allegations in paragraph 146 and therefore denies those allegations.

2         147.    Monsanto denies the allegations in paragraph 147.

3         148.    The allegations in paragraph 148 set forth conclusions of law for which no

4   response is required.

5         149.    Monsanto denies the allegations in paragraph 149.

6         150.    Monsanto denies the allegations in paragraph 150.

7         151.    Monsanto denies the allegations in paragraph 151.

8         152.    Monsanto denies the allegations in paragraph 152.

9         153.    Monsanto denies the allegations in paragraph 153.

10         154.    Monsanto denies the allegations in paragraph 154.

11         155.    Monsanto denies the allegations in paragraph 155.

12         156.    Monsanto denies the allegations in paragraph 156.

13         157.    Monsanto denies the allegations in paragraph 157.

14         158.    Monsanto denies the allegations in paragraph 158.

15         In response to the first sentence of the "WHEREFORE" paragraph following paragraph

16   158, Monsanto demands that judgment be entered in its favor and against plaintiff; that

17   plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

18   and reasonable attorney's fees as allowed by law and such further and additional relief as this

19   Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE"

20   paragraph following paragraph 158 sets forth a conclusion of law for which no response is

21   required.

22         159.    Monsanto incorporates by reference its responses to paragraphs 1 through 158 in

23   response to paragraph 159 of plaintiff's Complaint.

24         160.    In response to the allegations in paragraph 160, Monsanto lacks information or

25   knowledge sufficient to form a belief as to the truth of the allegations that decedent used or was

26   exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies

27   the remaining allegations in paragraph 160.

28         161.    Monsanto lacks information or knowledge sufficient to form a belief as to the

1   truth of the allegations in paragraph 161 and therefore denies those allegations.

2        162.   Monsanto denies the allegations in paragraph 162.

3        163.   Monsanto denies the allegations in paragraph 163.

4        164.   Monsanto denies the allegations in paragraph 164, including each of its subparts.

5        165.   Monsanto denies the allegations in paragraph 165.

6        166.   Monsanto denies that Roundup®-branded products have "dangerous

7   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

8   truth of the remaining allegations in paragraph 166 and therefore denies those allegations.

9        167.   Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in paragraph 167 and therefore denies those allegations.

11        168.   Monsanto denies the allegations in paragraph 168.

12        169.   The allegations in paragraph 169 set forth conclusions of law for which no

13   response is required.

14        170.   Monsanto denies the allegations in paragraph 170.

15        171.   Monsanto denies the allegations in paragraph 171.

16        172.   Monsanto denies the allegations in paragraph 172.

17        173.   Monsanto denies the allegations in paragraph 173.

18        174.   Monsanto denies the allegations in paragraph 174.

19        175.   Monsanto denies the allegations in paragraph 175.

20        176.   Monsanto denies the allegations in paragraph 176.

21        177.   Monsanto denies the allegations in paragraph 177.

22        178.   Monsanto denies the allegations in paragraph 178.

23        179.   Monsanto denies the allegations in paragraph 179.

24        In response to the first sentence of the "WHEREFORE" paragraph following paragraph

25   179, Monsanto demands that judgment be entered in its favor and against plaintiff; that

26   plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

27   and reasonable attorney's fees as allowed by law and such further and additional relief as this

28   Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE"

1    paragraph following paragraph 179 sets forth a conclusion of law for which no response is

2    required.

3        180.    Monsanto incorporates by reference its responses to paragraphs 1 through 179 in

4    response to paragraph 180 of plaintiff's Complaint.

5        181.    The allegations in paragraph 181 set forth conclusions of law for which no

6    response is required.

7        182.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 182 and therefore denies those allegations.

9        183.    Monsanto denies the allegations in paragraph 183.  All labeling of Roundup®-

10   branded products has been and remains EPA-approved and in compliance with all federal

11   requirements under FIFRA.

12       184.    Monsanto denies the allegations in paragraph 184.

13       185.    Monsanto denies the allegations in paragraph 185.  All labeling of Roundup®-

14   branded products has been and remains EPA-approved and in compliance with all federal

15   requirements under FIFRA.

16       186.    Monsanto denies the allegations in paragraph 186.  All labeling of Roundup®-

17   branded products has been and remains EPA-approved and in compliance with all federal

18   requirements under FIFRA and with Florida law.

19       187.    Monsanto denies the allegations in paragraph 187.

20       188.    Monsanto denies the allegations in paragraph 188.

21       189.    The allegations in paragraph 189 set forth conclusions of law for which no

22   response is required.

23       190.    Monsanto denies the allegations in paragraph 190.

24       191.    Monsanto denies the allegations in paragraph 191.

25       192.    Monsanto denies the allegations in paragraph 192.

26       193.    Monsanto denies the allegations that Roundup®-branded products are defective

27   and accordingly denies the allegations in paragraph 193.

28       194.    The allegations in paragraph 194 set forth conclusions of law for which no

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04642-VC

1    response is required.

2        195.   Monsanto lacks information or knowledge sufficient to form a belief as to the

3    truth of the allegations in paragraph 195 and therefore denies those allegations.

4        196.   Monsanto denies the allegations in paragraph 196.

5        197.   Monsanto denies the allegations in paragraph 197.

6        198.   Monsanto denies the allegations in paragraph 198.

7        199.   Monsanto denies the allegations in paragraph 199.

8        200.   Monsanto denies the allegations in paragraph 200.

9        In response to the first sentence of the "WHEREFORE" paragraph following paragraph

10   200, Monsanto demands that judgment be entered in its favor and against plaintiff; that

11   plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

12   and reasonable attorney's fees as allowed by law and such further and additional relief as this

13   Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE"

14   paragraph following paragraph 200 sets forth a conclusion of law for which no response is

15   required

16       201.   Monsanto incorporates by reference its responses to paragraphs 1 through 200 in

17   response to paragraph 201 of plaintiff's Complaint.

18       202.   The allegations in paragraph 202 set forth conclusions of law for which no

19   response is required.

20       203.   Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 203 and therefore denies those allegations.

22       204.   Monsanto denies the allegations in paragraph 204.  All labeling of Roundup®-

23   branded products has been and remains EPA-approved and in compliance with all federal

24   requirements under FIFRA.

25       205.   Monsanto denies the allegations in paragraph 205.

26       206.   Monsanto denies the allegations in paragraph 206.  All labeling of Roundup®-

27   branded products has been and remains EPA-approved and in compliance with all federal

28   requirements under FIFRA.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04642-VC

1      207.    Monsanto denies the allegations in paragraph 207.

2      208.    Monsanto denies the allegations in paragraph 208.

3      209.    The allegations in paragraph 209 set forth conclusions of law for which no

4   response is required.

5      210.    Monsanto denies the allegations in paragraph 210.

6      211.    Monsanto denies the allegations in paragraph 211.

7      212.    Monsanto denies the allegations in paragraph 212.

8      213.    Monsanto denies the allegations that Roundup®-branded products are defective

9   and accordingly denies the allegations in paragraph 213.

10     214.    The allegations in paragraph 214 set forth conclusions of law for which no

11   response is required.

12     215.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13   truth of the allegations in paragraph 215 and therefore denies those allegations.

14     216.    Monsanto denies the allegations in paragraph 216.

15     217.    Monsanto denies the allegations in paragraph 217.

16     218.    Monsanto denies the allegations in paragraph 218.

17     219.    Monsanto denies the allegations in paragraph 219.

18     220.    Monsanto denies the allegations in paragraph 220.

19     221.    Monsanto denies the allegations in paragraph 221.

20          In response to the first sentence of the "WHEREFORE" paragraph following paragraph

21   221, Monsanto demands that judgment be entered in its favor and against plaintiff; that

22   plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

23   and reasonable attorney's fees as allowed by law and such further and additional relief as this

24   Court may deem just and proper. The statement in the last sentence of the "WHEREFORE"

25   paragraph following paragraph 221 sets forth a conclusion of law for which no response is

26   required

27     222.    Monsanto incorporates by reference its responses to paragraphs 1 through 221 in

28   response to paragraph 222 of plaintiff's Complaint.

- 21 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04642-VC

1      223.    Monsanto denies the allegations in paragraph 223.  Additionally, the allegations

2   in the last sentence in paragraph 223 set forth conclusions of law for which no response is

3   required.

4      224.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5   truth of the allegations in paragraph 224 concerning the decedent's claimed use of Roundup®-

6   branded products and therefore denies those allegations.  The remaining allegations in paragraph

7   224 set forth conclusions of law for which no response is required.

8      225.    The allegations in paragraph 225 set forth conclusions of law for which no

9   response is required.

10     226.    Monsanto denies the allegations in paragraph 226.

11     227.    The allegation in paragraph 227 regarding a purported implied warranty sets forth

12   a conclusion of law for which no response is required.  Monsanto lacks information or

13   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

14   227 and therefore denies those allegations.

15     228.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 228 concerning the condition of any Roundup®-branded

17   product allegedly used by decedent or about decedent's alleged uses of such product and

18   therefore denies the allegations in paragraph 228.

19     229.    Monsanto denies the allegations in paragraph 229.

20     230.    Monsanto denies the allegations in paragraph 230.

21     231.    Monsanto denies the allegations in paragraph 231.

22     In response to the first sentence of the "WHEREFORE" paragraph following paragraph

23   231, Monsanto demands that judgment be entered in its favor and against plaintiff; that

24   plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

25   and reasonable attorney's fees as allowed by law and such further and additional relief as this

26   Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE"

27   paragraph following paragraph 231 sets forth a conclusion of law for which no response is

28   required.

1       232.    Monsanto incorporates by reference its responses to paragraphs 1 through 231 in

2 response to paragraph 232 of plaintiff's Complaint.

3       233.    In response to the allegations in paragraph 233, Monsanto admits that it has

4 manufactured, distributed, advertised, promoted, and sold Roundup®-branded products.

5       234.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6 truth of the allegations in paragraph 234 concerning decedent's claimed use of Roundup®-

7 branded products and therefore denies those allegations.  Monsanto admits that it has sold

8 glyphosate based herbicides in accordance with their EPA-approved labeling.  The remaining

9 allegations in paragraph 234 set forth conclusions of law for which no response is required.

10       235.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11 truth of the allegations in paragraph 235 concerning decedent's foreseeable use of Roundup®-

12 branded products and therefore denies those allegations.  The remaining allegations in paragraph

13 235 set forth conclusions of law for which no response is required.

14       236.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15 truth of the allegations in paragraph 236 and therefore denies those allegations.

16       237.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17 truth of the allegations in paragraph 237 and therefore denies those allegations.

18       238.    The allegations in paragraph 238 set forth conclusions of law for which no

19 response is required.

20       239.    The allegations in paragraph 239 set forth conclusions of law for which no

21 response is required.

22       240.    Monsanto denies the allegations in paragraph 240.

23       241.    Monsanto denies the allegations in paragraph 241.

24       242.    Monsanto denies the allegations in paragraph 242.

25       243.    Monsanto denies the allegations in paragraph 243.

26       244.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27 truth of the allegations in paragraph 244 regarding plaintiff's and/or decedent's reliance and

28 therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 244.

245.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 245 regarding reliance by plaintiff and/or decedent and others and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 245.

246.   Monsanto denies the allegations in paragraph 246.

247.   Monsanto denies the allegations in paragraph 247.

248.   Monsanto denies the allegations in paragraph 248.

249.   Monsanto denies the allegations in paragraph 249.

250.   Monsanto denies the allegations in paragraph 250.

In response to the allegations in the first sentence of the "WHEREFORE" paragraph following paragraph 250, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 250 sets forth a conclusion of law for which no response is required.

251.   Monsanto incorporates by reference its responses to paragraphs 1 through 250 in response to paragraph 251 of plaintiff's Complaint.

252.   In response to the allegations in paragraph 252 and its subparts, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic, and non-genotoxic when used in accordance with the products' EPA approved labeling.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff and/or decedent and therefore denies those allegations.  The remaining allegations in paragraph 252 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

253.   Monsanto denies the allegations in paragraph 253.

254.   Monsanto denies the allegations in paragraph 254.

255.   Monsanto denies the allegations in paragraph 255.

256.   Monsanto denies the allegations in paragraph 256.

1       257.    Monsanto denies the allegations in paragraph 257.

2       In response to the first sentence of the "WHEREFORE" paragraph following paragraph

3 257, Monsanto demands that judgment be entered in its favor and against plaintiff; that

4 plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

5 and reasonable attorney's fees as allowed by law and such further and additional relief as this

6 Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE"

7 paragraph following paragraph 257 sets forth a conclusion of law for which no response is

8 required.

9       258.    Monsanto incorporates by reference its responses to paragraphs 1 through 257 in

10 response to paragraph 258 of plaintiff's Complaint.

11      259.    Monsanto admits that plaintiff purports to bring certain claims alleged in

12 paragraph 259 of the Complaint but denies any liability as to those claims.

13      260.    Monsanto denies the allegations in paragraph 260.

14      261.    Monsanto denies the allegations in paragraph 261.

15      262.    Monsanto denies the allegations in paragraph 262.

16      263.    Monsanto denies the allegations in paragraph 263.

17      264.    Monsanto denies the allegations in paragraph 264.

18      265.    Monsanto denies the allegations in paragraph 265.

19      266.    Monsanto denies the allegations in paragraph 266.

20      267.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21 truth of the allegations in paragraph 267 regarding decedent's actions, and therefore Monsanto

22 denies those allegations.  Monsanto denies the remaining allegations in paragraph 267.

23      268.    Monsanto denies the allegations in paragraph 268.

24      269.    Monsanto denies the allegations in paragraph 269.  All labeling of Roundup®-

25 branded products has been and remains EPA-approved and in compliance with all federal

26 requirements under FIFRA.

27      270.    Monsanto denies the allegations in paragraph 270.

28

1    271.    The allegations in paragraph 271 set forth conclusions of law for which no

2    response is required.

3    272.    The allegations in paragraph 272 set forth conclusions of law for which no

4    response is required.

5    273.    Monsanto denies the allegations in paragraph 273.

6    274.    Monsanto denies the allegations in paragraph 274.

7    275.    Monsanto denies the allegations in paragraph 275.

8    276.    Monsanto denies the allegations in paragraph 276.

9    277.    Monsanto denies the allegations in paragraph 277.

10   278.    Monsanto denies the allegations in paragraph 278.

11   279.    Monsanto denies the allegations in the first sentence of paragraph 279.  Monsanto

12   admits that plaintiff purports to bring an action for damages allegedly related to exposure to

13   Roundup®-branded products but denies any liability as to that claim.

14   In response to the first sentence of the "WHEREFORE" paragraph following paragraph

15   279, Monsanto demands that judgment be entered in its favor and against plaintiff; that

16   plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

17   and reasonable attorney's fees as allowed by law and such further and additional relief as this

18   Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE"

19   paragraph following paragraph 279 sets forth a conclusion of law for which no response is

20   required.

21   In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

22   denies that plaintiff is entitled to the relief sought therein, including any judgment for any

23   damages, interest, costs, or any other relief whatsoever.

24   Every allegation in the Complaint that is not specifically and expressly admitted in this

25   Answer is hereby specifically and expressly denied.

26   ## SEPARATE AND AFFIRMATIVE DEFENSES

27   1.    The Complaint, in whole or part, fails to state a claim or cause of action upon

28   which relief can be granted.

2.      Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's and/or decedent's alleged injuries.

4.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff has failed to allege fraud with sufficient particularity.

9.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Plaintiff's claims are barred, in whole or in part, because plaintiff's and/or decedent's injuries, if any, were the result of conduct of decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal

1    course of events, and/or independent, intervening and superseding causes of the alleged injuries,

2    including but not limited to decedent's pre-existing medical conditions.

3        12.    The doctrines contained in Restatement (Second) of Torts § 402A, comments j

4    and k, bar plaintiff's claims against Monsanto in whole or in part.

5        13.    Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or

6    in part.

7        14.    Decedent's misuse or abnormal use of the product or failure to follow instructions

8    bar plaintiff's claims in whole or in part.

9        15.    If plaintiff and/or decedent suffered injuries or damages as alleged, which is

10   denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for

11   which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an

12   assessment of the relative degree of fault of all such persons and entities; or (b) resulted from

13   diseases and/or causes that are not related or connected with any product sold, distributed, or

14   manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes

15   constitute an independent, intervening and sole proximate cause of plaintiff's and/or decedent's

16   alleged injuries or damages.

17       16.    Monsanto had no legal relationship or privity with plaintiff and/or decedent and

18   owed no duty to plaintiff and/or decedent by which liability could be attributed to it.

19       17.    Monsanto made no warranties of any kind or any representations of any nature

20   whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies,

21   then plaintiff failed to give notice of any breach thereof.

22       18.    Plaintiff's claims are preempted or otherwise barred in whole or in or part by the

23   Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

24       19.    Plaintiff's claims for punitive and/or exemplary damages are barred because such

25   an award would violate Monsanto's due process, equal protection and other rights under the

26   United States Constitution, the Ohio Constitution, and/or other applicable state constitutions.

27       20.    Plaintiff's claims for punitive and/or exemplary damages are barred because

28   plaintiff has failed to allege conduct warranting imposition of such damages under Ohio law

- 28 -

and/or other applicable state laws.

21.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Ohio Rev. Code Ann. § 2315.21.

22.      Plaintiff's claims are barred in whole or in part by plaintiff's and/or decedent's contributory/comparative negligence.

23.     Plaintiff's claims are barred in whole or in part by plaintiff's and/or decedent's failure to mitigate damages.

24.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

25.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiff and/or decedent receive from collateral sources.

26.     If plaintiff and/or decedent has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

27.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

29.     Plaintiff's common law claims are barred, in whole or in part, by application of the Ohio Products Liability Act ("OPLA"), Ohio Rev. Code Ann. §§ 2307.71-2307.80.

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED:  July 28, 2020

Respectfully submitted,

/s/ Eric G. Lasker
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04642-VC