**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:    (310) 819-3470

*Counsel for Plaintiffs City of Grand Rapids General Retirement System and City of Grand Rapids Police & Fire Retirement System*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*City of Grand Rapids General Retirement System v. Bayer Aktiengesellschaft,*<br>Case No. 3:20-cv-04737-RS | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**REPLY BRIEF IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
|---|---|

1     Pursuant to Local Rule 3-12, the securities class action captioned *City of Grand Rapids General Retirement System v. Bayer Aktiengesellschaft*, No. 3:20-cv-04737-RS (N.D. Cal. filed July 15, 2020) ("*Grand Rapids*"), should be deemed related to *In re Roundup Products Liability Litigation*, No. 3:16-md-02741-VC (N.D. Cal. filed Oct. 4, 2016) ("*Roundup MDL*"), because both cases "concern substantially the same parties, property, transaction or event" and "there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L.R. 3-12.

Both *Grand Rapids* and the *Roundup MDL* arise from the same core issue: corporate liability relating to the carcinogenic effect of glyphosate—a key ingredient in the Roundup weed killer product. *See Grand Rapids*, ECF No. 1 ¶¶2-14, 46-58; *Tierney v. Monsanto Co.*, No. 3:19-cv-01937-VC (N.D. Cal.), ECF No. 1 ¶¶1, 17, 131-68. That liability, which initially flowed to Monsanto Company ("Monsanto") prior to the acquisition of Monsanto by Bayer AG ("Bayer"), is now the liability of Bayer—the real defense party-in-interest in all of the Roundup-related litigation.

The truth about Bayer's and Monsanto's liability arising from the production and sale of Roundup weed killer was partially revealed through the jury verdict on causation rendered in phase 1 of the bifurcated trial in *Hardeman v. Monsanto Co.*, No. 3:16-cv-00525-VC (N.D. Cal.) ("*Hardeman*")—the first case to proceed to trial in the *Roundup MDL*, over which this Court presided. *See Grand Rapids*, ECF No. 1 ¶57. Accordingly, Bayer's and Monsanto's liability relating to Roundup, particularly from the *Roundup MDL*—where thousands of Roundup-related cases are pending—is an essential and inextricable element of the securities fraud claims asserted in *Grand Rapids*. There is no doubt that the parties in *Grand Rapids* will explore the evidence established at the *Hardeman* trial and the extent to which new information regarding Bayer's liability was disclosed by that verdict.

At the heart of *Grand Rapids* are the extent of Bayer's and Monsanto's Roundup-related liability and what the executives of those companies knew about that liability. Plaintiffs in *Grand Rapids* will therefore seek discovery into what Monsanto and Bayer knew, and when, about the health risks posed by exposure to Roundup and its ingredients. Significantly, as Plaintiffs' Co-

Lead Counsel in the *Roundup MDL* acknowledge, this evidence was already "thoroughly developed" in the *Roundup MDL* and was the subject of "comprehensive rulings on those subjects" by this Court. ECF No. 11289 at 2. As such, Defendants' contention that relating *Grand Rapids* to the *Roundup MDL* will not promote judicial efficiency because the cases do not involve overlapping discovery is false.

Similarly false is Defendants' contention that the cases will not involve overlapping witnesses. In fact, several Bayer employees, who were previously Monsanto employees, were designated as relevant witnesses in the *Roundup MDL* to testify about the company's knowledge of the carcinogenic effect of Roundup. For example, Samuel Murphey, formerly a global media relations advocate for Monsanto with a focus on reputational threats on the herbicide business, was designated as a relevant witness and testified in *Hardeman*. *See* Deposition Designations for Phase 2 Witnesses, *Hardeman*, No. 3:16-cv-00525-VC (N.D. Cal. Mar. 10, 2019), ECF No. 183 (Ex. A).[1] After Bayer's acquisition of Monsanto, Murphey relocated to Germany to become Head of Global Issues Management for Bayer. Michael Koch, a former toxicologist at Monsanto who subsequently moved to Bayer in 2018 to work in a product safety role, also testified in *Hardeman* and will be a relevant witness in *Grand Rapids*. *See id.* These former Monsanto employees, among many others, possess information relevant to assessing the liability Monsanto faced from the Roundup lawsuits, which is integral to determining the veracity of Bayer's statements about that liability. It is for these reasons, among others, that the *Roundup MDL* Plaintiffs' Co-Lead Counsel acknowledged that *Grand Rapids* and the *Roundup MDL* involve "related, overlapping issues." ECF No. 11289 at 3.

Ignoring the clear similarities underlying the claims in both cases, Defendants instead contend that the cases are not related because Bayer is not a party to the *Roundup MDL*. That is simply untrue. Bayer is a defendant in several of the cases that have been included in the *Roundup MDL*. *See, e.g.*, *Tierney*, No. 3:19-cv-01937-VC, ECF No. 1 ¶13; *Payne v. Monsanto Co.*, No.

---

[1] All references to "Ex. __" are to the exhibits accompanying the Declaration of Jonathan D. Uslaner in Support of the Administrative Motion To Consider Whether Cases Should Be Related.

3:19-cv-03567-VC (N.D.Cal.), ECF No. 1 ¶15; *Colton v. Monsanto Co.*, No. 3:20-cv-04834-VC (N.D. Cal.), ECF No. 1 ¶5; *Jizhak v. Monsanto Co.*, No. 3:20-cv-04646-VC (N.D. Cal.), ECF No. 1 ¶9. Moreover, following its acquisition of Monsanto, Bayer became the real party-in-interest in the *Roundup MDL* and will ultimately be liable for any judgement or settlement arising from the allegations in both the *Roundup MDL* and *Grand Rapids*. Accordingly, even in cases where Bayer was not named as a defendant, it has been identified as the interested party. *See, e.g.*, ECF No. 1486 (Certification of Interested Entities or Persons identifying that "Bayer AG has a financial interest in a party to the proceeding"). Indeed, as the *Roundup MDL* Plaintiffs' Co-Lead Counsel have acknowledged, the fact that Bayer is not named in many of the earlier-filed *Roundup MDL* cases is merely "a function of the fact that at the time the MDL was formed Bayer had not yet purchased Monsanto." ECF No. 11289 at 2.

Bayer's contention that *Grand Rapids* and the *Roundup MDL* should not be related because "the respective proceedings [are] at such different stages" similarly misses the mark. ECF No. 11424 at 3. The plaintiffs in *Grand Rapids* are requesting that the cases be related, not consolidated, and, as such, the stage of the proceedings is not relevant. *See Fin. Fusion, Inc. v. Ablaise Ltd.*, No. C-06-2451 PVT, 2006 WL 3734292, at *4 (N.D. Cal. Dec. 18, 2006) (noting that "[r]elation is not consolidation" and "related cases may still proceed on different schedules"). In any event, even if *Grand Rapids* "lags significantly behind" the *Roundup MDL*, *Grand Rapids* "can proceed on its own timetable." *Id*. Further, new cases are being filed and transferred into the *Roundup MDL* on a regular basis, and the stage of those cases is no different than *Grand Rapids*. *See., e.g.*, ECF Nos. 11247, 11303, 11429.

Defendants also fall short in their attempt to downplay the regularity with which securities class actions are transferred to the same court presiding over cases asserting different causes of action arising from the same core event or transaction. In the interests of judicial efficiency, securities class actions are routinely included in or coordinated with MDL proceedings arising from the same core event or transactions despite the fact that those cases assert different causes of action on behalf of different plaintiffs. *See, e.g.*, *In re Equifax Inc. Sec. Litig.*, No. 1:17-cv-03463-TWT, slip op. at 2 (N.D. Ga. Feb. 21, 2018), ECF No. 32 (ordering coordination between a

1 securities class action and a multidistrict litigation consumer case "in an effort to promote judicial
2 and party efficiencies") (Ex. B); *In re Bank of New York Mellon Corp. Foreign Exch. Transactions*
3 *Litig.*, 857 F. Supp. 2d 1371, 1373 (J.P.M.L. 2012) (centralizing case asserting securities fraud
4 claims with cases asserting different causes of action in order to "avoid duplicative discovery" and
5 "conserve the resources of the parties, their counsel, and the judiciary"); *In re Standard & Poor's*
6 *Rating Agency Litig.*, 857 F. Supp. 2d 1360, 1361 (J.P.M.L. 2013) (centralizing consumer fraud
7 and securities actions in order to "promote the just and efficient conduct of this litigation" and
8 "eliminate duplicative discovery" and "conserve the resources of the parties, their counsel, and the
9 judiciary").

10      The *Roundup MDL* has been before this Court since 2016, and the plaintiffs in *Grand*
11 *Rapids* are not aware of any other Roundup-related cases pending before any other court in this
12 District.  As a result, the Court possesses a unique familiarity with the facts, evidence, and
13 witnesses that will overlap with those in *Grand Rapids*.  In addition, key developments in the
14 *Roundup MDL*—like the *Hardeman* verdict—are crucial facts underlying the claims in *Grand*
15 *Rapids*.  Moreover, Defendants have not identified any prejudice that would result from relating
16 *Grand Rapids* to the *Roundup MDL*.  Accordingly, *Grand Rapids* should be deemed related to the
17 *Roundup MDL* and reassigned to this Court for coordination between the two cases.

| | | |
|---|---|---|
| 1 | DATED: July 29, 2020 | Respectfully submitted, |
| 2 | | **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP** |

*/s/ Jonathan D. Uslaner*
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:     (310) 819-3470

                -and-

HANNAH ROSS*
(hannah@blbglaw.com)
AVI JOSEFSON*
(avi@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel:     (212) 554-1400
Fax:    (212) 554-1444

*Counsel for Plaintiffs City of Grand Rapids General Retirement System and City of Grand Rapids Police & Fire Retirement System*

\* *Pro hac vice* forthcoming