# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| IN RE EQUIFAX INC. SECURITIES LITIGATION | Consolidated Case No. 1:17-cv-03463-TWT |
|---|---|

## ~~[PROPOSED]~~ ORDER APPOINTING LEAD PLAINTIFF, APPROVING SELECTION OF LEAD COUNSEL, AND ADDRESSING CASE MANAGEMENT

The above consolidated action comes before this Court upon (1) the motion of Union Asset Management Holding AG ("Union") seeking appointment as lead plaintiff and approval of Union's selection of lead counsel pursuant to provisions of the Private Securities Litigation Reform Act of 1934 (the "PSLRA") (*see* Doc. 14) and (2) the Court's direction that the parties confer and submit a proposed order addressing case management. Although the parties reached agreement on some case management matters, as set forth herein, they disagreed and required the Court's direction on others. The Court's rulings follow:

### (1) Union's Lead Plaintiff Motion

The Court finds that Union's lead plaintiff motion is unopposed and should be granted.[1] Union (hereinafter, "Lead Plaintiff") is appointed to serve as lead

---

[1] Although two other movants originally sought appointment as lead plaintiffs, (Docs. 12 & 13), one of those movants formally withdrew his motion (Doc. 16) and the other has apparently abandoned its motion, having failed to file either any

plaintiff in the above-captioned consolidated action pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA. In addition, Lead Plaintiff's selection of the law firm of Bernstein Litowitz Berger & Grossmann LLP as lead counsel for the proposed class is approved.

### (2) Case Management

#### (a) Coordination With MDL

The parties are in agreement, and the Court orders, that in an effort to promote judicial and party efficiencies, following the Court's appointment of lead plaintiff/lead counsel in the multidistrict litigation *In re Equifax, Inc. Customer Data Security Breach Litigation*, 1:17-md-2800 (the "MDL") the parties to the above-captioned securities action shall endeavor to meet and confer together with the parties in the MDL with respect to scheduling and other case management issues, in order to coordinate litigation where appropriate.

---

response to the other lead plaintiff motions or a reply in support of its own motion. Defendants filed a response to the lead plaintiff motions on November 27, 2017, in which Defendants stated, among other things, that they "take no position at this time as to who should be appointed lead plaintiff, but reserve their rights under Federal Rule of Civil Procedure 23 to oppose class certification on any and all grounds, including the suitability of any appointed lead plaintiff and/or its chosen counsel to represent the proposed class, at the appropriate stage of this case." Doc. 17 at 1-2.

1643901.1

**(b) Consolidated Complaint and Motion to Dismiss Briefing Schedule**

The parties' respective proposals concerning a schedule for the filing of a Consolidated Complaint are as follows:

| Case Event | Lead Plaintiff's Position | Defendants' Position |
|---|---|---|
| Filing of Consolidated Complaint | 60 days after Lead Plaintiff Appointment | 30 days after Lead Plaintiff Appointment |
| Defendants' Motion to Dismiss ("MTD") | 45 days after Consolidated Complaint filed | 30 days after Consolidated Complaint filed |
| Plaintiff's Opposition | 45 days after MTD filed | 30 days after MTD filed |
| Defendants' Reply | 30 days after Opposition filed | 21 days after Opposition filed |

The Court's ORDER is as follows:

i. Within _60_ days following the entry of this order, Lead Plaintiff shall file a Consolidated Complaint;

ii. Defendants shall answer or move to dismiss the Consolidated Complaint within _45_ days following its filing;

1643901.1

3

  iii. In the event that Defendants file a motion to dismiss, Lead Plaintiff shall file any response in opposition to such motion within **45** days following its filing;

  iv. Defendants shall file any reply in support of the motion to dismiss within **30** days following the filing of Lead Plaintiff's response in opposition to such motion;

  v. The parties are in agreement, and the Court orders, that in the event that the Defendants' motion to dismiss is denied, Defendants shall file their answer(s) to the Consolidated Complaint within forty-five (45) days following the entry of such order.

 **(c)** **Other Early Case Management Matters**

**[LEAD PLAINTIFF'S PROPOSALS]**

  i. *Proposed Discovery Plan and Scheduling Order.* Within thirty (30) days after entry of this Order the parties are directed to meet and confer and present to the Court a proposed discovery plan under Rule 26(f).

  ii. *Further Case Management Orders.* No later than thirty (30) days after the Court enters this Order, the Parties shall meet and confer (and, where appropriate, shall do so together with the parties in the

MDL) for the purpose of agreeing upon further case management orders to propose to the Court concerning: (a) exchanging initial disclosures and initial requests for the production of documents; (b) a protocol to govern discovery, including such matters as changes to the limitations on discovery imposed by the Rules and other means to most efficiently conduct discovery; (c) preservation of documents; (d) handling of confidential documents; and (e) a protocol for electronically stored information ("ESI"), including, but not limited to, identification of custodians whose information will be searched, custodial as well as noncustodial sources of ESI, the method(s) the Parties may employ to search for responsive ESI (e.g. technology assisted review ("TAR") and/or search terms), appropriate search terms to identify responsive ESI, and the format for ESI production. The Court directs the Parties to move expeditiously on these matters. Should the Parties be unable to agree on any of the aforementioned case management orders, such disagreement(s) shall be brought to the attention of the Court. The Court will then set a schedule for briefing and resolution of any disagreement(s). This Order and any further Case Management

        Orders issued in this action shall supersede the Court's Local Rules to the extent those Rules are inconsistent with such Orders.

iii. *Settlement.* The parties are expected to consider and discuss settlement on an ongoing basis.

iv. *Document Preservation.* Pursuant to the PSLRA, the Parties shall treat all documents, data compilations (including ESI), and tangible objects that are in their custody or control and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents from an opposing party under the Federal Rules of Civil Procedure. Furthermore, to protect documents in the hands of third parties relevant to this action, the parties are directed to meet and confer within fourteen (14) days after the Court appoints Lead Plaintiff to identify potential third parties who may possess discoverable documents and to agree upon a procedure of notifying such third parties of the necessity of preserving their documents. In the absence of an agreement between the Parties upon an appropriate procedure, the Court will consider a request by Lead Plaintiff for leave to serve

document preservation subpoenas upon third parties who may have discoverable documents.

**[DEFENDANTS' PROPOSALS]**

i. Due to the statutory PSLRA "stay of all discovery and other proceedings" pending adjudication of Defendants' motion to dismiss the Consolidated Complaint (*see* 15 U.S.C. § 78u-4(b)(3)(B); *see also Zisholtz v. SunTrust Banks, Inc., et al.*, Case No. 1:08-CV-1287-TWT, slip op. (N.D. Ga. June 9, 2008)), the parties' obligations to ~~(a) hold the early planning conference contemplated by Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Local Rule 16.1~~; (b) file the Joint Preliminary Report and Discovery Plan contemplated by Rule 26(f)(3) of the Federal Rules of Civil Procedure and this Court's Local Rule 16.2; and (c) confer regarding or exchange the initial disclosures contemplated by Rule 26(a)(1) of the Federal Rules of Civil Procedure and this Court's Local Rule 26.1 are suspended pending the Court's ruling on Defendants' motion to dismiss the Consolidated Complaint.

  ii. In the event that Defendant's motion to dismiss is denied, within 30 days after any Defendant(s) file their answer(s), the parties shall: (a) hold the early planning conference contemplated by Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Local Rule 16.1; (b) file the Joint Preliminary Report and Discovery Plan contemplated by Rule 26(f)(3) of the Federal Rules of Civil Procedure and this Court's Local Rule 16.2; and (c) exchange the initial disclosures contemplated by Rule 26(a)(1) of the Federal Rules of Civil Procedure and this Court's Local Rule 26.1.

SO ORDERED this 21 day of ~~January~~ February, 2018.

*[signature]*
THOMAS W. THRASH, JR.
Chief United States District Judge

1643901.1

8