**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
         elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC |
| This document relates to: <br><br> *Fredda Glatt, individually and as successor in interest to the Estate of Aaron Leon Glenn, Andrew Glatt, an individual, and Lisa Glatt, an individual v. Monsanto Co. and John Does 1-50* <br> Case No. 3:20-cv-04649-VC | |

### MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint ("the Complaint"), except as set forth below. Additionally, to the extent plaintiffs' allegations are directed towards both Monsanto and the collective "John Doe" co-defendants, Monsanto only purports to answer plaintiffs' allegations as to Monsanto and not as to the co-defendants.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Although many paragraphs in the Complaint allege exposure or use of Monsanto products by "Plaintiffs," Monsanto nevertheless responds to the allegations in those paragraphs as if they refer to decedent Aaron Leon Glatt. Silence as to any allegations shall constitute a denial.

- 1 -

1.    Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.    Monsanto denies the allegations in paragraph 2.

3.    Monsanto denies the allegations in paragraph 3.

4.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, second, third, anxrd fourth sentences of paragraph 4 and therefore denies those allegations.  In response to the allegations in the fifth sentence of paragraph 4, Monsanto admits that plaintiffs purport to bring an action for personal injuries allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 4.

5.    The allegations in paragraph 5 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

6.    In response to the allegations in paragraph 6, Monsanto admits that it is incorporated under the laws of the State of Delaware, that it has California Secretary of State Entity No. C2362863 in "active" status; and that its principal place of business is in St. Louis County, Missouri.

7.    The allegations in paragraph 7 are not directed at Monsanto and therefore no answer is required.  To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 7.

8.    The allegations in paragraph 8 comprise attorney characterizations and are accordingly denied.  Monsanto states that it is only answering on behalf of Monsanto and not on behalf of un-named co-defendants.

9.    In response to the allegations in paragraph 9, Monsanto admits that it sells Roundup®-branded products in California.

10.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies those allegations.

11.     The allegations in paragraph 11 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

12.     The allegations in paragraph 12 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

13.     Monsanto admits the allegations in paragraph 13.

14.     Monsanto admits that it is authorized to do business in California.  The remaining allegations of paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.     The allegations in paragraph 15 set forth conclusions of law for which no response is required.

16.     Monsanto denies the allegations in paragraph 16.

17.     The allegations in paragraph 17 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 17 based upon the allegations in plaintiffs' Complaint.

18.     Monsanto admits the allegations in paragraph 18.

19.     The allegations in the first sentence of paragraph 19 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 19.

20.     The allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     The allegations in the first sentence of paragraph 21 set forth conclusions of law for which no response is required.  Monsanto admits the allegations in the second sentence of paragraph 21.  In response to the allegations in the final sentence of paragraph 21, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

22.     In response to the allegations in paragraph 22, Monsanto denies the allegations that decedent's death was "wrongful" and denies that any injuries alleged in the Complaint, including the injury and death of  decedent, were caused by Roundup®-branded products.  The

remaining allegations in paragraph 22 contain legal conclusions to which no response is required. To the extent that a response is required, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore denies those allegations.

23.     In response to the allegations in paragraph 23, Monsanto denies that decedent's death was "wrongful."  Monsanto admits that plaintiffs purport to seek damages for a wrongful death claim and survival action but denies any liability on those claims.

24.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies those allegations.

25.     Monsanto denies the allegations in the first sentence of paragraph 25.  In response to the allegations in the second sentence of paragraph 25, Monsanto states that the cited document speaks for itself and does not require a response.

26.     In response to the allegations in paragraph 26, Monsanto states that the cited document speaks for itself and does not require a response.

27.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 27 set forth conclusions of law for which no response is required.

28.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 28 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

29.     Monsanto admits the allegations in paragraph 29.

30.     Monsanto admits the allegations in paragraph 30.

31.     In response to the allegations in paragraph 31, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

paragraph 31 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

32.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 32 comprise attorney characterizations and are accordingly denied.

33.     Monsanto admits the allegations in paragraph 33.

34.     Monsanto generally admits the allegations in paragraph 34, but denies the allegations in paragraph 34 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

35.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies those allegations.

36.     Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 36 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 36.

37.     In response to the allegations in the first and second sentences of paragraph 37, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.  Monsanto admits the allegations in the third sentence of paragraph 37.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies those allegations.

38.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 38.

39.     The allegations in paragraph 39 set forth conclusions of law for which no

1   response is required.  To the extent that a response is deemed required, Monsanto admits the

2   allegations in paragraph 39.

3          40.     In response to the allegations in paragraph 40, Monsanto admits that EPA requires

4   registrants of herbicides to submit extensive data in support of the human health and

5   environmental safety of their products and further admits that EPA will not register or approve

6   the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

7   Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 40 set forth

8   conclusions of law for which no response is required.

9          41.     The allegations in paragraph 41 set forth conclusions of law for which no

10  response is required.

11         42.     In response to the allegations in paragraph 42, Monsanto admits that Roundup®-

12  branded products are registered by EPA for manufacture, sale and distribution in the United

13  States and are registered by the State of California for sale and distribution.

14         43.     In response to the allegations in paragraph 43, Monsanto admits that EPA requires

15  registrants of herbicides to submit extensive data in support of the human health and

16  environmental safety of their products and further admits that EPA will not register or approve

17  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

18  states that the term "the product tests" in the final sentence of paragraph 43 is vague and

19  ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 43

20  set forth conclusions of law for which no answer is required.

21         44.     Monsanto denies the allegations in paragraph 44 to the extent that they suggest

22  that EPA only evaluates the safety of pesticide products on the date of their initial registration.

23  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

24  products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

25  of the allegations in paragraph 44 regarding such pesticide products generally and therefore

26  denies those allegations.  The remaining allegations in paragraph 44 set forth conclusions of law

27  for which no response is required.

28

45.     In response to the allegations in paragraph 45, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans.'"[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-04649-VC

- • "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- • "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- • "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies those allegations.

46.   In response to the allegations in paragraph 46, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 46 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

47.   In response to the allegations in paragraph 47, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 47 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

48.   Monsanto denies the allegations in paragraph 48.

49.   In response to the allegations in paragraph 49, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 49 to the extent that they

1   suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

2   cancer.  Monsanto denies the remaining allegations in paragraph 49.

3          50.     Monsanto denies the allegations in paragraph 50.

4          51.     In response to the allegations in paragraph 51, Monsanto states that the cited

5   document speaks for itself and does not require a response.  To the extent that the allegations in

6   paragraph 51 go beyond a restatement of the cited document, Monsanto lacks information or

7   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 51

8   and therefore denies those allegations.

9          52.     Monsanto admits the allegations in paragraph 52.

10         53.     In response to the allegations in paragraph 53, Monsanto states that the cited the

11  document speaks for itself and does not require a response.  To the extent that the allegations in

12  paragraph 53 go beyond a restatement of the cited document, Monsanto lacks information or

13  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 53

14  and therefore denies those allegations.

15         54.     Monsanto states that the term "toxic" as used in paragraph 54 is vague and

16  ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

17  denies the allegations in paragraph 54.

18         55.     Monsanto admits the allegations in paragraph 55.

19         56.     In response to the allegations in paragraph 56, Monsanto states that the document

20  speaks for itself and does not require a response.  To the extent that a response is deemed

21  required, Monsanto denies the allegations in paragraph 56.

22         57.     In response to the allegations in paragraph 57, Monsanto admits that Julie Marc

23  published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

24  the extent that paragraph 57 characterizes the meaning of the cited study, Monsanto denies the

25  remaining allegations in paragraph 57.

26         58.     In response to the allegations in paragraph 58, Monsanto states that these

27  documents speak for themselves and do not require a response.  To the extent that a response is

28  deemed required, Monsanto denies the allegations in paragraph 58.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-04649-VC

59.     In response to the allegations in paragraph 59, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 59 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60.

61.     In response to the allegations in paragraph 61, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 61 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 61.

62.     In response to the allegations in paragraph 62, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 62 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 62.

63.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 63.

64.     Monsanto denies the allegations in paragraph 64.

65.     Monsanto denies the allegations in paragraph 65.

66.     Monsanto denies the allegations in paragraph 66.

67.     Monsanto denies the allegations in paragraph 67.

68.     Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 68.

69.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 69 and therefore denies those allegations.

70.     Monsanto lacks information or knowledge sufficient to form a belief as to the

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-04649-VC

truth of the allegations in paragraph 70 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

71.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 71 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

72.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 72 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

73.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 73, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 73 comprise attorney characterizations and are accordingly denied.

74.     Monsanto denies the allegations in paragraph 74.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

75.     In response to the allegations in paragraph 75, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 75 comprise attorney characterizations and are accordingly denied.

76.     Monsanto denies the allegations in paragraph 76.

77.     The allegations in paragraph 77 comprise attorney characterizations and are accordingly denied.

78.     Monsanto admits the allegations in paragraph 78.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-04649-VC

79.     In response to the allegations in paragraph 79, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 79 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 79.

80.     In response to the allegations in paragraph 80, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 80.

81.     The allegations in paragraph 81 are vague and ambiguous and are accordingly denied.

82.     In response to the allegations in paragraph 82, Monsanto states that the cited document speaks for itself and does not require a response.

83.     In response to the allegations in paragraph 83, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 83 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     In response to the allegations in paragraph 85, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 85.

86.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

1    89.    Monsanto denies the allegations in paragraph 89.

2    90.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

3    exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 90.

4    91.    Monsanto denies the allegations in paragraph 91.

5    92.    Monsanto denies the allegations in paragraph 92.

6    93.    Monsanto admits the allegations in paragraph 93.

7    94.    Monsanto denies the allegations in paragraph 94.

8    95.    Monsanto admits the allegations in paragraph 95.

9    96.    Monsanto denies the allegations in paragraph 96.

10    97.    Monsanto denies the allegations in paragraph 97.

11    98.    Monsanto denies the allegations in paragraph 98.

12    99.    Monsanto denies the allegations in paragraph 99.

13    100.    Monsanto denies the allegations in paragraph 100.

14    101.    Monsanto denies the allegations in paragraph 101.

15    102.    Monsanto denies the allegations in paragraph 102.

16    103.    Monsanto admits that independent experts and regulatory agencies agree that

17    there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

18    products and admits that it has made statements reflecting this fact.  Monsanto denies the

19    remaining allegations in paragraph 103.

20    104.    In response to the allegations in paragraph 104, Monsanto admits that Roundup®-

21    branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

22    the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

23    104.

24    105.    In response to the allegations in paragraph 105, Monsanto admits that it has stated

25    and continues to state that Roundup®-branded products are safe when used as labeled and that

26    they are non-carcinogenic and non-genotoxic.

27    106.    In response to the allegations in paragraph 106, Monsanto admits that a 1986 joint

28    report of the World Health Organization and Food and Agriculture Organization of the United

- 13 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-04649-VC

1    Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

2    Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

3    Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

4    carcinogen.  Monsanto denies the remaining allegations in paragraph 106.

5         107.    Monsanto denies the allegations in paragraph 107.

6         108.    Monsanto denies the allegations in paragraph 108.

7         109.    Monsanto denies the allegations in paragraph 109.

8         110.    Monsanto denies the allegations in paragraph 110.

9         111.    Monsanto denies the allegations in paragraph 111.

10        112.    Monsanto denies the allegations in paragraph 112.

11        113.    Monsanto denies the allegations in paragraph 113.

12        114.    Monsanto denies the allegations in paragraph 114.

13        115.    Monsanto denies the allegations in paragraph 115.

14        116.    Monsanto denies the allegations in paragraph 116.

15        117.    Monsanto denies the allegations in paragraph 117.

16        118.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in paragraph 118 and therefore denies those allegations.

18        119.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 119 and therefore denies those allegations.

20        120.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 120 and therefore denies those allegations.

22        121.    Monsanto denies the allegations in paragraph 121.

23        122.    Monsanto incorporates by reference its responses to paragraphs 1 through 121 in

24   response to paragraph 122 of plaintiffs' Complaint.

25        123.    In response to the allegations in the last sentence of paragraph 123, Monsanto

26   states that the cited document speaks for itself and does not require a response.  Monsanto

27   denies the remaining allegations in paragraph 123.

28

124.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed decedent to risk of decedent's alleged cancer and denies the remaining allegations in paragraph 124.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

125.    Monsanto denies the allegations in the first and last sentences of paragraph 125.  The remaining allegations in paragraph 125 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

126.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The remaining allegations in paragraph 126 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

127.    Monsanto incorporates by reference its responses to paragraphs 1 through 126 in response to paragraph 127 of plaintiffs' Complaint.

128.    The allegations in paragraph 128 set forth conclusions of law for which no response is required.

129.    Monsanto denies the allegations in paragraph 129.

130.    Monsanto denies the allegations in paragraph 130, including each of its subparts.

131.    Monsanto denies the allegations in paragraph 131.

132.    Monsanto denies the allegations in paragraph 132.

133.    Monsanto denies the allegations in paragraph 133, including each of its subparts.

134.    Monsanto denies the allegations in paragraph 134.

135.    Monsanto denies the allegations in paragraph 135.

1        136.     Monsanto denies the allegations in paragraph 136.

2        137.     Monsanto denies the allegations in paragraph 137.

3        138.     Monsanto denies the allegations in paragraph 138.

4        139.     Monsanto denies the allegations in paragraph 139.

5        140.     Monsanto denies the allegations in paragraph 140.

141.     In response to the allegations in the first sentence of paragraph 141, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 141 sets forth a conclusion of law for which no response is required.

142.     Monsanto incorporates by reference its responses to paragraphs 1 through 141 in response to paragraph 142 of plaintiffs' Complaint.

143.     In response to the allegations in paragraph 143, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that decedent used and/or was exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 143.

144.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 144 and therefore denies those allegations.

145.     Monsanto denies the allegations in paragraph 145.

146.     Monsanto denies the allegations in paragraph 146.

147.     Monsanto denies the allegations in paragraph 147.

148.     Monsanto denies the allegations in paragraph 148, including each of its subparts.

149.     Monsanto denies the allegations in paragraph 149.

150.     Monsanto denies that Roundup®-branded products have "dangerous characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 150 and therefore denies those allegations.

151.     Monsanto lacks information or knowledge sufficient to form a belief as to the

1    truth of the allegations in paragraph 151 and therefore denies those allegations.

2        152.    Monsanto denies the allegations in paragraph 152.

3        153.    The allegations in paragraph 153 set forth conclusions of law for which no

4    response is required.

5        154.    Monsanto denies the allegations in paragraph 154.

6        155.    Monsanto denies the allegations in paragraph 155.

7        156.    Monsanto denies the allegations in paragraph 156.

8        157.    Monsanto denies the allegations in paragraph 157.

9        158.    Monsanto denies the allegations in paragraph 158.

10       159.    Monsanto denies the allegations in paragraph 159.

11       160.    Monsanto denies the allegations in paragraph 160.

12       161.    Monsanto denies the allegations in paragraph 161.

13       162.    Monsanto denies the allegations in paragraph 162.

14       163.    Monsanto denies the allegations in paragraph 163.

15       164.    Monsanto denies the allegations in paragraph 164.

16       165.    Monsanto denies the allegations in paragraph 165.

17       166.    Monsanto denies the allegations in paragraph 166.

18       167.    In response to the allegations in the first sentence of paragraph 167, Monsanto

19   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

20   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

21   fees as allowed by law and such further and additional relief as this Court may deem just and

22   proper.  The statement in the last sentence of paragraph 167 sets forth a conclusion of law for

23   which no response is required.

24       168.    Monsanto incorporates by reference its responses to paragraphs 1 through 167 in

25   response to paragraph 168 of plaintiffs' Complaint.

26       169.    The allegations in paragraph 169 set forth conclusions of law for which no

27   response is required.

28       170.    Monsanto lacks information or knowledge sufficient to form a belief as to the

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-04649-VC

1    truth of the allegations in paragraph 170 and therefore denies those allegations.

2          171.    Monsanto denies the allegations in paragraph 171. All labeling of Roundup®-

3    branded products has been and remains EPA-approved and in compliance with all federal

4    requirements under FIFRA.

5          172.    Monsanto denies the allegations in paragraph 172.

6          173.    Monsanto denies the allegations in paragraph 173. All labeling of Roundup®-

7    branded products has been and remains EPA-approved and in compliance with all federal

8    requirements under FIFRA.

9          174.    Monsanto denies the allegations in paragraph 174. All labeling of Roundup®-

10    branded products has been and remains EPA-approved and in compliance with all federal

11    requirements under FIFRA and with California law.

12          175.    Monsanto denies the allegations in paragraph 175.

13          176.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14    truth of the allegations regarding decedent's use history in paragraph 176 and therefore denies

15    those allegations. Monsanto denies the remaining allegations in paragraph 176.

16          177.    The allegations in paragraph 177 set forth conclusions of law for which no

17    response is required.

18          178.    Monsanto denies the allegations in paragraph 178.

19          179.    Monsanto denies the allegations in paragraph 179.

20          180.    Monsanto denies the allegations in paragraph 180.

21          181.    Monsanto denies the allegations that Roundup®-branded products are defective

22    and accordingly denies the allegations in paragraph 181.

23          182.    The allegations in paragraph 182 set forth conclusions of law for which no

24    response is required.

25          183.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26    truth of the allegations in paragraph 183 and therefore denies those allegations.

27          184.    Monsanto denies the allegations in paragraph 184.

28          185.    Monsanto denies the allegations in paragraph 185.

186.    Monsanto denies the allegations in paragraph 186.

187.    Monsanto denies the allegations in paragraph 187.

188.    Monsanto denies the allegations in paragraph 188.

189.    Monsanto denies the allegations in paragraph 189.

190.    Monsanto denies the allegations in paragraph 190.

191.    Monsanto denies the allegations in paragraph 191.

192.    Monsanto denies the allegations in paragraph 192.

193.    In response to the allegations in the first sentence of paragraph 193, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 193 sets forth a conclusion of law for which no response is required.

194.    Monsanto incorporates by reference its responses to paragraphs 1 through 193 in response to paragraph 194 of plaintiffs' Complaint.

195.    Monsanto denies the allegations in paragraph 195.

196.    The allegations in paragraph 196 and each of its subparts set forth conclusions of law for which no response is required.

197.    In response to the allegations in paragraph 197, Monsanto denies that it has failed to properly disclose risks associated with Roundup®-branded products.  The remaining allegations in paragraph 197 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

198.    In response to the allegations in paragraph 198, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further states that paragraph 198 sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 198.

199.    Monsanto denies the allegations in the first and second sentences of paragraph 199.  All labeling of Roundup®-branded products has been and remains EPA-approved and in

- 19 -

1    compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

2    of paragraph 199 sets forth conclusions of law for which no response is required.

3              200.    The allegations in paragraph 200 set forth conclusions of law for which no

4    response is required.

5              201.    Monsanto denies the allegations in paragraph 201.

6              202.    Monsanto denies the allegations in paragraph 202 and each of its subparts.

7              203.    Monsanto states that the allegation in paragraph 203 that Monsanto made an

8    express warranty sets forth a legal conclusion for which no response is required.  Monsanto lacks

9    information or knowledge sufficient to form a belief as to the truth of the remaining allegations

10   in paragraph 203 and therefore denies those allegations.

11             204.    Monsanto denies the allegations in paragraph 204.

12             205.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13   truth of the allegations in paragraph 205 regarding decedent's knowledge and therefore denies

14   those allegations.  Monsanto denies the remaining allegations in paragraph 205.

15             206.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 206 and therefore denies those allegations.

17             207.    Monsanto denies the allegations in paragraph 207.

18             208.    Monsanto denies the allegations in paragraph 208.

19             209.    Monsanto denies the allegations in paragraph 209.

20             210.    Monsanto denies the allegations in paragraph 210.

21             211.    In response to the allegations in the first sentence of paragraph 211, Monsanto

22   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

23   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

24   fees as allowed by law and such further and additional relief as this Court may deem just and

25   proper.  The statement in the last sentence of paragraph 211 sets forth a conclusion of law for

26   which no response is required.

27             212.    Monsanto incorporates by reference its responses to paragraphs 1 through 211 in

28   response to paragraph 212 of plaintiffs' Complaint.

1     213.    Monsanto denies the allegations in paragraph 213.

2     214.    Monsanto lacks information or knowledge sufficient to form a belief as to the

3  truth of the allegations in paragraph 214 concerning the decedent's claimed use of Roundup®-

4  branded products and therefore denies those allegations.  The remaining allegations in paragraph

5  214 set forth conclusions of law for which no response is required.

6     215.    The allegations in paragraph 215 set forth conclusions of law for which no

7  response is required.

8     216.    Monsanto denies the allegations in paragraph 216.

9     217.    The allegation in paragraph 217 regarding a purported implied warranty sets forth

10  a conclusion of law for which no response is required.  Monsanto lacks information or

11  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

12  217 and therefore denies those allegations.

13     218.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14  truth of the allegations in paragraph 218 concerning the condition of any Roundup®-branded

15  product allegedly used by decedent or about decedent's alleged uses of such product and

16  therefore denies the allegations in paragraph 218.

17     219.    Monsanto denies the allegations in paragraph 219.

18     220.    Monsanto denies the allegations in paragraph 220.

19     221.    Monsanto denies the allegations in paragraph 221.

20     222.    Monsanto denies the allegations in paragraph 222.

21     223.    Monsanto denies the allegations in paragraph 223.

22     224.    In response to the allegations in the first sentence of paragraph 224, Monsanto

23  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

24  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

25  fees as allowed by law and such further and additional relief as this Court may deem just and

26  proper.  The statement in the last sentence of paragraph 224 sets forth a conclusion of law for

27  which no response is required.

28     In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

1   denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

2   damages, interest, costs, or any other relief whatsoever.

3          Every allegation in the Complaint that is not specifically and expressly admitted in this

4   Answer is hereby specifically and expressly denied.

5                      **SEPARATE AND AFFIRMATIVE DEFENSES**

6          1.      The Complaint, in whole or part, fails to state a claim or cause of action against

7   Monsanto upon which relief can be granted.

8          2.      Plaintiffs' claims against Monsanto are barred because plaintiffs cannot proffer

9   any scientifically reliable evidence that the products at issue were defective or unreasonably

10  dangerous.

11         3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted,

12  was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

13  plaintiffs' and/or decedent's alleged injuries.

14         4.      Plaintiffs' claims against Monsanto are barred, in whole or in part, because the

15  products at issue were designed, manufactured, marketed and labeled with proper warnings,

16  information, cautions and instructions, in accordance with the state of the art and the state of

17  scientific and technological knowledge.

18         5.      Plaintiffs' claims against Monsanto are barred, in whole or in part, because the

19  products at issue were not defective or unreasonably dangerous in that they complied with, at all

20  relevant times, all applicable government safety standards.

21         6.      Any claims based on allegations that Monsanto misled, defrauded, made

22  misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

23  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

24  *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

25         7.      Plaintiffs' claims against Monsanto are preempted, in whole or in part, by

26  applicable federal law relating to the design, testing, producing, manufacturing, labeling,

27  distributing, modeling, processing, and supply of Roundup®-branded products and/or

28  glyphosate-containing products.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-04649-VC

8.      Plaintiffs' claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims against Monsanto are barred, in whole or in part, because plaintiffs' and/or decedent's injuries, if any, were the result of conduct of decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.     Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' and/or decedent's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and/or decedent and owed no duty to plaintiffs and/or decedent by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs and/or decedent.  If any such warranties were made, which Monsanto

1    specifically denies, then plaintiffs failed to give notice of any breach thereof.

2         17.    Plaintiffs' claims against Monsanto are preempted or otherwise barred in whole or

3    in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

4         18.    Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are

5    barred because such an award would violate Monsanto's due process, equal protection and other

6    rights under the United States Constitution, the California Constitution, and/or other applicable

7    state constitutions.

8         19.    Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are

9    barred because plaintiffs have failed to allege conduct warranting imposition of such damages

10   under California law, and/or other applicable state laws.

11        20.    Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are

12   barred and/or limited by operation of state and/or federal law.

13        21.     Plaintiffs' claims against Monsanto are barred in whole or in part by decedent's

14   own contributory/comparative negligence.

15        22.    Plaintiffs' claims against Monsanto are barred in whole or in part by decedent's

16   own failure to mitigate damages.

17        23.    Plaintiffs' claims against Monsanto are barred in whole or in part by the

18   sophisticated user doctrine.

19        24.    Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs

20   and/or decedent received from collateral sources.

21        25.    If plaintiffs and/or decedent had been injured or damaged, no injuries or damages

22   being admitted, such injuries were not caused by a Monsanto product.

23        26.    Plaintiffs' claims against Monsanto are barred or limited to the extent that

24   plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits,

25   such claims.

26        27.    Plaintiffs' claims against Monsanto are barred to the extent that plaintiffs seek

27   relief under the laws of states that do not govern plaintiffs' claims.

28

1    28.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

2  may become available or apparent during the course of discovery and thus reserves its right to

3  amend this Answer to assert such defenses.

4    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

5  plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and

6  such other relief as the Court deems equitable and just.

## **JURY TRIAL DEMAND**

8    Monsanto demands a jury trial on all issues so triable.

9

10  DATED:  July 31, 2020                          Respectfully submitted,

11

12                                                /s/ Joe G. Hollingsworth
                                                  Joe G. Hollingsworth (*pro hac vice*)
13                                                (jhollingsworth@hollingsworthllp.com)
                                                  Eric G. Lasker (*pro hac vice*)
14                                                (elasker@hollingsworthllp.com)
                                                  HOLLINGSWORTH LLP
15                                                1350 I Street, N.W.
                                                  Washington, DC  20005
16                                                Telephone:  (202) 898-5800
                                                  Facsimile:   (202) 682-1639
17
                                                  *Attorneys for Defendant*
18                                                *MONSANTO COMPANY*

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-04649-VC