UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION  MDL No. 2741


**TRANSFER ORDER**


**Before the Panel:** Plaintiff in the *Mowry* action listed on Schedule A moves under Panel Rule 7.1 to vacate our order that conditionally transferred *Mowry* to the Northern District of California for inclusion in MDL No. 2741. Defendant Monsanto Company opposes the motion.

In support of his motion, plaintiff argues that federal subject matter jurisdiction over his action is lacking, and that his motion for remand to state court should be decided before transfer. Such jurisdictional issues generally do not present an impediment to transfer.[1] *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001). Plaintiff can present his remand arguments to the transferee judge.

Plaintiff also argues that transfer is not appropriate because the MDL has reached an advanced stage. This characterization remains inaccurate. *See* Transfer Order at 1–2, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Feb. 5, 2020), ECF No. 1616 (rejecting substantially similar argument against transfer). While much of the general discovery of Monsanto has been completed, the transferee court is now organizing the actions for completion of case-specific discovery and disposition of case-specific dispositive and *Daubert* motions on a state-by-state basis before remanding those actions to their transferor courts. *See* Pretrial Order No. 150, *In re Roundup Prods. Liab. Litig.*, C.A. No. 3:16-md-02741 (N.D. Cal. Jun. 14, 2019), ECF No. 4132.[2] The transferee court has not suggested remand of any action to its transferor court, nor has it yet organized the actions originating from Alabama transferor courts into a remand wave for resolution

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

[2] *See also* Pretrial Order No. 147 at 1, *In re Roundup Prods. Liab. Litig.*, C.A. No. 3:16-md-02741 (N.D. Cal. May 21, 2019), ECF No. 3834 ("The Court will decide all case-specific summary judgment motions. In addition, because *Daubert* motions relating to causation are so intertwined with summary judgment, the Court will decide those as well. Ninth Circuit law will govern the *Daubert* motions regardless of where the case originated. The courts that will eventually try the cases will be left with any other pretrial motions, including motions in limine, motions to bifurcate, and *Daubert* motions unrelated to summary judgment.").

-2-

of common pretrial motions. Thus, significant efficiency and convenience benefits may be achieved through the continued transfer of tag-along actions to MDL No. 2741.

Plaintiff additionally argues that transfer to N.D. California will cause him and his fact witnesses inconvenience. This argument is unconvincing. Transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation."). Moreover, "since Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise." *See In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 177 F. Supp. 2d 1375, 1376 (J.P.M.L. 2001).

Therefore, after considering the parties' arguments, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 2741, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions arising out of allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes non-Hodgkin's lymphoma. *See In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016). *Mowry* shares multiple factual issues with the cases already in the MDL.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vince Chhabria for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |

**IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION**                                    MDL No. 2741

**SCHEDULE A**

<u>Middle District of Alabama</u>

MOWRY v. MONSANTO COMPANY, ET AL., C.A. No. 2:20−00215