**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *George Ropp, III, individually, v. Monsanto Co.* Case No. 3:20-cv-04754-VC | |

**DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

**AND JURY DEMAND**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff George Ropp, III's Complaint and Jury Demand ("the Complaint"). As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiff's Complaint.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required.  In response to the allegations in the second sentence of paragraph 7, Monsanto admits that it has sold, marketed, and/or distributed Roundup within the District of South Carolina.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9.      In response to the allegations in the first sentence of paragraph 9, Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 9.

10.     The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

11.     Monsanto admits the allegations in the first sentence of paragraph 11.  The remaining allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.     In response to the allegations in paragraph 12, Monsanto denies – and objects to – allegations by plaintiff that purport to lump Monsanto together with any other entities.  Monsanto responds to the allegations in paragraph 12 and other allegations in the Complaint only on behalf

DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04754-VC

of Monsanto and not on behalf of any other entities.  The remaining allegations in paragraph 12 set forth conclusions of law and/or are directed at entities other than Monsanto, so no response from Monsanto is required for these allegations.  To the extent a response is deemed required, Monsanto denies the remaining allegations in paragraph 12.

13.     In response to the allegations in paragraph 13, Monsanto admits that it has advertised and sold Roundup®-branded products in South Carolina.

14.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies those allegations.

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     Monsanto admits the allegations in paragraph 17.

18.     Monsanto admits that it is authorized to do business in South Carolina.  The remaining allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19.     Monsanto denies the allegations in paragraph 19.

20.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 21 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

22.     In response to the allegations in paragraph 22, Monsanto admits that it was

DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04754-VC

1    acquired by Bayer AG in 2018 and that Bayer AG has its headquarters in Leverkusen, Germany.

2        23.    Monsanto admits the allegations in paragraph 23.

3        24.    In response to the allegations in paragraph 24, Monsanto admits that glyphosate is

4    an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

5    paragraph 24 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

6    to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

7        25.    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

8    The remaining allegations in paragraph 25 comprise attorney characterizations and are

9    accordingly denied.

10       26.    Monsanto admits the allegations in paragraph 26.

11       27.    Monsanto generally admits the allegations in paragraph 27, but denies the

12   allegations in paragraph 27 to the extent that they suggest that glyphosate is present in any plants

13   at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

14   the United States Environmental Protection Agency ("EPA").

15       28.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

16   of the allegations in paragraph 28 and therefore denies those allegations.

17       29.    Monsanto admits that Roundup®-branded products have been used by farmers for

18   approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

19   properties and denies the remaining allegations in paragraph 29.

20       30.    Monsanto admits the allegations in paragraph 30.

21       31.    Monsanto admits that Roundup®-branded products have been used by farmers for

22   approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

23   properties and denies the remaining allegations in paragraph 31.

24       32.    The allegations in paragraph 32 set forth conclusions of law for which no response

25   is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

26   paragraph 32.

27       33.    In response to the allegations in paragraph 33, Monsanto admits that EPA requires

28   registrants of herbicides to submit extensive data in support of the human health and

DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04754-VC

environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 33 set forth conclusions of law for which no response is required.

34.     The allegations in paragraph 34 set forth conclusions of law for which no response is required.

35.     In response to the allegations in paragraph 35, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution in the United States and are registered by the State of South Carolina for sale and distribution.

36.     In response to the allegations in paragraph 36, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 36 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 36 set forth conclusions of law for which no answer is required.

37.     Monsanto admits that in March 2015, IARC purported to classified glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 37, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 37 comprise attorney characterizations and are accordingly denied.

38.     In response to the allegations in paragraph 38, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  The remaining allegations in paragraph 38 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04754-VC

39.     Monsanto denies the allegations in the last sentence of the paragraph 39.  In response to the remaining allegations in paragraph 39, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 39 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

40.     Monsanto denies the allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 41 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 and therefore denies those allegations.

42.     Monsanto admits the allegations in paragraph 42.

43.     In response to the allegations in paragraph 43, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 43 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 and therefore denies those allegations.

44.     Monsanto states that the term "toxic" as used in paragraph 44 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 44.

45.     Monsanto admits the allegations in the first sentence of paragraph 45.  In response to the remaining allegations in paragraph 45, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the remaining allegations in paragraph 45.

46.     In response to the first and second sentences in paragraph 46, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 46 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in the first and second sentences of paragraph 46.  In

1   response to the remaining allegations in paragraph 46, Monsanto states that these documents

2   speak for themselves and do not require a response. To the extent that a response is deemed

3   required, Monsanto denies the remaining allegations in paragraph 46.

4         47.    In response to the allegations in the first sentence of paragraph 47, Monsanto states

5   that the cited document speaks for itself and does not require a response.  To the extent that the

6   first sentence of paragraph 47 characterizes the meaning of the cited study, Monsanto denies the

7   remaining allegations in paragraph 47.  Monsanto denies the remaining allegations in paragraph

8   47.

9         48.    In response to the allegations in paragraph 48, Monsanto states that the cited

10  document speaks for itself and does not require a response.  To the extent that paragraph 48

11  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

12  paragraph 48.

13        49.    Monsanto denies the allegation that the cited studies support the allegation that

14  glyphosate or Roundup®-branded products pose any risk to human health and denies the

15  remaining allegations in paragraph 49.

16        50.    Monsanto denies the allegations in paragraph 50.

17        51.    Monsanto denies the allegations in paragraph 51.

18        52.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

19  is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks

20  information or knowledge sufficient to form a belief as to the truth of the remaining allegations in

21  paragraph 52 and therefore denies those allegations.

22        53.    In response to the allegations in paragraph 53, Monsanto denies that IARC follows

23  stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or

24  knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph

25  53, which are not limited as of any specified date, and accordingly denies the same.

26        54.    In response to the allegations in paragraph 54, Monsanto admits that IARC sets

27  forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

28  Monsanto denies the remaining allegations in paragraph 54.

DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04754-VC

55.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 and therefore denies those allegations.

56.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 56 and therefore denies those allegations.

57.     Monsanto denies the allegations in paragraph 57 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

58.     In response to the allegations in paragraph 58, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working group are "experts."  Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the

allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

60.     The allegations in paragraph 60 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

61.     In response to the allegations in paragraph 61, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 61 are denied.

62.     In response to the allegations in paragraph 62, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

63.     Monsanto denies the allegations in paragraph 63.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

64.     In response to the allegations in paragraph 64, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

65.     In response to the allegations in paragraph 65, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04754-VC

of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 65.

66.     In response to the allegations in paragraph 66, Monsanto admits that the IARC working group purported to make these findings but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA is present or persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 66.

67.     In response to the allegations in paragraph 67, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration.  Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining allegations in paragraph 67.

68.     In response to the allegations in paragraph 68, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 68.

69.     In response to the allegations in paragraph 69, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 69.

70.     In response to the allegations in paragraph 70, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 70.

71.     In response to the allegations in the first sentence of paragraph 71, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation

of the scientific evidence, including but not limited to three animal carcinogenicity studies.

Monsanto otherwise denies the remaining allegations in the first sentence of paragraph 71.   In

response to the allegations in the second sentence of paragraph 71, Monsanto admits that plaintiff

has accurately quoted from one passage in an EPA document in 1991 with respect to the

designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

does not pose any cancer risk to humans.  Monsanto states, that: (a) in September 2016, EPA's

Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic

potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be

carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same

time, EPA posted an October 2015 final report by its standing Cancer Assessment Review

Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as

"Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017,

EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential

that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be

carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the

EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/ document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/ document?D=EPA-HQ-OPP-2016-0385-0528.

DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04754-VC

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

In response to the allegations in the third sentence of paragraph 71, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 71 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied. Monsanto denies the remaining allegations in paragraph 71.

72.     In response to the allegations in paragraph 72, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

73.     Monsanto denies the allegations in paragraph 73 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04754-VC

1    Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

2    connection with services provided to a broad number of private and governmental entities and

3    that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

4    one of several pesticide manufacturers who had used IBT test results.  The audit found some

5    toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

6    Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

7    Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

8    based upon any invalid IBT studies.  To the extent that the allegations in paragraph 73 are

9    intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

10   denies those allegations. In response to the final sentence in paragraph 73, Monsanto admits that

11   three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the

12   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

13   herbicides.

14        74.     In response to the allegations in paragraph 74, Monsanto admits that it – along

15   with numerous other private companies – hired Craven Laboratories as an independent laboratory

16   to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the

17   remaining allegations in paragraph 74.

18        75.     In response to the allegations in the first sentence of paragraph 75, Monsanto

19   admits that EPA investigated Craven Laboratories in March 1991 for fraud.  In response to the

20   allegations in the second sentence of paragraph 75, Monsanto admits that it was defrauded by

21   Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven

22   Laboratories at a substantial cost.  To the extent that the allegations in paragraph 75 are intended

23   to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those

24   allegations.

25        76.     In response to the allegations in the first two sentences of paragraph 76, Monsanto

26   admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National

27   Primary Drinking Water Regulations, relating to glyphosate that predates the IARC March 20,

28   2015 evaluation, and that the Complaint accurately quotes from the identified document, which

DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04754-VC

1   should be read in context of EPA's precautionary regulatory mandate and the EPA's consistent

2   finding that glyphosate does not pose any cancer risk to humans.  In response to the allegations in

3   the third sentence of paragraph 76, Monsanto admits that the Northwest Coalition for Alternatives

4   to Pesticides made the identified claims, but denies that the Coalition provides any reliable basis

5   for any conclusions regarding potential health risks from glyphosate.  Monsanto notes that a

6   federal district court has characterized this same publication as an "advocacy piece[] published in

7   [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

8       77.    In response to the allegations in paragraph 77, Monsanto admits that the IARC

9   working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

10  discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-

11  based herbicides, but denies that there is any scientific basis for the concerns raised by the

12  improper IARC classification.  Monsanto denies the remaining allegations in paragraph 77.

13      78.    In response to the allegations in the first, second, third, and fourth sentences of

14  paragraph 78, Monsanto admits that the IARC working group's classification of glyphosate as a

15  Class 2A carcinogen has resulted in ongoing discussions and/or restrictions regarding the sale

16  and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any

17  scientific basis for the concerns raised by the improper IARC classification.  In response to the

18  allegations in the last sentence of paragraph 78, Monsanto admits that the IARC working group

19  classification led an individual government attorney in Brazil to write a letter to the Brazilian

20  regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining

21  allegations in paragraph 78.

22      79.    Monsanto admits that, in France, the sale to and use by amateurs (i.e., non-

23  professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as

24  of January 1, 2019, with certain exceptions. Monsanto denies the remaining allegations in

25  paragraph 79.

26      80.    In response to the allegations in paragraph 80, Monsanto admits that some

27  employees of Bermuda's government announced an intention to suspend the importation of

28  glyphosate-based herbicides, but lacks information sufficient to form a belief as to the truth of the

DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04754-VC

1   allegations about whether this suspension took effect and accordingly denies the same.  Monsanto

2   denies the remaining allegations in paragraph 80.

3         81.    In response to the allegations in paragraph 81, Monsanto admits that the IARC

4   monograph appears to be the alleged basis for the Sri Lankan government's actions, including the

5   allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations

6   regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations regarding

7   claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 81.

8         82.    In response to the allegations in the first sentence of paragraph 82, Monsanto

9   admits that, in September 2019, the German government announced certain restrictions on

10  glyphosate use, with the ultimate goal of banning all uses of glyphosate by the end of 2023, but

11  Monsanto states that it is not currently clear whether that ban will go into effect.  Monsanto

12  admits the allegations in the second sentence of paragraph 82.

13        83.    In response to the allegations in paragraph 83, Monsanto admits that it has stated

14  that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic

15  and non-genotoxic.

16        84.    In response to the allegations in the first sentence of paragraph 84, Monsanto

17  admits that a 1986 joint report of the World Health Organization and Food and Agriculture

18  Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-

19  branded products.  Monsanto denies that this report is the "primary" cite in support of the safety

20  of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be

21  a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 84.

22        85.    Monsanto denies the allegations in paragraph 85.

23        86.    Monsanto denies the allegations in paragraph 86.

24        87.    Monsanto denies the allegations in paragraph 87.

25        88.    Monsanto denies the allegations in paragraph 88.

26        89.    Monsanto denies the allegations in paragraph 89.

27        90.    Monsanto denies the allegations in paragraph 90.

28        91.    Monsanto denies the allegations in paragraph 91.

DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04754-VC

1   92.  Monsanto denies the allegations in paragraph 92.

2   93.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

3 of the allegations in paragraph 93 and therefore denies those allegations.

4   94.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

5 of the allegations in the first sentence of paragraph 94 and therefore denies those allegations.

6 Monsanto denies the remaining allegations in paragraph 94.

7   95.  Monsanto denies the allegations in paragraph 95.

8   96.  Monsanto incorporates by reference its responses to paragraphs 1 through 95 in

9 response to paragraph 96 of plaintiff's Complaint.

10   97.  Monsanto denies the allegation in paragraph 97.

11   98.  In response to the allegations in the first sentence of paragraph 98, Monsanto

12 admits that it has stated that Roundup®-branded products are safe when used as labeled and that

13 they are non-toxic and non-carcinogenic.  Monsanto denies the remaining allegations in

14 paragraph 98.

15   99.  In response to the allegations in paragraph 99, Monsanto admits that glyphosate

16 repeatedly has been found to be safe to humans and the environment by regulators in the United

17 States and around the world and further admits that it has labeled glyphosate products as

18 approved by regulatory bodies consistent with those findings.  Monsanto also admits that the

19 United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to

20 the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based

21 herbicides create no unreasonable risk to human health or to the environment when used in

22 accordance with the label.  To the extent that paragraph 99 alleges that Monsanto has labeled

23 glyphosate or Roundup®-branded herbicides in any manner different or in addition to such

24 regulatory approval, Monsanto denies such allegations.

25   100. Monsanto denies the allegations in paragraph 100.

26   101. Monsanto denies that exposure to Roundup®-branded products and glyphosate

27 exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in

28 paragraph 101.  Monsanto states, however, that the scientific studies upon which IARC purported

DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04754-VC

1   to base its classification were all publicly available before March 2015.

2       102.    Monsanto denies the allegations in the first sentence of paragraph 102. The

3 remaining allegations in paragraph 102 set forth conclusions of law for which no response is

4 required. Monsanto states, however, that the scientific studies upon which IARC purported to

5 base its classification were all publicly available before March 2015.

6       103.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and

7 denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

8 branded products can cause cancer. Monsanto states, however, that the scientific studies upon

9 which IARC purported to base its classification were all publicly available before March 2015.

10 Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

11 remaining allegations in paragraph 103 and therefore denies those allegations.

12       104.    Monsanto denies the allegations in paragraph 104.

13       In response to the "WHEREFORE" paragraph following paragraph 104, Monsanto

14 demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

15 dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

16 fees as allowed by law and such further and additional relief as this Court may deem just and

17 proper.

18       105.    Monsanto incorporates by reference its responses to paragraphs 1 through 104 in

19 response to paragraph 105 of plaintiff's Complaint.

20       106.    The allegations in paragraph 106 set forth conclusions of law for which no

21 response is required.

22       107.    Monsanto denies the allegations in paragraph 107.

23       108.    Monsanto denies the allegations in paragraph 108, including each of its subparts.

24       109.    Monsanto denies the allegations in paragraph 109.

25       110.    Monsanto denies the allegations in paragraph 110, including each of its subparts.

26       111.    Monsanto denies the allegations in paragraph 111.

27       112.    Monsanto denies the allegations in paragraph 112.

28       113.    Monsanto denies the allegations in paragraph 113.

114.     Monsanto denies the allegations in paragraph 114.

In response to the "WHEREFORE" paragraph following paragraph 114, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

115.     Monsanto incorporates by reference its responses to paragraphs 1 through 114 in response to paragraph 115 of plaintiff's Complaint.

116.     In response to the allegations in paragraph 116, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used and/or was exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 116.

117.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 117 and therefore denies those allegations.

118.     Monsanto denies the allegations in paragraph 118.

119.     Monsanto denies the allegations in paragraph 119.

120.     Monsanto denies the allegations in paragraph 120.

121.     Monsanto denies the allegations in paragraph 121.

122.     Monsanto denies the allegations in paragraph 122.

123.     Monsanto denies the allegations in paragraph 123.

124.     Monsanto denies that Roundup®-branded products have "dangerous characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 124 and therefore denies those allegations.

125.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 125 and therefore denies those allegations.

126.     Monsanto denies the allegations in paragraph 126.

DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04754-VC

1    127.    The allegations in the first sentence of paragraph 127 set forth conclusions of law

2    for which no response is required. Monsanto denies the allegations in the second sentence of

3    paragraph 127.

4    128.    Monsanto denies the allegations in paragraph 128.

5    129.    Monsanto denies the allegations in paragraph 129.

6    130.    Monsanto denies the allegations in paragraph 130.

7    131.    Monsanto denies the allegations in paragraph 131.

8    132.    Monsanto denies the allegations in paragraph 132.

9    133.    Monsanto denies the allegations in paragraph 133.

10   134.    Monsanto denies the allegations in paragraph 134.

11   In response to the "WHEREFORE" paragraph following paragraph 134, Monsanto

12   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

13   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

14   fees as allowed by law and such further and additional relief as this Court may deem just and

15   proper.

16   135.    Monsanto incorporates by reference its responses to paragraphs 1 through 134 in

17   response to paragraph 135 of plaintiff's Complaint.

18   136.    The allegations in paragraph 136 set forth conclusions of law for which no

19   response is required.

20   137.    Monsanto denies the allegations in paragraph 137.  All labeling of Roundup®-

21   branded products has been and remains EPA-approved and in compliance with all federal

22   requirements under FIFRA.

23   138.    Monsanto denies the allegations in paragraph 138.

24   139.    Monsanto denies the allegations in paragraph 139.  All labeling of Roundup®-

25   branded products has been and remains EPA-approved and in compliance with all federal

26   requirements under FIFRA.

27

28

1   140.   Monsanto denies the allegations in paragraph 140.  All labeling of Roundup®-

2   branded products has been and remains EPA-approved and in compliance with all federal

3   requirements under FIFRA.

4   141.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

5   of the allegations regarding plaintiff's use history in paragraph 141 and therefore denies those

6   allegations.  Monsanto denies the remaining allegations in paragraph 141.

7   142.   The allegations in paragraph 142 set forth conclusions of law for which no

8   response is required.

9   143.   Monsanto denies the allegations in paragraph 143.

10   144.   Monsanto denies the allegations in paragraph 144.

11   145.   Monsanto denies the allegations that Roundup®-branded products are defective

12   and accordingly denies the allegations in paragraph 145.

13   146.   The allegations in the first sentence of paragraph 146 set forth conclusions of law

14   for which no response is required. Monsanto lacks information or knowledge sufficient to form a

15   belief as to the truth of the allegations in the second sentence of paragraph 146 and therefore

16   denies those allegations.

17   147.   Monsanto denies the allegations in paragraph 147.

18   148.   Monsanto denies the allegations in paragraph 148.

19   149.   Monsanto denies the allegations in paragraph 149.

20   In response to the "WHEREFORE" paragraph following paragraph 149, Monsanto

21   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

22   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

23   fees as allowed by law and such further and additional relief as this Court may deem just and

24   proper.

25   150.   Monsanto incorporates by reference its responses to paragraphs 1 through 149 in

26   response to paragraph 150 of plaintiff's Complaint.

27   151.   Monsanto denies the allegations in paragraph 151.

28

DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04754-VC

152.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 152 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 152 set forth conclusions of law for which no response is required.

153.     The allegations in the first sentence of paragraph 153 set forth conclusions of law for which no response is required. Monsanto denies the allegations in the second sentence of paragraph 153.

154.     The allegation in paragraph 154 regarding a purported implied warranty sets forth a conclusion of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 154 and therefore denies those allegations.

155.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 155 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies the allegations in paragraph 155.

156.     Monsanto denies the allegations in paragraph 156.

157.     Monsanto denies the allegations in paragraph 157.

158.     Monsanto denies the allegations in paragraph 158.

In response to the "WHEREFORE" paragraph following paragraph 158, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

159.     Monsanto incorporates by reference its responses to paragraphs 1 through 158 in response to paragraph 159 of plaintiff's Complaint.

160.     The allegations in paragraph 160 and its subparts set forth conclusions of law for which no response is required.

161.     In response to the allegations in paragraph 161, Monsanto admits that it has sold

DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04754-VC

glyphosate-based herbicides in accordance with their EPA-approved labeling. Monsanto further states that paragraph 161 sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 161.

162.     Monsanto denies the allegations in the first and second sentences of paragraph 162.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence of paragraph 162 sets forth conclusions of law for which no response is required.

163.     The allegations in the first sentence of paragraph 163 set forth conclusions of law for which no response is required.  Monsanto denies the allegations in the second sentence of paragraph 163.

164.     Monsanto denies the allegations in paragraph 164 and each of its subparts.

165.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 165 regarding plaintiff's reliance and therefore denies those allegations.  The remaining allegations in paragraph 165 set forth conclusions of law for which no response is required.

166.     Monsanto denies the allegations in paragraph 166.

167.     Monsanto denies the allegations in paragraph 167.

In response to the "WHEREFORE" paragraph following paragraph 167, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

168.     Monsanto incorporates by reference its responses to paragraphs 1 through 167 in response to paragraph 168 of plaintiff's Complaint.

169.     Monsanto denies the allegations in paragraph 169.

170.     Monsanto denies the allegations in paragraph 170.

171.     In response to the allegations in paragraph 171, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used and/or

purchased Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 171 also set forth conclusions of law for which no response is required.

172.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 172 regarding plaintiff's reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 172.

173.    In response to the allegations in paragraph 173, Monsanto refers to the labels and marketing materials for its Roundup®-branded products, which are the best evidence of their contents, and denies any allegations inconsistent with their terms.

174.    Monsanto denies the allegations in paragraph 174.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

175.    Monsanto denies the allegations in paragraph 175.

176.    Monsanto denies the allegations in paragraph 176.

177.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in paragraph 177.

178.    Monsanto denies the allegations in paragraph 178.

179.    Monsanto denies the allegations in paragraph 179.

In response to the "WHEREFORE" paragraph following paragraph 179, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.      Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-04754-VC

10. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12. Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13. Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14. If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15. Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16. Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff. If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17. Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18. Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the

United States Constitution, the South Carolina Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under South Carolina law and/or other applicable state laws.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including S.C. Code Ann. § 15-32-530.

21.      Plaintiff's claims are barred in whole or in part by plaintiff's contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

25.     If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28.     The South Carolina Unfair Trade Practices Act claim is barred by applicable law, including S.C. Code Ann. § 39-5-40(a).

29.     Plaintiff has failed to allege fraud with sufficient particularity.

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  August 19, 2020                    Respectfully submitted,

                                           /s/ Joe G. Hollingsworth
                                           Joe G. Hollingsworth (*pro hac vice*)
                                           (jhollingsworth@hollingsworthllp.com)
                                           Eric G. Lasker (*pro hac vice*)
                                           (elasker@hollingsworthllp.com)
                                           HOLLINGSWORTH LLP
                                           1350 I Street, N.W.
                                           Washington, DC  20005
                                           Telephone:  (202) 898-5800
                                           Facsimile:   (202) 682-1639

                                           *Attorneys for Defendant*
                                           *MONSANTO COMPANY*