Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Fl.
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Additional Counsel for
Plaintiff Aaron Sheller on Signature Page

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Sheller v. Bayer AG, et al.*, Case No. 3:19-cv-07972<br><br>*Ramirez, et al. v. Monsanto Co.*, Case No. 3:19-cv-02224 | **DECLARATION OF ELIZABETH A. FEGAN IN SUPPORT OF PLAINTIFF AARON SHELLER'S SECOND RENEWED MOTION TO APPOINT FEGAN SCOTT LLC AS INTERIM CLASS COUNSEL FOR THE MEDICAL MONITORING CLASS** |

I, Elizabeth A. Fegan, under oath, declare and state as follows:

1. I am the founding partner and managing member of Fegan Scott LLC. I have primary responsibility for prosecuting the *Sheller* litigation. I have full knowledge of the matters stated herein and could and would testify hereto.

2. Fegan Scott LLC has never represented any persons who have been diagnosed with non-Hodgkins Lymphoma and thus the firm's interests run exclusively to the Medical Monitoring Class.

3. On June 24, 2020, the Motion For Preliminary Approval of Class Settlement, Appointment of Interim Class and Subclass Counsel, Direction of Notice under Fed. R. Civ P. 23(e), Scheduling of a Fairness Hearing, and Stay of the Filing and Prosecution of Roundup-Related Actions by Settlement Class Members was filed in the *Ramirez* matter. On June 24, 2020, the Motion For Preliminary Approval of Class Settlement, Appointment of Interim Class and

Subclass Counsel, Direction of Notice under Fed. R. Civ P. 23(e), Scheduling of a Fairness Hearing, and Stay of the Filing and Prosecution of Roundup-Related Actions by Settlement Class Members was filed in the *Ramirez* matter.

4. Based on the concerns outlined in our motion, I met and conferred with Elizabeth Cabraser via telephone on multiple occasions, including on June 26 (also attended by Jonathan Selbin), July 5 (also attended by Sam Issacharoff, Jonathan Selbin, and TerriAnne Benedetto), July 7, 8, 14, 17, August 7 and 19 (Steve Fineman also attended), 2020. I further communicated with Ms. Cabraser via email, including on June 29, July 3, 8, 10, 13, 14, 15, 16, 26, 30, August 3 and 19, 2020. I also separately communicated via telephone with Mr. Selbin on several occasions during this period.

5. These discussions focused on the fact that the *Sheller* litigation was the only case (before the *Ramirez* amendment) to seek recovery on behalf of the Medical Monitoring Class and our view of the defects in the proposed settlement as applied to the Medical Monitoring Class.

6. Most importantly, however, we discussed on multiple occasions our view that there was an inherent conflict of interest between current claimants (Class 1 or the Personal Injury Plaintiffs) and future claimants (Class 2 or the Medical Monitoring Class).

7. I advised Ms. Cabraser that we believed that the Dugan Law Firm had an inherent conflict of interest in representing both Personal Injury Plaintiffs in filed litigation as well as private inventory settlements, while also purporting to act on behalf of the Medical Monitoring Class.

8. During several of these conversations, Ms. Cabraser represented that, if settlement negotiations were going to continue, she would advocate that Fegan Scott be presented at the negotiating table as independent counsel for the Medical Monitoring Class.

9. However, settlement negotiations did continue and are ongoing. Pursuant to Fed. R. Civ. P. 408, Ms. Cabraser has shared summary information concerning the ongoing negotiations. Despite the fact that negotiations are ongoing for the Medical Monitoring Class, Fegan Scott has not been invited to participate for the Medical Monitoring Class.

10. On August 7, 2020, as it became clear that we were not going to be invited to the table, I reiterated our concerns to Ms. Cabraser regarding the need for independent counsel to represent the Medical Monitoring Class. I asked her if the Dugan Law Firm was purporting to

continue to represent the interests of the Medical Monitoring Class at the settlement table. She confirmed they were.

11. I explained again to Ms. Cabraser that we understood that the Dugan Law Firm represented at least one Personal Injury Plaintiff in filed litigation and had entered into private inventory settlements on behalf of Personal Injury Plaintiffs with Defendants, and therefore, could not represent the interests of the Medical Monitoring Class. She confirmed that she understood that the Dugan Law Firm had entered into inventory settlements with the Defendants on behalf of Personal Injury Plaintiffs. She stated that it was their position that, because those settlements were not contingent on the outcome of the work on behalf of the Medical Monitoring Class, the Dugan Law Firm believed it could represent both.

12. On August 19, 2020, I informed Ms. Cabraser and Mr. Selbin via email that we intended to seek formal appointment as Class Counsel for the Medical Monitoring Class. I also conferred via telephone with Ms. Cabraser and Mr. Fineman. They do not support this motion.

13. Attached are true and correct copies of the following documents.

| Ex. | Document |
|---|---|
| 1 | Firm Resume of Fegan Scott LLC |
| 2 | Firm Resume of Riley Williams & Piatt |
| 3 | Firm Resume of Shindler Anderson |
| 4 | Firm Resume of Cate Terry |

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 19, 2020

   /s/ Elizabeth A. Fegan
Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
T: 312-741-1019
F: 312-264-0100
beth@feganscott.com