**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:    202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
         elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Patricia Loraditch as Special Administrator of the Estate of Nancy Williams and on behalf of the Wrongful Death Beneficiaries of Nancy Williams v. Monsanto Co. and John Does 1-V,* Case No. 3:20-cv-05119-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below. Additionally, to the extent plaintiff's allegations are directed towards both Monsanto and the collective "John Doe" co-defendants, Monsanto only purports to answer plaintiff's allegations as to Monsanto and not as to the co-defendants.   As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.    Monsanto admits that plaintiff purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto

- 1 -

denies the remaining allegations in paragraph 1.

2.     Monsanto admits that plaintiff asserts the claims alleged in paragraph 2 but denies any liability as to those claims.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 2 and therefore denies those allegations.  The allegations in the second sentence of paragraph 2 set forth conclusions of law for which no response is required.

3.     Monsanto denies the allegations in paragraph 3.

4.     Monsanto denies the allegations in paragraph 4.

5.     The allegations in paragraph 5 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

6.     The allegations in paragraph 6 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 6 based upon the allegations in plaintiff's Complaint.

7.     Monsanto admits the allegations in paragraph 7.

8.     The allegations in paragraph 8 set forth conclusions of law for which no response is required.

9.     The allegations in the first sentence of paragraph 9 set forth conclusions of law for which no response is required.  Monsanto admits the allegations in the second sentence of paragraph 8.  In response to the allegations in the final sentence of paragraph 9, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

10.    In response to the allegations in paragraph 10, Monsanto states that the cited document speaks for itself and does not require a response.

11.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies those allegations.

12.    Monsanto lacks information or knowledge sufficient to form a belief as to the

- 2 -

1   truth of the allegations in the first sentence of paragraph 12 and therefore denies those

2   allegations.  Monsanto denies the remaining allegations in paragraph 12.

3         13.     Monsanto admits the allegations in the first sentence of paragraph 13.  The

4   remaining allegations in paragraph 13 set forth conclusions of law for which no response is

5   required.

6         14.     The allegations in paragraph 14 are not directed at Monsanto and therefore no

7   answer is required.  To the extent that an answer is deemed required, Monsanto denies the

8   allegations in paragraph 14.

9         15.     In response to the allegations in paragraph 15, Monsanto admits that it sold

10   Roundup®-branded products in Arkansas.

11         16.     Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations in paragraph 16 and therefore denies those allegations.

13         17.     The allegations in paragraph 17 are vague and conclusory and comprise attorney

14   characterizations and are accordingly denied.

15         18.     The allegations in paragraph 18 are vague and conclusory and comprise attorney

16   characterizations and are accordingly denied.

17         19.     Monsanto admits the allegations in paragraph 19.

18         20.     Monsanto admits that it is authorized to do business in Arkansas.  The remaining

19   allegations of paragraph 20 are vague and conclusory and comprise attorney characterizations

20   and are accordingly denied.

21         21.     The allegations in paragraph 21 set forth conclusions of law for which no

22   response is required.

23         22.     Monsanto denies the allegations in paragraph 22.

24         23.     Monsanto admits that it has designed, researched, manufactured, tested,

25   advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The

26   remaining allegations in paragraph 23 set forth conclusions of law for which no response is

27   required.

28         24.     In response to the allegations in paragraph 24, Monsanto admits that it is an

- 3 -

1   agricultural biotechnology corporation with its principal place of business in St. Louis County,
2   Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in
3   countries around the world.  Monsanto states that the remaining allegations in paragraph 24 are
4   vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the
5   truth of the remaining allegations and therefore denies those allegations.

6          25.     Monsanto admits the allegations in paragraph 25.

7          26.     Monsanto admits the allegations in paragraph 26.

8          27.     In response to the allegations in paragraph 27, Monsanto admits that glyphosate is
9   an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in
10  paragraph 27 are vague and ambiguous and Monsanto lacks information or knowledge sufficient
11  to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

12         28.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.
13  The remaining allegations in paragraph 28 comprise attorney characterizations and are
14  accordingly denied.

15         29.     Monsanto admits the allegations in paragraph 29.

16         30.     Monsanto generally admits the allegations in paragraph 30, but denies the
17  allegations in paragraph 30 to the extent that they suggest that glyphosate is present in any plants
18  at anything other than *de minimis* amounts well within regulatory safety levels, as determined by
19  the United States Environmental Protection Agency ("EPA").

20         31.     Monsanto lacks information or knowledge sufficient to form a belief as to the
21  truth of the allegations in paragraph 31 and therefore denies those allegations.

22         32.     Monsanto admits that it has been the leading producer of seeds that contain the
23  Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve
24  a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form
25  a belief as to the accuracy of the specific numbers and statistics provided in the remaining
26  sentences of paragraph 32 and therefore denies those allegations.  Monsanto denies the
27  remaining allegations in paragraph 32.

28         33.     Monsanto admits the allegations in paragraph 33.

34.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 34.

35.     The allegations in the Complaint's first-numbered paragraph 35 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in the Complaint's first-numbered paragraph 35.

35.     In response to the allegations in the Complaint's second-numbered paragraph 35, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in the Complaint's second-numbered paragraph 35 set forth conclusions of law for which no response is required.

36.     The allegations in paragraph 36 set forth conclusions of law for which no response is required.

37.     In response to the allegations in paragraph 37, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution in the United States and are registered by the State of Missouri for sale and distribution.

38.     In response to the allegations in paragraph 38, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 38 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 38 set forth conclusions of law for which no answer is required.

39.     Monsanto denies the allegations in paragraph 39 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05119-VC

1  products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

2  of the allegations in paragraph 39 regarding such pesticide products generally and therefore

3  denies those allegations.  The remaining allegations in paragraph 39 set forth conclusions of law

4  for which no response is required.

5       40.    In response to the allegations in paragraph 40, Monsanto admits that EPA has

6  undertaken a regulatory review of glyphosate and further admits that EPA has not released its

7  findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

8  Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

9  concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

10  humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

11  posted an October 2015 final report by its standing Cancer Assessment Review Committee

12  ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

13  to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

14  issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

15  the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

16  humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

17  of the remaining allegations in paragraph 40 and therefore denies those allegations.

18       41.  In response to the allegations in paragraph 41, Monsanto admits that the New

19  York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

20

21  [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/

22  document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic

23  potential.

24  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*

25  *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final

26  Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

  [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of*

27  *Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/

28  document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05119-VC

1    advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

2    admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

3    General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

4    the subparts purport to quote a document, the document speaks for itself and thus does not

5    require any further answer.  The remaining allegations in paragraph 41 are vague and conclusory

6    and comprise attorney characterizations and are accordingly denied.

7         42.     In response to the allegations in paragraph 42, Monsanto admits it entered into an

8    assurance of discontinuance with the New York Attorney General.  The assurance speaks for

9    itself and thus does not require any further answer.  The remaining allegations in paragraph 42

10   are vague and conclusory and comprise attorney characterizations and are accordingly denied.

11        43.     Monsanto denies the allegations in paragraph 43.

12        44.     In response to the allegations in paragraph 44, Monsanto admits that the French

13   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

14   that it "left the soil clean," but denies the allegations in paragraph 44 to the extent that they

15   suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

16   cancer.  Monsanto denies the remaining allegations in paragraph 44.

17        45.     Monsanto denies the allegations in paragraph 45.

18        46.     In response to the allegations in paragraph 46, Monsanto states that the cited

19   document speaks for itself and does not require a response.  To the extent that the allegations in

20   paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or

21   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46

22   and therefore denies those allegations.

23        47.     Monsanto admits the allegations in paragraph 47.

24        48.     In response to the allegations in paragraph 48, Monsanto states that the cited the

25   document speaks for itself and does not require a response.  To the extent that the allegations in

26   paragraph 48 go beyond a restatement of the cited document, Monsanto lacks information or

27   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 48

28   and therefore denies those allegations.

49.     Monsanto states that the term "toxic" as used in paragraph 49 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 49.

50.     Monsanto admits the allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 52 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 54 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 54.

55.     Monsanto denies the allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 56 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 57 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 57.

58.     Monsanto denies the allegation that the cited studies support the allegation that

1  glyphosate or Roundup®-branded products pose any risk to human health and denies the

2  remaining allegations in paragraph 58.

3        59.     Monsanto denies the allegations in paragraph 59.

4        60.     Monsanto denies the allegations in paragraph 60.

5        61.     Monsanto denies the allegations in paragraph 61.

6        62.     Monsanto denies the allegations in paragraph 62.

7        63.     Monsanto admits that it has promoted Roundup®-branded herbicides as safe when

8  used in accordance with the products' labeling.  Monsanto denies the remaining allegations in

9  paragraph 63.

10        64.     Monsanto admits that the International Agency for Research on Cancer ("IARC")

11  is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

12  lacks information or knowledge sufficient to form a belief as to the truth of the remaining

13  allegations in paragraph 64 and therefore denies those allegations.

14        65.     Monsanto lacks information or knowledge sufficient to form a belief as to the

15  truth of the allegations in paragraph 65 and therefore denies those allegations.  Monsanto denies

16  that glyphosate met the criteria necessary to be eligible for review.

17        66.     Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in paragraph 66 and therefore denies those allegations.  Monsanto denies

19  that glyphosate met the criteria necessary to be eligible for review.

20        67.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

21  carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

22  evidence was "cumulative."  The remaining allegations in paragraph 67 are vague and

23  conclusory and comprise attorney characterizations and are accordingly denied.

24        68.     Monsanto admits that the full IARC Monograph regarding glyphosate was

25  published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

26  2A carcinogen.  In response to the remaining allegations in paragraph 68, Monsanto states that

27  the document speaks for itself and does not require a response.  To the extent that a response is

28  deemed required, the remaining allegations in paragraph 68 comprise attorney characterizations

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05119-VC

1   and are accordingly denied.

2       69.     Monsanto denies the allegations in paragraph 69.  The IARC working group

3   concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

4   which, per IARC's guidelines, means that the working group could not rule out chance, bias or

5   confounding so as to reach any conclusion of an increased risk.

6       70.     In response to the allegations in paragraph 70, Monsanto states that the document

7   speaks for itself and does not require a response.  To the extent that a response is deemed

8   required, the allegations in paragraph 70 comprise attorney characterizations and are accordingly

9   denied.

10      71.     Monsanto denies the allegations in paragraph 71.

11      72.     The allegations in paragraph 72 comprise attorney characterizations and are

12  accordingly denied.

13      73.     Monsanto admits the allegations in paragraph 73.

14      74.     In response to the allegations in paragraph 74, Monsanto states that the cited

15  document speaks for itself and does not require a response.  To the extent that paragraph 74

16  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

17  paragraph 74.

18      75.     In response to the allegations in paragraph 75, Monsanto admits that certain

19  studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

20  under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

21  evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

22  animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

23  paragraph 75.

24      76.     The allegations in paragraph 76 are vague and ambiguous and are accordingly

25  denied.

26      77.     In response to the allegations in paragraph 77, Monsanto states that the cited

27  document speaks for itself and does not require a response.

28      78.     In response to the allegations in paragraph 78, Monsanto states that the cited

1   document speaks for itself and does not require a response.  To the extent that paragraph 78

2   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

3   paragraph 78.

4        79.     Monsanto denies the allegations in paragraph 79.

5        80.     In response to the allegations in paragraph 80, Monsanto states that the cited

6   document speaks for itself and does not require a response.  Monsanto otherwise denies the

7   allegations in paragraph 80.

8        81.     Monsanto admits that there is no reliable evidence that Roundup®-branded

9   products are genotoxic and that regulatory authorities and independent experts agree that

10   Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

11   paragraph 81.

12        82.     Monsanto denies the allegations in paragraph 82.

13        83.     Monsanto denies the allegations in paragraph 83.

14        84.     Monsanto denies the allegations in paragraph 84.

15        85.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

16   exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 85.

17        86.     Monsanto denies the allegations in paragraph 86.

18        87.     Monsanto denies the allegations in paragraph 87.

19        88.     Monsanto admits the allegations in paragraph 88.

20        89.     Monsanto denies the allegations in paragraph 89.

21        90.     Monsanto admits the allegations in paragraph 90.

22        91.     Monsanto denies the allegations in paragraph 91.

23        92.     Monsanto denies the allegations in paragraph 92.

24        93.     Monsanto denies the allegations in paragraph 93.

25        94.     Monsanto denies the allegations in paragraph 94.

26        95.     Monsanto denies the allegations in paragraph 95.

27        96.     Monsanto denies the allegations in paragraph 96.

28        97.     Monsanto denies the allegations in paragraph 97.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05119-VC

98.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 98.

99.     In response to the allegations in paragraph 99, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 99.

100.     In response to the allegations in paragraph 100, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 100.

101.     In response to the allegations in paragraph 101, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 101.

102.     In response to the allegations in paragraph 102, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.
- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).
- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).
- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or

reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 102.

103.    In response to the allegations in paragraph 103, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 103 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

104.    In response to the allegations in paragraph 104, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

105.    Monsanto denies the allegations in paragraph 105 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and

1    that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

2    one of several pesticide manufacturers who had used IBT test results.  The audit found some

3    toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

4    Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

5    Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

6    based upon any invalid IBT studies.  To the extent that the allegations in paragraph 105 are

7    intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

8    denies those allegations.

9        106.    In response to the allegations in paragraph 106, Monsanto admits that three IBT

10   employees were convicted of the charge of fraud, but Monsanto denies that any of the

11   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

12   herbicides.

13       107.    In response to the allegations in paragraph 107, Monsanto admits that it – along

14   with numerous other private companies – hired Craven Laboratories as an independent

15   laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

16   denies the remaining allegations in paragraph 107.

17       108.    In response to the allegations in paragraph 108, Monsanto admits that EPA

18   investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

19   paragraph 108 are intended to suggest that Monsanto was anything other than a victim of this

20   fraud, Monsanto denies those allegations.

21       109.    In response to the allegations in paragraph 109, Monsanto admits that it was

22   defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

23   at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 109

24   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

25   denies those allegations.

26       110.    In response to the allegations in paragraph 110, Monsanto admits that it has stated

27   that Roundup®-branded products are safe when used as labeled and that they are non-

28   carcinogenic and non-genotoxic.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05119-VC

111. In response to the allegations in paragraph 111, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen. Monsanto denies the remaining allegations in paragraph 111.

112. Monsanto denies the allegations in paragraph 112.

113. Monsanto denies the allegations in paragraph 113.

114. Monsanto denies the allegations in paragraph 114.

115. Monsanto denies the allegations in paragraph 115.

116. Monsanto denies the allegations in paragraph 116.

117. Monsanto denies the allegations in paragraph 117.

118. Monsanto denies the allegations in paragraph 118.

119. Monsanto denies the allegations in paragraph 119.

120. Monsanto denies the allegations in paragraph 120.

121. Monsanto denies the allegations in paragraph 121.

122. Monsanto denies the allegations in paragraph 122.

123. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 123 and therefore denies those allegations.

124. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 124 and therefore denies those allegations.

125. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 125 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 125.

126. Monsanto denies the allegations in paragraph 126.

127. Monsanto incorporates by reference its responses to paragraphs 1 through 126 in response to paragraph 127 of plaintiff's Complaint.

128. The allegations in paragraph 128 set forth conclusions of law for which no

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05119-VC

response is required.

129.    Monsanto denies the allegations in paragraph 129.

130.    Monsanto denies the allegations in paragraph 130, including each of its subparts.

131.    Monsanto denies the allegations in paragraph 131.

132.    Monsanto denies the allegations in paragraph 132.

133.    Monsanto denies the allegations in paragraph 133.

134.    Monsanto denies the allegations in paragraph 134, including each of its subparts.

135.    Monsanto denies the allegations in paragraph 135.

136.    Monsanto denies the allegations in paragraph 136.

137.    Monsanto denies the allegations in paragraph 137.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto denies the allegations in paragraph 139.

In response to the allegations in the first sentence of the "WHEREFORE" paragraph following paragraph 139, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 139 sets forth a conclusion of law for which no response is required.

140.    Monsanto incorporates by reference its responses to paragraphs 1 through 139 in response to paragraph 140 of plaintiff's Complaint.

141.    In response to the allegations in paragraph 141, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that decedent used or was exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 141.

142.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 142 and therefore denies those allegations.

143.    Monsanto denies the allegations in paragraph 143.

144.    Monsanto denies the allegations in paragraph 144.

145.    Monsanto denies the allegations in paragraph 145, including each of its subparts.

146.    Monsanto denies the allegations in paragraph 146.

147.    Monsanto denies that Roundup®-branded products have "dangerous characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 147 and therefore denies those allegations.

148.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 148 and therefore denies those allegations.

149.    Monsanto denies the allegations in paragraph 149.

150.    The allegations in paragraph 150 set forth conclusions of law for which no response is required.

151.    Monsanto denies the allegations in paragraph 151.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto denies the allegations in paragraph 154.

155.    Monsanto denies the allegations in paragraph 155.

156.    Monsanto denies the allegations in paragraph 156.

157.    Monsanto denies the allegations in paragraph 157.

158.    Monsanto denies the allegations in paragraph 158.

159.    Monsanto denies the allegations in paragraph 159.

160.    Monsanto denies the allegations in paragraph 160.

161.    Monsanto denies the allegations in paragraph 161.

In response to the allegations in the first sentence of the "WHEREFORE" paragraph following paragraph 161, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 161 sets forth a conclusion of law for which no

1 | response is required.

2 | 162. Monsanto incorporates by reference its responses to paragraphs 1 through 161 in
3 | response to paragraph 162 of plaintiff's Complaint.

4 | 163. The allegations in paragraph 163 set forth conclusions of law for which no
5 | response is required.

6 | 164. Monsanto lacks information or knowledge sufficient to form a belief as to the
7 | truth of the allegations in paragraph 164 and therefore denies those allegations.

8 | 165. Monsanto denies the allegations in paragraph 165. All labeling of Roundup®-
9 | branded products has been and remains EPA-approved and in compliance with all federal
10 | requirements under FIFRA.

11 | 166. Monsanto denies the allegations in paragraph 166.

12 | 167. Monsanto denies the allegations in paragraph 167. All labeling of Roundup®-
13 | branded products has been and remains EPA-approved and in compliance with all federal
14 | requirements under FIFRA.

15 | 168. Monsanto denies the allegations in paragraph 168. All labeling of Roundup®-
16 | branded products has been and remains EPA-approved and in compliance with all federal
17 | requirements under FIFRA and with Kentucky law.

18 | 169. Monsanto denies the allegations in paragraph 169.

19 | 170. Monsanto lacks information or knowledge sufficient to form a belief as to the
20 | truth of the allegations regarding decedent's use history in paragraph 170 and therefore denies
21 | those allegations. Monsanto denies the remaining allegations in paragraph 170.

22 | 171. The allegations in paragraph 171 set forth conclusions of law for which no
23 | response is required.

24 | 172. Monsanto denies the allegations in paragraph 172.

25 | 173. Monsanto denies the allegations in paragraph 173.

26 | 174. Monsanto denies the allegations in paragraph 174.

27 | 175. Monsanto denies the allegations that Roundup®-branded products are defective
28 | and accordingly denies the allegations in paragraph 175.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05119-VC

176.    The allegations in paragraph 176 set forth conclusions of law for which no response is required.

177.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 177 and therefore denies those allegations.

178.    Monsanto denies the allegations in paragraph 178.

179.    Monsanto denies the allegations in paragraph 179.

180.    Monsanto denies the allegations in paragraph 180.

181.    Monsanto denies the allegations in paragraph 181.

182.    Monsanto denies the allegations in paragraph 182.

183.    Monsanto denies the allegations in paragraph 183.

In response to the allegations in the first sentence of the "WHEREFORE" paragraph following paragraph 183, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 183 sets forth a conclusion of law for which no response is required.

184.    Monsanto incorporates by reference its responses to paragraphs 1 through 183 in response to paragraph 184 of plaintiff's Complaint.

185.    Monsanto denies the allegations in paragraph 185.

186.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 186 concerning the decedent's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 186 set forth conclusions of law for which no response is required.

187.    The allegations in paragraph 187 set forth conclusions of law for which no response is required.

188.    Monsanto denies the allegations in paragraph 188.

189.    The allegation in paragraph 189 regarding a purported implied warranty sets forth

1   a conclusion of law for which no response is required.  Monsanto lacks information or

2   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

3   189 and therefore denies those allegations.

4          190.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5   truth of the allegations in paragraph 190 concerning the condition of any Roundup®-branded

6   product allegedly used by decedent or about decedent's alleged uses of such product and

7   therefore denies the allegations in paragraph 190.

8          191.    Monsanto denies the allegations in paragraph 191.

9          192.    Monsanto denies the allegations in paragraph 192.

10         193.    Monsanto denies the allegations in paragraph 193.

11         194.    Monsanto denies the allegations in paragraph 194.

12         In response to the allegations in the first sentence of the "WHEREFORE" paragraph

13  following paragraph 194, Monsanto demands that judgment be entered in its favor and against

14  plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded

15  costs of suit and reasonable attorney's fees as allowed by law and such further and additional

16  relief as this Court may deem just and proper.  The statement in the last sentence of the

17  "WHEREFORE" paragraph following paragraph 194 sets forth a conclusion of law for which no

18  response is required.

19         195.    Monsanto incorporates by reference its responses to paragraphs 1 through 194 in

20  response to paragraph 195 of plaintiff's Complaint.

21         196.    Monsanto admits that plaintiff purports to bring a claim under the Arkansas

22  Deceptive Trade Practices Act but denies any liability as to that claim.  Monsanto denies the

23  remaining allegations in paragraph 196.

24         197.    The allegations in paragraph 197 set forth conclusions of law for which no

25  response is required

26         198.    Monsanto denies the allegations in paragraph 198.

27         199.    Monsanto denies the allegations in paragraph 199.

28         200.    Monsanto denies the allegations in paragraph 200.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05119-VC

1       201.    Monsanto denies the allegations in paragraph 201.

2       In response to the allegations in the first sentence of the "WHEREFORE" paragraph

3 following paragraph 201, Monsanto demands that judgment be entered in its favor and against

4 plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded

5 costs of suit and reasonable attorney's fees as allowed by law and such further and additional

6 relief as this Court may deem just and proper.  The statement in the last sentence of the

7 "WHEREFORE" paragraph following paragraph 201 sets forth a conclusion of law for which no

8 response is required.

9       In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

10 denies that plaintiff is entitled to the relief sought therein, including any judgment for any

11 damages, interest, costs, or any other relief whatsoever.

12       Every allegation in the Complaint that is not specifically and expressly admitted in this

13 Answer is hereby specifically and expressly denied.

14 **SEPARATE AND AFFIRMATIVE DEFENSES**

15       1.    The Complaint, in whole or part, fails to state a claim or cause of action against

16 Monsanto upon which relief can be granted.

17       2.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

18 reliable evidence that the products at issue were defective or unreasonably dangerous.

19       3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

20 was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

21 decedent's alleged injuries.

22       4.    Plaintiff's claims are barred, in whole or in part, because the products at issue

23 were designed, manufactured, marketed and labeled with proper warnings, information, cautions

24 and instructions, in accordance with the state of the art and the state of scientific and

25 technological knowledge.

26       5.    Plaintiff's claims are barred, in whole or in part, because the products at issue

27 were not defective or unreasonably dangerous in that they complied with, at all relevant times,

28 all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiff's Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims are barred, in whole or in part, because decedent's injuries, if any, were the result of conduct of decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by

1   Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an

2   independent, intervening and sole proximate cause of decedent's alleged injuries or damages.

3        15.     Monsanto had no legal relationship or privity with decedent and owed no duty to

4   decedent by which liability could be attributed to it.

5        16.     Monsanto made no warranties of any kind or any representations of any nature

6   whatsoever to plaintiff and/or decedent.  If any such warranties were made, which Monsanto

7   specifically denies, then plaintiff and/or decedent failed to give notice of any breach thereof.

8        17.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the

9   Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

10       18.     Plaintiff's claims for punitive and/or exemplary damages are barred because such

11   an award would violate Monsanto's due process, equal protection and other rights under the

12   United States Constitution, the Arkansas Constitution, and/or other applicable state constitutions.

13       19.     Plaintiff's claims for punitive and/or exemplary damages are barred because

14   plaintiff has failed to allege conduct warranting imposition of such damages under Arkansas law,

15   and/or other applicable state laws.

16       20.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited

17   by operation of state and/or federal law.

18       21.      Plaintiff's claims are barred in whole or in part by decedent's own

19   contributory/comparative negligence.

20       22.     Plaintiff's claims are barred in whole or in part by decedent's own failure to

21   mitigate damages.

22       23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

23       24.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff or

24   decedent received from collateral sources.

25       25.     If decedent had been injured or damaged, no injuries or damages being admitted,

26   such injuries were not caused by a Monsanto product.

27       26.     Plaintiff's claims are barred or limited to the extent that plaintiff assert claims that

28   are governed by the laws of a state that does not recognize, or limits, such claims.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05119-VC

27. Plaintiff's claims are barred to the extent that plaintiff seek relief under the laws of states that do not govern plaintiff's claims.

28. Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

### JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.


DATED:  August 31, 2020                    Respectfully submitted,


/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*