1  **HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
2  Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
3  Washington, DC  20005
Telephone:   (202) 898-5800
4  Facsimile:    (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
5              elasker@hollingsworthllp.com

6  *Attorneys for Defendant*
*MONSANTO COMPANY*

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10 | IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
11 | | Case No. 3:16-md-02741-VC |

12 This document relates to:

13 *Joan Downs, individually and as Widower of the*
*Decedent; Joseph Marquez as the Executor of*
14 *the Estate of Donald J. Downs v. Monsanto*
*Company Corporation,*
15 Case No. 3:20-cv-06124-VC

16              **MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**

17              Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

18 Company ("Monsanto"), incorrectly named in the Complaint as "Monsanto Company

19 Corporation," by and through its counsel, respectfully responds by generally denying all

20 allegations contained in plaintiffs' Complaint ("the Complaint"),  except as set forth below.

21 Silence as to any allegations shall constitute a denial.

22              1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly

23 related to exposure to Roundup®-branded products but denies any liability to plaintiffs.

24 Monsanto denies the remaining allegations in paragraph 1.

25              2.      Monsanto denies the allegations in paragraph 2.

26              3.      Monsanto denies the allegations in paragraph 3.

27

28

4. The allegations in paragraph 4 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiffs' Complaint.

5. Monsanto admits the allegations in paragraph 5.

6. The allegations in the first sentence of paragraph 6 set forth conclusions of law for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 6 and therefore denies those allegations. Monsanto admits the remaining allegations in paragraph 6.

7. The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8. Monsanto denies the allegations in the first sentence of paragraph 8. The remaining allegations in paragraph 8 set forth conclusions of law for which no response is required.

9. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 9 and therefore denies those allegations. In response to the allegations in the second sentence of paragraph 9, Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 9.

10. The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied. Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

11. Monsanto admits the allegations in paragraph 11.

12. In response to the allegations in paragraph 12, Monsanto admits that it discovered the herbicidal properties of glyphosate; that it has manufactured Roundup®-branded herbicides; that certain Roundup®-branded herbicides contain POEA and adjuvants; and that EPA has classified surfactants and adjuvants as inert. Monsanto notes that EPA has determined that the

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-06124-VC

surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  Monsanto denies the remaining allegations in paragraph 12.

13.     The allegations in paragraph 13 comprise attorney characterizations and are accordingly denied.

14.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products. The remaining allegations in paragraph 14 set forth conclusions of law for which no response is required.

15.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 15 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

16.     Monsanto admits the allegations in paragraph 16.

17.     Monsanto admits the allegations in paragraph 17.

18.     In response to the allegations in paragraph 18, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 18 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies those allegations.

19.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 19 comprise attorney characterizations and are accordingly denied.

20.     Monsanto admits the allegations in paragraph 20.

21.     Monsanto generally admits the allegations in paragraph 21, but denies the allegations in paragraph 21 to the extent that they suggest that glyphosate is present in any plants

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-06124-VC

at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

22.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies those allegations.

23.    Monsanto admits that it has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 23 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 23.

24.    In response to the allegations in the first and second sentences of paragraph 24, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto has not been the only manufacturer of glyphosate-based herbicide.  In response to the allegations in the third sentence of paragraph 24, Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 24.

25.    The allegations in paragraph 25 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 25.

26.    In response to the allegations in paragraph 26, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 26 set forth conclusions of law for which no response is required.

27.    The allegations in paragraph 27 set forth conclusions of law for which no response is required.

- 4 -

28.     In response to the allegations in paragraph 28, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered in the United States and are registered by the State of Alabama for sale and distribution.

29.     In response to the allegations in paragraph 29, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 29 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 29 set forth conclusions of law for which no answer is required.

30.     Monsanto denies the allegations in paragraph 30 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 30 set forth conclusions of law for which no response is required.

31.     In response to the allegations in paragraph 31, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-06124-VC

("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies those allegations.

32.     In response to the allegations in paragraph 32, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 32 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

33.     In response to the allegations in paragraph 33, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 33 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

34.     Monsanto denies the allegations in paragraph 34.

35.     In response to the allegations in paragraph 35, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 35 to the extent that they

---

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

1    suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

2    cancer.  Monsanto denies the remaining allegations in paragraph 35.

3              36.      Monsanto denies the allegations in paragraph 36.

4              37.      In response to the allegations in paragraph 37, Monsanto states that the cited

5    document speaks for itself and does not require a response.  To the extent that the allegations in

6    paragraph 37 go beyond a restatement of the cited document, Monsanto lacks information or

7    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 37

8    and therefore denies those allegations.

9              38.      Monsanto admits the allegations in paragraph 38.

10             39.      In response to the allegations in paragraph 39, Monsanto states that the cited

11   document speaks for itself and does not require a response.  To the extent that the allegations in

12   paragraph 39 go beyond a restatement of the cited document, Monsanto lacks information or

13   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 39

14   and therefore denies those allegations.

15             40.      Monsanto states that the term "toxic" as used in paragraph 40 is vague and

16   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

17   denies the allegations in paragraph 40.

18             41.      Monsanto admits the allegations in paragraph 41.

19             42.      In response to the allegations in paragraph 42, Monsanto states that the document

20   speaks for itself and does not require a response.  To the extent that a response is deemed

21   required, Monsanto denies the allegations in paragraph 42.

22             43.      In response to the allegations in paragraph 43, Monsanto admits that Julie Marc

23   published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

24   the extent that paragraph 43 characterizes the meaning of the cited study, Monsanto denies the

25   remaining allegations in paragraph 43.

26             44.      In response to the allegations in paragraph 44, Monsanto states that these

27   documents speak for themselves and do not require a response.  To the extent that a response is

28   deemed required, Monsanto denies the allegations in paragraph 44.

45.     In response to the allegations in paragraph 45, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 45 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 45.

46.     Monsanto denies the allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 47 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 47.

48.     In response to the allegations in paragraph 48, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 48 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 48.

49.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 49.

50.     Monsanto denies the allegations in paragraph 50.

51.     Monsanto denies the allegations in paragraph 51.

52.     Monsanto denies the allegations in paragraph 52.

53.     Monsanto denies the allegations in paragraph 53.

54.     Monsanto admits that it has in the past promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling.  Monsanto denies the remaining allegations in paragraph 54.

55.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 and therefore denies those allegations.

56.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

57.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

58.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 58 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

59.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 59, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 59 comprise attorney characterizations and are accordingly denied.

60.     In response to the allegations in paragraph 60, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 60 comprise attorney characterizations and are accordingly denied.

61.     In response to the allegations in paragraph 61, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 61 comprise attorney characterizations and are accordingly denied.

62.     Monsanto denies the allegations in paragraph 62.

63.     The allegations in paragraph 63 comprise attorney characterizations and are accordingly denied.

64.     Monsanto admits the allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 65 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 65.

66.     In response to the allegations in paragraph 66, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 66.

67.     The allegations in paragraph 67 are vague and ambiguous and are accordingly denied.

68.     In response to the allegations in paragraph 68, Monsanto states that the cited document speaks for itself and does not require a response.

69.     In response to the allegations in paragraph 69, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 69 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 69.

70.     Monsanto denies the allegations in paragraph 70.

71.     In response to the allegations in paragraph 71, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 71.

72.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 72.

73.     Monsanto denies the allegations in paragraph 73.

74.     Monsanto denies the allegations in paragraph 74.

75.     Monsanto denies the allegations in paragraph 75.

76.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

79.     Monsanto admits the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto admits the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 89.

90.     In response to the allegations in paragraph 90, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 90.

91.     In response to the allegations in paragraph 91, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 91.

92.     In response to the allegations in paragraph 92, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

denies the remaining allegations in paragraph 92.

93.     In response to the allegations in paragraph 93, Monsanto admits that plaintiffs

have accurately quoted from one passage in an EPA document in 1991 with respect to the

designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP

reports and the EPA CARC Final Report discussed above, other specific findings of safety

include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 93.

94.     In response to the allegations in paragraph 94, Monsanto admits that it – along

with a large number of other companies and governmental agencies – was defrauded by two

chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

1    testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

2    toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

3    glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

4    studies.  To the extent that the allegations in paragraph 94 are intended to suggest that Monsanto

5    was anything other than a victim of this fraud, such allegations are denied.

6         95.    In response to the allegations in paragraph 95, Monsanto admits that IBT

7    Laboratories was hired to conduct toxicity studies in connection with the registration of a

8    Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

9    based upon any fraudulent or false IBT studies.

10        96.    Monsanto denies the allegations in paragraph 96 to the extent they suggest that

11   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

12   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

13   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

14   connection with services provided to a broad number of private and governmental entities and

15   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

16   one of several pesticide manufacturers who had used IBT test results.  The audit found some

17   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

18   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

19   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

20   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 96 are

21   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

22   denies those allegations.

23        97.    In response to the allegations in paragraph 97, Monsanto admits that three IBT

24   employees were convicted of the charge of fraud, but Monsanto denies that any of the

25   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

26   herbicides.

27        98.    In response to the allegations in paragraph 98, Monsanto admits that it – along

28   with numerous other private companies – hired Craven Laboratories as an independent

laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 98.

99.     In response to the allegations in paragraph 99, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 99 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

100.     In response to the allegations in paragraph 100, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 100 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

101.     In response to the allegations in paragraph 101, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

102.     In response to the allegations in paragraph 102, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 102.

103.     Monsanto denies the allegations in paragraph 103.

104.     Monsanto denies the allegations in paragraph 104.

105.     Monsanto denies the allegations in paragraph 105.

106.     Monsanto denies the allegations in paragraph 106.

107.     Monsanto denies the allegations in paragraph 107.

108.     Monsanto denies the allegations in paragraph 108.

109.     Monsanto denies the allegations in paragraph 109.

110.     Monsanto denies the allegations in paragraph 110.

111.    Monsanto denies the allegations in paragraph 111.

112.    Monsanto denies the allegations in paragraph 112.

113.    Monsanto denies the allegations in paragraph 113.

114.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 114 and therefore denies those allegations.

115.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 115 and therefore denies those allegations.

116.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 116 and therefore denies those allegations.

117.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies the allegations in paragraph 117.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 117 and therefore denies those allegations.

118.    Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies the allegations in paragraph 118.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 118 and therefore denies those allegations.

119.    In response to the allegations in paragraph 119, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human health.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The final sentence of paragraph 119 sets forth a conclusion of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-06124-VC

120. In response to the allegations in paragraph 120, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health. Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015. The allegations in paragraph 120 set forth conclusions of law for which no response is required.

121. In response to the allegations in paragraph 121, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate. Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 121 and therefore denies those allegations.

122. The allegations in paragraph 122 set forth conclusions of law for which no response is required. To the extent that a response is required, Monsanto denies the allegations in paragraph 122. Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

123. Monsanto denies the allegations in paragraph 123.

124. Monsanto denies the allegations in paragraph 124.

125. The allegations in paragraph 125 set forth conclusions of law for which no response is required.

126. Monsanto denies the allegations in paragraph 126.

127. The allegations in paragraph 127 set forth conclusions of law for which no response is required. To the extent that a response is required, Monsanto denies the allegations in paragraph 127. Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

128. Monsanto incorporates by reference its responses to paragraphs 1 through 127 in response to paragraph 128 of plaintiffs' Complaint.

129. In response to the allegations in paragraph 129, Monsanto admits that plaintiffs purport to bring a claim for strict liability design defect, but denies any liability as to that claim.

130.    Monsanto denies the allegations in paragraph 130.

131.    Monsanto denies the allegations in paragraph 131.

132.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 132 and therefore denies those allegations.

133.    Monsanto denies the allegations in paragraph 133.

134.    Monsanto denies the allegations in paragraph 134.

135.    Monsanto denies the allegations in paragraph 135 and each of its subparts.

136.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 136 concerning decedent's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 136, including that Roundup®-branded products have "dangerous characteristics."

137.    Monsanto denies the allegations in paragraph 137.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 139 regarding decedent's actions, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 139.

140.    Monsanto denies the allegations in paragraph 140.

141.    Monsanto denies the allegations in paragraph 141.

142.    Monsanto denies the allegations in paragraph 142.

143.    Monsanto denies the allegations in paragraph 143.

144.    In response to the first sentence in paragraph 144, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Petition be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 144 sets forth a conclusion of law for which no response is required.

145.     Monsanto incorporates by reference its responses to paragraphs 1 through 144 in response to paragraph 145 of plaintiffs' Complaint.

146.     In response to the allegations in paragraph 146, Monsanto admits that plaintiffs purport to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

147.     Monsanto denies the allegations in paragraph 147.

148.     In response to the allegations in paragraph 148, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that decedent or other entities identified purchased or used Roundup®-branded products and therefore denies that allegation.  The allegations in paragraph 148 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 148.

149.     The allegations in paragraph 149 set forth conclusions of law for which no response is required.

150.     Monsanto denies the allegations in paragraph 150.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

151.     Monsanto denies the allegations in paragraph 151.

152.     Monsanto denies the allegations in paragraph 152.

153.     Monsanto denies the allegations in paragraph 153.

154.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 154 and therefore denies those allegations.

155.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 155 concerning decedent's alleged use and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 155, including that Roundup®-branded products have "dangerous characteristics."

156.     Monsanto denies the allegations in the first sentence of paragraph 156. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 156 and therefore denies those allegations.

157. Monsanto denies the allegations in paragraph 157.

158. Monsanto denies the allegations in paragraph 158.

159. Monsanto denies the allegations in paragraph 159.

160. Monsanto denies the allegations in paragraph 160.

161. Monsanto denies the allegations in paragraph 161.

162. Monsanto denies the allegations in paragraph 162.

163. Monsanto denies the allegations in paragraph 163.

164. Monsanto denies the allegations in paragraph 164.

165. In response to the first sentence in paragraph 165, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Petition be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of paragraph 165 sets forth a conclusion of law for which no response is required.

166. Monsanto incorporates by reference its responses to paragraphs 1 through 165 in response to paragraph 166 of plaintiffs' Complaint.

167. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 167 regarding the specific products allegedly used by decedent or any advertising or marketing allegedly seen or considered by decedent and therefore denies the allegations in paragraph 167.

168. The allegations in paragraph 168 set forth conclusions of law for which no response is required.

169. The allegations in paragraph 169 set forth conclusions of law for which no response is required.

170. Monsanto denies the allegations in paragraph 170.

171. Monsanto denies the allegations in paragraph 171.

172. Monsanto denies the allegations in paragraph 172.

173. Monsanto denies the allegations in paragraph 173.

174.    Monsanto denies the allegations in paragraph 174.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

175.    Monsanto denies the allegations in paragraph 175.

176.    Monsanto denies the allegations in paragraph 176

177.    Monsanto denies the allegations in paragraph 177.

178.    Monsanto denies the allegations in paragraph 178, including each of its subparts.

179.    Monsanto denies the allegations in paragraph 179.

180.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 180 regarding decedent's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 180, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

181.    Monsanto denies the allegations in paragraph 181.

182.    Monsanto denies the allegations in paragraph 182.

183.    Monsanto denies the allegations in paragraph 183.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

184.    In response to the first sentence in paragraph 184, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Petition be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 184 sets forth a conclusion of law for which no response is required.

185.    Monsanto incorporates by reference its responses to paragraphs 1 through 184 in response to paragraph 185 of plaintiffs' Complaint.

186.    Monsanto denies the allegations in paragraph 186.

187.    Monsanto denies the allegations in paragraph 187.

188.    Monsanto denies the allegations in paragraph 188.

1    189.    Monsanto denies the allegations in paragraph 189.

2    190.    In response to the first sentence in paragraph 190, Monsanto demands that

3    judgment be entered in its favor and against plaintiffs; that plaintiffs' Petition be dismissed, with

4    prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

5    by law and such further and additional relief as this Court may deem just and proper. The

6    statement in the last sentence of paragraph 190 sets forth a conclusion of law for which no

7    response is required.

8    191.    The allegations in paragraph 191 set forth conclusions of law for which no

9    response is required.

10    In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

11    denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

12    damages, interest, costs, or any other relief whatsoever.

13    Every allegation in the Complaint that is not specifically and expressly admitted in this

14    Answer is hereby specifically and expressly denied.

15    **SEPARATE AND AFFIRMATIVE DEFENSES**

16    1.    The Complaint, in whole or part, fails to state a claim or cause of action against

17    Monsanto upon which relief can be granted.

18    2.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically

19    reliable evidence that the products at issue were defective or unreasonably dangerous.

20    3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

21    was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

22    decedent's alleged injuries.

23    4.    Plaintiffs' claims are barred, in whole or in part, because the products at issue

24    were designed, manufactured, marketed and labeled with proper warnings, information, cautions

25    and instructions, in accordance with the state of the art and the state of scientific and

26    technological knowledge.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-06124-VC

5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiff's and/or decedent's injuries, if any, were the result of conduct of plaintiff's, decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.     Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiff and/or decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for

which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of decedent's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and/or decedent and owed no duty to plaintiffs and/or decedent by which liability could be attributed to it.

16.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17.     Plaintiffs' claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Alabama Constitution, and/or other applicable state constitutions.

18.     Plaintiffs' claims for punitive damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Alabama law and/or other applicable state's laws.

19.     Plaintiffs' claims for punitive damages are barred and/or limited by operation of state and/or federal law, including Ala. Code § 6-11-21.

20.     Plaintiffs' claims are barred in whole or in part by decedent's own contributory/comparative negligence.

21.     Plaintiffs' claims are barred in whole or in part by plaintiff's and/or decedent's own failure to mitigate damages.

22.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

23.     If plaintiff and/or decedent have been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

24.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize or limit such claims.

25.   Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

26.   Plaintiffs' strict liability claims are barred in whole or in part, by the Alabama Extended Manufacturer's Liability Doctrine.

27.   Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  September 10, 2020                           Respectfully submitted,


/s/ Eric G. Lasker
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-06124-VC