**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:      jhollingsworth@hollingsworthllp.com
            elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case 3:16-md-02741-VC |
| This document relates to: | |
| *Sandra Henderson, et al., v. Monsanto Co.*, Case No. 3:20-cv-05766-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Although many paragraphs in the Complaint allege exposure or use of Monsanto products by "Plaintiff" and/or "Plaintiffs" Monsanto nevertheless responds to the allegations in those paragraphs as if they refer to decedent Joseph Henderson.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.     Monsanto denies the allegations in paragraph 3.

4.     The allegations in the first sentence of paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in the first sentence of paragraph 4 based upon the allegations in plaintiff's Complaint.  Monsanto lacks information or knowledge sufficient to form a belief as to the remaining allegations in paragraph 4 and therefore denies those allegations.

5.     Monsanto admits the allegations in paragraph 5.

6.     The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.     The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required.  Monsanto admits the allegations in the second sentence of paragraph 7.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

8.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the allegations in the first sentence of paragraph 8 and therefore denies those allegations.  In response to the allegations in the second sentence of paragraph 8, Monsanto admits that plaintiff purports to bring an action for personal injuries allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 8.

9.     Monsanto denies the allegations in paragraph 9.

10.    The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff has a variety of separate and distinct uses and formulations.

11.    In response to the allegations in paragraph 11, Monsanto admits that it is incorporated under the laws of the State of Delaware, that it has Missouri Secretary of State Charter No. F00488018; and that its principal place of business is in St. Louis County, Missouri.

12.     The allegations in paragraph 12 comprise attorney characterizations and are accordingly denied.

13.     In response to the allegations in paragraph 13, Monsanto admits that it has sold Roundup®-branded products in Missouri.

14.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies those allegations.

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     Monsanto admits the allegations in paragraph 17.

18.     Monsanto admits that it is authorized to do business in Missouri.  The remaining allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19.     The allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     Monsanto denies the allegations in paragraph 20.

21.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 22 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

23.     Monsanto admits the allegations in paragraph 23.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05766-VC

24.     Monsanto admits the allegations in paragraph 24.

25.     In response to the allegations in paragraph 25, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 25 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies those allegations.

26.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.  The remaining allegations in paragraph 26 comprise attorney characterizations and are accordingly denied.

27.     Monsanto admits the allegations in paragraph 27.

28.     Monsanto generally admits the allegations in paragraph 28, but denies the allegations in paragraph 28 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

29.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies those allegations.

30.     Monsanto admits that it has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 30 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 30.

31.     Monsanto admits the allegations in the first two sentences of paragraph 31.  In response to the allegations in the third sentence of paragraph 31, Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 31.

32.     The allegations in paragraph 32 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 32.

33.     In response to the allegations in paragraph 33, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 33 set forth conclusions of law for which no response is required.

34.     The allegations in paragraph 34 set forth conclusions of law for which no response is required.

35.     In response to the allegations in paragraph 35, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution in the United States and are registered by the State of Missouri for sale and distribution.

36.     In response to the allegations in paragraph 36, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 36 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 36 set forth conclusions of law for which no answer is required.

37.     Monsanto denies the allegations in paragraph 37 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 37 set forth conclusions of law for which no response is required.

38.     In response to the allegations in paragraph 38, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore denies those allegations.

39.     In response to the allegations in paragraph 39, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05766-VC

1  require any further answer.  The remaining allegations in paragraph 39 are vague and conclusory
2  and comprise attorney characterizations and are accordingly denied.

3        40.     In response to the allegations in paragraph 40, Monsanto admits it entered into an
4  assurance of discontinuance with the New York Attorney General.  The assurance speaks for
5  itself and thus does not require any further answer.  The remaining allegations in paragraph 40
6  are vague and conclusory and comprise attorney characterizations and are accordingly denied.

7        41.     Monsanto denies the allegations in paragraph 41.

8        42.     In response to the allegations in paragraph 42, Monsanto admits that the French
9  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and
10  that it "left the soil clean," but denies the allegations in paragraph 42 to the extent that they
11  suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause
12  cancer.  Monsanto denies the remaining allegations in paragraph 42.

13        43.     Monsanto denies the allegations in paragraph 43.

14        44.     In response to the allegations in paragraph 44, Monsanto states that the cited
15  document speaks for itself and does not require a response.  To the extent that the allegations in
16  paragraph 44 go beyond a restatement of the cited document, Monsanto lacks information or
17  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44
18  and therefore denies those allegations.

19        45.     Monsanto admits the allegations in paragraph 45.

20        46.     In response to the allegations in paragraph 46, Monsanto states that the cited
21  document speaks for itself and does not require a response.  To the extent that the allegations in
22  paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or
23  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46
24  and therefore denies those allegations.

25        47.     Monsanto states that the term "toxic" as used in paragraph 47 is vague and
26  ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto
27  denies the allegations in paragraph 47.

28        48.     Monsanto admits the allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 50 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 52 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 52.

53.     Monsanto denies the allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 54 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 56.

57.     Monsanto denies the allegations in paragraph 57.

58.     Monsanto denies the allegations in paragraph 58.

1    59.    Monsanto denies the allegations in paragraph 59.

2    60.    Monsanto denies the allegations in paragraph 60.

3    61.    Monsanto admits that it has promoted Roundup®-branded herbicides as safe when

4    used in accordance with the products' labeling.  Monsanto denies the remaining allegations in

5    paragraph 61.

6    62.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

7    is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

8    lacks information or knowledge sufficient to form a belief as to the truth of the remaining

9    allegations in paragraph 62 and therefore denies those allegations.

10   63.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations in paragraph 63 and therefore denies those allegations.  Monsanto denies

12   that glyphosate met the criteria necessary to be eligible for review.

13   64.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies

15   that glyphosate met the criteria necessary to be eligible for review.

16   65.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

17   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

18   evidence was "cumulative."  The remaining allegations in paragraph 65 are vague and

19   conclusory and comprise attorney characterizations and are accordingly denied.

20   66.    Monsanto admits that the full IARC Monograph regarding glyphosate was

21   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

22   2A carcinogen.  In response to the remaining allegations in paragraph 66, Monsanto states that

23   the document speaks for itself and does not require a response.  To the extent that a response is

24   deemed required, the remaining allegations in paragraph 66 comprise attorney characterizations

25   and are accordingly denied.

26   67.    In response to the allegations in paragraph 67, Monsanto states that the document

27   speaks for itself and does not require a response.  To the extent that a response is deemed

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05766-VC

required, the allegations in paragraph 67 comprise attorney characterizations and are accordingly denied.

68.     In response to the allegations in paragraph 68, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly denied.

69.     Monsanto denies the allegations in paragraph 69.

70.     The allegations in paragraph 70 comprise attorney characterizations and are accordingly denied.

71.     Monsanto admits the allegations in paragraph 71.

72.     In response to the allegations in paragraph 72, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 72 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 72.

73.     In response to the allegations in paragraph 73, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 73.

74.     The allegations in paragraph 74 are vague and ambiguous and are accordingly denied.

75.     In response to the allegations in paragraph 75, Monsanto states that the cited document speaks for itself and does not require a response.

76.     In response to the allegations in paragraph 76, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 76 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 76.

1       77.     Monsanto denies the allegations in paragraph 77.

2       78.     In response to the allegations in paragraph 78, Monsanto states that the cited

3   document speaks for itself and does not require a response.  Monsanto otherwise denies the

4   allegations in paragraph 78.

5       79.     Monsanto admits that there is no reliable evidence that Roundup®-branded

6   products are genotoxic and that regulatory authorities and independent experts agree that

7   Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

8   paragraph 79.

9       80.     Monsanto denies the allegations in paragraph 80.

10      81.     Monsanto denies the allegations in paragraph 81.

11      82.     Monsanto denies the allegations in paragraph 82.

12      83.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

13   exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 83.

14      84.     Monsanto denies the allegations in paragraph 84.

15      85.     Monsanto denies the allegations in paragraph 85.

16      86.     Monsanto admits the allegations in paragraph 86.

17      87.     Monsanto denies the allegations in paragraph 87.

18      88.     Monsanto admits the allegations in paragraph 88.

19      89.     Monsanto denies the allegations in paragraph 89.

20      90.     Monsanto denies the allegations in paragraph 90.

21      91.     Monsanto denies the allegations in paragraph 91.

22      92.     Monsanto denies the allegations in paragraph 92.

23      93.     Monsanto denies the allegations in paragraph 93.

24      94.     Monsanto denies the allegations in paragraph 94.

25      95.     Monsanto denies the allegations in paragraph 95.

26      96.     Monsanto admits that independent experts and regulatory agencies agree that

27   there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05766-VC

1    products and admits that it has made statements reflecting this fact.  Monsanto denies the

2    remaining allegations in paragraph 96.

3           97.     In response to the allegations in paragraph 97, Monsanto admits that Roundup®-

4    branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

5    the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

6    97.

7           98.     In response to the allegations in paragraph 98, Monsanto admits that an EPA

8    review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

9    denies the remaining allegations in paragraph 98.

10          99.     In response to the allegations in paragraph 99, Monsanto admits that EPA

11   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

12   evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

13   denies the remaining allegations in paragraph 99.

14          100.    In response to the allegations in paragraph 100, Monsanto admits that plaintiff has

15   accurately quoted from one passage in an EPA document in 1991 with respect to the designation

16   of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not

17   pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and

18   the EPA CARC Final Report discussed above, other specific findings of safety include:

19   - "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
20     evidence of non-carcinogenicity for humans—based on the lack of convincing
       evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
21     Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
       http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

22   - "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
       60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).
23
24   - "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
       Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

25   - "There is [an] extensive database available on glyphosate, which indicate[s] that
26     glyphosate is not mutagenic, not a carcinogen, and not a developmental or
       reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
       73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05766-VC

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 100.

101.    In response to the allegations in paragraph 101, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies. To the extent that the allegations in paragraph 101 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

102.    In response to the allegations in paragraph 102, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

103.    Monsanto denies the allegations in paragraph 103 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some

1   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

2   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

3   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

4   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 103 are

5   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

6   denies those allegations.

7       104.    In response to the allegations in paragraph 104, Monsanto admits that three IBT

8   employees were convicted of the charge of fraud, but Monsanto denies that any of the

9   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

10  herbicides.

11      105.    In response to the allegations in paragraph 105, Monsanto admits that it – along

12  with numerous other private companies – hired Craven Laboratories as an independent

13  laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

14  denies the remaining allegations in paragraph 105.

15      106.    In response to the allegations in paragraph 106, Monsanto admits that EPA

16  investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

17  paragraph 106 are intended to suggest that Monsanto was anything other than a victim of this

18  fraud, Monsanto denies those allegations.

19      107.    In response to the allegations in paragraph 107, Monsanto admits that it was

20  defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

21  at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 107

22  are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

23  denies those allegations.

24      108.    In response to the allegations in paragraph 108, Monsanto admits that it has stated

25  and continues to state that Roundup®-branded products are safe when used as labeled and that

26  they are non-carcinogenic and non-genotoxic.

27      109.    In response to the allegations in paragraph 109, Monsanto admits that a 1986 joint

28  report of the World Health Organization and Food and Agriculture Organization of the United

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05766-VC

1    Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

2    Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

3    Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

4    carcinogen.  Monsanto denies the remaining allegations in paragraph 109.

5              110.    Monsanto denies the allegations in paragraph 110.

6              111.    Monsanto denies the allegations in paragraph 111.

7              112.    Monsanto denies the allegations in paragraph 112.

8              113.    Monsanto denies the allegations in paragraph 113.

9              114.    Monsanto denies the allegations in paragraph 114.

10             115.    Monsanto denies the allegations in paragraph 115.

11             116.    Monsanto denies the allegations in paragraph 116.

12             117.    Monsanto denies the allegations in paragraph 117.

13             118.    Monsanto denies the allegations in paragraph 118.

14             119.    Monsanto denies the allegations in paragraph 119.

15             120.    Monsanto denies the allegations in paragraph 120.

16             121.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17    truth of the allegations in paragraph 121 and therefore denies those allegations.

18             122.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19    truth of the allegations in paragraph 122 and therefore denies those allegations.

20             123.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21    truth of the allegations in the first sentence of paragraph 123 and therefore denies those

22    allegations.  Monsanto denies the remaining allegations in paragraph 123.

23             124.    Monsanto denies the allegations in paragraph 124.

24             125.    Monsanto incorporates by reference its responses to paragraphs 1 through 124 in

25    response to paragraph 125 of plaintiff's Complaint.

26             126.    Monsanto denies the allegations in paragraph 126.

27

28

127.     In response to the allegations in paragraph 127, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

128.     In response to the allegations in paragraph 128, Monsanto states that the cited document speaks for itself and does not require a response.

129.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed decedent to risk of decedent's alleged cancer and denies the remaining allegations in paragraph 129.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

130.     Monsanto denies the allegations in the first and last sentences of paragraph 130. The remaining allegations in paragraph 130 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

131.     Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 131 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

132.     Monsanto incorporates by reference its responses to paragraphs 1 through 131 in response to paragraph 132 of plaintiff's Complaint.

133.     In response to the allegations in paragraph 133, Monsanto admits that plaintiff purports to bring a claim for strict liability design defect, but denies any liability as to that claim.

134.     In response to the allegations in paragraph 134, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that decedent used

- 16 -

1    Roundup®-branded products and therefore denies that allegation.  Monsanto denies the

2    remaining allegations in paragraph 134.

3         135.    Monsanto denies the allegations in paragraph 135.

4         136.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5    truth of the allegations in paragraph 136 and therefore denies those allegations.

6         137.    Monsanto denies the allegations in paragraph 137.

7         138.    Monsanto denies the allegations in paragraph 138.

8         139.    Monsanto denies the allegations in paragraph 139.

9         140.    Monsanto denies the allegations in paragraph 140 and each of its subparts.

10        141.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations in paragraph 141 concerning decedent's claimed use of Roundup®-

12   branded products and therefore denies those allegations.  Monsanto denies the remaining

13   allegations in paragraph 141, including that Roundup®-branded products have "dangerous

14   characteristics."

15        142.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 142 concerning decedent's claimed use of Roundup®-

17   branded products and therefore denies those allegations.  Monsanto denies the remaining

18   allegations in paragraph 142, including that Roundup®-branded products have "dangerous

19   characteristics."

20        143.    Monsanto denies the allegations in paragraph 143.

21        144.    Monsanto denies the allegations in paragraph 144.

22        145.    Monsanto denies the allegations in paragraph 145.

23        146.    Monsanto denies the allegations in paragraph 146.

24        147.    Monsanto denies the allegations in paragraph 147.

25        148.    Monsanto denies the allegations in paragraph 148.

26        149.    Monsanto denies the allegations in paragraph 149.

27        150.    Monsanto denies the allegations in paragraph 150.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05766-VC

1      In response to the first sentence of the "WHEREFORE" paragraph following paragraph

2  150, Monsanto demands that judgment be entered in its favor and against plaintiff; that

3  plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

4  and reasonable attorney's fees as allowed by law and such further and additional relief as this

5  Court may deem just and proper. The statement in the last sentence of the "WHEREFORE"

6  paragraph following paragraph 150 sets forth a conclusion of law for which no response is

7  required.

8      151.    Monsanto incorporates by reference its responses to paragraphs 1 through 150 in

9  response to paragraph 151 of plaintiff's Complaint.

10     152.    In response to the allegations in paragraph 152, Monsanto admits that plaintiff

11  purports to bring a claim for strict liability failure to warn, but denies any liability as to that

12  claim.

13     153.    Monsanto denies the allegations in paragraph 153.

14     154.    In response to the allegations in paragraph 154, Monsanto lacks information or

15  knowledge sufficient to form a belief as to the truth of the allegation that decedent or other

16  entities identified purchased or used Roundup®-branded products and therefore denies that

17  allegation.  The allegations in paragraph 154 also set forth conclusions of law for which no

18  response is required.  Monsanto denies the remaining allegations in paragraph 154.

19     155.    The allegations in paragraph 155 set forth conclusions of law for which no

20  response is required.

21     156.    Monsanto denies the allegations in paragraph 156.  All labeling of Roundup®-

22  branded products has been and remains EPA-approved and in compliance with all federal

23  requirements under FIFRA.

24     157.    Monsanto denies the allegations in paragraph 157.

25     158.    Monsanto denies the allegations in paragraph 158.

26     159.    Monsanto denies the allegations in paragraph 159.

27     160.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28  truth of the allegations in paragraph 160 and therefore denies those allegations.

1    161.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 161 concerning decedent's alleged use of Roundup®-

3    branded products and therefore denies those allegations.  Monsanto denies the remaining

4    allegations in paragraph 161, including that Roundup®-branded products have "dangerous

5    characteristics."

6    162.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 162 concerning decedent's alleged use and exposure to

8    Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

9    remaining allegations in paragraph 162, including that Roundup®-branded products have

10   "dangerous characteristics."

11   163.    Monsanto denies the allegations in the first sentence of paragraph 163.  Monsanto

12   lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the

13   second sentence of paragraph 163 and therefore denies those allegations.

14   164.    Monsanto denies the allegations in paragraph 164.

15   165.    Monsanto denies the allegations in paragraph 165.

16   166.    Monsanto denies the allegations in paragraph 166.

17   167.    Monsanto denies the allegations in paragraph 167.

18   168.    Monsanto denies the allegations in paragraph 168.

19   169.    Monsanto denies the allegations in paragraph 169.

20   170.    Monsanto denies the allegations in paragraph 170.

21   171.    Monsanto denies the allegations in paragraph 171.

22   In response to the first sentence of the "WHEREFORE" paragraph following paragraph

23   171, Monsanto demands that judgment be entered in its favor and against plaintiff; that

24   plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

25   and reasonable attorney's fees as allowed by law and such further and additional relief as this

26   Court may deem just and proper. The statement in the last sentence of the "WHEREFORE"

27   paragraph following paragraph 171 sets forth a conclusion of law for which no response is

28   required.

- 19 -

172.    Monsanto incorporates by reference its responses to paragraphs 1 through 171 in response to paragraph 172 of plaintiff's Complaint.

173.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 173 regarding the specific products allegedly used by decedent or any advertising or marketing allegedly seen or considered by decedent and therefore denies the allegations in paragraph 173.

174.    The allegations in paragraph 174 set forth conclusions of law for which no response is required.

175.    The allegations in paragraph 175 set forth conclusions of law for which no response is required.

176.    Monsanto denies the allegations in paragraph 176.

177.    Monsanto denies the allegations in paragraph 177.

178.    Monsanto denies the allegations in paragraph 178.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

179.    Monsanto denies the allegations in paragraph 179.

180.    Monsanto denies the allegations in paragraph 180.

181.    Monsanto denies the allegations in paragraph 181, including each of its subparts.

182.    Monsanto denies the allegations in paragraph 182.

183.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 183 regarding plaintiff's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 183, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

184.    Monsanto denies the allegations in paragraph 184.

185.    Monsanto denies the allegations in paragraph 185.

186.    Monsanto denies the allegations in paragraph 186.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

1    In response to the first sentence of the "WHEREFORE" paragraph following paragraph

2 186, Monsanto demands that judgment be entered in its favor and against plaintiff; that

3 plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

4 and reasonable attorney's fees as allowed by law and such further and additional relief as this

5 Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE"

6 paragraph following paragraph 186 sets forth a conclusion of law for which no response is

7 required.

8    187.    In response to the allegations in paragraph 187, Monsanto denies that plaintiff has

9 alleged fraud, let alone fraud with specificity.  Monsanto incorporates by reference its responses

10 to paragraphs 1 through 186 in response to paragraph 187 of plaintiff's Complaint.

11    188.    Monsanto denies the allegations in paragraph 188.

12    189.    Monsanto denies the allegations in paragraph 189.

13    190.    Monsanto denies the allegations in paragraph 190.

14    191.    Monsanto denies the allegations in paragraph 191.

15    192.    Monsanto denies the allegations in paragraph 192.

16    193.    Monsanto denies the allegations in paragraph 193.

17    194.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18 truth of the allegations in paragraph 194 regarding decedent's actions, and therefore Monsanto

19 denies those allegations.  Monsanto denies the remaining allegations in paragraph 194.

20    195.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21 truth of the allegations in paragraph 195 regarding decedent's actions, and therefore Monsanto

22 denies those allegations.  Monsanto denies the remaining allegations in paragraph 195.

23    196.    Monsanto denies the allegations in paragraph 196.

24    197.    Monsanto denies the allegations in paragraph 197.

25    In response to the first sentence of the "WHEREFORE" paragraph following paragraph

26 197, Monsanto demands that judgment be entered in its favor and against plaintiff; that

27 plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

28 and reasonable attorney's fees as allowed by law and such further and additional relief as this

1   Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE"

2   paragraph following paragraph 197 sets forth a conclusion of law for which no response is

3   required.

4       198.    Monsanto incorporates by reference its responses to paragraphs 1 through 197 in

5   response to paragraph 198 of plaintiff's Complaint.

6       199.    Monsanto admits that plaintiff purports to bring certain claims alleged in

7   paragraph 199 of the Complaint but denies any liability as to those claims.

8       200.    Monsanto denies the allegations in paragraph 200.

9       201.    Monsanto denies the allegations in paragraph 201.

10      202.    Monsanto denies the allegations in paragraph 202.

11      203.    Monsanto denies the allegations in paragraph 203.

12      204.    Monsanto denies the allegations in paragraph 204.

13      205.    Monsanto denies the allegations in paragraph 205.

14      206.    Monsanto denies the allegations in paragraph 206.

15      207.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16   truth of the allegations in paragraph 207 regarding decedent's actions, and therefore Monsanto

17   denies those allegations.  Monsanto denies the remaining allegations in paragraph 207.

18      208.    Monsanto denies the allegations in paragraph 208.

19      209.    Monsanto denies the allegations in paragraph 209.  All labeling of Roundup®-

20   branded products has been and remains EPA-approved and in compliance with all federal

21   requirements under FIFRA.

22      210.    Monsanto denies the allegations in paragraph 210.

23          In response to the first sentence of the "WHEREFORE" paragraph following paragraph

24   210, Monsanto demands that judgment be entered in its favor and against plaintiff; that

25   plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

26   and reasonable attorney's fees as allowed by law and such further and additional relief as this

27   Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE"

28

- 22 -

1  paragraph following paragraph 210 sets forth a conclusion of law for which no response is

2  required.

3      211.    Monsanto incorporates by reference its responses to paragraphs 1 through 210 in

4  response to paragraph 211 of plaintiff's Complaint.  The allegations in the second sentence of

5  paragraph 211 set forth conclusions of law for which no response is required.

6      212.    Monsanto denies the allegations in paragraph 212.

7      213.    Monsanto denies the allegations in paragraph 213

8      214.    Monsanto denies the allegations in paragraph 214.

9      215.    Monsanto incorporates its responses to paragraphs 1 through 214 in response to

10  paragraph 215 of plaintiff's Complaint.  The allegations in the second sentence of paragraph 215

11  set forth conclusions of law for which no response is required.

12      216.    Monsanto denies the allegations in paragraph 216.

13      217.    Monsanto denies the allegations in paragraph 217.

14      In response to the "WHEREFORE " paragraph following paragraph 217 Monsanto

15  demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

16  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

17  fees as allowed by law and such further and additional relief as this Court may deem just and

18  proper.

19      In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

20  denies that plaintiff is entitled to the relief sought therein, including any judgment for any

21  damages, interest, costs, or any other relief whatsoever.

22      Every allegation in the Complaint that is not specifically and expressly admitted in this

23  Answer is hereby specifically and expressly denied.

24                      **SEPARATE AND AFFIRMATIVE DEFENSES**

25      1.    The Complaint, in whole or part, fails to state a claim or cause of action upon which

26  relief can be granted.

27      2.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

28  reliable evidence that the products at issue were defective or unreasonably dangerous.

3.     Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.     Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.     Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.     Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.     Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.    Plaintiff's claims are barred, in whole or in part, because plaintiff's and/or decedent's injuries, if any, were the result of conduct of plaintiff, decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

11.  The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.  Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.  Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.  If plaintiff and/ or decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's and/or decedent's alleged injuries or damages.

15.  Monsanto had no legal relationship or privity with plaintiff and/or decedent and owed no duty to plaintiff and/or decedent by which liability could be attributed to it.

16.  Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17.  Plaintiff's claims for punitive, aggravated, and/or treble damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the California Constitution, the Michigan Constitution, and/or other applicable state constitutions.

18.  Plaintiff's claims for punitive, aggravated, and/or treble damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under California law, Michigan law, and/or other applicable state laws.

19.  Plaintiff's claims for punitive, aggravated, and/or treble damages are barred and/or limited by operation of state and/or federal law, including Michigan law.

20.  Plaintiff's claims are barred in whole or in part by decedent's own contributory/comparative negligence.

21.  Plaintiff's claims are barred in whole or in part by plaintiff's and/or decedent's own failure to mitigate damages.

22.  Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

23.  Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources. .

24.  If plaintiff and/or decedent has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

25.  Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

26.  Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

27.  Plaintiff has failed to allege fraud with sufficient particularity.

28.  Plaintiff's claims are barred, in whole or in part, by application of Mich. Com. Laws § 600.2946 (4).

29.  Plaintiff's strict liability claims are barred because Michigan does not recognize a cause of action for strict liability in tort.

30.  Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## <u>JURY TRIAL DEMAND</u>

Monsanto demands a jury trial on all issues so triable.

1   DATED:  September 15, 2020      Respectfully submitted,

2

3                             /s/ Joe G. Hollingsworth
                              Joe G. Hollingsworth (*pro hac vice*)

4                             (jhollingsworth@hollingsworthllp.com)
                             Eric G. Lasker (*pro hac vice*)

5                             (elasker@hollingsworthllp.com)
                             HOLLINGSWORTH LLP

6                             1350 I Street, N.W.
                             Washington, DC  20005

7                             Telephone:    (202) 898-5800
                             Facsimile:    (202) 682-1639

8                             *Attorneys for Defendant*

9                             *MONSANTO COMPANY*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05766-VC