**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
           elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Edward J. Berry, Jr. v. Monsanto Co.*,<br>Case No. 3:20-cv-05963-VC | |

**MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Edward J. Berry, Jr.'s Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.        Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.        Monsanto denies the allegations in paragraph 2.

3.        The allegations in paragraph 3 set forth conclusions of law for which no response is required.  To the extent that a response is required, Monsanto admits the allegations in paragraph 3 based upon the allegations in plaintiff's Complaint.

1      4.     Monsanto admits the allegations in paragraph 4.

2      5.     In response to the allegations in paragraph 5, Monsanto denies any "omissions"

3 and certain events giving rise to plaintiff's claim.  Monsanto lacks information or knowledge

4 sufficient to form a belief as to the truth of the allegations in paragraph 5 regarding where certain

5 other events giving rise to plaintiff's claims occurred and therefore denies those allegations.  The

6 remaining allegations in paragraph 5 set forth conclusions of law for which no response is

7 required.

8      6.     Monsanto lacks information or knowledge sufficient to form a belief as to the

9 truth of the allegations in paragraph 6 and therefore denies those allegations.

10      7.     In response to the allegations in paragraph 7, Monsanto admits that it is a

11 Delaware corporation with its principal place of business is in St. Louis County, Missouri.

12      8.     In response to the allegations in the first sentence paragraph 8, Monsanto admits

13 that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-

14 branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations

15 in paragraph 8.

16      9.     The allegations in paragraph 9 comprise attorney characterizations and are

17 accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff

18 have a variety of separate and distinct uses and formulations.

19      10.     Monsanto admits that it has designed, researched, manufactured, tested,

20 advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The

21 remaining allegations in paragraph 10 set forth conclusions of law for which no response is

22 required.

23      11.     Monsanto admits that it is an agricultural biotechnology corporation with its

24 principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its

25 affiliated companies have operations and offices in countries around the world.  Monsanto states

26 that the remaining allegations in paragraph 11 are vague and that it accordingly lacks information

27 or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore

28 denies those allegations.

12.     Monsanto admits the allegations in paragraph 12.

13.     Monsanto admits the allegations in paragraph 13.

14.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 14 comprise attorney characterizations and are accordingly denied.

15.     Monsanto admits the allegations in paragraph 15.

16.     Monsanto generally admits the allegations in paragraph 16, but denies the allegations in paragraph 26 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

17.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations.

18.     Monsanto admits that it has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 18 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 18.

19.     Monsanto admits the allegations in paragraph 19.

20.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 20.

21.     The allegations in paragraph 21 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 21.

22.     In response to the allegations in paragraph 22, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05963-VC

1    the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

2    Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 32 set forth

3    conclusions of law for which no response is required.

4           23.    The allegations in paragraph 23 set forth conclusions of law for which no

5    response is required.

6           24.    In response to the allegations in paragraph 24, Monsanto admits that Roundup®-

7    branded products are registered by EPA for manufacture, sale, and distribution in the United

8    States and are registered by the State of New Mexico for sale and distribution.

9           25.    In response to the allegations in paragraph 25, Monsanto admits that EPA requires

10   registrants of herbicides to submit extensive data in support of the human health and

11   environmental safety of their products and further admits that EPA will not register or approve

12   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

13   states that the term "the product tests" in the final sentence of paragraph 25 is vague and

14   ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 25

15   set forth conclusions of law for which no answer is required.

16          26.    Monsanto denies the allegations in paragraph 26 to the extent that they suggest

17   that EPA only evaluates the safety of pesticide products on the date of their initial registration.

18   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

19   products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

20   of the allegations in paragraph 26 regarding such pesticide products generally and therefore

21   denies those allegations.  The remaining allegations in paragraph 36 set forth conclusions of law

22   for which no response is required.

23          27.    In response to the allegations in paragraph 27, Monsanto admits that EPA has

24   undertaken a regulatory review of glyphosate and further admits that EPA has not released its

25   findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

26   Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

27   concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

28

humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and therefore denies those allegations.

28.   In response to the allegations in paragraph 28, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 28 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

29.     In response to the allegations in paragraph 29, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 29

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05963-VC

1    are vague and conclusory and comprise attorney characterizations and are accordingly denied.

2        31.    Monsanto denies the allegations in the Complaint's first-numbered paragraph 31.

3        30.    In response to the allegations in paragraph 30, Monsanto admits that the French

4    court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

5    that it "left the soil clean," but denies the allegations in paragraph 30 to the extent that they

6    suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

7    cancer.  Monsanto denies the remaining allegations in paragraph 30.

8        31.    Monsanto denies the allegations in the Complaint's second-numbered paragraph

9    31.

10       32.    In response to the allegations in paragraph 32, Monsanto states that the cited

11   document speaks for itself and does not require a response.  To the extent that the allegations in

12   paragraph 32 go beyond a restatement of the cited document, Monsanto lacks information or

13   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 32

14   and therefore denies those allegations.

15       33.    Monsanto admits the allegations in paragraph 33.

16       34.    In response to the allegations in paragraph 34, Monsanto states that the cited

17   document speaks for itself and does not require a response.  To the extent that the allegations in

18   paragraph 34 go beyond a restatement of the cited document, Monsanto lacks information or

19   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 34

20   and therefore denies those allegations.

21       35.    Monsanto states that the term "toxic" as used in paragraph 35 is vague and

22   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

23   denies the allegations in paragraph 35.

24       36.    Monsanto admits the allegations in paragraph 36.

25       37.    In response to the allegations in paragraph 37, Monsanto states that the document

26   speaks for itself and does not require a response.  To the extent that a response is deemed

27   required, Monsanto denies the allegations in paragraph 37.

28       38.    In response to the allegations in paragraph 38, Monsanto admits that Julie Marc

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05963-VC

1    published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

2    the extent that paragraph 38 characterizes the meaning of the cited study, Monsanto denies the

3    remaining allegations in paragraph 38.

4             39.    In response to the allegations in paragraph 39, Monsanto states that these

5    documents speak for themselves and do not require a response.  To the extent that a response is

6    deemed required, Monsanto denies the allegations in paragraph 39.

7             40.    In response to the allegations in paragraph 40, Monsanto states that the cited

8    document speaks for itself and does not require a response.  To the extent that paragraph 40

9    characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

10   paragraph 40.

11            41.    Monsanto denies the allegations in paragraph 41.

12            42.    In response to the allegations in paragraph 42, Monsanto states that the cited

13   document speaks for itself and does not require a response.  To the extent that paragraph 42

14   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

15   paragraph 42.

16            43.    In response to the allegations in paragraph 43, Monsanto states that the cited

17   document speaks for itself and does not require a response.  To the extent that paragraph 43

18   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

19   paragraph 43.

20            44.    Monsanto denies the allegation that the cited studies support the allegation that

21   glyphosate or Roundup®-branded products pose any risk to human health and denies the

22   remaining allegations in paragraph 44.

23            45.    Monsanto denies the allegations in paragraph 45.

24            46.    Monsanto denies the allegations in paragraph 46.

25            47.    Monsanto denies the allegations in paragraph 47.

26            48.    Monsanto denies the allegations in paragraph 48.

27            49.    Monsanto admits that it has promoted Roundup®-branded herbicides as safe when

28   used in accordance with the products' labeling.  Monsanto denies the remaining allegations in

1   paragraph 49.

2          50.      Monsanto admits that the International Agency for Research on Cancer ("IARC")

3   is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

4   lacks information or knowledge sufficient to form a belief as to the truth of the remaining

5   allegations in paragraph 50 and therefore denies those allegations.

6          51.      Monsanto lacks information or knowledge sufficient to form a belief as to the

7   truth of the allegations in paragraph 51 and therefore denies those allegations.  Monsanto denies

8   that glyphosate met the criteria necessary to be eligible for review.

9          52.      Monsanto lacks information or knowledge sufficient to form a belief as to the

10  truth of the allegations in paragraph 52 and therefore denies those allegations.  Monsanto denies

11  that glyphosate met the criteria necessary to be eligible for review.

12         53.      Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

13  carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

14  evidence was "cumulative."  The remaining allegations in paragraph 53 are vague and

15  conclusory and comprise attorney characterizations and are accordingly denied.

16         54.      Monsanto admits that the full IARC Monograph regarding glyphosate was

17  published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

18  2A carcinogen.  In response to the remaining allegations in paragraph 54, Monsanto states that

19  the document speaks for itself and does not require a response.  To the extent that a response is

20  deemed required, the remaining allegations in paragraph 54 comprise attorney characterizations

21  and are accordingly denied.

22         55.      Monsanto denies the allegations in paragraph 55.  The IARC working group

23  concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

24  which, per IARC's guidelines, means that the working group could not rule out chance, bias or

25  confounding so as to reach any conclusion of an increased risk.

26         56.      In response to the allegations in paragraph 56, Monsanto states that the document

27  speaks for itself and does not require a response.  To the extent that a response is deemed

28  required, the allegations in paragraph 56 comprise attorney characterizations and are accordingly

1   denied.

2        57.    Monsanto denies the allegations in paragraph 57.

3        58.    The allegations in paragraph 58 comprise attorney characterizations and are

4   accordingly denied.

5        59.    Monsanto admits the allegations in paragraph 59.

6        60.    In response to the allegations in paragraph 60, Monsanto states that the cited

7   document speaks for itself and does not require a response.  To the extent that paragraph 60

8   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

9   paragraph 60.

10        61.    In response to the allegations in paragraph 61, Monsanto admits that certain

11   studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

12   under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

13   evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

14   animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

15   paragraph 61.

16        62.    The allegations in paragraph 62 are vague and ambiguous and are accordingly

17   denied.

18        63.    In response to the allegations in paragraph 63, Monsanto states that the cited

19   document speaks for itself and does not require a response.

20        64.    In response to the allegations in paragraph 64, Monsanto states that the cited

21   document speaks for itself and does not require a response.  To the extent that paragraph 64

22   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

23   paragraph 64.

24        65.    Monsanto denies the allegations in paragraph 65.

25        66.    In response to the allegations in paragraph 66, Monsanto states that the cited

26   document speaks for itself and does not require a response.  Monsanto otherwise denies the

27   allegations in paragraph 66.

28        67.    Monsanto admits that there is no reliable evidence that Roundup®-branded

1  products are genotoxic and that regulatory authorities and independent experts agree that

2  Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

3  paragraph 67.

4     68.   Monsanto denies the allegations in paragraph 68.

5     69.   Monsanto denies the allegations in paragraph 69.

6     70.   Monsanto denies the allegations in paragraph 70.

7     71.   Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

8  exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 71.

9     72.   Monsanto denies the allegations in paragraph 72.

10    73.   Monsanto denies the allegations in paragraph 73.

11    74.   Monsanto admits the allegations in paragraph 74.

12    75.   Monsanto denies the allegations in paragraph 75.

13    76.   Monsanto admits the allegations in paragraph 76.

14    77.   Monsanto denies the allegations in paragraph 77.

15    78.   Monsanto denies the allegations in paragraph 78.

16    79.   Monsanto denies the allegations in paragraph 79.

17    80.   Monsanto denies the allegations in paragraph 80.

18    81.   Monsanto denies the allegations in paragraph 81.

19    82.   Monsanto denies the allegations in paragraph 82.

20    83.   Monsanto denies the allegations in paragraph 83.

21    84.   Monsanto admits that independent experts and regulatory agencies agree that

22  there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

23  products and admits that it has made statements reflecting this fact.  Monsanto denies the

24  remaining allegations in paragraph 84.

25    85.   In response to the allegations in paragraph 85, Monsanto admits that Roundup®-

26  branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

27  the products' EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

28  85.

- 10 -

86.     Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto also admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto denies the remaining allegations in paragraph 86.

87.     In response to the allegations in paragraph 87, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.
- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).
- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).
- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).
- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).
- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

1    Monsanto denies the remaining allegations in paragraph 87.

2        88.    In response to the allegations in paragraph 88, Monsanto admits that it – along

3    with a large number of other companies and governmental agencies – was defrauded by two

4    chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

5    testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

6    toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

7    glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

8    studies.  To the extent that the allegations in paragraph 88 are intended to suggest that Monsanto

9    was anything other than a victim of this fraud, such allegations are denied.

10       89.    In response to the allegations in paragraph 89, Monsanto admits that IBT

11   Laboratories was hired to conduct toxicity studies in connection with the registration of a

12   Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

13   based upon any fraudulent or false IBT studies.

14       90.    Monsanto denies the allegations in paragraph 90 to the extent they suggest that

15   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

16   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

17   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

18   connection with services provided to a broad number of private and governmental entities and

19   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

20   one of several pesticide manufacturers who had used IBT test results.  The audit found some

21   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

22   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

23   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

24   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 90 are

25   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

26   denies those allegations.

27       91.    In response to the allegations in paragraph 91, Monsanto admits that three IBT

28   employees were convicted of the charge of fraud, but Monsanto denies that any of the

1   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

2   herbicides.

3          92.     In response to the allegations in paragraph 92, Monsanto admits that it – along

4   with numerous other private companies – hired Craven Laboratories as an independent

5   laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

6   denies the remaining allegations in paragraph 92.

7          93.     In response to the allegations in paragraph 93, Monsanto admits that EPA

8   investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

9   paragraph 93 are intended to suggest that Monsanto was anything other than a victim of this

10  fraud, Monsanto denies those allegations.

11         94.     In response to the allegations in paragraph 94, Monsanto admits that it was

12  defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

13  at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 94

14  are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

15  denies those allegations.

16         95.     In response to the allegations in paragraph 95, Monsanto admits that it has stated

17  that Roundup®-branded products are safe when used as labeled and that they are non-

18  carcinogenic and non-genotoxic.

19         96.     In response to the allegations in paragraph 96, Monsanto admits that a 1986 joint

20  report of the World Health Organization and Food and Agriculture Organization of the United

21  Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

22  Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

23  Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

24  carcinogen.  Monsanto denies the remaining allegations in paragraph 96.

25         97.     Monsanto denies the allegations in paragraph 97.

26         98.     Monsanto denies the allegations in paragraph 98.

27         99.     Monsanto denies the allegations in paragraph 99.

28         100.    Monsanto denies the allegations in paragraph 100.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05963-VC

1    101.    Monsanto denies the allegations in paragraph 101.

2    102.    Monsanto denies the allegations in paragraph 102.

3    103.    Monsanto denies the allegations in paragraph 103.

4    104.    Monsanto denies the allegations in paragraph 104.

5    105.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in paragraph 105 and therefore denies those allegations.

7    106.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 106 and therefore denies those allegations.

9    107.    Monsanto denies the allegations in paragraph 107.

10    108.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11    truth of the allegations in paragraph 108 and therefore denies those allegations.

12    109.    Monsanto denies the allegations in paragraph 109.

13    110.    Monsanto denies the allegations in paragraph 110.

14    111.    Monsanto incorporates by reference its responses to paragraphs 1 through 110 in

15    response to paragraph 111 of plaintiff's Complaint.

16    112.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17    truth of the allegations in the first sentence of paragraph 112 that plaintiff purchased and/or used

18    Roundup®-branded products and therefore denies those allegations.  The allegations in the

19    second sentence of paragraph 112 set forth conclusions of law for which no response is required.

20    113.    Monsanto denies the allegations in paragraph 113.

21    114.    Monsanto denies the allegations in paragraph 114.

22    115.    Monsanto denies the allegations in paragraph 115.

23    116.    Monsanto incorporates by reference its responses to paragraphs 1 through 115 in

24    response to paragraph 116 of plaintiff's Complaint.

25    117.    The allegations in paragraph 117 set forth conclusions of law for which no

26    response is required.

27    118.    Monsanto denies the allegations in paragraph 118.

28    119.    Monsanto denies the allegations in paragraph 119, including each of its subparts.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05963-VC

1    120.    Monsanto denies the allegations in paragraph 120.

2    121.    Monsanto denies the allegations in paragraph 121.

3    122.    Monsanto incorporates by reference its responses to paragraphs 1 through 121 in

4    response to paragraph 122 of plaintiff's Complaint.

5    123.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in the first sentence of paragraph 123 that plaintiff purchased and/or used

7    Roundup®-branded products and therefore denies those allegations.  The allegations in the

8    second sentence of paragraph 123 set forth conclusions of law for which no response is required.

9    124.    Monsanto denies the allegations in paragraph 124.  All labeling of Roundup®-

10   branded products has been and remains EPA-approved and in compliance with all federal

11   requirements under FIFRA.

12   125.    Monsanto denies that Roundup®-branded products cause cancer; states that

13   Monsanto provided adequate warnings for Roundup®-branded products; states that all labeling of

14   Roundup®-branded products has been and remains EPA-approved and in compliance with all

15   federal requirements under FIFRA; and denies the remaining allegations in paragraph 125.

16   126.    Monsanto denies the allegations in paragraph 126.

17   127.    Monsanto denies the allegations in paragraph 127.  All labeling of Roundup®-

18   branded products has been and remains EPA-approved and in compliance with all federal

19   requirements under FIFRA.

20   128.    Monsanto denies the allegations in paragraph 128.

21   129.    Monsanto incorporates by reference its responses to paragraphs 1 through 128 in

22   response to paragraph 129 of plaintiff's Complaint.

23   130.    The allegations in paragraph 130 set forth conclusions of law for which no

24   response is required.

25   131.    The allegations in paragraph 131 set forth conclusions of law for which no

26   response is required.

27   132.    The allegations in paragraph 132 set forth conclusions of law for which no

28   response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05963-VC

133.     Monsanto denies the allegations in paragraph 133.

134.     In response to the allegations in paragraph 134, Monsanto denies that Roundup®-branded products contain defects.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

135.     Monsanto denies the allegations in paragraph 135.

136.     Monsanto incorporates by reference its responses to paragraphs 1 through 135 in response to paragraph 136 of plaintiff's Complaint.

137.     In response to the allegations in paragraph 137, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic, and non-genotoxic when used in accordance with the products' EPA approved labeling.

138.     Monsanto denies the allegations in the Complaint's first-numbered paragraph 138.

138.     Monsanto denies the allegations in the Complaint's second-numbered paragraph 138.

139.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 139 regarding plaintiff's reliance and therefore denies those allegations.

140.     Monsanto denies the allegations in paragraph 140.

141.     Monsanto denies the allegations in paragraph 141.

142.     Monsanto incorporates by reference its responses to paragraphs 1 through 141 in response to paragraph 142 of plaintiff's Complaint.

143.     Monsanto denies the allegations in paragraph 143.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05963-VC

## SEPARATE AND AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.      Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted or otherwise barred in whole or in or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the

- 18 -

United States Constitution, the New Mexico Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under New Mexico law and/or other applicable state laws.

20.     Plaintiff's claims for punitive damages are barred and/or limited by operation of state and/or federal law.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources

25.     If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28.     Plaintiff has failed to allege fraud with sufficient particularity.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

### <u>JURY TRIAL DEMAND</u>

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05963-VC

1    Monsanto demands a jury trial on all issues so triable.

2

3    DATED:  September 15, 2020                Respectfully submitted,

4                                             /s/ Eric G. Lasker
                                             Joe G. Hollingsworth (*pro hac vice*)
5                                             (jhollingsworth@hollingsworthllp.com)
                                             Eric G. Lasker (*pro hac vice*)
6                                             (elasker@hollingsworthllp.com)
                                             HOLLINGSWORTH LLP
7                                             1350 I Street, N.W.
                                             Washington, DC  20005
8                                             Telephone:  (202) 898-5800
                                             Facsimile:   (202) 682-1639
9

10                                            *Attorneys for Defendant*
                                             *MONSANTO COMPANY*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-05963-VC