# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| | Hon. Vince Chhabria |
| This document relates to:<br>ALL ACTIONS | **JOINT CASE MANAGEMENT STATEMENT AND LITIGATION PLAN** |

Pursuant to the Court's August 27, 2020 Minute Order, Plaintiffs' leadership and Monsanto's counsel met and conferred about a plan to address the remaining cases pending before this MDL.

As background, there are currently 3,704 plaintiffs with pending cases within this MDL, 1,954 of which are not settled or subject to a term sheet. The parties are actively engaged in ongoing settlement discussions for 1,041 of these 1,954 plaintiffs and Monsanto hopes to engage the remaining 943 plaintiffs as soon as feasible.[1]

Since the August 27, 2020 case management conference, the parties have continued to engage in settlement discussions. Significant progress has been made. As disclosed in the pleadings attaching the redacted letters filed by Andrus Wagstaff, Baum Hedlund and Moore Law Group, master settlement agreements have now been reached with each of those firms, removing another approximately 280 cases from the MDL docket and approximately 12,000 cases from the overall Roundup litigation. Additionally, Monsanto continues to finalize settlement agreements with numerous other law firms. Plaintiffs' Co-lead counsel are available to assist counsel for those Plaintiffs in the MDL resolve their individual cases and are discussing with Monsanto's settlement

---

[1] The numbers of cases provided throughout the pleading are best estimates as of this date. The numbers change on a regular basis and therefore should be considered approximations.

counsel a mechanism to facilitate such discussions.  The parties also anticipate that Special Master Feinberg will prioritize cases in Waves 1, 2 and 3 that are not already subject to settlement agreements as part of his overall initiative to resolve the litigation.

For the purpose of allowing the settlement process to continue, the parties respectfully request that the stay remain in place until at least November 2, 2020, at which time the Court can assess the status of settlement discussions throughout the MDL and the need to resume litigation.

Pursuant to the Court's order at the case management conference, the parties nonetheless submit the following litigation plan should the Court decide to resume litigation:

For the purposes of this proposal, the Parties have divided the pending cases into "Settled Cases" and "Active Cases."

## I.   Settled Cases

As of this date, there are 1,750 plaintiffs in this MDL that are subject to a settlement agreement.  Because the various settlement programs will take time to administer, the Parties anticipate being able to start entering dismissals in the next sixty to ninety days.  The Parties propose the following process for dealing with settled cases:

1.   The Court appoints Co-lead Counsel (for the Plaintiffs) and a Monsanto representative to be designated if the Court approves this procedure (from Defendants) to act as the MDL's Settlement Coordinators.

2.   Once a particular plaintiff is subject to a settlement agreement, that plaintiff (through counsel) shall notify the Plaintiff Settlement Coordinators of the settlement, including the full name of the settling party, the case name, the associated case number, the date of the operative settlement agreement, and a listing of counsel associated with that plaintiff.

3.   The Settlement Coordinators shall maintain an MDL Settlement List and submit an updated

list every month to the Court *in camera*.

4.  Plaintiffs that are placed on the MDL Settlement List will not be subject to any ongoing discovery or litigation obligations in this MDL.

5.  At any time, a Plaintiff may be removed from the Settlement List by notifying the Settlement Coordinators.  Upon notification, the stay will no longer apply to the Plaintiff's case and Plaintiff will be required to meet any applicable court-ordered deadlines by the stated deadline or within sixty-days, whichever is later.

6.  Any Plaintiff that has remained on the Settlement List for longer than one year will be ordered to show cause why his or her case should not be dismissed or removed from the Settlement List and return to the litigation as an active case.  The Settlement Coordinators will be responsible for identifying the cases to which this applies in their monthly reports to the Court.

## II.   Active Cases

### Rule on All Pending Motions Related to Wave One and Remand.

The Wave I cases have been fully worked up.  Certain Summary judgment and *Daubert* motions are pending.  If litigation resumes, the parties request that Court resolve those motions and remand cases, as appropriate, to their transferor courts, which can address trial scheduling.  There are nine remaining cases in Wave I that are not currently subject to settlement agreements.

### 1.   Set New Deadlines for Wave Two Cases.

The Wave II cases remain in the workup process.  Fact discovery was completed in many of the Wave II cases at the time the stay was entered, but certain treater and other depositions could not be completed at that time due to the pandemic.  On May 19, 2020, the Court granted the Parties request for a 60-day extension on remaining Wave Two deadlines.  ECF No. 10751. Then, on July 21, 2020 (seven days before the close of Wave Two discovery), the Court stayed all deadlines. PTO 216, ECF

No. 11293.  Should the Court remove the stay, the parties respectfully request that they be allowed to submit a proposed timeline to complete fact and expert discovery and briefing in the Wave II cases so that those cases can be remanded, as appropriate, in 2021.  There are sixteen remaining cases in Wave II that are not currently subject to settlement agreements.

## 2.  Set New Deadlines for Wave Three Cases.

On May 26, 2020, the Court entered a scheduling order for the Wave III cases.  Because most of the Wave III cases are subject to settlement agreements, the parties request that the Court dissolve Wave III.  If substantial settlement progress has not occurred by the November 9th Case Management Conference, the parties will submit a litigation proposal that includes all unresolved cases, including any remaining Wave III cases.

Should the Court remove the stay and decide to proceed with Wave III now, the parties respectfully request that they be allowed to submit a proposed modified timeline to workup the Wave III cases to account for the stay but so that those cases still can be remanded, as appropriate, in 2021.  At the time the request was made, plaintiffs selected Hawaii as their state and Monsanto selected Texas.  Neither party objects to revisiting those decisions in light of the intervening events since the initial request.

## 3.  *Gebeyehou v. Monsanto*.

Plaintiffs' Position

As Your Honor noted at the conference on August 27, 2020, one of the three bellwether cases – *Gebeyehou v. Monsanto* -- is not settled, nor has Monsanto responded to counsel's request to discuss resolution. The *Gebeyehou* case should be set for trial as soon as practicable in light of COVID.  The legal issues are fully briefed and, following ruling on those motions, the case is ready for trial.

<u>Monsanto's Position</u>

Monsanto has a pending motion for summary judgment in the *Gebeyehou* case on statute of limitations grounds and believes the case should be dismissed on that basis.  Should the Court deny that motion, Monsanto does not object to an in-person trial before this Court as soon as circumstances allow.  Monsanto objects to a virtual trial given the many complications of trying a case remotely.  Monsanto also has agreed to a mediation in the *Gebeyehou* case, which will be scheduled shortly.

**III.    November 9, 2020 Case Management Conference.**

The parties request the Court maintain the currently set November 9, 2020 Case Management Conference, during which time they will report on further settlement efforts and be prepared to discuss the status of the stay and a more detailed litigation plan.

DATED:  September 17, 2020        Respectfully submitted,

By:  /s/ Aimee Wagstaff
Aimee Wagstaff
Aimee.wagstaff@andruswagstaff.com
ANDRUS WAGSTAFF, P.C.
7171 West Alaska Drive
Lakewood CO 80226
Telephone: (303) 376-6360
Facsimile:  (303) 376-6361

Robin Greenwald
rgreenwald@weitzlux.com
WEITZ & LUXENBERG, P.C.
700 Broadway
New York NY 10003
Telephone: (212) 558-5500
Facsimile: (212) 344-5461

Michael Miller
mmiller@millerfirmllc.com
THE MILLER FIRM, LLC
108 Railroad Ave
Orange VA 22960
Telephone: (540) 672 4224
Facsimile:  (540) 672-3055

*Attorneys for Plaintiffs*

1

/s/ William Hoffman
William Hoffman (pro hac vice)
(william.hoffman@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW,
Washington, DC 20001
Tel: 202-942-6915
Fax: 202-942-5999

/s/ Brian L. Stekloff
Brian L. Stekloff (pro hac vice)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (pro hac vice)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH LLP
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

Attorneys for Defendant
MONSANTO COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 17, 2020, service of this document was accomplished pursuant to the Court's electronic filing procedures by filing this document through the ECF system.


/s/ *Robin Greenwald*
Robin Greenwald