**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
        elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC |
| This document relates to: <br><br> *Donnie Leon Powell v. Monsanto Co.*, <br> Case No. 3:20-cv-05623-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in the first sentence of paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto

admits the allegations in the first sentence of paragraph 4 based upon the allegations in plaintiff's Complaint.  Monsanto lacks information or knowledge sufficient to form a belief as to the remaining allegations in paragraph 4 and therefore denies those allegations.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's alleged purchase of, use and/or exposure to Roundup®-branded products in the first sentence of paragraph 7 and therefore denies those allegations.  The remaining allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9.      Monsanto admits that plaintiff purports to bring an action for personal injuries allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto denies the remaining allegations in paragraph 9.

10.     The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

11.     In response to the allegations in paragraph 11, Monsanto admits that it is a Delaware corporation with its principal place of business is in St. Louis County, Missouri.

12.     The allegations in paragraph 12 comprise attorney characterizations and are accordingly denied.

13.     In response to the allegations in paragraph 13, Monsanto admits that it has

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md--cv-02741-VC & 3:20-cv-05623-VC

advertised and sold Roundup®-branded products in Texas.

14. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies those allegations.

15. The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16. The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17. Monsanto admits the allegations in paragraph 17.

18. Monsanto admits that it is authorized to do business in Texas. The remaining allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19. The allegations in paragraph 19 set forth conclusions of law for which no response is required.

20. Monsanto denies the allegations in paragraph 20.

21. Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products. The remaining allegations in paragraph 21 set forth conclusions of law for which no response is required.

22. Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri. Monsanto admits that it and its affiliated companies have operations and offices in countries around the world. Monsanto states that the remaining allegations in paragraph 22 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

23. Monsanto admits the allegations in paragraph 23.

24. Monsanto admits the allegations in paragraph 24.

25. Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. Monsanto states that the remaining allegations in paragraph 25 are vague and

1  ambiguous and that it lacks information or knowledge sufficient to form a belief as to the truth of

2  the remaining allegations and therefore denies those allegations.

3       26.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

4  The remaining allegations in paragraph 26 comprise attorney characterizations and are

5  accordingly denied.

6       27.     Monsanto admits the allegations in paragraph 27.

7       28.     Monsanto generally admits the allegations in paragraph 28, but denies the

8  allegations in paragraph 28 to the extent that they suggest that glyphosate is present in any plants

9  at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

10  the United States Environmental Protection Agency ("EPA").

11       29.     Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 29 and therefore denies those allegations.

13       30.     Monsanto admits that it has been the leading producer of seeds that contain the

14  Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve

15  a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form

16  a belief as to the accuracy of the specific numbers and statistics provided in the remaining

17  sentences of paragraph 30 and therefore denies those allegations.  Monsanto denies the

18  remaining allegations in paragraph 30.

19       31.     In response to the allegations in paragraph 31, Monsanto admits  that glyphosate

20  is one of the world's most widely used herbicides today, but notes that Monsanto has not been

21  the only manufacturer of glyphosate-based herbicides.

22       32.     In response to the allegations in paragraph 32, Monsanto admits that Roundup®-

23  branded products have been used by farmers for approximately 40 years.  Monsanto denies that

24  Roundup®-branded products have carcinogenic properties and denies the remaining allegations

25  in paragraph 32.

26       33.     The allegations in paragraph 33 set forth conclusions of law for which no

27  response is required.  To the extent that a response is deemed required, Monsanto admits the

28  allegations in paragraph 33.

34.     In response to the allegations in paragraph 34, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 34 set forth conclusions of law for which no response is required.

35.     The allegations in paragraph 35 set forth conclusions of law for which no response is required.

36.     In response to the allegations in paragraph 36, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution in the United States and are registered by the State of Texas for sale and distribution.

37.     In response to the allegations in paragraph 37, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 37 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 37 set forth conclusions of law for which no answer is required.

38.     Monsanto denies the allegations in paragraph 38 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 38 set forth conclusions of law for which no response is required.

39.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining

1   allegations in paragraph 39 and therefore denies those allegations.

2   40. Monsanto lacks information or knowledge sufficient to form a belief as to the

3   truth of the allegations in paragraph 40 and therefore denies those allegations. Monsanto denies

4   that glyphosate met the criteria necessary to be eligible for review.

5   41. Monsanto lacks information or knowledge sufficient to form a belief as to the

6   truth of the allegations in paragraph 41 and therefore denies those allegations. Monsanto denies

7   that glyphosate met the criteria necessary to be eligible for review.

8   42. Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

9   carcinogen. Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

10   evidence was "cumulative." The remaining allegations in paragraph 42 are vague and

11   conclusory and comprise attorney characterizations and are accordingly denied.

12   43. Monsanto admits that the full IARC Monograph regarding glyphosate was

13   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

14   2A carcinogen. In response to the remaining allegations in paragraph 43, Monsanto states that

15   the document speaks for itself and does not require a response. To the extent that a response is

16   deemed required, the remaining allegations in paragraph 43 comprise attorney characterizations

17   and are accordingly denied.

18   44. In response to the allegations in paragraph 44, Monsanto states that the document

19   speaks for itself and does not require a response. To the extent that a response is deemed

20   required, the allegations in paragraph 44 comprise attorney characterizations and are accordingly

21   denied.

22   45. In response to the allegations in paragraph 45, Monsanto states that the document

23   speaks for itself and does not require a response. To the extent that a response is deemed

24   required, the allegations in paragraph 45 comprise attorney characterizations and are accordingly

25   denied.

26   46. Monsanto denies the allegations in paragraph 46.

27   47. In response to the allegations in paragraph 47, Monsanto states that the cited

28   document speaks for itself and does not require a response. To the extent that the allegations in

1   paragraph 47 go beyond a restatement of the cited document, Monsanto lacks information or

2   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47

3   and therefore denies those allegations.

4          48.    Monsanto admits the allegations in paragraph 48.

5          49.    In response to the allegations in paragraph 49, Monsanto states that the cited the

6   document speaks for itself and does not require a response.  To the extent that the allegations in

7   paragraph 49 go beyond a restatement of the cited document, Monsanto lacks information or

8   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 49

9   and therefore denies those allegations.

10         50.    Monsanto denies the allegations in paragraph 50.

11         51.    Monsanto admits the allegations in the first sentence of paragraph 51.  In response

12  to the allegations in the second sentence of paragraph 51, Monsanto states that the cited

13  document speaks for itself and does not require a response.  To the extent that the allegations in

14  the second sentence of paragraph 51 characterize the meaning of the cited study, Monsanto

15  denies the remaining allegations in paragraph 51.

16         52.    In response to the allegations in the first sentence of paragraph 52, Monsanto

17  states that the cited document speaks for itself and does not require a response.  To the extent

18  that the first sentence of paragraph 52 characterizes the meaning of the cited study, Monsanto

19  denies the remaining allegations in the first sentence of paragraph 52.  Monsanto denies the

20  allegations in the second sentence of paragraph 52.

21         53.    Monsanto states that the term "toxic" as used in paragraph 53 is vague and

22  ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

23  denies the allegations in paragraph 53.

24         54.    Monsanto admits the allegations in paragraph 54.

25         55.    In response to the allegations in paragraph 55, Monsanto states that the document

26  speaks for itself and does not require a response.  To the extent that the allegations in paragraph

27  55 characterize the meaning of the cited study, Monsanto denies those allegations in paragraph

28  55.  Monsanto denies the remaining allegations in paragraph 55.

1        56.     In response to the allegations in paragraph 56, Monsanto admits that Julie Marc

2  published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

3  the extent that paragraph 56 characterizes the meaning of the cited study, Monsanto denies the

4  remaining allegations in paragraph 56.

5        57.     In response to the allegations in paragraph 57, Monsanto states that these

6  documents speak for themselves and do not require a response.  To the extent that a response is

7  deemed required, Monsanto denies the allegations in paragraph 57.

8        58.     In response to the allegations in paragraph 58, Monsanto states that the cited

9  document speaks for itself and does not require a response.  To the extent that paragraph 58

10  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

11  paragraph 58.

12        59.     Monsanto denies the allegations in paragraph 59.

13        60.     In response to the allegations in paragraph 60, Monsanto states that the cited

14  document speaks for itself and does not require a response.  To the extent that paragraph 60

15  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

16  paragraph 60.

17        61.     In response to the allegations in paragraph 61, Monsanto states that the cited

18  document speaks for itself and does not require a response.  To the extent that paragraph 61

19  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

20  paragraph 61.

21        62.     Monsanto denies the allegation that the cited studies support the allegation that

22  glyphosate or Roundup®-branded products pose any risk to human health and denies the

23  remaining allegations in paragraph 62.

24        63.     Monsanto denies the allegations in paragraph 63.

25        64.     In response to the allegations in paragraph 64, Monsanto admits that an EPA

26  review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

27  denies the remaining allegations in paragraph 64.

28        65.     In response to the allegations in paragraph 65, Monsanto admits that EPA

changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

denies the remaining allegations in paragraph 65.

66.     In response to the allegations in paragraph 66, Monsanto admits that plaintiff has

accurately quoted from one passage in an EPA document in 1991 with respect to the designation

of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not

pose any cancer risk to humans.  Monsanto states, that: (a) in September 2016, EPA's Office of

Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

posted an October 2015 final report by its standing Cancer Assessment Review Committee

("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final

Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md--cv-02741-VC & 3:20-cv-05623-VC

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 66.

67.     In response to the allegations in paragraph 67, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 67 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

68.     In response to the allegations in paragraph 68, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

69.     Monsanto denies the allegations in paragraph 69 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 69 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

70.     In response to the allegations in paragraph 70, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

71.     In response to the allegations in the first sentence of paragraph 71, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products. Monsanto denies the remaining allegations in the first sentence of paragraph 71.  In response to the remaining allegations in paragraph 71, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 71 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

72.     In response to the allegations in paragraph 72, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 72

1  are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

2  denies those allegations.

3        73.    In response to the allegations in paragraph 73, Monsanto admits that the New

4  York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

5  advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

6  admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

7  General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

8  the subparts purport to quote a document, the document speaks for itself and thus does not

9  require any further answer.  The remaining allegations in paragraph 73 are vague and conclusory

10 and comprise attorney characterizations and are accordingly denied.

11       74.    In response to the allegations in paragraph 74, Monsanto admits it entered into an

12 assurance of discontinuance with the New York Attorney General.  The assurance speaks for

13 itself and thus does not require any further answer.  The remaining allegations in paragraph 74

14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15       75.    Monsanto denies the allegations in paragraph 75.

16       76.    In response to the allegations in paragraph 76, Monsanto admits that the French

17 court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

18 that it "left the soil clean," but denies the allegations in paragraph 76 to the extent that they

19 suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

20 cancer.  Monsanto denies the remaining allegations in paragraph 76.

21       77.    In response to the allegations in paragraph 77, Monsanto admits that it has stated

22 that Roundup®-branded products are safe when used as labeled and that they are non-

23 carcinogenic and non-genotoxic.  Monsanto denies the remaining allegations in paragraph 77.

24       78.    In response to the allegations in paragraph 78, Monsanto admits that a 1986 joint

25 report of the World Health Organization and Food and Agriculture Organization of the United

26 Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

27 Monsanto denies that this report has been the "primary" cite in support of the safety of

28 glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a

probable carcinogen.  Monsanto denies the remaining allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use in paragraph 86 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 86.

87.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 87 and therefore denies those allegations.

88.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 88 and therefore denies those allegations.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto incorporates by reference its responses to paragraphs 1 through 89 in response to paragraph 90 of plaintiff's Complaint.

91.     Monsanto denies the allegations in paragraph 91.

92.     In response to the allegations in paragraph 92, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

93.     In response to the allegations in paragraph 93, Monsanto states that the cited document speaks for itself and does not require a response.

94.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in paragraph 94.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md--cv-02741-VC & 3:20-cv-05623-VC

1    95.    Monsanto denies the allegations in paragraph 95.

2    96.    Monsanto denies the allegations in the last sentence of paragraph 96.  The

3  remaining allegations in paragraph 96 set forth conclusions of law for which no response is

4  required.  Monsanto states, however, that the scientific studies upon which IARC purported to

5  base its classification were all publicly available before March 2015.

6    97.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

7  and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

8  branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

9  which IARC purported to base its classification were all publicly available before March 2015.

10  The remaining allegations in paragraph 97 set forth conclusions of law for which no response is

11  required, consist of attorney characterizations and are accordingly denied, or comprise

12  allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

13  the truth of the allegations asserted and therefore denies those allegations.

14    98.    Monsanto incorporates by reference its responses to paragraphs 1 through 97 in

15  response to paragraph 98 of plaintiff's Complaint.

16    99.    In response to the allegations in paragraph 99, Monsanto admits that plaintiff

17  purports to bring a claim for strict liability design defect, but denies any liability as to that claim.

18    100.    In response to the allegations in paragraph 100, Monsanto lacks information or

19  knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used

20  Roundup®-branded products and therefore denies that allegation.  Monsanto denies the

21  remaining allegations in paragraph 100.

22    101.    Monsanto denies the allegations in paragraph 101.

23    102.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24  truth of the allegations in paragraph 102 and therefore denies those allegations.

25    103.    Monsanto denies the allegations in paragraph 103.

26    104.    Monsanto denies the allegations in paragraph 104.

27    105.    Monsanto denies the allegations in paragraph 105.

28    106.    Monsanto denies the allegations in paragraph 106 and each of its subparts.

107.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107 concerning plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 107, including that Roundup®-branded products have "dangerous characteristics."

108.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 108 concerning plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 108, including that Roundup®-branded products have "dangerous characteristics."

109.    Monsanto denies the allegations in paragraph 109.

110.    Monsanto denies the allegations in paragraph 110.

111.    Monsanto denies the allegations in paragraph 111.

112.    Monsanto denies the allegations in paragraph 112.

113.    Monsanto denies the allegations in paragraph 113.

114.    Monsanto denies the allegations in paragraph 114.

115.    Monsanto denies the allegations in paragraph 115.

116.    Monsanto denies the allegations in paragraph 116.

117.    Monsanto denies the allegations in paragraph 117.

In response to the allegations in the first sentence of the "WHEREFORE" paragraph following paragraph 117, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

118.    Monsanto incorporates by reference its responses to paragraphs 1 through 117 in response to paragraph 118 of plaintiff's Complaint.

119.    In response to the allegations in paragraph 119, Monsanto admits that plaintiff purports to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

120.    Monsanto denies the allegations in paragraph 120.

121.     In response to the allegations in paragraph 121, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff or other entities identified purchased or used Roundup®-branded products and therefore denies that allegation.  The allegations in paragraph 121 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 121.

122.     The allegations in paragraph 122 set forth conclusions of law for which no response is required.

123.     The allegations in paragraph 123 set forth conclusions of law for which no response is required.

124.     Monsanto denies the allegations in paragraph 124.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

125.     Monsanto denies the allegations in paragraph 125.

126.     Monsanto denies the allegations in paragraph 126.

127.     Monsanto denies the allegations in paragraph 127.

128.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 128 and therefore denies those allegations.

129.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 129 concerning plaintiff's alleged use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 129, including that Roundup®-branded products have "dangerous characteristics."

130.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 130 concerning plaintiff's alleged use and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 130, including that Roundup®-branded products have "dangerous characteristics."

131.     Monsanto denies the allegations in the first sentence of paragraph 131.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the

- 16 -

1  second sentence of paragraph 131 and therefore denies those allegations.

2     132. Monsanto denies the allegations in paragraph 132.

3     133. Monsanto denies the allegations in paragraph 133.

4     134. Monsanto denies the allegations in paragraph 134.

5     135. Monsanto denies the allegations in paragraph 135.

6     136. Monsanto denies the allegations in paragraph 136.

7     137. Monsanto denies the allegations in paragraph 137.

8     138. Monsanto denies the allegations in paragraph 138.

9     139. Monsanto denies the allegations in paragraph 139.

10    In response to the allegations in the first sentence of the "WHEREFORE" paragraph

11 following paragraph 139, Monsanto demands that judgment be entered in its favor and against

12 plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded

13 costs of suit and reasonable attorney's fees as allowed by law and such further and additional

14 relief as this Court may deem just and proper.

15    140. Monsanto incorporates by reference its responses to paragraphs 1 through 139 in

16 response to paragraph 140 of plaintiff's Complaint.

17    141. Monsanto lacks information or knowledge sufficient to form a belief as to the

18 truth of the allegations in paragraph 141 regarding the specific products allegedly used by

19 plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore

20 denies the allegations in paragraph 141.

21    142. The allegations in paragraph 142 set forth conclusions of law for which no

22 response is required.

23    143. The allegations in paragraph 143 set forth conclusions of law for which no

24 response is required.

25    144. Monsanto denies the allegations in paragraph 144.

26    145. Monsanto denies the allegations in paragraph 145.

27    146. Monsanto denies the allegations in paragraph 146.  All labeling of Roundup®-

28 branded products has been and remains EPA-approved and in compliance with all federal

1    requirements under FIFRA.

2          147.    Monsanto denies the allegations in paragraph 147.

3          148.    Monsanto denies the allegations in paragraph 148.

4          149.    Monsanto denies the allegations in paragraph 149, including each of its subparts.

5          150.    Monsanto denies the allegations in paragraph 150.

6          151.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 151 regarding plaintiff's knowledge and therefore Monsanto

8    denies those allegations.  Monsanto denies the remaining allegations in paragraph 151, including

9    that intended use and/or exposure to Roundup®-branded products causes any injuries.

10          152.    Monsanto denies the allegations in paragraph 152.

11          153.    Monsanto denies the allegations in paragraph 153.

12          154.    The allegations in paragraph 154 set forth conclusions of law for which no

13    response is required.

14          155.    Monsanto admits that Roundup®-branded products are safe when used in

15    accordance with the products' labeling.  Monsanto denies the allegations in paragraph 155.

16          156.    The allegations in paragraph 156 set forth conclusions of law for which no

17    response is required.

18          157.    Monsanto denies the allegations in paragraph 157.

19          158.    Monsanto denies the allegations in paragraph 158.  All labeling of Roundup®-

20    branded products has been and remains EPA-approved and in compliance with all federal

21    requirements under FIFRA.

22          In response to the allegations in the first sentence of the "WHEREFORE" paragraph

23    following paragraph 158, Monsanto demands that judgment be entered in its favor and against

24    plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded

25    costs of suit and reasonable attorney's fees as allowed by law and such further and additional

26    relief as this Court may deem just and proper.

27          159.    In response to the allegations in paragraph 159, Monsanto denies that plaintiff has

28    alleged fraud, let alone fraud with specificity.  Monsanto incorporates by reference its responses

1   to paragraphs 1 through 158 in response to paragraph 159 of plaintiff's Complaint.

2          160.    Monsanto denies the allegations in paragraph 160.

3          161.    Monsanto denies the allegations in paragraph 161.

4          162.    Monsanto denies the allegations in paragraph 162.

5          163.    Monsanto denies the allegations in paragraph 163.

6          164.    Monsanto denies the allegations in paragraph 164.

7          165.    Monsanto denies the allegations in paragraph 165.

8          166.    Monsanto denies the allegations in paragraph 166.

9          167.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10  truth of the allegations in paragraph 167 regarding plaintiff's actions, and therefore Monsanto

11  denies those allegations.  Monsanto denies the remaining allegations in paragraph 167.

12         168.    Monsanto denies the allegations in paragraph 168.

13         169.    Monsanto denies the allegations in paragraph 169.

14         In response to the allegations in the first sentence of the "WHEREFORE" paragraph

15  following paragraph 169, Monsanto demands that judgment be entered in its favor and against

16  plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded

17  costs of suit and reasonable attorney's fees as allowed by law and such further and additional

18  relief as this Court may deem just and proper.

19         170.    Monsanto incorporates by reference its responses to paragraphs 1 through 169 in

20  response to paragraph 170 of plaintiff's Complaint.

21         171.     Monsanto denies the allegations in paragraph 171.

22         172.    In response to the allegations in paragraph 172, Monsanto admits that it has sold

23  glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further

24  states that paragraph 172 sets forth conclusions of law for which no response is required.

25  Monsanto denies the remaining allegations in paragraph 172.

26         173.    Monsanto denies the allegations in the first and second sentences of paragraph

27  173.  All labeling of Roundup®-branded products has been and remains EPA-approved and in

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md--cv-02741-VC & 3:20-cv-05623-VC

1   compliance with all federal requirements under FIFRA. Monsanto states that the final sentence

2   of paragraph 173 sets forth conclusions of law for which no response is required.

3       174.   The allegations in paragraph 174 set forth conclusions of law for which no

4   response is required.

5       175.   Monsanto denies the allegations in paragraph 175.

6       176.   Monsanto denies the allegations in paragraph 176 and each of its subparts.

7       177.   Monsanto denies the allegations in paragraph 177.

8       178.   Monsanto lacks information or knowledge sufficient to form a belief as to the

9   truth of the allegations in paragraph 178 regarding plaintiff's knowledge and therefore denies

10  those allegations. Monsanto denies the remaining allegations in paragraph 178.

11      179.   Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 179 and therefore denies those allegations.

13      180.   Monsanto denies the allegations in paragraph 180.

14      181.   Monsanto denies the allegations in paragraph 181.

15  In response to the allegations in the first sentence of the "WHEREFORE" paragraph

16  following paragraph 181, Monsanto demands that judgment be entered in its favor and against

17  plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded

18  costs of suit and reasonable attorney's fees as allowed by law and such further and additional

19  relief as this Court may deem just and proper.

20      182.   Monsanto incorporates by reference its responses to paragraphs 1 through 181 in

21  response to paragraph 182 of plaintiff's Complaint.

22      183.   Monsanto denies the allegations in paragraph 183.

23      184.   Monsanto denies the allegations in paragraph 184.

24      185.   Monsanto lacks information or knowledge sufficient to form a belief as to the

25  truth of the allegations in paragraph 185 concerning plaintiff's claimed use of and exposure to

26  Roundup®-branded products and therefore denies those allegations. The remaining allegations in

27  paragraph 185 set forth conclusions of law for which no response is required.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md--cv-02741-VC & 3:20-cv-05623-VC

186.     Monsanto denies the allegations in paragraph 186.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

187.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 187 regarding plaintiff's reliance and therefore denies those allegations.  The remaining allegations in paragraph 187 set forth conclusions of law for which no response is required.

188.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 188 and therefore denies those allegations.

189.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 189 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 189 set forth conclusions of law for which no response is required.

190.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 190 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph 190 regarding Monsanto's implied warranties sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 190.

191.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 191 concerning plaintiff's reliance or plaintiff's claimed use of any Roundup®-branded product and therefore denies those allegations.  The remaining allegations in paragraph 191 set forth conclusions of law for which no response is required.

192.     Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 192 concerning plaintiff's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 192.

193.     Monsanto denies the allegations in paragraph 193.

1    194.    Monsanto denies the allegations in paragraph 194.

2    195.    Monsanto denies the allegations in paragraph 195.

3    In response to the allegations in the first sentence of the "WHEREFORE" paragraph

4  following paragraph 195, Monsanto demands that judgment be entered in its favor and against

5  plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded

6  costs of suit and reasonable attorney's fees as allowed by law and such further and additional

7  relief as this Court may deem just and proper.

8    196.    Monsanto incorporates by reference its responses to paragraphs 1 through 195 in

9  response to paragraph 196 of the plaintiff's Complaint.

10    197.    Monsanto admits that plaintiff purports to bring certain claims alleged in

11  paragraph 197 of the Complaint, but denies any liability as to those claims.

12    198.    The allegations in paragraph 198 set forth conclusions of law for which no

13  response is required.

14    199.    The allegations in paragraph 199 set forth conclusions of law for which no

15  response is required.

16    200.    The allegations in paragraph 200 set forth conclusions of law for which no

17  response is required.

18    201.    The allegations in paragraph 201 set forth conclusions of law for which no

19  response is required.

20    202.    Monsanto denies the allegations in paragraph 202.

21    203.    The allegations in paragraph 203 set forth conclusions of law for which no

22  response is required.

23    204.    Monsanto denies the allegations in paragraph 204.

24    205.    Monsanto denies the allegations in paragraph 205.

25    206.    Monsanto denies the allegations in paragraph 206.

26    In response to the allegations in the "WHEREFORE" paragraph following paragraph

27  206, Monsanto demands that judgment be entered in its favor and against plaintiff; that

28  plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

1    and reasonable attorney's fees as allowed by law and such further and additional relief as this

2    Court may deem just and proper.

3        Every allegation in the Complaint that is not specifically and expressly admitted in this

4    Answer is hereby specifically and expressly denied.

5                        **SEPARATE AND AFFIRMATIVE DEFENSES**

6        1.      The Complaint, in whole or part, fails to state a claim or cause of action against

7    Monsanto upon which relief can be granted.

8        2.      Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

9    reliable evidence that the products at issue were defective or unreasonably dangerous.

10       3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted,

11   was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

12   plaintiff's alleged injuries.

13       4.      Plaintiff's claims are barred, in whole or in part, because the products at issue

14   were designed, manufactured, marketed and labeled with proper warnings, information, cautions

15   and instructions, in accordance with the state of the art and the state of scientific and

16   technological knowledge.

17       5.      Plaintiff's claims are barred, in whole or in part, because the products at issue

18   were not defective or unreasonably dangerous in that they complied with, at all relevant times,

19   all applicable government safety standards.

20       6.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law

21   relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

22   processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

23       7.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA

24   findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

25   product labeling.

26       8.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary

27   jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

28

9.      Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

10.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

11.      Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

12.      Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

13.      If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

14.      Plaintiff has failed to allege fraud with sufficient particularity.

15.      Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16.      Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.      Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.      Plaintiff's claims for punitive, exemplary, and/or aggravated damages are barred because such an award would violate Monsanto's due process, equal protection and other rights

under the United States Constitution, the Texas Constitution, and/or other applicable state constitutions.

19.    Plaintiff's claims for punitive, exemplary, and/or aggravated damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Texas law, and/or other applicable state laws.

20.    Plaintiff's claims for punitive, exemplary, and/or aggravated damages are barred and/or limited by operation of state and/or federal law, including Tex. Civ. Prac. & Rem. Code Ann. §§ 41.004(a), 41.008(b).

21.    Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.    Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.    Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.    If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

25.    Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize or limit such claims.

26.    Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

27.    Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiff, and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiff has failed to clearly establish any entitlement to exemplary and/or aggravated damages based on plaintiff's allegations.

28.    Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

29.     Plaintiff's claims are barred, in whole or in part, by application of Tex. Civ. Prac. & Rem. Code Ann. § 82.008.

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

<u>**JURY TRIAL DEMAND**</u>

Monsanto demands a jury trial on all issues so triable.

DATED: September 18, 2020                    Respectfully submitted,

<u>/s/ Joe G. Hollingsworth</u>
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:    (202) 898-5800
Facsimile:     (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md--cv-02741-VC & 3:20-cv-05623-VC