**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:    202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
         elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*James Regruth and Tammy Regruth v. Monsanto Co.*,<br>Case No. 3:20-cv-06188-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs James Regruth and Tammy Regruth's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Although many paragraphs in the Complaint allege exposure or use of Monsanto products by "Plaintiffs," Monsanto nevertheless responds to the allegations in those paragraphs as if they refer to plaintiff James Regruth.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs.  Monsanto denies the remaining allegations in paragraph 1.

- 1 -

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in the first sentence of paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in the first sentence of paragraph 4 based upon the allegations in plaintiffs' Complaint.  Monsanto lacks information or knowledge sufficient to form a belief as to the remaining allegations in paragraph 4 and therefore denies those allegations.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required.  Monsanto admits the allegations in the second sentence of paragraph 7.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 8 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 8.

9.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies those allegations.

10.      The allegations in the Complaint's first-numbered paragraph 10 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

10.      In response to the allegations in the Complaint's second-numbered paragraph 10, Monsanto admits that it is incorporated under the laws of the State of Delaware, that it has Missouri Secretary of State Charter No. F00488018; and that its principal place of business is in St. Louis County, Missouri.

11.     The allegations in paragraph 11 comprise attorney characterizations and are accordingly denied.

12.     In response to the allegations in paragraph 12, Monsanto admits that it has sold Roundup®-branded products in Ohio.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     Monsanto admits the allegations in paragraph 16.

17.     Monsanto admits that it is authorized to do business in Ohio.  The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     Monsanto denies the allegations in paragraph 19.

20.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 21 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

22.     Monsanto admits the allegations in paragraph 22.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-06188-VC

23.     Monsanto admits the allegations in paragraph 23.

24.     In response to the allegations in paragraph 24, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 24 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

25.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 25 comprise attorney characterizations and are accordingly denied.

26.     Monsanto admits the allegations in paragraph 26.

27.     Monsanto generally admits the allegations in paragraph 27, but denies the allegations in paragraph 27 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

28.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies those allegations.

29.     Monsanto admits that it has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 29 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 29.

30.     Monsanto admits the allegations in paragraph 30.

31.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 31.

32.     The allegations in paragraph 32 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 32.

- 4 -

33.     In response to the allegations in paragraph 33, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 33 set forth conclusions of law for which no response is required.

34.     The allegations in paragraph 34 set forth conclusions of law for which no response is required.

35.     In response to the allegations in paragraph 35, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution in the United States and are registered by the State of Ohio for sale and distribution.

36.     In response to the allegations in paragraph 36, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 36 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 36 set forth conclusions of law for which no answer is required.

37.     Monsanto denies the allegations in paragraph 37 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 37 set forth conclusions of law for which no response is required.

38.     In response to the allegations in paragraph 38, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

1   Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

2   concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

3   humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

4   posted an October 2015 final report by its standing Cancer Assessment Review Committee

5   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

6   to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

7   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

8   the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

9   humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

10  of the remaining allegations in paragraph 38 and therefore denies those allegations.

11      39.   In response to the allegations in paragraph 39, Monsanto admits that the New

12  York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

13  advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

14  admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

15  General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

16  the subparts purport to quote a document, the document speaks for itself and thus does not

17  require any further answer.  The remaining allegations in paragraph 39 are vague and conclusory

18  and comprise attorney characterizations and are accordingly denied.

19      40.   In response to the allegations in the Complaint's first-numbered paragraph 40,

20

21  ───────────────────────

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-06188-VC

1    Monsanto admits it entered into an assurance of discontinuance with the New York Attorney

2    General.  The assurance speaks for itself and thus does not require any further answer.  The

3    remaining allegations in the Complaint's first-numbered paragraph 40 are vague and conclusory

4    and comprise attorney characterizations and are accordingly denied.

5    　　　　40.   Monsanto denies the allegations in the Complaint's second-numbered paragraph

6    40.

7    　　　　41.   In response to the allegations in paragraph 41, Monsanto admits that the French

8    court ruled that Monsanto had falsely advertised its herbicide Roundup[®] as "biodegradable" and

9    that it "left the soil clean," but denies the allegations in paragraph 41 to the extent that they

10   suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

11   cancer.  Monsanto denies the remaining allegations in paragraph 41.

12   　　　　42.   Monsanto denies the allegations in paragraph 42.

13   　　　　43.   In response to the allegations in paragraph 43, Monsanto states that the cited

14   document speaks for itself and does not require a response.  To the extent that the allegations in

15   paragraph 43 go beyond a restatement of the cited document, Monsanto lacks information or

16   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 43

17   and therefore denies those allegations.

18   　　　　44.   Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the allegations in paragraph 44 and therefore denies those allegations.

20   　　　　45.   Monsanto admits the allegations in paragraph 45.

21   　　　　46.   In response to the allegations in paragraph 46, Monsanto states that the cited

22   document speaks for itself and does not require a response.  To the extent that the allegations in

23   paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or

24   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46

25   and therefore denies those allegations.

26   　　　　47.   Monsanto states that the term "toxic" as used in paragraph 47 is vague and

27   ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

28   denies the allegations in paragraph 47.

1    48.     Monsanto admits the allegations in paragraph 48.

2    49.     In response to the allegations in paragraph 49, Monsanto states that the document

3  speaks for itself and does not require a response.  To the extent that a response is deemed

4  required, Monsanto denies the allegations in paragraph 49.

5    50.     In response to the allegations in paragraph 50, Monsanto admits that Julie Marc

6  published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

7  the extent that paragraph 50 characterizes the meaning of the cited study, Monsanto denies the

8  remaining allegations in paragraph 50.

9    51.     In response to the allegations in paragraph 51, Monsanto states that these

10  documents speak for themselves and do not require a response.  To the extent that a response is

11  deemed required, Monsanto denies the allegations in paragraph 51.

12    52.     In response to the allegations in paragraph 52, Monsanto states that the cited

13  document speaks for itself and does not require a response.  To the extent that paragraph 52

14  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

15  paragraph 52.

16    53.     Monsanto denies the allegations in paragraph 53.

17    54.     In response to the allegations in paragraph 54, Monsanto states that the cited

18  document speaks for itself and does not require a response.  To the extent that paragraph 54

19  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

20  paragraph 54.

21    55.     In response to the allegations in paragraph 55, Monsanto states that the cited

22  document speaks for itself and does not require a response.  To the extent that paragraph 55

23  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

24  paragraph 55.

25    56.     Monsanto denies the allegation that the cited studies support the allegation that

26  glyphosate or Roundup®-branded products pose any risk to human health and denies the

27  remaining allegations in paragraph 56.

28    57.     Monsanto denies the allegations in paragraph 57.

1    58.    Monsanto denies the allegations in paragraph 58.

2    59.    Monsanto denies the allegations in paragraph 59.

3    60.    Monsanto denies the allegations in paragraph 60.

4    61.    Monsanto admits that it has promoted Roundup®-branded herbicides as safe when

5    used in accordance with the products' labeling.  Monsanto denies the remaining allegations in

6    paragraph 61.

7    62.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

8    is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

9    lacks information or knowledge sufficient to form a belief as to the truth of the remaining

10   allegations in paragraph 62 and therefore denies those allegations.

11   63.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations in paragraph 63 and therefore denies those allegations.  Monsanto denies

13   that glyphosate met the criteria necessary to be eligible for review.

14   64.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies

16   that glyphosate met the criteria necessary to be eligible for review.

17   65.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

18   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

19   evidence was "cumulative."  The remaining allegations in paragraph 65 are vague and

20   conclusory and comprise attorney characterizations and are accordingly denied.

21   66.    Monsanto admits that the full IARC Monograph regarding glyphosate was

22   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

23   2A carcinogen.  In response to the remaining allegations in paragraph 66, Monsanto states that

24   the document speaks for itself and does not require a response.  To the extent that a response is

25   deemed required, the remaining allegations in paragraph 66 comprise attorney characterizations

26   and are accordingly denied.

27   67.    Monsanto denies the allegations in paragraph 67.  The IARC working group

28   concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

1   which, per IARC's guidelines, means that the working group could not rule out chance, bias or

2   confounding so as to reach any conclusion of an increased risk.

3       68.    In response to the allegations in paragraph 68, Monsanto states that the document

4   speaks for itself and does not require a response.  To the extent that a response is deemed

5   required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly

6   denied.

7       69.    Monsanto denies the allegations in paragraph 69.

8       70.    The allegations in paragraph 70 comprise attorney characterizations and are

9   accordingly denied.

10      71.    Monsanto admits the allegations in paragraph 71.

11      72.    In response to the allegations in paragraph 72, Monsanto states that the cited

12  document speaks for itself and does not require a response.  To the extent that paragraph 72

13  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

14  paragraph 72.

15      73.    In response to the allegations in paragraph 73, Monsanto admits that certain

16  studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

17  under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

18  evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

19  animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

20  paragraph 73.

21      74.    The allegations in paragraph 74 are vague and ambiguous and are accordingly

22  denied.

23      75.    In response to the allegations in paragraph 75, Monsanto states that the cited

24  document speaks for itself and does not require a response.

25      76.    In response to the allegations in paragraph 76, Monsanto states that the cited

26  document speaks for itself and does not require a response.  To the extent that paragraph 76

27  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

28  paragraph 76.

1    77.    Monsanto denies the allegations in paragraph 77.

2    78.    In response to the allegations in paragraph 78, Monsanto states that the cited

3  document speaks for itself and does not require a response.  Monsanto otherwise denies the

4  allegations in paragraph 78.

5    79.    Monsanto admits that there is no reliable evidence that Roundup®-branded

6  products are genotoxic and that regulatory authorities and independent experts agree that

7  Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

8  paragraph 79.

9    80.    Monsanto denies the allegations in paragraph 80.

10    81.    Monsanto denies the allegations in paragraph 81.

11    82.    Monsanto denies the allegations in paragraph 82.

12    83.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

13  exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 83.

14    84.    Monsanto denies the allegations in paragraph 84.

15    85.    Monsanto denies the allegations in paragraph 85.

16    86.    Monsanto admits the allegations in paragraph 86.

17    87.    Monsanto denies the allegations in paragraph 87.

18    88.    Monsanto admits the allegations in paragraph 88.

19    89.    Monsanto denies the allegations in paragraph 89.

20    90.    Monsanto denies the allegations in paragraph 90.

21    91.    Monsanto denies the allegations in paragraph 91.

22    92.    Monsanto denies the allegations in paragraph 92.

23    93.    Monsanto denies the allegations in paragraph 93.

24    94.    Monsanto denies the allegations in paragraph 94.

25    95.    Monsanto denies the allegations in paragraph 95.

26    96.    Monsanto admits that independent experts and regulatory agencies agree that

27  there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

28  products and admits that it has made statements reflecting this fact.  Monsanto denies the

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-06188-VC

1    remaining allegations in paragraph 96.

2         97.    In response to the allegations in paragraph 97, Monsanto admits that Roundup®-

3    branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

4    the products' EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

5    97.

6         98.    In response to the allegations in paragraph 98, Monsanto admits that an EPA

7    review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

8    denies the remaining allegations in paragraph 98.

9         99.    In response to the allegations in paragraph 99, Monsanto admits that EPA

10   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

11   evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

12   denies the remaining allegations in paragraph 99.

13        100.   In response to the allegations in paragraph 100, Monsanto admits that plaintiffs

14   have accurately quoted from one passage in an EPA document in 1991 with respect to the

15   designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

16   does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP

17   reports and the EPA CARC Final Report discussed above, other specific findings of safety

18   include:

19   - "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that
20     shows evidence of non-carcinogenicity for humans—based on the lack of convincing
       evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
21     Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
       http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.
22   - "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
23     60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

24   - "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
       Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).
25
26   - "There is [an] extensive database available on glyphosate, which indicate[s] that
       glyphosate is not mutagenic, not a carcinogen, and not a developmental or
27     reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
       73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).
28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-06188-VC

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 100.

101.     In response to the allegations in paragraph 101, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies. To the extent that the allegations in paragraph 101 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

102.     In response to the allegations in paragraph 102, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

103.     Monsanto denies the allegations in paragraph 103 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was

- 13 -

1    one of several pesticide manufacturers who had used IBT test results.  The audit found some

2    toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

3    Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

4    Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

5    based upon any invalid IBT studies.  To the extent that the allegations in paragraph 103 are

6    intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

7    denies those allegations.

8         104.    In response to the allegations in paragraph 104, Monsanto admits that three IBT

9    employees were convicted of the charge of fraud, but Monsanto denies that any of the

10   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

11   herbicides.

12        105.    In response to the allegations in paragraph 105, Monsanto admits that it – along

13   with numerous other private companies – hired Craven Laboratories as an independent

14   laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

15   denies the remaining allegations in paragraph 105.

16        106.    In response to the allegations in paragraph 106, Monsanto admits that EPA

17   investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

18   paragraph 106 are intended to suggest that Monsanto was anything other than a victim of this

19   fraud, Monsanto denies those allegations.

20        107.    In response to the allegations in paragraph 107, Monsanto admits that it was

21   defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

22   at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 107

23   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

24   denies those allegations.

25        108.    In response to the allegations in paragraph 108, Monsanto admits that it has stated

26   and continues to state that Roundup®-branded products are safe when used as labeled and that

27   they are non-carcinogenic and non-genotoxic.

28        109.    In response to the allegations in paragraph 109, Monsanto admits that a 1986 joint

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-06188-VC

1    report of the World Health Organization and Food and Agriculture Organization of the United

2    Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

3    Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

4    Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

5    carcinogen.  Monsanto denies the remaining allegations in paragraph 109.

6              110.    Monsanto denies the allegations in paragraph 110.

7              111.    Monsanto denies the allegations in paragraph 111.

8              112.    Monsanto denies the allegations in paragraph 112.

9              113.    Monsanto denies the allegations in paragraph 113.

10             114.    Monsanto denies the allegations in paragraph 114.

11             115.    Monsanto denies the allegations in paragraph 115.

12             116.    Monsanto denies the allegations in paragraph 116.

13             117.    Monsanto denies the allegations in paragraph 117.

14             118.    Monsanto denies the allegations in paragraph 118.

15             119.    Monsanto denies the allegations in paragraph 119.

16             120.    Monsanto denies the allegations in paragraph 120.

17             121.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18    truth of the allegations in paragraph 121 and therefore denies those allegations.

19             122.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20    truth of the allegations in paragraph 122 and therefore denies those allegations.

21             123.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22    truth of the allegations in the first sentence of paragraph 123 and therefore denies those

23    allegations.  Monsanto denies the remaining allegations in paragraph 123.

24             124.    Monsanto denies the allegations in paragraph 124.

25             125.    Monsanto incorporates by reference its responses to paragraphs 1 through 124 in

26    response to paragraph 125 of plaintiffs' Complaint.

27             126.    Monsanto denies the allegations in paragraph 126.

28

127.    In response to the allegations in paragraph 127, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

128.    In response to the allegations in paragraph 128, Monsanto states that the cited document speaks for itself and does not require a response.

129.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in paragraph 129. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

130.    Monsanto denies the allegations in the first and last sentences of paragraph 130. The remaining allegations in paragraph 130 set forth conclusions of law for which no response is required. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

131.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 131 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

132.    Monsanto incorporates by reference its responses to paragraphs 1 through 131 in response to paragraph 132 of plaintiffs' Complaint.

133.    The allegations in paragraph 133 set forth conclusions of law for which no response is required.

134.    Monsanto denies the allegations in paragraph 134.

135.    Monsanto denies the allegations in paragraph 135, including each of its subparts.

136.    Monsanto denies the allegations in paragraph 136.

137.   Monsanto denies the allegations in paragraph 137.

138.   Monsanto denies the allegations in paragraph 138, including each of its subparts.

139.   Monsanto denies the allegations in paragraph 139.

140.   Monsanto denies the allegations in paragraph 140.

141.   Monsanto denies the allegations in paragraph 141.

142.   Monsanto denies the allegations in paragraph 142.

In response to the first sentence of the "WHEREFORE" paragraph following paragraph 142, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of "WHEREFORE" paragraph following paragraph 142 sets forth a conclusion of law for which no response is required.

143.   Monsanto incorporates by reference its responses to paragraphs 1 through 142 in response to paragraph 143 of plaintiffs' Complaint.

144.   In response to the allegations in paragraph 144, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 144.

145.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 145 and therefore denies those allegations.

146.   Monsanto denies the allegations in paragraph 146.

147.   Monsanto denies the allegations in paragraph 147.

148.   Monsanto denies the allegations in paragraph 148.

149.   Monsanto denies the allegations in paragraph 149, including each of its subparts.

150.   Monsanto denies the allegations in paragraph 150.

151.   Monsanto denies that Roundup®-branded products have "dangerous characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

- 17 -

1   truth of the remaining allegations in paragraph 151 and therefore denies those allegations.

2       152.    Monsanto lacks information or knowledge sufficient to form a belief as to the

3   truth of the allegations in paragraph 152 and therefore denies those allegations.

4       153.    Monsanto denies the allegations in paragraph 153.

5       154.    The allegations in paragraph 154 set forth conclusions of law for which no

6   response is required.

7       155.    Monsanto denies the allegations in paragraph 155.

8       156.    Monsanto denies the allegations in paragraph 156.

9       157.    Monsanto denies the allegations in paragraph 157.

10      158.    Monsanto denies the allegations in paragraph 158.

11      159.    Monsanto denies the allegations in paragraph 159.

12      160.    Monsanto denies the allegations in paragraph 160.

13      161.    Monsanto denies the allegations in paragraph 161.

14      162.    Monsanto denies the allegations in paragraph 162.

15      163.    Monsanto denies the allegations in paragraph 163.

16      164.    Monsanto denies the allegations in paragraph 164.

17       In response to the first sentence of the "WHEREFORE" paragraph following paragraph

18   164, Monsanto demands that judgment be entered in its favor and against plaintiffs; that

19   plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

20   and reasonable attorney's fees as allowed by law and such further and additional relief as this

21   Court may deem just and proper. The statement in the last sentence of the "WHEREFORE"

22   paragraph following paragraph 164 sets forth a conclusion of law for which no response is

23   required.

24      165.    Monsanto incorporates by reference its responses to paragraphs 1 through 164 in

25   response to paragraph 165 of plaintiffs' Complaint.

26      166.    In response to the allegations in paragraph 166, Monsanto lacks information or

27   knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

28   exposed to Roundup®-branded products and therefore denies those allegations. Monsanto

1   denies the remaining allegations in paragraph 166.

2       167.    Monsanto lacks information or knowledge sufficient to form a belief as to the

3   truth of the allegations in paragraph 167 and therefore denies those allegations.

4       168.    Monsanto denies the allegations in paragraph 168.

5       169.    Monsanto denies the allegations in paragraph 169.

6       170.    Monsanto denies the allegations in paragraph 170.

7       171.    Monsanto denies the allegations in paragraph 171, including each of its subparts.

8       172.    Monsanto denies the allegations in paragraph 172.

9       173.    Monsanto denies that Roundup®-branded products have "dangerous

10   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the remaining allegations in paragraph 173 and therefore denies those allegations.

12       174.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13   truth of the allegations in paragraph 174 and therefore denies those allegations.

14       175.    Monsanto denies the allegations in paragraph 175.

15       176.    The allegations in paragraph 176 set forth conclusions of law for which no

16   response is required.

17       177.    Monsanto denies the allegations in paragraph 177.

18       178.    Monsanto denies the allegations in paragraph 178.

19       179.    Monsanto denies the allegations in paragraph 179.

20       180.    Monsanto denies the allegations in paragraph 180.

21       181.    Monsanto denies the allegations in paragraph 181.

22       182.    Monsanto denies the allegations in paragraph 182.

23       183.    Monsanto denies the allegations in paragraph 183.

24       184.    Monsanto denies the allegations in paragraph 184.

25       185.    Monsanto denies the allegations in paragraph 185.

26       186.    Monsanto denies the allegations in paragraph 186.

27       In response to the first sentence of the "WHEREFORE" paragraph following paragraph

28   186, Monsanto demands that judgment be entered in its favor and against plaintiffs; that

1    plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

2    and reasonable attorney's fees as allowed by law and such further and additional relief as this

3    Court may deem just and proper. The statement in the last sentence of the "WHEREFORE"

4    paragraph following paragraph 186 sets forth a conclusion of law for which no response is

5    required.

6        187.    Monsanto incorporates by reference its responses to paragraphs 1 through 186 in

7    response to paragraph 187 of plaintiffs' Complaint.

8        188.    The allegations in paragraph 188 set forth conclusions of law for which no

9    response is required.

10       189.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations in paragraph 189 and therefore denies those allegations.

12       190.    Monsanto denies the allegations in paragraph 190.  All labeling of Roundup®-

13   branded products has been and remains EPA-approved and in compliance with all federal

14   requirements under FIFRA.

15       191.    Monsanto denies the allegations in paragraph 191.

16       192.    Monsanto denies the allegations in paragraph 192.  All labeling of Roundup®-

17   branded products has been and remains EPA-approved and in compliance with all federal

18   requirements under FIFRA.

19       193.    Monsanto denies the allegations in paragraph 193.  All labeling of Roundup®-

20   branded products has been and remains EPA-approved and in compliance with all federal

21   requirements under FIFRA and with Florida law.

22       194.    Monsanto denies the allegations in paragraph 194.

23       195.    Monsanto denies the allegations in paragraph 195.

24       196.    The allegations in paragraph 196 set forth conclusions of law for which no

25   response is required.

26       197.    Monsanto denies the allegations in paragraph 197.

27       198.    Monsanto denies the allegations in paragraph 198.

28       199.    Monsanto denies the allegations in paragraph 199.

1    200.    Monsanto denies the allegations that Roundup®-branded products are defective

2    and accordingly denies the allegations in paragraph 200.

3    201.    The allegations in paragraph 201 set forth conclusions of law for which no

4    response is required.

5    202.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in paragraph 202 and therefore denies those allegations.

7    203.    Monsanto denies the allegations in paragraph 203.

8    204.    Monsanto denies the allegations in paragraph 204.

9    205.    Monsanto denies the allegations in paragraph 205.

10    206.    Monsanto denies the allegations in paragraph 206.

11    207.    Monsanto denies the allegations in paragraph 207.

12    In response to the first sentence of the "WHEREFORE" paragraph following paragraph

13    207, Monsanto demands that judgment be entered in its favor and against plaintiffs; that

14    plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

15    and reasonable attorney's fees as allowed by law and such further and additional relief as this

16    Court may deem just and proper. The statement in the last sentence of the "WHEREFORE"

17    paragraph following paragraph 207 sets forth a conclusion of law for which no response is

18    required.

19    208.    Monsanto incorporates by reference its responses to paragraphs 1 through 207 in

20    response to paragraph 208 of plaintiffs' Complaint.

21    209.    The allegations in paragraph 209 set forth conclusions of law for which no

22    response is required.

23    210.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24    truth of the allegations in paragraph 210 and therefore denies those allegations.

25    211.    Monsanto denies the allegations in paragraph 211.  All labeling of Roundup®-

26    branded products has been and remains EPA-approved and in compliance with all federal

27    requirements under FIFRA.

28    212.    Monsanto denies the allegations in paragraph 212.

213.   Monsanto denies the allegations in paragraph 213.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

214.   Monsanto denies the allegations in paragraph 214.

215.   Monsanto denies the allegations in paragraph 215.

216.   The allegations in paragraph 216 set forth conclusions of law for which no response is required.

217.   Monsanto denies the allegations in paragraph 217.

218.   Monsanto denies the allegations in paragraph 218.

219.   Monsanto denies the allegations in paragraph 219.

220.   Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 220.

221.   The allegations in paragraph 221 set forth conclusions of law for which no response is required.

222.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 222 and therefore denies those allegations.

223.   Monsanto denies the allegations in paragraph 223.

224.   Monsanto denies the allegations in paragraph 224.

225.   Monsanto denies the allegations in paragraph 225.

226.   Monsanto denies the allegations in paragraph 226.

227.   Monsanto denies the allegations in paragraph 227.

228.   Monsanto denies the allegations in paragraph 228.

In response to the first sentence of the "WHEREFORE" paragraph following paragraph 228, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 228 sets forth a conclusion of law for which no response is

1   required.

2        229.    Monsanto incorporates by reference its responses to paragraphs 1 through 228 in

3   response to paragraph 229 of plaintiffs' Complaint.

4        230.    Monsanto denies the allegations in paragraph 230.  Additionally, the allegations

5   in the last sentence in paragraph 230 set forth conclusions of law for which no response is

6   required.

7        231.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8   truth of the allegations in paragraph 231 concerning the plaintiff's claimed use of Roundup®-

9   branded products and therefore denies those allegations.  The remaining allegations in paragraph

10  231 set forth conclusions of law for which no response is required.

11       232.    The allegations in paragraph 232 set forth conclusions of law for which no

12  response is required.

13       233.    Monsanto denies the allegations in paragraph 233.

14       234.    The allegation in paragraph 234 regarding a purported implied warranty sets forth

15  a conclusion of law for which no response is required.  Monsanto lacks information or

16  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

17  234 and therefore denies those allegations.

18       235.    Monsanto lacks information or knowledge sufficient to form a belief as to the

19  truth of the allegations in paragraph 235 concerning the condition of any Roundup®-branded

20  product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore

21  denies the allegations in paragraph 235.

22       236.    Monsanto denies the allegations in paragraph 236.

23       237.    Monsanto denies the allegations in paragraph 237.

24       238.    Monsanto denies the allegations in paragraph 238.

25       In response to the first sentence of the "WHEREFORE" paragraph following paragraph

26  238, Monsanto demands that judgment be entered in its favor and against plaintiffs; that

27  plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

28  and reasonable attorney's fees as allowed by law and such further and additional relief as this

1    Court may deem just and proper. The statement in the last sentence of the "WHEREFORE"

2    paragraph following paragraph 238 sets forth a conclusion of law for which no response is

3    required.

4         239.    Monsanto incorporates by reference its responses to paragraphs 1 through 238 in

5    response to paragraph 239 of plaintiffs' Complaint.

6         240.    In response to the allegations in paragraph 240, Monsanto admits that it has

7    manufactured, distributed, advertised, promoted, and sold Roundup®-branded products.

8         241.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 241 concerning plaintiff's claimed use of Roundup®-branded

10   products and therefore denies those allegations.  Monsanto admits that it has sold glyphosate

11   based herbicides in accordance with their EPA-approved labeling.  The remaining allegations in

12   paragraph 241 set forth conclusions of law for which no response is required.

13        242.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations in paragraph 242 concerning plaintiff's foreseeable use of Roundup®-

15   branded products and therefore denies those allegations.  The remaining allegations in paragraph

16   242 set forth conclusions of law for which no response is required.

17        243.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18   truth of the allegations in paragraph 243 and therefore denies those allegations.

19        244.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 244 and therefore denies those allegations.

21        245.    The allegations in paragraph 245 set forth conclusions of law for which no

22   response is required.

23        246.    The allegations in paragraph 246 set forth conclusions of law for which no

24   response is required.

25        247.    Monsanto denies the allegations in paragraph 247.

26        248.    Monsanto denies the allegations in paragraph 248.

27        249.    Monsanto denies the allegations in paragraph 249.

28        250.    Monsanto denies the allegations in paragraph 250.

251.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 251 regarding plaintiff's reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 251.

252.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 252 regarding reliance by plaintiff and others and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 252.

253.     Monsanto denies the allegations in paragraph 253.

254.     Monsanto denies the allegations in paragraph 254.

255.     Monsanto denies the allegations in paragraph 255.

256.     Monsanto denies the allegations in paragraph 256.

257.     Monsanto denies the allegations in paragraph 257.

In response to the allegations in the first sentence of the "WHEREFORE" paragraph following paragraph 257, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 257 sets forth a conclusion of law for which no response is required.

258.     Monsanto incorporates by reference its responses to paragraphs 1 through 257 in response to paragraph 258 of plaintiffs' Complaint.

259.     In response to the allegations in paragraph 259 and its subparts, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic, and non-genotoxic when used in accordance with the products' EPA approved labeling.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff and therefore denies those allegations.  The remaining allegations in paragraph 259 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

260.     Monsanto denies the allegations in paragraph 260.

261.     Monsanto denies the allegations in paragraph 261.

262.    Monsanto denies the allegations in paragraph 262.

263.    Monsanto denies the allegations in paragraph 263.

264.    Monsanto denies the allegations in paragraph 264.

In response to the first sentence of the "WHEREFORE" paragraph following paragraph 264, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 264 sets forth a conclusion of law for which no response is required.

265.    Monsanto incorporates by reference its responses to paragraphs 1 through 264 in response to paragraph 265 of plaintiffs' Complaint.

266.    Monsanto admits that plaintiffs purport to bring certain claims alleged in paragraph 266 of the Complaint but denies any liability as to those claims.

267.    Monsanto denies the allegations in paragraph 267.

268.    Monsanto denies the allegations in paragraph 268.

269.    Monsanto denies the allegations in paragraph 269.

270.    Monsanto denies the allegations in paragraph 270.

271.    Monsanto denies the allegations in paragraph 271.

272.    Monsanto denies the allegations in paragraph 272.

273.    Monsanto denies the allegations in paragraph 273.

274.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 274 regarding plaintiffs' actions, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 274.

275.    Monsanto denies the allegations in paragraph 275.

276.    Monsanto denies the allegations in paragraph 276.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

1    277.    Monsanto denies the allegations in paragraph 277.

2    278.    The allegations in paragraph 278 set forth conclusions of law for which no

3    response is required.

4    279.    The allegations in paragraph 279 set forth conclusions of law for which no

5    response is required.

6    280.    The allegations in paragraph 280 set forth conclusions of law for which no

7    response is required.

8    281.    Monsanto denies the allegations in paragraph 281.

9    282.    Monsanto denies the allegations in paragraph 282.

10   283.    Monsanto denies the allegations in paragraph 283.

11   284.    Monsanto denies the allegations in paragraph 284.

12   285.    Monsanto denies the allegations in paragraph 285.

13   286.    Monsanto denies the allegations in paragraph 286.

14   287.    Monsanto denies the allegations in the first sentence of paragraph 287.  Monsanto

15   admits that plaintiffs purport to bring an action for damages allegedly related to exposure to

16   Roundup®-branded products but denies any liability as to that claim.

17       In response to the first sentence of the "WHEREFORE" paragraph following paragraph

18   287, Monsanto demands that judgment be entered in its favor and against plaintiffs; that

19   plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

20   and reasonable attorney's fees as allowed by law and such further and additional relief as this

21   Court may deem just and proper. The statement in the last sentence of the "WHEREFORE"

22   paragraph following paragraph 287 sets forth a conclusion of law for which no response is

23   required.

24   288.    Monsanto incorporates by reference its responses to paragraphs 1 through 287 in

25   response to paragraph 288 of plaintiffs' Complaint.

26   289.    Monsanto denies the allegations in paragraph 289,

27       In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

28   denies that plaintiffs are entitled to the relief sought therein, including any judgment for any

- 27 -

1    damages, interest, costs, or any other relief whatsoever.

2         Every allegation in the Complaint that is not specifically and expressly admitted in this

3    Answer is hereby specifically and expressly denied.

4                    **SEPARATE AND AFFIRMATIVE DEFENSES**

5         1.       The Complaint, in whole or part, fails to state a claim or cause of action upon

6    which relief can be granted.

7         2.       Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically

8    reliable evidence that the products at issue were defective or unreasonably dangerous.

9         3.       Any alleged negligent or culpable conduct of Monsanto, none being admitted,

10   was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

11   plaintiffs' alleged injuries.

12        4.       Plaintiffs' claims are barred, in whole or in part, because the products at issue

13   were designed, manufactured, marketed and labeled with proper warnings, information, cautions

14   and instructions, in accordance with the state of the art and the state of scientific and

15   technological knowledge.

16        5.       Plaintiffs' claims are barred, in whole or in part, because the products at issue

17   were not defective or unreasonably dangerous in that they complied with, at all relevant times,

18   all applicable government safety standards.

19        6.       Any claims based on allegations that Monsanto misled, defrauded, made

20   misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

21   *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

22   *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

23        7.       Plaintiffs' claims are preempted, in whole or in part, by applicable federal law

24   relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

25   processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

26        8.       Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA

27   findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

28   product labeling.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiffs' claims are preempted or otherwise barred in whole or in or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the California Constitution, the Ohio Constitution, and/or other applicable state constitutions.

19.     Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under California law, Ohio law and/or other applicable state laws.

20.     Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Ohio Rev. Code Ann. § 2315.21.

21.     Plaintiffs' claims are barred in whole or in part by plaintiffs' contributory/comparative negligence.

22.     Plaintiffs' claims are barred in whole or in part by plaintiffs' failure to mitigate damages.

23.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs receive from collateral sources

25.     If plaintiffs have been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

28.     Plaintiffs have failed to allege fraud with sufficient particularity

29.     Plaintiffs' common law claims are barred, in whole or in part, by application of the Ohio Products Liability Act ("OPLA"), Ohio Rev. Code Ann. §§ 2307.71-2307.80.

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

1          **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

2   plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and

3   such other relief as the Court deems equitable and just.

4                                 <u>**JURY TRIAL DEMAND**</u>

5          Monsanto demands a jury trial on all issues so triable.

6

7   DATED:  September 24, 2020                  Respectfully submitted,

8                                              /s/ Eric G. Lasker
                                               Joe G. Hollingsworth (*pro hac vice*)
9                                              (jhollingsworth@hollingsworthllp.com)
                                               Eric G. Lasker (*pro hac vice*)
10                                             (elasker@hollingsworthllp.com)
                                               HOLLINGSWORTH LLP
11                                             1350 I Street, N.W.
                                               Washington, DC  20005
12                                             Telephone:  (202) 898-5800
                                               Facsimile:   (202) 682-1639
13
                                               *Attorneys for Defendant*
14                                             *MONSANTO COMPANY*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-06188-VC