Pages 1 - 13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE VINCE CHHABRIA

| | |
|---|---|
| IN RE:  ROUNDUP PRODUCTS<br>LIABILITY LITIGATION<br><br>_____ | ) No. 16-MD-2741 VC<br>)<br>) San Francisco, California<br>) Thursday<br>) September 24, 2020<br>) 11:00 a.m.<br>) |

**TRANSCRIPT OF ZOOM VIDEO CONFERENCE PROCEEDINGS**

**APPEARANCES VIA ZOOM:**

**For Plaintiffs:**         THE MILLER FIRM LLC
                            108 Railroad Avenue
                            Orange, Virginia 22960
                    **BY:   JOSEPH MICHAEL MILLER, ESQ.**


                            WEITZ & LUXENBERG P.C.
                            700 Broadway
                            New York, New York 10003
                    **BY:   ROBIN L. GREENWALD, ESQ.**


                            BAUM HEDLUND ARISTEI AND GOLDMAN P.C.
                            10940 Wilshire Boulevard.
                            17th Floor
                            Los Angeles, California 90024
                    **BY:   MICHAEL L. BAUM, ESQ.**
                            **ROBERT BRENT WISNER, ESQ.**


                **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**


*Reported By:*   *Debra L. Pas, CSR 11916, CRR, RMR, RPR*
                 *Official Reporter - US District Court*
                 *Computerized Transcription By Eclipse*

*Debra L. Pas, CSR, RPR, RMR, CRR*
*Official Reporter - U.S. District Court - San Francisco*
*(415) 431-1477*

```
 1   APPEARANCES:   (CONTINUED)

 2   For Plaintiffs:          ANDRUS ANDERSON LLP
                              155 Montgomery Street
 3                            Suite 900
                              San Francisco, California 94104
 4                      BY:   LORI E. ANDRUS, ESQ.

 5


 6   For Defendants:          ARNOLD PORTER KAYE SCHOLER LLP
                              601 Massachusetts Avenue NW
 7                            Washington, DC 20001
                        BY:   WILLIAM HOFFMAN, ESQ.
 8

 9                            Wilkinson Walsh
                              2001 M. Street NW.
10                            10th Floor
                              Washington, DC 20036
11                      BY:   BRIAN L. STEKLOFF, ESQ.

12

13   Also Present:            KENNETH FEINBERG, SPECIAL MASTER

14                                     - - -
```

*Debra L. Pas, CSR, RPR, RMR, CRR*
*Official Reporter - U.S. District Court - San Francisco*
*(415) 431-1477*

```
1    Thursday - September 24, 2020                      11:02 a.m.
2                         P R O C E E D I N G S
3                              ---oOo---
4         THE CLERK:  Calling Case No. 16-MD-2741, In Re
5    Roundup Products Liability Litigation.
6         Counsel for the plaintiff, please state your appearances
7    for the record.
8         MR. MILLER:  Good morning, Your Honor.  Michael
9    Miller.
10        MS. GREENWALD:  Good morning, Your Honor.  Robin
11   Greenwald.
12        MR. BAUM:  Michael Baum for plaintiffs.
13        MR. WISNER:  Brent Wisner on behalf of the
14   plaintiffs.
15        SPECIAL MASTER FEINBERG:  Special Master Kenneth
16   Feinberg.
17        MS. ANDRUS:  Lori Andrus on behalf of plaintiffs.
18   Good morning, Your Honor.
19        THE CLERK:  For defendants?
20        MR. HOFFMAN:  William Hoffman for Monsanto.
21        MR. STEKLOFF:  Good morning, Your Honor.  Brian
22   Stekloff.
23        THE COURT:  Good morning everyone.
24        I read the statement that you all filed.  I believe
25   Mr. Feinberg wanted to start with a brief update, which would
```

1  be great.

2  **SPECIAL MASTER FEINBERG:** Thank you, Your Honor.

3  Since our last status conference, where there were discussions about the settlement of the MDL docket and the national settlements involving Bucket 2, those lawyers who had handshakes with Monsanto, no formal document formalizing the settlements, I'm pleased to report that Buckets 1-E and 2 have now been virtually settled, documented. Those who had objected during our last status conference, it's my understanding that resolved their claims in their entirety.

And there is also a concerted effort now underway as to the Bucket 3, MDL docket, as well as cases in state courts that are now the subject of a Monsanto undertaking to settle those cases, hopefully, with the assistance of the PSC lawyer representatives.

I would ask first Ms. Greenwald of the PSC, the Weitz & Luxenberg firm, to provide Your Honor with a statistical update as to where we are with that MDL docket, and perhaps other cases as well.

And then I would ask William Hoffman, representing Monsanto, to provide Your Honor with a status update on efforts to complete Bucket 3 settlements and try and clear out the docket.

And if that's okay, that's my brief update. And now I'd like to ask Robin Greenwald and then William Hoffman to speak.

1           **THE COURT:**  Great.  Thank you.

2           **MS. GREENWALD:**  Good morning.  I wonder if maybe
3   Mr. Hoffman should go first because the stats that I had last
4   time are pretty much the same because I don't know what's been
5   done, some of the one and two person cases.  So maybe it would
6   be best if I just deferred to William to go first.  And then if
7   I --

8           **THE COURT:**  Okay.

9           **MS. GREENWALD:**  That might make more sense.  If
10  that's okay with you, William.

11          **MR. HOFFMAN:**  Yes.  I think that makes sense.

12      Good morning, Your Honor.  So as Special Master Feinberg
13  indicated, and as I know Your Honor is aware, the company has
14  moved forward and finalized several agreements with firms
15  nationally within the MDL proceeding, including the three
16  remaining PSC firms.  We're also hopefully going to finalize
17  some additional agreements in the next several days.

18      Where we are right now -- and, again, as I said last time
19  and Ms. Greenwald also emphasized -- these figures are somewhat
20  estimates, but I think they are reasonably close.  There are
21  approximately 1750 cases that are subject to agreements between
22  the company and law firms and another approximately 1850 to
23  1900 cases that are in various stages of discussion right now.

24      And as Special Master Feinberg noted, we are working to
25  put in place a program to accelerate discussions and hopefully

```
1    bring agreements to fruition with those firms.
2         There are a lot of discussions that are already going on
3    with those firms.  They are in different places.  There are
4    some of the firms with larger case loads in that group, and
5    then there are firms where we need to start the process.  They
6    tend to be firms that have a much smaller number of cases.  We
7    intend to share with the Special Master a list of firms in
8    those categories and work with him to set some priorities for
9    that work.
10        We're also aware that members of the Plaintiffs' Steering
11   Committee have offered to help in this process, have expressed
12   their willingness to help facilitate some of those discussions.
13   Ms. Wagstaff has already jumped in on a couple of the
14   discussions we're having and has been a positive force in
15   those.  And to the degree that others on this call, my
16   colleagues, think that they can be helpful, we are amenable and
17   supportive of those efforts.
18        So I think what we need to do is get on our bicycles and
19   keep moving forward.  Special Master Feinberg has made that
20   clear to me repeatedly, and we will be ready to do that at some
21   point this week or early next week.
22        And so I would propose, Your Honor, that we just report
23   back to you on that at the next conference.  Though, of course,
24   you can get interim updates from the Special Master, as I know
25   you periodically do.
```

*Debra L. Pas, CSR, RPR, RMR, CRR*
*Official Reporter - U.S. District Court - San Francisco*
*(415) 431-1477*

```
 1              THE COURT:  Okay.
 2              SPECIAL MASTER FEINBERG:  Ms. Greenwald, do you have
 3   anything to add to what William said?
 4              MS. GREENWALD:  I don't.  Unless the Court has
 5   questions, I do not.
 6              MR. WISNER:  Your Honor, Brent Wisner here.
 7       I just wanted to let you know there is actually a handful
 8   of cases in Wave I and the Wave II tranches that actually are
 9   not settled yet, but we anticipate they will be shortly.  I
10   just wanted to make that clear because it's just -- it's
11   technical, but it's important.  So it's on the record.
12              THE COURT:  Okay.  So in light of what everybody has
13   just said, I think that it -- you know, I'm comfortable
14   sticking with my original decision to stay the litigation for
15   60 days.  That is 60 days from the time that I made the
16   decision, which I believe was about a month ago.
17       So when is the stay currently set to expire?
18              MR. HOFFMAN:  I believe, Your Honor, it's November
19   2nd; but if I have that wrong, one of my colleagues will
20   correct me.
21              THE COURT:  That sounds familiar to me, November 2nd.
22       Okay.  And then so you've begun to discuss how we will
23   resume starting on November 2nd.  And the idea is that it's --
24   I believe you've all expressed that these cases that are in
25   Wave I, not to be confused with Bucket 1, the settlements, but
```

1    Wave I of the cases that will be potentially sent to their home
2    districts for trial, after being worked up on summary judgment,
3    those are ready for a ruling as I recall; right?
4         There is nothing further that you all need to do with
5    respect to the Wave I cases.  It's just that I was getting
6    ready to issue a ruling on the Wave I cases and sending those
7    cases back for trial in the other districts in California and
8    in Nebraska, if I remember correctly; right?  And so you
9    just -- on that one you just need a ruling from me.
10        So that -- that is fairly easy; right?  Once November 2nd
11   rolls around, I can start working on those again, refresh my
12   recollection as to where I was on those before you -- before
13   the settlement was announced, and start sending cases back to
14   trial, to the extent that they survive summary judgment.
15        And on those cases, do I need to be receiving a list from
16   you of which of them have settled and which have not?
17             **MR. HOFFMAN:**  I think what makes sense there, Your
18   Honor, is for us to update you perhaps with a submission
19   sometime in the next several weeks, I think, subject to the
20   caveat that Mr. Wisner appropriately made.
21        Many of the Wave I cases are subject to agreements, but
22   not all of them.  And, of course, in the establishment of
23   priorities --
24             **THE COURT:**  Hold on a second.
25        So, Mr. Wisner, were you referring to Wave I or Bucket 1?

|   |   |
|---|---|
| 1 | **MS. WISNER:** Wave I, Your Honor. |
| 2 | **THE COURT:** Wave I, okay. |
| 3 | And what you said about the Wave I cases is that most of |
| 4 | them are settled, and a few of them -- a few of them remain, |
| 5 | but you anticipate that they will be settled as well? |
| 6 | **MS. WISNER:** That's correct, Your Honor. |
| 7 | **THE COURT:** Okay. |
| 8 | **MR. HOFFMAN:** There are a couple of Wave I cases, |
| 9 | Your Honor, that are not cases in which the plaintiff is |
| 10 | represented by members of the Plaintiffs' Steering Committee, |
| 11 | so we need to work on those. |
| 12 | But the basic message is that many of them are already |
| 13 | subject to agreement, and a handful we need to be working on in |
| 14 | the next month. |
| 15 | **THE COURT:** Okay. So what we'll do is we'll have a |
| 16 | further case management conference -- further status conference |
| 17 | on, let's see here. |
| 18 | The stay expires on November 2nd, so we will have a -- oh, |
| 19 | look at that. We already have a case management conference |
| 20 | scheduled for November 9th. So that's perfect. |
| 21 | You can file a case management conference -- another |
| 22 | statement on November 2nd. We will meet again on November 9th. |
| 23 | And one of the things you will tell me in your case |
| 24 | management conference statement that you file on November 2nd |
| 25 | is whether there are any Wave I cases left; and if so, what are |

1   they, so that I can start working on those right away to get
2   them either -- get the summary judgment motions decided and, if
3   appropriate, get them sent back to their home districts for
4   trial.
5               **SPECIAL MASTER FEINBERG:**  This is the Special Master,
6   Judge.
7       My optimism knows no bounds, and I am confident that that
8   will be unnecessary because I believe the Wave I and the
9   Bucket 3 cases periodically, but they will be settled, and it
10  won't necessitate your sending cases back.
11              **THE COURT:**  Okay.
12              **SPECIAL MASTER FEINBERG:**  That's just a prediction,
13  not a promise.
14              **THE COURT:**  Great.
15      So then the parties will just let us know whether there
16  are any left; and if so, what are they.
17      Then with respect to the Wave II cases, which -- I don't
18  remember the states.  Was one state, like, North Carolina; is
19  that right?
20              **MS. GREENWALD:**  And Illinois.
21              **THE COURT:**  North Carolina and Illinois?
22      And I believe you said in your statement that you filed
23  last week that Wave II -- that everybody agrees that Wave II
24  should be extinguished or disbanded, or whatever you want to
25  call it, because there are very few cases left in Wave II

```
 1  already; is that correct?
 2           MS. GREENWALD:  That's Wave III, Your Honor.
 3           THE COURT:  Oh, that was Wave III.  All right.
 4           MS. GREENWALD:  Yes.
 5           MS. WAGSTAFF:  Your Honor, Wave II had extended
 6  deadlines due to COVID, and about a week before discovery ended
 7  you put in your stay.
 8       So what we ask for in Wave II is just that you look at
 9  your last set of deadlines and extend them and set new ones
10  appropriately.
11           THE COURT:  Okay.  So in the next statement you all
12  should make a proposal for what those deadlines should be to
13  complete discovery and get us to the point where we can send
14  the Wave II cases back to their home states for trial as well,
15  to the extent that there are any left.
16       And then Wave III, you said we should give up on and kind
17  of start over on creating the next wave of cases to work up; is
18  that right?
19           MS. WAGSTAFF:  Yes, Your Honor.
20           THE COURT:  All right.  So remind me, Wave III, had
21  we picked states yet and had we had discovery?  Was discovery
22  underway in those cases and everything?
23           MS. WAGSTAFF:  We had picked states.  I believe they
24  were Hawaii and Texas.
25       Most of the Hawaii cases were in Mr. Miller's inventory,
```

1   which is now settled, which is why we would like to either pick
2   new states or start over.
3         And I believe discovery started, but not really in
4   earnest.
5             **THE COURT:**  Okay.  So in the next case management
6   conference statement you should submit a proposal for a new
7   wave -- we can consider Wave III, you know, crashed, and you
8   can submit a proposal in the case management statement for what
9   the new Wave III is going to be.
10            **MR. MILLER:**  Yes, Your Honor.
11            **THE COURT:**  And then the only other thing to do at
12  that point, in November, would be to set a trial date for the
13  Gebeyehou case, if it's not -- if it's still around.
14        And I know that we need a -- you still need a ruling,
15  summary judgment ruling from me, but in the meantime we will
16  set it for trial on November 9th, if it's still around.
17        Is there anything else that I should make sure to get from
18  you in the next case management conference statement?
19        (No response.)
20            **THE COURT:**  No?
21        Okay.  Great.
22        Well, thank you very much.  And before we leave, is there
23  anything else that anybody needs to say?
24        (No response.)
25            **THE COURT:**  No?  Okay.

```
1      Mr. Wisner?  Sure?
2           MS. WISNER:  Yes, Your Honor.  I'm good.  Thank you.
3           THE COURT:  How unusual.
4      Okay.  We'll see you next time.
5           MR. HOFFMAN:  Thank you, Your Honor.
6           MS. WISNER:  Thank you very much, Your Honor.
7      (Proceedings adjourned.)
```

*Debra L. Pas, CSR, RPR, RMR, CRR*
*Official Reporter - U.S. District Court - San Francisco*
*(415) 431-1477*

**CERTIFICATE OF OFFICIAL REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

*Debra L. Pas*
_____

Debra L. Pas, CSR 11916, CRR, RMR, RPR

Friday, September 25, 2020