Karen Barth Menzies (CA SBN 180234)
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
kbm@classlawgroup.com

Fletcher V. Trammell, Esq. (*pro hac vice* to be submitted)
Melissa Binstock Ephron, Esq. (*pro hac vice* to be submitted)
TRAMMELL, PC
3262 Westheimer Rd., Ste. 423
Houston, TX 77098
Tel: (800) 405-1740
Fax: (800) 532-0992
fletch@trammellpc.com
melissa@trammellpc.com

Alexander G. Dwyer (*pro hac vice* to be submitted)
Andrew F. Kirkendall (*pro hac vice* to be submitted)
Erin M. Wood (*pro hac vice* to be submitted)
KIRKENDALL DWYER LLP
4343 Sigma Rd, Suite 200
Dallas, TX 75244
Tel: 214-271-4027
Fax: 214-253-0629
ad@kirkendalldwyer.com
ak@kirkendalldwyer.com
ewood@kirkendalldwyer.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Roybal v. Monsanto Co., et al.,*<br>Case No. 3:20-cv-06235 | MDL No. 2741<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hon. Vince Chhabria<br>Date: November 5, 2020<br>Time: 10:00 a.m.<br>Courtroom: 4 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on November 5, 2020, at 10:00 AM, or as soon thereafter as counsel may be heard by the above-entitled Court, located at San Francisco Courthouse, Courtroom 4 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, in the courtroom of Judge Vince Chhabria, plaintiff will and hereby does move the Court for an Order remanding this action to the Superior Court of the State of California, County of San Francisco.

This motion is brought on the following grounds: (1) that Defendants cannot meet their burden of demonstrating that diversity of citizenship exists under 28 U.S.C. § 1332, and (2) Defendants Wilbur-Ellis Co., LLC and Wilbur-Ellis Nutrition, LLC (formerly Wilbur-Ellis Feed, LLC) were not fraudulently joined so 28 U.S.C. 1441(b) prevents removal of this case. This motion is based on the attached Memorandum of Points and Authorities, the papers and pleadings on file herein, and upon such further evidence, oral or documentary, as may be presented at the hearing of this motion.

Dated:  October 1, 2020                    **GIBBS LAW GROUP LLP**

By: */s/  Karen Barth Menzies*

Karen Barth Menzies
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, CA  94612
Tel: (510) 350-9700
Fax: (510) 350-9701
kbm@classlawgroup.com
*Attorneys for Plaintiff*

**NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES**

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

3

4

5

6

Monsanto's notice of removal is substantively improper, and this action must be remanded to state court. The case at bar involves a suit brought in California state court against Monsanto, Wilbur-Ellis Company, Wilbur-Ellis Feed, and DOES defendants for injuries sustained as a result of Plaintiff's use and exposure to Monsanto's Roundup products.

7

8

9

10

Plaintiff, Shirley Roybal, is and has been a California resident for all appliable times relevant to this action. Both Wilbur-Ellis Company and Wilbur-Ellis Feed have their principal place of business in California, as Monsanto admits. As such, complete diversity is lacking, and federal jurisdiction is lacking in this case as a result.

11

12

13

While admitting that complete diversity does not exist, Monsanto attempts to remove this case on the bases of fraudulent joinder. For the reasons stated herein, this argument is untenable and should be rejected in favor of immediate remand.

14

15

## FACTUAL BACKGROUND AND PROCEDRUAL HISTORY

16

17

18

19

20

Shirley Roybal ("Plaintiff") was exposed to Roundup from 1978 until 2004 when she applied the product to her half acre California residence. On or about March 2, 2019, Plaintiff was diagnosed with non-Hodgkin lymphoma, proximately caused by her Roundup use and exposure. Suit was filed on Plaintiff's behalf on July 31, 2020. Monsanto then filed a notice of removal on September 3, 2020.

21

## ARGUMENT

22

## I.      SUBSTANTIVE REQUIREMENTS FOR REMOVAL ARE NOT SATISFIED.

23

24

Monsanto agrees that complete diversity is lacking on the face of the complaint, clearly lending to Plaintiff's argument that this case should be remanded.

25

26

27

28

A federal court can exercise removal jurisdiction over a case only if it would have had jurisdiction over the case as originally brought by the plaintiff. *Snow v. Ford Motor Co.,* 561 F.2d 787, 789 (9th Cir.1977); *see also* 28 U.S.C. § 1441. Removal based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 requires complete diversity of citizenship (i.e., all plaintiffs must be

NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES

of different citizenship than all defendants). *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir.2001); *see also* 28 U.S.C. § 1332. Removal is not permitted where one of the defendants "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

Further, the Ninth Circuit has long held that it is the burden of the party seeking removal to establish federal jurisdiction, *Holcomb v. Bingham Toyota,* 871 F.2d 109, 110 (9th Cir.1989), and there is a "strong presumption against removal jurisdiction." *Abrego Abrego v. Dow Chem. Co.,* 443 F.3d 676, 685 (9th Cir.2006). In fact, removal jurisdiction should be strictly construed in favor of remand, *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941)), and the law is clear that there must be *no doubt* that jurisdiction exists. If doubt exists, remand is required. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is *any doubt* as to the right of removal.") (emphasis added). "Doubts as to removability must be resolved in favor of remanding the case to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Regarding the case at bar, Monsanto agrees that the Wilbur-Ellis entities are citizens of the State of California. Monsanto Company's Notice of Removal, ¶ 16. Plaintiff, also, is and has been a citizen of the State of California for all times appliable to this action. As such, on the face of the complaint, diversity jurisdiction is lacking, and Plaintiff's case must be remanded to state court.

## II.    THE WILBUR-ELLIS ENTITIES ARE NOT FRADULENTLY JOINED.

Faced with an obvious lack of diversity in this case, Monsanto seeks to employ the doctrine of fraudulent joinder to remove this case to federal court. This argument must fail.

Fraudulent joinder constitutes an exception to the requirement of complete diversity. This doctrine holds that, where a non-diverse defendant has been "fraudulently joined," the court disregards that defendant and recognizes complete diversity. *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2000). However, fraudulent joinder only exists "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Further, a defendant must show that the joinder was fraudulent by "clear and convincing evidence," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). In determining whether a defendant was joined fraudulently, a court must resolve "all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (quoting *Dodson v. Spiliada*, 951 F.2d 40, 42-43 (5th Cir. 1992)).

Indeed, the district court must remand if there is a "non-fanciful possibility" that the plaintiff can state a claim against the non-diverse defendant. *See Vu v. Ortho–McNeill Pharm., Inc.*, 602 F.Supp.2d 1151, 1154 (N.D. Cal. 2009) (citation omitted). The relevant inquiry is whether the plaintiff could state a claim against the non-diverse defendant on any legal theory. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

When determining if a non-diverse defendant has been fraudulently joined, the court may look beyond the pleadings and consider summary judgment-type evidence such as deposition testimony and affidavits. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995) ("[F]raudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony."). Thus, the defendant seeking removal is free to present as many facts as he wishes in order to show fraudulent joinder. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

Regarding the case at bar, Monsanto avers that "Wilbur-Ellis Company is (and has been) in the business of, among other things, distributing and selling certain pesticides and herbicides, including certain glyphosate-based herbicide products." Hushbeck Declaration, ¶ 6. However, Monsanto also alleges that Wilbur-Ellis is involved in a limited market only, not distributing to outlets that sell to the general public. As such, the claim is that Wilbur-Ellis was not involved in the distribution chain that distributed Roundup to Plaintiff or to which Plaintiff was exposed and cannot be liable under a product liability theory as a result. As shown below, Monsanto's argument is simply untenable. Wilbur-Ellis is a massive company with a massive reach, constantly touting itself as a leader in distribution, marketing itself as a solution for *everyone*, and engaging in Pac-Mac like consumption of other entities to make itself grow. Given

this, Wilbur-Ellis was quite certainly involved in the distribution of Round that Plaintiff used or was exposed to, and the Court should resolve this question of fact in Plaintiff's favor.

## A. WEBSITE CONTRADICTIONS

First, the allegation that Wilbur-Ellis only distributes to a limited market contradicts statements found all over Wilbur-Ellis' website. For example, Wilbur-Ellis boasts that it is a "global service leader"[1] in precision agriculture technology and products. Wilbur-Ellis further touts that its companies are "leading international marketers and distributors" [2] of agricultural products, animal nutrients and specialty chemicals and ingredients, with "sales now over $3 billion."[3] Wilbur-Ellis also states that its unique expertise allows for the "tailor[ing] of solutions to *every* crop, grower and field."[4] (emphasis added). Nowhere on its website does Wilbur-Ellis claim it caters to a limited market only. On the contrary, Wilbur-Ellis touts itself as being the "one-stop-shop that has every solution you need."[5] Given the breadth and depth of Wilbur-Ellis' reach, this entity was quite certainly involved in the distribution chain that distributed Roundup to Plaintiff or to which Plaintiff was exposed. At the very least, this contradiction does raise a genuine question of fact regarding who Wilbur-Ellis distributes to. Thus, with the board and unlimited audience Wilbur-Ellis targets on its website, and the settled law that a district court must resolve all disputed questions of fact in the plaintiff's favor, the Court should grant Plaintiff's request to remand this case to state court.

## B. CONFLICTING STATEMENTS OF INTEREST

Second, Wilbur-Ellis has filed numerous Statements of Information with the Secretary of State that reflect no limitations on who Wilbur-Ellis distributes to. For example, in its June 23, 2015 statement, Wilbur-Ellis describes the type of business of the corporation as "trade." *See* Exhibit A. The statement filed on June 19, 2012 describes the type of business of the corporation

---

[1] *HISTORY IN THE MAKING*, WILBUR-ELLIS (last visited Sept. 14, 2020), https://www.wilburellis.com/history/.
[2] *WILBUR-ELLIS ACQUIRES NACHURS ALPINE SOLUTIONS®, PIONEER IN PRECISION AGRICULTURE, LEADING SPECIALTY CHEMICALS* MANUFACTURER, WILBUR-ELLIS (last visited Sept. 9, 2020), https://www.wilburellis.com/wilbur-ellis-acquires-nachurs-alpine-solutions-pioneer-in-precision-agriculture-leading-specialty-chemicals-manufacturer/.

[3] *Id.*
[4] *AGRIBUSINESS*, WILBUR-ELLIS (last visited Sept. 9, 2020), https://ag.wilburellis.com/.
[5] *About AGRIBUSINESS*, WILBUR-ELLIS (last visited Sept. 9, 2020), https://ag.wilburellis.com/about/.

as "Distr–agricultural chemicals." *See* Exhibit B. Neither statement limits Wilbur-Ellis' market in any capacity to certain audiences only.

These facts are comparable to those found in *Vieira v. Mentor Worldwide, LLC*, No. 218CV06502ABPLAX, 2018 WL 4275998, at *3 (C.D. Cal. Sept. 7, 2018). In this case, the defendant Mentor Worldwide, LLC ("Mentor") sought to remove based on the purported fraudulent joinder of NuSil, who, like the plaintiff, was a California resident. *Id.* Mentor claimed that NuSil was simply a holding company, submitting an affidavit from one of NuSil's individual members that NuSil had not "developed, designed, manufactured, supplied, or distributed any products, including the silicone or silicone gel[ ] used to manufacture breast implants." *Id.* However, the 2013 Statement of Information filed by the entity indicated that NuSil did manufacture silicone products, contradicting the affidavit testimony. *Id.* In the context of removal, given that the court must resolve fact disputes in the plaintiff's favor, the court held that NuSil was involved in the manufacturing process and remanded the case back to state court. *Id.*

Similarly, regarding the case at bar, as discussed above, the Statements of Interest filed by Wilbur-Ellis in no way limits its market. On the contrary, the Statements support the contention that this is a massive company with a massive reach. As such, this entity was quite certainly involved in the distribution chain that distributed Roundup to Plaintiff or to which Plaintiff was exposed. At the very least, this contradiction does raise a genuine question of fact regarding who Wilbur-Ellis distributes to. Again, since all disputed questions of fact and all ambiguities must be decided in favor of the non-removing party, the Court should find in Plaintiff's favor and remand this case to state court.

## C. INSUFFICIENT EVIDENCE

Third, the two-page affidavit submitted by Monsanto is simply insufficient evidence to determine who Wilbur-Ellis distributes to. The affidavit merely responds in the negative, providing no information whatsoever regarding who this entity distributes to. This is despite the fact that Monsanto had the opportunity to "pierce the pleadings" and submit evidence that one would typically see in the context of a summary judgment motion. Wilbur-Ellis has merged at least 16 times with other entities according to its filings with the Secretary of State, with the most

**NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES**

recent merges occurring in 2013[6] and 2009.[7] Clearly, with this much corporate action, untangling the history, players, and activity of this entity, including who this entity distributes to, raises a triable issue. Given Wilbur-Ellis' Pac-Man-like nature of consuming other entities, Wilbur-Ellis was quite certainly involved in the distribution chain that distributed Roundup to Plaintiff or to which Plaintiff was exposed. At the very least, this activity does raise a genuine question of fact regarding who Wilbur-Ellis distributes to. Since courts must resolve disputed questions of fact in the plaintiff's favor, this Court must remand the case to state court.

****

Because of the conflicting website assertions and Statements of Information, the dearth of evidence submitted by Wilbur-Ellis, and the litany of mergers Wilbur-Ellis has undergone, it is clear that, not only is this a massive entity with a massive reach, but that who Wilbur-Ellis distributes to raises a disputed question of fact. As such, the Court should resolve this issue in Plaintiff's favor and should remand the case to state court.

### III.     DOES DEFENDANTS MAY BE CALIFORNIA RESIDENTS.

As seen in Plaintiff's complaint, in addition to bringing suit against Monsanto and Wilbur-Ellis, Plaintiff also alleges claims against DOES defendants. Plaintiff's Complaint, ¶ 32. What entities or which persons are involved in the funding, researching, studying, manufacturing, fabricating, designing, developing, labeling, assembling, distributing, supplying, leasing, buying, offering for sale, selling, inspecting, servicing, contracting others for marketing, warranting, rebranding, manufacturing for others, packaging, and advertising of Roundup is unknown to Plaintiff at this nascent stage of the litigation. Certainly, additional California entities and residents are likely involved. Since courts must resolve all disputed questions of fact and all ambiguities in favor of the non-removing party, this case should be remanded to state court.

---

[6] Certificate of Ownership, CALIFORNIA SECRETARY OF STATE (last visited Sept 9, 2020), https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=00104720-6351597.

[7] Agreement and Plan of Merger, CALIFORNIA SECRETARY OF STATE (last visited Sept 9, 2020), https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=00104720-16548641.

<strong>NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES</strong>

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court to grant Plaintiff's Motion to Remand.

Dated:  October 1, 2020                    **GIBBS LAW GROUP LLP**

By:  */s/_ Karen Barth Menzies_____*

Karen Barth Menzies
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, CA  94612
Tel: (510) 350-9700
Fax: (510) 350-9701
kbm@classlawgroup.com

Fletcher V. Trammell
(*pro hac vice* to be submitted)
Melissa Binstock Ephron
(*pro hac vice* to be submitted)
TRAMMELL, PC
3262 Westheimer Rd., Ste. 423
Houston, TX 77098
Tel: (800) 405-1740
Fax: (800) 532-0992
fletch@trammellpc.com
melissa@trammellpc.com

Alexander G. Dwyer
(*pro hac vice* to be submitted)
Andrew F. Kirkendall
(*pro hac vice* to be submitted)
Erin M. Wood
(*pro hac vice* to be submitted)
KIRKENDALL DWYER LLP
4343 Sigma Rd, Suite 200
Dallas, TX  75244
Tel: 214-271-4027
Fax: 214-253-0629
ad@kirkendalldwyer.com
ak@kirkendalldwyer.com
ewood@kirkendalldwyer.com

*Attorneys for Plaintiff*

NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES