**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC 20005
Telephone: 202-898-5800
Facsimile: 202-682-1639
Email:     jhollingsworth@hollingsworthllp.com
           elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Prabha Baid and Shailesh Baid v. Monsanto Co.*, Case No. 3:20-cv-06774-VC | |

### <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED</u>

### <u>COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs Prabha Baid and Shailesh Baid's First Amended Complaint ("Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.     Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-06774-VC

1       2.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2   truth of the allegations in paragraph 2 that plaintiffs purchased Roundup®-branded products in

3   Massachusetts and therefore denies those allegations.  The remaining allegations in paragraph 2

4   set forth conclusions of law for which no response is required.

5       3.    In response to the allegations in the first sentence of paragraph 3, Monsanto

6   admits that it has sold Roundup®-branded products in Massachusetts.  The final sentence in

7   paragraph 3 sets forth conclusions of law for which no response is required.  The remaining

8   allegations in paragraph 3 are vague and conclusory and comprise attorney characterizations and

9   are accordingly denied.

10      4.    The allegations in paragraph 4 set forth conclusions of law for which no response

11  is required.  To the extent that a response is required, Monsanto admits the allegations in

12  paragraph 4 based upon the allegations in plaintiffs' Complaint.

13      5.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14  truth of the allegations concerning plaintiff's exposure to Roundup®-branded products and

15  therefore denies those allegations.  The remaining allegations in paragraph 5 set forth

16  conclusions of law for which no response is required.

17      6.    The allegations in paragraph 6 set forth conclusions of law for which no response

18  is required.

19      7.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20  truth of the allegations in the first sentence of paragraph 7 and therefore denies those allegations.

21  Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to

22  exposure to Roundup®-branded products but denies any liability to plaintiffs.  Monsanto denies

23  the remaining allegations in paragraph 7.

24      8.    In response to the allegations in paragraph 8, Monsanto admits that it is a

25  Delaware corporation with its principal place of business in St. Louis County, Missouri.

26  Monsanto denies the remaining allegations in paragraph 8.

27      9.    Monsanto denies the allegations in paragraph 9.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-06774-VC

10.     The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

11.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 11 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

12.     Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate.  The remaining allegations in paragraph 12 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore denies those allegations.

13.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 13 comprise attorney characterizations and are accordingly denied.

14.     Monsanto admits the allegations in paragraph 14.

15.     Monsanto generally admits the allegations in paragraph 15, but denies the allegations in paragraph 15 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

16.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies those allegations.

17.     Monsanto admits that it has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining

- 3 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-06774-VC

1    sentences of paragraph 17 and therefore denies those allegations.  Monsanto denies the

2    remaining allegations in paragraph 17.

3         18.     In response to the allegations in the first sentence of paragraph 18, Monsanto

4    admits that glyphosate is one of the world's most widely used herbicides today, but notes that

5    Monsanto has not been the only manufacturer of glyphosate-based herbicides.  Monsanto admits

6    the allegations in the second sentence of paragraph 18.  Monsanto lacks information or

7    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 18

8    and therefore denies those allegations.

9         19.     Monsanto admits that Roundup®-branded products have been used by farmers for

10   approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

11   properties and denies the remaining allegations in paragraph 19.

12        20.     The allegations in paragraph 20 set forth conclusions of law for which no

13   response is required.  To the extent that a response is deemed required, Monsanto admits the

14   allegations in paragraph 20.

15        21.     In response to the allegations in paragraph 21, Monsanto admits that EPA requires

16   registrants of herbicides to submit extensive data in support of the human health and

17   environmental safety of their products and further admits that EPA will not register or approve

18   the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

19   Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 21 set forth

20   conclusions of law for which no response is required.

21        22.     The allegations in paragraph 22 set forth conclusions of law for which no

22   response is required.

23        23.     In response to the allegations in paragraph 23, Monsanto admits that Roundup®-

24   branded products are registered by EPA for manufacture, sale and distribution in the United

25   States and are registered by the Commonwealth of Massachusetts for sale and distribution.

26        24.     In response to the allegations in paragraph 24, Monsanto admits that EPA requires

27   registrants of herbicides to submit extensive data in support of the human health and

28   environmental safety of their products and further admits that EPA will not register or approve

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-06774-VC

1    the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

2    states that the term "the product tests" in the final sentence of paragraph 24 is vague and

3    ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 24

4    set forth conclusions of law for which no answer is required.

5          25.     Monsanto denies the allegations in paragraph 25 to the extent that they suggest

6    that EPA only evaluates the safety of pesticide products on the date of their initial registration.

7    Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

8    products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

9    of the allegations in paragraph 25 regarding such pesticide products generally and therefore

10   denies those allegations.  The remaining allegations in paragraph 25 set forth conclusions of law

11   for which no response is required.

12         26.     In response to the allegations in paragraph 26, Monsanto admits that the New

13   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

14   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

15   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

16   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

17   the subparts purport to quote a document, the document speaks for itself and thus does not

18   require any further answer.  The remaining allegations in paragraph 26 are vague and conclusory

19   and comprise attorney characterizations and are accordingly denied.

20         27.     In response to the allegations in paragraph 27, Monsanto admits it entered into an

21   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

22   itself and thus does not require any further answer.  The remaining allegations in paragraph 27

23   are vague and conclusory and comprise attorney characterizations and are accordingly denied.

24         28.     Monsanto denies the allegations in paragraph 28.

25         29.     In response to the allegations in paragraph 29, Monsanto admits that the French

26   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

27   that it "left the soil clean," but denies the allegations in paragraph 29 to the extent that they

28

**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**
**3:16-md-02741-VC & 3:20-cv-06774-VC**

1    suggest that this ruling was in any way related to plaintiffs' claims here that glyphosate can cause

2    cancer.  Monsanto denies the remaining allegations in paragraph 29.

3              30.      Monsanto denies the allegations in paragraph 30.

4              31.      In response to the allegations in paragraph 31, Monsanto states that the cited

5    document speaks for itself and does not require a response.  To the extent that the allegations in

6    paragraph 31 go beyond a restatement of the cited document, Monsanto lacks information or

7    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31

8    and therefore denies those allegations.  Monsanto states, however, that: (a) in September 2016,

9    EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's

10   carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely

11   to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the

12   same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review

13   Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as

14   "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December  2017,

15   EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential

16   that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be

17   carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the

18   EPA CARC Final Report discussed above, other specific findings of safety include:

19             • "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
                  evidence of non-carcinogenicity for humans—based on the lack of convincing

20

21   [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic
     Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"),
22   https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP
     Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on
23   glyphosate's carcinogenic potential.

24   [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
     U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the
25   Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
     Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

26
     [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of
27   Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/
     document?D=EPA-HQ-OPP-2016-0385-0528.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-06774-VC

evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

32.     Monsanto admits the allegations in paragraph 32.

33.     In response to the allegations in paragraph 33, Monsanto states that the cited the document speaks for itself and does not require a response. To the extent that the allegations in paragraph 33 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 and therefore denies those allegations.

34.     Monsanto states that the term "toxic" as used in paragraph 34 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in paragraph 34.

35.     Monsanto admits the allegations in the first sentence of paragraph 35. In response to the allegations in the second sentence of paragraph 35, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, Monsanto denies the remaining allegations in paragraph 35.

1    36.    In response to the allegations in the first sentence of paragraph 36, Monsanto

2  admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle

3  regulation" in 2004.  To the extent that paragraph 36 characterizes the meaning of the cited

4  study, Monsanto denies the allegations in paragraph 36.

5    37.    In response to the allegations in paragraph 37, Monsanto states that the document

6  speaks for itself and does not require a response.  To the extent that a response is deemed

7  required, Monsanto denies the allegations in paragraph 37.

8    38.    In response to the allegations in paragraph 38, Monsanto states that the cited

9  document speaks for itself and does not require a response.  To the extent that paragraph 38

10  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

11  paragraph 38.

12    39.    Monsanto denies the allegations in paragraph 39.

13    40.    In response to the allegations in paragraph 40, Monsanto states that the cited

14  document speaks for itself and does not require a response.  To the extent that paragraph 40

15  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

16  paragraph 40.

17    41.    In response to the allegations in paragraph 41, Monsanto states that the cited

18  document speaks for itself and does not require a response.  To the extent that paragraph 41

19  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

20  paragraph 41.

21    42.    Monsanto denies the allegation that the cited studies support the allegation that

22  glyphosate or Roundup®-branded products pose any risk to human health and denies the

23  remaining allegations in paragraph 42.

24    43.    Monsanto denies the allegations in paragraph 43.

25    44.    Monsanto denies the allegations in paragraph 44.

26    45.    Monsanto denies the allegations in paragraph 45.

27    46.    Monsanto denies the allegations in paragraph 46.

28

1    47.    Monsanto admits that it has promoted Roundup®-branded herbicides as safe when

2    used in accordance with the products' labeling.  Monsanto denies the remaining allegations in

3    paragraph 47.

4    48.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

5    is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

6    lacks information or knowledge sufficient to form a belief as to the truth of the remaining

7    allegations in paragraph 48 and therefore denies those allegations.

8    49.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 49 and therefore denies those allegations.  Monsanto denies

10   that glyphosate met the criteria necessary to be eligible for review.

11   50.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations in paragraph 50 and therefore denies those allegations.  Monsanto denies

13   that glyphosate met the criteria necessary to be eligible for review.

14   51.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

15   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

16   evidence was "cumulative."  The remaining allegations in paragraph 51 are vague and

17   conclusory and comprise attorney characterizations and are accordingly denied.

18   52.    Monsanto admits that the full IARC Monograph regarding glyphosate was

19   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

20   2A carcinogen.  In response to the remaining allegations in paragraph 52, Monsanto states that

21   the document speaks for itself and does not require a response.  To the extent that a response is

22   deemed required, the remaining allegations in paragraph 52 comprise attorney characterizations

23   and are accordingly denied.

24   53.    In response to the allegations in paragraph 53, Monsanto states that the document

25   speaks for itself and does not require a response.  To the extent that a response is deemed

26   required, the allegations in paragraph 53 comprise attorney characterizations and are accordingly

27   denied.

28

**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**
**3:16-md-02741-VC & 3:20-cv-06774-VC**

54.     In response to the allegations in paragraph 54, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 54 comprise attorney characterizations and are accordingly denied.

55.     Monsanto denies the allegations in paragraph 55.

56.     The allegations in paragraph 56 comprise attorney characterizations and are accordingly denied.

57.     Monsanto admits the allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 58 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 59.

60.     The allegations in paragraph 60 are vague and ambiguous and are accordingly denied.

61.     In response to the allegations in paragraph 61, Monsanto states that the cited document speaks for itself and does not require a response.

62.     In response to the allegations in paragraph 62, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 62 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 62.

63.     Monsanto denies the allegations in paragraph 63.

**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**
**3:16-md-02741-VC & 3:20-cv-06774-VC**

1    64.    In response to the allegations in paragraph 64, Monsanto states that the cited
2  document speaks for itself and does not require a response.  Monsanto otherwise denies the
3  allegations in paragraph 64.

4    65.    Monsanto admits that there is no reliable evidence that Roundup®-branded
5  products are genotoxic.  Monsanto otherwise denies the allegations in paragraph 65.

6    66.    Monsanto denies the allegations in paragraph 66.

7    67.    Monsanto denies the allegations in paragraph 67.

8    68.    Monsanto denies the allegations in paragraph 68.

9    69.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice
10  exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 69.

11    70.    Monsanto denies the allegations in paragraph 70.

12    71.    Monsanto denies the allegations in paragraph 71.

13    72.    Monsanto admits the allegations in paragraph 72.

14    73.    Monsanto denies the allegations in paragraph 73.

15    74.    Monsanto admits the allegations in paragraph 74.

16    75.    Monsanto denies the allegations in paragraph 75.

17    76.    Monsanto denies the allegations in paragraph 76.

18    77.    Monsanto denies the allegations in paragraph 77.

19    78.    Monsanto denies the allegations in paragraph 78.

20    79.    Monsanto denies the allegations in paragraph 79.

21    80.    Monsanto denies the allegations in paragraph 80.

22    81.    Monsanto denies the allegations in paragraph 81.

23    82.    Monsanto admits that independent experts and regulatory agencies agree that
24  there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded
25  products and admits that it has made statements reflecting this fact.  Monsanto denies the
26  remaining allegations in paragraph 82.

27

28

**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**
**3:16-md-02741-VC & 3:20-cv-06774-VC**

1    83.    In response to the allegations in paragraph 83, Monsanto admits that Roundup®-

2 branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

3 the product's EPA approved labeling.

4    84.    In response to the allegations in paragraph 84, Monsanto admits that it has stated

5 that Roundup®-branded products are safe when used as labeled and that they are non-

6 carcinogenic and non-genotoxic.

7    85.    In response to the allegations in paragraph 85, Monsanto admits that a 1986 joint

8 report of the World Health Organization and Food and Agriculture Organization of the United

9 Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

10 Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

11 Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

12 carcinogen.  Monsanto denies the remaining allegations in paragraph 85.

13    86.    Monsanto denies the allegations in paragraph 86.

14    87.    Monsanto denies the allegations in paragraph 87.

15    88.    Monsanto denies the allegations in paragraph 88.

16    89.    Monsanto denies the allegations in paragraph 89.

17    90.    Monsanto denies the allegations in paragraph 90.

18    91.    Monsanto denies the allegations in paragraph 91.

19    92.    Monsanto denies the allegations in paragraph 92.

20    93.    Monsanto denies the allegations in paragraph 93.

21    94.    Monsanto denies the allegations in paragraph 94.

22    95.    Monsanto denies the allegations in paragraph 95.

23    96.    Monsanto denies the allegations in paragraph 96.

24    97.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25 truth of the allegations in paragraph 97 and therefore denies those allegations.

26    98.    Monsanto lacks information or knowledge sufficient to form a belief as to the

27 truth of the allegations in paragraph 98 and therefore denies those allegations.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-06774-VC

1    99.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in the first sentence of paragraph 99 and therefore denies those

3    allegations. Monsanto denies the allegations in the second sentence of paragraph 99.

4    100.    Monsanto denies the allegations in paragraph 100.

5    101.    Monsanto denies that any exposure to Roundup®-branded products can cause

6    NHL and other serious illnesses and therefore denies those allegations in paragraph 101.

7    Monsanto states, however, that the scientific studies upon which IARC purported to base its

8    evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks

9    information or knowledge sufficient to form a belief as to the truth of the remaining allegations

10   in paragraph 101 and therefore denies those allegations.

11   102.    Monsanto incorporates by reference its responses to paragraphs 1 through 101 in

12   response to paragraph 102 of plaintiffs' Complaint.

13   103.    In response to the allegations in paragraph 103, Monsanto admits that it has

14   designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed

15   Roundup®-branded products.  Monsanto lacks information or knowledge sufficient to form a

16   belief as to the truth of the allegations regarding plaintiffs' actions and therefore denies those

17   allegations.

18   104.    The allegations in paragraph 104 set forth conclusions of law for which no

19   response is required.

20   105.    Monsanto denies the allegations in paragraph 105.

21   106.    Monsanto denies the allegations in paragraph 106, including each of its subparts.

22   107.    Monsanto denies the allegations in paragraph 107.

23   108.    Monsanto denies the allegations in paragraph 108.

24   109.    Monsanto denies the allegations in paragraph 109, including each of its subparts.

25   110.    Monsanto denies the allegations in paragraph 110.

26   111.    Monsanto denies the allegations in paragraph 111.

27   112.    Monsanto denies the allegations in paragraph 112.

28   113.    Monsanto denies the allegations in paragraph 113.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-06774-VC

1        In response to the "WHEREFORE" paragraph following paragraph 113, Monsanto

2   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

3   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

4   fees as allowed by law and such further and additional relief as this Court may deem just and

5   proper.

6        114.    Monsanto incorporates by reference its responses to paragraphs 1 through 113 in

7   response to paragraph 114 of plaintiffs' Complaint.

8        115.    Monsanto denies the allegations in paragraph 115.

9        116.    Monsanto denies the allegations in paragraph 116.

10       117.    The allegations in paragraph 117 set forth conclusions of law for which no

11  response is required.

12       118.    In response to the allegations in paragraph 118, Monsanto admits that it has sold

13  Roundup®-branded products in accordance with their EPA-approved labeling.  The allegations in

14  paragraph 118 regarding express and implied warranties set forth conclusions of law for which

15  no response is required.  Monsanto denies the remaining allegations in paragraph 118.

16       119.    Monsanto denies the allegations in the first and second sentence of paragraph 119.

17  All labeling of Roundup®-branded products has been and remains EPA-approved and in

18  compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

19  of paragraph 119 sets forth conclusions of law for which no response is required.

20       120.    The allegations in paragraph 120 set forth conclusions of law for which no

21  response is required.

22       121.    Monsanto denies the allegations in paragraph 121.

23       122.    Monsanto denies the allegations in paragraph 122 and each of its subparts.

24       123.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25  truth of the allegations in paragraph 123 regarding plaintiffs' knowledge and therefore denies

26  those allegations.  Monsanto denies the remaining allegations in paragraph 123.

27

28

**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**
**3:16-md-02741-VC & 3:20-cv-06774-VC**

1   124.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2   truth of the allegations in paragraph 124 regarding plaintiffs' knowledge and therefore denies

3   those allegations.  Monsanto denies the remaining allegations in paragraph 124.

4   125.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5   truth of the allegations in paragraph 125 and therefore denies those allegations.

6   126.    Monsanto denies the allegations in paragraph 126.

7   127.    Monsanto denies the allegations in paragraph 127.

8   In response to the "WHEREFORE" paragraph following paragraph 127, Monsanto

9   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

10  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

11  fees as allowed by law and such further and additional relief as this Court may deem just and

12  proper.

13  128.    Monsanto incorporates by reference its responses to paragraphs 1 through 127 in

14  response to paragraph 128 of plaintiffs' Complaint.

15  129.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16  truth of the allegations in paragraph 129 and therefore denies those allegations.

17  130.    Monsanto denies the allegations in paragraph 130.

18  In response to the first sentence of the "WHEREFORE" paragraph following paragraph

19  130, Monsanto demands that judgment be entered in its favor and against plaintiffs; that

20  plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

21  and reasonable attorney's fees as allowed by law and such further and additional relief as this

22  Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE"

23  paragraph following paragraph 130 sets forth a conclusion of law for which no response is

24  required.

25  131.    Monsanto incorporates by reference its responses to paragraphs 1 through 130 in

26  response to paragraph 131 of plaintiffs' Complaint.

27  132.    The allegations in paragraph 132 set forth conclusions of law for which no

28  response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-06774-VC

1    133.    Monsanto denies the allegations in paragraph 133.

2    134.    Monsanto denies the allegations in paragraph 134.

3    135.    Monsanto denies the allegations in paragraph 135.

4    136.    In response to the allegations in paragraph 136, Monsanto states that the
5  document attached as Exhibit 1 speaks for itself and does not require a response.  Monsanto
6  denies any characterization in paragraph 136 of the contents of the letter as attorney
7  characterization.  Monsanto lacks information or knowledge sufficient to form a belief as to the
8  truth of the allegation regarding plaintiffs' counsel receiving confirmation of delivery of that
9  letter and therefore denies that allegation.

10    137.    In response to the allegations in paragraph 137, Monsanto states that the
11  document attached as Exhibit 2 speaks for itself and does not require a response.

12    138.    The allegations in paragraph 138 set forth conclusions of law for which no
13  response is required.

14    In response to the "WHEREFORE" paragraph following the paragraph 150, Monsanto
15  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be
16  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's
17  fees as allowed by law and such further and additional relief as this Court may deem just and
18  proper.

19    Every allegation in the Complaint that is not specifically and expressly admitted in this
20  Answer is hereby specifically and expressly denied.

21    **SEPARATE AND AFFIRMATIVE DEFENSES**

22    1.    The Complaint, in whole or part, fails to state a claim or cause of action upon
23  which relief can be granted.

24    2.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically
25  reliable evidence that the products at issue were defective or unreasonably dangerous.

26    3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,
27  was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of
28  plaintiffs' alleged injuries.

- 16 -

1      4.      Plaintiffs' claims are barred, in whole or in part, because the products at issue
2  were designed, manufactured, marketed and labeled with proper warnings, information, cautions
3  and instructions, in accordance with the state of the art and the state of scientific and
4  technological knowledge.

5      5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue
6  were not defective or unreasonably dangerous in that they complied with, at all relevant times,
7  all applicable government safety standards.

8      6.      Any claims based on allegations that Monsanto misled, defrauded, made
9  misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.
10  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*
11  *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

12      7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law
13  relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,
14  processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

15      8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA
16  findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved
17  product labeling.

18      9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary
19  jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

20      10.     Plaintiffs' claims are barred, in whole or in part, because plaintiff's injuries, if
21  any, were the result of conduct of plaintiff, independent third parties, and/or events that were
22  extraordinary under the circumstances, not foreseeable in the normal course of events, and/or
23  independent, intervening and superseding causes of the alleged injuries, including but not limited
24  to plaintiff's pre-existing medical conditions.

25      11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j
26  and k, bar plaintiffs' claims against Monsanto in whole or in part.

27      12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or
28  in part.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-06774-VC

13. Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14. If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15. Monsanto had no legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

16. Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give proper notice of any breach thereof.

17. Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18. Plaintiffs' claims for double and/or treble damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Massachusetts Constitution, and/or other applicable state constitutions.

19. Plaintiffs' claims for double and/or treble damages are barred because plaintiffs have failed to allege conduct warranting imposition of double and/or treble damages under Massachusetts law and/or other applicable state laws.

20. Plaintiffs' claims for double and/or treble damages are barred and/or limited by operation of state and/or federal law.

21. Plaintiffs' claims are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

22. Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate damages.

23.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs receive from collateral sources.

25.     If plaintiffs have been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize or limits such claims.

27.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

28.     Plaintiffs' strict liability claims are barred because Massachusetts does not recognize a cause of action for strict liability in tort.

29.     Plaintiffs are not entitled to recover multiple damages under M.G.L. ch. 93A.

30.     Plaintiffs are not entitled to recover under M.G.L. ch. 93A because at all relevant times Monsanto acted reasonably and its actions were not unfair or deceptive.

31.     Plaintiffs are not entitled to any recover under M.G.L. ch. 93A because plaintiffs failed to send a pre-suit demand letter that complied with the requirements of M.G.L. ch. 93A § 9(3).

32.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

1   DATED:  October 8, 2020                    Respectfully submitted,

2
                                              /s/ Joe G. Hollingsworth
3                                             Joe G. Hollingsworth (*pro hac vice*)
                                              (jhollingsworth@hollingsworthllp.com)
4                                             Eric G. Lasker (*pro hac vice*)
                                              (elasker@hollingsworthllp.com)
5                                             HOLLINGSWORTH LLP
                                              1350 I Street, N.W.
6                                             Washington, DC  20005
                                              Telephone:    (202) 898-5800
7                                             Facsimile:    (202) 682-1639

8                                             *Attorneys for Defendant*
                                              *MONSANTO COMPANY*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
3:16-md-02741-VC & 3:20-cv-06774-VC