**WILKINSON WALSH LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: 202-942-5000
Fax: 202-942-5999

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO:<br><br>*Shirley Roybal v. Monsanto Co., et al.*,<br><br>Case No. 3:20-cv-06235-VC | **DEFENDANT MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND *ROYBAL* CASE TO STATE COURT**<br><br>Date: November 5, 2020<br>Time: 10:00 a.m.<br>Courtroom: 4 |

## INTRODUCTION AND ISSUE TO BE DECIDED

Monsanto Company ("Monsanto") removed this lawsuit to this Court by filing a Notice of Removal that established – through three declarations – that Plaintiff fraudulently joined two non-diverse defendants, neither of which had any role in designing, manufacturing, distributing, or selling the Monsanto glyphosate-based, Roundup®-branded herbicides that allegedly caused Plaintiff's injuries.

One of those defendants, Wilbur-Ellis Nutrition, LLC, formerly known as Wilbur-Ellis Feed, LLC ("Wilbur-Ellis Nutrition/Feed"), has been fraudulently joined because: (a) it did not come in existence until 2015, many years after Plaintiff's alleged exposure to Roundup®-branded herbicides ended in 2004; and (b) it has never designed, manufactured, distributed, or sold Roundup®-branded herbicides or any other herbicides. Plaintiff has offered no response to Monsanto's evidence of fraudulent joinder regarding Wilbur-Ellis Nutrition/Feed and instead improperly lumps that defendant together with the other non-diverse defendant.

That other non-diverse defendant, Wilbur-Ellis Company LLC ("Wilbur-Ellis Company"), is (and has been) in the business of distributing and selling only certain categories of Monsanto Roundup®-branded herbicides – namely, herbicides designed for the agricultural market and the industrial, turf & ornamental/professional market – but has never designed, manufactured, distributed, or sold Monsanto's Roundup®-branded, residential-lawn-and-garden herbicides. That defendant has been fraudulently joined because Plaintiff alleges residential use of Roundup®-branded herbicides, not work-related use of the kinds of herbicides distributed and sold by that defendant. In her motion to remand, Plaintiff does not dispute – and indeed re-affirms – that she is alleging solely residential use of Roundup®-branded herbicides. Instead, Plaintiff tries, but fails, to create "contradictions" between evidence submitted in Monsanto's Notice of Removal and statements made by Wilbur-Ellis Company, which actually do not contradict anything submitted by Monsanto (and, in fact, highlight Wilbur-Ellis Company's role as a distributor for only the agricultural and professional markets). Plaintiff also engages in

sheer speculation that is not supported by any evidence and fails to rebut Monsanto's evidence-based, fraudulent joinder showing.

The issue to be decided is whether, in these circumstances, this Court should deny Plaintiff's request that this lawsuit be remanded to state court. As discussed in more detail below, the answer to that question is "Yes."

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this lawsuit against Monsanto, seeking damages for non-Hodgkin's lymphoma allegedly caused by Monsanto's Roundup®-branded herbicides. Am. Compl. ¶¶ 15-16 (attached to Monsanto Company's Notice of Removal of *Roybal* Lawsuit ("Notice of Removal") as Exhibit 1, ECF No. 1-1). The Amended Complaint lumps Wilbur-Ellis Company and Wilbur-Ellis Nutrition/Feed together – referring to them collectively as "Wilbur-Ellis," *id.* ¶¶ 28-29 – and asserts claims against them, based on mere information and belief. Plaintiff alleges that "Wilbur-Ellis is a main distributor of Roundup®, and, ***upon information and belief***, distributed Roundup® used by Plaintiff and to which Plaintiff was exposed." *Id.* ¶ 29 (emphasis added); *see also id.* ¶ 107 ("***On information and belief***, Wilbur-Ellis was one of the distributors providing Roundup® and other glyphosate-containing products used by the Plaintiff and to which Plaintiff was exposed." (emphasis added)).

On September 3, 2020, Monsanto timely removed this lawsuit. Notice of Removal, ECF No. 1. The evidence submitted with the Notice of Removal establish that: (a) Wilbur-Ellis Nutrition/Feed and Wilbur-Ellis Company had no involvement with designing, manufacturing, distributing, or selling the Roundup®-branded herbicides that allegedly caused Plaintiff's injuries; (b) those defendants should be disregarded as fraudulently joined; and (c) this Court has subject matter jurisdiction based on diversity of citizenship between Plaintiff and Monsanto.

On October 1, 2020, Plaintiff filed the Motion to Remand at issue here. *See* Plaintiff's Notice of Motion and Motion to Remand Action to State Court; Memorandum of Points and Authorities (hereinafter collectively, "Remand Motion"), ECF No. 7. Plaintiff does not dispute that she is a California citizen and that Monsanto is a citizen of both Missouri and Delaware for

purposes of diversity jurisdiction. Plaintiff also does not dispute that this lawsuit satisfies the jurisdictional amount-in-controversy requirement for this Court to exercise subject matter jurisdiction based on diversity of citizenship.

**LEGAL STANDARDS**

The Ninth Circuit has recognized that, although complete diversity of citizenship usually is required for a federal court to have diversity jurisdiction, "one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A defendant removing a lawsuit from state court based on fraudulent joinder of a co-defendant is required to show that there is no possibility that the state court would hold the co-defendant liable. *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). When fraudulent joinder applies – *i.e.*, when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state," *Morris*, 236 F.3d at 1067 (quotation marks omitted) – the fraudulently joined defendant's "presence in the lawsuit is ignored" for purposes of determining whether the court has jurisdiction based on diversity of citizenship. *Id.* In conducting a fraudulent joinder analysis, a court is not limited to the allegations in a complaint and is permitted to consider declarations and other evidence presented by the removing defendant. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *Morris*, 236 F.3d at 1068.

If a removing defendant pierces the pleadings by presenting evidence showing that a non-diverse defendant has been fraudulently joined, the plaintiff cannot rely on allegations in the complaint to seek remand. *See Arias v. Follet Higher Educ. Corp.*, No. 8:18-cv-01965-JLS-JDE, 2019 WL 484192, at *3 (C.D. Cal. Feb. 7, 2019); *Feizbakhsh v. Travelers Commercial Ins. Co.*, No. LA CV16-02165 JAK (Ex), 2016 WL 8732296, at *8 (C.D. Cal. Sept. 9, 2016); *Martinez v. McKesson Corp.*, No. 3:15-cv-02903-H-JLB, 2016 WL 5930271, at *3 (S.D. Cal. Apr. 7, 2016). If a plaintiff argues that it is possible for him to state a claim against the non-diverse defendant, that possibility must be "non-fanciful" for the case to be remanded. *Illegal Aliens, LLC v. N. Am.*

*Specialty Ins. Co.*, No. CV 14-07502 DDP (ASx), 2015 WL 1636715, at *2 (C.D. Cal. Apr. 10, 2015); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1154 (N.D. Cal. 2009).

## ARGUMENT

### I. PLAINTIFF DOES NOT, AND CANNOT, DISPUTE MONSANTO'S EVIDENCE ESTABLISHING THAT SHE FRAUDULENTLY JOINED WILBUR-ELLIS NUTRITION/FEED.

The Notice of Removal presented evidence establishing that Plaintiff does not have any viable claims against Wilbur-Ellis Nutrition/Feed for two reasons. ***First,*** that defendant did not come into existence as a corporate entity until 2015. Notice of Removal ¶ 18 (citing Declaration of George Arkoosh ("Arkoosh Declaration")), but Plaintiff's alleged exposure to Roundup®-branded herbicides ended many years before then – namely, in 2004, Am. Compl. ¶ 15. ***Second,*** "Wilbur-Ellis Nutrition/Feed is (and has been) in the business of ensuring that animals receive customized, high-quality, dependable nutrients[,]" but that defendant "has never designed, manufactured, distributed, or sold Monsanto Company's Roundup®-branded herbicides or any other herbicides." Arkoosh Decl. ¶ 7.

The Remand Motion focuses on Wilbur-Ellis Company and repeats Plaintiff's improper pleading strategy of lumping together two separate companies by repeatedly using the vague term "Wilbur-Ellis" without distinguishing between these two companies. But Plaintiff does not, and cannot, dispute Monsanto's showing that she fraudulently joined Wilbur-Ellis Nutrition/Feed. Indeed, she concedes that her alleged exposure to Roundup®-branded herbicides ended in 2004, Remand Motion at 3, and she presents nothing to rebut the evidence presented in the Notice of Removal that Wilbur-Ellis Nutrition/Feed has never designed, manufactured, distributed, or sold Roundup®-branded herbicides or any other herbicides.

In these circumstances, Plaintiff clearly does not have any viable claims against Wilbur-Ellis Nutrition/Feed because that defendant's products did not cause her alleged injuries. "Under California law, a plaintiff 'claiming to have been injured by a defective product must prove that the ***defendant's*** product, or some instrumentality under the defendant's control, caused his or her injury.'" *Kline v. Mentor Worldwide, LLC*, No. 2:19-cv-00877-WBS-KJN, 2019 WL 3245102,

at *3 (E.D. Cal. July 19, 2019) (holding that plaintiffs fraudulently joined California defendant that did not design, manufacture, distribute, or sell breast implants that allegedly caused plaintiffs' injuries) (quoting *DiCola v. White Bros. Performance Prods, Inc.*, 158 Cal. App. 666, 677 (2008) (emphasis added)); *see, e.g.*, *Martinez*, 2016 WL 5930271 (holding that California defendant was fraudulently joined because it did not manufacture Mirena and did not distribute ***plaintiff's*** Mirena); *Tucker v. McKesson Corp*., No. C 10–2981 SBA, 2011 WL 4345166 (N.D. Cal. Sept. 14, 2011) (holding that California defendant was fraudulently joined because it did not distribute morphine tablets to pharmacy where decedent obtained morphine tablets at issue in lawsuit); *Vu*, 602 F. Supp. 2d at 1154-55 (holding that California defendant was fraudulently joined because she did not market or distribute Children's Tylenol Plus Multi-Symptom Cold medicine); *Aronis v. Merck & Co*., No. Civ. S-05-0486 WBS DAD, 2005 WL 5518485 (E.D. Cal. May 3, 2005) (holding that California defendant was fraudulently joined because plaintiff alleged merely that defendant was a major distributor of Vioxx without connecting defendant to plaintiff's injuries). Thus, Plaintiff fraudulently joined Wilbur-Ellis Nutrition/Feed, so that defendant does not deprive this Court of diversity jurisdiction and does not require remand.

## II. PLAINTIFF FAILS TO REBUT MONSANTO'S EVIDENCE ESTABLISHING THAT SHE FRAUDULENTLY JOINED WILBUR-ELLIS COMPANY.

### A. Monsanto Presented Evidence Establishing That Wilbur-Ellis Company Had No Involvement With Designing, Manufacturing, Distributing, Or Selling The Herbicides That Allegedly Caused Plaintiff's Injuries.

In the Notice of Removal, Monsanto presented evidence establishing that Plaintiff fraudulently joined Wilbur-Ellis Company because it had no involvement with designing, manufacturing, distributing, or selling the Roundup®-branded residential-lawn-and-garden herbicides that allegedly caused her injuries. Glyphosate-based herbicide products (including Monsanto's glyphosate-based herbicides) are designed for and sold to three different markets: (a) the agricultural market; (b) the residential-lawn-and-garden market; and (c) what is referred to as either the professional market or the industrial, turf, and ornamental ("IT&O") market, which involves herbicide products that are designed for and sold to, for example, landscaping

companies, golf courses, schools, or state and local government agencies (to maintain roads, parks, and/or rights-of-way). Notice of Removal ¶ 21 (citing Declaration of Scott Hushbeck ("Hushbeck Declaration"); Declaration of Steven Gould ("Gould Declaration")).

As established in two declarations submitted by Monsanto, "Wilbur-Ellis Company is (and has been) in the business of distributing and selling Monsanto's glyphosate-based herbicide products for the agricultural market and the professional market[,]" but "Wilbur-Ellis Company is not (and has never been) in the business of selling Monsanto's glyphosate-based herbicides that are designed for the residential-lawn-and-garden market." Hushbeck Decl. ¶ 7; *see* Gould Decl. ¶ 6. Thus, "Wilbur-Ellis Company has never played any role in the chain of distribution leading to Monsanto's glyphosate-based, lawn-and-garden herbicides being sold at national retail stores like Home Depot, Lowe's, Target, Walmart, Costco, or Ace Hardware." Hushbeck Decl. ¶ 7; *see* Gould Decl. ¶ 6. Moreover, "Wilbur-Ellis Company has never designed or manufactured Monsanto's glyphosate-based herbicides." Hushbeck Decl. ¶ 9; Gould Decl. ¶ 8.[1]

There is a large gulf between the limited scope of Wilbur-Ellis Company's business related to Monsanto's glyphosate-based herbicides (described above and in the declarations submitted with the Notice of Removal) and the specific herbicides at issue in this case based on Plaintiff's allegations. Plaintiff allegedly used Roundup®-branded herbicides for residential use and not for work-related reasons. Am. Compl. ¶ 15. The Remand Motion does not state otherwise; it reiterates Plaintiff's residential-use allegation. Remand Motion at 3. Thus, based on the fraudulent joinder cases cited above, it is clear that Plaintiff does not have viable claims against Wilbur-Ellis Company because that defendant has never designed or manufactured any of Monsanto's glyphosate-based herbicides – and has never played any role in distributing or selling Monsanto's glyphosate-based, residential-lawn-and-garden herbicides. *See supra* pages 4-5 (citing cases).

---

[1] "Wilbur-Ellis Company is not (and has never been) the sole or exclusive distributor of Monsanto's glyphosate-based herbicides in the State of California." Hushbeck Decl. ¶ 8; Gould Decl. ¶ 7. "There are (and have been) other distributors of Monsanto's glyphosate-based herbicides in California." Gould Decl. ¶ 7. "Wilbur-Ellis Company has never been the largest distributor of those herbicides in California." *Id.*

### B. Plaintiff's Unsupported Allegations and Speculation Fail To Rebut Monsanto's Evidence-Based Showing That Wilbur-Ellis Company Was Fraudulently Joined.

Plaintiff does not dispute that her claims all involve alleged exposure to Monsanto's glyphosate-based, residential-lawn-and-garden herbicides, so she is forced to rely on unsupported allegations and speculation in an effort to evade this Court's jurisdiction. As discussed below, however, Plaintiff's arguments fall well short of rebutting Monsanto's evidence-based showing that Wilbur-Ellis Company was fraudulently joined.

When a removing defendant pierces the pleadings by presenting evidence showing that a non-diverse defendant has been fraudulently joined – as Monsanto did in its Notice of Removal – a plaintiff cannot seek remand by relying on mere allegations or speculation lacking evidentiary support. *See, e.g.*, *Arias*, 2019 WL 484192, at *3 (denying remand motion; holding that plaintiff did not state a claim against the non-diverse defendant because "even assuming [p]laintiff's legal theories are viable, [p]laintiff has offered *no facts* to support these claims" and "submit[ted] no evidence to dispute [d]efendants' version of the facts" that established fraudulent joinder) (emphasis in original); *Feizbakhsh*, 2016 WL 8732296, at *8 (same; holding that plaintiff's "conclusory allegations" were not sufficient to overcome the evidence offered by the removing defendant to establish fraudulent joinder); *Martinez*, 2016 WL 5930271, at *3 (same; holding that plaintiff's "speculation, which is unsupported by any evidence[,]" does not suffice to overcome the evidence presented by the removing defendant); *Vu*, 602 F. Supp. 2d at 1155 (same; accepting the removing defendant's fraudulent joinder showing because plaintiffs did not contest the in-forum defendant's declaration "that she did not market or distribute" the products at issue in the lawsuit). Thus, Plaintiff's allegations and speculation, which are not supported by any evidence, do not require remand.

***First,*** Plaintiff's efforts to conjure up "contradictions" based on snippets pulled from Wilbur-Ellis Company's website, Remand Motion at 6, fail because they do not contradict the evidence presented in the Notice of Removal regarding the limited scope of Wilbur-Ellis Company's involvement with only certain types of Monsanto's glyphosate-based herbicides. In fact, the website statements cited by Plaintiff undermine her argument by highlighting that

Wilbur-Ellis Company markets to agricultural and professional/IT&O herbicide users, not to residential-lawn-and-garden-herbicide users. For example, Plaintiff asserts that "Wilbur-Ellis also states that its unique expertise allows for the 'tailor[ing] of solutions to *every* crop, grower and field,'" Remand Motion at 6 (quoting website; alterations made by Plaintiff), but she omits an important part of that sentence. The complete sentence – "Plus, our established background in ***specialty crops*** gives us the unique expertise to tailor solutions to every crop, grower, and field." (emphasis added)[2] – obviously does not involve Monsanto's glyphosate-based, residential-lawn-and-garden herbicides (the products allegedly used by Plaintiff). Instead, that statement is directed at farmers – "grower[s]" – who use Monsanto's glyphosate-based, agricultural herbicides on their "crop[s]" and "field[s]." Plaintiff also misses the mark by quoting other statements from Wilbur-Ellis Company's website. She asserts that "Wilbur-Ellis boasts that it is a 'global service leader' in precision ***agriculture*** technology and products," Remand Motion at 6 (emphasis added; citation to website omitted), but that statement does not undermine Monsanto's showing that Wilbur-Ellis Company has not had any involvement with Monsanto's glyphosate-based, residential-lawn-and-garden herbicides. Instead, that statement reinforces the conclusion that Wilbur-Ellis Company markets and sells ***agricultural*** herbicides.

***Second,*** Plaintiff relies on statements made by Wilbur-Ellis Company in two "Statement of Information" filings submitted to California's Secretary of State, *see* Remand Motion at 6-7 & Plaintiff's Exhibits A & B[3], but – contrary to Plaintiff's argument – these statements do ***not*** conflict with Monsanto's evidence-based showing that Wilbur-Ellis Company has not had any involvement with Monsanto's glyphosate-based, residential-lawn-and-garden herbicides. One of those statements identified Wilbur-Ellis Company's "type of business" as "TRADE," and the other statement described it as "DISTR – AGRICULTURAL CHEMICALS." Plaintiff's Exhibits A & B. These general descriptions do not contradict or conflict with the evidence

---

[2] Wilbur-Ellis Company Website, https://ag.wilburellis.com (last visited Oct. 15, 2020) (attached as Exhibit 1).

[3] Plaintiff did not file these two exhibits on October 1, 2020, when she filed the Remand Motion. She filed the exhibits on October 8, 2020. Plaintiff's Exhibits A & B, ECF No. 9.

submitted with the Notice of Removal, which establishes the limited scope of Wilbur-Ellis Company's business regarding Monsanto's glyphosate-based herbicides. Plaintiff's argument that these "Statement of Information" forms were required to set forth limitations on the scope of Wilbur-Ellis Company's business is unsupported and plainly wrong. Plaintiff failed to provide to this Court the California Secretary of State's instructions to companies for filling out this form. Those instructions, for the question/field at issue here, support the general statements made by Wilbur-Ellis Company, *see* Instructions for Completing Form SI-200 ("Briefly describe the general type of business that constitutes the principal business activity of the corporation.") (attached as Exhibit 2), and contradict Plaintiff's baseless argument that the lack of limitations in the statements filed by Wilbur-Ellis Company lead to the conclusion that this defendant was "quite certainly involved in the distribution chain that distributed Roundup to Plaintiff or to which Plaintiff was exposed," Remand Motion at 7.[4] In sum, Wilbur-Ellis Company was not required to include any limitations on the Statement of Information forms discussed above, and Plaintiff's argument to the contrary lacks merit.[5]

***Third,*** Plaintiff tries to evade the persuasive force of the declarations that Monsanto submitted in support of the Notice of Removal by engaging in sheer speculation about Wilbur-

[4] Those instructions are consistent with the applicable California statutory provision, which requires a corporation to file a "statement of the general type of business that constitutes the principal business activity of the corporation (for example, manufacturer of aircraft; wholesale liquor distributor; or retail department store)." Cal. Corporations Code § 1502(a)(9). Plaintiff does not cite any legal authority to support her contention that a company's Statement of Information form is required to describe limitations on the company's business.

[5] Plaintiff relies on one case to support her contention that remand is required due to a purported contradiction between Wilbur-Ellis Company's Statement of Information forms and the evidence submitted in the Notice of Removal, *see* Remand Motion at 7 (quoting *Vieira v. Mentor Worldwide, LLC*, No. 2:18-cv-06502-AB (PLAx), 2018 WL 4275998 (C.D. Cal. Sept. 7, 2018), but that decision actually undermines Plaintiff's argument. In *Vieira*, the court ordered remand based on its conclusion that the allegedly fraudulently joined defendant had filed a Statement of Information form that "directly contradict[ed]" the declaration submitted in support of the fraudulent-joinder-removal argument. *Id.* at *3. That Statement of Information form described that defendant's "Type of Business" as "Manufacture of Silicone Products," which "directly contradicts [the declarant's] present statement that [defendant] NuSil 'has not . . . manufactured . . . any products.'" *Id.* (ellipses in original). Here, by contrast, there is no contradiction – let alone a direct contradiction – between the declarations submitted in support of the Notice of Removal and the Statement of Information forms that Wilbur-Ellis Company submitted to the California Secretary of State.

Ellis Company's corporate transactions and then jumping to the unsupported conclusion that this activity raises "a genuine question of fact regarding who Wilbur-Ellis distributes to," Remand Motion at 8. However, as explained above, this type of speculation is insufficient to support remand in the face of the evidence presented by Monsanto. *See supra* page 7 (citing cases).

## III. PLAINTIFF'S ARGUMENT REGARDING "JOHN DOE" DEFENDANTS IS SQUARELY FORECLOSED BY THE REMOVAL STATUTE.

In a last-ditch effort to evade this Court's jurisdiction, Plaintiff contends that she sued "John Doe" defendants that likely are California residents and therefore remand is required, *see* Remand Motion at 8, but that argument is squarely foreclosed by a provision in the removal statute. "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names ***shall be disregarded***." 28 U.S.C. § 1441(b)(1) (emphasis added). This provision means what it says. *See, e.g.*, *Caldwell v. State Farm Gen. Ins. Co.*, No. C 16-03479 JSW, 2016 WL 10907158, at *2 (N.D. Cal. Aug. 16, 2016) (denying motion to remand; relying on Section 1441(b)(1) to disregard Doe defendants' citizenship and rejecting argument that they destroyed diversity).

Thus, Section 1441(b)(1) requires this Court to disregard the citizenship of any Doe defendants and precludes Plaintiff from seeking remand based on her argument that such defendants may be California citizens.

## CONCLUSION

For the foregoing reasons, the Court should deny the Remand Motion.

DATED: October 15, 2020

Respectfully submitted,

/s/ Eric G. Lasker

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, NW
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonwalsh.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonwalsh.com)
WILKINSON WALSH LLP
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: 202-942-5000
Fax: 202-942-5999

*Attorneys for Defendant Monsanto Company*