1  **HOLLINGSWORTH LLP**
   Joe G. Hollingsworth (*pro hac vice*)
2  Eric G. Lasker (*pro hac vice*)
   1350 I Street, N.W.
3  Washington, DC  20005
   Telephone:  (202) 898-5800
4  Facsimile:   (202) 682-1639
   Email:       jhollingsworth@hollingsworthllp.com
5               elasker@hollingsworthllp.com

6  *Attorneys for Defendant*
   *MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Ramon v. Monsanto Co*, Case No. 3:20-cv-06507-VC | |

### MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in the Complaint and Jury Demand ("the Complaint"), filed by Ramon Tejera, except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1. In response to the allegations in paragraph 1, Monsanto admits that it is a Delaware corporation with its principal place of business in St. Louis County, Missouri.  The remaining allegations in paragraph 1 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

2. In response to the allegations in the first sentence of paragraph 2, Monsanto admits that it has sold Roundup®-branded products in Florida.  The remaining allegations in the

1  first sentence of paragraph 2 are vague and conclusory and comprise attorney characterizations
2  and are accordingly denied.  Monsanto lacks information or knowledge sufficient to form a
3  belief as to the truth of the allegations in the second sentence of paragraph 2 and therefore denies
4  those allegations.  In response to the allegations in third sentence of paragraph 2, Monsanto
5  admits that it is an agricultural biotechnology corporation with its principal place of business in
6  St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations
7  and offices in countries around the world.  Monsanto admits that it has been a producer of
8  glyphosate-based herbicides but lacks sufficient information regarding the business of other
9  glyphosate producers to admit or deny the allegation as written in the fourth sentence of
10 paragraph 2.  Monsanto admits that it has marketed, distributed, and sold Roundup®-branded
11 herbicides that have glyphosate as their active ingredient.
12       3.      Monsanto lacks information or knowledge sufficient to form a belief as to the
13 truth of the allegations in paragraph 3 and therefore denies those allegations.
14       4.      In response to the allegations in the first sentence of paragraph 4, Monsanto
15 admits that plaintiff purports to bring an action for damages allegedly related to exposure to
16 Roundup®-branded products but denies any liability to plaintiff.  Monsanto lacks information or
17 knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of
18 paragraph 4 and therefore denies those allegations.  Monsanto denies the remaining allegations in
19 paragraph 4.
20       5.      Monsanto denies the allegations in paragraph 5.
21       6.      Monsanto denies the allegations in paragraph 6.
22       7.      There is no paragraph "7" in the Complaint, and therefore no response is required.
23       8.      In response to the allegations in paragraph 8, Monsanto refers to the labels for
24 Roundup®-branded products, which are the best evidence of their contents, and denies any
25 allegation inconsistent with their terms.  Monsanto denies the remaining allegations in paragraph
26 8.
27       9.      In response to the allegations in paragraph 9, Monsanto refers to the labels for
28 Roundup®-branded products, which are the best evidence of their contents, and denies any

1. allegation inconsistent with their terms.  Monsanto denies the remaining allegations in paragraph 9.

The allegations in the unnumbered paragraph under the section titled III. JURISDICTION set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations under the section titled III. JURISDICTION based upon the allegations in plaintiff's Complaint.

The allegations in the first sentence of the unnumbered paragraph under the section titled IV. VENUE set forth conclusions of law for which no response is required.  In response to the allegations in the last sentence of unnumbered paragraph, under the section titled IV. VENUE, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

10. Monsanto generally admits the allegations in paragraph 10, but denies the allegations in paragraph 10 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

11. Monsanto admits the allegations in paragraph 11.

12. In response to the allegations in paragraph 12, Monsanto refers to the labels for Roundup®-branded products, which are the best evidence of their contents, and denies any allegation inconsistent with their terms.  Monsanto denies the remaining allegations in paragraph 12.

13. In response to the allegations in paragraph 13, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 13 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore denies those allegations.

14. In response to the allegations in the first sentence of paragraph 14, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that

1  Monsanto has not been the only manufacturer of glyphosate-based herbicides.  Monsanto admits
2  the remaining allegations in paragraph 14.

3      15.     In response to the allegations in the first sentence of paragraph 15, Monsanto
4  refers to the labels for Roundup®-branded products, which are the best evidence of their contents,
5  and denies any allegation inconsistent with their terms.  Monsanto lacks information or
6  knowledge sufficient to form a belief as to the truth of the allegations in the final sentence of
7  paragraph 15 regarding reliance by plaintiff and therefore denies those allegations.  Monsanto
8  denies the remaining allegations in paragraph 15.

9      16.     Monsanto denies the allegations in paragraph 16.

10     17.     Monsanto denies the allegations in paragraph 17.

11     18.     In response to the allegations in paragraph 18, Monsanto refers to the labels for
12  Roundup®-branded products, which are the best evidence of their contents, and denies any
13  allegation inconsistent with their terms.  Monsanto denies the remaining allegations in paragraph
14  18.

15     19.     In response to the allegations in the third and fourth sentences of paragraph 19,
16  Monsanto admits that certain scientists and certain studies have made these claims, but denies
17  the allegations to the extent they imply that those scientists' views and studies are valid or
18  accurate.  Monsanto denies the remaining allegations in paragraph 19.

19     20.     Monsanto denies the allegations in paragraph 20.

20     21.     Monsanto denies the allegations in paragraph 21.

21     22.     Monsanto denies the allegations in paragraph 22.

22     23.     Monsanto denies the allegations in paragraph 23.

23     24.     In response to the allegations in paragraph 24, Monsanto admits that certain
24  scientists and certain studies have made these claims, but denies the allegations to the extent they
25  imply that those scientists' views and studies are valid or accurate.

26     25.     The allegations in paragraph 25 are vague and conclusory and comprise attorney
27  characterizations and are accordingly denied.

28     26.     Monsanto denies the allegations in paragraph 26.

1   27. To the extent that the allegations in paragraph 27 suggest that glyphosate causes cancer or other serious adverse effects in humans and animals, Monsanto denies such allegations. The remaining allegations in paragraph 27 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

28. The allegations in paragraph 28 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 28.

29. In response to the allegations in paragraph 29, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). The remaining allegations in paragraph 29 set forth conclusions of law for which no response is required.

30. The allegations in paragraph 30 set forth conclusions of law for which no response is required.

31. In response to the allegations in paragraph 31, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution in the United States and are registered by the State of Florida for sale and distribution.

32. In response to the allegations in paragraph 32, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. Monsanto states that the term "the product tests" in the final sentence of paragraph 32 is vague and ambiguous, and Monsanto therefore denies the same. The remaining allegations in paragraph 32 set forth conclusions of law for which no answer is required.

33. Monsanto denies the allegations in paragraph 33 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration.

34. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 34 set forth conclusions of law for which no response is required.

35. In response to the allegations in paragraph 35, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore denies those allegations.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 35.

36. In response to the allegations in paragraph 36, Monsanto refers to the labels for Roundup®-branded products, which are the best evidence of their contents, and denies any allegation inconsistent with their terms.  Monsanto denies the remaining allegations in paragraph 36.

37. In response to the allegations in paragraph 37, Monsanto refers to the labels for Roundup®-branded products, which are the best evidence of their contents, and denies any allegation inconsistent with their terms.  Monsanto denies the remaining allegations in paragraph 37.

38. To the extent that the allegations in paragraph 38 suggest that glyphosate or Roundup®-branded herbicides cause cancer or other serious adverse effects in humans and

1  animals, Monsanto denies such allegations.  The remaining allegations in paragraph 38 are vague
2  and conclusory and comprise attorney characterizations and are accordingly denied.
3        39.     Monsanto denies the allegations in paragraph 39.
4        40.     In response to the allegations in paragraph 40, Monsanto admits that the New
5  York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading
6  advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any
7  admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney
8  General's allegations related in any way to a purported or alleged risk of cancer.  To the extent
9  the subparts purport to quote a document, the document speaks for itself and thus does not
10 require any further answer.  The remaining allegations in paragraph 40 are vague and conclusory
11 and comprise attorney characterizations and are accordingly denied.
12       41.     In response to the allegations in paragraph 41, Monsanto admits it entered into an
13 assurance of discontinuance with the New York Attorney General.  The assurance speaks for
14 itself and thus does not require any further answer.  The remaining allegations in paragraph 41
15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.
16       42.     Monsanto denies the allegations in paragraph 42.
17       43.     In response to the allegations in paragraph 43, Monsanto admits that the French
18 court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and
19 that it "left the soil clean," but denies the allegations in paragraph 43 to the extent that they
20 suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause
21 cancer.  Monsanto denies the remaining allegations in paragraph 43.
22       The allegations in the unnumbered paragraph under the section titled VI. ROUNDUP
23 USE BY TEJERA, Monsanto demands that judgment be entered in its favor and against plaintiff;
24 that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of
25 suit and reasonable attorney's fees as allowed by law and such further and additional relief as
26 this Court may deem just and proper.
27       44.     Monsanto admits that it has designed, researched, manufactured, tested,
28 advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The

1  remaining allegations in paragraph 44 set forth conclusions of law for which no response is
2  required.

3      45.    Monsanto admits that it is an agricultural biotechnology corporation with its
4  principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its
5  affiliated companies have operations and offices in countries around the world.  Monsanto states
6  that the remaining allegations in paragraph 45 are vague and that it accordingly lacks information
7  or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore
8  denies those allegations.

9      46.    Monsanto admits the allegations in paragraph 46.

10      47.    Monsanto lacks information or knowledge sufficient to form a belief as to the
11  truth of the allegations in paragraph 47 and therefore denies those allegations.

12      48.    Monsanto lacks information or knowledge sufficient to form a belief as to the
13  truth of the allegations in paragraph 48 and therefore denies those allegations.

14      49.    Monsanto lacks information or knowledge sufficient to form a belief as to the
15  truth of the allegations in paragraph 49 and therefore denies those allegations.

16      50.    In response to the allegations in paragraph 50, Monsanto denies that there is any
17  risk of serious illness associated with the use of and/or exposure to Roundup®-branded products
18  and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to
19  human health.  Monsanto states, however, that the scientific studies upon which International
20  Agency for Research on Cancer ("IARC") purported to base its classification were all publicly
21  available before March 2015.

22      51.    Monsanto lacks information or knowledge sufficient to form a belief as to the
23  truth of the allegations in paragraph 51 and therefore denies those allegations.

24      52.    Monsanto denies the allegations in paragraph 52.

25      53.    Monsanto denies the allegations in paragraph 53.

26      54.    In response to the allegations in paragraph 54, Monsanto states that the cited
27  document speaks for itself and does not require a response.  To the extent that the allegations in
28  paragraph 54 go beyond a restatement of the cited document, Monsanto lacks information or

knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 and therefore denies those allegations.

55.  Monsanto admits the allegations in paragraph 55.

56.  In response to the allegations in paragraph 56, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 56 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 56 and therefore denies those allegations.

57.  Monsanto states that the term "toxic" as used in paragraph 57 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 57.

58.  In response to the allegations in paragraph 58, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 58.

59.  In response to the allegations in paragraph 59, Monsanto admits that certain studies have made these claims, but denies the allegations to the extent they imply that those studies are valid or accurate.  Monsanto denies the remaining allegations in paragraph 59.

60.  Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 60.

61.  Monsanto denies the allegations in paragraph 61.

62.  Monsanto denies the allegations in paragraph 62.

63.  Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 63 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

64.  Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 64.

1     65.     Monsanto denies the allegations in paragraph 65.

2     66.     Monsanto admits the allegations in the first sentence of paragraph 66.  Monsanto denies the allegations in the final sentence of paragraph 66.

4     67.     Monsanto admits the allegations in paragraph 67.  Monsanto denies the allegations in the final sentence of paragraph 67.

6     68.     Monsanto denies the allegations in paragraph 68.

7     69.     Monsanto denies the allegations in paragraph 69.

8     70.     Monsanto admits that it has promoted, Roundup®-branded herbicides as safe when used in accordance with the products' labeling.  Monsanto denies the remaining allegations in paragraph 70.

11     71.     Monsanto denies the allegations in paragraph 71.

12     72.     Monsanto denies the allegations in paragraph 72.

13     73.     Monsanto denies the allegations in paragraph 73.

14     74.     Monsanto denies the allegations in paragraph 74.

15     75.     Monsanto denies the allegations in paragraph 75.

16     76.     Monsanto denies the allegations in paragraph 76.

17     77.     Monsanto denies the allegations in paragraph 77.

18     78.     Monsanto denies the allegations in paragraph 78.

19     79.     Monsanto denies the allegations in paragraph 79.

20     80.     Monsanto admits that plaintiff purports to bring an action for compensatory damages but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 80.

23     81.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 81 and therefore denies those allegations.

25     82.     Monsanto denies the allegations in paragraph 82.

26     83.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 83 and therefore denies those allegations.

84. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore denies those allegations.

85. Monsanto denies the allegations in paragraph 85.

86. Monsanto incorporates by reference its responses to paragraphs 1 through 85 in response to paragraph 86 of plaintiff's Complaint.

87. The allegations in paragraph 87 set forth conclusions of law for which no response is required.

88. Monsanto denies the allegations in paragraph 88.

89. Monsanto denies the allegations in paragraph 89.

90. Monsanto denies the allegations in paragraph 90.

91. Monsanto denies the allegations in paragraph 91, including each of its subparts.

92. Monsanto denies the allegations in paragraph 92.

93. Monsanto denies the allegations in paragraph 93.

94. Monsanto denies the allegations in paragraph 94, including each of its subparts.

95. Monsanto denies the allegations in paragraph 95.

96. Monsanto denies the allegations in paragraph 96.

97. Monsanto denies the allegations in paragraph 97.

98. Monsanto denies the allegations in paragraph 98.

99. Monsanto denies the allegations in paragraph 99. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

100. Monsanto denies the allegations in paragraph 100.

101. In response to the allegations in the first sentence of paragraph 101, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The allegations in the second sentence of paragraph 101 sets forth a conclusion of law for which no response is required.

1  102. Monsanto incorporates by reference its responses to paragraphs 1 through 101 in response to paragraph 102 of plaintiff's Complaint.

103. Monsanto denies the allegations in paragraph 103.

104. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 104 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 104 set forth conclusions of law for which no response is required.

105. The allegations in paragraph 105 set forth conclusions of law for which no response is required.

106. Monsanto denies the allegations in paragraph 106.

107. The allegation in paragraph 107 regarding a purported implied warranty sets forth a conclusion of law for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 107 and therefore denies those allegations.

108. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 108 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies the allegations in paragraph 108.

109. Monsanto denies the allegations in paragraph 109.

110. Monsanto denies the allegations in paragraph 110.

111. Monsanto denies the allegations in paragraph 111.

112. In response to the allegations in the first sentence of paragraph 112, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The allegations in the second sentence of paragraph 112 set forth a conclusion of law for which no response is required.

1   113.   Monsanto incorporates by reference its responses to paragraphs 1 through 112 in response to paragraph 113 of plaintiff's Complaint.

2   114.   Monsanto admits that plaintiff purports to bring a claim for strict products liability, but denies any liability as to that claim.  Monsanto denies the remaining allegations in paragraph 114.

3   115.   In response to the allegations in the second sentence of paragraph 115, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used Roundup®-branded products and therefore denies that allegation.  Monsanto denies the remaining allegations in paragraph 115.

116.   Monsanto denies the allegations in paragraph 116.

117.   Monsanto denies the allegations in paragraph 117 and each of its subparts.

118.   Monsanto denies the allegations in paragraph 118.

119.   Monsanto denies the allegations in paragraph 119.

120.   Monsanto denies the allegations in paragraph 120.

121.   Monsanto denies the allegations in paragraph 121.

122.   Monsanto denies the allegations in paragraph 122.

123.   In response to the allegations in paragraph 123, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

124.   The allegations in paragraph 124 set forth conclusions of law for which no response is required.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.   The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6. Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8. Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of the conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims in whole or in part.

12. Applicable statutes of limitations and/or repose, or prescriptive periods bar plaintiff's claims in whole or in part.

13. Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14. If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15. Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16. Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17. Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18. Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Florida Constitution and/or other applicable state constitutions.

19. Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of punitive damages under Florida law, and/or other applicable state laws.

20. Plaintiff's claims for punitive damages are barred and/or limited by operation of state and/or federal law, including Fla. Stat. § 768.73. Monsanto would further show that under the facts of this case, however, an award of punitive damages consistent with the maximum awards permitted under Fla. Stat. § 768.73 would be a violation of Monsanto's state and federal constitutional rights.

21. Plaintiff's claims are barred in whole or in part by plaintiff's contributory/comparative negligence.

22. Plaintiff's claims are barred in whole or in part by plaintiff's failure to mitigate damages.

23. Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24. If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

25. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff has received and/or will receive from collateral sources.

26. Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27. Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28. Any recovery of compensatory damages is limited by operation of Fla. Stat. § 768.76.

29. In accordance with Fla. Stat. § 768.1257, plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

30. Plaintiff's claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

1        31.     Plaintiff's injuries, if any, were caused, in whole or in part, by the acts or omissions of persons other than Monsanto, whether individual, corporate, associate, or otherwise, whether named or unnamed in the Complaint, and for whose conduct Monsanto is not liable.  Monsanto is not liable for damages proximately caused by non-parties, pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), including any and all employers of plaintiff and any other product used by plaintiff that was not manufactured, sold, or distributed by Monsanto.

         32.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

### JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  October 15, 2020                               Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*