**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *Angelo Grillo v. Monsanto Co. and John Does 1-50*, Case No. 3:20-cv-06501-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Angelo Grillo's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Monsanto denies – and objects to – allegations by plaintiff that purport to lump Monsanto together with other defendants.  Monsanto responds to this Complaint only on behalf of Monsanto and not on behalf of any other defendant.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in the first sentence of paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in the first sentence of paragraph 4 based upon the allegations in plaintiff's complaint.  Monsanto lacks information or knowledge sufficient to form a belief as to the remaining allegations in paragraph 4 and therefore denies those allegations.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required.  In response to the allegations in the second sentence of paragraph 7, Monsanto admits that it has sold, marketed, and/or distributed Roundup®-branded products within the Eastern District of New York.  In response to the allegations in the final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.  Monsanto lacks information or knowledge sufficient to form a belief as to the remaining allegations in paragraph 7 and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 8 and therefore denies those allegations.  In response to the allegations in the second sentence of paragraph 8, Monsanto admits that plaintiff purports to bring a claim for personal injury but denies any liability as to that claim.  Monsanto denies the remaining allegations of paragraph 8.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff has a variety of separate and distinct uses and formulations.

10.     In response to the allegations in paragraph 10, Monsanto admits that it is a Delaware corporation with its principal place of business is in St. Louis County, Missouri.

11.     The allegations in paragraph 11 are not directed at Monsanto and therefore no answer is required.  To the extent that an answer is deemed required, Monsanto denies the allegations in paragraph 11.

12.     The allegations in paragraph 12 comprise attorney characterizations and are accordingly denied.  Monsanto states that it is only answering on behalf of Monsanto and not on behalf of un-named co-defendants.

13.     In response to the allegations in paragraph 13, Monsanto admits that it has sold Roundup®-branded products in New York.

14.     Monsanto denies the allegations in paragraph 14.

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     Monsanto admits the allegations in paragraph 17.

18.     Monsanto admits that it is authorized to do business in New York.  The remaining allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19.     The allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     Monsanto denies the allegations in paragraph 20.

21.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its

1    affiliated companies have operations and offices in countries around the world. Monsanto states

2    that the remaining allegations in paragraph 22 are vague and that it accordingly lacks information

3    or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore

4    denies those allegations.

5          23.     Monsanto admits the allegations in paragraph 23.

6          24.     Monsanto admits the allegations in paragraph 24.

7          25.     In response to the allegations in paragraph 25, Monsanto admits that glyphosate is

8    an herbicide that is used to kill invasive plants and weeds. The remaining allegations in

9    paragraph 25 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

10   to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies

11   those allegations.

12         26.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

13   The remaining allegations in paragraph 26 comprise attorney characterizations and are

14   accordingly denied.

15         27.     Monsanto admits the allegations in paragraph 27.

16         28.     Monsanto generally admits the allegations in paragraph 28, but denies the

17   allegations in paragraph 28 to the extent that they suggest that glyphosate is present in any plants

18   at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

19   the United States Environmental Protection Agency ("EPA").

20         29.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth

21   of the allegations in paragraph 29 and therefore denies those allegations.

22         30.     Monsanto admits that it has been the leading producer of seeds that contain the

23   Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve

24   a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form

25   a belief as to the accuracy of the specific numbers and statistics provided in the remaining

26   sentences of paragraph 30 and therefore denies those allegations. Monsanto denies the remaining

27   allegations in paragraph 30.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-06501-VC

31.     In response to the allegations in the first and second sentences of paragraph 31, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto has not been the only manufacturer of glyphosate-based herbicides. Monsanto admits the allegations in the third sentence of paragraph 31.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies those allegations.

32.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 32.

33.     The allegations in paragraph 33 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 33.

34.     In response to the allegations in paragraph 34, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 34 set forth conclusions of law for which no response is required.

35.     The allegations in paragraph 35 set forth conclusions of law for which no response is required.

36.     In response to the allegations in paragraph 36, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution in the United States and are registered by the State of New York for sale and distribution.

37.     In response to the allegations in paragraph 37, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 37 is vague and

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-06501-VC

1    ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 37

2    set forth conclusions of law for which no answer is required.

3            38.     Monsanto denies the allegations in paragraph 38 to the extent that they suggest that

4    EPA only evaluates the safety of pesticide products on the date of their initial registration.

5    Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

6    products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

7    of the allegations in paragraph 38 regarding such pesticide products generally and therefore

8    denies those allegations.  The remaining allegations in paragraph 38 set forth conclusions of law

9    for which no response is required.

10           39.     In response to the allegations in paragraph 39, Monsanto admits that EPA has

11   undertaken a regulatory review of glyphosate and further admits that EPA has not released its

12   findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

13   Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

14   concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

15   humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

16   posted an October 2015 final report by its standing Cancer Assessment Review Committee

17   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

18   to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

19   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

20   the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

21

22

23

---

24   [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
25   document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

26   [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*
27   *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-06501-VC

1  humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final

2  Report discussed above, other specific findings of safety include:

3  • "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of

4  convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993),

5  http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

6  • "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

7

8  • "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

9  • "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or

10  reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

11

12  • "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

13

14  • "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that

15  this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for

16  [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, &*

17  *Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs),

18  http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05.

19  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

20  remaining allegations in paragraph 39 and therefore denies those allegations.

21       40.     In response to the allegations in paragraph 40, Monsanto admits that the New York

22  Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

23  advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

24  admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

25  General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

26

27  [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-06501-VC

the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 40 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

41.     In response to the allegations in paragraph 41, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

42.     Monsanto denies the allegations in paragraph 42.

43.     In response to the allegations in paragraph 43, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 43 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 43.

44.     Monsanto denies the allegations in paragraph 44.

45.     In response to the allegations in paragraph 45, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 45 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies those allegations.

46.     Monsanto admits the allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 47 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and therefore denies those allegations.

48.     Monsanto states that the term "toxic" as used in paragraph 48 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 48.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-06501-VC

49.     Monsanto admits the allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 51 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 53 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 53.

54.     Monsanto denies the allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 56 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 56.

57.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 57.

58.     Monsanto denies the allegations in paragraph 58.

1       59.      Monsanto denies the allegations in paragraph 59.

2       60.      Monsanto denies the allegations in paragraph 60.

3       61.      Monsanto denies the allegations in paragraph 61.

4       62.      Monsanto admits that it has in the past promoted Roundup®-branded herbicides as

5 safe when used in accordance with the products' labeling.  Monsanto denies the remaining

6 allegations in paragraph 62.

7       63.      Monsanto admits that the International Agency for Research on Cancer ("IARC")

8 is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks

9 information or knowledge sufficient to form a belief as to the truth of the remaining allegations in

10 paragraph 63 and therefore denies those allegations.

11       64.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth

12 of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies that

13 glyphosate met the criteria necessary to be eligible for review.

14       65.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth

15 of the allegations in paragraph 65 and therefore denies those allegations.  Monsanto denies that

16 glyphosate met the criteria necessary to be eligible for review.

17       66.      Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

18 carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

19 evidence was "cumulative."  The remaining allegations in paragraph 66 are vague and conclusory

20 and comprise attorney characterizations and are accordingly denied.

21       67.      Monsanto admits that the full IARC Monograph regarding glyphosate was

22 published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A

23 carcinogen.  In response to the remaining allegations in paragraph 67, Monsanto states that the

24 document speaks for itself and does not require a response.  To the extent that a response is

25 deemed required, the remaining allegations in paragraph 67 comprise attorney characterizations

26 and are accordingly denied.

27       68.      In response to the allegations in paragraph 68, Monsanto states that the document

28 speaks for itself and does not require a response.  To the extent that a response is deemed

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-06501-VC

1     required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly

2     denied.

3            69.     In response to the allegations in paragraph 69, Monsanto states that the document

4     speaks for itself and does not require a response.  To the extent that a response is deemed

5     required, the allegations in paragraph 66 comprise attorney characterizations and are accordingly

6     denied.

7            70.     Monsanto denies the allegations in paragraph 70.

8            71.     The allegations in paragraph 71 comprise attorney characterizations and are

9     accordingly denied.

10           72.     Monsanto admits the allegations in paragraph 72.

11           73.     In response to the allegations in paragraph 73, Monsanto states that the cited

12     document speaks for itself and does not require a response.  To the extent that paragraph 73

13     characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

14     paragraph 73.

15           74.     In response to the allegations in paragraph 74, Monsanto admits that certain

16     studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

17     under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

18     evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

19     animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

20     paragraph 74.

21           75.     The allegations in paragraph 75 are vague and ambiguous and are accordingly

22     denied.

23           76.     In response to the allegations in paragraph 76, Monsanto states that the cited

24     document speaks for itself and does not require a response.

25           77.     In response to the allegations in paragraph 77, Monsanto states that the cited

26     document speaks for itself and does not require a response.  To the extent that paragraph 77

27     characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

28     paragraph 77.

1      78.      Monsanto denies the allegations in paragraph 78.

2      79.      In response to the allegations in paragraph 79, Monsanto states that the cited

3   document speaks for itself and does not require a response.  Monsanto otherwise denies the

4   allegations in paragraph 79.

5      80.      Monsanto admits that there is no reliable evidence that Roundup®-branded

6   products are genotoxic, and that regulatory authorities and independent experts agree that

7   Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

8   paragraph 80.

9      81.      Monsanto denies the allegations in paragraph 81.

10      82.      Monsanto denies the allegations in paragraph 82.

11      83.      Monsanto denies the allegations in paragraph 83.

12      84.      Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

13   exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 84.

14      85.      Monsanto denies the allegations in paragraph 85.

15      86.      Monsanto denies the allegations in paragraph 86.

16      87.      Monsanto admits the allegations in paragraph 87.

17      88.      Monsanto denies the allegations in paragraph 88.

18      89.      Monsanto admits the allegations in paragraph 89.

19      90.      Monsanto denies the allegations in paragraph 90.

20      91.      Monsanto denies the allegations in paragraph 91.

21      92.      Monsanto denies the allegations in paragraph 92.

22      93.      Monsanto denies the allegations in paragraph 93.

23      94.      Monsanto denies the allegations in paragraph 94.

24      95.      Monsanto denies the allegations in paragraph 95.

25      96.      Monsanto denies the allegations in paragraph 96.

26      97.      In response to the allegations in paragraph 97, Monsanto admits that independent

27   experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity

28

1  in glyphosate and Roundup®-branded products and admits that it has made statements reflecting

2  this fact.  Monsanto denies the remaining allegations in paragraph 97.

3      98.    In response to the allegations in paragraph 98, Monsanto admits that Roundup®-

4  branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the

5  product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 98.

6      99.    In response to the allegations in paragraph 99, Monsanto admits that it has stated

7  that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic

8  and non-genotoxic.

9      100.    In response to the allegations in paragraph 100, Monsanto admits that a 1986 joint

10  report of the World Health Organization and Food and Agriculture Organization of the United

11  Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

12  Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

13  Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

14  carcinogen.  Monsanto denies the remaining allegations in paragraph 100.

15      101.    Monsanto denies the allegations in paragraph 101.

16      102.    Monsanto denies the allegations in paragraph 102.

17      103.    Monsanto denies the allegations in paragraph 103.

18      104.    Monsanto denies the allegations in paragraph 104.

19      105.    Monsanto denies the allegations in paragraph 105.

20      106.    Monsanto denies the allegations in paragraph 106.

21      107.    Monsanto denies the allegations in paragraph 107.

22      108.    Monsanto denies the allegations in paragraph 108.

23      109.    Monsanto denies the allegations in paragraph 109.

24      110.    Monsanto denies the allegations in paragraph 110.

25      111.    Monsanto denies the allegations in paragraph 111.

26      112.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

27  of the allegations in paragraph 112 and therefore denies those allegations.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-06501-VC

113.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 113 and therefore denies those allegations.

114.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 114 and therefore denies those allegations.

115.    Monsanto denies the allegations in paragraph 115.

116.    Monsanto incorporates by reference its responses to paragraphs 1 through 115 in response to paragraph 116 of plaintiff's Complaint.

117.    Monsanto denies the allegations in the first and second sentences of paragraph 117. Monsanto further states that the cited document speaks for itself and does not require a response.

118.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in paragraph 118.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

119.    Monsanto denies the allegations in the first and last sentences of paragraph 119.  The remaining allegations in paragraph 119 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

120.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The remaining allegations in paragraph 120 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-06501-VC

121.     Monsanto incorporates by reference its responses to paragraphs 1 through 120 in response to paragraph 121 of plaintiff's Complaint.

122.     The allegations in paragraph 122 set forth conclusions of law for which no response is required.

123.     Monsanto denies the allegations in paragraph 123.

124.     Monsanto denies the allegations in paragraph 124, including each of its subparts.

125.     Monsanto denies the allegations in paragraph 125.

126.     Monsanto denies the allegations in paragraph 126.

127.     Monsanto denies the allegations in paragraph 127, including each of its subparts.

128.     Monsanto denies the allegations in paragraph 128.

129.     Monsanto denies the allegations in paragraph 129.

130.     Monsanto denies the allegations in paragraph 130.

131.     Monsanto denies the allegations in paragraph 131.

In response to the allegations in the first sentence in the "WHEREFORE" paragraph following paragraph 131, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 131 sets forth a conclusion of law for which no response is required.

132.     Monsanto incorporates by reference its responses to paragraphs 1 through 131 in response to paragraph 132 of plaintiff's Complaint.

133.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 133 and therefore denies those allegations.

134.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 134 and therefore denies those allegations.

135.     Monsanto denies the allegations in paragraph 135.

136.     Monsanto denies the allegations in paragraph 136.

1      137.   Monsanto denies the allegations in paragraph 137.

2      138.   Monsanto denies the allegations in paragraph 138, including each of its subparts.

3      139.   Monsanto denies the allegations in paragraph 139.

4      140.   Monsanto denies that Roundup®-branded products have "dangerous

5   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

6   truth of the remaining allegations in paragraph 140 and therefore denies those allegations.

7      141.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

8   of the allegations in paragraph 141 and therefore denies those allegations.

9      142.   Monsanto denies the allegations in paragraph 142.

10      143.   The allegations in paragraph 143 set forth conclusions of law for which no

11   response is required.

12      144.   Monsanto denies the allegations in paragraph 144.

13      145.   Monsanto denies the allegations in paragraph 145.

14      146.   Monsanto denies the allegations in paragraph 146.

15      147.   Monsanto denies the allegations in paragraph 147.

16      148.   Monsanto denies the allegations in paragraph 148.

17      149.   Monsanto denies the allegations in paragraph 149.

18      150.   Monsanto denies the allegations in paragraph 150.

19      151.   Monsanto denies the allegations in paragraph 151.

20      152.   Monsanto denies the allegations in paragraph 152.

21      153.   Monsanto denies the allegations in paragraph 153.

22      In response to the allegations in the first sentence in the "WHEREFORE" paragraph

23   following paragraph 153, Monsanto demands that judgment be entered in its favor and against

24   plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded

25   costs of suit and reasonable attorney's fees as allowed by law and such further and additional

26   relief as this Court may deem just and proper.  The statement in the last sentence of the

27   "WHEREFORE" paragraph following paragraph 153 sets forth a conclusion of law for which no

28   response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-06501-VC

154.     Monsanto incorporates by reference its responses to paragraphs 1 through 153 in response to paragraph 154 of plaintiff's Complaint.

155.     The allegations in paragraph 155 set forth conclusions of law for which no response is required.

156.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 156 and therefore denies those allegations.

157.     Monsanto denies the allegations in paragraph 157.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

158.     Monsanto denies the allegations in paragraph 158.

159.     Monsanto denies the allegations in paragraph 159.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

160.     Monsanto denies the allegations in paragraph 160.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

161.     Monsanto denies the allegations in paragraph 161.

162.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 162 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 162.

163.     The allegations in paragraph 163 set forth conclusions of law for which no response is required.

164.     Monsanto denies the allegations in paragraph 164.

165.     Monsanto denies the allegations in paragraph 165.

166.     Monsanto denies the allegations in paragraph 166.

167.     Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 167.

168.    The allegations in paragraph 168 set forth conclusions of law for which no response is required.

169.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 169 and therefore denies those allegations.

170.    Monsanto denies the allegations in paragraph 170.

171.    Monsanto denies the allegations in paragraph 171.

172.    Monsanto denies the allegations in paragraph 172.

173.    Monsanto denies the allegations in paragraph 173.

174.    Monsanto denies the allegations in paragraph 174.

In response to the allegations in the first sentence in the "WHEREFORE" paragraph following paragraph 174, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 174 sets forth a conclusion of law for which no response is required.

175.    Monsanto incorporates by reference its responses to paragraphs 1 through 174 in response to paragraph 175 of plaintiff's Complaint.

176.    Monsanto denies the allegations in paragraph 176.

177.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 179 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 179 set forth conclusions of law for which no response is required.

178.    The allegations in paragraph 178 set forth conclusions of law for which no response is required.

179.    Monsanto denies the allegations in paragraph 179.

180.    The allegation in paragraph 180 regarding a purported implied warranty sets forth a conclusion of law for which no response is required. Monsanto lacks information or knowledge

- 18 -

1   sufficient to form a belief as to the truth of the remaining allegations in paragraph 180 and

2   therefore denies those allegations.

3        181.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

4   of the allegations in paragraph 181 concerning the condition of any Roundup®-branded product

5   allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies

6   the allegations in paragraph 181.

7        182.   Monsanto denies the allegations in paragraph 182.

8        183.   Monsanto denies the allegations in paragraph 183.

9        184.   Monsanto denies the allegations in paragraph 184.

10       In response to the allegations in the first sentence in the "WHEREFORE" paragraph

11  following paragraph 184, Monsanto demands that judgment be entered in its favor and against

12  plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded

13  costs of suit and reasonable attorney's fees as allowed by law and such further and additional

14  relief as this Court may deem just and proper.  The statement in the last sentence of the

15  "WHEREFORE" paragraph following paragraph 184 sets forth a conclusion of law for which no

16  response is required.

17       In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

18  denies that plaintiff is entitled to the relief sought therein, including any judgment for any

19  damages, interest, costs, or any other relief whatsoever.

20       Every allegation in the Complaint that is not specifically and expressly admitted in this

21  Answer is hereby specifically and expressly denied.

22                          **SEPARATE AND AFFIRMATIVE DEFENSES**

23       1.    The Complaint, in whole or part, fails to state a claim or cause of action upon

24  which relief can be granted.

25       2.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

26  reliable evidence that the products at issue were defective or unreasonably dangerous.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-06501-VC

1        3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was
2 so insubstantial as to be insufficient to be a proximate or substantial contributing cause of
3 plaintiff's alleged injuries.

4        4.      Plaintiff's claims are barred, in whole or in part, because the products at issue were
5 designed, manufactured, marketed and labeled with proper warnings, information, cautions and
6 instructions, in accordance with the state of the art and the state of scientific and technological
7 knowledge.

8        5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were
9 not defective or unreasonably dangerous in that they complied with, at all relevant times, all
10 applicable government safety standards.

11        6.      Any claims based on allegations that Monsanto misled, defrauded, made
12 misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See,*
13 *e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*
14 *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

15        7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law
16 relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,
17 processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

18        8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings
19 that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product
20 labeling.

21        9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary
22 jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

23        10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any,
24 were the result of conduct of plaintiff, independent third parties, and/or events that were
25 extraordinary under the circumstances, not foreseeable in the normal course of events, and/or
26 independent, intervening and superseding causes of the alleged injuries, including but not limited
27 to plaintiff's pre-existing medical conditions.

28

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the New York Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff had failed to allege conduct warranting imposition of such damages under New York law, and/or other applicable state laws.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-06501-VC

20.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

25.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

26.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     To the extent that plaintiff recovered payments for plaintiff's alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under NY CPLR § 4545.

28.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

1

## JURY TRIAL DEMAND

2

Monsanto demands a jury trial on all issues so triable.

3

DATED:  October 16 , 2020

Respectfully submitted,

4

5

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)

6

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)

7

HOLLINGSWORTH LLP
1350 I Street, N.W.

8

Washington, DC  20005
Telephone:  (202) 898-5800

9

Facsimile:   (202) 682-1639

10

*Attorneys for Defendant*
*MONSANTO COMPANY*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 23 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-06501-VC