Karen Barth Menzies (CA SBN 180234)
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
kbm@classlawgroup.com

Fletcher V. Trammell, Esq.
Melissa Binstock Ephron, Esq.
TRAMMELL, PC
3262 Westheimer Rd., Ste. 423
Houston, TX 77098
Tel: (800) 405-1740
Fax: (800) 532-0992
fletch@trammellpc.com
melissa@trammellpc.com

Alexander G. Dwyer
Andrew F. Kirkendall
Erin M. Wood
KIRKENDALL DWYER LLP
4343 Sigma Rd, Suite 200
Dallas, TX 75244
Tel: 214-271-4027
Fax: 214-253-0629
ad@kirkendalldwyer.com
ak@kirkendalldwyer.com
ewood@kirkendalldwyer.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISON**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| THIS DOCUMENT RELATES TO: | **PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND *CARSON* CASE TO STATE COURT** |
| *Carson v. Monsanto Co., et al.,* Case No. 3:20-cv-06238 | |
| | Date: November 5, 2020 Time: 10:00 a.m. Courtroom: 4 |

1

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO
REMAND *CARSON* CASE TO STATE COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTRODUCTION**

Monsanto's notice of removal is substantively improper, and this action must be remanded to state court. The case at bar involves a suit brought in California state court against Monsanto, Wilbur-Ellis Company, Wilbur-Ellis Feed, and DOES defendants for injuries sustained as a result of Plaintiff's use and exposure to Monsanto's Roundup products.

Plaintiff, Gail Carson, is and has been a California resident for all appliable times relevant to this action. Both Wilbur-Ellis Company and Wilbur-Ellis Feed have their principal place of business in California, as Monsanto admits. As such, complete diversity is lacking, and federal jurisdiction is lacking in this case as a result.

While admitting that complete diversity does not exist, Monsanto argues that this case should be removed on the bases of fraudulent joinder. For the reasons stated herein, this argument is untenable and should be rejected in favor of immediate remand.

**FACTUAL BACKGROUND AND PROCEDRUAL HISTORY**

Gail Carson ("Plaintiff") was exposed to Roundup from the late 2000s until 2018 when she applied the product to her yard at her California residence. On or about January 23, 2017, Plaintiff was diagnosed with non-Hodgkin lymphoma, proximately caused by her Roundup use and exposure. Suit was filed on Plaintiff's behalf on August 10, 2020. Monsanto then filed a notice of removal on September 3, 2020. Plaintiff filed her motion to remand on October 1, 2020, after which Monsanto filed its opposition to Plaintiff's motion to remand on October 15, 2020.

**ARGUMENT**

**I.      SUBSTANTIVE REQUIREMENTS FOR REMOVAL ARE NOT SATISFIED.**

Monsanto agrees that complete diversity is lacking on the face of the complaint, clearly lending to Plaintiff's argument that this case should be remanded.

A federal court can exercise removal jurisdiction over a case only if it would have had jurisdiction over the case as originally brought by the plaintiff. *Snow v. Ford Motor Co.,* 561 F.2d 787, 789 (9th Cir.1977); *see also* 28 U.S.C. § 1441. Removal based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 requires complete diversity of citizenship (i.e., all plaintiffs must be

2

of different citizenship than all defendants). *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir.2001); *see also* 28 U.S.C. § 1332. Removal is not permitted where one of the defendants "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

Further, the Ninth Circuit has long held that it is the burden of the party seeking removal to establish federal jurisdiction, *Holcomb v. Bingham Toyota,* 871 F.2d 109, 110 (9th Cir.1989), and there is a "strong presumption against removal jurisdiction." *Abrego Abrego v. Dow Chem. Co.,* 443 F.3d 676, 685 (9th Cir.2006). In fact, removal jurisdiction should be strictly construed in favor of remand, *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941)), and the law is clear that there must be *no doubt* that jurisdiction exists. If doubt exists, remand is required. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is *any doubt* as to the right of removal.") (emphasis added). "Doubts as to removability must be resolved in favor of remanding the case to state court." *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003).

Regarding the case at bar, Monsanto agrees that the Wilbur-Ellis entities are citizens of the State of California. Monsanto Company's Notice of Removal, ¶ 16. Plaintiff—also—is and has been a citizen of the State of California for all times appliable to this action. As such, on the face of the complaint, diversity jurisdiction is lacking, and Plaintiff's case must be remanded to state court.

## II.   THE WILBUR-ELLIS ENTITES ARE NOT FRADULENTLY JOINED.

Faced with an obvious lack of diversity in this case, Monsanto seeks to employ the doctrine of fraudulent joinder to remove this case to federal court. This argument must fail.

Fraudulent joinder constitutes an exception to the requirement of complete diversity. This doctrine holds that, where a non-diverse defendant has been "fraudulently joined," the court disregards that defendant and recognizes complete diversity. *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2000). However, fraudulent joinder only exists "[i]f the plaintiff fails to

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND *CARSON* CASE TO STATE COURT

state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Further, **it is the defendant's burden of proof to show fraudulent joinder, and the defendant must do so with "clear and convincing evidence**," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). In determining whether a defendant was joined fraudulently, a court must resolve "all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (quoting *Dodson v. Spiliada*, 951 F.2d 40, 42-43 (5th Cir. 1992)).

Indeed, the district court must remand if there is a "non-fanciful possibility" that the plaintiff can state a claim against the non-diverse defendant. *See Vu v. Ortho–McNeill Pharm., Inc.*, 602 F.Supp.2d 1151, 1154 (N.D. Cal. 2009) (citation omitted). The relevant inquiry is whether the plaintiff could state a claim against the non-diverse defendant on any legal theory. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

When determining if a non-diverse defendant has been fraudulently joined, the court may look beyond the pleadings and consider summary judgment-type evidence such as deposition testimony and affidavits. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995) ("[F]raudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony."). Thus, the defendant seeking removal is free to present as many facts as he wishes in order to show fraudulent joinder. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

Regarding the case at bar, Plaintiff is only required to raise a disputed question of fact to satisfy her burden. Plaintiff has done so on three fronts, including through Wilbur-Ellis' website statements, its Statements of Information, and the barrage of mergers Wilbur-Ellis has undertaken. Monsanto, in contrast, must put forward clear and convincing evidence that the joinder was fraudulent. In other words, Monsanto must show with clear and convincing evidence that Wilbur-Ellis did not play a role in the chain of distribution leading to Monsanto's Roundup products being

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND *CARSON* CASE TO STATE COURT

sold at national retail stores. Monsanto has failed to do so and has mistakenly placed a clear and convincing standard of proof on Plaintiff.

## A. Wilbur-Ellis' Website Statements

Monsanto first attempts to argue that the website statements identified by Plaintiff do not show that Wilbur-Ellis was engaged in the chain of distribution of Monsanto's Roundup products that reached Plaintiff. Monsanto's argument simply fails. As Plaintiff identified in her motion to remand, Wilbur-Ellis touts itself as being a "global service leader," [1] as "leading international marketers and distributors," [2] and as a "one-stop-shop that has every solution you need."[3] All of these statements signal the wide reach Wilbur-Ellis has to *all* markets. Monsanto alleges that this reach is limited to non-residential markets only, highlighting words like "crops" and "agriculture" in its opposition. However, Monsanto is merely engaging in a word game, selecting words to its benefit, and dropping off portions of sentences that are detrimental to its argument. For example, Monsanto cites to the website statement that, "Wilbur-Ellis is a global services leader in precision agriculture technology and products," emphasizing the term, "agriculture" as the death knell for Plaintiff's claim. However, Monsanto selectively lops off half the sentence. The full sentence reads, "Wilbur-Ellis is a global services leader in precision agriculture technology and products, and in-market expansion services in the animal feed and *specialty chemicals industries*" (emphasis added)[4]. Wilbur-Ellis clearly views itself as the leader in growing and expanding the specialty chemicals market, which Roundup would certainly fall under. This reach is in no way limited to exclude the residential market. Rather, the indication is that Wilbur-Ellis' involvement in the specialty chemicals market *has no limits whatsoever.*

Despite the fact that Monsanto could have presented evidence to the contrary, such as sales history or company affiliations, Monsanto, instead, chose to play a word game that is simply

---

[1] *HISTORY IN THE MAKING*, WILBUR-ELLIS (last visited Oct. 19, 2020), https://www.wilburellis.com/history/.
[2] *WILBUR-ELLIS ACQUIRES NACHURS ALPINE SOLUTIONS®, PIONEER IN PRECISION AGRICULTURE, LEADING SPECIALTY CHEMICALS* MANUFACTURER, WILBUR-ELLIS (last visited Oct. 19, 2020), https://www.wilburellis.com/wilbur-ellis-acquires-nachurs-alpine-solutions-pioneer-in-precision-agriculture-leading-specialty-chemicals-manufacturer/.
[3] *About AGRIBUSINESS*, WILBUR-ELLIS (last visited Oct. 19, 2020), https://ag.wilburellis.com/about/.
[4] *HISTORY IN THE MAKING*, WILBUR-ELLIS (last visited Oct. 19, 2020), https://www.wilburellis.com/history/.

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND *CARSON* CASE TO STATE COURT

without merit. **<u>Again, the burden is on Monsanto to show that the joinder was fraudulent by</u>** **<u>"clear and convincing evidence,"</u>** *Hamilton Materials, Inc.*, 494 F.3d at 1203, 1206, and a court must resolve "all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." *Plute*, 141 F. Supp. 2d at 1005, 1008. Here, Plaintiff has shown that Wilbur-Ellis' reach has no limits through its own statements. At the very least, Plaintiff has raised a question of fact regarding who Wilbur-Ellis distributes to. As such, this case should be remanded to state court.

### B.  Wilbur-Ellis' Statements of Information

Monsanto's second argument is that the Statements of Information identified by Plaintiff do not conflict with or contradict Monsanto's position that Wilbur-Ellis only distributes to non-residential markets. This argument simply does not hold water. In its Statements of Information, Wilbur-Ellis could have identified the limited audience Monsanto purports Wilbur-Ellis caters to by simply adding language such as distribution to or trade with "the agricultural and professional market." Adding these few terms would still be in accordance with the Instructions for Completing Form SI-200 ("Briefly describe the general type of business that constitutes the principal business activity of the corporation."). (Attached as Exhibit A). Instead, Wilbur-Ellis chose to keep its Statements of Information extremely broad and without any audience limitations whatsoever, supporting Plaintiff's argument that Wilbur-Ellis' reach has no limits. As such, Wilbur-Ellis' Statements of Information—which place no limits on its market reach—do contradict Monsanto's contention that Wilbur-Ellis' market reach is limited to the non-residential milieu.

Once again, despite the fact that Monsanto could have presented evidence such as sales history or a list of company affiliations, Monsanto, instead, chose to make a fruitless argument based on a misunderstanding of who has the heightened burden of proof. At the very least, by identifying the lack of limitation in Wilbur-Ellis' Statements of Information, Plaintiff has raised a question of fact regarding who Wilbur-Ellis distributes to. As such, this case should be remanded to state court.

### C.  Wilbur-Ellis' Mergers

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND *CARSON* CASE TO STATE COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Monsanto's next claims that Plaintiff is engaging in speculation about who Wilbur-Ellis distributes to based on Plaintiff's argument regarding the merges Wilbur-Ellis has undergone. Monsanto, again, offers no evidence to show any kind of limitation on Wilbur-Ellis' market reach other than a conclusory affidavit and mistakenly places its own heightened burden of proof on Plaintiff.

*Berliant v. Monsanto Co.*, MDL No. 2741, Case No. 16-md-02741-VC, is instructive here. In this case, Plaintiff Berliant brought suit against D&D Venture Group, claiming that the hardware entity sold Roundup to the plaintiff. Monsanto sought to remove the case on the basis of fraudulent joinder. The crux of Monsanto's claim was that Plaintiff Berliant did not purchase Roundup from D&D Venture Group, because Plaintiff Berliant was diagnosed with Non-Hodgkin's lymphoma in 2015, and the entity did not come into existence until 2016. Exhibit B at 5-6. The court noted that "Berliant likely never purchased Roundup from D&D." Exhibit C at 1. If Plaintiff did purchase from D&D, the purchase consisted of two bottles only and the court noted that the scientific basis for concluding that two bottles exacerbated a cancer caused by 27 years of Roundup exposure was "shaky at best." *Id.* However, the court granted the plaintiff's motion to remand, holding that the dispute demanded "a searching inquiry into the merits of plaintiff's case." *Id.*

Similarly, here, Plaintiff has put forward substantial evidence showing that Wilbur-Ellis is a massive entity with a massive reach, and that who Wilbur-Ellis distributes to raises a disputed question of fact. In contrast, Monsanto has submitted no substantive evidence other than an affidavit that responds in the negative, despite having the burden to submit clear and convincing evidence. Even if it is unlikely Wilbur-Ellis distributed to an entity Plaintiff purchased from— which it is not—the evidence Plaintiff has submitted raises a dispute that also demands a searching inquiry into the merits of Plaintiff's case. As such, the Court should resolve this issue in Plaintiff's favor and should remand the case to state court.

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND *CARSON* CASE TO STATE COURT

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court to grant Plaintiff's Motion to Remand.

Dated:  October 21, 2020                **GIBBS LAW GROUP LLP**


By: _____
Karen Barth Menzies
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, CA  94612
Tel: (510) 350-9700
Fax: (510) 350-9701
kbm@classlawgroup.com

Fletcher V. Trammell
Melissa Binstock Ephron
TRAMMELL, PC
3262 Westheimer Rd., Ste. 423
Houston, TX 77098
Tel: (800) 405-1740
Fax: (800) 532-0992
fletch@trammellpc.com
melissa@trammellpc.com

Alexander G. Dwyer
Andrew F. Kirkendall
Erin M. Wood
KIRKENDALL DWYER LLP
4343 Sigma Rd, Suite 200
Dallas, TX  75244
Tel: 214-271-4027
Fax: 214-253-0629
ad@kirkendalldwyer.com
ak@kirkendalldwyer.com
ewood@kirkendalldwyer.com

*Attorneys for Plaintiff*

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND *CARSON* CASE TO STATE COURT