Jere L. Beasley (BEA020)
jere.beasley@beasleyallen.com
Rhon E. Jones (JON093)
rhon.jones@beasleyallen.com
John E. Tomlinson (TOM014)
john.tomlinson@beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN,
 PORTIS AND MILES, P.C.**
Post Office Box 4160
218 Commerce Street
Montgomery, Alabama  36103
Phone: (334) 269-2343
Fax:(334) 954-7555

Jamie A. Johnston (JOH164)
jamie@jjohnstonpc.com
Jamie A. Johnston, P.C.
509 Cloverdale Road
Suite 101
Montgomery, Alabama 36106
Telephone:  334.202.9228
Facsimile: 334.265.8789

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | **PLAINTIFF'S MOTION TO REMAND** |
| *Phillip Mowry v Monsanto Company, et al.*, Case No. 3:20-cv-05536-VC | [Filed concurrently with the Declaration of John E. Tomlinson and Exhibits] |
| **Plaintiff Phillip Mowry, only** | Hearing Date:        December 3, 2020<br>Time:              10:00   A.M. |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE THAT** beginning on December 3, 2020 at 10:00 A.M., in Courtroom

1

4 of the United States District Court, Northern District of California, located at 450 Golden Gate

2

Avenue, San Francisco, CA 94102, or as ordered by the Court, Plaintiff, Phillip Mowry ("Plaintiff")

3

will present his Motion to Remand.

4

Dated:   October 29, 2020

By:  /s/ John E. Tomlinson

5

John E. Tomlinson (TOM014)

6

john.tomlinson@beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN,**

7

**PORTIS AND MILES, P.C.**
Post Office Box 4160

8

218 Commerce Street
Montgomery, Alabama  36103

9

Phone: (334) 269-2343
Fax:(334) 954-7555

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

TABLE OF CONTENTS…………………………………………………………………………...i

TABLE OF AUTHORITIES…………………………………………………………….....ii, iii, iv

INTRODUCTION……...……………………………………………………..………………………1

STATEMENT OF ISSUES……………………………………………………………………...1

FACTUAL AND PROCEDURAL BACKGROUND………………………………………………1

ARGUMENT AND AUTHORITY……………………………………………………………2

   I.     Monsanto's Removal is Untimely and Procedurally Flawed ……………………………3

   II.    Monsanto Cannot Meet the High Legal Standard Required to Establish Fraudulent Joinder……6

      (a) Plaintiff has Stated Viable Claims Against Harwell Under AEMLD……… ………………7

      (b) Plaintiff has Alleged Valid Claims of Negligence, Wantonness, Fraudulent Suppression, and Breach of Warranty Against Harwell……………………………………………..………11

CONCLUSION……………………………………………………………………………...15

# TABLE OF AUTHORITIES

Cases                                                                          Page(s)

*Alexander v. Elec. Data Sys. Corp.*,
13 F. 3d 940, 949 (6th Cir. 1994) ……………………………………………………..12

*Atkins v. American Motors Corp.*,
335 So. 2d 134 (Ala. 1976) …………………………………………………………….8

*B., Inc. v. Miller Brewing Co.*,
663 F. 2d 545, 550 (5th Cir. 1981) ……………………………………………………7

*Bedford v. Connecticut Mutual Life Insurance Co.*,
916 F. Supp. 1211 (M.D. Ala. 1996) ………………………………………………9, 14

*Bishop v. Faroy Sales*,
336 So. 2d 1340, 1345 (Ala. 1976) …………………………………………………..11

*Bromberg v. Metropolitan Life Ins. Co.*,
50 F. Supp. 2d 1208, 1213 (M.D. Ala. 1999) ………………………………………...11

*Burns v. Windsor Insurance Co.*,
31 F. 3d 1092 (11th Cir. 1994) ………………………………………………………8, 9

*Cabalceta v. Standard Fruit Co.*,
883 F. 2d 1553, 1561, 1562 (11th Cir. 1989) ………………………………………...10, 15

*Casrell v. Altec Industries, Inc.*,
335 So. 2d 128, 132 (Ala. 1976) …………………………………………………….8, 9

*Clay v. Brown & Williamson Tobacco Corp.*,
11 F.Supp. 2d 1220, 1224 (M.D. Ala. 1999) ………………………………………….9

*Clingan v. Celtic Life Insurance Company*,
244 F. Supp 2d 1298 (M.D. Ala. 2003) ……………………………………………….5

*Crowe v. Coleman*,
113 F. 3d 1536, 1538, 1542 (11th Cir. 1997) …………………………………6, 7, 10, 11, 14

*Coker v. Amoco Oil Co.*,
709 F. 2d 1433, 1440-41, 1449 (11th Cir. 1983) …………………………………….9, 15

*Coyne v. Am. Tobacco Co.*,
183 F.3d 488, 493 (6th Cir. 1999) …………………………………………………….12

*Davis v. GMC*,
353 F. Supp. 2d 1203, 1207 (M.D. Ala. 2005) '……………………………………….6

*Englett v. Armstrong World Industries, Inc.*,
1998 U.S. Dist. LEXIS 20998 (S.D. Ala. 1998)……………………………………….5

*Ex parte General Motors*,
   769 So. 2d 903, 912 (Ala. 2000) …………………………………………………………..13

*Florence*,
   484 F.3d at 1299 …………………………………………………………..………………12

*Gaunt v. United Ins. Co. of America*,
   853 F. Supp. 1382 (M.D. Ala. 1994) ……………………………………..………………15

*Golden Apple Mgmt. Co. v. Geac Computers, Inc.*,
   990 F. Supp. 1364, 1366, 1368 (M.D. Ala. 1998) …………………………………………5

*Henderson v. Washington Ins. Co.*,
   454 F. 3d 1278, 1284 (11th Cir. 2006) ……………………………..…………………6, 12
.

*Horton Homes, Inc., v. Brooks*,
   2001 WL 1520623 (Ala. Nov. 30, 2001) …………………………………………………13

*Insinga v. LaBella*,
   845 F. 2d 249, 252 (11th Cir. 1988) ………………………………………………………..3

*Jeffcoat v Am. Gen. Life & Accident Ins. Co.*,
   2001 U.S. Dist. LEXIS 7256, No. 01-E-325-N at *4 (M.D. Ala. May 16, 2001) …………………..…5

*Judson v. Nissan Motor Co., Inc.*,
   52 F. Supp. 2d 1352, 1362 (M.D. Ala. 1999) ……………………………………………9

*Justice v. Provident Life & Accident Insurance Co.*,
   2011 WL 560415 (S.D. Ala. 2011) ………………………………………………………5

*King v. National Spa and Pool Institute, Inc.*,
   570 So. 2d 612 (ala. 1990) ………………………………………………………………...11

*Lambert v. Mail Handlers Benefit Plan*,
   886 F. Supp. 830 (M.D. Ala. 1995) ………………………………………………………9

*Link Telecommunications, Inc. v. Sapperstein*,
   119 F. Supp. 2d 536, 541-542 (D. Md. 2000) ……………………………………………6

*Lowery v. Alabama Power Co.*,
   483 F.3d at 1213 n. 63 …………………………………………………………………4

*Mattie Wright v. Metropolitan Life Ins. Co.*,
   CC-99-T-1241-N ……………………………………………………………………12

*McHugh v. Physicians Health Plan of Greater St. Lewis, Inc., et al.*
   953 F. Supp. 296, 297 (E.D. Mo. 1997) …………………………………………………6

*Mitchell v. Investors Guaranty Life Ins. Co.*,
   868 F. Supp. 1344 (N.D. Ala. 1944) ……………………………………………………5

*Morgan v. Estate of Cook*,
   180 F. Supp. 2d 1301, 1306 (M.D. Ala. 2001) ……………………………………………5

PLAINTIFF'S MOTION TO REMAND
3:20-cv-05536-VC and 3:16-md-02741-VC

*Naef v. Masonite Corp.*,
   923 F. Supp. 1504, 1508, 1511 (S.D. Ala. 1996) ……………………………………………..5, 7, 9

*Neal v. Scarborough*,
   2018 WL 4521029 (M.D. Ga. 2018) ……………………………………………………………5

*Newman v. Spectrum Stores, Inc.*,
   109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000) …………………………………………………5

*Pretka v. Kolter City Plaza II, Inc.*,
   608 F. 3d 744, 756, 761 (11th Cir. 2010) …………………………………………………3, 4

*Ragbir v. Imagine Schools of Delaware, Inc.*,
   2009 U.S. Dist. LEXIS 68987, 2009 WL 2423105, *5 (M.D. Fla. 2009) …………………………3

*Seaborn v. RJ Reynolds Tobacco Co.*,
   1996 WL 943621, Civil Action No. 96-T-1540-N (M.D. Ala. 1996) …………………………………8

*Standard Oil Co. v. Gunn*,
   176 So. 332 (Ala. 1937) ………………………………………………………………………..14

*Triggs*,
   154 F.3d at 1287, 1288 …………………………………………………………………6, 7, 12

*Turner v. Wilson Foods Corp.*,
   711 F. Supp. 624 (N.D. Ga. 1989) ……………………………………………………………5

*Walden v. United States Steel Corp.*,
   759 F. 2d 834 (11th Cir. 1985) …………………………………………………………………13

*Weaver v. Dan Jones Ford, Inc.*,
   679 So. 2d 1106, 1113 (Ala. Civ. App. 1996) …………………………………………………13

*Weems v. Louis Dreyfus Corp.*,
   380 F. 2d 545, 547 (5th Cir.  1967) ……………………………………………………………3

*Whittington v. Watkins*,
   2010 U.S. Dist. LEXIS 26652 (S.D. Ala. 2010) …………………………………………………3

*Wright v. American General Life and Acc. Ins. Co.*,
   136 F. Supp. 2d 1207 (M.D. Ala. 2001) ………………………………………………………14

Statutes

28 U.S.C. 1446 (b) ……………………………………………………………………………...3

Ala. Code 6-5-100 (1975) ……………………………………………………………………………14

Alabama Common Law and Ala. Code Sections 6-5-101, 102, 103 and 104……………………………14

Restatement (Second) of Torts Section 402A ……………………………………………………8

**INTRODUCTION**

Before this Court is a motion to remand by Plaintiff Phillip Mowry ("Plaintiff") seeking return of this litigation to the Circuit Court of Montgomery County, Alabama. Defendant Monsanto Company ("Monsanto") removed this case on March 24, 2020 arguing that diversity of citizenship was lacking because the Defendant Harwell's Green Thumb Nursery, Inc. ("Harwell") was fraudulently joined. As set forth herein, the Defendant's effort to remove this matter from state court fails based on the following issues:

**STATEMENT OF ISSUES**

First, Defendants removal was untimely filed on 363rd day of the filing of the originating Complaint based on improper "other paper" **not provided by Plaintiff.** Second, Defendants removal was improper because the resident seller can be held liable under AEMLD, negligence, breach of warranty, and other state law claims alleged in the Complaint, and is therefore not fraudulently joined.

**FACTUAL AND PROCEDURAL BACKGROUND**

In sum, while managing and operating a landscape company in Montgomery County and the surrounding area, Plaintiff sought the advice of his friend and fellow church member, Charles Elliott. Mr. Elliott was the long-time owner, operator, and most experienced consult for Harwell's Green Thumb Nursery, Inc. Mr. Elliott introduced Plaintiff to Monsanto's product, Roundup. As Harwell's advertises, they are a "trusted name in landscape design and installation", they are the "knowledgeable Green Team" who "will work with you to diagnose the problem and prescribe solutions". Mr. Elliott and other employees of Harwell did just that.

Mr. Elliott, on behalf of Harwell, and other employees of Harwell, met with Plaintiff on numerous occasions where they provided instructional advice to Plaintiff about how to mix, apply, and use Roundup.  Plaintiff was dependent on Mr. Elliott and other employees of Harwell, to guide him on what product to use, how to use it, what equipment and protective gear to use, and when to use. Harwell, by and through Mr. Elliott and other employees, was not simply a distributor or innocent

conduit as suggested by Monsanto. During Mr. Elliott's and other employees' instructions, they failed to offer for sale and instruct Plaintiff on the use of any protective gear or equipment in order to reduce his exposure to chemicals, including Roundup. Mr. Elliott and the other Harwell employees were in the position and in fact had or should have had detailed information about, the risks involved with the product, and the necessity of using protective gear.

On March 26, 2019, Plaintiff filed his Complaint in the Circuit Court of Montgomery County, Alabama. On May 29, 2019, Monsanto filed its Answer. On June 4, 2019, Harwell's filed its Answer to Plaintiff's Complaint wherein Harwell denied the allegations arguing that it did not sell Plaintiff the product and even if it did, it was an innocent seller. (p. 1, ¶4, p.2, ¶7, p. 2, ¶8, p.14, ¶110, p.17, ¶5, p.18, ¶11, p.19, ¶16, and p.21, ¶30, Harwell Answer). On July 18, 2019, Plaintiff answered Harwell's Discovery. [See Plaintiff's Responses to Interrogatories and Request for Production, attached hereto as Exhibit A]; On August 6, 2019, Harwell answered Plaintiff's discovery. [See Harwell's Responses to Plaintiff's Discovery, attached hereto as Exhibit B]. In Harwell's discovery responses, it again claimed it did not sell Plaintiff the product and was an innocent seller; On September 5, 2019, all parties filed a Joint Motion for Scheduling Order with a proposed order. On September 6, 2019, the Circuit Court of Montgomery County, Alabama entered a Scheduling Order setting the matter for trial and imposing discovery and pre-trial deadlines. On March 2, 2020, Plaintiff answered Defendant Monsanto's Interrogatories and Request for Production. [See Plaintiff's Responses to Defendant Monsanto's Interrogatories and Request for Production, attached hereto as Exhibit C]. On March 12, 2020, Monsanto issued Harwell discovery. On March 19, 2020, Harwell answered Monsanto's discovery and Plaintiff supplemented his discovery responses [See Exhibits D and E]. The discovery submitted by Harwell again reiterated what it claimed in its Answer (filed on June 4, 2019) and in its discovery responses (submitted on August 6, 2019). On March 24, 2020, Monsanto filed its Notice of Removal.

## **ARGUMENT AND AUTHORITY**

## I.  MONSANTO'S REMOVAL IS UNTIMELY AND PROCEDURALLY FLAWED

A notice of removal of a civil action must be filed within thirty days after receipt by the defendant of the initial pleading. However, if the case by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable". 28 U.S.C. 1446(b). The additional pleading, motion, or other paper must be "authored" by the plaintiff. "For instance, the "other paper" must be plaintiff's responses to requests for admissions, settlement offers made by plaintiffs, a plaintiff's interrogatory responses, or a plaintiff's deposition testimony." *See Whittington v. Watkins*, 2010 U.S. Dist. LEXIS 26652 (S.D. Ala. 2010)(citing *Ragbir v. Imagine Schools of Delaware, Inc.*, 2009 U.S. Dist. LEXIS 68087, 2009 WL 2423105, *5 (M.D. Fla. 2009)("The Eleventh Circuit has explained that the thirty-day time limit does not begin to run until a defendant receives an unambiguous statement from the plaintiff which clearly establishes federal jurisdiction. When not readily ascertainable from the complaint, this statement may come from any 'other paper' from the plaintiff, including deposition testimony. **Evidence independently gathered by the defendant 'from outside sources is not of the sort contemplated by §1446(b).")**

The traditional rule is that only a voluntary act by the plaintiff may convert a non-removable case into a removable one. *See Insinga v. LaBella,* 845 F. 2d 249, 252 (11th Cir. 1988)(explaining the judicially created "voluntary-involuntary" rule that applies in diversity cases); *see also Weems v. Louis Dreyfus Corp.,* 380 F. 2d 545, 547 (5th Cir. 1967). Thus, "[a] defendant cannot show that a previously non-removable case 'has become removable' as a result of a document created by the defendant." *Pretka v. Kolter City Plaza II, Inc.,* 608 F. 3d 744, 761 (11th Cir. 2010)(citing 28 U.S.C. 1446(b)(second paragraph)). Here, Monsanto relies solely on Defendant Harwell's discovery responses to support its removal. Monsanto does not rely on "other paper" from the Plaintiff. Its removal was procedurally improper and untimely. Co-Defendant's discovery responses are not the "other paper" contemplated under Section 1446(b). The Defendant's discovery responses are not authored by the Plaintiff as required. Secondly, Monsanto is not relying upon Plaintiff's deposition,

Plaintiff's interrogatory responses, or Plaintiff's responses to request for admission. The co-Defendant's answers to interrogatories submitted by Monsanto does not qualify as "other paper". The absence of "other paper" requires remand.

In *Lowery v. Alabama Power Co., i*nterpreting § 1446(b)(3)'s predecessor statute, the Eleventh Circuit has stated that "a case becomes removable [as a procedural matter] when three conditions are present: there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." *Lowery,* 483 F.3d at 1213 n. 63.  Monsanto states that the "other paper" upon which it relies is the co-Defendant's responses to interrogatories. Those documents do not satisfy the "'receipt from the plaintiff' rule [.]" *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 756 (11th Cir.2010); *see also Lowery,* 483 F.3d at 1213 (stating that in evaluating the procedural propriety of removal, "the court considers the document received by the defendant from the plaintiff ... and determines whether that document and the notice of removal unambiguously establish federal jurisdiction"). The "other paper" designated by Monsanto -- Harwell's Verified Interrogatory Answers, and Harwell Affidavit[1] – were not received by Monsanto from the Plaintiff. Remand is mandated because of the procedural defect.

Moreover, Harwell's discovery responses and affidavit do not constitute "an unambiguous statement" which clearly establishes federal jurisdiction. Harwell's answers to the discovery and affidavit do not eliminate the possibility of a valid claim or ultimately a judgment against Harwell. The information provided is not different than the allegations of the Plaintiff's Complaint and Harwell's previously submitted Answer (filed June 4, 2019) and discovery responses (filed August 6, 2019). In each of those pleadings prepared by Defendant Harwell, Harwell pleads the Innocent Seller Doctrine and denies having even provided Mr. Mowry with the product in question. Monsanto's removal fails as it was not based on "other paper" provided by Plaintiff which establishes an "unambiguous statement" which clearly establishes federal jurisdiction. Harwell's discovery

---

[1] ¶32, Notice of Removal.

responses and affidavit cannot and do not constitute "other paper" nor do they constitute a statement formatively revealing federal jurisdiction. Federal jurisdiction does not exist here and the procedural flaws in Monsanto's removal warrant remand.

This Court, and the Eleventh Circuit, have consistently held that a removal is improper and untimely when the initial pleading provides at least a clue that the action is removable and the Defendant fails to remove within thirty days. *See Golden Apple Mgmt. Co. v. Geac Computers, Inc.,* 990 F. Supp. 1364, 1366 (M.D. Ala. 1998); *Jeffcoat v. Am. Gen. Life & Accident, Ins. Co.,* 2001 U.S. Dist. LEXIS 7256, No. 01-E-325-N at *4 (M.D. Ala. May 16, 2001); *Naef v. Masonite Corp.,* 923 F. Supp. 1504, 1511 (S.D. Ala. 1996); *Morgan v. Estate of Cook,* 180 F. Supp. 2d 1301, 1306 (M.D. Ala. 2001); *Newman v. Spectrum Stores, Inc.,* 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000); *Turner v. Wilson Foods Corp.,* 711 F. Supp. 624 (N.D. Ga. 1989); *Englett v. Armstrong World Industries, Inc.* 1998 U.S. Dist. LEXIS 20998 (S.D. Ala. 1998); *Mitchell v. Investors Guaranty Life Ins. Co.,* 868 F. Supp. 1344 (N.D. Ala. 1944); *Neal v. Scarborough,* 2018 WL 4521029 (M.D. Ga. 2018).

The Court in *Clingan v. Celtic Life Insurance Company,* 244 F. Supp. 2d 1298 (M.D. Ala. 2003) stated that when considering the timing of a removal, a defendant cannot base the timing of its notice of removal on information allegedly obtained for the first time in a deposition when it legally possessed that information at an earlier date. *Id* (citing *Golden Apple Mgmt. Co v. Geac Computers, Inc.* 990 F. Supp. 1364, 1368 (M.D. Ala. 1998)). As found in *Clingan,* Defendant Monsanto's removal was untimely and this case is due to be remanded to the Circuit Court of Montgomery County, Alabama where it has been for the past year.

Likewise, in *Justice v. Provident Life & Accident Insurance Co.,* 2011 WL 560415 (S.D. Ala. 2011), the Court addressed a late effort on the part of a defendant to remove a case to federal court. The Court rejected the carrier's removal efforts finding that the carrier could have within thirty days of service of the summons and complaint made the argument that plaintiff fraudulently joined Peters to defeat diversity jurisdiction since the removing party had sufficient information at that point to intelligently determine that the case stated by the complaint was removable.

Everything Defendant Monsanto argues for fraudulent joinder could have been ascertained from the complaint and, Defendant Monsanto's decision to remove the action at this late time is nothing more than a delay tactic and an improper attempt to deprive Plaintiff of his chosen forum. Remand is required.

## II.   MONSANTO CANNOT MEET THE HIGH LEGAL STANDARD REQUIRED TO ESTABLISH FRAUDULENT JOINDER

When the defendant fails to remove in a timely manner, the court need not address the substantive arguments. If a defendant does not comply with the thirty- day removal period set forth in 1446(b), then the court does not need to address the substantive grounds for removal. See, e.g., *McHugh v. Physicians Health Plan of Greater St. Lewis, Inc., et al,* 953 F. Supp. 296, 297 (E.D. Mo. 1997) ("The Court finds that defendants did not timely remove the plaintiff's class action petition to federal court. Because the case will be remanded to the state court, this Court will not consider the substantive ERISA arguments."). *Link Telecommunications, Inc. v. Sapperstein,* 119 F. Supp. 2d 536, 541-542 (D. Md. 2000). However, Monsanto has made substantive arguments, and Plaintiff will address them.

Monsanto's sole basis for removal is the alleged existence of diversity jurisdiction based on fraudulent joinder. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity when a plaintiff pleads an illegitimate cause of action against a non-diverse defendant merely to escape federal subject matter jurisdiction. *See Triggs*, 154 F.3d at 1287. A very heavy burden, *Davis v. GMC*, 353 F.Supp.2d 1203, 1207 (M.D. Ala. 2005); *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), the removing party must establish fraudulent joinder by clear and convincing evidence. *Henderson v. Washington Ins. Co.,* 454 F.3d 1278, 1284 (11th Cir. 2006).

In *Triggs*, the Eleventh Circuit Court of Appeals discussed three contexts in which fraudulent joinder may be established: (1) when there is **no possibility** that the plaintiff can prove a cause of action against the non-diverse defendant; (2) when there is **fraud in the plaintiff's pleading of**

**jurisdictional facts**; and (3) when a diverse defendant is joined with a non-diverse defendant with whom there is **no joint, several, or alternative liability; when the claim against the diverse defendant has no legitimate connection** to the claim against the non-diverse defendant. *See Triggs*, 154 F.3d at 1288. "When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F.3d at 1538. The Eleventh Circuit emphasized, in *Crowe*, For Plaintiffs to present an arguable claim against an in-state defendant and, therefore, to require a case removed to federal court to be remanded to state court, the **Plaintiffs need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant.** For a remand, the plaintiff's burden is much lighter than that: after drawing all reasonable inferences from the record in plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there **need only be a "reasonable basis for predicting that the state law might impose liability on the facts involved."** *Id.* at 1541–42 (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981)) (emphasis added).

Stated differently, "[i]n the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims." *Crowe*, 113 F.3d at 1542. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Crowe*, 113 F.3d at 1538; *see also Naef v. Masonite Corp.*, 923 F. Supp. 1504, 1508 (S.D. Ala. 1996) (holding the defendant must prove that there is absolutely **"no possibility" that the plaintiff can establish a claim against the alleged improper party**) (emphasis added). Monsanto's fraudulent joinder argument must fail because Mowry has alleged valid claims against Harwell's—a forum Defendant—and such claims have a legitimate connection to Mowry's claims against Monsanto.

**(a) Plaintiff has Stated Viable Claims Against Harwell Under AEMLD**

Mr. Mowry's claims against Harwell and Monsanto partly arise out of their role in designing, manufacturing, supplying, training and providing the necessary equipment to Mr. Mowry, and selling

7

him Roundup which contained a carcinogen known to cause Non-Hodgkin's Lymphoma. The claims against these defendants are based in part on Alabama's Extended Manufacturer's Liability Doctrine (AEMLD). The AEMLD establishes a cause of action against a manufacturer, or supplier, or seller, who markets a product not reasonably safe when applied to its intended use in the usual and customary manner, thereby constituting negligence as a matter of law.

Here, the issue is whether Mr. Mowry can bring a claim against Harwell. Harwell can be held liable under the AEMLD and other state law causes of action. To establish liability under the AEMLD, plaintiff must prove he suffered injury or damages to himself or his property by one who sold a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if (1) the seller was engaged in the business of selling such a product, and (2) it was expected to, and did, reach the user or consumer without substantial change in the condition in which it was sold. Restatement (Second) of Torts 402A; *Casrell v. Altec Industries, Inc.,* 335 So. 2d 128 (Ala. 1976); *Atkins v. American Motors Corp.,* 335 So. 2d 134 (Ala. 1976).

Under Alabama law, a seller who markets a product not reasonably safe when applied to its intended use in the usual and customary manner is exposed to liability under the AEMLD as long as there is a causal relationship between the defendant's conduct and the defective product. *Seaborn v. RJ Reynolds Tobacco Co.,* 1996 WL 943621, Civil Action No. 96-T-1540-N (M.D. Ala. 1996) (court held claims could be brought against seller/distributor of product and as such the resident defendants was not fraudulently joined – remand granted).

In order to establish fraudulent joinder, the removing defendant must establish that the plaintiff cannot bring a cause of action against the forum defendant. The issue is not the survivability of the claims but rather whether a claim in fact can exist. In a clear reading of the AEMLD, it is unquestionably clear that Harwell can face liability under the AEMLD. Their role in providing, educating, training and equipment, and selling Mr. Mowry this carcinogen product places them at risk for liability.

The Eleventh Circuit has specifically stated that if a plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are resolved in favor of returning the matter to state court. *Burns*

*v. Windsor Insurance Co.,* 31 F. 3d 1092 (11th Cir. 1994). The burden on the defendants to prove fraudulent joinder is a heavy one and its presentation must be one that compels the conclusion that the joinder is without right and made in bad faith. *Coker v. Amoco Oil Co.,* 709 F. 2d 1433, 1440 (11th Cir. 1983). In this case, Defendant Monsanto claims that Plaintiff has fraudulently joined Defendant Harwell as a party to merely defeat diversity. A cause of action, however, is due to be remanded to state court after removal unless fraudulent joinder is absolutely clear. *Lambert v. Mail Handlers Benefit Plan,* 886 F. Supp. 830 (M.D. Ala. 1995). All doubts of fraudulent joinder should be resolved in favor of remand. *Naef, supra; Bedford v. Connecticut Mutual Life Insurance Co.,* 916 F. Supp. 1211 (M.D. Ala. 1996). The defendant must prove that there is absolutely "no possibility" that the plaintiff can establish a claim against the alleged improper party. *Naef,* 923 F. Supp. at 1511.

Plaintiff directs the Court's attention to the decision in *Judson v. Nissan Motor Co., Inc.* 52 F. Supp. 2d 1352 (M.D. Ala. 1999). In that case, the plaintiff alleged claims under AEMLD against the manufacturer and the dealership that sold the vehicle. *Judson,* 52 F. Supp. 2d at 1352. Defendants argued in that case that the dealership was fraudulently joined and asserted the defense of lack of causal connection. *Id.* at 1358. Defendants argued that the dealership did not alter the product, did not contribute to the alleged defect, or inspect the condition of the vehicle. *Id.* This Court held that the dealership was not fraudulently joined noting that under *Casrell* a seller may be held liable under AEMLD:  [*A] manufacturer, or supplier, or seller, who markets a product not reasonably safe when applied to its intended use in the usual and customary manner, (commits) negligence as a matter of law In other words, **the fault or negligence of the defendant is that he has conducted himself in a negligent manner by placing a product on the market causing personal injury or property damage, used to its intended purpose.**  *Id.* at 1359 (quoting *Casrell,* 335 So. 2d at 132) This Court in *Judson* found that defendants failed to prove as matter of law the affirmative defense of lack of causal connection. *Id.* at 1362; *see Clay v. Brown & Williamson Tobacco Corp., 11* F.Supp.2d 1220, 1224 (M.D. Ala. 1999) (finding that a defendant distributor may be held liable under AEMLD where retailer received superior information to the public about the products defects).

Harwell does not defeat nor can it defeat Mr. Mowry's recollections of his own meetings with Mr. Elliott and other employees who worked for Harwell. Harwell did not offer an affidavit from Mr. Elliott. The simple fact is – Harwell under Alabama law may be liable for a product they marketed and sold under the AEMLD. Viewing the allegations in a light most favorable to Plaintiff, Defendant Monsanto has failed to establish as a matter of law there is no possibility that Plaintiff can prove a cause of action under AEMLD against Harwell.

Essentially Defendant Monsanto seeks an adjudication of the merits of Plaintiff's Complaint. As set forth above, the "heavy" burden on the defendant claiming fraudulently joinder to show the allegations of the complaint stated no cause of action against the resident defendant, Harwell. The plaintiff does not have the burden of establishing a colorable cause of action. *Cabalceta v. Standard Fruit Co.,* 883 F. 2d 1553, 1562 (11th Cir. 1989). The burden, however, is on the removing defendant to show that the allegations of the complaint state no possible cause of action against, in this case, Harwell. This they cannot do. Defendant Monsanto essentially seeks through their cries of fraudulent joinder an adjudication of the merits of Plaintiff's claims. It is not appropriate for the Court to delve into the merits of the Plaintiff's claims when ruling upon a motion to remand.

In *Crowe v. Coleman,* 113 F. 3d 1536 (11th Cir. 1997), the court reiterated that in a motion to remand the jurisdictional inquiry 'must not subsume substantive determination' finding that: "*Over and over again, we stress that the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits…When considering a motion for remand, **federal courts are not to weigh the merits of a plaintiffs claim beyond determining whether it is an arguable one under state law**…If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court. Id.* at 1538 (emphasis added).

The removing Defendant's position that Plaintiff cannot sustain a claim against Defendant Harwell based on discovery Harwell provided at the request of Monsanto is in essence a motion for summary judgment argument – an inquiry not appropriate for removal analysis and an argument that could have and should have been made within thirty days of the filing of the complaint. The decision

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

in *Crowe* makes clear that when faced with a motion to remand the district court must not adjudicate the merits of cases that do not appear readily frivolous or fraudulent. Because Mr. Mowry's claims against Defendant Harwell are not frivolous or fraudulent, and there is a reasonable basis for predicting that state law might impose liability against it based upon the facts involved, this action is due to be remanded.

### (b) Plaintiff has Alleged Valid Claims of Negligence, Wantonness, Fraudulent Suppression, and Breach of Warranty Against Harwell

In addition to claims under AEMLD, Plaintiff has also asserted valid claims of negligence, breach of warranty, and fraudulent suppression against Harwell. First, the absence of a direct or contractual relationship between Defendant Harwell and Plaintiff does not bar a claim of negligence *or* a breach of warranty claim. *King v. National Spa and Pool Institute, Inc.,* 570 So. 2d 612 (Ala. 1990)(case involved a claim of negligence where the Supreme Court held that those who undertake action have a duty to act with due care); *Bishop v. Faroy Sales,* 336 So. 2d 1340, 1345 (Ala. 1976) (involving breach of warranty where the Court noted that a "seller" under the Uniform Commercial Code is "a person who sells or contracts to sell goods"). Under Alabama law, claims are available against Harwell for negligence, fraudulent suppression, and breach of warranty.

This Court previously described a defendant's burden of demonstrating fraudulent joinder in *Bromberg v. Metropolitan Life Ins. Co.,* 50 F. Supp. 2d 1208, 1213 (M.D. Ala. 1999) as follows:

> The fact that the Plaintiffs may not ultimately prevail against the individual defendants because of insufficient causal link between the defendant's actions and the Plaintiff's injuries does not mean that the Plaintiffs have not stated a cause of action for purposes of the fraudulent joinder analysis. In a fraudulent joinder inquiry, federal courts are not to weigh the merits of a Plaintiff's claim beyond determining whether it is an arguable one under state law.

An evaluation of a removal does not allow an inquiry into the merits of plaintiff's underlying claims but rather should look to whether the Complaint states a colorable claim against the non-diverse defendant. Further, and importantly, a plaintiff does not have to have a winning case to defeat removal jurisdiction. Further, in trying to establish removal jurisdiction, a defendant cannot use as a

basis for a fraudulent joinder argument a defense that is common to the diverse and nondiverse defendants. In *Mattie Wright v. Metropolitan Life Ins. Co.,* CV-99-T-1241-N.

In *Florence,* 484 F. 3d at 1299, the Eleventh Circuit explained the test regarding fraudulent joinder as: "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." Moreover, the Eleventh Circuit has noted that "the plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs,* 154 F. 3d at 1287. Also, in determining whether the plaintiff has presented a cause of action against a non-diverse defendant, the court must resolve all questions of both fact and law in favor of the plaintiff. *Coyne v. Am. Tobacco Co.,* 183 F. 3d 488, 493 (6th Cir. 1999)(quoting *Alexander v. Elec. Data Sys. Corp.,* 13 F. 3d 940, 949 (6th Cir. 1994)).

The issue then is whether Defendant Monsanto has proven by clear and convincing evidence that no Alabama court can find this Complaint sufficient to state a viable claim against Harwell -- the seller of Roundup. *See Henderson* 454 F. 3d at 1284. Defendant Monsanto has not done so.  As alleged in his Complaint, Harwell sold Plaintiff the subject product Roundup and that Harwell and Monsanto all had significantly greater knowledge of the product than did the consuming public, including Plaintiff, by virtue of the fact that these defendants worked in the agricultural industry. He went on to allege: "*Harwell's Green Thumb Nursery, Inc. is an agricultural specialist which held knowledge of the Roundup product, its ingredients, its proper usage, the fact it was a carcinogenic, and like the other Defendants failed to reveal their full source of information as set forth above* [Complaint, ¶51-52]

Further, Mr. Mowry has alleged that Harwell engaged in its <u>own independent acts of negligence</u> by failing to provide adequate training, making assurances, and by failing to provide and sell Mr. Mowry appropriate equipment and protective gear that could have provided less exposure to Roundup: *Defendant Harwell's Green Thumb Nursery, Inc. provided Plaintiff instructions and assisted Plaintiff with the usage, handling, mixing, applying, and spreading of Roundup® and in*

*doing so provided Plaintiff assurances of the safety of Roundup®. Defendant Harwell's Green Thumb*

*Nursery, Inc., … did not recommend safety gear, did not provide nor sell to Plaintiff protective gear*

*and did not provide, recommend or sale to Plaintiff applicators, sprayers or other equipment or*

*products which would have provided less exposure to Plaintiff to glyphosate.* [Complaint, ¶34]

Harwell owed a duty to Mr. Mowry, but even when there is no duty initially, a well-recognized principle in tort law is that one who volunteers to act, though under no duty to do so, is thereafter charged with the duty of acting with due care and is liable for any negligence in connection with those acts. *Walden v. United States Steel Corp*., 759 F. 2d 834 (11th Cir. 1985). It is clear in this case that Harwell set out to provide Plaintiff with the services set out above, and had, and/or assumed, the duty of acting with due care in providing those services.

Furthermore, Alabama law recognizes breach of warranty claims against the sellers of defective goods. It is well established that a seller of goods can be liable under the AEMLD and for breach of warranty in Alabama. *Horton Homes, Inc. v. Brooks,* 2001 WL 1520623 (Ala. Nov. 30, 2001)(purchaser of a special order manufactured home was allowed to bring suit against both the seller and the manufacturer); *Ex parte General Motors,* 769 So. 2d 903, 912 (Ala. 2000)(buyer of a car which repeatedly stalled was allowed to bring a breach of warranty claim against the seller of the automobile; *Weaver v. Dan Jones Ford, Inc.,* 679 So. 2d 1106, 1113 (Ala. Civ. App. 1996)(implied warranty set forth in Uniform Commercial Code placed obligations on the sellers of goods. "As the seller of the truck, Dan Jones Ford may be held liable for breach of the implied warranties.").

Here, the inclusion of Defendant Harwell who sold the product Plaintiff used is a proper party to the litigation and the Plaintiff has viable claims against Harwell. Even further in this case, Harwell worked directly with Mr. Mowry and provided to him directly instructions on the product including how to mix it, use it, how it was made and for the purpose of the product. Harwell knew that Plaintiff was one of the ultimate users/consumers of the product. Plaintiff was not simply a "pick up" or "delivery" person as Mr. Mowry's Complaint and discovery responses clearly show. Therefore, Harwell was not fraudulently joined and remand is appropriate. The last-ditch effort by Monsanto to remove this case fails as the Plaintiff has set forth viable claims against Harwell.

Plaintiff also alleges valid claims of negligent misrepresentation and fraudulent suppression. In *Wright v. American General Life and Acc. Ins. Co.,* 136 F. Supp. 2d 1207 (M.D. Ala. 2001), the defendant argued that the resident agents had no knowledge of the facts allegedly suppressed. Affidavits were filed in which agents swore they had no knowledge of different rates being charged whites and African-Americans and that they had no involvement in setting rates. The Court held that for purposes of fraudulent joinder analysis, lack of knowledge had not been proven. The question before this court therefore in whether this evidence is sufficient to establish that there is no possibility that a state court could find that a fraudulent suppression claim can be established against the individual defendants. *Id* at 1214. The *Wright* court discussed the fraudulent joinder analysis rules from *Crowe,* stating: *"In Crowe, the Eleventh Circuit found that a conflict in facts between the defendant's affidavit and the Plaintiff's sworn complaint and statement of facts was sufficient to establish that there was no fraudulent joinder." Id* at 1542. Ultimately the *Wright* court found that because the agents ran debit routes and established relationships with their customers, they could have learned about the difference in rates between African-Americans and whites, and held that it "cannot conclude that there is no possibility that a state court could not find that the plaintiffs have established a claim against the resident defendants."

Similarly, in *Bedford v. Connecticut Mutual Life Ins. Co.,* 916 F. Supp. 1211 (M.D. Ala. 1996), the plaintiff alleged that the resident agent suppressed facts upon which he relief. The company denied that the agent had such knowledge and filed his affidavit in which he denied discussing the insurance policy or representations made by others. This Court held that the affidavit of the resident insurance agent defeated the fraudulent joinder claim by creating a fact issue.

Alabama common law and Ala. Code Sections 6-5-101, 102, 103 and 104 provide causes of action for varying degrees of fraud, including claims for misrepresentation and fraudulent concealment. Alabama law recognizes that "fraud by one accompanied by damage to the party defrauded in all cases gives a right of action." See Ala. Code 6-5-100 (1975). In Alabama, a fraud action may be commenced against an agent, as well as the principal, for the agent's fraudulent acts. *Standard Oil Co. v. Gunn,* 176 So. 332 (Ala. 1937). Mr. Mowry sets out facts in his Complaint and

14

interrogatory responses which would constitute fraud under Alabama law pursuant to Alabama statutes and common law theories.

The resolution of the issues raised by Defendant Monsanto in its Notice of Removal requires a merit-based analysis of issues something not permitted in determining removal jurisdiction. Defendant Monsanto has failed to establish that there is no possibility that the Mr. Mowry has stated a claim in his Complaint. In determining whether Defendant Monsanto met its burden of persuasion on the issue of fraudulent joinder, this Court must resolve all uncertainties in favor of the Plaintiff. *Coker,* 709 F. 2d at 1440-41. *See also Cabalceta v. Standard Fruit Co.,* 883 F. 2d 1553, 1561 (11th Cir. 1989); *Gaunt v. United Ins. Co. of America,* 853 F. Supp. 1382 (M.D. Ala. 1994). Remand is warranted here.

Plaintiff has well-recognized causes of action against Harwell under AEMLD, among other state law claims.  A seller can be held liable for claims related to a product it sold. It is without question Plaintiff can maintain such a cause of action (and all the others as well) and the inclusion of Harwell cannot be considered fraudulent joinder. Accordingly, the citizenship of the non-diverse defendant cannot be ignored. Plaintiff's Motion to Remand is due to be granted.

## **CONCLUSION**

Harwell is a legitimate forum Defendant. Under existing Alabama law, the negligence, fraud, products liability, breach of warranty claims, and other the claims against Harwell are arguable and Monsanto cannot meet its heavy burden of proving fraudulent joinder. Furthermore, Monsanto's Notice of Removal was untimely and invalid. Harwell is a properly joined Defendant in this case and there is no complete diversity among the parties. Consequently, Plaintiff respectfully requests this Court to remand this matter to the Circuit Court of Montgomery County, Alabama.

1

2

3

4

5

6

7

8

9

10

11

12

13

Respectfully submitted,

*/s/ John E. Tomlinson*
John E. Tomlinson (TOM014)
Jere L. Beasley (BEA020)
Rhon E. Jones (JON093)
**BEASLEY, ALLEN, CROW, METHVIN,
PORTIS AND MILES, P.C.**
Post Office Box 4160 218 Commerce Street
Montgomery, Alabama 36103
Phone: (334) 269-2343
Fax:    (334) 954-7555
john.tomlinson@beasleyallen.com
jere.beasley@beasleyallen.com
rhon.jones@beasleyallen.com

OF COUNSEL:

Jamie A. Johnston (JOH164)
Jamie A. Johnston, P.C.
509 Cloverdale Road
Suite 101
Montgomery, Alabama 36106
Telephone: 334.202.9228
Facsimile: 334.265.8789 jamie@jjohnstonpc.com

*Attorneys for Plaintiff Phillip Mowry*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I, John E. Tomlinson, hereby certify that, on October 29, 2020, I electronically filed the foregoing with the Clerk for the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

/s/ John E. Tomlinson
JOHN E. TOMLINSON