# EXHIBIT A

**IN THE CIRCUIT COURT OF**
**MONTGOMERY COUNTY, ALABAMA**

| | |
|---|---|
| **PHILLIP MOWRY** )<br>)<br>    **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**MONSANTO COMPANY,** )<br>**HARWELL'S GREEN THUMB** )<br>**NURSERY, INC.** )<br>)<br>    **Defendants.** ) | **CASE NO.: CV-19-900520** |

**PLAINTIFF PHILLIP MOWRY'S RESPONSES TO DEFENDANT HARWELL'S GREEN THUMB NURSERY, INC.'S FIRST DISCOVERY REQUESTS TO PLAINTIFF**

COMES NOW Plaintiff Phillip Mowry and respond to Defendant, Harwell's Green Thumb Nursery, Inc.'s First Discovery Requests to Plaintiff as follows:

**GENERAL OBJECTIONS**

1. Plaintiff objects to each request to the extent it purports to require Plaintiff to provide information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. No response provided herein or production of documents shall be deemed to constitute any agreement or concession that the subject matter thereof is relevant to this action, and all answers are provided without waiving or intending to waive any objection as to relevance, privilege or admissibility.

3. Plaintiff responds that it will produce documents in response to any request should not be construed as suggesting that documents of the type requested exist. The response should only be construed as indicating that Plaintiff will produce documents of the type requested if they are in its possession, custody, or control and are not privileged or otherwise

exempt from production under Rule 26 of the Alabama Rules of Civil Procedure.

4. Plaintiff objects to an interrogatory which seeks information that is confidential in nature, contains proprietary business information or personal confidential information who disclosure would prejudice Plaintiff or the affiliated entity whose information may be disclosed in any way by its dissemination for purposes other than use in this litigation as contemplated by the Alabama Rules of Civil Procedure and Alabama Rules of Evidence. Plaintiff will answer the same only after the entry of a suitable protective order.

5. Plaintiff objects to any interrogatory or document request that seeks information concerning events occurring or documents created during a period which is unrelated to the time frame contemplated by this litigation.

6. Plaintiff objects to each and every discovery request to the extent that the information called for, if any, was obtained and prepared in anticipation of litigation or for trial, and the Defendant has made no showing that they have substantial need for the material in preparation of his case and that they are unable, without undue hardship, to obtain the substantial equivalent of the materials by other means.

7. Plaintiff objects to each and every discovery request to the extent that it seeks to vary the obligations imposed under the Alabama Rules of Civil Procedure.

8. Plaintiff objects to each and every discovery request to the extent that it seeks information that is equally available to the Defendant and the burden on Defendant to obtain the requested information is no greater than the burden on Plaintiff.

9. Plaintiff objects to each and every discovery request to the extent that it is irrelevant, overly broad, oppressive, unduly burdensome, and expensive, and beyond the scope of permissible scope of discovery under the Alabama Rules of Civil Procedure.

10. Plaintiff objects to each discovery request to the extent it seeks information prepared in anticipation of litigation by or for Plaintiff, or by or for its representatives, or by its expert witnesses. No such privilege information or documents will be produced.

11. Plaintiff further states that these general objections are specifically and expressly incorporated in each response herein and the repetition, renewal, or reassertion of any of these general objections or the assertion of any other objections, in no way implies a failure to assert each general objection to a request. Plaintiff reserves the right to renew or assert these objections at any point in time in this litigation.

## SPECIFIC RESPONSES

1. Identify each person answering these interrogatories or who contributes to responding to these discovery requests.

**RESPONSE: Without waiver of any available objection, Plaintiff Phillip Mowry answered these discovery requests with the assistance of counsel.**

2. Please produce a copy of each and every document referred to or consulted in answering these discovery requests.

**RESPONSE: Without waiver of any available objection, none.**

3. Please state the name of each and every person known by you to have knowledge and/or information regarding the facts and allegations contained within your Complaint.

**RESPONSE: Without waiver of any available objection, Plaintiff states that in addition to himself, his wife, his physicians, Charles Elliott, and the Defendants may have information and/or knowledge of the facts and allegations contained within the Complaint.**

4. Please state your full name, date of birth, Alabama driver's license number and Social Security Number along with your current residence address.

**RESPONSE:**

**Full Name of Plaintiff: Phillip Milde Mowry**

**Date of Birth: 02.01.1944**

**Alabama Driver's License: AL3219618**

**Social Security Number: 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**

5.      Please state each and every employment or business venture you have been involved in for the past fifteen (15) years.

**RESPONSE: Without waiver of any available objection, for the last fifteen years Plaintiff has been primarily self-employed working in landscaping, renovations, and on-line sales. In addition, Plaintiff is employed by Enterprise Holdings.**

6.      Please state the name, address and telephone number for each and every healthcare provider from whom you have sought medical care or treatment for the past fifteen (15) years.

**RESPONSE:**
**Baptist Health-South**
**2105 E. South Blvd**
**Montgomery, Alabama**

**Veterans Hospital**
**215 Perry Hill Road**
**Montgomery, Alabama 36109**

**Dr. Keith Thompson**
**4145 Carmichael Road**
**Montgomery, Alabama 36106**

**Dr. Jean Crepault**
**6994 Winton Blount Blvd**
**Montgomery, Alabama 36117**

**Dr. Portia Love**
**4712 Berry Blvd**
**Montgomery, Alabama 36106**

4

**Dr. Jean Crepault**
**6994 Winton Blount Blvd**
**Montgomery, Alabama 36117**

**Dr. Daniel Martin Daly**
**2055 East South Blvd Suite 603**
**Montgomery, Alabama 36116**

7. Please produce a copy of each and every document which you believe supports any of the claims asserted by you against the Defendant Harwell's Green Thumb in this action.

**RESPONSE: Without waiver of any available objection, any responsive documents will be produced.**

8. Please produce a copy of each and every document evidencing the purchase of Roundup® from Harwell's Green Thumb.

**RESPONSE: Without waiver of any available objection, any available documents will be produced.**

9. Please state the name of each and every person who you dealt with at Harwell's Green Thumb in regard to the purchase of Roundup®.

**RESPONSE: Without waiver of any available objection, in terms of specific names, Plaintiff recalls meeting with Charles Elliott.**

10. When purchasing Roundup®, please state the quantity and/or size purchased by you on each occasion.

**RESPONSE: Without waiver of any available objection, generally, Plaintiff purchased either one or five gallon sizes.**

11. Please state the total number of times you purchased Roundup® from the Defendant Harwell's Green Thumb and provide copies of any and all documents which support or evidence your purchase thereof.

5

**RESPONSE: Without waiver of any available objection, Plaintiff estimates that he purchased Roundup from Defendant Harwell's Green Thumb f/k/a Charles Garden Center on approximately thirty occasions.**

12. In Paragraph 32 of your Complaint, you allege from 1985 until approximately 1995, you worked as a professional landscaper. Please state the name of the business under which you operated as a professional landscaper, providing as well a list of each and every customer for whom you performed service during that period of time.

**RESPONSE: Plaintiff objects to this request as it is overly broad, vague, unduly burdensome and seeks confidential proprietary information. Without waiver of any available objection, Plaintiff operated his landscaping business himself through entities Phil's Mr. Fix It and Mowry Enterprises. Plaintiff objects to the production of customer lists as it seeks confidential and proprietary information and irrelevant information not likely to lead to the discovery of relevant evidence.**

13. Please state each and every license obtained by you in order to operate as a professional landscaper, and/or apply herbicides or apply insecticides, providing copies of any certificates or licenses applicable thereto.

**RESPONSE: Without waiver of any available objection, Plaintiff states that he obtained licenses as necessary for different projects depending on their size and annual business licenses. Plaintiff has not obtained a special certification for performing work as a landscaper.**

14. In Paragraph 33 of your Complaint, you allege that you would mix and apply Roundup® around subject homes as part of your landscaping business. Please state the method and process followed in the mixing process.

6

**RESPONSE: Without waiver of any available objection, Plaintiff mixed the Roundup in accordance with the instructions provided on the product and those provided by Charles Elliott and the staff of Harwell's Green Thumb f/k/a Charles' Garden Center.**

15. As it applies to your work as a professional landscaper and the application of Roundup®, please state the type of applicator or applicators used by you.

**RESPONSE: Without waiver of any available objection, Plaintiff used a pump sprayer.**

16. Please state each and every instruction and/or assistance provided by Harwell's Green Thumb to you regarding the usage, handling, mixing, applying and spreading of Roundup®.

**RESPONSE: Plaintiff objects to this interrogatory as it is overly broad, unduly burdensome, and beyond the scope of relevant discovery. Without waiver of any available objection, Plaintiff does not recall each and every instruction and/or assistance but does specifically recall instruction and/or assistance provided by Charles Elliott and staff with Harwell's Green Thumb f/k/a Charles Garden Center regarding the usage, handling, mixing, applying and spreading of Roundup. Plaintiff refers Defendant to his Complaint in total but in particular paragraphs 34-38, 51-55.**

17. Please state any and all training obtained by the Plaintiff for the purpose of operating a commercial professional landscaping business.

**RESPONSE: Without waiver of any available objection, none.**

18. In your work as a professional landscaper, please state the name and address of each and every person and/or entity from whom you purchased equipment and/or materials used by you in the operation of your business.

**RESPONSE: Plaintiff objects to this interrogatory as it is overly broad, vague, unduly burdensome, and seeks irrelevant information not likely to lead to the discovery of admissible evidence. Without waiver of these and any other applicable objections, Plaintiff recalls purchasing Roundup and other vegetation needs from Defendant, a sprayer from a local Wal-Mart, and lawn equipment from a local Home Depot.**

19. When purchasing Roundup® for use in your commercial landscaping business or personally, was it purchased in a sealed container?

**RESPONSE: Without waiver of any available objection, Plaintiff recalls that the Roundup did have a lid on the containers he purchased and to his best recollection the product was also sealed.**

20. Please state each alternative product available to you for use in your professional landscaping business in lieu of Roundup®.

**RESPONSE: Plaintiff objects to this interrogatory as it is overly broad, vague, unduly burdensome, and seeks irrelevant information not likely to lead to the discovery of admissible evidence. Without waiver of these and any other applicable objections, Plaintiff used Roundup at the suggestion and encouragement of Defendants.**

21. During the time you operated your professional landscaping business, please state the frequency of your use of Roundup®.

**RESPONSE: Without waiver of any available objection, based on Plaintiff's best recollection, he used Roundup on at least half of all of his landscape jobs which averaged approximately 4 per month for a period of approximately thirty years. Plaintiff also used Roundup for personal use. Plaintiff used Roundup for personal use since sometime in the late 1970s through 2018 on average once a week every other week eleven months per year.**

22.     Please produce a copy of any and all medical records and medical bills which you contend are made the basis of your Complaint.

**RESPONSE: Without waiver of any available objection, Plaintiff will make records responsive to this request available for inspection and copying at a convenient date and time.**

23.     State the name of each and every witness you intend calling at the trial of this action or who may have knowledge of any of the allegations made in your Complaint.

**RESPONSE: Without waiver of any available objection, Plaintiff will provide his witness list in accordance with the Court's Scheduling Order.**

24.     Please state the name of each and every expert witness you intend to call at the trial of this action, including Rule 26(b) disclosures for each expert.

**RESPONSE: Without waiver of any available objection, Plaintiff will provide his expert disclosures in accordance with the Court's Scheduling Order.**

Done this the 18th day of July 2019.

/s/John E. Tomlinson
John E. Tomlinson (TOM014)

Jere L. Beasley (BEA020)
Rhon E. Jones (JON093)
John E. Tomlinson (TOM014)
Grant M. Cofer (COF008)
Beasley, Allen, Crow, Methvin
   Portis & Miles, P.C.
218 Commerce Street
Montgomery, AL 36104
Jere.beasley@beasleyallen.com
rhon.jones@beasleyallen.com
john.tomlinson@beasleyallen.com
grant.cofer@beasleyallen.com

Jamie A. Johnston (JOH164)
Jamie A. Johnston, PC
509 Cloverdale Road, Ste. 101
Montgomery, AL 36106
jamie@jjohnstonpc.com

10

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| PHILLIP MOWRY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Action No: 03-CV-2019-900520 |
| | ) |
| MONSANTO COMPANY, a corporation; | ) JURY TRIAL DEMANDED |
| HARWELL'S GREEN THUMB NURSERY, | ) |
| INC., a corporation; | ) |
| | ) |
| Defendants. | ) |

## VERIFICATION

PERSONALLY APPEARED BEFORE the undersigned attesting officer, duly qualified to administer oaths, Phillip Mowry, after being duly sworn, deposes and states on oath that the facts in the foregoing DEFENDANT HARWELL'S GREEN THUMB NURSERY, INC.'S FIRST DISCOVERY REQUESTS TO PLAINTIFF are true and correct to the best of my knowledge, information and belief.

This __18__ day of __July__, 2019

_/s/ Phillip Mowry_
PHILLIP MOWRY

Sworn to and subscribed before
me this __18th__ day of
__July__, 2019
_/s/ Tony Harris_
Notary Public
My Commission Expires: __11/17/2019__

TONY HARRIS
Notary Public, Alabama State At Large
My Commission Expires
November 17, 2019

## **CERTIFICATE OF SERVICE**

     I hereby certify that on July 18, 2019, I electronically filed the foregoing with the Clerk of the Court, using the Alafile system which will send notification of such filing to the following registered persons and that those persons not registered with the Alafile system were served by e-mail and/or U.S. Mail:

Halron W. Turner
Attorney for Defendant Monsanto
Turner, Onderdonk, Kimbrough, Howell, Huggins & Bradley, PA
13212 West Central Avenue
Post Office Drawer 1389
Chatom, Alabama 36518
hwt@tokh.com

WILLIAM H. BRITTAIN, II (BRI012)
GERALD C. SWANN, JR. (SWA005)
Attorneys for Defendant Harwell's Green Thumb Nursery, Inc.
**BALL, BALL, MATTHEWS & NOVAK, P.A.**
445 Dexter Avenue, Suite 9045
Post Office Box 2148
Montgomery, AL  36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
bbrittain@ball-ball.com
gswann@ball-ball.com

                                            /s/ John E. Tomlinson
                                            OF COUNSEL