# EXHIBIT B

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| PHILLIP MOWRY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MONSANTO COMPANY, )<br>HARWELL'S GREEN THUMB )<br>NURSERY, INC. )<br>)<br>Defendants. ) | CASE NO.: CV-19-900520 |

## DEFENDANT HARWELL'S GREEN THUMB NURSERY, INC.'S ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES

COMES NOW the Defendant, Harwell's Green Thumb Nursery, Inc., and responds to the Plaintiffs' First Interrogatories as follows:

## GENERAL OBJECTIONS

The Defendant generally objects to the Plaintiffs' Definitions and Instructions section insofar as said Definitions are overly broad, vague, ambiguous, unduly burdensome and could seek confidential proprietary information, attorney-client privileged matters, information prepared in anticipation of litigation and/or attorney work product.

With waiving its objection, Defendant will respond to the discovery requests in compliance with the *Alabama Rules of Civil Procedure*.

1. State the name of the person answering these interrogatories for the Defendant and give his or her job title.

**ANSWER:** **W. Charles Harwell, President of Harwell's Green Thumb Nursery, Inc., along with the assistance of counsel.**

2. Give the names and job titles of all persons assisting in any manner with the answering of these interrogatories or in preparing the responses to Plaintiff's requests for production of documents.

**ANSWER:** **Will Harwell, Vice-President of Harwell's Green Thumb Nursery, Inc.**

3. Identify all persons having knowledge or believed to have knowledge of the truth of the facts and averments set forth in the Complaint. With respect to each person identified, state concisely the facts that person is aware of, when and how the facts were obtained, and identify any document evidencing said person's knowledge. Identify all comments, written or oral, you have had with these individuals.

**ANSWER:** **The Defendant objects to said request insofar as it is vague, ambiguous, unduly burdensome and unable to be responded to in its current form. In addition, the request may seek to have the Defendant admit the truth of the allegations contained within the Plaintiff's Complaint which are denied. Finally, the request may in fact seek attorney/client privileged information and/or attorney work product. However, without waiving its objection, the person best able to respond to the allegations contained within the Plaintiff's Complaint would be Charles Harwell.**

4. Please identify all Roundup products sold by Defendant.

**ANSWER:** **The Defendant objects to said request insofar as it is vague, ambiguous, unduly burdensome, unable to be responded to and not limited in time. However, without waiving its objection, Defendant would show it stocked during the period of 1985 through 1995 the following Roundup® products: Roundup® Concentrate in the quart, gallon and two and a half gallon sizes, Roundup® Lawn and Garden in the pint, quart and half gallon size and Roundup® Ready in the 24 oz., half gallon and gallon sizes.**

5. Please identify all correspondence, records, and receipts between Defendant and Plaintiff.

**ANSWER:** **The Defendant is unable to identify any documents which may be responsive to this request.**

2

6. Please identify whether any warning labels or other cautionary information or instructions were provided for the use of the product identified in interrogatory 4 that were in addition to the manufacturer's warning labels.

**ANSWER:** **The Defendant objects to said request insofar as it is vague, ambiguous and may infer that there were additional warning obligations on the part of the Defendant which were in addition to that provided by the manufacturer. However, without waiving its objection, the Defendant is not aware of any warnings which would have been provided absent those which would have been provided by the manufacturer.**

7. If so, state with specificity:

a. the exact content of each warning label or cautionary instruction;

b. the source of the warning or information;

c. the means by which such information was conveyed;

d. the size of the warning or cautionary instruction;

e. when the warning was first placed on the product and the time period the warning or cautionary instruction has been on the product;

f. include any changes and updates to the warning or cautionary instruction and the time period in which those changes or updates were made;

g. the location on the product or its packaging where the warning or cautionary instruction was printed; and

h. the name, address, and position or job title of each of defendant's employees or agents having knowledge of each warning prior to or at the time of Plaintiffs injury.

**ANSWER:** See response to Interrogatory No. 6.

8. Please identify all communications between this Defendant and Defendant Monsanto Company from the years this Defendant began selling Roundup until the present.

3

**ANSWER:** The Defendant objects to said request insofar as it is vague, ambiguous, unduly burdensome and unable to be responded to in its current form. However, without waiving its objection, the Defendant is not aware of any communications which may have taken place between it and the Defendant Monsanto Company.

9. If this Defendant contends it was not sufficiently apprised of the hazards of glyphosate or the chemical constituents in the product at issue in this lawsuit, please explain.

**ANSWER:** The Defendant objects to said request insofar as it is vague, ambiguous and unable to be responded to in its current form. In addition, the Defendant would shown that said request seeks a legal conclusion and may could in fact invade the province of the jury on issues of fact which may or may not exist in this action.

10. Please identify each policy of liability insurance, including any policy of reinsurance or excess liability insurance which covered or could cover any or all of the claims made by the plaintiff, including the name and address of each carrier, the policy number, the dollar amounts of coverage provided, the dates of coverage, whether any insurance carrier has reserved or disclaimed coverage in this case and the named insured for each policy.

**ANSWER:** The Defendant will provide said information.

_____
W. Charles Harwell - President
Harwell's Green Thumb Nursery, Inc

STATE OF ALABAMA
COUNTY OF MONTGOMERY

Before me, the undersigned Notary Public, did personally appear **W. Charles Harwell** who states to me that he is aware of the contents of the foregoing document, and that he did execute it voluntarily.

SWORN TO and SUBSCRIBED before me on this the 1st day of ~~July~~ August, 2019.

_____
NOTARY PUBLIC
My commission expires: 7/27/2022

5

/s/ *William H. Brittain, II*
WILLIAM H. BRITTAIN, II (BRI 012)
GERALD C. SWANN, JR. (SWA005)
Attorneys for Defendant Harwell's Green Thumb Nursery, Inc.

**OF COUNSEL:**

**BALL, BALL, MATTHEWS & NOVAK, P.A.**
445 Dexter Avenue, Suite 9045
Post Office Box 2148
Montgomery, AL 36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
bbrittain@ball-ball.com
gswann@ball-ball.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of August, 2019, I electronically filed the foregoing with the Clerk of the Court, using the Alafile system which will send notification of such filing to the following registered persons and that those persons not registered with the Alafile system were served by e-mail and/or U.S. Mail:

Jere L. Beasley
Rhon E. Jones
John E. Tomlinson
Grant M. Cofer
Beasley, Allen, Crow, Methivin
   Portis & Miles, P.C.
218 Commerce Street
Montgomery, AL 36104
Jere.beasley@beasleyallen.com
rhon.jones@beasleyallen.com
john.tomlinson@beasleyallen.com
grant.cofer@beasleyallen.com

Jamie A. Johnston
Jamie A. Johnston, PC
509 Cloverdale Road, Ste. 101
Montgomery, AL 36106
jamie@jjohnstonpc.com

Halron W. Turner
Turner, Onderdonk, Kimbrough,
   Howell, Huggins & Bradley, PA
13212 West Central Avenue
Post Office Drawer 1389
Chatom, Alabama 36518
hwt@tokh.com

/s/ *William H. Brittain, II*
OF COUNSEL

6