# EXHIBIT E

# IN THE CIRCUIT COURT OF
# MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| **PHILLIP MOWRY** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )     **CASE NO.: CV-19-900520** |
| | ) |
| **MONSANTO COMPANY,** | ) |
| **HARWELL'S GREEN THUMB** | ) |
| **NURSERY, INC.** | ) |
| | ) |
|     **Defendants.** | ) |

### PLAINTIFF PHILLIP MOWRY'S AMENDED AND SUPPLEMENTAL RESPONSES TO DEFENDANT MONSANTO COMPANY'S FIRST INTERROGATORIES TO PLAINTIFF

COMES NOW Plaintiff Phillip Mowry and AMENDS and SUPPLEMENTS his response to Defendant, Monsanto Company's, First Interrogatories to Plaintiff as follows:

### GENERAL OBJECTIONS

1. Plaintiff objects to each request to the extent it purports to require Plaintiff to provide information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2. No response provided herein or production of documents shall be deemed to constitute any agreement or concession that the subject matter thereof is relevant to this action, and all answers are provided without waiving or intending to waive any objection as to relevance, privilege or admissibility.

3. Plaintiff responds that it will produce documents in response to any request should not be construed as suggesting that documents of the type requested exist. The response should only be construed as indicating that Plaintiff will produce documents of the type requested if they are in its possession, custody, or control and are not privileged or otherwise

exempt from production under Rule 26 of the Alabama Rules of Civil Procedure.

4. Plaintiff objects to an interrogatory which seeks information that is confidential in nature, contains proprietary business information or personal confidential information who disclosure would prejudice Plaintiff or the affiliated entity whose information may be disclosed in any way by its dissemination for purposes other than use in this litigation as contemplated by the Alabama Rules of Civil Procedure and Alabama Rules of Evidence. Plaintiff will answer the same only after the entry of a suitable protective order.

5. Plaintiff objects to any interrogatory or document request that seeks information concerning events occurring or documents created during a period which is unrelated to the time frame contemplated by this litigation.

6. Plaintiff objects to each and every discovery request to the extent that the information called for, if any, was obtained and prepared in anticipation of litigation or for trial, and the Defendant has made no showing that they have substantial need for the material in preparation of his case and that they are unable, without undue hardship, to obtain the substantial equivalent of the materials by other means.

7. Plaintiff objects to each and every discovery request to the extent that it seeks to vary the obligations imposed under the Alabama Rules of Civil Procedure.

8. Plaintiff objects to each and every discovery request to the extent that it seeks information that is equally available to the Defendant and the burden on Defendant to obtain the requested information is no greater than the burden on Plaintiff.

9. Plaintiff objects to each and every discovery request to the extent that it is irrelevant, overly broad, oppressive, unduly burdensome, and expensive, and beyond the scope of permissible scope of discovery under the Alabama Rules of Civil Procedure.

10. Plaintiff objects to each discovery request to the extent it seeks information prepared in anticipation of litigation by or for Plaintiff, or by or for its representatives, or by its expert witnesses.  No such privilege information or documents will be produced.

11. Plaintiff further states that these general objections are specifically and expressly incorporated in each response herein and the repetition, renewal, or reassertion of any of these general objections or the assertion of any other objections, in no way implies a failure to assert each general objection to a request.  Plaintiff reserves the right to renew or assert these objections at any point in time in this litigation.

## SPECIFIC RESPONSES

1. For each Roundup-branded product or pesticide identified in YOUR Plaintiff Fact Sheet, STATE whether the product was mixed with any other ingredient(s).  If yes, please DESCRIBE every ingredient with which the product was mixed.

**RESPONSE: Without waiver of any available objection, Plaintiff states that he mixed with water only.**

2. IDENTIFY each home address where you have lived since 1964 and continuing through the present, including IDENTIFYING the full street address and DATES of residency at each address, as well as the IDENTITY of any persons who resided with YOU at each separate address.

**RESPONSE: Without waiver of any available objection, Plaintiff states that he has resided at 3414 North Watermill Road, Montgomery, Alabama 36116 since 1972 with wife and children.  Prior to that address, he lived on Virginia Loop Drive in Montgomery, Alabama with his wife.**

3. IDENTIFY each address (including the full street address) where YOU have applied, used, or otherwise been exposed to Roundup-branded products. This includes YOUR application of, use of, or exposure to Roundup-branded products at YOUR home residences, as well as in connection with YOUR professional landscaping work.

**RESPONSE: Without waiver of any available objection, Plaintiff states that he cannot recall all locations but does recall the following: 3414 N. Water Mill Road, Montgomery, Alabama; Barbara Fennell 2013 Station, Montgomery, Alabama; 107 Plantation Trail, Matthews, Alabama; 806 Hillsboro Road, Montgomery, Alabama; 40000 Strathmore Drive, Montgomery, Alabama; 1142 Beth Manor Drive, Montgomery, Alabama; 2189 Young Farm Place, Montgomery, Alabama; 3420 Old Creek Road, Montgomery, Alabama; home of the late Ella Snider, exact address cannot be recalled but it was located off of Coliseum Boulevard, Montgomery, Alabama; the home of the late Tom & Eco Sawyer 3540 Flowers Drive Montgomery, Alabama 36109. Plaintiff will supplement this interrogatory response as he is continuing to look through records to identify other addresses.**

4. IDENTIFY any person who was present while YOU applied, used, or were otherwise exposed to Roundup-branded products, including person's name, home address, telephone number, occupation, and relationship to YOU (*e.g.*, friend, coworker, client).

**RESPONSE: Without waiver of any available objection, Plaintiff states:**

**Mark Stauch, laborer, 4016 Camilla Drive, Montgomery, Alabama; 334-450-4411;**

**Plaintiff's wife, address above;**

**Tim Mowry, son, 4254 Beardsley Drive, Montgomery, Alabama, 36109; 334.538.3024;**

**Todd Mowry, son, 167 Grand Park Drive Deatsville, Alabama, 334.657.5097.**

4

**Please contact Plaintiff's Counsel to discuss communicating with these individuals.**

5. DESCRIBE any SPRAYING EQUIPMENT that YOU have used to apply Roundup-branded products, including the name, model, and manufacturer; gallon size or capacity of the tank attached to each piece of equipment; and DATES of use as to each separate SPRAYING EQUIPMENT.

**RESPONSE: Without waiver of any available objection, Plaintiff used a 1-gallon HDX sprayer; a metal sprayer 1 ½ gallons but cannot recall manufacturer; and a metal sprayer 2 gallons but cannot recall manufacturer.**

6. DESCRIBE any SPRAYING EQUIPMENT that YOU have used to apply pesticides *other than* GLYPHOSATE PRODUCTS, including the name, model, and manufacturer; gallon size or capacity of the tank attached to each piece of equipment; and DATES of use as to each separate SPRAYING EQUIPMENT.

**RESPONSE: Without waiver of any available objection, Plaintiff may have sprayed insect repellant around the house approximately one time every year and he used the sprayer on the insect repellant container that the insect repellant came in when he purchased it.**

7. DESCRIBE what clothing YOU wore while applying Roundup-branded products, including the clothing material (*e.g.*, cotton, wool, et.), the length of the pants or shorts worn (*e.g.*, below-the-ankle pants, above-the-knee shorts, etc.), the length of the shirt worn (*e.g.*, long - sleeves, short-sleeves, etc.); gloves (if used), including the material of gloves and whether they are chemically-resistant; and socks (including the type of material).

**RESPONSE: Without waiver of any available objection, Plaintiff very seldom wore gloves when applying Roundup because he did not think he had a reason to do so. In the summer,**

**Plaintiff typically wore knee-length shorts or jeans, short-sleeve cotton t-shirt and ankle-length cotton socks.**

8. DESCRIBE the clothing YOU wore while applying any pesticides *other than* GLYPHOSATE PRODUCTS, including the clothing material (*e.g.*, cotton, wool, etc.), the length of the pants or shorts worn (*e.g.*, below-the-ankle pants, above-the-knee shorts, etc.), the length of the shirt worn (*e.g.*, long-sleeves, short-sleeves, etc.); gloves (if used), including the material of gloves and whether they are chemically-resistant; and socks (including the type of material).

**RESPONSE: Without waiver of any available objection, in addition to the clothing items described in interrogatory number 7, Plaintiff wore rubber gloves while performing pesticide application.**

9. DESCRIBE each alleged INJURY (including any emotional, mental or psychological INJURY) that YOU claim to have experienced as a result of YOUR exposure to Roundup-branded products.

**RESPONSE: Without waiver of any available objection, Plaintiff states as follows: Due to his exposure to Roundup, Plaintiff was diagnosed with Non-Hodgkin Lymphoma and has endured the physical pain and suffering from the disease and from treatment, including but not limited to, fatigue, shortness of breath, general achiness, difficulty walking, move a lot slower, weight loss of approximately fifty pounds, lack of strength, decreased stamina and diminished memory. Further, Plaintiff has suffered mentally, psychologically, and emotionally due to the stress, worry, anxiety and uncertainty of his cancer and the future of his health and his ability to support his family and their well-being should he not survive. Plaintiff reserves the right to supplement this response in the future.**

6

10. STATE whether any HEALTH CARE PRACTITIONER has offered an opinion regarding the cause of YOUR NHL. If yes, please IDENTIFY the HEALTH CARE PRACTITIONER and STATE what the HEALTH CARE PRACTITIONER told YOU regarding the basis of that opinion.

**RESPONSE: Without waiver of any available objection, none of Plaintiff's own health care practitioners have offered an opinion to him regarding the cause of his NHL.**

11. IDENTIFY each person who will or may provide testimony in the LAWSUIT, including the person's name, address, telephone number, occupation, place of employment, and relationship to YOU.

**RESPONSE: Without waiver of any available objection, Plaintiff will identify testifying witnesses in accordance with the Court's Scheduling Order.**

12. For each person identified in response to Interrogatory No. 11, DESCRIBE the subject matter on which the person is expected to testify and, if the person is an expert, their qualifications.

**RESPONSE: Without waiver of any available objection, Plaintiff will identify testifying witnesses in accordance with the Court's Scheduling Order.**

13. IDENTIFY every other person with personal knowledge of all the allegations, claims, or alleged INJURIES asserted in the COMPLAINT, including the person's name, address, telephone number, occupation, place of employment, and relationship to YOU.

**RESPONSE: Without waiver of any available objection, Plaintiff states that he will identify witnesses in accordance with the Court's Scheduling Order; however, at this time Plaintiff believes the following persons to have knowledge of the allegations in the Complaint or Plaintiff's injuries:**

7

(a) **Charles Elliott, friend and co-church member, retired from Harwell's Green Thumb, 3706 Freeman Ct. Montgomery, Alabama 36109;**

(b) **Plaintiff's wife (address above);**

(c) **Treating physicians and persons identified in medical records from the following:**

**Baptist Health-South**
**2105 E. South Blvd**
**Montgomery, Alabama**
**2018-2019**

**Veterans Hospital**
**215 Perry Hill Road**
**Montgomery, Alabama 36109**
**Approximately 2009 - present**

**Dr. Keith Thompson**
**4145 Carmichael Road**
**Montgomery, Alabama 36106**
**2018-present**

**Dr. Jean Crepault**
**6994 Winton Blount Blvd**
**Montgomery, Alabama 36117**
**Approximately 2015-present**

**Dr. Portia Love**
**4712 Berry Blvd**
**Montgomery, Alabama 36106**
**Approximately 2014**
**Dr. Daniel Martin Daly**
**2055 East South Blvd Suite 603**
**Montgomery, Alabama 36116**
**2019**

**Dr. Geoffrey Habermacher**
**Montgomery, Alabama**
**2019**

**Dr. Thomas Wool**
**Montgomery, Alabama**
**2018**

**Dr. Harry Kourlis**
**Montgomery, Alabama**
**2018**

**AFC PriMed**
**2815 East Boulevard**
**Montgomery, Alabama 36116**
**At least since 1994-present**

(d) **Mr. Mowry's children (can be contacted through Plaintiff's counsel);**

(e) **Fellow Church Members of Plaintiff**

(f) **Mark Stauch, laborer, 4016 Camilla Drive, Montgomery, Alabama; 334-450-4411.**

**Please contact Plaintiff's Counsel to discuss communicating with these individuals**

14.   For each person identified in response to Interrogatory No. 13, DESCRIBE the subject matter of the personal knowledge possessed by that person.

**RESPONSE: Without waiver of any available objection, Plaintiff states that they have varying knowledge about his diagnosis, treatment, condition, Roundup usage, and other allegations in the Complaint. More specifically, Plaintiff's medical providers identified above have knowledge concerning Plaintiff's diagnosis, treatment and condition. Plaintiff's wife and family members have knowledge of Plaintiff's diagnosis, treatment, condition, and Roundup usage. Plaintiff's fellow church members have knowledge of Mr. Mowry's health generally. Mr. Elliott identified above has information concerning the allegations asserted in the Complaint against Harwell's Green Thumb, Mr. Mowry's diagnosis, treatment and condition, and Mr. Mowry's purchases of Roundup from Harwell's Green Thumb.**

15.   IDENTIFY the DATE on which YOU first purchased Roundup branded products from HARWELL's GREEN THUMB NURSERY.

**RESPONSE: Without waiver of any available objection, Plaintiff cannot recall the actual first date he purchased Roundup from Harwell's Green Thumb Nursery. Plaintiff, at this**

9

**time, believes it was approximately in the 90s. Plaintiff is still looking for information and documents.**

16. IDENTIFY the most recent DATE YOU purchased Roundup-branded products from HARWELL'S GREEN THUMB NURSERY.

**RESPONSE: Without waiver of any available objection, Plaintiff cannot recall the actual last date of purchase from Harwell's Green Thumb Nursery. Plaintiff, at this time, believes it was approximately within the last three to four. Plaintiff is continuing to look for information and documents.**

**AMENDED RESPONSE:**

**Without waiver of any available objection, after further recollection and review of his work places and usage of Roundup, Plaintiff believes his last date of purchase from Harwell's Green Thumb Nursery was within the last 18-24 months.**

17. IDENTIFY each agent, servant, or employee of HARWELL'S GREEN THUMB NURSERY with whom YOU COMMUNICATED RELATING TO the use of sale of Roundup-branded products.

**RESPONSE: Without waiver of any available objection, Plaintiff communicated with Charles Elliott and other employees, but cannot recall the other employees' names at this time.**

18. IDENTIFY each written statement, written representation, or written warranty made by any agent, servant, or employee of HARWELL'S GREEN THUMB NURSERY RELATING TO Roundup-branded products or GLYPHOSATE PRODUCTS.

**RESPONSE: Without waiver of any available objection, Plaintiff refers Defendant to the allegations in his Complaint.**

10

**SUPPLEMENTAL RESPONSE:**

**Plaintiff recalls receiving some documents from Charles Elliott and other employees of Harwell's, but has not been able to locate them. Plaintiff does recall that Mr. Elliott and other Harwell employees specifically represented to him that the Roundup products he purchased were safe for use and recommended them as an effective product. They were highly advertised in Harwell's. Mr. Elliott and other employees also provided instructions on how to mix and apply these products. No Harwell employees, including Mr. Elliott, ever informed Plaintiff of the products' cancer-causing properties or that he needed to wear personal protection when mixing and applying Roundup. Plaintiff knew Mr. Elliott personally and anything Mr. Elliott told him (or omitted in telling him) Plaintiff relied upon when purchasing the Roundup products. Plaintiff had several conversations with Mr. Elliott about the Roundup products. Also, Mr. Elliott had been in the business of pesticides, agricultural industry, and planting for a long time. He and other employees were far more educated and had access to far more information than Plaintiff did regarding Roundup. For instance, Mr. Elliott and other Harwell employees knew or should have known about the cancer-causing properties of Roundup. Such information was available to Mr. Elliott and Defendant Harwell during the times he purchased the Roundup products from them. Please also see the allegations set forth in Plaintiff's Complaint.**

19. IDENTIFY each of your spouses, including the person's name, current home address, telephone number, occupation, place of employment, the DATES during which YOU were married to the person, and, if the marriage ended, the reason for its end (*e.g.,* divorce, death, etc.).

**RESPONSE: Without waiver of any available objection, Plaintiff states that he has only been married to Barbara Mowry and they are still married. Mrs. Mowry's address is the same as Plaintiff's and her telephone number is 334-799-5778.**

20. IDENTIFY each social media account (*e.g*., LinkedIn, Facebook, MySpace, Twitter, Tumblr, Pinterest, etc.) or electronic account (including e-mail, text messages, or messaging accounts, such as Gmail, Yahoo, Comcast, Version, iChat, Apple Facetime, AOL Instant Messenger, Blackberry Messenger, chat rooms) that YOU have created, hosted, maintained, used or had access to at any time since YOU started using Roundup-branded products.

**RESPONSE: Without waiver of any available objection, Plaintiff states that he has used the following: Facebook; LinkedIn; [pmmowry@hotmail.com](mailto:pmmowry@hotmail.com); and [phillipmowry44@gmail.com](mailto:phillipmowry44@gmail.com).**

21. For each social media or electronic account identified in response to Interrogatory No. 20, IDENTIFY all COMMUNICATIONS and DOCUMENTS that YOU have sent, posted, maintained, accessed, or received that discussed or RELATED TO Roundup-branded products, GLYPHOSATE or other GLYPHOSATE PRODUCTS or NHL. YOU may produce COMMUNICATIONS or DOCUMENTS as a means of responding to this Interrogatory.

**RESPONSE: Without waiver of any available objection, Plaintiff states there are none.**

22. IDENTIFY any third-party or entity YOU have COMMUNICATED with for the purpose of considering, investigating, pursuing, arranging or obtaining LITIGATION FUNDING.

**RESPONSE: Without waiver of any available objection, Plaintiff states None.**

23. IDENTIFY each of YOUR relatives, by blood or marriage, residing in Montgomery County, Alabama, who are 19 years of age or older.

**RESPONSE: Without waiver of any available objection, Plaintiff states that his only relatives in Montgomery County are Barbara Mowry, Tim Mowry, Amanda Mowry, Kit Tatum and Melissa Tatum.**

24. IDENTIFY each branch of the military in which YOU have served and the DATES during which YOU served.

**RESPONSE: Without waiver of any available objection, Plaintiff states that he served in the United States Air Force from June 1965 through 1969.**

Done this the 19th day of March 2020.

/s/John E. Tomlinson
John E. Tomlinson (TOM014)

Jere L. Beasley (BEA020)
Rhon E. Jones (JON093)
John E. Tomlinson (TOM014)
Beasley, Allen, Crow, Methvin
   Portis & Miles, P.C.
218 Commerce Street
Montgomery, AL 36104
Jere.beasley@beasleyallen.com
rhon.jones@beasleyallen.com
john.tomlinson@beasleyallen.com

Jamie A. Johnston (JOH164)
Jamie A. Johnston, PC
509 Cloverdale Road, Ste. 101
Montgomery, AL 36106
jamie@jjohnstonpc.com

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| PHILLIP MOWRY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Action No: 03-CV-2019-900520 |
| | ) |
| MONSANTO COMPANY, a corporation; | ) JURY TRIAL DEMANDED |
| HARWELL'S GREEN THUMB NURSERY, | ) |
| INC., a corporation; | ) |
| | ) |
| Defendants. | ) |

## VERIFICATION

PERSONALLY APPEARED BEFORE the undersigned attesting officer, duly qualified to administer oaths, Phillip Mowry, after being duly sworn, deposes and states on oath that the facts in the foregoing Amended Responses to Defendant Monsanto's Interrogatories are true and correct to the best of my knowledge, information and belief.

This 19 day of March, 2020

_____
PHILLIP MOWRY

Sworn to and subscribed before
me this 19 day of
March, 2020

_____
Notary Public
My Commission Expires: 01/27/2024

[Notary Seal: ROBERT M. HOWARD, NOTARY PUBLIC, ALABAMA STATE AT LARGE, My Commission Expires January 27, 2024]

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 19, 2020, I electronically filed the foregoing with the Clerk of the Court, using the Alafile system which will send notification of such filing to the following registered persons and that those persons not registered with the Alafile system were served by e-mail and/or U.S. Mail:

Halron W. Turner
Attorney for Defendant Monsanto
Turner, Onderdonk, Kimbrough, Howell, Huggins & Bradley, PA
13212 West Central Avenue
Post Office Drawer 1389
Chatom, Alabama 36518
hwt@tokh.com

GERALD C. SWANN, JR. (SWA005)
Attorneys for Defendant Harwell's Green Thumb Nursery, Inc.
**BALL, BALL, MATTHEWS & NOVAK, P.A.**
445 Dexter Avenue, Suite 9045
Post Office Box 2148
Montgomery, AL  36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
gswann@ball-ball.com

                                                /s/ John E. Tomlinson
                                                OF COUNSEL