**BAUM HEDLUND ARISTEI GOLDMAN** PC
——— CONSUMER ATTORNEYS ———

Washington, D.C. Office
2101 L Street, N.W.
Suite 800
Washington, D.C. 20037-1526
Office (202) 466-0513
Fax (202) 466-0527

10940 Wilshire Boulevard, 17th Floor
Los Angeles, CA 90024
Office (310) 207-3233
Fax (310) 820-7444
www.baumhedlundlaw.com

Philadelphia Office
1500 Market Street
12th Floor East Tower
Philadelphia, PA 19102-2100
Office (215) 665-5659
Fax (215) 569-8228

August 20, 2020

**VIA ELECTRONIC MAIL ONLY**

Hon. Vince Chhabria
San Francisco Courthouse, Courtroom 4
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Confidential Status of Baum Hedlund Settlement Pursuant to Pretrial Order No. 216*

Dear Judge Chhabria:

      This letter constitutes Baum, Hedlund, Aristei & Goldman, P.C.'s ("Baum Hedlund") confidential response to Pretrial Order No. 216, which requested information about the status of settlement. Baum Hedlund is particularly sensitive to the importance of confidentiality in this litigation, especially in light of Pretrial Order No. 200, which reminded the parties that all "settlement discussions in this MDL are confidential and that the having reviewed the joint statement submitted by Monsanto and the Plaintiffs' Co-Leads, Baum Hedlund—a member of the Plaintiffs' Executive Committee—does not believe Monsanto has complied with Pretrial Order No. 216 or been sufficiently candid about the nature and scope of settlements. Should the Court wish to explore any of the following *in camera*, pursuant to a Rule 408 conference, I am available and willing to answer any questions or provide details.

- Baum Hedlund has been in settlement discussions with Monsanto since the end of May 2019. Although, originally, Baum Hedlund advocated for a global settlement that would address all Roundup claims as part of a single settlement program, Monsanto elected, instead, to pursue individual settlements with specific firms, including Baum Hedlund.

- On June 24, 2020, Bayer announced publicly that it entered into "a series of agreements that will substantially resolve major outstanding Monsanto litigation, including U.S. Roundup™ product liability litigation" and specifically stated that "[t]he resolved claims include all plaintiff law firms leading the Roundup™ federal multi-district litigation (MDL) or the California bellwether cases[.]"[1]

---

[1] https://media.bayer.com/baynews/baynews.nsf/id/Bayer-announces-agreements-to-resolve-major-legacy-Monsanto-litigation

August 20, 2020
Page 2

- As the Court knows, Michael L. Baum, of Baum Hedlund, is on the MDL Executive Committee and R. Brent Wisner, also of Baum Hedlund, is Co-Lead of the California Judicial Council Coordinate Proceeding (JCCP) in Alameda County.  Baum Hedlund also played a leading role (along with the Miller Firm) in trying the *Johnson* and *Pilliod* cases and a supporting role in the *Hardeman* (along with Andrus Wagstaff, PC and the Moore Law Group) case, i.e., the "California bellwether cases" referenced in Bayer's press release.

- When the settlement was announced on June 24, 2020, Baum Hedlund was still in the process of finalizing a Master Settlement Agreement ("MSA"); however, most material terms were already agreed-to.  When Baum Hedlund expressed concern to Monsanto about announcing a settlement before having a fully executed MSA, Monsanto assured that the deal was done, that the Bayer board of directors had approved the deal, and it was only a matter of ironing out the final details.  Indeed, other law firms had already finalized and fully executed their MSAs with Monsanto.  Relying on these assurances, Baum Hedlund sent out a "good news" letter to each client, stating Baum Hedlund had "reached a potential aggregate settlement with Monsanto Company/Bayer AG in the Roundup litigation that will enable our qualifying clients to receive an offer to settle their Roundup claims."

- Prior to June 24, 2020, Baum Hedlund did not know any details of a proposed class action settlement to address future claims.  At no point was a Baum Hedlund settlement tied to or even discussed in the context of any class action.

- Following Pretrial Order No. 214, and the subsequent withdrawal of a proposed class action settlement for future Roundup-NHL cases, Monsanto indicated that it no longer had authority to execute Baum Hedlund's MSA.  Monsanto indicated that it needed to obtain board approval, again.

- In response, Baum Hedlund informed Monsanto that its settlement is not contingent any class action and that if such a requirement was being added after-the-fact, the deal was dead.  This was particularly true considering Monsanto has already signed fully executed MSAs with other, non-trial counsel.  After several meetings designed to salvage the deal, on July 13, 2020, Baum Hedlund executed the fully negotiated MSA and agreed to give Monsanto until August 19, 2020 based upon a representation by Monsanto that it would obtain reauthorization from Bayer's board of directors to sign Baum Hedlund's MSA.

- The Bayer board of directors met on August 19, 2020.  At that meeting, however, Baum Hedlund's deal was not presented for approval.

- Instead, Monsanto now claims that the signing of Baum Hedlund's MSA would have to be contingent upon Monsanto being able to reach a settlement for the "futures" class, and that Monsanto needed another three weeks to finalize that deal and obtain reapproval from Bayer's board to sign the Baum Hedlund MSA.

- Putting aside the viability of a such a class, it was never part of any the negotiated settlement—a settlement that Bayer's board of directors previously approved before the June

24, 2020 announcement. So, Baum Hedlund, again, refused to make its MSA contingent on getting a futures class settlement worked out.

- On August 19, 2020, Monsanto terminated Baum Hedlund's deal. Settlement discussions are, therefore, over.

With this background, Baum Hedlund would like to restart litigation in earnest. To that end, Baum Hedlund intends to file motions seeking the following relief:

1. **Reopening discovery:** There have been several actions taken by the Environmental Protection Agency since settlement discussions commenced in May 2019 as well as numerous journal articles published relating Roundup and NHL and the Agricultural Health Study. Baum Hedlund would like to conduct discovery related to Monsanto communications with the EPA (including text messages, emails, voicemails between Bayer's general counsel and EPA officials), discovery about the latest scientific developments, and some third-party discovery focusing on recent ghostwriting efforts. In addition, Baum Hedlund would like to conduct discovery directly on Bayer AG, including its executives, to focus on what Bayer knew, learned, and decided about the carcinogenicity of Roundup and glyphosate during its acquisition of Monsanto. Baum Hedlund anticipates that this discovery would take no longer than 90 days to complete and involve no more than 10 additional depositions.

2. **Amended complaints:** Baum Hedlund will also be filing motions seeking to amend the complaints to add Bayer, AG as a defendant in all of Baum Hedlund's cases. Recent developments, i.e., needing Bayer board approval, have made it clear that Bayer AG is an indispensable party to this litigation and would be on the hook for future judgments.

3. **Setting trial dates:** The only thing that motivates Monsanto to settle is trial—nothing else has a greater impact on their assessment of the risk of continued litigation. As such, Baum Hedlund will be filing a motion seeking: (1) the immediate ruling on all pending *Daubert* motions, (2) the immediate remand of all Wave 1 and 2 cases, (3) a ruling on the outstanding motion to remand in *Olah v. Monsanto Company, et al.* (3:20-cv-00129-VC) and, if denied, a trial date; and (4) setting trial before this Court (preferably as consolidated trials in light of COVID) to address all the cases that have proper venue in the Northern District of California.[2]

Sincerely,

By: _____
R. Brent Wisner, Esq.

---

[2] Previously, because Monsanto refused to consent to trial before this Court under *Lexicon*, there were only three cases this Court could, independently, set for trial (*Hardeman*, *Stevick*, and *Gebeyehou*). However, since then, Monsanto has removed several cases to this Court from Alameda County and, for some, the Plaintiffs are not seeking remand. Therefore, those cases are now properly before this Court and will need to be tried in the Northern District of California. By way of reference, Baum Hedlund has four such cases are is prepared to take one or all of them to trial by February 2021, if not sooner. (*Burcina*, 3:20-cv-04013-VC, *Galang*, 3:19-cv-06183-VC; *Gordillo*, 3:20-cv-02840-VC; *Luu*, 3:19-cv-06195-VC).