**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
            elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Tony Howell v. Monsanto Co.*,<br>Case No. 3:20-cv-07322-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.       Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.       Monsanto denies the allegations in paragraph 2.

3.       Monsanto denies the allegations in paragraph 3.

4.       The allegations in paragraph 4 set forth conclusions of law for which no response

- 1 -

1  is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

2  paragraph 4 based upon the allegations in plaintiff's Complaint.

3        5.     Monsanto admits the allegations in paragraph 5.

4        6.     The allegations in paragraph 6 set forth conclusions of law for which no response

5  is required.

6        7.     The allegations in the first sentence of paragraph 7 set forth conclusions of law for

7  which no response is required.  In response to the allegations in the second sentence of paragraph

8  7, Monsanto admits that it has sold, marketed, and/or distributed Roundup®-branded herbicides

9  within North Carolina.  In response to the allegations in the final sentence of paragraph 7,

10  Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information

11  or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain

12  other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

13        8.     Monsanto lacks information or knowledge sufficient to form a belief as to the

14  truth of the allegations in the first sentence of paragraph 8 and therefore denies those allegations.

15  In response to the allegations in the second sentence of paragraph 8, Monsanto admits that

16  plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-

17  branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations

18  in paragraph 8.

19        9.     The allegations in paragraph 9 comprise attorney characterizations and are

20  accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff

21  has a variety of separate and distinct uses and formulations.

22        10.    Monsanto admits the allegations in the first sentence of paragraph 10.  The

23  remaining allegations in paragraph 10 set forth conclusions of law for which no response is

24  required.

25        11.    The allegations in paragraph 11 set forth conclusions of law and/or are directed at

26  entities other than Monsanto, so no response from Monsanto is required for these allegations.  To

27  the extent a response is deemed required, Monsanto denies the remaining allegations in

28  paragraph 11.

12.     In response to the allegations in paragraph 12, Monsanto denies – and objects to – allegations by plaintiff that purport to lump Monsanto together with any other entities. Monsanto responds to the allegations in paragraph 12 and other allegations in the Complaint only on behalf of Monsanto and not on behalf of any other entities.  .

13.     In response to the allegations in paragraph 13, Monsanto admits that it has sold Roundup®-branded products in North Carolina.

14.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies those allegations.

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     Monsanto admits the allegations in paragraph 17.

18.     Monsanto admits that it is authorized to do business in North Carolina.  The remaining allegations of paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19.     The allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     Monsanto denies the allegations in paragraph 20.

21.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 22 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore

1  denies those allegations.

2       23.    Monsanto admits the allegations in paragraph 23.

3       24.    Monsanto admits the allegations in paragraph 24.

4       25.    In response to the allegations in paragraph 25, Monsanto admits that glyphosate is

5  an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

6  paragraph 25 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

7  to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

8       26.    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

9  The remaining allegations in paragraph 26 comprise attorney characterizations and are

10  accordingly denied.

11       27.    Monsanto admits the allegations in paragraph 27.

12       28.    Monsanto generally admits the allegations in paragraph 28, but denies the

13  allegations in paragraph 28 to the extent that they suggest that glyphosate is present in any plants

14  at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

15  the United States Environmental Protection Agency ("EPA").

16       29.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17  truth of the allegations in paragraph 29 and therefore denies those allegations.

18       30.    Monsanto admits that it has been the leading producer of seeds that contain the

19  Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve

20  a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form

21  a belief as to the accuracy of the specific numbers and statistics provided in the remaining

22  sentences of paragraph 30 and therefore denies those allegations.  Monsanto denies the

23  remaining allegations in paragraph 30.

24       31.    Monsanto admits the allegations in paragraph 31.

25       32.    Monsanto admits that Roundup®-branded products have been used by farmers for

26  approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

27  properties and denies the remaining allegations in paragraph 32.

28       33.    The allegations in paragraph 33 set forth conclusions of law for which no

1  response is required.  To the extent that a response is deemed required, Monsanto admits the

2  allegations in paragraph 33.

3       34.     In response to the allegations in paragraph 34, Monsanto admits that EPA requires

4  registrants of herbicides to submit extensive data in support of the human health and

5  environmental safety of their products and further admits that EPA will not register or approve

6  the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

7  Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 34 set forth

8  conclusions of law for which no response is required.

9       35.     The allegations in paragraph 35 set forth conclusions of law for which no

10  response is required.

11      36.     In response to the allegations in paragraph 36, Monsanto admits that Roundup®-

12  branded products are registered by EPA for manufacture, sale and distribution in the United

13  States and are registered by the State of North Carolina for sale and distribution.

14      37.     In response to the allegations in paragraph 37, Monsanto admits that EPA requires

15  registrants of herbicides to submit extensive data in support of the human health and

16  environmental safety of their products and further admits that EPA will not register or approve

17  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

18  states that the term "the product tests" in the final sentence of paragraph 37 is vague and

19  ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 37

20  set forth conclusions of law for which no answer is required.

21      38.     Monsanto denies the allegations in paragraph 38 to the extent that they suggest

22  that EPA only evaluates the safety of pesticide products on the date of their initial registration.

23  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

24  products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

25  of the allegations in paragraph 38 regarding such pesticide products generally and therefore

26  denies those allegations.  The remaining allegations in paragraph 38 set forth conclusions of law

27  for which no response is required.

28      39.     In response to the allegations in paragraph 39, Monsanto admits that EPA has

undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore denies those allegations.

40.  In response to the allegations in paragraph 40, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 40 are vague and conclusory

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07322-VC

and comprise attorney characterizations and are accordingly denied.

41.    In response to the allegations in paragraph 41, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

42.    Monsanto denies the allegations in paragraph 42.

43.    In response to the allegations in paragraph 43, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 43 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 43.

44.    Monsanto denies the allegations in paragraph 44.

45.    In response to the allegations in paragraph 45, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 45 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies those allegations.

46.    Monsanto admits the allegations in paragraph 46.

47.    In response to the allegations in paragraph 47, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 47 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 and therefore denies those allegations.

48.    Monsanto states that the term "toxic" as used in paragraph 48 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 48.

49.    Monsanto admits the allegations in paragraph 49.

50.    In response to the allegations in paragraph 50, Monsanto states that the document

1  speaks for itself and does not require a response.  To the extent that a response is deemed

2  required, Monsanto denies the allegations in paragraph 50.

3      51.     In response to the allegations in paragraph 51, Monsanto admits that Julie Marc

4  published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

5  the extent that paragraph 51 characterizes the meaning of the cited study, Monsanto denies the

6  remaining allegations in paragraph 51.

7      52.     In response to the allegations in paragraph 52, Monsanto states that these

8  documents speak for themselves and do not require a response.  To the extent that a response is

9  deemed required, Monsanto denies the allegations in paragraph 52.

10     53.     In response to the allegations in paragraph 53, Monsanto states that the cited

11 document speaks for itself and does not require a response.  To the extent that paragraph 53

12 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

13 paragraph 53.

14     54.     Monsanto denies the allegations in paragraph 54.

15     55.     In response to the allegations in paragraph 55, Monsanto states that the cited

16 document speaks for itself and does not require a response.  To the extent that paragraph 55

17 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

18 paragraph 55.

19     56.     In response to the allegations in paragraph 56, Monsanto states that the cited

20 document speaks for itself and does not require a response.  To the extent that paragraph 56

21 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

22 paragraph 56.

23     57.     Monsanto denies the allegation that the cited studies support the allegation that

24 glyphosate or Roundup®-branded products pose any risk to human health and denies the

25 remaining allegations in paragraph 57.

26     58.     Monsanto denies the allegations in paragraph 58.

27     59.     Monsanto denies the allegations in paragraph 59.

28     60.     Monsanto denies the allegations in paragraph 60.

1        61.     Monsanto denies the allegations in paragraph 61.

2        62.     Monsanto admits that it has promoted Roundup®-branded herbicides as safe when

3    used in accordance with the products' labeling.  Monsanto denies the remaining allegations in

4    paragraph 62.

5        63.     Monsanto admits that the International Agency for Research on Cancer ("IARC")

6    is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

7    lacks information or knowledge sufficient to form a belief as to the truth of the remaining

8    allegations in paragraph 63 and therefore denies those allegations.

9        64.     Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in paragraph 64 and therefore denies those allegations.  Monsanto denies

11   that glyphosate met the criteria necessary to be eligible for review.

12       65.     Monsanto lacks information or knowledge sufficient to form a belief as to the

13   truth of the allegations in paragraph 65 and therefore denies those allegations.  Monsanto denies

14   that glyphosate met the criteria necessary to be eligible for review.

15       66.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

16   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

17   evidence was "cumulative."  The remaining allegations in paragraph 66 are vague and

18   conclusory and comprise attorney characterizations and are accordingly denied.

19       67.     Monsanto admits that the full IARC Monograph regarding glyphosate was

20   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

21   2A carcinogen.  In response to the remaining allegations in paragraph 67, Monsanto states that

22   the document speaks for itself and does not require a response.  To the extent that a response is

23   deemed required, the remaining allegations in paragraph 67 comprise attorney characterizations

24   and are accordingly denied.

25       68.     Monsanto denies the allegations in paragraph 68.  The IARC working group

26   concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

27   which, per IARC's guidelines, means that the working group could not rule out chance, bias or

28   confounding so as to reach any conclusion of an increased risk.

69.     In response to the allegations in paragraph 69, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 69 comprise attorney characterizations and are accordingly denied.

70.     Monsanto denies the allegations in paragraph 70.

71.     The allegations in paragraph 71 comprise attorney characterizations and are accordingly denied.

72.     Monsanto admits the allegations in paragraph 72.

73.     In response to the allegations in paragraph 73, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 73 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 73.

74.     In response to the allegations in paragraph 74, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 74.

75.     The allegations in paragraph 75 are vague and ambiguous and are accordingly denied.

76.     In response to the allegations in paragraph 76, Monsanto states that the cited document speaks for itself and does not require a response.

77.     In response to the allegations in paragraph 77, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 77 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

79.     In response to the allegations in paragraph 79, Monsanto states that the cited

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07322-VC

1  document speaks for itself and does not require a response.  Monsanto otherwise denies the

2  allegations in paragraph 79.

3     80.    Monsanto admits that there is no reliable evidence that Roundup®-branded

4  products are genotoxic and that regulatory authorities and independent experts agree that

5  Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

6  paragraph 80.

7     81.    Monsanto denies the allegations in paragraph 81.

8     82.    Monsanto denies the allegations in paragraph 82.

9     83.    Monsanto denies the allegations in paragraph 83.

10    84.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

11  exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 84.

12    85.    Monsanto denies the allegations in paragraph 85.

13    86.    Monsanto denies the allegations in paragraph 86.

14    87.    Monsanto admits the allegations in paragraph 87.

15    88.    Monsanto denies the allegations in paragraph 88.

16    89.    Monsanto admits the allegations in paragraph 89.

17    90.    Monsanto denies the allegations in paragraph 90.

18    91.    Monsanto denies the allegations in paragraph 91.

19    92.    Monsanto denies the allegations in paragraph 92.

20    93.    Monsanto denies the allegations in paragraph 93.

21    94.    Monsanto denies the allegations in paragraph 94.

22    95.    Monsanto denies the allegations in paragraph 95.

23    96.    Monsanto denies the allegations in paragraph 96.

24    97.    Monsanto admits that independent experts and regulatory agencies agree that

25  there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

26  products and admits that it has made statements reflecting this fact.  Monsanto denies the

27  remaining allegations in paragraph 97.

28    98.    In response to the allegations in paragraph 98, Monsanto admits that Roundup®-

branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 98.

99.     In response to the allegations in paragraph 99, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 99.

100.     In response to the allegations in paragraph 100, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 100.

101.     In response to the allegations in paragraph 101, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."

1
2
3
4

*Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

5    Monsanto denies the remaining allegations in paragraph 101.

6          102.     In response to the allegations in paragraph 102, Monsanto admits that it – along

7    with a large number of other companies and governmental agencies – was defrauded by two

8    chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

9    testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

10   toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

11   glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

12   studies.  To the extent that the allegations in paragraph 102 are intended to suggest that

13   Monsanto was anything other than a victim of this fraud, such allegations are denied.

14         103.     In response to the allegations in paragraph 103, Monsanto admits that IBT

15   Laboratories was hired to conduct toxicity studies in connection with the registration of a

16   Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

17   based upon any fraudulent or false IBT studies.

18         104.     Monsanto denies the allegations in paragraph 104 to the extent they suggest that

19   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

20   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

21   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

22   connection with services provided to a broad number of private and governmental entities and

23   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

24   one of several pesticide manufacturers who had used IBT test results.  The audit found some

25   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

26   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

27   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

28   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 104 are

intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

105.    In response to the allegations in paragraph 105, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

106.    In response to the allegations in paragraph 106, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 106.

107.    In response to the allegations in paragraph 107, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 107 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

108.    In response to the allegations in paragraph 108, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 108 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

109.    In response to the allegations in paragraph 109, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

110.    In response to the allegations in paragraph 110, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 110.

111.    Monsanto denies the allegations in paragraph 111.

112.    Monsanto denies the allegations in paragraph 112.

113.    Monsanto denies the allegations in paragraph 113.

114.    Monsanto denies the allegations in paragraph 114.

115.    Monsanto denies the allegations in paragraph 115.

116.    Monsanto denies the allegations in paragraph 116.

117.    Monsanto denies the allegations in paragraph 117.

118.    Monsanto denies the allegations in paragraph 118.

119.    Monsanto denies the allegations in paragraph 119.

120.    Monsanto denies the allegations in paragraph 120.

121.    Monsanto denies the allegations in paragraph 121.

122.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 122 and therefore denies those allegations.

123.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 123 and therefore denies those allegations.

124.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 124 and therefore denies those allegations.

125.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 125 and therefore denies those allegations.

126.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 126 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 126.

127.    Monsanto denies the allegations in paragraph 127.

128.    Monsanto incorporates by reference its responses to paragraphs 1 through 127 in response to paragraph 128 of plaintiff's Complaint.

129.    Monsanto denies the allegations in paragraph 129.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07322-VC

130.     In response to the allegations in paragraph 130, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

131.     Monsanto denies the allegations in paragraph 131.

132.     In response to the allegations in paragraph 132, Monsanto states that the cited document speaks for itself and does not require a response.

133.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in paragraph 133.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

134.     Monsanto denies that exposure to Roundup®-branded products and glyphosate caused plaintiff's alleged injury.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 134 and therefore denies those allegations.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

135.     Monsanto denies the allegations in the first and last sentences of paragraph 135.  The remaining allegations in paragraph 135 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

136.     Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The remaining allegations in paragraph 136 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07322-VC

137.    The allegations in paragraph 137 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 137.  Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto denies the allegations in paragraph 139.

140.    The allegations in paragraph 140 set forth conclusions of law for which no response is required.

141.    Monsanto denies the allegations in paragraph 141.

142.    The allegations in paragraph 142 set forth conclusions of law for which no response is required.  To the extent that a response is required, Monsanto denies the allegations in paragraph 142.  Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

143.    Monsanto incorporates by reference its responses to paragraphs 1 through 142 in response to paragraph 143 of plaintiff's Complaint.

144.    The allegations in paragraph 144 set forth conclusions of law for which no response is required.

145.    Monsanto denies the allegations in paragraph 145.

146.    Monsanto denies the allegations in paragraph 146, including each of its subparts.

147.    Monsanto denies the allegations in paragraph 147.

148.    Monsanto denies the allegations in paragraph 148.

149.    Monsanto denies the allegations in paragraph 149, including each of its subparts.

150.    Monsanto denies the allegations in paragraph 150.

151.    Monsanto denies the allegations in paragraph 151.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto denies the allegations in paragraph 153.

.

154.    Monsanto incorporates by reference its responses to paragraphs 1 through 153 in response to paragraph 154 of plaintiff's Complaint.

155.    Monsanto denies the allegations in paragraph 155.

156.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 156 and therefore denies those allegations.

157.    Monsanto denies the allegations in paragraph 157.

158.    Monsanto denies the allegations in paragraph 158.

159.    Monsanto denies the allegations in paragraph 159.

160.    Monsanto denies the allegations in paragraph 160, including each of its subparts.

161.    Monsanto denies the allegations in paragraph 161.

162.    Monsanto denies that Roundup®-branded products have "dangerous characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 162 and therefore denies those allegations.

163.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 163 and therefore denies those allegations.

164.    Monsanto denies the allegations in paragraph 164.

165.    The allegations in paragraph 165 set forth conclusions of law for which no response is required.

166.    Monsanto denies the allegations in paragraph 166.

167.    Monsanto denies the allegations in paragraph 167.

168.    Monsanto denies the allegations in paragraph 168.

169.    Monsanto denies the allegations in paragraph 169.

170.    Monsanto denies the allegations in paragraph 170.

171.    Monsanto denies the allegations in paragraph 171.

172.    Monsanto denies the allegations in paragraph 172.

173.    Monsanto denies the allegations in paragraph 173.

174.    Monsanto denies the allegations in paragraph 174.

175.    Monsanto denies the allegations in paragraph 175.

176.    Monsanto incorporates by reference its responses to paragraphs 1 through 175 in response to paragraph 176 of plaintiff's Complaint.

177.    Monsanto admits the allegations in paragraph 177.

178.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 178 and therefore denies those allegations.

179.    Monsanto denies the allegations in paragraph 179.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

180.    Monsanto denies the allegations in paragraph 180.

181.    Monsanto denies the allegations in paragraph 181.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

182.    Monsanto denies the allegations in paragraph 182.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA and with North Carolina law.

183.    Monsanto denies the allegations in paragraph 183.

184.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 184 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 184.

185.    The allegations in paragraph 185 set forth conclusions of law for which no response is required.

186.    Monsanto denies the allegations in paragraph 186.

187.    Monsanto denies the allegations in paragraph 187.

188.    Monsanto denies the allegations in paragraph 188.

189.    Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 189.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07322-VC

190.    The allegations in paragraph 190 set forth conclusions of law for which no response is required.

191.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 191 and therefore denies those allegations.

192.    Monsanto denies the allegations in paragraph 192.

193.    Monsanto denies the allegations in paragraph 193.

194.    Monsanto denies the allegations in paragraph 194.

195.    Monsanto denies the allegations in paragraph 195.

196.    Monsanto denies the allegations in paragraph 196.

197.    Monsanto incorporates by reference its responses to paragraphs 1 through 196 in response to paragraph 197 of plaintiff's Complaint.

198.    Monsanto denies the allegations in paragraph 198.

199.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 199 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 199 set forth conclusions of law for which no response is required.

200.    The allegations in paragraph 200 set forth conclusions of law for which no response is required.

201.    Monsanto denies the allegations in paragraph 201.

202.    The allegation in paragraph 202 regarding a purported implied warranty sets forth a conclusion of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 202 and therefore denies those allegations.

203.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 203 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies the allegations in paragraph 203.

204.    Monsanto denies the allegations in paragraph 204.

1        205.    Monsanto denies the allegations in paragraph 205.

2        206.    Monsanto denies the allegations in paragraph 206.

3        207.    Monsanto incorporates by reference its responses to paragraphs 1 through 206 in

4 response to paragraph 207 of plaintiff's Complaint.

5        208.    Monsanto denies the allegations in paragraph 208.  Additionally, the allegations

6 in the last sentence in paragraph 208 set forth conclusions of law for which no response is

7 required.

8        209.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9 truth of the allegations in paragraph 209 concerning the plaintiff's claimed use of Roundup®-

10 branded products and therefore denies those allegations.  The remaining allegations in paragraph

11 209 set forth conclusions of law for which no response is required.

12        210.    The allegations in the first sentence of paragraph 210 set forth conclusions of law

13 for which no response is required.  Monsanto denies the remaining allegations in paragraph 210,

14 including that Roundup®-branded products are "dangerous products."

15        211.    Monsanto denies the allegations in paragraph 211.

16        212.    Monsanto denies the allegations in paragraph 212.

17        213.    Monsanto denies the allegations in paragraph 213.

18        214.    Monsanto denies the allegations in paragraph 214.

19        215.    Monsanto denies the allegations in paragraph 215.

20        216.    Monsanto denies the allegations in paragraph 216.

21        217.    Monsanto denies the allegations in paragraph 217.

22        218.    Monsanto denies the allegations in paragraph 218.

23     In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

24 denies that plaintiff is entitled to the relief sought therein, including any judgment for any

25 damages, interest, costs, or any other relief whatsoever.

26     Every allegation in the Complaint that is not specifically and expressly admitted in this

27 Answer is hereby specifically and expressly denied.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07322-VC

## SEPARATE AND AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.      Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the North Carolina Constitution, and/or other applicable state constitutions.

18.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under North

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07322-VC

1    Carolina law, and/or other applicable state laws.

2         19.    Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited

3    by operation of state and/or federal law, including N. C. Gen. Stat. §§ 1D-15, 1D-25.

4         20.    Monsanto made no warranties of any kind or any representations of any nature

5    whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies,

6    then plaintiff failed to give notice of any breach thereof.

7         21.    Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/

8    comparative negligence.

9         22.    Plaintiff's claims are barred in whole or in part by plaintiff's own failure to

10   mitigate damages.

11        23.    Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

12        24.    Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff

13   received from collateral sources.

14        25.    If plaintiff has been injured or damaged, no injuries or damages being admitted,

15   such injuries were not caused by a Monsanto product.

16        26.    Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims

17   that are governed by the laws of a state that does not recognize, or limits, such claims.

18        27.    Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws

19   of states that do not govern plaintiff's claims.

20        28.    Plaintiff's strict liability claims are barred in whole or in part, by the N.C. Gen.

21   Stat. § 99B-1.1.

22        29.    Plaintiff has failed to allege fraud with sufficient particularity.

23        30.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

24   may become available or apparent during the course of discovery and thus reserves its right to

25   amend this Answer to assert such defenses.

26        **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

27   plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

28   other relief as the Court deems equitable and just.

1

## JURY TRIAL DEMAND

2      Monsanto demands a jury trial on all issues so triable.

3

4   DATED:  November 11, 2020                    Respectfully submitted,

5

6                                               /s/ Joe G. Hollingsworth
                                                Joe G. Hollingsworth (*pro hac vice*)
7                                               (jhollingsworth@hollingsworthllp.com)
                                                Eric G. Lasker (*pro hac vice*)
8                                               (elasker@hollingsworthllp.com)
                                                HOLLINGSWORTH LLP
9                                               1350 I Street, N.W.
                                                Washington, DC  20005
10                                              Telephone:  (202) 898-5800
                                                Facsimile:   (202) 682-1639
11
                                                *Attorneys for Defendant*
12                                              *MONSANTO COMPANY*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07322-VC