**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel:    202-847-4030
Fax:    202-847-4005

**ARNOLD & PORTER KAYE SCHOLER**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
601 Massachusetts Ave NW
Washington, DC 20001
Tel:    202-942-6915
Fax:    202-942-5999

*Attorneys for Defendant*
MONSANTO COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC |
| *Gebeyehou v. Monsanto Co., et al.,* <br> 3:16-cv-5813-VC | **MONSANTO COMPANY'S RESPONSE TO PRETRIAL ORDER 220** |

## INTRODUCTION

The answers to this Court's questions regarding Monsanto's motion for summary judgment on Plaintiff Gebeyehou's claims, *see* PTO 220, MDL Dkt. No. 12005, provide further reason to grant the motion. As to the Court's first two questions, there have been no new cases decided since the February 2019 summary judgment hearing that would warrant excusing Mr. Gebeyehou's untimely filed complaint. And as to the Court's third question, California law is clear that negligence by Mr. Gebeyehou or his attorney does not excuse the failure to timely file. Under California law, Mr. Gebeyehou's claims are time barred and this Court should therefore grant summary judgment.

## ARGUMENT

**I.    No Cases Have Been Decided Under California Law Since February 2019 Supporting the Conclusion That Mr. Gebeyehou's Claims Are Not Time Barred.**

**A.    The clock began running for Mr. Gebeyehou's claims when he discovered his alleged injuries.**

Monsanto has not identified any cases decided under California law since (or before) February 13, 2019, that "support a conclusion that the clock did not begin running on Gebeyehou's claim more than two years before he filed suit." PTO 220, MDL Dkt. No. 12005. As Monsanto explained in its original papers addressing this issue, California applies the "discovery rule" in determining when a cause of action accrues (and thus when the statute of limitations begins to run). *See* Def.'s Mot. Summ. J. at 23–24, MDL Dkt. No. 2419; Def.'s Reply at 13–14, MDL Dkt. No. 2634; Def.'s Supp. Reply at 1–3, *Gebeyebou v. Monsanto* Dkt. No. 18. Since February 13, 2019, California cases have confirmed that a cause of action accrues "not when the plaintiff became aware of the specific wrong alleged, but when the plaintiff suspected or should have suspected that an injury was caused by wrongdoing." *Yetter v. Ford Motor Company*, 428 F. Supp. 3d 210, 223 (N.D. Cal. 2019); *see also Brewer v. Remington*, 259 Cal. Rptr. 3d 510, 521 (Cal. Ct. App. 2020) (discussing the "general rule that suspicion of wrongdoing may activate the statute of limitations, even if one is unaware of the exact legal cause of action available"); *MGA Entm't, Inc. v. Mattel, Inc.*, 254 Cal. Rptr. 3d 314, 319 (Cal. Ct. App. 2019), *review denied* (Feb. 11, 2020) (discussing application of the discovery rule to

§ 3426.6 of the California Civil Code); *Lincoln Unified Sch. Dist. v. Superior Court*, 259 Cal. Rptr. 3d 453, 460, 461 n.3 (Cal. Ct. App. 2020) (Cal. Gov't Code § 911.2); *Nguyen v. Nissan N. Am., Inc.*, No. 16-CV-05591-LHK, 2020 WL 5517261, at *8 (N.D. Cal. Sept. 13, 2020) (Cal. Civ. Code § 1783); *Apple Inc. v. Allan & Assocs. Ltd.*, 445 F. Supp. 3d 42, 59 (N.D. Cal. 2020) (Cal. Code Civ. Pro. § 337(a)).

Further, case law confirms that the discovery rule applies to claims governed by either California Code of Civil Procedure § 335.1 (governing personal injury claims) or § 340.8 (governing toxic torts).[1] The application of the "discovery rule" under California law dates back to *Jolly v. Eli Lilly & Co.*, 751 P.2d 923, 927 (Cal. 1988). Even accepting that section 340.8 applies here, as Mr. Gebeyehou has argued, the unbroken refrain of California's courts has been that section 340.8 was specifically intended to codify *Jolly*. *See Lopez v. Sony Elecs., Inc.*, 420 P.3d 767, 770–71 (Cal. 2018); *Rosas v. BASF Corp.*, 187 Cal. Rptr. 3d 354, 362 (Cal. Ct. App. 2015); *Nelson v. Indevus Pharm., Inc.*, 48 Cal. Rptr. 3d 668, 673 (Cal. Ct. App. 2006). Accordingly, since the February 2019 hearing, one California trial court granted in a tentative ruling a demurrer to a complaint based on the discovery rule's application under section 340.8.[2] *See Green v. Axiall Corp.*, No. SS027333, 2019 WL 8631905, at *1 (Cal. Super. Sept 18, 2019) ("[A] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.") (quoting *Fox v. Ethicon Endo-Surgery, Inc.*, 27 Cal. Rptr. 3d 661, 668 (Cal. 2005)).

---

[1] Monsanto maintains that section 335.1, and not section 340.8, is the correct statute to deploy here, even if the difference is immaterial to the discovery rule. *See* Def.'s Mot. Summ. J. at 21-25, MDL Dkt. No. 2419.

[2] Monsanto recognizes that this tentative ruling is not citable under the local rules, but includes it based on this Court's directive to identify "any cases" that have been "decided under California law." PTO 220, MDL Dkt. No. 12005.

Here, "[t]here is overwhelming evidence that, more than two years before he filed his lawsuit, Gebeyehou believed (or at least strongly suspected) that Roundup had caused his NHL." PTO 220, MDL Dkt. No. 12005. In fact, at the November 9, 2020 case management conference, Mr. Gebeyehou's counsel confirmed to the Court that he was retained by Mr. Gebeyehou several months before his complaint was filed on October 7, 2016. Based on the overwhelming evidence, Mr. Gebeyehou's causes of action accrued—and the clock began running on the two-year statute of limitations—no later than September 24, 2014, when the undisputed evidence establishes he had "sufficient facts to put a reasonable person on inquiry notice that [his] injury was caused or contributed to by the wrongful act of another." Cal. Civ. Pro. Code § 340.8(a)(3) (West); *see* Def.'s Mot. Summ. J. at 2–3, MDL Dkt. No. 2419 (*citing* Gebeyehou Dep. Tr. at 58:3–59:15 and Ex. 8 thereto) ("I am 95% sure that my cancer is caused by Roundup herbicide . . . [t]here is no question that there is a direct link between Round Up and Non-Hodgkins Lymphoma."); Ex. 1, Gebeyehou Dep. Tr. 54:12–13 (admitting he read, in September 2014, "that Roundup causes cancer"); *id*. at 63:4–8 (admitting he saw posts online, in September 2014, to "Google and [search for] Roundup and cancer"); *id*. at 63:18–65:2 (admitting he conducted Internet research, in September 2014, finding an article entitled "Roundup Chemical Doubles Your Risk of Lymphoma"). But Mr. Gebeyehou did not file his complaint until October 7, 2016, more than two years after he suspected Roundup caused his NHL.

In short, no recent case law undermines the conclusion that Mr. Gebeyehou's causes of action accrued more than two years before his lawsuit was filed.

**B.    The clock should not be stopped during the limitations period for Mr. Gebeyehou's claims.**

Similarly, Monsanto has not identified any cases decided under California law since (or before) February 13, 2019 "that support a conclusion that the clock stopped running at any point." PTO 220, MDL Dkt. No. 12005. Indeed, cases decided since the summary judgment hearing confirm

that the doctrines of equitable tolling and equitable estoppel are inapplicable and do not rescue Mr. Gebeyehou's claims.

*First*, equitable tolling cases decided since the February 2019 hearing only deepen the well of support that the doctrine is unavailing here. *See, e.g.*, *Brome v. California Highway Patrol*, 258 Cal. Rptr. 3d 83, 89–90 (Cal. Ct. App. 2020) (suggesting that equitable tolling is inapposite for a plaintiff's initial complaint); *In re Ford Motor Co. DPS6 Powershift Transmission Products Liability Lit.*, No. ML-18-02814-AB, 2019 WL 6998668, at *4 (C.D. Cal. Sept. 5, 2019) (finding that a "predicate for equitable tolling to apply is that the plaintiff must have relied in some way on [an earlier legal claim with notice to the defendant]," a showing Mr. Gebeyehou cannot make here); *Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 467 P.3d 1033, 1041–42 (Cal. 2020) (same); *see also Koshy v. Barbarosh*, 788 F. App'x 536, 537 (9th Cir. 2019) (finding no authority for applying equitable tolling in circumstances "based on the pendency of an earlier-filed shareholder derivative action *brought by a different named plaintiff*") (emphasis added); *Yetter*, 428 F. Supp. 3d at 223 ("Even if there is fraudulent concealment, the tolling ceases when those facts are, or should have been, discovered by the plaintiff.") (internal citation omitted); Def.'s Supp. Reply at 6–7, *Gebeyebou v. Monsanto* Dkt. No. 18 (collecting equitable tolling and estoppel cases).

*Second*, equitable estoppel cases decided since the February 2019 hearing confirm that doctrine is equally inapplicable. In *Rustico v. Intuitive Surgical, Inc.*, for instance, summary judgment was granted for defendant where plaintiffs "entirely fail[ed] to explain how Defendant's conduct rendered Plaintiffs 'ignorant' of any 'true state of facts,' as required for equitable estoppel to apply." 424 F. Supp. 3d 720, 733 (N.D. Cal. 2019); *see also Johnston v. Covidien, LP*, No. 19-01419-WHA, 2019 WL 2410720, at *5 (N.D. Cal. June 7, 2019) (finding plaintiff's "vague allegations" and "unsupported conclusory statements" insufficient to warrant equitable estoppel). Where, as here, the "record [was] devoid of evidence that Defendant made promises or affirmative representations

concerning the California statute of limitations," *Rustico*, 424 F. Supp. 3d at 733, and "Plaintiffs fail[ed] to show that Defendant intended that Defendant's conduct 'be acted upon' by Plaintiffs," *id.*, equitable estoppel was held inapplicable. *Rustico* further clarified, under California law, that "[t]he doctrine of fraudulent concealment . . . does not come into play, whatever the lengths to which a defendant has gone to conceal the wrongs, if a plaintiff is on notice of a potential claim." *Id.* at 740 (*citing MGA Entm't, Inc.*, 354 Cal. Rptr. 3d 314, 320 (Cal. Ct. App. 2019)). Because Mr. Gebeyehou had sufficient facts to be on inquiry notice for his injuries, *Rustico* makes plain that *even* the most egregious evidence of fraudulent concealment (and to be clear, there is none here) would not salvage his time-barred claims.

      In sum: none of the recent cases decided under California law serve to support any of Mr. Gebeyehou's arguments for stopping the limitations clock after his claims accrued in September 2014. If anything, the most recent additions to the case law underscore why Mr. Gebeyehou's claims should be found time barred as a matter of law.

**II.**    **Under California Law, Attorney Negligence Does Not Toll the Statute of Limitations.**

      Even assuming that Mr. Gebeyehou or his counsel were negligent in failing to file this lawsuit within the two-year limitations period, *see* PTO 220, MDL Dkt. No. 12005, California law does not permit this Court to excuse that negligence.

      *First*, the doctrine of equitable tolling does not apply in situations involving client or attorney negligence. The Supreme Court has repeatedly instructed that "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Holland v. Florida*, 560 U.S. 631, 651–52 (2010) ("[A] garden variety claim of excusable neglect, such as simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.") (internal citations omitted). California law follows that admonition. *See Scharer v. San Luis Rey Equine Hosp., Inc.*, 138 Cal. Rptr. 3d 758, 765 (Cal. Ct. App. 2012) (for equitable tolling to apply, "[a] plaintiff *must pursue a claim in a timely*

*manner* or demonstrate that he or she was prevented from doing so by improper action of the court or the defendants") (emphasis added); *King v. Tilton*, No. 06-7548-SBA, 2007 WL 3343132, at *4 (N.D. Cal. Nov. 8, 2007); *Saint Francis Mem'l Hosp.*, 467 P.3d at 1042 ("[M]istake or neglect alone doesn't excuse a late-filed petition."); *English v. Yates*, No. EDCV-12-278-RGK, 2012 WL 1578428, at *2 (C.D. Cal. March 22, 2012) ("Petitioner's counsel's alleged failure is not a basis for equitable tolling.").

Instead, equitable tolling based on negligence has been granted only where a plaintiff also establishes "extraordinary circumstances." *King*, 2007 WL 3343132, at *4. "[U]nder Supreme Court and Ninth Circuit precedent, attorney negligence and miscalculation of limitations deadlines," by themselves, "do[] *not* constitute extraordinary circumstances." *Id*. (emphasis added) (*citing Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling"); *Miranda v. Castro*, 292 F.3d 1063, 1067 (9th Cir. 2002) (attorney's miscalculation of limitations period did not constitute extraordinary circumstances); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (holding that an attorney's general negligence and miscalculation of the limitations deadline did not constitute extraordinary circumstances that warranted equitable tolling in a non-capital habeas case)); *see also All. for Prot. Of Auburn Cmty. Env't v. Cty. Of Placer*, 154 Cal. Rptr. 3d 653, 657 (Cal. Ct. App. 2013) ("[A] plaintiff's innocent mistake, not caused by the defendant, will not excuse a late filing.") (internal citation omitted). A plaintiff "must pursue a claim in a timely manner or demonstrate that he or she was prevented from doing so by improper action of the court or the defendants;" where a plaintiff "cannot allege such facts," she "may not invoke the doctrine of equitable tolling." *Scharer*, 138 Cal. Rptr. 3d at 765.

As Mr. Gebeyehou's own admissions make plain, he was, at minimum, on inquiry notice no later than September 24, 2014, when he wrote that there is "no question that there is a direct link between Round Up and Non-Hodgkins Lymphoma." Def.'s Mot. Summ. J. at 2–3, MDL Dkt. No.

2419 (*citing* Gebeyehou Dep. Tr. at 58:3–59:15 and Ex. 8 thereto). Moreover, based on Mr. Gebeyehou's counsel's admission to the Court at the November 9, 2020 case management conference that he was retained several months before Mr. Gebeyehou's complaint was filed, we can now infer that Mr. Gebeyehou contemplated filing a lawsuit in advance of the expiration of the two-year statute of limitations. Despite having multiple attempts to do so, Mr. Gebeyehou and his counsel have failed to identify any such "extraordinary circumstances"—beyond garden-variety negligence—justifying their failure to file their suit on time. There is no "basis for equitable tolling" here. *English*, 2012 WL 1578428, at *2.

Some California courts have even gone so far as to say that equitable tolling can never apply to the first complaint a plaintiff files. In *Scharer v. San Luis Rey Equine Hosp., Inc.*, for instance, the court emphasized that, under California law, "equitable tolling is not available in cases where the original complaint is defective." 138 Cal. Rptr. 3d 758, 764 (Cal. Ct. App. 2012). In the "majority of cases in which courts apply the equitable tolling doctrine," the *Scharer* court explained, "the plaintiff possesses several legal remedies, and reasonably and in good faith pursues one designed to lessen the extent of his or her injuries or damage." *Id*. at 765. In these cases, so long as the defendant is not prejudiced, the limitations period—"as to the other available remedies"—is tolled. *Id*. However, where there is a "request for equitable tolling, not based on [a plaintiff's] pursuit of one legal theory over another, but based on . . . a 'defective first action,'" such a request fails as a matter of California law. *Hu v. Silan Containers Corp.*, 83 Cal. Rptr. 2d 333, 339 (Cal. Ct. App. 1999); *see also Hendrix v. Novartis Pharm. Corp.*, 975 F. Supp. 2d 1100, 1114 (C.D. Cal. 2013), *aff'd*, 647 F. App'x 749 (9th Cir. 2016) ("According to a long line of California precedents . . . a plaintiff who wishes to benefit from equitable tolling must have actually relied on the use of some other legal mechanism to vindicate his rights," and citing cases).

*Second*, equitable estoppel is similarly inapposite to cure negligence in failing to file within the limitations period. The doctrine only applies where a plaintiff is "not at fault for failing to discover [the claims] or *had no actual or presumptive knowledge of facts sufficient to put him on inquiry*." *Baker v. Beech Aircraft Corp.*, 114 Cal. Rptr. 171, 175 (Cal. Ct. App. 1974) (emphasis added). Estoppel theories grounded in fraudulent concealment, therefore, will only toll the limitations period for "that period during which the claim is *undiscovered* by plaintiff." *Sanchez v. S. Hoover Hosp'l*, 553 P.2d 1129, 1133-34 (Cal. 1976) (emphasis added). Of course, and as the Court's question intuits, no evidence exists to support the conclusion that Mr. Gebeyehou had not already discovered his injuries in September 2014, more than two years before filing his initial complaint. Finally, and as observed in *Rustico*, a decision in part about equitable estoppel, a plaintiff's attorney "is charged with knowledge of the law in California as far as the statute of limitations is concerned," 424 F. Supp. 3d at 733, undermining any possible argument that counsel's neglect excuses a textbook statute of limitations violation.

In sum, no claim of negligence, on Mr. Gebeyehou's part or his counsel's, can excuse a demonstrably late filing.

## CONCLUSION

For the reasons stated above, as well as in Monsanto's previous briefing and arguments at the February 13, 2019 hearing, the Court should grant Monsanto's motion for summary judgment and dismiss Mr. Gebeyehou's time-barred claims.

| | | |
|---|---|---|
| 1 | DATED: November 17, 2020 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ Brian L. Stekloff_____ |
| 4 | | Brian L. Stekloff (*pro hac vice*)<br>(bstekloff@wilkinsonstekloff.com) |
| 5 | | Rakesh Kilaru (*pro hac vice*)<br>(rkilaru@wilkinsonstekloff.com) |
| 6 | | WILKINSON STEKLOFF LLP<br>2001 M St. NW, 10th Floor |
| 7 | | Washington, DC 20036<br>Tel: 202-847-4030 |
| 8 | | Fax: 202-847-4005 |
| 9 | | William Hoffman (*pro hac vice*)<br>(william.hoffman@arnoldporter.com) |
| 10 | | ARNOLD & PORTER KAYE SCHOLER |
| 11 | | 601 Massachusetts Ave NW<br>Washington, DC 20001 |
| 12 | | Tel:    202-942-6915<br>Fax:    202-942-5999 |
| 13 | | |
| 14 | | *Attorneys for Defendant*<br>MONSANTO COMPANY |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of November, 2020, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Brian L. Stekloff