**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
        elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Lisa Dooley v. Monsanto Co.*,<br>Case No. 3:20-cv-07881-VC | |

### <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's  Complaint and Jury Deamand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 1 and therefore denies those allegations. In response to the allegations in the second sentence of paragraph 1, Monsanto admits that Roundup®-branded products are safe when used in accordance with the products' labeling; that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world; and that Monsanto has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  To the extent that the second

1    sentence of paragraph 1 alleges that Monsanto has labeled glyphosate or Roundup®-branded

2    herbicides in any manner different or in addition to such regulatory approval, Monsanto denies

3    such allegations.  Monsanto denies the remaining allegations in paragraph 1.

4        2.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5    truth of the allegations in paragraph 2 and therefore denies those allegations.

6        3.    In response to the allegations in paragraph 3, Monsanto denies that any exposure

7    to glyphosate-based herbicides or Roundup®-branded products can cause non-Hodgkin's

8    lymphoma (NHL) or other serious illnesses.  Monsanto lacks information or knowledge

9    sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and therefore

10   denies those allegations.

11       4.    In response to the allegations in paragraph 4, Monsanto admits that the World

12   Health Organization's International Agency for Research on Cancer ("IARC") issued a

13   monograph relating to glyphosate in 2015 and that an IARC working group classified glyphosate

14   under Group 2A, but denies that the IARC Monograph is the authoritative standard for cancer

15   hazard assessment around the world or that IARC based its evaluation on a complete or accurate

16   assessment of the scientific research regarding glyphosate.  Monsanto further denies that the

17   members of the panel were "renowned scientists" or that they were free from conflicts of

18   interest.  In response to the allegations in the final sentence of paragraph 4, Monsanto admits that

19   the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it

20   was required to add glyphosate to California's Proposition 65 list of chemicals in a process that

21   OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the

22   weight or quality of the evidence considered by IARC.  Monsanto further states that this decision

23   was not based upon any independent scientific analysis of glyphosate but instead was in response

24   to a provision of a California ballot proposition triggering such action based solely upon the

25   IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon

26   its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07881-VC

1   pose a cancer hazard to humans."[1]  Monsanto contends that OEHHA's decision that it was

2   required to list glyphosate violates the United States Constitution and the California Constitution.

3   On February 26, 2018, a federal district court enjoined California from requiring Proposition 65

4   warning labels for glyphosate as unconstitutional.  The remaining allegations in paragraph 4 set

5   forth conclusions of law for which no response is required.  To the extent that a response is

6   deemed required, Monsanto denies the allegations in paragraph 4.

7           5.      Monsanto admits the allegations in paragraph 5

8           6.      In response to the allegations in the first sentence of paragraph 6, Monsanto

9   admits that glyphosate, the active ingredient in Roundup®-branded herbicides, is a non-selective

10  herbicide and that certain Roundup®-branded herbicides are used to kill weeds that commonly

11  compete with growing crops.  Monsanto lacks information or knowledge sufficient to form a

12  belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of

13  paragraph 6 and therefore denies those allegations.

14          7.      In response to the allegations in the first sentence of paragraph 7, Monsanto

15  admits that it has stated that Roundup®-branded products are safe when used in accordance with

16  the products' labeling.  Monsanto denies that any exposure to glyphosate-based herbicides or

17  Roundup®-branded products can cause cancer or other serious illnesses.  Monsanto denies the

18  remaining allegations in paragraph 7.

19          8.      Monsanto lacks information or knowledge sufficient to form a belief as to the

20  truth of the allegations of paragraph 8 and therefore denies those allegations.

21          9.      The allegations in paragraph 9 comprise attorney characterizations and are

22  accordingly denied.

23          10.     In response to the allegations in the first sentence of paragraph 10, Monsanto

24  admits that it is a Delaware corporation with its headquarters and principal place of business in

25  St. Louis County, Missouri. In response to the second sentence of paragraph 10, Monsanto

26

27  [1] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),
    https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907.pdf.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07881-VC

1    admits that it is authorized to do business in Pennsylvania.

2        11.    Monsanto admits that it was the entity that discovered the herbicidal properties of

3    glyphosate and that Monsanto has manufactured Roundup®-branded products that have

4    glyphosate as the active ingredient, but notes that Monsanto has not been the only manufacturer

5    of glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a

6    belief as to the truth of the remaining allegations in the final sentence of paragraph 11 and

7    therefore denies those allegations.

8        12.    Monsanto denies the allegations in paragraph 12.

9        13.    The allegations of paragraph 13 are vague and conclusory and comprise attorney

10   characterizations, and are accordingly denied.

11       14.    The allegations in paragraph 14 set forth conclusions of law for which no

12   response is required.  To the extent that a response is deemed required, Monsanto admits the

13   allegations in paragraph 14 based upon the allegations in plaintiff's Complaint.

14       15.    The allegations in paragraph 15 set forth conclusions of law for which no

15   response is required.

16       16.    The allegations in paragraph 16 set forth conclusions of law for which no

17   response is required.

18       17.    Monsanto denies the allegations in paragraph 17.

19       18.    In response to the allegations in paragraph 18, Monsanto denies any "omissions"

20   and certain events giving rise to plaintiff's claims.  Monsanto lacks information or knowledge

21   sufficient to form a belief as to the truth of the allegations regarding where certain other events

22   giving rise to plaintiff's claims occurred and therefore denies those allegations.  The remaining

23   allegations in paragraph 18 set forth conclusions of law for which no response is required.

24       19.    In response to the allegations in paragraph 19, Monsanto admits that glyphosate is

25   an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

26   paragraph 19 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

27   to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies

28   those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07881-VC

1      20.     Monsanto admits the allegations in the first sentence of paragraph 20.  Monsanto

2   denies the allegations in the second sentence of paragraph 20 because the impact of glyphosate

3   on treated plants varies depending upon the amount of glyphosate applied and the type of plant.

4   Monsanto denies the allegations in the third sentence of paragraph 20 to the extent that they

5   suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well

6   within regulatory safety levels, as determined by the United States Environmental Protection

7   Agency ("EPA").

8      21.     Monsanto admits the allegations in paragraph 21.

9      22.     In response to the allegations in paragraph 22, Monsanto admits that farmers have

10  safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining

11  allegations in paragraph 22.

12     23.     The allegations in the first and second sentences of paragraph 23 set forth

13  conclusions of law for which no response is required.  To the extent that a response is deemed

14  required, Monsanto admits those allegations.  In response to the remaining allegations in

15  paragraph 23, Monsanto admits that EPA requires registrants of herbicides to submit extensive

16  data in support of the human health and environmental safety of their products and further admits

17  that EPA will not register or approve the labeling of herbicides that do not satisfy the

18  requirements set forth in FIFRA.  The remaining allegations in paragraph 23 set forth

19  conclusions of law for which no response is required.

20     24.     The allegations in paragraph 24 set forth conclusions of law for which no

21  response is required.

22     25.     In response to the allegations in paragraph 25, Monsanto admits that EPA requires

23  registrants of herbicides to submit extensive data in support of the human health and

24  environmental safety of their products and further admits that EPA will not register or approve

25  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

26  states that the term "the product tests" in the final sentence of paragraph 25 is vague and

27  ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 25

28  set forth conclusions of law for which no response is required.

26.     Monsanto denies the allegations in paragraph 26 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 26 set forth conclusions of law for which no response is required.

27.     In response to the allegations in paragraph 27, Monsanto admits that EPA has undertaken a review of glyphosate and that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[2]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[3]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[4] Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and therefore denies these allegations.

[2] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[3] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[4] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

28.     In response to the allegations in paragraph 28, Monsanto admits that EPA posted the EPA CARC Final Report on EPA's website in late April 2016 and took the report off the website in early May 2016.  Monsanto further states that, in September 2016, EPA posted the EPA CARC Final Report that endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore denies those allegations.

29.     In response to the allegations in paragraph 29, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC final Report, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate."

*Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05–56:20.

Monsanto denies the remaining allegations in paragraph 29.

30.     In response to the allegations in paragraph 30, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 30 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

31.     In response to the allegations in paragraph 31, Monsanto admits that Industrial Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

32.     Monsanto denies the allegations in paragraph 32 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 32 are

1    intended to suggest that Monsanto was anything other than a victim of this fraud, such

2    allegations also are denied. In response to the allegations in the last sentence of paragraph 32,

3    Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto

4    denies that any of the individuals were convicted based upon studies conducted on glyphosate or

5    glyphosate-based herbicides.

6           33.     In response to the allegations in paragraph 33, Monsanto admits that it – along

7    with numerous other private companies – hired Craven Laboratories as an independent

8    laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto admits that

9    it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies

10   conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in

11   paragraph 33 are intended to suggest that Monsanto was anything other than a victim of this

12   fraud, such allegations are denied.

13          34.     In response to the allegations in paragraph 34, Monsanto admits that Roundup®-

14   branded products are highly valued by customers because of their efficacy and safety.  Monsanto

15   also admits that the patent for glyphosate expired in the United States in 2000.  The remaining

16   allegations in paragraph 34 are vague and conclusory and comprise attorney characterizations,

17   and are accordingly denied.

18          35.     In response to the allegations in paragraph 35, Monsanto admits that, following

19   the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such

20   seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks

21   information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

22   cited in paragraph 35 and accordingly denies those allegations.  The remaining allegations in

23   paragraph 35 are vague and conclusory and comprise attorney characterizations, and are

24   accordingly denied.

25          36.     In response to the allegations in paragraph 36, Monsanto admits that glyphosate is

26   one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

27   is the only company that has sold glyphosate or glyphosate-based herbicides.  Monsanto lacks

28   information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

cited in paragraph 36 and accordingly denies the same.  The remaining allegations in paragraph 36 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

37.     In response to the allegations in paragraph 37, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 37 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

38.     In response to the allegations in paragraph 38, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 38 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

39.     Monsanto denies the allegations in paragraph 39.

40.     In response to the allegations in paragraph 40, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 40.

41.     Monsanto admits that IARC was created in 1965.  The remaining allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

42.     Monsanto denies the allegations in the first and second sentences of paragraph 42. Monsanto admits the allegations in the final sentence of paragraph 42.

43.     In response to the allegations in paragraph 43, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07881-VC

1    or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in

2    paragraph 43, which are not limited as of any specified date, and accordingly denies the same.

3        44.    In response to the allegations in paragraph 44, Monsanto admits that IARC sets

4    forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

5    Monsanto denies the remaining allegations in paragraph 44.

6        45.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

7    research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies

8    that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to

9    form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies

10   those allegations.

11       46.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

12   research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies

13   that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to

14   form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies

15   those allegations.

16       47.    Monsanto denies the allegations in paragraph 47 to the extent that they suggest

17   that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified

18   glyphosate as a Group 2A agent in March 2015.

19       48.    In response to the allegations in paragraph 48, Monsanto admits that IARC issued

20   its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the

21   monograph was prepared by a "working group" of individuals selected by IARC who met over a

22   one week period in March 2015 to consider glyphosate along with a number of other substances.

23   Monsanto denies the allegation that all members of the working group are "experts."

24       49.    In response to the allegations in paragraph 49, Monsanto denies that the working

25   group or anyone at IARC conducted a one-year review of the scientific evidence related to

26   glyphosate or that the working group's findings reflected a comprehensive review of the latest

27   available scientific evidence.  Monsanto also denies that the working group considered all

28   information available in the scientific literature and all data from government reports that are

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07881-VC

1   publicly available.  Monsanto denies the remaining allegations in paragraph 49.

2       50.     In response to the allegations in paragraph 50, Monsanto denies that the IARC

3   working group considered all of the data in the numerous studies that have been conducted

4   looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

5   that it reliably considered the studies that it purports to have reviewed, which frequently reach

6   conclusions directly contrary to those espoused by the IARC working group.  To the extent the

7   allegations purport to characterize statements made in the IARC monograph for glyphosate, the

8   statements in that document speak for themselves, but Monsanto lacks information or knowledge

9   sufficient to form a belief as to the accuracy of the source of said information and accordingly

10  denies the allegations.

11      51.     The allegations in paragraph 51 are vague and conclusory.  To the extent they

12  purport to characterize statements made in the IARC monograph for glyphosate, the statements

13  in that document speak for themselves, but Monsanto lacks information or knowledge sufficient

14  to form a belief as to the accuracy of the source of said information and accordingly denies the

15  allegations.

16      52.     In response to the allegations in paragraph 52, to the extent the allegations purport

17  to characterize statements made in the IARC monograph for glyphosate, the statements in that

18  document speak for themselves, but to the extent that this paragraph means that more than *de*

19  *minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 52.

20      53.     In response to the allegations in paragraph 53, Monsanto admits that the IARC

21  working group identified a number of case control studies of populations with exposures to

22  glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

23  health concern from such exposures.

24      54.     In response to the allegations in paragraph 54, Monsanto denies that the IARC

25  working group considered all of the data in the numerous studies that have been conducted

26  looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

27  that it reliably considered the studies that it purports to have reviewed, which frequently reach

28  conclusions directly contrary to those espoused by the IARC working group.  To the extent that

- 12 -
MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07881-VC

1   the allegations in paragraph 54 purport to characterize statements made in the IARC monograph

2   for glyphosate, the statements in that document speak for themselves.

3       55.     In response to the allegations in paragraph 55, Monsanto admits that the IARC

4   working group identified a number of case control studies of populations with exposures to

5   glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

6   health concern from such exposures.  Monsanto denies the remaining allegations in paragraph

7   55.  The IARC working group concluded that there was only limited evidence of carcinogenicity

8   in epidemiologic studies, which, per IARC's guidelines, means that the working group could not

9   rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

10       56.     In response to the allegations in paragraph 56, Monsanto admits that the IARC

11  working group purported to make these findings, but denies that the animal carcinogenicity

12  studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

13  of the identified tumors.  Monsanto further states that regulatory agencies around the world have

14  reviewed the same animal studies and concluded that they do not provide evidence that

15  glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 56.

16       57.     In response to the allegations in paragraph 57, Monsanto admits that the working

17  group cited to a study that it concluded provided evidence of chromosomal damage in

18  community residents reported to be exposed to glyphosate, but Monsanto denies that the study

19  supports such a conclusion or that the authors of the study reached such a conclusion.

20       58.     In response to the allegations in the first sentence of paragraph 58, Monsanto

21  admits that certain studies have reported that glyphosate and glyphosate-based formulations

22  induced oxidative stress under artificial experimental conditions.  Monsanto denies that these

23  studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce

24  oxidative stress in humans or animals under real-world exposure conditions.  In response to the

25  allegations in the second sentence of paragraph 58, Monsanto states that the cited document

26  speaks for itself and does not require a response.  In response to the allegations in the final

27  sentence of paragraph 58 and in footnote 1, Monsanto denies that any exposure to glyphosate-

28

- 13 -

1    based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.

2    Monsanto denies the remaining allegations in paragraph 58.

3          59.      In response to the allegations in paragraph 59, Monsanto admits that the IARC

4    working group purported to make these findings, but denies that the cited studies provide any

5    reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or

6    persist in human blood or urine.

7          60.      In response to the allegations in paragraph 60, Monsanto admits that the working

8    group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but

9    denies that the working group characterized that study as supporting an association between

10   glyphosate and the specified cancers.  The AHS cohort study did not find a positive association

11   between glyphosate and any type of cancer.  Monsanto denies all other allegations in the

12   unnumbered paragraph following paragraph 60.

13         61.      In response to the allegations in paragraph 61, Monsanto admits that the

14   referenced studies were published, but denies that the studies show any scientifically reliable

15   findings.

16         62.      In response to the allegations in paragraph 62, Monsanto denies that the cited

17   study provides any reliable basis for a finding that any meaningful levels of glyphosate are

18   present or persist in human urine.  Monsanto denies the remaining allegations in paragraph 62.

19         63.      In response to the allegations in paragraph 63, Monsanto denies that any exposure

20   to Roundup®-branded products can cause cancer and other serious illnesses and therefore denies

21   the allegations in the first and fourth sentences of paragraph 63.  Monsanto admits that certain

22   Roundup®-branded herbicides contain adjuvants and that EPA has classified such adjuvants as

23   inert.  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded

24   herbicides do not pose an unreasonable risk to human health.  The remaining allegations in

25   paragraph 63 are vague and conclusory and comprise attorney characterizations, and are

26   accordingly denied.

27         64.      In response to the allegations in paragraph 64, Monsanto admits that the IARC

28   working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07881-VC

discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 65.

66.     In response to the allegations in paragraph 66, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 66.

67.     Monsanto admits that, in France, the sale to and use by amateurs (*i.e.*, non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions.  Monsanto denies the remaining allegations in paragraph 67.

68.     In response to the allegations in paragraph 68, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same.  Monsanto denies the remaining allegations in paragraph 68.

69.     In response to the allegations in paragraph 69, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 69.

70.     In response to the allegations in paragraph 70, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns.  As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto denies the remaining allegations in paragraph 70.

71.     In response to the allegations in paragraph 71, Monsanto admits that 71 individuals signed a letter sent by Dr. Christopher Portier to the EU Health Commissioner (hereinafter "the Portier letter").  Monsanto states that Dr. Portier has been disclosed as an expert witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto. Monsanto denies that Dr. Portier or the other signatories to his letter are "prominent experts," and Monsanto lacks information or knowledge sufficient to form a belief as to whether the other signatories were aware, before they signed the Portier letter, that Dr. Portier was working as a retained expert for plaintiffs' counsel.  Monsanto otherwise admits that this letter urged the EU Health Commissioner to disregard the conclusion that glyphosate is not carcinogenic found by EFSA and by the BfR.

72.     In response to the allegations in paragraph 72, Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 72 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 72.

73.     Monsanto admits that, in June 2016, the European Union continued to consider the reregistration of glyphosate.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.  Monsanto further notes that, in March 2017, the European Chemical Agency ("ECHA") announced that its Committee for Risk Assessment concluded that the available scientific evidence did not meet the criteria to

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07881-VC

1   classify glyphosate as a carcinogen.  *See* ECHA, *Glyphosate not classified as a carcinogen by*

2   *ECHA*, https://echa.europa.eu/-/glyphosate-not-classified-as-a-carcinogen-by-echa.  Monsanto

3   denies the remaining allegations in paragraph 73.

4         74.     Monsanto lacks information or knowledge sufficient to form a belief as to the

5   truth of the allegations in paragraph 74 and therefore denies those allegations.

6         75.     Monsanto lacks information or knowledge sufficient to form a belief as to the

7   truth of the allegations in paragraph 75 and therefore denies those allegations.

8         76.     Monsanto denies that any exposure to Roundup®-branded products can cause

9   NHL, and other serious illnesses and therefore denies the allegations in paragraph 76.  Monsanto

10  states, however, that the scientific studies upon which IARC purported to base its evaluation of

11  glyphosate were all publicly available before March 2015.

12        77.     In response to the allegations in subpart (a) of paragraph 77, Monsanto admits that

13  Roundup® branded products are safe for use in accordance with the labeling; that the scientific

14  evidence does not support any causal link between Roundup® branded products and "blood born

15  cancers" or NHL; and that Monsanto has made statements to that effect in accordance with EPA

16  regulation under FIFRA.  Monsanto denies the remaining allegations in paragraph 77, including

17  its subparts.

18        78.     In response to the allegations in paragraph 78, Monsanto admits that it has made

19  statements with respect to the safety of Roundup in accordance with EPA regulation under

20  FIFRA.  Monsanto states that the first sentence in paragraph 78 sets forth conclusions of law for

21  which no response is required.  Monsanto lacks information or knowledge sufficient to form a

22  belief as to the truth of the remaining allegations in paragraph 78 and therefore denies the

23  remaining allegations in paragraph 78.

24        79.     In response to the allegations in the first sentence of paragraph 79, Monsanto

25  denies that there is any risk of NHL or other serious illness associated with the use of and/or

26  exposure to Roundup® and glyphosate.  Monsanto states, however, that the scientific studies

27  upon which IARC purported to base its classification for glyphosate were all publicly available

28  before March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to

1   the truth of the remaining allegations in the first sentence of paragraph 79 and therefore denies

2   those allegations.  The final sentence of paragraph 79 sets forth conclusions of law for which no

3   response is required.

4          80.     The first sentence of paragraph 80 sets forth conclusions of law for which no

5   response is required.  Monsanto denies the allegations in the second sentence of paragraph 80.

6          81.     Monsanto denies the allegations in paragraph 81.

7          82.     Monsanto incorporates by reference its responses to paragraphs 1 through 81 in

8   response to paragraph 82 of plaintiff's Complaint.

9          83.     In response to the allegations in paragraph 83, Monsanto denies that it violated the

10   laws of Pennsylvania or federal law and states that it complied with all applicable law regarding

11   Roundup®-branded products.  The remaining allegations in paragraph 83 set forth conclusions of

12   law for which no response is required.  To the extent that a response is deemed required,

13   Monsanto denies all such allegations.

14          84.     The allegations in paragraph 84 set forth conclusions of law for which no

15   response is required.

16          85.     Monsanto denies the allegations in the first sentence of paragraph 85.  The second

17   sentence of paragraph 85 sets forth a conclusion of law for which no response is required.

18          86.     Monsanto incorporates by reference its responses to paragraphs 1 through 85 in

19   response to paragraph 86 of plaintiff's Complaint.

20          87.     In response to the allegations in paragraph 87, Monsanto admits that plaintiff

21   purports to bring a claim for strict liability design defect, but denies any liability as to that claim.

22          88.     Monsanto denies the allegations in the first and second sentences of paragraph 88.

23   In response to the last sentence of paragraph 88, Monsanto lacks information or knowledge

24   sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to

25   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

26   remaining allegations in paragraph 88.

27          89.     Monsanto denies the allegations in paragraph 89.

28          90.     Monsanto lacks information or knowledge sufficient to form a belief as to the

1   truth of the allegations in paragraph 90 and therefore denies those allegations.

2        91.    Monsanto denies the allegations in paragraph 91.

3        92.    Monsanto denies the allegations in paragraph 92.

4        93.    Monsanto denies the allegations in paragraph 93.

5        94.    Monsanto denies the allegations in paragraph 94, including its subparts.

6        95.    Monsanto denies the allegations in paragraph 95.

7        96.    Monsanto denies the allegations in paragraph 96.

8        97.    Monsanto denies the allegations in paragraph 97.

9        98.    Monsanto denies the allegations in paragraph 98.

10       99.    Monsanto denies the allegations in paragraph 99.

11       100.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 100 concerning plaintiff's claimed exposure to Roundup®-

13  branded products and therefore denies those allegations.  Monsanto denies the remaining

14  allegations in paragraph 100, including that Roundup® branded products have "dangerous

15  characteristics."

16       101.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17  truth of the allegations in paragraph 101 concerning plaintiff's claimed exposure to Roundup®-

18  branded products and therefore denies those allegations.  Monsanto denies the remaining

19  allegations in paragraph 101, including that Roundup®-branded products have "dangerous

20  characteristics."

21       102.    Monsanto denies the allegations in paragraph 102.

22       103.    Monsanto denies the allegations in paragraph 103.

23       104.    Monsanto denies the allegations in paragraph 104.

24       105.    Monsanto denies the allegations in paragraph 105.

25       106.    Monsanto denies the allegations in paragraph 106.

26       107.    Monsanto denies the allegations in paragraph 107.

27       108.    Monsanto denies the allegations in paragraph 108.

28       109.    Monsanto denies the allegations in paragraph 109.

1     110.    Monsanto denies the allegations in paragraph 110.

2     111.    Monsanto denies the allegations in paragraph 111.

3          In response to the "WHEREFORE" paragraph following paragraph 111, Monsanto

4   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

5   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

6   fees as allowed by law and such further and additional relief as this Court may deem just and

7   proper.

8     112.    Monsanto incorporates by reference its responses to paragraphs 1 through 111 in

9   response to paragraph 112 of plaintiff's Complaint.

10    113.    In response to the allegations in paragraph 113, Monsanto admits that plaintiff

11   purports to bring a claim for strict liability failure to warn, but denies any liability as to that

12   claim.

13    114.    Monsanto denies the allegations in paragraph 114.

14    115.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations in paragraph 115 that plaintiff purchased Roundup®-branded products and

16   therefore denies those allegations.  The allegations in paragraph 115 also set forth conclusions of

17   law for which no response is required.  Monsanto denies the remaining allegations in paragraph

18   115.

19    116.    The allegations in paragraph 116 set forth conclusions of law for which no

20   response is required.

21    117.    Monsanto denies the allegations in paragraph 117.  All labeling of Roundup®-

22   branded products has been and remains EPA-approved and in compliance with all federal

23   requirements under FIFRA.

24    118.    Monsanto denies the allegations in paragraph 118.

25    119.    Monsanto denies the allegations in paragraph 119.

26    120.    Monsanto denies the allegations in paragraph 120.

27    121.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28          truth of the allegations in paragraph 121 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07881-VC

1    122.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 122 concerning plaintiff's alleged use and exposure to

3    Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

4    remaining allegations in paragraph 122, including that Roundup®-branded products have

5    "dangerous characteristics."

6    123.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 123 concerning plaintiff's alleged use and exposure to

8    Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

9    remaining allegations in paragraph 123, including that Roundup®-branded products have

10   "dangerous characteristics."

11   124.    In response to the allegation in paragraph 124, Monsanto denies that any exposure

12   to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

13   illnesses and denies that there are any defects in those products.  Monsanto lacks information or

14   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

15   124 and therefore denies those allegations.  Monsanto states, however, that the scientific studies

16   upon which IARC purported to base its evaluation of glyphosate were all publicly available

17   before March 2015.

18   125.    Monsanto denies the allegations in paragraph 125.

19   126.    Monsanto denies the allegations in paragraph 126.

20   127.    In response to the allegations in paragraph 127, Monsanto denies that there is any

21   risk of NHL or any other serious illnesses associated with the intended use of and/or exposure to

22   Roundup®-branded products and glyphosate.  The allegations in the second sentence of

23   paragraph 127 set forth conclusions of law for which no response is required.  Monsanto denies

24   the remaining allegations in paragraph 127.  All labeling of Roundup®-branded products has

25   been and remains EPA-approved and in compliance with all applicable laws and regulations

26   128.    Monsanto denies the allegations in paragraph 128.

27   129.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28   truth of the allegations in paragraph 129 concerning plaintiff's alleged use of Roundup®-branded

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07881-VC

1    products and therefore denies those allegations.  Monsanto denies the remaining allegations in

2    paragraph 129.

3         130.    Monsanto denies the allegations in paragraph 130.

4         131.    Monsanto denies the allegations in paragraph 131.  All labeling of Roundup®-

5    branded products has been and remains EPA-approved and in compliance with all federal

6    requirements under FIFRA.

7         132.    Monsanto denies the allegations in paragraph 132.

8         133.    Monsanto denies the allegations in paragraph 133.

9         In response to the "WHEREFORE" paragraph following paragraph 133, Monsanto

10   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

11   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

12   fees as allowed by law and such further and additional relief as this Court may deem just and

13   proper.

14        134.    Monsanto incorporates by reference its responses to paragraphs 1 through 133 in

15   response to paragraph 134 of plaintiff's Complaint.

16        135.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the allegations in paragraph 135 regarding the specific products allegedly used by

18   plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore

19   denies the allegations in paragraph 135.

20        136.    The allegations in paragraph 136 set forth conclusions of law for which no

21   response is required.

22        137.    The allegations in paragraph 137 set forth conclusions of law for which no

23   response is required.

24        138.    Monsanto denies the allegations in paragraph 138.

25        139.    Monsanto denies the allegations in paragraph 139.

26        140.    Monsanto denies the allegations in paragraph 140.  All labeling of Roundup®-

27   branded products has been and remains EPA-approved and in compliance with all federal

28   requirements under FIFRA.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07881-VC

141.     Monsanto denies the allegations in paragraph 141.

142.     Monsanto denies the allegations in the first sentence of paragraph 142.  In response to the allegations in the second sentence of paragraph 142, Monsanto denies that Monsanto's promotional activities were not honest.  The remaining allegations in paragraph 142 set forth conclusions of law for which no response is required.

143.     Monsanto denies the allegations in paragraph 143.

144.     Monsanto denies the allegations in paragraph 144, including each of its subparts.

145.     Monsanto denies the allegations in paragraph 145.

146.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 146 regarding plaintiff's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 146, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

147.     Monsanto denies the allegations in paragraph 147.

148.     Monsanto denies the allegations in paragraph 148.

149.     Monsanto denies the allegations in paragraph 149.

150.     Monsanto denies the allegations in paragraph 150.

In response to the "WHEREFORE" paragraph following paragraph 150, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

151.     Monsanto incorporates by reference its responses to paragraphs 1 through 150 in response to paragraph 151 of plaintiff's Complaint.

152.     Monsanto denies the allegations in paragraph 152.  Additionally, the last sentence in paragraph 152 sets forth a conclusion of law for which no response is required.

153.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 153 regarding plaintiff's claimed use of Roundup®-branded

1  products and therefore denies those allegations.  The remaining allegations in paragraph 153 set

2  forth conclusions of law for which no response is required.

3      154.  Monsanto denies the allegations in paragraph 154.  All labeling of Roundup®-

4  branded products has been and remains EPA-approved and in compliance with all federal

5  requirements under FIFRA.

6      155.  The allegations in paragraph 155 set forth conclusions of law for which no

7  response is required.

8      156.  Monsanto lacks information or knowledge sufficient to form a belief as to the

9  truth of the allegations in paragraph 156 and therefore denies those allegations.

10      157.  Monsanto lacks information or knowledge sufficient to form a belief as to the

11  truth of the allegations in paragraph 157 regarding the claimed use of Roundup®-branded

12  products by plaintiff and others and therefore denies those allegations.  The remaining

13  allegations in paragraph 157 set forth conclusions of law for which no response is required.

14      158.  Monsanto lacks information or knowledge sufficient to form a belief as to the

15  truth of the allegations in paragraph 158 regarding plaintiff's claimed use of or exposure to

16  Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph

17  158 regarding Monsanto's implied warranty sets forth conclusions of law for which no response

18  is required.  Monsanto denies the remaining allegations in paragraph 158.

19      159.  Monsanto lacks information or knowledge sufficient to form a belief as to the

20  truth of the allegations in paragraph 159 regarding plaintiff's claimed use of or exposure to

21  Roundup®-branded products or plaintiff's claimed reliance and therefore denies those

22  allegations.  The allegation in paragraph 159 regarding Monsanto's implied warranty sets forth

23  conclusions of law for which no response is required.

24      160.  Monsanto denies that there is any risk of serious injury associated with or linked

25  to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.

26  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

27  allegations in paragraph 160 regarding plaintiff's knowledge about Roundup®-branded products

28  and therefore denies the remaining allegations in paragraph 160.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07881-VC

1    161.   Monsanto denies the allegations in paragraph 161.

2    162.   Monsanto denies the allegations in paragraph 162.

3    163.   Monsanto denies the allegations in paragraph 163.

4    In response to the "WHEREFORE" paragraph following paragraph 163, Monsanto

5    demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

6    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

7    fees as allowed by law and such further and additional relief as this Court may deem just and

8    proper.

9    164.   Monsanto incorporates by reference its responses to paragraphs 1 through 163 in

10    response to paragraph 164 of plaintiff's Complaint.

11    165.   Monsanto denies the allegations in the first sentence of paragraph 165 to the

12    extent it encompasses all herbicides as vague and ambiguous but Monsanto admits the

13    allegations in this sentence to the extent it refers to glyphosate based herbicides.    Monsanto

14    denies the allegations that Roundup® branded products are defective and unreasonably dangerous

15    to consumers and therefore denies the remaining allegations in paragraph 165.

16    166.   Paragraph 166 and its subparts set forth conclusions of law for which no response

17    is required.

18    167.   In response to the allegations in Paragraph 167, Monsanto admits that it has sold

19    glyphosate based herbicides in accordance with their EPA-approved labeling.  Monsanto further

20    states that paragraph 167 sets forth conclusions of law for which no response is required.

21    Monsanto denies the remaining allegations in paragraph 167.

22    168.   Monsanto denies the allegations in the first and second sentence of paragraph 168.

23    All labeling of Roundup®-branded products has been and remains EPA-approved and in

24    compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

25    of paragraph 168 sets forth conclusions of law for which no response is required.

26    169.   The first sentence of paragraph 169 sets forth conclusions of law for which no

27    response is required.   Monsanto denies the allegations in the final sentence of paragraph 169.

28    170.   Monsanto denies the allegations in paragraph 170.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07881-VC

1        171.    Monsanto denies the allegations in paragraph 171 and each of its subparts.

2        172.    Monsanto states that the allegation in paragraph 172 that Monsanto made an express warranty sets forth a legal conclusion for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 172 and therefore denies those allegations.

        173.    Monsanto denies the allegations in paragraph 173 to the extent that they allege that Monsanto made false or incomplete statements and representations concerning Roundup®. All labeling of Roundup® branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 173 regarding plaintiff's knowledge and therefore denies those allegations.

        174.    Monsanto denies the allegations in paragraph 174.

        In response to the "WHEREFORE" paragraph following paragraph 174, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

        175.    Monsanto incorporates by reference its responses to paragraphs 1 through 174 in response to paragraph 175 of plaintiff's Complaint.

        176.    Monsanto denies the allegations in paragraph 176.

        177.    Monsanto denies the allegations in paragraph 177.

        178.    Monsanto denies the allegations in paragraph 178.

        179.    Monsanto denies the allegations in paragraph 179.

        180.    Monsanto denies the allegations in paragraph 180.

        In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

1        Every allegation in the Complaint that is not specifically and expressly admitted in this

2   Answer is hereby specifically and expressly denied.

3                       **SEPARATE AND AFFIRMATIVE DEFENSES**

4        1.  The Complaint, in whole or part, fails to state a claim or cause of action upon which

5   relief can be granted.

6        2.  Venue is improper and/or inconvenient.

7        3.  Plaintiff's claims are barred for lack of personal jurisdiction.

8        4.  Plaintiff's claims are barred because plaintiffs cannot proffer any scientifically reliable

9   evidence that the products at issue were defective or unreasonably dangerous.

10       5.  Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so

11  insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's

12  alleged injuries.

13       6.  Plaintiff's claims are barred, in whole or in part, because the products at issue were

14  designed, manufactured, marketed and labeled with proper warnings, information, cautions and

15  instructions, in accordance with the state of the art and the state of scientific and technological

16  knowledge.

17       7.  Plaintiff's claims are barred, in whole or in part, because the products at issue were not

18  defective or unreasonably dangerous in that they complied with, at all relevant times, all

19  applicable government safety standards.

20       8.  Any claims based on allegations that Monsanto misled, defrauded, made

21  misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

22  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

23  *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

24       9.  Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating

25  to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and

26  supply of Roundup®-branded products and/or glyphosate-containing products.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07881-VC

10.     Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

14.     Applicable statutes of limitations and/or repose, bar plaintiff's claims in whole or in part.

15.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

16.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

17.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to her by which liability could be attributed to it.

18.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

19.   Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

20.   Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the New Jersey Constitution, the Pennsylvania Constitution, and/or other applicable state constitutions.

21.   Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under New Jersey law, Pennsylvania law, and/or other applicable state laws.

22.   Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

23.   Plaintiff's claims are barred in whole or in part by plaintiff's contributory/comparative negligence.

24.   Plaintiff's claims are barred in whole or in part by plaintiff's failure to mitigate damages.

25.   Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

26.   Plaintiff's recovery, if any, shall be reduced by those payments that plaintiffs receive from collateral sources.

27.   If plaintiffs have been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

28.   Plaintiff's claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

29.   Plaintiff's claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiff's claims.

30.   Plaintiff's common law claims are barred, in whole or part, by application of the New Jersey Products Liability Act, N.J. Stat. Ann. § 2A:58C-1 through 58C-11.

31.   Monsanto hereby preserves any and all defenses under *Tincher v. Omega Flex Inc.,* 104 A.3d 328 (Pa. 2014).

1      32.      Monsanto hereby gives notice that it intends to rely upon such other defenses as

2  may become available or apparent during the course of discovery and thus reserves its right to

3  amend this Answer to assert such defenses.

4      **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

5  plaintiffs, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and

6  such other relief as the Court deems equitable and just.

7                    <u>**JURY TRIAL DEMAND**</u>

8      Monsanto demands a jury trial on all issues so triable.

9  DATED:  November 25, 2020                    Respectfully submitted,

10

11                                        /s/ Joe G. Hollingsworth
                                          Joe G. Hollingsworth (*pro hac vice*)
12                                        (jhollingsworth@hollingsworthllp.com)
                                          Eric G. Lasker (*pro hac vice*)
13                                        (elasker@hollingsworthllp.com)
                                          HOLLINGSWORTH LLP
14                                        1350 I Street, N.W.
                                          Washington, DC  20005
15                                        Telephone:  (202) 898-5800
                                          Facsimile:  (202) 682-1639
16

17                                        *Attorneys for Defendant*
                                          *MONSANTO COMPANY*
18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-07881-VC