**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Sweedney Grace Hernandez v. Monsanto Co.*, Case No. 3:20-cv-08050-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Sweedney Grace Hernandez's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 1 and therefore denies those allegations.  In response to the allegations in the third sentence of paragraph 1, Monsanto admits that Roundup®-branded products are safe when used in accordance with the products' labeling; that glyphosate repeatedly has been found to be safe to humans and the environment by

- 1 -

1  regulators in the United States and around the world; and that Monsanto has labeled glyphosate

2  products as approved by regulatory bodies consistent with those findings.  To the extent that the

3  third sentence of paragraph 1 alleges that Monsanto has labeled glyphosate or Roundup®-

4  branded herbicides in any manner different or in addition to such regulatory approval, Monsanto

5  denies such allegations.  Monsanto denies the remaining allegations in paragraph 1.

6    2. Monsanto lacks information or knowledge sufficient to form a belief as to the

7  truth of the allegations in paragraph 2 and therefore denies those allegations.

8    3. In response to the allegations in paragraph 3, Monsanto denies that any exposure

9  to glyphosate-based herbicides or Roundup®-branded products can cause multiple myeloma or

10  other serious illnesses.  Monsanto lacks information or knowledge sufficient to form a belief as

11  to the truth of the remaining allegations in paragraph 3 and therefore denies those allegations.

12    4. In response to the allegations in paragraph 4, Monsanto admits that the World

13  Health Organization's International Agency for Research on Cancer ("IARC") issued a

14  monograph relating to glyphosate in 2015 and that an IARC working group classified glyphosate

15  under Group 2A, but denies that the IARC Monograph is the authoritative standard for cancer

16  hazard assessment around the world or that IARC based its evaluation on a complete or accurate

17  assessment of the scientific research regarding glyphosate.  Monsanto further denies that the

18  members of the panel were "renowned scientists" or that they were free from conflicts of

19  interest.  In response to the allegations in the final sentence of paragraph 4, Monsanto admits that

20  the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it

21  was required to add glyphosate to California's Proposition 65 list of chemicals in a process that

22  OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the

23  weight or quality of the evidence considered by IARC.  Monsanto further states that this decision

24  was not based upon any independent scientific analysis of glyphosate but instead was in response

25  to a provision of a California ballot proposition triggering such action based solely upon the

26  IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon

27  its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08050-VC

pose a cancer hazard to humans."[1]  Monsanto contends that OEHHA's decision that it was required to list glyphosate violates the United States Constitution and the California Constitution. On February 26, 2018, a federal district court enjoined California from requiring Proposition 65 warning labels for glyphosate as unconstitutional.  The remaining allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 4.

5.      Monsanto admits the allegations in paragraph 5

6.      In response to the allegations in the first sentence of paragraph 6, Monsanto admits that glyphosate, the active ingredient in Roundup®-branded herbicides, is a non-selective herbicide and that certain Roundup®-branded herbicides are used to kill weeds that commonly compete with growing crops.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 6 and therefore denies those allegations.

7.      In response to the allegations in the first sentence of paragraph 7, Monsanto admits that it has stated that Roundup®-branded products are safe when used in accordance with the products' labeling.  Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.  Monsanto denies the remaining allegations in paragraph 7.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied.

10.      In response to the allegations in the first sentence of paragraph 10, Monsanto admits that it is a Delaware corporation with its headquarters and its principal place of business in St. Louis County, Missouri. In response to the second sentence of paragraph 10, Monsanto

---

[1] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007), https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907.pdf.

1    admits that it is authorized to do business in Pennsylvania.

2         11.    Monsanto admits that it was the entity that discovered the herbicidal properties of

3    glyphosate and that Monsanto has manufactured Roundup®-branded products that have

4    glyphosate as the active ingredient, but notes that Monsanto has not been the only manufacturer

5    of glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a

6    belief as to the truth of the remaining allegations in the final sentence of paragraph 11 and

7    therefore denies those allegations.

8         12.    Monsanto denies the allegations in paragraph 12.

9         13.    The allegations of paragraph 13 are vague and conclusory and comprise attorney

10   characterizations, and are accordingly denied.

11        14.    The allegations in paragraph 14 set forth conclusions of law for which no

12   response is required.  To the extent that a response is deemed required, Monsanto admits the

13   allegations in paragraph 14 based upon the allegations in plaintiff's Complaint.

14        15.    The allegations in paragraph 15 set forth conclusions of law for which no

15   response is required.  To the extent that a response may be deemed required, Monsanto denies

16   that Pennsylvania courts or this Court have personal jurisdiction over Monsanto for the claims

17   asserted in this lawsuit.

18        16.    The allegations in paragraph 16 set forth conclusions of law for which no

19   response is required.

20        17.    Monsanto denies the allegations in paragraph 17.

21        18.    In response to the allegations in paragraph 18, Monsanto denies any "omissions"

22   and certain events giving rise to plaintiff's claims.  Monsanto lacks information or knowledge

23   sufficient to form a belief as to the truth of the allegations regarding where certain other events

24   giving rise to plaintiff's claims occurred and therefore denies those allegations.  The remaining

25   allegations in paragraph 18 set forth conclusions of law for which no response is required.

26        19.    In response to the allegations in paragraph 19, Monsanto admits that glyphosate is

27   an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

28   paragraph 19 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08050-VC

1  to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies

2  those allegations.

3       20.    Monsanto admits the allegations in the first sentence of paragraph 20.  Monsanto

4  denies the allegations in the second sentence of paragraph 20 because the impact of glyphosate

5  on treated plants varies depending upon the amount of glyphosate applied and the type of plant.

6  Monsanto denies the allegations in the third sentence of paragraph 20 to the extent that they

7  suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well

8  within regulatory safety levels, as determined by the United States Environmental Protection

9  Agency ("EPA").

10       21.    Monsanto admits the allegations in paragraph 21.

11       22.    In response to the allegations in paragraph 22, Monsanto admits that farmers have

12  safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining

13  allegations in paragraph 22.

14       23.    The allegations in the first and second sentences of paragraph 23 set forth

15  conclusions of law for which no response is required.  To the extent that a response is deemed

16  required, Monsanto admits those allegations.  In response to the remaining allegations in

17  paragraph 23, Monsanto admits that EPA requires registrants of herbicides to submit extensive

18  data in support of the human health and environmental safety of their products and further admits

19  that EPA will not register or approve the labeling of herbicides that do not satisfy the

20  requirements set forth in FIFRA.  The remaining allegations in paragraph 23 set forth

21  conclusions of law for which no response is required.

22       24.    The allegations in paragraph 24 set forth conclusions of law for which no

23  response is required.

24       25.    In response to the allegations in paragraph 25, Monsanto admits that EPA requires

25  registrants of herbicides to submit extensive data in support of the human health and

26  environmental safety of their products and further admits that EPA will not register or approve

27  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

28  states that the term "the product tests" in the final sentence of paragraph 25 is vague and

1    ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 25

2    set forth conclusions of law for which no response is required.

3            26.    Monsanto denies the allegations in paragraph 26 to the extent that they suggest

4    that EPA only evaluates the safety of pesticide products on the date of their initial registration.

5    Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

6    products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

7    of the allegations in paragraph 26 regarding such pesticide products generally and therefore

8    denies those allegations.  The remaining allegations in paragraph 26 set forth conclusions of law

9    for which no response is required.

10           27.    In response to the allegations in paragraph 27, Monsanto admits that EPA has

11   undertaken a review of glyphosate and that EPA has not released its findings.  Monsanto states,

12   however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a

13   227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest

14   support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to

15   human health risk assessment"[2]; and (b) at the same time, EPA posted an October 2015 final

16   report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC

17   endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to

18   Humans."[3]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed,

19   lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion

20   that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[4]

21

22

23   [2] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"),
24   https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on
25   glyphosate's carcinogenic potential.

26   [3] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*
27   *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08050-VC

1    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

2    remaining allegations in paragraph 27 and therefore denies these allegations.

3         28.     In response to the allegations in paragraph 28, Monsanto admits that EPA posted

4    the EPA CARC Final Report on EPA's website in late April 2016 and took the report off the

5    website in early May 2016.  Monsanto further states that, in September 2016, EPA posted the

6    EPA CARC Final Report that endorsed EPA's existing classification of glyphosate as "Not

7    Likely to be Carcinogenic to Humans."  Monsanto lacks information or knowledge sufficient to

8    form a belief as to the truth of the remaining allegations in paragraph 28 and therefore denies

9    those allegations.

10        29.     In response to the allegations in paragraph 29, Monsanto admits that an EPA

11   review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

12   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

13   evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits

14   that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect

15   to the designation of an agent as Group E, but states that EPA repeatedly has concluded that

16   glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two

17   EPA OPP reports and the EPA CARC final Report, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
  evidence of non-carcinogenicity for humans—based on the lack of convincing
  evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
  Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
  http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
  60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
  Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that
  glyphosate is not mutagenic, not a carcinogen, and not a developmental or

---

[4] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of
Carcinogenic Potential* at 143, 144 (Dec. 12, 2017),
https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08050-VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

reproductive toxicant." 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05–56:20.

Monsanto denies the remaining allegations in paragraph 29.

30.      In response to the allegations in paragraph 30, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 30 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

31.      In response to the allegations in paragraph 31, Monsanto admits that Industrial Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

32.      Monsanto denies the allegations in paragraph 32 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08050-VC

1    one of several pesticide manufacturers who had used IBT test results.  The audit found some

2    toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

3    Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

4    Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

5    based upon any invalid IBT studies.  To the extent that the allegations in paragraph 32 are

6    intended to suggest that Monsanto was anything other than a victim of this fraud, such

7    allegations also are denied. In response to the allegations in the last sentence of paragraph 32,

8    Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto

9    denies that any of the individuals were convicted based upon studies conducted on glyphosate or

10   glyphosate-based herbicides.

11         33.     In response to the allegations in paragraph 33, Monsanto admits that it – along

12   with numerous other private companies – hired Craven Laboratories as an independent

13   laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto admits that

14   it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies

15   conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in

16   paragraph 33 are intended to suggest that Monsanto was anything other than a victim of this

17   fraud, such allegations are denied.

18         34.     In response to the allegations in paragraph 34, Monsanto admits that Roundup®-

19   branded products are highly valued by customers because of their efficacy and safety.  Monsanto

20   also admits that the patent for glyphosate expired in the United States in 2000.  The remaining

21   allegations in paragraph 34 are vague and conclusory and comprise attorney characterizations,

22   and are accordingly denied.

23         35.     In response to the allegations in paragraph 35, Monsanto admits that, following

24   the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such

25   seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks

26   information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

27   cited in paragraph 35 and accordingly denies those allegations.  The remaining allegations in

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08050-VC

1  paragraph 35 are vague and conclusory and comprise attorney characterizations, and are

2  accordingly denied.

3       36.     In response to the allegations in paragraph 36, Monsanto admits that glyphosate is

4  one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

5  is the only company that has sold glyphosate or glyphosate-based herbicides.  Monsanto lacks

6  information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

7  cited in paragraph 36 and accordingly denies the same.  The remaining allegations in paragraph

8  36 are vague and conclusory and comprise attorney characterizations, and are accordingly

9  denied.

10       37.     In response to the allegations in paragraph 37, Monsanto admits that the New

11  York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

12  advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

13  admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

14  General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

15  the subparts purport to quote a document, the document speaks for itself and thus does not

16  require any further answer.  The remaining allegations in paragraph 37 are vague and conclusory

17  and comprise attorney characterizations, and are accordingly denied.

18       38.     In response to the allegations in paragraph 38, Monsanto admits it entered into an

19  assurance of discontinuance with the New York Attorney General.  The assurance speaks for

20  itself and thus does not require any further answer.  The remaining allegations in paragraph 38

21  are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

22       39.     Monsanto denies the allegations in paragraph 39.

23       40.     In response to the allegations in paragraph 40, Monsanto admits that the French

24  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

25  that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling

26  was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto

27  denies the remaining allegations in paragraph 40.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08050-VC

41.     Monsanto admits that IARC was created in 1965.  The remaining allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

42.     Monsanto denies the allegations in the first and second sentences of paragraph 42. Monsanto admits the allegations in the final sentence of paragraph 42.

43.     In response to the allegations in paragraph 43, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 43, which are not limited as of any specified date, and accordingly denies the same.

44.     In response to the allegations in paragraph 44, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations. Monsanto denies the remaining allegations in paragraph 44.

45.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies those allegations.

46.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies those allegations.

47.     Monsanto denies the allegations in paragraph 47 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

48.     In response to the allegations in paragraph 48, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a

1   one week period in March 2015 to consider glyphosate along with a number of other substances.

2   Monsanto denies the allegation that all members of the working group are "experts."

3   49.   In response to the allegations in paragraph 49, Monsanto denies that the working

4   group or anyone at IARC conducted a one-year review of the scientific evidence related to

5   glyphosate or that the working group's findings reflected a comprehensive review of the latest

6   available scientific evidence.  Monsanto also denies that the working group considered all

7   information available in the scientific literature and all data from government reports that are

8   publicly available.  Monsanto denies the remaining allegations in paragraph 49.

9   50.   In response to the allegations in paragraph 50, Monsanto denies that the IARC

10   working group considered all of the data in the numerous studies that have been conducted

11   looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

12   that it reliably considered the studies that it purports to have reviewed, which frequently reach

13   conclusions directly contrary to those espoused by the IARC working group.  To the extent the

14   allegations purport to characterize statements made in the IARC monograph for glyphosate, the

15   statements in that document speak for themselves, but Monsanto lacks information or knowledge

16   sufficient to form a belief as to the accuracy of the source of said information and accordingly

17   denies the allegations.

18   51.   The allegations in paragraph 51 are vague and conclusory.  To the extent they

19   purport to characterize statements made in the IARC monograph for glyphosate, the statements

20   in that document speak for themselves, but Monsanto lacks information or knowledge sufficient

21   to form a belief as to the accuracy of the source of said information and accordingly denies the

22   allegations.

23   52.   In response to the allegations in paragraph 52, to the extent the allegations purport

24   to characterize statements made in the IARC monograph for glyphosate, the statements in that

25   document speak for themselves, but to the extent that this paragraph means that more than *de*

26   *minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 52.

27   53.   In response to the allegations in paragraph 53, Monsanto admits that the IARC

28   working group identified a number of case control studies of populations with exposures to

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08050-VC

1    glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

2    health concern from such exposures.

3        54.    In response to the allegations in paragraph 54, Monsanto denies that the IARC

4    working group considered all of the data in the numerous studies that have been conducted

5    looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

6    that it reliably considered the studies that it purports to have reviewed, which frequently reach

7    conclusions directly contrary to those espoused by the IARC working group.  To the extent that

8    the allegations in paragraph 54 purport to characterize statements made in the IARC monograph

9    for glyphosate, the statements in that document speak for themselves.

10       55.    In response to the allegations in paragraph 55, Monsanto admits that the IARC

11   working group identified a number of case control studies of populations with exposures to

12   glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

13   health concern from such exposures.  Monsanto denies the remaining allegations in paragraph

14   55.  The IARC working group concluded that there was only limited evidence of carcinogenicity

15   in epidemiologic studies, which, per IARC's guidelines, means that the working group could not

16   rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

17       56.    In response to the allegations in paragraph 56, Monsanto admits that the IARC

18   working group purported to make these findings, but denies that the animal carcinogenicity

19   studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

20   of the identified tumors.  Monsanto further states that regulatory agencies around the world have

21   reviewed the same animal studies and concluded that they do not provide evidence that

22   glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 56.

23       57.    In response to the allegations in paragraph 57, Monsanto admits that the working

24   group cited to a study that it concluded provided evidence of chromosomal damage in

25   community residents reported to be exposed to glyphosate, but Monsanto denies that the study

26   supports such a conclusion or that the authors of the study reached such a conclusion.

27       58.    In response to the allegations in the first sentence of paragraph 58, Monsanto

28   admits that certain studies have reported that glyphosate and glyphosate-based formulations

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08050-VC

1    induced oxidative stress under artificial experimental conditions.  Monsanto denies that these

2    studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce

3    oxidative stress in humans or animals under real-world exposure conditions.  In response to the

4    allegations in the second sentence of paragraph 58, Monsanto states that the cited document

5    speaks for itself and does not require a response.  In response to the allegations in the final

6    sentence of paragraph 58 and in footnote 1, Monsanto denies that any exposure to glyphosate-

7    based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.

8    Monsanto denies the remaining allegations in paragraph 58.

9           59.     In response to the allegations in paragraph 59, Monsanto admits that the IARC

10   working group purported to make these findings, but denies that the cited studies provide any

11   reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or

12   persist in human blood or urine.

13          60.     In response to the allegations in paragraph 60, Monsanto admits that the working

14   group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but

15   denies that the working group characterized that study as supporting an association between

16   glyphosate and the specified cancers.  The AHS cohort study did not find a positive association

17   between glyphosate and any type of cancer.  Monsanto denies all other allegations in the

18   unnumbered paragraph following paragraph 60.

19          61.     In response to the allegations in paragraph 61, Monsanto admits that the

20   referenced studies were published, but denies that the studies show any scientifically reliable

21   findings.

22          62.     In response to the allegations in paragraph 62, Monsanto denies that the cited

23   study provides any reliable basis for a finding that any meaningful levels of glyphosate are

24   present or persist in human urine.  Monsanto denies the remaining allegations in paragraph 62.

25          63.     In response to the allegations in paragraph 63, Monsanto denies that any exposure

26   to Roundup®-branded products can cause cancer and other serious illnesses and therefore denies

27   the allegations in the first and fourth sentences of paragraph 63.  Monsanto admits that certain

28   Roundup®-branded herbicides contain adjuvants and that EPA has classified such adjuvants as

inert.  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  The remaining allegations in paragraph 63 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

64.     In response to the allegations in paragraph 64, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 65.

66.     In response to the allegations in paragraph 66, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 66.

67.     Monsanto admits that, in France, the sale to and use by amateurs (*i.e.*, non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions.  Monsanto denies the remaining allegations in paragraph 67.

68.     In response to the allegations in paragraph 68, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same.  Monsanto denies the remaining allegations in paragraph 68.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08050-VC

69.     In response to the allegations in paragraph 69, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 69.

70.     In response to the allegations in paragraph 70, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns.  As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto denies the remaining allegations in paragraph 70.

71.     In response to the allegations in paragraph 71, Monsanto admits that 71 individuals signed a letter sent by Dr. Christopher Portier to the EU Health Commissioner (hereinafter "the Portier letter").  Monsanto states that Dr. Portier has been disclosed as an expert witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto. Monsanto denies that Dr. Portier or the other signatories to his letter are "prominent experts," and Monsanto lacks information or knowledge sufficient to form a belief as to whether the other signatories were aware, before they signed the Portier letter, that Dr. Portier was working as a retained expert for plaintiffs' counsel.  Monsanto otherwise admits that this letter urged the EU Health Commissioner to disregard the conclusion that glyphosate is not carcinogenic found by EFSA and by the BfR.

72.     In response to the allegations in paragraph 72, Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 72 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 72.

1      73.     Monsanto admits that, in June 2016, the European Union continued to consider

2  the reregistration of glyphosate.  Monsanto also states that the allegations are out of date and that

3  the European Union has approved glyphosate for another five years.  Monsanto further notes

4  that, in March 2017, the European Chemical Agency ("ECHA") announced that its Committee

5  for Risk Assessment concluded that the available scientific evidence did not meet the criteria to

6  classify glyphosate as a carcinogen.  *See* ECHA, *Glyphosate not classified as a carcinogen by*

7  *ECHA*, https://echa.europa.eu/-/glyphosate-not-classified-as-a-carcinogen-by-echa.  Monsanto

8  denies the remaining allegations in paragraph 73.

9      74.     Monsanto lacks information or knowledge sufficient to form a belief as to the

10  truth of the allegations in paragraph 74 and therefore denies those allegations.

11      75.     Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 75 and therefore denies those allegations.

13      76.     Monsanto denies that any exposure to Roundup®-branded products can cause

14  multiple myeloma and other serious illnesses and therefore denies the allegations in paragraph

15  76.  Monsanto states, however, that the scientific studies upon which IARC purported to base its

16  evaluation of glyphosate were all publicly available before March 2015.

17      77.     In response to the allegations in subpart (a) of paragraph 77, Monsanto admits that

18  Roundup® branded products are safe for use in accordance with the labeling; that the scientific

19  evidence does not support any causal link between Roundup® branded products and "blood born

20  cancers" or NHL; and that Monsanto has made statements to that effect in accordance with EPA

21  regulation under FIFRA.  Monsanto denies the remaining allegations in paragraph 77, including

22  its subparts.

23      78.     In response to the allegations in paragraph 78, Monsanto admits that it has made

24  statements with respect to the safety of Roundup in accordance with EPA regulation under

25  FIFRA.  Monsanto states that the first sentence in paragraph 78 sets forth conclusions of law for

26  which no response is required.  Monsanto lacks information or knowledge sufficient to form a

27  belief as to the truth of the remaining allegations in paragraph 78 and therefore denies the

28  remaining allegations in paragraph 78.

1    79.    In response to the allegations in the first sentence of paragraph 79, Monsanto

2   denies that there is any risk of multiple myeloma or other serious illness associated with the use

3   of and/or exposure to Roundup® and glyphosate.  Monsanto states, however, that the scientific

4   studies upon which IARC purported to base its classification for glyphosate were all publicly

5   available before March 2015.  Monsanto lacks information or knowledge sufficient to form a

6   belief as to the truth of the remaining allegations in the first sentence of paragraph 79 and

7   therefore denies those allegations.  The final sentence of paragraph 79 sets forth conclusions of

8   law for which no response is required.

9    80.    The first sentence of paragraph 80 sets forth conclusions of law for which no

10   response is required.  Monsanto denies the allegations in the second sentence of paragraph 80.

11    81.    Monsanto denies the allegations in paragraph 81.

12    82.    Monsanto incorporates by reference its responses to paragraphs 1 through 81 in

13   response to paragraph 82 of plaintiff's Complaint.

14    83.    In response to the allegations in paragraph 83, Monsanto denies that it violated the

15   laws of Pennsylvania or federal law and states that it complied with all applicable law regarding

16   Roundup®-branded products.  The remaining allegations in paragraph 83 set forth conclusions of

17   law for which no response is required.  To the extent that a response is deemed required,

18   Monsanto denies all such allegations.

19    84.    The allegations in paragraph 84 set forth conclusions of law for which no

20   response is required.

21    85.    Monsanto denies the allegations in the first sentence of paragraph 85.  The second

22   sentence of paragraph 85 sets forth a conclusion of law for which no response is required.

23    86.    Monsanto incorporates by reference its responses to paragraphs 1 through 85 in

24   response to paragraph 86 of plaintiff's Complaint.

25    87.    In response to the allegations in paragraph 87, Monsanto admits that plaintiff

26   purports to bring a claim for strict liability design defect but denies any liability as to that claim.

27    88.    Monsanto denies the allegations in the first and second sentences of paragraph 88.

28   In response to the last sentence of paragraph 88, Monsanto lacks information or knowledge

1   sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to

2   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

3   remaining allegations in paragraph 88.

4         89.     Monsanto denies the allegations in paragraph 89.

5         90.     Monsanto lacks information or knowledge sufficient to form a belief as to the

6   truth of the allegations in paragraph 90 and therefore denies those allegations.

7         91.     Monsanto denies the allegations in paragraph 91.

8         92.     Monsanto denies the allegations in paragraph 92.

9         93.     Monsanto denies the allegations in paragraph 93.

10        94.     Monsanto denies the allegations in paragraph 94, including its subparts.

11        95.     Monsanto denies the allegations in paragraph 95.

12        96.     Monsanto denies the allegations in paragraph 96.

13        97.     Monsanto denies the allegations in paragraph 97.

14        98.     Monsanto denies the allegations in paragraph 98.

15        99.     Monsanto denies the allegations in paragraph 99.

16        100.    Monsanto lacks information or knowledge sufficient to form a belief as to the

17  truth of the allegations in paragraph 100 concerning plaintiff's claimed exposure to Roundup®-

18  branded products and therefore denies those allegations.  Monsanto denies the remaining

19  allegations in paragraph 100, including that Roundup® branded products have "dangerous

20  characteristics."

21        101.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22  truth of the allegations in paragraph 101 concerning plaintiff's claimed exposure to Roundup®-

23  branded products and therefore denies those allegations.  Monsanto denies the remaining

24  allegations in paragraph 101, including that Roundup®-branded products have "dangerous

25  characteristics."

26        102.    Monsanto denies the allegations in paragraph 102.

27        103.    Monsanto denies the allegations in paragraph 103.

28        104.    Monsanto denies the allegations in paragraph 104.

1   105. Monsanto denies the allegations in paragraph 105.

2   106. Monsanto denies the allegations in paragraph 106.

3   107. Monsanto denies the allegations in paragraph 107.

4   108. Monsanto denies the allegations in paragraph 108.

5   109. Monsanto denies the allegations in paragraph 109.

6   110. Monsanto denies the allegations in paragraph 110.

7   111. Monsanto denies the allegations in paragraph 111.

8   In response to the "WHEREFORE" paragraph following paragraph 111, Monsanto

9 demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

10 dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

11 fees as allowed by law and such further and additional relief as this Court may deem just and

12 proper.

13   112. Monsanto incorporates by reference its responses to paragraphs 1 through 111 in

14 response to paragraph 112 of plaintiff's Complaint.

15   113. In response to the allegations in paragraph 113, Monsanto admits that plaintiff

16 purports to bring a claim for strict liability failure to warn, but denies any liability as to that

17 claim.

18   114. Monsanto denies the allegations in paragraph 114.

19   115. Monsanto lacks information or knowledge sufficient to form a belief as to the

20 truth of the allegations in paragraph 115 that plaintiff purchased Roundup®-branded products and

21 therefore denies those allegations.  The allegations in paragraph 115 also set forth conclusions of

22 law for which no response is required.  Monsanto denies the remaining allegations in paragraph

23 115.

24   116. The allegations in paragraph 116 set forth conclusions of law for which no

25 response is required.

26   117. Monsanto denies the allegations in paragraph 117.  All labeling of Roundup®-

27 branded products has been and remains EPA-approved and in compliance with all federal

28 requirements under FIFRA.

1    118.    Monsanto denies the allegations in paragraph 118.

2    119.    Monsanto denies the allegations in paragraph 119.

3    120.    Monsanto denies the allegations in paragraph 120.

4    121.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5    truth of the allegations in paragraph 121 and therefore denies those allegations.

6    122.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 122 concerning plaintiff's alleged use and exposure to

8    Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

9    remaining allegations in paragraph 122, including that Roundup®-branded products have

10   "dangerous characteristics."

11   123.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations in paragraph 123 concerning plaintiff's alleged use and exposure to

13   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

14   remaining allegations in paragraph 123, including that Roundup®-branded products have

15   "dangerous characteristics."

16   124.    In response to the allegation in paragraph 124, Monsanto denies that any exposure

17   to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

18   illnesses and denies that there are any defects in those products.  Monsanto lacks information or

19   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

20   124 and therefore denies those allegations.  Monsanto states, however, that the scientific studies

21   upon which IARC purported to base its evaluation of glyphosate were all publicly available

22   before March 2015.

23   125.    Monsanto denies the allegations in paragraph 125.

24   126.    Monsanto denies the allegations in paragraph 126.

25   127.    In response to the allegations in paragraph 127, Monsanto denies that there is any

26   risk of multiple myeloma or any other serious illnesses associated with the intended use of and/or

27   exposure to Roundup®-branded products and glyphosate.  The allegations in the second sentence

28   of paragraph 127 set forth conclusions of law for which no response is required.  Monsanto

denies the remaining allegations in paragraph 127.  All labeling of Roundup®-branded products

has been and remains EPA-approved and in compliance with all applicable laws and regulations

128.    Monsanto denies the allegations in paragraph 128.

129.    Monsanto lacks information or knowledge sufficient to form a belief as to the

truth of the allegations in paragraph 129 concerning plaintiff's alleged use of Roundup®-branded

products and therefore denies those allegations.  Monsanto denies the remaining allegations in

paragraph 129.

130.    Monsanto denies the allegations in paragraph 130.

131.    Monsanto denies the allegations in paragraph 131.  All labeling of Roundup®-

branded products has been and remains EPA-approved and in compliance with all federal

requirements under FIFRA.

132.    Monsanto denies the allegations in paragraph 132.

133.    Monsanto denies the allegations in paragraph 133.

In response to the "WHEREFORE" paragraph following paragraph 133, Monsanto

demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

fees as allowed by law and such further and additional relief as this Court may deem just and

proper.

134.    Monsanto incorporates by reference its responses to paragraphs 1 through 133 in

response to paragraph 134 of plaintiff's Complaint.

135.    Monsanto lacks information or knowledge sufficient to form a belief as to the

truth of the allegations in paragraph 135 regarding the specific products allegedly used by

plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore

denies the allegations in paragraph 135.

136.    The allegations in paragraph 136 set forth conclusions of law for which no

response is required.

137.    The allegations in paragraph 137 set forth conclusions of law for which no

response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08050-VC

1     138.    Monsanto denies the allegations in paragraph 138.

2     139.    Monsanto denies the allegations in paragraph 139.

3     140.    Monsanto denies the allegations in paragraph 140.  All labeling of Roundup®-

4   branded products has been and remains EPA-approved and in compliance with all federal

5   requirements under FIFRA.

6     141.    Monsanto denies the allegations in paragraph 141.

7     142.    Monsanto denies the allegations in the first sentence of paragraph 142.  In

8   response to the allegations in the second sentence of paragraph 142, Monsanto denies that

9   Monsanto's promotional activities were not honest.  The remaining allegations in paragraph 142

10  set forth conclusions of law for which no response is required.

11    143.    Monsanto denies the allegations in paragraph 143.

12    144.    Monsanto denies the allegations in paragraph 144, including each of its subparts.

13    145.    Monsanto denies the allegations in paragraph 145.

14    146.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15  truth of the allegations in paragraph 146 regarding plaintiff's knowledge and therefore Monsanto

16  denies those allegations.  Monsanto denies the remaining allegations in paragraph 146, including

17  that intended use and/or exposure to Roundup®-branded products causes any injuries.

18    147.    Monsanto denies the allegations in paragraph 147.

19    148.    Monsanto denies the allegations in paragraph 148.

20    149.    Monsanto denies the allegations in paragraph 149.

21    150.    Monsanto denies the allegations in paragraph 150.

22    In response to the "WHEREFORE" paragraph following paragraph 150, Monsanto

23  demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

24  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

25  fees as allowed by law and such further and additional relief as this Court may deem just and

26  proper.

27    151.    Monsanto incorporates by reference its responses to paragraphs 1 through 150 in

28  response to paragraph 151 of plaintiff's Complaint.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08050-VC

1    152.    Monsanto denies the allegations in paragraph 152.

2    153.    Monsanto lacks information or knowledge sufficient to form a belief as to the

3  truth of the allegations in paragraph 153 regarding plaintiff's claimed use of Roundup®-branded

4  products and therefore denies those allegations.  The remaining allegations in paragraph 153 set

5  forth conclusions of law for which no response is required.

6    154.    Monsanto denies the allegations in paragraph 154.  All labeling of Roundup®-

7  branded products has been and remains EPA-approved and in compliance with all federal

8  requirements under FIFRA.

9    155.    The allegations in paragraph 155 set forth conclusions of law for which no

10  response is required.

11    156.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12  truth of the allegations in paragraph 156 and therefore denies those allegations.

13    157.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14  truth of the allegations in paragraph 157 regarding the claimed use of Roundup®-branded

15  products by plaintiff and others and therefore denies those allegations.  The remaining

16  allegations in paragraph 157 set forth conclusions of law for which no response is required.

17    158.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in paragraph 158 regarding plaintiff's claimed use of and/or exposure to

19  Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph

20  158 regarding Monsanto's implied warranty sets forth conclusions of law for which no response

21  is required.  Monsanto denies the remaining allegations in paragraph 158.

22    159.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in paragraph 159 regarding plaintiff's claimed use of and/or exposure to

24  Roundup®-branded products or plaintiff's claimed reliance and therefore denies those

25  allegations.  The allegation in paragraph 159 regarding Monsanto's implied warranty sets forth

26  conclusions of law for which no response is required.

27    160.    Monsanto denies that there is any risk of serious injury associated with or linked

28  to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.

1   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

2   allegations in paragraph 160 regarding plaintiff's knowledge about Roundup®-branded products

3   and therefore denies the remaining allegations in paragraph 160.

4         161.    Monsanto denies the allegations in paragraph 161.

5         162.    Monsanto denies the allegations in paragraph 162.

6         163.    Monsanto denies the allegations in paragraph 163.

7         In response to the "WHEREFORE" paragraph following paragraph 163, Monsanto

8   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

9   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

10   fees as allowed by law and such further and additional relief as this Court may deem just and

11   proper.

12         164.    Monsanto incorporates by reference its responses to paragraphs 1 through 163 in

13   response to paragraph 164 of plaintiff's Complaint.

14         165.    Monsanto denies the allegations in the first sentence of paragraph 165 to the

15   extent it encompasses all herbicides as vague and ambiguous but Monsanto admits the

16   allegations in this sentence to the extent it refers to glyphosate based herbicides.  Monsanto

17   denies the allegations that Roundup® branded products are defective and unreasonably dangerous

18   to consumers and therefore denies the remaining allegations in paragraph 165.

19         166.    Paragraph 166 and its subparts set forth conclusions of law for which no response

20   is required.

21         167.    In response to the allegations in Paragraph 167, Monsanto admits that it has sold

22   glyphosate based herbicides in accordance with their EPA-approved labeling.  Monsanto further

23   states that paragraph 167 sets forth conclusions of law for which no response is required.

24   Monsanto denies the remaining allegations in paragraph 167.

25         168.    Monsanto denies the allegations in the first and second sentence of paragraph 168.

26   All labeling of Roundup®-branded products has been and remains EPA-approved and in

27   compliance with all federal requirements under FIFRA.  Monsanto states that the final sentence

28   of paragraph 168 sets forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08050-VC

169.     The first sentence of paragraph 169 sets forth conclusions of law for which no response is required.   Monsanto denies the allegations in the final sentence of paragraph 169.

170.     Monsanto denies the allegations in paragraph 170.

171.     Monsanto denies the allegations in paragraph 171 and each of its subparts.

172.     Monsanto states that the allegation in paragraph 172 that Monsanto made an express warranty sets forth a legal conclusion for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 172 and therefore denies those allegations.

173.     Monsanto denies the allegations in paragraph 173 to the extent that they allege that Monsanto made false or incomplete statements and representations concerning Roundup®. All labeling of Roundup® branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 173 regarding plaintiff's knowledge and therefore denies those allegations.

174.     Monsanto denies the allegations in paragraph 174.

In response to the "WHEREFORE" paragraph following paragraph 174, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

175.     Monsanto incorporates by reference its responses to paragraphs 1 through 174 in response to paragraph 175 of plaintiff's Complaint.

176.     Monsanto denies the allegations in paragraph 176.

177.     Monsanto denies the allegations in paragraph 177.

178.     Monsanto denies the allegations in paragraph 178.

179.     Monsanto denies the allegations in paragraph 179.

180.     Monsanto denies the allegations in paragraph 180.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08050-VC

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

**SEPARATE AND AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. Venue is improper and/or inconvenient for plaintiff's claims.

3. Plaintiff's claims are barred for lack of personal jurisdiction.

4. Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

6. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8. Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9.  Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

10.  Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.  Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12.  Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

13.  The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

14.  Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

15.  Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

16.  If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

17.  Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

- 28 -

18.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

19.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Florida Constitution, the Pennsylvania Constitution, the Texas Constitution, and/or other applicable state constitutions.

21.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Florida law, Pennsylvania law, Texas law, and/or other applicable state laws.

22.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Fla. Stat. § 768.73 and Tex. Civ. Prac. & Rem. Code Ann. §§ 41.004(a), 41.008(b).  Monsanto would further show that under the facts of this case, however, an award of punitive damages consistent with the maximum awards permitted under Fla. Stat. § 768.73 would be a violation of Monsanto's state and federal constitutional rights.

23.     Plaintiff's claims are barred in whole or in part by plaintiff's contributory/comparative negligence.

24.     Plaintiff's claims are barred in whole or in part by plaintiff's failure to mitigate damages.

25.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

26.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

27.     If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

28.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

29.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

30.     Plaintiff's claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256 and Tex. Civ. Prac. & Rem. Code Ann. § 82.008.

31.     To the extent that plaintiff recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Fla. Stat. § 768.76.

32.     In accordance with Fla. Stat. § 768.1257, plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

33.     Plaintiff's' injuries, if any, were caused, in whole or in part, by the acts or omissions of persons other than Monsanto, whether individual, corporate, associate, or otherwise, whether named or unnamed in the Complaint, and for whose conduct Monsanto is not liable.  Monsanto is not liable for damages proximately caused by non-parties, pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), including any and all employers of plaintiff and any other product used by plaintiff that was not manufactured, sold, or distributed by Monsanto.

34.     Monsanto hereby preserves any and all defenses under *Tincher v. Omega Flex Inc.,* 104 A.3d 328 (Pa. 2014).

35.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08050-VC

1      Monsanto demands a jury trial on all issues so triable.

2   DATED:  November 25, 2020                    Respectfully submitted,

3

4                                               /s/ Joe G. Hollingsworth
                                                Joe G. Hollingsworth (*pro hac vice*)
5                                               (jhollingsworth@hollingsworthllp.com)
                                                Eric G. Lasker (*pro hac vice*)
6                                               (elasker@hollingsworthllp.com)
                                                HOLLINGSWORTH LLP
7                                               1350 I Street, N.W.
                                                Washington, DC  20005
8                                               Telephone:  (202) 898-5800
                                                Facsimile:  (202) 682-1639
9

10                                              *Attorneys for Defendant*
                                                *MONSANTO COMPANY*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08050-VC