**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Susan Fox, Individually and as Proposed Executrix of the Estate of Thomas Fox, deceased, v. Monsanto Co., et al.*,<br>Case No. 3:20-cv-08847-VC | |

## **MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Susan Fox's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Monsanto denies – and objects to – allegations by plaintiff that purport to lump Monsanto together with other defendants.  Monsanto responds to this Complaint only on behalf of Monsanto and not on behalf of any other defendant.  Silence as to any allegations shall constitute a denial.

1.      The allegations in paragraph 1 set forth a conclusion of law for which no response is required.

2.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

3.     Monsanto lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies those allegations.

4.     Monsanto lacks information and knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies those allegations.

6.     Monsanto denies the allegations in paragraph 6.

7.     Monsanto denies the allegations in paragraph 7.

8.     The allegations in paragraph 8 set forth a conclusion of law for which no response is required.  To the extent a response is deemed required, Monsanto denies the allegations in paragraph 8.

9.     Monsanto denies the allegation in paragraph 9 that decedent's death was "wrongful" and denies that any injuries alleged in the Complaint, including the injury and death of decedent, was caused by Roundup®-branded products.  Monsanto denies the remaining allegations in paragraph 9.

10.    Monsanto denies the allegation in paragraph 10 that decedent's death was "wrongful" and denies that any injuries alleged in the Complaint, including the injury and death of decedent, was caused by Roundup®-branded products.  The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.    In response to the allegations in paragraph 11, Monsanto admits that plaintiff purports to bring a claim for damages but denies any liability as to that claim.

12.    In response to the allegations in the first sentence of paragraph 12, Monsanto admits that it is a Delaware corporation with its headquarters and its principal place of business in St. Louis County, Missouri.  Monsanto denies the remaining allegations in the first sentence of paragraph 12.  The allegations in the last sentence of paragraph 12 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

13.     In response to the allegations in paragraph 13, Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate and that Monsanto has manufactured Roundup®-branded products that have glyphosate as the active ingredient, but notes that Monsanto has not been the only manufacturer of glyphosate-based herbicides.

14.     The allegations in paragraph 14 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

15.     The allegations in paragraph 15 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

16.     Monsanto denies the allegations in paragraph 16.

17.     Monsanto admits the allegations in paragraph 17.

18.     The allegations in paragraph 18 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

19.     Monsanto admits the allegations in the first sentence of paragraph 19.  In response to the remaining allegations in paragraph 19, Monsanto admits that glyphosate was one of the world's most widely used herbicides in 2013, but notes that Monsanto has not been the only manufacturer of glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 19 and therefore denies those allegations.

20.     In response to the allegations in paragraph 20, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware.  Monsanto admits that it and affiliated companies have operations and offices in countries around the world. Monsanto admits that it has been a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 20.  Monsanto admits that it has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08847-VC

1    and statistics provided in the remaining sentences of paragraph 20 and therefore denies those

2    allegations.

3         21.    Monsanto admits the allegations in the first sentence of paragraph 21.  Monsanto

4    admits that certain studies have reported that glyphosate is found at *de minimis* levels

5    significantly below regulatory safety limits in various locations and media.  Monsanto denies the

6    remaining allegations in paragraph 21.

7         22.    Monsanto admits the allegations in the first sentence of paragraph 22.  Monsanto

8    denies the allegations in the second sentence of paragraph 22 to the extent they suggest that IARC

9    based its evaluation on a complete or accurate assessment of the scientific research regarding

10   glyphosate.

11        23.    Monsanto admits the allegations in the first sentence of paragraph 23.  Monsanto

12   denies the allegations in the second sentence of paragraph 23.

13        24.    In response to the allegations in paragraph 24, Monsanto admits that the IARC

14   working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations

15   in paragraph 24.

16        25.    Monsanto denies the allegations in paragraph 25.

17        26.    Monsanto denies the allegations in paragraph 26.

18        27.    Monsanto denies the allegations in paragraph 27.

19        28.    Monsanto denies the allegations in paragraph 28.

20        29.    In response to the allegations in paragraph 29, Monsanto admits that glyphosate

21   repeatedly has been found to be safe to humans and the environment by regulators in the United

22   States and around the world and further admits that it has labeled glyphosate products as

23   approved by regulatory bodies consistent with those findings.  Monsanto also admits that the

24   United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to

25   the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based

26   herbicides create no unreasonable risk to human health or to the environment when used in

27   accordance with the label.  To the extent that paragraph 29 alleges that Monsanto has labeled

28

glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

30. In response to the allegations in paragraph 30, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 30 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore denies those allegations.

31. Monsanto admits the first sentence of paragraph 31. Monsanto denies the allegations in the second sentence of paragraph 31 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant. Monsanto denies the allegations in the third sentence of paragraph 31 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

32. In response to the allegations in paragraph 32, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s. Monsanto denies the remaining allegations in paragraph 32.

33. Monsanto admits the allegations in the first two sentences of paragraph 33 and admits that it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA. Monsanto denies the remaining allegations in paragraph 33.

34. In response to the allegations in paragraph 34, Monsanto admits that certain Roundup®-branded herbicides contain POEA and adjuvants, that EPA has classified surfactants and adjuvants as inert, and that the specific surfactants and adjuvants used in Roundup®-branded herbicides – like those in other manufacturers' herbicide products – are protected by EPA as "trade secrets." Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health. Monsanto denies the remaining allegations in paragraph 34.

35. Monsanto admits the allegations in paragraph 35.

36.     In response to the allegations in paragraph 36, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 36 set forth conclusions of law for which no response is required.

37.     In response to the allegations in paragraph 37, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 37 set forth conclusions of law for which no response is required.

38.     The allegations in paragraph 38 set forth conclusions of law for which no response is required.

39.     In response to the allegations in paragraph 39, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution in the United States, including in New York.

40.     In response to the allegations in paragraph 40, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 40 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 40 set forth conclusions of law for which no response is required.

41.     Monsanto denies the allegations in paragraph 41 to the extent they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 regarding such pesticide products generally.  The remaining allegations in paragraph 41 set forth conclusions of law for which no response is required.

1      42.     In response to the allegations in paragraph 42, Monsanto admits that EPA has

2  undertaken a regulatory review of glyphosate and further admits that EPA has not released its

3  findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

4  Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

5  concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

6  humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

7  posted an October 2015 final report by its standing Cancer Assessment Review Committee

8  ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

9  to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

10  issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

11  the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

12  humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of

13  the remaining allegations in paragraph 42 and therefore denies those allegations.

14      43.     In response to the allegations in paragraph 43, Monsanto admits that an EPA

15  review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

16  changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

17  evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits that

18  plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the

19  designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

20  does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP

21  reports and the EPA CARC Final Report discussed above, specific findings of safety include:

22

23  [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

24

25  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

26

27  [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08847-VC

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20.

Monsanto denies the remaining allegations in paragraph 43.

44.    In response to the allegations in paragraph 44, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 44 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

45.    In response to the allegations in paragraph 45, Monsanto admits that Industrial Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the

1  registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of

2  such product is based upon any fraudulent or false IBT studies.

3      46.     Monsanto denies the allegations in paragraph 46 to the extent they suggest that

4  EPA performed an inspection of IBT Laboratories solely or specifically in connection with

5  studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

6  Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

7  connection with services provided to a broad number of private and governmental entities and

8  that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

9  one of several pesticide manufacturers who had used IBT test results.  The audit found some

10  toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

11  Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

12  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

13  based upon any invalid IBT studies.  To the extent that the allegations in paragraph 46 are

14  intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations

15  also are denied.

16      47.     In response to the allegations in paragraph 47, Monsanto admits that three IBT

17  employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals

18  were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

19      48.     In response to the allegations in paragraph 48, Monsanto admits that it – along

20  with numerous other private companies – hired Craven Laboratories as an independent laboratory

21  to conduct residue studies for Monsanto agricultural products.  Monsanto further admits that it

22  was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies

23  conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in

24  paragraph 48 are intended to suggest that Monsanto was anything other than a victim of this

25  fraud, Monsanto denies those allegations.

26      49.     Monsanto denies the allegations in paragraph 49.

27      50.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth

28  of the allegations in the third sentence of paragraph 50 regarding alleged reliance by the public

- 9 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08847-VC

1   and EPA and therefore denies those allegations.  Monsanto denies the remaining allegations in

2   paragraph 50.

3       51.     Monsanto denies the allegations in paragraph 51.

4       52.     In response to the allegations in paragraph 52, Monsanto admits that in March

5   2015, the Joint Glyphosate Task Force issued a press release, which speaks for itself.  Monsanto

6   denies the remaining allegations in paragraph 52.

7       53.     Monsanto admits the allegations in the first sentence of paragraph 53.  Monsanto

8   denies the remaining allegations in paragraph 53.

9       54.     In response to the allegations in paragraph 54, Monsanto admits that it brought a

10  lawsuit in California challenging the notice of intent by the California Office of Environmental

11  Health Hazard Assessment ("OEHHA") to include glyphosate on its Proposition 65 list.

12  Monsanto denies the remaining allegations in paragraph 54.  Monsanto states that the OEHHA

13  decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in a

14  process that OEHHA itself considers "ministerial" and "automatic" without any role for

15  consideration of the weight or quality of the evidence considered by IARC.  Monsanto further

16  states that this decision was not based upon any independent scientific analysis of glyphosate but

17  instead was in response to a provision of a California ballot proposition triggering such action

18  based solely upon the IARC classification, and indeed was contrary to OEHHA's own conclusion

19  in 2007, based upon its own independent evaluation of the same scientific evidence, that

20  glyphosate is "unlikely to pose a cancer hazard to humans."[4]  Monsanto contends that OEHHA's

21  decision that it was required to list glyphosate violates the United States Constitution and the

22  California Constitution.  On February 26, 2018, a federal district court enjoined California from

23  requiring Proposition 65 warning labels for glyphosate as unconstitutional.

24      55.     In response to the allegations in paragraph 55, Monsanto admits that Roundup®-

25  branded products are highly valued by customers because of their efficacy and safety.  Monsanto

26

27  [4] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),
    https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907.pdf.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08847-VC

also admits that the patent for glyphosate expired in the United States in 2000. The remaining allegations in paragraph 55 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

56.     In response to the allegations in paragraph 56, Monsanto admits that, following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 56 and accordingly denies those allegations. The remaining allegations in paragraph 56 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

57.     In response to the allegations in paragraph 57, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it has been the only company that has sold glyphosate or glyphosate-based herbicides. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 57 and accordingly denies the same. The remaining allegations in paragraph 57 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

58.     In response to the allegations in paragraph 58, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto. Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer. To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 58 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

59.     In response to the allegations in paragraph 59, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General. The assurance speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 59 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08847-VC

1      60.     Monsanto denies the allegations in paragraph 60.

2      61.     In response to the allegations in paragraph 61, Monsanto admits that the French

3  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

4  that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling was

5  in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies

6  the remaining allegations in paragraph 61.

7      62.     In response to the allegations in paragraph 62, Monsanto denies that IARC follows

8  stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or

9  knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in

10 paragraph 62, which are not limited as of any specified date, and accordingly denies the same.

11     63.     In response to the allegations in paragraph 63, Monsanto admits that IARC sets

12 forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

13 Monsanto denies the remaining allegations in paragraph 63.

14     64.     Monsanto denies any suggestion that IARC reviewed the full body of scientific

15 research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it

16 cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a

17 belief as to the truth of the remaining allegations in paragraph 64 and therefore denies those

18 allegations.

19     65.     Monsanto denies any suggestion that IARC reviewed the full body of scientific

20 research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it

21 cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a

22 belief as to the truth of the remaining allegations in paragraph 65 and therefore denies those

23 allegations.

24     66.     Monsanto denies the allegations in paragraph 66 to the extent that they suggest that

25 IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a

26 Group 2A agent in March 2015.

27     67.     In response to the allegations in paragraph 67, Monsanto admits that IARC issued

28 its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08847-VC

monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working group are "experts."  Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 67.

68.     In response to the allegations in paragraph 68, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

69.     The allegations in paragraph 69 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

70.     In response to the allegations in paragraph 70, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 70 are denied.

71.     In response to the allegations in paragraph 71, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to

1   glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health

2   concern from such exposures.

3        72.    Monsanto denies the allegations in paragraph 72.  The IARC working group

4   concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

5   which, per IARC's guidelines, means that the working group could not rule out chance, bias or

6   confounding so as to reach any conclusion of an increased risk.

7        73.    In response to the allegations in paragraph 73, Monsanto admits that the working

8   group cited to a study that it concluded provided evidence of chromosomal damage in community

9   residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such

10  a conclusion or that the authors of the study reached such a conclusion.

11       74.    In response to the allegations in paragraph 74, Monsanto admits that the IARC

12  working group purported to make these findings, but denies that the animal carcinogenicity

13  studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any

14  of the identified tumors.  Monsanto further states that regulatory agencies around the world have

15  reviewed the same animal studies and concluded that they do not provide evidence that

16  glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 74.

17       75.    In response to the allegations in paragraph 75, Monsanto admits that the IARC

18  working group purported to make these findings but denies that the cited studies provide any

19  reliable basis for a finding that any meaningful levels of glyphosate or AMPA is present or

20  persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 75.

21       76.    In response to the allegations in paragraph 76, Monsanto admits that the IARC

22  working group interpreted a selected number of experimental studies as evidence that glyphosate

23  can cause genotoxicity, but Monsanto denies that the working group reliably considered the full

24  body of scientific data on such alleged genotoxic endpoints and denies that the working group

25  reliably interpreted the studies that it selected for consideration.  Regulators around the world

26  repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining

27  allegations in paragraph 76.

28

77.     In response to the allegations in paragraph 77, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 77.

78.     In response to the allegations in paragraph 78, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 78.

79.     In response to the allegations in paragraph 79, Monsanto admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water Regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

80.     In response to the allegations in paragraph 80, Monsanto admits that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

81.     In response to the allegations in paragraph 81, Monsanto admits that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate. Monsanto notes that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928 F. Supp. 2d 10, 24 (D.D.C. 2013).

82.     Monsanto states that the term "toxic" as used in paragraph 82 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 82.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08847-VC

1   83.     In response to the allegations in paragraph 83, Monsanto admits that Julie Marc

2   published the cited study in 2002 and states that the document speaks for itself and does not

3   require a response.  To the extent that a response is deemed required, Monsanto denies the

4   allegations in paragraph 83.

5   84.     In response to the allegations in the first sentence of paragraph 84, Monsanto

6   admits that Julie Marc published a study titled "Glyphosate-based pesticides affect cell cycle

7   regulation" in 2004.  To the extent that the first sentence of paragraph 84 characterizes the

8   meaning of the cited study, Monsanto denies the allegations in the first sentence of paragraph 84.

9   In response to the remaining allegations in paragraph 84, Monsanto states that the document

10  speaks for itself and does not require a response.  To the extent that a response is deemed

11  required, Monsanto denies the remaining allegations in paragraph 84.

12  85.     In response to the allegations in paragraph 85, Monsanto states that the cited

13  document speaks for itself and does not require a response.  To the extent that paragraph 85

14  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

15  paragraph 85.

16  86.     In response to the allegations in paragraph 86, Monsanto states that the cited

17  document speaks for itself and does not require a response.  To the extent that paragraph 86

18  characterizes the meaning of the cited study, Monsanto denies the allegation that the cited studies

19  support the allegation that glyphosate or Roundup®-branded products pose any risk to human

20  health and denies the remaining allegations in paragraph 86.

21  87.     In response to the allegations in paragraph 87, Monsanto states that the terms "at

22  all times" and "these studies" are vague and ambiguous, and therefore Monsanto denies those

23  allegations.  Monsanto denies the remaining allegations in paragraph 87.

24  88.     In response to the allegations in paragraph 88, Monsanto admits that it has

25  promoted Roundup®-branded herbicides as safe when used in accordance with the products'

26  labeling.  Monsanto denies the remaining allegations in paragraph 88.

27  89.     In response to the allegations in paragraph 89, Monsanto admits that the IARC

28  working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 89.

90.     In response to the allegations in paragraph 90, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 90.

91.     In response to the allegations in paragraph 91, Monsanto admits that, in France, the sale to and use by amateurs (*i.e.*, non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions.  Monsanto denies the remaining allegations in paragraph 91.

92.     In response to the allegations in paragraph 92, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same.  Monsanto denies the remaining allegations in paragraph 92.

93.     In response to the allegations in paragraph 93, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 93.

94.     In response to the allegations in paragraph 94, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns.  As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs'

expert testimony purporting to link these same aerial eradication operations with cancer as scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto denies the remaining allegations in paragraph 94.

95.     In response to the allegations in paragraph 95, Monsanto admits that the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the weight or quality of the evidence considered by IARC.  Monsanto further states that this decision was not based upon any independent scientific analysis of glyphosate but instead was in response to a provision of a California ballot proposition triggering such action based solely upon the IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to pose a cancer hazard to humans."[5]  Monsanto contends that OEHHA's decision that it was required to list glyphosate violates the United States Constitution and the California Constitution.  On February 26, 2018, a federal district court enjoined California from requiring Proposition 65 warning labels for glyphosate as unconstitutional.  The remaining allegations in paragraph 95 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 95.

96.     The allegations in paragraph 96 set forth conclusions of law for which no response is required.

97.     The allegations in paragraph 97 set forth conclusions of law for which no response is required.  Nevertheless, Monsanto notes that, under Proposition 65, the mere presence of a listed substance in a consumer product does not require a warning.  Instead, a warning need only be provided if the exposure to the listed substance, for the average user of the product, exceeds

---

[5] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007), https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907.pdf

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08847-VC

1   the level at which cancer would be hypothesized to occur, based on extrapolation from animal

2   studies, in one person in 100,000 persons exposed over a 70-year lifetime.

3         98.    In response to the allegations in paragraph 98, Monsanto admits that it has brought

4   a lawsuit challenging OEHHA's notice of intent to include glyphosate on its Proposition 65 list.

5         99.    In response to the allegations in paragraph 99, Monsanto admits that plaintiff

6   accurately quotes from Monsanto's Complaint in the referenced lawsuit, and states that

7   Monsanto's Complaint in that lawsuit speaks for itself.  Monsanto further admits that its lawsuit

8   cites to OEHHA's 2007 determination based upon its own independent evaluation of the

9   scientific evidence that glyphosate is "unlikely to pose a cancer hazard to humans."[6]  The

10  remaining allegations in paragraph 99 comprise attorney characterizations and are accordingly

11  denied.

12        100.   In response to the allegations in paragraph 100, Monsanto admits that, on

13  November 12, 2015, the European Food Safety Authority ("EFSA") issued its Renewal

14  Assessment Report (RAR) on glyphosate, in which it concluded that "glyphosate is unlikely to

15  pose a carcinogenic hazard to humans."[7]  Monsanto further admits that this conclusion affirmed a

16  similar finding by the German Federal Institute for Risk Management (BfR).  Monsanto admits

17  that the European scientists who reached these determinations were acting independently of

18  Monsanto and were acting to protect the public.

19        101.   In response to the allegations in paragraph 101, Monsanto denies that "industry

20  groups" were afforded any ability to review the RAR beyond that afforded to the public

21  generally.  Monsanto otherwise admits the allegations in paragraph 101.

22        102.   Monsanto admits the allegations in paragraph 102.

23        103.   In response to the allegations in paragraph 103, Monsanto states that the cited

24  document speaks for itself and does not require a response.  Monsanto denies the allegations in

25

26  [6] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007),
    https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907.pdf.

27  [7] *See* EFSA, *Glyphosate:  EFSA updates toxicological profile*, http://www.efsa.europa.eu/en
    /press/news/151112.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08847-VC

paragraph 103 to the extent that they purport to set forth all of the distinctions identified by EFSA between its evaluation and the evaluation of the IARC working group.  Monsanto states that in the same document cited by plaintiff, EFSA states that, in contrast to IARC, "the EU peer review concluded that no significant increase in tumor incidence could be observed in any of the treated groups of animals in the nine long term rat studies considered" and explains that "[a]s well as reviewing a larger number of studies [than IARC], EFSA for example considered that carcinogenic effects observed at high doses were unreliable as they could be related to general toxicity."[8]  To the extent that paragraph 103 characterizes the meaning of the cited studies, Monsanto denies the remaining allegations in paragraph 103.

104.     In response to the allegations in paragraph 104, Monsanto states that the cited document speaks for itself and does not require a response.

105.     In response to the allegations in paragraph 105, Monsanto admits that EFSA set acceptable exposure thresholds for glyphosate that are orders of magnitude higher than those which occur in the ordinary use of glyphosate-based herbicides.  Monsanto denies that these exposure thresholds are based upon any alleged risk of carcinogenicity.

106.     In response to the allegations in paragraph 106, Monsanto admits that certain individuals, including Dr. Christopher Portier, sent the letter identified in paragraph 106 (hereinafter, "the Portier letter").  Monsanto denies that Dr. Portier or the other signatories to his letter are "independent" and "renowned international experts in the field."  Monsanto states that Dr. Portier has been disclosed as an expert witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto and that Monsanto lacks information or knowledge sufficient to form a belief as to whether the other signatories were aware, before they signed the Portier letter, that Dr. Portier was working as a retained expert for plaintiffs' counsel.  Monsanto otherwise admits that this letter urged the EU Health Commissioner to disregard the scientific findings reached by EFSA and by the BfR.

---

[8] EFSA, *EFSA Explains Risk Assessment Glyphosate*, http://www.efsa.europa.eu/sites/default/files/corporate_publications/files/efsaexplainsglyphosate151112en.pdf.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08847-VC

1      107.    In response to the allegations in paragraph 107, Monsanto admits that Dr. Portier

2   sent the letter identified in paragraph 107.  Monsanto denies that Dr. Portier or the other

3   signatories to his letter are "renowned international experts in the field."  Monsanto admits that

4   certain members of the IARC working group assigned to glyphosate signed on to the Portier

5   letter, but states that Monsanto lacks information or knowledge sufficient to form a belief as to

6   whether those individuals or the other signatories were aware at the time that Dr. Portier was

7   working as a retained expert for plaintiffs' counsel.

8      108.    The allegations in paragraph 108 comprise attorney characterizations and are

9   accordingly denied.

10      109.    The allegations in paragraph 109 comprise attorney characterizations and are

11   accordingly denied.

12      110.    In response to the allegations in paragraph 110, Monsanto admits that IARC

13   concluded that the human epidemiologic data provides only "limited evidence of

14   carcinogenicity," which IARC defines as meaning that "chance, bias, or confounding could not be

15   ruled out with reasonable confidence."[9]  Monsanto further admits that Dr. Portier – who has been

16   disclosed as an expert witness retained by plaintiffs' counsel in the glyphosate cancer litigation

17   against Monsanto – seeks in his letter to challenge the scientific conclusions reached by EFSA in

18   support of its finding that "glyphosate is unlikely to pose a carcinogenic hazard to humans."[10]  In

19   response to the remaining allegations in paragraph 110, Monsanto states that the cited Portier

20   letter speaks for itself and does not require a response.  To the extent that paragraph 110

21   characterizes the meaning of the cited document or of EFSA's evaluation of glyphosate,

22   Monsanto denies the remaining allegations in paragraph 110.

23      111.    In response to the allegations in paragraph 111, Monsanto states that the cited

24   Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr.

25   _____

[9]
26   http://publications.iarc.fr/_publications/media/download/4566/1f986e57ea2ddd9830fec223aeabc7
40d0bb2eca.pdf.

27   [10] See EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu
/en/press/news/151112.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08847-VC

1   Portier – who has been disclosed as an expert witness retained by plaintiffs' counsel in the

2   glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific

3   conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a

4   carcinogenic hazard to humans."[11]  To the extent that paragraph 111 characterizes the meaning of

5   the cited document or of EFSA's and BfR's evaluation of glyphosate, Monsanto denies the

6   remaining allegations in paragraph 111.

7         112.    In response to the allegations in paragraph 112, Monsanto states that the cited

8   Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr.

9   Portier – who has been disclosed as an expert witness retained by plaintiffs' counsel in the

10  glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific

11  conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a

12  carcinogenic hazard to humans."[12]  To the extent that paragraph 112 characterizes the meaning of

13  the cited document or of EFSA's and BfR's evaluation of glyphosate, Monsanto denies the

14  remaining allegations in paragraph 112.

15        113.    In response to the allegations in paragraph 113, Monsanto states that the cited

16  Portier letter speaks for itself and does not require a response.  Monsanto further admits that Dr.

17  Portier – who has been disclosed as an expert witness retained by plaintiffs' counsel in the

18  glyphosate cancer litigation against Monsanto – seeks in his letter to challenge the scientific

19  conclusions reached by EFSA in support of its finding that "glyphosate is unlikely to pose a

20  carcinogenic hazard to humans."[13]  To the extent that paragraph 113 characterizes the meaning of

21  the cited document or of EFSA's and BfR's evaluation of glyphosate, Monsanto denies the

22  remaining allegations in paragraph 113.

23        114.    Monsanto admits the allegations in paragraph 114.

24
_____

25  [11] *See* EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu
    /en/press/news/151112.

26  [12] *See* EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu
    /en/press/news/151112.

27  [13] *See* EFSA, *Glyphosate: EFSA updates toxicological profile*, http://www.efsa.europa.eu
    /en/press/news/151112.

28

115.     In response to the allegations in paragraph 115, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 115 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 115.

116.     In response to the allegations in paragraph 116, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 116 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 116.

117.     In response to the allegations in paragraph 117, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 117 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 117.

118.     In response to the allegations in paragraph 118, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 118 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 118.

119.     In response to the allegations in paragraph 119, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent that paragraph 119 characterizes the scientific evidence regarding the safety of glyphosate-based herbicides, Monsanto denies the remaining allegations in paragraph 119.

120.     In response to the allegations in paragraph 120, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto denies that the self-labeled "consensus statement" represents the view of any consensus of scientific opinion.  To the extent

1    that paragraph 120 characterizes the scientific evidence regarding the safety of glyphosate-based

2    herbicides, Monsanto denies the remaining allegations in paragraph 120.

3         121.    In response to the allegations in paragraph 121, Monsanto states that the cited

4    document speaks for itself and does not require a response.  Monsanto denies that the self-labeled

5    "consensus statement" represents the view of any consensus of scientific opinion.  To the extent

6    that paragraph 121 characterizes the scientific evidence regarding the safety of glyphosate-based

7    herbicides, Monsanto denies the remaining allegations in paragraph 121.

8         122.    In response to the allegations in paragraph 122, Monsanto admits that the United

9    States Food and Drug Administration ("FDA") has authority to enforce pesticide residues and that

10   the FDA announced it would begin testing certain foods for glyphosate residues.  In response to

11   the remaining allegations in paragraph 122, Monsanto states that the cited documents speak for

12   themselves and do not require a response.

13        123.    In response to the allegations in paragraph 123, Monsanto admits that the U.S.

14   Government Accountability Office ("GAO") issued the cited report regarding pesticide residue

15   monitoring programs, but Monsanto denies that the GAO report was limited to glyphosate.  In

16   response to the remaining allegations in paragraph 123, Monsanto states that the cited documents

17   speak for themselves and do not require a response.  To the extent that paragraph 123

18   characterizes the meaning of the cited documents, Monsanto denies the remaining allegations in

19   paragraph 123.

20        124.    In response to the allegations in paragraph 124, Monsanto admits that the FDA has

21   authority to enforce pesticide residues and that the FDA announced it would begin testing certain

22   foods for glyphosate residues.  In response to the remaining allegations in paragraph 124,

23   Monsanto states that the cited documents speak for themselves and do not require a response.  To

24   the extent that paragraph 124 characterizes the meaning of the cited documents, Monsanto denies

25   the remaining allegations in paragraph 124.

26        125.    In response to the allegations in paragraph 125, Monsanto admits that the FDA has

27   authority to enforce pesticide residues and that the FDA announced it would begin testing certain

28   foods for glyphosate residues.  In response to the remaining allegations in paragraph 125,

Monsanto states that the cited documents speak for themselves and do not require a response.  To the extent that paragraph 125 characterizes the meaning of the cited documents, Monsanto denies the remaining allegations in paragraph 125.

126.    Monsanto admits the allegations in paragraph 126.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

127.    In response to the allegations in paragraph 127, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

128.    In response to the allegations in paragraph 128, Monsanto lacks information or knowledge sufficient to form a belief as to whether each of the individuals at the referenced meeting were "experts" and therefore denies that allegation.  Monsanto admits the remaining allegations in paragraph 128.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

129.    In response to the allegations in paragraph 129, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 129 characterizes the meaning of the cited document, Monsanto denies the remaining allegations in paragraph 129.

130.    In response to the allegations in paragraph 130, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 130 characterizes the meaning of the cited document, Monsanto denies the remaining allegations in paragraph 130.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

131.    Monsanto admits the allegations in paragraph 131.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

132.    Monsanto admits the allegations in paragraph 132.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

133.    Monsanto admits the allegations in paragraph 133.  Monsanto also states that the allegations are out of date and that the European Union has approved glyphosate for another five years.

134.    In response to the allegations in paragraph 134, Monsanto admits that the EU voted to extend the glyphosate license for five more years.  In response to the remaining allegations in paragraph 134, Monsanto states that the cited document speaks for itself and does not require a response.

135.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 135 and therefore denies those allegations.

136.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 136 and therefore denies those allegations.

137.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 137 and therefore denies those allegations.

138.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 138 and therefore denies those allegations.

139.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 139 and therefore denies those allegations.

140.    Monsanto incorporates by reference its responses to paragraphs 1 through 139 in response to paragraph 140 of plaintiff's Complaint.

141.    The allegations in paragraph 141 set forth conclusions of law for which no response is required.

142.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 142 concerning decedent's alleged use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 142, including that Roundup®-branded products have "dangerous characteristics."

143.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 143 and therefore denies those allegations.

144.     Monsanto denies the allegations in paragraph 144.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

145.     Monsanto denies the allegations in paragraph 145, including that Roundup®-branded products are "dangerous."

146.     Monsanto denies the allegations in paragraph 146.

147.     Monsanto denies the allegations in paragraph 147.

148.     Monsanto denies the allegations in paragraph 148.

149.     Monsanto denies the allegations in paragraph 149.

150.     Monsanto denies the allegations in paragraph 150.

151.     Monsanto denies the allegations in paragraph 151.

152.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 152 concerning decedent's alleged use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 152.

153.     Monsanto denies the allegations in paragraph 153.

154.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 154 and therefore denies those allegations.

155.     In response to the allegations in paragraph 155, Monsanto denies that glyphosate or Roundup®-branded products cause cancer.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 155 and therefore denies those allegations.

156.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 156 and therefore denies those allegations.

157.     Monsanto denies the allegations in paragraph 157.

158.     Monsanto denies the allegations in paragraph 158.

1    159.    Monsanto denies the allegations in paragraph 159.

2    160.    Monsanto denies the allegations in paragraph 160.

3    161.    Monsanto denies the allegations in paragraph 161.

4    162.    Monsanto denies the allegations in paragraph 162.

5    163.    Monsanto denies the allegations in paragraph 163.

6    164.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

7    of the allegations in paragraph 164 regarding decedent's or the general public's knowledge and

8    therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 164.

9    In addition, Monsanto states that the scientific studies upon which the IARC purported to base its

10   evaluation of glyphosate were all publicly available before March 2015.

11   165.    Monsanto denies the allegations in paragraph 165.

12   166.    The allegations in paragraph 166 set forth conclusions of law for which no

13   response is required.

14   167.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

15   of the allegations in paragraph 167 and therefore denies those allegations.

16   168.    Monsanto denies the allegations in paragraph 168.

17   169.    Monsanto denies the allegations in paragraph 169.

18   170.    Monsanto denies the allegations in paragraph 170.

19   171.    Monsanto denies the allegations in paragraph 171.

20   172.    Monsanto denies the allegations in paragraph 172.

21   173.    Monsanto denies the allegations in paragraph 173.

22   174.    Monsanto denies the allegations in paragraph 174.

23   175.    Monsanto incorporates by reference its responses to paragraphs 1 through 174 in

24   response to paragraph 175 of plaintiff's Complaint.

25   176.    The allegations in paragraph 176 set forth conclusions of law for which no

26   response is required.

27   177.    The allegations in paragraph 177 are vague and are accordingly denied.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08847-VC

178.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 178 and therefore denies those allegations.

179.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 179 and therefore denies those allegations.

180.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 180 and therefore denies those allegations.

181.     Monsanto denies the allegations in paragraph 181.

182.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 182 and therefore denies those allegations.

183.     The allegations in paragraph 183 set forth conclusions of law for which no response is required.

184.     The allegations in paragraph 184 set forth conclusions of law for which no response is required.

185.     Monsanto denies the allegations in paragraph 185.

186.     Monsanto denies the allegations in paragraph 186.

187.     Monsanto denies the allegations in paragraph 187.

188.     Monsanto denies the allegations in paragraph 188.

189.     Monsanto denies the allegations in paragraph 189.

190.     Monsanto denies the allegations in paragraph 190.

191.     Monsanto denies the allegations in paragraph 191.

192.     Monsanto denies the allegations in paragraph 192.

193.     Monsanto denies the allegations in paragraph 193.

194.     Monsanto denies the allegations in paragraph 194.

195.     Monsanto denies the allegations in paragraph 195.

196.     Monsanto denies the allegations in paragraph 196.

197.     Monsanto denies the allegations in paragraph 197.

198.     Monsanto denies the allegations in paragraph 198.

199.     Monsanto denies the allegations in paragraph 199.

1    200.    Monsanto denies the allegations in paragraph 200.

2    201.    Monsanto incorporates by reference its responses to paragraphs 1 through 200 in

3    response to paragraph 201 of plaintiff's Complaint.

4    202.    Monsanto denies the allegations in paragraph 202.

5    203.    Monsanto denies the allegations in paragraph 203.

6    204.    Monsanto denies the allegations in paragraph 204.

7    205.    Monsanto denies the allegations in paragraph 205.

8    206.    Monsanto denies the allegations in paragraph 206.

9    207.    Monsanto denies the allegations in paragraph 207.

10   208.    Monsanto denies the allegations in paragraph 208.

11   209.    Monsanto denies the allegations in paragraph 209.

12   210.    Monsanto denies the allegations in paragraph 210.

13   211.    Monsanto denies the allegations in paragraph 211.

14   212.    Monsanto denies the allegations in paragraph 212.

15   213.    Monsanto denies the allegations in paragraph 213.

16   214.    Monsanto denies the allegations in paragraph 214.

17   215.    Monsanto denies the allegations in paragraph 215.

18   216.    Monsanto denies the allegations in paragraph 216.

19   217.    Monsanto incorporates by reference its responses to paragraphs 1 through 216 in

20   response to paragraph 217 of plaintiff's Complaint.

21   218.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

22   of the allegations in paragraph 218 and therefore denies those allegations.

23   219.    Monsanto denies the allegations in paragraph 219.

24   220.    The allegations in paragraph 220 set forth conclusions of law for which no

25   response is required.

26   221.    The allegations in paragraph 221 set forth conclusions of law for which no

27   response is required.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08847-VC

1     222.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

2   of the allegations in paragraph 222 regarding decedent's decisions to purchase Roundup®-branded

3   products.  The remaining allegations in paragraph 222 set forth conclusions of law for which no

4   response is required.

5     223.    Monsanto denies the allegations in paragraph 223.

6     224.    Monsanto denies the allegations in paragraph 224.

7     225.    Monsanto denies the allegations in paragraph 225.

8     226.    Monsanto denies the allegations in paragraph 226.

9     227.    Monsanto denies the allegations in paragraph 227.

10    228.    Monsanto denies the allegations in paragraph 228.

11    229.    Monsanto incorporates by reference its responses to paragraphs 1 through 228 in

12  response to paragraph 229 of plaintiff's Complaint.

13    230.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

14  of the allegations in paragraph 230 regarding decedent's claimed use of Roundup®-branded

15  products and therefore denies those allegations.  The remaining allegations in paragraph 230 set

16  forth conclusions of law for which no response is required.

17    231.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

18  of the allegations in paragraph 231 and therefore denies those allegations.

19    232.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

20  of the allegations in paragraph 232 therefore denies those allegations.

21    233.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

22  of the allegations in paragraph 233 regarding the term "ordinarily used" and therefore denies

23  those allegations.

24    234.    The allegations in paragraph 234 set forth conclusions of law for which no

25  response is required.

26    235.    Monsanto denies the allegations in paragraph 235.

27    236.    Monsanto denies the allegations in paragraph 236.

28    237.    Monsanto denies the allegations in paragraph 237.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08847-VC

1    238.    Monsanto denies the allegations in paragraph 238.

2    239.    Monsanto denies the allegations in paragraph 239.

3    240.    Monsanto denies the allegations in paragraph 240.

4    241.    Monsanto denies the allegations in paragraph 241.

5    242.    Monsanto denies the allegations in paragraph 242.

6    243.    Monsanto incorporates by reference its responses to paragraphs 1 through 242 in

7    response to paragraph 243 of plaintiff's Complaint.

8    244.    Monsanto denies the allegations in paragraph 244.

9    245.    Monsanto denies the allegations in paragraph 245.

10    246.    Monsanto denies the allegations in paragraph 246.

11    247.    Monsanto denies the allegations in paragraph 247.

12    248.    Monsanto denies the allegations in paragraph 248, including each of its subparts.

13    All labeling of Roundup®-branded products has been and remains EPA-approved and in

14    compliance with all federal requirements under FIFRA.

15    249.    In response to the allegations in paragraph 249, Monsanto denies that it made any

16    "misrepresentations, concealments, or omissions."  The remaining allegations in paragraph 249

17    set forth conclusions of law for which no response is required.

18    250.    Monsanto denies the allegations in paragraph 250.

19    251.    Monsanto denies the allegations in paragraph 251.

20    252.    Monsanto denies the allegations in paragraph 252, including that Roundup®-

21    branded products are "inherently dangerous and carcinogenic in nature."

22    253.    Monsanto denies the allegations in paragraph 253.

23    254.    Monsanto denies the allegations in paragraph 254.

24    255.    Monsanto denies the allegations in paragraph 255.

25    256.    In response to the allegations in paragraph 256, Monsanto denies that any of the

26    representations it made regarding Roundup®-branded products were false.  Monsanto lacks

27    information or knowledge as to the truth of the allegations in paragraph 256 regarding decedent's

28    lack of awareness and therefore denies those allegations.

1   257.    In response to the allegations in paragraph 257, Monsanto denies that it concealed

2   or omitted any facts regarding Roundup®-branded products.  Monsanto lacks information or

3   knowledge as to the truth of the allegations in paragraph 257 regarding decedent's lack of

4   awareness and therefore denies those allegations.

5   258.    Monsanto denies the allegations in paragraph 258.

6   259.    Monsanto denies the allegations in paragraph 259.

7   260.    Monsanto denies the allegations in paragraph 260.

8   261.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

9   of the allegations in paragraph 261 regarding decedent's alleged purchase and use of any

10   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

11   remaining allegations in paragraph 261.

12   262.    The allegations in paragraph 262 set forth conclusions of law for which no

13   response is required.  To the extent a response is required, Monsanto denies the allegations in

14   paragraph 262.

15   263.    Monsanto denies the allegations in paragraph 263.

16   264.    Monsanto denies the allegations in paragraph 264.

17   265.    Monsanto denies the allegations in paragraph 265.

18   266.    Monsanto denies the allegations in paragraph 266.

19   267.    Monsanto incorporates by reference its responses to paragraphs 1 through 266 in

20   response to paragraph 267 of plaintiff's Complaint.

21   268.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

22   of the allegations in paragraph 268 and therefore denies those allegations.

23   269.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

24   of the allegations in paragraph 269 regarding the marital status of plaintiff and accordingly denies

25   those allegations.  The remaining allegations in paragraph 269 set forth conclusions of law for

26   which no response is required.

27   270.    Monsanto denies the allegations in paragraph 270.

28   271.    Monsanto denies the allegations in paragraph 271.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08847-VC

1    In response to the allegations in the "WHEREFORE" paragraph following paragraph 271,

2  Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's

3  Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and

4  reasonable attorney's fees as allowed by law and such further and additional relief as this Court

5  may deem just and proper.

6    Every allegation in the Complaint that is not specifically and expressly admitted in this

7  Answer is hereby specifically and expressly denied.

8  ## SEPARATE AND AFFIRMATIVE DEFENSES

9    1.    The Complaint, in whole or part, fails to state a claim or cause of action upon

10  which relief can be granted.

11    2.    Plaintiff's claims are misjoined and should be severed.

12    3.    Plaintiff's claims against Monsanto are barred because plaintiff cannot proffer any

13  scientifically reliable evidence that the products at issue were defective or unreasonably

14  dangerous.

15    4.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was

16  so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

17  plaintiff's and/or decedent's alleged injuries.

18    5.    Plaintiff's claims against Monsanto are barred, in whole or in part, because the

19  products at issue were designed, manufactured, marketed and labeled with proper warnings,

20  information, cautions and instructions, in accordance with the state of the art and the state of

21  scientific and technological knowledge.

22    6.    Plaintiff's claims against Monsanto are barred, in whole or in part, because the

23  products at issue were not defective or unreasonably dangerous in that they complied with, at all

24  relevant times, all applicable government safety standards.

25    7.    Any claims based on allegations that Monsanto misled, defrauded, made

26  misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.  *See,*

27  *e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

28  *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08847-VC

8.      Plaintiff's claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.      Plaintiff's claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.     Plaintiff's claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Plaintiff's claims against Monsanto are barred, in whole or in part, because decedent's injuries, if any, were the result of conduct of decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

12.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

13.     Applicable statutes of limitations and/or repose bar plaintiff's claims against Monsanto in whole or in part.

14.     Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims against Monsanto in whole or in part.

15.     If plaintiff and/or decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's and/or decedent's alleged injuries or damages.

16.     Monsanto had no legal relationship or privity with plaintiff and/or decedent and owed no duty to plaintiff and/or decedent by which liability could be attributed to it.

17.     Plaintiff's claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims against Monsanto for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the New York Constitution, and/or other applicable state constitutions – and would be improper under the common law and public policies of the United States, the laws of New York, and/or other applicable state laws.

19.     Plaintiff's claims against Monsanto for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under New York law, and/or other applicable state laws.

20.     Plaintiff's claims against Monsanto for punitive damages are barred and/or limited by operation of state and/or federal law.

21.     Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's and/or decedent's own contributory/comparative negligence.

22.     To the extent that plaintiff recovered payments for plaintiff's and/or decedent's alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under NY CPLR § 4545.

23.     Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's and/or decedent's own failure to mitigate damages.

24.     Plaintiff's claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

25.     If plaintiff and/or decedent has been injured or damaged, no injuries or damages admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims against Monsanto are barred to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

1    27.    Plaintiff's claims against Monsanto are barred to the extent that plaintiff seeks

2    relief under the laws of states that do not govern plaintiff's claims.

3    28.    Monsanto made no warranties of any kind or any representations of any nature

4    whatsoever to plaintiff and/or decedent.  If any such warranties were made, which Monsanto

5    specifically denies, then plaintiff and/or decedent failed to give notice of any breach thereof.

6    29.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

7    may become available or apparent during the course of discovery and thus reserves its right to

8    amend this Answer to assert such defenses.

9    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

10   plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such

11   other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

13   Monsanto demands a jury trial on all issues so triable.

15   DATED:  December 21, 2020                Respectfully submitted,

16                                            /s/ Joe G. Hollingsworth
17                                            Joe G. Hollingsworth (*pro hac vice*)
                                              (jhollingsworth@hollingsworthllp.com)
18                                            Eric G. Lasker (*pro hac vice*)
                                              (elasker@hollingsworthllp.com)
19                                            HOLLINGSWORTH LLP
                                              1350 I Street, N.W.
20                                            Washington, DC  20005
                                              Telephone:  (202) 898-5800
21                                            Facsimile:   (202) 682-1639

22                                            *Attorneys for Defendant*
                                             *MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-08847-VC