**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*LOWE'S HOME CENTERS, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *Mary Anne White, Amanda Vignone, and Jarret Vignone v. Monsanto Co., et al.,* Case No. 3:20-cv-05929-VC | |

**LOWE'S HOME CENTERS, LLC'S ANSWER TO**
**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Lowe's Home Centers, LLC ("Lowe's Home Centers"), erroneously named as Lowes Home Centers, LLC, by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' First Amended Complaint ("the Complaint"), except as set forth below.  Lowe's Home Centers denies – and objects to – allegations by plaintiffs that purport to lump Lowe's Home Centers together with other defendants.  Lowe's Home Centers responds to this Complaint only on behalf of Lowe's Home Centers and not on behalf of any other defendant.  Although many paragraphs in the Complaint refer only to a general "Plaintiff," Lowe's Home Centers nevertheless responds to the allegations in those paragraphs as if brought by any of the plaintiffs.  Silence as to any allegations shall constitute a denial.

- 1 -

1.      Lowe's Home Centers admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Lowe's Home Centers denies the remaining allegations in paragraph 1.

2.      The allegations in the first sentence of paragraph 2 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.  The allegations in the last sentence of paragraph 2 set forth conclusions of law for which no response is required.  Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the allegations in the second, third, and fourth sentences in paragraph 2 and therefore denies those allegations. Lowe's Home Centers admits the allegations in the fifth sentence of paragraph 2.

3.      In response to the allegations in paragraph 3, Lowe's Home Centers denies certain events giving rise to plaintiffs' claims and Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.  The remaining allegations in paragraph 3 set forth conclusions of law for which no response is required.

4.      Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 4 and therefore denies those allegations.  Lowe's Home Centers denies the remaining allegations in paragraph 4.

5.      Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 5 and therefore denies those allegations.  Lowe's Home Centers denies the remaining allegations in paragraph 5.

6.      Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 6 and therefore denies those allegations.  Lowe's Home Centers denies the remaining allegations in paragraph 6.

7.      The allegations in paragraph 7 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

8.      The allegations in paragraph 8 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

LOWE'S HOME CENTERS, LLC'S ANSWER TO PLAINTIFFS' FIRST AM. COMPL.
3:16-md-02741-VC & 3:20-cv-05929-VC

9. In response to the allegations in paragraph 9, Lowe's Home Centers admits that it is a North Carolina limited liability company with its principal place of business in North Carolina. Lowe's Home Centers denies the remaining allegations in paragraph 9.

10. The allegations in paragraph 10 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

11. Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding Mary Anne White and Home Depot and therefore denies the allegations in paragraph 11.

12. The allegations in paragraph 12 comprise attorney characterizations and are accordingly denied. Lowe's Home Centers states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

13. The allegations in paragraph 13 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

14. The allegations in the first sentence of paragraph 14 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations. Lowe's Home Centers admits the remaining allegations in paragraph 14.

15. Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.

16. Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies those allegations.

17. Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations.

18. Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies those allegations.

19. In response to the allegations in paragraph 19, Lowe's Home Centers denies that Roundup®-branded products have carcinogenic properties. Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies those allegations.

20.     Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies those allegations.

21.     The allegations in paragraph 21 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

22.     The allegations in paragraph 22 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.  To the extent that a response is deemed required, Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies those allegations.

23.     The allegations in paragraph 23 set forth conclusions of law for which no response is required.

24.     The allegations in paragraph 24 set forth conclusions of law for which no response is required.

25.     The allegations in paragraph 25 set forth conclusions of law for which no response is required.

26.     Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies those allegations.

27.     The allegations in the first sentence of paragraph 27 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.  Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and therefore denies those allegations.

28.     Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies those allegations.

29.     Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies those allegations.

30.     The allegations in paragraph 30 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

31.    The allegations in paragraph 31 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

32.    The allegations in paragraph 32 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

33.    The allegations in paragraph 33 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

34.    In response to the allegations in paragraph 34, Lowe's Home Centers denies that glyphosate has carcinogenic properties.  The remaining allegations in paragraph 34 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

35.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies those allegations.

36.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies those allegations.

37.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies those allegations.

38.    Lowe's Home Centers states that the term "toxic" as used in paragraph 38 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore denies those allegations.

39.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies those allegations.

40.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies those allegations.

41.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies those allegations.

42.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies those allegations.

43.     Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies those allegations.

44.     Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies those allegations.

45.     Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies those allegations.

46.     The allegations in paragraph 46 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

47.     The allegations in paragraph 47 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

48.     The allegations in paragraph 48 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

49.     The allegations in paragraph 49 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

50.     The allegations in paragraph 50 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

51.     The allegations in paragraph 51 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

52.     Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies those allegations.

53.     Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies those allegations.

54.     Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies those allegations.

55.     Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies those allegations.

56.     In response to the allegations in paragraph 56, Lowe's Home Centers denies that glyphosate is a carcinogen.  Lowe's Home Centers lacks information or knowledge sufficient to

form a belief as to the truth of the remaining allegations in paragraph 56 and therefore denies those allegations.

57.     In response to the allegations in paragraph 57, Lowe's Home Centers denies that glyphosate increases the risk of non-Hodgkin's lymphoma ("NHL").  Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 and therefore denies those allegations.

58.     In response to the allegations in paragraph 58, Lowe's Home Centers states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 58 comprise attorney characterizations and are accordingly denied.

59.     The allegations in paragraph 59 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

60.     The allegations in paragraph 60 comprise attorney characterizations and are accordingly denied.

61.     Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore denies those allegations.

62.     Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore denies those allegations.

63.     Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies those allegations.

64.     The allegations in paragraph 64 are vague and ambiguous and are accordingly denied.

65.     In response to the allegations in paragraph 65, Lowe's Home Centers states that the cited document speaks for itself and does not require a response.

66.     Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies those allegations.

67.     Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies those allegations.

68.     Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore denies those allegations.

69.     The allegations in paragraph 69 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

70.     Lowe's Home Centers denies the allegations in paragraph 70.

71.     The allegations in paragraph 71 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

72.     The allegations in paragraph 72 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

73.     Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies those allegations.

74.     Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore denies those allegations.

75.     Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 75 and therefore denies those allegations.

76.     Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore denies those allegations.

77.     In response to the allegations in paragraph 77, Lowe's Home Centers denies that glyphosate causes NHL.  Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 77 and therefore denies those allegations.

78.     Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 78 and therefore denies those allegations

79.     Lowe's Home Centers denies the allegations in paragraph 79.

80.     The allegations in paragraph 80 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

81.     The allegations in paragraph 81 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.  To

the extent the allegations may be directed at Lowe's Home Centers, Lowe's Home Centers denies the allegations in paragraph 81.

82.     The allegations in paragraph 82 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

83.     In response to the allegations in paragraph 83, Lowe's Home Centers denies that glyphosate causes NHL or other cancers.  The remaining allegations in paragraph 83 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

84.     In response to the allegations in paragraph 84, Lowe's Home Centers denies that glyphosate or Roundup®-branded products cause NHL or other injuries.  The remaining allegations in paragraph 84 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

85.     In response to the allegations in paragraph 85, Lowe's Home Centers denies that glyphosate or Roundup®-branded products cause NHL or other injuries.  The remaining allegations in paragraph 85 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

86.     In response to the allegations in paragraph 86, Lowe's Home Centers denies that glyphosate or Roundup®-branded products cause cancer or other injuries.  The remaining allegations in paragraph 86 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

87.     The allegations in paragraph 87 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

88.     The allegations in paragraph 88 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

89.     In response to the allegations in paragraph 89, Lowe's Home Centers denies that glyphosate causes NHL or other cancers.  Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 89 and therefore denies those allegations.

90.     In response to the allegations in paragraph 90, Lowe's Home Centers denies that glyphosate or Roundup®-branded products cause cancer or other serious side effects.  Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 90 and therefore denies those allegations.

91.     The allegations in paragraph 91 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

92.     In response to the allegations in paragraph 92, Lowe's Home Centers denies that Roundup®-branded products cause cancer or increase the risk of developing cancer.  The remaining allegations in paragraph 92 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

93.     In response to the allegations in paragraph 93, Lowe's Home Centers denies that glyphosate or Roundup®-branded products cause NHL or other cancers.  The remaining allegations in paragraph 93 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

94.     The allegations in paragraph 94 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

95.     The allegations in paragraph 95 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

96.     The allegations in paragraph 96 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

97.     The allegations in paragraph 97 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

98.     Lowe's Home Centers denies the allegations in paragraph 98.

99.     Lowe's Home Centers denies the allegations in paragraph 99.

100.    Lowe's Home Centers denies the allegations in paragraph 100.

101.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore denies those allegations.

102.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 102 and therefore denies those allegations.

103.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 103 and therefore denies those allegations.

104.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 104 and therefore denies those allegations.

105.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 105 and therefore denies those allegations.

106.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 106 and therefore denies those allegations.

107.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107 and therefore denies those allegations.

108.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 108 and therefore denies those allegations.

109.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 109 and therefore denies those allegations.

110.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore denies those allegations.

111.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 111 and therefore denies those allegations.

112.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 112 and therefore denies those allegations.

113.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 113 and therefore denies those allegations.

114.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 114 and therefore denies those allegations.

115.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 115 and therefore denies those allegations.

116.    In response to the allegations in footnote 12 of paragraph 116, Lowe's Home Centers denies that exposure to Roundup®-branded products causes breast cancer (or any other kind of cancer) and denies that plaintiff Mary Anne White's alleged breast cancer was caused by exposure to Roundup®-branded products.  Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 116 and therefore denies those allegations.

117.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 117 and therefore denies those allegations.

118.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 118 and therefore denies those allegations.

119.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 119 and therefore denies those allegations.

120.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 120 and therefore denies those allegations.

121.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 121 and therefore denies those allegations.

122.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 122 and therefore denies those allegations.

123.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 123 and therefore denies those allegations.

124.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 124 and therefore denies those allegations.

125.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 125 and therefore denies those allegations.

126.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 126 and therefore denies those allegations.

127.    Lowe's Home Centers incorporates by reference its responses to paragraphs 1 through 126 in response to paragraph 127 of plaintiffs' Complaint.

128.    The allegations in paragraph 128 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

129.    The allegations in paragraph 129 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

130.    Lowe's Home Centers denies that exposure to Roundup®-branded products and glyphosate exposed plaintiffs to risks of their alleged cancers and denies the remaining allegations in paragraph 130.

131.    The allegations in paragraph 131 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

132.    The allegations in paragraph 132 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

133.    The allegations in paragraph 133 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

134.    In response to the allegations in paragraph 134, Lowe's Home Centers denies that glyphosate or Roundup®-branded products cause NHL or other cancers.  The remaining allegations in paragraph 134 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations

135.    The allegations in paragraph 135 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

136.    Lowe's Home Centers incorporates by reference its responses to paragraphs 1 through 135 in response to paragraph 136 of plaintiffs' Complaint.

137.    The allegations in paragraph 137 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

138.    The allegations in paragraph 138 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

139.    The allegations in paragraph 139 set forth conclusions of law for which no response is required.

LOWE'S HOME CENTERS, LLC'S ANSWER TO PLAINTIFFS' FIRST AM. COMPL.
3:16-md-02741-VC & 3:20-cv-05929-VC

140.     In response to the allegations in paragraph 140, Lowe's Home Centers denies that glyphosate or Roundup®-branded products cause NHL or other cancers.  The remaining allegations in paragraph 140 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

141.     In response to the allegations in paragraph 141, Lowe's Home Centers denies that glyphosate or Roundup®-branded products cause NHL or other cancers.  The remaining allegations in paragraph 141 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

142.     Lowe's Home Centers denies the allegations in paragraph 142.

143.     In response to the allegations in paragraph 143, Lowe's Home Centers denies that exposure to Roundup®-branded products can cause cancer or other serious injuries and denies that those products are unsafe or dangerous.  The remaining allegations in paragraph 143 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

144.     In response to the allegations in paragraph 144, Lowe's Home Centers denies that Roundup®-branded have "dangerous propensities."  The remaining allegations in paragraph 144 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

145.     Lowe's Home Centers denies the allegations in paragraph 145, including each of its subparts.

146.     In response to the allegations in paragraph 146, Lowe's Home Centers denies that the as-directed use of and/or exposure to Roundup®-branded products leads to "serious dangers." The remaining allegations in paragraph 146 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

147.     The allegations in paragraph 147 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

148.     In response to the allegations in paragraph 148, Lowe's Home Centers denies that there is any risk of NHL or other serious injury associated with the as-directed use of and/or

1    exposure to Roundup®-branded products.  The remaining allegations in paragraph 148 are

2    directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home

3    Centers is required for these allegations.

4         149.    In response to the allegations in paragraph 149, Lowe's Home Centers denies that

5    there is any risk of unreasonably dangerous side effects caused by the as-directed use of and/or

6    exposure to Roundup®-branded products.  The remaining allegations in paragraph 149 are

7    directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home

8    Centers is required for these allegations.

9         150.    In response to the allegations in paragraph 150, Lowe's Home Centers denies that

10   there is any risk of unreasonably dangerous side effects caused by the as-directed use of and/or

11   exposure to Roundup®-branded products.  The remaining allegations in paragraph 150 are

12   directed at defendants other than Lowe's Home Centers, so no response from Lowe's Home

13   Centers is required for these allegations.

14        151.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief

15   as to the truth of the allegations in paragraph 151 that plaintiff purchased Roundup®-branded

16   products and therefore denies those allegations.  Lowe's Home Centers denies that there is any

17   risk of serious injury caused by the as-directed use of and/or exposure to Roundup®-branded

18   products.  The remaining allegations in paragraph 151 are directed at a defendant other than

19   Lowe's Home Centers, so no response from Lowe's Home Centers is required for these

20   allegations.

21        152.    The allegations in paragraph 152 are directed at a defendant other than Lowe's

22   Home Centers, so no response from Lowe's Home Centers is required for these allegations.

23        153.    The allegations in paragraph 153 are directed at a defendant other than Lowe's

24   Home Centers, so no response from Lowe's Home Centers is required for these allegations.

25        154.    Lowe's Home Centers denies the allegations in paragraph 154.

26        155.    The allegations in paragraph 155 are directed at a defendant other than Lowe's

27   Home Centers, so no response from Lowe's Home Centers is required for these allegations.

28

156.    The allegations in paragraph 156 are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for these allegations.

157.    Lowe's Home Centers denies the allegations in paragraph 157.

158.    Lowe's Home Centers denies the allegations in paragraph 158.

In response to the first sentence in the "WHEREFORE" paragraph following paragraph 158, Lowe's Home Centers demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Lowe's Home Centers be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence in the "WHEREFORE" paragraph following paragraph 158 sets forth a conclusion of law for which no response is required.

159. - 211.    Plaintiffs' Second Cause of Action (paragraphs 159-80), Third Cause of Action (paragraphs 181-201), and Fourth Cause of Action (paragraphs 202-11) are directed at a defendant other than Lowe's Home Centers, so no response from Lowe's Home Centers is required for those allegations.  To the extent that responses are deemed required, Lowe's Home Centers denies that Roundup®-branded herbicides:  (a) are defective or dangerous products; (b) had inadequate labeling or warnings; (c) cause cancer or other serious illnesses; or (d) caused plaintiffs' alleged injuries.

212.    Lowe's Home Centers incorporates by reference its responses to paragraphs 1 through 211 in response to paragraph 212 of plaintiffs' Complaint.

213.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 213 and therefore denies those allegations.

214.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 214 and therefore denies those allegations.

215.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 215 and therefore denies those allegations.

216.    Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 216 and therefore denies those allegations.

217.   Lowe's Home Centers lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 217 and therefore denies those allegations.

218.   Lowe's Home Centers denies the allegations in paragraph 218.

In response to the first sentence in the "WHEREFORE" paragraph following paragraph 218, Lowe's Home Centers demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Lowe's Home Centers be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence in the "WHEREFORE" paragraph following paragraph 218 sets forth a conclusion of law for which no response is required.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Lowe's Home Centers denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.   The Complaint, in whole or part, fails to state a claim or cause of action against Lowe's Home Centers upon which relief can be granted.

2.   Venue may be inconvenient.

3.   Plaintiffs' claims are misjoined and should be severed.

4.   Plaintiffs' claims against Lowe's Home Centers are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5.   Any alleged negligent or culpable conduct of Lowe's Home Centers, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

6.   Plaintiffs' claims against Lowe's Home Centers are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper

warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.     Plaintiffs' claims against Lowe's Home Centers are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8.     If plaintiffs assert any claims against Lowe's Home Centers based on allegations that Lowe's Home Centers misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA, such claims are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9.     Plaintiffs' claims against Lowe's Home Centers are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

10.     Plaintiffs' claims against Lowe's Home Centers are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.     Plaintiffs' claims against Lowe's Home Centers are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12.     Plaintiffs' claims against Lowe's Home Centers are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Lowe's Home Centers in whole or in part.

14.     Applicable statutes of limitations and/or repose bar plaintiffs' claims against Lowe's Home Centers in whole or in part.

15.     Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims against Lowe's Home Centers in whole or in part.

16.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Lowe's Home Centers is neither liable nor responsible or, in the alternative, Lowe's Home Centers is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Lowe's Home Centers.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

17.     Lowe's Home Centers had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

18.     Plaintiffs' claims against Lowe's Home Centers are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiffs' claims against Lowe's Home Centers for punitive and/or exemplary damages are barred because such an award would violate Lowe's Home Centers' due process, equal protection and other rights under the United States Constitution, the California Constitution, the New York Constitution, the Tennessee Constitution, and/or other applicable state constitutions.

20.     Plaintiffs' claims against Lowe's Home Centers for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under California law, New York law, Tennessee law, and/or other applicable state laws.

21.     Plaintiffs' claims against Lowe's Home Centers for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Tenn. Code Ann. § 29-39-104.

22.     Plaintiffs' claims against Lowe's Home Centers are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

23.     Plaintiffs' claims against Lowe's Home Centers are barred in whole or in part by plaintiffs' own failure to mitigate damages.

24.     Plaintiffs' claims against Lowe's Home Centers are barred in whole or in part by the sophisticated user doctrine.

25.     If plaintiffs have been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Lowe's Home Centers product.

26.     Plaintiffs' claims against Lowe's Home Centers are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

27.     Plaintiffs' claims against Lowe's Home Centers are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.     To the extent that plaintiffs recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under NY CPLR § 4545.

29.     Plaintiffs' common law claims against Lowe's Home Centers are barred, in whole or in part, by application of Tenn. Code Ann. § 29-28-102(6), *et seq*.

30.     Lowe's Home Centers hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Lowe's Home Centers demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

1

## JURY TRIAL DEMAND

2

Lowe's Home Centers demands a jury trial on all issues so triable.

3

DATED:  December 22, 2020                              Respectfully submitted,

4

5

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)

6

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)

7

HOLLINGSWORTH LLP
1350 I Street, N.W.

8

Washington, DC  20005
Telephone:  (202) 898-5800

9

Facsimile:   (202) 682-1639

10

*Attorneys for Defendant*
*LOWE'S HOME CENTERS, LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOWE'S HOME CENTERS, LLC'S ANSWER TO PLAINTIFFS' FIRST AM. COMPL.
3:16-md-02741-VC & 3:20-cv-05929-VC