**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:        jhollingsworth@hollingsworthllp.com
              elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Monique Christy, et al. v. Monsanto Co., et al.*, Case No. 3:19-cv-03969-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in the Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Monsanto denies – and objects to – allegations by plaintiffs that purport to lump Monsanto together with another defendant.  Monsanto responds to this Complaint only on behalf of Monsanto and not on behalf of any other defendant.  Silence as to any allegations shall constitute a denial.

1.     In response to the allegations in the Complaint's first-numbered paragraph 1, Monsanto admits that it is a Delaware corporation with its principal place of business in St.

Louis County, Missouri. The remaining allegations in the Complaint's first-numbered paragraph 1 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

2.       In response to the allegations in the Complaint's first-numbered paragraph 2, Monsanto admits that it has sold Roundup®-branded products in Louisiana. The remaining allegations in the Complaint's first-numbered paragraph 2 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

3.       The allegations in the Complaint's first-numbered paragraph 3 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

4.       The allegations in the Complaint's first-numbered paragraph 4 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

5.       The allegations in the Complaint's first-numbered paragraph 5 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

6.       In response to the allegations in the Complaint's first-numbered paragraph 6, Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs.  Monsanto denies the remaining allegations in the Complaint's first-numbered paragraph 6.  The remaining allegations in the Complaint's first-numbered paragraph 6 that are directed at a defendant other than Monsanto, do not require a response from Monsanto for these allegations.

7.       Monsanto denies the allegations in the Complaint's first-numbered paragraph 7.

8.       Monsanto denies the allegations in the Complaint's first-numbered paragraph 8.

9.       In response to the allegations in the Complaint's first-numbered paragraph 9, Monsanto refers to the labels for Roundup®-branded products, which are the best evidence of their contents, and denies any allegation inconsistent with their terms.  Monsanto denies the remaining allegations in the Complaint's first-numbered paragraph 9.

10.      Monsanto denies the allegations in the Complaint's first-numbered paragraph 10.

The allegations in the un-numbered paragraph under the section titled "III. JURISDICTION" involve parties not named in this lawsuit and set forth conclusions of law, so no response from Monsanto is required for these allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03969-VC

The allegations in the first sentence of the un-numbered paragraph under the section titled "IV. VENUE" set forth conclusions of law for which no response is required.  In response to the allegations in the last sentence of un-numbered paragraph, under the section titled IV. VENUE, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

Monsanto denies the allegations in the un-numbered paragraph under the section titled "V. ROUNDUP USED BY WHITNEY JOSEPH CHRISTY."

1.      In response to the Complaint's second-numbered paragraph 1, Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in the Complaint's second-numbered paragraph 1 set forth conclusions of law for which no response is required.

2.      In response to the allegations in the Complaint's second-numbered paragraph 2, Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in the Complaint's second-numbered paragraph 2 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

3.      Monsanto admits the allegations in the Complaint's second-numbered paragraph 3.

4.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's second-numbered paragraph 4 and therefore denies those allegations.

5.      In response to the allegations in the Complaint's second-numbered paragraph 5, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human health.  Monsanto states, however, that the

scientific studies upon which International Agency for Research on Cancer ("IARC") purported to base its classification were all publicly available before March 2015.

6.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's second-numbered paragraph 6 and therefore denies those allegations.

7.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's second-numbered paragraph 7 and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's second-numbered paragraph 8 and therefore denies those allegations.

9.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's second-numbered paragraph 9 and therefore denies those allegations.

10.      Monsanto generally admits the allegations in the Complaint's second-numbered paragraph 10, but denies the allegations in the Complaint's second-numbered paragraph 10 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

11.      Monsanto admits the allegations in paragraph 11.

12.      In response to the allegations in paragraph 12, Monsanto admits that EPSP synthase is present in some bacteria.  Monsanto denies the remaining allegations in paragraph 12.

13.      In response to the allegations in paragraph 13, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 13 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore denies those allegations.

14.      Monsanto denies the allegations in paragraph 14 regarding false statements on labeling for Roundup®-branded products.  Monsanto lacks information or knowledge sufficient

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03969-VC

to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore denies those allegations.

15.     Monsanto denies the allegations in paragraph 15 regarding false statements on labeling for Roundup®-branded products.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore denies those allegations.

16.     Monsanto denies the allegations in paragraph 16.

17.     Monsanto denies the allegations in paragraph 17.

18.     Monsanto denies the allegations in paragraph 18.

19.     In response to the allegations in paragraph 19, Monsanto admits that certain studies purport to state that the health of certain bacteria in human bodies is linked to humans' general health and that certain studies also suggest that interference with the gut flora may have effects on humans and animals, but Monsanto denies these allegations to the extent that they imply that these studies are valid or accurate.  Monsanto deny the remaining allegations in paragraph 19.

20.     Monsanto denies the allegations in paragraph 20.

21.     Monsanto denies the allegations in paragraph 21.

22.     Monsanto denies the allegations in paragraph 22.

23.     Monsanto denies the allegations in paragraph 23.

24.     In response to the allegations in paragraph 24, Monsanto admits that certain studies claim that the health of beneficial gut bacteria is essential to the overall health of humans and other mammals but denies this allegation to the extent it implies that these studies are valid or accurate.

25.     Monsanto denies the allegations in paragraph 25.

26.     Monsanto denies the allegations in paragraph 26.

27.     To the extent that the allegations in paragraph 27 suggest that glyphosate causes cancer or other serious adverse effects in humans and animals, Monsanto denies such allegations.

The remaining allegations in paragraph 27 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

28.     The allegations in paragraph 28 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 28.

29.     In response to the allegations in paragraph 29, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 29 set forth conclusions of law for which no response is required.

30.     The allegations in paragraph 30 set forth conclusions of law for which no response is required.

31.     In response to the allegations in paragraph 31, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Louisiana for sale and distribution.

32.     In response to the allegations in paragraph 32, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 32 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 32 set forth conclusions of law for which no answer is required.

33.     Monsanto denies the allegations in paragraph 33 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration.

34.     Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 regarding such pesticide products

1    generally and therefore denies those allegations.  The remaining allegations in paragraph 34 set

2    forth conclusions of law for which no response is required.

3         35.    In response to the allegations in paragraph 35, Monsanto admits that EPA has

4    undertaken a regulatory review of glyphosate and further admits that EPA has not released its

5    findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

6    Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

7    concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

8    humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

9    posted an October 2015 final report by its standing Cancer Assessment Review Committee

10   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

11   to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

12   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

13   the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

14   humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

15   of the remaining allegations in paragraph 35 and therefore denies those allegations.  In addition

16   to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed

17   above, other specific findings of safety include:

18   - "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
        evidence of non-carcinogenicity for humans—based on the lack of convincing

19     evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
        Eligibility Decision (RED) Facts*, 2 (Sept. 1993),

20     http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

21

22   [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic
     Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/

23   document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in
     anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic

24   potential.

25   [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
     U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the
     Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final

26   Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

27   [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of
     Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/

28   document?D=EPA-HQ-OPP-2016-0385-0528.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 35.

36.     In response to the allegations in paragraph 36, Monsanto refers to the labels for Roundup®-branded products, which are the best evidence of their contents, and denies any allegation inconsistent with their terms.  Monsanto denies the remaining allegations in paragraph 36.

37.     In response to the allegations in paragraph 37, Monsanto refers to the labels for Roundup®-branded products, which are the best evidence of their contents, and denies any allegation inconsistent with their terms.  Monsanto denies the remaining allegations in paragraph 37.

38.     Monsanto denies the allegations in paragraph 38.

39.     Monsanto denies the allegations in paragraph 39.

40.     In response to the allegations in paragraph 40, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03969-VC

1   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

2   the subparts purport to quote a document, the document speaks for itself and thus does not

3   require any further answer.  The remaining allegations in paragraph 40 are vague and conclusory

4   and comprise attorney characterizations and are accordingly denied.

5           41.     In response to the allegations in paragraph 41, Monsanto admits it entered into an

6   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

7   itself and thus does not require any further answer.  The remaining allegations in paragraph 41

8   are vague and conclusory and comprise attorney characterizations and are accordingly denied.

9           42.     Monsanto denies the allegations in paragraph 42.

10          43.     In response to the allegations in paragraph 43, Monsanto admits that the French

11  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

12  that it "left the soil clean," but denies the allegations in paragraph 43 to the extent that they

13  suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

14  cancer.  Monsanto denies the remaining allegations in paragraph 43.

15          44.     Monsanto denies the allegations in paragraph 44.

16          45.     In response to the allegations in paragraph 45, Monsanto states that the cited

17  document speaks for itself and does not require a response.  To the extent that the allegations in

18  paragraph 45 go beyond a restatement of the cited document, Monsanto lacks information or

19  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45

20  and therefore denies those allegations.

21          46.     Monsanto admits the allegations in paragraph 46.

22          47.     In response to the allegations in paragraph 47, Monsanto states that the cited the

23  document speaks for itself and does not require a response.  To the extent that the allegations in

24  paragraph 47 go beyond a restatement of the cited document, Monsanto lacks information or

25  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 47

26  and therefore denies those allegations.

27

28

1    48.    Monsanto states that the term "toxic" as used in paragraph 48 is vague and

2    ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto

3    denies the allegations in paragraph 48.

4    49.    In response to the allegations in paragraph 49, Monsanto states that these

5    documents speak for themselves and do not require a response. To the extent that a response is

6    deemed required, Monsanto denies the allegations in paragraph 49.

7    50.    In response to the allegations in paragraph 50, Monsanto admits that certain

8    studies have made these claims, but denies the allegations to the extent they imply that those

9    studies are valid or accurate. Monsanto denies the remaining allegations in paragraph 50.

10    51.    Monsanto denies the allegation that the cited studies support the allegation that

11    glyphosate or Roundup®-branded products pose any risk to human health and denies the

12    remaining allegations in paragraph 51.

13    52.    Monsanto denies the allegations in paragraph 52.

14    53.    Monsanto denies the allegations in paragraph 53.

15    54.    In response to the allegations in paragraph 54, Monsanto admits that in March

16    2015 IARC classified glyphosate as a class 2A carcinogen. Monsanto specifically denies that

17    IARC's evaluation of human, animal or genotoxic evidence was "cumulative." The remaining

18    allegations in paragraph 54 are vague and conclusory and comprise attorney characterizations

19    and are accordingly denied.

20    55.    In response to the allegations in paragraph 55, Monsanto admits that in 1985 EPA

21    reviewed a regulatory study involving mice exposed to glyphosate. Monsanto denies the

22    remaining allegations in paragraph 55.

23    56.    Monsanto denies the allegations in paragraph 56.

24    57.    Monsanto admits the allegations in the first sentence of paragraph 57. Monsanto

25    denies the allegations in the final sentence of paragraph 57.

26    58.    Monsanto admits the allegations in paragraph 58. Monsanto denies the

27    allegations in the final sentence of paragraph 58.

28    59.    Monsanto denies the allegations in paragraph 59.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03969-VC

1      60.     Monsanto denies the allegations in paragraph 60.

2      61.     Monsanto denies the allegations in paragraph 61.

3      62.     Monsanto denies the allegations in paragraph 62.

4      63.     Monsanto denies the allegations in paragraph 63.

5      64.     Monsanto denies the allegations in paragraph 64.

6      65.     Monsanto denies the allegations in paragraph 65.

7      66.     Monsanto denies the allegations in paragraph 66.

8      67.     Monsanto denies the allegations in paragraph 67.

9      68.     Monsanto denies the allegations in paragraph 68.

10      69.     Monsanto denies the allegations in paragraph 69.

11      70.     Monsanto denies the allegations in paragraph 70.

12      71.     In response to the allegations in paragraph 71, Monsanto admits that plaintiffs

13 purport to bring an action for compensatory damages but denies any liability to plaintiffs.

14 Monsanto denies the remaining allegations in paragraph 71.

15      72.     Monsanto lacks information or knowledge sufficient to form a belief as to the

16 truth of the allegations in paragraph 72 and therefore denies those allegations.

17      73.     Monsanto denies the allegations in paragraph 73.

18      74.     Monsanto lacks information or knowledge sufficient to form a belief as to the

19 truth of the allegations in paragraph 74 and therefore denies those allegations.

20      75.     Monsanto lacks information or knowledge sufficient to form a belief as to the

21 truth of the allegations in paragraph 75 and therefore denies those allegations.

22      76.     Monsanto denies the allegations in paragraph 76.

23      77.     Monsanto incorporates by reference its responses to paragraphs 1 through 76 in

24 response to paragraph 77 of plaintiffs' Complaint.

25      78.     Monsanto denies the allegations in paragraph 78.

26      79.     Monsanto denies the allegations in paragraph 79.

27      80.     Monsanto admits that it has made the statement set forth in paragraph 80.

28

- 11 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03969-VC

81.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed decedent to risk of his alleged cancer and denies the remaining allegations in paragraph 81.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

82.     Monsanto denies the allegations in paragraph 82.

83.     The allegations in paragraph 83 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

84.     Monsanto denies the allegations in paragraph 84.

85.     In response to the allegations in paragraph 85, Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

86.     In response to the allegations in paragraph 86, Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  The remaining allegations in paragraph 86 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

87.     Monsanto denies the allegations in paragraph 87.

88.     The allegations in paragraph 88 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

89.     The allegations in paragraph 89 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03969-VC

1    comprise allegations for which Monsanto lacks information or knowledge sufficient to form a

2    belief as to the truth of the allegations asserted and therefore denies those allegations.

3            90.    Monsanto incorporates by reference its responses to paragraphs 1 through 89 in

4    response to paragraph 90 of plaintiffs' Complaint.

5            91.    The allegations in paragraph 91 set forth conclusions of law for which no

6    response is required.

7            92.    Monsanto denies the allegations in paragraph 92.

8            93.    Monsanto denies the allegations in paragraph 93.

9            94.    Monsanto denies the allegations in paragraph 94.

10           95.    Monsanto denies the allegations in paragraph 95, including each of its subparts.

11           96.    Monsanto denies the allegations in paragraph 96.

12           97.    Monsanto denies the allegations in paragraph 97.

13           98.    Monsanto denies the allegations in paragraph 98, including each of its subparts.

14           99.    Monsanto denies the allegations in paragraph 99.

15          100.    Monsanto denies the allegations in paragraph 100.

16          101.    Monsanto denies the allegations in paragraph 101.

17          102.    Monsanto denies the allegations in paragraph 102.

18          103.    Monsanto denies the allegations in paragraph 103.  All labeling of Roundup®-

19    branded products has been and remains EPA-approved and in compliance with all federal

20    requirements under FIFRA.

21          104.    Monsanto denies the allegations in paragraph 104.

22          105.    Monsanto denies the allegations in paragraph 105.  All labeling of Roundup®-

23    branded products has been and remains EPA-approved and in compliance with all federal

24    requirements under FIFRA.

25          106.    Monsanto denies the allegations in paragraph 106.  All labeling of Roundup®-

26    branded products has been and remains EPA-approved and in compliance with all federal

27    requirements under FIFRA.

28          107.    Monsanto denies the allegations in paragraph 107.

108.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding decedent's use history in paragraph 108 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 108.

109.     The allegations in paragraph 109 set forth conclusions of law for which no response is required.

110.     Monsanto denies the allegations in paragraph 110.

111.     Monsanto denies the allegations in paragraph 111.

112.     Monsanto denies the allegations in paragraph 112.

113.     Monsanto denies the allegations in paragraph 113.

114.     In response to the allegations in the first sentence of paragraph 114, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The allegation in the last sentence of paragraph 114 sets forth a conclusion of law for which no response is required.

115.     Monsanto incorporates by reference its responses to paragraphs 1 through 114 in response to paragraph 115 of plaintiffs' Complaint.

116.     Monsanto denies the allegations in paragraph 116.  Additionally, the allegations in the last sentence in paragraph 116 set forth conclusions of law for which no response is required.

117.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 117 concerning decedent's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 117 set forth conclusions of law for which no response is required.

118.     The allegations in paragraph 118 set forth conclusions of law for which no response is required.

119.     Monsanto denies the allegations in paragraph 119.

- 14 -

120.    The allegation in paragraph 120 regarding a purported implied warranty sets forth a conclusion of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 120 and therefore denies those allegations.

121.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 121 regarding decedent's reliance and therefore denies those allegations in paragraph 121.

122.    Monsanto denies the allegations in paragraph 122.

123.    Monsanto denies the allegations in paragraph 123.

124.    Monsanto denies the allegations in paragraph 124.

125.    In response to the allegations in the first sentence of paragraph 125, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The allegation in the last sentence of paragraph 125 sets forth a conclusion of law for which no response is required.

126.    Monsanto incorporates by reference its responses to paragraphs 1 through 125 in response to paragraph 126 of plaintiffs' Complaint.

127.    Monsanto denies the allegations in paragraph 127.

128.    Monsanto incorporates by reference its responses to paragraphs 1 through 127 in response to paragraph 128 of plaintiffs' Complaint.

129.    The allegations in paragraph 129 set forth conclusions of law for which no response is required.

130.    Monsanto denies the allegations in paragraph 130.

131.    Monsanto denies the allegations in paragraph 131.

132.    Monsanto admits that it has made the statement set forth in paragraph 132.

133.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed decedent to risk of his alleged cancer and denies the remaining allegations in paragraph

133.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

134.    The allegations in paragraph 134 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

135.    In response to the allegations in paragraph 135, Monsanto denies that it engaged in the "the unfair and deceptive trade practices" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

136.    In response to the allegations in paragraph 136, Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  The allegations in paragraph 136 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

137.    The allegations in paragraph 137 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

138.    The allegations in paragraph 138 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

139.    The allegations in paragraph 139 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03969-VC

1    comprise allegations for which Monsanto lacks information or knowledge sufficient to form a

2    belief as to the truth of the allegations asserted and therefore denies those allegations.

3         140.    Monsanto denies the allegations in paragraph 140.

4         141.    Monsanto denies the allegations in paragraph 141.

5         142.    Monsanto denies the allegations in paragraph 142.

6         143.    The allegations in paragraph 143 set forth conclusions of law for which no

7    response is required.

8         144.    Monsanto denies the remaining allegations in paragraph 144.

9         145.    Monsanto denies the remaining allegations in paragraph 145.

10        146.    Monsanto denies the remaining allegations in paragraph 146.

11        147.    Monsanto denies the allegations in paragraph 147.

12        148.    In response to the allegations in the first sentence of paragraph 148, Monsanto

13   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

14   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

15   fees as allowed by law and such further and additional relief as this Court may deem just and

16   proper.  The allegation in the last sentence of paragraph 148 sets forth a conclusion of law for

17   which no response is required.

18        Monsanto denies the allegations in the un-numbered paragraph following paragraph 148.

19        149.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 149 and therefore denies those allegations.

21        150.    In response to the allegations in paragraph 150, Monsanto denies that there is any

22   risk of serious illness associated with the use of and/or exposure to Roundup®-branded products

23   and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human

24   health.  Monsanto states, however, that the scientific studies upon which International Agency

25   for Research on Cancer ("IARC") purported to base its classification were all publicly available

26   before March 2015.

27        151.    Monsanto lacks information or knowledge sufficient to form a belief as to the

28   truth of the allegations in paragraph 151 and therefore denies those allegations.

152.    Monsanto denies the allegations in paragraph 152 that decedent's death was "wrongful" and denies that any injuries alleged in the Complaint, including the injuries and death of decedent, were caused by Roundup®-branded products.  The remaining allegations in paragraph 152 set forth conclusions of law for which no response is required.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 154 and therefore denies those allegations.

155.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 155 and therefore denies those allegations.

156.    Monsanto denies the allegations in paragraph 156 that decedent's death was "wrongful" and denies that any injuries alleged in the Complaint, including the injuries and death of decedent, were caused by Roundup®-branded products.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 156 and therefore denies those allegations.

157.    Monsanto denies the allegations in paragraph 157.

158.    In response to the allegations in the first sentence of paragraph 158, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The allegation in the last sentence of paragraph 158 sets forth a conclusion of law for which no response is required.

159.    In response to the allegations in paragraph 159, Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

160.    The allegations in paragraph 160 set forth conclusions of law for which no response is required.

161.    The allegations in paragraph 161 set forth conclusions of law for which no response is required.

1      Every allegation in the Complaint that is not specifically and expressly admitted in this

2   Answer is hereby specifically and expressly denied.

3                    **SEPARATE AND AFFIRMATIVE DEFENSES**

4      1.      The Complaint, in whole or part, fails to state a claim or cause of action against

5   Monsanto upon which relief can be granted.

6      2.      Plaintiffs' claims against Monsanto are barred because plaintiffs cannot proffer

7   any scientifically reliable evidence that the products at issue were defective or unreasonably

8   dangerous.

9      3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted,

10  was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

11  plaintiffs' and/or decedent's alleged injuries.

12     4.      Plaintiffs' claims against Monsanto are barred, in whole or in part, because the

13  products at issue were designed, manufactured, marketed and labeled with proper warnings,

14  information, cautions and instructions, in accordance with the state of the art and the state of

15  scientific and technological knowledge.

16     5.      Plaintiffs' claims against Monsanto are barred, in whole or in part, because the

17  products at issue were not defective or unreasonably dangerous in that they complied with, at all

18  relevant times, all applicable government safety standards.

19     6.      Any claims based on allegations that Monsanto misled, defrauded, made

20  misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See,*

21  *e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

22  *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

23     7.      Plaintiffs' claims against Monsanto are preempted, in whole or in part, by

24  applicable federal law relating to the design, testing, producing, manufacturing, labeling,

25  distributing, modeling, processing, and supply of Roundup®-branded products and/or

26  glyphosate-containing products.

27

28

8.      Plaintiffs' claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims against Monsanto are barred, in whole or in part, because decedent's injuries, if any, were the result of conduct of decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose, or prescriptive periods bar plaintiffs' claims against Monsanto in whole or in part.

13.     Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims against Monsanto in whole or in part.

14.     If plaintiffs and/or decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' and/or decedent's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and/or decedent and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs and/or decedent.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs and/or decedent failed to give notice of any breach thereof.

17.     Plaintiffs' claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiffs' claims against Monsanto for punitive, exemplary, and/or treble damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, Louisiana Constitution and/or other applicable state constitutions.

19.     Plaintiffs' claims against Monsanto for punitive, exemplary, and/or treble damages are barred because plaintiffs have failed to allege conduct warranting imposition of punitive damages under Louisiana law, and/or other applicable state laws.

20.     Plaintiffs' claims against Monsanto for punitive, exemplary, and/or treble damages are barred and/or limited by operation of state and/or federal law, including La. Rev. Stat. § 9:2800.52, *et seq.*

21.     If plaintiffs and/or decedent have been injured or damaged, no injuries or damages being admitted, such injuries or damages were not caused by a Monsanto product.

22.     Plaintiffs' claims against Monsanto are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

23.     Plaintiffs' common law claims against Monsanto are barred, in whole or part, by application of La. Rev. Stat. Ann. § 9:2800.51 *et seq.*

24.     This case is governed by the exclusive provisions of the Louisiana Products Liability Act (La. R.S. 9:2800.51, et seq.) ("LPLA").  Any theories of recovery that fall outside of the LPLA's provisions are therefore subject to dismissal.

25.     Monsanto affirmatively pleads the applicability of the LPLA and specifically avers that plaintiffs are not entitled to recovery under any of the exclusive theories of liability set forth in the Act.

1       26.     Monsanto specifically avers that the product possessed no characteristic that

2  rendered it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA (La.

3  R.S. 9:2800.54).

4       27.     Monsanto asserts all allowable defenses under the LPLA, La. R.S. 9:2800.51, et

5  seq., including but not limited to the applicability of La. R.S. 9:2800.59(A)(1), (2), (3), and (B).

6       28.     Should plaintiffs recover under any claims under the LPLA, a recovery of

7  attorney's fees for plaintiffs are barred under the provisions of that statute.

8       29.     To the extent plaintiffs' claims are governed by Louisiana law, Monsanto has no

9  liability to plaintiffs and/or decedent under any theory of redhibition or implied warranty to the

10  extent that plaintiffs and/or decedent failed to tender any product allegedly sold by Monsanto

11  that allegedly contained a redhibitory defect and has not made an amicable demand upon

12  Monsanto.

13       30.     To the extent that plaintiffs' claims are governed by Louisiana law, Monsanto

14  has no liability to plaintiffs and/or decedent under any theory of redhibition or implied warranty

15  to the extent that plaintiffs have waived plaintiffs' and/or decedent's redhibition rights.

16       31.     To the extent plaintiffs' claims against Monsanto are based on conduct that pre-

17  dates 1996, Louisiana's comparative negligence regime may not apply, and plaintiffs' claims

18  may be barred by contributory negligence.

19       32.     Plaintiffs' claims against Monsanto for punitive damages are barred under

20  Louisiana Civil Code Article 3546.

21       33.     Monsanto hereby gives notice that it intends to rely upon such other defenses as

22  may become available or apparent during the course of discovery and thus reserves its right to

23  amend this Answer to assert such defenses.

24       **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

25  plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and

26  such other relief as the Court deems equitable and just.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03969-VC

1

## JURY TRIAL DEMAND

2

Monsanto demands a jury trial on all issues so triable.

3

4

DATED:  December 28, 2020                    Respectfully submitted,

5

/s/ Joe G. Hollingsworth

6

Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)

7

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)

8

HOLLINGSWORTH LLP
1350 I Street, N.W.

9

Washington, DC  20005
Telephone:  (202) 898-5800

10

Facsimile:   (202) 682-1639

11

*Attorneys for Defendant*
*MONSANTO COMPANY*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 23 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:19-cv-03969-VC