1   **HOLLINGSWORTH LLP**
    Joe G. Hollingsworth (*pro hac vice*)
2   Eric G. Lasker (*pro hac vice*)
    1350 I Street, N.W.
3   Washington, DC  20005
    Telephone:   (202) 898-5800
4   Facsimile:   (202) 682-1639
    Email:       jhollingsworth@hollingsworthllp.com
5                elasker@hollingsworthllp.com

6   *Attorneys for Defendant*
    *MONSANTO COMPANY*

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10  IN RE: ROUNDUP PRODUCTS                  MDL No. 2741
    LIABILITY LITIGATION
11                                           Case No. 3:16-md-02741-VC

12  This document relates to:

13  *Jim Sokolowski and Kimberly M'Carver*
    *Sokolowski, v. Monsanto Co.*,
14  Case No. 3:20-cv-09067-VC

15

16       **MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**

17          Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

18  Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

19  all allegations contained in plaintiffs Jim Sokolowski and Kimberly M'Carver Sokolowski's

20  Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used

21  in this Answer, Monsanto refers to Monsanto Company, a United States based company

22  incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any

23  allegations shall constitute a denial.

24          1.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth

25  of the allegations in paragraph 1 and therefore denies those allegations.

26          2.      In response to the allegations in paragraph 2, Monsanto admits that it is a

27  Delaware corporation with its headquarters and principal place of business in St. Louis County,

28

                                    - 1 -
    ─────────────────────────────────────────────────
                MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
                        3:16-md-02741-VC & 3:20-cv-09067-VC

Missouri.  The remaining allegations in paragraph 2 set forth conclusions of law for which no response is required.

3.      Monsanto admits the allegations in paragraph 3.

4.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5.      The allegations in paragraph 5 set forth conclusions of law for which no response is required.

6.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 regarding where the events giving rise to this action occurred and therefore denies those allegations.  The remaining allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.      In response to the allegations in paragraph 8, Monsanto denies any "omissions" and certain events giving rise to plaintiffs' claim and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 regarding where certain other events giving rise to plaintiffs' claim occurred and therefore denies those allegations.  The remaining allegations in paragraph 8 set forth conclusions of law for which no response is required.

9.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 9.

10.     Monsanto denies the allegations in paragraph 10.

11.     Monsanto denies the allegations in paragraph 11.

12.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 12 and therefore denies those allegations.  In response to the allegations in the second sentence of paragraph 12, Monsanto admits that plaintiffs purport to bring an action for personal injuries allegedly related to exposure to

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-09067-VC

Roundup®-branded products but denies any liability to plaintiffs.  Monsanto denies the remaining allegations in paragraph 12.

13.     The allegations in paragraph 13 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

14.     In response to the allegations in paragraph 14, Monsanto admits that it has sold Roundup®-branded products in Texas.

15.     Monsanto denies the allegations in paragraph 15.

16.     The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     The allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     Monsanto admits the allegations in paragraph 18.

19.     In response to the allegations in paragraph 19, Monsanto admits that it is authorized to do business in Texas.  The remaining allegations in paragraph 19 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

20.     The allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto denies the allegations in paragraph 21.

22.     In response to the allegations in paragraph 22, Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 22 set forth conclusions of law for which no response is required.

23.     In response to the allegations in paragraph 23, Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 23 are

1  vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the

2  truth of the remaining allegations and therefore denies those allegations.

3       24.    Monsanto admits the allegations in paragraph 24.

4       25.    Monsanto admits the allegations in paragraph 25.

5       26.    In response to the allegations in paragraph 26, Monsanto admits that glyphosate is

6  an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

7  paragraph 26 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

8  to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies

9  those allegations.

10       27.    In response to the allegations in paragraph 27, Monsanto admits that glyphosate's

11  mode of action is targeting EPSP synthase.  The remaining allegations in paragraph 27 comprise

12  attorney characterizations and are accordingly denied.

13       28.    Monsanto admits the allegations in paragraph 28.

14       29.    Monsanto generally admits the allegations in paragraph 29, but denies the

15  allegations in paragraph 29 to the extent that they suggest that glyphosate is present in any plants

16  at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

17  the United States Environmental Protection Agency ("EPA").

18       30.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

19  of the allegations in paragraph 30 and therefore denies those allegations.

20       31.    In response to the allegations in paragraph 31, Monsanto admits that it has been

21  the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the

22  Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks

23  information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

24  and statistics provided in the remaining sentences of paragraph 31 and therefore denies those

25  allegations.  Monsanto denies the remaining allegations in paragraph 31.

26       32.    In response to the allegations in the first and second sentences of paragraph 32,

27  Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but

28  notes that Monsanto has not been the only manufacturer of glyphosate-based herbicides.

1   Monsanto admits the allegations in the third sentence of paragraph 32.  Monsanto lacks

2   information or knowledge sufficient to form a belief as to the truth of the remaining

3   allegations in paragraph 32 and therefore denies those allegations.

4            33.     In response to the allegations in paragraph 33, Monsanto admits that Roundup®-

5   branded products have been used by farmers for approximately 40 years.  Monsanto denies that

6   Roundup®-branded products have carcinogenic properties and denies the remaining allegations in

7   paragraph 33.

8            34.     The allegations in paragraph 34 set forth conclusions of law for which no response

9   is required.  To the extent that a response is deemed required, Monsanto admits the allegations in

10  paragraph 34.

11           35.     In response to the allegations in paragraph 35, Monsanto admits that EPA requires

12  registrants of herbicides to submit extensive data in support of the human health and

13  environmental safety of their products and further admits that EPA will not register or approve

14  the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

15  Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 35 set forth

16  conclusions of law for which no response is required.

17           36.     The allegations in paragraph 36 set forth conclusions of law for which no response

18  is required.

19           37.     In response to the allegations in paragraph 37, Monsanto admits that Roundup®-

20  branded products are registered by EPA for manufacture, sale and distribution in the United

21  States and are registered by the State of Texas for sale and distribution.

22           38.     In response to the allegations in paragraph 38, Monsanto admits that EPA requires

23  registrants of herbicides to submit extensive data in support of the human health and

24  environmental safety of their products and further admits that EPA will not register or approve

25  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

26  states that the term "the product tests" in the final sentence of paragraph 38 is vague and

27  ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 38

28  set forth conclusions of law for which no answer is required.

39.     Monsanto denies the allegations in paragraph 39 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 39 set forth conclusions of law for which no response is required.

40.     In response to the allegations in paragraph 40, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-09067-VC

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05.

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 and therefore denies those allegations.

41.    In response to the allegations in paragraph 41, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

42.    In response to the allegations in paragraph 42, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for

itself and thus does not require any further answer.  The remaining allegations in paragraph 42 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

43.     Monsanto denies the allegations in paragraph 43.

44.     In response to the allegations in paragraph 44, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 44 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 44.

45.     Monsanto denies the allegations in paragraph 45.

46.     In response to the allegations in paragraph 46, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies those allegations.

47.     Monsanto admits the allegations in paragraph 47.

48.     In response to the allegations in paragraph 48, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 48 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 and therefore denies those allegations.

49.     Monsanto states that the term "toxic" as used in paragraph 49 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 49.

50.     Monsanto admits the allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 52 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 54 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 54.

55.     Monsanto denies the allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 56 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 57 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 57.

58.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 58.

59.     Monsanto denies the allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60.

61.     Monsanto denies the allegations in paragraph 61.

62.     Monsanto denies the allegations in paragraph 62.

63.     In response to the allegations in paragraph 63, Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling.  Monsanto denies the remaining allegations in paragraph 63.

64.     In response to the allegations in paragraph 64, Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 64 and therefore denies those allegations.

65.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

66.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

67.     In response to the allegations in paragraph 67, Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 67 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

68.     In response to the allegations in paragraph 68, Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 68, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 68 comprise attorney characterizations and are accordingly denied.

69.     In response to the allegations in paragraph 69, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-09067-VC

required, the allegations in paragraph 69 comprise attorney characterizations and are accordingly denied.

70.     In response to the allegations in paragraph 70, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 70 comprise attorney characterizations and are accordingly denied.

71.     Monsanto denies the allegations in paragraph 71.

72.     The allegations in paragraph 72 comprise attorney characterizations and are accordingly denied.

73.     Monsanto admits the allegations in paragraph 73.

74.     In response to the allegations in paragraph 74, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 74 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 74.

75.     In response to the allegations in paragraph 75, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 75.

76.     The allegations in paragraph 76 are vague and ambiguous and are accordingly denied.

77.     In response to the allegations in paragraph 77, Monsanto states that the cited document speaks for itself and does not require a response.

78.     In response to the allegations in paragraph 78, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 78 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 78.

- 11 -

1     79.     Monsanto denies the allegations in paragraph 79.

2     80.     In response to the allegations in paragraph 80, Monsanto states that the cited

3 document speaks for itself and does not require a response.  Monsanto otherwise denies the

4 allegations in paragraph 80.

5     81.     In response to the allegations in paragraph 81, Monsanto admits that there is no

6 reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities

7 and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto

8 otherwise denies the allegations in paragraph 81.

9     82.     Monsanto denies the allegations in paragraph 82.

10     83.     Monsanto denies the allegations in paragraph 83.

11     84.     Monsanto denies the allegations in paragraph 84.

12     85.     In response to the allegations in paragraph 85, Monsanto admits that in 1985 EPA

13 reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the

14 remaining allegations in paragraph 85.

15     86.     Monsanto denies the allegations in paragraph 86.

16     87.     Monsanto denies the allegations in paragraph 87.

17     88.     Monsanto admits the allegations in paragraph 88.

18     89.     Monsanto denies the allegations in paragraph 89.

19     90.     Monsanto admits the allegations in paragraph 90.

20     91.     Monsanto denies the allegations in paragraph 91

21     92.     Monsanto denies the allegations in paragraph 92.

22     93.     Monsanto denies the allegations in paragraph 93.

23     94.     Monsanto denies the allegations in paragraph 94.

24     95.     Monsanto denies the allegations in paragraph 95.

25     96.     Monsanto denies the allegations in paragraph 96.

26     97.     Monsanto denies the allegations in paragraph 97.

27     98.     In response to the allegations in paragraph 98, Monsanto admits that independent

28 experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-09067-VC

in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 98.

99.     In response to the allegations in paragraph 99, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 99.

100.     In response to the allegations in paragraph 100, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

101.     In response to the allegations in paragraph 101, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 101.

102.     Monsanto denies the allegations in paragraph 102.

103.     Monsanto denies the allegations in paragraph 103.

104.     Monsanto denies the allegations in paragraph 104.

105.     Monsanto denies the allegations in paragraph 105.

106.     Monsanto denies the allegations in paragraph 106.

107.     Monsanto denies the allegations in paragraph 107.

108.     Monsanto denies the allegations in paragraph 108.

109.     Monsanto denies the allegations in paragraph 109.

110.     Monsanto denies the allegations in paragraph 110.

111.     Monsanto denies the allegations in paragraph 111.

112.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 112 and therefore denies those allegations.

113.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 113 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-09067-VC

1      114.    There is no paragraph "114" in the Complaint, and therefore no response is

2  required

3      115.    Monsanto denies the allegations in paragraph 115.

4      116.    Monsanto incorporates by reference its responses to paragraphs 1 through 115 in

5  response to paragraph 116 of plaintiffs' Complaint.

6      117.    Monsanto denies the allegations in the first and second sentences of paragraph

7  117. Monsanto further states that the cited document speaks for itself and does not require a

8  response.

9      118.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

10  exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in

11  paragraph 118.  Monsanto states, however, that the scientific studies upon which IARC

12  purported to base its classification were all publicly available before March 2015.

13      119.    Monsanto denies the allegations in the first and last sentences of paragraph

14  119.  The remaining allegations in paragraph 119 set forth conclusions of law for which no

15  response is required.  Monsanto states, however, that the scientific studies upon which IARC

16  purported to base its classification were all publicly available before March 2015.

17      120.    In response to the allegations in paragraph 120, Monsanto denies that exposure to

18  Roundup®-branded products can cause NHL and other serious illnesses and therefore denies

19  those allegations in paragraph 120.  Monsanto states, however, that the scientific studies upon

20  which IARC purported to base its evaluation of glyphosate were all publicly available before

21  March 2015.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

22  of the remaining allegations in paragraph 120 and therefore denies those allegations.

23      121.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

24  and denies that there is any reliable scientific evidence that exposure to glyphosate or

25  Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific

26  studies upon which IARC purported to base its classification were all publicly available

27  before March 2015.  The remaining allegations in paragraph 121 set forth conclusions of law

28  for which no response is required, consist of attorney characterizations and are accordingly

1  denied, or comprise allegations for which Monsanto lacks information or knowledge

2  sufficient to form a belief as to the truth of the allegations and therefore denies those

3  allegations.

4        122.     Monsanto incorporates by reference its responses to paragraphs 1 through 121 in

5  response to paragraph 122 of plaintiffs' Complaint.

6        123.     The allegations in paragraph 123 set forth conclusions of law for which no

7  response is required.

8        124.     The allegations in paragraph 124 set forth conclusions of law for which no

9  response is required.

10        125.     Monsanto denies the allegations in paragraph 125.

11        126.     Monsanto denies the allegations in paragraph 126, including each of its subparts.

12        127.     Monsanto denies the allegations in paragraph 127.

13        128.     Monsanto denies the allegations in paragraph 128.

14        129.     Monsanto denies the allegations in paragraph 129, including each of its subparts.

15        130.     Monsanto denies the allegations in paragraph 130.

16        131.     Monsanto denies the allegations in paragraph 131.

17        132.     Monsanto denies the allegations in paragraph 132.

18        133.     Monsanto denies the allegations in paragraph 133.

19        134.     Monsanto denies the allegations in paragraph 134.

20        135.     Monsanto incorporates by reference its responses to paragraphs 1 through 134 in

21  response to paragraph 135 of plaintiffs' Complaint.

22        136.     The allegations in paragraph 136 set forth conclusions of law for which no

23  response is required.

24        137.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth

25  of the allegations in paragraph 137 and therefore denies those allegations.

26        138.     Monsanto denies the allegations in paragraph 138.  All labeling of Roundup®-

27  branded products has been and remains EPA-approved and in compliance with all federal

28  requirements under FIFRA.

1   139.   Monsanto denies the allegations in paragraph 139.

2   140.   Monsanto denies the allegations in paragraph 140.  All labeling of Roundup®-

3   branded products has been and remains EPA-approved and in compliance with all federal

4   requirements under FIFRA.

5   141.   Monsanto denies the allegations in paragraph 141.  All labeling of Roundup®-

6   branded products has been and remains EPA-approved and in compliance with all federal

7   requirements under FIFRA.

8   142.   Monsanto denies the allegations in paragraph 142.

9   143.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

10   of the allegations regarding plaintiff's use history in paragraph 143 and therefore denies those

11   allegations.  Monsanto denies the remaining allegations in paragraph 143.

12   144.   The allegations in paragraph 144 set forth conclusions of law for which no

13   response is required.

14   145.   Monsanto denies the allegations in paragraph 145.

15   146.   Monsanto denies the allegations in paragraph 146.

16   147.   Monsanto denies the allegations in paragraph 147.

17   148.   Monsanto denies the allegations that Roundup®-branded products are defective

18   and accordingly denies the allegations in paragraph 148.

19   149.   The allegations in paragraph 149 set forth conclusions of law for which no

20   response is required.

21   150.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

22   of the allegations in paragraph 150 and therefore denies those allegations.

23   151.   Monsanto denies the allegations in paragraph 151.

24   152.   Monsanto denies the allegations in paragraph 152.

25   153.   Monsanto denies the allegations in paragraph 153.

26   154.   Monsanto denies the allegations in paragraph 154.

27   155.   Monsanto denies the allegations in paragraph 155.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-09067-VC

156.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 156 and therefore denies those allegations.

157.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 157 and therefore denies those allegations.

158.     Monsanto denies the allegations in paragraph 158.

159.     Monsanto denies the allegations in paragraph 159.

160.     Monsanto denies the allegations in paragraph 160.

161.     Monsanto denies the allegations in paragraph 161, including each of its subparts.

162.     Monsanto denies the allegations in paragraph 162.

163.     In response to the allegations in paragraph 163, Monsanto denies that Roundup®-branded products have "dangerous characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 163 and therefore denies those allegations.

164.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 164 and therefore denies those allegations.

165.     Monsanto denies the allegations in paragraph 165.

166.     The allegations in paragraph 166 set forth conclusions of law for which no response is required.

167.     Monsanto denies the allegations in paragraph 167.

168.     Monsanto denies the allegations in paragraph 168.

169.     Monsanto denies the allegations in paragraph 169.

170.     Monsanto denies the allegations in paragraph 170.

171.     Monsanto denies the allegations in paragraph 171.

172.     Monsanto denies the allegations in paragraph 172.

173.     Monsanto denies the allegations in paragraph 173.

174.     Monsanto denies the allegations in paragraph 174.

175.     Monsanto denies the allegations in paragraph 175.

176.     Monsanto denies the allegations in paragraph 176.

1        177.    Monsanto denies the allegations in paragraph 177, including each of its subparts.

2        178.    Monsanto denies the allegations in paragraph 178.

3        179.    Monsanto denies the allegations in paragraph 179.

4        180.    Monsanto incorporates by reference its responses to paragraphs 1 through 179 in

5    response to paragraph 180 of plaintiffs' Complaint.

6        181.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

7    of the allegations in paragraph 181 concerning plaintiff's claimed use of Roundup®-branded

8    products and therefore denies those allegations.

9        182.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

10   of the allegations in paragraph 182 concerning plaintiff's claimed use of Roundup®-branded

11   products and therefore denies those allegations.  Monsanto denies the remaining allegations in

12   paragraph 182.

13       183.    In response to the allegations in paragraph 183, Monsanto denies that it breached

14   any warranty.  Monsanto states that the exhibit attached to the complaint (and cited in paragraph

15   183) speaks for itself and does not require a response.

16       184.    Monsanto denies the allegations in paragraph 184.

17       185.    Monsanto denies the allegations in paragraph 185.

18       186.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

19   of the allegations in paragraph 186 concerning plaintiff's claimed use of Roundup®-branded

20   products and therefore denies those allegations.  The remaining allegations in paragraph 186 set

21   forth conclusions of law for which no response is required.

22       187.    The allegations in paragraph 187 set forth conclusions of law for which no

23   response is required.

24       188.    Monsanto denies the allegations in paragraph 188.

25       189.    The allegation in paragraph 189 regarding a purported implied warranty sets forth

26   a conclusion of law for which no response is required. Monsanto lacks information or knowledge

27   sufficient to form a belief as to the truth of the remaining allegations in paragraph 189 and

28   therefore denies those allegations.

190.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 190 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies the allegations in paragraph 190.

191.    Monsanto denies the allegations in paragraph 191.

192.    Monsanto denies the allegations in paragraph 192.

193.    Monsanto denies the allegations in paragraph 193.

194.    Monsanto denies the allegations in paragraph 194.

195.    Monsanto incorporates by reference its responses to paragraphs 1 through 194 in response to paragraph 195 of plaintiffs' Complaint.

196.    Monsanto incorporates by reference its responses to paragraphs 1 through 195 in response to paragraph 196 of plaintiffs' Complaint.

197.    Monsanto denies the allegations in paragraph 197, including each of its subparts.

198.    Monsanto denies the allegations in paragraph 198, including each of its subparts.

199.    The allegations in paragraph 199 set forth conclusions of law for which no response is required.

200.    In response to paragraph 200, Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-09067-VC

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claim in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.   If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give proper notice of any breach thereof.

17.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiffs' claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

19.     Plaintiffs' claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

20.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

21.     If plaintiffs' have been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-09067-VC

1    22.    Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the

2    laws of states that do not govern plaintiffs' claims.

3    23.    Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that

4    are governed by the laws of a state that does not recognize, or limits, such claims.

5    24.    Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiff

6    received from collateral sources.

7    25.    Plaintiffs' claims are barred, in whole or in part, by application of Tex. Civ. Prac.

8    & Rem. Code Ann. § 82.008.

9    26.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

10   may become available or apparent during the course of discovery and thus reserves its right to

11   amend this Answer to assert such defenses.

12   **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

13   plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such

14   other relief as the Court deems equitable and just.

15   **JURY TRIAL DEMAND**

16   Monsanto demands a jury trial on all issues so triable.

17   DATED:  December 29, 2020                    Respectfully submitted,

18

19                                               /s/ Joe G. Hollingsworth
                                                 Joe G. Hollingsworth (*pro hac vice*)
20                                               (jhollingsworth@hollingsworthllp.com)
                                                 Eric G. Lasker (*pro hac vice*)
21                                               (elasker@hollingsworthllp.com)
                                                 HOLLINGSWORTH LLP
22                                               1350 I Street, N.W.
                                                 Washington, DC  20005
23                                               Telephone:  (202) 898-5800
                                                 Facsimile:   (202) 682-1639
24
                                                 *Attorneys for Defendant*
25                                               *MONSANTO COMPANY*

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-09067-VC