**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br> Case No. 3:16-md-02741-VC |
| This document relates to: <br><br> *Timothy M. Bulger and Cynthia Bulger* <br> *v. Monsanto Co.*, <br> Case No. 3:20-cv-09072-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs Timothy M. Bulger and Cynthia Bulger's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.     The allegations in paragraph 4 set forth conclusions of law for which no response is required.

5.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies those allegations.

6.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies those allegations.

7.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies those allegations.

8.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies those allegations.

10.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies those allegations.

11.     Monsanto admits the allegations in paragraph 11.

12.     The allegations in paragraph 12 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

13.     In response to the allegations in paragraph 13, Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate and that Monsanto has manufactured Roundup®-branded products that have glyphosate as the active ingredient, but notes that Monsanto has not been the only manufacturer of glyphosate-based herbicides.

14.     Monsanto denies the allegations in paragraph 14.

15.     Monsanto admits the allegations in the first and second sentences of paragraph 15. Monsanto also admits that glyphosate was one of the world's most widely used herbicides in 2013, but notes that Monsanto has not been the only manufacturer of glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 15 and therefore denies those allegations.

16. In response to the allegations in paragraph 16, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware. Monsanto admits that it and affiliated companies have operations and offices in countries around the world. Monsanto admits that it has been a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 16. Monsanto admits that it has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 16 and therefore denies those allegations.

17. Monsanto admits the allegations in the first sentence of paragraph 17. Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media. Monsanto denies the remaining allegations in paragraph 17.

18. Monsanto admits the allegations in the first sentence of the first-numbered paragraph 18. Monsanto denies the allegations in the second sentence of the first-numbered paragraph 18 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

19. Monsanto admits the allegations in the first sentence of second-numbered paragraph 19. Monsanto denies the allegations in the second sentence of the second-numbered paragraph 19.

20. In response to the allegations in paragraph 20, Monsanto admits that the IARC working group classified glyphosate under Group 2A. Monsanto denies the remaining allegations in paragraph 20.

21. Monsanto denies the allegations in paragraph 21.

22.     In response to the allegations in paragraph 22, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.  To the extent that paragraph 22 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

23.     The allegations in paragraph 23 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 25 based upon the allegations in plaintiffs' Complaint.

24.     Monsanto admits the allegations in paragraph 24.

25.     The allegations in paragraph 25 set forth conclusions of law for which no response is required.

26.     The allegations in the first sentence of paragraph 26 set forth conclusions of law for which no response is required.  Monsanto admits the allegations in the second sentence of paragraph 26.  In response to the allegations in the final sentence of paragraph 26, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

27.     In response to the allegations in paragraph 27, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 27 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and therefore denies those allegations.

28.     Monsanto admits the first sentence of paragraph 28.  Monsanto denies the allegations in the second sentence of paragraph 28 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant.  Monsanto denies the allegations in the third sentence of paragraph 28 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

29.     In response to the allegations in paragraph 29, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 29.

30.     Monsanto admits the allegations in the first two sentences of paragraph 30 and admits that at all relevant times it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA.  Monsanto denies the remaining allegations in paragraph 30.

31.     The allegations in paragraph 31 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 31.

32.     In response to the allegations in paragraph 32, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 32 set forth conclusions of law for which no response is required.

33.     The allegations in paragraph 33 set forth conclusions of law for which no response is required.

34.     In response to the allegations in paragraph 34, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution in the United States, including in Missouri and New York.

35.     In response to the allegations in paragraph 35, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and

1  environmental safety of their products and further admits that EPA will not register or approve

2  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

3  states that the term "the product tests" in the final sentence of paragraph 35 is vague and

4  ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 35

5  set forth conclusions of law for which no response is required.

6      36.    Monsanto denies the allegations in paragraph 36 to the extent they suggest that

7  EPA only evaluates the safety of pesticide products on the date of their initial registration.

8  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

9  products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

10  of the allegations in paragraph 36 regarding such pesticide products generally.  The remaining

11  allegations in paragraph 36 set forth conclusions of law for which no response is required.

12      37.    In response to the allegations in paragraph 37, Monsanto admits that EPA has

13  undertaken a regulatory review of glyphosate and that EPA has not released its final findings.

14  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs

15  ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that

16  "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses

17  relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October

18  2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which

19  CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic

20  to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed,

21  lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion

22

23

24  [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/

25  document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic

26  potential.
   [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,

27  U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final

28  Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3] Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies those allegations.

38.     In response to the allegations in paragraph 38, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 39 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

40.     In response to the allegations in paragraph 40, Monsanto admits that Industrial Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

41.     Monsanto denies the allegations in paragraph 41 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

1   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

2   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 41 are

3   intended to suggest that Monsanto was anything other than a victim of this fraud, such

4   allegations also are denied.

5       42.      In response to the allegations in paragraph 42, Monsanto admits that three IBT

6   employees were convicted of the charge of fraud, but Monsanto denies that any of the

7   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

8   herbicides.

9       43.      In response to the allegations in paragraph 43, Monsanto admits that it – along

10  with numerous other private companies – hired Craven Laboratories as an independent

11  laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto further

12  admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the

13  studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations

14  in paragraph 43 are intended to suggest that Monsanto was anything other than a victim of this

15  fraud, Monsanto denies those allegations.

16      44.      Monsanto denies the allegations in paragraph 44.

17      45.      Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in the third sentence of paragraph 45 regarding alleged reliance by the

19  public and EPA and therefore denies those allegations.  Monsanto denies the remaining

20  allegations in paragraph 45.

21      46.      Monsanto denies the allegations in paragraph 46.

22      47.      In response to the allegations in paragraph 47, Monsanto admits that in March

23  2015, the Joint Glyphosate Task Force issued a press release, which speaks for itself.  Monsanto

24  denies the remaining allegations in paragraph 47.

25      48.      Monsanto admits the allegations in the first sentence of paragraph 48.  Monsanto

26  denies the remaining allegations in paragraph 48.

27      49.      In response to the allegations in paragraph 49, Monsanto admits that it brought a

28  lawsuit in California challenging the notice of intent by the California Office of Environmental

1   Health Hazard Assessment ("OEHHA") to include glyphosate on its Proposition 65 list.

2   Monsanto denies the remaining allegations in paragraph 49.  Monsanto states that OEHHA

3   decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in

4   a process that OEHHA itself considers "ministerial" and "automatic" without any role for

5   consideration of the weight or quality of the evidence considered by IARC.  Monsanto further

6   states that this decision was not based upon any independent scientific analysis of glyphosate but

7   instead was in response to a provision of a California ballot proposition triggering such action

8   based solely upon the IARC classification, and indeed was contrary to OEHHA's own

9   conclusion in 2007, based upon its own independent evaluation of the same scientific evidence,

10  that glyphosate is "unlikely to pose a cancer hazard to humans."   Monsanto contends that

11  OEHHA's decision that it was required to list glyphosate violates the United States Constitution

12  and the California Constitution.  On February 26, 2018, a federal district court enjoined

13  California from requiring Proposition 65 warning labels for glyphosate as unconstitutional.

14      50.     In response to the allegations in paragraph 50, Monsanto admits that Roundup®-

15  branded products are highly valued by customers because of their efficacy and safety.  Monsanto

16  also admits that the patent for glyphosate expired in the United States in 2000.  The remaining

17  allegations in paragraph 50 are vague and conclusory and comprise attorney characterizations,

18  and are accordingly denied.

19      51.     In response to the allegations in paragraph 51, Monsanto admits that, following

20  the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such

21  seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks

22  information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

23  cited in paragraph 51 and accordingly denies those allegations.  The remaining allegations in

24  paragraph 51 are vague and conclusory and comprise attorney characterizations, and are

25  accordingly denied.

26      52.     In response to the allegations in paragraph 52, Monsanto admits that glyphosate is

27  one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

28  is the only company that has sold glyphosate or glyphosate-based herbicides.  Monsanto lacks

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-09072-VC

1   information or knowledge sufficient to form a belief as to the accuracy of the specific numbers

2   cited in paragraph 52 and accordingly denies the same.  Monsanto denies the allegations in the

3   last two sentences of paragraph 52.  The remaining allegations in paragraph 52 are vague and

4   conclusory and comprise attorney characterizations, and are accordingly denied.

5          53.     In response to the allegations in paragraph 53, Monsanto admits that the New

6   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

7   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

8   admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

9   General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

10  the subparts purport to quote a document, the document speaks for itself and thus does not

11  require any further answer.  The remaining allegations in paragraph 53 are vague and conclusory

12  and comprise attorney characterizations, and are accordingly denied.

13         54.     In response to the allegations in paragraph 54, Monsanto admits it entered into an

14  assurance of discontinuance with the New York Attorney General.  The assurance speaks for

15  itself and thus does not require any further answer.  The remaining allegations in paragraph 54

16  are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

17         55.     Monsanto denies the allegations in paragraph 55.

18         56.     In response to the allegations in paragraph 56, Monsanto admits that the French

19  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

20  that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling

21  was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto

22  denies the remaining allegations in paragraph 56.

23         57.     In response to the allegations in paragraph 57, Monsanto denies that IARC

24  follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information

25  or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in

26  paragraph 57, which are not limited as of any specified date, and accordingly denies the same.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-09072-VC

1    58.    In response to the allegations in paragraph 58, Monsanto admits that IARC sets

2  forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations.

3  Monsanto denies the remaining allegations in paragraph 58.

4    59.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

5  research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it

6  cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form

7  a belief as to the truth of the remaining allegations in paragraph 59 and therefore denies those

8  allegations.

9    60.    Monsanto denies any suggestion that IARC reviewed the full body of scientific

10  research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it

11  cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form

12  a belief as to the truth of the remaining allegations in paragraph 60 and therefore denies those

13  allegations.

14    61.    Monsanto denies the allegations in paragraph 61 to the extent that they suggest

15  that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified

16  glyphosate as a Group 2A agent in March 2015.

17    62.    In response to the allegations in paragraph 62, Monsanto admits that IARC issued

18  its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the

19  monograph was prepared by a "working group" of individuals selected by IARC who met over a

20  one week period in March 2015 to consider glyphosate along with a number of other substances.

21  Monsanto denies the allegation that all members of the working group are "experts."  Monsanto

22  denies that the working group or anyone at IARC conducted a one-year review of the scientific

23  evidence related to glyphosate or that the working group's findings reflected a comprehensive

24  review of the latest available scientific evidence.  Monsanto also denies that the working group

25  considered all information available in the scientific literature and all data from government

26  reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 62.

27    63.    In response to the allegations in paragraph 63, Monsanto denies that the IARC

28  working group considered all of the data in the numerous studies that have been conducted

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-09072-VC

looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group.  To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

64.     The allegations in paragraph 64 are vague and conclusory.  To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

65.     In response to the allegations in paragraph 65, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 65 are denied.

66.     In response to the allegations in paragraph 66, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

67.     Monsanto denies the allegations in paragraph 67.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

68.     In response to the allegations in paragraph 68, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

69.     In response to the allegations in paragraph 69, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 69.

70.     In response to the allegations in paragraph 70, Monsanto admits that the IARC working group purported to make these findings but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA is present or persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 70.

71.     In response to the allegations in paragraph 71, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration.  Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining allegations in paragraph 71.

72.     In response to the allegations in paragraph 72, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 72.

73.     In response to the allegations in paragraph 73, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 73.

74.     In response to the allegations in paragraph 74, Monsanto admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water

Regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

75.     In response to the allegations in paragraph 75, Monsanto admits that the Complaint accurately quotes from the identified document, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

76.     In response to the allegations in paragraph 76, Monsanto admits that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate.  Monsanto notes that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).

77.     In response to the allegations in paragraph 77, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 77.

78.     In response to the allegations in paragraph 78, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the remaining allegations in paragraph 78.

79.     Monsanto admits that, in France, the sale to and use by amateurs (*i.e.*, non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions.  Monsanto denies the remaining allegations in paragraph 79.

80.     In response to the allegations in paragraph 80, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same. Monsanto denies the remaining allegations in paragraph 80.

81.     In response to the allegations in paragraph 81, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiffs' allegations regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 81.

82.     In response to the allegations in paragraph 82, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns.  As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto denies the remaining allegations in paragraph 82.

83.     Monsanto incorporates by reference its responses to paragraphs 1 through 82 in response to paragraph 83 of plaintiffs' Complaint.

84.     In response to the allegations in paragraph 84, Monsanto admits that plaintiffs purport to bring a claim for strict liability design defect, but denies any liability as to that claim.

85.     In response to the allegations in paragraph 85, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used Roundup®-branded products and therefore denies that allegation.  Monsanto denies the remaining allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 87 and therefore denies those allegations.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91 and each of its subparts.

92.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 92 concerning plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 92, including that Roundup®-branded products have "dangerous characteristics."

93.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 93 concerning plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 93, including that Roundup®-branded products have "dangerous characteristics."

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto denies the allegations in paragraph 99.

100.    Monsanto denies the allegations in paragraph 100.

101.    Monsanto denies the allegations in paragraph 101.

In response to the first sentence of the "WHEREFORE" paragraph following paragraph 101, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the second sentence of the "WHEREFORE"

paragraph following paragraph 101 sets forth conclusions of law for which no response is required.

102. Monsanto incorporates by reference its responses to paragraphs 1 through 101 in response to paragraph 102 of plaintiffs' Complaint.

103. In response to the allegations in paragraph 103, Monsanto admits that plaintiffs purport to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

104. Monsanto denies the allegations in paragraph 104.

105. In response to the allegations in paragraph 105, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff or other entities identified purchased or used Roundup®-branded products and therefore denies that allegation. The allegations in paragraph 105 also set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 105.

106. The allegations in paragraph 106 set forth conclusions of law for which no response is required.

107. Monsanto denies the allegations in paragraph 107. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

108. Monsanto denies the allegations in paragraph 108.

109. Monsanto denies the allegations in paragraph 109.

110. Monsanto denies the allegations in paragraph 110.

111. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 111 and therefore denies those allegations.

112. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 112 concerning plaintiff's alleged use of Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 112, including that Roundup®-branded products have "dangerous characteristics."

113. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 113 concerning plaintiff's alleged use and exposure to

Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 113, including that Roundup®-branded products have "dangerous characteristics."

114.    Monsanto denies the allegations in paragraph 114.

115.    Monsanto denies the allegations in paragraph 115.

116.    Monsanto denies the allegations in paragraph 116.

117.    Monsanto denies the allegations in paragraph 117.

118.    Monsanto denies the allegations in paragraph 118.

119.    Monsanto denies the allegations in paragraph 119.

120.    Monsanto denies the allegations in paragraph 120.

121.    Monsanto denies the allegations in paragraph 121.

122.    Monsanto denies the allegations in paragraph 122.

In response to the first sentence of the "WHEREFORE" paragraph following paragraph 122, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the second sentence of the "WHEREFORE" paragraph following paragraph 122 sets forth conclusions of law for which no response is required.

123.    Monsanto incorporates by reference its responses to paragraphs 1 through 122 in response to paragraph 123 of plaintiffs' Complaint.

124.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 124 regarding the specific products allegedly used by plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore denies the allegations in paragraph 124.

125.    The allegations in paragraph 125 set forth conclusions of law for which no response is required.

1     126.    The allegations in paragraph 126 set forth conclusions of law for which no

2  response is required.

3     127.    Monsanto denies the allegations in paragraph 127.

4     128.    Monsanto denies the allegations in paragraph 128.

5     129.    Monsanto denies the allegations in paragraph 129.  All labeling of Roundup®-

6  branded products has been and remains EPA-approved and in compliance with all federal

7  requirements under FIFRA.

8     130.    Monsanto denies the allegations in paragraph 130.

9     131.    Monsanto denies the allegations in paragraph 131.

10     132.    Monsanto denies the allegations in paragraph 132, including each of its subparts.

11     133.    Monsanto denies the allegations in paragraph 133.

12     134.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13  truth of the allegations in paragraph 134 regarding plaintiff's knowledge and therefore Monsanto

14  denies those allegations.  Monsanto denies the remaining allegations in paragraph 134, including

15  that intended use and/or exposure to Roundup®-branded products causes any injuries.

16     135.    Monsanto denies the allegations in paragraph 135.

17     136.    Monsanto denies the allegations in paragraph 136.

18     137.    Monsanto denies the allegations in paragraph 137.  All labeling of Roundup®-

19  branded products has been and remains EPA-approved and in compliance with all federal

20  requirements under FIFRA.

21     In response to the first sentence of the "WHEREFORE" paragraph following paragraph

22  137, Monsanto demands that judgment be entered in its favor and against plaintiffs; that

23  plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

24  and reasonable attorney's fees as allowed by law and such further and additional relief as this

25  Court may deem just and proper.  The statement in the second sentence of the "WHEREFORE"

26  paragraph following paragraph 137 sets forth conclusions of law for which no response is

27  required.

28

1    138.    In response to the allegations in paragraph 138, Monsanto denies that plaintiffs

2    have alleged fraud, let alone fraud with specificity.  Monsanto incorporates by reference its

3    responses to paragraphs 1 through 137 in response to paragraph 138 of plaintiffs' Complaint.

4    139.    Monsanto denies the allegations in paragraph 139.

5    140.    Monsanto denies the allegations in paragraph 140.

6    141.    Monsanto denies the allegations in paragraph 141.

7    142.    Monsanto denies the allegations in paragraph 142.

8    143.    Monsanto denies the allegations in paragraph 143.

9    144.    Monsanto denies the allegations in paragraph 144.

10   145.    Monsanto denies the allegations in paragraph 145.

11   146.    Monsanto lacks information or knowledge sufficient to form a belief as to the

12   truth of the allegations in paragraph 146 regarding plaintiff's actions, and therefore Monsanto

13   denies those allegations.  Monsanto denies the remaining allegations in paragraph 146.

14   147.    Monsanto denies the allegations in paragraph 147.

15   148.    Monsanto denies the allegations in paragraph 148.

16   In response to the "WHEREFORE" paragraph following paragraph 148 Monsanto

17   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

18   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

19   fees as allowed by law and such further and additional relief as this Court may deem just and

20   proper.

21   149.    In response to the allegations in paragraph 149, Monsanto denies that plaintiffs

22   have alleged fraud, let alone fraud with specificity.  Monsanto incorporates by reference its

23   responses to paragraphs 1 through 148 in response to paragraph 149 of plaintiffs' Complaint.

24   150.    The allegations in paragraph 150 are confusing and unintelligible and therefore no

25   response is required.  To the extent a response is required, Monsanto denies the allegations in

26   paragraph 150.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-09072-VC

151.     The allegations in paragraph 151 are confusing and unintelligible and therefore no response is required.  To the extent a response is required, Monsanto denies the allegations in paragraph 151.

152.     Monsanto denies the allegations in paragraph 152.

153.     The allegations in paragraph 153 are confusing and unintelligible and therefore no response is required.  To the extent a response is required, Monsanto denies the allegations in paragraph 153.

154.     Monsanto denies the allegations in paragraph 154.

155.     Monsanto denies the allegations in paragraph 155.

156.     Monsanto denies the allegations in paragraph 156.

157.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 157 regarding plaintiff's actions, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 157.

158.     Monsanto denies the allegations in paragraph 158.

159.     Monsanto denies the allegations in paragraph 159.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

160.     Monsanto denies the allegations in paragraph 160.

In response to the "WHEREFORE " paragraph following paragraph 160 Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

161.     The allegations in paragraph 161 set forth conclusions of law for which no response is required.  In addition, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 161 regarding the marital status of plaintiff and accordingly denies those allegations.

162.     Monsanto denies the allegations in paragraph 162.

163.    Monsanto denies the allegations in paragraph 163.

In response to the "WHEREFORE " paragraph following paragraph 163, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

164.    In response to the allegations in paragraph 164, Monsanto denies that it violated the laws of plaintiffs' home states or federal law and states that it complied with all applicable law regarding Roundup®-branded products.  The remaining allegations in paragraph 164 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies all such allegations.

165.    The allegations in paragraph 165 set forth conclusions of law for which no response is required.

166.    Monsanto denies the allegations in the first sentence of paragraph 166.  The second sentence of paragraph 166 sets forth a conclusion of law for which no response is required.

In response to the "WHEREFORE" paragraph following paragraph 166, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

- 24 -

11. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims in whole or in part.

12. Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13. Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14. If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15. Monsanto had no legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

16. Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17. Plaintiffs' claims for punitive, exemplary, aggravated, and/or treble damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the New York Constitution, and/or other applicable state constitutions.

18. Plaintiffs' claims for punitive, exemplary, aggravated, and/or treble damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under New York law and/or other applicable state laws.

19. Plaintiffs' claims for punitive, exemplary, aggravated, and/or treble damages are barred and/or limited by operation of state and/or federal law.

20. Plaintiffs' claims are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

21.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate damages.

22.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

23.     Plaintiffs have failed to allege fraud with sufficient particularity.

24.     If plaintiffs have been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

25.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

26.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     To the extent that plaintiffs recovered payments for plaintiffs' alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under NY CPLR § 4545.

28.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

1

## JURY TRIAL DEMAND

2

Monsanto demands a jury trial on all issues so triable.

3

DATED:  January 8, 2021                          Respectfully submitted,

4

5

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)

6

(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)

7

(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP

8

1350 I Street, N.W.
Washington, DC  20005

9

Telephone:  (202) 898-5800
Facsimile:   (202) 682-1639

10

11

*Attorneys for Defendant*
*MONSANTO COMPANY*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-09072-VC