# EXHIBIT 12

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | Case No. 1:14-cv-1748 MDL No. 2545 |
| | Hon. Matthew F. Kennelly |
| THIS DOCUMENT RELATES TO ALL CASES | |

CORRECTED
CASE MANAGEMENT ORDER NO. 16
(Establishing Common Benefit Fee and Expense Funds)

## I.    SCOPE OF ORDER

This Order is entered to provide for the fair and equitable sharing among plaintiffs, and

their counsel, of the burden of services performed and expenses incurred by attorneys acting for

the common benefit of all plaintiffs in this complex litigation.

### A.    Governing Principles and the Common Benefit Doctrine

The governing principles are derived from the United States Supreme Court's common

benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, *inter*

*alia*, *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884); *Sprague v. Ticonic*

*National Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970);

*Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL

context, in *inter alia*, *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549

F.2d 1006, 1019-21 (5th Cir. 1977); and *In re MGM Grand Hotel Fire Litigation*, 660 F.Supp.

522, 525-29 (D. Nev. 1987).  Common benefit work product includes all work performed for the

benefit of all plaintiffs, including pre-trial matters, discovery, trial preparation, a potential

settlement process, and all other work that advances this litigation to conclusion.

### B. Application of this Order

This Order applies to all cases now pending, as well as to any case later filed in, transferred to, or removed to this Court and treated as part of the coordinated proceeding known as *In re Testosterone Replacement Therapy Products Liability Litigation*, MDL 2545 (the "MDL"). This Order further applies to: (1) each attorney who represents a plaintiff with a case now pending in or later filed in, transferred to, or removed to this Court, regardless of whether the plaintiff's attorney signs the "Participation Agreement" attached hereto as Exhibit A, and regardless of whether the attorney also has cases outside the MDL (filed or unfiled) ("the MDL Plaintiffs' Counsel"); and (2) each attorney who represents only plaintiffs with cases filed in state court who elects to sign the Participation Agreement ("the Participating Non-MDL Plaintiffs' Counsel") (together with the MDL Plaintiffs' Counsel, "Participating Counsel").

### C. Participation Agreement (Exhibit A)

Exhibit A, attached hereto and incorporated herein, is a voluntary Participation Agreement between: (1) the Plaintiffs' Steering Committee ("PSC") and other plaintiffs' attorneys who perform common benefit work in connection with the MDL, and (2) plaintiffs' attorneys with cases solely in state court who elect to sign the Participation Agreement. The Participation Agreement is a private and cooperative agreement between plaintiffs' attorneys only; and not defendants or defendants' counsel. All plaintiffs' attorneys who currently have cases pending in any state court and who want to become a Participating Counsel shall, within 45 days of this Order, execute the Participation Agreement. Any plaintiffs' attorney who does not yet have a TRT case filed in any federal or state court and who wants to become a Participating Counsel shall execute the Participation Agreement within 45 days of the date their first case is filed in any state court, if that lawyer intends to voluntarily become a Participating Counsel at the

fee and expense percentages set forth herein. Failure to execute a Participation Agreement indicating that an attorney will be a Participating Counsel within the time frame set forth in this paragraph will result in higher percentages for common benefit assessment as a result of such later participation. More specifically, and as set forth in the Participation Agreement, the higher fee percentage for failure to execute a Participation Agreement indicating that an attorney will be a Participating Counsel within the time frame set forth in this paragraph shall increase from 8% to 16% (for a total assessment increasing from 10% to 18%).

Participating Counsel shall be entitled to receive all the common benefit work product performed by the PSC. Counsel who choose not to execute the Participation Agreement are not entitled to receive common benefit work product and may be subject to an increased assessment on all TRT cases in which they have a fee interest if they receive common benefit work product or otherwise benefit by the work performed by Participating Counsel.

The Court recognizes the jurisdictional rights and obligations of the state courts to conduct their state court litigation as they so determine and that the state court litigations may include counsel who are Participating Counsel. The Participation Agreement and this Order shall not be cited by a Party to the Participation Agreement in any other court in support of a position that adversely impacts the jurisdictional rights and obligations of the state courts and state court Participating Counsel.

## II.    COMMON BENEFIT EXPENSES

### A.    Qualified Expenses Eligible for Reimbursement

In order to be eligible for reimbursement of common benefit expenses, said expenses must meet the requirements of this section and the limitations set forth in the Participation Agreement. Specifically, said expenses must be: (a) for the common benefit; (b) appropriately

authorized (as defined in footnote 1 in the Participation Agreement); (c) timely submitted within the defined limitations set forth in this Order; and (d) verified by a partner or shareholder in the submitting firm.

Time and expense submissions are to be made on the 15th of each month, beginning on December 15, 2014. Each submission should contain all time and expenses incurred during the calendar month prior to the submission date (*i.e.*, the January 15, 2015 submission should include all time and expenses incurred during the month of December 2014), though the first submission should include all time and expenses incurred through November 30, 2014. All time and expense submissions should be accompanied by contemporaneous records and verified by a partner or shareholder in the submitting firm. In addition, each firm that makes a common benefit time and/or cost submission for a given month shall also be required to submit a brief summary (no more than 2 or 3 sentences) summarizing the contribution that each time keeper from that law firm made toward the common benefit and advancement of the litigation. Submissions of time and expense made after the 15th day of the month following the month in which the time or expense were incurred may be rejected. Only time and expense incurred after the entry of CMO #4 by this Court appointing Plaintiffs' Leadership on July 31, 2014 (plus any time and expense incurred by those appointed to leadership in complying with the terms of CMO #1) shall be submitted and considered for common benefit consideration. Moreover, only that time and those expenses incurred for the common benefit of all cases, consistent with the terms of this Order (*e.g.*, activities associated with completing the items to comply with CMO #1), shall be considered for common benefit reimbursement at the end of the litigation.

### B.   Shared and Held Common Benefit Expenses

#### 1.   Shared Costs

Shared Costs are costs incurred for the common benefit of all plaintiffs.  Shared Costs are

costs that will be paid out of a separate TRT Operating Expense Fund established and

administered by Plaintiffs' Liaison Counsel and funded by all members of the PSC and others as

determined by Plaintiffs' Co-Lead Counsel.  All Shared Costs must be approved by Plaintiffs'

Co-Lead Counsel or the Plaintiffs' Executive Committee prior to payment.  Shared Costs

include:  (a) certain filing and service costs;  (b) deposition, court reporter, and video technician

costs for non-case specific depositions; (c) costs necessary for creation of a document depository,

the operation and administration of the depository, and any equipment required for the

depository; (d) Plaintiffs' Co-Lead Counsel, Executive Committee, and Liaison Counsel

administrative matters (*e.g.*, expenses for equipment, technology, courier services, telecopier,

electronic service, photocopy and printing, secretarial/temporary staff, etc.); (e) PSC group

administration matters such as PSC or PEC meetings;  (f) accountant fees;  (g) generic expert

witness and consultant fees and expenses;  (h) printing, copying, coding, scanning (out of house

or extraordinary firm cost); (i) research by outside third party vendors/consultants/ attorneys;  (j)

translation costs; (k) bank or financial institution charges; (l) certain investigative services, and

(m) special master and/or mediator charges.

#### 2.   Held Costs

Held Costs are those that will be carried by each Participating Counsel in MDL 2545.

Held Costs are those that do not fall into any of the above categories of shared costs, but are

incurred for the benefit of all plaintiffs.  By way of example, travel costs incurred by a firm for

travel to undertake common benefit work shall be held costs. Held costs can also include

unreimbursed, but authorized, shared costs.  No specific client-related costs shall be considered as Held Costs, unless the case is detemined by Plaintiffs' Co-Lead Counsel to be a "common benefit case," *e.g.*, certain bellwether cases as determined by Plaintiffs' Co-Lead Counsel.

### C.    Authorization and Submission

The Participation Agreements sets forth the guideliness for authorizating and submitting expenses for the common benefit which shall be followed.

### D.    Expenses Limitations

#### 1.    Travel Limitations

Except in extraordinary circumstances approved in advance by Plaintiffs' Co-Lead Counsel, all travel reimbursements are subject to the following limitations:

> i.  <u>Air Travel</u>: Only the price of a coach seat for a reasonable itinerary will be reimbursed.  Business/First Class Airfare will ***not*** be fully reimbursed, except for international flights, which requires prior approval by Plaintiffs Co-Lead Counsel in order to be considered for reimbursement.  Use of a private aircraft will not be reimbursed. If Business/First Class Airfare is used on domestic flights then the difference between the Business/First Class Airfare and the coach airfare must be shown on the travel reimbursement form, and only the coach fare will be will be reimbursed.

> ii.  <u>Hotel</u>:  Hotel room charges for the average available room rate of a business hotel, including the Hyatt, Westin, and Marriott hotels, in the city in which the stay occurred will be reimbursed.  Luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.

> iii.  <u>Meals</u>:  Meal expenses must be reasonable.

> iv.  <u>Cash Expenses</u>:  Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

> v.  <u>Rental Automobiles</u>:  Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available.  If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel.

vi. <u>Mileage</u>:  Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm.  The maximum allowable rate will be the maximum rate allowed by the IRS (currently 56 cents per mile).

**2.**    **Non-Travel Limitations**

i. <u>Shipping, Courier, and Delivery Charges</u>:  All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

ii. <u>Postage Charges</u>:  A contemporaneous postage log or other supporting documentation must be maintained and submitted.  Postage charges are to be reported at actual cost.

iii. <u>Telefax Charges</u>:  Contemporaneous records should be maintained and submitted showing faxes sent and received.  The per-fax charge shall not exceed $1.00 per page.

iv.  <u>In-House Photocopy</u>:  A contemporaneous photocopy log or other supporting documentation must be maintained and submitted.  The maximum copy charge is 15¢ per page.

v.  <u>Computerized Research – Lexis/Westlaw</u>:  Claims for Lexis or Westlaw, and other computerized legal research expenses should be in the exact amount charged to or allocated by the firm for these research services.

**E.**    **Verification**

The forms detailing expenses shall be certified by a senior partner in each firm attesting to the accuracy of the submissions.  Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification if accompanied by a declaration from counsel that work was performed and paid for the common benefit.

**III.**    **COMMON BENEFIT WORK**

**A.**    **Qualified Common Benefit Work Eligible for Reimbursement**

Only Participating Counsel are eligible for reimbursement for time and efforts expended for the common benefit.   Participating Counsel shall be eligible for reimbursement for time and

efforts expended for common benefit work if said time and efforts are: (a) for the common

benefit; (b) appropriately authorized (as described in footnote 1 of the Participation Agreement);

(c) timely submitted; and (d) verified by a partner or shareholder in the submitting firm.

Common benefit work shall only be performed by employees of the law firm submitting

time/expenses and time/expenses by contract attorneys will not be compensated/reimbursed.

Not all common benefit hours billed/submitted are equal. There is no guaranty that all of the

time submitted by any firm will be compensated and the hourly rate for the work that is

compensated is not guaranteed. Moreover, if counsel is a member of the Plaintiffs' Steering

Committee and fails to timely submit capital contributions as may be requested by Co-Lead

Counsel throughout this litigation, such counsel and members of his/her firm shall not be

allowed to submit common benefit time or expenses for reimbursement.

### B. Compensable Common Benefit Work Defined

As the litigation progresses and common benefit work product continues to be generated,

the Co-Lead Counsel, Plaintiffs' Executive Committee and the Co-Chairs of the committees

established by Co-Lead Counsel may assign Participating Counsel with common benefit work;

common benefit work shall include only work specifically assigned. Examples of common

benefit work include, but are not limited to, maintenance of the document review database;

review and document coding; expert retention and development authorized by Co-Lead Counsel

and/or Co-Chairs of the Science and Expert Committee; preparing for and conducting authorized

depositions of Defendants, third-party witnesses, and experts; and activities associated with

preparation for trial and the trial of any cases designated as "common benefit trials" by

Plaintiffs' Co-Lead Counsel. Only common benefit work performed by an employee of the law

firm assigned the task will be compensated; work performed by contract lawyers will not be compensated.

### C. Authorization and Time Keeping

All time must be authorized and accurately and contemporaneously maintained. Time shall be kept according to these guidelines as set forth in the Participation Agreement and approved by Plaintiffs' Co-Lead Counsel, Plaintiffs' Executive Committee and the Co-Chairs of the committees established by Co-Lead Counsel.

## IV. PLAINTIFFS' LITIGATION FEE AND EXPENSE FUNDS

### A. Establishing the Fee and Expense Funds

At an appropriate time, Plaintiffs' Liaison Counsel will be directed to establish two interest-bearing accounts to receive and disburse funds as provided in this Order (the "Funds"). The first fund shall be designated the "TRT Fee Fund" and the second fund shall be designated the "TRT Expense Fund." These funds will be held subject to the direction of this Court.

By subsequent Order of this Court, the Court will appoint a qualified certified public accountant (the "CPA") to serve as Escrow Agent over the Funds and to keep detailed records of all deposits and withdrawals and to prepare tax returns and other tax filings in connection with the Funds. Such subsequent Order shall specify the hourly rates to be charged by the CPA and for the CPA's assistants, who shall be utilized where appropriate to control costs. The CPA shall submit quarterly detailed bills to the Court and to Plaintiffs' Liaison Counsel. Upon approval by the Court, the CPA's bills shall be paid from the TRT Expense Fund and shall be considered a shared cost. The Plaintiffs' Liaison Counsel shall provide a copy of this Order to the CPA.

B.      **Payments into the Fee and Expense Funds**

      1.      **General Standards**

All plaintiffs and their attorneys who are subject to this Order and who agree to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to TRT claims are subject to an assessment of the gross monetary recovery, as provided herein.

      2.      **Gross Monetary Recovery**

Gross monetary recovery includes any and all amounts paid to plaintiffs' counsel by Defendants through a settlement or pursuant to a judgment.  In measuring the "gross monetary recovery," the parties are to (a) exclude court costs that are to be paid by the defendant; (b) include any payments to be made by the defendant on an intervention asserted by third-parties, such as to physicians, hospitals, or other healthcare providers in subrogation related to treatment of a plaintiff, and any governmental liens or obligations (*e.g*., Medicare/Medicaid); and (c) include the present value of any fixed and certain payments to be made in the future.  The assessment shall apply to all of the cases of the plaintiffs' attorneys who are subject to this Order, whether as sole counsel or co-counsel, including cases pending in the MDL, pending in state court, unfiled, or tolled.

      3.      **Assessment Amount**

The assessment amount will be a total of 10% (8% for attorneys' fees and 2% for expenses).  The assessment represents a holdback (*In re Zyprexa Prods. Liab. Litig*., 267 F.Supp.2d 256 (E.D.N.Y. 2006)) and shall not be altered absent further order of the Court. However, if any counsel with cases only in state court fails to timely execute the Participation

Agreement, such counsel and members of his/her firm may be subject to the increased

assessment. Moreover, if a Non-Participating Counsel receives common benefit work product or

otherwise benefits from the common benefit work product, such counsel and the cases in which

she/he has a fee interest may be subject to an increased assessment.

### 4.        Reporting Obligations

Plaintiffs' Liaison Counsel shall provide to Defendants' Liaison Counsel the following

two lists on a quarterly basis beginning on December 31, 2014:  (a) a list of all lawyers who have

filed a TRT case that is pending in the MDL ("the MDL Counsel List") and (b) a list of all

lawyers who have executed the Participation Agreement that is Exhibit A hereto who do not

have a TRT case pending in the MDL ("the Non-MDL Participating Counsel List").  These same

lists shall be made available to all plaintiffs' counsel with cases in this MDL, as well as any other

plaintiffs' counsel who signs the Participation Agreement, upon request.  In the event there is a

dispute as to whether a case should be on the lists, Plaintiffs' Co-Lead Counsel shall seek to

resolve the matter with the particular plaintiff's counsel informally, and if that is unsuccessful,

upon motion to the Court.

Within 14 days of receipt of these two lists from Plaintiffs' Liaison Counsel, Defendants'

Liaison Counsel shall provide to Plaintiffs' Liaison Counsel a list of all lawyers who appear as

counsel of record on a complaint in any TRT case in any court in the United States (state or

federal) who do not appear on either the MDL Counsel List or the Non-MDL Participating

Counsel List.  The parties' reporting obligations shall continue quarterly until the conclusion of

this MDL.

### 5.     Defendants' Obligations to Pay Common Benefit Assessments

For cases subject to an assessment (*i.e.*, any case in which the counsel of record also has appeared as a counsel of record in any case pending in the MDL, or any case for a lawyer without any MDL cases where the PSC has informed Defendants that the plaintiff's lawyer has signed the Participation Agreement, in accordance with the procedure set forth in Section IV(B)(4) above), Defendants are directed to withhold an assessment from any and all amounts paid to plaintiffs and their counsel and to pay the assessment directly into the Funds as a credit against the settlement or judgment.  No orders of dismissal of any plaintiff's claim shall be entered unless accompanied by a certificate of the Defendant's counsel that the assessment, if applicable, will be withheld and will be deposited into the Funds.  If for any reason the assessment is not or has not been so withheld, the plaintiff and his counsel are jointly responsible for paying the assessment into the Fund promptly.

To preserve the confidentiality of settlement amounts, if any, Defendants may pay any such assessments on an aggregate basis for each quarter.  Details of any individual settlement agreement, individual settlement amount, and/or amounts deposited into escrow by any particular Defendant shall be confidential and shall not be disclosed by the CPA to anyone, including Plaintiffs' Co-Lead Counsel, any member of the PSC, any Plaintiff's counsel, or the Court, unless the Court requests that it receive that information, in which case the report shall be provided only to the Court and only *in camera* (*i.e.*, not publicly filed and not available to any counsel).  Quarterly statements from the CPA shall, however, be provided to Plaintiffs' Co-Lead and Plaintiffs' Liaison Counsel (and, if the Court so orders, to the Court) showing only the aggregate of the quarterly deposits from all Defendants, disbursements, interest earned, financial institution charges, if any, and current balance.  Within thirty days after the end of the first

quarter in which any Defendant has paid any assessment into the Fund, the Defendant shall meet and confer with Plaintiffs' Liaison Counsel (or any other attorney designated by the Plaintiffs' Executive Committee) regarding whether the parties should employ some mechanism to ensure the accuracy of the list of lawyers who are or were subject to an assessment.

## V.     DISTRIBUTIONS

### A.     Court Approval

The amounts deposited into the TRT Fee Fund and the TRT Expense Fund shall be available for distribution to Participating Counsel who have performed professional services or incurred expenses for the common benefit.  No amounts will be disbursed without review and approval by the Court, or such other mechanism as the Court may order.  Specifically, such sums shall be distributed only upon Order of this Court.  This Court retains jurisdiction over any common benefit award or distribution.

### B.     Application for Distribution

Each Participating Counsel who does common benefit work has the right to present their claim(s) for compensation and/or reimbursement prior to any distribution approved by this Court. Any Counsel who does not sign the Participation Agreement shall not be eligible to receive common benefit payments for any work performed or expenses incurred.

At the appropriate time, this Court shall appoint a Common Benefit Fee Committee to make recommendations to this Court for distributions to Participating Counsel who have performed common benefit work and/or incurred common benefit expenses. In the event that there is not unanimous agreement among members of the Common Benefit Fee Committee, each member of the Common Benefit Fee Committee shall only have one vote and each vote shall bear the same weight.  A decision about the recommendation to the Court of Common Benefit

Fee Committee need only be made by a majority of votes. The Common Benefit Fee Committee shall determine on its own the most fair and efficient manner by which to evaluate all of the time and expense submissions in making its recommendation to this Court. This Court will give due consideration to the recommendation of the Common Benefit Fee Committee in making its ruling on the award of common benefit fees and common benefit cost reimbursement.

**IT IS SO ORDERED.**

Dated: November 25, 2014

_____
Honorable Matthew F. Kennelly
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | Case No. 1:14-cv-1748<br>MDL No. 2545<br><br>Hon. Matthew F. Kennelly |
| THIS DOCUMENT RELATES TO ALL CASES | |

## EXHIBIT A TO CMO NO. 16
## (Common Benefit Participation Agreement)

**THIS AGREEMENT** is made this ____ day of _____, 201__, by and between the Plaintiffs' Leadership Group appointed by the United States District Court for the Northern District of Illinois in MDL 2545 and _____ **[Name of the Firm Executing the Agreement]** (the "Participating Counsel").

**WHEREAS**, the United States District Court for the Northern District of Illinois has appointed Ronald E. Johnson, Jr., Trent B. Miracle, Christopher A. Seeger, Timothy Becker, Michael Papantonio, Seth A. Katz, Michael London, Maury A. Herman, Michelle Kranz, Bill Robins, Martin Crump, T. Matthew Leckman, Lawrence J. Gornick, Matthew Teague, Gregory Spizer, Frank Petosa, Kristine Kraft, Elwood Stevens, Jr., Christopher Tisi, Arnold Levin, Alex H. MacDonald, Mark A. Hoffman, Dawn M. Barrios, Derriel C. McCorvey, Roger W. Orlando, Rachel Abrams, W. Mark Lanier, David S. Ratner, Yvonne Flaherty, Dianne Nast, Kathleen Chavez, Brian J. Perkins, and Myron Cherry to serve as members of the Plaintiffs' Leadership Group (also referred to as the Plaintiffs' Steering Committee or "PSC"), to facilitate the conduct of pretrial proceedings in the federal actions relating to the use, marketing, and sales of Testosterone Replacement Therapy ("TRT"); and

WHEREAS, the Plaintiffs' Leadership Group, in association with other attorneys working for the common benefit of plaintiffs, have developed or are in the process of developing work product that will be valuable in all proceedings and benefit all plaintiffs alleging injury caused by use of TRT medication ("Common Benefit Work Product"); and

WHEREAS, Participating Counsel is desirous of acquiring the Common Benefit Work Product and establishing an amicable, working relationship with the Plaintiffs' Leadership Group for the mutual benefit of their clients;

NOW THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

## I.    SCOPE OF AGREEMENT

### A.    Purpose

This Participation Agreement is a private cooperative agreement between plaintiffs' attorneys to share Common Benefit Work Product pursuant to Case Management Number ("CMO") No. 16, the Order Establishing Common Benefit Fee and Expense Fund and this Participation Agreement.    Any plaintiffs' attorney who executes this Agreement or who is otherwise bound to this Participation Agreement by CMO 16 ("Participating Counsel") is entitled to receive the Common Benefit Work Product created by those attorneys who have also executed, or have been deemed to have executed, the Participation Agreement, regardless of the venue in which the attorney's cases are pending.

### B.    Rights and Obligations of Participating Counsel

Participating Counsel shall be provided access to the Common Benefit Work Product, including access to the document depository. Participating Counsel agree that all TRT cases and/or claims in which Participating Counsel has a fee interest, including unfiled cases, tolled

cases, and/or cases filed in state and/or federal court, are subject to the terms of this Participation Agreement. Participating Counsel shall produce a list that correctly sets forth the name of each client represented by them and/or in which they have an interest in the attorney fee, regardless of what that interest is, who has filed a civil action arising from the use, marketing, and/or sale of TRT. Such list shall include the court and docket number of each such case. Participating Counsel shall also produce a list that contains the name of each client represented by them and/or in which they have an interest in the attorney fee, regardless of what that interest is, who has not yet filed a civil action. Participating Counsel shall supplement the lists on a quarterly basis and provide the lists to Plaintiffs' Co-Liaison Counsel. The initial list shall be provided within 15 days of signing this Agreement and must be supplemented every 90 days thereafter.

## II. AGREEMENT TO PAY AN ASSESSMENT ON GROSS RECOVERY

Subject to the terms of this Agreement and the terms of CMO No. 16, all plaintiffs and their attorneys who agree to settle, compromise, dismiss, or reduce the amount of a claim, or with or without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, for any TRT claims are subject to an assessment of the Gross Monetary Recovery, as provided herein.

### A. Assessment Amount

The assessment amount shall be ten percent (10%) of the Gross Monetary Recovery in each case, eight percent (8%) for common benefit attorneys' fees and two percent (2%) for common benefit expenses, and represents a holdback (*See In re Zyprexa Prods. Liab. Litig.*, 267 F.Supp.2d 256 (E.D.N.Y. 2006)). Failure of any counsel who is not automatically bound to pay the common benefit assessment by virtue of having a fee interest in a case that is part of the MDL to execute a Participation Agreement indicating that an attorney will be a

Participating Counsel within the time frame set forth herein paragraph will result in higher percentages for common benefit assessment as a result of such later participation. More specifically, and as set forth in this Participation Agreement, the higher fee percentage for failure to execute a Participation Agreement indicating that an attorney will be a Participating Counsel within the time frame set forth in this paragraph shall increase from 8% to 16% (for a total assessment increasing from 10% to 18%).

The Participation Agreement is a private and cooperative agreement between plaintiffs' attorneys only; and not defendants or defendants' counsel. All plaintiffs' attorneys who currently have cases pending in any state court and who want to become a Participating Counsel shall, within 45 days of this Order, execute the Participation Agreement. Any plaintiffs' attorney who does not yet have a TRT case filed in any federal or state court and who wants to become a Participating Counsel shall execute the Participation Agreement within 45 days of the date their first case is filed in any state court, if that lawyer intends to voluntarily become a Participating Counsel at the fee and expense percentages set forth herein.

Further, it is encouraged that all attorneys who are part of the MDL, as defined in CMO 16, execute this agreement, so they are aware of both obligations and benefits of CMO 16.

### B. Gross Monetary Recovery Defined

Gross Monetary Recovery includes any and all amounts paid to plaintiffs' and/or their counsel by defendant(s) through a settlement or pursuant to a judgment. In measuring the Gross Monetary Recovery, the parties are to (a) exclude court costs that are to be paid by the defendant; (b) include any payments to be made by the defendant on an intervention asserted by third-parties, such as to physicians, hospitals, or other healthcare providers in subrogation related

4

to treatment of a plaintiff, and any governmental liens or obligations (*e.g.*, Medicare/Medicaid); and (c) include the present value of any fixed and certain payments to be made in the future.

### C. Covered Cases

The assessment amount set forth above and in the related Common Benefit Order shall apply to all cases now pending or later filed in, transferred to, or removed to MDL 2545 and treated as part of the coordinated proceeding known as *In re: Testosterone Replacement Therapy Products Liability Litigation*, regardless of whether the plaintiff's attorney is either Participating or Non-Participating Counsel. In addition, pursuant to the terms of CMO 16, the assessment amount shall apply to all cases in which counsel who have a filed case in MDL 2545 have a fee interest, regardless of the size of that fee interest. Counsel who sign this Participation Agreement further agree that the assessment shall apply to all un-filed cases, tolled cases, and/or cases filed in state court in which they have a fee interest, regardless of the size of that fee interest.

Non-Participating Counsel who have no fee interest in any case in MDL 2545 are not required to pay an assessment on state court cases or on un-filed cases. However, non-MDL Plaintiffs' Counsel as defined in CMO 16, Section I.B who do not sign the Participation Agreement are not entitled to receive Common Benefit Work Product, and may be subject to an increased assessment on all TRT cases/claims in which they have a fee interest if they receive any Common Benefit Work Product or otherwise benefit from the work product created by Plaintiffs' Leadership Group and other Participating Counsel working with the MDL. Non-Participating Counsel shall not be eligible to receive Common Benefit payments for any work performed or expenses incurred.

### D. Attorneys' Fee Lien

With respect to each client represented in connection with TRT related claims that are filed or pending in any Federal or State court, are un-filed, or are subject to a tolling agreement, consistent with ¶ I.B. and I.C. of the Case Management Order Establishing Common Benefit Fee and Expense Fund (CMO No. 16), each Participating Counsel shall agree to have defendants deposit or cause to be deposited in the TRT Fee and Expense Funds established by the District Court in the MDL a percentage of the gross amount recovered by each such client that is equal to the assessment amount. In the event defendants do not deposit the assessed percentage into the Funds, Plaintiff and Plaintiff's Participating Counsel shall deposit or cause to be deposited in the TRT Fee and Expense Funds established by the District Court in the MDL a percentage of the gross amount recovered by each such client that is equal to the assessment amount. Participating Counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to Plaintiffs' Leadership Group a lien upon and/or a security interest in any fee (a) generated as a result of any recovery by any client who they represent in connection with any TRT-induced injury and TRT marketing and sales practices claims and (b) they have any interest in, to the full extent permitted by law, in order to secure payment in accordance with the provisions of this Agreement. Participating Counsel will undertake all actions and execute all documents that are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

### E. Attorney-Client Contracts

Both the Plaintiffs' Leadership Group and Participating Counsel recognize the importance of individual cases and the relationship between case-specific clients and their attorneys. Regardless of the type of settlement or conclusion eventually made in either state or

federal cases, Plaintiffs' Leadership Group will recommend to the MDL Court that appropriate consideration will be given to individual case contracts between attorneys and their clients.

## III.   COMMON BENEFIT EXPENSES

### A.   Qualified Expenses Eligible for Reimbursement

In order to be eligible for reimbursement of common benefit expenses, said expenses must be: (a) for the common benefit; (b) appropriately authorized[1] and timely submitted; (c) within the defined limitations set forth in this Participation Agreement and CMO No. 16; and (d) verified by a partner or shareholder in the submitting law firm.

### B.   Authorization and Submission of Expenses

Participating Counsel must submit expenses consistent with the Common Benefit Order. Expenses incurred on matters common to all claimants in MDL 2545 and authorized (as that term is defined in footnote 1) may be submitted for reimbursement.

### C.   Verification

The forms detailing expenses shall be certified by a senior partner in each firm, and such certification should attest to the accuracy of the submissions.  Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification if accompanied by a declaration from counsel that work was performed and paid for the common benefit.

Cost records shall be electronically submitted to CPA and Co-Liaison Counsel on a monthly basis. Untimely submission of Cost records will result in a waiver of said costs. Unsubstantiated costs may be disallowed, as recommended by the CPA and/or Co-Lead Counsel.

---

[1]   For the purposes of this Participation Agreement, "authorized" or "approved" in terms of common benefit expenses and common benefit work shall mean authorized and approved by Co-Lead Counsel or members of the Executive Committee or those individuals appointed by Co-Lead Counsel to serve as the Chair or Co-Chair of a committee.

## IV.    COMMON BENEFIT WORK

### A.    Common Benefit Work Eligible for Reimbursement

In order to be eligible for reimbursement, time expended must be: (a) for the common benefit; (b) appropriately authorized (*see* Footnote 1 s*upra*); (c) timely submitted; and (d) verified by a partner or shareholder in the submitting law firm.  Moreover, if counsel is a member of the Plaintiffs' Steering Committee and fails to timely submit capital contributions as may be requested by Co-Lead Counsel throughout this litigation, such counsel and members of his/her firm shall not be allowed to submit common benefit time or expenses for reimbursement.

### B.    Counsel Involved

Participating Counsel are prohibited from sharing Common Benefit Work Product with Non-Participating Counsel, as defined herein.  Counsel eligible to perform common benefit work includes Plaintiffs' Co-Liaison Counsel, Co-Lead Counsel, members of the PSC, Co-Chairs of MDL Committees, and other Participating Counsel.

### C.    Authorization

Time spent on matters common to all claimants in the MDL must be assigned by Plaintiffs' Co-Lead Counsel or a member of the Executive Committee or those individuals appointed by Co-Lead Counsel to serve as the Chair or Co-Chair of a committee to be eligible for consideration as common benefit time.  No time spent on developing or processing individual issues in any case for an individual client (claimant) will be considered or should be submitted; nor should time spent on unauthorized work be submitted for consideration.

#### (1)  Examples of Authorized and Unauthorized Work:

a.    Depositions of corporate witnesses:  Any attorney not designated as one of the authorized questioners or otherwise authorized to attend a

deposition on behalf of the PSC shall not be eligible to submit time or expenses for preparing for or attending such deposition, as such attendance is deemed to be on behalf of that attorney's individual clients. Additionally, while the counsel appointed as one of the authorized questioners may utilize other lawyers and/or staff in his/her firm to prepare for the deposition in the event that he/she elects to bring other people from his/her firm to attend the deposition, only the time and expenses for the appointed questioner and one other person from his/her firm shall be considered for common benefit, the time and travel of all other people from his/her firm should not be submitted and will not be considered for common benefit reimbursement or fees;

b. <u>Periodic PSC, MDL, or Full-Committee Conference Calls and Meetings</u>: Such calls and meetings are held so that individual attorneys are kept up-to-date on the status of the litigation, therefore participation by listening to such calls is not common benefit work. Each attorney has an obligation to stay informed about the litigation so that they can best represent their clients, and that is a reason to participate in such calls and meetings. Only the attorneys designated by Plaintiffs' Co-Lead Counsel to run those calls are working for the common benefit by keeping other lawyers informed and educated about the case, and only their time will be considered common benefit time. Nothing in this paragraph shall be construed to prevent members of the PSC from submitting common benefit time for participation in

PSC communications that are germaine to all members of the PSC and are necessary to fulfill their PSC obligations;

c. <u>Periodic Status Conferences</u>:  Periodic status conferences are held so that the litigation continues to move forward and legal issues are resolved with the Court.  Individual attorneys are free to attend any status conference held in open court in order to keep up-to-date on the status of the litigation, but participation by attending and listening to such conferences is not common benefit work.  Each attorney has an obligation to stay informed about the litigation so that they can best represent their clients.  Mere attendance at a status conference will not be considered a common benefit expense or common benefit time, nor shall particpation in such status conferences via telephone be considered common benefit time. The attorneys designated by Co-Lead Counsel to address issues that will be raised at a given status conference or requested by Co-Lead Counsel to be present at a status conference are working for the common benefit and their time will be considered common benefit time;

d. <u>Identification and Work Up of Experts</u>:  Participating Attorneys are encouraged to identify experts in consultation with the Co-Chairs of the Science and Expert Committee.  If a Participating Attorney travels to and retains an expert without the knowledge and approval of the Co-Lead Counsel or the Co-Chairs of the Science and Expert Committee, the MDL may not need or use that expert, and the

associated time and expense may not be considered common benefit expenses/work, and therefore may not be compensable;

e. <u>Attendance at Various Seminars</u>:  Attendance at a seminar that has as an agenda item about the TRT litigation is not common benefit work or a common benefit expense;

f. <u>Document Review</u>:  In the MDL, only document review specifically assigned to an attorney and authorized by Plaintiffs' Co-Lead Counsel or one of the co-chairs of the Discovery or Science Committees will be considered common benefit work.  If an attorney elects to review documents that have not been assigned to that attorney by Plaintiffs' Co-Lead Counsel or one of the Co-Chairs of the Discovery or Science Committees, that review is not considered common benefit work;

g. <u>Review of Pleadings and Orders</u>:  Each attorney has an obligation to stay informed about the litigation so that they can best represent their clients, and review of pleadings and orders is part of that obligation. Only those attorneys designated by Plaintiffs' Co-Lead Counsel or the Plaintiffs' Executive Committee to review and summarize those pleadings or orders for the MDL are working for the common benefit, and their time will be considered common benefit time.  All other counsel are reviewing those pleadings and orders for their own benefit and the benefit of their own clients, and the review is not considered common benefit work.  Nothing in this paragraph shall be construed to prevent members of the PSC from submitting common benefit time for

reviewing orders that are germaine to all members of the PSC and review of which is necessary to fulfill their PSC obligations;

h. <u>Review of Discovery Responses</u>: Each attorney has an obligation to stay informed about the litigation so that they can best represent their clients, and that is a reason to review discovery responses served in this litigation. Only those attorneys designated by Plaintiffs' Co-Lead Counsel, the Plaintiffs' Executive Committee, or one of the Discovery Committee Co-Chairs to review and summarize discovery responses for the MDL are working for the common benefit, and their time will be considered common benefit time. All other counsel are reviewing those discovery responses for their own benefit and the benefit of their own clients, and the review is not considered common benefit work;

i. <u>Bellwether Trials:</u> While the work-up of individual cases is not considered common benefit work, in the event that a case is selected as part of an approved bellwether trial process in the MDL or a cooperating state court jurisdiction, the time and expenses in trying the case (including work performed as part of the approved bellwether process) may be considered common benefit work at the discretion of Co-Lead Counsel to the extent it complies with the other provisions of this Order and Participation Agreement;

j. <u>Duplicative Billing</u>: Having multiple attorneys within one firm bill for duplicative work will be a fact to be considered by the Fee Committee (which will be appointed at the appropriate time) and may not be

compensated and should not be submitted. Law firms are free to staff cases any way they deem appropriate for their law firm, however, the MDL will not compensate one law firm for duplicative billing. This paragraph is not intended to prevent, by way of example, having one lawyer create the first draft of a brief and another lawyer review and edit the brief, nor does this paragraph prevent having multiple attorneys within one firm assist the questioning attorney get ready for a deposition.

### D.    Time Keeping and Submission of Time Records

All time must be accurately and contemporaneously maintained. Participating Counsel shall keep a daily record of time spent in connection with common benefit work on this litigation, indicating with specificity the hours, location, and particular activity (such as "conducted deposition of John Doe"). Time entries that are not sufficiently detailed may not be considered for common benefit payments. All common benefit work time for each firm shall be maintained in tenth-of-an-hour increments. Time submissions will be audited by a CPA to be appointed by the MDL Court.

These guidelines are intended for all activities performed and expenses incurred by Participating Counsel in MDL 2545:

1.    All time submissions must be incurred only for work authorized under this Participation Agreement;

2.    All time submissions must be made on the forms provided by the PSC;

3.    Time and expense submissions are to be made on the 15th of each month, beginning on December 15, 2014. Each submission should contain all time and

expenses incurred during the calendar month prior to the submission date (*i.e.*, the January 15, 2015 submission should include all time and expenses incurred during the month of December, 2014), though the first submission should include all time and expenses incurred through November 30, 2014. All time and expense submissions should be accompanied by contemporaneous records and verified by a partner or shareholder in the submitting firm. Submissions of time and expense made after the 15th day of the month following the month in which the time or expense were incurred may be rejected. Only time and expense incurred after the entry of CMO No. 4 by the MDL Court appointing Plaintiffs' Leadership on August 1, 2014 (plus any time and expense incurred by those appointed to leadership in complying with the terms of CMO No. 1) shall be submitted and considered for common benefit consideration. In addition, each firm that makes a common benefit time and/or cost submission for a given month shall also be required to submit a brief summary (no more than 2 or 3 sentences) summarizing the contribution that each time keeper from that law firm made toward the common benefit and advancement of the litigation. Moreover, only that time and those expenses incurred for the common benefit of all cases, consistent with the terms of the Common Benefit Order and this Participation Agreement, shall be considered.

4.     All time submissions must be electronically sent in the designated form to the attention of MLD Co-Liaison Counsel so they can be reviewed, compiled, and submitted to the Court at the appropriate time.

5.      Failure to provide submissions in a timely manner shall result in a waiver of attorney fees and expenses claimed for the time period that is the subject of the submission.   Failure to submit time and expense records **in electronic (searchable) format** on the Excel forms approved by Plaintiffs' Co-Lead Counsel, or any other method approved by Plaintiffs' Co-Lead Counsel, will result in a notice of deficiency, after which the submitting firm shall have 15 days to cure the deficient submission.  Absent prior approval from Plaintiffs' Co-Lead Counsel or special circumstances, failure to cure the deficiency within the fifteen-day period shall result in (a) that month's submission being rejected, and (b) the submitting firm waiving compensation for the time and expenses submitted that month.  Upon a determination by Plaintiffs' Co-Lead Counsel that a Participating Law Firm repeatedly fails to comply with the requirement to timely submit time and expense records in the required format, that Participating Law Firm may be barred from performing future common benefit work.

6.      Time spent compiling the data for the time and expense submissions is not considered common benefit time.

7.      Common benefit work shall only be performed by employees of the law firm submitting time and/or expenses, unless prior written consent of Co-Lead Counsel is obtained.  Absent prior written consent of Co-Lead Counsel, time and/or expenses by contract attorneys will not be compensated or reimbursed.

8.      The undersigned Participating Counsel understands, acknowledges and agrees that there is no guaranty that all of the time submitted by his or her law firm will be compensated and that the hourly rate for the work that is

compensated is not guaranteed (*e.g.*, that the Common Benefit Fee Committee may award different hourly rates for different work and for the same work performed by different attorneys or law firms). The undersigned also understands, acknowledges, and agrees that all hours are not going to be viewed equally and awarded at the same rate (*e.g.*, document review time and deposition/trial time may not be treated and awarded at the same rate).

### E.     Distribution of Fees

1.     <u>No Individual Right to the Funds:</u>  No party or attorney has any individual right to any common benefit funds except to the extent directed by Order of the MDL Court.  Common benefit funds will not constitute the property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney except when and as directed by court order.  These limitations do not preclude a party or attorney from transferring, assigning, or creating a security interest in potential disbursements from the fund if permitted by applicable state laws and if subject to the conditions and contingencies of this Agreement.

2.     <u>Court Approval:</u>  The amounts deposited in the TRT Fee Fund shall be available for distribution to attorneys who have performed professional services or incurred expenses for the common benefit.  The MDL Court retains jurisdiction over any common benefit award.  The undersigned Participating Counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby consents to the jurisdiction of the MDL Court in connection with any common benefit award.  Each Participating Counsel who does common benefit work has the right to present their claim(s) for compensation and reimbursement prior to any recommendation to the Court. It is expected that due

consideration of payment of common benefit fees and expenses will be given to the recommendation of Plaintiffs' Common Benefit Fee Committee by the MDL Court.

I _____ [name of lawyer executing the Agreement] hereby represent to the Plaintiffs' Leadership Group that I have the authority to execute this Agreement on behalf of my law firm and have the authority to bind my law firm to the terms of this Agreement.

Choose One:



I _____ [name of lawyer executing the Agreement] hereby certify that my law firm is a MDL Plaintiffs' Counsel as defined in CMO 16, Section I.B  and is subject to an assessment of 10% (8% for fees and 2% for costs)



_____                         I _____ [name of lawyer executing the Agreement] hereby certify that my law firm is a participating non-MDL Plaintiffs' Counsel as defined in CMO 16, Section I.B, and is an early participant and is subject to an assessment of 10% (8% for fees and 2% for costs)



I _____ [name of lawyer executing the Agreement] hereby certify that my law firm is a is a participating non-MDL Plaintiffs' Counsel as defined in CMO 16, Section I.B, and is a late participant and is subject to an assessment of 18% (16% for fees and 2% for costs)

17

Dated: _____          _____
                                **Law Firm Name:**
                                **Attorney's Name:**


                                **PLAINTIFFS' STEERING COMMITTEE**


Dated: _____            _____
                                Brian Perkins
                                Plaintiffs' Co-Liaison Counsel


Dated: _____            _____
                                Myron Cherry
                                Plaintiffs' Co-Liaison Counsel