# EXHIBIT 14

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:  STRYKER REJUVENATE AND ABG II HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 13-2441 (DWF/FLN) |
| | **PRETRIAL ORDER NO. 18** |
| This Document Relates to All Actions | **ORDER ESTABLISHING COMMON BENEFIT FEE AND EXPENSE FUND** |

## I.     SCOPE OF ORDER

This Order is entered to provide for the fair and equitable sharing among Plaintiffs and their counsel of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all Plaintiffs in this complex litigation.

### A.     Governing Principles—The Common Benefit Doctrine

The governing principles are derived from the United States Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, *inter alia*, *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980), and approved and implemented in the MDL context in, *inter alia*, *In re MGM Grand Hotel Fire Litigation*, 660 F. Supp. 522, 525-29 (D. Nev. 1987); and *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019-21 (5th Cir. 1977).

B.    **Application**

This Order applies to all cases now pending or later filed in, transferred to, or removed to, this Court (and which did not succeed in a motion to remand to state court) and which are treated as part of *In re: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation*, MDL No. 13-2441 (DWF/FLN) (this "MDL"), without regard to whether the Plaintiff's attorney signs the "Participation Agreement" attached hereto as Exhibit A.

The Participation Agreement need only be signed by state court counsel without any cases filed in, or removed or transferred to, this MDL as set forth in Section C below.  This Order further applies to all cases or claims (filed or unfiled) of all Participating Counsel as defined in Section C and all cases or claims (filed or unfiled) in state or federal court where the Participating Counsel has a fee interest.

This Order does not apply to cases filed in state court where:  (i) the Plaintiff's counsel do not represent clients with cases filed or removed and/or transferred to this MDL; and (ii) the counsel have not chosen to sign the Participation Agreement; and (iii) the counsel have not used the work product of the MDL as later defined.

In the instance when a law firm represents clients in cases pending in this MDL and also represents clients who have or had cases pending in state court directly or through local or co-counsel, this Order only imposes the common benefit assessment upon the particular cases in the MDL. This Order is not to be imposed upon the filed state court cases of that same law firm or that law firm's unfiled cases unless counsel have signed the Participation Agreement and/or used the work product from the MDL.  It

is recognized that participation in or use of a cross-noticed deposition and/or its exhibits does not in and of itself constitute the use of the work product from the MDL. This Order is not intended to serve as a basis to cross-assess the other cases in the state court jurisdictions of the local or co-counsel who filed the cases on behalf of the firms who are now MDL or Participating Counsel.

### C.      Participating Counsel and Participation Agreement (Exhibit A)

Exhibit A, attached hereto  and incorporated herein, is a voluntary Participation Agreement for Plaintiffs' attorneys to be executed only if otherwise not subject to this self-executing agreement.   The Participation Agreement is a private and cooperative agreement between Plaintiffs' attorneys only, and not Defendants' counsel. "Participating Counsel" is defined as any lawyer (and his or her law firm) who represents a client with a case on file in the MDL now or in the future, or any other lawyer (and his or her law firm) who signs the Participation Agreement or uses the work product of the MDL as later defined.  Participating Counsel are entitled to receive the MDL "common benefit work product" and the state court "work product" of those attorneys who have also signed the Participation Agreement if the leadership in those state court litigations represents that the counsel in the state court litigation(s) agree.  Participating Counsel are eligible to make a submission for remuneration and reimbursement for work performed that qualifies as "common benefit time" and cost reimbursement in accordance with the terms of the Participation Agreement and this Order.  Fully executed Participation Agreement forms should be submitted to Genevieve Zimmerman for the LCC.

The Court recognizes the separate and independent rights of each jurisdiction, including the jurisdictional rights and obligations of the state courts whose parties include Participating Counsel. The Participation Agreement and this Order shall not be cited by a party to the Participation Agreement in any other court in support of a position that adversely impacts the jurisdictional rights and obligations of the state courts and state court Participating Counsel.

## II.   PLAINTIFFS' LITIGATION FEE AND EXPENSE FUNDS

### A.   Establishing the Fee and Expense Funds

Plaintiffs' Lead Counsel Committee ("LCC") is directed to establish two interest-bearing accounts to receive and disburse funds as provided in this Order (the "Funds"). The first fund shall be designated the "Stryker Hip Fee Fund" and the second fund shall be designated the "Stryker Hip Expense Fund." These funds will be held subject to the direction of this Court. The Court will appoint a qualified Certified Public Accountant to serve as the escrow agent (the "Escrow Agent") for the purpose of receiving and disbursing funds as provided in this Order. These funds will be held as funds subject to the direction and further Order of the Court. No party or attorney has any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person by Order of the Court. These funds do not constitute the separate property of any party or attorney and are not subject to garnishment or attachment for the debts of any party or attorney, except as directed to be disbursed to a specific person as provided by Order of the Court.

The hourly rates to be charged by the Escrow Agent shall be determined by the Court.  The Escrow Agent shall keep detailed records of all deposits and withdrawals and prepare tax returns and other tax filings and shall provide quarterly reports on income and expenses to the LCC. The Escrow Agent shall submit quarterly detailed bills to the Court and to the LCC.  Upon approval, the Escrow Agent's bills shall be paid from the Stryker MDL PSC Fund account,  which has already been established by the LCC and funded by all members of the LCC, PSC, and others as determined by the LCC and its designated subcommittees, until such time as there are sufficient funds in the Stryker Hip Expense Fund, and shall be considered a Shared Cost as defined below.

Within fourteen (14) days of the date of this order, the parties shall meet and confer in an attempt to agree upon an Escrow Agent to serve in this case.  On or before June 9, 2014, the parties shall submit to the Court their written proposal with respect to the identity of the Escrow Agent, his or her hourly rate, and any additional parameters for the management of the "Stryker Hip Fee Fund" and the "Stryker Hip Expense Fund."

### B.    Payments into the Fee and Expense Funds:  The Assessment

All Plaintiffs and their attorneys who have cases filed in this MDL or are Participating Counsel subject to assessment as set forth in this Order and who agree or have agreed—for monetary consideration—to settle, compromise or dismiss their case, with or without trial, or who recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages with respect to Stryker hip claims involving the Rejuvenate or ABG II stems, are subject to an assessment on the "Gross Monetary Recovery," as set forth below.

### 1.    Gross Monetary Recovery

"Gross Monetary Recovery" includes any and all amounts paid by Defendants as settlement or judgment. In measuring the Gross Monetary Recovery, the parties are to include: (a) the cost to Defendants to provide any fixed and certain payments to be made in the future; (b) the fair market value of and/or costs to Defendants for any other relief provided by Defendants; and (c) any payments that were made, or in the future are to be made, by Defendants on an intervention asserted by third-parties, such as physicians, hospitals, or other healthcare providers in subrogation related to treatment of the specific Plaintiff, unless said payments were made by Stryker, or their claims-handling entity Broadspire and no attorney fees were received by Plaintiffs' counsel for that payment.

### 2.    Assessment Amount

The assessment amount shall be three percent (3%) for common benefit attorney fees and one percent (1%) for common benefit costs. The assessment represents a hold back (*see, e.g., In re Zyprexa Prods. Liab. Litig.*, 467 F. Supp. 2d 256, 266 (2d Cir. 2006)) and shall not be altered in any way unless each of the following occurs: (1) the entire Plaintiffs' Steering Committee ("PSC") is consulted and provides an opportunity to be heard prior to the filing of any motion to change the assessment amount; (2) the PSC approves the proposed change to the assessment by a majority vote; (3) the Court grants a duly-noticed motion, with an opportunity to be heard; and (4) the Court determines that good cause warrants a modification of the Assessment Amount.

### 3.    Late Participation

For any counsel who enters into the Participation Agreement sixty (60) days after

the entry of this Order, or ninety (90) days after his or her first filed case was docketed in

any jurisdiction (whichever is later), the Assessment Amount shall be five percent (5%)

being allocated for fees and one percent (1%) for common benefit expenses.  Under the

appropriate circumstances, the Lead Counsel Committee ("LCC") may waive the late

participation fee.

### 4.    Defendants' Obligations

Defendants and their counsel shall not distribute any settlement proceeds subject to

this order to any Plaintiff or Plaintiff's counsel until after:  (i) Defendants' counsel

notifies the Chairperson of the LCC in writing of the existence of a settlement, the name

of the Plaintiff and individual Plaintiff's attorney, and the court in which the matter was

filed (if it was a filed claim), and copies the Plaintiff's lawyer with said writing; and

(ii) within seven (7) days, the Chairperson of the LCC (or his selected designee) confers

with the Chairperson of the PSC of the New Jersey Litigation if the settlement relates to

a matter filed in the New Jersey consolidated litigation or by counsel with other cases

filed in New Jersey, or if it was filed in a different jurisdiction with consolidation or by

counsel with other cases filed in that jurisdiction, the appointed leader of any other state

court litigation, in an effort to reach a consensus as to whether the case is subject to

assessment.  The state court chair or leader shall promptly confer with the individual

lawyer at issue as to the pendency of this matter and to obtain his or her position as to

whether the case should be assessed in accordance with this Order and the facts

underlying the case.  It is expected that, after this conferral process, in most cases the

respective court appointed chairs will agree as to whether or not a case is subject to

assessment and shall advise defense counsel in writing who will then proceed, within

seven (7) days, to issue the settlement distribution, and if agreed, the hold back.  If the

state court litigation chair or leader does not have a position on this issue due to

inadequate information on a particular law firm or case, he or she shall so advise the

Chairperson of the LCC (or his designee) and the attorney representing the Plaintiff,

who shall then confer within seven (7) days.  In the event the Chairperson of the LCC

(or his designee) and the Chair of the New Jersey PSC or other consolidated litigations

or individual state court lawyer do not agree, then the parties shall notify counsel for

Defendants in writing and submit the issue to the respective Judges who will either

confer and decide or choose to refer the matter to a mediator agreed to by both parties.

In the event of such a disagreement, to avoid delayed settlement distribution, Stryker

shall distribute to the Plaintiff's counsel the settlement proceeds, less the hold back,

until such time as Stryker is advised in writing by the Chair of the LCC of the outcome

of the dispute resolution process whether or not the cases in question are subject to an

Assessment pursuant to this Order.  The state court lawyer shall be copied on said

notification.  The LCC shall otherwise keep this information confidential.  For cases

subject to an assessment, Defendants are directed to withhold the Assessment from any

and all amounts paid to Plaintiffs and their counsel and to pay the Assessment directly

into the Stryker Hip Fee Fund and the Stryker Hip Expenses Fund (collectively referred

to as the "Funds") as a credit against the settlement or judgment.  No orders of dismissal of any Plaintiff's claim that is subject to this Order shall be entered unless accompanied by a certificate of Plaintiff's and Defendant's counsel that the assessment, where applicable, will be withheld and will be deposited into the Funds at the same time the settlement proceeds are paid to the settling Plaintiff or his or her counsel or designee, or in the case of a dispute as to the assessment as set forth above, that Stryker warrants that it is holding the 4% of the proceeds pending resolution of the dispute.  If for any reason the assessment is not or has not been so withheld, the Plaintiff and his or her counsel are jointly responsible for paying the assessment into the Funds promptly.

Counsel for each Defendant shall provide at least quarterly notice to the Court or its designee, and served on Genevieve Zimmerman, for the LCC, the names and docket numbers of the cases for which it has paid an assessment into the Funds since the last such report.  A report is not due if there are no payments made into the Funds by that Defendant during that quarter.  The lack of a report during a given quarter constitutes a representation that no payments were made into the Funds by the Defendant not filing a report that quarter.  Details of any individual settlement agreement, individual settlement amount, and individual amounts deposited into escrow shall be confidential and shall not be disclosed by the Escrow Agent to the LCC, the Court, or the Court's designee, unless the Court requests that it receive that information.  Monthly statements from the Escrow Agent, however, shall be provided to Genevieve Zimmerman, for the LCC, and the Court, showing only the aggregate of the monthly deposits,

disbursements, interest earned, financial institution charges, if any, and current balance.

## III.  COMMON BENEFIT EXPENSES

### A.  Qualified Expenses Eligible for Reimbursement

In order to be eligible for reimbursement of common benefit expenses, the expenses must meet the requirements of this section.  Specifically, in order to be a reimbursable expense, the expense must be:  (i) for the common benefit and not for the benefit of individual Plaintiff cases; (ii) appropriately authorized, as set forth herein and timely submitted; (iii) within the defined limitations set forth in this Order; and (iv) verified.

### B.  Shared and Held Common Benefit Expenses

#### 1.  Shared Costs

Shared Costs are costs incurred for the common benefit of the MDL as a whole. Shared Costs are costs that will be paid out of a separate Stryker MDL PSC Fund account that has already been established by the LCC and funded by all members of the LCC, PSC, and others as determined by the LCC and its designated subcommittees. All Shared Costs must be approved by the LCC prior to payment.  Shared Costs include:  (i) certain court filing and service costs, if the filing and service of the materials were MDL materials, including for bellwether cases, and not those associated with a unique case; (ii) deposition and court reporter costs for non-case specific depositions; (iii) document depository costs, including creation, operation, equipment, and administration,  and costs attendant to training; (iv) LCC and Plaintiff's Liaison Counsel's administrative expenses (*e.g.*, expenses for equipment, technology, courier

services, long distance, telecopier, electronic service, photocopy, and printing); (v) LCC and PSC group administration matters such as meetings and conference calls; (vi) accountants' fees; (vii) fees and expenses paid to expert witnesses and consultants retained by the MDL to work on behalf of the MDL; (viii) printing, copying, coding, scanning (by approved outside vendors); (ix) research by outside third-party vendors/consultants/attorneys retained by the LCC to assist in the common prosecution of these actions; (x) common witness expenses including travel; (xi) translation costs; (xii) bank and financial institution charges; and, among others, (xiii) investigative services and costs.

### 2.    Held Costs

Held Costs are those that will be carried by Participating Counsel and reimbursed when determined by the LCC and this Court to be authorized costs that are yet unreimbursed.  Held Costs are costs incurred for the global benefit of the MDL. Contributions made to the Stryker MDL PSC Fund shall be reimbursable at the conclusion of the litigation or at such time as otherwise may be determined by a majority of the LCC.  Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the benefit of all Plaintiffs in general.  No specific client-related costs, except for bellwether trial costs, can be considered as Held Costs. All costs of a substantial nature that meet these requirements and fall under the categories set forth below shall be considered Held Costs and qualify to be submitted for consideration by the LCC and the Court for future reimbursement from the Stryker Hip Expense Fund.

C.   **Authorization and Submission**

This Order and the Participation Agreement set forth the guidelines for authorizing and submitting expenses for the common benefit.  Said expenses shall be electronically submitted in the designated form to the Escrow Agent and LCC on or before the 15th day of each month by e-mailing records to Genevieve Zimmerman of Zimmerman Reed PLLP, at: Genevieve.Zimmerman@zimmreed.com and Peter J. Flowers of Meyers & Flowers, LLC, at: StrykerTE@meyers-flowers.com accompanying the time record submissions set forth below.

D.   **Expenses Limitations**

1.   **Travel Limitations**

Except in extraordinary circumstances approved by the LCC, all travel reimbursements are subject to the following limitations:

a.   **Airfare**.  Ordinarily only the price of a coach seat for a reasonable itinerary will be reimbursed.  Business/First Class Airfare will ***not*** be fully reimbursed, except for international flights or cross-country flights, which require prior written approval by the LCC.  In the event non-coach air travel is used, the attorney shall be reimbursed only to the extent of the full coach fare if the full coach fare for that flight is contemporaneously documented.

b.   **Hotel**.  Hotel room charges for the average available room rate of a business hotel, including the Hyatt, Hilton, Sheraton, Westin, and Marriott hotels, in the city in which the stay occurred will be reimbursed.  Luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.

c.   **Meals**.   Meal expenses must be reasonable.

d.   **Cash Expenses**.  Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $30 per trip, as long as the expenses are

properly itemized.

      **e.**    **Rental Automobiles**.  Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available.  If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel.

      **f.**    **Mileage.**  Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm.  The maximum allowable rate will be the maximum rate allowed by the IRS (currently 56.5 cents per mile).

      **2.**    **Non-Travel Limitations**

      **i.**    **Long Distance, Conference Call, and Cellular Telephone Charges**:  Common benefit long distance, conference call and cellular telephone charges must be documented as individual call expenses in order to be compensable.  Copies of the telephone bills must be submitted with notations as to which charges relate to the Stryker Hip Implant MDL litigation.  Such charges are to be reported at actual cost.

      **ii.**    **Shipping, Overnight, Courier, and Delivery Charges**:  All claimed common benefit shipping, overnight, courier or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.  Such charges are to be reported at actual cost.

      **iii.**    **Postage Charges**:  A contemporaneous postage log or other supporting documentation must be maintained and submitted for common benefit postage charges.  Such charges are to be reported at actual cost.

      **iv.**    **Telefax Charges**:  Contemporaneous records should be maintained and submitted showing faxes sent and received for common benefit matters.  The per-fax charge shall not exceed $1 per page.

      **v.**    **In-House Photocopy**:  A contemporaneous photocopy log or other supporting documentation must be maintained and submitted.  The maximum copy charge is 20¢ per page.

      **vi.**    **Computerized Research – Lexis/Westlaw**:  Claims for

Lexis or Westlaw, and other computerized legal research expenses should be in the exact amount charged the firm and appropriately allocated for these research services.

**E.    Verification**

The forms detailing expenses shall be certified by a senior partner in each firm attesting to the accuracy of the submissions.  Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification so long as accompanied by a declaration from counsel that work was performed and paid for the common benefit.

**F.    Costs or Expenses in Excess of Amounts Available in the Expenses Fund**

To the extent the Stryker Hip Expense Fund or the Stryker Hip Fee Fund are insufficient to appropriately address or reimburse common benefit expenses and time, the Court may equitably apportion the amounts in either fund to the other as is just and appropriate.

**IV.   COMMON BENEFIT WORK**

**A.    Overview of Common Benefit Work**

Only Participating Counsel are eligible for reimbursement for time and efforts expended for the common benefit.  Participating Counsel shall be eligible for reimbursement for time and efforts expended for common benefit work, if said time and efforts are (a) for the common benefit, (b) appropriately authorized, as set forth in the Participation Agreement, (c) timely submitted, and (d) approved by this Court.

B.   __Authorization for Compensable Common Benefit Work__

As the litigation progresses and common benefit work product of the same type and kind continues to be generated, the LCC will provide Participating Counsel with such common benefit work product and will otherwise cooperate with counsel to coordinate the MDL litigation and the state litigation for the benefit of the Plaintiffs. Authorized Common Benefit Work includes assignments made by the LCC for assigned searches performed on the electronic depository, including: review and document coding; custodial witness summaries; timelines; materials provided to experts; expert retention; depositions of liability witnesses and generic experts; the deposition cuts that may be used in a case; the trial exhibit preparation; the scientific articles assembled; PSC, PLC, and LCC activities; work of attorneys in any other state court proceeding where the leadership represents that the litigants agree to join in the participation agreement and the work inures to the common benefit; Discovery, Science and Law Committee work; authorized state and federal court trials; and company and generic expert depositions in state or federal court.  Time spent on matters common to all claimants in MDL 13-2441 (DWF/FLN) must be assigned by the LCC to be eligible for consideration for common benefit.

A Fee Committee to be appointed by the Court at the appropriate time shall consider eligible common benefit work whether performed in federal court or in any of the state court jurisdictions in making its recommendations.  Time spent on developing or processing individual issues in any case for an individual client (claimant), except for a bellwether case, and time spent on unauthorized work will not

be considered and should not be submitted.

1.      **Examples of authorized and unauthorized work include:**

a.      **Depositions of corporate and expert witnesses**:  Any
Participating Counsel may attend any deposition, space permitting;
however, if such counsel has not been designated as one of the authorized
questioners or otherwise authorized to attend the deposition on behalf of the
LCC/PSC (or is not one of the examiners designated or authorized by court-
appointed state litigation co-lead or liaison counsel), such counsel's time
and expenses will not be considered common benefit work, but rather will
be considered attendance on behalf of such counsel's individual clients;

b.      **Periodic MDL Conference Calls**:  These calls are
held so that individual attorneys are kept up-to-date on the status of the
litigation, and participation by listening to such calls is not common benefit
work.  All Plaintiffs' attorneys have an obligation to keep themselves
informed about the litigation so that they can best represent their clients,
and that is a reason to listen in on those calls.  The attorneys designated by
LCC and Liaison Counsel to run those calls are working for the common
benefit by keeping other lawyers informed and educated about the case, and
their time will be considered for common benefit.  Nothing in this
paragraph shall be construed to prevent members of the PSC from
submitting common benefit time for participation in PSC communications

that are germane to all members of the PSC and are necessary to fulfill their

PSC obligations;

                **c.**      **Periodic Status Conferences**:  Regular status

conferences are held so that the litigation continues to move forward and

legal issues are resolved with the Court.  Individual attorneys are free to

attend any status conference held in open court in order to keep up-to-

date on the status of the litigation and participation, but attending and

listening to such conferences is not common benefit work.  All Plaintiffs'

attorneys have an obligation to keep themselves informed about the

litigation so that they can best represent their clients. Mere attendance at

a status conference will not be considered a common benefit expense or

common benefit time.  The attorneys designated by the LCC to address

issues that will be raised at a given status conference or requested by the

LCC to be present at a status conference are working for the common

benefit and their time will be considered for common benefit.  Similarly,

any attorney whose attendance at a status conference is specifically

requested by the Judge in that case may submit his or her time to the Fee

Committee for evaluation as common benefit time;

                **d.**      **Committee Meetings or Calls:**  During committee

phone calls or other meetings, there is a presumption that only one

participant per firm will qualify for common benefit time, unless otherwise

authorized by the LCC;

     **e.**     **<u>Identification and Work-Up of Experts</u>:**

Participating Counsel are encouraged to identify experts in consultation with the LCC.  If Participating Counsel travel to and retain an expert without the knowledge and approval of the LCC, they understand that the MDL may not need or use that expert, and their time and expenses may not be considered as providing common benefit;

     **f.**     **<u>Attendance at Seminars</u>:** Attendance at a seminar that has as an agenda item or information about the Stryker litigation is not common benefit work or a common benefit expense;

     **g.**     **<u>Document Review</u>:**  In the MDL, only document review specifically assigned and authorized to an attorney will be considered common benefit work.  If an attorney elects to review documents that have not been assigned to that attorney by the LCC, that review is not considered common benefit.  In state court, only document review specifically assigned and authorized to an attorney will be considered common benefit work.  If an attorney elects to review documents that have not been assigned to that attorney by state court leadership in conjunction with the MDL LCC, that review is not considered common benefit.  Participating Counsel will receive periodic reports, from the document vendor retained by the LCC to manage the electronic production, of computer billing time for depository review.  This vendor has the capability to track actual time spent by each attorney in reviewing

documents. Participating Counsel should bring any discrepancy to the attention of the LCC or its designee within thirty (30) days of receipt of the vendor report.  Failure to timely bring any claimed discrepancy to the attention of the LCC will result in the compensable document review time being presumptively deemed that which was electronically logged by the vendor.  A Fee Committee to be appointed by the Court at the appropriate time will review all fee submissions related to document review, and document review that is duplicative of what has been assigned in the MDL may not be compensated;

        **h.**     <u>**Review of Pleadings and Orders**</u>**:** All Plaintiffs' attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients.  Review of pleadings and orders is part of that obligation.  Only those attorneys designated by the LCC to review or summarize those pleadings or Orders for the MDL are working for the common benefit and their time will be considered for common benefit.  All other counsel are reviewing those pleadings and orders for their own benefit and the benefit of their own clients, and the review is not considered common benefit.  Nothing in this paragraph shall be construed to prevent members of the LCC/PSC/PLC from submitting common benefit time for reviewing orders of the Court that are germane to all members of the LCC/PSC/PLC and are necessary for review to fulfill their committee obligations;

**i.**   **E-mails:**  Time recorded for reviewing e-mails, and providing non-substantive responses, generally is not compensable unless germane to a specific task being performed by the receiving or sending attorney or party that is directly related to that e-mail. Thus, for example, review of an e-mail sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable.  All Plaintiffs' attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review e-mails to a larger group that involve a matter on which the recipient is not directly and immediately working.  If time submissions are heavy on e-mail review and usage with little related substantive work, that time may be heavily discounted or not compensated at all.

**j.**   **Review of Discovery Responses:**   All Plaintiffs' attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review discovery responses served in this litigation.  Only those attorneys designated by the LCC to review and summarize those discovery responses for the MDL are working for the common benefit and their time will be considered for common benefit.  All other counsel are reviewing those discovery responses for their own benefit and the benefit of their own clients, and the review is not considered common benefit;

       **k.**    **Bellwether Trials:** While the work-up of individual cases is ***not*** considered common benefit, in the event a case is selected as part of an approved early preference or bellwether trial process in the MDL or other participating state court proceedings, the time and expenses in trying the case (including work performed as part of the approved bellwether process) may be considered for common benefit to the extent it complies with the other provisions of this Order or Participation Agreement.  In the event that the Plaintiffs' counsel are unsure if the action they are about to undertake is considered a common benefit action, counsel shall ask a member of the LCC in advance as to whether such time may be compensable.

**C.**    **Time Keeping and Submission of Time Records**

All time must be authorized and accurately and contemporaneously maintained. Time shall be kept according to these guidelines.  Participating Counsel shall keep a daily record of their time spent in connection with common benefit work on this litigation, indicating with specificity the hours, location, and particular activity (such as "conducted deposition of John Doe").  Time entries that are not sufficiently detailed may not be considered for common benefit payments.  All common benefit work time for each firm shall be maintained in tenth-of-an-hour increments.

Upon Order of the Court, payments may be made from the Stryker Hip Fee Fund or Stryker Hip Expense Fund, as applicable to attorneys who provide services or incur expenses for the joint and common benefit of Plaintiffs in addition to their own

client or clients.  These guidelines are intended for all activities performed and expenses incurred by counsel that relate to matters common to all claimants in MDL No. 13-2441 or other participating coordinated state court proceedings.  The following shall be noted:

1. All time submissions must be incurred only for work authorized under this Order.

2. All time submissions must be made on the forms provided by the LCC.

3. All time and expenses are subject to proper and timely submission (on the 30th of each month beginning on **June 30, 2014**) of contemporaneous records certified to have been timely received within thirty (30) days after the 30th of the previous month.  By **June 30, 2014**, submissions shall be made for all time incurred prior to the entry of this Order.  The date on which Participating Counsel can be considered to have accrued common benefit time and expenses is July 5, 2013, the date of this Court's order appointing interim lead and liaison counsel.

4. All time and expense submissions shall be electronically submitted in the designated form to the Escrow Agent and LCC on or before the 15th day of each month by e-mailing records to Genevieve Zimmerman of Zimmerman Reed PLLP at: Genevieve.Zimmerman@zimmreed.com, and Peter J. Flowers of Meyers & Flowers, LLC at: StrykerTimeandExpense@meyers-flowers.com.  Each will cooperatively share and maintain the data submitted.  It is therefore

essential that each firm, on a monthly basis, timely submit its records for the preceding month.

     5.    <u>Untimely Submissions</u>. Failure to provide time records within thirty (30) days after notice from the LCC that time records were not timely submitted shall result in a waiver.

**D.**    **<u>Distributions</u>**

    **1.**    **Procedures and Forms**

The LCC shall establish forms and procedures to implement and carry out any time and expense submissions required by the Court and for reimbursement from the Funds. The forms already established are attached hereto as "Exhibit B." Once developed, any additional forms may be obtained from the LCC. The forms shall be certified by a senior partner in each firm attesting to the accuracy of the submissions. Questions regarding the guidelines or procedures or the completion of any form should be directed to the LCC or the PLC.

    **2.**    **Court Approval**

The amounts deposited in the Funds shall be available for distribution to Participating Counsel who have performed professional services or incurred expenses for the common benefit at the appropriate time. No amounts will be disbursed without review and approval by the Court or such other mechanism as the Court may order. Specifically, such sums shall be distributed only upon order of the Court in MDL 13-2441 (DWF/FLN). This Court retains jurisdiction over any common benefit award and, in furtherance of state-federal cooperation, may receive input from state

court judges.  Each Participating Counsel who does common benefit work has the right
to present his or her claim(s) for compensation to the Court prior to any recommendation
or determination as to distribution.

Dated:  May 28, 2014                    s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge