# EXHIBIT 15

Case 3:16-md-02741-MC    Document 12347-16    Filed 01/11/21    Page 2 of 16
Case 8:10-ml-02151-JVS-FMO    Document 3754    Filed 06/09/13    Page 1 of 15    Page ID
#:122113

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| In Re: Toyota Motor Corp. Untended Acceleration Marketing, Sales Practices and Products Liability Litigation | Case No. 8:10ML2151-JVS(FMOx) **AMENDED ORDER NO. 25: COMMON BENEFIT ORDER** |
| This document relates to: | Judge: Honorable James V. Selna |
| ALL PERSONAL INJURY/ WRONGFUL DEATH CASES | |

This Order is entered pursuant to this Court's May 14, 2010 Order No. 2: Adoption of Organization Plan and Appointment of Counsel, its November 10, 2010 Order re Time and Expense Reporting for Plaintiffs' Counsel, and its September 22, 2011 Order re Plaintiffs' Liaison Counsel to State and Other Types of Cases' Time and Expense Submissions. (Docket Nos. 169, 483 & 1801.)

The purpose of this Order is to establish a reasonable prospective contingent assessment upon recoveries from the personal injury/wrongful death claims comprising the Toyota unintended acceleration litigation, and to define the obligations of Plaintiffs and the Toyota Defendants related to the MDL 2151 Common Benefit Fund (the "Common Benefit Fund"). The contingent assessment is imposed to provide for the fair and equitable sharing, among all plaintiffs, of the

cost of services performed and expenses incurred by Plaintiffs' Co-Lead Counsel and other attorneys designated and tasked by the above-referenced Orders to advance costs and incur time and effort for the common benefit of all plaintiffs in this complex litigation (collectively "Designated Counsel").

Initially, the Court recognized that discovery in the economic loss class actions and the present personal injury/wrongful death cases could proceed along a common track. However, now, as the economic loss class actions are pending class notice, hearing, and final approval of settlement, the majority of the personal injury/wrongful death actions pending in this MDL have not been resolved. Most, if not all, require additional discovery. Efforts by Designated Counsel continue to inure to the benefit of all remaining personal injury/wrong death plaintiffs.

Accordingly, the Court finds it appropriate to provide for the reimbursement and compensation of common benefit expenses and efforts incurred after December 26, 2012,[1] by establishing a common benefit fund. This Order shall be effective for so long as this MDL is pending and thereafter may be dissolved upon application by Plaintiffs' Co-Lead Counsel for the Personal Injury/Wrongful Death Cases or Lead Defense Counsel.

The Court therefore orders as follows:

I. **ESTABLISHMENT OF COMMON BENEFIT FUND**

The Court hereby authorizes the establishment of an MDL 2151 Common Benefit Fund (the "Common Benefit Fund") for the purposes and pursuant to the limitations set forth in this Order. Plaintiffs' Co-Lead Counsel for the Personal

---

[1] This is the date of filing of the Class Plaintiffs' ex parte application for preliminary approval of the proposed settlement of the economic loss litigation. Work before that date that could be considered inuring to the common benefit of personal injury/wrongful death litigants would likewise have conferred benefit to the proposed economic loss settlement and should generally be compensated through the requested attorneys' fees and costs requested thereunder.

1107468.5          2

1  Injury/Wrongful Death Cases, Elizabeth J. Cabraser and Mark P. Robinson, are
2  directed to establish, via a Court approved Escrow Agent (see below), an interest-
3  bearing account to receive and disburse funds as provided in this Order.
4        These funds will be held as funds subject to the direction of the Court. No
5  party or attorney has any individual right to any part of this Fund except to the
6  extent of amounts directed to be disbursed to such person by order of the Court.
7  These funds will not constitute the separate property of any party or attorney, nor be
8  subject to garnishment or attachment for the debts of any party or attorney, except
9  when and as directed to be disbursed as provided by Court order to a specific
10 person. These limitations do not preclude a party or attorney from transferring,
11 assigning, or creating a security interest in potential disbursements from the Fund if
12 permitted by applicable state laws and if subject to the conditions and contingencies
13 of this Order.

14 **II.**  **COMMON BENEFIT WORK PRODUCT**
15       All plaintiffs' counsel of record in the MDL, and all other Federal and State
16 counsel who execute the Participation Agreement attached to this Order (hereinafter
17 collectively, "Participating Attorneys") shall have full access to the Work Product
18 (as defined below) developed by, at the direction of, and in conjunction with
19 Designated Counsel, to the extent that this Court determines such Work Product
20 may be shared, subject to and consistent with relevant confidentiality orders. Such
21 Work Product shall include, but not be limited to, documents and information
22 gathered, deposition testimony taken, and expert materials developed in the MDL.
23 All counsel who receive such Work Product, from any source, including, but not
24 limited to Toyota, are subject to the provisions of this Order.

25 **III.**  **APPLICABILITY**
26       This Order applies to two broad categories of cases. First, it applies to MDL
27 cases as described below. Second, it applies to all cases brought by a Participating
28

1107468.5                                    3

Case 2:16-md-02741-MC   Document 12377-16   Filed 01/31/21   Page 5 of 16
Case 8:10-ml-02151-JVS-FMO   Document 3754   Filed 06/09/13   Page 49 of 15   Page ID
#:122116

Attorney, as defined below.

### A. MDL cases

(1) All cases transferred to this MDL, except those remanded by order of this Court to state court for lack of jurisdiction;

(2) all cases filed in this Court as components of or related to this MDL;

(3) all cases filed in federal court but not yet transferred, except those dismissed for lack of jurisdiction;

(4) all filed or unfiled cases of plaintiffs' lawyers who submit to the jurisdiction of this court through execution of the Participation Agreement (Exhibit A hereto) under this or subsequent Orders;

(5) all cases of Plaintiffs' Designated Counsel; and

(6) all cases and claims subsequently ordered by this Court to be subject to this Order that are settled, compromised, dismissed, or resolved by a judgment based upon alleged damage or injury (including death) arising from a Toyota unintended acceleration incident or claimed unintended acceleration-related defect.

### B. Election by Participating Attorneys

For cases and claims not covered by the paragraphs above, plaintiffs and their counsel may elect, within 60 days after the entry of this Order,[2] to enter into the Participation Agreement attached hereto as Exhibit A, subject to the 8% assessment of the gross monetary recovery, to be divided proportionally as set forth below.

Any plaintiff or attorney who receives or utilizes common benefit Work

---

[2] Later participating claims may be assessed a percentage of the "gross monetary recovery" to be established and agreed to by the Plaintiffs' Co-Lead Counsel based upon the then-existing and anticipated time and costs of the litigation. Such percentage may exceed the 8% assessment should the Court so approve.

1107468.5                                        4

Case 3:16-md-02741-MC Document 12347-16 Filed 01/11/21 Page 6 of 16
Case 8:10-ml-02151-JVS-FMO Document 3754 Filed 06/09/13 Page 5 of 15 Page ID
 #:122117

1  Product created in this litigation or receives any information or documents
2  produced by any of the Toyota Defendants relating to unintended acceleration
3  issues already produced as part of Core Discovery efforts in the MDL, regardless of
4  whether the plaintiff or attorney entered into the Participation Agreement, shall be
5  deemed to be a Participating Attorney or plaintiff having agreed to participate as set
6  forth above and shall be responsible for the withholding of amounts from any
7  recovery as set forth herein.

8        The Designated Counsel shall provide, and periodically provide updates to,
9  Lead Defense Counsel and the Escrow Agent (see Section VI) with a list of
10 Participating Attorneys as described above.  This Court shall have exclusive and
11 continuing jurisdiction over any and all disputes relating to this Order and the
12 assessment process with respect to any case that currently or in the past involved
13 MDL Attorneys and Attorneys who have signed the Participation Agreement.

14       In the event a dispute arises regarding a State Court case in which counsel
15 has not executed the Participation Agreement, this Court will determine at that time
16 whether it can and should exercise jurisdiction to resolve the dispute or whether
17 such dispute should be handled in the state court with jurisdiction over the
18 particular case; provided, however, that the Toyota Defendants may fulfill their
19 obligations under this Order as to that case by depositing into the Common Benefit
20 Fund the full amount of the assessment, which shall be disbursed following
21 resolution of the jurisdictional issues according to order of the appropriate court.

22       In the event there is a dispute as to whether a case should be assessed, the
23 Designated Counsel shall first attempt to resolve the matter with the particular
24 plaintiffs' counsel either informally or upon motion in the appropriate court.  Other
25 than the responsibilities described in this Order, the Toyota Defendants and their
26 counsel shall have no duties or responsibilities to any parties or their counsel
27 arising out of the administration of the Common Benefit Fund.
28

1107468.5       5

|   |   |
|---|---|
| 1 | The Toyota Defendants shall bear no out-of-pocket costs in connection with |
| 2 | the administration of the Common Benefit Fund.  All out-of -pocket costs |
| 3 | (exclusive of attorney time), including those associated with the withholding and/or |
| 4 | collection of assessments, the submission of certifications, reports and/or |
| 5 | statements required by this Order, and any other cost that may be incurred by the |
| 6 | Toyota Defendants in the administration of the Fund, shall be chargeable to the |
| 7 | Common Benefit Fund. |

## IV. COORDINATION WITH STATE COURTS

The assessment described in this Order is not intended to be cumulative to any assessment imposed in any coordinated state proceedings.  Cases and claims subject to an assessment by virtue of the language above shall be subject to only *one* assessment per settlement or disposition, and shall not be subject to assessment in any other coordinated state court proceeding.  In the event there is a dispute regarding where a particular case or claim should be assessed as between the MDL or another state coordinated proceeding, Designated Counsel shall resolve the matter with plaintiffs' counsel of record in the specific case and shall instruct the Toyota Defendants which fund is to receive the assessment.  The Court recognizes that some Designated Counsel and other firms are performing court-ordered or informal common benefit work in these state court coordinated proceedings and that common benefit work product and activities generated in one proceeding may and should be utilized and made available, on equitable terms, to plaintiffs in the others.  To the extent that any State Court imposes any assessments in those proceedings, Designated Counsel shall work with designated counsel in such coordinated proceedings to coordinate the use of common benefit assessment funds obtained from cases and claims filed in those State Courts, to coordinate their common benefit efforts, and to minimize duplication of effort and expense, such that necessary and appropriate work of common benefit to plaintiffs is reimbursed

1107468.5

6

and compensated, fully and without duplication regardless of the location where the work was conducted. The Court may confer with other state courts regarding common benefit applications as deemed appropriate by the Court.

## V. ASSESSMENTS

All plaintiffs and their Participating Attorneys who, on or after the date of this Order, settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, with or without that claim being filed, or who have judgment entered in their favor, with respect to any individual Toyota unintended acceleration-related claims, are subject to an assessment equivalent to eight percent (8%) of the gross monetary recovery on such claims. This assessment is to be paid by Defendants as a deduction from such recoveries at the time of payment of settlement proceeds or satisfaction of judgment. The gross monetary recovery excludes any court costs that are to be paid by Defendants, but includes the following: compensatory, non-compensatory, and punitive damages, including the present value of any future payments.

More specifically, the cases to which this Order applies (identified in the next section) will be subject to an assessment equivalent to eight percent (8%) of the gross monetary recovery, said assessment to be withheld by the Defendants and paid into the Common Benefit Fund. This eight percent (8%) assessment will be divided proportionally between Participating Attorney and client: four percent (4%) coming from the individual plaintiff's share of any recovery and four percent (4%) coming from the share of any recovery payable to plaintiffs' attorney as attorneys' fees. For example, on a recovery of $1,000 with an attorneys' fee of forty percent (40%), and without any consideration of case-specific out-of-pocket costs paid or advanced by the individual attorney (for purposes of this example only), four percent (4%) or $40 would come from the plaintiff's sixty percent (60%) share and four percent (4%) or $40 from the attorney's forty percent (40%) share.

1107468.5  7

Case 3:16-md-02741-MC Document 12377-16 Filed 01/11/21 Page 9 of 16
Case 3:10-ml-02151-JVS-FMO Document 375-7 Filed 06/09/13 Page 89 of 15 Page ID
 #:122120

From the date of this Order forward, with respect to cases and claims subject to this order, Defendants are directed to withhold the amount of the Common Benefit Fund assessment from any amounts paid to plaintiffs and their counsel, and to pay such withheld funds, on a monthly basis, directly into the Common Benefit Fund as a credit against the settlement or judgment. Defendants have no obligation to withhold such assessments from cases of counsel not appearing on the lists of Participating Attorneys to be provided to Defendants by Designated Counsel as provided in this Order.

Certification by both plaintiff's and defense counsel of payment of the required Assessment into the Common Benefit Fund must precede or accompany any notice of dismissal based upon settlement or compromise of a plaintiff's claims.

## VI. REPORTS TO THE COURT

On a quarterly basis, Defendants' counsel shall provide notice to a Court-appointed Escrow Agent of the Fund (the "Escrow Agent") of the names and docket numbers of the cases for which they have made an assessment payment. Quarterly statements showing the total amount held in the Fund shall be provided to the Court or its designee *in camera*. All information provided in accordance with this paragraph is governed by the confidentiality provisions of this Order. If the terms of the settlements are confidential, the corresponding amounts paid into the Common Benefit Fund by Defendants, shall likewise be confidential and shall not be disclosed by the Escrow Agent other than to the Court upon the Court's request.

## VII. DISBURSEMENTS

### A. Court Approval Required

Upon approval of the Plaintiffs' Co-Lead Counsel and order of this Court, payments may be made from the fund to attorneys who provided services or incurred expenses for the joint and common benefit of plaintiffs for work

1107468.5

8

performed after December 26, 2012.

### B. Eligibility

Only authorized work may be compensated from the Common Benefit Fund. All time and expenses are subject to proper submission of records pursuant to this Court's Order re Time and Expense Reporting for Plaintiffs' Counsel. (Docket No. 483.)

Attorneys eligible include Plaintiffs' Designated Counsel, including members of the Plaintiffs' Co-Lead Counsel for the Personal Injury/Wrongful Death Cases, members of the Committee for Personal Injury/Wrongful Death Cases, Federal/State Court Liaison Counsel, bellwether trial counsel and co-counsel, and other attorneys designated by the Co-Leads to assist in performing their responsibilities, and other attorneys performing similar work in state court actions that has been approved by the Plaintiffs' Co-Leads as common benefit work.

### C. Procedure

Reimbursement for costs and/or fees for services of all Plaintiffs' counsel performing functions in accordance with this Order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing. The standards and procedures set forth in this Order and the November 10, 2010 Order re Time and Expense Reporting for Plaintiffs' Counsel (Docket No. 483) are to be utilized by any counsel who will seek common benefit fees and/or expense reimbursement, except for the Plaintiffs' Liaison Counsel to State and Other Types of Cases who are also governed by the September 22, 2011 Order re Plaintiffs' Liaison Counsel to State and Other Types of Cases' Time and Expense Submissions (Docket No. 1801).

### D. Fund Allocation

If the Fund exceeds the amount needed to make all payments for Court-approved common benefit costs and fees, the Court may order a refund to the

1107468.5                                  9

plaintiffs and plaintiffs' attorneys whose recoveries and compensation were assessed by operation of the Defendants' contributions to the Fund. Any such refund will be made in proportion to the amount of the contributions. If the Fund is inadequate to make all payments as provided in this Order, the Plaintiffs' Co-Lead Counsel may request and the Court may order an increase to the assessment from any plaintiff or plaintiffs' attorney, *but not from the Toyota Defendants*, who have contributed to the Fund. The Court may also enter such further Orders as are necessary to allocate the Fund equitably in conformity with common benefit principles.

## VIII. CONFIDENTIALITY PROVISION

Consistent with the principle that the terms of settlement agreements are entitled to remain confidential, details of any individual settlement agreement, individual settlement amount, and individual amounts deposited into escrow that are otherwise confidential shall not be disclosed to anyone other than the Escrow Agent and the Court, or the Court's designee. A quarterly statement from the Escrow Agent shall be provided to Plaintiffs' Co-Lead Counsel for the Personal Injury/Wrongful Death Cases and the Court, or the Court's designee, showing only the aggregate of deposits for each period of one or more quarters in which three or more deposits have been made, disbursements, interest earned, financial institution charges, if any, and current balance as set forth above.

## IX. DISPUTE RESOLUTION

Any disputes arising under this Order which cannot be resolved by agreement of Counsel, including disputes regarding the payment or non-payment of assessments into the Common Benefit Fund by Defendants or Participating Counsel will be resolved by this Court in the exercise of its jurisdiction over this complex litigation, under its inherent power to control its docket and the equitable principles of the common benefit doctrine.

1  This Court shall have exclusive and continuing jurisdiction over any disputes
2  relating to this Order, the assessment process, and the administration of the
3  Common Benefit Fund.
4  **IT IS SO ORDERED.**

6  Date: June 09, 2013

   _____
   JAMES V. SELNA
   United States District Judge

1107468.5

11

# Exhibit A

## Attorney Participation Agreement

This Agreement is made this _____ **day of** _____, **201__,** by and between the Court-appointed Plaintiffs' Co-Lead Counsel appointed by the United States District Court for the Central District of California in MDL 2151 and

**[FILL IN THE NAME OF THE FIRM EXECUTING THE AGREEMENT]** (hereinafter "the Participating Attorneys").

WHEREAS, the United States District Court for the Central District of California has designated Elizabeth J. Cabraser and Mark P. Robinson, Jr. to serve as Plaintiffs' Co-Lead Counsel for the Personal Injury/Wrongful Death Cases to facilitate the conduct of pretrial proceedings in the personal injury/wrongful death federal actions relating to Toyota unintended acceleration-related claims;

WHEREAS, these Co-Leads, in association with other attorneys working for the common benefit of plaintiffs, including the Committee for the Personal Injury/Wrongful Death Cases and Federal/State Court Liaison Counsel (collectively "Designated Counsel"), have developed and are in the process of developing Work Product which will be valuable in the litigation of federal and state court proceedings involving Toyota unintended acceleration-related claims (the "MDL Work Product"); and

WHEREAS, the Participating Attorneys are desirous of acquiring the Work Product and working in coordination with the Co-Leads and other Designated Counsel for the benefit of their clients;

NOW, THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

1. With respect to each client whom they represent in connection

1107468.5                                1

with a Toyota unintended acceleration-related claim, whether the claim is or is not currently filed in state or federal court, each of the Participating Attorneys shall cause to be deposited by the Defendants in an MDL Common Benefit Fund Account a percentage of the gross monetary recovery by each such client which is equal to eight percent (8%). Four percent (4%) of the eight percent (8%) assessment shall be deemed fees to be subtracted from the attorneys' fees portions of individual fee contracts, and four percent (4%) shall be deemed costs to be subtracted from the client portion of individual fee contracts unless these percentages are modified by agreement of counsel or by the Court upon showing of good cause. For purposes of this Agreement, the gross monetary recovery shall not include court costs to be paid by the Defendants, if any, but shall include the present value of any fixed and certain payments to be made to the plaintiff or claimant in the future. It is the intention of the parties that such assessment shall be in full and final satisfaction of any present or future obligation on the part of each Plaintiff and/or Participating Attorney to contribute to any fund for the payment or reimbursement of any legal fees, services or expenses incurred by, or due to, the MDL and/or any Common Benefit Attorneys.

2. The Participating Attorneys, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to the Co-Leads a lien upon and/or a security interest in any recovery by any client whom they represent in connection with any Toyota unintended acceleration-related claim or injury, to the full extent permitted by law, in order to secure payment in accordance with the provisions of paragraph 1 of this Agreement. The Participating Attorneys will undertake all actions and execute all documents which are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

3. In accordance with MDL 2151 Order No. 25: <u>Common Benefit Order</u>, and any related orders, the amounts deposited in the MDL Common Benefit

1107468.5                                2

Fund shall be available for distribution to attorneys who have performed professional services or incurred expenses for the benefit of the plaintiffs in MDL 2151 and any state court litigation pursuant to written authorization from the Co-Lead Counsel. Such sums shall be distributed only upon an Order of the Court in MDL 2151, which will be issued in accordance with applicable law governing the award of fees and costs in cases involving the creation of a common benefit. Appropriate consideration will be given to the experience, talent and contribution made by all of those authorized to perform activities for the common benefit, including the Participating Attorneys.

4. As the litigation progresses and Work Product of the same kind continues to be generated, the Co-Leads and other Designated Counsel will make available such Work Product, to the extent allowed and determined by the MDL 2151 Court, and in connection with the relevant confidentiality orders and agreements, and will otherwise cooperate with the Participating Attorneys to coordinate the MDL litigation and the state litigation for the benefit of the plaintiffs.

5. Upon execution of this Agreement, the Designated Counsel will provide to the Participating Attorneys, to the extent approved by the MDL Court, the Work Product, including access to a document depository.

6. The Participating Attorneys represent that the list appended hereto correctly sets forth the name of each client represented by them who has filed a civil action related to Toyota unintended acceleration, as well as the applicable court and docket number of each such case, and that the list attached hereto contains the name and social security number of each client represented by them who has not yet filed a civil action relating to Toyota unintended acceleration.

7. The Participating Attorneys shall supplement the lists appended hereto on a quarterly basis where they have entered into new retentions or

1107468.5                                    3

| | |
|---|---|
| 1 | |
| 2 | associations. |
| 3 | 8.    This Agreement shall apply to each and every Toyota |
| 4 | unintended acceleration-related claim or action (whether state or federal, filed or |
| 5 | unfiled) in which the Participating Attorneys have a right or claim to a fee recovery. |
| 6 | **Dated:**             **MDL 2151 Plaintiffs' Co-Lead Counsel** |
| 7 | |
| 8 | **By:** _____ |
| 9 | |
| 10 | **AND** |
| 11 | |
| 12 | **By:** _____ |
| 13 | |
| 14 | |
| 15 | **[Participating Attorney]** |
| 16 | **[FIRM NAME]** |
| 17 | |

1107468.5                              4