# EXHIBIT 20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

```
------------------------------------------------------------ X
                                                             :
IN RE YASMIN AND YAZ                                         :   3:09-md-02100-DRH-PMF
(DROSPIRENONE) MARKETING, SALES                              :
PRACTICES AND RELEVANT PRODUCTS                              :   MDL No. 2100
LIABILITY LITIGATION                                         :
                                                             :
                                                             :   Hon. David R. Herndon
------------------------------------------------------------ :
                                                             :
This Document Applies To All Actions                         :
------------------------------------------------------------ X
```

**CASE MANAGEMENT ORDER NO. 14**
**(ESTABLISHING COMMON BENEFIT FEE AND EXPENSE FUND)**

**I.      SCOPE OF ORDER**

Due to the nature of this particular litigation, this Order is entered to provide for the fair and equitable sharing among plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in this complex litigation.

        **A.      Governing Principles--The Common Benefit Doctrine.**

The governing principles are derived from the United States Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, *inter alia*, *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL context, in *inter alia*, *In re MGM Grand Hotel Fire Litigation*, 660 F.Supp. 522, 525-29 (D. Nev. 1987); and *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019-21 (5th Cir. 1977).

**B.     Application.**

This Order applies to all cases now pending, or later filed in, transferred to, or removed to, this Court and treated as part of the coordinated proceeding known as *In re: Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Relevant Products Liability Litigation*, MDL 2100. This Order further applies to all plaintiffs' attorneys who represent clients, who have cases now pending, or later filed in, transferred to, or removed to, this Court, regardless of whether the plaintiff's attorney signs the "Participation Agreement" attached hereto as Exhibit A.

**C.     Participation Agreement (Exhibit A).**

Exhibit A, attached hereto and incorporated herein, is a voluntary Participation Agreement between plaintiffs' attorneys who have cases pending in the MDL and/or in state court. The Participation Agreement is a private and cooperative agreement between plaintiffs' attorneys only (Participating Counsel); and not Defendants. Participating Counsel include all members of the Plaintiffs' Steering Committee (PSC) (as designated in Order No. 2 and No. 6), State-Federal Liaisons (as appointed in Order No. 8 on February 10, 2010, and any future Orders appointing a Liaison Counsel for other state courts), and any other plaintiffs' attorneys who execute or have been deemed to have executed Exhibit A hereto, the Participation Agreement. Participating Counsel are entitled to receive the "Common Benefit Work Product." "Common Benefit Work Product" does not include trial or hearing transcripts, deposition transcripts of defendants' or third-party witnesses or exhibits attached thereto, nor does it include the actual documents/images of documents produced by defendants in response to discovery requests or the discovery requests themselves. Participating Counsel shall be entitled to receive all the Common Benefit Work Product of those counsel who have also signed the Participation Agreement that was created pursuant to this Order. Counsel who choose not to execute the Participation

2

Agreement, are not entitled to receive Common Benefit Work Product and may be subject to an increased assessment on all YASMIN/YAZ/OCELLA cases in which they have a fee interest if they receive Common Benefit Work Product or any other work product created pursuant to this Order, or otherwise benefit by the work performed by the MDL and other counsel working with the MDL pursuant to this Order.

The Court recognizes the jurisdictional rights and obligations of the state courts to conduct their state court litigation as they so determine and that the state court litigations include counsel who are Participating Counsel. The Participation Agreement and this Order shall not be cited by a Party to the Participation Agreement in any other court in support of a position that adversely impacts the jurisdictional rights and obligations of the state courts and state court Participating Counsel.

Non-PSC member plaintiffs' attorneys who have cases pending in this Court shall within the time-period set forth in the next paragraph I(C)(1) below designate whether or not they are a Participating Counsel or a Non-Participating Counsel by signing the appropriate section of the Participation Agreement. PSC members are by virtue of their membership on the PSC deemed to be Participating Counsel. Also, counsel appointed by the MDL Court to act as liaisons between the state courts and the MDL are by virtue of their appointment as Court-appointed Federal State Liaison Counsel deemed to be Participating Counsel, regardless of whether that attorney signs the "Participation Agreement" attached hereto as Exhibit A.

1. **<u>Early Participation vs. Late Participation</u>** – For any counsel who enters into the Participation Agreement within 45 days of the entry of this Order or 45 days of their first case being docketed in the MDL or any other jurisdiction working cooperatively with the MDL PSC (*e.g.*, California, New Jersey, Pennsylvania) (whichever date is later), the assessment shall be 6%

3

as computed and determined below ("Early Participation"). For any counsel who enters into the Participation Agreement after 45 days of the entry of this Order or 45 days of their first case being docketed in the MDL or any other jurisdiction working cooperatively with the MDL PSC (*e.g.*, California, New Jersey, Pennsylvania) (whichever date is later), the assessment shall be 10% as computed and determined below ("Late Participation").

## II. PLAINTIFFS' LITIGATION FEE AND EXPENSE FUNDS

### A. Establishing the Fee and Expense Funds.

By subsequent Order of this Court, the Court will appoint a qualified certified public accountant (the "CPA") who is directed to establish two interest-bearing accounts to receive and disburse funds as provided in this Order (the "Funds"). The first fund shall be designated the "Yasmin/Yaz Fee Fund" and the second fund shall be designated the "Yasmin/Yaz Expense Fund." These funds will be held subject to the direction of this Court.

The CPA shall serve as Escrow Agent over the Funds and keep detailed records of all deposits and withdrawals and to prepare tax returns and other tax filings in connection with the Funds. Such subsequent Order appointing the CPA shall specify the hourly rates to be charged by the CPA and for the CPA's assistants, who shall be utilized where appropriate to control costs. The CPA shall submit quarterly detailed bills to the Court and to Plaintiffs' Liaison Counsel ("PLC"). Upon approval by the Court, the CPA's bills shall be paid from the Yasmin/Yaz Expense Fund and shall be considered a shared cost in accordance with § III. B.1., below. The PLC shall provide a copy of this Order to the CPA and the Plaintiffs' Co-Lead Counsel.

**B.     Payments into the Fee and Expense Funds:  The Assessment.**

All Plaintiffs and their attorneys who are subject to this Order and who, either agree or have agreed — for a monetary consideration — to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to Yasmin/Yaz/Ocella claims are subject to an assessment of the "gross monetary recovery," as provided herein.

**1.     Gross monetary recovery.**

Gross monetary recovery includes any and all amounts paid to plaintiffs' counsel by Defendants through a settlement or pursuant to a judgment. In measuring the "gross monetary recovery," the parties are to (a) exclude court costs that are to be paid by the defendant; (b) include any payments to be made by the defendant on an intervention asserted by third-parties, such as to physicians, hospitals, and other healthcare providers in subrogation related to treatment of plaintiff and any governmental liens or obligations (*e.g.*, Medicare/Medicaid); and (c) include the present value of any fixed and certain payments to be made in the future. The assessment shall apply to all of the cases of the Plaintiff's attorneys who are subject to this Order that are pending in the MDL or state court as well as any unfiled or tolled cases of such attorneys in which they are counsel or co-counsel.

**2.     Assessment Amount.**

(a)     Early Participation – The assessment amount shall be six (6) percent (four (4) percent for common benefit attorneys' fees and two (2) percent for costs) for Early Participation Counsel;

5

(b) <u>Late Participation</u> – The assessment amount shall be ten (10) percent (eight (8) percent for common benefit attorneys' fees and two (2) percent for costs) for Late Participation Counsel.

(c) The assessment represents a hold back (*In re Zyprexa Prods. Liab. Litig.*, 267 F.Supp.2d 256 (E.D.N.Y. 2006)) and shall not be altered in any way unless each of the following occurs: (1) the entire PSC is consulted and provided an opportunity to be heard prior to the filing of any motion to change the assessment amount; (2) the PSC approves the proposed change to the assessment by a majority vote; (3) noticed motion with an opportunity to be heard is granted by the Court; and (4) the increase is approved by the Court.

### 3. **Defendant Obligations.**

The PLC shall provide the Defendants' Liaison Counsel, the CPA, and the Court or its designee with a list of cases and/or counsel who have entered into written agreements with the PSC by executing the Participation Agreement or who are otherwise subject to the assessment on a quarterly basis. This same list shall be made available to all plaintiffs' counsel with cases in this MDL or who sign the Participation Agreement upon request. In the event there is a dispute as to whether a case or counsel should be on the list, the PSC shall seek to resolve the matter with the particular plaintiff's counsel informally, and if that is unsuccessful upon motion to the Court.

Defendants and their counsel shall notify the PLC, quarterly, with a list setting forth (a) the names of the law firms representing the plaintiff and the names of all attorneys on the pleadings or appearing as counsel of record in all properly served YAZ and Yasmin cases in state and federal courts in the United States and (b) whether the case is pending in federal or state court and if it is pending in state court Defendants shall identify the state. For cases subject to an

assessment, defendants are directed to withhold the assessment from any and all amounts paid to plaintiffs and their counsel and to pay the assessment directly into the Funds as a credit against the settlement or judgment. No orders of dismissal of any plaintiff's claim, subject to this Order, shall be entered unless accompanied by a certificate of plaintiff's and defendant's counsel that the assessment, where applicable, will be withheld and will be deposited into the Funds at the same time the settlement proceeds are paid to settling counsel. If for any reason the assessment is not or has not been so withheld, the plaintiff and his counsel are jointly responsible for paying the assessment into the Fund promptly.

Counsel for each Defendant shall provide at least quarterly notice to the Court or its designee the names and docket numbers of the cases for which it has paid an assessment into the Funds since the last such report. A report is not due if there are no payments made into the Funds by that Defendant during that quarter or if payment into the Funds has been on fewer than seven (7) cases during that quarter. Whether case(s) have been settled and the specifics of any settlement(s), including but not limited to amount(s) deposited into escrow, shall be confidential and shall not be disclosed by the CPA to Plaintiffs' Co-Lead Counsel, PLC, the PSC, any other plaintiffs' lawyer, the Court, the Court's designee, or to anyone else. It may be provided to the Court, and to the Court only, should the Court request that it receive that information. Monthly statements from the CPA shall, however, be provided to Plaintiffs' Co-Lead and Liaison Counsel and the Court showing only the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance. If a particular settlement agreement contains a less restrictive confidentiality agreement, the terms of that settlement agreement will control the confidentiality obligations of the lawyers who were counsel of record in the settled case.

### III. COMMON BENEFIT EXPENSES

#### A. Qualified Expenses Eligible for Reimbursement.

In order to be eligible for reimbursement of common benefit expenses, said expenses must meet the requirements of this section and the limitations set forth in the Participation Agreement. Specifically, said expenses must be (a) for the common benefit, (b) appropriately authorized, as defined in footnote 2 in the Participation Agreement, and (c) timely submitted, within the defined limitations set forth in this Order, and (d) verified.

#### B. Shared and Held Common Benefit Expenses.

##### 1. Shared Costs.

Shared Costs are costs incurred for the common benefit of the MDL as a whole. Shared Costs are costs that will be paid out of a separate Yasmin/Yaz Expense Fund account that has already been established by PLC and to be funded by all members of the PSC and others as determined by the PSC and its designated subcommittees. All Shared Costs must be approved by Plaintiffs' Co-Lead or Liaison Counsel prior to payment. Shared Costs include: (a) Certain Court, filing and service costs; (b) Deposition and court reporter costs for non-case specific depositions; (c) Document Depository: creation, operation, equipment and administration; (d) Plaintiffs' Co-Lead and Liaison Counsel administrative matters (*e.g.*, expenses for equipment, technology, courier services, long distance, telecopier, electronic service, photocopy and printing, secretarial/temporary staff, etc.); (e) PSC group administration matters such as meetings and conference calls; (f) Legal and accountant fees; (g) Generic expert witness and consultant fees and expenses; (h) Printing, copying, coding, scanning (out of house or extraordinary firm cost) (i) Research by outside third party vendors/consultants/ attorneys; (j) Common witness

8

expenses including travel; (k) Translation costs; (l) Bank or financial institution charges; and (m) Investigative services.

  **2.  Held Costs.**

Held Costs are those that will be carried by each Participating Counsel in MDL 2100 or state court and reimbursed as and when determined by the PSC and/or the Fee Committee, and then appoved by this Court. Held costs can also include unreimbursed and authorized shared costs. Held Costs are costs incurred for the global benefit of the litigation, which can include costs incurred in the state court litigations that are authorized and approved by the State-court leadership and have global benefit for all plaintiffs in general. Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the benefit of all plaintiffs in general. No specific client-related costs shall be considered as Held Costs, except that costs incurred for the common benefit as part of the bellwether trial process in the MDL, California, New Jersey, or Pennsylvania as set forth in the Participation Agreement at IV(C)(1)(k) may be considered for treatment as a Held Cost by the Fee Committee. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Costs and qualify to be submitted for consideration by the PSC and the Court for future reimbursement from the Yasmin/Yaz Expense Fund.

 **C.  Authorization and Submission.**

The Participation Agreements sets forth the guideliness for authorizating and submitting expenses for the common benefit.

 **D.  Expenses Limitations.**

  **1.  Travel Limitations.**

9

Except in extraordinary circumstances approved by Plaintiffs Co-Lead or Liaison Counsel, all travel reimbursements are subject to the following limitations:

> i. <u>Airfare</u>. Only the price of a coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will *not* be fully reimbursed, except for international flights, which requires prior approval by Plaintiffs Co-Lead or Liaison Counsel in order to be considered for reimbursement. Use of a private aircraft will not be reimbursed. If Business/First Class Airfare is used on domestic flights then the difference between the Business/First Class Airfare must be shown on the travel reimbursement form, and only the coach fare will be will be reimbursed.
>
> ii. <u>Hotel</u>. Hotel room charges for the average available room rate of a business hotel, including the Hyatt, Westin, and Marriott hotels, in the city in which the stay occurred will be reimbursed. Luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.
>
> iii. <u>Meals</u>. Meal expenses must be reasonable.
>
> iv. <u>Cash Expenses</u>. Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.
>
> v. <u>Rental Automobiles</u>. Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel.
>
> vi. <u>Mileage</u>. Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently 50.5 cents per mile).

**2. Non-Travel Limitations**

> i. <u>Long Distance and Cellular Telephone</u>: Long distance and cellular telephone charges must be documented. Copies of the telephone bills must be submitted with notations as to which charges relate to the Yaz/Yazmin/Drospirenone MDL litigation. Submissions may be redacted to remove non-Yaz/Yasmin/Drospirenone related calls.

  ii. <u>Shipping, Courier, and Delivery Charges</u>: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

  iii. <u>Postage Charges</u>: A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

  iv. <u>Telefax Charges</u>: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

  v. <u>In-House Photocopy</u>: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 20¢ per page.

  vi. <u>Computerized Research – Lexis/Westlaw</u>: Claims for Lexis or Westlaw, and other computerized legal research expenses should be in the exact amount charged to or allocated by the firm for these research services.

  E. **Verification.**

The forms detailing expenses shall be certified by a senior partner in each firm attesting to the accuracy of the submissions. Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification so long as accompanied by a declaration from counsel that work was performed and paid for the common benefit.

  F. **Costs and/or Expenses in Excess of Amounts Available in the Expenses Fund.**

Any compensable costs and/or expenses that exceed the amounts available in the Yasmin/Yaz Expense Fund may be compensable by the Yasmin/Yaz Fee Fund upon Order of the Court.

**IV.**  **COMMON BENEFIT WORK.**

  A. **Qualified Common Benefit Work Eligible for Reimbursement.**

Only Participating Counsel are eligible for reimbursement for time and efforts expended for the common benefit. Participating Counsel shall be eligible for reimbursement for time and

11

efforts expended for common benefit work, if said time and efforts are (a) for the common benefit, (b) appropriately authorized, as defined in footnote 2 in the Participation Agreement, (c) timely submitted and (d) approved by this Court.

**B.     Compensable Common Benefit Work Defined.**

As the litigation progresses and common benefit work product of the same type and kind continues to be generated, the PLC and Co-Lead Counsel along with the co-Chairs of the MDL committees will assign Participating Counsel with such common benefit work. In the MDL, common benefit work shall include only work specifically assigned to Participating Counsel by the PLC and Co-Lead Counsel along with the co-Chairs of the MDL committees. In the state courts, common benefit work shall include only work specifically assigned by the co-lead or liaison counsel in each state court. Examples of common benefit work include, but are not limited to, maintenance and working in the depository; review and document coding; timelines; materials provided to experts; authorized expert retention; the deposition cuts that may be used in a case set for trial; the trial exhibit preparation; the scientific articles assembled; certain PSC activities; work of co-lead or liaison counsel in the Pennsylvania, New Jersey and California Coordinated Proceedings; work of the MDL Discovery, Law and Briefing, and Science Committee Co-Chairs; approved committee work; expert development authorized by the Chair of the Science Committee or Co-Lead Counsel; authorized State and Federal Court Trials; and the preparation for and taking of authorized depositions of Defendants and third-party witnesses, and expert depositions in state or federal court. In the state courts, Common benefit work eligible to be considered for compensation in this MDL includes work of co-lead or liaison counsel in the Pennsylvania, New Jersey and California Coordinated Proceedings and only work

that is authorized and specifically assigned by the co-lead or liaison counsel in that state court. Duplicative work may not be approved for compensation by the Fee Committee.

### C. Authorization and Time Keeping.

All time must be authorized and accurately and contemporaneously maintained. Time shall be kept according to these guidelines as set forth in the Participation Agreement.

### D. Distributions.

#### 1. Procedures and Forms.

The PSC shall establish forms and procedures to implement and carry out any time and expense submissions required by the Court and for reimbursement from the Yasmin/Yaz Funds. Once developed, these forms may be obtained from the PLC. The forms shall be certified by a senior partner in each firm attesting to the accuracy of the submissions. Questions regarding the guidelines or procedures or the completion of any form should be directed to Plaintiffs' Co-Lead or Liaison Counsel.

#### 2. Court Approval.

The amounts deposited in the Yasmin/Yaz Fee and Expense Funds shall be available for distribution to Participating Counsel who have performed professional services or incurred expenses for the common benefit. No amounts will be disbursed without review and approval by the Court or such other mechanism as the Court may order. Specifically, such sums shall be distributed only upon Order of the Court in MDL 2100. This Court retains jurisdiction over any common benefit award; and in furtherance of state federal cooperation, the MDL Judge may seek input from the state court judges, including the coordinating judges in California, Pennsylvania and New Jersey, if the MDL Judge deems it appropriate. Each Participating Counsel who does common benefit work has the right to present their claim(s) for compensation prior to any

recommendation to the Court. Upon order of the Court, payments may be made from the Fund to Participating Counsel who provide services or incur expenses for the joint and common benefit of plaintiffs in addition to their own client or clients. Attorneys eligible are limited to Plaintiffs' Liaison Counsel and members of the Plaintiff's Steering Committee, and co-Chairs of the Discovery, Science and Law and Briefing Committees, and other Participating Counsel called on to assist in performing their responsibilities, Court appointed Federal-State Liaison Counsel, and other Participating Counsel performing similar responsibilities in state court actions.

Any Counsel who does not sign the Participation Agreement shall not be eligible to receive Common Benefit payments for any work performed or expenses incurred.

3. **Fee Committee**.

At the appropriate time, this Court shall appoint a Fee Committee to make recommendations to this Court on the issues of how any money in the Yasmin/Yaz Fee and Expense Funds shall be distributed among Participating Counsel (the "Fee Committee"). The Fee Committee shall have seven members, unless 55% or more of the total filed cases are pending in federal court in which case the Fee Committee shall consist of 8 members. In the event that the Fee Committee consists of seven members, four of the seven members shall be appointed by Co-Lead and Liaison Counsel in the MDL, one member shall be appointed by Co-Lead and Liaison Counsel appointed by the state court in the California JCCP Litigation, one member shall be appointed by Co-Liaison Counsel appointed by the state court in the Pennsylvania Coordinated Litigation, and one member shall be appointed by Liaison Counsel appointed by the state court in the New Jersey Coordinated Litigation. In the event that the Fee Committee consists of eight members, five of the eight members shall be appointed by Co-Lead and Liaison Counsel in the MDL, one member shall be appointed by Co-Lead and Liaison

14

Counsel appointed by the state court in the California JCCP Litigation, one member shall be appointed by Co-Liaison Counsel appointed by the state court in the Pennsylvania Coordinated Litigation, and one member shall be appointed by Liaison Counsel appointed by the state court in the New Jersey Coordinated Litigation. Regardless of the number of members of the Fee Committee, each member of the Fee Committee shall only have one vote and each vote shall bear the same weight. A decision of the Fee Committee need only be made by a majority of votes. The Fee Committee shall determine on its own the most fair and efficient manner by which to evaluate all of the time and expense submissions in making its recommendation to this Court.

**IT IS SO ORDERED.**

**Dated: March 25, 2010**

/s/     *David R Herndon*

**Honorable David R. Herndon
Chief Judge, United States District Court**

15