# EXHIBIT 24

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| IN RE: ETHICON PHYSIOMESH FLEXIBLE COMPOSITE HERNIA MESH PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2782<br><br>CIVIL ACTION NO. 1:17-md-02782-RWS |
| THIS DOCUMENT RELATES TO ALL CASES | |

## PRACTICE AND PROCEDURE ORDER NO. 23

### (Agreed Order Regarding Cost Reimbursement and Related Common Benefit Issues)

The plaintiffs, through Plaintiffs' Co-Lead Counsel, Liaison Counsel and Plaintiffs' Steering Committee, have submitted this Agreed Order to the court in anticipation of the possibility that, at some time in the future, there may be applications to this court by attorneys for payment of common benefit fees or expenses. The court now issues the following preliminary procedures and guidelines at this early juncture in the case, but expresses no opinion regarding whether payment of common benefit fees or expenses will ever become appropriate. This Agreed Order merely provides guidance so that, should the issue become ripe, any attorneys applying for common benefit fees or expenses will have notice of the standards the parties have agreed will be employed in assessing those applications.

These guidelines are not meant to be exhaustive, and the court may issue additional procedures, limitations, and guidelines in the future, if appropriate.

WHEREFORE, this Order is entered to provide for the fair and equitable sharing among plaintiffs of the cost of services performed and expenses incurred by attorneys acting for MDL administration and common benefit of all plaintiffs in this complex litigation.

WHEREFORE, this Court has authority under applicable law, the common benefit doctrine, and other principles of efficiency and equity to appoint Co-Lead Counsel and a Plaintiffs Steering Committee ("PSC") and create a common benefit fund to compensate them for the services they provide, and expenses they incur, for the benefit of all plaintiffs in the Coordinated Litigation. *See, e.g.*, Manual for Complex Litigation, Fourth §§ 14.211, 20.312, 22.927 (2008).

WHEREFORE, on August 16, 2017 the Court entered its Order Appointing Plaintiffs' Lead and Liaison Counsel and Plaintiffs' Steering Committee (Doc. 215), which among other things, appointed Plaintiffs' Liaison Counsel, Plaintiffs' Co-Lead Counsel and a Plaintiffs' Steering Committee ("PSC"). See (Doc. 215). Plaintiffs' Co-Lead Counsel has received payments from the PSC and has made payment of expenses for the common benefit on behalf of Plaintiffs in this MDL. In addition, and in accordance with the Court's directive, Plaintiffs' Co-Lead Counsel has

conducted and coordinated services ("common benefit work") for and on behalf of plaintiffs in this MDL.

WHEREFORE, the Court finds it appropriate to establish a Common Benefit Fund from which payments may be made to attorneys who provide, and have provided, authorized and approved services or incur, and have incurred, authorized and approved expenses for the joint and common benefit of plaintiffs in addition to their own client(s).

IT IS HEREBY ORDERED:

1. <u>Establishment of a Common Benefit Fund</u>

A. The Common Benefit Fund will be created in one or more of the following ways: (1) assessments on any monetary recoveries obtained by claimants or plaintiffs with or without trial as more fully defined in paragraph 2 below; (2) any other payment approved by the Court; or (3) a combination of (1) and (2) or some derivation thereof.

B. Defendants shall provide at least monthly notice and certification to the Court, *in camera*, of all claim or case settlements or judgments, including the name of the plaintiff or claimant, the case name and number (if applicable), the name of the original court (if applicable), the date of the judgment or settlement, the total amount of the judgment or settlement, the amount withheld and calculation of the gross monetary recovery and the ten percent (10%) thereof due the Common Benefit

Fund as set forth below. The Court shall keep strictly confidential and shall not disclose this information to anyone, including plaintiffs and their counsel, without good cause shown. The Court may disclose aggregate settlement information to Plaintiffs' Co-Lead Counsel in order to confirm the total dollars available in the Common Benefit Fund.

2.      Assessments for the Common Benefit Fund

A.      All plaintiffs, claimants and their attorneys who are subject to this Order and who have agreed or agree to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages, with respect to any relevant products contained within the scope of this MDL, personal injury claims are subject to a ten percent (10%) assessment of the gross monetary recovery. Nine percent (9%) of this assessment is for the payment of common benefit attorneys' fees, and one percent (1%) of this assessment is for the payment of costs and expenses incurred for common benefit based on the current posture of the litigation.  As additional expense is incurred in the MDL, the Court may further revise the percentage assessed for payment of costs and expenses.  The attorneys' fees assessed under this Order shall not be charged as additional fees to individual plaintiffs or claimants and shall be taken from the fee of the counsel for individual plaintiffs or claimants.    The percentage assessed on each case for

common costs and expenses (1%) may be subtracted from an individual plaintiffs' recovery in each case.

B. For those cases subject to this Order, defendants are required to transfer the payable funds into a Trust Fund created by Blasingame, Burch, Garrard & Ashley, P.C., as Co-Lead Counsel, for the purpose of receiving funds upon settlement and funding of cases for payment to individual plaintiffs or claimants.

C. For all cases or claims in which a settlement was or is entered into, or a judgment was or is paid, defendants are directed to withhold this assessment from any amounts paid to a plaintiff and his/her counsel in the following cases:

     i.    any case pending in the MDL, including cases remanded from this MDL to any transferor court for purposes of trial;

     ii.    any state court or unfiled claim where the plaintiffs' attorney and/or his or her firm has pending cases in this MDL;

     iii.    any claim in which any law firm of any member of the MDL PSC has a fee interest, whether or not that claim is unfiled or whether the claim is filed in state or federal court; and

     iv.    any case in which a firm seeking payment from the Common Benefit Fund has a fee interest.

D. Defendants are directed to withhold this assessment from amounts paid to plaintiffs and their counsel, and to pay the assessment directly into the Common

Benefit Fund as a credit against the settlement or judgment, subject to paragraph 2.B above. If for any reason the assessment is not or has not been so withheld, the plaintiff, his counsel and defendants are jointly responsible for promptly paying the assessment into the Common Benefit Fund.

E.  For all settlements entered into by defendants that it believes are not identified in section 2.C.i-iv above and therefore not subject to this Order, defendants shall provide Plaintiffs' Co-Lead Counsel with the names of the attorneys and the firms (hereinafter referred as "Settling Plaintiff's Attorney") in which a settlement has been concluded to allow Plaintiffs' Co-Lead Counsel five days in which to provide notice in writing that the PSC believes that the settlement with the Settling Plaintiffs' Attorney is subject to this Assessment Order.  If so notified, defendants shall hold the assessment amount in escrow until advised by Plaintiff's Co-Lead Counsel and the Settling Plaintiff's Attorney or by the Court as to how the assessment amount held in escrow should be distributed. In the event there is a dispute as to whether a case should be on the list, defendants shall provide Plaintiffs' Co-Lead Counsel with a list of cases that the Settling Plaintiff's Attorney has resolved with the defendants and Plaintiffs' Co-Lead Counsel shall resolve the matter with the particular Settling Plaintiff's Attorney either informally or upon motion to the Court.

F. The Court will establish additional guidelines, including possible refunds, in whole or in part, if the Common Benefit Fund is funded by a separately negotiated payment by defendants, or on their behalf, separate from and in addition to any payment made to any plaintiff, which separate payment(s) is intended to be for common benefit attorneys' fees and expenses. Nothing in this paragraph is intended to reduce the ten percent (10%) common benefit assessment due on each qualifying case.

G. Nothing in this Order shall be deemed to modify, alter, or change the terms of any contracts relating to fees or costs between plaintiffs' counsel and their individual clients. Nor is this Order intended to make any findings with regard to any Common Benefit Fees or Expenses which may be sought in this matter.

3. Disbursements from the Common Benefit Fund

A. Payments to non-lawyers will only be allowed for special services performed, and to reimburse for special expenses incurred that may be considered of value to the MDL, for the joint and common benefit of the MDL, which have been specifically authorized by Plaintiffs' Co-Lead Counsel. Payment may, for example, be made for services and expenses related to obtaining, reviewing, and indexing hard copies or electronically stored documents; conducting depositions; and general liability experts or consultants. The Common Benefit Fund will not, however, be used to pay for services and expenses related to a particular case, such as the

deposition of a treating physician, with the exception of cases selected for trial workup by the MDL Court including MDL trial pool and MDL bellwether cases, even if such activity results in some incidental and/or consequential benefit to other plaintiffs.

B.     Upon order of the Court, payments may be made from the Common Benefit Fund to attorneys who provide, or have provided, services or incur, or have incurred, expenses for the joint and common benefit of plaintiffs in addition to their own client(s). Attorneys eligible are limited to Plaintiffs' Co-Lead Counsel, members of the Plaintiffs Steering Committee including their law firms or other attorneys from their firm, members of Plaintiffs' Liaison Counsel and other attorneys authorized in writing (via email or letter) by Co-Lead Counsel to perform work that may be considered of value to the MDL, provided said authorized counsel consents and agrees to be bound by this Order. The Court will determine the appropriate time for any payment of fees.  Interim payment of expenses may be considered by the Court upon application by the Plaintiffs' Co-Lead Counsel. All time and expenses are subject to proper and timely submission of records certified to have been timely received by Blasingame, Burch, Garrard & Ashley, P.C.

C.     Counsel shall be eligible to receive attorneys' fees and reimbursement of expenses only if the time expended and expenses incurred, and activity in question were (a) beneficial to the prosecution of the MDL; (b) authorized in writing in

advance by Co-Lead Counsel; (c) timely submitted as requested by Plaintiffs' Co-Lead Counsel; (d) reasonable; and (e) non-duplicative. Plaintiffs' Co-Lead Counsel shall have the primary responsibility and discretion to determine the extent to which these factors have been met by any counsel seeking fees, subject to the Court's approval. Work performed without the authority of Co-Lead Counsel shall not be submitted to the Court for approval, and will not be compensable.

D.   No amounts will be disbursed from the Common Benefit Fund without review and approval by the Court or such other mechanism as the Court may deem just and proper under the circumstances.

4.   Common Costs and Submission of Time and Expenses

A.   Compliance

Failure to follow any of the standards and procedures outlined herein or timely submit any of the reports at the time or in the format requested by Plaintiffs' Co-Lead Counsel may result in partial or complete disallowance of the claimed time or expenses. Plaintiffs' Co-Lead Counsel, or a designated committee on their behalf, reserve the right to audit the detail of any time and expense report submitted in this litigation at any time.

B.   Representations as to Time and Expense Submissions

Each attorney submitting a time or expense report shall be considered as representing that the time and expense submitted meets the criteria set forth herein.

9

C.   Time Reporting

    i.   Only time spent on matters for the common benefit of all claimants in MDL No. 2782 ("common benefit work") will be considered in determining fees. No time spent on any case for an individual client (claimant), with the exception of cases selected for trial workup by the MDL Court, including MDL trial pool and MDL bellwether cases, will be considered or should be submitted.

    ii.   Upon the request of Plaintiffs' Co-Lead Counsel, time records for common benefit work shall be summarized by accumulated total of all time incurred by the firm during the requested period for consideration in accordance with further orders of the Court.

    iii.   Time submissions must be categorized using appropriate descriptions identifying why the identified work was common benefit work.

    iv.   Subject to the requirement that only time spent for common benefit work, and not for the benefit of a particular firm's individual clients will be considered, examples of acceptable categories follow, and are for guidance. They are not exclusive of the work that may be considered as compensable common benefit work:

a. **Investigation/Factual Research**: This includes such matters as interviewing witnesses, developing facts from internet research, consulting with industry participants and medical and scientific experts, and preparing memos and compiling documents relating to the same.

b. **Attorney Meetings/Strategy:** This includes planning meetings where counsel coordinate their efforts, meetings to prepare for hearings, conferences, arguments and depositions, meetings within the respective firms, and meetings of Co-Lead Counsel.

c. **Attorney Communications:** Communicating with plaintiffs' and/or defendants' leadership regarding matters pertinent to the management and oversight of the MDL.

d. **Case Management:** This includes scheduling, administrative matters, assignments, and managing personnel and resources working on the management and oversight of the MDL as well as meet and confers and preparation for case management conferences and other court hearings and conferences.

e. **Legal Research:** This includes research into legal matters associated with pleadings, discovery, evidentiary disputes and any other legal issues pertinent to the litigation.

f. **Pleadings/Motions:** This includes work researching and preparing pleadings and motions that impact the MDL generally, including responses and replies, including the master complaint, motions for summary judgment, expert-related motions, and evidentiary motions.

g. **Written and Electronic Discovery:** This includes drafting and responding to general MDL written discovery and general MDL requests for Electronically-Stored Information ("ESI").

h. **Court Appearances:** This includes appearances at MDL status conferences, motion hearings, and other pre-trial conferences or hearings in the MDL for those attorneys primarily responsible preparing for and arguing such matters.

i. **Depositions       (Prepare/Take/Defend):** This includes development and preparation of documents for use at depositions, deposition outlines, gathering and review of potential deposition exhibits, appearances at depositions for the purposes of being the first chair in taking or defending the deposition, or helping support the first chair.

j. **Document Review:** This includes only document review requested and approved by Plaintiffs' Co-Lead Counsel.

k. **Experts/Consultants:** This includes identifying, interviewing and working with the MDL Plaintiffs' general consulting and/or testifying experts, including research of the scientific or medical issues in which the experts will be consulted or will testify, assistance in preparation of experts' reports, review of the experts' draft reports, preparation for experts' testimony, as well as review of the reports of defense experts and preparation for and taking of the defense experts' depositions.

l. **Settlement/Mediation:** For those settlements providing MDL common benefit only, this includes data collection and review for MDL cases, preparation of mediation statements or similar settlement-related documentation, participation in settlement negotiations, and preparation and/or review of settlement documentation.

m. **Trial Preparation:** For those trials providing common benefit only, this includes meet and confers leading up to the preparation of a joint pre-trial statement as well as getting the case ready for trial. This involves all substantive matters required to be submitted with the joint pre- trial statement in this District, such as jury instructions, trial exhibits, presentations, pre-trial

motions, trial briefs and motions, and video excerpts, as well as preparation of the evidence to be presented at trial.

n. **Trial:** This includes all aspects of a trial providing common benefit.

o. **Appeals:** For those appeals providing common benefit only, this includes any type of appeal that may come up in the context of the MDL.

p. **Leadership:** This includes all activities undertaken by Plaintiffs' MDL leadership counsel for the purpose of managing and coordinating the MDL and otherwise advancing the interests of the MDL plaintiffs.

v. The Court will rely on the efficacy of the procedures set forth herein and the enforcement of same by Co-Lead Counsel to assure that the work done is meaningful and adds value for the benefit of all MDL claimants.

D. Expense Reporting

i. Plaintiffs' Liaison Counsel maintains a litigation fund for "Shared Expenses" of MDL No. 2782 for payment of expenses that may include experts, deposition transcripts and court reporter costs, electronic document depository, witness fees, administrative matters (e.g., bank

charges, equipment charges, PSC conference calls, meeting costs, legal and accounting fees), legal research, investigative services and other necessary shared expenses common to MDL No. 2782.

ii.  Plaintiffs' Liaison Counsel is charged with administering this fund and those expenditures are administered separately from expenses incurred and submitted in the time and expense reports.

iii.   "Held Expenses" are those expenses authorized, incurred and submitted in the time and expense reports that are not client specific, but inure to the global benefit of plaintiffs in MDL No. 2782 and may include, among other things, authorized travel costs, postage, photocopies, computerized legal research and meals. Counsel shall submit those expenses to Co-Lead Counsel upon request by Co-Lead Counsel, but those expenses shall be carried by the advancing counsel until the conclusion of the litigation, at which point they shall be subject to review for potential compensation as common benefit expense. Examples of Non-Shared expenses that shall be carried include airfare, rental cars, hotels and meals while traveling in connection with tasks duly authorized by Co-Lead Counsel.

iv.  Held Expenses will be eligible for consideration for reimbursement upon conclusion of the litigation. A firm's office overhead and the

inclusion of a profit margin on the actual cost of administrative tasks (e.g. adding a percentage amount to actual costs of copying) shall not be reimbursable no matter how characterized

v. All supporting receipts, logs or documentation for Held Expenses must be maintained for auditing purposes. Failure to maintain these supporting documents may result in a partial or complete disallowance of the claimed expenses. Counsel shall submit reports of Held Expenses sought for reimbursement as common benefit.

vi. Hotel room charges must be reasonable, taking into account the availability of business class hotels in the location of the event requiring the hotel stay.

vii. Meal expenses must be reasonable and reasonably tied to the work being performed in MDL 2782.

viii. Miscellaneous cash expenses for which receipts are not generally available (e.g., tips, luggage handling) will be reimbursed up to $50.00 per trip, as long as these expenses are properly documented.

ix. Luxury rental automobiles will not be fully reimbursed, unless they are the only automobiles available for rental. When luxury automobiles are rented and non-luxury automobiles are available, then the difference

between the luxury and non-luxury vehicle rates must be shown and only the non-luxury rate may be claimed.

x.   If a mileage claim is submitted, documentation must be kept stating the origination point, destination, total miles and the purpose of the trip. Approved mileage claims will be reimbursed at the maximum rate allowed by the IRS.

xi.   A contemporaneous log must be maintained for in-house photocopy charges, which are subject to reimbursement at a maximum of 15 cents per page.

xii.   Claims for electronic research (e.g., Westlaw, Lexis-Nexis) should be in the exact amount charged to the firm for these services and must be authorized by a Plaintiffs' Co-Lead Counsel.

6.   <u>Procedures To Be Established by Plaintiffs' Co-Lead Counsel for Cost and Time Submission</u>

Plaintiffs' Co-Lead Counsel will establish forms and procedures to implement and carry out time and expense submissions required by the Court and for reimbursement from the PSC MDL No. 2782 Common Benefit Fund. At the appropriate time, these forms may be obtained from Plaintiffs' Co-Lead Counsel. The forms shall be certified by a partner in each firm attesting to the accuracy and correctness of those submissions.

7.  Questions and Disputes

A.  Questions regarding the guidelines or procedures or the completion of any forms should be directed to Plaintiffs' Liaison Counsel in the first instance, and the Court only if necessary to comply with the terms of this Order.

B.  Disputes arising under this Order that cannot be resolved by agreement of counsel will be resolved by the Court in the exercise of its jurisdiction under the equitable principles of the common fund/common benefit doctrine.

SO ORDERED, this 11th day of September, 2020.

**RICHARD W. STORY**
United States District Judge

**Submitted and Approved by Plaintiffs' Co-Lead Counsel, Plaintiffs' Liaison Counsel, and Plaintiffs' Steering Committee, who have consulted and approved the same.**

By: _____

Henry G. Garrard, III
Plaintiffs' Co-Lead Counsel
Plaintiffs' Liaison Counsel
Plaintiffs' Steering Committee

Blasingame, Burch, Garrard & Ashley, PC
440 College Ave., Suite 320
Athens, Georgia 30601
706-354-4000
hgarrard@bbga.com

By: _____

Donald A. Migliori
Plaintiffs' Co-Lead Counsel
Plaintiffs' Steering Committee

Motley Rice LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
843-216-9118
dmigliori@motleyrice.com

By: _____

Karen Beyea Schroeder
Plaintiffs' Steering Committee

Burnett Law Firm
3737 Buffalo Speedway, 18th Floor
Houston, TX 77089
832-413-4410
karen.schroeder@rburnettlaw.com

By: _____
Richard A. Freese
Plaintiffs' Steering Committee

Freese & Goss, PLLC
1901 6th Avenue North, Suite 3120
Birmingham, AL 35203
205-871-4144
rich@freeseandgoss.com

By: _____
Shelly A. Sanford
Plaintiffs' Steering Committee

Watts Guerra LLP
811 Barton Springs Road, Suite 725
Austin, TX 78704
512-479-0500
ssanford@wattsguerra.com

By: _____
Richard W. Schulte
Plaintiffs' Steering Committee

Wright & Schulte, LLC
865 S. Dixie Drive
Vandalia, OH 45377
937-435-7500
rschulte@yourlegalhelp.com

By: _____
C. Andrew Childers
Plaintiffs' Steering Committee

Childers, Schlueter & Smith, LLC
1932 N. Druid Hills Road, Suite 100
Atlanta, GA 30319
404-419-9500
achilders@cssfirm.com

By: _____
Douglas A. Kreis
Plaintiffs' Steering Committee

Aylstock, Witkin, Kreis & Overholtz, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32502
850-202-1010
dkreis@awkolaw.com

By: _____
Ellen Relkin for
Peter Samburg
Plaintiffs' Steering Committee

Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003-9536
212-558-5500
ERelkin@weitzlux.com

By: _____
Jayne Conroy
Plaintiffs' Steering Committee

Simmons Hanly Conroy
112 Madison Avenue
New York, NY 10016
212-784-642
jconroy@simmonsfirm.com

By: _____
Jon C. Conlin
Plaintiffs' Steering Committee

Cory Watson, P.C.
2131 Magnolia Avenue South
Birmingham, AL 35205
205-328-2200
jconlin@CoryWatson.com