UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This Order Relates to:<br><br>ALL CASES. | CASE NO. 16-MD-02741<br><br>MDL No. 2741<br><br>[PROPOSED] PRETRIAL ORDER NO.[   ]: AMENDMENT TO PRETRIAL ORDER 12 TO ESTABLISH A COMMON BENEFIT HOLDBACK FUND |

Before the Court is Co-Lead Counsel's ("CLC") motion to amend PTO 12 to establish a common benefit holdback order and an assessment on settling cases in the amount of eight and one-quarter percent (8.25%) of the gross settlement value, eight percent (8%) for common benefit attorney fees to be paid by case counsel and deducted from the attorneys' fees portions of individual fee contracts, and one-quarter of one percent (0.25%) for common benefit expenses and costs to be deducted from the client portion of individual fee contracts. For the reasons below, the Court orders a holdback assessment of eight and one-quarter percent (8.25%) from all cases subject to PTO 12.

**A.     Purpose of the Order**

On February 22, 2017, this Court issued Pretrial Order ("PTO") 12. Pursuant to the Court's authority under the common benefit doctrine, PTO 12 established a common benefit fund and a system of assessments on cases filed and/or transferred to this Court, as well as on cases filed in other jurisdictions where common discovery and the work product of the MDL CLC and Plaintiffs' Executive Committee ("PEC") (collectively "MDL Leadership"), including all those performing MDL Leadership approved common benefit work, might be used. That Order did not establish a holdback amount; this Order establishes the holdback percentage.

B. **Court has Broad Authority to Establish A Common Benefit Holdback**

The authority to implement and to enforce the common benefit doctrine is well established. *See See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *In re Vioxx Prods. Liab. Litig.*, 760 F. Supp. 2d 640, 647 (E.D. La. 2010). The doctrine permits federal courts, in the exercise of their equity jurisdiction, to award fees to the attorneys who undertake the risk and investment of the litigation and to prevent unjust enrichment by those who benefitted from the efforts of designated counsel (and other "common benefit" attorneys) in MDL proceedings. *In re: Zyprexa Prod. Liab. Litig.*, 594 F.3d 113, 129-30 (2d Cir. 2010). As part of this authority, the Court is authorized to create a holdback from potential settlement payments or judgements paid by Defendant, to assess parties and their counsel, and to distribute those funds. *In re: Air Crash Disaster at Florida Everglades*, 549 F.2d 1006 (5th Cir. 1977).

Because the settlement at issue here is not a national, court-approved settlement program for present claims, neither the Court nor the CLC know the actual value of the settlements reached between counsel and Defendant in all settled or settling Roundup cases; thus, gross settlement or holdback values for the proposed settlements are unknown. But the instant motion is for a set-aside only; in other words, the Court is not assessing or distributing common benefit funds now. The Court finds that, given the circumstances here, an eight and one quarter percent holdback is reasonable and appropriate.

C. **Scope of Order**

This Order is applicable and binding on all parties and counsel described in Pretrial Order No. 12 and amends and supersedes only Paragraph 5 of PTO 12 relating to assessments for the common benefit fund. Nothing in this Order shall be construed to amend any other portion of Pretrial Order No. 12, unless otherwise provided.

The Court finds that all cases described in PTO 12 benefit from the MDL Leadership and other participating attorneys' common benefit work product and discovery, and from the expenses borne by

the MDL Leadership. The Court further finds that the MDL Leadership's work and leadership relieved and continues to relieve the plaintiffs' attorneys in these participating cases of the prohibitively expensive and time-consuming individual work that would otherwise be required to adjudicate their Roundup personal injury cases, and that it is unfair and detrimental to the MDL and related state court actions to allow firms to take the benefit of MDL Leadership's work product without providing compensation.

**D.     Assessment for the Common Benefit Holdback Fund**

All plaintiffs and attorneys, as defined by PTO 12, who agree or have agreed to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, with respect to any Roundup personal injury claims are subject to an assessment of eight and one-quarter percent (8.25%) of the "gross monetary recovery." In measuring the "gross monetary recovery," the parties shall exclude court costs that are to be paid by the defendant but shall include the present value of any fixed and certain payments to be made now or in the future.  Eight percent (8%) shall be fees to be deducted from the attorneys' fees portions of individual fee contracts, and one-quarter of one percent (0.25%) shall be costs to be deducted from the client portion of the recovery.

**E.     Reporting Requirement Settled Case**

On a monthly basis, beginning on November 1, 2020, Defendant shall provide to Co-Lead Counsel a confidential list of all counsel who settled MDL cases and/or non-MDL cases subject to PTO 12 in the prior month.

**F.     Non-Preclusive Effect of Order**

Nothing in this Order shall preclude the CLC and Defendant from agreeing to other provisions for common benefit compensation or reimbursement, so long as such agreements are subject to the approval of this Court and do not increase the assessment percentages paid by participating plaintiffs.

**G.      Appointment of Special Master**

The Court appoints Kenneth Feinberg as Special Master over the common benefit fund. At the appropriate time, Special Master Feinberg will also establish procedures for determining the allocation of common benefit fees and costs; assist the Court in the establishment of a Common Benefit Fee Committee; and prepare a report and recommendation as to the proper allocation of common benefit fees and costs to participating attorneys.

**IT IS SO ORDERED.**

DATED: _____

_____
VINCE CHHABRIA
United States District Judge