**Pages 1 - 16**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, Judge

IN RE: ROUNDUP PRODUCTS        )
LIABILITY LITIGATION.          )
                               )   **NO. 16-md-02741 VC**
                               )
                               )

San Francisco, California
Wednesday, December 9, 2020

**TRANSCRIPT OF ZOOM WEBINAR PROCEEDINGS**

**APPEARANCES VIA ZOOM**:

For Plaintiffs:
            ANDRUS WAGSTAFF PC
            7171 W. Alaska Drive
            Lakewood, Colorado  80226
        BY: **AIMEE H. WAGSTAFF, ATTORNEY AT LAW**

            BAUM HEDLUND ARISTEI and GOLDMAN P.C.
            10940 Wilshire Boulevard - 17th Floor
            Los Angeles, California  90024
        BY: **MICHAEL BAUM, ATTORNEY AT LAW**


            (APPEARANCES CONTINUED ON FOLLOWING PAGE)


REPORTED BY:  Marla F. Knox, RPR, CRR, RMR
              Official Reporter

```
 1   APPEARANCES VIA ZOOM:   (CONTINUED)

 2   For Plaintiffs:

 3                       WEITZ and LUXENBERG P.C.
                         700 Broadway
 4                       New York, NY 10003
                   BY:   ROBIN L. GREENWALD, ATTORNEY AT LAW
 5
                         OFFICES OF TESFAYE TSADIK
 6                       528 Grand Avenue
                         Oakland, CA  94610
 7                 BY:   TESFAYE W. TSADIK, ATTORNEY AT LAW

 8                       THE MILLER FIRM LLC
                         108 Railroad Avenue
 9                       Orange, Virginia  22960
                   BY:   BRIAN K. BRAKE, ATTORNEY AT LAW
10
                         GOLDBERG and OSBORNE LLP
11                       698 E. Wetmore Road - Suite 200
                         Tucson, Arizona  85705
12                 BY:   DAVID J. DIAMOND, ATTORNEY AT LAW

13
     For Defendant:
14
                         WILKINSON  WALSH ESKOVITZ LLP
15                       2001 M Street, NW - 10th Floor
                         Washington, D.C.  20036
16                 BY:   BRIAN L. STEKLOFF, ATTORNEY AT LAW

17                       ARNOLD & PORTER KAYE SCHOLER LLP
                         777 South Figueroa Street - 44th Floor
18                       Los Angeles, California  90017
                   BY:   PAMELA J. YATES, ATTORNEY AT LAW
19
20   Also Present:   KENNETH FEINBERG, SETTLEMENT SPECIAL MASTER

21

22

23

24

25
```

| | |
|---|---|
| 1 | **Wednesday - December 9, 2020**                              **1:04 p.m.** |
| 2 | **P R O C E E D I N G S** |
| 3 | ---oOo--- |
| 4 | **THE CLERK:** Calling case number 16-MD-2741, In Re: |
| 5 | Roundup Products Liability Litigation. |
| 6 | Counsel for the Plaintiffs, please state your appearances |
| 7 | for the record.  And it is preferable if one person can state |
| 8 | all appearances. |
| 9 | **MR. BRAKE:**  This is Brian Brake for the Plaintiffs. |
| 10 | Brian Brake, Robin Greenwald, Aimee Wagstaff, Michael Baum and |
| 11 | David Diamond. |
| 12 | **MS. TSADIK:**  And Tesfaye Tsadik. |
| 13 | **MR. BRAKE:**  Sorry, Tes, I didn't see you there. |
| 14 | **MS. TSADIK:**  That's okay. |
| 15 | **THE COURT:**  Hi everyone. |
| 16 | **THE CLERK:**  And for Defendants. |
| 17 | **MR. HOFFMAN:**  William Hoffman, Brian Stekloff and |
| 18 | Pamela Yates for Monsanto. |
| 19 | **THE COURT:**  Hello. |
| 20 | **MR. HOFFMAN:**  Good afternoon, Your Honor. |
| 21 | **MR. FEINBERG:**  And Kenneth Feinberg, court-appointed |
| 22 | Settlement Master in this matter. |
| 23 | **THE COURT:**  Hello, Ken. |
| 24 | So is there anything you wanted to say at the outset? |
| 25 | **MR. FEINBERG:**  Just very, very briefly, Your Honor. |

1  We are down to just one remaining Wave I case that has not been
2  resolved.
3      David Diamond is on this status conference.  I spoke with
4  David earlier.  He offered some very creative ideas as to how
5  to resolve that remaining case, and I will forward that later
6  today to Monsanto.
7      William Hoffman is here to discuss the status of the
8  remaining cases.
9      I should also tell the Court that I have initiated a -- a
10 settlement program -- an independent settlement program with
11 various MDL lawyers, all pro se one-offs, either a pro se
12 claimant without a lawyer or a law firm that has just one case,
13 maybe two.  And I have initiated letters to those -- those
14 individual law firms and to Monsanto, with Monsanto's approval,
15 detailing a settlement program initiative where I will consult
16 with each of those law firms in an effort to give them my
17 independent voluntary advice as to how that one-off case or
18 that pro se case might be resolved.
19     We have begun that process.  I have sent letters out.  And
20 that, coupled with the ongoing mediation initiative, that
21 leaves but one Wave I case left, we are making, I think, a
22 substantial progress thanks to Monsanto and thanks to William
23 and thanks to the various Plaintiff lawyers that -- like Dave
24 Diamond that have expressed an interest in trying to resolve
25 their cases.

1        And we are moving on a parallel track with whatever
2   litigation rulings you might -- you might impose.
3        So that's my report.  And I ask William maybe -- unless
4   the Court has questions of me -- to supplement what I have
5   said.
6           **THE COURT:**  No.  That sounds good.  Let me just -- I
7   realize I forgot my iPad.  Let me grab it real quick.
8                       (Pause in proceedings.)
9           **THE COURT:**  Okay.  Mr. Hoffman.
10          **MR. HOFFMAN:**  Good afternoon, Your Honor.  As Special
11  Master Feinberg indicated, with respect to the Wave I cases,
12  all of them have been resolved or are part of master settlement
13  agreements with law firms with the exception of the Alvarez
14  case.
15       As Mr. Feinberg indicated, that one remaining lawsuit is
16  moving into some type of mediation process.  It sounds like
17  Special Master Feinberg will give us some insight into what
18  Mr. Diamond is thinking.
19       So from a litigation perspective, it is full speed ahead
20  on that case.
21       We understand that you have set a final pretrial
22  conference for January.  If the status of the case changes at
23  any point, we will inform you promptly.
24       With respect to the Wave II cases, there are still 13 that
25  are unresolved or are not part of master settlement agreements.

1       Most of them are in some type of mediation process under
2  the auspices of the Special Master.
3       We saw the Court's order today with respect to timing and
4  scheduling for those cases, and we will move forward with them.
5       We can update the Court, I think, at the next status
6  conference if anything changes with respect to any of the
7  remaining Wave II cases.
8       As Special Master Feinberg also indicated, with respect to
9  cases that are not part of the Waves, he is involved in
10 facilitating mediations with law firms that have a number of
11 cases in the MDL proceeding, and he has also initiated his
12 pilot program for the firms that have a smaller number of cases
13 or one case.
14      In parallel with that, the company has sent out inquiries
15 to other firms that have a very small number of cases where one
16 case that have not been attacked by Special Master Feinberg so
17 we can try to do something similar in parallel.
18      So I think that's the update.  And my friends on the other
19 side can add anything that I have left out.
20      **THE COURT:**  Okay.  I had a couple -- a couple
21 questions about -- mostly about Alvarez.  But I guess before I
22 ask them, I will ask if anybody else has anything they want to
23 say?
24                      (No response.)
25      **THE COURT:**  Doesn't look like it.  All right.  Sleepy

1   group today.
2       The first question or comment is, you know, I saw in the
3   case management statement the reference to *Giglio versus*
4   *Monsanto* having -- having yet to be settled and then
5   subsequently received a notice that it was settled.
6       When I first saw that, I almost jumped out of my skin
7   because I thought it was in reference to the case that we were
8   about to go to trial on before the pandemic.  But I'm -- I'm
9   assuming that this is the wife; right?  This is -- is this the
10  case of the wife you are referring to that just settled?
11          **MS. WAGSTAFF:**  So Mr. Giglio is my client.
12          **THE COURT:**  I thought it was Mr. Brake's client, no?
13          **MS. WAGSTAFF:**  No.  I think you are confusing him
14  with --
15          **THE COURT:**  Oh, Stevick.
16          **MR. BRAKE:**  Stevick, Your Honor.
17          **THE COURT:**  Oh, that's the confusion.
18          **MR. BRAKE:**  Yes, sir.
19          **MS. WAGSTAFF:**  You are familiar with Mr. Giglio
20  because he is the client of mine that was on an expedited track
21  due to his health, and then he came back to join Wave I.
22          **THE COURT:**  Oh, yeah.
23          **MS. WAGSTAFF:**  He got a little bit of attention from
24  the Court.
25          **THE COURT:**  Oh, yeah.  Right.  So that is settled now.

1  So the only Wave I case we have now is Alvarez.
2  **MS. WAGSTAFF:** Yes, Your Honor.
3  **THE COURT:** Okay. And then for Alvarez -- I just want
4  to make sure I have my act together here. First of all, for
5  Gebeyehou, my goal is to issue a ruling by the end -- before
6  the end of this year on summary judgment. And so that's one of
7  my year-end -- things on my year-end to-do list.
8      As far as Alvarez goes, let me just make sure I have
9  everything -- I'm aware of everything I need to do.
10     So there are -- there is Monsanto's summary judgment
11 motion that on issues not related to causation.
12     That, if I recall correctly, was a -- was a multi-case
13 summary judgment motion; right. It was for all of the Wave I
14 cases; is that right, Mr. Stekloff.
15     **MR. STEKLOFF:** Yes, Your Honor.
16     **THE COURT:** Okay. And so that motion is still live as
17 applied to Alvarez.
18     **MR. STEKLOFF:** That is correct.
19     **THE COURT:** And that -- but that doesn't present any
20 new issues. That is just like the preemption stuff that we
21 dealt with before; right?
22     **MR. STEKLOFF:** That's my -- that's correct. I think
23 it is just preserving prior motions that were raised in Alvarez
24 and other cases.
25     **THE COURT:** Okay. And so there is that.

1     Then there is Monsanto's summary judgment motion regarding
2 causation, and that is accompanied by Monsanto's motion to
3 exclude the various causation experts; right.
4     And so which experts am I dealing with when it comes to
5 Alvarez?  Does anybody remember?
6     I know there is also this kind of separate motion
7 regarding two experts Andreas and Smith.  But are there any
8 other experts that I need to -- and I know also, by the way,
9 that Alvarez has its -- has his motion to -- is it a he?
10          **MR. DIAMOND:**  Yes.
11          **THE COURT:**  Alvarez has his motion to exclude one of
12 Monsanto's witnesses.  I know that.  One of Monsanto's
13 causation witnesses.
14     But are there any other specific witnesses I need to rule
15 on as it relates to the Alvarez case other than Andreas and
16 Smith?
17          **MR. DIAMOND:**  Your Honor, I think in Stevick you ruled
18 on Sawyer, which I'm assuming would apply for Alvarez as well.
19 But there was a motion regarding --
20          **THE COURT:**  We will get to -- if I remember correctly,
21 Sawyer was not an expert witness on the issue of causation.  Am
22 I remembering that correctly?
23          **MR. DIAMOND:**  I think you limited his opinions --
24          **THE COURT:**  Okay.
25          **MR. DIAMOND:**  -- with Stevick.

1    **THE COURT:** On the -- that was actually going to be my
2    next question.  Other than the causation witnesses, what
3    rulings from Stevick will carry over to Alvarez?
4        But before we get to that, I just want to make sure in
5    terms of general causation or specific causation witnesses, is
6    there anyone -- I know that I need to rule on summary judgment
7    on causation, and I know that Monsanto cited a couple of new --
8    you know, more recent studies.
9        And at first glance, that is not going to change anything.
10   But -- and I know that Monsanto singled out Andreas and Smith.
11   Are there any other witnesses -- causation witnesses that I
12   need to rule on as it relates to Alvarez?
13       **MS. YATES:** Your Honor, Pamela Yates.  You are
14   correct.  Those are the two causation witnesses.  And then the
15   Plaintiff motion you referred to on the Defense expert is with
16   regard to Dr. Grossbard.
17       **THE COURT:** And Grossbard is a causation witness?
18       **MS. YATES:** Yes.
19       **THE COURT:** And that's not somebody I have ruled on
20   before, is it?
21       **MS. YATES:** I don't believe so, but I'm going to defer
22   to Mr. Stekloff in case I'm forgetting a scenario; but I don't
23   think so.
24       **MR. STEKLOFF:** I don't believe so, Your Honor.
25       **MS. GREENWALD:** He was designated in our case, and it

1   was not ruled on.  So I'm pretty sure that that's right.
2            **THE COURT:**  Okay.  So I just need to look and see if
3   his opinion is offering anything materially different from the
4   other opinions of the other experts who I allowed in basically.
5            Okay.  And so -- so those are the only two experts that --
6   that Monsanto is seeking to exclude on causation.
7            And then the next question is:  We -- how are we going to
8   deal with the other in limine type motions?  I mean, I issued
9   some rulings in the lead up to the Stevick trial, if I recall
10  correctly.
11           And so is the best thing to do with -- other than the kind
12  of the three things that I just mentioned, the motion to
13  exclude Grossgard (phonetic); is that it -- Grossbard -- the --
14  Monsanto's summary judgment motion on causation and Monsanto's
15  motion to exclude those two causation witnesses, does it make
16  sense for me to just wait until you filed your -- you filed
17  your motions in limine for the pretrial conference and then
18  just rule on whatever you put in front of me there?
19           **MS. YATES:**  So, Your Honor, to -- I'm going to defer
20  to Your Honor's schedule on how you would like to group things
21  for rulings.
22           Obviously what we are trying to do -- and we have already
23  reached out and Mr. Diamond and I have spoken -- we are looking
24  at what happened in Stevick and your prior rulings.
25           And I can tell you, Your Honor we have no intention of

1 reinventing the wheel.  If we feel there is something case
2 specific or a new study or a new piece of evidence that could
3 affect arguably a prior ruling, we will urge that to the Court.
4     But, otherwise, we anticipate that what was agreed to in
5 Stevick will certainly serve as the platform for what we agree
6 to in Alvarez.
7         **THE COURT:**  So, in other words, I did make a number of
8 rulings in Stevick, pretrial rulings, other than on causation
9 that will be applying in the Alvarez case.  Is that what you
10 are saying?
11         **MS. YATES:**  I think it even goes back further,
12 Your Honor; that the rulings that were made in Hardeman where
13 then the parties were reaching agreement on Stevick and now we
14 are going to pivot to Alvarez to use all that body of knowledge
15 and rulings.
16         **THE COURT:**  Okay.
17     But I think that what -- I'm wondering if it is going to
18 be important for you to file something in connection with the
19 pretrial conference which makes clear where we stand and what
20 the -- and which prior rulings from Hardeman or from the
21 Stevick pretrial conference, the parties believe continue to
22 apply.
23         **MS. YATES:**  Your Honor, we absolutely anticipate doing
24 that; to give you exactly where we think things stand,
25 high-level what is agreed to and preserve versus what -- the

1  few things that we think either case specific or new items that
2  we may need to argue.
3         **THE COURT:**  Okay.  So for my purposes right now what I
4  can be working on, other than the Gebeyehou summary judgment
5  motion, is those three motions.
6     And then everything else I will just get from you in
7  connection with the pretrial conference and rule on them at the
8  pretrial conference.
9         **MS. YATES:**  Yes, Your Honor.
10        **THE COURT:**  Okay.
11        **MS. WAGSTAFF:**  And, Your Honor, this is Aimee
12 Wagstaff.  I might just put a note in there -- and we have
13 brought this up to you before -- in Hardeman a lot of your
14 motion in limine rulings related to his spray use, when he
15 stopped spraying.  And my understanding is that Alvarez stopped
16 spraying in 2018.
17    And so a lot --
18        **THE COURT:**  Hardeman was like 2015 or something if I
19 remember --
20        **MS. WAGSTAFF:**  Before IARC and before all of that
21 stuff, which is one of the reasons why you excluded some of
22 that testimony.  So those motions in limine and evidentiary
23 rulings will probably need to be re-visited given the spray
24 dates.
25        **THE COURT:**  Right.  So when you start making your

1  pretrial filings, just remind me of where we were and how --
2  you know, how this case is different and argue it.  And then I
3  will issue rulings at the pretrial conference.
4        **MR. STEKLOFF:**  Your Honor, if I can also add, just to
5  give a little refresh on what happened in Stevick, we -- before
6  the pretrial conference there -- filed a joint pleading in
7  which we laid out every Hardeman motion in limine and your
8  ruling on it, and then stated the parties' position as to
9  whether or not we agreed that the rulings should -- you know,
10 maybe we were preserving the issue but agreed -- we were not
11 asking you to re-visit the issue.
12       There were certain motions where one side did raise in a
13 very short -- I would say any argument was less than a page --
14 an argument that was asking you to re-visit some of the rulings
15 you made in Hardeman given the way the Hardeman trial played
16 out.
17       So in addition to what Ms. Yates mentioned, I think there
18 are sort of three categories where I agree, it is appropriate
19 to wait until the pretrial conference where you may need to
20 rule.
21       One, is what one side or the other may ask you to re-visit
22 what you did in Hardeman.  Two, is new science or new -- some
23 new issue maybe along the lines of what Ms. Wagstaff is raising
24 given the new time period.  And then three, is something case
25 specific to Alvarez that maybe just, you know, is unique to

```
 1   that case.
 2          So I think the -- the parties, through Ms. Yates and
 3   Mr. Diamond, will create one pleading that lays that out very
 4   clearly.
 5          I just wanted to flag that's how we did it in Stevick.  I
 6   don't think you ever -- because the case was resolved you ever
 7   had to rule on the issues that we were seeking to re-litigate
 8   in Stevick from Hardeman.
 9          I will also flag, I think PTO201 addresses Sawyer.  And
10   having it in front of me, it looks like it did apply to
11   Alvarez.
12          PT0200 is where you denied without prejudice motions
13   that -- I don't know if any of these witnesses are in Alvarez,
14   so -- and I'm not -- and Ms. Yates and Mr. Diamond might know.
15   That's where Benbrook, Jameson, Mills and Petty were raised.
16          So to the extent any of those witnesses are at issue in
17   this case -- and I don't know if they are -- I imagine that
18   Monsanto will want to re -- you know, re-raise those motions
19   for ruling prior to -- prior to their potential testimony.
20          **THE COURT:**  Okay.  All of that sounds fine just as
21   long as you sort of lay it out for me pretty clearly.  Don't
22   make me go back and dig through the docket from, you know, when
23   we were dealing with the Stevick stuff.
24          You know, lay out for me pretty clearly where we have been
25   and where we are going and what I need to decide sort of all in
```

```
 1  one place so that I can -- so that I can deal with it in a
 2  manageable way.
 3          MS. YATES:  And, Your Honor, the document that
 4  Mr. Stekloff referred to is exactly what Mr. Diamond and I are
 5  looking at right now.  And that will lay out everything for the
 6  Court.
 7          THE COURT:  Great.  Sounds good.
 8     I don't think I had any -- did I have any other questions?
 9  Let me see.
10                  (Pause in proceedings.)
11          THE COURT:  No.  I think that's all I had.  Anything
12  else we can do for you?
13          MR. HOFFMAN:  No, Your Honor.
14          MR. FEINBERG:  Moving forward on the settlement track,
15  Your Honor, I will keep the Court informed.
16          THE COURT:  All right.  Great.
17          MR. FEINBERG:  Thank you.
18          THE COURT:  Stay safe.
19          MR. BRAKE:  Thank you, Your Honor.
20          MS. WAGSTAFF:  Thank you, Your Honor.
21              (Proceedings adjourned at 1:24 p.m.)
22                          ---oOo---
23
24
25
```

## CERTIFICATE OF REPORTER

We certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Thursday, January 7, 2021

_____

Marla F. Knox, RPR, CRR
U.S. Court Reporter