# EXHIBIT 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ETHICON, INC., POWER MORCELLATOR PRODUCTS LIABILITY LITIGATION | MDL No. 2652 |
| (This Document Relates to All Cases) | D. Kan. No. 15-md-2652-KHV |

**ORDER ESTABLISHING AN ETHICON COMMON BENEFIT FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR COSTS AND EXPENSES INCURRED AND SERVICES PERFORMED FOR MDL ADMINISTRATION AND COMMON BENEFIT**

1.   THE COURT FINDS THAT GOOD CAUSE EXISTS to enter an Order that provides for the fair and equitable sharing among plaintiffs in this Multi-District Litigation No. 2652: *In Re: Ethicon, Inc. Power Morcellator Products Liability Litigation* ("MDL 2652") and any other plaintiffs and claimants who are subject to this Order, and their counsel, of the costs and expenses incurred and services performed by attorneys acting at the direction of the Plaintiffs' Co-Lead Counsel ("Co-Lead Counsel") for the common benefit of all such plaintiffs and claimants. Accordingly, the Court issues this Order to establish a monetary fund that will pay for and/or reimburse the expenses and fees for legal services that have been and/or will be incurred at the direction and authorization by Co-Lead Counsel for the common benefit of such plaintiffs and claimants in the event of a judgment in their cases or settlement of their claims. The Court hereby establishes the MDL 2652 Common Benefit Fund ("Fund") for these purposes and pursuant to the limitations of this Order.

2.   **Governing Principles: The Common Benefit Doctrine.**   This Court has authority under applicable law, the Common Fund doctrine and other principles of equity, and its inherent powers to manage this litigation in an efficient and equitable manner for the benefit of plaintiffs, to create a common fund from any and all judgments or settlements resulting from this litigation to

reimburse the expenses and fees for legal services incurred in the creation of such Fund.  The governing principles are derived from the United States Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough,* 105 U.S. 527 (1881); refined in, *inter alia, Central Railroad & Banking Co. v. Pettus,* 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank,* 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert,* 444 U.S. 472 (1980); and approved and implemented in the MDL context, in *inter alia, In re MGM Grand Hotel Fire Litigation,* 660 F. Supp. 522, 525-29 (D. Nev. 1987); and *In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 549 F.2d 1006, 1010-21 (5th Cir. 1977).

3.  **Establishment of The Fund.**  Co-Lead Counsel are hereby directed to establish the Fund, which shall be held through an appropriate depository or financial institution.  For accounting purposes, the Fund shall hold both "Expense Funds" and "Legal Fees Funds" derived from contributions of all settlement or judgment proceeds as set forth in Paragraph 5.  In establishing the Fund, Co-Lead Counsel, subject to Court approval, shall appoint a neutral third party administrator ("Fund Administrator") of the Fund and will direct the Fund Administrator to establish an insured, interest-bearing account to receive and disburse funds as provided in this Order.  The Fund Administrator shall not be a member of the Plaintiffs' Steering Committee ("PSC") and/or otherwise counsel of record for any plaintiff in any pending, resolved or otherwise disposed Participating Case, infra.  These funds will be held as funds subject to the discretion of the Court.  No party or attorney has any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person by Order of the Court.  These funds will not constitute the separate property of any party or attorney nor be subject to garnishment or attachment for the debts of any party or attorney except when and as directed to be disbursed as provided by Order of this Court to a specific person.  These limitations do not preclude a party or attorney from transferring,

assigning, or creating a security interest in potential disbursements from the Fund if permitted by applicable state laws and if subject to the conditions and contingencies of this Order, provided, however, that no notice of lien or security interest in said disbursement or of a transfer or assignment of a right of said disbursement shall be effective except upon a filing in this Court or upon notice to the Fund Administrator and the PSC made by certified mail, return receipt requested.

In connection with his or her duties, the Fund Administrator shall:

a)  Have all such power and authority over such funds as necessary or convenient to exercise the authority granted herein;

b)  Keep and report periodically to Co-Lead Counsel and this Court an accounting of the funds received, maintained and disbursed;

c)  Have the authority to instruct the Escrow Agent with respect to permitted investments of said such funds;

d)  Make decisions and take action with respect to treatment of such funds for purposes of compliance with the Internal Revenue Code and any applicable local or federal tax codes, including creating, maintaining and reporting such funds and the income, if any, derived therefrom as in a Qualified Settlement Fund ("QSF") or such other entity as he or she deems appropriate;

e)  Have the authority, subject to Court approval, to procure, upon consultation with and direction of the PSC, professional accounting, legal and other services for the purposes of carrying out the tasks described in this Order, and to be reimbursed for the expenses for such services; and to adopt and implement reasonable procedures consistent with this Order and in consultation with the PSC.

The Fund Administrator, subject to Court approval, shall designate an escrow agent ("Escrow Agent").  The Escrow Agent shall be a commercial bank that: (1) has deposits insured by the Federal Deposit Insurance Corporation; (2) is organized under the laws of The United States of America or any state thereof; and (3) has a total risk-based capital in excess of $2 billion and meets the minimum risk-based ratios established under the Federal Deposit Insurance Corporation Improvement Act of 1991.  The Escrow Agent pursuant to an escrow agreement with reasonable terms to be negotiated by the parties, may act as a paying agent, depository, custodian, or trustee with respect to the funds it holds.  The Escrow Agent shall keep detailed records of all deposits and withdrawls and prepare tax returns and other tax filings in connection with the Fund.

The Fund Administrator shall consider, in designating an Escrow Agent and in procuring professional services, the charges the Escrow Agent or provider of professional services will impose for its actions and the ability of the Escrow Agent or provider of professional services to undertake the tasks called for with efficiency and responsiveness.

In connection with his or her services, the Fund Administrator shall be entitled to be paid reasonable fees and to be reimbursed for all reasonable expenses when and as approved by the Court and he or she shall submit quarterly detailed statements to this Court, with copies to Co-Lead Counsel.  Such quarterly or other statements shall not include or disclose confidential information to any party.

4.  **Applicability of Order.**  This Order, as of February 23, 2016, shall prospectively apply to the resolution of all cases pending, or later filed in, transferred to, or removed to, this Court and treated as part of this MDL 2652 for coordinated proceeding, and to their counsel , and to all plaintiffs' and claimants' cases maintained by such counsel.  This Order further applies to all plaintiffs or other claimants from other non-MDL 2652 proceedings and their counsel who

voluntarily submit to this Court's jurisdiction or agree to be bound by the terms of this Order in return for the Plaintiffs Steering Committee's work product.  All such plaintiffs and claimants, and their counsel, as stated above and to whom this Order applies shall  be  referred to herein as a "Participating Case."  "Participating Counsel" shall include any attorney with a Participating Case and shall  also include all members of the PSC and Plaintiffs' Liaison Counsel ("Liaison"), and any other plaintiffs' attorneys who have Power Morcellator cases pending now or in the future against Ethicon, et al. in MDL 2652.  With respect to Participating Counsel, all of their Power Morcellator cases resolved by Ethicon[1] or in which a judgment is entered against Ethicon, whether filed in state court, or not filed, shall be considered a Participating Case, thereby subjecting claimants and all counsel associated to each of those cases to this Order.  The Court shall have jurisdiction to assess all Participating Cases, including all such other plaintiffs' and claimants' cases, whether filed or unfiled, that are maintained or held by a law firm or attorney with at least one ("1") Participating Case.

The Court recognizes the jurisdictional rights and obligations of the state courts to conduct their state court litigation as they so determine and that the state court litigations include counsel who are Participating Counsel.  This Order shall not be cited by Participating Counsel in any other court in support of a position that adversely impacts the jurisdictional rights and obligations of the state courts and state court Participating Counsel.

5.  **Assessment.**  Each Participating Case in which a judgment is entered or in which a resolution is reached shall be assessed for common benefit work and costs as follows on the gross monetary recovery:

---

[1]"Ethicon" includes and is intended to mean the following Defendants:  Ethicon, Inc., Ethicon Endo-Surgery, Inc., Johnson & Johnson Services, Johnson & Johnson, Vention Medical Inc. (f/k/a the Medtech Group Inc.), Vention Medical Acquisition Co., and Vention Medical Holdings, Inc.

a) If a Judgment is entered or resolution reached **on or after February 23, 2016, but before May 2, 2016** the assessment shall be six (6%) of the gross monetary recovery which Ethicon shall pay directly to the Fund Administrator. The Fund Administrator shall allocate  66.66% of the assessment for  common benefit work and 33.34% of the assessment as a cost hold back;

b) If Judgment is entered or resolution reached **on or after May 2, 2016 but before June 1, 2016** the assessment shall be seven (7%) percent of gross monetary recovery which Ethicon shall pay directly to the Fund Administrator. The Fund Administrator shall allocate 66.66% of the assessment for common benefit work and 33.34% of the assessment  as a cost hold back;

c) If Judgment is entered or resolution reached **on or after June 1, 2016 but before July 1, 2016** the assessment shall be eight (8%) percent of gross monetary recovery which Ethicon shall pay directly to the Fund Administrator. The Fund Administrator shall allocate 66.66% of the assessment for common benefit work and 33.34% of the assessment  as a cost hold back;

d) If Judgment is entered or resolution reached **on or after July 1, 2016 but before August 1, 2016** the assessment shall be nine (9%) percent of gross monetary recovery which Ethicon shall pay directly to the Fund Administrator. The Fund Administrator shall allocate 66.66% of the assessment for common benefit work and 33.34% of the assessment  as a cost hold back;

e) If Judgment is entered or resolution reached **on or after August 1, 2016 but before September 1,  2016** the assessment shall be ten (10%) percent of gross monetary recovery which Ethicon shall pay  directly to the Fund Administrator. The Fund

Administrator shall allocate 66.66% of the assessment for common benefit work and 33.34% of the assessment as a cost hold back;

f) If Judgment is entered or resolution reached **on or after September 1, 2016 but before October 1, 2016** the assessment shall be eleven (11%) percent of gross monetary recovery which Ethicon shall pay directly to the Fund Administrator. The Fund Administrator shall allocate 66.66% of the assessment for common benefit work and 33.34% of the assessment as a cost hold back; and

g) If Judgment is entered or resolution reached **on or after October 2, 2016** the assessment shall be twelve (12%) percent of gross monetary recovery which Ethicon shall pay directly to the Fund Administrator. The Fund Administrator shall allocate 66.66% of the assessment for common benefit work and 33.34% of the assessment as a cost hold back.

The Fund Administrator shall keep a detailed accounting of the allocations. The cost hold back portion shall be allocated to pay and/or reimburse the expenses that have been and/or will be incurred at the direction and written authorization by Co-Lead Counsel for the common benefit of Plaintiffs in MDL 2652 ("Expense Funds"). The common benefit work hold back shall be allocated to pay and/or reimburse fees for legal services that have been and/or will be provided by attorneys acting at the direction and written authorization by Co-Lead Counsel for the common benefit of Plaintiffs in MDL 2652 ("Legal Fees Funds"). All expenses and legal services shall be at the direction of and written authorization by Co-Lead Counsel in order to be considered for reimbursement from these funds subject to Court approval. The PSC may apply to the Court for an additional hold back, against Participating Cases that have not been settled at the time of such an application, including if additional funds are needed for reimbursement of the expenses that have

been and/or will be incurred at the direction of Co-Lead Counsel for the common benefit of Plaintiffs in MDL 2652, which shall be granted upon a showing of good cause.

6. **Payment to the Fund.** For any and all Participating Cases, after all conditions to the resolution of a case have been completed to Defendants' satisfaction, Defendants shall confidentially deposit directly into the Fund the percentage of the gross monetary recovery as set forth in Paragraph 5 of this Order[2] applicable to a specific case. Simultaneous with distributing the remaining (non-assessed) monies to Participating Counsel, Defendants shall send a letter to Co-Lead Counsel via U.S. Mail and E-Mail confirming compliance with this Order.  In the confirming correspondence, no disclosure shall be made as to the amount or terms of the settlement reached or the amount of the deposit.  Any and all information concerning the amount of any deposit into the Fund shall be kept strictly confidential by the neutral Fund Administrator and shall never be disclosed to any member of the PSC and/or any other attorney involved in the Multi-District Litigation (other than the attorneys involved directly in the settled action).[3]  No orders of dismissal for any Participating Case shall be filed unless accompanied by a certificate of compliance with this Order.  Any plaintiff/claimant or their counsel for a Participating Case may apply to this Court for an alternative manner of payment of the assessment amount.

Co-Lead Counsel, subject to prior Court approval, shall exercise reasonable discretion to distribute the Expense Funds in the Trust Account on an ongoing basis, when such funds are present in such account, to pay for and/or reimburse the expenses that have been and/or will be incurred at

---

[2]If an assessment  is due  prior to the creation of the Fund, Defendants shall  hold the Assessment amount until the creation of the Fund.

[3]If by inadvertence an Assessment is not paid directly into the Fund by Defendants, and the full settlement amount is mistakenly paid to the plaintiff's counsel directly involved in settlement of the Participating Case, that plaintiff's counsel in receipt of the funds is directed to withhold the Assessment from amounts paid and is solely responsible to pay the Assessment into the Fund directly.

the direction and written authorization by Co-Lead Counsel for the common benefit of Plaintiffs in

MDL 2652.  If any of the Expense Funds remain in the Fund after all of the Participating Cases

have been resolved and dismissed, such remaining funds shall be reimbursed on a *pro rata* basis to

all plaintiffs and claimants that paid a common benefit assessment, minus any reasonable

administrative fees paid.  Co-Lead counsel will provide the Court with an accounting, under seal, of

the Expense Fund in the Trust Account upon request of the Court.

7. **Distribution of Legal Fees Fund.**  Co-Lead Counsel shall apply to the Court at an

appropriate time for the Court's permission to distribute the Legal Fees Funds in the Trust Account

and the manner in which to distribute them.  The Legal Fees Funds shall not be distributed without a

Court Order expressly permitting such a distribution.   Participating Counsel are eligible for

reimbursement for time and efforts expended for common benefit work, if said time and efforts are

pursuant to Exhibit 1 of this Order, which exhibit is fully incorporated into this Order, and: (a) for

the common benefit; (b) were at the direction of and written authorization by Co-Lead Counsel; and

(c) ultimately approved by the Court.   Participating Counsel shall maintain appropriate

documentation and records of their time and expenses as set forth in the guidelines attached hereto

as Exhibit 1.  Co-Lead Counsel may develop and circulate to Participating Counsel additional

guidelines and criteria for time and expenses that are eligible for compensation from the Fund.

8. **Accounting.**  Co-Lead Counsel shall maintain in MDL 2652 a periodic accounting of

the aggregate common benefit lodestar incurred as potential claims against the Fund (including the

Expense Funds and Legal Fees Funds) and the expenses that have been incurred for the common

benefit of all Plaintiffs in this proceeding.  The periodic accounting shall be maintained as part of

the joint prosecution of the Participating Cases and constitute Plaintiffs' work product.  Reasonable

work required to maintain the MDL 2652 accounting will be compensable as common benefit work, so long as it meets the criteria set forth in this Order and Exhibit 1.

9.   There will be no requirement for the Participating Cases included in MDL 2652 or cases that are subject to this Order to pay a common benefit assessment in any other state or federal coordinated proceeding or comply with any assessment order in such litigations

**IT IS SO ORDERED.**

Dated this 2nd day of May, 2016 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge