# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC., IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | MDL NO. 2570 Case No. 1:14-ml-2570-RLY-TAB |

This Document Relates to All Actions

## CASE MANAGEMENT ORDER NO.___
## (RULES, POLICIES, PROCEDURES, GUIDELINES RELATING TOESTABLISHING COMMON BENEFIT FEE AND EXPENSE FUND)

## I. SCOPE OF ORDER

This Order is entered to provide for the fair and equitable sharing among

plaintiffs, and their counsel, of the burden of services performed and expenses

incurred by attorneys acting for the common benefit of all plaintiffs in this complex

litigation.

### A. Governing Principles and the Common Benefit Doctrine

The governing principles are derived from the United States Supreme Court's

common benefit doctrine, as established in Trustees v. Greenough, 105 U.S. 527

(1881); refined in, inter alia, Central Railroad & Banking Co. v. Pettus, 113 U.S.

116 (1885); Sprague v. Ticonic National Bank, 307 U.S. 161 (1939); Mills v. Electric

Auto-Lite Co., 396 U.S. 375 (1970); Boeing Co. v. Van Gemert, 444 U.S. 472 (1980);

and approved and implemented in the MDL context, in inter alia, In re Air Crash

Disaster at Florida Everglades on December 29, 1972, 549 F.2d 1006, 1019-21 (5th

Cir. 1977); and <u>In re MGM Grand Hotel Fire Litigation</u>, 660 F.Supp. 522, 525-29 (D. Nev. 1987). Common benefit work product includes all work performed for the benefit of all plaintiffs including pre-trial matters, discovery, trial preparation, a potential settlement process, and all other work that advances this litigation to conclusion.

### B. Application of this Order

This Order applies to all cases now pending, as well as to any case later filed in, transferred to, or removed to this Court and treated as part of the coordinated proceeding known as <u>In re Cook Medical, Inc. IVC Filters Marketing, Sales Practices and Products Liability Litigation</u>, MDL 2570.

This Order further applies to each attorney who represents a plaintiff with a case now pending in or later filed in, transferred to, or removed to this Court, regardless of whether the plaintiff's attorney signs the "Participation Agreement" attached hereto as Exhibit A, and/or the "Joint Prosecution And Confidentiality Agreement" ("Joint Prosecution Agreement") attached hereto as Exhibit B.

This Order shall also apply to any private lienholder who obtains reimbursement from any plaintiff whose case is subject to this Order, because that lienholder is benefiting from the common benefit work performed by Participating Counsel. Such entities shall be subject to this Order regardless of execution of the Participation Agreement or the Joint Prosecution Agreement, as they are seeking to obtain part of the recovery obtained by a plaintiff who is subject to this Order and the jurisdiction of this Court. Counsel for any private lienholder shall pay amounts

consistent with the terms of Paragraph IV(B)(3) of this Order into the Cook IVC Filters Fee Fund and the Cook IVC Filters Expense Fund (as those terms are defined herein). Private lienholders' counsel shall not be eligible to make a claim to receive any distribution from the Common Benefit Fee Fund or the Common Benefit Cost Fund.

### C. Participation Agreement (Exhibit A) And Joint Prosecution Agreement (Exhibit B)

Exhibits A and B, attached hereto and incorporated herein, are voluntary agreements between and among plaintiffs' attorneys who have cases pending in the MDL and/or in state court. Said agreements are private and cooperative agreements between and among plaintiffs' attorneys only ("Participating Counsel"); and not Defendants or Defendants' counsel. Participating Counsel shall automatically include all present and Future members of the "Plaintiffs' Leadership Counsel" by virtue of their appointment by the Court as Plaintiffs' Co-Lead/Liaison Counsel and State/Federal Liaison Counsel ("Plaintiffs' Co-Lead Counsel"), the Plaintiffs' Steering Committee (the "PSC"), The Plaintiffs' Executive Committee (the PEC) and any other plaintiff's attorneys who execute the Participation Agreement (Exhibit A hereto), and the Joint Prosecution and Confidentiality Agreement (Exhibit B hereto).All plaintiffs' attorneys who currently have cases pending in this Court or in any state court shall, within 30 days of this Order, designate whether or not they are a Participating Counsel or a Non-Participating Counsel by signing the appropriate section of each Agreement. Any plaintiffs' attorney who does not yet have a Cook IVC Filters case filed in any federal or state

court shall designate whether or not they are a Participating Counsel or a Non-Participating Counsel by signing the appropriate section of the Participation Agreement: (a) within 30 days of the date their first case is filed in or otherwise docketed in this Court via direct filing, transfer or removal; or (b) within 30 days of the date their first case is filed in any state court, if that lawyer intends to voluntarily become a Participating Counsel at the fee and expense percentages set forth herein. Failure to execute Participation Agreement and Joint Prosecution Agreement indicating that an attorney will be a Participating Counsel within the time frame set forth in this paragraph may result in higher percentages for common benefit assessment as a result of such later participation. Any such higher percentages must be approved by the Court.

Participating Counsel shall be entitled to receive all the common benefit work product of those counsel who have also signed the Participation Agreement and Joint Prosecution Agreement. Counsel who choose not to execute said agreements are not entitled to receive common benefit work product and may be subject to an increased assessment on all Cook IVC Filters cases in which they have a fee interest if they receive common benefit work product or otherwise benefit by the work performed by Participating Counsel.

The Court recognizes the jurisdictional rights and obligations of the state courts to conduct their state court litigation as they so determine and that the state court litigations may include counsel who are Participating Counsel. The Participation Agreement, Joint Prosecution Agreement, and this Order shall not be

cited by a party to either agreement in any other court in support of a position that adversely impacts the jurisdictional rights and obligations of the state courts and state court Participating Counsel.

## II.   COMMON BENEFIT EXPENSES

### A.   Qualified Time and Expenses Eligible for Reimbursement

In order to be eligible for reimbursement, common benefit time and expenses must meet the requirements of this section and the limitations set forth in the Participation Agreement and Joint Prosecution and Confidentiality Agreement. Specifically, the time and expenses must be:   (a) for the common benefit; (b) appropriately authorized (as defined in footnote 1 of the Participation Agreement); (c) timely submitted within the defined limitations set forth in this Order; and (d) verified by a partner or shareholder in the submitting firm.

Time and expense submissions are to be made on the 15th day of each month, beginning on February 15, 2016, at which date all qualifying time and expenses up to and including January 31, 2015 must be submitted to Plaintiffs' Co-Lead Counsel. Thereafter, each submission should contain all time and expenses incurred during the calendar month prior to the submission date (i.e., the February 15, 2016 submission should include all time and expenses incurred during the month of January, 2016), all time and expense submissions should be accompanied by contemporaneous records and verified by a partner or shareholder in the submitting firm. Submissions of time and expense made after the 15th day of the month following the month in which the time or expense were incurred may be rejected.

Only time and expense as defined in the Participation Agreement and the Joint Prosecution Agreement will be considered and recognized for common benefit consideration.

Only that time and those expenses incurred for the common benefit of all cases consistent with the terms of this Order shall be considered for common benefit reimbursement at the end of the litigation.

### B. Shared and Held Common Benefit Expenses

#### 1. Shared Costs

Shared Costs are costs incurred for the common benefit of all plaintiffs. Shared Costs will be paid out of a separate Cook IVC Filters Operating Expense Fund established and administered by Plaintiffs' Co-Lead Counsel and funded by all members of the PSC and other as determined by Plaintiffs' Co-Lead Counsel. All Shared Costs must be approved by Plaintiffs' Co-Lead Counsel prior to payment. Shared Costs include: (a) certain filing and service costs; (b) deposition, court reporter, and video technician costs for non-case-specific depositions; (c) costs necessary for creation and maintenance of a document depository, the operation and administration of the depository, the search, categorization and organization of documents, depositions and evidence, and any equipment required for the depository; (d) Plaintiffs' Co-Lead Counsel administrative matters (e.g., expenses for equipment, technology, courier services, telecopier, electronic service, photocopy and printing, secretarial/temporary staff, etc.); (e) PSC group administration matters such as meetings and conference calls; (f) accountant and administrative

consult and auditing fees; (g) generic expert witness and consultant fees and expenses; (h) printing, copying, coding, scanning (out of house or extraordinary firm cost); (i) research by outside third-party vendors/consultants/ attorneys; (j) translation costs; (k) bank or financial institution charges; (l) certain investigative services, (m) special master and/or mediator charges, and (n) such other costs as the Court deems appropriate for the efficient prosecution of this MDL common to all plaintiffs.

### 2. Held Costs

Held Costs are those that will be carried by each Participating Counsel in MDL 2570. Held Costs are those that do not fall into any of the above categories of shared costs, but are incurred for the benefit of all plaintiffs. Held costs can also include unreimbursed, but authorized, shared costs. No specific client-related costs shall be considered as Held Costs, unless the case is determined by Plaintiffs' Co-Lead Counsel to be a "common benefit case," e.g., certain bellwether cases as determined by Plaintiffs' Co-Lead Counsel.

### C. Authorization and Submission

The Participation Agreement sets forth the guidelines for authorizing and submitting expenses for the common benefit. All Participating Counsel seeking reimbursement of Held Expenses shall follow those guidelines.

### D. Limitations on Expenses

#### 1. Travel Limitations

Except in extraordinary circumstances approved in advance by Plaintiffs' Co-Lead Counsel, all travel reimbursements are subject to the following limitations:

i. <u>Airfare</u>: Only the price of a coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will not be fully reimbursed, except for international flights, which requires prior approval by Plaintiffs' Co-Lead Counsel in order to be considered for reimbursement. Use of a private aircraft will not be reimbursed. If Business/First Class Airfare is used on domestic flights, then the difference between the Business/First Class Airfare must be shown on the travel Reimbursement form, and only the coach fare will be reimbursed.

ii. <u>Hotel</u>: Hotel room charges for the average available room rate of a business hotel, including the Hyatt, Westin, and Marriott hotels, in the city in which the stay occurred will be reimbursed. Luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.

iii. <u>Meals</u>: Meal expenses, including gratuities, must be reasonable, and shall not exceed $75 per day per person. There will be no reimbursement for alcoholic beverages, mini- bar items, or movies.

    iv.  <u>Cash Expenses</u>:  Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

    v.  <u>Rental Automobiles</u>:  Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available.  If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger-sized vehicle is needed to accommodate several counsel, or equipment.

    vi.  <u>Mileage</u>:  Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently 50.5¢ per mile).

**2.  Non-Travel Limitations**

    i.  <u>Shipping, Courier, and Delivery Charges</u>:  All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

    ii.    <u>Postage Charges</u>:  A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

    iii.    <u>Telefax Charges</u>:  Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

    iv.    <u>In-House Photocopy</u>:  A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 15¢ per page.

    v.    <u>Computerized Research – Lexis/Westlaw</u>:  Claims for Lexis or Westlaw, and other computerized legal research expenses, should be in the exact amount charged to or allocated by the firm for these research services.

## E. Verification

The forms detailing expenses shall be certified by a senior partner in each firm attesting to the accuracy of the submissions. Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification if accompanied by a declaration from counsel that the expense was incurred and paid for the common benefit.

III.     **COMMON BENEFIT WORK**

   A.     **Qualified Common Benefit Work Eligible for Reimbursement**

Only Participating Counsel are eligible for reimbursement for time and efforts expended for the common benefit. Participating Counsel shall be eligible for reimbursement for time and efforts expended for common benefit work if said time and efforts are:     (a) for the common benefit; (b) appropriately authorized (as described in footnote 1 of the Participation Agreement); (c) timely submitted; and (d) verified by a partner or shareholder in the submitting firm.

   B.     **Compensable Common Benefit Work Defined**

As the litigation progresses and common benefit work product continues to be generated, Plaintiffs' Co-Lead Counsel may assign Participating Counsel with common benefit work; common benefit work shall include only work specifically assigned. Examples of common benefit work include, but are not limited to, legal research and briefing, authorized court appearances, special projects, meetings, conference calls, maintenance and working in the depository; review and document coding; preparing, responding to, and dealing with common-benefit discovery; expert retention and development authorized by Co-Lead Counsel; preparing for and conducting authorized depositions of Defendants, third-party witnesses, and experts; and activities associated with preparation for trial and the trial of any cases designated as "common benefit trials" by Plaintiffs' Co-Lead Counsel.

## C.  Authorization and Time Keeping

All time must be authorized and accurately and contemporaneously maintained. Time shall be kept according to the guidelines set forth in the Participation Agreement and approved by Plaintiffs' Co-Lead Counsel.

## IV.  PLAINTIFFS' LITIGATION FEE AND EXPENSE FUNDS

### A.  Establishing the Fee and Expense Funds

At an appropriate time, Plaintiffs' Co-Lead Counsel shall ask the Court to direct that two interest-bearing accounts be established to receive and disburse funds as provided in this Order (the "Funds"). The first fund shall be designated the "Cook IVC Filters Fee Fund" and the second fund shall be designated the "Cook IVC Filters Expense Fund." These funds will be held subject to the direction of this Court.

By subsequent Order of this Court, the Court will appoint a qualified certified public accountant (the "CPA") to serve as escrow agent over the Funds and to keep detailed records of all deposits and withdrawals and to prepare tax returns and other tax filings in connection with the Funds. Such subsequent Order shall specify the hourly rates to be charged by the CPA and for the CPA's assistants, who shall be utilized where appropriate to control costs. The CPA shall submit quarterly detailed bills to the Court and to Plaintiffs' Co-Lead Counsel. Upon approval by the Court, the CPA's bills shall be paid from the Cook IVC Filters Expense Fund and shall be considered a shared cost. The Plaintiffs' Liaison Counsel shall provide a copy of this Order and later orders to the CPA.

B.   **Payments into the Fee and Expense Funds**

1.   **General Standards**

All plaintiffs and their attorneys who are subject to this Order and who agree to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, with respect to Cook IVC Filters claims are subject to an assessment of the gross monetary recovery, as provided herein.

2.   **Gross Monetary Recovery**

Gross monetary recovery includes any and all amounts paid to plaintiffs (either directly or through plaintiffs' counsel) by Defendants through a settlement or pursuant to a judgment.  In measuring the "gross monetary recovery," the parties are to (a) exclude court costs that are to be paid by the Defendants; (b) include any payments to be made by the Defendants on an intervention asserted by third-parties, such as to physicians, hospitals, or other healthcare providers in subrogation related to treatment of a plaintiff, and any governmental liens or obligations (e.g., Medicare/Medicaid); and (c) include the present value of any fixed and certain payments to be made in the future.  The assessment shall apply to all of the cases of the plaintiffs' attorneys who are subject to this Order, whether as sole counsel or co-counsel, including cases pending in the MDL, pending in state court, unfiled, or tolled.

### 3. Assessment Amount

The assessment amount is 8%, which includes 6% for attorneys' fees and 2% for expenses. The assessment represents a holdback (In re Zyprexa Prods. Liab. Litig., 267 F.Supp.2d 256 (E.D.N.Y. 2006)) and shall not be altered. However, if any counsel fails to timely execute the Participation Agreement and Joint Prosecution and Confidentiality Agreement, such counsel and members of his/her firm may be subject to an increased assessment. Moreover, if a Non-Participating Counsel receives common benefit work product or otherwise benefits from the common benefit work product, such counsel and the cases in which she/he has a fee interest may be subject to an increased assessment.

### 4. Defendants' Obligations

Upon learning of a case being filed in any state court, Defendants' Counsel promptly shall forward a copy of the state-court complaint to Plaintiffs' Co-Lead Counsel so that Plaintiffs' Co-Lead Counsel can notify the state-court attorneys of this Order and offer them the opportunity to become Participating Counsel.

The Plaintiffs' Co-Lead Counsel shall provide the Defendants' Counsel, the CPA, and the Court or its designee with a list of cases and/or counsel who have entered into written agreements with the PSC by executing the Participation Agreement and Joint Prosecution and Confidentiality Agreement. This same list shall be made available to all plaintiffs' counsel with cases in this MDL, as well as any other plaintiffs' counsel who signs the Participation Agreement and Joint Prosecution and Confidentiality Agreement, upon request. In the event there is a

dispute as to whether a case should be on the list, Plaintiffs' Co-Lead Counsel shall seek to resolve the matter with the particular plaintiff's counsel informally, and if that is unsuccessful, upon motion to the Court.

Defendants and their counsel shall not distribute any settlement proceeds to any plaintiff (or anyone on behalf of a plaintiff, including plaintiff's counsel) until after (1) Defendants' counsel notifies Plaintiffs' Co-Lead Counsel in writing of the existence of a settlement and the name of the individual plaintiff and plaintiff's attorney (without disclosing the amount of the settlement), and (2) Plaintiffs' Co-Lead Counsel has advised Defendants' counsel in writing whether or not the individual plaintiff's attorney's cases are subject to an assessment and the amount (stated as a percentage of the recovery) of the assessment pursuant to this Order. Plaintiffs' Co-Lead Counsel shall share this information only with each other and shall otherwise keep this information confidential. For cases subject to an assessment, Defendants are directed to withhold an assessment from any and all amounts paid to plaintiffs and their counsel and to pay the assessment directly into the Funds as a credit against the settlement or judgment. No orders of dismissal of any plaintiff's claim, subject to this Order, shall be entered unless accompanied by a certificate of plaintiff's and defendants' counsel that the assessment, if applicable, will be withheld and will be deposited into the Funds at the same time the settlement proceeds are paid to settling counsel. If, for any reason, the assessment is not or has not been so withheld, the plaintiff and his/her counsel are jointly responsible for paying the assessment into the Fund promptly.

Plaintiffs' Co-Lead Counsel shall keep track of settlements and deposits into the Funds for those settlements. Plaintiffs' Co-Lead Counsel shall provide the Court monthly reports showing the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance. If necessary, Plaintiffs' Co-Lead Counsel may request that the Court require Defendants to disclose to the Court the amounts of the settlements reached with each plaintiff in order to confirm that appropriate assessments have been deposited in the Funds.

## V.   DISTRIBUTIONS

### A.    Court Approval

The amounts deposited into the Cook IVC Filters Fee Fund and the Cook IVC Filters Expense Fund shall be available for distribution to Participating Counsel who have performed professional services or incurred expenses for the common benefit in accordance with this Order, the Participation Agreement, and the Joint Prosecution Agreement. No amounts will be disbursed without review and approval by the Court, or such other mechanism as the Court may order. Specifically, such sums shall be distributed only upon Order of this Court. This Court retains jurisdiction over any common benefit award or distribution.

### B.    Application for Distribution

Each Participating Counsel who does common benefit work has the right to present their claim(s) for compensation and/or reimbursement prior to any distribution approved by this Court. Any Counsel who does not sign the

Participation Agreement and Joint Prosecution Agreement shall not be eligible to receive common benefit payments for any work performed or expenses incurred.

At the appropriate time, this Court shall request that Plaintiffs' Co-Lead Counsel make recommendations to this Court for distributions to Participating Counsel who have performed common benefit work. Plaintiffs' Co-Lead Counsel may employ the services of an agreed-upon independent expert, and after approval of the Court, will serve in an advisory and consulting capacity to Co-Lead Counsel and the PSC to periodically audit the time submissions of Participating Counsel whose consultation and advice regarding billing practices will be shared with Participating Counsel so as to ensure the appropriate methods, content, and substance of time submissions consistent with the guidelines set forth in this Order. Plaintiffs' Co-Lead Counsel, in consultation with the independent third-party expert, shall determine the most fair and efficient manner by which to evaluate all of the time and expense submissions in making its recommendation to this Court. This Court will give due consideration to the recommendation of the Plaintiffs' Co-Lead Counsel in conjunction with such expert consultation, advice and recommendations.

To the extent that the billing records of any Participating Counsel or any plaintiff's attorney are shared with Plaintiff's Co-Lead Counsel, the CPA, the retained independent expert, or the Court (subject to appropriate protections when filing), they retain their status as work product materials and are not discoverable by Defendants.

## VI.  <u>QUARTERLY REPORTS TO THE COURT</u>

Plaintiffs' Co-Lead Counsel shall provide the Court with reports on the fees and expenses submitted by various plaintiffs' counsel for eventual reimbursement from the common fund in this case as directed by the Court. The reports shall be organized so the Court can review the attorneys' fees incurred for various categories of work in the case, and the attorneys who incurred then, and so the Court can review the expenses submitted for reimbursement.

Date: 3/16/2016

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.

COOK IVC FILTER LITIGATION
COMMON BENEFIT PARTICIPATION AGREEMENT

THIS AGREEMENT is made this _____ day of _____, 2016, by and between the Plaintiffs' Leadership Counsel appointed by the United States District Court for the Southern District of Indiana (Indianapolis Division) in MDL 2570 and _____ (the "Participating Counsel").

WHEREAS, the United States District Court for the Southern District of Indiana has appointed Plaintiffs' Leadership Counsel (Consisting of Co-Lead Counsel, the Plaintiffs' Executive Committee and the Plaintiffs' Steering Committee and Liaison Counsel), to facilitate and conduct pretrial proceedings in the federal actions relating to the use, marketing, and sales of Cook IVC Filters; and

WHEREAS, The Plaintiffs' Leadership Counsel, in association with other attorneys working for the common benefit of plaintiffs have developed or are in the process of developing work product that will be valuable in all Cook IVC Filter cases and benefit all plaintiffs alleging injury caused by the use of COOK IVC (Common Benefit Work Product); and,

WHEREAS, the Participating Counsel are desirous of acquiring the Common Benefit Work Product and establishing an amicable, working relationship with the Plaintiffs' Leadership Counsel for the mutual benefit of their clients;

NOW THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

## I.     SCOPE OF AGREEMENT

### A.     Purpose

This Participation Agreement is a private cooperative agreement between plaintiffs' attorneys to share Common Benefit Work Product.   Any plaintiffs' attorney who executes this Agreement ("Participating Counsel") is entitled to receive the Common Benefit Work Product created by those attorneys who have also executed, or have been deemed to have executed, the Participation Agreement regardless of the venue in which the attorney's cases are pending.

### B.     Rights and Obligations of Participating Counsel

Upon execution of this Participation Agreement the Plaintiffs' Leadership Counsel will provide Participating Counsel access to the Common Benefit Work Product, including access to the document depository, and full access and availability of work product within the private, secure and confidential plaintiffs-only website.   Participating Counsel agrees that all cases in which Participating Counsel has a fee interest, including unfiled cases, tolled cases, and/or cases filed in state and/or federal court, are subject to the terms of the Participation Agreement. Participating Counsel shall produce a list that correctly sets forth the name of each client represented by Participating Counsel and/or in which Participating Counsel has an interest in the attorney fee, regardless of what that interest is, who has filed a civil action arising from the use, marketing, and/or sale of Cook IVC Filters.   Such list shall include the court and docket number of each such case.   Participating Counsel shall also produce a list that contains the name of each client represented

by Participating Counsel and/or in which Participating Counsel has an interest in the attorney fee, regardless of what that interest is, who has no yet filed a civil action but who has a claim against Defendants arising from the use, marketing, and/or sale of Cook IVC filters. Participating counsel shall supplement the lists on a quarterly basis and provide the lists to plaintiffs' Co-lead Counsel. The initial list shall be provided within 15 days of signing this Agreement and must be supplemented every 90 days thereafter.

## II.  AGREEMENT TO PAY AN ASSESSMENT ON GROSS RECOVERY

Subject to the terms of this Agreement, the provisions set forth below, and the terms of any CMO, all plaintiffs and their attorneys who agree to settle, compromise, dismiss, or reduce the amount of a claim, or with or without trial, recover a judgement for monetary damages or other monetary relief, including compensatory and punitive damages, for any Cook IVC Filters claims are subject to an assessment of the Gross Monetary Recovery, as prohibited herein.

### A.  Assessment Amount

The Assessment amount shall be eight (8) percent of the Gross Monetary Recovery in each case, six (6) percent for common benefit attorneys' fees and two (2) percent for common benefit expenses, and represents a holdback. (*See in re Zyprexa Prods. Liab. Litig.* 267 F.Supp.2d 256 (E.D.N.Y. 2006)). By entering this Participation Agreement, the undersigned understands and avers not to move, join, or otherwise support a motion that seeks a common benefit fee assessment in excess of 8%, unless it should become apparent that fees in excess of 6% or costs and

3

expenses in excess of 2% are required to reasonably and adequately advance the litigation.

However, to obtain the benefit of this assessment amount, all plaintiffs' counsel with a case pending in this MDL or in any state court shall execute this Participation Agreement within 30 days of the entry of the Common Benefit Order. Any plaintiffs' attorney who does not yet have a Cook IVC Filter case filed in any state or federal court shall execute this Participation Agreement (a) within 30 days of the date their first case is filed in or otherwise docketed in the MDL Court via transfer or removal, or (b) within 30 days of the date their first case is filed in any state court. Failure to execute the Participation Agreement within these time frames may result in an increased assessment as determined by Plaintiffs' Co- Lead counsel and subject to the Court's approval.

### B.    Gross Monetary Recovery Defined

Gross Monetary Recovery incudes any and all amounts paid to plaintiffs (directly or through plaintiffs' counsel) by Defendants through a settlement or pursuant to a judgment. In measuring the Gross Monetary Recovery, the parties are to (a) exclude court costs that are to be paid by the Defendant; (b) include any payments to be made by the defendant on an intervention asserted by third-parties, such as physicians, hospitals, or other healthcare providers in subrogation related to treatment of a plaintiff, and any governmental liens or obligations (e.g., Medicare/Medicaid); and (c) include the present value of any fixed and certain payments to be made in the future.

## C.     Covered Cases

The assessment amount set forth above and in the related Order shall apply to all cases now pending or later filed in, transferred to, or removed to the MDL Court and treated as Part of the coordinated Proceeding known as *In re: Cook IVC Filters Marketing, Sales Practices and Products Liability Litigation,* MDL 2570, regardless of whether the plaintiffs' attorney is either Participating or Non-Participating Counsel. Counsel who sign this Participation Agreement further agree that the assessment shall apply to all un-filed cases, tolled cases, and/or cases filed in state court in which they have a fee interest, regardless of the size of that fee interest.

Non-Participating Counsel are not required to pay an assessment on state court cases or on un-filed cases.  However, counsel who do not sign the Participation Agreement are not entitled to receive Common Benefit Work Product, and may be subject to an increased assessment on all Cook IVC Filters cases in which they have a fee interest if they receive any Common Benefit Work Product or otherwise benefit from the Work Product created by Plaintiffs' Leadership Counsel and other Participating Counsel working with the MDL. Non-Participating Counsel shall not be eligible to receive Common Benefit payments for any work performed or expenses incurred.

## D.     Attorney Fee Lien

With respect to each client represented in connection with Cook IVC Filters related claims that are filed or pending in and Federal court, are un-filed, or are

subject to a tolling agreement, each Participating Counsel shall agree to have Defendants deposit or cause to be deposited in the Cook IVC Filters fee and Expense Funds approved by the District Court in the MDL a percentage of the gross amount recovered by each such client that is equal to the assessment amount. In the event Defendants do not deposit the assessed percentage into the Funds, Plaintiff and Plaintiffs Participating Counsel shall deposit or cause to be deposited in the Cook IVC Filters Fee in Expense Funds approved by the District Court in the MDL a percentage of the gross amount recovered by each such client that is equal to the assessment amount. Participating Counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to Plaintiffs" Leadership Counsel a lien upon and/or a security interest in any fee generated as a result of any recovery by any client who they represent in connection with any Cook IVC Filters-induced injury and Cook IVC Filters marketing and sales practices, to the full extent permitted by law, in order to secure payment in accordance with the provisions of this Agreement. Participating Counsel will undertake all actions and execute all documents that are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

### E.    Attorney-Client Contracts

Both the Plaintiffs' Leadership Counsel and Participating Counsel recognize the importance of individual cases and the relationship between case-specific clients and their attorneys. Regardless of the type of settlement or conclusion eventually made in either state or federal cases, Plaintiffs' Leadership Counsel will recommend

to this Court that appropriate consideration will be given to individual case contracts between attorneys and their clients.

### III.   COMMON BENEFIT EXPENSES

#### A.   Qualified Expenses Eligible for Reimbursement

In order to be eligible for reimbursement of common benefit expenses, said expenses must be: (a) for the common benefit; (b) appropriately authorized [1] and timely submitted; (c) within the defined limitations set forth in this Participation Agreement and associated Order, and (d) verified by a partner or shareholder in the submitting law firm.

#### B.   Authorization and Submission Expenses

Participating counsel must submit expenses consistent with the Order of the Court. Expenses incurred on matters common to all claimants in MDL 2570 and assigned by Plaintiffs' Co-Lead Counsel of the MDL may be submitted for reimbursement.

#### C.   Verification

The forms detailing expenses shall be certified by a senior partner in each firm, and such certification should attest to the accuracy of the submissions. Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification if accompanied by a declaration from counsel that the expense was incurred and paid for the common benefit.

---

[1] For the purposes of this Participation Agreement, "authorized" or "approved" in terms of common benefit expenses and common benefit work shall mean authorized and approved by Plaintiffs' Co-Lead Counsel.

Cost records shall be electronically submitted to Plaintiffs' Co-Lead Counsel on a monthly basis. Untimely submission of cost records will result in a waiver of said costs. Unsubstantiated costs may be disallowed, as recommended by Plaintiffs' Co-Lead Counsel.

## IV. COMMON BENEFIT WORK

### A. Common Benefit Work Eligible for Reimbursement

In order to be eligible for reimbursement, time expended must be: (a) for the common benefit; (b) appropriately authorized (see Footnote I supra); (c) timely submitted; and (d) verified by a partner or shareholder in the submitting law firm. Moreover, if counsel fails to timely submit capital contributions as may be requested by Plaintiffs' Co-Lead Counsel throughout this litigation, such counsel and members of his/her firm shall not be allowed to submit common benefit time or expenses for reimbursement. Unsubstantiated costs may be disallowed, as recommended by Co-Lead Counsel.

### B. Counsel Involved

Participating Counsel are prohibited from sharing Common Benefit Work Product with Non-Participating Counsel, as defined herein. Counsel eligible to perform common benefit work includes Plaintiffs' Co-Lead Counsel, members of the PSC and PEC and Liaison Counsel, Co- Chairs and authorized members of MDL Committees, and other Participating Counsel.

## C.    Authorization

Time spent on matters common to all claimants in the MDL must be assigned by Plaintiffs' Co-Lead Counsel, directly or via authority specifically provided by Plaintiffs' Co-Lead Counsel to a Chair or Co-Chair of a sanctioned committee to be eligible for consideration as common benefit time. No time spent on developing or processing individual issues in any case for an individual client (claimant) will be considered or should be submitted; nor should time spent on unauthorized work be submitted for consideration.

### (1) Examples of Authorized and Unauthorized Work

> a. <u>Depositions of corporate witnesses</u>: Any attorney not designated as one of the authorized questioners or otherwise authorized to attend a deposition on behalf of the PSC shall not submit time or expenses for preparing or for attending such deposition, as such attendance is deemed to be on behalf of that attorney's individual clients.
>
> b. <u>Periodic PSC, PEC, MDL or Full-Committee Conference Calls Meetings</u>: Such calls and meetings are held so that individual attorneys are kept up-to-date on the status of the litigation, therefore participation by listening to such calls is not common benefit work. Each attorney has an obligation to stay informed about the litigation so that they can best represent their clients and that is a reason to participate in

9

such calls and meetings. The attorneys designated by Plaintiffs' Co-Lead Counsel to run those calls are working for the common benefit by keeping other lawyers informed and educated about the case, and their time will be considered common benefit time. Nothing in this paragraph shall be construed to prevent members of the PSC or PEC from submitting common benefit time for participation in PSC or PEC communications that are germane to all members of the PSC of PEC and are necessary to fulfill their PSC or PEC obligations.

c.  <u>Periodic Status Conferences</u>: Periodic status conferences are held so that the litigation continues to move forward and legal issues are resolved with the Court. Individual attorneys are free to attend any status conference held in open court in order to keep up-to-date on the status of the litigation, but participation by attending and listening to such conferences is not common benefit work. Each attorney has an obligation to stay informed about the litigation so that they can best represent their clients. Mere attendance at a status conference will not be considered a common benefit expense or common benefit time, nor shall participation in such status conferences via telephone be considered common

benefit time. The attorneys designated by Plaintiffs' Co-Lead Counsel to address issues that will be raised at a given status conference or requested by Plaintiffs' Co-Lead Counsel to be present at a status conference are working for the common benefit and their time will be considered common benefit time.

d. <u>Identification and Work Up of Experts</u>: Participating Attorneys are encouraged to identify experts in consultation with the Co-Chairs of the responsible committees. If a Participating Attorney travels to and retains an expert without the knowledge and approval of the Plaintiffs' Co-Lead Counsel, the MDL may not need that expert, and the associated time and expense may not be considered the common benefit expenses/work, and therefore may not be compensable.

e. <u>Attendance at Various Seminars</u>: Attendance at a seminar that has an agenda item about the Cook IVC Filters litigation is not common benefit work or a common benefit expense.

f. <u>Document Review</u>: In the MDL, only document review specifically assigned to an attorney and authorized by Plaintiffs' Co-Lead Counsel or one of the co-chairs of a

11

sanctioned Committee will be considered common benefit work. If an attorney elects to review documents that have not been assigned to that attorney by Plaintiffs' Co-Lead Counsel or one of the Committee Co-Chairs, that review is not considered common benefit work.

g. <u>Review of Pleadings and Orders</u>: Each Attorney has an obligation to stay informed about the litigation so they can best represent their clients, and review of pleadings and orders is part of that obligation. Only those attorneys designated by Plaintiffs' Co-Lead Counsel to review and summarize those pleadings of orders for the MDL are working for the common benefit, and their time will be considered common benefit time. All other counsel are reviewing those pleadings and orders for their own benefit and the benefit of their own clients, and the review is not considered common benefit work. Nothing in this_shall be constructed to prevent members of the PSC or PEC from submitting common benefit time for reviewing orders that are germane to all members of the PSC and review of which is necessary to fulfill their PSC obligations.

h. <u>Review of Discovery Responses</u>: Each attorney has an obligation to stay informed about the litigation so they can

best represent their clients, and that is a reason to review discovery responses served in this litigation. Only those attorneys designated by Plaintiffs' Co-Lead Counsel to review and summarize discovery responses for the MDL are working for the common benefit, and their time will be considered common benefit time. All other counsel are reviewing those discovery responses for their own benefit and the benefit of their own clients, and the review is not considered common benefit work.

  i. <u>Bellwether Trials</u>: While the work-up of individual cases is not considered common benefit work, in the event that a case is selected as part of an approved bellwether trial process in the MDL, or state court proceeding, the time and expenses in trying the case (including work performed as part of the approved bellwether process) may be considered common benefit work at the discretion of Plaintiffs' Co-Lead Counsel.

**D. Time Keeping and Submission of Time Records**

All time must be accurately and contemporaneously maintained. Participating Counsel shall keep a daily record of time spent in connection with common benefit work on this litigation, indicating with specificity the hours, location and particular activity (such as "conducted deposition of John Doe"). Time entries must include task-based billing and allocate time to particular tasks; block

billing of time will not be accepted. Time entries that are not sufficiently detailed may not be considered for common benefit payments. All common benefit work time for each firm shall be maintained in tenth-of-an-hour increments. Time submissions will be audited by Plaintiffs' Co-Lead Counsel and a retained independent expert.

These guidelines are intended for all activities performed and expenses incurred by Participating Counsel in MDL 2570.

1. All time submissions must be incurred only for work authorized under this Participation Agreement, or as set forth in the Joint Prosecution Agreement.

2. All time submissions must be made in the form provided or in the manner required by the Plaintiffs' Co-Lead Counsel.

3. Time and expense submissions are to be made on the 15th day of each month. Each submission should contain all time and expenses incurred, during the calendar month prior to the submission date (i.e., the February 15, 2016 submission should include all time and expenses incurred during the month of January 2016).

4. All time and expense submissions should be accompanied by contemporaneous records and verified by a partner or shareholder in the submitting firm. Submissions of time and expense made after the 15th day of the month following the

14

month in which the time or expense were incurred may be
rejected.

5.    All time submissions must be electronically sent in the
designated form to the attention of Plaintiffs' Co-Lead Counsel so
they can be reviewed, complied, and submitted to the Court at
the appropriate time.

6.    Failure to provide submissions in a timely manner may result in
a waiver of attorney fees and expenses claimed for the time
period that is the subject of the submission. Failure to submit
time and expense records in the format approved by Plaintiffs'
Co-Lead Counsel and the PSC may result in a notice of
deficiency, after which the submitting firm shall have 15 days to
cure the deficient submission. Absent prior approval from
Plaintiffs' Co-Lead Counsel or special circumstances, failure to
cure the deficiency within the fifteen-day period shall result in
(a) that month's submission being rejected, and (b) the
submitting firm waiving compensation for the time and expenses
submitted that month. Upon a determination by Plaintiffs' Co-
Lead Counsel that a Participating Law Firm repeatedly fails to
comply with the requirement to timely submit time and
expense records in the required format, that Participating Law

Firm may be barred from performing future common benefit
work.

7.    Time spent compiling the data for the time and expense
submissions is not considered common benefit time and shall not
be submitted.

## E.    Distribution of Fees

1.    <u>No Individual Right of the Funds</u>: No party or attorney has any
individual right to any common benefit funds except to the
extent directed by Order of The MDL Court. Common benefit
funds will not constitute the property of any party or
attorney or be subject to garnishment or attachment for
the debts of any party or attorney except when and as
directed by court order.  These limitations do not preclude a
party or Attorney from transferring, assigning, or creating a
security interest in potential disbursements from the fund if
permitted by applicable state laws and if subject   to the
conditions and contingencies of this Agreement.

2.    <u>Court Approval</u>: The amounts deposited in the Cook IVC Filters
Fee Fund shall be available for distribution to attorneys who
have performed professional services or incurred expenses for
the common benefit. The MDL Court retains jurisdiction over
any common benefit award. Each Participating Counsel who

does common benefit work has the right to present their claim(s) for compensation and reimbursement prior to any recommendation to the Court. It is expected that due consideration of payment of common benefit fees and expenses will be given to the recommendation of Plaintiffs' Co-Lead Counsel, after consultation and recommendations of court-approved third-party special master, by the MDL court.

Date:_____        _____
                                Firm Name:
                                Attorney's Name:

                                PLAINTIFFS' LEADERSHIP COUNSEL

Date:_____        _____
                                Michael W. Heaviside
                                Plaintiffs' Co-Lead Counsel

Date:_____        _____
                                Ben Martin
                                Plaintiffs' Co-Lead Counsel

Date:_____        _____
                                David P. Matthews
                                Plaintiffs' Co-Lead Counsel

## JOINT PROSECUTION AND CONFIDENTIALITY AGREEMENT
### In re Cook IVC Filters Litigation

This Joint Prosecution Agreement ("Agreement") is made and entered into by and between (1) The Plaintiffs' Leadership Counsel (consisting of Plaintiffs' Co-Lead Counsel, The Plaintiffs' Executive Committee, and the Plaintiffs' Steering Committee and Plaintiff's Liaison Counsel) as appointed by the Court in The United States District Court for the Southern District of Indiana, Indianapolis Division in MDL 2570 and (2) _____ ("the Plaintiffs' Attorney/Firm").

**WHEREAS,** all federal actions relating to Cook manufactured inferior vena cava filters have been consolidated before and transferred to Judge Young in MDL No. 2570,

**WHEREAS,** Judge Young has ordered that Plaintiffs establish their leadership structure to facilitate the conduct of pretrial proceedings in MDL No. 2570,

**WHEREAS,** the Court has appointed Leadership Counsel for MDL No. 2570, consisting of Lead Co-Counsel, and a Plaintiff Steering Committee, and a Plaintiffs' Executive Committee, and Plaintiff's Liaison Counsel,

**WHEREAS**, the Plaintiffs' Leadership Counsel have completed a significant amount of discovery and litigation preparation work product that will be beneficial to the litigation of state and federal court proceedings involving Cook IVC Filters including:

1.    Taking corporate depositions,

2.    Creating and maintaining a document depository,

3.    Reviewing multiple document productions,

4.    Creating a database and spreadsheet of the most relevant documents,

5.    Preparing and arguing discovery motions,

6.    Challenging privilege claims of work product and attorney-client privilege,

7.    Vetting and retaining multi-discipline expert witnesses,

8.    Participating in multiple telephonic and in person Status Conferences with the Court.

**WHEREAS**, the undersigned Plaintiff's Attorney/Firm represent individual claimants who have been or may be injured as a consequence of their Cook manufactured IVC Filter and the Plaintiffs Attorney/Firm has filed either or both a state court and/or federal court action on behalf of one or more clients, or are in the process of doing so.

**WHEREAS**, the undersigned Plaintiffs Attorney/Firm are desirous of acquiring the above described work product created by Plaintiffs' Leadership Counsel in MDL 2570 and establishing an amicable, working relationship with Plaintiffs' Leadership Counsel,

**NOW THEREFORE**, in consideration of the covenants and mutual promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

2

1.   To the extent consistent with the best interest of his or her individual client, the undersigned Plaintiff's Attorney/Firm and the Plaintiffs' Leadership Counsel in MDL 2570 agree to assist in a cooperative effort to investigate,  prepare and conduct discovery in State and Federal Court litigations regarding Cook manufactured IVC Filters ("Subject Litigation") in order to achieve the common interest of minimizing cost, maximizing judicial efficiency and assuring the just and speedy resolution of the undersigned Plaintiff Attorney's/Firm's individual claim and the other similar claims which collectively comprise the Subject Litigation.

2.   In support these common interests:

(a)  The undersigned Plaintiffs' Attorney/Firm a n d Plaintiffs' Leadership Counsel agree to share information  within their professional discretion, including discovery materials concerning the common issues involved in the Subject Litigation except where restricted by the terms of a valid and operative protective order.

(b)  The undersigned Plaintiff Attorney/Firm agrees to take whatever action (including internal procedures and legal action) that is necessary and appropriate to preserve both the work product status and confidentiality of the identity and contents of materials or information provided to them as a result of this Agreement.

3

(c) To enforce the mutual obligations of this Agreement.

3.    The undersigned Plaintiff Attorney/Firm agrees to maintain the confidential status of all confidential information acquired in furtherance of this Agreement and agrees that all such information (including but not limited to the identity and contents of material contained in or selected from a document database, confidential communications with Plaintiffs' Leadership Counsel, confidential information acquired at seminars, and all correspondence, memoranda, notes and other materials based on or reflecting the identity or content of such information) shall be maintained in absolute confidence.

4.    In an effort to maintain the confidential status of all information generated by, developed by and/or acquired from Plaintiffs' Leadership Counsel, Plaintiff's Attorney/Firm agree that they will not disclose any information so obtained.

5.    In the event that a Plaintiff's Attorney/Firm has any data received from Plaintiffs' Leadership Counsel and is compelled by a Court to produce or disclose said information, the Plaintiff's Attorney/Firm must immediately move for the imposition of a protective order which precludes the attorneys in the subject case from disseminating the data to anyone (attorneys or non- attorneys) outside the confines of the subject case; the protective order shall further restrict the use

of these materials and require the return of the original and any copies
of these materials at the completion of the case.

6.    To the extent that the undersigned Plaintiff's Attorney/Firm discloses
information in violation of this Agreement, or otherwise waives
protection available to the undersigned Plaintiff's Attorney/Firm
(including but not limited to entitlement to protection under the work
product doctrine), such waiver shall not extend to other Plaintiff's
Attorney/Firm or to Plaintiffs' Leadership Counsel.

7.    No provision of this Agreement shall be construed as requiring the
undersigned Plaintiff's Attorney/Firm to pay to any other Plaintiff's
Attorney/Firm any additional fees or costs not contemplated by this
Agreement.  This Paragraph does not have any effect on any other
agreements or orders (including assessment orders) that now or
hereinafter exist relating to payment for any common benefit work
performed by Plaintiffs' Leadership Counsel.

8.    Any obligation assumed under this Agreement shall survive the
dismissal, settlement or other resolution of any individual claim handled
by the undersigned Plaintiff's Attorney/Firm.

9.    In addition to any other agreements contained herein relating to
keeping materials confidential and preventing disclosure to
defendants, Plaintiff's Attorney/Firm expressly agree not to release the
materials provided hereunder to any other attorney or Cook IVC

Filters claimant whose claims are not represented by Plaintiff's Attorney/Firm herein or who are not otherwise a signatory to this Agreement.

10. This Agreement shall apply to each and every claim or action arising from the defective Cook IVC Filters in which the Plaintiff's Attorney/Firm have a right to a fee recovery and shall encompass all claims, filed or unfiled, wherein the Plaintiff's Attorney or their respective law firms have been directly retained by a client in connection with a Cook IVC Filters related claim, or, alternatively, are associated as co-counsel or otherwise.

11. In the event that a Plaintiff's Attorney/Firm fails to comply with any provision set forth herein, his or her Membership shall be subject to immediate termination.

12. Plaintiff's Attorney/Firm and the Plaintiffs' Leadership Counsel agree to consent to the jurisdiction of Judge Young in the United States District Court for the Southern District of Indiana, Indianapolis Division, for the resolution of any disputes arising from or related to this Agreement.

13. The Undersigned Plaintiff's Attorney/Firm agrees to honor any common benefit holdback or assessment from settlement or judgment proceeds which shall be the subject of a future Case Management

Order to be entered in MDL 2570 in The United States District Court for the Southern District of Indiana, Indianapolis Division.

BY:                              Plaintiff's Attorney/Firm

Date:_____          _____

                                Plaintiffs' Leadership Counsel

Date:_____          _____