# EXHIBIT 10

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: FRESENIUS §<br>GRANUFLO/NATURALYTE §<br>DIALYSATE §<br>PRODUCTS LIABILITY LITIGATION § | **MDL NO. 1:13-MD-2428-DPW** |
| §<br>§<br>*THIS DOCUMENT RELATES TO ALL* §<br>*CASES* §<br>§ | |

CASE MANAGEMENT ORDER NO. *14*

~~[PROPOSED]~~ ORDER ESTABLISHING THE GRANUFLO (MDL 2428) COMMON
BENEFIT ACCOUNT TO COMPENSATE AND REIMBURSE ATTORNEYS FOR
SERVICES PERFORMED AND EXPENSES INCURRED FOR CASE
ADMINISTRATION AND THE COMMON BENEFIT

1.      The Court enters this Order: (1) to avoid unnecessary conflicts and expense,
conserve judicial resources, and expedite the disposition of all the cases by enabling the
coordination of this "MDL" case with cases pending in state courts that are also litigating claims
involving GranuFlo Acid Concentrates® and/or NaturaLyte® Liquid (hereinafter collectively
referred to as "GranuFlo") that share common issues and involve common discovery, (2) to
provide for the fair and equitable sharing among Plaintiffs, and their counsel, of the burden of
services performed and expenses incurred by attorneys acting for the common benefit of all
Plaintiffs in this complex litigation, and (3) to enable Plaintiffs' attorneys who desire to obtain the
work-product of the PEC/PSC and the work-product of others who perform common benefit work
whether in the MDL or in state court (collectively, the "Common Benefit Work Product"), an
opportunity to obtain such work product, upon an agreement by the signatory Plaintiffs' attorneys
that the claims of their clients, whether filed as cases or not, shall be subject to an Assessment that
will be funding the *GranuFlo MDL 2428 Common Benefit Account* as described in this Order.

1

**I.    STATE-FEDERAL COORDINATION**

**A. COORDINATION WITH MASSACHUSETTS STATE COURT LITIGATION**

2.    In keeping with the request and suggestion of counsel, this Court has conferred with the Honorable Maynard Kirpalani, Superior Court of Massachusetts, in the County of Middlesex, the state-wide coordinating judicial officer duly appointed to administer the consolidated GranuFlo cases filed in the State of Massachusetts, *In re: Consolidated Fresenius Cases*, Civil Action No. 2013-03400-O (O Session)(Middlesex Super. Ct)(hereinafter "Massachusetts GranuFlo State Litigation") relating to coordination by and between this Court and the Massachusetts GranuFlo State Litigation. It is the expectation of this Court that where practicable, there will be federal-state coordination with respect to the matters set forth in this Order. For purposes of this Order, the litigations pending in this Court and in the Massachusetts GranuFlo State Litigation will hereinafter collectively be known as the "GranuFlo Cooperating Litigations" ("GCL"). For purposes of this Order, "GCL Leadership" shall mean the Plaintiffs' Executive Committee ("PEC") of this MDL 2428 and the Plaintiffs' Steering Committee of the Massachusetts GranuFlo State Litigation ("Mass-PSC"). Based on this Court's discussions with Judge Kirpalani, and information presented by the GCL Leadership, this Court understands that an Order similar to this Order will be presented in the Massachusetts GranuFlo State Litigation, and that if entered by Judge Kirpalani, that the litigants and plaintiffs' counsel who appear in the Massachusetts GranuFlo State Litigation shall be bound to obligations and terms similar to those to which the litigants and the plaintiffs' counsel who appear in this MDL shall be bound.

**B. ESTABLISHING OF JOINT DOCUMENT DEPOSITORY**

3.    The Court understands that the PEC of this MDL and the Mass-PSC have established a document depository for the GCL. This Document Depository shall be a "Joint

2

Document Depository" subject to an agreement among the parties regarding the sharing of expenses and the confidentiality of documents. The Joint Document Depository shall be available for the joint use of the plaintiffs in the GCL subject to the terms of this Order.

4.      The Court understands that an agreement has been reached regarding the sharing of expenses and the confidentiality of documents and which provides that GCL Leadership counsel shall have equal access to the documents in the Joint Document Depository, regardless of whether the counsel are counsel in MDL 2428 or counsel in the Massachusetts GranuFlo State Litigation, subject to the requirements of this Order. In addition, the members of the Plaintiffs' Steering Committee for MDL 2428 ("PSC") shall have access to the documents and other materials in the Joint Document Depository, subject to the requirements of this Order. To the extent any issue arises with respect to such matters as access to the documents in the Joint Document Depository, the sharing of expenses for the Joint Document Depository or any other administrative issue relating to the maintenance and operation of the Joint Document Depository, that the issue/dispute be referred to this Court for resolution.

## C. **PLAINTIFFS' WORK-PRODUCT**

5.      The Common Benefit Work Product shall include the materials in the Joint Document Depository that shall consist of, but are not limited to:

> a.  CD-ROMs reflecting searchable images of the key documents selected by the GCL Leadership from the document productions of the defendants and third-parties;
>
> b.  a bibliographic database providing a "coded" index of such key documents;
>
> c.  abstracts and subjective analyses of the depositions of each generally applicable fact witnesses and generic experts pursuant to this Order;
>
> d.  timelines, "casts of characters," issues outlines; and,
>
> e.  other work-product relating to the facts at issue in the litigation and reports of "generic experts."

3

## II.    GOVERNING LEGAL PRINCIPLE—THE COMMON BENEFIT DOCTRINE

6.    The governing legal principle supporting the entry of this Order is derived from the United States Supreme Court's Common Benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, *inter alia*, *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL context, in *inter alia*, *In re MGM Grand Hotel Fire Litigation*, 660 F. Supp. 522, 525-29 (D. Nev. 1987); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019-21 (5th Cir. 1977); and *In re: Diet Drugs (Phentermine/ Fenfluramine/ Dexfenfluramine) Prods. Liab. Litig.*, MDL No. 1203, 2001 WL 497313 (E.D. Pa. May 9, 2001). The Court notes that a review of the principle is commented on by the Honorable Eldon E. Fallon, United States District Court Eastern District of Louisiana in his article, Eldon E. Fallon, *Common Benefit Fees in Multidistrict Litigation*, 74 La. L. Rev. 371 (2014) (available at:http://digitalcommons.law.lsu.edu/lalrev/vol74/iss2/5) and that the mechanism for time and expense reporting has been commented on in an article by attorney Leonard A. Davis and certified accountant Philip A. Garrett in their article, Leonard A. Davis and Philip A. Garrett, *Case Time and Cost Management for Plaintiffs in Multidistrict Litigation*, 74 La. L. Rev. 483 (2014) (available at: http://digitalcommons.law.lsu.edu/lalrev/vol74/iss2/9).

7.    Nothing in this Order abrogates the entitlement of the GCL Leadership and those attorneys performing common benefit work at the request of the GCL Leadership to seek compensation through any means, including but not limited to an attorney's charging lien, for the benefits of their services to attorneys and parties including the benefits conferred by their preparation for and conduct of depositions of generally applicable fact witness and "generic"

4

expert witnesses retained by them; provided however, that any request for compensation shall be made pursuant to a Joint Petition for Fees and Expenses as and when authorized by the Court to be filed. The Court understands that litigations involving "GranuFlo" are pending in various state courts other than in Massachusetts, and that the plaintiff attorneys and litigants in those state court actions may obtain the benefit of the common benefit work performed in the GCL. To the extent such attorneys and parties obtain the common benefit work, and are not signatories to the *GranuFlo Attorney Participation Agreement* described below and attached hereto as Exhibit "A" hereto, the intent of this Order is that those attorneys and parties who obtain the common benefit work product shall nevertheless be subject to an Assessment (as described below in Section VII.) on their cases as described in this Order and any similar Order entered in the Massachusetts GranuFlo State Litigation. *See, e.g., In re Air Crash Disaster in Florida Everglades*, 549 F.2d 1006 (5th Cir. 1977); *Sprague v. Ticonic National Bank*, 307 U.S. 161, 166-167 (1939).

## III.  THE COMMON BENEFIT ACCOUNT TO BE ESTABLISHED AND DUTIES OF ADMINISTRATOR THEREOF

### A.  ESTABLISHING THE GRANUFLO COMMON BENEFIT ACCOUNT

8.  The Court hereby authorizes the establishment of a "*GranuFlo Common Benefit Account*" (hereinafter "*GranuFlo Account*" or sometimes referred to as the "*MDL2428 Fund*") for the purpose of effectuating the terms of this Order. This *Granuflo Account* is for the purpose of receiving the Assessments on cases and claims that are subject to this Order and the similar Order to be entered in the Massachusetts GranuFlo State Litigation, and on the cases and claims that are subject to the *Granuflo Attorney Participation Agreement* (described below and attached hereto as Exhibit "A"). This *Granuflo Account* is distinct from any accounts that the GCL Leadership may establish for the funding of the litigations.

5

## B. **APPOINTMENT OF THE ADMINISTRATOR OF THE GRANUFLO ACCOUNT**

9.      The GCL Leadership has advised the Court that it has preliminarily retained Philip
A. Garrett, CPA to establish the case time and cost management procedures and process for this
litigation, and that pursuant to that retention, Mr. Garrett has begun to collect information from
attorneys about their work and expenses in this litigation. The GCL Leadership has represented
that Mr. Garrett is well qualified to perform the case time and cost management functions in that he
has been previously appointed to do the same in other MDL cases such as *Vioxx, Propulsid,
Chinese Drywall* and *BP Oil Spill.* The GCL Leadership has also advised that Mr. Garrett has
served as the administrator of other MDL assessment accounts. The Court has reviewed the article
cited above that was co-authored by Mr. Garrett and attorney Leonard A. Davis relating to case
time and cost management, and the article authored by the Honorable Eldon E. Fallon relating to
common benefit fees, and finds those articles informative on the matters of reporting common
benefit time and expenses, the creation of an MDL assessment account and its management, and
the appointment of an administrator for an MDL assessment account. The Court notes that the
Motion filed by the PEC for the establishment of the *GranuFlo Account* included a copy of Mr.
Garrett's current curriculum vitae, which the Court has reviewed. The Court is satisfied that Mr.
Garrett is qualified and able to perform the case time and cost management functions and to serve
as the administrator of the *GranuFlo* Account to be established by this Order. Accordingly, the
Court appoints Philip A. Garrett, CPA as Administrator of the *GranuFlo Account*
("Administrator"), and the Court directs the Administrator to establish an insured, interest-bearing
account to receive the funds to be administered as the *GranuFlo Account,* and to hold those funds
subject to the control of this Court. No disbursement of any money from the *GranuFlo Account*
shall be made unless ordered by this Court. The Court also approves the GCL Leadership's prior

6

preliminary retention of Mr. Garrett to perform the case time and cost management functions for plaintiffs in this case and confirms that appointment and directs Mr. Garrett to continue performing the function of case time and cost management functions.

## C. **ADMINISTRATION OF THE GRANUFLO ACCOUNT**

10.     The *GranuFlo Account* shall be administered in accordance with this Order and subsequent Orders that may be entered by the Court. The *GranuFlo Account* shall be established at a commercial bank that the Administrator shall select, which shall be the "Escrow Agent" to hold the funds, subject to the requirements described in this Order.

11.     The funds deposited into the *GranuFlo Account* shall be the Assessment (as defined hereinafter in Section VII) funds on cases and claims that are subject to this Order, the similar Order of the Massachusetts GranuFlo State Litigation, and on the cases and claims of attorneys who have signed the *Granuflo Attorney Participation Agreement* (as described hereinafter in Section IV.A). The funds held in the *Granuflo Account* are subject to the direction of this Court and no disbursement shall be made from the *Granuflo Account* other than by Order of this Court pursuant to a Joint Petition that shall be filed of record requesting an award of fees and reimbursement of expenses from the *Granuflo Account.* No Joint Petition shall be filed without leave of Court.

12.     No party or attorney has any right to make any claim against any of the amounts held in the *GranuFlo Account* except to the extent this Court issues an Order directing the disbursement of any amounts to such a person, attorney or law firm, and in such case, the rights of any such party, attorney, person or law firm are limited to the amount Ordered by the Court to be so disbursed to that particular party, attorney, person or law firm. The amounts held in the *GranuFlo Account* shall not constitute the separate property of any party or attorney or law firm

7

nor be subject to garnishment or attachment for the debts of any party or attorney or law firm: provided, however, that as to amounts that may be ordered by the Court to be disbursed to a party or attorney or law firm, that upon the entry of such an Order, the specific amounts so ordered to be disbursed can then be subject to garnishment or attachment for the debts of the party or attorney or law firm that the Court's Order identified for the disbursement, limited to the amount of the disbursement so ordered. These limitations do not preclude a party or attorney or law firm from transferring, assigning, or creating a security interest in potential disbursements from the *GranuFlo Account* to which such party or attorney or law firm may be entitled as determined by the Court, if permitted by applicable state laws and if subject to the conditions and contingencies of this Order; provided, however, that no notice of lien or security interest in said potential disbursements or of a transfer or assignment of a right of said potential disbursements shall be effective except upon a filing of such a notice of lien or security interest in this Court, or upon notice of lien or security interest served upon the Administrator of the *GranuFlo Account*.

13. In connection with his services, the Administrator of the *GranuFlo Account* shall:

   a. Have all such power and authority over the *GranuFlo Account* as necessary or convenient to exercise the authority granted herein;

   b. Keep and report periodically to this Court as and to the extent requested by the Court, an accounting of the funds received, maintained and disbursed relating to the *GranuFlo Account*;

   c. Have the authority to instruct the Escrow Agent with respect to permitted investments of the *GranuFlo Account*;

   d. Make decisions and take action with respect to treatment of the *GranuFlo Account* for purposes of compliance with the Internal Revenue Code and any applicable local or state tax codes, including creating reports, maintaining and reporting relating to the *GranuFlo Account* and its income if any, derived therefrom, and as in a Qualified Settlement Fund (QSF) or such other entity as he deems appropriate;

   e. Out of the assets of the *GranuFlo Account*, purchase and maintain reasonable amounts and types of insurance for errors and omissions or fidelity bonds;

8

      f.   To procure, upon consultation with the MDL PEC and the PSC of the Massachusetts GranuFlo State Litigation, professional accounting, legal and other services for the purposes of carrying out the tasks described in this Order, and to be reimbursed for the expenses of such services; and,

      g.  To adopt and implement reasonable procedures consistent with this Order and in consultation with the MDL PEC and the PSC of the Massachusetts GranuFlo State Litigation.

14.     Unless otherwise agreed to by Defendants and the GLC, details of any individual settlement agreement, individual settlement amount and individual amounts deposited into escrow shall be confidential and shall not be disclosed by the Administrator of the *GranuFlo Account* to GCL Leadership, the Court, or the Court's designee, unless the Court requests that it receive that information in camera. Monthly statements from the Administrator shall, however, be provided to GLC leadership and the Court (if requested by the Court) showing only the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance."

## D. **REQUIREMENTS OF THE ESCROW AGENT**

15.     The Escrow Agent shall be a commercial bank which: (1) has deposits insured by the Federal Deposit Insurance Corporation; (2) is organized under the laws of the United States or any state thereof; and (3) has a total risk-based capital in excess of $5 billion and meets the minimum risk-based ratios established under the Federal Deposit Insurance Corporation Improvement Act of 1991. The Escrow Agent may act as paying agent, depository, custodian or trustee with respect to funds it holds.

16.     The Administrator of the *GranuFlo Account* shall consider, in designating the Escrow Agent and in procuring professional services, the charges that the Escrow Agent or provider of professional services will impose for its actions and the ability of the Escrow Agent or

9

provider of professional services to undertake the tasks called for with efficiency and responsiveness.

17.     The Escrow Agent shall not acquire or hold for longer than 90 days, any debt securities, certificates or investments unless such instruments are a U.S. Treasury Bill, U.S. Treasury Money Market, U.S. Government Money Market or similar type of account guaranteed by the United States or an agency thereof, including an FDIC-Insured Account. The U.S. Treasury Money Market or U.S. Government Money Market must be registered under the Investment Company Act of 1940, as amended. In determining investments to be held by the Escrow Agent, primary regard shall be given by the Escrow Agent to safety of principal.

18.     In connection with their services, the reasonable fees and reasonable expenses of the Administrator and the Escrow Agent shall be considered items that shall be chargeable against the *GranuFlo Account.* However, until this Court permits the filing of a Joint Fee Petition for approval of fees and expenses to be paid from the *GranuFlo Account,* the reasonable fees and reasonable expenses of the Administrator and Escrow Agent shall be paid by the GCL Leadership as one of the Shared Common Benefit Expenses. The Administrator and Escrow Agent shall each provide to each of the PEC of this MDL and the Mass-PSC their statements for their reasonable fees and reasonable expenses charged on a monthly basis. As and when this Court authorizes the filing of a Joint Fee Petition, the reasonable fees and expenses of the Administrator and Escrow Agent that were paid by the PEC of this MDL and the Mass-PSC may be included as items for reimbursement from the *GranuFlo Account.* The Joint Fee Petition shall include copies of the statements of the Administrator and Escrow Agent that had been submitted on a monthly basis to the PEC of this MDL and the Mass-PSC to support the request for reimbursement of such payments made by the GCL Leadership for which reimbursement is requested.

10

IV.  **ATTORNEY PARTICIPATION AGREEMENT AND
     ELIGIBLE PARTICIPATING COUNSEL**

A.  **PARTICIPATION AGREEMENT**

19.     A *GranuFlo Attorney Participation Agreement* (hereinafter "*Agreement*") attached

hereto as **Exhibit A** is approved by this Court for signature by attorneys for the purposes set forth

below.

20.     The Agreement attached hereto as Exhibit A can be entered into by plaintiffs'

attorneys on a voluntary basis. The *Agreement* is a private and cooperative agreement between the

GCL Leadership and plaintiffs' attorneys only. It is not an agreement with any of the named

Defendants in the GCL.

21.     The PEC has advised that all members of the PEC and the PSC of this MDL have

agreed to be deemed signatories to the *Agreement* and that all of their cases and claims of clients

they represent in GranuFlo litigation, whether filed in this MDL, unfiled, tolled or filed in any state

court are subject to an assessment.

22.     Further, this Court has been advised that the Massachusetts State Court Leadership

(the Mass-PSC) deem themselves signatories to the *Agreement* regardless of whether they have

physically signed the *Agreement* and that all of their cases and claims of their clients, whether filed

in this MDL, filed in Massachusetts state court, unfiled, tolled or filed in any other state court are

subject to an assessment. This Court expects that an Order will be entered in the Massachusetts

GranuFlo State Litigation that provides that each member of the Mass-PSC is deemed to be a

signatory to the *Agreement*.

23.     Plaintiffs' attorneys who execute the *Agreement*, or who are deemed signatories to

the *Agreement* under Paragraphs 21 or 22 above, are hereinafter referred to as "Participating

11

Counsel." Plaintiffs' attorneys who do not execute the *Agreement* and who are not deemed signatories to the *Agreement* under Paragraphs 21 or 22 above are hereinafter referred to as "Non-Participating Counsel."

24.     Participating Counsel who execute the *Agreement* (including the GCL Leadership and the PSC of this MDL all of whom are deemed to have executed the *Agreement*) shall be entitled to access to the common benefit work for use in all of the cases/claims of their clients, whether the case/claim has been filed in a court or not, and if filed, for use in any court in which it was filed even if not filed in this MDL or in the Massachusetts GranuFlo State Litigation, and for use for the benefit of non-filed claims, including those for which a tolling agreement exists. All claims/cases of a counsel who has executed the *Agreem*ent shall be assessed whether the claim/case has or had not been filed, and all claims/cases in which a counsel who has executed the *Agreement* has a fee interest shall be assessed.

25.     Non-Participating Counsel—who do not execute the *Agreement* and who are not deemed to have executed the *Agreement*—shall have no right of access to the common benefit work product. However, in the event it is determined that such counsel in some or any fashion benefitted from the Common Benefit Work Product or the administrative functions of the GCL Leadership, then all cases and claims of clients of such counsel, whether filed or not, shall be subject to the Assessment described in this Order. It is deemed that the fair liquidated damages for such unauthorized use of the Common Benefit Work Product is equal to the Assessment percentage being set by this Order on the cases and claims that shall be assessed pursuant to the *Agreement*, and in addition, the Court will consider an application by the GCL Leadership for payment of its fees and costs to enforce this Order with respect to any unauthorized procurement of the Common Benefit Work Product and/or the unauthorized use of the Common Benefit Work

12

Product. This Paragraph does not affect Defendants' responsibility to withhold or pay the Assessment as explained hereinafter in Section VIII and does not create any obligation on the part of Defendants to withhold or pay the Assessment for cases and claims of Non-Participating Counsel who are later "determined [to have] benefitted from the Common Benefit Work Product or the administrative functions of the GCL Leadership" within the meaning of this Paragraph.

26.     The PEC of this MDL may periodically request that attorneys who are subject to the assessment to provide a list of all cases filed, no matter in what jurisdiction, and a list of all claims of clients represented or in which they have a fee interest whether the case is filed or not or on a tolling agreement or not, so that the PEC may be able to keep track of all cases and claims that are subject to the Assessment.

## V.     ELIGIBILITY TO MAKE APPLICATION FOR COMMON BENEFITS FUNDS

27.     "Eligible Participating Counsel" is defined to be all members of the GCL Leadership, the PSC of this MDL and any other plaintiffs' attorneys who voluntarily sign the *Agreement*.-An attorney can be eligible to be included in a Joint Fee Petition only if the attorney's cases and the claims of all of the attorney's clients whether filed or not are subject to the Assessment.

28.     A Joint Petition for an Award of Fees and Reimbursement of Expenses from the *GranuFlo Account* shall be made to this Court if and when this Court authorizes the filing of such a Joint Petition. Only Eligible-Participating Counsel shall have a right to request inclusion in the Joint Petition for an award of fees and reimbursement of expenses, subject to the requirement of this Order that to request inclusion in such a Joint Petition, the attorney must have performed common benefit work and incurred common benefit expenses and only the common benefit work

13

and common benefit expense incurred shall be included in the Joint Petition. In other words, if the attorney is not bound to the Assessment the attorney has no right to seek common benefit fees and common benefit expense reimbursement. To the extent an Eligible Participating Counsel disagrees with the manner and the extent to which they may be included or not included in a Joint Petition that is filed, they reserve their rights at that time to request leave of this Court to file a supplemental petition or objection to the Joint Petition to express any further information that they think is relevant to the matter and extent to which they are or are not included in the Joint Petition. No Counsel shall file any request for an award of fees or expenses from the *GranuFlo Account* other than as and when authorized by this Court.

## VI.    SCOPE OF ORDER

29.    This Order applies to cases and claims of injuries or death from the use of GranuFlo in dialysis treatment, or any claims for reimbursement emanating from those claims. Accordingly this Order applies to:

- a. All cases now or hereafter subject to the jurisdiction of this Court in this MDL 2428 litigation, regardless of whether the case is resolved while the case is pending before this Court, or is resolved after a remand from this Court to the transferor federal Court;

- b. All cases and/or claims settled pursuant to an MDL supervised Settlement Agreement between the parties, which would include cases in any state court and claims that are not filed but participate in the MDL supervised Settlement Agreement;

- c. All cases and/or claims of clients of any counsel who signed or who is deemed to have signed the *Agreement*, whether the case was filed or not, or tolled or not tolled, and/or all cases and/or claims of clients of counsel who received, used, or benefited from the Common Benefit Work Product.

## VII.   REPORTING OBLIGATIONS

30.    In order to facilitate the application of this Order in an accurate manner, within 20

14

days of the entry of this Order (or alternatively within 20 days after executing the Participation Agreement) Participating Counsel (as described by Paragraphs 21–23 of this Order) who are or become subject to an Assessment pursuant to the terms of this Order shall provide GCL Leadership with a list of their clients ("*Plaintiff client list*"). The "*Plaintiff client list*" shall identify all of the Participating Counsel's Granuflo / Naturalyte clients regardless of whether the client is represented in a case that was filed in a court or not (list in other words, Participating Counsel must include both filed and unfiled claims). To the extent the case has been filed in a court, the list shall identify the court and docket number for the filed cases, whether filed in the MDL or in state court. The purpose of this is so that the GCL Leadership will be able to provide to the Defendants' Liaison Counsel a list of Participating Counsel whose cases and claims are subject to this Order so that in the event of a resolution of a Participating Counsel's case or claim, the Defendants will be able to make the Assessment payment to the *GranuFlo Account*. Further, the list that the GCL Leadership shall compile shall also be provided to the Administrator of the GranuFlo Account, and as requested by the Court, to the Court or its designee. The GCL Leadership shall from time-to-time request an update of the "*Plaintiff client list*" and Participating Counsel shall be obligated to provide the requested updated "*Plaintiff client list*" on a timely basis as requested by the GCL leadership.

31.     Within 30 days of this Order, and then at least monthly thereafter, the GCL Leadership shall provide the Defendants' Liaison Counsel, the Administrator of the *Granuflo Account*, and the Court or its designee with a list of all Participating Counsel who have executed the *Agreement* pursuant to Paragraph 20 of this Order or who are deemed to have executed the Agreement pursuant to Paragraphs 21 and 22 of this Order ("*Participating Counsel List*"). All clients of those attorneys who appear on the "*Participating Counsel List*" shall be considered by

15

Defendants as being subject to an Assessment by the terms of this Order.

32.  Within 30 days of this Order and then at least monthly thereafter, Defendants shall provide the GCL Leadership, the Administrator of the *Granuflo Account*, and the Court or its designee with a list of all cases (1) filed in state court (other than Massachusetts), (2) served on Defendants, (3) not removed by Defendants, and (4) that allege injury caused by GranuFlo or NaturaLyte. Defendants' list shall include (1) the name of each plaintiff; (2) the name, address and email address (if known) of his or her attorney, if any, including all attorneys who appear as counsel of record on the Complaint (or initial pleading by another name); and (3) the court and civil number of the filed action.

33.  The GCL Leadership shall use the information supplied by Defendants pursuant to Paragraph 32 to contact individual plaintiffs' attorneys to inquire whether they intend to execute the *Agreement*. The GCL Leadership shall add any attorney who executes the Agreement to the "*Participating Counsel List*" described in Paragraph 31.

34.  In order to allow the GCL Leadership an opportunity to contact attorneys identified by Defendants pursuant to Paragraph 32 and inquire whether they intend to execute the *Agreement*, Defendants will not, for a period of 21 days, pay any settlement or judgment proceeds to a plaintiffs' attorney who appears on any version of Defendants' list of cases described in Paragraph 32 for the first time. After that 21-day period, Defendants shall be permitted to pay any settlement or judgment proceeds in accordance with the terms of Paragraph 40 of this Order.

35.  In the event there is a question or dispute as to whether a particular Plaintiff's Counsel should be on the "*Participating Counsel List*," the GCL Leadership shall seek to resolve the matter with the particular Plaintiff's Counsel informally, and if that is unsuccessful, upon

16

## VIII. ASSESSMENTS AND PAYMENTS INTO THE FUND

36.     For any attorney subject to an Assessment under the terms of this Order, the Assessment is owed on the "Gross Monetary Recovery" on all of that attorney's cases or claims. Defendants' responsibility to withhold or pay the Assessment in any particular case is governed by Paragraph 40.

37.     A "Gross Monetary Recovery" occurs when a plaintiff or his/her attorney(s) either agree or have agreed – for monetary consideration – to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages (hereinafter a "Settlement"), with respect to any GranuFlo claim.

38.     For any case or claim subject to an Assessment under the terms of this Order, the amount of the Assessment shall be nine percent (9%) of the Gross Monetary Recovery, or such other amount as ordered pursuant to Paragraph 44 of this Order. This total Assessment shall be provisionally allocated as seven percent (7%) to compensate for common benefit fees, and two percent (2%) to compensate for common benefit expenses, and is subject to the right of PEC of this MDL and the Mass-PSC to request reallocation of the nine percent (9%) total Assessment between fees and expenses at the time the application for disbursement is made.

39.     In measuring the Gross Monetary Recovery, it:

   a.   Includes all sums to be paid in settlement of the claim. To the extent the Plaintiff or claimant has a Medicare, Medicaid or other private lien asserted against the Plaintiff or claimant, and the lien is resolved from the funds recovered by the Plaintiff or claimant, then such amounts that are used to satisfy the lien are included as part of the Gross Monetary Recovery; and

   b.   Excludes court costs that are to be paid by Defendant(s); and

        c.  Includes the present value of any fixed and certain payments to be made in the future, such as those that come about as a result of a structured settlement of a claim.

40.     When paying any settlement or judgment proceeds to any Participating Counsel named on the "*Participating Counsel List*," Defendants will withhold and pay the Assessment directly into the *GranuFlo Account* as a credit against the Settlement or Judgment. When paying any settlement or judgment proceeds to any attorney not on the "*Participating Counsel List*," Defendants will not withhold or pay the Assessment.

41.     No order of dismissal of any plaintiff's claim shall be entered unless accompanied by a certification by Defendants' counsel that the Assessment, if applicable in accordance with the preceding Paragraph, will be withheld and will be deposited into the *GranuFlo Account* promptly.

42.     Upon payment of the Assessment into the *GranuFlo Account*, Defendants, the GCL Leadership, and its individual members shall be released from any and all liability to any person, attorney, or claimant with respect to the Assessment placed into the *GranuFlo Account*. Any person, attorney, or claimant allegedly aggrieved by an Assessment pursuant to this Order shall seek recourse as against the *GranuFlo Account* only, provided however, that notice and an opportunity to be heard shall be given to both the Defendants and the GCL Leadership.

43.     Upon Defendants' payment of settlement or judgment proceeds to any counsel pursuant to the terms of this Order – such that, in accordance with Paragraph 40, the Assessment is withheld and paid on cases and claims of attorneys on the "*Participating Counsel List*" and not on cases and claims of attorneys not on the "*Participating Counsel List*" – Defendants shall be released from any and all liability to any person, attorney, or claimant relating to any Assessment.

44.     This Assessment represents a hold back (*See, e.g., In re Zyprexa Prods. Liab. Litig.*, 467 F.Supp.2d 256, 266 (2d. Cir. 2006)) and shall not be altered in any way unless each of the following occurs: (1) the GCL Leadership is consulted and provided an opportunity to be heard at

18

a formally announced meeting prior to the filing of any motion to change the Assessment amount; (2) the GCL Leadership approves the proposed change to the Assessment by a majority vote; (3) a noticed motion (including notice to Defendant's Liaison Counsel) with an opportunity to be heard is granted by the Court, and (4) this Court, upon good-cause shown, amends this Order.

45. This Order shall in no way be read to affect or otherwise encumber any Defendants' obligation to pay attorneys' fees and costs pursuant to consumer fraud claims or other fee shifting statutes, if any, that may apply in this case.

46. Nothing in this Order is intended to impair the attorney/client relationship or any contingency fee contract deemed lawful by the attorneys' respective bar rules and/or state court orders.

47. In the event of a litigation-wide global settlement, and/or a partial or full inventory settlement with an individual law firm, or other settlement program with respect to the cases or claims in the GCL including a settlement program that also includes unfiled claims and/or cases filed in any state court, such as a global private settlement program, a settlement class action or any other form of a global settlement, nothing in this Order prohibits the MDL PEC or the Mass-PSC from applying to this Court for attorneys' fees and reimbursement of expenses at a percentage that is different from (greater or lesser) than the Assessment percentage described herein, *e.g.,* the nine percent (9%) Assessment, and in the event of any such litigation-wide/global settlement, the Court shall make a determination of the amount of fees and expenses to be awarded.

## IX. GUIDELINES REGARDING SUBMISSION AND COMPENSABILITY OF COMMON BENEFIT TIME AND EXPENSES

48. The following guidelines regarding the submission and compensability of Common Benefit time and expenses are adopted for the management of timekeeping, cost

19

reimbursement, and related Common Benefit issues. These guidelines will be strongly considered by this Court in approving the award of Common Benefit attorneys' fees and costs.

49.     Only Eligible Participating Counsel shall be entitled to apply for an award of Common Benefit attorneys' fees and cost reimbursements. Eligible-Participating Counsel must be authorized to have performed the Common Benefit work for which they seek compensation and be authorized to have incurred Common Benefit expenses prior to expending any time and expenses that they believe should constitute Common Benefit work or Common Benefit expenses. The PEC and the Mass-PSC are hereby deemed to be authorized to perform Common Benefit work and to incur Common Benefit expenses. In addition to the PEC and the Mass-PSC, Eligible Participating Counsel shall include those counsel (along with members of their firms and staff) who are approved and authorized by the PEC and/or the Mass-PSC to perform Common Benefit work and incur Common Benefit expenses and any other counsel who have been specifically approved by this Court as Eligible Participating Counsel.[1]

50.     Eligible Participating Counsel shall only be eligible to receive Common Benefit attorneys' fees and cost reimbursement if the time expended, costs incurred, and activity in question were: (a) for the Common Benefit; (b) appropriately authorized by the PEC and/or the Mass-PSC; (c) timely submitted; (d) verified and (e) approved by this Court. The procedures for submission of time and expenses shall be authorized by the PEC and/or the Mass-PSC and set forth in a manner consistent with standard operating practices and consistent with this Order. The Court has appointed Philip A. Garrett to assist the PEC and the Mass-PSC in establishing the time and expense reporting procedures and methods.

---

[1]Counsel should be warned that no application for approval to incur common benefit fees or expenses will be considered by this Court unless counsel have first applied to the PEC and/or the Mass-PSC for such approval and obtained such approval.

20

51.     Participating Counsel who seek to recover Court-awarded Common Benefit attorneys' fees and expenses in connection with this litigation shall keep a daily, contemporaneous record of their time and expenses, noting with specificity the amount of time, location (if relevant), and particular activity, along with brief note indicating the source of authorization for the activity in question.

52.     The Court is informed that the PEC and Mass-PSC have established with Mr. Garrett that Eligible Participating Counsel shall submit all time and expenses incurred prior to the date of this Order to Mr. Garrett and that the PEC and Mass-PSC have communicated to all Eligible Participating Counsel about the deadlines, how to report time and expenses and conducted a webinar about same. The Court understands that Mr. Garrett has established reporting criteria and a mechanism for receiving reports of time and expenses and to publish such information to the attorneys who will be reporting time and expenses as common benefit time and expenses for the case. The Court understands that the first report of time and expenses was due by July 15, 2014, and was to include all time and expenses incurred during the month of June, 2014. Further, the Court understands that for all historical time and expenses incurred by an Eligible Participating Counsel prior to June 2014, e.g., from the inception of time and expenses by an attorney until May 31, 2014, that all such time and expenses must be reported to Mr. Garrett by December 31, 2014. The Court accepts the action taken thus far by the PEC and Mass-PSC relating to time and expense reporting.

53.     Thereafter, Eligible Participating Counsel shall, by the fifteenth (15th) day of each month, submit to Mr. Garrett in accordance with the procedures he has established a report of their time and expense records as noted above for the preceding month.

21

54.     While the preceding paragraph requires the submission of time and expenses by the fifteenth (15th) day of the month following the month in which the time and expenses were incurred there shall be a grace period to make "untimely" reports to Mr. Garrett of six months after the month in which Common Benefit time and expenses were incurred. Any submissions that fail to meet this deadline may not be considered for Common Benefit time and Common Benefit expense compensation and reimbursement.

55.     The failure to secure authority from the PEC and/or the Mass-PSC to incur Common Benefit time and expenses and/or maintain and timely provide such records or to provide a sufficient description of the activity may be grounds for denying the recovery of Common Benefit attorneys' fees or expenses in whole or in part as to any such attorney who fails to follow these requirements.

### A. **COMMON BENEFIT EXPENSES**

#### 1)     **Qualified Expenses Eligible for Reimbursement**

56.     In order to be eligible for reimbursement of Common Benefit expenses from the *GranuFlo Account* said expenses must meet the requirements of this section. Specifically, said expenses must be (a) for the Common Benefit, (b) appropriately authorized by the PEC and/or the Mass-PSC (c) timely submitted, (d) verified and (e) approved by this Court.

#### 2)     **Common Benefit Expenses**

57.     Common Benefit Expenses may include, but are not limited to:

    a. Assessments paid for the operation of the GCL Leadership including costs related to obtaining, reviewing, indexing, and paying for hard-copies of computerized images of documents for defendant. These assessments are different than the Assessment that this Order provides for against cases and claims to fund the *GranuFlo Account*. The Court understands that the GCL Leadership will be periodically assessing their committee members to fund a joint operating account to pay for shared expenses. However such periodic assessments shall not be subject to reimbursement from the *GranuFlo Account* other than pursuant to a Joint Petition that shall be filed of record requesting an

award of fees and reimbursement of expenses from the *GranuFlo Account.* No Joint Petition shall be filed without leave of Court.

b. deposition and court reporter costs incurred for non-case specific depositions;

c. costs necessary for creation of a document depository, the operation and administration of the depository;

d. costs for the electronic storage, retrieval and searches of ESI;

e. certain Court filing and services costs for matters involving the MDL, and in state court in Massachusetts;

f. GCL Leadership group administration matters such as meetings, food, and conference calls;

g. reasonable travel expenses including lodging and meals, and expenses incurred in connections with GCL Leadership approved meetings, events, and other Common Benefit tasks;

h. legal and accountant fees;

i. expert witness and consultant fees and expenses;

j. paralegal fees;

k. investigator fees and expenses;

l. printing, copying, coding, scanning (out of house of extraordinary firm cost);

m. research by outside third-party vendors / consultants / attorneys;

n. common witness expenses including travel;

o. translation costs;

p. bank or financial institution charges, provided that all such work was conducted for the joint and Common Benefit of plaintiffs; and

q. Special master and/or mediator charges.

**3)** **Shared Common Benefit Expenses**

58. Shared Expenses are costs incurred for the Common Benefit of the GCL proceedings as a whole. Shared Expenses are costs that will be paid out of an account the PEC this MDL and the Mass-PSC will establish, and be funded by periodic contributions paid by all

members of the GCL Leadership and others as determined by the PEC of this MDL and the Mass-PSC and their designated subcommittees. All Shared Expenses must be approved by the PEC of this MDL and the Mass-PSC prior to payment. Shared Expenses shall be those common benefit expenses as identified in Paragraph 57 above.

### 4) Held Common Benefit Expenses

59.    Held Expenses are expenses that will be carried by each Eligible-Participating Counsel in the GCL and reimbursed as and when determined by the PEC of this MDL and the Mass-PSC and then approved by this Court. Held Expenses can also include reasonable unreimbursed and authorized Shared Expenses. Held Expenses are those that do not fall into the above Shared Expenses categories but are incurred for the benefit of all plaintiffs in general. No specific client-related expenses shall be considered as Held Expenses, except that expenses incurred for the Common Benefit as part of the bellwether trial process in the MDL and in the Massachusetts GranuFlo State Litigation actions may be considered for treatment as a Held Expenses. All expenses of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Expenses and qualify to be submitted for consideration by the PEC of this MDL and the Mass-PSC and the Court for future reimbursement from the *GranuFlo Account* or such other Account, as may be appropriate.

### 5) Travel Expense Limitations

60.    Only reasonable expenses will be reimbursed, except in extraordinary circumstances approved by the PEC of this MDL and the Mass-PSC. All travel reimbursements are subject to the following limitations:

> a.    Airfare- Only the price of a refundable coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will *not* be fully reimbursed, except for international flights, or as identified below, which requires prior approval by the PEC in order to be considered for reimbursement. Use of a

24

private aircraft will be reimbursed only to the extent of a refundable coach seat. If Business/First Class Airfare is used on domestic flights then the difference between the Business/First Class Airfare must be shown on the travel reimbursement form, and only the refundable coach fare will be will be reimbursed. Refundable Business/First Class Airfare will be reimbursed on domestic flights where the trip exceeds 4 hours in length.

b.  Hotel- Hotel room charges for the average available room rate of a business hotel, including the Hilton, Hyatt, Westin, Kimpton, Loews and Marriott families of hotels, in the city in which the stay occurred will be reimbursed. Luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel (as described above). In the event an attorney/paralegal who is traveling has an alternative facility in which to stay overnight(s), that person may submit as a common expense documentation of what the cost of the stay on the given night(s) would have been if the person had booked the LEAST EXPENSIVE business hotel at the location from among seven search results that are obtained using a hotel search engine such as Kayak or similar.

c.  Meals- Meal expenses must be reasonable.

d.  Cash Expenses- Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 for each day of a trip, as long as the expenses are properly itemized.

e.  Rental Automobiles- Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel.

f.  Mileage- Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently .56.5 cents per mile).

### 6)  **Non-Travel Limitations**

61.  All non-travel reimbursement are subject to the following limitations:

a.  Long Distance Telephone- Long distance telephone charges must be documented. Copies of the telephone bills must be submitted with notations as to which charges relate to the GCL. Submissions may be redacted to remove non-GCL related calls. Such charges should be reported at actual cost. Cellular charges will not be reimbursed.

25

b. <u>Shipping, Courier, and Delivery Charges</u>- All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

c. <u>Postage Charges</u>- A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

d. <u>Telefax Charges</u>- Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

e. <u>In-House Photocopy</u>- A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 25¢ per page.

f. <u>Computerized Research – Lexis/Westlaw</u>- Claims for Lexis or Westlaw, and other computerized legal research expenses that a firm allocates to the GCL, should be in the exact amount charged to the firm and paid by the firm for these legal research services. In other words, if a firm participates in some form of special or package pricing with Lexis or Westlaw or some other computerized legal research entity, then the amount that can be submitted for reimbursement shall be the amount that is calculated on the basis of the special or package pricing and not standard pricing. The submitting firm shall verify that the amount of expenses for computerized legal research that is submitted is based on the actual amount paid for such legal research and takes into account special or package pricing that the firm may have for its legal research services.

g. <u>Secretarial and Clerical Overtime</u>: Contemporaneous records should be maintained and submitted showing hours worked and specific common benefit project supported.

h. <u>Deposition Costs, Expert Witness Fees, and Exhibit Costs</u>: Fees and costs associated with pretrial discovery that are authorized by the MDL PEC and State Co-Lead Counsel will generally be paid directly by the GCL Leadership.

i. <u>Equipment Purchases</u>: Purchases of equipment are not to be claimed, absent special circumstances approved by the MDL PEC and State Co-Lead Counsel. Laptop computers purchased for and used by the individual attorneys and their staff, even if used primarily for this case, are not reimbursable.

j. <u>Monetary Sanctions</u>: No monetary sanction levied by the Court on any GCL Leadership shall be reported as an expense.

62. <u>Verification</u>:

a. <u>Certification</u>: The forms detailing expenses shall be certified by a senior partner in each firm attesting to the accuracy of the submissions.

26

b. Receipts: Attorneys shall keep receipts for all expenses. Credit-card receipts (not the monthly statements) are not an appropriate form of verification unless they are accompanied by a declaration from counsel that work was performed and paid for the Common Benefit. Hotel costs must be proven with full hotel invoice. The description of unclaimed expenses on the invoice may be redacted.

## B. COMMON BENEFIT WORK

63.     Unless specifically and explicitly authorized in writing, no time spent on developing or processing individual issues in any case for an individual client (Claimant) will be considered or should be submitted as Common Benefit Work. Time spent on any unauthorized work will not be compensable. Duplicative work may not be approved for compensation.

64.     Common Benefit Work may include, but is not limited to:

a.  investigation and research;

b.  conducting discovery (*e.g.* reviewing, indexing, and coding documents);

c.  drafting and filing pleadings, briefs, and pre-trial motions, and orders;

d.  preparation and attendance at non-case specific depositions;

e.  preparation for and attendance at State and Federal Court hearings;

f.  attendance at GCL Leadership sponsored meetings and addressing lawyers on the status of the litigation;

g.  other GCL Leadership activities, including work on the Discovery, Science, Experts, Law & Briefing, Document Review and similar Committees;

h.  work with expert witnesses;

i.  trial preparation and trial;

j.  performance of administrative matters, provided that all such work was conducted for the joint and Common Benefit of plaintiffs; and

k.  work performed as part of the bellwether trial process in the MDL and in the Massachusetts GranuFlo State Litigation actions may be considered as Common Benefit work.

## X.     EVALUATION OF COMMON BENEFIT TIME AND EXPENSES AND COURT APPROVAL REQUIRED FOR ANY DISBURSEMENT FROM THE *GRANUFLO ACCOUNT*

## A. DISBURSEMENTS FROM THE *GRANUFLO ACCOUNT* FOR COMMON BENEFIT WORK

65.     No disbursements shall be made from the *Granuflo Account* other than pursuant to an Order of this Court upon the filing of a Joint Petition for an Award of Fees and Reimbursement of Expenses. The Court shall set the time for the filing of any such Joint Petition.

66.     At the appropriate time, and assuming that Judge Kirpalani enters an Order similar to this Order to govern the Massachusetts GranuFlo State Litigation, this Court plans to consult with Judge Kirpalani about the appointment of a Common Benefit Fee and Expense Committee. This Court expects to ask GCL Leadership (the PEC of this MDL and the Mass-PSC) to formulate rules for the composition of the Common Benefit Fee and Expense Committee and for the development of guidelines and criteria that will be utilized in connection with recommendations that will be made to this Court to govern the content of the Joint Petition for an Award of Fees and Reimbursement of Expenses including the evaluation of all of the time and expense submissions that were made to Mr. Garrett. This Court will enter an Order in the future relating to these issues.

67.     This Court retains jurisdiction over any Common Benefit award; and in furtherance of state-federal cooperation, this Court may seek input from state court judges, including the coordinating judge in Massachusetts.

**IT IS SO ORDERED.**

**DOUGLAS P. WOODLOCK,**
**UNITED STATES DISTRICT JUDGE**

*January 12, 2015*



28