# EXHIBIT 11

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

MAY 14 2015

Sherri R. Carter, Executive Officer/Clerk
By: Aldwin Lim, Deputy

1
2
3
4
5
6
7
8    SUPERIOR COURT OF THE STATE OF CALIFORNIA
9    FOR THE COUNTY OF LOS ANGELES
10

| | |
|---|---|
| 11  COORDINATION PROCEEDING<br>SPECIAL TITLE [RULE 3.550]<br>12 | JUDICIAL COUNCIL COORDINATION<br>PROCEEDING NO. 4775 |
| 13  **RISPERDAL AND INVEGA PRODUCT**<br>**LIABILITY CASES** | **CASE MANAGEMENT ORDER NO. 8**<br>**RE COMMON BENEFIT** |
| 14 | |
| 15  THIS DOCUMENT RELATES TO: | |
| 16  *ALL CASES* | |
| 17 | |

18          THE COURT FINDS THAT GOOD CAUSE EXISTS to enter an Order that provides for

19   the fair and equitable sharing among plaintiffs in this Coordinated Proceeding (*Risperdal and*

20   *Invega Product Liability Cases*, JCCP 4775) and any other plaintiffs and claimants who are

21   subject to this Order, and their counsel, of the costs and expenses incurred and services performed

22   by attorneys acting at the direction of the Plaintiffs' Co-Lead and Co-Liaison Counsel ("PCLC")

23   for the common benefit of all such plaintiffs and claimants. Accordingly, the Court issues this

24   Order to establish a monetary fund that will pay for and/or reimburse the expenses and fees for

25   legal services that have been and/or will be incurred at the direction and authorization of the PCLC

26   for the common benefit of such plaintiffs and claimants in the event of a judgment in their cases or

27   settlement of their claims.

28

1.     This Court has authority under applicable law, the Common Fund doctrine and other principles of equity, and its inherent powers to manage this litigation in an efficient and equitable manner for the benefit of plaintiffs, to create a common fund from any and all judgments or settlements resulting from this litigation to reimburse the expenses and fees for legal services incurred in the creation of such fund. (*See Serrano v. Priest* (1977) 20 Cal.3d 25, 34-35 (citing *Alyeska Pipeline Co. v. Wilderness Society* (1975) 421 U.S. 240, 257); Cal. Rules of Court 3.504 and 3.541(a)(4); *Abelson v. National Union Fire Ins. Co.* (1994) 28 Cal.App.4th 776, 780; *McGhan Med. Corp. v. Superior Court* (1992) 11 CalApp.4th 804, 812; *see also In re Vioxx Products Liability Litigation* (E.D. La. 2010) 760 F.Supp.2d 640, 647-48.

2.     This Order applies to plaintiffs in all cases now pending, or later filed in, transferred to, or removed to this Court and treated as part of this Coordinated Proceeding, and to their counsel, and to all plaintiffs' and claimants' cases maintained by such counsel in accordance with paragraph 5 below. Said plaintiffs and claimants and their counsel shall be referred to as a "Participating Case." This Order further applies to all plaintiffs from other non-California proceedings and to all other claimants who voluntarily submit to this Court's jurisdiction or agree to be bound by the terms of this Order, and to their counsel. All such plaintiffs and claimants, and their counsel, to whom this Order applies also shall be included and referred to herein as a "Participating Case." Furthermore, all counsel in a Participating Case shall be referred to herein as "Participating Counsel."

3.     The PCLC shall establish a Plaintiffs' Common Benefit Assessment Account ("Trust Account"), which shall be a qualified settlement fund, account or trust or sub-account thereof established by the PCLC and held through an appropriate depository or financial institution. The funds held in the Trust Account will not constitute the separate property of any party or attorney and are not subject to garnishment or attachment for the debts of any party or attorney except when and as directed to be disbursed to a specific person as provided by this Order or subsequent Court Order. For accounting purposes, the Trust Account shall hold both "Expense Funds" and "Legal Fees Funds" derived from contributions from all settlement or judgment proceeds as set forth in Paragraph 4.

1      4.     Each Participating Case in which a judgment is entered or in which a settlement is

2 reached shall be assessed for common benefit work and costs a total of eight percent (8%) of the

3 amount of the gross judgment or settlement, respectively. The common benefit assessment shall be

4 based upon the gross proceeds of the judgment or settlement, respectively, including the present

5 cash value of any payment that is structured in whole or in part. Two percent (2%) of each

6 assessment shall be allocated to pay and/or reimburse the expenses that have been and/or will be

7 incurred at the direction and written authorization of the PCLC for the common benefit of

8 Plaintiffs in JCCP 4775 (the "Expense Funds"). The other six percent (6%) of each assessment

9 shall be allocated to pay and/or reimburse fees for legal services that have been and/or will be

10 provided by attorneys acting at the direction and written authorization of Co-Lead Counsel for the

11 common benefit of Plaintiffs in JCCP 4775 (the "Legal Fees Funds"). All expenses and legal

12 service shall be at the direction of and written authorization of Co-Lead Counsel in order to be

13 considered for reimbursement from these funds. The 2% assessment for common benefit costs

14 will be deducted from the settlement or judgment proceeds for the clients and the 6% assessment

15 for common benefit fees will be deducted from the individual law firm's attorney fee percentage

16 with its client.

17      5.     The assessment of eight percent (8%) as outlined in paragraph 4 shall apply to

18 plaintiffs and claimants in all cases maintained or held by or associated with a law firm or

19 attorney's practice, whether filed or unfiled, settled or resolved by any firm with at least one (1)

20 Participating Case. The Court shall have jurisdiction to assess the Participating Cases, including

21 all such other plaintiffs' and claimants' cases, whether filed or unfiled, that are maintained or held

22 by or associated with any law firm or attorney with at least one (1) Participating Case.

23      6.     All proceeds from any settlement or judgment for any Participating Case shall be

24 deposited by the payor directly into the Trust Account established by the PCLC. On such date

25 agreed by the parties, or as soon as practicable if no such date has been agreed upon, the

26 depository or financial institution administering the Trust Account shall forward to Participating

27 Counsel for the Participating Case the proceeds of the settlement or judgment attributable to the

28 Participating Case after deducting the assessed percentages for the Expense Funds and Legal Fees

1   Funds, which shall remain in the Trust Account until disbursed under the provisions of this or any

2   subsequent Order. Any plaintiff/claimant or their counsel for a Participating Case may apply to

3   this Court for an alternative manner of payment of the assessment amount.

4        7.    The PCLC may apply to the Court for an additional common benefit assessment,

5   against all Participating Cases that are pending at the time of such an application, including if

6   additional funds are needed for reimbursement of the expenses that have been and/or will be

7   incurred at the direction of the PCLC for the common benefit of Plaintiffs in JCCP 4775, which

8   shall be granted upon a showing of good cause.

9        8.    The PCLC shall exercise its reasonable discretion to distribute the Expense Funds

10   in the Trust Account on an ongoing basis, when such funds are present in such account, to pay for

11   and/or reimburse the expenses that have been and/or will be included at the direction and written

12   authorization of Co-Lead Counsel for the common benefit of Plaintiffs in JCCP 4775. If any of

13   the Expense Funds remain in the Trust Account after all of the Participating Cases have been

14   resolved and dismissed, such remaining funds shall be reimbursed on a *pro rata* basis to all

15   plaintiffs and claimants that paid a common benefit assessment, minus any reasonable

16   administrative fees paid to the PCLC or to those who performed such work at their direction, and

17   after reimbursement of the Plaintiffs' Steering Committee cost assessments, as determined upon

18   further application to the Court and by Court order. The PCLC will provide the Court with an

19   accounting, under seal, of the Expense Fund in the Trust Account upon request of the Court.

20        9.    The PCLC shall apply to the Court at a time that it deems appropriate for the

21   Court's permission to distribute the Legal Fees Funds in the Trust Account and the manner in

22   which to distribute them. The PCLC shall not distribute any of the Legal Fees Funds without a

23   Court Order expressly permitting such a distribution. Participating Counsel are eligible for

24   reimbursement for time and efforts expended for common benefit work, if said time and efforts are

25   (a) for the common benefit, (b) were at the direction of and written authorization by the Co-Lead

26   Counsel, and (c) ultimately approved by the Court. Participating Counsel shall maintain

27   appropriate documentation and records of their time and expenses as set forth in the guidelines

28   attached hereto at Exhibit 1 and incorporated herein. The PCLC may develop and circulate to

1   Participating Counsel additional guidelines and criteria for time and expenses that are eligible for

2   compensation from the common benefit Trust Account.

3         10.    The PCLC shall maintain in JCCP 4775 a periodic accounting of the aggregate

4   common benefit lodestar incurred as potential claims against the Trust Account (including the

5   Expense Funds and Legal Fees Funds) and the expenses that have been incurred for the common

6   benefit of all Plaintiffs in this proceeding.  The periodic accounting shall be maintained as part of

7   the joint prosecution of the Participating Cases and constitute Plaintiffs' work product.

8   Reasonable work required to maintain the JCCP 4775 accounting will be compensable as common

9   benefit work, so long as it meets the criteria set forth in this Order and Exhibit 1.

10         11.    There will be no requirement for the Participating Cases included in JCCP 4775 or

11   cases that are subject to this Order to pay a common benefit assessment in any other state or

12   federal coordinated proceeding or comply with any assessment order in such litigations.

13

14   IT IS SO ORDERED:

15   Date: 5 / 14 , 2015            By: _____

16                                      Hon. William F. Highberger

                                   Judge of the Superior Court

17

18

19

20

21

22

23

24

25

26

27

28

CASE MANAGEMENT ORDER NO. 8 RE COMMON BENEFIT

*In re Risperdal and Invega Product Liability Cases*
JCCP 4775

<u>**EXHIBIT 1 TO CASE MANAGEMENT ORDER NO. 8 RE COMMON BENEFIT**</u>

Below are guidelines regarding the submission and compensability of common benefit
time and expenses. The recovery of common benefit attorneys' fees and cost reimbursements
will be limited to "Eligible Counsel." "Eligible Counsel" for the purposes of these guidelines
shall be defined as the Court-appointed Plaintiffs' Co-Lead and Co-Liaison Counsel ("PCLC"),
Plaintiffs' Steering Committee (along with members of their firms and their staff) and any other
counsel authorized by the PCLC who desire to be considered for common benefit compensation.

Eligible Counsel shall only be eligible to receive common benefit attorneys' fees and cost
reimbursement if the time expended, costs incurred and activity in question were (a) for the
common benefit, (b) at the direction of and appropriately authorized by the PCLC in accordance
with the Court's Order re common benefit, (c) timely submitted, and (d) approved by this Court.
Eligible Counsel who seek to recover Court-awarded common benefit attorneys' fees and
expenses in connection with this litigation, should the litigation result in the creation of a fund
from which common benefit fees and expenses can be awarded, shall keep a daily
contemporaneous record of their time and expenses, noting with specificity the amount of time,
location (if relevant), and particular activity along with confirmation that authority was obtained
to have undertaken that common benefit effort. Such counsel shall, by the 15th day of each
month, submit to James Skorheim, CPA at RisperdalTime@skorheim.com (Skorheim &
Associates, AAC; 28202 Cabot Road, Suite 300; Laguna Niguel, California 92677; (949) 365-
5680), a report of their time and expense records as noted above for the preceding monthly
period in the attached format (see Exhibit A). By June 30, 2015, submissions shall be made for
all time incurred after January 1, 2014 and up to and including May 15, 2015. The failure to
secure PCLC authority to incur common benefit time and expenses, or maintain and timely
provide such records or to provide a sufficient description of the activity will be grounds for
denying the recovery of attorneys' fees or expenses in whole or in part.

The Court has been advised that these guidelines and the proposed Case Management
Order No. 8 re Common Benefit have been served on all counsel who represent plaintiffs in
JCCP 4775, and that no objection has been received. The Court has final, non-appealable
authority regarding the award of common benefit attorney fees and awards for cost

reimbursements in this matter. By submitting their time and expenses for reimbursement, Eligible Counsel knowingly and expressly waive any right to appeal those decisions, assert the lack of enforceability of this Order, or to otherwise challenge its adequacy. This agreement will be confirmed in writing with each month's time and expense submission. Any person who objects to the requirements of this Order must make objections within 14 days of completing the work contended to be for common benefit.

After the Court makes any final award of common benefit attorney's fees and costs, a Fee Committee composed of the PCLC ("Fee Committee") shall accept submissions from all attorneys seeking common benefit fees and expenses and who properly and timely submitted reports of their time and expense records as noted herein. The Fee Committee shall thereafter recommend an allocation of common benefit fees and expense reimbursements among those participating attorneys who submitted applications for such costs and fees. This recommendation will be submitted to the Court for review, consideration and a final non-appealable determination.

## EXPENSE LIMITATIONS

### A. Travel Held Expense Limitations

Only reasonable expenses will be reimbursed for travel related to common benefit matters performed at the direction of and authorized by the PCLC. Except in extraordinary circumstances approved by the PCLC, all travel reimbursements are subject to the following limitations:

    i. Airfare. Ordinarily only the price of a coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will not be fully reimbursed, except for international flights or cross-country flights, which requires prior written approval by PCLC. In the event non-coach air travel is utilized, the attorney shall be reimbursed only to the extent of the full coach fare if the full coach fare for that flight is contemporaneously documented. If non-coach, private or charter travel is elected, the applicant is required to submit what the full coach fare in effect at that time was, and that is all that can be reimbursed.

    ii. Hotel. Hotel room charges for the average available room rate of a business hotel, including the Hyatt, Hilton, Sheraton, Westin, and Marriot hotels, in the city in

2

which the stay occurred will be reimbursed. Luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.

iii. <u>Meals</u>. Meal expenses must be reasonable and receipts must identify the individual(s) for whom the meal reimbursement is requested.

iv. <u>Cash Expenses</u>. Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, etc.) will be reimbursed up to $30.00 per trip, as long as the expenses are properly itemized.

v. <u>Rental Automobiles</u>. Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel.

vi. <u>Mileage</u>. Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, reason for the trip, and the rate will be the maximum rate allowed by the IRS.

**B. <u>Non-Travel Held Expense Limitations</u>**

i. <u>Shipping, Overnight, Courier, and Delivery Charges</u>. All claimed common benefit shipping, overnight, courier or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

ii. <u>Postage Charges</u>. A contemporaneous postage log or other supporting documentation along with reference to the common benefit purpose must be maintained and submitted for common benefit postage charges. Such charges are to be reported at actual cost.

iii. <u>Telefax Charges</u>. Contemporaneous records should be maintained and submitted showing faxes sent and received for common benefit matters. The per-fax charge shall not exceed $1.00 per page.

v. <u>In-House Photocopy</u>. A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 20¢ per page.

vi. Computerized Research - Lexis/Westlaw. Claims for Lexis or Westlaw, and other computerized legal research expenses should be in the exact amount charged the firm and appropriately allocated for these research services. It is preferred that each firm track contemporaneously its computerized research work and charges in a manner that will identify the common benefit work, project, brief, and/or assignment associated with that computerized research work to any independent reviewer. Such work and expenses must be at the direction of and authorized by the PCLC.

## C. Common Shared Expenses

Common shared expenses including expenses paid to third party vendors, experts and consultants and other such expenses may not be reimbursed unless they have been incurred at the direction of, and authorized by, at least two members of the PCLC. Members of the PCLC and Plaintiffs' Steering Committee may maintain a separate cost assessment fund for payment and reimbursement of such expenses, and may prepare separate guidelines and processes for incurring and paying costs from such fund at their discretion.

## D. Verification

The forms detailing expenses shall be certified by a senior partner in each firm attesting to the accuracy of the submissions. Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification so long as accompanied by a declaration from counsel that work was performed and paid for the common benefit. Monthly credit card statements are appropriate if they provide sufficient itemized detail to comply with these guidelines and the Court's Order. Hotel costs must be proven with the full hotel invoice. The description of unclaimed expenses on the invoice may be redacted.

## COMMON BENEFIT WORK

## A. Authorization for Compensable Common Benefit Work

Authorized Common Benefit Work must be at the direction of and authorized by at least two members of the PCLC. Unless specifically and explicitly authorized in writing, no time spent on developing or processing individual issues in any case for an individual client (plaintiff or claimant) will be considered or should be submitted, nor will time spent on any unauthorized work.

Examples of authorized work that generally would be authorized by the PCLC and examples of what would be considered unauthorized work include but are not limited to:

4

i. <u>Depositions</u>. Eligible Counsel may attend any deposition space permitting; however, if such counsel has not been designated as one of the authorized questioners or otherwise authorized to attend the deposition by the PCLC, your time and expenses shall not be considered common benefit work, but rather considered as attending on behalf of such counsel's individual clients.

ii. <u>Periodic JCCP Conference Calls</u>. These calls may be held from time to time so that individual attorneys are kept up-to-date on the status of the litigation, and participation by listening to such calls is not common benefit work. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, and that is a reason to listen in on those calls. The PCLC, PSC and attorneys designated by the PCLC are working for the common benefit consistent with their leadership responsibilities by keeping other lawyers and pro se plaintiffs informed and educated about the litigation, and their time will be considered for common benefit.

iii. <u>Periodic Status Conferences</u>. Regular status conferences are held so that the litigation continues to move forward and legal issues are resolved with the Court. Individual attorneys are free to attend any status conference held in open court in order to keep up-to-date on the status of the litigation and participation, but attending and listening to such conferences by non-PCLC/PSC members is not common benefit work. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients. Mere attendance at a status conference will not be considered a common benefit expense or common benefit time. The attorneys designated by PCLC to address issues that will be raised at a given status conference or requested by PCLC to be present at a status conference are working for the common benefit and their time will be considered for common benefit. Similarly, any attorney whose attendance at a status conference is specifically requested by the Judge in that case may submit their time to the Fee Committee for evaluation as to whether such time shall be considered common benefit time.

iv. <u>Committee Meetings or Calls</u>. During committee phone calls or other meetings there is a presumption that only one participant per firm will qualify for common benefit time, unless otherwise authorized by the PCLC.

v. <u>Identification and Work Up of Experts</u>. Eligible Counsel are encouraged to identify experts in consultation with the PCLC. If Eligible Counsel travels to and retains an expert without the knowledge and approval of the PCLC, they understand that their time and expenses may not be eligible for common benefit expenses/work.

vi. <u>Attendance at Seminars</u>. Attendance at seminars (i.e. AAJ Section Meetings, Mass Tort Made Perfect, Harris Martin and similar seminars and CLE) does not qualify as common benefit work or a common benefit expense unless making presentations authorized by the PCLC. Although time spent attending PSC meetings at such seminars may be compensable, travel time and costs to and from seminars are not compensable unless separately approved by the PCLC.

vii. <u>Document Review</u>. Only document review specifically authorized by the PCLC and assigned to an attorney will be considered common benefit work. If an attorney elects to review documents that have not been assigned to that attorney by the PCLC, or are otherwise not reviewed at the direction of and authorized by at least two members of the PCLC, that review is not considered common benefit. Except in extraordinary circumstances, approved in writing by PCLC, only licensed attorneys may conduct common benefit document review. Descriptions associated with "document review" must contain sufficient detail to allow those reviewing the time entry to generally ascertain what was reviewed. For example, indicating the custodian, search query subject matters or number of document folders reviewed is the kind of description needed. If the document vendor retained for the case provides any report to Eligible Counsel about the time and/or substance of the document review work done, Eligible Counsel should bring any discrepancy to the attention of the PCLC or its designee within thirty days of receipt of such report. Failure to timely bring any claimed discrepancy to the attention will result in the compensable document review time being presumptively deemed that which was provided by the vendor.

viii. <u>Review of Pleadings and Orders</u>. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, and review of pleadings and orders is part of that obligation. Only those attorneys designated by PCLC to review or summarize those pleadings or orders for the JCCP are working for the common benefit and their time will be considered for common benefit. All other

6

counsel are reviewing those pleadings and orders for their own benefit and the benefit of their own clients, and the review is not considered common benefit.

ix. Emails. Time recorded for reviewing emails, and providing non-substantive responses, generally is not compensable unless germane to a specific task being performed by the receiving or sending attorney or party that is directly related to that email. Thus, for example, review of an email sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review emails to a larger group which involves a matter on which the recipient is not directly and immediately working. If time submissions are heavy on email review and usage with little related substantive work, that time may be heavily discounted or not compensated at all.

x. Review of Discovery Responses. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review discovery responses served in this litigation. Only those attorneys designated by the PCLC to review and summarize those discovery responses for the JCCP are working for the common benefit and their time will be considered for common benefit. All other counsel are reviewing those discovery responses for their own benefit and the benefit of their own clients, and the review is not considered common benefit.

xi. Other Jurisdictions. Time spent on litigating Risperdal cases and coordinations in other jurisdictions other than California will not be compensated unless specifically authorized by at least two members of the PCLC.

xii. Bellwether Trials. While the work-up of individual cases is not considered common benefit, in the event that a case is selected as part of a PCLC-approved bellwether trial process in the JCCP or participating state court proceedings, the time and expenses in trying the case (including work authorized by the PCLC as part of the approved bellwether process) may be considered for common benefit to the extent it complies with the other provisions of this Order and these guidelines. In the event Plaintiffs' Counsel are unsure if the action they are about to undertake is considered a

7

common benefit action, counsel shall ask the PCLC in advance as to whether such time may be compensable.

## B. Time Keeping and Submission of Time Records

All time must be authorized and accurately and contemporaneously maintained. Time shall be kept according to these guidelines as noted herein using the forms attached as Exhibit A. Time submission is limited to attorneys and paralegals who are employees of the law firm submitting time; no submission of time or costs for independent contractors or outside clerical or technical support without approval by at least two members of the PCLC will be permitted. Eligible Counsel shall keep a daily record of their time spent in connection with common benefit work on this litigation, indicating with specificity the hours, location (if relevant) and particular activity (such as "conducted deposition of John Doe."). Time entries that are not sufficiently detailed may not be considered for common benefit payments. All common benefit work time for each firm shall be maintained in a tenth-of-an-hour increment.

Firm Name:
Reporting Period:
Certified By:
Date Submitted:

Exhibit A
Risperdal JCCP 4775; Common Benefit Time Report

| Date | Detailed Description of Work Performed | Professional's Name | Professional Level (Drop Down) | Task Code (Drop Down) | Hours By 0.1 Increment | Work Assigned By or Approved By (Drop Down) |
|---|---|---|---|---|---|---|
| | | | Junior Partner (attorney under 10 years) | | | EG/MC |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| INSERT ROWS ONLY ABOVE THIS LINE | | | | | 0.00 | |

On behalf of myself, my law firm and any of our attorneys and staff submitting common benefit time and expenses, we hereby certify that we have read and agree to be bound by the terms and conditions contained in Case Management Order No. 8 re Common Benefit, and acknowledge and agree that the Court will have final, non-appealable authority regarding the award of fees, the allocation of those fees and awards for cost reimbursements, as well as any other matter addressed in said case management order, and expressly waive any right to appeal the Court's decisions regarding these issues.

Signature: _____                    Date: _____

1

2

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

3

4

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: Robinson Calcagnie Robinson Shapiro Davis, Inc., 19 Corporate Plaza Drive, Newport Beach, California 92660.

5

6

On May 21, 2015, I served the foregoing document described as:

7

**CASE MANAGEMENT ORDER NO. 8 RE: COMMON BENEFIT**

8

9

on interested parties in this action through the use of the California Risperdal Website maintained by Case Anywhere. I caused the foregoing document to be transmitted to Case Anywhere for electronic service in the following manner (check one box):

10

11

12

13

| X | I provided the document(s) listed above electronically to Case Anywhere through the Case Anywhere website pursuant to the instructions on that website. [The document will be deemed served on the date that it was uploaded to the website as indicated by the Case Anywhere system.]

14

15

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

16

Executed on this 21st day of May, 2015, at Newport Beach, California.

17

18

19

JENNIFER ROGERS

20

21

22

23

24

25

26

27

28

1