# EXHIBIT 18

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

IN RE NUVARING® PRODUCTS          )       4:08 MDL 1964 RWS
LIABILITY LITIGATION              )
                                  )       ALL CASES
                                  )
                                  )       Honorable Rodney W. Sippel

## AMENDED CASE MANAGEMENT ORDER NO. 3

## COMMON BENEFIT ORDER (ESTABLISHING COMMON BENEFIT FUND TO COMPENSATE AND REIMBURSE ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES INCURRED FOR MDL ADMINISTRATION AND OTHERWISE FOR PLAINTIFFS' GENERAL BENEFIT)

This Amended Order is entered pursuant to the Motion of the Plaintiff's Steering Committee ("PSC"), the effect of which is to amend Case Management Order No. 3 entered on December 9, 2009 (Doc. No.622). The instant Order shall provide for the fair and equitable sharing among Plaintiffs of the cost of special services performed and expenses incurred by attorneys acting for MDL administration and the common benefit of all plaintiffs in this complex litigation. This Court's authority derives from the Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, *inter alia*, *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1885); *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL context, in, *inter alia*, *In re MGM Grand Hotel Fire Litigation*, 660 F. Supp. 522, 525-29 (D. Nev. 1987); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019-21 (5th Cir. 1977).

Although this Court issues these guidelines at this juncture in the case, the Court expresses no opinion regarding whether payment of common benefit fees or expenses will ever become appropriate. The Court merely provides this guidance so that, should the issue become ripe, any attorneys applying for common benefit fees or expenses will have notice of the standards the Court will likely employ in assessing those applications. These guidelines are not meant to be exhaustive.

Any disputes arising under this Order, which cannot be resolved by agreement of Counsel, will be resolved by this Court, in the exercise of its jurisdiction under the equitable principles of the common fund/common benefit doctrine.

The Court Orders as follows:

## A. Common Benefit Fund to be Established

Plaintiffs' Liaison Counsel will establish an interest-bearing account named NuvaRing MDL 1964 Trust, "Schlichter, Bogard & Denton LLP f/b/o NuvaRing MDL Steering Committee" to receive and disburse funds as provided in this Order. These funds will be held as funds subject to the direction of the Court and are hereinafter referred to as the "common benefit fund." No party or attorney has any individual right to any of these funds, except to the extent of amounts directed to be disbursed to such person by order of the Court. These funds do not constitute the separate property of any party or attorney and are not subject to garnishment or attachment for the debts of any party or attorney except when and as directed to be disbursed as provided by court order to a specific person.

### 1. Assessments for the Common Benefit Fund.

a. All plaintiffs and their attorneys who either agree or have agreed to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a

2

judgment for monetary damages or other monetary relief, including compensatory and punitive damages, with respect to their claimed injuries alleged to be caused by NuvaRing are subject to an assessment of the total recovery as provided herein.

b. The amount of such assessment shall be on the gross total settlement or verdict and shall be eleven per cent (11%) as fees and shall be subtracted from the attorneys' fees portion of the individual fee contracts so that no individual Plaintiff is required to pay in attorneys' fees an amount greater than the individual fee contract, and four and one-half percent (4.5% as costs, which shall be subtracted from the client's portion of any recovery as set forth in the individual fee contracts.

c. Defendants are directed to withhold the amount of this assessment from any amounts paid to a plaintiff and her counsel, and to pay the assessment directly into the common benefit fund as a credit against the settlement or judgment, where the plaintiff's counsel has executed a Participation Agreement to cooperate with the MDL (Exhibit A – Participation Agreement). If, for any reason, the assessment is not or has not been so withheld, the plaintiff and her counsel are jointly responsible for paying the assessment into the common benefit fund promptly.

d. No orders of dismissal of any plaintiff's claim in which any recovery is received, and which is subject to this Order, shall be filed unless accompanied by a certificate signed by Plaintiffs' Liaison Counsel and Defendants' counsel that the assessment has been withheld and deposited into the common benefit fund.

e. This obligation attaches to cases, claims or attorneys within the full scope and extent of this Court's jurisdiction, including cases filed by such attorneys in New Jersey

3

State Court or any other state. This includes, but is not limited to, all claimed injuries alleged to be caused by NuvaRing including the following:

(1) Cases filed directly with this Court;

(2) Cases filed in any federal court in the United States transferred to or subject to transfer to this MDL Court;

(3) Cases filed in any state court in the United States which are removed to any federal court and which are transferred to or subject to transfer to this MDL, regardless of whether such case is later remanded to state court;

(4) All cases, clients or claims of any lawyer if that lawyer has at least one case identified in paragraphs (A)(1)(e) (1) through (3). This covers all cases, *including un-filed cases*, clients and claims of such lawyer, regardless of whether that lawyer is lead counsel on the case, is a referring lawyer, has a shared interest, or is otherwise to be paid any fee on such case, client or claim;

(5) All cases, clients and claims in which any PSC member has any fee interest of the kind described in paragraph (A)(1)(e)(4);

(6) All cases, clients and claims in which a lawyer has any fee interest of the kind described in paragraph (A)(1)(e)(4) where that lawyer has received any of the work product (as defined below) of the PSC;

(7) Before Defendant makes payment on any claim of injury alleged to be caused by NuvaRing, regardless of where that claim is venued and regardless of whether that claim is subject to a lawsuit, Defendants shall notify Plaintiffs' Liaison Counsel and the MDL Court of the proposed payment of that claim. The

MDL Court shall then determine whether such claim is subject to the assessment described in this Order.

f.     Any Plaintiffs' lawyer who chooses not to participate in the MDL, but who desires access to PSC work-product materials, including but not limited to work product portions of the document repository, shall be allowed access to such work product materials, under the conditions that such lawyer (a) signs the Participation Agreement with the PSC (a copy of which is attached hereto as Exhibit "A"), (b) sign whatever agreement is necessary to ensure that all confidential materials are held confidential, and (c) that such lawyer subject himself and all his cases, clients and claims to the assessment provisions of this Order. For purposes of this Order, "work product" includes, but is not limited to, all materials held in any document depository or document sharing structure maintained by the PSC, depositions taken in the MDL litigation, expert names and expert reports, briefs and such other materials that have been prepared by PSC members or those working under their direction. "Work product" does not include documents produced directly by Defendants to any non-participating Plaintiffs' lawyer.

## 2. Disbursements from Common Benefit Fund.

a. Upon Order of the Court, payments may be made from the fund to attorneys who provide services or incur expenses for the joint and common benefit of Plaintiffs in addition to their own client or clients. *This includes services performed by counsel in connection with cases pending in state court, provided the services rendered has been determined to be for the common benefit of the advancement of the litigation for other plaintiffs.* Attorneys eligible are limited to the PSC and other attorneys called upon by them to assist in performing their responsibilities. All time and expenses are subject to

5

proper and timely submission of contemporaneous records certified to have been timely received.

b. Payments will be allowed only to entities or individuals for services performed and to reimburse for expenses incurred, for the joint and common benefit of all plaintiffs.

c. Payment may, for example, be made for services and expenses related to the obtaining, reviewing, indexing, and payment for hard copies of computerized images of documents for the defendants; to conducting depositions; other activities that advance the litigation for the common benefit; and, to activities connected with the coordination of federal and state litigation. The fund will not, however, be used to pay for services and expenses primarily related to a particular case, such as the deposition of a treating physician, depositions of case-specific depositions, case-specific experts even if such activity results in some incidental and consequential benefit to other plaintiffs.

d. Payments will not exceed the fair value of the services performed (plus any court approved multiplier) or the reasonable amount of the expenses incurred, and, depending upon the amount of the fund, may be limited to a part of the value of such services and expenses.

e. No amounts will be disbursed without review and approval by the Court or such other mechanism as the Court may order. Defense Counsel shall provide at least quarterly notice to the Court or its designee of the names and docket numbers of the cases for which it has made an assessment. Details of any individual settlement agreement, individual settlement amount and individual amounts deposited into escrow shall be confidential and shall not be disclosed to the PSC. However, monthly statements from the escrow agent shall be provided to Plaintiffs' Liaison Counsel, Defense Liaison Counsel,

the Court, and any Court's designee showing only the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance.

f. If the fund exceeds the amount needed to make all payments as provided in this Order (for court approved costs, fees, and any court approved multiplier on any fees), the Court may order a refund to those who have contributed to the fund. Any such refund will be made in proportion to the amount of the contributions.

## B. Plaintiffs' Common Cost Fund and Submission of Time and Expense.

### 1. Plaintiffs' Counsel's Time and Expense Submissions.

Reimbursement for costs and/or fees for services of all Plaintiffs' counsel performing functions in accordance with this Order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

#### a. General Rules and Standards.

The following standards and procedures are to be utilized by any counsel who will seek fees and/or expense reimbursement.

(1) All time and expenses submitted must be incurred only for work authorized by Plaintiffs' Executive Committee ("PEC"). Time and expenses incurred prior to the formation of the MDL shall be considered to the extent it contributes to successful resolution of common liability, causation or damages issues or otherwise has advanced the litigation for the common benefit.

(2) These Time and Expense Guidelines are intended for all activities performed and expenses incurred by counsel that relate to matters common to all claimants in MDL No. 1964.

(3) Time and expense submissions must be made on the forms prepared by the PEC and pursuant to the protocols set forth in this Order and submitted to Plaintiffs' Liaison Counsel on such forms as designated by Plaintiff's Liaison Counsel.

(4) Each attorney submitting a time or expense submission shall be considered as representing to the Court, under oath, that the time and expense submitted meets the criteria set forth herein, and must be signed by a managing attorney.

(5) The Monthly Time and Expense Reports must be submitted no later than 15 days following the close of each month. All firms are required to submit past due Time and Expense Reports to the attention of Kristine K. Kraft no later than Februrary1, 2012. Thereafter, monthly Time and Expense Reports must be submitted to Kristine K. Kraft on the 15th day of each month.

(6) The Monthly Expense Reports must include accompanying copies of supporting receipts, logs or documentation that is the subject of the report.

b. **Compliance**. A failure to submit any of the monthly reports timely will result in partial or complete disallowance of claimed time or expenses.

## 2. Time Reporting

a. Only time spent on matters common to all claimants in MDL No. 1964 ("common benefit work") will be considered in determining fees. Common benefit work shall consist of work limited only to venous thrombotic and arterial thrombotic injuries associated with the use of NuvaRing. Common benefit work will not be authorized for time spent related to any other injury. No time spent on developing or processing

8

individual issues in any case for an individual client (claimant) will be considered or should be submitted. Time spent preparing for and conduct individual trials is not considered common benefit work.

b. All time must be accurately and contemporaneously maintained. Time shall be kept according to these guidelines set forth below. All counsel shall keep a daily record of their time spent in connection with common benefit work on this litigation, indicating with specificity the hours and particular activity.

c. All common benefit work time for each firm shall be maintained in at least quarter-of-an-hour increments, or smaller increments if the individual or firm regularly keeps time in smaller increments.

**3. Expense Reporting: Rules, Shared and Held Costs and Assessments.**

a. **Receipts**. Unless otherwise addressed below, each expense claim must be properly documented by a receipt or some other form of proof of payment acceptable for ultimate presentation and approval by the Court. Copies of receipts shall be submitted with the Expense Reports. Originals must be available for inspection upon request of Plaintiff's Liaison Counsel or the Court. Cash advances will not be considered for reimbursement without evidence of receipts to support the payment made.

b. **Shared & Held Costs**. Advanced costs will be deemed as either "Shared" or "Held."

(1) "Shared Costs" are costs that will be paid out of a separate Plaintiffs' Steering Committee MDL No. 1964 Fund account that has been established by Plaintiffs' Liaison Counsel in the name of Schlichter, Bogard & Denton, LLP f/b/o NuvaRing MDL Steering Committee and to be funded by all members of the

PSC and others as determined by the PSC. The PSC MDL No. 1964 Fund account will be administered by Plaintiffs' Liaison Counsel, Kristine K. Kraft.

(2) "Held Costs" are those that will be carried by each attorney in MDL No. 1964 and reimbursed as and when determined by the Fee Committee Members identified in the Plaintiffs' Executive Committee/Plaintiffs' Steering Committee Participation Agreement.

c. **Assessments**. Each firm that is a member of the PSC and PEC shall contribute to the Plaintiffs' Steering Committee MDL No. 1964 Fund at times and in amounts sufficient to cover Plaintiffs' expenses for the administration of the MDL. The timing and amount of each assessment will be determined by PEC and each assessment will be paid to Plaintiffs' Liaison Counsel. Failure to pay assessments may be grounds for suspension from the PSC or a position within the Plaintiffs' leadership structure in the litigation as well as a forfeiture of time and expenses incurred for the common benefit. Upon authorization by the Court for repayment of expenses, the assessments paid by the firms that are represented by PSC members and the PEC members as contributions for expenses incurred in the litigation, as described in this paragraphs, shall be reimbursed first.

d. **Shared Costs.**

(1) "Shared Costs" are costs incurred for the common benefit of the MDL as a whole. No client-related costs can be considered as Shared Costs. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify to be submitted and paid directly from the MDL account. All Shared Costs must be approved by PEC Shared Costs include:

10

(a) Court, filing and service costs common to all cases;

(b) Deposition and court reporter costs for the common benefit;

(c) Document Depository: creation, operation, staffing, equipment and administration;

(d) Plaintiffs' Liaison Counsel or PEC/PSC administrative matters, e.g., bank or financial institution charges, expenses for equipment, technology, courier services, long distance, telecopier, electronic service, photocopy and printing, secretarial/temporary staff, etc.);

(e) PEC/PSC group administration matters such as meetings and conference calls;

(f) Legal and accountant fees;

(g) Expert witness and consultant fees and expenses for the common benefit;

(h) Printing, copying, coding, scanning (out of house or extraordinary firm cost);

(i) Research by outside third party vendors/consultants/ attorneys;

(j) Common witness expenses including travel;

(k) Translation costs; and,

(l) Investigative service.

(2) Request for payments for any matters described must include sufficient information to allow the Plaintiffs' Liaison Counsel to account properly for costs and to provide adequate

11

detail to the Court. All requests shall be subject to review and approval by Plaintiffs' Liaison Counsel.

e. **Held Costs.**

(1) "Held Costs" are costs incurred for the common benefit of the MDL. Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the benefit of all plaintiffs in general. No specific client related costs can be considered as Held Costs. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Costs and qualify to be submitted for consideration by the PEC and the Court for future reimbursement. Held Costs will be reimbursed after all other costs have been reimbursed.

(2) Held Cost records shall be submitted pursuant to the protocols established above and, as with Shared Costs, request for payments for any matters described must include sufficient information to allow the Plaintiffs' Liaison Counsel to account properly for costs and to provide adequate detail to the Court. All requests shall be subject to review and approval by the Plaintiffs' Liaison Counsel.

f. **Travel Expense Limitations.** Except in extraordinary circumstances approved by the members of the PEC, all travel reimbursements are subject to the following limitations:

(1) Airfare. Only the price of a coach seat for a reasonable itinerary will be reimbursed.

12

(2) Hotel. Hotel room charges will be reimbursed up to the greater of (a) $300 per night excluding taxes or surcharges, or (b) the average available room rate of the Hyatt, Hilton, and Marriott hotels in that city.

(3) Meals. Meal expenses must be reasonable.

(4) Cash Expenses. Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

(5) Rental Automobiles. Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed.

(6) Mileage. Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS.

g. **Non-Travel Limitations.** The following apply:

(1) Long Distance and Cellular Telephone: Long distance and cellular telephone charges must be documented. Copies of the telephone bills must be submitted with notations as to which charges relate to MDL No. 1964.

(2) Shipping, Courier, and Delivery Charges: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

13

(3) Postage Charges: A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

(4) Telefax Charges: Contemporaneous records should be maintained and submitted showing faxes sent and received. The charge per fax shall not exceed $1.00 per page.

(5) In-House Photocopy: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 15¢ per page.

(6) Computerized Research – Lexis/Westlaw: Claims for Lexis, Westlaw, and other computerized legal research expenses should be in the exact amount charged to the firm for these research services.

(7) Equipment Purchases. Purchases of equipment, including laptop computer purchases for and utilized by the individual attorneys and their staff, even if used primarily for MDL No. 1964, are not to be claimed, absent special circumstances approved by Plaintiffs' Liaison Counsel.

### 4. Monitoring Time and Expenses.

The PEC shall monitor all time and expenses to ensure that the work being done is for common benefit purposes and is proper and reasonable. Any changes that may be needed to these protocols may be recommended to the Court by the PEC. Questions regarding these

guidelines or procedures or the completion of any forms should be directed to PEC (in the first
instance), and then to the Court only if there is an unresolved matter.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of December, 2011.