**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Shawn Grubb and Rachelle Grubb v. Monsanto Co.*,<br>Case No. 3:20-cv-09293-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs Shawn Grubb and Rachelle Grubb's Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Although many paragraphs in the Complaint allege exposure and/or use of Monsanto products by "Plaintiffs," Monsanto nevertheless responds to the allegations in those paragraphs as if they refer to plaintiff Shawn Grubb.  Silence as to any allegations shall constitute a denial.

      1.      Monsanto admits that plaintiffs purport to bring an action for damages and loss of consortium allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs.  Monsanto denies the remaining allegations in paragraph 1.

1      2.      Monsanto denies the allegations in paragraph 2.

2      3.      Monsanto denies the allegations in paragraph 3.

3      4.      The allegations in paragraph 4 set forth conclusions of law for which no response

4   is required.  To the extent a response is deemed required, Monsanto admits the allegations in the

5   first sentence of paragraph 4 based upon the allegations in plaintiffs' Complaint.

6      5.      Monsanto admits the allegations in paragraph 5.

7      6.      The allegations in the first sentence of paragraph 6 set forth conclusions of law for

8   which no response is required.  In response to the second sentence of paragraph 6, Monsanto

9   admits that it has sold Roundup®-branded products in Oklahoma.  In response to the remaining

10   allegations in paragraph 6, Monsanto denies certain events giving rise to plaintiffs' claims and

11   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

12   allegations regarding where certain other events giving rise to plaintiffs' claims occurred and

13   therefore denies those allegations.

14      7.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth

15   of the allegations in the first sentence of paragraph 7 and therefore denies those allegations.

16   Monsanto admits that plaintiffs purport to bring this lawsuit for damages allegedly related to

17   plaintiff Shawn Grubb's exposure to Roundup®-branded products but denies any liability to

18   plaintiffs.  Monsanto denies the remaining allegations in paragraph 7.

19      8.      The allegations in paragraph 8 comprise attorney characterizations and are

20   accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs

21   have a variety of separate and distinct uses and formulations.

22      9.      In response to the allegations in the first sentence of paragraph 9, Monsanto admits

23   that it is incorporated in Delaware and that it has done business, at various times, in Oklahoma

24   pursuant to its registration with the Oklahoma Secretary of State.  Monsanto admits the

25   allegations in the second sentence of paragraph 9.  The allegation in the last sentence of paragraph

26   9 sets forth a conclusion of law for which no response is required.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-09293-VC

10.     In response to the allegations in paragraph 10, Monsanto admits that it discovered the herbicidal properties of glyphosate and that it has manufactured Roundup®-branded herbicides.

11.     In response to the allegations in paragraph 11, Monsanto admits that it has advertised, promoted, marketed, and sold Roundup®-branded products throughout Oklahoma.

12.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies those allegations.

13.     The allegations in paragraph 13 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.     Monsanto admits the allegations in the first sentence of paragraph 15.  Monsanto denies the remaining allegations in paragraph 15.

16.     The allegations in paragraph 16 set forth conclusions of law for which no response is required.

17.     The allegations in paragraph 17 set forth conclusions of law for which no response is required.

18.     Monsanto admits that it is an agricultural biotechnology corporation.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 18 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

19.     Monsanto admits the allegations in paragraph 19.

20.     Monsanto admits the allegations in paragraph 20.

21.     In response to the allegations in paragraph 21, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 21 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-09293-VC

1   to form a belief as to the truth of the remaining allegations in paragraph 21 and therefore denies

2   those allegations.

3        22.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

4   The remaining allegations in paragraph 22 comprise attorney characterizations and are

5   accordingly denied.

6        23.     Monsanto admits the allegations in paragraph 23.

7        24.     Monsanto generally admits the allegations in paragraph 24, but denies the

8   allegations in paragraph 24 to the extent that they suggest that glyphosate is present in any plants

9   at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

10   the United States Environmental Protection Agency ("EPA").

11        25.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth

12   of the allegations in paragraph 25 and therefore denies those allegations.

13        26.     Monsanto admits that it has been the leading producer of seeds that contain the

14   Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve

15   a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form

16   a belief as to the accuracy of the specific numbers and statistics provided in the remaining

17   sentences of paragraph 26 and therefore denies those allegations.  Monsanto denies the remaining

18   allegations in paragraph 26.

19        27.     In response to the allegations in the first and second sentences of paragraph 27,

20   Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but

21   notes that Monsanto has not been the only manufacturer of glyphosate-based herbicides.

22   Monsanto admits the allegations in the third sentence of paragraph 27.  Monsanto lacks

23   information or knowledge sufficient to form a belief as to the truth of the remaining allegations in

24   paragraph 27 and therefore denies those allegations.

25        28.     In response to the allegations in paragraph 28, Monsanto admits that Roundup®-

26   branded products have been used by farmers for approximately 40 years.  Monsanto denies that

27   Roundup®-branded products have dangerous or carcinogenic properties and denies the remaining

28   allegations in paragraph 28.

29.     The allegations in paragraph 29 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 29.

30.     In response to the allegations in paragraph 30, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 30 set forth conclusions of law for which no response is required.

31.     The allegations in paragraph 31 set forth conclusions of law for which no response is required.

32.     In response to the allegations in paragraph 32, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Oklahoma for sale and distribution.

33.     In response to the allegations in paragraph 33, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 33 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 33 set forth conclusions of law for which no answer is required.

34.     Monsanto denies the allegations in paragraph 34 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 34 set forth conclusions of law for which no response is required.

35.     In response to the allegations in paragraph 35, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  The remaining allegations in paragraph 35 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

36.     In response to the allegations in paragraph 36, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.   The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

1   any further answer.  The remaining allegations in paragraph 36 are vague and conclusory and

2   comprise attorney characterizations and are accordingly denied.

3          37.    In response to the allegations in paragraph 37, Monsanto admits it entered into an

4   assurance of discontinuance with the New York Attorney General.  The assurance speaks for

5   itself and thus does not require any further answer.  The remaining allegations in paragraph 37 are

6   vague and conclusory and comprise attorney characterizations and are accordingly denied.

7          38.    Monsanto denies the allegations in paragraph 38.

8          39.    In response to the allegations in paragraph 39, Monsanto admits that the French

9   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

10  that it "left the soil clean," but denies the allegations in paragraph 39 to the extent that they

11  suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause

12  cancer.  Monsanto denies the remaining allegations in paragraph 39.

13         40.    Monsanto denies the allegations in paragraph 40.

14         41.    In response to the allegations in paragraph 41, Monsanto states that the cited

15  document speaks for itself and does not require a response.  To the extent that the allegations in

16  paragraph 41 go beyond a restatement of the cited document, Monsanto lacks information or

17  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 41

18  and therefore denies those allegations.

19         42.    Monsanto admits the allegations in paragraph 42.

20         43.    In response to the allegations in paragraph 43, Monsanto states that the cited

21  document speaks for itself and does not require a response.  To the extent that the allegations in

22  paragraph 43 go beyond a restatement of the cited document, Monsanto lacks information or

23  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 43

24  and therefore denies those allegations.  In addition to the conclusions in the two EPA OPP reports

25  and the EPA CARC Final Report discussed above, other specific findings of safety include:

26      • "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that
           shows evidence of non-carcinogenicity for humans—based on the lack of
27         convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate:
           Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
28         http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 43.

44.     Monsanto states that the term "toxic" as used in paragraph 44 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in paragraph 44.

45.     Monsanto admits the allegations in paragraph 45.

46.     In response to the allegations in paragraph 46, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004. To the extent that paragraph 47 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 47.

48.     In response to the allegations in paragraph 48, Monsanto states that these documents speak for themselves and do not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 48.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-09293-VC

49.     In response to the allegations in paragraph 49, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 49 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 49.

50.     Monsanto denies the allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 51 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 52 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 52.

53.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 53.

54.     Monsanto denies the allegations in paragraph 54.

55.     Monsanto denies the allegations in paragraph 55.

56.     Monsanto denies the allegations in paragraph 56.

57.     Monsanto denies the allegations in paragraph 57.

58.     Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling.  Monsanto denies the remaining allegations in paragraph 58.

59.     Monsanto denies the allegations in paragraph 59.

60.     In response to the allegations in paragraph 60, Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge

1    sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 and

2    therefore denies those allegations.

3        61.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

4    of the allegations in paragraph 61 and therefore denies those allegations.  Monsanto denies that

5    glyphosate met the criteria necessary to be eligible for review.

6        62.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

7    of the allegations in paragraph 62 and therefore denies those allegations.  Monsanto denies that

8    glyphosate met the criteria necessary to be eligible for review.

9        63.    In response to the allegations in paragraph 63, Monsanto admits that in March

10   2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that

11   IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining

12   allegations in paragraph 63 are vague and conclusory and comprise attorney characterizations and

13   are accordingly denied.

14       64.    In response to the allegations in paragraph 64, Monsanto admits that the full IARC

15   Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph

16   purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining

17   allegations in paragraph 64, Monsanto states that the document speaks for itself and does not

18   require a response.  To the extent that a response is deemed required, the remaining allegations in

19   paragraph 64 comprise attorney characterizations and are accordingly denied.

20       65.    In response to the allegations in paragraph 65, Monsanto states that the document

21   speaks for itself and does not require a response.  To the extent that a response is deemed

22   required, the allegations in paragraph 65 comprise attorney characterizations and are accordingly

23   denied.

24       66.    In response to the allegations in paragraph 66, Monsanto states that the document

25   speaks for itself and does not require a response.  To the extent that a response is deemed

26   required, the allegations in paragraph 66 comprise attorney characterizations and are accordingly

27   denied.

28       67.    Monsanto denies the allegations in paragraph 67.

1     68.     The allegations in paragraph 68 comprise attorney characterizations and are

2   accordingly denied.

3     69.     Monsanto admits the allegations in paragraph 69.

4     70.     In response to the allegations in paragraph 70, Monsanto states that the cited

5   document speaks for itself and does not require a response.  To the extent that paragraph 70

6   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

7   paragraph 70.

8     71.     In response to the allegations in paragraph 71, Monsanto admits that certain

9   studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

10  under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

11  evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

12  animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

13  paragraph 71.

14    72.     The allegations in paragraph 72 are vague and ambiguous and are accordingly

15  denied.

16    73.     In response to the allegations in paragraph 73, Monsanto states that the cited

17  document speaks for itself and does not require a response.

18    74.     In response to the allegations in paragraph 74, Monsanto states that the cited

19  document speaks for itself and does not require a response.  To the extent that paragraph 74

20  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

21  paragraph 74.

22    75.     Monsanto denies the allegations in paragraph 75.

23    76.     In response to the allegations in paragraph 76, Monsanto states that the cited

24  document speaks for itself and does not require a response.  Monsanto otherwise denies the

25  allegations in paragraph 76.

26    77.     In response to the allegations in paragraph 77, Monsanto admits that there is no

27  reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-09293-VC

and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto

otherwise denies the allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     In response to the allegations in paragraph 81, Monsanto admits that in 1985 EPA

reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the

remaining allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto admits the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto admits the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     In response to the allegations in paragraph 94, Monsanto admits that independent

experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity

in glyphosate and Roundup®-branded products and admits that it has made statements reflecting

this fact.  Monsanto denies the remaining allegations in paragraph 94.

95.     In response to the allegations in paragraph 95, Monsanto admits that Roundup®-

branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the

product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 95.

96.     In response to the allegations in paragraph 96, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

97.     In response to the allegations in paragraph 97, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO has found and declared glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 97.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto denies the allegations in paragraph 99.

100.    Monsanto denies the allegations in paragraph 100.

101.    Monsanto denies the allegations in paragraph 101.

102.    Monsanto denies the allegations in paragraph 102.

103.    Monsanto denies the allegations in paragraph 103.

104.    Monsanto denies the allegations in paragraph 104.

105.    Monsanto denies the allegations in paragraph 105.

106.    Monsanto denies the allegations in paragraph 106.

107.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107 and therefore denies those allegations.

108.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 108 and therefore denies those allegations.

109.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 109 and therefore denies those allegations.

110.    Monsanto denies the allegations in paragraph 110.

111.    Monsanto incorporates by reference its responses to paragraphs 1 through 110 in response to paragraph 111 of plaintiffs' Complaint.

1    112.    Monsanto denies the allegations in the first sentence of paragraph 112.  In

2  response to the remaining allegations in paragraph 112, Monsanto states that the cited document

3  speaks for itself and does not require a response.

4    113.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

5  exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph

6  113.  Monsanto states, however, that the scientific studies upon which IARC purported to base its

7  classification were all publicly available before March 2015.

8    114.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

9  exposed plaintiff to risk of plaintiff's alleged cancer.  Monsanto denies the remaining allegations

10  in paragraph 114.  Monsanto states, however, that the scientific studies upon which IARC

11  purported to base its classification were all publicly available before March 2015.

12    115.    Monsanto denies the allegations in the first sentence of paragraph 115.  The

13  remaining allegations in paragraph 115 set forth conclusions of law for which no response is

14  required.  Monsanto states, however, that the scientific studies upon which IARC purported to

15  base its classification were all publicly available before March 2015.

16    116.    In response to the allegations in paragraph 116, Monsanto denies that it engaged in

17  the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific

18  evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto

19  states, however, that the scientific studies upon which IARC purported to base its classification

20  were all publicly available before March 2015.  The remaining allegations in paragraph 116 set

21  forth conclusions of law for which no response is required, consist of attorney characterizations

22  and are accordingly denied, or comprise allegations for which Monsanto lacks information or

23  knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore

24  denies those allegations.

25    117.    Monsanto incorporates by reference its responses to paragraphs 1 through 116 in

26  response to paragraph 117 of plaintiffs' Complaint.

27    118.    The allegations in paragraph 118 set forth conclusions of law for which no

28  response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-09293-VC

119.     Monsanto denies the allegations in paragraph 119.

120.     Monsanto denies the allegations in paragraph 120.

121.     Monsanto denies the allegations in paragraph 121, including each of its subparts.

122.     Monsanto denies the allegations in paragraph 122.

123.     Monsanto denies the allegations in paragraph 123.

124.     Monsanto denies the allegations in paragraph 124, including each of its subparts.

125.     Monsanto denies the allegations in paragraph 125.

126.     Monsanto denies the allegations in paragraph 126.

127.     Monsanto denies the allegations in paragraph 127.

128.     Monsanto denies the allegations in paragraph 128.

129.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 129 and therefore denies those allegations.

130.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 130.

131.     Monsanto incorporates by reference its responses to paragraphs 1 through 130 in response to paragraph 131 of plaintiffs' Complaint.

132.     Monsanto denies the allegations in paragraph 132.

133.     Monsanto denies the allegations in paragraph 133.

134.     Monsanto denies the allegations in paragraph 134.

135.     Monsanto denies the allegations in paragraph 135.

136.     Monsanto incorporates by reference its responses to paragraphs 1 through 135 in response to paragraph 136 of plaintiffs' Complaint.

137.     In response to the allegations in paragraph 137, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used Roundup®-branded products and therefore denies that allegation.  Monsanto denies the remaining allegations in paragraph 137.

138.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 138 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-09293-VC

1    139.    Monsanto denies the allegations in paragraph 139.

2    140.    Monsanto denies the allegations in paragraph 140.

3    141.    Monsanto denies the allegations in paragraph 141.

4    142.    Monsanto denies the allegations in paragraph 142, including each of its subparts.

5    143.    Monsanto denies the allegations in paragraph 143.

6    144.    In response to the allegations in paragraph 144, Monsanto denies that Roundup®-

7    branded products have "dangerous characteristics."  Monsanto lacks information or knowledge

8    sufficient to form a belief as to the truth of the remaining allegations in paragraph 144 and

9    therefore denies those allegations.

10    145.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

11    of the allegations in paragraph 145 and therefore denies those allegations.

12    146.    Monsanto denies the allegations in paragraph 146.

13    147.    The allegations in the first sentence of paragraph 147 set forth conclusions of law

14    for which no response is required.  Monsanto denies the remaining allegations in paragraph 147.

15    148.    Monsanto denies the allegations in paragraph 148.

16    149.    Monsanto denies the allegations in paragraph 149.

17    150.    Monsanto denies the allegations in paragraph 150.

18    151.    Monsanto denies the allegations in paragraph 151.

19    152.    Monsanto denies the allegations in paragraph 152.

20    153.    Monsanto denies the allegations in paragraph 153.

21    154.    Monsanto denies the allegations in paragraph 154.

22    155.    Monsanto denies the allegations in paragraph 155.

23    156.    Monsanto denies the allegations in paragraph 156.

24    157.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

25    of the allegations in paragraph 157.

26    158.    Monsanto incorporates by reference its responses to paragraphs 1 through 157 in

27    response to paragraph 158 of plaintiffs' Complaint.

28    159.    Monsanto denies the allegations in paragraph 159.

1   160.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

2   of the allegations in paragraph 160 and therefore denies those allegations.

3   161.   Monsanto denies the allegations in paragraph 161.  All labeling of Roundup®-

4   branded products has been and remains EPA-approved and in compliance with all federal

5   requirements under FIFRA.

6   162.   Monsanto denies the allegations in paragraph 162.

7   163.   Monsanto denies the allegations in paragraph 163.  All labeling of Roundup®-

8   branded products has been and remains EPA-approved and in compliance with all federal

9   requirements under FIFRA.

10   164.   Monsanto denies the allegations in paragraph 164.  All labeling of Roundup®-

11   branded products has been and remains EPA-approved and in compliance with all federal

12   requirements under FIFRA and with Oklahoma law.

13   165.   Monsanto denies the allegations in paragraph 165 to the extent that they suggest

14   that:  (a) the labeling of Roundup®-branded products could have or should have been amended to

15   provide a carcinogenicity warning; and/or (b) the labeling of Roundup®-branded products did not

16   include sufficient warnings.  EPA repeatedly has concluded that a carcinogenicity warning is not

17   appropriate or required for glyphosate-based herbicides, and all labeling of Roundup®-branded

18   products has been and remains EPA-approved and in compliance with all federal requirements

19   under FIFRA.

20   166.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

21   of the allegations regarding plaintiff's use history in paragraph 166 and therefore denies those

22   allegations.  Monsanto denies the remaining allegations in paragraph 166.

23   167.   The allegations in paragraph 167 set forth conclusions of law for which no

24   response is required.

25   168.   Monsanto denies the allegations in paragraph 168.

26   169.   Monsanto denies the allegations in paragraph 169.

27   170.   Monsanto denies the allegations in paragraph 170.

28   171.   Monsanto denies the allegations in paragraph 171.

1   172.   Monsanto denies the allegations in paragraph 172.

2   173.   Monsanto denies the allegations that Roundup®-branded products are defective

3   and accordingly denies the allegations in paragraph 173.

4   174.   The allegations in paragraph 174 set forth conclusions of law for which no

5   response is required.

6   175.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

7   of the allegations in paragraph 175 and therefore denies those allegations.

8   176.   Monsanto denies the allegations in paragraph 176.

9   177.   Monsanto denies the allegations in paragraph 177.

10   178.   Monsanto denies the allegations in paragraph 178.

11   179.   Monsanto denies the allegations in paragraph 179.

12   180.   Monsanto denies the allegations in paragraph 180.

13   181.   Monsanto denies the allegations in paragraph 181.

14   182.   Monsanto incorporates by reference its responses to paragraphs 1 through 181 in

15   response to paragraph 182 of plaintiffs' Complaint.

16   183.   Monsanto denies the allegations in paragraph 183.  Additionally, the allegations in

17   the last sentence in paragraph 183 set forth conclusions of law for which no response is required.

18   184.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

19   of the allegations in paragraph 184 concerning the plaintiff's claimed use of Roundup®-branded

20   products and therefore denies those allegations.  The remaining allegations in paragraph 184 set

21   forth conclusions of law for which no response is required.

22   185.   The allegations in paragraph 185 set forth conclusions of law for which no

23   response is required.

24   186.   Monsanto denies the allegations in paragraph 186.

25   187.   The allegation in paragraph 187 regarding a purported implied warranty sets forth

26   a conclusion of law for which no response is required.  Monsanto lacks information or knowledge

27   sufficient to form a belief as to the truth of the remaining allegations in paragraph 187 and

28   therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-09293-VC

188.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 188 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies the allegations in paragraph 188.

189.    Monsanto denies the allegations in paragraph 189.

190.    Monsanto denies the allegations in paragraph 190.

191.    Monsanto denies the allegations in paragraph 191.

192.    Monsanto denies the allegations in paragraph 192.

193.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 193 and therefore denies those allegations.

194.    The allegations in paragraph 194 set forth conclusions of law for which no response is required.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.    Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and

1    instructions, in accordance with the state of the art and the state of scientific and technological
2    knowledge.

3          5.    Plaintiffs' claims are barred, in whole or in part, because the products at issue were
4    not defective or unreasonably dangerous in that they complied with, at all relevant times, all
5    applicable government safety standards.

6          6.    Any claims based on allegations that Monsanto misled, defrauded, made
7    misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.  *See*,
8    *e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*
9    *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

10         7.    Plaintiffs' claims are preempted, in whole or in part, by applicable federal law
11   relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,
12   processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

13         8.    Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings
14   that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product
15   labeling.

16         9.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary
17   jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

18         10.   Plaintiffs' claims are barred, in whole or in part, because plaintiff's injuries, if any,
19   were the result of conduct of plaintiff, independent third parties, and/or events that were
20   extraordinary under the circumstances, not foreseeable in the normal course of events, and/or
21   independent, intervening and superseding causes of the alleged injuries, including but not limited
22   to plaintiff's pre-existing medical conditions.

23         11.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j and
24   k, bar plaintiffs' claims in whole or in part.

25         12.   Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or
26   in part.

27         13.   Plaintiff's misuse or abnormal use of the product or failure to follow instructions
28   bar plaintiffs' claims in whole or in part.

14.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Oklahoma Constitution, and/or other applicable state constitutions.

19.     Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Oklahoma law and/or other applicable state laws.

20.     Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

21.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

22.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate damages.

23.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

1    24.    Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs

2 receive from collateral sources.

3    25.    If plaintiffs have been injured or damaged, no injuries or damages being admitted,

4 such injuries were not caused by a Monsanto product.

5    26.    Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws

6 of states that do not govern plaintiffs' claims.

7    27.    Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that

8 are governed by the laws of a state that does not recognize, or limits, such claims.

9    28.    Monsanto hereby gives notice that it intends to rely upon such other defenses as

10 may become available or apparent during the course of discovery and thus reserves its right to

11 amend this Answer to assert such defenses.

12    **WHEREFORE**, Defendant Monsanto demands judgment in its favor and against

13 plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such

14 other relief as the Court deems equitable and just.

15

16                                **JURY TRIAL DEMAND**

17    Monsanto demands a jury trial on all issues so triable.

18 DATED:  January 15, 2021                    Respectfully submitted,

19

20                                             /s/ Joe G. Hollingsworth
                                               Joe G. Hollingsworth (*pro hac vice*)
21                                             (jhollingsworth@hollingsworthllp.com)
                                               Eric G. Lasker (*pro hac vice*)
22                                             (elasker@hollingsworthllp.com)
                                               HOLLINGSWORTH LLP
23                                             1350 I Street, N.W.
                                               Washington, DC  20005
24                                             Telephone:  (202) 898-5800
                                               Facsimile:   (202) 682-1639
25
                                               *Attorneys for Defendant*
26                                             *MONSANTO COMPANY*

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:20-cv-09293-VC