1  **SHOOK, HARDY & BACON, LLP**
   Anthony R. Martinez
2  amartinez@shb.com
   2555 Grand Blvd.
3  Kansas City, MO 64108
   Telephone: (816) 474-6550
4  Facsimile: (816) 421-5547

5  *Attorney for Defendant*
   *MONSANTO COMPANY*

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 ) ) Case No. 3:16-md-02741-VC ) |
| THIS DOCUMENT RELATES TO: | ) **DEFENDANT MONSANTO COMPANY'S** ) **OPPOSITION TO PLAINTIFF'S MOTION** |
| *John Schafer v. Monsanto Company* Case No. 3:19-cv-02169-VC | ) **TO QUASH DEPOSITION OF DR. DANIEL** ) **FRANK** ) |
| | ) Date: *to be decided* ) Time: *to be decided* ) Courtroom: 4 |

**ISSUES TO BE DECIDED**

Defendant Monsanto Company ("Monsanto") submits the following Opposition to Plaintiff's Motion to Quash the February 4, 2021 deposition of Plaintiff's treating oncologist, Dr. Daniel Frank. Plaintiff's motion should be denied, and Monsanto should be permitted to take Dr. Frank's deposition—which was previously rescheduled and then unilaterally cancelled by counsel for Plaintiff—as noticed. When scheduling this deposition for a third time, Monsanto was informed by counsel for Dr. Frank that his department has been short-staffed due to the COVID-19 pandemic, and that his first availability would be February 4, 2021, which is 20 days after the close of fact discovery. After confirming that date with a member of Plaintiff's counsel's law firm, Monsanto filed the deposition notice that Plaintiff now seeks to quash. Monsanto has been diligent in its efforts, and Plaintiff will not be prejudiced in any way by allowing Monsanto to take Dr. Frank's deposition a few days after the close of fact discovery. While unlikely, any potential impact on Plaintiff will be negated by Monsanto's offer to let Plaintiff supplement his expert reports for Plaintiff John Schafer, if necessary, in light of Dr. Frank's testimony.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On March 12, 2020, Dr. Frank's deposition was noticed for April 22, 2020. *See* Declaration of Anthony R. Martinez in Opposition of Plaintiff's Motion to Quash (hereinafter "Decl."), Ex. 1. On March 25, 2020, in light of the national emergency and recent declarations, the parties postponed all Roundup depositions scheduled through April 9, 2020. Decl., Ex. 2. On March 26, 2020, Monsanto and Plaintiff's counsel cancelled Dr. Frank's deposition due to the increasing incidence of the novel coronavirus SARS-CoV-2 ("COVID-19"). Decl., Ex. 3. Dr. Frank's deposition was then rescheduled to occur virtually on July 28, 2020. Decl., Ex. 4. On July 23, 2020, with just five days' notice, counsel for Plaintiff unilaterally cancelled that deposition. Decl., Ex. 5.

On December 9, 2020, the Court entered a revised Scheduling Order for Wave II, which set January 15, 2021 as the deadline for the close of fact discovery. *See* Case No. 3:16-md-02741-VC, ECF No. 12198. On December 23, 2020, counsel for Dr. Frank advised that his first availability to sit for a deposition would be on February 4, 2021. Decl., Ex. 6. On December 29, 2020, a member

1  of Plaintiff's counsel's office confirmed that "February 4th will work for us."  Decl., Ex. 7.  The next
2  day, Monsanto filed its notice to take Dr. Frank's deposition via videoconference.  Decl., Ex. 8.

## ARGUMENT

"The pretrial scheduling order is designed to allow the district court to better manage its calendar and to facilitate more efficient disposition of cases by settlement or by trial." *Hood v. Hartford Life and Acc. Ins. Co.* (E.D. Cal. 2008) 567 F.Supp.2d 1221, 1224.  Orders entered before the final pretrial conference may be modified "upon a showing of good cause" which "primarily considers the diligence of the party seeking the amendment." *Id.* (citing Fed. R. Civ. P. 16(b)).  The pretrial scheduling order may be modified where "it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*  "When evaluating whether a party was diligent, the Ninth Circuit has determined that 'the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.'" *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.* (9th Cir. 1992) 975 F.2d 604, 609).

There can be no doubt that Monsanto has been diligent in its efforts to schedule and take the deposition of Plaintiff's primary oncologist, Dr. Daniel Frank.  This is the third time that Monsanto has scheduled Dr. Frank's deposition.  The first instance was cancelled due to the rapid spread of COVID-19.  Next, Plaintiff cancelled just five days before Dr. Frank's July 28, 2020 deposition.  On this second occasion, Monsanto explained that it would like to proceed with Dr. Frank's deposition, and that it had prepaid the deposition costs.  *See* Decl., Ex. 5 (stating, "We already pre-paid the following depos. Can you agree to keeping these depos on the schedule and postponing the others?").  Nevertheless, Plaintiff refused to keep this deposition, and unilaterally cancelled.  *Id.*

Shortly after the Court entered a revised Scheduling Order for Wave II, Monsanto contacted Dr. Frank's legal counsel, who advised that his first availability was not until February 4, 2021—or 20 days after the new fact discovery deadline.  *See* Decl., Ex. 6.  Dr. Frank had very limited availability because his department was extremely short-staffed due to COVID-19.  *Id.*  This fact is raised not to place any blame on Dr. Frank, but instead to demonstrate the impossibility of taking Dr.

Frank's deposition within the confines of the Scheduling Order, and to emphasize Monsanto's intent while scheduling depositions of treating physicians during the ongoing COVID-19 pandemic.

The country's medical providers—like Dr. Frank—deserve the parties' patience and cooperation, and should not be forced to sit for depositions while there is a critical need for healthcare services. The alternative, as suggested by way of Plaintiff's motion, would require that Monsanto unilaterally notice Dr. Frank's deposition to occur sometime when he is not available, or is otherwise caring for patients. Moreover, it was only after Monsanto confirmed that February 4, 2021 would work for Plaintiff's counsel that Monsanto filed its notice of deposition.

Plaintiff's attempt to delay or cancel this deposition a third time does not evidence a lack of diligence on behalf of Monsanto—it is nothing more than gamesmanship in spite of Monsanto's repeated efforts to work towards an amicable solution. Plaintiff should not be permitted to frustrate Monsanto's ability to take Dr. Frank's deposition, only to later claim that Monsanto has not been diligent in its efforts. Importantly, Plaintiff will not be prejudiced by taking Dr. Frank's deposition a mere 20 days after the close of fact discovery. In his motion, Plaintiff appears to suggest that the deposition could impact Plaintiff's expert reports, which are due on January 22, 2021. Case No. 3:19-cv-02169-VC, ECF No. 16 at 2. Yet, Plaintiff conveniently omits the fact that Monsanto has offered Plaintiff the opportunity to supplement his expert reports in light of Dr. Frank's testimony—if that becomes necessary. *See* Decl., Ex. 9. While it is unlikely that Dr. Frank will offer any opinions on causation or any other significant issue subject to expert discovery, Monsanto has offered this accommodation in an attempt to resolve this matter without Court intervention.

Finally, as Plaintiff's primary oncologist, and the only treating oncologist that will be deposed in this matter, Dr. Frank is an important witness for both parties. Monsanto—rather than Plaintiff, who has ready access to Dr. Frank—would be prejudiced if Plaintiff's motion is granted. Monsanto is entitled to take this deposition, and it will not place an undue burden on Dr. Frank's ability to care for his patients.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

For the foregoing reasons, Monsanto requests that the Court deny Plaintiff's Motion to Quash the February 4, 2021 deposition of Dr. Daniel Frank, and amend the Scheduling Order to allow Monsanto to take Dr. Frank's deposition on February 4, 2021 as noticed.


DATED: January 19, 2021                          Respectfully submitted,


                                       **MONSANTO COMPANY**

                                       By:  */s/   Anthony R. Martinez*
                                            Anthony R. Martinez
                                            SHOOK, HARDY & BACON L.L.P.
                                            2555 Grand Blvd.
                                            Kansas City, MO 64108
                                            Telephone: (816) 474-6550
                                            Fax: (816) 421-5547
                                            amartinez@shb.com
                                            *Attorney for Defendant,*
                                            *MONSANTO COMPANY*