**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:     202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Martin Frye and Wanda Frye*<br>*v. Monsanto Co.*,<br>Case No. 3:21-cv-00039-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Although many paragraphs in the Complaint allege exposure or use of Monsanto products by "Plaintiffs," Monsanto nevertheless responds to the allegations in those paragraphs as if they refer to plaintiff Martin Frye.  Silence as to any allegations shall constitute a denial.

1.     Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.     The allegations in paragraph 2 comprise attorney characterizations and are

1   accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs

2   have a variety of separate and distinct uses and formulations.

3       3.      The allegations in paragraph 3 set forth conclusions of law for which no response

4   is required.  To the extent that a response is deemed required, Monsanto (1) admits the allegations

5   in paragraph 3 regarding subject matter jurisdiction, based upon the allegations in plaintiffs'

6   Complaint; and (2) denies that the United States District Court for the District of Maryland or this

7   Court have personal jurisdiction over Monsanto in this case.

8       4.      Monsanto admits the allegations in paragraph 4.

9       5.      The allegations in paragraph 5 set forth conclusions of law for which no response

10  is required.

11      6.      The allegations in the first sentence of paragraph 6 set forth conclusions of law for

12  which no response is required.  In response to the second sentence of paragraph 6, Monsanto

13  admits that it has sold Roundup®-branded products in Maryland.  In response to the allegations in

14  the final sentence of paragraph 6, Monsanto denies certain events giving rise to plaintiffs' claims

15  and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

16  allegations regarding where certain other events giving rise to plaintiffs' claims occurred and

17  therefore denies those allegations.

18      7.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth

19  of the allegations in the first sentence of paragraph 7 and therefore denies those allegations.

20  Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to

21  exposure to Roundup®-branded products but denies any liability to plaintiffs.  Monsanto denies

22  the remaining allegations in paragraph 7.

23      8.      Monsanto admits the allegations in the first sentence of paragraph 8.  The

24  remaining allegations in paragraph 8 set forth conclusions of law for which no response is

25  required.

26      9.      In response to the allegations in paragraph 9, Monsanto admits it is authorized to

27  do business in Maryland and that it has marketed Roundup®-branded products within Maryland.

28  The remaining allegations in paragraph 9 are vague and conclusory and comprise attorney

1  characterizations and are accordingly denied.

2        10.    Monsanto admits that it is an agricultural biotechnology corporation.  Monsanto

3  admits that it and its affiliated companies have operations and offices in countries around the

4  world.  Monsanto states that the remaining allegations in paragraph 10 are vague and that it

5  accordingly lacks information or knowledge sufficient to form a belief as to the truth of the

6  remaining allegations and therefore denies those allegations.

7        11.    The allegations in the first sentence of paragraph 11 are vague and conclusory and

8  comprise attorney characterizations and are accordingly denied.  Monsanto lacks information or

9  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 11

10  and therefore denies those allegations.

11        12.    In response to the allegations in paragraph 12, Monsanto denies that any exposure

12  to Roundup®-branded products can cause cancer and other serious illnesses and therefore denies

13  those allegations.

14        13.    Monsanto admits the allegations in paragraph 13.

15        14.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

16  of the allegations in paragraph 14 and therefore denies those allegations.

17        15.    Monsanto admits the allegations in paragraph 15.

18        16.    Monsanto admits the allegations in paragraph 16.

19        17.    In response to the allegations in paragraph 17, Monsanto admits that glyphosate is

20  an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

21  paragraph 17 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

22  to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

23        18.    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

24  The remaining allegations in paragraph 18 comprise attorney characterizations and are

25  accordingly denied.

26        19.    Monsanto admits the allegations in paragraph 19.

27        20.    Monsanto generally admits the allegations in paragraph 20, but denies the

28  allegations in paragraph 20 to the extent that they suggest that glyphosate is present in any plants

at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

21.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies those allegations.

22.     Monsanto admits that it has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 22 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 22.

23.     Monsanto admits the allegations in paragraph 23.

24.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 24.

25.     The allegations in paragraph 25 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 25.

26.     In response to the allegations in paragraph 26, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 26 set forth conclusions of law for which no response is required.

27.     The allegations in paragraph 27 set forth conclusions of law for which no response is required.

28.     In response to the allegations in paragraph 28, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution in the United States and are registered by the State of Missouri for sale and distribution.

29.     In response to the allegations in paragraph 29, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 29 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 29 set forth conclusions of law for which no answer is required.

30.     Monsanto denies the allegations in paragraph 30 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 30 set forth conclusions of law for which no response is required.

31.     In response to the allegations in paragraph 31, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/ document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*

*(Footnote continued)*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-00039-VC

issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies those allegations.

32.   In response to the allegations in paragraph 32, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts "a" through "i" of paragraph 32 purport to quote a document, the document speaks for itself and thus does not require any further answer.  In response to the allegations of subparts "j" through "p" of paragraph 33, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 32 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

33.   Monsanto denies the allegations in paragraph 33.

34.   In response to the allegations in paragraph 34, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 34 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 34.

35.   Monsanto denies the allegations in paragraph 35.

36.   In response to the allegations in paragraph 36, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in

_____

*Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

paragraph 36 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies those allegations.

37. Monsanto admits the allegations in paragraph 37.

38. In response to the allegations in paragraph 38, Monsanto states that the cited the document speaks for itself and does not require a response. To the extent that the allegations in paragraph 38 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 and therefore denies those allegations.

39. Monsanto states that the term "toxic" as used in paragraph 39 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in paragraph 39.

40. Monsanto admits the allegations in paragraph 40.

41. In response to the allegations in paragraph 41, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 41.

42. In response to the allegations in paragraph 42, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004. To the extent that paragraph 42 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 42.

43. In response to the allegations in paragraph 43, Monsanto states that these documents speak for themselves and do not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 43.

44. In response to the allegations in paragraph 44, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 44 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 44.

45. Monsanto denies the allegations in paragraph 45.

46. In response to the allegations in paragraph 46, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 46 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 46.

47. In response to the allegations in paragraph 47, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 47 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 47.

48. Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 48.

49. Monsanto denies the allegations in paragraph 49.

50. Monsanto denies the allegations in paragraph 50.

51. Monsanto denies the allegations in paragraph 51.

52. Monsanto denies the allegations in paragraph 52.

53. Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 53.

54. Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 and therefore denies those allegations.

55. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies those allegations. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

56. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies those allegations. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

57.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 57 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

58.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 58, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in paragraph 58 comprise attorney characterizations and are accordingly denied.

59.     Monsanto denies the allegations in paragraph 59.  The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

60.     In response to the allegations in paragraph 60, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 60 comprise attorney characterizations and are accordingly denied.

61.     Monsanto denies the allegations in paragraph 61

62.     The allegations in paragraph 62 comprise attorney characterizations and are accordingly denied.

63.     Monsanto admits the allegations in paragraph 63.

64.     In response to the allegations in paragraph 64, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 64 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-00039-VC

1   under artificial experimental conditions.  Monsanto denies that these studies provide any reliable

2   evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or

3   animals under real-world exposure conditions.  Monsanto denies the remaining allegations in

4   paragraph 65.

5       66.    The allegations in paragraph 66 are vague and ambiguous and are accordingly

6   denied.

7       67.    In response to the allegations in paragraph 67, Monsanto states that the cited

8   document speaks for itself and does not require a response.

9       68.    In response to the allegations in paragraph 68, Monsanto states that the cited

10  document speaks for itself and does not require a response.  To the extent that paragraph 68

11  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

12  paragraph 68.

13      69.    Monsanto denies the allegations in paragraph 69.

14      70.    In response to the allegations in paragraph 70, Monsanto states that the cited

15  document speaks for itself and does not require a response.  Monsanto otherwise denies the

16  allegations in paragraph 70.

17      71.    Monsanto admits that there is no reliable evidence that Roundup®-branded

18  products are genotoxic and that regulatory authorities and independent experts agree that

19  Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in

20  paragraph 71.

21      72.    Monsanto denies the allegations in paragraph 72.

22      73.    Monsanto denies the allegations in paragraph 73.

23      74.    Monsanto denies the allegations in paragraph 74.

24      75.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

25  exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 75.

26      76.    Monsanto denies the allegations in paragraph 76.

27      77.    Monsanto denies the allegations in paragraph 77.

28      78.    Monsanto admits the allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     Monsanto admits the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 88.

89.     In response to the allegations in paragraph 89, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 89.

90.     In response to the allegations in paragraph 90, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto denies the remaining allegations in paragraph 90.

91.     In response to the allegations in paragraph 91, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise denies the remaining allegations in paragraph 91.

92.     In response to the allegations in paragraph 92, Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety

include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 92.

93.    In response to the allegations in paragraph 93, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies. To the extent that the allegations in paragraph 93 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

94.     In response to the allegations in paragraph 94, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

95.     Monsanto denies the allegations in paragraph 95 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 95 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

96.     In response to the allegations in paragraph 96, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

97.     In response to the allegations in paragraph 97, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 97.

98.     In response to the allegations in paragraph 98, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 98 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

99.      In response to the allegations in paragraph 99, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 99 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

100.      In response to the allegations in paragraph 100, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

101.      In response to the allegations in paragraph 101, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 101.

102.      Monsanto denies the allegations in paragraph 102.

103.      Monsanto denies the allegations in paragraph 103.

104.      Monsanto denies the allegations in paragraph 104.

105.      Monsanto denies the allegations in paragraph 105.

106.      Monsanto denies the allegations in paragraph 106.

107.      Monsanto denies the allegations in paragraph 107.

108.      Monsanto denies the allegations in paragraph 108.

109.      Monsanto denies the allegations in paragraph 109.

110.      Monsanto denies the allegations in paragraph 110.

111.      Monsanto denies the allegations in paragraph 111.

112.      Monsanto denies the allegations in paragraph 112.

113.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 113 and therefore denies those allegations.

114.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth

1  of the allegations in paragraph 114 and therefore denies those allegations.

2       115.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

3  of the allegations in paragraph 115 and therefore denies those allegations.

4       116.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

5  of the allegations in the first sentence of paragraph 116 and therefore denies those allegations.

6  Monsanto denies the remaining allegations in paragraph 116.

7       117.    Monsanto denies the allegations in paragraph 117.

8       118.    Monsanto incorporates by reference its responses to paragraphs 1 through 117 in

9  response to paragraph 118.

10       119.    The allegations in paragraph 119 set forth conclusions of law for which no

11  response is required.

12       120.    Monsanto denies the allegations in paragraph 120.

13       121.    Monsanto denies the allegations in paragraph 121, including each of its subparts.

14       122.    Monsanto denies the allegations in paragraph 122.

15       123.    Monsanto denies the allegations in paragraph 123.

16       124.    Monsanto denies the allegations in paragraph 124.

17       125.    Monsanto denies the allegations in paragraph 125, including each of its subparts.

18       126.    Monsanto denies the allegations in paragraph 126.

19       127.    Monsanto denies the allegations in paragraph 127.

20       128.    Monsanto denies the allegations in paragraph 128.

21       129.    Monsanto denies the allegations in paragraph 129.

22       130.    Monsanto denies the allegations in paragraph 130.

23       In response to the "WHEREFORE" paragraph following paragraph 130, Monsanto

24  demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

25  dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

26  fees as allowed by law and such further and additional relief as this Court may deem just and

27  proper.

28       131.    Monsanto incorporates by reference its responses to paragraphs 1 through 130 in

1   response to paragraph 131

2        132.    In response to the allegations in paragraph 132, Monsanto lacks information or

3   knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

4   exposed to Roundup®-branded products and therefore denies those allegations.  Monsanto denies

5   the remaining allegations in paragraph 132.

6        133.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

7   of the allegations in paragraph 133 and therefore denies those allegations.

8        134.    Monsanto denies the allegations in paragraph 134.

9        135.    Monsanto denies the allegations in paragraph 135.

10       136.    Monsanto denies the allegations in paragraph 136.

11       137.    Monsanto denies the allegations in paragraph 137, including each of its subparts.

12       138.    Monsanto denies the allegations in paragraph 138.

13       139.    Monsanto denies that Roundup®-branded products have "dangerous

14   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the remaining allegations in paragraph 139 and therefore denies those allegations.

16       140.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

17   of the allegations in paragraph 140 and therefore denies those allegations.

18       141.    Monsanto denies the allegations in paragraph 141.

19       142.    The allegations in paragraph 142 set forth conclusions of law for which no

20   response is required.

21       143.    Monsanto denies the allegations in paragraph 143.

22       144.    Monsanto denies the allegations in paragraph 144.

23       145.    Monsanto denies the allegations in paragraph 145.

24       146.    Monsanto denies the allegations in paragraph 146.

25       147.    Monsanto denies the allegations in paragraph 147.

26       148.    Monsanto denies the allegations in paragraph 148.

27       149.    Monsanto denies the allegations in paragraph 149.

28       150.    Monsanto denies the allegations in paragraph 150.

151.    Monsanto denies the allegations in paragraph 151.

152.    Monsanto denies the allegations in paragraph 152.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto denies the allegations in paragraph 154.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

155.    Monsanto denies the allegations in paragraph 155.

156.    Monsanto denies the allegations in paragraph 156.

157.    Monsanto denies the allegations in paragraph 157.

158.    Monsanto denies the allegations in paragraph 158.

In response to the "WHEREFORE" paragraph following paragraph 158, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

159.    Monsanto incorporates by reference its responses to paragraphs 1 through 158 in response to paragraph 159.

160.    Monsanto denies the allegations in paragraph 160.

161.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 161 and therefore denies those allegations.

162.    Monsanto denies the allegations in paragraph 162.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

163.    Monsanto denies the allegations in paragraph 163.

164.    Monsanto denies the allegations in paragraph 164.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

165.    Monsanto denies the allegations in paragraph 165.  All labeling of Roundup®-

1  branded products has been and remains EPA-approved and in compliance with all federal

2  requirements under FIFRA and with Maryland law.

3        166.    Monsanto denies the allegations in paragraph 166.

4        167.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

5  of the allegations regarding plaintiff's use history in paragraph 167 and therefore denies those

6  allegations.  Monsanto denies the remaining allegations in paragraph 167.

7        168.    The allegations in paragraph 168 set forth conclusions of law for which no

8  response is required.

9        169.    Monsanto denies the allegations in paragraph 169.

10        170.    Monsanto denies the allegations in paragraph 170.

11        171.    Monsanto denies the allegations in paragraph 171.

12        172.    Monsanto denies the allegations that Roundup®-branded products are defective

13  and accordingly denies the allegations in paragraph 172.

14        173.    The allegations in paragraph 173 set forth conclusions of law for which no

15  response is required.

16        174.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

17  of the allegations in paragraph 174 and therefore denies those allegations.

18        175.    Monsanto denies the allegations in paragraph 175.

19        176.    Monsanto denies the allegations in paragraph 176.

20        177.    Monsanto denies the allegations in paragraph 177.

21        178.    Monsanto denies the allegations in paragraph 178.

22        179.    Monsanto denies the allegations in paragraph 179.

23        180.    Monsanto denies the allegations in paragraph 180.

24        181.    Monsanto denies the allegations in paragraph 181.  All labeling of Roundup®-

25  branded products has been and remains EPA-approved and in compliance with all federal

26  requirements under FIFRA.

27        182.    Monsanto denies the allegations in paragraph 182.  All labeling of Roundup®-

28  branded products has been and remains EPA-approved and in compliance with all federal

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-00039-VC

1    requirements under FIFRA.

2         183.    Monsanto denies the allegations in paragraph 183.

3         184.    Monsanto denies the allegations in paragraph 184.

4         185.    Monsanto denies the allegation sin paragraph 185.

5         In response to the "WHEREFORE" paragraph following paragraph 185, Monsanto

6    demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

7    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

8    fees as allowed by law and such further and additional relief as this Court may deem just and

9    proper.

10        186.    Monsanto incorporates by reference its responses to paragraphs 1 through 185 in

11   response to paragraph 186.

12        187.    Monsanto denies the allegations in paragraph 187.

13        188.    Monsanto denies the allegations in paragraph 188. All labeling of Roundup®-

14   branded products has been and remains EPA-approved and in compliance with all federal

15   requirements under FIFRA.

16        189.    Monsanto denies the allegations in paragraph 189.  All labeling of Roundup®-

17   branded products has been and remains EPA-approved and in compliance with all federal

18   requirements under FIFRA.

19        190.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

20   of the allegations in paragraph 190 regarding plaintiffs' knowledge or reliance and therefore

21   denies those allegations.  Monsanto denies the remaining allegations in paragraph 190.  In

22   addition, Monsanto states that the scientific studies upon which IARC purported to base its

23   evaluation of glyphosate were all publicly available before March 2015.

24        191.    Monsanto denies the allegations in paragraph 191.

25        192.    Monsanto denies the allegations in paragraph 192.

26        193.    Monsanto denies the allegations in paragraph 193.

27        194.    Monsanto denies the allegations in paragraph 194.

28        195.    Monsanto denies the allegations in paragraph 195.

196.    Monsanto denies the allegations in paragraph 196.

197.    Monsanto denies the allegations in paragraph 197.

198.    Monsanto denies the allegations in paragraph 198.

199.    Monsanto denies the allegations in paragraph 199.

In response to the "WHEREFORE" paragraph following paragraph 199, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

200.    Monsanto incorporates by reference its responses to paragraphs 1 through 199 in response to paragraph 200 of plaintiffs' Complaint.

201.    In response to the allegations in paragraph 201, Monsanto admits that plaintiffs purport to bring an action for damages but denies any liability to plaintiffs.

202.    Monsanto denies the allegations in paragraph 202.

In response to the "WHEREFORE" paragraph following paragraph 202, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.    Venue is improper for all or most of plaintiffs' claims.

3.    Plaintiffs' claims are barred for lack of personal jurisdiction.

4.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

6.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

10.     Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

14.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

15.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

16.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

17.     Monsanto had no legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

18.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the West Virginia Constitution, and/or other applicable state constitutions.

20.     Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under West Virginia law, and/or other applicable state laws.

21.     Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including W. Va. Code § 55-7-29.

22.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

23.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate damages.

24.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

25.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs received from collateral sources.

26.     If plaintiffs have been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

27.     Plaintiffs have failed to allege fraud with sufficient particularity.

28.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

29.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

30.     Plaintiffs' claims under the West Virginia Consumer Credit and Protection Act are barred because plaintiffs have not suffered an ascertainable loss of money or property.

31.     Plaintiffs' claims under the West Virginia Consumer Credit and Protection Act are barred based on the absence of any conduct prohibited or declared unlawful by the West Virginia Consumer Credit and Protection Act.

32.     Plaintiffs' claims under the West Virginia Consumer Credit and Protection Act are barred because plaintiffs suffered no out-of-pocket loss within the scope of the West Virginia Consumer Credit and Protection Act.

33.     Plaintiffs' claims under the West Virginia Consumer Credit and Protection Act are barred because plaintiffs failed to comply with the West Virginia Consumer Credit and Protection Act's notice of violation provisions.

34.     Plaintiffs' claims under the West Virginia Consumer Credit and Protection Act seeking punitive and/or aggravated damages are barred because such damages are not available under the West Virginia Consumer Credit and Protection Act.

35.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  January 25, 2021                          Respectfully submitted,


                                                  /s/ Joe G. Hollingsworth
                                                  Joe G. Hollingsworth (*pro hac vice*)
                                                  (jhollingsworth@hollingsworthllp.com)
                                                  Eric G. Lasker (*pro hac vice*)
                                                  (elasker@hollingsworthllp.com)
                                                  HOLLINGSWORTH LLP
                                                  1350 I Street, N.W.
                                                  Washington, DC  20005
                                                  Telephone:  (202) 898-5800
                                                  Facsimile:  (202) 682-1639

                                                  *Attorneys for Defendant*
                                                  *MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-00039-VC