# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

# UNCONTESTED PETITION FOR MINOR'S COMPROMISE

**David J. Diamond, Esq.**
State Bar #010842
698 E. Wetmore Rd., Suite 200
Tucson, AZ 85705
(520) 620-3975
ddiamond@goldbergandosborne.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Master Docket Case No. 16-md-02741-VC |
| **THIS DOCUMENT RELATES TO:** | Honorable Vince Chhabria |
| James Alvarez, Anthony Alvarez, Christian Alvarez, and Catherine Alvarez on behalf of A.A., a minor, as Jaime Alvarez Calderon's successors in interest<br><br>v.<br><br>Monsanto Company | Case No. 3:19-cv-01630 |

### UNCONTESTED PETITION FOR MINOR'S COMPROMISE

Catherine Alvarez, as Guardian Ad Litem for, and mother of, minor plaintiff A.A., by and through undersigned counsel, respectfully requests approval of the minor's proposed settlement, and the distribution of the settlement, as detailed below.

For background, the minor's father, Jaime Alvarez, initially brought a case against the defendant. Thereafter, the Court selected Mr. Alvarez's case as a Wave 1 case. As such, undersigned counsel took and defended depositions, conducted discovery, retained experts, filed and defended motions, incurred costs, and, in general, worked up the specific causation and damages parts of the case for trial. Tragically, Mr. Alvarez passed away from NHL in December 2019, leaving behind his four sons, one of whom is the minor, A.A.

UNCONTESTED PETITION FOR MINOR'S COMPROMISE – 3:19-cv-01630

1  At a mediation on January 11, 2021, conducted by the Hon. Glenn A. Norton, retired, Mr. Alvarez' only statutory beneficiaries, his four surviving sons, resolved their wrongful death claims, subject to the Court's approval of minor A.A.'s settlement.

Mr. Alvarez's four children, all relatively close in age, have agreed, subject to Court approval, to split the settlement proceeds evenly. The minor's mother and Guardian Ad Litem, while remaining close with the decedent, was divorced from him. She does not have an independent claim to any of the settlement proceeds. As such, there is no conflict between her interests and the minor's.

The following is the proposed distribution of the minor's settlement proceeds:

▮▮▮▮ - 1/4 of a ▮▮▮▮ settlement

▮▮▮▮ - Costs (1/4 of ▮▮▮▮ in costs incurred)

▮▮▮▮ - ▮▮▮▮ for ¼ of Anthem Blue Cross Blue Shield's subrogation claim and ▮▮▮▮ for ¼ of Medicare's lien[1]

▮▮▮▮ - Holding 60 days for late submitted/unresolved charges with balance to minor

---

[1] Under California law, statutory beneficiaries are not responsible for a Decedent's medical expenses. However, a condition of settlement is that all potential claims (including subrogation and lien claims that could be asserted against the decedent's estate) be resolved out of the settlement proceeds. As a result, undersigned counsel has negotiated with Anthem Blue Cross Blue Shield (BCBS), the decedent's health insurer from before the date of his NHL diagnosis until a month before his death, to resolve their subrogation claim. Subject to the Court's approval, the BCBS subrogation claim has been resolved for ▮▮▮▮. **Exhibit 1**. ▮▮▮▮ (¼ of ▮▮▮▮) is being deducted from the minor's settlement to pay the subrogation claim. Also, Mr. Alvarez turned 65 on September 21, 2019. Medicare began paying for his NHL related treatment on November 7, 2019, until his death a month later, on December 12, 2019. By law, Medicare is entitled to be reimbursed. At present, we are awaiting Medicare's final lien amount. However, we believe that it will be less than ▮▮▮▮. During the last month of Mr. Alvarez' life he only received care at the Queen of the Valley Medical Center (QoV). Attached in in **Exhibit 2** is a printout of what QoV billed Medicare, the amount QoV wrote off, and the ▮▮▮▮ Medicare paid. Because Medicare is required by statute to reduce its lien by at least 25%, we believe allocating ▮▮▮▮ of the minor's settlement (1/4 of of the full ▮▮▮▮ lien amount) together with the ▮▮▮▮ being held for late submitted expenses, will be adequate to cover Medicare's final lien even if a stray provider shows up in the final lien amount. The remaining balance will be paid into the minor's blocked account. It is expected that we will receive Medicare's final lien amount within 30 days.

1  ████████ - Fee (1/3 contingent fee)

2  ████████ + to A.A.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of a proposed settlement in suits involving minors, the Court must "independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected . . . even if the settlement has been recommended or negotiated by the minor's parent or Guardian Ad Litem." *Salmeron v. U.S.*, 724 F.2d 1357, 1363 (9th Cir. 1983). Courts should consider "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Robidoux, 638 F.3d at 1182.

In evaluating a settlement, the district court "should evaluate the fairness of each minor plaintiffs' net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel - whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978)). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

Based upon the terms of the settlement, the facts of the case, and settlements in similar cases, it is respectfully submitted that the total settlement, costs incurred, and fees incurred are fair and reasonable under the circumstances.

In conclusion, it is respectfully requested that the Court order as follows:

1. The minor's settlement, as described above, is approved.

2. Counsel's fees and costs, as described above, are approved.

3. ███ from the settlement amount shall be deposited by the Guardian Ad Litem into an interest-bearing federally insured blocked account belonging to minor A.A. No withdrawal of principal or interest shall be made from the blocked account without a written order from the Court until the minor reaches the age of 18 years.

4. ███ of the minor's remaining net settlement funds shall be placed in a qualified structured settlement annuity in which the minor will receive guaranteed, tax free payments beginning after the minor's 18th birthday. A few recently obtained proposals are attached in **Exhibit 3**.

5. Once the Medicare lien matter is fully resolved and sixty days have passed to allow for any unanticipated late submitted costs, the balance of the funds being held pending will be placed in the minor's blocked account detailed in #3 above.

6. A Further Case Management Conference shall be scheduled for Februay10, 2021, at 2:00 p.m. to address (1) whether the minor's proceeds have been placed in the blocked account as ordered, (2) whether the minor's proceeds have been placed in the structured settlement as ordered, and (3) whether the balance of the funds being held pending have been placed in the blocked account as ordered.  If proof is submitted that all matters have been addressed and resolved before the above Case Management Conference date, the Court may cancel the Conference.

Dated: January 25, 2021

Respectfully Submitted,

*/s/ David J. Diamond*
David J. Diamond (AZ: 010842)
(ddiamond@goldbergandosborne.com)
**GOLDBERG & OSBORNE LLP**
698 E. Wetmore Road, Suite 200
Tucson, AZ 85705
Tel: (520) 620-3975
Fax: (520) 620-3991
*Attorneys for Plaintiffs*

UNCONTESTED PETITION FOR MINOR'S COMPROMISE – 3:19-cv-01630
4

**1**  **CERTIFICATE OF SERVICE**

**2**     I, David J. Diamond, hereby certify that on January 25, 2021, the foregoing document was filed

**3** via the Court's CM/ECF system, which will automatically serve and send email notification of such

**4** filing to all registered attorneys of record.

**5**

**6**                    */s/ David J. Diamond*
                   David J. Diamond

**7**

**8**

**9**

**10**

**11**

**12**

**13**

**14**

**15**

**16**

**17**

**18**

**19**

**20**

**21**

**22**

**23**

**24**

**25**

**26**

**27**

**28**

UNCONTESTED PETITION FOR MINOR'S COMPROMISE – 3:19-cv-01630

5