UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to:<br>*ALL CASES* | **ORDER REGARDING MOTION TO ESTABLISH A HOLD-BACK PERCENTAGE**<br>Re: Dkt. No. 12394 |

Any briefs in opposition to the motion to establish a hold-back percentage, and any reply brief in support of the motion, should address the following questions:

- Given how this case has developed, is it necessary to issue an order requiring that a percentage of each recovering plaintiff's attorney's fees be held back for potential distribution to co-lead counsel?

- Can the Court meaningfully evaluate the need for a hold-back without understanding how much of a premium co-lead counsel has already received on their settlements compared to the typical settlement? To give a purely hypothetical example, what if the typical settlement was for $200,000, but the settlements for the clients of co-lead counsel averaged $800,000? The difference would presumably have been intended, at least in part, to compensate co-lead counsel for their investment in the case as compared to the investment by the typical plaintiff's attorney. This could perhaps affect the question of whether a hold-back is necessary (and if so, how much the hold-back should be). If the

Court needs this information to meaningfully evaluate the necessity of a hold-back, should it request a report from the Special Master on the extent to which co-lead counsel has already received a premium on the settlements for their clients?

- If a hold-back is warranted, should the Court consider anew the universe of cases that should be subject to a hold-back? Should it include state court cases or only federal cases? Should it include cases in which a settlement has already been reached and money has already changed hands, or should it be limited to the cases that have not yet settled?

- If a hold-back is truly warranted, why shouldn't it be much lower than the 8% requested by co-lead counsel?

To ensure that all parties have adequate time to address these questions, the deadline for opposition briefs is extended to February 4, 2021. Any reply from co-lead counsel should be filed by February 18, 2021. A hearing on the motion to establish a hold-back percentage will take place on Wednesday, March 3, 2021 at 1 p.m.

**IT IS SO ORDERED.**

Dated: January 26, 2021

_____
VINCE CHHABRIA
United States District Judge