**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639
Email:      jhollingsworth@hollingsworthllp.com
            elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case 3:16-md-02741-VC |
| This document relates to: | |
| *Thomas Lundy v. Monsanto Co.*, Case No. 3:20-cv-09289-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Although many paragraphs in the Complaint allege exposure or use of Monsanto products by "Plaintiffs," Monsanto nevertheless responds to the allegations in those paragraphs as if they refer to plaintiff Thomas Lundy. Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

- 1 -

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiff's Complaint.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in the first sentence of paragraph 6 set forth conclusions of law for which no response is required.  In response to the allegations in the second sentence of paragraph 6, Monsanto admits that it has sold, marketed, and/or distributed Roundup®-branded herbicides within the Middle District of Florida.

7.      Monsanto denies the allegations in the second sentence of paragraph 7.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the remaining allegations of paragraph 7 and therefore denies those allegations.

8.      The allegations in paragraph 8 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

9.      Monsanto admits the allegations in paragraph 9.

10.     The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied.

11.     In response to the allegations in paragraph 11, Monsanto admits that it has sold Roundup®-branded products in Missouri.

12.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies those allegations.

13.     The allegations in paragraph 13 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.     Monsanto admits the allegations in paragraph 15.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-09289-VC

16.     Monsanto admits that it is authorized to do business in Missouri.  The remaining allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     The allegations in paragraph 17 set forth conclusions of law for which no response is required.

18.     Monsanto denies the allegations in paragraph 18.

19.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 20 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

21.     Monsanto admits the allegations in paragraph 21.

22.     Monsanto admits the allegations in paragraph 22.

23.     In response to the allegations in paragraph 23, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 23 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore denies those allegations.

24.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 24 comprise attorney characterizations and are accordingly denied.

25.     Monsanto admits the allegations in paragraph 25.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-09289-VC

1        26.     Monsanto generally admits the allegations in paragraph 26, but denies the

2  allegations in paragraph 26 to the extent that they suggest that glyphosate is present in any plants

3  at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

4  the United States Environmental Protection Agency ("EPA").

5        27.     Monsanto lacks information or knowledge sufficient to form a belief as to the

6  truth of the allegations in paragraph 27 and therefore denies those allegations.

7        28.     Monsanto admits that it has been the leading producer of seeds that contain the

8  Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve

9  a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form

10  a belief as to the accuracy of the specific numbers and statistics provided in the remaining

11  sentences of paragraph 28 and therefore denies those allegations.  Monsanto denies the

12  remaining allegations in paragraph 28.

13        29.     Monsanto admits the allegations in the first two sentences of paragraph 29.  In

14  response to the allegations in the third sentence of paragraph 29, Monsanto admits that

15  Roundup®-branded products have been used by farmers for approximately 40 years.  Monsanto

16  denies that Roundup®-branded products have carcinogenic properties and denies the remaining

17  allegations in paragraph 29.

18        30.     The allegations in paragraph 30 set forth conclusions of law for which no

19  response is required.  To the extent that a response is deemed required, Monsanto admits the

20  allegations in paragraph 30.

21        31.     In response to the allegations in paragraph 31, Monsanto admits that EPA requires

22  registrants of herbicides to submit extensive data in support of the human health and

23  environmental safety of their products and further admits that EPA will not register or approve

24  the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

25  Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 31 set forth

26  conclusions of law for which no response is required.

27        32.     The allegations in paragraph 32 set forth conclusions of law for which no

28  response is required.

33.     In response to the allegations in paragraph 33, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution in the United States and are registered by the State of Missouri for sale and distribution.

34.     In response to the allegations in paragraph 34, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 34 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 34 set forth conclusions of law for which no answer is required.

35.     Monsanto denies the allegations in paragraph 35 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 35 set forth conclusions of law for which no response is required.

36.     In response to the allegations in paragraph 36, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-09289-VC

1   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

2   to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

3   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

4   the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

5   humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

6   of the remaining allegations in paragraph 36 and therefore denies those allegations.

7          37.     In response to the allegations in paragraph 37, Monsanto admits that the New

8   York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

9   advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

10  admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

11  General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

12  the subparts purport to quote a document, the document speaks for itself and thus does not

13  require any further answer.  The remaining allegations in paragraph 37 are vague and conclusory

14  and comprise attorney characterizations and are accordingly denied.

15         38.     In response to the allegations in paragraph 38, Monsanto admits it entered into an

16  assurance of discontinuance with the New York Attorney General.  The assurance speaks for

17  itself and thus does not require any further answer.  The remaining allegations in paragraph 38

18  are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19         39.     Monsanto denies the allegations in paragraph 39.

20         40.     In response to the allegations in paragraph 40, Monsanto admits that the French

21  court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

22  that it "left the soil clean," but denies the allegations in paragraph 40 to the extent that they

---

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

1   suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

2   cancer.  Monsanto denies the remaining allegations in paragraph 40.

3          41.     Monsanto denies the allegations in paragraph 41.

4          42.     In response to the allegations in paragraph 42, Monsanto states that the cited

5   document speaks for itself and does not require a response.  To the extent that the allegations in

6   paragraph 42 go beyond a restatement of the cited document, Monsanto lacks information or

7   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 42

8   and therefore denies those allegations.

9          43.     Monsanto admits the allegations in paragraph 43.

10         44.     In response to the allegations in paragraph 44, Monsanto states that the cited

11  document speaks for itself and does not require a response.  To the extent that the allegations in

12  paragraph 44 go beyond a restatement of the cited document, Monsanto lacks information or

13  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 44

14  and therefore denies those allegations.

15         45.     Monsanto states that the term "toxic" as used in paragraph 45 is vague and

16  ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto

17  denies the allegations in paragraph 45.

18         46.     Monsanto admits the allegations in paragraph 46.

19         47.     In response to the allegations in paragraph 47, Monsanto states that the document

20  speaks for itself and does not require a response.  To the extent that a response is deemed

21  required, Monsanto denies the allegations in paragraph 47.

22         48.     In response to the allegations in paragraph 48, Monsanto admits that Julie Marc

23  published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To

24  the extent that paragraph 48 characterizes the meaning of the cited study, Monsanto denies the

25  remaining allegations in paragraph 48.

26         49.     In response to the allegations in paragraph 49, Monsanto states that these

27  documents speak for themselves and do not require a response.  To the extent that a response is

28  deemed required, Monsanto denies the allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 50 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 50.

51.     Monsanto denies the allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 52 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 53 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 53.

54.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 54.

55.     Monsanto denies the allegations in paragraph 55.

56.     Monsanto denies the allegations in paragraph 56.

57.     Monsanto denies the allegations in paragraph 57.

58.     Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling.  Monsanto denies the remaining allegations in paragraph 58.

59.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 59 and therefore denies those allegations.

1    60.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 60 and therefore denies those allegations.  Monsanto denies

3    that glyphosate met the criteria necessary to be eligible for review.

4    61.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5    truth of the allegations in paragraph 61 and therefore denies those allegations.  Monsanto denies

6    that glyphosate met the criteria necessary to be eligible for review.

7    62.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

8    carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

9    evidence was "cumulative."  The remaining allegations in paragraph 62 are vague and

10   conclusory and comprise attorney characterizations and are accordingly denied.

11   63.    Monsanto admits that the full IARC Monograph regarding glyphosate was

12   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

13   2A carcinogen.  In response to the remaining allegations in paragraph 63, Monsanto states that

14   the document speaks for itself and does not require a response.  To the extent that a response is

15   deemed required, the remaining allegations in paragraph 63 comprise attorney characterizations

16   and are accordingly denied.

17   64.    In response to the allegations in paragraph 64, Monsanto states that the document

18   speaks for itself and does not require a response.  To the extent that a response is deemed

19   required, the allegations in paragraph 64 comprise attorney characterizations and are accordingly

20   denied.

21   65.    In response to the allegations in paragraph 65, Monsanto states that the document

22   speaks for itself and does not require a response.  To the extent that a response is deemed

23   required, the allegations in paragraph 65 comprise attorney characterizations and are accordingly

24   denied.

25   66.    Monsanto denies the allegations in paragraph 66.

26   67.    The allegations in paragraph 67 comprise attorney characterizations and are

27   accordingly denied.

28   68.    Monsanto admits the allegations in paragraph 68.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-09289-VC

69.     In response to the allegations in paragraph 69, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 69 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 69.

70.     In response to the allegations in paragraph 70, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 70.

71.     The allegations in paragraph 71 are vague and ambiguous and are accordingly denied.

72.     In response to the allegations in paragraph 72, Monsanto states that the cited document speaks for itself and does not require a response.

73.     In response to the allegations in paragraph 73, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 73 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 73.

74.     Monsanto denies the allegations in paragraph 74.

75.     In response to the allegations in paragraph 75, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 75.

76.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

1    79.    Monsanto denies the allegations in paragraph 79.

2    80.    Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

3 exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 80.

4    81.    Monsanto denies the allegations in paragraph 81.

5    82.    Monsanto denies the allegations in paragraph 82.

6    83.    Monsanto admits the allegations in paragraph 83.

7    84.    Monsanto denies the allegations in paragraph 84.

8    85.    Monsanto admits the allegations in paragraph 85.

9    86.    Monsanto denies the allegations in paragraph 86.

10    87.    Monsanto denies the allegations in paragraph 87.

11    88.    Monsanto denies the allegations in paragraph 88.

12    89.    Monsanto denies the allegations in paragraph 89.

13    90.    Monsanto denies the allegations in paragraph 90.

14    91.    Monsanto denies the allegations in paragraph 91.

15    92.    Monsanto denies the allegations in paragraph 92.

16    93.    Monsanto admits that independent experts and regulatory agencies agree that

17 there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

18 products and admits that it has made statements reflecting this fact.  Monsanto denies the

19 remaining allegations in paragraph 93.

20    94.    In response to the allegations in paragraph 94, Monsanto admits that Roundup®-

21 branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

22 the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

23 94.

24    95.    In response to the allegations in paragraph 95, Monsanto admits that an EPA

25 review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

26 denies the remaining allegations in paragraph 95.

27    96.    In response to the allegations in paragraph 96, Monsanto admits that EPA

28 changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-09289-VC

1  evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

2  denies the remaining allegations in paragraph 96.

3      97.     In response to the allegations in paragraph 97, Monsanto admits that plaintiff has

4  accurately quoted from one passage in an EPA document in 1991 with respect to the designation

5  of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not

6  pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and

7  the EPA CARC Final Report discussed above, other specific findings of safety include:

8  - "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
      evidence of non-carcinogenicity for humans—based on the lack of convincing
9      evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
      Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
10     http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

11 - "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
      60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).
12
   - "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
13     Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

14 - "There is [an] extensive database available on glyphosate, which indicate[s] that
      glyphosate is not mutagenic, not a carcinogen, and not a developmental or
15     reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
      73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).
16
   - "EPA has concluded that glyphosate does not pose a cancer risk to humans."
17     Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be
      codified at 40 C.F.R. pt. 180).
18
   - "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible
19     cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body
      of research does not provide evidence to show that [g]lyphosate causes cancer and
20     does not warrant any change in EPA's cancer classification for [g]lyphosate."
      *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder
21     Perspectives:  Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th
      Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of
22     Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-
      5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk
23     Statement").

24 Monsanto denies the remaining allegations in paragraph 97.

25      98.     In response to the allegations in paragraph 98, Monsanto admits that it – along

26 with a large number of other companies and governmental agencies – was defrauded by two

27 chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

28

1    testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct

2    toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any

3    glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

4    studies.  To the extent that the allegations in paragraph 98 are intended to suggest that Monsanto

5    was anything other than a victim of this fraud, such allegations are denied.

6             99.      In response to the allegations in paragraph 99, Monsanto admits that IBT

7    Laboratories was hired to conduct toxicity studies in connection with the registration of a

8    Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is

9    based upon any fraudulent or false IBT studies.

10            100.     Monsanto denies the allegations in paragraph 100 to the extent they suggest that

11   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

12   studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT

13   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

14   connection with services provided to a broad number of private and governmental entities and

15   that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was

16   one of several pesticide manufacturers who had used IBT test results.  The audit found some

17   toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result,

18   Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.

19   Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is

20   based upon any invalid IBT studies.  To the extent that the allegations in paragraph 100 are

21   intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

22   denies those allegations.

23            101.     In response to the allegations in paragraph 101, Monsanto admits that three IBT

24   employees were convicted of the charge of fraud, but Monsanto denies that any of the

25   individuals were convicted based upon studies conducted on glyphosate or glyphosate-based

26   herbicides.

27            102.     In response to the allegations in paragraph 102, Monsanto admits that it – along

28   with numerous other private companies – hired Craven Laboratories as an independent

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-09289-VC

1    laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise

2    denies the remaining allegations in paragraph 102.

3            103.    In response to the allegations in paragraph 103, Monsanto admits that EPA

4    investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in

5    paragraph 103 are intended to suggest that Monsanto was anything other than a victim of this

6    fraud, Monsanto denies those allegations.

7            104.    In response to the allegations in paragraph 104, Monsanto admits that it was

8    defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted

9    at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 104

10   are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto

11   denies those allegations.

12           105.    In response to the allegations in paragraph 105, Monsanto admits that it has stated

13   that Roundup®-branded products are safe when used as labeled and that they are non-

14   carcinogenic and non-genotoxic.

15           106.    In response to the allegations in paragraph 106, Monsanto admits that a 1986 joint

16   report of the World Health Organization and Food and Agriculture Organization of the United

17   Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

18   Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

19   Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

20   carcinogen.  Monsanto denies the remaining allegations in paragraph 106.

21           107.    Monsanto denies the allegations in paragraph 107.

22           108.    Monsanto denies the allegations in paragraph 108.

23           109.    Monsanto denies the allegations in paragraph 109.

24           110.    Monsanto denies the allegations in paragraph 110.

25           111.    Monsanto denies the allegations in paragraph 111.

26           112.    Monsanto denies the allegations in paragraph 112.

27           113.    Monsanto denies the allegations in paragraph 113.

28           114.    Monsanto denies the allegations in paragraph 114.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-09289-VC

115.   Monsanto denies the allegations in paragraph 115.

116.   Monsanto denies the allegations in paragraph 116.

117.   Monsanto denies the allegations in paragraph 117.

118.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 118 and therefore denies those allegations.

119.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 119 and therefore denies those allegations.

120.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 120 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 120.

121.   Monsanto denies the allegations in paragraph 121.

122.   Monsanto incorporates by reference its responses to paragraphs 1 through 121 in response to paragraph 122 of plaintiff's Complaint.

123.   Monsanto denies the allegations in paragraph 123.

124.   In response to the allegations in paragraph 124, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

125.   In response to the allegations in paragraph 125, Monsanto states that the cited document speaks for itself and does not require a response.

126.   Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancer and denies the remaining allegations in paragraph 126.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

127.   Monsanto denies the allegations in the first and last sentences of paragraph 127. The remaining allegations in paragraph 127 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-09289-VC

1    128.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint

2    and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-

3    branded products can cause cancer.  Monsanto states, however, that the scientific studies upon

4    which IARC purported to base its classification were all publicly available before March 2015.

5    The remaining allegations in paragraph 128 set forth conclusions of law for which no response is

6    required, consist of attorney characterizations and are accordingly denied, or comprise

7    allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to

8    the truth of the allegations asserted and therefore denies those allegations.

                                        * * *

10           There is no paragraph numbered "129" in the Complaint, and therefore no

11       response is required.

12                                      * * *

13

14    130.    Monsanto incorporates by reference its responses to paragraphs 1 through 129 in

15    response to paragraph 130 of plaintiff's Complaint.

16    131.    In response to the allegations in paragraph 131, Monsanto admits that plaintiff

17    purports to bring a claim for strict liability design defect, but denies any liability as to that claim.

18    132.    In response to the allegations in paragraph 132, Monsanto lacks information or

19    knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used

20    Roundup®-branded products and therefore denies that allegation.  Monsanto denies the

21    remaining allegations in paragraph 132.

22    133.    Monsanto denies the allegations in paragraph 133.

23    134.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24    truth of the allegations in paragraph 134 and therefore denies those allegations.

25    135.    Monsanto denies the allegations in paragraph 135.

26    136.    Monsanto denies the allegations in paragraph 136.

27    137.    Monsanto denies the allegations in paragraph 137.

28    138.    Monsanto denies the allegations in paragraph 138 and each of its subparts.

- 16 -

1    139.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 139 concerning plaintiff's claimed use of Roundup®-branded

3    products and therefore denies those allegations.  Monsanto denies the remaining allegations in

4    paragraph 139, including that Roundup®-branded products have "dangerous characteristics."

5    140.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in paragraph 140 concerning plaintiff's claimed use of Roundup®-branded

7    products and therefore denies those allegations.  Monsanto denies the remaining allegations in

8    paragraph 140, including that Roundup®-branded products have "dangerous characteristics."

9    141.    Monsanto denies the allegations in paragraph 141.

10    142.    Monsanto denies the allegations in paragraph 142.

11    143.    Monsanto denies the allegations in paragraph 143.

12    144.    Monsanto denies the allegations in paragraph 144.

13    145.    Monsanto denies the allegations in paragraph 145.

14    146.    Monsanto denies the allegations in paragraph 146.

15    147.    Monsanto denies the allegations in paragraph 147.

16    148.    Monsanto denies the allegations in paragraph 148.

17    In response to the "WHEREFORE" paragraph following paragraph 148, Monsanto

18    demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

19    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

20    fees as allowed by law and such further and additional relief as this Court may deem just and

21    proper. The statement in the last sentence of the "WHEREFORE" paragraph following

22    paragraph 148 sets forth a conclusion of law for which no response is required.

23    149.    Monsanto incorporates by reference its responses to paragraphs 1 through 148 in

24    response to paragraph 149 of plaintiff's Complaint.

25    150.    In response to the allegations in paragraph 150, Monsanto admits that plaintiff

26    purports to bring a claim for strict liability failure to warn, but denies any liability as to that

27    claim.

28    151.    Monsanto denies the allegations in paragraph 151.

152.    In response to the allegations in paragraph 152, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff or other entities identified purchased or used Roundup®-branded products and therefore denies that allegation.  The allegations in paragraph 152 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 152.

153.    The allegations in paragraph 153 set forth conclusions of law for which no response is required.

154.    Monsanto denies the allegations in paragraph 154.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

155.    Monsanto denies the allegations in paragraph 155.

156.    Monsanto denies the allegations in paragraph 156.

157.    Monsanto denies the allegations in paragraph 157.

158.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 158 and therefore denies those allegations.

159.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 159 concerning plaintiff's alleged use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 159, including that Roundup®-branded products have "dangerous characteristics."

160.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 160 concerning plaintiff's alleged use and exposure to Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 160, including that Roundup®-branded products have "dangerous characteristics."

161.    Monsanto denies the allegations in the first sentence of paragraph 161.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 161 and therefore denies those allegations.

162.    Monsanto denies the allegations in paragraph 162.

1    163.    Monsanto denies the allegations in paragraph 163.

2    164.    Monsanto denies the allegations in paragraph 164.

3    165.    Monsanto denies the allegations in paragraph 165.

4    166.    Monsanto denies the allegations in paragraph 166.

5    167.    Monsanto denies the allegations in paragraph 167.

6    168.    Monsanto denies the allegations in paragraph 168.

7    169.    Monsanto denies the allegations in the Complaint's first-numbered paragraph 169.

8    In response to the "WHEREFORE" paragraph following the Complaint's first-numbered paragraph 169, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of the "WHEREFORE" paragraph following the Complaint's first-numbered paragraph 169 sets forth a conclusion of law for which no response is required.

15    169.    Monsanto incorporates by reference its responses to paragraphs 1 through the Complaint's first-numbered paragraph 169 in response to the second-numbered paragraph 169 of plaintiff's Complaint.

18    170.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 170 regarding the specific products allegedly used by plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore denies the allegations in paragraph 170.

22    171.    The allegations in paragraph 171 set forth conclusions of law for which no response is required.

24    172.    The allegations in paragraph 172 set forth conclusions of law for which no response is required.

26    173.    Monsanto denies the allegations in paragraph 173.

27    174.    Monsanto denies the allegations in paragraph 174.

28

1    175.    Monsanto denies the allegations in paragraph 175.  All labeling of Roundup®-

2    branded products has been and remains EPA-approved and in compliance with all federal

3    requirements under FIFRA.

4    176.    Monsanto denies the allegations in paragraph 176.

5    177.    Monsanto denies the allegations in paragraph 177.

6    178.    Monsanto denies the allegations in paragraph 178, including each of its subparts.

7    179.    Monsanto denies the allegations in paragraph 179.

8    180.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 180 regarding plaintiff's knowledge and therefore Monsanto

10   denies those allegations.  Monsanto denies the remaining allegations in paragraph 180, including

11   that intended use and/or exposure to Roundup®-branded products causes any injuries.

12   181.    Monsanto denies the allegations in paragraph 181.

13   182.    Monsanto denies the allegations in paragraph 182.

14   183.    Monsanto denies the allegations in paragraph 183.  All labeling of Roundup®-

15   branded products has been and remains EPA-approved and in compliance with all federal

16   requirements under FIFRA.

17   In response to the "WHEREFORE" paragraph following paragraph 183, Monsanto

18   demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

19   dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

20   fees as allowed by law and such further and additional relief as this Court may deem just and

21   proper. The statement in the last sentence of the "WHEREFORE" paragraph following

22   paragraph 183 sets forth a conclusion of law for which no response is required.

23   184.    In response to the allegations in paragraph 184, Monsanto denies that plaintiff has

24   alleged fraud, let alone fraud with specificity.  Monsanto incorporates by reference its responses

25   to paragraphs 1 through 183 in response to paragraph 184 of plaintiff's Complaint.

26   185.    Monsanto denies the allegations in paragraph 185.

27   186.    Monsanto denies the allegations in paragraph 186.

28   187.    Monsanto denies the allegations in paragraph 187.

188.   Monsanto denies the allegations in paragraph 188.

189.   Monsanto denies the allegations in paragraph 189.

190.   Monsanto denies the allegations in paragraph 190.

191.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 191 regarding plaintiff's actions, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 191.

192.   Monsanto denies the allegations in paragraph 192.

193.   Monsanto denies the allegations in paragraph 193.

In response to the "WHEREFORE" paragraph following paragraph 193, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 193 sets forth a conclusion of law for which no response is required.

194.   The allegations in paragraph 194 set forth conclusions of law for which no response is required.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.   The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.   Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

1    3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

2  was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

3  plaintiff's alleged injuries.

4    4.    Plaintiff's claims are barred, in whole or in part, because the products at issue

5  were designed, manufactured, marketed and labeled with proper warnings, information, cautions

6  and instructions, in accordance with the state of the art and the state of scientific and

7  technological knowledge.

8    5.    Plaintiff's claims are barred, in whole or in part, because the products at issue

9  were not defective or unreasonably dangerous in that they complied with, at all relevant times,

10  all applicable government safety standards.

11    6.    Any claims based on allegations that Monsanto misled, defrauded, made

12  misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

13  *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

14  *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

15    7.    Plaintiff's claims are preempted, in whole or in part, by applicable federal law

16  relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

17  processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

18    8.    Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA

19  findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

20  product labeling.

21    9.    Plaintiff's claims are barred, in whole or in part, by the doctrine of primary

22  jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

23    10.    Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if

24  any, were the result of conduct of plaintiff, independent third parties, and/or events that were

25  extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

26  independent, intervening and superseding causes of the alleged injuries, including but not limited

27  to plaintiff's pre-existing medical conditions.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-09289-VC

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.     Monsanto has no current or former legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

16.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17.     Plaintiff's claims for punitive and/or aggravated damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Florida Constitution, and/or other applicable state constitutions.

18.     Plaintiff's claims for punitive and/or aggravated damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Florida law, and/or other applicable state laws.

19.     Plaintiff's claims for punitive and/or aggravated damages are barred and/or limited by operation of state and/or federal law, including Fla. Stat. § 768.73.  Monsanto would further show that under the facts of this case, however, an award of punitive damages consistent with the maximum awards permitted under Fla. Stat. § 768.73 would be a violation of Monsanto's state and federal constitutional rights.

20.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

22.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

23.     To the extent that plaintiff recovered payments for plaintiff's alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Fla. Stat. § 768.76.

24.     If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

25.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

26.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

27.     Plaintiff has failed to allege fraud with sufficient particularity.

28.     Plaintiff's claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

29.     In accordance with Fla. Stat. § 768.1257, plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

30.     Plaintiff's injuries, if any, were caused, in whole or in part, by the acts or omissions of persons other than Monsanto, whether individual, corporate, associate, or otherwise, whether named or unnamed in the Complaint, and for whose conduct Monsanto is not liable.  Monsanto is not liable for damages proximately caused by non-parties, pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), including any and all employers of plaintiff and any other product used by plaintiff that was not manufactured, sold, or distributed by Monsanto.

31.    Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## <u>JURY TRIAL DEMAND</u>

Monsanto demands a jury trial on all issues so triable.

DATED:  January 28, 2021                    Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:20-cv-09289-VC