# WHEATMAN DECLARATION

# EXHIBIT A

# WHEATMAN C.V.



# Shannon R. Wheatman, Ph.D.

President
Kinsella Media, LLC
2101 L Street NW, Suite 800
Washington, DC 20037
2010 – Present

Dr. Wheatman specializes in designing, developing, analyzing, and implementing large-scale legal notification plans. She is a court-recognized expert who provides testimony on the best notice practicable. Dr. Wheatman began her class action career in 2000 at the Federal Judicial Center where she was instrumental in the development of model notices to satisfy the plain language amendment to Rule 23. Her plain language expertise was advanced by her education, including her doctoral dissertation on plain language drafting of class action notice and her master's thesis on comprehension of jury instructions. Dr. Wheatman has been involved in over 600 class actions.  Her selected case experience includes:

*Antitrust*

*Allen v. Dairy Farmers of America, Inc.*, No. 09-CV-00230-CR (D. Vt.).

*Blessing v. Sirius XM Radio, Inc.*, No. 09-CV-10035 HB (S.D.N.Y.).

*Brookshire Bros. v. Chiquita*, No. 05-CV-21962 (S.D. Fla.).

*Cipro Cases I and II*, No. 4154 and No. 4220 (Super. Ct. Cal.).

*In re Automotive Parts Antitrust Litig.,* MDL No. 2311 (E.D. Mich.).

*In re Domestic Airline Travel Antitrust Litig.*, MDL No. 2656 (N.D. Cal.).

*In re Dynamic Random Memory (DRAM) Antitrust Litig.,* MDL No. 1486 (N.D. Cal.).

*In re Flonase Antitrust Litig.*, No. 08-CV-3301 (E.D. Pa.).

*In re LIBOR-Based Financial Instruments Antitrust Litig.* (Barclays Bank, Citibank, Deutsche Bank and HSBC settlements), MDL No. 2262 (S.D.N.Y.).

*In re Metoprolol Succinate End-Payor Antitrust Litig.*, No. 06-CV-71 (D. De.).

*In re NYC Bus Tour Antitrust Litig.,* No. 13-CV-0711 (S.D. N.Y.).

*In re Online DVD Rental Antitrust Litig.*, MDL No. 2029 (N.D. Cal.).

*In re Parking Heaters Antitrust Litigation*, No. 1:15-mc-00940 (E.D. N.Y.).

*In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827 (N.D. Cal.).

*In re Transpacific Passenger Air Trans. Antitrust Litig.*, MDL No. 1913 (N.D. Cal.).

*Precision Associates, Inc. v. Panalpina World Transport*, No. 08-CV-00042 (E.D. N.Y.).

*Roos v. Honeywell Int'l, Inc.*, No. 04-0436205 (Super. Ct. Cal.).

*Sweetwater Valley Farm, Inc. v. Dean Foods*, No. 07-CV-208 (E.D. Tenn.).

*The Shane Grp., Inc., v. Blue Cross Blue Shield of Michigan*, No. 10-CV-14360 (D. Minn.).

### *Bankruptcy*

*In re Boy Scouts of America and Delaware BSA, LLC*, No. 20-10343 (Bankr. D. Del.).

*In re Energy Future Holdings Corp.*, No. 14-10979 (Bankr. D. Del.) (asbestos).

*In re Garlock Sealing Technologies LLC*, No. 10-31607 (Bankr. W.D.N.C.) (asbestos).

*In re PG&E Corp. & Pacific Gas & Electric Co.*, No. 19-30088 (Bankr. N.D.Cal.) (Supplemental Notice Program to fire claimants).

*In re SCBA Liquidation, Inc., f/k/a Second Chance Body Armor, Inc.,* No. 04-12515 (Bankr. W.D. Mich.) (class action within a bankruptcy/defective product).

*In re The Roman Catholic Church of The Archdiocese of New Orleans*, No. 20-10846 (Bankr. E.D. La.).

*In re Think Finance, LLC*, No. 17-33964 (Bankr. N.D. Tex.) (payday loan borrowers).

*In re W.R. Grace & Co.*, No. 01-01139 (Bankr. D. Del.) (asbestos).

### *Consumer and Personal Injury/Product Liability*

*Abbott v. Lennox Industries, Inc.,* No. 16-2011-CA-010656 (4th Jud. Cir. Ct., Dade Cty. Fla) (defective product).

*Anderson v. Trans Union, LLC*, No. 16-CV-00558 (E.D. Va.) and *Clark v. Trans Union, LLC*, No. 15-CV-00391 (E.D. Va.) (consumer finance).

*Beringer v. Certegy Check Servs., Inc.*, No. 07-CV-1434 (M.D. Fla.) (data breach).

*Chaudhri v. Osram Sylvania, Inc.,* No. 11-CV-05504 (D.N.J.) (false advertising).

*Clark v. Experian Info. Sols., Inc.,* No. 3:16-cv-00032 (E.D. Va.) and *Brown v. Experian Info. Sols., Inc.,* No. 3:16-cv-00670 (E.D. Va.) (consumer finance).

*CSS, Inc. v. FiberNet, L.L.C.*, No. 07-C-401 (Cir. Ct. W. Va.) (telecommunications).

*Donovan v. Philip Morris USA, Inc.,* No. 06-CV-12234 (D. Mass.) (tobacco).



*FIA Card Servs., N.A. v. Camastro*, No. 09-C-233 (Cir. Ct. W.Va.) (credit card arbitration).

*George v. Uponor Corp.*, No. 12-CV-249 (D. Minn.) (defective product).

*Glazer v. Whirlpool Corp.*, No. 08-CV-65001 (N.D. Ohio) (defective product).

*Grays Harbor v. Carrier Corp.*, No. 05-CV-21962 (W.D. Wash.) (defective product).

*In re Building Materials Corp. of America Asphalt Roofing Shingle Prods. Liab. Litig.,* No. 11-CV-02000 (D.S.C.) (defective product).

*In re Checking Account Overdraft Litig.*, MDL No. 2036 (S.D. Fla.) (JP Morgan, U.S. Bank, BOA settlements; overdraft fees).

*In re Chinese-Manufactured Drywall Products Liability Litig.*,  MDL No. 2047 (E.D. La.).

*In re Enfamil LIPIL Mktg. & Sales Practs. Litig.*, MDL No. 2222 (S.D. Fla.) (false advertising).

*In re M3Power Razor System Mktg. & Sales Practs. Litig.*, MDL No. 1704 (D. Mass.) (false advertising).

*In re National Football League Players' Concussion Injury Litig.,* MDL No. 2323 (E.D. Pa.)

*In re Netflix Privacy Litig.*, No. 11-CV-00379 (N.D. Cal.) (privacy).

*In re Pharm. Industry Average Wholesale Price Litig.*, MDL No. 1456 (D. Mass.) (pharmaceutical).

*In re Sony Gaming Networks & Customer Data Security Breach Litig.*, MDL No. 2258 (S.D. Cal.) (data breach).

*In re Target Corp. Customer Data Security Breach Litig.*, MDL No. 2522 (D. Minn.) (data breach).

*In re Toyota Motor Corp. Unintended Acceleration Mktg, Sales Practs., & Prods. Litig.,* No. 10-ml-2151 (C.D. Cal.) (unintended acceleration).

*In re Volkswagen "Clean Diesel" Marketing, Sales Practs., and Prods. Liability Litig.*, MDL No. 2672 (N.D. Cal.) (false advertising).

*In re Vioxx Prods. Liab. Litig.*, MDL No. 1657 (E.D. La) (pharmaceutical).

*In re Wachovia Corp. "Pick-a-Payment" Mortgage Mktg & Sales Practs. Litig.*, MDL No. 2015 (N.D. Cal.) (negative amortization).

*In re Wirsbo Non-F1807 Yellow Brass Fittings*, No. 08-CV-1223 (D. Nev.) (defective product).

*Jabbari v. Wells Fargo*, No. 15-CV-02159 (N.D. Cal.) (unauthorized accounts).

*Keilholtz v. Lennox Hearth Prods.*, No. 08-CV-00836 (N.D. Cal.) (defective product).

*Kramer v. B2Mobile, LLC*, No. 10-CV-02722 (N.D. Cal.) (TCPA).

*Lee v. Carter Reed Co., L.L.C.*, No. UNN-L-39690-04 (N.J. Super. Ct.) (false advertising).



*Mirakay v. Dakota Growers Pasta Co., Inc.*, No. 13-CV-4229 (D.N.J.) (false advertising).

*Palace v. DaimlerChrysler*, No. 01-CH-13168 (Cir. Ct. Ill.) (defective product).

*Pauley v. Hertz Global Holdings, Inc.*, No. 13-C-236 (Cir. Ct. W.Va.) (administrative fees).

*Rowe v. UniCare Life & Health Ins. Co.*, No. 09-CV-02286 (N.D. Ill.) (data breach).

*Spillman v. Domino's Pizza*, No. 10-CV-349 (M.D. La.) (robo-call).

*Thomas v. Equifax Information Services, LLC*, No. 3:18-cv-00684 (E.D. Va.) (consumer finance).

*Trammell v. Barbara's Bakery, Inc.*, No. 12-CV-02664 (N.D. Cal.) (false advertising).

*United Desert Charities v. Sloan Valve Company*, No. 12-CV-06878 (C.D. Cal.) (defective product).

*Wolph v. Acer America Corp.*, No. 09-CV-01314 (N.D. Cal.) (false advertising).

*Environmental/Property*

*Allen v. Monsanto Co.*, No. 041465 and *Carter v. Monsanto Co.*, No. 00-C-300 (Cir. Ct. W. Va.) (dioxin release).

*Andrews et al. v. Plains All American Pipeline, L.P.*, No. 15-CV-04113 (C.D. Cal.) (Santa Barbara Oil Spill).

*Angel v. U.S. Tire Recovery*, No. 06-C-855 (Cir. Ct. W.Va.) (tire fire).

*Cather v. Seneca-Upshur Petroleum Inc.*, No. 09-CV-00139 (N.D. W.Va.) (oil & gas rights).

*Ed Broome, Inc. v. XTO Energy, Inc.*, No. 09-CV-147 (N.D. W.Va.) (oil & gas rights).

*Good v. West Virginia American Water Co.*, No. 14-CV-1374 (S.D.W. Va.) (water contamination).

*In re Katrina Canal Breaches Litig.*, No. 05-CV-4182 (E.D. La.) (Hurricanes Katrina and Rita).

*In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010,* MDL No. 2179 (E.D. La.) (BP, Halliburton and Transocean settlements).

*Jones v. Dominion Transmission Inc.*, No. 06-CV-00671 (S.D. W.Va.) (oil & gas rights).

*Thomas v. A. Wilbert & Sons, LLC*, No. 55,127 (18th Jud. Dist. Ct., Iberville Parish) (vinyl chloride water contamination).

*Government*

*Cobell v. Salazar*, No. 96-CV-01285 (D.C.), Depts. of Interior and Treasury.

Countrywide Mortgage Settlement, Department of Justice.



Iovate Settlement, Federal Trade Commission.

LeanSpa Settlement, Federal Trade Commission.

National Mortgage Settlement, Attorneys General.

Vaginal Mesh Settlement, Washington Attorneys General.

Walgreens Settlement, Federal Trade Commission.

*Insurance*

*Beasley v. Hartford Ins. Co. of the Midwest*, No. CV-2005-58-1 (Cir. Ct. Ark.) (homeowners insurance).

*Bond v. Am. Family Ins. Co.*, No. 06-CV-01249 (D. Ariz) (property insurance).

*Burgess v. Farmers Ins. Co.*, No. 2001-CV-292 (Dist. Ct. Okla.) (homeowners insurance).

*Cole's Wexford Hotel, Inc. v. UPMC,* No. 10-CV-01609 (W.D. Pa.) (health insurance).

*Campbell v. First Am. Title Ins. Co.*, No. 08-CV-311(D. Me.) (title insurance).

*DesPortes v. ERJ Ins. Co.,* No. SU2004-CV-3564 (Ga. Super. Ct.) (credit premium insurance).

*Fogel v. Farmers Grp., Inc.*, No. BC300142 (Super. Ct. Cal.) (management exchange fees).

*Guidry v. Am. Public Life Ins. Co.*, No. 2008-3465 (14th Jud. Dist. Ct.) (cancer insurance).

*Gunderson v. F.A. Richard & Assocs., Inc.*, No. 2004-2417-D. (14th Jud. D. Ct. La.) (PPO).

*Johnson v. Progressive Casualty Ins., Co.*, No. CV-2003-513 (Cir. Ct. Ark.) (automobile insurance).

*McFadden v. Progressive Preferred*, No. 09-CV-002886 (Ct. C.P. Ohio) (UM/UIM).

*Orrill v. Louisiana Citizens Fair Plan*, No. 05-11720 (Civ. Dist. Ct., Orleans Parish) (Hurricane Katrina property insurance).

*Press v. Louisiana Citizens Fair Plan Prop. Ins. Co.*, No. 06-5530 (Civ. Dist. Ct., Orleans Parish) (Hurricane Katrina property insurance).

*Purdy v. MGA Ins. Co.*, No. D412-CV-2012-298 (4th Jud. Ct. N. Mex.) (UM/UIM).

*Shaffer v. Continental Casualty Co.*, No. 06-CV-2235 (C.D. Cal.) (long term care insurance).

*Sherrill v. Progressive Northwestern Ins. Co.*, No. DV-03-220 (18th D. Ct. Mont.) (automotive premiums).

*Soto v. Progressive Mountain Ins. Co.*, No. 2002-CV-47 (Dist. Ct. Mont.) (personal injury insurance).

*Webb v. Liberty Mutual Ins. Co.*, No. CV-2007-418-3 (Cir. Ct. Ark) (bodily injury claims).



*Securities*

*In re Municipal Derivatives Antitrust Litig.*, MDL No. 1950 (S.D.N.Y.).

*In re Mutual Funds Inv. Litig.,* MDL No. 1586 (D. Md.) (Allianz Sub-Track).

*Canada*

*Bechard v. Province of Ontario*, No. CV-10-417343 (Ont. S.C.J.) (personal injury).

*Clarke v. Province of Ontario*, No. CV-10-411911 (Ont. S.C.J.) (personal injury).

*Dolmage v. Province of Ontario*, No. CV-09-376927CP00 (Ont. S.C.J.) (personal injury).

*Donnelly v. United Technologies Corp.,* No. 06-CV-320045 CP (Ont. S.C.J.) (defective product).

*Hall v. Gillette Canada Co.*, No. 47521CP (Ont. S.C.J.) (false advertising).

*Wener v. United Technologies Corp.*, 2008 QCCS 6605 (Québec) (defective product).

## Articles and Presentations

Shannon Wheatman, Speaker, *Researching the Past and Predicting the Future*, Consumers and Class Action Notices: Federal Trade Commission Workshop, Washington, DC (Oct. 2019).

Shannon Wheatman, Speaker, *Looking Ahead – Challenges and Opportunities For Increasing Consumer Recovery Rates*, Consumers and Class Action Notices: Federal Trade Commission Workshop, Washington, DC (Oct. 2019).

Shannon Wheatman, Speaker, *How to Get Your Notice Actually Noticed: Claims Stimulation 3.0*, Women Antitrust Plaintiffs' Attorneys, Napa, CA (June 2018).

Shannon Wheatman & Katherine Kinsella, *The Plain Language Toolkit for Class Action Notice*, in A PRACTITIONER'S GUIDE TO CLASS ACTIONS, 2ND ED. 701 - 710 (Marcy Greer ed., 2017).

Katherine Kinsella & Shannon Wheatman, *Quantifying Notice Results in Class Actions,* in A PRACTITIONER'S GUIDE TO CLASS ACTIONS, 2ND ED. 693 - 700 (Marcy Greer ed., 2017).

Maureen Gorman & Shannon Wheatman, *Reality Check: The State of Media and Its Usage in Class Notice*, in A PRACTITIONER'S GUIDE TO CLASS ACTIONS, 2ND ED. 711-722 (Marcy Greer ed., 2017).

Joshua P. Davis, Shannon Wheatman, & Cristen Stephansky, *Writing Better Jury Instructions: Antitrust As An Example*, 119 W. VA. L. REV. 235 (Fall 2016).



Shannon Wheatman, Webinar Speaker, *Balancing Due Process and Claims: A Conversation on Strategies to Safeguard Your Settlement*, American Association for Justice (Sept. 2016).

Shannon Wheatman & Alicia Gehring, *Mixed Media: A Smarter Approach To Class Action Notice*, Law360.com (June 11, 2015).

Shannon Wheatman, Speaker, *Balancing Due Process and Claims: A Conversation on Strategies to Safeguard Your Settlement*, Plaintiffs' Forum, Rancho Palos Verdes, CA (Apr. 2015).

Joshua Davis, Shannon Wheatman & Cristen Stephansky, *Writing Better Jury Instructions: Antitrust as an Example*, Paper presented at 15th Annual Loyola Antitrust Colloquium, Chicago, IL (Apr. 2015).

Shannon R. Wheatman, Speaker, *Can Competition Concepts be Made Comprehensible to Juries (and Judges)*, American Antitrust Institute's Business Behavior & Competition Policy in the Courtroom: Current Challenges for Judges, Stanford, CA (Aug. 2014).

Shannon R. Wheatman, Webinar Speaker, *Crafting Class Settlement Notice Programs: Due Process, Reach, Claims Rates, and More*, Strafford Publications (Feb. 2014).

Shannon R. Wheatman, *Cutting Through the Clutter: Eight Tips for Creatively Engaging Class Members and Increasing Response*, CLASS ACTION LITIGATION REPORT, 15 CLASS 88 (Jan. 24, 2014).

Shannon Wheatman & Michelle Ghiselli, *Privacy Policies: How To Communicate Effectively with Consumers*, International Association of Privacy Professionals (2014).

Shannon R. Wheatman, Speaker, *Report on Model Jury Instructions in Civil Antitrust Cases, Presentation*, American Antitrust Institute's 7th Annual Private Antitrust Enforcement Conference, Washington, DC (Dec. 2013).

Shannon R. Wheatman, Speaker, Class Action Notice, Reach & Administration, CLE International's 9th Annual Class Action Conference, Washington, DC (Oct. 2013).

Shannon R. Wheatman, *Ensuring Procedural Fairness Through Effective Notice,* in NATIONAL CONFERENCE ON CLASS ACTIONS: RECENT DEVELOPMENTS IN QUÉBEC, IN CANADA AND IN THE UNITED STATES 83-99 (Yvon Blais ed., 2013).

Shannon R. Wheatman, Speaker, *Class Action Developments and Settlements*, 18th Annual Consumer Financial Services Institute, New York, New York (Apr. 2013).

Shannon R. Wheatman, Speaker, *Recent Trends in Class Actions in the United States*, National



Conference on Class Actions: Recent Developments in Québec, in Canada and in the United States, Montreal, Canada (Mar. 2013).

Shannon R. Wheatman, Speaker, *Report on Model Jury Instructions in Civil Antitrust Cases, Presentation*, American Antitrust Institute's 6th Annual Private Antitrust Enforcement Conference, Washington, DC (Dec. 2012).

Shannon R. Wheatman & Katherine M. Kinsella, *International Class Action Notice*, in WORLD CLASS ACTION: A GUIDE TO GROUP AND REPRESENTATIVE ACTIONS AROUND THE GLOBE 673-686 (Paul Karlsgodt ed., 2012).

Katherine Kinsella & Shannon Wheatman, *Class Notice and Claims Administration*, in PRIVATE ENFORCEMENT OF ANTITRUST LAW IN THE UNITED STATES: A HANDBOOK 338–348 (Albert A. Foer & Randy M. Stutz eds., 2012).

Shannon R. Wheatman, Webinar Speaker, *Class Action Notice Requirements: Challenges for Plaintiffs and Defendants*, Strafford Publications (July 2012).

Shannon R. Wheatman, Webinar Speaker, *How to Craft Plain Language Privacy Notices*, Int'l Assoc. of Privacy Professionals (Oct. 2011).

Shannon R. Wheatman, Speaker, *Improving Take-Up Rates in Class Actions*, The Canadian Institute's 12th Annual National Forum on Class Actions, Ontario, Canada (Sept. 2011).

Shannon R. Wheatman & Terri R. LeClercq, *Majority of Publication Class Action Notices Fail to Satisfy Rule 23 Requirements*, 30 REV. LITIG. 53 (2011).

Shannon R. Wheatman & Terri R. LeClercq, *Majority of Publication Class Action Notices Fail to Satisfy Rule 23 Requirements*, CLASS ACTION LITIGATION REPORT, 12 CLASS 560, (June 24, 2011).

Katherine Kinsella & Shannon Wheatman, *Class Notice and Claims Administration*, in THE INTERNATIONAL PRIVATE ENFORCEMENT OF COMPETITION LAW 264–274 (Albert A. Foer & Jonathan W. Cuneo eds., 2010).

Shannon R. Wheatman, Speaker, *Majority of Publication Class Action Notices Fail to Satisfy Plain Language Requirements*, Clarity International Conference, Lisbon, Portugal (Oct. 2010).

Shannon R. Wheatman, Webinar Speaker, *Class Action Notification with Electronic Media: Emerging Legal Issues*, Stratford Publications (Sept. 2010).



Shannon R. Wheatman & Thomas E. Willging, *Does Attorney Choice of Forum in Class Action Litigation Really Make a Difference?* 17 CLASS ACTIONS & DERIVATIVES SUITS 1 (2007).

Todd B. Hilsee, Gina M. Intrepido & Shannon R. Wheatman, *Hurricanes, Mobility and Due Process: The "Desire-to-Inform" Requirement for Effective Class Action Notice Is Highlighted by Katrina*, 80 TULANE L. REV. 1771 (2006).

Thomas E. Willging & Shannon R. Wheatman, *Attorney Choice of Forum in Class Action Litigation: What Difference Does it Make?* NOTRE DAME L. REV., 81 (2), 101, 161 (2006).

Todd B. Hilsee, Shannon R. Wheatman & Gina M. Intrepido, *Do you really want me to know my rights? The ethics behind due process in class action notice is more than just plain language: A desire to actually inform*. GEO. J. LEGAL ETHICS, 18 (4), 1359-1382 (2005).

Thomas E. Willging & Shannon R. Wheatman, *An Empirical Examination of Attorneys' Choice of Forum in Class Action Litigation*. FEDERAL JUDICIAL CENTER (2005).

Elizabeth C. Wiggins & Shannon R. Wheatman, *So what's a concerned psychologist to do? Translating the research on interrogations, confessions, and entrapment into policy*, in INTERROGATIONS, CONFESSIONS AND ENTRAPMENT 265–280 (G. Daniel Lassiter ed., 2004).

Thomas E. Willging & Shannon R. Wheatman, *Attorneys' Experiences and Perceptions of Class Action Litigation in Federal and State Courts. A Report to the Advisory Committee on Civil Rules Regarding a Case Based Survey*. FEDERAL JUDICIAL CENTER (2003).

Shannon R. Wheatman, *Survey of Bankruptcy Judges on Effectiveness of Case-Weights*. FEDERAL JUDICIAL CENTER (2003).

Elizabeth C. Wiggins & Shannon R. Wheatman, *Judicial Evaluation of Bankruptcy Judges*. FEDERAL JUDICIAL CENTER (2003).

Robert Niemic, Thomas Willging, & Shannon Wheatman, *Effects of Amchem/Ortiz on Filing of Federal Class Actions: Report to the Advisory Committee on Civil Rules*. FEDERAL JUDICIAL CENTER (2002).

Shannon Wheatman, Robert Niemic & Thomas Willging, *Report to the Advisory Committee on Civil Rules: Class Action Notices*. FEDERAL JUDICIAL CENTER (2002).

Elizabeth C. Wiggins & Shannon R. Wheatman, *Implementation of Selected Amendments to Federal Rule of Civil Procedure 26 by United States Bankruptcy Courts*. FEDERAL JUDICIAL CENTER (2001).



Shannon R. Wheatman & David R. Shaffer, *On finding for defendants who plead insanity: The crucial impact of dispositional instructions and opportunity to deliberate*. LAW & HUM. BEH., 25(2), 165, 181 (2001).

Shannon R. Wheatman, *Distance Learning in the Courts*. FEDERAL JUDICIAL CENTER (2000).

David R. Shaffer & Shannon R. Wheatman, *Does personality influence the effectiveness of judicial instructions?* PSYCHOL. PUB. POL'Y & L., 6, 655, 676 (2000).

## Court Testimony

*In re Boy Scouts of America and Delaware BSA, LLC*, No. 20-10343 (Bankr. D. Del.)

*In re Chinese-Manufactured Drywall Products Liability Litig.*, MDL No. 2047 (E.D. La.).

*In re The Roman Catholic Church of The Archdiocese of New Orleans*, No. 20-10846 (Bankr. E.D. La.).

*In re Think Finance, LLC,* No. 17-33964 (Bankr. N.D. Tex.).

*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Prods. Liability Litig.*, MDL No. 2672 (N.D. Cal.).

*State v. Farmer Group Inc.*, No. D-1-GV-02-002501(D. Ct. Tex., Travis County).

*Scharfstein v. BP West Coast Prods., LLC*, No. 1112-17046 (Cir. Ct. Ore.).

*Spillman v. Domino's Pizza*, No. 10-CV-349 (M.D. La.).

*PRC Holdings LLC v. East Resources, Inc.*, No. 06-C-81 (Cir. Ct. W. Va.).

*Guidry v. Am. Public Life Ins. Co.*, No. 2008-3465 (14th Jud. Dist. Ct., Calcasieu Parish).

*Webb v. Liberty Mutual Ins. Co.*, No. CV-2007-418-3 (Cir. Ct. Ark).

*Beasley v. The Reliable Life Ins. Co.*, No. CV-2005-58-1 (Cir. Ct. Ark).

## Depositions

*In re Think Finance, LLC,* No. 17-33964 (Bankr. N.D. Tex.).

*Hale v. CNX Gas Co., LLC*, No. 10-CV-59 (W.D. Va.).

*Thomas v. A. Wilbert Sons, LLC*, No. 55,127 (18th Jud. Dist. Ct., Iberville Parish).



**Judicial Comments**

*Ferrell v. U-Haul*, No. 11-C-1427 (Cir. Ct. W. Va.)

In overruling objections to the notice program, the Court found that "Dr. Wheatman is one of the foremost experts on class notice and has been qualified as a class notice expert in both the courts of this state (including this Court) and nationwide." - Hon. Joanna I. Tabit (2018)

*Jabbari v. Wells Fargo*, No. 15-CV-02159 (N.D. Cal.)

"In addition to that robust direct mail and email notice program, the Settlement provided an extensive media and advertising component. *See* Wheatman Decl. (ECF 183). That included printing a color publication notice in national news outlets and Spanish-language outlets. Id. ¶¶ 17-19. "Banner ads" were also placed on websites, using targeted ad campaigns. Id. ¶ 23. Supplementing all of these efforts was a media outreach program designed to drive awareness of the Settlement and point Settlement Class Members to the Settlement Website, www.WFSettlement.com, which provided notice, frequently asked questions, and key court documents. Id. ¶¶ 28-33 . . . In short, the parties and their Court-appointed experts used every reasonable tool to create and implement and [sic] wide-ranging program to provide the best notice practicable to potential Settlement Class Members . . . Because the Court finds that the Notice complied with due process and the requirements of Rule 23, it overrules objections to the Notice." - Hon. Vince Chhabria (2018)

*Good v. West Virginia American Water Co.*, No. 14-CV-1374 (S.D.W. Va.)

"The Notice transmitted to the Settlement Class met the requirements of Fed. R. Civ. P. 23(c), constituted the best notice practicable under the circumstances, and satisfied the Constitutional due process requirements of notice with respect to all Settlement Class Members, . . . The Notice Program was executed by qualified and experienced Notice Administrators . . ." - Hon. John T. Copenhaver, Jr. (2018)

*In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010,* MDL No. 2179 (E.D. La.) (Haliburton and Transocean settlements)

"The Class Notices were 'noticeable, clear, concise, substantive, and informative.' Wheatman Decl. ¶ 4(b).14 The notice distribution method satisfied Rule 23(c)(2), as it was the 'best notice that is practicable under the circumstances.' Fed. R. Civ. P. 23(c)(2); *see* Wheatman Decl. ¶ 5. The notice contents satisfied Rule 23(c)(2)(B)(i)–(vii) . . . " - Hon. Carl J. Barbier (2017)

*In re Automotive Parts Antitrust Litig.,* MDL No. 2311 (E.D. Mich.)

"EPPs, through EPPs' class action notice expert consultant, Kinsella Media, LLC ("Kinsella"), implemented a class-notice program utilizing paid and earned media. See, e.g., Declaration of Shannon R. Wheatman, Ph.D. . . . Notice was published in *Field & Stream*, *ESPN The Magazine*, *People*, *Reader's*



*Digest*, *Southern Living*, *Woman's Day*, *The Wall Street Journal*, *Auto Rental News*, *Automotive Fleet*, *Reuters*, *NBC Money*, *Consumer Reports*, and *Automotive Weekly*, and online media efforts through banner advertisements on outlets like Facebook and Yahoo!. The banner advertisements . . . have been seen a total estimated 354,593,140 times. The earned media component of this notice program included a multimedia news release distributed on PR Newswire's US1 National Circuit on November 29, 2016. Id. [T]he release was republished across 171 news websites and received over 11,415 views. Id. A total of 248 journalists engaged with the multimedia news release, and major national outlets that covered the Settlements, include: *Reuters*, *Associated Press*, *Boston Globe*, *Chicago Tribune*, *The Today Show*, *NBC Money*, *Consumer Reports*, and *Automotive Weekly*. Other earned media efforts . . . included statewide press releases in the EPP States as well as outreach to 275 national and local reporters for print and television." - Hon. Marianne O. Battani (2017)

*In re Volkswagen "Clean Diesel" Marketing, Sales Practs., and Prods. Liability Litig.*, MDL No. 2672 (N.D. Cal.)
"The Notice Program included 811,944 mailings, 453,797 emails, 125 newspaper insertions and targeted online advertising. The Court is satisfied that the extensive Notice Program was reasonably calculated to notify Class Members of the proposed Settlement. The Notice 'apprise[d] interested parties of the pendency of the action and afford them an opportunity to present their objections.' *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Indeed, the Notice Administrator reports the Notice Program reached more than 90% of potential Class Members." - Hon. Charles R. Breyer (2016)

*In re Transpacific Passenger Air Trans. Antitrust Litig.*, MDL No. 1913 (N.D. Cal.)
In overruling an objection that direct notice should have been done, the Court found "[T]he notice program, which the Court already approved, reached 80.3% of the potential class members in the United States an average of 2.6 times and "at least 70%" of members of the Settlement Classes living in Japan. See Mot. for Final Approval at 4; Wheatman Decl. ¶¶ 8, 18. The notice also included paid media in 13 other countries. Id.; ¶ 25. There were 700,961 unique visits to the website, toll-free numbers in 15 countries received over 2,693 calls, and 1,015 packages were mailed to potential class members. Id. ¶¶ 6, 9, 10. It was therefore adequate." - Hon. Charles R. Breyer (2015)

*In re Target Corp. Customer Data Security Breach Litig.*, MDL No. 2522 (D. Minn)
"The parties accomplished notice here through direct notice, paid and earned media, and an informational website . . . [T]he notice program reached 83% of potential class members. The notice here comports with Rule 23(e) . . . Class notice reached more than 80 million people, with direct notice sent to 61 million consumers . . . [The] infinitesimally small amount of opposition weighs in favor of approving the settlement." - Hon. Paul A. Magnuson (2015)

*The Shane Grp., Inc., v. Blue Cross Blue Shield of Michigan*, No. 10-CV-14360 (D. Minn.)

*Digest*, *Southern Living*, *Woman's Day*, *The Wall Street Journal*, *Auto Rental News*, *Automotive Fleet*, *Reuters*, *NBC Money*, *Consumer Reports*, and *Automotive Weekly*, and online media efforts through banner advertisements on outlets like Facebook and Yahoo!. The banner advertisements . . . have been seen a total estimated 354,593,140 times. The earned media component of this notice program included a multimedia news release distributed on PR Newswire's US1 National Circuit on November 29, 2016. Id. [T]he release was republished across 171 news websites and received over 11,415 views. Id. A total of 248 journalists engaged with the multimedia news release, and major national outlets that covered the Settlements, include: *Reuters*, *Associated Press*, *Boston Globe*, *Chicago Tribune*, *The Today Show*, *NBC Money*, *Consumer Reports*, and *Automotive Weekly*. Other earned media efforts . . . included statewide press releases in the EPP States as well as outreach to 275 national and local reporters for print and television." - Hon. Marianne O. Battani (2017)

*In re Volkswagen "Clean Diesel" Marketing, Sales Practs., and Prods. Liability Litig.*, MDL No. 2672 (N.D. Cal.)
"The Notice Program included 811,944 mailings, 453,797 emails, 125 newspaper insertions and targeted online advertising. The Court is satisfied that the extensive Notice Program was reasonably calculated to notify Class Members of the proposed Settlement. The Notice 'apprise[d] interested parties of the pendency of the action and afford them an opportunity to present their objections.' *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Indeed, the Notice Administrator reports the Notice Program reached more than 90% of potential Class Members." - Hon. Charles R. Breyer (2016)

*In re Transpacific Passenger Air Trans. Antitrust Litig.*, MDL No. 1913 (N.D. Cal.)
In overruling an objection that direct notice should have been done, the Court found "[T]he notice program, which the Court already approved, reached 80.3% of the potential class members in the United States an average of 2.6 times and "at least 70%" of members of the Settlement Classes living in Japan. See Mot. for Final Approval at 4; Wheatman Decl. ¶¶ 8, 18. The notice also included paid media in 13 other countries. Id.; ¶ 25. There were 700,961 unique visits to the website, toll-free numbers in 15 countries received over 2,693 calls, and 1,015 packages were mailed to potential class members. Id. ¶¶ 6, 9, 10. It was therefore adequate." - Hon. Charles R. Breyer (2015)

*In re Target Corp. Customer Data Security Breach Litig.*, MDL No. 2522 (D. Minn)
"The parties accomplished notice here through direct notice, paid and earned media, and an informational website . . . [T]he notice program reached 83% of potential class members. The notice here comports with Rule 23(e) . . . Class notice reached more than 80 million people, with direct notice sent to 61 million consumers . . . [The] infinitesimally small amount of opposition weighs in favor of approving the settlement." - Hon. Paul A. Magnuson (2015)

*The Shane Grp., Inc., v. Blue Cross Blue Shield of Michigan*, No. 10-CV-14360 (D. Minn.)



"The notice to Settlement Class Members consisted of postcard notices to millions of potential class members, as well as advertisements in newspapers and newspaper supplements, in *People* magazine, and on the Internet . . . The Court finds that this notice . . . was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and . . . fully complied with due process principles and Federal Rule of Civil Procedure 23." - Hon. Denise Page Hood (2015)

*Mirakay v. Dakota Growers Pasta Co., Inc.*, No. 13-CV-4229 (D. N.J.)
"Having heard the objections made, the Court is unimpressed with the Objectors argument that there was somehow insufficient notice . . . This notice program has fully informed members of their rights and benefits under the settlement, and all required information has been fully and clearly presented to class members. Accordingly, this widespread and comprehensive campaign provides sufficient notice under the circumstances, satisfying both due process and Rule 23 and the settlement is therefore approved by this Court." - Hon. Joel A. Pisano (2014)

*Spillman v. Dominos Pizza, LLC.*, No. 10-CV-349 (M.D. La.)
"At the fairness hearing notice expert Wheatman gave extensive testimony about the design and drafting of the notice plan and its implementation, the primary goal of which was to satisfy due process under the applicable legal standards . . . Wheatman, who has extensive experience developing plain-language jury instructions, class action notices and rules of procedure, testified that the notice was composed at a ninth grade reading level because many adults read below a high school level." - Hon. Stephen C. Riedlinger (2013)

*Kramer v. B2Mobile, LLC*, No. 10-CV-02722 (N.D. Cal.)
"The Court approved Notice Plan to the Settlement Classes . . . was the best notice practicable under the circumstances, including comprehensive nationwide newspaper and magazine publication, website publication, and extensive online advertising. The Notice Plan has been successfully implemented and satisfies the requirements of Federal Rule of Civil Procedure 23 and Due Process." - Hon. Claudia A. Wilken (2012)

*Cather v. Seneca-Upshur Petroleum, Inc.,* No. 09-CV-00139 (N.D. W. Va.)
 "The Court finds that Class Members have been accorded the best notice as is practical under the circumstances, and have had the opportunity to receive and/or access information relating to this Settlement by reading the comprehensive written notice mailed to them . . . or by reading the published Notice in the local newspapers . . . The Court further finds that the Notice provided to the members of the Settlement Class had been effective and has afforded such class members a reasonable opportunity to be heard at the Final Fairness Hearing and to opt-out of the subject settlement should anyone so desire."
- Hon. Irene M. Keeley (2012)



*In re Checking Account Overdraft Fee Litig.*, MDL No. 2036 (S.D. Fla.) (JP Morgan Settlement)
"The Court finds that the Settlement Class Members were provided with the best practicable notice; the notice was "reasonably calculated, under [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Shutts*, 472 U.S. at 812 (quoting *Mullane*, 339 U.S. at 314-15). This Settlement with Chase was widely publicized, and any Settlement Class Member who wished to express comments or objections had ample opportunity and means to do so." - Hon. James Lawrence King (2012)

*Purdy v. MGA Ins. Co.,* No. D412-CV-2012-298 (N.M. 4th Jud. Dist. Ct.)
"Notice of the Settlement Class was constitutionally adequate, both in terms of it substance and the manner in which it was disseminated. The Notice contained the essential elements necessary to satisfy due process . . . [T]he Notice also contained a clear and concise Claim Form, and a described a clear deadline and procedure for filing of Claims. Notice was directly mailed to all Class Members whose current whereabouts could be identified by reasonable effort. Notice reached a large majority of the Class Members. The Court finds that such notice constitutes the best notice practicable." - Hon. Eugenio Mathis (2012)

*Soto v. Progressive Mountain Ins. Co.*, No. 2002-CV-47 (Dist. Ct. Colo.)
"Notice of the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated. The Notice contained the essential elements necessary to satisfy due process . . . Finally, the Notice also contained a clear and concise Claim Form, and described a clear deadline and procedure for filing of claims . . . Notice reached a large majority of the Class Members. The Court finds that such notice constitutes the best notice practicable." - Hon. J. Steven Patrick (2010)

*In re Katrina Canal Breaches*, No. 05-CV-4182 (E.D. La.)
"The notice here was crafted by Shannon Wheatman, Ph.D., whose affidavit was received as evidence . . . The entire notice was drafted in plain, comprehensible language . . . The Court finds this notice adequately reached the potential class." - Hon. Stanwood R. DuVal, Jr. (2009)

*Jones v. Dominion Transmission Inc.*, No. 06-CV-00671 (S.D. W. Va.)
"The Parties' notice expert Shannon R. Wheatman, Ph.D. . . . testified that in this case . . . that the mailed notices reached approximately 95.4 percent of the potential class . . . I HOLD that personal jurisdiction exists over the Class Members because notice was reasonable and afforded the Settlement Class an opportunity to be heard and to opt out." - Hon. Joseph R. Goodwin (2009)

*Guidry v. Am. Public Life Ins. Co.*, No. 2008-3465 (14th Jud. Dist. Ct.)
"The facts show that the notice plan . . . as adequate to design and implementation . . . Dr. Shannon R. Wheatman, a notice expert, also testified at the fairness hearing as to the sufficiency of the notice plan.



Dr. Wheatman testified that the notice form, content, and dissemination was adequate and reasonable, and was the best notice practicable." - Hon. G. Michael Canaday (2008)

*Webb v. Liberty Mutual Ins. Co.*, (March 3, 2008) No. CV-2007-418-3 (Cir. Ct. Ark)
"Ms. Wheatman's presentation today was very concise and straight to the point . . . that's the way the notices were . . . So, I appreciate that . . . Having admitted and reviewed the Affidavit of Shannon Wheatman and her testimony concerning the success of the notice campaign, including the fact that written notice reached 92.5% of the potential Class members, the Court finds that it is unnecessary to afford a new opportunity to request exclusion to individual Class members who had an earlier opportunity to request exclusion but failed to do so . . . The Court finds that there was minimal opposition to the settlement. After undertaking an extensive notice campaign to Class members of approximately 10,707 persons, mailed notice reached 92.5% of potential Class members." - Hon. Kirk D. Johnson (2008)

*Sherrill v. Progressive Northwestern Ins. Co.*, No. DV-03-220 (18th D. Ct. Mont.)
"Dr. Wheatman's affidavit was very informative, and very educational, and very complete and thorough about the process that was undertaken here . . . So I have reviewed all of these documents and the affidavit of Dr. Wheatman and based upon the information that is provided . . . and the significant number of persons who are contacted here, 90 percent, the Court will issue the order." - Hon. Mike Salvagni (2008)

*Beasley v. The Reliable Life Ins. Co.*, No. CV-2005-58-1 (Cir. Ct. Ark)
"[T]he Court has, pursuant to the testimony regarding the notification requirements, that were specified and adopted by this Court, has been satisfied and that they meet the requirements of due process. They are fair, reasonable, and adequate. I think the method of notification certainly meets the requirements of due process . . . So the Court finds that the notification that was used for making the potential class members aware of this litigation and the method of filing their claims, if they chose to do so, all those are clear and concise and meet the plain language requirements and those are completely satisfied as far as this Court is concerned in this matter." - Hon. Joe Griffin (2007)

## Education and Experience

*Education*

Ph.D., Social Psychology, 2001; The University of Georgia, Athens, GA
Dissertation Title: *The effects of plain language drafting on layperson's comprehension of class action notices*.

M.S., Social Psychology, 1999; The University of Georgia, Athens, GA
Thesis Title: *Effects of verdict choice, dispositional instructions, opportunity to deliberate, and locus of*



*control on juror decisions in an insanity case.*

M.L.S., Legal Studies, 1996; The University of Nebraska-Lincoln, Lincoln, NE

B.A., Psychology, 1993; Millersville University of Pennsylvania, Millersville, PA
Honor's Thesis Title: *The effects of inadmissible evidence and judicial admonishment in individual versus group decisions in a mock jury simulation.*

### *Related Experience*

Hilsoft Notifications
Souderton, PA
2004-2009

Dr. Wheatman was the Vice President (2006-2009) and Notice Director (2004-2009) at Hilsoft Notifications, a legal notification firm.

Federal Judicial Center
Washington, DC
2000-2004

Dr. Wheatman was a Research Associate at the Federal Judicial Center. The Federal Judicial Center is the education and research agency for the Federal Courts. The Research Division performs empirical and explanatory research on federal judicial processes and court management. Dr. Wheatman worked with the Civil Rules Advisory Committee on a number of class action studies and with the Bankruptcy Administration Committee on judicial evaluations.

### *Supplementary Background*

Dr. Wheatman has a strong statistical background, having completed nine graduate level courses as well as teaching undergraduate statistics at the University of Georgia.

