# EXHIBIT 1

## REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

Fletcher V. Trammell, Esq.
Melissa Binstock Ephron, Esq.
TRAMMELL, PC
3262 Westheimer Rd., Ste. 423
Houston, TX 77098
Tel: (800) 405-1740
Fax: (800) 532-0992
fletch@trammellpc.com
melissa@trammellpc.com

Alexander G. Dwyer
Andrew F. Kirkendall
Erin M. Wood
KIRKENDALL DWYER LLP
4343 Sigma Rd, Suite 200
Dallas, TX  75244
Tel: 214-271-4027
Fax: 214-253-0629
ad@kirkendalldwyer.com
ak@kirkendalldwyer.com
ewood@kirkendalldwyer.com

*CATEGORY 3 OBJECTORS:
Attorney for Plaintiffs Whose
Counsel Have Signed A
Participation Agreement*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>**ALL CASES** | MDL No. 2741<br>Case No. 16-md-02741-VC<br><br>**DECLARATION OF FLETCHER V. TRAMMELL, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION, Doc. 12394** |

**<u>DECLARATION OF FLETCHER V. TRAMMELL UNDER PENALTY OF PERJURY</u>**

I, Fletcher V. Trammell, declare that:

1. This Declaration, and the undersigned counsel's participation in these objections, constitute a special appearance subject to the undersigned's objections to this Court's jurisdiction. I object to the MDL No. 2741 Court's jurisdiction over me, over my law firm, and over my and Trammell, P.C.'s Roundup clients. The undersigned only submits this Declaration, and signed briefing, subject to the understanding that jurisdictional objections are not waived.[1] It is my position that the MDL No. 2741 Court lacks jurisdiction to enter orders requiring deposits and/or payments out of proceeds for resolving my and my firm's clients' Roundup-exposure related cases. This disclaimer of jurisdiction is controlling over anything to the contrary.

2. I am an attorney and the owner of Trammell, P.C. At this time, we represent approximately 4,852 clients with claims arising from Roundup use and/or exposure. We have been litigating Roundup claims since 2018.

3. The majority of Trammell, P.C.'s cases are either filed in state court or are unfiled. A small number of cases were also improvidently removed to federal court.

4. I signed a Participation Agreement with court-appointed counsel in MDL No. 2741. However, the work of the MDL Plaintiffs' Co-Lead Counsel (CLC), the Plaintiffs' Executive Committee (PEC), and those performing "approved common benefit work" (collectively "MDL Efforts") did not benefit myself, my firm, or my clients to the extent that CLC and PEC should be awarded **$800 million** in common benefit fees and expenses. In fact, the assistance we received was merely ancillary relative to our own work, and we never received the trial package the Participation Agreement calls for. An 8.25% tax was also never agreed to by me.

---

[1] *See, e.g., Vincent v. Hughes Air W., Inc.,* 557 F.2d 759, 765 (9th Cir. 1977); *Hartland v. Alaska Airlines,* 544 F.2d 992 (9th Cir. 1976).

2

DECLARATION OF FLETCHER V. TRAMMELL, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION, Doc. 12394

5.  CLC's motion claims that it "conducted the substantial work of the litigation in . . . state courts" (CLC Mot., 1:6), and that "the MDL Leadership conducted most of the state court litigation" (*id.* at 2:6). [Doc. 12394, Pages 7-8 of 33]. This is simply not true. Trammell, P.C. has completed an extensive amount of work on our cases in St. Louis, Missouri and in California. For example, Trammell, P.C. has responded to and propounded hundreds of pages of discovery requests, and we have numerous depositions that began the week of January 25, 2021 and will continue throughout February and March of 2021. We have also retained our own experts at our own expense and have engaged in heavy motions practice and oral arguments. In fact, Trammell, P.C. currently has two preference cases that are being slotted for trial this summer, and we have several other preference motions pending. Because Trammell, P.C. is currently preparing cases for trial, I am more than familiar with the amount of time and energy that go into trial preparation as well as the state of common benefit work in this litigation and the materials available to Plaintiffs' counsel. For this reason, I am uniquely positioned to say that it is unfathomable for Co-Leads to be asking for **$800 million** in common benefit fees and expenses.

6.  CLC also states that, "the MDL leadership's [sic] led the Court to appoint Special Master Ken Feinberg, which in turn led to the current settlement of Roundup cases."[2] However, their settlement did not benefit myself, my firm, or my clients; none of Trammell, P.C.'s cases have been able to settle due to the ███████ offer received. CLC and PEC, instead, settled their own clients' cases at a premium for ███████████ on average per case, with the intention, or at least knowledge, that other Roundup victims would not enjoy the same settlement benefits that CLC and PEC obtained for their clients. ████████████████████████

---

[2] CLC Mot., 3:2-3 [Document 12394, Page 9 of 33].

3

**DECLARATION OF FLETCHER V. TRAMMELL, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION, Doc. 12394**

███████████████████████████████████████████████████

███████████████████████████████

7.      Attached hereto as Exhibit 2 is a true and correct copy of *In Re Vioxx*: Order on Award of Plaintiffs' Common Benefit Counsel Fees and Reimbursement of Expenses.

      I, Fletcher V. Trammell, declare under penalty of perjury that the foregoing is true and correct, that if called as a witness I would and could testify competently, and that I make this declaration based on my personal knowledge.

EXECUTED on 2nd day of February, 2021

*/s/ Fletcher V. Trammell*

Fletcher V. Trammell

4

**DECLARATION OF FLETCHER V. TRAMMELL, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION, Doc. 12394**