# EXHIBIT 3

## REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

Andrew F. Kirkendall
Alexander G. Dwyer
Erin M. Wood
KIRKENDALL DWYER LLP
4343 Sigma Rd, Suite 200
Dallas, TX 75244
Tel: 214-271-4027
Fax: 214-253-0629
ak@kirkendalldwyer.com
ad@kirkendalldwyer.com
ewood@kirkendalldwyer.com

Fletcher V. Trammell, Esq.
Melissa Binstock Ephron, Esq.
TRAMMELL, PC
3262 Westheimer Rd., Ste. 423
Houston, TX 77098
Tel: (800) 405-1740
Fax: (800) 532-0992
fletch@trammellpc.com
melissa@trammellpc.com

*CATEGORY 3 OBJECTORS:*
*Attorney for Plaintiffs Whose*
*Counsel Have Signed A*
*Participation Agreement*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
|---|---|
| This document relates to:<br>**ALL CASES** | **DECLARATION OF ANDREW F. KIRKENDALL, SUBJECT TO SPECIAL APPEARNCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION, Doc. 12394** |

## DECLARATION OF ANDREW F. KIRKENDALL UNDER PENALTY OF PERJURY

I, ANDREW F. KIRKENDALL, declare that:

1.    This Declaration, and the undersigned counsel's participation in these objections, constitute a special appearance subject to the undersigned's objections to this Court's jurisdiction. I object to the MDL No. 2741 Court's jurisdiction over me, over my law firm, and over my and Kirkendall Dwyer LLP's Roundup clients. The undersigned only submits this Declaration, and signs briefing, subject to the understanding that jurisdictional objections are not waived.[1] It is my position that the MDL No. 2741 Court lacks jurisdiction to enter orders requiring deposits and/or payments out of proceeds for resolving my and my firm's clients' Roundup-exposure related cases. This disclaimer of jurisdiction is controlling over anything to the contrary.

2.    I am Partner at KIRKENDALL DWYER LLP. At this time, we represent approximately 4,418 clients with claims arising from Roundup use and/or exposure.

3.    The majority of Kirkendall Dwyer LLP's cases are either filed in state court or are unfiled. A small number of cases were also improvidently removed to federal court.

4.    I signed a Participation Agreement with court-appointed counsel in MDL No. 2741.

However, the work of the MDL Plaintiffs' Co-Lead Counsel (CLC), the Plaintiffs' Executive Committee (PEC), and those performing "approved common benefit work" (collectively "MDL Efforts") did not benefit myself, my firm, or my clients to the extent that CLC and PEC should be awarded nearly $1 billion dollars in common benefit fees and expenses.

---

[1] *See, e.g., Vincent v. Hughes Air W., Inc.,* 557 F.2d 759, 765 (9th Cir. 1977); *Hartland v. Alaska Airlines,* 544 F.2d 992 (9th Cir. 1976).

**Case No. 16-md-02741-VC, DECLARATION OF ANDREW F. KIRKENDALL, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION**

5.     CLC's motion claims that it "conducted the substantial work of the litigation in . . . state courts" (CLC Mot., 1:6), and that "the MDL Leadership conducted most of the state court litigation" (*id.* at 2:6). [Doc. 12394, Pages 7-8 of 33]. This is simply not true. Kirkendall Dwyer LLP has completed an extensive amount of work on our cases in St. Louis, Missouri, and in California.  For example, Kirkendall Dwyer LLP has responded to and propounded hundreds of pages of discovery requests, and we have numerous depositions that are scheduled to take place throughout February and March of 2021. We have also retained experts at our own expense and have engaged in motions practice and oral arguments. In fact, Kirkendall Dwyer LLP has had its motion for trial preference granted in one case.  Because Kirkendall Dwyer LLP is currently preparing cases for trial, I am more than familiar with the amount of time and energy that go into trial preparation as well as the state of common benefit work in this litigation and the materials available to Plaintiffs' counsel. For this reason, I am uniquely positioned to say that it is unreasonable for Co-Leads to be asking for **$800 million** in common benefit fees.

6.     CLC also states that, "the MDL leadership's [sic] led the Court to appoint Special Master Ken Feinberg, which in turn led to the current settlement of Roundup cases."[2] However, their settlement did not benefit me, my firm, or my clients, as none of Kirkendall Dwyer LLP's cases have been able to settle due to t▮▮▮▮▮▮ offer received. CLC and PEC, instead, settled their own clients' cases at a premium for ▮▮▮▮▮ on average per case, with the intention, or at least knowledge, that other Roundup victims would not enjoy the same settlement values.[3]

---

[2] CLC Mot., 3:2-3 [Document 12394, Page 9 of 33].
[3] Carey Gillam, *Some U.S. Roundup plaintiffs balk at signing Bayer settlement deals; $160,000 average payout eyed,* U.S. Right to Know (July 30, 2020), https://usrtk.org/monsanto-roundup-

I, ANDREW F. KIRKENDALL, declare under penalty of perjury that the foregoing is true and correct, that if called as a witness I would and could testify competently, that I make this declaration based on my personal knowledge.

EXECUTED on February 4, 2021.

ANDREW F. KIRKENDALL
KIRKENDALL DWYER LLP

---

trial-tracker/some-u-s-roundup-plaintiffs-balk-at-signing-bayer-settlement-deals-160000-average-payout-eyed/ (last visited Feb. 2, 2021).

4

**Case No. 16-md-02741-VC, DECLARATION OF ANDREW F. KIRKENDALL, SUBJECT TO
SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION**