# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: ROUNDUP PRODUCTS**
**LIABILITY LITIGATION**                                      MDL No. 2741

## ORDER DENYING REMAND

**Before the Panel**:  *Pro se* plaintiff Ralph A. Applegate moves under Panel Rule 10.3 for Section 1407 remand of the two actions listed on Schedule A, which we previously transferred from the Southern District of Ohio to MDL No. 2741 in the Northern District of California.[1] Defendants Monsanto Company and Bayer A.G. oppose the motion for Section 1407 remand.

After considering the parties' arguments, we conclude that remand is not appropriate at this time and therefore deny plaintiff's motion.  In considering the question of Section 1407 remand, we accord great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge supervises the day-to-day pretrial proceedings in the MDL.  *See In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977).  A transferee judge's suggestion of remand to the Panel, *see* Panel Rule 10.1(b), indicates that "he perceives his role under Section 1407 to have ended."  *In re Holiday Magic*, 433 F. Supp. at 1126.

Here, plaintiff has filed motions for remand with the transferee court (which are more properly understood as motions seeking a suggestion of remand from the court).  The transferee court has not yet ruled on these motions and has not issued a suggestion of Section 1407 remand.  Without a suggestion of remand, a party advocating Section 1407 remand "bears a strong burden of persuasion."  *Id.*  Plaintiff has not met this burden.

In requesting remand, plaintiff argues that pretrial proceedings in the MDL are complete.  This is incorrect.  Although much of the common general causation discovery is complete, the transferee court is dividing the actions in the MDL into waves, based on applicable state law.  The court intends to suggest remand of each wave following the completion of case-specific discovery

---

[1] Plaintiff specifically requests remand to Ohio state court.  Section 1407, however, only authorizes the Panel to remand actions previously transferred to an MDL to their respective transferor court.  *See* 28 U.S.C. § 1407(a).

- 2 -

and adjudication of case-specific *Daubert* and summary judgment motions.[2]  The transferee court has not yet placed actions originating from Ohio, such as plaintiffs' two actions, into a remand wave.  Accordingly, it appears that pretrial proceedings in these actions are not yet complete and Section 1407 remand is not appropriate.  If the transferee court determines that the continued inclusion of plaintiff's actions in the MDL is no longer warranted, it is free to suggest Section 1407 remand of the actions.

Additionally, plaintiff argues that the global settlement reportedly reached in the MDL is unjust.  Plaintiff, though, is not required to participate in any settlement, and not all actions in the MDL have settled.  Plaintiff also states that he is 89 years old, but does not otherwise argue that he has been inconvenienced or prejudiced by inclusion in the MDL.  While we are sympathetic to plaintiff's concerns relating to his age, we are not persuaded that they justify Section 1407 remand of his actions at this time.  As we stated when we transferred his actions to MDL No. 2741, transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay.  *See* Transfer Order at 2, MDL No. 2741 (J.P.M.L. Jun. 6, 2018), ECF No. 599 (citing *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012)).

IT IS THEREFORE ORDERED that the motion for Section 1407 remand is denied.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Catherine D. Perry          Nathaniel M. Gorton
Matthew F. Kennelly         David C. Norton
Roger T. Benitez            Dale A. Kimball

---

[2] *See* Pretrial Order No. 147 at 1, *In re Roundup Prods. Liab. Litig.*, C.A. No. 3:16-md-02741 (N.D. Cal. May 21, 2019), ECF No. 3834 ("The Court will decide all case-specific summary judgment motions.  In addition, because *Daubert* motions relating causation are so intertwined with summary judgment, the Court will decide those as well.  Ninth Circuit law will govern the *Daubert* motions regardless of where the case originated.  The courts that will eventually try the cases will be left with any other pretrial motions, including motions in limine, motions to bifurcate, and *Daubert* motions unrelated to summary judgment.").

**IN RE: ROUNDUP PRODUCTS**
**LIABILITY LITIGATION**                                    MDL No. 2741

## SCHEDULE A

<u>Northern District of California</u>

APPLEGATE v. MONSANTO COMPANY, C.A. No. 3:18-03363 (S.D. Ohio,
    C.A. No. 2:18-00045)
APPLEGATE v. BAYER AG, C.A. No. 3:19-06800 (S.D. Ohio, C.A. No. 2:19-04264)