UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC<br><br>**DECLARATION OF JEFFREY J. LOWE IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION, Doc. 12394** |

## DECLARATION OF JEFFREY J. LOWE UNDER PENALTY OF PERJURY

I, Jeffrey J. Lowe, declare that:

1. I am a partner at Carey Danis & Lowe. At this time, we represent approximately 525 clients with claims arising from Roundup exposure (the "Roundup Clients").

2. I submit this Declaration for the sole purpose of addressing this Court's jurisdiction to order a holdback from any recovery by my firm's Roundup Clients.

3. The Roundup Clients' cases were not filed in the Northern District of California (the "MDL Court"), and none of the Roundup Clients' cases has been made a part of this MDL. Instead, my Roundup Clients' cases are currently pending in state court in Missouri.

4. We have not signed any participation agreement with court-appointed counsel in MDL No. 2741 ("CLC" or "MDL Leadership"). Nor have we voluntarily submitted to the MDL Court's jurisdiction or agreed to be bound by the terms of PTO 12 in return for MDL work product.

5. We have not requested, and did not receive, any MDL work-product. Neither CLC nor anyone in MDL Leadership has offered to provide me or my firm a trial packet, discovery documents, transcripts, or any other MDL work product. And we have not shared our own work product with CLC or MDL Leadership.

6.  My firm has not retained any experts that were engaged by CLC and MDL Leadership, nor have we received any work product, report, or testimony prepared by those experts.

7.  CLC's motion claims that CLC "conducted the substantial work of the litigation in . . . state courts" (CLC Mot., 1:6), and that "the MDL Leadership conducted most of the state court litigation" (*id.* at 2:6). [Doc. 12394, Pages 7-8 of 33]. Respectfully, those statements are not true with respect to the clients that Carey Danis & Lowe represents in Missouri. To the extent that CLC and MDL Leadership have appeared in other cases pending in Missouri state court, their efforts were not undertaken on behalf of, nor did they benefit, our clients. Moreover, I am not aware of any order from the Missouri courts permitting CLC or MDL Leadership to receive common-benefit compensation for their efforts in the state courts. Indeed, so far as I am aware, CLC or MDL Leadership have not even sought such an order.

8.  Some of my firm's Roundup Clients have settled their cases with Monsanto. The settlements that my clients have entered into were negotiated by me and my firm without the assistance of CLC, MDL Leadership, or the court-appointed special master in this MDL. To the extent that I remain engaged in ongoing settlement negotiations with Monsanto, those negotiations are being conducted by me and my firm, without the assistance or involvement of CLC, MDL Leadership, or the MDL special master.

2

**DECLARATION OF JEFFREY J. LOWE, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION, Doc. 12394**

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on \_\_1st\_\_ February, 2021.

_____
Jeffrey J. Lowe
Carey Danis & Lowe

---

**DECLARATION OF JEFFREY J. LOWE, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION, Doc. 12394**