# Exhibit 2

Andrew W. Hutton, KS Bar No. 10264
andrew.hutton@huttonlaw.com
HUTTON & HUTTON LAW FIRM, L.L.C.
P. O. Box 638
Wichita, KS 67201-0638
Tel:   316-688-1166
Fax:   316-686-1077

*Attorneys for Plaintiffs with Roundup
Exposure Claims Over Which There Is No
Federal Jurisdiction*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
|---|---|
| This document relates to: | **DECLARATION OF ANDREW W. HUTTON SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION, Doc. 12394** |

### DECLARATION OF SIGNATORY UNDER PENALTY OF PERJURY

I, Andrew W. Hutton, declare that:

1.   This Declaration, and the undersigned counsel's participation in these objections, constitute a special appearance subject to the undersigned's objections to this Court's jurisdiction. I object to the MDL No. 2741 Court's jurisdiction over me, over my law firm, and over Hutton & Hutton's Roundup clients whose cases are not filed in the MDL. The undersigned only submits this Declaration, and signs briefing, subject to the understanding that jurisdictional objections are

1

not waived.[1] It is my position that the MDL No. 2741 Court lacks jurisdiction to enter orders requiring deposits and/or payments out of proceeds for resolving my firm's clients' Roundup-exposure related cases that are not in this MDL. This disclaimer of jurisdiction is controlling over anything to the contrary.

2. I am an attorney and founding partner at Hutton & Hutton Law Firm. At this time, we represent approximately 214 clients with claims arising from Roundup exposure. Only three of these clients' cases were filed in the District Court of Kansas and subsequently transferred to MDL No. 2741. 211 of our firm's clients have cases pending in state court in Missouri. None of these clients acquiesce to this Court's jurisdiction over them, their cases, or their counsel for any purpose.

3. I, my firm, and our clients did not voluntarily subject ourselves to this Court's jurisdiction concerning the 211 Roundup cases filed in the state court in Missouri. We have not signed any participation agreement with court-appointed counsel in MDL No. 2741.

4. This Court lacks personal and subject matter jurisdiction to enter an order requiring the deposit and/or payment of a share of the proceeds arising from the settlement of the Roundup-related claims of my or my firm's clients because their cases are not properly before the Court.

5. The work of the MDL Plaintiffs' Co-Lead Counsel (CLC), the Plaintiffs' Executive Committee (PEC), and those performing "approved common benefit work" (collectively "MDL Efforts") did not benefit myself or my firm in the representation of our clients, nor was a benefit thereby bestowed upon our clients.

---

[1] *See, e.g., Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 765 (9th Cir. 1977); *Hartland v. Alaska Airlines*, 544 F.2d 992 (9th Cir. 1976).

2

Case No. 16-md-02741-VC, DECLARATION OF SIGNATORY, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION

6. The CLC's motion claims that it "conducted the substantial work of the litigation in . . . state courts" (CLC Mot., 1:6), and that "the MDL Leadership conducted most of the state court litigation" (*id.* at 2:6). [Doc. 12394, Pages 7-8 of 33]. This is not true as to the clients Hutton & Hutton represents. The CLC has done no work in state court for our clients, much less has the CLC conducted "the substantial work." Therefore, as to our clients, the CLC's statement is not true.

7. The CLC's motion discusses the discovery it pursued, motions that it fought in the federal MDL court, depositions, experts, *Daubert* motions, and cases tried to verdict. We have not received or relied on any of the discovery documents or transcripts that the CLC states it developed in MDL No. 2741.

8. The alleged MDL Efforts did not benefit me, my firm, or my clients. I have not shared work product with the CLC or the PEC. The MDL Efforts were never made available to me and my clients. No one from the CLC or PEC offered to provide me or my firm a trial packet, documents, transcripts, or experts. I have no reason to believe that the MDL Plaintiffs' experts will be available in any of my cases.

9. The CLC states that, "the MDL leadership's [sic] led the Court to appoint Special Master Ken Feinberg, which in turn led to the current settlement of Roundup cases."[2] The appointment of Mr. Feinberg did not lead to the settlement of Hutton & Hutton's cases. The settlements that Hutton & Hutton has entered into were negotiated by me and our firm without the assistance of the CLC or the PEC. For this reason, and because the CLC and/or PEC has never

---

[2] CLC Mot., 3:2-3 [Document 12394, Page 9 of 33].

3

Case No. 16-md-02741-VC, DECLARATION OF SIGNATORY, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION

assisted me in my cases, I do not believe that the MDL Efforts were responsible for generating the settlement offers that we were able to obtain on behalf of our clients.

10. The CLC contends that the MDL Efforts are responsible for successful representation of plaintiffs in Missouri courts.[3] However, to my knowledge, the CLC and the PEC did not receive an order from the Missouri courts that recognizes their entitlement to compensation working for plaintiffs with whom the CLC and/or PEC have not contracted. This statement is based on the fact that the CLC Motion does not claim that its fee and expense demand has the imprimatur of any state Judge, because I never received notice of such a motion or order in my cases, and because I have been actively litigating Roundup cases in Missouri and believe that had such an order ever been issued in a Roundup case, then in the ordinary course of my active litigation practice, I would know of it.

I, ANDREW W. HUTTON, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, that if called as a witness I would and could testify competently, and that I make this declaration based on my personal knowledge.

EXECUTED on 22nd January, 2021.

_____
ANDREW W. HUTTON
HUTTON & HUTTON LAW FIRM, LLC

---

[3] *E.g.*, CLC Mot., 5 [Doc. 12394, Page 11 of 33].

4

**Case No. 16-md-02741-VC, DECLARATION OF SIGNATORY, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION**