# Exhibit 3

Arati C. Furness, CA Bar No. 225435
Majed Nachawati
S. Ann Saucer
Misty Farris
Fears Nachawati, PLLC
5473 Blair Road
Dallas, Texas 75231
Tel. (214) 890-0711/Fax (214) 890-0712
afurness@fnlawfirm.com

***Attorneys for Plaintiffs with Roundup
Exposure Claims Over Which There Is No
Federal Jurisdiction***

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to: | **DECLARATION OF NABIL MAJED NACHAWATI II, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION, DOC. 12394** |

**CASE NO. 16-MD-02741-VC, DECLARATION OF NABIL MAJED NACHAWATI II, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION**

## DECLARATION OF NABIL MAJED NACHAWATI II
## UNDER PENALTY OF PERJURY

I, NABIL MAJED NACHAWATI II, declare that:

1.      This Declaration, and the undersigned counsel's participation in these objections, constitute a special appearance subject to the undersigned's objections to this Court's jurisdiction. I object to the MDL No. 2741 Court's jurisdiction over me, over my law firm, and over my and FEARS NACHAWATI, PLLC's Roundup clients. The undersigned only submits this Declaration, and signs briefing, subject to the understanding that jurisdictional objections are not waived.[1] It is my position that the MDL No. 2741 Court lacks jurisdiction to enter orders requiring deposits and/or payments out of proceeds for resolving my and my firm's clients' Roundup-exposure related cases. This disclaimer of jurisdiction is controlling over anything to the contrary.

2.      I am a named partner and co-founder of Fears Nachawati, PLLC. At this time, we represent approximately 4,814 clients with claims arising from Roundup exposure. None of these clients' cases were voluntarily filed in this MDL No. 2741, and no client acquiesces to this Court's jurisdiction over them, their cases, or their counsel for any purpose.

3.      Only 4 of my clients have cases that are pending in MDL No. 2741, and that is only because the cases were removed and transferred here after being filed in state courts. I have or will file motions to remand these cases back to the tribunal with subject matter jurisdiction over the claims. Approximately 4,615 of these clients have cases pending in state court in St. Louis County Circuit Court, Missouri; approximately 5 have cases pending in Jackson County

---

[1]  *See, e.g., Vincent v. Hughes Air W., Inc.,* 557 F.2d 759, 765 (9th Cir. 1977); *Hartland v. Alaska Airlines,* 544 F.2d 992 (9th Cir. 1976).

Circuit Court, Missouri; approximately 4 have cases pending in state courts in Texas; 1 has a case pending in state court in Iowa; and 1 has a case pending in state court in New Mexico. We have represented our clients who are victims of Roundup exposure in cases filed since August 30, 2018.

      4.      I, my firm, and our clients did not voluntarily subject ourselves to this Court's jurisdiction, and we have not signed any participation agreement with court-appointed counsel in MDL No. 2741.

      5.      This Court lacks personal and subject matter jurisdiction to enter an order requiring the deposit and/or payment of a share of the proceeds arising from the settlement of the Roundup-related claims of my or my firm's clients, because their cases are not properly before the Court.

      6.      The work of the MDL Plaintiffs' Co-Lead Counsel (CLC), the Plaintiffs' Executive Committee (PEC), and those performing "approved common benefit work" (collectively "MDL Efforts") did not benefit myself or my firm in the representation of our clients, nor was a benefit thereby bestowed upon our clients.

      7.      The CLC's motion claims that it "conducted the substantial work of the litigation in . . . state courts" (CLC Mot., 1:6), and that "the MDL Leadership conducted most of the state court litigation" (*id*. at 2:6). [Doc. 12394, Pages 7-8 of 33]. This is not true as to the clients Fears Nachawati, PLLC represents.

      8.      The CLC's motion discusses the discovery it pursued, motions that it fought in the federal MDL court, depositions, experts, *Daubert* motions, and cases tried to verdict. We have not received or relied on any of the discovery documents or transcripts that the CLC states it developed in MDL No. 2741.

**CASE NO. 16-MD-02741-VC, DECLARATION OF NABIL MAJED NACHAWATI II, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION**

9.        The alleged MDL Efforts did not benefit me, my firm, or my clients. I have not shared work product with the CLC or the PEC. The MDL Efforts were never made available to me and my clients. No one from the CLC or PEC offered to provide me or my firm a trial packet, documents, transcripts, or experts.

10.        The CLC states that, "the MDL leadership's [sic] led the Court to appoint Special Master Ken Feinberg, which in turn led to the current settlement of Roundup cases."[2] However, the CLC members settled their own cases and their settlement efforts did not benefit me, my firm, or our clients. This appointment has not led to the settlement of Fears Nachawati, PLLC's cases. To the extent that Fears Nachawati, PLLC has attempted to negotiate settlement offers with the Defendants, neither the CLC nor the PEC has participated in those efforts.

11.        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, that if called as a witness I would and could testify competently, and that I make this declaration based on my personal knowledge.

EXECUTED On ____February 3_, 2021.

_____
NABIL MAJED NACHAWATI II
FEARS NACHAWATI, PLLC

---

[2] CLC Mot., 3:2-3 [Document 12394, Page 9 of 33].

**CASE NO. 16-MD-02741-VC, DECLARATION OF NABIL MAJED NACHAWATI II, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION**