# Exhibit 4

**Behram V. Parekh (SBN 180361)**
**DALIMONTE RUEB STOLLER LLP**
515 S. Figueroa St., Suite 1550
Los Angeles, California 90071
T: 619.821.2305
F: 855-203-2035
E: behram.parekh@drlawllp.com

*Counsel for Objecting Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to: | MDL No. 2741<br>Case No. 16-md-02741-VC<br><br>**DECLARATION OF BEHRAM V. PAREKH IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION** |

## DECLARATION OF BEHRAM V. PAREKH

I, BEHRAM V. PAREKH, declare that:

1. This declaration, and the undersigned counsel's participation in these objections, constitute a special appearance subject to the undersigned's objections to this Court's jurisdiction over my firm's clients whose cases are not filed in this MDL ("objecting clients"). My firm's objecting clients respectfully object to the MDL No. 2741 Court's jurisdiction over my firm and themselves, both as to personal and subject matter jurisdiction. The undersigned only submits this declaration, and signs briefing, subject to the understanding that jurisdictional objections are not waived on behalf of objecting clients.[1] It is my firm's position that the MDL No. 2741 Court lacks jurisdiction to enter orders requiring deposits and/or payments out of proceeds for any potential future resolution of my and my firm's clients' Roundup-exposure related cases whose cases are not filed in this MDL. This disclaimer of jurisdiction is controlling over anything to the contrary.

2. I am a partner at Dalimonte Rueb Stoller LLP. At this time, my firm represents approximately 3800 clients with claims arising from Roundup exposure that do not have cases filed in this MDL. Only three of my firms' clients' cases were filed in federal court, and were therefore transferred to this MDL, and no client who does not have a case pending before this MDL acquiesces to this Court's jurisdiction over them, their cases, or their counsel for any purpose. The three clients with cases filed in federal court and transferred to this MDL do not object to the Court's jurisdiction, but do object to Co-Lead Counsel's ("CLC") Motion for the other reasons stated in the objection briefs.

---

[1] *See, e.g., Vincent v. Hughes Air W., Inc.,* 557 F.2d 759, 765 (9th Cir. 1977); *Hartland v. Alaska Airlines,* 544 F.2d 992 (9th Cir. 1976).

2

3.    Neither my firm nor our clients voluntarily subjected ourselves to this Court's jurisdiction with regard to any Roundup claim. Neither my firm nor our clients have signed any participation agreement with court-appointed counsel in MDL No. 2741 nor any other agreement voluntarily subjecting ourselves to the Court's jurisdiction.

4.    My firm's objecting clients have not entered into any settlement agreement with the defendants in this litigation. This Court lacks both personal and subject matter jurisdiction to enter an order requiring the deposit and/or payment of a share of the proceeds arising from the potential future settlement or judgment of the Roundup-related claims of my firm's clients whose cases are not filed in this MDL, because they and their claims are not properly before the Court.

5.    The work of the MDL Plaintiffs' CLC, the Plaintiffs' Executive Committee (PEC), and those performing "approved common benefit work" has not benefited my firm in the representation of our clients, nor was a benefit thereby bestowed upon our clients, as such work was necessary for the litigation of CLC's and PEC's cases own cases regardless of the existence or non-existence of objecting clients, did not result in a global settlement program, and did not result in the advancement or settlement of objecting clients' cases.

6.    The CLC's motion claims that it "conducted the substantial work of the litigation in . . . state courts" (CLC Mot., 1:6), and that "the MDL Leadership conducted most of the state court litigation" (*id.* at 2:6). [Doc. 12394, Pages 7-8 of 33]. This is not true as to the clients my firm represents. The CLC has done no work in state court for our clients, much less has the CLC conducted "the substantial work." Therefore, as to our clients, the CLC's statement is not true.

7.    The CLC's motion discusses the discovery it pursued, motions that it fought in the federal MDL court, depositions, experts, *Daubert* motions, and cases tried to verdict. My firm has

not received from the CLC, or relied on any of the information that the CLC states it developed in MDL No. 2741, that is not otherwise available to any member of the public.

8. The alleged work done by CLC did not benefit my firm's objector clients. My firm has not shared work product with the CLC. No trial package was ever offered or made available to my firm and my clients. No one from the CLC or PEC offered to provide me or my firm access to experts and I have no reason to believe that many of the MDL Plaintiffs' experts will be available to my firm's objector clients for the litigation of their cases. In fact, at least two of the experts my firm has contacted have stated that they are unavailable to be retained by us for further litigation involving Roundup cases.

9. The CLC states that, "the MDL leadership's [sic] led the Court to appoint Special Master Ken Feinberg, which in turn led to the current settlement of Roundup cases."[2] However, the CLC members settled their own cases and their settlement efforts did not benefit me, my firm, or our clients. This appointment has not led to negotiation of nor the settlement of my firm's objector clients' cases. To the extent that my firm has attempted to negotiate settlement offers with the Defendants, neither the Special Master nor the CLC or PEC has participated in those efforts. In fact, the settlement by the CLC and PEC of their own cases, without the negotiation of and agreement to a global settlement process for all claimants, has actually resulted in a detriment to objecting clients' ability to negotiate a settlement by significantly reducing the overall dollar amount defendants have publicly stated they have reserved for a global settlement of all Roundup related litigation.

---

[2] CLC Mot., 3:2-3 [Document 12394, Page 9 of 33].

4

Case No. 16-md-02741-VC, DECLARATION OF BEHRAM V. PAREKH IN SUPPORT OF
OBJECTIONS TO CLC COMMON BENEFIT MOTION

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, that if called as a witness I would and could testify competently, and that I make this declaration based on my personal knowledge.

EXECUTED on this 2nd of February, 2021 in Culver City, California.

By: _____
Behram V. Parekh, Esq.
DALIMONTE RUEB STOLLER LLP

5

Case No. 16-md-02741-VC, DECLARATION OF BEHRAM V. PAREKH IN SUPPORT OF
OBJECTIONS TO CLC COMMON BENEFIT MOTION