# Exhibit 5

Bradford J. Gilde (SBN 273033)
Nick H. Johnson
Basil E. Adham
JOHNSON LAW GROUP
2925 Richmond Avenue, Suite 1700
Houston, Texas 77098
Telephone: 713-626-9336
Facsimile: 713-583-9460
BGilde@JohnsonLawGroup.com
NJohnson@JohnsonLawGroup.com
BAdham@JohnsonLawGroup.com

*Attorneys for Plaintiffs with Roundup
Exposure Claims Over Which There Is No
Federal Jurisdiction*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>***ALL JOHNSON LAW GROUP PLAINTIFFS*** | MDL No. 2741<br>Case No. 16-MD-02741-VC<br><br><br>**DECLARATION OF NICK H. JOHNSON, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION, Doc. 12394**<br><br>**Date:  February 18, 2021**<br>**Time:  2:00 PM** |
| --- | --- |

1

**DECLARATION OF NICK H. JOHNSON UNDER PENALTY OF PERJURY**

I, NICK H. JOHNSON, declare that:

1.      This Declaration, and the undersigned counsel's participation in these objections, constitute a special appearance subject to the undersigned's objections to this Court's jurisdiction. I object to the MDL No. 2741 Court's jurisdiction over me, over my law firm, and over all of my firm's Roundup clients. The undersigned only submits this Declaration, and signs briefing, subject to the condition and understanding that jurisdictional objections are not waived.[1] It is my position that the MDL No. 2741 Court lacks jurisdiction to enter orders requiring deposits and/or payments out of proceeds for resolving my and all of my firm's clients' Roundup-exposure related cases. This disclaimer of jurisdiction is controlling over anything to the contrary.

2.      I am an attorney and owner of the law firm Johnson Law Group ("JLG") located in Houston, Texas. At this time, we represent approximately 6,176 clients with claims arising from Roundup exposure. Of the 4,115 Roundup cases filed by JLG, only eight were transferred to MDL No. 2741 pursuant to the JPML's Transfer Order.  The number of my clients with cases in the MDL represents only approximately 0.1% of JLG's cases.

3.      Neither I, nor any member of my firm, signed any participation agreement with court-appointed counsel in MDL No. 2741.

4.      I, my firm, and our clients did not agree to give up any fees pursuant to any unsigned participation agreement or any other agreement with court-appointed counsel in MDL No. 2741.

5.      I, my firm, and our clients, not before the MDL Court, did not voluntarily subject ourselves to this Court's jurisdiction with regard to their Roundup cases.

---

[1] *See, e.g., Vincent v. Hughes Air W., Inc.,* 557 F.2d 759, 765 (9th Cir. 1977); *Hartland v. Alaska Airlines,* 544 F.2d 992 (9th Cir. 1976).

**Case No. 16-md-02741-VC, DECLARATION OF NICK H. JOHNSON, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION**

6.     None of my firm's approximately 6,168 clients not before the MDL Court acquiesce to this Court's jurisdiction over them, their cases, or their counsel for any purpose; and the eight clients transferred to this MDL strenuously object to the CLC's Common Benefit Motion.

7.     This Court lacks personal and subject matter jurisdiction to enter an order requiring the deposit and/or payment of a share of the proceeds arising from the settlement of the Roundup-related claims of my or my firm's clients not before the Court.

8.     The work of the MDL Plaintiffs' Co-Lead Counsel (CLC), the Plaintiffs' Executive Committee (PEC), and those performing "approved common benefit work" (collectively "MDL Efforts") did not benefit myself or my firm in the representation of our clients, nor was a benefit thereby bestowed upon our clients.

9.     Neither I, nor any member of my firm, received or used any discovery, depositions, experts, trial packets, or other work product from the CLC or any of the firms on MDL leadership in preparing our clients' cases for litigation.

10.    If this Court were to accept that the CLC was acting on behalf of any of JLG's clients, for which they now seek compensation, then the CLC owed fiduciary duties to JLG's clients.[2] However, as to their ethical duty as an "advisor," the CLC never "provide[d] a[ny] client with an informed understanding of the client's legal rights and obligations and explain their practical implications" because the CLC never communicated with me, my firm, or any JLG clients directly.[3] As an "advocate," the CLC never "zealously assert[ed] the client's position under the rules of the adversary system" in any motion, hearing, deposition, and the like involving any

---

[2] *See* OPPOSITION TO MOTION TO AMEND PRE-TRIAL ORDER 12: COMMON BENEFIT FUND ORDER TO ESTABLISH A HOLDBACK PERCENTAGE (Doc. No. 12394), *Attorney for Plaintiffs Whose Counsel Have Signed A Participation Agreement*, at pp. 10 – 12.
[3] *See* ABA Model R. Pro. C. Preamble: A Lawyer's Responsibilities [2].

**Case No. 16-md-02741-VC, DECLARATION OF NICK H. JOHNSON, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION**

JLG client. As a "negotiator," the CLC never "[sought] a result advantageous to the client but consistent with requirements of honest dealings with others" on behalf of any JLG client. As an "evaluator," the CLC never "examin[ed] a client's legal affairs and report[ed] about them to the client or to others" because, again, the CLC never communicated with any JLG client or on behalf of any JLG client.[4] At a minimum, ethical duties and rules require keeping those for whom they reportedly act generally informed;[5] yet neither I, nor any members of my firm, nor any JLG clients, are aware of any communications from the CLC related to their work in the MDL, the status of discovery or litigation, or any attempts to assist in the resolution of cases.

11.    The CLC's motion claims that it "conducted the substantial work of the litigation in . . . state courts"[6], and that "the MDL Leadership conducted most of the state court litigation."[7] This is not true as to the clients JLG represents. The CLC has done no work in state court for our clients, much less has the CLC conducted "the substantial work." Therefore, as to our clients, the CLC's statement is not true.

12.    The CLC's motion discusses the discovery it pursued, motions that it fought in the federal MDL court, depositions, experts, *Daubert* motions, and cases tried to verdict. We have not received or relied on any of the discovery documents or transcripts that the CLC states it developed in MDL No. 2741.

13.    The alleged MDL Efforts did not benefit me, my firm, or my clients. I have not shared work product with the CLC or the PEC. The MDL Efforts were never made available to me or my clients. No one from the CLC or PEC offered to provide me or my firm a trial packet,

---

[4] *Id.*
[5] *Id.* at [4].
[6] CLC Mot., 1:6 [Doc. 12394, Page 1 of 33]
[7] CLC Mot., 2:6 [Doc. 12394, Pages 7-8 of 33].

**Case No. 16-md-02741-VC, DECLARATION OF NICK H. JOHNSON, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION**

documents, transcripts, or experts. I have no reason to believe that the MDL Plaintiffs' experts will be available in any of my cases.

14.     The CLC states that, "the MDL leadership's [sic] led the Court to appoint Special Master Ken Feinberg, which in turn led to the current settlement of Roundup cases."[8] However, the CLC members settled their own cases and their settlement efforts did not benefit me, my firm, or our clients. This appointment did not lead to the settlement of JLG's cases; JLG settled its own cases and did not seek or utilize the services of Mr. Feinberg. The settlements that JLG has entered were negotiated by our firm without the assistance of the CLC or the PEC. For this reason, and because the CLC and/or PEC has never assisted me in my cases, I do not believe that the MDL efforts were responsible for generating the settlement offers that we were able to obtain on behalf of our clients.

15.     The CLC's attempt to impose an 8.25% common benefit fee and expense holdback by improperly requesting the MDL Court to expand its jurisdictional reach on my cases not pending in MDL No. 2741 stands contrary to any precedent of which I am aware without agreement – either a participation agreement, or by nature of a settlement agreement in which a firm submits to the jurisdiction of the court. My firm has not entered into a participation agreement and my firm's settlement agreement does not recognize the MDL Court, or any other federal court, as having jurisdiction over any of its terms, enforcement, or the clients identified therein.

16.     The CLC contends that the MDL Efforts are responsible for successful representation of plaintiffs in Missouri courts.[9] However, to my knowledge, the CLC and the PEC did not receive an order from the Missouri courts that recognizes their entitlement to compensation

---

[8] CLC Mot., 3:2-3 [Document 12394, Page 9 of 33].
[9] *E.g.*, CLC Mot., 5 [Doc. 12394, Page 11 of 33].

working for plaintiffs with whom the CLC and/or PEC have not contracted. This statement is based on the fact that the CLC Motion does not claim that its fee and expense demand have the imprimatur of any state Judge, because I never received notice of such a motion or order in my cases, and because I have been actively litigating Roundup cases in Missouri and believe that had such an order ever been issued in a Roundup case, then in the ordinary course of my active litigation practice, I would know of it. To be clear, JLG has 4,107 clients filed in Missouri state courts and not once were we ever served with any document or communication indicating the CLC and/or PEC were working for, or would be entitled to compensation from, plaintiffs or firms with whom the CLC and/or PEC have not contracted. Nor did I receive any notice or indication that the CLC or PEC firms' activities in the Missouri courts were intended to serve as a "common benefit," nor was I provided with any information, discovery, or work product that the CLC or PEC firms may have created or utilized for the benefit of their own cases in the Missouri state courts. If any such notice or information were received, I would have objected to it.

17.     I, my firm, and on behalf of our 6,168 clients with no jurisdictional connection and no connection whatsoever with MDL No. 2741 adopt and join the facts, arguments, and authority cited in the OPPOSITION TO MOTION TO AMEND PRE-TRIAL ORDER 12: COMMON BENEFIT FUND ORDER TO ESTABLISH A HOLDBACK PERCENTAGE (Doc. No. 12394), *Attorneys for Plaintiffs with Roundup Exposure Claims Over Which There Is No Federal Jurisdiction* – and adopt same as my sworn testimony herein.

18.     I, my firm, and on behalf of the eight clients who never signed a participation agreement or received any benefit whatsoever from CLC's work in MDL No. 2741 adopt and join the facts, arguments, and authority cited in sections III(A) and III(C) – (E) of the OPPOSITION TO MOTION TO AMEND PRE-TRIAL ORDER 12: COMMON BENEFIT FUND ORDER TO

6

ESTABLISH A HOLDBACK PERCENTAGE (Doc. No. 12394), *Attorneys for Plaintiffs Whose Counsel Have Signed A Participation Agreement* – and adopt same as my sworn testimony herein.

I, NICK H. JOHNSON, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, that if called as a witness I would and could testify competently, and that I make this declaration based on my personal knowledge.

EXECUTED on 3rd day of February, 2021.

Nick H. Johnson
Johnson Law Group

**Case No. 16-md-02741-VC, DECLARATION OF NICK H. JOHNSON, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION**