# Exhibit 7

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>The Gori Law Firm Roundup Clients | **DECLARATION OF D. TODD MATHEWS, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION, Doc. 12394** |

## DECLARATION OF SIGNATORY UNDER PENALTY OF PERJURY

I, D. Todd Mathews, declare that:

1.      This Declaration, and the undersigned counsel's participation in these objections, constitute a special appearance subject to the undersigned's objections to this Court's jurisdiction. I object to the MDL No. 2741 Court's jurisdiction over me, over my law firm, and over my and The Gori Law Firm's Roundup clients that are unfiled or pending in state court. The undersigned only submits this Declaration, and signs briefing, subject to the understanding that jurisdictional objections are not waived.[1] It is my position that the MDL No. 2741 Court lacks jurisdiction to enter orders requiring deposits and/or payments out of proceeds for resolving my and my firm's clients' Roundup-exposure related cases that are unfiled or pending in state court. This disclaimer of jurisdiction is controlling over anything to the contrary.

2.      I am a partner at The Gori Law Firm. At this time, we represent approximately 21 clients with claims arising from Roundup exposure that were directly filed into the Eastern District of Missouri and then transferred into this MDL. We have 367 cases filed in St. Louis County, Missouri, and 250 unfiled cases.

---

[1] *See, e.g., Vincent v. Hughes Air W., Inc.,* 557 F.2d 759, 765 (9th Cir. 1977); *Hartland v. Alaska Airlines,* 544 F.2d 992 (9th Cir. 1976).

**DECLARATION OF SIGNATORY, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION, Doc. 12394**

3.      I, my firm, and our clients did not voluntarily subject ourselves to this Court's jurisdiction with regard to any Roundup case that is filed in state court or unfiled. We have not signed any participation agreement with court-appointed counsel in MDL No. 2741.

4.      This Court lacks personal and subject matter jurisdiction to enter an order requiring the deposit and/or payment of a share of the proceeds arising from the settlement of the Roundup-related claims of my or my firm's clients that are filed in state court or are unfiled.

5.      The work of the MDL Plaintiffs' Co-Lead Counsel (CLC), the Plaintiffs' Executive Committee (PEC), and those performing "approved common benefit work" (collectively "MDL Efforts") did not benefit myself or my firm in the representation of our clients, nor was a benefit thereby bestowed upon our clients.

6.      The CLC's motion claims that it "conducted the substantial work of the litigation in . . . state courts" (CLC Mot., 1:6), and that "the MDL Leadership conducted most of the state court litigation" (*id*. at 2:6). [Doc. 12394, Pages 7-8 of 33]. This is not true as to the clients The Gori Law Firm represents. The CLC has done no work in state court for our clients, much less has the CLC conducted "the substantial work." Therefore, as to our clients, the CLC's statement is not true.

7.      The CLC's motion discusses the discovery it pursued, motions that it fought in the federal MDL court, depositions, experts, *Daubert* motions, and cases tried to verdict. We have not received or relied on any of the discovery documents or transcripts that the CLC states it developed in MDL No. 2741. Upon information and belief, the referenced experts are unavailable to testify on behalf of our clients.

8.      The alleged MDL Efforts did not benefit me, my firm, or my clients. I have not shared work product with the CLC or the PEC. The MDL Efforts were never made available to

**DECLARATION OF SIGNATORY, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF
OBJECTIONS TO CLC COMMON BENEFIT MOTION, Doc. 12394**

me and my clients. No one from the CLC or PEC offered to provide me or my firm a trial packet, documents, transcripts, or experts.

9.      The CLC states that, "the MDL leadership's [sic] led the Court to appoint Special Master Ken Feinberg, which in turn led to the current settlement of Roundup cases."[2] However, upon information and belief, ██████████████████████████████████████ and their settlement efforts did not benefit me, my firm, or our clients.

10.     The CLC contends that it is responsible for successful representation of plaintiffs in Missouri courts.[3] However, the CLC and the PEC did not receive an order from the Missouri courts that recognizes their entitlement to compensation working for plaintiffs with whom the CLC and/or PEC have not contracted. Upon information and belief, the CLC and PEC will have been compensated for that representation pursuant to client contracts.

11.     I, D. Todd Mathews, declare under penalty of perjury that the foregoing is true and correct, that if called as a witness I would and could testify competently, that I make this declaration based on my personal knowledge or, where "upon information and belief" is indicated, based upon my belief that such statement is true.

EXECUTED on February 3, 2021.

D. Todd Mathews, #52502 (MO)
**The Gori Law Firm, P.C.**
156 N. Main Street
Edwardsville, IL 62025
618-659-9833 – Telephone
618-659-9834 – Facsimile
todd@gorilaw.com

---

[2] CLC Mot., 3:2-3 [Document 12394, Page 9 of 33].
[3] *E.g.*, CLC Mot., 5 [Doc. 12394, Page 11 of 33].

**DECLARATION OF SIGNATORY, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION, Doc. 12394**