# Exhibit 8

**PULASKI KHERKHER, PLLC**
Adam Pulaski
State Bar of Texas No. 16385800
2925 Richmond Avenue, Suite 1725
Houston, Texas 77098
 (713) 664-4555
adam@pulaskilawfirm.com

*Attorneys for Plaintiffs with Roundup*
*Exposure Claims Over Which There Is No*
*Federal Jurisdiction*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
|---|---|
| This document relates to: | **DECLARATION OF ADAM PULASKI, SUBJECT TO SPECIAL APPEARNCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION, Doc. 12394** |

**Case No. 16-md-02741-VC, DECLARATION OF ADAM PULASKI, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION**

## DECLARATION OF SIGNATORY UNDER PENALTY OF PERJURY

I, Adam K. Pulaski, declare that:

1. This Declaration, and the undersigned counsel's participation in these objections, constitute a special appearance subject to the undersigned's objections to this Court's jurisdiction. I object to the MDL No. 2741 Court's jurisdiction over me, over my law firm, and over my and Pulaski Kherkher's Roundup clients. The undersigned only submits this Declaration, and signs briefing, subject to the understanding that jurisdictional objections are not waived.[1] It is my position that the MDL No. 2741 Court lacks jurisdiction to enter orders requiring deposits and/or payments out of proceeds for resolving my and my firm's clients' Roundup-exposure related cases. This disclaimer of jurisdiction is controlling over anything to the contrary.

2. I am an attorney and partner at Pulaski Kherkher, PLLC. Currently, we are lead counsel for approximately 2,181 clients with claims arising from Roundup exposure. None of these clients' cases were voluntarily filed in this MDL No. 2741, and no such client acquiesces to this Court's jurisdiction over them, their cases, or their counsel for any purpose.

3. None of the said 2,181 clients have cases pending before this Court. 379 clients have cases pending in state court in the Twenty-First Judicial Circuit Court of St. Louis County, Missouri.

4. I, Pulaski Kherkher, PLLC, and these 2,181 clients did not voluntarily subject ourselves to this Court's jurisdiction with regard to these said 2,181 Roundup cases. With respect to these cases, Pulaski Kherkher has not signed any participation agreement with court-appointed counsel in MDL No. 2741.

---

[1] *See, e.g., Vincent v. Hughes Air W., Inc.,* 557 F.2d 759, 765 (9th Cir. 1977); *Hartland v. Alaska Airlines,* 544 F.2d 992 (9th Cir. 1976).

2

**Case No. 16-md-02741-VC, DECLARATION OF ADAM PULASKI, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION**

5. This Court lacks personal and subject matter jurisdiction to enter an order requiring the deposit and/or payment of a share of the proceeds arising from the settlement of the Roundup-related claims of my or my firm's clients, because their cases are not properly before the Court.

6. The work of the MDL Plaintiffs' Co-Lead Counsel (CLC), the Plaintiffs' Executive Committee (PEC), and those performing "approved common benefit work" (collectively "MDL Efforts") did not benefit myself or my firm in the representation of these clients, nor was a benefit thereby bestowed upon these clients.

7. The CLC's motion claims that it "conducted the substantial work of the litigation in . . . state courts" (CLC Mot., 1:6), and that "the MDL Leadership conducted most of the state court litigation" (*id.* at 2:6). [Doc. 12394, Pages 7-8 of 33]. This is not true as to the clients Pulaski Kherkher represents as lead counsel. The CLC has done no work in state court for these clients, much less has the CLC conducted "the substantial work." Therefore, as to these clients, the CLC's statement is not true.

8. The CLC's motion discusses the discovery it pursued, motions that it fought in the federal MDL court, depositions, experts, *Daubert* motions, and cases tried to verdict. With respect to the relevant 2,181 cases, we have not received or relied on any of the discovery documents or transcripts that the CLC states it developed in MDL No. 2741.

9. With respect to the relevant 2,181 cases, the alleged MDL Efforts did not benefit me, my firm, or my clients. I have not shared work product with the CLC or the PEC as it pertains to these cases. No one from the CLC or PEC offered to provide me or my firm a trial packet, documents, transcripts, or experts, as it pertains to these cases. I have no reason to believe that the MDL Plaintiffs' experts will be available, or needed, in any of these cases

3

Case No. 16-md-02741-VC, DECLARATION OF ADAM PULASKI, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION

10. The CLC states that, "the MDL leadership's [sic] led the Court to appoint Special Master Ken Feinberg, which in turn led to the current settlement of Roundup cases."[2] However, the CLC members settled their own cases and their settlement efforts did not benefit me, my firm, or these clients. The settlements that Pulaski Kherkher, PLLC, has entered into were negotiated by Adam Pulaski and our firm without the assistance of the CLC or the PEC. For this reason, and because the CLC and/or PEC has never assisted me in these cases, I do not believe that the MDL Efforts were responsible for generating the settlement offers that we were able to obtain on behalf of these clients.

11. In fact, Adam Pulaski contacted a certain member of the CLC in order to request assistance in resolving all relevant 2,181 clients claims through a global claims process. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

12. The MDL Efforts discussed in the CLC's Motion [Doc. 12394] did not assist our firm in the representation of these Roundup clients, because the CLC expressly refused requests for assistance as Pulaski Kherkher would not agree to the above fee splits. It is the opinion of Pulaski Kherkher that CLC's conduct was an abuse of power that this court bestowed upon them in honoring their request to become lead counsel.

13. The CLC's attempt to impose an 8.25% common benefit fee and expense holdback on these cases not pending in MDL No. 2741 stands contrary to any precedent of which I am aware

---

[2] CLC Mot., 3:2-3 [Document 12394, Page 9 of 33].

without agreement    either a participation agreement, or by nature of a settlement agreement in which a firm submits to the jurisdiction of the court. My firm has not entered into a participation agreement and my firm's settlement agreement does not recognize the MDL Court, or any other federal court, as having jurisdiction over any of its terms, enforcement, or the clients identified therein.

14.     The CLC contends that the MDL Efforts are responsible for successful representation of plaintiffs in Missouri courts.[3] However, to my knowledge, the CLC and the PEC did not receive an order from the Missouri courts that recognizes their entitlement to compensation working for plaintiffs with whom the CLC and/or PEC have not contracted. This statement is based on the fact that the CLC Motion does not claim that its fee and expense demand has the imprimatur of any state Judge, because I never received notice of such a motion or order in my cases, and because we have been actively litigating Roundup cases in Missouri and believe that had such an order ever been issued in a Roundup case, then in the ordinary course of my active litigation practice, then I would know of it.

15.     To be clear, Pulaski Kherkher, PLLC, has 379 clients filed (2,181 total represented as lead counsel) in Missouri state courts and not once were we ever served with any document or communication indicating the CLC and/or PEC were working for, or would be entitled to compensation from, plaintiffs or firms with whom the CLC and/or PEC have not contracted. Nor did we receive any notice or indication that the CLC or PEC firms' activities in the Missouri courts were intend to serve as a "common benefit," nor was I provided with any information, discovery, or work product that the CLC or PEC firms may have created or utilized for the benefit of their

---

[3] *E.g.*, CLC Mot., 5 [Doc. 12394, Page 11 of 33].

5

own cases in the Missouri state courts. If any such notice or information were received, I would have objected to it.

16.   I, Adam Pulaski, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, that if called as a witness I would and could testify competently, and that I make this declaration based upon personal information and belief. EXECUTED on 26 January 2021.

PULASKI KHERKHER, PLLC

Adam K. Pulaski
State Bar of Texas No. 16385800
2925 Richmond Avenue, Suite 1725
Houston, Texas 77098
(713) 664-4555
adam@pulaskilawfirm.com

6

Case No. 16-md-02741-VC, DECLARATION OF ADAM PULASKI, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION