Christopher L. Coffin (La. Bar No. 27902)
ccoffin@pbclawfirm.com
Evan P. Fontenot (La. Bar. No. 37685)
efontenot@pbclawfirm.com
**PENDLEY, BAUDIN & COFFIN, LLP**
1100 Poydras St, Suite 2225
New Orleans, Louisiana 70163
Tel: (504) 355-0086
Fax: (504) 355-0089

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>**ALL CASES** | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**OPPOSITION TO MOTION TO AMEND PRE-TRIAL ORDER 12: COMMON BENEFIT FUND ORDER TO ESTABLISH A HOLDBACK PERCENTAGE**<br>**(Doc. No. 12394)** |

The undersigned counsel ("Objectors") represent three (3) plaintiffs whose cases were transferred to this MDL by the JMPL, along with 382 plaintiffs whose cases are pending in state courts in Missouri and California, and 385 more clients with unfiled cases. Objectors submit this response to oppose the proposed holdback percentage in Co-Lead Counsel's motion (Rec. Doc. 12394).

This Court entered an Order on January 26, 2021 (Rec. Doc. 12463) instructing objectors to address four (4) questions posed by the Court. Objectors respond as follows:

Objectors posit that as an initial matter, the Court should first focus on the third question posed by the Court - whether the Court should consider anew the universe of cases subject to a

holdback. For the sake of judicial economy and efficiency, Objectors adopt the arguments made by similarly situated plaintiffs' counsel in a previously filed opposition brief (Rec. Doc. 12517 at 5-18), which correctly asserts that the Court has no jurisdiction to enter an Order compelling holdbacks from unfiled cases and cases filed in state courts. For the reasons argued in that opposition brief, Objectors herein argue that the Court lacks jurisdiction to include state court cases and unfiled cases in the universe of cases subject to a holdback order.  If the Court agrees with Objectors, the rest of the questions posed by the Court should be deemed moot with respect to those unfiled and non-MDL filed cases.

If the Court disagrees that a holdback order should not apply to unfiled cases and cases pending in state court, and decides to entertain the remaining questions posed by the Court in its January 26, 2021 Order, Objectors argue that a decision on the remaining questions raised by the Court should be stayed until a Special Master can investigate the questions posed and issue a report to the Court and all affected parties. After such a report is issued, all affected parties should be given an opportunity to file a brief to argue their positions. At that point, the Court will possess sufficient information and pertinent argument from the parties to make a ruling on the issues raised.

With respect to the Objectors, such Special Master's investigation will reveal that Objectors represent only three (3) plaintiffs whose cases are pending in the MDL after transfer from other jurisdictions by the JPML. The investigation would show that Objectors have not entered into a Participating Counsel agreement with respect to those cases, or any of their other cases or clients. The investigation would show that outside of the MDL, Objectors represent 382 plaintiffs in cases pending in Missouri and California state courts and have 385 clients with unfiled cases. In their briefing, MDL Leadership states: "However, after the MDL Leadership won the two-year federal *Daubert* attack and began winning trials, a tsunami of advertising resulted in thousands of new lawsuits filed by law firms that had hedged their bets and previously sat on the sidelines waiting for the *Daubert* ruling and jury verdicts." (Rec. Doc. 12394 at 9). Contrary to MDL Leadership's

statement, the Special Master's investigation will find that Objectors are not an advertising firm that jumped on the proverbial bandwagon after positive expert rulings and after the jury verdicts. To the contrary, the Special Master will find that Objectors began acquiring and filing Roundup cases in state courts in 2016, and signed many clients prior to the formation of the MDL and long before the 2018 *Johnson* verdict. The Special Master will further find that Objectors participated in the briefing which successfully opposed Monsanto's motions to sever and transfer venue out of St. Louis, and represent two (2) plaintiffs whose cases are set for trial in St. Louis, Missouri, with the first trial scheduled to occur in November of 2021 with Judge Michael K. Mullen presiding. Although MDL leadership also states that "most law firms were able to resolve their Roundup cases without hiring any experts, without accessing or reviewing discovery documents, without taking any depositions, and really without doing any pre-settlement work at all," (Rec. Doc. 12394 at 9, footnote 3) and that "the vast majority of law firms with settling Roundup cases have done little or no substantive legal work to advance this litigation …" (Rec. Doc. 12394 at 13-14), Objectors show that the Special Master's investigation will find: that Objectors have hundreds of cases which have not settled; they have hired experts for these cases; worked up these experts for the pending trials; and, have participated in extensive discovery and depositions in these state court proceedings to prepare for these trials.

Only after careful consideration of these factors and those presented by all affected counsel should the Court determine whether a holdback order is warranted for these and other unfiled and non-MDL filed cases, and in what amounts.

For the reasons set forth above, Objectors seek the relief outlined above.

DATED: February 4, 2021

        Respectfully submitted,

        /s/ Christopher L. Coffin
        Christopher L. Coffin (La. Bar No. 27902)
        ccoffin@pbclawfirm.com
        Evan P. Fontenot (La. Bar No. 37685)

efontenot@pbclawfirm.com
**PENDLEY, BAUDIN & COFFIN, LLP**
1100 Poydras St, Suite 2225
New Orleans, Louisiana 70163
Tel: (504) 355-0086
Fax: (504) 355-0089

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of February, 2021, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern Division of California via the Court's CM//ECF Filing System, which shall send electronic notification to counsel of record.

/s/ Christopher L. Coffin
Christopher L. Coffin