**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:     202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *Linda D. Fennell v. Monsanto Co.,* Case No. 3:21-cv-00176-VC | |

**<u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint, except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.     Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first and second sentences of paragraph 2 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 2.

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's first-unnumbered paragraph following paragraph 2 and therefore denies those allegations.

3.      Monsanto denies the allegations in paragraph 3.

4.      Monsanto denies the allegations in paragraph 4.

5.      The allegations in paragraph 5 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff has a variety of separate and distinct uses and formulations.

6.      The allegations in the Complaint's first-numbered paragraph 6 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in the Complaint's first-numbered paragraph 6 based upon the allegations in plaintiff's Complaint.

6.      Monsanto admits the allegations in the Complaints second-numbered paragraph 6.

7.      The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.      The allegations in the first sentence of paragraph 8 set forth conclusions of law for which no response is required.  In response to the allegations in the second sentence of paragraph 8, Monsanto admits that it has sold, marketed, and/or distributed Roundup®-branded products within the Central District of Arkansas.  In response to the allegations in the final sentence of paragraph 8, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

9.      In response to the allegations in paragraph 9, Monsanto denies that plaintiff's injury was caused by the use of  Roundup®-branded products.  The remaining allegations in paragraph 9 set forth conclusions of law for which no response is required.

10.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 10 and therefore denies those

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:21-cv-00176-VC

1    allegations.  Monsanto denies the remaining allegations in paragraph 10.

2         11.     Monsanto admits the allegations of paragraph 11

3         12.     In response to the allegations in paragraph 12, Monsanto admits that it has sold

4    Roundup®-branded products in Arkansas.  Monsanto lacks information or knowledge sufficient

5    to form a belief as to the truth of the allegations in the second sentence of paragraph 12 and

6    therefore denies those allegations.  The remaining allegations in paragraph 12 are vague and

7    conclusory and comprise attorney characterizations and are accordingly denied.

8         13.     Monsanto admits that the first sentence of paragraph 13 and denies the remaining

9    allegations of paragraph 13.

10        14.     Monsanto admits that it is an agricultural biotechnology corporation with its

11   principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its

12   affiliated companies have operations and offices in countries around the world.  Monsanto states

13   that the remaining allegations in paragraph 14 are vague and that it accordingly lacks information

14   or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore

15   denies those allegations.

16        15.     Monsanto admits the allegations in paragraph 15.

17        16.     Monsanto admits the allegations in paragraph 16.

18        17.     Monsanto admits the allegations in the third sentence of paragraph 17.  In

19   response to the allegations in the first sentence of paragraph 17, Monsanto admits that glyphosate

20   is an herbicide that is used to kill invasive plants and weeds, but states that the remaining

21   allegations in the first sentence of paragraph 17 are vague and ambiguous and Monsanto lacks

22   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

23   in the first sentence of paragraph 17 and therefore denies those allegations.  In response to the

24   second sentence of the allegations of paragraph 17, Monsanto admits that glyphosate's mode of

25   action is targeting EPSP synthase.  The remaining allegations in the second sentence of

26   paragraph 17 comprise attorney characterizations and are accordingly denied.

27        18.     Monsanto generally admits the allegations in paragraph 18, but denies the

28   allegations in paragraph 18 to the extent that they suggest that glyphosate is present in any plants

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:21-cv-00176-VC

1    at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

2    the United States Environmental Protection Agency ("EPA").

3         19.    Monsanto admits that it has been the leading producer of seeds that contain the

4    Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve

5    a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form

6    a belief as to the accuracy of the specific numbers and statistics provided in the remaining

7    sentences of paragraph 19 and therefore denies those allegations.  Monsanto denies the

8    remaining allegations in paragraph 19.

9         20.    The allegations in the first and second sentences of paragraph 20 set forth

10   conclusions of law for which no response is required.  To the extent that a response is deemed

11   required, Monsanto admits the allegations in the first and second sentences of paragraph 20.  In

12   response to the allegations of the last sentence of paragraph 20, Monsanto admits that EPA

13   requires registrants of herbicides to submit extensive data in support of the human health and

14   environmental safety of their products and further admits that EPA will not register or approve

15   the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

16   Fungicide, and Rodenticide Act ("FIFRA").

17        The allegations in the Complaint's first-unnumbered paragraph following paragraph 20

18   set forth conclusions of law for which no response is required.

19        21.    In response to the allegations in paragraph 21, Monsanto admits that EPA requires

20   registrants of herbicides to submit extensive data in support of the human health and

21   environmental safety of their products and further admits that EPA will not register or approve

22   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

23   states that the term "the product tests" in the final sentence of paragraph 21 is vague and

24   ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 21

25   set forth conclusions of law for which no answer is required.

26        22.    Monsanto denies the allegations in paragraph 22 to the extent that they suggest

27   that EPA only evaluates the safety of pesticide products on the date of their initial registration.

28   Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:21-cv-00176-VC

1    products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

2    of the allegations in paragraph 22 regarding such pesticide products generally and therefore

3    denies those allegations.  The remaining allegations in paragraph 22 set forth conclusions of law

4    for which no response is required.

5           23.     In response to the allegations in paragraph 23, Monsanto admits that EPA has

6    undertaken a regulatory review of glyphosate and further admits that EPA has not released its

7    findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

8    Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

9    concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

10   humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

11   posted an October 2015 final report by its standing Cancer Assessment Review Committee

12   ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

13   to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

14   issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

15   the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

16   humans'." In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final

17   Report, other specific findings of safety include:

18       •   "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that
             shows evidence of non-carcinogenicity for humans—based on the lack of convincing
19           evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
             Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
20           http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

21

22   _____

23   [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic
     Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/
24   document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in
     anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic
25   potential.

26   [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs,
     U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the
27   Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final
     Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:21-cv-00176-VC

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder Perspectives:  Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore denies those allegations

24.     In response to the allegations in paragraph 24, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 24 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

25.     In response to the allegations in paragraph 25, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for

itself and thus does not require any further answer.  The remaining allegations in paragraph 25 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

26.     Monsanto denies the allegations in paragraph 26.

27.     Monsanto denies the allegations in paragraph 27.

28.     In response to the allegations in paragraph 28, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 28 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore denies those allegations.

29.     Monsanto admits the allegations in paragraph 29.

30.     In response to the allegations in paragraph 30, Monsanto states that the cited the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 30 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore denies those allegations.

31.     Monsanto states that the term "toxic" as used in paragraph 31 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 31.

32.     In response to the allegations in paragraph 32, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 32.

33.     In response to the allegations in the first and second sentences of paragraph 33, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 33 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 33.  Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 33.

34.     Monsanto admits that it has promoted Roundup®-branded herbicides as safe when

used in accordance with the products' labeling.  Monsanto denies the remaining allegations in paragraph 34.

35.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore denies those allegations.

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's first-unnumbered paragraph following paragraph 35 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's second-unnumbered paragraph following paragraph 35 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in the Complaint's third-unnumbered paragraph following paragraph 35 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen. In response to the remaining allegations in the Complaint's fourth-unnumbered paragraph following paragraph following paragraph 35, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the remaining allegations in the Complaint's fourth-unnumbered paragraph following paragraph following paragraph 35 comprise attorney characterizations and are accordingly denied.

Monsanto denies the allegations in the Complaint's fifth-unnumbered paragraph following paragraph following paragraph 35.  The IARC working group concluded that there

1    was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's

2    guidelines, means that the working group could not rule out chance, bias or confounding so as to

3    reach any conclusion of an increased risk.

4         In response to the allegations in the Complaint's sixth-unnumbered paragraph following

5    paragraph 35, Monsanto states that the document speaks for itself and does not require a

6    response.  To the extent that a response is deemed required, the Complaint's sixth-unnumbered

7    paragraph following in paragraph 35 comprise attorney characterizations and are accordingly

8    denied.

9         36.    Monsanto denies the allegations in the first sentence of paragraph 36.  The

10   allegations in the second sentence of paragraph 36 comprise attorney characterizations and are

11   accordingly denied.

12        37.    In response to the allegations in the first sentence of paragraph 37, Monsanto

13   admits that certain studies have reported that glyphosate and glyphosate-based formulations

14   induced oxidative stress under artificial experimental conditions.  Monsanto denies that these

15   studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce

16   oxidative stress in humans or animals under real-world exposure conditions.  The allegations in

17   the second sentence of paragraph 37 are vague and ambiguous and are accordingly denied.

18   Monsanto denies the remaining allegations  in paragraph 37.

19        38.    In response to the allegations in paragraph 38, Monsanto states that the cited

20   document speaks for itself and does not require a response.

21        39.    In response to the allegations in paragraph 39, Monsanto states that the cited

22   document speaks for itself and does not require a response.  To the extent that paragraph 39

23   characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

24   paragraph 39.

25        40.    Monsanto denies the allegations in paragraph 40.

26        Monsanto denies the allegations in the Complaint's first-unnumbered paragraph

27   following paragraph 40.

28        41.    Monsanto denies the allegations in paragraph 41.

42.     Monsanto denies the allegations in paragraph 42.

43.     Monsanto denies the allegations in paragraph 43.

Monsanto denies the allegations in the Complaint's first-unnumbered paragraph following paragraph 43.

44.     Monsanto denies the allegations in paragraph 44.

45.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 45.

46.     In response to the allegations in in the first sentence of paragraph 46, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.  In response to the allegations in the second sentence of paragraph 46, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products.  Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen.  Monsanto denies the remaining allegations in paragraph 46.

Monsanto denies the allegations in the Complaint's first-unnumbered paragraph following paragraph 46.

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's second-unnumbered paragraph following paragraph 46 regarding plaintiff's actions, and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in the Complaint's second-unnumbered paragraph following paragraph 46.

Monsanto denies the allegations in the Complaint's third-unnumbered paragraph following paragraph 46.

47.     Monsanto denies the allegations in paragraph 47.

Monsanto denies the allegations in the Complaint's first-unnumbered paragraph

1    following paragraph 47.

2         Monsanto denies the allegations in the Complaint's second-unnumbered paragraph

3    following paragraph 47.

4         48.    Monsanto denies the allegations in paragraph 48.

5         49.    Monsanto denies the allegations in paragraph 49.

6         50.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7    truth of the allegations in paragraph 50 and therefore denies those allegations.

8         51.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in the first sentence of paragraph 51 and therefore denies those

10   allegations.  Monsanto denies the remaining allegations in paragraph 51.

11        Monsanto denies the allegations in the Complaint's first-unnumbered paragraph

12   following paragraph 51.

13        52.    Monsanto incorporates by reference its responses to paragraphs 1 through the

14   Complaint's first-unnumbered paragraph following paragraph 51 in response to paragraph 52 of

15   plaintiff's Complaint.

16        53.    Monsanto denies the allegations in paragraph 53.

17        54.    Monsanto denies the allegations in paragraph 54, including each of its subparts.

18        55.    Monsanto denies the allegations in paragraph 55.

19        56.    Monsanto denies the allegations in paragraph 56.

20        57.    Monsanto denies the allegations in paragraph 57, including each of its subparts.

21        58.    Monsanto denies the allegations in paragraph 58.

22        59.    Monsanto denies the allegations in paragraph 59.

23        60.    Monsanto denies the allegations in paragraph 60.

24        61.    Monsanto denies the allegations in paragraph 61.

25        62.    Monsanto denies the allegations in paragraph 62.

26        In response to the allegations in the first sentence of the "WHEREFORE" paragraph

27   following paragraph 62, Monsanto demands that judgment be entered in its favor and against

28   plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded

1    costs of suit and reasonable attorney's fees as allowed by law and such further and additional

2    relief as this Court may deem just and proper.  The statement in the last sentence of the

3    "WHEREFORE" paragraph following paragraph 62 sets forth a conclusion of law for which no

4    response is required.

5          63.     Monsanto incorporates by reference its responses to paragraphs 1 through 62 in

6    response to the first sentence of paragraph 63 of plaintiff's Complaint.  In response to the

7    allegations in paragraph 63, Monsanto lacks information or knowledge sufficient to form a belief

8    as to the truth of the allegations that plaintiff used and/or was exposed to Roundup®-branded

9    products and therefore denies those allegations.  Monsanto denies the remaining allegations in

10   paragraph 63.

11         64.     Monsanto denies the allegations in paragraph 64.

12         65.     Monsanto denies the allegations in paragraph 65, including each of its subparts.

13         Monsanto denies the allegations in the Complaint's first-unnumbered paragraph

14   following paragraph 65.

15         66.     Monsanto denies that Roundup®-branded products have "dangerous

16   characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

17   truth of the remaining allegations in paragraph 66 and therefore denies those allegations.

18         The allegations in the second sentence of the Complaint's first-unnumbered paragraph

19   following paragraph 66 set forth conclusions of law for which no response is required.

20   Monsanto denies the remaining allegations in the Complaint's first-unnumbered paragraph

21   following paragraph 66.

22         Monsanto denies the allegations in the Complaint's second-unnumbered paragraph

23   following paragraph 66.

24         Monsanto denies the allegations in the Complaint's third-unnumbered paragraph

25   following paragraph 66.

26         Monsanto denies the allegations in the Complaint's fourth-unnumbered paragraph

27   following paragraph 66.

28         Monsanto denies the allegations in the Complaint's fifth-unnumbered paragraph

1    following paragraph 66.

2           67.     Monsanto denies the allegations in paragraph 67.

3           68.     Monsanto denies the allegations in paragraph 68.

4           Monsanto denies the allegations in the Complaint's first-unnumbered paragraph

5    following paragraph 68.

6           69.     Monsanto denies the allegations in paragraph 69.

7           70.     Monsanto denies the allegations in paragraph 70.

8           In response to the allegations in the first sentence of the "WHEREFORE" paragraph

9    following paragraph 70, Monsanto demands that judgment be entered in its favor and against

10   plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded

11   costs of suit and reasonable attorney's fees as allowed by law and such further and additional

12   relief as this Court may deem just and proper.  The statement in the last sentence of the

13   "WHEREFORE" paragraph following paragraph 70 sets forth a conclusion of law for which no

14   response is required.

15          71.     Monsanto incorporates by reference its responses to paragraphs 1 through 70 in

16   response to paragraph 71 of plaintiff's Complaint.

17          72.     The allegations in paragraph 72 set forth conclusions of law for which no

18   response is required.

19          Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

20   allegations in the Complaint's first-unnumbered paragraph following paragraph 72 and therefore

21   denies those allegations.

22          Monsanto denies the allegations in the Complaint's second-unnumbered paragraph

23   following paragraph 72.  All labeling of Roundup®-branded products has been and remains EPA-

24   approved and in compliance with all federal requirements under FIFRA.

25          Monsanto denies the allegations in the Complaint's third-numbered paragraph following

26   paragraph 72.

27          73.     Monsanto denies the allegations in paragraph 73.  All labeling of Roundup®-

28   branded products has been and remains EPA-approved and in compliance with all federal

1   requirements under FIFRA.

2         74.     The allegations in the first sentence of paragraph 74 set forth conclusions of law

3   for which no response is required.  Monsanto denies the remaining allegations in paragraph 74.

4         Monsanto denies the allegations in the Complaint's first-unnumbered paragraph

5   following paragraph 74.

6         Monsanto denies the allegations in the first sentence of the Complaint's second-

7   unnumbered paragraph following paragraph 74 that Roundup®-branded products are defective

8   and accordingly denies the allegations in the first sentence of the Complaint's second-

9   unnumbered paragraph 74.  The remaining allegations in the Complaint's second-unnumbered

10  paragraph 74 set forth conclusions of law for which no response is required.

11        The allegations in the Complaints second-unnumbered paragraph following paragraph 74

12  set forth conclusions of law for which no response is required.

13        Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

14  allegations in the Complaint's third-unnumbered paragraph following paragraph 74 and therefore

15  denies those allegations.

16        Monsanto denies the allegations in the Complaint's fourth-unnumbered paragraph

17  following paragraph 74.

18        75.     Monsanto lacks information or knowledge sufficient to form a belief as to the

19  truth of the allegations in paragraph 75 and therefore denies those allegations.

20        76.     Monsanto denies the allegations in paragraph 76.

21        77.     Monsanto denies the allegations in paragraph 77.

22        In response to the allegations in the first sentence of the "WHEREFORE" paragraph

23  following paragraph 77, Monsanto demands that judgment be entered in its favor and against

24  plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded

25  costs of suit and reasonable attorney's fees as allowed by law and such further and additional

26  relief as this Court may deem just and proper.  The statement in the last sentence of the

27  "WHEREFORE" paragraph following paragraph 77 sets forth a conclusion of law for which no

28  response is required.

78.     Monsanto incorporates by reference its responses to paragraphs 1 through 77 in response to the first sentence of paragraph 78 of plaintiff's Complaint.  Monsanto denies the allegations in the second sentence of paragraph 78.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 78 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 78 set forth conclusions of law for which no response is required.

Monsanto denies the allegations in the Complaint's first-unnumbered paragraph following paragraph 78.

79.     The allegation in paragraph 79 regarding a purported implied warranty sets forth a conclusion of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 79 and therefore denies those allegations.

80.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 80 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

In response to the allegations in the first sentence of the "WHEREFORE" paragraph following paragraph 82, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 82 sets forth a conclusion of law for which no response is required.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any

1    damages, interest, costs, or any other relief whatsoever.

2        Every allegation in the Complaint that is not specifically and expressly admitted in this

3    Answer is hereby specifically and expressly denied.

4                    **SEPARATE AND AFFIRMATIVE DEFENSES**

5        1.    The Complaint, in whole or part, fails to state a claim or cause of action against

6    Monsanto upon which relief can be granted.

7        2.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

8    reliable evidence that the products at issue were defective or unreasonably dangerous.

9        3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

10   was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

11   plaintiff's alleged injuries.

12       4.    Plaintiff's claims are barred, in whole or in part, because the products at issue

13   were designed, manufactured, marketed and labeled with proper warnings, information, cautions

14   and instructions, in accordance with the state of the art and the state of scientific and

15   technological knowledge.

16       5.    Plaintiff's claims are barred, in whole or in part, because the products at issue

17   were not defective or unreasonably dangerous in that they complied with, at all relevant times,

18   all applicable government safety standards.

19       6.    Any claims based on allegations that Monsanto misled, defrauded, made

20   misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

21   *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

22   *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

23       7.    Plaintiff's claims are preempted, in whole or in part, by applicable federal law

24   relating to the design, testing, producing, manufacturing, labeling, distributing, modeling,

25   processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

26       8.    Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA

27   findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved

28   product labeling.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:21-cv-00176-VC

9.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff or plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Arkansas Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Arkansas law, and/or other applicable state laws.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

21.      Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

25.     If plaintiff had been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims are barred or limited to the extent that plaintiff assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiff's claims are barred to the extent that plaintiff seek relief under the laws of states that do not govern plaintiff's claims.

28.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## **JURY TRIAL DEMAND**

1      Monsanto demands a jury trial on all issues so triable.

2

3    DATED:  February 10, 2021                    Respectfully submitted,

4

5                                                 /s/ Joe G. Hollingsworth
                                                  Joe G. Hollingsworth (*pro hac vice*)
6                                                 (jhollingsworth@hollingsworthllp.com)
                                                  Eric G. Lasker (*pro hac vice*)
7                                                 (elasker@hollingsworthllp.com)
                                                  HOLLINGSWORTH LLP
8                                                 1350 I Street, N.W.
                                                  Washington, DC  20005
9                                                 Telephone:  (202) 898-5800
                                                  Facsimile:   (202) 682-1639
10
11                                                *Attorneys for Defendant*
                                                  *MONSANTO COMPANY*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:21-cv-00176-VC