Arati C. Furness, CA Bar No. 225435
Fears Nachawati, PLLC
5473 Blair Road
Dallas, Texas 75231
Tel. (214) 890-0711
Fax (214) 890-0712
afurness@fnlawfirm.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
|---|---|
| This document relates to:<br><br>*Ramirez, et al. v. Monsanto Co.*,<br>Case No. 3:19-cv-02224 | ADMINISTRATIVE MOTION OF CLASS MEMBER ANN HARDIN FOR EXTENSION OF TIME TO FILE RESPONSE TO MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [DOC. 12531] AND FOR EXTENSION OF PAGE LIMIT |

Comes now Ann Hardin, a member of the proposed class, and files this administrative motion for extension of time to file a memorandum in opposition to the Motion for Preliminary Approval of Proposed Class Settlement, Appointment of Interim Class and Subclass Counsel, Direction of Notice Under Fed. R. Civ P. 23(e), Scheduling of a Fairness Hearing, and Stay of the Filing and Prosecution of Roundup-Related Actions by Settlement Class Members [Doc. 12531], and an administrative motion for an extension of the page limit for her opposition. In support, the undersigned counsel states:

1.   Ann Hardin is a citizen and resident of the United States who was exposed to Roundup Products through the application of Roundup Products in the United States. She has not filed a claim for damages resulting from exposure to Roundup and did not prior to February 3, 2021, retain counsel for the purpose of filing such a claim. Ann Hardin has asked the undersigned

counsel to represent her in objecting to the proposed settlement. She asks that the Court extend the response deadline to March 22, 2021, and grant a page extension of 70 pages.

2. The thorny issues presented in the movants' demand for approval of an unprecedented, and we contend fatally flawed,[1] "futures" class action require more than the usual fourteen-day response time.

3. A great deal of money and time notifying a putative class is wasted if a seriously flawed proposal is granted the judicial imprimatur of preliminary approval only to be denied after a fairness hearing. The preliminary class action approval stage is more intensive than a "quick look" at a proposed class action settlement. *Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1036 (N.D. Cal. 2016) (quoted in PTO No. 214, Doc. 11182, Page 2). Preliminary approval requires a careful analysis of the settlement for several important reasons.

4. Preliminary approval requires thorough judicial scrutiny because preliminary approval could inadvertently disadvantage class members, who as laypersons, may interpret preliminary approval as implying that the Court has taken care of the class's best interests. *See* PTO No. 214, Doc. 11182, Page 2 (citing *Cotter,* 193 F. Supp. 3d at 1036). Thus, the appearance of judicial imprimatur of a proposed settlement should not be lightly bestowed.

5. Furthermore, as a legal matter, nothing in Rule 23 suggests a lax inquiry at this stage. *Id.* Delaying a thorough assessment could slant the inquiry in a manner that deprives the class members of the Court protection demanded by Rule 23. *Id.*

6. Additional time to oppose the motion is all the more important because preliminary approval will result in tens of millions of dollars paying for an expensive class notice program.

---

[1] *E.g., Amchem Prods., Inc. v. Windsor,* 521 U.S. 591 (1997).

7.  On July 6, 2020, this Court ruled with regard to the original iteration of the class settlement:

> A class that includes all Roundup users who will get cancer in the future is very different [from NFL players who have not yet developed CTE]. For example, the idea that a migrant farmworker or someone who is employed part time by a small gardening business would receive proper notification (much less the opportunity to consider their options in a meaningful way) is dubious.

PTO No. 214, Doc. 11182, Page 3.

8.  The changes that putative class counsel and Defendant Monsanto propose to their original failed attempt do not cure the problems identified in the Court's PTO No. 214. *Compare, e.g.,* Doc. 12531-5 *with* Doc. 11042-11. As compared to the previous notice program, which was so defective as to be withdrawn by the moving parties, the current plan would advertise in more counties, use "color" in print ads, and otherwise expand upon the original program. *See* Decl. of Wheatman, Ph.D. on Adequacy of Notices and the Notice Program ¶48  12531-5, Page 19 of 56. These are changes in scope but not in kind.

9.  The agreement at issue sets aside up to $40,000,000 for the costs of the class notice. Settlement Agreement § 3.6(a)(ii) [Doc. 12531-2, Page 20 of 266]. This is an extraordinarily expensive mistake that will prove counterproductive when, on further examination, the unprecedented "futures" class settlement is proven to be fatally flawed. At a minimum, an extension of time is required so that the parties may fully brief the inadequacy of notice before forty million dollars is devoted to an exercise in futility.

10.  Under Northern District of California Civil Local Rule 7-11, Counsel for putative class member Ann Hardin also moves for an order authorizing her to file a memorandum in opposition that exceeds the current page limitation.

11.     This Court's Standing Order and Local Rule 7-3(a) limit the memorandum to 25 pages, acknowledging that this is the category of briefing for which a page extension is most likely appropriate.

12.     An extension of the page limit is necessary to adequately respond to the Movants' motion, because the motion exceeds sixty-nine pages in length. The "futures" class device is unprecedented, and the proposal raises unique questions not only under Rule 23, but also under federal statutes and the U.S. Constitution. It could have a dramatic effect not only on this litigation but on the future of mass tort litigation.

13.     This request is being made more 72 hours prior to the deadline.

14.     Accordingly, Ann Hardin respectfully requests that the Court extend the page limit for the memorandum in support of the preliminary approval motion to 70 pages, and extend the time for responding by at least 30 days, until March 22, 2021, or thereafter.

Executed on February 10, 2021               Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Arati C. Furness
　　　　　　　　　　　　　　　　　　　　　　　Arati C. Furness, CA Bar No. 225435
　　　　　　　　　　　　　　　　　　　　　　　Majed Nachawati
　　　　　　　　　　　　　　　　　　　　　　　S. Ann Saucer
　　　　　　　　　　　　　　　　　　　　　　　**FEARS NACHAWATI, PLLC**
　　　　　　　　　　　　　　　　　　　　　　　5473 Blair Road
　　　　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75231
　　　　　　　　　　　　　　　　　　　　　　　Tel. (214) 890-0711
　　　　　　　　　　　　　　　　　　　　　　　Fax (214) 890-0712
　　　　　　　　　　　　　　　　　　　　　　　afurness@fnlawfirm.com
　　　　　　　　　　　　　　　　　　　　　　　majed@fnlawfirm.com
　　　　　　　　　　　　　　　　　　　　　　　asaucer@fnlawfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of February 2021, a copy of the foregoing Motion was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Arati C. Furness
**FEARS NACHAWATI, PLLC**
5473 Blair Road
Dallas, Texas 75231
Tel. (214) 890-0711
Fax (214) 890-0712
afurness@fnlawfirm.com