GERALD SINGLETON, SBN 208783
JOHN C. LEMON, SBN 175847
SINGLETON SCHREIBER McKENZIE & SCOTT, LLP
450 A Street, 5th Floor
San Diego, CA 92101
Tel: (619) 771-3473
Fax: (619) 255-1515
Email:  gsingleton@ssmsjustice.com
        jlemon@ssmsjustice.com

*Attorneys for Plaintiffs*

# NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741 |
| | Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: | |
| *Kenneth Hong v. Monsanto Co.*<br>Case No. 3:19-cv-02895-CV | **Memorandum of Points & Authorities** |
| *Caitlin Jones-Basler, Johnny Quinonez, Vanessa Moore v. Monsanto Co.*<br>Case No. 2:19-cv-00953 | |

1

I.     **Pertinent Facts**

On June 24, 2020, counsel for a proposed class settlement (Class Counsel) filed a motion for preliminary approval of a class settlement and appointment of interim-class and subclass counsel.[1] Before the July 13, 2020 deadline to file oppositions, this Court "received many requests" to continue the hearing and for an extension of time of file opposition briefs.[2] After agreeing with the objectors that "careful scrutiny must be given to class action settlements at the preliminary approval stage,"[3] this Court denied the motions to alter the briefing schedule because it "was skeptical of the propriety and fairness of the proposed settlement, and [was] tentatively inclined to deny the motion" for preliminary approval.[4] Ultimately, the Court concluded that "if the parties are going to need to move to Plan B, they would presumably prefer to do that sooner rather than later."[5] In response to the Court's comments, Class Counsel withdrew their motion.[6]

On February 4, 2021, Class Counsel filed another motion for preliminary approval of a proposed class settlement and appointment of interim-class and subclass counsel.[7] That brief (exclusive of the index, caption, and service list) is 70 pages long. And while the new motion purports to "have responded to the Court's concerns,"[8] it nonetheless fails to address significant issues endemic to its predecessor.

II.    **The objectors to the proposed class settlement request the opportunity to be heard.**

As set forth in the attached declaration of John C. Lemon, undersigned counsel have been working with a handful of other individual plaintiffs' firms who are opposed to the proposed class settlement and who wish to file an opposition brief. In the event that this Court is still inclined to deny Class Counsel's motion, the relief requested here is probably unnecessary. If, however, the Court's view has changed, the objectors request a fair opportunity to be heard and

---

[1]     Doc. 11042.
[2]     Doc. 11182 at 1.
[3]     *Id.* at 1-2.
[4]     *Id.* at 2-3.
[5]     *Id.* at 4.
[6]     Doc. 12531 at 1.
[7]     Doc. 12531.
[8]     *Id.* at 1.

2

they are simply not capable of thoroughly briefing these complex issues by the current due date of February 18.

Indeed, as this Court notes in its standing order, its "scrutiny of the proposed settlement will be as rigorous at the preliminary approval stage as at the final approval stage."[9] The objectors accordingly request a 30-day continuance of the hearing, a new deadline of March 18, 2021, to file an opposition brief, and a page-limit commensurate with Class Counsel's brief.

Dated:  February 10, 2021                                  Respectfully submitted,

                                                                         _s/ John C. Lemon_
                                                                         JOHN C. LEMON
                                                                         GERALD B. SINGLETON
                                                                         Attorneys for Plaintiffs

---

[9]  Standing Order for Civil Cases Before Judge Vince Chabria at 13.