Roland Tellis (SBN 186269)
rtellis@baronbudd.com
David B. Fernandes, Jr. (SBN 280944)
dfernandes@baronbudd.com
**Baron & Budd, P.C**.
15910 Ventura Blvd., Suite 1600
Encino, CA 91403
Phone (818) 839-320

Brian Fitzpatrick
brian.fitzpatrick@vanderbilt.edu
Professor of Law
**Vanderbilt Law School**
131 21st Ave S
Nashville, TN 37203
Phone (615) 322-4032

*Counsel for Putative Class Member
David Ringwall*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741<br><br>Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO:<br><br>*Ramirez, et al. v. Monsanto Co.*, Case No. 3:19-cv-02224 | ***EX PARTE* APPLICATION TO EXTEND DEADLINE TO FILE RESPONSE TO MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT, APPOINTMENT OF INTERIM CLASS AND SUBCLASS COUNSEL, DIRECTION OF NOTICE UNDER FED. R. CIV P. 23(e), SCHEDULING OF A FAIRNESS HEARING, AND STAY OF THE FILING AND PROSECUTION OF ROUNDUP-RELATED ACTIONS BY SETTLEMENT CLASS MEMBERS**<br><br>The Honorable Vince Chhabria |

## *EX PARTE* APPLICATION

Pursuant to Civil Local Rules 7-10 and 6-3, and Federal Rule of Civil Procedure 6(b)(1)(A), putative settlement class member David Ringwall ("Mr. Ringwall")[1], by and through his counsel of record, respectfully requests an extension of time to file a response to the Motion for Preliminary Approval of Proposed Class Settlement, Appointment of Interim Class and Subclass Counsel, Direction of Notice under Fed. R. Civ P. 23(e), Scheduling of a Fairness Hearing, and Stay of the Filing and Prosecution of Roundup-Related Actions by Settlement Class Members, (ECF No. 12531) (the "Motion for Preliminary Approval") by 30 days, up to and including March 19, 2021. Mr. Ringwall moves *ex parte* because there is insufficient time to file this extension request as a noticed motion and Counsel for the Proposed Settlement Class has declined to consent to a request for extension.

Monsanto has proposed a complex settlement agreement which purports to bind "hundreds of thousands or even millions" of strangers to the litigation. The complexity of the settlement is not a function of its desire to achieve global peace on behalf of all future claimants. Rather, its complexity appears to be a function of Monsanto's desire to immediately stay all Roundup litigation until a science panel can issue a "confidential," yet admissible, NHL causation determination, and, in the interim, force putative class members to take a nominal "accelerated payment award" because the alternative compensation eligibility framework and proof

---

[1] Mr. Ringwall had not, as of February 3, 2021, "commenced an individual, non-class lawsuit or retained counsel for the pursuit of any individual non-class personal injury or false advertising claims arising from, resulting from, in any way relating to or in connection with actual or potential personal injury or false advertising claim" related to such exposure. Settlement § 1.1(a).

requirements are daunting and untenable. And, along the way, Monsanto retains the freedom to continue selling Roundup.

The recent amendments to Rule 23 of the Federal Rules of Civil Procedure make clear that preliminary approval "should be based on a solid record supporting the conclusion that the proposed settlement will likely earn final approval after notice and an opportunity to object." Fed. R. Civ. P. 23 and Adv. Comm. Notes, 2018 Amend. Such scrutiny is especially important where, as here, no class has been certified in the action prior to settlement.

While the amendment to Rule 23 regarding preliminary approval is recent, the idea of heightened scrutiny at the preliminary approval stage is not. For example, in *Cotter v. Lyft, Inc.*, 193 F.Supp.3d 1030 (N.D. Cal. 2016) (Chhabria, J.), this Court noted that a lax review of a proposed settlement during preliminary approval "makes little practical sense, from anyone's standpoint." *Id.* at 1036 ("If the district court, by taking a quick look rather than a careful one [during preliminary approval], misses a serious flaw in the settlement, the parties and the court will waste a great deal of money and time notifying class members of the agreement, only to see it rejected in the end, requiring the parties to start over.").

Additional concerns arise where, as here, the proposed settlement class involves only future claimants, with a complete exclusion of present claimants who are likely in the best position to review the notice and question the inadequacies of the settlement. As this Court is quite aware, this is not the settling parties' first attempt at resolving this mass tort litigation using an adventuresome application of Rule 23. On June 24, 2020, the settling parties asked this Court to approve a $1.1 billion settlement fund that was intended to resolve the claims of "hundreds of thousands or even millions of persons who have been exposed to Roundup, may or may not have manifested NHL symptoms, and have not commenced an individual personal injury action or

retained counsel to do so." ECF No. 11042 at p. 13. Shortly after learning of the proposed settlement, over a dozen requests were submitted to the Court by putative class members seeking an extension to file a response to the motion for preliminary approval.

On July 6, 2020, this Court issued its Order denying the motions for an extension of time but stated that, "the Court is skeptical of the propriety and fairness of the proposed settlement, and is tentatively inclined to deny the motion." ECF No. 11182 at p. 3. Referencing *Cotter*, the Court noted that, "[t]he points made in *Cotter* seem especially applicable to complex, expensive-to-administer settlements like the one proposed here. The Court thus appreciates the widespread interest in the settlement agreement, and agrees that it should not grant preliminary approval before fully considering the views of any potential class members who oppose it." *Id.* at p. 2

Importantly, the Court posed the following threshold question in view of the fact that juries have been reaching verdicts in favor of the plaintiffs, awarding significant compensatory and punitive damages: "Why would a potential class member want to replace a jury trial and the right to seek punitive damages with the process contemplated by the settlement agreement?" *Id.* at p. 3. Unfortunately, the new proposed settlement again fails to provide the answer.

First, though incredibly complex, the proposed settlement, and the motion which accompanies it, lacks critical information necessary to allow the Court and putative class members to understand whether future claimants are receiving grossly disproportionate treatment as compared to the present claimants in the inventory settlements negotiated by Monsanto. No information is provided as to the terms of the inventory settlements Monsanto reached with present claimants, including the payment amounts, the compensation framework, eligibility requirements, medical exclusions, and the required quantum of proof demanded, all of which appear in the proposed settlement for future claimants.

Additionally, while the new proposed settlement describes the science panel Monsanto desires as only "advisory," it remarkably requires putative class members to forego any discovery or testimony from the science panel and yet still admit, for evidentiary purposes at trial, that the science panel (1) was comprised of independent, qualified, and recognized experts, (2) who reviewed the existing body of scientific evidence, and (3) whose determination should be considered as that of an independent expert and should be given the same weight given to the testimony of any other independent expert.  And while the settlement claims to afford putative class members the ability to introduce testimony from other "paid" experts, the proposed settlement requires putative class members to covenant and agree to "not contradict any of the stipulated facts contained in the Science Panel Stipulation or assert that the Science Panel reached a conclusion inconsistent with the Scient Panel Stipulation."  ECF No. 12531-2, Ex. 9.

The proposed settlement also provides that "[i]n any and all Roundup Lawsuits . . . the court or other tribunal *shall* (1) permit the full and fair introduction of the Science Panel Determination as evidence, (2) permit full and fair admission of the Science Panel Stipulation, including by permitting references to it and reading it or submitting it in writing to the jury (as the court or tribunal deems appropriate), and (3) not instruct or otherwise tell the jury it is not bound by any of the stipulated facts in the Science Panel Stipulation. ECF No. 12531-2 at p. 66 (emphasis added).

It is unclear how such a procedure could ever benefit future claimants who may not receive an NHL diagnosis until well after Monsanto elects to discontinue the compensation fund.  In such an instance, the future claimants are left with no choice but to enter the tort system with the burdens of the Science Panel's confidential and unrebuttable determinations and no right to punitive damages.

Finally, the Motion for Preliminary Approval fails to include any affidavits from subclass counsel attesting to their independent representation and compensation, and their negotiation of terms which uniquely affect each subclass. This proof of procedural fairness is fundamental to Rule 23's adequacy determination.  Indeed, Rule 23's adequacy requirement demands heightened attention in the settlement context. The adequacy requirement guards against conflicts of interest by assuring that differently situated plaintiffs negotiate for their own unique interests—a special concern with settlement classes that, as here, bind both those with a present NHL diagnosis and those without. *See Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 631 (3d Cir. 1996) (finding that the lack of structural protections "thwarted the adequate representation of the disparate groups of plaintiffs," and noting that "[a]bsent structural protections to assure that differently situated plaintiffs negotiate for their own unique interests, the fact that plaintiffs of different types were among the named plaintiffs does not rectify the conflict.").

Inasmuch as Counsel for Mr. Ringwall was only recently retained, and given the complexity of the issues raised by the proposed settlement, Mr. Ringwall respectfully requests that the Court extend the time for all interested parties to respond to the Motion for Preliminary Approval so the Court can fully consider the views of putative class members who oppose the terms of the newly proposed settlement.

For the foregoing reasons, and in the interests of justice, Mr. Ringwall respectfully requests that the Court extend the deadline to file a response to the Motion for Preliminary Approval by 30 days, to and including March 19, 2021.

Dated: February 11, 2021 	Respectfully submitted,

                                                  */s/ Roland Tellis*
                                                  Roland Tellis

                                                  Roland Tellis (SBN 186269)
                                                  rtellis@baronbudd.com
                                                  David B. Fernandes, Jr. (SBN 280944)
                                                  dfernandes@baronbudd.com
                                                  **Baron & Budd, P.C.**
                                                  15910 Ventura Blvd., Suite 1600
                                                  Encino, CA 91403
                                                  Phone (818) 839-320

                                                  Brian Fitzpatrick
                                                  brian.fitzpatrick@vanderbilt.edu
                                                  Professor of Law
                                                  **Vanderbilt Law School**
                                                  131 21st Ave S
                                                  Nashville, TN 37203
                                                  Phone (615) 322-4032

                                                  *Counsel for Putative Class Member*
                                                  *David Ringwall*

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing on counsel of record.

Dated: February 11, 2021                             Respectfully submitted,

                                                              */s/ Roland Tellis*
                                                              Roland Tellis