Behram V. Parekh, SBN 180361
DALIMONTE RUEB STOLLER LLP
515 S. Figueroa Street, Suite 1550
Los Angeles, California 90071
T: 619.821.2305
F: 855.203.2035
E: behram.parekh@drlawllp.com

*Counsel for putative class members
Denver Stoner and Mark Rogers*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to: | MDL No. 2741<br>Case No. 16-md-02741-VC<br><br>ADMINISTRATIVE MOTION OF PUTATIVE CLASS MEMBERS TO EXTEND TIME TO FILE RESPONSE TO MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [D.E. 12531] AND TO EXTEND PAGE LIMITATIONS |

1

Undersigned counsel represents at least two putative class members who retained counsel after February 3, 2021 and who have not yet filed suit. Counsel for those putative class members respectfully requests the Court extend the time to file an opposition or objection to the Motion for Preliminary Approval of Proposed Class Settlement, Appointment of Interim Class and Subclass Counsel, Direction of Notice Under Fed. R. Civ P. 23(e), Scheduling of A Fairness Hearing, and Stay of the Filing and Prosecution of Roundup-Related Actions by Settlement Class Members [Doc. 12531] ("Revised Motion") to allow them and other interested parties time to adequately respond to the Motion.

In June, 2020 the same counsel that have brought the Revised Motion brought their initial motion to approve a proposed settlement class [D.E. 11042] ("Original Motion"). The Court, in denying various motions to extend time to respond as to the Original Motion, and citing to *Cotter v. Lyft*, 193 F. Supp. 3rd 1030, 1036-37 (N.D. Cal. 2016), noted that "wait[ing] until the final approval stage before fully considering objections" to the proposed settlement agreement would be "wrong," particularly with "complex, expensive-to-administer settlements like the one proposed" [D.E. 11182 at 2].

The Court went on to note that it was "skeptical of the propriety and fairness of the proposed settlement" and listed out some of its concerns. *Id*. at 3. The Court then concluded that rather than delay the hearing, it would be more expeditious to allow the parties to the Original Motion to move to Plan B if they wished rather than waste time and effort litigating their Plan A. *Id*. at 4. In response to the Court's Order, filing counsel withdrew the Original Motion.

Instead of moving on to Plan B, however, filing counsel for the Original Motion have now filed just a modified version of Plan A that, while facially appearing to address the Court's stated concerns, really does not do so. For example, the Revised Motion continues to contain a "Science

Panel" which they now claim is "advisory" only. However, the deliberations of that panel continue to be secret, are not subject to discovery, dispute, challenge, or cross-examination by counsel for any putative class member, panelists are still only allowed to consider current data and not future data, panelists are still not allowed to conduct their own research, the panels' findings continue to be locked-in, and the panels' findings are now, instead of binding, admissible as stipulated facts, without objection, in any subsequent proceeding – making the findings of such panel, in effect, indisputable by plaintiffs' counsel in any future litigation or jury trial.

The Revised Motion also continues to prohibit punitive damages in any future proceedings, claiming that the class settlement and the private settlements to date are sufficient to achieve reform and deterrence. That is clearly not the case. Has Monsanto and Bayer admitted that Roundup causes cancer? Has Monsanto and Bayer stopped selling Roundup? Has Monsanto and Bayer even asked the EPA to put a clear warning on the label that Roundup can cause cancer? It is clear that neither the punitive damages verdicts to date, nor the private settlements, have changed Monsanto's and Bayer's behavior in any measurable way. Rather, the punitive damages verdicts to date have led Monsanto and Bayer to attempt to craft a class settlement which would permit them to keep selling Roundup, without sufficient warnings and without admitting that Roundup causes cancer, while cutting off their fear of future punitive damages awards.

The Revised Motion also continues to have the same types of defects with notice as those identified by the Court, with notice simply being a geographically expanded version of the original program, but this time with color.

The above are just some of the defects that continue to exist in the Revised Motion. In the Court's July 6, 2020 Order on the Original Motion, the Court provided a procedure for the filing of preliminary oppositions or objections, and stated that if the Court's view evolved after the

3

hearing on preliminary approval, it would grant time and invite full briefing and allow amicus briefs at that time.

To the extent that Court, based upon the Revised Motion, is inclined to evolve its view of the propriety and fairness of the proposed settlement, counsel for putative class members respectfully request an extension of time and page limitations to allow all interested parties to fully brief the numerous issues raised by the Revised Motion, not just as to the appropriateness of certification under Rule 23, but the broader issues of whether the type of relief proposed in the Revised Motion is even constitutional and within the scope of the federal judiciary to order. Given the complex legal and constitutional issues involved, counsel for putative class members also respectfully request that the Court permit and invite *amici curiae* to submit briefs on the Revised Motion as well.

Dated: February 11, 2021　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　By:　　/s/ Behram V. Parekh
　　　　　　　　　　　　　　　　　　　　　　　Behram V. Parekh
　　　　　　　　　　　　　　　　　　　　　　　DALIMONTE RUEB STOLLER LLP
　　　　　　　　　　　　　　　　　　　　　　　515 S. Figueroa Street, Suite 1550
　　　　　　　　　　　　　　　　　　　　　　　Los Angeles, California 90071
　　　　　　　　　　　　　　　　　　　　　　　T: 619.821.2305
　　　　　　　　　　　　　　　　　　　　　　　F: 855.203.2035
　　　　　　　　　　　　　　　　　　　　　　　E: behram.parekh@drlawllp.com

　　　　　　　　　　　　　　　　　　　　　　　*Counsel for putative class members*
　　　　　　　　　　　　　　　　　　　　　　　*Denver Stoner and Mark Rogers*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of February 2021, a copy of the foregoing Motion was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

By: /s/ Behram V. Parekh
Behram V. Parekh
DALIMONTE RUEB STOLLER LLP
515 S. Figueroa Street, Suite 1550
Los Angeles, California 90071
T: 619.821.2305
F: 855.203.2035
E: behram.parekh@drlawllp.com

*Counsel for putative class members*
*Denver Stoner and Mark Rogers*