M. Elizabeth Graham (SBN 143085)
**GRANT & EISENHOFER P.A.**
One Market Street
Spear Tower, 36th Floor
San Francisco, CA 94105
Telephone: (415) 293-8120
Fax: (415) 789-4367
egraham@gelaw.com
*Counsel for Putative Class Member*
*Thomas DeShields*

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO:<br><br>*Ramirez, et al. v. Monsanto Co.*, Case No. 3:19-cv-02224 | **NOTICE OF JOINDER IN *EX PARTE* APPLICATION TO EXTEND DEADLINE TO FILE RESPONSE TO MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, APPOINTMENT OF INTERIM CLASS AND SUBCLASS COUNSEL, DIRECTION OF NOTICE UNDER FED. R. CIV. P. 23(e), SCHEDULING OF A FAIRNESS HEARING, AND STAY OF THE FILING AND PROSECUTION OF ROUNDUP-RELATED ACTIONS BY SETTLEMENT CLASS MEMBERS**<br><br>The Honorable Vince Chhabria |

**PLEASE TAKE NOTICE THAT** putative settlement class member Thomas DeShields[1], by and through his undersigned counsel, respectfully joins in putative settlement class member David Ringwall's request for an extension of time to file a response to the pending Motion for Preliminary Approval of Class Settlement, Appointment of Interim Class and Subclass Counsel, Direction of Notice under Fed. R. Civ P. 23(e), Scheduling of a Fairness Hearing, and Stay of the Filing and Prosecution of Roundup-Related Actions by Settlement Class Members (ECF No. 12531) ("Motion for Preliminary Approval") for 30 days, up to and including March 19, 2021.[2]

As set forth in Mr. Ringwall's moving papers, the proposed class action settlement threatens to affect "hundreds of thousands or even millions" of persons who have been exposed to Roundup, may or may not have manifested NHL symptoms, and have not commenced an individual personal injury action or retained counsel to do so. (ECF No. 12573 at p. 1). It raises "unique" and profound questions, not only under Rule 23, but also under federal statutes and the U.S. Constitution. It could have a dramatic effect not only on this litigation, but on the future of mass tort litigation.

Mr. DeShields submits that the complex and unique nature of these questions constitutes good cause to extend the response date, especially in light of the "all-important nature of" preliminary certification where consideration of the merits of a proposed class action settlement is

---

[1] Mr. DeShields was exposed to Roundup, has not been diagnosed with NHL, and had not, by February 3, 2021, "commenced an individual, non-class lawsuit or retained counsel for the pursuit of any individual non-class personal injury or false advertising claims arising from, resulting from, in any way relating to or in connection with actual or potential personal injury or false advertising claim" related to such exposure. Settlement § 1.1(a).

[2] Mr. DeShields also joins in the Motion for Extension of Time filed by Singleton Schreiber McKenzie & Scott, LLP (ECF Doc. 12570).

"front-loaded."[3]  It is during the preliminary fairness review that courts should determine whether the proposed class meets the standards of Rule 23(a) and (b). *See*, Manual for Complex Litigation 4th § 21.632. This is done to prevent the waste of scarce judicial and party resources to schedule a final fairness hearing for a class that does not meet Rule 23 certification standards. *See, id*. Further, as rule Rule 23(f) does not allow for the interlocutory appeal of a preliminary approval order, Mr. DeShields would be required to wait until final approval to challenge any deficiencies in the proposed settlement, the result of which would be the very duplication and wasting of court and party resources that the Rules of Civil Procedure are designed to prevent.  The alternative of a brief extension for this Court to hear the voices of the proposed class whose legal rights will be stripped stands to benefit many and harms none.

For these reasons, and those set forth at length in Mr. Ringwall's *ex parte* application, Mr. DeShields respectfully urges this Court to extend the time for all interested parties to respond to the Motion for Preliminary Approval, so their concerns can be thoughtfully and thoroughly presented to the Court now before a great deal of time and money is expended—and perhaps wasted—on notice to the settlement class and the expected litany of objections from class members.

///

///

///

///

---

[3]     *See* Cabraser, Elizabeth and Steinman, Adam *What Is a Fair Price for Objector Blackmail? Class Actions, Objectors, and the 2018 Amendments to Rule 23*, 24 LEWIS & CLARK L. REV. 549 (2020) (Extensively analyzing the importance of preliminary approval in light of the 2018 Amendment's to Rule 23).

Dated: February 12, 2021                    Respectfully submitted,

                                                                       */s/ M. Elizabeth Graham*

M. Elizabeth Graham (SBN 143085)
Adam J. Gomez **
Tudor I. Farcas**
Adam Stoltz**
**GRANT & EISENHOFER, P.A.**
One Market Street
Spear Tower, 36th Floor
San Francisco, CA 94105
Telephone: (415) 293-8120
Fax: (415) 789-4367
egraham@gelaw.com
agomez@gelaw.com
tfarcas@gelaw.com
astoltz@gelaw.com

*Counsel for Putative Class Member Thomas DeShields*

** *Pro Hac Vice* Forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing on counsel of record.

Dated February 12, 2021                                  Respectfully submitted,

                                                         /s/ M. Elizabeth Graham