**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Tel:    202-898-5800
Fax:    202-682-1639
Email: jhollingsworth@hollingsworthllp.com
          elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*John W. Bussey, Jr.*<br>*v. Monsanto Co. and Does 1-10*,<br>Case No. 3:21-cv-01044-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's' John W. Bussey, Jr.'s Complaint, except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      Monsanto admits the allegations in the first sentence of paragraph 1.  In response to the allegations in the second sentence of paragraph 1, Monsanto admits that glyphosate, the active ingredient in Roundup®-branded herbicides, is a non-selective herbicide and that certain Roundup®-branded herbicides are used to kill weeds that commonly compete with growing crops.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics cited in the remaining sentences of paragraph 1 and therefore denies those allegations.

- 1 -

2.      In response to the allegations in paragraph 2, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware. Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto admits that it has been a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 2.  Monsanto admits that it has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 2 and therefore denies those allegations.

3.      In response to the allegations in paragraph 3, Monsanto admits that it has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.  The remaining allegations in paragraph 3 are vague, misleading, incomplete, and conclusory and/or comprise attorney characterizations – and are accordingly denied.

4.      Monsanto admits the allegations in paragraph 4.

5.      Monsanto admits the allegations in the first sentence of paragraph 5.  Monsanto denies the allegations in the second sentence of paragraph 5 to the extent they suggest that IARC based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.  Monsanto denies the remaining allegations in paragraph 5.

6.      Monsanto admits the allegations in the first sentence of paragraph 6.  Monsanto denies the allegations in the second sentence of paragraph 6.

7.      In response to the allegations in paragraph 7, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 7.

8.      Monsanto denies the allegations in paragraph 8.

9.      In response to paragraph 9, Monsanto admits that glyphosate repeatedly has been

1    found to be safe to humans and the environment by regulators in the United States and around

2    the world and further admits that it has labeled glyphosate products as approved by regulatory

3    bodies consistent with those findings.  Monsanto also admits that the EPA repeatedly has

4    concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that

5    glyphosate-based herbicides create no unreasonable risk to human health or to the environment

6    when used in accordance with the label.  To the extent that paragraph 9 alleges that Monsanto

7    has labeled glyphosate-based or Roundup®-branded herbicides in any manner different or in

8    addition to such regulatory approval, Monsanto denies such allegations.

9        10.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in paragraph 10 and therefore denies those allegations.

11       11.    The allegations in paragraph 11 set forth conclusions of law for which no

12   response is required.  To the extent that a response is deemed required, Monsanto admits the

13   allegations in paragraph 11 based upon the allegations in plaintiff's Complaint.

14       12.    Monsanto denies that any exposure to Roundup®-branded products can cause

15   NHL and other serious illnesses and therefore denies those allegations.  The remaining

16   allegations in paragraph 12 set forth conclusions of law for which no response is required.

17       13.    The allegations in paragraph 13 set forth conclusions of law for which no

18   response is required.

19       14.    In response to the allegations in paragraph 14, Monsanto denies certain events

20   giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form

21   a belief as to the truth of the allegations regarding where certain other events giving rise to

22   plaintiff's claims occurred and therefore denies those allegations.  The remaining allegations in

23   paragraph 14 set forth conclusions of law for which no response is required.

24       15.    Monsanto lacks information or knowledge sufficient to form a belief as to the

25   truth of the allegations in paragraph 15 and therefore denies those allegations.

26       16.    Monsanto admits the allegations in the first sentences of paragraph 16.  Monsanto

27   admits that it was the entity that discovered the herbicidal properties of glyphosate and that

28   Monsanto has manufactured Roundup®-branded products that have glyphosate as the active

ingredient, but notes that Monsanto has not been the only manufacturer of glyphosate-based herbicides.  The remaining allegations in paragraph 16 set forth conclusions of law for which no response is required.

17.     The allegations in paragraph 17 are not directed at Monsanto and therefore no answer is required.

18.     In response to the allegations in paragraph 18, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 18 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies those allegations.

19.      Monsanto admits the allegations in the first sentence of paragraph 19.  Monsanto denies the allegations in the second sentence of paragraph 19 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant. Monsanto denies the allegations of the third sentence of paragraph 19 to the extent that it suggests that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

20.     In response to the allegations in paragraph 20, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s.  Monsanto denies the remaining allegations in paragraph 20.

21.     Monsanto admits the allegations in the first two sentences of paragraph 21 and admits that it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA.  Monsanto otherwise denies the remaining allegations in paragraph 21.

22.     Monsanto admits the allegations in paragraph 22.

23.     In response to the allegations in paragraph 23, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining

1   allegations in paragraph 23 set forth conclusions of law for which no response is required.

2   24.     The allegations in paragraph 24 set forth conclusions of law for which no

3   response is required.

4   25.     In response to the allegations in paragraph 25, Monsanto admits that Roundup®-

5   branded products are registered by EPA for manufacture, sale, and distribution in the United

6   States and are registered by the State of Mississippi for sale and distribution.

7   26.     In response to the allegations in paragraph 26, Monsanto admits that EPA requires

8   registrants of herbicides to submit extensive data in support of the human health and

9   environmental safety of their products and further admits that EPA will not register or approve

10  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto

11  states that the term "the product tests" in the final sentence of paragraph 26 is vague and

12  ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 26

13  set forth conclusions of law for which no response is required.

14  27.     Monsanto denies the allegations in paragraph 27 to the extent that they suggest

15  that EPA only evaluates the safety of pesticide products on the date of their initial registration.

16  Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide

17  products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

18  of the allegations in paragraph 27 regarding such pesticide products generally.  The remaining

19  allegations in paragraph 27 set forth conclusions of law for which no response is required.

20  28.     Monsanto denies the allegations in the first sentence of paragraph 28.  The

21  remaining allegations in paragraph 28 take statements out of context; are vague, misleading,

22  incomplete, and conclusory; and/or comprise attorney characterizations and are accordingly

23  denied

24  29.     In response to the allegations in paragraph 29, Monsanto admits that an EPA

25  review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

26  changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

27  evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits

28  that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect

to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  Monsanto states, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

1

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

2

3

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates /watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20.

4

5

6

7

8    Monsanto denies the remaining allegations in paragraph 29.

9         30.    In response to the allegations in paragraph 30, Monsanto admits that it – along

10   with a large number of other companies and governmental agencies – was defrauded by two

11   chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

12   testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct

13   toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any

14   glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories

15   studies. To the extent that the allegations in paragraph 30 are intended to suggest that Monsanto

16   was anything other than a victim of this fraud, such allegations are denied.

17         31.    In response to the allegations in paragraph 31, Monsanto admits that IBT

18   Laboratories was hired to conduct toxicity studies in connection with the registration of a

19   Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is

20   based upon any fraudulent or false IBT studies.

21         32.    Monsanto denies the allegations in paragraph 32 to the extent they suggest that

22   EPA performed an inspection of IBT Laboratories solely or specifically in connection with

23   studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT

24   Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in

25   connection with services provided to a broad number of private and governmental entities and

26   that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was

27   one of several pesticide manufacturers who had used IBT test results. The audit found some

28   toxicology studies conducted with the original Roundup® herbicide to be invalid. As a result,

Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 32 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied.

33.     In response to the allegations in paragraph 33, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

34.     In response to the allegations in paragraph 34, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto further admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 34 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

35.     Monsanto denies the allegations in paragraph 35.

36.     In response to the allegations in paragraph 36, Monsanto admits that Roundup®-branded products are highly valued by customers because of their efficacy and safety.  Monsanto also admits that the patent for glyphosate expired in the United States in 2000.  The remaining allegations in paragraph 36 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

37.     In response to the allegations in paragraph 37, Monsanto admits that, following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 37 and accordingly denies those allegations.  The remaining allegations in

paragraph 37 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

38.     In response to the allegations in paragraph 38, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it has been the only company that has sold glyphosate or glyphosate-based herbicides.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 38 and accordingly denies the same.  The remaining allegations in paragraph 38 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

39.     In response to the allegations in paragraph 39, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 39 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

40.     In response to the allegations in paragraph 40, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 40 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

41.     Monsanto denies the allegations in paragraph 41.

42.     In response to the allegations in paragraph 42, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 42.

43.     In response to the allegations in paragraph 43, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent.  Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 43, which are not limited as of any specified date, and accordingly denies the same.

44.     In response to the allegations in paragraph 44, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations. Monsanto denies the remaining allegations in paragraph 44.

45.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies those allegations.

46.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies those allegations.

47.     Monsanto denies the allegations in paragraph 47 to the extent that they suggest that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

48.     In response to the allegations in paragraph 48, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working group are "experts."  Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence.  Monsanto also denies that the working group

1   considered all information available in the scientific literature and all data from government

2   reports that are publicly available.  Monsanto denies the remaining allegations in paragraph 48.

3        49.      In response to the allegations in paragraph 49, Monsanto denies that the IARC

4   working group considered all of the data in the numerous studies that have been conducted

5   looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or

6   that it reliably considered the studies that it purports to have reviewed, which frequently reach

7   conclusions directly contrary to those espoused by the IARC working group.  To the extent the

8   allegations purport to characterize statements made in the IARC monograph for glyphosate, the

9   statements in that document speak for themselves, but Monsanto lacks information or knowledge

10  sufficient to form a belief as to the accuracy of the source of said information and accordingly

11  denies the allegations.

12       50.      The allegations in paragraph 50 are vague and conclusory.  To the extent they

13  purport to characterize statements made in the IARC monograph for glyphosate, the statements

14  in that document speak for themselves, but Monsanto lacks information or knowledge sufficient

15  to form a belief as to the accuracy of the source of said information and accordingly denies the

16  allegations.

17       51.      In response to the allegations in paragraph 51, to the extent the allegations purport

18  to characterize statements made in the IARC monograph for glyphosate, the statements in that

19  document speak for themselves, but to the extent that this paragraph means that more than *de

20  minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 51.

21       52.      In response to the allegations in paragraph 52, Monsanto admits that the IARC

22  working group identified a number of case control studies of populations with exposures to

23  glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

24  health concern from such exposures.

25       53.      Monsanto denies the allegations in paragraph 53.  The IARC working group

26  concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

27  which, per IARC's guidelines, means that the working group could not rule out chance, bias or

28  confounding so as to reach any conclusion of an increased risk.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:21-cv-01044-VC

54.     In response to the allegations in paragraph 54, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

55.     In response to the allegations in paragraph 55, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors.  Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto admits that the IARC working group purported to make these findings, but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA is present or persists in human blood or urine.  Monsanto denies the remaining allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration.  Regulators around the world repeatedly have concluded that glyphosate is not genotoxic.  Monsanto denies the remaining allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion.  Monsanto denies the remaining allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:21-cv-01044-VC

1  between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph

2  59.

3      60.    In response to the allegations in paragraph 60, Monsanto admits that EPA has a

4  technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water

5  Regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, and that

6  the Complaint accurately quotes from the identified document, which should be read in context

7  of EPA's precautionary regulatory mandate and the EPA's consistent finding that glyphosate

8  does not pose any cancer risk to humans.

9      61.    In response to the allegations in paragraph 61, Monsanto admits that the

10  Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the

11  Coalition provides any reliable basis for any conclusions regarding potential health risks from

12  glyphosate.  Monsanto notes that a federal district court has characterized this same publication

13  as an "advocacy piece[] published in [a] non-peer-reviewed journal."  *See Arias v. DynCorp*, 928

14  F. Supp. 2d 10, 24 (D.D.C. 2013).

15      62.    In response to the allegations in paragraph 62, Monsanto admits that the IARC

16  working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

17  discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-

18  based herbicides, including the Netherlands, but denies that there is any scientific basis for the

19  concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations

20  in paragraph 62.

21      63.    In response to the allegations in paragraph 63, Monsanto admits that the IARC

22  working group classification led an individual government attorney in Brazil to write a letter to

23  the Brazilian regulatory authorities requesting a reevaluation of glyphosate.  Monsanto denies the

24  remaining allegations in paragraph 63.

25      64.    Monsanto admits that, in France, the sale to and use by amateurs (i.e., non-

26  professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited

27  as of January 1, 2019, with certain exceptions.  Monsanto denies the remaining allegations in

28  paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same.  Monsanto denies the remaining allegations in paragraph 65.

66.     In response to the allegations in paragraph 66, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease.  Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations regarding claimed carcinogenicity.  Monsanto denies the remaining allegations in paragraph 66.

67.     In response to the allegations in paragraph 67, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate.  Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns.  As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops.  A federal district court in the United States excluded plaintiff's expert testimony purporting to link these same aerial eradication operations with cancer as scientifically unreliable.  *See Arias v. DynCorp*, 928 F. Supp. 2d 10 (D.D.C. 2013).  Monsanto denies the remaining allegations in paragraph 67.

68.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 68 and therefore denies those allegations.

69.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore denies those allegations.

70.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore denies those allegations.

71.     Monsanto incorporates by reference its responses to paragraphs 1 through 70, in response to paragraph 71 of plaintiff's Complaint.

72.     In response to the allegations in paragraph 72, Monsanto admits that plaintiff

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:21-cv-01044-VC

1   purports to bring a claim for strict liability design defect but denies any liability as to that claim.

2       73.   Monsanto denies the allegations in the first and second sentences of paragraph 73.

3   In response to the last sentence of paragraph 73, Monsanto lacks information or knowledge

4   sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to

5   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

6   remaining allegations in paragraph 73.

7       74.   Monsanto denies the allegations in paragraph 74.

8       75.   Monsanto lacks information or knowledge sufficient to form a belief as to the

9   truth of the allegations in paragraph 75 and therefore denies those allegations.

10      76.   Monsanto denies the allegations in paragraph 76.

11      77.   Monsanto denies the allegations in paragraph 77.

12      78.   Monsanto denies the allegations in paragraph 78.

13      79.    Monsanto denies the allegations in paragraph 79 and each of its subparts.

14      80.   Monsanto lacks information or knowledge sufficient to form a belief as to the

15   truth of the allegations in paragraph 80 concerning plaintiff's claimed exposure to Roundup®-

16   branded products and therefore denies those allegations.  Monsanto denies the remaining

17   allegations in paragraph 80, including that Roundup® branded products have "dangerous

18   characteristics."

19      81.   Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 81 concerning plaintiff's claimed exposure to Roundup®-

21   branded products and therefore denies those allegations.  Monsanto denies the remaining

22   allegations in paragraph 81, including that Roundup®-branded products have "dangerous

23   characteristics."

24      82.   Monsanto denies the allegations in paragraph 82.

25      83.   Monsanto denies the allegations in paragraph 83.

26      84.   Monsanto denies the allegations in paragraph 84.

27      85.   Monsanto denies the allegations in paragraph 85.

28      86.   Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     In response to the allegations in the first sentence of paragraph 90, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 90 sets forth a conclusion of law for which no response is required.

91.     Monsanto incorporates by reference its responses to paragraphs 1 through 90 in response to paragraph 91 of plaintiff's Complaint.

92.     In response to the allegations in paragraph 92, Monsanto admits that plaintiff purports to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 94 that plaintiff purchased Roundup®-branded products and therefore denies those allegations.  The allegations in paragraph 94 also set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 94.

95.     The allegations in paragraph 95 set forth conclusions of law for which no response is required.

96.     Monsanto denies the allegations in paragraph 96.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto denies the allegations in paragraph 99.

- 16 -

1    100.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 100 and therefore denies those allegations.

3    101.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 101 concerning plaintiff's alleged use and exposure to

5    Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

6    remaining allegations in paragraph 101, including that Roundup®-branded products have

7    "dangerous characteristics."

8    102.    Monsanto lacks information or knowledge sufficient to form a belief as to the

9    truth of the allegations in paragraph 102 concerning plaintiff's alleged use and exposure to

10   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

11   remaining allegations in paragraph 102, including that Roundup®-branded products have

12   "dangerous characteristics."

13   103.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations in the second sentence of paragraph 103 and therefore denies those

15   allegations.  Monsanto denies the remaining allegations in paragraph 103.

16   104.    Monsanto denies the allegations in paragraph 104.

17   105.    Monsanto denies the allegations in paragraph 105.

18   106.    Monsanto denies the allegations in paragraph 106.

19   107.    Monsanto lacks information or knowledge sufficient to form a belief as to the

20   truth of the allegations in paragraph 107 concerning plaintiff's alleged use of Roundup®-branded

21   products and therefore denies those allegations.  Monsanto denies the remaining allegations in

22   paragraph 107.

23   108.    Monsanto denies the allegations in paragraph 108.

24   109.    Monsanto denies the allegations in paragraph 109.

25   110.    Monsanto denies the allegations in paragraph 110.  All labeling of Roundup®-

26   branded products has been and remains EPA-approved and in compliance with all federal

27   requirements under FIFRA.

28   111.    Monsanto denies the allegations in paragraph 111.

112.     In response to the allegations in the first sentence of paragraph 112, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 112 sets forth a conclusion of law for which no response is required

113.     Monsanto incorporates by reference its responses to paragraphs 1 through 112 in response to paragraph 113 of plaintiff's Complaint.

114.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 114 regarding the specific products allegedly used by plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore denies the allegations in paragraph 114.

115.     The allegations in paragraph 115 set forth conclusions of law for which no response is required.

116.     The allegations in paragraph 116 set forth conclusions of law for which no response is required.

117.     Monsanto denies the allegations in paragraph 117.

118.     Monsanto denies the allegations in paragraph 118.

119.     Monsanto denies the allegations in paragraph 119.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

120.     Monsanto denies the allegations in paragraph 120.

121.     Monsanto denies the allegations in paragraph 121.

122.     Monsanto denies the allegations in paragraph 122, including each of its subparts.

123.     Monsanto denies the allegations in paragraph 123.

124.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 124 regarding plaintiff's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 124, including

that intended use and/or exposure to Roundup®-branded products causes any injuries or serious illness.

125.    Monsanto denies the allegations in paragraph 125.

126.    Monsanto denies the allegations in paragraph 126.

127.    Monsanto denies the allegations in paragraph 127.

128.    In response to the allegations in the first sentence of paragraph 128, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of paragraph 128 sets forth a conclusion of law for which no response is required.

129.    Monsanto incorporates by reference its responses to paragraphs 1 through 128 in response to paragraph 129 of plaintiff's Complaint.

130.    Monsanto denies the allegations in paragraph 130.

131.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 131 regarding plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 131 set forth conclusions of law for which no response is required.

132.    Monsanto denies the allegations in paragraph 132.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

133.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 133 regarding plaintiff's reliance and therefore denies those allegations.  The remaining allegations in paragraph 133 set forth conclusions of law for which no response is required.

134.    The allegations in paragraph 134 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:21-cv-01044-VC

135.    The allegations in paragraph 135 set forth conclusions of law for which no response is required.

136.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 136 and therefore denies those allegations.

137.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 137 regarding the claimed use of Roundup®-branded products by plaintiff and others and therefore denies those allegations.  The remaining allegations in paragraph 137 set forth conclusions of law for which no response is required.

138.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 138 regarding plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph 138 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 138.

139.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 139 regarding plaintiff's claimed use of or exposure to Roundup®-branded products or plaintiff's claimed reliance and therefore denies those allegations.  The allegation in paragraph 139 regarding Monsanto's implied warranty sets forth conclusions of law for which no response is required.

140.    Monsanto denies that there is any risk of serious injury associated with or linked to the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 140 regarding plaintiff's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 140.

141.    Monsanto denies the allegations in paragraph 141.

142.    Monsanto denies the allegations in paragraph 142.

143.     Monsanto denies the allegations in paragraph 143.

144.    In response to the allegations in the first sentence of paragraph 144, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

1    dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

2    fees as allowed by law and such further and additional relief as this Court may deem just and

3    proper.  The statement in the last sentence of paragraph 144 sets forth a conclusion of law for

4    which no response is required.

5        145.    Monsanto incorporates by reference its responses to paragraphs 1 through 144 in

6    response to paragraph 145 of plaintiff's Complaint.

7        146.     The allegations in paragraph 146 set forth conclusions of law for which no

8    response is required.

9        147.    Monsanto denies the allegations in paragraph 147.

10       148.    Monsanto denies the allegation in paragraph 148 that Roundup®-branded products

11   are "dangerous."  The remaining allegations in paragraph 148 set forth conclusions of law for

12   which no response is required.

13       In response to the section entitled "PRAYER FOR RELIEF" Monsanto denies that

14   plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest,

15   costs, or any other relief whatsoever.

16       Every allegation in the Complaint that is not specifically and expressly admitted in this

17   Answer is hereby specifically and expressly denied.

18                    **SEPARATE AND AFFIRMATIVE DEFENSES**

19       1.    The Complaint, in whole or part, fails to state a claim or cause of action against

20   Monsanto upon which relief can be granted.

21       2.    Plaintiff's claims against Monsanto are barred because plaintiff cannot proffer any

22   scientifically reliable evidence that the products at issue were defective or unreasonably

23   dangerous.

24       3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted,

25   was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

26   plaintiff's alleged injuries.

27       4.    Plaintiff's claims against Monsanto are barred, in whole or in part, because the

28   products at issue were designed, manufactured, marketed and labeled with proper warnings,

information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.     Plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.     Plaintiff's claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.     Plaintiff's claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.     Plaintiff's claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.    Plaintiff's claims against Monsanto are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.    The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.    Applicable statutes of limitations and/or repose, bar plaintiff's claims against Monsanto in whole or in part.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:21-cv-01044-VC

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims against Monsanto in whole or in part.

14.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff's claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims against Monsanto for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Mississippi Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims against Monsanto for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Mississippi law, and/or other applicable state laws.

20.     Plaintiff's claims against Monsanto for punitive damages are barred and/or limited by operation of state and/or federal law, including Miss. Code Ann. § 11-1-65.

21.     Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.      Plaintiff's common law claims against Monsanto are barred, in whole or part, by application of the Mississippi Product Liability Act, Miss. Code Ann. § 11-1-63 (1993).

23.      Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's own failure to mitigate damages.

24.      Plaintiff's claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

25.      Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

26.      If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

27.      Plaintiff's claims against Monsanto are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize or limit such claims.

28.      Plaintiff's claims against Monsanto are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

29.      Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## <u>JURY TRIAL DEMAND</u>

Monsanto demands a jury trial on all issues so triable.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:21-cv-01044-VC

1    DATED:  February 18, 2021                Respectfully submitted,

2
                                             /s/ Joe G. Hollingsworth
3                                            Joe G. Hollingsworth (*pro hac vice*)
                                             (jhollingsworth@hollingsworthllp.com)
4                                            Eric G. Lasker (*pro hac vice*)
                                             (elasker@hollingsworthllp.com)
5                                            HOLLINGSWORTH LLP
                                             1350 I Street, N.W.
6                                            Washington, DC  20005
                                             Telephone:  (202) 898-5800
7                                            Facsimile:  (202) 682-1639

8
                                             *Attorneys for Defendant*
9                                            *MONSANTO COMPANY*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:21-cv-01044-VC