# EXHIBIT 1

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE ROUNDUP PRODUCTS LIABILITY LITIGATION** | MDL No. 2741 |
| | Case No. 16-md-02741 |
| This Document Relates To All Actions | **PTO 12: COMMON BENEFIT FUND LAW FIRM PARTICIPATION AGREEMENT** |

This Law Firm Participation Agreement is made this _____ day of _____, 20_____, by and between the Executive Committee ("EC") as appointed by the United States District Court for the Northern District of California, MDL Docket No. 2741 and the following law firm: _____ (hereinafter, "Participating Counsel").

WHEREAS, the EC in association with other attorneys working for the common benefit of plaintiffs pursuant to MDL PTO 12 (Common Benefit Fund Order, dated February 22, 2107), have developed or are in the process of developing work product which will be valuable in the litigation of state and federal court proceedings involving claims that exposure to Roundup and/or the chemical glyphosate caused Non-Hodgkins Lymphoma and other injuries (the "Common Benefit Work Product"); and

WHEREAS, the Participating Counsel are desirous of acquiring the Common Benefit Work Product and establishing an amicable, working relationship with the EC for the mutual benefit of their clients;

NOW, THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the Parties agree as follows:

1. This Agreement incorporates by reference any Order of the Court regarding assessments and incorporates fully herein all defined terms from such Order(s). Participating Counsel represents that it has read MDL PTO 12 and voluntarily agrees to be bound by its terms, as set forth more specifically in this Participation Agreement. This Participation Agreement is not intended to limit MDL PTO 12 in any manner, including its force and effect for those not signing a Participation Agreement.

2. This Agreement applies to each and every claim, case, or action arising from allegations that exposure to Roundup and/or glyphosate caused Non-Hodgkins Lymphoma or some other injury in which the Participating Counsel has a financial interest, whether the claim, case, or action is currently filed in state or federal court, or is unfiled, or is on a tolling agreement (hereinafter collectively the "Covered Claims").

3. With respect to each and every Covered Claim, Participating Counsel understand and agree that Defendant and its counsel will hold back a percentage proportion of the gross recovery that is equal to a yet to be determined percentage of the Gross Monetary Recovery ("the Assessment"). Defendants or their counsel will deposit the Assessment in the MDL 2741 Common Benefit Fund ("the Fund") as required by MDL PTO 12. Should Defendants or their counsel fail to hold back the Assessment for any Covered Claim, Participating Counsel shall immediately deposit or cause to be deposited the Assessment in the Fund. It is the intention of the parties that absent extraordinary circumstances recognized by MDL 2741 Court Order, such Assessment shall be in full and final satisfaction of any present or future obligation on the part of each Plaintiff and/or Participating Counsel to contribute to any fund for the payment or reimbursement of any legal fees, services or expenses incurred by, or due to, the PSC, Participating Counsel, and/or any other counsel eligible to receive disbursements from the Fund pursuant to an Order of the Court regarding assessments or the Fund.

4. The Participating Counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to the EC a lien upon and/or a security interest in any recovery by any client who they represent or in which they have a financial interest in connection with any Roundup/glyphosate exposure injury, to the full extent permitted by law, in order to secure payment of the Assessment. The Participating Counsel will undertake all actions and execute all documents that are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

5. The amounts deposited in the MDL 2741 Fund shall be available for distribution to Participating Counsel pursuant and subject to any Order of the Court regarding assessments or the Fund. Participating Counsel may apply to the Court for common-benefit fees and reimbursement of expenses pursuant to PTO 12 and any subsequent Orders entered by the MDL 2741 Court that relate to the Common Benefit Fund.

6. This Agreement is without prejudice to the amount of fees or costs to which Participating Counsel may be entitled to in such an event.

7. Upon request of the Participating Counsel, the EC will provide within a reasonable time to the Participating Counsel, to the extent developed, the Common Benefit Work Product, including access to the PSC's virtual depository, and, if and when developed a complete trial package. The Participating Counsel may have to purchase at its own expense accounts at the MDL 2741 document vendor, to be reimbursed by its own clients upon resolution and which so not qualify as Common Benefit expenses unless so determined by the Co-Lead Counsel.

8. As the litigation progresses and Common Benefit Work Product continues to be generated, the EC will provide Participating Counsel with such work-product and will otherwise cooperate with the Participating Counsel to coordinate the MDL litigation and the state litigation for the benefit of the plaintiffs.

9. Both the EC and the Participating Counsel recognize the importance of individual cases and the relationship between case-specific clients and their attorneys. The EC recognizes and respects the value of the contingency fee agreement as essential in providing

counsel to those who could not otherwise avail themselves of adequate legal representation, and it is the intent of the EC to urge the Court to not interfere with any such agreements so long as they comport with the applicable state bar rules and/or state court orders. Nothing in this Agreement is meant to create an attorney client relationship between the EC, or any member thereto, and Participating Counsel's clients.

/s/ Aimee H. Wagstaff
Aimee H. Wagstaff, Esq.
MDL 2741 Co-Lead Counsel *on behalf of* MDL 2741 Executive Committee


_____

Name:
Position:
On behalf of Participating Counsel
By signature, affirms authority to bind Participating Law Firm/Counsel