# EXHIBIT 2

22811212

FILED
ALAMEDA COUNTY
DEC 1 5 2020
CLERK OF THE SUPERIOR COURT
By_____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| IN RE ROUNDUP PRODUCTS CASES | No. JCCP 4953<br><br>ORDER ON CCP 36 PREFERENCE MOTIONS OF DUBLINO, STEPHENS, WITCHER, AND SHAMIRZADI<br><br>DATE  12/9/20<br>TIME  9:00 AM<br>DEPT  21 |

The motions for trial preference of Dublino, Stephens, Whitcher, and Shadmirzadi came on for hearing on 12/9/20, in Department 21 of this Court, the Honorable Winifred Y. Smith presiding. Having reviewed the papers, and good cause appearing, IT IS HEREBY ORDERED: The motion for trial preference of Dublino is GRANTED. The motion for trial preference of Stephens is GRANTED. The motion for trial preference of Witcher is GRANTED. The motion for trial preference of Shadmirzadi is DENIED. The motion for trial preference of Silvey was DROPPED.

THE CCP 36(a) STANDARD

The court applies the CCP 36(a) standard as set out in the orders of 7/23/19 and 10/3/19.

1

PREFERENCE MOTION IN THE CONTEXT OF A JCCP GENERALLY.

The court adopts the analysis set out as tentative thoughts in the Order of 11/12/20. The court restates those thoughts, this time as an order.

There is a legal issue of whether a court can evaluate a CCP 36 preference motion differently in the context of a coordinated proceeding. The court considered the legal issue in the Order of 7/22/19 at 4-5 and the Order of 10/2/19 at 7. The latter order states: "The statute and case law set the bar for CCP 36 preference motions. The court addressed this in the order of 7/22/19 at 4-5, where the court stated, "The court must, therefore, give effect to CCP 36 without regard to whether the case is in a coordinated proceeding or part of the judge's other assigned cases. If the facts support it, the right to a preference trial is a substantive right."

Defendant has now provided a more thorough evaluation of that issue. Defendant has also provided the court with trial court orders on that issue. (*Southern California Fire Cases*, JCCP No. 4965, Minute Order on Preferential Trial Setting (Super. Ct. L.A. County Sept. 24, 2019); *Northern California Fire Cases*, JCCP 4955, Order Denying Without Prejudice Pamela Fowler's Motion for Trial Preference (Super. Ct. S.F. County Dec. 31, 2018).) The trial court orders are not precedent, but the court can draw inferences from the fact that when appellate review was sought the Court of Appeal denied review.

The court starts with the relevant statutes. CCP 36 sets out trial preference requirements. The right to trial preference is a substantive right. (*Kline v. Superior Court* (1991) 227 Cal.App.3d 512, 515-516.) Absent some statutory exception, coordination trial judges may not

ignore statutory procedures in the name of complex case management. (*Hernandez v. Superior Court* (2003) 112 Cal. App. 4th 285, 296-303.)

The court is not persuaded that the CCP 36(a) phrase "substantial interest in the action as a whole" refers to the JCCP as a whole. A plaintiff's action is defined by her complaint. The scope of the action for any individual plaintiff does not change depending on whether it is litigated in isolation, as a related case (CRC 3.300) or as part of a JCCP (CCP 404).

The court is persuaded that the court must harmonize the CCP 36 preference analysis with CCP 404, CRC 3.400, and CRC 5.541 case management concerns. A coordination trial judge can be responsible for managing hundreds or thousands of cases that would otherwise be scattered throughout California. (*McGhan Medical Corp. v. Superior Court* (1992) 11 Cal.App.4th 804, 805, 812.) CCP 404.7 authorizes the Judicial Council to develop rules for coordinated proceedings. CRC 3.541 sets out the duties, and implied authority, of a coordination trial judge and states: "(b) The coordination trial judge must assume an active role in managing all steps of the pretrial, discovery, and trial proceedings to expedite the just determination of the coordinated actions without delay." CRC 3.504(c) addresses general authority and states: "If the manner of proceeding is not prescribed by [CCP 404 et seq] or by [CRC 3.500 et seq], or if the prescribed manner of proceeding cannot, with reasonable diligence, be followed in a particular coordination proceeding, the assigned judge may prescribe any suitable manner of proceeding that appears most consistent with those statutes and rules."

In addition to this authority as coordination trial judge, a judge managing a JCCP of complex cases under CRC 3.550 has authority as a judge managing a complex case. (CRC 3.400(a); Standard of Judicial performance 3.10.) *Volkswagen of America, Inc. v. Superior Court* (2001) 94 Cal.App.4th 695, 704-705 states: "The Judicial Council could not have intended

[CRC 3.400(a)] to stand like an unarmed sentry warning courts of impending disaster from complex litigation while leaving them powerless to take the steps necessary to meet the onslaught. Rather, by recognizing the need for "exceptional judicial management" the Judicial Council necessarily acknowledged that courts have the authority to take whatever exceptional management actions are necessary to accomplish that result."

Based on the express and implied authority in CCP 404, CRC 3.541, 3.400(a),and Standard of Judicial performance 3.10, the court is inclined to hold as a matter of law that in considering a CCP 36 preference motion in the context of a JCCP, a coordination trial judge may consider the interests of the plaintiff seeking preference, the interests of all the plaintiffs in the JCCP, and the management of the JCCP as a whole.

This would be a change from the Order of 7/22/19 at 5, where the court reasoned that CCP 36 was a statute and CRC 3.541 was a rule of court, and that a Rule of Court must be consistent with state statutes. (Cal Const., Art VI, Sec 6(d).) (See also *California Court Reporters Assn. v. Judicial Council of California* (1995) 39 Cal.App.4th 15, 21-22.) The court reasoned at that time: "The court must, therefore, give effect to CCP 36 without regard to whether the case is in a coordinated proceeding or part of the judge's other assigned cases. If the facts support it, the right to a preference trial is a substantive right. All courts have busy calendars and a coordinated proceeding is simply the grouping of similar cases before a single judge for purposes of efficiency." The court is now inclined to hold that CCP 404.7's express grant of authority to create rules for the management of JCCPs elevates CRC 3.541 so that the court may consider the context of a JCCP in deciding a motion for preference.

///

PREFERENCE MOTIONS IN THE CONTEXT OF THIS JCCP SPECIFICALLY

The court adopts the analysis set out as tentative thoughts in the Order of 11/12/20. The court restates those thoughts, this time as an order.

The court must consider how it evaluate a CCP 36 preference motion in the context of this coordinated proceeding at this stage of the proceeding.

Much of the coordinated work has been completed in this coordinated proceeding. The parties have completed most, if not all, of the common discovery through the start of trial in *Pilliod v. Monsanto*, RG17862702. The court has heard, and decided, (1) motions for summary adjudication on what are likely common issues, (2) pre-trial motions in limine and mid-trial evidence issues, and (3) arguments regarding jury instructions. All parties in the JCCP will have the benefit of appellate review of this court's orders and the judgment. (*Pilliod v. Monsanto*, First District Court of Appeal (A158228).)

This court's orders in the *Pilliod v. Monsanto* trial do not apply to all cases in the JCCP, but they can be guidance for trial judges in future trials. The Order of 11/25/19 addressed the effect of this court's orders and at page 10-11 concluded: "Principles of consistency and judicial efficiency suggest that trial judges who hear evidence motions in future Roundup cases might want to consider the orders of this court just as this court considered the orders in *Johnson* and in the federal MDL for their persuasive value. … This court will not order other trial judges to use a wheel that was designed based on the evidence in the JCCP and in *Pilliod* in the summer of 2019. Other trial judges might, however, independently decide to consider or follow this court's orders as a way to avoid the effort of reinventing the wheel."

In addition to the common discovery in the JCCP and the orders addressing common orders in *Pilliod*, all parties in the JCCP already have the benefit of the Court of Appeal opinion

5

in *Johnson v. Monsanto Company* (2020) 52 Cal.App.5th 434, which addressed issues directly relevant the cases in the JCCP. The parties in the JCCP also have the benefit of directly relevant opinions of a federal judge in a case that ran parallel this JCCP. (*In re Roundup Products Liability Litigation* (N.D. Cal. 2017) 2017 WL 3129098; *Hardeman v. Monsanto* (2016) 216 F.Supp.3d 1037.)

  This JCCP is in a very different place than appears to have been the situation in *Southern California Fire Cases*, JCCP No. 4965, Minute Order on Preferential Trial Setting (Super. Ct. L.A. County Sept. 24, 2019) and *Northern California Fire Cases*, JCCP 4955, Order Denying Without Prejudice Pamela Fowler's Motion for Trial Preference (Super. Ct. S.F. County Dec. 31, 2018). In those cases, it appears that common discovery was not complete, there had been no bellwether trials to set out templates for further trials, and that preference trials might upset the management of the common issues in the JCCP.

  This JCCP continues to exist to manage any remaining common issues that are best managed in the JCCP and to assign cases to counties for trial consistent with CRC 3.543(b) and (c). At this stage of this JCCP, a CCP 36 preference trial would not materially affect the management of the common issues. Regarding common discovery, a preference case would accelerate, and potentially disrupt, the common discovery regarding developments in science and regulations. The Coordination trial judge could, however, potentially order that common discovery regarding developments in science and regulations be conducted in the JCCP. Regarding individual discovery, that will need to take place separately in each case whether or not the case is granted preference.

  The primary effect of an order granting preference in the context of this JCCP at this stage of the proceeding would likely be on attorney staffing. If 500 cases were proceeding

independently, then the clients and attorneys would staff for 500 case. In a JCCP composed of 500 cases, the staffing can be more efficient, but if the 500 cases go to trial then the parties must return to staffing them as 500 cases. The grant of a preference motion requires the moving plaintiff and the defendant to staff up and focus on an individual case as though it existed in isolation. That is the loss of the JCCP efficiency, but it is no different from the situation had 500 cases proceeded independently.

Monsanto states a concern that the granting of motions for trial preference will upset an evolving settlement dynamic that might permit the settlement of many of the cases in the JCCP. Monsanto's concern is that a court order granting preference to one case will have repercussions that will negatively impact the ability to settle many other cases and that the net impact for plaintiffs generally and for Monsanto will be negative. This is a valid practical concern. That said, the grant of a preference motion in one case always disrupts other cases because the preference case jumps to the head of the line and absorbs trial court resources in the 120 days to trial. "The nature of preference cases is that they jump to the head of the line." (Order of 7/22/19 at p5.) The disruption exists whether it is in the context of a JCCP or is in the context of managing courtroom availability generally. The legislature presumably considered the collateral impacts of CCP 36 preference in enacting the statute.

Considering all of the above, the court gives very little weight to the existence of the JCCP when considering the motions for trial preference under CCP 36. Most of the common discovery is mostly complete, the court has completed a bellwether trial, there was the Johnson trial, and there was the Hardeman trial. There is no significant loss of JCCP efficiency if the court grants or denies motions for trial preference just as it would if the cases had been filed and remained in the counties where the plaintiffs resided.

ASSIGNMENT OF CASES TO COURTS FOR TRIAL

The court adopts the analysis set out as tentative thoughts in the Order of 11/12/20. The court restates those thoughts, this time as an order.

When the court grants a motion for trial preference, then the court assigns it to a county for trial. (CRC 3.543.) In assigning a case to a county for trial, the court will consider "the convenience of parties, witnesses, and counsel; the relative development of the actions and the work product of counsel; the efficient utilization of judicial facilities and manpower; the calendar of the courts; and any other relevant matter." (*Pesses v. Superior Court* (1980) 107 Cal.App.3d 117, 123.)

The coordination trial judge will not manage a case after it is assigned to a county for trial. The county to which the case is assigned for trial will manage the case (with the possible exception of common discovery regarding scientific developments regarding glyphosate and Roundup). (*Rutherford v. Owens–Illinois, Inc.* (1997) 16 Cal.4th 953, 967 ["courts have fundamental inherent equity, supervisory, and administrative powers, as well as inherent power to control litigation before them"]; *Walker v. Superior Court* (1991) 53 Cal.3d 257, 267 ["courts have inherent authority to control their own calendars and dockets"].)

The COVID-19 pandemic has affected how parties in California courts conduct discovery. (E.g., Emergency Rule 11 [depositions].) The COVID-19 pandemic has also affected whether courts in California conduct civil trials and, if so, whether they are bench trials, videoconference trials, or in person trials. The county to which a case is assigned for trial will presumably treat the transferred preference trial in the same manner that it treats preference cases that originate in the county.

This court will transfer cases to counties for trial based on the factors identified in *Pesses v. Superior Court* (1980) 107 Cal.App.3d 117, 123. The court will not consider whether any given county may actually be conducting civil trials and, if so, whether those trials are in person, by videoconference, or in some hybrid format. A preference case does not get "super statewide preference" because a coordination trial judge has the ability to assign it to a county that has fewer COVID-19 restrictions or where the superior court is making greater efforts to proceed with civil trials consistent with the county and state COVID-19 restrictions.

EFFECT OF ORDERS GRANTING TRIAL PREFERENCE

The court addresses two issues regarding procedure when a coordination trial judge rather than a judge in the county of the trial grants a CCP 36 motion for trial preference. In the usual situation, if a trial judge grants a motion for trial preference, then the trial judge, or the court where the motion was granted, can manage the case continuously to ensure it is brought to trial within 120 days. In a JCCP, the coordination trial judge can grant a motion for trial preference, but if the judge then transfers the case to a different county for trial under CRC 3.543 then the case does not have continuous management.

DISCOVERY. The court ORDERS that if the court grants a motion for trial preference, then any discovery stay in the case is lifted as of the date of the order. Both plaintiff and defendant(s) may pursue discovery on case specific and common issues without regard to any prior stay of discovery. Discovery is designed to be self-executing. (*Clement v. Alegre* (2009) 177 Cal.Ap.3d 1277, 1281. The parties can conduct discovery without judicial oversight. The court encourages the parties to refrain from pursuing discovery on matters that have been the subject of common JCCP discovery and is available to plaintiffs and defendants.

THE CCP 36(f) TIME PERIOD OF 120 DAYS.  The court ORDERS that if the court grants a motion for trial preference and the court assigns the case to a different county for trial under CRC 3.543, then the 120 days to trial under CCP 36(f) starts to run on the date the transferee court receives the transfer order and assumes jurisdiction over the case.  (CRC 3.543(e).)  CCP 36(f) implicitly presumes that there will be judicial oversight throughout the 120-day period to ensure that the parties can adequately prepare for trial within the time constraints of the preference order.  As a result, the 120-day period under CCP 36(f) does not start to run until the transferee court has jurisdiction over the case.  The situation is somewhat similar to when a court grants a motion to change venue.  The order granting the motion to change venue terminates the jurisdiction of the transferor court but the transferee court does not have jurisdiction until the transfer is complete.  (*London v. Morrison* (1950) 99 Cal.App.2d 876) (See also Weil & Brown, Cal. Prac. Guide: Civ. Pro. Before Trial (The Rutter Group 2020) Sections 3:588 and 3:588.1.)

DUBLINO MOTION FOR TRIAL PREFERENCE

The motion for trial preference of Dublino under CCP 36(a) is GRANTED.  (Dublino v. Monsanto, San Francisco Case No. CGC-20-585761.)

Dublino is over 70 years of age.  He is 73 years old.

Dublino is a plaintiff asserting a claim and has a substantial interest in the action as a whole.

The court turns to "the health of the moving party."  Plaintiff presents evidence that Dublino concurrently has NHL and a variety of other conditions.  Monsanto points to the

evidence that Dublino's NHL is in remission. In January 2020, Dublino was "back to work, but is feeling easily fatigued."

Weighing the evidence, the court finds that Dublino has demonstrated that his health is either significantly impaired or there is a reasonable medical probability that it will become significantly impaired in the near future. Under CCP 36(a), Dublino does not need to demonstrate that he suffers from an illness or condition raising substantial medical doubt of survival of that party beyond six months. (Compare CCP 36(d).)

DUBLINO ASSIGNMENT FOR TRIAL.

Dublino resides in Sun City, CA, and is being treated in Moreno Valley, CA. These are in Riverside County. Consistent with CRC 3.543(b) and (c) and the Order of 8/13/19, the court ORDERS:

1. The case of Dublino v. Monsanto, San Francisco Case No. CGC-20-585761, is assigned to the Superior Court of the State of California, Riverside County for trial.

2. Counsel for Dublino must file a copy of this order in Dublino v. Monsanto, San Francisco Case No. CGC-20-585761.

3. The *Dublino* case remains part of the coordination proceeding for purposes of the CRC 3.501 et seq, concerning the coordination of complex cases.

4. On receipt of this order, the Riverside Superior Court may exercise jurisdiction over the action in accordance with the orders and directions of the coordination trial judge, and no other court may exercise jurisdiction over that action except as provided in CRC 3.543.

The court does not preclude the parties from initiating or continuing the exchange of information through the Plaintiff Fact Sheet and discovery generally. The court will not set a pre-trial

11

schedule for the case. The superior court of Riverside County will determine the pre-trial schedule and the trial date.

STEPHENS MOTION FOR TRIAL PREFERENCE

The motion for trial preference of Stephens under CCP 36(a) is GRANTED. (Stephens v. Monsanto, San Francisco Case No. CGC-20-585764.)

Stephens is over 70 years of age. She is 70 years old.

Stephens is a plaintiff asserting a claim and has a substantial interest in the action as a whole.

The court turns to "the health of the moving party." Plaintiff presents evidence that Stephens has concurrent NHL and various preexisting conditions. Monsanto points to the evidence that Stephens's NHL has been in remission.

Weighing the evidence, the court finds that Stephens has demonstrated that his health is either significantly impaired or there is a reasonable medical probability that it will become significantly impaired in the near future. Under CCP 36(a), Stephens does not need to demonstrate that he suffers from an illness or condition raising substantial medical doubt of survival of that party beyond six months. (Compare CCP 36(d).)

STEPHENS ASSIGNMENT FOR TRIAL

Stephens resides in Yuciapa, CA, and is being treated in Redlands, CA. These are in San Bernardino County. Consistent with CRC 3.543(b) and (c) and the Order of 8/13/19, the court ORDERS:

1. The case of Stephens v. Monsanto, San Francisco Case No. CGC-20-585764, is assigned to the Superior Court of the State of California, San Bernardino County for trial.
2. Counsel for Stephens must file a copy of this order in Stephens v. Monsanto, San Francisco Case No. CGC-20-585764.
3. The *Stephens* case remains part of the coordination proceeding for purposes of the CRC 3.501 et seq, concerning the coordination of complex cases.
4. On receipt of this order, the San Bernardino Superior Court may exercise jurisdiction over the action in accordance with the orders and directions of the coordination trial judge, and no other court may exercise jurisdiction over that action except as provided in CRC 3.543.

The court does not preclude the parties from initiating or continuing the exchange of information through the Plaintiff Fact Sheet and discovery generally. The court will not set a pre-trial schedule for the case. The superior court of San Bernardino County will determine the pre-trial schedule and the trial date.

WHITCHER MOTION FOR TRIAL PREFERENCE

The motion for trial preference of Whitcher under CCP 36(a) is GRANTED. (Whitcher v. Monsanto, San Francisco Case No. CGC-20-585697.)

Whitcher is over 70 years of age. She is 87 years old.

Whitcher is a plaintiff asserting a claim and has a substantial interest in the action as a whole.

The court turns to "the health of the moving party." Plaintiff presents evidence that Whitcher has concurrent NHL and other conditions, including a pacemaker. "Monsanto does not

oppose [Whichter's] motion on the basis of her medical condition." (Monsanto Supp Oppo filed 11/1920 at 1:4-5.)

WHITCHER ASSIGNMENT FOR TRIAL

Whitcher resides in Placentia, CA, and is being treated in Anaheim, CA. These are in Orange County. Consistent with CRC 3.543(b) and (c) and the Order of 8/13/19, the court ORDERS:

1. The case of Whitcher v. Monsanto, San Francisco Case No. CGC-20-585697, is assigned to the Superior Court of the State of California, Orange County for trial.
2. Counsel for Whitcher must file a copy of this order in Whitcher v. Monsanto, San Francisco Case No. CGC-20-585697.
3. The *Whitcher* case remains part of the coordination proceeding for purposes of the CRC 3.501 et seq, concerning the coordination of complex cases.
4. On receipt of this order, the Orange Superior Court may exercise jurisdiction over the action in accordance with the orders and directions of the coordination trial judge, and no other court may exercise jurisdiction over that action except as provided in CRC 3.543.

The court does not preclude the parties from initiating or continuing the exchange of information through the Plaintiff Fact Sheet and discovery generally. The court will not set a pre-trial schedule for the case. The superior court of Orange County will determine the pre-trial schedule and the trial date.

SHAMIRZADI MOTION FOR TRIAL PREFERENCE

The motion for trial preference of Shahmirzadi under CCP 36(a) is DENIED. (Shahmirzadi v. Monsanto, San Francisco Case No. CGC-20-585698.)

Shahmirzadi is over 70 years of age. She is 72 years old.

Shahmirzadi is a plaintiff asserting a claim and has a substantial interest in the action as a whole.

The court turns to "the health of the moving party." A plaintiff moving for trial preference must produce all medical records to the defendant with or before the filing of a motion for trial preference. The Order of 11/12/20 states in three places: "Defendant needs current medical records to oppose the motion. The court needs current medical records to make a reasoned decision on the motion." The Order of 11/12/20 ordered that counsel for plaintiffs moving for trial preference "must each produce all medical records to Monsanto as soon as possible, and no later than [the date of the supplemental opening brief]."

Monsanto's opposition papers contain the declaration of attorney Edwards, which states: "On October 13, 2020, Plaintiff produced 861 pages of medical records, mostly documenting 2015 to February 2020 with a few bloodwork and procedure notes from pre-2014, as well as one patient summary form from September 2020. The production appears not to contain Plaintiff's oncology records." (Edwards Dec, filed 11/19/20, para 2.) In the reply brief, Shahmirzadi's counsel states, "Ms. Shahmirzadi produced all available medical records, a fulsome Plaintiff fact sheet, and executed authorizations to Defendants." (Reply at 6:25-26.)

Plaintiff either has not had a reason to see a health care provider in the nine months since February 2020 or has not produced her current medical records. Given that the court ordered plaintiffs' counsel to produce current medical records for three other plaintiffs, plaintiffs' counsel could not reasonably have thought that counsel could meet the disclosure requirement by providing "executed authorizations" and then expecting the defendant to have adequate time to obtain and review the documents.

Regarding the consequences of not producing current medical records, the Order of 11/12/20 refers to the Order of 9/13/19 at 4-7, which states: "A motion for trial preference suggests that there is some urgency. A lengthy delay between the most recent medical record and the filing of the motion suggests that the medical condition of the party seeking preference improved and that she decided she or he could wait for that period of time. … Weighing the evidence and distrusting whether Cotton's five month old evidence represents her current condition, the court finds that she has not demonstrated that her health is either significantly impaired or there is a reasonable medical probability that it will become significantly impaired in the near future." The court applies the same analysis.

The court finds that Shahmirzadi has not demonstrated in this motion that her health is either significantly impaired or there is a reasonable medical probability that it will become significantly impaired in the near future.

SILVEY MOTION FOR TRIAL PREFERENCE

The motion for trial preference of Silvey was DROPPED.

Dated: December 14, 2020

Winifred Y. Smith
Judge of the Superior Court

16

Case Number: **JCCP 4953**
Case Name: **In Re: Roundup Products Cases**

### CLERK'S CERTIFICATE OF ELECTRONIC SERVICE
### (CCP 1013a)

I certify that the following is true and correct:

I am a Deputy Clerk employed by the Alameda County Superior Court. I am over the age of 18 years. My business address is **1221 Oak Street Oakland, California**. I served this **Order On CCP 36 Preference Motions of Dublino, Stephens, Witcher and Shamirzadi** dated December 15, 2020 electronically via CASE ANYWHERE system. Execution of this certificate occurred at 1221 Oak Street, Oakland, California.

Date: December 16, 2020

Chad Finke Executive Officer/Clerk of the Superior Court

By _____
Ana Liza Tumonong, Deputy Clerk

**PROOF OF SERVICE**

I am employed in the County of Alameda, State of California. I am over the age of eighteen years and am not a party to this action. My business address is: 505 14th Street, Suite 1110, Oakland, California 94612.

On January 11, 2021 I served the documents as described as follows:

**NOTICE OF ORDER GRANTING PLAINTIFF DONNETTA STEPHENS' MOTION FOR TRIAL PREFERENCE PURSUANT TO CCP § 36**

**DECLARATION OF FLETCHER V. TRAMMELL IN SUPPORT OF NOTICE OF ORDER GRANTING PLAINTIFF DONNETTA STEPHENS' MOTION FOR TRIAL PREFERENCE PURSUANT TO CCP § 36**

**EXHIBIT 1-4**

**PROOF OF SERVICE**

on the interested parties and/or through their attorneys of record by depositing the original or true copy thereof as designated below, at Oakland, California addressed to the following:

**[X]   BY ELECTRONIC SERVICE:** Pursuant to Court Order Authorizing Electronic Service (CMO No. 2), dated March 23, 2018, I provided the document(s) listed above electronically on the CASE ANYWHERE Website to the parties on the Service List maintained on the CASE ANYWHERE Website for this case. Case Anywhere is the on-line e-service provider designated in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 11, 2021 at Oakland, California.

_____
Jessica Rios