Michael Miller
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Avenue
Orange, VA 22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>**ALL ACTIONS** | MDL No. 2741<br><br>Case No. 16-md-02741-VC<br><br>**DECLARATION OF MICHAEL J. MILLER IN SUPPORT OF PLAINTIFFS' CO-LEAD COUNSEL'S REPLY MEMORANDUM ON MOTION TO AMEND PRE-TRIAL ORDER 12: COMMON BENEFIT FUND ORDER TO ESTABLISH A HOLD BACK PERCENTAGE** |

**<u>DECLARATION OF MICHAEL MILLER</u>**

I, Michael J. Miller, declare and state:

1. The Miller Firm (TMF) is a firm composed of ten attorneys that specializes in mass torts and representing victims of terrorism. Over the last five years, TMF has devoted enormous resources from the firm to represent victims of Monsanto's egregious conduct in the Roundup litigation. During that time, approximately TMF has spent an estimated $15 million (including non-recoverable costs such as salaries and other overhead) advocating for Roundup victims.

2. TMF incurred those costs without any assurance that it could recoup those costs as it faced several dispositive issues on preemption and expert admissibility that Monsanto relentlessly pursued with support from the federal government. Nevertheless through relentless efforts in

discovery, pretrial briefing, securing plaintiff victories at trial, continuing to set trial dates in multiple fora, and successful appellate briefing and argument, TMF forced Monsanto to settle for a fair amount with TMF clients. The TMF settlement with Monsanto involves over 100 law firms. Objector Onder's firm even has a fee interest in several hundred cases.

3. Negotiations with Monsanto were long and intense. Winning two trials, and four years of litigation, was not enough to secure a fair deal for TMF clients. An agreement in principle was not reached until January 2020, hours before I was set to give opening argument in the first St. Louis City case set to go to trial (Wade v. Monsanto), which involved five plaintiffs being tried simultaneously. TMF had five attorneys at that St. Louis trial, while simultaneously two TMF attorneys were in Contra Costa, CA co-counseling in California state preference Roundup case that was set for opening arguments mere days after the *Wade* trial. Two other TMF attorneys were back in the office preparing for the February 2020 *Stevick* bellwether.

4. As an experienced mass tort attorney, I don't expect other attorneys to secure global settlements on my behalf, even when I am subject to a common benefit holdback. If I don't deem a settlement offer favorable, I will push for trial dates until I get a favorable settlement. If I rely on an MDL's work product then I expect to pay a common benefit fee. For example, TMF is presently preparing for a trial in state court against Johnson & Johnson on behalf of a client who developed ovarian cancer after using J&J's talcum powder. TMF is not part of the federal PSC in the Talc litigation, but has agreed with the PSC (including objector Beasley Allen) to abide by the MDL common benefit holdback order of 8% for all of TMF Talc clients in exchange for access to the MDL work-product to help prepare for the state trial. Having a trial date and preparing for trial benefits not just the one client with the trial date, but all of the TMF talc clients because it creates more bargaining power for the TMF to negotiate on behalf of all of its clients.

5. Objector Onder's declaration states that he is deposing his first Monsanto employee on February 25, 2021. Onder Decl. at ¶ 29. He identifies no other depositions he has taken of a Monsanto employee and TMF is unfamiliar with any other depositions of Monsanto employees

taken by Objector Onder. The CLC, moreover, recently obtained a scheduling order for one of Onder's scheduled trials in Missouri issued on February 2, 2020, which stipulates that:

> The parties agree that discovery in In re: Roundup Prods. Liab. Litig., MDL No. 2741, the multidistrict litigation proceeding in the Northern District of California, California JCCP No. 4953, and any other litigation including Missouri wherein plaintiffs allege that they developed non-Hodgkin's lymphoma following exposure to Roundup® branded herbicide, may be used in this action as if it were conducted in this action, including all expert depositions and document production, but neither party waives its right to conduct any discovery permitted under the rules of this Court, except as otherwise specified by this Order or other Orders of the Court.

*Shelton v. Monsanto,* Case No. 1816-CV17026, Amended Scheduling Order

6. A review of this Court's docket demonstrates that Objector Beasely Allen is counsel of record for Wave II trial case Seidl v. Monsanto Company, 3:2017cv00519. On January 22, 2021, the CLC designated Dr. Portier, Dr. Ritz, Dr. Weisenburger, and Dr. Jameson to testify as to general causation for Beasley Allen's Wave II trial case.

7. A review of this Court's docket demonstrates that Category 3 Objector Karen Barth Menzies is counsel of record with two executive committee firms in one of the Wave I trial cases. *Carriere v. Monsanto Company*, 3:18-cv-05778-VC.

8. A review of the docket in JCCP 4593 demonstrates that the Category 3 Objectors obtained preference trials in JCCP 4953 because Objectors argued and Judge Smith agreed that "much of the coordinated work has been completed" (by MDL leadership). (JCCP 4953, 12/9/2020 Order on CCP 36 preference, pp. 5-6). Judge Smith further held that Objectors would have the "benefit of directly relevant opinions" from this Court, and the Pilliod and Johnson trials. *Id.*

9. A review of this Court's docket demonstrates that Objector Napoli recently filed a motion before the JPML, over Monsanto's objection, to transfer a lawsuit for "thousands" of members of the National Black Farmer's Association in order to "prevent inconsistent rulings on discovery and other pretrial issues, while conserving resources for all the parties, their respective counsels, and the judiciary." JPML 2741, MOE/4:20-cv-01145 Document 2-1. The JPML ruled in

Napoli's favor on February 4, 2021, and transferred those thousands of clients to this Court. Doc. 12524.

10. While Objector Lanier signed onto the "Category 1" Objection, a review of the Missouri docket demonstrates that he served as co-counsel with an official member of the MDL's expert discovery team in preparation for the Drevyanko and Bognar trials set in St. Louis County in 2020 and is thus subject to PTO 12. *Drevyanko et al V Monsanto*, 18SL-CC00988*, Bognar, et al., v. Monsanto,* 18SL-CC02199. Mr. Lanier's co-counsel in Drevyanko and Bognar, The Sill Law Group and The Holland Law Firm, both signed participation agreements and are considered two of a group of firms who have conducted work for the common benefit of all litigants. The Sill Law Group paid significant monies to the CLC to help generate, develop, and retain the MDL's expert The CLC assisted the Bognar and Drevyanko trial teams in contacting and retaining the CLC experts. Experts designated in Drevyanko and Bognar were prepared by the CLC, including Dr. Portier, Dr. Ritz, Dr. William Sawyer, Dr. James Mill, and Dr. Barry Boyd. The docket's contain deposition notices only for the the case-specific experts demonstrating that the general causation experts had simply incorporated their prior reports submitted by the CLC and their depositions defended by the CLC.

11. TMF along with the other CLC firms first retained Dr. William Sawyer in April of 2017 to serve as an expert on exposure issues with Roundup. This complex area of the litigation involved hundreds of hours of background review, deposition prep and trial prep by Dr. Sawyer. Because a substantial portion of Monsanto's investigation into Roundup's absorption through skin is not published, CLC attorneys were required to spend hundreds of hours searching the litigation document depository to find all relevant material for Dr. Sawyer's review. Dr. Sawyer's ability to meaningfully review relevant internal Monsanto material came about as the result of thousands of hours of MDL leadership document review to find the relevant material in the millions of documents in the litigation document depository. Dr. Sawyer's reliance list consists of over 400

internal and published studies/documents. Dr. Sawyer's first report for the *Johnson* trial was 140 pages long. Dr. Sawyer served as an integral witness in the *Pilliod* and *Johnson* trials, and was designated to serve as a case specific exposure expert in several Wave I cases. CLC attorneys have defended and prepared Dr. Sawyer for over 20 days depositions by Monsanto. After all of this intense work in preparing Dr. Sawyer by the CLC, upon information and belief, Objectors Trammell, Kirkendall, Beasley Allen have also now retained Dr. Sawyer. The objector firms have not contributed to the extensive cost incurred by the CLC in retaining Dr. Sawyer and paying his hourly rate as he reviewed the hundreds of studies and documents that provide the background for his opinions

12. TMF along with the other CLC firms first retained Dr. Charles Benbrook in September of 2016 as a regulatory expert in Roundup. Dr. Benbrook has also spent hundreds of hours reviewing internal Monsanto documents along with EPA regulatory documents. Dr. Benbrook's first report was over 200 pages long and contained a detailed narrative and citation of many of the internal Monsanto liability documents that served as trial exhibits. Dr. Benbrook's ability to meaningfully review relevant internal Monsanto material came about as the result of thousands of hours of MDL leadership document review to find the relevant material in the millions of documents in the litigation document depository. Dr. Benbrook has intimate and detailed knowledge about the CLC's liability case and served as an integral witness in both the *Johnson* and *Pilliod* trials. The CLC attorneys have defended and prepared Dr. Benbrook for over 8 days of depositions by Monsanto. Dr. Benbrook was also named as an expert in several Wave I cases. After all of this intense work in preparing Dr. Sawyer by the CLC, upon information and belief, Objectors Trammell, Beasley Allen, Napoli have also now retained Dr. Benbrook. None of these firms have contributed to the extensive cost incurred by the CLC in retaining Dr. Benbrook and paying his hourly rate as he reviewed the hundreds of studies and documents that provide the background for his opinions; and prepared for his extensive deposition and trial testimony.

**TMF Common Benefit Work In Establishing the State Court Roundup Litigation**

13. Contrary to the Objectors' claims that "none of the [CLC]'s work has conferred any benefit upon our cases pending in Missouri state court" or that it is "simply not true" that the CLC "conducted the substantial work of the litigation" in California; the CLC has conducted the vast majority of the state court litigation to date and its work has greatly benefitted all objectors. (*See* Declaration of Category 1 Objector W. Lewis Garrison, Declaration of Category 3 Objector Fletch Trammell.)

14. TMF with other CLC firms established state court litigation in California, St. Louis City, MO, St. Louis County, MO, Jackson County, MO, Delaware, Montana, Florida, and Hawaii

15. TMF was one of the earliest law firms to begin filing cases against Monsanto in this litigation in late 2015.

16. Through a lawsuit filed in Missouri state court, TMF issued the first discovery, held the first discovery conferences, obtained the first production of documents in June of 2016 and set up the document depository together with other members of the CLC. TMF successfully opposed a motion to bifurcate causation and liability discovery in Missouri state court. TMF was working closely with other CLC members during this time and this discovery was later incorporated into the MDL.

17. TMF together with CLC firms AndrusWagstaff and Weitz & Luxenberg conducted extensive document review of the millions of documents produced by Monsanto; conducted extensive research into the scientific issues; prepared multiple presentations and memos summarizing this research; and prepared multiple experts for deposition and trial.

18. TMF filed the first case naming Wilbur-Ellis as a defendant in California State Court in January 2016 and won the first successful motion to remand which allowed for a JCCP to be established in California. *Johnson v. Monsanto Co.*, 16-CV-01244-MMC, 2016 WL 1730361, at *3 (N.D. Cal. May 2, 2016). Counsel who have subsequently successfully kept cases in the JCCP

have utilized TMF's strategy of naming Wilbur-Ellis as a defendant. The Miller Firm is co-lead counsel of the JCCP along with the firms of BaumHedlund and Miller Dellaferra.

19. TMF filed the first case in St. Louis City (and first multi-plaintiff Roundup case in Missouri) in April of 2016 against Monsanto (headquartered in St. Louis County) and Osborn-Barr (Monsanto's advertising agency headquartered in St. Louis City). TMF successfully fought Monsanto's Motions to Sever and Motion to Transfer Venue by establishing a possibility of liability against Osborn-Barr. This venue issue resulted in the filing of two writs to the Missouri intermediate appellate courts and one writ to the Missouri Supreme Court. Through extensive briefing TMF successfully opposed these petitions.

20. TMF filed the first trial California preference motion in *Johnson v. Monsanto* (which led to a stipulation among counsel for the first trial date) and successfully won the first trial preference motion in *Pilliod v. Monsanto*. TMF's briefing in the JCCP before Judge Smith set a standard allow other firms to also succeed on filing preference motions.

21. TMF obtained the first trial date (set for June 18, 2018) in the Roundup litigation in *Johnson v. Monsanto* in San Francisco, CA. The general causation and liability discovery in *Johnson* incorporated the MDL corporate depositions, expert reports and expert depositions that the TMF had developed along with other CLC.[1] TMF, however, prepared and defended in deposition the first case-specific, exposure, and regulatory experts. TMF conducted the first depositions of plaintiffs, Monsanto case specific experts, and treating physicians in the Roundup litigation through the *Johnson* trial.

22. TMF paid for and conducted the first mock trial focus group pre-trial, and paid for and conducted a shadow jury focus group after opening arguments.

23. In *Johnson,* TMF briefed, argued and successfully won the first summary judgment motions in the Roundup litigation in front of Judge Curtis Karnow. This briefing incorporated the extensive work of the CLC from the MDL including expert discovery, and the document review

[1] There were two depositions of Monsanto employees that were taken in the *Johnson* case that were necessary based on the facts of his case.

leading to discovery of essential trial exhibits. Judge Karnow, deemed admissible all of the TMF experts, and allowed punitive damages to go to trial. *Johnson v. Monsanto Co*., 2018 WL 2324413, at *4 (Cal.Super.) (5/18/2018). It should be noted that Judge Karnow read and relied upon the *Daubert* hearing transcripts conducted by this Court as well as the Court's preemption ruling. TMF drafted and responded to the first motions *in limine* (with assistance from other CLC members); prepared and argued the first page-and-line cuts from the corporate video witnesses. Created the first trial exhibit and witness lists.

24. I was injured in May of 2018 and was unable to personally try the *Johnson* case. Brent Wisner of BaumHedlund co-counseled with David Dickens of TMF as co-lead counsel. Mark Burton of Audet Law served as local counsel. The trial lasted approximately two months, and the TMF sent three attorneys and one paralegal to San Francisco for those two months. Altogether the trial team in San Francisco consisted of seven attorneys and five paralegals working non-stop for two months. Other CLC members also assisted with coordination and preparation of expert testimony. However, the TMF also had several attorneys and support staff in Virginia who were providing support drafting trial briefs, marking exhibits, and conducting research. The verdict resulted in a $40 million compensatory and $250 million punitive damage award and caused Bayer's stock to drop by double digit percentages. The trial team was awarded Mass Tort Trial Team of the year by the National Trial Lawyers.

25. TMF drafted oppositions to Monsanto's post-trial motions. Judge Bolanos who presided over the *Johnson* trial issued a tentative ruling granting Monsanto's JNOV on punitive damages prior to oral argument. I, having recovered, argued the post-trial motions at oral argument and successfully reversed the tentative ruling. As a result of defeating Monsanto's JNOV and New Trial motions (although the punitive damage award was reduced) Bayer's stock lost 28% of its pre-trial valuation. I reference these stock price only to demonstrate the pressure that trial verdicts put on Monsanto to settle and resolve all Roundup cases to provide certainty to its stockholders

26. TMF drafted the extensive appellate briefing and I argued on behalf of Mr. Johnson at the Court of Appeals. While the verdict was further reduced (based on a question of whether damages can be awarded for a reduced life span), the Court of Appeal issued very favorable opinions on causation, preemption, and the availability of punitive damages. *Johnson v. Monsanto Co.*, 266 Cal. Rptr. 3d 111, 134 (Cal. App. 1st Dist. 2020). The published portion of this opinion is binding on all California trial courts who now consider any dispositive motions in Roundup cases.

27. During and after the trial, BaumHedlund posted all trial transcripts, video depositions played at trial, and trial exhibits on its website for any attorney to download. BaumHedlund and TMF also provided Carey Gillam at U.S. Right to Know, trial transcripts, exhibits, major post-trial and appellate briefing so that they were easily accessible by the public and other attorneys. State Court Documents - U.S. Right to Know (usrtk.org). Dewayne Johnson v. Monsanto Company | California State Court (baumhedlundlaw.com)

28. Shortly after the *Johnson* trial, TMF filed and won a preference motion for Alva and Alberta Pilliod, a married couple who both developed NHL after using Roundup. TMF successfully opposed Monsanto's multiple motions to sever the case. TMF again co-counseled with Baum-Hedlund. Myself along with Brent Wisner were the trial attorneys. Again, other CLC members assisted with expert preparation and coordination. The trial preparation was particularly complex due to simultaneously preparing two cases for trial. Monsanto also vigorously attacked the Pilliods' other risk factors which required TMF and its experts to prepare for several additional areas of complex issues of scientific causation. During the trial additional EPA announcements were made claiming glyphosate doesn't cause cancer. Nonetheless, TMF successfully obtained a $2 billion dollar verdict. The verdict was reduced in post-trial motions, but TMF otherwise successfully defended the verdict on all other liability and causation issues. TMF drafted all of the appellate briefing and I will be arguing for the Pilliods on appeal. No hearing date has been set yet. All transcripts and exhibits from the Pilliod trial were posted on the Baum Hedlund website.

29. Again, the Pilliod trial last for two months from March to May 2019. Myself, my law partner and wife Nancy Miller, and one other attorney lived in Alameda County during this trial. Three attorneys rotated in to assist.

30. After, the Pilliod verdict, TMF immediately began preparing for a five plaintiff trial set to occur in St. Louis city in January 2020; a California case set for trial in January 2020; and an MDL bellwether case set for trial in February 2020. Again, the complexity of trial preparation increased due to the multiple issues and multiple experts needed to simultaneously prepare several cases for trial.

31. In the five plaintiff *Wade v. Monsanto* trial, TMF briefed, argued and won the first *Daubert* and SJ rulings in St. Louis City. TMF empaneled the first jury in Missouri state court; and briefed and argued the first MILs. TMF with the assistance of other CLC firms obtained very favorable page and line rulings on the videotaped corporate depositions.

32. The Miller Firm additionally filed the first cases and obtained the first trial dates in Jackson County, MO, Hawaii, and Florida.

33. All of this pioneering state court work by the Miller Firm, Weitz&Luxenberg, and AndrusWagstaff set the process in place for all attorneys to successfully try and settle their Roundup cases in state or federal court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 18, 2021

Respectfully Submitted,



Michael J. Miller
Declarant