GERALD SINGLETON, SBN 208783
JOHN C. LEMON, SBN 175847
SINGLETON SCHREIBER McKENZIE & SCOTT, LLP
450 A Street, 5th Floor
San Diego, CA 92101
Tel: (619) 771-3473
Fax: (619) 255-1515
Email:  gsingleton@ssmsjustice.com
        jlemon@ssmsjustice.com


*Attorneys for Plaintiffs*

# NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741 |
| | Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: | **Date:  April 1, 2021**<br>**Time:  2:00 P.M.** |
| *Joseph Mignone v. Monsanto Company, et al.,* 21-cv-00501-VC | **Plaintiff Joseph Mignone's Motions to:**<br><br> 1) **Remand this Case to the Superior Court of California, County of San Francisco; and**<br><br> 2) **Award Attorneys' Fees and Costs Pursuant to 28 U.S.C. § 1447(c)** |

**To All Defendants and Their Attorneys of Record:**

Please take notice that on April 1, 2021, at 2:00 p.m. in Courtroom 4 of the United States District Court, District of California, Plaintiff Joseph Mignone will move this Court for an order remanding this case to the Superior Court of the State of California, County of San Francisco, and for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).

Dated:  February 19, 2021                        Respectfully submitted,

                                                         s/ John C. Lemon
                                                        JOHN C. LEMON
                                                        GERALD B. SINGLETON
                                                        Attorneys for Plaintiffs

GERALD B. SINGLETON, SBN 208783
JOHN C. LEMON, SBN 175847
**SINGLETON SCHREIBER McKENZIE & SCOTT, LLP**
450 A Street, 5th Floor
San Diego, CA 92101
Tel: (619) 771-3473
Fax: (619) 255-1515
Email:  gsingleton@ssmsjustice.com
         jlemon@ssmsjustice.com


*Attorneys for Plaintiffs*

## NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741 |
|---|---|
| | Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: | |
| *Joseph Mignone v. Monsanto Company, et al.,* 21-cv-00501-VC | **Memorandum of Points & Authorities in Support of Motions to:** |
| | **1) Remand to State Court; and** |
| | **2) Award Attorneys' Fees.** |

I.      **Introduction and Pertinent Facts**

Joseph Mignone is a 76-year-old California resident who suffers from active Non-Hodgkins Lymphoma (NHL). On August 7, 2020, he filed an individual complaint in San Francisco County Superior Court alleging that he contracted NHL through his extensive use of Roundup.[1] He named Monsanto Company (a Delaware corporation), Wilbur-Ellis Company, LLC (a California corporation), and Wilbur-Ellis Feed, LLC (a California corporation) as defendants. Specifically, Mignone alleged that Wilbur-Ellis Company and Wilbur-Ellis Feed "sold and distributed . . . Roundup within the State of California."[2] Despite having previously removed other JCCP cases to this Court on the theory that the Wilbur-Ellis defendants were fraudulently joined, Monsanto did *not* remove this case to federal court within 30 days. Instead, on January 4, 2021, Monsanto filed its answer, which included its demand for a jury trial.

On January 5, 2021, Mignone filed a motion for an expedited trial setting under Section 36(a) of the California Rules of Civil Procedure, which provides for preferential trial settings for plaintiffs who are over 70 and in poor health.[3] The statute requires a court to set a trial "no more than 120 days" from the date that a preference motion is granted.[4]

Monsanto did not respond to Mignone's preference motion. Instead, on January 21, 2021, it removed his case to this Court, alleging that the Wilbur-Ellis defendants were fraudulently joined and that the remaining parties (Mignone and Monsanto) were therefore diverse. This removal was untimely, however, because – as this Court noted in an order from July 2019 – Monsanto has only 30 days to remove the case "from the time federal jurisdiction becomes apparent" and "the facts underlying" the Wilbur-Ellis-fraudulent-joinder theory "were almost certainly apparent to Monsanto at or near the time the complaint[] [was] filed."[5]

---

[1]      In December 2020, the case was transferred to the Roundup JCCP in Alameda County (No. 4953).
[2]      Doc 1-1 at 6.
[3]      The preference motion is attached as Exhibit A. All other relevant documents are appended to Monsanto's notice of removal and cited by document number and page number. Other relevant pleadings from this MDL are cited by case number, document number, and page number.
[4]      Cal. Code Civ. Proc. § 36(f).
[5]      16-md-2741-VC Doc. 4533 at 5 (noting that the Wilbur-Ellis-fraudulent-joinder theories must have been apparent to Monsanto when similar complaints were filed in 2018 and 2019).

Monsanto's fraudulent-joinder theory is also substantively unsound. With respect to Wilbur-Ellis Feed, Monsanto's argument is straightforward: it claims that Wilbur-Ellis Feed does not market, manufacture, or distribute Roundup products.[6] Its argument regarding Wilbur-Ellis Company is more elaborate, however. Specifically, while Monsanto concedes that Wilbur-Ellis Company *is* in the business of distributing Roundup within the State of California, it insists that: 1) Wilbur-Ellis Company is not the "the sole or exclusive" distributor of Roundup in California;[7] 2) Wilbur-Ellis Company has never distributed Roundup that was "designed for the residential-lawn-and-garden market";[8] and 3) Mignone "allegedly used Roundup . . . for residential use and not for work-related reasons" and therefore could not have gotten his Roundup from Wilbur-Ellis Company.[9]

As addressed below, Monsanto's argument that it is unlikely that any of Mignone's Roundup was distributed by the Wilbur-Ellis Company falls well short of the "no possibility" standard employed by the Ninth Circuit for fraudulent joinder. Indeed, as this Court has observed, "the party asserting fraudulent joinder must satisfy 'the wholly insubstantial and frivolous' standard for dismissing claims under Federal Rule of Civil Procedure 12(b)(1)."[10] Because there is no dispute that Mignone regularly used Roundup in California and Wilbur-Ellis Company distributed Roundup in California, his claims are neither insubstantial nor frivolous.

It bears repeating, however, that this removal is untimely. Again, 13 months before Mignone filed his complaint, this Court issued an order stating that Monsanto has 30 days from the filing of an individual complaint to remove a case on its Wilbur-Ellis-fraudulent-joinder theory because the underlying facts are readily apparent. Monsanto nonetheless removed this case *five months* after the complaint was filed in a naked attempt to prevent a seriously ill, elderly man from having his day in court. This Court should not only remand this case to the Alameda County JCCP, it should also award costs and attorneys' fees.

---

[6]     Doc. 1 at 5.
[7]     *Id.* at 6.
[8]     *Id.*
[9]     *Id.* at 6-7.
[10]    16-md-2741 Doc. 7844 at 2 (quoting *GranCare, LLC v. Thrower,* 889 F.3d 543, 549 (9th Cir. 2018) (internal quotations and citation omitted)).

3

II.     **This Court put Monsanto on notice in July 2019 that it has only 30 days to remove a case on the theory that the Wilbur-Ellis defendants are fraudulently joined; this removal is accordingly untimely.**

This is not the first time that Monsanto has attempted to remove a Roundup case from a California court on the theory that the Wilbur-Ellis defendants are fraudulently joined. On July 9, 2019, this Court granted motions to remand a set of multi-plaintiff cases, which Monsanto had improperly removed to this Court.[11] The Court's order expressly warned Monsanto that – after an *individual* complaint has been filed[12] – "[a] defendant only has thirty days to remove a case from the time federal jurisdiction becomes apparent" and that "the facts underlying" its Wilbur-Ellis-fraudulent-joinder theory "were almost certainly apparent to Monsanto at or near the time the complaints were filed."[13]

And those complaints were filed in March 2018 and January 2019,[14] long before Mignone filed his individual complaint on August 7, 2020. In other words, Monsanto's fraudulent-joinder theory was not only readily apparent to Monsanto on the day that Mignone filed his complaint, but this Court had explicitly warned Monsanto 13 months earlier that it would have only 30 days to remove cases on that theory in the future.

Anticipating this argument, Monsanto claims that it could not have known that the case was removable until it was served with Mignone's Plaintiff's Fact Sheet (which identifies his use as residential, rather than "work related") on January 7, 2021.[15] But this is a fig leaf. In the first place, this fact has no bearing on the joinder of Wilbur-Ellis Feed, which – according to Monsanto – has never distributed Roundup to anybody. Second, although the complaint was silent as to the nature of Mignone's use of Roundup, the vast majority of Roundup users are

---

[11]     16-md-02741-VC Doc. 4533.
[12]     *Id.* at 7.
[13]     *Id.* at 5 (citing 28 U.S.C. § 1446(b)(1), (3)).
[14]     *Id.* at 2.
[15]     Doc. 1 at 8.

4

residential,[16] and Monsanto was obviously well aware of this theory of removal. In short,

Mignone's complaint was a document "from which it may *first* be ascertained that the case is one

which is . . . removable."[17] Monsanto was thus on notice and could easily have confirmed the

nature of Mignone's use and removed the case within 30 days of his complaint.[18] It instead chose

to tuck its removal argument away for a rainy day – this Court's July 2019 admonition

notwithstanding.

    The Ninth Circuit has held that "any doubt about the right of removal requires resolution

in favor of remand."[19] And there is no doubt that Monsanto could have removed this case within

30 days of Mignone's complaint based on its Wilbur-Ellis-fraudulent-joinder theory. This

removal is five months out of time.

**III.**    **Monsanto has failed to carry its heavy burden to establish that there is *no possibility* that Mignone could demonstrate a viable claim against a resident defendant.**

    Monsanto's fraudulent-removal theory is also substantively flawed. The Ninth Circuit has

held that "[f]raudulent joinder is established . . . if a defendant shows an 'individual[] joined in

the action cannot be liable on *any* theory.'"[20] Accordingly, if there is even "a *possibility* that a

state court would find that the complaint states a cause of action against any of the resident

defendants, the federal court must find that the joinder was proper and remand the case to state

court."[21] A defendant alleging fraudulent joinder thus "bears a 'heavy burden' since there is a

'general presumption against [finding] fraudulent joinder.'"[22]

---

[16]    Although statistics on residential vs. non-residential Roundup use are not readily available, SSMS's inventory is instructive. The firm represents 715 Roundup plaintiffs, 558 of which (78%) are residential users. Dec. of John C. Lemon at 2.
[17]    28 U.S.C. § 1446(b)(3) (emphasis added).,
[18]    *See Barraclough v. ADP Automotive Claims Servs.,* 818 F. Supp 1310, 1312 (N.D. Cal. 1993) (after receiving notice that a federal claim might be implicated, "defendant's counsel promptly contacted plaintiff's counsel and inquired of plaintiff's intent.").
[19]    *Moore-Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241, 1244 (9th Cir. 2009).
[20]    *GranCare,* 889 F.3d at 548 (emphasis added) (quoting *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998)).
[21]    *Id.* (emphasis in original) (quotation and citation omitted).
[22]    *Id.* (alteration in original) (quoting *Hunter v. Phillip Morris USA,* 582 F.3d 1039, 1046 (9th Cir. 2009)).

In *GranCare LLC v. Thrower,* the Ninth Circuit further observed that this standard "is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction.'"[23] The 12(b)(1) standard is also consistent with the Ninth Circuit's strict construction of the removal statute, which requires "reject[ion] [of] federal jurisdiction 'if there is any doubt as to the right of removal in the first instance.'"[24] Importantly, the Ninth Circuit has also "declined to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal."[25]

Here, Monsanto contends that Mignone "does not have viable claims against Wilbur-Ellis Company" because: 1) the company has not been "the sole or exclusive distributor" of Roundup in California; 2) the company distributed Roundup that was designed only for non-residential markets; and 3) Mignone has alleged (in his Plaintiff's Fact Sheet) only that he used Roundup "for residential use and not for work-related reasons."[26] In other words, Monsanto asks this Court to engage in exactly the same type of "searching inquiry into the merits of the plaintiff's case" that the Ninth Circuit has held to be out of bounds.[27]

In the simplest terms, Mignone is a California resident who regularly used Roundup in the State of California. And Wilbur-Ellis Company has been a distributor of Roundup in the State of California "for many years."[28] Even assuming the veracity of Monsanto's declarations – that the Wilbur-Ellis Company is not the exclusive distributor of Roundup in California and never distributed any Roundup directly to the residential market – it is still entirely possible that some of the Roundup the company distributed ended up in the hands of Joseph Mignone. Indeed, according to his Plaintiff's Fact Sheet, Mignone used Roundup across four decades (from the

---

[23]   *Id.* at 549 (quoting *Bell v. Hood,* 327 U.S. 678, 682-83 (1946)).
[24]   *Id.* (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992)).
[25]   *Id.* at 549.
[26]   Doc. 1 at 6-7.
[27]   Monsanto also takes issue with the complaint itself, noting that Mignone "does not specifically allege that either defendant sold or distributed th[e] herbicides ***to him.***" Doc. 1 at 3 (emphasis in original). *GranCare* makes clear, however, that "arguments [that] go to the sufficiency of the complaint, rather than to the possible viability [of the claims] do not establish fraudulent joinder." 889 F.3d at 552.
[28]   *See* Doc. 1-2 at 2 (Dec. of Wilbur-Ellis Vice-President Scott Hushbeck).

1970s to 2019) at three different residences in Southern California, including a rural address in

Canyon Lake.[29] Monsanto has accordingly failed to carry its heavy burden "to show that there is

*no possibility* that the plaintiff could demonstrate a viable claim against the allegedly

fraudulently joined defendant."[30]

IV.     **Monsanto is no stranger to either Ninth Circuit precedent or this Court's previous rulings; its decision to remove Mignone to federal court was objectively unreasonable and this Court should award costs and fees.**

"The standard for awarding fees should turn on the reasonableness of the removal."[31]

Generally speaking, a district court should award costs and attorneys' fees under Section 1447(c)

"only where the removing party lacked an objectively reasonable basis for seeking removal."[32]

This Court has previously characterized this standard as having "a leg to stand on."[33] Monsanto

did not have a leg to stand on here because this Court had admonished it in a written order 13

months earlier that it would have only 30 days to remove a case on the Wilbur-Ellis-fraudulent-

joinder theory after an individual complaint had been filed. Moreover, its fraudulent-joinder

argument falls well short of the Ninth Circuit's "no possibility" standard. This removal was

unreasonable, and this Court should award costs and attorneys' fees.


Dated:  February 19, 2021                     Respectfully submitted,

                                                *s/ John C. Lemon*
                                              JOHN C. LEMON
                                              GERALD B. SINGLETON
                                              Attorneys for Plaintiffs

---

[29]     Doc. 1-5 at 5.
[30]     *GranCare,* 889 F.3d at 549 (emphasis added).
[31]     *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).
[32]     *GranCare,* 889 F.3d at 552.
[33]     16-md-2741-VC Doc. 7844 at 5.