UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC<br><br>**SUPPLEMENTAL DECLARATION OF W. MARK LANIER IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION, Doc. 12394** |

## SUPPLEMENTAL DECLARATION OF W. MARK LANIER

I, W. Mark Lanier, declare that:

1. I am the Owner of Lanier Law Firm, P.C. I previously submitted a declaration in support of my Firm's objections to Co-Lead Counsel's Motion To Amend Pre-Trial Order 12. *See* Dkt. No. 12526-3.

2. In that declaration, I explained that my firm represented approximately 1180 clients with claims arising from Roundup exposure. Those cases comprise Lanier Law Firm's "inventory" of Roundup cases. In preparing that declaration, Lanier Law Firm attorneys working under my supervision considered the roughly 1180 cases that comprise the Lanier Law Firm's inventory and evaluated whether the Lanier Law Firm attorneys prosecuting those cases had requested, received, or used MDL work product. They also considered whether MDL experts, or the experts' work product, had been used in any of the cases in Lanier Law Firm's inventory.

3. That review revealed that none of the cases in Lanier Law Firm's inventory had received, used, or benefited from any MDL work product, including expert work product. Consistent with that, my declaration explained that Lanier Law Firm did not receive MDL work product and did not retain experts that had been engaged by CLC and MDL Leadership. That statement is true with respect to the 1180 clients that comprise Lanier Law Firm's own inventory.

1
**SUPPLEMENTAL DECLARATION OF W. MARK LANIER, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION, Doc. 12394**

4. CLC have pointed out that Lanier Law Firm has served as co-counsel alongside the Sill Law Group—a member of the MDL's expert discovery team—in two cases in Missouri state court, *Drevyanko v. Monsanto* and *Bognar v. Monsanto*. *See* Dkt. 12615 at 4-5. Lanier Law Firm's involvement in the *Drevyanko* and *Bognar* cases was not included in my earlier declaration because those two cases were **not** among the roughly 1180 Roundup cases the Firm considered to be in Lanier Law Firm's inventory. The *Drevyanko* and the *Bognar* cases were filed by the Sill Law Group and are part of the Sill Law Group's Roundup inventory. My Firm became involved in those cases only **after** Sill Law Group approached us about serving as trial counsel in the *Drevyanko* and *Bognar* cases. Because we did not consider those two cases to be part of Lanier Law Firm's inventory, our efforts in preparing my declaration did not consider the work that my Firm was doing in those two cases.

5. To be clear, none of the discovery, work product, or expert material from *Drevyanko* and *Bognar* was used in service of the roughly 1180 Roundup cases that comprise Lanier Law Firm's inventory. The *Drevyanko* and *Bognar* materials did not yield any benefit for the cases in my Firm's inventory. Nor did the *Drevyanko* and *Bognar* materials lead to, or contribute to, the resolution of my Firm's inventory cases.

6. The cases in my Firm's own inventory were well on their way toward settlement with Monsanto before Lanier Law Firm became co-counsel to the Sill Law Group. We appeared in *Drevyanko* and *Bognar* on February 4, 2020.[1] But we had begun negotiating the settlement of the Lanier Law Firm inventory in December of 2019 and, by January 2020, were negotiating the final terms of a term sheet. Those negotiations were conducted exclusively by the Lanier Law

---

[1] Our active involvement in *Drevyanko* and *Bognar* was relatively short-lived. On March 19, 2020, about six weeks after my Firm appeared, the judge in *Drevyanko* and *Bognar* stayed all deadlines in light of the COVID-19 pandemic.

**SUPPLEMENTAL DECLARATION OF W. MARK LANIER, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION, Doc. 12394**

Firm with no involvement from, consultation with, or participation of the MDL Leadership or CLC.  Nor did Lanier Law Firm seek, or receive, the assistance of the MDL-appointed special master, Mr. Kenneth Feinberg, during those negotiations.

7. Co-Lead Class Counsel asserts that Lanier Law Firm "contacted MDL leadership to discuss retention of MDL experts."  Dkt. 12615 at 5.  Co-Lead Counsel overlooks both the reason discussion was proposed, and the fact that no such discussion ever ocurred.  When Lanier Law Firm first appeared in *Drevyanko* and *Bognar*, all experts had already been designated and retained in those cases.  We were concerned that new experts may be necessary, because we understood that CLC and MDL Leadership might have intended to block MDL experts from being used in non-MDL cases like *Drevyanko* and *Bognar*.  For that reason, an attorney from our office, Rachel Lanier, reached out to Aimee Wagstaff to schedule a conversation "concerning experts."  However, there was never a conversation between Ms. Lanier and Ms. Wagstaff and no discussion ever occurred.  It is my understanding that our firm had no further communication with Aimee Wagstaff, CLC, or MDL Leadership concerning retention of experts.

8. In view of the foregoing, I believe that Lanier Law Firm is properly considered a "Category 1" objector, as originally set forth.  In the event the Court believes that Lanier Law Firm is a "Category 2" objector nonetheless, it should deem the Firm to be such instead.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on February 25, 2021.

_W. Mark Lanier_
THE LANIER LAW FIRM, P.C.

**SUPPLEMENTAL DECLARATION OF W. MARK LANIER, SUBJECT TO SPECIAL APPEARANCE, IN SUPPORT OF OBJECTIONS TO CLC COMMON BENEFIT MOTION, Doc. 12394**