**HOLLINGSWORTH LLP**
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639
Email:    jhollingsworth@hollingsworthllp.com
            elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Daryl Nels Swan and Geneva Swan v. Monsanto Co.*, Case No. 3:21-cv-00639-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs Daryl Nels and Geneva Swan's Complaint and Jury Demand ("the Complaint"), except as set forth below.  As defined in the Complaint and as used in this answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Although many paragraphs in the Complaint allege exposure or use of Monsanto products by "Plaintiffs," Monsanto nevertheless responds to the allegations in those paragraphs as if they refer to plaintiff Daryl Nels Swan.  Silence as to any allegations shall constitute a denial.

1.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies those allegations.

2.      Monsanto denies the allegations in paragraph 2.  All labeling of Roundup®-branded products has been and remains the United States Environmental Protection Agency ("EPA")-approved and in compliance with all federal requirements under Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").

3.      In response to the allegations in paragraph 3, Monsanto admits that it has manufactured Roundup®-branded products that have glyphosate as the active ingredient.  In response to the remaining allegations in paragraph 3, Monsanto admits that glyphosate repeatedly has been found safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto also admits that the EPA repeatedly has concluded, pursuant to the FIFRA, that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label.  To the extent that the allegations in paragraph 3 suggest that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.  Monsanto denies the remaining allegations in paragraph 3.

4.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5.      In response to the allegations in paragraph 5, Monsanto denies that Roundup®-branded products can cause non-Hodgkin's lymphoma ("NHL") or other serious illnesses. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 5 regarding plaintiffs' knowledge and therefore denies those allegations.  Monsanto states, however, that the scientific studies upon which that the World Health Organization's ("WHO") International Agency for Research on Cancer ("IARC") purported to base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto admits that it has stated that Roundup®-branded products are safe when used in accordance with the products' labeling.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

1   allegations in the second and third sentences of paragraph 5 and therefore denies those

2   allegations.  Monsanto denies the remaining allegations in paragraph 5.

3          6.      In response to the allegations in the first sentence of paragraph 6, Monsanto

4   admits that plaintiffs have sued for damages but denies liability to plaintiffs.  Monsanto lacks

5   information or knowledge sufficient to form a belief as to the truth of the remaining allegations

6   in paragraph 6 and therefore denies those allegations.

7          7.       The allegation in the first sentence of paragraph 7 sets for a conclusion of law for

8   which no response is required.  Monsanto admits the allegations in the second sentence of

9   paragraph 7.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

10  of the allegations in the third sentence of paragraph 7 and therefore denies those allegations.  In

11  response to the allegations in the last sentence of paragraph 7, Monsanto admits that it is a

12  Delaware corporation with its principal place of business in St. Louis County, Missouri.

13         8.      Monsanto lacks information or knowledge sufficient to form a belief as to the

14  truth of the allegations in paragraph 8 regarding where a substantial part of the activity giving

15  rise to this action occurred and therefore denies those allegations.  The remaining allegations in

16  paragraph 8 set forth conclusions of law for which no response is required.

17         9.      In response to the allegations in paragraph 9, Monsanto denies that Roundup®-

18  branded products can cause NHL or other serious illness and denies that Roundup®-branded

19  products caused plaintiff to develop cancer.  Monsanto lacks information or knowledge sufficient

20  to form a belief as to the truth of the allegations in the first sentence of paragraph 9 and therefore

21  denies those allegations.  The remaining allegations in paragraph 9 are attorney characterizations

22  for which no response is required.

23         10.     Monsanto lacks information or knowledge sufficient to form a belief as to the

24  truth of the remaining allegations in paragraph 10 and therefore denies those allegations.  .

25         11.     In response to the allegations in paragraph 11, Monsanto admits that glyphosate

26  repeatedly has been found safe to humans and the environment by regulators in the United States

27  and around the world and further admits that it has labeled glyphosate products as approved by

28  regulatory bodies consistent with those findings.  Monsanto also admits that EPA repeatedly has

concluded, pursuant to FIFRA, that glyphosate based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label. Monsanto further admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling. To the extent that the allegations in paragraph 11 allege that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations. Monsanto admits the allegations in the third sentence of paragraph 11. The remaining allegations in paragraph 11 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

12.     In response to the allegations in the first sentence of paragraph 12, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds and that glyphosate is the active ingredient in Roundup®-branded herbicides. Monsanto admits the allegations in the second sentence of paragraph 12. Monsanto denies the allegations in the third sentence of paragraph 12 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant. Monsanto denies the allegations in the fourth sentence of paragraph 12 to the extent that it suggests that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the EPA. Monsanto denies the remaining allegations in paragraph 12.

13.     Monsanto admits the allegations in the first sentence of paragraph 13  Monsanto denies the remaining allegations in paragraph 13.

14.     In response to the allegations in paragraph 14, Monsanto admits that, at certain times, glyphosate has been the most commonly used herbicide but notes that Monsanto has not been the only manufacturer of glyphosate-based herbicides. Monsanto denies the allegations in the first sentence of paragraph 14. In response to the allegations in the last sentence of paragraph 14, Monsanto admits that the EPA repeatedly has concluded, pursuant to the FIFRA, that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label. To the extent that the allegations in the last sentence of paragraph 14 suggest that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such

1    allegations.  The remaining allegations in paragraph 14 are vague and conclusory and comprise

2    attorney characterizations, and are accordingly denied.

3         15.    Monsanto denies the allegations in paragraph 15.

4         16.    Monsanto denies the allegations in paragraph 16.

5         17.    In response to the allegations in paragraph 17, Monsanto denies that any exposure

6    to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious

7    illnesses.  Monsanto states, however, that the scientific studies upon which IARC purported to

8    base its evaluation of glyphosate were all publicly available before March 2015.  Monsanto lacks

9    information or knowledge sufficient to form a belief as to the truth of the remaining allegations

10   in the fourth sentence of paragraph 17 and therefore denies those allegations.  Monsanto denies

11   the remaining allegations in paragraph 17.

12        18.    In response to the allegations in paragraph 18 and each of its subparts, Monsanto

13   states as follows: Monsanto denies that glyphosate or Roundup®-branded products cause cancer.

14   The allegations in paragraph 18 and its subparts take statements out of context; are vague,

15   misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are

16   accordingly denied.  Monsanto admits that it has stated that Roundup®-branded products are safe

17   when used in accordance with the products' labeling.  To the extent that the allegations in

18   paragraph 18 or its subparts purport to quote a document, the document speaks for itself and does

19   not require a response.  To the extent that the allegations in paragraph 18 or its subparts

20   characterize the meaning of a document, Monsanto denies those allegations.  Monsanto denies

21   the remaining allegations in paragraph 18, including each of its subparts.

22        19.    In response to the allegations in paragraph 19, Monsanto admits that the IARC

23   issued a monograph relating to glyphosate in 2015 and that an IARC working group classified

24   glyphosate under Group 2A, but denies that the IARC Monograph is the authoritative standard

25   for cancer hazard assessment around the world or that IARC based its evaluation on a complete

26   or accurate assessment of the scientific research regarding glyphosate.  Monsanto states that the

27   scientific studies upon which IARC purported to base its evaluation of glyphosate were all

28

- 5 -

publicly available before March 2015.  Monsanto denies the remaining allegations in paragraph 19.

20.     The allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto admits the allegations in the first sentence of paragraph 21.  Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     In response to the allegations in paragraph 22, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  The remaining allegations in paragraph 22 set forth conclusions of law for which no response is required.

23.     The allegations in paragraph 23 set forth conclusions of law for which no response is required.

24.     In response to the allegations in paragraph 24, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA for product safety.  The remaining allegations in paragraph 24 set forth conclusions of law for which no response is required.

25.     Monsanto denies the allegations in paragraph 25 to the extent they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration.  The remaining allegations in the first, second, third, fourth and fifth sentences of paragraph 25 set forth conclusions of law for which no response is required.  In response to the remaining allegations in paragraph 25, Monsanto admits that it – along with a large number of other

companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.  Monsanto admits that three managers in IBT's toxicology department were convicted of the charge of fraud, but denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.  Monsanto denies the remaining allegations in paragraph 25.

26.     To the extent that the allegations in paragraph 26 purport to quote a document, the document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 26 characterize the meaning of a document, Monsanto denies those allegations. Monsanto denies the remaining allegations in paragraph 26.

27.     In response to the allegations in the first, second, third, and fourth sentences of paragraph 27, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-00639-VC

states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the first, second, third, and fourth sentences of paragraph 27 and therefore denies these allegations.  In response to the allegations in the last sentence of paragraph 27, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  The remaining allegations in the last sentence of paragraph 27 comprise attorney characterizations and are accordingly denied.

28.     In response to the allegations in paragraph 28, Monsanto admits that EPA posted the EPA CARC Final Report on EPA's website in late April 2016 and took the report off the website in early May 2016.  Monsanto further states that, in September 2016, EPA posted the EPA CARC Final Report that endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore denies those allegations.

29.     Monsanto denies the allegations in paragraph 29.

30.     In response to the allegations in paragraph 30, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.  Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto admits that it has stated that Roundup®-branded products are safe when used in accordance with the products' labeling.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA. Monsanto denies the remaining allegations in paragraph 30.

31.     In response to the allegations in paragraph 31, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto admits that Industrial Bio-Test Laboratories ("IBT") was hired to conduct studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

- 9 -

32.     Monsanto denies the allegations in paragraph 32 to the extent they suggest that FDA performed an inspection of IBT laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 32 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies such allegations.  Monsanto admits that three managers in IBT's toxicology department were convicted of the charge of fraud, but denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

33.     In response to the allegations in the first and second sentences of paragraph 33, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto further admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in the first and second sentences of paragraph 33 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies such allegations.  Monsanto admits that it has stated that Roundup®-branded products are safe when used in accordance with the products' labeling.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA. Monsanto denies the remaining allegations in paragraph 33.

34.     The allegations in the first and second sentences of paragraph 34 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  Monsanto lacks

information or knowledge sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 34 and therefore denies those allegations.

35.     Monsanto denies the allegations in paragraph 35.

36.     The allegations in the first sentence of paragraph 36 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 36 and therefore denies those allegations.

37.     Monsanto denies the allegations in the last sentence of paragraph 37.  The remaining allegations in paragraph 37 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

38.     In response to the allegations in paragraph 38, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup® products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  Monsanto denies the remaining allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts to paragraph 39 purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 39 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

40.     Monsanto denies the allegations in first sentence of paragraph 40.  In response to the remaining allegations in paragraph 40, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  To the extent the subparts to paragraph 40 purport to quote

a document, the document speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 40 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

41. Monsanto denies the allegations in paragraph 41. To the extent that allegations in footnote 14 of paragraph 41 cite and/or summarize information about legal proceedings from a Department of Justice website, the statements on that website speak for themselves and do not require a response. To the extent that allegations in footnote 14 of paragraph 41 incorrectly characterize those legal proceedings, Monsanto denies those allegations.

42. Monsanto denies the allegations in the first sentence of paragraph 42. Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 42 to the extent they suggest that this ruling was in any way related to plaintiffs' claims here that glyphosate can cause cancer. The remaining allegations in paragraph 42 are vague, ambiguous, and conclusory and comprise attorney characterizations and are accordingly denied.

43. Monsanto denies the allegations in the first sentence of paragraph 43. In response to the allegations in the second sentence of paragraph 43, Monsanto admits that IARC is a subgroup of the WHO. The remaining allegations in paragraph 43 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

44. In response to the allegations in paragraph 44, Monsanto states that the cited document speaks for itself and does not require a response.

45. In response to the allegations in the first sentence of paragraph 45, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations. Monsanto denies the allegations in the second and third sentences of paragraph 45. In response to the allegations in the fourth sentence of paragraph 45, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working

1   group.  To the extent the allegations purport to characterize statements made in the IARC

2   monograph for glyphosate, the statements in that document speak for themselves, but Monsanto

3   lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said

4   information and accordingly denies the allegations.

5         46.     Monsanto denies the allegations in paragraph 46 to the extent that they suggest

6   that IARC had previously assessed glyphosate.  Monsanto admits that IARC classified

7   glyphosate as a Group 2A agent in March 2015.

8         47.     In response to the allegations in the first and second sentences of paragraph 47,

9   Monsanto admits that the IARC working group identified a number of case control studies of

10  populations with exposures to glyphosate, but Monsanto denies that any of these studies provide

11  any evidence of a human health concern from such exposures.  In response to the remaining

12  allegations in paragraph 47, Monsanto denies that the IARC working group considered all of the

13  data in the numerous studies that have been conducted looking at the safety of glyphosate and

14  glyphosate-containing herbicides in human populations or that it reliably considered the studies

15  that it purports to have reviewed, which frequently reach conclusions directly contrary to those

16  espoused by the IARC working group.  To the extent that the remaining allegations in paragraph

17  47 purport to characterize statements made in the IARC monograph for glyphosate, the

18  statements in that document speak for themselves.

19        48.     In response to the allegations in paragraph 48, Monsanto admits that IARC issued

20  its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the

21  monograph was prepared by a "working group" of individuals selected by IARC who met over a

22  one week period in March 2015 to consider glyphosate along with a number of other substances.

23  Monsanto denies the allegation that all members of the working group are "experts."  Monsanto

24  lacks information or knowledge sufficient to form a belief as to the truth of the remaining

25  allegations in paragraph 48 and therefore denies those allegations.

26        49.     In response to the allegations in paragraph 49, Monsanto denies the IARC

27  working group considered all information available in the scientific literature and all data from

28  government reports that are publicly available.  Monsanto lacks information or knowledge

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-00639-VC

1    sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 and

2    therefore denies those allegations.

3           50.    To the extent that the allegations in paragraph 50 purport to characterize

4    statements made in the IARC monograph for glyphosate, the statements in that document speak

5    for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the

6    accuracy of the source of said information and accordingly denies the allegations.  To the extent

7    that the allegations in the last sentence of paragraph 50 mean that more than *de minimis* amounts

8    of glyphosate exposure occur, Monsanto denies those allegations.

9           51.    In response to the allegations in paragraph 51, Monsanto admits that the working

10   group cited to a study that it concluded provided evidence of chromosomal damage in

11   community residents reported to be exposed to glyphosate, but Monsanto denies that the study

12   supports such a conclusion or that the authors of the study reached such a conclusion.

13          52.    In response to the allegations in the first sentence of paragraph 52, Monsanto

14   admits that certain studies have reported that glyphosate and glyphosate-based formulations

15   induced oxidative stress under artificial experimental conditions.  Monsanto denies that these

16   studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce

17   oxidative stress in humans or animals under real-world exposure conditions.  In response to the

18   allegations in the second sentence of paragraph 52, Monsanto states that the cited document

19   speaks for itself and does not require a response.  In response to the allegations in the last

20   sentence of paragraph 52, Monsanto denies that any exposure to glyphosate-based herbicides or

21   Roundup®-branded products can cause cancer or other serious illnesses.  Monsanto denies the

22   remaining allegations in paragraph 52.

23          53.    In response to the allegations in paragraph 53, Monsanto admits that the IARC

24   working group purported to make these findings but denies that the cited studies provide any

25   reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or

26   persist in human blood or urine.

27          54.    In response to the allegations in paragraph 54, Monsanto admits that the working

28   group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but

denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers.  The AHS cohort study did not find a positive association between glyphosate and any type of cancer.  Monsanto denies all other allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto admits that the referenced studies were published, but denies that the studies show any scientifically reliable findings.

56.     In response to the allegations in the first and second sentences of paragraph 56, Monsanto denies that the cited study provides any reliable basis for a finding that any meaningful levels of glyphosate are present or persist in human blood or urine.  Monsanto denies the remaining allegations in the first and second sentences of paragraph 56.  Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

57.     The allegations in the first sentence of paragraph 57 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  In response to the allegations in the second sentence and footnote 15 of paragraph 57, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that allegations in the second sentence and footnote 15 of paragraph 57 characterize the meaning of the cited study, Monsanto denies the allegation that the cited study supports the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in the second sentence and footnote 15 of paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto denies that any exposure to Roundup®-branded products can cause cancer and other serious illnesses and therefore denies the allegations in the first and fourth sentences of paragraph 58.  Monsanto admits that certain Roundup®-branded herbicides contain adjuvants and that EPA has classified such adjuvants as inert.  Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  Monsanto lacks information or

knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiffs' knowledge in the last sentence of paragraph 58 and therefore denies those allegations. Monsanto denies the remaining allegations in the last sentence of paragraph 58 and states that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015. The remaining allegations in paragraph 58 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

59. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore denies those allegations.

60. Monsanto denies the allegations in paragraph 60 and each of its subparts.

61. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 61. Monsanto denies the allegations in the third and fifth sentences of paragraph 61. The remaining allegations in paragraph 61 set forth conclusions of law for which no response is required.

62. In response to the allegations in paragraph 62, Monsanto denies that Roundup®-branded products can cause NHL or other serious illnesses and denies that any exposure to Roundup®-branded products was injurious to decedent's health or the health of others. The allegations in the last sentence of paragraph 62 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the allegations in the last sentence of paragraph 62. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 62 and therefore denies those allegations.

63. The allegations in the first sentence of paragraph 63 set forth conclusions of law for which no response is required. Monsanto denies the allegations in the second sentence of paragraph 63.

64. Monsanto incorporates by reference its responses to paragraphs 1 through 63 in response to paragraph 64 of plaintiffs' Complaint.

65. In response to the allegations in paragraph 65, Monsanto denies that it violated Minnesota or federal law and states that it complied with all applicable law regarding Roundup®-

branded products.  The remaining allegations in paragraph 65 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies all such allegations.

66.      In response to the allegations in paragraph 66, Monsanto denies that it violated Minnesota, or federal laws or regulations; denies that it was negligent; denies the allegation that Roundup®-branded products were misbranded; and states that it complied with all applicable law regarding Roundup®-branded products.  Monsanto denies the allegations in the last sentence of paragraph 66.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where plaintiff was exposed to Roundup®-branded products and where his injuries occurred and therefore denies those allegations.  The remaining allegations in paragraph 66 set forth conclusions of law for which no response is required.

67.      Monsanto incorporates by reference its responses to paragraphs 1 through 66 in response to paragraph 67 of plaintiffs' Complaint.

68.      Monsanto denies the allegations in the first two sentences of paragraph 68. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 68.

69.       Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69 that plaintiff used Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 69.

70.      Monsanto denies the allegations in the first sentence of paragraph 70.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 70.

71.      Monsanto denies the allegations in paragraph 71.

72.      Monsanto denies the allegations in paragraph 72 and each of its subparts.

73.      In response to the allegations in paragraph 73, Monsanto denies that Roundup®-branded products have "dangerous characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 73 and therefore denies those allegations.

1      74.     Monsanto denies the allegations in paragraph 74.

2      75.     Monsanto denies the allegations in paragraph 75.

3      76.     Monsanto denies the allegations in paragraph 76.

4      77.     Monsanto denies the allegations in paragraph 77.

5      78.     Monsanto denies the allegations in paragraph 78.

6      79.     Monsanto denies the allegations in paragraph 79.

7      80.     Monsanto incorporates by reference its responses to paragraphs 1 through 79 in

8  response to paragraph 80 of plaintiffs' Complaint.

9      81.     In response to the allegations in paragraph 81, Monsanto denies the allegations

10  that Roundup®-branded products are defective and unreasonably dangerous to consumers.

11  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

12  allegations in the third sentence of paragraph 81 and therefore denies those allegations.  The

13  remaining allegations in paragraph 81 set forth conclusions of law for which no response is

14  required.

15      82.     In response to the allegations in paragraph 82, Monsanto admits that its principal

16  place of business is in St. Louis County, Missouri.  Monsanto denies the remaining allegations in

17  paragraph 82.

18      83.     Monsanto denies the allegations in paragraph 83.

19      84.     The allegations in the first and second sentences of paragraph 84 set forth

20  conclusions of law for which no response is required.  Monsanto denies the allegations in the last

21  sentence of paragraph 84.

22      85.     Monsanto denies the allegations in paragraph 85.  All labeling of Roundup®-

23  branded products has been and remains EPA-approved and in compliance with all federal

24  requirements under FIFRA.

25      86.     Monsanto denies the allegations in paragraph 86.  All labeling of Roundup®-

26  branded products has been and remains EPA-approved and in compliance with all federal

27  requirements under FIFRA.

28      87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 88 and therefore denies those allegations.

89.     In response to the allegations in paragraph 89, Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses and denies that there are any defects in those products.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 89 and therefore denies those allegations.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

90.     Monsanto denies the allegations in paragraph 90.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92, including the allegations that it failed to comply with federal or Minnesota law.

93.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 93 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 93.

94.     Monsanto incorporates by reference its responses to paragraphs 1 through 93 in response to paragraph 94 of plaintiffs' Complaint.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 96 regarding the specific products allegedly used by plaintiff or any advertising or marketing allegedly seen or considered by plaintiff and therefore denies the allegations in paragraph 96.

97.     In response to the allegations in paragraph 97 and its subparts, Monsanto denies that exposure to Roundup®-branded products can cause NHL or other serious illnesses.  The

1    remaining allegations in paragraph 97, including its remaining subparts, set forth conclusions of

2    law for which no response is required.

3              98.    Monsanto denies the allegations in paragraph 98 and each of its subparts.

4              99.    Monsanto denies the allegations in paragraph 99.

5              100.   Monsanto denies the allegations in paragraph 100.

6              101.   Monsanto denies the allegations in paragraph 101.

7              102.   Monsanto denies the allegations in the first and last sentences of paragraph 102.

8    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

9    remaining allegations in paragraph 102 and therefore denies those allegations.

10             103.   Monsanto denies the allegations in paragraph 103.

11             104.   Monsanto incorporates by reference its responses to paragraphs 1 through 103 in

12   response to paragraph 104 of plaintiffs' Complaint.

13             105.   Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations in paragraph 105 regarding plaintiff's claimed use of or exposure to

15   Roundup®-branded products and therefore denies those allegations.  Monsanto denies the

16   remaining allegations in paragraph 105.

17             106.   Monsanto lacks information or knowledge sufficient to form a belief as to the

18   truth of the allegations in paragraph 106 regarding plaintiff's claimed use of or exposure to

19   Roundup®-branded products and therefore denies those allegations.  The remaining allegations in

20   paragraph 106 set forth conclusions of law for which no response is required.

21             107.   Monsanto denies the allegations in the first sentence of paragraph 107.  All

22   labeling of Roundup®-branded products has been and remains EPA-approved and in compliance

23   with all federal requirements under FIFRA.  Monsanto lacks information or knowledge sufficient

24   to form a belief as to the truth of the allegations in paragraph 107 concerning plaintiff's claimed

25   purchase of Roundup®-branded products and therefore denies those allegations.  The remaining

26   allegations in paragraph 107 set forth a conclusion of law for which no response is required.

27             108.   Monsanto lacks information or knowledge sufficient to form a belief as to the

28   truth of the allegations in paragraph 108 regarding plaintiff's claimed use of or exposure to

Roundup®-branded products and therefore denies those allegations.  The allegation in paragraph 108 regarding Monsanto's implied warranty sets forth a conclusion of law for which no response is required.

109.     In response to the allegations in paragraph 109, Monsanto denies that there is any risk of serious injury associated with the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 109 regarding plaintiffs' knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 109.  Monsanto denies the remaining allegations in paragraph 109.

110.     Monsanto denies the allegations in paragraph 110.

111.     Monsanto denies the allegations in paragraph 111.

112.     Monsanto denies the allegations in paragraph 112.

113.     Monsanto incorporates by reference its responses to paragraphs 1 through 112 in response to paragraph 113 of plaintiffs' Complaint.

114.     In response to the allegations in paragraph 114, Monsanto denies that there is any risk of serious injury associated with the as-directed use of and/or exposure to Roundup®-branded products and/or glyphosate.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 114 regarding plaintiff's exposure to, use of, and/or knowledge about Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 114 set forth conclusions of law for which no response is required.

115.     Monsanto denies the allegations in the first sentence of paragraph 115 to the extent it encompasses all herbicides as vague and ambiguous, but Monsanto admits the allegations in this sentence to the extent it refers to glyphosate-based herbicides.  Monsanto denies the allegations that Roundup®-branded products are defective and unreasonably dangerous to consumers and therefore denies the remaining allegations in paragraph 115.

116.     In response to the allegations in paragraph 116, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling.  Monsanto further

states that paragraph 116, sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 116.

117.    The allegations in the first and second sentences of paragraph 117 set forth conclusions of law for which no response is required.  Monsanto denies the remaining allegations in paragraph 117.

118.    Monsanto denies the allegations in paragraph 118.

119.    Monsanto denies the allegations in paragraph 119.

120.    Monsanto denies the allegations in paragraph 120.

121.    Monsanto incorporates by reference its responses to paragraphs 1 through 120 in response to paragraph 121 of plaintiffs' Complaint.

122.    Monsanto denies the allegations in paragraph 122.

123.    Monsanto denies the allegations paragraph 123.

124.    In response to the allegations in paragraph 124, Monsanto admits that plaintiffs have sued for damages but denies liability to plaintiffs.

125.    Monsanto incorporates by reference its responses to paragraphs 1 through 124 in response to paragraph 125 of plaintiffs' Complaint.

126.    Monsanto denies the allegations in the last sentence in paragraph 126.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 126 and therefore denies those allegations.

127.    Monsanto denies the allegations in the first sentence of paragraph 127.  In response to the remaining allegations in paragraph 127, Monsanto admits that plaintiffs have sued for damages but denies liability to plaintiffs.

128.    In response to the allegations in paragraph 128, Monsanto admits that plaintiffs have sued for damages but denies liability to plaintiffs.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 128 and therefore denies those allegations.

129.    In response to the allegations in paragraph 129, Monsanto admits that plaintiffs have sued for damages but denies liability to plaintiffs.

130.     Monsanto incorporates by reference its responses to paragraphs 1 through 129 in response to paragraph 130 of plaintiffs' Complaint.  Monsanto denies the remaining allegations in paragraph 130.

131.     In response to the allegations in paragraph 131, Monsanto admits that plaintiffs seek punitive damages but denies any liability to plaintiffs.  Monsanto denies the remaining allegations in paragraph 131.

132.     In response to the allegations in paragraph 132, Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.  Monsanto demands that judgment be entered in its favor and against plaintiffs and that the Complaint be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

133.     In response to the allegations in paragraph 133, Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.  Monsanto demands that judgment be entered in its favor and against plaintiffs and that the Complaint be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

134.     In response to the allegations in paragraph 134, Monsanto admits that plaintiffs seek punitive damages but denies liability to plaintiffs.  Monsanto denies the remaining allegations in paragraph 134.

135.     The allegations in paragraph 135 set forth conclusions of law for which no response is required.

136.     The allegations in paragraph 136 set forth conclusions of law for which no response is required.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.      Venue may be inconvenient for plaintiffs' claims.

3.      Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

8.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Plaintiffs' claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

12.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.  If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims in whole or in part.

14.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

15.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

16.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

17.     Monsanto has no current or former legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

18.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the

- 25 -

United States Constitution, the Minnesota Constitution, Missouri Constitution, and/or other applicable state constitutions.

20.     Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Minnesota law, Missouri law, and/or other applicable state laws.

21.     Plaintiffs' claims for punitive damages are barred and/or limited by operation of state and/or federal law, including Missouri Revised Statute § 510.261, *et seq*.

22.     Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiffs and/or the safety of the public.  Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.  In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiffs have failed to clearly establish any entitlement to punitive and/or exemplary damages based on plaintiffs' allegations.

23.     Plaintiffs' claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

24.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate damages.

25.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

26.     To the extent that plaintiffs recovered payments for plaintiffs' alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute §§ 490.710, 490.715.

27.     If plaintiffs have been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

28.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

29.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

30.     Plaintiffs' claim for punitive damages must be stricken pursuant to R.S.Mo. § 510.261, *et seq.* (SB 591) (2020).

31.     Monsanto did not intentionally harm plaintiffs nor did Monsanto act with a deliberate and flagrant disregard for the safety of others.  In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiffs have failed to establish by a preponderance of the evidence any entitlement to punitive damages based on plaintiffs' allegations.

32.     Plaintiffs' recovery may be barred or limited by Minn. Stat. § 604.01.

33.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  February 26, 2021                    Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-00639-VC