# EXHIBIT A

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 3:19md2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## COMMON BENEFIT ORDER NO. 3

This Order is entered to provide for the fair and equitable sharing among plaintiffs and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in this complex litigation. This Order specifically incorporates by reference herein, and makes binding upon all the parties, the procedures and guidelines referenced in Common Benefit Order No. 1 (ECF No. 488) and as amended by Common Benefit Order No. 2 (ECF No. 900).

**I.      PURPOSE FOR THE ORDER**

This Order is intended to (1) avoid unnecessary conflicts and expense, conserve judicial resources, and expedite the disposition of all the cases; (2) provide for the fair and equitable sharing among Claimants, and their counsel, of the burden of services performed and expenses incurred by counsel acting for the common benefit of all Claimants in this complex litigation; and (3) enable Claimants' counsel to obtain fair access to the common-benefit work product.

### A. Governing Principles and the Common Benefit Doctrine

The common benefit governing principles are derived from the United States Supreme Court's common benefit doctrine, as initially established in *Trustees v. Greenough*, 105 U.S. 527 (1881) and as refined in, *inter alia*, *Central R.R. & Banking Co. v. Pettus*, 113 U.S. 116 (1885); *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161 (1939); *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL context in, *inter alia*, *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019-21 (5th Cir. 1977); and *In re MGM Grand Hotel Fire Litig.*, 660 F. Supp. 522, 525-29 (D. Nev. 1987). Common benefit work product includes all work performed for the benefit of all Claimants, including pre-trial matters, discovery, trial preparation, a potential settlement process, and all other work that advances this litigation to conclusion.

### II. APPLICATION OF THE ORDER

This Order applies to all cases now pending (Administrative or MDL docket), as well as to any case later filed in, transferred to, or removed to this Court and included as part of the coordinated proceeding known as *In re 3M Combat Arms Earplug Products Liability Litigation*, Case No. 3:19-md-2885 ("MDL" or "MDL 2885"). This Order further applies to all Participating Counsel, which includes the following: (1) all counsel who voluntarily sign the Participation Agreement; (2) all

counsel with a fee interest in any case(s) pending, later filed in, transferred to, or removed to this Court as part of MDL 2885, regardless of whether or not counsel signs the Participation Agreement, and regardless of whether or not counsel also has cases outside the MDL (filed or unfiled) ("MDL Plaintiffs' Counsel"); and (3) any counsel who were not otherwise Participating Counsel but who obtain access to or receive the common benefit work product of MDL 2885.

### A. Participation Agreement (Exhibit A)

Exhibit A, attached hereto and incorporated herein, is a voluntary Participation Agreement between: (1) Plaintiffs' Executive Committee ("PEC") and other Claimants' counsel performing common benefit work in connection with the MDL and (2) other Claimants' counsel who elect to sign the Participation Agreement. The Participation Agreement is a private and cooperative agreement between Claimants' counsel only, and not Defendants' counsel. Participating Counsel will be entitled to receive all common benefit work product created by the Plaintiffs' Steering Committee ("PSC").

The Court has been advised that Plaintiffs' Lead and Co-Lead Counsel and all members of Plaintiff Leadership have already signed or will sign the Participation Agreement, subjecting themselves and their cases, whether filed in this MDL proceeding (Administrative or MDL docket), filed in another venue, unfiled, or tolled, to an assessment of the Gross Monetary Recovery, as defined in III.B.1.

Case No. 3:19-md-2885/MCR/GRJ

Case 3:19-md-02885-MCR-GRJ Document 1649-5 Filed 02/17/21 Page 5 of 13

All Claimants' counsel who currently have cases pending in this MDL court or any state court and who want to become a Participating Counsel must, within 60 days of this Order, execute the Participation Agreement, if that counsel intends to voluntarily become a Participating Counsel at the fee and expense percentage set forth in III.B.2.a. Any Claimants' counsel who does not yet have a case filed in this MDL court or state court and who wants to become a Participating Counsel must execute the Participation Agreement within 60 days of the date their first case is filed in the MDL court or any state court, if that counsel intends to voluntarily become a Participating Counsel at the fee and expense percentage set forth in III.B.2.a. Failure to execute a Participation Agreement indicating that Claimant's counsel will be a Participating Counsel within the time frame set forth in this paragraph will result in a higher percentage for common benefit assessment as a result of such later participation, as set forth in III.B.2.b.

The Court recognizes the jurisdictional rights and obligations of the state courts to conduct their state court litigation as they so determine and that the state court litigations may include counsel who are Participating Counsel. This Order and the Participation Agreement are not intended to be cited by a party to the Participation Agreement in any other court in support of a position that adversely impacts the jurisdictional rights and obligations of the state courts and state court Participating Counsel.

## III. LITIGATION FEE AND EXPENSE FUNDS

### A. Establishing the Fee and Expense Funds

At an appropriate time, the Common Benefit Fund ("CBF") Committee will be directed to establish two interest-bearing accounts to receive and disburse funds as provided in this Order (the "Funds"). The first fund will be designated the "3M Combat Arms Fee Fund" and the second fund will be designated the "3M Combat Arms Expense Fund." These funds will be held subject to the direction of this Court.

### B. Payments into the Fee and Expense Funds

All Claimants and their counsel who are subject to this Order and who agree to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to 3M Combat Arms Products Liability claims are subject to an assessment of the gross monetary recovery, as provided in III.B.2.a. and III.B.2.b.

#### 1. Gross Monetary Recovery

A "Gross Monetary Recovery" occurs when a Claimant or his/her counsel either agrees or have agreed, for monetary consideration, to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages (hereinafter a "Settlement"), with respect to any 3M Combat

Case 3:19-md-02885-MCR-GRJ   Document 1649-5   Filed 03/17/21   Page 7 of 13
Case 3:19-md-02885-MCR-GRJ   Document 1649   Filed 02/12/21   Page 6 of 12

Page 6 of 12

Arms Products Liability claim. In measuring the Gross Monetary Recovery, the parties are to (a) exclude court costs that are to be paid by the Defendants; (b) include any payments to be made by the Defendants on an intervention asserted by third-parties, such as to physicians, hospitals, or other healthcare providers in subrogation related to treatment of a plaintiff, and any governmental liens or obligations; and (c) include the present value of any fixed and certain payments to be made in the future.

**2.      Assessment Amount**

a.      Claimants' counsel with cases currently pending in this MDL or any state court, and any counsel with subsequently filed cases in this MDL or any state court, who elect to execute the Participation Agreement within the time frame set forth in II.A will be subject to a nine percent (9%) assessment on all 3M Combat Arms Products Liability cases in which they have a fee interest if they receive common benefit work product or otherwise benefit by the work performed by Participating Counsel. This assessment represents a hold back. *See In re Zyprexa Prods. Liab. Litig.*, 467 F.Supp.2d 256, 266 (E.D.N.Y. 2006).

b.      Claimants' counsel with cases currently pending in this MDL or any state court, and any counsel with subsequently filed cases in this MDL or any state court, who elect not to execute the Participation Agreement within the time frame set forth in II.A. will be subject to a fifteen percent (15%) assessment on

all 3M Combat Arms Products Liability cases in which they have a fee interest if they receive common benefit work product or otherwise benefit by the work performed by Participating Counsel. This assessment represents a hold back. *See id.*

      c. Claimants' counsel who currently have cases pending in this MDL court or any state court and want to become a Participating Counsel but object to the assessment amount(s) in III.B.2.a or III.B.2.b above must file an objection within ten (10) days of this Order. Claimants' counsel who do not yet have a case filed in the MDL court or any state court and who want to become a Participating Counsel but object to the assessment amount(s) in III.B.2.a or III.B.2.b above must file an objection within ten (10) days of the date their first case is filed in the MDL court or any state court.

  **C.** **Reporting Obligations**

The Plaintiffs' Co-Liaison Counsel ("PLC") must provide to Defendants' Liaison Counsel the following two lists on a quarterly basis: (a) a list of all cases and counsel who have filed a case that is pending in the MDL ("the MDL Counsel List") and (b) a list of all cases and counsel who have executed the Participation Agreement who do not have a case pending in the MDL ("the Non-MDL Participating Counsel List"). These same lists must be made available to all Claimants' counsel with cases in this MDL and on request of any other Claimants' counsel who sign the

Case No. 3:19-md-2885/MCR/GRJ

Participation Agreement. In the event there is a dispute as to whether a case should be on the lists, Plaintiffs' Lead and Co-Lead Counsel must seek to resolve the matter with the particular Claimant's counsel informally, and if that is unsuccessful, on motion to the Court.

Within fourteen (14) days of receipt of these two lists from the PLC, Defendants' Liaison Counsel must provide the PLC a list of all lawyers who appear as counsel of record on a complaint in any 3M Combat Arms Products Liability case in any court in the United States (state or federal) who do not appear on either the MDL Counsel List or the Non-MDL Participating Counsel List. The parties' reporting obligations will continue quarterly until the conclusion of this MDL.

### D. Defendants' Obligations

Defendants and their counsel must not distribute any settlement proceeds to any Claimant or Claimant's counsel until after (1) Defendants' counsel notifies the PLC in writing of the existence of a settlement and the name of the Claimant and individual Claimants' counsel; and (2) the PLC has advised Defendants' counsel in writing whether or not the individual Claimant's counsel's cases are subject to an assessment pursuant to this Order. The PLC must be permitted to share this information with the CBF Committee and Special Master Randall Sansom, CPA, who must otherwise keep this information confidential.

For cases subject to an assessment, Defendants are directed to withhold an assessment from any and all amounts paid to Claimants and their counsel and to pay the assessment directly into the Funds as a credit against the settlement or judgment. No orders of dismissal of any claim or case that is subject to this Order will be sought by any Claimant's or Defendants' counsel unless accompanied by a certificate of Claimant's and Defendants' counsel that the assessment, where applicable, will be withheld and will be deposited into the Funds at the same time the settlement proceeds are paid to the settling Claimant or his/her counsel or designee. If for any reason the assessment is not or has not been so withheld, the Defendants as well as the Claimant and his or her counsel are jointly responsible for paying the assessment into the Funds promptly.

Counsel for each Defendant must provide at least quarterly notice to the Court and Special Master Sansom, who will share the notice with the CBF Committee, of the names and docket numbers of the cases for which it has paid an assessment into the Funds since the last such report. A report is not due if there are no payments made into the Funds by that Defendant during that quarter. Details of any individual settlement agreement, individual settlement amount and individual amounts deposited into escrow will be confidential and must not be disclosed by Special Master Sansom to anyone unless the Court requests the information. Monthly statements from Special Master Sansom, however, will be provided to the CBF

Case No. 3:19-md-2885/MCR/GRJ

Committee and the Court showing only the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance.

## IV. ASSESSMENT DISTRIBUTIONS

### A. Common Benefit Expenses

In order to be eligible for reimbursement of common benefit expenses, said expenses must meet the requirements and the limitations set forth in the Common Benefit Fund Orders entered by this Court.

### B. Procedures and Forms

The procedures and forms as set forth in Common Benefit Orders Nos. 1 and 2 (ECF Nos. 488 and 900) are incorporated by reference as if fully set forth herein.

### C. Court Approval

The amounts deposited in the Funds must be available for distribution to Participating Counsel who have performed professional services or incurred expenses for the common benefit. Amounts will be distributed only on order of this Court. This Court retains jurisdiction over any common benefit award or distribution and, in furtherance of state-federal cooperation, may receive input from state court judges.

### D. Distribution

At a time and in a manner ordered by the Court, each Participating Counsel who does common benefit work must present their claim(s) for compensation and/or reimbursement prior to any distribution approved by this Court. Any Claimants' counsel who does not sign the Participation Agreement in accordance with this Order will not be eligible to receive common benefit payments for any work performed or expenses incurred. At the appropriate time, the Court will enter an order regarding the protocols and procedures for Special Master Dave Herndon to make recommendations to the Court on common benefit fee allocations.

Accordingly,

The Clerk of Court is **DIRECTED** to file a copy of this Order in 3:19-md-2885, and the Order will apply to each member related case previously transferred to, removed to, or filed in this district, as well as to any case subsequently transferred to, removed, or filed in this district. This includes cases on both the administrative and MDL dockets.

It is the responsibility of the parties to review and abide by all pretrial orders entered by the Court. The orders may be accessed through PACER, as well as on

the 3M Combat Arms Earplug Products Liability Litigation website at http://www.flnd.uscourts.gov/mdl2885.

**DONE** and **ORDERED**, on this 17th day of February, 2021.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**