Robin Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500
Facsimile:  (212) 344-5461

Michael Miller
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Avenue
Orange, VA 22960
Telephone: (540) 672-4224
Facsimile:  (540) 672-3055

Aimee Wagstaff, SBN 278480
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, PC
7171 West Alaska Drive
Lakewood, CO 80226
Telephone: (303) 376-6360
Facsimile:  (303) 376-6361

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>**ALL CASES** | MDL No. 2741<br><br>Case No. 16-md-02741-VC<br><br>**PLAINTIFFS' CO-LEAD COUNSEL'S RESPONSE TO HOLLAND LAW FIRM'S MOTION FOR LEAVE TO FILE A SUR-REPLY** |

---

**PLAINTIFFS' CO-LEAD COUNSEL'S RESPONSE TO HOLLAND LAW FIRM'S MOTION FOR LEAVE TO FILE A SUR-REPLY**

On January 14, 2021, Co-Lead Counsel filed a Motion to supplement Pretrial Order 12: Common Benefit Fund Order to Establish a Hold Back Percentage. *See,* ECF 12394. The deadline for Oppositions was February 4, 2021 and the Reply deadline for Co-lead counsel was February 18, 2021. *See,* January 26, 2021 Order Regarding Motion to Establish a Hold-Back Percentage, ECF 12463. The Holland Law Firm did not file an Opposition or otherwise Respond.

On February 26, 2021, the Holland Law Firm filed Motion for Leave to File a Sur-Reply (ECF No. 12642) based on the following two references in Co-Lead Counsel's February 18, 2021 Reply, one reference contained in a footnote and the other in a supporting Declaration:

1. **Doc. 12615, p.5, Fn 9:** "*See* Greenwald Decl., Exs. 4, 5 (Dockets for Drevyanko et al V Monsanto, 18SL-CC00988, Bognar, et al., v. Monsanto, 18SL-CC02199). Mr. Lanier's co-counsel in *Drevyanko* and *Bognar,* The Sill Law Group and **The Holland Law Firm,** signed participation agreements and are considered two of a group of firms who have conducted work for the common benefit of all litigants. The Sill Law Group paid significant monies to the CLC to help generate, develop, and retain the MDL's expert. Wagstaff Decl. at ¶¶ 2, 5. The CLC assisted the *Bognar and Drevyanko* trial teams in contacting and retaining the CLC experts. Further, it is believed the trial teams utilized the work (*i.e.,* deposition cuts) from the *Gordon* trial team, which included CLC members and **The Holland Law Firm**. Wagstaff Decl. at ¶ 3, 5."

2. **Doc. 12615-12, ¶ 3 (Wagstaff Declaration):** "In addition to the common benefit work in MDL 2741, AW engaged in significant state court work. For example, Monsanto's worldwide headquarters are/were in St. Louis County, Missouri. AW led the litigation charge in St. Louis County - namely through the *Gordon* and *Priest* trials. AW used the MDL experts and MDL work product in the *Gordon* and *Priest* litigations. The *Gordon* case was the first St. Louis County case for almost every litigation milestone (first to win *Daubert*, deposition cuts, trial briefs, etc.). The St. Louis based **Holland Law Firm** was co-trial counsel on the *Gordon* case and helped create invaluable common benefit work product. It is believed that the *Drevyanko* and *Bognar* trial teams (both St. Louis County cases) used the *Gordon* (and, thus, MDL) work product. AW also worked up a Montana state court case (*Cazier*) through expert discovery. The *Cazier* work product has also been utilized for the common benefit of all Roundup plaintiffs."

RESPONSE TO MOTION FOR LEAVE

The Holland Law Firm has also requested its entire Sur-Reply be filed under seal. In so requesting, instead of redacting only the purported Confidential information, the Holland Law Firm filed the *entire* Administrative Motion to File Under Seal along with the exhibits which appear to be the actual Sur Reply. Because the Holland Law Firm did not engage in a meet and confer and has refused CLC's request for a copy of the proposed Sur-Reply, CLC has not seen the proposed Sur-Reply and therefore does not know the arguments made by the Holland Law Firm.

The stated reasons for a Sur-Reply, as set forth above and in ECF. 12642, ¶ 3, do not on their face give rise to a Sur-Reply. Rather, it appears the Holland Law Firm is attempting to file an untimely Objection. Because the hearing is tomorrow, and the Holland Law Firm still refuses to provide movants a copy of its Sur-Reply, Co-Lead Counsel oppose the Holland Law Firm's request for leave to file a Sur-Reply. The Court should not consider arguments that have been withheld from movants.

Dated:  March 2, 2021

Respectfully submitted,

/s/ Robin Greenwald
Robin Greenwald
rgreenwald@weitzlux.com
Weitz & Luxenberg
700 Broadway
New York, NY 10003

/s/ Mike Miller
Michael Miller
mmiller@millerfirmllc.com
The Miller Firm LLC
108 Railroad Ave
Orange, VA 22960

---
RESPONSE TO MOTION FOR LEAVE

2

/s/ Aimee Wagstaff
Aimee Wagstaff
aimee.wagstaff@andruswagstaff.com
Andrus Wagstaff, P.C.
7171 West Alaska Drive
Lakewood, CO 80226

*Co-Lead Counsel for Plaintiffs
in MDL No. 2741*

---

RESPONSE TO MOTION FOR LEAVE

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of March, 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Aimee Wagstaff