**David J. Diamond, Esq.**
**State Bar #010842**
**698 E. Wetmore Rd., Suite 200**
**Tucson, AZ 85705**
**(520) 620-3975**
ddiamond@goldbergandosborne.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Master Docket Case No. 16-md-02741-VC |
| **THIS DOCUMENT RELATES TO:** | Honorable Vince Chhabria |
| James Alvarez, Anthony Alvarez, Christian Alvarez, and Catherine Alvarez on behalf of A.A., a minor, as Jaime Alvarez Calderon's successors in interest | Case No. 3:19-cv-01630 |
| v. | |
| Monsanto Company | |

**THE PARTIES' JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL**
**THE AMENDED UNCONTESTED PETITION FOR MINOR'S COMPROMISE**

Pursuant to Civil Local Rules 79-5 and 7-11 and the Amended Protective and Confidentiality Order entered by the Court on September 6, 2017 ("Amended Protective Order") at ¶ 18, as well as Fed. R. Civ. P. 5.2, it is requested that confidential portions of the Amended Uncontested Petition for Minor's Compromise (the "Petition") and the three supporting exhibits to the Petition, as described in the accompanying Declaration of David J. Diamond, be filed under seal to protect the confidentiality requirement of the minor's settlement, and both the minor's and defendant's privacy interests.

Pursuant to the Amended Protective Order, the Petition for Minor's Compromise, and the three exhibits attached thereto, have conditionally been filed under seal. Plaintiffs are the "Designating Party" for such information under Local Rule 79-5(e), though, Plaintiffs and Defendants are in agreement.

Because this Petition is dispositive and goes to the merits of the case, the Court will apply the "compelling reasons" standard to Plaintiffs' Administrative Motion to File Under Seal the Uncontested Petition for Minor's Compromise. *See Lauris v. Novartis AG*, 2018 U.S. Dist. LEXIS 184155 at *7 (E.D. Cal., Oct. 26, 2018) (applying compelling interest standard to request to seal minor's compromise petition and granting same). A court may seal records when it finds "a compelling reason and articulate[s] the actual basis for its ruling." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (internal quotation marks omitted). What constitutes a compelling reason is "best left to the sound discretion of the trial court." *Id.* (internal quotation marks omitted).

As explained below, compelling reasons exist to maintain the confidentiality of the Petition which contains confidential settlement information between Plaintiffs and Defendant and to protect the minor's interests.

First, disclosing the monetary amounts of the confidential settlement agreement in the Petition would discourage future settlement. *See Lauris v. Novartis AG*, 2018 U.S. Dist. LEXIS 184155 at *7 (E.D. Cal., Oct. 26, 2018) (apply compelling interest standard and finding "the monetary amounts of settlement are often confidential and disclosing the amount would discourage future settlement.")

Second, disclosing the monetary amounts of the confidential settlement agreement in the Petition would undermine the privacy interests of a minor. *See id.* at *6 (E.D. Cal., Oct. 26, 2018) (applying the compelling interest standard and granting sealing request and observing that [d]isclosing the amount the minor receives in settlement of this action could subject her to ill-intended solicitations at a time when she is financially vulnerable . . . ."); *see also Mears v. Atl. Se. Airlines, Inc.*, No. 5:12-CV-613-F, 2014 WL 5018907, at *3 (E.D.N.C. Oct. 7, 2014) ("Courts have repeatedly held that minors' privacy interests in medical and financial information, such as that reflected in the settlement agreement and settlement documentation, overcome the common law right of access in granting motions to seal.").

The sealing of the Petition and related documents is the only means of protecting the overriding interests in the privacy of the minor and protecting the parties' confidential agreement. There is simply no less restrictive means to protect the minor's privacy, and to preserve the parties' agreement.

All of these redactions are indicated by black boxes. In support of this request, attached hereto is a Declaration from David J. Diamond specifically describing the proposed redactions and a Proposed Order granting Plaintiffs' Motion.

## CONCLUSION

It is respectfully requested that the Court grant the Administrative Motion to File Under Seal Portions of their Amended Uncontested Petition for Minor's Compromise and supporting exhibits.

Dated: March 3, 2021

Respectfully Submitted,

*/s/ David J. Diamond*
David J. Diamond (AZ: 010842)
**GOLDBERG & OSBORNE LLP**
698 E. Wetmore Road, Suite 200
Tucson, AZ 85705
Tel: (520) 620-3975
Fax: (520) 620-3991
ddiamond@goldbergandosborne.com
*Attorneys for Plaintiffs*


*/s/ Pamela Yates*
Pamela Yates
**ARNOLD & PORTER KAYE SCHOLER LLP**
44th Floor 777 South Figueroa Street
Los Angeles, CA 90017-5844
Tel: (213) 243-4178
Fax: (213) 243-4199
pamela.yates@arnoldporter.com
*Attorneys for Defendant*

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

    I, David J. Diamond, hereby certify that on March 3, 2021, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

                                          */s/ David J. Diamond*
                                          David J. Diamond

---

JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE AMENDED UNCONTESTED PETITION FOR MINOR'S COMPROMISE – 3:19-cv-01630

4