# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

# AMENDED UNCONTESTED PETITION FOR MINOR'S COMPROMISE

**David J. Diamond, Esq.**
**State Bar #010842**
**698 E. Wetmore Rd., Suite 200**
**Tucson, AZ 85705**
**(520) 620-3975**
ddiamond@goldbergandosborne.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Master Docket Case No. 16-md-02741-VC |
| **THIS DOCUMENT RELATES TO:** | Honorable Vince Chhabria |
| James Alvarez, Anthony Alvarez, Christian Alvarez, and Catherine Alvarez on behalf of A.A., a minor, as Jaime Alvarez Calderon's successors in interest<br><br>v.<br><br>Monsanto Company | Case No. 3:19-cv-01630 |

## AMENDED UNCONTESTED PETITION FOR MINOR'S COMPROMISE

Catherine Alvarez, as Guardian Ad Litem for, and mother of, minor plaintiff A.A., by and through undersigned counsel, respectfully requests approval of the minor's proposed settlement, and the distribution of the settlement, as detailed below.

For background, the minor's father, Jaime Alvarez, initially brought a case against the defendant. Thereafter, the Court selected Mr. Alvarez's case as a Wave 1 case. As such, undersigned counsel took and defended depositions, conducted discovery, retained experts, filed and defended motions, incurred costs, and, in general, worked up the specific causation and damages parts of the case for trial. Tragically, Mr. Alvarez passed away from NHL in December 2019, leaving behind his four sons, one of whom is the minor, A.A.

1  At a mediation on January 11, 2021, conducted by the Hon. Glenn A. Norton, retired, Mr. Alvarez'
2  only statutory beneficiaries, his four surviving sons, resolved their wrongful death claims, subject to the
3  Court's approval of minor A.A.'s settlement.
4
5  Mr. Alvarez's four children, all relatively close in age, have agreed, subject to Court approval, to
6  split the settlement proceeds evenly. The minor's mother and Guardian Ad Litem, while remaining close
7  with the decedent, was divorced from him. She does not have an independent claim to any of the settlement
8  proceeds. As such, there is no conflict between her interests and the minor's.
9  The following is the proposed distribution of the minor's settlement proceeds:

10  ▉▉▉▉▉▉:       1/4 of a ▉▉▉▉▉▉ settlement
11  ▉▉▉▉▉▉:       Costs (1/4 of ▉▉▉▉▉▉ in costs incurred)
12
13  ▉▉▉▉▉▉:       Liens - ▉▉▉▉▉▉ for ¼ of Anthem Blue Cross Blue Shield's subrogation claim
14  and ▉▉▉▉▉▉ for ¼ of Medicare's lien[1]

15  ▉▉▉▉▉▉:       Holding 60 days for late submitted/unresolved charges with balance to minor
16  ▉▉▉▉▉▉:       Attorney Fee (1/3 contingent fee)
17  ▉▉▉▉▉▉        + to A.A.

18
19
20
---
21  [1]    Under California law, statutory beneficiaries are not responsible for a Decedent's medical expenses. However, a condition of settlement is that all potential claims (including subrogation and lien
22  claims that could be asserted against the decedent's estate) be resolved out of the settlement proceeds. As a result, undersigned counsel has negotiated with Anthem Blue Cross Blue Shield (BCBS), the decedent's
23  health insurer from before the date of his NHL diagnosis until a month before his death, to resolve their subrogation claim. Subject to the Court's approval, the BCBS subrogation claim has been resolved for
24  ▉▉▉▉▉▉. **Exhibit 1.** ▉▉▉▉▉▉ (¼ of ▉▉▉▉▉▉) is being deducted from the minor's settlement to
25  pay the subrogation claim. Also, Mr. Alvarez turned 65 on September 21, 2019. Medicare began paying for his NHL related treatment on November 7, 2019, until his death a month later, on December 12, 2019.
26  By law, Medicare is entitled to be reimbursed. Subject to the Court's approval, the Medicare lien has been resolved for ▉▉▉▉▉▉. **Exhibit 2.** ▉▉▉▉▉▉ (¼ of ▉▉▉▉▉▉) is being deducted from the minor's
27  settlement to pay the Medicare lien.
28

AMENDED UNCONTESTED PETITION FOR MINOR'S COMPROMISE – 3:19-cv-01630

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of a proposed settlement in suits involving minors, the Court must "independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected . . . even if the settlement has been recommended or negotiated by the minor's parent or Guardian Ad Litem." *Salmeron v. U.S.*, 724 F.2d 1357, 1363 (9th Cir. 1983). Courts should consider "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Robidoux, 638 F.3d at 1182.

In evaluating a settlement, the district court "should evaluate the fairness of each minor plaintiffs' net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel - whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978)). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

Based upon the terms of the settlement, the facts of the case, and settlements in similar cases, it is respectfully submitted that the total settlement, costs incurred, and fees incurred are fair and reasonable under the circumstances.

In conclusion, it is respectfully requested that the Court order as follows:

1. The minor's settlement, as described above, is approved.

2. Counsel's fees and costs, as described above, are approved.

3. ▮▮▮▮▮ from the settlement amount shall be deposited by the Guardian Ad Litem into an interest-bearing federally insured blocked account belonging to minor A.A. No withdrawal of principal or

1  interest shall be made from the blocked account without a written order from the Court until the minor

2  reaches the age of 18 years.

3      4.      ▮▮▮▮▮ of the minor's remaining net settlement funds shall be placed in a qualified

4  structured settlement annuity in which the minor will receive when the minor turns 25 years old. The most

5  recently obtained proposal is attached in **Exhibit 3**.

6      5.      Once sixty days have passed to allow for any unanticipated late submitted costs, the balance

7  of the funds being held pending will be placed in the minor's blocked account detailed in #3 above.

8      6.      A Hearing shall be scheduled to address (1) whether the minor's proceeds have been placed

9  in the blocked account as ordered, (2) whether the minor's proceeds have been placed in the structured

10 settlement as ordered, and (3) whether the balance of the funds being held pending have been placed in

11 the blocked account as ordered. If proof is submitted that all matters have been addressed and resolved

12 before the Hearing, the Court may cancel the Hearing. A Motion for Hearing on the Amended Uncontested

13 Petition for Minor's Compromise is being filed concurrently with this Petition.

Dated: March 3, 2021

                                        Respectfully Submitted,

                                        */s/ David J. Diamond*
                                        David J. Diamond (AZ: 010842)
                                        **GOLDBERG & OSBORNE LLP**
                                        698 E. Wetmore Road, Suite 200
                                        Tucson, AZ 85705
                                        Tel: (520) 620-3975
                                        Fax: (520) 620-3991
                                        ddiamond@goldbergandosborne.com
                                        *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, David J. Diamond, hereby certify that on March 3, 2021, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

                                           */s/ David J. Diamond*
                                           David J. Diamond