UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This Document relates to:<br><br>*ALL Cases* | MDL Docket No. 2741<br><br>Case No.3:16-MD-2741-VC |

## NOTICE OF JOINDER AND JOINDER IN OPPOSITION TO AMEND PRE-TRIAL ORDER 12: COMMON BENEFIT FUND ORDER TO ESTABLISH A HOLDBACK PERCENTAGE FILED BY MOTHERWAY & NAPLETON, LLP

Motherway & Napleton, LLP, hereby joins in and adopts the following Oppositions and Objections to the Motion to Amend Pre-Trial Order 12: Common Benefit Fund Order to Establish a Holdback Percentage (Dkt. No. 12394):

- Romanucci & Blandin, LLC, filed at Dkt. No. 12655
- Daniel C. Burke, filed at Dkt. No. 12532
- Karen Barth Menzies, et al., filed at Dkt. No. 12530
- Arati C. Fuentes, et al. field at Dkt. No. 12527
- Madeleine Brumley, filed at Dkt. No. 12539
- David Diamond, filed at Dkt. No. 12543

The arguments raised and facts asserted in the above-referenced oppositions and objections reflect the overall experience of the undersigned counsel in his representation of clients in this MDL and in state court proceedings in cases involving Roundup exposure. Those arguments and facts are incorporated herein in their entirety, as well as the prayers for relief set forth in each.

Motherway & Napleton, LLP., only briefly notes their specific position, which most closely reflects those 'Category 3 Objectors" referenced in Dkt. No. 12530 – those Objectors representing Plaintiffs whose Roundup cases are filed in a variety of state and federal courts, including this MDL who (i) executed a Participation Agreement and/or (ii) were improvidently removed to federal court.

The undersigned never executed a Participation Agreement with the MDL PEC for purposes of receiving ancillary support in the form of common benefit documents and access to the MDL PEC repository. The undersigned never received or was provided with any documents or ancillary support from the PEC. To date, no "common benefit" has been gained for any of the undersigned's cases.

The undersigned has been left to his own devices and has worked all of his cases up without MDL PEC's assistance. In that time, the undersigned has successfully had one improvidently removed case Cichy remanded back to state court Dkt. No. 7844, PTO 191, and has another motion to remand on the Rawson case fully briefed and awaiting ruling 19-cv-08312-VC Dkt. No. 27. In addition, the undersigned is currently involved in direct settlement negotiation regarding all of counsels pending claims that vast majority of which are pending in the Circuit Court of Cook County.

Simply put, all of the undersigned's case have been worked up, and will likely be resolved in the near future without any assistance from or benefit gleaned from the MDL PEC. All of the work done on the undersigned's cases, from pre-suit to the present, was accomplished by the undersigned and his colleagues alone. It would be against all fairness and equity that the MDL PEC be allowed to withhold any funds from the cases handled by the undersigned, or any cases they did not assist on and did not contribute any benefit to.

The undersigned respectfully requests that this Honorable Court deny the motion to modify PTO 12, or at the very least specify that no case handled by the Motherway & Napleton firm shall be subject to a holdback.

Respectfully submitted,

Dated: March 03, 2021

/s/ David J. Gallagher
*Attorney for Plaintiff*

DAVID J. GALLAGHER
**MOTHERWAY & NAPLETON, LLP**
140 S. Dearborn, Suite 1500
Chicago, IL 60603
(312) 726-2699
Attorney No: 56421
dgallagher@mnlawoffice.com