# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741 |
| | Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: | |
| *Ramirez, et al. v. Monsanto Co.*, Case No. 3:19-cv-02224 | |

**<u>AMENDMENT TO CLASS ACTION SETTLEMENT AGREEMENT</u>**

Dated:       March 3, 2021

***ROBERT RAMIREZ, ET AL. v. MONSANTO COMPANY*,
CASE NO. 3:16-MD-02741-VC & 3:19-CV-02224-VC;
AMENDMENT TO CLASS ACTION SETTLEMENT AGREEMENT
AS OF MARCH 3, 2021**
(subject to Court approval)

This AMENDMENT TO THE SETTLEMENT AGREEMENT (the "Amendment"), dated as of March 3, 2021 (the "Amendment Date"), is made and entered into by and among defendant Monsanto Company (the "Defendant"), by and through its attorneys, and the Class Representatives and Subclass Representatives, individually and on behalf of the Settlement Class and Subclasses, by and through Class Counsel and Subclass Counsel.

## RECITALS

WHEREAS, the Parties are parties to the Settlement Agreement, dated February 3, 2021, and filed with the Court along with the Preliminary Approval Motion;

WHEREAS, the Parties have concluded that certain amendments to the Settlement Agreement are desirable;

WHEREAS, after careful consideration, the Class Representatives and Subclass Representatives, and their respective counsel, have concluded that it is in the best interests of the Class Representatives and Subclass Representatives and the Settlement Class and Subclasses to enter into the Amendment;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

Section 1.1   <u>Certain Terms</u>.   Capitalized terms used but not defined in the Amendment shall have the meanings ascribed to such terms in the Settlement Agreement. The first two paragraphs of Section 2.1 of the Settlement Agreement shall also apply to the meaning of terms used in the Amendment.

Section 1.2   <u>Amendments</u>.   The Settlement Agreement is hereby amended as follows:

(a)   The reference to "30 days" in Section 6.2(a)(i) of the Settlement Agreement is hereby amended to say "40 days". In Exhibit 12 of the Settlement Agreement, the reference to "30 days" in the date column for the event "Accelerated Payment Award applications open" is hereby amended to say "40 days".

(b)   The references to "Extraordinary Circumstances" in Section 6.2(a)(ii)(1), Section 7.10(a)(ii)(1), Section 7.10(a)(ii)(2), and Part 3(e) of Exhibit 5 are hereby amended to provide that the Claims Program may in appropriate cases exceed the high pay amount in whatever Tier is applicable to the Settlement Class Member at issue, not just the $200,000 high

pay amount applicable to Settlement Class Members in Tier 4. The final sentence of Section 6.2(a)(ii)(1) is hereby amended to state that "The total combined dollar amount of the portion of all payments made to all Settlement Class Members above the high pay amount in the applicable Tier shall not exceed U.S. $50,000,000 during the Initial Settlement Period: *e.g.*, if a Settlement Class Member in Tier 4 is awarded a Claims Program Award of U.S. $250,000, U.S. $50,000 of that Claims Program Award will count toward this U.S. $50,000,000 cap." All other matters relating to Extraordinary Circumstances remain unchanged.

(c) A new Section 12.6(d) is hereby added to the Settlement Agreement stating as follows:

"(d) Authorized Testimony. Following the date on which the Science Panel announces the Science Panel Determination, the Defendant and the Settlement Class Members shall be permitted to take the trial testimony of each member of the Science Panel by means of a videotaped deposition, which shall be transcribed stenographically by a court reporter, at which the Court will preside (an "Authorized Deposition"). The Authorized Depositions will be conducted as follows:

(i) There will be only one Authorized Deposition for each Science Panel member lasting no longer than seven hours, unless the Court orders otherwise at the time for good cause shown up to an additional seven hours for each Authorized Deposition. The Court shall determine the allocation of the time for the Authorized Deposition among the Settlement Class Members and the Defendant. At an Authorized Deposition, any time not used by the party to whom the time was originally allocated shall be available to the other party.

(ii) The Court shall appoint a lead examiner for the Settlement Class Members ("Lead Deposition Counsel") responsible for examining the Science Panel members on behalf of the Settlement Class Members at the Authorized Depositions. The Lead Deposition Counsel shall be a lawyer with substantial experience representing individuals with Roundup Claims and otherwise litigating mass tort claims. Lead Deposition Counsel shall consult with Class Counsel and the Plaintiffs' Executive Committee for MDL No. 2471 regarding the Authorized Depositions, to the extent such counsel wish to be consulted. The Court will determine whether any counsel in addition to the Lead Deposition Counsel shall be permitted to conduct any part of the examination of a Science Panel member on behalf of any Settlement Class Member at an Authorized Deposition, provided that allowing additional counsel to conduct part of the examination shall not affect the total time allocated to Settlement Class Members under Section 12.6(d)(i).

(iii) The Authorized Depositions shall be limited to matters relevant to the Science Panel Determination.

(iv) The Court shall oversee the Authorized Depositions and conduct the proceedings in accordance with procedures applicable at trial. The Court shall establish procedures to manage the conduct of the Authorized Depositions as it deems necessary, provided that such procedures are consistent with this Section 12.6(d) and all other

provisions of the Settlement Agreement, and provided further that the Court shall not order any other discovery of the Science Panel members, including document discovery."

(d)   A new Section 12.3(d)(iii) is hereby added to the Settlement Agreement stating as follows: "The Monsanto Parties and the Settlement Class Member Parties may introduce into evidence the Authorized Depositions of the Science Panel members described in Section 12.6(d) (or any portions thereof) in any and all Roundup Lawsuits and with respect to any and all Roundup Claims between one or more Settlement Class Member Parties and any of the Monsanto Parties, but only if the Science Panel Determination and the Science Panel Stipulation are also being introduced into evidence in such proceedings."

(e)   Section 12.3(d)(iii) of the Settlement Agreement, which shall be renumbered as Section 12.3(d)(iv) of the Settlement Agreement as set forth in Section 1.2(g)(i) below, shall be amended to state as follows: "In any and all Roundup Lawsuits and with respect to any and all Roundup Claims between one or more Settlement Class Member Parties and any of the Monsanto Parties, the Parties agree that the court or other tribunal shall (1) permit the full and fair introduction of the Science Panel Determination as evidence, (2) permit full and fair admission of the Science Panel Stipulation, including by permitting references to it and reading it or submitting it in writing to the jury (as the court or tribunal deems appropriate), (3) permit the full and fair admission of the Authorized Depositions (or any portions thereof) in any proceeding where the Science Panel Determination and the Science Panel Stipulation are being introduced into evidence, and (4) not instruct or otherwise tell the jury it is not bound by any of the stipulated facts in the Science Panel Stipulation. The Parties agree that the Court shall have jurisdiction to oversee the requirements contained in this Section 12.3(d)(iv) and to issue binding orders as necessary to implement or enforce them, and consent to personal jurisdiction in the Court with respect to such matters."

(f)   A new Section 12.3(e)(iii) is hereby added to the Settlement Agreement stating as follows: "In any proceeding in which a Related Party introduces the Science Panel Determination as evidence pursuant to Section 12.3(e)(i), such Related Party and the Settlement Class Member Parties may introduce into evidence the Authorized Depositions of the Science Panel members described in Section 12.6(d) (or any portions thereof), but only if the Science Panel Stipulation is also being introduced into evidence in such proceedings."

(g)   The following conforming changes shall be made to the Settlement Agreement arising out of the additional provisions added pursuant to the amendments set forth in Section 1.2(c)-(f) above:

(i)   The current Section 12.3(d)(iii), Section 12.3(d)(iv), and Section 12.3(d)(v) of the Settlement Agreement are hereby renumbered as Section 12.3(d)(iv), Section 12.3(d)(v), and Section 12.3(d)(vi) of the Settlement Agreement, respectively, to accommodate the new Section 12.3(d)(iii).

(ii)   The current Section 12.3(e)(iii) and Section 12.3(e)(iv) of the Settlement Agreement are hereby renumbered as Section 12.3(e)(iv) and Section 12.3(e)(v) of the Settlement Agreement, respectively, to accommodate the new Section 12.3(e)(iii).

     (iii) The reference to "12.3(d)(iii), Section 12.3(d)(iv), and Section 12.3(d)(v)" in Section 12.3(e)(iii) of the Settlement Agreement (which shall be renumbered as Section 12.3(e)(iv) of the Settlement Agreement as set forth in Section 1.2(g)(ii) above) is hereby amended to say "12.3(d)(iv), Section 12.3(d)(v), and Section 12.3(d)(vi)".

     (iv) The reference to "Section 12.5(d)" in Section 12.6(a)(vi) of the Settlement Agreement is hereby amended to say "Section 12.5(d) and Section 12.6(d)".

     (v) The reference to "Section 12.5(d)" in the second to last sentence of Section 12.6(a) of the Settlement Agreement is hereby amended to say "Section 12.5(d) and Section 12.6(d)".

     (vi) The reference to "Section 12.5(d)" in Section 12.6(b) of the Settlement Agreement is hereby amended to say "Section 12.5(d) and Section 12.6(d)".

     (vii) The reference to "Section 12.5(d)" in Section 12.6(c) of the Settlement Agreement is hereby amended to say "Section 12.5(d) and Section 12.6(d)".

     (viii) The reference to "Section 12.5(d)" in Section 12.7(a) of the Settlement Agreement is hereby amended to say "Section 12.5(d) and Section 12.6(d)".

     (ix) The reference to "Section 12.5(d)" in Section 12.7(b)(ii) of the Settlement Agreement is hereby amended to say "Section 12.5(d) and Section 12.6(d)".

     (x) The reference to "Section 12.5(d)" in Section 12.7(b)(iv) of the Settlement Agreement is hereby amended to say "Section 12.5(d) and Section 12.6(d)".

     (xi) The reference to "Section 12.5(d)" in Section 12.7(b)(v) of the Settlement Agreement is hereby amended to say "Section 12.5(d) and Section 12.6(d)".

     (xii) The references to "Section 12.3(d)(iii) and Section 12.3(e)(iii)" in Section 29.1 of the Settlement Agreement are hereby amended to say "Section 12.3(d)(iv) and Section 12.3(e)(iv)".

     (xiii) The Index of Defined Terms is hereby amended to include, where appropriate alphabetically, a reference to "Authorized Deposition……Section 12.6(d)" and a reference to "Lead Deposition Counsel……Section 12.6(d)(ii)".

     (xiv) The references to "Section 12.5(d)" in Paragraphs 20, 21, and 22 of Exhibit 11 of the Settlement Agreement are hereby amended to say "Section 12.5(d) and Section 12.6(d)".

     (xv) The references to "Section 12.3(d)(iii) and Section 12.3(e)(iii)" in Paragraph 25 of Exhibit 11 of the Settlement Agreement are hereby amended to say "Section 12.3(d)(iv) and Section 12.3(e)(iv)".

  (h) Section 30.11 is hereby amended to state as follows:

"Section 30.11.  Certain Actions.

(a) Notwithstanding anything to the contrary in the Settlement Agreement, all provisions of the Settlement Agreement and the Final Order and Judgment shall not apply to the continued prosecution of the following actions (and only such specific actions), but only so long as there is no expansion of the type of relief currently sought: *Tomlinson v. Monsanto Co.*, No. 1916-CV22788 (Jackson County, MO Cir. Ct.), including any amendments to these actions to which Monsanto consents.

(b) Notwithstanding anything else to the contrary in the Settlement Agreement, the stay under Section 18.2(b)(i) and the associated provisions of Section 17.4(b), Section 21.6, Section 21.7 and Section 21.10 regarding compliance with that stay shall not apply to the continued prosecution of the following actions (and only such specific actions), but only so long as there is no expansion of the type of relief currently sought: *Gilmore v. Monsanto Company*, No. 1:20-cv-01085-UNA (D. Del.); *Ezcurra v. Monsanto Company*, No. 20-13341 (11th Cir.); *Weeks v. Home Depot USA, Inc.*, No. 21-55027 (9th Cir.); *Taylor v. Costco Wholesale Corp.*, No. 2:20-cv-00655-KJM-DMC (E.D. Cal.); *Williams v. Lowe's Home Centers, LLC*, No. 5:20-cv-01356-JGB-KK (C.D. Cal.); *Lamerson v. Walmart Stores, Inc.*, No. 50-2019-CC-009139-XXXX-MB (Palm Beach Cty. Fla. Cir. Ct.); *Shelly v. Target Corp.*, 50-2019-CC-010718-XXXX-MB (Palm Beach Cty. Fla. Cir. Ct.); *Biddle v. Lowe's Home Centers LLC*, No. 50-2019-CC-011405-XXXX-MB (Palm Beach Cty. Fla. Cir. Ct.); *Morley v. Ace Hardware Corp.*, No. CONO19010648 (Broward Cty. Fla. Cir. Ct); and *Jones v. Monsanto Company*, No. 4:19-cv-00102-BP (W.D. Mo.), including any amendments to these actions to which Monsanto consents."

Section 1.3   References to Settlement Agreement.   All references to the Settlement Agreement shall, after the Amendment Date, refer to the Settlement Agreement as amended hereby.

Section 1.4   No Other Amendments.  Except for the amendments specified in Section 1.2 of the Amendment, the Amendment shall not be deemed to effect any amendment, modification, or waiver of any provision of the Settlement Agreement.

Section 1.5   Authority.  Class Counsel represents and warrants as of the Amendment Date that they have authority to enter into the Amendment on behalf of the Class Representatives and Subclass Representatives.  Each of the Class Representatives and Subclass Representatives, through a duly authorized representative, represents and warrants that he or she has authorized Class Counsel to execute the Amendment on his or her behalf.  The Defendant represents and warrants as of the Amendment Date that it has authorized Counsel for the Defendant to execute the Amendment on its behalf.

Section 1.6   Execution in Counterparts.  The Amendment may be executed in counterparts, and a PDF or other electronic image of an actual signature will be deemed an original signature for purposes of the Amendment.

[*Remainder of page intentionally left blank.*]

Agreed to as of this 3rd day of March, 2021.

**COUNSEL FOR THE DEFENDANT:**

By: _/s/ Jeffrey M. Wintner_
Jeffrey M. Wintner
Carrie M. Reilly
WACHTELL, LIPTON, ROSEN & KATZ

By: _/s/ William Hoffman_
William Hoffman
David J. Weiner
ARNOLD & PORTER KAYE SCHOLER LLP

**CLASS COUNSEL:**

By: _____
Elizabeth J. Cabraser
Robert L. Lieff
Steven E. Fineman
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: _____
Samuel Issacharoff

By: _____
James R. Dugan, II
DUGAN LAW FIRM, APLC

**CLASS/SUBCLASS 1 COUNSEL:**

**CLASS/SUBCLASS 2 COUNSEL:**

By: _____
William M. Audet
AUDET & PARTNERS, LLP

By: _____
TerriAnne Benedetto
DUGAN LAW FIRM, APLC

[*Signature Page to Amendment*]

Agreed to as of this 3rd day of March, 2021.

**COUNSEL FOR THE DEFENDANT:**

By: _____
Jeffrey M. Wintner
Carrie M. Reilly
WACHTELL, LIPTON, ROSEN & KATZ

By: _____
William Hoffman
David J. Weiner
ARNOLD & PORTER KAYE SCHOLER LLP

**CLASS COUNSEL:**

By: _*/s/ Elizabeth J. Cabraser*_____
Elizabeth J. Cabraser
Robert L. Lieff
Steven E. Fineman
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: _*/s/ Samuel Issacharoff (per EJC)*_
Samuel Issacharoff

By: _*/s/ James R. Dugan, II (per EJC)*_
James R. Dugan, II
DUGAN LAW FIRM, APLC

**CLASS/SUBCLASS 1 COUNSEL:**

By: _*/s/ William M. Audet (per EJC)*_
William M. Audet
AUDET & PARTNERS, LLP

**CLASS/SUBCLASS 2 COUNSEL:**

By: _*/s/ TerriAnne Benedetto (per EJC)*_
TerriAnne Benedetto
DUGAN LAW FIRM, APLC

[*Signature Page to Amendment*]

By: *Elizabeth Fegan* (per cq)
　　　Elizabeth Fegan
　　　FEGANSCOTT LLC

*[Signature Page to Amendment]*