Rhon E. Jones (JON093)
rhon.jones@beasleyallen.com
William R. Sutton (SUT013)
william.sutton@beasleyallen.com
Danielle Ingram (ING038)
danielle.ingram@beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN,**
 **PORTIS AND MILES, P.C.**
Post Office Box 4160
218 Commerce Street
Montgomery, Alabama  36103
Phone: (334) 269-2343
Fax:(334) 954-7555

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: | **OBJECTIONS AND OPPOSITION TO MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT, APPOINTMENT OF INTERIM CLASS AND SUBCLASS COUNSEL, DIRECTION OF NOTICE UNDER FED. R. CIV. P. 23(e), SCHEDULING OF A FAIRNESS HEARING, AND STAY OF THE FILING AND PROSECUTION OF ROUNDUP-RELATED ACTIONS BY SETTLEMENT CLASS MEMBERS** |

On behalf of the individuals represented by undersigned who have been exposed to Roundup in the United States before February 3, 2021, and who have not yet filed suit, the undersigned counsel hereby object to and oppose the Motion for Preliminary Approval of Proposed

Class Settlement, Appointment of Interim Class and Subclass Counsel, Direction of Notice Under Fed. R. Civ. P. 23(e), Scheduling of a Fairness Hearing, and Stay of Filing and Prosecution of Roundup-related Actions by Settlement Class Members.

This Court's skepticism about the "propriety and fairness" of a proposed settlement is still warranted today just as much as it was in July of last year.[1] In PTO 214, this Court asked the parties to modify a "Plan B" to avoid the initial pitfalls of "Plan A."[2] However, the proposed "Plan B" again falls short of the requirements of the Due Process Clause and Rule 23 in several aspects.[3]

First, the notice plan is inadequate because it will not reach many of the individuals who have been exposed to Roundup. But even if it were possible, it would still be unlawful. Under the proposed settlement, if class members fail to exclude themselves by the 150-day deadline, they are stuck with the settlement. This is not the "meaningful chance to consider their options" that this Court considered essential when it expressed grave concerns about the prior version of this settlement. The Supreme Court expressed serious reservations about "whether class action notice sufficient under the Constitution and Rule 23 could ever be given to legions so unselfconscious and amorphous" as exposure-only plaintiffs. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 628 (1997) (emphasis added). To satisfy due process, "notice must be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Rule 23 similarly requires "the best notice practicable under the circumstances," which as a baseline matter "include[es] individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128–29 (9th Cir. 2017). Currently, it is not possible to identify the group of

---

[1] MDL Doc. 11182, at 3.
[2] *Id*. at 4.
[3] MANUAL FOR COMPLEX LITIGATION (4th ed. 2004) §21.61 ("To determine whether a proposed settlement is fair, reasonable, and adequate, the court must examine whether the interests of the class are better served by settlement than by further litigation").

persons to deliver the notices to and most individuals have not manifested any injury, so they have little incentive to consume the information needed to make an informed decision.

Second, the compensation program is not reasonable and fair to the *to the members of the class*. The repackaged deal contemplates fairness and adequacy concerns only from defendant's perspective—not for class members, as Rule 23(e) requires.[4] Class members will lose their right to seek punitive damages and be stuck with the results of a potentially biased science panel in exchange for a limited range of compensation assuming they can meet the rigorous "proof" requirements set out in the settlement program. To make matters worse, Monsanto is given the ability to appeal rulings in favor of class members despite the Settlement Agreement having fixed amounts that it will pay. Settlement Agreement, § 7.11, Dkt. 12531-2, p. 43 of 266. These facts combined with a critical lack of information necessary to allow putative class members to evaluate their options, demonstrate that the motion and proposed settlement are not reasonable and fair to the to the members of the class.

Third, the settlement plan will require a four year stay to allow a science panel to determine whether Roundup causes NHL. This will be a four-year period before class members who do not opt out can sue. Given the nature of the injuries in this litigation, many will die from NHL before they can sue. What happens to those who lose damages for pain and suffering upon their death?[5] On the other hand, Monsanto will receive the benefits of having no litigation costs for four years. More than anything, this is an unnecessary and unreasonable check on litigation.

Finally, the proposal of an advisory science panel—a new version of the previously rejected settlement—still contains many suspect features, such as: a completely hidden scientific process, exclusion of researchers having done prior examination finding glyphosate to be

---

[4] *See* FED. RULE CIV. PRO. 23(e)(2)(C)(2) ("the effectiveness of any proposed method of distributing relief to the class"); FED. RULE CIV. PRO. 23(e)(2)(D) ("the proposal treats class members equitably relative to each other"); see also, MANUAL FOR COMPLEX LITIGATION (4th ed. 2004) §21.61 ("To determine whether a proposed settlement is fair, reasonable, and adequate, the court must examine whether the interests of the class are better served by settlement than by further litigation").

[5] Cal. Civ. Proc. Code § 377.34 ("In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death. . . and do not include damages for pain, suffering, or disfigurement.").

dangerous, and its findings subject to no cross-examination and ultimately admissible as evidence. The Settlement Agreement broadly mandates that the science panel candidates "shall not have expressed a view regarding any question the Science Panel is to address" and "must submit sworn affidavits to the Settlement Administrator . . . attesting to their satisfaction of the requirements of this Settlement Agreement." Settlement Agreement, § 12.1(c) Dkt. 12531-2, p. 58 of 266.

The Settlement Agreement also unmistakably requires that the Science Panel and any authorized contractors "conduct their work in private." Settlement Agreement, § 12.6(a) Dkt. 12531-2. all documents and information of the Science Panel related to the Scientific Analysis must be "held in conformity with strict confidence." *Id*. Moreover, class members are barred from seeking discovery or disclosure from the Science Panel, any Science Panel member, any of the Science Panel's authorized contractors, or any other person to whom a disclosure was made pursuant to Section 12.6(a)(iv) of the Settlement Agreement. *Id*. at § 12.6(b).

The Settlement Agreement also limits the scientific evidence that can be considered. Settlement Agreement, § 12.2(d) Dkt. 12531-2, p. 60 of 266. Overall, the science panel's conclusions will be admissible by either side as stipulated facts in any future lawsuit that class members might bring if they choose to reject Monsanto's compensation offer or if they are diagnosed with NHL after Monsanto discontinues the compensation fund, which it can do as soon as approximately four years after final approval of the proposed settlement. Settlement Agreement, § 13.1 – 13.7 Dkt. 12531-2, p. 70-74 of 266. As laid out in the Settlement Agreement, the Science Panel is unconstitutional and unconscionable.

For the foregoing reasons, and those stated by other objectors in separate briefs, the Court should deny preliminary approve of the proposed settlement.

DATED: March 4, 2021

                        Respectfully submitted,

                        /s/Rhon E. Jones
                        Rhon E. Jones (JON093)
                        William R. Sutton (SUT013)
                        Danielle Ingram (ING038)
                        **BEASLEY, ALLEN, CROW,**

                                      **METHVIN, PORTIS & MILES, P.C.**
218 Commerce Street
Montgomery, AL 36104
Telephone: (334) 269-2343
Fax: (334) 954-7555
rhon.jones@beasleyallen.com
william.sutton@beasleyallen.com
danielle.ingram@beasleyallen.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of March, 2021, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern Division of California via the Court's CM//ECF Filing System, which shall send electronic notification to counsel of record.


/s/ Rhon E. Jones
Rhon E. Jones