Rebecca Smullin (CA Bar No. 250274)
Allison M. Zieve
Michael T. Kirkpatrick
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Counsel for amici curiae
Public Citizen and Public Citizen Foundation

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL NO. 2741 ) ) Case No. 3:16-md-02741-VC ) |
| THIS DOCUMENT RELATES TO<br><br>*Ramirez, et al. v. Monsanto Co.*, Case No. 3:19-cv-02224 | ) **REQUEST OF PUBLIC CITIZEN AND** ) **PUBLIC CITIZEN FOUNDATION** ) **FOR LEAVE TO FILE AMICUS CURIAE** ) **MEMORANDUM IN OPPOSITION TO** ) **MOTION FOR PRELIMINARY APPROVAL** ) **OF PROPOSED CLASS SETTLEMENT,** ) **APPOINTMENT OF INTERIM CLASS AND** **SUBCLASS COUNSEL, AND DIRECTION** **OF NOTICE** |

Request of Public Citizen for Leave to File Amicus Curiae
Memorandum in Opposition to Motion for Preliminary Approval
MDL No. 2741, Case No. 3:16-MD-02741

Pursuant to Pretrial Order No. 228, Public Citizen and Public Citizen Foundation (collectively, Public Citizen) request that the Court consider the attached amicus curiae memorandum in opposition to the motion for preliminary approval of proposed class settlement, appointment of interim class and subclass counsel, and direction of notice (ECF No. 12531), and allow them to participate in oral argument on the motion.

Public Citizen is a non-profit consumer advocacy organization with members and supporters nationwide. Public Citizen likely has members in the proposed settlement class. Public Citizen itself, however, is not a member of the proposed settlement class, and neither Public Citizen nor any of its attorneys represents any class member at this time.

Public Citizen believes that class actions are an important tool for seeking justice where a defendant's wrongful conduct has harmed many people and resulted in injuries that are large in the aggregate but may not be cost-effective to redress individually. Class actions, and class settlements, often offer the best means for both individual redress and deterrence of wrongful conduct, while also serving defendants' interests in achieving binding resolution of claims on a broad basis, consistent with due process. In such cases, the interests of both named and absent class members, defendants, the judiciary, and the public at large are best served by adherence to the principles incorporated in Federal Rule of Civil Procedure 23 and due process. Accordingly, Public Citizen has in some cases supported class actions, *see, e.g.*, *Wal-Mart Stores v. Dukes*, 564 U.S. 338 (2011); *Cherry v. Dometic Corp.*, 986 F.3d 1296 (11th Cir. 2021); *Vogt v. State Farm Life Ins. Co.*, 963 F.3d 753 (8th Cir. 2020), and in others represented class members objecting to proposed settlements entered into in violation of their Rule 23 and due process rights, *see, e.g.*, *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997); *Day v. Persels & Assocs.*, LLC, 729 F.3d

-1-

Request of Public Citizen for Leave to File Amicus Curiae
Memorandum in Opposition to Motion for Preliminary Approval
MDL No. 2741, Case No. 3:16-MD-02741

1309 (11th Cir. 2013); *In re Katrina Canal Breaches Litig.*, 628 F.3d 185 (5th Cir. 2010); *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768 (3d Cir. 1995).

As discussed in its amicus memorandum, Public Citizen is concerned that the proposed settlement in this case would strip the subclass 2 members of valuable rights, without a meaningful opportunity to make an informed choice regarding the exercise of their opt-out rights. Focusing on "futures" and derivative claimants, the memorandum also explains that the proposed class does not satisfy Rule 23's adequacy-of-representation and superiority requirements. In addition, the memorandum addresses the significant risk posed, primarily to subclass 1 members, by the proposed "accelerated" awards—risks that must be addressed *before* the Court allows any notice to be sent. Public Citizen believes its views may be helpful to this Court in determining whether to grant the motion for preliminary approval, appointment of class counsel, and direction of notice.

## CONCLUSION

For the foregoing reasons, the Court should consider the attached amicus curiae memorandum and allow Public Citizen to participate in oral argument on the motion for preliminary approval of proposed class settlement, appointment of counsel, and direction of notice.

Dated: March 4, 2021                    Respectfully submitted,

   /s/ Rebecca Smullin
Rebecca Smullin (CA Bar No. 250274)
Allison M. Zieve
Michael T. Kirkpatrick
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
202-588-1000

Counsel for Public Citizen and
Public Citizen Foundation

-2-

Request of Public Citizen for Leave to File Amicus Curiae
Memorandum in Opposition to Motion for Preliminary Approval
MDL No. 2741, Case No. 3:16-MD-02741

## CERTIFICATE OF SERVICE

I hereby certify that, on March 4, 2021, service of this document was accomplished pursuant to the Court's electronic filing procedures by filing this document through the ECF system.

    /s/ Rebecca Smullin
Rebecca Smullin

-3-

Request of Public Citizen for Leave to File Amicus Curiae
Memorandum in Opposition to Motion for Preliminary Approval
MDL No. 2741, Case No. 3:16-MD-02741