John L. Ackley
SHOOK, HARDY & BACON L.L.P.
Texas Bar No. 24108036
JPMorgan Chase Tower
600 Travis Street, Suite 3400
Houston, Texas 77002-2926
Telephone:  713-227-8008
Fax:  713-227-9508
jackley@shb.com

*Attorney for Defendant,*
MONSANTO COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Blair, et al. v. Monsanto Company*<br>Case No.  3:19-cv-07984-VC | |

## MONSANTO'S MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO APPEAR AT DEPOSITIONS

Following the Court's December 2020 order establishing Wave III in the MDL Roundup litigation, Defendant ("Monsanto") was tasked with deposing plaintiffs, spouses, and treating physician for over 80 plaintiffs by June 15, 2021.  Plaintiffs Joseph and Tiara Blair have impeded this process and refused to cooperate.  Monsanto repeatedly requested availability for their depositions—four times from December 16, 2020 to January 28, 2021—but Plaintiffs never responded.  Because of this silence, Monsanto was forced to unilaterally notice their depositions for February 23, 2021.  In addition to the Notices of Deposition, Monsanto sent multiple emails informing Plaintiffs of this

deposition date. Again, silence. And at the time of their depositions, neither Plaintiffs nor their counsel appeared. Because Plaintiffs failed to appear for their depositions, and have done nothing but stonewall Monsanto's ability to conduct discovery in their cases, Monsanto respectfully requests the Court to dismiss their cases with prejudice.

## FACTUAL BACKGROUND

On December 9, 2020, this Court entered its Order governing the schedule for Wave III plaintiffs. (ECF No. 12197.) This order ends fact discovery on June 15, 2021. (*Id.*) Recognizing the expedited discovery schedule before it, Monsanto immediately began scheduling depositions for plaintiffs. On December 16, 2020, Monsanto requested available dates for Plaintiffs Joseph and Tiara Blair from their counsel. (Ex. A, Communications with Plaintiffs.) There was no response. On January 14, 2021, Monsanto again reached out to Plaintiffs' counsel for available deposition dates. (*Id.*) Again, no response. Monsanto reached out to no response two more times, on January 20 and January 28, but these times informing Plaintiffs that Monsanto would be forced to unilaterally notice the depositions unless Plaintiffs provided dates of availability. (*Id.*)

On January 29, 2021, Monsanto noticed the depositions of Plaintiffs for February 23, 2021. (Ex B., Notice of Deposition of Plaintiff Joseph Matthew Blair; Ex. C, Notice of Deposition of Plaintiff Tiara Smith Blair.) Despite reaching out to Plaintiffs four times and noticing their depositions, Monsanto continued to try and work with Plaintiffs to ensure they would be available for their depositions. On both February 13 and February 28, Monsanto e-mailed Plaintiffs' counsel to determine if Plaintiffs would be available for their depositions. (Ex. A.) Plaintiffs' silence continued.

Plaintiffs failed to attend their depositions noticed for February 23, 2021. The court reporter, videographer, and counsel for Monsanto attended the deposition and made a record of Plaintiffs' nonappearance. (Ex. D, Transcript.) Because of Plaintiffs complete non-cooperation with the Court's scheduling order—of which three of the seven months of the discovery period have already passed—Monsanto respectfully requests this Court dismiss Plaintiffs' lawsuit.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 37(b)(2), the Court may dismiss an action if a party "fails to obey an order to provide or permit discovery." *See also Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) (stating that under Rule 37(b)(2), "a district court has the option of, inter alia, "rendering a judgment by default against the disobedient party." (internal quotation marks omitted)). To warrant dismissal, "the sanctioned party's violations must be due to the willfulness, bad faith, or fault of the party." *Bedford v. City of Hayward*, No. 3:12-CV-00294-JCS, 2012 WL 6019914, at *2 (N.D. Cal. Dec. 3, 2012) (internal quotation marks omitted) (citing *Jorgensen v. Cassiday,* 320 F.3d 906, 912 (9th Cir. 2003)). When determining whether to dismiss a case under Rule 37(b)(2), courts look to five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).

**ARGUMENT**

A plaintiff's failure to attend their timely noticed deposition renders their case subject to dismissal under Rule 37(b)(2). *Zhi Yang Zhou v. David*, No. C09-6059 JSC, 2012 WL 1458180, at *1 (N.D. Cal. Apr. 26, 2012) ("Federal Rule of Civil Procedure 37 permits the court to impose sanctions—including dismissal on a party that fails to attend a properly noticed deposition."). In fact, courts routinely dismiss cases where a party willfully fails to cooperate and fails to attend to his or her deposition, especially in circumstances (like here) where no justification was provided by the plaintiff. *See, e.g.*, *Saravia v. Dynamex, Inc.*, No. C 14-05003 WHA, 2016 WL 5952700, at *4 (N.D. Cal. Sept. 30, 2016) (dismissing plaintiffs who failed to show up for their "timely noticed depositions" because they "offered no excuse for failing to appear"); *see also Hilton v. Pagani Worldwide LLC*, No. 19-CV-01848-VC (DMR), 2020 WL 2528935, at *4 (N.D. Cal. Apr. 16, 2020), (dismissing case under Rule 37(d)(2) where the plaintiff failed to appear at his deposition); *Clem v. Barneys New York,*

*Inc.*, No. C 11-3952 CW, 2012 WL 5834091, at *4 (N.D. Cal. Nov. 16, 2012) (same); *Gordon v. Cty. of Alameda*, No. CV-06-02997-SBA, 2007 WL 1750207, at *5 (N.D. Cal. June 15, 2007) (same).

Here, Plaintiffs have not only failed to appear for their timely-noticed depositions, but they have not responded to months of communications from Monsanto. There is no indication they will ever respond. Nearly half of the allotted discovery period for Wave III plaintiffs has already passed, and plaintiffs—such as Joseph and Tiara Blair—who are uncooperative and do not appear for their depositions after refusing to provide dates of availability are ripe for dismissal under Rule 37(d). Without *any* justification for their failure to attend their noticed depositions, Plaintiffs' conduct is willful and in bad faith. *See Gordon*, No. CV-06-02997-SBA, 2007 WL 1750207, at *3 (stating that the plaintiff "has demonstrated that she is wilfully refusing to cooperate by failing to attend her depositions without providing any excuse"). Notably, each of the factors for the Court to consider weigh heavily in favor of dismissal. *See Rio Properties, Inc.*, 284 F.3d at 1022 (9th Cir. 2002) (stating the relevant five factors are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions").

The first two factors weigh in favor of dismissal because permitting Plaintiffs to further frustrate discovery will only add to the Court's docket while also keeping alive a case that Plaintiffs' themselves have shown no interest in litigating. *See Clem*, No. C 11-3952 CW, 2012 WL 5834091, at *3 (holding the first to factors weigh in favor of dismissal where the plaintiff fails to show to her deposition: "Plaintiff's non-responsiveness threatens to further undermine the Court's scheduling order and delay these proceedings."). Third, the prejudice to Monsanto regarding non-cooperating plaintiffs who will not subject themselves to discovery is patent. *See Saravia*, No. C 14-05003 WHA, 2016 WL 5952700, at *4 (N.D. Cal. Sept. 30, 2016) (stating that the failure to appear for depositions prejudiced the defendant "by disrupting its preparation for trial and forcing it to bear costs for translators and court reporters as well as the hours of work spent preparing for depositions that never

occurred"). Separately, while public policy weighs in favor of resolving a case on its merits, Plaintiffs' "unwillingness to participate in discovery prevents the disposition of this case on its merits," and this factor weighs in favor of dismissal. *See Clem*, No. C 11-3952 CW, 2012 WL 5834091, at *3. Lastly, there is no availability of less drastic sanctions—Plaintiffs' unresponsiveness for three months negates any belief they will respond to any Court orders, dismissal is the only option. *See Hilton v. Pagani Worldwide LLC*, No. 19-CV-01848-VC (DMR), 2020 WL 2528935, at *4 (stating that "no lesser sanction [than dismissal] would be effective or appropriate given [Plaintiff]'s efforts to dodge his most fundamental discovery obligation by refusing to appear for his deposition").

## CONCLUSION

Because each of the relevant five factors weigh in favor of dismissal, Monsanto respectfully requests the Court dismiss Plaintiffs' lawsuit. Plaintiffs have refused to respond to months of communications, would not provide any dates of availability for their depositions, and failed to attend their depositions. This is *Plaintiffs'* lawsuit. Not Monsanto's. Their failure to further their case along by not cooperating in discovery renders dismissal appropriate.

Dated: March 10, 2021

                                        Respectfully submitted,

                                        SHOOK, HARDY & BACON L.L.P.

                                        By: */s/ John L. Ackley*
                                              John L. Ackley
                                              Texas Bar No. 24108036
                                              E-mail: jackley@shb.com
                                              600 Travis, Suite 3400
                                              Houston, Texas 77002-2926
                                              Telephone: 713-227-8008
                                              Fax: 713-227-9508

                                      **Attorney for Defendant,**
                                      ***MONSANTO COMPANY***

**CERTIFICATE OF SERVICE**

  I, John Ackley, hereby certify that on March 10, 2021, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

                */s/ John L. Ackley*
                John L. Ackley