# EXHIBIT 1

**From:** Jonathan O. Stottmann <JOS2@rawlingsandassociates.com>
**Sent:** Thursday, January 21, 2021 1:51 PM
**To:** David Diamond <ddiamond@goldbergandosborne.com>
**Subject:** RE: Alvarez-BCBS CA file 11-2137729

I confirm the agreement lined out below in your email

**Jonathan O. Stottmann**
Senior Mass Tort Analyst
JOS2@rawlingsandassociates.com
Phone: 502-814-2622 | Fax: 502-272-6042



1 Eden Parkway
La Grange, KY 40031


**From:** David Diamond
**Sent:** Thursday, January 21, 2021 1:19 PM
**To:** Jonathan O. Stottmann <JOS2@rawlingsandassociates.com>
**Cc:** Kathy Hampton <khampton@1800theeagle.com>
**Subject:** Re: Alvarez-BCBS CA file 11-2137729

Jonathan,

I'm emailing to confirm our agreement regarding the resolution of the Alvarez BX/BS subrogation claim. As discussed, the confidential Roundup settlement is being divided up 5 ways: the 4 statutory beneficiaries' wrongful death claims (Mr. Alvarez' 4 sons, one of whom is a minor requiring court approval of the settlement), and the survivorship claim. Under California law, the wrongful death claimants are not responsible for the Decedent's medical expenses. However, the proceeds from a survivorship claim can be used to resolve valid subrogation and lien claims.

As I understand our agreement, BX/BS will cap its subrogation claim at 20% of the amount allocated for the survivorship claim after costs and fees are deducted. For example, if the amount allocated for the survivorship claim is ▮▮▮▮▮, and fees and costs total ▮▮▮▮▮, BX/BS agrees that its reimbursement claim would be capped at ▮▮▮▮ (20% of ▮▮▮▮).

If I've misstated anything, please promptly let me know as the Court has asked that settlement related pleadings be submitted by Monday, 1/25/21. If the above is correct, please email me back confirming your agreement on behalf of BX/BS.

David J. Diamond
Sent from my iPad