**HOLLINGSWORTH**LLP
Joe G. Hollingsworth (*pro hac vice*)
Eric G. Lasker (*pro hac vice*)
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:   (202) 682-1639
Email:       jhollingsworth@hollingsworthllp.com
             elasker@hollingsworthllp.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Patrick Crabtree v. Monsanto Co.*, Case No. 3:21-cv-01661-VC | |

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint, except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent that a response is required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiff's Complaint.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in paragraph 7 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where plaintiff's injuries were sustained and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9.      In response to the allegation in the first sentence of paragraph 9, Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.  Monsanto denies the remaining allegations in paragraph 9.

10.     The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

11.     Monsanto admits the allegations in the first sentence of paragraph 11.  The remaining allegations in paragraph 11 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

12.     The allegations in paragraph 12 comprise attorney characterizations and are accordingly denied.

13.     In response to the allegations in paragraph 13, Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate and that Monsanto has

manufactured Roundup®-branded products that have glyphosate as the active ingredient, but notes that Monsanto has not been the only manufacturer of glyphosate-based herbicides.

14.     In response to the allegations in paragraph 14, Monsanto admits that it has advertised and sold Roundup®-branded products in Texas.

15.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.

16.     The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     The allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     Monsanto admits the allegations in paragraph 18.

19.     Monsanto admits that it is authorized to do business in Texas.  The remaining allegations in paragraph 19 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

20.     The allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto denies the allegations in paragraph 21.

22.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products.  The remaining allegations in paragraph 22 set forth conclusions of law for which no response is required.

23.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 23 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

24.     Monsanto admits the allegations in paragraph 24.

1    25.    Monsanto admits the allegations in paragraph 25.

2    26.    In response to the allegations in paragraph 26, Monsanto admits that glyphosate is

3    an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in

4    paragraph 26 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

5    to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies

6    those allegations.

7    27.    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase.

8    The remaining allegations in paragraph 27 comprise attorney characterizations and are

9    accordingly denied.

10    28.    Monsanto admits the allegations in paragraph 28.

11    29.    Monsanto generally admits the allegations in paragraph 29, but denies the

12    allegations in paragraph 29 to the extent that they suggest that glyphosate is present in any plants

13    at anything other than *de minimis* amounts well within regulatory safety levels, as determined by

14    the United States Environmental Protection Agency ("EPA").

15    30.    Monsanto lacks information or knowledge sufficient to form a belief as to the

16    truth of the allegations in paragraph 30 and therefore denies those allegations.

17    31.    Monsanto admits that it has been the leading producer of seeds that contain the

18    Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve

19    a farmer's ability to control weeds.  Monsanto lacks information or knowledge sufficient to form

20    a belief as to the accuracy of the specific numbers and statistics provided in the remaining

21    sentences of paragraph 31 and therefore denies those allegations.  Monsanto denies the

22    remaining allegations in paragraph 31.

23    32.    Monsanto admits the allegations in paragraph 32.

24    33.    Monsanto admits that Roundup®-branded products have been used by farmers for

25    approximately 40 years.  Monsanto denies that Roundup®-branded products have carcinogenic

26    properties and denies the remaining allegations in paragraph 33.

27

28

34.     The allegations in paragraph 34 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 34.

35.     In response to the allegations in paragraph 35, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 35 set forth conclusions of law for which no response is required.

36.     The allegations in paragraph 36 set forth conclusions of law for which no response is required.

37.     In response to the allegations in paragraph 37, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution in the United States and are registered by the State of Texas for sale and distribution.

38.     In response to the allegations in paragraph 38, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 38 is vague and ambiguous, and Monsanto therefore denies the same.  The remaining allegations in paragraph 38 set forth conclusions of law for which no answer is required.

39.     Monsanto denies the allegations in paragraph 39 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 regarding such pesticide products generally and therefore denies those allegations.  The remaining allegations in paragraph 39 set forth conclusions of law for which no response is required.

1       40.     In response to the allegations in paragraph 40, Monsanto admits that EPA has

2  undertaken a regulatory review of glyphosate and further admits that EPA has not released its

3  findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

4  Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

5  concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

6  humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

7  posted an October 2015 final report by its standing Cancer Assessment Review Committee

8  ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

9  to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP

10  issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated

11  the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

12  humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth

13  of the remaining allegations in paragraph 40 and therefore denies those allegations.

14       41.     In response to the allegations in paragraph 41, Monsanto admits that the New

15  York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading

16  advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any

17  admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney

18  General's allegations related in any way to a purported or alleged risk of cancer.  To the extent

19  the subparts purport to quote a document, the document speaks for itself and thus does not

20

21

---

22  [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

24  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

27  [3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

28

require any further answer.  The remaining allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

42.    In response to the allegations in paragraph 42, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 42 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

43.    Monsanto denies the allegations in paragraph 43.

44.    In response to the allegations in paragraph 44, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 44 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer.  Monsanto denies the remaining allegations in paragraph 44.

45.    Monsanto denies the allegations in paragraph 45.

46.    In response to the allegations in paragraph 46, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies those allegations.

47.    Monsanto admits the allegations in paragraph 47.

48.    In response to the allegations in paragraph 48, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 48 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 and therefore denies those allegations.

49.    Monsanto states that the term "toxic" as used in paragraph 49 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 49.

50.    Monsanto admits the allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 52 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 54 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 54.

55.     Monsanto denies the allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 56 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 57 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 57.

58.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 58.

59.     Monsanto denies the allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60.

1    61.    Monsanto denies the allegations in paragraph 61.

2    62.    Monsanto denies the allegations in paragraph 62.

3    63.    Monsanto admits that it has promoted Roundup®-branded herbicides as safe when

4    used in accordance with the products' labeling.  Monsanto denies the remaining allegations in

5    paragraph 63.

6    64.    Monsanto admits that the International Agency for Research on Cancer ("IARC")

7    is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto

8    lacks information or knowledge sufficient to form a belief as to the truth of the remaining

9    allegations in paragraph 64 and therefore denies those allegations.

10   65.    Monsanto lacks information or knowledge sufficient to form a belief as to the

11   truth of the allegations in paragraph 65 and therefore denies those allegations.  Monsanto denies

12   that glyphosate met the criteria necessary to be eligible for review.

13   66.    Monsanto lacks information or knowledge sufficient to form a belief as to the

14   truth of the allegations in paragraph 66 and therefore denies those allegations.  Monsanto denies

15   that glyphosate met the criteria necessary to be eligible for review.

16   67.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A

17   carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

18   evidence was "cumulative."  The remaining allegations in paragraph 67 are vague and

19   conclusory and comprise attorney characterizations and are accordingly denied.

20   68.    Monsanto admits that the full IARC Monograph regarding glyphosate was

21   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

22   2A carcinogen.  In response to the remaining allegations in paragraph 68, Monsanto states that

23   the document speaks for itself and does not require a response.  To the extent that a response is

24   deemed required, the remaining allegations in paragraph 68 comprise attorney characterizations

25   and are accordingly denied.

26   69.    In response to the allegations in paragraph 69, Monsanto states that the document

27   speaks for itself and does not require a response.  To the extent that a response is deemed

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-01661-VC

required, the allegations in paragraph 69 comprise attorney characterizations and are accordingly denied.

70.     In response to the allegations in paragraph 70, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 70 comprise attorney characterizations and are accordingly denied.

71.     Monsanto denies the allegations in paragraph 71.

72.     The allegations in paragraph 72 comprise attorney characterizations and are accordingly denied.

73.     Monsanto admits the allegations in paragraph 73.

74.     In response to the allegations in paragraph 74, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 74 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 74.

75.     In response to the allegations in paragraph 75, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 75.

76.     The allegations in paragraph 76 are vague and ambiguous and are accordingly denied.

77.     In response to the allegations in paragraph 77, Monsanto states that the cited document speaks for itself and does not require a response.

78.     In response to the allegations in paragraph 78, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 78 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     In response to the allegations in paragraph 80, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 80.

81.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto admits the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto admits the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded

1    products and admits that it has made statements reflecting this fact.  Monsanto denies the

2    remaining allegations in paragraph 98.

3        99.    In response to the allegations in paragraph 99, Monsanto admits that Roundup®-

4    branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with

5    the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph

6    99.

7        100.    In response to the allegations in paragraph 100, Monsanto admits that an EPA

8    review committee classified glyphosate as Class C in 1985 based on limited data.  Monsanto

9    denies the remaining allegations in paragraph 100.

10        101.    In response to the allegations in paragraph 101, Monsanto admits that EPA

11   changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

12   evidence, including but not limited to three animal carcinogenicity studies.  Monsanto otherwise

13   denies the remaining allegations in paragraph 101.

14        102.    In response to the allegations in paragraph 102, Monsanto admits that plaintiff has

15   accurately quoted from one passage in an EPA document in 1991 with respect to the designation

16   of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not

17   pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and

18   the EPA CARC Final Report discussed above, other specific findings of safety include:

19   • "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
       evidence of non-carcinogenicity for humans—based on the lack of convincing
20     evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration
       Eligibility Decision (RED) Facts*, 2 (Sept. 1993),
21     http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

22   •  "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
       60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).
23
24   • "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69
       Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

25   • "There is [an] extensive database available on glyphosate, which indicate[s] that
       glyphosate is not mutagenic, not a carcinogen, and not a developmental or
26     reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
       73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-01661-VC

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 102.

103.     In response to the allegations in paragraph 103, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate.  Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies.  To the extent that the allegations in paragraph 103 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

104.     In response to the allegations in paragraph 104, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product.  Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

105.     Monsanto denies the allegations in paragraph 105 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some

toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies.  To the extent that the allegations in paragraph 105 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

106.    In response to the allegations in paragraph 106, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

107.    In response to the allegations in paragraph 107, Monsanto admits that it — along with numerous other private companies — hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.  Monsanto otherwise denies the remaining allegations in paragraph 107.

108.    In response to the allegations in paragraph 108, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud.  To the extent that the allegations in paragraph 108 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

109.    In response to the allegations in paragraph 109, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost.  To the extent that the allegations in paragraph 109 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

110.    In response to the allegations in paragraph 110, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

111.    In response to the allegations in paragraph 111, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United

- 14 -

Nations is cited in support of the safety of glyphosate and Roundup®-branded products.
Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and
Roundup®-branded products, and denies that WHO considers glyphosate to be a probable
carcinogen.  Monsanto denies the remaining allegations in paragraph 111.

112.    Monsanto denies the allegations in paragraph 112.

113.    Monsanto denies the allegations in paragraph 113.

114.    Monsanto denies the allegations in paragraph 114.

115.    Monsanto denies the allegations in paragraph 115.

116.    Monsanto denies the allegations in paragraph 116.

117.    Monsanto denies the allegations in paragraph 117.

118.    Monsanto denies the allegations in paragraph 118.

119.    Monsanto denies the allegations in paragraph 119.

120.    Monsanto denies the allegations in paragraph 120.

121.    Monsanto denies the allegations in paragraph 121.

122.    Monsanto denies the allegations in paragraph 122.

123.    Monsanto lacks information or knowledge sufficient to form a belief as to the
truth of the allegations in paragraph 123 and therefore denies those allegations.

124.    Monsanto lacks information or knowledge sufficient to form a belief as to the
truth of the allegations in paragraph 124 and therefore denies those allegations.

125.    Monsanto lacks information or knowledge sufficient to form a belief as to the
truth of the allegations in the first sentence of paragraph 125 and therefore denies those
allegations.  Monsanto denies the remaining allegations in paragraph 125.

126.    Monsanto denies the allegations in paragraph 126.

127.    Monsanto incorporates by reference its responses to paragraphs 1 through 126 in
response to paragraph 127 of plaintiff's Complaint.

128.    Monsanto denies the allegations in paragraph 128.

- 15 -

1    129.    In response to the allegations in paragraph 129, Monsanto admits that it has stated
2 that Roundup®-branded products are safe when used as labeled and that they are non-toxic and
3 non-carcinogenic.

4    130.    In response to the allegations in paragraph 130, Monsanto states that the cited
5 document speaks for itself and does not require a response.

6    131.    Monsanto denies that exposure to Roundup®-branded products and glyphosate
7 exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in
8 paragraph 131.  Monsanto states, however, that the scientific studies upon which IARC
9 purported to base its classification were all publicly available before March 2015.

10    132.    Monsanto denies the allegations in the first and last sentences of paragraph 132.
11 The remaining allegations in paragraph 132 set forth conclusions of law for which no response is
12 required.  Monsanto states, however, that the scientific studies upon which IARC purported to
13 base its classification were all publicly available before March 2015.

14    133.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint
15 and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-
16 branded products can cause cancer.  Monsanto states, however, that the scientific studies upon
17 which IARC purported to base its classification were all publicly available before March 2015.
18 The remaining allegations in paragraph 133 set forth conclusions of law for which no response is
19 required, consist of attorney characterizations and are accordingly denied, or comprise
20 allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to
21 the truth of the allegations asserted and therefore denies those allegations.

22    134.    Monsanto incorporates by reference its responses to paragraphs 1 through 133 in
23 response to paragraph 134 of plaintiff's Complaint.

24    135.    The allegations in paragraph 135 set forth conclusions of law for which no
25 response is required.

26    136.    Monsanto denies the allegations in paragraph 136.

27    137.    Monsanto denies the allegations in paragraph 137, including each of its subparts.

28    138.    Monsanto denies the allegations in paragraph 138.

139.   Monsanto denies the allegations in paragraph 139.

140.   Monsanto denies the allegations in paragraph 140, including each of its subparts.

141.   Monsanto denies the allegations in paragraph 141.

142.   Monsanto denies the allegations in paragraph 142.

143.   Monsanto denies the allegations in paragraph 143.

144.   Monsanto denies the allegations in paragraph 144.

145.   Monsanto denies the allegations in paragraph 145.

146.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 146 regarding plaintiff's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in paragraph 146, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

147.   Monsanto denies the allegations in paragraph 147.

148.   Monsanto denies the allegations in paragraph 148.

149.   In response to paragraph 149, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

150.   Monsanto incorporates by reference its responses to paragraphs 1 through 149 in response to paragraph 150 of plaintiff's Complaint.

151.   In response to the allegations in paragraph 151, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used and/or was exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 151.

152.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 152 and therefore denies those allegations.

153.   Monsanto denies the allegations in paragraph 153.

154.   Monsanto denies the allegations in paragraph 154.

155.   Monsanto denies the allegations in paragraph 155.

1      156.    Monsanto denies the allegations in paragraph 156, including each of its subparts.

2      157.    Monsanto denies the allegations in paragraph 157.

3      158.    Monsanto denies that Roundup®-branded products have "dangerous

4  characteristics."  Monsanto lacks information or knowledge sufficient to form a belief as to the

5  truth of the remaining allegations in paragraph 158 and therefore denies those allegations.

6      159.    Monsanto lacks information or knowledge sufficient to form a belief as to the

7  truth of the allegations in paragraph 159 and therefore denies those allegations.

8      160.    Monsanto denies the allegations in paragraph 160.

9      161.    The allegations in paragraph 161 set forth conclusions of law for which no

10  response is required.

11      162.    Monsanto denies the allegations in paragraph 162.

12      163.    Monsanto denies the allegations in paragraph 163.

13      164.    Monsanto denies the allegations in paragraph 164.

14      165.    Monsanto denies the allegations in paragraph 165.

15      166.    Monsanto denies the allegations in paragraph 166.

16      167.    Monsanto denies the allegations in paragraph 167.

17      168.    Monsanto denies the allegations in paragraph 168.

18      169.    Monsanto denies the allegations in paragraph 169.

19      170.    Monsanto denies the allegations in paragraph 170.

20      171.    Monsanto denies the allegations in paragraph 171.

21      172.    Monsanto denies the allegations in paragraph 172.

22      173.    Monsanto denies the allegations in paragraph 173.

23      174.    In response to paragraph 174, Monsanto demands that judgment be entered in its

24  favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that

25  Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

26  further and additional relief as this Court may deem just and proper.

27      175.    Monsanto incorporates by reference its responses to paragraphs 1 through 174 in

28  response to paragraph 175 of plaintiff's Complaint.

176.    The allegations in paragraph 176 set forth conclusions of law for which no response is required.

177.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 177 and therefore denies those allegations.

178.    Monsanto denies the allegations in paragraph 178.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

179.    Monsanto denies the allegations in paragraph 179.

180.    Monsanto denies the allegations in paragraph 180.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

181.    Monsanto denies the allegations in paragraph 181.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

182.    Monsanto denies the allegations in paragraph 182.

183.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 183 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 183.

184.    The allegations in paragraph 184 set forth conclusions of law for which no response is required.

185.    Monsanto denies the allegations in paragraph 185.

186.    Monsanto denies the allegations in paragraph 186.

187.    Monsanto denies the allegations in paragraph 187.

188.    Monsanto denies the allegations in paragraph 188.

189.    Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 189.

190.    The allegations in paragraph 190 set forth conclusions of law for which no response is required.

1   191.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2   truth of the allegations in paragraph 191 and therefore denies those allegations.

3   192.    Monsanto denies the allegations in paragraph 192.

4   193.    Monsanto denies the allegations in paragraph 193.

5   194.    Monsanto denies the allegations in paragraph 194.

6   195.    Monsanto denies the allegations in paragraph 195.

7   196.    Monsanto denies the allegations in paragraph 196.  All labeling of Roundup®-

8   branded products has been and remains EPA-approved and in compliance with all federal

9   requirements under FIFRA.

10   197.    Monsanto denies the allegations in paragraph 197.

11   198.    In response to paragraph 198, Monsanto demands that judgment be entered in its

12   favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that

13   Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

14   further and additional relief as this Court may deem just and proper.

15   199.    Monsanto incorporates by reference its responses to paragraphs 1 through 198 in

16   response to paragraph 199 of plaintiff's Complaint.

17   200.    Monsanto denies the allegations in paragraph 200.  Additionally, the allegations

18   in the last sentence in paragraph 200 set forth conclusions of law for which no response is

19   required.

20   201.    Monsanto lacks information or knowledge sufficient to form a belief as to the

21   truth of the allegations in paragraph 201 concerning the plaintiff's claimed use of Roundup®-

22   branded products and therefore denies those allegations.  The remaining allegations in paragraph

23   201 set forth conclusions of law for which no response is required.

24   202.    The allegations in paragraph 202 set forth conclusions of law for which no

25   response is required.

26   203.    Monsanto denies the allegations in paragraph 203.

27   204.    The allegation in paragraph 204 regarding a purported implied warranty sets forth

28   a conclusion of law for which no response is required.  Monsanto lacks information or

1    knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

2    204 and therefore denies those allegations.

3            205.    Monsanto lacks information or knowledge sufficient to form a belief as to the

4    truth of the allegations in paragraph 205 concerning the condition of any Roundup®-branded

5    product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore

6    denies the allegations in paragraph 205.

7            206.    Monsanto denies the allegations in paragraph 206.

8            207.    Monsanto denies the allegations in paragraph 207.

9            208.    Monsanto denies the allegations in paragraph 208.

10           In response to the allegations in the "WHEREFORE" paragraph following paragraph

11   208, Monsanto demands that judgment be entered in its favor and against plaintiff; that

12   plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit

13   and reasonable attorney's fees as allowed by law and such further and additional relief as this

14   Court may deem just and proper.

15           209.    Monsanto incorporates by reference its responses to paragraphs 1 through 208 in

16   response to paragraph 209 of plaintiff's Complaint.

17           210.    Monsanto admits that plaintiff purports to bring certain claims alleged in

18   paragraph 210 of the Complaint, but denies any liability as to those claims.  Monsanto denies the

19   remaining allegations in paragraph 210.

20           211.    Monsanto denies the allegations in paragraph 211.

21           212.    Monsanto denies the allegations in paragraph 212.

22           213.    Monsanto denies the allegations in paragraph 213.

23           214.    Monsanto denies the allegations in paragraph 214.

24           215.    Monsanto denies the allegations in paragraph 215.

25           216.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26   truth of the allegations in paragraph 216 regarding plaintiff's actions, and therefore Monsanto

27   denies those allegations.  Monsanto denies the remaining allegations in paragraph 216.

28           217.    Monsanto denies the allegations in paragraph 217.

1    218.    Monsanto denies the allegations in paragraph 218. All labeling of Roundup®-

2    branded products has been and remains EPA-approved and in compliance with all federal

3    requirements under FIFRA.

4    219.    Monsanto denies the allegations in paragraph 219.

5    220.    In response to paragraph 220, Monsanto demands that judgment be entered in its

6    favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that

7    Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

8    further and additional relief as this Court may deem just and proper.

9    In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto

10   denies that plaintiff is entitled to the relief sought therein, including any judgment for any

11   damages, interest, costs, or any other relief whatsoever.

12   Every allegation in the Complaint that is not specifically and expressly admitted in this

13   Answer is hereby specifically and expressly denied.

14   ## SEPARATE AND AFFIRMATIVE DEFENSES

15   1.    The Complaint, in whole or part, fails to state a claim or cause of action against

16   Monsanto upon which relief can be granted.

17   2.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically

18   reliable evidence that the products at issue were defective or unreasonably dangerous.

19   3.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was

20   so insubstantial as to be insufficient to be a proximate or substantial contributing cause of

21   plaintiff's alleged injuries.

22   4.    Plaintiff's claims are barred, in whole or in part, because the products at issue were

23   designed, manufactured, marketed and labeled with proper warnings, information, cautions and

24   instructions, in accordance with the state of the art and the state of scientific and technological

25   knowledge.

26   5.    Plaintiff's claims are barred, in whole or in part, because the products at issue were

27   not defective or unreasonably dangerous in that they complied with, at all relevant times, all

28   applicable government safety standards.

6.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.     Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.     Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.    Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.    Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

12.    The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

13.    Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

14.    Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

15.    If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither

- 23 -

liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

16.   Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

17.   Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.   Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the California Constitution, the Texas Constitution, and/or other applicable state constitutions.

19.   Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under California law, Texas law, and/or other applicable state laws.

20.   Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Tex. Civ. Prac. & Rem. Code Ann. §§ 41.004(a), 41.008(b).

21.   Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.   Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.   Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.   Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiff receive from collateral sources.

25.   If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-01661-VC

26.  Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.  Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28.  Plaintiff has failed to allege fraud with sufficient particularity.

29.  Plaintiff's claims are barred, in whole or in part, by application of Tex. Civ. Prac. & Rem. Code Ann. § 82.008.

30.  Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

### JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  March 12, 2021                    Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth (*pro hac vice*)
(jhollingsworth@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:   (202) 898-5800
Facsimile:    (202) 682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-01661-VC