GERALD B. SINGLETON, SBN 208783
JOHN C. LEMON, SBN 175847
**SINGLETON SCHREIBER McKENZIE & SCOTT, LLP**
450 A Street, 5th Floor
San Diego, CA 92101
Tel: (619) 771-3473
Fax: (619) 255-1515
Email:  gsingleton@ssmsjustice.com
            jlemon@ssmsjustice.com

*Attorneys for Plaintiffs*

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741 |
| | Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: | **Date:  April 1, 2021**<br>**Time:  2:00 PM** |
| *Joseph Mignone v. Monsanto Company, et al.,* 21-cv-00501-VC | **Reply Brief in Support of Motions to:** |
| | **1) Remand to State Court; and** |
| | **2) Award Attorneys' Fees.** |

1

I.    **Introduction**

Joseph Mignone used Roundup in the State of California for more than 30 years. Wilbur-Ellis Company is, by its own admission, a California resident that has distributed Roundup in the State of California for many years. Those facts are not in dispute. Further, while Wilbur-Ellis claims that it distributes Roundup only in the agricultural and professional markets, it makes no effort whatsoever to disclaim the resale of its Roundup by its agricultural and professional customers to either resellers or residential users. There is accordingly – at the very least – a "possibility" that the Roundup distributed by Wilbur-Ellis contributed to Joseph Mignone's cancer. Wilbur-Ellis has not been fraudulently joined and this Court should remand this case to state court and award attorneys' fees.

II.   **Monsanto has failed to carry its "heavy burden" to demonstrate that "there is no possibility that the state court would hold the co-defendant liable."**

Although this Court is obviously well aware of the applicable legal standard, it bears repeating: removal under a fraudulent-joinder theory requires a finding that the plaintiff's claims are "wholly frivolous and insubstantial."[1] The defendant accordingly carries a "heavy burden" to rebut the "general presumption against [finding] fraudulent joinder."[2] And as Monsanto concedes in its opposition, "[a] defendant removing a case from state court based on a fraudulent joinder argument is required to show that there is *no possibility* that the state court would hold the co-defendant liable."[3] Finally, "'a searching inquiry into the merits of the plaintiff's case' [is] a task that this Court cannot perform at this time."[4]

Here, there is no dispute that Wilbur-Ellis Company is a California resident that is in the business of distributing Roundup in the State of California. There is also no dispute that Joseph

---

[1] Doc. 8943 at 1 (order granting motion to remand in *Berliant v. Monsanto Co.,* 19cv7189) (quoting *GranCare LLC v. Thrower,* 889 F.3d 543, 549 (9th Cir. 2018)).
[2] *GranCare,* 889 F.3d at 548 (alteration in original) (quotations and citations omitted).
[3] Doc. 9 at 7 (Monsanto opposition) (emphasis added) (quoting *GranCare,* 889 F.3d at 548).
[4] Doc. 8943 at 2 (quoting *GranCare,* 889 F.3d at 549).

Mignone is a California resident who used Roundup across four decades in the State of California. But because Mignone indicated on his Plaintiff's Fact Sheet that his use was "personal,"[5] Monsanto argues that he could not have gotten any Roundup from Wilbur-Ellis because Wilbur-Ellis distributes Roundup only in the agricultural and professional markets. This speculative claim, however, would require this Court to engage in the same type of "searching inquiry" that the Ninth Circuit has held to be off limits.

In the first place, although Monsanto has submitted three supporting declarations, not one of them states that the Roundup distributed by Wilbur-Ellis is not intended for resale. Instead, Monsanto merely asserts that Wilbur-Ellis "has never played any role in the chain of distribution leading to [Roundup] being sold at national retail stores like Home Depot, Lowe's, Target, Walmart, Costco, or Ace Hardware."[6] In other words, Monsanto's declarations do not foreclose the possibility of the Roundup sold by Wilbur-Ellis being resold to either residential users or other vendors, including regional and local distributors of Roundup, such as the former Southern California lawn and garden store known as Nurseryland.[7] And of course, Mignone has never claimed that he purchased (or otherwise obtained) his Roundup exclusively from one of those national, retail stores.

Similarly, while Monsanto states that Wilbur-Ellis "has never played any role in distributing, marketing, or selling Roundup-branded, residential-lawn-and-garden herbicides,"[8] Mignone stated only that his *use* was personal – not that he had exclusively used Roundup that had been branded for, and distributed in, the residential market.

---

[5]   Mignone identified his use as "personal" and the locations of use as his three Southern California residences. Doc. 1-5 at 4-5.
[6]   Doc. 9 at 10.
[7]   *See* Exhibit A ("Nurseryland Garden Center Chain Sold to Armstrong Centers" The Daily Transcript, April 16, 1998) (San Diego Source > News > Nurseryland Garden Center Chain Sold To Armstrong Centers (sddt.com)).
[8]   Doc. 9 at 10; *see also* Doc. 1-2 at 3 (Dec. of Scott Hushbeck).

3

Finally, the declarations submitted by Monsanto also fail to define what the agricultural and professional markets consist of. Indeed, Monsanto makes no effort to define the "agricultural" market at all – much less disclaim redistribution of Roundup by its agricultural customers.[9] With respect to the "professional" market, Monsanto identifies some examples of its professional customers, including "landscaping companies,"[10] which could also be resellers.

### III. Conclusion

While Monsanto accuses Mignone of relying upon speculation, it is Monsanto who is asking this Court to speculate – indeed, divine – that because Wilbur-Ellis does not distribute Roundup to national retailers, there is "no possibility" that Mignone could have gotten some Roundup that was distributed by Wilbur-Ellis. Furthermore, unlike in *Berliant,* where this Court found the plaintiff's claim to be "not wholly frivolous [but] dubious,"[11] Mignone's claim is neither frivolous nor dubious. The only dubious claim here, in fact, belongs to Monsanto, who did not have "an objectively reasonable basis for removing this action to federal court."[12] This Court should remand this case to state court and award attorneys' fees.

Dated:  March 12, 2021               Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　 *s/ John C. Lemon*
　　　　　　　　　　　　　　　　　　　　　JOHN C. LEMON
　　　　　　　　　　　　　　　　　　　　　GERALD B. SINGLETON
　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

---

[9]   *See* Docs. 1-2, 1-3, and 1-4 (Decs. of Scott Hushbeck, Dennis McDermott, and Steven Gould).
[10]  Doc. 9 at 9; *see also* Doc. 1-2 at 2 (Hushbeck Dec.).
[11]  Doc. 8493 at 2 (remanding to state court but declining to award attorneys' fees).
[12]  *Id.* at 1.