# EXHIBIT 1

**ANDRUS WAGSTAFF, PC**
Aimee H. Wagstaff (SBN 278480)
7171 W. Alaska Drive
Lakewood, CO 80226
Tel: (303) 376-6360
Fax: (303) 376-6361
aimee.wagstaff@andruswagstaff.com

**THE MILLER FIRM LLC**
Michael Miller (Pro hac vice)
108 Railroad Avenue
Orange, Virginia 22960
Tel: (540) 672-4224
Fax: (540) 672-3055
mmiller@millerfirmllc.com

**WEITZ & LUXENBERG, P.C.**
Robin L. Greenwald (Pro hac vice)
700 Broadway
New York, NY 10003
Tel: (212) 558-5802
Fax: (646) 293-4921
Email: rgreenwald@weitzlux.com

*Co-Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 ) ) Case No. 3:16-md-02741-VC ) |
| This document relates to: ALL WAVE 2 CASES | ) ) ) ) ) |

**PLAINTIFFS' EXPERT DISCLOSURES – GENERAL CAUSATION**

**Introduction**: Plaintiffs object to any expert witnesses designated by Defendant that were not designated in their original designation and disclosure of expert testimony dated November 27, 2018. Monsanto may have attempted to add through this designation new General Causation experts to its Wave 2 Expert lineup that were not part of the MDL Daubert process, thereby effectively erasing the two years spent on the General Causation Daubert proceedings, which proceedings were done at Monsanto's request. For example, Monsanto attempted to disclose new General Causation experts in Giglio v. Monsanto and the parties briefed this dispute through a discovery letter. ("Letter brief re General Causation Experts," see, ECF 6124). Plaintiffs incorporate the arguments set forth by Mr. Giglio and those included in the Letter Brief, as if fully set forth herein. If the Court allows Monsanto to proceed with new General Causation experts, then the Court should allow Plaintiffs to designate other General Causation experts as well.

Pursuant to Pretrial Orders #150, #171, the Court's December 9, 2020 Order Granting Joint Proposal for Revised Schedule for Wave 2 Cases and Fed. R. Civ. P. 26(a)(2), Plaintiffs in Wave 2 provide the following expert designations and disclosures. Plaintiffs' disclosure of expert witnesses is subject to the following reservation of rights:

1. The right to supplement or amend this witness list based upon any rulings of the Court or any other court decisions that affect the scope of evidence in this trial;

2. The right to withdraw the designation of any expert prior to testimony, and positively aver that such previously designated expert will not be called as a witness at trial;

3. The right to amend or supplement expert opinions based on additional discovery including updated medical records, deposition testimony, medical literature, or scientific studies;

4. The right to supplement the references considered and/or relied upon by Plaintiffs' designated experts in order to address newly available information or literature;

5. The right to elicit expert testimony at trial from any qualified person, including Plaintiffs' treating health care providers, as permitted under the applicable rules of evidence and procedure;

6. Plaintiffs' expert witnesses, as identified below, may testify about their skill, knowledge, experience, training and education in their respective fields, the relevant medical and scientific literature; the techniques and methods in their field of practice; and the description and nature of their practice. They may testify about their publications, presentations, research and all matters detailed in their respective curriculum vitae. They may testify based on facts or data perceived by or made known to them at or before trial that have been properly disclosed under the applicable rules of evidence and procedure. They may employ demonstrative and visual aids.

7. Plaintiffs reserve the right to offer supplemental or rebuttal expert opinions based on updated or new information relative to the litigation. Plaintiffs reserve the right for their expert witnesses to update the literature upon which the witnesses rely in support of their opinions.

8. Plaintiffs incorporate all prior reports, if any, the experts have issued in MDL 2741 or any other state or federal litigation.

9. By identifying the expert witnesses named below, Plaintiffs do not intend to waive any objections to deposition testimony, exhibits, or other evidence or argument. Plaintiffs reserve the right to call and elicit testimony from any and all of Defendant's current or former employees who have been disclosed as a witness and/or offered testimony and/or have been identified in discovery.

10. Plaintiffs reserve the right to call and elicit testimony at trial from any and all of Defendant's retained or non-retained expert witnesses.

# PLAINTIFFS' EXPERT DESIGNATIONS – GENERAL CAUSATION

**Christopher Portier, PhD**
**Scheibenstrasse 15**
**CH-3600 Thun**
**Switzerland**

Dr. Portier will testify on issues of general causation regarding whether exposure to glyphosate and/or glyphosate–based formulated products can cause cancer, and particularly non-Hodgkin lymphoma, including in the areas of toxicology, genotoxicity, biostatistics, epidemiology, and the processes and methodologies encompassing the review, evaluation and assessment of chemicals as cancer hazards by the International Agency for Research on Cancer (IARC). These areas of testimony were the subject of his prior testimony in the Roundup litigation. Accordingly, Plaintiff hereby incorporates by reference, all prior expert reports, deposition, trial, and hearing testimony in all Roundup litigation cases. Dr. Portier has prepared a new expert report, which is attached to these disclosures.

Dr. Portier's hourly rate is $450.00. Dr. Portier has already been deposed with respect to his general causation opinions being offered in this case. A copy of Dr. Portier's curriculum vitae will be provided to counsel electronically. Dr. Portier is providing a supplemental materials considered list. Dr. Portier has testified at trial 3 times in the last 4 years, all testimony was in the Roundup litigation; i.e. Johnson v. Monsanto Co., Hardeman v. Monsanto Co., and Pilliod v. Monsanto Co.

**Beate Ritz, MD, PhD**
650 Charles E. Young Dr. S.
Los Angeles, CA 90095

Dr. Ritz is designated in the areas of epidemiology with an emphasis on cancer epidemiology on behalf of all Plaintiffs. Dr. Ritz will testify on issues of general causation regarding whether exposure to glyphosate and/or glyphosate–based formulated products can cause cancer, and particularly non-Hodgkins lymphoma, including in the areas of epidemiology, toxicology and genotoxicity. These areas of testimony were the subject of her prior testimony in the Roundup litigation. Accordingly, Plaintiffs hereby incorporate by reference, all prior expert reports, deposition, trial, and hearing testimony in all Roundup litigation cases.

Dr. Ritz's hourly rate is $750.00. Dr. Ritz has already been deposed with respect to her opinions being offered in this case. A copy of Dr. Ritz's curriculum vitae will be provided to counsel electronically. Dr. Ritz is providing a supplemental materials considered list. Dr. Ritz has testified at trial 2 times in the last 4 years, all testimony was in the Roundup litigation; i.e. Hardeman v. Monsanto Co., and Pilliod v. Monsanto Co.

**Dennis Weisenburger, MD**
1500 E. Duarte Road
Duarte, CA 91010

Dr. Weisenburger is designated in matters involving general causation and will testify regarding causes of cancer, causes of non-Hodgkin lymphoma, whether exposure to glyphosate and/or glyphosate–based formulated products can cause cancer, and particularly non-Hodgkin lymphoma, including testimony in the areas of epidemiology, pathology, hematopathology, cellular changes with the development of NHL and cancer development. These areas of testimony were the subject of his prior testimony in the Roundup litigation. Accordingly,

Plaintiffs hereby incorporate by reference, all prior expert reports, deposition, trial, and hearing testimony in all Roundup litigation cases.

Dr. Weisenburger's hourly rate is $650.00. Dr. Weisenburger has already been deposed with respect to his general causation opinions in this case. A copy of Dr. Weisenburger's curriculum vitae will be provided to counsel electronically. Dr. Weisenburger is providing a supplemental materials considered list. Dr. Weisenburger has testified at trial 2 times in the last 4 years, all testimony was in the Roundup litigation; i.e. Hardeman v. Monsanto Co., and Pilliod v. Monsanto Co.


**Charles W. Jameson, Ph.D.**
**CWJ Consulting LLC**
**2828 NW 46th Ave.**
**Cape Coral, FL 33993-8806**

Dr. Jameson is designated in the areas of environmental toxicology, carcinogenesis, animal toxicology, and animal bioassay data. Dr. Jameson will testify regarding his analysis of glyphosate toxicology, epidemiology, and rodent bioassay data and the interpretation and methodology related to that data. Dr. Jameson will testify on issues relating to the carcinogenicity of glyphosate, including mechanistic data relating to genotoxicity, oxidative stress and other aspects of cellular behavior. Dr. Jameson will offer testimony concerning his factual participation in the International Agency for Research on Cancer (IARC) 112 Monograph, specifically as it relates to glyphosate, and on the IARC process in general. The basis of this factual testimony will his role as the Subgroup Chair of the Cancer in Experimental Animals during the 112 Monograph. These areas of testimony were the subject of his prior testimony in the Roundup litigation.

Dr. Jameson's hourly rate is $400.00. A copy of Dr. Jameson's curriculum vitae will be provided to counsel electronically. Dr. Jameson is providing a supplemental materials considered list. Dr. Jameson has testified at trial 1 time in the last 4 years, all testimony was in the Roundup litigation; i.e. Pilliod v. Monsanto Co.

DATE: January 22, 2021

/s/ Aimee H. Wagstaff
Aimee H. Wagstaff (SBN 278480)
**ANDRUS WAGSTAFF, PC**
7171 W. Alaska Drive
Lakewood, CO 80226
Tel: (303) 376-6360
Fax: (303) 376-6361
aimee.wagstaff@andruswagstaff.com

Michael Miller (Pro hac vice)
**THE MILLER FIRM LLC**
108 Railroad Avenue
Orange, Virginia 22960
Tel: (540) 672-4224
Fax: (540) 672-3055
mmiller@millerfirmllc.com

Robin L. Greenwald (Pro hac vice)
**WEITZ & LUXENBERG, P.C.**
700 Broadway
New York, NY 10003
Tel: (212) 558-5802
Fax: (646) 293-4921
Email: rgreenwald@weitzlux.com

*Co-Lead Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by email on counsel for Monsanto as follows:

Julie du Pont
(Julie.dupont@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-8572
Facsimile: (212) 836-6714

Brian Stekloff
(bstekloff@wilkinsonwalsh.com)
WILKINSON WALSH + ESKOVITZ LLP
2001 M Street, N.W.
10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005

Eric G. Lasker
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Telephone: (202) 898-5800
Facsimile: (202) 682-1639
Attorneys for Defendant
MONSANTO COMPANY

DATED: January 22, 2021                    /s/ Aimee H. Wagstaff

---