**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:    202-847-4030
Fax:   202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

*Attorneys for Defendant*
MONSANTO COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 ) ) Case No. 3:16-md-02741-VC ) |
| This document relates to: *Karman v. Monsanto Co.*, 3:19-cv-01183-VC | ) **MONSANTO COMPANY'S NOTICE OF** ) **MOTION AND MOTION FOR** ) **SUMMARY JUDGMENT ON STATUTE** ) **OF LIMITATIONS AND PROXIMATE** ) **CAUSATION GROUNDS** ) )   Hearing Date: May 28, 2021 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** beginning on May 28, 2021, in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will present its Motion for Summary Judgment on Statute of Limitations and Proximate Causation Grounds. Monsanto seeks an order entering summary judgment in its favor on all claims brought by Christine Karman ("Plaintiff"), individually as the representative of the Estate of her husband Robert Karman ("Decedent") (collectively "Plaintiffs") as timed barred.

DATED: March 18, 2021

Respectfully submitted,

/s/ *K. Lee Marshall*

K. Lee Marshall
BRYAN CAVE LEIGHTON PAISNER LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111
Tel:   415-675-3400
Fax: 415-675-3434
klmarshall@bclplaw.com

## MEMORANDUM OF POINTS AND AUTHORITIES

Based on Plaintiff's own words, the limitations period for her personal injury, product liability, and wrongful death claims ran nearly two years before she filed suit. Plaintiff Christine Karman ("Plaintiff") testified that she and her husband, Robert Karman ("Decedent"), knew in 2015 that Decedent had developed Non-Hodgkin's Lymphoma ("NHL") and that they both believed at that time that Decedent's NHL was caused by his use of Roundup®-branded products ("Roundup") based on an advertisement they saw. Despite this knowledge, Plaintiff did not bring this action until nearly four years later 2019. As a result, all of Plaintiff's claims are time-barred and Monsanto is entitled to summary judgment.

### I. BACKGROUND

Plaintiff filed her Complaint, individually and as the representative of the Estate of Decedent against Monsanto Company, on February 12, 2019. She claims that Decedent's use of Roundup caused him to develop NHL and seeks damages for this injury. *See* Complaint (ECF #1) ¶ 1, 126. Decedent was diagnosed with NHL on or around July 31, 2015. *Id*. at ¶ 125. Decedent died from complications of NHL on December 15, 2015. *Id*. at ¶ 126.

Plaintiff claims that Decedent used Roundup for thirty years for personal use around their home. Compl. ¶ 123. Decedent last used Roundup in approximately 2013. Declaration of K. Lee Marshall ("Marshall Decl.") Exhibit 1, Deposition of Christine Karman at 93:21-94:3 ("Pl.'s. Dep."). Shortly before Decedent's death in 2015, Plaintiff and Decedent saw an attorney advertisement that warned about Roundup and NHL. *Id.* at 29:9-30:13. Plaintiff testified that the advertisement specifically connected NHL and Roundup in both of their minds:

> Q: Do you remember anything specific about that advertisement other than it talked about lymphoma?
>
> A: It talked about lymphoma. It talked about death from lymphoma. Yes, that's what I remember.
>
> Q: Did it talk about Roundup or any other product?
>
> A: It was for Roundup.

*Id*. at 216:10-18. After seeing the advertisement, Plaintiff and Decedent instructed their children to not use Roundup. *Id.* at 29:14-22, 215:23-216:9.

Further, Plaintiff could not recall Decedent ever reading the label on the Roundup bottle:

Q: Do you recall seeing your husband specifically reading the label that was on the Roundup bottle?

A: No.

Q: Did he ever tell you he read the label?

A: I don't remember.

*Id.* at 209:19-24.

## II. LEGAL STANDARD

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A defendant can show its entitlement to summary judgment by particularly citing "materials in the record, including depositions," that "establish the absence" of a genuine, material factual dispute. FED. R. CIV. P. 56(c)(1). Further, "[s]ummary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Abuan v. Gen. Elec. Co.*, 3 F.3d 329, 332 (9th Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## III. ARGUMENT

Plaintiff, on behalf of Decedent, asserts four survival causes of action against Monsanto: Negligence (Count I), Strict Products Liability – Design Defect (Count II), Strict Products Liability – Failure to Warn (Count III), and Breach of Implied Warranties (Count IV). *See generally* Compl. All four of these survival claims fail because the limitations periods have run. Additionally, Plaintiff's wrongful death claim, seeking damages on her personal behalf, fails on similar grounds because the two year statute of limitations for that claim has run.[1] Finally, Plaintiff's failure to warn claim

---

[1] The four survival claims follow the limitations period on the underlying claim, while the wrongful death action claims is subject to a separate two-year limitation period from the date of death. 735 ILCS 5/13-209(a)(1), 740 ILCS 180/2(d), (e).

separately fails because Decedent did not read the label on the product so proximate cause cannot be proven.

### A. The Negligence, Strict Product Liability, and Wrongful Death Claims are Barred by the Statute of Limitations.

Under Illinois law, "the statutes of limitation for personal injury and product liability claims require that such lawsuits generally be commenced within two years of the date on which the cause of action accrued." *Lowe v. Ford Motor Co.*, 313 Ill. App. 3d 418, 420, 730 N.E.2d 58, 60 (Ill. 2000) (citing 735 ILCS 5/13–202). The limitations period begins to run when "the plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused." *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 633 N.E.2d 627, 630–31 (Ill. 1994); see also *Steidinger v. Stryker Corp.*, No. 8:11-CV-01842 R(SSX), 2012 WL 13020148, at *4 (C.D. Cal. Apr. 19, 2012) (applying Illinois law).

Both elements are met here, because Plaintiff knew of Decedent's injury (NHL) in 2015 and reasonably should have made the alleged connection between his use of Roundup and his NHL.

*1. Plaintiff knew of Decedent's injury in 2015, when he was diagnosed with NHL.*

A plaintiff is aware of an injury when formally diagnosed with the disease. *See Solis v. BASF Corp.*, 979 N.E.2d 419, 431 (Ill. Ct. App. 2012). Here, Decedent's doctors informed him of his NHL diagnosis in the summer of 2015. Compl. ¶ 125.

*2. Plaintiff developed a reasonable belief that Decedent's NHL was wrongfully caused by exposure to Roundup in 2015.*

Under the discovery rule, "the limitations period begins to run from the date a person knows or reasonably should know of the injury and that it was wrongfully caused." *Edwards v. Regis Corp.*, No. 10-1011, 2011 WL 777271, at *4 (C.D. Ill. Feb. 25, 2011). "The critical inquiry when applying the discovery rule is whether and when the plaintiff develops 'a reasonable belief that the injury was caused by wrongful conduct, thereby creating an obligation to inquire further on that issue.'" *Shrock v. Ungaretti & Harris Ltd.*, 143 N.E.3d 904, 911 (Ill. Ct. App. 2019), appeal denied, 140 N.E.3d 242 (Ill. 2020) (quoting *Dancor Intern., Ltd. v. Friedman, Goldberg & Mintz*, 681 N.E.2d 617, 622 (Ill.

1997)). "[S]ignificantly, it does not matter whether the plaintiff knows or suspects who the wrongdoer actually is." *Id.* "Knowledge that an injury has been wrongfully caused 'does not mean knowledge of a specific defendant's negligent conduct or knowledge of the existence of a cause of action.'" *Janousek v. Katten Muchin Rosenman LLP*, 44 N.E.3d 501, 505 (Ill. App. 1st Dist. 2015) (quoting *Castello v. Kalis*, 816 N.E.2d 782, 789 (Ill. App. 1st Dist. 2004)).

Plaintiff had a reasonable belief that Decedent's NHL was allegedly caused by Roundup in 2015 when she saw an attorney advertisement, which included a "warning" about Roundup and NHL. Marshall Decl. Ex. 1, Pl.'s Dep. at 29:9-30:13, 216:10-18. Plaintiff and Decedent took this "warning" so seriously that they advised their children to not use Roundup. *Id.* at 29:14-22, 215:23-216:9.

Thus, as of 2015, Plaintiff and Decedent knew of Decedent's injury and had a reasonable belief that it was caused by exposure to Roundup, therefore triggering the two-year limitations period. Plaintiff, however, did not file her action until 2019, long after the limitations period for personal injury and product liability claims had expired. Therefore, Plaintiff's negligence and strict product liability claims (Counts I-III) should be dismissed as time barred.

The wrongful death claim is also time-barred. Under Illinois law, wrongful death claims must be brought within two years of the decedent's death. 740 ILCS 180/2. While the discovery rule applies to wrongful death claims, such claims must be brought within two years after the representative of the estate knows or reasonably should know that an injury has occurred and that it was wrongfully caused. *Eisenmann v. Cantor Bros.*, 567 F. Supp. 1347, 1355 (N.D. Ill. 1983).

Here, Plaintiff's wrongful death claim is time barred because she testified that she knew of the alleged connection between Decedent's NHL and Roundup in 2015. As discussed above, Plaintiff and Decedent saw a television advertisement in 2015 that "warned" about Roundup and NHL. Marshall Decl. Ex. 1, Pl.'s Dep. at 29:14-22, 215:23-216:9. Thus, the two-year limitations period began to run at the time of Decedent's death in 2015. However, Plaintiff filed her wrongful death claim in 2019. Therefore, the wrongful death claim is time barred.

**B.     Plaintiff's Warranty Claim Is Barred by the Applicable Four-Year Statute of Limitations.**

Plaintiff's claim on behalf of Decedent for breach of implied warranty (Count IV) is subject to a four-year statute of limitations. See 810 ILCS 5/2–725; *Berry v. G. D. Searle & Co.*, 309 N.E.2d 550, 554 (Ill. 1974) (implied warranty). "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach," and "[a] breach of warranty occurs when tender of delivery is made." 810 ILCS 5/2–725(2). "Illinois courts have strictly construed this provision in just this manner." *Hagen v. Richardson-Merrell, Inc.*, 697 F. Supp. 334, 341 (N.D. Ill. 1988) (collecting cases). And "[t]he language of the statute, as interpreted by the courts of [Illinois], clearly proscribes the application of the discovery rule in breach of warranty cases." *Nelligan v. Tom Chaney Motors, Inc.*, 479 N.E.2d 439, 442 (Ill. App. 2d Dist. 1985).

Decedent last used Roundup in approximately 2013. Marshall Decl. Ex. 1, Pl.'s Dep. at 93:21-94:3. Thus, the warranty claims are barred because more than five years have passed from the date of the last purchase (which could have occurred no later than 2013) and the date the complaint was filed (2019).

**C.     Monsanto Is Entitled to Summary Judgment on Plaintiff's Failure-to-Warn Claims Because Decedent Did Not Read the Roundup Warning Label.**

The failure to warn claims also fail because Decedent did not read the warning label. "[A] plaintiff who does not read an allegedly inadequate warning cannot maintain a product liability action premised on a failure-to-warn theory, unless the nature of the alleged inadequacy is such that it prevents him from reading it." *Solis v. BASF Corp.*, 979 N.E.2d 419, 439 (Ill. App. Ct. 2012) (citing *Kane v. R.D. Werner Co.*, 275 Ill.App.3d 1035, 657 N.E.2d 37 (1995)). If a plaintiff does not read the label, then that plaintiff cannot show that an inadequate label is the proximate cause of his injuries. *Id.* (citing *Kane*, 275 Ill.App.3d at 1035) (explaining "that even if the warning were adequate, the plaintiff would have been in no better position, and thus the failure to warn did not cause any injury to him.").

Like the plaintiffs in *Solis* and *Kane*, there is no evidence that Decedent ever read the Roundup

label.  Plaintiff testified that she never saw Decedent read the Roundup label nor did she recall him telling her he read the Roundup label.  Marshall Decl. Ex. 1, Pl.'s. Dep. at 209:19-24.  Therefore, Decedent's failure to warn claims should be dismissed.

## CONCLUSION

For the foregoing reasons, Monsanto is entitled to summary judgment on all Plaintiff's claims.

DATED:  March 18, 2021

                Respectfully submitted,

                /s/ *K. Lee Marshall*

                K. Lee Marshall
                BRYAN CAVE LEIGHTON PAISNER LLP
                Three Embarcadero Center, 7th Floor
                San Francisco, California 94111
                Tel:     415-675-3400
                Fax: 415-675-3434
                klmarshall@bclplaw.com

                Attorneys for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of March, 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ K. Lee Marshall