**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:    202-847-4030
Fax:    202-847-4005

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Cervantes v. Monsanto Co.,* 3:19-cv-03015 | **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND REPOSE**<br><br>Hearing Date: May 28, 2021 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** beginning on May 28, 2021, in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will present its Motion for Summary Judgment on Statutes of Limitations and Repose.  Monsanto seeks an order entering summary judgment in its favor on all claims brought by Plaintiff Gerard Cervantes ("Plaintiff") as timed barred.

DATED:  March 19, 2021

                                                         Respectfully submitted,

                                                        /s/ *K. Lee Marshall*
                                                        K. Lee Marshall
                                                        BRYAN CAVE LEIGHTON PAISNER LLP
                                                        Three Embarcadero Center, 7th Floor
                                                        San Francisco, California 94111
                                                        Tel:     415-675-3400
                                                        Fax: 415-675-3434
                                                        klmarshall@bclplaw.com

## MEMORANDUM OF POINTS AND AUTHORITIES

This lawsuit is based on allegations that Roundup®-branded products ("Roundup") caused Plaintiff Gerard Cervantes to develop non-Hodgkin's Lymphoma ("NHL"). Plaintiff testified that he began using Roundup in 1982 and stopped using it in 2004 when he was diagnosed with NHL. It was not a coincidence that Plaintiff stopped using Roundup upon being diagnosed with NHL. At that time, he and his wife "were becoming aware that Roundup was associated with cancer." Despite linking his NHL to his use of Roundup in 2004, Plaintiff did not file this lawsuit until 2019, fifteen years after his diagnosis and "years" after he saw television commercials discussing this litigation. As a result, Plaintiffs claims are all barred by the applicable Illinois statutes of limitations and repose, and Monsanto is entitled to summary judgment.

**I.   BACKGROUND**

Plaintiff began using Roundup in 1982. *See* Declaration of K. Lee Marshall ("Marshall Decl.") Exhibit 1, Deposition of Gerard Cervantes at 103:15–104:5, 124:8–11. On October 15, 2004, he was diagnosed with NHL. *Id.* at 59:2–6, 185:1–3. Because of his diagnosis, Plaintiff immediately quit using Roundup. *Id.* at 64:12–14, 158:12–159:11, 196:14–19. Plaintiff testified that conversations with friends around the time of his diagnosis made him aware of an alleged link between Roundup and his disease:

> Q.   Did anyone at the time of diagnosis ever tell you that your NHL could have been caused by your use of Roundup?
>
> A.   Not anyone professionally. Just talking maybe to a friend.
>
> Q.   Okay. Do you recall what friend that might have been?
>
> A.   No. More of a general talking, I had cancer and they're like, hey, you know, don't know if what we use as far as Roundup or anything out there could cause it.

*Id.* at 161:4–15.

Plaintiff's wife testified that Plaintiff stopped using Roundup in 2004 because "we were becoming aware that Roundup was associated with cancer." Marshall Decl. Exhibit 2, Deposition of Elizabeth Cervantes at 47:7–48:8. Nonetheless, neither Plaintiff nor his wife took any further

action to investigate the possible cause of his disease. Marshall Decl. Ex. 1, G. Cervantes Dep. at 160:23–161:3. After seeing Roundup-litigation television commercials for "years," *id.* at 161:11–15, Plaintiff filed this lawsuit on April 29, 2019.

## II. LEGAL STANDARD

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A defendant can show its entitlement to summary judgment by particularly citing "materials in the record, including depositions," that "establish the absence" of a genuine, material factual dispute. FED. R. CIV. P. 56(c)(1). Further, "[s]ummary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Abuan v. Gen. Elec. Co.*, 3 F.3d 329, 332 (9th Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## III. ARGUMENT

Plaintiff asserts five causes of action against Monsanto: Strict Liability (Design Defect), Strict Products Liability (Failure to Warn), Negligence, Breach of Express Warranty (810 ILCS 5/2-313), and Breach of Implied Warranty of Merchantability (810 ILCS 5/2-314). *See* Complaint (ECF #1) ¶¶ 133–222. All of these claims are time-barred as a matter of law.

### A. Plaintiff's Negligence and Strict-liability Claims Are Barred by the Applicable Two-Year Statute of Limitations.

Under Illinois law, "the statutes of limitation for personal injury and product liability claims require that such lawsuits generally be commenced within two years of the date on which the cause of action accrued." *Lowe v. Ford Motor Co.*, 730 N.E.2d 58, 60 (Ill. Ct. App. 2000) (citing 735 ILCS 5/13–202). The limitations period begins to run when "the plaintiff knows or reasonably should know [1] that he has been injured and [2] that his injury was wrongfully caused." *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 633 N.E.2d 627, 630–31 (Ill. 1994); *see also Steidinger v. Stryker Corp.*, No. 8:11-CV-01842 R(SSX), 2012 WL 13020148, at *4 (C.D. Cal. Apr. 19, 2012) (applying Illinois law).

Both of these elements are met here, because Plaintiff knew of his injury in 2004 and reasonably should have made the alleged connection between his use of Roundup and his NHL around that same time.

1. *Plaintiff knew of his injury in 2004, when he was diagnosed with NHL.*

When a plaintiff's alleged injury is cancer, the plaintiff necessarily becomes aware of that injury when formally diagnosed with the disease. *See Solis v. BASF Corp.*, 979 N.E.2d 419, 431 (Ill. Ct. App. 2012). Here, Plaintiff was diagnosed with NHL on October 15, 2004, and became aware of his injury on this day at the latest. *See* Marshall Decl. Ex. 1, G. Cervantes Dep. at 185:1-3.

2. *Mr. Cervantes developed a reasonable belief that his NHL was wrongfully caused in 2004.*

Under the discovery rule, "the limitations period begins to run from the date a person knows or reasonably should know of the injury and that it was wrongfully caused." *Edwards v. Regis Corp.*, No. 10-1011, 2011 WL 777271, at *4 (C.D. Ill. Feb. 25, 2011). "The critical inquiry when applying the discovery rule is whether and when the plaintiff develops 'a reasonable belief that the injury was caused by wrongful conduct, thereby creating an obligation to inquire further on that issue.'" *Shrock v. Ungaretti & Harris Ltd.*, 143 N.E.3d 904, 911 (Ill. Ct. App. 2019), appeal denied, 140 N.E.3d 242 (Ill. 2020) (quoting *Dancor Intern., Ltd. v. Friedman, Goldberg & Mintz*, 681 N.E.2d 617, 622 (Ill. 1997)). "[S]ignificantly, it does not matter whether the plaintiff knows or suspects who the wrongdoer actually is." *Id.* "Knowledge that an injury has been wrongfully caused 'does not mean knowledge of a specific defendant's negligent conduct or knowledge of the existence of a cause of action.'" *Janousek v. Katten Muchin Rosenman LLP*, 44 N.E.3d 501, 505 (Ill. Ct. App. 2015) (quoting *Castello v. Kalis*, 816 N.E.2d 782, 789 (Ill. Ct. App. 2004)).

Based on conversations with friends, Plaintiff and his wife were "becoming aware that Roundup was associated with cancer" in 2004. Marshall Decl. Ex. 2, E. Cervantes Dep. at 47:7–48:8; *see also* Ex. 1, G. Cervantes Dep. at 161:4–15. Additionally, Plaintiff connected his own NHL with his use of Roundup and acted on this belief because he never used Roundup again. Marshall

Decl. Ex. 1, G. Cervantes Dep. at 64:12–14, 158:12–159:11, 196:14–19.  Plaintiff therefore "possesse[d] sufficient information concerning his injury and the cause of his injury to put a reasonable person on notice to make additional inquiries." *RVP, LLC v. Advantage Ins. Servs., Inc.*, 82 N.E.3d 619, 624 (Ill. Ct. App. 2017).

Mr. Cervantes knew he was injured in 2004 and developed a reasonable belief that Roundup may have caused his injury that same year.  "At that point the burden is upon the injured person to inquire further as to the existence of a cause of action." *Witherell v. Weimer*, 421 N.E.2d 869, 874 (Ill. 1981).  Mr. Cervantes did not inquire further, Ex. 1, G. Cervantes Depo. at 160:23–161:3, and the two-year statute of limitations expired in 2006, *see* 735 ILCS 5/13–202.  Accordingly, his strict-liability and negligence claims (Counts I-III) are time-barred.

        3.    *Plaintiff's invocation of the discovery rule fails for the additional reason that he cannot prove the date of discovery.*

"At trial, [Plaintiff] would bear the burden of proof on the issue of" the date of discovery for purposes of the discovery rule. *In re Brazier Forest Prods., Inc.*, 921 F.2d 221, 223 (9th Cir. 1990); *see also Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d at 1138.  "Therefore, in order to defeat the motion for summary judgment, [he] must establish the" date of discovery.  *See In re Brazier Forest Prods.*, 921 F.2d at 223.  As set forth above, the affirmative evidence establishes that the discovery rule was satisfied as of 2004.  However, even if it did not, Monsanto would still be entitled to summary judgment under *Celotex* because Plaintiff is unable to establish the date of discovery.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (explaining that, to create a genuine issue of material fact, the non-movant must present evidence that could sustain a jury verdict).

Despite admitting that he stopped using Roundup in 2004 due to concerns that it may have caused his NHL, Plaintiff gave a different answer when later asked how he came to believe that Roundup had caused his NHL.[1]  Marshall Decl. Ex. 1, G. Cervantes Dep. at 195:19–20.  He

---

[1] As discussed above, the undisputed facts show that Plaintiff was on inquiry notice as a matter of law in 2004.  The discovery rule does not permit would-be plaintiffs to sit on their hands until plaintiffs' attorneys happen to run television commercials in their areas.  *See Hancock v. Village of Itasca*, 59 N.E.3d 793, 797 (Ill. Ct. App. 2016) ("The discovery rule should not be applied in a

answered that "suspicion" arose "when [he] started seeing things on TV"—*i.e.*, "commercials on TV that stated if you have been diagnosed with this and you used Roundup, there can be a connection." *Id.* at 195:19–197:1.  Plaintiff was asked when he first saw these commercials and answered: "I don't know. It's been a while. I'm terrible with date time frames . . . ." *Id.* at 195:24–196:3.  Asked to provide an estimate—"Was it within year, within five years?"—he answered, "Oh. Within five years. Yeah, I would say five years. It would be an estimate." *Id.* at 196:9–13; *see also id.* at 161:11–15 (testifying that he had "seen commercials for years on it").

For the discovery rule to save Plaintiff's negligence and strict-liability claims, he would have to prove that the "date of discovery" was April 29, 2017 or later.  *Hermitage Corp.*, 651 N.E.2d at 1138.  However, according to his own testimony, he saw Roundup commercials as early as 2015 (five years prior to his deposition). Marshall Decl. Ex. 1, G. Cervantes Depo. at 196:9–13.  Plaintiff also admitted that he cannot prove the purported date of discovery; *he does not know it*. *Id.* at 195:19–197:1.  Based on this testimony, Plaintiff cannot present evidence that would support a jury finding that the purported discovery date occurred on or after April 29, 2017.  Monsanto is entitled to summary judgment as to Plaintiff's strict-liability and negligence claims for this additional reason.

**B.    Plaintiff's Warranty Claims Are Time-Barred.**

Plaintiff's warranty claims are subject to a four-year statute of limitations.  See 810 ILCS 5/2–725; *see also Mydlach v. DaimlerChrysler Corp.*, 875 N.E.2d 1047, 1058 (Ill. 2007) (express warranty); *Berry v. G. D. Searle & Co.*, 309 N.E.2d 550, 554 (Ill. 1974) (implied warranty).  "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach," and "[a] breach of warranty occurs when tender of delivery is made." 810 ILCS 5/2–725(2).  "Illinois courts have strictly construed this provision in just this manner." *Hagen v. Richardson-Merrell, Inc.*, 697 F. Supp. 334, 341 (N.D. Ill. 1988) (collecting cases).  And "[t]he language of the statute, as interpreted by the courts of [Illinois], clearly proscribes the

---

manner that encourages litigants and attorneys to wait for others to take th[e] initiative."). Thus, Plaintiff cannot rely on his own failure to inquire to push back the discovery date.

application of the discovery rule in breach of warranty cases." *Nelligan v. Tom Chaney Motors, Inc.*, 479 N.E.2d 439, 442 (Ill. Ct. App. 1985).

There is no dispute that Plaintiff last purchased Roundup in 2004. Marshall Decl. Ex. 1, G. Cervantes Depo. at 64:12–14. Any warranty breach occurred "at the time of delivery 'regardless of the [Plaintiff's] lack of knowledge.'" *Moorman Mfg. Co. v. Natl. Tank Co.*, 435 N.E.2d 443, 454 (Ill. 1982) (quoting ILCS 5/2–725(2)). Thus, Plaintiff's warranty claims accrued at that time, and the statute of limitations began to run. *See id.* That four-year limitations period expired in 2008, and Plaintiff filed suit more than a decade later—in 2019.

Because Plaintiff last purchased Roundup in 2004 and "the discovery rule does not apply to breach of warranty claims," Plaintiff's "breach of warranty claims . . . are time-barred." *Hagen*, 697 F. Supp. at 341; *see also Dohra v. Alcon (Puerto Rico), Inc.*, No. 92 C 2624, 1994 WL 395000, at *6 (N.D. Ill. July 26, 1994); *Belkow v. Celotex Corp.*, 722 F. Supp. 1547, 1550 (N.D. Ill. 1989). Therefore, Monsanto is entitled to summary judgment on Plaintiff's claims for breach of express warranty (Count IV) and breach of implied warranty of merchantability (Count V).

C. **All of Plaintiff's Claims Are Barred by the Illinois Product Liability Statute of Repose.**

The Illinois products liability statute of repose states, in pertinent part:

> [N]o product liability action based on any theory or doctrine shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff . . .

735 ILCS 5/13-213(b).

> Notwithstanding the provisions of subsection (b) . . . if the injury complained of occurs within any of the periods provided by subsection (b) . . . , the plaintiff may bring an action within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury, death or property damage, *but in no event shall such action be brought more than 8 years after the date on which such personal injury, death or property damage occurred.*

735 ILCS 5/13-213(d) (emphasis added).

This is a "product liability action," because all of Plaintiff's claims were asserted "on

- 6 -

account of personal injury, (including illness, disease, disability and death) or property, economic or other damage allegedly caused by or resulting from the manufacture, . . . design, formula, . . . advertising, sale, marketing, packaging, labeling, . . . . warning or instruction regarding" Monsanto's "product," Roundup. *See* 735 ILCS 5/13-213(a)(3). And the statute of repose applies to Roundup because it is a "tangible object or good[] distributed in commerce." 735 ILCS 5/13-213(a)(3). Indeed, Illinois courts have directly held that the statue applies to the "situation in which the disease resulting from exposure to the product has a long latency period." *Olson v. Owens-Corning Fiberglas Corp.*, 556 N.E.2d 716, 719 (Ill. Ct. App. 1990). The only question, therefore, is whether this action was brought within the statute of repose. It was not.

The material, undisputed facts are as follows:

- Mr. Cervantes first purchased and used Roundup in 1982.[2]
- Mr. Cervantes last purchased and used Roundup in 2004.[3]
- Mr. Cervantes was diagnosed with NHL on October 15, 2004.[4]
- Mr. Cervantes brought this action on April 29, 2019.[5]

Nearly fifteen years passed between when Mr. Cervantes last purchased Roundup (2004) and when he filed this product liability action (2019).[6] Accordingly, both the 12- and 10-year repose periods in Section 13-213(b) expired years before this suit was filed, effectively barring his claims. *See* 735 ILCS 5/13-213(b).

Notably, the statute's limited discovery rule, found in Section 13-213(d), does not save his action. Although Section 13-213(d) codifies a two-year discovery rule as an exception to the statute

---

[2] Marshall Decl. Ex. 1, G. Cervantes Dep. at 103:15–104:5, 124:8–11.

[3] *Id.* at 64:12–14, 158:12–159:11, 196:14–19.

[4] *Id.* at 59:2–6, 185:1–3.

[5] *See* Pl's. Compl. (ECF1).

[6] In exposure cases involving long latency periods, courts have ruled that the Illinois statute of repose begins to run when the plaintiff is "first exposed." *Schultz v. Keene Corp.*, 729 F. Supp. 609, 613 (N.D. Ill. 1990); *see also Blazek v. Nicolet, Inc.*, 527 N.E.2d 568, 569 (Ill Ct. App. 1988). While Monsanto believes these cases apply the statute of repose correctly, it pretermits any argument on this point to avoid raising an unnecessary legal question.

of repose, that section also expressly limits the discovery rule's impact by further codifying an eight-year ultimate endpoint for all product liability claims. Section 13-213(d)'s eight-year bar represents "'an absolute cut-off point beyond which no action can be brought regardless of whether the plaintiff knows of the damage or not.'" *Stark v. Johnson & Johnson*, No. 18 CV 06609, 2020 WL 1914767, at *5 n.9 (N.D. Ill. Apr. 20, 2020) (quoting *Dohra*, 1994 WL 71449, at *2). This 8-year period acts as a "limited discovery-rule extension of the statute of repose," *DeLuca v. Liggett & Myers, Inc.*, No. 00 C 7781, 2003 WL 1798940, at *12 (N.D. Ill. Apr. 4, 2003), because it runs from the date of injury rather than the date of last purchase, 735 ILCS 5/13-213(d). It is triggered when the plaintiff's injury occurs within the original statute of repose. *See id.*

Even assuming that Mr. Cervantes's injury (for purposes of the statute of repose) occurred on October 15, 2004,[7] the statute of repose required him to file his suit by October 15, 2012—whether he had discovered his injury or not. *See id.* Because he did not file this suit until April 29, 2019, his suit is also barred by the Illinois statute of repose.

## CONCLUSION

For the foregoing reasons, all of Plaintiff's claims are time-barred, and Monsanto is entitled to summary judgment.

---

[7] Courts have ruled that, in cases like this one, "the date of exposure" represents the date of injury for purposes of the Illinois statute of repose. *See Stark*, 2020 WL 1914767, at *5 n.9 (citing *Zimmerman v. Abbott Labs, Inc.*, 545 N.E.2d 547 (Ill. Ct. App. 1989)). Again, Monsanto takes a more-liberal approach to the statute of repose in order to avoid any immaterial legal arguments and to demonstrate that the suit is untimely under any conceivable approach.

DATED: March 19, 2021

Respectfully submitted,

/s/ K. Lee Marshall
K. Lee Marshall
BRYAN CAVE LEIGHTON PAISNER LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111
Tel:   415-675-3400
Fax: 415-675-3434
klmarshall@bclplaw.com

Attorneys for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of March, 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ K. Lee Marshall