**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:      (713) 227-8008
Facsimile:      (713) 227-9508
Email:           jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Jeffrey D. Huber and Leslie Huber v. Monsanto Co.*, Case No. 3:21-cv-01331-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint, except as set forth below.  As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.  Silence as to any allegations shall constitute a denial.

1.      In response to the allegations in the first sentence of paragraph 1, Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs.  Monsanto denies the remaining allegations in the first sentence of paragraph 1.  In response to the allegations in the second sentence of paragraph 1, Monsanto admits that plaintiffs purport to bring a claim for loss of consortium but denies any liability to plaintiffs.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies those allegations.

4.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5.      Monsanto denies the allegations in paragraph 5.

6.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies those allegations.

7.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies those allegations.

8.      In response to the allegation in the first sentence of paragraph 8, Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 8.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied. Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

10.     Monsanto admits the allegations in paragraph 10.

11.     In response to the allegations in paragraph 11, Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate and that Monsanto has manufactured Roundup®-branded products that have glyphosate as the active ingredient, but notes that Monsanto has not been the only manufacturer of glyphosate-based herbicides.

12.     In response to the allegations in paragraph 12, Monsanto admits that it has advertised and sold Roundup®-branded products in Missouri.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.     The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.     Monsanto admits the allegations in paragraph 16.

17.     Monsanto admits that it is authorized to do business in Missouri. The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     The allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     Monsanto denies the allegations in paragraph 20.

21.     The allegations in paragraph 21 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 21 based upon the allegations in plaintiffs' Complaint.

22.     Monsanto admits the allegations in paragraph 22.

23.     The allegations in paragraph 23 set forth conclusions of law for which no response is required.

24.     In response to the allegations in paragraph 24, Monsanto denies any "omissions" and certain events giving rise to plaintiffs' claim. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations. The remaining allegations in paragraph 24 set forth conclusions of law for which no response is required.

25.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products. The remaining allegations in paragraph 25 set forth conclusions of law for which no response is required.

26.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri. Monsanto admits that it and its

affiliated companies have operations and offices in countries around the world.  Monsanto states that the remaining allegations in paragraph 26 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

27.    Monsanto admits the allegations in paragraph 27.

28.    Monsanto admits the allegations in paragraph 28.

29.    In response to the allegations in paragraph 29, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 29 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and therefore denies those allegations.

30.    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 30 comprise attorney characterizations and are accordingly denied.

31.    Monsanto admits the allegations in paragraph 31.

32.    Monsanto generally admits the allegations in paragraph 32, but denies the allegations in paragraph 32 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

33.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies those allegations.

34.    Monsanto admits that it has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 34 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 34.

35.    Monsanto admits the allegations in paragraph 35.

36.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years. Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 36.

37.     The allegations in paragraph 37 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 37.

38.     In response to the allegations in paragraph 38, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). The remaining allegations in paragraph 38 set forth conclusions of law for which no response is required.

39.     The allegations in paragraph 39 set forth conclusions of law for which no response is required.

40.     In response to the allegations in paragraph 40, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution in the United States and are registered by the States of Missouri and Iowa for sale and distribution.

41.     In response to the allegations in paragraph 41, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. Monsanto states that the term "the product tests" in the final sentence of paragraph 41 is vague and ambiguous, and Monsanto therefore denies the same. The remaining allegations in paragraph 41 set forth conclusions of law for which no answer is required.

42.     Monsanto denies the allegations in paragraph 42 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth

of the allegations in paragraph 42 regarding such pesticide products generally and therefore denies those allegations. The remaining allegations in paragraph 42 set forth conclusions of law for which no response is required.

43.     In response to the allegations in paragraph 43, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings. Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2] Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3] Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 and therefore denies those allegations.

44.     In response to the allegations in paragraph 44, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto. Monsanto states that none of the New York Attorney

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-01331-VC

General's allegations related in any way to a purported or alleged risk of cancer. To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 44 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

45.     In response to the allegations in paragraph 45, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General. The assurance speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 45 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

46.     Monsanto denies the allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 47 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 47.

48.     Monsanto denies the allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 49 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 and therefore denies those allegations.

50.     Monsanto admits the allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 51 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 and therefore denies those allegations.

52.     Monsanto states that the term "toxic" as used in paragraph 52 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 52.

53.     Monsanto admits the allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004.  To the extent that paragraph 55 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 57 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 57.

58.     Monsanto denies the allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 59 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 59.

60.     In response to the allegations in paragraph 60, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 60 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 60.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-01331-VC

61.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 61.

62.     Monsanto denies the allegations in paragraph 62.

63.     Monsanto denies the allegations in paragraph 63.

64.     Monsanto denies the allegations in paragraph 64.

65.     Monsanto denies the allegations in paragraph 65.

66.     Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling.  Monsanto denies the remaining allegations in paragraph 66.

67.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 67 and therefore denies those allegations.

68.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

69.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore denies those allegations.  Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

70.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen.  Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative."  The remaining allegations in paragraph 70 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

71.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen.  In response to the remaining allegations in paragraph 71, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-01331-VC

deemed required, the remaining allegations in paragraph 71 comprise attorney characterizations and are accordingly denied.

72. In response to the allegations in paragraph 72, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the allegations in paragraph 72 comprise attorney characterizations and are accordingly denied.

73. In response to the allegations in paragraph 73, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the allegations in paragraph 73 comprise attorney characterizations and are accordingly denied.

74. Monsanto denies the allegations in paragraph 74.

75. The allegations in paragraph 75 comprise attorney characterizations and are accordingly denied.

76. Monsanto admits the allegations in paragraph 76.

77. In response to the allegations in paragraph 77, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 77 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 77.

78. In response to the allegations in paragraph 78, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions. Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions. Monsanto denies the remaining allegations in paragraph 78.

79. The allegations in paragraph 79 are vague and ambiguous and are accordingly denied.

80. In response to the allegations in paragraph 80, Monsanto states that the cited document speaks for itself and does not require a response.

81.     In response to the allegations in paragraph 81, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 81 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     In response to the allegations in paragraph 83, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto otherwise denies the allegations in paragraph 83.

84.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic. Monsanto otherwise denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate. Monsanto denies the remaining allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto denies the allegations in paragraph 90.

91.     Monsanto admits the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto admits the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     Monsanto denies the allegations in paragraph 98.

99.     Monsanto denies the allegations in paragraph 99.

100.   Monsanto denies the allegations in paragraph 100.

101.   Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact. Monsanto denies the remaining allegations in paragraph 101.

102.   In response to the allegations in paragraph 102, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.   Monsanto otherwise denies the allegations in paragraph 102.

103.   In response to the allegations in paragraph 103, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data. Monsanto denies the remaining allegations in paragraph 103.

104.   In response to the allegations in paragraph 104, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies. Monsanto otherwise denies the remaining allegations in paragraph 104.

105.   In response to the allegations in paragraph 105, Monsanto admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.   In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-01331-VC

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 105.

106.    In response to the allegations in paragraph 106, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies. To the extent that the allegations in paragraph 106 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

107.    In response to the allegations in paragraph 107, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

108.    Monsanto denies the allegations in paragraph 108 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and

that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid. As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 108 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

109.    In response to the allegations in paragraph 109, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

110.    In response to the allegations in paragraph 110, Monsanto admits that it — along with numerous other private companies — hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products. Monsanto otherwise denies the remaining allegations in paragraph 110.

111.    In response to the allegations in paragraph 111, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud. To the extent that the allegations in paragraph 111 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

112.    In response to the allegations in paragraph 112, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost. To the extent that the allegations in paragraph 112 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

113.    In response to the allegations in paragraph 113, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

1      114.    In response to the allegations in paragraph 114, Monsanto admits that a 1986 joint

2 report of the World Health Organization and Food and Agriculture Organization of the United

3 Nations is cited in support of the safety of glyphosate and Roundup®-branded products.

4 Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and

5 Roundup®-branded products, and denies that WHO considers glyphosate to be a probable

6 carcinogen. Monsanto denies the remaining allegations in paragraph 114.

7      115.    Monsanto denies the allegations in paragraph 115.

8      116.    Monsanto denies the allegations in paragraph 116.

9      117.    Monsanto denies the allegations in paragraph 117.

10      118.    Monsanto denies the allegations in paragraph 118.

11      119.    Monsanto denies the allegations in paragraph 119.

12      120.    Monsanto denies the allegations in paragraph 120.

13      121.    Monsanto denies the allegations in paragraph 121.

14      122.    Monsanto denies the allegations in paragraph 122.

15      123.    Monsanto denies the allegations in paragraph 123.

16      124.    Monsanto denies the allegations in paragraph 124.

17      125.    Monsanto denies the allegations in paragraph 125.

18      126.    Monsanto denies the allegations in paragraph 126.

19      127.    Monsanto incorporates by reference its responses to paragraphs 1 through 126 in

20 response to paragraph 127 of plaintiffs' Complaint.

21      128.    Monsanto lacks information or knowledge sufficient to form a belief as to the

22 truth of the allegations in paragraph 128 and therefore denies those allegations.

23      129.    Monsanto lacks information or knowledge sufficient to form a belief as to the

24 truth of the allegations in paragraph 129 and therefore denies those allegations.

25      130.    Monsanto lacks information or knowledge sufficient to form a belief as to the

26 truth of the allegations in paragraph 130 and therefore denies those allegations.

27      131.    Monsanto denies the allegations in paragraph 131.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-01331-VC

132.    Monsanto incorporates by reference its responses to paragraphs 1 through 131 in response to paragraph 132 of plaintiffs' Complaint.

133.    In response to the allegations in paragraph 133, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human health. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

134.    In response to the allegations in paragraph 134, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health. Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015. The remaining allegations in paragraph 134 set forth conclusions of law for which no response is required.

135.    In response to the allegations in paragraph 135, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate. Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 135 and therefore denies those allegations.

136.    The allegations in paragraph 136 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 136. Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

137.    Monsanto denies the allegations in paragraph 137.

138.    Monsanto denies the allegations in paragraph 138.

139.    In response to the allegations in paragraph 139, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

140.     In response to the allegations in paragraph 140, Monsanto states that the cited document speaks for itself and does not require a response.

141.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in paragraph 141. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

142.     Monsanto denies the allegations in the first and last sentences of paragraph 142. The remaining allegations in paragraph 142 set forth conclusions of law for which no response is required. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

143.     Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 143 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

144.     Monsanto incorporates by reference its responses to paragraphs 1 through 143 in response to paragraph 144 of plaintiffs' Complaint.

145.     In response to the allegations in paragraph 145, Monsanto states that the phrase "directly or indirectly" is vague and ambiguous and that Monsanto lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore Monsanto denies those allegations in paragraph 145.

146.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 146 regarding the specific products allegedly purchased and/or used by plaintiff and therefore denies the allegations in paragraph 146.

147.     The allegations in paragraph 147 set forth conclusions of law for which no response is required.

148.     The allegations in paragraph 148 set forth conclusions of law for which no response is required.

149.     Monsanto denies the allegations in paragraph 149.

150.     Monsanto denies the allegations in paragraph 150.

151.     Monsanto denies the allegations in paragraph 151.

152.     Monsanto denies the allegations in paragraph 152.

153.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 153 regarding users' and consumers' knowledge and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 153. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

154.     Monsanto denies the allegations in paragraph 154.

155.     Monsanto denies the allegations in paragraph 155.

156.     Monsanto denies the allegations in paragraph 156.

157.     Monsanto denies the allegations in paragraph 157, including each of its subparts.

158.     Monsanto denies the allegations in paragraph 158.

159.     Monsanto denies the allegations in paragraph 159.

160.     Monsanto denies the allegations in paragraph 160, including each of its subparts.

161.     Monsanto denies the allegations in paragraph 161.

162.     Monsanto denies the allegations in paragraph 162.

163.     Monsanto denies the allegations in paragraph 163.

164.     Monsanto denies the allegations in paragraph 164.

165.     Monsanto denies the allegations in paragraph 165.

166.     Monsanto denies the allegations in paragraph 166. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-01331-VC

In response to the allegations in the first sentence of the "WHEREFORE" paragraph following paragraph 166, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 166 sets forth a conclusion of law for which no response is required.

167. Monsanto incorporates by reference its responses to paragraphs 1 through 166 in response to paragraph 167 of plaintiffs' Complaint.

168. In response to the allegations in paragraph 168, Monsanto admits that plaintiffs purport to bring a claim for strict liability but denies any liability as to that claim.

169. In response to the allegations in paragraph 169, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used and/or was exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 169.

170. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 170 and therefore denies those allegations.

171. Monsanto denies the allegations in paragraph 171.

172. Monsanto denies the allegations in paragraph 172.

173. Monsanto denies the allegations in paragraph 173.

174. Monsanto denies the allegations in paragraph 174, including each of its subparts.

175. Monsanto denies the allegations in paragraph 175.

176. Monsanto denies that Roundup®-branded products have "dangerous characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 176 and therefore denies those allegations.

177. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 177 and therefore denies those allegations.

178. Monsanto denies the allegations in paragraph 178.

1   179.   The allegations in paragraph 179 set forth conclusions of law for which no

2   response is required.

3   180.   Monsanto denies the allegations in paragraph 180.

4   181.   Monsanto denies the allegations in paragraph 181.

5   182.   Monsanto denies the allegations in paragraph 182.

6   183.   Monsanto denies the allegations in paragraph 183.

7   184.   Monsanto denies the allegations in paragraph 184.

8   185.   Monsanto denies the allegations in paragraph 185.

9   186.   Monsanto denies the allegations in paragraph 186.

10   187.   Monsanto denies the allegations in paragraph 187.

11   188.   Monsanto denies the allegations in paragraph 188.

12   189.   Monsanto denies the allegations in paragraph 189.

13   In response to the allegations in the first sentence of the "WHEREFORE" paragraph

14   following paragraph 189, Monsanto demands that judgment be entered in its favor and against

15   plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded

16   costs of suit and reasonable attorney's fees as allowed by law and such further and additional

17   relief as this Court may deem just and proper.  The statement in the last sentence of the

18   "WHEREFORE" paragraph following paragraph 189 sets forth a conclusion of law for which no

19   response is required.

20   190.   Monsanto incorporates by reference its responses to paragraphs 1 through 189 in

21   response to paragraph 190 of plaintiffs' Complaint.

22   191.   In response to the allegations in paragraph 191, Monsanto admits that plaintiffs

23   purport to bring a claim for strict liability but denies any liability as to that claim.

24   192.   The allegations in paragraph 192 set forth conclusions of law for which no

25   response is required.

26   193.   Monsanto lacks information or knowledge sufficient to form a belief as to the

27   truth of the allegations in paragraph 193 and therefore denies those allegations.

28

194.    Monsanto denies the allegations in paragraph 194. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

195.    Monsanto denies the allegations in paragraph 195.

196.    Monsanto denies the allegations in paragraph 196. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

197.    Monsanto denies the allegations in paragraph 197. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

198.    Monsanto denies the allegations in paragraph 198.

199.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 199 and therefore denies those allegations.   Monsanto denies the remaining allegations in paragraph 199.

200.    The allegations in paragraph 200 set forth conclusions of law for which no response is required.

201.    Monsanto denies the allegations in paragraph 201.

202.    Monsanto denies the allegations in paragraph 202.

203.    Monsanto denies the allegations in paragraph 203.

204.    Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 204.

205.    The allegations in paragraph 205 set forth conclusions of law for which no response is required.

206.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 206 and therefore denies those allegations.

207.    Monsanto denies the allegations in paragraph 207.

208.    Monsanto denies the allegations in paragraph 208.

209.    Monsanto denies the allegations in paragraph 209.

210.    Monsanto denies the allegations in paragraph 210.

211.    Monsanto denies the allegations in paragraph 211.

In response to the allegations in the first sentence of the "WHEREFORE" paragraph following paragraph 211, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 211 sets forth a conclusion of law for which no response is required.

212.    Monsanto incorporates by reference its responses to paragraphs 1 through 211 in response to paragraph 212 of plaintiffs' Complaint.

213.    Monsanto denies the allegations in paragraph 213. Additionally, the allegations in the last sentence in paragraph 213 set forth conclusions of law for which no response is required.

214.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 214 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 214 set forth conclusions of law for which no response is required.

215.    The allegations in paragraph 215 set forth conclusions of law for which no response is required.

216.    Monsanto denies the allegations in paragraph 216.

217.    The allegation in paragraph 217 regarding a purported implied warranty sets forth a conclusion of law for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 217 and therefore denies those allegations.

218.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 218 concerning the condition of any Roundup®-branded

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-01331-VC

product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies the allegations in paragraph 218.

219.    Monsanto denies the allegations in paragraph 219.

220.    Monsanto denies the allegations in paragraph 220.

221.    Monsanto denies the allegations in paragraph 221.

In response to the allegations in the first sentence of the "WHEREFORE" paragraph following paragraph 221, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 221 sets forth a conclusion of law for which no response is required.

222.    Monsanto incorporates by reference its responses to paragraphs 1 through 221 in response to paragraph 222 of plaintiffs' Complaint.

223.    In response to the allegations in paragraph 223, Monsanto admits that it has manufactured, distributed, advertised, promoted, and sold Roundup®-branded products.

224.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 224 concerning plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations. Monsanto admits that it has sold glyphosate based herbicides in accordance with their EPA-approved labeling. The remaining allegations in paragraph 224 set forth conclusions of law for which no response is required.

225.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 225 concerning plaintiff's foreseeable use of Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 225 set forth conclusions of law for which no response is required.

226.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 226 and therefore denies those allegations.

227.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 227 and therefore denies those allegations.

228.    The allegations in paragraph 228 set forth conclusions of law for which no response is required.

229.    The allegations in paragraph 229 set forth conclusions of law for which no response is required.

230.    Monsanto denies the allegations in paragraph 230.

231.    Monsanto denies the allegations in paragraph 231.

232.    Monsanto denies the allegations in paragraph 232.

233.    Monsanto denies the allegations in paragraph 233.

234.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 234 regarding plaintiff's reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 234.

235.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 235 regarding reliance by plaintiff and others and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 235.

236.    Monsanto denies the allegations in paragraph 236.

237.    Monsanto denies the allegations in paragraph 237.

238.    Monsanto denies the allegations in paragraph 238.

239.    Monsanto denies the allegations in paragraph 239.

240.    Monsanto denies the allegations in paragraph 240.

In response to the allegations in the first sentence of the "WHEREFORE" paragraph following paragraph 240, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 240 sets forth a conclusion of law for which no response is required.

241.     Monsanto incorporates by reference its responses to paragraphs 1 through 240 in response to paragraph 241 of plaintiffs' Complaint.

242.     Monsanto lacks information or knowledge sufficient to form a belief regarding plaintiff's claimed selection or use of Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 242 set forth conclusions of law for which no response is required.

243.     The allegations in the first sentence of paragraph 243 set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 243, including that Roundup®-branded products are "dangerous products."

244.     Monsanto denies the allegations in paragraph 244.

245.     Monsanto denies the allegations in paragraph 245.

246.     Monsanto denies the allegations in paragraph 246.

247.     Monsanto denies the allegations in paragraph 247.

248.     Monsanto denies the allegations in paragraph 248.

249.     Monsanto denies the allegations in paragraph 249.

250.     Monsanto denies the allegations in paragraph 250.

251.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 251 regarding plaintiff's actions, and therefore Monsanto denies those allegations. Monsanto denies the remaining allegations in paragraph 251.

252.     Monsanto denies the allegations in paragraph 252.

253.     Monsanto denies the allegations in paragraph 253.

254.     Monsanto denies the allegations in paragraph 254.

In response to the allegations in the first sentence of the "WHEREFORE" paragraph following paragraph 254, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of the

"WHEREFORE" paragraph following paragraph 254 sets forth a conclusion of law for which no response is required.

255.   Monsanto incorporates by reference its responses to paragraphs 1 through 254 in response to paragraph 255 of plaintiffs' Complaint.

256.   Monsanto admits that plaintiffs purport to bring certain claims alleged in paragraph 256 of the Complaint, but denies any liability as to those claims. Monsanto denies the remaining allegations in paragraph 256.

257.   Monsanto denies the allegations in paragraph 257.

258.   Monsanto denies the allegations in paragraph 258.

259.   Monsanto denies the allegations in paragraph 259.

260.   Monsanto denies the allegations in paragraph 260.

261.   Monsanto denies the allegations in paragraph 261.

262.   Monsanto denies the allegations in paragraph 262.

263.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 263 regarding plaintiff's actions, and therefore Monsanto denies those allegations. Monsanto denies the remaining allegations in paragraph 263.

264.   Monsanto denies the allegations in paragraph 264.

265.   Monsanto denies the allegations in paragraph 265. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

266.   Monsanto denies the allegations in paragraph 266.

In response to the allegations in the first sentence of the "WHEREFORE" paragraph following paragraph 266, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 266 sets forth a conclusion of law for which no response is required

267.    Monsanto incorporates by reference its responses to paragraphs 1 through 266 in response to paragraph 267 of plaintiffs' Complaint.

268.    The allegations in paragraph 268 set forth conclusions of law for which no response is required.

269.    In response to the allegations in paragraph 269, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used and/or was exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 269.

270.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 270 and therefore denies those allegations.

271.    Monsanto denies the allegations in paragraph 271.

272.    Monsanto denies the allegations in paragraph 272.

273.    Monsanto denies the allegations in paragraph 273.

274.    Monsanto denies the allegations in paragraph 274.

275.    Monsanto denies the allegations in paragraph 275.

276.    Monsanto denies the allegations in paragraph 276.

277.    Monsanto denies that Roundup®-branded products have "dangerous characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 277 and therefore denies those allegations.

278.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 278 and therefore denies those allegations.

279.    Monsanto denies the allegations in paragraph 279.

280.    The allegations in paragraph 280 set forth conclusions of law for which no response is required.

281.    Monsanto denies the allegations in paragraph 281

282.    Monsanto denies the allegations in paragraph 282.

283.    Monsanto denies the allegations in paragraph 283.

284.    Monsanto denies the allegations in paragraph 284.

1     285.   Monsanto denies the allegations in paragraph 285.

2     286.   Monsanto denies the allegations in paragraph 286.

3     287.   Monsanto denies the allegations in paragraph 287.

4     288.   Monsanto denies the allegations in paragraph 288.

5     289.   Monsanto denies the allegations in paragraph 289.

6     290.   Monsanto denies the allegations in paragraph 290.

7     In response to the allegations in the first sentence of the "WHEREFORE" paragraph

8  following paragraph 290, Monsanto demands that judgment be entered in its favor and against

9  plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded

10  costs of suit and reasonable attorney's fees as allowed by law and such further and additional

11  relief as this Court may deem just and proper. The statement in the last sentence of the

12  "WHEREFORE" paragraph following paragraph 290 sets forth a conclusion of law for which no

13  response is required.

14     291.   Monsanto incorporates by reference its responses to paragraphs 1 through 290 in

15  response to paragraph 291 of plaintiffs' Complaint.

16     292.   The allegations in paragraph 292 set forth conclusions of law for which no

17  response is required.

18     293.   The allegations in paragraph 293 set forth conclusions of law for which no

19  response is required.

20     294.   Monsanto lacks information or knowledge sufficient to form a belief as to the

21  truth of the allegations in paragraph 294 and therefore denies those allegations.

22     295.   Monsanto denies the allegations in paragraph 295. All labeling of Roundup®-

23  branded products has been and remains EPA-approved and in compliance with all federal

24  requirements under FIFRA.

25     296.   Monsanto denies the allegations in paragraph 296.

26     297.   Monsanto denies the allegations in paragraph 297. All labeling of Roundup®-

27  branded products has been and remains EPA-approved and in compliance with all federal

28  requirements under FIFRA.

1       298.    Monsanto denies the allegations in paragraph 298. All labeling of Roundup®-

2  branded products has been and remains EPA-approved and in compliance with all federal

3  requirements under FIFRA.

4       299.    Monsanto denies the allegations in paragraph 299.

5       300.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6  truth of the allegations regarding plaintiff's use history in paragraph 300 and therefore denies

7  those allegations. Monsanto denies the remaining allegations in paragraph 300.

8       301.    The allegations in paragraph 301 set forth conclusions of law for which no

9  response is required.

10       302.    Monsanto denies the allegations in paragraph 302.

11       303.    Monsanto denies the allegations in paragraph 303.

12       304.    Monsanto denies the allegations in paragraph 304.

13       305.    Monsanto denies the allegations that Roundup®-branded products are defective

14  and accordingly denies the allegations in paragraph 305.

15       306.    The allegations in paragraph 306 set forth conclusions of law for which no

16  response is required.

17       307.    Monsanto lacks information or knowledge sufficient to form a belief as to the

18  truth of the allegations in paragraph 307 and therefore denies those allegations.

19       308.    Monsanto denies the allegations in paragraph 308.

20       309.    Monsanto denies the allegations in paragraph 309.

21       310.    Monsanto denies the allegations in paragraph 310.

22       311.    Monsanto denies the allegations in paragraph 311.

23       312.    Monsanto denies the allegations in paragraph 312.

24       In response to the allegations in the first sentence of the "WHEREFORE" paragraph

25  following paragraph 312, Monsanto demands that judgment be entered in its favor and against

26  plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded

27  costs of suit and reasonable attorney's fees as allowed by law and such further and additional

28  relief as this Court may deem just and proper. The statement in the last sentence of the

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-01331-VC

"WHEREFORE" paragraph following paragraph 312 sets forth a conclusion of law for which no response is required.

313.    Monsanto incorporates by reference its responses to paragraphs 1 through 312 in response to paragraph 313 of plaintiffs' Complaint.

314.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 314 regarding the marital status of plaintiffs and accordingly denies those allegations.

315.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 315 and therefore denies those allegation.

In response to the allegations in the first sentence of the "WHEREFORE" paragraph following paragraph 315, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  The statement in the last sentence of the "WHEREFORE" paragraph following paragraph 315 sets forth a conclusion of law for which no response is required.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.    Venue may be inconvenient for plaintiffs' claims.

3.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

5.    Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.    Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.    Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

8.    Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.    Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.    Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

12.   Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs.   If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

13.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

14.   Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

15.   Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

16.   If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

17.   Monsanto had no legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

18.   Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.   Plaintiffs' claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Missouri Constitution, the Nebraska Constitution, and/or other applicable state constitutions.

20.   Plaintiffs' claims for punitive damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Missouri law, Nebraska law, and/or other applicable state laws.

21. Plaintiffs' claims for punitive damages are barred and/or limited by operation of state and/or federal law, including Missouri Revised Statute § 510.261, *et al.*

22. Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiffs and/or the safety of the public. Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability. In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiffs have failed to clearly establish any entitlement to punitive damages based on plaintiffs' allegations.

23. Plaintiffs' claims are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

24. Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate damages.

25. Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

26. To the extent that plaintiffs recovered payments for plaintiffs' alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Missouri Revised Statute §§ 490.710, 490.715.

27. If plaintiffs have been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

28. Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

29. Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

30. Plaintiffs have failed to allege fraud with sufficient particularity.

31. In the event Monsanto is found jointly or severally liable with any other tortfeasor or with multiple tortfeasors, Monsanto reserves its right of contribution to the extent that it has to pay more than Monsanto's pro rata share of the common liability consistent with the provisions

set forth in the Nebraska Comparative Negligence Act, Neb. Rev. Stat. § 25-21, 185.10 and other applicable law.

32.  Plaintiffs' claims are barred in whole or in part pursuant to Neb. Rev. Stat. § 25-21,182 because the design, testing, or labeling of the products at issue was in conformity with the generally recognized and prevailing state of the art in the industry at the time the specific products involved in this action were first sold to any person not engaged in the business of selling such product.

33.  Plaintiffs' claim for punitive damages must be stricken pursuant to R.S.Mo. § 510.261, *et seq.* (SB 591) (2020).

34.  Monsanto did not intentionally harm plaintiffs nor did Monsanto act with a deliberate and flagrant disregard for the safety of others. In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiffs have failed to establish by a preponderance of the evidence any entitlement to punitive damages based on plaintiffs' allegations.

36.  Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED: March 23, 2021.                    Respectfully submitted,

                                          SHOOK, HARDY & BACON L.L.P.

                                          BY: */s/ Jennise W. Stubbs*
                                              Jennise W. Stubbs
                                              600 Travis Street, Suite 3400
                                              Houston, TX 77002-2926
                                              Telephone:   (713) 227-8008
                                              Facsimile:   (713) 227-9508
                                              Email:       jstubbs@shb.com

                                          *Attorneys for Defendant*
                                          *MONSANTO COMPANY*

## CERTIFICATE OF SERVICE

        I certify that on the 23rd day of March, 2021, I electronically transmitted the foregoing MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

                                          */s/ Jennise W. Stubbs*
                                          Jennise W. Stubbs

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-01331-VC