**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:   202-847-4030
Fax:  202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

*Attorneys for Defendant*
*MONSANTO COMPANY*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No.: 3:16-md-02741-VC |
| *Cervantes v. Monsanto Co.*, 3:19-cv-03015-VC<br>*Karman v. Monsanto Co.*, 3:19-cv-01183-VC<br>*Pecorelli v. Monsanto Co.,* 3:16-cv-06936-VC<br>*Peterson v. Monsanto Co.*, 3:18-cv-07271-VC<br>*Rehak v. Monsanto Co.*, 3:19-cv-01719-VC<br>*Schafer v. Monsanto Co.*, 3:19-cv-02169<br>*Seidl v. Monsanto Co.*, 3:17-cv-00519-VC | **DEFENDANT MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION TO EXCLUDE THE TESTIMONY OF DR. CHRISTOPHER PORTIER UNDER RULE 702 AND REQUEST TO TAKE DISCOVERY DEPOSITION**<br><br>Hearing date: May 28, 2021<br>Time: |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** beginning on May 28, 2021, in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will present its Motion to Exclude the Testimony of Dr. Christopher Portier Under Rule 702 and Request to Take Discovery Deposition.  Monsanto seeks an order allowing a further deposition of Dr. Portier or, alternatively, an order excluding opinion of Dr. Portier under Federal Rule of Evidence 702.

DATED:  March 29, 2021

                                                Respectfully submitted,

                                                */s/ Michael X. Imbroscio*

                                                Michael X. Imbroscio (*pro hac vice*)
                                                (mimbroscio@cov.com)
                                                Covington & Burling LLP
                                                One City Center
                                                850 10th St. NW
                                                Washington, DC 20001
                                                Tel: 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

1    Dr. Portier has filed a new expert report in the Wave 2 cases that nearly doubles the length
2  of his prior reports, adds over 100 new references, and includes significant new opinions that
3  were not included in his prior reports. As set forth below, Monsanto has had no opportunity to
4  depose Dr. Portier on the new information and opinions contained in this report in this MDL or
5  any other Roundup case. Fully cognizant of the Court's prior rulings on Dr. Portier, Monsanto
6  respectfully submits that it should be allowed to depose Dr. Portier to address these new,
7  expanded opinions and materials before it can fairly prepare its new motion to exclude Dr.
8  Portier's testimony in the Wave 2 cases, and at a minimum Monsanto should be allowed to
9  depose Dr. Portier to prepare for trial—where, if Dr. Portier is permitted to testify as he has been
10  in prior Roundup cases, he will be one of Plaintiffs' key witnesses.
11    On February 26, 2021, the parties filed a joint request for an extension of time for the
12  close of fact discovery, as to Dr. Portier only, to June 30, 2021. *See* ECF No. 12641. And on
13  March 16, 2021, the parties submitted a joint stipulation for an extension of time for Monsanto
14  to file a Rule 702 motion regarding Dr. Portier until 14 days after his deposition was completed.
15  *See* ECF No. 12777. Both filings explained that a further deposition of Dr. Portier was necessary
16  in light of his new report. On March 23, 2021 the Court denied both of the parties' joint requests
17  regarding Dr. Portier in Pretrial Order No. 229 ("PTO 229") and explained that "[i]n the event
18  there is an aspect of Dr. Portier's report that is truly novel and truly needs to be explored in a
19  deposition, one will be allowed before the Court issues a ruling on summary judgment and on
20  Daubert motions." In response to the Court's order in PTO 229, Monsanto submits this motion
21  to preserve its current arguments that Dr. Portier's opinions should be excluded under Rule 702,
22  as it has for the other general causation experts. But, for the reasons set forth herein, Monsanto
23  also respectfully requests the ability to depose Dr. Portier to explore the new aspects of Dr.
24  Portier's opinions and, if appropriate, supplement its Rule 702 motion to address these additional
25  grounds.

1  **I.   Dr. Portier's Expanded Wave 2 Report and His Novel Opinions Warrant a**
2  **Deposition to Explore This New Information.**

3  Monsanto requests a discovery deposition of Dr. Portier to explore the new opinions and reliance materials contained in his new expert report.  *See* Declaration of Michael X. Imbroscio (March 29, 2021) ("Imbroscio Decl."), Ex. 1, Expert Report of Christopher J. Portier, Ph.D., *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741 (N.D. Cal. Jan. 22, 2021) ("Report"). Monsanto is mindful of the fact that Plaintiffs are relying in Wave 2 on the same general causation experts who were the subject of the Court's July 2018 *Daubert* opinion and who testified at Roundup trials both within and outside the MDL in the summer of 2018 and the winter/spring of 2019.  A number of those experts (such as Dr. Ritz) have submitted the same expert reports for Wave 2 as previously submitted in earlier MDL proceedings and have agreed that they will not be offering opinions that go beyond their prior testimony.  Based on these agreements, Monsanto has not re-deposed those experts as part of Wave 2 discovery, and it has not requested the right to do so.  Instead, Monsanto has filed summary motions simply preserving its arguments regarding the admissibility of these experts.

Dr. Portier is in a fundamentally different position.  Not only has Dr. Portier submitted a new expert report that—at 168 pages in length—nearly doubles the length of his prior expert reports, he also added approximately 114 new references that form the bases of his opinions. Dr. Portier's new report also includes significant new opinions based upon review of studies that either had not been published or were not cited by him at the time of his prior reports and testimony.

Most notably, in late 2020, Dr. Portier published a 42-page paper (including supplementary material) that contains numerous new conclusions that have not been explored in deposition and materially expand his previously proffered expert opinions regarding the results of the glyphosate rodent carcinogenicity studies.  *See* Imbroscio Decl., Ex. 2, Portier, CJ, *A Comprehensive Analysis of the Animal Carcinogenicity Data from Chronic Exposure Rodent Carcinogenicity Studies*, 19 Env't Health 18 (2020) ("Portier 2020").  Dr. Portier relies heavily

- 2 -
MOTION TO EXCLUDE TESTIMONY OF DR. CHRISTOPHER PORTIER UNDER RULE 702 AND REQUEST FOR DEPOSITION

on this new publication throughout his MDL Wave 2 expert report. *See* Imbroscio Decl., Ex. 1, Report at 58 (stating "some text and tables from that publication are included verbatim in this report without attribution.").

For example, in both his 2020 paper and his new report, Dr. Portier appears to have developed a novel "ranking" scheme for the rodent carcinogenicity studies. He classifies the studies as showing "clear evidence," "some evidence," "equivocal evidence," or "no evidence" of cancers he alleges occurred due to glyphosate exposure. *See, e.g.,* Imbroscio Decl., Ex. 1, Report at 17, 108; Imbroscio Decl., Ex. 2, Portier 2020 at 14. He repeatedly describes this new section as his "reanalysis" of the data, *see, e.g.,* Imbroscio Decl., Ex. 1, Report at 17, yet the report does not provide all of the information necessary to explain the bases for Dr. Portier's "ranking" system. Monsanto should be permitted to inquire about these "rankings" and the methodology used to develop them.

Similarly, both Dr. Portier's new paper and new report contain a variety of other new opinions regarding the rodent carcinogenicity data. He identifies, for example, certain snippets of data from the original animal studies that he now claims—without citation—are predictive of the development of cancer. *See, e.g.,* Imbroscio Decl., Ex. 1, Report at 18 (alleging that unspecified "organ toxicity" supported "many … tumor findings"); Imbroscio Decl., Ex. 2, Portier 2020 at 5, 7, 8 (discussing non-neoplastic toxicities).

Although not mentioned in his expert report or the significantly expanded reference list, another group of scientists with access to the same set of animal studies—two of whom served as members of the United States' EPA's Science Advisory Panel on glyphosate—published their own analysis of this data in 2020, which they conclude shows no evidence that glyphosate is carcinogenic. *See* Imbroscio Decl., Ex. 3, Crump K, *et al.*, *Accounting for Multiple Comparisons in Statistical Analyses of the Extensive Bioassay Data on Glyphosate*, 175 Toxicological Sciences 156 (2020). Dr. Portier's decision not to consider this data in forming the opinions reflected in his new report raises substantial questions as to the reliability of his methodology under Rule 702, and at a minimum this new approach is a fertile subject of cross-

- 3 -
MOTION TO EXCLUDE TESTIMONY OF DR. CHRISTOPHER PORTIER UNDER RULE 702 AND REQUEST FOR DEPOSITION

1   examination.  Dr. Portier's 2020 paper also notes that it is "supported by funding from attorneys
2   involved in these litigations."  Imbroscio Decl., Ex. 2, Portier 2020 at 16.  Monsanto is entitled
3   to question Dr. Portier regarding the extent of counsel's involvement in this paper.

4   In addition, Dr. Portier proffers a number of opinions in his expanded report based upon his review of epidemiologic studies that were published *after* his prior expert reports in this MDL, including a new meta-analysis of U.S. and European cohort studies (Leon 2019) that reported a RR for glyphosate and NHL of 0.95 (0.77 – 1.18)[1] and a new pooling of data (Pahwa 2019) from earlier North American case control studies upon which Dr. Portier relied in his earlier reports that likewise found no association between glyphosate use and NHL (OR = 1.13, 0.84 – 1.51).[2]  Dr. Portier's opinions run counter to the conclusions of these studies and go to the core of the reliability of his analysis.  Monsanto has never had the opportunity to depose Dr. Portier about the opinions offered in his expert report here regarding Pahwa 2019.  As to Leon 2019, very shortly after its publication, Monsanto asked Dr. Portier about his opinions of the study at a deposition in a state court case.  Dr. Portier declined to provide fully developed opinions about the article, which contradicted his litigation opinions; instead, Dr. Portier testified that he had developed some initial thoughts, but that he wanted to review certain aspects of it further before offering any detailed opinions.  *See* Imbroscio Decl., Ex. 4, Deposition of Christopher J. Portier, Ph.D. at 106:4-7, *Winston v. Monsanto Co.,* No. 1822-CC00515 (Mo. Cir. Ct. St. Louis City June 5, 2019) ([I look] "forward to getting more detail into how they [the authors] did it and pulled it together.  It's not all in here [the paper itself].  But that's the most I have to say about it."); *id.* 106:15-19 ("The Norwegian cohort has to be looked at more carefully before you can say anything about how much influence this paper should have on your understanding of the epidemiology.").  Given that Dr. Portier's new expert report includes both

---

[1] *See* Imbroscio Decl., Ex. 5, Leon, M. et al., *Pesticide Use and Risk of Non-Hodgkin Lymphoid Malignancies in Agricultural Cohorts from France, Norway and the USA: A Pooled Analysis from the AGRICOH Consortium*, 48 Int'l J. of Epidemiology 1519 (2019).

[2] *See* Imbroscio Decl., Ex. 6, Pahwa M, et al., *Glyphosate Use and Associations with Non-Hodgkin Lymphoma Major Histological Sub-Types: Finding from the North American Pooled Project*, 45 Scand. J. Work Env't Health  600 (2019).

of these studies in his assessment of causality, Monsanto is entitled to explore these opinions, including his now apparently fully-formed opinions regarding the Leon study.

Further, both Leon 2019 and Pahwa 2019 have been incorporated into two new published meta-analyses of the glyphosate epidemiology in its entirety that—unlike the now-outdated meta-analyses upon which Dr. Portier still relies—report no overall association between glyphosate use and NHL.  *Compare* Imbroscio Decl., Ex. 7, Kabat, G. et al., *On Recent Meta-Analysis of Exposure to Glyphosate and Risk of Non-Hodgkin's Lymphoma in Humans*, 32 Cancer Causes & Control 409 (2021) (reporting a mRR of 1.05 (0.87-1.28)); and Imbroscio Decl., Ex. 8, Donato, et al., *Exposure to Glyphosate and Risk of Non-Hodgkin Lymphoma and Multiple Myeloma: An Updated Meta-Analysis*, 111 Med. Lav. 63 (2020) (reporting a mRR of 1.03 (0.86-1.21)), *with* Report at 15 ("No published meta-analysis are available that include the **Leon et al. (2019)** and **Pahwa et al. (2019)** studies.") (emphasis in original).  Dr. Portier's report neither discusses nor references either of these two new studies, nor does it explain why he continues to rely on two outdated meta-analyses—Chang and Delzell (2016) and Zhang et al. (2019)—instead.  *See, e.g.*, Imbroscio Decl., Ex. 1, Report at 52.  Dr. Portier's failure to address these new meta-analyses in his report, combined with his continued adherence to now-outdated meta-analyses, presents a substantial concern regarding the continued reliability of Dr. Portier's opinions, and Monsanto should be entitled to explore the methodology that led him to exclude the studies from his analysis and present those arguments to the court in a fully-developed Rule 702 challenge.

Dr. Portier's report also includes a significantly expanded section addressing the worldwide regulatory approvals of glyphosate-based products and the faults he purports to find with those decisions.  While his initial report addressed the U.S. Environmental Protection Agency's analysis of glyphosate in about a page, Dr. Portier's new report canvasses a broad range of regulatory assessments from other countries across six pages, including a lengthy discussion—and criticism—of European regulators' responses to Dr. Portier's comments regarding their evaluation of glyphosate.  Monsanto saw this presentation for the first time in

this report.  While there are considerable doubts about whether Dr. Portier would ever be allowed to provide such a narrative as part of any expert testimony, Monsanto is entitled to explore the bases for these new areas of testimony and formulate its Rule 702 challenge based on this testimony.

It is perhaps the best evidence of the materially expanded nature of Dr. Portier's opinions that Plaintiffs acknowledged Monsanto's right and need to conduct a deposition to explore these issues in a new deposition.  While Monsanto appreciates the Court's initial reaction to the parties' agreement to permit another deposition of Dr. Portier, Monsanto hopes that this recitation satisfactorily explains why this deposition should be permitted.

Monsanto respectfully submits that Dr. Portier's new expert report includes opinions that are "truly novel" and that "truly need[ ] to be explored in a deposition," both to fully inform the Court of Dr. Portier's methodology in reaching his causation opinion in light of the new scientific data (some of which he acknowledges and some of which he ignores) and, as necessary, to adequately allow Monsanto to examine Dr. Portier at trial.  Monsanto accordingly requests that a new deposition of Dr. Portier be allowed before the Court issues a ruling on summary judgment and on the Rule 702 motions with respect to Dr. Portier.

## II. Monsanto Preserves Its Prior Arguments that Dr. Portier's Testimony Should be Excluded.

Subject to the request to conduct a discovery deposition to explore Dr. Portier's new report and identify any additional grounds supporting Monsanto's motion to exclude Dr. Portier, Monsanto also preserves its prior arguments that Dr. Portier's testimony is unreliable and should be excluded.  Consistent with the Court's instructions not to re-litigate issues previously ruled upon by the Court, but in order to fully preserve the appellate record, Monsanto hereby incorporates the following pleadings that were filed on the MDL docket:

- Monsanto Company's *Daubert* and Summary Judgment Motion Based on Failure of General Causation Proof (ECF No. 545)
- Monsanto Company's Reply in Support of its *Daubert* and Summary Judgment

      Motion Based on Failure of General Causation Proof (ECF No. 681)

- Monsanto Company's Supplemental Memorandum of Points and Authorities Regarding Andreotti et al., *Glyphosate Use and Cancer Incidence in the Agricultural Health Study*, Journal of the National Cancer Institute (2018) in Support of its *Daubert* and Summary Judgment Motion (ECF No. 1137)
- Monsanto Company's Notice of Supplemental Authority in Support of its *Daubert* and Summary Judgment Motion Based on Failure of General Causation Proof (ECF No. 1158)

Monsanto also incorporates the most recent science on glyphosate. Among other more recent science, including the scientific literature published since the above pleadings were submitted to the Court attached to this motion, Monsanto also incorporates the United States Environmental Protection Agency's Interim Registration Decision on glyphosate, attached to Monsanto's General Causation Motion as Exhibit 5.[3]

---

[3] By incorporating by reference its prior filings, Monsanto is in no way waiving any of the arguments raised therein.

Dated:  March 29, 2021

By: */s/ Michael X. Imbroscio*
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
Covington & Burling LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

Attorney for Defendant Monsanto Company

- 8 -
MOTION TO EXCLUDE TESTIMONY OF DR. CHRISTOPHER PORTIER UNDER RULE 702 AND REQUEST FOR DEPOSITION

- 9 -

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of March, 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Michael X. Imbroscio