**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:    (713) 227-8008
Facsimile:    (713) 227-9508
Email:        jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Estate of Joseph Wallace, et al., v. Monsanto Co., et al.,* Case No. 3:21-cv-01660-VC | |

**MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in the Complaint, except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Although many paragraphs in the Complaint allege exposure or use of Monsanto products by "Plaintiffs," Monsanto nevertheless responds to the allegations in those paragraphs as if they refer to decedent Joseph Wallace. Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff and/or decedent. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

- 1 -

4.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 5 and therefore denies those allegations. In response to the allegations in the third sentence of paragraph 5, Monsanto admits that plaintiff purports to bring claims for wrongful death and injuries but denies any liability as to those claims. Monsanto denies the remaining allegations of paragraph 5.

6.      The allegations in paragraph 6 comprise attorney characterizations and are accordingly denied. Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

7.      In response to the allegations in paragraph 7, Monsanto states that it is incorporated in Delaware with its principal place of business in St. Louis County, Missouri.

8.      The allegations in paragraph 8 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 8 based upon the allegations in plaintiff's complaint.

9.      The allegations in paragraph 9 set forth conclusions of law for which no response is required.

10.      The allegations in paragraph 10 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 10.

11.      In response to the allegations in paragraph 11, Monsanto denies that plaintiff's and/or decedent's injuries arise out of Monsanto's activities. The remaining allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.      Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products. The remaining allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri.  Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.  Monsanto admits the allegations in the third sentence of paragraph 13.  Monsanto states that the remaining allegations in paragraph 13 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

14.     Monsanto admits the allegations in paragraph 14.

15.     In response to the allegations in paragraph 15, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 15 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

16.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 16 comprise attorney characterizations and are accordingly denied.

17.     Monsanto admits the allegations in paragraph 17.

18.     Monsanto generally admits the allegations in paragraph 18, but denies the allegations in paragraph 18 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

19.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies those allegations.

20.     Monsanto admits that it has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the

remaining sentences of paragraph 20 and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 20.

21.     Monsanto admits the allegations in paragraph 21.

22.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years. Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 22.

23.     The allegations in paragraph 23 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 23.

24.     In response to the allegations in paragraph 24, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). The remaining allegations in paragraph 24 set forth conclusions of law for which no response is required.

25.     The allegations in paragraph 25 set forth conclusions of law for which no response is required.

26.     In response to the allegation in paragraph 26, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Missouri for sale and distribution.

27.     In response to the allegations in paragraph 27, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term "the product tests" in the final sentence of paragraph 27 is vague and ambiguous, and Monsanto therefore denies the same. The remaining allegations in paragraph 27 set forth conclusions of law for which no answer is required.

28.    Monsanto denies the allegations in paragraph 28 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 regarding such pesticide products generally and therefore denies those allegations. The remaining allegations in paragraph 28 set forth conclusions of law for which no response is required.

29.    In response to the allegations in paragraph 29, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings. Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2] Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans.'"[3] In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report, other specific findings of safety include:

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

- 5 -

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and therefore denies those allegations.

30.     In response to the allegations in paragraph 30, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto. Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer. To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 30 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-01660-VC

31.     In response to the allegations in paragraph 31, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General. The assurance speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 31 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

32.     Monsanto denies the allegations in paragraph 32.

33.     In response to the allegations in paragraph 33, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 33 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 33.

34.     Monsanto denies the allegations in paragraph 34.

35.     In response to the allegations in paragraph 35, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 35 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore denies those allegations.

36.     Monsanto admits the allegations in paragraph 36.

37.     In response to the allegations in paragraph 37, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 37 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies those allegations.

38.     Monsanto states that the term "toxic" as used in paragraph 38 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in paragraph 38.

39.     Monsanto admits the allegations in paragraph 39.

40.     In response to the allegations in paragraph 40, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 40.

41.     In response to the allegations in paragraph 41, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004. To the extent that paragraph 41 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 41.

42.     In response to the allegations in paragraph 42, Monsanto states that these documents speak for themselves and do not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 42.

43.     In response to the allegations in paragraph 43, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 43 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 43.

44.     Monsanto denies the allegations in paragraph 44.

45.     In response to the allegations in paragraph 45, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 45 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 45.

46.     In response to the allegations in paragraph 46, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 46 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 46.

47.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 47.

48.     Monsanto denies the allegations in paragraph 48.

1      49.     Monsanto denies the allegations in paragraph 49.

2      50.     Monsanto denies the allegations in paragraph 50.

3      51.     Monsanto denies the allegations in paragraph 51.

52.     Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 52.

53.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 and therefore denies those allegations.

54.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies those allegations. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

55.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies those allegations. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

56.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen. Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative." The remaining allegations in paragraph 56 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

57.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen. In response to the remaining allegations in paragraph 57, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the remaining allegations in paragraph 57 comprise attorney characterizations and are accordingly denied.

58.      In response to the allegations in paragraph 58, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 58 comprise attorney characterizations and are accordingly denied.

59.      In response to the allegations in paragraph 59, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, the allegations in paragraph 59 comprise attorney characterizations and are accordingly denied.

60.      Monsanto denies the allegations in paragraph 60.

61.      The allegations in paragraph 61 comprise attorney characterizations and are accordingly denied.

62.      Monsanto admits the allegations in paragraph 62.

63.      In response to the allegations in paragraph 63, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 63 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 63.

64.      In response to the allegations in paragraph 64, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 64.

65.      The allegations in paragraph 65 are vague and ambiguous and are accordingly denied.

66.      In response to the allegations in paragraph 66, Monsanto states that the cited document speaks for itself and does not require a response.

67.     In response to the allegations in paragraph 67, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 67 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 67.

68.     Monsanto denies the allegations in paragraph 68.

69.     In response to the allegations in paragraph 69, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto otherwise denies the allegations in paragraph 69.

70.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic. Monsanto otherwise denies the allegations in paragraph 70.

71.     Monsanto denies the allegations in paragraph 71.

72.     Monsanto denies the allegations in paragraph 72.

73.     Monsanto denies the allegations in paragraph 73.

74.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate. Monsanto denies the remaining allegations in paragraph 74.

75.     Monsanto denies the allegations in paragraph 75.

76.     Monsanto denies the allegations in paragraph 76.

77.     Monsanto admits the allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

79.     Monsanto admits the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-01660-VC

85. Monsanto denies the allegations in paragraph 85.

86. Monsanto denies the allegations in paragraph 86.

87. Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact. Monsanto denies the remaining allegations in paragraph 87.

88. In response to the allegations in paragraph 88, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling. Monsanto otherwise denies the allegations in paragraph 88.

89. In response to the allegations in paragraph 89, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data. Monsanto denies the remaining allegations in paragraph 89.

90. In response to the allegations in paragraph 90, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies. Monsanto otherwise denies the remaining allegations in paragraph 90.

91. In response to the allegations in paragraph 91, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans. Monsanto denies the remaining allegations in paragraph 91.

92. In response to the allegations in paragraph 92, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:21-cv-01660-VC

any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies. To the extent that the allegations in paragraph 92 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

93.    In response to the allegations in paragraph 93, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

94.    Monsanto denies the allegations in paragraph 94 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid. As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 94 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

95.    In response to the allegations in paragraph 95, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

96.    In response to the allegations in paragraph 96, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent

laboratory to conduct residue studies for Monsanto agricultural products. Monsanto otherwise denies the remaining allegations in paragraph 96.

97.    In response to the allegations in paragraph 97, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud. To the extent that the allegations in paragraph 97 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

98.    In response to the allegations in paragraph 98, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost. To the extent that the allegations in paragraph 98 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

99.    In response to the allegations in paragraph 99, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

100.    In response to the allegations in paragraph 100, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen. Monsanto denies the remaining allegations in paragraph 100.

101.    Monsanto denies the allegations in paragraph 101.

102.    Monsanto denies the allegations in paragraph 102.

103.    Monsanto denies the allegations in paragraph 103.

104.    Monsanto denies the allegations in paragraph 104.

105.    Monsanto denies the allegations in paragraph 105.

106.    Monsanto denies the allegations in paragraph 106.

107.    Monsanto denies the allegations in paragraph 107.

- 14 -

1    108.    Monsanto denies the allegations in paragraph 108.

2    109.    Monsanto denies the allegations in paragraph 109.

3    110.    Monsanto denies the allegations in paragraph 110.

4    111.    Monsanto denies the allegations in paragraph 111.

5    112.    Monsanto lacks information or knowledge sufficient to form a belief as to the

6    truth of the allegations in paragraph 112 and therefore denies those allegations.

7    113.    Monsanto lacks information or knowledge sufficient to form a belief as to the

8    truth of the allegations in paragraph 113 and therefore denies those allegations.

9    114.    Monsanto lacks information or knowledge sufficient to form a belief as to the

10   truth of the allegations in paragraph 114 and therefore denies those allegations.

11   115.    Monsanto denies the allegations in paragraph 115.

12   116.    Monsanto denies the allegations in paragraph 116.

13   117.    Monsanto incorporates by reference its responses to paragraphs 1 through 116

14   in response to paragraph 117 of plaintiff's Complaint.

15   118.    Monsanto denies the allegations in paragraph 118.

16   119.    In response to the allegations in paragraph 119, Monsanto admits that it has

17   stated that Roundup®-branded products are safe when used as labeled and that they are non-

18   toxic and non-carcinogenic.

19   120.    In response to the allegations in paragraph 120, Monsanto states that the cited

20   document speaks for itself and does not require a response.

21   121.    Monsanto denies that exposure to Roundup®-branded products and glyphosate

22   exposed decedent to risk of his alleged cancer and denies the remaining allegations in

23   paragraph 121. Monsanto states, however, that the scientific studies upon which IARC

24   purported to base its classification were all publicly available before March 2015.

25   122.    Monsanto denies the allegations in the first and last sentences of paragraph 122.

26   The remaining allegations in paragraph 122 set forth conclusions of law for which no response

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-01660-VC

is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

123.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The remaining allegations in paragraph 123 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

124.    Monsanto incorporates by reference its responses to paragraphs 1 through 123 in response to paragraph 124 of plaintiff's Complaint.

125.    The allegations in paragraph 125 set forth conclusions of law for which no response is required.

126.    Monsanto denies the allegations in paragraph 126.

127.    Monsanto denies the allegations in paragraph 127, including each of its subparts.

128.    Monsanto denies the allegations in paragraph 128.

129.    Monsanto denies the allegations in paragraph 129.

130.    Monsanto denies the allegations in paragraph 130, including each of its subparts.

131.    Monsanto denies the allegations in paragraph 131.

132.    Monsanto denies the allegations in paragraph 132.

133.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 133 regarding plaintiff's and/or decedent's knowledge and therefore Monsanto denies those allegations.  Monsanto denies the remaining allegations in

1  paragraph 133, including that intended use and/or exposure to Roundup®-branded products

2  cause any injuries.

3      134.    Monsanto denies the allegations in paragraph 134.

4      135.    Monsanto denies the allegations in paragraph 135.

5      136.    Monsanto denies the allegations in paragraph 136.

6      137.    In response to the allegations in paragraph 137, Monsanto demands that

7  judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed,

8  with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as

9  allowed by law and such further and additional relief as this Court may deem just and proper.

10      138.    Monsanto incorporates by reference its responses to paragraphs 1 through 137

11  in response to paragraph 138 of plaintiff's Complaint.

12      139.    Monsanto lacks information or knowledge sufficient to form a belief as to the

13  truth of the allegations in paragraph 139 and therefore denies those allegations.

14      140.    Monsanto lacks information or knowledge sufficient to form a belief as to the

15  truth of the allegations in paragraph 140 and therefore denies those allegations.

16      141.    Monsanto denies the allegations in paragraph 141.

17      142.    Monsanto denies the allegations in paragraph 142.

18      143.    Monsanto denies the allegations in paragraph 143.

19      144.    Monsanto denies the allegations in paragraph 144, including each of its

20  subparts.

21      145.    Monsanto denies the allegations in paragraph 145.

22      146.    Monsanto lacks information or knowledge sufficient to form a belief as to the

23  truth of the allegations in paragraph 146 concerning decedent's claimed use of and/or exposure

24  to Roundup®-branded products and therefore denies those allegations. Monsanto denies the

25  remaining allegations in paragraph 146, including that Roundup®-branded products have

26  "dangerous characteristics."

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-01660-VC

147.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 147 and therefore denies those allegations.

148.     Monsanto denies the allegations in paragraph 148.

149.     The allegations in paragraph 149 set forth conclusions of law for which no response is required.

150.     Monsanto denies the allegations in paragraph 150.

151.     Monsanto denies the allegations in paragraph 151.

152.     Monsanto denies the allegations in paragraph 152.

153.     Monsanto denies the allegations in paragraph 153.

154.     Monsanto denies the allegations in paragraph 154.

155.     Monsanto denies the allegations in paragraph 155.

156.     Monsanto denies the allegations in paragraph 156.

157.     Monsanto denies the allegations in paragraph 157.

158.     Monsanto denies the allegations in paragraph 158.

159.     Monsanto denies the allegations in paragraph 159.

160.     In response to the allegations in paragraph 160, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

161.     Monsanto incorporates by reference its responses to paragraphs 1 through 160 in response to paragraph 161 of plaintiff's Complaint.

162.     The allegations in paragraph 162 set forth conclusions of law for which no response is required.

163.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 163 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-01660-VC

164.    Monsanto denies the allegations in paragraph 164. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

165.    Monsanto denies the allegations in paragraph 165.

166.    Monsanto denies the allegations in paragraph 166. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

167.    Monsanto denies the allegations in paragraph 167. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

168.    Monsanto denies the allegations in paragraph 168.

169.    Monsanto denies the allegations in paragraph 169.

170.    The allegations in paragraph 170 set forth conclusions of law for which no response is required.

171.    Monsanto denies the allegations in paragraph 171.

172.    Monsanto denies the allegations in paragraph 172.

173.    Monsanto denies the allegations in paragraph 173.

174.    Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 174.

175.    The allegations in paragraph 175 set forth conclusions of law for which no response is required.

176.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 176 and therefore denies those allegations.

177.    Monsanto denies the allegations in paragraph 177.

178.    Monsanto denies the allegations in paragraph 178.

179.    Monsanto denies the allegations in paragraph 179.

180.    Monsanto denies the allegations in paragraph 180.

181.     In response to paragraph 181, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

182.     Monsanto incorporates by reference its responses to paragraphs 1 through 181 in response to paragraph 182 of plaintiff's Complaint.

183.     Monsanto denies the allegations in paragraph 183.

184.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 184 concerning the decedent's claimed use of Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 184 set forth conclusions of law for which no response is required.

185.     The allegations in paragraph 185 set forth conclusions of law for which no response is required.

186.     Monsanto denies the allegations in paragraph 186.

187.     The allegation in paragraph 187 regarding a purported implied warranty sets forth a conclusion of law for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 187 and therefore denies those allegations.

188.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 188 concerning the condition of any Roundup®-branded product allegedly used by decedent or about decedent's alleged uses of such product and therefore denies the allegations in paragraph 188.

189.     Monsanto denies the allegations in paragraph 189.

190.     Monsanto denies the allegations in paragraph 190.

191.     Monsanto denies the allegations in paragraph 191.

192.     In response to paragraph 192, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-01660-VC

Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

193.     Monsanto incorporates by reference its responses to paragraphs 1 through 192 in response to paragraph 193 of plaintiff's Complaint.

194.     In response to the allegations in paragraph 194, Monsanto admits that it has manufactured, distributed, advertised, promoted, and sold Roundup®-branded products.

195.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 195 concerning decedent's claimed use of Roundup®-branded products and therefore denies those allegations. Monsanto admits that it has sold glyphosate based herbicides in accordance with their EPA-approved labeling. The remaining allegations in paragraph 195 set forth conclusions of law for which no response is required.

196.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 196 concerning decedent's foreseeable use of Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 196 set forth conclusions of law for which no response is required.

197.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 197 and therefore denies those allegations.

198.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 198 and therefore denies those allegations.

199.     The allegations in paragraph 199 set forth conclusions of law for which no response is required.

200.     The allegations in paragraph 200 set forth conclusions of law for which no response is required.

201.     Monsanto denies the allegations in paragraph 201.

202.     Monsanto denies the allegations in paragraph 202.

203.     Monsanto denies the allegations in paragraph 203.

204.     Monsanto denies the allegations in paragraph 204.

1    205.    Monsanto lacks information or knowledge sufficient to form a belief as to the

2    truth of the allegations in paragraph 205 regarding decedent's reliance and therefore denies those

3    allegations.  Monsanto denies the remaining allegations in paragraph 205.

4    206.    Monsanto lacks information or knowledge sufficient to form a belief as to the

5    truth of the allegations in paragraph 206 regarding reliance by decedent and others and therefore

6    denies those allegations.  Monsanto denies the remaining allegations in paragraph 206.

7    207.    Monsanto denies the allegations in paragraph 207.

8    208.    Monsanto denies the allegations in paragraph 208.

9    209.    Monsanto denies the allegations in paragraph 209.

10    210.    Monsanto denies the allegations in paragraph 210.

11    211.    Monsanto denies the allegations in paragraph 211.

12    212.    In response to the allegations in paragraph 212, Monsanto demands that judgment

13    be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

14    prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed

15    by law and such further and additional relief as this Court may deem just and proper.

16    213.    Monsanto incorporates by reference its responses to paragraphs 1 through 212 in

17    response to paragraph 213 of plaintiff's Complaint.

18    214.    Monsanto admits that plaintiff purports to bring a wrongful death claim, but deny

19    liability on that claim.

20    215.    Monsanto denies the allegations in the first sentence of paragraph 215.  Monsanto

21    lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the

22    second sentence of paragraph 215 and therefore denies those allegations.

23    216.    Monsanto denies the allegations in paragraph 216.

24    217.    Monsanto denies the allegations in paragraph 217.

25    218.    Monsanto denies the allegations in paragraph 218.

26    219.    Monsanto denies the allegations in paragraph 219.

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-01660-VC

220.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 220 and therefore denies those allegations.

221.    Monsanto denies the allegations in paragraph 221.

222.    In response to paragraph 222, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

223.    Monsanto incorporates its responses to paragraphs 1 through 222 in response to paragraph 223 of plaintiff's Complaint.

224.    Monsanto denies the allegations in paragraph 224.

225.    Monsanto denies the allegations in paragraph 225.

226.    Monsanto denies the allegations in paragraph 226.

227.    In response to paragraph 227, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.    Venue may be inconvenient for plaintiff's claims.

3.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's and/or decedent's alleged injuries.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Plaintiff's claims are barred, in whole or in part, because plaintiff's and/or decedent's injuries, if any, were the result of conduct of decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

12.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims in whole or in part.

13.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

14.     Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

15.     If plaintiff and/or decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible, or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's and/or decedent's alleged injuries or damages.

16.     Monsanto had no legal relationship or privity with plaintiff and/or decedent and owed no duty to plaintiff and/or decedent by which liability could be attributed to it.

17.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff and/or decedent. If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

18.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the California Constitution, and/or other applicable state constitutions.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-01660-VC

20.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under California law, and/or other applicable state laws.

21.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

22.     Monsanto did not intentionally harm plaintiff and/or decedent nor did Monsanto act with a deliberate and flagrant disregard for the safety of others. In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiff has failed to establish by a preponderance of the evidence any entitlement to punitive and/or exemplary damages based on plaintiff's allegations.

23.     Plaintiff's claims are barred in whole or in part by decedent's own contributory/comparative negligence.

24.     Plaintiff's claims are barred in whole or in part by plaintiff's and/or decedent's failure to mitigate damages.

25.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

26.      Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff and/or decedent received from collateral sources.

27.     If plaintiff and/or decedent has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

28.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

29.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-01660-VC

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

Monsanto demands a jury trial on all issues so triable.

DATED: March 29, 2021.                    Respectfully submitted,

                                          SHOOK, HARDY & BACON L.L.P.

                                          BY: */s/Jennise W. Stubbs*
                                              Jennise W. Stubbs
                                              600 Travis Street, Suite 3400
                                              Houston, TX 77002-2926
                                              Telephone:   (713) 227-8008
                                              Facsimile:   (713) 227-9508
                                              Email:       jstubbs@shb.com

                                          *Attorneys for Defendant*
                                          *MONSANTO COMPANY*

**CERTIFICATE OF SERVICE**

I certify that on the 29TH day of March, 2021, I electronically transmitted the foregoing **MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by Fed. R. Civ. P. 5.

                                          */s/Jennise W. Stubbs*
                                          Jennise W. Stubbs

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-01660-VC
