1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| NATIONAL BLACK FARMERS ASSOCIATION, | MDL No. 2741 |
| Plaintiff, | Case Number: 3:21-cv-00966-VC |
| vs. | **JOINT CASE MANAGEMENT STATEMENT** |
| MONSANTO COMPANY | |
| Defendant. | |

Pursuant to this Court's March 1, 2021 Order Denying Motion to Enter Scheduling Order and Setting Case Management Conference, Plaintiff National Black Farmers Association ("NBFA") and Defendant Monsanto Company ("Monsanto") file this joint Case Management Statement setting forth each party's respective position on the background of this case, the status of motion practice, and each parties' proposed schedule for this matter.

The parties met and conferred in advance of this filing and were unable to reach agreement on a proposed schedule, and thus each provide below a brief summary of their view on why their respective proposed schedule should be adopted.

### 1. NBFA's Statement and Proposed Schedule

Plaintiff NBFA is a nationwide, non-profit organization that supports the interests of Black and minority farmers. NBFA does so by bringing litigation against the government and private entities to combat discriminatory practices against minority farmers, and by lobbying Congress to protect Black farmers from the effects of decades of systemic racism in farming. NBFA now has over 100,000 members, including full-time and part-time farmers, land and timber owners, and concerned citizens in forty-two states.

A substantial proportion of NBFA's members have been exposed to and potentially injured by Roundup®, and its active ingredient, glyphosate.  Indeed, many have already developed non-Hodgkin's lymphoma from their Roundup® use, and an even larger proportion fear that they will soon develop symptoms.  The exposure is ongoing and will therefore get worse both for members who have already been exposed and for those likely to be exposed in the future.  Accordingly, NBFA's members who have not yet become sick or have not yet been exposed will be more likely to develop cancer absent adequate warnings on Roundup® products.

NBFA's action is based upon the organizational standing bestowed upon it by its members.  While the premise of Monsanto's liability related to haematopoietic cancers is primarily the same as the personal injury clams in the MDL, the relief requested by NBFA is injunctive in nature and includes a request to remove Monsanto's glyphosate-containing products from the market.  The case was transferred into this MDL by Order of the JPML on February 4, 2021.  While Monsanto fought stringently from NBFA's inclusion in the MDL, in the JPML Transfer Order, the Panel stated,

> At its core, however, *NBFA* involves the same allegations that exposure to Roundup causes non-Hodgkin's lymphoma. *NBFA* merely seeks different relief. This is not a significant obstacle to centralization where the action otherwise shares a common factual core with the actions in the MDL. We are persuaded that inclusion of *NBFA* in MDL No. 2741 is appropriate and will not undermine the efficiencies of the MDL. The transferee judge has the discretion to employ separate tracks or other appropriate pretrial management techniques to address the unique issues presented by *NBFA*.

*See* Transfer Order, *In Re: Roundup Prods. Liab. Litig.*, MDL No. 2741, at 2 (J.P.M.L. February 4, 2021), ECF No. 2189.

The NBFA believes that a dual discovery track for this action is warranted due to the specific nature of relief requested.  The NBFA presents a unique and poignant viewpoint in this MDL.  Black and minority farmers have faced long-documented systemic racism and discrimination. That discrimination has resulted in the devastation of the Black farming community and enormously disparate income for those Black farmers still left.  NBFA was

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

founded to fight against those effects, and the organization continues that important work today.  Largely due to stubborn systemic inequalities poor, rural, and minority farmers will often be unable to obtain and absorb the meaning of scientific studies on glyphosate and then take the steps necessary to protect themselves—particularly in the face of the much-better-funded efforts of companies like Monsanto to push out a contrary narrative.  It is only based on the gathering of resources through mechanisms like NBFA that dangers like those posed by Roundup can be removed from the equation.

NBFA feels that, given that much of the issues will be supported by other evidence taken in this case, an expedited schedule is appropriate.  To that end, it is proposing a schedule that mirrors the current Bellwether wave.  Any motions practice contemplated by Monsanto can be taken with the same schedule concurrently.

| Event | Date |
|---|---|
| Close of fact discovery. | June 15, 2021 |
| Plaintiff's expert reports due. | June 29, 2021 |
| Monsanto's expert reports due. | July 6, 2021 |
| Close of expert discovery. | September 8, 2021 |
| Monsanto's *Daubert* and summary judgment briefs due | September 22, 2021 |
| Plaintiff's opposition and cross-motions re: *Daubert* and summary judgment due | October 6, 2021 |
| Monsanto's oppositions and replies re: *Daubert* and summary judgment due | October 20, 2021 |
| Plaintiff's replies re: *Daubert* and summary judgment due | November 3, 2021 |
| *Daubert* hearing (if necessary) | December 13, 2021 |
| Bench Trial | January 2022 |

2. **Monsanto's Statement and Proposed Schedule:**

NBFA's complaint seeks to require a cancer warning on Roundup®-brand herbicide products—a warning the Environmental Protection Agency ("EPA") has repeatedly concluded is unwarranted and would render the products misbranded—or, failing that, to ban their sale altogether.  In so doing, Plaintiff seeks to override and ignore decades of EPA's scientific

1    determinations, including as recently as January 2020, when EPA issued its Interim Registration

2    Review of glyphosate, and August 2019, when it wrote to all registrants of glyphosate-based

3    herbicides that the inclusion of a cancer warning on product labels would constitute

4    "misbranding."  In so doing, EPA considered and rejected the same evidence on which Plaintiff

5    relies, and concluded once again that these products are not carcinogenic.  Plaintiff's attempted

6    end-run around the EPA regulatory process is factually and legally flawed and, indeed, Plaintiff

7    lacks standing to bring its claims in the first instance.

8         For those reasons and others, on October 26, 2020, shortly after the complaint in this

9    case was filed in the United States District Court for the Eastern District of Missouri, Monsanto

10   filed a motion to dismiss the case with prejudice.  Plaintiffs then filed a Notice of Potential Tag-

11   Along Action with the Judicial Panel on Multidistrict Litigation ("JPML"), which initially

12   determined that the action was not appropriate for inclusion in the MDL but, after a second

13   request from NBFA, allowed further briefing.  In the meantime, the parties completed briefing

14   on Monsanto's motion to dismiss on December 31, 2020, but given the open question about the

15   forum in which the action would proceed, the district court took no action on the motion and

16   did not set a scheduling conference.  With the motion pending and no scheduling conference

17   set, the parties did not engage in discovery.  Monsanto has not, for example, received even

18   initial disclosures from NBFA.  After months of additional briefing, the JPML ultimately

19   transferred this action to the MDL on February 5, 2021.

20        Monsanto respectfully suggests that any schedule should allow the parties to submit

21   short supplemental briefs on Monsanto's motion to dismiss (no more than five pages each) and

22   that this Court should hear and decide that motion before allowing fact and expert discovery to

23   begin.  Monsanto believes that this is appropriate given that the motion to dismiss is unique to

24   this litigation, i.e., raises certain new issues regarding standing and primary jurisdiction that

25   have not previously been raised in the MDL, and is likely to dispense of the instant claims.

26   Waiting to open discovery until after the Court can consider theses issues will promote judicial

27   economy and the use of the parties' resources.

28

Leaving aside NBFA's reasoning, Monsanto agrees with NBFA's ultimate position (set forth in its February 24, 2021 motion) that this case should be set on a separate schedule from the personal injury cases in the MDL.  Monsanto believes, however, that Plaintiff's suggested schedule is unrealistic and problematic for several reasons:

- Once opened, the fact discovery period should be significantly longer than NBFA has proposed (NBFA has proposed a mere two months of discovery after the April 14, 2021 Case Management Conference).  Monsanto intends to take significant discovery from NBFA and its members, including the identification of members, their knowledge of the allegations regarding glyphosate's alleged carcinogenicity, the factual basis for NBFA"s claims that Monsanto has effectively "forced" its members to use Roundup® products, any alleged injury or harm suffered by NBFA's members as a result of their use of Roundup® products, NBFA's mission and advocacy activities, and the factual basis for NBFA's claims that Monsanto misled EPA and the public.  Given that no discovery has yet been undertaken in this case, NBFA's proposed fact-discovery period is far too short.

- NBFA's proposal that Monsanto should be afforded only a single week after NBFA's expert reports to disclose its own reports is not realistic.  This case raises numerous factual and legal issues not raised by existing cases (for example, NBFA's contention that Monsanto has monopolistic power and can "force" NBFA's members to use Roundup® products).  Monsanto should be afforded a fair opportunity to rebut Plaintiff's expert reports.

- NBFA's proposal departs from this Court's Civil Standing Order in that it (1) sets no deadline for NBFA to amend its pleading and (2) provides that Monsanto's motion for summary judgment and *Daubert* motions shall be due before NBFA's motions. Monsanto is of course fine with NBFA foregoing its ability to file such amendments or motions, but to the extent that it wishes to have the ability to do so, such deadlines need to be built into the schedule.  Monsanto raised this issue with Plaintiff before filing this Order, who stated only that the parties "were not going to agree" on these issues and

should set forth their positions in writing.  Monsanto's proposal below follows the Court's Civil Standing Order in these regards.

- Plaintiff's proposal inappropriately sets a date for a trial in this matter.  Monsanto has not waived its *Lexecon* rights, and the setting of a trial date is thus a matter for the transferor court.

Monsanto thus proposes the following schedule that: (i) allows for the early resolution of motions to dismiss; (ii) sets forth a realistic fact and expert discovery schedule; and (iii) affords an appropriate period of time after the conclusion of discovery to brief dispositive motions and *Daubert* issues prior to remand:

| Event | Date |
|---|---|
| Any supplemental briefing on MTD | April 21, 2021 |
| Hearing on MTD (if necessary) | April 28, 2021 |
| Fact Discovery Opens (assumes court will rule on MTD before this) | May 19, 2021 |
| Last day to amend pleadings | June 4, 2021 |
| Close of Fact Discovery | November 12, 2021 |
| Plaintiff's Expert Reports Due | November 29, 2021 |
| Monsanto's Expert Reports Due | January 10, 2022 |
| Close of Expert Discovery | February 9, 2022 |
| Plaintiff's *Daubert* and SJ briefs due | February 23, 2022 |
| Monsanto's opposition and cross-motions re *Daubert* and SJ due | March 9, 2022 |
| Plaintiff's oppositions and replies re *Daubert* and SJ due | March 23, 2022 |
| Plaintiff's replies re *Daubert* and SJ due | April 6, 2022 |
| *Daubert* hearing (if necessary) | May 2, 2022 |
| Remand to District Court for Trial | After decision on SJ/*Daubert* |

1

Date: March 31, 2021                         Respectfully submitted,

2

3                                            **NAPOLI SHKOLNIK, PLLC**

4                                            */s/ Christopher L. Schnieders*
                                             Christopher L. Schnieders, MO # 57725
5                                            6731 W. 121st Street, Suite 201
                                             Overland Park, KS 66209
6                                            Telephone: 913-246-3860
                                             Fax: 913-312-5841
7                                            cschnieders@napolilaw.com

8

9                                            **BEN CRUMP LAW**

10
                                             Benjamin L. Crump
11                                           FL Bar #72583
                                             TN Bar #038054
12                                           Washington D.C. Bar #1552623
                                             122 S. Calhoun St.
13                                           Tallahassee, FL 32301
                                             Telephone: 850-888-4140
14                                           Court@bencrump.com

15

16

17                                           **GOLDSTEIN & RUSSELL, P.C.**

18                                           Thomas C. Goldstein, 458365(DC)
                                             Eric F. Citron, 1001069(DC)
19                                           7475 Wisconsin Avenue, Suite 850
                                             Bethesda, MD 20814
20                                           Telephone: 202-362-0636
                                             Fax: 866-574-2033
21                                           tgoldstein@goldsteinrussell.com
                                             ecitron@goldsteinrussell.com
22

23                                           ***Attorneys for Plaintiff***

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Brian L. Stekloff*

Brian L. Stekloff
**Wilkinson Stekloff LLP**
2001 M Street NW, 10th Floor
Washington, DC 20036
202-847-4030
Fax: 202-847-4005
Email: bstekloff@wilkinsonstekloff.com

Anthony Nolan Upshaw
**McDermott Will & Emery LLP**
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131
305-329-4431
Fax: 305-675-8031
Email: aupshaw@mwe.com

John J. Rosenthal
**Winston & Strawn LLP**
1901 L St., NW
Washington, DC 20036
202-282-5000
Fax: 202-282-5100
Email: jrosenthal@winston.com

Jeff Wilkerson
**Winston & Strawn LLP**
300 S. Tryon St.
16th Floor
Charlotte, NC 28202
704-350-7714
Email: jwilkerson@winston.com

***Attorneys for Defendant***