Ken Moll
Rebecca Fredona
Fatima Abuzerr
**MOLL LAW GROUP**
22 W Washington St
15th Floor
Chicago, IL 60602
T: 312.462.1700
F: 312.756.0045
rfredona@molllawgroup.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Pecorelli v. Monsanto Co.*, 3:16-cv-06936-VC | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS** |

**PLAINTIFFS' OPPOSITION TO MONSANTO COMPANY'S MOTION FOR SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

i

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

# TABLE OF CONTENTS

I.   INTRODUCTION………………………………………………………………...1

II.  LEGAL STANDARD……………………………………………………...…..2

III. ARGUMENT………………………………………………………………….…3

    A.  Plaintiff's Negligence, Wrongful Death, And Strict
        Liability Claims Are Not Barred by The Statute of Limitations………....3

        i. The Statute of Limitations Is Tolled by The Discovery Rule….....3

        ii. Equitable Tolling Principles Apply In This Case………….….5

    B.  Plaintiff's Warranty Claims Are Not Time-Barred……………..….…...7

    C.  The Plaintiff Has Presented Evidence to Establish
        NHL Contributed to The Decedent's Death……………………………9

IV. CONCLUSION……………………………………………………....……10

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

# TABLE OF AUTHORITY

**Cases:**

Adams v. Northern Illinois Gas Co.,
   211 Ill. 2d 32, 43, 809 N.E.2d 1248, 284 Ill. Dec. 302 (2004). ................................... 2

Albano v. Shea Homes, LTD, P'Ship,
   634 F.3d 524, 530 (9th Cir. 2011) ..............................................................................2

Anane v. Pettibone Corp.,
   203 Ill. App. 3d 121, 127. .......................................................................................5, 6

Balma v. Henry,
   404 Ill. App. 3d 233, 237. ...........................................................................................3

Espinoza v. Elgin, Joliet & Eastern Ry. Co.,
   165 Ill. 2d 107, 114, 649 N.E.2d 1323, 208 Ill. Dec. 662 (1995). ................................2

Gary v. Joe Roth Truck Parts & Sales, Inc., 1
   28 Ill. App. 3d 485, 486 (Ill. App. Ct. 1st Dist. October 29, 1984). ..........................7, 8

LaManna v. G.D. Searle & Co., 204
   Ill. App. 3d 211, 213 Id. at 360-1 ................................................................................4

Mitsias v. I-Flow Corp.,
   959 N.E.2d 94, 100. ....................................................................................................4

Nolan v. Johns-Manville Asbestos,
   85 Ill. 2d 161, 171. ......................................................................................................4

O'Donnell v. Holy Family Hosp.,
   289 Ill. App. 3d 634, 646. ...........................................................................................9

Tomes v. Chrysler Corp.,
   60 Ill. App. 3d 707, 708. .............................................................................................8

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

I. Introduction

Plaintiff Mark Pecorelli respectfully contends that his claims are not time barred due to Illinois' discovery rule and equitable estoppel. Furthermore, under Illinois law, when a plaintiff knew or should have known their injuries were caused by wrongful conduct is a question of fact to be later decided by a jury. Whether Defendant's product caused the Decedent's non-Hodkin's lymphoma, and eventually his death is also a question for the jury. Additionally, Plaintiff's adverse testimony cannot be admitted according to Illinois' Dead Man's Act. As such, Defendant's Motion for Summary Judgment on the Statute of Limitations and Proximate Causation Grounds should be denied.

Plaintiff's Decedent was introduced to Roundup in approximately 1978-1979, where he used concentrated Roundup regularly at his residential home and his nursery. Fredona Decl. Ex. 1., Dep. of Plaintiff, 29:9-11, 81:13-18, 146:2-6, 146:20-21. Plaintiff testified that Decedent "maybe" stopped using Roundup in 2008; however, Decedent worked as a landscaper until 2012. Fredona Decl. Ex. 1., Dep. of Plaintiff, 64:10-21, 194:12-14. Plaintiff's Decedent developed NHL in 2004, and was treated with R-CVP. Fredona Decl. Ex. 1., 287:21-28, Fredona Decl. Ex. 2., Dep. of Weisenburger, 36:8-14. In 2010, Decedent's NHL came back; however, it transformed into a more aggressive high-grade malignant cancer. Fredona Decl. Ex. 2., Dep. of Weisenburger, 36:25-37:10. At the time of the recurrence, Decedent was also battling lung cancer. Fredona Decl. Ex. 2., Dep. of Weisenburger, 39:16-20. Plaintiff's expert, Dr. Weisenburger, testified that "both cancers contributed to his death." Fredona Decl. Ex. 2., Dep. of Weisenburger, 41:18-42:1.

Defendant has asserted that the Plaintiff knew that Roundup may have caused the Decedent's non-Hodgkin lymphoma ("NHL") sometime in 2004. (ECF 12783) pg. 3, ¶ 1. However, Plaintiff also testified that he believed his father stopped using Roundup in "2008

- 1 -

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

maybe." Fredona Decl. Ex. 1., Dep. of Plaintiff, 194:12-21. In addition, Plaintiff also admitted that he never received confirmation from a physician that Roundup caused the Decedent's NHL. When asked if any physician ever told him or Decedent that Roundup caused Decedent's NHL, he answered: "Not.. not that I can remember […] Nobody could predict exactly." Fredona Decl. Ex. 1., Dep. of Plaintiff, Ex 1, 288:10-23. Therefore, there is a genuine issue of material fact as to when the Plaintiff knew or should have known that the Decedent's injuries were caused by Defendant's wrongful conduct.

**II. Legal Standard**

"A Federal Court sitting in diversity applies the substantive law of the state, including the states' statute of limitations [including tolling rules]." Albano v. Shea Homes, LTD, P'Ship, 634 F.3d 524, 530 (9th Cir. 2011). In Illinois, summary judgment is proper when the "pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2016). In Illinois, summary judgment is a *drastic* means of disposing of litigation and "should be allowed only when the right of the moving party is clear and free from doubt." Adams v. Northern Illinois Gas Co., 211 Ill. 2d 32, 43, 809 N.E.2d 1248, 284 Ill. Dec. 302 (2004). "[W]here reasonable persons could draw divergent inferences from the undisputed material facts or where there is a dispute as to a material fact, summary judgment should be denied and the issue decided by the trier of fact." Espinoza v. Elgin, Joliet & Eastern Ry. Co., 165 Ill. 2d 107, 114, 649 N.E.2d 1323, 208 Ill. Dec. 662 (1995). In ruling on a motion for summary judgment, a court must construe the pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the opponent. Adams, at 211 Ill. 2d at 43.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

## III. Argument

The facts about what Plaintiff knew or reasonably should have known are in dispute, and the facts about what Defendant knew, but actively concealed are also disputed. The impact of Defendant's suppression and concealment of adverse findings by others and Monsanto's deliberate decisions to refrain from research of its Roundup products create genuine issues of material fact. Accordingly, Defendant is not entitled to summary judgment.

In addition, even if the Court were to determine that Defendant was correct as to when Plaintiff knew that Decedent's injuries were caused by Defendant's wrongful conduct, Plaintiff's adverse statements at his deposition are inadmissible by Illinois' Dead Man's Act which provides:

> "In the trial of any action in which any party sues or defends as the representative of a deceased person, no adverse party or person directly interested in the action shall be allowed to testify on his or her own behalf to any conversation with the deceased or to any event which took place in the presence of the deceased." 735 ILCS 5/8--201.

The Dead-Man's Act is intended to remove the temptation of a survivor to testify to matters that cannot be rebutted because of the death of the only other party to the conversation or witness to the event, but it is not intended to disadvantage the living." Balma v. Henry, 404 Ill. App. 3d 233, 237. It is proper to apply the Dead Man's Act in the context of a summary judgment proceeding. Id. Here, the Plaintiff is directly interested in the action as the Decedent's heir, and her adverse testimony cannot be rebutted due to the Decedent's death.

**A. Plaintiff's Negligence, Wrongful Death, and Strict Liability Claims Are Not Barred by The Statute of Limitations.**

   **1. The Statute of Limitations is Tolled by the Discovery Rule.**

Plaintiff's claims are not time-barred by the statute of limitations because they are tolled by the discovery rule. Generally speaking, the statute of limitations for product liability actions

- 3 -

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

is two years. Mitsias v. I-Flow Corp., 959 N.E.2d 94, 100. However, Illinois judiciary has created the discovery rule, in which the relevant statute of limitations does not commence until the injured plaintiff knows or reasonably should know that he or she has been injured, and that the injury was wrongfully caused. Id. Mere suspicion is not the same as reasonably knowing. Id. at 102 Therefore, the statute of limitations is not triggered while a party is attempting to discover whether the injury is wrongfully caused. LaManna v. G.D. Searle & Co., 204 Ill. App. 3d 211, 213 Id. at 360-1. Application of the discovery rule in toxic products cases, where plaintiffs do not know the product was harmful at the time of exposure, is proper. Id. at 366.

In Nolan, plaintiff's decedent brought suit against defendants claiming the decedent's asbestosis was caused by his exposure to asbestos at work. Nolan v. Johns-Manville Asbestos, 85 Ill. 2d 161, 171. The facts of the case showed that the decedent developed lung problems in 1957 and knew he had pulmonary fibrosis in 1965. Id. However, he was not told by a doctor that he had asbestosis and that the condition was caused by his exposure to asbestos materials at work until 1973. Id. The plaintiff in Nolan filed suit in 1975. Id. at 163. The defendants moved for summary judgment based on the statute of limitations, and the trial court granted the motion. Id. The plaintiff appealed, and the appellate court reversed. Id. The Illinois Supreme Court of Illinois affirmed the appellate court's reversal and remanded the case. Id. It upheld the discovery rule, stating "an injured person is not held to a standard of knowing the inherently unknowable." Id. at 171. The Illinois Supreme Court also held that the question of when a party knew or reasonably should know of both the injury and its wrongful cause is a question of fact, unless the facts are undisputed and only one conclusion can be drawn from them. Id.

In this instant case, it is disputed as to when the Plaintiff's decedent knew the Defendant's conduct caused his injury. Defendant imputes Plaintiff's knowledge in 2004. (ECF 12780) pg 3, ¶ 1. However, as noted above, Plaintiff testified that he believed his father stopped

- 4 -

using Roundup in "2008 maybe." Fredona Decl. Ex. 1., Dep. of Plaintiff, 194:12-21. In addition, Plaintiff also admitted that he never received confirmation from a physician that Roundup caused the Decedent's NHL. Fredona Decl. Ex. 1., Dep. of Plaintiff, Ex 1, 288:10-23. The question of fact regarding when the Plaintiff knew or should have known that Roundup caused the Decedent's injuries are in dispute, and therefore summary judgment is improper.

### 2. Equitable Tolling Principles Apply in this Case.

In addition, Plaintiff's claims are not time barred by the statute of limitations because Plaintiff is entitled to equitable tolling and equitable estoppel principles. The doctrine of estoppel requires proof of the following six elements: (1) words or conduct by the party against whom the estoppel is alleged constituting either a misrepresentation or concealment of material facts; (2) knowledge on the part of the party against whom the estoppel is alleged that representations made were untrue; (3) the party claiming the benefit of an estoppel must have not known the representations to be false either at the time they were made or at the time they were acted upon; (4) the party estopped must either intend or expect that his conduct or representations will be acted upon by the party asserting the estoppel; (5) the party seeking the benefit of the estoppel must have relied or acted upon the representations; and (6) the party claiming the benefit of the estoppel must be in a position of prejudice if the party against whom the estoppel is alleged is permitted to deny the truth of the representations made. Anane v. Pettibone Corp., 203 Ill. App. 3d 121, 127.

In Anane, plaintiff filed a product liability action against multiple defendants over the death of her husband due to a factory accident. Id. at 122. A few weeks after the incident, an administrator inspected the machine with the manufacturer's apparent identity: however, the nameplate bore the name of a company other than the real manufacturer. Id. The other company failed to notify the distributor that it changed the nameplate on the machine, and the

- 5 -

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

manufacturer knew of the lawsuit. Id. The plaintiff later amended her complaint to add the real manufacturer, and the manufacturer was granted dismissal based on the statute of limitations. Id. On appeal the plaintiff argued that the manufacturer was estopped from invoking the statute of limitations. Id. The First District Appellate Court reversed the trial court's dismissal in the product liability action. Id. at 127. It held that the manufacturer was estopped from asserting a defense based on the statute of limitations because the elements of estoppel had been met. Id. at 127.

In the case at bar, the principles of equitable estoppel also applies. Defendant knew Roundup could cause NHL and concealed that information. In its answer to the Plaintiff's complaint, Defendant "denies that exposure to Roundup branded products and glyphosate exposed plaintiff's decedent to risk of his alleged cancer." (ECF 14), pg. 16 ¶ 130. However, Defendant had the means to know, or actually knew, that the EPA found a statistically significant increase in lymphocytic hyperplasia and interstitial tumors in a 1982 study of rats exposed to glyphosate.[1] The facts about corporate malfeasance have resulted in three jury verdicts against Defendant. This Court affirmed an award of punitive damages in Hardeman v. Monsanto, finding that Monsanto's conduct warrants punishment. See PTO 160 (holding that the evidence supported a finding of "despicable conduct which [was] carried on by the defendant with a willful and conscious disregard of the rights and safety of others."). Indeed, this Court found that the evidence of Monsanto's conduct at the Hardeman trial "painted the picture of a company focused on attacking and undermining the people who raised concerns, to the exclusion of being an objective arbiter of Roundup's safety. Id.

---

[1] See EPam ,Office of Pesticide and Toxic Substances, "Summary of the IBT Review Program Office of Pesticide Programs (July 1983, February 18, 1982 EPA memo re: Lifetime feeding study in rats with glyphosate available at https://www3.epa.gov/pesticides/chem_search/reg_actions/reregistration/tred_PC-417300_11-Apr-97.pdf

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

Because Defendant concealed the fact that Roundup was linked to NHL, it was impossible for the Plaintiff's Decedent to know that the representations of the Defendant was false at the time Decedent was using Roundup, or any time after. In fact, when asked if any physician confirmed that Roundup caused the Decedent's injuries, Plaintiff answered "not that I can remember." Fredona Decl. Ex. 1., Dep. of Plaintiff, 288:10-23. At most, only suspicion could be imputed on Decedent, as Plaintiff testified Decedent stopped using Roundup in "2008 maybe," –four years after his cancer diagnosis. Fredona Decl. Ex. 1., Dep. of Plaintiff, 194:12-21, 287:21-288. Defendant knew that its conduct and misrepresentations would be acted upon by the Decedent and other consumers of Roundup, otherwise it would not have bothered advertising Roundup products on television. Decedent did rely on Defendant's representations, as Decedent used the product for residential and professional use for decades. Fredona Decl. Ex. 1., Dep. of Plaintiff, 30:18-19, 64:22-24, 81:13-18, 194:12-14. Lastly, Plaintiff would be severely prejudiced if Defendant is not estopped from asserting a limitations defense; as the Plaintiff's Decedent developed NHL in 2004 and it was not until sometime after his death that Plaintiff discovered that the Defendant's product may have caused his injuries.

**B. Plaintiff's Warranty Claims are Not Time-Barred.**

For the same reasons as set forth above, Plaintiff's breach of warranty claims are not time-barred by 810 ILCS 5/2-725's statute of limitations due to Illinois' equitable estoppel principles. In addition, Illinois courts have not strictly construed the four-year statute of limitations for breach of warranty claims. For example, in Gary, the plaintiff alleged the defendant distributed a defective air brake, which later exploded. Gary v. Joe Roth Truck Parts & Sales, Inc., 128 Ill. App. 3d 485, 486 (Ill. App. Ct. 1st Dist. October 29, 1984). The plaintiff in Gary filed suit for strict liability and negligence. Id. After dismissal of the strict liability claim, plaintiff was allowed to amend his complaint; plaintiff did so and added a breach of

- 7 -

warranty claim. Id. The defendant moved to dismiss the new count based on Illinois' four year statute of limitations, and the trial court dismissed the account. Id. The First District Appellate Court reversed. Id. It held that the claim related back to the time the plaintiff filed his original complaint because it appeared the new claim grew out of the same transaction and occurrence which was based on negligence and product liability. Id. at 487. Thus, the simple filing of a negligence and product liability claim put the defendant on notice of the breach of warranty claim, and the four-year statute of limitations was tolled.

In addition, it has been implied by the First District Appellate Court of Illinois that the four-year statute of limitations in breach of warranty claims may be tolled upon a concealment or misrepresentation. In Tomes, the plaintiff consumer brought claims against a boat manufacturer's dealers after the boat had to be repaired several times and leaked. Tomes v. Chrysler Corp., 60 Ill. App. 3d 707, 708. The defendant filed a motion to strike the breach of warranty claims as they were subject to the four-year statute of limitations. Id. The trial court dismissed the breach of warranty claims and the First District Appellate Court affirmed. Id. at 711. However, the First District certainly implied that the statute of limitations could be tolled in cases where fraudulent concealment and misrepresentation occurred. In regards to plaintiff's assertion that the defendant should be estopped from asserting a statute of limitations defense, the Court observed: "ignorance of a cause of action is not concealment. An actual misrepresentation, not mere silence, is required […] the above letter is insufficient […] to show fraudulent activity." Id. Thus, an Illinois Court can consider whether a defendant can be estopped from asserting a statute of limitations defense in cases of fraudulent activity and misrepresentation.

In this instant case, and as noted above, there is no doubt that the Defendant engaged in fraudulent concealment and misrepresentations concerning Roundup product –to the extent that

- 8 -

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

this Court has awarded punitive damages in previous trials and declared the "despicable conduct which [was] carried on by the defendant with a willful and conscious disregard of the rights and safety of others." See PTO 160. Therefore, Defendant should be estopped from asserting a statute of limitations defense on Plaintiff's breach of warranty claims.

C. **The Plaintiff Has Presented Evidence to Establish NHL Contributed to the Decedent's Death.**

The Plaintiff has submitted evidence that NHL contributed to the Decedent's death. In Illinois, expert testimony is admissible if it establishes that the Defendant's conduct was a contributing factor to the decedent's death. O'Donnell v. Holy Family Hosp., 289 Ill. App. 3d 634, 646. It is the jury's function to determine the proximate cause of the decedent's death. Id. Here, evidence has been presented that Roundup caused the Decedent's NHL and death, and the jury should determine whether Roundup exposure caused the Decedent's wrongful death.

The Defendant asserts that the Decedent's death was caused by his lung sarcoma because one of Plaintiff's experts declined to offer an opinion as to whether Roundup exposure caused the Decedent's NHL, and that the Decedent's death certificate listed malignant fibrous histiocytoma as a cause of death. (ECF 12780), pg. 9. ¶ 1, 2. However, Plaintiff's expert, Dr. Weisenburger came to a different conclusion. In his expert report he stated "to a reasonable degree of medical certainty" that the Decedent's significant exposure to Roundup was a "substantial contributing factor to his development of NHL." Fredona Decl. Ex. 3., Expert Report of Weisenburger, Ex 3, pg. 3. Plaintiff's expert Dr. Weisenburger also testified that NHL was a contributing factor to the Decedent's death: "both cancers contributed to his death." Fredona Decl. Ex. 2., Expert Report of Weisenburger, Ex 341:18-42:1. Therefore, there is a genuine issue of material fact as to what caused the Decedent's death, and proximate cause is a

- 9 -

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

question of fact that should be left to a jury. Defendant's motion for summary judgment on causation grounds should be denied.

### IV. Conclusion

For the foregoing reasons, there are genuine issues of material fact regarding whether Plaintiff's claims are time-barred and therefore Defendant's motion for summary judgment should be denied.

DATED: April 2, 2021

                            Respectfully Submitted,

By:   */s/Rebecca Fredona*
       Ken Moll
       Rebecca Fredona
       Fatima Abuzerr
       **MOLL LAW GROUP**
       22 W Washington St
       15th Floor
       Chicago, IL 60602
       T: 312.462.1700
       F: 312.756.0045
       rfredona@molllawgroup.com

*Attorneys for Plaintiffs*

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

- 11 -

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of April 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Rebecca Fredona

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**