Ken Moll
Rebecca Fredona
Fatima Abuzerr
**MOLL LAW GROUP**
22 W Washington St
15th Floor
Chicago, IL 60602
T: 312.462.1700
F: 312.756.0045
rfredona@molllawgroup.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Cervantes v. Monsanto Co.*, 3:19-cv-03015-VC | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND REPOSE** |

## PLAINTIFF'S OPPOSITION TO MONSANTO COMPANY'S MOTION FOR SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND REPOSE

**TABLE OF CONTENTS**

I. INTRODUCTION …………………………………………………………………… 1

II. LEGAL STANDARD ……………………………………………………………. 2

III. ARGUMENT ……………………………………………………………………… 3

    A. Plaintiff's Negligence and Strict Liability Claims are not Barred

        by the Statute of Limitations …………………………………………… 4

        i. The Statute of Limitations is Tolled by the Discovery Rule ………….. 4

        ii. Equitable Tolling Principles Apply in this Case ……………..…... 5

    B. Plaintiff's Warranty Claims are not Time-Barred …………………….....… 8

    C. Plaintiff's Claims are not Barred by Illinois' Product Liability

        Statute of Repose…………………………………………………………... 9

IV. CONCLUSION …………………………………………………………………… 12

- ii –

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION OF SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND REPOSE**

# TABLE OF AUTHORITIES

**Cases:**

Espinoza v. Elgin, Joliet & Eastern Ry. Co.,
   165 Ill. 2d 107, 114, 649 N.E.2d 1323, 208 Ill. Dec. 662 (1995) ............................. 3

Adams v. Northern Illinois Gas Co.,
   211 Ill. 2d 32, 43, 809 N.E.2d 1248, 284 Ill. Dec. 302 (2004). ............................... 3

Albano v. Shea Homes, LTD, P'Ship,
   634 F.3d 524, 530 (9th Cir. 2011). ........................................................................... 3

Anane v. Pettibone Corp.,
   203 Ill. App. 3d 121, 127 ......................................................................................... 6

Espinoza v. Elgin, Joliet & Eastern Ry. Co.,
   165 Ill. 2d 107, 114, 649 N.E.2d 1323, 208 Ill. Dec. 662 (1995) ............................. 3

Deluna v. Burciaga,
   857 N.E.2d 229, 240 (Ill. 2006) ........................................................................ 9, 10

Gary v. Joe Roth Truck Parts & Sales, Inc.,
   128 Ill. App. 3d 485, 486 (Ill. App. Ct. 1st Dist. October 29, 1984). ...................... 8

LaManna v. G.D. Searle & Co.,
   204 Ill. App. 3d 211, 213 Id. at 360-1 ..................................................................... 4

Mitsias v. I-Flow Corp.,
   959 N.E.2d 94, 100 .................................................................................................. 4

Nolan v. Johns-Manville Asbestos,
   85 Ill. 2d 161, 171 .................................................................................................... 4

Tomes v. Chrysler Corp.,
   60 Ill. App. 3d 707, 708 ....................................................................................... 8, 9

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION OF SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND REPOSE**

**I. Introduction**

Plaintiff Gerard Cervantes respectfully contends that his claims are not time barred due to Illinois' discovery rule, fraudulent concealment statute, and equitable estoppel. Furthermore, under Illinois law, when a plaintiff knew or should have known his injuries were caused by wrongful conduct is a question of fact to be later decided by a jury. As such, Defendant's Motion for Summary Judgment on the Statute of Limitations and Repose should be denied.

Plaintiff was introduced to Roundup in 1982 when he began using Roundup for residential use. Fredona Decl. Ex. 1., Dep. of Plaintiff, 103:15, 104:2-5, 124:8-11. In 1998, Plaintiff started up his own lawn care business where he used concentrate Roundup on a weekly basis, thirty-five weeks a year, until 2004. Fredona Decl. Ex. 1., Dep. of Plaintiff, 116:20-23, 136:7-13. While using Roundup at his lawncare business, he would mix Roundup concentrate with water in a three-gallon backpack, and use the entire three gallons a day. Fredona Decl. Ex. 1., Dep. of Plaintiff, 97:20-24,134:20-18. Trusting the representations of Defendant, Plaintiff "thought Roundup was the best and we see it on the commercials." Fredona Decl. Ex. 1., Dep. of Plaintiff, 100:5-8. Indeed, he "thought it was the best product out there." Fredona Decl. Ex. 1., Dep. of Plaintiff, 96:11-13. Admittedly, had he known that that Roundup could cause cancer he would not have used the product. Fredona Decl. Ex. 1., Dep. of Plaintiff, 240:16-24.

In 2004, Plaintiff developed NHL. Fredona Decl. Ex. 1., Dep. of Plaintiff, 165:1-3. Shortly after, Plaintiff took off work for two years and stopped using Roundup. Fredona Decl. Ex. 1., Dep. of Plaintiff, 74:11-75:5. After the cancer diagnosis, Plaintiff became more aware of potential carcinogens in the environment, as he stated after the cancer, "I stopped using everything." Fredona Decl. Ex. 1., Dep. of Plaintiff, 159:1-4. Indeed, upon returning to work at

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION OF SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND REPOSE**

his full time position at Nicor, Plaintiff continued to be cautious. The Plaintiff avoided the "tap hole," where there was potential to be exposed to benzene, PCB or asbestos. Fredona Decl. Ex. 1., Dep. of Plaintiff, 159:16-160:10.

Defendant has asserted in its motion that Plaintiff was aware of the link between Roundup and his cancer, because he testified that someone may have told him that Roundup caused his NHL; while he was "just maybe talking to a friend," but "not anyone professionally." (ECF 12786), pg 3, ¶ 2; Fredona Decl. Ex. 1., Dep. of Plaintiff, 161:4-15. However, this one statement does not impute knowledge of wrongful conduct on the Plaintiff. As noted above, Plaintiff avoided "everything" after his diagnosis. At one point in 2006, Plaintiff believed that the water at his work may have caused his cancer. Plaintiff was part of a class action lawsuit against his employer, Nicor, in 2006, alleging that his NHL was due to chemical exposure from the water at work. Fredona Decl. Ex. 1., Dep. of Plaintiff, 12:8-13:16. Plaintiff even asked his doctor "where he could have possibly gotten it from," and her answer was "I don't know where you got it from." Fredona Decl. Ex. 1., Dep. of Plaintiff, 185:20-186:3. Plaintiff testified that he first began to have a suspicion that Roundup caused his non-Hodgkin lymphoma when he started seeing advertisements on television that there could be a correlation. Fredona Decl. Ex. 1., Dep. of Plaintiff, 196:19-23. Undoubtedly, that commercial would have been aired after the WHO's International Agency on Cancer ("IARC") assessed glyphosate and the creation of the MDL in 2016. Plaintiff testified that he first made the correlation after hearing what was on a commercial *and* speaking to Vrdolyak, his attorney. Fredona Decl. Ex. 1., Dep. of Plaintiff, 220:6-11. Therefore, there is a genuine issue of material fact as to when the Plaintiff knew or should have known that his injuries were caused by Defendant's wrongful conduct.

- 2 –

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION OF SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND REPOSE**

**II. Legal Standard**

"A Federal Court sitting in diversity applies the substantive law of the state, including the states' statute of limitations [including tolling rules]." <u>Albano v. Shea Homes, LTD, P'Ship</u>, 634 F.3d 524, 530 (9th Cir. 2011). In Illinois, summary judgment is proper when the "pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2016). In Illinois, summary judgment is a *drastic* means of disposing of litigation and "should be allowed only when the right of the moving party is clear and free from doubt." <u>Adams v. Northern Illinois Gas Co.</u>, 211 Ill. 2d 32, 43, 809 N.E.2d 1248, 284 Ill. Dec. 302 (2004). "[W]here reasonable persons could draw divergent inferences from the undisputed material facts or where there is a dispute as to a material fact, summary judgment should be denied and the issue decided by the trier of fact." <u>Espinoza v. Elgin, Joliet & Eastern Ry. Co.</u>, 165 Ill. 2d 107, 114, 649 N.E.2d 1323, 208 Ill. Dec. 662 (1995). In ruling on a motion for summary judgment, a court must construe the pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the opponent. <u>Adams</u>, at 211 Ill. 2d at 43.

**III. Argument**

The facts about what Plaintiff knew or reasonably should have known are in dispute, and the facts about what Defendant knew, but actively concealed are also disputed. The impact of Defendant's suppression and concealment of adverse findings by others and Monsanto's deliberate decisions to refrain from research of its Roundup products create genuine issues of material fact. Accordingly, Defendant is not entitled to summary judgment.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION OF SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND REPOSE**

**A.   Plaintiff's Negligence and Strict Liability Claims are not Barred by the Statute of Limitations.**

**i.   The Statute of Limitations is Tolled by the Discovery Rule.**

Plaintiff's claims are not time-barred by the statute of limitations because they are tolled by the discovery rule. Generally speaking, the statute of limitations for product liability actions is two years. Mitsias v. I-Flow Corp., 959 N.E.2d 94, 100. However, Illinois judiciary has created the discovery rule, in which the relevant statute of limitations does not commence until the injured plaintiff knows or reasonably should know that he or she has been injured, and that the injury was wrongfully caused. Id. Mere suspicion is not the same as reasonably knowing. Id. at 102 Therefore, the statute of limitations is not triggered while a party is attempting to discover whether the injury is wrongfully caused. LaManna v. G.D. Searle & Co., 204 Ill. App. 3d 211, 213 Id. at 360-1. Application of the discovery rule in toxic products cases, where plaintiffs do not know the product was harmful at the time of exposure, is proper. Id. at 366.

In Nolan, plaintiff's decedent brought suit against defendants claiming the decedent's asbestosis was caused by his exposure to asbestos at work. Nolan v. Johns-Manville Asbestos, 85 Ill. 2d 161, 171. The facts of the case showed that the decedent developed lung problems in 1957 and knew he had pulmonary fibrosis in 1965. Id. However, he was not told by a doctor that he had asbestosis and that the condition was caused by his exposure to asbestos materials at work until 1973. Id. The plaintiff in Nolan filed suit in 1975. Id. at 163. The defendants moved for summary judgment based on the statute of limitations, and the trial court granted the motion. Id. The plaintiff appealed, and the appellate court reversed. Id. The Illinois Supreme Court of Illinois affirmed the appellate court's reversal and remanded the case. Id. It upheld the discovery rule, stating "an injured person is not held to a standard of knowing the inherently unknowable." Id. at 171. The Illinois Supreme Court also held that the question of when a

- 4 –

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION OF SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND REPOSE**

party knew or reasonably should know of both the injury and its wrongful cause is a question of fact, unless the facts are undisputed and only one conclusion can be drawn from them. Id.

In this instant case, it is disputed as to when the Plaintiff knew the Defendant's conduct caused his injury. Defendant imputes Plaintiff's knowledge in 2006 at the time he was "just talking to a friend." (ECF 12786), pg 3, ¶ 2; Fredona Decl. Ex. 1., Dep. of Plaintiff, 161:4-15. However, Plaintiff inquired from his doctor how he developed NHL, and was given no clue, and he was also suspicious that water from his work could have caused his cancer in 2006. Fredona Decl. Ex. 1., Dep. of Plaintiff, 12:8-13:16, 185:20-186:3. It was not until some time within five years of his deposition on June 23, 2020, that he became suspicious that Roundup caused his NHL, when he saw legal advertisements on television and spoke with an attorney. Fredona Decl. Ex. 1., Dep. of Plaintiff, 196:19-23. The question of fact regarding when the Plaintiff knew or should have known that Roundup caused his injuries are in dispute, and therefore summary judgment is improper.

### ii. Equitable Tolling Principles Apply in this Case

In addition, Plaintiff's claims are not time barred by the statute of limitations because Plaintiff is entitled to equitable tolling and equitable estoppel principles. The doctrine of estoppel requires proof of the following six elements: (1) words or conduct by the party against whom the estoppel is alleged constituting either a misrepresentation or concealment of material facts; (2) knowledge on the part of the party against whom the estoppel is alleged that representations made were untrue; (3) the party claiming the benefit of an estoppel must have not known the representations to be false either at the time they were made or at the time they were acted upon; (4) the party estopped must either intend or expect that his conduct or representations will be acted upon by the party asserting the estoppel; (5) the party seeking the benefit of the estoppel must have relied or acted upon the representations; and (6) the party

- 5 –

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION OF SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND REPOSE**

claiming the benefit of the estoppel must be in a position of prejudice if the party against whom the estoppel is alleged is permitted to deny the truth of the representations made. Anane v. Pettibone Corp., 203 Ill. App. 3d 121, 127

In Anane, plaintiff filed a product liability action against multiple defendants over the death of her husband due to a factory accident. Id. at 122. A few weeks after the incident, an administrator inspected the machine with the manufacturer's apparent identity: however, the nameplate bore the name of a company other than the real manufacturer. Id. The other company failed to notify the distributor that it changed the nameplate on the machine, and the manufacturer knew of the lawsuit. Id. The plaintiff later amended her complaint to add the real manufacturer, and the manufacturer was granted dismissal based on the statute of limitations. Id. On appeal the plaintiff argued that the manufacturer was estopped from invoking the statute of limitations. Id. The First District Appellate Court reversed the trial court's dismissal in the product liability action. Id. at 127. It held that the manufacturer was estopped from asserting a defense based on the statute of limitations because the elements of estoppel had been met. Id. at 127.

In the case at bar, the principles of equitable estoppel also applies. Defendant knew Roundup could cause NHL and concealed that information. In its answer to the Plaintiff's complaint, Defendant "denies that any exposure to Roundup branded products can cause non-Hodgkin's lymphoma ("NHL")." (ECF 9), pg. 25 ¶ 119. However, Defendant had the means to know, or actually knew, that the EPA found a statistically significant increase in lymphocytic hyperplasia and interstitial tumors in a 1982 study of rats exposed to glyphosate.[1] The facts

---

[1] See EPam ,Office of Pesticide and Toxic Substances, "Summary of the IBT Review Program Office of Pesticide Programs (July 1983, February 18, 1982 EPA memo re: Lifetime feeding study in rats with glyphosate available at https://www3.epa.gov/pesticides/chem_search/reg_actions/reregistration/tred_PC-417300_11-Apr-97.pdf

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION OF SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND REPOSE**

about corporate malfeasance have resulted in three jury verdicts against Defendant. This Court affirmed an award of punitive damages in <u>Hardeman v. Monsanto</u>, finding that Monsanto's conduct warrants punishment. See PTO 160 (holding that the evidence supported a finding of "despicable conduct which [was] carried on by the defendant with a willful and conscious disregard of the rights and safety of others."). Indeed, this Court found that the evidence of Monsanto's conduct at the <u>Hardeman</u> trial "painted the picture of a company focused on attacking and undermining the people who raised concerns, to the exclusion of being an objective arbiter of Roundup's safety. <u>Id</u>.

Because Defendant concealed the fact that Roundup was linked to NHL, it was impossible for the Plaintiff to know that the representations of the Defendants were false at the time he was using Roundup, or any time after. The Plaintiff's deposition testimony proves that he was still looking for answers for at least two years after his diagnosis, and two years after he quit using the product. Fredona Decl. Ex. 1., Dep. of Plaintiff, 185:20-186:3. In fact, Plaintiff did not even have a suspicion until he started seeing advertisements on television. Fredona Decl. Ex. 1., Dep. of Plaintiff 196:19-23. Defendant knew that its conduct and misrepresentations would be acted upon by the Plaintiff and other consumers of Roundup, otherwise it would not have bothered advertising Roundup products on television. Plaintiff relied on television commercials launched by the Defendant, and believed that Roundup was the best product out there. Fredona Decl. Ex. 1., Dep. of Plaintiff, 96:11-13, 100:5-8. Lastly, Plaintiff would be severely prejudiced if Defendant is not estopped from asserting a limitations defense; as the Plaintiff developed NHL in 2006 and it was not until after 2016 that he discovered that the Defendant's product may have caused his injuries.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION OF SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND REPOSE**

**B.  Plaintiff's Warranty Claims are Not Time-Barred**

For the same reasons as set forth above, Plaintiff's breach of warranty claims are not time-barred by 810 ILCS 5/2-725's statute of limitations due to Illinois' equitable estoppel principles. In addition, Illinois courts have not strictly construed the four-year statute of limitations for breach of warranty claims. For example in Gary, the plaintiff alleged the defendant distributed a defective air brake, which later exploded. Gary v. Joe Roth Truck Parts & Sales, Inc., 128 Ill. App. 3d 485, 486 (Ill. App. Ct. 1st Dist. October 29, 1984). The plaintiff in Gary filed suit for strict liability and negligence. Id. After dismissal of the strict liability claim, plaintiff was allowed to amend his complaint; plaintiff did so and added a breach of warranty claim. Id. The defendant moved to dismiss the new count based on Illinois' four year statute of limitations, and the trial court dismissed the account. Id. The First District Appellate Court reversed. Id. It held that the claim related back to the time the plaintiff filed his original complaint because it appeared the new claim grew out of the same transaction and occurrence which was based on negligence and product liability. Id. at 487. Thus, the simple filing of a negligence and product liability claim put the defendant on notice of the breach of warranty claim, and the four-year statute of limitations was tolled.

In addition, it has been implied by the First District Appellate Court of Illinois that the four-year statute of limitations in breach of warranty claims may be tolled upon a concealment or misrepresentation. In Tomes, the plaintiff consumer brought claims against a boat manufacturer's dealers after the boat had to be repaired several times and leaked. Tomes v. Chrysler Corp., 60 Ill. App. 3d 707, 708. The defendant filed a motion to strike the breach of warranty claims as they were subject to the four-year statute of limitations. Id. The trial court dismissed the breach of warranty claims and the First District Appellate Court affirmed. Id. at 711. However, the First District certainly implied that the statute of limitations could be tolled

- 8 –

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION OF SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND REPOSE**

in cases where fraudulent concealment and misrepresentation occurred. In regards to plaintiff's assertion that the defendant should be estopped from asserting a statute of limitations defense, the Court observed: "ignorance of a cause of action is not concealment. An actual misrepresentation, not mere silence, is required […] the above letter is insufficient […] to show fraudulent activity." Id. Thus, an Illinois Court can consider whether a defendant can be estopped from asserting a statute of limitations defense in cases of fraudulent activity and misrepresentation.

In this instant case, and as noted above, there is no doubt that the Defendant engaged in fraudulent concealment and misrepresentations concerning Roundup product –to the extent that this Court has awarded punitive damages in previous trials and declared the "despicable conduct which [was] carried on by the defendant with a willful and conscious disregard of the rights and safety of others." See PTO 160. Therefore, Defendant should be estopped from asserting a statute of limitations defense on Plaintiff's breach of warranty claims.

C.  **Plaintiff's Claims are not Barred by Illinois' Product Liability Statute of Repose.**

For the same reasons as set forth above, Plaintiff's product liability claim is not time-barred by the statute of repose due to Illinois' equitable estoppel principles. In addition, the Plaintiff's product liability action has been tolled by Illinois' fraudulent concealment statute. In Deluna, the Illinois Supreme Court found a fraudulent concealment exception to the statute of repose for legal malpractice. Deluna v. Burciaga, 857 N.E.2d 229, 240 (Ill. 2006). The Court relied on the statutory provision as stated:

> "Fraudulent concealment. If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action and not afterwards." 735 Ill. Comp. Stat. 5/13-215.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION OF SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND REPOSE**

The Court noted that the provision stated "an action," and not any *particular kind* of action:

> "the legislature chose to situate section 13-215 after a series of other sections- containing both statutes of limitations and statutes of repose including provisions pertaining to actions for medical malpractice, product liability, acts or omissions in construction practice, criminal acts, acts or omissions in public accounting, and legal malpractice." DeLuna, 857 N.E.2d at 240.

Based on this positioning of the fraudulent concealment provision, the court "inferred that section 13-215 applies to all of the preceding sections." Id. The court specifically considered whether § 13-215 applied to statutes of repose along with statutes of limitations, and determined that it did. See Id. (stating, "[t]he question, then, is whether the legislature intended section 13-215 as a tolling provision or exception applicable to statutes of repose, as well as statutes of limitations," and finding "no reason why section 13-215 should not apply to statutes of repose"). Although the court relied on the attorney-client relationship in justifying the tolling of the particular statute of repose at issue, there is no textual basis to find that the fraudulent concealment provision applies to the legal malpractice statute of repose but not the product liability statute of repose. Thus, the Supreme Court of Illinois found that under DeLuna's statutory interpretation, the fraudulent concealment exception applies to the products liability statute of repose. As noted above, the Defendant in the case at bar has engaged in fraudulent concealment and misrepresentation. Therefore, the clock on the Plaintiff's claims did not begin to run until Plaintiff discovered he had a cause of action. Furthermore, it was not until some time within five years of his deposition on June 23, 2020, that he became suspicious that Roundup caused his NHL, when he saw commercials on television. Fredona Decl. Ex. 1., Dep. of Plaintiff, 196:19-23. Therefore, the Plaintiff brought his claims within the five years dictated by Illinois' fraudulent concealment statute.

In the event that this Court finds that Plaintiff's product liability claims are time barred by Illinois' 10-year statute of repose, it must find that 735 ILCS 5/14/-213 applies only to product liability claims and not Plaintiff's negligence or breach of warranty claims. There is no question that 735 ILCS 5/13/-213 applies only to product liability claims. The Court need not look further than the name of the statute: "Product liability; statute of repose," in reaching the aforementioned conclusion. See 735 ILCS 5/13/-213.

Defendant contends that the entire action is a product liability action because the Plaintiff's claims were asserted on account of personal injury, or other damage allegedly caused by or resulting from the manufacture, design, formula, advertising, sale, marketing, packaging, warning, etc. (ECF 12786), pg. 9, ¶ 1. The Defendant cites Olson for the proposition that in a "situation in which a disease resulting from exposure to the product that has a long latency period" that the statute of repose should apply. Id. However, Olson specifically addressed only asbestos-related claims; the question on appeal was: "Should the statute of repose even apply to asbestos-related injuries?" Id. at 718. In addition, in Olson, the plaintiffs relied heavily on Indiana law to support their contention that the statute of repose should not apply to their asbestos-related claims. Id. The Olson Court made it a point to distinguish product liability and negligence claims in the context of the statute of repose: "Indiana statute of repose includes negligence-based product liability action, which Illinois statute does not." Id. at 719. Thus, in Illinois, whether or not a statute of repose includes negligence-based causes of action is an important point to consider, and the plain meaning of the Illinois statute of repose does not include negligence or breach of warranty claims.

- 11 –

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION OF SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND REPOSE**

# CONCLUSION

For the foregoing reasons, there are genuine issues of material fact regarding whether Plaintiff's claims are time-barred and therefore Defendant's motion for summary judgment should be denied.

DATED: April 2, 2021

                                    Respectfully Submitted,

*/s/Rebecca Fredona*
Ken Moll
Rebecca Fredona
Fatima Abuzerr
MOLL LAW GROUP
22 W Washington St
15th Floor
Chicago, IL 60602
T: 312.462.1700
F: 312.756.0045
rfredona@molllawgroup.com

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION OF SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND REPOSE**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of April 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

*/s/ Rebecca Fredona*

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION OF SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND REPOSE**