Ken Moll
Rebecca Fredona
Fatima Abuzerr
**MOLL LAW GROUP**
22 W Washington St
15th Floor
Chicago, IL 60602
T: 312.462.1700
F: 312.756.0045
rfredona@molllawgroup.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Karman v. Monsanto Co.*, 3:19-cv-01183-VC | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS** |

**PLAINTIFFS' OPPOSITION TO MONSANTO COMPANY'S MOTION FOR SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

- i –

**TABLE OF CONTENTS**

I. INTRODUCTION………………………………………………………………………1

II. LEGAL STANDARD……………………………………………………………………2

III. ARGUMENT……………………………………………………………………………3

    A. Plaintiff's Negligence, Wrongful Death, and Strict Liability
       Claims Are Not Barred by The Statute of Limitations……………………..4

         i. The Statute of Limitations is Tolled by the Discovery Rule………..4

         ii. Equitable Tolling Principles Apply in This Case………………….5

    B. Plaintiff's Warranty Claims Are Not Time-Barred…………..…………..8

    C. Whether Plaintiff's Decedent Read the Label Is
       A Question of Fact for The Jury……………………………….…….9

IV. CONCLUSION……………………………………………………………………10

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

# TABLE OF AUTHORITIES

**Cases**

Adams v. Northern Illinois Gas Co.,
    211 Ill. 2d 32, 43, 809 N.E.2d 1248, 284 Ill. Dec. 302 (2004). .........................2, 3

Albano v. Shea Homes, LTD, P'Ship,
    634 F.3d 524, 530 (9th Cir. 2011). ...................................................................2

Anane v. Pettibone Corp.,
    203 Ill. App. 3d 121, 127 ..................................................................................6

Balma v. Henry,
    404 Ill. App. 3d 233, 237. .................................................................................3

Espinoza v. Elgin, Joliet & Eastern Ry. Co.,
    165 Ill. 2d 107, 114, 649 N.E.2d 1323, 208 Ill. Dec. 662 (1995). .......................3

Gary v. Joe Roth Truck Parts & Sales, Inc.,
    128 Ill. App. 3d 485, 486 (Ill. App. Ct. 1st Dist. October 29, 1984). ..................8

LaManna v. G.D. Searle & Co.,
    204 Ill. App. 3d 211, 213 Id. at 360-1 ................................................................4

Mitsias v. I-Flow Corp.,
    959 N.E.2d 94, 100. ..........................................................................................4

Nolan v. Johns-Manville Asbestos,
    85 Ill. 2d 161, 171. ........................................................................................4, 5

Solis v. BASF Corp.,
    2012 IL App (1st) 110875, at 1 .....................................................................9, 10

Tomes v. Chrysler Corp.,
    60 Ill. App. 3d 707, 708. ................................................................................8, 9

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

**I. Introduction**

Plaintiff Christine Karman respectfully contends that her claims are not time barred due to Illinois' discovery rule and equitable estoppel. Furthermore, under Illinois law, when a plaintiff knew or should have known their injuries were caused by wrongful conduct is a question of fact to be later decided by a jury. Whether the Decedent read Roundup's label is also a question of fact for the jury. Additionally, Plaintiff's adverse testimony cannot be admitted according to Illinois' Dead Man's Act. As such, Defendant's Motion for Summary Judgment on the Statute of Limitations and Proximate Causation Grounds should be denied.

Plaintiff's Decedent was introduced to Roundup after he moved into his Robin Hood home in approximately 1991 or 1992. Fredona Decl. Ex. 1., Dep. Of Plaintiff, 92:15-22. The Decedent used Roundup for week control on his 34,155 square foot property until approximately 2013. Fredona Decl. Ex. 1., Dep. Of Plaintiff, 93:21-94:3, 101:2-13. During those years, his wife and Plaintiff, stated that he used the Defendant's product about sixteen times a year. Fredona Decl. Ex. 1., Dep. Of Plaintiff, 94:21-95:4.

Defendant has asserted that the Plaintiff knew that Roundup may have caused the Decedent's non-Hodgkin lymphoma ("NHL") sometime in 2015, because she stated that she had seen legal advertisements talking about Roundup and lymphoma sometime prior to the Decedent's death. (ECF 12783) pg. 3, ¶ 3. However, when asked specifically when she thought Roundup might be the cause of the Decedent's NHL, she answered that "it was after my husband passed away," without giving a further date. Fredona Decl. Ex. 1., Dep. Of Plaintiff, 216:22-217:8. Therefore, there is a genuine issue of material fact as to when the Plaintiff knew or should have known that the Decedent's injuries were caused by Defendant's wrongful conduct.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

Defendant has asserted in its motion that that the Plaintiff's failure to warn claim should be denied because that Decedent never read the label. (ECF 12783) pg. 5, ¶ 3. However, at her deposition, Plaintiff was asked if she specifically recalled seeing the Decedent reading the label on the Roundup bottle, in which she replied "I don't remember." Fredona Decl. Ex. 1., Dep. Of Plaintiff, 209:19-24. When asked if the Decedent generally read directions on chemical labels, the Plaintiff answered in the affirmative:

> Q. Do you specifically recall, did he ever read chemical labels before he would use those products?
>
> MR. HOMOLKA: Object to form. You can answer.
>
> A. He did, he did. If it was something that perhaps needed a certain type of application that he basically knew about, he would read that.
> Fredona Decl. Ex. 1., Dep. Of Plaintiff, 272:10-24.

Therefore, there is a genuine issue of material as to whether Plaintiff's Decedent read the warning label of the Defendant's product.

**II. Legal Standard**

"A Federal Court sitting in diversity applies the substantive law of the state, including the states' statute of limitations [including tolling rules]." Albano v. Shea Homes, LTD, P'Ship, 634 F.3d 524, 530 (9th Cir. 2011). In Illinois, summary judgment is proper when the "pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005© (West 2016). In Illinois, summary judgment is a *drastic* means of disposing of litigation and "should be allowed only when the right of the moving party is clear and free from doubt." Adams v. Northern Illinois Gas Co., 211 Ill. 2d 32, 43, 809 N.E.2d 1248, 284 Ill. Dec. 302 (2004). "[W]here reasonable persons could draw divergent inferences from the undisputed material facts or where there is a dispute as to a material fact,

- 2 –

summary judgment should be denied and the issue decided by the trier of fact." Espinoza v. Elgin, Joliet & Eastern Ry. Co., 165 Ill. 2d 107, 114, 649 N.E.2d 1323, 208 Ill. Dec. 662 (1995). In ruling on a motion for summary judgment, a court must construe the pleadings, depositions, admissions, and affidavits strictly against the movant and liberally in favor of the opponent. Adams, at 211 Ill. 2d at 43.

## III. Argument

The facts about what Plaintiff knew or reasonably should have known are in dispute, and the facts about what Defendant knew, but actively concealed are also disputed. The impact of Defendant's suppression and concealment of adverse findings by others and Monsanto's deliberate decisions to refrain from research of its Roundup products create genuine issues of material fact. Accordingly, Defendant is not entitled to summary judgment.

In addition, even if the Court were to determine that Defendant was correct as to when Plaintiff knew that Decedent's injuries were caused by Defendant's wrongful conduct and whether Decedent read Roundup's label, Plaintiff's adverse statements in her deposition are inadmissible by Illinois' Dead Man's Act which provides:

> "In the trial of any action in which any party sues or defends as the representative of a deceased person, no adverse party or person directly interested in the action shall be allowed to testify on his or her own behalf to any conversation with the deceased or to any event which took place in the presence of the deceased." 735 ILCS 5/8--201.

The Dead-Man's Act is intended to remove the temptation of a survivor to testify to matters that cannot be rebutted because of the death of the only other party to the conversation or witness to the event, but it is not intended to disadvantage the living." Balma v. Henry, 404 Ill. App. 3d 233, 237. It is proper to apply the Dead Man's Act in the context of a summary judgment proceeding. Id. Here, the Plaintiff is directly interested in

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

the action as the Decedent's heir, and her adverse testimony cannot be rebutted due to the Decedent's death.

### A. Plaintiff's Negligence, Wrongful Death, and Strict Liability Claims Are Not Barred by The Statute of Limitations.

#### 1. The Statute of Limitations is Tolled by the Discovery Rule.

Plaintiff's claims are not time-barred by the statute of limitations because they are tolled by the discovery rule. Generally speaking, the statute of limitations for product liability actions is two years. Mitsias v. I-Flow Corp., 959 N.E.2d 94, 100. However, Illinois judiciary has created the discovery rule, in which the relevant statute of limitations does not commence until the injured plaintiff knows or reasonably should know that he or she has been injured, and that the injury was wrongfully caused. Id. Mere suspicion is not the same as reasonably knowing. Id. at 102 Therefore, the statute of limitations is not triggered while a party is attempting to discover whether the injury is wrongfully caused. LaManna v. G.D. Searle & Co., 204 Ill. App. 3d 211, 213 Id. at 360-1. Application of the discovery rule in toxic products cases, where plaintiffs do not know the product was harmful at the time of exposure, is proper. Id. at 366.

In Nolan, plaintiff's decedent brought suit against defendants claiming the decedent's asbestosis was caused by his exposure to asbestos at work. Nolan v. Johns-Manville Asbestos, 85 Ill. 2d 161, 171. The facts of the case showed that the decedent developed lung problems in 1957 and knew he had pulmonary fibrosis in 1965. Id. However, he was not told by a doctor that he had asbestosis and that the condition was caused by his exposure to asbestos materials at work until 1973. Id. The plaintiff in Nolan filed suit in 1975. Id. at 163. The defendants moved for summary judgment based on the statute of limitations, and the trial court granted the motion. Id. The plaintiff appealed, and the appellate court reversed. Id. The Illinois Supreme Court of

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

Illinois affirmed the appellate court's reversal and remanded the case. Id. It upheld the discovery rule, stating "an injured person is not held to a standard of knowing the inherently unknowable." Id. at 171. The Illinois Supreme Court also held that the question of when a party knew or reasonably should know of both the injury and its wrongful cause is a question of fact, unless the facts are undisputed and only one conclusion can be drawn from them. Id.

In this instant case, it is disputed as to when the Plaintiff's decedent knew the Defendant's conduct caused his injury. Defendant imputes Plaintiff's knowledge in 2015 when Plaintiff saw a television commercial for Roundup lawsuits prior to Decedent's death. ECF 12783) pg 3, ¶ 1. However, as noted above, Plaintiff testified that she did not think Roundup caused her husband's injuries until after the Decedent passed away. Fredona Decl. Ex. 1., Dep. of Plaintiff, 216:22-217:8. At most, Plaintiff may have had a mere suspicion when she saw legal advertisements, but witnessing an advertisement is not evidence of what the Plaintiff knew or should have known. The question of fact regarding when the Plaintiff knew or should have known that Roundup caused the Decedent's injuries are in dispute, and therefore summary judgment is improper.

### 2. Equitable Tolling Principles Apply in this Case.

In addition, Plaintiff's claims are not time barred by the statute of limitations because Plaintiff is entitled to equitable tolling and equitable estoppel principles. The doctrine of estoppel requires proof of the following six elements: (1) words or conduct by the party against whom the estoppel is alleged constituting either a misrepresentation or concealment of material facts; (2) knowledge on the part of the party against whom the estoppel is alleged that representations made were untrue; (3) the party claiming the benefit of an estoppel must have not known the representations to be false either at the time they were made or at the time they were acted upon; (4) the party estopped must either intend or expect that his conduct or representations will be

- 5 –

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

acted upon by the party asserting the estoppel; (5) the party seeking the benefit of the estoppel must have relied or acted upon the representations; and (6) the party claiming the benefit of the estoppel must be in a position of prejudice if the party against whom the estoppel is alleged is permitted to deny the truth of the representations made. Anane v. Pettibone Corp., 203 Ill. App. 3d 121, 127.

In Anane, plaintiff filed a product liability action against multiple defendants over the death of her husband due to a factory accident. Id. at 122. A few weeks after the incident, an administrator inspected the machine with the manufacturer's apparent identity: however, the nameplate bore the name of a company other than the real manufacturer. Id. The other company failed to notify the distributor that it changed the nameplate on the machine, and the manufacturer knew of the lawsuit. Id. The plaintiff later amended her complaint to add the real manufacturer, and the manufacturer was granted dismissal based on the statute of limitations. Id. On appeal the plaintiff argued that the manufacturer was estopped from invoking the statute of limitations. Id. The First District Appellate Court reversed the trial court's dismissal in the product liability action. Id. at 127. It held that the manufacturer was estopped from asserting a defense based on the statute of limitations because the elements of estoppel had been met. Id. at 127.

In the case at bar, the principles of equitable estoppel also applies. Defendant knew Roundup could cause NHL and concealed that information. In its answer to the Plaintiff's complaint, Defendant "denies exposure to Roundup branded products and glyphosate exposed plaintiff's decedent to risk of his alleged cancer." (ECF 9), pg. 16 ¶ 133. However, Defendant had the means to know, or actually knew, that the EPA found a statistically significant increase in lymphocytic hyperplasia and interstitial tumors in a 1982 study of rats exposed to

- 6 –

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

glyphosate.[1] The facts about corporate malfeasance have resulted in three jury verdicts against Defendant. This Court affirmed an award of punitive damages in Hardeman v. Monsanto, finding that Monsanto's conduct warrants punishment. See PTO 160 (holding that the evidence supported a finding of "despicable conduct which [was] carried on by the defendant with a willful and conscious disregard of the rights and safety of others."). Indeed, this Court found that the evidence of Monsanto's conduct at the Hardeman trial "painted the picture of a company focused on attacking and undermining the people who raised concerns, to the exclusion of being an objective arbiter of Roundup's safety. Id.

Because Defendant concealed the fact that Roundup was linked to NHL, it was impossible for the Plaintiff's Decedent to know that the representations of the Defendant was false at the time Decedent was using Roundup, or any time after. In fact, when asked if she knew when Decedent first suspected Roundup caused his injuries, Plaintiff testified "I don't know." Fredona Decl. Ex. 1., 119:19-24. At most, only suspicion could be imputed on Decedent, as he saw legal advertisements on television before his death. Fredona Decl. Ex. 1., Dep. of Plaintiff, 216:10-18. Defendant knew that its conduct and misrepresentations would be acted upon by the Decedent and other consumers of Roundup, otherwise it would not have bothered advertising Roundup products on television. Decedent did rely on Defendant's representations, as Plaintiff agreed that he "primarily used the Roundup and wasn't as concerned with the price." Fredona Decl. Ex. 1., Dep. of Plaintiff, 92:7-11. Lastly, Plaintiff would be severely prejudiced if Defendant is not estopped from asserting a limitations defense;

---

[1] See EPam ,Office of Pesticide and Toxic Substances, "Summary of the IBT Review Program Office of Pesticide Programs (July 1983, February 18, 1982 EPA memo re: Lifetime feeding study in rats with glyphosate available at https://www3.epa.gov/pesticides/chem_search/reg_actions/reregistration/tred_PC-417300_11-Apr-97.pdf

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

as the Plaintiff's Decedent developed NHL in 2015 and it was not until sometime after his death that Plaintiff discovered that the Defendant's product may have caused his injuries.

### B. Plaintiff's Warranty Claims are Not Time-Barred.

For the same reasons as set forth above, Plaintiff's breach of warranty claims are not time-barred by 810 ILCS 5/2-725's statute of limitations due to Illinois' equitable estoppel principles. In addition, Illinois courts have not strictly construed the four-year statute of limitations for breach of warranty claims. For example, in Gary, the plaintiff alleged the defendant distributed a defective air brake, which later exploded. Gary v. Joe Roth Truck Parts & Sales, Inc., 128 Ill. App. 3d 485, 486 (Ill. App. Ct. 1st Dist. October 29, 1984). The plaintiff in Gary filed suit for strict liability and negligence. Id. After dismissal of the strict liability claim, plaintiff was allowed to amend his complaint; plaintiff did so and added a breach of warranty claim. Id. The defendant moved to dismiss the new count based on Illinois' four year statute of limitations, and the trial court dismissed the account. Id. The First District Appellate Court reversed. Id. It held that the claim related back to the time the plaintiff filed his original complaint because it appeared the new claim grew out of the same transaction and occurrence which was based on negligence and product liability. Id. at 487. Thus, the simple filing of a negligence and product liability claim put the defendant on notice of the breach of warranty claim, and the four-year statute of limitations was tolled.

In addition, it has been implied by the First District Appellate Court of Illinois that the four-year statute of limitations in breach of warranty claims may be tolled upon a concealment or misrepresentation. In Tomes, the plaintiff consumer brought claims against a boat manufacturer's dealers after the boat had to be repaired several times and leaked. Tomes v. Chrysler Corp., 60 Ill. App. 3d 707, 708. The defendant filed a motion to strike the breach of warranty claims as they were subject to the four-year statute of limitations. Id. The trial court

- 8 –

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

dismissed the breach of warranty claims and the First District Appellate Court affirmed. Id. at 711. However, the First District certainly implied that the statute of limitations could be tolled in cases where fraudulent concealment and misrepresentation occurred. In regards to plaintiff's assertion that the defendant should be estopped from asserting a statute of limitations defense, the Court observed: "ignorance of a cause of action is not concealment. An actual misrepresentation, not mere silence, is required […] the above letter is insufficient […] to show fraudulent activity." Id. Thus, an Illinois Court can consider whether a defendant can be estopped from asserting a statute of limitations defense in cases of fraudulent activity and misrepresentation.

In this instant case, and as noted above, there is no doubt that the Defendant engaged in fraudulent concealment and misrepresentations concerning Roundup product –to the extent that this Court has awarded punitive damages in previous trials and declared the "despicable conduct which [was] carried on by the defendant with a willful and conscious disregard of the rights and safety of others." See PTO 160. Therefore, Defendant should be estopped from asserting a statute of limitations defense on Plaintiff's breach of warranty claims.

**C. Whether Plaintiff's Decedent Read the Label Is A Question of Fact for The Jury.**

The case law that the Defendant relies on to establish that Plaintiff's failure to warn claims should be dismissed is inapplicable and misguided. In Solis, the plaintiff brought a failure to warn claim against a distributer who supplied a synthetic chemical to his employer, alleging his lungs were injured as a result. Solis v. BASF Corp., 2012 IL App (1st) 110875, at 1. The jury returned a verdict for the plaintiff, and the defendant appealed raising a host of legal and evidentiary errors. Id. The plaintiff claimed that the distributor failed to adequately disclose information in an MSDS from a 1993 study that showed the chemical was "moderately toxic." Id. at 14. When asked whether the plaintiff read the MSDS, he admitted there was "no need"

- 9 –

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

because he had already read many of the MSDSs on the subject. Id. at 25. The defendant argued that because plaintiff failed to read the warnings, there was insufficient evidence of causation. Id.

The First District Appellate Court held while it did not quarrel with the statement of law, it could not agree that an updated warning would have been overlooked by the plaintiff; and the defendant was asking the Court to draw only one factual inference from the evidence. Id. at 58. The Court stated that a jury could have rationally concluded that the plaintiff would have became aware of the additional information. Id. at 59. Thus, Solis stands for the proposition that a plaintiff does not necessarily have to read a warning to establish proximate causation, and whether or not a plaintiff would have read a warning is a question of fact for the jury.

Distinguishable from Solis, in the case at bar, the Plaintiff did not admit that the Decedent did not read the label. As noted above, although the Plaintiff stated that she never saw the Decedent read the Roundup's label, the Decedent did read chemical labels before he would use chemical products. Fredona Decl. Ex. 1., Dep. of Plaintiff, 209:19-24, 272:10-24. Therefore, there is a genuine issue of material fact as to whether the Decedent read the warning. In addition, based on the statements above, more than one inference can be made, and whether the Decedent read the label is a question of fact for the jury.

**IV. Conclusion**

For the foregoing reasons, there are genuine issues of material fact regarding whether Plaintiff's claims are time-barred and therefore Defendant's motion for summary judgment should be denied.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

DATED: April 2, 2021

                                        Respectfully Submitted,

By:   */s/Rebecca Fredona*
        Ken Moll
        Rebecca Fredona
        Fatima Abuzerr
        **MOLL LAW GROUP**
        22 W Washington St
        15th Floor
        Chicago, IL 60602
        T: 312.462.1700
        F: 312.756.0045
        rfredona@molllawgroup.com

*Attorneys for Plaintiffs*

- 11 –

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of April 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Rebecca Fredona

- 12 –

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**