Ken Moll
Rebecca Fredona
Fatima Abuzerr
**MOLL LAW GROUP**
22 W Washington St
15th Floor
Chicago, IL 60602
T: 312.462.1700
F: 312.756.0045
rfredona@molllawgroup.com

*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: *Cervantes v. Monsanto Co.*, 3:19-cv-03015-VC *Karman v. Monsanto Co.*, 3:19-cv-01183-VC *Pecorelli v. Monsanto Co.*, 3:19-cv-06936-VC *Peterson v. Monsanto Co.*, 3:19-cv-07271-VC *Rehak v. Monsanto Co.*, 3:19-cv-01719-VC *Schafer v. Monsanto Co.*, 3:19-cv-02169-VC | **PLAINTIFFS' NOTICE OF MOTION AND OMNIBUS MOTION TO STRIKE AND EXCLUDE THE TESTIMONY OF DEFENDANT'S CASE SPECIFIC EXPERTS** |
| | Hearing date: May 28, 2021 |

**PLAINTIFFS' OMNIBUS MOTION TO STRIKE AND EXCLUDE THE TESTIMONY OF DEFENDANT'S CASE SPECIFIC EXPERTS**

Plaintiffs, Gerard Cervantes, James Peterson, Lorraine Rehak, Mark Pecorelli, Individually and as Representative of the Estate of Michael Pecorelli, Christine Karman, Individually and as Representative of the Robert Karman, and John Schafer ("Plaintiffs"), pursuant to Federal Rule of Civil Procedure 37, Fed. R. Civ. P. 30(d)(2), Federal Rule of Evidence 702, and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), hereby move to strike and exclude the expert testimony proffered by Monsanto's 17 case-specific experts, and in support therein state as follows:

BACKGROUND

**PLAINTIFF'S OMNIBUS MOTION TO STRIKE THE TESTIMONY OF DEFENDANT'S CASE SPECIFIC EXPERTS**

On December 9, 2020, this Court entered an Order setting the Wave 2 Schedule for this MDL; all of the Plaintiffs are in Wave 2 of this MDL. The Order set the following expert schedule: Plaintiff's expert reports due on January 22, 2021; Defendant's expert reports due February 12, 2021; and close of expert discovery on March 10, 2021. (ECF 12198)

On January 22, 2021, all Plaintiffs timely served their Rule 26 Designation and Disclosure on Defendant disclosing oncologists, pathologists, genotoxicologist, and forensic toxicologists as their experts.

On February 12, 2021, Defendant served its Rule 26 Designation and Disclosure on Plaintiff Gerard Cervantes naming Earl Creech, Ph.D., Matthey C. Call, MS, CIH, CSP, Jeffrey William Craig, M.D., Ph.D., Ran Reshef, M.D., MSc, D. as case-specific experts. Moll Aff., Ex. 1 at p. 2.

On February 12, 2021, Defendant served its Rule 26 Designation and Disclosure on Plaintiff James Peterson naming Celeste Bello, M.D., Dr. Bruce A. Woda, Brian Daly, CIH, PE, and Dr. Bradley Hanson, Ph.D as case-specific experts. Moll Aff., Ex. 1 at p. 2.

On February 12, 2021, Defendant served its 26 Designation and Disclosure on Plaintiff John Schafer naming Bradley D. Hanson, Ph.D., Mark A. Katchen, CIH, FAIHA, Matthew J. Matasar, MS, MD, Graham W. Slack, M.D. as case specific experts. Moll Aff., Ex. 1 at p. 2.

On February 12, 2021, Defendant served its Rule 26 Designation and Disclosure on Plaintiff Lorraine Rehak naming Kassim Al-Khatib, Ph.D, Alex LeBeau, PhD, MPH, CIH, Ran Reshef, MD, MSc, Lawrence Weiss, MD as case-specific experts. Moll Aff., Ex. 1 at p. 2.

On February 12, 2021, Defendant served its Rule 26 Designation and Disclosures on Plaintiff Mark Pecorelli, naming Joseph M. DiTomaso, Ph.D., Timothy S. Fenske, M.D., Robert N. Phalen, Ph.D., CIH, Graham W. Slack, M.D. as case specific experts. Moll Aff., Ex. 1 at p. 2.

**PLAINTIFF'S OMNIBUS MOTION TO STRIKE THE TESTIMONY OF DEFENDANT'S CASE SPECIFIC EXPERTS**

On February 12, 2021, Defendant served its Rule 26 Designation and Disclosures on Robert Karman, naming Celeste Bello, M.D. Bruce A. Woda, M.D., Alex Lance LeBeau, PhD, MPH, CIH, and Joseph M. DiTomaso, Ph.D. as case-specific experts. Moll Aff., Ex. 1 at p. 2.

On February 13, 2021 – **25 days** prior to the deadline to depose case-specific experts - Plaintiffs' counsel reached out to Defendant's counsel via email requesting several alternative dates for the 24 depositions of the 17 case-specific experts that Defendant disclosed to the Plaintiffs. Moll Aff., Ex. 1 at p. 2.

On February 16, 2021, Defendant suggested that all 24 depositions (8, seven-hour depositions and 16, three-hour depositions) be taken over the course of seven days (including Sunday) of the final eight days of the deadline:

March 3, 2021:

    Slack for Pecorelli, 7 hours

March 4, 2021:

    Call for Cervates, 7 hours at 11am ET
    Creech for Cervantes, 7 hours (or March 5, 2021)
    Slack for Schafer, 3 hours, 12:30pm PT

March 5, 2021:

    Creech for Cervantes, 7 hours (or March 4, 2021)
    Fenske for Pecorelli, 7* hours
    Hanson for Schafer, 3 hours
    Hanson for Peterson, 3 hours
    Matasar for Schafer, 3 hours, 11:00-3pm ET (or March 8 10am-2pm)
    Phalen for Pecorelli, 3 hours, 10am ET

March 7, 2021:

    Woda for Peterson, 3 hours
    Woda for Karman, 3 hours

March 8, 2021:

    Al-Khatib for Rehak, 3 hours (or March 10, 2021)

3

**PLAINTIFF'S OMNIBUS MOTION TO STRIKE THE TESTIMONY OF DEFENDANT'S CASE SPECIFIC EXPERTS**

   Bello for Karman, 3 hours
   Bello for Peterson, 3 hours
   Matasar for Schafer, 3 hours, 11:00-3pm ET (or March 5 11am-3pm)
   Reshef for Cervantes, 3 hours
   Reshef for Rehak, 3 hours
   Weiss for Rehak, 7* hours

March 9, 2021:

   Craig for Cervantes, 7 hours (or March 10, 2021)
   Daly for Peterson, 7 hours, 12:pm ET
   DiTomaso for Pecorelli, 3 hours
   DiTomaso for Karmen, 3 hours
   Katchen for Schafer, 7 hours
   LeBeau for Karman, 3 hours, 9:00 a.m.
   LeBeau for Rehak, 3 hours

March 10, 2021:

   Al-Khatib for Rehak, 3 hours (or March 8, 2021)
   Craig for Cervantes, 7 hours (or March 9, 2021)

   *initially only offered for 3 hours. Moll Aff., Ex. 1 at p. 3-4.

The aforementioned schedule the Defendant proffered to Plaintiffs' counsel was untenable. The Defendant offered up to seven depositions on March 8, 2021 and March 9, 2021 alone; four of those depositions lasting up to seven hours each. The defendant only offered one date and time for 20 depositions and offered only two dates and times for 4 depositions.

On February 16, 2021, Plaintiffs' counsel attempted to confer with Defendant in good faith. Plaintiff's counsel informed Defendant's counsel via email that the schedule provided was untenable and pointed out that the schedule provided as many as five or six depositions on the same day. Plaintiffs' counsel requested several alternative dates and times, and to spread the expert witness depositions out over more than six days. Moll Aff., Ex. 1 at p. 4.

On February 16, 2021, Defendant's counsel responded via email that the proffered schedule was due to the "tight deadline of March 10 for expert depositions" and that "our experts will be responding to your experts and thus have only been given a short window to provide

deposition dates in advance of the deadline . . . ." Further, Defendant further asserted that "you have left us with only about one week window or less to provide dates for the 24 depositions you have requested of our experts, many of whom are practicing clinicians with availability that is limited by their responsibilities to their patients." Finally, defendant asserted that "under the current situation, this is all we can offer." The Defendant never offered any alternative dates for their case-specific expert depositions. Moll Aff., Ex. 1 at p. 4.

On February 16, 2021, Plaintiffs' counsel suggested that there were "many available dates between tomorrow and March 10 . . ." Moll Aff., Ex. 1 at p. 4. In fact, there were 23 days left before the deadline to take the depositions.

On March 2, 2021, Plaintiffs' counsel again reached out to defense counsel and reiterated that "we still have not been provided with alternative deposition dates that would work for us as we requested. With only eight days left, I highly doubt this can get done." Moll Aff., Ex. 1 at p. 4. Plaintiffs' counsel never received a response nor were they provided any alternative dates, as requested.

The Defendant did not confer with Plaintiffs' counsel in good faith; the proffered schedule was clearly a strategic move to prevent having to submit Monsanto's case-specific experts for examination by overburdening Plaintiffs' counsel.

For example, in each of the Defendant's Rule 26 Designation and Disclosures served on Plaintiffs, Defendant named a "weed scientist" expert. Those experts being: Earl Creech Ph.D, Bradley Hanson, Ph.D, Kassim Al-Khatib, Ph.D, and Joseph M. DiTomaso, Ph.D. Plaintiffs did not disclose a "weed scientist" in any of their reports. Therefore, Defendant's weed scientists did not need to respond to any of Plaintiffs' expert reports. Defendant's counsel could have offered any date after February 13, 2021, the date Plaintiffs' counsel first requested dates; however, they chose not to.

**PLAINTIFF'S OMNIBUS MOTION TO STRIKE THE TESTIMONY OF DEFENDANT'S CASE SPECIFIC EXPERTS**

In addition, Defendant completed the depositions of the Plaintiffs' named forensic toxicologist, Dr. William Sawyer, by February 15-18, 2021. Defendant's counsel could have provided deposition dates for their forensic toxicologist at any date after February 15, 2021, but chose not to do so.

## LEGAL STANDARD

The proponent of expert testimony must "come forward with evidence from which the court can determine that the proffered testimony is properly admissible."[1] Under Rule 702, the test of a reliable foundation looks to whether the expert's opinions are "the product of reliable principles and methods."[2] An expert must apply the principles and methods reliably to the facts of the case.[3] An expert opinion must be grounded in the "methods and procedures of science," and must consist of more than "subjective belief or unsupported speculation."[4] The Supreme Court describes several factors for the gatekeeper trial court to use in assessing whether the reasoning or methodology underlying expert testimony is scientifically valid and whether the reasoning or methodology properly can be applied to the facts in issue: (1) whether a theory or technique "can be (and has been) tested:" (2) whether the theory "has been subjected to peer review and publication," (3) a consideration of the "known or potential known rate of error," (4) "the existence and maintenance of standards controlling the technique's operation," and (5) whether there is 'general acceptance' of the theory within the relevant scientific community."[5]

Even if the expert is qualified and the testimony is reliable, "testimony which does not relate to any issues in the case is not relevant and, ergo, not helpful."[6] That is, the testimony must

---

[1] *Maryland Cas. Co. v. Therm-O-Disc, Inc.,* 137 F.3rd. 780. 783 (4th Cir. 1998)
[2] Fed. R. Evid. 702
[3] *Id.*
[4] *Daubert*, 509, U.S. at 589.
[5] *Id.* At 593-94.
[6] *In re Ethicon, Inc., Pelvic Repair Sys. Products Liab. Litig.*, 2:12-MD-02327, 2014, WL 186872 (S.D.W. Va. Jan. 15, 2014) *reconsideration denied,* 212-MD-02327, 2014, WL 457544 (S.D.W. Va. Feb. 3, 2014).

**PLAINTIFF'S OMNIBUS MOTION TO STRIKE THE TESTIMONY OF DEFENDANT'S CASE SPECIFIC EXPERTS**

"fit" both expert's qualifications and the case and there must be a "valid scientific connection to the pertinent inquiry as a precondition to admissibility."[7]

Federal Rule of Civil Procedure 26(a)(2) obligates an expert witness to produce a written report disclosing the expert's complete opinion, the reasons for them, as well as any exhibits that will be used to support them at the time of disclosure, as ordered by the court.[8] 26(b)(4) states that a party "may depose any person who has been identified as an expert whose opinions may be presented at trial."[9] When a party fails to comply with their discovery obligations, Federal Rule of Civil Procedure 37 permits a court to sanction that party.[10] Under the Federal Rules, when a party fails to timely disclose an expert witness or provide information "the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or harmless."[11] The party who fails to disclose the witness has the burden of establishing that the failure was substantially justified or harmless.[12] "For the sanction of exclusion to apply, Rule 37(c)(1) does not require a finding of bad faith or callous disregard of the discovery rules."[13] "[T]he Federal rules impose an 'automatic sanction' of exclusion of a party's expert witness for failure to adhere to the expert witness requirements set forth in rule 26(a)."[14]

Failure to comply with discovery protocol is also considered a sanctionable offense under the Federal Rules.[15] To assess appropriate sanctions under this Rule, a court may consider, inter

---

[7] *Id.*
[8] Fed. R. Civ. P. 26(a)(2).
[9] Fed. R. Civ. P. 26(a)(4).
[10] *See* Fed. R. Civ. P 37(b)(2).
[11] Fed. R. Civ. P. 37(c) (1).
[12] *Hoyle v. Freightliner, LLC,* 650 F.3d 321, 329 (4th Cir. 2011).
[13] *Id.* At 330.
[14] *Campbell v. U.S.*, 470 Fed. Appx. 153, 156 (4th Cir. 2012)(per curiam)(internal quotation omitted).
[15] Fed,. R. Civ. P. 37(b)(2)

alia: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice caused by the noncompliance; (3) and the need for deterrence of this particular sort of noncompliance.[16]

Pursuant to Fed. R. Civ. P. 30(d)(2), "the court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent."

The plain language of Rule 30(d)(2) indicates that the Court's inquiry is twofold. First, the Court must determine whether a person's behavior has impeded, delayed, or frustrated the fair examination of the deponent. Fed. R. Civ. P. 30(d)(2). Second, the Court must determine an appropriate sanction. Id. The Ninth Circuit provides District Courts with wide discretion to fashion appropriate sanctions for discovery violations under the Federal Rules. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

## ARGUMENT

**A. Defendant's Violation of Federal Rules 26(a)(2), 26(b)(4) and 37 Has Significantly Prejudiced Plaintiffs' Prosecution of Their Cases**

Stripping Plaintiffs of the opportunity to depose, vet, examine, and respond to the full opinions of Defendant's case-specific experts is extremely prejudicial to the prosecution of their cases. Without this ability, Plaintiffs cannot adequately prepare for trial or respond to the case-specific testimony.

Moreover, without the ability to depose Monsanto's case-specific experts before trial, Plaintiffs have lost their ability to attack, among other things:

- Whether Monsanto's case-specific experts' theories or techniques have been tested;
- Whether Monsanto's case-specific experts' theories or techniques have been subject to peer review or publication;
- The known or potential rate of error of the methods used and the existence and maintenance of standards controlling the operation of the techniques that were used;

---

[16] *Wilson v. Volkswagon of America, Inc.*, 561 F.2d 494, 503-506 (4th Cir. 1977).

- Whether their theories or methods have been generally accepted by the scientific community;
- Whether the matters to be presented were developed for litigation or developed from the expert's research; and
- Whether Monsanto's case-specific experts considered possible alternative explanations, then ruled them out

This is not an issue that can be cured by compelling Defendant to now produce Monsanto's case-specific experts for deposition. Given the Court's strict April 2, 2021, deadline for the parties to file Daubert/Dispositive Motions, Plaintiffs have been unable to use these deposition in their Daubert/Dispositive Motions.

Defendant's needless delays have allowed Defendant to take unfair advantage of these tight deadlines to hinder Plaintiff's ability to fully and adequately respond to, or plead against, Monsanto's case-specific experts' opinions by the court's deadlines.

This is especially so given that Defendant has been able to depose Plaintiff's experts, while Plaintiff has not been able to do the same.

Plaintiff should not be punished for adhering strictly to this Court's orders and for expecting opposing counsel to do the same. However, if Defendant is allowed to use Monsanto's case-specific experts, their opinions, or their testimony as evidence in this case, that is exactly what will happen. Defendant's conduct should not be encouraged, tolerated, or ignored.

For these reasons, Plaintiff respectfully requests that this Court strike and exclude the testimony of Monsanto's case-specific experts and preclude Defendant from calling Monsanto's case-specific experts to present evidence at a hearing or trial in this case.

The Defendant's gamesmanship should not be rewarded. Plaintiff was not given the opportunity to depose the Defendant's experts due to no feasible deposition schedule being provided. Plaintiffs were not given a chance to depose the Defendant's experts and will now be severely prejudiced if the Defendant's named experts are allowed to testify.

**PLAINTIFF'S OMNIBUS MOTION TO STRIKE THE TESTIMONY OF DEFENDANT'S CASE SPECIFIC EXPERTS**

Plaintiff respectfully requests this Honorable Court exclude the expert testimony of Defendant's case specific experts as to avoid severe prejudice to Plaintiffs. Plaintiffs' also request appropriate sanctions on Defendant as Defendant impeded and frustrated the fair examination of the Defendant's case-specific experts by the Plaintiffs.

WHEREFORE, Plaintiff respectfully requests this Honorable Court exclude the expert testimony of Defendants' case specific experts and such further relief as this Court finds equitable and just.

DATED: April 2, 2021

|  | Respectfully submitted, |
|---|---|
| By: | /s/ *Rebecca Fredona* |
|  | Ken Moll |
|  | Rebecca Fredona |
|  | Fatima Abuzerr |
|  | **MOLL LAW GROUP** |
|  | 22 W Washington St |
|  | 15th Floor |
|  | Chicago, IL 60602 |
|  | T: 312.462.1700 |
|  | F: 312.756.0045 |
|  | rfredona@molllawgroup.com |

*Attorneys for Plaintiffs*

**PLAINTIFF'S OMNIBUS MOTION TO STRIKE THE TESTIMONY OF DEFENDANT'S CASE SPECIFIC EXPERTS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 2, 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

                                              /s/Rebecca Fredona

**PLAINTIFF'S OMNIBUS MOTION TO STRIKE THE TESTIMONY OF DEFENDANT'S CASE SPECIFIC EXPERTS**