Ken Moll
Rebecca Fredona
Fatima Abuzerr
**MOLL LAW GROUP**
22 W Washington St
15th Floor
Chicago, IL 60602
T: 312.462.1700
F: 312.756.0045
rfredona@molllawgroup.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br>*Cervantes v. Monsanto Co.*, 3:19-cv-03015-VC<br>*Karman v. Monsanto Co.*, 3:19-cv-01183-VC<br>*Pecorelli v. Monsanto Co.*, 3:19-cv-06936-VC<br>*Peterson v. Monsanto Co.*, 3:19-cv-07271-VC<br>*Rehak v. Monsanto Co.*, 3:19-cv-01719-VC<br>*Schafer v. Monsanto Co.*, 3:19-cv-02169-VC | MDL No. 2741<br><br>Case No. 16-md-02741-VC<br><br>**DECLARATION OF KENNETH B. MOLL IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTION TO STRIKE AND EXCLUDE THE TESTIMONY OF DEFENDANT'S CASE SPECIFIC EXPERTS**<br><br>Hearing date: May 28, 2021 |

**DECLARATION OF KENNETH B. MOLL IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTION TO STRIKE AND EXCLUDE THE TESTIMONY OF DEFENDANT'S CASE SPECIFIC EXPERTS**

I, Kenneth B. Moll, declare as follows:

1.  I am a partner at Moll Law Group. I am a member of good standing of the Bars of the State of Illinois and the Northern District of Illinois. I am one of the attorneys at Moll Law Group representing Plaintiffs Gerard Cervantes, John Schafer, Lorraine Rehak, James Peterson, Mark Pecorelli, Individually and as Representative of the Estate of Michael Pecorelli, deceased, and Christine Karman, Individually and as Representative of the Estate of Robert Karman, deceased. I respectfully submit this declaration in support of Plaintiffs' Omnibus Motion to Strike and Exclude the Testimony of Defendant's Case Specific Experts. Except as otherwise

1

**DECLARATION OF KENNETH B. MOLL IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTION TO STRIKE AND EXCLUDE DEFENDANT'S CASE SPECIFIC EXPERTS**

1  noted, I have personal knowledge of the facts set forth herein, and could testify competently to
2  them if called upon to do so.

3      2.    On February 12, 2021, Defendant served its Rule 26 Designation and Disclosure
4  on Plaintiff Gerard Cervantes naming Earl Creech, Ph.D., Matthey C. Call, MS, CIH, CSP,
5  Jeffrey William Craig, M.D., Ph.D., Ran Reshef, M.D., MSc, D. as case-specific experts.

6      3.    On February 12, 2021, Defendant served its Rule 26 Designation and Disclosure
7  on Plaintiff James Peterson naming Celeste Bello, M.D., Dr. Bruce A. Woda, Brian Daly, CIH,
8  PE, and Dr. Bradley Hanson, Ph.D as case-specific experts.

9      4.    On February 12, 2021, Defendant served its 26 Designation and Disclosure on
10 Plaintiff John Schafer naming Bradley D. Hanson, Ph.D., Mark A. Katchen, CIH, FAIHA,
11 Matthew J. Matasar, MS, MD, Graham W. Slack, M.D. as case specific experts.

12     5.    On February 12, 2021, Defendant served its Rule 26 Designation and Disclosure
13 on Plaintiff Lorraine Rehak naming Kassim Al-Khatib, Ph.D, Alex LeBeau, PhD, MPH, CIH,
14 Ran Reshef, MD, MSc, Lawrence Weiss, MD as case-specific experts.

15     6.    On February 12, 2021, Defendant served its Rule 26 Designation and Disclosures
16 on Plaintiff Mark Pecorelli, naming Joseph M. DiTomaso, Ph.D., Timothy S. Fenske, M.D.,
17 Robert N. Phalen, Ph.D., CIH, Graham W. Slack, M.D. as case specific experts.

18     7.    On February 12, 2021, Defendant served its Rule 26 Designation and Disclosures
19 on Robert Karman, naming Celeste Bello, M.D. Bruce A. Woda, M.D., Alex Lance LeBeau,
20 PhD, MPH, CIH, and Joseph M. DiTomaso, Ph.D. as case-specific experts.

21     8.    On February 13, 2021, I reached out to Defendant's counsel, Aaron Levine, via
22 email requesting deposition dates for the case-specific experts that Defendant disclosed to the
23 Plaintiffs.

2

**DECLARATION OF KENNETH B. MOLL IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTION
TO STRIKE AND EXCLUDE DEFENDANT'S CASE SPECIFIC EXPERTS**

9. On February 16, 2021, counsel for Defendants, Aaron Levine, offered the following availability to me via email to depose the experts Defendant disclosed in their reports:

March 3, 2021:

    Slack for Pecorelli, 7 hours

March 4, 2021:

    Call for Cervates, 7 hours at 11am ET
    Creech for Cervantes, 7 hours (or March 5, 2021)
    Slack for Schafer, 3 hours, 12:30pm PT

March 5, 2021:

    Creech for Cervantes, 7 hours (or March 4, 2021)
    Fenske for Pecorelli, 7* hours
    Hanson for Schafer, 3 hours
    Hanson for Peterson, 3 hours
    Matasar for Schafer, 3 hours, 11:00-3pm ET (or March 8 10am-2pm)
    Phalen for Pecorelli, 3 hours, 10am ET

March 7, 2021:

    Woda for Peterson, 3 hours
    Woda for Karman, 3 hours

March 8, 2021:

    Al-Khatib for Rehak, 3 hours (or March 10, 2021)
    Bello for Karman, 3 hours
    Bello for Peterson, 3 hours
    Matasar for Schafer, 3 hours, 11:00-3pm ET (or March 5 11am-3pm)
    Reshef for Cervantes, 3 hours
    Reshef for Rehak, 3 hours
    Weiss for Rehak, 7* hours

March 9, 2021:

    Craig for Cervantes, 7 hours (or March 10, 2021)
    Daly for Peterson, 7 hours, 12:pm ET
    DiTomaso for Pecorelli, 3 hours
    DiTomaso for Karmen, 3 hours
    Katchen for Schafer, 7 hours
    LeBeau for Karman, 3 hours, 9:00 a.m.
    LeBeau for Rehak, 3 hours

<u>March 10, 2021</u>:

    Al-Khatib for Rehak, 3 hours (or March 8, 2021)
    Craig for Cervantes, 7 hours (or March 9, 2021)

    *initially only offered for 3 hours.

10. On February 16, 2021, I informed Defendant's counsel, Aaron Levine, via email that the schedule provided was untenable, and pointed out that the schedule provided as many as five or six depositions on the same day. I requested several alternative dates and times, and to spread the expert witness depositions out over more than six days.

11. On February 16, 2021, Defendant's counsel, Aaron Levine responded via email that the proffered schedule was due to the "tight deadline of March 10 for expert depositions" and that "our experts will be responding to your experts and thus have only been given a short window to provide deposition dates in advance of the deadline ..." Further, Defendant further asserted that "you have left us with only about one week window or less to provide dates for the 24 depositions you have requested of our experts, many of whom are practicing clinicians with availability that is limited by their responsibilities to their patients." Finally, defendant asserted that "under the current situation, this is all we can offer." The Defendant never offered any alternative dates for their case-specific expert depositions.

12. On February 16, 2021, I suggested that there were "many available dates between tomorrow and March 10 . . ."

13. On March 2, 2021, I again reached out to Defendant's counsel, Michelle Fujimoto, and stated that "we still have not been provided with alternative deposition dates that would work for us as we requested last month. With only eight days left, I highly doubt this can get done."

I declare under penalty of perjury that the foregoing is true and correct.

4

---

**DECLARATION OF KENNETH B. MOLL IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTION
TO STRIKE AND EXCLUDE DEFENDANT'S CASE SPECIFIC EXPERTS**

DATED: April 2, 2021

                    Respectfully submitted,

By:   /s/ *Kenneth B. Moll*
       Ken Moll
       Rebecca Fredona
       Fatima Abuzerr
       **MOLL LAW GROUP**
       22 W Washington St
       15th Floor
       Chicago, IL 60602
       T: 312.462.1700
       F: 312.756.0045
       rfredona@molllawgroup.com

*Attorneys for Plaintiffs*

**DECLARATION OF KENNETH B. MOLL IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTION
TO STRIKE AND EXCLUDE DEFENDANT'S CASE SPECIFIC EXPERTS**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 2, 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

                                       */s/Rebecca Fredona*

---

**AFFIDAVIT OF KENNETH B. MOLL IN SUPPORT OF PLAINTIFFS' OMNIBUS MOTION TO STRIKE AND EXCLUDE THE TESTIMONY OF DEFENDANT'S CASE SPECIFIC EXPERTS**