Ken Moll
Rebecca Fredona
Fatima Abuzerr
**MOLL LAW GROUP**
22 W Washington St
15th Floor
Chicago, IL 60602
T: 312.462.1700
F: 312.756.0045
rfredona@molllawgroup.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br>*Cervantes v. Monsanto Co.*, 3:19-cv-03015-VC<br>*Karman v. Monsanto Co.*, 3:19-cv-01183-VC<br>*Pecorelli v. Monsanto Co.*, 3:19-cv-06936-VC<br>*Peterson v. Monsanto Co.*, 3:19-cv-07271-VC<br>*Rehak v. Monsanto Co.,* 3:19-cv-01719-VC<br>*Schafer v. Monsanto Co.*, 3:19-cv-02169 | MDL No. 2741<br><br>Case No. 16-md-02741-VC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE CERTAIN GENERAL OPINIONS OF MONSANTO COMPANY'S CASE SPECIFIC EXPERT WITNESSES**<br><br>Hearing date: May 28, 2021 |

### PLAINTIFFS' MOTION TO STRIKE CERTAIN GENERAL OPINIONS OF MONSANTO COMPANY'S CASE SPECIFIC EXPERT WITNESSES

Plaintiffs move to strike certain general causation opinions of Monsanto Company's Case Specific Experts, and in support therein states as follows:

### I. Background

On February 12, 2021, Defendant served its Rule 26 Designation and Disclosure on Plaintiff Gerard Cervantes naming Earl Creech, Ph.D., Matthey C. Call, MS, CIH, CSP, Jeffrey William Craig, M.D., Ph.D., Ran Reshef, M.D., MSc, D. as case-specific experts. Fredona Aff., Ex. 1, 1.

---
**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE CERTAIN GENERAL OPINIONS OF MONSANTO COMPANY'S CASE SPECIFIC EXPERT WITNESSES**

On February 12, 2021, Defendant served its Rule 26 Designation and Disclosure on Plaintiff James Peterson naming Celeste Bello, M.D., Dr. Bruce A. Woda, Brian Daly, CIH, PE, and Dr. Bradley Hanson, Ph.D as case-specific experts. Fredona Aff., Ex. 1, 2.

On February 12, 2021, Defendant served its 26 Designation and Disclosure on Plaintiff John Schafer naming Bradley D. Hanson, Ph.D., Mark A. Katchen, CIH, FAIHA, Matthew J. Matasar, MS, MD, Graham W. Slack, M.D. as case specific experts. Fredona Aff., Ex. 1, 2.

On February 12, 2021, Defendant served its Rule 26 Designation and Disclosure on Plaintiff Lorraine Rehak naming Kassim Al-Khatib, Ph.D, Alex LeBeau, PhD, MPH, CIH, Ran Reshef, MD, MSc, Lawrence Weiss, MD as case-specific experts. Fredona Aff., Ex. 1, 2.

On February 12, 2021, Defendant served its Rule 26 Designation and Disclosures on Plaintiff Mark Pecorelli, naming Joseph M. DiTomaso, Ph.D., Timothy S. Fenske, M.D., Robert N. Phalen, Ph.D., CIH, Graham W. Slack, M.D. as case specific experts. Fredona Aff., Ex. 1, 2.

On February 12, 2021, Defendant served its Rule 26 Designation and Disclosures on Robert Karman, naming Celeste Bello, M.D. Bruce A. Woda, M.D., Alex Lance LeBeau, PhD, MPH, CIH, and Joseph M. DiTomaso, Ph.D. as case-specific experts. Fredona Aff., Ex. 1, 2.

In each of their "case-specific" reports, the case-specific experts offered general causation opinions, failed to provide a specific causation analysis and did not provide a valid differential assessment.

## II. Plaintiffs' Affirmative *Daubert* Challenges

There are two aspects to Plaintiffs' *Daubert* challenges. First, Monsanto should not be allowed to offer new general causation experts or new general causation opinions. Monsanto's new "specific causation" experts offer sweeping general causation opinions. Consistent with this Court's prior rulings, Monsanto should not be permitted to offer these new opinions. That said, even if the Court were to entertain these new opinions, none of Monsanto's new experts

2

___

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE CERTAIN GENERAL OPINIONS OF MONSANTO COMPANY'S CASE SPECIFIC EXPERT WITNESSES**

conducted a valid general causation analysis sufficient to survive *Daubert*. Their analyses are, at best, superficial. They fail to explain or justify why they give more or less weight to various studies and they all fail to consider, in any meaningful way, the animal toxicology or genotoxicity data.

Second, none of Monsanto's new specific causation experts should be permitted to opine about whether Roundup® caused any Plaintiffs' NHL because none of them applied a valid differential methodology. Each of Monsanto's new experts "ruled out" Roundup® exposure as a possible cause of each Plaintiff's NHL by concluding that Roundup®, *generally*, cannot cause NHL. None offered an opinion that, even if Roundup® was a risk factor, it did not cause an individual Plaintiff's cancer. Thus, each of Monsanto's experts' "specific causation" testimony amounts to little more than a thinly veiled general causation opinion imitating, but not actually conducting, a specific causation analysis. This is not a valid differential assessment and, thus, is not helpful or relevant.

## II. Monsanto's Case Specific Experts Should Not Be Allowed to Offer General Causation Opinions - Only Monsanto's General Causation Experts Should Be Allowed to Offer General Causation Opinions

Over Plaintiffs' objection, and at considerable expense, the Parties and this Court spent several years discovering and testing the testimony, evidence, and opinions of the Parties' general causation experts. After each side presented their experts, the Court issued a 68-page *Daubert* Order setting forth the admissible general causation testimony for this MDL. *See generally* Pretrial Order No. 45.

During the October 29, 2018 hearing, it became clear that Monsanto intended to use its "specific causation" experts to proffer general causation opinions—even going so far as not calling a single general causation expert from the general causation phase to trial. The Court rejected this proposal:

3

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE CERTAIN GENERAL OPINIONS OF MONSANTO COMPANY'S CASE SPECIFIC EXPERT WITNESSES**

> [T]he answer to that question is basically no. You cannot add general causation experts. If there is an emergency-type situation, if Loralei Mucci has a medical emergency or, you know, something like that, and you want to seek permission to sub somebody in to provide, you know, substantially the same testimony, I will entertain it. I'm not saying I will grant it, but I will entertain it. But basic answer is, no, I don't think it's appropriate, given everything we've been through already as a team, to be adding general causation experts.

Tr. Of Proceedings at 41:8-18 (Oct. 29, 2018). Plaintiffs agree with the Court's guidance. If Monsanto wants to mount a challenge to general causation, then it must do so using its general causation experts.

As this Court previously pointed out in Pretrial Order No. 74, "Monsanto disclosed reports from specific causation experts that effectively included opinions on general causation – i.e., that Roundup is simply not a risk factor for NHL. It appears that these opinions should, in large part, be excluded." See Pretrial Order No. 74.

Thereafter, this Court found that:

> The plaintiffs' motion in limine 2 to exclude new general causation experts and opinions is largely granted. In October 2018, the Court stated, without objection, that only the experts whose opinions were put to the test at Phase 1 would be permitted to present opinions on general causation at trial. See Dkt. No. 2121 at 41. Yet in November 2018, Monsanto disclosed reports from specific causation experts that effectively included opinions on general causation – that is, that Roundup is simply not a risk factor for NHL. These opinions are in large part excluded. Monsanto's experts may attack the decisions by the plaintiffs' experts to exclude other risk factors, such as hepatitis C. They may also testify that, even if Roundup were a risk factor, it nonetheless would not have caused a particular plaintiff's NHL given the strength of the risk factor and/or the presence of other risk factors. But they may not offer an analysis of the epidemiological literature to support an opinion that Roundup is not a risk factor for NHL, because they offered no such analysis at Phase 1. To the extent this creates challenges for Monsanto, it is in part a product of Monsanto's desire to bifurcate general and specific causation. As discussed at the hearing, Monsanto may submit language that they believe allows their experts to provide a brief basis for their opinions on Roundup without wading into general causation; the plaintiffs will have a chance to respond before the Court rules.

Pretrial Order No. 81: Ruling On Motions In Limine.

Notwithstanding the Court's clear direction, Monsanto's new specific-causation experts offer a wide-range of new general causation opinions. And these general causation opinions regarding Roundup® form, in their entirety, the basis of their specific causation opinions. This is improper and violates this Court's express ruling. It also undermines the last several years of work in this MDL. All of Monsanto's new "specific causation" experts should be prohibited from offering any general causation opinion.

DATED: April 2, 2021

                                    Respectfully submitted,

/s/ *Rebecca Fredona*
Ken Moll
Rebecca Fredona
Fatima Abuzerr
**MOLL LAW GROUP**
22 W Washington St
15th Floor
Chicago, IL 60602
T: 312.462.1700
F: 312.756.0045
rfredona@molllawgroup.com

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE CERTAIN GENERAL OPINIONS OF MONSANTO COMPANY'S CASE SPECIFIC EXPERT WITNESSES**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of April 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ *Rebecca Fredona*