Rhon E. Jones (JON093)
William R. Sutton (SUT013)
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
Post Office Box 4160
218 Commerce St
Montgomery, AL 36104
T: 334.269.2343
F: 334.954.7555
rhon.jones@beasleyallen.com
william.sutton@beasleyallen.com

Ken Moll
Rebecca Fredona
Fatima Abuzerr
MOLL LAW GROUP
22 W Washington St
15th Floor
Chicago, IL 60602
T: 312.462.1700
F: 312.756.0045
rfredona@molllawgroup.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| *Cervantes v. Monsanto Co.*, 3:19-cv-03015-VC<br>*Karman v. Monsanto Co.*, 3:19-cv-01183-VC<br>*Pecorelli v. Monsanto Co.*, 3:19-cv-06936-VC<br>*Peterson v. Monsanto Co.*, 3:19-cv-07271-VC<br>*Rehak v. Monsanto Co.,* 3:19-cv-01719-VC<br>*Schafer v. Monsanto Co.*, 3:19-cv-02169<br>*Seidl v. Monsanto Co.*, 3:17-cv-00519-VC | **PLAINTIFFS' JOINT RESPONSE IN OPPOSITION TO** *THE GENERAL ISSUES RAISED IN* **MONSANTO COMPANY'S MOTION TO EXCLUDE TESTIMONY OF SPECIFIC CAUSATION EXPERTS BARRY BOYD, LAUREN PINTER-BROWN, WILLIAM SAWYER, RON SCHIFF AND DENNIS WEISENBURGER ON** *DAUBERT* **GROUNDS** |

**INTRODUCTION**

Monsanto Company's Motion to Exclude Testimony of Specific Causation Experts

- 1 -

Barry Boyd, Lauren Pinter-Brown, William Sawyer, Ron Schiff, and Dennis Weisenburger on *Daubert* Grounds ("Monsanto Motion")[1] addresses the reports and deposition testimony of five specific causation experts relating to seven Wave 2 Plaintiffs represented by two different law firms. This opposition addresses only the general issues that Monsanto raises in its motions, including the legal standard that applies to the motions. For their oppositions to Monsanto's Motion to exclude each expert, Plaintiffs have filed separate opposition briefs for each of the five experts which incorporates by reference the below arguments.

**ARGUMENT**

**The Court Previously Considered and Rejected Monsanto's Claim That Specific Causation Experts Should Be Excluded If They Rely on General Causation Experts' Opinions, Do Not Consider Every Possible Risk Factor, and/or Do Not Rule Out "Idiopathy"**

In the instant motion, Monsanto essentially mimics the arguments it raised against the Bellwether Plaintiffs' and Wave 1 Plaintiffs' specific causation experts. Monsanto does not dispute that the Plaintiffs' experts may use the differential etiology method upheld by the Ninth Circuit and this Court as the basis for their opinions (PTO 85 at p. 2), or argue that the experts misuse the studies. Instead, Monsanto argues that the experts' opinions should be excluded because: (1) they "rely on the same flawed studies the general causation experts rely on . . . ," (2) "[f]or the most part, these experts made no attempt at all to address idiopathy in their expert reports," and (3) they "fail to reliably consider and rule out other potential causes of NHL . . ." *See, e.g.,* Monsanto Motion at p. 1. This Court's prior rulings quickly dispense with each of these arguments.

   **a. Reliance on General Causation Experts**

This Court, in PTO 85, rejected Monsanto's claim that it is entitled to prevail on its motion because the specific causation experts rely on the same studies as the general causation

---

[1] This responds to the general issues raised in Documents 8012, 12784, 12789 and 12793.

- 2 -

**PLAINTIFFS' JOINT RESPONSE IN OPPOSITION TO *THE GENERAL ISSUES RAISED IN* MONSANTO COMPANY'S MOTION TO EXCLUDE TESTIMONY OF SPECIFIC CAUSATION EXPERTS BARRY BOYD, LAUREN PINTER-BROWN, WILLIAM SAWYER, RON SCHIFF, AND DENNIS WEISENBURGER ON *DAUBERT* GROUNDS**

experts, calling Monsanto's argument "off point" because "at trial, [Plaintiffs' specific causation experts] basis for ruling in glyphosate will be the general causation opinions." PTO 85 at pp. 2-3.  For the same reasons the Court denied Monsanto's motion regarding the Bellwether Plaintiffs, Monsanto's instant motion should be denied.  Monsanto's position regarding the studies upon which the general causation experts rely is a rehash of a failed argument already rejected by this Court.

### b. There is no Legal Requirement to Consider Every Potential Risk Factor

Plaintiffs' experts are not required to scour the world and investigate every conceivable alternative potential cause of a Plaintiffs' NHL in order for their opinions to be admissible under *Daubert*.  The Ninth Circuit in *Wendell v. GlaxoSmithKline, LLC*, 858 F.3d 1227, 1237 (2017), made that clear:

> We do not require experts to eliminate all other possible causes of a condition for the expert's testimony to be reliable. It is enough that the proposed cause "be a substantial causative factor."  This is true in patients with multiple risk factors, and analogously, in cases where there is a high rate of idiopathy.

Likewise, in *Cooper v. Takeda Pharmaceuticals America, Inc.*, 239 Cal. App. 4th 555, 580 (2014), the California Court of Appeals ruled that a plaintiff need not rule out every potential risk factor that could conceivably have also contributed to her disease:

> Thus, because California has rejected the notion that a plaintiff must definitively "exclude all possibilities other than the defendant's conduct or product as the cause of the plaintiff's harm, clearly an expert, in reaching a specific causation opinion, need not exclude all other possibilities before he or she can express an opinion that the defendant's conduct or product caused the plaintiff's harm.

### c. Plaintiffs' Experts Need Not Exclude Idiopathy

Monsanto's "idiopathy" argument is similarly a rehash of the argument this Court also rejected in PTO 85. The Court wrote:

> Recognizing that "[m]edicine partakes of art as well as science," the Ninth Circuit's recent decisions reflect a view that district courts should typically admit specific causation opinions that lean strongly toward the "art" side of the spectrum. *Messick*, 747 F.3d at 1198; *see also Wendell*, 858 F.3d at 1237 ("The first several victims of a new toxic tort should not be barred from having their day in court simply because the medical literature, which will eventually show the connection between the victims'

> condition and the toxic substance, has not yet been completed." (*quoting Clausen*, 339 F.3d at 1060)).
>
> * * *
>
> Under Ninth Circuit caselaw, doctors enjoy wide latitude in how they practice their art when offering causation opinions. *See Wendell*, 858 F.3d at 1237 ("Where, as here, two doctors who stand at or near the top of their field and have extensive clinical experience with the rare disease or class of disease at issue, are prepared to give expert opinions supporting causation, we conclude that *Daubert* poses no bar based on their principles and methodology."). It is sufficient for a qualified expert, in reliance on his clinical experience, review of a plaintiffs' medical records, and evaluation of the general causation evidence, to conclude that an "obvious and known risk factor[]" is the cause of that plaintiff's disease. *See Wendell*, 858 F.3d at 1235. Here, the specific causation experts did that. Relying on the plaintiffs' admissible general causation opinions – which assert a robust connection between glyphosate and NHL – the experts concluded that glyphosate was a substantial factor in causing the plaintiffs' NHL.
>
> Moreover, the experts relied heavily on the plaintiffs' exposure levels in drawing their conclusions. All three experts noted the plaintiffs' extensive Roundup usage, and further explained – as did the plaintiffs' general causation opinions – that both the McDuffie (2001) and Eriksson (2008) studies showed a dose-response relationship between glyphosate and NHL. *See generally In re Roundup Products Liability Litigation*, 2018 WL 3368534, at *9-10. Thus, consistent with Ninth Circuit caselaw, the experts provided a basis for their conclusion that these plaintiffs fall into the category of Roundup users who developed NHL. The Court may be skeptical of their conclusions, and in particular of the assumption built into their opinions from the general causation phase about the strength of the epidemiological evidence. But their core opinions – that the plaintiffs had no other significant risk factors and were exposed to enough glyphosate to conclude that it was a substantial factor in causing their NHL – are admissible.

PTO 85 at pp. 5-6 (footnotes omitted).

Thus, because the experts here followed the same methodology as those previously addressed by the Plaintiffs' Bellwether experts, Monsanto's Motion should be denied.

Dated: April 2, 2021

                                           By:  */s/ William R. Sutton*
                                                             Rhon E. Jones (JON093)
                                                             William R. Sutton (SUT013)
                                                             BEASLEY, ALLEN, CROW, METHVIN,
                                                             PORTIS & MILES, P.C.

Post Office Box 4160
218 Commerce St
Montgomery, AL 36104
T: 334.269.2343
F: 334.954.7555
rhon.jones@beasleyallen.com
william.sutton@beasleyallen.com


Ken Moll
Rebecca Fredona
Fatima Abuzerr
MOLL LAW GROUP
22 W Washington St
15th Floor
Chicago, IL 60602
T: 312.462.1700
F: 312.756.0045
rfredona@molllawgroup.com


*Attorneys for Plaintiffs*

- 5 -

**PLAINTIFFS' JOINT RESPONSE IN OPPOSITION TO** *THE GENERAL ISSUES RAISED IN* **MONSANTO COMPANY'S MOTION TO EXCLUDE TESTIMONY OF SPECIFIC CAUSATION EXPERTS BARRY BOYD, LAUREN PINTER-BROWN, WILLIAM SAWYER, RON SCHIFF, AND DENNIS WEISENBURGER ON** *DAUBERT* **GROUNDS**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of April 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/  William R. Sutton

**PLAINTIFFS' JOINT RESPONSE IN OPPOSITION TO *THE GENERAL ISSUES RAISED IN* MONSANTO COMPANY'S MOTION TO EXCLUDE TESTIMONY OF SPECIFIC CAUSATION EXPERTS BARRY BOYD, LAUREN PINTER-BROWN, WILLIAM SAWYER, RON SCHIFF, AND DENNIS WEISENBURGER ON *DAUBERT* GROUNDS**