Robin Greenwald
**Weitz & Luxenberg**
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500
Facsimile: (212) 344-5461
rgreenwald@weitzlux.com

Michael Miller
**The Miller Firm LLC**
108 Railroad Avenue
Orange, VA 22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055
mmiller@millerfirmllc.com

Aimee H. Wagstaff (SBN 278480)
**ANDRUS WAGSTAFF, PC**
7171 W. Alaska Drive
Lakewood, CO  80226
Telephone: 303-376-6360
Fax: 303-376-6361
aimee.wagstaff@andruswagstaff.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | **PLAINTIFFS' RESPONSE IN OPPOSITION TO MONSANTO'S MOTION TO EXCLUDE THE TESTIMONY OF DR. CHRISTOPHER PORTIER UNDER RULE 702 AND REQUEST TO TAKE DISCOVERY DEPOSITION** |
| *Cervantes v. Monsanto Co.*, 3:19-cv-03015-VC | |
| *Karman v. Monsanto Co.*, 3:19-cv-01183-VC | |
| *Pecorelli v. Monsanto Co.*, 3:16-cv-06936-VC | |
| *Peterson v. Monsanto Co.*, 3:18-cv-07271-VC | |
| *Rehak v. Monsanto Co.*, 3:19-cv-01719-VC | |
| *Schafer v. Monsanto Co.*, 3:19-cv-02169 | |
| *Seidl v. Monsanto Co.*, 3:17-cv-00519-VC | |

## I. Introduction

Monsanto mischaracterizes Dr. Portier's updated expert report for the Wave 2 Plaintiffs in several significant ways. His report does not contain new opinions and everything, with the exception of new studies cited, contained in his updated Wave 2 report was in his prior report and/or asked of Dr. Portier in the eight depositions Monsanto has previously taken of him. This Court has already ruled that Dr. Portier's testimony is admissible, Pretrial Order No. 45, ECF No. 1596; Monsanto has no new basis to challenge his opinions.

## II. Dr. Portier's Wave 2 Updated Expert Report Contains No New Opinions Warranting a Further Deposition

At the outset, Plaintiffs note that Dr. Portier has been deposed eight times, for 11 days, and has testified at three trials. See Exhibit 1. In its motion seeking another deposition and renewal of their *Daubert* motion, Monsanto repeatedly mischaracterizes newly cited materials in support of previously held opinions that were already subject to this Court's *Daubert* analysis as "new opinions". First, Monsanto states that Dr. Portier's Wave 2 report is double the length of his former report. Defendant Monsanto Company's Notice of Motion and Motion to Exclude the Testimony of Dr. Christopher Portier Under Rule 702 and Request to Take Discovery Deposition (Monsanto Motion) at 1. That is not true, although length standing alone does not compute to "new" opinions anyway.[1] As shown below, there are no new opinions contained in his Wave 2 report.

---

[1] Dr. Portier's original expert report is approximately 100 pages with references. His Wave 2 report is 168 pages, also with references, and contains an important addition that Monsanto fails to tell the Court: his Wave 2 report includes an Executive Summary that is over 30 pages. In addition, as explained below, this time around Dr. Portier also added a discussion of the findings about the carcinogenicity of glyphosate by other countries' environmental agencies that was not in his prior report but was the subject of hours of questioning at many of his depositions. This time he decided to include that discussion in his report.

- 2 -
**PLAINTIFFS' RESPONSE IN OPPOSITION TO MONSANTO'S MOTION TO EXCLUDE THE TESTIMONY OF DR. CHRISTOPHER PORTIER UNDER RULE 702 AND REQUEST TO TAKE DISCOVERY DEPOSITION**
3:16-md-02741-VC

Of course, his Wave 2 report does contain new materials that have been published since his original report. That is appropriate under the circumstances: his opinions are further supported by new publications and he appropriately includes those references. That is particularly true in the case of Dr. Portier's recent publication about pooling, published in 2020. Portier, CJ, *A Comprehensive Analysis of the Animal Carcinogenicity Data from Chronic Exposure Rodent Carcinogenicity Studies*, 19 Env't Health 18 (2020) (Portier 2020 Paper). See Monsanto Motion at 2. In Your Honor's prior ruling, the Court excluded only one part of Dr. Portier's opinions relating to the pooling of the animal carcinogenicity studies because it had not been subject to peer review. Pretrial Order No. 45 at 42 (ECF No. 1596). Dr. Portier has now published a paper that was subject to peer review about that subject. Nevertheless, even though Monsanto has not had the opportunity to depose Dr. Portier about his specific published paper, the topic of Dr. Portier's pooling of the animal data was addressed in nearly every one of Dr. Portier's eight prior depositions and at the *Daubert* hearing. Monsanto cannot credibly say that it needs to depose Dr. Portier again to inquire about his opinions relating to pooling of animal bioassay data.

Monsanto gives as an example that "in both his 2020 paper and his Wave 2 report, Dr. Portier appears to have developed a novel 'ranking scheme for the rodent carcinogenicity studies." Monsanto Motion at 3. That is inaccurate, and Dr. Portier has testified about this topic in prior depositions as well. In his prior report, Dr. Portier used the ranking system of the National Toxicology Program (NTP) to analyze the studies. But NTP rankings are used to analyze *studies*, not *tumors*. In the Wave 2 report, Dr. Portier analyzed the same data but using

---

in his report, but it is the testimony that he has given many times in response to Monsanto questioning regarding other countries' findings about glyphosate-based products.

the tumor data itself; thus, he used a ranking system that applies to tumor data. This difference, and the tumor ranking system, is thoroughly explained in the Wave 2 report. See Expert Report Christopher J. Portier, Ph.D., ECF No. 12837-2 at 17-18 (Exhibit 2). Again, this is not a new opinion or even new data: it is merely presenting his same opinions through a different lens to address the same data that he analyzed in his original report and that has been the subject of numerous depositions and trial testimony.

Monsanto also makes the accusation that it should be allowed to depose Dr. Portier because his 2020 study was "supported by funding from attorneys involved in this litigation." Monsanto's lack of candor with the Court in this regard is illustrated by Dr. Portier's actual statement in his 2020 paper about attorney funding:

> **Funding.** Some of the analyses were conducted to develop expert opinions for court cases and were supported by funding from attorneys involved in these litigations. Some of the text and tables in this manuscript are duplicative of written expert testimony by CJP for these court cases. *These funders had no role in the design of the study and collection, analysis, and interpretation of data and in writing the manuscript.*

Portier 2020 Paper at 15 (emphasis added). Thus, Dr. Portier's statement regarding funding makes clear that attorneys had no role in the preparation or contents of the paper; he was merely disclosing that some of the initial analysis he performed on the animal data was done in connection with his expert witness work.

Monsanto also criticizes Dr. Portier for failing to address the Crump paper, in his Wave 2 report, suggesting that raises Rule 702 concerns. Monsanto Motion at 3-4. The Crump paper was published in June 2020; Dr. Portier prepared his Wave 2 expert report in the spring of 2020 and finalized it in June. The Crump paper was published as he was finalizing the Wave 2 report. There is no "methodology" questions raised by the absence of this paper in his report, see Monsanto Motion at 3; it is merely a timing issue. What is more, the Crump paper is an editorial;

it is not a peer reviewed paper. And as to the 2021 paper Monsanto cites in its Motion that Dr. Portier also did not address in his Wave 2 report, see Monsanto Motion at 5, that comes as no surprise because the paper was not published until well after Dr. Portier's Wave 2 report was final. The law does not permit Monsanto to re-depose Dr. Portier, or for that matter any expert, every time there is a new publication about the subject matter of their report.

Finally, Monsanto complains that it should be able to depose Dr. Portier again because his Wave 2 reports now contain "a significantly expanded section addressing worldwide regulatory approvals of glyphosate-based products and the faults he purports to find with those decisions." Monsanto Motion at 5. The reason he included this section – about 6 pages – in his Wave 2 report is Monsanto questioned him about each and every one of those approvals *ad nauseum* at nearly every deposition. There is nothing "new" in this respect either, Monsanto has known Dr. Portier's position on these regulatory findings since it first deposed him in 2017.

### III.   This Court has Previously Ruled that the Testimony of Dr. Portier's is Admissible

In response to Monsanto's Motion to Exclude the Testimony of Dr. Christopher Portier Under Rule 702, and consistent with the Court's repeated instructions not to relitigate issues previously ruled upon, but in order to fully preserve the appellate record, Plaintiffs also hereby incorporate the following pleadings that previously have been filed on the MDL docket:

- Plaintiffs' Response in Opposition to Monsanto's Daubert and Summary Judgment Motion Based on Failure of General Causation Proof (ECF No. 647)
- Plaintiffs' Supplemental Brief Pursuant to PTO 34 (ECF No. 1135)
- Plaintiffs' Response in Opposition to Monsanto's Specific Causation *Daubert* and Summary Judgment Motion and *Daubert* Motion to Strike Certain Opinions of Monsanto Company' Expert Witnesses (ECF No. 2478)

Case 3:16-md-02741-VC   Document 12902   Filed 04/02/21   Page 6 of 7

- Plaintiffs' Opposition to Monsanto's Motion to Exclude Testimony of Plaintiffs' Specific Causation on *Daubert* Grounds and For Summary Judgment on Causation Grounds (ECF No. 8345)

Plaintiffs also incorporate the developing science on glyphosate. By incorporating by reference prior filings and attaching them to this pleading, Plaintiffs do not waive any arguments raised therein.

Dated: April 2, 2021

Respectfully submitted,

By: */s/ Robin Greenwald*
Robin Greenwald
**Weitz & Luxenberg**
700 Broadway
New York, NY 10003
Telephone: (212) 558-5500
Facsimile: (212) 344-5461
rgreenwald@weitzlux.com

*/s/ Michael Miller*
Michael Miller
**The Miller Firm LLC**
108 Railroad Avenue
Orange, VA 22960
Telephone: (540) 672-4224
Facsimile: (540) 672-3055
mmiller@millerfirmllc.com

*/s/ Aimee H. Wagstaff*
Aimee H. Wagstaff (SBN 278480)
**Andrus Wagstaff, PC**
7171 W. Alaska Drive
Lakewood, CO 80226
Telephone: 303-376-6360
Fax: 303-376-6361
aimee.wagstaff@andruswagstaff.com

*Attorneys for Plaintiffs*

- 6 -
**PLAINTIFFS' RESPONSE IN OPPOSITION TO MONSANTO'S MOTION TO EXCLUDE THE TESTIMONY OF DR. CHRISTOPHER PORTIER UNDER RULE 702 AND REQUEST TO TAKE DISCOVERY DEPOSITION**
3:16-md-02741-VC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of April, 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

                        */s/ Robin Greenwald*

- 7 -

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MONSANTO'S MOTION TO EXCLUDE THE TESTIMONY OF DR. CHRISTOPHER PORTIER UNDER RULE 702 AND REQUEST TO TAKE DISCOVERY DEPOSITION**

3:16-md-02741-VC