Alan B. Morrison
George Washington University Law School
2000 H Street NW
Washington D.C. 20052
Tel. 202.994.7120
abmorrison@law.gwu.edu

Eric Policastro, CA Bar No. 264605
N. Majed Nachawati
S. Ann Saucer
Misty A. Farris
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, Texas 75231
Tel. 214.890.0711 / Fax 214.890.0712
epolicastro@fnlawfirm.com
mn@fnlawfirm.com
asaucer@fnlawfirm.com
mfarris@fnlawfirm.com

[Additional counsel listed on signature page]

*Counsel for Objectors Howard Gee, Jr.,
Arleen Ward, Noel Alvarez, and William
Lawrence Craven*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>Ramirez, et al. v. Monsanto Co.<br><br>Case No. 3:19-cv-02224 | MDL No. 2741<br>Case No. 16-md-02741-VC<br><br>**MOTION TO STRIKE DECLARATIONS OF FOUR LAW PROFESSORS BY OBJECTING CLASS MEMBERS HOWARD GEE, JR., ARLEEN WARD, NOEL ALVAREZ, AND WILLIAM LAWRENCE CRAVEN**<br><br>Re: Dkt. No. 12911<br><br>Date: May 12, 2021<br>Time: 10:00 AM<br>Place: Courtroom 4, 17th floor<br>Judge: Honorable Vince Chhabria |

Included in their massive reply in support of the motion for preliminary approval of their proposed settlement, plaintiffs have submitted four declarations by law professors John Coffee, Arthur Miller, Andrew Bradt, and Scott Dodson, that are improper and unnecessary and, for the reasons set forth below, should be stricken. In addition, the plaintiffs should also be directed to file a reply brief with all references to those declarations redacted.  Before discussing the reasons to grant this motion, it is important to understand what those declarations are and are not.

Plainly stated, those declarations are amicus briefs that make both general arguments regarding Rule 23 and due process and specific arguments about why the revised settlement is lawful and should be approved.   That is not how they are presented to the Court.  But make no mistake about it: that is exactly what they are – amicus briefs in the guise of declarations. Except that, unlike legitimate amicus briefs that are submitted as friends of the court, these briefs have been paid for, almost certainly quite handsomely, by plaintiffs' counsel from their expected fees of $170 million.  Moreover, they have been at least closely coordinated with plaintiffs' counsel, (and perhaps partially drafted by them) as evidenced by their detailed knowledge of the lengthy settlement agreement and the many references in the declarations to its features that justify the conclusions of the declarants that this Court should grant preliminary approval to the settlement.  Although there are no rules applicable here similar to Supreme Court Rule 37.6 and Federal Rule of Appellate Procedure 29(a)(4)(E), which require amici to disclose whether an amicus brief has been written or financed in whole or in part by a party, those Rules are simply the means by which to enforce the accepted principle that an amicus brief is not another means by which a party can pay for someone to present additional arguments on its behalf, which is what has happened here.

There are four interrelated reasons why these declarations-amicus briefs should be stricken. First. when plaintiffs asked for a three-week extension to file its reply (later extended to four), they also asked for 100 pages for their own reply brief. But the 90 pages they submitted was not enough (they thought) to make their legal arguments, and so they were augmented by these four declarations that run 66 pages of argument (18 of them single spaced), plus another 38 pages of resumes and backgrounds of the professors designed to persuade the Court to accept their views. This blatant evasion of the already generous page limits that the Court granted is reason enough alone to strike the declarations. *See National Organization for Women v. Scheidler,* 225 F.3d 615, 616 (7th Cir. 2005) (cautioning against allowing amicus briefs that are used to "circumvent the page limitations on the parties' briefs").

Second, while amicus briefs in a proceeding such as this may be helpful to the Court, they should be submitted, as they were for the amici opposing the settlement, when the submission is made by the party they are supporting. (The amici opposing the settlement are surely not being paid by anyone.) Thus, if plaintiffs wanted to submit these declarations, however labeled, the time to do it was when they made their motion for preliminary approval. Plaintiffs had complete control over when that motion was going to be filed, and they knew from their prior effort to settle these claims that there would surely be opposition. Objectors know of no court that allows amicus briefs to be filed at the reply stage, either in the first instance, as here, or as a supplement to a timely filing. Indeed, FRAP 29(a)(7) is directly to the contrary: "Except by the court's permission, an amicus curiae may not file a reply brief." Plaintiffs are the moving party, and basic elements of fairness dictate that they needed to put all their cards on the table when they made their motion and not in the guise of a reply.

Third, much of what is contained in these declarations is not a reply, but a basic argument in support of the settlement. To be sure, the line between what is proper in a reply brief is flexible when it comes to what a moving party can say. In that situation, word or page limits act as a form of self-policing, but even if an amicus were permitted to file a brief at the reply stage, it would surely be limited to matters truly in response to what the opposing side argued, and would not be a complete brief, like these, of the kind that would be submitted at the opening brief stage.

Last, the Court does not need the assistance that the declarants are purporting to offer it. Class counsel are experienced class action lawyers who have asserted that they can satisfy the requirements of Rule 23(a)(4) and due process that they can "adequately represent" the class. Objectors are aware that law professors, including these declarants, have submitted statements in other cases opining on whether a proposed class is properly certified, or a settlement is reasonable, but whether other judges find those submissions useful, appropriate, or even authorized does not bind this Court.

The questions on the motion for preliminary approval are questions of law, not fact, and the expertise is the expertise that all federal judges have – to decide the legal issues presented. Surely, plaintiffs do not suggest that the requirements of Federal Rule of Evidence 702(a) have been met in that these declarants' "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Nor have they been qualified after a *Daubert* hearing to offer their opinions, nor have plaintiffs complied with the disclosure requirements of Rule 26(a)(2), nor should they, even though Professor Dodson calls his submission an "Expert Declaration." Of course, if these were proper fact or opinion declarations, the professors would be able to be deposed by objectors, and their fees made part of the record. Moreover, those declarations would be evidence which, unlike amicus briefs, would

be available for the court of appeals if review there was sought. However, none of those rules apply because these declarants are not expert witnesses, but are late-filing amici whose opinions on the issue have no place before this Court.

As Judge Richard Posner (in chambers) put it in *Ryan v CFTC,* 125 F.3d 1062, 1063 (7th Cir. 1997), explaining why he denied permission to file an amicus brief,

> The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse. The term "amicus curiae" means friend of the court, not friend of a party. *United States v. Michigan*, 940 F.2d 143, 164-65 (6th Cir.1991). We are beyond the original meaning now; an adversary role of an amicus curiae has become accepted. *Id*. at 165. But there are, or at least there should be, limits.

If ever there was a situation in which those limits have been exceeded, this is it. These amicus briefs, labeled as declarations, are both improper and unnecessary, and accordingly the Court should direct that they be stricken from the record and order that no further reference to them may be made by any party, objector, or class member.

Striking these declarations is the first, but not the only matter that should be stricken. In their reply brief, plaintiffs have cited to each of these declarations and quoted from them extensively. Indeed, these professors and their declarations are cited a total of 65 times. For that reason, the Court should reject the reply brief filed by plaintiffs and require them to file a brief shorn of all references to these four declarations within a time to be set by the Court. If the settling parties wish to hire these law professors as co-counsel, and list them on their brief (subject to its ordinary page limits), that is of course up to them. But what they may not do is have these law professors pose as experts witnesses, effectively extending the page limits and thereby seek to usurp this Court's role as the arbiter of the law.

In the ordinary motion for preliminary approval, objecting parties would not have a right to file a reply, but this case is different for one very significant reason. As part of plaintiffs'

5

reply, they and Monsanto made significant changes to the settlement. Those changes are very extensive, as shown by their need to submit a redline version of the revised agreement that reflect the magnitude of the differences between the reply version and the February version which objectors opposed. Not surprisingly, plaintiffs claim that these changes eliminate all the objections that were raised, but equally unsurprisingly, these objectors do not agree. Given the magnitude of these changes, which are more like a new agreement than modest adjustments to an existing agreement, objectors ask the Court for leave to file a response to these changes, including argument as to why the changes do not satisfy the objections that we have filed. Objectors believe that 14 days from the date that plaintiffs file a redacted reply brief will be sufficient. Having that time will also enable the remaining objectors to coordinate their responses to reduce the burden on the Court.[1]

Dated: April 13, 2021

                                      Respectfully Submitted,

                                      */s/ Eric Policastro*
                                      Eric Policastro, CA Bar No. 264605
                                      N. Majed Nachawati
                                      S. Ann Saucer
                                      Misty A. Farris
                                      FEARS NACHAWATI, PLLC
                                      5473 Blair Road
                                      Dallas, Texas 75231
                                      Tel. 214.890.0711 / Fax 214.890.0712
                                      epolicastro@fnlawfirm.com
                                      mn@fnlawfirm.com
                                      asaucer@fnlawfirm.com
                                      mfarris@fnlawfirm.com

---

[1] Objectors also believe that the additional fact declarations that were filed with the reply are inappropriate, but many of the reasons given above apply only to the amicus-disguised declarations of the law professors. Accordingly, objectors do not move to strike them, but will explain in their further response why those declarations do not save the settlement.

Motion to Strike Declarations of Four Law Professors by Four Objecting Class Members
Case No. 16-md-02741-VC

Alan B. Morrison
George Washington University Law School
2000 H Street NW
Washington D.C. 20052
Tel. 202.994.7120
abmorrison@law.gwu.edu

Gerald Singleton, Esq.
SINGLETON LAW FIRM, APC
450 A Street, 5th Floor
San Diego, CA 92101
Tel.  619.771.3473 / Fax 619.255.1515
gerald@SLFfirm.com

Amy Carter
Heather V. Davis
CARTER LAW GROUP, P.C.
5473 Blair Road
Dallas, TX 75231
Tel. 214.390.4173
amy@clgtrial.com
hdavis@clgtrial.com

James G. Onder
W. Wylie Blair
Mark E. Berns
ONDER LAW, LLC
110 E. Lockwood, 2nd Floor
St. Louis, MO 63119
Tel. (314) 963-9000/Fax. (314) 963-1700
blair@onderlaw.com
onder@onderlaw.com
berns@onderlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of April 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

*/s/ Eric Policastro*
Eric Policastro
FEARS NACHAWATI, PLLC
5473 Blair Road
Dallas, Texas 75231
Tel. (214) 890-0711
Fax (214) 890-0712
epolicastro@fnlawfirm.com