Elizabeth J. Cabraser (SBN 083151)
Robert L. Lieff (SBN 037568)
Steven E. Fineman (SBN 140335)
Andrew R. Kaufman
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
ecabraser@lchb.com

William M. Audet (SBN 117456)
AUDET & PARTNERS, LLP
711 Van Ness, Suite 500
San Francisco, CA 94102-3229
Telephone: 415.568.2555

James R. Dugan, II
TerriAnne Benedetto
THE DUGAN LAW FIRM, APLC
One Canal Place
365 Canal Street, Suite 1000
New Orleans, LA 70130
Telephone: 504.648.0180

Samuel Issacharoff
40 Washington Square South
Suite 411J
New York, NY 10012
Telephone: 212.998.6580

Elizabeth A. Fegan
Melissa Ryan Clark
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Fl.
Chicago, IL 60606
Telephone: 312.741.1019

*Counsel for Plaintiffs and the Proposed Class
(additional counsel listed below)*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741<br><br>Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO:<br><br>*Ramirez, et al. v. Monsanto Co.*, Case No. 3:19-cv-02224 | **PLAINTIFFS' OPPOSITION TO OBJECTING CLASS MEMBERS' MOTION TO STRIKE DECLARATIONS OF FOUR LAW PROFESSORS**<br><br>Date: May 12, 2021<br>Time: 10:00 AM<br>Judge: Honorable Vince Chhabria |

Plaintiffs respectfully request that the Court deny the motion to strike the declarations of Professors John C. Coffee, Jr., Arthur R. Miller, Andrew D. Bradt, and Scott Dodson, all submitted in connection with Plaintiffs' reply in support of preliminary approval.

\* \* \*

As this Court has reminded the parties to this litigation, preliminary approval of a class action settlement is a significant determination: "careful scrutiny must be given to class action settlements at the preliminary approval stage." Doc. 11182 at 1-2. The objectors who filed the pending motion to strike (the "Gee Objectors") emphasized this fact in block-quote:

> The decision to give notice of a proposed settlement to the class is an important event. It should be based on a solid record supporting the conclusion that the proposed settlement will likely earn final approval after notice and an opportunity to object. The parties must provide the court with information sufficient to determine whether notice should be sent.

Doc. 12673 at 4 (quoting Fed. R. Civ. P. 23 advisory committee's note, 2018).

Having (correctly) argued the importance of a full record at preliminary approval, the Gee Objectors now return asking this Court to disregard four declarations from distinguished law professors with relevant expertise, exactly the kind of "information sufficient to determine whether notice should be sent" that they previously lauded. The motion demands a redacted reply brief "shorn of all references to these four declarations" as if pretending that Professors Coffee, Miller, Bradt, and Dodson did not say the things they said will make it so.

The motion is remarkably bare of citations for the extraordinary proposition that the Court is precluded from considering law professor declarations in support of class certification and settlement approval. Of the few citations presented, most are about the filing of amicus briefs under the Federal Rules of Appellate Procedure. But we are not in the Court of Appeals and these are not amicus briefs. They are instead declarations, submitted under 28 U.S.C. § 1746, by experts in the fields of civil procedure, class actions, and class settlements. The Court may or may not find them helpful, but that is up to the Court, not the Gee Objectors.

Class settlement approval is a weighty task, and one that can present difficult questions even in simple cases, much less a complex case and settlement like this one. *See Mars Steel Corp.*

*v. Continental Bank N.A.*, 880 F.2d 928, 938 (7th Cir. 1989) ("[W]hen deciding whether a settlement of a class action should be approved, the court can use whatever is necessary to aid it in reaching an informed, just and reasoned decision."); *UAW v. GMC*, 497 F.3d 615, 636-37 (6th Cir. 2007) (emphasizing "the district court's traditionally broad discretion over the evidence it considers when reviewing a proposed class action settlement").

For that reason, courts regularly look to, and rely on, declarations by knowledgeable academics when deciding whether to approve a class settlement. *See In re Oil Spill be Oil Rig Deepwater Horizon*, 295 F.R.D. 112, 134-38 (E.D. La. 2015) (*BP Medical*); *In re Volkswagen "Clean Diesel" Mtkg., Sales Pracs., & Prod. Liab. Litig.*, MDL No. 2672, 2016 WL 6248426, at *10, 18, 20 (N.D. Cal. Oct. 25, 2016); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 741-42 (S.D. Tex. 2008); *Georgine v. Amchem Prod., Inc.*, 157 F.R.D. 246, 306 (E.D. Pa. 1994) (Professor Coffee testifying in support of objectors); *In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706, 714-15 (E.D. Pa. 2001); *In re Diet Drugs*, MDL No. 1203, 2000 WL 1222042, at *7 (E.D. Pa. Aug. 28, 2000).[1] These cases expressly rely on such declarations; there are countless more where courts considered declarations but did not write an opinion or did not note the declarations.[2]

Courts often find these declarations helpful in applying Rule 23, in terms of both class certification and settlement approval. As the *Rite Aid* court explained with respect to Professor Coffee:

> In their submissions to us in favor of that Settlement, plaintiffs' co-lead counsel have proffered two declarations of great relevance to our appraisal of this settlement's fairness. Professor John C. Coffee, Jr., Adolf A. Berle Professor of Law and Columbia University Law School, submitted a Declaration reviewing the settlement in detail and, more to the point, comparing it with other securities class action settlements. As a law professor whose principal academic interests have included "class action litigation (with a special

---

[1] *See also, e.g.*, *In re Syngenta AG MIR 162 Corn Litig.*, 357 F. Supp. 3d 1094, 1115 (D. Kan. 2018); *In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*, 792 F. Supp. 2d 1028, 1032 n.3, 1034-35, 1037-38, 1040, 1042 (N.D. Ill. 2011); *In re NVIDIA Corp. Derivative Litig.*, No. 06-06110, 2009 U.S. Dist. LEXIS 24973, at *15 (N.D. Cal. Mar. 18, 2009); *In re Ceradyne, Inc.*, No. 06-919, 2009 WL 10671494, at *3 (C.D. Cal. June 9, 2009); *Elkins v. Equitable Life Ins. Co.*, No. 96-296, 1998 WL 133741, at *6 (M.D. Fla. Jan. 27, 1998).

[2] The Gee Objectors evidently do not seek to strike the Declaration of Professor Howard M. Erichson filed in support of an objection. *See* Doc. 12677-1.

> focus on the management of the large class action and the incentive structure that the law creates to reward the successful plaintiff's attorney)", Coffee Decl. at ¶ 4, Professor Coffee is well-suited to supply highly pertinent information to us. Indeed, his published writings, cited in ¶ 7 of his Declaration, confirm his self-description as one who has "often been critical of the performance of class action plaintiff's attorneys." *Id.* at ¶ 4.

*Rite Aid*, 146 F. Supp. 2d at 714.

The Gee Objectors contend that the declarations are improper because "[t]he questions on the motion for preliminary approval are questions of law, not fact." Mot. at 4. It isn't that simple. Rule 23—including its provisions concerning both class certification and settlement—includes legal and factual elements. That is why the Supreme Court has emphasized that "[a] party seeking class certification must … prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *see also* Fed. R. Civ. P. 23(e)(2) (requiring a "finding" that a settlement is "fair, reasonable, and adequate"). What Rule 23(e)(1) calls for, at this stage, is a judgment call by the Court that includes legal, factual, and discretionary considerations. And the Court's ultimate decisions on both certification and settlement approval are reviewed for an abuse of discretion, not de novo. *See, e.g.*, *In re Hyundai & Kia Fuel Economy Litig.*, 926 F.3d 539, 567 (9th Cir. 2019) (en banc). As Professor Rubenstein explains:

> [C]ourts have generally accepted law professor experts in class actions cases. The core concerns that arise when lawyers serve as experts are inapplicable. First, the class action expert testifies to a judge not a jury, so there is no likelihood of confusion. Second, because class actions are very complex cases, the expert likely knows more about the class action practice than the generalist judge and can provide helpful insight. Third, the law professor's testimony is generally about the application of legal principles to the facts of the case, not about the content of the law itself. Everyone agrees on the Rule 23 certification standard, for example; the question about which the expert testifies is whether it has been met in this particular case. For those reasons, concerns about using law professors as experts rarely surface.

William B. Rubenstein, *Using Law Professors as Expert Witnesses in Class Action Lawsuits*, Expert Evidence Report. Vol. 6, No. 20 at 566 (Bur. of Nat'l Affairs, Oct. 23, 2006).[3]

Despite this settled practice, the Gee Objectors contend that the professor declarations are inadmissible here. That has things backwards. Not only have similar declarations been admitted

---

[3] *Available at* https://billrubenstein.com/Downloads/Rubenstein_Expert_Witness.pdf.

and utilized in countless past cases, but the professors' extraordinary credentials and experience make their declarations particularly applicable here: for example, Professor Coffee's personal experience testifying in *Amchem* and submitting declarations in *Diet Drugs* and *BP Medical*, and Professor Miller's unique expertise in the area and personal experience in participating in the Advisory Committee's drafting of Rule 23. Their opinions and analysis speak directly to the issues the objectors have raised before the Court, and thus render the declarations helpful and admissible and further Rule 23(e)(1)'s purpose of providing information to the Court. The Court, of course, has the right to assign whatever weight to the declarations it wants, but the Gee Objectors should not have the right to prevent the Court from considering the declarations at all.[4]

Finally, the Gee Objectors complain that the declarations were submitted on reply, rather than with the opening papers. The obvious answer is that the declarations were submitted on reply because they were responsive to the objections. *See, e.g.*, *BP Medical*, 295 F.R.D. at 134-38 (considering supplemental declarations filed in response to objections); *Volkswagen*, 2016 WL 6248426, at *10, 18, 20 (same).[5] There is no basis for the Gee Objectors' contention that Plaintiffs were supposed to have the power of clairvoyance as to the content of the objections—if that were so, then what's the point of the objections? Plaintiffs took the objections seriously, including negotiating changes to the settlement where possible to narrow the issues before the Court. But they also responded fully to the remaining arguments, including submitting declarations where the declarants had something useful to say. That is every much Plaintiffs' right as it was the right of objectors to raise the objections.

*   *   *

---

[4] The Gee Objectors' assertion that the declarations will not "be available for the court of appeals if review there [is] sought," Mot. at 4, makes no sense. The declarations are part of the record of the case. It is the Gee Objectors who seek to "redact[]" the record and preclude judicial examination. *Id.* at 6.

[5] *See also, e.g.*, *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 955 (C.D. Cal. 2015) (rejecting assertion that reply declarations submitted in support of class certification should be disregarded, and explaining that "[e]vidence submitted in direct response to evidence raised in the opposition … is not 'new'"), *aff'd*, 844 F.3d 1121 (9th Cir. 2017); *Mendell v. Am. Med. Resp., Inc.*, No. 19-1227, 2021 WL 347690, at *5 (S.D. Cal. Feb. 2, 2021) (same).

Plaintiffs respectfully submit that what Rule 23 demands, and what the class deserves, is the Court's consideration of all evidence and information submitted in support of or in opposition to the proposed settlement. The Gee Objectors' legally unsupported and factually baseless attempt to distort the Court's analysis should be rejected.

Dated: April 15, 2021  Respectfully submitted,

*/s/ Elizabeth J. Cabraser*
Robert L. Lieff (of counsel) (SBN 037568)
Elizabeth J. Cabraser (SBN 083151)
Kevin R. Budner (SBN 287271)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008
rlieff@lchb.com
ecabraser@lchb.com
kbudner@lchb.com

Steven E. Fineman (SBN 140335)
Wendy R. Fleishman
Rhea Ghosh
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
sfineman@lchb.com
wfleishman@lchb.com
rghosh@lchb.com

Andrew R. Kaufman
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue South, Suite 1640
Nashville, TN 37201
Telephone: 615.313.9000
akaufman@lchb.com

Elizabeth A Fegan
*Proposed Subclass 2 Counsel*

FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: 312.741.1019
beth@feganscott.com

Melissa Ryan Clark
FEGAN SCOTT LLC
140 Broadway, 46th Floor
New York, NY 10005
Telephone: 347.353.1150
Melissa@feganscott.com

James R. Dugan, II
TerriAnne Benedetto
*Proposed Subclass 2 Counsel*
David S. Scalia
THE DUGAN LAW FIRM, APLC
One Canal Place
365 Canal Street, Suite 1000
New Orleans, LA 70130
Telephone: 504.648.0180
jdugan@dugan-lawfirm.com
tbenedetto@dugan-lawfirm.com
dscalia@dugan-lawfirm.com

William M. Audet (SBN 117456)
*Proposed Subclass 1 Counsel*
Ling Y. Kuang (SBN 296873)
AUDET & PARTNERS, LLP
711 Van Ness, Suite 500
San Francisco, CA 94102-3229
Telephone: 415.568.2555
waudet@audetlaw.com
lkuang@audetlaw.com

Samuel Issacharoff
40 Washington Square South
Suite 411J
New York, NY 10012
Telephone: 212.998.6580
si13@nyu.edu

*Counsel for Plaintiffs and the Proposed Class*

- 8 -

**CERTIFICATE OF SERVICE**

      I hereby certify that, on April 15, 2021, service of this document was accomplished pursuant to the Court's electronic filing procedures by filing this document through the ECF system.

                                          /s/ *Elizabeth J. Cabraser*
                                        Elizabeth J. Cabraser