**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:    202-847-4030
Fax:    202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

*Attorneys for Defendant*
*MONSANTO COMPANY*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 ) ) Case No. 3:16-md-02741-VC ) |
| This document relates to: *Cervantes v. Monsanto Co.*, 3:19-cv-03015 | ) **MONSANTO COMPANY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON STATUTES OF LIMITATIONS AND REPOSE** ) ) Hearing Date: May 28, 2021 |

Despite Plaintiff Gerard Cervantes attempts to sidestep Monsanto Company's statute of limitation arguments and statute of repose arguments, his claims remain time barred based on his own testimony and his failure to meet his burden of proof.

### A. Plaintiff's Negligence and Strict Liability Claims Are Barred by the Statute of Limitations

Plaintiff's own testimony provides clear evidence that Plaintiff connected his NHL to his Roundup usage in 2004. Plaintiff testified to multiple conversations with friends about the potential connection between his NHL and Roundup usage. Mot. at Marshall Decl. Ex. 1, Dep. of Gerard Cervantes at 161:4–15. Plaintiff's wife also testified that Plaintiff stopped using Roundup after making the connection between his Roundup usage and his NHL in 2004. *Id.* at Ex. 2, Dep. of Elizabeth Cervantes at 47:7–48:8. Plaintiff also does not dispute that the two-year statute of limitations applies to his negligence and strict liability claim. Yet, in an effort to avoid the statutes of limitations that bar his claims, Plaintiff asserts that the statutory limitations periods can be ignored because they were tolled by the discovery rule and/or equitable estoppel. Plaintiff has not met his burden of establishing that either narrow exception applies here.

First, the discovery rule does not save Plaintiff's claim because Plaintiff has failed to meet his burden of proof. It is Plaintiff's burden to prove the date his claim was discovered under Illinois law. *Hermitage Corp. v. Contractors Adjustment Co.*, 651 N.E.2d 1132, 1138 (Ill. 1995) ("When a plaintiff uses the discovery rule to delay commencement of the statute of limitations, the plaintiff has the burden of proving the date of discovery."). Plaintiff's opposition does not identify a date of discovery. In fact, Plaintiff states that it was "some time" after June 23, 2015 that discovery occurred (Opp. at 5), but Plaintiff must prove that discovery occurred on or after April 2017 (within two years of filing his lawsuit). Plaintiff has offered no such proof. Rather, Plaintiff's own testimony establishes that he connected his Roundup usage to his NHL diagnosis in 2004. Plaintiff has not met his burden of establishing that the discovery rule applies to save his claims.

1  Plaintiff also asserts that he could not have discovered his claims earlier because he was not certain that Roundup caused his NHL until seeing a television advertisement and talking to his attorney.  Opp. at 2.  But certainty is not the standard for the discovery rule in Illinois.  "[T]he discovery rule does not provide indefinite tolling of the limitations period and **does not require perfect knowledge**."  *Strang v. R.J. Reynolds Tobacco Co.*, No. 05 C 50108, 2008 WL 4951325, at *1 (N.D. Ill. Nov. 18, 2008) (emphasis added).  Instead, "[t]he statute of limitations commences when the plaintiff possesses sufficient knowledge of his injury and its cause such that would place a reasonable person on notice to ascertain its source and whether legally actionable conduct was involved."  *Healy v. Owens-Illinois, Inc.*, 359 Ill. App. 3d 186, 194 (2005).  Based on the Plaintiff's own statements about information he received in 2004, he made a connection between his Roundup use and NHL in 2004, and in fact stopped using the product then.  If the statute of limitations does not apply here, then the discovery doctrine would truly be the exception that swallows the two-year statute.  The discovery rule does not save Plaintiff's claim.

Nor does estoppel.  Plaintiff attempts to argue that Monsanto should be estopped from raising a statute of limitations argument in any case because Monsanto allegedly concealed health information related to Roundup.  Monsanto strongly disagrees with this characterization, but it is irrelevant because there is no evidence that Plaintiff "relied upon" any statements of Monsanto.  To prove estoppel based on fraud, a plaintiff must provide proof of six elements, one of which is the "the party seeking the benefit of the estoppel must have relied or acted upon the representations."  *Anane v. Pettibone Corp.*, 203 Ill. App. 3d 121, 126–27 (1990).  Here, Plaintiff has failed to meet that burden.

For example, in *Anane*, the sole estoppel case Plaintiff relies on, the defendant hid the identity of the true manufacturer of the product that injured plaintiff in both discovery and pleadings.  *Id.* at 126.  Based on these misrepresentations, the Court found that estoppel applied.  Here, Plaintiff has not identified a single statement from Monsanto that Plaintiff actually relied upon.  In fact, Plaintiff's Opposition related to this argument barely mentions the Plaintiff at all.  Plaintiff has entirely failed to meet his burden of proving estoppel.

Further, as previously mentioned, the record shows that Plaintiff connected his NHL to Roundup in 2004. "If at the time the plaintiff discovers the 'fraudulent concealment' a reasonable time remains within the applicable statute of limitations, [section 13–215] does not toll the running of the limitation period." *Morris v. Margulis*, 197 Ill. 2d 28, 38 (2001) (internal citations omitted). At that point, Plaintiff cannot be said to be relying on any statement or omission by Monsanto, as he had reached the opinion on his own that there was a connection. Thus, to the extent estoppel could apply at all (it does not), it would not apply after 2004 and thus would not save Plaintiff's claims in any event.

### B.  Plaintiff's Breach of Warranty Claim Is Time-Barred

Plaintiff's claim for breach of warranty is barred by the 4-year statute of limitations because the discovery rule does not apply to these claims. Besides estoppel, which is discussed above, Plaintiff argues that the warranty statute of limitations is not strictly construed. Plaintiff relies on a single case, *Gary v. Joe Roth Truck Parts & Sales, Inc.*, 128 Ill. App. 3d 485 (1984). But this case involves whether a warranty claim can relate back via amendment to earlier negligence and strict liability claims. *Id.* Here, there is no prior complaint to relate back to and, thus, *Gary* is inapplicable.

Plaintiff cites no other case law for the proposition that Illinois does not strictly construe its statute of limitations for warranty claims. In fact it does, as shown by the cases cited in Monsanto's motion. *Hagen v. Richardson-Merrell, Inc.*, 697 F. Supp. 334, 341 (N.D. Ill. 1988) ("Illinois courts have strictly construed this provision in just this manner."). Therefore, Plaintiff's warranty claim is barred because Plaintiff filed his claims more than four years since he purchased Roundup.

### C.  The Statute of Repose Bars Plaintiff's Claims.

Monsanto is also entitled to summary judgment on all of Plaintiff's claims for the additional, independent reason that they are barred by the statute of repose. Plaintiff first argues that the statute of repose only applies to product liability actions and does not include related claims like warranty claims or negligence claims, but this is not correct. The term "products liability action" is construed broadly under Illinois law to include "any action based on any theory or doctrine brought against

the seller of a product on account of personal injury . . . ." *Edwards v. Regis Corp.*, No. 10-1011, 2011 WL 777271, at *2 (C.D. Ill.) (Feb. 25, 2011) (citing 735 ILL. COMP. STAT. 5/13-213(a)(3)). Likewise, separate counts (such as one for negligence or implied warranty) will be interpreted under the products liability statute of repose when joined with a products liability claim. *Id.* at 2. Plaintiff's narrow attempt to distinguish *Olson v. Owens-Corning Fiberglas Corp.*, 556 N.E.2d 716, 719 (Ill. Ct. App. 1990) ignores the broader case law demonstrating that all types of claims fall under the statute of limitations and repose for product liability actions.

Plaintiff's second argument is that the statute of repose does not apply because of fraudulent concealment. This argument is identical to Plaintiff's estoppel argument, discussed above, and equally fails. The fraudulent concealment statute requires proof of the same elements as estoppel. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 82 (2006). For example in *DeLuna*, the case relied upon by Plaintiff, the Court found that the Defendant affirmatively misled Plaintiffs by telling them their case was going well even though it had been dismissed. *Id.* at 79-80. Here, as already discussed, Plaintiff has not met his burden to identify a single representation from Monsanto that he relied upon. Nor has he made any real effort to establish proof of each of the elements of fraudulent concealment, which is his burden on summary judgment. Plaintiff's claims are subject to the statute of repose and must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims are time-barred under both the statutes of limitations and repose, and Monsanto is entitled to summary judgment.

DATED: April 16, 2021

Respectfully submitted,

*/s/ K. Lee Marshall*
K. Lee Marshall
BRYAN CAVE LEIGHTON PAISNER LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111
Tel: 415-675-3400
Fax: 415-675-3434
klmarshall@bclplaw.com

Attorneys for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of April, 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ K. Lee Marshall