**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

*Attorneys for Defendant*
*MONSANTO COMPANY*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION

MDL No. 2741

Case No. 3:16-md-02741-VC

This document relates to:

*Karman v. Monsanto Co.,* 3:19-cv-01183-VC

**MONSANTO COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**

Hearing Date: May 28, 2021

Despite Plaintiff Christine Karman's attempts to avoid Monsanto Company's statute of limitation arguments, her claims and those on behalf of her husband Robert Karman ("Decedent") remain time barred based on Plaintiff's own testimony. Plaintiff also cannot establish proximate causation for the failure-to-warn claims.

**I. Plaintiff's Claims Are Barred by the Statute of Limitations.**

**A. The Dead Man Act Does Not Prevent the Court From Considering Plaintiff's Testimony.**

Plaintiff's own testimony provides clear and concrete evidence that she and Decedent connected Decedent's Roundup usage with his NHL in 2015. Plaintiff testified that she and Decedent saw a "warning" advertisement connecting Roundup®-branded products ("Roundup") to NHL in 2015. Mot. at Marshall Decl. Ex. 1, Pl.'s Dep. at 29:9-30:13, 216:10-18. Plaintiff and Decedent took this advertisement so seriously that they advised their children to stop using Roundup. *Id.* at 29:14-22, 215:23-216:9. Plaintiff does not dispute this clear evidence, but instead takes the extraordinary step of asking the Court to exclude *her own testimony* under the Illinois Dead Man Act, essentially asking the Court to declare Plaintiff incompetent to testify in her own case. This is an absurd and incorrect reading of the Illinois Dead Man Act.

The Illinois Dead Man Act prevents a representative of a deceased person, who is directly interested in the action, from testifying on his or her own behalf to any conversation with the deceased. 735 Ill. Comp. Stat. Ann. 5/8-201. However, Illinois courts have frequently noted that a party does not testify on "his own behalf" within the meaning of the statute when she testifies against her interests. *See, e.g.*, *Shanahan v. Bowen (State Rep. Title: In re Est. of Shanahan)*, 59 Ill. App. 3d 269, 272 (1978) ("Their testimony being adverse to their own pecuniary interests, the witnesses were competent to testify as to conversations they had with decedent."). Indeed, more than a century ago, the Illinois Supreme Court noted that "[i]t is only when called to testify in his own interest that a party or interested person is disqualified as a witness. He is competent when called by the party opposed to him in interest." *Duffy v. Duffy*, 243 Ill. 476, 481 (1909).

Here, Plaintiff's testimony regarding when she and Decedent first connected Roundup usage to Decedent's NHL establishes that the statute of limitations had already expired when she brought her claims. This is a quintessential example of testimony that is against Plaintiff's own interests, which is further elucidated by the fact that the testimony supports Monsanto's statute of limitations argument. Neither the letter nor the policy of the Dead Man Act applies here.

**B. Neither the Discovery Rule Nor Estoppel Save Plaintiff's Claims.**

Plaintiff also asserts that the statutory limitations periods can be ignored because they were tolled by the discovery rule and/or equitable estoppel. Plaintiff has not met her burden of establishing that either narrow exception applies here.

First, Plaintiff argues that seeing an advertisement in 2015 does not establish that she thought Roundup caused Decedent's NHL at this time because she also testified that she did not believe Roundup was the cause until after his death (Opp. at 5). Certainty, however, is not the standard for the discovery rule in Illinois. "[T]he discovery rule does not provide indefinite tolling of the limitations period and **does not require perfect knowledge**." *Strang v. R.J. Reynolds Tobacco Co.*, No. 05 C 50108, 2008 WL 4951325, at *1 (N.D. Ill. Nov. 18, 2008) (emphasis added). Instead, "[t]he statute of limitations commences when the plaintiff possesses sufficient knowledge of his injury and its cause such that would place a reasonable person on notice to ascertain its source and whether legally actionable conduct was involved." *Healy v. Owens-Illinois, Inc*., 359 Ill. App. 3d 186, 194 (2005).

Here, Plaintiff and her husband saw an attorney advertisement linking Roundup and NHL in 2015. Plaintiff and her husband should have ascertained the alleged connection between NHL and Roundup use in 2015 after seeing this attorney advertisement. Indeed, the alleged connection and the invitation to file suit was the entire point of the advertisement. Further, Plaintiff and Decedent were certain enough of the alleged injurious risks associated with Roundup in 2015 that they warned their children not to use Roundup after seeing the advertisement -- an undisputed, dispositive fact that Plaintiff's opposition fails to mention. Taken together, these facts show that Plaintiff should have (and did) connect Roundup usage to NHL when she and Decedent saw the advertisement in 2015.

The discovery rule does not permit would-be plaintiffs to sit on their hands until they confirm the source of their injury behind all doubt. *See Hancock v. Village of Itasca*, 59 N.E.3d 793, 797 (Ill. Ct. App. 2016) ("The discovery rule should not be applied in a manner that encourages litigants and attorneys to wait for others to take th[e] initiative."). If the statute of limitations is to have any teeth, it must be applied in this case.

Estoppel also does not save Plaintiff's claims. Plaintiff attempts to argue that Monsanto should be estopped from raising a statute of limitations argument because it allegedly concealed health information related to Roundup. Monsanto strongly disagrees with this characterization, but it is irrelevant because there is no evidence that Plaintiff "relied upon" any statements of Monsanto. To prove estoppel based on fraud, a plaintiff must provide proof of six elements, one of which is the "the party seeking the benefit of the estoppel must have relied or acted upon the representations." *Anane v. Pettibone Corp.*, 203 Ill. App. 3d 121, 126–27 (1990). Here, Plaintiff has failed to meet that burden.

For example, in *Anane*, the sole estoppel case Plaintiff relies on, the defendant hid the identity of the true manufacturer of the product that injured plaintiff in both discovery and pleadings. *Id.* at 126. Based on these misrepresentations, the Court found that estoppel applied. Here, Plaintiff has not identified a single statement from Monsanto that Plaintiff actually relied upon. In fact, the opposition barely mentions Plaintiff or Decedent at all in this section of the argument. Plaintiff has entirely failed to meet her burden of proving each element of estoppel.

Further, as previously mentioned, Plaintiff and Decedent saw an advertisement in 2015 connecting Roundup to NHL. At that point, Plaintiff and Decedent cannot be said to be relying on any statement or omission by Monsanto, as they had reached the opinion on their own that there was a connection. "If at the time the plaintiff discovers the 'fraudulent concealment' a reasonable time remains within the applicable statute of limitations, [section 13–215] does not toll the running of the limitation period." *Morris v. Margulis*, 197 Ill. 2d 28, 38 (2001) (internal citations omitted). Thus, to the extent estoppel could apply at all (it does not), it would not apply after 2015 and thus would

not save Plaintiff's claims in any event. Therefore, Plaintiff's claims should be dismissed as time barred.

**II. Plaintiff's Breach of Warranty Claim Is Time-Barred**

Plaintiff's claim for breach of warranty is barred by the 4-year statute of limitations because the discovery rule does not apply to these claims. Besides estoppel, which is discussed above, Plaintiff argues that the warranty statute of limitations is not strictly construed. Plaintiff relies on a single case, *Gary v. Joe Roth Truck Parts & Sales, Inc.*, 128 Ill. App. 3d 485 (1984). But this case involves whether a warranty claim can relate back via amendment to earlier negligence and strict liability claims. *Id.* Here, there is no prior complaint to relate back to and, thus, *Gary* is inapplicable.

Plaintiff cites no other case law for the proposition that Illinois does not strictly construe its statute of limitations for warranty claims. In fact it does, as shown by the cases cited in Monsanto's motion. *Hagen v. Richardson-Merrell, Inc.*, 697 F. Supp. 334, 341 (N.D. Ill. 1988) ("Illinois courts have strictly construed this provision in just this manner."). Therefore, Plaintiff's warranty claim is barred because Plaintiff filed the claims more than four years since Decedent purchased Roundup.

**III. There is no Proximate Cause for Plaintiff's Failure to Warn Claims.**

Summary judgment also is appropriate on Plaintiff's failure-to-warn because Decedent never read the label. Plaintiff relies on *Solis v. BASF Corp*, 2012 IL. App (1st) 110875 for the proposition that a plaintiff does not have to read a label for a failure to warn claim. *Solis*, however, involved a plaintiff who did not read an updated label but *had* read an earlier label of the same product. Here, there is no evidence that Decedent ever read the label, so proximate cause cannot be proven.

Plaintiff's only other response is that she saw Decedent (Opp. at 10) read labels on *other* chemicals. But that is irrelevant when Plaintiff never saw Decedent read any Roundup label. Thus, Plaintiff has presented no evidence that Decedent read the Roundup label, and therefore cannot establish proximate causation on the failure-to-warn claims.

**CONCLUSION**

For the foregoing reasons, Monsanto is entitled to summary judgment.

DATED: April 16, 2021

Respectfully submitted,

*/s/ K. Lee Marshall*

K. Lee Marshall
BRYAN CAVE LEIGHTON PAISNER LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111
Tel: 415-675-3400
Fax: 415-675-3434
klmarshall@bclplaw.com

Attorneys for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of April, 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

*/s/ K. Lee Marshall*