**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:     202-847-4030
Fax:    202-847-4005

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**MONSANTO COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT RE: ILLINOIS WAVE 2 PLAINTIFFS ON ILLINOIS LAW GROUNDS**<br><br>Hearing date: May 28, 2021 |
| *Cervantes v. Monsanto Co.*, 3:19-cv-03015-VC | |
| *Karman v. Monsanto Co.*, 3:19-cv-01183-VC | |
| *Pecorelli v. Monsanto Co.*, 3:16-cv-06936-VC | |
| *Peterson v. Monsanto Co.*, 3:18-cv-07271-VC | |
| *Rehak v. Monsanto Co.*, 3:19-cv-01719-VC | |
| *Schafer v. Monsanto Co.*, 3:19-cv-02169 | |

**INTRODUCTION**

The Illinois Plaintiffs' Opposition ("Opp.") to Monsanto's Motion for Summary Judgment on Illinois Law Grounds ("Mot.") misstates the summary judgment standard this Court must apply and relies upon previous orders of this Court that did not apply Illinois law.

The Illinois Plaintiffs' claims fail on Illinois law grounds for the reasons stated in Monsanto's Motion: the Illinois Plaintiffs (1) lack the required admissible expert testimony on causation; (2) cannot provide sufficient evidence to prove their Non-Hodgkin's Lymphoma ("NHL") was caused by a design defect within Roundup®-branded products ("Roundup"); (3) cannot show that Monsanto had a duty to warn of a link between glyphosate and NHL; (4) cannot sustain a claim for a breach of implied warranty absent evidence of a design defect or inadequate warning; (5) cannot present evidence sufficient to meet Illinois' high bar for justifying an award of punitive damages; and (6) cannot present evidence sufficient to trigger an exception to the standard rule that an award of attorneys' fees or costs is improper outside a statute or contractual agreement permitting the award. Finally, Plaintiff Cervantes' claim for breach of an express warranty fails because he cannot show that he and Monsanto were in privity, and he does not present the actual terms of any express warranty allegedly breached.

The Court should grant Monsanto summary judgment on all claims.

**ARGUMENT**[1]

**I.  The Illinois Plaintiffs Lack the Required Admissible Expert Testimony on Causation.**

The Illinois Plaintiffs concede they must present admissible expert testimony to prove that Roundup caused their NHL and that judgment for Monsanto is proper if they fail to present such testimony. Opp. at 2 (citing *Baltus v. Weaver Div. of Kidde & Co., Inc.*, 199 Ill. App. 3d 821 (Ill. App. 1 Dist. 1990)). As explained more fully in Monsanto's Rule 702 motions to exclude the opinions of the Illinois Plaintiffs' specific causation experts (Drs. Weisenburger, Pinter-Brown, and

---

[1] The Illinois Plaintiffs cite the Illinois state standard for addressing motions for summary judgment. *See* Opp. at 1-2. But while federal courts sitting in diversity apply the relevant substantive state law, procedural questions are governed by the federal rules, which includes "the standard for reviewing entry of summary judgment." *Martinez v. Asarco Inc.*, 918 F.2d 1467, 1470 n.3 (9th Cir. 1990); *see also* Mot. at 3 (setting forth federal standard for reviewing motions for summary judgment).

Schiff), the Illinois Plaintiffs have failed to present admissible expert testimony that each of their NHL diagnoses was caused by exposure to Roundup. The Court should therefore grant summary judgment for Monsanto on all of the Illinois Plaintiffs' claims.

### II. The Design Defect Claims Fail Because They are Duplicative of the Inadequate Warning Claims and Because Plaintiffs Cannot Satisfy Their Evidentiary Burden.

As Monsanto explained in its Opening Brief, the Illinois Plaintiffs' design defect claims fail because (1) they are duplicative of the failure to warn claims, and (2) the Illinois Plaintiffs fail to provide evidence of a specific defect within Roundup that caused their NHL, and fail to satisfy the Illinois standard for proving a design defect claim without evidence of a specific defect. *See* Ill. MSJ at 5-7.

In response, the Illinois Plaintiffs first argue that their design defect and failure-to-warn claims are distinct simply because they pleaded these claims as separate counts in their complaints. Opp. at 5. But the Court is not restricted by the title the Illinois Plaintiffs placed on each cause of action when assessing whether their claims are duplicative of one another. *Childs v. Pinnacle Health Care, LLC*, 926 N.E.2d 807, 818-19 (Ill. App. 2 Dist. 2010) ("it is the nature of the complaint that defines a cause of action, not the label assigned to it by the plaintiff"); *Hoesl v. United States*, 451 F. Supp. 1170, 1171 (N.D. Cal. 1978) ("the label which a plaintiff applies to a pleading does not determine the nature of the cause of action which he states") (internal quotations omitted). As Monsanto explained in its Opening Brief, the Illinois Plaintiffs do not—and cannot—allege a specific defect within Roundup's formula. *See* Opp. at 5-7. They instead principally assert that Roundup was defective because it did not contain adequate warnings pertaining to carcinogenic risks from using the product. *See id.* Because the purported defect is the same for both the design defect and failure to warn claims, the design defect claim is duplicative of the failure to warn claim, and Monsanto is entitled to summary judgment on the design defect claims. *See id.*

The Illinois Plaintiffs next argue that they have provided sufficient evidence to support their design defect claims because they provided expert reports on specific and general causation. Opp. at 5-6. This argument misses the mark, because it does not address whether the Illinois Plaintiffs

have presented adequate evidence as to a *product defect*.  See *Kurrack v. Am. Dist. Telegraph Co.*, 625 N.E.2d 675, 681 (Ill. App. 1 Dist. 1993) ("The fact that an injury has occurred, in and of itself, is insufficient to show the existence of a product defect.").  As Monsanto pointed out in its Motion, the Illinois Plaintiffs have not provided competent evidence that Roundup's purportedly defective design (as opposed to its allegedly inadequate warnings) caused their NHL.  Mot. at 6.  Absent this evidence of a specific defect, the Illinois Plaintiffs must present evidence sufficient to satisfy the standard articulated in *Rizzo v. Corning Inc.*, 105 F.3d 338 (7th Cir. 1997).  *Id.* at 340 (courts can infer a product defect absent evidence of a specific defect only where the plaintiff can also show he did not "misuse the product" and that no "third force" caused his injuries).  *See also* Mot. at 7 (citing cases).  Because none of the Illinois Plaintiffs provided evidence sufficient to satisfy that burden, summary judgment for Monsanto on the design defect claims is proper.

### III.   Monsanto had no Duty to Warn of Alleged Cancer Risks at the Time Plaintiffs Purchased Their Products.

Monsanto had no duty to warn of Roundup's alleged risks because the best scientific evidence at the time the Illinois Plaintiffs were exposed to Roundup does not support an association between human exposure to glyphosate and NHL.  *See* Motion for Summary Judgment on Non-Causation Grounds.  Indeed, today the Environmental Protection Agency ("EPA") expressly prohibits a carcinogenicity warning on glyphosate products.  *See id.*

The Illinois Plaintiffs nonetheless contend that Monsanto "should have known that glyphosate could cause cancer as early as 1982," after the EPA purportedly found a link between glyphosate and cancerous tumors in a study of rats.  Opp. at 6.  But the EPA study the Illinois Plaintiffs cite did not establish a link between glyphosate exposure and NHL in humans, and the EPA has in fact concluded the exact opposite: that based on a "thorough[] evaluat[ion]" of the "potential human health risk associated with exposure to glyphosate," glyphosate is "not likely to be carcinogenic to humans."  Motion for Summary Judgment on Non-Causation Grounds, Ex. 5 at 10 (EPA, Glyphosate: Interim Registration Review Decision Case No. 0178 (Jan. 2020)).  Plaintiffs' argument that Monsanto had a duty to warn dating back *to 1982* is not supported by any applicable

3

law on failure-to-warn.

For these reasons, the Court should grant Monsanto summary judgment on the strict liability and negligent failure-to-warn claims.

### IV. The Breach of Implied Warranty Claims Fail Because Roundup was not Unreasonably Dangerous When Sold to Plaintiffs.

As the Illinois Plaintiffs concede, their claims for breach of implied warranties rise or fall with their strict liability claims. *See* Opp. at 7 (citing *First Nat'l Bank of Dwight v. Regent Sports Corp.*, 803 F.2d 1431 (7th Cir. 1984)). Because the Illinois Plaintiffs cannot show that Roundup was unreasonably dangerous under either a design defect or a failure to warn theory of liability, their implied warranty claims fail as well.

### V. Plaintiff Cervantes' Express Warranty Claim Fails for Lack of Privity and for Failure to Identify the Express Warranty Terms Breached.

As Monsanto explained in its Opening Brief, Plaintiff Cervantes' claim for breach of an express warranty fails because Cervantes can present no evidence that Monsanto directly provided him with materials that contained any warranties or representations with respect to Roundup, and because he cannot identify any warranty terms allegedly breached. Ill. MSJ at 10-11. Plaintiff Cervantes seeks to satisfy his evidentiary burden for this claim by pointing to a statement from his deposition that he "thought Roundup was the best" because he had seen television commercials for the product. Opp. at 11 (citing *id.* Ex. 3 at 100:9-16). This scant evidence is insufficient to sustain an express warranty claim for several reasons.

First, Cervantes has still not presented the actual terms of the purported express warranty by stating them or by attaching them to his complaint or opposition to the present motion. The Court simply has no way of determining what Cervantes asserts Monsanto warranted with respect to Roundup. This failure is fatal to his claim. *See N. Ins. Co. of N.Y. v. Silverton Marine Corp.*, 2010 WL 2574225, at *2 (N.D. Ill. June 23, 2010). Second, even if the Court were to construe Cervantes' evidence as establishing that Monsanto warranted Roundup as "the best," this would still be insufficient to state a claim. Illinois courts "regard a seller's statement that products are 'of good

4

quality,' 'the best,' or 'in perfect condition' as expressions of the seller's opinion or puffery rather than an express warranty." *Chinn v. Fecht*, 2015 IL App (3d) 140320-U, ¶ 17 (collecting cases). Third, Cervantes has presented no evidence that *the commercials he saw on television were Monsanto's*, rather than an advertisement from a retail seller of Roundup. Cervantes' failure to present evidence that *Monsanto* directly provided him with a warranty with respect to Roundup is also fatal to his claim. *See Canadian Pac. Ry. Co. v. Williams-Hayward Protective Coatings, Inc.*, 2005 WL 782698, at *15 (N.D. Ill. Apr. 6, 2005).

Finally, Cervantes points out that in his complaint he alleged that Roundup products "were safe to human health and the environment, effective, fit, and proper for their intended use." Opp. at 35 (citing Cervantes Compl. ¶ 194). To the extent Cervantes is arguing now that this allegation in his complaint satisfies his evidentiary burden to survive summary judgment, he is wrong. Indeed, courts have held that general allegations substantially similar to the allegation Cervantes quotes are insufficient to survive even a Rule 12(b)(6) motion to dismiss, let alone a motion for summary judgment. *See, e.g.*, *Griffin v. Medtronic, Inc.*, 2017 WL 4417821, at *5 (N.D. Ill. Oct. 5, 2017) (breach of express warranty claim dismissed when defendant alleged only that defendant warranted product was "safe and fit for use by consumers, that it was of merchantable quality, that its side effects were minimal compared to other . . . products, and that it was adequately tested and fit for its intended use")

The Court should grant Monsanto summary judgment on Plaintiff Cervantes' claim for breach of an express warranty.

**VI.  The Illinois Plaintiffs' Claims for Punitive Damages Fail as a Matter of Law.**

The Illinois Plaintiffs argue that the Court should not grant Monsanto summary judgment on the punitive damages claim because this Court has previously held that punitive damages claims brought by other plaintiffs, in other cases and under other states' laws, could be presented to the jury. Opp. at 8-9. But this argument ignores the fact that here the Court must apply *Illinois'* standard for determining whether the evidence is sufficient as a matter of law to recover punitive damages. And Illinois has a particularly high threshold for allowing punitive damages claims to be presented

to a jury, requiring evidence of "willful and wanton misconduct" that "approach[es] the degree of moral blame attached to intentional harm." *Loitz v. Remington Arms Co., Inc.*, 138 Ill. 2d 404, 415-16 (1990) (internal quotations omitted); *see also Stojkovich v. Monadnock Bldg.*, 666 N.E.2d 704, 712-13 (Ill. App. 1 Dist. 1996) (punitive damages not permitted against defendant elevator company for injuries caused by malfunction when elevator had experienced 17 unexpected stoppages in year prior to accident but defendant never ordered elevator out of service, because conduct did not meet standard set by *Loitz*). The Illinois Plaintiffs' claims for punitive damages indeed fail under Illinois law.

As addressed above and in Monsanto's Motion, the generally recognized and prevailing best scientific evidence does not support an association between glyphosate exposure and NHL. The EPA itself has repeatedly announced that glyphosate poses no known risks to humans and is unlikely to be carcinogenic. *See supra* Section III; Motion for Summary Judgment on Non-Causation Grounds. In support of their claims for punitive damages, the Illinois Plaintiffs can muster only (1) a citation to an outdated and irrelevant EPA study that does not accurately reflect the agency's position with respect to glyphosate, and (2) references to other opinions and studies from non-industry groups and/or experts that were previously presented to this Court. But the Illinois Supreme Court has held that punitive damages are improper where—as is the case here—a defendant relies in good faith on the best scientific evidence available to it, and simply disagrees with the opinions of the plaintiff's proffered experts. *See Loitz*, 138 Ill. 2d at 421-22 (1990). Because the Illinois Plaintiffs cannot meet the Illinois standard for awarding punitive damages, the Court should grant Monsanto summary judgment on this claim.

**VII.    The Illinois Plaintiffs are not Entitled to Attorneys' Fees or Costs.**

The Illinois Plaintiffs argue that the Court has the power to award them attorneys' fees under the recognized exception to the American Rule[2] that allows these awards when a party acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." Opp. at 9 (citing *Adams v. Carlson*, 521

---

[2] The "American Rule" holds that "a party in a civil action is not entitled to attorney fees absent a specific contractual or statutory provision." *Riordian v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1006 (9th Cir. 2009) (internal quotations omitted).

1  F.2d 168, 170 (7th Cir. 1975)).  The Illinois Plaintiffs further argue that their purported evidence justifying an award of punitive damages likewise justifies an award of attorneys' fees under this exception.  *Id.*  This argument has no basis in law.

The Illinois Plaintiffs' cited exception to the American Rule stems from the Supreme Court's decision in *Alyeska Pipeline Service Company v. Wilderness Society*, 421 U.S. 240 (1975).  *See id.* at 257 (noting that courts retain the inherent authority to "assess attorneys' fees" for the willful disobedience of a court order or when a losing party acts "in bad faith, vexatiously, wantonly, or for oppressive reasons"); *Zambrano v. City of Tustin*, 885 F.2d 1473, 1481-82 (9th Cir. 1989) (stating that the exceptions discussed in *Alyeska* are the only recognized exceptions to the American Rule). Importantly, the "bad faith" exception the Illinois Plaintiffs cite does not refer to the defendant's alleged behavior that serves as the basis for the plaintiff's claim.  Rather, "bad faith" refers to "how the parties conduct themselves during the litigation"—*i.e.*, whether a party acted in bad faith in prosecuting or defending the claims.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 53 (1991); *see also Esquivel v. Arau*, 913 F. Supp. 1382, 1391 (C.D. Cal. 1996) (purpose of bad faith exception is to "compensate a party who has incurred unnecessary expenditures because of an opponent's vexatious conduct during the course of litigation").  The Illinois Plaintiffs do not contend—nor can they—that Monsanto acted in bad faith during the course of this litigation.

At bottom, the Illinois Plaintiffs are asserting that an award of attorneys' fees is *necessarily* justified pursuant to the exceptions in *Alyeska* whenever punitive damages may be awarded.  This is a significant misrepresentation of the federal and Illinois rules, and undermines the Illinois Supreme Court's decree that attorneys' fees may not be awarded "under the guise of a punitive damages award."  *Int'l Union of Operating Engineers, Local 150 v. Lowe Excavating Co.*, 870 N.E.2d 303, 324 (Ill. 2006).  The Court should accordingly grant summary judgment on the Illinois Plaintiffs' claims for attorneys' fees.

## CONCLUSION

For the foregoing reasons, Monsanto is entitled to summary judgment on the Illinois Plaintiffs' claims.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:  April 16, 2021

By:   /s/ K. Lee Marshall
  K. Lee Marshall
BRYAN CAVE LEIGHTON PAISNER LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111
Tel:     415-675-3400
Fax: 415-675-3434
klmarshall@bclplaw.com

Attorneys for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of April, 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ K. Lee Marshall

MONSANTO'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON ILL. LAW GROUNDS