| | |
|---|---|
| **WILKINSON STEKLOFF LLP**<br>Brian L. Stekloff (*pro hac vice*)<br>(bstekloff@wilkinsonstekloff.com)<br>Rakesh Kilaru (*pro hac vice*)<br>(rkilaru@wilkinsonstekloff.com)<br>2001 M St. NW<br>10th Floor<br>Washington, DC 20036<br>Tel:  202-847-4030<br>Fax:  202-847-4005 | **COVINGTON & BURLING LLP**<br>Michael X. Imbroscio (*pro hac vice*)<br>(mimbroscio@cov.com)<br>One City Center<br>850 10th St. NW<br>Washington, DC 20001<br>Tel: 202-662-6000 |
| **HOLLINGSWORTH LLP**<br>Eric G. Lasker (*pro hac vice*)<br>(elasker@hollingsworthllp.com)<br>1350 I St. NW<br>Washington, DC 20005<br>Tel: 202-898-5843<br>Fax: 202-682-1639 | **BRYAN CAVE LEIGHTON PAISNER LLP**<br>K. Lee Marshall (CA Bar No. 277092)<br>(klmarshall@bclplaw.com)<br>Three Embarcadero Center, 7th Floor<br>San Francisco, CA 94111<br>Tel: 415-675-3400<br>Fax: 415-675-3434 |

*Attorneys for Defendant*
*MONSANTO COMPANY*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Pecorelli v. Monsanto Co.*, 3:16-cv-06936-VC | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**MONSANTO COMPANY'S REPLY IN SUPPORT OF ITS SUMMARY JUDGMENT MOTION ON STATUTE OF LIMITATIONS AND PROXIMATE CAUSATION GROUNDS**<br><br>Hearing Date: May 28, 2021 |

Despite Plaintiff Mark Pecorelli's attempts to avoid the clear statutes of limitation that bar his claims, his own testimony makes clear that his claims and those on behalf of his father Michael Pecorelli ("Decedent") have been time-barred for more than a decade. Monsanto therefore is entitled to summary judgment on all claims based on the statute of limitations. Summary judgment is also required on Plaintiff's wrongful death claim because the evidence establishes that Decedent's death was caused by MFH, not NHL.

**I.       Plaintiff's Claims Are Barred by the Statute of Limitations.**

**A.       The Dead Man Act Does Not Prevent the Court from Considering Plaintiff's Own Testimony.**

Plaintiff's own testimony provides clear evidence that Plaintiff and Decedent connected Decedent's usage of Roundup®-branded products ("Roundup") with his NHL in 2004. Plaintiff testified that his father told him in 2004 that he believed his NHL was caused by Roundup, and in 2012 a doctor allegedly told Plaintiff that there was likely a connection. Mot. at Imbroscio Decl., Ex. 1, Pl.'s Dep. at 290:1-8, 291:7-24, 307:23-308:9. This undisputed evidence on summary judgment establishes that these claims are time barred as a matter of law. Plaintiff does not dispute this clear evidence, but instead takes the extraordinary step of asking the Court to exclude *his own testimony* under the Illinois Dead Man Act, essentially asking the Court to declare Plaintiff incompetent to testify in his own case. This is an absurd and incorrect reading of the Illinois Dead Man Act.

The Illinois Dead Man Act prevents a representative of a deceased person, who is directly interested in the action, from testifying on his or her own behalf to any conversation with the deceased. 735 Ill. Comp. Stat. Ann. 5/8-201. However, Illinois courts have frequently noted that a party does not testify on "his own behalf" within the meaning of the statute when he testifies against his interests. *See, e.g.*, *Shanahan v. Bowen (State Rep. Title: In re Est. of Shanahan)*, 59 Ill. App. 3d 269, 272 (1978) ("Their testimony being adverse to their own pecuniary interests, the witnesses were competent to testify as to conversations they had with decedent."). Indeed, more than a century ago, the Illinois Supreme Court noted that "[i]t is only when called to testify in his own interest that a party

or interested person is disqualified as a witness. He is competent when called by the party opposed to him in interest." *Duffy v. Duffy*, 243 Ill. 476, 481 (1909).

Here, Plaintiff's testimony regarding when he and Decedent first connected Roundup usage to Decedent's NHL establishes that the statute of limitations had long expired when he brought his claims. This is a quintessential example of testimony that is against Plaintiff's own interests, which is further elucidated by the fact that the testimony supports Monsanto's argument. Neither the letter nor the policy of the Dead Man Act applies here.

### B. Neither the Discovery Rule nor Estoppel Save Plaintiffs' Claims.

Plaintiff also asserts that the statutory limitations periods can be ignored because they were tolled by the discovery rule and/or equitable estoppel. Plaintiff has not met his burden of establishing that either narrow exception applies here.

First, Plaintiff argues that the discovery rule saves his claims simply because Decedent used Roundup until 2008 and a doctor never told him that Roundup caused his NHL. But neither of these factors are relevant to the application of the discovery rule in light of his own unequivocal testimony. As previously discussed, Plaintiff testified that Decedent told Plaintiff in 2004 that he thought his NHL was caused by Roundup. Mot. at Imbroscio Decl., Ex. 1, Pl.'s Dep. at 291:7-24. That evidence establishes that Plaintiff and decedent discovered that Plaintiff's NHL might be connected to Roundup in 2004. *Strang v. R.J. Reynolds Tobacco Co.*, No. 05 C 50108, 2008 WL 4951325, at *1 (N.D. Ill. Nov. 18, 2008) ("[T]he discovery rule does not provide indefinite tolling of the limitations period and does not require perfect knowledge."). The mere fact that Decedent may have continued to use Roundup does not negate Decedent's own clear statements, nor does Plaintiff suggest why it should. Furthermore, even if 2008 was the date that Decedent "discovered" his claim, his claim would still be time barred.

Plaintiff's second argument—that a doctor never told his father that Roundup caused his NHL—is neither true nor relevant. Plaintiff relies on *Nolan v. Johns-Manville Asbestos*, 85 Ill. 2d 161 (1981) for the proposition that a doctor is required to confirm the connection between a cause and illness for the discovery rule to start to run, but Illinois courts have specifically found that *Nolan*

1  does not stand for that proposition. *Healy v. Owens-Illinois, Inc.*, 359 Ill. App. 3d 186, 194 (2005)
2  ("We agree that Nolan and later precedent firmly establish that an affirmative diagnosis of an injury
3  is not the bellwether that gives rise to a plaintiff's claim."); *Orso v. Bayer Corp.*, No. 04 C 0114, 2009
4  WL 249235, at *5 (N.D. Ill. Feb. 2, 2009) ("Illinois case law suggests that, when a plaintiff has
5  knowledge of an injury, an accurate medical diagnosis is irrelevant to the issue of whether a plaintiff
6  is on notice of its exact wrongful cause."). In fact, *Nolan* itself notes that in that particular case, there
7  was not enough evidence to determine when the plaintiff connected the cause of his injury to his
8  injury. 85 Ill. 2d at 171-72. Here, there is undisputed evidence that Decedent made a connection
9  between NHL and his Roundup use in 2004. Furthermore, the discovery rule does not permit would-
10 be plaintiffs to sit on their hands until another party confirms the cause of their injury. *See Hancock*
11 *v. Village of Itasca*, 59 N.E.3d 793, 797 (Ill. Ct. App. 2016) ("The discovery rule should not be applied
12 in a manner that encourages litigants and attorneys to wait for others to take th[e] initiative.").
13 Plaintiff's argument that a doctor must make the connection between the cause of the injury and the
14 injury is even more irrelevant because Plaintiff testified in his deposition that a doctor *did* make that
15 connection. Plaintiff testified that in 2012, a doctor told him and Decedent that there may be a
16 connection between Decedent's Roundup use and his NHL. The discovery rule does not save
17 Plaintiff's claim.
18  Neither does estoppel. Plaintiff attempts to argue that Monsanto should be estopped from
19 raising a statute of limitations argument because it allegedly concealed health information related to
20 Roundup. Monsanto strongly disagrees with this characterization, but it is irrelevant because there is
21 no evidence that Plaintiff "relied upon" any statements of Monsanto. To prove estoppel based on
22 fraud, a plaintiff must provide proof of six elements, one of which is the "the party seeking the benefit
23 of the estoppel must have relied or acted upon the representations." *Anane v. Pettibone Corp.*, 203
24 Ill. App. 3d 121, 126–27 (1990). Here Plaintiffs have failed to meet that burden.
25  For example, in *Anane*, the sole case Plaintiff relies on, the defendant hid the identity of the
26 true manufacturer of the product that injured plaintiff in both discovery and pleadings. *Id.* at 126.
27 Based on these misrepresentations, the Court found that estoppel applied. Here, though, Plaintiff has
28

not identified any statement that Plaintiff actually relied upon. In fact, the opposition barely mentions the Plaintiff at all in this section of the argument. Plaintiff has entirely failed to meet his burden of proving each element of estoppel.

Furthermore, as previously mentioned, Plaintiff testified that Decedent stated in 2004 that he thought his NHL was connected to Roundup. At that point, Plaintiff and Decedent cannot be said to be relying on any statement or omission from Monsanto because he had reached the opinion that there was a connection. "If at the time the plaintiff discovers the 'fraudulent concealment' a reasonable time remains within the applicable statute of limitations, [section 13–215] does not toll the running of the limitation period." *Morris v. Margulis*, 197 Ill. 2d 28, 38 (2001) (internal citations omitted). Thus, to the extent estoppel could apply at all (it does not), it would not apply after 2004 and thus would not save Plaintiff's claims in any event. Therefore, Plaintiff's claims should be dismissed as time barred.

### A. Plaintiff Has Not Offered Admissible Evidence that the Decedent's NHL Caused His Death.

As Monsanto explained in its Motion, the available evidence demonstrates that MFH caused the Decedent's death, not Roundup. *See* Mot. at 3, 7-8. In light of this evidence, and their *own expert's* testimony that NHL did not cause Decedent's death, *id.* at 3, Plaintiff cannot rely upon mere allegations or denials of this evidence to survive a motion for summary judgment. *Saberi v. BFS Retail & Com. Operations, LLC*, 2010 WL 11590000, at *7 (N.D. Cal. Aug. 10, 2020). Rather, Plaintiff must produce some *admissible* evidence that shows there is a genuine issue of material fact for trial. *Id.*; *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment."). "[A] scintilla of evidence in support of the plaintiff's position [is] insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Plaintiff has failed to do so.

Plaintiff asks the Court to deny summary judgment here based solely on Dr. Weisenburger's *ipse dixit* that Decedent's NHL somehow contributed to his death. But, as explained in Monsanto's

Motion, Dr. Weisenburger's testimony on its face cannot meet Plaintiff's burden and is otherwise unreliable and therefore inadmissible. Indeed, Dr. Weisenburger admitted that he could not say that the Decedent's NHL was "any more of, or a greater contributor, to his death" than his MFH and that he would not testify that Roundup caused the Decedent's MFH. Mot. at Imbroscio Decl., Ex. 6, Weisenburger (*Pecorelli*) Dep. at 44:2-11, 113:21-25. And Plaintiff *does not even attempt* to address Dr. Pinter-Brown's testimony that Decedent's NHL did *not* cause his death, and that instead Decedent's cause of death was "most likely" MFH. *See* Mot. at 3.

Plaintiff cites *O'Donnell v. Holy Family Hosp.*, 289 Ill. App. 3d 634, 646 (1997), for the proposition that "expert testimony is admissible if it establishes that the Defendant's conduct was a contributing factor to the decedent's death," but this interpretation of *O'Donnell* is misguided and ignores the Rule 702 standard. *O'Donnell* concerned expert testimony presented at trial that had already passed the Rule 702 reliability threshold—it did not establish a blanket rule that *all* expert testimony is admissible if it relates to contributing factors. To the contrary, all expert testimony must pass the Rule 702 standard to be admissible and properly considered at the summary judgment stage. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Dr. Weisenburger's testimony that Decedent's NHL somehow contributed to his death—Plaintiff's *only* "evidence" in support of his wrongful death claim—does not pass this standard, and Plaintiff's Opposition makes no attempt to demonstrate that Dr. Weisenburger's opinion is reliable or admissible. Plaintiff should not be permitted to present his wrongful death claim to the jury based on Dr. Weisenburger's say-so alone.

Because Plaintiff has failed to carry his burden to prove causation through admissible evidence, Monsanto is entitled to summary judgment on Plaintiff's wrongful death claim. *See Benjamin v. B & H Educ. Inc.*, 2015 WL 6164891, at *4 (N.D. Cal. Oct. 16, 2015) (granting summary judgment where the plaintiff's evidence was "so meager and vague that it would not" support a jury verdict), *aff'd* 877 F.3d 1139 (9th Cir. 2017).

## CONCLUSION

For the foregoing reasons, Monsanto is entitled to summary judgment.

DATED: April 16, 2021

By: */s/ Michael X. Imbroscio*
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
Covington & Burling LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

Attorney for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of April, 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

                                          */s/ Michael X. Imbroscio*