| | |
|---|---|
| **WILKINSON STEKLOFF LLP**<br>Brian L. Stekloff (*pro hac vice*)<br>(bstekloff@wilkinsonstekloff.com)<br>Rakesh Kilaru (*pro hac vice*)<br>(rkilaru@wilkinsonstekloff.com)<br>2001 M St. NW<br>10th Floor<br>Washington, DC 20036<br>Tel:   202-847-4030<br>Fax:   202-847-4005 | **COVINGTON & BURLING LLP**<br>Michael X. Imbroscio (*pro hac vice*)<br>(mimbroscio@cov.com)<br>One City Center<br>850 10th St. NW<br>Washington, DC 20001<br>Tel: 202-662-6000 |
| **HOLLINGSWORTH LLP**<br>Eric G. Lasker (*pro hac vice*)<br>(elasker@hollingsworthllp.com)<br>1350 I St. NW<br>Washington, DC 20005<br>Tel: 202-898-5843<br>Fax: 202-682-1639 | **BRYAN CAVE LEIGHTON PAISNER LLP**<br>K. Lee Marshall (CA Bar No. 277092)<br>(klmarshall@bclplaw.com)<br>Three Embarcadero Center, 7th Floor<br>San Francisco, CA 94111<br>Tel: 415-675-3400<br>Fax: 415-675-3434 |

*Attorneys for Defendant*
MONSANTO COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS<br>LIABILITY LITIGATION<br><br>*Cervantes v. Monsanto Co.*, 3:19-cv-03015-VC<br>*Karman v. Monsanto Co.*, 3:19-cv-01183-VC<br>*Pecorelli v. Monsanto Co.*, 3:16-cv-06936-VC<br>*Peterson v. Monsanto Co.*, 3:18-cv-07271-VC<br>*Rehak v. Monsanto Co.*, 3:19-cv-01719-VC<br>*Schafer v. Monsanto Co.*, 3:19-cv-02169 | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION TO STRIKE AND EXCLUDE THE TESTIMONY OF DEFENDANT'S CASE SPECIFIC EXPERTS**<br><br>Hearing date: May 28, 2021 |

# INTRODUCTION

Plaintiffs' Omnibus Motion to Strike and Exclude the Testimony of Monsanto's Case-Specific Experts ("Motion") is an improper and untimely discovery motion filed under the guise of a Rule 702 motion.  It is based entirely on the incorrect premise that Plaintiffs had no opportunity to depose the expert witnesses when, in fact, Plaintiffs did not notice a single deposition of Monsanto's case-specific experts – all of whom were available to be deposed.  Having made no good-faith effort to depose even one expert witness nor a good-faith effort to meet and confer with Monsanto's counsel about the scheduling issues raised in the Motion, Plaintiffs now seek the drastic remedy of excluding all of Monsanto's case-specific experts, effectively seeking to deprive Monsanto of its entire specific-causation defense.

Plaintiffs' accusation of gamesmanship (Mot. at 9) has no merit, especially given that Plaintiffs could and should have raised this issue earlier if they truly sought these depositions. Excluding Monsanto's expert witnesses based on Plaintiffs' own decision not to take their depositions cannot be justified under any measure of the law.  Plaintiffs' Motion should be denied.

# FACTUAL BACKGROUND

On December 9, 2020, the Court entered an admittedly compressed scheduling order in these cases: (1) January 22, 2021 – deadline for Plaintiffs' expert reports; (2) February 12, 2021 – deadline for Monsanto's expert reports; (3) March 10, 2021 – close of expert discovery; and (4) April 2, 2021 – deadline for dispositive motions and motions to exclude expert testimony.  (ECF 12198.)

Plaintiffs disclosed their experts on January 22, 2021, and Monsanto disclosed its experts on February 12, 2021.  (Declaration of Aaron Levine ("Levine Decl.") ¶ 2.)  Over the course of the next few days, Plaintiffs requested deposition dates for Monsanto's case-specific experts and demanded that Monsanto provide all prior deposition and trial transcripts for Monsanto's case-specific experts at least two weeks prior to the first scheduled deposition of each witness. (Levine Decl. ¶ 3, Exhibit A.)

On February 16, 2021, just four days after the disclosure of the experts, Monsanto provided deposition dates for their case-specific experts and a proposed schedule that would allow Plaintiffs

- 1 -

OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AND EXCLUDE THE TESTIMONY OF DEFENDANT'S CASE SPECIFIC EXPERTS
3:16-MD-02741-VC

to take all necessary depositions prior to the expert discovery cutoff.  (Levine Decl. ¶ 4, Exh. A.)  Monsanto's proposed schedule began on March 3 and ran through March 10.  (*Id.*)  Plaintiffs did not accept a single deposition date.  Nor did Plaintiffs suggest a single deposition date that would be acceptable to them.  Instead, Plaintiffs only responded that the schedule was generally untenable and requested additional dates.  (Levine Decl. ¶ 5, Exh. A.)  It's not clear, given the discovery cutoff of March 10 and their other demands, what additional dates were envisioned, or which experts Plaintiffs wanted on which specific days.

Monsanto responded the same day by noting several scheduling constraints, including (1) the March 10 discovery deadline; (2) the fact that Plaintiffs insisted on receipt of prior deposition and trial transcripts 14 days prior to any deposition; (3) many of the experts are practicing clinicians with limited availability due to their responsibilities to their patients; and (4) the witnesses were responding to Plaintiffs' experts and needed to be deposed thereafter. (Levine Decl. ¶ 5, Exh. A.)  Monsanto's counsel concluded by stating: "Please confirm which dates you are accepting.  I am happy to discuss further with you, but under the current situation, this is all we can offer."  (*Id.*)  Plaintiffs responded only that they "may need to bring this issue up with the Judge" – they did not accept a single deposition date and they never proposed any alternative scheduling proposal to accomplish these depositions.  (Levine Decl. ¶ 6, Exh. A.)  They also did not take up Monsanto's offer to get on the phone to see if there were ways to address these scheduling concerns.  (*Id.*)

Monsanto had every intention of producing the expert witnesses on the March 3-10 dates provided.  (Levine Decl. ¶ 7.)  Both Monsanto's counsel and the witnesses continued to hold those dates, and fourteen days before those depositions were set to begin (on February 19), Monsanto provided deposition and trial transcripts for all case-specific experts as requested by Plaintiffs.  (*Id.*)  Then, on March 1, one of Monsanto's counsel reached out to Plaintiffs regarding logistics for the proposed March 8 deposition of Monsanto's expert, Dr. Weiss.  (*Id.*)  Plaintiffs responded that they had not been provided with alternative deposition dates and they doubted they could get the depositions done.  (*Id.*)  Again, Plaintiffs took no affirmative steps to notice and take any

- 2 -

OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AND EXCLUDE THE TESTIMONY OF DEFENDANT'S CASE SPECIFIC EXPERTS
3:16-MD-02741-VC

depositions, did not propose any alternative dates, and otherwise made no effort to secure any desired depositions.

On March 4—six days before the close of expert discovery—Plaintiffs emailed Monsanto stating "we will conclude through your non-responsiveness that you will not be providing alternative deposition dates that work for us, especially given that there are only 6 days left to the deadline." (Levine Decl. ¶ 8, Exh A.)  Monsanto responded immediately, reiterating what it had already told Plaintiffs' counsel over two weeks earlier on February 16: "The dates we offered were during the window that was available based on the dates of your experts' depositions; your demand for transcripts of our experts two weeks before any expert would be deposed (which we provided); and the deadline of March 10.  Since our correspondence more than two weeks ago, you did not accept any of the dates for our experts' depositions." (*Id.*)

Despite a full understanding of the compressed schedule and an awareness on February 16 that the scheduling might need to be raised with the Court, Plaintiffs did not take any steps to seek Court involvement.  (Levine Decl. ¶ 10.)  Nor did they ever accept Monsanto's invitation to meet and confer about the Plaintiffs' scheduling difficulties.  (*Id.*)  Instead, Plaintiffs sat back for over a month until the April 2 deadline to file Rule 702 motions, when they filed the instant Motion to exclude all of Monsanto's case-specific experts on the ground that they had no opportunity to depose them.  Notably, Plaintiffs do not seek an opportunity to depose these experts.

## ARGUMENT

Plaintiffs' request to strike Monsanto's case-specific experts should be summarily denied.  Plaintiffs cannot reasonably twist their own unwillingness to allocate resources to take these depositions under the compressed schedule into a purported discovery violation by Monsanto.  No discovery violation has occurred, as Monsanto has complied with all of its discovery obligations.

### I. Plaintiffs' Motion Is Untimely and Does Not Comply with the Court's Rules or Orders.

This Court's standing order provides that "[d]iscovery disputes should be brought to the Court's attention *as early as possible*.  If the parties cannot resolve their discovery dispute after a good faith effort, they shall prepare and file a joint letter of no longer than 5 pages stating the nature

- 3 -

OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AND EXCLUDE THE TESTIMONY OF DEFENDANT'S CASE SPECIFIC EXPERTS
3:16-MD-02741-VC

and status of their dispute." Standing Order for Civil Cases Before J. V. Chhabria ¶ 22 (emphasis added). Both this Court's standing order and the Northern District of California's Civil Local Rules require that any motion seeking sanctions be filed no more than 7 days after the applicable discovery cutoff. *Id.* (citing Civil L.R. 37-3); *see also* Civil L.R. 7-8(c) (any motion for sanctions "must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate."). Here, the expert discovery cutoff was March 10, so any motion related to a discovery dispute should have been raised no later than March 17. Unhappy with the range of deposition dates provided by Monsanto, Plaintiffs indicated that they may choose to raise their concerns with the Court, yet Plaintiffs waited until April 2, well after the time any perceived complaints could have been rectified. As such, under Civil Local Rule 37-3 and this Court's Standing Order for Civil Cases, Plaintiffs' Motion is untimely.

Additionally, the Northern District of California's Civil Local Rule 37-1 expressly requires that the parties confer in good faith regarding *all* disputed issues before bringing any discovery motion:

> If a dispute arises during a discovery event the parties **must** attempt to resolve the matter without judicial intervention by conferring in good faith. If good faith negotiations between the parties fail to resolve the matter, and if disposition of the dispute during the discovery event likely would result in substantial savings of expense or time, counsel or a party may contact the chambers of the assigned District Judge or Magistrate Judge to ask if the Judge is available to address the problem through a telephone conference during the discovery event.

N.D. Cal. Civil L.R. 37-(b) (emphasis added); *see also id.* 37-1(a). Here, Plaintiffs made no good-faith effort to meet and confer with Monsanto prior to bringing this Motion. Other than a few emails summarily calling the numerous dates Monsanto offered "untenable," Plaintiffs did nothing to actually try to work through the dispute. They did not take up Monsanto's invitation to discuss the scheduling issues further, nor did they try to meet and confer telephonically. Indeed, if they really wanted to take any of these depositions, Plaintiffs could have accepted some of the deposition dates provided and worked to agree on additional dates for any remaining experts. Dates were offered well in advance and had been offered over seven different days, some of which only had one or two

experts offered per day. In fact, the window of deposition days offered by Monsanto is entirely consistent with Plaintiffs' own request to depose these experts 14 days after receiving the transcripts they requested. Plaintiffs simply chose not to accept any of the opportunities Monsanto provided to depose any of the witnesses. Under these circumstances, Plaintiffs made no serious effort to resolve any scheduling challenges, and their gambit now to strike Monsanto's experts should be rejected.

**II.      Monsanto Complied With All of Its Discovery Obligations.**

Plaintiffs cite a variety of rules and legal standards that bear no connection to the relief they seek. Monsanto cannot be sanctioned for the simple reason that it did not violate any rule or order.

For instance, Plaintiffs' reliance on Federal Rule of Civil Procedure 26(a)(2) makes no sense because Monsanto indisputably complied with its obligations under that rule. Federal Rule of Civil Procedure 26(a)(2) obligates an expert witness to produce a written report disclosing, among other things, the expert's complete opinions and the reasons for them. Plaintiffs concede that Monsanto complied with this obligation. (Mot. at 2-3 ("On February 12, 2021, Defendant served its Rule 26 Designation and Disclosures . . . .")). Notably, Plaintiffs' Motion does not assert that Monsanto's disclosures were incomplete or deficient; rather, they try to conflate *disclosure* with *deposition*. Accordingly, their citation to FRCP 37(c)(1)—which is titled "*Failure to Disclose or Supplement*" is misplaced, as there is no doubt that Monsanto complied with its disclosure obligations. *See* Fed. R. Civ. Proc. 37(c)(1) ("If a party fails to provide information or identify a witness *as required by Rule 26(a) or (e)*, the party is not allowed to use that information or witness to supply evidence . . . ."). For this same reason, none of the cases cited by Plaintiffs are applicable because they involved situations where the party failed to disclose witnesses. *See* Mot. at 7-8; *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 329-330 (4th Cir. 2011) (striking declaration of witness where party chose not to list that witness on its disclosures); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (excluding expert witness who was not disclosed under Rule 26(a)).

Monsanto also complied with its obligation to make witnesses available for deposition. As described above, Monsanto provided Plaintiffs with several dates for all of its case-specific experts

- 5 -

OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AND EXCLUDE THE TESTIMONY OF DEFENDANT'S CASE SPECIFIC EXPERTS
3:16-MD-02741-VC

shortly after those experts were disclosed and well in advance of the depositions. At Plaintiffs' request, Monsanto also provided transcripts of prior testimony of each of their experts who previously testified at deposition or trial. The proposed dates were necessarily limited by the witnesses' availability, the Plaintiffs' request for all deposition and trial transcripts at least 14 days before the depositions began, and the impending discovery cutoff. Because Plaintiffs never stated they were rejecting the dates, Monsanto's counsel and witnesses continued to hold those dates. Ultimately, however, Plaintiffs chose not to notice *any* depositions for Monsanto's case-specific experts, either on the dates provided by Monsanto's counsel or on dates that would have worked better for Plaintiffs' counsel. As such, Plaintiffs' reference to Rule 30(d)(2) likewise makes no sense because no depositions were noticed, and Monsanto did not "impede[], delay[] or frustrate[] the fair examination of the deponent."

Finally, Plaintiffs cite the standards of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). But despite a rote recitation of the Rule 702 standards, Plaintiffs do not actually make any attempt to argue that Monsanto's experts are unqualified or that their opinions are unreliable. Thus, Plaintiffs offer no basis to exclude these experts under the standards set forth in *Daubert*.

In short, Plaintiffs failed to make any good-faith effort to conduct discovery of Monsanto's case-specific experts and cannot leverage their own inaction as a basis for excluding Monsanto's experts. Because Monsanto complied with all of its discovery obligations, the drastic sanction of striking experts cannot reasonably be justified.

**III.    The Remedy Plaintiffs Seek Is Unjust, Unnecessary, and Would Effectively Dispose of Monsanto's Key Defense at Trial.**

Finally, in addition to the fact that Monsanto did not violate any discovery rules, the sanction that Plaintiffs seek here is far from "appropriate." *See, e.g.*, Fed. R. Civ. Proc. 30(d)(2) ("court may impose an *appropriate* sanction . . . ." (emphasis added)); *see also Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72 (1st Cir. 2009) (holding that district court abused discretion where sanction for failing to disclose expert witnesses on time effectively disposed of case).

- 6 -

OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AND EXCLUDE THE TESTIMONY OF DEFENDANT'S CASE SPECIFIC EXPERTS
3:16-MD-02741-VC

Plaintiffs complain that this issue cannot be cured by compelling Monsanto to produce expert witnesses for deposition now because the deadline to file Rule 702 motions has passed. (Mot. at 9.) But as discussed above, this problem is entirely of Plaintiffs' own making. If Plaintiffs actually wanted to resolve the discovery issue and depose Monsanto's experts in time to file Rule 702 motions, they could—and should—have raised this issue with the Court sooner or otherwise engaged with Monsanto in trying to propose alternative dates. Had they done so, the parties, with the Court's assistance as necessary to adjust deadlines slightly as needed, surely could have resolved any legitimate scheduling issue. But instead, Plaintiffs made the affirmative choice to take no action as the expert discovery cutoff passed. Plaintiffs also did not conduct even a single deposition in any of the cases prior to the discovery cutoff. In a litigation of this magnitude, the parties must be prepared to devote the resources to prosecute their cases and cannot be heard to complain that a rigorous schedule established by the Court unfairly inhibits their ability to proceed – certainly not without raising those concerns with the Court in the first instance.

It is hard to understand the Plaintiffs' willingness to proceed in this manner if they had any real desire to take these depositions. Having been provided with all of the prior deposition transcripts, perhaps Plaintiffs made the tactical decision not to proceed and instead try this gambit. In fact, more than half of the witnesses had already been deposed in prior litigation. (Levine Decl. ¶ 9.) Regardless of their motivation, Plaintiffs cannot in such a manner effectively strip Monsanto of its key defense by striking its case-specific experts. *See, e.g.*, *Frontline Med. Assocs. v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D. Cal. 2009) (exclusion for failure to disclose not proper where plaintiff had actual knowledge of defendant's experts); *Amos v. Makita U.S.A., Inc.*, No. 2:09-cv-01304, 2011 U.S. Dist. LEXIS 158103, at *11-14 (D. Nev. Jan. 6, 2011) (excluding expert testimony as sanction would be severely prejudicial to defendant where defendant would be unable to rebut or present its alternative causation theory).

## CONCLUSION

For all the reasons described herein, Plaintiffs' Omnibus Motion to Strike and Exclude the Testimony of Defendant's Case Specific Experts should be denied.

- 7 -

OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AND EXCLUDE THE TESTIMONY OF DEFENDANT'S CASE SPECIFIC EXPERTS
3:16-MD-02741-VC

DATED: April 16, 2021

Respectfully submitted,

*/s/ K. Lee Marshall*

K. Lee Marshall
BRYAN CAVE LEIGHTON PAISNER LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111
Tel: 415-675-3400

Fax: 415-675-3434
klmarshall@bclplaw.com

Attorneys for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of April, 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

*/s/ K. Lee Marshall*