**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:     202-847-4030
Fax:    202-847-4005

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

*Attorneys for Defendant*
MONSANTO COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC <br><br> **DECLARATION OF AARON LEVINE IN SUPPORT OF MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION TO STRIKE AND EXCLUDE THE TESTIMONY OF DEFENDANT'S CASE SPECIFIC EXPERTS** <br><br> Hearing date: May 28, 2021 |
| *Cervantes v. Monsanto Co.*, 3:19-cv-03015-VC | |
| *Karman v. Monsanto Co.*, 3:19-cv-01183-VC | |
| *Pecorelli v. Monsanto Co.*, 3:16-cv-06936-VC | |
| *Peterson v. Monsanto Co.*, 3:18-cv-07271-VC | |
| *Rehak v. Monsanto Co.*, 3:19-cv-01719-VC | |
| *Schafer v. Monsanto Co.*, 3:19-cv-02169 | |

I, Aaron Levine, hereby declare as follows:

1. I am an attorney at the law firm of Arnold & Porter, counsel for defendant Monsanto Company ("Monsanto"). I make this declaration in support of Monsanto's Opposition to Plaintiffs' Omnibus Motion to Strike and Exclude the Testimony of Defendant's Case Specific Experts. I have personal knowledge of the facts stated herein, and if called to testify, could and would competently testify thereto.

2. Plaintiffs disclosed their experts in this case on January 22, 2021. Monsanto disclosed its experts by serving Plaintiffs with expert reports pursuant to Federal Rule of Civil Procedure 26 on February 12, 2021.

3. Over the course of the next few days following Monsanto's expert disclosures, Plaintiffs' counsel Ken Moll requested deposition dates for Monsanto's case-specific experts and demanded that Monsanto provide all prior deposition and trial transcripts for Monsanto's case specific experts at least two weeks prior to the first scheduled deposition of each witness. A true and correct copy of my email exchange with counsel for Plaintiffs is attached hereto as Exhibit A.

4. On February 16, 2021, just four days after the disclosure of the experts, I provided deposition dates for Monsanto's case-specific experts and a proposed schedule that would allow Plaintiffs to take all necessary depositions prior to the expert discovery cut-off. Monsanto's proposed schedule began on March 3 and ran through March 10.

5. Plaintiffs did not accept a single deposition date. Nor did Plaintiffs suggest a single deposition date that would be acceptable to them. Instead, Mr. Moll responded only that the schedule was generally untenable and requested additional dates. It's not clear, given the discovery cutoff of March 10 and their other demands, what additional dates were envisioned, or which experts Plaintiffs wanted on which specific days. I responded the same day by noting several scheduling constraints, including (1) the March 10 discovery deadline; (2) the fact that Plaintiffs insisted on receipt of prior deposition and trial transcripts 14 days prior to any deposition; (3) many of the experts are practicing clinicians with limited availability due to their responsibilities to their patients; and (4) the witnesses were responding to Plaintiffs' experts and needed to be deposed

thereafter. I concluded by stating: "Please confirm which dates you are accepting. I am happy to discuss further with you, but under the current situation, this is all we can offer."

6. Plaintiffs responded only that they "may need to bring this issue up with the Judge" – they did not accept a single deposition date and they never proposed any alternative scheduling proposal to accomplish these depositions. They also did not take up my offer to get on the phone to see if there were ways to address these scheduling concerns.

7. Monsanto had every intention of producing the expert witnesses on the March 3-10 dates provided, as evidenced by the following facts:

- Both Monsanto's counsel and the witnesses continued to hold the March 3 – March 10 dates, and fourteen days before those depositions were set to begin (on February 19), Monsanto provided deposition and trial transcripts for all case-specific experts as requested by Plaintiffs.

- On March 1, one of Monsanto's counsel reached out to Plaintiffs regarding logistics for the March 8 deposition of Monsanto's expert, Dr. Weiss. Plaintiffs responded that they had not been provided with alternative deposition dates and they doubted they could get the depositions done. Again, Plaintiffs took no affirmative steps to notice and take any depositions, did not propose any alternative dates, and otherwise made no effort to secure any desired depositions.

8. On March 4—six days before the close of expert discovery—Plaintiffs emailed me stating "we will conclude through your non-responsiveness that you will not be providing alternative deposition dates that work for us, especially given that there are only 6 days left to the deadline." I responded immediately, reiterating what I had already told Plaintiffs' counsel over two weeks earlier on February 16: "The dates we offered were during the window that was available based on the dates of your experts' depositions; your demand for transcripts of our experts two weeks before any expert would be deposed (which we provided); and the deadline of March 10. Since our correspondence more than two weeks ago, you did not accept any of the dates for our experts' depositions."

9. Nine of the seventeen expert witnesses listed on the deposition schedule had been deposed previously.

10. Despite a full understanding of the compressed schedule and an awareness on February 16 that the scheduling might need to be raised with the Court, Plaintiffs did not take any steps to seek Court involvement. Nor did they ever accept Monsanto's invitation to meet and confer about the Plaintiffs' scheduling difficulties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of April, 2021.

_____
Aaron H. Levine