**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:   202-847-4030
Fax:   202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

*Attorneys for Defendant*
*MONSANTO COMPANY*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No.: 3:16-md-02741-VC |
| *Cervantes v. Monsanto Co.*, 3:19-cv-03015-VC<br>*Karman v. Monsanto Co.*, 3:19-cv-01183-VC<br>*Pecorelli v. Monsanto Co.,* 3:16-cv-06936-VC<br>*Peterson v. Monsanto Co.*, 3:18-cv-07271-VC<br>*Rehak v. Monsanto Co.*, 3:19-cv-01719-VC<br>*Schafer v. Monsanto Co.*, 3:19-cv-02169<br>*Seidl v. Monsanto Co.*, 3:17-cv-00519-VC | **DEFENDANT MONSANTO COMPANY'S REPLY IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF DR. CHRISTOPHER PORTIER UNDER RULE 702 AND REQUEST TO TAKE DISCOVERY DEPOSITION**<br><br>Hearing date: May 28, 2021<br>Time: |

# INTRODUCTION

Despite agreeing in two separate joint filings in this MDL that a further deposition of Dr. Portier was appropriate in light of his expanded Wave 2 report, which "elaborates on his opinions to cover additional reliance material ***not addressed*** in his earlier reports in this MDL,"[1] Plaintiffs now take the opposite position, asserting that a deposition exploring the new opinions and reliance materials contained in Dr. Portier's new report is unnecessary because there are "no new opinions contained in" that report.  Opp. at 2.  Plaintiffs are incorrect.  As outlined in Monsanto's Motion and discussed further below, Dr. Portier's Wave 2 report includes new and expanded opinions, and incorporates additional reliance materials that Monsanto should be permitted to question Dr. Portier on in order to fairly assess potential Rule 702 issues and to adequately prepare for trial.  Further, even if the Court accepts Plaintiffs' argument that nothing in Dr. Portier's expanded Wave 2 report warrants further exploration at a deposition, it should issue an order clearly instructing that Dr. Portier is not permitted to offer testimony beyond the scope of his testimony in the prior cases or rely on any of the new materials cited in his expanded Wave 2 report.  Plaintiffs cannot have it both ways: either Dr. Portier's report truly contains nothing new and he should be strictly limited to his prior testimony, or Monsanto should be permitted to explore the bases for the new testimony Dr. Portier will offer at trial.

**I.  Plaintiffs do not Dispute that Dr. Portier's Wave 2 Report Contains New Information, and the Court has Previously Permitted Additional Depositions of Dr. Portier Under These Circumstances.**

Plaintiffs admit that Dr. Portier has changed his methodology for evaluating the glyphosate rodent carcinogenicity data, which he now views "through a different lens" focusing on an analysis of "tumors" instead of the prior analysis of "studies."  Opp. at 4-5.  Plaintiffs also admit that Dr.

---

[1] Joint Stipulation for Extension of Time for Monsanto to File a *Daubert* Motion Regarding Dr. Christopher Portier in Wave 2 (March 16, 2021) (ECF No. 12777); *see also* Joint Request for Extension of Time Regarding an Additional Deposition of Dr. Christopher Portier in Wave 2 (February 26, 2021) (ECF No. 12641) ("[Dr. Portier's report] expands his opinions to cover additional reliance material, since his earlier reports in this MDL").  Indeed, absent the pandemic, given Plaintiffs' prior agreement to the deposition, the deposition would have proceeded without the need for court intervention because Dr. Portier would have been able to travel outside of Switzerland.

Portier relies on newly disclosed materials and analyses from his recent paper that have not been the subject of previous depositions. *Id.* at 3. And they offer no rebuttal to Monsanto's need for a deposition of Dr. Portier to discuss his new epidemiology opinions described in Monsanto's motion. *See* Mot. at 4-5.

Despite these admissions, Plaintiffs repeatedly claim a deposition is unnecessary because Dr. Portier offers no new opinions. *See, e.g.,* Opp. at 2 ("report does not contain new opinions"); *id.* at 3-4 (claiming that an admitted change in Dr. Portier's methodology is "not a new opinion"); *id.* at 5 (claiming expanded regulatory section contains "nothing new'").

This Court rejected Plaintiffs' identical effort to prevent a deposition of Dr. Portier in connection with his Wave 1 disclosure. In Wave 1, Dr. Portier served a reliance list containing over 19,000 pages of animal study data that was not previously available to Monsanto and not included in his prior reports, reliance lists, or depositions. *See* Letter Brief Re Depositions of Drs. Portier and Benbrook in Wave I Cases at 2 (ECF No. 7230). Then, as now, Plaintiffs claimed that despite identifying voluminous new reliance materials, a limited deposition was not appropriate because "[t]his recently acquired data does not change any of his opinions; it merely provides even more evidence of toxicity in animals" and therefore a deposition "would serve no purpose." *Id.* at 4. Monsanto argued that it was entitled to discovery about how, if at all, the additional data influenced Dr. Portier's methodology and analysis, "regardless of whether Plaintiffs characterize his inevitable new findings as 'merely strengthening his opinions' or offering new ones." *Id.* at 2. This Court granted Monsanto's request and ordered a limited deposition of Dr. Portier. Pretrial Order No. 186: Letter Brief Re Depositions of General Causation Experts (ECF No. 7315).

The need for a deposition is equally strong here, where Dr. Portier has added both entirely new sections and over 100 new reliance materials to his report, and where even Plaintiffs admit that he uses a "different lens" and employs a changed methodology to evaluate certain data. Once again, whether these changes are categorized as new opinions, expanded or additional bases for existing opinions, or similar phrasing is immaterial. The deposition Monsanto seeks—and the one Plaintiffs initially agreed to during the parties' preparation of a joint stipulation to allow this

deposition—is limited to assessing the changes in methodology, the new reliance data, and other new aspects of Dr. Portier's opinions.  Such a deposition is required to ensure Monsanto's ability to assess potential additional bases for a Rule 702 challenge and prepare for trial.  If this relief is not granted, Dr. Portier must be strictly limited to the scope and reference materials within his prior reports, reliance lists, and testimony in order to avoid significant prejudice to Monsanto.

**II.   Dr. Portier's Expanded Report Includes Significant New Information that Monsanto Is Entitled to Explore at Deposition.**

As discussed in Monsanto's Motion, Dr. Portier's Wave 2 report contains many new sections, statements, methodologies, and analyses.  In their Opposition, Plaintiffs acknowledge the presence of such new content, but suggest that any need Monsanto may have for a deposition can be satisfied instead by reliance on Plaintiffs' counsel's descriptions of what Dr. Portier means by these new statements.

For example, Dr. Portier's Wave 2 report incorporates his 2020 paper.  Mot. at 3-4.  Plaintiffs' counsel acknowledges that Monsanto has not had an opportunity to depose Dr. Portier regarding his 2020 paper.  Opp. at 3.  Monsanto therefore is entitled to do so, including asking Dr. Portier about his statement that the paper is "supported by funding from attorneys involved in these litigations."  *See* Mot. at 3-4.  In response, Plaintiffs' counsel offer only their interpretation of what Dr. Portier meant.  *See* Opp. at 4.  Plaintiffs' counsel cannot substitute their view of this or any other new material in the 2020 paper for the testimony of Dr. Portier.[2]

---

[2] Plaintiffs also claim that Monsanto has had multiple opportunities to depose Dr. Portier regarding the "pooling" methodology contained in his prior report and in his 2020 paper.  This argument is curious given that Monsanto does not seek to re-depose Dr. Portier regarding a pooling methodology this Court has already rejected as unreliable under *Daubert*.  *See In re Roundup Prods. Liab. Litig.*, 390 F. Supp. 3d 1102, 1135-36 (2018) ("Opinion").  Monsanto does intend, however, to use a further deposition to assess whether any of the new information in Dr. Portier's report similarly warrants exclusion.  Plaintiffs also contend that this Court excluded Dr. Portier's "pooling" of data "because it had not been subject to peer review."  Opp. at 3.  The Court did not base its decision solely on the lack of peer review, and its ruling described various other errors in methodology that made it unsuitable for presentation to a jury.  Opinion at 1136.  Plaintiffs have not filed a motion seeking reconsideration of this exclusion.  If the Court is inclined to consider it due to the stray comment in Plaintiffs' Opposition, Monsanto requests an opportunity to brief the issue on the merits, including the merits of the "peer review" itself.  Publicly available documents and other materials produced by Dr. Portier in this litigation demonstrate that the purported "peer review" was conducted by Dr.

As noted above, Plaintiffs also acknowledge that in his Wave 2 report, Dr. Portier changed his analysis of the rodent data, switching from a ranking scheme based on studies to one based on tumors. *See* Opp. at 3-4. Once again, counsel provides a short description of what they believe this change means, and claim it is "thoroughly explained in the Wave 2 report." *Id.* at 4. Counsel is entitled to their viewpoint, but Monsanto is entitled to explore this new methodology with Dr. Portier so that it can assess its relevance to both additional Rule 702 deficiencies and trial preparation.

Finally, Plaintiffs' counsel also suggest that Monsanto take their word for what Dr. Portier will say about his failure to address Dr. Crump's 2020 paper, which contradicts and discredits Dr. Portier's methodology and opinions regarding the glyphosate rodent carcinogenicity data. *See* Mot. at 3 and Exhibit 2 to the Imbroscio Decl. (ECF No. 12837-3). According to counsel, Dr. Portier "prepared his Wave 2 expert report in the spring of 2020 and finalized it in June." Opp. at 4. "The Crump paper was published as he was finalizing the Wave 2 report" in June 2020. *Id.* Therefore, they characterize its omission as a "timing issue" rather than a methodological one. *Id.*

Plaintiffs are wrong on the facts. Dr. Crump's paper became publicly available in March 2020, the same time period in which Dr. Portier purportedly prepared his expert report and well before its alleged completion. *See* Supplemental Declaration of Michael X. Imbroscio (April 16, 2021), Ex. 1, Abstract: Kenny Crump et al., *Accounting for Multiple Comparisons in Statistical Analysis of the Extensive Bioassay Data on Glyphosate*, 175 Toxicological Sciences 156 (March 19, 2020). Even if the June 2020 date was the operative date, Dr. Portier served his Wave 2 report in January 2021, six months later. The basis for Dr. Portier's decision to ignore data that contradicts his opinions is highly relevant to the thoroughness and reliability of his methodology. Monsanto is entitled to a deposition to explore these and other similar issues as discussed in its Motion.

---

Portier's personal contacts, individuals who lacked the scientific background to review it, and/or who agreed with his opinions regarding glyphosate prior to reading the paper.

### III. Plaintiffs Mischaracterize the Nature and Content of the New Reliance Materials in Dr. Portier's Wave 2 Report.

Plaintiffs' falsely claim that the 114 additional references are "new materials that have been published since his original report." Opp. at 3. A review of the new references reveals that only 38 *postdate* his prior reports, and approximately 76 of the 114 additional references were available *before* Dr. Portier's prior reports. Further, of the 114 new reliance materials, only a small subset (approximately 23 papers) have been discussed specifically in a prior deposition. As noted in Monsanto's motion, for at least one publication that was raised at deposition (Leon 2019),[3] Dr. Portier cut the discussion short by expressing reluctance to offer any opinions until he further reviewed the data, something that presumably has happened given the paper's inclusion in his Wave 2 report. *See* Mot. at 4. This leaves approximately 91 new reliance materials that have not been discussed during any deposition.

It is common for experts to identify new data during the course of a long litigation such as this one. Adding references in later reports to literature available before prior reports also commonly occurs, especially where, as here, the expert is reassessing the data through a new methodologic "lens." But both factors underscore the importance of allowing an additional deposition to explore how the newly added and the truly new materials impact Dr. Portier's methodology and the opinions he intends to offer at trial.

*          *          *

Monsanto is not seeking a deposition of Dr. Portier to discuss the many aspects of his reports and opinions that have not changed. Instead, Monsanto seeks a limited deposition to explore the many differences. As discussed above, whether those are called new opinions, expanded bases for opinions, or something else, Monsanto is entitled to discover how these novel changes impact Dr. Portier's methodology and what Dr. Portier may tell a jury in these cases. Both the Court (in Wave 1) and Plaintiffs (in Wave 2) have recognized that a limited deposition is appropriate in these circumstances. That Plaintiffs have changed their minds and retreated from the parties' prior

---

[3] *See* Mot. at Imbroscio Decl., Ex. 5.

1 agreement to proceed with this deposition should have no impact on the outcome here.  Monsanto's
2 request should be granted in order for it to have a fair opportunity to assess potential new Rule 702
3 issues and prepare for trial.  And if the Court denies Monsanto's request, it should issue an order
4 clearly limiting Dr. Portier to the scope of his previous testimony and the materials cited in his
5 initial report in light of Plaintiffs' insistence that his Wave 2 report does not contain any new
6 opinions.

Dated: April 16, 2021

By:   */s/ Michael X. Imbroscio*
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
Covington & Burling LLP
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

Attorney for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of April, 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

                                                    */s/ Michael X. Imbroscio*