**VIRGINIA:**

RECEIVED AND FILED
CIRCUIT COURT

9:5? JAN 12 2021

EDWARD F. JEWETT, CLERK
D.C.

## IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND
### John Marshall Courts Building

**SUE COFFMAN, as Personal Representative**
**of the Estate of Kevin Coffman, deceased,**

**Plaintiff,**

**v.**                                                    <u>**Case No.**</u>**: CL20-4770**

**MONSANTO COMPANY,**

**And**

**THE VALLEY FERTILIZER AND CHEMICAL**
**COMPANY, ET AL**

**Defendants.**

## DEMURRER

COMES NOW, defendant, The Valley Fertilizer and Chemical Company

(hereinafter "Valley"), by counsel, pursuant to §8.01-273 of the <u>Code of Virginia</u> and for

its demurrer to the Complaint, states as follows:

### Nature of the Case

This action seeks damages for the wrongful death of Kevin Coffman due to his

alleged exposure to a chemical herbicide known as "Roundup" that was allegedly

manufactured by defendant Monsanto Company ("Monsanto") and sold by defendants

Valley and Costco Wholesale Corporation ("Costco"). The Complaint asserts various

causes of action for product liability against the defendants including strict liability

negligence and breach if implied warranty. The Complaint also seeks an award of

punitive damages.

1

## Virginia Does Not Recognize a Cause of Action for Strict Liability For the Sale of Allegedly Dangerous Products

Count I of the Complaint seeks an award of damages for wrongful death due to "Strict liability for defective manufacture and design" of Roundup. (See Complaint, ¶¶119-142). In Count I, Plaintiff alleges "therefore, as a result of the unreasonably dangerous condition of its Roundup products, defendant is strictly liable to plaintiff." (See Complaint, ¶135). Virginia has never recognized a cause of action for strict liability due to bodily injuries caused by a dangerous product. See Jarre v. Druckmaschinen, 816 F. Supp. 424 (E.D. Va. 1993); Wilkes v. F.L. Smithe Mach. Co., 704 F. Supp. 680 (W.D. Va. 1989).  Briggs v. Zotos Int'l, Inc., 357 F. Supp. 89 (E.D. Va. 1973).

Moreover, in Virginia, strict liability attaches only to abnormally dangerous *activities*, not abnormally dangerous substances. Richmond, Fredericksburg & Potomac R.R. v. Davis Indus., Inc., 787 F. Supp. 572 (E.D. Va. 1992).  While the Complaint does allege that the substances contained in Roundup were dangerous, the Complaint does not allege any "abnormally dangerous activity" by Valley.

Since the Complaint fails to allege facts that, even if proven to be true, could sustain a cause of action for strict liability against Valley Count I should be dismissed.

## The Complaint Fails to State a Cause of Action Against Valley for Negligent Failure to Warn Nor Breach of Implied Warranty

The Complaint alleges that Valley is a distributor of Roundup and sold Roundup to the plaintiff's decedent. (See Complaint ¶12). The Complaint further alleges that defendant Monsanto (the manufacturer of Roundup):

"since it began selling Roundup, has represented it as safe to humans and the environment. Indeed, Monsanto has repeatedly proclaimed and continues to proclaim to the world …that glyphosate-based herbicides, including Roundup, creates no unreasonable risks to human health…"

(Complaint, ¶27).

The Complaint goes to great lengths to described various fraudulent misrepresentations and concealment by defendant Monsanto (the manufacturer) regarding the dangerous posed by Roundup. (See Complaint, ¶¶31-106). The Complaint also alleges that the statute of limitation should be tolled due to Monsanto's concealment of the alleged dangerous effects of Roundup. (See Complaint, ¶¶111-118). The Complaint does not allege nor could it allege that defendant Valley had knowledge, actual or constructive, of the allegedly dangerous effects of Roundup. The Complaint does not allege not could it allege that Valley was ever notified that it breached any warranties with respect to Roundup. Since the Complaint does not allege nor could it allege that Valley was aware or should have been aware of the dangerous condition of Roundup or that Valley was ever notified that it breached a warranty with respect to Roundup, the Complaint fails to state a cause of action for negligence or breach of implied warranties against Valley and should be dismissed.

## The Complaint Fails to Allege Facts That Would Support an Award of Punitive Damages

All of the causes of action asserted in the Complaint seek an award of damages based on theories of strict product liability, negligent manufacture or design of a product or breach of implied warranties with respect the sale of a product. The Complaint fails to allege any conduct by Valley that would constitute an intentional tort. Moreover, the Complaint fails to allege any conduct by Valley that amounts actual malice or conduct

3

that was so reckless or negligent as to evince a conscious disregard for the rights of others as required under Virginia common law. See <u>Bowers v. Westvaco Corp.</u>, 244 Va. 139 (1992).  Moreover, punitive damages are generally disfavored in Virginia and should be assessed only in cases involving the most egregious conduct. See <u>Simbeck, Inc. v. Dodd Sisk Whitlock, Corp.</u>, 257 Va. 53 (1999).  Since the Complaint fails to allege sufficient acts or omissions by Valley to support an award of punitive damages, the claim for punitive damages should be dismissed.

### Relief Sought

WHEREFORE, defendant Valley moves this Honorable Court to enter an Order dismissing the Complaint, with prejudice.

**THE VALLEY FERTILIZER AND
CHEMICAL COMPANY, INC.**

_____
Of Counsel

W. Barry Montgomery  (VSB # 43042)
KPM Law
901 Moorefield Park Drive, Suite 200
Richmond, Virginia  23236
(804) 320-6300 – Telephone
(804) 320-6312 – Fax
Barry.Montgomery@kpmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was emailed and mailed first class, postage prepaid to Ryan C. Posey, Esq., Posey Lebowitz, PLLC, 3221 M Street, NW, Washington, DC  20007 on this 8th day of January 2021.

W. Barry Montgomery

Case 3:16-md-02741-VC   Document 12546-1   Filed 04/16/21   Page 6 of 6

**W. Barry Montgomery**

Please Reply: Central Virginia Office
Direct Dial: (804) 521-6453
E-mail: barry.montgomery@kpmlaw.com
Website: www.kpmlaw.com



KALBAUGH PFUND & MESSERSMITH, P.C.

December 31, 2020



RECEIVED AND FILED
CIRCUIT COURT

9:58 JAN 12 2021

EDWARD F. JEWETT, CLERK
BY _____ D.C.

**VIA UPS OVERNIGHT**
Edward F. Jewett, Clerk
Richmond Circuit Court
John Marshall Courts Building
400 North 9th Street
Richmond, Virginia  23219-1999

RE:   Sue Coffman, as Personal Representative of the
      Estate of Kevin Coffman, Deceased v. Monsanto
      Company, The Valley Fertilizer and Chemical
      Company, Inc. and Costco Wholesale Corporation

      **Court File No.: CL20-4770**

Dear Mr. Jewett:

      I have enclosed a Demurrer to be filed in this action
on behalf of The Valley Fertilizer and Chemical Company.

                    Very truly yours,

                    W. Barry Montgomery

Enc.
WBM/klj

cc:       Ryan C. Posey, Esq.
          (with enc.)

---



**CENTRAL VIRGINIA**
901 Moorefield Park Drive
Suite 200
Richmond, Virginia 23236
p 804.320.6300
f 804.320.6312

---

**NORTHERN VIRGINIA**
3950 University Drive
Suite 204
Fairfax, Virginia 22030
p 703.691.3331
f 703.691.3332

---

**EASTERN VIRGINIA**
555 East Main Street
Suite 1200
Norfolk, Virginia 23510
p 757.623.4500
f 757.623.5700

---

**WESTERN VIRGINIA**
2840 Electric Road
Suite 111
Roanoke, Virginia 24018
p 540.776.3583
f 540.776.1542