**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

**SUE COFFMAN, as Personal Representative
of the Estate of Kevin Coffman, deceased,**

                        **Plaintiff,**

**v.**                                                   **Case No.: CL20-4770**

**MONSANTO COMPANY,
THE VALLEY FERTILIZER AND CHEMICAL
COMPANY
and
COSTCO WHOLESALE CORPORATION,**

                        **Defendants.**

## THE VALLEY FERTILIZER AND CHEMICAL CO.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER VENUE

COME NOW, defendant The Valley Fertilizer and Chemical Company (hereafter "Valley Fertilizer"), by counsel, pursuant to Va. Code Ann. §§8.01-264 and -265 moving this Court to transfer venue of this matter from the Circuit Court for the City of Richmond to the Circuit Court for the County of Rockingham, and in support of that motion states as follows:

### Nature of the Case

Plaintiff filed the above-captioned wrongful death products liability lawsuit alleging that defendant Monsanto Company (hereafter "Monsanto") manufactured and that co-defendants Costco Wholesale Corporation (hereafter "Costco") and Valley Fertilizer sold a dangerous herbicide known as "Roundup" that caused and/or

1

contributed to her husband's death. Plaintiff asserts various causes of action including negligence, breach of implied warranties and strict product liability.

## Facts Relative to the Venue Motion

Plaintiff is the surviving spouse and personal/legal representative of her deceased husband and qualified as such in the Circuit Court for Rockingham County. According to plaintiff's recent answers to Requests for Admission, Plaintiff resides within Rockingham County and the decedent Kevin Coffman also resided in Rockingham County from 1982 until the time of his death:[1]

> 4. Admit that all times relevant to the Complaint, Kevin Coffman resided in Rockingham County, Virginia.
>
> **ANSWER:**
>
> **Plaintiff admits that Kevin Coffman resided in Rockingham County, Virginia from June 1982 until his death in December 2019.**
>
> 5. Admit that, at all times relevant to the Complaint, Sue Coffman resided in Rockingham County, Virginia.

2

> **ANSWER:**
>
> Admit.

Moreover all records in plaintiff's possession regarding the sale of Roundup to the decedent Kevin Coffman by the defendants are located in Rockingham County:

---

[1] A copy of the plaintiff's responses to Valley Fertilizer's Requests for Admission are attached hereto.

6. Admit that all records regarding the sale of Roundup to Kevin Coffman by Valley or Costco Wholesale Corporation are located in Rockingham County, Virginia.

**ANSWER:**

**After reasonably inquiry, Plaintiff can neither admit nor deny and demands strict proof thereof. Plaintiff admits that all records within Plaintiff's possession and regarding the sale of Roundup to Kevin Coffman by Valley or Costco Wholesale Corporation are located in Rockingham County, Virginia.**

Moreover, in its answers to interrogatories in this case, plaintiff indicated that there are no known witnesses to the facts alleged in the Complaint that reside in or maintain an office in the City of Richmond nor any documents located in Richmond:[2]

1. Identify every witness known to you with knowledge of the facts alleged in the Complaint that either resides in or maintains an office in the City of Richmond, Virginia.

**ANSWER:**

**Objection. This interrogatory is not relevant to any claim or defense, nor to any legal question of proper venue. Without waiving said objection, Plaintiff states the following:**

**None at this time. Plaintiff notes that Monsanto maintains a registered agent in the City of Richmond.**

3. Identify and describe each document or thing related to any of the allegations contained in your Complaint in this action that are located in the City of Richmond, Virginia.

**ANSWER:**

**Objection. This interrogatory is not relevant to any claim or defense, nor to any legal question of proper venue. Without waiving said objection, Plaintiff states the following:**

**None at this time. Plaintiff notes that Monsanto maintains a registered agent in the City of Richmond.**

---

[2] A copy of plaintiff's responses to Valley Fertilizer's First Set of Interrogatories is attached hereto.

Plaintiff has also admitted that there were no acts or omissions by any of the defendants that occurred in the City of Richmond:

> 2. Identify and describe each act or omission by any of the defendants that occurred in the City of Richmond, Virginia and that resulted in or contributed Kevin Coffman buying or using Roundup.
>
> **ANSWER:**
>
> Objection. This interrogatory is not relevant to any claim or defense, nor to any legal question of proper venue. Without waiving said objection, Plaintiff states the following:
>
> None at this time. Plaintiff notes that Monsanto maintains a registered agent in the City of Richmond.

Defendant Valley Fertilizer has its principal place of business in Mount Jackson, Virginia, which is situated in Shenandoah County, Virginia (just north of Rockingham County) and provides fertilizer, seed, and other products for the agriculture industry in Virginia's Shenandoah Valley, including Rockingham County. The Costco location where plaintiff allegedly purchased Roundup is located in the City of Harrisonburg, Virginia, which is the location of the Rockingham County Circuit Court. (See Complaint ¶ 14). Plaintiff's Complaint also expressly states that the decedent "was diagnosed with Diffuse Large B-Cell Lymphoma (Non-Hodkins Lymphoma) in Fishersville, Virginia and suffered the effects attendant thereto ultimately succumbing [to that disease] as a direct and proximate result [of] Defendant's wrongful and negligent conduct." (See Complaint ¶ 4). Fishersville, Virginia is located in Augusta, County, which is adjacent to Rockingham County.

## Legal Standard

Va. Code Ann. § 8.01-265—the *forum non conveniens* statute—allows a Court "upon motion by any party and for good cause shown . . . transfer the action to any fair and convenient forum having jurisdiction within the Commonwealth." "Good cause shall be deemed to include, but not be limited to, the agreement of the parties or the avoidance of substantial inconvenience to the parties or the witnesses." *City of Danville v. Virginia State Water Control Board*, 18 Va. App. 594, 597, 446 S.E.2d 466, 468 (1994) (internal citations omitted). "Circumstances considered in motions to transfer include: relative ease of access to sources of proof; available of compulsory process for attendance of nonwilling, and the cost of attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id. see also Norfolk & W. Ry v. Williams*, 239 Va. 390, 393, 389 S.E.2d 714, 716 (1990).

## Argument

Plaintiff filed this case in the City of Richmond and cites Va. Code § 8.01-262(2) as the basis for his assertion of venue within the City of Richmond. Complaint ¶ 16. § 8.01-262(2) allows a plaintiff to assert permissive venue in a jurisdiction where a "defendant has a registered office, has appointed an agent to receive process, or such agent has been appointed by operation of law." In this case, co-defendant Monsanto maintains a registered agent for service of process within the City of Richmond. Beyond this merely technical connection with the City of Richmond, there is no other substantial connection or practical nexus with the venue.

On the other hand, the Shenandoah Valley, and in particular Rockingham County, has a strong nexus with the issues, facts and witnesses presented in the case. Plaintiff resides in Rockingham County and qualified to represent the interests of her husband's estate in the Rockingham County Circuit Court. Co-defendant Cotsco's location where it allegedly sold the defendant Roundup is located within the City of Harrisonburg, which is completely surrounded by Rockingham County and operates a combined Circuit Court with Rockingham County. Moreover, the defendant's physical paper records showing sales relevant to this case and the defendant's representatives and employee witnesses are all located in Shenandoah County, only a few miles from Rockingham County. Finally, plaintiff notes in her Complaint that her husband "was diagnosed with Diffuse Large B-Cell Lymphoma (Non-Hodkins Lymphoma) in Fishersville, VA." Fishersville is located in Augusta County, which abuts Rockingham County and is substantially closer to Rockingham than this Court.

The facts of this case parallel that of the facts presented to the Virginia Supreme Court in *Norfolk & W. R. Co. v. Williams*. In that case, plaintiff filed suit in the Circuit Court for the City of Portsmouth for an injury which occurred in the City of Roanoke. The trial court denied defendant's motion to transfer venue, but upon review, the Virginia Supreme Court held that the failure to transfer the case to Roanoke constituted an abuse of the trial court's discretion. In coming to this conclusion, the Supreme Court noted that there were two factors supporting retention of the case in Portsmouth. First, the defendant's railroad tracks ran through Portsmouth and second, "Portsmouth was the plaintiff's original choice of forum, and his selection should not be lightly defeated. But the weight afforded that choice is diminished when, as here, the action has at best

only a technical formal connection with the original court chosen." *Id.* at 395-96, 389 S.E.2d at 717.

The Court went on to note that Portsmouth had "no practical nexus whatsoever with the instant action", but "In contrast, this action had a strong nexus with Roanoke." *Id.* at 396, 389 S.E.2d at 717. This strong nexus resulted from the fact the injury arose in Roanoke, the defendant was based in Roanoke, plaintiff was employed by defendant to work in Roanoke, and almost all of the known potential witnesses were located in Roanoke. Because the "trial court was presented with sufficient information to show good cause to transfer, including substantial inconvenience to the parties and witnesses," the Virginia Supreme Court held the trial court abused its discretion in not transferring venue from Portsmouth to Roanoke. *Id.* at 396, 389 S.E.2d at 718.

Here, this case's sole connection with the City of Richmond is the technical fact that two of the out-of-state defendants maintain an agent for service of process within the city. Just like Portsmouth in the *Norfolk & W.* case, this case did not arise out of the act or omissions of any defendant within this jurisdiction and Richmond has no "practical nexus whatsoever" with the facts or allegations at issue in this case.

Moreover, retaining this case in the City of Richmond would work a substantial inconvenience to the witnesses and parties in this case. Beyond the fact Richmond has no practical connection with plaintiff's claims, the vast majority of witnesses and physical evidence are located within Rockingham County or the surrounding area. Transferring the case from Richmond to Rockingham would decrease the burden and costs of litigation to all parties and would relieve the large burden on witnesses, both

voluntary and involuntary, who would be required to travel the approximately 130 miles from Rockingham County to Richmond, Virginia to testify.

## Relief sought

WHEREFORE, defendant The Valley Fertilizer and Chemical Company moves this Honorable Court to enter an Order transferring Venue in this action to the Circuit Court for Rockingham County, Virginia and for any other relief the Court deems just.

**THE VALLEY FERTILIZER AND CHEMICAL COMPANY, INC.**

_____
Of Counsel

W. Barry Montgomery, Esq. (VSB# 43042)
W. Andrew Webb, Esq. (VSB# 91163)
KPM Law
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
Tel: (804) 320-6300'   Fax: (804) 320-6312
Barry.Montgomery@kpmlaw.com
Andy.Webb@kpmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was sent vial email to: Ryan C. Posey, Posey Lebowitz, PLLC, 3221 M Street, NW, Washington, DC 20007 and Tamara Barago, Esq, Hollingsworth, LLP, 1350 I Street, NW, Washington, DC 20005 on this 22nd day of February 2021.

_____
W. Barry Montgomery, Esq.

8

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

| | |
|---|---|
| SUE COFFMAN, as Personal Representative of the Estate of Kevin Coffman, deceased<br><br>　　　　Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY, *et al.*<br><br>　　　　Defendants. | Case No. CL20004770-00<br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSES TO VALLEY**
**FERTILIZER'S REQUESTS FOR ADMISSION**

*COMES NOW* Plaintiff and pursuant to Va. R. Sup. Ct. 4:11 provides the following answers and objections to Valley Fertilizer's First Requests for Admissions to Plaintiff.

Plaintiff's General Objections are incorporated by reference into the responses set forth below and are stated here for the convenience of the parties and the Court.

**GENERAL OBJECTIONS**

1. Defendant's Requests seek information which is not and may not have been within the personal knowledge or possession or control of Plaintiff.

2. Plaintiff objects to Defendant's Requests to the extent they seek the production or disclosure of communications prepared by or for Plaintiffs' lawyers, which communications, (a) were made by or to legal counsel in anticipation of or in connection with litigation, or (b) reflect confidential and privileged communications between or among counsel, representatives of Plaintiffs, and/or non-testifying experts retained for purposes of assisting Defendant or its counsel in litigation. Plaintiff will not produce or disclose such privileged communications; in addition, Plaintiff will not disclose or otherwise identify such privileged communications in response to written discovery or on any listing of documents or things withheld from production.

3. In responding to Defendant's Requests, Plaintiff does not waive, and expressly preserves the following objections: a. all objections regarding competency, relevancy, materiality and admissibility; b. all objections regarding the use of the responses in any proceeding, and; c. all

1

objections to any further discovery requests involving, or related to, any of the requests in Defendant's Requests.

4. Plaintiff does not waive any objections, on any ground, whether or not asserted herein, to the use of such Responses at trial.

## INDIVIDUAL RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

1. Admit that Valley conducts no business in the City of Richmond, Virginia.

   ### ANSWER:

   **After reasonable inquiry, Plaintiff can neither admit nor deny this request and demands strict proof thereof. Upon information and belief, Valley conducts business in multiple counties throughout Virginia, including but not limited to Rockingham County, Shenandoah County, the City of Staunton and the State of West Virginia.**

2. Admit that Valley has no employees that reside in the City of Richmond, Virginia.

   ### ANSWER:

   **After reasonable inquiry, Plaintiff can neither admit nor deny this request and demands strict proof thereof.**

3. Admit that Valley does not maintain an office or any facilities in the City of Richmond, VA.

   ### ANSWER:

   **After reasonable inquiry, Plaintiff can neither admit nor deny this request and demands strict proof thereof. Upon information and believe, Valley maintains offices and facilities in multiple counties and localities, including but not limited to those referenced in Response 1.**

4. Admit that all times relevant to the Complaint, Kevin Coffman resided in Rockingham County, Virginia.

   ### ANSWER:

   **Plaintiff admits that Kevin Coffman resided in Rockingham County, Virginia from June 1982 until his death in December 2019.**

5. Admit that, at all times relevant to the Complaint, Sue Coffman resided in Rockingham County, Virginia.

**ANSWER:**

**Admit.**

6. Admit that all records regarding the sale of Roundup to Kevin Coffman by Valley or Costco Wholesale Corporation are located in Rockingham County, Virginia.

**ANSWER:**

**After reasonably inquiry, Plaintiff can neither admit nor deny and demands strict proof thereof. Plaintiff admits that all records within Plaintiff's possession and regarding the sale of Roundup to Kevin Coffman by Valley or Costco Wholesale Corporation are located in Rockingham County, Virginia.**

7. Admit that the physician that directed the healthcare for Kevin Coffman with respect to treating Coffman's Non-Hodgkin's Lymphoma resides in Rockingham County, Virginia.

**ANSWER:**

**Objection to the form of the request.**

**Without waiving said objection, Plaintiff denies the request as Kevin Coffman was treated by numerous physicians in numerous counties throughout the Commonwealth of Virginia and demands strict proof thereof. Plaintiff further notes that she lacks sufficient knowledge to identify where any of Kevin Coffman's physicians reside or resided.**

8. Admit that the physician that directed the healthcare for Kevin Coffman with respect to treating Coffman's Non-Hodgkin's Lymphoma resides in Augusta County, Virginia.

**ANSWER:**

**Objection to the form of the request.**

**Without waiving said objection, Plaintiff denies the request as Kevin Coffman was treated by numerous physicians in numerous counties throughout the Commonwealth of Virginia and demands strict proof thereof. Plaintiff further notes that she lacks sufficient knowledge to identify where any of Kevin Coffman's physicians reside or resided and denies the request to that extent.**

9. Admit that the physician that directed the healthcare for Kevin Coffman with respect to treating Coffman's Non-Hodgkin's Lymphoma does not reside in the City of Richmond, Virginia nor a jurisdiction contiguous to the City of Richmond, Virginia.

**ANSWER:**

Objection to the form of the request.

Without waiving said objection, Plaintiff denies the request as Kevin Coffman was treated by numerous physicians in numerous counties throughout the Commonwealth of Virginia and demands strict proof thereof. Plaintiff further notes that she lacks sufficient knowledge to identify where any of Kevin Coffman's physicians reside or resided and denies the request to that extent.

10. Admit that all of the physicians that treated Kevin Coffman with respect to Non-Hodgkin's Lymphoma reside either in Rockingham County or August County.

**ANSWER:**

Objection to the form of the request. Without waiving said objection, Plaintiff denies the request as Kevin Coffman was treated by numerous physicians in numerous counties throughout the Commonwealth of Virginia and demands strict proof thereof. Plaintiff further notes that she lacks sufficient knowledge to identify where any of Kevin Coffman's physicians reside or resided and denies the request to that extent.

11. Admit that none of the physicians that treated Kevin Coffman with respect to Non-Hodgkin's Lymphoma reside in the City of Richmond, Virginia nor a jurisdiction contiguous to the City of Richmond, Virginia.

**ANSWER:**

Objection to the form of the request. Without waiving said objection, Plaintiff denies the request as Kevin Coffman was treated by numerous physicians in numerous counties throughout the Commonwealth of Virginia and demands strict proof thereof. Plaintiff further notes that she lacks sufficient knowledge to identify where any of Kevin Coffman's physicians reside or resided and denies the request to that extent.

SUE COFFMAN

By: _____
Ryan C. Posey, VA Bar #85109
POSEY LEBOWITZ PLLC
3221 M St., N.W.
Washington, D.C. 20007
(202) 524-0123
(202) 810-9009 – facsimile
rposey@poseylebowitz.com
*Counsel for Plaintiff*

Jonathan Nace (pro hac vice pending)
One Church Street
Suite 802
Rockville MD 20850
(202) 780-5153
jon@nidellaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that on February 5, 2021, I caused a copy of the foregoing to be served upon all parties via email service.

_____
Ryan C. Posey, VA Bar #85109

5

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

SUE COFFMAN, as Personal Representative
of the Estate of Kevin Coffman, deceased

    Plaintiff,

v.

MONSANTO COMPANY, *et al.*

    Defendants.

Case No. CL20004770-00

JURY TRIAL DEMANDED

## PLAINTIFF'S ANSWERS TO VALLEY FERTILIZER'S INTERROGATORIES

*COMES NOW* Plaintiff and pursuant to Va. R. Sup. Ct. 4:8 provides the following answers and objections to Valley Fertilizer's First Interrogatories to Plaintiff.

### GENERAL OBJECTIONS

Plaintiff objects to each interrogatory: (1) insofar as it seeks information not in Plaintiff's possession, custody, or control; (2) insofar as it seeks information that was prepared for or in anticipation of litigation, constitutes attorney work product, contains attorney-client communications, or is otherwise privileged; (3) insofar as it seeks information which is publicly available or otherwise equally available and/or uniquely or equally available from third parties; (4) insofar as it seeks information that does not specifically refer to the events which are the subject matter of this litigation; and (5) insofar as it seeks information not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

These responses and objections are made on the basis of information now known to Plaintiff and are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information requested. Plaintiff's investigation, discovery, and preparation for proceedings

are continuing and all answers are given without prejudice to Plaintiff's right to introduce or object to the discovery of any documents, facts, or information discovered after the date hereof.

Plaintiff likewise does not waive the right to object, on any and all grounds, to (1) the evidentiary use of the information contained in these responses and objections; and (2) discovery requests relating to these objections and responses. Plaintiff will provide its responses based on terms as they are commonly understood, and consistent with the Federal Rules of Civil Procedure. Plaintiff objects to and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions.

### INDIVIDUAL ANSWERS AND OBJECTIONS

1. Identify every witness known to you with knowledge of the facts alleged in the Complaint that either resides in or maintains an office in the City of Richmond, Virginia.

   **ANSWER:**

   **Objection. This interrogatory is not relevant to any claim or defense, nor to any legal question of proper venue. Without waiving said objection, Plaintiff states the following:**

   **None at this time. Plaintiff notes that Monsanto maintains a registered agent in the City of Richmond.**

2. Identify and describe each act or omission by any of the defendants that occurred in the City of Richmond, Virginia and that resulted in or contributed Kevin Coffman buying or using Roundup.

   **ANSWER:**

   **Objection. This interrogatory is not relevant to any claim or defense, nor to any legal question of proper venue. Without waiving said objection, Plaintiff states the following:**

   **None at this time. Plaintiff notes that Monsanto maintains a registered agent in the City of Richmond.**

3. Identify and describe each document or thing related to any of the allegations contained in your Complaint in this action that are located in the City of Richmond, Virginia.

   **ANSWER:**

   **Objection. This interrogatory is not relevant to any claim or defense, nor to any legal question of proper venue. Without waiving said objection, Plaintiff states the following:**

   **None at this time. Plaintiff notes that Monsanto maintains a registered agent in the City of Richmond.**

4. Identify all facts, witnesses and documents upon which you base your allegations contained in paragraph 16 of the Complaint that "Venue is proper in the Circuit Court for the City of Richmond pursuant to Va. Code §8.01-262(2)."

   **ANSWER:**

   **Objection. This answer calls for a legal conclusion and incorrectly shifts the burden of proof from Defendant in its quest to choose a forum other than one that is permitted by the Rules of Civil Procedure and Defendant has not demonstrated or even alleged any substantial inconvenience related to venue in the City of Richmond.**

   **Without waiving said objection, Plaintiff states that the facts, witnesses and documents relevant or discoverable in this case are present in numerous counties throughout the Commonwealth of Virginia, including but not limited to Rockingham County, Frederick County, Albemarle County, and potentially others.**

   **Upon information and belief, more relevant medical records are in the counties of Frederick County and Albemarle County than are present in Rockingham County.**

   **Further, venue is proper in Va. Code §8.01-262(2) because Defendant Monsanto maintains a registered agent in the City of Richmond, at its choosing. This is the only fact necessary to make venue "proper" in the City of Richmond.**

5. For each Request for Admission below that you deny, in whole or in part, please identify all facts, witnesses and documents upon which you base your denial.

   **ANSWER:**

   **See answer to interrogatory number 4. Plaintiff will further supplement with medical records from providers if requested.**

SUE COFFMAN

By: _/s/ Ryan C. Posey_
Ryan C. Posey, VA Bar #85109
POSEY LEBOWITZ PLLC
3221 M St., N.W.
Washington, D.C. 20007
(202) 524-0123
(202) 810-9009 – facsimile
rposey@poseylebowitz.com
*Counsel for Plaintiff*

Jonathan Nace (pro hac vice pending)
One Church Street
Suite 802
Rockville MD 20850
(202) 780-5153
jon@nidellaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that on February 5, 2021, I caused a copy of the foregoing to be served upon all parties via email service.

_/s/ Ryan C. Posey_
Ryan C. Posey, VA Bar #85109

## OATH

*I do hereby declare under the penalty of perjury that to the best of my ability the foregoing interrogatory responses are truthful and accurate.*

_____
Sue Coffman