Rhon E. Jones (JON093)
rhon.jones@beasleyallen,.com
William R. Sutton (SUT013)
william.sutton@beasleyallen.com
**BEASLEY, ALLEN, CROW, METHVIN,**
  **PORTIS & MILES, P.C.**
Post Office Box 4160
218 Commerce Street
Montgomery, Alabama 36103
Phone: (334) 269-2343
Fax: (334) 954-7555

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to: | **ADMINSTRATIVE MOTION TO POSTPONE HEARING DATE, PERMIT SUR-REPLY, STRIKE DECLARATIONS, AND FOR OTHER RELIEF BY OBJECTING CLASS MEMBERS** |
| *Ramirez, et al. v. Monsanto Co.* | |
| Case No. 3:19-cv-02224 | Re: Dkt. No. 12911 |
| | Date: May 12, 2021<br>Time: 10:00 AM<br>Place: Courtroom 4, 17th floor<br>Judge: Honorable Vince Chhabria |

## I.    <u>Introduction</u>

Undersigned counsel represents putative class members who have objected to the proposed class settlement. On April 7, 2021, after seeking and being granted two extensions, counsel for the putative class ("plaintiffs" or "class counsel") filed their reply to the numerous objectors' opposition briefs as well as to the briefs of multiple *amici*. As part of that reply, class counsel submitted an amended proposed class settlement agreement which makes numerous changes to

the "Plan B" settlement agreement submitted by class counsel on February 3, 2021, ECF #1531, and to the "Plan C" settlement agreement submitted by class counsel on March 3, 2021. ECF #12665. Reacting to just some of the points made by Objectors and *amici*, these revisions required a "Plan D" settlement agreement and were so extensive that the revised agreement required a 90 page redline to be filed. ECF #12911-2.

But that was not enough. In their reply brief, class counsel announced that there are further changes to come. As to the notice to the class, "This work is in progress. Plaintiffs will submit revised notices in advance of the preliminary approval hearing." Reply in Support at 10. In addition, with respect to the Legal Services Program that putative class counsel claim will assure that all class members are fully advised, they promise only that "Plaintiffs will file a preliminary plan for operation of the LSP seven days before the preliminary approval hearing." Reply in Support at 12. Simply put, the putative class counsel's proposed changes are not yet done. Further, much of the Reply in Support is procedurally improper, and the undersigned counsel urges this Court to strike certain declarations and provide additional relief given the procedural faults present in the Reply in Support.

In the latest iteration, proposed class counsel advancing this proposal appears to abide by their own procedural rule book by using the declarations of four law professors as extensions of the plaintiffs' legal arguments contained within the Reply in Support to circumvent the page limits. These four declarations are procedurally flawed and therefore should be stricken in their entirety, as argued in the Gee Motion filed April 13, 2021. ECF # 12928. Further several of the class representative declarations are unsworn declarations. These declarations should be stricken due to this procedural defect.

With the amended notices still forthcoming – at some point in the future, as well as a "preliminary plan for the operation" of the Legal Services Program, Objectors should be given an opportunity to respond to both of these. The notice issue is critical to the proposed settlement. By not producing these amended notices with the Reply in Support and the redlined amended settlement, objecting class members are at a distinct disadvantage. Procedurally this is flawed. Potential class members must be afforded a meaningful opportunity to consider, and object if necessary, to the newly amended class notices and any plan for the Legal Services Program.

Lastly, many Objectors have brought major concerns involving both standing and typicality issues. While the Reply in Support attempts to address these issues, counsel for the proposed class fails to mention a fact that they are all too well aware of -- that there is a case currently pending before the United States Supreme Court that may well address both issues. Practically speaking, the issues pending before the Supreme Court in *TransUnion LLC v. Ramirez*, 141 S.Ct. 972 (2020) may squarely impact this potential class settlement. This Court should not hold its preliminary approval hearing or at least not render any ruling on that motion until the United States Supreme Court has released an opinion in *TransUnion*.

II.   **Argument**

   A. **The Declarations Attached As Support Are Procedurally Improper And Should Be Stricken In Their Entirety.**

Six of the declarations accompanying the Reply in Support are improper and should be stricken in their entirety. Specifically, the four declarations submitted by law professors Arthur R. Miller, John C. Coffee, Jr., Scott Dodson, and Andrew D. Bradt run afoul of the Northern District of California's Local Rule 7-4 and 7-5 ("Local Rule"). First, these declarations are rife with veiled conclusions and arguments masquerading as facts. In reality, these declarations are extensions of the legal arguments presented by counsel for the proposed class' Reply in Support. Procedurally,

this is impermissible. *See* Local Rule 7-5 ("An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.). On these grounds alone, these four declarations should be stricken.

Second, since these faux declarations are extensions of the legal arguments contained in the Reply in Support, these declarations should properly be considered part of the legal brief for page-limit purposes. *See Miller v. California Department of Corrections and Rehabilitation*, 2018 WL 534306, at *21 (N.D. Cal. Jan. 24, 2018) ("Legal arguments in a declaration will be considered part of the legal brief for page limit purposes."). These four declarations alone total more than 104 pages.[1] The Reply in Support plus these four declarations total approximately 196 pages – nearly double what the Court ordered the length to be at plaintiffs' request. Plaintiffs have filed an opposition to the Gee Motion to Strike these declarations, but noticeably missing from it is a response to the blatant use of declarations to vastly exceed the already generous number of pages requested by plaintiffs and granted by the Court. ECF #12911-2. Lastly, the declarations of potential class representatives Kabe Cain and Aaron Sheller are unsworn, nor do they comply with 28 U.S.C. § 1746 should have been filed initially, and for all of these reasons should be stricken. In consideration of these actions, the Court should strike these six declarations in their entirety.

## B. <u>Counsel For The Proposed Class' Failure To Provide The Amended Class Notices Is Improper And Objectors Should Be Given Adequate Time to Review Any Amended Class Notice.</u>

This Reply in Support has only shown that the proposed class settlement is procedurally inadequate. Specifically, features such as class notice and a preliminary plan for the operation of the Legal Services Program are left with only pithy assurances that such critical components will be forth-coming – at some point. While the counsel for the proposed class lauds itself for their class settlement's ability to deliver unprecedented notice, this new class notice and the revised plan for the Legal Services Program remains unseen at the time of the filing of this motion. Rather,

---

[1] Scott Dodson's declaration does not comport with Local Rule 3-4(c)(2) as his 30-page declaration is in a single space format. This failure to comply with Local Rules could easily double the length of his declaration.

ADMINSTRATIVE MOTION TO POSTPONE HEARING DATE, PERMIT SUR-REPLY, STRIKE DECLARATIONS, AND FOR OTHER RELIEF BY OBJECTING CLASS MEMBERS
3:19-cv-02224 and 16-md-02741-VC

counsel for the proposed class kick this essential requirement of the proposed class settlement down the road to an ill-defined time "in advance of the preliminary approval hearing." *See* Reply in Support, at pg. 10. This unfinished work in progress impacts the undersigned's ability to meaningfully and timely respond to the alleged amended class notices. As noted above, there have been extensive changes to the underlying settlement agreement and presumably, there will be significant changes to the class notice as well. Thus, Objectors respectfully request that the time allotted to respond to any class notice should not begin to run until proposed class counsel files an actual amended class notice and revised Legal Services Program plan.

### C. Any Decision Regarding Class Certification Should Be Delayed Until The Supreme Court Releases Their Opinion In TransUnion LLC v. Ramirez.

Currently pending before the United States Supreme Court is *TransUnion LLC v. Ramirez*, 141 S.Ct. 972 (2020). This case is on appeal after the Ninth Circuit Court of Appeals upheld the lower court's decision. *Ramirez v. TransUnion LLC*, 951 F.3d 1008, 1017 (9th Cir. 2020). This class action covers both standing and typicality issues and focuses on whether certification of a class is appropriate when it is not clear if most of the class members were injured and, in particular, were injured in the same manner as the named class representative. Similar issues are present in this pending action. However, *TransUnion* is absent in the voluminous Reply in Support, which is puzzling considering proposed class counsel is counsel of record in both of these cases. *TransUnion* has been fully briefed and argued in front of the Supreme Court and is now only awaiting a decision. Considering the impact *TransUnion* may have on this action, the undersigned counsel requests that this Court postpone the hearing on the motion for pending approval or at least reserve any decision regarding preliminary approval until after the United States Supreme Court has released their opinion on *TransUnion* in order to avoid any duplicative efforts to conform to binding precedent.

**III.**   <u>**Conclusion**</u>

Counsel for objectors have reviewed the proposed changes and continue to have grave concerns about the proposed settlement, but at the same time need time to properly digest and evaluate the changes made and to be made in order to respond to them properly. Certainly, to adequately evaluate the proposed settlement, counsel for objectors also need to be able to see the actual proposed Notice as well as the plan for the Legal Services Program. Given the above, counsel for objecting putative class members respectfully requests the Court:

1. Direct plaintiffs to file its new proposed notice to the class and its revised Legal Services Program by a date certain to be set by the Court;

2. Order plaintiffs not to file any additional amendments to the settlement agreement without leave of the Court so that this process does not continue to repeat itself;

3. Authorize all objectors to file sur-replies to the amended settlement agreement and plaintiffs' reply brief, each of which may not exceed 50 pages, within twenty-one days of the date certain set by the Court;

4. Strike the six Declarations identified herein; and

5. Withhold judgment on preliminary class certification until after the Supreme Court has released its opinion on the *TransUnion* case.

The undersigned counsel also joins in and adopts the "Motion to Strike 12911 Reply to Opposition/Response" filed in this action on April 13, 2021 (ECF #12928).

DATED: April 16, 2021

Respectfully submitted,

/s/William R. Sutton
Rhon E. Jones (JON093)
William R. Sutton (SUT013)
BEASLEY, ALLEN, CROW,

METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, AL 36104
Telephone: (334) 269-2343
Fax: (334) 954-7555
rhon.jones@beasleyallen.com
william.sutton@beasleyallen.com

*Attorneys for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 16th day of April, 2021, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern Division of California via the Court's CM//ECF Filing System, which shall send electronic notification to counsel of record.


<u>/s/ William R. Sutton</u>
William R. Sutton

ADMINSTRATIVE MOTION TO POSTPONE HEARING DATE, PERMIT SUR-REPLY, STRIKE DECLARATIONS, AND FOR OTHER RELIEF BY OBJECTING CLASS MEMBERS
3:19-cv-02224 and 16-md-02741-VC