Gerson H. Smoger
**SMOGER & ASSOCIATES**
13250 Branch View Lane
Dallas, TX 75234
Telephone: (510) 531-4529
Facsimile: (510) 531-4377)
gerson@texasinjurylaw.com

Steven M. Bronson, Esq. (SBN 246751)
**THE BRONSON FIRM APC**
7777 Fay Avenue, Suite
202La Jolla, CA 92037
Telephone: 619-374-4130
Facsimile: 619-568-3365
sbronson@thebronsonfirm.com

*Counsel for Objector Melinda Sloviter*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITYLITIGATION<br><br>This document relates to:<br><br>Ramirez, et al. v. Monsanto Co.Case No. 3:19-cv-02224 | MDL No. 2741<br>Case No. 16-md-02741-VC<br><br>**OBJECTING CLASS MEMBER MELINDA SLOVITER'S MOTION TO STRIKE THE DECLARATION OF JOHN C. COFFEE**<br><br>Re: Dkt. No. 12531<br><br>Date: May 12, 2021<br>Time: 10:00 AM<br>Place: Videoconference Only<br>Judge: Honorable Vince Chhabria |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on May 12, 2021, at 10:00 am or as soon thereafter as it may be heard, by Videoconference Only, before the Honorable Judge Vince Chhabria, Objector Melinda Sloviter, pursuant to Federal Rule of Evidence 702, Northern District of California Civil Local Rule 7-5(b), and general rules of evidence will hereby move to strike the Declaration of John C. Coffee filed regarding Class Certification and the Benefits of Class Members. This motion is based on the accompanying Memorandum and all pleadings and papers which are of record and are on file in this case.

## INTRODUCTION

Class proponents have developed a novel way of presenting argument under the guise of evidence.  Apparently, all one has to do is attach the title "Declaration of …" to anything said by someone who has taught law, even if it has nothing to do with the law, and then it can be used as evidence.  It does not matter whether or not Federal Rules of Evidence 602, 702, or 703 are complied with.  Local Northern District Rule 7-5(b) may be entirely ignored.  The opposition may be sandbagged by attaching a Declaration to a reply brief without explaining why it was not presented properly as part of a party's original papers.  And a law professor apparently need not comply with routine declaration requirements, such as stating that he has personal knowledge or even that he would testify if called to do so.

The "Declaration of John C. Coffee …"  ignores all of these legal requirements.  Professor Coffee never states that he has personal knowledge of any facts in his Declaration – he doesn't.  He never states 'if called to testify, he could and would testify competently thereto' – he can't.  Despite the proscription of Local Rule 7-5(b) on affidavits and declarations against "conclusions

and argument" in a declaration, virtually every paragraph of Professor Coffee's declaration is replete with conclusions and argument. In fact, he presents no facts at all that are based upon his own knowledge. And although he is no doubt a legal expert, he rarely opines on the law, but rather primarily delves into areas for which he has no underlying expertise, such as oncology, toxicology, demographics, and economics – topics he is not qualified to render opinions on pursuant to Rule 702.

What makes this particularly significant is that class proponents cite to Professor Coffee's declaration 24 separate times[1] in their reply brief as if it really contains evidence and truly has probative value. It does not. To the extent Professor Coffee offers facts, he offers none that he can testify to with personal knowledge. To the extent he offers opinions, he offers opinions that he is not entitled or qualified to make. Ultimately, the purpose of a declaration is to offer evidence in writing that one can testify to if in court. There is virtually nothing in his declaration that Professor Coffee could testify to if put on the stand. It should be stricken.

## ARGUMENT

In his declaration, Professor Coffee presents his qualifications as a law professor and lawyer, as to which his expertise is not contested. However, his legal expertise is rarely used in his declaration. Instead, he offers various legally inadmissible lay opinions about sundry aspects of the settlement agreement which his expertise does not qualify him to make: 1) from pages 3-5 he offers opinions based upon rudimentary research about non-Hodgkin's lymphoma (note Fn 6: "Because I am not a doctor or medical expert, I will cite an official source …"); 2) from pages 5 to 7 he discusses demographics and restates the opinions of class proponents' expert Garretson,

---

[1] *See* Reply Brief pages 1, 2 (twice), 3, 4, 5, 7, 8 (three times), 9, 14, 19, 30, 45, 46, 47, 51, 52, 53, 66 (twice), 71, and 82.

which is at best cumulative; 3) from pages 7 to 11 he offers his view of the settlement's public health benefits although he has no stated expertise in public health (page 10: "From a public health perspective"); 4) from 11 to 15 he wanders into economics (although at 13 he does admit: "I do not claim the statistical sophistication to apprise Mr. Eveland's computations and estimates"); and on page 16 he ventures into the parameters of the science panel absent any understanding of the underlying questions the panel is being tasked to answer. The remainder of the "declaration" is a hodgepodge of truncated arguments cumulative of class proponents' briefing.

Thus, this purported "declaration" by Professor Coffee is clearly improper and should be stricken. Northern District of California Civil Local Rule 7-5(b) is clear: "An affidavit or declaration may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument . . . An affidavit or declaration not in compliance with this rule may be stricken in whole or in part." Under this Local Rule a declaration, such as this one offered by Professor Coffee, may also be stricken in whole or in part when it contains "unnecessary and duplicative" information. *See Page v. Children's Council*, 2006 U.S. Dist. LEXIS 68269, *14-*15, Case No. C 06-3268 SBA (N.D. Cal. Sept. 11, 2006) (striking paragraphs from counsel's declaration that "simply repeat[] portions of the Plaintiff's memo," did "not contain the sorts of facts that are appropriate in a declaration," contained "argument" or were simply "unnecessary and duplicative.").

Nor do expert witnesses have the unfettered liberty to offer opinions outside their particular knowledge and special expertise. When Rule 702 of the Federal Rules of Evidence provided for the admissibility of expert testimony in the federal courts, it set a minimum standard that if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue," Fed. R. Evid. 702(a), "a witness qualified as an expert

4

by knowledge, skill, experience, training, or education, may testify in the form of an opinion or otherwise." Fed. R. Evid. 702. But Professor Coffee has no specialized knowledge, training, or education to testify regarding the vast majority of the opinions he offers, most of which have nothing to do with his only area of his expertise.

To the extent that he is being presented as an expert on law, it does not qualify him to testify in other areas -- being an expert for one purpose does not qualify as an expert for all purposes. This has been the rule for more than four decades. See 29 Charles A. Wright. et al., Federal Practice & Procedure § 6265 at p. 255 & nn. 34 & 35 (1977). Opinions falling outside an expert's area of expertise are simply inadmissible. The expert testimony must "ha[ve] a reliable basis in the knowledge and experience of the relevant discipline." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (quotation omitted). "When evaluating specialized or technical expert opinion testimony, 'the relevant reliability concerns may focus upon personal knowledge or experience.'" *United States v. Sandoval-Mendoza*, 472 F.3d 645, 655 (9th Cir. 2006) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150, 119 S. Ct. 1167, 143 L.Ed.2d 238 (1999). [2] *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 43 F.3d 1311, 1317, n.5 (9th Cir. 1995) (noting that some expert

---

[2] Other Circuits have long agreed with the 9th. *Andrews v. Metro North Commuter R. Co*., 882 F.2d 705, 708 (2d Cir. 1989) ("For an expert's testimony to be admissible ... it must be directed to matters within the witness' scientific, technical, or specialized knowledge."); *Mid-State Fertilizer Co. v. Exchange Nat'l Bank of Chicago*, 877 F.2d 1333, 1339-40 (7th Cir. 1989) (rejecting economist's opinion that defendant's conduct "was contrary to good faith and fair dealing"); *Watkins v. Schriver*, 52 F.3d 769, 771 (8th Cir. 1995) (affirming exclusion of neurologist's testimony "that the [plaintiff's neck] injury was more consistent with being thrown into a wall than with a stumble into the corner"); *United States v. Jackson*, 425 F.2d 574, 576 (D.C. Cir. 1970) ("To warrant the use of expert testimony ... two elements are required. First, the subject of the inference must be so distinctively related to some science, profession, business or occupation as to be beyond the ken of the average layman, and second, the witness must have such skill, knowledge or experience in that field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth.") (Quoting McCormick, Evidence § 13)).

disciplines "have the courtroom as a principal theatre of operations" and as to these disciplines "the fact that the expert has developed an expertise principally for purposes of litigation will obviously not be a substantial consideration.").

Moreover, as an attachment to class proponents' reply papers rather than their initial filing, the declaration came too late to be filed and should be rejected for that reason alone.  In "Plaintiffs' Opposition to Objecting Class Members' Motion to Strike Declarations of Four Law Professors," class proponents attempt to justify their belated filing of Professor Coffee's declaration by stating at page 5: "The obvious answer is that the declarations were submitted on reply because they were responsive to the objections."   However, Professor Coffee does not even mention the referenced objections until the middle of page 17 and then concludes this very brief section at the top of page 21 of his 22-page declaration, all the while providing nothing more in those few pages other than argument that is cumulative of class proponents' briefing.[3]

## CONCLUSION

Professor Coffee was likely paid handsomely to render his opinions.  That may account for his willingness to stray so far outside his area of expertise.  However, this does not make them admissible.  His declaration should be stricken.

Dated: April 19, 2021

/s/ Gerson H. Smoger
Gerson H. Smoger
**SMOGER &ASSOCIATES**
13250 Branch View Lane
Dallas, TX 75234
(510) 531-4529
(510) 531-4377 (facsimile)

---

[3] These pages are replete with pure argument, including  for example:  at page 17 -- "I will respond only to those objectors"; at page 18 -- "Objectors will presumably reply" and "One simply cannot expect defendants"; at page 19 -- "Sadly the position of objectors" and "It would be irrational for defendants"; and at page 20 -- "Worse yet, not only do objectors".

gerson@texasinjurylaw.com

Steven M. Bronson, Esq. (SBN 246751)
**THE BRONSON FIRM APC**
7777 Fay Avenue, Suite 202
La Jolla, CA 92037
Telephone: 619-374-4130
Facsimile: 619-568-3365
sbronson@thebronsonfirm.com

*Counsel for Objector Melinda Sloviter*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of April 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

*/s/ Gerson H. Smoger*
Gerson H. Smoger
**SMOGER &ASSOCIATES**
13250 Branch View Lane
Dallas, TX 75234
(510) 531-4529
(510) 531-4377 (facsimile)
gerson@texasinjurylaw.com

7

Objector Sloviter's Motion to Strike Decl. of John C. Coffee
Case No. 16-md-02741-VC