Gerson H. Smoger
**SMOGER & ASSOCIATES**
13250 Branch View Lane
Dallas, TX 75234
Telephone: (510) 531-4529
Facsimile: (510) 531-4377
gerson@texasinjurylaw.com

Steven M. Bronson, Esq. (SBN 246751)
**THE BRONSON FIRM APC**
7777 Fay Avenue, Suite
202La Jolla, CA 92037
Telephone: 619-374-4130
Facsimile: 619-568-3365
sbronson@thebronsonfirm.com

*Counsel for Objector Melinda Sloviter*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITYLITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to: | **OBJECTOR MELINDA SLOVITER'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE THE DECLARATION OF DR. AMIT R. MEHTA, M.D.** |
| Ramirez, et al. v. Monsanto<br>Co.Case No. 3:19-cv-02224 | Re: Dkt. No. 12911<br><br>Date: May 12, 2021<br>Time: 10:00 AM<br>Place: Courtroom 4, 17th Flr<br>(Videoconference)<br>Judge: Honorable Vince Chhabria |

Class proponents attached the Declaration of Amit R. Mehta, M.D. to their February 4, 2021, Motion for Preliminary Approval. In their Motion, class proponents use the opinion of Dr. Mehta as evidence in support of their $1.3 billion dollar class distribution grid.[1] Objector Sloviter moved to strike Dr. Mehta's declaration[2] on the basis that Dr. Mehta is unqualified to testify to the opinions he offers, and that his opinions are conclusory and do not comply with either F.R.E. 702 or *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Despite Objector's motion, class proponents doubled down on the use of Dr. Mehta's opinion in their Reply in Support of Motion for Preliminary Approval, after which they respond to Objector Sloviter's Motion to Strike.[3] Filed with their Reply was Dr. Mehta's Supplemental Affidavit, in which he attempts to respond to Objector Sloviter's Motion to Strike.[4] Class proponents prove completely unable to rehabilitate Dr. Mehta's fundamentally flawed, inadmissible opinions.

Class proponents begin their defense of Dr. Mehta's initial declaration, at page 56 of their Reply by mistakenly insisting that "*Daubert* does not apply to Dr. Mehta."[5] They base the assertion that this Court may not consider whether or not to allow Dr. Mehta's testimony on two cases from Circuits other than the Ninth, neither of which actually hold that F.R.E. 702 or *Daubert* does not apply. *See In re National Football League Players Concussion Injury Litig.*, 821 F.3d 410, 443

---

[1] Motion for Preliminary Approval of Proposed Class Settlement, p. 11 [Dkt. 12531, Page 22 of 83] where class proponents also cite to Monsanto's filing of a Declaration from its longtime expert Michael L. Grossbard, M.D. which Objector Sloviter has requested that this court disregard. *See* Objector Sloviter's Brief, pp. 14-15 [Dkt. 12682, Pages 22-23 of 57].

[2] Objector Sloviter's Brief, pp. 12-14 [Dkt. 12682, Pages 20-22 of 57].

[3] Reply in Support of Motion for Preliminary Approval of Proposed Class Settlement, pp. 56-57 [Dkt. 12911, Pages 66-67 of 102].

[4] Supplemental Declaration of Amit R. Mehta, M.D., p. 4 ¶11 [Dkt. 12911-7, Page 4 of 4].

[5] Reply in Support of Motion for Preliminary Approval of Proposed Class Settlement, p. 56 [Dkt. 12911, Pages 66 of 102].

(3d Cir. 2016), and *UAW v. GMC,* 497 F. 3d 615, 636-37 (6th Cir. 2007).[6]   More significantly, they fail to mention, much less attempt to distinguish, controlling Ninth Circuit authority referenced by Objector Sloviter in her initial motion.  The Ninth Circuit has clearly held that declarations in support of class certification will be stricken if they do not comply with *Daubert. See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011) and *Grodzitsky v. American Honda Motor Co., Inc.*, 957 F.3d 979, 986-87 (9th Cir. 2020).   It is shocking that class proponents ignore *Grodzitsky; it was argued and lost* in 2020 by class proponents' *own law firm*, Lieff Cabraser Heimann & Bernstein. Tellingly, class proponents cannot confine their arguments to controlling Ninth Circuit precedent because Dr. Mehta's opinions are indefensible under *Daubert*.

As stated previously, in his Declaration all Dr. Mehta offers is a conclusory statement supporting at one fell swoop the settlement grid's treatment of all nineteen separate "Group A" conditions and the seven "Group B conditions," (prior cancer, diabetes,  Hepatitis C,  extended family history of cancer, obesity, tobacco smoking, and breast implants):  "My opinion … is that there are supporting scientific/medical data such that it is reasonable to include each of the conditions set forth in the Group A and Group B Medical Conditions in Exhibit 5, as posing, respectively, a significantly increased risk or a moderately increased risk of developing NHL." Declaration of Amit R. Mehta, M.D., p. 4 ¶ 15 [Dkt. 12531-18, Page 4 of 6].  Stating that all of these pose an undifferentiated equally significant or moderate risk of NHL is a conclusory statement that does not even begin to attempt to fulfill the requirements of F.R.E. 702.

---

[6] Class proponents quote a comment from the Third Circuit in *NFL Concussion* which does not even rise to the level of *dicta.* The Third Circuit's actual holding on the *Daubert* question was that the argument had been waived.  *See NFL*, 821 F.3d at 443.  In *UAW v. GMC* 497 F. 3d 615, 637 (6th Cir. 2007) the actual holding of the Sixth Circuit was that "the objectors simply have not shown how the district courts abused their discretion" when they held that the contested declarations complied with *Daubert.*

Objector Sloviter's Reply Brief in Support of Motion to Strike Decl. of Amit R. Mehta, M.D. Case No. 16-md-02741-VC

F.R.E. 702 requirements must be met by all experts, Yet, Dr. Mehta: 1) does not explain any of the facts or data he bases his opinion on; 2) does not describe any of the principles or methods he used to evaluate the twenty-two separate medical conditions and four other conditions related to family history or lifestyle; and 3) makes it impossible to know what he applied by way of methodology to his testimony. F.R.E. 702 requires a methodology for such an opinion and Dr. Mehta supplies nothing more than his own *ipse dixit*. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 43 F.3d 1311, 1315-16 (9th Cir. 1995).

Both Dr. Mehta in his opinion and the settlement grid itself wantonly treat all Group A and Group B conditions the same without regard to such factors as the time of the condition's occurrence, its duration, or the severity to list just a few of many factors. The placement of these factors on the grid and the weight given to each requires an explanation.  Absent this, Dr. Mehta's opinion is worthless. The glaring inability to justify the presumptions upon which the grid is based, and to conform Dr. Mehta's attempted rehabilitation to Ninth Circuit precedent, is fatal to the settlement. After all, tens of thousands of dollars of a class members' recovery depend upon this placement. Indeed, in his Supplemental Declaration Dr. Mehta appears to agree with the inappropriateness of a one size fits all analysis:  "In other words, not all potential risk factors are equally applicable, and some factors may not be at all applicable to certain clinical scenarios."[7]

Even if Dr. Mehta had attempted to comply with the requirements of F.R.E. 702 (a) through (d), he is still not "qualified as an expert by knowledge, skill, experience, training, or education" to testify regarding the epidemiology of NHL or the specific comparative role played by the many factors listed in both the Conditions A and B.  Merely reiterating in his Supplemental Declaration that he is a treating oncologist does not remedy the inadequacies described in Objector's Motion

---

[7] Supplemental Declaration of Amit R. Mehta, M.D., p. 4 ¶11 [Dkt. 12911-7, Page 4 of 4].

Objector Sloviter's Reply Brief in Support of Motion to Strike Decl. of Amit R. Mehta, M.D.
Case No. 16-md-02741-VC

to Strike. It does not change the fact that he has never done research or writing about any type of herbicide, any type of NHL, or even articulated a study or research interest in either.

Finally, class proponents make the rather bizarre statement that Dr. Mehta's opinions are admissible because they "are not offered to support 'class certification,' as the objector incorrectly asserts."[8]  This is to say the least confusing. Dr. Mehta began his declaration by stating:  "I … submit this declaration in support of Plaintiff's Motion for Preliminary Approval of Class Settlement and Direction of Notice under Fed. R. Civ. P. 23(e) ("Preliminary Approval Motion")."[9] In the paragraph immediately preceding this statement in class proponents' Reply, class proponents *rely on* Dr. Mehta's declaration to support the grid's Group A and Group B Conditions.[10]  However, if class proponents truly believe that Dr. Mehta's declaration is irrelevant to these proceedings, then Objector Sloviter certainly agrees and it should be stricken.

## CONCLUSION

For all the reasons articulated above, Dr. Mehta's opinions related to the grid factors should be stricken.

Dated: April 19, 2021

*/s/ Gerson H. Smoger*
Gerson H. Smoger
**SMOGER &ASSOCIATES**
13250 Branch View Lane
Dallas, TX 75234
(510) 531-4529
(510) 531-4377 (facsimile)
gerson@texasinjurylaw.com

Steven M. Bronson, Esq. (SBN 246751)
**THE BRONSON FIRM APC**
7777 Fay Avenue, Suite 202

---

[8] Reply in Support of Motion for Preliminary Approval of Proposed Class Settlement, p. 56 [Dkt. 12911, Pages 66 of 102].

[9]  Declaration of Amit R. Mehta, M.D., p. 1 ¶1 [Doc. 12531-18, Page 1 of 6].

[10]  Reply in Support of Motion for Preliminary Approval of Proposed Class Settlement, p. 56 [Dkt. 12911, Pages 66 of 102] (citing Doc. 12531-18 (Mehta Decl.)].

Objector Sloviter's Reply Brief in Support of Motion to Strike Decl. of Amit R. Mehta, M.D.
Case No. 16-md-02741-VC

La Jolla, CA 92037
Telephone: 619-374-4130
Facsimile: 619-568-3365
sbronson@thebronsonfirm.com

***Counsel for Objector Melinda Sloviter***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of April 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

*/s/ Gerson H. Smoger*
Gerson H. Smoger
**SMOGER &ASSOCIATES**
13250 Branch View Lane
Dallas, TX 75234
(510) 531-4529
(510) 531-4377 (facsimile)
gerson@texasinjurylaw.com

Objector Sloviter's Reply Brief in Support of Motion to Strike Decl. of Amit R. Mehta, M.D.
Case No. 16-md-02741-VC