Elizabeth J. Cabraser (SBN 083151)
Robert L. Lieff (SBN 037568)
Steven E. Fineman (SBN 140335)
Andrew R. Kaufman
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
ecabraser@lchb.com

William M. Audet (SBN 117456)
AUDET & PARTNERS, LLP
711 Van Ness, Suite 500
San Francisco, CA 94102-3229
Telephone: 415.568.2555

James R. Dugan, II
TerriAnne Benedetto
THE DUGAN LAW FIRM, APLC
One Canal Place
365 Canal Street, Suite 1000
New Orleans, LA 70130
Telephone: 504.648.0180

Samuel Issacharoff
40 Washington Square South
Suite 411J
New York, NY 10012
Telephone: 212.998.6580

Elizabeth A. Fegan
Melissa Ryan Clark
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Fl.
Chicago, IL 60606
Telephone: 312.741.1019

*Counsel for Plaintiffs and the Proposed Class
(additional counsel listed below)*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741 |
| | Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: | **PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION TO POSTPONE HEARING DATE, PERMIT SUR-REPLY, STRIKE DECLARATIONS, AND FOR OTHER RELIEF BY OBJECTING CLASS MEMBERS** |
| *Ramirez, et al. v. Monsanto Co.*, Case No. 3:19-cv-02224 | |
| | Date: May 12, 2021<br>Time: 10:00 AM<br>Judge: Honorable Vince Chhabria |

**I.      Introduction**

Plaintiffs submit this response in opposition to the Administrative Motion filed by "objecting class members." Doc. 55. As discussed in Plaintiffs' opposition to the Gee Objectors' motion to strike the law professors' declarations (Doc. 12937), declarations by law professors and others have been relied upon by the judges in this District and others when evaluating class settlements. Such declarations took the same form, and embodied similar content—opinions on various issues and aspects of the proposed settlements, informed by the declarants' proffered expertise and experience—as those submitted herein.

The remaining arguments raised in the Administrative Motion target the pending filing of the revised class notices and proposal for early provision of legal assistance to class members. These are simply supplemental filings to reflect the terms of the amended settlement agreement, with the substantive amendments themselves fully described and disclosed with the reply. Issues regarding notice and the legal services were not raised at all in the Movants' initial four-page objection (Doc. 12679), save one very general objection to notice as "unlawful."

While Plaintiffs do not object to the filing of any sur-reply this Court might deem helpful, the arguments raised in the Administrative Motion appear more to delay and obstruct than offer serious legal challenge. In particular, Movants offer no basis for delaying the hearing on preliminary approval scheduled for May 12, 2021. To the contrary, Movants waited nine days after Plaintiffs' reply to ask permission to file a sur-reply. Moreover, since Movants' original objection brief contained only four pages of argument, it stands to reason any sur-reply can be equally brief and filed well in advance of the hearing.

## II.  Argument

### A.  The challenged declarations are appropriate and should not be stricken.

In addition to adopting the arguments made in the Gee Objectors' motion, Movants cite *Miller v. California Department of Corrections and Rehabilitation*, 2018 WL 534306, *21 (N.D. Cal. 2018), as support to strike the law professors' declarations. There, a pro se litigant moved to strike the defendant's medical expert opinion declaration (which was denied), while augmenting his own brief with additional, argumentative, declarations from himself. It was for this reason that the court observed that his declarations must have only facts, not "arguments about his own views as to why Defendants should be held liable ..." and why the litigant's "arguments in a declaration will be considered part of the legal brief for page limits." *Id.* The class action settlement approval process is a very different context than the proceedings in *Miller*. This Court has permitted objections and several amicus briefs at the preliminary approval stage, as well as granted the settling parties' request for additional time and briefing to make amendments, and provide information and opinion—other than our own—to fulfill the purposes of Rule 23(e) at the preliminary stage.

In one respect, Movants are correct: the declarations of Subclass 2 Representatives Cain and Sheller (Docs. 12911-10 & -11) do not have the statutory language required by 28 U.S.C. § 1746. This will be corrected and the declarations refiled promptly.

### B.  Submissions on the notice and Legal Services Program at least seven days before the preliminary approval hearing are appropriate.

The settling parties responded to objector critiques by ensuring the Legal Services Program will operate during the class notice and opt out process, by refining the class definition, and by making a series of other changes to improve, clarify, and enhance the settlement. In the "no good deed goes unpunished" category, they are now taken to task by Movants for the

necessary and appropriate steps of providing a redlined settlement agreement for convenient reference.

The revised settlement provides for the LSP to begin at preliminary approval—to be available to assist class members in making opt-out and participation decisions—rather than at final approval as originally envisioned. To implement that new term, the revised settlement requires Plaintiffs to file, seven days before the hearing, a plan to implement the LSP. Plaintiffs do not anticipate a lengthy or complex filing. Similarly, anticipated further refinements of class notice and class notice program (originally submitted on February 3, 2021) are designed simply to track the changes to the settlement.

Plaintiffs submit that these filings, fully previewed by the amendments to the settlement themselves, require neither an extension of the hearing date nor sur-replies. In any event, to avoid any issue, Plaintiffs will file the revised notices and the proposed LSP plan in advance of the original deadline, not later than **April 21** (three weeks before the hearing) for the notices, and **April 27** for the LSP proposal.

### C.   It is unnecessary and inappropriate to delay preliminary approval pending the Supreme Court's decision in *TransUnion v. Ramirez.*

Movants contend that this Court should delay preliminary approval until the Supreme Court issues a decision in *TransUnion*, even though none of the objectors (including Movants) so much as mentioned that case in their original objections.

The undersigned are well aware of the status of, and issues raised in, the *TransUnion v. Ramirez* case. Mr. Issacharoff and Lieff Cabraser, together with co-counsel, authored and filed the Respondent's brief for the Ramirez class in the Supreme Court, and Mr. Issacharoff argued for the class at the March 30, 2021 oral argument. Other than the coincidences of arising in this District, and the lead plaintiffs (no relation) having the same last name, *Ramirez v. Monsanto* and

*TransUnion v. Ramirez* have nothing in common. The *TransUnion* case asserted statutory damages under the Fair Credit Reporting Act. The class was certified for trial purposes by Magistrate Judge Corley, who likewise conducted the class trial. The class certification determination and plaintiffs' trial verdict were affirmed by the Ninth Circuit, as objectors note. The questions considered by the Supreme Court, one way or the other, are unlikely to have any impact on the proposed settlement or settlement class in this case for at least two reasons. First, the typicality issue arose from a trial, specifically in the context of an evidentiary challenge in connection with that trial; settlement class certification does not concern itself with trial issues. *See Amchem Prods., Inc. v Windsor*, 521 U.S. 591, 620 (1997). Second, the typicality challenge there is about whether a plaintiff with potential actual damages can represent a class seeking only statutory damages. *See* Br. for Pet., *Ramirez v. TransUnion LLC*, U.S. No. 20-297, 2021 WL 409753, at *45-46 (Feb. 1, 2021). Nothing like those facts is present here.

Even if the *TransUnion* issues were pertinent to the Court's settlement-purposes class certification decision in this case, we note that, as the 2018 Amendments to Rule 23(e) and (f) clarified, the class certification decision is not made at the preliminary approval stage. Rather, it occurs in connection with final settlement approval, after class notice has gone out, after objections have been filed, after the opt-out deadline has passed, and after the final approval hearing has been held. The settling parties seek a class notice and opt-out period of 150 days (five months). If preliminary approval were granted on the day of the preliminary hearing, May 12, that deadline would be in mid-October. The final approval hearing would likely not occur until sometime in November, depending on the Court's calendaring preference. The Supreme Court will have issued its opinion in *TransUnion* long before then, for whatever bearing it might conceivably have.

### III. Conclusion

Plaintiffs respectfully request that Movants' administrative motion be denied.

Dated: April 19, 2021                    Respectfully submitted,

*/s/ Elizabeth J. Cabraser*
Robert L. Lieff (of counsel) (SBN 037568)
Elizabeth J. Cabraser (SBN 083151)
Kevin R. Budner (SBN 287271)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008
rlieff@lchb.com
ecabraser@lchb.com
kbudner@lchb.com

Steven E. Fineman (SBN 140335)
Wendy R. Fleishman
Rhea Ghosh
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
sfineman@lchb.com
wfleishman@lchb.com
rghosh@lchb.com

Andrew R. Kaufman
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue South, Suite 1640
Nashville, TN 37201
Telephone: 615.313.9000
akaufman@lchb.com

Elizabeth A Fegan
*Proposed Subclass 2 Counsel*
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: 312.741.1019
beth@feganscott.com

Melissa Ryan Clark
FEGAN SCOTT LLC
140 Broadway, 46th Floor
New York, NY 10005
Telephone: 347.353.1150
Melissa@feganscott.com

James R. Dugan, II
TerriAnne Benedetto
*Proposed Subclass 2 Counsel*
David S. Scalia
THE DUGAN LAW FIRM, APLC
One Canal Place
365 Canal Street, Suite 1000
New Orleans, LA 70130
Telephone: 504.648.0180
jdugan@dugan-lawfirm.com
tbenedetto@dugan-lawfirm.com
dscalia@dugan-lawfirm.com

William M. Audet (SBN 117456)
*Proposed Subclass 1 Counsel*
Ling Y. Kuang (SBN 296873)
AUDET & PARTNERS, LLP
711 Van Ness, Suite 500
San Francisco, CA 94102-3229
Telephone: 415.568.2555
waudet@audetlaw.com
lkuang@audetlaw.com

Samuel Issacharoff
40 Washington Square South
Suite 411J
New York, NY 10012
Telephone: 212.998.6580
si13@nyu.edu

*Counsel for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 19, 2021, service of this document was accomplished pursuant to the Court's electronic filing procedures by filing this document through the ECF system.

 /s/ *Elizabeth J. Cabraser*
Elizabeth J. Cabraser