Elizabeth J. Cabraser (SBN 083151)
Robert L. Lieff (SBN 037568)
Steven E. Fineman (SBN 140335)
Andrew R. Kaufman
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
ecabraser@lchb.com

William M. Audet (SBN 117456)
AUDET & PARTNERS, LLP
711 Van Ness, Suite 500
San Francisco, CA 94102-3229
Telephone: 415.568.2555

James R. Dugan, II
TerriAnne Benedetto
THE DUGAN LAW FIRM, APLC
One Canal Place
365 Canal Street, Suite 1000
New Orleans, LA 70130
Telephone: 504.648.0180

Samuel Issacharoff
40 Washington Square South
Suite 411J
New York, NY 10012
Telephone: 212.998.6580

Elizabeth A. Fegan
Melissa Ryan Clark
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Fl.
Chicago, IL 60606
Telephone: 312.741.1019

*Counsel for Plaintiffs and the Proposed Class
(additional counsel listed below)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741 |
| | Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: | **NOTICE RE: PRELIMINARY PLAN FOR OPERATION OF LEGAL SERVICES PROGRAM** |
| *Ramirez, et al. v. Monsanto Co.*, Case No. 3:19-cv-02224 | Date: May 19, 2021
Time: 10:00 AM
Place: Courtroom 4, 17th Floor (Videoconference)
Judge: Honorable Vince Chhabria |

The Class Action Settlement Agreement (as amended April 7, 2021) provides class members free counsel in the form of the Legal Services Program ("LSP") from the beginning of the class notice and opt-out period through the duration of the compensation program. The settlement agreement includes the following about the LSP's key features:

(1) **Purpose**: "[T]o afford free legal advice to Settlement Class Member Parties regarding their options and rights under the Settlement Agreement," "to assist them in registering and applying for benefits under the Settlement Agreement," and to advise them "with respect to their decisions whether or not to exercise" their opt-out rights. Settlement (Doc. 12911-1) §§ 11.3(a), (c).

(2) **Duration**: Beginning "within 20 days after entry of the Preliminary Approval Order and continu[ing]" for the five months between preliminary and final approval and for the duration of the four-year settlement period. Settlement § 11.2.

(3) **Structure**: "[A]dministered" by Class Counsel, who will staff the LSP and select and "supervise" other "law firms with substantial mass tort experience as . . . appropriate to fulfill the [LSP's] purpose," with a "priority given to law firms with experience" in Roundup litigation. Settlement §§ 11.1, 11.3(b).

(4) **Compensation and funding**: "Class Counsel, in consultation with the Settlement Administrator, will negotiate the compensation of each of the [LSP] counsel, accounting for any pre-set fee schedule and multiplier," which will be funded by up to 40% of Class Counsel's Court-awarded attorneys' fees. Settlement §§ 11.4, 11.5.

The settlement also contemplates that Class Counsel—after consulting with Defendant and the Settlement Administrator, and no later than seven days prior to the preliminary approval hearing—will submit "a preliminary plan for operation" of the LSP. Settlement § 11.3(a). That

preliminary plan is outlined below.

## I. The LSP is designed to educate, advise, and assist Class Members throughout the settlement period.

The LSP's purpose is to help Class Members understand and vindicate their rights under the settlement, and to do so at no cost to the Class. The services provided by the LSP to effectuate that purpose will run the gamut. One of its primary roles throughout the four-year period will be to field questions and educate class members about the settlement's many features. Because the program will commence just weeks (no later than 20 days) after preliminary approval, moreover, the LSP will also be prepared to advise class members on the threshold question of whether to opt out of or stay in the class.[1]

Once the settlement receives final approval, the LSP's principal function will be to help class members understand and navigate their options in the compensation program. Class Counsel anticipate that in this role LSP counsel will, among other things: (1) explain the differences between the accelerated payments and the claims program and, as appropriate, advise class members based on their individual circumstances; (2) help class members complete and submit claim forms; (3) help class members locate and compile claim package documentation, including by assisting them in obtaining medical records and documents sufficient to demonstrate Roundup exposure; (4) counsel class members on their options after receiving an offer; and (5) assist with any appeals from eligibility determinations and mediations resulting from unsatisfactory compensation awards.

To be clear, the LSP is not merely a second claims administrator assisting with the procedural mechanics of the settlement. It's a lawyer-run program dedicated to informing,

---

[1] The LSP is designed to provide class members seeking advice on their opt-out decision the opportunity to confer with an independent (non-Class Counsel) attorney with relevant mass tort experience.

advising, and assisting the Class. LSP counsel will form attorney-client relationships with class members that utilize the program and will represent their individual interests zealously throughout the settlement program. Settlement § 11.3(a). At all stages, moreover, the LSP will have the staffing and resources to assist class members in both English and Spanish. Should the need arise, the LSP will also staff those able to assist in additional languages.

## II. The LSP will be easy to find and reach.

The LSP will have a toll-free hotline, email address, and web-based messaging system. The LSP's contact information will feature prominently on the many notice materials described in the Declaration of Shannon R. Wheatman (Doc. 12975) and on the settlement website. It will also be provided to any class member who contacts the claims administrator seeking counsel. In other words, virtually every official communication with class members will alert and remind them that the LSP is standing by and ready to assist.

## III. The LSP will be administered efficiently to ensure timely and effective assistance.

The precise mechanics of the LSP program are being developed in consultation with the claims administrator and others with expertise in state-of-the-art communications technology. These discussions, and the detailed program that emerges from them, will be guided by the following core principles.

First, the LSP will be accessible. There will be several options for class members to contact the LSP—including a toll-free hotline, email address, and secure, web-based messaging system—all of which will be user-friendly.

Second, the intake system will be designed to route class members to the appropriate resource(s) as efficiently and seamlessly as possible. This means, among other things, that all contacts will be logged in real time, and any inquiries that are not addressed in the first contact will receive prompt follow up.

Third, all personnel involved in the response team and operation of the LSP will be well-trained—including in all the information contained in settlement agreement and the Long Form notice—to ensure the process is both helpful and efficient.

Fourth, attorneys will available throughout. Where it is clear from the face of the initial outreach (e.g., email, messaging platform, call, or voicemail) that the class member is seeking specific legal advice (rather than generic settlement information), the class member will be assigned to an attorney, ideally in a seamless transition without requiring a callback. Any class member who is seeking legal advice, or whose question is not otherwise satisfactorily addressed by the initial communication from a paraprofessional or other LSP staff member, will be assigned an attorney for either immediate assistance or prompt follow up.

Finally, every LSP communication with a Class Member will be logged in a database to memorialize the communication, track the content of the inquiries, ensure continuity of communication, and enable oversight and quality control. The confidentiality of Class member communications will be maintained throughout, and LSP usage data will be provided confidentially to the Court as requested.

Class Counsel also acknowledge that the LSP must be dynamic to adapt to the needs of the class. Class Counsel will meet with the LSP leadership on a monthly basis (and more frequently, if needed) to troubleshoot any unforeseen difficulties and ensure that the program is as effective as possible.

### IV. The LSP will include Class Counsel and other lawyers with substantial mass tort experience and other relevant qualifications.

As noted above and set forth in the settlement agreement, Class Counsel and their respective law firms will serve among LSP counsel. They will also select and supervise additional "law firms with mass tort experience . . . with a priority given to law firms with

experience representing individuals who brought Roundup Claims." Settlement § 11.3(b). Class Counsel will select additional counsel "in consultation with the Settlement Administrator" (*id.*), and will advise the Court before any non-Class Counsel firms officially join the LSP. Finally, although the LSP will function as a unified and cohesive program, for the convenience of the class members, LSP counsel will be geographically diverse, located in every time zone and major geographic region. Class Counsel will therefore obtain and retain the staff, equipment, and facilities necessary to provide the requisite support and effectuate the LSP's mission.

### V. The LSP will be completely free to class members, and LSP counsel will be compensated from Class Counsel's Court-awarded fees.

Nothing in the settlement prohibits class members from hiring their own lawyers at their own expense. The class notice makes this clear, in accord with Fed. R. Civ. P. 23(c)(2). But class members will not be charged for the services provided by the LSP. Settlement § 11.4 ("Neither Class Counsel nor any Legal Services Program Counsel shall have any entitlement to any portion of a Settlement Class Member's Compensation Award, including attorneys' fees under Section 6.2(d).").

LSP counsel will instead be compensated from any fees awarded to Class Counsel by the Court in connection with final approval. Settlement § 11.5 ("Class Counsel will make up to 40% of" any Court-awarded fees available to fund the LSP.). With the assistance and oversight of the Settlement Administrator, Class Counsel will negotiate reasonable hourly rates with LSP counsel in advance and will require them to maintain and submit detailed contemporaneous time records that identify, among other things, the specific task(s) performed and class member(s) assisted. Class Counsel's fee application will address this in more detail and further explain the basis of the portion of application associated with the LSP.

The only minor exception to the fee structure above applies to work performed and

expenses incurred in the five months between preliminary and final approval. If the Court so orders in conjunction with *preliminary* approval, Monsanto has agreed to contribute $5 million (to be credited against its payment of Class Counsel fees ultimately awarded by the Court), which will be deposited into an escrow account, and—upon request from Class Counsel (supported by detailed billing records) and approval from the Settlement Administrator—distributed to compensate independent LSP counsel during this interim period and pay costs and expenses incurred to operationalize the LSP. The interim funds ensure that LSP counsel, who are not financially invested in the settlement's approval, will be compensated for their independent services.

Dated: April 27, 2021   Respectfully submitted,

*/s/ Elizabeth J. Cabraser*
Elizabeth J. Cabraser (SBN 083151)
Robert L. Lieff (of counsel) (SBN 037568)
Kevin R. Budner (SBN 287271)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008
ecabraser@lchb.com
rlieff@lchb.com
kbudner@lchb.com

Steven E. Fineman (SBN 140335)
Wendy R. Fleishman
Rhea Ghosh
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: 212.355.9500
sfineman@lchb.com
wfleishman@lchb.com
rghosh@lchb.com

Andrew R. Kaufman
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue South, Suite 1640
Nashville, TN 37201
Telephone: 615.313.9000
akaufman@lchb.com

Elizabeth A Fegan
 *Proposed Subclass 2 Counsel*
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: 312.741.1019
beth@feganscott.com

Melissa Ryan Clark
FEGAN SCOTT LLC
140 Broadway, 46th Floor
New York, NY 10005
Telephone: 347.353.1150
melissa@feganscott.com

James R. Dugan, II
TerriAnne Benedetto
 *Proposed Subclass 2 Counsel*
David S. Scalia
THE DUGAN LAW FIRM, APLC
One Canal Place
365 Canal Street, Suite 1000
New Orleans, LA 70130
Telephone: 504.648.0180
jdugan@dugan-lawfirm.com
tbenedetto@dugan-lawfirm.com
dscalia@dugan-lawfirm.com

William M. Audet (SBN 117456)
 *Proposed Subclass 1 Counsel*
Ling Y. Kuang (SBN 296873)
AUDET & PARTNERS, LLP
711 Van Ness, Suite 500
San Francisco, CA 94102-3229
Telephone: 415.568.2555
waudet@audetlaw.com
lkuang@audetlaw.com

Samuel Issacharoff
40 Washington Square South
Suite 411J
New York, NY 10012
Telephone: 212.998.6580
si13@nyu.edu

*Counsel for Plaintiffs and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on April 27, 2021, service of this document was accomplished pursuant to the Court's electronic filing procedures by filing this document through the ECF system.

    /s/ *Elizabeth J. Cabraser*
    Elizabeth J. Cabraser