UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION

Case No. 16-MD-2741-VC

THIS DOCUMENT RELATES TO

Bundy v. Monsanto, 20-cv-06345-VC
_____/

**PLAINTIFF, ROBERT BUNDY'S MOTION FOR LEAVE TO AMEND COMPLAINT TO JOIN ADDITIONAL PARTY DEFENDANT, FOR REMAND DUE TO A LACK OF DIVERSITY, AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

COMES NOW, Plaintiff, Robert Bundy, by and through his undersigned counsel, and files this Motion for Leave to Amend Complaint to Join Additional Party Defendant, for Remand Due to a Lack of Diversity, and Incorporated Memorandum of Law in Support, and would state:

## MOTION

1. This case involves literally thousands of individual lawsuits by individuals who used the "Roundup" weed killing product manufactured by Defendant, Monsanto Co. The claimants have suffered from lymphoma as a result of contact with the "Roundup" product.

2. Plaintiff, Robert Bundy, owned a landscaping business. Every day for over 6 years, he sprayed Roundup as part of his business. Like many, if not all, of the other claimants in the Roundup litigation, he was diagnosed with Hodgkins lymphoma.

3. Robert Bundy filed suit in the Circuit Court in and for Sarasota County, Florida. The lawsuit was removed to Federal Court based on diversity jurisdiction. Thereafter, the case was consolidated with the other Roundup cases, and was joined as part of the Court's "multidistrict lawsuit."

4. Plaintiff has identified M&W Supply, Inc. as the party responsible for selling to Plaintiff much if not most of the Roundup Plaintiff was exposed to.

5. In this motion, the Plaintiff seeks leave of the Court to amend his Complaint to 1) join M&W Supply, Inc., as a party defendant, and 2) raise claims for strict liability against M&W Supply, Inc., for distributing/selling an inherently dangerous product. The proposed Amended Complaint is attached hereto as Exhibit "A".

6. Upon the joinder of M&W Supply, Inc., a Florida for profit corporation, as a party Defendant, diversity jurisdiction will no longer exist, such that the case must be remanded back to the Circuit Court in and for Sarasota County, Florida.

## MEMORANDUM OF LAW

**A. The Plaintiff requires leave to amend to join M&W Supply, Inc. as an additional party Defendant, and to raise claims against it.**

Rule 20 of the Federal Rules of Civil Procedure, entitled and governing "Permissive Joinder of Parties," provides, in relevant part, as follows:

(a) Persons Who May Join or Be Joined.
\* \* \*
(2) Defendants. Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

The requirements of Rule 20(a) are construed liberally in order to promote broadest scope of action consistent with fairness to parties. See e.g., Cordero v. AT&T, 190 F.R.D. 26, 1999 U.S. Dist. LEXIS 17650 (D.P.R. 1999).

Similarly, with regard to the Plaintiff's right to raise claims against the new Defendant, Rule 15 of the Federal Rules of Civil Procedure, entitled and governing "Amended and

Supplemental Pleadings," provides, in relevant part, as follows:

(a) Amendments Before Trial.

\* \* \*

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. ***The court should freely give leave when justice so requires***. (Emphasis added).

Like Rule 20, Rule 15 is to be liberally construed in favor of amendments. See e.g., Gallahar v. George A. Rheman Co., 50 F. Supp. 655, 1943 U.S. Dist. LEXIS 2460 (D. Ga. 1943)(observing that the philosophy of the Federal Rules of Civil Procedure is to discourage separate actions which make for multiplicity of suits and wherever possible to permit, and sometimes require, combining in one litigation all cross-claims of parties, particularly where they arise out of same transaction; amendments are more liberally allowed under Federal Rules than before.).

The substantive merit to the Plaintiff's claim against the distributor of the inherently dangerous "Roundup" product is established. By way of example only, the court in Johnson v. Monsanto Co., No. 16-cv-01244-MMC, 2016 U.S. Dist. LEXIS 58309, at *5-7 (N.D. Cal. May 2, 2016), held as follows:

> In its Notice of Removal, Monsanto initially argues that Wilbur-Ellis Co. has been fraudulently joined, for the asserted reason that the complaint lacks "specific factual allegations of liability" on the part of Wilbur-Ellis Co. (See Notice of Removal ¶ 16.) The Court is not persuaded. As noted, plaintiff alleges Roundup is a defective product due to the presence therein of glyphosate (see Compl. PP 22, 56-62, 64, 81-82); plaintiff further alleges Wilbur-Ellis was "one of the distributors providing Roundup and other glyphosate-containing products actually used by [p]laintiff" (see Compl. ¶ 71). Under California law, an entity that places a "defective product into the stream of commerce" can be held strictly liable for injuries caused by that product. See Bell v. Industrial Vangas, Inc., 30 Cal. 3d 268, 271 n.1, 279, 179 Cal. Rptr. 30, 637 P.2d 266 (1981). To the extent Monsanto is contending plaintiff's allegations as to the nature of the defect or Wilbur-Ellis Co.'s role as a distributor are not sufficiently detailed, such argument is unavailing, as Monsanto has not shown the state court would preclude amendment.

In keeping with this holding, the court in Taylor v. Costco Wholesale Corp., No. 2:20-cv-00655-KJM-DMC, 2020 U.S. Dist. LEXIS 187348, at *1-2 (E.D. Cal. Oct. 7, 2020), observed as follows regarding a claim against the retailer Costco for selling Roundup:

> In this putative class action, plaintiff sues Costco, a retailer, for selling Roundup, a weed killer containing an allegedly cancer-causing chemical, glyphosate. Compl. ¶¶ 1-2, ECF No. 1. Monsanto, the manufacturer of Roundup, is not a party to the case. Plaintiff purchased Roundup twice from a Costco store in Shasta County. Id. ¶ 79. Defendant did not provide any information that Roundup was carcinogenic. Id. ¶ 80. Plaintiff asserts he would not have purchased Roundup if he had known of its carcinogenic properties. Id. ¶ 82.
>
> * * *
>
> A court should give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Rule 15 of the Federal Rules of Civil Procedure evinces a preference for leave to amend that is "to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). It may be an abuse of discretion to dismiss with prejudice unless it is clear that the complaint could not be saved by amendment. Id. at 1052.
>
> Because the court cannot conclude no facts exist that could support Costco's personal participation in the scheme, the court grants leave to amend.

As is seen in the above-cited authorities, Roundup has been determined to be inherently dangerous, and retailers of Roundup have been held liable for participating in the chain of commerce leading to injuries from its use. The substantive merit to the Plaintiff's requested amendment is clear.

Under the authorities set forth above, this Court must grant the Plaintiff's Motion for Leave to Amend his Complaint to add M&W Supply, Inc., as a party Defendant and raise claims against it.

**B.     Upon joinder of M&W Supply, Inc., diversity jurisdiction is lost, and the case must be remanded to the Circuit Court in and for Sarasota County, Florida.**

The joinder of M&W Supply, Inc., destroys diversity jurisdiction in this case as M&W Supply, Inc., was formed and operated in the State of Florida. The court in Johnson v. Monsanto Co., No. 16-cv-01244-MMC, 2016 U.S. Dist. LEXIS 58309, at *5-7 (N.D. Cal. May 2, 2016), specifically analyzed this issue. In doing so, the Johnson court rejected Monsanto's attempt to claim that the joinder of the retailer of Roundup was improper as it was "fraudulently" directed at destroying diversity. In rejecting this argument, the Johnson court engaged in the following analysis:

> Plaintiff seeks remand on the ground that diversity of citizenship does not exist.

Specifically, plaintiff argues that Monsanto has failed to show Gould, Wilbur-Ellis Co. and Wilbur-Ellis Feed are fraudulently joined as defendants.

A district court has diversity jurisdiction where an action is between citizens of different states and the amount in controversy exceeds the sum of $75,000. See 28 U.S.C. § 1332(a). As noted above, Monsanto acknowledges that each defendant other than itself is a citizen of California, as is plaintiff, but contends the citizenship of each defendant other than itself should be disregarded. As discussed below, the Court finds Monsanto has failed to show Wilbur-Ellis Co. has been fraudulently joined.

"Fraudulent joinder is a term of art." See McCabe v. General Foods Corp., 811 F. 2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." See id. In seeking to establish a non-diverse defendant has been fraudulently joined, the removing defendant "is entitled to present the facts showing the joinder to be fraudulent." See id. Thus, in determining whether a defendant has been fraudulently joined, the district court may look beyond the pleadings and consider evidence submitted by the parties. See Morris v. Princess Cruises, Inc., 236 F. 3d 1061, 1068 (9th Cir. 2001) (holding "fraudulent joinder claims may be resolved by piercing the pleadings and considering summary judgment-type evidence such as affidavits") (internal quotation and citation omitted). The burden is on the removing defendant to prove "by clear and convincing evidence" that the plaintiff cannot prevail against the non-diverse defendant. See Hamilton Materials, Inc. v. Dow Chemical Corp., 494 F. 3d 1203, 1206 (9th Cir. 2007) (holding removing defendant's burden is to show it is "not possible" for plaintiff to prevail against non-diverse defendant).

In its Notice of Removal, Monsanto initially argues that Wilbur-Ellis Co. has been fraudulently joined, for the asserted reason that the complaint lacks "specific factual allegations of liability" on the part of Wilbur-Ellis Co. (See Notice of Removal ¶ 16.) The Court is not persuaded. As noted, plaintiff alleges Roundup is a defective product due to the presence therein of glyphosate (see Compl. PP 22, 56-62, 64, 81-82); plaintiff further alleges Wilbur-Ellis was "one of the distributors providing Roundup and other glyphosate-containing products actually used by [p]laintiff" (see Compl. ¶ 71). Under California law, an entity that places a "defective product into the stream of commerce" can be held strictly liable for injuries caused by that product. See Bell v. Industrial Vangas, Inc., 30 Cal. 3d 268, 271 n.1, 279, 179 Cal. Rptr. 30, 637 P.2d 266 (1981). To the extent Monsanto is contending plaintiff's allegations as to the nature of the defect or Wilbur-Ellis Co.'s role as a distributor are not sufficiently detailed, such argument is unavailing, as Monsanto has not shown the state court would preclude amendment. See Albi v. Street & Smith Publications, Inc., 140 F.2d 310, 312 & n.4 (9th Cir. 1944) (holding "[a] merely defective statement of the plaintiff's action does not warrant removal"; explaining, "[t]he plaintiff's right to retain the action in state court should not be defeated by a mere failure, through inadvertence or want of skill, perfectly to state the facts constituting the cause of action"); see also, e.g., Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (holding, where removing defendant bases fraudulent joinder argument on pleading deficiency, "[r]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency") (internal quotation, citation, and alteration omitted).

> Monsanto also relies on a declaration by Scott M. Hushbeck ("Hushbeck"), a Vice-President of Wilbur-Ellis Co., which declaration, Monsanto argues, "contradicts the [c]omplaint." (See Monsanto's Opp. to Pl.'s Mot. to Remand at 1:11.) In his declaration, Hushbeck states that Wilbur-Ellis Co. "has not sold Roundup, RangerPro, or any other glyphosate-containing products to the Benicia Unified School District (CA) or the City of Benicia (CA)" (see Hushbeck Decl. ¶ 5), and that, "[p]rior to 2015, Wilbur-Ellis [Co.] did not have any knowledge of any potential risk of cancer, including non-Hodgkin lymphoma, from Roundup, RangerPro, or any other glyphosate-containing products" (see id. ¶ 7). Assuming the truth of the statements made therein, Hushbeck's declaration nonetheless is insufficient to support a finding of fraudulent joinder. In particular, Monsanto has not thereby shown plaintiff's inability to establish, as against Wilbur-Ellis Co., a claim for strict products liability. See, e.g., Hamilton Materials, 494 F.3d at 1206 (requiring defendant to show, "by clear and convincing evidence," it is "not possible" for plaintiff to prevail against non-diverse defendant). First, nothing in the declaration forecloses plaintiff from establishing his employer purchased Roundup from a retailer or other provider which, in turn, had obtained Roundup from Wilbur-Ellis Co. Second, Wilbur-Ellis Co.'s asserted lack of knowledge of the defect at the time plaintiff used Roundup does not foreclose a claim of strict liability based on a theory of design defect, as knowledge of the alleged defect is not an element of such claim. See Brown v. Superior Court, 44 Cal. 3d 1049, 1056-57, 245 Cal. Rptr. 412, 751 P.2d 470 (1988) (explaining that strict liability "focuses not on the conduct of the [defendant] but on the product itself, and holds the [defendant] liable if the product was defective" and the product "proximately caused injury").
>
> Accordingly, as Monsanto has not shown Wilbur-Ellis Co. is fraudulently joined as a defendant, the Court lacks diversity jurisdiction over the above-titled action, and the motion to remand will be granted.

The *exact* same situation exists in this case, and the eminently proper joinder of M&W Supply, Inc., as a party Defendant destroys diversity jurisdiction as a matter of law. As such, the result in Johnson applies here and mandates remand of this case to the Circuit Court in and for Sarasota County, Florida.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests this Court to grant its Motion for Leave to Amend its Complaint to join M&W Supply, Inc., as a party Defendant and raise claims against it. The proposed Second Amended Complaint is attached hereto as Exhibit "A" and the Plaintiff requests that it be deemed filed upon this Court's granting of the Motion for Leave to Amend. Moreover, upon granting the Motion for Leave to Amend, diversity jurisdiction is lost, such that the Plaintiff moves for this Court to remand the case back to the

Circuit Court in and for Sarasota County, Florida.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on April 28th, 2021, and was provided via email to Anthony N. Upshaw, Esq. and Melissa R. Alvarez, Esq., McDermott Will & Emery, LLP 333 SE 2nd Avenue, Suite 4500, Miami, FL 33131 (aupshaw@mwe.com) and (malvarez@mwe.com) and Joe G. Hollingsworth, Esq., Hollingsworth LLP, 1350 I Street N.W., Washington, D.C. 20005 (jhollingsworth@hollingsworthllp.com).

**ICARD, MERRILL, CULLIS, TIMM,
FUREN & GINSBURG, P.A.**
2033 Main Street, Suite 600
Postal Drawer 4195
Sarasota, Florida 34230
(941) 366-8100 - Phone
(941) 366-6384 - Fax

ANTHONY J. MANGANIELLO, III, ESQ.
Florida Bar No. 0052307
***Attorneys for Plaintiff, BUNDY***