1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:      (713) 227-8008
Facsimile:      (713) 227-9508
Email:           jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Allen Boatright v. Monsanto Company,*<br>Case No. 3:21-cv-00675-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in Plaintiff Allen Boatright's Complaint ("Complaint"), except as set forth below.   As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

1.      Monsanto denies the allegations in paragraph 1.

2.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

3.     The allegations in paragraph 3 comprise attorney characterizations and are accordingly denied. Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

4.     In response to the allegations in the first sentence of paragraph 4, Monsanto admits that it is a Delaware corporation with its headquarters and principal place of business in St. Louis County, Missouri. In response to the allegations in the second sentence of paragraph 4, Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate and that Monsanto has manufactured Roundup®-branded products that have glyphosate as the active ingredient, but notes that Monsanto has not been the only manufacturer of glyphosate-based herbicides.

5.     The allegations in the first, second, third, and fourth sentences of paragraph 5 do not require a response from Monsanto because these allegations relate to a defendant other than Monsanto. In response to the allegations in the last sentence of paragraph 5, Monsanto denies – and objects to – allegations by plaintiff that purports to lump Monsanto together with other defendants. Monsanto responds to this Complaint only on behalf of Monsanto and not on behalf of any other defendant. The remaining allegations in paragraph 5 are conclusions of law for which no response is required.

6.     The allegations in paragraph 6 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 6 based upon the allegations in plaintiff's Complaint.

7.     The allegations in paragraph 7 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto denies the allegation in paragraph 7.

8.     In response to the first sentence of paragraph 8, Monsanto admits that it is authorized to do business in Florida. The remaining allegations in the first sentence of paragraph 8 are vague and conclusory and comprise attorney characterizations and are accordingly denied. In response to the second sentence of paragraph 8, Monsanto admits that it was the entity that

discovered the herbicidal properties of glyphosate and that Monsanto manufactures Roundup®-branded products that have glyphosate as the active ingredient, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides. In response to the remaining allegations in the second sentence of paragraph 8, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff purchased Roundup®-branded products and therefore denies those allegations.

9.     The allegations in paragraph 9 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 9.

10.     In response to the allegations in paragraph 10, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations. The remaining allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.     Monsanto admits that the Judicial Panel on Multidistrict Litigation ordered that federal court lawsuits filed by plaintiffs alleging that Roundup®-branded herbicides caused them to develop non-Hodgkin's lymphoma be transferred to this Court for coordinated or consolidated pretrial proceedings. *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 2016 WL 5845994 (J.P.M.L. Oct. 3, 2016). Monsanto denies the remaining allegations in paragraph 11.

12.     Monsanto admits the allegations in paragraph 12.

13.     In response to the allegations in paragraph 13, Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 13 comprise attorney characterizations and are accordingly denied.

14.     Monsanto admits the allegations in the first sentence of paragraph 14. Monsanto denies the allegations in the second sentence of paragraph 14 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant. Monsanto denies the allegations in the third sentence of paragraph 14 to the extent that they

suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

15.     In response to the allegations in paragraph 15, Monsanto admits that certain Roundup®-branded herbicides contain POEA and adjuvants, that EPA has classified surfactants and adjuvants as inert, and that the specific surfactants and adjuvants used in Roundup®-branded herbicides – like those in other manufacturers' herbicide products – are protected by EPA as "trade secrets." Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health. Monsanto denies the remaining allegations in paragraph 15.

16.     Monsanto admits the allegations in the first two sentences of paragraph 16 and admits that it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). Monsanto denies the remaining allegations in paragraph 16.

17.     In response to the allegations in the first sentence of paragraph 17, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto has not been the only manufacturer of glyphosate-based herbicides. Monsanto admits the remaining allegations in paragraph 17.

18.     Monsanto denies the allegations in paragraph 18.

19.     In response to the allegations in paragraph 19, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings. Monsanto also admits that the EPA repeatedly has concluded pursuant to the FIFRA that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label. To the extent that paragraph 19 alleges that Monsanto has labeled glyphosate-based or Roundup®-branded herbicides in any manner different or in addition to such regulatory

- 4 -

1   approval, Monsanto denies such allegations. Monsanto denies the allegations in the final

2   sentence of paragraph 19.

3       20.     The allegations in paragraph 20 set forth conclusions of law for which no

4   response is required. To the extent that a response is deemed required, Monsanto admits the

5   allegations in paragraph 20.

6       21.     In response to the allegations in paragraph 21, Monsanto admits that EPA requires

7   registrants of herbicides to submit extensive data in support of the human health and

8   environmental safety of their products and further admits that EPA will not register or approve

9   the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. The remaining

10  allegations in paragraph 21 set forth conclusions of law for which no response is required.

11      22.     The allegations in paragraph 22 set forth conclusions of law for which no

12  response is required.

13      23.     Monsanto admits that Roundup®-branded products are registered by EPA for

14  manufacture, sale and distribution and are registered by the State of Florida for sale and

15  distribution.

16      24.     In response to the allegations in paragraph 24, Monsanto admits that EPA requires

17  registrants of herbicides to submit extensive data in support of the human health and

18  environmental safety of their products and further admits that EPA will not register or approve

19  the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. Monsanto

20  states that the term "the product tests" in the final sentence of paragraph 24 is vague and

21  ambiguous, and Monsanto therefore denies the same. The remaining allegations in paragraph 24

22  set forth conclusions of law for which no response is required.

23      25.     In response to the allegations in paragraph 25, Monsanto admits that an EPA

24  review committee classified glyphosate as Class C in 1985 based on limited data and that EPA

25  changed its classification of glyphosate to Group E based upon a full evaluation of the scientific

26  evidence, including but not limited to three animal carcinogenicity studies. Monsanto admits that

27  plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-00675-VC

1    designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate

2    does not pose any cancer risk to humans. In addition to the conclusions in the two EPA OPP

3    reports and the EPA CARC Final Report discussed above, other specific findings of safety

4    include:

5    • "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows
         evidence of non-carcinogenicity for humans—based on the lack of convincing

6         evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration
         Eligibility    Decision    (RED)    Facts*,    2    (Sept.    1993),

7         http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

8    • "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg.
         60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

9

10   • "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed.
         Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

11

12   • "There is [an] extensive database available on glyphosate, which indicate[s] that
         glyphosate is not mutagenic, not a carcinogen, and not a developmental or

13        reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586,
         73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

14
     • "EPA has concluded that glyphosate does not pose a cancer risk to humans." 78 Fed.
15        Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

16   • "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible
         cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of

17        research does not provide evidence to show that [g]lyphosate causes cancer and does
         not warrant any change in the EPA's cancer classification for [g]lyphosate."

18        *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder
         Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th

19        Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of
         Pesticide Programs), http://www.ag.senate.gov/templates /watch.cfm?id=74793e67-

20        5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20.

21

22   Monsanto denies the remaining allegations in paragraph 25.

23        26.    In response to the allegations in paragraph 26, Monsanto admits that it — along

24   with a large number of other companies and governmental agencies — was defrauded by two

25   chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct

26   testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct

27   toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any

28

- 6 -

glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") studies. To the extent that the allegations in paragraph 26 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

27.     In response to the allegations in paragraph 27, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

28.     Monsanto denies the allegations in paragraph 28 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid. As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 28 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied.

29.     In response to the allegations in paragraph 29, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

30.     In response to the allegations in paragraph 30, Monsanto admits that it — along with numerous other private companies — hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products. Monsanto further

admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost. To the extent that the allegations in paragraph 30 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

31.     Monsanto denies the allegations in paragraph 31.

32.     In response to the allegations in paragraph 32, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety. Monsanto also admits that the patent for glyphosate expired in the United States in 2000. The remaining allegations in paragraph 32 are vague and conclusory, comprise attorney characterizations, and are accordingly denied.

33.     In response to the allegations in paragraph 33, Monsanto admits that following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 33 and accordingly denies those allegations. The remaining allegations in paragraph 33 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

34.     In response to the allegations in paragraph 34, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it is the only company that sells glyphosate or glyphosate-based herbicides. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 34 and accordingly denies the same. The remaining allegations in paragraph 34 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

35.     In response to the allegations in the first sentence of paragraph 35, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled

glyphosate products as approved by regulatory bodies consistent with those findings. Monsanto also admits that the EPA repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label. To the extent that the first sentence of paragraph 35 alleges that Monsanto has labeled glyphosate-based or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations. Monsanto denies the allegations in the second sentence of paragraph 35.

36.     In response to the allegations in paragraph 36, Monsanto denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors. Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies. Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.

37.     Monsanto denies the allegations in paragraph 37.

38.     Monsanto denies the allegations in paragraph 38. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

39.     Monsanto denies the allegations in paragraph 39.

40.     The allegations in paragraph 40 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

41.     The allegations in paragraph 41 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

42.     Monsanto denies the allegations in paragraph 42.

43.     The allegations in paragraph 43 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

44.     Monsanto denies the allegations in paragraph 44.

45.     Monsanto denies the allegations in paragraph 45.

46.     The allegations in paragraph 46 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

47.     The allegations in paragraph 47 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

48.     The allegations in paragraph 48 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

49.     The allegations in paragraph 49 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

50.     The allegations in paragraph 50 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

51.     The allegations in paragraph 51 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

52.     The allegations in paragraph 52 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

53.     The allegations in paragraph 53 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

54.     Monsanto denies the allegations in paragraph 54.

55.     Monsanto denies the allegations in paragraph 55.

56.     Monsanto denies the allegations in paragraph 56.

57.     The allegations in paragraph 57 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

58.     The allegations in paragraph 58 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

59.     The allegations in paragraph 59 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

60.     The allegations in paragraph 60 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

61.     Monsanto denies the allegations in the first sentence of paragraph 61. The remaining allegations in paragraph 61 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

62.     The allegations in paragraph 62 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-00675-VC

63.     The allegations in paragraph 63 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

64.     The allegations in paragraph 64 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

65.     The allegations in paragraph 65 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

66.     The allegations in paragraph 66 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

67.     Monsanto denies the allegations in paragraph 67.

68.     The allegations in paragraph 68 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

69.     Monsanto denies the allegations in paragraph 69.

70.     The allegations in paragraph 70 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

71.     In response to the allegations in the first and second sentence of paragraph 71, Monsanto admits that the International Agency for Research on Cancer ("IARC") released its assessment of glyphosate (Group 2A) in March 2015. The remaining allegations in paragraph 71 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

72.     The allegations in paragraph 72 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

73.     In response to the allegations in the first sentence of paragraph 73, Monsanto admits that it convened a panel of independent experts to analyze and evaluate the scientific issues addressed by IARC's glyphosate monograph. Monsanto denies the remaining allegations in paragraph 73.

74.     The allegations in paragraph 74 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

75.     The allegations in paragraph 75 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

76.     The allegations in paragraph 76 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

77.     Monsanto denies the allegations in paragraph 77.

78.     In response to the allegations in paragraph 78, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 78 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

79.     In response to the allegations in paragraph 79, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for

itself and thus does not require any further answer.  The remaining allegations in paragraph 79 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

80.     Monsanto denies the allegations in paragraph 80.

81.     Monsanto admits the allegations in the first sentence of paragraph 81. Monsanto denies the allegations in the second sentence of paragraph 81 to the extent they suggest that the IARC based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

82.     Monsanto admits the allegations in the first sentence of paragraph 82. Monsanto denies the allegations in the second sentence of paragraph 82.

83.     In response to the allegations in paragraph 83, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 83, which are not limited as of any specified date, and accordingly denies the same.

84.     In response to the allegations in paragraph 84, Monsanto admits that IARC issued its monograph for glyphosate on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working group are "experts." Monsanto denies that the working group's findings reflected a comprehensive review of the latest available scientific evidence. Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available. Monsanto denies the remaining allegations in paragraph 84.

85.     In response to the allegations in paragraph 85, Monsanto admits that IARC issued its monograph for glyphosate on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific

1   evidence related to glyphosate or that the working group's findings reflected a comprehensive

2   review of the latest available scientific evidence. Monsanto also denies that the working group

3   considered all information available in the scientific literature and all data from government

4   reports that are publicly available. Monsanto denies the remaining allegations in paragraph 85.

5         86.    The allegations in paragraph 86 are vague and conclusory. To the extent they

6   purport to characterize statements made in the IARC monograph for glyphosate, the statements

7   in that document speak for themselves, but Monsanto lacks information or knowledge sufficient

8   to form a belief as to the accuracy of the source of said information and accordingly denies the

9   allegations.

10         87.    In response to the allegations in paragraph 87, to the extent the allegations purport

11   to characterize statements made in the IARC monograph for glyphosate, the statements in that

12   document speak for themselves, but to the extent that this paragraph means that more than *de*

13   *minimis* amounts of exposure are present, the allegations in paragraph 87 are denied.

14         88.    In response to the allegations in paragraph 88, Monsanto admits that the IARC

15   working group identified a number of case control studies of populations with exposures to

16   glyphosate, but Monsanto denies that any of these studies provide any evidence of a human

17   health concern from such exposures.

18         89.    Monsanto denies the allegations in paragraph 89. The IARC working group

19   concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

20   which, per IARC's guidelines, means that the working group could not rule out chance, bias or

21   confounding so as to reach any conclusion of an increased risk.

22         90.    In response to the allegations in paragraph 90, Monsanto admits that the working

23   group cited to a study that it concluded provided evidence of chromosomal damage in

24   community residents reported to be exposed to glyphosate, but Monsanto denies that the study

25   supports such a conclusion or that the authors of the study reached such a conclusion.

26         91.    In response to the allegations in paragraph 91, Monsanto admits that the IARC

27   working group purported to make these findings, but denies that the animal carcinogenicity

28

studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors. Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 91.

92.     In response to the allegations in paragraph 92, Monsanto admits that the IARC working group purported to make these findings but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA is present or persists in human blood or urine. Monsanto denies the remaining allegations in paragraph 92.

93.     In response to the allegations in paragraph 93, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration. Regulators around the world repeatedly have concluded that glyphosate is not genotoxic. Monsanto denies the remaining allegations in paragraph 93.

94.     In response to the allegations in paragraph 94, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion. Monsanto denies the remaining allegations in paragraph 94.

95.     In response to the allegations in paragraph 95, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers. The AHS cohort study did not find a positive association between glyphosate and any type of cancer. Monsanto denies all other allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     In response to the allegations in paragraph 97, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United

States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings. Monsanto also admits that the EPA repeatedly has concluded pursuant to FIFRA that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label. To the extent that paragraph 97 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

98.      In response to the allegations in paragraph 98, Monsanto states that the cited report speaks for itself and does not require a response.

99.      In response to the allegations in paragraph 99, Monsanto states that the cited report speaks for itself and does not require a response. The remaining allegations in paragraph 99 are vague, incomplete, and conclusory and/or comprise attorney characterizations – and are accordingly denied.

100.      In response to the allegations in paragraph 100, Monsanto states that the cited report speaks for itself and does not require a response. The remaining allegations in paragraph 100 are vague, incomplete, and conclusory and/or comprise attorney characterizations – and are accordingly denied.

101.      In response to the allegations in paragraph 101, Monsanto states that the cited report speaks for itself and does not require a response. The remaining allegations in paragraph 101 are vague, incomplete, and conclusory and/or comprise attorney characterizations – and are accordingly denied.

102.      In response to the allegations in the first sentence of paragraph 102, Monsanto admits that EPA held a FIFRA Scientific Advisory Panel ("SAP") from December 13-16, 2016. In response to the allegations in the sentence of paragraph 102, Monsanto states that the cited report speaks for itself and does not require a response. The remaining allegations in paragraph 102 are vague, incomplete, and conclusory and/or comprise attorney characterizations – and are accordingly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-00675-VC

103.     In response to the allegations in paragraph 103, Monsanto denies that the OPP Report is a "draft assessment." The allegations in paragraph 103 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

104.     In response to the allegations in paragraph 104, Monsanto states that the cited publication speaks for itself and does not require a response. To the extent that the allegations in paragraph 104 characterize the publication, Monsanto denies those allegations.

105.     In response to the allegations in paragraph 105, Monsanto states that the cited publication speaks for itself and does not require a response. To the extent that the allegations in paragraph 105 characterize the publication, Monsanto denies those allegations.

106.     Monsanto denies the allegations in paragraph 106.

107.     Monsanto denies the allegations in paragraph 107.

108.     In response to the allegations in paragraph 108, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, but denies that there is any scientific basis for the concerns raised by the improper IARC classification. Monsanto denies the remaining allegations in paragraph 108.

109.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 109 and therefore denies those allegations.

110.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore denies those allegations.

111.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 111 and therefore denies those allegations.

112.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 112 and therefore denies those allegations.

113.     The allegations regarding "recent studies" in paragraph the first sentence of paragraph 113 are vague and conclusory and comprise attorney characterizations and are

accordingly denied. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 113 and therefore denies those allegations.

114.   In response to the allegations in paragraph 114, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that that Roundup® -branded products or glyphosate are injurious to human health. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The final sentence of paragraph 114 sets forth a conclusion of law for which no response is required.

115.   In response to the allegations in paragraph 115, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health. Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015. The remaining allegations in paragraph 115 set forth conclusions of law for which no response is required.

116.   In response to the allegations in paragraph 116, Monsanto denies that there is any risk of non-Hodgkin's lymphoma ("NHL"), or other serious illness associated with the use of and/or exposure to Roundup® -branded products and glyphosate. Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 116 and therefore denies those allegations.

117.   The allegations in paragraph 117 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 117. Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

118.   Monsanto denies the allegations in paragraph 118.

119.   Monsanto denies the allegations in paragraph 119.

1    120.    Monsanto denies the allegations in paragraph 120.

2    121.    The allegations in paragraph 121 set forth conclusions of law for which no

3    response is required.

4    122.    Monsanto denies the allegations in paragraph 122.

5    123.    The allegations in paragraph 123 set forth conclusions of law for which no

6    response is required. To the extent that a response is required, Monsanto denies the allegations in

7    paragraph 123. Monsanto states that the scientific studies upon which IARC purported to base its

8    cancer classification for glyphosate were all publicly available before March 2015.

9    124.    Monsanto incorporates by reference its responses to paragraphs 1 through 123 in

10   response to paragraph 124 of plaintiff's Complaint.

11   125.    In response to the allegations in paragraph 125, Monsanto admits that plaintiff

12   purports to bring an action for strict products liability, but denies any liability as to that claim.

13   126.    In response to the allegations in paragraph 126, Monsanto lacks information or

14   knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used or was

15   exposed to Roundup®-branded products and therefore denies that allegation. Monsanto denies

16   the remaining allegations in paragraph 126.

17   127.    Monsanto denies the allegations in paragraph 127 and each of its subparts..

18   128.    Monsanto denies the allegations in paragraph 128.

19   129.    In response to the allegations in paragraph 129, Monsanto lacks information or

20   knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used

21   Roundup®-branded products and therefore denies that allegation. Monsanto denies the

22   remaining allegations in paragraph 129.

23   130.    Monsanto denies the allegations in paragraph 130.

24   131.    The allegation in paragraph 131 sets forth a conclusion of law for which no

25   response is required.

26   132.    Monsanto denies the allegations in paragraph 132.

27   133.    Monsanto denies the allegations in paragraph 133.

28

134.    In response to the allegations in paragraph 134, Monsanto admits that plaintiff purports to bring an action for negligence, but denies any liability as to that claim.

135.    The allegations in paragraph 135 set forth conclusions of law for which no response is required.

136.    The allegations in paragraph 136 set forth conclusions of law for which no response is required.

137.    Monsanto denies the allegations in paragraph 137, including each of its subparts.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto denies the allegations in paragraph 139.

140.    Monsanto denies the allegations in paragraph 140.

141.    In response to the allegations in paragraph 141, Monsanto admits that plaintiff purports to bring an action for negligent and/or fraudulent misrepresentation, but denies any liability as to that claim.

142.    In response to the allegations in paragraph 142, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling. Monsanto denies the remaining allegations in paragraph 142. Monsanto further states that paragraph 42 sets forth conclusions of law for which no response is required.

143.    Monsanto denies the allegations in paragraph 143.

144.    Monsanto denies the allegations in paragraph 144.

145.    Monsanto denies the allegations in paragraph 145

146.    Monsanto denies the allegations in paragraph 146.

147.    Monsanto denies the allegations in paragraph 147.

148.    Monsanto denies the allegations in paragraph 148.

149.    Monsanto denies the allegations in paragraph 149.

150.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 150 regarding plaintiff's reliance and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 150.

151.    Monsanto denies the allegations in paragraph 151.

152.    Monsanto denies the allegations in paragraph 152.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.    Plaintiff's claims against Monsanto are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.    Plaintiff's claims against defendants are misjoined and should be severed.

4.    Venue may be inconvenient and has been improperly alleged.

5.    Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

6.    Plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.    Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. See, e.g., Buckman Co. v. Plaintiffs' Legal Comm., 531 U.S. 341 (2001); Nathan Kimmel, Inc. v. Dowelanco, 275 F.3d 1199 (9th Cir. 2002).

8.      Plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

9.      Plaintiff's claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

10.     Plaintiff's claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.     Plaintiff's claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12.     Plaintiff's claims against Monsanto are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

14.     All or part of plaintiff's claims against Monsanto are barred by the applicable statutes of limitations, statutes of repose, jurisdictional time limits, or any other limitations on the period of time within which to file suit, whether in this or any other state.

15.     Plaintiff may not recover on the claims against Monsanto pleaded in the Complaint because the damages sought are too speculative and remote.

16.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims against Monsanto in whole or in part.

- 23 -

17.    If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

18.    Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

19.    Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

20.    Plaintiff's claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

21.    Plaintiff's claims for exemplary damages against Monsanto are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Florida Constitution, and/or other applicable state constitutions.

22.    Plaintiff's claims for exemplary damages against Monsanto are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Florida law, and/or other applicable state laws.

23.    Plaintiff's claims for exemplary damages against Monsanto are barred and/or limited by operation of state and/or federal law, including Florida law.

24.    Plaintiff's strict liability claims against Monsanto are barred, in whole or in part, because Michigan does not recognize a cause of action for strict liability in tort.

25.    Plaintiff's claims against Monsanto are barred in whole or in part by the contributory/comparative negligence of plaintiff.  Alternatively, any judgment entered in favor of

plaintiff should be reduced by an amount commensurate with plaintiff's relative degree of fault in causing the alleged injuries and damages.

26.     Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's failure to mitigate damages.

27.     Plaintiff's claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

28.     In the event that plaintiff receives a settlement from any party or non-party for the injuries described in the Complaint, Monsanto is entitled to a full set-off for the amount of each such settlement.

29.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

30.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

31.     Plaintiff has failed to allege fraud with sufficient particularity.

32.     Plaintiff's claims against Monsanto are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

33.     Plaintiff's claims against Monsanto are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

34.     Plaintiff's claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

35.     To the extent that plaintiff recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Fla. Stat. § 768.76.

36.     In accordance with Fla. Stat. § 768.1257, plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with

- 25 -

proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

37.     Plaintiff's injuries, if any, were caused, in whole or in part, by the acts or omissions of persons other than Monsanto, whether individual, corporate, associate, or otherwise, whether named or unnamed in the Complaint, and for whose conduct Monsanto is not liable.  Monsanto is not liable for damages proximately caused by non-parties, pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), including any other product used by plaintiff that was not manufactured, sold, or distributed by Monsanto.

38.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

### JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  April 30, 2021.                          Respectfully submitted,

                                                 SHOOK, HARDY & BACON L.L.P.

                                                 BY: */s/ Jennise W. Stubbs*
                                                      Jennise W. Stubbs
                                                      600 Travis Street, Suite 3400
                                                      Houston, TX 77002-2926
                                                      Telephone:   (713) 227-8008
                                                      Facsimile:   (713) 227-9508
                                                      Email:        jstubbs@shb.com

                                                 *Attorneys for Defendant*
                                                 *MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-00675-VC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I certify that on the 30th day of April, 2021, I electronically transmitted the foregoing **MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-00675-VC