**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:       (713) 227-8008
Facsimile:       (713) 227-9508
Email:            jstubbs@shb.com

*Attorneys for Defendant*
*Bayer Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *Allen Boatright v. Monsanto Company et al.,* Case No. 3:21-cv-00675-VC | |

## BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Bayer Corporation, by and through its counsel, respectfully responds by generally denying all allegations contained in Plaintiff Allen Boatright's Complaint ("Complaint"), except as set forth below.  Bayer Corporation denies – and objects to – allegations by plaintiff that purport to lump Bayer Corporation together with other defendants. Bayer Corporation responds to this Complaint only on behalf of Bayer Corporation and not on behalf of any other defendant. Silence as to any allegations shall constitute a denial.

1.      Bayer Corporation denies the allegations in paragraph 1.

2.      Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

3.      The allegations in paragraph 3 comprise attorney characterizations and are accordingly denied. Bayer Corporation states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

4.      The allegations in paragraph 4 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

5.      The allegations in the first sentence of paragraph 5 do not require a response from Bayer Corporation because these allegations relate to a company other than Bayer Corporation. In response to the allegations in the second sentence of paragraph 5, Bayer Corporation admits that it is an indirect subsidiary of Bayer AG. Bayer Corporation denies the allegations in the third and fourth sentences of paragraph 5. To the extent that the allegations in the fifth sentence of paragraph 5 are directed at Bayer Corporation, Bayer Corporation denies those allegations. In response to the allegations in the last sentence of paragraph 5, Bayer Corporation denies – and objects to – allegations by plaintiff that purport to lump Bayer Corporation together with other defendants. Bayer Corporation responds to this Complaint only on behalf of Bayer Corporation and not on behalf of any other defendant.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Bayer Corporation admits the allegations in paragraph 6 based upon the allegations in plaintiff's Complaint.

7.      The allegations in paragraph 7 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Bayer Corporation denies the allegation in paragraph 7.

8.      The allegations in paragraph 8 set forth conclusions of law for which no response is required.

9.      The allegations in paragraph 9 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Bayer Corporation denies the allegations in paragraph 9.

10.     In response to the allegations in paragraph 10, Bayer Corporation denies certain events giving rise to plaintiff's claims and Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations. The remaining allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.     Bayer Corporation admits that the Judicial Panel on Multidistrict Litigation ordered that federal court lawsuits filed by plaintiffs alleging that Roundup®-branded herbicides caused them to develop non-Hodgkin's lymphoma be transferred to this Court for coordinated or consolidated pretrial proceedings. In re Roundup Prods. Liab. Litig., MDL No. 2741, 2016 WL 5845994 (J.P.M.L. Oct. 3, 2016). Bayer Corporation denies the remaining allegations in paragraph 11.

12.     Bayer Corporation admits the allegations in paragraph 12.

13.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies those allegations

15.     Bayer Corporation states that the term "toxic" as used in paragraph 15 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Bayer Corporation otherwise lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.

16.     The allegations in paragraph 16 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

17.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations.

18.     Bayer Corporation denies the allegations in paragraph 18.

19.     The allegations in paragraph 19 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-00675-VC

20.     The allegations in paragraph 20 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Bayer Corporation admits the allegations in paragraph 20.

21.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 21 and therefore denies those allegations. The remaining allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     The allegations in paragraph 22 set forth conclusions of law for which no response is required.

23.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies those allegations.

24.     The allegations in paragraph 24 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies those allegations.

25.     The allegations in paragraph 25 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.  To the extent a response is deemed required, Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies those allegations.

26.     The allegations in paragraph 26 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

27.     The allegations in paragraph 27 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

28.     The allegations in paragraph 28 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

29.     The allegations in paragraph 29 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

30.     The allegations in paragraph 30 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. To the extent that a response is deemed required, Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies those allegations.

31.     The allegations in paragraph 31 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

32.     The allegations in paragraph 32 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

33.     The allegations in paragraph 33 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

34.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in last sentence of paragraph 34. The remaining allegations in paragraph 34 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

35.     The allegations in paragraph 35 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

36.     The allegations in paragraph 36 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

37.     The allegations in paragraph 37 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

38.     The allegations in paragraph 38 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

39.     The allegations in paragraph 39 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

40.     The allegations in paragraph 40 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

41.     The allegations in paragraph 41 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

42.     Bayer Corporation states that the term "toxic" as used in paragraph 42 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Bayer Corporation otherwise lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies those allegations.

43.     Bayer Corporation states that the term "toxic" as used in paragraph 43 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Bayer Corporation otherwise lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies those allegations.

44.     The allegations in paragraph 44 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

45.     The allegations in paragraph 45 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

46.     The allegations in paragraph 46 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

47.     The allegations in paragraph 47 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

48.     The allegations in paragraph 48 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

49.     The allegations in paragraph 49 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

50.     The allegations in paragraph 50 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

51.     The allegations in paragraph 51 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

52.     The allegations in paragraph 52 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

53.     The allegations in paragraph 53 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

54.     The allegations in paragraph 54 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

55.     The allegations in paragraph 55 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

56.     The allegations in paragraph 56 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

57.     The allegations in paragraph 57 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

58.     The allegations in paragraph 58 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

59.     The allegations in paragraph 59 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

60.     The allegations in paragraph 60 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

61.     The allegations in paragraph 61 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

62.     The allegations in paragraph 62 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-00675-VC

63.     The allegations in paragraph 63 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

64.     The allegations in paragraph 64 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

65.     The allegations in paragraph 65 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

66.     The allegations in paragraph 66 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

67.     The allegations in paragraph 67 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

68.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore denies those allegations. The remaining allegations in paragraph 68 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

69.     The allegations in paragraph 69 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

70.     The allegations in paragraph 70 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

71.     In response to the allegations in paragraph 71, Bayer Corporation admits that in March 2015 the International Agency for Research on Cancer ("IARC") classified glyphosate as a class 2A carcinogen. The remaining allegations in paragraph 71 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

72.     The allegations in paragraph 72 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

73.     The allegations in paragraph 73 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

74. The allegations in paragraph 74 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

75. The allegations in paragraph 75 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

76. The allegations in paragraph 76 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

77. The allegations in the second and third sentences of paragraph 77 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 77 and therefore denies those allegations.

78. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 78 and therefore denies those allegations. The remaining allegations in paragraph 78 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

79. The allegations in paragraph 79 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

80. The allegations in paragraph 80 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

81. In response to the allegations in paragraph 81, Bayer Corporation admits that in March 2015, IARC classified glyphosate under Group 2A. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 81 and therefore denies those allegations.

82. In response to the allegations in paragraph 82, Bayer Corporation admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 82 and therefore denies those allegations.

83.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 83 and therefore denies those allegations.

84.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore denies those allegations.

85.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 85 and therefore denies those allegations.

86.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 86 and therefore denies those allegations.

87.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 87 and therefore denies those allegations.

88.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 88 and therefore denies those allegations.

89.     In response to the allegations in paragraph 89, Bayer Corporation denies that glyphosate exposure causes cancer. Bayer Corporation otherwise lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 104 and therefore denies those allegations.

90.     In response to the allegations in paragraph 90, Bayer Corporation denies that glyphosate exposure causes DNA and chromosomal damage. Bayer Corporation otherwise lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 90 and therefore denies those allegations.

91.     In response to the allegations in paragraph 91, Bayer Corporation denies that glyphosate exposure causes cancer. Bayer Corporation otherwise lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore denies those allegations.

92.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 92 and therefore denies those allegations.

BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-00675-VC

93.     In response to the allegations in paragraph 93, Bayer Corporation denies that glyphosate exposure causes DNA and chromosomal damage. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 93 and therefore denies those allegations.

94.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 94 and therefore denies those allegations.

95.     In response to the allegations in paragraph 95, Bayer Corporation denies that glyphosate exposure causes cancer. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 95 and therefore denies those allegations.

96.     Bayer Corporation denies the allegations in paragraph 96.

97.     The allegations in paragraph 97 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations

98.     The allegations in paragraph 98 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

99.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 99 and therefore denies those allegations.

100.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 100 and therefore denies those allegations.

101.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore denies those allegations.

102.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 102 and therefore denies those allegations.

103.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 103 and therefore denies those allegations.

104.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 104 and therefore denies those allegations.

105.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 105 and therefore denies those allegations.

106.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 106 and therefore denies those allegations.

107.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107 and therefore denies those allegations.

108.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 108 and therefore denies those allegations.

109.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 109 and therefore denies those allegations.

110.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore denies those allegations.

111.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 111 and therefore denies those allegations.

112.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 112 and therefore denies those allegations.

113.    The allegations regarding "recent studies" in paragraph the first sentence of paragraph 113 are vague and conclusory and comprise attorney characterizations and are accordingly denied. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 113 and therefore denies those allegations.

114.    In response to the allegations in paragraph 114, Bayer Corporation denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that that Roundup®-branded products or glyphosate are injurious to human health. Bayer Corporation states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

The final sentence of paragraph 114 sets forth a conclusion of law for which no response is required.

115.    In response to the allegations in paragraph 115, Bayer Corporation denies that exposure to Roundup®-branded products and glyphosate is injurious to human health. The remaining allegations in paragraph 115 set forth conclusions of law for which no response is required.

116.    In response to the allegations in paragraph 116, Bayer Corporation denies that there is any risk of non-Hodgkin's lymphoma ("NHL"), or other serious illness associated with the use of and/or exposure to Roundup® -branded products and glyphosate. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 116 and therefore denies those allegations.

117.    The allegations in paragraph 117 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Bayer Corporation denies the allegations in paragraph 117.

118.    The allegations in paragraph 118 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. To the extent a response is deemed required, Bayer Corporation denies the allegations in paragraph 118.

119.    The allegations in paragraph 119 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. To the extent a response is deemed required, Bayer Corporation denies the allegations in paragraph 119.

120.    The allegations in paragraph 120 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. To the extent a response is deemed required, Bayer Corporation denies the allegations in paragraph 120.

121.    The allegations in paragraph 120 are directed at a defendant other than Bayer Corporation and set forth conclusions of law, so no response from Bayer Corporation is required for these allegations.

122.    The allegations in paragraph 122 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. To the extent a response is deemed required, Bayer Corporation denies the allegations in paragraph 122.

123.    The allegations in paragraph 123 are directed at a defendant other than Bayer Corporation and set forth conclusions of law, so no response from Bayer Corporation is required for these allegations.

124.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through 123 in response to paragraph 124 of plaintiff's Complaint.

125.    In response to the allegations in paragraph 125, Bayer Corporation admits that plaintiff purports to bring an action for strict products liability, but denies any liability as to that claim.

126.    The allegations in paragraph 126 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. To the extent a response is deemed required, Bayer Corporation denies the allegations in paragraph 126.

127.    The allegations in paragraph 127 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. To the extent a response is deemed required, Bayer Corporation denies the allegations in paragraph 127 and each of its subparts.

128.    Bayer Corporation denies the allegations in paragraph 128.

129.    The allegations in paragraph 129 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. To the extent a response is deemed required, Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used Roundup®-branded products and therefore denies that allegation. Bayer Corporation denies the remaining allegations in paragraph 129.

130.   The allegations in paragraph 130 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. To the extent a response is deemed required, Bayer Corporation denies the allegations in paragraph 130.

131.   The allegation in paragraph 131 sets forth a conclusion of law for which no response is required.

132.   Bayer Corporation denies the allegations in paragraph 132.

133.   Bayer Corporation denies the allegations in paragraph 133.

134.   In response to the allegations in paragraph 134, Bayer Corporation admits that plaintiff purports to bring an action for negligence, but denies any liability as to that claim.

135.   The allegations in paragraph 135 are directed at a defendant other than Bayer Corporation, and set forth conclusions of law for which no response is required.

136.   The allegations in paragraph 136 are directed at a defendant other than Bayer Corporation, and set forth conclusions of law for which no response is required.

137.   The allegations in paragraph 137 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. To the extent a response is deemed required, Bayer Corporation denies the allegations in paragraph 137, including each of its subparts.

138.   The allegations in paragraph 138 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. To the extent a response is deemed required, Bayer Corporation denies the allegations in paragraph 138.

139.   The allegations in paragraph 139 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. To the extent a response is deemed required, Bayer Corporation denies the allegations in paragraph 139.

140.   Bayer Corporation denies the allegations in paragraph 140.

141.   In response to the allegations in paragraph 141, Bayer Corporation admits that plaintiff purports to bring an action for negligent and/or fraudulent misrepresentation, but denies any liability as to that claim.

142.    The allegations in paragraph 142 are directed at a defendant other than Bayer Corporation and set forth conclusions of law, so no response from Bayer Corporation is required for these allegations.

143.    The allegations in paragraph 143 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. To the extent a response is deemed required, Bayer Corporation denies the allegations in paragraph 143.

144.    The allegations in paragraph 144 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. To the extent a response is deemed required, Bayer Corporation denies the allegations in paragraph 144.

145.    The allegations in paragraph 145 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. To the extent a response is deemed required, Bayer Corporation denies the allegations in paragraph 145.

146.    The allegations in paragraph 146 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. To the extent a response is deemed required, Bayer Corporation denies the allegations in paragraph 146.

147.    The allegations in paragraph 147 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. To the extent a response is deemed required, Bayer Corporation denies the allegations in paragraph 147.

148.    The allegations in paragraph 148 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. To the extent a response is deemed required, Bayer Corporation denies the allegations in paragraph 148.

149.    The allegations in paragraph 149 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. To the extent a response is deemed required, Bayer Corporation denies the allegations in paragraph 149.

150.    The allegations in paragraph 150 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. To the extent a response is deemed required, Bayer Corporation lacks information or knowledge

BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-00675-VC

sufficient to form a belief as to the truth of the allegations in paragraph 150 regarding plaintiff's reliance and therefore denies those allegations. Bayer Corporation denies the remaining allegations in paragraph 150.

151.    The allegations in paragraph 151 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. To the extent a response is deemed required, Bayer Corporation denies the allegations in paragraph 151.

152.    Bayer Corporation denies the allegations in paragraph 152.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Bayer Corporation denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action against Bayer Corporation upon which relief can be granted.

2.    Plaintiff's claims against Bayer Corporation are barred for lack of personal jurisdiction

3.    Plaintiff's claims against Bayer Corporation are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.    Plaintiff's claims against defendants are misjoined and should be severed.

5.    Venue may be inconvenient and has been improperly alleged.

6.    Any alleged negligent or culpable conduct of Bayer Corporation, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

7. Plaintiff's claims against Bayer Corporation are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

8. Any claims based on allegations that Bayer Corporation misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. See, e.g., Buckman Co. v. Plaintiffs' Legal Comm., 531 U.S. 341 (2001); Nathan Kimmel, Inc. v. Dowelanco, 275 F.3d 1199 (9th Cir. 2002).

9. Plaintiff's claims against Bayer Corporation are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

10. Plaintiff's claims against Bayer Corporation are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

11. Plaintiff's claims against Bayer Corporation are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

12. Plaintiff's claims against Bayer Corporation are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

13. Plaintiff's claims against Bayer Corporation are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

14.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Bayer Corporation in whole or in part.

15.     All or part of plaintiff's claims against Bayer Corporation are barred by the applicable statutes of limitations, statutes of repose, jurisdictional time limits, or any other limitations on the period of time within which to file suit, whether in this or any other state.

16.     Plaintiff may not recover on the claims against Bayer Corporation pleaded in the Complaint because the damages sought are too speculative and remote.

17.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims against Bayer Corporation in whole or in part.

18.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:   (a) acts or omissions of persons or entities for which Bayer Corporation is neither liable nor responsible or, in the alternative, Bayer Corporation is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bayer Corporation.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

19.     Bayer Corporation had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

20.     Bayer Corporation made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Bayer Corporation specifically denies, then plaintiff failed to give notice of any breach thereof.

21.     Plaintiff's claims against Bayer Corporation are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

22.     Plaintiff's claims for exemplary damages against Bayer Corporation are barred because such an award would violate Bayer Corporation's due process, equal protection and

other rights under the United States Constitution, the Florida Constitution, and/or other applicable state constitutions.

23.     Plaintiff's claims for exemplary damages against Bayer Corporation are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Florida law, and/or other applicable state laws.

24.     Plaintiff's claims for exemplary damages against Bayer Corporation are barred and/or limited by operation of state and/or federal law, including Florida law.

25.     Plaintiff's strict liability claims against Bayer Corporation are barred, in whole or in part, because Michigan does not recognize a cause of action for strict liability in tort.

26.     Plaintiff's claims against Bayer Corporation are barred in whole or in part by the contributory/comparative negligence of plaintiff.  Alternatively, any judgment entered in favor of plaintiff should be reduced by an amount commensurate with plaintiff's relative degree of fault in causing the alleged injuries and damages.

27.     Plaintiff's claims against Bayer Corporation are barred in whole or in part by plaintiff's failure to mitigate damages.

28.     Plaintiff's claims against Bayer Corporation are barred in whole or in part by the sophisticated user doctrine.

29.     In the event that plaintiff receives a settlement from any party or non-party for the injuries described in the Complaint, Bayer Corporation is entitled to a full set-off for the amount of each such settlement.

30.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

31.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bayer Corporation product.

32.     Plaintiff has failed to allege fraud with sufficient particularity.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

33.     Plaintiff's claims against Bayer Corporation are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

34.     Plaintiff's claims against Bayer Corporation are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

35.     Plaintiff's claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

36.     To the extent that plaintiff recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Fla. Stat. § 768.76.

37.     In accordance with Fla. Stat. § 768.1257, plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

38.     Plaintiff's injuries, if any, were caused, in whole or in part, by the acts or omissions of persons other than Bayer Corporation, whether individual, corporate, associate, or otherwise, whether named or unnamed in the Complaint, and for whose conduct Bayer Corporation is not liable.  Bayer Corporation is not liable for damages proximately caused by non-parties, pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), including any other product used by plaintiff that was not manufactured, sold, or distributed by Bayer Corporation.

39.     Bayer Corporation hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Bayer Corporation demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Bayer Corporation demands a jury trial on all issues so triable.

DATED:  April 30, 2021.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: */s/ Jennise W. Stubbs*
    Jennise W. Stubbs
    600 Travis Street, Suite 3400
    Houston, TX 77002-2926
    Telephone:  (713) 227-8008
    Facsimile:   (713) 227-9508
    Email:        jstubbs@shb.com

*Attorneys for Defendant*
*Bayer Corporation*

BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-00675-VC

1

2

## **CERTIFICATE OF SERVICE**

3

        I certify that on the 30th day of April, 2021, I electronically transmitted the foregoing
**BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT** to the Clerk of the court using
the ECF system for filing and transmittal of a true and correct copy of the foregoing document
was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

4

5

6

                                        */s/Jennise W. Stubbs*
                                        Jennise W. Stubbs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-00675-VC