Gerson H. Smoger
**SMOGER & ASSOCIATES**
13250 Branch View
LaneDallas, TX 75234
Telephone: (510) 531-4529
Facsimile: (510) 531-4377)
gerson@texasinjurylaw.com

Steven M. Bronson, Esq. (SBN 246751)
**THE BRONSON FIRM APC**
7777 Fay Avenue, Suite
202La Jolla, CA 92037
Telephone: 619-374-4130
Facsimile: 619-568-3365
sbronson@thebronsonfirm.com

*Counsel for Objector Melinda Sloviter*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITYLITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>Ramirez, et al. v. Monsanto<br>Co.Case No. 3:19-cv-02224 | **OBJECTING CLASS MEMBER MELINDA SLOVITER'S REPLY TO PLAINTIFF'S OPPOSITION TO MELINDA SLOVITER'S MOTION TO STRIKE THE DECLARATION OF JOHN C. COFFEE**<br><br>Re: Dkt. No. 12531, 12958, 12976<br><br>Date: May 19, 2021<br>Time: 10:00 AM<br>Place: Videoconference Only<br>Judge: Honorable Vince Chhabria |

In their two page Opposition to Melinda Sloviter's Motion to Strike the Declaration of John C. Coffee (Dkt. 12976), Class Proponents ignore all of the legal deficiencies in John Coffee's declaration. They also consistently ignore the purpose of a declaration as a form of testimony to provide evidence to a court. Instead, they offer a time-worn response that this Objector is trying to keep information from this Court, which is a response usually made when attempting to keep proposed evidence from a jury. This Court has the Declaration, but Objector has filed this Motion because this Declaration has no place being a part of the evidentiary record.

A second reason offered by Class Proponents in response to Objector's Motion to Strike is that John Coffee has testified multiple times before. Ignored, as was stated in Objector's Motion (Dkt. 12958), is that this Circuit has already ruled that prior legal testimony is not a basis upon which to admit expert testimony. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1317-19 (9th Cir. 1995).

Moreover, John Coffee, a lawyer, certainly did not give the particular testimony here in any prior cases. Below are just a few citations to the way John Coffee's Declaration is being used as evidence by Class Proponents, masking the fact that real experts in the pertinent fields apparently could not be found:

> The migrant farmworkers whom the objectors claim to be worried about (and whom the settlement's design well serves) have not appeared in settlements to date. Why? It's not because they weren't exposed to Roundup, and it's not because they haven't developed NHL or aren't at risk of doing so. It's because they don't know of their rights. *See* Coffee Decl. at ¶ 11 ("[T]he private litigation system has not provided access to a feasible remedy for migrant workers, landscaping crews, or others whose engagement with Roundup was professional rather than personal.").

Reply Brief at pg. 3-4.

> And some objectors scoff at the settlement's Diagnostic Grant Assistance Program, contending that this largest medical-monitoring-type program in history is somehow of little value, and wrongly asserting that NHL cannot be detected early through diagnostic evaluation and that the Program is limited to certain "benighted" areas. Doc. 12677 at 28; Doc. 12682 at 41-42. The accompanying Coffee and Mehta Declarations refute these assertions

Reply Brief, pg. 8.

> As Professor Coffee explains, the DAGP can and will save or extend lives, given the importance of early diagnosis. Coffee Decl. at ¶¶ 7-16 ("What will the Settlement Agreement do for this core population? To be blunt, it will save or extend lives—and in large numbers.").

Reply Brief, pg. 66.

> To start, the majority of class members will not develop NHL, and so will never have a tort lawsuit that could result in punitive damages. For them, the release gives up nothing. For the unfortunate class members who do develop NHL, the objectors' valuation of their real-world opportunity to recover punitive damages is based on a utopian ideal of a tort system that does not exist. *See* Coffee Decl. at ¶¶ 16, 20-21.

Reply Brief, pg. 82.

Finally, Class Proponents' strategy of avoiding a substantive rehabilitation of Professor Coffee's opinions by pointing to his litigation history is surprising. In referencing his *BP* testimony, they fail to note that he has changed his prior positions in providing support for the Roundup "futures" class settlement. As noted in the Declaration of Stephen J. Herman, attached as Exhibit "B" to the Declaration of Gerson H. Smoger (Dkt. 12682-6), the *BP* settlement class constituted an identifiable group of people who readily received notice, had manifest acute or chronic injuries at the time of the notice, and the injuries subject to the settlement were limited in

3

scope.[1] Professor Coffee concluded that "[t]hese tight criteria for recovery, plus the geographical limitations on class membership, distinguish this case from the sprawling nationwide class actions involving long-term exposure to toxic substances that [*Castano v. American Tobacco Company*, 84 F.3d 734 (5th Cir. 1996)], *Amchem [Products v. Windsor*, 521 U.S. 591 (1997)] and other decisions have all rejected."[2] None of the requisite criteria Professor Coffee singled out for constitutionality in *BP* are found here. To the contrary, here Professor Coffee is testifying on behalf of a "sprawling nationwide class action[] involving long-term exposure" to a toxic substance. Rather than rehabilitating his opinion, Class Proponents have only undermined it.

## CONCLUSION

Class Proponents misplace evidentiary reliance on Professor Coffee's Declaration. For all the reasons stated, Objector Sloviter asks that Professor Coffee's Declaration be stricken.

Dated: May 3, 2021

                                                */s/ Gerson H. Smoger*
                                                Gerson H. Smoger
                                                **SMOGER & ASSOCIATES**
                                                13250 Branch View Lane
                                                Dallas, TX 75234
                                                Telephone: (510) 531-4529
                                                Facsimile: (510) 531-4377)
                                                gerson@texasinjurylaw.com

---

[1] The BP medical benefits class was specifically defined and notice was straightforward because BP kept a data base of all clean-up workers and the addresses of potential resident class members were known. http://www.deepwaterhorizonsettlements.com/Documents/Medical%20SA/Medical_Settlement_Agreement.pdf. The class included only people who had manifested an acute or chronic injury, and the exposure period was limited to a less than 6-month period.

[2] *See* Deepwater Horizon Medical Benefits Class Action Settlement Agreement, April 18, 2012 and amended May 1, 2012, Exhibit 2, Declaration of John C. Coffee, Jr., Case 2:10-md-02179-CJB-SS, Document 7113-2, August 13, 2012.

Steven M. Bronson, Esq. (SBN 246751)
**THE BRONSON FIRM APC**
7777 Fay Avenue, Suite 202
La Jolla, CA 92037
Telephone: 619-374-4130
Facsimile: 619-568-3365
sbronson@thebronsonfirm.com

*Counsel for Objector Melinda Sloviter*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of May 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

*/s/ Gerson H. Smoger*
Gerson H. Smoger
**SMOGER & ASSOCIATES**
13250 Branch View Lane
Dallas, TX 75234
Telephone: (510) 531-4529
Facsimile: (510) 531-4377)
gerson@texasinjurylaw.com