1

2 **SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
3 600 Travis Street, Suite 3400
Houston, TX 77002-2026
4 Telephone:     (713) 227-8008
Facsimile:     (713) 227-9508
5 Email:          jstubbs@shb.com

6 *Attorneys for Defendant*
*MONSANTO COMPANY*
7

8
IN THE UNITED STATES DISTRICT COURT
9
NORTHERN DISTRICT OF CALIFORNIA
10
IN RE: ROUNDUP PRODUCTS | MDL No. 2741
11 LIABILITY LITIGATION,
| Case No. 3:16-md-02741-VC
12
This document relates to:
13 *Kathy Ann Campbell et al. v. Monsanto Co.,*
Case No. 3:21-cv-02911-VC
14

15 <u>**MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**</u>

16          Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

17 Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

18 all allegations contained in plaintiff Kathy Ann Campbell's Complaint ("Complaint"), except as

set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to
19
Monsanto Company, a United States based company incorporated in Delaware, and not to other
20
Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.
21
          1.          Monsanto lacks information or knowledge sufficient to form a belief as to the
22
truth of the allegations in paragraph 1 and therefore denies those allegations.
23
          2.          Monsanto lacks information or knowledge sufficient to form a belief as to the
24
truth of the allegations in paragraph 2 and therefore denies those allegations.
25
          3.          Monsanto denies the allegations in paragraph 3.
26
          1.          Plaintiff's Complaint inadvertently includes a second paragraph 1. The
27
allegations in second paragraph 1 set forth conclusions of law for which no response is required.
28

- 1 -

To the extent a response is deemed required, Monsanto admits to the allegations in second paragraph 1 based on the allegations in plaintiff's Complaint.

2.      Plaintiff's Complaint inadvertently includes a second paragraph 2.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 2 and the allegations in the first sentence regarding purchase and use of Roundup®-branded products and therefore denies those allegations.   The remaining allegations in second paragraph 2 set forth conclusions of law for which no response is required.

3.      Plaintiff's Complaint inadvertently includes a second paragraph 3.   The allegations in second paragraph 3 set forth conclusions of law for which no response is required.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.

4.      Plaintiff's Complaint inadvertently includes a second paragraph 4.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in second paragraph 4 and therefore denies those allegations.

5.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies those allegations.

6.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies those allegations.

7.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9.      Monsanto admits the allegations in paragraph 9.

10.      In response to the allegations in paragraph 10, Monsanto admits that it discovered the herbicidal properties of glyphosate and that it manufactures Roundup®-branded herbicides, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides.

1   Monsanto denies the remaining allegations in paragraph 10.

2          11.    In response to the allegations in paragraph 11, Monsanto admits that glyphosate is

3   an herbicide that is used to kill invasive plants and weeds. The remaining allegations in

4   paragraph 11 are vague and ambiguous and Monsanto lacks information or knowledge sufficient

5   to form a belief as to the truth of the remaining allegations in paragraph 11 and therefore denies

6   those allegations.

7          12.    In response to the allegations in paragraph 12, Monsanto admits that homeowners

8   have safely used Roundup®-branded products since the 1970s. Monsanto states that the term

9   "agricultural entities" in the first sentence of paragraph 12 is vague and ambiguous, and

10  Monsanto therefore denies the same. Monsanto denies the remaining allegations in paragraph 12.

11         13.    The allegations in paragraph 13 set forth conclusions of law for which no

12  response is required.

13         14.    In response to the allegations in paragraph 14, Monsanto admits that EPA has

14  undertaken a regulatory review of glyphosate and further admits that EPA has not released its

15  findings. Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide

16  Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential,

17  concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to

18  humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA

19  posted an October 2015 final report by its standing Cancer Assessment Review Committee

20  ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely

21  to be Carcinogenic to Humans."[2] Monsanto further states that, in December 2017, EPA's OPP

22

23  _____

24  [1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in
25  anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

26  [2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the*
27  *Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-02911-VC

issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore denies those allegations.

15.     The allegations in the first sentence of paragraph 15 are confusing and unintelligible and therefore no response is required. To the extent a response is deemed required, Bayer Corporation denies the allegations in first sentence of paragraph 15.  Monsanto denies the allegations in the second and third sentences of paragraph 15 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate.  Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate.  Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in the second sentence of paragraph 15 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

16.     In response to the allegations in paragraph 16, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products. And that EPA investigated Craven Laboratories in March 1991 for fraud. To the extent that the allegations in

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

paragraph 106 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

17.     The allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     In response to the allegations in paragraph 18, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.   Monsanto denies the remaining allegations in paragraph 18.

19.     In response to the allegations in paragraph 19, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human health. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 regarding Plaintiff's knowledge and therefore denies those allegations. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

20.     In response to the allegations in paragraph 20, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human health. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 regarding Plaintiff's knowledge and therefore denies those allegations. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in third paragraph 20 set forth conclusions of law for which no response is required.

21.     Monsanto denies the allegations in paragraph 21.

22.     The allegations in the first sentence of paragraph 22 set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 22.

23.     Monsanto denies the allegations in paragraph 23.

24.     Monsanto denies the allegations in paragraph 24.

25.     Monsanto denies the allegations in paragraph 25.

26.     Monsanto denies the allegations in paragraph 26.

27.     Monsanto denies the allegations in paragraph 27.

28.     Monsanto denies the allegations in paragraph 28.

In response to the section entitled "PRAYER FOR RELIEF" following paragraph 28, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. Monsanto denies that plaintiff is entitled to the relief sought, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.     Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.     Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of decedent's alleged injuries.

4.     Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.      Plaintiff's claims are barred, in whole or in part, because decedent's injuries, if any, were the result of conduct of decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

11.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims in whole or in part.

12.      Applicable statutes of limitations and/or repose, bar plaintiff's claims in whole or in part.

13.      Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff and/or decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's and/or decedent's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and/or decedent and owed no duty to plaintiff and/or decedent by which liability could be attributed to it.

16.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Kentucky Constitution and/or other applicable state constitutions.

18.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff have failed to allege conduct warranting imposition of such damages under Kentucky law and/or other applicable state laws.

19.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

20.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff and/or decedent. If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

21.     Plaintiff's claims are barred in whole or in part by decedent's contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's and/or decedent's failure to mitigate damages.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-02911-VC

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff and/or decedent received from collateral sources.

25.     If plaintiff and/or decedent has been injured or damaged, no injuries or damages being admitted, such injuries or damages were not caused by a Monsanto product.

26.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

29.     Plaintiff's common law claims are barred, in whole or part, by application of the Kentucky Product Liability Act, Ky. Rev. Stat. § 411.300.

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  May 5, 2021.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: */s/ Jennise W. Stubbs*
    Jennise W. Stubbs
    600 Travis Street, Suite 3400
    Houston, TX 77002-2926
    Telephone:   (713) 227-8008
    Facsimile:   (713) 227-9508
    Email:       jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I certify that on the 5th day of May, 2021, I electronically transmitted the foregoing MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs