UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Ramirez, et al. v. Monsanto Co.*<br>Case No. 3:19-cv-02224 | **PRETRIAL ORDER NO. 234: QUESTIONS FOR THE HEARING ON THE MOTION FOR PRELIMINARY APPROVAL** |

Tomorrow's hearing will focus on big-picture concerns regarding the proposed settlement. If the proponents of the settlement are able to meaningfully address those concerns, another hearing will be scheduled to discuss the many smaller questions presented by the settlement. Accordingly, at tomorrow's hearing, the parties should be prepared to address the following issues:

- Is it possible to ensure adequate notice in a case where: (i) the settlement is so complicated; (ii) the class is so large, disparate, and transient; and (iii) the class members' chances of contracting the disease are so low, particularly in the near future?

- Even if it were adequate for everyone else, how can the proposed notice be adequate for derivative claimants (for example, the future spouse of someone who has experienced Roundup exposure)?

- The requirements for class certification in the settlement context are less stringent than in the litigation context. But is it appropriate to certify a class for settlement purposes when it is obvious that the class could never be certified for litigation purposes? As applied

here, for example, would it be appropriate for the Court to conclude that common questions predominate over individual questions when differing exposure levels and exposure times clearly preclude the proposed class from being certified for litigation purposes?

- If the Court understands the settlement correctly, it binds anyone exposed to Roundup before February 3, 2021 (assuming they do not opt out), but contemplates that the compensation fund and medical monitoring program can be terminated a few years after the settlement is approved. Why would it be in the interest of people exposed to Roundup before February 2021 to bind themselves to a fund and program that expires so quickly?

- How should the Court evaluate whether the amount in the compensation fund is sufficient?

- The briefs in support of the settlement seem to imply that once a person becomes a member of the class, they will be protected from the adverse effect of any federal preemption ruling by the Supreme Court. In other words, the implication is that if the Supreme Court were to rule next term that the state law claims asserted by these mass tort plaintiffs are preempted, class members would retain the right to recover from the fund. The briefs further seem to imply that such a ruling would not prevent class members from "opting out at the back end" and suing for compensatory damages. Is that correct? Is there language in the settlement agreement which makes that clear?

- One way to evaluate the proposed settlement is to compare it to the status quo, which is that plaintiffs continue to sue and Monsanto continues to negotiate settlements with them. This comparison appears to be the primary focus of the briefs. But another way to evaluate the proposed settlement is to compare it to other more conventional arrangements. From the standpoint of the class members, how does the proposed settlement compare to an arrangement in which Monsanto puts a warning on its label sufficient to foreclose future claims and establishes a fund that offers compensation as a potential alternative to litigation?

2

- Can the Court evaluate whether this settlement is better than the status quo if it does not have information regarding the settlements Monsanto is currently reaching with individual plaintiffs?

- Why is it in the interest of the class to agree in advance to the admission in future trials of the conclusions of a court-appointed independent science panel, given how well the trials have been going for plaintiffs without such a panel?

**IT IS SO ORDERED.**

Dated: May 18, 2021

VINCE CHHABRIA
United States District Judge