**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:    (713) 227-8008
Facsimile:    (713) 227-9508
Email:        jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Michael Gilliland et al. v. Monsanto Co.,* Case No. 3:21-cv-03758-VC | |

**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs Michael Gilliland and Dana Gilliland's Complaint ("Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies those allegations.

6.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies those allegations.

7.      Monsanto denies that Roundup®-branded products have "dangerous properties." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies those allegations.

8.      Monsanto denies the allegations in paragraph 8.

9.      Monsanto denies the allegations in paragraph 9.

10.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies those allegations.

11.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies those allegations.

12.     In response to the allegations in paragraph 12, Monsanto admits that it is a Delaware corporation with its principal place of business in St. Louis County, Missouri.

13.     The allegations in paragraph 13 set forth conclusions of law for which no response is required.

14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.     In response to the allegations in paragraph 15, Monsanto admits that it discovered the herbicidal properties of glyphosate and that it has manufactured Roundup®-branded herbicides.

16.     The allegations in paragraph 16 set forth conclusions of law for which no response is required.

17.     The allegations in paragraph 17 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 17 based upon the allegations in plaintiffs' Complaint.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-03758-VC

18.     The allegations in paragraph 18 set forth conclusions of law for which no response is required.

19.     The allegations in paragraph 19 set forth conclusions of law for which no response is required.  Monsanto denies that any exposure to Roundup®-branded products can cause non-Hodgkin's lymphoma ("NHL") and other serious illnesses and therefore denies those allegations in paragraph 19.

20.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products. The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     The allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     Monsanto denies the allegations in paragraph 22.

23.     In response to the allegations in paragraph 23, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware. Monsanto admits that it and affiliated companies have operations and offices in countries around the world. Monsanto admits that it has been a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 23.

24.     Monsanto admits the allegations in paragraph 24.

25.     Monsanto admits the allegations in paragraph 25.

26.     In response to the allegations in paragraph 26, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 26 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies those allegations.

27.     In response to the allegations in the first and second sentences of paragraph 27, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but

notes that Monsanto has not been the only manufacturer of glyphosate-based herbicides.   In response to the allegations in third sentence of paragraph 27, Monsanto admits that its glyphosate products are registered in at least 130 countries and approved for use on over 100 different crops.

28.     In response to the allegations in paragraph 28, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.

29.     Monsanto admits the allegations in the first sentence of paragraph 29.  Monsanto denies the allegations in the second sentence of paragraph 29 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

30.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen. Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative." The remaining allegations in paragraph 30 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

31.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen. In response to the remaining allegations in paragraph 31, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the remaining allegations in paragraph 31 comprise attorney characterizations and are accordingly denied

32.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen. In response to the remaining allegations in paragraph 32, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the remaining allegations in paragraph 32 comprise attorney characterizations and are accordingly denied.

33.     Monsanto denies the allegations in paragraph 33.

34.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 36 years. Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 34.

35.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies those allegations.

36.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies those allegations.

37.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies those allegations.

38.     In response to the allegations in the paragraph 38, Monsanto denies that any exposure to Roundup®-branded products can cause NHL and/or other serious illnesses. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 regarding plaintiffs' knowledge and therefore denies those allegations. Monsanto states that the EPA repeatedly has concluded pursuant to the FIFRA that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label. To the extent that paragraph 38 alleges that Monsanto has labeled glyphosate-based or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

39.     Monsanto denies the allegations in the first sentence of paragraph 39. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 39 and therefore denies those allegations.

40.     Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 40. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 40

and therefore denies those allegations.

41.    Monsanto admits the allegations in paragraph 41.

42.    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 42 comprise attorney characterizations and are accordingly denied.

43.    Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 43 comprise attorney characterizations and are accordingly denied.

44.    Monsanto generally admits the allegations in paragraph 44, but denies the allegations in paragraph 46 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

45.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies those allegations.

46.    Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 46 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 46.

47.    In response to the allegations in paragraph 47, Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media. Monsanto denies the remaining allegations in paragraph 47.

48.    In response to the allegations in paragraph 48, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved

by regulatory bodies consistent with those findings. Monsanto also admits that the EPA repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label. To the extent that paragraph 48 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations

49.     The allegations in paragraph 49 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. The remaining allegations in paragraph 50 set forth conclusions of law for which no response is required.

51.     The allegations in paragraph 51 set forth conclusions of law for which no response is required.

52.     In response to the allegations in paragraph 52, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of Arizona for sale and distribution.

53.     In response to the allegations in paragraph 53, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. Monsanto states that the term "the product tests" in the final sentence of paragraph 53 is vague and ambiguous, and Monsanto therefore denies the same. The remaining allegations in paragraph 53 set forth conclusions of law for which no answer is required.

54.     Monsanto denies the allegations in paragraph 54 to the extent that they suggest that

EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 54 regarding such pesticide products generally and therefore denies those allegations. The remaining allegations in paragraph 54 set forth conclusions of law for which no response is required.

55.    In response to the allegations in paragraph 55, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings.   Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment" ; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."   Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 and therefore denies those allegations.

56.    The allegations in paragraph 56 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

57.    In response to the allegations in paragraph 57, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety. Monsanto also admits that the patent for glyphosate expired in the United States in 2000.   The remaining allegations in paragraph 57 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

58.    In response to the allegations in paragraph 58, Monsanto admits that following the

development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 58 and accordingly denies those allegations. The remaining allegations in paragraph 58 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

59.     Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 59 and accordingly denies the same. The remaining allegations in paragraph 59 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

60.     In response to the allegations in paragraph 60, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto. Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer. To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 60 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

61.     In response to the allegations in paragraph 61, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General. The assurance speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 61 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

62.     Monsanto denies the allegations in paragraph 62.

63.     In response to the allegations in paragraph 63, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 63 to the extent that they suggest that this ruling was in any way related to plaintiffs' claims here that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 63.

64.     In response to the allegations in paragraph 64, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 64, which are not limited as of any specified date, and accordingly denies the same.

65.     In response to the allegations in paragraph 65 Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations. Monsanto denies the remaining allegations in paragraph 65.

66.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 66 and therefore denies those allegations.

67.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that IARC reliably reviewed the studies that it cited in its glyphosate monograph. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 67 and therefore denies those allegations.

68.     Monsanto denies the allegations in paragraph 68 to the extent that they suggest that IARC had previously assessed glyphosate. Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

69.     In response to the allegations in paragraph 69, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015, and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one-week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working groups are "experts." Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive

review of the latest available scientific evidence. Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available. Monsanto denies the remaining allegations in paragraph 69.

70.     In response to the allegations in paragraph 70, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group. To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

71.     The allegations in paragraph 71 are vague and conclusory. To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

72.     In response to the allegations in paragraph 72 to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, Monsanto denies the allegations in paragraph 72.

73.     In response to the allegations in paragraph 73, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

74.     Monsanto denies the allegations in paragraph 74. The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies,

which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

75.    In response to the allegations in paragraph 75, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

76.    In response to the allegations in paragraph 76, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors. Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 76.

77.    In response to the allegations in paragraph 77, Monsanto admits that the IARC working group purported to make these findings, but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA are present or persists in human blood or urine. Monsanto denies the remaining allegations in paragraph 77.

78.    In response to the allegations in paragraph 78, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration. Regulators around the world repeatedly have concluded that glyphosate is not genotoxic. Monsanto denies the remaining allegations in paragraph 78.

79.    In response to the allegations in paragraph 79, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion. Monsanto denies the remaining allegations in paragraph 79.

80.    In response to the allegations in paragraph 80, Monsanto admits that the working

group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers. The AHS cohort study did not find a positive association between glyphosate and any type of cancer. Monsanto denies all other allegations in paragraph 80.

81.    In response to the allegations in paragraph 81, Monsanto admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

82.    In response to the allegations in paragraph 82, Monsanto states that the document speaks for itself and does not require a response.

83.    In response to the allegations in paragraph 83, Monsanto admits that the Northwest Coalition for Alternatives to Pesticides made the identified claims, but denies that the Coalition provides any reliable basis for any conclusions regarding potential health risks from glyphosate. Monsanto notes that a federal district court has characterized this same publication as an "advocacy piece[] published in [a] non-peer-reviewed journal." *See Arias v. DynCorp*, 928 F. Supp. 10, 24 (D.D.C. 2013).

84.    In response to the allegations in paragraph 84, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns raised by the improper IARC classification. Monsanto denies the remaining allegations in paragraph 84.

85.    In response to the allegations in paragraph 85, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate. Monsanto denies the

remaining allegations in paragraph 85.

86.     Monsanto admits that, in France, the sale to and use by amateurs (i.e., non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions. Monsanto denies the remaining allegations in paragraph 86.

87.     In response to the allegations in paragraph 87, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but Monsanto lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same. Monsanto denies the remaining allegations in paragraph 87.

88.     In response to the allegations in paragraph 88, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease. Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiffs' allegations regarding claimed carcinogenicity. Monsanto denies the remaining allegations in paragraph 88.

89.     In response to the allegations in paragraph 89, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate. Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns. As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops. A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as scientifically unreliable. *See Arias v. DynCorp,* 928 F. Supp. 10 (D.D.C. 2013). Monsanto denies the remaining allegations in paragraph 89.

90.     In response to the *allegations* in the second sentence of paragraph 90, Monsanto admits that glyphosate repeatedly has been found safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-03758-VC

glyphosate products as approved by regulatory bodies consistent with those findings. Monsanto also admits that EPA repeatedly has concluded, pursuant to FIFRA, that glyphosate based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label. To the extent that the second sentence of paragraph 90 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations. Monsanto denies the remaining allegations in paragraph 90.

91.     The allegations in the first sentence of paragraph 91 set forth conclusions of law for which no response is required. To the extent a response is deemed required, Monsanto denies that plaintiffs are entitled to invoke the discovery rule. In response to the second sentence of paragraph 91, Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and states that the scientific studies upon which the IARC purported to base its evaluation of glyphosate were all publicly available before March 2015. The allegations in the final sentence of paragraph 91 set forth conclusions of law for which no response is required. To the extent a response is deemed required, Monsanto denies the allegations in the last sentence of paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     In response to the allegations in paragraph 93, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

94.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact. Monsanto states that the document referenced in paragraph 94 speaks for itself and does not require a response. Monsanto denies the remaining allegations in paragraph 94.

95.     Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiffs to risk of his alleged cancer and denies the remaining allegations in paragraph

95.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were publicly available before March 2015.

96.    Monsanto denies the allegations in the first and last sentences of paragraph 96. The remaining allegations in paragraph 96 set forth conclusions of law for which no response is required.  Monsanto states, however, that the scientific studies upon which IARC purported to base is classification were all publicly available before March 2015

97.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The remaining allegations of paragraph 97 set for conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lack information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations response to the allegations in paragraph 97.

98.    Monsanto denies that it engaged in the "fraud" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.  Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.  The remaining allegations of paragraph 98 set for conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.

99.    Monsanto denies the allegations in paragraph 99.

100.   Monsanto denies the allegations in paragraph 100.

In response to the unnumbered paragraph following paragraph 100, Monsanto incorporates by reference its responses to paragraphs 1 through 100.

101.   In response to the allegations in paragraph 101, Monsanto states that the phrase "directly or indirectly" is vague and ambiguous and that Monsanto lacks information or

knowledge sufficient to form a belief as to the truth of those allegations and therefore Monsanto denies those allegations in paragraph 101.

102.   The allegations in paragraph 102 set forth conclusions of law for which no response is required.

103.   The allegations in paragraph 103 set forth conclusions of law for which no response is required.

104.   Monsanto denies the allegations in paragraph 104.

105.   Monsanto denies the allegations in paragraph 105.

106.   Monsanto denies the allegations in paragraph 106.

107.   Monsanto denies the allegations in paragraph 107.

108.   Monsanto denies the allegations in paragraph 108.

109.   Monsanto denies the allegations in paragraph 109, including each of its subparts.

110.   Monsanto denies the allegations in paragraph 110.

111.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 111 regarding plaintiffs' knowledge and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 111, including that intended use of and/or exposure to Roundup®-branded products causes any injuries.

112.   Monsanto denies the allegations in paragraph 112.

113.   Monsanto denies the allegations in paragraph 113.

114.   Monsanto denies the allegations in paragraph 114.

115.   Monsanto denies the allegations in paragraph 115.

In response to the "WHEREFORE" paragraph following paragraph 115, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the unnumbered paragraph preceding paragraph 116, Monsanto

incorporates by reference its responses to paragraphs 1 through 100.

116.   In response to the allegations in paragraph 116, Monsanto admits that plaintiffs purport to bring a strict liability claim against Monsanto but denies any liability to plaintiffs.

117.   Monsanto denies the allegations in paragraph 117.

118.   Monsanto denies the allegations in paragraph 118.

119.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 119 and therefore denies those allegations.

120.   Monsanto denies the allegations in paragraph 120.

121.   Monsanto denies the allegations in paragraph 121.

122.   Monsanto denies the allegations in paragraph 122 and each of its subparts.

123.   Monsanto denies that Roundup®-branded products have "dangerous characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 123 and therefore denies those allegations.

124.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 124 regarding plaintiffs' knowledge and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 124.

125.   Monsanto denies the allegations in paragraph 125.

126.   Monsanto denies the allegations in paragraph 126.

127.   Monsanto denies the allegations in paragraph 127.

128.   Monsanto denies the allegations in paragraph 128.

129.   Monsanto denies the allegations in paragraph 129.

130.   Monsanto denies the allegations in paragraph 130.

131.   Monsanto denies the allegations in paragraph 131.

132.   Monsanto denies the allegations in paragraph 132.

In response to the "WHEREFORE" paragraph following paragraph 132, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable

attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the unnumbered paragraph preceding paragraph 133, Monsanto incorporates by reference its responses to paragraphs 1 through 100.

133.   In response to the allegations in paragraph 133, Monsanto admits that plaintiffs purport to bring a strict liability claim against Monsanto but denies any liability to plaintiffs.

134.   Monsanto denies the allegations in paragraph 134.

135.   The allegations in paragraph 135 set forth conclusions of law for which no response is required.

136.   The allegations in paragraph 136 set forth conclusions of law for which no response is required.

137.   Monsanto denies the allegations in paragraph 137. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

138.   Monsanto denies the allegations in paragraph 138.

139.   Monsanto denies the allegations in paragraph 139.

140.   Monsanto denies the allegations in paragraph 140.

141.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 141 and therefore denies those allegations.

142.   Monsanto denies that Roundup®-branded products have "dangerous characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 142 and therefore denies those allegations.

143.   Monsanto denies that Roundup®-branded products have "dangerous characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 143 and therefore denies those allegations.

144.   Monsanto denies the allegations in paragraph 144.

145.   Monsanto denies the allegations in paragraph 145. All labeling of Roundup®-

branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

146. Monsanto denies the allegations in paragraph 146. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

147. Monsanto denies the allegations in paragraph 147. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

148. Monsanto denies the allegations in paragraph 148. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

149. Monsanto denies the allegations in paragraph 149. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

150. Monsanto denies the allegations in paragraph 150.

151. Monsanto denies the allegations in paragraph 151.

152. Monsanto denies the allegations in paragraph 152.

In response to the "WHEREFORE" paragraph following paragraph 152, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the unnumbered paragraph preceding paragraph 153, Monsanto incorporates by reference its responses to paragraphs 1 through 100.

153. Monsanto denies the allegations in paragraph 153.

154. Monsanto denies the allegations in paragraph 154

155. Monsanto denies the allegations in paragraph 155.

1    156.   Monsanto denies the allegations in paragraph 156.

2    157.   Monsanto denies the allegations in paragraph 157.

3    158.   Monsanto denies the allegations in paragraph 158.

4    159.   Monsanto denies the allegations in paragraph 159.

5    160.   Monsanto denies the allegations in paragraph 160.

6    161.   Monsanto denies the allegations in paragraph 161.

7    In response to the "WHEREFORE" paragraph following paragraph 161, Monsanto

8    demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint

9    be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable

10   attorney's fees as allowed by law and such further and additional relief as this Court may deem

11   just and proper.

12   In response to the unnumbered paragraph preceding paragraph 162, Monsanto

13   incorporates by reference its responses to paragraphs 1 through 100.

14   162.   The allegations in paragraph 162 set forth conclusions of law for which no

15   response is required.

16   163.   The allegations in paragraph 163 set forth conclusions of law for which no

17   response is required.

18   164.   Monsanto denies the allegations in paragraph 164.

19   165.   Monsanto denies the allegations in paragraph 165.

20   166.   Monsanto denies the allegations in paragraph 166.

21   167.   The allegations in paragraph 167 regarding express warranties set forth

22   conclusions of law for which no response is required. Monsanto lacks information or

23   knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph

24   167.

25   168.   Monsanto denies the allegations in paragraph 168.

26   In response to the "WHEREFORE" paragraph following paragraph 168, Monsanto

27   demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-03758-VC

be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the unnumbered paragraph preceding paragraph 169, Monsanto incorporates by reference its responses to paragraphs 1 through 100.

169.   In response to the allegations in paragraph 169, Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup® -branded products. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 169 concerning plaintiffs' claimed use of and exposure to Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 169 set forth conclusions of law for which no response is required.

170.   Monsanto denies the allegations in paragraph 170.

171.   Monsanto denies the allegations in paragraph 171.

172.   Monsanto denies the allegations in paragraph 172.

173.   The allegations in paragraph 173 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 173.

174.   Monsanto denies the allegations in paragraph 174.

175.   Monsanto denies the allegations in paragraph 175.

176.   Monsanto denies the allegations in paragraph 176.

In response to the "WHEREFORE" paragraph following paragraph 176, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the unnumbered paragraph preceding paragraph 177, Monsanto

incorporates by reference its responses to paragraphs 1 through 100.

177.   Monsanto denies the allegations in paragraph 177.

178.   Monsanto denies the allegations in paragraph 178.

179.   Monsanto denies the allegations in paragraph 179.

180.   Monsanto denies the allegations in paragraph 180.

In response to the "WHEREFORE" paragraph following paragraph 180, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the unnumbered paragraph preceding paragraph 181, Monsanto incorporates by reference its responses to paragraphs 1 through 100.

181.   Monsanto denies the allegations in paragraph 181.

In response to the "WHEREFORE" paragraph following paragraph 181, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

182.   The allegations in paragraph 182 set forth conclusions of law for which no response is required.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.   The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.   Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.     Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4.     Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.     Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.     Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

7.     Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

8.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

9.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

10.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

11.     Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-03758-VC

12.   Plaintiffs' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

13.   If plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

14.   Monsanto had no legal relationship or privity with plaintiffs and owed no duty to them by which liability could be attributed to it.

15.   Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs. If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

16.   Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17.   Plaintiffs' claims for punitive and/or treble damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Arizona Constitution and/or other applicable state constitutions.

18.   Plaintiffs' claims for punitive and/or treble damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Arizona law and/or other applicable state laws.

19.   Plaintiffs' claims for punitive and/or treble damages are barred and/or limited by operation of state and/or federal law, including Ariz. Rev. Stat. § 12-689.

20.   Plaintiffs' claims are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-03758-VC

21.     Plaintiffs' claims are barred in whole or in part by plaintiffs' own failure to mitigate damages.

22.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

23.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs receive from collateral sources.

24.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

25.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize or limit such claims.

26.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

27.     Plaintiffs have failed to allege fraud with sufficient particularity.

28.     Plaintiffs' claim for breach of implied warranties is barred because Arizona does not recognize a separate cause of action for breach of implied warranty in the product liability context.

36.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

1   DATED:  May 20, 2021.                Respectfully  submitted,

2                                        SHOOK, HARDY & BACON L.L.P.

3                                        BY: */s/ Jennise W. Stubbs*

4                                            Jennise  W. Stubbs
                                             600 Travis Street, Suite 3400
5                                            Houston,  TX 77002-2926
                                             Telephone:   (713) 227-8008
6                                            Facsimile:    (713) 227-9508
                                             Email:        jstubbs@shb.com
7

8                                        *Attorneys for Defendant*
                                         *MONSANTO COMPANY*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-03758-VC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I certify that on the 20th day of May, 2021, I electronically transmitted the foregoing **MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs