UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS<br>LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Anna Roy v. Monsanto Co.,*<br>Case No. 3:20-cv-03371-VC | MDL No. 2741<br>Case No. 3:16-md-02741-VC |

### UNOPPOSED MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDED COMPLAINT FOR DAMAGES

**NOW INTO COURT,** by and through undersigned counsel, come Plaintiffs, **CLEVE ROY, MATTHEW ROY, CHAD ROY,** and **JENNIFER WEINSTEIN**, individually and as proper parties-in-interest for **ANNA ROY**, (deceased), who pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure respectfully move this Court for leave to file the attached First Supplemental and Amended Complaint for Damages.

Federal Rule of Civil Procedure 15(a) provides that a party may amend after obtaining leave of the court, or by consent of the adverse party. Leave to amend is generally within the discretion of the district court. *In re Daisy Sys. Corp.*, 97 F.3d 1171, 1175 (9th Cir. 1996). Rule 15 advises the court that "leave shall be freely given when justice so requires." The case law advises that this policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

Despite this liberality, leave to amend should not be granted automatically. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). A trial court should consider four factors when deciding whether to give leave to amend: "(1) bad faith on the part of the plaintiffs; (2) undue

delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). However, the consideration of prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC,* 316 F.3d at 1052.  Plaintiffs move to file the Amended Complaint within the time permitted by the Court as there is no scheduling order in place at this time.  Allowing Plaintiffs to file the First Supplemental and Amended Complaint for Damages would serve to promote justice and promote judicial efficiency.  Additionally, this amendment will not cause undue prejudice, bad faith, undue delay, or futility.  There is no substantial reason to deny Plaintiffs' request for leave.

Through the First Supplemental and Amended Complaint for Damages, Plaintiffs, the surviving spouse and children of the deceased original Plaintiff, seek to be made the new Plaintiffs in this matter pursuant to Louisiana law.

Pursuant to Local Rule 10.1, Plaintiffs produce the entire proposed pleading.

Plaintiffs sought approval from counsel for Monsanto for the filing of this First Supplemental and Amended Complaint for Damages and counsel for Monsanto has not objected to this filing.

For all these reasons, Plaintiffs respectfully request this Court grant Plaintiffs leave to file the attached Supplemental and Amended Complaint for Damages.

          Respectfully submitted,

          **MARTZELL, BICKFORD, & CENTOLA**
          **LAWRENCE J. CENTOLA, III (#27402)**
          338 Lafayette Street
          New Orleans, Louisiana 70130
          Telephone:   (504) 581-9065
          Fax:           (504) 581-7635

          and

**LILLIS LAW FIRM**

　　　**/s/ Michael E. Lillis**
Michael E. Lillis, BAR NO. 33245
338 Lafayette Street
New Orleans, Louisiana 70130
Telephone:　(504) 581-9065
Facsimile:　(504) 581-7635

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

　　I hereby certify that on the 20th day of May, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of California, San Francisco Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

　　　**/s/ Michael E. Lillis**
Michael E. Lillis
Attorney for Plaintiffs