**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:    (713) 227-8008
Facsimile:    (713) 227-9508
Email:    jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

IN THE UNITED STATES DISTRICT COURT

NORTHREN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br>*Dorothy Pawlak v. Monsanto Co.,*<br>Case No. 3:21-cv-03491-VC | |

**<u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), sometimes erroneously referred to within plaintiff's Second Amended Complaint ("Complaint") as "Monsanto Corporation," by and through its counsel, respectfully responds by generally denying all allegations contained in the Complaint, except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

Counts I – III. The allegations associated with Counts I through III do not require responses from Monsanto because these allegations relate to another defendant, not Monsanto, and these counts are brought only against another defendant, not Monsanto. To the extent that responses from Monsanto are deemed required, Monsanto: (a) denies any and all allegations regarding defective design, failure to warn, negligence, or other misconduct; (b) denies that

Monsanto is liable to plaintiff based on a strict liability theory, a negligence theory, or any other legal theory; (c) denies that Roundup®-branded products cause cancer or are defective; (d) denies that Roundup®-branded products caused Robert Pawlak's or plaintiff's cancer, and (e) denies plaintiff's characterization of the relationship between Monsanto and Bayer AG.

1. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 of Count IV and therefore denies those allegations.

2. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 of Count IV and therefore denies those allegations.

3. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 of Count IV and therefore denies those allegations.

4. In response to the allegations in the first sentence of paragraph 4 of Count IV, Monsanto admits that it has manufactured Roundup®-branded products. In response to the allegations in the second sentence of paragraph 4 of Count IV, Monsanto admits that it is a Delaware corporation with its headquarters and its principal place of business in St. Louis County, Missouri. Monsanto denies the allegations in the third sentence of paragraph 4 of Count IV.

5. Monsanto denies the allegations in paragraph 5 of Count IV.

6. Monsanto denies the allegations in paragraph 6 of Count IV.

7. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 of Count IV and therefore denies those allegations.

8. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 of Count IV and therefore denies those allegations.

In response to the allegations in the "WHEREFORE" paragraph following paragraph 8 of Count IV, Monsanto demands that judgment be entered in its favor and against plaintiff and that

plaintiff's Complaint be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

1. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 of Count V and therefore denies those allegations.

2. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 of Count V and therefore denies those allegations.

3. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 of Count V and therefore denies those allegations.

4. In response to the allegations in the first sentence of paragraph 4 of Count V, Monsanto admits that it has manufactured Roundup®-branded products. In response to the allegations in the second sentence of paragraph 4 of Count V, Monsanto admits that it is a Delaware corporation with its headquarters and its principal place of business in St. Louis County, Missouri. Monsanto denies the allegations in the third sentence of paragraph 4 of Count V.

5. Monsanto denies the allegations in paragraph 5 of Count V.

6. Monsanto denies the allegations in paragraph 6 of Count V.

7. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 of Count V and therefore denies those allegations.

In response to the allegations in the "WHEREFORE" paragraph following paragraph 7 of Count V, Monsanto demands that judgment be entered in its favor and against plaintiff and that plaintiff's Complaint be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

1. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 of Count VI and therefore denies those allegations.

2. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 of Count VI and therefore denies those allegations.

3. In response to the allegations in paragraph 3 of Count VI, Monsanto admits that it has manufactured Roundup®-branded products.

4. In response to the allegations in the first sentence of paragraph 4 of Count VI, Monsanto admits that it has manufactured Roundup®-branded products. In response to the allegations in the second sentence of paragraph 4 of Count VI, Monsanto admits that it is a Delaware corporation with its headquarters and its principal place of business in St. Louis County, Missouri. Monsanto denies the allegations in the third sentence of paragraph 4 of Count VI.

5. In response to the allegations in the fifth paragraph of Count VI, Monsanto denies that Roundup®-branded products cause cancer and denies that Roundup®-branded products caused plaintiff's alleged cancer. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of Count VI and therefore denies those allegations.

6. Monsanto denies the allegations in paragraph 6 of Count VI.

7. Monsanto denies the allegations in the first sentence of paragraph 7 of Count VI. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of Count VI and therefore denies those allegations.

In response to the allegations in the "WHEREFORE" paragraph following paragraph 7 of Count VI, Monsanto demands that judgment be entered in its favor and against plaintiff and that

plaintiff's Complaint be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of decedent's alleged injuries.

4. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6. Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8. Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10. Plaintiff's claims are barred, in whole or in part, because decedent's injuries, if any, were the result of conduct of decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

11. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims in whole or in part.

12. Applicable statutes of limitations and/or repose, bar plaintiff's claims in whole or in part.

13. Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14. If plaintiff and/or decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or

manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's and/or decedent's alleged injuries or damages.

15. Monsanto had no legal relationship or privity with plaintiff and/or decedent and owed no duty to plaintiff and/or decedent by which liability could be attributed to it.

16. Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17. Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff and/or decedent. If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

18. Plaintiff's claims are barred in whole or in part by decedent's contributory/comparative negligence.

19. Plaintiff's claims are barred in whole or in part by plaintiff's and/or decedent's failure to mitigate damages.

20. Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

21. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff and/or decedent received from collateral sources.

22. If plaintiff and/or decedent has been injured or damaged, no injuries or damages being admitted, such injuries or damages were not caused by a Monsanto product.

23. Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

24. Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

25. Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Petition with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED: May 20, 2021.                   Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: */s/ Jennise W. Stubbs*
　　　Jennise W. Stubbs
　　　600 Travis Street, Suite 3400
　　　Houston, TX 77002-2926
　　　Telephone:   (713) 227-8008
　　　Facsimile:   (713) 227-9508
　　　Email:       jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

## CERTIFICATE OF SERVICE

I certify that on the 20th day of May, 2021, I electronically transmitted the foregoing **MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs