**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax: 202-942-5999

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax: 202-682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO:<br><br>*Sue Coffman, as Personal Representative of the Estate of Kevin Coffman, Deceased v. Monsanto Company, et al.*,<br><br>Case No. 3:21-cv-02505-VC | **DEFENDANT MONSANTO COMPANY'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**<br><br>Date:        June 10, 2021<br>Time:       2:00 p.m.<br>Courtroom: 4 |

Defendant Monsanto Company ("Monsanto") seeks leave to file a sur-reply to Plaintiff's Reply in Support of Motion to Remand ("Plaintiff's Reply"), ECF No. 8.  The Court should grant this motion because Plaintiff's Reply makes a new argument that is: (a) erroneous because evidence submitted to support removal arguments does not need to be admissible at trial; and (b) improper because the argument could have been – but was not – asserted in Plaintiff's Motion to Remand, ECF No. 6.

In its Notice of Removal, ECF No. 1, Monsanto relied on sworn interrogatory responses, served by The Valley Fertilizer and Chemical Company ("Valley Fertilizer") in response to Plaintiff's interrogatories, to establish that Valley Fertilizer has been fraudulently joined in this case.  In seeking remand, Plaintiff did not argue that these interrogatory responses were inadmissible.  However, in the face of arguments asserted in Monsanto's Opposition, ECF No. 7, Plaintiff's Reply argues that the interrogatory responses should be disregarded as inadmissible. This argument is not only untimely, but it is also incorrect.[1]

Plaintiff seeks to avoid the consequences of the Valley Fertilizer's interrogatory responses by treating them as trial testimony and complaining of the "absurdity of allowing a party to assert fraudulent joinder by testimony offered by itself or its co-parties without any cross-examination or the completion of discovery."  Plaintiff's Reply at 4.  But a remand motion involving a fraudulent joinder removal argument is *not* a mini-trial – and there is no requirement for cross-examination or completion of discovery before a court addresses remand based on evidence submitted by the removing defendant:

> In ruling on a motion to remand, courts may view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists, including summary judgment-type evidence.  Plaintiff provides the Court with no authority – nor does the Court find any – to equate the summary judgment-*type* evidence discussed by courts in connection with motions to remand, with evidence actually admissible at trial (or at the summary judgment stage) pursuant to the Federal Rules of Evidence.

---

[1] Although Plaintiff's Reply makes other arguments, Monsanto is limiting its request for leave to file a sur-reply to the argument addressed above.  By not addressing other arguments in Plaintiff's Reply, Monsanto does not concede that those arguments have merit.

*Johnson v. Sunrise Senior Living Mgmt., Inc.*, Case No. CV 16-00443-BRO (RAOx), 2016 WL 917888, at *4 (C.D. Cal. Mar. 8, 2016) (citations and quotation marks omitted; emphasis in original); *see also Wetzel v. CertainTeed Corp.*, Case No. 2:16-cv-01160-RAJ, 2016 WL 11617595, at *2 (W.D. Wash. Nov. 4, 2016) ("There is no authority requiring Courts to demand 'evidence actually admissible at trial . . . pursuant to the Federal Rules of Evidence" for motions to remand." (quoting *Johnson*, 2016 WL 917888, at *4) (alteration in original)); *Lee v. State Farm Mut. Auto. Ins. Co.*, Case No. 1:16-cv-00465-LJO-SAB, 2016 WL 1756605, at *3 (E.D. Cal. May 3, 2016) (rejecting plaintiff's evidentiary objections and quoting *Johnson*, 2016 WL 917888, at *4; recommending denial of remand motion), *findings and recommendation adopted*, 2016 WL 3011169 (E.D. Cal. May 25, 2016) (denying remand motion).

Accordingly, Monsanto requests that the Court grant leave for Monsanto to file a sur-reply to address the argument that was asserted for the first time in Plaintiff's Reply.

DATED:  May  26, 2021

Respectfully submitted,

/s/ Eric G. Lasker

| | |
|---|---|
| William Hoffman (*pro hac vice*)<br>(william.hoffman@arnoldporter.com)<br>Daniel S. Pariser (*pro hac vice*)<br>(daniel.pariser@arnoldporter.com)<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>601 Massachusetts Avenue, NW<br>Washington, DC 20001<br>Tel:   202-942-5000<br>Fax:   202-942-5999 | Eric G. Lasker (*pro hac vice*)<br>(elasker@hollingsworthllp.com)<br>Martin C. Calhoun (*pro hac vice*)<br>(mcalhoun@hollingsworthllp.com)<br>HOLLINGSWORTH LLP<br>1350 I Street, NW<br>Washington, DC 20005<br>Tel:  202-898-5800<br>Fax: 202-682-1639<br><br>Brian L. Stekloff (*pro hac vice*)<br>(bstekloff@wilkinsonstekloff.com)<br>Rakesh Kilaru (*pro hac vice*)<br>(rkilaru@wilkinsonstekloff.com)<br>WILKINSON STEKLOFF LLP<br>2001 M Street, NW, 10th Floor<br>Washington, DC 20036<br>Tel: 202-847-4030<br>Fax: 202-847-4005 |

*Attorneys for Defendant Monsanto Company*