**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

*Attorneys for Defendant Monsanto Company*

**HOLLINGSWORTH**LLP
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax: 202-682-1639

*Attorneys for Defendants*

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax: 202-942-5999

*Attorneys for Defendant Monsanto Company*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | )<br>)<br>)<br>) | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO:<br><br>*Marcia Moreno v. Monsanto [sic], et al.*,<br>Case No. 3:21-cv-03166-VC | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND *MORENO* CASE**<br><br>**[Filed Concurrently with Declaration of Adam Jones]** |

## INTRODUCTION AND ISSUES TO BE DECIDED

In their Notice of Removal, ECF No. 1, Monsanto Company ("Monsanto") and the other named defendants established that removal was proper.[1] Defendants demonstrated that complete diversity of citizenship exists between Plaintiff Marcia Moreno (an Illinois citizen) and all Defendants (citizens of Delaware, Missouri, Pennsylvania, and/or Tennessee). Plaintiff admits that the jurisdictional amount-in-controversy requirement is satisfied. Accordingly, this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(a). It also is undisputed that the Notice of Removal was timely. Therefore, Defendants properly removed this lawsuit from Illinois state court.

Plaintiff's Motion to Remand ("Remand Motion"), ECF No. 20, is premised on two fundamental errors. First, Plaintiff does not apply the correct test for determining the citizenship of a limited liability company for purposes of diversity jurisdiction and instead incorrectly treats the three limited liability company defendants at issue here as ***corporations***. Second, Plaintiff relies on outdated information about those defendants. These errors lead Plaintiff to make the erroneous argument that they are Illinois citizens. In fact, those three defendants are – and were at all times relevant to the proper diversity-of-citizenship analysis – citizens of Delaware and Pennsylvania, not Illinois.

The issue to be decided is whether the Remand Motion must be denied because complete diversity of citizenship exists in this case between Plaintiff and Defendants. As discussed in more detail below, the answer is "Yes."

---

[1] Monsanto Company is incorrectly named as "Monsanto" in the caption of the Complaint but is correctly named in the body of the Complaint. The other defendants are: (1) Akzo Nobel Incorporated; (2) Nouryon Surface Chemistry LLC (incorrectly named in the Complaint as "Nouryan Surface Chemicals"), formerly known as Akzo Nobel Surface Chemistry LLC (incorrectly named in the Complaint as "Akzo Surface Chemistry LLC"); (3) Nouryon Functional Chemicals LLC (incorrectly named in the Complaint as "Nouryan Functional Chemicals LLC"), formerly known as Akzo Nobel Functional Chemicals LLC; and (4) Nouryon Chemicals LLC (incorrectly named in the Complaint as "Nouryan Chemicals LLC"), formerly known as Starfruit US Merger Sub 1 LLC, which was successor in interest to Akzo Nobel Chemicals LLC. Notice of Removal at 1.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In March 2021, Plaintiff commenced this lawsuit by filing a complaint in an Illinois state court ("the State Court Action"). The Complaint asserts claims against Defendants based on the allegation that Roundup®-branded herbicides caused Plaintiff to develop non-Hodgkin's lymphoma. *See, e.g.*, Compl. ¶¶ 2-4, 6, 217, 220, 222 (attached to Notice of Removal as Ex. 1), ECF No. 1-1.

Defendants timely filed the Notice of Removal on April 9, 2021, within thirty days of service of the Summons and Complaint on Defendants. The Notice of Removal established that there is complete diversity of citizenship between Plaintiff and Defendants and that the Section 1332(a) jurisdictional amount-in-controversy requirement is satisfied because Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs.

After this case was transferred from the United States District Court for the Northern District of Illinois to this Court, Plaintiff filed the Remand Motion. That motion does not dispute the showing in the Notice of Removal regarding Plaintiff's citizenship (Illinois) or the citizenships of Monsanto (Delaware and Missouri) or Akzo Nobel, Incorporated (Delaware and Tennessee). Although the Remand Motion claims that three limited liability company defendants – Nouryon Chemicals LLC, Nouryon Functional Chemicals LLC, and Nouryon Surface Chemistry LLC (collectively, "Nouryon Defendants") – are Illinois citizens and therefore not diverse, the motion does not dispute the showing in the Notice of Removal regarding the Delaware and Pennsylvania citizenships of the nine holding company corporations that determine the citizenships of the Nouryon Defendants. Plaintiff admits that this case satisfies the Section 1332(a) jurisdictional amount-in-controversy requirement for diversity-based subject matter jurisdiction. *See* Remand Motion ¶ 4. The Remand Motion does not contend that the Notice of Removal was untimely (or otherwise procedurally flawed).

## LEGAL STANDARDS

As the Ninth Circuit has held, determining the citizenship of limited liability company for purposes of diversity jurisdiction requires a different analysis than determining the citizenship of

a corporation.  A "corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)).[2]  By contrast, a "limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business."  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (quoting *Johnson*, 437 F.3d at 899).

Moreover, when a case is removed from state court to federal court based on diversity jurisdiction, two points in time matter for assessing whether diversity jurisdiction exists. Diversity jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected."  *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citing cases); *see also Frontline Processing Corp. v. Barack Ferrazzano Kirschbaum Perlman & Nagelberg LLP*, 571 F. App'x 586, 587 (9th Cir. 2014) (quoting *Strotek Corp.*, 300 F.3d at 1132).

## ARGUMENT

**I.  This Court Has Subject Matter Jurisdiction Because There Is Complete Diversity of Citizenship Between Plaintiff and Defendants.**

This removal was proper because federal subject matter jurisdiction exists in this case based on complete diversity of citizenship between Plaintiff and Defendants.  The Notice of Removal establishes, and Plaintiff admits, that she is (and has been) an Illinois citizen.  Notice of Removal ¶ 6; Remand Motion ¶ 1.  The Notice of Removal establishes – and Plaintiff does not dispute – that: (a) Monsanto is (and has been) a citizen of Delaware and Missouri for purposes of diversity jurisdiction; and (b) Akzo Nobel Incorporated is (and has been) a citizen of Delaware and Tennessee for purposes of diversity jurisdiction.  Notice of Removal ¶¶ 7, 8.

Defendants also have established that the Nouryon Defendants – three limited liability companies – are (and were at all times relevant to the proper diversity-of-citizenship analysis)

---

[2] According to the Supreme Court's "nerve center" test, a corporation's principal place of business is typically the corporation's headquarters, *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010) – *i.e.*, "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," *id*. at 80; *see 3123 SMB LLC v. Horn*, 880 F.3d 461, 463 (9th Cir. 2018) (quoting *Hertz*, 559 U.S. at 80, 81).

citizens of Delaware and Pennsylvania for purpose of diversity jurisdiction. *See supra* at 3 (citing cases). Defendants did not focus on the principal places of business of the Nouryon Defendants or the states in which those three limited liability companies were formed because, under binding Ninth Circuit law, a "limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business," *NewGen, LLC*, 840 F.3d at 612 (quoting *Johnson*, 437 F.3d at 899).

The Nouryon Defendants are (and have been since before February 2021 when the State Court Action was filed) limited liability companies, Notice of Removal ¶¶ 9-11; Declaration of Adam Jones ¶ 4 ("Jones Decl.") (filed this same date), so Defendants properly focused on the citizenships of the members (owners) of the Nouryon Defendants. For example, the sole member of Nouryon Chemicals LLC is, and has been since before February 2021, Nouryon USA LLC. Notice of Removal ¶ 9; Jones Decl. ¶ 5. Nouryon USA LLC is, and has been since before February 2021, a Delaware limited liability company. Notice of Removal ¶ 9; Jones Decl. ¶ 5. The members of Nouryon USA LLC are, and have been since before February 2021, nine holding company corporations – Nouryon US Holding 1 Inc., Nouryon US Holding 2 Inc., Nouryon US Holding 3 Inc., Nouryon US Holding 4 Inc., Nouryon US Holding 5 Inc., Nouryon US Holding 6 Inc., Nouryon US Holding 7 Inc., Nouryon US Holding 8 Inc., and Nouryon US Holding 9 Inc. (collectively, "Nouryon US Holding Companies"). Notice of Removal ¶ 9; Jones Decl. ¶ 5. Those nine companies all are, and have been since before February 2021, corporations incorporated under the laws of the State of Delaware, with their principal places of business in the Commonwealth of Pennsylvania. Notice of Removal ¶ 9; Jones Decl. ¶ 5. Thus, Nouryon Chemicals LLC is deemed to be a citizen of Delaware and Pennsylvania for purposes of diversity jurisdiction. Notice of Removal ¶ 9.

Likewise, Nouryon Functional Chemicals LLC is deemed to be a citizen of Delaware and Pennsylvania for purposes of diversity jurisdiction. Notice of Removal ¶ 10. The sole member of Nouryon Functional Chemicals LLC is, and has been since before February 2021, Nouryon Chemicals LLC. *Id.*; Jones Decl. ¶ 6. As discussed above, the members of Nouryon Chemicals

LLC are, and have been since before February 2021, the nine Nouryon US Holding Companies that are (and have been since before February 2021) Delaware corporations with principal places of business in Pennsylvania.  Notice of Removal ¶ 10; Jones Decl. ¶ 6.

The same analysis leads to the conclusion that Nouryon Surface Chemistry LLC is deemed to be a citizen of Delaware and Pennsylvania for purposes of diversity jurisdiction. Notice of Removal ¶ 11.  The sole member of Nouryon Surface Chemistry LLC is, and has been since before February 2021, Nouryon Chemicals LLC.  *Id.*; Jones Decl. ¶ 7.  Again, as discussed above, the members of Nouryon Chemicals LLC are, and have been since before February 2021, the nine Nouryon US Holding Companies that are (and have been since before February 2021) Delaware corporations with principal places of business in Pennsylvania.  Notice of Removal ¶ 11; Jones Decl. ¶ 7.

In sum, complete diversity of citizenship exists in this case between Plaintiff (an Illinois citizen) and Defendants (citizens of Delaware, Missouri, Pennsylvania, and/or Tennessee). Accordingly, this Court has federal subject matter jurisdiction, and there is no basis for the Court to grant the Remand Motion.

## II.  The Remand Motion Fails To Establish A Lack Of Complete Diversity Of Citizenship.

The Remand Motion asserts that the Nouryon Defendants are deemed to be Illinois citizens for purposes of diversity of jurisdiction, *see* Remand Motion ¶¶ 4, 9, 15, but those arguments are legally and factually incorrect.

***First***, the Remand Motion ignores important, undisputed facts – namely, that the Nouryon Defendants are limited liability companies, ***not corporations*** – and erroneously focuses on the alleged principal places of business of these three defendants.  *See* Remand Motion ¶¶ 11-13.  Plaintiff's analysis is contrary to Ninth Circuit law because, as discussed above, the principal place of business of a limited liability company does not determine the company's citizenship for purposes of diversity jurisdiction.  *See supra* at 3 (citing *NewGen, LLC*, 840 F.3d at 612; *Johnson*, 437 F.3d at 899).  Thus, even assuming for the sake of argument that Illinois is the principal place of business of the Nouryon Defendants as Plaintiff claims, *but see infra* at 6-7,

that would **_not_** lead to the conclusion that those three defendants are deemed to be Illinois citizens for purposes of diversity jurisdiction.  The Remand Motion fails to present any basis for the Court to hold that any of the defendants in this case are non-diverse (citizens of Illinois).

    **_Second_**, even assuming for the sake of argument that the principal places of business of the Nouryon Defendants shed any light on their citizenship for purposes of diversity jurisdiction, *but see supra* at 5, Plaintiff's principal-place-of-business arguments miss the mark because Plaintiff focuses on the wrong point in time.  As the Ninth Circuit repeatedly has held, diversity jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected."  *Strotek Corp.*, 300 F.3d at 1131 (citing cases); *see also Frontline Processing Corp.*, 571 F. App'x at 587 (quoting *Strotek Corp.*, 300 F.3d at 1131).  However, neither the Remand Motion nor the exhibits attached to the motion provide any information about the principal places of business of the Nouryon Defendants when Plaintiff filed her Complaint in state court in March 2021 or when the Notice of Removal was filed in April 2021.  For example, Plaintiff relies on an affidavit that was signed in February 2020 (for a lack-of-personal-jurisdiction motion in an unrelated case), which stated that Nouryon Surface Chemistry LLC's principal place of business was in Illinois.  Remand Motion ¶ 4 & Exhibit A.[3]  But the information in that affidavit is outdated and irrelevant to the diversity-of-citizenship analysis because the affidavit does not address Nouryon Surface Chemistry LLC's principal place of business when the Complaint or the Notice of Removal were filed (March 2021 and April 2021, respectively).[4]  In fact, the principal places of business for Nouryon Surface Chemistry LLC and the two other limited liability company defendants at issue here – as well the Nouryon US Holding Companies – were moved from Illinois to Pennsylvania.  *See* Jones Decl. ¶¶ 8-13.  That move occurred after

---

[3] The Remand Motion cites this affidavit as evidence of the principal places of business of the Nouryon Defendants, but that is an overstatement.  In fact, this affidavit discusses only Nouryon Surface Chemistry LLC, not the other two Nouryon Defendants.  (Although the Remand Motion cites this affidavit as Exhibit A, it has an Exhibit B cover page.)

[4] More important, the affidavit also is irrelevant because it says nothing about the Nouryon US Holding Companies.  As discussed above, the citizenships of the Nouryon Defendants are based on the citizenships of the Nouryon US Holding Companies – not on the Nouryon Defendants' principal places of business.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND *MORENO* CASE
3:16-md-02741-VC & 3:21-cv-03166-VC

the period discussed in the February 2020 affidavit attached to the Remand Motion and before the Complaint was filed in March 2021. Thus, since before February 2021, the principal places of business of the Nouryon Defendants have been located in Pennsylvania. *Id.* ¶ 11.

Plaintiff also relies on outdated information about the Nouryon Defendants in documents titled "Corporation/LLC Search/Certificate of Good Standing" that show "Principal Office" addresses in Chicago, Illinois for these three defendants. *See* Remand Motion ¶¶ 11-13 (citing Exhibits B-D). Those documents reflect information from annual reports for 2020 that were filed with the Illinois Secretary of State on June 5, 2020 (by Nouryon Chemicals LLC), October 1, 2020 (by Nouryon Surface Chemistry LLC), and October 2, 2020 (by Nouryon Functional Chemicals LLC). *See* Jones Decl. ¶ 14. Those documents show the business address in Chicago, Illinois because the Nouryon Defendants did not begin using their Pennsylvania address for tax and corporate documents until in or around November 2020. *Id.* The outdated information shown in those documents renders them irrelevant to Plaintiff's principal-place-of-business arguments.[5] More recent documents show the Nouryon Defendants' headquarters addresses in Pennsylvania. *See* Jones Decl. ¶¶ 15-18.

In sum, even assuming for the sake of argument that the principal places of business of the Nouryon Defendants have any bearing on their citizenship for purposes of diversity jurisdiction, their principal places of business have been located in Pennsylvania at all times relevant to the correct diversity-of-citizenship analysis. Therefore, Plaintiff's principal-place-of-business arguments regarding the Nouryon Defendants lack merit, and complete diversity of citizenship exists in this case.[6]

---

[5] These documents also are irrelevant because they fail to address the Nouryon US Holding Companies and therefore do not shed light on the key facts that, as discussed above, control the Nouryon Defendants' citizenships in this case – namely, the citizenships of the Nouryon US Holding Companies.

[6] Plaintiff's reliance on the so-called "forum defendant rule," *see* Remand Motion ¶ 7 (quoting 28 U.S.C. § 1441(b)(2)), is misplaced. As established above, none of the defendants are Illinois citizens, so Section 1441(b)(2) did not prevent this removal.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the Remand Motion.


DATED:  May 28, 2021

Respectfully submitted,

/s/ Eric G. Lasker

William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax:  202-942-5999

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com
HOLLINGSWORTH LLP
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax:  202-682-1639

*Attorneys for Defendant Monsanto Company*

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
WILKINSON STEKLOFF LLP
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax:  202-847-4005

*Attorneys for Defendants Monsanto Company, Akzo Nobel Inc., Nouryon Surface Chemistry LLC (f/k/a Akzo Nobel Surface Chemistry LLC), Nouryon Functional Chemicals LLC (f/k/a Akzo Nobel Functional Chemicals LLC), and Nouryon Chemicals LLC (f/k/a Starfruit US Merger Sub 1 LLC, successor in interest to Akzo Nobel Chemicals LLC)*

*Attorneys for Defendant Monsanto Company*