MOLL LAW GROUP
Ken Moll
Rebecca Fredona
Fatima Abuzerr
T:(312)462-1700
info@molllawgroup.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION** | **MASTER FILE NO. 3:16-MD-02741 MDL NO. 2741** |
| **THIS DOCUMENT RELATES TO:** *Ricky Smith v. Monsanto Company*, **Case No:** 3:19-cv-02168-VC | **VINCE CHHABRIA U.S. DISTRICT JUDGE** |

### PLAINTIFF'S R. 26 GENERAL CAUSATION EXPERT DISCLOSURES

Pursuant to Pretrial Order 150, the Court's Order dated December 9, 2020 and Fed. R. Civ. P. 26(a)(2), Plaintiff, Ricky Smith provides the following expert designations and disclosures. Plaintiff's disclosure of expert witnesses is subject to the following reservation of rights:

1.  The right to supplement or amend this witness list based upon any rulings of the Court or any other court decisions that affect the scope of evidence in this trial.

2.  The right to withdraw the designation of any expert prior to testimony, and positively aver that such previously designated will not be called as a witness to trial.

3.  The right to amend or supplement expert opinions based on additional discovery including updated medical records, deposition testimony, medical literature, or scientific studies.

4.  The right to supplement the references considered and/or relied upon by Plaintiff's designated experts in order to address newly available information or literature.

5.  The right to elicit expert testimony at trial from any qualified person, including Plaintiff's treating health care providers, as permitted under the applicable rules of evidence and procedure.

6.  Plaintiff's expert witnesses, as identified below, may testify about their skill, knowledge, experience, training, and education in their respective fields, the relevant medical and scientific literature; the techniques and methods in their field of practice; and the description and nature of their practice. They may testify about their publications, presentations, research and all matters detailed in their respective curriculum vitae. They may testify based on facts or data perceived by or made known to them at or before trial that have been properly disclosed under the applicable rules of evidence and procedure. They may employ demonstrative and visual aids.

7.  Plaintiff reserves the right to offer supplemental expert opinions based on updated or new information relative to the litigation. Plaintiff reserves the right for their expert witnesses to update the literature upon which the witnesses rely in support of their opinions.

8. Plaintiff incorporates all prior reports, if any, the experts have issued in MDL 2741 or any other state or federal litigation.

9. By identifying the expert witness named below, Plaintiff does not intend to waive any objections to deposition testimony, exhibits, or other evidence or argument. Plaintiff reserves the right to call and elicit testimony from any and all of Defendant's current or former employees who have been disclosed as a witness and/or offered testimony and/or have been identified in discovery.

10. Plaintiff reserves the right to call and elicit testimony at trial from any and all of Defendant's retained or non-retained expert witnesses.

11. Plaintiff further incorporates by reference the general causation and other expert reports served by lead counsel in connection with Waves 1, 2, and 3 and reserves the right to call the author of such report as an expert witness at trial.

## PLAINTIFF'S EXPERT DESIGNATIONS- GENERAL CAUSATION

**Christopher Portier, Ph. D**
**Scheibenstrasse 15**
**CH-3600 Thun**
**Switzerland**

Dr. Portier will testify on issues of general causation regarding whether exposure to glyphosate and/or glyphosate-based formulated products can cause cancer, and particularly non-Hodgkin's lymphoma, including in the areas of toxicology, genortoxicity, biostatistics, epidemiology, and the processes and methodologies encompassing the review, evaluation, and assessment of chemicals as cancer hazards by the International Agency for Research on Cancer (IARC). These areas of testimony were the subject of his prior testimony in the Roundup

litigation. Accordingly, Plaintiff hereby incorporates by reference, all prior expert reports, deposition, trial, and hearing testimony in all Roundup litigation cases.

Dr. Portier's hourly rate is $500.00. Dr. Portier has already been deposed with respect to his general causation opinions being offered in this case. A copy of Dr. Portier's curriculum vitae will be provided to counsel electronically. Dr. Portier is providing a supplemental materials considered list.

**Beate Ritz, M.D., Ph.D**
**650 Charles E. Young Dr. S.**
**Los Angeles, CA 90095**

Dr. Ritz is designated in the areas of epidemiology with an emphasis on cancer epidemiology on behalf of Plaintiff. Dr. Ritz will testify on issues of general causation regarding whether exposure to glyphosate and/or glyphosate-based formulated products can cause cancer, and particularly non-Hodgkin's lymphoma, including in the areas of epidemiology, toxicology and genotoxicity. These areas of testimony were the subject of her prior testimony in the Roundup litigation. Accordingly, Plaintiff incorporates by reference, all prior expert reports, deposition, trial, and hearing testimony in all Roundup litigation cases.

Dr. Ritz's hourly rate is $550.00. Dr. Ritz has already been deposed with respect to her opinions being offered in this case. A copy of Dr. Ritz's curriculum vitae will be provided to counsel electronically. Dr. Ritz is providing supplemental materials considered list.

**Dennis Weisenburger, M.D.**
**1500 E. Duarte Road**
**Duarte, CA 91010**

Dr. Weisenburger is designated in matters involving general causation and will testify

regarding causes of cancer, causes of non-Hodgkin's lymphoma, whether exposure to glyphosate and/or glyphosate-based formulated products can cause cancer, and particularly non-Hodgkin's lymphoma, including testimony in the areas of epidemiology, pathology, hematopathology, cellular changes with the development of NHL and cancer development. These areas of testimony were the subject of his prior testimony in the Roundup litigation. Accordingly, Plaintiff hereby incorporates by reference, all prior expert reports, deposition, trial, and hearing testimony in all Roundup litigation cases.

Dr. Weisenburger's hourly rate is $750.00. Dr. Weisenburger has already been deposed with respect to his general causation opinions in this case. A copy of Dr. Weisenburger's curriculum vitae will be provided to counsel electronically. Dr. Weisenburger is providing supplemental materials considered list.

**Charles W. Jameson, Ph.D.**
**2828 NW 46th Ave**
**Cape Coral, FL 33993**

Dr. Jameson is designated in matters involving general causation, environmental toxicology, carcinogenesis, toxicology, and animal bioassay data. Dr. Jameson will testify regarding his analysis of glyphosate toxicology, epidemiology, and rodent bioassay data and the interpretation and methodology related to that data, the carcinogenic potential and effect of glyphosate and glyphosate-based formulations, whether glyphosate and glyphosate-based formulations can cause cancer, particularly non-Hodgkin lymphoma, correlation of exposure rates to incidence rates, and genotoxicity of glyphosate and glyphosate-based formulations. Dr. Jameson will testify on issues relating to the carcinogenicity of glyphosate, including mechanistic data relating to genotoxicity, oxidative stress and other aspects of cellular behavior.

Dr. Jameson will offer testimony concerning his factual participation in the International Agency for Research on Cancer (IARC) 112 Monograph, specifically as it relates to glyphosate and on the IARC process in general. The basis of the factual testimony will be his role as the Subgroup Chair of the Cancer in Experimental Animals during the 112 Monograph. These areas are of testimony were the subject of his prior testimony in the Roundup litigation. Accordingly, Plaintiff hereby incorporates by reference, all prior expert reports, deposition, trial, and hearing testimony in all Roundup litigation cases.

Dr. Jameson's hourly rate is $400.00. Dr. Jameson has already been deposed with respect to his general causation opinions in this case. A copy of Dr. Jameson's curriculum vitae to counsel electronically. Dr. Jameson is providing a supplemental materials considered list.

Dated: June 29, 2021

Respectfully submitted,

By: */s/ Rebecca Fredona*
Rebecca Fredona
Ken Moll
Fatima Abuzerr
MOLL LAW GROUP
22 W Washington St, 15th Floor
Chicago, IL 60602
T: (312) 462-1700
F: (312) 756-0045
rfredona@molllawgroup.com
info@molllawgroup.com

**COUNSEL FOR PLAINTIFF**

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on June 29, 2021, a true and correct copy of the foregoing

3

document was served upon the parties below via electronic mail:

4

5

Joe G. Hollingsworth
HOLLINGSWORTH LLP
1530 I. Street, N.W.
Washington, DC 20005
P:(202)898-5800
F:(202)682-1639
Jhollingsworth@hollingsworthllp.com

6

7

8

9

Brian L. Stekloff
bstekloff@wilkinsonwalsh.com
Tamarra Matthews Johnson
tmatthewsjohnson@wilkinsonwalsh.com
Rakesh Kilaru
rkilaru@wilkinsonwalsh.com
WILKINSON WALSH + ESKOVITZ LLP
2001 M St., NW, 10th Floor
Washington, DC 20036
P: (202) 847-4030
F: (202) 847-4005

10

11

12

13

14

15

16

Anthony Rey Martinez
Shook, Hardy and Bacon L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
P:(816) 474-6550
amartinez@shb.com

17

18

19

20

21

22

*/s/ Rebecca Fredona*

23

24

25

26

27

28

PLAINTIFF'S R. 26 GENERAL CAUSATION EXPERT DISCLOSURES
3:16-MD-02741 AND CASE NO. 3:19-CV-02168