**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:       (713) 227-8008
Facsimile:       (713) 227-9508
Email:        jstubbs@shb.com

*Attorneys for Defendant*
*MEINERS OAKS HARDWARE, INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Thomas P. Danielson, et al.*<br>*v. Monsanto Co., et al.,*<br>Case No. 3:21-cv-05301-VC | |

### MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Meiners Oaks Hardware, Inc. by and through its counsel, respectfully respond by generally denying all allegations contained in plaintiffs' Complaint, except as set forth below. Meiners Oaks Hardware, Inc. denies — and objects to — allegations by plaintiffs that purport to lump Meiners Oaks Hardware, Inc. together with other defendants. Meiners Oaks Hardware, Inc. responds to the allegations in the Complaint only on behalf of Meiners Oaks Hardware, Inc. and not on behalf of any other defendant. Silence as to any allegations shall constitute a denial.

1.      The allegations in the first sentence of paragraph 1 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations. Meiners Oaks Hardware, Inc. admits the allegations in the second sentence of paragraph 1. Meiners Oaks Hardware, Inc. lacks information or knowledge

sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 and therefore denies those allegations.

2.     The allegations in paragraph 2 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.  To the extent that a response is deemed required, Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

3.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies those allegations.

4.     In response to the allegations in paragraph 4 Meiners Oaks Hardware, Inc. states that the referenced document speaks for itself and does not require a response.  To the extent that a response is deemed required, Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5.     In response to the allegations in paragraph 5, Meiners Oaks Hardware, Inc. states that the referenced document speaks for itself and does not require a response.  To the extent that a response is deemed required, Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies those allegations.

6.     In response to the allegations in paragraph 6, Meiners Oaks Hardware, Inc. denies that glyphosate is a carcinogen.  Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and therefore denies those allegations.

7.     Meiners Oaks Hardware, Inc. denies the allegations in the first and second sentences of paragraph 7. The remaining allegations in paragraph 7 are directed at a defendant

other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

8.      The allegations in the first sentence of paragraph 8 do not require a response from Meiners Oaks Hardware, Inc. because these allegations relate to defendants other than Meiners Oaks Hardware, Inc. To the extent that the allegations in the second sentence of paragraph 8 relate to defendants other than Meiners Oaks Hardware, Inc., these allegations do not require a response from Meiners Oaks Hardware, Inc. Meiners Oaks Hardware, Inc. denies the remaining allegations in paragraph 8.

9.      The allegations in paragraph 9 set forth conclusions of law for which no response is required.

10.      The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.      The allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.      The allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.      The allegations in paragraph 13 set forth conclusions of law for which no response is required.

14.      The allegations jurisdiction in the last sentence of paragraph 14 set forth conclusions of law for which no response is required.  Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore denies those allegations.

15.      Meiners Oaks Hardware, Inc. denies the allegations in paragraph 15.

16.      Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies those allegations.

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

17.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations.

18.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies those allegations.

19.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies those allegations.

20.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies those allegations.

21.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies those allegations.

22.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 22 and therefore denies those allegations. In response to the allegations in the second and last sentences of paragraph 22, Meiners Oaks Hardware, Inc. admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims. Meiners Oaks Hardware, Inc. denies the remaining allegations in paragraph 22.

23.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies those allegations.

24.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies those allegations.

25.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 25 and therefore denies those allegations. In response to the allegations in the second and last sentences of paragraph 25, Meiners Oaks Hardware, Inc. admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims. Meiners Oaks Hardware, Inc. denies the remaining allegations in paragraph 25.

26.      Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies those allegations.

27.      Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies those allegations.

28.      Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies those allegations.

29.      Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 29 and therefore denies those allegations.  In response to the allegations in the second and last sentences of paragraph 29, Meiners Oaks Hardware, Inc. admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims.  Meiners Oaks Hardware, Inc. denies the remaining allegations in paragraph 29.

30.      Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies those allegations.

31.      Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies those allegations.

32.      Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies those allegations.

33.      Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies those allegations.

34.      Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies those allegations.

35.      Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies those allegations.

36.      Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies those allegations.

37.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 37 and therefore denies those allegations. In response to the allegations in the second and last sentences of paragraph 37, Meiners Oaks Hardware, Inc. admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims. Meiners Oaks Hardware, Inc. denies the remaining allegations in paragraph 37.

38.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies those allegations.

39.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies those allegations.

40.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies those allegations.

41.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 41 and therefore denies those allegations. In response to the allegations in the second and last sentences of paragraph 41, Meiners Oaks Hardware, Inc. admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims. Meiners Oaks Hardware, Inc. denies the remaining allegations in paragraph 41.

42.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies those allegations.

43.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies those allegations.

44.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies those allegations.

45.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies those allegations.

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

46.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient  to form a belief  as to the truth of the allegations  in paragraph 46 and therefore denies those allegations.

47.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient  to form a belief  as to the truth of the allegations  in paragraph 47 and therefore denies those allegations.

48.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient  to form a belief  as to the truth of the allegations  in paragraph 48 and therefore denies those allegations.

49.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient  to form a belief  as to the truth of the allegations  in paragraph 49 and therefore denies those allegations.

50.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient  to form a belief  as to the truth of the allegations  in paragraph 50 and therefore denies those allegations.

51.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient  to form a belief  as to the truth of the allegations  in paragraph 51 and therefore denies those allegations.

52.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient  to form a belief  as to the truth of the allegations  in the first, third, and fourth sentences of paragraph 52 and therefore denies those allegations.  In response to the allegations  in the second and last sentences of paragraph 52, Meiners Oaks Hardware, Inc. admits that plaintiff  purports to seek damages for a wrongful death claim and/or survival action but denies any liability  on those claims.  Meiners Oaks Hardware, Inc. denies the remaining  allegations  in paragraph 52.

53.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient  to form a belief  as to the truth of the allegations  in the first, third, and fourth sentences of paragraph 53 and therefore denies those allegations.  In response to the allegations  in the second and last sentences of paragraph 53, Meiners Oaks Hardware, Inc. admits that plaintiff  purports to seek damages for a wrongful death claim and/or survival action but denies any liability  on those claims.  Meiners Oaks Hardware, Inc. denies the remaining  allegations  in paragraph 53.

54.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient  to form a belief  as to the truth of the allegations  in the first, third, and fourth sentences of paragraph 54 and

therefore denies those allegations.  In response to the allegations  in the second and last sentences of paragraph 54, Meiners Oaks Hardware, Inc. admits that plaintiff  purports to seek damages for a wrongful death claim and/or survival action but denies any liability  on those claims.  Meiners Oaks Hardware, Inc. denies the remaining  allegations  in paragraph 54.

55.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient to form a belief as to the truth of the allegations  in the first, third, and fourth sentences of paragraph 55 and therefore denies those allegations.  In response to the allegations  in the second and last sentences of paragraph 55, Meiners Oaks Hardware, Inc. admits that plaintiff  purports to seek damages for a wrongful death claim and/or survival action but denies any liability  on those claims.  Meiners Oaks Hardware, Inc. denies the remaining  allegations  in paragraph 55.

56.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient to form a belief as to the truth of the allegations  in paragraph 56 and therefore denies those allegations.

57.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient to form a belief as to the truth of the allegations  in paragraph 57 and therefore denies those allegations.

58.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient to form a belief as to the truth of the allegations  in paragraph 58 and therefore denies those allegations.

59.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient to form a belief as to the truth of the allegations  in paragraph 59 and therefore denies those allegations.

60.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient to form a belief as to the truth of the allegations  in paragraph 60 and therefore denies those allegations.

61.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient to form a belief as to the truth of the allegations  in the first, third, and fourth sentences of paragraph 61 and therefore denies those allegations.  In response to the allegations  in the second and last sentences of paragraph 61, Meiners Oaks Hardware, Inc. admits that plaintiff  purports to seek damages for a wrongful death claim and/or survival action but denies any liability  on those claims.  Meiners Oaks Hardware, Inc. denies the remaining  allegations  in paragraph 61.

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

62.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore denies those allegations.

63.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies those allegations.

64.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore denies those allegations.

65.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 65 and therefore denies those allegations. In response to the allegations in the second and last sentences of paragraph 65, Meiners Oaks Hardware, Inc. admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims. Meiners Oaks Hardware, Inc. denies the remaining allegations in paragraph 65.

66.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 66 and therefore denies those allegations. In response to the allegations in the second and last sentences of paragraph 66, Meiners Oaks Hardware, Inc. admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims. Meiners Oaks Hardware, Inc. denies the remaining allegations in paragraph 66.

67.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies those allegations.

68.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 68 and therefore denies those allegations. In response to the allegations in the second and last sentences of paragraph 68, Meiners Oaks Hardware, Inc. admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims. Meiners Oaks Hardware, Inc. denies the remaining allegations in paragraph 68.

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

69.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 69 and therefore denies those allegations. In response to the allegations in the second and last sentences of paragraph 69, Meiners Oaks Hardware, Inc. admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims. Meiners Oaks Hardware, Inc. denies the remaining allegations in paragraph 69.

70.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore denies those allegations.

71.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 71 and therefore denies those allegations. In response to the allegations in the second and last sentences of paragraph 71, Meiners Oaks Hardware, Inc. admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims. Meiners Oaks Hardware, Inc. denies the remaining allegations in paragraph 71.

72.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore denies those allegations.

73.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies those allegations.

74.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore denies those allegations.

75.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 75 and therefore denies those allegations.

76.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore denies those allegations.

77.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 77 and

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-05301-VC

therefore denies those allegations.  In response to the allegations  in the second and last sentences of paragraph 77, Meiners Oaks Hardware, Inc. admits that plaintiff  purports to seek damages for a wrongful death claim and/or survival action but denies any liability  on those claims.  Meiners Oaks Hardware, Inc. denies the remaining  allegations  in paragraph 77.

78.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient to form a belief as to the truth of the allegations  in paragraph 78 and therefore denies those allegations.

79.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient to form a belief as to the truth of the allegations  in paragraph 79 and therefore denies those allegations.

80.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient to form a belief as to the truth of the allegations  in paragraph 80 and therefore denies those allegations.

81.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient to form a belief as to the truth of the allegations  in the first, third, and fourth sentences of paragraph 81 and therefore denies those allegations.  In response to the allegations  in the second and last sentences of paragraph 81, Meiners Oaks Hardware, Inc. admits that plaintiff  purports to seek damages for a wrongful death claim and/or survival action but denies any liability  on those claims.  Meiners Oaks Hardware, Inc. denies the remaining  allegations  in paragraph 81.

82.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient to form a belief as to the truth of the allegations  in the first, third, and fourth sentences of paragraph 82 and therefore denies those allegations.  In response to the allegations  in the second and last sentences of paragraph 82, Meiners Oaks Hardware, Inc. admits that plaintiff  purports to seek damages for a wrongful death claim and/or survival action but denies any liability  on those claims.  Meiners Oaks Hardware, Inc. denies the remaining  allegations  in paragraph 82.

83.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient to form a belief as to the truth of the allegations  in paragraph 83 and therefore denies those allegations.

84.     Meiners Oaks Hardware, Inc. lacks information  or knowledge  sufficient to form a belief as to the truth of the allegations  in paragraph 84 and therefore denies those allegations.

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

85.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 85.

86.     Meiners Oaks Hardware, Inc. dent the allegations in paragraph 86.

87.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 87.  All labeling of Roundup®-branded products has been and remains approved by the EPA and in compliance with all federal requirements under FIFRA.

88.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 88.  All labeling of Roundup®-branded products has been and remains approved by the EPA and in compliance with all federal requirements under FIFRA.

89.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 89.

90.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 90.  All labeling of Roundup®-branded products has been and remains approved by the EPA and in compliance with all federal requirements under FIFRA.

91.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 91.  All labeling of Roundup®-branded products has been and remains approved by the EPA and in compliance with all federal requirements under FIFRA.

92.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 92.  All labeling of Roundup®-branded products has been and remains approved by the EPA and in compliance with all federal requirements under FIFRA.

93.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 93.

94.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 94 and therefore denies those allegations.   The remaining allegations in paragraph 94 set forth conclusions of law for which no response is required.

95.     The allegations in paragraph 95 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

96.     The allegations in paragraph 96 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

97.     The allegations in paragraph 97 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

98.     In response to the allegations in paragraph 98, Meiners Oaks Hardware, Inc. admits that it is a California corporation but denies that its principal place of business is in California.  The remaining allegations in paragraph 98 are directed at defendants other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

99.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 99 and therefore denies those allegations.

100.    The allegations in paragraph 100 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

101.    The allegations in paragraph 101 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

102.    The allegations in paragraph 102 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

103.    The allegations in paragraph 103 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

104.    The allegations in paragraph 104 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

105.    Meiners Oaks Hardware, Inc. admits the allegations in the first sentence of paragraph 105. The allegations in the second sentence of paragraph 105 are vague and conclusory and comprise attorney characterizations, and are accordingly denied. In response to the allegations in the last sentence of paragraph 105, Meiners Oaks Hardware, Inc. admits that it has sold Roundup®-branded products. Meiners Oaks Hardware, Inc. otherwise denies the allegations in the last sentence of paragraph 105.

106.    The allegations in paragraph 106 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

107.    The allegations in paragraph 107 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

108.    The allegations in paragraph 108 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

109.    The allegations in paragraph 109 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

110.    The allegations in paragraph 110 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

111.     The allegations in paragraph 111 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

112.     In response to the allegations in paragraph 112, Meiners Oaks Hardware, Inc. denies that it engaged in any wrongdoing or wrongful acts or omissions. The remaining allegations in paragraph 112 set forth conclusions of law, so no response is required for these allegations.

113.     The allegations in paragraph 113 set forth conclusions of law, so no response is required for these allegations.

114.     The allegations in paragraph 114 do not require a response from Meiners Oaks Hardware, Inc. because these allegations relate to the DOE defendants, not Meiners Oaks Hardware, Inc.

115.     The allegations in paragraph 115 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 115 and therefore denies those allegations.

116.     The allegations in the first sentence of paragraph 116 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 116 and therefore denies those allegations. Meiners Oaks Hardware, Inc. denies the allegations in the second sentence of paragraph 116.

117.     In response to the allegations in paragraph 117, Meiners Oaks Hardware, Inc. admits that it is a California corporation. The remaining allegations in paragraph 117 are vague and conclusory and comprise attorney characterizations and are accordingly denied or set forth conclusions of law for which no response is required. To the extent that the allegations in

**MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**
**3:16-md-02741-VC  & 3:21-cv-05301-VC**

paragraph 117 relate to defendants other than Meiners Oaks Hardware, Inc., these allegations do not require a response from Meiners Oaks Hardware, Inc.

118.    The allegations in paragraph 118 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 118 relate to defendants other than Meiners Oaks Hardware, Inc., these allegations do not require a response from Meiners Oaks Hardware, Inc.

119.    The allegations in paragraph 119 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 119 relate to defendants other than Meiners Oaks Hardware, Inc., these allegations do not require a response from Meiners Oaks Hardware, Inc.

120.    The allegations in paragraph 120 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 120 relate to defendants other than Meiners Oaks Hardware, Inc., these allegations do not require a response from Meiners Oaks Hardware, Inc.

121.    Meiners Oaks Hardware, Inc. denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancers and denies that exposure to Roundup®-branded products did or could have caused plaintiffs' and/or decedents' alleged cancer. Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 121 and therefore denies those allegations.  The remaining allegations in paragraph 121 set forth conclusions of law for which no response is required.

122.    In response to the allegations in paragraph 122, Meiners Oaks Hardware, Inc. denies that there is any risk of cancer or other serious illness associated with or linked to exposure to Roundup®-branded products or glyphosate.  The remaining allegations in paragraph 122 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.

- 16 -

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

123.     The allegations in paragraph 123 set forth conclusions of law for which no response is required.

124.     In response to the allegations in paragraph 124, Meiners Oaks Hardware, Inc. denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of, or caused, his alleged cancers and denies that there is any risk of serious illnesses associated with or linked to exposure to Roundup®-branded products or glyphosate. The remaining allegations in paragraph 124 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

125.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 125.

126.     Meiners Oaks Hardware, Inc. denies the allegations in the first and last sentences of paragraph 126. The remaining allegations in paragraph 126 set forth conclusions of law for which no response is required.

127.     In response to the allegations in paragraph 127, Meiners Oaks Hardware, Inc. denies that it concealed "the truth regarding the safety of Roundup®-branded products. The remaining allegations in paragraph 127 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied. To the extent that a response is deemed required, Meiners Oaks Hardware, Inc. denies all of plaintiffs' allegations in paragraph 127.

128.     In response to the allegations in paragraph 128, Meiners Oaks Hardware, Inc. denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancers, denies that there is any risk of serious illness associated with or linked to Roundup®-branded products, and denies the remaining allegations in paragraph 128.

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

129.    The allegations in paragraph 129 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

130.    The allegations in paragraph 130 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

131.    Meiners Oaks Hardware, Inc. admits the allegations in the first sentence of paragraph 131. Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 131 and therefore denies those allegations.

132.    The allegations in paragraph 132 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations. To the extent that a response is deemed required, Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 132 and therefore denies those allegations.

133.    Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 133 and therefore denies those allegations.

134.    In response to the allegations in paragraph 134 Meiners Oaks Hardware, Inc. states that the referenced document speaks for itself and does not require a response. To the extent that a response is deemed required, Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 134 and therefore denies those allegations.

135.    In response to the allegations in paragraph 135, Meiners Oaks Hardware, Inc. states that the referenced document speaks for itself and does not require a response. To the extent that a response is deemed required, Meiners Oaks Hardware, Inc. lacks information or

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

knowledge sufficient to form a belief as to the truth of the allegations in paragraph 135 and therefore denies those allegations.

136.     In response to the allegations in paragraph 136, Meiners Oaks Hardware, Inc. denies that glyphosate is a carcinogen. Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 136 and therefore denies those allegations.

137.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 137.

138.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 138.

139.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 139.

140.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 140.

141.     The allegations in paragraph 141 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

142.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 142 and therefore denies those allegations.

143.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 143 and therefore denies those allegations.

144.     The allegations in the second, third, sixth, seventh, eighth, and last sentences of paragraph 144 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations. To the extent that those allegations may be deemed to be directed at Meiners Oaks Hardware, Inc., Meiners Oaks Hardware, Inc. denies those allegations. Meiners Oaks Hardware, Inc. denies the remaining allegations in paragraph 144.

145.     The allegations in paragraph 145 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

146.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 146 and therefore denies those allegations.   Meiners Oaks Hardware, Inc. denies the allegations in the last sentence of paragraph 146.

147.     The allegations in paragraph 147 set forth conclusions of law for which no response is required.

148.     The allegations in paragraph 148 set forth conclusions of law for which no response is required.

149.     The allegations in paragraph 149 set forth conclusions of law for which no response is required.

150.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 150 and therefore denies those allegations. In response to the remaining allegations in paragraph 150, Meiners Oaks Hardware, Inc. denies that glyphosate or Roundup®-branded products cause cancer or other serious illnesses.  Meiners Oaks Hardware, Inc. otherwise lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 150 and therefore denies those allegations.

151.     The allegations in the first sentence of paragraph 151 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.   Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 151 and therefore denies those allegations.

152.     The allegations in paragraph 152 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 152 and therefore denies those allegations.

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

153.    Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 153 and therefore denies those allegations.

154.    Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 154 and therefore denies those allegations.

155.    Certain allegations in paragraph 155 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.  Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 155 and therefore denies those allegations.

156.    The allegations in paragraph 156 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

157.    The allegations in paragraph 157 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

158.    Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 158 and therefore denies those allegations.

159.    Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph159 and therefore denies those allegations.

160.    The allegations in the first sentence of paragraph 160 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response Meiners Oaks Hardware, Inc. is required for these allegations.  Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 160 and therefore denies those allegations.

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

161.     The allegations in paragraph 161 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

162.     The allegations in paragraph 162 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

163.     The allegations in paragraph 163 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

164.     Certain allegations in paragraph 164 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.  Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 164 and therefore denies those allegations.

165.     To the extent that the allegations in the second, fourth, and last sentences of paragraph 165 are directed at Meiners Oaks Hardware, Inc., Meiners Oaks Hardware, Inc. denies those allegations.  To the extent that the allegations in the first sentence of paragraph 165 relate to defendants other than Meiners Oaks Hardware, Inc., these allegations do not require a response from Meiners Oaks Hardware, Inc. Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 165 and therefore denies those allegations.

166.     To the extent that the allegations in the first sentence of paragraph 166 are directed at Meiners Oaks Hardware, Inc., Meiners Oaks Hardware, Inc. denies those allegations. To the extent that the allegations in the first sentence of paragraph 166 relate to defendants other than Meiners Oaks Hardware, Inc., these allegations do not require a response from Meiners Oaks Hardware, Inc. The allegations in the last sentence of paragraph 166 are directed at a

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

167.    The allegations in paragraph 167 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

168.    The allegations in paragraph 168 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

169.    The allegations in the first and second sentences of paragraph 169 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.   Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 169 and accordingly denies those allegations.

170.    The allegations in paragraph 170 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

171.    The allegations in paragraph 171 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

172.    The allegations in paragraph 172 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

173.    The allegations in paragraph 173 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

174.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 174 and therefore denies those allegations.

175.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 175 and therefore denies those allegations.

176.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 176 and therefore denies those allegations.

177.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 177 and therefore denies those allegations.

178.     In response to the allegations in paragraph 178, Meiners Oaks Hardware, Inc. denies that glyphosate is a carcinogen. Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 178 and therefore denies those allegations.

179.     In response to the allegations in the first sentence of paragraph 179, Meiners Oaks Hardware, Inc. states that the document speaks for itself and does not require a response. Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 179 and therefore denies those allegations.

180.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 180 and therefore denies those allegations.

181.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 181 and therefore denies those allegations.

182.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 182 and therefore denies those allegations.

183.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 183 and therefore denies those allegations.

184.     In response to the allegations in paragraph 184, Meiners Oaks Hardware, Inc. denies that glyphosate increases the risk of NHL. Meiners Oaks Hardware, Inc. lacks

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 184 and therefore denies those allegations.

185.    In response to the allegations in paragraph 185, Meiners Oaks Hardware, Inc. states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the allegations in paragraph 185 comprise attorney characterizations and are accordingly denied.

186.    Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 186 and therefore denies those allegations.

187.    In response to the allegations in paragraph 187, Meiners Oaks Hardware, Inc. states that the document speaks for itself and does not require a response. Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 187 and therefore denies those allegations.

188.    In response to the allegations in paragraph 188, Meiners Oaks Hardware, Inc. states that the document speaks for itself and does not require a response. Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 188 and therefore denies those allegations.

189.    In response to the allegations in paragraph 189, Meiners Oaks Hardware, Inc. states that the document speaks for itself and does not require a response. Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 189 and therefore denies those allegations.

190.    In response to the allegations in paragraph 190, Meiners Oaks Hardware, Inc. states that the document speaks for itself and does not require a response. Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 190 and therefore denies those allegations.

191.    Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 191 and therefore denies those allegations.

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

192.    In response to the allegations in paragraph 192, Meiners Oaks Hardware, Inc. states that the document speaks for itself and does not require a response.

193.    Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 193 and therefore denies those allegations.

194.    Meiners Oaks Hardware, Inc. denies the allegations in paragraph 194.

195.    Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 195 and therefore denies those allegations.

196.    Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 196 and therefore denies those allegations.

197.    Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 197 and therefore denies those allegations.

198.    Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 198 and therefore denies those allegations.

199.    The allegations in paragraph 199 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

200.    The allegations in paragraph 200 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

201.    Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 201 and therefore denies those allegations.

202.    Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 202 and therefore denies those allegations.

203.    Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 203 and therefore denies those allegations.

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

204.    Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 204 and therefore denies those allegations.

205.    Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 205 and therefore denies those allegations.

206.    Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 206 and therefore denies those allegations.

207.    The allegations in paragraph 207 set forth conclusions of law for which no response is required.

208.    The allegations in paragraph 208 set forth conclusions of law for which no response is required.

209.    The allegations in paragraph 209 set forth conclusions of law for which no response is required.

210.    The allegations in the paragraph 210 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

211.    The allegations in paragraph 211 are directed at a defendant other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

212.    The allegations in paragraph 212 set forth conclusions of law for which no response is required.

213.    Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 213 and therefore denies those allegations.

214.    In response to the allegations in paragraph 214, Meiners Oaks Hardware, Inc. states that the cited document speaks for itself and does not require a response.

215.    In response to the allegations in paragraph 215, Meiners Oaks Hardware, Inc. states that the cited document speaks for itself and does not require a response. To the extent that

- 27 -

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

a response may be deemed required, Meiners Oaks Hardware, Inc. states that, to the extent that paragraph 215 characterizes the meaning of the cited studies, Meiners Oaks Hardware, Inc. denies those allegations.

216.    In response to the allegations in paragraph 216, Meiners Oaks Hardware, Inc. states that the cited document speaks for itself and does not require a response.

217.    In response to the allegations in paragraph 217, Meiners Oaks Hardware, Inc. states that the cited document speaks for itself and does not require a response.

218.    In response to the allegations in paragraph 218, Meiners Oaks Hardware, Inc. states that the cited document speaks for itself and does not require a response. To the extent that a response may be deemed required, Meiners Oaks Hardware, Inc. states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 218 and therefore denies those allegations.

219.    In response to the allegations in paragraph 219, Meiners Oaks Hardware, Inc. states that the cited document speaks for itself and does not require a response. To the extent that a response may be deemed required, Meiners Oaks Hardware, Inc. states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 219 and therefore denies those allegations.

220.    In response to the allegations in paragraph 220, Meiners Oaks Hardware, Inc. states that the cited document speaks for itself and does not require a response. To the extent that a response may be deemed required, Meiners Oaks Hardware, Inc. states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 220 and therefore denies those allegations.

221.    In response to the allegations in paragraph 221, Meiners Oaks Hardware, Inc. states that the cited document speaks for itself and does not require a response. To the extent that a response may be deemed required, Meiners Oaks Hardware, Inc. states that it lacks information

1   or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 221 and
2   therefore denies those allegations.

3         222.   In response to the allegations in paragraph 222, Meiners Oaks Hardware, Inc.
4   states that the cited documents speak for themselves and do not require a response. To the extent
5   that a response may be deemed required, Meiners Oaks Hardware, Inc. states that it lacks
6   information or knowledge sufficient to form a belief as to the truth of the allegations in
7   paragraph 222 and therefore denies those allegations.

8         223.   In response to the allegations in paragraph 223, Meiners Oaks Hardware, Inc.
9   states that the cited documents speak for themselves and do not require a response. To the extent
10  that a response may be deemed required, Meiners Oaks Hardware, Inc. states that it lacks
11  information or knowledge sufficient to form a belief as to the truth of the allegations in
12  paragraph 223 and therefore denies those allegations.

13        224.   In response to the allegations in paragraph 224, Meiners Oaks Hardware, Inc.
14  states that the cited documents speak for themselves and do not require a response. To the extent
15  that a response may be deemed required, Meiners Oaks Hardware, Inc. states that it lacks
16  information or knowledge sufficient to form a belief as to the truth of the allegations in
17  paragraph 224 and therefore denies those allegations.

18        225.   In response to the allegations in paragraph 225, Meiners Oaks Hardware, Inc.
19  states that the cited document speaks for itself and does not require a response.

20        226.   In response to the allegations in paragraph 226, Meiners Oaks Hardware, Inc.
21  states that the cited documents speak for themselves and do not require a response. To the extent
22  that a response may be deemed required, Meiners Oaks Hardware, Inc. states that it lacks
23  information or knowledge sufficient to form a belief as to the truth of the allegations in
24  paragraph 226 and therefore denies those allegations.

25        227.   In response to the allegations in paragraph 227, Meiners Oaks Hardware, Inc.
26  states that the cited documents speak for themselves and do not require a response. To the extent

27

28

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

that a response may be deemed required, Meiners Oaks Hardware, Inc. states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 227 and therefore denies those allegations.

228.    In response to the allegations in paragraph 228, Meiners Oaks Hardware, Inc. states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, Meiners Oaks Hardware, Inc. states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 228 and therefore denies those allegations.

229.    In response to the allegations in paragraph 229, Meiners Oaks Hardware, Inc. states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, Meiners Oaks Hardware, Inc. states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 229 and therefore denies those allegations.

230.    In response to the allegations in paragraph 230, Meiners Oaks Hardware, Inc. states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, Meiners Oaks Hardware, Inc. states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 230 and therefore denies those allegations.

231.    In response to the allegations in paragraph 231, Meiners Oaks Hardware, Inc. states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, Meiners Oaks Hardware, Inc. states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 231and therefore denies those allegations.

232.    In response to the allegations in paragraph 232, Meiners Oaks Hardware, Inc. states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, Meiners Oaks Hardware, Inc. states that it lacks

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 232 and therefore denies those allegations.

233.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 233 and therefore denies those allegations.

234.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 234 and therefore denies those allegations.

235.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 235 and therefore denies those allegations.

236.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 236 and therefore denies those allegations.

237.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 237 and therefore denies those allegations.

238.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 238 and therefore denies those allegations.

239.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 239 and therefore denies those allegations.

240.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 240 and therefore denies those allegations.

241.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 241 and therefore denies those allegations.

242.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 242 and therefore denies those allegations.

243.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 243 and therefore denies those allegations.

244.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 244 and therefore denies those allegations.

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the unnumbered paragraph following paragraph 244 and therefore denies those allegations.

245.    Meiners Oaks Hardware, Inc. incorporate by reference their responses to paragraphs 1 through 244 in response to paragraph 245 of plaintiffs' Complaint.

246.    In response to the allegations in paragraph 246, Meiners Oaks Hardware, Inc. denies that it violated California law or federal law and states that it complied with all applicable law regarding Roundup®-branded products. The remaining allegations in paragraph 246 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Meiners Oaks Hardware, Inc. denies all such allegations.

247.    The allegations in paragraph 247 set forth conclusions of law for which no response is required.

248.    Meiners Oaks Hardware, Inc. denies the allegations in the first sentence of paragraph 248. The second sentence in paragraph 248 sets forth a conclusion of law for which no response is required.

249.    Meiners Oaks Hardware, Inc. incorporate by reference their responses to paragraphs 1 through 248 in response to paragraph 249 of plaintiffs' Complaint.

250.    In response to the allegations in paragraph 250, Meiners Oaks Hardware, Inc. admits that plaintiff purports to bring a claim for strict liability design defect, but denies any liability as to that claim.

251.    In response to the allegations in paragraph 251, Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used Roundup®-branded products and therefore denies that allegation. Meiners Oaks Hardware, Inc. denies the remaining allegations in paragraph 251.

252.    Meiners Oaks Hardware, Inc. denies the allegations in paragraph 252.

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

253.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 253 and therefore denies those allegations.   Meiners Oaks Hardware, Inc. denies the allegations in the second sentence of paragraph 253.  The allegations in the third sentence of paragraph 253 are directed at defendants other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

254.     To the extent that the allegations in paragraph 254 relate to defendants other than Meiners Oaks Hardware, Inc., these allegations do not require a response from Meiners Oaks Hardware, Inc. Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 254 concerning plaintiffs' and/or decedents' claimed purchases of Roundup®-branded products and therefore denies those allegations.

255.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 256.

256.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 256.

257.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 257.

258.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 258 and each of its subparts.

259.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 259 concerning plaintiffs' and/or decedents' claimed use of or exposure to Roundup®-branded products and therefore denies those allegations. Meiners Oaks Hardware, Inc. denies the remaining allegations in paragraph 259, including that Roundup® branded products have "dangerous characteristics."

260.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 260 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  Meiners Oaks Hardware, Inc. denies the remaining allegations in paragraph 260, including that Roundup®-branded products have "dangerous characteristics."

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

261.    Meiners Oaks Hardware, Inc. denies the allegations in paragraph 261.

262.    Meiners Oaks Hardware, Inc. denies the allegations in paragraph 262.

263.    Meiners Oaks Hardware, Inc. denies the allegations in paragraph 263.

264.    Meiners Oaks Hardware, Inc. denies the allegations in paragraph 264.

265.    Meiners Oaks Hardware, Inc. denies the allegations in paragraph 265.

266.    Meiners Oaks Hardware, Inc. denies the allegations in paragraph 266.

267.    Meiners Oaks Hardware, Inc. denies the allegations in paragraph 267.

268.    Meiners Oaks Hardware, Inc. denies the allegations in paragraph 268.

269.    Meiners Oaks Hardware, Inc. denies the allegations in paragraph 269.

270.    Meiners Oaks Hardware, Inc. denies the allegations in paragraph 270.

271.    In response to the allegations in paragraph 271, Meiners Oaks Hardware, Inc. demands that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Meiners Oaks Hardware, Inc. be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

272.    Meiners Oaks Hardware, Inc. incorporate by reference their responses to paragraphs 1 through 271 in response to paragraph 272 of plaintiffs' Complaint.

273.    In response to the allegations in the first sentence of paragraph 273, Meiners Oaks Hardware, Inc. admits that plaintiff purports to bring a claim for strict liability failure to warn, but denies any liability as to that claim. The allegations in the last sentence of paragraph 273 are directed at defendants other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations. Meiners Oaks Hardware, Inc. denies the remaining allegations in paragraph 273.

274.    To the extent that the allegations in paragraph 274 relate to defendants other than Meiners Oaks Hardware, Inc., these allegations do not require a response from Meiners Oaks Hardware, Inc. Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a

belief as to the truth of the allegations in paragraph 274 concerning plaintiffs' and/or decedents' claimed purchases of Roundup®-branded products and therefore denies those allegations.

275.     In response to the allegations in paragraph 275, Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff or other entities identified purchased or used Roundup®-branded products and therefore denies that allegation.   The allegations in paragraph 275 also set forth conclusions of law for which no response is required.   Meiners Oaks Hardware, Inc. denies the remaining allegations in paragraph 275.

276.     The allegations in paragraph 276 set forth conclusions of law for which no response is required.

277.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 277.   All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

278.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 278.

279.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 279.

280.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 280.

281.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 281 and therefore denies those allegations.

282.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 282 concerning plaintiffs' and/or decedents' alleged use of Roundup®-branded products and therefore denies those allegations.   Meiners Oaks Hardware, Inc. denies the remaining allegations in paragraph 282, including that Roundup®-branded products have "dangerous characteristics."

283.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 283 concerning plaintiffs' and/or decedents' alleged use and exposure to Roundup®-branded products and therefore denies those allegations.

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

Meiners Oaks Hardware, Inc. denies the remaining allegations in paragraph 283, including that Roundup®-branded products have "dangerous characteristics."

284.     In response to the allegations in paragraph 284, Meiners Oaks Hardware, Inc. denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses and denies that there are any defects in those products. Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 284 and therefore denies those allegations.

285.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 285.

286.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 286.

287.     The allegations in the second sentence of paragraph 287 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Meiners Oaks Hardware, Inc. denies all such allegations.   Meiners Oaks Hardware, Inc. denies the remaining allegations in paragraph 287.

288.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 288.

289.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 289.

290.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 290.

291.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 291.

292.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 292.

293.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 293.

294.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 294.

295.     In response to the allegations in paragraph 295, Meiners Oaks Hardware, Inc. demands that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Meiners Oaks Hardware, Inc. be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

296.    Meiners Oaks Hardware, Inc. incorporate by reference their responses to paragraphs 1 through 295 in response to paragraph 296 of plaintiffs' Complaint.

297.    Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 297 regarding the specific products allegedly used by plaintiffs and/or decedents or any advertising or marketing allegedly seen or considered by plaintiffs and/or decedents and therefore denies the allegations in the first sentence of paragraph 297. Meiners Oaks Hardware, Inc. denies the allegations in the second sentence of paragraph 297. The allegations in the last sentence of paragraph 297 are directed at defendants other than Meiners Oaks Hardware, Inc., so no response from Meiners Oaks Hardware, Inc. is required for these allegations.

298.    To the extent that the allegations in paragraph 298 relate to defendants other than Meiners Oaks Hardware, Inc., these allegations do not require a response from Meiners Oaks Hardware, Inc. Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 298 concerning plaintiffs' and/or decedents' claimed purchases of Roundup®-branded products and therefore denies those allegations.

299.    The allegations in paragraph 299 set forth conclusions of law for which no response is required.

300.    The allegations in paragraph 300 set forth conclusions of law for which no response is required.

301.    Meiners Oaks Hardware, Inc. denies the allegations in paragraph 301.

302.    Meiners Oaks Hardware, Inc. denies the allegations in paragraph 302.

303.    Meiners Oaks Hardware, Inc. denies the allegations in paragraph 303. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

304.    Meiners Oaks Hardware, Inc. denies the allegations in paragraph 304.

305.     Meiners Oaks Hardware, Inc. denies the allegations in the first sentence of paragraph 305. The allegations in the second sentence of paragraph 305 comprise attorney characterizations and are accordingly denied or set forth conclusions of law for which no response is required.

306.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 306.

307.     Meiners Oaks Hardware, Inc. denies the allegations in paragraph 307, including each of its subparts.

169.     Meiners Oaks Hardware, Inc. denies the allegations in second-numbered paragraph 169.

170.     Meiners Oaks Hardware, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in second-numbered paragraph 170 regarding plaintiffs' and/or decedents' knowledge and therefore Meiners Oaks Hardware, Inc. denies those allegations.  Meiners Oaks Hardware, Inc. denies the remaining allegations in second-numbered paragraph 170, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

171.     Meiners Oaks Hardware, Inc. denies the allegations in second-numbered paragraph 171.

172.     Meiners Oaks Hardware, Inc. denies the allegations in second-numbered paragraph 172.

173.     Meiners Oaks Hardware, Inc. denies the allegations in second-numbered paragraph 173.

174.     Meiners Oaks Hardware, Inc. denies the allegations in second-numbered paragraph 174.

175.     Meiners Oaks Hardware, Inc. denies the allegations in second-numbered paragraph 175.

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

176.     In response to the allegations in second-numbered paragraph 176, Meiners Oaks Hardware, Inc. demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Meiners Oaks Hardware, Inc. be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

177. - 221.     The allegations in second-numbered paragraphs 177-221 do not require responses from Meiners Oaks Hardware, Inc. because these allegations relate to Monsanto Company, not Meiners Oaks Hardware, Inc., and these counts of plaintiffs' Complaint are brought only against Monsanto Company, not Meiners Oaks Hardware, Inc.

222.     Meiners Oaks Hardware, Inc. incorporate by reference their responses to paragraphs 1 through second-numbered 221 in response to second-numbered paragraph 222 of plaintiffs' Complaint.

223.     Meiners Oaks Hardware, Inc. denies the allegations in second-numbered paragraph 223.

224.     Meiners Oaks Hardware, Inc. denies the allegations in second-numbered paragraph 224.

225.     Meiners Oaks Hardware, Inc. denies the allegations in second-numbered paragraph 225.

226.     The allegations in second-numbered paragraph 226 set forth conclusions of law for which no response is required.

227.     In response to the allegations in paragraph 227, Meiners Oaks Hardware, Inc. denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

## SEPARATE AND AFFIRMATIVE DEFENSES

1.       The Complaint, in whole or part, fails to state a claim or cause of action against Meiners Oaks Hardware, Inc. upon which relief can be granted.

2.       Venue may be inconvenient for plaintiffs' claims.

3.       Plaintiffs' claims are improperly joined and should be severed.

4.       Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5.       Any alleged negligent or culpable conduct of Meiners Oaks Hardware, Inc., none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' and/or decedents' alleged injuries.

6.       Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed, and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.       Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8.       Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.       Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.       Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

- 40 -

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

11.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' and/or decedents' injuries, if any, were the result of conduct of plaintiffs, decedents, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' and/or decedents' pre-existing medical conditions.

12.     Any claims based on allegations that Meiners Oaks Hardware, Inc. misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims in whole or in part.

14.     Applicable statutes of limitations and/or repose, or prescriptive periods, bar plaintiffs' claims in whole or in part.

15.     Plaintiffs' and/or decedents' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

16.     If plaintiffs and/or decedents suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Meiners Oaks Hardware, Inc. is neither liable nor responsible or, in the alternative, Meiners Oaks Hardware, Inc. is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Meiners Oaks Hardware, Inc.. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' and/or decedents' alleged injuries or damages.

17.     Meiners Oaks Hardware, Inc. had no legal relationship or privity with plaintiffs and/or decedents and owed no duty to them by which liability could be attributed to it.

- 41 -

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

18.     Meiners Oaks Hardware, Inc. made no warranties of any kind or any representations of any nature whatsoever to plaintiffs and/or decedents. If any such warranties were made, which Meiners Oaks Hardware, Inc. specifically denies, then plaintiffs and/or decedents failed to give notice of any breach thereof.

19.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

20.     Plaintiffs' claims for punitive and/or exemplary, aggravated, treble, or double damages are barred because such an award would violate Meiners Oaks Hardware, Inc.'s due process, equal protection and other rights under the United States Constitution, and/or other applicable state constitutions – and would be improper under the common law and public policies of the United States and/or other applicable state laws and/or the laws of the District of Columbia, Puerto Rico, and the U.S. Virgin Islands.

21.     Plaintiffs' claims against Meiners Oaks Hardware, Inc. for punitive and/or exemplary, aggravated, treble, or double damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under applicable state law and/or the laws of the District of Columbia, Puerto Rico, and the U.S. Virgin Islands.

22.     Plaintiffs' claims for punitive and/or exemplary, aggravated, treble, or double damages are barred and/or limited by operation of state and/or federal law and/or the laws of the District of Columbia, Puerto Rico, and the U.S. Virgin Islands, including, but not limited to, Michigan law; Puerto Rican law; Washington law; Ala. Code § 6-11-21; Alaska Stat. § 09.17.020(f), (g); Ariz. Rev. Stat. § 12-689; Colo. Rev. Stat. § 13-21-102; Fla. Stat. § 768.73; O.C.G.A. § 51-12-5.1; Idaho Code § 6-1604; Kan. Stat. § 60-3701; Louisiana Civil Code Article 3546; La. Rev. Stat. § 9:2800.52, *et seq.*; Miss. Code Ann. § 11-1-65; Missouri Revised Statute § 510.261 *et seq.*; N.H. Rev. Stat. Ann. § 507:16; N.C. Gen. Stat. §§ 1D-15, 1D-25; N.D. Cent. Code § 32-03.2-11(6); Ohio Rev. Code Ann. § 2315.21; S.C. Code Ann. § 15-32-530; Tenn. Code Ann. § 29-39-104; Tex. Civ. Prac. & Rem. Code Ann. §§ 41.004(a), 41.008(b); Va. Code

- 42 -

Ann. § 801-38.; and W. Va. Code § 55-7-29.  Meiners Oaks Hardware, Inc. would further show that under the facts of this case, however, an award of punitive damages consistent with the maximum awards permitted under Fla. Stat. § 768.73 would be a violation of Meiners Oaks Hardware, Inc.'s state and federal constitutional rights.

23.     Meiners Oaks Hardware, Inc.'s conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent, or done with a conscious disregard for the rights of plaintiffs and/or decedents and/or the safety of the public.  Nor do any of Meiners Oaks Hardware, Inc.'s conduct and/or acts demonstrate that Meiners Oaks Hardware, Inc. acted with a high degree of moral culpability.  In fact, Meiners Oaks Hardware, Inc. exercised reasonable care at all times alleged in the Complaint, and plaintiffs have failed to clearly establish any entitlement to punitive and/or exemplary, aggravated, treble or double damages based on their allegations.

24.     Plaintiffs' strict liability claims are barred in whole or in part by the Alabama Extended Manufacturer's Liability Doctrine, the N.C. Gen. Stat. § 99B-1.1, and because Delaware, Massachusetts, Michigan, and Virginia do not recognize a cause of action for strict liability in tort.

25.     Plaintiffs' claims are barred in whole or in part by plaintiffs' and/or decedents' contributory/comparative negligence.

26.     Pursuant to Colo. Rev. Stat. § 13-21-406, Meiners Oaks Hardware, Inc. cannot be liable for damages that exceed its pro rata share of causal fault, no fault being admitted. Plaintiffs' recovery may be barred or limited by 14 Me. Rev. Stat. Ann. § 156; Minn. Stat. § 604.01; and Wyoming's Comparative Fault Statute, Wyo. Stat. § 1-1-109.  Pursuant to Kan. Stat. Ann. § 60-258a, plaintiffs' recovery should be reduced in proportion to plaintiffs' and/or decedents' fault and any recovery by plaintiffs should be barred if the plaintiffs' and/or decedents' fault is equal to or greater than the total fault of all persons against whom a claim is made.  Pursuant to Or. Rev. Stat. § 31.600, plaintiffs' causes of action are barred, in whole or in part, by plaintiffs' and/or decedents' contributory negligence; alternatively, plaintiffs' right to

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

recover, no fault being admitted, is diminished in an amount based upon plaintiffs' and/or decedents' individual relative degree of fault. Pursuant to Mont. Code Ann. § 27-1-702, plaintiffs' recovery must be diminished in proportion to the percentage of negligence attributed to plaintiffs and/or decedents. Plaintiffs' and/or decedents' own contributory negligence is a bar to recovery under District of Columbia law.

27.     Plaintiffs' claims are barred in whole or in part by plaintiffs' and/or decedents' own failure to mitigate damages.

28.     Plaintiffs' claims are barred in whole or in part the sophisticated user doctrine.

29.     To the extent that plaintiffs and/or decedents recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under NY CPLR § 4545, Missouri Revised Statute §§ 490.710, 490.715, and Fla. Stat. § 768.76.

30.     If plaintiffs and/or decedents have been injured or damaged, no injuries or damages being admitted, such injuries or damages were not caused by a Meiners Oaks Hardware, Inc. product.

31.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

32.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

33.     Plaintiffs' common law claims are barred and/or preempted, in whole or part, by application of Connecticut Products Liability Act, Conn. Gen. Stat. Ann. § 52-572n; Idaho Code Ann. § 6-1401, *et seq.*; Indiana Product Liability Act, Ind. Code Ann. § 34-20-1-1, *et seq.*; Kan. Stat. Ann. § 60-3302(c), *et seq.*; Kentucky Product Liability Act, Ky. Rev. Stat. § 411.300, *et seq.*; Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. Ann. § 9:2800.51 *et seq.*; the Mississippi Product Liability Act, Miss. Code Ann. § 11-1-63 (1993); New Jersey Products Liability Act, N.J. Stat. Ann. § 2A:58C-1 through 58C-11; the Ohio Products Liability Act

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

("OPLA"), Ohio Rev. Code Ann. §§ 2307.71-2307.80; Tenn. Code Ann. § 29-28-102(6), *et seq.*; and Wash. Rev. Code §§ 7.72.010-.060.

34.    To the extent that plaintiffs assert a claim based on the South Carolina Unfair Trade Practices Act, that claim is barred by applicable law, including S.C. Code Ann. § 39-5-40(a).

35.    Plaintiffs' claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256, Kan. Stat. Ann. § 60-3304(a); Mich. Com. Laws § 600.2946 (4), N.D. Cent. Code § 28-01.3-09, Tex. Civ. Prac. & Rem. Code Ann. § 82.008, and Wis. Stat. § 895.047(3)(b).

36.    In accordance with Fla. Stat. § 768.1257, plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed, and labeled with proper warnings, information, cautions, and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

37.    Plaintiffs' claim for breach of implied warranties is barred because Arizona does not recognize a separate cause of action for breach of implied warranty in the product liability context.

38.    Plaintiffs' claims and damages, no injuries or damages being admitted, are barred or must be reduced, in whole or part, by Colo. Rev. Stat. § 13-21-403 (state of the art presumption, presumption of non-defectiveness for compliance with government codes, and ten-year presumption) and Colo. Rev. Stat. § 13-21-102.5 (limits on non-economic damages).

39.    If plaintiffs and/or decedents have been injured or damaged, no injuries or damages being admitted, plaintiffs' claims for damages are limited by Alaska Stat. § 09.17.010(b); Idaho Code § 6-1603; Kan. Stat. Ann. § 16-19a02(b)(1)-(2); and M.D. Cts. & Jud. Proc. § 11-108.

40.    In the event Meiners Oaks Hardware, Inc. is found jointly or severally liable with any other tortfeasor or with multiple tortfeasors, Meiners Oaks Hardware, Inc. reserves its right of contribution to the extent that it has to pay more than Meiners Oaks Hardware, Inc.'s pro rata

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

share of the common liability consistent with the provisions set forth in the Alaska Stat. § 09.17.080; the Nebraska Comparative Negligence Act, Neb. Rev. Stat. § 25-21, 185.10; N.D. Cent. Code § 32-03.2-02; and other applicable law.

41.     Plaintiffs' claims are barred in whole or in part pursuant to Neb. Rev. Stat. § 25-21,182 because the design, testing, or labeling of the products at issue was in conformity with the generally recognized and prevailing state of the art in the industry at the time the specific products involved in this action were first sold to any person not engaged in the business of selling such product.

42.     To the extent that plaintiffs' claims are governed by Louisiana law, this case is governed by the exclusive provisions of the Louisiana Products Liability Act (La. R.S. 9:2800.51, et seq.) ("LPLA"). Any theories of recovery that fall outside of the LPLA's provisions are therefore subject to dismissal.

43.     Meiners Oaks Hardware, Inc. affirmatively pleads the applicability of the LPLA and specifically avers that plaintiffs are not entitled to recovery under any of the exclusive theories of liability set forth in the Act.

44.     Meiners Oaks Hardware, Inc. specifically avers that the product possessed no characteristic that rendered it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA (La. R.S. 9:2800.54).

45.     Meiners Oaks Hardware, Inc. asserts all allowable defenses under the LPLA, La. R.S. 9:2800.51, et seq., including but not limited to the applicability of La. R.S. 9:2800.59(A)(1), (2), (3), and (B).

46.     Should plaintiffs and/or decedents recover under any claims under the LPLA, a recovery of attorney's fees for plaintiffs are barred under the provisions of that statute.

47.     To the extent plaintiffs' claims are governed by Louisiana law, Meiners Oaks Hardware, Inc. has no liability to plaintiffs and/or decedents under any theory of redhibition or implied warranty to the extent that plaintiffs and/or decedents failed to tender any product

- 46 -

allegedly sold by Meiners Oaks Hardware, Inc. that allegedly contained a redhibitory defect and has not made an amicable demand upon Meiners Oaks Hardware, Inc.

48.     To the extent that plaintiffs' claims are governed by Louisiana law, Meiners Oaks Hardware, Inc. has no liability to plaintiffs and/or decedents under any theory of redhibition or implied warranty to the extent that plaintiffs have waived plaintiffs' and/or decedents' redhibition rights.

49.     To the extent plaintiffs' claims are governed by Louisiana law and are based on conduct that pre-dates 1996, Louisiana's comparative negligence regime may not apply, and plaintiffs' claims may be barred by contributory negligence.

50.     To the extent plaintiffs' claims are governed by Louisiana law and are based on conduct that pre-dates 1989, plaintiffs' claims under the LPLA may be barred.

51.     Meiners Oaks Hardware, Inc. hereby preserves any and all defenses under *Tincher v. Omega Flex, Inc.*, 104 A.3d 328 (Pa. 2014).

52.     Some or all of plaintiffs' claims should be dismissed based on the *forum non conveniens* doctrine.

53.     Plaintiffs' and/or decedents' injuries, if any, were caused, in whole or in part, by the acts or omissions of persons other than Meiners Oaks Hardware, Inc., whether individual, corporate, associate, or otherwise, whether named or unnamed in the Complaint, and for whose conduct Meiners Oaks Hardware, Inc. is not liable. Meiners Oaks Hardware, Inc. is not liable for damages proximately caused by non-parties, pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), including any and all employers of plaintiffs and/or decedents and any other product used by plaintiffs and/or decedents that was not manufactured, sold, or distributed by Meiners Oaks Hardware, Inc.

54.     Plaintiffs are not entitled to recover multiple damages under M.G.L. ch. 93A.

55.     Plaintiffs are not entitled to recover under M.G.L. ch. 93A because at all relevant times Meiners Oaks Hardware, Inc. acted reasonably and its actions were not unfair or

MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC

1   deceptive.

2        56.    Plaintiffs are not entitled to any recovery under M.G.L. ch. 93A because plaintiffs

3   failed to send a pre-suit demand letter that complied with the requirements of M.G.L. ch. 93A §

4   9(3).

5        57.    Meiners Oaks Hardware, Inc. hereby gives notice that it intends to rely upon such

6   other defenses as may become available or apparent during the course of discovery and thus

7   reserves its right to amend this Answer to assert such defenses.

8       **WHEREFORE,** Meiners Oaks Hardware, Inc. demands judgment in their favor and

9   against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit

10   and such other relief as the Court deems equitable and just.

11   **JURY TRIAL DEMAND**

12       Meiners Oaks Hardware, Inc. demands a jury trial on all issues so triable.

13   DATED: July 20, 2021.          Respectfully submitted,

14

15                     SHOOK, HARDY & BACON L.L.P.

16   BY: */s/Jennise W. Stubbs*
            Jennise W. Stubbs

17           600 Travis Street, Suite 3400
            Houston, TX 77002-2926

18           Telephone:  (713) 227-8008
            Facsimile:   (713) 227-9508

19           Email:       jstubbs@shb.com

20           *Attorneys for Defendant*
            *Meiners Oaks Hardware, Inc.*

21

22

23

24

25

26

27   - 48 -

28   MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
    3:16-md-02741-VC  & 3:21-cv-05301-VC

1

2

## CERTIFICATE OF SERVICE

3

4        I certify that on the 20th day of July, 2021, I electronically transmitted the foregoing

ANSWER TO PLAINTIFFS' COMPLAINT BY DEFENDANT MEINERS OAKS HARDWARE, INC. to the

5    Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of

6    the foregoing document was served electronically or by another manner as authorized by FED. R.

7    CIV. P. 5.

8

                                        /s/Jennise W. Stubbs
9                                        Jennise W. Stubbs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
MEINERS OAKS HARDWARE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05301-VC