**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:      (713) 227-8008
Facsimile:      (713) 227-9508
Email:          jstubbs@shb.com

*Attorneys for Defendant*
*DENAULT'S HARDWARE-HOME CENTERS, INC.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Steven Walter Judson, et al. v. Monsanto Co., et al.,* Case No. 3:21-cv-05290-VC | |

## DENAULT'S HARDWARE-HOME CENTERS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant DeNault's Hardware-Home Centers, Inc., by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint, except as set forth below. DeNault's Hardware-Home Centers, Inc. denies — and objects to — allegations by plaintiffs that purport to lump DeNault's Hardware-Home Centers, Inc. together with other defendants. DeNault's Hardware-Home Centers, Inc. responds to the allegations in the Complaint only on behalf of DeNault's Hardware-Home Centers, Inc. and not on behalf of any other defendant. Silence as to any allegations shall constitute a denial.

1.      The allegations in the first sentence of paragraph 1 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.  DeNault's Hardware-Home Centers, Inc.

admits the allegations in the second sentence of paragraph 1. DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 and therefore denies those allegations.

2. The allegations in paragraph 2 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations. To the extent that a response is deemed required, DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

3. DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies those allegations.

4. In response to the allegations in paragraph 4 DeNault's Hardware-Home Centers, Inc. states that the referenced document speaks for itself and does not require a response. To the extent that a response is deemed required, DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5. In response to the allegations in paragraph 5, DeNault's Hardware-Home Centers, Inc. states that the referenced document speaks for itself and does not require a response. To the extent that a response is deemed required, DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies those allegations.

6. In response to the allegations in paragraph 6, DeNault's Hardware-Home Centers, Inc. denies that glyphosate is a carcinogen. DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and therefore denies those allegations.

7.     DeNault's Hardware-Home Centers, Inc. denies the allegations in the first and second sentences of paragraph 7. The remaining allegations in paragraph 7 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

8.     The allegations in paragraph 8 do not require a response from DeNault's Hardware-Home Centers, Inc. because these allegations relate to defendants other than DeNault's Hardware-Home Centers, Inc.

9.     To the extent that the allegations in paragraph 9 relate to defendants other than DeNault's Hardware-Home Centers, Inc., these allegations do not require a response from DeNault's Hardware-Home Centers, Inc. DeNault's Hardware-Home Centers, Inc. denies the remaining allegations in paragraph 9.

10.     The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.     The allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.     The allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.     The allegations in paragraph 13 set forth conclusions of law for which no response is required.

14.     The allegations in paragraph 14 set forth conclusions of law for which no response is required.

15.     The allegations jurisdiction in the last sentence of paragraph 15 set forth conclusions of law for which no response is required.  DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore denies those allegations.

16.     DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 16.

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

17.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations.

18.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies those allegations.

19.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 19 and therefore denies those allegations. In response to the allegations in the second and last sentences of paragraph 19, DeNault's Hardware-Home Centers, Inc. admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims. DeNault's Hardware-Home Centers, Inc. denies the remaining allegations in paragraph 19.

20.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies those allegations.

21.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies those allegations.

22.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 22 and therefore denies those allegations. In response to the allegations in the second and last sentences of paragraph 22, DeNault's Hardware-Home Centers, Inc. admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims. DeNault's Hardware-Home Centers, Inc. denies the remaining allegations in paragraph 22.

23.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies those allegations.

24.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies those allegations.

25.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies those allegations.

26.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies those allegations.

27.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 27 and therefore denies those allegations. In response to the allegations in the second and last sentences of paragraph 27, DeNault's Hardware-Home Centers, Inc. admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims. DeNault's Hardware-Home Centers, Inc. denies the remaining allegations in paragraph 27.

28.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies those allegations.

29.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies those allegations.

30.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies those allegations.

31.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 31 and therefore denies those allegations. In response to the allegations in the second and last sentences of paragraph 31, DeNault's Hardware-Home Centers, Inc. admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims. DeNault's Hardware-Home Centers, Inc. denies the remaining allegations in paragraph 31.

32.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies those allegations.

33.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies those allegations.

34.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies those allegations.

35.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 35 and therefore denies those allegations. In response to the allegations in the second and last sentences of paragraph 35, DeNault's Hardware-Home Centers, Inc. admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims. DeNault's Hardware-Home Centers, Inc. denies the remaining allegations in paragraph 35.

36.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies those allegations.

37.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 37 and therefore denies those allegations. In response to the allegations in the second and last sentences of paragraph 37, DeNault's Hardware-Home Centers, Inc. admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims. DeNault's Hardware-Home Centers, Inc. denies the remaining allegations in paragraph 37.

38.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies those allegations.

39.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies those allegations.

40.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies those allegations.

41.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies those allegations.

42.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies those allegations.

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC   & 3:21-cv-05290-VC

43.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies those allegations.

44.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies those allegations.

45.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies those allegations.

46.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies those allegations.

47.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies those allegations.

48.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 48 and therefore denies those allegations. In response to the allegations in the second and last sentences of paragraph 48, DeNault's Hardware-Home Centers, Inc. admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims. DeNault's Hardware-Home Centers, Inc. denies the remaining allegations in paragraph 48.

49.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies those allegations.

- 8 -

50.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 50 and therefore denies those allegations.  In response to the allegations in the second and last sentences of paragraph 50, DeNault's Hardware-Home Centers, Inc. admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims.  DeNault's Hardware-Home Centers, Inc. denies the remaining allegations in paragraph 50.

51.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies those allegations.

52.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies those allegations.

53.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies those allegations.

54.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies those allegations.

55.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies those allegations.

56.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies those allegations.

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

57.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 57 and therefore denies those allegations. In response to the allegations in the second and last sentences of paragraph 57, DeNault's Hardware-Home Centers, Inc. admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims. DeNault's Hardware-Home Centers, Inc. denies the remaining allegations in paragraph 57.

58.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 58 and therefore denies those allegations. In response to the allegations in the second and last sentences of paragraph 58, DeNault's Hardware-Home Centers, Inc. admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims. DeNault's Hardware-Home Centers, Inc. denies the remaining allegations in paragraph 58.

59.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore denies those allegations.

60.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 60 and therefore denies those allegations.

61.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore denies those allegations.

62.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore denies those allegations.

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

63.     DeNault's Hardware-Home Centers, Inc. lacks information  or knowledge sufficient to form a belief as to the truth of the allegations  in paragraph 63 and therefore denies those allegations.

64.     DeNault's Hardware-Home Centers, Inc. lacks information  or knowledge sufficient to form a belief as to the truth of the allegations  in paragraph 64 and therefore denies those allegations.

65.     DeNault's Hardware-Home Centers, Inc. lacks information  or knowledge sufficient to form a belief as to the truth of the allegations  in paragraph 65 and therefore denies those allegations.

66.     DeNault's Hardware-Home Centers, Inc. lacks information  or knowledge sufficient to form a belief as to the truth of the allegations  in paragraph 66 and therefore denies those allegations.

67.     DeNault's Hardware-Home Centers, Inc. lacks information  or knowledge sufficient to form a belief as to the truth of the allegations  in paragraph 67 and therefore denies those allegations.

68.     DeNault's Hardware-Home Centers, Inc. lacks information  or knowledge sufficient to form a belief as to the truth of the allegations  in paragraph 68 and therefore denies those allegations.

69.     DeNault's Hardware-Home Centers, Inc. lacks information  or knowledge sufficient to form a belief as to the truth of the allegations  in paragraph 69 and therefore denies those allegations.

70.     DeNault's Hardware-Home Centers, Inc. lacks information  or knowledge sufficient to form a belief as to the truth of the allegations  in paragraph 70 and therefore denies those allegations.

71.     DeNault's Hardware-Home Centers, Inc. lacks information  or knowledge sufficient to form a belief as to the truth of the allegations  in the first, third, and fourth  sentences

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

of paragraph 71 and therefore denies those allegations.  In response to the allegations in the second and last sentences of paragraph 71, DeNault's Hardware-Home Centers, Inc. admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims.  DeNault's Hardware-Home Centers, Inc. denies the remaining allegations in paragraph 71.

72.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore denies those allegations.

73.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies those allegations.

74.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore denies those allegations.

75.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 75 and therefore denies those allegations.

76.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore denies those allegations.

77.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore denies those allegations.

78.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 78 and therefore denies those allegations.

79.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 79 and therefore denies those allegations.

80.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 80 and therefore denies those allegations.

81.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 81 and therefore denies those allegations.

82.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 82 and therefore denies those allegations.

83.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 83 and therefore denies those allegations.

84.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore denies those allegations.

85.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 85 and therefore denies those allegations. In response to the allegations in the second and last sentences of paragraph 85, DeNault's Hardware-Home Centers, Inc. admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims.

- 13 -

86.     DeNault's Hardware-Home Centers, Inc. lacks information  or knowledge sufficient to form a belief as to the truth of the allegations  in paragraph 86 and therefore denies those allegations.

87.     DeNault's Hardware-Home Centers, Inc. lacks information  or knowledge sufficient to form a belief as to the truth of the allegations  in paragraph 87 and therefore denies those allegations.

88.     DeNault's Hardware-Home Centers, Inc. lacks information  or knowledge sufficient to form a belief as to the truth of the allegations  in paragraph 88 and therefore denies those allegations.

89.     DeNault's Hardware-Home Centers, Inc. lacks information  or knowledge sufficient to form a belief as to the truth of the allegations  in paragraph 89 and therefore denies those allegations.

90.     DeNault's Hardware-Home Centers, Inc. lacks information  or knowledge sufficient to form a belief as to the truth of the allegations  in paragraph 90 and therefore denies those allegations.

91.     DeNault's Hardware-Home Centers, Inc. lacks information  or knowledge sufficient to form a belief as to the truth of the allegations  in paragraph 91 and therefore denies those allegations.

92.     DeNault's Hardware-Home Centers, Inc. lacks information  or knowledge sufficient to form a belief as to the truth of the allegations  in paragraph 92 and therefore denies those allegations.

93.     DeNault's Hardware-Home Centers, Inc. denies the allegations  in paragraph 93.

94.     DeNault's Hardware-Home Centers, Inc. denies the allegations  in paragraph 94.

95.     DeNault's Hardware-Home Centers, Inc. denies the allegations  in paragraph 95.

96.     DeNault's Hardware-Home Centers, Inc. denies the allegations  in paragraph 96.

97.     DeNault's Hardware-Home Centers, Inc. denies the allegations  in paragraph 97.

98.     DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 98.

99.     DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 99.

100.     DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 100.

101.     DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 101.

102.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 102 and therefore denies those allegations. The remaining allegations in paragraph 102 set forth conclusions of law for which no response is required.

103.     The allegations in paragraph 103 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

104.     The allegations in paragraph 104 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

105.     The allegations in paragraph 105 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

106.     In response to the allegations in paragraph 106, DeNault's Hardware-Home Centers, Inc. admits that it is a California corporation with its principal place of business is in California. The remaining allegations in paragraph 106 are directed at defendants other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

107.     To the extent that the allegations in paragraph 107 relate to defendants other than DeNault's Hardware-Home Centers, Inc., these allegations do not require a response from DeNault's Hardware-Home Centers, Inc. DeNault's Hardware-Home Centers, Inc. lacks

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 107 and therefore denies those allegations.

108. The allegations in paragraph 108 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

109. The allegations in paragraph 109 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

110. The allegations in paragraph 110 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

111. The allegations in paragraph 111 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

112. The allegations in paragraph 112 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

113. The allegations in paragraph 113 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

114. The allegations in paragraph 114 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

115. The allegations in paragraph 115 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

116.     The allegations in paragraph 116 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

117.     The allegations in paragraph 117 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

118.     DeNault's Hardware-Home Centers, Inc. admits the allegations in the first sentence of paragraph 118. The allegations in the second sentence of paragraph 118 are vague and conclusory and comprise attorney characterizations, and are accordingly denied. In response to the allegations in the last sentence of paragraph 118, DeNault's Hardware-Home Centers, Inc. admits that it has sold Roundup®-branded products. DeNault's Hardware-Home Centers, Inc. otherwise denies the allegations in the last sentence of paragraph 118.

119.     The allegations in paragraph 119 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

120.     The allegations in paragraph 120 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

121.     The allegations in paragraph 121 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

122.     The allegations in paragraph 122 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

123.    The allegations in paragraph 123 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

124.    The allegations in paragraph 124 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

125.    The allegations in paragraph 125 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

126.    The allegations in paragraph 126 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

127.    The allegations in paragraph 127 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

128.    In response to the allegations in paragraph 128, DeNault's Hardware-Home Centers, Inc. denies that it engaged in any wrongdoing or wrongful acts or omissions. The remaining allegations in paragraph 128 set forth conclusions of law, so no response is required for these allegations.

129.    The allegations in paragraph 129 set forth conclusions of law, so no response is required for these allegations.

130.    The allegations in paragraph 130 do not require a response from DeNault's Hardware-Home Centers, Inc. because these allegations relate to the DOE defendants, not DeNault's Hardware-Home Centers, Inc.

131.    The allegations in paragraph 131 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, DeNault's Hardware-

- 18 -

Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 131 and therefore denies those allegations.

132. The allegations in the first sentence of paragraph 132 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, DeNault's Hardware-Home Centers, Inc. denies the allegations in the first sentence of paragraph 132. DeNault's Hardware-Home Centers, Inc. denies the allegations in the second sentence of paragraph 132.

133. In response to the allegations in paragraph 133, DeNault's Hardware-Home Centers, Inc. admits that it is a California corporation. The remaining allegations in paragraph 133 are vague and conclusory and comprise attorney characterizations and are accordingly denied or set forth conclusions of law for which no response is required. To the extent that the allegations in paragraph 133 relate to defendants other than DeNault's Hardware-Home Centers, Inc., these allegations do not require a response from DeNault's Hardware-Home Centers, Inc.

134. The allegations in paragraph 134 are vague and conclusory and comprise attorney characterizations, and are accordingly denied. To the extent that the allegations in paragraph 134 relate to defendants other than DeNault's Hardware-Home Centers, Inc., these allegations do not require a response from DeNault's Hardware-Home Centers, Inc.

135. The allegations in paragraph 135 are vague and conclusory and comprise attorney characterizations, and are accordingly denied. To the extent that the allegations in paragraph 135 relate to defendants other than DeNault's Hardware-Home Centers, Inc., these allegations do not require a response from DeNault's Hardware-Home Centers, Inc.

136. The allegations in paragraph 136 are vague and conclusory and comprise attorney characterizations, and are accordingly denied. To the extent that the allegations in paragraph 136 relate to defendants other than DeNault's Hardware-Home Centers, Inc., these allegations do not require a response from DeNault's Hardware-Home Centers, Inc.

137.     DeNault's Hardware-Home Centers, Inc. denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancers and denies that exposure to Roundup®-branded products did or could have caused plaintiffs' and/or decedents' alleged cancer. DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 137 and therefore denies those allegations. The remaining allegations in paragraph 137 set forth conclusions of law for which no response is required.

138.     In response to the allegations in paragraph 138, DeNault's Hardware-Home Centers, Inc. denies that there is any risk of cancer or other serious illness associated with or linked to exposure to Roundup®-branded products or glyphosate. The remaining allegations in paragraph 138 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.

139.     The allegations in paragraph 139 set forth conclusions of law for which no response is required.

140.     In response to the allegations in paragraph 140, DeNault's Hardware-Home Centers, Inc. denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of, or caused, his alleged cancers and denies that there is any risk of serious illnesses associated with or linked to exposure to Roundup®-branded products or glyphosate. The remaining allegations in paragraph 140 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

141.     DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 141.

142.     DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 142.

143.     In response to the allegations in paragraph 143, DeNault's Hardware-Home Centers, Inc. denies that it concealed "the truth regarding the safety of Roundup®-branded products. The remaining allegations in paragraph 143 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied. To the extent that a response is deemed required, DeNault's Hardware-Home Centers, Inc. denies all of plaintiffs' allegations in paragraph 143.

144.     In response to the allegations in paragraph 144, DeNault's Hardware-Home Centers, Inc. denies that exposure to Roundup®-branded products and glyphosate exposed plaintiffs to risk of their alleged cancers, denies that there is any risk of serious illness associated with or linked to Roundup®-branded products, and denies the remaining allegations in paragraph 144.

145.     The allegations in paragraph 145 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

146.     The allegations in paragraph 146 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

147.     DeNault's Hardware-Home Centers, Inc. admits the allegations in the first sentence of paragraph 147. DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 147 and therefore denies those allegations.

148.     The allegations in paragraph 148 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations. To the extent that a response is deemed required, DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 148 and therefore denies those allegations.

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

149.   DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 149 and therefore denies those allegations.

150.   In response to the allegations in paragraph 150 DeNault's Hardware-Home Centers, Inc. states that the referenced document speaks for itself and does not require a response. To the extent that a response is deemed required, DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 150 and therefore denies those allegations.

151.   In response to the allegations in paragraph 151, DeNault's Hardware-Home Centers, Inc. states that the referenced document speaks for itself and does not require a response. To the extent that a response is deemed required, DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 151 and therefore denies those allegations.

152.   In response to the allegations in paragraph 152, DeNault's Hardware-Home Centers, Inc. denies that glyphosate is a carcinogen. DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 152 and therefore denies those allegations.

153.   DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 153.

154.   DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 154.

155.   DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 155.

156.   DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 156.

157.   The allegations in paragraph 157 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

158.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 158 and therefore denies those allegations.

159.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 159 and therefore denies those allegations.

160.    The allegations in the second, third, sixth, seventh, eighth, and last sentences of paragraph 160 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.  To the extent that those allegations may be deemed to be directed at DeNault's Hardware-Home Centers, Inc., DeNault's Hardware-Home Centers, Inc. denies those allegations.  DeNault's Hardware-Home Centers, Inc. denies the remaining allegations in paragraph 160.

161.    The allegations in paragraph 161 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

162.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 162 and therefore denies those allegations.  DeNault's Hardware-Home Centers, Inc. denies the allegations in the last sentence of paragraph 162.

163.    The allegations in paragraph 163 set forth conclusions of law for which no response is required.

164.    The allegations in paragraph 164 set forth conclusions of law for which no response is required.

165.    The allegations in paragraph 165 set forth conclusions of law for which no response is required.

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

166.     DeNault's Hardware-Home Centers, Inc. lacks information  or knowledge sufficient to form a belief as to the truth of the allegations  in the first sentence of paragraph 166 and therefore denies those allegations.  In response to the remaining allegations  in paragraph 166, DeNault's Hardware-Home Centers, Inc. denies that glyphosate  or Roundup®-branded  products cause cancer or other serious illnesses.  DeNault's Hardware-Home Centers, Inc. otherwise lacks information  or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 166 and therefore denies those allegations.

167.     The allegations  in the first sentence of paragraph 167 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.   DeNault's Hardware-Home Centers, Inc. lacks information  or knowledge  sufficient to form a belief as to the truth of the remaining allegations  in paragraph 167 and therefore denies those allegations.

168.     The allegations  in paragraph 168 set forth conclusions  of law for which no response is required.  To the extent that a response is deemed required,  DeNault's Hardware-Home Centers, Inc. lacks information  or knowledge sufficient to form a belief as to the truth of the allegations  in paragraph 168 and therefore denies those allegations.

169.     DeNault's Hardware-Home Centers, Inc. lacks information  or knowledge sufficient to form a belief as to the truth of the allegations  in paragraph 169 and therefore denies those allegations.

170.     DeNault's Hardware-Home Centers, Inc. lacks information  or knowledge sufficient to form a belief as to the truth of the allegations  in paragraph 170 and therefore denies those allegations.

171.     Certain allegations  in paragraph 171 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.   DeNault's Hardware-Home Centers, Inc. lacks

information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 171 and therefore denies those allegations.

172.   The allegations in paragraph 172 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

173.   The allegations in paragraph 173 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

174.   DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 174 and therefore denies those allegations.

175.   DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 175 and therefore denies those allegations.

176.   The allegations in the first sentence of paragraph 176 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response DeNault's Hardware-Home Centers, Inc. is required for these allegations.  DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 176 and therefore denies those allegations.

177.   The allegations in paragraph 177 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

178.   The allegations in paragraph 178 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

179.    The allegations in paragraph 179 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

180.    Certain allegations in paragraph 180 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.  DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 180 and therefore denies those allegations.

181.    To the extent that the allegations in the second, fourth, and last sentences of paragraph 181 are directed at DeNault's Hardware-Home Centers, Inc., DeNault's Hardware-Home Centers, Inc. denies those allegations.  To the extent that the allegations in the first sentence of paragraph 181 relate to defendants other than DeNault's Hardware-Home Centers, Inc., these allegations do not require a response from DeNault's Hardware-Home Centers, Inc. DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 181 and therefore denies those allegations.

182.    To the extent that the allegations in the first sentence of paragraph 182 are directed at DeNault's Hardware-Home Centers, Inc., DeNault's Hardware-Home Centers, Inc. denies those allegations.  To the extent that the allegations in the first sentence of paragraph 182 relate to defendants other than DeNault's Hardware-Home Centers, Inc., these allegations do not require a response from DeNault's Hardware-Home Centers, Inc. The allegations in the last sentence of paragraph 182 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

183.    The allegations in paragraph 183 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

184.    The allegations in paragraph 184 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

185.    The allegations in the first and second sentences of paragraph 185 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.  DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 185 and accordingly denies those allegations.

186.    The allegations in paragraph 186 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

187.    The allegations in paragraph 187 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

188.    The allegations in paragraph 188 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

189.    The allegations in paragraph 189 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

190.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 190 and therefore denies those allegations.

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

191.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 191 and therefore denies those allegations.

192.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 192 and therefore denies those allegations.

193.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 193 and therefore denies those allegations.

194.     In response to the allegations in paragraph 194, DeNault's Hardware-Home Centers, Inc. denies that glyphosate is a carcinogen.  DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 194 and therefore denies those allegations.

195.     In response to the allegations in the first sentence of paragraph 195, DeNault's Hardware-Home Centers, Inc. states that the document speaks for itself and does not require a response.  DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 195 and therefore denies those allegations.

196.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 196 and therefore denies those allegations.

197.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 197 and therefore denies those allegations.

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

198.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 198 and therefore denies those allegations.

199.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 199 and therefore denies those allegations.

200.     In response to the allegations in paragraph 200, DeNault's Hardware-Home Centers, Inc. denies that glyphosate increases the risk of NHL. DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 200 and therefore denies those allegations.

201.     In response to the allegations in paragraph 201, DeNault's Hardware-Home Centers, Inc. states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the allegations in paragraph 201 comprise attorney characterizations and are accordingly denied.

202.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 202 and therefore denies those allegations.

203.     In response to the allegations in paragraph 203, DeNault's Hardware-Home Centers, Inc. states that the document speaks for itself and does not require a response. DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 203 and therefore denies those allegations.

204.     In response to the allegations in paragraph 204, DeNault's Hardware-Home Centers, Inc. states that the document speaks for itself and does not require a response. DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

belief as to the truth of the remaining allegations in paragraph 204 and therefore denies those allegations.

205.     In response to the allegations in paragraph 205, DeNault's Hardware-Home Centers, Inc. states that the document speaks for itself and does not require a response. DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 205 and therefore denies those allegations.

206.     In response to the allegations in paragraph 206, DeNault's Hardware-Home Centers, Inc. states that the document speaks for itself and does not require a response. DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 206 and therefore denies those allegations.

207.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 207 and therefore denies those allegations.

208.     In response to the allegations in paragraph 208, DeNault's Hardware-Home Centers, Inc. states that the document speaks for itself and does not require a response.

209.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 209 and therefore denies those allegations.

210.     DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 210.

211.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 211 and therefore denies those allegations.

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

212.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 212 and therefore denies those allegations.

213.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 213 and therefore denies those allegations.

214.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 214 and therefore denies those allegations.

215.    The allegations in paragraph 215 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

216.    The allegations in paragraph 216 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

217.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 217 and therefore denies those allegations.

218.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 218 and therefore denies those allegations.

219.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 219 and therefore denies those allegations.

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

220.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 220 and therefore denies those allegations.

221.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 221 and therefore denies those allegations.

222.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 222 and therefore denies those allegations.

223.    The allegations in paragraph 223 set forth conclusions of law for which no response is required.

224.    The allegations in paragraph 224 set forth conclusions of law for which no response is required.

225.    The allegations in paragraph 225 set forth conclusions of law for which no response is required.

226.    The allegations in the paragraph 226 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

227.    The allegations in paragraph 227 are directed at a defendant other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

228.    The allegations in paragraph 228 set forth conclusions of law for which no response is required.

229.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 229 and therefore denies those allegations.

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

230.     In response to the allegations in paragraph 230, DeNault's Hardware-Home Centers, Inc. states that the cited document speaks for itself and does not require a response.

231.     In response to the allegations in paragraph 231, DeNault's Hardware-Home Centers, Inc. states that the cited document speaks for itself and does not require a response. To the extent that a response may be deemed required, DeNault's Hardware-Home Centers, Inc. states that, to the extent that paragraph 231 characterizes the meaning of the cited studies, DeNault's Hardware-Home Centers, Inc. denies those allegations.

232.     In response to the allegations in paragraph 232, DeNault's Hardware-Home Centers, Inc. states that the cited document speaks for itself and does not require a response.

233.     In response to the allegations in paragraph 233, DeNault's Hardware-Home Centers, Inc. states that the cited document speaks for itself and does not require a response.

234.     In response to the allegations in paragraph 234, DeNault's Hardware-Home Centers, Inc. states that the cited document speaks for itself and does not require a response. To the extent that a response may be deemed required, DeNault's Hardware-Home Centers, Inc. states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 234 and therefore denies those allegations.

235.     In response to the allegations in paragraph 235, DeNault's Hardware-Home Centers, Inc. states that the cited document speaks for itself and does not require a response. To the extent that a response may be deemed required, DeNault's Hardware-Home Centers, Inc. states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 235 and therefore denies those allegations.

236.     In response to the allegations in paragraph 236, DeNault's Hardware-Home Centers, Inc. states that the cited document speaks for itself and does not require a response. To the extent that a response may be deemed required, DeNault's Hardware-Home Centers, Inc. states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 236 and therefore denies those allegations.

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

237.    In response to the allegations in paragraph 237, DeNault's Hardware-Home Centers, Inc. states that the cited document speaks for itself and does not require a response. To the extent that a response may be deemed required, DeNault's Hardware-Home Centers, Inc. states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 237 and therefore denies those allegations.

238.    In response to the allegations in paragraph 238, DeNault's Hardware-Home Centers, Inc. states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, DeNault's Hardware-Home Centers, Inc. states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 238 and therefore denies those allegations.

239.    In response to the allegations in paragraph 239, DeNault's Hardware-Home Centers, Inc. states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, DeNault's Hardware-Home Centers, Inc. states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 239 and therefore denies those allegations.

240.    In response to the allegations in paragraph 240, DeNault's Hardware-Home Centers, Inc. states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, DeNault's Hardware-Home Centers, Inc. states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 240 and therefore denies those allegations.

241.    In response to the allegations in paragraph 241, DeNault's Hardware-Home Centers, Inc. states that the cited document speaks for itself and does not require a response.

242.    In response to the allegations in paragraph 242, DeNault's Hardware-Home Centers, Inc. states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, DeNault's Hardware-Home Centers, Inc.

states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 242 and therefore denies those allegations.

243.    In response to the allegations in paragraph 243, DeNault's Hardware-Home Centers, Inc. states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, DeNault's Hardware-Home Centers, Inc. states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 243 and therefore denies those allegations.

244.    In response to the allegations in paragraph 244, DeNault's Hardware-Home Centers, Inc. states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, DeNault's Hardware-Home Centers, Inc. states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 244 and therefore denies those allegations.

245.    In response to the allegations in paragraph 245, DeNault's Hardware-Home Centers, Inc. states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, DeNault's Hardware-Home Centers, Inc. states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 245 and therefore denies those allegations.

246.    In response to the allegations in paragraph 246, DeNault's Hardware-Home Centers, Inc. states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, DeNault's Hardware-Home Centers, Inc. states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 246 and therefore denies those allegations.

247.    In response to the allegations in paragraph 247, DeNault's Hardware-Home Centers, Inc. states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, DeNault's Hardware-Home Centers, Inc.

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 247 and therefore denies those allegations.

248.    In response to the allegations in paragraph 248, DeNault's Hardware-Home Centers, Inc. states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, DeNault's Hardware-Home Centers, Inc. states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 248 and therefore denies those allegations.

249.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 249 and therefore denies those allegations.

250.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 250 and therefore denies those allegations.

251.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 251 and therefore denies those allegations.

252.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 252 and therefore denies those allegations.

253.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 253 and therefore denies those allegations.

254.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 254 and therefore denies those allegations.

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

255.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 255 and therefore denies those allegations.

256.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 256 and therefore denies those allegations.

257.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 257 and therefore denies those allegations.

258.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 258 and therefore denies those allegations.

259.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 259 and therefore denies those allegations.

260.     DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 260 and therefore denies those allegations.

DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the unnumbered paragraph following paragraph 260 and therefore denies those allegations.

261.     DeNault's Hardware-Home Centers, Inc. incorporate by reference their responses to paragraphs 1 through 260 in response to paragraph 261 of plaintiffs' Complaint.

262.     In response to the allegations in paragraph 262, DeNault's Hardware-Home Centers, Inc. denies that it violated California law or federal law and states that it complied with all applicable law regarding Roundup®-branded products. The remaining allegations in

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

paragraph 262 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, DeNault's Hardware-Home Centers, Inc. denies all such allegations.

263.    The allegations in paragraph 263 set forth conclusions of law for which no response is required.

264.    DeNault's Hardware-Home Centers, Inc. denies the allegations in the first sentence of paragraph 264.  The second sentence in paragraph 264 sets forth a conclusion of law for which no response is required.

265.    DeNault's Hardware-Home Centers, Inc. incorporate by reference their responses to paragraphs 1 through 264 in response to paragraph 265 of plaintiffs' Complaint.

266.    In response to the allegations in paragraph 266, DeNault's Hardware-Home Centers, Inc. admits that plaintiff purports to bring a claim for strict liability design defect, but denies any liability as to that claim.

267.    In response to the allegations in paragraph 267, DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used Roundup®-branded products and therefore denies that allegation. DeNault's Hardware-Home Centers, Inc. denies the remaining allegations in paragraph 267.

268.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 268.

269.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 269 and therefore denies those allegations.  DeNault's Hardware-Home Centers, Inc. denies the allegations in the second sentence of paragraph 269.  The allegations in the third sentence of paragraph 269 are directed at defendants other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

270.    To the extent that the allegations in paragraph 270 relate to defendants other than DeNault's Hardware-Home Centers, Inc., these allegations do not require a response from

- 38 -

DeNault's Hardware-Home Centers, Inc. DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 270 concerning plaintiffs' and/or decedents' claimed purchases of Roundup®-branded products and therefore denies those allegations.

271.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 271.

272.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 272.

273.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 273.

274.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 274 and each of its subparts.

275.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 275 concerning plaintiffs' and/or decedents' claimed use of or exposure to Roundup®-branded products and therefore denies those allegations. DeNault's Hardware-Home Centers, Inc. denies the remaining allegations in paragraph 275, including that Roundup® branded products have "dangerous characteristics."

276.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 276 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations. DeNault's Hardware-Home Centers, Inc. denies the remaining allegations in paragraph 276, including that Roundup®-branded products have "dangerous characteristics."

277.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 277.

278.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 278.

279.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 279.

280.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 280.

281.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 281.

282.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 282.

283.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 283.

284.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 284.

285.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 285.

286.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 286.

287.    In response to the allegations in paragraph 287, DeNault's Hardware-Home Centers, Inc. demands that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that DeNault's Hardware-Home Centers, Inc. be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

288.    DeNault's Hardware-Home Centers, Inc. incorporate by reference their responses to paragraphs 1 through 287 in response to paragraph 288 of plaintiffs' Complaint.

289.    In response to the allegations in the first sentence of paragraph 289, DeNault's Hardware-Home Centers, Inc. admits that plaintiff purports to bring a claim for strict liability failure to warn, but denies any liability as to that claim. The allegations in the last sentence of paragraph 289 are directed at defendants other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations. DeNault's Hardware-Home Centers, Inc. denies the remaining allegations in paragraph 289.

290.    To the extent that the allegations in paragraph 290 relate to defendants other than DeNault's Hardware-Home Centers, Inc., these allegations do not require a response from DeNault's Hardware-Home Centers, Inc. DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 290 concerning plaintiffs' and/or decedents' claimed purchases of Roundup®-branded products and therefore denies those allegations.

291.    In response to the allegations in paragraph 291, DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff or other entities identified purchased or used Roundup®-branded products

- 40 -

and therefore denies that allegation.  The allegations in paragraph 291 also set forth conclusions of law for which no response is required.  DeNault's Hardware-Home Centers, Inc. denies the remaining allegations in paragraph 291.

292.    The allegations in paragraph 292 set forth conclusions of law for which no response is required.

293.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 293.

294.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 294.

295.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 295.

296.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 296.

297.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 297 and therefore denies those allegations.

298.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 298 concerning plaintiffs' and/or decedents' alleged use of Roundup®-branded products and therefore denies those allegations.  DeNault's Hardware-Home Centers, Inc. denies the remaining allegations in paragraph 298, including that Roundup®-branded products have "dangerous characteristics."

299.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 299 concerning plaintiffs' and/or decedents' alleged use and exposure to Roundup®-branded products and therefore denies those allegations.   DeNault's Hardware-Home Centers, Inc. denies the remaining allegations in paragraph 299, including that Roundup®-branded products have "dangerous characteristics."

300.    In response to the allegations in paragraph 300, DeNault's Hardware-Home Centers, Inc. denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses and denies that there are any defects in those products. DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

form a belief as to the truth of the remaining allegations in paragraph 300 and therefore denies those allegations.

301.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 301.

302.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 302.

303.    The allegations in the second sentence of paragraph 303 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, DeNault's Hardware-Home Centers, Inc. denies all such allegations.  DeNault's Hardware-Home Centers, Inc. denies the remaining allegations in paragraph 303.

304.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 304.

305.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 305.

306.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 306.

307.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 307.

308.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 308.

309.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 309.

310.    DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 310.

311.    In response to the allegations in paragraph 311, DeNault's Hardware-Home Centers, Inc. demands that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that DeNault's Hardware-Home Centers, Inc. be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

312.    DeNault's Hardware-Home Centers, Inc. incorporate by reference their responses to paragraphs 1 through 311 in response to paragraph 312 of plaintiffs' Complaint.

313.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 313 regarding the specific products allegedly used by plaintiffs and/or decedents or any advertising or marketing allegedly seen or considered by plaintiffs and/or decedents and therefore denies the

- 42 -

allegations in the first sentence of paragraph 313. DeNault's Hardware-Home Centers, Inc. denies the allegations in the second sentence of paragraph 313. The allegations in the last sentence of paragraph 313 are directed at defendants other than DeNault's Hardware-Home Centers, Inc., so no response from DeNault's Hardware-Home Centers, Inc. is required for these allegations.

314.     To the extent that the allegations in paragraph 314 relate to defendants other than DeNault's Hardware-Home Centers, Inc., these allegations do not require a response from DeNault's Hardware-Home Centers, Inc. DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 314 concerning plaintiffs' and/or decedents' claimed purchases of Roundup®-branded products and therefore denies those allegations.

315.     The allegations in paragraph 315 set forth conclusions of law for which no response is required.

316.     The allegations in paragraph 316 set forth conclusions of law for which no response is required.

317.     DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 317.

318.     DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 318.

319.     DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 319.

320.     DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 320.

321.     DeNault's Hardware-Home Centers, Inc. denies the allegations in the first sentence of paragraph 321. The allegations in the second sentence of paragraph 321 comprise attorney characterizations and are accordingly denied or set forth conclusions of law for which no response is required.

322.     DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 322.

323.     DeNault's Hardware-Home Centers, Inc. denies the allegations in paragraph 323, including each of its subparts.

- 43 -

169.    DeNault's Hardware-Home Centers, Inc. denies the allegations in second-numbered paragraph 169.

170.    DeNault's Hardware-Home Centers, Inc. lacks information or knowledge sufficient to form a belief as to the truth of the allegations in second-numbered paragraph 170 regarding plaintiffs' and/or decedents' knowledge and therefore DeNault's Hardware-Home Centers, Inc. denies those allegations.   DeNault's Hardware-Home Centers, Inc. denies the remaining allegations in second-numbered paragraph 170, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

171.    DeNault's Hardware-Home Centers, Inc. denies the allegations in second-numbered paragraph 171.

172.    DeNault's Hardware-Home Centers, Inc. denies the allegations in second-numbered paragraph 172.

173.    DeNault's Hardware-Home Centers, Inc. denies the allegations in second-numbered paragraph 173.

174.    DeNault's Hardware-Home Centers, Inc. denies the allegations in second-numbered paragraph 174.

175.    DeNault's Hardware-Home Centers, Inc. denies the allegations in second-numbered paragraph 175.

176.    In response to the allegations in second-numbered paragraph 176, DeNault's Hardware-Home Centers, Inc. demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that DeNault's Hardware-Home Centers, Inc. be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

177. - 221.    The allegations in second-numbered paragraphs 177-221 do not require responses from DeNault's Hardware-Home Centers, Inc. because these allegations relate to Monsanto Company, not DeNault's Hardware-Home Centers, Inc., and these counts of plaintiffs'

- 44 -

Complaint are brought only against Monsanto Company, not DeNault's Hardware-Home Centers, Inc.

222.    DeNault's Hardware-Home Centers, Inc. incorporate by reference their responses to paragraphs 1 through second-numbered 221 in response to second-numbered paragraph 222 of plaintiffs' Complaint.

223.    DeNault's Hardware-Home Centers, Inc. denies the allegations in second-numbered paragraph 223.

224.    DeNault's Hardware-Home Centers, Inc. denies the allegations in second-numbered paragraph 224.

225.    DeNault's Hardware-Home Centers, Inc. denies the allegations in second-numbered paragraph 225.

226.    The allegations in second-numbered paragraph 226 set forth conclusions of law for which no response is required.

227.    In response to the allegations in second-numbered paragraph 227, DeNault's Hardware-Home Centers, Inc. denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action against DeNault's Hardware-Home Centers, Inc. upon which relief can be granted.

2.    Venue may be inconvenient for plaintiffs' claims.

3.    Plaintiffs' claims are improperly joined and should be severed.

4.    Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

5.      Any alleged negligent or culpable conduct of DeNault's Hardware-Home Centers, Inc., none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' and/or decedents' alleged injuries.

6.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed, and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8.      Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.      Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Plaintiffs' claims are barred, in whole or in part, because plaintiffs' and/or decedents' injuries, if any, were the result of conduct of plaintiffs, decedents, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' and/or decedents' pre-existing medical conditions.

12.     Any claims based on allegations that DeNault's Hardware-Home Centers, Inc. misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are

- 46 -

preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

13.    The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims in whole or in part.

14.    Applicable statutes of limitations and/or repose, or prescriptive periods, bar plaintiffs' claims in whole or in part.

15.    Plaintiffs' and/or decedents' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

16.    If plaintiffs and/or decedents suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which DeNault's Hardware-Home Centers, Inc. is neither liable nor responsible or, in the alternative, DeNault's Hardware-Home Centers, Inc. is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by DeNault's Hardware-Home Centers, Inc. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' and/or decedents' alleged injuries or damages.

17.    DeNault's Hardware-Home Centers, Inc. had no legal relationship or privity with plaintiffs and/or decedents and owed no duty to them by which liability could be attributed to it.

18.    DeNault's Hardware-Home Centers, Inc. made no warranties of any kind or any representations of any nature whatsoever to plaintiffs and/or decedents. If any such warranties were made, which DeNault's Hardware-Home Centers, Inc. specifically denies, then plaintiffs and/or decedents failed to give notice of any breach thereof.

19.    Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

20.     Plaintiffs' claims for punitive and/or exemplary, aggravated, treble, or double damages are barred because such an award would violate DeNault's Hardware-Home Centers, Inc.'s due process, equal protection and other rights under the United States Constitution, and/or other applicable state constitutions – and would be improper under the common law and public policies of the United States and/or other applicable state laws and/or the laws of the District of Columbia, Puerto Rico, and the U.S. Virgin Islands.

21.     Plaintiffs' claims against DeNault's Hardware-Home Centers, Inc. for punitive and/or exemplary, aggravated, treble, or double damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under applicable state law and/or the laws of the District of Columbia, Puerto Rico, and the U.S. Virgin Islands.

22.     Plaintiffs' claims for punitive and/or exemplary, aggravated, treble, or double damages are barred and/or limited by operation of state and/or federal law and/or the laws of the District of Columbia, Puerto Rico, and the U.S. Virgin Islands, including, but not limited to, Michigan law; Puerto Rican law; Washington law; Ala. Code § 6-11-21; Alaska Stat. § 09.17.020(f), (g ); Ariz. Rev. Stat. § 12-689; Colo. Rev. Stat. § 13-21-102; Fla. Stat. § 768.73; O.C.G.A. § 51-12-5.1; Idaho Code § 6-1604; Kan. Stat. § 60-3701; Louisiana Civil Code Article 3546; La. Rev. Stat. § 9:2800.52, *et seq.*; Miss. Code Ann. § 11-1-65; Missouri Revised Statute § 510.261 *et seq.*; N.H. Rev. Stat. Ann. § 507:16; N.C. Gen. Stat. §§ 1D-15, 1D-25; N.D. Cent. Code § 32-03.2-11(6); Ohio Rev. Code Ann. § 2315.21; S.C. Code Ann. § 15-32-530; Tenn. Code Ann. § 29-39-104; Tex. Civ. Prac. & Rem. Code Ann. §§ 41.004(a), 41.008(b); Va. Code Ann. § 801-38.; and W. Va. Code § 55-7-29.  DeNault's Hardware-Home Centers, Inc. would further show that under the facts of this case, however, an award of punitive damages consistent with the maximum awards permitted under Fla. Stat. § 768.73 would be a violation of DeNault's Hardware-Home Centers, Inc.'s state and federal constitutional rights.

23.     DeNault's Hardware-Home Centers, Inc.'s conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent, or done with a conscious disregard for the rights of

plaintiffs and/or decedents and/or the safety of the public. Nor do any of DeNault's Hardware-Home Centers, Inc.'s conduct and/or acts demonstrate that DeNault's Hardware-Home Centers, Inc. acted with a high degree of moral culpability. In fact, DeNault's Hardware-Home Centers, Inc. exercised reasonable care at all times alleged in the Complaint, and plaintiffs have failed to clearly establish any entitlement to punitive and/or exemplary, aggravated, treble or double damages based on their allegations.

24.     Plaintiffs' strict liability claims are barred in whole or in part by the Alabama Extended Manufacturer's Liability Doctrine, the N.C. Gen. Stat. § 99B-1.1, and because Delaware, Massachusetts, Michigan, and Virginia do not recognize a cause of action for strict liability in tort.

25.     Plaintiffs' claims are barred in whole or in part by plaintiffs' and/or decedents' contributory/comparative negligence.

26.     Pursuant to Colo. Rev. Stat. § 13-21-406, DeNault's Hardware-Home Centers, Inc. cannot be liable for damages that exceed its pro rata share of causal fault, no fault being admitted. Plaintiffs' recovery may be barred or limited by 14 Me. Rev. Stat. Ann. § 156; Minn. Stat. § 604.01; and Wyoming's Comparative Fault Statute, Wyo. Stat. § 1-1-109. Pursuant to Kan. Stat. Ann. § 60-258a, plaintiffs' recovery should be reduced in proportion to plaintiffs' and/or decedents' fault and any recovery by plaintiffs should be barred if the plaintiffs' and/or decedents' fault is equal to or greater than the total fault of all persons against whom a claim is made. Pursuant to Or. Rev. Stat. § 31.600, plaintiffs' causes of action are barred, in whole or in part, by plaintiffs' and/or decedents' contributory negligence; alternatively, plaintiffs' right to recover, no fault being admitted, is diminished in an amount based upon plaintiffs' and/or decedents' individual relative degree of fault. Pursuant to Mont. Code Ann. § 27-1-702, plaintiffs' recovery must be diminished in proportion to the percentage of negligence attributed to plaintiffs and/or decedents. Plaintiffs' and/or decedents' own contributory negligence is a bar to recovery under District of Columbia law.

- 49 -

27.     Plaintiffs' claims are barred in whole or in part by plaintiffs' and/or decedents' own failure to mitigate damages.

28.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

29.     To the extent that plaintiffs and/or decedents recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under NY CPLR § 4545, Missouri Revised Statute §§ 490.710, 490.715, and Fla. Stat. § 768.76.

30.     If plaintiffs and/or decedents have been injured or damaged, no injuries or damages being admitted, such injuries or damages were not caused by a DeNault's Hardware-Home Centers, Inc. product.

31.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

32.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

33.     Plaintiffs' common law claims are barred and/or preempted, in whole or part, by application of Connecticut Products Liability Act, Conn. Gen. Stat. Ann. § 52-572n; Idaho Code Ann. § 6-1401, *et seq.*; Indiana Product Liability Act, Ind. Code Ann. § 34-20-1-1, *et seq.*; Kan. Stat. Ann. § 60-3302(c), *et seq.*; Kentucky Product Liability Act, Ky. Rev. Stat. § 411.300, *et seq.*; Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. Ann. § 9:2800.51 *et seq.*; the Mississippi Product Liability Act, Miss. Code Ann. § 11-1-63 (1993); New Jersey Products Liability Act, N.J. Stat. Ann. § 2A:58C-1 through 58C-11; the Ohio Products Liability Act ("OPLA"), Ohio Rev. Code Ann. §§ 2307.71-2307.80; Tenn. Code Ann. § 29-28-102(6), *et seq.*; and Wash. Rev. Code §§ 7.72.010-.060.

34.     To the extent that plaintiffs assert a claim based on the South Carolina Unfair Trade Practices Act, that claim is barred by applicable law, including S.C. Code Ann. § 39-5-40(a).

35.     Plaintiffs' claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256, Kan. Stat. Ann. § 60-3304(a); Mich. Com. Laws § 600.2946 (4), N.D. Cent. Code § 28-01.3-09, Tex. Civ. Prac. & Rem. Code Ann. § 82.008, and Wis. Stat. § 895.047(3)(b).

36.     In accordance with Fla. Stat. § 768.1257, plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed, and labeled with proper warnings, information, cautions, and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

37.     Plaintiffs' claim for breach of implied warranties is barred because Arizona does not recognize a separate cause of action for breach of implied warranty in the product liability context.

38.     Plaintiffs' claims and damages, no injuries or damages being admitted, are barred or must be reduced, in whole or part, by Colo. Rev. Stat. § 13-21-403 (state of the art presumption, presumption of non-defectiveness for compliance with government codes, and ten-year presumption) and Colo. Rev. Stat. § 13-21-102.5 (limits on non-economic damages).

39.     If plaintiffs and/or decedents have been injured or damaged, no injuries or damages being admitted, plaintiffs' claims for damages are limited by Alaska Stat. § 09.17.010(b); Idaho Code § 6-1603; Kan. Stat. Ann. § 16-19a02(b)(1)-(2); and M.D. Cts. & Jud. Proc. § 11-108.

40.     In the event DeNault's Hardware-Home Centers, Inc. is found jointly or severally liable with any other tortfeasor or with multiple tortfeasors, DeNault's Hardware-Home Centers, Inc. reserves its right of contribution to the extent that it has to pay more than DeNault's Hardware-Home Centers, Inc.'s pro rata share of the common liability consistent with the provisions set forth in the Alaska Stat. § 09.17.080; the Nebraska Comparative Negligence Act, Neb. Rev. Stat. § 25-21, 185.10; N.D. Cent. Code § 32-03.2-02; and other applicable law.

41.     Plaintiffs' claims are barred in whole or in part pursuant to Neb. Rev. Stat. § 25-21,182 because the design, testing, or labeling of the products at issue was in conformity with the

1  generally recognized and prevailing state of the art in the industry at the time the specific

2  products involved in this action were first sold to any person not engaged in the business of

3  selling such product.

4        42.    To the extent that plaintiffs' claims are governed by Louisiana law, this case is

5  governed by the exclusive provisions of the Louisiana Products Liability Act (La. R.S.

6  9:2800.51, et seq.) ("LPLA"). Any theories of recovery that fall outside of the LPLA's

7  provisions are therefore subject to dismissal.

8        43.    DeNault's Hardware-Home Centers, Inc. affirmatively pleads the applicability of

9  the LPLA and specifically avers that plaintiffs are not entitled to recovery under any of the

10  exclusive theories of liability set forth in the Act.

11        44.    DeNault's Hardware-Home Centers, Inc. specifically avers that the product

12  possessed no characteristic that rendered it unreasonably dangerous in a reasonably anticipated

13  use as defined by the LPLA (La. R.S. 9:2800.54).

14        45.    DeNault's Hardware-Home Centers, Inc. asserts all allowable defenses under the

15  LPLA, La. R.S. 9:2800.51, et seq., including but not limited to the applicability of La. R.S.

16  9:2800.59(A)(1), (2), (3), and (B).

17        46.    Should plaintiffs and/or decedents recover under any claims under the LPLA, a

18  recovery of attorney's fees for plaintiffs are barred under the provisions of that statute.

19        47.    To the extent plaintiffs' claims are governed by Louisiana law, DeNault's

20  Hardware-Home Centers, Inc. has no liability to plaintiffs and/or decedents under any theory of

21  redhibition or implied warranty to the extent that plaintiffs and/or decedents failed to tender any

22  product allegedly sold by DeNault's Hardware-Home Centers, Inc. that allegedly contained a

23  redhibitory defect and has not made an amicable demand upon DeNault's Hardware-Home

24  Centers, Inc.

25        48.    To the extent that plaintiffs' claims are governed by Louisiana law, DeNault's

26  Hardware-Home Centers, Inc. has no liability to plaintiffs and/or decedents under any theory of

27

28

redhibition or implied warranty to the extent that plaintiffs have waived plaintiffs' and/or decedents' redhibition rights.

49.     To the extent plaintiffs' claims are governed by Louisiana law and are based on conduct that pre-dates 1996, Louisiana's comparative negligence regime may not apply, and plaintiffs' claims may be barred by contributory negligence.

50.     To the extent plaintiffs' claims are governed by Louisiana law and are based on conduct that pre-dates 1989, plaintiffs' claims under the LPLA may be barred.

51.     DeNault's Hardware-Home Centers, Inc. hereby preserves any and all defenses under *Tincher v. Omega Flex, Inc.*, 104 A.3d 328 (Pa. 2014).

52.     Some or all of plaintiffs' claims should be dismissed based on the *forum non conveniens* doctrine.

53.     Plaintiffs' and/or decedents' injuries, if any, were caused, in whole or in part, by the acts or omissions of persons other than DeNault's Hardware-Home Centers, Inc., whether individual, corporate, associate, or otherwise, whether named or unnamed in the Complaint, and for whose conduct DeNault's Hardware-Home Centers, Inc. is not liable. DeNault's Hardware-Home Centers, Inc. is not liable for damages proximately caused by non-parties, pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), including any and all employers of plaintiffs and/or decedents and any other product used by plaintiffs and/or decedents that was not manufactured, sold, or distributed by DeNault's Hardware-Home Centers, Inc.

54.     Plaintiffs are not entitled to recover multiple damages under M.G.L. ch. 93A.

55.     Plaintiffs are not entitled to recover under M.G.L. ch. 93A because at all relevant times DeNault's Hardware-Home Centers, Inc. acted reasonably and its actions were not unfair or deceptive.

56.     Plaintiffs are not entitled to any recovery under M.G.L. ch. 93A because plaintiffs failed to send a pre-suit demand letter that complied with the requirements of M.G.L. ch. 93A § 9(3).

57.     DeNault's Hardware-Home Centers, Inc. hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE,** DeNault's Hardware-Home Centers, Inc. demands judgment in their favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

<b><u>JURY TRIAL DEMAND</u></b>

DeNault's Hardware-Home Centers, Inc. demands a jury trial on all issues so triable.

DATED: July 26, 2021.                        Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: */s/ Jennise W. Stubbs*
    Jennise W. Stubbs
    600 Travis Street, Suite 3400
    Houston, TX 77002-2926
    Telephone:   (713) 227-8008
    Facsimile:    (713) 227-9508
    Email:        jstubbs@shb.com

    *Attorneys for Defendant*
    *DeNault's Hardware-Home Centers, Inc.*

- 54 -
DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC

1

## CERTIFICATE OF SERVICE

2

3       I certify that on the 26th day of July, 2021, I electronically transmitted the foregoing

4   ANSWER TO PLAINTIFFS' COMPLAINT BY DEFENDANT DENAULT'S HARDWARE-HOME

5   CENTERS, INC. to the Clerk of the court using the ECF system for filing and transmittal of a true

6   and correct copy of the foregoing document was served electronically or by another manner as

7   authorized by FED. R. CIV. P. 5.

8                                       /s/Jennise W. Stubbs_____

9                                       Jennise W. Stubbs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENAULT'S HARDWARE-HOME CENTERS, INC.'S
ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05290-VC