**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:    (713) 227-8008
Facsimile:     (713) 227-9508
Email:         jstubbs@shb.com

*Attorneys for Defendant*
*FRUIT GROWERS SUPPLY COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *William Davis, et al. v. Monsanto Co., et al.,* Case No. 3:21-cv-05298-VC | |

**FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Fruit Growers Supply Company, by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint, except as set forth below. Fruit Growers Supply Company denies — and objects to — allegations by plaintiffs that purport to lump Fruit Growers Supply Company together with other defendants. Fruit Growers Supply Company responds to the allegations in the Complaint only on behalf of Fruit Growers Supply Company and not on behalf of any other defendant. Silence as to any allegations shall constitute a denial.

1.     The allegations in the first sentence of paragraph 1 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations. Fruit Growers Supply Company admits the allegations in the second sentence of paragraph 1. Fruit Growers Supply Company lacks information or

knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 and therefore denies those allegations.

2. The allegations in paragraph 2 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations. To the extent that a response is deemed required, Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

3. Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies those allegations.

4. In response to the allegations in paragraph 4 Fruit Growers Supply Company states that the referenced document speaks for itself and does not require a response. To the extent that a response is deemed required, Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5. In response to the allegations in paragraph 5, Fruit Growers Supply Company states that the referenced document speaks for itself and does not require a response. To the extent that a response is deemed required, Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies those allegations.

6. In response to the allegations in paragraph 6, Fruit Growers Supply Company denies that glyphosate is a carcinogen. Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 and therefore denies those allegations.

7. Fruit Growers Supply Company denies the allegations in the first and second sentences of paragraph 7. The remaining allegations in paragraph 7 are directed at a defendant

other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

8.     The allegations in paragraph 8 do not require a response from Fruit Growers Supply Company because these allegations relate to defendants other than Fruit Growers Supply Company.

9.     To the extent that the allegations in paragraph 9 relate to defendants other than Fruit Growers Supply Company, these allegations do not require a response from Fruit Growers Supply Company. Fruit Growers Supply Company denies the remaining allegations in paragraph 9.

10.     The allegations in paragraph 10 set forth conclusions of law for which no response is required.

11.     The allegations in paragraph 11 set forth conclusions of law for which no response is required.

12.     The allegations in paragraph 12 set forth conclusions of law for which no response is required.

13.     The allegations in paragraph 13 set forth conclusions of law for which no response is required.

14.     The allegations in paragraph 14 set forth conclusions of law for which no response is required.

15.     The allegations jurisdiction in the last sentence of paragraph 15 set forth conclusions of law for which no response is required. Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore denies those allegations.

16.     Fruit Growers Supply Company denies the allegations in paragraph 16.

17.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations.

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05298-VC

18.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies those allegations.

19.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies those allegations.

20.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies those allegations.

21.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies those allegations.

22.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies those allegations.

23.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies those allegations.

24.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies those allegations.

25.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies those allegations.

26.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies those allegations.

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05298-VC

27.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies those allegations.

28.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies those allegations.

29.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies those allegations.

30.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies those allegations.

31.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies those allegations.

32.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies those allegations.

33.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies those allegations.

34.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 34 and therefore denies those allegations. In response to the allegations in the second and last sentences of paragraph 34, Fruit Growers Supply Company admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims. Fruit Growers Supply Company denies the remaining allegations in paragraph 34.

35.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 35 and therefore denies those allegations. In response to the allegations in the second and last sentences of paragraph 35, Fruit Growers Supply Company admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims. Fruit Growers Supply Company denies the remaining allegations in paragraph 35.

36.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fourth sentences of paragraph 36 and therefore denies those allegations. In response to the allegations in the second and last sentences of paragraph 36, Fruit Growers Supply Company admits that plaintiff purports to seek damages for a wrongful death claim and/or survival action but denies any liability on those claims. Fruit Growers Supply Company denies the remaining allegations in paragraph 36.

37.     Fruit Growers Supply Company denies the allegations in paragraph 37.

38.     Fruit Growers Supply Company denies the allegations in paragraph 38.

39.     Fruit Growers Supply Company denies the allegations in paragraph 39.

40.     Fruit Growers Supply Company denies the allegations in paragraph 40.

41.     Fruit Growers Supply Company denies the allegations in paragraph 41.

42.     Fruit Growers Supply Company denies the allegations in paragraph 42.

43.     Fruit Growers Supply Company denies the allegations in paragraph 43.

44.     Fruit Growers Supply Company denies the allegations in paragraph 44.

45.     Fruit Growers Supply Company denies the allegations in paragraph 45.

46.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 46 and therefore denies those allegations. The remaining allegations in paragraph 46 set forth conclusions of law for which no response is required.

47.     The allegations in paragraph 47 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

48.     The allegations in paragraph 48 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

49.     The allegations in paragraph 49 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

50.     In response to the allegations in paragraph 50, Fruit Growers Supply Company admits that it is a California corporation with its principal place of business is in California.   The remaining allegations in paragraph 50 are directed at defendants other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

51.     To the extent that the allegations in paragraph 51 relate to defendants other than Fruit Growers Supply Company, these allegations do not require a response from Fruit Growers Supply Company. Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 and therefore denies those allegations.

52.     The allegations in paragraph 52 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

53.     The allegations in paragraph 53 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

54.     The allegations in paragraph 54 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

55.     The allegations in paragraph 55 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

56.     The allegations in paragraph 56 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

57.     The allegations in paragraph 57 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

58.     The allegations in paragraph 58 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

59.     Fruit Growers Supply Company admits the allegations in the first sentence of paragraph 59 but notes that it is a nonprofit corporation under Chapter 1 of Division 20 of the Food and Agricultural Code of California.  The allegations in the second sentence of paragraph 59 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  In response to the allegations in the last sentence of paragraph 59, Fruit Growers Supply Company admits that it has sold Roundup®-branded products.  Fruit Growers Supply Company otherwise denies the allegations in the last sentence of paragraph 59.

60.     In response to the allegations in paragraph 60, Fruit Growers Supply Company denies that it engaged in any wrongdoing or wrongful acts or omissions.  The remaining allegations in paragraph 60 set forth conclusions of law, so no response is required for these allegations.

61.     The allegations in paragraph 61 set forth conclusions of law, so no response is required for these allegations.

62.     The allegations in paragraph 62 do not require a response from Fruit Growers Supply Company because these allegations relate to the DOE defendants, not Fruit Growers Supply Company

63.     The allegations in paragraph 63 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies those allegations.

64.     The allegations in the first sentence of paragraph 64 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Fruit Growers Supply Company denies the allegations in the first sentence of paragraph 64.  Fruit Growers Supply Company denies the allegations in the second sentence of paragraph 64.

65.     In response to the allegations in paragraph 65, Fruit Growers Supply Company admits that it is a California nonprofit corporation.  The remaining allegations in paragraph 65 are vague and conclusory and comprise attorney characterizations and are accordingly denied or set forth conclusions of law for which no response is required.  To the extent that the allegations in paragraph 65 relate to defendants other than Fruit Growers Supply Company, these allegations do not require a response from Fruit Growers Supply Company

66.     The allegations in paragraph 66 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 66 relate to defendants other than Fruit Growers Supply Company, these allegations do not require a response from Fruit Growers Supply Company

67.     The allegations in paragraph 67 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph 67 relate to defendants other than Fruit Growers Supply Company, these allegations do not require a response from Fruit Growers Supply Company

68.     The allegations in paragraph 68 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.  To the extent that the allegations in paragraph \68

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05298-VC

relate to defendants other than Fruit Growers Supply Company, these allegations do not require a response from Fruit Growers Supply Company

69.     Fruit Growers Supply Company denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of his alleged cancers and denies that exposure to Roundup®-branded products did or could have caused plaintiffs' and/or decedents' alleged cancer. Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 69 and therefore denies those allegations. The remaining allegations in paragraph 69 set forth conclusions of law for which no response is required.

70.     In response to the allegations in paragraph 70, Fruit Growers Supply Company denies that there is any risk of cancer or other serious illness associated with or linked to exposure to Roundup®-branded products or glyphosate. The remaining allegations in paragraph 70 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied.

71.     The allegations in paragraph 71 set forth conclusions of law for which no response is required.

72.     In response to the allegations in paragraph 72, Fruit Growers Supply Company denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of, or caused, his alleged cancers and denies that there is any risk of serious illnesses associated with or linked to exposure to Roundup®-branded products or glyphosate. The remaining allegations in paragraph 72 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

73.     Fruit Growers Supply Company denies the allegations in paragraph 73.

74.     Fruit Growers Supply Company denies the allegations in paragraph 74.

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:21-cv-05298-VC

75.     In response to the allegations in paragraph 75, Fruit Growers Supply Company denies that it concealed "the truth regarding the safety of Roundup®-branded products. The remaining allegations in paragraph 75 set forth conclusions of law for which no response is required or consist of attorney characterizations and are accordingly denied. To the extent that a response is deemed required, Fruit Growers Supply Company denies all of plaintiffs' allegations in paragraph 75.

76.     In response to the allegations in paragraph 76, Fruit Growers Supply Company denies that exposure to Roundup®-branded products and glyphosate exposed plaintiffs to risk of their alleged cancers, denies that there is any risk of serious illness associated with or linked to Roundup®-branded products, and denies the remaining allegations in paragraph 76.

77.     The allegations in paragraph 77 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

78.     The allegations in paragraph 78 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

79.     Fruit Growers Supply Company admits the allegations in the first sentence of paragraph 79. Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 79 and therefore denies those allegations.

80.     The allegations in paragraph 80 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations. To the extent that a response is deemed required, Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 80 and therefore denies those allegations.

81.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 81 and therefore denies those allegations.

82.     In response to the allegations in paragraph 82 Fruit Growers Supply Company states that the referenced document speaks for itself and does not require a response. To the extent that a response is deemed required, Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 82 and therefore denies those allegations.

83.     In response to the allegations in paragraph 83, Fruit Growers Supply Company states that the referenced document speaks for itself and does not require a response. To the extent that a response is deemed required, Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 83 and therefore denies those allegations.

84.     In response to the allegations in paragraph 84, Fruit Growers Supply Company denies that glyphosate is a carcinogen. Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 84 and therefore denies those allegations.

85.     Fruit Growers Supply Company denies the allegations in paragraph 85.

86.     Fruit Growers Supply Company denies the allegations in paragraph 86.

87.     Fruit Growers Supply Company denies the allegations in paragraph 87.

88.     Fruit Growers Supply Company denies the allegations in paragraph 88.

89.     The allegations in paragraph 89 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

90.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 90 and therefore denies those allegations.

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05298-VC

91.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore denies those allegations.

92.     The allegations in the second, third, sixth, seventh, eighth, and last sentences of paragraph 92 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.  To the extent that those allegations may be deemed to be directed at Fruit Growers Supply Company, Fruit Growers Supply Company denies those allegations.  Fruit Growers Supply Company denies the remaining allegations in paragraph 92.

93.     The allegations in paragraph 93 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

94.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 94 and therefore denies those allegations.  Fruit Growers Supply Company denies the allegations in the last sentence of paragraph 94.

95.     The allegations in paragraph 95 set forth conclusions of law for which no response is required.

96.     The allegations in paragraph 96 set forth conclusions of law for which no response is required.

97.     The allegations in paragraph 97 set forth conclusions of law for which no response is required.

98.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 98 and therefore denies those allegations.  In response to the remaining allegations in paragraph 98, Fruit Growers Supply Company denies that glyphosate or Roundup®-branded products cause cancer or other serious illnesses.  Fruit Growers Supply Company otherwise lacks information or knowledge

sufficient to form a belief as to the truth of the remaining allegations in paragraph 98 and therefore denies those allegations.

99.     The allegations in the first sentence of paragraph 99 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.   Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 99 and therefore denies those allegations.

100.     The allegations in paragraph 100 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 100 and therefore denies those allegations.

101.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 101 and therefore denies those allegations.

102.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 102 and therefore denies those allegations.

103.     Certain allegations in paragraph 103 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.  Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 103 and therefore denies those allegations.

104.     The allegations in paragraph 104 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05298-VC

105.    The allegations in paragraph 105 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

106.    Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 106 and therefore denies those allegations.

107.    Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107 and therefore denies those allegations.

108.    The allegations in the first sentence of paragraph 108 are directed at a defendant other than Fruit Growers Supply Company, so no response Fruit Growers Supply Company is required for these allegations. Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 108 and therefore denies those allegations.

109.    The allegations in paragraph 109 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

110.    The allegations in paragraph 110 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

111.    The allegations in paragraph 111 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

112.    Certain allegations in paragraph 112 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations. Fruit Growers Supply Company lacks information or knowledge sufficient to

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05298-VC

form a belief as to the truth of the remaining allegations in paragraph 112 and therefore denies those allegations.

113.    To the extent that the allegations in the second, fourth, and last sentences of paragraph 113 are directed at Fruit Growers Supply Company, Fruit Growers Supply Company denies those allegations.   To the extent that the allegations in the first sentence of paragraph 113 relate to defendants other than Fruit Growers Supply Company, these allegations do not require a response from Fruit Growers Supply Company. Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 113 and therefore denies those allegations.

114.    To the extent that the allegations in the first sentence of paragraph 114 are directed at Fruit Growers Supply Company, Fruit Growers Supply Company denies those allegations.   To the extent that the allegations in the first sentence of paragraph 114 relate to defendants other than Fruit Growers Supply Company, these allegations do not require a response from Fruit Growers Supply Company The allegations in the last sentence of paragraph 114 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

115.    The allegations in paragraph 115 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

116.    The allegations in paragraph 116 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

117.    The allegations in the first and second sentences of paragraph 117 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.   Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 117 and accordingly denies those allegations.

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05298-VC

118.     The allegations in paragraph 118 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

119.     The allegations in paragraph 119 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

120.     The allegations in paragraph 120 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

121.     The allegations in paragraph 121 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

122.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 122 and therefore denies those allegations.

123.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 123 and therefore denies those allegations.

124.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 124 and therefore denies those allegations.

125.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 125 and therefore denies those allegations.

126.     In response to the allegations in paragraph 126, Fruit Growers Supply Company denies that glyphosate is a carcinogen.  Fruit Growers Supply Company lacks information or

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05298-VC

knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 126 and therefore denies those allegations.

127.    In response to the allegations in the first sentence of paragraph 127, Fruit Growers Supply Company states that the document speaks for itself and does not require a response. Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 127 and therefore denies those allegations.

128.    Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 128 and therefore denies those allegations.

129.    Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 129 and therefore denies those allegations.

130.    Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 130 and therefore denies those allegations.

131.    Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 131 and therefore denies those allegations.

132.    In response to the allegations in paragraph 132, Fruit Growers Supply Company denies that glyphosate increases the risk of NHL. Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 132 and therefore denies those allegations.

133.    In response to the allegations in paragraph 133, Fruit Growers Supply Company states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the allegations in paragraph 133 comprise attorney characterizations and are accordingly denied.

134.    Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 134 and therefore denies those allegations.

135.    In response to the allegations in paragraph 135, Fruit Growers Supply Company states that the document speaks for itself and does not require a response. Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 135 and therefore denies those allegations.

136.    In response to the allegations in paragraph 136, Fruit Growers Supply Company states that the document speaks for itself and does not require a response. Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 136 and therefore denies those allegations.

137.    In response to the allegations in paragraph 137, Fruit Growers Supply Company states that the document speaks for itself and does not require a response. Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 137 and therefore denies those allegations.

138.    In response to the allegations in paragraph 138, Fruit Growers Supply Company states that the document speaks for itself and does not require a response. Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 138 and therefore denies those allegations.

139.    Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 139 and therefore denies those allegations.

140.    In response to the allegations in paragraph 140, Fruit Growers Supply Company states that the document speaks for itself and does not require a response.

141.    Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 141 and therefore denies those allegations.

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05298-VC

142.     Fruit Growers Supply Company denies the allegations in paragraph 142.

143.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 143 and therefore denies those allegations.

144.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 144 and therefore denies those allegations.

145.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 145 and therefore denies those allegations.

146.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 146 and therefore denies those allegations.

147.     The allegations in paragraph 147 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

148.     The allegations in paragraph 148 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

149.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 149 and therefore denies those allegations.

150.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 150 and therefore denies those allegations.

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05298-VC

151.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 151 and therefore denies those allegations.

152.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 152 and therefore denies those allegations.

153.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 153 and therefore denies those allegations.

154.     Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 154 and therefore denies those allegations.

155.     The allegations in paragraph 155 set forth conclusions of law for which no response is required.

156.     The allegations in paragraph 156 set forth conclusions of law for which no response is required.

157.     The allegations in paragraph 157 set forth conclusions of law for which no response is required.

158.     The allegations in the paragraph 158 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

159.     The allegations in paragraph 159 are directed at a defendant other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

160.     The allegations in paragraph 160 set forth conclusions of law for which no response is required.

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05298-VC

161.    Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 161 and therefore denies those allegations.

162.    In response to the allegations in paragraph 162, Fruit Growers Supply Company states that the cited document speaks for itself and does not require a response.

163.    In response to the allegations in paragraph 163, Fruit Growers Supply Company states that the cited document speaks for itself and does not require a response. To the extent that a response may be deemed required, Fruit Growers Supply Company states that, to the extent that paragraph 163 characterizes the meaning of the cited studies, Fruit Growers Supply Company denies those allegations.

164.    In response to the allegations in paragraph 164, Fruit Growers Supply Company states that the cited document speaks for itself and does not require a response.

165.    In response to the allegations in paragraph 165, Fruit Growers Supply Company states that the cited document speaks for itself and does not require a response.

166.    In response to the allegations in paragraph 166, Fruit Growers Supply Company states that the cited document speaks for itself and does not require a response. To the extent that a response may be deemed required, Fruit Growers Supply Company states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 166 and therefore denies those allegations.

167.    In response to the allegations in paragraph 167, Fruit Growers Supply Company states that the cited document speaks for itself and does not require a response. To the extent that a response may be deemed required, Fruit Growers Supply Company states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 167 and therefore denies those allegations.

168.    In response to the allegations in paragraph 168, Fruit Growers Supply Company states that the cited document speaks for itself and does not require a response. To the extent that a response may be deemed required, Fruit Growers Supply Company states that it lacks

information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 168 and therefore denies those allegations.

169.     In response to the allegations in paragraph 169, Fruit Growers Supply Company states that the cited document speaks for itself and does not require a response. To the extent that a response may be deemed required, Fruit Growers Supply Company states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 169 and therefore denies those allegations.

170.     In response to the allegations in paragraph 170, Fruit Growers Supply Company states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, Fruit Growers Supply Company states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 170 and therefore denies those allegations.

171.     In response to the allegations in paragraph 171, Fruit Growers Supply Company states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, Fruit Growers Supply Company states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 171 and therefore denies those allegations.

172.     In response to the allegations in paragraph 172, Fruit Growers Supply Company states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, Fruit Growers Supply Company states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 172 and therefore denies those allegations.

173.     In response to the allegations in paragraph 173, Fruit Growers Supply Company states that the cited document speaks for itself and does not require a response.

174.     In response to the allegations in paragraph 174, Fruit Growers Supply Company states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, Fruit Growers Supply Company states that it lacks

information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 174 and therefore denies those allegations.

175.    In response to the allegations in paragraph 175, Fruit Growers Supply Company states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, Fruit Growers Supply Company states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 175 and therefore denies those allegations.

176.    In response to the allegations in paragraph 176, Fruit Growers Supply Company states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, Fruit Growers Supply Company states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 176 and therefore denies those allegations.

177.    In response to the allegations in paragraph 177, Fruit Growers Supply Company states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, Fruit Growers Supply Company states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 177 and therefore denies those allegations.

178.    In response to the allegations in paragraph 178, Fruit Growers Supply Company states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, Fruit Growers Supply Company states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 178 and therefore denies those allegations.

179.    In response to the allegations in paragraph 179, Fruit Growers Supply Company states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, Fruit Growers Supply Company states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 179 and therefore denies those allegations.

180.    In response to the allegations in paragraph 180, Fruit Growers Supply Company states that the cited documents speak for themselves and do not require a response. To the extent that a response may be deemed required, Fruit Growers Supply Company states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 180 and therefore denies those allegations.

181.    Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 181 and therefore denies those allegations.

182.    Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 182 and therefore denies those allegations.

183.    Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 183 and therefore denies those allegations.

184.    Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 184 and therefore denies those allegations.

185.    Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 185 and therefore denies those allegations.

186.    Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 186 and therefore denies those allegations.

187.    Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 187 and therefore denies those allegations.

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05298-VC

188.   Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 188 and therefore denies those allegations.

189.   Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 189 and therefore denies those allegations.

190.   Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 190 and therefore denies those allegations.

191.   Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 191 and therefore denies those allegations.

192.   Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 192 and therefore denies those allegations.

Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the unnumbered paragraph following paragraph 192 and therefore denies those allegations.

193.   Fruit Growers Supply Company incorporate by reference their responses to paragraphs 1 through 292 in response to paragraph 193 of plaintiffs' Complaint.

194.   In response to the allegations in paragraph 194, Fruit Growers Supply Company denies that it violated California law or federal law and states that it complied with all applicable law regarding Roundup®-branded products. The remaining allegations in paragraph 194 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Fruit Growers Supply Company denies all such allegations.

195.   The allegations in paragraph 195 set forth conclusions of law for which no response is required.

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05298-VC

196.   Fruit Growers Supply Company denies the allegations in the first sentence of paragraph 196. The second sentence in paragraph 196 sets forth a conclusion of law for which no response is required.

197.   Fruit Growers Supply Company incorporate by reference their responses to paragraphs 1 through 196 in response to paragraph 197 of plaintiffs' Complaint.

198.   In response to the allegations in paragraph 198 Fruit Growers Supply Company admits that plaintiff purports to bring a claim for strict liability design defect, but denies any liability as to that claim.

199.   In response to the allegations in paragraph 199, Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff used Roundup®-branded products and therefore denies that allegation. Fruit Growers Supply Company denies the remaining allegations in paragraph 199.

200.   Fruit Growers Supply Company denies the allegations in paragraph 200.

201.   Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 201 and therefore denies those allegations. Fruit Growers Supply Company denies the allegations in the second sentence of paragraph 201. The allegations in the third sentence of paragraph 201 are directed at defendants other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations.

202.   To the extent that the allegations in paragraph 202 relate to defendants other than Fruit Growers Supply Company, these allegations do not require a response from Fruit Growers Supply Company. Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 202 concerning plaintiffs' and/or decedents' claimed purchases of Roundup®-branded products and therefore denies those allegations.

203.   Fruit Growers Supply Company denies the allegations in paragraph 203.

204.   Fruit Growers Supply Company denies the allegations in paragraph 204.

205.    Fruit Growers Supply Company denies the allegations in paragraph 205.

206.    Fruit Growers Supply Company denies the allegations in paragraph 206 and each of its subparts.

207.    Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 207 concerning plaintiffs' and/or decedents' claimed use of or exposure to Roundup®-branded products and therefore denies those allegations. Fruit Growers Supply Company denies the remaining allegations in paragraph 207 including that Roundup® branded products have "dangerous characteristics."

208.    Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 208 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations. Fruit Growers Supply Company denies the remaining allegations in paragraph 208, including that Roundup®-branded products have "dangerous characteristics."

209.    Fruit Growers Supply Company denies the allegations in paragraph 209.

210.    Fruit Growers Supply Company denies the allegations in paragraph 210.

211.    Fruit Growers Supply Company denies the allegations in paragraph 211.

212.    Fruit Growers Supply Company denies the allegations in paragraph 212.

213.    Fruit Growers Supply Company denies the allegations in paragraph 213.

214.    Fruit Growers Supply Company denies the allegations in paragraph 214.

215.    Fruit Growers Supply Company denies the allegations in paragraph 215.

216.    Fruit Growers Supply Company denies the allegations in paragraph 216.

217.    Fruit Growers Supply Company denies the allegations in paragraph 217.

218.    Fruit Growers Supply Company denies the allegations in paragraph 218.

219.    In response to the allegations in paragraph 219, Fruit Growers Supply Company demands that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Fruit Growers Supply Company be awarded costs of suit

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05298-VC

and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

220.     Fruit Growers Supply Company incorporate by reference their responses to paragraphs 1 through 219 in response to paragraph 220 of plaintiffs' Complaint.

221.     In response to the allegations in the first sentence of paragraph 221, Fruit Growers Supply Company admits that plaintiff purports to bring a claim for strict liability failure to warn, but denies any liability as to that claim. The allegations in the last sentence of paragraph 221 are directed at defendants other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations. Fruit Growers Supply Company denies the remaining allegations in paragraph 221.

222.     To the extent that the allegations in paragraph 222 relate to defendants other than Fruit Growers Supply Company, these allegations do not require a response from Fruit Growers Supply Company. Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 222 concerning plaintiffs' and/or decedents' claimed purchases of Roundup®-branded products and therefore denies those allegations.

223.     In response to the allegations in paragraph 223, Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiff or other entities identified purchased or used Roundup®-branded products and therefore denies that allegation.   The allegations in paragraph 223 also set forth conclusions of law for which no response is required.  Fruit Growers Supply Company denies the remaining allegations in paragraph 223.

224.     The allegations in paragraph 224 set forth conclusions of law for which no response is required.

225.     Fruit Growers Supply Company denies the allegations in paragraph 225.

226.     Fruit Growers Supply Company denies the allegations in paragraph 226.

227.     Fruit Growers Supply Company denies the allegations in paragraph 227.

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05298-VC

228. Fruit Growers Supply Company denies the allegations in paragraph 228.

229. Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 229 and therefore denies those allegations.

230. Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 230 concerning plaintiffs' and/or decedents' alleged use of Roundup®-branded products and therefore denies those allegations. Fruit Growers Supply Company denies the remaining allegations in paragraph 230, including that Roundup®-branded products have "dangerous characteristics."

231. Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 231 concerning plaintiffs' and/or decedents' alleged use and exposure to Roundup®-branded products and therefore denies those allegations. Fruit Growers Supply Company denies the remaining allegations in paragraph 231, including that Roundup®-branded products have "dangerous characteristics."

232. In response to the allegations in paragraph 232, Fruit Growers Supply Company denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses and denies that there are any defects in those products. Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 232 and therefore denies those allegations.

233. Fruit Growers Supply Company denies the allegations in paragraph 233.

234. Fruit Growers Supply Company denies the allegations in paragraph 234.

235. The allegations in the second sentence of paragraph 235 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Fruit Growers Supply Company denies all such allegations. Fruit Growers Supply Company denies the remaining allegations in paragraph 235.

236. Fruit Growers Supply Company denies the allegations in paragraph 236.

237. Fruit Growers Supply Company denies the allegations in paragraph 237.

238. Fruit Growers Supply Company denies the allegations in paragraph 238.

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05298-VC

239.    Fruit Growers Supply Company denies the allegations in paragraph 239.

240.    Fruit Growers Supply Company denies the allegations in paragraph 240.

241.    Fruit Growers Supply Company denies the allegations in paragraph 241.

242.    Fruit Growers Supply Company denies the allegations in paragraph 242.

243.    In response to the allegations in paragraph 243, Fruit Growers Supply Company demands that judgment be entered in their favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Fruit Growers Supply Company be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

244.    Fruit Growers Supply Company incorporate by reference their responses to paragraphs 1 through 243 in response to paragraph 244 of plaintiffs' Complaint.

245.    Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 245 regarding the specific products allegedly used by plaintiffs and/or decedents or any advertising or marketing allegedly seen or considered by plaintiffs and/or decedents and therefore denies the allegations in the first sentence of paragraph 245. Fruit Growers Supply Company denies the allegations in the second sentence of paragraph 245. The allegations in the third sentence of paragraph 245 are directed at defendants other than Fruit Growers Supply Company, so no response from Fruit Growers Supply Company is required for these allegations. To the extent that the allegations in the last sentence of paragraph 245 relate to defendants other than Fruit Growers Supply Company, these allegations do not require a response from Fruit Growers Supply Company. Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 245 concerning plaintiffs' and/or decedents' claimed purchases of Roundup®-branded products and therefore denies those allegations.

246.    The allegations in paragraph 246 set forth conclusions of law for which no response is required.

247.    The allegations in paragraph 247 set forth conclusions of law for which no response is required.

248.    Fruit Growers Supply Company denies the allegations in paragraph 248.

249.    Fruit Growers Supply Company denies the allegations in paragraph 249.

250.    Fruit Growers Supply Company denies the allegations in paragraph 250.

251.    Fruit Growers Supply Company denies the allegations in paragraph 251.

252.    Fruit Growers Supply Company denies the allegations in the first sentence of paragraph 252. The allegations in the second sentence of paragraph 252 comprise attorney characterizations and are accordingly denied or set forth conclusions of law for which no response is required.

253.    Fruit Growers Supply Company denies the allegations in paragraph 253.

254.    Fruit Growers Supply Company denies the allegations in paragraph 254, including each of its subparts.

169.    Fruit Growers Supply Company denies the allegations in second-numbered paragraph 169.

170.    Fruit Growers Supply Company lacks information or knowledge sufficient to form a belief as to the truth of the allegations in second-numbered paragraph 170 regarding plaintiffs' and/or decedents' knowledge and therefore Fruit Growers Supply Company denies those allegations. Fruit Growers Supply Company denies the remaining allegations in second-numbered paragraph 170, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

171.    Fruit Growers Supply Company denies the allegations in second-numbered paragraph 171.

172.    Fruit Growers Supply Company denies the allegations in second-numbered paragraph 172.

173.    Fruit Growers Supply Company denies the allegations in second-numbered paragraph 173.

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05298-VC

174.     Fruit Growers Supply Company denies the allegations in second-numbered paragraph 174.

175.     Fruit Growers Supply Company denies the allegations in second-numbered paragraph 175.

176.     In response to the allegations in second-numbered paragraph 176, Fruit Growers Supply Company demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Fruit Growers Supply Company be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

177. - 221.     The allegations in second-numbered paragraphs 177-221 do not require responses from Fruit Growers Supply Company because these allegations relate to Monsanto Company, not Fruit Growers Supply Company, and these counts of plaintiffs' Complaint are brought only against Monsanto Company, not Fruit Growers Supply Company

222.     Fruit Growers Supply Company incorporate by reference their responses to paragraphs 1 through second-numbered 221 in response to second-numbered paragraph 222 of plaintiffs' Complaint.

223.     Fruit Growers Supply Company denies the allegations in second-numbered paragraph 223.

224.     Fruit Growers Supply Company denies the allegations in second-numbered paragraph 224.

225.     Fruit Growers Supply Company denies the allegations in second-numbered paragraph 225.

226.     The allegations in second-numbered paragraph 226 set forth conclusions of law for which no response is required.

227.     In response to the allegations in second-numbered paragraph 227, Fruit Growers Supply Company denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Fruit Growers Supply Company upon which relief can be granted.

2. Venue may be inconvenient for plaintiffs' claims.

3. Plaintiffs' claims are improperly joined and should be severed.

4. Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5. Any alleged negligent or culpable conduct of Fruit Growers Supply Company, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' and/or decedents' alleged injuries.

6. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed, and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9. Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10. Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05298-VC

11.      Plaintiffs' claims are barred, in whole or in part, because plaintiffs' and/or decedents' injuries, if any, were the result of conduct of plaintiffs, decedents, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' and/or decedents' pre-existing medical conditions.

12.      Any claims based on allegations that Fruit Growers Supply Company misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

13.      The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims in whole or in part.

14.      Applicable statutes of limitations and/or repose, or prescriptive periods, bar plaintiffs' claims in whole or in part.

15.      Plaintiffs' and/or decedents' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

16.      If plaintiffs and/or decedents suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Fruit Growers Supply Company is neither liable nor responsible or, in the alternative, Fruit Growers Supply Company is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Fruit Growers Supply Company. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' and/or decedents' alleged injuries or damages.

17.      Fruit Growers Supply Company had no legal relationship or privity with plaintiffs and/or decedents and owed no duty to them by which liability could be attributed to it.

18.     Fruit Growers Supply Company made no warranties of any kind or any representations of any nature whatsoever to plaintiffs and/or decedents. If any such warranties were made, which Fruit Growers Supply Company specifically denies, then plaintiffs and/or decedents failed to give notice of any breach thereof.

19.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

20.     Plaintiffs' claims for punitive and/or exemplary, aggravated, treble, or double damages are barred because such an award would violate Fruit Growers Supply Company's due process, equal protection and other rights under the United States Constitution, and/or other applicable state constitutions – and would be improper under the common law and public policies of the United States and/or other applicable state laws and/or the laws of the District of Columbia, Puerto Rico, and the U.S. Virgin Islands.

21.     Plaintiffs' claims against Fruit Growers Supply Company for punitive and/or exemplary, aggravated, treble, or double damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under applicable state law and/or the laws of the District of Columbia, Puerto Rico, and the U.S. Virgin Islands.

22.     Plaintiffs' claims for punitive and/or exemplary, aggravated, treble, or double damages are barred and/or limited by operation of state and/or federal law and/or the laws of the District of Columbia, Puerto Rico, and the U.S. Virgin Islands, including, but not limited to, Michigan law; Puerto Rican law; Washington law; Ala. Code § 6-11-21; Alaska Stat. § 09.17.020(f), (g ); Ariz. Rev. Stat. § 12-689; Colo. Rev. Stat. § 13-21-102; Fla. Stat. § 768.73; O.C.G.A. § 51-12-5.1; Idaho Code § 6-1604; Kan. Stat. § 60-3701; Louisiana Civil Code Article 3546; La. Rev. Stat. § 9:2800.52, *et seq.*; Miss. Code Ann. § 11-1-65; Missouri Revised Statute § 510.261 *et seq.*; N.H. Rev. Stat. Ann. § 507:16; N.C. Gen. Stat. §§ 1D-15, 1D-25; N.D. Cent. Code § 32-03.2-11(6); Ohio Rev. Code Ann. § 2315.21; S.C. Code Ann. § 15-32-530; Tenn. Code Ann. § 29-39-104; Tex. Civ. Prac. & Rem. Code Ann. §§ 41.004(a), 41.008(b); Va. Code Ann. § 801-38.; and W. Va. Code § 55-7-29. Fruit Growers Supply Company would further

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05298-VC

show that under the facts of this case, however, an award of punitive damages consistent with the maximum awards permitted under Fla. Stat. § 768.73 would be a violation of Fruit Growers Supply Company's state and federal constitutional rights.

23.     Fruit Growers Supply Company's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent, or done with a conscious disregard for the rights of plaintiffs and/or decedents and/or the safety of the public. Nor do any of Fruit Growers Supply Company's conduct and/or acts demonstrate that Fruit Growers Supply Company acted with a high degree of moral culpability. In fact, Fruit Growers Supply Company exercised reasonable care at all times alleged in the Complaint, and plaintiffs have failed to clearly establish any entitlement to punitive and/or exemplary, aggravated, treble or double damages based on their allegations.

24.     Plaintiffs' strict liability claims are barred in whole or in part by the Alabama Extended Manufacturer's Liability Doctrine, the N.C. Gen. Stat. § 99B-1.1, and because Delaware, Massachusetts, Michigan, and Virginia do not recognize a cause of action for strict liability in tort.

25.     Plaintiffs' claims are barred in whole or in part by plaintiffs' and/or decedents' contributory/comparative negligence.

26.     Pursuant to Colo. Rev. Stat. § 13-21-406, Fruit Growers Supply Company cannot be liable for damages that exceed its pro rata share of causal fault, no fault being admitted. Plaintiffs' recovery may be barred or limited by 14 Me. Rev. Stat. Ann. § 156; Minn. Stat. § 604.01; and Wyoming's Comparative Fault Statute, Wyo. Stat. § 1-1-109. Pursuant to Kan. Stat. Ann. § 60-258a, plaintiffs' recovery should be reduced in proportion to plaintiffs' and/or decedents' fault and any recovery by plaintiffs should be barred if the plaintiffs' and/or decedents' fault is equal to or greater than the total fault of all persons against whom a claim is made. Pursuant to Or. Rev. Stat. § 31.600, plaintiffs' causes of action are barred, in whole or in part, by plaintiffs' and/or decedents' contributory negligence; alternatively, plaintiffs' right to recover, no fault being admitted, is diminished in an amount based upon plaintiffs' and/or

decedents' individual relative degree of fault. Pursuant to Mont. Code Ann. § 27-1-702, plaintiffs' recovery must be diminished in proportion to the percentage of negligence attributed to plaintiffs and/or decedents. Plaintiffs' and/or decedents' own contributory negligence is a bar to recovery under District of Columbia law.

27. Plaintiffs' claims are barred in whole or in part by plaintiffs' and/or decedents' own failure to mitigate damages.

28. Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

29. To the extent that plaintiffs and/or decedents recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under NY CPLR § 4545, Missouri Revised Statute §§ 490.710, 490.715, and Fla. Stat. § 768.76.

30. If plaintiffs and/or decedents have been injured or damaged, no injuries or damages being admitted, such injuries or damages were not caused by a Fruit Growers Supply Company product.

31. Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

32. Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

33. Plaintiffs' common law claims are barred and/or preempted, in whole or part, by application of Connecticut Products Liability Act, Conn. Gen. Stat. Ann. § 52-572n; Idaho Code Ann. § 6-1401, *et seq.*; Indiana Product Liability Act, Ind. Code Ann. § 34-20-1-1, *et seq.*; Kan. Stat. Ann. § 60-3302(c), *et seq.*; Kentucky Product Liability Act, Ky. Rev. Stat. § 411.300, *et seq.*; Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. Ann. § 9:2800.51 *et seq.*; the Mississippi Product Liability Act, Miss. Code Ann. § 11-1-63 (1993); New Jersey Products Liability Act, N.J. Stat. Ann. § 2A:58C-1 through 58C-11; the Ohio Products Liability Act ("OPLA"), Ohio Rev. Code Ann. §§ 2307.71-2307.80; Tenn. Code Ann. § 29-28-102(6), *et seq.*; and Wash. Rev. Code §§ 7.72.010-.060.

34.    To the extent that plaintiffs assert a claim based on the South Carolina Unfair Trade Practices Act, that claim is barred by applicable law, including S.C. Code Ann. § 39-5-40(a).

35.    Plaintiffs' claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256, Kan. Stat. Ann. § 60-3304(a); Mich. Com. Laws § 600.2946 (4), N.D. Cent. Code § 28-01.3-09, Tex. Civ. Prac. & Rem. Code Ann. § 82.008, and Wis. Stat. § 895.047(3)(b).

36.    In accordance with Fla. Stat. § 768.1257, plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed, and labeled with proper warnings, information, cautions, and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

37.    Plaintiffs' claim for breach of implied warranties is barred because Arizona does not recognize a separate cause of action for breach of implied warranty in the product liability context.

38.    Plaintiffs' claims and damages, no injuries or damages being admitted, are barred or must be reduced, in whole or part, by Colo. Rev. Stat. § 13-21-403 (state of the art presumption, presumption of non-defectiveness for compliance with government codes, and ten-year presumption) and Colo. Rev. Stat. § 13-21-102.5 (limits on non-economic damages).

39.    If plaintiffs and/or decedents have been injured or damaged, no injuries or damages being admitted, plaintiffs' claims for damages are limited by Alaska Stat. § 09.17.010(b); Idaho Code § 6-1603; Kan. Stat. Ann. § 16-19a02(b)(1)-(2); and M.D. Cts. & Jud. Proc. § 11-108.

40.    In the event Fruit Growers Supply Company is found jointly or severally liable with any other tortfeasor or with multiple tortfeasors, Fruit Growers Supply Company reserves its right of contribution to the extent that it has to pay more than Fruit Growers Supply Company's pro rata share of the common liability consistent with the provisions set forth in the Alaska Stat. § 09.17.080; the Nebraska Comparative Negligence Act, Neb. Rev. Stat. § 25-21, 185.10; N.D. Cent. Code § 32-03.2-02; and other applicable law.

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05298-VC

41.     Plaintiffs' claims are barred in whole or in part pursuant to Neb. Rev. Stat. § 25-21,182 because the design, testing, or labeling of the products at issue was in conformity with the generally recognized and prevailing state of the art in the industry at the time the specific products involved in this action were first sold to any person not engaged in the business of selling such product.

42.     To the extent that plaintiffs' claims are governed by Louisiana law, this case is governed by the exclusive provisions of the Louisiana Products Liability Act (La. R.S. 9:2800.51, et seq.) ("LPLA"). Any theories of recovery that fall outside of the LPLA's provisions are therefore subject to dismissal.

43.     Fruit Growers Supply Company affirmatively pleads the applicability of the LPLA and specifically avers that plaintiffs are not entitled to recovery under any of the exclusive theories of liability set forth in the Act.

44.     Fruit Growers Supply Company specifically avers that the product possessed no characteristic that rendered it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA (La. R.S. 9:2800.54).

45.     Fruit Growers Supply Company asserts all allowable defenses under the LPLA, La. R.S. 9:2800.51, et seq., including but not limited to the applicability of La. R.S. 9:2800.59(A)(1), (2), (3), and (B).

46.     Should plaintiffs and/or decedents recover under any claims under the LPLA, a recovery of attorney's fees for plaintiffs are barred under the provisions of that statute.

47.     To the extent plaintiffs' claims are governed by Louisiana law, Fruit Growers Supply Company has no liability to plaintiffs and/or decedents under any theory of redhibition or implied warranty to the extent that plaintiffs and/or decedents failed to tender any product allegedly sold by Fruit Growers Supply Company that allegedly contained a redhibitory defect and has not made an amicable demand upon Fruit Growers Supply Company.

48.     To the extent that plaintiffs' claims are governed by Louisiana law, Fruit Growers Supply Company has no liability to plaintiffs and/or decedents under any theory of redhibition or

implied warranty to the extent that plaintiffs have waived plaintiffs' and/or decedents' redhibition rights.

49.     To the extent plaintiffs' claims are governed by Louisiana law and are based on conduct that pre-dates 1996, Louisiana's comparative negligence regime may not apply, and plaintiffs' claims may be barred by contributory negligence.

50.     To the extent plaintiffs' claims are governed by Louisiana law and are based on conduct that pre-dates 1989, plaintiffs' claims under the LPLA may be barred.

51.     Fruit Growers Supply Company hereby preserves any and all defenses under *Tincher v. Omega Flex, Inc.*, 104 A.3d 328 (Pa. 2014).

52.     Some or all of plaintiffs' claims should be dismissed based on the *forum non conveniens* doctrine.

53.     Plaintiffs' and/or decedents' injuries, if any, were caused, in whole or in part, by the acts or omissions of persons other than Fruit Growers Supply Company, whether individual, corporate, associate, or otherwise, whether named or unnamed in the Complaint, and for whose conduct Fruit Growers Supply Company is not liable. Fruit Growers Supply Company is not liable for damages proximately caused by non-parties, pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), including any and all employers of plaintiffs and/or decedents and any other product used by plaintiffs and/or decedents that was not manufactured, sold, or distributed by Fruit Growers Supply Company.

54.     Plaintiffs are not entitled to recover multiple damages under M.G.L. ch. 93A.

55.     Plaintiffs are not entitled to recover under M.G.L. ch. 93A because at all relevant times Fruit Growers Supply Company acted reasonably and its actions were not unfair or deceptive.

56.     Plaintiffs are not entitled to any recovery under M.G.L. ch. 93A because plaintiffs failed to send a pre-suit demand letter that complied with the requirements of M.G.L. ch. 93A § 9(3).

57.     Fruit Growers Supply Company hereby gives notice that it intends to rely upon

1   such other defenses as may become available or apparent during the course of discovery and thus

2   reserves its right to amend this Answer to assert such defenses.

3          **WHEREFORE,** Fruit Growers Supply Company demands judgment in their favor and

4   against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit

5   and such other relief as the Court deems equitable and just.

6                              **JURY TRIAL DEMAND**

7          Fruit Growers Supply Company demands a jury trial on all issues so triable.

8   DATED: July 29, 2021.                    Respectfully submitted,

9                                           SHOOK, HARDY & BACON L.L.P.

10                                          BY: */s/ Jennise W. Stubbs*

11                                              Jennise W. Stubbs
                                                600 Travis Street, Suite 3400
12                                              Houston, TX 77002-2926
                                                Telephone:   (713) 227-8008
13                                              Facsimile:   (713) 227-9508
                                                Email:       jstubbs@shb.com
14

15                                          *Attorneys for Defendant*
                                            *Fruit Growers Supply Company*
16

17

18

19

20

21

22

23

24

25

26

27

28

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05298-VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that on the 29th day of July, 2021, I electronically transmitted the foregoing ANSWER TO PLAINTIFFS' COMPLAINT BY DEFENDANT FRUIT GROWERS SUPPLY COMPANY to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs

FRUIT GROWERS SUPPLY COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:21-cv-05298-VC