**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:      (713) 227-8008
Facsimile:       (713) 227-9508
Email:            jstubbs@shb.com

*Attorneys for Defendant*
*Bayer Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |

This document relates to:

*Antonio Perillo v. Monsanto Company et al.,*
Case No. 3:21-cv-02550-VC

### BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Bayer Corporation, by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("Complaint"), except as set forth below.  Bayer Corporation denies – and objects to – allegations by plaintiff that purport to lump Bayer Corporation together with other defendants. Bayer Corporation responds to this Complaint only on behalf of Bayer Corporation and not on behalf of any other defendant. Silence as to any allegations shall constitute a denial.

1.      Bayer Corporation denies the allegations in paragraph 1.

2.      Bayer Corporation denies the allegations in paragraph 2.

3.      Bayer Corporation denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.   To the extent a response is deemed required, Bayer Corporation admits to the allegations in paragraph 4 based on the allegations in plaintiff's Complaint.

5.      Bayer Corporation admits to the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The first sentence of paragraph 7 sets forth conclusions of law for which no response is required.   Bayer Corporation denies the allegations in the second sentence of paragraph 7. In response to the third sentence of paragraph 7, Bayer Corporation denies any "omissions" and certain events giving rise to plaintiff's claim.

8.      Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 8 and therefore denies those allegations.   Bayer Corporation denies the remaining allegation in paragraph 8.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied. Bayer Corporation states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

10.      The allegations in paragraph 10 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

11.      The allegations in paragraph 11 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

12.      The allegations in paragraph 12 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

13.      The allegations in paragraph 13 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

14.      The allegations in paragraph 14 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

15.      Bayer Corporation denies the allegations in paragraph 15.

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-02550-VC

16.     The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     The allegations in paragraph 17 set forth conclusions of law for which no response is required.

18.     Bayer Corporation denies the allegations in paragraph 18.

19.     Bayer Corporation denies the allegations in paragraph 19.

20.     The allegations in paragraph 20 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

21.     Bayer Corporation denies the allegations in paragraph 21.

22.     Bayer Corporation admits the allegations in paragraph 22.

23.     In response to the allegations in paragraph 23, Bayer Corporation admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 23 are vague and ambiguous and Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore denies those allegations.

24.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies those allegations.

25.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies those allegations.

26.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies those allegations.

27.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies those allegations.

28.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 28 and therefore denies those allegations.  Bayer Corporation denies the remaining allegations in paragraph 28.

29.     The allegations in the third sentence of paragraph 29 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.  Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 and therefore denies those allegations

30.     Bayer Corporation denies that Roundup®-branded products are Bayer Corporation's products and denies that Roundup®-branded products pose dangers to health and safety. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore denies those allegations.

31.     The allegations in paragraph 31 set forth conclusions of law for which no response is required.

32.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 32 and therefore denies those allegations. The remaining allegations in paragraph 32 set forth conclusions of law for which no response is required.

33.     The allegations in paragraph 33 set forth conclusions of law for which no response is required.

34.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies those allegations.

35.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies those allegations.

36.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies those allegations.

37.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies those allegations.

38.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies those allegations. The

remaining allegations in paragraph 38 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

39.     The allegations in paragraph 39 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

40.     The allegations in paragraph 40 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

41.     The allegations in paragraph 41 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

42.     The allegations in paragraph 42 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

43.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies those allegations.

44.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies those allegations.

45.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies those allegations.

46.     Bayer Corporation states that the term "toxic" as used in paragraph 46 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Bayer Corporation otherwise lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies those allegations.

47.     In response to the allegations in paragraph 47, Bayer Corporation states that the cited document speaks for itself and does not require a response.

48.     In response to the allegations in paragraph 48, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 48 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 48.

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-02550-VC

49.     In response to the allegations in paragraph 49, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 49 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 49.

50.     In response to the allegations in paragraph 50, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 50 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 51 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 52 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 53 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 54 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 54.

55.     Bayer Corporation denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 55.

1    56.    Bayer Corporation denies the allegations in paragraph 56.

2    57.    Bayer Corporation denies the allegations in paragraph 57.

3    58.    Bayer Corporation denies the allegations in paragraph 58.

4    59.    Bayer Corporation denies the allegations in paragraph 59.

5    60.    Bayer Corporation denies the allegations in paragraph 60.

6    61.    Bayer Corporation admits that the International Agency for Research on Cancer

7 ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations.

8 Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the

9 remaining allegations in paragraph 61 and therefore denies those allegations.

10    62.    Bayer Corporation lacks information or knowledge sufficient to form a belief as

11 to the truth of the allegations in paragraph 62 and therefore denies those allegations.

12    63.    Bayer Corporation lacks information or knowledge sufficient to form a belief as

13 to the truth of the allegations in paragraph 63 and therefore denies those allegations.

14    64.    In response to the allegations in paragraph 64, Bayer Corporation admits that the

15 IARC working group classified glyphosate under Group 2A. Bayer Corporation denies the

16 remaining allegations in paragraph 64.

17    65.    In response to the allegations in paragraph 65, Bayer Corporation admits that the

18 IARC working group classified glyphosate under Group 2A. Bayer Corporation denies the

19 remaining allegations in paragraph 65.

20    66.    In response to the allegations in paragraph 66, Bayer Corporation states that the

21 document speaks for itself and does not require a response. To the extent that a response is

22 deemed required, the allegations in paragraph 66 comprise attorney characterizations and are

23 accordingly denied.

24    67.    In response to the allegations in paragraph 67, Bayer Corporation states that the

25 document speaks for itself and does not require a response. To the extent that a response is

26 deemed required, the allegations in paragraph 67 comprise attorney characterizations and are

27 accordingly denied.

28

68.     Bayer Corporation denies the allegations in paragraph 68.

69.     The allegations in paragraph 69 comprise attorney characterizations and are accordingly denied.

70.     In response to the allegations in paragraph 70, Bayer Corporation states that the cited document speaks for itself and does not require a response.

71.     In response to the allegations in paragraph 71, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 70 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 71.

72.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore denies those allegations.

73.     The allegations in paragraph 73 are vague and ambiguous and are accordingly denied.

74.     In response to the allegations in paragraph 74, Bayer Corporation states that the cited document speaks for itself and does not require a response.

75.     In response to the allegations in paragraph 75, Bayer Corporation states that the cited document speaks for itself and does not require a response.

76.     In response to the allegations in paragraph 76, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 70 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 76.

77.     In response to the allegations in paragraph 77, Bayer Corporation states that the cited document speaks for itself and does not require a response.

78.     Bayer Corporation admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Bayer Corporation otherwise denies the allegations in paragraph 78.

79.     Bayer Corporation denies the allegations in paragraph 79.

80.     Bayer Corporation denies the allegations in paragraph 80.

81.     Bayer Corporation denies the allegations in paragraph 81.

82.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 82 and therefore denies those allegations.   In response to the allegations in the second sentence of paragraph 82, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 82 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 82.

83.     In response to the allegations in paragraph 83, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 83 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 83.

84.     In response to the allegations in paragraph 84, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 84 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 84.

85.     In response to the allegations in paragraph 85, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 85 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 85.

86.     In response to the allegations in paragraph 86, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 86 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 86.

87.     In response to the allegations in paragraph 87, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 87

1    characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations

2    in paragraph 87.

3            88.     Bayer Corporation denies the allegations in paragraph 88.

4            89.     Bayer Corporation denies the allegations in paragraph 89.

5            90.     Bayer Corporation denies the allegations in paragraph 90.

6            91.     Bayer Corporation denies the allegations in paragraph 91.

7            92.     Bayer Corporation denies the allegations in paragraph 92.

8            93.     Bayer Corporation denies the allegations in paragraph 93.

9            94.     Bayer Corporation denies the allegations in paragraph 94.

10           95.     In response to the allegations in paragraph 95, Bayer Corporation admits that

11   independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or

12   genotoxicity in glyphosate and Roundup®-branded products.  Bayer Corporation denies the

13   remaining allegations in paragraph 95.

14           96.     In response to the allegations in paragraph 96, Bayer Corporation admits that

15   independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or

16   genotoxicity in glyphosate and Roundup®-branded products.  Bayer Corporation denies the

17   remaining allegations in paragraph 96.

18           97.     The allegations in paragraph 97 are directed at a defendant other than Bayer

19   Corporation, so no response from Bayer Corporation is required for these allegations.

20           98.     Bayer Corporation lacks information or knowledge sufficient to form a belief as

21   to the truth of the allegations in paragraph 98 and therefore denies those allegations.

22           99.     Bayer Corporation denies the allegations in paragraph 99.

23           100.    Bayer Corporation denies the allegations in paragraph 100.

24           101.    Bayer Corporation denies the allegations in paragraph 101.

25           102.    Bayer Corporation denies the allegations in paragraph 102.

26           103.    Bayer Corporation denies the allegations in paragraph 103.

27           104.    Bayer Corporation denies the allegations in paragraph 104.

28

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-02550-VC

1    105.    Bayer Corporation denies the allegations in paragraph 105.

2    106.    Bayer Corporation denies the allegations in paragraph 106.

3    107.    Bayer Corporation denies the allegations in paragraph 107.

4    108.    Bayer Corporation denies the allegations in paragraph 108.

5    109.    Bayer Corporation denies the allegations in paragraph 109.

6    110.    Bayer Corporation lacks information or knowledge sufficient to form a belief as

7    to the truth of the allegations in paragraph 110 and therefore denies those allegations.

8    111.    Bayer Corporation lacks information or knowledge sufficient to form a belief as

9    to the truth of the allegations in paragraph 111 and therefore denies those allegations.

10   112.    Bayer Corporation o lacks information or knowledge sufficient to form a belief as

11   to the truth of the allegations in paragraph 112 and therefore denies those allegations.

12   113.    Bayer Corporation denies the allegations in paragraph 113

13   114.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through

14   113 in response to paragraph 114 of plaintiff's Complaint.

15   115.    Bayer Corporation denies the allegations in paragraph 115.

16   116.    Bayer Corporation denies the allegations in paragraph 116.

17   117.    Bayer Corporation denies the allegations in paragraph 117.

18   118.    Bayer Corporation denies that it engaged in the "wrongdoing" alleged in the

19   Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or

20   Roundup®-branded products can cause cancer.  The remaining allegations of paragraph 118 set

21   for conclusions of law for which no response is required, consist of attorney characterizations

22   and are accordingly denied, or comprise allegations for which Bayer Corporation lacks

23   information or knowledge sufficient to form a belief as to the truth of the allegations asserted and

24   therefore denies those allegations.

25   119.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through

26   118 in response to paragraph 119 of plaintiff's Complaint.

27

28

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-02550-VC

120.    The allegations in paragraph 120 set forth conclusions of law for which no response is required.

121.    Bayer Corporation denies the allegations in paragraph 121.

122.    Bayer Corporation denies the allegations in paragraph 122, including each of its subparts.

123.    Bayer Corporation denies the allegations in paragraph 123.

124.    Bayer Corporation denies the allegations in paragraph 124.

125.    Bayer Corporation denies the allegations in paragraph 125, including each of its subparts.

126.    Bayer Corporation denies the allegations in paragraph 126.

127.    Bayer Corporation denies the allegations in paragraph 127.

128.    Bayer Corporation denies the allegations in paragraph 128.

129.    Bayer Corporation denies the allegations in paragraph 129.

In response to the "WHEREFORE" paragraph following paragraph 129, Bayer Corporation demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

130.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through 129 in responses to paragraph 130 of plaintiff's Complaint.

131.    Bayer Corporation denies the allegations in paragraph 131.

132.    Bayer Corporation denies that Roundup®-branded products are Bayer Corporation's products and therefore denies the allegations in paragraph 132.

133.    Bayer Corporation denies the allegations in paragraph 133.

134.    Bayer Corporation denies the allegations in paragraph 134.

135.    Bayer Corporation denies the allegations in paragraph 135.

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-02550-VC

136.    Bayer Corporation denies the allegations in paragraph 136, including each of its subparts.

137.    Bayer Corporation denies the allegations in paragraph 137.

138.    Bayer Corporation denies that Roundup®-branded products are Bayer Corporation's Roundup®-branded products and denies that products have "dangerous characteristics" and therefore denies the allegations in paragraph 138.

139.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 139 and therefore denies those allegations.

140.    Bayer Corporation denies the allegations in paragraph 140.

141.    The allegations in paragraph 141 set forth conclusions of law for which no response is required.

142.    Bayer Corporation denies the allegations in paragraph 142.

143.    Bayer Corporation denies the allegations in paragraph 143.

144.    Bayer Corporation denies the allegations in paragraph 144.

145.    Bayer Corporation denies the allegations in paragraph 145.

146.    Bayer Corporation denies the allegations in paragraph 146.

147.    Bayer Corporation denies the allegations in paragraph 147.

148.    Bayer Corporation denies the allegations in paragraph 148.

149.    Bayer Corporation denies the allegations in paragraph 149.

150.    Bayer Corporation denies the allegations in paragraph 150

151.    Bayer Corporation denies the allegations in paragraph 151.

In response to the "WHEREFORE" paragraph following paragraph 151, Bayer Corporation demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

1  152.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through
2  151 in response to paragraph 152 of plaintiff's Complaint.

3  153.    Bayer Corporation denies the allegations in paragraph 153.

4  154.    Bayer Corporation denies the allegations in paragraph 154.

5  155.    Bayer Corporation denies the allegations in paragraph 155.

6  156.    Bayer Corporation denies the allegations in paragraph 156.

7  157.    Bayer Corporation denies the allegations in paragraph 157.

8  158.    Bayer Corporation denies the allegations in paragraph 158.

9  159.    Bayer Corporation denies the allegations in paragraph 159.

10  160.    Bayer Corporation lacks information or knowledge sufficient to form a belief as
11  to the truth of the allegations regarding plaintiff's use of history in paragraph 160 and therefore
12  denies those allegations.   Bayer Corporation denies the remaining allegations in paragraph 160.

13  161.    The allegations in paragraph 161 set for conclusions of law for which no response
14  is required.

15  162.    Bayer Corporation denies the allegations in paragraph 162.

16  163.    Bayer Corporation denies the allegations in paragraph 163.

17  164.    Bayer Corporation denies the allegations in paragraph 164.

18  165.    Bayer Corporation denies the allegations that Roundup®-branded products are
19  defective and accordingly denies the allegations of paragraph 165.

20  166.    Bayer Corporation denies the allegations in paragraph 166.

21  167.    Bayer Corporation denies the allegations in paragraph 167.

22  168.    Bayer Corporation denies the allegations in paragraph 168.

23  169.    Bayer Corporation denies the allegations in paragraph 169.

24  170.    Bayer Corporation denies the allegations in paragraph 170.

25  171.    Bayer Corporation denies the allegations in paragraph 171.

26  172.    Bayer Corporation denies the allegations in paragraph 172.

27

28

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-02550-VC

In response to the "WHEREFORE" paragraph following paragraph 172, Bayer Corporation demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

173.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through 172 in response to paragraph 173 of plaintiff's Complaint.

174.    Bayer Corporation denies the allegations in paragraph 174.    Additionally, the allegations in the last sentence in paragraph 174 set forth conclusions of law for which no response is required.

175.    Bayer Corporation denies the allegations in paragraph 175.

176.    Bayer Corporation denies the allegations in paragraph 176.

177.    Bayer Corporation denies the allegations in paragraph 177.

178.    The allegations in paragraph 178 regarding implied warranties set forth conclusions of law for which no response is required.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 178 regarding plaintiff's and/or other entity's reliance and therefore denies those allegations.

179.    Bayer Corporation denies the allegations in paragraph 179.

180.    Bayer Corporation denies the allegations in paragraph 180.

181.    Bayer Corporation denies the allegations in paragraph 181.

182.    Bayer Corporation denies the allegations in paragraph 182.

In response to the "WHEREFORE" paragraph following paragraph 182, Bayer Corporation demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

183.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through 182 in response to paragraph 183 of plaintiff's Complaint.

184.    Bayer Corporation denies the allegations in paragraph 184.   Additionally, the allegations in the last sentence in paragraph 184 set forth conclusions of law for which no response is required.

185.    Bayer Corporation denies the allegations in paragraph 185.

186.    Bayer Corporation denies the allegations in paragraph 186.

187.    Bayer Corporation denies the allegations in paragraph 187.

188.    The allegations in paragraph 188 regarding express and implied warranties set forth conclusions of law for which no response is required.  Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 188 regarding plaintiff's and/or other entity's reliance and therefore denies those allegations.

189.    Bayer Corporation denies the allegations in paragraph 189.

190.    Bayer Corporation denies the allegations in paragraph 190.

191.    Bayer Corporation denies the allegations in paragraph 191.

In response to the "WHEREFORE" paragraph following paragraph 191, Bayer Corporation demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Bayer Corporation denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-02550-VC

1
2
3

## SEPARATE AND AFFIRMATIVE DEFENSES

4

1.      The Complaint, in whole or part, fails to state a claim or cause of action against

5
Bayer Corporation upon which relief can be granted.

6

2.      Plaintiff's claims against Bayer Corporation are barred for lack of personal

7
jurisdiction

8

3.      Plaintiff's claims against Bayer Corporation are barred because plaintiff cannot

9
proffer any scientifically reliable evidence that the products at issue were defective or

10
unreasonably dangerous.

11

4.      Plaintiff's claims against defendants are misjoined and should be severed.

12

5.      Venue may be inconvenient and has been improperly alleged.

13

6.      Any alleged negligent or culpable conduct of Bayer Corporation, none being

14
admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing

15
cause of plaintiff's alleged injuries.

16

7.      Plaintiff's claims against Bayer Corporation are barred, in whole or in part,

17
because the products at issue were designed, manufactured, marketed and labeled with proper

18
warnings, information, cautions and instructions, in accordance with the state of the art and the

19
state of scientific and technological knowledge.

20

8.      Any claims based on allegations that Bayer Corporation misled, defrauded, made

21
misrepresentations to, or withheld information from U.S. EPA are preempted by federal law.

22
*See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*

23
*Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

24

9.      Plaintiff's claims against Bayer Corporation are barred, in whole or in part,

25
because the products at issue were not defective or unreasonably dangerous in that they complied

26
with, at all relevant times, all applicable government safety standards.

27
28

10.     Plaintiff's claims against Bayer Corporation are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

11.     Plaintiff's claims against Bayer Corporation are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

12.     Plaintiff's claims against Bayer Corporation are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

13.     Plaintiff's claims against Bayer Corporation are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

14.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Bayer Corporation in whole or in part.

15.     All or part of plaintiff's claims against Bayer Corporation are barred by the applicable statutes of limitations, statutes of repose, jurisdictional time limits, or any other limitations on the period of time within which to file suit, whether in this or any other state.

16.     Plaintiff may not recover on the claims against Bayer Corporation pleaded in the Complaint because the damages sought are too speculative and remote.

17.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims against Bayer Corporation in whole or in part.

18.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Bayer Corporation is neither liable nor responsible or, in the alternative, Bayer Corporation is entitled

- 18 -

to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bayer Corporation.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

19.      Bayer Corporation had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

20.      Bayer Corporation made no warranties of any kind or any representations of any nature whatsoever to plaintiff.  If any such warranties were made, which Bayer Corporation specifically denies, then plaintiff failed to give notice of any breach thereof.

21.      Plaintiff's claims against Bayer Corporation are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

22.      Plaintiff's claims for exemplary damages against Bayer Corporation are barred because such an award would violate Bayer Corporation's due process, equal protection and other rights under the United States Constitution, the Florida Constitution, and/or other applicable state constitutions.

23.      Plaintiff's claims for exemplary damages against Bayer Corporation are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Florida law, and/or other applicable state laws.

24.      Plaintiff's claims for exemplary damages against Bayer Corporation are barred and/or limited by operation of state and/or federal law, including Florida law.

25.      Plaintiff's strict liability claims against Bayer Corporation are barred, in whole or in part, because Michigan does not recognize a cause of action for strict liability in tort.

26.      Plaintiff's claims against Bayer Corporation are barred in whole or in part by the contributory/comparative negligence of plaintiff.  Alternatively, any judgment entered in favor of

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-02550-VC

plaintiff should be reduced by an amount commensurate with plaintiff's relative degree of fault in causing the alleged injuries and damages.

27.     Plaintiff's claims against Bayer Corporation are barred in whole or in part by plaintiff's failure to mitigate damages.

28.     Plaintiff's claims against Bayer Corporation are barred in whole or in part by the sophisticated user doctrine.

29.     In the event that plaintiff receives a settlement from any party or non-party for the injuries described in the Complaint, Bayer Corporation is entitled to a full set-off for the amount of each such settlement.

30.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

31.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bayer Corporation product.

32.     Plaintiff has failed to allege fraud with sufficient particularity.

33.     Plaintiff's claims against Bayer Corporation are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

34.     Plaintiff's claims against Bayer Corporation are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

35.     Plaintiff's claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

36.     To the extent that plaintiff recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Fla. Stat. § 768.76.

37.     In accordance with Fla. Stat. § 768.1257, plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with

proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

38.    Plaintiff's injuries, if any, were caused, in whole or in part, by the acts or omissions of persons other than Bayer Corporation, whether individual, corporate, associate, or otherwise, whether named or unnamed in the Complaint, and for whose conduct Bayer Corporation is not liable. Bayer Corporation is not liable for damages proximately caused by non-parties, pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), including any other product used by plaintiff that was not manufactured, sold, or distributed by Bayer Corporation.

39.    Bayer Corporation hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Bayer Corporation demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Bayer Corporation demands a jury trial on all issues so triable.

DATED: July 30, 2021.                              Respectfully submitted,

                                                   SHOOK, HARDY & BACON L.L.P.

                                                   BY: */s/ Jennise W. Stubbs*
                                                        Jennise W. Stubbs
                                                        600 Travis Street, Suite 3400
                                                        Houston, TX 77002-2926
                                                        Telephone:   (713) 227-8008
                                                        Facsimile:   (713) 227-9508
                                                        Email:       jstubbs@shb.com

                                                   *Attorneys for Defendant*
                                                   *Bayer Corporation*

- 21 -
BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-02550-VC

1

## <u>CERTIFICATE OF SERVICE</u>

2

3

I certify that on the 30th day of July, 2021, I electronically transmitted the foregoing **BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

4

5

6

*/s/Jennise W. Stubbs*
Jennise W. Stubbs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28