1   **WILKINSON STEKLOFF LLP**
    Brian L. Stekloff (*pro hac vice*)
2   (bstekloff@wilkinsonstekloff.com)
    Rakesh Kilaru (*pro hac vice*)
3   (rkilaru@wilkinsonstekloff.com)
    2001 M St. NW
4   10th Floor
    Washington, DC 20036
5   Tel:  202-847-4030
    Fax: 202-847-4005
6

7   **HOLLINGSWORTH LLP**
8   Eric G. Lasker (*pro hac vice*)
    (elasker@hollingsworthllp.com)
9   1350 I St. NW
    Washington, DC 20005
10  Tel:  202-898-5843
    Fax: 202-682-1639
11

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel:  202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel:  415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 2392339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310 -576-2200

12

13

14  *Attorneys for Defendant Monsanto Company*

15              **UNITED STATES DISTRICT COURT**

16             **NORTHERN DISTRICT OF CALIFORNIA**

17  IN RE: ROUNDUP PRODUCTS              MDL No. 2741
    LIABILITY LITIGATION,
18                                       Case No. 3:16-md-02741-VC

19  *Donnie Leon Powell v. Monsanto Co.*, 3:20-cv-    **MONSANTO COMPANY'S NOTICE OF**
    05623-VC                             **MOTION AND MOTION FOR SUMMARY**
20                                       **JUDGMENT ON CAUSATION GROUNDS**

21                                       **Hearing:**
                                         Date:   September 9, 2021
22                                       Time:  2:00 p.m.
                                         Place:  Courtroom 4
23

24

25

26

27

28

MONSANTO'S MOTION FOR SUMMARY JUDGMENT

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 9, 2021, at 2:00 pm in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will move this Court for an order, pursuant to Federal Rule of Civil Procedure 56(c), entering judgment in its favor and against Wave 3 Plaintiff Donnie Leon Powell ("Plaintiff"), on the grounds that there is no genuine issue of material fact as to any claim for relief brought by the Plaintiff, and Monsanto is entitled to summary judgment.

Dated:  July 30, 2021                              Respectfully submitted,

                                                  /s/ Jed P. White
                                                  Jed P. White
                                                  Attorneys for Defendant Monsanto Company

MONSANTO'S MOTION FOR SUMMARY JUDGMENT

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2    "Products liability cases are quintessentially expert cases, and failure to designate experts

3  almost always leads to summary judgment." *Martinez v. Ethicon Inc.*, No. 7:19-cv-00164, 2020 U.S.

4  Dist. LEXIS 77635, *4-5 (S.D. Tex. May 1, 2020).

5    To prevail on any of his claims, Plaintiff Donnie Leon Powell must prove that Roundup was

6  the proximate cause of his non-Hodgkin's lymphoma ("NHL").  Whether Roundup—a chemical

7  compound—is defective, can cause cancer generally, and whether it actually did cause Plaintiff's

8  NHL specifically, are specialized issues for which expert testimony is required.  Plaintiff failed to

9  disclose any expert reports regarding causation, which were due June 29, 2021.  Without expert

10 testimony to prove causation, none of Plaintiff's claims may proceed.

11

**BACKGROUND**

12    Plaintiff is an 83-year old resident of Texas who alleges that his exposure to Monsanto's

13 Roundup® herbicide caused him to develop NHL.  Plaintiff was diagnosed with NHL in September

14 2016.  *See* Complaint (ECF 1-1) ¶ 6.  Plaintiff seeks to hold Monsanto responsible for his cancer,

15 asserting seven claims: (1) strict liability – design defect; (2) strict liability – failure to warn; (3)

16 negligence; (4) fraud/misrepresentation/suppression (5) breach of express warranty; (6) breach of

17 implied warranty of merchantability; and (7) violation of the Magnuson-Moss Warrant Act.  The

18 lynchpin of Plaintiff's claims is that glyphosate—the active-ingredient in Roundup—caused his

19 NHL and that Monsanto should have included cancer warnings on those products.  *See* Complaint

20 (ECF 1-1) ¶¶ 9, 84.

21    On December 9, 2020, this MDL Court required all Wave 3 plaintiffs to submit expert

22 reports no later than June 29, 2021 ("Wave 3 Scheduling Order").  *See* Order Granting Joint Request

23 for Revised Schedule for Wave 3 Cases and Addition of Cases to Wave 3 as Modified (ECF

24 #12197).  The expert discovery required by this Order must be accompanied by written reports

25 signed by the experts and must contain "a complete statement of all opinions the witnesses will

26 express and the basis and reasons for them," among other information.  Fed. R. Civ. P.

27 26(a)(2)(B)(i).

28

1    Plaintiff failed to serve any expert reports.  Instead, on July 9, 2021, ten days after expert

2   reports were due, Plaintiff served an expert "disclosure" which merely identified Dr. Charles

3   Benbrook as an individual who will testify at trial.  (Declaration of K. Lee Marshall ("Marshall

4   Decl."), ¶ 3.)  Plaintiff did not include any expert report from Dr. Benbrook (or any other expert).

5   In the disclosure, Plaintiff states that he "incorporates by reference, all prior expert reports,

6   deposition, trial, and hearing testimony in all Roundup litigation cases." (*Id*.)

7    Setting aside that Plaintiff's expert disclosure is untimely and deficient under Federal Rule

8   of Procedure 26(a)(2), it still does not identify any expert regarding causation, let alone include an

9   expert report regarding causation.  Dr. Benbrook is an agricultural economist, who has testified

10   regarding the history of the EPA's regulatory framework for herbicides. (Marshall Decl., ¶ 4.) Dr.

11   Benbrook is not a scientist or doctor regarding general or specific causation—he is a historian.  (*Id*.)

12   To date, Plaintiff has not served any expert report containing case-specific evidence of a causal link

13   between Roundup and Plaintiff's NHL.  (Marshall Decl., ¶ 5.)

### SUMMARY JUDGMENT STANDARD

15    Summary judgment is appropriate when there is "no genuine dispute as to any material fact

16   and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is

17   material when it could affect the outcome of the case, and a dispute about a material fact is genuine

18   "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

19   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Once the moving party has met its

20   burden, the nonmoving party must come forward with evidence to show there is a genuine issue for

21   trial. *In re Korean Ramen Antitrust Litig.*, 281 F. Supp. 3d 892, 899 (N.D. Cal. 2017).  A "complete

22   failure of proof concerning an essential element of the nonmoving party's case" warrants summary

23   judgment and "necessarily renders all other facts immaterial."  *Celotex Corp. v. Catrett*, 477 U.S.

24   317, 323 (1986).

**ARGUMENT**

**I.      SUMMARY JUDGMENT IS REQUIRED BECAUSE PLAINTIFF LACKS THE REQUIRED ADMISSIBLE EXPERT TESTIMONY ON CAUSATION**

"Whether expert testimony is necessary to prove a matter or theory is a question of law." *Martinez v. Medical Depot, Inc.*, 434 F. Supp. 3d 537, 556 (S.D. Tex. 2020).[1]  "Under Texas law, expert testimony is generally encouraged if not required to establish a products liability claim." *Martinez v. Ethicon Inc.*, 2020 U.S. Dist. LEXIS 77635, *5 (S.D. Tex. May 1, 2020).  Thus, "failure to designate experts almost always leads to summary judgment" in a products liability case.  *Id.*  For expert testimony to not be required in a products liability case, the product itself "must be relatively uncomplicated, and the implications . . . such that a layman could readily grasp them."  *Id.* (citing *Stewart v. Capital Safety USA*, 867 F.3d 517, 521 (5th Cir. 2017)).  "For the most part, the 'Supreme Court of Texas has consistently required expert testimony and objective proof to support a jury finding that a product defect caused the plaintiff's condition.'"  *Id.* (quoting *Martinez v. Med. Depot, Inc.*, 434 F. Supp. 3d at 556); *see also Fitzgerald v. Manning*, 679 F.2d 341, 350 (4th Cir. 1982) ("expert testimony is usually necessary to support the conclusion as to causation" where the cause of the alleged injury is "'determinable only in the light of scientific knowledge'").

Here, Plaintiff alleges that he was exposed to Roundup, and that as a result of his exposure he was diagnosed with NHL in June 2020.  *See* Complaint (ECF 1-1) ¶ 9.  NHL is a highly diverse group of blood cancers classified into more than 60 distinct subtypes and is the seventh most common cancer.  The cause of most NHL cases is not known.[2]  "With cancer the question of causation is especially troublesome . . . it is frequently difficult to determine the nature and cause of a particular cancerous growth." *Jones v. Ortho Pharm. Corp.*, 163 Cal. App. 3d 396, 403 (1985).  As a result, "the unknown and mysterious etiology of cancer is beyond the experience of laymen

---

[1]      The parties have stipulated to application of Texas substantive law.  (ECF # 12).

[2]      *See generally* NIH, Cancer Stat Facts: Non-Hodgkin Lymphoma, https://seer.cancer.gov/ statfacts/html/nhl.html; NIH, Adult NHL Treatment, https://www.cancer.gov/types/ lymphoma/patient/adult-nhl-treatment-pdq#section/all; Leukemia & Lymphoma Society, NHL, https://www.lls.org/lymphoma/non-hodgkinlymphoma?src1=20045&src2=.

MONSANTO'S MOTION FOR SUMMARY JUDGMENT

1   and can only be explained through expert testimony." *Id*. Thus, as a matter of Texas law, the "causal

2   link" between Plaintiff's alleged injury and Roundup is simply "beyond the jury's common

3   understanding." *Kallassy v. Cirrus Design Corp.*, No. 3:04-CV-0727, 2006 U.S. Dist. LEXIS 34347,

4   *17-18 (N.D. Tex. May 30, 2006), aff'd, 265 F. App'x 165 (5th Cir. 2008).

5          Plaintiff's deadline to disclose expert reports was June 29, 2021.  To date, Plaintiff has not

6   disclosed a single expert report regarding causation.  Plaintiff had ample time and opportunity to

7   satisfy his expert disclosure obligations under Rule 26(a)(2) and the Wave 3 Scheduling Order.  And

8   honoring strict deadlines in an MDL is particularly important.  *See Allen v. Bayer Corp. (In re:*

9   *Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1222 (9th Cir. 2006) (affirming

10  dismissal of cases in MDL for failure to comply with case management orders because "multidistrict

11  litigation is different because of the large number of cases that must be coordinated, its greater

12  complexity, and the court's statutory charge to promote the just and efficient conduct of the

13  actions").

14         As a result, Plaintiff cannot prove causation—an essential element of each of Plaintiff's

15  claims.  Plaintiff's strict liability design defect and failure to warn claims require such expert

16  causation proof. *Sims v. Kia Motors, Inc.*, 839 F.3d 393, 409 (5th Cir. 2016) (Texas law) ("expert

17  testimony is crucial in establishing that the alleged design defect caused the injury"); *Ackermann v.*

18  *Wyeth Pharm.*, 526 F.3d 203, 208 (5th Cir. 2008) (in Texas, a failure to warn claim requires a

19  showing that "the failure to warn was a producing cause of the injury"); *Gerber v. Hoffman-La*

20  *Roche Inc.*, 392 F. Supp. 2d 907, 922 (S.D. Tex. 2005) (manufacturing defect claim requires proof

21  that "the defect was the producing cause of the plaintiff's injuries").

22         Lack of causation proof also defeats Plaintiff's negligence claim. *Gerber*, 392 F. Supp. 2d

23  at 923 (holding that where judgment was proper as to strict liability claims of failure to warn, design

24  defect, and manufacturing defect, judgment was also proper as to negligence claims related to the

25  same); *see also Horak v. Pullman, Inc.*, 764 F.2d 1092, 1095 (5th Cir. 1985) ("Whether applying

26  the law of strict liability or negligence, Texas law requires that the defect or the negligent actions

27  must be a producing cause and proximate cause" of the alleged injury.).

28

1    Plaintiff's claims for fraud, breach of express and implied warranty, and Magnuson-Moss

2  Warrant Act also require proof of case-specific causation as they are all merely re-stated failure to

3  warn claims. *Emerson v. Johnson & Johnson*, 2019 WL 764660, *3 (S.D. Tex. Jan. 22, 2019)

4  ("[w]here breach of warranty and fraud claims are functionally identical to strict liability and

5  negligence-based product liability claims, the breach of warranty and fraud claims are properly

6  disposed of along with the strict liability and negligence-based product liability claims when the

7  plaintiff fails to produce expert testimony on causation.").

8    All of Plaintiff's claims require proof that Monsanto's product caused Plaintiff's alleged

9  injury.  Without any evidence of case specific causation, Monsanto is entitled to summary judgment

10 on all of Plaintiff's claims.  *See e.g., Martinez v. Ethicon Inc.*, 2020 U.S. Dist. LEXIS 77635, *4-5

11 (S.D. Tex. May 1, 2020) (granting MSJ on all of plaintiffs' claims due to plaintiff's failure to

12 designate experts); *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 196¬197 (4th Cir. 2001)

13 (affirming dismissal of product liability claims where appellant "had no admissible medical

14 evidence indicating that [defendant's] device was the proximate cause of his injuries"); *Jones v.*

15 *Danek Med., Inc.*, No. Civ. A. 4:96-3323-12, 1999 WL 1133272, at *5 (D.S.C. Oct. 12, 1999)

16 ("There being no expert testimony regarding causation, summary judgment is granted on the

17 products liability allegations.").

18                                      **CONCLUSION**

19    For the foregoing reasons, Monsanto is entitled to summary judgment on Plaintiff's claims.

20

21 Dated:  July 30, 2021                     Respectfully submitted,

22
                                            */s/ Jed P. White*
23                                          Jed P. White
                                            Attorneys for Defendant Monsanto Company
24

25

26

27

28

MONSANTO'S MOTION FOR SUMMARY JUDGMENT