**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:   202-847-4030
Fax:   202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 2392339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310 -576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| *Silvia Solis v. Monsanto Co.*, 3:20-cv-07391 | **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS**<br><br>**Hearing:**<br>Date:   September 9, 2021<br>Time:  2:00 p.m.<br>Place:  Courtroom 4 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 9, 2021, at 2:00 pm in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will move this Court for an order, pursuant to Federal Rule of Civil Procedure 56(c), entering judgment in its favor and against Wave 3 Plaintiff Nick Manuel Griego, as Independent Executor of the Estate of Sylvia Lillian Solis ("Plaintiff"), on the grounds that there is no genuine issue of material fact as to any claim for relief brought by the Plaintiff, and Monsanto is entitled to summary judgment.

Dated:  July 30, 2021                             Respectfully submitted,

                                                  /s/ Jed P. White
                                                  Jed P. White
                                                  Attorneys for Defendant Monsanto Company

**MEMORANDUM OF POINTS AND AUTHORITIES**

"Products liability cases are quintessentially expert cases, and failure to designate experts almost always leads to summary judgment." *Martinez v. Ethicon Inc.*, No. 7:19-cv-00164, 2020 U.S. Dist. LEXIS 77635, *4-5 (S.D. Tex. May 1, 2020).

To prevail on any of his claims, Plaintiff must prove that Roundup was the proximate cause of Sylvia Solis's cancer. Whether Roundup—a chemical compound—is defective, can cause cancer generally, and whether it actually did cause Sylvia Solis's cancer specifically, are specialized issues for which expert testimony is required. Plaintiff failed to disclose any expert witnesses or reports, which were due June 29, 2021. Without expert testimony to prove causation, none of Plaintiff's claims may proceed.

**BACKGROUND**

In a threadbare complaint, Plaintiff alleges that on August 24, 2018, in San Antonio, Bexar County, Texas, Sylvia Solis "became ill and ultimately died from Leukemia from direct exposure to ROUND UP/MONSANTO COMPANY products as a Migrant Farm Worker/Rancher." *See* Complaint (ECF 1-1) ¶ 7. Plaintiff does not allege when Sylvia Solis was diagnosed with Leukemia or when she was allegedly exposed to Monsanto products. Plaintiff asserts causes of action for "wrongful death" and "survival." The complaint also has bookmarked references to negligence and violation of the Texas Wrongful Death Act, but no elements or facts are included for those claims. *See* Complaint (ECF 1-1) ¶ 12.

On December 9, 2020, this MDL Court set pretrial deadlines that applied to Plaintiff's Wave 3 case, including (1) a December 23, 2020 deadline for submission of a Plaintiff Fact Sheet, and (2) a June 29, 2021 deadline to submit expert reports ("Wave 3 Scheduling Order"). *See* Order Granting Joint Request for Revised Schedule for Wave 3 Cases and Addition of Cases to Wave 3 as Modified (ECF #12197). The expert discovery required by the Wave 3 Scheduling Order must be accompanied by written reports signed by the experts and must contain "a complete statement of all opinions the witnesses will express and the basis and reasons for them," among other information. Fed. R. Civ. P. 26(a)(2)(B)(i).

To date, Plaintiff has not complied with any of these deadlines set forth in the Wave 3 Scheduling Order. Since filing his Complaint in September 2020, Plaintiff has not produced any discovery. Plaintiff has not produced a Plaintiff Fact Sheet or provided an expert report. Plaintiff has also not responded to requests for a deposition. In fact, Plaintiff, who is appearing in pro per, has not responded to any of Monsanto's requests for information or discovery. (Declaration of K. Lee Marshall ("Marshall Decl."), ¶ 3.)[1]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when it could affect the outcome of the case, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the moving party has met its burden, the nonmoving party must come forward with evidence to show there is a genuine issue for trial. *In re Korean Ramen Antitrust Litig.*, 281 F. Supp. 3d 892, 899 (N.D. Cal. 2017). A "complete failure of proof concerning an essential element of the nonmoving party's case" warrants summary judgment and "necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## ARGUMENT

### I. SUMMARY JUDGMENT IS REQUIRED BECAUSE PLAINTIFF LACKS THE REQUIRED ADMISSIBLE EXPERT TESTIMONY ON CAUSATION

"Whether expert testimony is necessary to prove a matter or theory is a question of law." *Martinez v. Medical Depot, Inc.*, 434 F. Supp. 3d 537, 556 (S.D. Tex. 2020).[2] "Under Texas law,

---

[1] In February 2021, Monsanto filed a Motion to Dismiss for Failure to Submit Plaintiff Fact Sheet, to which Plaintiff did not respond. *See* ECF Nos. 6, 7. That motion remains pending and unopposed.

[2] Texas substantive law applies because it is the transferor forum. *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007) (for cases, "filed in, or removed to, federal courts across the country and transferred to the MDL court by the Judicial Panel on Multidistrict Litigation," … "the MDL court must apply the law of the transferor forum, that is, the law of the state in which the action was filed, including the transferor forum's choice-of-law rules") citing *Ferens v. John Deere Co.*, 494 U.S. 516, 524, 110 S. Ct. 1274, 108 L. Ed. 2d 443 (1990).

expert testimony is generally encouraged if not required to establish a products liability claim." *Martinez v. Ethicon Inc.*, 2020 U.S. Dist. LEXIS 77635, *5 (S.D. Tex. May 1, 2020). Thus, "failure to designate experts almost always leads to summary judgment" in a products liability case. *Id.* For expert testimony to not be required in a products liability case, the product itself "must be relatively uncomplicated, and the implications . . . such that a layman could readily grasp them." *Id.* (citing *Stewart v. Capital Safety USA*, 867 F.3d 517, 521 (5th Cir. 2017)). "For the most part, the 'Supreme Court of Texas has consistently required expert testimony and objective proof to support a jury finding that a product defect caused the plaintiff's condition.'" *Id*. (quoting *Martinez v. Med. Depot, Inc.*, 434 F. Supp. 3d at 556); *see also Fitzgerald v. Manning*, 679 F.2d 341, 350 (4th Cir. 1982) ("expert testimony is usually necessary to support the conclusion as to causation" where the cause of the alleged injury is "'determinable only in the light of scientific knowledge'").

Here, Plaintiff alleges that Sylvia Solis was exposed to Roundup, and that as a result of her exposure she died from Leukemia in August 2018. *See* Complaint (ECF 1-1) ¶ 9. "With cancer the question of causation is especially troublesome . . . it is frequently difficult to determine the nature and cause of a particular cancerous growth." *Jones v. Ortho Pharm. Corp.*, 163 Cal. App. 3d 396, 403 (1985). As a result, "the unknown and mysterious etiology of cancer is beyond the experience of laymen and can only be explained through expert testimony." *Id*. Thus, as a matter of law, the "causal link" between Plaintiff's alleged injury and Roundup is simply "beyond the jury's common understanding." *Kallassy v. Cirrus Design Corp.*, No. 3:04-CV-0727, 2006 U.S. Dist. LEXIS 34347, *17-18 (N.D. Tex. May 30, 2006), aff'd, 265 F. App'x 165 (5th Cir. 2008).

Plaintiff's deadline to disclose expert witnesses and reports was June 29, 2021. To date, Plaintiff has not disclosed a single expert witness or report regarding causation (or even submitted a Plaintiff Fact Sheet). Plaintiff had ample time and opportunity to satisfy his expert disclosure obligations under Rule 26(a)(2) and his discovery obligations under the Wave 3 Scheduling Order. And honoring strict deadlines in an MDL is particularly important. *See Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1222 (affirming dismissal of cases in MDL for failure to comply with case management orders because "multidistrict litigation is

different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions").

As a result, Plaintiff cannot prove causation—an essential element of each of Plaintiff's claims. *Sims v. Kia Motors, Inc.*, 839 F.3d 393, 409 (5th Cir. 2016) (Texas law) ("expert testimony is crucial in establishing that the alleged design defect caused the injury"); *Ackermann v. Wyeth Pharm.*, 526 F.3d 203, 208 (5th Cir. 2008) (in Texas, a failure to warn claim requires a showing that "the failure to warn was a producing cause of the injury"); *Gerber v. Hoffman-La Roche Inc.*, 392 F. Supp. 2d 907, 922 (S.D. Tex. 2005) (manufacturing defect claim requires proof that "the defect was the producing cause of the plaintiff's injuries").

To the extent that Plaintiff asserts a negligence claim, that too requires proof of causation. *Gerber*, 392 F. Supp. 2d at 923 (holding that where judgment was proper as to strict liability claims of failure to warn, design defect, and manufacturing defect, judgment was also proper as to negligence claims related to the same); *see also Horak v. Pullman, Inc.*, 764 F.2d 1092, 1095 (5th Cir. 1985) ("Whether applying the law of strict liability or negligence, Texas law requires that the defect or the negligent actions must be a producing cause and proximate cause" of the alleged injury.).

All of Plaintiff's claims require proof that Monsanto's product caused Plaintiff's alleged injury. Without any evidence of causation, Monsanto is entitled to summary judgment on all of Plaintiff's claims.[3]  *See e.g., Martinez v. Ethicon Inc.*, 2020 U.S. Dist. LEXIS 77635, *4-5 (S.D. Tex. May 1, 2020) (granting MSJ on all of plaintiffs' claims due to plaintiff's failure to designate experts); *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 196¬197 (4th Cir. 2001) (affirming dismissal of product liability claims where appellant "had no admissible medical evidence indicating that [defendant's] device was the proximate cause of his injuries"); *Jones v. Danek Med., Inc.*, No. Civ. A. 4:96-3323-12, 1999 WL 1133272, at *5 (D.S.C. Oct. 12, 1999) ("There being no expert testimony regarding causation, summary judgment is granted on the products liability allegations.").

---

[3] Alternatively, the Court should dismiss all of Plaintiff's claims pursuant to Rule 41(b) because Plaintiff has done nothing to prosecute the claims since filing the Complaint in September 2020. *See* Fed. R. Civ. P. 41(b) (providing that dismissal may be appropriate "[i]f the plaintiff fails to prosecute or to comply with [the Federal] rules or a court order").

## **CONCLUSION**

For the foregoing reasons, Monsanto is entitled to summary judgment on Plaintiff's claims.

Dated: July 30, 2021          Respectfully submitted,

*/s/ Jed P. White*
Jed P. White
Attorneys for Defendant Monsanto Company