**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:   (713) 227-8008
Facsimile:   (713) 227-9508
Email:        jstubbs@shb.com

*Attorneys for Defendant*
*Bayer Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br>*Rob Bundy v. Monsanto Co. et al.*,<br>Case No. 3:20-cv-06345-VC | |

## BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Bayer Corporation ("Bayer Corporation"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Rob Bundy's Complaint (the "Complaint"), except as set forth below. Bayer Corporation denies – and objects to – allegations by plaintiff that purport to lump Bayer Corporation together with another defendant. Bayer Corporation also denies – and objects to – allegations by plaintiff that refer to Roundup®-branded herbicides as "BAYER/MONSANTO" products. Bayer Corporation responds to this Complaint only on behalf of Bayer Corporation and not on behalf of any other defendant. Silence as to any allegations shall constitute a denial.

1.   In response to the allegations in the first sentence of paragraph 1, Bayer Corporation admits that plaintiff purports to bring an action for damages allegedly related to

1  exposure to Roundup®-branded products but denies any liability to plaintiff. The remaining
2  allegations in paragraph 1 set forth conclusions of law for which no response is required.
3       2.    The allegations in paragraph 2 set forth conclusions of law for which no response
4  is required.
5       3.    For purposes of this answer, Bayer Corporation accepts the allegations regarding
6  Florida residency in paragraph 3. Bayer Corporation lacks information or knowledge sufficient
7  to form a belief as to the truth of the remaining allegation in paragraph 3 and therefore denies
8  that allegation.
9       4.    In response to the allegations in the first sentence of paragraph 4, Bayer
10 Corporation admits that it is authorized to do business in Florida. The remaining allegations in
11 the first sentence of paragraph 4 set forth conclusions of law for which no response is required or
12 consist of attorney characterizations and are accordingly denied. Bayer Corporation denies the
13 remaining allegations in paragraph 4.
14      5.    Bayer Corporation denies the allegations in paragraph 5.
15      6.    Bayer Corporation denies the allegations in paragraph 6.
16      7.    Bayer Corporation lacks information or knowledge sufficient to form a belief as
17 to the truth of the allegations in paragraph 7 that plaintiff used or was exposed to Roundup®-
18 branded products and therefore denies those allegations. Bayer Corporation denies the remaining
19 allegations in paragraph 7.
20      8.    Bayer Corporation lacks information or knowledge sufficient to form a belief as
21 to the truth of the allegations in paragraph 8 and therefore denies those allegations.
22      9.    Bayer Corporation denies the allegations in paragraph 9.
23      10.    Bayer Corporation denies the allegations in paragraph 10.
24      11.    Bayer Corporation denies the allegations in paragraph 11.
25      12.    Bayer Corporation denies the allegations in paragraph 12.
26      13.    In response to the allegations in paragraph 13, Bayer Corporation denies that any
27 exposure to Roundup®-branded products can cause NHL and other serious illnesses and denies
28

that exposure to Roundup®-branded herbicides caused plaintiff's alleged cancer. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 and therefore denies those allegations.

14. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies those allegations.

15. In response to the allegations in paragraph 15, Bayer Corporation denies that exposure to Roundup®-branded herbicides caused plaintiff's alleged cancer. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore denies those allegations.

16. Bayer Corporation incorporates by reference its responses to paragraphs 1 through 15 in response to paragraph 16 of plaintiff's Complaint.

17. Bayer Corporation denies the allegations in paragraph 17.

18. Bayer Corporation denies the allegations in paragraph 18.

19. Bayer Corporation denies the allegations in paragraph 19.

20. In response to the allegations in paragraph 20, Bayer Corporation denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs or any other relief whatsoever. Bayer Corporation denies the remaining allegations in paragraph 20, including each of its subparts.

21. Bayer Corporation denies the allegations in paragraph 21.

In response to the "WHEREFORE" paragraph following paragraph 21, Bayer Corporation demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

22. Bayer Corporation incorporates by reference its responses to paragraphs 1 through 21 in response to paragraph 22 of plaintiff's Complaint.

23. Bayer Corporation denies the allegations in paragraph 23.

24. Bayer Corporation denies the allegations in paragraph 24.

25. Bayer Corporation denies the allegations in paragraph 25.

26. Bayer Corporation denies the allegations in paragraph 26.

27. Bayer Corporation denies the allegations in paragraph 27.

28. Bayer Corporation denies the allegations in paragraph 28.

In response to the "WHEREFORE" paragraph following paragraph 28, Bayer Corporation demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies those allegations.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Bayer Corporation upon which relief can be granted.

2. Plaintiff's claims against Bayer Corporation are barred for lack of personal jurisdiction.

3. Plaintiff's claims against Bayer Corporation are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4. Any alleged negligent or culpable conduct of Bayer Corporation, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

5. Plaintiff's claims against Bayer Corporation are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper

warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6. Plaintiff's claims against Bayer Corporation are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7. Any claims based on allegations that Bayer Corporation misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco,* 275 F.3d 1199 (9th Cir. 2002).

8. Plaintiff's claims against Bayer Corporation are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9. Plaintiff's claims against Bayer Corporation are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10. Plaintiff's claims against Bayer Corporation are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11. Plaintiff's claims against Bayer Corporation are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

12. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Bayer Corporation in whole or in part.

13. Applicable statutes of limitations and/or repose bar plaintiff's claims against Bayer Corporation in whole or in part.

14. Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims against Bayer Corporation in whole or in part.

15. If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Bayer Corporation is neither liable nor responsible or, in the alternative, Bayer Corporation is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bayer Corporation. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

16. Bayer Corporation had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

17. Plaintiff's claims against Bayer Corporation are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18. Plaintiff's claims against Bayer Corporation for punitive damages are barred because such an award would violate Bayer Corporation's due process, equal protection and other rights under the United States Constitution, the Florida Constitution, and/or other applicable state constitutions.

19. Plaintiff's claims against Bayer Corporation for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Florida law and/or other applicable state laws.

20. Plaintiff's claims against Bayer Corporation for punitive damages are barred and/or limited by operation of state and/or federal law, including Fla. Stat. § 768.73. Bayer Corporation would further show that under the facts of this case, however, an award of punitive damages consistent with the maximum awards permitted under Fla. Stat. § 768.73 would be a violation of Bayer Corporation's state and federal constitutional rights.

21. Plaintiff's claims against Bayer Corporation are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22. Plaintiff's claims against Bayer Corporation are barred in whole or in part by plaintiff's own failure to mitigate damages.

23. Plaintiff's claims against Bayer Corporation are barred in whole or in part by the sophisticated user doctrine.

24. To the extent that plaintiff recovered payments for his alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Fla. Stat. § 768.76.

25. If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Bayer Corporation product.

26. Plaintiffs' claims against Bayer Corporation are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27. Plaintiff's claims against Bayer Corporation are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiffs' claims.

28. Plaintiff's claims against Bayer Corporation are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

29. In accordance with Fla. Stat. § 768.1257, plaintiff's claims against Bayer Corporation are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

30. Plaintiff's injuries, if any, were caused, in whole or in part, by the acts or omissions of persons other than Bayer Corporation, whether individual, corporate, associate, or otherwise, whether named or unnamed in the Complaint, and for whose conduct Bayer Corporation is not liable. Bayer Corporation is not liable for damages proximately caused by non-parties, pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), including any and all employers of plaintiff and any other product used by plaintiff that was not manufactured, sold, or distributed by Bayer Corporation.

31. Bayer Corporation hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Bayer Corporation demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Bayer Corporation demands a jury trial on all issues so triable.

DATED: August 3, 2021.                    Respectfully submitted,

                                                SHOOK, HARDY & BACON L.L.P.

                                                BY: */s/ Jennise W. Stubbs*
                                                        Jennise W. Stubbs
                                                        600 Travis Street, Suite 3400
                                                        Houston, TX 77002-2926
                                                        Telephone:   (713) 227-8008
                                                        Facsimile:    (713) 227-9508
                                                        Email:           jstubbs@shb.com

                                                *Attorneys for Defendant*
                                                *Bayer Corporation*

## CERTIFICATE OF SERVICE

I certify that on the 3rd day of August, 2021, I electronically transmitted the foregoing **BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

                                                */s/Jennise W. Stubbs*
                                                Jennise W. Stubbs