**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:      (713) 227-8008
Facsimile:      (713) 227-9508
Email:          jstubbs@shb.com

*Attorneys for Defendant*
*Bayer Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Monique Christy et al. v. Monsanto Co. et al.,*<br>Case No. 3:19-cv-03969-VC | |

**BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Bayer Corporation, by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint ("Complaint"), except as set forth below. Plaintiffs' Complaint refers to a defendant "Bayer" and describes "Bayer" as a German corporation with its principal place of business in Missouri. The Complaint does not reference "Bayer Corporation." Accordingly, it is unclear whether plaintiffs intended to name Bayer Corporation – an Indiana corporation with its principal place of business in New Jersey – as a defendant in this lawsuit. Without conceding that it a proper defendant in this matter, Bayer Corporation files this answer in an abundance of caution because the Complaint was served upon Bayer Corporation.  Bayer Corporation denies – and objects to – allegations by plaintiffs that

- 1 -

purport to lump Bayer Corporation together with another defendant. Bayer Corporation responds to this Complaint only on behalf of Bayer Corporation and not on behalf of any other defendant. Silence as to any allegations shall constitute a denial.

1.     The allegations in paragraph 1 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

2.     The allegations in paragraph 2 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

3.     Bayer Corporation denies the allegations in paragraph 3.

4.     The allegations in paragraph 4 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

5.     The allegations in paragraph 5 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

6.     The allegations in paragraph 6 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.  To the extent a response is deemed required, Bayer Corporation admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs and denies the remaining allegations paragraph 6.

7.     Bayer Corporation denies the allegations in paragraph 7.

8.     Bayer Corporation denies the allegations in paragraph 8.

9.     Bayer Corporation denies the allegations in paragraph 9.

10.     Bayer Corporation denies the allegations in paragraph 10.

The allegations in the un-numbered paragraph under the section titled "III. JURISDICTION" involve parties not named in this lawsuit and set forth conclusions of law, so no response from Bayer Corporation is required for these allegations.

The allegations in the first sentence of the un-numbered paragraph under the section titled "IV. VENUE" set forth conclusions of law for which no response is required. In response to the allegations in the last sentence of un-numbered paragraph, under the section titled IV. VENUE,

Bayer Corporation denies certain events giving rise to plaintiffs' claims and Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

Bayer Corporation denies the allegations in the un-numbered paragraph under the section titled "V. ROUNDUP USED BY WHITNEY JOSEPH CHRISTY."

1.      Bayer Corporation denies the allegations in the Complaint's second-numbered paragraph 1.

2.      The allegations in the Complaint's second-numbered paragraph 2 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

3.      Bayer Corporation denies the allegations in the Complaint's second-numbered paragraph 3.

4.      Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's second-numbered paragraph 4 regarding plaintiffs' and/or decedent's alleged purchase and/or use of Roundup®-branded products and therefore denies those allegations.   Bayer Corporation denies the remaining allegations in the Complaint's second-numbered paragraph 4.

5.      In response to the allegations in the Complaint's second-numbered paragraph 5, Bayer Corporation denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human health.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the Complaint's second-numbered paragraph 5 and therefore denies those allegations.

6.      Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's second-numbered paragraph 6 and therefore denies those allegations.

BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:19-cv-03969-VC

7. Bayer Corporation denies the allegations in the Complaint's second-numbered paragraph 7.

8. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's second-numbered paragraph 8 and therefore denies those allegations.

9. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's second-numbered paragraph 9 and therefore denies those allegations.

10. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the Complaint's second-numbered paragraph 10 and therefore denies those allegations.

11. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies those allegations.

12. In response to the allegations in the second sentence of paragraph 12, Bayer Corporation denies that it made the referenced "representation." Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the Complaint's second-numbered paragraph 12 and therefore denies those allegations.

13. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14. Bayer Corporation denies the allegations in paragraph 14 regarding false statements on labeling for Roundup®-branded products. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore denies those allegations.

15. Bayer Corporation denies the allegations in paragraph 15 regarding false statements on labeling for Roundup®-branded products. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore denies those allegations.

16.     Bayer Corporation denies the allegations in paragraph 16.

17.     Bayer Corporation denies the allegations in paragraph 17.

18.     Bayer Corporation denies the allegations in paragraph 18.

19.     Bayer Corporation denies the allegations in the first sentence of paragraph 19. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies those allegations.

20.     The allegations in paragraph 20 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

21.     Bayer Corporation denies the allegations in paragraph 21.

22.     Bayer Corporation denies the allegations in paragraph 22.

23.     Bayer Corporation denies the allegations in paragraph 23.

24.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies those allegations.

25.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies those allegations.

26.     Bayer Corporation denies the allegations in paragraph 26.

27.     To the extent that the allegations in paragraph 27 suggest that glyphosate causes cancer or other serious adverse effects in humans and animals, Bayer Corporation denies such allegations. The remaining allegations in paragraph 27 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

28.     The allegations in paragraph 28 set forth conclusions of law for which no response is required.

29.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 29 and therefore denies those allegations. The remaining allegations in paragraph 29 set forth conclusions of law for which no response is required.

BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:19-cv-03969-VC

30.     The allegations in paragraph 30 set forth conclusions of law for which no response is required.

31.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies those allegations.

32.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies those allegations.

33.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies those allegations.

34.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies those allegations.

35.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies those allegations.

36.     Bayer Corporation denies the allegations in paragraph 36.

37.     Bayer Corporation denies the allegations in paragraph 37.

38.     Bayer Corporation denies the allegations in paragraph 38.

39.     Bayer Corporation denies the allegations in paragraph 39.

40.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies those allegations. The remaining allegations in paragraph 40 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

41.     The allegations in paragraph 41 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

42.     The allegations in paragraph 42 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

43.     The allegations in paragraph 43 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:19-cv-03969-VC

44. The allegations in paragraph 44 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

45. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies those allegations.

46. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies those allegations.

47. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies those allegations.

48. Bayer Corporation states that the term "toxic" as used in paragraph 48 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Bayer Corporation otherwise lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies those allegations.

49. In response to the allegations in paragraph 49, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that a response is deemed required, Bayer Corporation denies the allegations in paragraph 49.

50. In response to the allegations in paragraph 50, Bayer Corporation states that the referenced documents speak for themselves and do not require a response. To the extent that paragraph 50 characterizes the meaning of the referenced studies, Bayer Corporation denies the allegations in paragraph 50.

51. In response to the allegations in paragraph 51, Bayer Corporation states that the referenced documents speak for themselves and do not require a response. To the extent that paragraph 51 characterizes the meaning of the referenced studies, Bayer Corporation denies the allegations in paragraph 51.

52. Bayer Corporation denies the allegations in paragraph 52.

53. Bayer Corporation denies the allegations in paragraph 53.

54. In response to the allegations in paragraph 54, Bayer Corporation admits that the IARC working group classified glyphosate under Group 2A. The remaining allegations in

paragraph 54 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

55.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 55 and therefore denies those allegations.   In response to the allegations in the second sentence of paragraph 55, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 55 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 56 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 57 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 58 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 58.

59.     Bayer Corporation denies the allegations in paragraph 59.

60.     Bayer Corporation denies the allegations in paragraph 60.

61.     Bayer Corporation denies the allegations in paragraph 61.

62.     Bayer Corporation denies the allegations in paragraph 62.

63.     Bayer Corporation denies the allegations in paragraph 63.

64.     Bayer Corporation denies the allegations in paragraph 64.

65.     Bayer Corporation denies the allegations in paragraph 65.

66.    Bayer Corporation denies the allegations in paragraph 66.

67.    Bayer Corporation denies the allegations in paragraph 67.

68.    Bayer Corporation denies the allegations in paragraph 68.

69.    Bayer Corporation denies the allegations in paragraph 69.

70.    Bayer Corporation denies the allegations in paragraph 70.

71.    In response to the allegations in paragraph 71, Bayer Corporation admits that plaintiffs purport to bring an action for compensatory damages but denies any liability to plaintiffs. Bayer Corporation denies the remaining allegations in paragraph 71.

72.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore denies those allegations.

73.    Bayer Corporation denies the allegations in paragraph 73.

74.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore denies those allegations.

75.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 75 and therefore denies those allegations.

76.    Bayer Corporation denies the allegations in paragraph 76.

77.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through 76 in response to paragraph 77 of plaintiffs' Complaint.

78.    Bayer Corporation denies the allegations in paragraph 78.

79.    Bayer Corporation denies the allegations in paragraph 79.

80.    Bayer Corporation denies the allegations in paragraph 80.

81.    Bayer Corporation denies that exposure to Roundup®-branded products and glyphosate exposed decedent to risk of his alleged cancer and denies the remaining allegations in paragraph 81.

82.    Bayer Corporation denies the allegations in paragraph 82.

83.    The allegations in paragraph 83 set forth conclusions of law for which no response is required.

84.     Bayer Corporation denies the allegations in paragraph 84.

85.     In response to the allegations in paragraph 85, Bayer Corporation denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.

86.     In response to the allegations in paragraph 86, Bayer Corporation denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer. The remaining allegations in paragraph 86 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

87.     Bayer Corporation denies the allegations in paragraph 87.

88.     Bayer Corporation denies the allegations in paragraph 88.

89.     The allegations in paragraph 89 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

90.     Bayer Corporation incorporates by reference its responses to paragraphs 1 through 89 in response to paragraph 90 of plaintiffs' Complaint.

91.     The allegations in paragraph 91 set forth conclusions of law for which no response is required.

92.     Bayer Corporation denies the allegations in paragraph 92.

93.     Bayer Corporation denies the allegations in paragraph 93.

94.     Bayer Corporation denies the allegations in paragraph 94.

95.     Bayer Corporation denies the allegations in paragraph 95, including each of its subparts.

96.     Bayer Corporation denies the allegations in paragraph 96.

1       97.     Bayer Corporation denies the allegations in paragraph 97.

2       98.     Bayer Corporation denies the allegations in paragraph 98, including each of its

3 subparts.

4       99.     Bayer Corporation denies the allegations in paragraph 99.

5      100.    Bayer Corporation denies the allegations in paragraph 100.

6      101.    Bayer Corporation denies the allegations in paragraph 101.

7      102.    Bayer Corporation denies the allegations in paragraph 102.

8      103.    Bayer Corporation denies the allegations in paragraph 103.

9      104.    Bayer Corporation denies the allegations in paragraph 104.

10      105.    Bayer Corporation denies the allegations in paragraph 105.

11      106.    Bayer Corporation denies the allegations in paragraph 106.

12      107.    Bayer Corporation denies the allegations in paragraph 107.

13      108.    Bayer Corporation lacks information or knowledge sufficient to form a belief as

14 to the truth of the allegations regarding decedent's use history in paragraph 108 and therefore

15 denies those allegations. Bayer Corporation denies the remaining allegations in paragraph 108.

16      109.    The allegations in paragraph 109 set forth conclusions of law for which no

17 response is required.

18      110.    Bayer Corporation denies the allegations in paragraph 110.

19      111.    Bayer Corporation denies the allegations in paragraph 111.

20      112.    Bayer Corporation denies the allegations in paragraph 112.

21      113.    Bayer Corporation denies the allegations in paragraph 113.

22      114.    In response to the allegations in the first sentence of paragraph 114, Bayer

23 Corporation demands that judgment be entered in its favor and against plaintiffs; that plaintiffs'

24 Complaint be dismissed, with prejudice; and that Bayer Corporation be awarded costs of suit and

25 reasonable attorney's fees as allowed by law and such further and additional relief as this Court

26 may deem just and proper. The allegation in the last sentence of paragraph 114 sets forth a

27 conclusion of law for which no response is required.

28

115.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through 114 in response to paragraph 115 of plaintiffs' Complaint.

116.    Bayer Corporation denies the allegations in paragraph 116.

117.    Bayer Corporation denies the allegations in paragraph 117.

118.    Bayer Corporation denies the allegations in paragraph 118.

119.    Bayer Corporation denies the allegations in paragraph 119.

120.    The allegations in paragraph 120 regarding implied warranties set forth conclusions of law for which no response is required.  Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 120 regarding plaintiffs' and/or other entity's reliance and therefore denies those allegations.

121.    Bayer Corporation denies the allegations in paragraph 121.

122.    Bayer Corporation denies the allegations in paragraph 122.

123.    Bayer Corporation denies the allegations in paragraph 123.

124.    Bayer Corporation denies the allegations in paragraph 124.

125.    In response to the allegations in the first sentence of paragraph 125, Bayer Corporation demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The allegation in the last sentence of paragraph 125 sets forth a conclusion of law for which no response is required.

126.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through 125 in response to paragraph 126 of plaintiffs' Complaint.

127.    Bayer Corporation denies the allegations in paragraph 127.

128.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through 127 in response to paragraph 128 of plaintiffs' Complaint.

129.    The allegations in paragraph 129 set forth conclusions of law for which no response is required.

BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:19-cv-03969-VC

130. Bayer Corporation denies the allegations in paragraph 130.

131. Bayer Corporation denies the allegations in paragraph 131.

132. Bayer Corporation denies the allegations in paragraph 132.

133. Bayer Corporation denies that exposure to Roundup®-branded products and glyphosate exposed decedent to risk of his alleged cancer and denies the remaining allegations in paragraph 133.

134. The allegations in paragraph 134 set forth conclusions of law for which no response is required.

135. In response to the allegations in paragraph 135, Bayer Corporation denies that it engaged in the "the unfair and deceptive trade practices" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.

136. In response to the allegations in paragraph 136, Bayer Corporation denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer. The allegations in paragraph 136 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

137. Bayer Corporation denies the allegations in paragraph 137.

138. Bayer Corporation denies the allegations in paragraph 138.

139. The allegations in paragraph 139 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

140. Bayer Corporation denies the allegations in paragraph 140.

141. Bayer Corporation denies the allegations in paragraph 141.

1    142.    Bayer Corporation denies the allegations in paragraph 142.

2    143.    The allegations in paragraph 143 set forth conclusions of law for which no

3    response is required.

4    144.    Bayer Corporation denies the allegations in paragraph 144.

5    145.    Bayer Corporation denies the allegations in paragraph 145.

6    146.    Bayer Corporation denies the allegations in paragraph 146.

7    147.    Bayer Corporation denies the allegations in paragraph 147.

8    148.    In response to the allegations in the first sentence of paragraph 148, Bayer

9    Corporation demands that judgment be entered in its favor and against plaintiffs; that plaintiffs'

10   Complaint be dismissed, with prejudice; and that Bayer Corporation be awarded costs of suit and

11   reasonable attorney's fees as allowed by law and such further and additional relief as this Court

12   may deem just and proper. The allegation in the last sentence of paragraph 148 sets forth a

13   conclusion of law for which no response is required.

14   Bayer Corporation denies the allegations in the un-numbered paragraph following

15   paragraph 148.

16   149.    Bayer Corporation lacks information or knowledge sufficient to form a belief as

17   to the truth of the allegations regarding plaintiffs' and/or decedent's alleged purchase and/or use

18   of Roundup®-branded products in paragraph 149 and therefore denies those allegations.  Bayer

19   Corporation denies the remaining allegations in paragraph 149.

20   150.    In response to the allegations in paragraph 150, Bayer Corporation denies that

21   there is any risk of serious illness associated with the use of and/or exposure to Roundup®-

22   branded products and glyphosate and denies that Roundup®-branded products or glyphosate are

23   injurious to human health.

24   151.    Bayer Corporation lacks information or knowledge sufficient to form a belief as

25   to the truth of the allegations in paragraph 151 and therefore denies those allegations.

26   152.    Bayer Corporation denies the allegations in paragraph 152 that decedent's death

27   was "wrongful" and denies that any injuries alleged in the Complaint, including the injuries and

28

death of decedent, were caused by Roundup®-branded products. The remaining allegations in paragraph 152 set forth conclusions of law for which no response is required.

153.    Bayer Corporation denies the allegations in paragraph 153.

154.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 154 and therefore denies those allegations.

155.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 155 and therefore denies those allegations.

156.    Bayer Corporation denies the allegations in paragraph 156 that decedent's death was "wrongful" and denies that any injuries alleged in the Complaint, including the injuries and death of decedent, were caused by Roundup®-branded products. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 156 and therefore denies those allegations.

157.    Bayer Corporation denies the allegations in paragraph 157.

158.    In response to the allegations in the first sentence of paragraph 158, Bayer Corporation demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The allegation in the last sentence of paragraph 158 sets forth a conclusion of law for which no response is required.

159.    In response to the allegations in paragraph 159, Bayer Corporation denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

160.    The allegations in paragraph 160 set forth conclusions of law for which no response is required.

161.    The allegations in paragraph 161 set forth conclusions of law for which no response is required.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or part, fails to state a claim or cause of action against Bayer Corporation upon which relief can be granted.

2.      Plaintiffs' claims against Bayer Corporation are barred for lack of personal jurisdiction

3.      Plaintiffs' claims against Bayer Corporation are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.      Venue may be inconvenient and has been improperly alleged.

5.      Any alleged negligent or culpable conduct of Bayer Corporation, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

6.      Plaintiffs' claims against Bayer Corporation are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.      Any claims based on allegations that Bayer Corporation misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

8.      Plaintiffs' claims against Bayer Corporation are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

- 16 -

9.      Plaintiffs' claims against Bayer Corporation are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

10.     Plaintiffs' claims against Bayer Corporation are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.     Plaintiffs' claims against Bayer Corporation are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12.     Plaintiffs' claims against Bayer Corporation are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiff, decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Bayer Corporation in whole or in part.

14.     All or part of plaintiffs' claims against Bayer Corporation are barred by the applicable statutes of limitations, statutes of repose, jurisdictional time limits, or any other limitations on the period of time within which to file suit, whether in this or any other state.

15.     Plaintiffs may not recover on the claims against Bayer Corporation pleaded in the Complaint because the damages sought are too speculative and remote.

16.     Plaintiffs' and/or decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims against Bayer Corporation in whole or in part.

17.     If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from:   (a) acts or omissions of persons or entities for which Bayer Corporation is neither liable nor responsible or, in the alternative, Bayer Corporation is entitled

to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bayer Corporation.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

18.   Bayer Corporation had no legal relationship or privity with plaintiffs and/or decedent and owed no duty to them by which liability could be attributed to it.

19.   Bayer Corporation made no warranties of any kind or any representations of any nature whatsoever to plaintiffs and/or decedent.  If any such warranties were made, which Bayer Corporation specifically denies, then plaintiffs and/or decedents failed to give notice of any breach thereof.

20.   Plaintiffs' claims against Bayer Corporation are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

21.   Plaintiffs' claims for exemplary damages against Bayer Corporation are barred because such an award would violate Bayer Corporation's due process, equal protection and other rights under the United States Constitution, the Florida Constitution, and/or other applicable state constitutions.

22.   Plaintiffs' claims for exemplary damages against Bayer Corporation are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Florida law, and/or other applicable state laws.

23.   Plaintiffs' claims for exemplary damages against Bayer Corporation are barred and/or limited by operation of state and/or federal law, including Florida law.

24.   Plaintiffs' claims against Bayer Corporation are barred in whole or in part by the contributory/comparative negligence of plaintiffs and/or decedent.  Alternatively, any judgment entered in favor of plaintiffs should be reduced by an amount commensurate with plaintiffs' and/or decedent's relative degree of fault in causing the alleged injuries and damages.

25.     Plaintiffs' claims against Bayer Corporation are barred in whole or in part by plaintiffs' failure to mitigate damages.

26.     Plaintiffs' claims against Bayer Corporation are barred in whole or in part by the sophisticated user doctrine.

27.     In the event that plaintiffs receive a settlement from any party or non-party for the injuries described in the Complaint, Bayer Corporation is entitled to a full set-off for the amount of each such settlement.

28.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs receives from collateral sources.

29.     If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bayer Corporation product.

30.     Plaintiffs have failed to allege fraud with sufficient particularity.

31.     Plaintiffs' claims against Bayer Corporation are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

32.     Plaintiffs' claims against Bayer Corporation are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

33.     Plaintiffs' claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

34.     To the extent that plaintiffs recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Fla. Stat. § 768.76.

35.     In accordance with Fla. Stat. § 768.1257, plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

36.     Plaintiffs' injuries, if any, were caused, in whole or in part, by the acts or omissions of persons other than Bayer Corporation, whether individual, corporate, associate, or otherwise, whether named or unnamed in the Complaint, and for whose conduct Bayer Corporation is not liable.  Bayer Corporation is not liable for damages proximately caused by non-parties, pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), including any other product used by plaintiffs and/or decedent that was not manufactured, sold, or distributed by Bayer Corporation.

37.     Bayer Corporation hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Bayer Corporation demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Bayer Corporation demands a jury trial on all issues so triable.

DATED: August 4, 2021.                              Respectfully submitted,

                                              SHOOK, HARDY & BACON L.L.P.

                                              BY: */s/Jennise W. Stubbs*
                                                    Jennise W. Stubbs
                                                    600 Travis Street, Suite 3400
                                                    Houston, TX 77002-2926
                                                    Telephone:   (713) 227-8008
                                                    Facsimile:    (713) 227-9508
                                                    Email:         jstubbs@shb.com

                                              *Attorneys for Defendant*
                                              *Bayer Corporation*

## CERTIFICATE OF SERVICE

I certify that on the 4th day of August, 2021, I electronically transmitted the foregoing **BAYER CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs