**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel:  202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 2392339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100
Fax: 310 -576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, <br><br> *Juan and Delia Garza v. Monsanto Co.*, 3:20-cv-06988-VC | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC <br><br> **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS** <br><br> **Hearing:** <br> Date:   September 23, 2021 <br> Time:  2:00 p.m. <br> Place:  Courtroom 4 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 23, 2021, at 2:00 pm in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will move this Court for an order, pursuant to Federal Rule of Civil Procedure 56(c), entering judgment in its favor and against Wave 3 Plaintiffs Juan Garza and Delia Garza ("Plaintiffs"), on the grounds that there is no genuine issue of material fact as to any claim for relief brought by the Plaintiffs, and Monsanto is entitled to summary judgment.

Dated: August 5, 2021                    Respectfully submitted,

                                         */s/ Jed P. White*
                                         Jed P. White
                                         Attorneys for Defendant Monsanto Company

**MEMORANDUM OF POINTS AND AUTHORITIES**

"Products liability cases are quintessentially expert cases, and failure to designate experts almost always leads to summary judgment." *Martinez v. Ethicon Inc.*, No. 7:19-cv-00164, 2020 U.S. Dist. LEXIS 77635, *4-5 (S.D. Tex. May 1, 2020).

To prevail on any of their claims, Plaintiffs Juan Garza and Delia Garza ("Plaintiffs") must prove that Roundup was the proximate cause of Mr. Garza's cancer. Whether Roundup—a chemical compound—is defective, can cause cancer generally, and whether it actually did cause Mr. Garza's cancer specifically, are specialized issues for which expert testimony is required. Plaintiffs failed to disclose any expert reports regarding causation, which were due July 29, 2021, per extension. Without expert testimony to prove causation, none of Plaintiffs' claims may proceed.

**BACKGROUND**

Plaintiffs are residents of Texas who allege that Mr. Garza's exposure to Monsanto's Roundup® herbicide caused him to develop cancer. *See* Complaint (ECF 1-1) ¶ 12. Plaintiff Juan Garza was diagnosed with Acute Lymphoblastic Leukemia in April 2017. *See* Complaint (ECF 1-1) ¶ 114. Plaintiffs seek to hold Monsanto responsible for Mr. Garza's cancer, asserting three claims: (1) negligence; (2) strict liability; and (3) breach of implied warranty. The lynchpin of Plaintiffs' claims is that glyphosate—the active-ingredient in Roundup—caused Mr. Garza's cancer and that Monsanto should have included cancer warnings on those products. *See* Complaint (ECF 1-1) ¶¶ 9-14, 21.

On December 9, 2020, this MDL Court required all Wave 3 plaintiffs to submit expert reports no later than June 29, 2021 ("Wave 3 Scheduling Order"). *See* Order Granting Joint Request for Revised Schedule for Wave 3 Cases and Addition of Cases to Wave 3 as Modified (ECF #12197). The expert discovery required by this Order must be accompanied by written reports signed by the experts and must contain "a complete statement of all opinions the witnesses will express and the basis and reasons for them," among other information. Fed. R. Civ. P. 26(a)(2)(B)(i). On July 2, 2021, Plaintiffs filed a motion to extend time to file expert reports by 30 days, until July 29, 2021. (MDL EFC #13244; Individ. ECF #10.) Monsanto did not oppose the motion. The Court granted Plaintiff's motion for extension on August 5, 2021. (ECF #11.)

Plaintiffs did not submit an expert report by the original deadline or by the extended date of July 29, 2021. To date, Plaintiffs have not served any expert reports. (Declaration of Jed White ("White Decl."), ¶ 3.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when it could affect the outcome of the case, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the moving party has met its burden, the nonmoving party must come forward with evidence to show there is a genuine issue for trial. *In re Korean Ramen Antitrust Litig.*, 281 F. Supp. 3d 892, 899 (N.D. Cal. 2017). A "complete failure of proof concerning an essential element of the nonmoving party's case" warrants summary judgment and "necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## ARGUMENT

### I. SUMMARY JUDGMENT IS REQUIRED BECAUSE PLAINTIFF LACKS THE REQUIRED ADMISSIBLE EXPERT TESTIMONY ON CAUSATION

"Whether expert testimony is necessary to prove a matter or theory is a question of law." *Martinez v. Medical Depot, Inc.*, 434 F. Supp. 3d 537, 556 (S.D. Tex. 2020).[1] "Under Texas law, expert testimony is generally encouraged if not required to establish a products liability claim." *Martinez v. Ethicon Inc.*, 2020 U.S. Dist. LEXIS 77635, *5 (S.D. Tex. May 1, 2020). Thus, "failure to designate experts almost always leads to summary judgment" in a products liability case. *Id.* For expert testimony to not be required in a products liability case, the product itself "must be relatively uncomplicated, and the implications . . . such that a layman could readily grasp them." *Id.* (citing

---

[1] Texas substantive law applies because it is the transferor forum. *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007) (for cases, "filed in, or removed to, federal courts across the country and transferred to the MDL court by the Judicial Panel on Multidistrict Litigation," … "the MDL court must apply the law of the transferor forum, that is, the law of the state in which the action was filed, including the transferor forum's choice-of-law rules") citing *Ferens v. John Deere Co.*, 494 U.S. 516, 524, 110 S. Ct. 1274, 108 L. Ed. 2d 443 (1990).

*Stewart v. Capital Safety USA*, 867 F.3d 517, 521 (5th Cir. 2017)). "For the most part, the 'Supreme Court of Texas has consistently required expert testimony and objective proof to support a jury finding that a product defect caused the plaintiff's condition.'" *Id*. (quoting *Martinez v. Med. Depot, Inc.*, 434 F. Supp. 3d at 556); *see also Fitzgerald v. Manning*, 679 F.2d 341, 350 (4th Cir. 1982) ("expert testimony is usually necessary to support the conclusion as to causation" where the cause of the alleged injury is "'determinable only in the light of scientific knowledge'").

Here, Plaintiffs alleges that Mr. Garza was exposed to Roundup, and that as a result of his exposure he was diagnosed with Leukemia in April 2017. *See* Complaint (ECF 1-1) ¶ 114. "With cancer the question of causation is especially troublesome . . . it is frequently difficult to determine the nature and cause of a particular cancerous growth." *Jones v. Ortho Pharm. Corp.*, 163 Cal. App. 3d 396, 403 (1985). As a result, "the unknown and mysterious etiology of cancer is beyond the experience of laymen and can only be explained through expert testimony." *Id*. Thus, as a matter of Texas law, the "causal link" between Plaintiff's alleged injury and Roundup is simply "beyond the jury's common understanding." *Kallassy v. Cirrus Design Corp.*, No. 3:04-CV-0727, 2006 U.S. Dist. LEXIS 34347, *17-18 (N.D. Tex. May 30, 2006), aff'd, 265 F. App'x 165 (5th Cir. 2008).

Plaintiffs' deadline to disclose expert reports was July 29, 2021, per extension. (ECF #11.) To date, Plaintiffs have not disclosed a single expert report regarding causation. Plaintiffs had ample time and opportunity to satisfy their expert disclosure obligations under Rule 26(a)(2) and the Wave 3 Scheduling Order. And honoring strict deadlines in an MDL is particularly important. *See Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1222 (9th Cir. 2006) (affirming dismissal of cases in MDL for failure to comply with case management orders because "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions").

As a result, Plaintiffs cannot prove causation—an essential element of each of Plaintiffs' claims. Plaintiffs' strict liability design defect and failure to warn claims require such expert causation proof. *Sims v. Kia Motors, Inc.*, 839 F.3d 393, 409 (5th Cir. 2016) (Texas law) ("expert testimony is crucial in establishing that the alleged design defect caused the injury"); *Ackermann v.*

*Wyeth Pharm.*, 526 F.3d 203, 208 (5th Cir. 2008) (in Texas, a failure to warn claim requires a showing that "the failure to warn was a producing cause of the injury"); *Gerber v. Hoffman-La Roche Inc.*, 392 F. Supp. 2d 907, 922 (S.D. Tex. 2005) (manufacturing defect claim requires proof that "the defect was the producing cause of the plaintiff's injuries").

Lack of causation proof also defeats Plaintiffs' negligence claim. *Gerber*, 392 F. Supp. 2d at 923 (holding that where judgment was proper as to strict liability claims of failure to warn, design defect, and manufacturing defect, judgment was also proper as to negligence claims related to the same); *see also Horak v. Pullman, Inc.*, 764 F.2d 1092, 1095 (5th Cir. 1985) ("Whether applying the law of strict liability or negligence, Texas law requires that the defect or the negligent actions must be a producing cause and proximate cause" of the alleged injury.).

Plaintiffs' claim for breach of implied warranty also requires proof of case-specific causation as it is merely re-stated failure to warn claims. *Emerson v. Johnson & Johnson*, 2019 WL 764660, *3 (S.D. Tex. Jan. 22, 2019) ("[w]here breach of warranty and fraud claims are functionally identical to strict liability and negligence-based product liability claims, the breach of warranty and fraud claims are properly disposed of along with the strict liability and negligence-based product liability claims when the plaintiff fails to produce expert testimony on causation.").

All of Plaintiffs' claims require proof that Monsanto's product caused Mr. Garza's alleged injury. Without any evidence of case specific causation, Monsanto is entitled to summary judgment on all of Plaintiffs' claims. *See e.g., Martinez v. Ethicon Inc.*, 2020 U.S. Dist. LEXIS 77635, *4-5 (S.D. Tex. May 1, 2020) (granting MSJ on all of plaintiffs' claims due to plaintiff's failure to designate experts); *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 196¬197 (4th Cir. 2001) (affirming dismissal of product liability claims where appellant "had no admissible medical evidence indicating that [defendant's] device was the proximate cause of his injuries"); *Jones v. Danek Med., Inc.*, No. Civ. A. 4:96-3323-12, 1999 WL 1133272, at *5 (D.S.C. Oct. 12, 1999) ("There being no expert testimony regarding causation, summary judgment is granted on the products liability allegations.").

///

///

# CONCLUSION

For the foregoing reasons, Monsanto is entitled to summary judgment on Plaintiffs' claims.

Dated: August 5, 2021  	Respectfully submitted,

	/s/ Jed P. White
	Jed P. White
	Attorneys for Defendant Monsanto Company