UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION                                                                 MDL No. 2741


### TRANSFER ORDER

**Before the Panel**:*  Plaintiff in the Southern District of Florida *Salas* action moves under Panel Rule 7.1 to vacate our order that conditionally transferred *Salas* to the Northern District of California for inclusion in MDL No. 2471.  Defendant Monsanto Company opposes the motion.

In support of her motion to vacate, plaintiff argues that federal subject matter jurisdiction over *Salas* is lacking, and that her pending motion for remand to state court should be decided before transfer.  We are not persuaded by these arguments.  The Panel has held that such jurisdictional objections generally do not present an impediment to transfer.[1]  *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").

Therefore, after considering the parties' arguments, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 2741, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  In our order centralizing this litigation, we held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions arising out of allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes non-Hodgkin's lymphoma.  *See In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016).  Like the cases already in the MDL, plaintiff in *Salas* alleges that she suffers from non-Hodgkin's lymphoma caused by use and exposure to Roundup herbicide.

---

* Judge David C. Norton did not participate in the decision of this matter.

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

- 2 -

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vince Chhabria for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | Roger T. Benitez |
| Dale A. Kimball | |

**IN RE: ROUNDUP PRODUCTS**
**LIABILITY LITIGATION** MDL No. 2741

## SCHEDULE A

<u>Southern District of Florida</u>

SALAS v. MONSANTO COMPANY, ET AL., C.A. No. 1:21-21217