Adrian N. Roe (*pro hac vice*)
Roe & Simon LLC
428 Boulevard of the Allies
First Floor
Pittsburgh, PA 15219
412-434-8187
aroe@roeandsimonllc.com

Counsel for Plaintiffs David Schaffner, Jr.,
and Theresa Sue Schaffner

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ROUNDUP PRODUCTS LIABILITY LITIGATION ) ) ) ) ) This document relates to: ) ) *David Schaffner, Jr. et al. v. Monsanto Co.,* ) Case No. 3:19-cv-07526-VC ) ) ) | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |

### SCHAFFNER PLAINTIFFS'
### ADMINISTRATIVE MOTION FOR LEAVE TO SERVE
### REBUTTAL EXPERT DISCLOSURE AND ADJUST CASE
### MANAGEMENT SCHEDULE

Plaintiffs David Schaffner, Jr. and Theresa Sue Schaffner, by their undersigned counsel, respectfully move for leave to serve a rebuttal expert disclosure as to Dr. William Sawyer. Plaintiffs further move the Court to adjust the case management schedule slightly to allow time for the preparation of an expert report by Dr. Sawyer specifically addressing the circumstances of Plaintiff Schaffner and the subsequent taking of Dr. Sawyer's deposition if noticed by Monsanto.

1. Plaintiff David Schaffner has testified that he handled large amounts of Roundup concentrate and diluted Roundup spray prior to contracting cancer.

2.   Plaintiff timely served expert disclosures adopting the general causation experts designated by Plaintiffs' Coordinating Counsel and further designating both a specific medical causation expert and a pathology expert.

3.   On August 6, 2021, Monsanto designated Dr. John H. Murphy and served a report by Dr. Murphy together with three other expert reports specifically addressing Mr. Schaffner's claims.  The report of Dr. Murphy expresses a professional opinion that Mr. Schaffner's exposure to Roundup was minimal.

4.   On August 16, 2021, Plaintiff requested that Monsanto consent to service of a rebuttal report by Dr. Sawyer and the adjustment of the case management schedule to give Monsanto one week beyond the cut-off for expert discovery to depose Dr. Sawyer.  Monsanto rejected the request.  On the same day, Monsanto proposed dates for Dr. Murphy's deposition, to include September 10, 2021 -- two days after the expiration of the period for Wave III expert discovery.

5.   Under the general rule stated in Fed. R. Civ. P. 26(a)(2)(D)(ii), a rebuttal expert disclosure is timely if served "within 30 days after the other party's disclosure."  Thus, under the general rule, Plaintiff should have until September 7, 2021, to designate Dr. Sawyer as a rebuttal expert.

6.   The Court has previously granted leave for the service of a rebuttal report by Dr. Sawyer in virtually identical circumstances.  Pretrial Order No. 189.

7.   Monsanto will suffer no prejudice if the Court grants this motion.  As noted above, Monsanto itself has suggested expert discovery might be conducted after the present September 8 cut-off applicable to Wave III cases.  Plaintiff has no objection if Monsanto wishes to request a further modification of the *Daubert* or summary judgment schedule to accommodate

the service of Dr. Sawyer's rebuttal report.  In any event, the requested modification is minor and will have no material impact on Monsanto.

                                                  Respectfully submitted,

Dated:  August 16, 2021                  s/Adrian N. Roe

*Appearing Pro Hac Vice Per Pretrial Order No. 1*

Pa. Bar No. 61391
Roe & Simon LLC
428 Boulevard of the Allies
First Floor
Pittsburgh, PA
412-434-8187
aroe@roeandsimonllc.com

**CERTIFICATE OF SERVICE**

I certify that, on this 16th day of August 2021, I filed the foregoing Administrative Motion with the Clerk of Courts by means of the Court's electronic filing system, which will send notification of this filing to all counsel of record in this proceeding.

s/Adrian N. Roe