Paul R. Kiesel (CA SBN 119854)
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel: 310-854-4444
Fax: 310-854-0812
kiesel@kiesel.law

Alexander G. Dwyer
Andrew F. Kirkendall
Erin M. Wood
**KIRKENDALL DWYER LLP**
4343 Sigma Rd, Suite 200
Dallas, TX  75244
Tel: 214-271-4027
Fax: 214-253-0629
ad@kirkendalldwyer.com
ak@kirkendalldwyer.com
ewood@kirkendalldwyer.com

Karen Barth Menzies (CA SBN 180234)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA  94612
Tel: (510) 350-9700
Fax: (510) 350-9701
kbm@classlawgroup.com

Fletcher V. Trammell
Melissa Binstock Ephron
**TRAMMELL, PC**
3262 Westheimer Rd., Ste. 423
Houston, TX 77098
Tel: (800) 405-1740
Fax: (800) 532-0992
fletch@trammellpc.com
melissa@trammellpc.com

*Attorneys for Plaintiff Donald Miller*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Miller, et al. v. Monsanto, et al.,*<br>Case No. 3:21-cv-04219-VC | Case No. 3:16-md-02741-VC<br>MDL 2741<br><br>**PLAINTIFF DONALD MILLER'S NOTICE OF MOTION AND MOTION TO REINSTATE PREFERENTIAL TRIAL SETTING**<br><br>Hearing date: September 23, 2021<br>Time: 2:00 p.m. |

**ALL PARTIES AND THEIR COUNSELS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 23, at 2:00 p.m., or soon thereafter as the matter can be heard in the San Francisco Court House, Courtroom 4 of the 17th floor, the Honorable Vince Chhabria presiding, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Donald Miller ("Plaintiff" or "Mr. Miller") will move and hereby does respectfully move this Court for an Order reinstating Plaintiff's motion for trial preference previously granted by the Honorable Winifred Smith of Alameda County, CA pursuant to Cal. Code. Civ. Proc. section 36 subsection(a) and Cal. R. Ct. 3.1335.

Plaintiff's Motion to Reinstate Trial Preference is based on 28 U.S.C. section 1657 and Rule 16 under the Federal Rules of Civil Procedure and supported by the accompanying Memorandum of Points and Authorities, the Declaration of Dr. Spencer Bachow, M.D., the Declaration of Donald Miller, and the exhibits appended thereto, and such further evidence and argument as the Court may consider at the time of hearing of this Motion.

Dated: August 19, 2021                                   Respectfully submitted,

By: _____
Fletcher V. Trammell
Melissa Binstock Ephron
TRAMMELL, PC
3262 Westheimer Rd., Ste. 423
Houston, TX 77098
Tel: (800) 405-1740
Fax: (800) 532-0992
fletch@trammellpc.com
melissa@trammellpc.com

Paul R. Kiesel
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910

Tel: 310-854-4444
Fax: 310-854-0812
kiesel@kiesel.law

Karen Barth Menzies
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
kbm@classlawgroup.com

Alexander G. Dwyer
Andrew F. Kirkendall
Erin M. Wood
KIRKENDALL DWYER LLP
4343 Sigma Rd, Suite 200
Dallas, TX 75244
Tel: 214-271-4027
Fax: 214-253-0629
ad@kirkendalldwyer.com
ak@kirkendalldwyer.com
ewood@kirkendalldwyer.com

*Attorneys for Plaintiff*

**MEMORANADUM OF POINTS AND AUTHORITIES**

Plaintiff Donald Miller ("Plaintiff" or "Mr. Miller") hereby submits this Memorandum of Points and Authorities and respectfully requests for this Honorable Court to reinstate the preferential trial setting previously granted by the Honorable Winifred Smith in the Roundup JCCP.

**FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Miller was diagnosed with Stage IV non-Hodgkin lymphoma ("NHL") after using Monsanto's Roundup product for over four decades. Mr. Miller commenced this action against Defendants Monsanto Company, Wilbur-Ellis, and Van's Ace Hardware ("Defendants") on November 2, 2020.[1] The *Miller* case was originally filed in San Francisco County but was subsequently coordinated into the Roundup JCCP in Alameda County before the Honorable Winifred Smith on February 5, 2021.[2]

On February 9, 2021, counsel for Mr. Miller filed a motion for a preferential trial setting pursuant to California Code of Civil Procedure section 36 subsection(a) due to Mr. Miller's advanced age and poor health.[3] After considering the evidence and argument of counsel, Judge Smith granted Plaintiff's motion on March 15, 2021.[4]

On June 3, 2021, Defendants filed a notice of removal, removing Plaintiff's case to this Honorable Court based on diversity jurisdiction. Plaintiff does not contest the removal but, instead, seeks to have this Court reinstate the preferential trial setting already granted by Judge Smith.

---

[1] Declaration of Fletcher Trammell ("Trammell Decl."), Ex. 1, Donald Miller Complaint, at p. 1.

[2] Trammell Decl., Ex. 2, Order on Petition to Coordinate, at p. 1.

[3] *See generally*, Trammell Decl., Ex. 3, Plaintiff Donald Miller's Motion for Trial Preference.

[4] *See generally*, Trammell Decl., Ex. 4, Order Granting Plaintiff Donald Miller's Motion for Trial Preference.

Plaintiff Donald Miller's Notice of Motion and Motion to Reinstate Preferential Trial Setting

Further, Plaintiff hereby waives *Lexecon* rights and respectfully requests for this Honorable Court to try the *Miller* case.

## ARGUMENT

**I.     This Court should Reinstate Plaintiff's Preferential Trial Setting Pursuant to 28 U.S.C. Section 1657 and Rule 16 Under the Federal Rules of Civil Procedure.**

California Code of Civil Procedure section ("CCP") 36 subsection (a) provides that a party to a civil action, seventy years of age or older, may petition the court to grant trial preference. The provision states that the court shall grant the motion if the following two conditions are met:

> (1) The party has substantial interest in the action as a whole; and
> (2) The health of the party is such that a preference is necessary to prevent prejudicing the party's interest in the litigation.

*CCP* § 36(a). While *CCP* 36 is a state statutory provision, the spirit of *CCP* 36 is embodied in 28 U.S.C. section 1657 and Federal Rule of Civil Procedure ("FRCP") 16, which allow a district court ample latitude in arranging its docket expediating certain cases to trial.

28 *U.S.C.* section 1657 subsection (a) provides that "each court of the United States shall determine the order in which civil actions are heard and determined." Further, *FRCP* 16 allows district courts considerable discretion in managing their dockets and holds that the court may order attorneys to appear for pretrial conferences for the purpose of "expediating disposition of the action." *FRCP* 16(a).

In *Wakefield v. Global Financial Private Capital, LLC*, the district court agreed that 28 *U.S.C.* section 1657 and *FRCP* 16 provide discretion to the court to grant a preferential trial setting when it would be "fair, reasonable, and justified" to do so because of the age and health of the plaintiff. S.D. Cal., Sept. 17, 2015, No. 15CV0451 JM(JMA), 2015 WL 12699870, at *3. In *Wakefield*, Plaintiff Celia Wakefield originally filed her case in the Superior Court for the State of California. *Id.* at *1. While in state court, Ms. Wakefield filed a motion for trial preference pursuant

to *CCP* 36, which the state court granted. *Id.* at \*2. Thereafter, defendants removed the action to the United States District Court for the Southern District of California based on diversity jurisdiction. *Id.* Once removed to federal court, Ms. Wakefield filed another motion for trial preference due to her advanced age and health conditions which she submitted "may prevent her from testifying at trial." *Id.* at \*2. The court considered Plaintiff's advanced age and medical conditions[5] in the context of *U.S.C.* section 1657 and *FRCP* 1 and held that the court had discretion to grant a preferential trial setting based on these sections and that a preferential trial setting was warranted under the circumstances. *Id.* at \*4. The court explained, "[f]irst, there is no doubt that Plaintiff is sufficiently elderly, and her impaired hearing and eyesight may continue to deteriorate. Second . . . her testimony is relevant to the case. . . ." *Id.* As such, Ms. Wakefield's motion for a preferential trial setting was granted at the federal level. *Id.*

## II.     The Facts in *Wakefield* are Substantially Similar to the Facts in *Miller*.

The facts in *Wakefield* are substantially similar to the facts here. As in *Wakefield*, Mr. Miller's case was originally filed in state court, where a motion for preference pursuant to CCP 36 was filed and granted. Defendants then removed Mr. Miller's case based on diversity jurisdiction. Further, as shown below and identical to Ms. Wakefield, Mr. Miller is of advanced age and suffering from very poor health; there can also be no dispute that Mr. Miller's testimony is relevant to this case.

Mr. Miller is currently eighty-one-years-old, and a preferential trial setting would be "fair, reasonable, and justified" under the circumstances.[6] Indeed, Mr. Miller suffers from numerous

---

[5] Ms. Wakefield's medical conditions included macular degeneration, hearing loss, anxiety, insomnia, hypothyroidism, incontinence, osteoporosis, and breast cancer that was in remission at the time of the motion. *Wakefield*, 2015 WL 12699870, at \*2.

[6] Trammell Decl., Ex. 5, Declaration of Dr. Spencer Bachow, MD. ("Dr. Bachow Decl."), ¶¶ 6-10.

- 6 -

Plaintiff Donald Miller's Notice of Motion and Motion to Reinstate Preferential Trial Setting

health complications and has had a difficult battle with NHL since being diagnosed.[7]

On November 2, 2017, Mr. Miller was diagnosed with follicular lymphoma.[8] However, subsequent pathology revealed that his cancer had transformed into Stage IV diffuse large B-cell lymphoma.[9] A PET/CT scan also demonstrated extensive axial and appendicular skeletal metastases involving the skull base and metastasis to the left cervical and retroperitoneal lymph nodes.[10] While undergoing chemotherapy, Mr. Miller suffered numerous complications necessitating multiple hospital admissions, including, but not limited, to pancytopenia, neutropenic fever, atrial fibrillation with RVR, and fatigue.[11] During a number of these admissions, Mr. Miller's doctors believed he was near death, and his family was called to his bedside.[12]

In 2019, Mr. Miller's health declined once again when he suffered a stroke, requiring him to be hospitalized for three days.[13] Mr. Miller's stroke was so severe that his wife found him incoherent and "staring into space" at their home.[14] He was also unable to form words, and experienced a left facial droop.[15]

In addition to suffering from Stage IV NHL and his recent stroke, Mr. Miller has been diagnosed with a myriad of NHL comorbidities and independent conditions that have devastated his health and have rendered him extremely ill. Specifically, during a recent June 22, 2021

---

[7] Trammell Decl., Ex. 6, Declaration of Donald Miller ("Miller Decl."), ¶¶ 3-8.

[8] Trammell Decl., Ex. 7, Plaintiff Donald Miller's Medical Records ("Miller Medical Records"), at Bates No. 000001.

[9] *Id.* at Bates Nos. 000003-4.

[10] *Id.* at Bates No. 000004.

[11] *Id.* at Bates No. 000005.

[12] Trammell Decl., Ex. 6, Miller Decl., ¶ 6.

[13] Trammell Decl., Ex. 4, Miller Medical Records, at Bates Nos. 000006-7.

[14] *Id.*

[15] *Id.*

appointment with his provider, Mr. Miller's active diagnoses are noted to include, but are not limited, to: uncontrolled diabetes, polyneuropathy, osteoporosis, chronic atrial fibrillation, obesity, hyperlipidemia, proteinuria, benign essential hypertension, and degenerative arthritis.[16] Mr. Miller also suffers from chronic pain and is unable to ambulate without the use of a wheelchair.[17]

Concomitantly with his physical debility, Mr. Miller also suffers from cognitive processing and memory impairments due to chemotherapy.[18] Mr. Miller forgets what he is doing mid-task and reports that he has "lost a lot of [his] memory" and frequently "lose[s] his words."[19] Mr. Miller's cognitive difficulties are also documented during his December 16, 2020 appointment where his physician notes that he demonstrated "limited insight and judgment."[20]

Overall, Mr. Miller's prognosis is very poor.[21] According to oncologist Dr. Spencer Bachow, Mr. Miller has a five-year overall survival expectancy of only thirty-seven percent as of February, 2020.[22] However, even this grim prognosis is generous. As stated by Dr. Bachow, "given that this is also a double expressor lymphoma and a transformed lymphoma, the probability of being alive over the next five years is likely less than thirty-seven percent in reality."[23]

As elucidated above, Mr. Miller is elderly and in very poor health, with his health being equally or even more precarious than the plaintiff in *Wakefield*. Further, it is beyond cavil that Mr. Miller's testimony is relevant to this case — Mr. Miller is *the named plaintiff and the injured*

---

[16] *Id.* at Bates No. 000013.

[17] *Id.*; *See also* Trammell Decl., Ex. 1, Miller Decl., ¶ 8.

[18] Trammell Decl., Ex. 1, Miller Decl., ¶ 8.

[19] *Id.*

[20] Trammell Decl., Ex. 4, Miller Medical Records, at Bates No. 000010.

[21] Trammell Decl., Ex. 2, Dr. Bachow Decl., ¶ 9.

[22] *Id.*

[23] *Id.*

*party*. Accordingly, he is perhaps even more closely tied to the cause of action than the plaintiff in *Wakefield*, who brought suit in the capacity of the executor of an estate. *Wakefield*, 2015 WL 12699870 at *1.

Therefore, due to Mr. Miller's age and frail health, Plaintiff respectfully requests for this Court to utilize 28 U.S.C. section 1657 and FRCP 16 as the *Wakefield* court did and reinstate the preferential trial setting in this matter.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests for this Court to reinstate Plaintiff's preferential trial setting.

Dated: August 19, 2021                                         Respectfully Submitted,

By: _____

Fletcher V. Trammell
Melissa Binstock Ephron
TRAMMELL, PC
3262 Westheimer Rd., Ste. 423
Houston, TX 77098
Tel: (800) 405-1740
Fax: (800) 532-0992
fletch@trammellpc.com
melissa@trammellpc.com

Paul R. Kiesel
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel: 310-854-4444
Fax: 310-854-0812
kiesel@kiesel.law

Karen Barth Menzies
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110

Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
kbm@classlawgroup.com

Alexander G. Dwyer
Andrew F. Kirkendall
Erin M. Wood
KIRKENDALL DWYER LLP
4343 Sigma Rd, Suite 200
Dallas, TX 75244
Tel: 214-271-4027
Fax: 214-253-0629
ad@kirkendalldwyer.com
ak@kirkendalldwyer.com
ewood@kirkendalldwyer.com

*Attorneys for Plaintiff Donald Miller*