| | |
|---|---|
| **WILKINSON STEKLOFF LLP** | **COVINGTON & BURLING LLP** |
| Brian L. Stekloff (*pro hac vice*) | Michael X. Imbroscio (*pro hac vice*) |
| (bstekloff@wilkinsonstekloff.com) | (mimbroscio@cov.com) |
| Rakesh Kilaru (*pro hac vice*) | One City Center |
| (rkilaru@wilkinsonstekloff.com) | 850 10th St. NW |
| 2001 M St. NW | Washington, DC 20001 |
| 10th Floor | Tel: 202-662-6000 |
| Washington, DC 20036 | |
| Tel: 202-847-4030 | **BRYAN CAVE LEIGHTON PAISNER LLP** |
| Fax: 202-847-4005 | K. Lee Marshall (CA Bar No. 277092) |
| | (klmarshall@bclplaw.com) |
| **HOLLINGSWORTH LLP** | Three Embarcadero Center, 7th Floor |
| Eric G. Lasker (*pro hac vice*) | San Francisco, CA 94111 |
| (elasker@hollingsworthllp.com) | Tel: 415-675-3400 |
| 1350 I St. NW | Fax: 415-675-3434 |
| Washington, DC 20005 | |
| Tel: 202-898-5843 | Jed P. White (CA Bar No. 2392339) |
| Fax: 202-682-1639 | (jed.white@bclplaw.com) |
| | 120 Broadway, Suite 300 |
| | Santa Monica, CA 90401 |
| | Tel: 310-576-2100 |
| | Fax: 310-576-2200 |

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| *David Schaffner, Jr. et al. v. Monsanto Co.*, Case No. 3:19-cv-07526-VC | **MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO SERVE REBUTTAL EXPERT DISCLOSURE AND ADJUST CASE MANAGEMENT SCHEDULE** |

## INTRODUCTION

Plaintiffs David Schaffner, Jr. and Theresa Sue Schaffner ("Plaintiffs") failed to heed the Court's deadline to disclose expert witnesses, and now seek leave to serve an untimely affirmative expert disclosure through the "back door" under the guise of rebuttal. Dr. William Sawyer is a specific causation expert who should have been disclosed by June 29, 2021, the Court-ordered deadline for Wave 3 plaintiffs to disclose experts. Plaintiffs have no reasonable justification for failing to disclose Dr. Sawyer in accordance with this Court's order. Plaintiffs' motion should be denied.

## BACKGROUND

On December 9, 2020, this MDL Court ordered all Wave 3 plaintiffs to submit expert reports no later than June 29, 2021 and ordered Monsanto to submit expert reports by August 6, 2021. *See* Order Granting Joint Request for Revised Schedule for Wave 3 Cases and Addition of Cases to Wave 3 as Modified ("Wave 3 Scheduling Order") (MDL ECF #12197). The deadline to complete all expert discovery is September 8, 2021. (*Id.*)

On June 28, 2021, Plaintiffs served expert disclosures adopting the general causation experts designated by Plaintiffs' Coordinating Counsel and also designated both a specific medical causation expert and a pathology expert. (Individ. ECF #11.) Plaintiffs did not disclose Dr. Sawyer as an expert witness. On August 6, 2021, Monsanto timely submitted its expert reports. (Declaration of Jed White ("White Decl."), ¶ 2.). Plaintiffs now seek to disclose Dr. Sawyer as an expert witness in this case.

## ARGUMENT

### I. Dr. Sawyer is Not a Rebuttal Expert and Plaintiffs Offer No Reasonable Justification For Disclosing Dr. Sawyer Months After The Expert Disclosure Deadline

Rule 26(a)(2) requires parties to disclose in advance expert testimony. This includes experts used solely for purposes of rebuttal. Fed. R. Civ. P. 26(a)(2)(D)(ii). Rebuttal testimony is testimony that "is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." *Id*. Evidence cannot be used under the guise of "rebuttal" only to provide additional support for the case in chief:

>Rebuttal evidence is admissible only where the need for it could not have been foreseen at the time the plaintiff presented its case-in-chief. When a party knows that a contested matter is in the case, yet fails to address it in a timely fashion, he scarcely can be heard to complain that the trial court refused to give him a second nibble at the cherry.

*Daly v. Far E. Ship. Co. PLC.*, 238 F. Supp. 2d 1231, 1238 (W.D. Wash. 2003), *aff'd sub nom. Daly v. Fesco Agencies NA Inc.*, 108 Fed. Appx. 476 (9th Cir. 2004).

Thus, if the rebuttal expert's testimony is offered to "contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one." *Amos v. Makita U.S.A.*, 2011 U.S. Dist. LEXIS 158103, 2011 WL 43092, at *4 (D. Nev. Jan. 6, 2011) (citing *In re Apex Oil Co.*, 958 F.2d 243, 245 (8th Cir. 1992)); *see also Clear-View Technologies, Inc. v. Rasnick*, 2015 WL 3509384, *7-13 (N.D. Cal. June 3, 2015) (construing a party's expert disclosure beyond the permissible scope of rebuttal expert testimony where the expert was expected to opine on a matter on which the party had the ultimate burden of proof).

Here, Dr. Sawyer is not a "rebuttal" expert.  Dr. Sawyer is a specific causation exposure expert, and causation is an essential element of each of Plaintiffs' case in chief.  *See Hook v. Whiting Door Mfg. Corp.*, 2019 U.S. Dist. LEXIS 23807, *18 (W.D. Pa. Feb. 14, 2019) ("where the issues in a products liability case are highly technical, expert testimony is necessary to assist the jury in understanding the claims").  Because Dr. Sawyer's testimony relates to an anticipated portion of Plaintiffs' case in chief—whether Roundup caused Plaintiff's cancer—Dr. Sawyer is "not a rebuttal witness or anything analogous to one." *See Amos.*, 2011 U.S. Dist. LEXIS 158103 at *4 (D. Nev. Jan. 6, 2011).  Indeed, in numerous Roundup cases both within and outside of this MDL, plaintiffs routinely disclose Dr. Sawyer as an expert witness in their affirmative designations.  Plaintiffs' claim that Dr. Sawyer has somehow morphed into a "rebuttal" expert for this case only should be rejected.

Accordingly, Plaintiffs were required to disclose Dr. Sawyer on June 29, 2021.  *See* Wave 3 Scheduling Order.  Plaintiffs had ample time and opportunity to satisfy their expert disclosure obligations under Rule 26(a)(2) and the Wave 3 Scheduling Order.  And honoring strict deadlines in an MDL is particularly important.  *See Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA)*

*Prods. Liab. Litig.)*, 460 F.3d 1217, 1222 (9th Cir. 2006) (affirming dismissal of cases in MDL for failure to comply with case management orders because "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions").

Plaintiffs' assertion that "[t]he Court has previously granted leave for the service of a rebuttal report by Dr. Sawyer in virtually identical circumstances" is misleading at best. (Motion, ¶ 6.) In the case cited by Plaintiffs, which took place much earlier in this MDL, plaintiff's counsel misunderstood that Dr. Sawyer was a specific causation expert rather than general causation and thus inadvertently did not disclose him with their specific causation reports because they believed he was already being included in the PSC leadership's general causation expert disclosures for all Wave 1 plaintiffs. (MDL ECF #7585.) When plaintiff's counsel realized their mistake, they asked for leave to disclose Dr. Sawyer, which this Court granted (MDL ECF #7811).

The situation here bears no resemblance. Plaintiffs' counsel does not claim mistake, nor offer any reasonable justification for why Dr. Sawyer was not designated by June 29, 2021. To the contrary, Plaintiffs' double down on their claim that they had no obligation to disclose Dr. Sawyer earlier since he is a "rebuttal" witness only—despite that the Wave 3 Scheduling Order makes no provision for disclosure of rebuttal experts. Plaintiffs offer no reasonable justification for not disclosing Dr. Sawyer by the deadline, nor do they demonstrate that such a violation would be harmless.

**II.  Permitting Plaintiffs to Disclose Dr. Sawyer at This Late Stage Will Prejudice Monsanto**

Plaintiffs assert that their request will not prejudice Monsanto because Monsanto "has suggested expert discovery might be conducted after the present September 8 cut-off applicable to Wave III case." (Motion, ¶ 7.) This is incorrect.

On August 16, 2021, Monsanto's counsel emailed Plaintiffs' counsel to offer September 4, 2021 for the deposition of one of Monsanto's experts, Dr. Murphy. (White Decl., ¶ 3.) However, recognizing that this fell on Labor Day weekend, Monsanto's counsel also gave Plaintiffs' counsel the option of deposing Dr. Murphy on September 10, 2021 as a courtesy to Plaintiffs' counsel to

avoid the holiday weekend if desired.  (*Id*.)  Plaintiffs never responded to this offer.  (*Id*.)  Monsanto's offer was not a "suggestion" that expert discovery can or should be conducted outside the deadline; and it certainly was not a suggestion the expert disclosure deadlines can be ignored and that an expert can be disclosed two months late.[1]

Plaintiffs also claim that their request will not prejudice Monsanto because Monsanto could simply "request a further modification of the *Daubert* or summary judgment schedule." (Motion, ¶ 7.)  But Monsanto should have no obligation to request modification of the *Daubert* and summary judgment schedule as a result of Plaintiffs' untimely disclosure, and this Court has made clear that the deadlines set forth in its orders should be strictly followed.

Finally, Plaintiffs' untimely disclosure of Dr. Sawyer prejudices Monsanto because it attempts to turn the expert disclosure procedure on its head, with Monsanto's expert disclosures preceding Plaintiffs' expert disclosures.  Monsanto timely disclosed its exposure expert, Dr. John H. Murphy, on August 6, 2021.  If Plaintiffs had timely submitted an expert report of Dr. Sawyer by June 29, 2021 as required, then Dr. Murphy's report would have responded to Dr. Sawyer's opinions.  But Dr. Sawyer was not designated as an expert in this case, and therefore Dr. Murphy's report and opinions did not take into consideration or respond to Dr. Sawyer.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Administrative Motion for Leave to Serve Rebuttal Expert Disclosure and Adjust Case Management Schedule should be denied.

Dated:  August 18, 2021                                  Respectfully submitted,

                                                                         */s/ Jed P. White*
                                                                         Jed P. White
                                                                         Attorneys for Defendant Monsanto Company

---

[1]  On August 18, 2021, Monsanto's counsel offered two additional dates for Dr. Murphy's deposition: September 7 or 8.  Plaintiffs have also not responded to this offer.  (White Decl., ¶ 3.)