**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel:  202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel:  202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel:  415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 2392339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| *Juan and Delia Garza v. Monsanto Co.*, 3:20-cv-06988-VC | **MONSANTO COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS**<br><br>**Hearing:**<br>Date:   September 23, 2021<br>Time:   2:00 p.m.<br>Place:  Courtroom 4 |

## I.   INTRODUCTION

Plaintiffs' response to Monsanto's Motion for Summary Judgment on Causation Grounds demonstrates a fundamental misunderstanding of the distinction between general causation and specific causation.  Whether inadvertently or by design, Plaintiffs improperly conflate general causation with specific causation, contending that expert testimony on the former completely satisfies their evidentiary burden on causation and negates the need for expert testimony on the latter. It does not.  Rather, to establish each of their claims, Plaintiffs were required to adduce expert evidence not only that exposure to Roundup *can* cause cancer generally (*i.e.* general causation), but also that exposure to Roundup actually *did* cause Mr. Garza's cancer specifically (*i.e.* specific causation).  Plaintiffs did not disclose any expert witness on the issue of specific causation, and thus no expert will say that exposure to Roundup was a proximate cause of Mr. Garza's cancer specifically.  As a result, Monsanto is entitled to summary judgment on causation grounds.

## II.   EXPERT TESTIMONY IS REQUIRED TO ESTABLISH SPECIFIC CAUSATION.

Plaintiffs spend the vast majority of their opposition simply describing the opinions of the four general causation experts designated by all Wave 3 plaintiffs. *See* Opp. (ECF 13) at 2-3 (acknowledging that Drs. Portier, Ritz, Weisenburger, and Jameson were all designated on the issue of general causation only).  Without citing a single case, Plaintiffs then leap to the conclusion that, because they designated general causation expert witnesses "stating that Roundup causes non-Hodgkin's Lymphoma, and Mr. Garza's [sic] suffered from a form of non-Hodgkin's Lymphoma, then a fact issue is raised as to whether Roundup caused Mr. Garza's cancer." Opp. at 1.[1]  It is unsurprising that Plaintiffs cite no legal authority for this assertion, as it entirely writes out the clear requirement that expert testimony is needed to prove both general *and* specific causation in a product liability case like this.

---

[1] Monsanto disputes that Mr. Garza had a type of NHL at all, but that dispute need not be resolved for purposes of this motion. Whether or not Mr. Garza's cancer was a form of NHL as Plaintiffs contend, Monsanto is entitled to summary judgment because they have adduced no expert evidence that Roundup caused Mr. Garza's disease.

As explained in Monsanto's motion, "[p]roducts liability cases are quintessentially expert cases." *Martinez v. Ethicon Inc.*, No. 7:19-cv-00164, 2020 WL 2113638, at *2 (S.D. Tex. May 1, 2020) (further noting that "Texas courts have regarded expert testimony on causation as particularly vital in cases involving complex medical devices and medical diagnoses."). Thus, "[t]he Supreme Court of Texas has consistently required expert testimony and objective proof to support a jury finding that a product defect caused the plaintiff's condition." *Martinez v. Medical Depot, Inc.*, 434 F.Supp.3d 537, 556 (S.D. Tex. Jan. 17, 2020) (internal quotation marks and citation omitted). *See also* Motion at 2-3 (citing cases). Plaintiffs do not even attempt to address any of the cases cited by Monsanto, nor do Plaintiffs offer any legal authority to the contrary. As a result, the legal basis for Monsanto's motion is uncontested and the motion should be granted.

Plaintiffs also do not dispute that the "causal link" between Plaintiff's alleged injury and Roundup is beyond the jury's common understanding. *See* Motion at 3. In such a case, the law is clear: expert testimony is required "to establish **both general and specific causation**." *Sedgwick v. BP Prods. N. Am., Inc.*, No. CIV.A. G-13-188, 2014 WL 6911543, at *3 (S.D. Tex. Nov. 4, 2014) (emphasis added)("Plaintiff's claim is beyond the general experience of laypersons, and therefore requires expert testimony to establish both general and specific causation."); *see also Carter v. Southstar Management, LLC*, No. CV H-17-727, 2018 WL 5281791 (S.D. Tex. Oct. 24, 2018) ("toxic tort cases require expert evidence of both general and specific causation"); *Cano v. Everest Minerals Corp.*, 362 F.Supp.2d 814, 817 (W.D. Tex. 2005) ("Dr. Dollinger is the only expert offered to testify on the issue of specific causation, and exclusion of his testimony would necessitate a grant of summary judgment in favor of Defendants."); *Owens v. Am. Home Prods. Corp.*, No. CIV. A. G-02-185, 2005 WL 1657036, at *2 (S.D. Tex. July 12, 2005) ("A plaintiff must offer evidence of both" general and specific causation in a product liability case, "regardless of whether the plaintiff proceeds on a theory of strict liability, negligence, gross negligence, or breach of warranty."); Motion at 3. Moreover, expert testimony on specific causation is particularly necessary in a case like this, where the injury alleged has multiple potential causes. *See, e.g., Newton v. Roche Labs., Inc.*, 243 F.Supp.2d 672, 683 (to establish specific causation, an expert must "demonstrate that the product was more likely to have caused a plaintiff's injuries than any other potential cause.").

Here, it is undisputed that Plaintiffs have not designated any expert witness to opine on the issue of specific causation. That is, Plaintiffs have no expert testimony that exposure to Roundup caused Mr. Garza's cancer specifically. As a result, they cannot sustain their evidentiary burden to establish proximate causation on any of their claims, and summary judgment for Monsanto is required.

### III.   CONCLUSION

The designation of expert witnesses on the issue of general causation submitted by all Wave 3 plaintiffs does not satisfy Plaintiffs' evidentiary burden of adducing expert testimony on the issue of *specific* causation in this case. Without any expert testimony that *Mr. Garza's cancer specifically* was caused by exposure to Roundup, Plaintiffs cannot sustain their claims, and Monsanto is entitled to summary judgment.

Dated:  August 25, 2021                              Respectfully submitted,

                                                      */s/ Jed P. White*
                                                      Jed P. White
                                                      Attorneys for Defendant Monsanto Company

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to the within action; my business address is 120 Broadway, Suite 300, Santa Monica, CA 90401-2386. My email address is raul.morales@bclplaw.com.

On August 25, 2021, I served the foregoing document(s), described as: **MONSANTO COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS** on each interested party in this action, as follows:

☒ BY CM/ECF NOTICE OF ELECTRONIC FILING: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court, or by another manner as authorized by FED. R. CIV. P. 5.

Executed on August 25, 2021, at Santa Monica, California.

☒ FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                                                          */s/ Raul Morales*
                                                           Raul Morales