| | |
|---|---|
| **WILKINSON STEKLOFF LLP** <br> Brian L. Stekloff (*pro hac vice*) <br> (bstekloff@wilkinsonstekloff.com) <br> Rakesh Kilaru (*pro hac vice*) <br> (rkilaru@wilkinsonstekloff.com) <br> 2001 M Street, NW, 10th Floor <br> Washington, DC 20036 <br> Tel:  202-847-4030 <br> Fax: 202-847-4005 <br><br> *Attorneys for Defendant Monsanto Company* | **ARNOLD & PORTER KAYE SCHOLER LLP** <br> William Hoffman (*pro hac vice*) <br> (william.hoffman@arnoldporter.com) <br> Daniel S. Pariser (*pro hac vice*) <br> (daniel.pariser@arnoldporter.com) <br> 601 Massachusetts Avenue, NW <br> Washington, DC 20001 <br> Tel:  202-942-5000 <br> Fax: 202-942-5999 <br><br> *Attorneys for Defendant Monsanto Company* |

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax: 202-682-1639

*Attorneys for Defendants Monsanto Company; Andrew Jack Conroy; KLI Shell Lumber & Hardware, LLC; and Orlando Valdes*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> *Nancy Salas v. Monsanto Company, et al.*, Case No. 3:21-cv-06173-VC | ) MDL No. 2741 <br> ) <br> ) Case No. 3:16-md-02741-VC <br> ) <br> ) <br> ) <br> ) <br> ) **DEFENDANT MONSANTO COMPANY'S** <br> ) **RESPONSE TO PLAINTIFF NANCY** <br> ) **SALAS' NOTICE OF PENDING MOTION** <br> ) **TO REMAND** <br> ) <br> ) <br> ) |

Plaintiff Nancy Salas recently filed a Notice of Pending Motion to Remand ("Plaintiff's Notice") that, in various ways, fails to comply with the United States District Court for the Northern District of California Civil Local Rules and/or orders issued by this Court.[1]

Attached to Plaintiff's Notice is the Motion to Remand ("Remand Motion") that Plaintiff filed in the United States District Court for the Southern District of Florida before this case was transferred to this Court. To the extent the Court wishes to consider the Remand Motion now, Monsanto Company ("Monsanto") directs this Court to Monsanto's Opposition to Plaintiff's Motion to Remand, which was filed in the Southern District of Florida and is available on this Court's docket for this lawsuit at ECF No. 11.[2]

But it is also important to note that Plaintiff's Notice mischaracterizes what happened before this case was transferred to this Court, so Monsanto responds here to prevent the Court from being misled by Plaintiff's Notice. In February 2021, Monsanto filed a Notice of Removal ("Bankruptcy-Related Removal Notice") involving two defendants sued in this case (Transform SR Development LLC d/b/a Kmart and Jose Luis Martinez-Alvarez) and a removal argument limited to the claims asserted against those two defendants (bankruptcy-related removal based on

---

[1] Contrary to this Court's case management orders issued for these multidistrict litigation ("MDL") proceedings, this Court's Standing Order for Civil Cases, and the United States District Court for the Northern District of California Civil Local Rules, Plaintiff did not notice her remand motion for a hearing in this Court. The Motion to Remand attached to Plaintiff's Notice, which was filed in the United States District Court for the Southern District of Florida, does not comply with the page limit and other requirements for briefing set by this Court's Standing Order for Civil Cases and the United States District Court for the Northern District of California Civil Local Rules. (The Opposition to Plaintiff's Motion to Remand filed by Monsanto Company in the Southern of Florida also does not comply with those requirements.). Plaintiff's Notice is available on the Court's case-specific docket sheet (ECF No. 16), but Plaintiff's Notice was not filed on the Court's MDL-wide docket, as required by the Court's case management orders that govern these MDL proceedings. Monsanto is filing this response on both dockets.

[2] The three Florida defendants remaining in this case – Andrew Jack Conroy; KLI Shell Lumber & Hardware, LLC; and Orlando Valdes – were fraudulently joined by Plaintiff in an attempt to evade this Court's jurisdiction and should be dismissed. These defendants did not file a response to the Remand Motion and are not filing a response to Plaintiff's Notice.

1
MONSANTO'S RESPONSE TO PLAINTIFF'S NOTICE OF PENDING MOTION TO REMAND
3:16-md-02741-VC & 3:21-cv-06173-VC

28 U.S.C. § 1452 and 28 U.S.C. § 1334(b)).  In response to the Bankruptcy-Related Removal Notice, Plaintiff did not argue that Monsanto's removal was improper.  Instead, she voluntarily dismissed the two defendants at issue in that removal notice and then filed a remand motion based on those dismissals.  Monsanto did not oppose that remand motion because Plaintiff's dismissal of those two defendants meant that the federal jurisdictional basis invoked in the Bankruptcy-Related Removal Notice was no longer present.  Due to Monsanto's lack of opposition, this case was remanded to Florida state court on March 2, 2021.

On March 30, 2021, Monsanto filed the Notice of Removal ("Fraudulent Joinder Removal Notice"), ECF No. 1, at issue here, which is based on a different argument and statutory provision than the Bankruptcy-Related Removal Notice – namely, fraudulent joinder and diversity jurisdiction, 28 U.S.C. § 1332 – and which involves claims asserted against three different defendants (Mr. Conroy, Mr. Valdes, and KLI Shell Lumber & Hardware, LLC).  Plaintiff's Notice suggests that the Fraudulent Joinder Removal Notice was untimely because "[a]t all times material, Defendants Monsanto, Conroy, Valdes, and KLI have been represented by the same counsel," Plaintiff's Notice at 2 n.1.  Not so.  Monsanto's and Mr. Conroy's counsel did not begin representing Mr. Valdes and KLI Shell Lumber & Hardware, LLC until *after* this case was remanded to Florida state court on March 2.[3]  Thus, it is misleading for Plaintiff to suggest that Monsanto's counsel were aware, before filing the Bankruptcy-Related Removal Notice, of any fraudulent-joinder-removal arguments involving Mr. Valdes and KLI Shell Lumber & Hardware, LLC.  The Complaint provided not even a hint that those defendants were

---

[3] As this Court's docket sheet shows, an answer was filed by Mr. Valdes and KLI Shell Lumber & Hardware, LLC on April 6, 2021, ECF No. 4, after Monsanto filed the Fraudulent Joinder Removal Notice.  That answer was filed in the Southern District of Florida by the same law firm that represented Monsanto as counsel of record in this case in that jurisdiction.  The filing date of that answer does not support Plaintiff's assertion that Monsanto's counsel have represented Mr. Valdes and KLI Shell Lumber & Hardware, LLC at all times material.

fraudulently joined, and Monsanto's counsel did not become aware of the fraudulent joinder arguments regarding those defendants until they provided information to Monsanto's counsel that showed that Plaintiff has no viable claims against those defendants.  When Monsanto filed the Bankruptcy-Related Removal Notice in February 2021 and when Monsanto declined to oppose Plaintiff's remand motion regarding that removal, Monsanto was not aware that Plaintiff had fraudulently joined Mr. Valdes and KLI Shell Lumber & Hardware, LLC.  When Monsanto learned that information, Monsanto timely filed the Fraudulent Joinder Removal Notice.  That removal notice explained why Monsanto's prior removal (the Bankruptcy-Related Removal Notice) and the March 2 remand order did not preclude Monsanto from subsequently removing this case based on different factual bases involving different defendants, a different legal theory, and different statutes.  *See* Fraudulent Joinder Removal Notice at 14-15 n. 2 (citing cases).

Finally, Plaintiff's Notice suggests that Plaintiff expects this Court to decide her Remand Motion on the papers filed by the parties in the Southern District of Florida, but it is not clear to Monsanto whether this Court will do so.  Instead, the Court may prefer the parties to submit new, revised briefing after Plaintiff files a properly noticed motion in compliance with applicable rules and orders.  Monsanto will await direction from the Court regarding those issues.

| | |
|---|---|
| DATED:  August 30, 2021 | Respectfully submitted, |
| | /s/ Martin C. Calhoun |
| William Hoffman (*pro hac vice*) | Eric G. Lasker (*pro hac vice*) |
| (william.hoffman@arnoldporter.com) | (elasker@hollingsworthllp.com) |
| Daniel S. Pariser (*pro hac vice*) | Martin C. Calhoun (*pro hac vice*) |
| (daniel.pariser@arnoldporter.com) | (mcalhoun@hollingsworthllp.com |
| ARNOLD & PORTER KAYE SCHOLER LLP | HOLLINGSWORTH LLP |
| 601 Massachusetts Avenue, NW | 1350 I Street, NW |
| Washington, DC 20001 | Washington, DC 20005 |
| Tel:  202-942-5000 | Tel:  202-898-5800 |
| Fax:  202-942-5999 | Fax:  202-682-1639 |
| | |
| *Attorneys for Defendant Monsanto Company* | *Attorneys for Defendants Monsanto Company; Andrew Jack Conroy; KLI* |

*Shell Lumber & Hardware, LLC;* and
*Orlando Valdes*

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
WILKINSON STEKLOFF LLP
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax:  202-847-4005

*Attorneys for Defendant Monsanto Company*