UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br>ALL ACTIONS | MDL No. 2741<br>Case No. 16-md-02741-VC<br><br>Hon. Vince Chhabria<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to the Court's August 18, 2021 Minute Entry, Plaintiffs' leadership and Monsanto's counsel hereby provide the following updates to the Court.

**I. State Selections for Waves V and VI**

The parties have met and conferred and have not been able to come to agreement on the states for Waves V and VI. Below are the parties' respective proposals:

    **A. Plaintiffs' Proposal**

        a. <u>Wave V (116 cases)</u>: IL (19 cases), MN (16 cases), PR (20 cases), DE (19 cases), NH (16 cases), AR (12 cases), KY (9 cases), ME (4 cases), VA (2 cases)

        b. <u>Wave VI (84 cases)</u>: WA (13 cases), ID (12 cases), MD (11 cases), NJ (8 cases), CT (2 cases), NM (8 cases), CO (6 cases), NV (8 cases), UT (5 cases), HI (4 cases), OR (4 cases), MT (2 cases), VI (1 case)

    **B. Monsanto's Proposal**

        a. <u>Wave V (295 cases)</u>: Missouri (208 cases) and Louisiana (87 cases)

        b. <u>Wave VI (244 cases)</u>: California (131 cases), Minnesota (16 cases), Nebraska (43 cases), New Hampshire (16 cases), and New York (38 cases)

The Parties will submit Proposed Scheduling Orders for Waves V and VI within 5 days of the

Court's identifying which states will be part of Waves V and VI.

## II. Inactive Docket

The parties agree that the creation of an inactive docket is in the best interest of the Court and the parties and will streamline this litigation. As Your Honor is aware, many of the cases in the MDL are either subject to ongoing settlement negotiations or included in aggregate settlement agreements. Once a settlement agreement is signed for a large number of cases, it can take six or more months to complete the process because of document submissions, eligibility determinations, walk-away rights and the like. The parties desire to avoid the burdens, including those on the Court, of unnecessary discovery, expert disclosures, and/or other proceedings during this period. Thus, the parties believe that many of the MDL cases will become concluded settlements sometime during the next year and are, therefore, well suited to being placed on an inactive docket in the meantime.

Under the parties' proposal, no case will be placed on the inactive docket without the consent of both sides. If the Court orders the creation of an inactive docket, the parties will send the court an initial list of all cases that should be placed on the inactive docket within 30 days of the Court's issuance of an inactive docket order. Because the status of cases will change from time to time – either because a case on the inactive docket settles and therefore should be dismissed or because negotiations in a particular case fail and the case needs to return to active status – the parties will update the Court on the status of the inactive docket every six months. In addition, it is possible that in between these six-month periods, there will be circumstances that warrant a case being moved from inactive to active, or vice versa. To address this potential, the parties suggest that the Court permit the parties to request removal of a case from inactive to active or to move an active case to inactive status when they believe that step is appropriate. In such a circumstance, the parties will confer in advance and submit a joint submission outlining the position of each party. For the Court's

convenience, such submissions will also be collected, summarized, and submitted to the Court as part of the regular CMC statements.

A proposed inactive docket order is attached as Exhibit A. As Your Honor requested at the Case Management Conference on August 18, 2021, attached as Exhibit B is an inactive status order that was issued in another multi-district litigation.

### III. Update on Status of Motions to Dismiss

Monsanto filed a motion to dismiss for *deficient* PFSs for 65 plaintiffs on August 4, 2021 (Dkt. No. 13418). Monsanto amended its motion for deficient PFSs to reflect updated case numbers on August 13, 2021 (Dkt. No. 13491). These 65 cases recently resolved and no longer need to be subject to a motion to dismiss and will be placed on the inactive docket if the Court approves the parties' proposal regarding the inactive docket.

Monsanto filed a motion to dismiss for failure to submit *any* PFS for 31 Plaintiffs on August 6, 2021. Since that filing, Monsanto has amended this motion twice (on August 12, 2021 and August 18, 2021) to reflect the receipt of plaintiff fact sheets and stipulated dismissals. This motion now applies to 15 plaintiffs. Since August 18, 2021, six additional plaintiffs have contacted Monsanto to provide a PFS or dismiss their case. Thus, the remaining 9 cases listed below from Monsanto's August 18, 2021 motion, should be dismissed for failure to submit a PFS:

1. Jeffrey M. Anderson v. Monsanto Co., Cause No. 3:19-cv-08084-VC
2. Angelo Bulone v. Monsanto Co., Cause No. 3:20-cv-03719-VC[1]

---

[1] Plaintiff has requested and Monsanto has agreed to a 7-day extension of time for plaintiff to produce a PFS. Thus, Plaintiff Bulone has represented he will produce a PFS on September 8, 2021.

3. Renilda Castro (Estate of Fernando Castro) v. Monsanto Co., Cause No. 3:19-cv-03887-VC[2]

4. Antony Catania v. Monsanto Co., Cause No. 3:20-cv-03300-VC

5. Margot M. Henson v. Monsanto Co., Cause No. 3:20-cv-02125-VC

6. Kevin Porteus v. Monsanto Co., Cause No. 3:20-cv-03309-VC

7. Martin Denny Reed v. Monsanto Co., Cause No. 3:19-cv-08088-VC

8. Michael Seeley (Estate of Gina Seeley) v. Monsanto Co., Cause No. 3:19-cv-08270-VC

9. Andrew Simmons v. Monsanto Co., Cause No. 3:20-cv-03311-VC

DATED: September 1, 2021

Respectfully submitted.

By: /s/ Aimee Wagstaff
Aimee Wagstaff
Aimee.wagstaff@andruswagstaff.com
ANDRUS WAGSTAFF, P.C.
7171 West Alaska Drive
Lakewood CO 80226
Telephone: (303) 376-6360
Facsimile: (303) 376-6361

Robin Greenwald
rgreenwald@weitzlux.com
WEITZ & LUXENBERG, P.C.
700 Broadway
New York NY 10003
Telephone: (212) 558-5500
Facsimile: (212) 344-5461

Michael Miller
mmiller@millerfirmllc.com
THE MILLER FIRM, LLC
108 Railroad Ave
Orange VA 22960
Telephone: (540) 672 4224
Facsimile: (540) 672-3055

*Attorneys for Plaintiffs*

---

[2] Plaintiff has requested and Monsanto has agreed to a 7-day extension of time for plaintiff to produce a PFS. Thus, Plaintiff Castro has represented she will produce a PFS on September 8, 2021.

/s/ William Hoffman
William Hoffman (pro hac vice)
(william.hoffman@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave NW,
Washington, DC 20001
Tel: 202-942-6915
Fax: 202-942-5999

/s/ Brian L. Stekloff
Brian L. Stekloff (pro hac vice)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (pro hac vice)
(rkilaru@wilkinsonstekloff.com)
WILKINSON STEKLOFF LLP
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:    202-847-4030
Fax:   202-847-4005


Attorneys for Defendant
MONSANTO COMPANY

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of September, 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filling to all appearing parties of record.

By: /s/ Brian L. Stekloff