**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

*Attorneys for Defendants*

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax: 202-682-1639

*Attorneys for Defendants Monsanto Company; Wilbur-Ellis Company LLC; Wilbur-Ellis Nutrition, LLC (formerly known as Wilbur-Ellis Feed, LLC); and Triple D Hardware Company d/b/a Van's Ace Hardware*

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax: 202-942-5999

*Attorneys for Defendant Monsanto Company*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: | **DEFENDANT MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF DONALD MILLER'S MOTION TO REINSTATE PREFERENTIAL TRIAL SETTING** |
| *Donald Miller v. Monsanto Company, et al.,* Case No. 3:21-cv-04219-VC | |
| | Date:       September 23, 2021 |
| | Time:       2:00 p.m. |
| | Courtroom:  4 |

## INTRODUCTION AND ISSUES TO BE DECIDED

On June 3, 2021, Monsanto Company ("Monsanto") removed this case from California state court to this Court based on evidence showing that the other defendants were fraudulently joined. Plaintiff Donald Miller has not challenged that showing – the motion at issue here specifically "does not contest the removal," Plaintiff's Notice of Motion and Motion to Reinstate Preferential Trial Setting at 4 ("Plaintiff's Motion"), ECF No. 13525.[1] Instead, Plaintiff seeks an expedited trial date in this Court by analogy to California's "trial preference" statute.

Plaintiff's Motion is an improper attempt to jump to the front of the line in these multidistrict litigation ("MDL") proceedings. Plaintiff filed this lawsuit in California state court in November 2020, and it was added to these MDL proceedings in June 2021, so this case is relatively new compared to many of the cases that are part of these MDL proceedings. Plaintiff's Motion ignores those other cases and the broader coordination and case management issues that this Court should consider to serve the interests of all parties to these MDL proceedings. Indeed, granting Plaintiff's Motion would result in a different schedule for this case than the case management schedule that this Court recently ordered for the next wave of cases, with input from Monsanto's counsel and the plaintiffs' attorneys appointed by this Court to lead these MDL proceedings. *See* Order Granting Joint Request for Revised Schedule for Wave 4 Cases and Addition of Cases to Wave 4 ("Wave 4 Order"), ECF No. 13617.

Moreover, Plaintiff's Motion has no legal basis. Unlike California state law, federal law contains no provision for accelerating certain plaintiffs' cases for "trial preference" based upon age or medical condition. Plaintiff's reliance on 28 U.S.C. § 1657 and Rule 16 of the Federal Rules of Civil Procedure to seek a preferential trial setting lacks merit, and Plaintiff can identify no reason why he should be entitled to different case management treatment by this Court than the many hundreds of other plaintiffs whose cases are included in these MDL proceedings.

The issue to be decided is whether this Court should deny Plaintiff's Motion. As

---

[1] Plaintiff's Motion was filed on this Court's MDL-wide docket. Previously, Plaintiff filed an almost identical motion (incorrectly docketed by Plaintiff as a "Notice of Motion/Stipulation") on this Court's case-specific docket.

discussed in more detail below, the answer is "Yes."[2]

## ARGUMENT

**I. California's Trial Preference Statute Does Not Apply To This Case And Does Not Constrain This Court's Discretion To Manage This Case Or The Court's Docket.**

Plaintiff recognizes that the statute he used to obtain a favorable ruling on his motion for an expedited trial date in California state court, *see* California Code of Civil Procedure § 36, does not apply here. However, he tries to rely on that statute indirectly, contending that "the spirit of [Section 36] is embodied in 28 U.S.C. section 1657 and Federal Rule of Civil Procedure . . . 16, which allow a district court ample latitude in arranging its docket expediating [*sic*] certain cases to trial." Plaintiff's Motion at 5. Not so. Section 36 imposes stringent restrictions in particular circumstances on California state court judges' discretion to manage their dockets by requiring those judges to move certain cases to the front of the line for expedited trials. By contrast, 28 U.S.C. § 1657 and Rule 16 give federal district court judges broad discretion to manage their dockets without imposing any specific restrictions regarding the circumstances in which a personal injury case should be set for an expedited trial.

The standards that govern a California state court's decision to order a trial preference setting based on Section 36, including a plaintiff's age or medical condition, do not bind this Court – and no analogous federal statute exists. *See O'Connor v. Boeing North Am., Inc.*, No. CV 97-1554 DT (RCx), 2004 U.S. Dist. LEXIS 31338, at *23 (C.D. Cal. June 7, 2004) ("While the California Code of Civil Procedure allows for expedited trials in state court actions pursuant to the judge's discretion, there is no federal court counterpart which governs this action."); *Wakefield v. Glob. Fin. Priv. Cap., LLC*, No. 15cv0451 JM(JMA), 2015 WL 12699870, at *2 n.3, *3 (S.D. Cal. Sept. 17, 2015) (stating that Section 36 does not apply to federal court lawsuits and that "no analogous federal statute exists"). Thus, the statutory basis for the preferential trial

---

[2] As the only proper defendant in this case, Monsanto opposes Plaintiff's Motion. The other three defendants – Wilbur-Ellis Company LLC; Wilbur-Ellis Nutrition, LLC (formerly known as Wilbur-Ellis Feed, LLC); and Triple D Hardware Company d/b/a Van's Ace Hardware – were fraudulently joined, so the Court should dismiss all claims asserted against those defendants. To the extent that it may matter to the Court, those defendants also oppose Plaintiff's Motion.

setting order previously issued by the California state court for this case does not control this Court's ruling on Plaintiff's Motion.

## II. Section 1657 And Rule 16 Do Not Support Plaintiff's Request To Jump To The Front Of The Line In These MDL Proceedings.

*First*, Plaintiff's reliance on Section § 1657 is misplaced. That statute states that a court "shall expedite the consideration of any action brought under chapter 153 or section 1826 of this title, any action for temporary or preliminary injunctive relief, or any other action if good cause therefor is shown." 28 U.S.C. § 1657(a). "'[G]ood cause' is shown if a right under the Constitution of the United States or a Federal Statute (including rights under section 552 of title 5) would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.*

Plaintiff has not shown, and cannot show, good cause for an expedited trial based on Section 1657 because this personal injury lawsuit does not seek to vindicate a right under the United States Constitution or a federal statute. Plaintiff has stated specifically that his allegations in this case are made pursuant to California law, Complaint ¶ 113, ECF No. 1-1, and that his "claims do not seek to enforce federal law," *id*. ¶ 114.

Indeed, Plaintiff's argument that this Court should grant an expedited trial due to Plaintiff's medical condition is the same argument that was rejected by the Central District of California in the *O'Connor* case. In that personal injury class action, plaintiffs argued that they were entitled to their "day in Court" and moved to expedite the trial date based on declarations that their medical conditions raised "substantial medical doubt of their survival beyond six months." *O'Connor*, 2004 U.S. Dist. LEXIS 31338, at *19-20. The court rejected these arguments and denied the motion for an expedited trial, holding that plaintiffs' arguments and reasoning did not meet the criteria for "good cause" under Section 1657. *Id*. at *23.[3]

---

[3] The *Wakefield* order – the sole case cited by Plaintiff – does not support his reliance on Section 1657. The *Wakefield* court did not base its ruling on Section 1657: "Defendants argue that 28 U.S.C. § 1657 does not apply to Plaintiff's request for trial preference, because this matter does not involve a right under the U.S. Constitution or a federal statute. Plaintiff does not dispute this point, but instead requests that the court exercise its general discretion to grant trial preference to Plaintiff, given her age and health conditions." *Wakefield*, 2015 WL 12699870, at *3.

*Second*, Plaintiff's Rule 16 argument lacks merit.  Although Rule 16 gives this Court discretion to manage its docket, Plaintiff focuses only on his own case and improperly ignores the fact that this case is now only one of many lawsuits assigned to this Court for "coordinated or consolidated pretrial proceedings," 28 U.S.C. § 1407(a).  Plaintiff's Motion does not propose a case management schedule for this case or specify a proposed trial date.  Presumably, however, Plaintiff is seeking to proceed on a more accelerated schedule than the schedule that the Court recently ordered, with input from Monsanto's counsel and the plaintiffs' attorneys appointed by this Court to lead these MDL proceedings, for the next wave of cases to be worked up.  *See* Wave 4 Order, ECF No. 13617.  The relief sought by Plaintiff's Motion would be at odds with that case management schedule and would be unfair to other plaintiffs.  By their very nature, most cases in these MDL proceedings involve plaintiffs who are elderly and have significant medical problems.  Many of those plaintiffs have been waiting longer than Plaintiff for their cases to be resolved.  Plaintiff's Rule 16 argument fails to take into account that, as an MDL court, this Court is expected to exercise its broad discretion to coordinate and manage numerous complex cases efficiently and equitably for the benefit of ***all parties*** to these MDL proceedings, not solely for Plaintiff's benefit.

Granting Plaintiffs' Motion also would unfairly prejudice Monsanto by allowing plaintiffs' lawyers to cherry-pick a case for an expedited trial.  In the California state court Roundup litigation, plaintiffs' lawyers repeatedly have used Section 36 to engage in such cherry-picking and secure expedited trials for their preferred cases without Monsanto having any say in which cases should be tried.[4]  There is no good legal or practical reason to bring that same

---

[4] As this Court knows, two of those cases (*Johnson*, *Pilliod*) have been tried to verdicts by California state court juries.  One case (*Stephens*) is currently in trial pursuant to Section 36 in California state court.  Two cases are set for trial soon this year in California state courts pursuant to Section 36 (*Clark* in September and *Jimenez* in October).  A Section 36 motion for expedited trial was granted in another California state court case (*Dublino*), but that trial date has not been set yet.  The lawyers who are counsel of record for Plaintiff in this case also are counsel of record for the plaintiffs in *Stephens*, *Clark*, *Jimenez*, and *Dublino*.  Although there is a Judicial Council Coordinated Proceeding ("JCCP") for California state court Roundup lawsuits, none of the cases set for trial by the JCCP court were selected with Monsanto's input.  All of those cases were chosen by plaintiffs' lawyers strategically using Section 36 motions to push their preferred cases to the front of the line.

distorted process into these MDL proceedings.  Such a one-sided approach to managing complex, coordinated cases would be antithetical to the purpose of these MDL proceedings – namely, managing the overall coordinated litigation to benefit all parties – and would unfairly prejudice Monsanto.[5]

Moreover, there is an appropriate, well-recognized solution for the argument that Plaintiff makes regarding the relevance of his testimony, *see* Plaintiff's Motion at 6, 8 – namely, a trial preservation deposition.[6]  This Court responded to a request for an expedited trial made by another plaintiff in these MDL proceedings by ordering a trial preservation deposition.  *See Giglio v. Monsanto Co.*, Pretrial Order No. 71, ECF No. 73 (N.D. Cal. Feb. 6, 2019).  The standard approach to addressing a plaintiff's declining health is to take a preservation deposition that can be used if the plaintiff is not available to testify at trial.  "When a witness is suffering from poor health and will likely be unavailable for trial, it is common for parties to take a 'preservation deposition' to memorialize the witness' trial testimony."  *AG Equip. Co. v. AIG Life Ins. Co.*, No. 07-CV-0556-CVE-PJC, 2009 WL 414046, at *3 (N.D. Okla. Feb. 18, 2009); *see Turnage v. Humility of Mary Health Partners*, No. 4:13CV00493, 2013 WL 12139453, at *2 n.2 (N.D. Ohio Apr. 3, 2013) (stating that, in a case with a terminally ill plaintiff, it was "prudent to take full advantage of the earliest opportunities to depose Plaintiff and to preserve the resultant sworn testimony for future use").  In fact, the *Wakefield* order (upon which Plaintiff's Motion relies so heavily) required the parties to make arrangements for a trial preservation deposition of the plaintiff.  *See Wakefield*, 2015 WL 12699870, at *4.  Monsanto has worked cooperatively with plaintiffs' lawyers to schedule trial preservation depositions in other Roundup lawsuits and

---

[5] Plaintiff relies on one case – *Wakefield*, 2015 WL 12699870– that is inapposite and does not support the relief sought in Plaintiff's Motion.  That case was not part of MDL proceedings, so the ruling on that trial preference motion did not take into account the important, broader case-management-and-coordination interests that are at issue in these MDL proceedings.

[6] Plaintiff was deposed in May 2021, before Monsanto removed this case to this Court.  That was not a trial preservation deposition; Plaintiff's counsel did not ask any questions.

is amenable to working with Plaintiff's counsel to do so in this case as well.  Therefore, there is no reason to set an expedited trial in this case.[7]

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion.

DATED:  September 2, 2021                                           Respectfully submitted,

|  |  |
|---|---|
| William Hoffman (*pro hac vice*) <br> (william.hoffman@arnoldporter.com) <br> Daniel S. Pariser (*pro hac vice*) <br> (daniel.pariser@arnoldporter.com) <br> ARNOLD & PORTER KAYE SCHOLER LLP <br> 601 Massachusetts Avenue, NW <br> Washington, DC 20001 <br> Tel:  202-942-5000 <br> Fax:  202-942-5999 <br><br> *Attorneys for Defendant Monsanto Company* <br><br> Brian L. Stekloff (*pro hac vice*) <br> (bstekloff@wilkinsonstekloff.com) <br> Rakesh Kilaru (*pro hac vice*) <br> (rkilaru@wilkinsonstekloff.com) <br> WILKINSON STEKLOFF LLP <br> 2001 M Street, NW, 10th Floor <br> Washington, DC 20036 <br> Tel:  202-847-4030 <br> Fax:  202-847-4005 <br><br> *Attorneys for Defendant Monsanto Company* | /s/ Eric G. Lasker <br> Eric G. Lasker (*pro hac vice*) <br> (elasker@hollingsworthllp.com) <br> Martin C. Calhoun (*pro hac vice*) <br> (mcalhoun@hollingsworthllp.com <br> HOLLINGSWORTH LLP <br> 1350 I Street, NW <br> Washington, DC 20005 <br> Tel:  202-898-5800 <br> Fax:  202-682-1639 <br><br> *Attorneys for Defendants Monsanto Company; Wilbur-Ellis Company LLC; Wilbur-Ellis Nutrition, LLC (formerly known as Wilbur-Ellis Feed, LLC); and Triple D Hardware Company d/b/a Van's Ace Hardware* |

---

[7] Plaintiff's Motion is based on an important assumption – not supported by any analysis – that this lawsuit should go to trial in this Court.  That assumption is not correct.  The Eastern District of California is: (a) where Plaintiff has lived for more than three decades (since 1987); (b) where he was living when he first experienced his cancer symptoms; (c) where he was living when his cancer was diagnosed; (d) where he was allegedly exposed to Roundup®-branded herbicides from 1987 to 2017; and (e) where his treating physicians are located (the oncologist who diagnosed and treats his cancer (Dr. Sunny Philip) and his primary care physicians (Dr. Craig Hall, Dr. Robert Williams)).  Plaintiff's claims arose in the Eastern District of California – not the Northern District of California – so Plaintiff engaged in forum shopping when he filed this lawsuit in San Francisco County, instead of his "home court" (San Joaquin County).  If this Court is inclined to accommodate Plaintiff's concerns without disrupting the case management schedule set in the Wave 4 Order, the Court should transfer this case to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1404(a), which gives this Court discretion to transfer this lawsuit to that district "[f]or the convenience of parties and witnesses" and "in the interest of justice."