**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 2392339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100
Fax: 310 -576-2200

*Attorneys for Defendant Monsanto Company*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| *Donnie Leon Powell v. Monsanto Co.*, 3:20-cv-05623-VC | **MONSANTO COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS** |
| | **Hearing:** |
| | Date:  September 23, 2021 |
| | Time:  2:00 p.m. |
| | Place:  Courtroom 4 |

## I.     INTRODUCTION

In response to Monsanto's motion for summary judgment for failure to produce the necessary expert testimony on causation, Plaintiff offers a non-substantive, one-page response that references (without explanation) prior MDL pleadings and a previously undisclosed and un-served report by Dr. Charles Benbrook.  But Plaintiff's response fails to address the critical failure of his case: he has not disclosed any expert witness on the issue of specific causation.

Plaintiff improperly conflates general causation with specific causation, contending that expert testimony on the former completely satisfies his evidentiary burden on causation and negates the need for expert testimony on the latter.  It does not.  Rather, to establish each of his claims, Plaintiff was required to adduce expert evidence not only that exposure to Roundup *can* cause NHL generally (*i.e.* general causation), but also that exposure to Roundup actually *did* cause Plaintiff's NHL specifically (*i.e.* specific causation).

Plaintiff did not disclose any expert witness on the issue of specific causation, and thus no expert will say that exposure to Roundup was a proximate cause of Plaintiff's NHL specifically.  As a result, Monsanto is entitled to summary judgment on causation grounds.

## II.     EXPERT TESTIMONY IS REQUIRED TO ESTABLISH SPECIFIC CAUSATION.

As explained in Monsanto's motion, "[p]roducts liability cases are quintessentially expert cases." *Martinez v. Ethicon Inc.*, No. 7:19-cv-00164, 2020 WL 2113638, at *2 (S.D. Tex. May 1, 2020) (further noting that "Texas courts have regarded expert testimony on causation as particularly vital in cases involving complex medical devices and medical diagnoses.").  Thus, "[t]he Supreme Court of Texas has consistently required expert testimony and objective proof to support a jury finding that a product defect caused the plaintiff's condition." *Martinez v. Medical Depot, Inc.*, 434 F.Supp.3d 537, 556 (S.D. Tex. Jan. 17, 2020) (internal quotation marks and citation omitted). *See also* Motion at 2-3 (citing cases).

Plaintiff does not even attempt to address any of the cases cited by Monsanto, nor does Plaintiff offer any legal authority to the contrary.  Instead, without any explanation, Plaintiff incorporates three pleadings that were previously filed on the MDL docket: (1) Plaintiffs' Response in Opposition to Monsanto's Daubert and Summary Judgment Motion Based on Failure of General

Causation Proof (ECF #647); (2) Plaintiffs' Supplemental Brief Pursuant to PTO 34 (ECF #1135); and (3) Plaintiffs' Response in Opposition to Monsanto's Specific Causation Daubert and Summary Judgment Motion and Daubert Motion to Strike Certain Opinions of Monsanto Company' Expert Witnesses (ECF #2478).  But these pleadings do nothing to establish specific causation.  The first pleading (#647), which was filed nearly four years ago, deals only with general causation. The second pleading (#1135), also deals with only general causation—specifically the Agricultural Health Study, a cohort study investigating health risks among licensed registered-pesticide-users in North Carolina and Iowa.   The third pleading (#2478) related to three cases—*Hardeman v. Monsanto Co.*, *et al.* (3:16-cv-0525-VC); *Stevick v. Monsanto Co., et al.* (3:16-cv-2341-VC); *Gebeyehou v. Monsanto Co., et al.* (3:16-cv-5813)—and whether Monsanto's specific causation experts in those cases should be excluded.

None of these pleadings relate to Plaintiff's specific causation, or why Plaintiff should be permitted to escape the unequivocal authority that expert testimony is necessary to establish specific causation.  As a result, the legal basis for Monsanto's motion is uncontested and the motion should be granted.

Plaintiff also does not dispute that the "causal link" between Plaintiff's alleged injury and Roundup is beyond the jury's common understanding. *See* Motion at 3.  In such a case, the law is clear: expert testimony is required "to establish **both** general and specific causation." *Sedgwick v. BP Prods. N. Am., Inc.*, No. G-13-188, 2014 WL 6911543, at *3 (S.D. Tex. Nov. 4, 2014) (emphasis added)("Plaintiff's claim is beyond the general experience of laypersons, and therefore requires expert testimony to establish both general and specific causation."); *see also Carter v. Southstar Management, LLC*, No. H-17-727, 2018 WL 5281791 (S.D. Tex. Oct. 24, 2018) ("toxic tort cases require expert evidence of both general and specific causation"); *Cano v. Everest Minerals Corp.*, 362 F.Supp.2d 814, 817 (W.D. Tex. 2005) ("Dr. Dollinger is the only expert offered to testify on the issue of specific causation, and exclusion of his testimony would necessitate a grant of summary judgment in favor of Defendants."); *Owens v. Am. Home Prods. Corp.*, No. G-02-185, 2005 WL 1657036, at *2 (S.D. Tex. July 12, 2005) ("A plaintiff must offer evidence of both" general and specific causation in a product liability case, "regardless of whether the plaintiff proceeds on a

theory of strict liability, negligence, gross negligence, or breach of warranty."); Motion at 3. Moreover, expert testimony on specific causation is particularly necessary in a case like this, where the injury alleged has multiple potential causes. *See*, *e.g.*, *Newton v. Roche Labs., Inc.*, 243 F.Supp.3d 672, 683 (W.D. Tex 2002) (to establish specific causation, the expert "must demonstrate that the product was more likely to have caused a plaintiff's injuries than any other potential cause.").

## III.   PLAINTIFF HAS NO EXPERT TESTIMONY SHOWING SPECIFIC CAUSATION.

It is undisputed that Plaintiff has not designated any expert witness to opine on the issue of specific causation. That is, Plaintiff has no expert testimony that exposure to Roundup caused his NHL specifically.[1]

Plaintiff attaches to his Opposition a previously-undisclosed and unserved 154-page expert report of Dr. Charles Benbrook, which he claims supports "the causation element of Plaintiff's claim." As an initial matter, the Court should disregard Dr. Benbrook's report as untimely. It was signed by Dr. Benbrook on August 31, 2021, the same day that Plaintiff filed his opposition. (*See* ECF 13641-3 at p. 141.) This MDL Court required all Wave 3 plaintiffs, including Plaintiff, to submit expert reports no later than June 29, 2021. *See* Order Granting Joint Request for Revised Schedule for Wave 3 Cases and Addition of Cases to Wave 3 as Modified (ECF #12197). Plaintiff sought, and obtained, an extension to disclose expert reports until July 9, 2021. (MDL ECF # 13200, Individ. ECF #10, 11). Even with the extension, Plaintiff submitted the report of Dr. Benbrook *53 days late* (and only in an effort to avoid summary judgment).

Even if the Court considers Dr. Benbrook's significantly untimely report, summary judgment on causation would still be required because Dr. Benbrook does not provide any evidence regarding *specific causation*. Dr. Benbrook is an agricultural economist, who testifies regarding the history of the EPA's regulatory framework for herbicides. Dr. Benbrook is not a scientist or doctor

---

[1] Plaintiff makes a passing reference to "his own doctor's opinions that his diagnosed NHL was likely caused by his exposure to Roundup." (Opp. at 2.) But Plaintiff provides no citation or evidentiary support for this naked assertion and thus cannot avoid summary judgment based on it. Indeed, he does not even provide the name of this purported doctor. In fact, no doctor testified that Plaintiff's NHL was likely caused by Roundup exposure.

regarding specific (or even general) causation—he is a historian.  Indeed, Dr. Benbrook's report does not provide any indication that he has ever examined or even spoken with Plaintiff.  (Opp., Exh. 3.)

Thus, it is still undisputed that Plaintiff has not designated any expert witness to opine on the issue of specific causation.  As a result, Plaintiff cannot sustain his evidentiary burden to establish proximate causation on any of his claims, and summary judgment for Monsanto is required.

**III.      CONCLUSION**

Without any expert testimony that *Plaintiff's NHL specifically* was caused by exposure to Roundup, Plaintiff cannot sustain his claims, and Monsanto is entitled to summary judgment.

Dated:  September 7, 2021                                    Respectfully submitted,

                                                                            */s/ Jed P. White*_____
                                                                            Jed P. White
                                                                            Attorneys for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to the within action; my business address is 120 Broadway, Suite 300, Santa Monica, CA 90401-2386. My email address is raul.morales@bclplaw.com.

On September 7, 2021, I served the foregoing document(s), described as: **MONSANTO COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS** on each interested party in this action, as follows:

☒     BY CM/ECF NOTICE OF ELECTRONIC FILING:  I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court, or by another manner as authorized by FED. R. CIV. P. 5.

Executed on September 7, 2021, at Santa Monica, California.

☒     FEDERAL:  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
*/s/ Raul Morales*
Raul Morales