**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel:  202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel:  202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel:  415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 2392339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| *La Yuanda Denkins v. Monsanto Co.*, 3:20-cv-03301-VC | **MONSANTO COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS** |
| | **Hearing:** <br> Date:   September 30, 2021 <br> Time:  2:00 p.m. <br> Place:  Courtroom 4 |

## I. INTRODUCTION

Plaintiff's response to Monsanto's Motion for Summary Judgment on Causation Grounds demonstrates a fundamental misunderstanding of the distinction between general causation and specific causation. Whether inadvertently or by design, Plaintiff improperly conflates general causation with specific causation, contending that expert testimony on the former completely satisfies her evidentiary burden on causation and negates the need for expert testimony on the latter. It does not. Rather, to establish each of her claims, Plaintiff was required to adduce expert evidence not only that exposure to Roundup *can* cause cancer generally (*i.e.* general causation), but also that exposure to Roundup actually *did* cause Plaintiff's cancer specifically (*i.e.* specific causation). Plaintiff did not disclose any expert witness on the issue of specific causation, and thus no expert will say that exposure to Roundup was a proximate cause of Plaintiff's cancer specifically. As a result, Monsanto is entitled to summary judgment on causation grounds.

## II.   EXPERT TESTIMONY IS REQUIRED TO ESTABLISH SPECIFIC CAUSATION.

Plaintiff spends the vast majority of her opposition simply describing the opinions of the four general causation experts designated by all Wave 3 plaintiffs. *See* Opp. (ECF 11) at 2-3 (acknowledging that Drs. Portier, Ritz, Weisenburger, and Jameson were all designated on the issue of general causation only). Plaintiff also cites testimony from her treating oncologist, Dr. Pandya, that Plaintiff was diagnosed with a form of non-Hodgkin's Lymphoma. *See* Opp. (ECF 11) at 3-4.

Without citing a single case, Plaintiff then leaps to the conclusion that, because she designated general causation expert witnesses "stating that Roundup causes non-Hodgkin's Lymphoma, and Ms. Denkins suffered from a form of non-Hodgkin's Lymphoma, then a fact issue is raised as to whether Roundup caused Ms. Denkin's [sic] cancer." Opp. at 1. It is unsurprising that Plaintiff cites no legal authority for this assertion, as it entirely writes out the clear requirement that expert testimony is needed to prove both general *and* specific causation in a product liability case like this.

As explained in Monsanto's motion, "[p]roducts liability cases are quintessentially expert cases." *Martinez v. Ethicon Inc.*, No. 7:19-cv-00164, 2020 WL 2113638, at *2 (S.D. Tex. May 1, 2020) (further noting that "Texas courts have regarded expert testimony on causation as particularly

vital in cases involving complex medical devices and medical diagnoses."). Thus, "[t]he Supreme Court of Texas has consistently required expert testimony and objective proof to support a jury finding that a product defect caused the plaintiff's condition." *Martinez v. Medical Depot, Inc.*, 434 F.Supp.3d 537, 556 (S.D. Tex. Jan. 17, 2020) (internal quotation marks and citation omitted). *See also* Motion at 2-3 (citing cases). Plaintiff does not even attempt to address any of the cases cited by Monsanto, nor does Plaintiff offer any legal authority to the contrary. As a result, the legal basis for Monsanto's motion is uncontested and the motion should be granted.

Plaintiff also does not dispute that the "causal link" between Plaintiff's alleged injury and Roundup is beyond the jury's common understanding. *See* Motion at 3. In such a case, the law is clear: expert testimony is required "to establish **both general and specific causation**." *Sedgwick v. BP Prods. N. Am., Inc.*, No. CIV.A. G-13-188, 2014 WL 6911543, at *3 (S.D. Tex. Nov. 4, 2014) (emphasis added)("Plaintiff's claim is beyond the general experience of laypersons, and therefore requires expert testimony to establish both general and specific causation."); *see also Carter v. Southstar Management, LLC*, No. CV H-17-727, 2018 WL 5281791 (S.D. Tex. Oct. 24, 2018) ("toxic tort cases require expert evidence of both general and specific causation"); *Cano v. Everest Minerals Corp.*, 362 F.Supp.2d 814, 817 (W.D. Tex. 2005) ("Dr. Dollinger is the only expert offered to testify on the issue of specific causation, and exclusion of his testimony would necessitate a grant of summary judgment in favor of Defendants."); *Owens v. Am. Home Prods. Corp.*, No. CIV. A. G-02-185, 2005 WL 1657036, at *2 (S.D. Tex. July 12, 2005) ("A plaintiff must offer evidence of both" general and specific causation in a product liability case, "regardless of whether the plaintiff proceeds on a theory of strict liability, negligence, gross negligence, or breach of warranty."); Motion at 3. Moreover, expert testimony on specific causation is particularly necessary in a case like this, where the injury alleged has multiple potential causes. *See*, *e.g.*, *Newton v. Roche Labs., Inc.*, 243 F.Supp.2d 672, 683 (W.D. Tex 2002) (to establish specific causation, the expert "must demonstrate that the product was more likely to have caused a plaintiff's injuries than any other potential cause.").

Here, it is undisputed that Plaintiff has not designated any expert witness to opine on the issue of specific causation. That is, Plaintiff has no expert testimony that exposure to Roundup

caused Plaintiff's cancer specifically.  As a result, she cannot sustain her evidentiary burden to establish proximate causation on any of her claims, and summary judgment for Monsanto is required.

### III.     CONCLUSION

The designation of expert witnesses on the issue of general causation submitted by all Wave 3 plaintiffs and Plaintiff's diagnosis of non-Hodgkin's Lymphoma from her treating oncologist does not satisfy Plaintiff's evidentiary burden of adducing expert testimony on the issue of *specific causation* in this case.  Without any expert testimony that *Plaintiff's cancer specifically* was caused by exposure to Roundup, Plaintiff cannot sustain her claims, and Monsanto is entitled to summary judgment.

Dated: September 7, 2021                    Respectfully submitted,

                                            */s/ Jed P. White*
                                            Jed P. White
                                            Attorneys for Defendant Monsanto Company

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to the within action; my business address is 120 Broadway, Suite 300, Santa Monica, CA 90401-2386. My email address is raul.morales@bclplaw.com.

On September 7, 2021, I served the foregoing document(s), described as: **MONSANTO COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS** on each interested party in this action, as follows:

☒ BY CM/ECF NOTICE OF ELECTRONIC FILING: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court, or by another manner as authorized by FED. R. CIV. P. 5.

Executed on September 7, 2021, at Santa Monica, California.

☒ FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ Raul Morales*
Raul Morales