**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:     (713) 227-8008
Facsimile:     (713) 227-9508
Email:          jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |

This document relates to:

*Diane E. Warholak, as Administratrix of the*
*Estate of James T. Warholak, Deceased v.*
*Monsanto Company, Bayer Corporation, and*
*Bayer AG*, Case No. 3:21-cv-06112

## <u>MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint, except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff.

2.      The allegations in paragraph 25 set forth conclusions of law for which no response is required. To the extent that a response is required, Monsanto admits the allegations in paragraph 25 based upon the allegations in plaintiff's Complaint.

3. The allegations in paragraph 3 set forth conclusion of law for which no response is required.

4. The allegations in paragraph 4 set forth conclusion of law for which no response is required.

5. The allegations in paragraph 5 set forth conclusion of law for which no response is required.

6. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies those allegations.

7. The allegations in paragraph 7 set forth conclusion of law for which no response is required.

8. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies those allegations.

10. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies those allegations.

11. The allegations in paragraph 11 comprise attorney characterizations and are accordingly denies. Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

12. Monsanto admits the allegations in the first sentence of paragraph 12. The remaining allegations in paragraph 12 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

13. The allegations in paragraph 13 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

14. The allegations in paragraph 14 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

15. The allegations in paragraph 15 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

16. The allegations in paragraph 16 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

17. The allegations in paragraph 17 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

18. The allegations in paragraph 18 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

19. The allegations in paragraph 19 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

20. In response to the allegations in paragraph 20, Monsanto denies that it engaged in any wrongdoing or wrongful acts or omissions. Monsanto denies – and objects to – allegations by plaintiffs that purport to lump Monsanto together with other defendants. Monsanto responds to the allegations in paragraph 20 and other allegations in the Complaint only on behalf of Monsanto and not on behalf of any other defendant. The remaining allegations in paragraph 20 set forth conclusions of law and/or are directed at defendants other than Monsanto, so no response from Monsanto is required for these allegations.

21. In response to the allegations in paragraph 21, Monsanto admits that it has sold Roundup®-branded products in Pennsylvania.

22. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies those allegations.

23. The allegations in paragraph 23 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

24. The allegations in paragraph 24 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

25. Monsanto admits the allegations in paragraph 25.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-06112-VC

26.     The allegations in paragraph 26 set forth conclusions of law for which no response is required.

27.     Monsanto denies the allegations in paragraph 27.

28.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products. The remaining allegations in paragraph 28 set forth conclusions of law for which no response is required.

29.     Monsanto admits that it is an agricultural biotechnology corporation with a principal place of business in St. Louis County, Missouri. Monsanto admits that it and its affiliated companies have operations and offices in countries around the world. Monsanto states that the remaining allegations in paragraph 29 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

30.     In response to the allegations in paragraph 30, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 30 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore denies those allegations.

31.     Monsanto admits the allegations in the first sentence of paragraph 31. Monsanto denies the allegations in the second sentence of paragraph 31 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant. Monsanto denies the allegations in the third sentence of paragraph 31 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

32.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies those allegations.

33.     Monsanto admits that it has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a

- 4 -

belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 33 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 33.

34.     In response to the allegations in paragraph 34, Monsanto admits that farmers have safely used Roundup®-branded products since the 1970s. Monsanto denies the remaining allegations in paragraph 34.

35.     Monsanto denies the allegations in paragraph 35.

36.     Monsanto denies the allegations in paragraph 36.

37.     Monsanto admits the allegations in the first two sentences of paragraph 37 and admits that at all relevant times it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA. Monsanto denies the remaining allegations in paragraph 37.

38.     In response to the allegations in paragraph 38, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

39.     The allegations in paragraph 39 set forth conclusions of law for which no response is required.

40.     In response to the allegations in paragraph 40, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. The remaining allegations in paragraph 40 set forth conclusions of law for which no response is required.

41.     The allegations in paragraph 41 set forth conclusions of law for which no response is required.

42.     In response to the allegations in paragraph 42, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution in the United States and the State of Pennsylvania.

43.     In response to the allegations in paragraph 43, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. Monsanto states that the term "the product tests" in the final sentence of paragraph 43 is vague and ambiguous, and Monsanto therefore denies the same. The remaining allegations in paragraph 43 set forth conclusions of law for which no response is required.

44.     Monsanto denies the allegations in paragraph 44 to the extent they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44 regarding such pesticide products generally and therefore denies those allegation. The remaining allegations in paragraph 44 set forth conclusions of law for which no response is required.

45.     In response to the allegations in paragraph 45, Monsanto admits that EPA has undertaken a review of glyphosate for purposes of regulatory review and that EPA has not released its findings. Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] `not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2] Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document — Evaluation of the*

revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] `not likely to be carcinogenic to humans'."[3] Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 and therefore denies those allegations.

46.     In response to the allegations in paragraph 46, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies. Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans. In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts,* 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

---

*Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry,* 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20

Monsanto denies the remaining allegations in paragraph 46.

47.     In response to the allegations in paragraph 47, Monsanto admits that it — along with a large number of other companies and governmental agencies — was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 47 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

48.     In response to the allegations in paragraph 48, Monsanto admits that Industrial Bio-Test ("IBT") Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

49.     Monsanto denies the allegations in paragraph 49 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid. As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's

- 8 -

registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 49 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied.

50.     In response to the allegations in paragraph 50, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

51.     In response to the allegations in paragraph 51, Monsanto admits that it — along with numerous other private companies — hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products. Monsanto further admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost. To the extent that the allegations in paragraph 51 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

52.     Monsanto denies the allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety. Monsanto also admits that the patent for glyphosate expired in the United States in 2000. The remaining allegations in paragraph 53 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

54.     In response to the allegations in paragraph 54, Monsanto admits that, following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 54 and accordingly denies those allegations. The remaining allegations in paragraph 54 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

55.     In response to the allegations in paragraph 55, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it

- 9 -

is the only company that sold glyphosate or glyphosate-based herbicides. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 55 and accordingly denies the same. Monsanto denies the allegations in the last two sentences of paragraph 55. The remaining allegations in paragraph 55 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

56.     In response to the allegations in paragraph 56, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto. Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer. To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 56 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

57.     In response to the allegations in paragraph 57, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General. The assurance speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 57 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

58.     Monsanto denies the allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations to the extent they suggest that this ruling was in any way related to plaintiff's claims here that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60.

61.     In response to the allegations in paragraph 61, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 61 go beyond a restatement of the cited document, Monsanto lacks information or

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-06112-VC

knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 61 and therefore denies those allegations.

62.     To the extent that the allegations in paragraph 62 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 62 and therefore denies those allegations.

63.     Monsanto admits the allegations in paragraph 63.

64.     In response to the allegations in paragraph 64, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 64 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 64 and therefore denies those allegations.

65.     Monsanto states that the term "toxic" as used in paragraph 65 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in paragraph 65.

66.     Monsanto admits the allegations in paragraph 66.

67.     In response to the allegations in paragraph 67, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 67.

68.     In response to the allegations in paragraph 68, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004. To the extent that paragraph 68 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 68.

69.     In response to the allegations in paragraph 69, Monsanto states that these documents speak for themselves and do not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 69.

70.     In response to the allegations in paragraph 70, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 70

- 11 -

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 70.

71.    Monsanto denies the allegations in paragraph 71.

72.    In response to the allegations in paragraph 72, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 72 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 72.

73.    In response to the allegations in paragraph 73, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 73 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 73.

74.    Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 74.

75.    Monsanto denies the allegations in paragraph 75.

76.    Monsanto denies the allegations in paragraph 76.

77.    Monsanto denies the allegations in paragraph 77.

78.    Monsanto denies the allegations in paragraph 78.

79.    Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 79.

80.    In response to the allegations in paragraph 80, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 80, which are not limited as of any specified date, and accordingly denies the same.

81.     In response to the allegations in paragraph 81, Monsanto admits that IARC sets forth in its Preamble the procedures that it claims to follow in its carcinogenicity evaluations. Monsanto denies the remaining allegations in paragraph 81.

82.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 82 and therefore denies those allegations.

83.     Monsanto denies any suggestion that IARC reviewed the full body of scientific research in conducting its evaluation of glyphosate or that it reliably reviewed the studies that it cited in its glyphosate monograph. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 83 and therefore denies those allegations.

84.     Monsanto denies the allegations in paragraph 84 to the extent that they suggest that IARC had previously assessed glyphosate. Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

85.     In response to the allegations in paragraph 85, Monsanto admits that IARC issued its monograph for glyphosate, Monograph 112, on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working group are "experts." Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence. Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available. Monsanto denies the remaining allegations in paragraph 85.

86.     In response to the allegations in paragraph 86, Monsanto denies that the IARC working group considered all of the data in the numerous studies that have been conducted looking at the safety of glyphosate and glyphosate-containing herbicides in human populations or that it reliably considered the studies that it purports to have reviewed, which frequently reach conclusions directly contrary to those espoused by the IARC working group. To the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

87.     The allegations in paragraph 87 are vague and conclusory. To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

88.     In response to the allegations in paragraph 88, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but to the extent that this paragraph means that more than *de minimis* amounts of exposure are present, the allegations in paragraph 88 are denied.

89.     Monsanto denies the allegations in paragraph 89. The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

90.     In response to the allegations in paragraph 90, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

91.     In response to the allegations in paragraph 91, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors. Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 91.

92.     In response to the allegations in paragraph 92, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration. Regulators around the world repeatedly have concluded that glyphosate is not genotoxic. Monsanto denies the remaining allegations in paragraph 92.

93.     In response to the allegations in paragraph 93, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion. Monsanto denies the remaining allegations in paragraph 93.

94.     In response to the allegations in paragraph 94, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers. The AHS cohort study did not find a positive association between glyphosate and any type of cancer. Monsanto denies all other allegations in paragraph 94.

95.     In response to the allegations in paragraph 95, Monsanto admits that EPA has a technical fact sheet, as part of its Drinking Water and Health, National Primary Drinking Water regulations, relating to glyphosate that predates the IARC March 20, 2015 evaluation, which should be read in context of EPA's precautionary regulatory mandate and EPA's consistent finding that glyphosate does not pose any cancer risk to humans.

96.     Monsanto admits the allegations in paragraph 96.

- 15 -

97.     In response to the allegations in paragraph 97, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 97 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 97.

98.     In response to the allegations in paragraph 98, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions. Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions. Monsanto denies the remaining allegations in paragraph 98.

99.     The allegations in paragraph 99 are vague and ambiguous and are accordingly denied.

100.   In response to the allegations in paragraph 100, Monsanto states that the cited document speaks for itself and does not require a response.

101.   In response to the allegations in paragraph 101, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 101 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 101.

102.   Monsanto denies the allegations in paragraph 102.

103.   In response to the allegations in paragraph 103, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto otherwise denies the allegations in paragraph 103.

104.   Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic. Monsanto otherwise denies the allegations in paragraph 104.

105.   Monsanto denies the allegations in paragraph 105.

106.   Monsanto denies the allegations in paragraph 106.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-06112-VC

1    107.   Monsanto denies the allegations in paragraph 107.

2    108.   Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

3    exposed to glyphosate. Monsanto denies the remaining allegations in paragraph 108.

4    109.   Monsanto denies the allegations in paragraph 109.

5    110.   Monsanto admits the allegations in paragraph 110.

6    111.   Monsanto denies the allegations in paragraph 111.

7    112.   Monsanto admits the allegations in paragraph 112.

8    113.   Monsanto denies the allegations in paragraph 113.

9    114.   Monsanto denies the allegations in paragraph 114.

10   115.   Monsanto denies the allegations in paragraph 115.

11   116.   Monsanto denies the allegations in paragraph 116.

12   117.   Monsanto denies the allegations in paragraph 117.

13   118.   Monsanto denies the allegations in paragraph 118.

14   119.   Monsanto denies the allegations in paragraph 119.

15   120.   Monsanto admits that independent experts and regulatory agencies agree that there

16   is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products

17   and admits that it has made statements reflecting this fact. Monsanto denies the remaining

18   allegations in paragraph 120.

19   121.   In response to the allegations in paragraph 121, Monsanto admits that Roundup®-

20   branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the

21   product's EPA approved labeling. Monsanto otherwise denies the allegations in paragraph 121.

22   122.   In response to the allegations in paragraph 122, Monsanto admits that the IARC

23   working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing

24   discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based

25   herbicides, including the Netherlands, but denies that there is any scientific basis for the concerns

26   raised by the improper IARC classification. Monsanto denies the remaining allegations in

27   paragraph 122.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-06112-VC

123.   In response to the allegations in paragraph 123, Monsanto admits that the IARC working group classification led an individual government attorney in Brazil to write a letter to the Brazilian regulatory authorities requesting a reevaluation of glyphosate. Monsanto denies the remaining allegations in paragraph 123.

124.   Monsanto admits that, in France, the sale to and use by amateurs (*i.e.,* non-professionals) of all pesticides (with certain exceptions for biocontrol pesticides) are prohibited as of January 1, 2019, with certain exceptions. Monsanto denies the remaining allegations in paragraph 124.

125.   In response to the allegations in paragraph 125, Monsanto admits that some employees of Bermuda's government announced an intention to suspend the importation of glyphosate-based herbicides, but lacks information sufficient to form a belief as to the truth of the allegations about whether this suspension took effect and accordingly denies the same. Monsanto denies the remaining allegations in paragraph 125.

126.   In response to the allegations in paragraph 126, Monsanto admits that the IARC monograph appears to be the alleged basis for the Sri Lankan government's actions, including the allegation that glyphosate can cause kidney disease. Monsanto further states that the allegations regarding kidney disease found in Sri Lanka are unrelated to plaintiff's allegations regarding claimed carcinogenicity. Monsanto denies the remaining allegations in paragraph 126.

127.   In response to the allegations in paragraph 127, Monsanto denies the alleged basis for Colombia's suspension of aerial spraying of glyphosate. Colombia's attorney general has explained that the ban on aerial spraying of illicit coca plantations was a concession to the FARC ("Fuerzas Armadas Revolucionarias de Colombia"), and had nothing to do with alleged safety concerns. As of April 2016, the government of Colombia has resumed manual application of glyphosate on illicit coca crops. A federal district court in the United States excluded plaintiffs' expert testimony purporting to link these same aerial eradication operations with cancer as scientifically unreliable. *See Arias v. DynCorp,* 928 F. Supp. 2d 10 (D.D.C. 2013). Monsanto denies the remaining allegations in paragraph 127.

- 18 -

128.   In response to the allegations in paragraph 128, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

129.   In response to the allegations in paragraph 129, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen. Monsanto denies the remaining allegations in paragraph 129.

130.   Monsanto denies the allegations in paragraph 130.

131.   Monsanto denies the allegations in paragraph 131.

132.   Monsanto denies the allegations in paragraph 132.

133.   Monsanto denies the allegations in paragraph 133.

134.   Monsanto denies the allegations in paragraph 134.

135.   Monsanto denies the allegations in paragraph 135.

136.   Monsanto denies the allegations in paragraph 136.

137.   Monsanto denies the allegations in paragraph 137.

138.   Monsanto denies the allegations in paragraph 138.

139.   Monsanto denies the allegations in paragraph 139.

140.   Monsanto denies the allegations in paragraph 140.

141.   Monsanto denies the allegations in paragraph 141.

142.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 142 and therefore denies those allegations.

143.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 143 and therefore denies those allegations.

144.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 144 and therefore denies those allegations.

145.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 145 and therefore denies those allegations.

146.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 146 and therefore denies those allegations.

147.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 147 and therefore denies those allegations.

148.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 148 and therefore denies those allegations.

149.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 149 and therefore denies those allegations.

150.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 150 and therefore denies those allegations.

151.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 151 and therefore denies those allegations.

152.   Monsanto denies the allegations in paragraph 152.

153.   Monsanto incorporates by reference its responses to paragraphs 1 through 152 in response to paragraph 153 of plaintiff's Complaint.

154.   In response to the allegations in paragraph 154, Monsanto admits that plaintiff purports to bring a claim for strict liability design defect, but denies any liability as to that claim.

155.   In response to the allegations in paragraph 155, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that decedent used Roundup®-branded products and therefore denies that allegation. Monsanto denies the remaining allegations in paragraph 155.

156.   Monsanto denies the allegations in paragraph 156.

157.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 157 and therefore denies those allegations.

158.   Monsanto denies the allegations in paragraph 158.

159.   Monsanto denies the allegations in paragraph 159.

160.   Monsanto denies the allegations in paragraph 160.

161.   Monsanto denies the allegations in paragraph 161 and each of its subparts.

162.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 162 concerning decedent's claimed use of Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 162, including that Roundup®-branded products have "dangerous characteristics."

163.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 163 concerning decedent's claimed use of Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 163, including that Roundup®-branded products have "dangerous characteristics."

164.   Monsanto denies the allegations in paragraph 164.

165.   Monsanto denies the allegations in paragraph 165.

166.   Monsanto denies the allegations in paragraph 166.

167.   Monsanto denies the allegations in paragraph 167.

168.   Monsanto denies the allegations in paragraph 168.

169.   Monsanto denies the allegations in paragraph 169.

170.   Monsanto denies the allegations in paragraph 170.

171.   Monsanto denies the allegations in paragraph 171.

172.   Monsanto denies the allegations in paragraph 172.

173.   Monsanto denies the allegations in paragraph 173.

174.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 174 and therefore denies those allegations.

In response to the "WHEREFORE" paragraph following paragraph 174, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

fees as allowed by law and such further and additional relief as this Court may deem just and proper.

175.   Monsanto incorporates by reference its responses to paragraphs 1 through 174 in response to paragraph 175 of plaintiff's Complaint.

176.   In response to the allegations in paragraph 176, Monsanto admits that plaintiff purports to bring a claim for strict liability failure to warn, but denies any liability as to that claim.

177.   Monsanto denies the allegations in paragraph 177.

178.   In response to the allegations in paragraph 178, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that decedent or other entities identified purchased or used Roundup®-branded products and therefore denies that allegation. The allegations in the Complaint's second-numbered paragraph 178 also set forth conclusions of aw for which no response is required. Monsanto denies the remaining allegations in the complaint's second-numbered paragraph 178.

179.   The allegations in paragraph 179 set forth conclusions of law for which no response is required.

180.   Monsanto denies the allegations in paragraph 180. All labeling of Roundup® - branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

181.   Monsanto denies the allegations in paragraph 181.

182.   Monsanto denies the allegations in paragraph 182.

183.   Monsanto denies the allegations in paragraph 183.

184.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 184 and therefore denies those allegations.

185.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph `85 concerning decedent's alleged use of Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 185, including that Roundup®-branded products have "dangerous characteristics."

- 22 -

186. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 186 concerning decedent's alleged use and exposure to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 186, including that Roundup®-branded products have "dangerous characteristics."

187. Monsanto denies the allegations in the first sentence of paragraph 187. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 187 and therefore denies those allegations.

188. Monsanto denies the allegations in paragraph 188.

189. Monsanto denies the allegations in paragraph 189.

190. Monsanto denies the allegations in paragraph 190.

191. Monsanto denies the allegations in paragraph 191.

192. Monsanto denies the allegations in paragraph 192.

193. Monsanto denies the allegations in paragraph 193.

194. Monsanto denies the allegations in paragraph 194.

195. Monsanto denies the allegations in paragraph 195.

196. Monsanto denies the allegations in paragraph 196.

197. Monsanto denies the allegations in paragraph 197.

198. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 198 and therefore denies those allegations.

In response to the "WHEREFORE" paragraph following paragraph 198, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

199. Monsanto incorporates by reference its responses to paragraphs 1 through 198 in response to paragraph 199 of plaintiff's Complaint.

200.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 200 regarding the specific products allegedly used by decedent or any advertising or marketing allegedly seen or considered by decedent and therefore denies the allegations in paragraph 200.

201.   The allegations in paragraph 201 set forth conclusions of law for which no response is required.

202.   The allegations in paragraph 202 set forth conclusions of law for which no response is required.

203.   Monsanto denies the allegations in paragraph 203.

204.   Monsanto denies the allegations in paragraph 204.

205.   Monsanto denies the allegations in paragraph 205. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

206.   Monsanto denies the allegations in paragraph 206.

207.   Monsanto denies the allegations in paragraph 207.

208.   Monsanto denies the allegations in paragraph 208, including each of its subparts.

209.   Monsanto denies the allegations in paragraph 209.

210.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 210 regarding decedent's knowledge and therefore Monsanto denies those allegations. Monsanto denies the remaining allegations in paragraph 210, including hat intended use and/or exposure to Roundup®-branded products causes any injuries.

211.   Monsanto denies the allegations in paragraph 211.

212.   Monsanto denies the allegations in paragraph 212.

213.   Monsanto denies the allegations in paragraph 213. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

214.   Monsanto denies the allegations in paragraph 214.

- 24 -

215.   Monsanto denies the allegations in paragraph 215.

216.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 216 and therefore denies those allegations.

In response to the "WHEREFORE" paragraph following paragraph 216, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

217.   Monsanto incorporates by reference its responses to paragraphs 1 through 216 in response to paragraph 217 of plaintiff's Complaint.

218.   Monsanto denies the allegations in paragraph 218. Additionally, the last sentence in paragraph 218 sets forth a conclusion of law for which no response is required.

219.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 219 regarding plaintiff's and/or decedent's claimed use of Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 219 set forth conclusions of law for which no response is required.

220.   Monsanto denies the allegations in paragraph 220. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

221.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 221 regarding decedent's reliance and therefore denies those allegations. The remaining allegations in paragraph 221 set forth conclusions of law for which no response is required.

222.   The allegations in paragraph 222 set forth conclusions of law for which no response is required.

223.   The allegations in paragraph 223 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-06112-VC

224.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 224 and therefore denies those allegations.

225.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 225 and therefore denies those allegations.

226.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 226 concerning decedent's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations. The allegation in paragraph 226 regarding Monsanto's implied warranties sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 226.

227.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 227 and therefore those allegations.

228.   Monsanto denies that there is any risk of serious injury associated with the as directed use of and/or exposure to Roundup®-branded products and/or glyphosate. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 228 regarding decedent's knowledge about Roundup®-branded products and therefore denies the remaining allegations in paragraph 228.

229.   Monsanto denies the allegations in paragraph 229.

230.   Monsanto denies the allegations in paragraph 230.

231.   Monsanto denies the allegations in paragraph 231.

232.   Monsanto denies the allegations in paragraph 232.

233.   Monsanto denies the allegations in paragraph 233.

234.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 234 and therefore denies those allegations.

In response to the "WHEREFORE" paragraph following paragraph 234, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

fees as allowed by law and such further and additional relief as this Court may deem just and proper.

235. Monsanto incorporates by reference its responses to paragraphs 1 through 234 in response to paragraph 235 of plaintiff's Complaint.

236. The allegations in paragraph 236 set forth conclusions of law for which no response is required.

237. Monsanto denies the allegations in paragraph 237.

238. Monsanto denies the allegation in paragraph 238 that Roundup®-branded products are "dangerous." The remaining allegations in paragraph 238 set forth conclusions of law for which no response is required.

239. In response to the allegations in paragraph 239, Monsanto admits that it has sold Roundup®-branded products in accordance with their EPA-approved labeling. The remaining allegations in paragraph 239 set forth conclusions of law for which no response is required.

240. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 240 regarding decedent's purchase of Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 240 set forth conclusions of law for which no response is required.

241. In response to the allegations in paragraph 241, Monsanto admits that it has sold Roundup®-branded products in accordance with their EPA-approved labeling. The allegations in paragraph 241 regarding express warranties set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 241.

242. Monsanto denies the allegations in paragraph 242.

243. Monsanto denies the allegations in paragraph 243.

244. Monsanto denies the allegations in paragraph 244.

245. Monsanto denies the allegations in paragraph 245.

246. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 246 and therefore denies those allegations.

In response to the "WHEREFORE" paragraph following paragraph 246, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

247.   Monsanto incorporates by reference its responses to paragraphs 1 through 246 in response to paragraph 247 of plaintiff's Complaint.

248.   Monsanto denies the allegations in paragraph 248.

249.   Monsanto denies the allegations in paragraph 249.

250.   Monsanto denies the allegations in paragraph 250.

251.   Monsanto denies the allegations in paragraph 251.

252.   Monsanto denies the allegations in paragraph 252.

253.   Monsanto denies the allegations in paragraph 253.

254.   Monsanto denies the allegations in paragraph 254.

255.   Monsanto denies the allegations in paragraph 255.

256.   Monsanto denies the allegations in paragraph 256.

257.   Monsanto denies the allegations in paragraph 257.

258.   Monsanto denies the allegations in paragraph 258.

259.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 259 and therefore denies those allegations.

260.   Monsanto denies the allegations in paragraph 260.

In response to the "WHEREFORE" paragraph following paragraph 260, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-06112-VC

261.    Monsanto incorporates by reference its responses to paragraphs 1 through 260 in response to paragraph 261 of plaintiff's Complaint.

262.    Monsanto denies the allegations in paragraph 262.

263.    Monsanto admits that plaintiff purports to bring an action on behalf of the decedent's estate but denies that decedent's death was "wrongful" and denies any liability to plaintiff.

264.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 264 and therefore denies those allegations.

265.    Monsanto denies the allegations in paragraph 265.

266.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 266 and therefore denies those allegations.

In response to the "WHEREFORE" paragraph following paragraph 266, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's and/or decedent's alleged injuries.

4.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco,* 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.      Plaintiff's claims are barred, in whole or in part, because plaintiff's and/or decedent's injuries, if any, were the result of conduct of plaintiff and/or decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

- 30 -

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims in whole or in part.

12.     Applicable statutes of limitations and/or repose, or prescriptive periods, bar plaintiff's claims in whole or in part.

13.     Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff and/or decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's and/or decedent's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and/or decedent and owed no duty to him by which liability could be attributed to it.

16.     Plaintiff's claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17.     Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Pennsylvania Constitution, and/or other applicable state constitutions.

18.     Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Pennsylvania law and/or other applicable state laws.

19.     Plaintiff's claims for punitive, exemplary, and/or aggravated damages are barred and/or limited by operation of state and/or federal law.

20.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff and/or decedent. If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

21.     Plaintiff's claims are barred in whole or in part by decedent's contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by decedent's failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff and/or decedent receives from collateral sources.

25.     If plaintiff and/or decedent has been injured or damaged, no injury or damages being admitted, such injuries or damages were not caused by a Monsanto product.

26.     Plaintiff has failed to allege fraud with sufficient particularity.

27.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

29.     Monsanto hereby preserves any and all defenses under *Tincher v. Omega Flex, Inc.*, 104 A.3d 328 (Pa. 2014).

30.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE,** Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED: September 10, 2021.      Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: /s/ Jennise W. Stubbs
  Jennise W. Stubbs
  600 Travis Street, Suite 3400
  Houston, TX 77002-2926
  Telephone:   (713) 227-8008
  Facsimile:   (713) 227-9508
  Email:       jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

## CERTIFICATE OF SERVICE

I certify that on the 10th day of September, 2021, I electronically transmitted the foregoing **MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

/s/ Jennise W. Stubbs
Jennise W. Stubbs