**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH**LLP
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax: 202-682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax: 202-942-5999

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Rob Bundy v. Monsanto Company*, Case No. 3:20-cv-06345-VC | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**DEFENDANT MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND TO REMAND *BUNDY* CASE** |

## <u>INTRODUCTION AND ISSUE TO BE DECIDED</u>

Monsanto Company ("Monsanto") timely removed this case from Florida state court based on a straightforward diversity jurisdiction argument (no Florida defendants), and Plaintiff Rob Bundy (a Florida citizen) did not challenge that removal by filing a remand motion. Instead, after an unexplained delay of more than eight months, Plaintiff filed a Motion for Leave to Amend Complaint to Join Additional Party Defendant and for Remand Due to Lack of Diversity ("Amendment/Remand Motion"), ECF No. 11. That motion seeks leave to add claims against M & W Supply, Inc. ("M & W Supply") – a Florida corporation that was dissolved more than seven years ago – asks this Court to remand this case to Florida state court because those claims would deprive the Court of subject matter jurisdiction by destroying diversity.

The Amendment/Remand Motion is a belated, improper effort to manipulate the forum for this case and deprive Monsanto of its right to have this case adjudicated in federal court. Plaintiff seeks leave to amend based on Rule 15(a) of the Federal Rules of Civil Procedure but that rule does not apply here because he seeks a post-removal amendment that would strip this Court of diversity jurisdiction. Instead, the Amendment/Remand Motion is governed by 28 U.S.C. § 1447(e), which imposes a more demanding burden on Plaintiff than the lax standard of Rule 15(a). A "plaintiff[] may not circumvent 28 U.S.C. § 1447(e) by relying on Fed. R. Civ. P. 15(a) to join [a] non-diverse part[y]." *Hardin v. Wal-Mart Stores*, 813 F. Supp. 2d 1167, 1173 (E.D. Cal. 2011). Applying the Section 1447(e) factors to this case leads to the conclusion that Plaintiff does, and cannot, show that he is entitled to the relief sought in the Amendment/Remand Motion.

The issue to be decided is whether, in these circumstances, this Court should apply Section 1447(e) to: (a) deny Plaintiff's effort to deprive the Court of diversity jurisdiction by belatedly adding claims against a non-diverse corporation that was dissolved more than seven years ago; and (b) deny Plaintiff's request for remand to state court. As discussed in more detail below, the answer to this question is "Yes."

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In August 2020, Plaintiff commenced this lawsuit by filing a complaint in a Florida state court against Monsanto (and Bayer Corporation). Plaintiff did not serve that complaint on either defendant. Instead, he filed an amended complaint that corrected the names of both defendants. Amended Complaint (attached to Notice of Removal as Ex. 2), ECF No. 1-2. That pleading alleged that Plaintiff was "an owner of a lawncare business," *id.* ¶ 5, and asserted claims against Monsanto based on the allegation that Roundup®-branded herbicides caused him to develop non-Hodgkin's lymphoma, *see, e.g., id.* ¶¶ 5, 7-8, 13-15, 20-21, 28. Neither of those complaints included any claims against a Florida defendant. The Summons and Amended Complaint were served on Monsanto on August 19, 2020.

On August 24, 2020, Monsanto timely removed this case to the United States District Court for the Middle District of Florida. Notice of Removal, ECF No. 1. Plaintiff does not claim that this removal was untimely. The Notice of Removal invoked federal subject matter jurisdiction because, when the notice was filed, this case satisfied the diversity-of-citizenship requirement and the jurisdictional-amount-in-controversy requirement. Plaintiff does not contend otherwise.

In September 2020, after a transfer ordered by the Judicial Panel on Multidistrict Litigation, this lawsuit was added to these multidistrict litigation proceedings.

On April 28, 2021 – more than eight months after Monsanto filed the Notice of Removal – Plaintiff filed his Amendment/Remand Motion on the Court's MDL-wide docket, ECF No. 13004. The next day, he filed the motion on the case-specific docket, ECF No. 11.[1]

Plaintiff asserts that M & W Supply was "responsible for selling to Plaintiff much if not most of the Roundup Plaintiff was exposed to," Amendment/Remand Motion at 2, but the motion fails to inform this Court that M & W Supply is a dissolved corporation. Although that important fact is noted in the proposed amended complaint attached to the motion, *see* Proposed

---

[1] Monsanto cites the case-specific docket entries below.

MONSANTO'S OPP'N TO MOTION FOR LEAVE TO AMEND AND TO REMAND *BUNDY* CASE
3:16-md-02741-VC & 3:20-cv-06345-VC

Second Amended Complaint, ECF No. 11-1, Plaintiff does not reveal when that dissolution occurred.[2]  M & W Supply was dissolved more than seven years ago.[3]

## LEGAL STANDARDS

Although requests for leave to amend under Rule 15(a) are routinely and freely granted, Rule 15(a) does not apply when a plaintiff waits until after a lawsuit has been removed to federal court to seek leave to amend to add claims against a non-diverse defendant that would deprive the district court of subject matter jurisdiction.  Instead, such a motion is subject to more stringent scrutiny under Section 1447(e).  As this Court explained when denying a Section 1447(e) motion, "[o]nce a case has been removed, a diversity-destroying amendment could be motivated by the plaintiff's desire to gain procedural advantage by returning to state court." *Bakshi v. Bayer Healthcare, LLC*, No. C07-00881 CW, 2007 WL 1232049, at *2 (N.D. Cal. Apr. 26, 2007) (citing *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086-87 (N.D. Cal. 1999)); *see Clinco*, 41 F. Supp. 2d at 1086-87 (denying amendment under Rule 15(a) because allowing amendment would destroy diversity jurisdiction after removal and "would allow a plaintiff to improperly manipulate the forum of an action").  "Therefore, a district court must scrutinize a proposed diversity-destroying amendment to ensure that it is proper; in other words, ***28 U.S.C. § 1447(e) applies and the logic and policy of Rule 15(a) do not apply***."  *Bakshi*, 2007 WL 1232049, at *2 (citing *Clinco*, 41 F. Supp. 2d at 1086-87) (emphasis added).

The Ninth Circuit and this Court have stated that federal courts should "look with particular care at such motive in removal cases [*i.e.*, a plaintiff's motive for seeking amendment], when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371,

---

[2] In the caption and the first sentence, the proposed Second Amended Complaint notes that M & W Supply is a dissolved Florida corporation.  The caption includes a footnote 1 next to the word "dissolved," but there is no footnote 1 in the rest of the proposed Second Amended Complaint, so it is not clear what Plaintiff intended to say about that issue.

[3] According to publicly available records on the website of the Florida Department of State Division of Corporations, the voluntary dissolution of M & W Supply apparently was authorized by its shareholders in October 2013, *see* Exhibit 1 (attached), and the website provides a January 2014 date for that voluntary dissolution, *see* Exhibit 2 (attached).

1376 (9th Cir. 1980); *Bakshi*, 2007 WL 1232049, at *2 (quoting *Desert Empire Bank*, 623 F.2d
at 1376); *see Yniques v. Cabral*, 985 F.2d 1031, 1036 n.3 (9th Cir. 1993) (stating that plaintiff's
"motive for seeking joinder" of non-diverse defendant was "relevant . . . to the question whether
to permit joinder" under Section 1447(e)) (citing *Desert Empire Bank*, 623 F.2d at 1376).

Pursuant to Section 1447(e), a district court "may deny joinder, or permit joinder and
remand the action to the State court." § 1447(e); *see Newcombe v. Adolf Coors Co.*, 157 F.3d
686, 691 (9th Cir. 1998) (quoting § 1447(e)).

## ARGUMENT

**I.  Section 1447(e) Requires This Court To Reject Plaintiff's Belated, Improper Effort To Manipulate The Forum For This Case And Deprive This Court Of Diversity Jurisdiction By Adding Claims Against An Unimportant Defendant – A Corporation That Was Dissolved More Than Seven Years Ago.**

Courts consider several factors when applying Section 1447(e): (1) whether the new
defendant at issue in the proposed amended complaint is important to the case and needs to be
joined for just adjudication as a necessary party under Rule 19(a) of the Federal Rules of Civil
Procedure 19(a); (2) whether a statute of limitations would affect the plaintiff's ability to bring a
separate suit against the new defendant; (3) whether the plaintiff is responsible for an
unexplained delay in seeking to join the new defendant; (4) whether the plaintiff's primary
reason or motive for the proposed amendment is to destroy the federal district court's diversity
jurisdiction; (5) whether the claims that the plaintiff seeks to add against the new defendant have
merit; and (6) whether the plaintiff would be unduly prejudiced if amendment is denied. *See,
e.g.*, *3WL, LLC v. Master Protection, LP*, No 19-56225, --- F. App'x ---, 2021 WL 929902, at *1
(9th Cir. Mar. 11, 2021) (affirming denial of motion for leave to amend based on Section 1447(e)
and stating that "the timing of the motion . . . raised serious questions about [plaintiff's] intent to
destroy diversity"); *Newcombe*, 157 F.3d at 691 (agreeing with district court's conclusions that
the defendant at issue in the proposed amended complaint "was not a crucial defendant" and that
the plaintiff "would not suffer undue prejudice due to [the proposed defendant's] absence as a
party"); *San Jose Neurospine v. Cigna Health and Life Ins. Co.*, No. 16-CV-05061-LHK, 2016
WL 7242139, at *7-12 (N.D. Cal. Dec. 15, 2016) (applying Section 1447(e) factors to deny

amendment); *Bakshi*, 2007 WL 1232049, at *2-5 (same); *Bonner v. Fuji Photo Film*, 461 F.

Supp. 2d 1112, 1119-20 (N.D. Cal. 2006) (same); *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d

1016, 1020-25 (C.D. Cal. 2002) (same).

    Based on Section 1447(e), this Court should reject Plaintiff's belated attempt to add

claims against M & W Supply.

    ***First***, M & W Supply is a non-existent entity (having been dissolved more than seven

years ago) and was merely an alleged retail seller of Roundup®-branded herbicides, so it is "not a

crucial defendant," *Newcombe*, 157 F.3d at 69, and is not a Rule 19(a) necessary party needed

for just adjudication in this case.  To date, juries have issued verdicts in three Roundup lawsuits

involving claims asserted against Monsanto, but none of those trials included claims against

retail sellers.[4]  In a lawsuit alleging that Roundup®-branded herbicides caused a plaintiff's

cancer, a retail seller is neither a crucial defendant nor a Rule 19(a) necessary party.  Moreover,

Plaintiff's own pleading decision when he commenced this lawsuit in Florida state court shows

that claims against M & W Supply are unnecessary.  Plaintiff allegedly was exposed to

Roundup®-branded herbicides in his capacity as an owner "of a lawncare business," Amended

Complaint ¶ 5, so he must have been aware – before he filed this lawsuit – that he purchased

those herbicides from M & W Supply.  Nevertheless, he did ***not*** assert any claims against M &

W Supply, which is a tacit admission that it is not a Rule 19(a) necessary party and that he

decided that he can secure complete relief in this case without suing M & W Supply.  "Courts do

not allow joinder of non-diverse defendants [under Section 1447(e)] where those defendants . . .

would not prevent complete relief." *Bakshi*, 2007 WL 1232049, at *3.  Plaintiff does not explain

why he failed to sue M & W Supply when he commenced this lawsuit in state court, so this

factor weighs against his request for leave to amend.  *See San Jose Neurospine*, 2016 WL

7242139, at *9 (holding that first factor weighed against amendment because "Plaintiff provides

---

[4] Plaintiff claims that "retailers of Roundup have been held liable for participating in the chain of commerce leading to injuries from its use," Amendment/Remand Motion at 4, but he does not provide any support for that erroneous assertion.

no rationale for why it waited until the [First Amended Complaint] to add CHC [the proposed new defendant] as a defendant, rather than naming CHC in its state court Complaint").[5]

**Second,** Plaintiff has not addressed any statutes of limitations and does not contend that his proposed claims against M & W Supply would be time-barred if amendment is denied here. Therefore, this factor also does not support Plaintiff's request that the Court grant leave to amend. *See San Jose Neurospine*, 2016 WL 7242139, at *9 ("Plaintiff has not addressed any statutes of limitations, nor has Plaintiff suggested that any claims against [the non-diverse defendant added in the amended complaint] would be time-barred. This factor does not support allowing amendment."); *Boon*, 229 F. Supp. 2d at 1023 ("Plaintiffs do not argue that a new action against [the proposed new non-diverse defendant] would be time-barred. Accordingly, this factor does not support allowing the amendment."); *Clinco*, 41 F. Supp. 2d at 1083 ("[Plaintiff] does not argue that a new action against [the non-diverse defendant added in the amended complaint] would be time-barred. Therefore, this factor does not support amendment.").

**Third,** Plaintiff's lengthy, unexplained delay in seeking amendment also weighs against Plaintiff's request for leave to amend. Plaintiff did not need discovery to determine that he purchased Roundup®-branded herbicides from M & W Supply. That information was in his – not Monsanto's – possession. However, Plaintiff failed to name M & W Supply as a defendant when he filed this lawsuit in state court in August 2020, and then he waited for more than eight months before filing the Amendment/Remand Motion. In similar circumstances, Judge Breyer in *Bonner* denied leave to amend based on Section 1447(e) because that plaintiff "failed to explain why she waited until after removal to add these would-be defendants – an omission that is particularly glaring given that she has long known about her picture's appearance in [one would-be defendant's] magazine and that she knew for some time before the case was removed about

---

[5] Plaintiff's proposed Second Amended Complaint states that receipts showing Plaintiff's purchases of Roundup®-branded herbicides from M & W Supply are attached as Exhibit A, Proposed Second Amended Complaint ¶ 9, but no receipts are attached. Plaintiff presumably had access to those receipts before he commenced this lawsuit in Florida state court or otherwise knew that he had purchased those herbicides from M & W Supply.

the existence of [the other would-be defendant]." *Bonner*, 461 F. Supp. 2d at 1120. Here, Plaintiff offers no reason for omitting M & W Supply from his prior complaints and then waiting more than eight months before seeking leave to amend. Members of this Court repeatedly have held that much shorter delays – two months or less – support denying leave to amend based on Section 1447(e),[6] and this Court should reach the same conclusion here.

*Fourth,* Plaintiff's improper motive for now trying to join a corporation that was dissolved more than seven years ago – namely, to deprive this Court of diversity jurisdiction – also weighs against granting leave to amend. "Motive is particularly important in removal jurisdiction cases where the consequences of joining a new defendant may defeat the court's jurisdiction." *Boon*, 229 F. Supp. 2d at 1023 (rejecting amendment based, in part, on conclusion that plaintiff's motive was to defeat diversity jurisdiction); *see 3WL, LLC*, 2021 WL 929902, at *1 (affirming denial of motion for leave to amend based, in part, on conclusion that "the timing of the motion . . . raised serious questions about [plaintiff's] intent to destroy diversity"); *San Jose Neurospine*, 2016 WL 7242139, at *10-11, 13 (rejecting amendment based, in part, on conclusion that plaintiff's motive was to defeat diversity jurisdiction); *Bakshi*, 2007 WL 1232049, at *4-5 (same); *Bonner*, 461 F. Supp. 2d at 1120 (same). When evaluating a plaintiff's motive, "courts have considered whether the plaintiff was aware of the removal at the time the plaintiff amended its complaint." *San Jose Neurospine*, 2016 WL 7242139, at *10 (quotation marks omitted; citing cases). Here, Plaintiff was aware of Monsanto's removal when he filed the Amendment/Remand Motion, and he specifically seeks remand based on the argument that "diversity jurisdiction will no longer exist" if he is allowed to add claims against M & W Supply. Amendment/Remand Motion at 2. Moreover, when evaluating a plaintiff's motive for seeking to join a new, non-diverse defendant after removal, "courts have inferred an improper motive where

---

[6] *See, e.g., San Jose Neurospine*, 2016 WL 7242139, at *9-10 (denying leave to amend based on Section 1447(e); plaintiff filed amended complaint in federal court two months after filing initial complaint in state court and gave no explanation for not including claims against proposed new defendant in state court complaint); *Bakshi*, 2007 WL 1232049, at *4-5 (same; holding that plaintiff had "no valid reason" for not including proposed new defendant in state court complaint; delay of less than two months); *Farrugia v. Allstate Ins. Co.*, No. C 07-00212 WHA, 2007 WL 781782, at *2 (N.D. Cal. Mar. 8, 2007) (same; stating that "plaintiff does not explain" why he did not include proposed new defendant in state court complaint; delay of two months).

the plaintiff's proposed amended complaint contains only minor or insignificant changes to the original complaint," *San Jose Neurospine*, 2016 WL 7242139, at *10 (quotation marks omitted; citing cases), and also have considered "whether a plaintiff has provided an explanation for why the plaintiff waited to assert claims against the non-diverse defendant," *id.* at *11 (citing cases). Plaintiff's proposed Second Amended Complaint, ECF No. 11-1, makes only minor changes to the First Amended Complaint, ECF No. 1-2, and, as discussed above, Plaintiff offers no explanation for why he did not sue M & W Supply in state court before Monsanto filed the Notice of Removal.

*Fifth,* it is doubtful that Plaintiff has any viable claims against M & W Supply – given that it was dissolved more than seven years ago – and even if those proposed claims technically are viable, they probably are worthless. Under Florida law, claims against a dissolved corporation (like Plaintiffs' proposed claims against M & W Supply) are barred if the claims have not been filed within four years after the corporation provided notice of its dissolution. *See* Florida Statutes § 607.1407(2). Plaintiff has not alleged any basis for proceeding against that dissolved corporation, such as lack of adequate notice. In any case, any effort to pursue those claims probably would be a waste of time and resources because it is highly unlikely that M & W Supply would have any assets available – so many years after dissolution – to satisfy any judgment that might be entered on Plaintiff's proposed claims. Thus, this factor does not weigh in favor of the Court granting leave to amend.

*Finally,* denying amendment would not unduly prejudice Plaintiff. Monsanto is a defendant here, so he can recover damages from Monsanto if he prevails at trial. *See, e.g.*, *San Jose Neurospine*, 2016 WL 7242139, at *12 (denying amendment and holding that prejudice factor weighed against amendment because another defendant remained in the case and was a potential source for payment of damages); *Boon*, 229 F. Supp. 2d at 1025 (same). Moreover, there is no concern in this case about prejudicing Plaintiff by requiring him to choose between abandoning his claims against M & W Supply or filing a separate lawsuit against M & W Supply because the chances are slim to none that Plaintiff actually would file such a lawsuit against a

corporation that: (a) was dissolved more than seven years ago; and (b) probably does not have any assets to satisfy any judgment that might be entered against it on Plaintiff's proposed claims.

In sum, Plaintiff ignores Section 1447(e) and does not even try to satisfy his Section 1447(e) burden. As shown above, the Section 1447(e) factors weigh against Plaintiff's request for leave to amend, so the Court should deny the Amendment/Remand Motion and retain jurisdiction over this case.

## II. Plaintiff Relies On Inapposite Cases That Do Not Apply Section 1447(e) And Do Not Support The Relief Sought In The Amendment/Remand Motion.

Consistent with his improper effort to circumvent Section 1447(e), Plaintiff relies on inapposite cases that do not apply (or even mention) that statute. For example, he relies heavily on – and quotes extensively from – an order issued in another Roundup lawsuit. *See* Amendment/Remand Motion at 3-6 (quoting *Johnson v. Monsanto Co.*, No. 16-cv-01244-MMC, 2016 WL 1730361 (N.D. Cal. May 2, 2016)), but the *Johnson* case was in a materially different procedural posture than this case. That plaintiff was ***not*** seeking leave to amend to add claims against a non-diverse defendant, so the *Johnson* order did not need to – and did not – address Section 1447(e). Unlike Plaintiff here, the *Johnson* plaintiff had asserted claims against non-diverse defendants at the outset of that lawsuit by alleging those claims in his state court complaint before Monsanto removed that case based on fraudulent joinder grounds. Thus, the judge who issued the *Johnson* order did not need to consider the issue now before this Court – whether Plaintiff's post-removal request for leave to amend to add claims against a non-diverse defendant is motivated by Plaintiff's interest in depriving this Court of diversity jurisdiction. Instead, the *Johnson* order merely rejected Monsanto's fraudulent joinder arguments and granted the plaintiff's remand motion. Moreover, the *Johnson* case did not involve claims against a dissolved corporation, so the order upon which Plaintiff relies so heavily does not show whether his proposed claims against M & W Supply are viable in this case.

Plaintiff's reliance on *Taylor v. Costco Wholesale Corp.*, No. 2:20-cv-00655-KJM-DMC, 2020 WL 5982090 (E.D. Cal. Oct. 8, 2020), also misses the mark. That order merely granted a motion to dismiss filed by a retailer defendant and, due to Rule 15(a)'s liberal amendment policy,

allowed the plaintiff to file an amended complaint.  *See Taylor*, 2020 WL 5982090, at *4.  Again, the *Taylor* court was not asked to decide – and did not address – whether amendment should be permitted under Section 1447(e).  The *Taylor* case was not removed to federal court, and the plaintiff in that case was not trying to deprive that district court of diversity jurisdiction by adding claims against a non-diverse defendant.  In addition, unlike M & W Supply, the defendant in *Taylor* was not a dissolved corporation.  Thus, the *Taylor* order does not provide any reason for this Court to grant the Amendment/Remand motion.

## CONCLUSION

For the foregoing reasons, the Court should deny the Amendment/Remand Motion.

DATED:  May 12, 2021

Respectfully submitted,

/s/ Eric G. Lasker

William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax:  202-942-5999

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com
HOLLINGSWORTH LLP
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax:  202-682-1639

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
WILKINSON STEKLOFF LLP
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax:  202-847-4005

*Attorneys for Defendant Monsanto Company*

# Exhibit 1

P020000017120

(Requestor's Name)

(Address)

(Address)

(City/State/Zip/Phone #)

☐ PICK-UP     ☐ WAIT     ☐ MAIL

(Business Entity Name)

(Document Number)

Certified Copies _____     Certificates of Status _____

Special Instructions to Filing Officer:

Office Use Only



000253535170

01/13/14--01030--015   **35.00



FILED
SECRETARY OF STATE
DIVISION OF CORPORATIONS

14 JAN 13 AM 11:47

JAN 2 1 2014
T. LEMIEUX

## COVER LETTER

**TO:**  Amendment Section
Division of Corporations

**SUBJECT:**  M & W Supply, Inc. (Company Dissolution)

**DOCUMENT NUMBER:**  P02000017120

The enclosed **Articles of Dissolution** and fee are submitted for filing.

Please return all correspondence concerning this matter to the following:

Doreen Miller
(Name of Contact Person)

M & W Supply Inc
(Firm/Company)

7750 Fruitville Rd
(Address)

Sarasota, FL 34240
(City/State and Zip Code)

For further information concerning this matter, please call:

Doreen Miller                at ( 941 )  650-5176
(Name of Contact Person)                (Area Code & Daytime Telephone Number)

Enclosed is a check for the following amount:

☒ $35 Filing Fee  ☐ $43.75 Filing Fee &  ☐ $43.75 Filing Fee &  ☐ $52.50 Filing Fee,
                  Certificate of Status    Certified Copy        Certificate of Status &
                                           (Additional copy is    Certified Copy
                                           enclosed)              (Additional copy is
                                                                  enclosed)

**MAILING ADDRESS:**                    **STREET ADDRESS:**
Amendment Section                       Amendment Section
Division of Corporations                Division of Corporations
P.O. Box 6327                           Clifton Building
Tallahassee, FL 32314                   2661 Executive Center Circle
                                        Tallahassee, FL 32301

## ARTICLES OF DISSOLUTION

Pursuant to section 607.1403, Florida Statutes, this Florida profit corporation submits the following articles of dissolution:

FIRST:      The name of the corporation as currently filed with the Florida Department of State:

M & W Supply, Inc

SECOND:    The document number of the corporation (if known): P02000017120

THIRD:     The date dissolution was authorized: Oct 23, 2013

Effective date of dissolution *if applicable:* _____
<span style="font-size:small">(no more than 90 days after dissolution file date)</span>

FOURTH:    Adoption of Dissolution (CHECK ONE)

☒ Dissolution was approved by the shareholders. The number of votes cast for dissolution was sufficient for approval.

☐ Dissolution was approved by the shareholders through voting groups.

*The following statement must be separately provided for each voting group entitled to vote separately on the plan to dissolve:*

The number of votes cast for dissolution was sufficient for approval by

_____
<span style="font-size:small">(voting group)</span>

Signature: _____
<span style="font-size:small">(By a director, president or other officer - if directors or officers have not been selected, by an incorporator - if in the hands of a receiver, trustee, or other court appointed fiduciary, by that fiduciary)</span>

Doreen Miller
<span style="font-size:small">(Typed or printed name of person signing)</span>

President
<span style="font-size:small">(Title of person signing)</span>

**Filing Fee: $35**

# Exhibit 2

FLORIDA DEPARTMENT of STATE                                        DIVISION of CORPORATIONS



Department of State  /  Division of Corporations  /  Search Records  /  Search by Entity Name  /

## Detail by Entity Name

Florida Profit Corporation
M & W SUPPLY, INC.

**Filing Information**

| | |
|---|---|
| **Document Number** | P02000017120 |
| **FEI/EIN Number** | 03-0402009 |
| **Date Filed** | 02/11/2002 |
| **State** | FL |
| **Status** | INACTIVE |
| **Last Event** | VOLUNTARY DISSOLUTION |
| **Event Date Filed** | 01/13/2014 |
| **Event Effective Date** | NONE |

**Principal Address**

7750 FRUITVILLE RD
SARASOTA, FL 34240

Changed: 01/08/2003

**Mailing Address**

7750 FRUITVILLE RD
SARASOTA, FL 34240

**Registered Agent Name & Address**

MILLER, DOREEN
7750 FRUITVILLE RD.
SARASOTA, FL 34240

Name Changed: 01/08/2003

Address Changed: 01/08/2003

**Officer/Director Detail**

**Name & Address**

Title PS

MILLER, DOREEN
30631 BETTS RD
MYAKKA CITY, FL 34251

Title VT

WEILER, NOAH
55 TATUM RD
SARASOTA, FL 34232

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 2011 | 01/06/2011 |
| 2012 | 01/05/2012 |
| 2013 | 01/09/2013 |

**Document Images**

| | |
|---|---|
| 01/13/2014 -- Voluntary Dissolution | View image in PDF format |
| 01/09/2013 -- ANNUAL REPORT | View image in PDF format |
| 01/05/2012 -- ANNUAL REPORT | View image in PDF format |
| 01/06/2011 -- ANNUAL REPORT | View image in PDF format |
| 01/15/2010 -- ANNUAL REPORT | View image in PDF format |
| 02/05/2009 -- ANNUAL REPORT | View image in PDF format |
| 01/18/2008 -- ANNUAL REPORT | View image in PDF format |
| 01/03/2007 -- ANNUAL REPORT | View image in PDF format |
| 01/04/2006 -- ANNUAL REPORT | View image in PDF format |
| 01/03/2005 -- ANNUAL REPORT | View image in PDF format |
| 01/05/2004 -- ANNUAL REPORT | View image in PDF format |
| 01/08/2003 -- ANNUAL REPORT | View image in PDF format |
| 02/11/2002 -- Domestic Profit | View image in PDF format |

Florida Department of State, Division of Corporations