UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: | **PRETRIAL ORDER NO. 244: ORDER DENYING PLAINTIFF'S MOTION TO REMAND IN LIGHT OF FRAUDULENT JOINDER** |
| *Roybal v. Monsanto Company et al.*, Case No. 20-cv-06235 | |
| | Re: Dkt. No. 11879 |

Roybal filed this lawsuit in state court against Monsanto, Wilbur-Ellis Nutrition, Wilbur-Ellis Company, and 100 unnamed Doe defendants. On the face of the complaint, there is not complete diversity between the parties: Roybal is a California citizen, and Wilbur-Ellis Nutrition and Wilbur-Ellis Company are both based in California. But Monsanto removed the case to federal court under the theory that the non-diverse defendants were fraudulently joined. Roybal contests this characterization and seeks to remand the case to state court. Because Wilbur-Ellis Nutrition and Wilbur-Ellis Company were fraudulently joined, Roybal's motion to remand is denied.

The doctrine of fraudulent joinder applies when a non-diverse defendant's joinder is a "sham"—that is, when a party is joined "without any reasonable basis in fact and without any purpose to prosecute the action in good faith." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 92 (1921). There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543,

548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).

1. Monsanto has provided a sworn declaration stating that Wilbur-Ellis Nutrition did not come into existence until September 2015 and that, moreover, it has never manufactured, distributed, or sold Roundup. Roybal does not dispute these claims or present any evidence to the contrary. Since Roybal's claims against Wilbur-Ellis Nutrition arise out of her exposure to Roundup between 1978 and 2004—well before Wilbur-Ellis Nutrition was formed—there is "no possibility" that Roybal can prevail on these claims. *Id.*

2. Monsanto has also provided sworn declarations stating that Wilbur-Ellis Company markets and distributes Roundup in the agricultural and professional markets only—not the residential market. Since Roybal's Roundup exposure occurred through residential use, Monsanto argues that Wilbur-Ellis Company could not have had any role in marketing or distributing the Roundup at issue here.

Roybal attempts to rebut Monsanto's evidence by pointing to Wilbur-Ellis Company's filings with the Secretary of State, in which it describes its "type of business" as "trade," and statements on Wilbur-Ellis Company's website describing the company as a "leading international marketer[] and distributor[]" and "one-stop-shop."[1] That Wilbur-Ellis Company characterized itself vaguely in state filings and on its website is insufficient, on its own, to undermine Monsanto's declarations.

Roybal additionally argues that, even in the absence of *any* contesting evidence, she must prevail on her motion because Wilbur-Ellis Company is a "massive company with massive reach" that may have distributed Roundup to an entity that then sold it to Roybal. This speculation, without any evidentiary support, is insufficient to overcome the clear and

---

[1] In its briefing, Roybal refers to Wilbur-Ellis Company's 2015 Statement of Information filed with the California Secretary of State. However, Roybal has only attached Wilbur-Ellis Company's 2012 Statement of Information, which does not support her argument. In its 2012 Statement of Information, Wilbur-Ellis Company describes its "type of business" as "Distr – Agricultural Chemicals." In its 2015 Statement of Information, however, Wilbur-Ellis Company describes its type of business as "Trade." Even if Roybal had attached the correct document, it would not make a difference: neither filing is sufficient to establish a factual dispute.

convincing evidence that Wilbur-Ellis Company did not market or distribute Roybal's Roundup. *See Martinez v. McKessen Corporation*, 2016 WL 5930271, at *3 (S.D. Cal. Apr. 7, 2016).

The burden to establish fraudulent joinder is indeed a "heavy" one. *Grancare*, 889 F.3d at 548. But that does not mean the Court must close its eyes to reality—particularly given the experience the Court has gained throughout the course of this MDL. Roybal is not the first plaintiff to allege conclusory claims against a local distributor or retailer in an effort to defeat diversity jurisdiction. Indeed, Wilbur-Ellis Company itself has been joined in multiple state-court cases against Monsanto, only to be voluntarily dismissed by plaintiffs prior to the trial. *See, e.g.*, Dismissal as to Defendant Wilbur-Ellis Company, LLC, Wilbur-Ellis Feed, LLC, *Pilliod v. Monsanto Company et al.*, Case No. RG17862792 (Alameda County Superior Court Dec. 17, 2018); Dismissal with Prejudice of Complaint as to Defendant Gould, Wilbur-Ellis Company, LLC, Wilbur-Ellis Feed, LLC, *Johnson v. Monsanto Company et al.*, Case No. CGC16550128 (San Francisco Superior Court Aug. 8, 2018). In light of this context, the Court can only conclude that Roybal's joinder of Wilbur-Ellis Company—based on conclusory allegations, without any supporting evidence, and in the face of Monsanto's evidence to the contrary—is fraudulent.

3. Finally, Roybal cannot defeat diversity jurisdiction using Doe defendants. In determining whether an action is diverse for the purposes of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989).

**IT IS SO ORDERED.**

Dated: September 10, 2021

_____
VINCE CHHABRIA
United States District Judge