UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Bundy v. Monsanto Company et al.*, Case No. 20-cv-06345 | **PRETRIAL ORDER NO. 245: DENYING MOTION FOR LEAVE TO AMEND TO ADD NON-DIVERSE PARTIES**<br><br>Re: Dkt. No. 12999 |

The plaintiff's motion for leave to amend the complaint, join additional parties, and remand due to a lack of diversity jurisdiction is denied. In general, courts "freely" give leave to amend. Fed. R. Civ. P. 15(a)(2). But once a case has been removed, the standard is heightened where, as here, the plaintiff "seeks to join additional defendants whose joinder would destroy subject matter jurisdiction." 28 U.S.C. § 1447(e); *see San Jose Neurospine v. Cigna Health & Life Insurance Co.*, 2016 WL 7242139, at *6. (N.D. Cal. Dec. 15, 2016). Under section 1447(e), courts consider several factors in determining whether joinder should be permitted, including:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Id.* at *7.

Factors three and four are particularly salient here. The plaintiff makes no attempt to explain the eight-month delay between the filing of the complaint and his request for joinder.

This "suspicious timing," combined with the fact that the plaintiff presumably was aware that he purchased Roundup from M&W even before he filed his complaint, suggests that the addition of M&W is merely an attempt to defeat federal jurisdiction. *Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1120 (N.D. Cal. 2006). And none of the other factors lean in favor of granting plaintiff's motion. The plaintiff has not suggested that M&W is a required party or that the statute of limitations would preclude an original action against M&W in state court. Finally, the fact that M&W is a dissolved corporation, though not dispositive, further undermines the plaintiff's argument for joinder as the plaintiff is unlikely to get any practical relief from M&W. For these reasons, the plaintiff's motion is denied.

**IT IS SO ORDERED.**

Dated: September 10, 2021

_____

VINCE CHHABRIA
United States District Judge