# EXHIBIT 3

| | |
|---|---|
| Karen Barth Menzies (CA SBN 180234)<br>GIBBS LAW GROUP LLP<br>505 14th Street, Suite 1110<br>Oakland, CA  94612<br>Tel: (510) 350-9700<br>Fax: (510) 350-9701<br>kbm@classlawgroup.com<br><br>Fletcher V. Trammell (admitted pro hac vice)<br>Melissa Binstock Ephron (admitted pro hac vice)<br>TRAMMELL, PC<br>3262 Westheimer Rd., Ste. 423<br>Houston, TX 77098<br>Tel: (800) 405-1740<br>Fax: (800) 532-0992<br>fletch@trammellpc.com<br>melissa@trammellpc.com | Alexander G. Dwyer (admitted pro hac vice)<br>Andrew F. Kirkendall (admitted pro hac vice)<br>Erin M. Wood<br>KIRKENDALL DWYER LLP<br>4343 Sigma Rd, Suite 200<br>Dallas, TX  75244<br>Tel: 214-271-4027<br>Fax: 214-253-0629<br>ad@kirkendalldwyer.com<br>ak@kirkendalldwyer.com<br>ewood@kirkendalldwyer.com |

*Attorneys for Plaintiff*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF ALAMEDA**

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE (Rule 3.550)<br><br>**ROUNDUP PRODUCTS CASES**<br><br>THIS DOCUMENT RELATES TO:<br><br>*Donald Miller v. Monsanto Company, et al.*, (San Francisco County Superior Court, Case No. CGC-20-587445) | JCCP NO. 4953<br><br>ASSIGNED FOR ALL PURPOSES TO HONORABLE WINIFRED SMITH DEPARTMENT 21<br><br>**NOTICE OF MOTION AND PLAINTIFF'S MOTION FOR TRIAL PREFERENCE**<br><br>[*Filed concurrently with the Declaration of Dr. Spencer Bachow, M.D.; Declaration of Fletcher V. Trammell; Declaration of Donald Miller; Exhibits; and Proposed Order*]<br><br>Hearing Date: March 10, 2021<br>Time: 10:00 a.m.<br>Dept.: 21<br>Reservation No.: R-2238314 |

**ALL PARTIES AND THEIR COUNSELS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 10, 2021 at 10:00 a.m., Reservation No. R-2238314, or soon thereafter as the matter can be heard in Department 21 of this Court, The Honorable Winifred Smith presiding, located at 1221 Oak Street, third floor, Oakland, California, 94612, Plaintiff will move and hereby does respectfully move this Court for an Order granting a trial preference pursuant to Cal. Code. Civ. Proc. § 36(a) and Cal. R. Ct. 3.1335.

Plaintiff's Motion for Trial Preference is based on Cal. Code. Civ. Proc. § 36(a) and Cal. R. Ct. 3.1335 and Plaintiff respectfully requests that this Honorable Court grant Plaintiff's preference trial because: 1) Plaintiff was diagnosed with the blood cancer non-Hodgkin's lymphoma, specifically Stage IV Diffuse Large B-Cell Lymphoma, as a direct result of exposure to Monsanto's Roundup herbicide; 2) Plaintiff is over the age of 70; and 3) Plaintiff's health is such that a preferential trial setting is necessary to prevent prejudicing his interest in this litigation. Because of Plaintiff's cancer, his serious medical conditions, and the risk he faces with the novel coronavirus, if this Motion is not granted, Plaintiff will be deprived of justice, because he is unlikely to survive long enough to see the day that his case goes to trial.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Dr. Spencer Bachow, M.D., the Declaration of Fletcher V. Trammell, the Declaration of Donald Miller, and exhibits appended thereto, and such further evidence and argument as the Court may consider at the time of hearing of this Motion.

Dated: February 9, 2021                    Respectfully submitted,

                                                **GIBBS LAW GROUP LLP**

                                                By: _____
                                                Karen Barth Menzies
                                                GIBBS LAW GROUP LLP
                                                505 14th Street, Suite 1110
                                                Oakland, CA  94612
                                                Tel: (510) 350-9700
                                                Fax: (510) 350-9701
                                                kbm@classlawgroup.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fletcher V. Trammell
Melissa Binstock Ephron
TRAMMELL, PC
3262 Westheimer Rd., Ste. 423
Houston, TX 77098
Tel: (800) 405-1740
Fax: (800) 532-0992
fletch@trammellpc.com
melissa@trammellpc.com

Alexander G. Dwyer
Andrew F. Kirkendall
Erin M. Wood
KIRKENDALL DWYER LLP
4343 Sigma Rd, Suite 200
Dallas, TX  75244
Tel: 214-271-4027
Fax: 214-253-0629
ad@kirkendalldwyer.com
ak@kirkendalldwyer.com
ewood@kirkendalldwyer.com

*Attorneys for Plaintiff*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Plaintiff Donald Miller (hereinafter "Plaintiff' or "Mr. Miller") commenced this action against Defendants on November 2, 2020. As shown below, Mr. Miller is over the age of 70 and has been diagnosed with Stage IV Diffuse Large B-Cell Lymphoma. Plaintiff is elderly and very ill, and his right to a jury trial will be prejudiced if he is not granted a preferential trial setting within the next 120 days. Exh. 1, Miller Decl., ¶ 10. Therefore, Plaintiff respectfully requests a preferential trial setting within the next 120 days pursuant to Cal. R. Ct. 3.1335 and Cal. Code. Civ. Proc. § 36(a).

On December 12, 2020, Plaintiff served a completed Plaintiff Fact Sheet and medical record authorizations on Defendants. Trammell Decl., ¶ 4.

**ARGUMENT**

**I.     Applicable Law, Interpretation, and Purpose of § 36(a).**

California Code of Civil Procedure § 36 states in pertinent part:
> (a) A party to a civil action who is over 70 years of age may petition the court for a preference, which the court shall grant if the court makes both of the following findings:
>
>> (1) The party has a substantial interest in the action as a whole; and
>
>> (2) The health of the party is such that a preference is necessary to prevent prejudicing the party's interest in the litigation.
>
> [. . .]
>
> (f) Upon the granting of such a motion for preference, the court shall set the matter for trial no more than 120 days from that date and there shall be no continuance beyond 120 days from the granting of the motion for preference except for physical disability of a party or a party's attorney, or upon a showing of good cause stated in the record. Any continuance shall be for no more than 15 days and no more than one continuance for physical disability may be granted to any party.

Cal. Civ. Proc. Code § 36(a) and (f).

Other grounds for preference stated in § 36 of the Code of Civil Procedure are discretionary (*see* § 36, subds. (d), (e)). However, § 36(a) is "**mandatory**." *Ellis v. Superior Court for City & Cty. of San Francisco*, No. A155248, 2019 WL 365768, at *3 (Cal. Ct. App. Jan. 30, 2019) (emphasis added). Thus, if the court finds (1) the party has a substantial interest in the action and

(2) his or her health is such that a preference is necessary to avoid prejudicing that interest, "the court *shall* grant [the preference]." (§ 36(a), italics added.). *Fox v. Superior Court*, 21 Cal. App. 5th 529, 533 (2018).

When the movant is over 70 years of age, the two aforementioned findings constitute the *only* relevant considerations for a court to assess; a court is not permitted to assess other factors such as, among other things, the interests of the other parties, whether the streamlined timeline is an inconvenience to a court or the other parties, or what amount of discovery has been completed. *Ellis*, No. A155248, 2019 WL 365768, at *3. *See e.g., Swaithes v. Superior Court*, 212 Cal.App.3d 1082, 1085 (1989) ("Mere inconvenience to the court or to other litigants is irrelevant."); *Miller v. Superior Court*, 221 Cal.App.3d 1200, 1204–1206 (1990) ("Failure to complete discovery or other pretrial matters does not affect the absolute substantive right to trial preference for those litigants who qualify for preference under subsection (a) of section 36. The trial court has no power to balance the differing interests of opposing litigants in applying the provision.").

By way of evidentiary proof, the movant need not muster all his evidence in order to prevail on his motion. Rather, only a minimal amount of evidentiary support is required. *Ellis*, No. A155248, 2019 WL 365768, at *3; *Looney v. Superior* Court, 16 Cal. App. 4th 521, 532 (1993). As such, § 36.5 states that the "medical diagnosis and prognosis" of the movant seeking a preference under § 36(a) may be established through an affidavit "signed by the attorney for the party seeking preference based upon information and belief as to the medical diagnosis and prognosis of any party." *Fox*, 21 Cal.App.5th at 524 (citing Weil & Brown, *Cal. Practice Guide: Civil Procedure Before Trial* (The Rutter Group 2017) ¶ 12:247.1, p. 12(I)–44 (attorney declaration under section 36.5 "can consist entirely of hearsay and conclusions")).

The case law elucidated above reflects the very narrow purview allowable in a court's assessment of whether a case qualifies for preference under § 36(a). The public policy undergirding this statutory section is deeply rooted in the pivotal concern of ensuring a party can participate and assist effectively at trial. *Koch-Ash v. Superior Court*, 180 Cal. App. 3d 689, 694

(Ct. App. 1986); *Looney*, 16 Cal. App. 4th at 532. Without the enforcement of this section, a qualifying plaintiff's substantive right to trial during his lifetime would otherwise be irrevocably lost.

## II. Plaintiff Meets the Requirements of § 36(a).

### A. Plaintiff is 80 Years Old.

Mr. Miller is an 80-year-old individual who was diagnosed with Stage IV Diffuse Large B-Cell Lymphoma. Exh. 2, Dr. Bachow Decl., ¶ 6.

### B. Plaintiff Has A Substantial Interest In The Action As A Whole Based On This Court's December 15, 2020 Order.

Mr. Miller has a substantial interest in the action as a whole based on this Court's December 15, 2020 Final Order On CCP 36 Preference Motions of Dublino, Stephens, Witcher, and Shahmirzadi ("Final Order"). In its Final Order, this Court provided a precise and clear elucidation of how to interpret and apply § 36(a)(1) in the context of a coordinated proceeding. The Court starts from the standpoint that the right to a trial preference is a "substantive right," highlighting that this is a right that is part and parcel of being human. Exh. 3, Final Order, at 2. From this framework, the Court turns to how to assess § 36(a)(1) in the context of a coordinated proceeding such as this one. The Court provides that the phrase, "substantial interest in the action as a whole" *does not* refer to the JCCP as a whole. *Id.* at 3. In other words, courts may not simply decline a motion for trial preference on its face by virtue of the fact that a single plaintiff in a coordinated proceeding is merely one of many. Rather, this Court calls for a balancing test wherein the interests of the plaintiff seeking preference, the interests of all the plaintiffs in the JCCP, and the management of the JCCP as a whole are all assessed. *Id.* at 5-7.

Specifically, the Court looked to the procedural posture of this JCCP and how granting a motion for trial preference would impact a coordinated proceeding at this particular stage of the litigation. *Id.* Per the Court, in this JCCP, "much of the coordinated work has already been completed." *Id.* at 5. This Court held, as a result, that "at this stage of this JCCP, a CCP 36

preference trial would not materially affect the management of the common issues." *Id.* at 6. Since the management of this JCCP would not be impacted by the Court granting a motion for trial preference, the plaintiffs in this JCCP in general would also not be impacted. As such, the only consideration left is the interest of the particular plaintiff seeking a preferential trial setting. As shown below, the need for a preferential trial setting is absolute for Mr. Miller based on his declining health.

### C. Plaintiff's Health Is Such That Preference Is Necessary to Prevent Prejudicing His Interest In This Litigation.

Mr. Miller is 80 years old, and his health is such that preference is necessary to prevent prejudicing his interests in this litigation. Exh. 2, Dr. Bachow Decl., ¶ 10; *See also* Exh. 1, Miller Decl., ¶ 10. Mr. Miller suffers from numerous health complications and has had a difficult battle with NHL since being diagnosed with Stage IV Diffuse Large B-Cell Lymphoma in November of 2017. Exh. 1, Miller Decl., ¶ 3-8.

Initially, on November 2, 2017, Mr. Miller was diagnosed with follicular lymphoma. Exh. 4, Medical Records, at Bates No. 000001. However, subsequent pathology revealed that his cancer had transformed into Stage IV diffuse large B-cell lymphoma. *Id.* at Bates Nos. 000003-4. A PET/CT scan also demonstrated extensive axial and appendicular skeletal metastases involving the skull base and metastasis to the left cervical and retroperitoneal lymph nodes. *Id.* at Bates No. 000004. While undergoing chemotherapy, Mr. Miller suffered numerous complications, necessitating multiple hospital admissions, including but not limited to pancytopenia, neutropenic fever, atrial fibrillation with RVR, and fatigue. *Id.* at Bates No. 000005. During a number of these admissions, Mr. Miller's doctors believed he was near death; his family was called to his bedside. Exh. 1, Miller Decl., ¶ 6.

In 2019, Mr. Miller's health declined once again when he suffered a stroke, requiring him to be hospitalized for three days. Exh. 4, Medical Records, at Bates Nos. 000006-7. Mr. Miller's

stroke was so severe that his wife found him incoherent and "staring into space" at their home. *Id.* He was also unable to form words, and he experienced a left facial droop. *Id.*

In addition to suffering from Stage IV NHL and in addition to his recent stroke, Mr. Miller has also been diagnosed with a myriad of NHL comorbidities and independent conditions that have devastated his health and have rendered him extremely ill, weak, and fatigued. Specifically, during a recent January 8, 2021 appointment with his provider, Mr. Miller's active diagnoses are noted to include, but are not limited to: uncontrolled diabetes, neuropathy, osteoporosis, chronic atrial fibrillation, obesity, hyperlipidemia, proteinuria, benign essential hypertension, and degenerative arthritis. *Id.* at Bates No. 000013.

Additionally, Mr. Miller suffers from chronic pain and is unable to ambulate without the use of a wheelchair. Exh. 1, Miller Decl., ¶ 8. Indeed, during his January 8, 2021, Mr. Miller is noted to be "wheelchair bound," Exh. 4, Medical Records, at Bates No. 000013, and during his December 16, 2020 appointment his provider notes that surgery will be considered, because of Mr. Miller's pain levels. *Id.* at Bates No. 000012.

Also reflected in his December 16, 2020 appointment, Mr. Miller is now experiencing "significant and rapid dental issues," causing his teeth to fall out and making eating difficult. *Id.* at Bates No. 000010; Exh. 1, Miller Decl., ¶ 8.

If his physical debility was not enough, Mr. Miller suffers from what is colloquially known as "chemo brain" as well. Exh. 1, Miller Decl., ¶ 8. Mr. Miller's cognitive processing and memory are greatly hampered. Mr. Miller forgets what he is doing mid-task and reports that he has "lost a lot of [his] memory" and frequently "lose[s] his words." *Id.* Mr. Miller's cognitive difficulties are also documented during his December 16, 2020 appointment where his physician notes that Mr. Miller demonstrated "limited insight and judgment." Exh. 4, Medical Records, at Bates No. 000010.

The current COVID-19 pandemic has also put Mr. Miller's precarious health at even greater risk. After undergoing multiple rounds of chemotherapy, Mr. Miller has been left

immunocompromised and cannot leave his house without great risk to his already fragile health. Exh. 1, Miller Decl., ¶ 4; 9.

Overall, Mr. Miller's prognosis is very poor. Exh. 2, Dr. Bachow Decl., ¶ 9. Indeed, according to Dr. Spencer Bachow, Mr. Miller has a 5-year overall survival expectancy of only 37%. *Id.* Even this grim prognosis is generous, however. As stated by Dr. Bachow, "given that this is also a double expressor lymphoma and a transformed lymphoma, the probability of being alive over the next 5 years is likely less than 37% in reality." *Id.*

As elucidated above, Mr. Miller's quality of life has been severely affected by a litany of medical conditions, including NHL. In addition to his delicate health, the hostile environment created by the novel coronavirus has placed Mr. Miller in an extremely perilous state. He fears that, if a preferential trial setting is not granted, his interests in this litigation will be prejudiced, rendering him unable to meaningfully participate at trial. *Id.* at ¶ 10. Therefore, Plaintiff respectfully requests for this Court to grant his request for a preferential trial setting.

### III.     The First District Court of Appeal's Decision In *Fox v. Superior Court* Is Controlling And Instructive.

*Fox v. Superior Court*, 21 Cal.App.5th 529 (2018) ("*Fox*"), mentioned above, is a First District Court of Appeal's decision that is both controlling and instructive here. In *Fox*, a plaintiff in an underlying asbestos case brought a motion for trial preference pursuant to CCP § 36(a) where her counsel presented a declaration showing that she suffered from lung cancer and coronary artery disease, among other ailments. *Id.* at 535.

Ms. Fox was in partial remission and was responding to chemotherapy but was suffering from side effects, including "chemo brain" *Id.* at 532 as well as "whole body aches and pain, severe abdominal and bowel complications, nausea and vomiting, dehydration, drowsiness, extreme weakness and fatigue." *Id*. at 535. The trial court denied Ms. Fox's preference motion. However, the First District Court of Appeals found that the trial court abused its discretion and issued a

peremptory writ of mandate directing the superior court to vacate its order and to grant a new order setting trial within 120 days. *Id.* at 536–37.

Specifically, the court held that Section 36(a) does not require a party's imminent death or incapacity. *Id.* Rather, the court must consider factors such as a person's state of physical discomfort, the ability to perform basic life functions, and the ability to recall facts and dedicate time and attention to the litigation. *Id.* Simply put, the question the court must ask is, *is this person "very sick?" Id.* at 535 (emphasis and question mark added).

Ms. Fox and Mr. Miller's medical conditions are strikingly similar, further demonstrating that Mr. Miller is indeed "very sick" and should be entitled to a preferential trial setting. Specifically:

1. Ms. Fox was over 70 years of age; Mr. Miller is currently 80 years old.
2. Ms. Fox was diagnosed with Stage IV cancer and was in partial remission; Mr. Miller has been diagnosed with Stage IV cancer, underwent numerous rounds of chemo, and is being closely followed by his doctors.
3. Ms. Fox had significant health complications, including asbestos-related pleural disease, coronary artery disease, and anemia; Mr. Miller also suffers from significant health complications, including but not limited to a recent stroke, uncontrolled diabetes, neuropathy, chronic atrial fibrillation, obesity, hyperlipidemia, proteinuria, benign essential hypertension, and degenerative arthritis.
4. Both Ms. Fox and Mr. Miller suffered or are suffering from significant side effects of their cancer treatment such as extreme weakness and fatigue and "chemo brain."

Furthermore, unlike Ms. Fox, Mr. Miller must contend with the perpetual threat of contracting and succumbing to COVID-19, making his current life circumstance almost untenable.

The mirroring of symptoms alone should entitle Mr. Miller to a preferential trial setting in order to prevent prejudicing his rights in this litigation. Therefore, Plaintiff respectfully requests that this Court grant his request for a preferential trial setting.

### IV. This Court Previously Granted A Preferential Trial Setting Pursuant To Section 36(a) For Plaintiffs in Similar Circumstances as Mr. Miller.

Previously, this Court granted the preference motions of two plaintiffs in this coordinated proceeding who are similarly situated to Mr. Miller for purposes of CCP Section 36(a). *Pilliod et al. v. Monsanto*, JCCP No. 4953, Case No. RG 1786270. In this case, this Court, using *Fox* as a guide, held that the Pilliods' poor health mandated a trial preference. Exh. 5, Orders Granting Plaintiffs' Motion for Preference, JCCP No. 4953 (Filed Nov. 15, 2018), at 7. This Court further held that the standard under Section 36(a) and the *Fox* case is "not whether the moving party is getting worse." *Id.* at 6. Rather, the test is "whether the moving party's current health is 'such that a preference is necessary to prevent prejudicing the party's interest in the litigation." *Id.* This court specifically considered symptomology impacting each plaintiff's physical and neurological capacities. *Id.* at 5–8.

In applying this test, the Court took note of Mrs. Pilliod's symptoms of dizziness, irregular gait, double vision, and brain fog. *Id.* at 5. The Court noted how these symptoms impaired Mrs. Pilliod's life by requiring her to drive her car with one eye shut and requiring her to keep her hands on the walls to walk around her home. *Id.* The Court also noted Mr. Pilliod's impaired ability to concentrate and communicate. *Id.* After assessing the conglomeration of symptoms, the Court noted that the Pilliods had "significant cognitive or functional impairments that greatly impact their ability to carry on the functions of everyday living" and that both "have significant and reasonably founded fears that their health will decline." *Id.* at 7. As such, this court found the Pilliods were indeed entitled to a preferential trial setting. *Id.*

As discussed above, Mr. Miller suffers from a litany of symptoms that impact his physical body and his cognitive capacities. Specifically, in addition to Stage IV NHL, Mr. Miller suffers from the effects of a recent stroke, chronic pain, chemo brain, uncontrolled diabetes, neuropathy,

chronic atrial fibrillation, obesity, hyperlipidemia, proteinuria, benign essential hypertension, and degenerative arthritis. His debility is even more severe than Ms. Pilliod, who could still ambulate with a cane. In contrast, Mr. Miller is wheelchair-bound and has difficulty completing even the most basic tasks of daily living, like eating.

Mr. Miller also suffers from chemo brain and is unable to process and recall information and frequently forgets what he is doing mid-task, much like Ms. Pilliod. This constellation of symptoms, in addition to the litany of health conditions Mr. Miller suffers from, in addition to the real risks surrounding COVID-19, are surely and certainly enough to cause Mr. Miller to have significant and reasonably founded fears that his health will continue to decline. As such, Plaintiff respectfully requests that this Court grant his request for a preferential trial setting.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests for the Court to grant Plaintiff's Motion for a preferential trial setting and requests for a trial date to be set within the next 120 days.

Dated: February 9, 2021                    Respectfully submitted,

**GIBBS LAW GROUP LLP**

By: _____
Karen Barth Menzies
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
kbm@classlawgroup.com

Fletcher V. Trammell
Melissa Binstock Ephron
TRAMMELL, PC
3262 Westheimer Rd., Ste. 423

| | |
|---|---|
| 1 | Houston, TX 77098 |
| | Tel: (800) 405-1740 |
| 2 | Fax: (800) 532-0992 |
| | fletch@trammellpc.com |
| 3 | melissa@trammellpc.com |
| 4 | |
| 5 | Alexander G. Dwyer |
| | Andrew F. Kirkendall |
| 6 | Erin M. Wood |
| | KIRKENDALL DWYER LLP |
| 7 | 4343 Sigma Rd, Suite 200 |
| | Dallas, TX  75244 |
| 8 | Tel: 214-271-4027 |
| | Fax: 214-253-0629 |
| 9 | ad@kirkendalldwyer.com |
| | ak@kirkendalldwyer.com |
| 10 | ewood@kirkendalldwyer.com |
| | *Attorneys for Plaintiff* |

13

MOTION FOR TRIAL PREFERENCE