**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel:  202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel:  415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 2392339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310 -576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| *Donnie Leon Powell v. Monsanto Co.*, 3:20-cv-05623-VC | **MONSANTO COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO REMOVE PLAINTIFF FROM WAVE III** |

## I. INTRODUCTION

Plaintiff Donnie Lee Powell ("Plaintiff") failed to heed the Court's deadline to disclose expert witnesses, even after obtaining an extension. Now, after Monsanto has moved for summary judgment on causation (Individ. ECF #17) as a result of Plaintiff's failures, Plaintiff seeks removal from Wave III. Plaintiff's motion is a clear attempt to circumvent this Court's deadlines for Wave III and avoid Monsanto's motion for summary judgment. Plaintiff's motion should be denied.

## II. ARGUMENT

### A. Plaintiff Should Not Be Permitted To Avoid The Court's Deadlines Via Removal From Wave III at this Late Stage.

More than nine months ago, on December 9, 2020, this MDL Court entered an order requiring all Wave 3 plaintiffs to submit expert reports no later than June 29, 2021 ("Wave 3 Scheduling Order"). *See* Order Granting Joint Request for Revised Schedule for Wave 3 Cases and Addition of Cases to Wave 3 as Modified (ECF #12197). The expert discovery required by this Order must be accompanied by written reports signed by the experts and must contain "a complete statement of all opinions the witnesses will express and the basis and reasons for them," among other information. Fed. R. Civ. P. 26(a)(2)(B)(i). Following Plaintiff's Motion to Extend Time to File Expert Reports (MDL ECF # 13200, Individ. ECF #11) the Court issued an Order stating that it was tentatively inclined to extend Plaintiff's deadline to submit expert reports by 10 days, until July 9, 2021. (ECF #10.) Monsanto did not oppose the Court's resolution. Thus, Plaintiff's deadline to submit expert reports was extended until July 9, 2021.

Even after the Court extended Plaintiff's deadline, Plaintiff failed to serve any expert reports. Instead, on July 9, 2021, Plaintiff served an expert "disclosure," which merely identified Dr. Charles Benbrook as an individual who will testify at trial. (Declaration of Jed P. White ("White Decl."), ¶ 2.) Plaintiff did not include any expert report from Dr. Benbrook (or any other expert).[1] In the

---

[1] In his opposition to Monsanto's motion for summary judgment, Plaintiff attached a previously-undisclosed and unserved 154-page expert report of Dr. Charles Benbrook, which was signed on August 31, 2021, the same day that Plaintiff filed his opposition, and over 53 days after the deadline to disclose expert reports. The Court should disregard Dr. Benbrook's report as untimely.

1
MONSANTO'S RESPONSE TO PLAINTIFF'S MOTION TO REMOVE PLAINTIFF FROM WAVE III

disclosure, Plaintiff stated that he "incorporates by reference, all prior expert reports, deposition, trial, and hearing testimony in all Roundup litigation cases." (*Id.*)  Therefore, Plaintiff's purported expert "disclosure" was deficient under Federal Rule of Procedure 26(a)(2).

Plaintiff had ample time and opportunity to satisfy his expert disclosure obligations under Rule 26(a)(2) and the Wave 3 Scheduling Order.  And honoring strict deadlines in an MDL is particularly important.  *See Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1222 (9th Cir. 2006) (affirming dismissal of cases in MDL for failure to comply with case management orders because "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions").  Plaintiff should not be permitted to skirt the Court's deadlines via removal from Wave III.

### B. Plaintiff Should Not be Permitted to Avoid Monsanto's MSJ by Removal from Wave III

Plaintiff's Hail Mary attempt for a do-over to comply with the Court's Order is no wonder; his failure to timely submit an expert report is fatal to his claims, and Monsanto filed a motion for summary judgment on that ground.  Because Plaintiff did not disclose any expert witness on the issue of specific causation, as a matter of law he cannot prove that exposure to Roundup was a proximate cause of his cancer specifically. (Individ. ECF #17.)  As explained in Monsanto's motion, "products liability cases are quintessentially expert cases, and failure to designate experts almost always leads to summary judgment." *Martinez v. Ethicon Inc.*, No. 7:19-cv-00164, 2020 U.S. Dist. LEXIS 77635, *4-5 (S.D. Tex. May 1, 2020).

Plaintiff has not designated any expert witness to opine on the issue of specific causation, and Plaintiff should not be permitted to escape summary judgment by removal from Wave III at this late stage.

///

///

///

///

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remove Plaintiff from Wave III should be denied.

Dated:  September 14, 2021                                  Respectfully submitted,

*/s/ Jed P. White*
Jed P. White
Attorneys for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to the within action; my business address is 120 Broadway, Suite 300, Santa Monica, CA 90401-2386. My email address is raul.morales@bclplaw.com.

On September 14, 2021, I served the foregoing document(s), described as: **MONSANTO COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO REMOVE PLAINTIFF FROM WAVE III** on each interested party in this action, as follows:

☒ BY CM/ECF NOTICE OF ELECTRONIC FILING: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court, or by another manner as authorized by FED. R. CIV. P. 5.

Executed on September 14, 2021, at Santa Monica, California.

☒ FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Raul Morales*
　　　　　　　　　　　　　　　　　　　　　　　Raul Morales