**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel:  202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel:  202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel:  415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 2392339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310 -576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, <br><br> *Spector, et al. v. Monsanto, Co.*, No. 3:20-cv-05532 | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC <br><br> **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT** <br><br> **Hearing:** <br> Date:   TBD <br> Time:   TBD <br> Place:  Courtroom 4 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on TBD in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company will move this Court for an order, pursuant to Federal Rule of Civil Procedure 56(c), entering judgment in its favor and against Wave 3 Plaintiffs Beth Spector and Chuck Spector on all claims, on the grounds that there is no genuine issue of material fact for any of the claims.

Dated:  September 20, 2021                                    Respectfully submitted,

                                                                                  */s/ Jed P. White*
                                                                                  Jed P. White
                                                                                  Attorney for Defendant Monsanto Company

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs Beth Spector and Chuck Spector (together, "Plaintiffs") assert against Defendant Monsanto Company ("Monsanto") strict liability, negligence, and breach of warranty claims based upon Monsanto's alleged failure to warn of the carcinogenic risks allegedly associated with glyphosate, the active ingredient in Monsanto's Roundup-branded products. Under Pennsylvania law, which controls here, these claims require a finding that Monsanto's alleged failure to warn of these risks proximately caused Beth Spector's injuries. Plaintiffs cannot make such a showing here, because Beth Spector testified at her deposition that she *never* read the warning label on any of the Roundup-branded products she alleges she used. Because Beth Spector never read Monsanto's allegedly-inadequate warnings, a different warning would not have changed her behavior and prevented her injuries. As a result, Plaintiffs cannot show that the allegedly-inadequate warnings caused Beth Spector's injuries, and the Court must grant Monsanto summary judgment on all claims.

## I. BACKGROUND

Plaintiffs filed their complaint on July 15, 2020 in the United States District Court for the Eastern District of Pennsylvania. The Spectors allege that Beth Spector was diagnosed with Non-Hodgkin's Lymphoma ("NHL") in 2008 as a result of using various Roundup-branded products at her home in Pennsylvania. Compl. ¶¶ 1, 75-76. They contend, *inter alia*, that Monsanto failed to adequately warn or instruct Beth Spector of the alleged carcinogenic risks associated with using Roundup, and that that failure proximately caused her injuries. *Id.* ¶¶ 2, 3, 82, 102, 113-34, 145, 160, 169. Plaintiffs assert claims of Strict Liability – Design Defect (Count I), Strict Liability – Failure to Warn (Count II), Negligence (Count III), Breach of Implied Warranties (Count IV), and Breach of Express Warranties (Count V). Plaintiffs also seek punitive damages and damages for loss of consortium on behalf of Chuck Spector, Beth Spector's husband. *Id.* at 36-37. However, importantly, Beth Spector stated unequivocally during her deposition that she never read any of the warning labels on the Roundup-branded products that she alleges caused her injuries. *See* Declaration of Jed White ("White Decl.") ¶ 2, Ex. 1 (Beth Spector Dep. at 115:9-15). All of Plaintiffs' claims, regardless of theory, center on allegations that Monsanto is liable because it failed to adequately warn that Roundup-branded products allegedly caused cancer. *See* Compl. ¶ 2

1

("Because Plaintiff relied on [Monsanto's] misrepresentations, she continued to use Roundup" and was diagnosed with NHL in 2008), ¶ 3 ("Plaintiff would not have used Roundup had she known it could cause cancer."), ¶ 82 ("As a proximate result of Monsanto's wrongful acts and omissions in placing its defective Roundup products into the stream of commerce without adequate warnings of the hazardous and carcinogenic nature of glyphosate . . . Plaintiff has suffered and continues to suffer severe and permanent physical and emotional injuries."), ¶ 102 (as part of design defect claim, alleging Beth Spector was exposed to Roundup "without knowledge of Roundup's dangerous characteristics"), ¶¶ 113-34 (Plaintiffs' strict liability failure to warn claim), ¶ 145 (as part of negligence claim, alleging Monsanto failed to warn Beth Spector of Roundup's risks), ¶ 160 (as part of implied warranty claim, alleging Beth Spector "used Roundup as instructed and labeled" in reliance upon Monsanto's implied warranty), ¶ 169 (alleging Monsanto breached express warranties by "includ[ing] incomplete warnings and instructions that purport, but fail, to include the complete array of risks associated with use of and/or exposure to Roundup and glyphosate").

## II.  **LEGAL STANDARD**

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when it could affect the outcome of the case, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of "informing" the Court that there exists the "absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must come forward with evidence to show there is in fact a genuine issue for trial. *Id.* at 323-24. A "complete failure of proof concerning an essential element of the nonmoving party's case" warrants summary judgment and "necessarily renders all other facts immaterial." *Id.* at 323.

### III. ARGUMENT

Summary judgment is required on all of Plaintiffs' claims because there is insufficient evidence that Monsanto's failure to warn of any alleged risks associated with glyphosate caused Beth Spector's injuries.

A manufacturer is liable for a failure to warn under Pennsylvania law only if the allegedly inadequate warning caused the plaintiff's injuries.[1] *Phillips v. A-Best Prod. Co.*, 665 A.2d 1167, 1171 (Pa. 1995). That causation requires evidence that "the user of the product would have avoided the risk had he or she been warned of it by the seller." *Id.* The plaintiff must therefore present evidence that the presence of a different, more adequate warning label would have prevented his alleged injuries. *Conti v. Ford Motor Co.*, 743 F.2d 195, 198-99 (3d Cir. 1984) (reversing jury verdict and remanding for judgment in favor of defendant, and explaining that for a case to be submitted to a jury on a theory of failure to warn, "the evidence must be such as to support a reasonable inference, rather than a guess, that the existence of an adequate warning may have prevented the accident"); *Petree v. Victor Fluid Power, Inc.*, 831 F.2d 1191, 1195 (3d Cir. 1987) ("In order for the plaintiff to raise a jury question as to whether the failure to warn of latent dangers was the cause-in-fact and proximate cause of his or her injuries, there must be enough evidence to support a reasonable inference, rather than a guess, that a warning may have prevented the accident.")[2] Judgment as a matter of law for the defendant is appropriate when the plaintiff cannot

---

[1] Pennsylvania substantive law applies because it is the transferor forum, and because Pennsylvania's choice of law rules dictate that Pennsylvania law applies. *See In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007) ("the MDL court must apply the law of the transferor forum, that is, the law of the state in which the action was filed, including the transferor forum's choice-of-law rules") (citing *Ferens v. John Deere Co.*, 494 U.S. 516, 524, 110 S. Ct. 1274, 108 L. Ed. 2d 443 (1990)); *see also Marks v. Redner's Warehouse Mkts.*, 136 A.3d 984, 988 (Pa. Super. Ct. 2016) ("In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship."); Compl. ¶ 75 (alleging exposure to Roundup from the 1980s through 2020 at her home in Meadowbrook, PA).

[2] While some courts applying Pennsylvania law have applied a rebuttable presumption that a product user would have heeded an adequate warning (*see Pavlik v. Lane Ltd./Tobacco Exps. Int'l*, 135 F.3d 876, 883-84 (3d Cir. 1998); *Coward v. Owens-Corning Fiberglas Corp.*, 729 A.2d 614, 620-21 (Pa. Super. Ct. 1999)), subsequent state appellate rulings affirmed by the Pennsylvania Supreme Court have limited this so-called heeding presumption to cases involving work-related

proffer non-speculative evidence that a more adequate warning would have changed any behavior and prevented his injuries. *Id.*; *Dolby*, 2017 WL 781650, at *5 (failure to warn claim failed as a matter of law where plaintiff did not present any evidence that the lack of a warning caused the injuries).

Here, Plaintiffs have no such evidence. In fact, undisputed evidence in the record affirmatively shows that a different warning label would have had no effect on Beth Spector's behavior, and thus could not have prevented her alleged injuries.

Plaintiffs allege that Beth Spector's injuries were caused by her own regular use of Roundup at her family home in Meadowbrook, Pennsylvania from the 1980s through 2020. *See* Compl. ¶¶ 1, 2, 75. Beth Spector testified that she never read the label on any of the Roundup products:

> Q. Did you ever read the label on the Roundup product that you used?
>
> A. No.
>
> Q. Did you ever read the labels on any of the Roundup products that were used at your property in Pennsylvania?
>
> A. No.

White Decl. ¶ 2, Ex. 1 (Beth Spector Dep. at 115:9-15). Chuck Spector, her husband, corroborated this point. *See* White Decl. ¶ 3, Ex. 2 (Chuck Spector Dep. at 60:17-19) ("Q: Do you know if your wife, Ms. Spector, ever read the label on the Roundup bottle? A: I doubt it…"). That Beth Spector— the product user—never read the allegedly defective warning labels shows that a different warning

---

asbestos exposure. *See Viguers v. Philip Morris USA, Inc.*, 837 A.2d 534, 537-38 (Pa. Super. Ct. 2003), *aff'd*, 881 A.2d 1262 (Pa. 2005); *Moroney v. Gen. Motors Corp.*, 850 A.2d 629, 634 n.3 (Pa. Super. Ct. 2004); *see also Dolby v. Ziegler Tire & Supply Co.*, No. 694 WDA 2016, 2017 WL 781650, at *5 (Pa. Super. Ct. Feb. 28, 2017); *Sliker v. Nat'l Feeding Sys., Inc.*, No. 282 CD 2010, 2015 WL 13779690, at *1 (Pa. Com. Pl. Oct. 19, 2015). As the Pennsylvania Supreme Court has not definitively ruled on the applicability of a heeding presumption in the present context, this Court must predict how it would rule if faced with this question. *Covington v. Cont'l Gen. Tire, Inc.*, 381 F.3d 216, 218 (3d Cir. 2004). The more recent intermediate appellate decisions limiting the scope of the heeding presumption to factual circumstances not present here are "particularly relevant," and sufficiently show that the Pennsylvania Supreme Court would not presume adequate warnings would be heeded. *Id.* (decisions of intermediate state court are "particularly relevant" and should "not be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise").

could not have changed her behavior and prevented her injuries. *See Flanagan v. martFIVE, LLC*, 259 F. Supp. 3d 316, 321 (W.D. Pa. 2017) (granting motion for summary judgment where the plaintiff testified at his deposition he did not read the product's label, because "[t]he jury would . . . have to speculate that [the] plaintiff would have heeded a warning placed on materials" when "he testified under oath that he did not read the[] materials"); *Wright v. Ryobi Techs., Inc*, 175 F. Supp. 3d 439, 454 (E.D. Pa. 2016) ("As Wright admits he never read the Operator's Manual, the purported inadequacy of the unread warnings therein could not have caused his injury."); *Chandler v. L'Oreal USA, Inc.*, 340 F. Supp. 3d 551, 562 (W.D. Pa. 2018) (similar), *aff'd* 774 F. App'x 752 (3d Cir. 2019). Without non-speculative evidence tending to show that a different warning label would have prevented her injuries despite her past behavior in not reading the labels, Plaintiffs cannot show that the allegedly inadequate warning caused those injuries. *Conti*, 743 F.2d at 198-99; *Petree*, 831 F.2d at 1195.

Moreover, Plaintiffs' claims would still fail even if the Court were to apply a heeding presumption to the claims (*see supra* note 2). Courts that have applied the heeding presumption have ruled that the presumption is rebutted with evidence that the user would not have read and heeded an adequate warning. *See Coward*, 729 A.2d at 621-22. If the defendant rebuts the presumption with that evidence, the burden "shifts back to the plaintiff to produce evidence that he would have acted to avoid the underlying hazard had the defendant provided an adequate warning." *Id.* at 622. Beth Spector's testimony that she never read the warning label sufficiently rebuts the presumption that she would have read and heeded an adequate warning. *See Flanagan*, 259 F. Supp. 3d at 321; *Wright*, 175 F. Supp. 3d at 454; *Chandler*, 340 F. Supp. 3d at 562. And again, Plaintiffs can proffer no affirmative evidence to even suggest that Beth Spector would have read and heeded a different warning, and thereby prevented her injuries. Because the undisputed evidence instead affirmatively shows a different warning would not have changed the result, Plaintiffs cannot prove causation for any of their claims (*see supra* Section I), and the Court must grant summary judgment on all claims.³ Granting judgment as a matter of law is proper as to all claims because as described

---

³ To the extent Plaintiffs base their claims on materials other than the warning label affixed to the products themselves (*see* Compl. ¶ 128), the claims still fail. Again, Plaintiffs must come

5

herein and found in Plaintiffs' complaint, the gravamen of all of Plaintiffs' counts, no matter how styled, is that they all center on Monsanto's alleged failure to warn of the alleged carcinogenic effect of glyphosate. Without having read the labels, under controlling Pennsylvania law, they all fail.

## IV.   CONCLUSION

For the foregoing reasons, Monsanto is entitled to summary judgment on Plaintiffs' claims.

Dated:  September 20, 2021                Respectfully submitted,

*/s/ Jed P. White*
Jed P. White
Attorney for Defendant Monsanto Company

---

forward with non-speculative evidence tending to show that Beth Spector would have heeded some other warning made in a different medium and acted differently, preventing her injuries. There is none. Instead, Plaintiffs cannot even muster evidence tending to show that Beth Spector looked at the labels affixed to the products she used and which allegedly caused her injuries.

**CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to the within action; my business address is 120 Broadway, Suite 300, Santa Monica, CA 90401-2386. My email address is raul.morales@bclplaw.com.

On September 20, 2021, I served the foregoing document(s), described as: **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT** on each interested party in this action, as follows:

☒     BY CM/ECF NOTICE OF ELECTRONIC FILING:  I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court, or by another manner as authorized by FED. R. CIV. P. 5.

Executed on September 20, 2021, at Santa Monica, California.

☒     FEDERAL:  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ Raul Morales*
Raul Morales