UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 16-md-02741-VC |
| This document relates to: *Pike et al. v. Monsanto Company et al.*, Case No. 20-cv-08192 | **PRETRIAL ORDER NO. 247: DENYING MOTION TO REMAND IN LIGHT OF FRAUDULENT JOINDER** Re: Dkt. No. 12288 |

Pike's motion to remand is denied because all the non-diverse defendants in this suit—Crown Hardware, Wilbur-Ellis Company, and Wilbur-Ellis Nutrition—were fraudulently joined.

1. In his complaint, Pike alleges that he purchased Roundup from Crown Hardware's storefront in Davis, California. But Crown Hardware has never had a storefront in Davis. Rather, a different hardware store—Davis Ace Hardware—likely sold Roundup to Pike. Pike does not dispute this, but now he claims that Crown Hardware is a proper defendant due to the relationship between Crown Hardware and Davis Ace Hardware. However, Monsanto has presented "extraordinarily strong evidence" that Pike "could not possibly prevail on [his] claims" against Crown Hardware. *Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Therefore, Crown Hardware was fraudulently joined, and its citizenship is not relevant for purposes of diversity jurisdiction. *See United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002).

Pike claims that Crown Hardware acquired Davis Ace Hardware and its relevant liabilities in 2019. But Monsanto has provided the contracts structuring the deal, which establish

that Crown Hardware was purchased by Lifestyle Hui LLC via an Asset Purchase Agreement that was subsequently assigned to Lifestyle Davis LLC. Neither LLC is owned, directly or indirectly, by Crown Hardware. Pike is unable to dispute this clear and convincing evidence; newspaper articles informally characterizing this corporate transaction cannot undermine the contracts themselves.

Further, even if Crown Hardware had acquired some ownership interest in Davis Ace Hardware through this purchase, Pike's liabilities did not flow to the purchaser. Pike's claims arise out of his use of Roundup from 2009 to 2016. But the Purchase Agreement, which was executed in April 2019, explicitly provided that the purchaser did not assume potential liabilities for negligence, products liability, or other claims related to actions that occurred prior to the closing date. Monsanto has therefore conclusively demonstrated that, though Crown Hardware may sell Roundup, it did not sell Pike's Roundup—and is not liable for the fact that someone else did.

2. Wilbur-Ellis Nutrition and Wilbur-Ellis Company were fraudulently joined for the reasons set out in Amended Pretrial Order No. 244, *In re: Roundup Products Liability Litigation*, No. 16-md-2741, 2021 WL 4186714 (N.D. Cal. Sept. 15, 2021).

3. Pike cannot defeat diversity jurisdiction using Doe defendants. In determining whether an action is diverse for the purposes of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989).

**IT IS SO ORDERED.**

Dated: September 22, 2021

VINCE CHHABRIA
United States District Judge