**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel:  202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel:  202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel:  415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 2392339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310 -576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, <br><br> *Schroeder v. Monsanto Co.*, 3:20-cv-06126-VC | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC <br><br> **MONSANTO COMPANY'S NOTICE OF MOTIONS AND (1) MOTION TO STRIKE EXPERT REPORT AND OPINIONS OF DR. SKLAROFF; AND (2) MOTION FOR SUMMARY JUDGMENT** <br><br> **Hearing:** <br> Date:  TBD <br> Time:  TBD <br> Place: Courtroom 4 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on TBD in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will move this Court for an order, pursuant to Federal Rules of Civil Procedure 26 and 37 striking the expert report and opinions of Dr. Robert B. Sklaroff. In the alternative, Monsanto requests that the Court order Plaintiff Frederick Schroeder, Sr. ("Plaintiff" or "Decedent") to produce Dr. Sklaroff for deposition within 10 days, and extend Monsanto's deadline to file a *Daubert* brief in this action

Monsanto also moves and for an order pursuant to Federal Rule of Civil Procedure 56(c) entering judgment in its favor and against Plaintiff, on the grounds that Plaintiff lacks the required admissible expert testimony on causation, and lacks evidence that any alleged inadequate warning caused his damages. In the alternative, Monsanto moves for an order pursuant to Federal Rule of Civil Procedure 56(c) on the grounds that Monsanto is entitled to partial summary judgment on wrongful death damages.

Dated:  September 22, 2021                              Respectfully submitted,

                                                        /s/ Jed P. White
                                                        Jed P. White

                                                        *Attorney for Defendant Monsanto Company*

**TABLE OF CONTENTs**

Page

FACTUAL BACKGROUND ........................................................................................................... 2

I.    PLAINTIFF'S CLAIMS. ....................................................................................................... 2

II.   PLAINTIFF OBTAINED AN EXTENSION TO PROVIDED EXPERT REPORTS. ............................................................................................................................ 2

III.  PLAINTIFF REFUSED TO PRODUCE DR. SKLAROFF FOR DEPOSITION WITHIN THE EXPERT DISCOVERY PERIOD. ............................................................. 3

LEGAL STANDARDS ................................................................................................................... 4

ARGUMENT ................................................................................................................................... 5

I.    THE COURT SHOULD STRIKE DR. SKLAROFF'S REPORT, OR IN THE ALTERNATIVE EXTEND MONSANTO'S DEADLINE TO FILE A *DAUBERT* MOTION. .......................................................................................................... 5

II.   IF THE COURT STRIKES DR. SKLAROFF'S REPORT, THEN SUMMARY JUDGMENT IS REQUIRED BECAUSE PLAINTIFF LACKS THE REQUIRED ADMISSIBLE EXPERT TESTIMONY ON CAUSATION. .................. 6

III.  SUMMARY JUDGMENT IS REQUIRED ON PLAINTIFF'S CLAIMS BECAUSE THERE IS INSUFFICIENT EVIDENCE THAT A FAILURE TO WARN CAUSED HIS ALLEGED INJURIES. ................................................................ 8

IV.  IF THE COURT DOES NOT GRANT SUMMARY JUDGMENT ON ALL CLAIMS, PARTIAL SUMMARY JUDGMENT AS TO WRONGFUL DEATH DAMAGES SHOULD BE GRANTED BECAUSE PLAINTIFF'S SON IS NOT SEEKING DAMAGES INDIVIDUALLY. ................................................. 10

CONCLUSION .............................................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*,
   460 F.3d 1217 (9th Cir. 2006) ............................................................................................... 5

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ............................................................................................................... 4

*Apple, Inc. v. Samsung Elecs. Co.*,
   No. 11-CV-01846-LHK, 2012 WL 3155574 (N.D. Cal. Aug. 2, 2012) ................................. 4

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ............................................................................................................... 4

*Conti v. Ford Motor Co.*,
   743 F.2d 195 (3d Cir. 1984) ......................................................................................... 8, 9, 10

*Cooper v. Smith & Nephew, Inc.*,
   259 F.3d 194 (4th Cir. 2001) .................................................................................................. 8

*Covington v. Cont'l Gen. Tire, Inc.*,
   381 F.3d 216 (3d Cir. 2004) ................................................................................................... 9

*Coward v. Owens-Corning Fiberglas Corp.*,
   729 A.2d 614 (Pa. Super. Ct. 1999) ....................................................................................... 9

*Dambacher by Dambacher v. Mallis*,
   485 A.2d 408 (Pa. Super. Ct. 1984) ....................................................................................... 7

*Dolby v. Ziegler Tire & Supply Co.*,
   No. 694 WDA 2016, 2017 WL 781650 (Pa. Super. Ct. Feb. 28, 2017) ................................. 9

*Ferens v. John Deere Co.*,
   494 U.S. 516 (1990) ............................................................................................................... 6

*Fitzgerald v. Manning*,
   679 F.2d 341 (4th Cir. 1982) .................................................................................................. 7

*Flanagan v. martFIVE, LLC*,
   259 F. Supp. 3d 316 (W.D. Pa. 2017) .................................................................................. 10

*Hodge v. Caterpillar, Inc.*,
   No. 91-0717, 1992 U.S. Dist. LEXIS 6566 (E.D. Pa. April 29, 1992) ............................... 6, 8

*Jones v. Danek Med., Inc.*,
   No. Civ. A. 4:96-3323-12, 1999 WL 1133272 (D.S.C. Oct. 12, 1999) ................................. 8

*Jones v. Ortho Pharm. Corp.*,
    163 Cal. App. 3d 396 (1985) .......................................................................................... 7

*Koplove v. Ford Motor Co.*,
    795 F.2d 15 (3d Cir. 1986) ............................................................................................ 6

*Marks v. Redner's Warehouse Mkts.*,
    136 A.3d 984 (Pa. Super. Ct. 2016) .............................................................................. 6

*Martinez v. Ethicon Inc.*,
    No. 7:19-cv-00164, 2020 U.S. Dist. LEXIS 77635 (S.D. Tex. May 1, 2020) .............. 8

*McCracken v. Ford Motor Co.*,
    392 Fed. App'x 1 (3rd Cir. 2010) .................................................................................. 7

*McKenna v. E. I. Du Pont de Nemours & Co.*,
    No. 87-2233, 1988 U.S. Dist. LEXIS 6466 (E.D. Pa. June 30, 1988) .......................... 8

*Moroney v. Gen. Motors Corp.*,
    850 A.2d 629 (Pa. Super. Ct. 2004) .............................................................................. 9

*Moyer v. Rubright*,
    651 A.2d 1139 (Pa. Super. Ct. 1994) .......................................................................... 10

*Oddi v. Ford Motor Co.*,
    234 F.3d 136 (3d Cir. 2000) .......................................................................................... 6

*Pavlik v. Lane Ltd./Tobacco Exporters Int'l*,
    135 F.3d 876 (3d Cir. 1998) .......................................................................................... 9

*Petree v. Victor Fluid Power, Inc.*,
    831 F.2d 1191 (3d Cir. 1987) ................................................................................. 9, 10

*Phillips v. A-Best Prod. Co.*,
    665 A.2d 1167 (Pa. 1995) ............................................................................................. 8

*Sherk v. Daisy-Heddon*,
    450 A.2d 615 (Pa. 1982) ............................................................................................... 7

*Sliker v. Nat'l Feeding Sys., Inc.*,
    No. 282 CD 2010, 2015 WL 13779690 (Pa. Com. Pl. Oct. 19, 2015) ......................... 9

*Viguers v. Philip Morris USA, Inc.*,
    837 A.2d 534 (Pa. Super. Ct. 2003), *aff'd*, 881 A.2d 1262 (Pa. 2005) ........................ 9

*In re Vioxx Prods. Liab. Litig.*,
    478 F. Supp. 2d 897 (E.D. La. 2007) ........................................................................... 6

*Westfield Ins. v. Detroit Diesel Corp.*,
    No. 3:10-cv-100, 2012 U.S. Dist. LEXIS 64301 (W.D. Pa. May 8, 2012) ................... 6

*Woelpper v. Scott Aviation*,
  No. 90-5713, 1991 U.S. Dist. LEXIS 12913 (E.D. Pa. Sept. 12, 1991) .................................. 6

*Yeti by Molly, Ltd v. Deckers Outdoor Corp.*,
  259 F.3d 1101 (9th Cir. 2001) .............................................................................................. 4, 5

**Statutes**

42 Pa. Cons. Stat. Ann. § 8301(a) ................................................................................................ 10

42 Pa. Cons. Stat. Ann. § 8302 .................................................................................................... 10

**Other Authorities**

Fed. R. Civ. P. 26 ....................................................................................................................... 4, 5

Fed. R. Civ. P. 37 ................................................................................................................ 1, 4, 5, 6

Fed. R. Civ. P. 56 ............................................................................................................................ 4

**MEMORANDUM OF POINTS AND AUTHORITIES**

After receiving an extension to provide expert reports, Plaintiff, Decedent Frederick Schroeder, Sr.,[1] disclosed Dr. Robert B. Sklaroff as his sole expert witness on specific causation. With the *Daubert* deadline approaching, however, Plaintiff's counsel ignored Monsanto's requests for Dr. Sklaroff's deposition and failed to produce him for deposition during the expert discovery period. Therefore, Monsanto requests that the Court strike Dr. Sklaroff's expert report and opinions under Rule 37(c)(1). Because Dr. Sklaroff is the only expert designated by Plaintiff regarding specific causation, the Court should also grant summary judgment in favor of Monsanto because Plaintiff cannot sustain his burden of proof on causation. Without an expert witness on specific causation, Plaintiff does not have the requisite evidence to establish that Roundup was the proximate cause of his cancer. In the alternative, Monsanto requests that the Court extend Monsanto's deadline to file a *Daubert* brief in this action, and order Plaintiff to produce Dr. Sklaroff for deposition within 10 days of the Court's Order.

Additionally, the Court should grant Monsanto summary judgment on all claims for a separate and independent reason. Each of Plaintiff's claims depends upon Monsanto's alleged failure to warn of the carcinogenic risks allegedly associated with Monsanto's Roundup®-branded herbicides ("Roundup"). *See* Compl. ¶ 5 ("During the entire time that Plaintiff Mr. Schroeder was exposed to Roundup, he did not know that exposure to Roundup was injurious to his health or the health of others."), ¶ 144 (as part of design defect claim, alleging Schroeder Sr. was exposed to Roundup "without knowledge of [its] dangerous characteristics"), ¶¶ 152-73 (Plaintiff's strict liability failure to warn claims), ¶ 187 (as part of negligence claim, alleging Monsanto failed to warn Plaintiff of Roundup's risks), ¶ 196 (as part of breach of express warranty claim, alleging Monsanto "failed to disclose that Roundup has dangerous propensities"), ¶ 214 (as part of implied warranty claim, alleging Plaintiff used Roundup as instructed and labeled in reliance upon Monsanto's

---

[1] Schroeder Sr. passed away subsequent to the filing of his complaint. However, Plaintiff has not filed a request to substitute as plaintiff a personal representative or successor in interest. Plaintiff's son, Frederick Schroeder Jr. ("Schroeder Jr."), testified at a deposition purportedly on behalf of Plaintiff's estate. Therefore, Plaintiff is also referred to in this motion as "Schroeder Sr." or "Decedent."

1

MONSANTO'S NOTICE OF MOTIONS & MOTION TO STRIKE & MOTION FOR SUMMARY JUDGMENT
*SCHROEDER V. MONSANTO CO.*, 3:20-CV-06126-VC

implied warranty). But Plaintiff cannot show that any alleged failure to warn caused his injuries, because there is no evidence whatsoever that he ever read the warning label on any of the Roundup-branded products he allegedly used. As a result, Plaintiff cannot show that a different warning would have changed his behavior and prevented his alleged injuries.

Lastly, if the Court does not grant Monsanto summary judgment on all claims, the Court should nonetheless grant partial summary judgment on wrongful death damages because the Decedent's son, Schroeder Jr., admitted that he is not a plaintiff in this action and does not intend to seek damages individually in this matter. Thus, any damages would be under a survival theory, not wrongful death, and the Court should grant partial summary judgment on wrongful death damages.

## FACTUAL BACKGROUND

### I. PLAINTIFF'S CLAIMS.

Plaintiff was a resident of Pennsylvania who allegedly developed follicular lymphoma, a subtype of non-Hodgkin's lymphoma ("NHL"), in 2014 as a result of exposure to Roundup. *See* Compl. ¶¶ 1-8. Plaintiff filed this action seeking to hold Monsanto responsible for his cancer, asserting five claims: (1) strict liability – manufacturing and design defect; (2) strict liability – failure to warn; (3) negligence; (4) breach of express warranty; and (5) breach of implied warranty. The lynchpin of Plaintiff's claims is that glyphosate—the active-ingredient in Roundup—caused Decedent's cancer and that Monsanto should have included cancer warnings on those products. *See id*. However, Plaintiff has no evidence whatsoever that Decedent ever read a warning label for any Roundup product he allegedly used. To the contrary, Decedent's son, Frederick Schroeder Jr., testified that he *could not say* whether his father read any of the warning labels on the Roundup-branded products that Plaintiff alleges he used. *See* Declaration of Jed White ("White Decl."), ¶ 2 Ex. 1 (Schroeder Jr. Dep. at 44:1-3).

### II. PLAINTIFF OBTAINED AN EXTENSION TO PROVIDED EXPERT REPORTS.

On December 9, 2020, this MDL Court required all Wave 3 plaintiffs to submit expert reports no later than June 29, 2021. *See* Order Granting Joint Request for Revised Schedule for Wave 3 Cases and Addition of Cases to Wave 3 as Modified ("Wave 3 Scheduling Order") (MDL

ECF #12197).  Also under the Wave 3 Scheduling Order, expert discovery closed on September 8, 2021, and Monsanto's *Daubert* and summary judgment briefs are due September 22, 2021.

Plaintiff filed a motion for an extension to provide expert reports, which was unopposed by Monsanto.  On July 27, 2021, the Court granted the motion, which extended both parties' deadlines to disclose experts by 30 days.  (Individ. ECF #8, 9.)  The motion and order did not extend the close of expert discovery (which remained September 8, 2021), nor did it extent Monsanto's deadline to file *Daubert* and summary judgment briefs (which remained September 22, 2021).

### III. PLAINTIFF REFUSED TO PRODUCE DR. SKLAROFF FOR DEPOSITION WITHIN THE EXPERT DISCOVERY PERIOD.

On July 29, 2021, Plaintiff served the expert report of Dr. Robert B. Sklaroff, Plaintiff's only specific causation expert.  *See* White Decl., ¶ 3 Ex. 2; MDL ECF #13374.  Dr. Sklaroff's report did not include a list of materials he considered for his report, nor did the report include a list of his prior testimony over the past four years, both of which are required under Rule 26.  *See id.*

Beginning on August 13, 2021, Monsanto requested deposition dates for Dr. Sklaroff, but received no response from Plaintiff.  *See* White Decl., ¶ 4 Ex. 3 at 4 (8/13/21 email from Anthony Martinez to Sandra Shaub and others).  On August 17, 2021, Monsanto reached out again to obtain deposition dates for Dr. Sklaroff, and requested a list of materials he considered for his report and a list of his prior testimony over the past four years, which were required to be in his original report. *See id.* at 3-4 (8/17/21 email from Aaron Levine to Sandra Shaub and others).

Plaintiff responded that Dr. Sklaroff's deposition would need to occur in the "2nd part of September." *Id.* at 3 (8/17/2021 email from Mark Atlee to Aaron Levine and others). However, because Monsanto's deadline to file Daubert and summary judgment briefing is September 22, Monsanto responded that Dr. Sklaroff's deposition would need to occur no later than September 15, 2021.[2] *Id.* (8/17/2021 email from Aaron Levine to Mark Atlee and others). Plaintiff failed to respond

---

[2] Under the Wave 3 Scheduling Order, expert discovery closed on September 8, 2021. Nonetheless, Monsanto was willing to take Dr. Sklaroff's deposition up until September 15 as an accommodation to Plaintiff's counsel, thus significantly limiting Monsanto's time to prepare a *Daubert* motion.

with any deposition dates for Dr. Sklaroff, despite Monsanto following up on August 20, 26, and September 1, 2021. *Id.* at 2-3.

Finally, on September 14, 2021—more than a month after Monsanto first requested Dr. Sklaroff's deposition, after the close of expert discovery, and a mere eight days before Monsanto's *Daubert* deadline—Plaintiff's counsel responded that they were still "working on getting dates for Dr. Sklaroff's deposition as well as the documentation requested." *Id.* at 1 (9/14/2021 email from Sandra Shaub to Aaron Levine and others).

## LEGAL STANDARDS

**Motion to Strike**. Under Rule 37(c)(1), the failure of a party to disclose its expert's opinions in compliance with Rule 26(a)(2) generally results in the party violating the rule being automatically barred from using the expert opinion evidence at trial unless the party violating the Rule proves that such failure was substantially justified or is harmless. *See Yeti by Molly, Ltd v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37(c)(1) is "self-executing" and "automatic." *Id.* Once non-compliance is shown, the burden is on the party who failed to comply to demonstrate that it meets one of the two exceptions to mandatory sanctions. *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 3155574, at *4 (N.D. Cal. Aug. 2, 2012).

**Summary Judgment**. Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when it could affect the outcome of the case, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of "informing" the Court that there exists the "absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must come forward with evidence to show there is in fact a genuine issue for trial. *Id.* at 323-24. A "complete failure of proof concerning an essential element of the nonmoving party's case" warrants summary judgment and "necessarily renders all other facts immaterial." *Id.* at 323.

# ARGUMENT

## I. THE COURT SHOULD STRIKE DR. SKLAROFF'S REPORT, OR IN THE ALTERNATIVE EXTEND MONSANTO'S DEADLINE TO FILE A *DAUBERT* MOTION.

Rule 26 requires expert reports to include "the data or other information considered by the witness in forming" their opinion and "a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition." Rule 26(a)(2)(B)(ii), (v).

Federal Rule of Civil Procedure "37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd.*, 259 F.3d at 1106. Moreover, this Rule is "a self-executing, automatic sanction to provide a strong inducement for disclosure of materials." *Id*. Under Rule 37(c)(1), the failure of a party to disclose its expert's opinions in compliance with Rule 26(a)(2) results in the party violating the rule being automatically barred from using the expert opinion evidence at trial unless the party violating the Rule proves that such failure was substantially justified or is harmless. *Id*.

Here, Plaintiff's deficient expert report and refusal to produce Dr. Sklaroff for deposition during the discovery period and sufficiently in advance of Monsanto's *Daubert* deadline was neither substantially justified nor harmless. The parties are proceeding under a very strict discovery schedule in an effort to litigate a significant number of cases. Plaintiff's failure to comply with expert disclosure obligations constitutes substantial prejudice to Monsanto.

Moreover, Plaintiff requested and received an extension, so he had ample time and opportunity to satisfy his expert disclosure obligations under Rule 26(a)(2) and the Wave 3 Scheduling Order. And honoring strict deadlines in an MDL is particularly important. *See Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1222 (9th Cir. 2006) (affirming dismissal of cases in MDL for failure to comply with case management orders because "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions").

Therefore, Dr. Sklaroff's expert report and opinions should be stricken under Rule 37(c)(1). In the alternative, the Court should order that Plaintiff produce Dr. Sklaroff for deposition within ten days and should extend Monsanto's deadline to file a *Daubert* brief in this action until after it has had an opportunity to take Dr. Sklaroff's deposition.

## II. IF THE COURT STRIKES DR. SKLAROFF'S REPORT, THEN SUMMARY JUDGMENT IS REQUIRED BECAUSE PLAINTIFF LACKS THE REQUIRED ADMISSIBLE EXPERT TESTIMONY ON CAUSATION.

"An expert opinion or analysis is a prerequisite to proof of a defective product." *Hodge v. Caterpillar, Inc.*, No. 91-0717, 1992 U.S. Dist. LEXIS 6566, *4 (E.D. Pa. April 29, 1992); *Koplove v. Ford Motor Co.*, 795 F.2d 15 (3d Cir. 1986).[3] In *Koplove v. Ford Motor Company*, a products liability action, the Third Circuit affirmed the entry of summary judgment against a plaintiff who failed to provide expert testimony because "a rational jury could not find the defendant liable without some expert analysis of the available information which implicated it." 795 F.2d at 17; *see also Woelpper v. Scott Aviation*, No. 90-5713, 1991 U.S. Dist. LEXIS 12913, *5 (E.D. Pa. Sept. 12, 1991) ("if the plaintiff is unable to establish the elements of negligence or strict liability without offering expert testimony, summary judgment is appropriate").

Under Pennsylvania law, expert testimony is generally required in products liability cases where a defect is alleged, "unless the issues are 'simple' and 'within the range of comprehension of the average juror.'" *Westfield Ins. v. Detroit Diesel Corp.*, No. 3:10-cv-100, 2012 U.S. Dist. LEXIS 64301, at *4 (W.D. Pa. May 8, 2012) (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 159 (3d Cir. 2000)). But where the issues in a products liability case are highly technical, expert testimony is

---

[3] Pennsylvania substantive law applies because it is the transferor forum. *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007) (for cases, "filed in, or removed to, federal courts across the country and transferred to the MDL court by the Judicial Panel on Multidistrict Litigation," … "the MDL court must apply the law of the transferor forum, that is, the law of the state in which the action was filed, including the transferor forum's choice-of-law rules") (citing *Ferens v. John Deere Co.*, 494 U.S. 516, 524 (1990)); *see also Marks v. Redner's Warehouse Mkts.*, 136 A.3d 984, 988 (Pa. Super. Ct. 2016) ("In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship."); Compl. ¶ 2 (alleging exposure to Roundup while using the product in Lancaster, Pennsylvania from 1980 through 2014).

necessary to assist the jury in understanding the claims. *McCracken v. Ford Motor Co.*, 392 Fed. App'x 1, 3 (3rd Cir. 2010); *see also Fitzgerald v. Manning*, 679 F.2d 341, 350 (4th Cir. 1982) ("expert testimony is usually necessary to support the conclusion as to causation" where the cause of the alleged injury is "'determinable only in the light of scientific knowledge'").

Here, Plaintiff alleges that he was diagnosed with follicular lymphoma, a subtype of NHL, in 2014, which he claims was caused by his exposure to Roundup. *See* Compl. ¶ 8. NHL is a highly diverse group of blood cancers classified into more than 60 distinct subtypes and is the seventh most common cancer. The cause of most NHL cases is not known.[4] "With cancer the question of causation is especially troublesome[,] . . . it is frequently difficult to determine the nature and cause of a particular cancerous growth." *Jones v. Ortho Pharm. Corp.*, 163 Cal. App. 3d 396, 403 (1985). As a result, "the unknown and mysterious etiology of cancer is beyond the experience of laymen and can only be explained through expert testimony." *Id*. Thus, as a matter of Pennsylvania law, the causal link between Plaintiff's alleged injury and Roundup is "beyond the jury's common understanding." *McCracken*, 392 Fed. App'x at 3 (upholding district court's conclusion plaintiff's claims for strict products liability and defective design required expert testimony to prove that defendant's product caused plaintiff's cancer).

Specific causation is an essential element of each of Plaintiff's claims. In Pennsylvania, where an injured party is suing a manufacturer in a strict liability action and breach of warranty, the plaintiff must prove that the product was defective and that the defect caused the injury. *Sherk v. Daisy-Heddon*, 450 A.2d 615, 617 (Pa. 1982). Similarly, for the negligence claim, Plaintiff must prove that the product was defective, that the defect proximately caused the harm, and that the defendant failed to exercise due care in manufacturing or supplying the product. *Dambacher by Dambacher v. Mallis*, 485 A.2d 408, 424 (Pa. Super. Ct. 1984).

---

[4] *See generally* National Institutes of Health, *Cancer Stat Facts: Non-Hodgkin Lymphoma*, https://seer.cancer.gov/statfacts/html/nhl.html; National Institutes of Health, *Adult NHL Treatment*, https://www.cancer.gov/types/lymphoma/patient/adult-hodgkin-treatment-pdq; Leukemia & Lymphoma Society, *Non-Hodgkin Lymphoma*, https://lls.org/lymphoma/non-hodgkin-lymphoma.

Without *any* competent expert evidence of case-specific causation, Monsanto is entitled to summary judgment on all Plaintiff's claims. *McKenna v. E. I. Du Pont de Nemours & Co.*, No. 87-2233, 1988 U.S. Dist. LEXIS 6466, at *7 (E.D. Pa June 30, 1988) (defendant entitled to summary judgment because failure to warn and design defect claims required expert testimony yet plaintiff had no expert testimony); *Hodge*, 1992 U.S. Dist. LEXIS 6566, at *4 (granting summary judgment because plaintiff had no expert testimony to establish the essential elements in the products liability action); *Martinez v. Ethicon Inc.*, No. 7:19-cv-00164, 2020 U.S. Dist. LEXIS 77635, at *4-5 (S.D. Tex. May 1, 2020) ("Products liability cases are quintessentially expert cases, and failure to designate experts almost always leads to summary judgment."); *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 196-197 (4th Cir. 2001) (affirming dismissal of product liability claims where appellant "had no admissible medical evidence indicating that [defendant's] device was the proximate cause of his injuries"); *Jones v. Danek Med., Inc.*, No. Civ. A. 4:96-3323-12, 1999 WL 1133272, at *5 (D.S.C. Oct. 12, 1999) ("There being no expert testimony regarding causation, summary judgment is granted on the products liability allegations.").

### III. SUMMARY JUDGMENT IS REQUIRED ON PLAINTIFF'S CLAIMS BECAUSE THERE IS INSUFFICIENT EVIDENCE THAT A FAILURE TO WARN CAUSED HIS ALLEGED INJURIES.

Summary judgment is also warranted for a separate and independent reason: Plaintiff cannot establish that an inadequacy in Roundup's warnings caused his injuries.

A manufacturer is liable for a failure to warn under Pennsylvania law only if the allegedly inadequate warning caused the injuries alleged. *Phillips v. A-Best Prod. Co.*, 665 A.2d 1167, 1171 (Pa. 1995). Thus, to establish causation the plaintiff must show that "the user of the product would have avoided the risk had he or she been warned of it by the seller." *Id.* To make this showing, the plaintiff must present evidence that the presence of a different, more adequate warning label would have prevented the alleged injuries. *Conti v. Ford Motor Co.*, 743 F.2d 195, 198-99 (3d Cir. 1984) (reversing jury verdict and remanding for judgment in favor of defendant, and explaining that for a case to be submitted to a jury on a theory of failure to warn, "the evidence must be such as to support a reasonable inference, rather than a guess, that the existence of an adequate warning may have

prevented the accident"); *Petree v. Victor Fluid Power, Inc.*, 831 F.2d 1191, 1195 (3d Cir. 1987) ("In order for the plaintiff to raise a jury question as to whether the failure to warn of latent dangers was the cause-in-fact and proximate cause of his or her injuries, there must be enough evidence to support a reasonable inference, rather than a guess, that a warning may have prevented the accident.").[5] Judgment as a matter of law for the defendant is appropriate when the plaintiff cannot proffer non-speculative evidence that a more adequate warning would have changed any behavior and prevented the alleged injuries. *Id.*; *Dolby*, 2017 WL 781650, at *5 (failure to warn claim failed as a matter of law where plaintiff did not present any evidence that the lack of a warning caused the injuries).

Here, Plaintiff has no such evidence. Plaintiff alleges that his injuries were caused by exposure to Roundup. *See* Compl. ¶¶ 2-3. But Plaintiff has proffered no evidence that he ever looked at or read the warning label on any Roundup-branded product that he allegedly used. To the contrary, Decedent's son testified that he did not know if his father ever read a Roundup label. *See* White Decl., ¶ 2 Ex. 1 (Schroeder Jr. Dep. at 44:1-3). With no evidence whatsoever that the Decedent ever read a Roundup label, the jury would be left only to speculate as to whether a different warning would have altered Decedent's behavior and avoided his injuries. *Conti*, 743 F.2d at 198-99. In other words, without evidence that a different warning label would have prevented his alleged

---

[5] While some courts applying Pennsylvania law have applied a rebuttable presumption that a product user would have heeded an adequate warning (*see Pavlik v. Lane Ltd./Tobacco Exporters Int'l*, 135 F.3d 876, 883-84 (3d Cir. 1998); *Coward v. Owens-Corning Fiberglas Corp.*, 729 A.2d 614, 620 (Pa. Super. Ct. 1999)), subsequent state appellate rulings have limited this so-called heeding presumption to cases involving work-related asbestos exposure. *See Viguers v. Philip Morris USA, Inc.*, 837 A.2d 534, 537-38 (Pa. Super. Ct. 2003), *aff'd*, 881 A.2d 1262 (Pa. 2005); *Moroney v. Gen. Motors Corp.*, 850 A.2d 629, 634 n.3 (Pa. Super. Ct. 2004); *see also Dolby v. Ziegler Tire & Supply Co.*, No. 694 WDA 2016, 2017 WL 781650, at *5 (Pa. Super. Ct. Feb. 28, 2017); *Sliker v. Nat'l Feeding Sys., Inc.*, No. 282 CD 2010, 2015 WL 13779690, at *1 (Pa. Com. Pl. Oct. 19, 2015). As the Pennsylvania state supreme court has not definitively ruled on the applicability of a heeding presumption in this context, this Court must predict how it would rule if faced with this question. *Covington v. Cont'l Gen. Tire, Inc.*, 381 F.3d 216, 218 (3d Cir. 2004). These more recent intermediate appellate decisions limiting the scope of the heeding presumption to factual circumstances not present here are "particularly relevant," and sufficiently show that the state supreme court would *not* presume adequate warnings would be heeded. *Id.* (decisions of intermediate state court are "particularly relevant" and should "not be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise").

injuries, Plaintiff cannot show that the allegedly inadequate warning caused those injuries. *Id.*; *Petree*, 831 F.2d at 1195; *Flanagan v. martFIVE, LLC*, 259 F. Supp. 3d 316, 321 (W.D. Pa. 2017) ("Mere speculation is not enough to impose liability under a failure-to-warn claim.") (quotations omitted). Granting judgment as a matter of law is proper as to all claims because as described herein and found in Plaintiff's complaint, the gravamen of all of Plaintiff's counts, no matter how styled, is that they all center on Monsanto's alleged failure to warn of the alleged carcinogenic effect of glyphosate. Without having read the labels, under controlling Pennsylvania law, they all fail.[6]

## IV. IF THE COURT DOES NOT GRANT SUMMARY JUDGMENT ON ALL CLAIMS, PARTIAL SUMMARY JUDGMENT AS TO WRONGFUL DEATH DAMAGES SHOULD BE GRANTED BECAUSE PLAINTIFF'S SON IS NOT SEEKING DAMAGES INDIVIDUALLY.

This Court should grant summary judgment *in toto* for the two separate and independent reasons stated above. However, if it declines to do so, at the very least partial summary judgment is warranted as to wrongful death damages.

Under the Pennsylvania Wrongful Death Act, an individual plaintiff can bring an action "to recover damages for the death of an individual caused by the wrongful act . . . of another." 42 Pa. Cons. Stat. Ann. § 8301(a). An action for "wrongful death may be brought only by specified relatives of the decedent to recover damages in their own behalf and not as beneficiaries of the estate." *Moyer v. Rubright*, 651 A.2d 1139, 1141 (Pa. Super. Ct. 1994). In contrast, under a survival action, governed by 42 Pa. Cons. Stat. Ann. § 8302, the decedent's estate stands in the shoes of the person who has passed away and the decedent's estate. *Id*. ("The survival action has its genesis in the decedent's injury, not his death. The recovery of damages stems from the rights of action possessed by the decedent at the time of death.").

---

[6] To the extent Plaintiff bases his failure to warn theory on materials other than the warning label affixed to the products themselves (*see* Compl. ¶ 165), the claims still fail. Again, Plaintiff must come forward with non-speculative evidence establishing that he would have heeded some other warning made in a different medium and acted differently, preventing his injuries. There is no such evidence in the record.

Plaintiff passed away following the filing of the complaint. Plaintiff's son, Schroeder Jr., testified at a deposition as a representative of Plaintiff's estate. Schroeder Jr. admitted during the deposition that he is not a plaintiff in this action and does not intend to seek damages individually in this matter. *See* White Decl., ¶ 2 Ex. 1 (Schroeder Jr. Dep. at 83:20-84:4). Because Schroeder Jr. is not seeking damages on his own behalf, any damages would be under a survival theory only, not wrongful death. Therefore, the Court should grant partial summary judgment on wrongful death damages.

## CONCLUSION

For the foregoing reasons, Monsanto requests that the Court strike Dr. Sklaroff's expert report and grant summary judgment in favor of Monsanto because Plaintiff cannot demonstrate causation in the absence of expert testimony on the issue of specific causation. In the alternative, Monsanto requests that the Court order Plaintiff to produce Dr. Sklaroff for deposition within ten days, and extend Monsanto's deadline to file a *Daubert* brief in this action.

The Court should in any event grant summary judgment on all claims for the separate and independent reason that Plaintiff has not adduced evidence that an alleged inadequacy in Monsanto's warnings caused his injuries. Finally, in the alternative, the Court should grant partial summary judgment on Plaintiff's request for wrongful death damages.

Dated:  September 22, 2021                Respectfully submitted,

*/s/ Jed P. White*
Jed P. White

*Attorney for Defendant Monsanto Company*