EXHIBIT 1

1                    UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
2
                             * * *
3
   IN RE:  ROUNDUP PRODUCTS      )
4  LIABILITY LITIGATION          )
                                 )    MDL No. 2741
5  --------------------------    )
                                 )
6  This document relates to:     )    Case No.
                                 )    MDL No.
7  FREDERICK N. SCHROEDER        )    3:16-md-02741-VC
                                 )
8  VS.                           )
                                 )
9  MONSANTO COMPANY              )
                                 )
10 Case No. 3:20-cv-06126-VC     )
                                 )
11
12                           * * *
13                      MARCH 15, 2021
14                           * * *
15            REMOTE VIDEOTAPED DEPOSITION
              OF FREDERICK SCHROEDER, JR.,
16   conducted at the location of the witness in
     Lancaster, Pennsylvania, commencing at 1:03
17   p.m. EDT, on the above date, before Dutcheen
     O. Cameron, Registered Merit Reporter,
18   Certified Realtime Reporter and Notary Public
     in and for the Commonwealth of Pennsylvania.
19
20
21
22
              GOLKOW LITIGATION SERVICES
23      877.370.3377 ph | 917.591.5672 fax
                  deps@golkow.com
24

1

COUNSEL PRESENT: (REMOTELY)

2

3     For the Plaintiff:
4         Mark C. Atlee, Esq.
          Atlee Hall, LLP
5         415 North Duke Street
          Lancaster, PA  17602
6         717-584-9205
          mcatlee@atleehall.com
7

      For the Defendant:
8

          Andrea J. Steele, Esq.
9         Shook, Hardy & Bacon, LLP
          2555 Grand Blvd.
10        Kansas City, MO  64108
          816-474-6550
11        asteele@shb.com
12

13

14    Also Present:  Matt Martin, Videographer
15

16

17

18

19

20

21

22

23

24

1                    I N D E X

2    EXAMINATIONS                            PAGE

3

4    FREDERICK SCHROEDER, JR.

5    EXAMINATION                                5

6    BY MS. STEELE

7

8

9                  E X H I B I T S

10

11   Exhibit 1 - Notice of Deposition         11

12   Exhibit 2 - Omitted/not marked

13   Exhibit 3 - Photograph                   49

14   Exhibit 4 - Photograph Marked            53

15   Exhibit 5 - Plaintiff Fact Sheet         82

16

17

18

19

20

21

22

23

24

```
 1        COMMENCING -- 1:03 P.M.
 2                  THE VIDEOGRAPHER:  We are now
 3            on the record.  My name is Matt
 4            Martin.  I am a videographer for
 5            Golkow Litigation Services.  Today's
 6            date is March 15th, 2021, and the time
 7            is 1:03 p.m.  This remote video
 8            deposition is being held in the matter
 9            of Schroeder versus Monsanto Company
10            for the United States District Court,
11            Northern District of California.  The
12            Deponent is Frederick Schroeder, Jr.
13            All parties to this deposition are
14            appearing remotely and have agreed to
15            the witness being sworn in remotely.
16            Due to the nature of remote reporting,
17            please pause briefly before speaking
18            to ensure all parties are heard
19            completely.
20                  Will counsel please identify
21            themselves for the record.
22                  MR. ATLEE:  Mark Atlee for the
23            Plaintiff.
24                  MS. STEELE:  Andrea Steele on
```

```
 1              behalf of Monsanto.  VIDEOGRAPHER the
 2              court reporter is Dutch Cameron and
 3              will now swear in the witness.
 4                       * * *
 5       FREDERICK SCHROEDER, JR., having been first
 6        duly sworn, was examined and testified as
 7                     follows:
 8                   EXAMINATION
 9    BY MS. STEELE:
10         Q.     Good afternoon, Mr. Schroeder.
11    My name is Andrea Steele and I represent
12    Monsanto in this case.  Can you state your
13    full name for the record?
14         A.     Frederick N. Schroeder, Jr.
15         Q.     And what's your current home
16    address?
17         A.     Current home address is ███,
18    Walnut Hill Road, Millersville, PA 17551.
19         Q.     Have you ever had your
20    deposition taken before?
21         A.     I don't believe I have.
22         Q.     Just to go over some ground
23    rules, especially on the Zoom platform, I'm
24    going to be asking you questions today.  If
```

1          Q.      Do you know if your father ever

2     read the Roundup label?

3          A.      I don't know.

4          Q.      And I know you've provided

5     receipts, but in general, can you describe how

6     often Schroeder Gardens would purchase

7     Roundup?

8          A.      I don't know.

9          Q.      Do you know typically how fast

10    Schroeder Gardens would go through the

11    two-and-a-half or five-gallon jug of Roundup?

12         A.      I don't know.

13         Q.      Did you ever go into a store

14    and buy Roundup?

15         A.      No.

16         Q.      Have you ever seen an

17    advertisement specific for Roundup?

18         A.      Yes.

19         Q.      Would you have any knowledge if

20    your father ever saw any specific Roundup

21    advertisements?

22         A.      I would assume so from all of

23    the industry magazines that were delivered

24    here that there was a time when they were

Frederick Schroeder, Jr.

```
1                  you.  We can go off the record
2                  until...  VIDEOGRAPHER off the record
3                  at 3:41.
4                            * * *
5                  (Whereupon, a brief recess was
6         taken.)
7         * * * VIDEOGRAPHER we are back on the record
8                       at 3:46.
9                  MR. ATLEE:  Sorry, I was -- the
10                 -- in response to the question, I was
11                 just objecting as to the extent what
12                 he was searching for in terms of
13                 damages.  Obviously, the case was
14                 initially brought on behalf of his --
15                 his father is the one that instituted
16                 the lawsuit.  He is just here as the
17                 -- being appointed as the executor of
18                 the estate.
19        BY MS. STEELE:
20             Q.    And, Mr. Schroeder, do you
21        understand that at this time you aren't an
22        individual plaintiff to this lawsuit, that you
23        are here as a representative of your father's
24        estate?
```

1          A.     I do understand that.

2          Q.     Do you intend to seek damages

3     individually?

4                 MR. ATLEE:  No.

5          Q.     And a couple follow-up

6     questions to what we discussed earlier.  Do

7     you know what the percentage of glyphosate was

8     in the Roundup Pro concentrate that you used?

9          A.     I do not.

10         Q.     Did you ever read the label on

11    the Roundup product?

12         A.     Not that I recall.

13         Q.     And did your father wear

14    eyeglasses for any period of time?

15         A.     No, he did not.

16                MS. STEELE:  At this time I

17                don't have any further questions, but

18                I will reserve the right to continue

19                the deposition on the production of

20                any additional records.

21                MR. ATLEE:  I have no

22                questions.

23                MS. STEELE:  We can go off the

24                record. VIDEOGRAPHER off the record at

Frederick Schroeder, Jr.

1              3:48.

2                   MR. ATLEE:  Read and sign.

3                   MS. STEELE:  I will e-mail you

4         the exhibits.

5                         * * *

6              (Signature Not Waived)

7                         * * *

8         CONCLUDED -- 3:49 P.M.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

CERTIFICATE

COMMONWEALTH OF PENNSYLVANIA )
                              ) SS.
COUNTY OF WESTMORELAND        )

I, Dutcheen O. Cameron, Registered Merit Reporter-Certified Realtime Reporter, Notary Public within and for the Commonwealth of Pennsylvania, do hereby certify that the witness, FREDERICK SCHROEDER, JR., was by me first duly remotely sworn to tell the truth, the whole truth, and nothing but the truth. I do further certify that the foregoing is a verbatim transcript of the testimony as taken stenographically by me at the time, place and on the date hereinbefore set forth, to the best of my ability.

I further certify that I am not a relative, employee or attorney or counsel of any of the parties, or a relative or employee of such attorney or counsel or financially interested directly or indirectly in this action.

I further certify that the inspection, reading and signing of said deposition were not waived by counsel for the respective parties and by the witness.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my seal of office this 26th day of March, 2021.

*Dutcheen L. Cameron*

Dutcheen O. Cameron, RMR, CRR

1                    ERRATA SHEET

2    I hereby make the following changes in my
     deposition testimony:

3
     PAGE NO.   LINE NO.   REASON FOR CHANGE:

4

5

6

7

8

9

10

11

12

13

14

15               CERTIFICATE OF READING
     I,  Frederick Schroeder, Jr., hereby

16   acknowledge that I have read the foregoing
     transcript of my testimony on this     day of

17   2021, taken by Dutcheen O. Cameron, RMR, CRR.
     I further certify that the answers are true

18   and correct as transcribed unless otherwise as
     noted on the Errata Sheet.

19

20                    FREDERICK SCHROEDER, JR.

21   Subscribed and sworn to before me
     this _____ of _____, 20  .

22

23   Notary Public

24

# EXHIBIT 2

**Robert B. Sklaroff, M.D., F.A.C.P.**

Medical Oncology/Hematology     ☎ Telephone:    (215) 333-4900
Smylie Times Building - Suite #500-C     🖷 Facsimile:     (215) 333-2023
8001 Roosevelt Boulevard     ✉ rsklaroff@gmail.com
Philadelphia, PA 19152-3041     ☉ July 29, 2021

Mark C. Atlee, Esq.
Atlee Hall, L.L.P.
415 N. Duke St.
Lancaster, PA 17602-4905
Phone: (800) 924-2309 - Fax: (717) 393-3238     re: <u>Frederick N. Schroeder</u>
                                              [D.O.B. ████████]

Dear Mr. Atlee:

The medical records regarding the above-denoted patient were reviewed; these conclusions have been drawn to a reasonable degree of medical certainty and probability. I know I have been retained as an expert and will be compensated for this report and testimony.

This report is based on the information reviewed to-date, which I consider to be generally reliable—unless evidenced otherwise—and which are the type of data upon which I rely and are routinely relied upon by physicians and paraprofessionals when delivering contemporary medical care (including medical and nursing records, laboratory reports, diagnostic tests and imaging, and consultant reports).  If/when further health-related data are acquired (medical records and/or legal filings), the right is reserved to modify this report accordingly.  These opinions are based on my education, training, and (40+ years') experience in assessing patients with conditions similar to those of this patient as depicted therein. I am an Attending Physician in the Department of Medicine at Nazareth Hospital and I have served on its Bylaws Committee for many years.

I have worked with medical office and hospital staff, including medical technologists and nurses in office settings, hospitals and other venues (*e.g.*, summer-camp doctor, outpatient clinic, only short-term *locum tenens*). I was a leader (at multiple levels) of Organized Medicine's Hospital (later "Organized") Medical Staff Section and was President of a Medical Staff (John F. Kennedy Memorial Hospital). I am familiar with (and have applied) standards of the Joint Commission for the Accreditation of Healthcare Organizations (previously "Hospitals," now "Joint Commission"). I have participated in the development and use of protocols, policies and procedures for the care of patients with myriad medical conditions including those this patient experienced.

I graduated medical school at the Thomas Jefferson University (1974). I completed an Internal Medicine internship/residency program at the Henry Ford Hospital (1977); I then completed Hematology/Medical-Oncology Fellowships at the Memorial Sloan-Kettering Cancer Center (1979) and Hahnemann University (1980). I have been licensed in the Commonwealth of Pennsylvania (and have been in the continuous practice of medicine) since 1979; except for my training-period, I have not been licensed elsewhere.  I am Board-Certified in Internal Medicine (1977) and in Medical Oncology (1979) through the American Board of Medical Specialties; also, I am [re-]certified by the American Board of Independent Medical Examiners (2009 & 2019) and I'm a Fellow of the American College of Physicians.  My *curriculum vitae* is attached.

1

The ethical approach to preparing this analysis adheres to the Expert Witness Affirmation of a national professional society [the American College of Obstetrics and Gynecology], to wit:

As a member of the medical profession, I affirm my duty, when giving evidence or testifying as an expert witness, to do so solely in accordance with the merits of the case.  I declare I will uphold these professional principles in providing expert evidence or expert witness testimony:

I will always be truthful.

I will conduct a thorough, fair and impartial review of the facts and the medical care provided, not excluding any relevant information.

I will provide evidence or testify only in matters in which I have relevant clinical experience and knowledge in the areas of medicine which are the subject of the proceeding.

I will evaluate the medical care provided in light of generally accepted standards, neither condemning performance that falls within generally accepted practice standards nor endorsing or condoning performance that falls below these standards.

I will evaluate the medical care provided in light of the generally accepted standards which prevailed at the time of the occurrence.

I will provide evidence or testimony that is complete, objective, scientifically based and helpful to a just resolution of the proceeding.

I will make a clear distinction between a departure from accepted practice standards and an untoward outcome.

I will make every effort to determine whether there is a causal relationship between the alleged substandard practice and the medical outcome.

I will submit my testimony to peer review, if requested by a professional organization to which I belong.

I will not accept compensation contingent upon the outcome of the litigation.

I have not been involved clinically with the specific episode[s] of care reviewed herein. I have never had any relationship, affiliation or conflict of interest with the patient whose management is the subject of this review [or the patient's authorized representative, if there is one].

I am familiar with (for my practice includes, within its scope of licensure) medical conditions (including procedures) this patient experienced—as well as their complications and associated phenomena—serving as the basis of this report. I typically manage medical conditions comparable to those in this specific case and, thus, I have current, relevant experience and/or knowledge to render a determination for this case. I have no material professional, familial or financial conflict-of-interest with any entities linked to this review [including any referring body, insurer, provider, facility, pharmaceutical agent, device, procedure, and/or therapy]. There is no intent to establish a patient/doctor relationship; opinions herein do not constitute recommendations as to any specific intervention.

All evidence-based opinions rendered herein are based on my knowledge, training and experience; they are based on the information available for review and are held to a reasonable degree of clinical certainty and/or probability.

I have composed hundreds of reports, have been deposed on 60+ occasions, and have provided in-court testimony on 30+ occasions. I have never been disqualified as an expert witness and none of my opinions have been disqualified in any administrative forum or legal proceeding. I have never been found guilty of fraud or perjury. I have no financial interest in the outcome of this case. I retain no prior drafts of this final report, and I have maintained no notations (either written on or separate from the submitted information).

The foundations of my opinions meet these criteria:

1. They have been tested clinically (and not just in a laboratory).
2. They have been subject to peer review and publication.
3. Their known or potential rate of error is zero, or low enough to be close to zero.
4. Standards exist for the control of their applicability.
5. They are generally accepted within the relevant scientific community.

You have requested that the following medical records serve as the basis for this report:

Lancaster General Hospital [1/13/2012 – 8/3/2020]
Johns Hopkins Hospital [1/29/2015 – 6/22/2020]
Deposition - Frederick N. Schroeder, Jr. [3/15/2021]
Deposition – Ephraim Joseph Fuchs, M.D. [6/4/2021]

This 75-year-old man was diagnosed with NHL [Non-Hodgkin's Lymphoma] on 12/3/2014, with CD20-positive B-cells that co-expressed Bcl-2. The Ki-67 was moderate. {Bates 111/420}

Other medical problems included prostate cancer (presented with PSA = 6), renal papillary cancer (s/p Cryoablation) [9/28/2010] {Bates 156/420}, anemia (ascribed to NHL) {Bates 87}, GERD, Cholelithiasis, B-12 Deficiency (treated), Hypothyroidism, Hyperlipidemia, Hyperglycemia, Degenerative Disc Disease {Bates 241/420}, and constipation. [7/29/3015] {Bates 86}

3

The prior surgical history classified renal ablation as "endometrial" but otherwise was accurate.

**Past Surgical History**

| Procedure | Laterality | Date | Comments | Source |
|---|---|---|---|---|
| HM COLONOSCOPY | — | — | — | Provider |
| HX HERNIA REPAIR | — | — | — | Provider |
| HX CARPAL TUNNEL RELEASE | — | — | — | Provider |
| PR FOOT/TOES SURGERY PROC UNLISTED | — | — | — | Provider |
| HX RADICAL PROSTATECTOMY | — | — | — | Provider |
| PR ENDOMETRIAL CRYOABLATION | — | — | kidney | Provider |
| HX INCISION AND DRAINAGE UPPER EXTREMITY | Right | 03/28/2017 | right hand, small finger I&D of mass | Provider |

Although neither malignancy was active and the other diagnoses didn't impact NHL management, treatment-associated toxicity was suspected, perhaps primarily from Vincristine.

## Polyneuropathy associated with underlying disease (CMS/HCC)   -  Primar
## Gastroesophageal reflux disease without esophagitis
## Trochanteric bursitis of left hip

[6/11/2018] {Bates 165}

Patient was referred to vascular surgery due to ongoing lower extremity pain which appeared to be potentially claudication. Patient described numbness and tingling in his bilateral feet. Patient does have some symptoms consistent with claudication which includes spasm at night in his bilateral calfs. Patient notes that with walking his symptoms improve. Patient did undergo an ABI study which showed evidence of small vessel disease bilaterally specifically on the right with exercise. Vascular surgery felt the patient's symptoms were consistent with peripheral neuropathy and not with vascular claudication.  Pt has received chemotherapy that could contribute to a PN.  He is also known to be B12 deficient but is not taking his B12.  He denies any back pain or radicular symptoms.  symptoms at night have worsened;  Symptoms are located mid shin to his toes.  Getting up and walking around improve the symptoms but return typically in a hour.

 1. Peripheral neuropathy: Patient has multiple reasons for peripheral neuropathy to include his prior chemotherapy treatments, B12 deficiency and prediabetes. Patient's B12 level was low normal 282. I have encouraged the patient to be compliant with his B12 2000 µg sublingual daily. Patient also needs to make sure he is engaging in a walking plan. We did discuss potential treatment of his peripheral neuropathy with gabapentin.  Will try gabapentin 100mg oral at bedtime.  SE, risks and benefits discussed

[10/1/2018] {Bates 192}

Thus, the focus on NHL is mutually exclusive of all of the prior medical diagnoses, except to note that—during prodromal years—the anemia/neuropathy were ascribed to it and to its treatment.

4. Follicular lymphoma: Patient is being seen at John Hopkins University for suspected follicular lymphoma. patient underwent a repeat biopsy for additional tissue to better align treatment with his actual pathologic stage of lymphoma. On repeat bx:  Lymph node removal, no lymphoma was seen.  Pt's JHU Oncologist feels he does have lymphoma but he has no B signs and they are observing; repeat PET scan was completed. Patient did have metabolic activity in his left axillary area. Repeat biopsy was undertaken initially this showed no lymphoma. At the patient's insistence a second biopsy was completed which was positive for lymphoma. Patient has developed night sweats proximally 2-3 times a week.  Because of the indolent nature of the patient's disease is oncologist has elected to follow in 3 months and therapy has not been started at this time if the tempo of his disease increases the patient was started on therapy. Both Rituxan and R-CHOP have been discussed

4

Patient was last seen in the office at the beginning of September 2018. At that time the patient had ongoing bilateral lower extremity paresthesia. He underwent an EMG/nerve conduction study. This showed abnormality suggesting a lumbar sacral etiology. Patient has a history of follicular lymphoma along with prostate cancer and I suggested that he undergo an MRI of his lumbar spine. He was also having increasing abdominal pain and distention along with night sweats and a CAT scan of his abdomen and pelvis was also ordered. Patient's MRI was completed first and returned showing a large retroperitoneal soft tissue mass encasing the aortoiliac bifurcation. This measured 10 x 8 cm was presumed to be lymphoma given the patient's history. This mass abutted the anterior aspects of the lumbar spine from L3 to L5. There is also hydronephrosis on the left. Patient was referred immediately back to his cancer physicians at John Hopkins University. Patient's oncologist ordered a PET scan with biopsy. Patient was started on allopurinol and prednisone. Patient's biopsy did return positive for follicular lymphoma. Patient was started on idelalisib.  If the patient shows partial response to this chemotherapy potential allogeneic stem cell transplantation would be performed.

laboratories obtained at Johns Hopkins University the patient's creatinine has risen to 1.8. This is being watched closely by his oncologist.

INTERVAL HISTORY [Bates 349/420} [7/19/2018]

Mr. Schroeder has a history of follicular grade 3B non-Hodgkin's lymphoma and is status post 6 cycles of RCHOP chemotherapy for symptomatic fatigue and splenomegaly. He had a partial response to the R-CHOP, which was completed in April 2016 and then went on maintenance rituximab therapy. He received his last doses in January, April, and July of 2017. He was found to have increasing adenopathy on CT scan in October 2017 so the rituximab was stopped. Despite stopping the rituximab he has done extremely well. His only symptoms are bilateral shoulder pain from rotator cuff injuries.

[5/23/2019] {Bates 404/420} He was placed on maintenance rituximab after he achieved only a partial response. He progressed on the maintenance rituximab and received 1 cycle of rituximab, ifosfamide, carboplatin, and etoposide. Unfortunately, he did not respond to this 1 cycle he developed encephalopathy from ifosfamide. He was switched to idelalisib but developed significant hepatotoxicity on idelalisib. He then received 3 cycles of copanlisib. He responded initially with 17% percent reduction of his tumor but then progressed. He has since received 2 cycles of therapy with rituximab plus lenalidomide.

Myelodysplasia emerged, obviously linked to the prior NHL [6/22/2020] {Bates 2/71}, with the peripheral blood soon showing "therapy-related acute myeloid leukemia" [8/31/2020] {Bates 15}

Differential Count: 51 % blasts, 36% myeloid, 10% erythroid, 2% lymphocyte, 1 % monocyte. Phenotype of analyzed cells by flow cytometry showed blasts comprised ~ 29% of all cells. These have intermediate forward scatter and low side scatter and are positive for CD34 and dimly positive for CD45. These have heterogenous expression of CD7, CD13, CD33, CD38, CD117, and HLA-DR. These have negative to weak expression of CD5 and are negative for CD2, CD3, CD4, CD8, CD1 0, CD11 c, CD14, CD16, CD19, CD20, CD23, and CD56. Mature B, T, and NK cells as well as granulocytes, and monocytes have normal immunophenotypes.

Therefore, it has been concluded that the patient developed NHL, that it was initially indolent as it caused mild symptomatology, and that it subsequently morphed into MDS which appeared to evolve rapidly into acute leukemia. None of the other diagnoses impacted this assessment. Management was impeccable throughout, both locally at Lancaster General Hospital and while the NHL was monitored/treated at Johns Hopkins Hospital. The overall course is consistent with the natural history of NHL, for Follicular Lymphoma is often perceived as harboring a systemic paradigm even when disease isn't detectable (recalling the need for a second biopsy) and it is often not responsible for "B" symptoms (that might otherwise prompt early intervention).

The deposition transcript is noted only to the extent to which the patient's son asserted that the patient had had contact with Monsanto's product "Roundup"; there is nothing inconsistent with his narrative therein with regard to the medical assessment *supra*, and it is not surprising that the patient died in December 2020 following development of diagnosis/treatment-related leukemia.

You requested an assessment of the potential that a Monsanto product [Roundup] caused this patient's Follicular Lymphoma [NHL]; thus, an extensive literature review was completed.

Roundup is a glyphosate-based herbicide that was among the products he used professionally at his tree nursery; it appears that chronic exposure was substantial rather than merely transient noting that, at one point, it seems he was "living" at this site {page 36; line 18}. Also noted is that the patient's treating oncologist (Dr. Fuchs) did not opine as to whether Roundup caused the NHL{34:25}. This is also consistent with the absence of any quotable-quote in the progress notes. Therefore, it is necessary to probe the potential that the Roundup caused Mr. Schroeder's NHL.

The current literature and studies establish a causal link between the exposure to glyphosates and the development of Non-Hodgkins Lymphoma in patients.  Paramount in this research is the March 2015 Monograph by the International Agency for Research on Cancer (IARC), part of the WHO.[1]  Based on its independent review of the relevant scientific literature, the IARC concluded that there was "strong" evidence of a genotoxicity for glyphosates.  This review and approach was reasonable and reached a correct conclusion based on available evidence.  To a reasonable degree of medical certainty, based on these reports and the conclusions of the IARC, the use of glyphosate can cause or be a substantial factor in causing NHL.

Based upon my review of the records, depositions, and literature, Mr. Schroeder had a long-standing exposure to Round-up, and thereby glyphosate.  This exposure dated back to approximately 1980 as it was regularly used in both his tree nursery and residents that he provided landscaping services.  The previously mentioned IARC Monograph established a statistically significant increase in the rate of NHL in individuals exposed to Glyphosate.  Given these facts, the exposure of Mr. Schroeder to Round-up (glyphosate) over the course of decades in his profession as a landscaper and running a tree nursery, was a substantial contributing factor and increased the risk of his development of NHL.

I hold all of these opinions to a reasonable degree of medical certainty.

Sincerely,

*Robert B. Sklaroff.*

---

[1] It encompassed a Working Group of 17 experts from 11 countries that met at the AIRC in March 2015 to review the available published scientific evidence and evaluate the carcinogenicity of five organophosphate insecticides and herbicides, including glyphosate.

6

# EXHIBIT A

<u>Curriculum Vitae</u>

Robert B. Sklaroff, M.D.
Smylie Times Building – Suite 500-C
8001 Roosevelt Boulevard
Philadelphia, PA 19152
(215) 333-4900
01/04/2010

BASIC DATA

| | | |
|---|---|---|
| A. | PERSONAL | 2 |
| B. | EDUCATION | 2 |
| C. | ACADEMIC APPOINTMENTS – CURRENT | 2 |
| D. | LICENSURE – CURRENT | 3 |
| E. | CERTIFICATION – CURRENT | 3 |
| F. | GRANTS – CURRENT | 3 |
| G. | PROFESSIONAL STATUS – CURRENT | 3 |
| H. | PROFESIONAL SOCIETIES – CURRENT | 3 |
| I. | HEALTH-ORIENTED ORGANIZATION APPOINTMENTS & ELECTED POSITIONS – CURRENT | 4 |
| J. | AWARDS | 5 |
| K. | HOSPITAL APPOINTMENTS – CURRENT | 6 |
| L. | HOSPITAL COMMITTEE APPOINTMENTS – CURRENT | 6 |
| M. | CONVENTION PRESENTATIONS | 7 |
| N. | PROFESSIONAL PUBLICATIONS | 8 |
| O. | PROFESSIONAL LECTURES | 10 |
| P. | COMMUNITY BROADCAST MEDIA APPEARANCES- SUMMARY | 10 |
| Q. | COMMUNITY LECTURES – SUMARY | 10 |
| R. | COMMUNITY MEDICAL-TOPIC PUBLICATIONS – AUTHORED | 11 |
| S. | DISCLOSURE STATEMENT | 12 |

DETAILED DATA [available upon request]

Robert B. Sklaroff, MD
Page 2

BASIC DATA

A.      PERSONAL

        Born on March 30, 1951 in Philadelphia, PA

B.      EDUCATION

(1)     Under-Graduate

        Pennsylvania State University/Thomas Jefferson University
        Five-Year Cooperative Pre-Medical/Medical Program
        [6/69-6/74]

        Pennsylvania State University
        University Park, PA 16802
        B.S.
        [6/69-8/72]

(2)     Graduate

        Thomas Jefferson University
        Philadelphia, PA 19107
        M.D.
        [9/70-6/74]

(3)     Post-Graduate

        Henry Ford Hospital
        Detroit, Michigan 48402
        Internal Medicine Internship/Residency
        [7/74-6/77]

        Memorial Sloan-Kettering Cancer Center
        New York, NY 10021
        Medical Oncology/Hematology Fellowship
        [7/77-6/79]

        Hahnemann University
        Philadelphia, PA 19102
        Hematology/Medical Oncology Fellowship
        [7/79-6/80]

C.      ACADEMIC APP0INTMENTS – PAST

        Temple University
        Philadelphia, PA 19140
        Clinical Assistant Professor
        [7/80-6/2000]

Robert B. Sklaroff, MD
Page 3


D.      LICENSURE – CURRENT

        Pennsylvania (MD-021875-E)
        [1979-Present.]

E.      CERTIFICATION – CURRENT

        National Board of Medical Examiners
        Diplomate
        [1975]

        American Board of Internal Medicine
        Diplomate
        [1977]

        American Board of Internal Medicine
        Diplomate, Medical Oncology
        [1979]

F.      GRANTS – CURRENT

        [none]

G.      PROFESSIONAL STATUS – CURRENT

        Private Practice
        Robert B. Sklaroff, M.D., Associates
        [7/1981-Present]


H.      PROFESSIONAL  SOCIETIES – CURRENT

        American Cancer Society (Philadelphia Division)
        American College of Physicians
        American Society of Clinical Oncology
        Henry Ford Hospital Alumni Society
        Memorial Hospital Alumni Society
        Thomas Jefferson University Alumni Association

Robert B. Sklaroff, MD
Page 4

I.        HEALTH-RELATED ORGANIZATION APPOINTMENTS & ELECTED POSITIONS –
         PAST

         American Cancer Society – Lower Northeast Unit, President
         American Cancer Society – Medical Education - Distinguished Lecturer Program
         Coalition for Tobacco Free PA – Secretary
         Einstein Professional Physicians' Association – Board
         Home Health Agency Agreement Appeals Panel – Blue Cross of Greater Phila.
         Hospital Medical Staff Section Delegate – PCMS/PMS/AMA
         Medical Advertising Review Board – Better Business Bureau of Easter PA
         Montgomery County Health Issues Advisory Committee
         PA Soc. Of Int. Med – Delegate to ASIM
         PA Medical Society – Delegate
         PA Soc. Of Int. Med. – Governing Council, Immediate Past President
         PA Soc. Of Int. Med. – Public Policy & Government Relations Committee
         Phila. County Medical Society – Board of Directors
         Phila. County Medical Society – Chair, Standing Committee on Medical Economics
         Phila. County Medical Society – Cancer Control Sub-Committee
         Physician's News Digest- Contributing Editor

         Abington Township Police Surgeon

Robert B. Sklaroff, MD
Page 5


J.      AWARDS


        Outstanding Service
        American Cancer Society, New York City Division
        [1979]

        Physician's Recognition Award (CME)
        American Medical Association
        (Pennsylvania Medical Society)
        [1980, 1983, 1985, 1988, 1991, 1994, 1997]

        Outstanding Service
        American Cancer Society, Philadelphia Division
        [1989]

        Outstanding Service
        JFK Memorial Hospital, Medical Staff
        [1993]

Robert B. Sklaroff, MD
Page 6

Heartsaver
American Heart Association, Cardio-Pulmonary Resuscitation
[1980]

Smoking Cessation Facilitator
American Cancer Society, Cheltenham Unit
[1981]

In Appreciation
Albert Einstein Medical Center, Volunteer Department
[1982-1983]

Certificate of Merit, American Academy of Family Practice
Northeastern Hospital, Family Practice Residency Training Program
[1985, 1986, 1988, 1989]

Certificate of Appreciation, American Association for Medical Transcription
Greater Philadelphia Chapter
[1986]

Honorary Recognition, John Heinz Friend of Nursing Award
Pennsylvania Nurses Association
[1991]

K.      HOSPITAL APPOINTMENTS – CURRENT

Nazareth Hospital
Philadelphia, PA 19152

L.      HOSPITAL APPOINTMENTS – PAST

Elkins Park Hospital, TENET
Elkins Park, PA  19027

Episcopal Hospital
Philadelphia, PA

JFK Memorial Hospital
Philadelphia, PA

Albert Einstein Medical Center
Philadelphia, PA 19141

Lawndale Hospital
Philadelphia, PA

Robert B. Sklaroff, MD
Page 7

       Moss Rehab Hospital
       Philadelphia, PA

       North Penn Hospital [a.k.a. Central Montgomery]
       Lansdale, PA 19446

       Northeastern Hospital
       Philadelphia, PA

       Oxford Hospital
       Philadelphia, PA

       Philadelphia Geriatric Center
       Philadelphia, PA

## M.  CONVENTION PRESENTATIONS

Sklaroff RB and Sklaroff DM.  Bone metastases from breast cancer at the time of radical mastectomy as detected by bone scan, eight-year follow-up.  Fourteenth Annual Conference on the Detection and Treatment of Early Breast Cancer.  American College of Radiology, San Juan, Puerto Rico.  (Publication #1) 3/10/75.

Sklaroff RB, et al.  Phase II Evaluation of Chlorozotocin (DCNU) in patients (pts) with poly-drug resistant Hodgkin's disease (HD).  Proc Am Soc Clin Onc. 2l:335.  New Orleans, LA.  5/14/79.

Schneider R, RB Sklaroff, M Ochoa, JR, C Young.  Phase I trial of AMSA.   Proc Am Assoc Cancer Res 20:114.  New Orleans, LA. 5/14/79.

Sklaroff, RB, et al.  Phase I-II pilot studies of 5-Azacytidine and m-AMSA in patients with refractory acute non-lymphocytic leukemia.  Twelfth International Congress of Chemotherapy, Florence, Italy.  (Abstract #733) 7/23/81.

Sklaroff, RB.  The Hospital Cancer Care Team.  Second National Seminar on Community Cancer Care, Indianapolis, Ind.  (Handout) 9/25/81.

Sklaroff RB, B. Koziner, S Passe, H Thaler, C Little, BJ Lee, BD Clarkson. Six-drug combination Chemotherapy for non-Hodgkin's lymphoma (NHLK) with unfavorable histology. ASH, 1979.

Sklaroff RB, BA Asam, SN Levick.  Consent form analysis based upon federal guidelines. ASCO, 1981.

Diamond SA & RB Sklaroff.  Collaborative private practice in oncology.  Oncology Nursing Forum, 1986.

Weiss SA & RB Sklaroff.  The Cancer Dyan—An ethnographic study.  Oncology Nursing Forum,  1989.

Weiss SA & RB Sklaroff.  Ethnographic research methods in oncology nursing. Oncology Nursing Forum, 1989.

Robert B. Sklaroff, MD
Page 8

Braunstein M, SA Weiss, RB Sklaroff.  Home chemotherapy administration: The Ommaya reservoir.  Oncology Nursing Forum, <u>1989.</u>

Sklaroff RB & SA Weiss.  Long-term 5-FU Pump/Infusion in Colo-Rectal Cancer.  Procedures of Am Soc Clin Onc.  Abstract #450, <u>1990.</u>

Steinbach A. . . RB Sklaroff.  The Role of Staging Bronchoscopy in the Evaluation of the Malignant Solitary Pulmonary Nodule.  American Thoracic Society, <u>1990.</u>

Weiss SA & RB Sklaroff.  Collaborative private practice in oncology:  Evolution of "traditional" nurse and physician roles.  U of Mich National Nursing Conference <u>1990.</u>

N.  PROFESSIONAL PUBLICATIONS

Sklaroff RB and DM Sklaroff.  Bone Metastases from breast cancer at the time of radical mastectomy as detected by bone scan; eight year follow-up.  Cancer 38:107-11, 1976.

Sklaroff DM, P Gnaneswaran ad RB Sklaroff.  Post-irradiation ureteric structure.  Gyn Oncol 6:538-545, 1978.

Sklaroff RB and A Yagoda.  Cis-diammine-dichloro-cis-platinum II (DDP) in the treatment of penile carcinoma.  Cancer 44:1563-1565, 1979.

Sklaroff RB, D Straus and CW Young.  Phase II trial of Vindesine in patients with malignant lymphoma.  Ca Treat Rep 63:793-94, 1979.

Sklaroff RB, Z Arlin and CW Young.  Hase II trial of Vindesine in patients with acute leukemia.  Ca Treat Rep 63:2063-2065.  1979.

Arlin ZA, RB Sklaroff, et al.  Phase I and II trial of 4'-(9-acridinylamino)-methanesulfon-m-anisidide in patients with acute leukemia.  Cancer Research 4l:3304-3306, 1980.

Sklaroff RB and A Yagoda.  Methotrexate in the treatment of penile carcinoma.  Cancer 45:214-216, 1980.

Sklaroff RB, ES Casper, GB Magill and CW Young.  Phase I study of 6-Diazo-5-oxo-l-norleucine (DON).  Cancer Treatment Report 64:1247-1251, 1980.

Sklaroff RB and SB Kahn.  The rehabilitation of the cancer patient.  Phila. Med. 76:247-249, 1980.

Sklaroff RB, et al.  Phase I-II pilot studies of 5-Azacytidine and Acridinyl m-Anisidide inpatients with refractory acute non-lymphocytic leukemia.  Current Chemotherapy & Immunotherapy, Proc. XII International Congress of Chemotherapy, Florence, Italy 19-24 July 1981, pp 1359-1360.

Sklaroff RB and A Yagoda.  Penile Cancer:  Natural History and Therapy. <u>Chemotherapy and Urological Malignancy</u>.  [Chapter 8] pages 97-105.  WW Scott, Editor.

Robert B. Sklaroff, MD
Page 9

Koziner B, C Little, S Passe, HT Thaler,  R Sklaroff, DJ Straus, BJ Lee and BD Clarkson.  Treatment of advance diffuse histiocytic lymphoma:  An analysis of prognostic variables.  Cancer 49:1571-1579, 1982.

Kahn  SB,  R  Sklaroff,  et  al.    4'-(9-Acridinylamino)Methanesulfon-m-Anisidide  (m-AMSA)  and  5-Azacytidine  (AZA)  in  the  treatment  of  Relapsed  Adult  Acute  Leukemia.    Am  J  Clin  Oncol  6:493-502, 1983.

Ahmed T, R Sklaroff and A Yagoda.  Sequential trials of Methotrexate, cisplatin, and bleomycin for penile cancer.  J Urol 32:465-468, 1984.

Ahmed T, R Sklaroff and A Yagoda.  An appraisal of the efficacy of bleomycin in epidermoid carcinoma of the penis.  Anticancer Research 4:289-292, 1984.

Diamond SA and RB Sklaroff.  Dealing with Death and Dying (book review).  Home Healthcare Nurse 3:26, 1985.

Sklaroff RB.  Relationships among physicians, hospitals and HMOs/PPOs:  A Resolution.  Philadelphia Medicine 82:162-163, 1986.

Sklaroff RB.  Banning smoking in hospitals: One hospital's response to the PCMS resolution. Philadelphia Medicine 82:456, 1986.

Sklaroff RB.  The Legislative Process – Three Viewpoints on Tort Reform in PA.  Philadelphia Medicine 82:482-484, 1986.

Kahn, SB et al.   Amsacrine [4'-(9-Aacridinylamino)-Methanesulfon-m-Anisidide] (m-AMSA) and 5-Azacytidine  (AZA)  for  remission  reinduction  in  patients  with  relapsed  adult  acute  nonlymphocytic leukemia.  J Clin Onc (CCT) 10:78-81, 1987.  [I authored the ECOG Protocol; see 1983 article.]

Sklaroff RB.  Tobacco Products Litigation (letter).  JNCI 80:87, 8/3/88

Sklaroff RB.  The Arguments for MOM – A report of a North Branch Meeting.  Philadelphia Medicine 85:63, 1989.

Sklaroff RB.  Pros and Cons of Infusional 5-FU as Adjuvant Therapy for Colon Cancer.  Oncology 4:67, 1990.

Sklaroff RB.  The Nurse-Physician Relationship (letter).  Annals of Internal Medicine 112:964, 6/15/90.

Sklaroff RB.  Smoking Policies in the Philadelphia Hospitals.  Philadelphia Medicine 86:232, 1990.

Sklaroff RB.  The Shils Report (letter).  Philadelphia Medicine 86:476, 1990.

Sklaroff RB.  Smoking Cessation in the Physician's Office.  Philadelphia Medicine 86:372-373, 1990.

Sklaroff RB.  The AMA Specialty Journals (letter).  JAMA – 1990.

Sklaroff RB.  Annual Report of the PCMS-YPS.  Philadelphia Medicine 87:226, 1991.

Sklaroff RB.  Euthanasia (letter).  Philadelphia Medicine 87:89-90, 1991.

Robert B.  Sklaroff, MD
Page 10

Sklaroff RB.  A Proposal: A 10% Dues Deduction in Specialty Society Membership for AMA Members.  Philadelphia Medicine 87:240-241, 1991.

Sklaroff RB.  Council Advised to Ban Tobacco Advertising on Billboards.  Philadelphia Medicine 87:283, 1991.

Cohen M, RB Sklaroff and SO Asbell.   Biological Response Modifiers in the Treatment of Cancer.  Philadelphia Medicine 87:354-356, 1991.

Sklaroff RB.   Young Physicians begin Communications Push (letter).   Pennsylvania Medicine 94:16 (11/91).

Sklaroff RB.  The AMA Hospital Medical Staff Section.  Philadelphia Medicine 89:112-113 (3/93).

Weiss SA and RB Sklaroff.   The Evolving Profile of the Office-Based Oncology Nurse [Chapter].   (in press)

Sklaroff RB. Guns, Suicide, and Homicide. Ann Intern Med. 2014;160:876-877.  http://annals.org/article.aspx?articleid=1881133


O.      PROFESSIONAL LECTURES – SUMMARY

[All lectures resulted either in the granting of CME credits (Tumor Board or Medical Grand Rounds) or in the granting of equivalent educational benefits (Medical Student Lectures or Nursing Conferences).]   A total of 190 Lectures have been given, distributed thusly: (compiled as of 2/93)

|          |                 |
|----------|-----------------|
| 1978-1988  -  161 Lectures |     |
| 1989          | 1 Lecture    |
| 1990          | 4 Lectures   |
| 1991          | 11 Lectures  |
| 1992          | 13 Lectures  |


P.      COMMUNITY BROADCAST MEDIA APPEARANCES- SUMMARY

Appeared on 55 news/discussion programs (27 television and 28 radio).


Q.      COMMUNITY LECTURES – SUMMARY

Testified in-person before nine governmental bodies:  New York City Board of Estimate, New York City Council Health Committee, Philadelphia City Council [thrice], Philadelphia City Charter Review  Commission, Pennsylvania Health Department,  Cheltenham Township Board of Commissioners, Abington Township Board of Commissioners, and National Cancer Advisory Board.  In addition, submitted written testimony to House of Representatives (Committee on Ways and Means) and to Philadelphia City Council.  Participated in press conference on knowledge of Philadelphia area residents of healthy health care habits.   Conducted one smoking-cessation course, lectured at eleven clubs, spoke to seven occupational groups, spoke to nine organization, appeared at seven health fairs, and spoke at eleven schools.

R.      COMMUNITY MEDICAL-TOPIC PUBLICATIONS  - AUTHORED
                              [Physician-Targeted]

Sklaroff RB.  Cost Containment and Medical Professionalism.  Physician's News Digest  (10/88).

Robert B. Sklaroff, MD
Page 11

Sklaroff RB.  PCMS Approves Resolutions for PMS Meeting.  Physicians News Digest (10/88).

Sklaroff RB.  Hot Medical Issues on PA's Legislative Agenda.  Physician's News Digest (11/88).

Sklaroff RB.  PA Medical Society Holds Meeting in Phila. Physician's News Digest (12/88).

Sklaroff RB. New Management Team at JFK Hospital.  Physician's News Digest (1/89).

Sklaroff RB. An Oncologist's Battle Plan Against Smoking.  Physician's News Digest (2/89).

Sklaroff RB.  Are Financial Incentives for Autopsies Ethical?  Physician's News Digest (3/89).

Sklaroff RB.  The Decade in Medicine.  American Medical News (1/5/90).

Sklaroff RB.  PMS Annual Meeting Box-Score and Analysis.  Physician's News Digest (12/90).

Sklaroff RB.  Reflections on the Campaign of Ross Perot.  Physician's News Digest (10/92).

S.      COMMUNITY MEDICAL-TOPIC PUBLICATOINS – AUTHORED (cont.)

[Lay-Targeted]

Sklaroff RB.  Smokers will resist all pressures to stop.  Bucks County Tribune (4/22/81).

Sklaroff RB.  How to help smokers kick habit.  Today's Spirit, Hatboro PA (1981).

Sklaroff RB.  The team approach to the management of cancer patients.  Cheltenham Crusader (Spring 1983).

Sklaroff RB.  Fighting back against IDS.  Welcomat (6/29/83).

Sklaroff RB.  Getting it Wrong on Cigarette Smoking (letter). Philadelphia Inquirer (7/24/88).

Sklaroff RB.  Journalistic Obligations (letter).  Philadelphia Inquirer (3/26/92).

Robert B. Sklaroff, MD
Page 12

T.   DISCLOSURE STATEMENT

"To avoid the occurrence of potentially harmful conflicts of interest as I perform my duties as a Physician, I submit the following information."

(1)      All financial holdings of myself or spouse that constitute five percent of more interest in a business, partnership or corporation.

[None]

(2)      All membership on any other boards.

[see CV; mostly organized medicine]

Robert B. Sklaroff, MD
Page 12

(3)  All employment or contractual relationship for services with any health-related organization or any supplier of good or services to patients.

Aetna HMO-PA/NJ
Consultant, Medical Oncology & Hematology
[services reimbursed fee-for-service]

Personal Choice/Blue Cross/Blue Shield
Consultant, Medical Oncology & Hematology
[services reimbursed fee-for-service]

(3)      Any other involvement where professional actions of myself may result in material financial benefit to myself or to my spouse.

None.

April 9, 2014

Ike Umeugo, Esquire
Faten El-Sayed Abdelrahman – Deposition Errata

EXHIBIT 3

**Joe Fornadel**

| | |
|---|---|
| **From:** | Levine, Aaron H. <Aaron.Levine@arnoldporter.com> |
| **Sent:** | Tuesday, September 14, 2021 3:03 PM |
| **To:** | Sandra E. Shaub; Mark C. Atlee; amartinez@shb.com |
| **Cc:** | Joe Fornadel |
| **Subject:** | RE: MDL Wave III - Schroeder Motion for Leave to Extend Time to File Expert Reports |

◄**External Email**► - From: prvs=884f3b3e8=Aaron.Levine@arnoldporter.com

Sandi,

You are welcome to move to extend the Daubert deadlines, and we will not oppose your motion.  However, given that we do not know how the Court will rule on the extension, we will be moving to strike Dr. Sklaroff's opinions based on the fact that we received no responses to our numerous requests for dates for Dr. Sklaroff's deposition or the materials that were required to be produced at the time of his report.

Thanks,

Aaron

---

**From:** Sandra E. Shaub <seshaub@atleehall.com>
**Sent:** Tuesday, September 14, 2021 2:29 PM
**To:** Levine, Aaron H. <Aaron.Levine@arnoldporter.com>; Mark C. Atlee <mcatlee@atleehall.com>; zzz.External.amartinez@shb.com <amartinez@shb.com>
**Cc:** zzz.External.joe.fornadel@nelsonmullins.com <joe.fornadel@nelsonmullins.com>
**Subject:** RE: MDL Wave III - Schroeder Motion for Leave to Extend Time to File Expert Reports

External E-mail

Mr. Levine.

We are working on getting dates for Dr. Sklaroff's deposition, as well as the documentation requested.  We should have in the very near future.  In light of this, we certainly would be agreeable to extending the deadline for the Daubert motions.

Regards,


Sandi Shaub
Paralegal to Mark C. Atlee, Esquire
Paralegal to Melissa A. Jabour, Esquire
Atlee Hall, LLP
415 North Duke Street
Lancaster, PA 17602
(717) 393-9596

*As part of our firm's effort to help slow the spread of the coronavirus, many of our people are working from remote locations. We are requesting that all written materials be sent to us electronically, rather than through physical mail and deliveries. Please bear with us during this time. We expect all operations to continue as usual. Thank you, and stay well.*

**From:** Levine, Aaron H. <Aaron.Levine@arnoldporter.com>
**Sent:** Wednesday, September 1, 2021 3:06 PM
**To:** Mark C. Atlee <mcatlee@atleehall.com>; amartinez@shb.com; Sandra E. Shaub <seshaub@atleehall.com>
**Cc:** joe.fornadel@nelsonmullins.com
**Subject:** RE: MDL Wave III - Schroeder Motion for Leave to Extend Time to File Expert Reports

Mark,

I am following up for the fourth time here regarding Dr. Sklaroff's deposition and the materials which you owe us that were due at the time of his report.  Unless I missed an email from you already (and my apologies if I did), please provide the materials we requested and a date for Dr. Sklaroff's deposition by COB on Friday, or we will need to raise this with the MDL Court, particularly in light of the upcoming 9/22 deadline for Daubert and dispositive motions.

Thanks,

Aaron

**From:** Levine, Aaron H. <Aaron.Levine@arnoldporter.com>
**Sent:** Thursday, August 26, 2021 2:50 PM
**To:** 'Mark C. Atlee' <mcatlee@atleehall.com>; zzz.External.amartinez@shb.com <amartinez@shb.com>; Sandra E. Shaub <seshaub@atleehall.com>
**Cc:** zzz.External.joe.fornadel@nelsonmullins.com <joe.fornadel@nelsonmullins.com>
**Subject:** RE: MDL Wave III - Schroeder Motion for Leave to Extend Time to File Expert Reports

Mark,

I am following up on the emails below.  Please respond ASAP.  The materials we requested are long overdue, and we need a date for Dr. Sklaroff's deposition which will have to occur by September 15.

Thanks,

Aaron

**From:** Levine, Aaron H. <Aaron.Levine@arnoldporter.com>
**Sent:** Friday, August 20, 2021 9:49 AM
**To:** 'Mark C. Atlee' <mcatlee@atleehall.com>; zzz.External.amartinez@shb.com <amartinez@shb.com>; Sandra E. Shaub <seshaub@atleehall.com>

**Cc:** zzz.External.joe.fornadel@nelsonmullins.com <joe.fornadel@nelsonmullins.com>
**Subject:** RE: MDL Wave III - Schroeder Motion for Leave to Extend Time to File Expert Reports

Mark, I am following up on the emails below.  Please provide a date for Dr. Skarloff's deposition asap.  Also please provide his Materials Considered List and list of prior testimony over the past 4 years, which were due at the time his report was served.  Please provide all of this by COB on Monday.

---

**From:** Levine, Aaron H. <Aaron.Levine@arnoldporter.com>
**Sent:** Tuesday, August 17, 2021 3:56 PM
**To:** 'Mark C. Atlee' <mcatlee@atleehall.com>; zzz.External.amartinez@shb.com <amartinez@shb.com>; Sandra E. Shaub <seshaub@atleehall.com>
**Cc:** zzz.External.joe.fornadel@nelsonmullins.com <joe.fornadel@nelsonmullins.com>
**Subject:** RE: MDL Wave III - Schroeder Motion for Leave to Extend Time to File Expert Reports

Thanks, Mark.  Your motion for an extension did not seek to move any briefing deadlines, so we need to depose Dr. Skarloff by September 15 at the latest in order to meet the September 22 deadline for Daubert motions.

---

**From:** Mark C. Atlee <mcatlee@atleehall.com>
**Sent:** Tuesday, August 17, 2021 3:39 PM
**To:** Levine, Aaron H. <Aaron.Levine@arnoldporter.com>; zzz.External.amartinez@shb.com <amartinez@shb.com>; Sandra E. Shaub <seshaub@atleehall.com>
**Cc:** zzz.External.joe.fornadel@nelsonmullins.com <joe.fornadel@nelsonmullins.com>
**Subject:** RE: MDL Wave III - Schroeder Motion for Leave to Extend Time to File Expert Reports

External E-mail

Aaron,

Will do.  It might not be until the 2nd part of September.  I have a trial coming up very soon, but we can get you the documentation very soon.

*As part of our firm's effort to help slow the spread of the coronavirus, many of our people are working from remote locations. We are requesting that all written materials be sent to us electronically, rather than through physical mail and deliveries. Please bear with us during this time. We expect all operations to continue as usual. Thank you, and stay well.*

Mark C. Atlee, Esq.
Partner
Atlee Hall, LLP
415 North Duke Street
Lancaster, PA 17602
(717)393-9596
mcatlee@atleehall.com

---

**From:** Levine, Aaron H. [mailto:Aaron.Levine@arnoldporter.com]
**Sent:** Tuesday, August 17, 2021 3:36 PM
**To:** amartinez@shb.com; Sandra E. Shaub <seshaub@atleehall.com>; Mark C. Atlee <mcatlee@atleehall.com>

**Cc:** joe.fornadel@nelsonmullins.com
**Subject:** RE: MDL Wave III - Schroeder Motion for Leave to Extend Time to File Expert Reports

Mark,

Can you please provide a date for Dr. Sklaroff's deposition asap, and also please provide his Materials Considered List and list of prior testimony over the past 4 years, which were not included with his report?

Thanks,

Aaron

_____

Aaron H. Levine
Counsel

Arnold & Porter
250 West 55th Street | New York, New York 10019-9710
T: +1 212.836.7586 | F: +1 212.836.6585
Aaron.Levine@arnoldporter.com | www.arnoldporter.com

---

**From:** Martinez, Anthony (SHB) <AMARTINEZ@shb.com>
**Sent:** Friday, August 13, 2021 2:08 PM
**To:** Sandra E. Shaub <seshaub@atleehall.com>; Mark C. Atlee <mcatlee@atleehall.com>
**Cc:** Levine, Aaron H. <Aaron.Levine@arnoldporter.com>
**Subject:** RE: MDL Wave III - Schroeder Motion for Leave to Extend Time to File Expert Reports

External E-mail

Mark,

Do you have deposition dates for your experts?

**Anthony R. Martinez**
*Partner*
Shook, Hardy & Bacon L.L.P.

816.559.2683 | amartinez@shb.com



---

**From:** Martinez, Anthony (SHB)
**Sent:** Monday, July 12, 2021 2:50 PM
**To:** 'Sandra E. Shaub' <seshaub@atleehall.com>; Mark C. Atlee <mcatlee@atleehall.com>
**Subject:** RE: MDL Wave III - Schroeder Motion for Leave to Extend Time to File Expert Reports

Not sure if you filed it in both the individual case and MDL, but the judge wants it filed in both.  His clerk will send you a stern e-mail if you do not.

**Anthony R. Martinez**
*Partner*
Shook, Hardy & Bacon L.L.P.

816.559.2683 | amartinez@shb.com



---

**From:** Sandra E. Shaub <seshaub@atleehall.com>
**Sent:** Monday, July 12, 2021 2:38 PM
**To:** Mark C. Atlee <mcatlee@atleehall.com>; Martinez, Anthony (SHB) <AMARTINEZ@shb.com>
**Subject:** RE: MDL Wave III - Schroeder Motion for Leave to Extend Time to File Expert Reports

**EXTERNAL**

Mr. Martinez:

Attached is a copy of the Motion for Leave and Proposed Order that was filed in the Schroeder matter.

Regards,

Sandi Shaub
Paralegal to Mark C. Atlee, Esquire
Paralegal to Melissa A. Jabour, Esquire
Atlee Hall, LLP
415 North Duke Street
Lancaster, PA 17602
(717) 393-9596

*As part of our firm's effort to help slow the spread of the coronavirus, many of our people are working from remote locations. We are requesting that all written materials be sent to us electronically, rather than through physical mail and deliveries. Please bear with us during this time. We expect all operations to continue as usual. Thank you, and stay well.*

---

**From:** Mark C. Atlee <mcatlee@atleehall.com>
**Sent:** Monday, July 12, 2021 11:09 AM
**To:** 'Martinez, Anthony (SHB)' <AMARTINEZ@shb.com>; Sandra E. Shaub <seshaub@atleehall.com>
**Subject:** RE: MDL Wave III - Stipulation to Choice of Law

Anthony,

Understood and all of those changes are certainly acceptable.  Thanks.

*As part of our firm's effort to help slow the spread of the coronavirus, many of our people are working from remote locations. We are requesting that all written materials be sent to us electronically, rather than through physical mail and deliveries. Please bear with us during this time. We expect all operations to continue as usual. Thank you, and stay well.*

Mark C. Atlee, Esq.
Partner
Atlee Hall, LLP
415 North Duke Street
Lancaster, PA 17602
(717)393-9596
mcatlee@atleehall.com

---

**From:** Martinez, Anthony (SHB) [mailto:AMARTINEZ@shb.com]
**Sent:** Monday, July 12, 2021 11:04 AM
**To:** Mark C. Atlee <mcatlee@atleehall.com>; Sandra E. Shaub <seshaub@atleehall.com>
**Subject:** RE: MDL Wave III - Stipulation to Choice of Law

In order for this to be unopposed, I had to make some redlines.  Also, it read a little bit like a joint motion instead of an unopposed motion.

**Anthony R. Martinez**
*Partner*
Shook, Hardy & Bacon L.L.P.

816.559.2683 | amartinez@shb.com



---

**From:** Mark C. Atlee <mcatlee@atleehall.com>
**Sent:** Monday, July 12, 2021 9:59 AM
**To:** Martinez, Anthony (SHB) <AMARTINEZ@shb.com>; Sandra E. Shaub <seshaub@atleehall.com>
**Subject:** RE: MDL Wave III - Stipulation to Choice of Law

**EXTERNAL**

Anthony,

The other potential treaters include:

LGH Medicine– Mark Simmons, MD (Internal Medicine)
Ann Barshinger Cancer Center- Matthew Brennan, MD (Medical Oncology)

Although the main one would be Dr. Rodriguez that I know your office had wanted and attempted to schedule.

*As part of our firm's effort to help slow the spread of the coronavirus, many of our people are working from remote locations. We are requesting that all written materials be sent to us electronically, rather than through physical mail and deliveries. Please bear with us during this time. We expect all operations to continue as usual. Thank you, and stay well.*

Mark C. Atlee, Esq.
Partner
Atlee Hall, LLP
415 North Duke Street
Lancaster, PA 17602
(717)393-9596
mcatlee@atleehall.com

---

**From:** Martinez, Anthony (SHB) [mailto:AMARTINEZ@shb.com]
**Sent:** Monday, July 12, 2021 10:51 AM
**To:** Sandra E. Shaub <seshaub@atleehall.com>
**Cc:** Mark C. Atlee <mcatlee@atleehall.com>
**Subject:** RE: MDL Wave III - Stipulation to Choice of Law

Mark,

You state there are other treaters to depose.  Which ones did you have in mind.

**Anthony R. Martinez**
*Partner*
Shook, Hardy & Bacon L.L.P.

816.559.2683 | amartinez@shb.com



---

**From:** Sandra E. Shaub <seshaub@atleehall.com>
**Sent:** Monday, July 12, 2021 9:48 AM
**To:** Martinez, Anthony (SHB) <AMARTINEZ@shb.com>
**Cc:** Mark C. Atlee <mcatlee@atleehall.com>
**Subject:** RE: MDL Wave III - Stipulation to Choice of Law

**EXTERNAL**

Good morning Mr. Martinez:

Attached is Plaintiff's Motion for Leave to Extend time to File Expert Reports, which Attorney Atlee would like to file today.  Please let us know your thoughts.

Thank you

Sandi Shaub
Paralegal to Mark C. Atlee, Esquire
Paralegal to Melissa A. Jabour, Esquire
Atlee Hall, LLP
415 North Duke Street
Lancaster, PA 17602
(717) 393-9596

*As part of our firm's effort to help slow the spread of the coronavirus, many of our people are working from remote locations. We are requesting that all written materials be sent to us electronically, rather than through physical mail and deliveries. Please bear with us during this time. We expect all operations to continue as usual. Thank you, and stay well.*

---

**From:** Martinez, Anthony (SHB) <AMARTINEZ@shb.com>
**Sent:** Sunday, July 11, 2021 2:02 PM
**To:** Mark C. Atlee <mcatlee@atleehall.com>
**Cc:** Cady, Tina (SHB) <TCADY@shb.com>; Larsen, Mat (SHB) <MLARSEN@shb.com>; Lyons, Dana (SHB) <DLYONS@shb.com>; Daniels, Erika (SHB) <EDANIELS@shb.com>; Ackley, John L. (SHB) <jackley@shb.com>; Sandra E. Shaub <seshaub@atleehall.com>; Steele, Andrea J. (SHB) <ASTEELE@shb.com>; Mott, Dalton R. (SHB) <DMOTT@shb.com>
**Subject:** RE: MDL Wave III - Stipulation to Choice of Law

Mark, we will not oppose you motion but please make clear in there that defendants get an equal extension.  Please let me see the unopposed motion before you file.

**Anthony R. Martinez**
*Partner*
Shook, Hardy & Bacon L.L.P.

816.559.2683 | amartinez@shb.com



---

**From:** Mark C. Atlee <mcatlee@atleehall.com>
**Sent:** Saturday, July 10, 2021 3:19 PM
**To:** Martinez, Anthony (SHB) <AMARTINEZ@shb.com>
**Cc:** Cady, Tina (SHB) <TCADY@shb.com>; Larsen, Mat (SHB) <MLARSEN@shb.com>; Lyons, Dana (SHB) <DLYONS@shb.com>; Daniels, Erika (SHB) <EDANIELS@shb.com>; Ackley, John L. (SHB) <jackley@shb.com>; Sandra E. Shaub <seshaub@atleehall.com>; Steele, Andrea J. (SHB) <ASTEELE@shb.com>; Mott, Dalton R. (SHB) <DMOTT@shb.com>
**Subject:** RE: MDL Wave III - Stipulation to Choice of Law

**EXTERNAL**

8

Anthony,

Understood, as was recently granted in the Garza matter, would you be agreeable to a 30 day extension, while we complete depositions that are necessary for the purposes of causation, certainly.  If so, we will file the motion requesting the extension first thing Monday.  Thanks.

*As part of our firm's effort to help slow the spread of the coronavirus, many of our people are working from remote locations. We are requesting that all written materials be sent to us electronically, rather than through physical mail and deliveries. Please bear with us during this time. We expect all operations to continue as usual. Thank you, and stay well.*

Mark C. Atlee, Esq.
Partner
Atlee Hall, LLP
415 North Duke Street
Lancaster, PA 17602
(717)393-9596
mcatlee@atleehall.com

---

**From:** Martinez, Anthony (SHB) [mailto:AMARTINEZ@shb.com]
**Sent:** Saturday, July 10, 2021 2:03 PM
**To:** Mark C. Atlee <mcatlee@atleehall.com>
**Cc:** Cady, Tina (SHB) <TCADY@shb.com>; Larsen, Mat (SHB) <MLARSEN@shb.com>; Lyons, Dana (SHB) <DLYONS@shb.com>; Daniels, Erika (SHB) <EDANIELS@shb.com>; Ackley, John L. (SHB) <jackley@shb.com>; Sandra E. Shaub <seshaub@atleehall.com>; Steele, Andrea J. (SHB) <ASTEELE@shb.com>; Mott, Dalton R. (SHB) <DMOTT@shb.com>
**Subject:** RE: MDL Wave III - Stipulation to Choice of Law

Mark,

Unfortunately, we cannot stipulate to expert extensions in the MDL.  This Court is very strict with those deadlines and rarely moves them, and when it does, moves them by very little.  For example, one plaintiff in Wave III only received a 10 day extension and he requested that extension before the deadline had already past.

Best Regards,

**Anthony R. Martinez**
*Partner*
Shook, Hardy & Bacon L.L.P.

816.559.2683 | amartinez@shb.com



---

**From:** Mark C. Atlee <mcatlee@atleehall.com>
**Sent:** Friday, July 9, 2021 4:38 PM
**To:** Martinez, Anthony (SHB) <AMARTINEZ@shb.com>
**Cc:** Cady, Tina (SHB) <TCADY@shb.com>; Larsen, Mat (SHB) <MLARSEN@shb.com>; Lyons, Dana (SHB) <DLYONS@shb.com>; Daniels, Erika (SHB) <EDANIELS@shb.com>; Ackley, John L. (SHB) <jackley@shb.com>; Sandra E. Shaub <seshaub@atleehall.com>; Steele, Andrea J. (SHB) <ASTEELE@shb.com>; Mott, Dalton R. (SHB)

<DMOTT@shb.com>
**Subject:** Re: MDL Wave III - Stipulation to Choice of Law


**EXTERNAL**

Anthony,

It is our intention, but there are still pending depositions and discovery, which has not been completed.  It would be our intention to serve them in a reasonable time after that was completed.  Can do a stipulation for an extension of time based on the completion of the current requested discovery.

Mark C. Atlee, Esq.
Partner
Atlee Hall, LLP
415 North Duke Street
Lancaster, PA 17602
(717) 393-9596
mcatlee@atleehall.com

**From:** Martinez, Anthony (SHB) <AMARTINEZ@shb.com>
**Sent:** Friday, July 9, 2021 3:30:24 PM
**To:** Mark C. Atlee <mcatlee@atleehall.com>
**Cc:** Cady, Tina (SHB) <TCADY@shb.com>; Larsen, Mat (SHB) <MLARSEN@shb.com>; Lyons, Dana (SHB) <DLYONS@shb.com>; Daniels, Erika (SHB) <EDANIELS@shb.com>; Ackley, John L. (SHB) <jackley@shb.com>; Sandra E. Shaub <seshaub@atleehall.com>; Steele, Andrea J. (SHB) <ASTEELE@shb.com>; Mott, Dalton R. (SHB) <DMOTT@shb.com>
**Subject:** RE: MDL Wave III - Stipulation to Choice of Law


Mark,

We will be filing a motion to dismiss this case because we still have not received your expert disclosures.  Please let me know if you intend to serve those, and if so, when?

Thanks,

**Anthony R. Martinez**
*Partner*
Shook, Hardy & Bacon L.L.P.

816.559.2683 | amartinez@shb.com



**From:** Martinez, Anthony (SHB)
**Sent:** Tuesday, July 6, 2021 8:58 AM
**To:** 'Mark C. Atlee' <mcatlee@atleehall.com>
**Cc:** Cady, Tina (SHB) <tcady@shb.com>; Larsen, Mat (SHB) <mlarsen@shb.com>; Lyons, Dana (SHB) <dlyons@shb.com>; Daniels, Erika (SHB) <edaniels@shb.com>; Ackley, John L. (SHB) <jackley@shb.com>; 'Sandra E. Shaub'

<seshaub@atleehall.com>; Steele, Andrea J. (SHB) <asteele@shb.com>; Mott, Dalton R. (SHB) <dmott@shb.com>
**Subject:** RE: MDL Wave III - Stipulation to Choice of Law

Mark,

Following up on this.  Do you plan on getting this on file today?

**Anthony R. Martinez**
*Partner*
Shook, Hardy & Bacon L.L.P.

816.559.2683 | amartinez@shb.com



---

**From:** Martinez, Anthony (SHB)
**Sent:** Friday, July 2, 2021 3:13 PM
**To:** Mark C. Atlee <mcatlee@atleehall.com>
**Cc:** Cady, Tina (SHB) <tcady@shb.com>; Larsen, Mat (SHB) <mlarsen@shb.com>; Lyons, Dana (SHB) <dlyons@shb.com>; Daniels, Erika (SHB) <edaniels@shb.com>; Ackley, John L. (SHB) <jackley@shb.com>; Sandra E. Shaub <seshaub@atleehall.com>; Steele, Andrea J. (SHB) <asteele@shb.com>
**Subject:** RE: MDL Wave III - Stipulation to Choice of Law

Mark,

We need to agree to the choice of law and file a stipulation on July 6.  If you agree, can you file this on Tuesday.  Thanks.

**Anthony R. Martinez**
*Partner*
Shook, Hardy & Bacon L.L.P.

816.559.2683 | amartinez@shb.com



CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

This message may contain privileged and confidential information intended only for the use of the addressee named above. If you are not the intended recipient of this message, you are hereby notified that any use, distribution or reproduction of this message, whether in part or in its entirety, is prohibited. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you have received this message in error, please notify the sender immediately.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

This message may contain privileged and confidential information intended only for the use of the addressee named above. If you are not the intended recipient of this message, you are hereby notified that any use, distribution or reproduction of this message, whether in part or in its entirety, is prohibited. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you have received this message in error, please notify the sender immediately.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

This message may contain privileged and confidential information intended only for the use of the addressee named above. If you are not the intended recipient of this message, you are hereby notified that any use, distribution or reproduction of this message, whether in part or in its entirety, is prohibited. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you have received this message in error, please notify the sender immediately.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

This message may contain privileged and confidential information intended only for the use of the addressee named above. If you are not the intended recipient of this message, you are hereby notified that any use, distribution or reproduction of this message, whether in part or in its entirety, is prohibited. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you have received this message in error, please notify the sender immediately.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

This message may contain privileged and confidential information intended only for the use of the addressee named above. If you are not the intended recipient of this message, you are hereby notified that any use, distribution or reproduction of this message, whether in part or in its entirety, is prohibited. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you have received this message in error, please notify the sender immediately.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This message may contain privileged and confidential information intended only for the use of the addressee named above. If you are not the intended recipient of this message, you are hereby notified that any use, distribution or reproduction of this message, whether in part or in its entirety, is prohibited. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you have received this message in error, please notify the sender immediately.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This message may contain privileged and confidential information intended only for the use of the addressee named above. If you are not the intended recipient of this message, you are hereby notified that any use, distribution or reproduction of this message, whether in part or in its entirety, is prohibited. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you have received this message in error, please notify the sender immediately.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com