1  **SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
2  600 Travis Street, Suite 3400
Houston, TX 77002-2026
3  Telephone:     (713) 227-8008
Facsimile:     (713) 227-9508
4  Email:         jstubbs@shb.com

5  *Attorneys for Defendant*
*Bayer Corporation*

6

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10  IN RE: ROUNDUP PRODUCTS          MDL No. 2741
    LIABILITY LITIGATION
11                                   Case No. 3:16-md-02741-VC

12  This document relates to:
    *Linda Mary Vogl v. Bayer Corporation et al.,*
13  Case No. 3:21-cv-07027-VC

14

15        **BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

16        Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Bayer

17  Corporation, by and through its counsel, respectfully responds by generally denying all

18  allegations contained in plaintiff's Complaint (the "Complaint"), except as set forth below. Bayer

19  Corporation denies – and objects to – allegations by plaintiff that purport to lump Bayer

20  Corporation together with other defendants or non-party entities. Bayer Corporation responds to

21  this Complaint only on behalf of Bayer Corporation and not on behalf of any other defendant.

22  Silence as to any allegations shall constitute a denial.

23        1.      Bayer Corporation denies the allegations in paragraph 1.

24        2.      Bayer Corporation denies the allegations in paragraph 2.

25        3.      Bayer Corporation denies the allegations in paragraph 3.

26

27

28
                                    - 1 -

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required. To the extent a response is deemed required, Bayer Corporation admits to the allegations in paragraph 4 based on the allegations in plaintiff's Complaint.

5.      Bayer Corporation admits to the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The first sentence of paragraph 7 sets forth conclusions of law for which no response is required. Bayer Corporation denies the allegations in the second sentence of paragraph 7. In response to the third sentence of paragraph 7, Bayer Corporation denies any "omissions" and certain events giving rise to plaintiff's claim.

8.      Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 8 and therefore denies those allegations. Bayer Corporation denies the remaining allegation in paragraph 8.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied. Bayer Corporation states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

10.      In response to the allegations in paragraph 10, Bayer Corporation admits that it is an Indiana corporation. Bayer Corporation denies the remaining allegations in paragraph 10.

11.      The allegations in paragraph 11 are not directed at Bayer Corporation and therefore no answer is required. To the extent an answer is required, Bayer Corporation denies the allegations in paragraph 11.

12.      The allegations in paragraph 12 comprise attorney characterizations and are accordingly denied. Bayer Corporation states that it is only answering on behalf of Bayer Corporation and not on behalf of unnamed co-defendants or any non-party entities.

13.      Bayer Corporation denies the allegations in paragraph 13.

14.      Bayer Corporation denies the allegations in paragraph 14.

15. The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16. The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17. Bayer Corporation denies the allegations in paragraph 17.

18. The allegations in paragraph 18 regarding Bayer Corporation's authorization to do business set forth conclusions of law for which no response is required. The remaining allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19. The allegations in paragraph 19 set forth conclusions of law for which no response is required.

20. Bayer Corporation denies the allegations in paragraph 20.

21. Bayer Corporation denies the allegations in paragraph 21.

22. Bayer Corporation denies the allegations in paragraph 22.

23. Bayer Corporation denies the allegations in paragraph 23.

24. Bayer Corporation admits the allegations in paragraph 24.

25. In response to the allegations in paragraph 25, Bayer Corporation admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 25 are vague and ambiguous and Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 and therefore denies those allegations.

26. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies those allegations.

27. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies those allegations.

28. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies those allegations.

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07027-VC

29.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies those allegations.

30.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 30 and therefore denies those allegations.  Bayer Corporation denies the remaining allegations in paragraph 30.

31.     Bayer Corporation denies that Roundup®-branded products are its products and therefore denies the allegations in the third sentence of paragraph 31. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies those allegations

32.     Bayer Corporation denies that Roundup®-branded products are Bayer Corporation's products and denies that Roundup®-branded products pose dangers to health and safety. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and therefore denies those allegations.

33.     The allegations in paragraph 33 set forth conclusions of law for which no response is required.

34.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 34 and therefore denies those allegations. The remaining allegations in paragraph 34 set forth conclusions of law for which no response is required.

35.     The allegations in paragraph 35 set forth conclusions of law for which no response is required.

36.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies those allegations.

37.     The allegations in paragraph 37 set forth conclusions of law for which no response is required. To the extent that a response may be deemed required, Bayer Corporation denies that it is the "registrant" referenced in this paragraph and therefore denies the allegations in paragraph 37.

38.     The allegations in paragraph 38 set forth conclusions of law for which no response is required. To the extent that a response may be deemed required, Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies those allegations.

39.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies those allegations.

40.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies those allegations.

41.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies those allegations.

42.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies those allegations.

43.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies those allegations.

44.     Bayer Corporation denies that glyphosate has "carcinogenic properties" and therefore denies the allegations in paragraph 44.

45.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies those allegations.

46.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies those allegations.

47.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies those allegations.

48.     In response to the allegations in paragraph 48, Bayer Corporation denies that Roundup®-branded products are Bayer Corporation's products. Bayer Corporation states that the term "toxic" as used in paragraph 48 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Bayer Corporation otherwise lacks information or

knowledge sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies those allegations.

49.     In response to the allegations in paragraph 49, Bayer Corporation states that the cited document speaks for itself and does not require a response.

50.     In response to the allegations in paragraph 50, Bayer Corporation denies that Roundup®-branded products are Bayer Corporation's products and states that the cited document speaks for itself and does not require a response.

51.     In response to the allegations in paragraph 51, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 51 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 50 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 53 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 54 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 55 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 56 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 56.

57.     Bayer Corporation denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 57.

58.     Bayer Corporation denies the allegations in paragraph 58.

59.     Bayer Corporation denies the allegations in paragraph 59.

60.     Bayer Corporation denies the allegations in paragraph 60.

61.     Bayer Corporation denies the allegations in paragraph 61.

62.     Bayer Corporation denies the allegations in paragraph 62.

63.     Bayer Corporation admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 63 and therefore denies those allegations.

64.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore denies those allegations.

65.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore denies those allegations.

66.     In response to the allegations in paragraph 66, Bayer Corporation admits that the IARC working group classified glyphosate under Group 2A. Bayer Corporation denies the remaining allegations in paragraph 66.

67.     In response to the allegations in paragraph 67, Bayer Corporation admits that the IARC working group classified glyphosate under Group 2A. Bayer Corporation denies the remaining allegations in paragraph 67.

68.     In response to the allegations in paragraph 68, Bayer Corporation states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the allegations in paragraph 68 comprise attorney characterizations and are accordingly denied.

69.     In response to the allegations in paragraph 69, Bayer Corporation states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the allegations in paragraph 69 comprise attorney characterizations and are accordingly denied.

70.     Bayer Corporation denies the allegations in paragraph 70.

71.     The allegations in paragraph 71 comprise attorney characterizations and are accordingly denied.

72.     In response to the allegations in paragraph 72, Bayer Corporation states that the cited document speaks for itself and does not require a response.

73.     In response to the allegations in paragraph 73, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 73 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 73.

74.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore denies those allegations.

75.     The allegations in paragraph 75 are vague and ambiguous and are accordingly denied.

76.     In response to the allegations in paragraph 76, Bayer Corporation states that the cited document speaks for itself and does not require a response.

77.     In response to the allegations in paragraph 77, Bayer Corporation states that the cited document speaks for itself and does not require a response.

78.     In response to the allegations in paragraph 78, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 78

- 8 -

characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 78.

79. In response to the allegations in paragraph 79, Bayer Corporation states that the cited document speaks for itself and does not require a response.

80. Bayer Corporation admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic. Bayer Corporation otherwise denies the allegations in paragraph 80.

81. Bayer Corporation denies the allegations in paragraph 81.

82. Bayer Corporation denies the allegations in paragraph 82.

83. Bayer Corporation denies the allegations in paragraph 83.

84. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 84 and therefore denies those allegations. In response to the allegations in the second sentence of paragraph 84, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 84 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 84

85. In response to the allegations in paragraph 85, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 85 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 85.

86. In response to the allegations in paragraph 86, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 86 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 86.

87. In response to the allegations in paragraph 87, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 87

characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 87.

88.    In response to the allegations in paragraph 88, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 88 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 88.

89.    In response to the allegations in paragraph 89, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 89 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 89.

90.    Bayer Corporation denies the allegations in paragraph 90.

91.    Bayer Corporation denies the allegations in paragraph 91.

92.    Bayer Corporation denies the allegations in paragraph 92.

93.    Bayer Corporation denies the allegations in paragraph 93.

94.    Bayer Corporation denies the allegations in paragraph 94.

95.    Bayer Corporation denies the allegations in paragraph 95.

96.    Bayer Corporation denies the allegations in paragraph 96.

97.    In response to the allegations in paragraph 97, Bayer Corporation admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products. Bayer Corporation denies the remaining allegations in paragraph 97.

98.    In response to the allegations in paragraph 98, Bayer Corporation admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products. Bayer Corporation denies the remaining allegations in paragraph 98.

99.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 99 and therefore denies those allegations.

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07027-VC

1    100.    Bayer Corporation lacks information or knowledge sufficient to form a belief as

2  to the truth of the allegations in paragraph 100 and therefore denies those allegations.

3    101.    Bayer Corporation denies the allegations in paragraph 101.

4    102.    Bayer Corporation denies the allegations in paragraph 102.

5    103.    Bayer Corporation denies the allegations in paragraph 103.

6    104.    Bayer Corporation denies the allegations in paragraph 104.

7    105.    Bayer Corporation denies the allegations in paragraph 105.

8    106.    Bayer Corporation denies the allegations in paragraph 106.

9    107.    Bayer Corporation denies the allegations in paragraph 107.

10    108.    Bayer Corporation denies the allegations in paragraph 108.

11    109.    Bayer Corporation denies the allegations in paragraph 109.

12    110.    Bayer Corporation denies the allegations in paragraph 110.

13    111.    Bayer Corporation denies the allegations in paragraph 111.

14    112.    Bayer Corporation lacks information or knowledge sufficient to form a belief as

15  to the truth of the allegations in paragraph 112 and therefore denies those allegations.

16    113.    Bayer Corporation lacks information or knowledge sufficient to form a belief as

17  to the truth of the allegations in paragraph 113 and therefore denies those allegations.

18    114.    Bayer Corporation lacks information or knowledge sufficient to form a belief as

19  to the truth of the allegations in paragraph 114 and therefore denies those allegations.

20    115.    Bayer Corporation lacks information or knowledge sufficient to form a belief as

21  to the truth of the allegations in paragraph 115 and therefore denies those allegations.

22    116.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through

23  115 in response to paragraph 116 of plaintiff's Complaint.

24    117.    Bayer Corporation denies the allegations in paragraph 117.

25    118.    Bayer Corporation denies the allegations in paragraph 118.

26    119.    Bayer Corporation denies the allegations in paragraph 119.

27

28

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07027-VC

120.     Bayer Corporation denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer. The remaining allegations of paragraph 120 set for conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

121.     Bayer Corporation incorporates by reference its responses to paragraphs 1 through 120 in response to paragraph 121 of plaintiff's Complaint.

122.     The allegations in paragraph 122 set forth conclusions of law for which no response is required.

123.     Bayer Corporation denies the allegations in paragraph 123.

124.     Bayer Corporation denies the allegations in paragraph 124, including each of its subparts.

125.     Bayer Corporation denies the allegations in paragraph 125.

126.     Bayer Corporation denies the allegations in paragraph 126.

127.     Bayer Corporation denies the allegations in paragraph 127, including each of its subparts.

128.     Bayer Corporation denies the allegations in paragraph 128.

129.     Bayer Corporation denies the allegations in paragraph 129.

130.     Bayer Corporation denies the allegations in paragraph 130.

131.     Bayer Corporation denies the allegations in paragraph 131.

132.     Bayer Corporation incorporates by reference its responses to paragraphs 1 through 131 in responses to paragraph 132 of plaintiff's Complaint.

133.     Bayer Corporation denies the allegations in paragraph 133.

134.     Bayer Corporation denies that Roundup®-branded products are Bayer Corporation's products and therefore denies the allegations in paragraph 134.

135.    Bayer Corporation denies the allegations in paragraph 135.

136.    Bayer Corporation denies the allegations in paragraph 136.

137.    Bayer Corporation denies the allegations in paragraph 137.

138.    Bayer Corporation denies the allegations in paragraph 138, including each of its subparts.

139.    Bayer Corporation denies the allegations in paragraph 139.

140.    Bayer Corporation denies that Roundup®-branded products are Bayer Corporation's Roundup®-branded products and denies that products have "dangerous characteristics" and therefore denies the allegations in paragraph 140.

141.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 141 and therefore denies those allegations.

142.    Bayer Corporation denies the allegations in paragraph 142.

143.    The allegations in paragraph 143 set forth conclusions of law for which no response is required.

144.    Bayer Corporation denies the allegations in paragraph 144.

145.    Bayer Corporation denies the allegations in paragraph 145.

146.    Bayer Corporation denies the allegations in paragraph 146.

147.    Bayer Corporation denies the allegations in paragraph 147.

148.    Bayer Corporation denies the allegations in paragraph 148.

149.    Bayer Corporation denies the allegations in paragraph 149.

150.    Bayer Corporation denies the allegations in paragraph 150.

151.    Bayer Corporation denies the allegations in paragraph 151.

152.    Bayer Corporation denies the allegations in paragraph 152

153.    Bayer Corporation denies the allegations in paragraph 153.

154.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through 153 in response to paragraph 154 of plaintiff's Complaint.

155.    Bayer Corporation denies the allegations in paragraph 155.

156.     Bayer Corporation denies the allegations in paragraph 156.

157.     Bayer Corporation denies the allegations in paragraph 157.

158.     Bayer Corporation denies the allegations in paragraph 158.

159.     Bayer Corporation denies the allegations in paragraph 159.

160.     Bayer Corporation denies the allegations in paragraph 160.

161.     Bayer Corporation denies the allegations in paragraph 161.

162.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use of history in paragraph 162 and therefore denies those allegations.   Bayer Corporation denies the remaining allegations in paragraph 162.

163.     The allegations in paragraph 163 set for conclusions of law for which no response is required.

164.     Bayer Corporation denies the allegations in paragraph 164.

165.     Bayer Corporation denies the allegations in paragraph 165.

166.     Bayer Corporation denies the allegations in paragraph 166.

167.     Bayer Corporation denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations of paragraph 167.

168.     Bayer Corporation denies the allegations in paragraph 168.

169.     Bayer Corporation denies the allegations in paragraph 169.

170.     Bayer Corporation denies the allegations in paragraph 170.

171.     Bayer Corporation denies the allegations in paragraph 171.

172.     Bayer Corporation denies the allegations in paragraph 172.

173.     Bayer Corporation denies the allegations in paragraph 173.

174.     Bayer Corporation denies the allegations in paragraph 174.

175.     Bayer Corporation incorporates by reference its responses to paragraphs 1 through 174 in response to paragraph 175 of plaintiff's Complaint.

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07027-VC

176. Bayer Corporation denies the allegations in paragraph 176. Additionally, the allegations in the last sentence in paragraph 176 set forth conclusions of law for which no response is required.

177. Bayer Corporation denies the allegations in paragraph 177.

178. Bayer Corporation denies the allegations in paragraph 178.

179. Bayer Corporation denies the allegations in paragraph 179.

180. The allegations in paragraph 180 regarding implied warranties set forth conclusions of law for which no response is required. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 180 regarding plaintiff's and/or other entity's reliance and therefore denies those allegations.

181. Bayer Corporation denies the allegations in paragraph 181.

182. Bayer Corporation denies the allegations in paragraph 182.

183. Bayer Corporation denies the allegations in paragraph 183.

184. Bayer Corporation denies the allegations in paragraph 184.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Bayer Corporation denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Bayer Corporation upon which relief can be granted.

2. Plaintiff's claims against Bayer Corporation are barred for lack of personal jurisdiction.

3. Plaintiff's claims against Bayer Corporation are barred because Bayer Corporation never manufactured, distributed, or sold Roundup®-branded products.

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07027-VC

4.      Plaintiff's claims against Bayer Corporation are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5.      Any alleged negligent or culpable conduct of Bayer Corporation, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

6.      Plaintiff's claims against Bayer Corporation are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.      Plaintiff's claims against Bayer Corporation are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8.      Any claims based on allegations that Bayer Corporation misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9.      Plaintiff's claims against Bayer Corporation are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

10.      Plaintiff's claims against Bayer Corporation are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.      Plaintiff's claims against Bayer Corporation for punitive damages are barred because such an award would violate Bayer Corporation's due process, equal protection and

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07027-VC

other rights under the United States Constitution, the South Dakota Constitution, and/or other applicable state constitutions.

12.     Plaintiff's claims against Bayer Corporation for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under South Dakota law and/or other applicable state laws.

13.     Plaintiff's claims against Bayer Corporation for punitive damages are barred and/or limited by operation of state and/or federal law, including South Dakota law.

14.     Plaintiff's claims against Bayer Corporation are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

15.     Plaintiff's claims against Bayer Corporation are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

16.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Bayer Corporation in whole or in part.

17.     Applicable statutes of limitations and/or repose bar plaintiff's claims against Bayer Corporation in whole or in part.

18.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims against Bayer Corporation in whole or in part.

19.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Bayer Corporation is neither liable nor responsible or, in the alternative, Bayer Corporation is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bayer Corporation. Such acts or omissions on the part of others or diseases

or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

20.     Bayer Corporation had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

21.     Plaintiff's claims against Bayer Corporation are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

22.     Plaintiff's claims against Bayer Corporation are barred in whole or in part by plaintiff's own contributory/comparative negligence.

23.     Plaintiff's claims against Bayer Corporation are barred in whole or in part by plaintiff's own failure to mitigate damages.

24.     Plaintiff's claims against Bayer Corporation are barred in whole or in part by the sophisticated user doctrine.

25.     If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries or damages were not caused by a Bayer Corporation product.

26.     Plaintiff's claims against Bayer Corporation are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27.     Plaintiff's claims against Bayer Corporation are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28.     Plaintiff has failed to allege fraud with sufficient particularity.

29.     Plaintiff's medical condition was caused directly, solely, and proximately by medical conditions, sensitivities, and idiosyncrasies peculiar to him, and which were unknown, unknowable, or not reasonably foreseeable to Bayer Corporation.

30.     The number of different agents to which plaintiff was exposed and the lack of definitive evidence as to the amount of actual exposure to each agent makes it impossible to

1  determine, to a requisite degree of legal certainty, the alleged causal connection, if any, between

2  plaintiff's injuries and said agents.

3       31.     Bayer Corporation hereby gives notice that it intends to rely upon such other

4  defenses as may become available or apparent during the course of discovery and thus reserves

5  its right to amend this Answer to assert such defenses.

6       **WHEREFORE**, Defendant Bayer Corporation demands judgment in its favor and

7  against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit

8  and such other relief as the Court deems equitable and just.

9  **JURY TRIAL DEMAND**

10       Bayer Corporation demands a jury trial on all issues so triable.

11  DATED: September 27, 2021.     Respectfully submitted,

12       SHOOK, HARDY & BACON L.L.P.

13       BY: */s/ Jennise W. Stubbs*

14       Jennise W. Stubbs
    600 Travis Street, Suite 3400

15       Houston, TX 77002-2926
    Telephone:   (713) 227-8008

16       Facsimile:   (713) 227-9508
    Email:   jstubbs@shb.com

17       *Attorneys for Defendant*

18       *Bayer Corporation*

19

20

21

22

23

24

25

26

27

28

- 19 -

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07027-VC

1

2

## CERTIFICATE OF SERVICE

3
       I certify that on the 27th day of September, 2021, I electronically transmitted the

4
foregoing **BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk of the

5
court using the ECF system for filing and transmittal of a true and correct copy of the foregoing

6
document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

7

8
                                          */s/Jennise W. Stubbs*
                                          Jennise W. Stubbs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28