Eric S. Rossman, ISB #4573
erossman@rossmanlaw.com
Erica S. Phillips, ISB #6009
ephillips@rossmanlaw.com
Matthew G. Gunn, ISB #8763
mgunn@rossmanlaw.com
ROSSMAN LAW GROUP, PLLC
350 9th Street, Suite 500
Boise, Idaho  83702
Telephone:  (208) 331-2030
Facsimile:    (208) 947-2424

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA SINCLAIR, | **MDL No. 2741** |
| Plaintiff, | **Idaho District Court Case No. 1:21-cv-00258-REP** |
| -vs- | |
| MONSANTO COMPANY, | **SHORT FORM COMPLAINT** |
| Defendant. | |

Pursuant to Pretrial Order (PTO) No. 155, in which the parties were ordered to sever the plaintiffs in the case captioned *Alvin Holt, et al. v. Monsanto Company* (District of Idaho Case No.: 1:21-cv-00258; Northern District of California Case No.: 16-md-02741-VC), originally filed in the United States District Court for the Northern District of California, into individual short form

SHORT FORM COMPLAINT - 1

complaints (except for the original lead plaintiff) for pre-trial work up purposes, Paula Sinclair provides the following allegations required by the Court in PTO No. 155:

1. This case is brought on behalf of Paula Sinclair, an individual.

2. This case is brought against Defendant Monsanto Company (Monsanto).

3. Plaintiff incorporates by reference, as if fully alleged herein, the allegations and Demand for Jury Trial contained in *Alvin Holt, et al. v. Monsanto Company* (District of Idaho Case No.: 1:21-cv-00258).

4. Ms. Sinclair resided in Twin Falls, Idaho, at the time of her diagnosis of non-Hodgkin's lymphoma (NHL).

5. Ms. Sinclair received medical treatment for her NHL in Idaho.

6. Jurisdiction is proper based on diversity under 28 U.S.C. § 1332 because Ms. Sinclair resides in Idaho, a different state than the Defendant's states of citizenship, and the aggregate amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Ms. Sinclair's injuries were from her exposure to Defendant's Roundup products.

8. Ms. Sinclair was exposed to Roundup for decades while involved with regular garden and lawn maintenance.

9. For decades, Ms. Sinclair was exposed to Roundup on a regular basis and followed all safety and precautionary warnings during the course of use.

10. Ms. Sinclair was subsequently diagnosed with chronic lymphocytic leukemia in or around April of 2016. The development of Ms. Sinclair's chronic lymphocytic leukemia was proximately and actually caused by exposure to Defendant's Roundup products.

11. As a result of her injury, Ms. Sinclair incurred significant economic and non-economic damages.

SHORT FORM COMPLAINT - 2

12. Ms. Sinclair brings claims against Monsanto under the following theories of liability: 1) Strict Liability (Design Defect); 2) Strict Liability (Failure to Warn); 3) Negligence; 4) Breach of Implied Warranties; 5) Breach of Express Warranties; 6) Fraud, Misrepresentation, and Suppression; 7) Loss of Consortium; 8) Wrongful Death.

DATED this **27** day of September, 2021.

ROSSMAN LAW GROUP, PLLC

By _____
Matthew G. Gunn (ISBN 8763)
Attorneys for Plaintiff
350 N. 9th Street, Suite 500
Boise, ID 83702
Tel: 208.331.2030
Fax: 208.947.2424
mgunn@rossmanlaw.com

Z:\Work\S\Sinclair, Paula\Pleadings\Complaint-ShortForm.doc

**SHORT FORM COMPLAINT - 3**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>ALL ACTIONS | **PRETRIAL ORDER NO. 155: SEVERANCE ORDER FOR MULTI-PLAINTIFF COMPLAINTS** |

Some of the member cases in this MDL have complaints in which multiple plaintiffs allege that they developed cancer after exposure to glyphosate-based herbicides ("GBHs") manufactured by Monsanto. This Court has ordered that such cases be severed into individual complaints for pretrial purposes.[1] *See* Pretrial Order No. 149, Dkt. No. 4009 (June 3, 2019); Fed. R. Civ. P. 21. The procedures governing this process are as follows:

1. Any individual complaint ("Short Form Complaint") filed as a result of this Order shall identify: (i) the residence of the plaintiff (city and state) at the time of filing; (ii) the residence of the plaintiff (city and state), or of the product user if the plaintiff is acting in a representative capacity, at the time of the diagnosis of the alleged injury; (iii) the place(s) of the plaintiff's exposure to GBHs, or, if the plaintiff is acting in a representative capacity, the place(s) of the product user's exposure to GBHs; (iv) the dates of the plaintiff's exposure to GBHs, or, if the plaintiff is acting in a representative capacity, the product user's dates of exposure to GBHs; (v) the states in which the plaintiff, or product user if the plaintiff is acting in a representative capacity, received medical treatment related to his/her cancer; (vi) if the case was first filed in federal court, the federal district court in which the action was originally filed; and (vii) if the case was first filed in state court, the state court in which the action was originally filed and the

---

[1] Where the facts of a set of plaintiffs are closely intertwined (such as spouses where one spouse has a loss-of-consortium claim), those plaintiffs may remain on a single complaint. The process for identifying these cases is discussed below.

federal district court to which the case was removed prior to being transferred to the MDL. The Short Form Complaint may not add additional parties or claims beyond those identified in the original complaint.

2. The parties submit to this Court's personal jurisdiction and venue in the Northern District of California for pretrial purposes only. Upon completion of all pretrial proceedings, the defendants do not intend to waive, and by agreement to this severance procedure are not waiving, their rights under 28 U.S.C. § 1406, 28 U.S.C. § 1407, *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), or other applicable law.

3. The inclusion of any action in MDL No. 2741, whether such action was or will be filed in or removed to the Northern District of California, or transferred to the Northern District of California under 28 U.S.C. § 1407 and then severed, shall not, standing alone, constitute a determination by this Court that jurisdiction or venue is proper in a particular district.

4. The fact that a case was severed pursuant to this Order will have no impact on choice of law, including the statute of limitations, that would otherwise apply to an individual case.

5. Unless resolved during the course of pretrial proceedings, each case severed pursuant to this Order will be subject to remand under § 1407(a) and the rules of the Judicial Panel on Multidistrict Litigation.

6. For each of the cases listed on Dkt. No. 4387-1, all of the plaintiffs other than the lead plaintiff will e-file a new individual case with a Short Form Complaint with this Order attached as an exhibit. The plaintiffs will also file their Short Form Complaint on the main docket for MDL No. 3:16-md-02741. The plaintiffs will list Judge Chhabria and docket number 3:16-md-02741 in section VIII of the civil cover sheet. When the plaintiffs file their Short Form Complaint, the parties will file a joint stipulation voluntarily dismissing those plaintiffs from the original case. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). The parties may include multiple plaintiffs on the notice of dismissal.

7. Other than the wave 1 plaintiffs discussed below, all plaintiffs currently in the MDL will have 45 days from the date of this Order to follow the procedure outlined in #6.[2]

8. The multi-plaintiff Nebraska and California cases listed below are part of the first remand wave, *see* Pretrial Order No. 150. Each plaintiff in these cases will have 14 days from the date of this Order to follow the procedure outlined in #6.

| Plaintiff Name | Member Case Name | Member Case Number | Transferor Court |
|---|---|---|---|
| Sanders, John D. | Sanders | 3:16-cv-05752 | CA Central District |
| Tanner, Frank | Sanders | 3:16-cv-05752 | CA Central District |
| Dickey, Robert L. | Domina | 3:16-cv-05887 | District of Nebraska |
| Domina, Larry E. | Domina | 3:16-cv-05887 | District of Nebraska |
| Janzen, Royce D. | Domina | 3:16-cv-05887 | District of Nebraska |
| Pollard, Frank | Domina | 3:16-cv-05887 | District of Nebraska |

9. Starting in August 2019, on the first Friday of each month the parties must file a joint letter that identifies (a) all multi-plaintiff cases that were transferred into the MDL in the preceding month, (b) any cases on that list that the parties agree should not be severed, and (c) any cases on that list for which the parties dispute whether severance is appropriate, along with a brief accompanying explanation. The Court will then issue a ruling listing all of the cases transferred in the preceding month that need to be severed. Within 45 days of the Court's ruling, the parties in those cases must follow the procedure outlined in #6.

10. If a plaintiff fails to comply with paragraph 6 within the time specified, Monsanto must notify plaintiff's counsel and Lead Counsel and provide plaintiff 7 days to e-file the case. If a plaintiff has still not done so within 7 days, Monsanto may then move to dismiss the plaintiff from the original case with prejudice. A plaintiff must respond within 14 days of the filing of the

---

[2] Because the married plaintiffs in *Goodbred v. Monsanto*, No. 16-cv-06010, may have different medical histories and different risk factors, their claims need to be severed. The plaintiffs may move to consolidate their claims for trial if they believe that is appropriate following the close of discovery. The Court will issue a separate order regarding the cases subject to remand. If those cases need to be severed, the plaintiffs will have 45 days from the date of the Court's order to file their Short Form Complaint. If there are any additional disputes over the severance of the cases listed on Dkt. No. 4387-1, the parties must file a joint letter identifying those cases by July 8, 2019.

motion. The motion will be ripe after the deadline for filing a response. *See* Pretrial Order No. 50 ¶ 15.

11. Each plaintiff must pay a filing fee in his or her individual case.

12. The Short Form Complaint for each member case will relate back to the date on which the original complaint was filed.

13. The defendants named in the initial complaint (or the operative complaint as amended, if applicable) are not required to file answers to Short Form or Amended Short Form Complaints.  An Entry of Appearance (including an appearance entered prior to the filing of the Short Form Complaint) by an attorney representing such defendants shall constitute a denial of all allegations in the Short Form Complaint filed against any of the defendants named in the Master Complaint and an assertion of all defenses that are included in the existing Answers.  In addition, the original answer, affirmative defenses, and any jury demand filed by that defendant in the multi-plaintiff action is deemed to be filed in the applicable severed cases.

**IT IS SO ORDERED.**

Date:   July 3, 2019

VINCE CHHABRIA
United States District Judge

4