# EXHIBIT "1"

1  **WAPNER, NEWMAN, BRECHER & MILLER, P.C.**
2  JARAD L. SILVERSTEIN, ESQUIRE
   jsilverstein@wapnernewman.com
3  2000 Market Street, Suite 2750
   Philadelphia, PA  19103
4  (215) 569-0900
   Attorney for Plaintiffs
5

6

7                    **IN THE UNITED STATES DISTRICT COURT**
                      **NORTHERN DISTRICT OF CALIFORNIA**
8
9  IN RE: ROUNDUP PRODUCTS            )
   LIABILITY LITIGATION               )   MDL No. 2741
                                      )
10 ─────────────────────────────      )   Case No. 3:16-md-02741-VC
                                      )
11 This document relates to:          )
                                      )
12 Beth and Chuck Spector v. Monsanto )
   Company                            )
13                                    )
   Case No. 3:20-cv-05532-VC          )
14 ─────────────────────────────      )

15        **PLAINTIFFS' R. 26 SPECIFIC CAUSATION EXPERT DISCLOSURES**
16
          Pursuant to the Court's dated December 9, 2020 and Fed. R. Civ. P. 26(a)(2), Plaintiffs,
17
   Beth and Chuck Spector, provide the following Designation of Disclosure of Case Specific
18
   Expert Witnesses and persons who may provide expert testimony specific to Plaintiffs' case
19
   pursuant to Rule 702 of the Federal Rules of Evidence.  Plaintiffs' disclosure of case specific
20
   expert witnesses is subject to the following reservation of rights:
21
22        1.    The right to supplement or amend this witness list based upon any rulings of the
23
                Court or any other decisions that might affect the scope of evidence in this trial.
24
          2.    The right to withdraw the designation of any expert prior to testimony, and
25
                positively aver that such previously designated will not be called as a witness to
26
                trial.
27

28                    PLAINTIFFS' R. 26 SPECIFIC CAUSATION EXPERT DISCLOSURES
                               3:16-md-02741 and Case No. 3:20-cv-05532

3. The right to amend or supplement expert opinions based on additional discovery including updated medical records, deposition testimony, medical literature, or scientific studies.

4. The right to amend or supplement the references considered and/or relied upon by Plaintiffs' designated experts in order to address newly available information or literature.

5. The right to elicit expert testimony at trial from any qualified person, including Plaintiff's treating health care providers, as permitted under the applicable rules of evidence and procedure.

6. Plaintiffs' expert witnesses, as identified below, may testify about their skill, knowledge, experience, training, and education in their respective fields, the relevant medical and scientific literature, the techniques and methods in their field of practice, and the description and nature of their practice.  They may testify about their publications, presentations, research, and all matters detailed in their respective curriculum vitae.  They may testify based on facts or data perceived by or made known to them at or before trial that have been properly disclosed under the applicable rules of evidence and procedure.  They may employ demonstrative and visual aids.

7. Plaintiffs reserve the right to offer supplemental expert opinions based on updated or new information relative to the litigation.  Plaintiffs reserve the right for their expert witnesses to update the literature upon which the witness rely in support of their opinions.

8.   Plaintiffs incorporate all prior reports, if any, the experts have issued in MDL 2741 or any other state or federal litigation.

9.   By identifying the expert witnesses named below, Plaintiffs do not intend to waive any objections to deposition testimony, exhibits, or other evidence or argument.  Plaintiffs reserve the right to call and elicit testimony from any and all of Defendant's current or former employees who have been disclosed as witnesses and/or offered testimony and/or have been identified in discovery.

10.   Plaintiffs reserve the right to call and elicit testimony at trial from any and all of Defendant's retained or non-retained expert witnesses.

## PLAINTIFFS' CASE-SPECIFIC EXPERT DESIGNATIONS

**Marc Braunstein, M.D.**
**120 Mineola Boulevard**
**Mineola, New York 11501**

Dr. Braunstein will testify on issues of specific causation regarding whether exposure to glyphosate and/or glyphosate-based formulated products was a substantial factor contributing to Plaintiff developing non-Hodgkin's lymphoma, specifically Large B-Cell Lymphoma.  Dr. Braunstein's opinions will encompass the areas of oncology and hematology, genotoxicity and epidemiology.  Plaintiffs hereby incorporate by reference, Dr. Braunstein's expert report.

Dr. Braunstein's hourly rate is $350.  Dr. Braunstein has not been deposed with respect to his specific causation opinions being offered in this case.  A copy of Dr. Braunstein's curriculum vitae will be provided to counsel electronically.

**Ronald J. Kendall, PhD**
**48 S. Lakeshore Drive**
**Ransom Canyon, Texas 79366**

Dr. Kendall will testify on issues of specific causation and will testify regarding forensic toxicology and environmental risk assessment of Roundup usage, evaluation of the chronicity and amount of Roundup exposure, how personal protective gear affects the amount of exposure, and epidemiological factors. Plaintiffs hereby incorporate by reference, Dr. Kendall's expert report.

Dr. Kendall's hourly rate is $400. Dr. Kendall has not been deposed with respect to his causation opinions being offered in this case. A copy of Dr. Kendall's curriculum vitae will be provided to counsel electronically.

**Mark L. Metersky, M.D.**
**10 Paper Chase Trail**
**Avon, Connecticut 06001**

Dr. Metersky will testify on issues of specific causation and will testify regarding the Plaintiff's chronic bronchiectasis and recurrent pulmonary infections as sequelae of her non-Hodgkin's lymphoma. He will testify regarding the effect of her chronic pulmonary problems on her overall health and well-being. He will also testify concerning the medical necessity and reasonableness of Plaintiffs' expert Valerie Parisi, RN, CRRN, CLCP's life care plan and medical cost projections. Plaintiffs hereby incorporate by reference, Dr. Metersky's expert reports.

Dr. Metersky's hourly rate is $475. Dr. Metersky has not been deposed with respect to his causation opinions being offered in this case. A copy of Dr. Metersky's curriculum vitae will be provided to counsel electronically.

**Valerie V. Parisi, RN, CRRN, CLCP**
**109 Windsong Drive**
**Doylestown, Pennsylvania 18901**

Ms. Parisi will testify on issues of specific causation and will testify regarding the future medical care that Plaintiff will require for the remainder of her life as a result of her non-Hodgkin's lymphoma and related pulmonary-based illnesses. Plaintiffs hereby incorporate by reference, Ms. Parisi's expert life care plan report.

Ms. Parisi's hourly rate is $200. Ms. Parisi has not been deposed with respect to her causation opinions being offered in this case. A copy of Ms. Parisi's curriculum vitae will be provided to counsel electronically.

**Chad Staller, J.D., M.B.A, M.A.C., C.V.A.**
**Stephen M. Dripps, M.Fin., CVA**
**1608 Walnut Street, Suite 801**
**Philadelphia, Pennsylvania 19103**

Mr. Staller and/or Mr. Dripps are economists and will testify on issues of specific causation and will testify concerning their assessment of future medical and related care to be incurred by Beth Spector as a result of her diagnosis of non-Hodgkin's lymphoma in 2007. Plaintiffs hereby incorporate by reference, Mr. Staller's and Mr. Dripps' expert report.

Mr. Staller's and Mr. Dripps' hourly rate is $335. Mr. Staller and Mr. Dripps have not been deposed with respect to their causation opinions being offered in this case. A copy of Mr. Staller and Mr. Dripps's curriculum vitae will be provided to counsel electronically.

1

## <u>PLAINTIFF GENERAL CAUSATION EXPERTS</u>

2

Plaintiffs Beth and Chuck Spector further incorporate by reference the general causation

3

and other expert reports served by lead counsel in connection with Waves 1, 2 and 3, and reserve

4

the right to call the author of any such report as an expert witness at trial.

5

6

7    Dated:  June 29, 2021

8                                             Respectfully submitted,

9                                               /s/ Jarad L. Silverstein

10                                        _____
                                          Jarad L. Silverstein, Esquire

11                                        **WAPNER NEWMAN BRECHER &
                                          MILLER, P.C.**
12                                        2000 Market Street, Suite 2750
                                          Philadelphia, PA 19103
13                                        Phone: (215) 569-0900
                                          Fax:   (215) 569-4621
14                                        Email: jsilverstein@wapnernewman.com

15

16                                        COUNSEL FOR PLAINTIFFS

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3 **<u>CERTIFICATE OF SERVICE</u>**

4      I hereby certify that on June 29, 2021, a true and correct copy of the foregoing

5 document was served upon the parties below via electronic mail:

6
7
Anthony R. Martinez, Esquire
8 **SHOOK, HARDY & BACON, LLP**
2555 Grand Boulebard
9 Kansas City, MO 64108
(816) 474-6550
10 amartinez@shb.com
11 *Attorney for Defendant, Monsanto Company*

12
13                                    /s/ Jarad L. Silverstein

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                  PLAINTIFFS' R. 26 SPECIFIC CAUSATION EXPERT DISCLOSURES
                            3:16-md-02741 and Case No. 3:20-cv-05532