**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:   202-847-4030
Fax:   202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 2392339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310 -576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| IN RE: ROUNDUP® PRODUCTS LIABILITY LITIGATION<br><br>*Vosper v. Monsanto Co.*, 3:19-cv-05525-VC | MDL No. 2741<br><br>Case No.: 3:16-md-02741-VC<br><br>**DEFENDANT MONSANTO COMPANY'S MOTION TO STRIKE PORTIONS OF SUPPLEMENTAL EXPERT REPORT OF DR. D. BARRY BOYD UNDER RULE 26(E)**<br><br>Hearing date: December 13, 2021<br>Time: TBD |
|---|---|

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** beginning on December 13, 2021 in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will present its Motion to Strike the Supplemental Report of Dr. D. Barry Boyd. Monsanto seeks an order excluding opinions of this witness expressed in this report under Federal Rule of Evidence 26(e).

DATED: October 7, 2021

    Respectfully submitted,

    */s/ Eric G. Lasker*
    Eric G. Lasker, Esq.
    (elasker@hollingsworthllp.com)
    Hollingsworth LLP
    1350 I Street, NW
    Washington, DC 20005
    Tel:    202-898-5800
    Fax:    202-682-1639

    *Attorney for Defendant*
    *Monsanto Company*

Defendant Monsanto Company ("Monsanto") hereby asks the Court to strike portions of the attempted supplemental report of Wave 3 Plaintiff Ira Vosper's expert, Dr. D. Barry Boyd.

Dr. Boyd claims to be supplementing his expert report but he is not "supplementing" as that term is defined by Federal Rule of Civil Procedure 26(e) and the opinions construing it. Instead, Dr. Boyd is attempting to rehabilitate his deposition testimony with materials supporting his newly proffered opinions, found for the first time in this attempted supplementation. Moreover, these new materials are studies and reports which were available at the time of his original report and long before his deposition in this lawsuit. Dr. Boyd's attempted supplemental report is late; it was served 46 days after the Court's expert report deadline and one day before Monsanto's *Daubert* briefing deadline and the deadline to disclose its own experts. This 11th hour attempt to rehabilitate deposition testimony should not be permitted and the supplemental report should be stricken for all of the reasons discussed herein.

## BACKGROUND

The Court entered the parties' proposed joint Scheduling Order. That order required the plaintiff to serve expert reports by June 29, 2021. *See* Schedule for Wave 3 Cases, ECF No. 12197. Plaintiff timely designated Dr. Boyd and provided Dr. Boyd's report on June 29, 2021. *See* Declaration of Eric Lasker, Ex. 1, Boyd *Vosper* Rep..[1] Monsanto took Dr. Boyd's deposition on September 3, 2021. More than two weeks later, Plaintiff served what he termed a "supplemental report," on September 21, 2021.

At his deposition, Dr. Boyd testified that he depends on Dr. Sawyer's exposure day metric in order to come to his causation opinion and that Dr. Sawyer's exposure day calculations are accurate. *See* Ex. 2, Boyd *Vosper* Tr. at 56:6-19. Upon further questioning, however, he conceded his ignorance of the material calculation errors that Dr. Sawyer made and that resulted in Dr. Sawyer presenting an exposure day number that was 178% of the actual number under Dr. Sawyer's methodology. *Id.* at 60:1-6. Dr. Boyd also conceded that he did not review the deposition transcript of Dr. Sawyer, which had been completed days before Dr. Boyd's deposition. *Id.* at 56:25–57:2. Monsanto does not move

---

[1] All exhibits referenced herein are attached to the Declaration of Eric Lasker, filed contemporaneously herewith.

- 1 -
MONSANTO'S MOTION TO STRIKE
PORTIONS OF SUPPL. RPT. OF DR. D. BARRY BOYD UNDER RULE 26(E)

to strike Dr. Boyd's affirmance of his reliance on Dr. Sawyer's exposure day calculation, a reliance to which he testified at his deposition and repeats, although with regard to a significantly reduced number, in his attempted supplemental report.

Going beyond a supplement based on a revised figure by Dr. Sawyer, Dr. Boyd opined on additional matters that Monsanto *does* move to strike.  Apparently unhappy with his testimony as reported in the deposition transcript, Dr. Boyd prepared and served his purported supplemental report – a full 18 days after his deposition.  *See* Ex. 3, Boyd *Vosper* Suppl. Rep.  Monsanto's *Daubert* briefs were due the next day.  *See* Schedule for Wave 3 Cases, ECF No. 12197.  Apparently recognizing the serious implications of his testimonial failures, the "supplemental" report does nothing to address or even identify late-breaking scientific developments that would justify a supplemental report.  Instead, Dr. Boyd focuses on his deposition testimony.  He takes Monsanto's counsel to task for not asking him about certain studies to put forth opinions he apparently fears are not found in his original report and, as evidenced by his perceived need to supplement, he did not identify at deposition; for instance, he writes that he was not questioned about "human and other mammalian lymphocyte studies--all of which are in the peer-reviewed literature and are directly relevant to lymphoma causation.  In fact, these studies were critical in the IARC decision to classify glyphosate as a probable human carcinogen."[2] *See* Ex. 3, Boyd *Vosper* Suppl. Rep. at 2, *but compare*, Ex. 1, Boyd *Vosper* Rpt. at 23-24 (Cellular and Animal Studies).  Dr. Boyd's supplemental report also seeks to "reply[] to the defense attorney's questioning during deposition.  *See* Ex. 3 Boyd *Vosper* Suppl. Rep. at 2.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(a) requires that written expert reports set forth a "complete statement of all opinions the witness will express and the basis and reasons for them."  Fed. R. Civ. P. 26(a)(2)(B).  But "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]"  Fed. R. Civ. P.

---

[2] During the deposition, plaintiff's counsel was free to examine Dr. Boyd as to any studies pertinent to identifying his opinions in this matter; counsel did not choose to examine Dr. Boyd.

26(e).  As the Ninth Circuit has explained, "'supplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information *that was not available at the time of the initial disclosure*.'"  *Luke v. Family Care & Urgent Med. Clinics*, 323 Fed. App'x. 496, 500 (9th Cir. 2009) (emphasis added) (quoting *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998)).  It is not "a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise [its] disclosures in light of [its] opponent's challenges to the analysis and conclusions therein, can add to them to [its] advantage after the court's deadline for doing so has passed."  *Id.*  "Otherwise, Rule 26(e) 'would essentially allow for unlimited bolstering of expert opinions' which 'would [wreak] havoc in docket control and amount to unlimited expert opinion preparation.'"  *Cross-Fit, Inc. v. Nat'l Strength & Conditioning Ass'n*, No. 14cv1191-JLS(KSC), 2018 WL 3491854, at *8 (S.D. Cal. July 18, 2018) (quoting *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002)).

The duty to supplement under Rule 26(e) "does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' [original] report." *Reinsdorf v. Skechers U.S.A.*, 922 F. Supp. 2d 866, 880 (C.D. Cal. 2013) (quotation marks omitted). Accordingly, "a supplemental expert report that states additional opinions or 'seeks to "strengthen" or "deepen" opinions expressed in the original expert report' is beyond the scope of proper supplementation and subject to exclusion under Rule 37(c)." *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (citation omitted).

Federal Rule of Civil Procedure 37 "gives teeth" to Rule 26's expert disclosure requirements. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  Rule 37(c) states, "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. . . ."  Fed. R. Civ. P. 37(c)(1).

MONSANTO'S MOTION TO STRIKE
PORTIONS OF SUPPL. RPT. OF DR. D. BARRY BOYD UNDER RULE 26(E)

# ARGUMENT

## I. THE COURT SHOULD STRIKE DR. BOYD'S ATTEMPTED SUPPLEMENTAL REPORT

### A. Dr. Boyd's Report Was Untimely and Without Leave of the Court.

Rule 26(e) expressly states a party must supplement its disclosure under Rule 26(a) "in a timely manner[.]" Rule 26(a)(2)(D) also provides that "[a] party must make these disclosures at the times and in the sequence that the court orders." The Court's order granting the Joint Revised Schedule for Wave 3 Cases does not contemplate the filing of supplemental (or rebuttal) expert reports. *See* Schedule for Wave 3 Cases, ECF No. 12197.

Plaintiff, however, did not serve Dr. Boyd's supplemental report until September 21, 2021. That was 46 days after the expert report deadline and the day before Monsanto's *Daubert* briefing was due. Plaintiff did nothing to obtain leave from the Court for a supplemental filing. Because Dr. Boyd's untimely "supplemental" report violates the Court's Scheduling Order and Rule 26(e), as further explained below, it should be stricken. *See Hannah v. United States*, No. 2:17-cv-01248-JAM-EFB, 2019 WL 718119, at *3 (E.D. Cal. Feb. 20, 2019) (striking plaintiff's untimely supplemental expert report); *see also Sherwin-Williams Co. v. JB Collision Servs., Inc.*, No. 13-CV-1946-JAB(WVG), 2015 WL 4742494, at *6 (S.D. Cal. Aug. 11, 2015) (striking defendants' untimely supplemental expert report that was produced in direct violation of the Rules and the Court's Orders).

### B. Dr. Boyd's Allegedly Supplemental Report Does Not Constitute a Proper Supplement Under Rule 26(e).

"In determining whether a supplement under Rule 26(e) is appropriate, the court considers (1) whether the supplemental information corresponds to a prior Rule 26(a) disclosure and, if so, (2) whether the supplemental information was available at the time set for the initial disclosure." *Sherwin-Williams Co.*, 2015 WL 4742494, at *2 (citation omitted). Dr. Boyd's effort at a supplemental report is not a proper supplement under Rule 26(e). Dr. Boyd appears to seek to bolster the opinions in the initial report based on information available to Dr. Boyd before September 21, 2021 and to remediate or recast those portions of his deposition testimony that he apparently deems insufficient. The updated report violates Rule 26(e) and should be stricken.

As shown by the attached redline, *see* Ex. 4 Redlined Boyd *Vosper* Suppl. Rep., Dr. Boyd's supplemental report improperly seeks to alter his prior statement of his opinions and overcome the perceived shortcomings in his deposition testimony rather than addressing newly discovered information that was unavailable earlier:

- Dr. Boyd seeks to "reply[] to the defense attorney's questioning" in support of his opinion that cellular studies support a link between glyphosate and NHL found in the initial report. *Id.* at 2. Replying to defense counsel is not a basis for issuing a supplemental report. Moreover, had plaintiff's counsel determined that defense attorney's questioning required clarification by Dr. Boyd, plaintiff's counsel should have sought that reply from Dr. Boyd by questioning him at the deposition. Plaintiff's counsel did not do so.

- Dr. Boyd seeks to justify his reference to Salmonella studies in support of his opinion that *in vitro* studies inform human carcinogenesis. *Id.* These studies, or any Ames studies, were not disclosed in his initial report nor were they cited in his materials considered, yet he states that mutation rates in Salmonella are "one of the most frequently cited models for cancer causation[.]" This opinion is both entirely new and independent of the original report. Because the new opinion is based entirely on information that was available to Dr. Boyd as of his initial report, it cannot be added under the guise of a Rule 26(e) supplemental report.

- Dr. Boyd criticizes the questions asked by defense counsel during his deposition as "a striking and shocking example of either scientific illiteracy or contempt for the science[.]" *Id.* Criticism of the questions asked by defense counsel is not a basis for issuing a supplemental report under Rule 26(e). Supplementation of an expert report is to provide an opinion regarding information or documents that were not in Dr. Boyd's possession; not to provide editorial commentary on his deposition.

- Dr. Boyd references the "IARC decision to classify glyphosate as a probable human carcinogen" and "peer reviewed literature" in support of his supplemental report, but that material was available years in advance of his deposition – which means it is no basis for supplementation. *Id.*

To the extent Dr. Boyd's purportedly supplemental report identifies any documents or scientific studies at all, all of these documents and studies were all available to Dr. Boyd long before his September 3 deposition. Dr. Boyd's changes are clearly an attempt to respond to the testimony that Monsanto counsel secured and to adjust his opinions. Such after-the-fact changes to an expert report are not permitted under Rule 26(e).[3]

### C.   Dr. Boyd's Improper Updated Report Is Neither Justified Nor Harmless.

Rule 37(c)(1) precludes a party from using expert reports when they are not disclosed in a timely manner, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[T]he burden is on the party facing sanctions to prove harmlessness." *Yeti*, 259 F.3d at 1107; *Plumley*, 836 F. Supp. 2d at 1064.

Dr. Boyd agreed to act as a retained expert in this matter with full knowledge of when his report would be due, when he would be expected to testify, and that he would need to prepare for his deposition. He knowingly made the decision to accept the exposure day calculations in Dr. Sawyer's initial report and use Dr. Sawyer's calculation as the basis for his causation opinion. Further, Dr. Boyd did not review the deposition of Dr. Sawyer in advance of his own testimony to ensure that Dr. Sawyer's exposure day opinions were reliable – which, it turns out, they were not.

By pointing to information that pre-existed his report or his deposition as a basis for supplementation after his deposition, Dr. Boyd has presented no acceptable justification for his supplemental report. Instead, he has demonstrated a lack of diligence. As another court in this Circuit has explained: "The purpose of Rule 26(e)(2) is not to add information after production of the expert reports, and the Rule is not intended to help disguise an untimely supplemental report as a timely pretrial disclosure. The Rule certainly does not justify supplementing a report because of a party's lack of due diligence." *Sherwin-Williams Co.*, 2015 WL 4742494, at *6.

Nor can Plaintiff show that his attempted supplemental report is harmless. Not only was the report served 46 days late and only one day before Monsanto's *Daubert* motions were due, but by including new opinions or new bases for his ultimate opinions and seeking to reply to his own

---

[3] To attempt to bolster his opinion by citing these materials only after his deposition shows the very sort of litigation-driven results that Rule 702 and the related caselaw indicate should be excluded.

testimony at his deposition, apparently out of concern to how his deposition testimony reads, Dr. Boyd upends the expert discovery process to Monsanto's detriment.  *See* Ex. 5, E-mail from Plaintiff's Counsel to Counsel for Monsanto (Sept. 21, 2021, 08:32 EST).  Dr. Boyd essentially "sandbag[ged] [Defendant] with claims and issues which should have been included in the expert witness' [original] report."  *Reinsdorf*, 922 F. Supp. 2d at 880; *see In re High–Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2014 WL 1351040, at *9 (N.D. Cal. Apr. 4, 2014) (striking new theory raised in the reply report of plaintiffs' expert that had not been disclosed in his initial report because the plaintiffs "deprived Defendants of the opportunity to respond.").  Monsanto has adhered to the deadlines in the case by timely submitting its expert reports on August 6, 2021 and filing its *Daubert* briefs by September 22, 2021—one day after Dr. Boyd's "supplemental" report was served.  *See* Schedule for Wave 3 Cases, ECF No. 12197; *see also Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("Disruption to the schedule of the court and other parties in that manner is not harmless.").

## CONCLUSION

Defendant respectfully requests that the Court strike portions of Dr. D. Barry Boyd's "supplemental" report and bar Dr. Boyd from testifying at trial regarding the aforementioned opinions or other matters that were not included in his initial report.

DATED: October 7, 2021            Respectfully submitted,

/s/ *Eric G. Lasker*
Eric G. Lasker, Esq.
(elasker@hollingsworthllp.com)
Hollingsworth LLP
1350 I Street, NW
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639

*Attorneys for Defendant*
*Monsanto Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of October, 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

/s/ Eric G. Lasker