1  **SHOOK, HARDY & BACON L.L.P.**
   Jennise W. Stubbs
2  600 Travis Street, Suite 3400
   Houston, TX 77002-2026
3  Telephone:   (713) 227-8008
   Facsimile:   (713) 227-9508
4  Email:        jstubbs@shb.com

5  *Attorneys for Defendant*
   *MONSANTO COMPANY*

6

7                    **UNITED STATES DISTRICT COURT**

8                    **NORTHERN DISTRICT OF CALIFORNIA**

9  IN RE: ROUNDUP PRODUCTS          | MDL No. 2741
10 LIABILITY LITIGATION             |
                                     | Case No. 3:16-md-02741-VC
11 This document relates to:

12

13 *Argentina Komarmy, individually and on behalf*
   *of Joseph Komarmy v. Monsanto Co.,*
14 Case No. 3:21-cv-07743-VC

15        **DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

16        Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

17 Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

18 all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below. As

19 defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a

20 United States based company incorporated in Delaware, and not to other Monsanto-affiliated

21 companies. Monsanto denies — and objects to — allegations by plaintiff that purports to lump

22 Monsanto together with other defendants. Monsanto responds to this Complaint only on behalf of

23 Monsanto and not on behalf of any other defendant. Silence as to any allegations shall constitute a

24 denial.

25        1.    Monsanto admits that plaintiff purports to bring an action for damages allegedly

26 related to exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto

27 denies the remaining allegations in paragraph 1.

28

                                    - 1 -

2. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

3. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies those allegations.

4. The allegations in paragraph 4 comprise attorney characterizations and are accordingly denied. Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

5. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies those allegations.

6. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies those allegations.

7. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies those allegations.

8. In response to the allegations in paragraph 8, Monsanto admits that its headquarters are in St. Louis County, Missouri, and that it is incorporated in Delaware. In response to the allegations in paragraph 8, Monsanto admits that it discovered the herbicidal properties of glyphosate; that it has manufactured Roundup®-branded herbicides; that certain Roundup®-branded herbicides contain POEA and adjuvants; and that EPA has classified surfactants and adjuvants as inert. Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.

9. The allegations in paragraph 9 set forth conclusions of law for which no response is required.

10. Monsanto admits the allegations in paragraph 10.

11. The allegations in paragraph 11 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07743-VC

12.   The allegations in the first sentence of paragraph 12 set forth conclusions of law for which no response is required.  In response to the allegations in the second sentence of paragraph 12, Monsanto admits that it has sold, marketed, and/or distributed Roundup®-branded herbicides within Florida.  In response to the allegations in the final sentence of paragraph 12, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

13.   Monsanto admits the allegations in paragraph 13.

14.   In response to the allegations in paragraph 14, Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 14 comprise attorney characterizations and are accordingly denied.

15.   Monsanto admits the allegations in the first sentence of paragraph 15.  Monsanto denies the allegations in the second sentence of paragraph 15 because the impact of glyphosate on treated plants varies depending upon the amount of glyphosate applied and the type of plant. Monsanto denies the allegations in the third sentence of paragraph 15 to the extent that it suggests that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

16.   In response to the allegations in paragraph 16, Monsanto admits that certain Roundup®-branded herbicides contain POEA and adjuvants, that EPA has classified surfactants and adjuvants as inert, and that the specific surfactants and adjuvants used in Roundup®-branded herbicides – like those in other manufacturers' herbicide products – are protected by EPA as "trade secrets." Monsanto notes that EPA has determined that the surfactants used in Roundup®-branded herbicides do not pose an unreasonable risk to human health.  Monsanto denies the remaining allegations in paragraph 16.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07743-VC

17.     Monsanto admits the allegations in the first two sentences of paragraph 17 and admits that it has marketed Roundup®-branded products in accord with EPA's regulatory determinations under FIFRA. Monsanto otherwise denies the remaining allegations in paragraph 17.

18.     In response to the allegations in the first sentence of paragraph 18, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto was and is not the only manufacturer of glyphosate-based herbicides. Monsanto admits the remaining allegations in paragraph 18.

19.     Monsanto denies the allegations in paragraph 19.

20.     In response to the allegations in paragraph 20, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings. Monsanto also admits that the EPA repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label. To the extent that paragraph 20 alleges that Monsanto has labeled glyphosate-based or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations. Monsanto denies the allegations in the final sentence of paragraph 20.

21.     The allegations in paragraph 21 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 21.

22.     In response to the allegations in paragraph 22, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide,

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07743-VC

Fungicide, and Rodenticide Act ("FIFRA"). The remaining allegations in paragraph 22 set forth conclusions of law for which no response is required.

23.    The allegations in paragraph 23 set forth conclusions of law for which no response is required.

24.    Monsanto admits the allegations in paragraph 24.

25.    In response to the allegations in paragraph 25, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. Monsanto states that the term "the product tests" in the last sentence of paragraph 25 is vague and ambiguous, and Monsanto therefore denies the same. The remaining allegations in paragraph 25 set forth conclusions of law for which no response is required.

26.    In response to the allegations in paragraph 26, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies. Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans. In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07743-VC

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20.

Monsanto denies the remaining allegations in paragraph 26.

27.     In response to the allegations in paragraph 27, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") studies. To the extent that the allegations in paragraph 27 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

28.     In response to the allegations in paragraph 28, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07743-VC

29.     Monsanto denies the allegations in paragraph 29 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid. As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 29 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied.

30.     In response to the allegations in paragraph 30, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

31.     In response to the allegations in paragraph 31, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products. Monsanto further admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost. To the extent that the allegations in paragraph 31 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

32.     Monsanto denies the allegations in paragraph 32.

33.     In response to the allegations in paragraph 33, Monsanto admits that Roundup®-branded products are highly valued by its customers because of their efficacy and safety. Monsanto also admits that the patent for glyphosate expired in the United States in 2000. The

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07743-VC

remaining allegations in paragraph 33 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

34.     In response to the allegations in paragraph 34, Monsanto admits that, following the development of Roundup® Ready seeds, it began to sell them in the 1990s and that such seeds are now widely used by farmers in the United States and worldwide. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 34 and accordingly denies those allegations. The remaining allegations in paragraph 34 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

35.     In response to the allegations in paragraph 35, Monsanto admits that glyphosate is one of the world's largest herbicides by sales volume, but Monsanto denies any suggestion that it is the only company that sells glyphosate or glyphosate-based herbicides. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 35 and accordingly denies the same. The remaining allegations in paragraph 35 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

36.     In response to the allegations in the first sentence of paragraph 36, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings. Monsanto also admits that the EPA repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label. To the extent that the first sentence of paragraph 36 alleges that Monsanto has labeled glyphosate-based or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations. Monsanto denies the allegations in the second sentence of paragraph 36.

37.     In response to the allegations in paragraph 37, Monsanto denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07743-VC

increase in any of the identified tumors. Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies. Monsanto further states that regulatory agencies around the world have reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer.

38.     Monsanto denies the allegations in paragraph 38.

39.     Monsanto denies the allegations in paragraph 39. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

40.     Monsanto denies the allegations in paragraph 40.

41.     The allegations in paragraph 41 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations — and are accordingly denied.

42.     The allegations in paragraph 42 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations — and are accordingly denied.

43.     Monsanto denies the allegations in paragraph 43.

44.     Monsanto states that the term "toxic" as used in paragraph 44 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in paragraph 44.

45.     Monsanto denies the allegations in paragraph 45.

46.     Monsanto denies the allegations in paragraph 46.

47.     The allegations in paragraph 47 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations — and are accordingly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07743-VC

48.     The allegations  in paragraph 48 take statements out of context; are vague, misleading,  incomplete,  and conclusory; and/or comprise attorney characterizations  — and are accordingly  denied.

49.     The allegations  in paragraph 49 take statements out of context; are vague, misleading,  incomplete,  and conclusory; and/or comprise attorney characterizations  — and are accordingly  denied.

50.     The allegations  in paragraph 50 take statements out of context; are vague, misleading,  incomplete,  and conclusory; and/or comprise attorney characterizations  — and are accordingly  denied.

51.     The allegations  in paragraph 51 take statements out of context; are vague, misleading,  incomplete,  and conclusory; and/or comprise attorney characterizations  — and are accordingly  denied.

52.     The allegations  in paragraph 52 take statements out of context; are vague, misleading,  incomplete,  and conclusory; and/or comprise attorney characterizations  — and are accordingly  denied.

53.     The allegations  in paragraph 53 take statements out of context; are vague, misleading,  incomplete,  and conclusory; and/or comprise attorney characterizations  — and are accordingly  denied.

54.     The allegations  in paragraph 54 take statements out of context; are vague, misleading,  incomplete,  and conclusory; and/or comprise attorney characterizations  — and are accordingly  denied.

55.     Monsanto denies the allegations  in paragraph 55.

56.     Monsanto denies the allegations  in paragraph 56.

57.     Monsanto denies the allegations  in paragraph 57.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07743-VC

58.     The allegations in paragraph 58 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations — and are accordingly denied.

59.     The allegations in paragraph 59 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations — and are accordingly denied.

60.     The allegations in paragraph 60 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations — and are accordingly denied.

61.     The allegations in paragraph 61 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations — and are accordingly denied.

62.     Monsanto denies the allegations in the first sentence of paragraph 62. The remaining allegations in paragraph 62 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations — and are accordingly denied.

63.     The allegations in paragraph 63 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations — and are accordingly denied.

64.     The allegations in paragraph 64 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations — and are accordingly denied.

65.     The allegations in paragraph 65 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations — and are accordingly denied.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07743-VC

66.     The allegations in paragraph 66 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations — and are accordingly denied.

67.     The allegations in paragraph 67 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations — and are accordingly denied.

68.     Monsanto denies the allegations in paragraph 68.

69.     The allegations in paragraph 69 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations — and are accordingly denied.

70.     Monsanto denies the allegations in paragraph 70.

71.     The allegations in paragraph 71 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations — and are accordingly denied.

72.     In response to the allegations in the first and second sentence of paragraph 72, Monsanto admits that the International Agency for Research on Cancer ("IARC") released its assessment of glyphosate (Group 2A) in March 2015. The remaining allegations in paragraph 72 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations — and are accordingly denied.

73.     The allegations in paragraph 73 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations — and are accordingly denied.

74.     In response to the allegations in the first sentence of paragraph 74, Monsanto admits that it convened a panel of independent experts to analyze and evaluate the scientific issues addressed by IARC's glyphosate monograph. Monsanto denies the remaining allegations in paragraph 74.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07743-VC

75.     The allegations in paragraph 75 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations — and are accordingly denied.

76.     The allegations in paragraph 76 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations — and are accordingly denied.

77.     The allegations in paragraph 77 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations — and are accordingly denied.

78.     Monsanto denies the allegations in paragraph 78.

79.     In response to the allegations in paragraph 79, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto. Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer. To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 79 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

80.     In response to the allegations in paragraph 80, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General. The assurance speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 80 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto admits the allegations in the first sentence of paragraph 82. Monsanto denies the allegations in the second sentence of paragraph 82 to the extent they suggest that the

International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate

83.     Monsanto admits the allegations in the first sentence of paragraph 83. Monsanto denies the allegations in the second sentence of paragraph 83.

84.     In response to the allegations in paragraph 84, Monsanto denies that IARC follows stringent procedures for the evaluation of a chemical agent. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers cited in paragraph 84, which are not limited as of any specified date, and accordingly denies the same.

85.     In response to the allegations in paragraph 85, Monsanto admits that IARC issued its monograph for glyphosate on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies the allegation that all members of the working group are "experts." Monsanto denies that the working group's findings reflected a comprehensive review of the latest available scientific evidence. Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available. Monsanto denies the remaining allegations in paragraph 85.

86.     In response to the allegations in paragraph 86, Monsanto admits that IARC issued its monograph for glyphosate on July 29, 2015 and that a draft of the monograph was prepared by a "working group" of individuals selected by IARC who met over a one week period in March 2015 to consider glyphosate along with a number of other substances. Monsanto denies that the working group or anyone at IARC conducted a one-year review of the scientific evidence related to glyphosate or that the working group's findings reflected a comprehensive review of the latest available scientific evidence. Monsanto also denies that the working group considered all information available in the scientific literature and all data from government reports that are publicly available. Monsanto denies the remaining allegations in paragraph 86.

87.     The allegations in paragraph 87 are vague and conclusory. To the extent they purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the source of said information and accordingly denies the allegations.

88.     In response to the allegations in paragraph 88, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document stand for themselves, but to the extent that this paragraph means that more than de minimis amounts of exposure are present, the allegations in paragraph 88 are denied.

89.     In response to the allegations in paragraph 89, Monsanto admits that the IARC working group identified a number of case control studies of populations with exposures to glyphosate, but Monsanto denies that any of these studies provide any evidence of a human health concern from such exposures.

90.     Monsanto denies the allegations in paragraph 90. The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

91.     In response to the allegations in paragraph 91, Monsanto admits that the working group cited to a study that it concluded provided evidence of chromosomal damage in community residents reported to be exposed to glyphosate, but Monsanto denies that the study supports such a conclusion or that the authors of the study reached such a conclusion.

92.     In response to the allegations in paragraph 92, Monsanto admits that the IARC working group purported to make these findings, but denies that the animal carcinogenicity studies of glyphosate in the aggregate provide evidence of a positive trend for or increase in any of the identified tumors. Monsanto further states that regulatory agencies around the world have

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07743-VC

reviewed the same animal studies and concluded that they do not provide evidence that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 92.

93.    In response to the allegations in paragraph 93, Monsanto admits that the IARC working group purported to make these findings but denies that the cited studies provide any reliable basis for a finding that any meaningful levels of glyphosate or AMPA is present or persists in human blood or urine. Monsanto denies the remaining allegations in paragraph 93.

94.    In response to the allegations in paragraph 94, Monsanto admits that the IARC working group interpreted a selected number of experimental studies as evidence that glyphosate can cause genotoxicity, but Monsanto denies that the working group reliably considered the full body of scientific data on such alleged genotoxic endpoints and denies that the working group reliably interpreted the studies that it selected for consideration. Regulators around the world repeatedly have concluded that glyphosate is not genotoxic. Monsanto denies the remaining allegations in paragraph 94.

95.    In response to the allegations in paragraph 95, Monsanto admits that the IARC working group purported to find such effects, but denies that there is any reliable scientific basis for such conclusion. Monsanto denies the remaining allegations in paragraph 95.

96.    In response to the allegations in paragraph 96, Monsanto admits that the working group reviewed the findings of an Agricultural Health Study ("AHS") published in 2005, but denies that the working group characterized that study as supporting an association between glyphosate and the specified cancers. The AHS cohort study did not find a positive association between glyphosate and any type of cancer. Monsanto denies all other allegations in paragraph 96.

97.    Monsanto denies the allegations in paragraph 97.

98.    In response to the allegations in paragraph 98, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings. Monsanto also admits that the United States

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07743-VC

Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label. To the extent that paragraph 98 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

99.    In response to the allegations in paragraph 99, Monsanto states that the cited report speaks for itself and does not require a response.

100.    The allegations in paragraph 100 are directed to a defendant other than Monsanto. To the extent a response is required, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 100 and therefore denies those allegations.

101.    In response to the allegations in paragraph 101, Monsanto states that the cited report speaks for itself and does not require a response. The remaining allegations in paragraph 101 are vague, incomplete, and conclusory and/or comprise attorney characterizations — and are accordingly denied.

102.    In response to the allegations in paragraph 102, Monsanto states that the cited report speaks for itself and does not require a response. The remaining allegations in paragraph 102 are vague, incomplete, and conclusory and/or comprise attorney characterizations — and are accordingly denied.

103.    In response to the allegations in paragraph 103, Monsanto states that the cited report speaks for itself and does not require a response. The remaining allegations in paragraph 103 are vague, incomplete, and conclusory and/or comprise attorney characterizations — and are accordingly denied.

104.    In response to the allegations in the first sentence of paragraph 104, Monsanto admits that EPA held a FIFRA Scientific Advisory Panel ("SAP") from December 13-16, 2016. In response to the allegations in the third sentence of paragraph 104, Monsanto states that the cited

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07743-VC

report speaks for itself and does not require a response.  The remaining allegations in paragraph 104 are vague, incomplete, and conclusory and/or comprise attorney characterizations – and are accordingly denied.

105.   In response to the allegations in paragraph 105, Monsanto denies that the OPP Report is a "draft assessment." The allegations in paragraph 105 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

106.   In response to the allegations in paragraph 106, Monsanto states that the cited publication speaks for itself and does not require a response. To the extent that the allegations in paragraph 106 characterize the publication, Monsanto denies those allegations.

107.   In response to the allegations in paragraph 107, Monsanto states that the cited publication speaks for itself and does not require a response. To the extent that the allegations in paragraph 107 characterize the publication, Monsanto denies those allegations.

108.   Monsanto denies the allegations in paragraph 108.

109.   Monsanto denies the allegations in paragraph 109.

110.   In response to the allegations in paragraph 110, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosatebased herbicides, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.  Monsanto denies the remaining allegations in paragraph 110.

111.   Monsanto denies the allegations in paragraph 111. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

112.   In response to the allegations in the second sentence of paragraph 112, Monsanto admits that glyphosate repeatedly has been found safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.  Monsanto

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07743-VC

also admits that EPA repeatedly has concluded, pursuant to FIFRA, that glyphosate based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label. To the extent that the second sentence of paragraph 112 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations. Monsanto denies the remaining allegations in paragraph 112.

113.   Monsanto denies the allegations in paragraph 113.

114.   Monsanto denies the allegations in paragraph 114.

115.   In response to the allegations in paragraph 115, Monsanto admits that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world and further admits that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings. Monsanto also admits that the United States Environmental Protection Agency ("EPA") repeatedly has concluded pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") that glyphosate-based herbicides create no unreasonable risk to human health or to the environment when used in accordance with the label. To the extent that paragraph 115 alleges that Monsanto has labeled glyphosate or Roundup®-branded herbicides in any manner different or in addition to such regulatory approval, Monsanto denies such allegations.

116.   Monsanto denies the allegations in paragraph 116.

117.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 117 and therefore denies those allegations.

118.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 118 and therefore denies those allegations.

119.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 119 and therefore denies those allegations.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07743-VC

120.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 120 and therefore denies those allegations.

121.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 121 and therefore denies those allegations.

122.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 122 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 122.

123.   Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 123. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 123 and therefore denies those allegations.

124.   Monsanto denies the allegations in paragraph 124.

125.   Monsanto incorporates by reference its responses to paragraphs 1 through 124 in response to paragraph 125 of plaintiff's Complaint.

126.   In response to the allegations in paragraph 126, Monsanto admits that plaintiff purports to bring a claim for strict liability design defect, but denies any liability as to that claim.

127.   In response to the allegations in paragraph 127, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that decedent used Roundup®-branded products and therefore denies that allegation. Monsanto denies the remaining allegations in paragraph 127.

128.   Monsanto denies the allegations in paragraph 128.

129.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 129 and therefore denies those allegations.

130.   Monsanto denies the allegations in paragraph 130.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  &  3:21-cv-07743-VC

131.    Monsanto denies the allegations in paragraph 131.

132.    Monsanto denies the allegations in paragraph 132 and each of its subparts.

133.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 133 concerning decedent's claimed use of Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 133, including that Roundup®-branded products have "dangerous characteristics."

134.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 134 concerning decedent's claimed use of Roundup®- branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 134, including that Roundup®-branded products have "dangerous characteristics."

135.    Monsanto denies the allegations in paragraph 135.

136.    Monsanto denies the allegations in paragraph 136.

137.    Monsanto denies the allegations in paragraph 137.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto denies the allegations in paragraph 139.

140.    Monsanto denies the allegations in paragraph 140.

141.    Monsanto denies the allegations in paragraph 141.

142.    Monsanto denies the allegations in paragraph 142.

143.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 143 and therefore denies those allegations.

144.    The allegations in paragraph 144 set forth conclusions of law for which no response is required.

In response to the "WHEREFORE" paragraph following paragraph 144, Monsanto demands that judgment be entered in its favor and against Plaintiff; that Plaintiff's Petition be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07743-VC

fees as allowed by law and such further and additional relief as this Court may deem just and proper.

145.   Monsanto incorporates by reference its responses to paragraphs 1 through 144 in response to paragraph 145 of plaintiff's Complaint.

146.   In response to the allegations in paragraph 146, Monsanto admits that plaintiff purports to bring a claim for failure to warn, but denies any liability as to that claim.

147.   Monsanto denies the allegations in paragraph 147.

148.   Monsanto denies the allegations in paragraph 148.

149.   The allegations in paragraph 149 set forth conclusions of law for which no response is required.

150.   Monsanto denies the allegations in paragraph 150. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

151.   Monsanto denies the allegations in paragraph 151.

152.   Monsanto denies the allegations in paragraph 152.

153.   Monsanto denies the allegations in paragraph 153.

154.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 154 and therefore denies those allegations.

155.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 155 concerning decedent's alleged use of Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 155, including that Roundup®-branded products have "dangerous characteristics."

156.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 156 concerning decedent's alleged use of Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 156, including that Roundup®-branded products have "dangerous characteristics."

1  157. Monsanto denies the allegations in paragraph 157.

2  158. Monsanto denies the allegations in paragraph 158.

3  159. Monsanto denies the allegations in paragraph 159.

4  160. Monsanto denies the allegations in paragraph 160.

5  161. Monsanto lacks information or knowledge sufficient to form a belief as to the truth

6 of the allegations in paragraph 161 concerning decedent's alleged use and exposure to Roundup®-

7 branded products and therefore denies those allegations. Monsanto denies the remaining

8 allegations in paragraph 161.

9  162. Monsanto denies the allegations in paragraph 162.

10  163. Monsanto denies the allegations in paragraph 163.

11  164. Monsanto denies the allegations in paragraph 164.

12  165. Monsanto denies the allegations in paragraph 165.

13  166. Monsanto denies the allegations in paragraph 166.

14  167. Monsanto denies the allegations in paragraph 167.

15  168. Monsanto denies the allegations in paragraph 168.

16  169. Monsanto lacks information or knowledge sufficient to form a belief as to the truth

17 of the allegations in paragraph 169 and therefore denies those allegations.

18  170. The allegations in paragraph 170 set forth conclusions of law for which no response

19 is required.

20  In response to the "WHEREFORE" paragraph following paragraph 170, Monsanto

21 demands that judgment be entered in its favor and against Plaintiff; that Plaintiff's Petition be

22 dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

23 fees as allowed by law and such further and additional relief as this Court may deem just and

24 proper.

25  171. Monsanto incorporates by reference its responses to paragraphs 1 through 170 in

26 response to paragraph 171 of plaintiff's Complaint.

27

28

172.   In response to the allegations in paragraph 172, Monsanto admits that plaintiff purports to bring a claim for negligence, but denies any liability as to that claim.

173.   The allegations in paragraph 173 set forth conclusions of law for which no response is required.

174.   The allegations in paragraph 174 set forth conclusions of law for which no response is required.

175.   Monsanto denies the allegations in paragraph 175 and each of its subparts.

176.   Monsanto denies the allegations in paragraph 176.

177.   Monsanto denies the allegations in paragraph 177.

178.   Monsanto denies the allegations in paragraph 178.

179.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 179 and therefore denies those allegations.

180.   The allegations in paragraph 180 set forth conclusions of law for which no response is required.

In response to the "WHEREFORE" paragraph following paragraph 180, Monsanto demands that judgment be entered in its favor and against Plaintiff; that Plaintiff's Petition be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

181.   Monsanto incorporates by reference its responses to paragraphs 1 through 180 in response to paragraph 181 of plaintiff's Complaint.

182.   Monsanto denies the allegations in paragraph 182.

183.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 183 and therefore denies those allegations.

184.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 184 regarding decedent's claimed use of or exposure to

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07743-VC

Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 184 set forth conclusions of law for which no response is required.

185.   In response to the allegations in paragraph 185, Monsanto admits that it has sold glyphosate-based herbicides in accordance with their EPA-approved labeling. Monsanto further states that paragraph 185 sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 185.

186.   Monsanto denies the allegations in paragraph 186.

187.   The allegations in paragraph 187 set forth conclusions of law for which no response is required.

188.   Monsanto denies the allegations in paragraph 188.

189.   The allegations in paragraph 189 set forth conclusions of law for which no response is required.

190.   Monsanto denies the allegations in paragraph 190.

191.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 191 and therefore denies those allegations.

192.   The allegations in paragraph 192 set forth conclusions of law for which no response is required.

In response to the "WHEREFORE" paragraph following paragraph 192, Monsanto demands that judgment be entered in its favor and against Plaintiff; that Plaintiff's Petition be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

193.   Monsanto incorporates by reference its responses to paragraphs 1 through 192 in response to paragraph 193 of plaintiff's Complaint.

194.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 194 concerning decedent's claimed use of Roundup®-branded

products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 194.

195. The allegations in paragraph 195 set forth conclusions of law for which no response is required.

196. Monsanto denies the allegations in paragraph 196 and each of its subparts.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2. Plaintiff's claims are barred in whole because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's and/or decedent's alleged injuries.

4. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.     Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.     Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.    Plaintiff's claims are barred, in whole or in part, because decedent's injuries, if any, were the result of conduct of decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

11.    The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims in whole or in part.

12.    Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.    Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff and/or decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's and/or decedent's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and/or decedent and owed no duty to plaintiff and/or decedent by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff and/or decedent.  If any such warranties were made, which Monsanto specifically denies, then plaintiff and/or decedent failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive, exemplary, and/or aggravated damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Florida Constitution and/or other applicable state constitutions – and would be improper under the common law and public policies of the United States, the laws of Florida and/or other states.

19.     Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Florida law and/or other applicable state laws.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07743-VC

20.     Plaintiff's claims for punitive, exemplary, aggravated, treble, and/or double damages are barred and/or limited by operation of state and/or federal law.

21.     Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiff and/or decedent and/or the safety of the public.   Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability.   In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiff has failed to clearly establish any entitlement to punitive damages based on plaintiff's allegations.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's and/or decedent's contributory/comparative negligence.

23.     Plaintiff's claims are barred in whole or in part by plaintiff's and/or decedent's failure to mitigate damages.

24.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

25.     To the extent that plaintiff and/or decedent recovered payments for plaintiff's and/or decedent's alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

26.     If plaintiff and/or decedent have been injured or damaged, no injuries or damages being admitted, such injuries or damages were not caused by a Monsanto product.

27.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.     Some or all of plaintiff's claims should be dismissed based on the *forum non conveniens* doctrine.

29.     Monsanto did not intentionally harm plaintiff and/or decedent nor did Monsanto act with a deliberate and flagrant disregard for the safety of others. In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiff has failed to establish by a preponderance of the evidence any entitlement to punitive and/or exemplary, aggravated, or double damages based on their allegations.

30.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

31.     Plaintiff's claims for punitive, exemplary, and/or aggravated damages are barred and/or limited by operation of state and/or federal law, including Fla. Stat. § 768.73.

32.     Plaintiff's claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

33.     To the extent that plaintiff or plaintiff's decedent recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Fla. Stat. § 768.76.

34.     In accordance with Fla. Stat. § 768.1257, plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

35.     Plaintiff's injuries, if any, were caused, in whole or in part, by the acts or omissions of persons other than Monsanto, whether individual, corporate, associate, or otherwise, whether named or unnamed in the Complaint, and for whose conduct Monsanto is not liable. Monsanto is not liable for damages proximately caused by non-parties, pursuant to *Fabre v. Marin,* 623 So.2d

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1182 (Fla. 1993), including any other product used by plaintiff that was not manufactured, sold, or distributed by Monsanto.

36.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE,** Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07743-VC

DATED:  October 8, 2021.                    Respectfully  submitted,

                                            SHOOK, HARDY & BACON L.L.P.

                                            BY: */s/ Jennise W. Stubbs*
                                                 Jennise  W. Stubbs
                                                 600 Travis Street, Suite 3400
                                                 Houston, TX 77002-2926
                                                 Telephone:    (713) 227-8008
                                                 Facsimile:    (713) 227-9508
                                                 Email:        jstubbs@shb.com
                                            *Attorneys for Defendant*
                                            *MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07743-VC

## CERTIFICATE OF SERVICE

I certify that on the 8th day of October, 2021, I electronically transmitted the foregoing MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.


_/s/Jennise W. Stubbs_____
Jennise W. Stubbs

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:21-cv-07743-VC