UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: | **PRETRIAL ORDER NO. 254: GRANTING MOTION TO REMAND** |
| *Coffman v. Monsanto Company et al.*, Case No. 21-cv-2505 | Re: Dkt. No. 12948 |

Coffman filed this lawsuit in state court against Monsanto Company, The Valley Fertilizer and Chemical Company (Valley), and Costco Wholesale Corporation. On the face of the complaint, there is not complete diversity between the parties: Coffman and Valley are both Virginia citizens. Monsanto argues that removal was nevertheless proper because Valley was fraudulently joined. Because the Court finds that Valley was not fraudulently joined, Coffman's motion to remand is granted.[1]

"There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).[2] To establish fraudulent joinder under the second theory, a defendant must show that an

---

[1] Because Valley was properly joined, the Court need not consider whether Monsanto's removal was timely—remand would be appropriate either way.
[2] The precedent of the Ninth Circuit, rather than the transferor circuit's precedent, governs this motion. *See In re Roundup Products Liability Litigation*, 2019 WL 6122004, at *1 (N.D. Cal. Nov. 19, 2019).

"individual[] joined in the action cannot be liable on any theory." *Id.* (quoting *Richey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). This is a "heavy burden"—"if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (quoting *Hunter*, 582 F.3d at 1046). A finding of fraudulent joinder is inappropriate "where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Id.*

Monsanto argues that Valley was fraudulently joined because Coffman cannot establish a cause of action against Valley. At issue is the negligent-failure-to-warn claim. Under Virginia law, a supplier can only be liable for failing to warn if it knew or had "reason to know" that the product it sold was likely to be dangerous for its intended use. *Owens-Corning Fiberglas Corp. v. Watson*, 243 Va. 128, 134 (1992). A party has "reason to know" a fact if "the actor has information which a person of reasonable intelligence or of the superior intelligence of the actor would infer that the fact in question exists." *Id.* at 135 (quoting Restatement (Second) of Torts § 12).

Monsanto argues that Coffman cannot possibly meet this requirement given Valley's interrogatory responses, which state that "the first time that Valley Fertilizer became aware that anyone had even alleged the possibility that the risk of cancer may be increased by exposure to glyphosate, Roundup-branded herbicides, or any other glyphosate-based herbicides was . . . in the late summer/fall of 2018," when Valley's President learned of jury verdicts against Monsanto. Even accepting this statement as true does not eliminate all possibility of liability, or even suggest that liability is implausible: Valley could have had information "from which a person of reasonable intelligence . . . would infer that" Roundup was dangerous for its intended use, even if Valley itself did not make this inference. *Owens-Corning Fiberglas Corp.*, 243 Va. at 135 (quoting Restatement (Second) of Torts § 12). And to the extent that the operative complaint does not sufficiently allege such knowledge, it could "be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550.

Monsanto makes much of the fact that the Virginia "reason to know" standard is a higher bar than a "should have known" standard. But parsing the fine distinctions between these standards is precisely the type of "searching inquiry into the merits" that would be inappropriate to embark on at this preliminary stage of the litigation. *Id.* at 549. Regardless, it is possible that Coffman could state a claim even under the heightened standard (and may, in fact, have already done so). Finally, it is of no consequence that Valley's interrogatory responses state that "Valley Fertilizer did not know, and had no reason to know, of any alleged causal connection between cancer and [Roundup]." "[A] denial, even a sworn denial, of allegations does not prove their falsity." *Grancare*, 889 F.3d at 551. This is particularly true where the denial encompasses a statement of law.

For these reasons, Valley was properly joined. Because there is not complete diversity between the parties, this Court does not have diversity jurisdiction and the case must be remanded to the Circuit Court for the City of Richmond.

**IT IS SO ORDERED.**

Dated: October 19, 2021

VINCE CHHABRIA
United States District Judge