**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 2392339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100
Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, <br><br> *Garza et al. v. Monsanto Co.,* 3:20-cv-06988 | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC <br><br> **MONSANTO COMPANY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BASED ON TEXAS PRESUMPTION OF NO LIABILITY** |

Defendant Monsanto Company hereby submits the following Reply in Support of its Motion for Summary Judgment Based on the Texas Presumption of No Liability ("Motion").

i

## I.  Introduction

Plaintiffs' Opposition offers nothing to refute the applicability of the presumption of no liability afforded to product manufacturers under Tex. Civ. Prac. & Rem. Code § 82.008(a). Plaintiffs also failed to offer <u>any evidence</u> establishing rebuttal of the presumption under § 82.008(b)(1) or (2), and their suggestion that certain alleged voluntary misrepresentations by Monsanto fall outside the scope of § 82.008 is without merit, and unsupported by any evidence. Accordingly, the presumption applies and is unrebutted, requiring summary judgment. *See e.g., Shaw v. Trinity Highway Prods, LLC,* 329 S.W.3d 914, 918 (Tex. App. 2010).

## II.  Monsanto is Entitled to the Presumption of No Liability Under § 82.008(a)

Plaintiffs do not dispute the force and effect of the presumption of no liability provided by Tex. Civ. Prac. & Rem. Code § 82.008(a). Neither do Plaintiffs dispute EPA's extensive regulation of Roundup, that Roundup's compliance with EPA's regulatory framework is mandatory, or that Roundup has, at all relevant times, been registered by EPA and otherwise compliant with EPA's regulatory requirements. As Plaintiffs acknowledge (Opp. p. 6), Monsanto set out this regulatory framework in detail in its Motion (*see* Mot. at pp. 4-6). Nonetheless, Plaintiffs take the surprising position – not that the presumption is clearly rebutted – but that it does not apply in the first instance, essentially arguing that EPA regulations do not apply to Roundup's "formula, labeling, or design" with respect to human cancer risk. § 82.008(a). Plaintiffs' view of the § 82.008(a) presumption is illogical and easily rejected.

Plaintiffs argue Monsanto failed to identify a "specific standard or regulation that sets forth any specific formula, label or design that Roundup is required to comply with." (Opp. p. 6). They cite authority applying § 82.008(a) in cases involving Federal Motor Vehicle Safety Standards ("FMVSS"), evidently arguing that because EPA has not published a singular standard specifically dictating the design, formulation, and labeling for a glyphosate-based herbicide, its mandatory regulatory approval of Roundup falls outside of § 82.008(a). That characterization is myopic. For starters, EPA's regulatory framework governing Roundup is wholly different in kind than FMVSS minimum performance requirements for automobile airbags or brakes, and Plaintiffs' citation to

1

MONSANTO'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BASED ON TEXAS
PRESUMPTION OF NO LIABILITY

such authorities misses the mark. A minimum performance standard applicable to vehicles generally is inapposite to the mandatory EPA regulatory framework applicable here, which involved specific approval of Roundup, including findings that it does not pose a cancer risk.

Thus it is not true, as Plaintiffs argue, that in order to invoke the § 82.008(a) presumption, there must be a federal safety standard that sets forth "a specific formula, label, or design" with which Roundup must comply. (Opp. p. 6). Indeed, Plaintiffs' continual focus on "actual standards" (*e.g.*, *id.*) ignores the text of § 82.008(a) and its legislative purpose. *See e.g.*, *Kia Mot. Corp. v. Ruiz,* 432 S.W.3d 865, 869 (Tex. 2014) (impetus for passage of § 82.008 was finding that product manufacturers were being held liable in product lability cases even though the products complied with applicable regulations or standards). Rather, the presumption applies where, as here, "the product's formula, labeling, or design complied with mandatory . . . regulations adopted and promulgated by the federal government," so long as they were applicable at the time of manufacture and governed the relevant product risk. § 82.008(a).

Contrary to Plaintiffs' assertions, Monsanto specifically identified the mandatory federal regulations that are applicable to Roundup, promulgated under FIFRA, which require specific EPA approval of Roundup's complete formula, labeling, and instructions, and determinations that Roundup would not pose "unreasonable risk to man or the environment." (Mot. at pp. 4-6). Moreover, that specific regulatory approval framework "governed the product risk," § 82.008(a), because it encompassed a determination of carcinogenicity, and EPA, operating under its specific regulatory authority, has repeatedly determined that Roundup does not pose a cancer risk. (Mot. pp. 4-6). And Roundup has unequivocally complied with EPA's regulations as evidenced by its registration and repeated re-registration, constituting specific approval of the formulation and labeling. (*Id.*).

Plaintiffs' argument that EPA's mandatory regulatory approval of Roundup, which considered a cancer risk, is somehow not sufficient to invoke § 82.008(a) is tortured, to put it mildly. Their suggestion that the presumption could adhere in the case of a solitary FMVSS minimum performance standard but <u>not</u> under significantly more comprehensive, exclusive, and specific

2

MONSANTO'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BASED ON TEXAS PRESUMPTION OF NO LIABILITY

1 regulation by EPA in an extensively-regulated industry cannot be squared with any fair reading of § 82.008(a). Monsanto has clearly established that Roundup has, at all times, complied with mandatory EPA regulations, and that those regulations specifically governed the risk at issue here. That is all that is required to apply the § 82.008(a) presumption.

### III. Plaintiffs Fail to Rebut the Presumption Under § 82.008(b)(1) or (2)

The § 82.008(a) presumption can be rebutted in only two ways – by establishing: (1) that the applicable regulations are inadequate to protect the public from unreasonable risk of injury, or (2) establishing fraud on the regulator. § 82.008(b). At the summary judgment stage, Plaintiffs were required to come forward with evidence to defeat the § 82.008(a) presumption, not legal argument and Complaint allegations, and they offered none. Far short of offering evidence in their Opposition, Plaintiffs do not even sufficiently invoke, much less *establish*, either basis for rebuttal, as required under the statute. *See Wright v. Ford Mot. Co.*, 508 F.3d 263, 270 (5th Cir. 2007) (in context of § 82.008(b) rebuttal, "[e]stablish connotes something more than simply introducing *some* evidence from which a factfinder might—*or might not—*find that which is to be 'established.'").

As to the first rebuttal provision under § 82.008(b)(1), Plaintiffs selectively quote 7 U.S.C. § 136a, emphasizing statutory language that a registration decision must consider whether the pesticide will operate without "unreasonable effects on the environment." (Opp. pp. 7-8). This, Plaintiffs assert, establishes that EPA's regulatory framework is not a safety regulation, rendering EPA's regulatory framework inadequate to protect the public from harm. *Id.* That is not true, as evidenced by a cursory review of FIFRA's definitions, which state that "Environment" includes "water, air, land, and all plants and man and other animals living therein, and the interrelationships which exist among these," 7 U.S.C. § 136(j), and that "Unreasonable adverse effects on the environment" means "any unreasonable risk to man or the environment, taking into account the economic, social, and environmental costs and benefits of the use of any pesticide." 7 U.S.C. § 136(bb). Moreover, as part of the registration and re-registration process, EPA requires registrants to submit information regarding allegations of a pesticide's unreasonable adverse effects on the environment, 40 C.F.R. § 159.152, and details the several categories of such information that it will

3

1  consider, including toxicological studies (40 C.F.R. § 159.165), human epidemiological and exposure studies (40 C.F.R. § 159.170) and toxic or adverse effect incident reports (40 C.F.R. § 159.184). EPA's specific registration framework clearly considers human health risks.

Plaintiffs ignore the EPA authority and regulatory action under FIFRA as it pertains to Roundup, which required EPA to consider risk to human health in its approval of pesticides and, in fact, that EPA extensively considered Roundup's risk of harm including its carcinogenicity. This is detailed for the Court in Monsanto's Motion at pp. 4-6. Plaintiffs offer <u>no evidence</u> or analysis of the supposed inadequacy of EPA's regulations, apart from a circular discussion about the supposed misleading nature of Roundup's labeling due to lack of a cancer warning or reference to IARC. (Opp. p. 8). This argument does not address the adequacy of EPA's regulation. Plaintiffs cannot overcome the § 82.008(a) presumption by bootstrapping a rebuttal argument based on no more than allegation of product defect – *i.e.*, that EPA's regulations disallowing a cancer warning are inadequate because Roundup's label does not have a cancer warning. Plaintiffs offer nothing indicating that EPA's regulations are inadequate, and therefore have not established rebuttal under § 82.008(b)(1).

Plaintiffs offer even less, if anything, as to the second rebuttal provision under § 82.008(b)(2), which requires a showing of fraud on the EPA. Plaintiffs argue, with little context, that FIFRA allows state law tort actions because FIFRA contains misbranding provisions, contemplating that properly registered pesticides may nonetheless be unlawfully misbranded. (Opp. p. 9). Presumably this is in response to Monsanto's argument that fraud on the EPA claims are preempted by federal law, but Plaintiffs do not say. Regardless, rebuttal under § 82.008(b)(2) is only established if "the manufacturer, before or after marketing the product, withheld or misrepresented information or material relevant to the federal government's or agency's determination of adequacy of the safety standards or regulations at issue in the action." Although § 82.008(b)(2), in this context, is clearly a fraud on the EPA provision and thus preempted under *Buckman* and *Garcia* as applied by the 5th Circuit Court of Appeals, *see Lofton v. McNeil Consumer & Spec. Pharms*, 672 F.3d 372 (5th Cir. 2012), the Court need not address preemption. Plaintiffs

4

MONSANTO'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BASED ON TEXAS PRESUMPTION OF NO LIABILITY

1 were required to point to evidence that Monsanto committed fraud on the EPA, and they offered
2 none.  Their citation of FIFRA's misbranding provisions certainly does not support or establish
3 fraud on the EPA by Monsanto, and this Court has already made a finding that Monsanto did not
4 mislead the EPA.  (Mot. p. 9).  Accordingly, Plaintiffs have offered nothing to invoke rebuttal under
5 § 82.008(b)(2).

6 **IV.   Plaintiffs' Alleged Voluntary Representations Are Irrelevant**

7 Having failed to meaningfully counter Monsanto's entitlement to the § 82.008(a)
8 presumption or to rebut it under § 82.008(b)(1) or (2), Plaintiffs make a last-ditch attempt to
9 circumvent the statute altogether by citing alleged voluntary misrepresentations by Monsanto about
10 Roundup's safety which they argue Monsanto was not required to make and, thus, were "outside of
11 the regulatory framework of FIFRA" and by extension the § 82.008(a) presumption.  (Opp. pp. 9-
12 10).  Plaintiffs are wrong for several reasons.  First, the alleged misrepresentations are quoted
13 verbatim from Plaintiffs' Complaint.  (White Decl., ¶ 1, Ex. 1, ¶ 41(a)-(j)).  The issue before the
14 Court, however, is Monsanto's Motion for Summary Judgment, and Plaintiffs cannot defeat
15 summary judgment merely by resting on allegations in their complaint.  *See Edwards v. Leaders in*
16 *Comm. Alternatives, Inc.*, 850 Fed.Appx. 503, 506 (9th Cir. 2021) (party opposing summary
17 judgment "may not rest upon mere allegations or denials" in a pleading).  Second, Plaintiffs fail to
18 explain any connection between the misrepresentation allegations and any of their claims, nor do
19 they offer any evidence that could support such a connection.  They do not offer evidence or allege
20 that they saw Roundup advertisements which made such claims, or that they relied on such
21 representations in purchasing and using Roundup.  Accordingly, Monsanto's supposed voluntary
22 misrepresentations as set out in Plaintiffs' Opposition are unadorned allegations with no factual
23 enhancement, and cannot operate to defeat summary judgment as a matter of law.  Third, it is clear
24 that all of Plaintiffs' claims, regardless of theory, center only on allegations that Roundup was
25 defective due to lack of a cancer warning, not on alleged misrepresentations.  Thus the § 82.008

26
27
28

MONSANTO'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BASED ON TEXAS
PRESUMPTION OF NO LIABILITY

presumption applies to all of Plaintiffs' claims because they relate to "some aspect of the formulation, labeling, or design" of Roundup. § 82.008(a).[1]

## V. Conclusion

For the foregoing reasons, Monsanto is entitled to summary judgment on Plaintiffs' claims.

Dated:  October 20, 2021               Respectfully submitted,

*/s/ Jed P. White*

Attorney for Defendant Monsanto Company

---

[1] Plaintiffs' Opposition, on pages 2-4, argues that their claims concern more than a failure to warn, citing allegations to the complaint regarding Roundup's formulation and use of the surfactant polyethoxylated tallow amine ("POEA"), as well as Monsanto's supposed failure to test Roundup and failure to petition the EPA to strengthen warnings.  Yet Plaintiffs' very discussion of these supposed theories makes explicit that they are based on Complaint allegations, and nothing more. That is insufficient as a matter of law to overcome summary judgment.  Plaintiffs' failure to offer <u>any</u> evidence on these points entitles Monsanto to summary judgment.