**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel:  202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel:  202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel:  415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 2392339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310 -576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| *Thomas, et al. v. Monsanto, Co.*, No. 2:20-cv-08051-VC | **MONSANTO COMPANY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs respond ("Opp.") to Monsanto Company's ("Monsanto's") motion for summary judgment ("MSJ") by largely rehashing the baseless allegations in their complaint, and repeatedly emphasizing that Monsanto never warned consumers that its Roundup-branded products cause non-Hodgkin's Lymphoma ("NHL"). These arguments entirely miss the point. Monsanto has never included Plaintiffs' preferred warning because there is no valid scientific evidence linking Roundup to NHL. And the U.S. Environmental Protection Agency ("EPA") has accordingly prohibited Monsanto from including on Roundup's label that its use can cause NHL. More to the point, Monsanto's MSJ is based not on the purported adequacy of its warnings, but on the fact that Troy Thomas admitted during his deposition that he never looked at the warning label on any of the Roundup-branded products he used. The purported inadequacy of the labels therefore was not the proximate cause of Mr. Thomas' injuries, dooming each of Plaintiffs' claims. To make up for this deficiency, Plaintiffs include with their opposition a carefully-worded affidavit from Mr. Thomas that attempts to link Plaintiffs' claims to unidentified Roundup advertisements and promotional materials Mr. Thomas saw. But that affidavit is not legally sufficient to create a genuine dispute of material fact, and thus does not save Plaintiffs' claims.

## ARGUMENT

### I. EACH OF PLAINTIFFS' CLAIMS DEPEND UPON THE ALLEGED FAILURE TO WARN

Plaintiffs state that Monsanto's motion is in fact a "Partial Summary Judgment Motion" because it addresses only Plaintiffs' strict liability failure to warn claim. Opp. at 1-2 n.1. This is not the case. Monsanto's brief in support of its motion for summary judgment attacks each of Plaintiffs' claims, because each claim depends upon the assertion that Monsanto knew or should have known that its Roundup-branded products cause cancer, and did not warn consumers. *See* MSJ at 2 (citing complaint paragraphs). For their design defect claim, Plaintiffs do not allege any specific defect within the product that renders it unreasonably dangerous other than the alleged inadequacy of its warnings. *See* Compl. ¶ 101. And Plaintiffs' breach of warranty claims are similarly based on the bare assertion that the product did not sufficiently warn of the alleged harm. *Id.* ¶¶ 160, 169.

1

MONSANTO'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
*THOMAS, ET AL. V. MONSANTO, CO.*, NO. 2:20-CV-08051-VC

Finally, the negligence claim is largely duplicative of the strict liability claim, but with the added burden of showing that Monsanto acted negligently. *Id.* ¶¶ 135-51.

Because each claim hinges on the alleged inadequacy of Monsanto's warnings, each claim fails if Mr. Thomas cannot show that a different warning would have made a difference in preventing his development of NHL. As discussed below, because Mr. Thomas admitted he never looked at the labels of the Roundup-branded products he used (*see* MSJ at 6), he cannot provide that evidence to create a disputed material fact for trial.

## II. PLAINTIFFS HAVE NO EVIDENCE TO ESTABLISH THAT ANY INADEQUATE WARNING ON THE PRODUCT CAUSED MR. THOMAS' INJURIES

Under Nevada law,[1] the plaintiff in a failure-to-warn claim bears the burden of production for each of the elements of his claim. *See Rivera v. Philip Morris, Inc.*, 209 P.3d 271, 273 (Nev. 2009). To prove that the allegedly inadequate warning caused the plaintiff's injury, the plaintiff must prove that the presence of an adequate warning would have actually prevented his damage. The plaintiff can do so by showing that the hypothetical adequate warning "would have altered the way [he] used the product or would have 'prompted [the] plaintiff to take precautions to avoid the injury.'" *Id.* at 275. Here, Plaintiffs cannot show that a hypothetical adequate warning on the Roundup products Mr. Thomas used would have prevented his injuries, because Mr. Thomas admitted during his deposition that he "never" looked at the product labels. MSJ at 6. Put differently, because Mr. Thomas never looked at the product label, the label's contents played no link in the causal chain of his alleged injuries. Plaintiffs put forth no evidence to even suggest that the presence of an adequate warning "would have altered the way [he] used the product," such that he would have read and heeded an adequate warning had it been provided. *Rivera*, 209 P.3d at 275. Absent such evidence, each of Plaintiffs' claims fails. *See Bunker v. Ford Motor Co.*, No. 2:11-cv-01286-PMP-NJK, 2013 WL 4505798, at *10 (D. Nev. Aug. 22, 2013) (granting summary judgment

---

[1] Monsanto acknowledges that the parties' stipulation controls the choice-of-law question before the Court, and that Nevada law applies to Plaintiffs' claims. Monsanto therefore withdraws its arguments made under only Arizona law. As noted in Monsanto's opening brief (MSJ at 7 n.3) and discussed herein, Plaintiffs' claims fail under Nevada law as well.

2

MONSANTO'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
*THOMAS, ET AL. V. MONSANTO, CO.*, NO. 2:20-CV-08051-VC

on failure to warn claim where plaintiff complained of a lack of sufficient safety warnings on vehicle, but did not proffer evidence that such a warning would have altered her behavior), *aff'd*, 640 F. App'x 661 (9th Cir. 2016); *Yakovich v. Smart & Final Inc.*, 72 F. App'x 524, 525-26 (9th Cir. 2003) (applying analogous Arizona law, finding that district court properly granted summary judgment for defendant where plaintiff failed to "provid[e] evidence that a proper warning label would have led to precautionary measures that would have prevented this accident").

Plaintiffs attempt to evade their burden to prove the allegedly inadequate warning caused Mr. Thomas' injuries by effectively eliminating the causation requirement from Nevada law entirely. *See* Opp. at 2 (stating erroneously that Nevada law provides that summary judgment is not warranted whenever an inadequate warning is provided). Plaintiffs repeatedly emphasize that the product warning labels did not contain any cancer warnings, and that this omission necessarily creates a factual dispute for trial, because if Mr. Thomas had looked at the label it "would not have provided him with adequate information in the first place."[2] *See id.* at 2, 7, 8, 9. This argument misses the point. The material question is not what Mr. Thomas would have done had he seen the label. Rather, the question Mr. Thomas' testimony poses is *whether he would have ever seen* the hypothetical "adequate" warning, when he admittedly never looked at the product's label. Because there is no evidence suggesting that Mr. Thomas would have altered his behavior and looked at Plaintiffs' preferred warning label, there is no evidence tending to show that a different label would have prevented Mr. Thomas' injuries. *Rivera*, 209 P.3d at 273, 275; *Bunker*, 2013 WL 4505798, at *10; *Yakovich*, 72 F. App'x at 525-26.

None of the cases Plaintiffs rely on reflect the point that Plaintiffs wish to make: that Nevada law relaxes the burden to show causation in failure-to-warn cases. *See* Opp. at 3-7 (citing cases). In each of the relevant cases Plaintiffs cite, the plaintiff proffered evidence that he would not have been injured had an adequate warning been given, as *Rivera* requires. *See id.* Plaintiffs have not done that here. Plaintiffs argue that *Rich v. Taser International, Inc.* is especially relevant. *Id.* at 8-

---

[2] It is of course true that no cancer warnings were included on the Roundup labels, because Monsanto—along with the EPA—steadfastly refute the assertion that glyphosate causes NHL.

3

9. But in *Rich*, the officer who used the taser that caused the plaintiff's injuries attended training sessions where he learned how to use the weapon and what risks it entailed. No. 2:09-cv-02450-ECR-RJJ, 2012 WL 1080281, at *8-9 (D. Nev. Mar. 30, 2012). Unlike Mr. Thomas, the officer was apprised of all of the warnings associated with the product, such that there was a reasonable inference that the inclusion of an adequate warning in those training sessions would have altered his behavior and prevented the plaintiff's injuries. By analogy, Mr. Thomas skipped his training session by failing to ever read the warning label on the Roundup products he purchased. In fact, one case Plaintiffs cite—*Heath v. Tristar Products, Inc.*—highlights this precise deficiency with Plaintiffs' claims. In *Heath*, the plaintiff alleged that the pressure cooker that caused her injuries came with an owner's manual that included inadequate warnings of the product's risks. No. 2:17-cv-2869-GMN-BNW, 2019 WL 4738004, at *7 (D. Nev. Sept. 27, 2019). The defendant argued that the plaintiff failed to show this deficiency caused her injuries. *Id.* The court denied the motion for summary judgment because the plaintiff "*testified that she read the Cooker's Owner's Manual*" and stated she would not have used the product if an adequate warning had been provided in the manual. *Id.* (emphasis added). Mr. Thomas, by contrast, affirmatively testified that he never read the warning labels, so a hypothetical adequate warning would not have changed his behavior.

Because Plaintiffs cannot show the allegedly inadequate warning on the Roundup-branded products Mr. Thomas used caused his injuries, each of Plaintiffs' claims fails. *See supra* Section I.

**III.   PLAINTIFFS' ATTEMPT TO RELY ON MONSANTO'S ADVERTISEMENTS TO BACKSTOP THEIR CLAIMS FAILS**

In the face of Mr. Thomas' admission that he never looked at the product label, Plaintiffs attempt to defeat Monsanto's motion for summary judgment through an affidavit from Mr. Thomas drafted in opposition to Monsanto's motion. In the affidavit, Mr. Thomas states that he saw television and print advertisements for Roundup after he made the initial determination to use the product, and that those advertisements did not include a cancer warning. *See* Opp. at 8 (citing ECF No. 13893-5). Mr. Thomas' affidavit is not sufficient to create a disputed fact issue for trial.

4

First, the affidavit cannot defeat summary judgment because it does not "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(c)(4) (emphasis added). Vague or non-specific statements in an affidavit presented in response to a motion for summary judgment do not produce a genuine factual dispute under Rule 56. *See Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888-89 (1990) (general assertions in an affidavit are insufficient to defeat summary judgment); *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 779-80 (9th Cir. 2010) ("vague assertion" that defendant constituted "successor in interest" under the Family and Medical Leave Act did not defeat summary judgment, because it "le[ft] entirely unclear the nature of [the parties'] conflict, if any"). Moreover, "[a] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *SIC Metals, Inc. v. Hyundai Steel Co.*, 838 F. App'x 315, 316 (9th Cir. 2021) (conclusory statements in affidavit that conflict with deposition testimony not sufficient to create disputed issue of fact); *Alexander v. Falk*, 828 F. App'x 350, 353 (9th Cir. 2020) (same). In *Sullivan*, the Ninth Circuit ruled that vague and circumspect statements in an affidavit seeking to establish that the defendant was a successor-in-interest to the plaintiff's former employer did not create a genuine dispute with the more "detailed factual assertions" on the topic that the defendant proffered. 623 F.3d at 779-80.

Mr. Thomas' affidavit here poses the same problems as the affidavit in *Sullivan*. At deposition, Mr. Thomas affirmatively testified that he did not initially purchase the product because of any advertisements or promotional materials he saw. *See* Reply Declaration of Jed White ("White Reply Decl.") ¶ 2, Ex. 1 (Thomas Dep. at 42:23-43:3). He further testified that he continued to use the product because it worked well at killing weeds. *Id.* at 37:25-38:1. His testimony thus establishes that advertisements for Roundup played no role in his decision to use Roundup initially, or to continue using it after it was first recommended to him. In his affidavit, Mr. Thomas now states that had the ads he subsequently saw provided a warning, he would have stopped using Roundup. But like the plaintiff in *Sullivan*, Mr. Thomas provides no factual assertions beyond this conclusory statement to establish that such advertisements would have changed his behavior. The

5

affidavit cannot defeat Monsanto's motion for summary judgment. *Sullivan*, 623 F.3d at 780; *Publ'g Clearing House, Inc.*, 104 F.3d at 1171; *SIC Metals, Inc.*, 838 F. App'x at 316; *Alexander*, 828 F. App'x at 353.

Second, and relatedly, the affidavit cannot create a dispute with respect to a material fact because it does not describe with any specificity the advertisements Mr. Thomas saw. Again, an affidavit that "lack[s] detailed facts" to support its conclusory claims cannot create a genuine factual dispute. *Publ'g Clearing House, Inc.*, 104 F.3d at 1171. Indeed, the assertions in Mr. Thomas' belated affidavit are so vague that they would not survive a motion to dismiss had they been included in Plaintiffs' complaint. *See Colgate v. JUUL Labs, Inc.*, 402 F. Supp. 3d 728, 751 (N.D. Cal. 2019). In *Colgate*, a district court applying California's analogous causation requirements in a failure-to-warn claim,[3] ruled that general allegations that the plaintiffs had "seen promotional materials" and other advertisements that did not contain a warning were "not specific enough" to state a failure to warn claim. *Id.* The court emphasized that the plaintiffs did not "identify any [specific] ads" or other materials that they saw and relied upon when choosing to use the product. *Id.* Here, in his conclusory affidavit Mr. Thomas similarly fails to identify the specific advertisements or materials he claims he saw and relied upon. Because the affidavit is not specific enough to withstand even a Rule 12(b)(6) motion to dismiss, it cannot survive summary judgment.

## CONCLUSION

For the foregoing reasons, the Court should grant Monsanto's motion for summary judgment.

Dated: October 20, 2021                    Respectfully submitted,

*/s/ Jed P. White*
Jed P. White
Attorney for Defendant Monsanto Company

---

[3] Like Nevada law, under California law "the plaintiff must prove that the defendant's failure to warn was a substantial factor in causing his or her injury." *Huitt v. S. Cal. Gas Co.*, 188 Cal. App. 4th 1586, 1604 (2010); *see also Altman v. HO Sports Co.*, 821 F. Supp. 2d 1178, 1188 (E.D. Cal. 2011) ("Generally, when a warning is given, but the person to whom the warning is directed does not read the warning, there is no causation.").

6

MONSANTO'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
*THOMAS, ET AL. V. MONSANTO, CO.*, NO. 2:20-CV-08051-VC