# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP® PRODUCTS LIABILITY LITIGATION <br><br> _____ <br><br> *Vosper v. Monsanto Co.,* <br> 3:19-cv-05525-VC | MDL No. 2741 <br><br> Case No.: 3:16-md-02741-VC <br><br> **PLAINTIFFS, IRA VOSPER AND ANDREA VOSPER'S, RESPONSE TO MONSANTO'S MOTION TO STRIKE PORTIONS OF SUPPLEMENTAL EXPERT REPORT OF DR. BARRY BOYD UNDER RULE 26(E)** |

I. **PRELIMINARY STATEMENT**

Defendant, Monsanto Company ("Defendant"), petitions this Court to strike certain portions of Dr. Barry Boyd's supplemental expert report. Critically, the Defendant does not seek to strike the entire supplemental report of Dr. Boyd, but only portions of the report. Specifically, the Defendant does not seek to strike those portions of Dr. Boyd's supplement report in which he discusses his statements with respect to the revised exposure day calculations. Rather, the Defendant only seeks to strike a portion of Dr. Boyd's supplemental report in which he discusses certain studies addressed at his deposition. For the reasons stated below, Dr. Boyd's supplemental opinion regarding the studies addressed at his deposition are proper under the Federal Rules.

II. **LEGAL STANDARD**

Under Rule 26(a), litigants must disclose all expert opinions and related materials that may be used at trial and make such disclosures at the times directed by the court. Fed. R. Civ. P. 26(a)(2)(C); *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1061–62 (C.D. Cal. 2010); *Epitech, Inc. v. Krause*, 2016 WL 7637660, at *2 (C.D. Cal. Sept. 21, 2016). Further, Rule 26(e) obligates parties to supplement an initial expert report served pursuant to Rule 26(a) "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties...." Fed. R. Civ. P. 26(e); *Cueto v. Overseas Shipholding Group, Inc.*, 2012 WL 28357, at *2 (S.D. Cal. Jan. 4, 2012).

"Supplementing an expert report pursuant to Rule 26(e) means 'correcting inaccuracies or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure.'" *Sherwin–Williams Co. v. JB Collision Servs., Inc.*, 2015 WL 1119406, at *6 (S.D. Cal. Mar. 11, 2015).; *Gerawan Farming, Inc. v. Rehig Pacific Co.*, 2013 WL

1982797, at *5 (E.D. Cal. May 13, 2013) (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998)). Moreover, courts within the Ninth Circuit "have rejected supplemental expert reports that were significantly different from the expert's original report and effectively altered the expert's theories . . . ." *Sherwin–Williams Co.*, 2015 WL 1119406, at *7. "In determining whether a supplement under Rule 26(e) is appropriate, the court considers (1) whether the supplemental information correspond[s] to a prior Rule 26(a) disclosure and, if so, (2) whether the supplemental information [was] available at the time set for the initial disclosure." *Ibekwe v. White*, 2016 WL 6963051, at *4 (C.D. Cal. Feb. 23, 2016) (citing *Burger v. Excel Contractors, Inc.*, 2013 WL 5781724, at *3 (D. Nev. Oct. 25, 2013)).

"Rule 37(c)(1) gives teeth to [Rule 26's] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). This rule excludes untimely expert witness testimony, unless the "p"arties' failure to disclose the required information is substantially justified or harmless." *Yeti by Molly, Ltd.*, 259 F.3d at 1106 (*stating that* "the two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless")(*citing* Fed.R.Civ.P. 37(c)(1). Lastly, although the appellate courts review every discovery sanction for an abuse of discretion, the appellate courts give particularly wide latitude to the district's court discretion to issue sanctions under Rule 37. Id.

III. **ARGUMENT**

  A. **THIS COURT SHOULD DENY MONSANTO'S MOTION TO STRIKE CERTAIN PORTIONS OF HIS SUPPLEMENT REPORT**

    1. **The Supplemental Report Did Not Require Leave of Court And Was Not Untimely or Prejudicial.**

### a.     Leave of Court Is Not Required

In the Defendant's motion, it contends that certain portions should be stricken because Dr. Boyd's report was untimely and issued without leave of court.  The Defendant's argument is not supported by the Federal Rules and does not conflict with any Order of this Court.

Federal Rule of Civil Procedure 26(e) states:

> (1) *In General.*  A party who has made a disclosure under Rule 26(a)- or who has responded to an interrogatory, request for production, or request for admission-*must* supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; **_or_**
>
> (B) as ordered by the court.
>
> *(2) Expert Witness.*  For an expert whose report must be disclosed under Rule 26(a)(2) (B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Fed.R.Civ.P. 26(e)(emphasis added).

Federal Rule 26(e)(1) thus makes clear that a party *must* supplement or correct incorrect information generally as produced in discovery *in a timely manner or* as ordered by the Court. Rule 26(e)(2), specifically addressing discovery related to expert witnesses, makes clear that that the duty to supplement extends both to information included in the report and to information given during the expert's deposition.  There is no Court deadline for supplemental expert reports in the Court's Scheduling Order.  Furthermore, in the absence of a court Order to the contrary, the deadline for supplementing said information is by the time the party's pretrial disclosures are due

4

under Rule 26(a)(3),[1] which the rule states is typically 30 days before the trial date.  As such, the Rule does not mandate leave of Court as is evidenced by the use of the conjunctive "or" in Federal Rule of Civil Procedure 26(e)(1)(A).

### b.        The Report was Not Untimely or Prejudicial.

In the case at bar, the supplemental report of Dr. Boyd was necessary and Plaintiffs had a duty to have their expert issue the supplemental report due to the incorrect calculations used by Dr. Sawyer.  Additionally, Dr. Boyd took the opportunity to clarify his testimony in his deposition when asked if tadpoles or fish "get cancer or lymphoma" based on genotoxicity studies in animal models.  In addressing this line of questioning, Dr. Boyd simply clarifies his deposition testimony and does not seek to alter or change his opinion.  *See* Defendant's Exhibit 2 at pp. 87-89.

Therefore, Dr. Boyd sought to supplement both information included in the report and information given during his deposition in accordance with Rule 26(e)(2).  The fact that this supplemental report was served after this Court's expert report deadline is of no consequence.  The supplemental report was served approximately two weeks of Dr. Boyd's deposition and prior to Defendant's *Daubert* briefing deadline.  Thus it complies with Rule 26(e)(1)(A) in that it was served *in a timely manner*.   Likewise in accordance with law in this Circuit and as is set forth above, in the absence of any Court Order to the contrary, any supplemental report must be issued 30 days before trial as set forth in Rule 26(a)(3).  Here, no trial date had yet been set by the Court at the time Dr. Boyd issued his supplemental report and, as already stated, there is no deadline for expert supplemental reports in the Court's Scheduling Order.

---

[1] *See also Sherwin Williams*, *supra,* *4 (*noting* that Plaintiff in that case "asserts that Rule 26(e)(3) provides the default deadlines for pretrial disclosures, unless the Court orders otherwise, and here, the Court set deadlines for initial and supplemental expert reports).

In *Sherwin-Williams*, the Court struck an untimely supplemental report finding it was in direct violation of the Rules and the Court's Orders. It is respectfully submitted this Court will find the opposite result in examining the timeliness of the instant supplemental report. Although the Scheduling Order states that expert discovery shall close on September 8, 2021, and the supplemental report was issued on September 20, 2021, Dr. Boyd's deposition did not take place until September 3, 2021. Thus, in light of the fact that the scheduling Order is silent on the deadline for supplemental expert reports, Dr. Boyd's issuance of the supplemental report within the month of September 2021 is not unreasonable and was made *in a timely manner*, especially since it was served before the September 22, 2021 *Daubert* and summary judgment briefs of Defendant were due. Thus, this Court should not find that the supplemental report was untimely.

Additionally, just as the supplemental report was not untimely, it did not cause harm or detriment to the Defendant, being issued within approximately two weeks of Dr. Boyd's deposition testimony during the month of September 2021 and before the September 22, 2021 *Daubert* and summary judgment briefs of Defendant were due. Likewise, if the default date deadline of 30 days before a trial date is set in accordance with Rule 26(a)(3), the supplemental report is both timely and not harmful or non-prejudicial, as no trial date has been assigned in this case.

### 2. The Supplemental Report Is Otherwise Proper

As set forth above, in determining what constitutes a proper supplement, the Court must determine: (a) whether supplemental information corresponds to a prior Rule 26(e) disclosure, and if so; (b) whether the supplemental information was available at the time set for the initial disclosure. *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, *supra*, 2015 WL 4742494, at *2 (S.D. Cal. Aug. 11, 2015). In *Sherwin-Williams*, the issue was defendant's expert required

additional testing of paint samples, allegedly due to damage in their transport to the expert's office. *Id.* at *8. The plaintiffs in *Sherwin-Williams Co.* countered that the defendants had previously requested additional extensions of discovery, inclusion of extension of the time to produce the initial expert reports and made no efforts to conduct testing during the time that discovery was opened. Id. at *9. The court in *Sherwin-Williams Co.* found that the defendant would not be given additional time to serve a supplemental report. *Id.* at 820. In so finding, the Court noted, "supplementing an expert report pursuant to Rule 26 (e) means "correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Sherwin–Williams Co. v. JB Collision Servs., Inc.*, 2015 WL 1119406, at *6 (S.D. Cal. Mar. 11, 2015).; *Gerawan Farming, Inc. v. Rehig Pacific Co.*, 2013 WL 1982797, at *5 (E.D. Cal. May 13, 2013) (*citing Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998)). The Court further noted that courts have rejected supplemental expert reports that were significantly different from the expert's original report and effectively altered the expert's theories, or attempted to deepen and strengthen the expert's prior reports. *Id.* at *11.

Unlike the argument by defendant in *Sherwin-Williams*, Plaintiff's expert here is not seeking to engage in additional testing or studies. *See Sherwin-Williams*, 2015 WL 1119406, at *8. Rather, Dr. Boyd's supplemental report references studies that he was asked about during his deposition testimony and seeks merely to explain his response.[2] The supplemental report of Dr. Boyd does not alter his prior report or opinions. As such, Dr. Boyd's supplemental report merely seeks to clarify his opinions regarding those studies, rather than to expand or strengthen his original report. Therefore, this Court should find that Dr. Boyd's supplemental report is a proper supplement under Rule 26(e).

---

[2] The study is specifically referenced in the References Section of the original report, Reference No. 20. See Report of Dr. Boyd, attached as Exhibit 1 to Defendant's Motion.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court deny Defendant's motion to strike certain portions of Dr. Boyd's supplemental report.

Respectfully submitted,

**LABLETTA & WALTERS LLC**

*/s/ Christian P. LaBletta*
**CHRISTIAN P. LABLETTA, ESQ.**
**MARK J. WALTERS, ESQ.**
Attorneys for Plaintiffs
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428
(610) 828-3339

Dated: October 21, 2021