

2001 M STREET NW
10th Floor
WASHINGTON, DC 20036

WWW.WILKINSONSTEKLOFF.COM
—
A LIMITED LIABILITY
PARTNERSHIP

October 27, 2021

**VIA ECF**

Hon. Vince Chhabria
San Francisco Courthouse, Courtroom 4
450 Golden Gate Avenue
San Francisco, CA  94102

> Re:  *In re Roundup Prods. Liab. Litig.*, No. 16-md-02741-VC: Request For Oral Argument On Wave 3 Motions

Dear Judge Chhabria:

Monsanto respectfully requests oral argument on its new Rule 702 and summary judgment motions in the Wave 3 cases, at whatever time the Court finds convenient.  The Court last heard oral argument on Rule 702 issues in January 2019, prior to issuing PTO 85 regarding the opinions of Drs. Nabhan, Shustov, and Weisenburger.  Those three experts will play virtually no role in Wave 3.  Drs. Nabhan and Shustov have not been disclosed in any Wave 3 cases.  And Dr. Weisenburger was disclosed only in *Schaffner*, but has not testified in either of the recent Roundup trials in California state court despite being on the plaintiffs' expert disclosures.

While the Wave 3 Plaintiffs' new experts purport to follow the methodology this Court previously approved, they do not actually do so.  These specific causation experts fail to rule out other acknowledged risk factors or potential causes of NHL—indeed, some never considered them prior to being deposed.  Several of the experts also conclude that Roundup was a substantial factor in causing a plaintiff's NHL despite expressly admitting they cannot rule out other demonstrated risk factors.

Beyond these dispositive deficiencies, several of Plaintiffs' experts committed other, more basic errors as set forth in the briefing:

1. Dr. Boyd, disclosed in *Vosper*, based his specific causation opinions on exposure calculations that Dr. Sawyer has since admitted were substantially overstated.  At his deposition, Dr. Boyd asserted that he continues to rely on the erroneous calculations.

2. Dr. Katz, disclosed in *Blair*, claims that Roundup caused NHL based on the plaintiff's inhalation exposure despite being unable to identify any literature supporting this novel theory and admitting that he (as a radiation oncologist) has no specialized knowledge about inhalation exposure.

3. Dr. Kendall, disclosed in *Spector*, plagiarized nearly the entire portions of his report regarding the plaintiff and then repeatedly denied doing so under oath.

4. Dr. Scola, disclosed in *Koen*, admitted that he had looked at no scientific literature regarding glyphosate until a week before his deposition, and concluded only that it was "possible" that glyphosate exposure contributed to the plaintiff's NHL.

In short, the new experts offer conclusions that fall well outside the boundaries of this Court's prior rulings. In addition, there are several other legal issues unique to the Wave 3 cases that have not yet been addressed, such as the presumption of no liability afforded to product manufacturers under Texas law. Monsanto believes that oral argument would aid the Court's consideration of these novel issues to this litigation.

Respectfully submitted,

*/s/ Brian L. Stekloff*

Brian L. Stekloff (*pro hac vice*)
Rakesh Kilaru (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
*Counsel for Monsanto*

Cc: Counsel of Record (via ECF)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of October 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

*/s/ Brian L. Stekloff*