Adrian N. Roe (*pro hac vice*)
Roe & Simon LLC
428 Boulevard of the Allies
First Floor
Pittsburgh, PA 15219
412-434-8187
aroe@roeandsimonllc.com

Counsel for Plaintiffs David Schaffner, Jr.,
and Theresa Sue Schaffner

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IN RE ROUNDUP PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*David Schaffner, Jr., et al. v. Monsanto Co.,*<br>Case No. 3:19-cv-07526-VC | | |

**SCHAFFNER PLAINTIFFS' OBJECTION
TO REPLY EVIDENCE**

Pursuant to Local Rule 7-3(d)(1), Plaintiffs David Schaffner, Jr. and Theresa Sue Schaffner, by their undersigned counsel, object to the evidence appended to the Reply Brief In Support Of Defendant Monsanto Company's Motion To Exclude Plaintiffs' Specific Causation Expert Dr. Ron Schiff on Rule 702 Grounds (Doc. 25 in Civil Action No. 3:19-cv-7526). The additional evidence offered by Monsanto consists of: (i) a report by Dr. Schiff (in an unrelated case) attributing acute myeloid leukemia to "extensive and often intensive" benzene exposure, Doc. 25-2; (ii) a monograph discussing carcinogenic risks of benzene, Doc. 25-3; and (iii) an article discussing the carcinogenicity of benzene. Doc. 25-4.

1          The Supreme Court in *Daubert* held that a "trial judge's role in applying Rule 702 of the Federal Rules of Evidence is to ensure that an expert's testimony both rests on a reliable foundation and is *relevant* to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals,* Inc., 509 U.S. 579, 597 (1993) (emphasis added). "'Expert testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry.'. . . What is relevant depends on what must be proved, and that is controlled by [state] law." *Primiano v. Cook,* 598 F.3d 558, 565, 567 (9th Cir. 2010) (citation omitted).

          The issue of what is relevant in this case turns on Pennsylvania law. Pennsylvania follows the "substantial factor" test in product liability cases. *Rost v. Ford Motor Company,* 637 Pa. 625, 646, 151A.3d 1032, 1044 (Pa. 2016). This test recognizes that a viable product liability action may be maintained even in the context of undisputed evidence that the plaintiff was exposed to more than one carcinogenic agent. *See, e.g., Roverano v. John Crane, Inc.,* 177 A.3d 892, 897 (Pa. Super. 2017) (affirming judgment in favor of smoker where there was expert testimony that asbestos exposure was a substantial factor in plaintiff's development of lung cancer), *affirmed in part and reversed in part on other grounds,* ___ Pa. ___, 226 A.3d 526 (Pa. 2020).

          Similarly, the Ninth Circuit held in *Hardeman v. Monsanto Company,* 997 F.3d 941, 966 (9th Cir. 2021), that liability may exist under the substantial factor test even if there is evidence that another factor "may have been an additional cause." *Id.* at 969. This is so because, in a case involving the substantial factor test, liability may be established where there is evidence of "concurrent independent causation." *Id.*

          Liability may exist in this case regardless of whether benzene is carcinogenic or even contributed to Mr. Schaffner's non-Hodgkin lymphoma ("NHL"). The possibility that Mr.

Schaffner may have been exposed to benzene does not detract from the reliability of Dr. Schiff's proposed testimony that Roundup was a substantial factor in the development of Mr. Schaffner's NHL. The Court should disregard the benzene evidence offered by Monsanto for purposes of its *Daubert* analysis.

                                                                                   Respectfully submitted,

Dated:  October 27, 2021                              s/Adrian N. Roe

*Appearing Pro Hac Vice Per Pretrial Order No. 1*

Pa. Bar No. 61391
Roe & Simon LLC
428 Boulevard of the Allies
First Floor
Pittsburgh, PA
412-434-8187
aroe@roeandsimonllc.com

**CERTIFICATE OF SERVICE**

I certify that, on this 27th day of October 2021, I electronically served the foregoing Objection To Reply Evidence on counsel for Defendant Monsanto Company by means of emails addressed to Aaron H. Levine, Aaron.Levine@arnoldporter.com, Anthony R. Martinez, amartinez@shb.com and John Sherk, jsherk@shb.com and by means of the Court's electronic filing system.

                                            s/Adrian N. Roe