**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:   202-847-4030
Fax:   202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 2392339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310 -576-2200

*Attorneys for Defendant Monsanto Company*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP® PRODUCTS LIABILITY LITIGATION<br><br>*Vosper v. Monsanto Co.*, 3:19-cv-05525-VC | MDL No. 2741<br><br>Case No.: 3:16-md-02741-VC<br><br>**DEFENDANT MONSANTO COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF SUPPLEMENTAL EXPERT REPORT OF DR. D. BARRY BOYD UNDER RULE 26(E)**<br><br>Hearing date: December 13, 2021<br>Time: TBD |
|---|---|

Defendant Monsanto Company ("Monsanto") submits this Reply in Support of its Motion to Strike, ECF No. 13967 ("Def.'s Opening Br.") portions of Wave 3 Plaintiffs Ira and Andrea Vosper's ("Plaintiffs") purported "supplemental" report of Dr. D. Barry Boyd.  The report is improper and untimely under the Federal Rules.

I.      INTRODUCTION

Plaintiffs argue that Fed. R. Civ. P. 26(e) authorized Dr. Boyd's "supplemental" report because he needed to confirm that Dr. Sawyer's incorrect exposure day calculations did not affect his ultimate opinion.  Plaintiffs' Resp. to Monsanto's Mot. to Strike Portions of Supplemental Expert Report of Dr. Barry Boyd Under Rule 26(e) ("Pls.' Opp'n"), ECF No. 14082 at 4-5 (citing Rule 26(e)(2)).  If supplementation due to Dr. Sawyer's exposure days miscalculation is the true basis for Dr. Boyd's supplemental expert report, then it should be limited to a discussion of Dr. Boyd's affirmance of his reliance of the new exposure days data, albeit a significantly reduced number, in support of his specific causation opinion.  Monsanto does not oppose such supplementation which is permissible under Rule 26.  But Plaintiffs seek to augment Dr. Boyd's supplemental report to address issues beyond Dr. Sawyer's exposure days miscalculation.  Plaintiffs contend that Dr. Boyd needs to supplement further in order to "clarify his testimony in his deposition*.*" *Id*.  The Court only needs to reference page 2 of Dr. Boyd's "supplemental" expert report wherein he expressly concedes that the purpose of the remainder of the report is to reply to defense counsel.  *See* Def.'s Opening Br. at Lasker Decl. Ex. 3, Boyd *Vosper* Supp'l Rep. at 2 ("I am also replying to the defense attorney's questioning during deposition … .").  This clearly is not permitted under Rule 26(e).  Rule 26(e) is not "a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise [its] disclosures in light of [its] opponent's challenges to the analysis and conclusions therein, can add to them to [its] advantage after the court's deadline for doing so has passed." *Luke v. Family Care & Urgent Med. Clinics*, 323 Fed. App'x 496, 500 (9th Cir. 2009).  Nor does Rule 26(e) "give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' [original] report." *Cross-Fit, Inc. v. Nat'l Strength & Conditioning Ass'n*, No. 14CV1191-JLS(KSC), 2018 WL 3491854, at *8 (S.D. Cal. July 18, 2018) (quoting *Reinsdorf v. Skechers U.S.A.*, 922 F. Supp. 2d 866, 880 (C.D. Cal. 2013)).  That is exactly what Plaintiffs attempt to do here.

Plaintiffs should not be permitted to alter Dr. Boyd's opinions after the fact to bolster their case.

## II. PLAINTIFFS HAVE NO BASIS FOR SUPPLEMENTATION BEYOND ADDRESSING DR. SAWYER'S MISCALCULATIONS

### A. Dr. Boyd's "Supplemental" Expert Report Does Not Comply With the Court's Scheduling Order Or Rule 26.

The Federal Rules are clear: litigants "must make [expert] disclosures at the times and in the sequence that the court orders." Fed. Rule Civ. P. 26(a)(2)(D). Here, the Court ordered the parties to exchange by August 6, 2021 expert reports with the close of expert discovery on September 8, 2021 and no provision for the filing of supplemental (or rebuttal) expert reports. *See* Joint Revised Schedule for Wave 3 Cases, ECF No. 12197. Notwithstanding these unambiguous instructions, Plaintiffs have cited no new material which was unavailable during discovery, to even arguable warrant supplementation. The Ninth Circuit has declined to permit supplementation when used simply to bolster an expert's opinion. *See*, *supra*, *Luke*, 323 Fed. App'x 496, 500. *See* Pls.' Opp'n at 4 (citing Rule 26(e)). Dr. Boyd's "supplemental" report does not come remotely close to satisfying Rule 26:

- Dr. Boyd's supplemental report nowhere identifies anything he learned since his initial report that made that report incomplete or incorrect – with the exception of Dr. Sawyer's incorrect exposure days calculation. Rule 26(e)'s supplementation allowance for a "disclosure or response [that] is incomplete or incorrect" is inapplicable. *See* Def.'s Opening Br. at Lasker Decl. Ex. 2, Boyd *Vosper* Tr. at 78:16-22 (Dr. Boyd testifying that he did not need to amend his opinion); *id.* at Lasker Decl. Ex. 3, Boyd *Vosper* Supp'l Rep. at 1-2 (confirming deposition testimony).

- Dr. Boyd does not seek to "correct[] inaccuracies or fill[] the interstices of an incomplete report based on information <u>that was not available</u> at the time of the initial disclosure." *See* Pls.' Opp'n at 2, 7 (citing *Sherwin-Williams Co. v. JB Collision Servs., Inc.,* No. 13-CV-1946-LAB (WVG), 2015 WL 1119406, at *6 (S.D. Cal. Mar. 11, 2015)). Instead, as Plaintiffs and Dr. Boyd concede, Dr. Boyd attempts to rehabilitate his deposition testimony and bolster the opinions already present in his initial report that he seemingly feels he cannot adequately justify. *See* Def.'s Opening Br. at Lasker Decl. Ex. 3, Boyd

- 2 -

*Vosper* Supp'l Rep. at 2 ("I am also replying to the defense attorney's questioning during deposition regarding the 'in vitro' animal studies, as part of the broader toxicity data supporting the carcinogenicity of glyphosate.").

Put simply, Plaintiffs have identified no justifiable basis for supplementation beyond addressing Dr. Sawyer's exposure days miscalculation.

### B. Dr. Boyd's Attempted Supplementation Should be Rejected.

Plaintiffs admit that Dr. Boyd's "supplemental" report "seeks to clarify his opinions regarding those studies, rather than to expand or strengthen his original report." Pls.' Opp'n at 7. This does not constitute proper supplementation under Rule 26(e). Plaintiffs attempt to distinguish themselves from the defendants in *Sherwin-Williams* and, in doing so, only highlight the similarities. In *Sherwin-Williams*, the Court rejected the proposed supplemental report of defendants who "argued that their expert want[ed] to test wet paint samples to 'augment' the initial report, not to provide new theories." *Sherwin-Williams*, 2015 WL 1119406, at *3. This is precisely what Plaintiffs attempt to do here. Plaintiffs seek to "augment" Dr. Boyd's deposition testimony by, as Dr. Boyd explicitly stated, "replying to the defense attorney's questioning during deposition," *see* Def.'s Opening Br. at Lasker Decl. Ex. 3, Boyd *Vosper* Supp'l Rep. at 2, yet Plaintiffs assert that the "supplemental" report of Dr. Boyd does not alter his prior report or opinions." *See* Pls.' Opp'n at 7. Plaintiffs are no different than the *Sherwin-Williams* defendants and their attempt to have Dr. Boyd "re-do" his deposition testimony should be rejected. *See Cueto v. Overseas Shipholding Grp. Inc.*, No. 10cv1243 LAB (NLS), 2012 WL 28357, at *2 (S.D. Cal. Jan. 4, 2012) ("Supplementation does not cover failures of omission because the expert did an inadequate or incomplete preparation [in the first instance].").

### C. None of Plaintiffs' Justifications for the Late Service of Dr. Boyd's "Supplemental" Report Has Merit.

Plaintiffs attempt to justify its late disclosure of Dr. Boyd's "supplemental" expert report all fall flat. First, Plaintiffs' argument that the "supplemental" report was "served [sic] approximately two weeks of Dr. Boyd's deposition" is wrong. *See* Pls.' Opp'n at 5. Dr. Boyd was deposed in this matter on September 3, 2021. *See* Def.'s Opening Br. at Lasker Decl. Ex. 2, Boyd *Vosper* Tr. at 1.

Dr. Boyd's "supplemental" report was served <u>19</u> days later on September 21, 2021, not two weeks later as Plaintiffs suggest, and a mere <u>one</u> day prior to Monsanto's *Daubert* and summary judgment briefing deadline.[1]  *See* Def.'s Opening Br. at 6-7.

Plaintiffs' argument that Dr. Boyd's "supplemental" report is timely because supplemental reports must be submitted prior to the pretrial disclosure which Plaintiffs argue is 30 days before trial under Rule 26(a)(3) because this Court has not set a trial date, *see* Pls.' Opp'n at 5, ignores the plain fact that Dr. Boyd's "supplemental" report—rather than explaining why his initial report contained inaccuracies or "filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure"—responds to questions he was asked at his deposition. *Id.* at 7.  These new "opinions" were not the result of some newly discovered facts or discovery but instead were attempts to fix some obvious problems with Dr. Boyd's testimony.

## CONCLUSION

The Court should strike portions of Dr. D. Barry Boyd's "supplemental" report that do not pertain to Dr. Sawyer's exposure days miscalculation.

DATED: October 28, 2021

Respectfully submitted,

/s/ *Eric G. Lasker*
Eric G. Lasker, Esq.
(elasker@hollingsworthllp.com)
Hollingsworth LLP
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax:  202-682-1639

*Attorney for Defendant
Monsanto Company*

---

[1] While Dr. Boyd's supplemental report is dated September 20, 2021, Plaintiffs did not serve Monsanto with the report until the following day.  *See* Def.'s Opening Br. at Lasker Decl. Ex. 5, E-mail from Plaintiff's Counsel to Counsel for Monsanto (Sept. 21, 2021, 08:32 EST).

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 28th day of October, 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

                */s/ Eric G. Lasker*