**David J. Diamond (AZ 010842)**
**DIAMOND LAW, PLLC**
**1700 E. River Road, #65237**
**Tucson, AZ 85728**
P: (520) 497-2672
F: (520) 448-4466
ddiamond@diamondlawusa.com
khampton@diamondlawusa.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Master Docket Case No. 16-md-02741-VC |
| **THIS DOCUMENT RELATES TO:** | Honorable Vince Chhabria |
| Otis Lindell Chapman and Kim Chapman | Case No. 3:20-cv-01277 |
| v. | |
| Monsanto Company | |

**PLAINTIFF OTIS LINDELL CHAPMAN'S MOTION TO EXCLUDE THE TESTIMONY OF MONSANTO'S SPECIFIC CAUSATION EXPERTS, DR. FENSKE & DR. SLACK**

Plaintiff Otis Lindell Chapman (Chapman) brings this motion because Monsanto's specific causation experts, retained for the Chapman case, offer general causation opinions concerning Mr. Chapman. Despite acknowledging Mr. Chapman's Roundup use and NHL diagnosis, Monsanto's experts opine that glyphosate/ Roundup did not cause Mr. Chapman's NHL. The sum and substance of Monsanto's specific causation experts' opinions is that one cannot positively prove Roundup causes NHL through some specific trait of the lymphoma or a particular test, and as a result it is not possible to say that Roundup is a potential cause of NHL. Dr. Fenske's report is attached in **Exhibit 1** and Dr. Slack's report is attached in **Exhibit 2**.

Monsanto's Specific causation expert, Timothy Fenske, M.D., unlike Dr. Smith,[1] does not bother with a differential diagnosis/etiology and simply concludes:

> it is my professional opinion that the weight of the human, animal, and *in vitro* evidence (with appropriate extra weight and consideration being put on the human evidence of clinical outcomes) **suggests no significant association between the Roundup formulation of glyphosate and subsequent development of non-Hodgkin lymphom**a. Moreover, even in studies that do report an association, the association is small, inconsistent, and potentially due to confounding and/or bias. As a result, the totality of the data does not support the conclusion that Roundup is a cause of non-Hodgkin lymphoma.

Fenske Report at p. 22 attached in **Exhibit 1** (bold added).

Dr. Slack is a pathologist. He agrees that the pathology shows that Mr. Chapman had NHL; however, he concludes

> Mr. Chapman's age, gender, and race/ethnicity increased his risk for developing small lymphocytic lymphoma. As referenced above, **the data available regarding formulated glyphosate do not provide evidence for a compelling association with NHL overall or with small lymphocytic lymphoma in particular**, or with the development of the mutations that led to Mr. Chapman's cancers, and nothing in his presentation, clinical course, or pathology suggests that glyphosate caused his cancers. As a result and after reviewing his medical records and the medical literature, I find no evidence to support glyphosate exposure as the cause of his lymphoma.

**Exhibit 2**, Slack Report at p. 17 (bold added).

Because Dr. Fenske & Dr. Slack do not acknowledge that glyphosate can contribute to the development of NHL, at its essence Monsanto's specific causation experts' opinions boil down to little more than an endorsement of Monsanto's general causation opinion that glyphosate does not cause NHL. *In re Hanford Nuclear Reservation Litig.*, 292 F.3d 1124, 1133 (9th Cir. 2002) (whether or not a potential

---

[1] Dr. Smith's Report is attached hereto in Exhibit 3.

**PLAINTIFF OTIS LINDELL CHAPMAN'S MOTION TO EXCLUDE THE TESTIMONY OF MONSANTO'S SPECIFIC CAUSATION EXPERTS, DR. FENSKE & DR. SLACK – 3:20-CV-01277**

cause is capable of causing a disease is a general causation question). As such, Monsanto is improperly seeking two bites at the general causation issue. This should not be allowed by the Court.

In conclusion, to the extent that Monsanto's specific causation experts' opinions regarding Mr. Chapman are general causation opinions disguised as a specific causation opinion, they should be disallowed. If Monsanto wants to challenge general causation, then it must do so via its general causation experts.

Based upon the foregoing, it is respectfully requested that in the Chapman case the Court exclude the general causation testimony of Monsanto's specific causation experts, Dr. Fenske & Dr. Slack.

Dated this 28th day of October, 2021.

Respectfully Submitted,

/s/ David J. Diamond
David J. Diamond (AZ 010842)
DIAMOND LAW, PLLC
1700 E. River Road, #65237
Tucson, AZ 85728
P: (520) 497-2672
F: (520) 448-4466
ddiamond@diamondlawusa.com

*Attorney for Plaintiffs*

### CERTIFICATE OF SERVICE

I, David J. Diamond, hereby certify that on October 28, 2021, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

/s/ David J. Diamond
David J. Diamond

---

**PLAINTIFF OTIS LINDELL CHAPMAN'S MOTION TO EXCLUDE THE TESTIMONY OF MONSANTO'S SPECIFIC CAUSATION EXPERTS, DR. FENSKE & DR. SLACK – 3:20-CV-01277**

3