**Nidel & Nace, PLLC**
**Jonathan B. Nace, Esq.**
**One Church Street**
**Suite 802**
**Rockville, MD 20850**
**Tel: 202-780-5153**
**jon@nidellaw.com**

## UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF CALIFORNIA

*In Re: Roundup Products Liability Litigation*

MDL No. 2741

Case No. 16-md-02741-VC

This document relates to:

*Coffman v. Monsanto Co., et al.*
Case No.: 3:21-cv-02505-VC

### MOTION FOR ATTORNEYS' FEES

**COMES NOW** Plaintiff Sue Coffman, as Personal Representative of the Estate of Kevin Coffman, and pursuant to 28 U.S.C. § 1447(c) moves for attorneys' fees in the amount of $12,835.20 to be assessed against Monsanto and/or its legal representatives and in favor of Nidel & Nace, PLLC. In support of this motion, Plaintiff states the following:

### I.      INTRODUCTION AND HISTORY OF REMOVAL AND REMAND

This is a products liability action involving the sale of Monsanto's product Roundup®, which contains the ingredient glyphosate that has been deemed a probable human carcinogen. Kevin Coffman purchased and used Roundup®, manufactured and distributed by Monsanto, and glyphosate products sold to him by The Valley Fertilizer and Chemical Company and Costco Wholesale Corporation, developed Non-Hodgkin's Lymphoma and passed away as a direct and proximate result of glyphosate-caused Non-Hodgkin's Lymphoma on December 11, 2019. *See* Doc. 1-2 ¶ 4. Plaintiff pled that The Valley Fertilizer and Chemical Company "specifically sold Roundup® to the decedent

1

to Kevin Coffman on numerous occasions…". *Id.* ¶ 12.  A copy of one exemplary receipt identifying such was attached to Plaintiff's Complaint.  *Id.* (citing Original Ex. 2 to Original Complaint).

On March 17, 2021, Monsanto filed a Notice of Removal entirely contingent upon a finding that Valley was "fraudulently joined."  *See Coffman v. Monsanto Co., et al.*, Case No. 3:21-cv-02505-VC, Doc. 1.  Monsanto alleges that Plaintiff engaged in "tactical maneuvering," by filing suit against a reseller in Virginia which sold Roundup® to the decedent for decades without disclosing these defects of which it had reason to know.  The entire basis for Monsanto's fraudulent joinder argument is distilled to the self-serving answers to interrogatories of co-defendant Valley.[1]  Specifically, in the answers to interrogatories, Valley essentially asserts (unsurprisingly) that it did no wrong and cannot be liable under Virginia law.  *Id.* ¶ 17 (quoting *id.* Doc. 1-3, Valley's Answer to Interrogatory No. 13 ("When Valley Fertilizer sold the Roundup®-branded herbicides that allegedly caused Mr. Coffman's cancer, 'Valley Fertilizer did not know, and had no reason to know, of any alleged causal connection between cancer and glyphosate, Roundup®-branded herbicides, or other glyphosate-based herbicides.'")).  Monsanto removed this action ***only*** because co-Defendant Valley claimed it had done no wrong.

The matter was fully briefed and on October 19, 2021, this Court Granted Plaintiffs' Motion to Remand.  Doc. 14043.  The Court ruled that

> Even accepting this statement [Valley's Answer to Interrogatory 13] as true does not eliminate all possibility of liability, ***or even suggest*** that liability is implausible: Valley could have had information "from which a person of reasonable intelligence . . . would infer that" Roundup was dangerous for its intended use, even if Valley itself did not make this inference.

---

[1] Further, Monsanto explicitly alleged that despite the pending Demurrer filed on January 12, 2021, it could not have known of this defense until it received answers to interrogatories from Valley.  Doc. 1 ¶ 23.  This Court did not need to rule on the timeliness of Monsanto's motion to remand, which Plaintiff challenged as untimely.

**SUE COFFMAN'S MOTION FOR ATTORNEYS' FEES**
*In re Roundup Products Liability Litigation*; MDL No. 2741 Case No. 16-md-02741-VC

*Id.*, p. 2 (citing *Owens-Corning Fiberglas Corp.*, 243 Va. at 135 (quoting Restatement (Second) of Torts § 12).

As part of her original motion to remand, Plaintiff moved for ten days following an order to move for attorneys' fees.[2] Doc. 12948, p. 10. The Court's order is expectedly silent on the motion for fees. In an abundance of caution, Plaintiff formally renews her motion for fees as previously set out.

## II.    LEGAL STANDARD

"The decision whether to award attorney's fees under § 1447(c) is committed to the discretion of the district court. 'Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.'" *Williams v. Centerplate, Inc.*, No. 14-cv-02967-VC, at *3 (N.D. Cal. Sep. 24, 2014) (citing and quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139, 141 (2005).

## III.    ARGUMENT

### a. Monsanto Lacked an Objectively Reasonable Basis for Seeking Removal and Fees are Warranted

Monsanto did not have an ***objectively*** reasonable basis for removal because its entire basis for removal was a fraudulent joinder theory premised on the ***subjective*** opinions of a co-defendant absolving itself of liability.

The standard for removal is a particularly high bar, that of demonstrating the "inability of the plaintiff to establish a cause of action against the nondiverse party in state court." *Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). Defendant was aware of this standard, citing it in their Notice

---

[2] This is consistent with the federal rule which allows a party to move for attorneys' fees "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i).

3

**SUE COFFMAN'S MOTION FOR ATTORNEYS' FEES**
*In re Roundup Products Liability Litigation*; MDL No. 2741 Case No. 16-md-02741-VC

of Removal.  *See Coffman*, Case No. 3:21-cv-2505-VC, Doc. 1 (quoting *Boss v. Nissan N. Am., Inc.*, 228 F. App'x 331, 335 (4th Cir. 2007)) (acknowledging that it may only remove upon a showing of "no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant.").  But Monsanto ignored its application to the removal of the claim; instead, Monsanto was clearly willing to "take a shot" at removal with flimsy evidence.  But fraudulent joinder cannot be established by disputing the allegations in a Complaint, rendering this removal unreasonable.  As the Court noted "parsing the fine distinctions between these standards is precisely the type of searching inquiry into the merits' that would be inappropriate to embark on at this preliminary stage of the litigation."  Doc. 14043, p. 3.

Despite being represented by highly qualified litigators who were familiar with and even acknowledged this standard, Monsanto removed the Mrs. Coffman's claim based on a disputed fact that it wrongly asserted as adjudicated in its favor.  As this Court stated, "[A] denial, even a sworn denial, of allegations does not prove their falsity." *Id.* (quoting *Grancare*, 889 F.3d at 551).  This is precisely what Monsanto attempted with its allegation of fraudulent joinder here: Valley's sworn denials were held up as proof that Plaintiff had "no possibility" of even alleging a claim.  Any objective party would have acknowledged that if a party could defeat a claim on its sworn statement, there would be no need for the legal system at all.  All parties would simply absolve themselves.

Plaintiff acknowledges that legal fees are not always warranted when a matter is remanded following removal.  *Williams v. Centerplate, Inc.*, No. 14-cv-02967-VC, at *3 (N.D. Cal. Sep. 24, 2014) *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) ("removal is not objectively unreasonable solely because the removing party's arguments lack merit.").  However, this is exactly the type of "flimsy theory" that Monsanto has been forewarned to refrain from arguing.  *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, at *3 (N.D. Cal. July 5, 2017) (citing 28 USC §§ 1447(c), 1927 ("the

4

Court may reconsider fee-shifting if presented with similarly flimsy theories of removal in the future."). Monsanto's instant theory was that Plaintiff had "no possibility" of even alleging a claim against Valley simply because Valley said so. This type of allegation of fraudulent joinder is not objectively reasonable. Therefore, attorneys' fees are warranted.

### b. Plaintiff's Fee Petition Seeks Reasonable Fees

Plaintiff seeks $12,835.20 for attorneys' fees as calculated pursuant to the *Lodestar* method and incorporating the adjusted *Laffey* matrix. Mr. Jonathan Nace graduated law school in May 2006 and practices primarily in the Washington, DC area but throughout federal courts in environmental and other complex litigation matters. His hours were kept contemporaneously to the work done and were rounded to one-tenth of each hour. The work done includes the review of the Notice of Removal, necessary legal research, the drafting of a motion to remand, review of the opposition, drafting of a Reply in support thereof, and preparation for a noticed oral argument (which was vacated the day before the hearing). This work was conducted in an efficient 16.80 hours.[3] Nidel and Nace is not seeking compensation for the drafting of this motion. Mr. Nace's rate is determined by the adjusted *Laffey* matrix as $764 per hour. (16.8 x $764 = 12,835.20).

The adjusted *Laffey* matrix is one method for evaluating the hourly rate to apply to an attorneys' fee claims. This Court has recently acknowledged it as a viable matrix for hourly rates. *See Recouvreur v. Carreon*, 940 F. Supp. 2d 1063, 1070 (N.D. Cal. 2013) ("The Adjusted Laffey Matrix, frequently used by the District of Columbia, additionally confirms that this requested rate is reasonable for a lawyer of Levy's experience, as the calculated rate for a lawyer with over twenty years' experience is $753"). Likewise, this Court has awarded up to $16,000 for a successful motion to remand with work done

---

[3] 1.6 hours were spent preparing for oral argument before it was vacated.

5

**SUE COFFMAN'S MOTION FOR ATTORNEYS' FEES**
*In re Roundup Products Liability Litigation*; MDL No. 2741 Case No. 16-md-02741-VC

primarily by a six-year attorney. *Randal Pham v. Watts*, No. 14-cv-02247-VC (N.D. Cal. Sep. 23, 2014).

For these reasons, Plaintiff's request for $12,835.20 is a reasonable request for attorneys' fees.

### IV. CONCLUSION

**WHEREFORE**, Plaintiff moves for payment of attorneys' fees to Nidel & Nace, PLLC in the amount of $12,835.20.

Respectfully submitted,

/s/ Jonathan B. Nace
Jonathan B. Nace, Esq.
DC Bar Number 985718
Nidel & Nace, PLLC
One Church Street
Suite 802
Rockville, MD 20850
Tel: 202-780-5153
jon@nidellaw.com

### CERTIFICATE OF SERVICE

This is to certify that October 29, 2021, I caused a copy of the foregoing *Motion for Attorneys' Fees* to be served upon the Court and all parties via ECF. A courtesy copy was sent to counsel of record via email service.

/s/ Jonathan B. Nace
Jonathan B. Nace, Esq.

**SUE COFFMAN'S MOTION FOR ATTORNEYS' FEES**
*In re Roundup Products Liability Litigation*; MDL No. 2741 Case No. 16-md-02741-VC