# EXHIBIT A

1  Karen Barth Menzies (CA SBN 180234)
   GIBBS LAW GROUP LLP
2  505 14th Street, Suite 1110
   Oakland, CA  94612
3  Tel: (510) 350-9700
   Fax: (510) 350-9701
4  kbm@classlawgroup.com

5  Fletcher V. Trammell, Esq.
   Melissa Binstock Ephron, Esq.
6  TRAMMELL, PC
   3262 Westheimer Rd., Ste. 423
7  Houston, TX 77098
   Tel: (800) 405-1740
8  Fax: (800) 532-0992
   fletch@trammellpc.com
9  melissa@trammellpc.com

10

11 Alexander G. Dwyer                          Paul R. Kiesel
   Andrew F. Kirkendall                        KIESEL LAW LLP
   Erin M. Wood                                8648 Wilshire Boulevard
12 KIRKENDALL DWYER LLP                        Beverly Hills, California 90211-2910
   4343 Sigma Rd, Suite 200                    Tel: 310-854-4444
13 Dallas, TX  75244                           Fax: 310-854-0812
   Tel: 214-271-4027                           kiesel@kiesel.law
14 Fax: 214-253-0629
   ad@kirkendalldwyer.com
15 ak@kirkendalldwyer.com
   ewood@kirkendalldwyer.com
16

17 *Attorneys for Plaintiff*

18                 **UNITED STATES DISTRICT COURT**

19                 **NORTHERN DISTRICT OF CALIFORNIA**

20

21 Danielle Harris, individually and on behalf      Case No. 3:21-cv-07738
   of the estate of Theresa Wilson,
22                                                   ASSIGNED FOR ALL PURPOSES TO
                     Plaintiff,                      JUDGE EVELIO GRILLO
23                                                   DEPARTMENT 21
   v.
24                                                   **DANIELLE HARRIS'S FIRST**
   MONSANTO COMPANY; WILBUR-ELLIS             **AMENDED RESPONSE TO**
25 COMPANY, LLC; WILBUR-ELLIS NUTRITION,      **DEFENDANT MONSANTO'S SPECIAL**
   LLC (formerly WILBUR-ELLIS FEED, LLC);     **INTERROGATORIES, SET ONE**
26 SUNNYMEAD ACE HARDWARE, and DOES 1
   through 100 inclusive,
27
                     Defendants.
28

                                        1
─────────────────────────────────────────────────────────────
**PLAINTIFF DANIELLE HARRIS'S FIRST AMENDED RESPONSE TO DEFENDANT MONSANTO'S
SPECIAL INTERROGATORIES, SET ONE**

1  PROPOUNDING PARTY:   Defendant MONSANTO COMPANY

2  RESPONDING PARTY:    Plaintiff DANIELLE HARRIS

3  SET NUMBER:          ONE

4       Comes now Plaintiff, DANIELLE HARRIS, pursuant to sections 2031.210 *et seq.* of the

5  California Code of Civil Procedure, and hereby provides the following to Monsanto Company to

6  wit: Plaintiff's First Amended Response to Defendant Monsanto's Special Interrogatories, Set

7  One. Plaintiff reserves the right to amend, supplement, modify, or change these responses as the

8  discovery and investigation continues.

9

10                         **PRELIMINARY STATEMENT**

11

12       Plaintiff's responses and objections to these discovery requests are made for the sole

13  purpose of this litigation. Each response is subject to all objections as to competence, relevance,

14  materiality, propriety, admissibility, privilege, and privacy, and any and all other objections on

15  grounds that would require the exclusion of any response herein if such were offered in Court,

16  which objections arc reserved and may be interposed at the time of trial.

17

18       No incidental or implied admissions are intended in this response. Plaintiff's responses to

19  all or any part of these discovery requests should not be taken as an admission that: (1) Plaintiff

20  accepts or admits the existence of any fact(s) set forth in or assumed by the discovery requests; or

21  (2) Plaintiff has in Plaintiff's possession, custody, or control documents responsive to that

22  discovery request; or (3) documents are responsive to that discovery request. Plaintiff's responses

23  to all or any part of any discovery request is not intended to be, and shall not be, waived by

24  Plaintiff of all or any part of its objection(s) to that discovery request.

25

26       The following responses are based upon information known at this time and are given

27  without prejudice to Plaintiff's right to supplement those responses prior to trial or to produce

28

**PLAINTIFF DANIELLE HARRIS'S FIRST AMENDED RESPONSE TO DEFENDANT MONSANTO'S
SPECIAL INTERROGATORIES, SET ONE**

evidence based on subsequently discovered information. These responses are based upon, and therefore are limited by, Plaintiff's knowledge and recollection, and consequently, Plaintiff reserves the right to make any changes in these responses if it appears at any time that inadvertent errors or omissions have been made.

## GENERAL OBJECTIONS

1) Plaintiff objects to these Requests to the extent they are overly broad, burdensome, oppressive in the extreme, and propounded solely to harass Plaintiff.

2) Plaintiff further objects to these Requests to the extent they seek information beyond the scope of permissible discovery and seek information that is irrelevant and not calculated to lead to the discovery of admissible evidence.

3) Plaintiff further objects to these Requests to the extent they contain words and phrases that are vague, ambiguous, confusing, and/or excessively broad and inclusive, and therefore are difficult or impossible to understand.

4) Plaintiff further objects to these Requests to the extent they seek Plaintiff's counsel's opinions or strategy, or trial preparation materials, or other information protected by the attorney-client privilege and/or attorney work product doctrine.

5) Plaintiff further objects to these Requests to the extent they seek disclosure of information protected by statutes, regulations, common law, and/or the Rules of Civil Procedure which is either absolutely protected from disclosure or which should not be disclosed without prior entry of an appropriate protective order.

6) Plaintiff further objects to these Requests to the extent they prematurely seek information concerning expert witnesses.

7) Plaintiff further objects to these Requests to the extent they request documents

3

Defendant already has in its possession.

8) Plaintiff further objects to these Requests to the extent they seek collateral source information.

9) Plaintiff further objects to these Requests to the extent they violate the right of privacy.

10) Plaintiff further objects to these Requests to the extent they seek information beyond the matters placed at issue in this litigation.

11) Plaintiff further objects to the extent that the discovery requested is obtainable from some other source that is more convenient and less burdensome.

12) Plaintiff further objects to these Requests to the extent they call for the disclosure of documents and information protected from disclosure by the mediation privilege and California's mediation privilege statutes.

13) Plaintiff's specific objections and responses below are made without in any way waiving or intending to waive anything whatsoever, but rather intending to preserve and do preserve the following:

     a. All questions as to competence, relevance, materiality, privilege, and admissibility in evidence for any purpose, of any produced documents, in any subsequent proceeding in, or at any trial or hearing of, this or any other litigation;

     b. The right to object to the use of any produced documents, or the subject matter thereof, in any subsequent proceeding, in or at the trial or hearing of, this or any other litigation;

     c. The right to object on any ground at any time to a demand for further response to these or any other requests or other discovery procedures involving or related to the subject matter of the document requests herein responded to; and

**PLAINTIFF DANIELLE HARRIS'S FIRST AMENDED RESPONSE TO DEFENDANT MONSANTO'S
SPECIAL INTERROGATORIES, SET ONE**

      d. The right at any time to revise, to correct, add to, and/or clarify any of the

responses propounded herein.

## PLAINTIFF'S FIRST AMENDED RESPONSES TO SPECIAL INTERROGATORIES, SET ONE

### SPECIAL INTERROGATORY NO. 1:

      If YOU believe that ROUNDUP contributed to THERESA WILSON'S alleged INJURIES, give the basis for YOUR belief that ROUNDUP contributed to THERESA WILSON'S alleged INJURIES.

### RESPONSE TO SPECIAL INTERROGATORY NO. 1:

      Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is overly vague, ambiguous, burdensome, oppressive, seeking premature expert testimony, calling for Plaintiff to marshal all evidence, seeking legal conclusions, seeking information that will be established closer to, and during, trial, and seeking information available to Monsanto from less expensive, burdensome and more convenient sources. Plaintiff objects to the degree the interrogatory calls for information protected by the attorney-client privilege and attorney work-product. Plaintiff further responds that the Court-ordered pre-trial schedule will govern case-specific expert disclosures, and this information will be made available through Plaintiff's expert reports and/or testimony. Plaintiff further provides that this information will be made available through the expert depositions that will be taken in this case.

      Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff saw a commercial on television advertising legal services for persons suffering from cancer after using Roundup.

### SPECIAL INTERROGATORY NO. 2:

      If YOU believe that ROUNDUP contributed to THERESA WILSON'S alleged INJURIES, DESCRIBE how and when YOU first discovered a purported connection between ROUNDUP and non-Hodgkin's Lymphoma ("NHL"), including the source of the information and the DATE YOU were provided with the information.

### RESPONSE TO SPECIAL INTERROGATORY NO. 2:

      Plaintiff incorporates the general objections set forth above, and further objects to the request as calling for expert opinion and expert testimony, and calling for information protected by the attorney-client privilege and attorney work-product. Subject to these objections and without waiving the same, Plaintiff responds as follows: Plaintiff does not recall when she made the potential connection between ROUNDUP and Theresa Wilson's NHL. Plaintiff remembers making the connection because of a television commercial. Plaintiff cannot recall the television broadcast Plaintiff was watching.

### SPECIAL INTERROGATORY NO. 3:

      IDENTIFY all DOCUMENTS that support YOUR belief that THERESA WILSON'S alleged INJURIES were caused by OTHER GLYPHOSATE PRODUCTS.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Plaintiff incorporates the general objections set forth above. Subject to and without waiving the same, Plaintiff responds that Theresa Wilson only used Roundup and does not allege that Plaintiff's injuries were caused by anything but Roundup.

**SPECIAL INTERROGATORY NO. 4:**

IDENTIFY all DOCUMENTS that support YOUR belief that THERESA WILSON'S alleged INJURIES were caused by ROUNDUP.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is overly burdensome, oppressive, seeking expert testimony, calling for legal conclusions, seeking information that will be established closer to, and during, trial, and seeking information available to Monsanto from less expensive, burdensome and more convenient sources. Plaintiff objects to the degree the interrogatory calls for information protected by the attorney-client privilege and attorney work-product. Plaintiff directs Monsanto to the reports and/or testimony of plaintiff's experts and the exhibit lists that will be produced pursuant to the Court-ordered pretrial schedule, and further responds that the Court-ordered pretrial schedule will govern case-specific expert disclosures.

**SPECIAL INTERROGATORY NO. 5:**

DESCRIBE and IDENTIFY all DOCUMENTS that show THERESA WILSON'S out-of-pocket costs, including medical expenses, that THERESA WILSON paid in connection with THERESA WILSON'S INJURIES and for which YOU are seeking compensation in this LAWSUIT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Plaintiff incorporates the general objections set forth above, and further objects to the request as overly broad, burdensome, and oppressive. Subject to and without waiving the same, Plaintiff refers Monsanto to the executed authorizations by which it may obtain Theresa Wilson's medical billing records. Plaintiff also refers Monsanto to Plaintiff's executed PFS.

**SPECIAL INTERROGATORY NO. 6:**

IDENTIFY all diaries, calendars, journals, logs, videos, letters, and other DOCUMENTS or materials prepared by YOU and/or THERESA WILSON describing, discussing, explaining or referring to THERESA WILSON'S use of or exposure to ROUNDUP.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Plaintiff incorporates the general objections set forth above, and further objects to the degree the interrogatory calls for information protected by the attorney-client privilege and attorney work-product. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff does not possess any non-privileged materials described in Interrogatory No. 6.

**PLAINTIFF DANIELLE HARRIS'S FIRST AMENDED RESPONSE TO DEFENDANT MONSANTO'S SPECIAL INTERROGATORIES, SET ONE**

**SPECIAL INTERROGATORY NO. 7:**

IDENTIFY all diaries, calendars, journals, logs, videos, letters, and other DOCUMENTS or materials prepared by YOU and/or THERESA WILSON describing, discussing, explaining or referring to THERESA WILSON'S use of or exposure to OTHER GLYPHOSATE PRODUCTS.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Please see response to Interrogatory No. 6.

**SPECIAL INTERROGATORY NO. 8:**

IDENTIFY every location (including the address) where THERESA WILSON personally applied ROUNDUP.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is duplicative of requests answered in Plaintiff's PFS. Subject to and without waiving these objections, Plaintiff responds as follows:

1. 612 Macduff Ave, Stockton, CA 95210
2. 1062 Goettingen St, San Francisco, CA 94134
3. 3555 62nd Ave, Oakland, CA 94605
4. 7009 Lacey Ave, Oakland, CA 94605

**SPECIAL INTERROGATORY NO. 9:**

For each location YOU have IDENTIFIED in YOUR response to Special Interrogatory No. 8, DESCRIBE why THERESA WILSON used, mixed, or sprayed ROUNDUP at that location, including the purpose of spraying (e.g., gardening, lawn maintenance, building façade cleaning, etc.) and the rationale for THERESA WILSON frequency of spraying at that location.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is duplicative of requests answered in Plaintiff's PFS. Subject to and without waiving these objections, Plaintiff responds as follows:

1. 612 Macduff Ave, Stockton, CA 95210 — Roundup was used for home maintenance and as a self-employed landscaper to kill weeds on the property. The frequency was based on the growth of the weeds.
2. 1062 Goettingen St, San Francisco, CA 94134 — Roundup was used for home maintenance and as a self-employed landscaper to kill weeds on the property. The frequency was based on the growth of the weeds.
3. 3555 62nd Ave, Oakland, CA 94605 — Roundup was used for home maintenance and as a self-employed landscaper to kill weeds on the property. The frequency was based on the growth of the weeds.
4. 7009 Lacey Ave, Oakland, CA 94605 — Roundup was used for home maintenance and as a self-employed landscaper to kill weeds on the property. The frequency was based on the growth of the weeds.

PLAINTIFF DANIELLE HARRIS'S FIRST AMENDED RESPONSE TO DEFENDANT MONSANTO'S SPECIAL INTERROGATORIES, SET ONE

**SPECIAL INTERROGATORY NO. 10:**

      For each location YOU have IDENTIFIED in YOUR response to Special Interrogatory No. 8, DESCRIBE the EXTERIOR PORTION where THERESA WILSON used or sprayed ROUNDUP.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

      Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is duplicative of requests answered in Plaintiff's PFS. Subject to and without waiving these objections, Plaintiff responds as follows:

1. 612 Macduff Ave, Stockton, CA 95210 — Single family residence with an attached parking garage and a yard with lots of weeds, a privacy fence, a few trees, flower beds, and grass.
2. 1062 Goettingen St, San Francisco, CA 94134 — Single family residence with an attached parking garage, driveway, and small yard.
3. 3555 62nd Ave, Oakland, CA 94605 — Apartment complex with a yard with lots of weeds, flowers, grass, and trees.
4. 7009 Lacey Ave, Oakland, CA 94605 — Single family residence with a yard and cracked driveway with lots of weeds, flowers beds, and grass.

**SPECIAL INTERROGATORY NO. 11:**

      For each location YOU have IDENTIFIED in YOUR response to Special Interrogatory No. 8, IDENTIFY the DATES of use of ROUNDUP.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

      Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is duplicative of requests answered in Plaintiff's PFS. Subject to and without waiving these objections, Plaintiff responds as follows:

1. 612 Macduff Ave, Stockton, CA 95210 — 2015-2018
2. 1062 Goettingen St, San Francisco, CA 94134 — 1975-1980
3. 3555 62nd Ave, Oakland, CA 94605 — 2009-2018
4. 7009 Lacey Ave, Oakland, CA 94605 — 1980-1997

**SPECIAL INTERROGATORY NO. 12:**

      For each location YOU have IDENTIFIED in YOUR response to Special Interrogatory No. 8, IDENTIFY all PERSONS that witnessed THERESA WILSON'S use of ROUNDUP.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

      Plaintiff incorporates the general objections set forth above, and further objects on the basis that the pre-trial schedule will specifically identify a date for the mutual exchange of witness lists.

      Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff, Danielle Harris, witnessed Theresa Wilson using Roundup. Dionne Wilson may have witnessed Theresa Wilson using Roundup. Additionally, the then-owners of the locations that hired Theresa Wilson for her landscaping services witnessed Theresa Wilson using Roundup.

1. Plaintiff, Danielle Harris: 612 Macduff Ave, Stockton, CA 95210; (209) 271-5767

8

2.  Dionne Wilson: Oakland, CA; (510) 473-2997

**SPECIAL INTERROGATORY NO. 13:**

For each location YOU have IDENTIFIED in YOUR response to Special Interrogatory No. 8, IDENTIFY all DOCUMENTS that refer to or evidence THERESA WILSON'S use of ROUNDUP.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

Plaintiff incorporates the general objections set forth above. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff does not have any materials responsive to this request.

**SPECIAL INTERROGATORY NO. 14:**

For each location YOU have IDENTIFIED in YOUR response to Special Interrogatory No. 8, DESCRIBE THERESA WILSON'S use of ROUNDUP including the amount of the product applied during the relevant time period, the number of applications THERESA WILSON made per year, the approximate time it took for each application, the number and size of bottles THERESA WILSON purchased per year for THERESA WILSON'S use, the amount THERESA WILSON used per square foot during each application.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is overly burdensome, oppressive, calls for expert testimony, and is duplicative of requests answered in Plaintiff's PFS.

Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff incorporates the responses set forth in Plaintiff's PFS as if fully set forth herein and further responds that Thresa Wilson used Roundup multiple times a month. Theresa Wilson also sprayed Roundup during the fall months. Theresa Wilson would spray Roundup for between 1 and 2 hours during each spray period per landscaping employment location. Theresa Wilson used ROUNDUP L & G READY-TO-USE FAST ACTING FORMULA GRASS & WEED KILLER and ROUNDUP CONCENTRATE. Plaintiff states that the containers were gallon size containers.

**SPECIAL INTERROGATORY NO. 15:**

For each location YOU have IDENTIFIED in YOUR response to Special Interrogatory No. 8, DESCRIBE the container(s) from which the ROUNDUP came.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

Plaintiff incorporates the general objections set forth above. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff states that the containers were white and/or black gallon size containers.

**SPECIAL INTERROGATORY NO. 16:**

For each location YOU have IDENTIFIED in YOUR response to Special Interrogatory No. 8, DESCRIBE any equipment or SPRAYERS utilized to apply the ROUNDUP.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

9

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is overly vague. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff incorporates the responses set forth in Plaintiff's PFS as if fully set forth herein and further responds that Theresa Wilson sprayed Roundup grass and weed killer directly on to weeds with a sprayer. Theresa Wilson sometimes wore gardening gloves and/or a cloth mask.

**SPECIAL INTERROGATORY NO. 17:**

For each location YOU have IDENTIFIED in YOUR response to Special Interrogatory No. 8, IDENTIFY the suppliers or retailers from which THERESA WILSON purchased the ROUNDUP and/or SPRAYER.

**RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

Plaintiff incorporates the general objections set forth above. Subject to and without waiving these objections, Plaintiff responds as follows:

1. Home Depot – 1933 Davis St, San Leandro, CA 94577
2. Walmart – 1919 Davis St, San Leandro, CA 94577
3. CostCo – 450 10th St, San Francisco, CA 94103
4. CostCo – 1900 Davis St, San Leandro, CA 94577
5. Laurel Ace Hardware – 4024 MacArthur Blvd, Oakland, CA 94619

**SPECIAL INTERROGATORY NO. 18:**

For each supplier or retailer IDENTIFIED in YOUR answer to Special Interrogatory No. 17, please IDENTIFY all credit card numbers, rewards card numbers, and membership numbers used to purchase ROUNDUP and/or a SPRAYER.

**RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

Plaintiff incorporates the general objections set forth above, and further objects to the request as having no relevancy to the central issues of this lawsuit and calls for information protected by Plaintiff's right of privacy. Plaintiff further responds that Roundup was purchased by Theresa Wilson using cash exclusively.

**SPECIAL INTERROGATORY NO. 19:**

IDENTIFY any PERSON(s) with personal knowledge or information to support any of the allegations, claims, and/or alleged INJURIES asserted in the COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is premature. Plaintiff directs Monsanto to the witness list that will be produced in accordance with the scheduling order for this case. Plaintiff further directs Monsanto to the voluminous medical records and authorizations produced and executed to date.

Subject to and without waiving these objections, Plaintiff responds as follows: Healthcare providers identified in the pertinent medical records and in Plaintiff's PFS may have personal knowledge of the care and treatment of Theresa Wilson's NHL. Theresa Wilson's family members and close friends may have personal knowledge regarding Theresa Wilson's use of Roundup and

10

NHL. They include Danielle Harris (Plaintiff), Johnette Wilson (Theresa's sibling), and Dionne Wilson (Theresa's sibling). These individuals may be contacted through Plaintiff's counsel.

**SPECIAL INTERROGATORY NO. 20:**

For each PERSON YOU IDENTIFIED in response to Special Interrogatory No. 19, DESCRIBE the personal knowledge or information possessed by each such PERSON.

**RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is premature. Plaintiff directs Monsanto to the witness list that will be produced in accordance with the scheduling order for this case. Plaintiff further directs Monsanto to the voluminous medical records and authorizations produced and executed to date.

Subject to and without waiving these objections, Plaintiff responds as follows: Theresa Wilson's family and the providers noted in Plaintiff's PFS and medical records may have personal knowledge of Theresa Wilson's NHL diagnosis and treatment. Theresa Wilson's family also has personal knowledge of Theresa Wilson's use of Roundup.

**SPECIAL INTERROGATORY NO. 21:**

IDENTIFY all advertisements (including radio, television, print, on-line, etc.) that YOU and/or THERESA WILSON saw, heard or read regarding ROUNDUP, including the DATE(s) that YOU and/or THERESA WILSON saw, heard or read the advertisements.

**RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

Plaintiff incorporates the general objections set forth above. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff does not have personal knowledge as to whether Theresa Wilson may have seen advertisements for Roundup on television regarding using Roundup to kill weeds. Plaintiff did not see these advertisements.

**SPECIAL INTERROGATORY NO. 22:**

For each advertisement IDENTIFIED in YOUR response to Special Interrogatory No. 21, DESCRIBE the advertisement and any statements made in the advertisement about ROUNDUP.

**RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

Plaintiff incorporates the general objections set forth above. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff does not have personal knowledge as to the description or statements made in the advertisements about Roundup that Theresa Wilson may have seen.

**SPECIAL INTERROGATORY NO. 23:**

IDENTIFY any ROUNDUP labels that YOU and/or THERESA WILSON read, the DATES YOU and/or THERESA WILSON read the label, and what ROUNDUP product the label was affixed to.

**RESPONSE TO SPECIAL INTERROGATORY NO. 23:**

11

Plaintiff incorporates the general objections set forth above. Subject to and without waiving these objections, Plaintiff responds as follows: Theresa Wilson may have read the Roundup product labels. The label was affixed to the Roundup bottle Theresa Wilson used. Plaintiff did not read the labels.

**SPECIAL INTERROGATORY NO. 24:**

IDENTIFY and DESCRIBE all instances where THERESA WILSON used, mixed, or applied ROUNDUP not in accordance with the label, the DATES each instance occurred, and how much ROUNDUP THERESA WILSON used per square foot during each instance.

**RESPONSE TO SPECIAL INTERROGATORY NO. 24:**

Plaintiff incorporates the general objections set forth above. Subject to and without waiving these objections, Plaintiff responds as follows: Theresa Wilson used Roundup according to the directions.

**SPECIAL INTERROGATORY NO. 25:**

IDENTIFY all instances where THERESA WILSON used, mixed, or applied ROUNDUP without using personal protective equipment, including but not limited to gloves, masks, safety goggles, shoes, boots and clothing.

**RESPONSE TO SPECIAL INTERROGATORY NO. 25:**

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is duplicative of requests answered in Plaintiff's PFS.

Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff incorporates the responses set forth in Plaintiff's PFS as if fully set forth herein and further responds that Theresa Wilson sometimes wore gardening gloves and/or a cloth mask.

**SPECIAL INTERROGATORY NO. 26:**

IDENTIFY and DESCRIBE all instances or events where ROUNDUP came in contact with THERESA WILSON'S skin, including how long (in minutes or hours) ROUNDUP remained on THERESA WILSON'S skin, the DATE each instance occurred, what measures THERESA WILSON took in response, and how long THERESA WILSON waited before taking these measures.

**RESPONSE TO SPECIAL INTERROGATORY NO. 26:**

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is overly vague.

Subject to and without waiving these objections, Plaintiff responds as follows: Theresa Wilson would come into contact with Roundup during use. Roundup would come into contact with her arms, hands, and face. Sometimes a new container of Roundup would spill on Theresa Wilson when she first opened the container. Sometimes when spraying Roundup, the wind would blow Roundup back on to Theresa Wilson. Theresa Wilson would perform landscaping services for one location, wash her hands, and then move on to the next location. Theresa Wilson's landscaping services took approximately 1 to 2 hours to complete per location.

**PLAINTIFF DANIELLE HARRIS'S FIRST AMENDED RESPONSE TO DEFENDANT MONSANTO'S SPECIAL INTERROGATORIES, SET ONE**

**SPECIAL INTERROGATORY NO. 27:**

Has any PERSON ever used, mixed, or applied ROUNDUP in THERESA WILSON'S presence?

**RESPONSE TO SPECIAL INTERROGATORY NO. 27:**

Plaintiff incorporates the general objections set forth above. Subject to and without waiving these objections, Plaintiff responds as follows: No other person used, mixed, or applied Roundup in Theresa Wilson's presence.

**SPECIAL INTERROGATORY NO. 28:**

If YOUR response to Special Interrogatory No. 27 was in the affirmative, please IDENTIFY the PERSON(S) that used, mixed, or applied ROUNDUP in THERESA WILSON'S presence as well as the time and location of the occurrence.

**RESPONSE TO SPECIAL INTERROGATORY NO. 28:**

Please see response to Interrogatory No. 27.

**SPECIAL INTERROGATORY NO. 29:**

DESCRIBE the use of ROUNDUP by anyone in THERESA WILSON'S presence, including the name of the PERSON(S) who used the ROUNDUP, the amount of ROUNDUP applied during the relevant time period, the number of applications made per year, the approximate time it took for each application, the number and size of bottles purchased per year for use, and the amount used per square foot during each application.

**RESPONSE TO SPECIAL INTERROGATORY NO. 29:**

Please see response to Interrogatory No. 27.

**SPECIAL INTERROGATORY NO. 30:**

Did THERESA WILSON ever mix ROUNDUP with any other substance or liquid prior to application?

**RESPONSE TO SPECIAL INTERROGATORY NO. 30:**

Plaintiff incorporates the general objections set forth above. Subject to and without waiving these objections, Plaintiff responds as follows: Theresa Wilson mixed Roundup concentrate with water according to the directions.

**SPECIAL INTERROGATORY NO. 31:**

If YOUR answer to Special Interrogatory No. 30 is in the affirmative, IDENTIFY the other substance or liquid used in the mix and DESCRIBE the mixing process.

**RESPONSE TO SPECIAL INTERROGATORY NO. 31:**

Plaintiff incorporates the general objections set forth above. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff mixed Roundup concentrate with water according to the directions.

13

**SPECIAL INTERROGATORY NO. 32:**
IDENTIFY all locations where THERESA WILSON used OTHER GLYPHOSATE PRODUCTS.

**RESPONSE TO SPECIAL INTERROGATORY NO. 32:**
Please see response to Interrogatory No. 34.

**SPECIAL INTERROGATORY NO. 33:**
DESCRIBE all instances of THERESA WILSON'S use of OTHER GLYPHOSATE PRODUCTS.

**RESPONSE TO SPECIAL INTERROGATORY NO. 33:**
Please see response to Interrogatory No. 34.

**SPECIAL INTERROGATORY NO. 34:**
IDENTIFY all locations where other PERSONS used OTHER GLYPHOSATE PRODUCTS in THERESA WILSON'S presence.

**RESPONSE TO SPECIAL INTERROGATORY NO. 34:**
Plaintiff incorporates the general objections set forth above. Subject to and without waiving these objections, Plaintiff responds as follows: No other person used, mixed, or applied other glyphosate products in Theresa Wilson's presence.

**SPECIAL INTERROGATORY NO. 35:**
DESCRIBE all instances where other PERSONS used OTHER GLYPHOSATE PRODUCTS in THERESA WILSON'S presence.

**RESPONSE TO SPECIAL INTERROGATORY NO. 35:**
Please see response to Interrogatory No. 34.

**SPECIAL INTERROGATORY NO. 36:**
IDENTIFY all locations where THERESA WILSON purchased OTHER GLYPHOSATE PRODUCTS.

**RESPONSE TO SPECIAL INTERROGATORY NO. 36:**
Please see response to Interrogatory No. 3.

**SPECIAL INTERROGATORY NO. 37:**
For each location IDENTIFIED in YOUR answer to Special Interrogatory No. 36, please IDENTIFY all credit card numbers, rewards card numbers, and membership numbers used to purchase OTHER GLYPHOSATE PRODUCTS.

**RESPONSE TO SPECIAL INTERROGATORY NO. 37:**
Please see response to Interrogatory No. 3.

14

**SPECIAL INTERROGATORY NO. 38:**

Provide an itemized list of all medical expenses for which YOU are seeking to recover in this LAWSUIT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 38:**

Please see response to Interrogatory No. 5.

**SPECIAL INTERROGATORY NO. 39:**

IDENTIFY all diaries, calendars, journals, logs, videos, letters, and other DOCUMENTS or materials prepared by YOU and/or THERESA WILSON describing, discussing, explaining or referring to THRESA WILSON'S diagnosis with NHL and the associated treatment and care.

**RESPONSE TO SPECIAL INTERROGATORY NO. 39:**

Plaintiff incorporates the general objections set forth above, and further objects to the degree the interrogatory calls for information protected by the attorney-client privilege and attorney work-product.

Subject to and without waiving these, Plaintiff responds as follows: Plaintiff does not possess any non-privileged materials described in Interrogatory No. 39, other than the medical records Plaintiff has already produced.

**SPECIAL INTERROGATORY NO. 40:**

IDENTIFY all diaries, calendars, journals, logs, videos, letters, and other DOCUMENTS or materials prepared by YOU and/or THERESA WILSON'S describing, discussing, explaining or referring to THERESA WILSON'S prior medical conditions, diseases, diagnoses, cancer treatments, and alleged INJURIES.

**RESPONSE TO SPECIAL INTERROGATORY NO. 40:**

Plaintiff incorporates the general objections set forth above, and further objects to the degree the interrogatory calls for information protected by the attorney-client privilege and attorney work-product.

Subject to and without waiving these, Plaintiff responds as follows: Plaintiff does not possess any non-privileged materials described in Interrogatory No. 40, other than the medical records Plaintiff has already produced.

**SPECIAL INTERROGATORY NO. 41:**

IDENTIFY and DESCRIBE all alleged INJURIES (including emotional, mental, physical, or psychological INJURIES) that YOU and/or THERESA WILSON claim to have experienced as a result of THERESA WILSON'S use of ROUNDUP.

**RESPONSE TO SPECIAL INTERROGATORY NO. 41:**

Plaintiff incorporates the general objections set forth above, and further objects to this request on the basis of the request being overly burdensome and forcing Plaintiff to marshal all Plaintiff's evidence. Subject to and without waiving these objections, Plaintiff responds as follows: Theresa Wilson's exposure to Roundup caused Theresa Wilson to develop low-grade B-cell non-Hodgkin's lymphoma, marginal zone lymphoma with Waldenstrom macroglobulinemia.

As a result of Theresa Wilson's NHL diagnosis, Theresa Wilson was forced to undergo extensive chemotherapy and treatment that caused Theresa Wilson extreme physical pain and discomfort, extreme emotional distress, mental anguish, and severe medical complications and symptoms including but not limited to chronic fatigue and general weakness, and chronic and debilitating chemo-induced peripheral neuropathy and numbness.

Theresa Wilson's physical mobility and cognition was severely impacted by her chemotherapy, and limited Theresa Wilson's ability to communicate, care for herself, and engage in activities of daily living. Theresa Wilson experienced severe emotional distress, depression, and anxiety due to a diminished quality of life in which she had an extremely difficult time ambulating and taking care of herself without obtaining assistance from Plaintiff.

**SPECIAL INTERROGATORY NO. 42:**

For every INJURY YOU IDENTIFIED in response to Interrogatory No. 41, STATE whether THERESA WILSON was diagnosed with a condition (or conditions) related to this emotional, mental, physical or psychological INJURY.

**RESPONSE TO SPECIAL INTERROGATORY NO. 42:**

Plaintiff incorporates the general objections set forth above, and further objects on the basis of the request being overly burdensome and vague. Plaintiff directs Monsanto to Plaintiff's PFS and the voluminous medical records and authorizations produced and executed to date.

Subject to and without waiving these objections, Plaintiff responds as follows: Theresa Wilson was diagnosed with Low-grade B-cell non-Hodgkin's lymphoma, marginal zone lymphoma with Waldenstrom macroglobulinemia and various symptoms and complications associated with NHL and chemotherapy for her NHL.

**SPECIAL INTERROGATORY NO. 43:**

For every INJURY YOU IDENTIFIED in response to Interrogatory No. 41, STATE when THERESA WILSON first began to experience symptoms of that INJURY and whether or not those symptoms have resolved.

**RESPONSE TO SPECIAL INTERROGATORY NO. 43:**

Plaintiff incorporates the general objections set forth above. Plaintiff directs Monsanto to Plaintiff's PFS and the voluminous medical records and authorizations produced and executed to date.

Subject to and without waiving these objections, Plaintiff responds as follows: Theresa Wilson first began to experience symptoms of NHL in or around March of 2011. Theresa Wilson was first diagnosed with NHL in July of 2011 by Dr. Oleg I. Krijanovski at Alta Bates Summit Medical Center. Theresa Wilson began experiencing the other injuries outlined in Response to Interrogatory No. 41 shortly after being diagnosed and undergoing treatment.

**SPECIAL INTERROGATORY NO. 44:**

If YOU believe that OTHER GLYPHOSATE PRODUCTS contributed to THERESA WILSON'S alleged INJURIES give the basis for YOUR belief that OTHER GLYPHOSATE PRODUCTS contributed to THERESA WILSON'S alleged INJURIES.

16

**RESPONSE TO SPECIAL INTERROGATORY NO. 44:**

　　Please see response to Interrogatory No. 3.

**SPECIAL INTERROGATORY NO. 45:**

　　IDENTIFY all economic damages which YOU are seeking to recover in this LAWSUIT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 45:**

　　Plaintiff incorporates the general objections set forth above, and further objects to the request as calling for expert testimony, overly broad, burdensome, and prematurely seeking information that will be determined and/or provided at a later stage of litigation.

　　Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff's economic damages include but are not limited to travel expenses, loss of ability to provide household services, lifestyle changes, medical costs associated with treatment, and loss of earning capacity. Information concerning costs and/or damages will be provided later in the course of litigation through expert and fact witnesses. Plaintiff further refers Monsanto to Plaintiff's executed PFS and Plaintiff's executed authorizations by which it may obtain Plaintiff's medical billing records.

**SPECIAL INTERROGATORY NO. 46:**

　　IDENTIFY all DOCUMENTS that support YOUR claim for economic damages in this LAWSUIT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 46:**

　　Please see response to Interrogatory No. 45. Plaintiff will supplement this response in accordance with the scheduling order.

**SPECIAL INTERROGATORY NO. 47:**

　　IDENTIFY all non-economic damages which YOU are seeking to recover in this LAWSUIT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 47:**

　　Plaintiff incorporates the general objections set forth above. Subject to and without waiving these, Plaintiff responds as follows: Plaintiff's non-economic damages include but are not limited to, mental suffering, emotional distress, grief, anxiety, survival, and wrongful death.

**SPECIAL INTERROGATORY NO. 48:**

　　IDENTIFY all DOCUMENTS that support YOUR claim for non-economic damages in this LAWSUIT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 48:**

　　Please see response to Interrogatory No. 47. Plaintiff will supplement this response in accordance with the scheduling order.

**SPECIAL INTERROGATORY NO. 49:**

17

STATE whether any HEALTH CARE PRACTITIONER that has treated THERESA WILSON for THERESA WILSON'S NHL has offered an opinion on the cause or causes of THERESA WILSON'S NHL.

**RESPONSE TO SPECIAL INTERROGATORY NO. 49:**

Plaintiff incorporates the general objections set forth. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff has not been given opinions of causation by healthcare practitioners as identified in Interrogatory No. 49.

**SPECIAL INTERROGATORY NO. 50:**

If YOUR answer to Interrogatory No. 49 was in the affirmative, please IDENTIFY those HEALTH CARE PRACTITIONER(s) that offered an opinion on the cause or causes of THERESA WILSON'S NHL.

**RESPONSE TO SPECIAL INTERROGATORY NO. 50:**

Please see response to Interrogatory No. 49.

**SPECIAL INTERROGATORY NO. 51:**

If YOUR answer to Interrogatory No. 49 was in the affirmative, please STATE what cause or causes any HEALTH CARE PRACTITIONER IDENTIFIED with regard to THERESA WILSON'S NHL.

**RESPONSE TO SPECIAL INTERROGATORY NO. 51:**

Please see response to Interrogatory No. 49.

**SPECIAL INTERROGATORY NO. 52:**

IDENTIFY all HEALTH CARE PRACTITIONERS, including but not limited to hospitals, emergency medical service providers, physicians, therapists, and psychologists, who saw or treated THERESA WILSON, for any reason whatsoever, since January 1, 1980, including in YOUR response the condition(s) for which they treated THERESA WILSON, the DATE(s) in which they treated THERESA WILSON, and the location at which they treated THERESA WILSON.

**RESPONSE TO SPECIAL INTERROGATORY NO. 52:**

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is overly burdensome, oppressive, and seeks information beyond matters placed at issue in this litigation, and is not reasonably calculated to lead to admissible evidence. Plaintiff directs Monsanto to Plaintiff's PFS where this question has been addressed. Plaintiff further responds that she does not recall which physicians Theresa Wilson saw prior to 2010.

**SPECIAL INTERROGATORY NO. 53:**

IDENTIFY all HEALTH CARE PROVIDERS, including but not limited to hospitals, emergency medical service providers, physicians, therapists, and psychologists, who saw or treated THERESA WILSON for THERESA WILSON'S NHL.

18

**RESPONSE TO SPECIAL INTERROGATORY NO. 53:**

　　　Plaintiff incorporates the general objections set forth above. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff directs Monsanto to Plaintiff's PFS where this question has been addressed. Plaintiff also directs Monsanto to the voluminous medical records and authorizations produced and executed to date.

**SPECIAL INTERROGATORY NO. 54:**

　　　Has THERESA WILSON ever been diagnosed with a form of cancer other than NHL?

**RESPONSE TO SPECIAL INTERROGATORY NO. 54:**

　　　Plaintiff incorporates the general objections set forth above. Subject to and without waiving these objections, Plaintiff responds as follows: Theresa Wilson has been diagnosed with lung cancer.

**SPECIAL INTERROGATORY NO. 55:**

　　　If YOUR answer to Special Interrogatory No. 54 was in the affirmative, IDENTIFY the type of cancer and IDENTIFY all HEALTH CARE PRACTITIONERS, including but not limited to hospitals, emergency medical service providers, physicians, therapists, and psychologists, who saw or treated THERESA WILSON, for that cancer and/or provided treatment or management for that cancer, including in YOUR response the DATE(s) in which they treated THERESA WILSON, and the location at which they treated THERESA WILSON.

**RESPONSE TO SPECIAL INTERROGATORY NO. 55:**

　　　Plaintiff incorporates the general objections set forth above. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff was diagnosed with lung cancer by Dr. Amod Tendulkar at St. Joseph's Medical Center in June of 2018.

**SPECIAL INTERROGATORY NO. 56:**

　　　IDENTIFY all herbicides, rodenticides and/or insecticides that THERESA WILSON used, applied, handled, or were exposed to for either personal or work-related purposes.

**RESPONSE TO SPECIAL INTERROGATORY NO. 56:**

　　　Plaintiff incorporates the general objections set forth above. Subject to and without waiving these objections, Plaintiff responds as follows: Theresa Wilson only used Roundup.

**SPECIAL INTERROGATORY NO. 57:**

　　　IDENTIFY all locations where THERESA WILSON purchased herbicides, rodenticides, and/or insecticides.

**RESPONSE TO SPECIAL INTERROGATORY NO. 57:**

　　　Please see response to Interrogatory No. 56.

**SPECIAL INTERROGATORY NO. 58:**

For each location IDENTIFIED in YOUR answer to Special Interrogatory No. 57, please IDENTIFY all credit card numbers, rewards card numbers, and membership numbers used to purchase herbicides, rodenticides and/or insecticides.

**RESPONSE TO SPECIAL INTERROGATORY NO. 58:**

Please see response to Interrogatory No. 56.

**SPECIAL INTERROGATORY NO. 59:**

DESCRIBE THERESA WILSON'S work history.

**RESPONSE TO SPECIAL INTERROGATORY NO. 59:**

Plaintiff incorporates the general objections set forth above. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff directs Monsanto to Plaintiff's PFS where this question has already been addressed.

**SPECIAL INTERROGATORY NO. 60:**

DESCRIBE and IDENTIFY all DOCUMENTS that show THERESA WILSON'S employment status, including hours worked, compensation, and performance evaluations.

**RESPONSE TO SPECIAL INTERROGATORY NO. 60:**

Plaintiff incorporates the general objections set forth above, and further objects on the basis of the request being overly broad, burdensome, and vague. Subject to and without waiving these objections, Plaintiff responds as follows: Theresa Wilson was a self-employed landscaper from approximately January of 1978 to July of 2018. Theresa Wilson is now deceased. Plaintiff refers Monsanto to Plaintiff's PFS.

**SPECIAL INTERROGATORY NO. 61:**

IDENTIFY the employers of each of THERESA WILSON'S spouses.

**RESPONSE TO SPECIAL INTERROGATORY NO. 61:**

Plaintiff incorporates the general objections set forth above, and further objects to the request as having no relevancy to the central issue of this litigation. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff states that Theresa Wilson was never married.

**SPECIAL INTERROGATORY NO. 62:**

IDENTIFY all social media accounts (e.g., LinkedIn, Facebook, Twitter, Tumblr, Instagram, Pinterest, etc.) YOU and/or THERESA WILSON have used in the past five (5) years.

**RESPONSE TO SPECIAL INTERROGATORY NO. 62:**

Plaintiff incorporates the general objections set forth above, and further objects to the request as overly broad, having no relevancy to the central issues of this lawsuit, and calling for information protected by Plaintiff's right of privacy. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff states that Theresa Wilson's cousin created a

20

Facebook profile for Theresa Wilson before she passed. Plaintiff does not have any social media accounts.

**SPECIAL INTERROGATORY NO. 63:**

IDENTIFY all electronic accounts (e.g., Gmail, Yahoo, Comcast, Verizon, iChat, Apple FaceTime, AOL Instant Messenger, BlackBerry Messenger, GroupMe, WhatsApp, and TikTok, etc.) YOU and/or THERESA WILSON have used in the past five (5) years.

**RESPONSE TO SPECIAL INTERROGATORY NO. 63:**

Plaintiff incorporates the general objections set forth above, and further objects to the request as overly broad, having no relevancy to the central issues of this lawsuit, and calling for information protected by Plaintiff's right of privacy. Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff does have a Gmail email account. Plaintiff does not have personal knowledge as to whether or not Theresa Wilson had any electronic accounts.

**SPECIAL INTERROGATORY NO. 64:**

If YOU and/or THERESA WILSON have had any contact or COMMUNICATION with MONSANTO, MONSANTO subsidiaries, or MONSANTO-related vendors, IDENTIFY each such contact or COMMUNICATION.

**RESPONSE TO SPECIAL INTERROGATORY NO. 64:**

Plaintiff incorporates the general objections set forth above. Subject to and without waiving these objections, Plaintiff responds as follows: Theresa Wilson and Plaintiff have had no communications with Monsanto or Monsanto-related subsidiaries or Monsanto-related vendors.

**SPECIAL INTERROGATORY NO. 65:**

State all facts that relate to YOUR first cause of action against MONSANTO for "Strict Liability - Design Defect."

**RESPONSE TO SPECIAL INTERROGATORY NO. 65:**

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is premature, overly burdensome, oppressive, calls for information protected by the attorney-client privilege and attorney work-product, calls for expert testimony, and forces Plaintiff to marshal all evidence at this stage in the litigation. Plaintiff also specifically objects to the request in so far as it attempts to solicit premature expert designations. The parties will exchange testifying expert designations on an agreed-upon date and conduct depositions in this matter pursuant to the applicable scheduling order. Plaintiff will also exchange exhibits pursuant to the applicable scheduling order. Finally, Plaintiff directs Monsanto to all documents produced in this case heretofore and those listed as exhibits in *Johnson v. Monsanto* (Super. Ct. County of San Francisco, Case No. CGC-16-550128) and *Pilliod et al. v. Monsanto Company* (Super. Ct. County of Alameda, Case No. RG17862702) *Stephens v. Monsanto Company, et al.* (Super. Ct. County of San Bernardino, Case No. CIVSB2104801) and *Clark v. Monsanto Company, et al.* (Super. Ct. County of Los Angeles, Case No. 20STCV46616.

**SPECIAL INTERROGATORY NO. 66:**

21

State all facts that relate to YOUR second cause of action against MONSANTO for "Strict Liability - Failure to Warn."

**RESPONSE TO SPECIAL INTERROGATORY NO. 66:**

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is premature, overly burdensome, oppressive, calls for information protected by the attorney-client privilege and attorney work-product, calls for expert testimony, and forces Plaintiff to marshal all evidence at this stage in the litigation. Plaintiff also specifically objects to the request in so far as it attempts to solicit premature expert designations. The parties will exchange testifying expert designations on an agreed-upon date and conduct depositions in this matter pursuant to the applicable scheduling order. Plaintiff will also exchange exhibits pursuant to the applicable scheduling order. Finally, Plaintiff directs Monsanto to all documents produced in this case heretofore and those listed as exhibits in *Johnson v. Monsanto* (Super. Ct. County of San Francisco, Case No. CGC-16-550128) and *Pilliod et al. v. Monsanto Company* (Super. Ct. County of Alameda, Case No. RG17862702) *Stephens v. Monsanto Company, et al.* (Super. Ct. County of San Bernardino, Case No. CIVSB2104801) and *Clark v. Monsanto Company, et al.* (Super. Ct. County of Los Angeles, Case No. 20STCV46616.

**SPECIAL INTERROGATORY NO. 67:**

State all facts that relate to YOUR third cause of action against MONSANTO for "Negligence."

**RESPONSE TO SPECIAL INTERROGATORY NO. 67:**

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is premature, overly burdensome, oppressive, calls for information protected by the attorney-client privilege and attorney work-product, calls for expert testimony, and forces Plaintiff to marshal all evidence at this stage in the litigation. Plaintiff also specifically objects to the request in so far as it attempts to solicit premature expert designations. The parties will exchange testifying expert designations on an agreed-upon date and conduct depositions in this matter pursuant to the applicable scheduling order. Plaintiff will also exchange exhibits pursuant to the applicable scheduling order. Finally, Plaintiff directs Monsanto to all documents produced in this case heretofore and those listed as exhibits in *Johnson v. Monsanto* (Super. Ct. County of San Francisco, Case No. CGC-16-550128) and *Pilliod et al. v. Monsanto Company* (Super. Ct. County of Alameda, Case No. RG17862702) *Stephens v. Monsanto Company, et al.* (Super. Ct. County of San Bernardino, Case No. CIVSB2104801) and *Clark v. Monsanto Company, et al.* (Super. Ct. County of Los Angeles, Case No. 20STCV46616.

**SPECIAL INTERROGATORY NO. 68:**

State all facts that relate to YOUR fourth cause of action against MONSANTO for "Fraud."

**RESPONSE TO SPECIAL INTERROGATORY NO. 68:**

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is premature, overly burdensome, oppressive, calls for information protected by the attorney-client privilege and attorney work-product, calls for expert

testimony, and forces Plaintiff to marshal all evidence at this stage in the litigation. Plaintiff also specifically objects to the request in so far as it attempts to solicit premature expert designations. The parties will exchange testifying expert designations on an agreed-upon date and conduct depositions in this matter pursuant to the applicable scheduling order. Plaintiff will also exchange exhibits pursuant to the applicable scheduling order. Finally, Plaintiff directs Monsanto to all documents produced in this case heretofore and those listed as exhibits in *Johnson v. Monsanto* (Super. Ct. County of San Francisco, Case No. CGC-16-550128) and *Pilliod et al. v. Monsanto Company* (Super. Ct. County of Alameda, Case No. RG17862702) *Stephens v. Monsanto Company, et al.* (Super. Ct. County of San Bernardino, Case No. CIVSB2104801) and *Clark v. Monsanto Company, et al.* (Super. Ct. County of Los Angeles, Case No. 20STCV46616.

**SPECIAL INTERROGATORY NO. 69:**

State all facts that relate to YOUR fifth cause of action against MONSANTO for "Breach of Express Warranties."

**RESPONSE TO SPECIAL INTERROGATORY NO. 69:**

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is premature, overly burdensome, oppressive, calls for information protected by the attorney-client privilege and attorney work-product, calls for expert testimony, and forces Plaintiff to marshal all evidence at this stage in the litigation. Plaintiff also specifically objects to the request in so far as it attempts to solicit premature expert designations. The parties will exchange testifying expert designations on an agreed-upon date and conduct depositions in this matter pursuant to the applicable scheduling order. Plaintiff will also exchange exhibits pursuant to the applicable scheduling order. Finally, Plaintiff directs Monsanto to all documents produced in this case heretofore and those listed as exhibits in *Johnson v. Monsanto* (Super. Ct. County of San Francisco, Case No. CGC-16-550128) and *Pilliod et al. v. Monsanto Company* (Super. Ct. County of Alameda, Case No. RG17862702) *Stephens v. Monsanto Company, et al.* (Super. Ct. County of San Bernardino, Case No. CIVSB2104801) and *Clark v. Monsanto Company, et al.* (Super. Ct. County of Los Angeles, Case No. 20STCV46616.

**SPECIAL INTERROGATORY NO. 70:**

State all facts that relate to YOUR sixth cause of action against MONSANTO for "Breach of Implied Warranties."

**RESPONSE TO SPECIAL INTERROGATORY NO. 70:**

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is premature, overly burdensome, oppressive, calls for information protected by the attorney-client privilege and attorney work-product, calls for expert testimony, and forces Plaintiff to marshal all evidence at this stage in the litigation. Plaintiff also specifically objects to the request in so far as it attempts to solicit premature expert designations. The parties will exchange testifying expert designations on an agreed-upon date and conduct depositions in this matter pursuant to the applicable scheduling order. Plaintiff will also exchange exhibits pursuant to the applicable scheduling order. Finally, Plaintiff directs Monsanto to all documents produced in this case heretofore and those listed as exhibits in *Johnson v. Monsanto* (Super. Ct. County of San Francisco, Case No. CGC-16-550128) and *Pilliod et al. v. Monsanto*

**PLAINTIFF DANIELLE HARRIS'S FIRST AMENDED RESPONSE TO DEFENDANT MONSANTO'S SPECIAL INTERROGATORIES, SET ONE**

1
2

*Company* (Super. Ct. County of Alameda, Case No. RG17862702) *Stephens v. Monsanto Company, et al.* (Super. Ct. County of San Bernardino, Case No. CIVSB2104801) and *Clark v. Monsanto Company, et al.* (Super. Ct. County of Los Angeles, Case No. 20STCV46616.

3
4
5

**SPECIAL INTERROGATORY NO. 71:**
State all facts that relate to YOUR seventh cause of action against MONSANTO for "Wrongful Death."

6
7
8

**RESPONSE TO SPECIAL INTERROGATORY NO. 71:**
Plaintiff incorporates the general objections set forth above, and further objects to the request as overly broad, burdensome, and oppressive).  Please see the Plaintiff's production of Theresa Wilson's Death Certificate.

9
10

**SPECIAL INTERROGATORY NO. 72:**
State all facts that relate to YOUR eighth cause of action against MONSANTO for "Survival."

11
12
13

**RESPONSE TO SPECIAL INTERROGATORY NO. 72:**
Plaintiff incorporates the general objections set forth above, and further objects to the request as overly broad, burdensome, and oppressive).  Please see the Plaintiff's production of Theresa Wilson's Death Certificate.

14
15

**SPECIAL INTERROGATORY NO. 73:**
State all facts that relate to YOUR claim for punitive damages against MONSANTO.

16
17
18
19
20
21
22
23
24

**RESPONSE TO SPECIAL INTERROGATORY NO. 73:**
Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is premature, overly burdensome, oppressive, calls for information protected by the attorney-client privilege and attorney work-product, calls for expert testimony, and forces Plaintiff to marshal all evidence at this stage in the litigation. Plaintiff also specifically objects to the request in so far as it attempts to solicit premature expert designations. The parties will exchange testifying expert designations on an agreed-upon date and conduct depositions in this matter pursuant to the applicable scheduling order. Plaintiff will also exchange exhibits pursuant to the applicable scheduling order. Finally, Plaintiff directs Monsanto to all documents produced in this case heretofore and those listed as exhibits in *Johnson v. Monsanto* (Super. Ct. County of San Francisco, Case No. CGC-16-550128) and *Pilliod et al. v. Monsanto Company* (Super. Ct. County of Alameda, Case No. RG17862702) *Stephens v. Monsanto Company, et al.* (Super. Ct. County of San Bernardino, Case No. CIVSB2104801) and *Clark v. Monsanto Company, et al.* (Super. Ct. County of Los Angeles, Case No. 20STCV46616.

25
26
27

**SPECIAL INTERROGATORY NO. 74:**
IDENTIFY all DOCUMENTS that relate to YOUR first cause of action against MONSANTO for "Strict Liability - Design Defect."

28

**RESPONSE TO SPECIAL INTERROGATORY NO. 74:**

**PLAINTIFF DANIELLE HARRIS'S FIRST AMENDED RESPONSE TO DEFENDANT MONSANTO'S SPECIAL INTERROGATORIES, SET ONE**

1
2
3
4
5
6
7
8

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is premature, overly burdensome, oppressive, calls for information protected by the attorney-client privilege and attorney work-product, calls for expert testimony, and forces Plaintiff to marshal all evidence at this stage in the litigation. Plaintiff also specifically objects to the request in so far as it attempts to solicit premature expert designations. The parties will exchange testifying expert designations on an agreed-upon date and conduct depositions in this matter pursuant to the applicable scheduling order. Plaintiff will also exchange exhibits pursuant to the applicable scheduling order. Finally, Plaintiff directs Monsanto to all documents produced in this case heretofore and those listed as exhibits in *Johnson v. Monsanto* (Super. Ct. County of San Francisco, Case No. CGC-16-550128) and *Pilliod et al. v. Monsanto Company* (Super. Ct. County of Alameda, Case No. RG17862702) *Stephens v. Monsanto Company, et al.* (Super. Ct. County of San Bernardino, Case No. CIVSB2104801) and *Clark v. Monsanto Company, et al.* (Super. Ct. County of Los Angeles, Case No. 20STCV46616.

9

**SPECIAL INTERROGATORY NO. 75:**

10
11

IDENTIFY all DOCUMENTS that relate to YOUR second cause of action against MONSANTO for "Strict Liability - Failure to Warn."

12

**RESPONSE TO SPECIAL INTERROGATORY NO. 75:**

13
14
15
16
17
18
19
20

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is premature, overly burdensome, oppressive, calls for information protected by the attorney-client privilege and attorney work-product, calls for expert testimony, and forces Plaintiff to marshal all evidence at this stage in the litigation. Plaintiff also specifically objects to the request in so far as it attempts to solicit premature expert designations. The parties will exchange testifying expert designations on an agreed-upon date and conduct depositions in this matter pursuant to the applicable scheduling order. Plaintiff will also exchange exhibits pursuant to the applicable scheduling order. Finally, Plaintiff directs Monsanto to all documents produced in this case heretofore and those listed as exhibits in *Johnson v. Monsanto* (Super. Ct. County of San Francisco, Case No. CGC-16-550128) and *Pilliod et al. v. Monsanto Company* (Super. Ct. County of Alameda, Case No. RG17862702) *Stephens v. Monsanto Company, et al.* (Super. Ct. County of San Bernardino, Case No. CIVSB2104801) and *Clark v. Monsanto Company, et al.* (Super. Ct. County of Los Angeles, Case No. 20STCV46616.

21

**SPECIAL INTERROGATORY NO. 76:**

22
23

IDENTIFY all DOCUMENTS that relate to YOUR third cause of action against MONSANTO for "Negligence."

24

**RESPONSE TO SPECIAL INTERROGATORY NO. 76:**

25
26
27
28

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is premature, overly burdensome, oppressive, calls for information protected by the attorney-client privilege and attorney work-product, calls for expert testimony, and forces Plaintiff to marshal all evidence at this stage in the litigation. Plaintiff also specifically objects to the request in so far as it attempts to solicit premature expert designations. The parties will exchange testifying expert designations on an agreed-upon date and conduct depositions in this matter pursuant to the applicable scheduling order. Plaintiff will also exchange

**PLAINTIFF DANIELLE HARRIS'S FIRST AMENDED RESPONSE TO DEFENDANT MONSANTO'S SPECIAL INTERROGATORIES, SET ONE**

exhibits pursuant to the applicable scheduling order. Finally, Plaintiff directs Monsanto to all documents produced in this case heretofore and those listed as exhibits in *Johnson v. Monsanto* (Super. Ct. County of San Francisco, Case No. CGC-16-550128) and *Pilliod et al. v. Monsanto Company* (Super. Ct. County of Alameda, Case No. RG17862702) *Stephens v. Monsanto Company, et al.* (Super. Ct. County of San Bernardino, Case No. CIVSB2104801) and *Clark v. Monsanto Company, et al.* (Super. Ct. County of Los Angeles, Case No. 20STCV46616.

**SPECIAL INTERROGATORY NO. 77:**

IDENTIFY all DOCUMENTS that relate to YOUR fourth cause of action against MONSANTO for "Fraud."

**RESPONSE TO SPECIAL INTERROGATORY NO. 77:**

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is premature, overly burdensome, oppressive, calls for information protected by the attorney-client privilege and attorney work-product, calls for expert testimony, and forces Plaintiff to marshal all evidence at this stage in the litigation. Plaintiff also specifically objects to the request in so far as it attempts to solicit premature expert designations. The parties will exchange testifying expert designations on an agreed-upon date and conduct depositions in this matter pursuant to the applicable scheduling order. Plaintiff will also exchange exhibits pursuant to the applicable scheduling order. Finally, Plaintiff directs Monsanto to all documents produced in this case heretofore and those listed as exhibits in *Johnson v. Monsanto* (Super. Ct. County of San Francisco, Case No. CGC-16-550128) and *Pilliod et al. v. Monsanto Company* (Super. Ct. County of Alameda, Case No. RG17862702) *Stephens v. Monsanto Company, et al.* (Super. Ct. County of San Bernardino, Case No. CIVSB2104801) and *Clark v. Monsanto Company, et al.* (Super. Ct. County of Los Angeles, Case No. 20STCV46616.

**SPECIAL INTERROGATORY NO. 78:**

IDENTIFY all DOCUMENTS that relate to YOUR fifth cause of action against MONSANTO for "Breach of Express Warranties."

**RESPONSE TO SPECIAL INTERROGATORY NO. 78:**

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is premature, overly burdensome, oppressive, calls for information protected by the attorney-client privilege and attorney work-product, calls for expert testimony, and forces Plaintiff to marshal all evidence at this stage in the litigation. Plaintiff also specifically objects to the request in so far as it attempts to solicit premature expert designations. The parties will exchange testifying expert designations on an agreed-upon date and conduct depositions in this matter pursuant to the applicable scheduling order. Plaintiff will also exchange exhibits pursuant to the applicable scheduling order. Finally, Plaintiff directs Monsanto to all documents produced in this case heretofore and those listed as exhibits in *Johnson v. Monsanto* (Super. Ct. County of San Francisco, Case No. CGC-16-550128) and *Pilliod et al. v. Monsanto Company* (Super. Ct. County of Alameda, Case No. RG17862702) *Stephens v. Monsanto Company, et al.* (Super. Ct. County of San Bernardino, Case No. CIVSB2104801) and *Clark v. Monsanto Company, et al.* (Super. Ct. County of Los Angeles, Case No. 20STCV46616.

**PLAINTIFF DANIELLE HARRIS'S FIRST AMENDED RESPONSE TO DEFENDANT MONSANTO'S SPECIAL INTERROGATORIES, SET ONE**

**SPECIAL INTERROGATORY NO. 79:**

IDENTIFY all DOCUMENTS that relate to YOUR sixth cause of action against MONSANTO for "Breach of Implied Warranties."

**RESPONSE TO SPECIAL INTERROGATORY NO. 79:**

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is premature, overly burdensome, oppressive, calls for information protected by the attorney-client privilege and attorney work-product, calls for expert testimony, and forces Plaintiff to marshal all evidence at this stage in the litigation. Plaintiff also specifically objects to the request in so far as it attempts to solicit premature expert designations. The parties will exchange testifying expert designations on an agreed-upon date and conduct depositions in this matter pursuant to the applicable scheduling order. Plaintiff will also exchange exhibits pursuant to the applicable scheduling order. Finally, Plaintiff directs Monsanto to all documents produced in this case heretofore and those listed as exhibits in *Johnson v. Monsanto* (Super. Ct. County of San Francisco, Case No. CGC-16-550128) and *Pilliod et al. v. Monsanto Company* (Super. Ct. County of Alameda, Case No. RG17862702) *Stephens v. Monsanto Company, et al.* (Super. Ct. County of San Bernardino, Case No. CIVSB2104801) and *Clark v. Monsanto Company, et al.* (Super. Ct. County of Los Angeles, Case No. 20STCV46616.

**SPECIAL INTERROGATORY NO. 80:**

IDENTIFY all DOCUMENTS that relate to YOUR seventh cause of action against MONSANTO for "Wrongful Death."

**RESPONSE TO SPECIAL INTERROGATORY NO. 80:**

Plaintiff incorporates the general objections set forth above, and further objects to the request as overly broad, burdensome, and oppressive.  Please see the Plaintiff's production of Theresa Wilson's Death Certificate.

**SPECIAL INTERROGATORY NO. 81:**

IDENTIFY all DOCUMENTS that relate to YOUR eighth cause of action against MONSANTO for "Survival."

**RESPONSE TO SPECIAL INTERROGATORY NO. 81:**

Plaintiff incorporates the general objections set forth above, and further objects to the request as overly broad, burdensome, and oppressive.  Please see Plaintiff's production of Theresa Wilson's Death Certificate.

**SPECIAL INTERROGATORY NO. 82:**

IDENTIFY all DOCUMENTS that relate to YOUR claim for punitive damages against MONSANTO.

**RESPONSE TO SPECIAL INTERROGATORY NO. 82:**

Plaintiff incorporates the general objections set forth above, and further objects to this interrogatory on the grounds that it is premature, overly burdensome, oppressive, calls for information protected by the attorney-client privilege and attorney work-product, calls for expert

testimony, and forces Plaintiff to marshal all evidence at this stage in the litigation. Plaintiff also specifically objects to the request in so far as it attempts to solicit premature expert designations. The parties will exchange testifying expert designations on an agreed-upon date and conduct depositions in this matter pursuant to the applicable scheduling order. Plaintiff will also exchange exhibits pursuant to the applicable scheduling order. Finally, Plaintiff directs Monsanto to all documents produced in this case heretofore and those listed as exhibits in *Johnson v. Monsanto* (Super. Ct. County of San Francisco, Case No. CGC-16-550128) and *Pilliod et al. v. Monsanto Company* (Super. Ct. County of Alameda, Case No. RG17862702) *Stephens v. Monsanto Company, et al.* (Super. Ct. County of San Bernardino, Case No. CIVSB2104801) and *Clark v. Monsanto Company, et al.* (Super. Ct. County of Los Angeles, Case No. 20STCV46616.

Respectfully submitted,

By: _____
Fletcher V. Trammell
Melissa Binstock Ephron
TRAMMELL, PC
3262 Westheimer Rd., Ste. 423
Houston, TX 77098
Tel: (800) 405-1740
Fax: (800) 532-0992
fletch@trammellpc.com
melissa@trammellpc.com

Karen Barth Menzies
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, CA  94612
Tel: (510) 350-9700
Fax: (510) 350-9701
kbm@classlawgroup.com

Alexander G. Dwyer
Andrew F. Kirkendall
Erin M. Wood
KIRKENDALL DWYER LLP
4343 Sigma Rd, Suite 200
Dallas, TX  75244
Tel: 214-271-4027
Fax: 214-253-0629
ad@kirkendalldwyer.com
ak@kirkendalldwyer.com
ewood@kirkendalldwyer.com

**PLAINTIFF DANIELLE HARRIS'S FIRST AMENDED RESPONSE TO DEFENDANT MONSANTO'S SPECIAL INTERROGATORIES, SET ONE**

Paul R. Kiesel
KIESEL LAW LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel: 310-854-4444
Fax: 310-854-0812
kiesel@kiesel.law

*Attorneys for Plaintiff*

29

PLAINTIFF DANIELLE HARRIS'S FIRST AMENDED RESPONSE TO DEFENDANT MONSANTO'S
SPECIAL INTERROGATORIES, SET ONE

**PROOF OF SERVICE**

**STATE OF TEXAS, COUNTY OF HARRIS**

I am a resident of the State of Texas over the age of eighteen years, and not a party to the within action. My business address is Trammell, P.C., 3262 Westheimer Road, Suite 423, Houston, TX 77098. Taci@trammellpc.com.

On November 2, 2021, I served the following document:

**PLAINTIFF'S FIRST AMENDED RESPONSE TO DEFENDANT MONSANTO'S SPECIAL INTERROGATORIES, SET ONE**

on the interested parties and/or through their attorneys of record by depositing the original or true copy thereof as designated below:

**[X] BY E-MAIL:** By electronically transmitting a PDF version of above listed documents to the email addresses set forth above on this date.

Anthony R. Martinez, #61791
SHOOK, HARDY & BACON L.L.P.
2555 grand Blvd.
Kansas City, MO 64108
Telephone (816) 474-6550
AMARTINEZ@shb.com

Sandra A. Edwards
WINSTON & STRAWN LLP
101 California St
San Francisco, CA 94111
Telephone (415) 591-1412
sedwards@winston.com

**[X] BY ELECTRONIC SERVICE**: Pursuant to Court Order Authorizing Electronic Service (CMO No. 2), dated March 23, 2018, I provided the document(s) listed above electronically on the CASE ANYWHERE Website to the parties on the Service List maintained on the CASE ANYWHERE Website for this case. Case Anywhere is the on-line e-service provider designated in this case.

I declare under penalty of perjury und the laws of the State of California that the foregoing is true and correct.
Executed on November 2, 2021, in Houston, Texas.

Taci Villarreal

**PLAINTIFF DANIELLE HARRIS'S FIRST AMENDED RESPONSE TO DEFENDANT MONSANTO'S SPECIAL INTERROGATORIES, SET ONE**

1

**<u>VERIFICATION</u>**

2

RE: *Harris v. Monsanto et al.*

3

     I, Danielle Harris, am the Plaintiff in the above-entitled action. I have read the foregoing

4

PLAINTIFF DANIELLE HARRIS'S FIRST AMENDED RESPONSE TO DEFENDANT

5

MONSANTO'S SPECIAL INTERROGATORIES, SET ONE and know the contents thereof. I

6

certify that the answers contained therein are true and correct to the best of my information,

7

knowledge, and belief. I verify under penalty of perjury that the foregoing is true and correct.

8

9

10

11

12

     Date: <u>October 22, 2021</u>     Name:     ~Danielle Harris~

13

     Danielle Harris

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF DANIELLE HARRIS'S FIRST AMENDED OMNIBUS RESPONSE TO DEFENDANT MONSANTO'S SPECIAL INTERROGATORIES, SET ONE, AND REQUESTS FOR PRODUCTION, SET ONE**