**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:    (713) 227-8008
Facsimile:     (713) 227-9508
Email:          jstubbs@shb.com

*Attorneys for Defendant*
BAYER CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: *Brian Martin v. Monsanto Co. et al.*, Case No. 3:21-cv-08549-VC | |

# BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Bayer Corporation, by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's First Amended Complaint ("Complaint"), except as set forth below. Bayer Corporation denies – and objects to – allegations by plaintiff that purport to lump Bayer Corporation together with other defendants. Bayer Corporation responds to this Complaint only on behalf of Bayer Corporation and not on behalf of any other defendant. Silence as to any allegations shall constitute a denial.

1.   In response to the allegations in paragraph 1, Bayer Corporation denies that Roundup®-branded products are Bayer Corporation's products and denies that Roundup®-branded products pose dangers to health and safety or caused plaintiff's alleged injury. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 and therefore denies those allegations.

2. The allegations in the first and second sentences of paragraph 2 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. Bayer Corporation admits the allegations in the third sentence of paragraph 2. Bayer Corporation denies the allegations in the fourth sentence of paragraph 2. The allegations in the last sentence of paragraph 2 comprise attorney characterizations and are accordingly denied, and Bayer Corporation denies – and objects to – allegations by plaintiff that purport to lump Bayer Corporation together with other defendants.

3. In response to the allegations in paragraph 3, Bayer Corporation admits, based on the allegations in the Complaint, that this Court has subject matter jurisdiction over this case. Bayer Corporation denies the remaining allegations in paragraph 3.

4. The allegations in the first sentence of paragraph 4 set forth conclusions of law for which no response is required. To the extent a response is deemed required, Bayer Corporation denies the allegations in the first sentence of paragraph 4. The remaining allegations in the first sentence of paragraph 4 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

5. In response to the allegations in paragraph 5, Bayer Corporation denies certain "events" and any "omissions" and certain events giving rise to plaintiff's claim. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the remaining allegations in paragraph 5 and therefore denies those allegations. The conclusions of law set forth in paragraph 5 require no response.

6. In response to the allegations in the first sentence of paragraph 6, Bayer Corporation admits that glyphosate is the active ingredient in many Roundup®-branded products. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the remaining allegations in paragraph 6 and therefore denies those allegations.

7. The allegations in paragraph 7 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

8. The allegations in the first sentence of paragraph 8 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. The remaining allegations in paragraph 8 comprise attorney characterizations and are accordingly denied. Bayer Corporation states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

9. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies those allegations.

10. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies those allegations.

11. The allegations in the paragraph 11 set forth conclusions of law for which no response is required.

12. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies those allegations.

13. In response to the allegations in the first sentence of paragraph 13, Bayer Corporation admits that IARC issued a Monograph regarding glyphosate in 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen. Bayer Corporation states that the document speaks for itself and does not require a response. Bayer Corporation denies the remaining allegations in the paragraph 13.

14. In response to the allegations in paragraph 14, Bayer Corporation admits that IARC issued a Monograph regarding glyphosate in March, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen. In response to the remaining allegations in paragraph 14, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves. Bayer Corporation denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.

15. In response to the allegations in the first sentence of paragraph 15, Bayer Corporation states that the referenced studies speak for themselves and do not require a response. To the extent that the allegations in the first sentence of paragraph 15 characterize the meaning of the referenced studies, Bayer Corporation denies those allegations. Bayer Corporation states that the allegations in the second sentence of paragraph 15 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 15 and therefore denies those allegations. In response to the remaining allegations in paragraph 15, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves. Bayer Corporation denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.

16. In response to the allegations in paragraph 16, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves. Bayer Corporation denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer and denies that IARC conducted any "objective statistical analysis."

17. The allegations in the first, fourth, and last sentences of paragraph 17 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 and therefore denies those allegations.

18. Bayer Corporation denies the allegations in the first sentence of paragraph 18. In response to the remaining allegations in paragraph 18, Bayer Corporation states that the referenced studies speak for themselves and do not require a response. To the extent that the remaining allegations in paragraph 18 characterize the meaning of the referenced studies, Bayer Corporation denies those allegations.

19. The allegations in paragraph 19 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

20. The allegations in the first sentence of paragraph 20 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. In response to the remaining allegations in paragraph 20, Bayer Corporation states that the referenced studies speak for themselves and do not require a response. To the extent that the remaining allegations in paragraph 20 characterize the meaning of the referenced studies, Bayer Corporation denies those allegations.

21. The allegations in paragraph 21 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

22. The allegations in paragraph 22 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

23. The allegations in the first sentence of paragraph 23 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. Bayer Corporation denies the remaining allegations in paragraph 23.

24. The allegations in paragraph 24 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

25. The allegations in paragraph 25 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

26. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 concerning plaintiff's claimed use of and/or exposure to Roundup®-branded products and therefore denies those allegations. Bayer Corporation denies the remaining allegations in paragraph 26.

27. The allegations in paragraph 27 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

28. The allegations in paragraph 28 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

29. The allegations in paragraph 29 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

30. The allegations in paragraph 30 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations. To the extent a response is deemed required, Bayer Corporation denies the allegations in paragraph 30.

31. Bayer Corporation denies the allegations in paragraph 31.

32. The allegations in paragraph 32 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

33. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies those allegations.

34. The allegations in paragraph 34 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

35. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies those allegations.

36. Bayer Corporation incorporates by reference its responses to paragraphs 1 through 35 in response to paragraph 36 of plaintiff's Complaint.

37. The allegations in the second sentence of paragraph 37 set forth conclusions of law for which no response is required. The remaining allegations in paragraph 37 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

38. Bayer Corporation denies the allegations in paragraph 38.

39. The allegations in the first sentence of paragraph 39 set forth conclusions of law for which no response is required. The remaining allegations in paragraph 39 are directed at a defendant

other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

40. The allegations in the first sentence of paragraph 40 set forth conclusions of law for which no response is required. The remaining allegations in paragraph 40 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

41. Bayer Corporation denies the allegations in paragraph 41, including each of its subparts.

42. The allegations in paragraph 42 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

43. In response to the allegations in paragraph 43, Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations. Bayer Corporation denies the remaining allegations in paragraph 43, including that Roundup®-branded products have "dangerous characteristics."

44. The allegations in paragraph 44 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

45. The allegations in paragraph 45 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

46. Bayer Corporation denies that Roundup®-branded products are defective in any respect and, therefore, denies the allegations in paragraph 46.

47. The allegations in paragraph 47 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

48. Bayer Corporation incorporates by reference its responses to paragraphs 1 through 47 in response to paragraph 48 of plaintiff's Complaint.

49. The allegations in paragraph 49 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

50. The allegations in the first sentence of paragraph 50 set forth conclusions of law for which no response is required. The remaining allegations in paragraph 50 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

51. The allegations in paragraph 51 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

52. Bayer Corporation denies the allegations in paragraph 52.

53. Bayer Corporation denies the allegations in the first sentence of paragraph 53. The remaining allegations in paragraph 53 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

54. Bayer Corporation denies the allegations in the second sentence of paragraph 54. The remaining allegations in paragraph 54 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

55. The allegations in paragraph 55 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

56. The allegations in paragraph 56 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

57. Bayer Corporation denies that Roundup®-branded products are defective in any respect and, therefore, denies the allegations in the last sentence of paragraph 57. The remaining allegations in paragraph 57 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

58. The allegations in paragraph 58 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

59. The allegations in paragraph 59 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

60. The allegations in paragraph 60 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

61. The allegations in paragraph 61 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

In response to the "PRAYER FOR RELIEF" following paragraph 61, Bayer Corporation demands that judgment be entered in its favor and against plaintiff and that plaintiff's Complaint be dismissed, with prejudice, and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Bayer Corporation upon which relief can be granted.

2. Plaintiff's claims against Bayer Corporation are barred for lack of personal jurisdiction

3. Plaintiff's claims against Bayer Corporation are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4. Plaintiff's claims against defendants are misjoined and should be severed.

5. Venue may be inconvenient and has been improperly alleged.

6. Any alleged negligent or culpable conduct of Bayer Corporation, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

7. Plaintiff's claims against Bayer Corporation are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

8. Any claims based on allegations that Bayer Corporation misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9. Plaintiff's claims against Bayer Corporation are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

10. Plaintiff's claims against Bayer Corporation are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

11. Plaintiff's claims against Bayer Corporation are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

12. Plaintiff's claims against Bayer Corporation are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

13. Plaintiff's claims against Bayer Corporation are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

14. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Bayer Corporation in whole or in part.

15. All or part of plaintiff's claims against Bayer Corporation are barred by the applicable statutes of limitations, statutes of repose, jurisdictional time limits, or any other limitations on the period of time within which to file suit, whether in this or any other state.

16. Plaintiff may not recover on the claims against Bayer Corporation pleaded in the Complaint because the damages sought are too speculative and remote.

17. Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims against Bayer Corporation in whole or in part.

18. If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Bayer Corporation is neither liable nor responsible or, in the alternative, Bayer Corporation is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bayer Corporation. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

19. Bayer Corporation had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

20. Bayer Corporation made no warranties of any kind or any representations of any nature whatsoever to plaintiff. If any such warranties were made, which Bayer Corporation specifically denies, then plaintiff failed to give notice of any breach thereof.

21. Plaintiff's claims against Bayer Corporation are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

22. Plaintiff's claims for exemplary damages against Bayer Corporation are barred because such an award would violate Bayer Corporation's due process, equal protection and other

rights under the United States Constitution, the Washington Constitution, the Virginia Constitution, the Louisiana Constitution, and/or other applicable state constitutions.

23. Plaintiff's claims for punitive, exemplary, and/or aggravated damages against Bayer Corporation are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Washington law, Virginia law, Louisiana law, and/or other applicable state laws.

24. Plaintiff's claims for punitive, exemplary, and/or aggravated damages against Bayer Corporation are barred and/or limited by operation of state and/or federal law, including Va. Code Ann. § 801-38.1 and La. Rev. Stat. § 9:2800.52, *et seq*.

25. Plaintiff's claims against Bayer Corporation are barred in whole or in part by the contributory/comparative negligence of plaintiff. Alternatively, any judgment entered in favor of plaintiff should be reduced by an amount commensurate with plaintiff's relative degree of fault in causing the alleged injuries and damages.

26. Plaintiff's claims against Bayer Corporation are barred in whole or in part by plaintiff's failure to mitigate damages.

27. Plaintiff's claims against Bayer Corporation are barred in whole or in part by the sophisticated user doctrine.

28. In the event that plaintiff receives a settlement from any party or non-party for the injuries described in the Complaint, Bayer Corporation is entitled to a full set-off for the amount of each such settlement.

29. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

30. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bayer Corporation product.

31. Plaintiff has failed to allege fraud with sufficient particularity.

32. Plaintiff's claims against Bayer Corporation are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

33. Plaintiff's claims against Bayer Corporation are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

34. To the extent that plaintiff recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law,.

35. Plaintiff's strict liability claims are barred because Virginia does not recognize a cause of action for strict liability in tort.

36. Plaintiff's common law claims are barred, in whole or part, by application of Wash. Rev. Code §§ 7.72.010-.060.

37. Plaintiff's common law claims are barred, in whole or part, by application of Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. Ann. § 9:2800.51 *et seq*.

38. If this case is governed by the exclusive provisions of the Louisiana Products Liability Act (La. R.S. 9:2800.51, et seq.) ("LPLA"), any theories of recovery that fall outside of the LPLA's provisions are therefore subject to dismissal. Bayer Corporation affirmatively pleads the applicability of the LPLA and specifically avers that plaintiff is not entitled to recovery under any of the exclusive theories of liability set forth in the Act. Bayer Corporation specifically avers that the product possessed no characteristic that rendered it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA (La. R.S. 9:2800.54). Bayer Corporation asserts all allowable defenses under the LPLA, La. R.S. 9:2800.51, *et seq*., including but not limited to the applicability of La. R.S. 9:2800.59(A)(1), (2), (3), and (B). Should plaintiff recover under any claims under the LPLA, a recovery of attorney's fees for plaintiff is barred under the provisions of that statute.

- 13 -
BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC   &   3:21-cv-08549-VC

39. Bayer Corporation has no liability to plaintiff under any theory of redhibition to the extent that plaintiff failed to tender any product allegedly sold by Bayer Corporation that allegedly contained a redhibitory defect and has not made an amicable demand upon Bayer Corporation.

40. Bayer Corporation has no liability to plaintiff under any theory of redhibition to the extent that plaintiff has waived plaintiff's redhibition rights.

41. Plaintiff's claims for punitive damages are barred under Louisiana Civil Code Article 3546.

42. Bayer Corporation hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Bayer Corporation demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

### JURY TRIAL DEMAND

Bayer Corporation demands a jury trial on all issues so triable.

DATED: November 8, 2021            Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: /s/Jennise W. Stubbs
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2926
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
Email: jstubbs@shb.com

*Attorneys for Defendant*
*BAYER CORPORATION*

## CERTIFICATE OF SERVICE

I certify that on the 8th day of November 2021, I electronically transmitted the foregoing **BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs