**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:   202-847-4030
Fax:   202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310 -576-2200

*Attorneys for Defendant Monsanto Company*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION,<br><br>*Chapman v. Monsanto Co.*, 3:20-cv-01277-VC | MDL No. 2741<br><br>Case No.: 3:16-md-02741-VC<br><br>**DEFENDANT MONSANTO COMPANY'S REPLY IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF DR. WILLIAM SAWYER**<br><br>Hearing date: December 13, 2021<br>Time: TBD |

### I. The Court Should Exclude Dr. Sawyer's Causation Opinions.

With respect to Dr. Sawyer's opinions on general and specific causation, Plaintiff Chapman claims that Dr. Sawyer is "complying with the Court's" prior order on the admissibility of Dr. Sawyer's opinions.  *See* Response at 1 (quoting Dkt. 9142, Amended Pretrial Order 201).  But as discussed in Monsanto's Opening Motion to Exclude Testimony of Dr. William Sawyer Under Rule 702 (the "Motion"), this plainly is not true.  Motion at 1-2.  As to general causation, in Wave 1, the plaintiffs conceded that Dr. Sawyer would not offer an opinion on general causation, so the Court found this portion of Monsanto's motion to be moot.  Dkt. 9142, Amended Pretrial Order 201.  Nevertheless, Dr. Sawyer continues to offer opinions on what he classifies as "general causation."  *See* Lasker Decl.,[1] Ex. 2, Sawyer *Chapman* Rpt. at 7.  Similarly, as to specific causation, the Court specifically held in Wave 1 that Dr. Sawyer "may not opine that a plaintiff's 'exposure to Roundup was sufficient to cause NHL.'"  Dkt. 9142, Amended Pretrial Order 201.  Yet in his report in this case, Dr. Sawyer purports to offer this exact opinion with respect to Plaintiff Chapman.  *See* Lasker Decl., Ex. 2, Sawyer *Chapman* Rpt. at 182 (opining that Plaintiff Chapman's exposure levels "substantially increased his risk of the development of" a subtype of NHL).  As this Court has already found and as discussed in more detail in the Motion, these opinions should be excluded: Dr. Sawyer should not be permitted to testify that glyphosate or Roundup generally can cause cancer or that glyphosate or Roundup caused or contributed to Plaintiff Chapman's cancer.

### II. The Court Should Exclude Dr. Sawyer's Opinions Regarding the George Study, Trace Chemicals, and Monsanto Company Documents and Regulatory Duties.

Plaintiff did not directly address in his Response in this case Monsanto's arguments with respect to Dr. Sawyer's opinions regarding the George Study, *see* Motion at 13-14; trace chemicals in Roundup, *see* Motion at 14-15; or Monsanto company documents and regulatory duties, *see* Motion at 15.  Instead, Plaintiff incorporated by reference previously filed oppositions in this litigation, which addressed these arguments.  *See* Response at 2 (incorporating by reference ECF Nos. 8342, 8692, and 14054).  Monsanto briefly addresses the arguments raised in those previously filed oppositions here.

---

[1] The "Lasker Decl." refers to the Declaration of Eric Lasker, file contemporaneously with Monsanto's Motion.  All Exhibits referred to herein were attached to that declaration.

For the reasons discussed below, Dr. Sawyer should be precluded from offering any of these opinions.

### A. The Court Should Exclude Dr. Sawyer's Opinions Regarding the George Study

Plaintiff does not dispute that due to multiple flaws in the George study's design (including that the study lacked a histopathological examination; involved a small number of animals, all of which were male, that were given a short duration of treatment; and failed to control for solvents), the study has been found by several national and international regulatory agencies—including EPA, IARC, and Germany's BAuA—to be an inadequate study for scientific analysis.  Nevertheless, Dr. Sawyer relies on that inadequate study to support his opinions that Roundup can cause or even promote cancer.  In making an assessment under *Daubert*, trial courts must look beyond the expert's testimony to ensure that the sources relied upon by the expert in reaching his opinions are reliable.  *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014) (affirming district court's exclusion of expert after finding expert's testimony to be "inherently unreliable and unsupported by the facts."); *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) ("Under *Daubert*, any step that renders the analysis unreliable . . . renders the expert's testimony inadmissible.") (internal quotations omitted).  Because Dr. Sawyer's opinions regarding the George study run counter to the scientific analyses of that study, his opinion must be rejected as not scientifically reliable.

### B. The Court Should Exclude Dr. Sawyer's Opinions Regarding Trace Chemicals

Plaintiffs in past cases have claimed that it is "necessary" for Dr. Sawyer to consider the trace chemicals in Roundup.  *See* ECF 8342 at 18; ECF 8692 at 14.  Yet those same plaintiffs have not disputed that Dr. Sawyer did not calculate any doses of these chemicals to which any plaintiffs in the MDL were allegedly exposed.  Nor have those plaintiffs pointed to any scientific evidence suggesting that exposure to Roundup is a cancer risk *because of these trace chemicals*.  As discussed in more detail in Monsanto's opening brief (and as demonstrated by Dr. Sawyer's testimony during the Pilliod trial), the only purpose for this testimony is to distract, confuse, and provoke fear in the jury.  *See* Motion at 14-15.  Dr. Sawyer's unsupported comments on these trace chemicals are entirely speculative, inappropriate, and inadmissible.  *See Guidroz-Brault v. Missouri Pacific R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) ("Rule 702 requires that expert testimony relate to scientific, technical, or other specialized knowledge, which does not include unsupported speculation and subjective beliefs."); *Chesebrough-*

*Pond's, Inc. v. Faberge, Inc.*, 666 F.2d 393, 398 (9th Cir. 1982) (it is "within the discretion of the trial judge to exclude" expert opinions that would not be "of any real assistance to the trier of fact.").

### C. The Court Should Exclude Dr. Sawyer's Opinions on Monsanto Company Documents and Regulatory Duties

As discussed above, in the oppositions that Plaintiff incorporates by reference here, plaintiffs in past Roundup cases have conceded that Dr. Sawyer will not "testify about the intent or state of mind of Monsanto" and that Dr. Sawyer will not "be offering regulatory opinions or opine about labeling requirements." ECF 8342 at 19-20. Those same plaintiffs claim, however, that Dr. Sawyer should be permitted to discuss internal Monsanto Company documents, for which he has no personal knowledge, "to provide proper context to corporate emails and memoranda." *Id.* at 19. This argument is unavailing.

Having an expert narrate company documents, under the guise of explaining terminology or providing context, is improper expert testimony because it invades the province of the jury. *See Sanchez v. Boston Sci. Corp.*, No. 2:12-CV-05762, 2014 WL 4851989, at *32 (S.D. W. Va. Sept. 29, 2014) ("The majority of this section of Dr. Slack's report is simply a narrative review of corporate documents, which is not helpful to the jury."); *City of New York v. FedEx Ground Package Sys., Inc.*, No. 13 Civ. 9173 (ER), 2018 WL 4961455, at *4 (S.D.N.Y. Oct. 10, 2018) (excluding expert opinion where expert "relied on the same types of evidence that a jury traditionally relies upon to answer the sort of questions that a jury traditionally answers."). Dr. Sawyer's toxicological expertise affords him no special skill in interpreting a Monsanto employee's use of scientific terms or studies, and there is no need for an expert to interpret Monsanto company documents that speak for themselves. Accordingly, the Court should preclude Dr. Sawyer from offering any opinions related to Monsanto company documents.

### CONCLUSION

For the reasons set forth above, the Court should grant Monsanto's Motion to Exclude Testimony of Dr. William Sawyer.

Dated: November 10, 2021          Respectfully submitted,

/s/ *Jed P. White*_____
Jed P. White
Attorneys for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of November, 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

                                                   */s/ Jed P. White*
                                                   Jed P. White