GILLIAN L. WADE (State Bar No. 229124)
MARC A. CASTANEDA (State Bar No. 299001)
Milstein, Jackson Fairchild & Wade, LLP
gwade@mjfwlaw.com
mcastaneda@mjfwlaw.com
10990 Wilshire Blvd., 8th Floor
Los Angeles, CA 90024
Tel: (310) 396-9600
Fax: (310) 396-9635

*Attorneys for Plaintiffs*

(*additional counsel listed on signature page*)

JOHN J. ROSENTHAL
Winston & Strawn LLP
jrosenthal@winston.com
1901 L Street NW
Washington, DC 20036
Tel:  (202) 282-5000
Fax:  (202) 282-5100

BRIAN STEKLOFF
Wilkinson Stekloff LLP
bstekloff@wilkinsonstekloff.com
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4030
Fax: (202) 847-4005

*Attorneys for Defendant*

(*additional counsel listed on signature page*)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT GILMORE, et al., | MDL No. 2741 |
| Plaintiffs, | Case No. 3:21-cv-08159 |
| vs. | **JOINT ADMINISTRATIVE MOTION TO SET SCHEDULE FOR BRIEFING ON PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND EXTEND THE PAGE LIMIT FOR CERTAIN BRIEFS** |
| MONSANTO COMPANY, | |
| Defendant. | |

Plaintiffs Scott Gilmore, James Weeks, Paul Taylor, Sherry Hanna, Amanda Boyette, Julio Ezcurra, Anthony Jewell, and Kristy Williams ("Plaintiffs") and Defendant Monsanto Company ("Defendant," and together with Plaintiffs, the "Parties") jointly move this Court to set a schedule for the Parties to complete renewed briefing on the Motion for Preliminary Approval of Class Action Settlement and for Certification of the Class for the Purposes of Settlement ("Motion for Preliminary Approval") and the motions to intervene previously filed with transferor court.[1]  The settlement would resolve consumer fraud and breach of warranty claims by purchasers of consumer Roundup® products alleging that they suffered economic losses as a result of the marketing and advertising of the subject products.  The proposed Settlement would *not* release any claim for personal injury, any economic losses arising from personal injury, or medical monitoring.

Briefing submitted on these issues before the transferor court was based on Third Circuit law rather than Ninth Circuit law and did not address in detail some of the issues required to be addressed by the Local Rules and this Court's Standing Order for Civil Cases.

The Parties propose the following schedule:

- Renewed Motion for Preliminary Approval:  **Thursday, November 18, 2021**

- Renewed Motions to Intervene:  **Thursday, December 16, 2021**

- Proposed Oppositions to Preliminary Approval by Proposed Intervenors:  **Thursday, December 16, 2021**

- Parties' Oppositions to Motions to Intervene:  **Thursday, December 30, 2021**

- Replies in Support of Motions to Intervene:  **Thursday, January 13, 2022**

- Reply in Support of Motion for Preliminary Approval:  **Thursday, January 13, 2022**

- Hearing on all motions:  **Thursday, February 3, 2022**

---

[1] Counsel for Plaintiffs met and conferred with counsel for proposed intervenors Tomlinson and Richardson and Brown and Godsey prior to filing the instant motion.  They do not oppose the proposed schedule.  During the meet and confer process, Tomlinson and Richardson indicated that they do not believe that motions to intervene are necessary (the Parties disagree), but that they do not oppose the proposed schedule for briefing such motions.

The above schedule will allow the Parties and any proposed intervenors to submit their briefing in an orderly and efficient manner and allow for expeditious consideration of the issues presented. The Parties also request that the Court extend the page limits for certain briefs as indicated below.

## I.    BACKGROUND

On June 14, 2021, following years of false-advertising litigation between Plaintiffs, Monsanto, and major retailers of Monsanto's Roundup® products and a mediation before former United States Magistrate Judge Diane Welsh, the Parties executed a proposed nationwide settlement.  Plaintiffs then filed the Motion for Preliminary Approval with the transferor court. Plaintiffs did *not* bring claims for personal injury or for medical monitoring, and such claims are expressly excluded from the scope of the proposed Settlement.  Dkt. No. 24.  The proposed settlement would create a fund between $23 million and $45 million against which Class Members can submit claims for approximately 20 percent of the average retail prices for Roundup® products they purchased during the Class Period.  Dkt. No. 26-1.  Because this action was then pending in the District of Delaware, the Motion for Preliminary Approval was based primarily on law within the Third Circuit.  The parties also filed a Joint Motion to Stay Related Proceedings (the "Stay Motion"), which sought to stay cases asserting claims released by the proposed settlement during settlement-approval proceedings.[2]  Dkt. No. 32.

Tomlinson and Richardson—the named plaintiffs in a class action case pending in Missouri state court—filed a motion to intervene and a proposed opposition to the Motion for Preliminary Approval and the Stay Motion, which the Parties each opposed.  Dkt. Nos. 41, 41-1, 41-2, 46-47, 54.  All briefing focused on law within the Third Circuit.

---

[2] The Parties have agreed to withdraw the Stay Motion at this time because (1) the Parties recognize this Court's guidance in its Civil Standing Order that it will not grant such motions absent "extraordinary circumstances" and (2) all active, related cases of which the parties are aware have already been stayed by the courts in which they are venued.  Order for Stay, *Tomlinson v. Monsanto Co.*, No. 1916-CV22788 (Jackson Cty, Mo. Jul. 20, 2021); Order, *Ezcurra v. Monsanto Co.*, No. 20-13341 (11th Cir., Sept. 3, 2021); *Weeks v. Home Depot USA, Inc.*, No. 2:1-cv-06780-JWH-AS (9th Cir. Jun. 29, 2021), Dkt. No. 19.  The Parties reserve the right to renew the Stay Motion should circumstances change—for example, if a stay is lifted in any of the current related cases.

Jason Rinehart—the named plaintiff in another class action pending in Missouri—also purported to file an opposition to preliminary approval, asserting that the proposed settlement improperly released medical monitoring claims.  Dkt. No. 37.  Monsanto submitted a letter noting that the proposed settlement was never intended, as Mr. Rinehart contended, to release medical monitoring claims and that it was working with Plaintiffs to revise the settlement agreement to make this clearer, and that it had spoken with Mr. Rinehart's counsel, who indicated that this amendment would address his concerns.  Dkt. No. 49.  Mr. Rinehart later filed a motion to intervene "in an abundance of caution" but indicated that his concerns would be addressed, and his motion mooted, once the proposed settlement was amended to clarify that medical monitoring claims were not within the scope of the release.  Dkt. No. 53 at 2.

On July 15, 2021, Brian Webb (represented by the Fears Nachawati firm), the plaintiff in *Webb v. Monsanto Co.*, No. 3:20-cv-05624-VC, a personal-injury case included in MDL 2741, filed a notice of potential tagalong seeking to transfer this matter into the MDL.  *In re Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Jul. 15, 2021), Dkt. No. 2381.  Webb then filed a motion to transfer on July 28, 2021.  Among other things, and despite clear language in the proposed settlement agreement providing that "Personal Injury Claims" are excluded from the scope of the release, Webb asserted that the settlement would result in a "release of claims by almost all MDL plaintiffs."  JPML Dkt. No. 2400.

On August 19, 2021, Plaintiffs' counsel filed a supplemental memorandum attaching an amended proposed settlement agreement.  Dkt. 59.  The amendments make clear that medical monitoring claims are not included in the scope of the release.  Dkt. 59-1 §§ A(32), L(1).  The amendments also include revised language to clarify that claims alleging personal injury or any damages (economic or otherwise) arising from personal injury are excluded from the proposed settlement's release.  *Id.* §§ A(41), L(1).

On September 21, 2021, Gary Brown and Patricia Godsey—plaintiffs in personal injury cases—each filed motions to intervene to oppose the Stay Motion, claiming that the proposed stay would stay their cases.  Dkt. Nos. 60, 61.  The Parties each filed oppositions to this motion,

explaining that Brown and Godsey were misinterpreting the proposed stay, which would not affect personal injury cases.  Dkt. Nos. 63, 64.

On October 8, 2021, the JPML issued an order transferring this case to this Court.  JPML Dkt. No. 2488.  The Panel stated that the transfer motion presented a "close question" and that transfer would "introduce[] new types of claims" to the MDL, but determined that transfer was nonetheless warranted given the presence of certain common factual issues.  *Id.* at 2-3.

Given that the proposed settlement now clarifies that its release does not include medical monitoring claims, Rinehart's motion to intervene is moot.  Brown's and Godsey's motions to intervene are also moot—there is no longer a Stay Motion to oppose—though they may file renewed motions seeking to intervene for other purposes..  The Motion for Preliminary Approval, and Tomlinson and Richardson's motion to intervene are still live.  The Parties now propose that the Court set a schedule for renewed briefing under governing law and consistent with this Court's local rules and Civil Standing Order.

## II.     DISCUSSION

This case raises different claims and seeks different damages than the personal injury cases at the core of this MDL.  It also is in a dramatically different procedural posture in that there is a proposed nationwide settlement awaiting preliminary approval.  For these reasons, the Parties respectfully suggest that the Court should adopt a briefing schedule unique to the issues presented.

Specifically, further briefing, and certain other submissions required under the Local Rules and this Court's Standing Order, are necessary before this Court can address the pending Motion for Preliminary Approval.  Prior briefing focused on Third Circuit law rather than Ninth Circuit law.  Additionally, the Motion for Preliminary Approval did not address some of the issues that this Court's local rules and Civil Standing Order require settling parties to address.  Likewise, the proposed notices may need to be modified slightly to address this Court's requirements.

While Plaintiffs could simply file a renewed motion for preliminary approval and set a hearing date, the Parties believe that setting a schedule will be more efficient and convenient for all.  The Parties anticipate that at least Tomlinson and Richardson will file a motion to intervene,

which would technically require full briefing and a ruling before any proposed opposition would be extant.  The schedule suggested by the Parties, on the other hand, would include full briefing (including a response to any proposed opposition to preliminary approval) on both motions, such that the Court could determine all issues at a single hearing.[3]  The proposed schedule also addresses the holidays that will intervene during the briefing periods on these motions, and proposes that no party will have briefing due immediately before or after a holiday.  And the Parties propose that page limits be extended now, rather than by separate motions for each filing, given that the prior briefing before the transferor court indicates that additional pages will likely be necessary to fully address all relevant issues.

The Parties thus jointly request that the Court set the following schedule for further briefing (and adopt the indicated page limits):

- Renewed Motion for Preliminary Approval (50 pages):  **Thursday, November 18, 2021**

- Renewed Motions to Intervene:  **Thursday, December 16, 2021**

- Proposed Oppositions to Preliminary Approval by Proposed Intervenors (50 pages):  **Thursday, December 16, 2021**

- Parties' Oppositions to Motions to Intervene:  **Thursday, December 30, 2021**

- Replies in Support of Motions to Intervene (15 pages to respond to each opposition, or 30 pages if a consolidated reply is filed):  **Thursday, January 13, 2022**

- Reply in Support of Motion for Preliminary Approval (30 pages):  **Thursday, January 13, 2022**

- Hearing on all motions:  **Thursday, February 3, 2022**

## III.     CONCLUSION

For all the foregoing reasons, this Motion should be granted.

---

[3] The Parties do not concede that intervention is proper.  But they believe that complete briefing on the merits of the Preliminary Approval Motion can be completed regardless, so that the Court has the Parties' response to any arguments by proposed intervenors and can decide both whether intervention is appropriate and whether to grant preliminary approval at the same time.

Dated: November 10, 2021

By: /s/ Gillian L. Wade

GILLIAN L. WADE
MARC A. CASTANEDA
Milstein, Jackson Fairchild & Wade, LLP
gwade@mjfwlaw.com
mcastaneda@mjfwlaw.com
10990 Wilshire Blvd., 8th Floor
Los Angeles, CA 90024

JOEL OSTER
Oster Law Firm
Of Counsel to the Law Offices of Howard
Rubinstein
joel@osterlaw.com
22052 W. 66th St. #192
Shawnee, Kansas 66226

*Attorneys for Plaintiffs Scott Gilmore, James
Weeks, Paul Taylor, Sherry Hanna, Amanda
Boyette, Julio Ezcurra, Anthony Jewell, and Kristy
Williams*

/s/ John J. Rosenthal

JOHN J. ROSENTHAL
Winston & Strawn LLP
jrosenthal@winston.com
1901 L Street NW
Washington, DC 20036

JEFF WILKERSON
Winston & Strawn LLP
jwilkerson@winston.com
300 S. Tryon Street, 16th Floor
Charlotte, NC 28202

BRIAN STEKLOFF
Wilkinson Stekloff LLP
bstekloff@wilkinsonstekloff.com
2001 M Street NW, 10th Floor
Washington, DC 20036

RAKESH KILARU
Wilkinson Stekloff LLP
rkilaru@wilkinsonstekloff.com
2001 M Street NW, 10th Floor
Washington, DC 20036

*Counsel for Monsanto Company*

6