**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100
Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| *Otis Lindell Chapman v. Monsanto Co.*, 3:20-cv-01277 -VC | **MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF SPECIFIC CAUSATION EXPERTS** |

## I. INTRODUCTION

Plaintiff Otis Lindell Chapman's ("Plaintiff") motion to exclude the specific causation opinions of Drs. Fenske and Slack because they are "general causation opinions disguised as a specific causation opinion" is a mischaracterization of those experts' opinions. Drs. Fenske and Slack opined specifically on whether Roundup caused an injury to Plaintiff. Though their conclusions may also be informed by general studies that there is no association between glyphosate use and risk of developing lymphoma, their specific opinions rest on facts specific to Plaintiff. Plaintiff's motion also lacks any legal support that Drs. Fenske and Slack's opinions may be sliced up like this, and his failure to object to the experts' qualifications and reliability is dispositive.

Plaintiff's motion should be denied.

## II. ARGUMENT

### A. Plaintiff Questions Neither the Qualifications Nor the Reliability Of Drs. Fenske and Slack

The rules governing the admissibility of expert testimony are well-settled. A proposed expert witness must possess "knowledge, skill, experience, training, or education" sufficient to qualify him as an expert on the subject to which his testimony relates. Fed. R. Evid. 702. When an expert's field of expertise is not related to the subject on which he seeks to offer testimony, such testimony is inadmissible. *See White v. Ford Motor Co.*, 312 F.3d 998, 1008-09 (9th Cir. 2002). Apart from qualifications, expert testimony must be (1) based upon sufficient facts or data, (2) the product of reliable principles and methods, and (3) the result of applying those principles and methods reliably to the facts of the case. Fed. R. Evid. 702. The trial judge is charged with the responsibility of acting as a gatekeeper to "ensure that any and all scientific testimony … is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). The proponent of the expert bears the burden of proving that the expert's proffered testimony is admissible. *See, e.g.*, *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007).

Here, Plaintiff does not question the qualifications of Drs. Fenske or Slack. Plaintiff also does not question the reliability of their expert opinions. For these reasons alone, Plaintiff's motion should be denied.

Rather than seeking to exclude Drs. Fenske or Slack based on their qualifications or reliability, Plaintiff suggests that Drs. Fenske and Slack's opinions are an end-run around the deadline for general causation experts, seeking to exclude their specific causation opinions "to the extent" they are general causation opinions.[1]  This argument fails for at least two reasons.

First, Plaintiff's characterization of Drs. Fenske and Slack's opinions is incorrect.  While the general causation studies demonstrating that there is no association between glyphosate use and risk of developing lymphoma may provide necessary background to Drs. Fenske and Slack's opinions, their specific opinions as to Plaintiff rest on a far more individualized inquiry and analysis.  For example, Dr. Slack considered the following factors:

> Risk factors for the development of small lymphocytic lymphoma include age (>50 years), male gender, Caucasian race/ethnicity, and family history. Mr. Chapman's age, gender, and race/ethnicity increased his risk for developing small lymphocytic lymphoma.

(Dr. Slack report, Exh. B to Plaintiff's Motion, p. 16).  Similarly, Dr. Fenske's opinion that Roundup did not cause Plaintiff's cancer was based on his review of Plaintiff's medical records and medical literature, and that "there are no features of the case to suggest a specific or environmental or occupational exposure as the cause."  (Dr. Fenske report, Exh. A to Plaintiff's Motion, p. 25-26.)  Therefore, the opinions of Drs. Fenske and Slack are not merely "general causation opinions disguised as a specific causation opinion," as Plaintiff argues in his motion.

Second, even if portions of Drs. Fenske and Slack's testimony could be considered as opining on general causation, Plaintiff provides no legal authority in support of his argument that those portions should be excluded.  Plaintiff cites one case, *In re Hanford Nuclear Reservation Litig. v. E. I. Dupont*, 292 F.3d 1124 (9th Cir. 2002).  But that case simply defines the difference between

---

[1]   Notably, Plaintiff does not seek to exclude the entirety of their expert opinions.  Motion at 3:5-7 ("to the extent that Monsanto's specific causation experts' opinions regarding Mr. Chapman are general causation opinions disguised as a specific causation opinion, they should be disallowed").

general and specific causation in toxic tort cases—it says nothing about excluding a specific expert's opinion merely because the same expert believes that general causation also does not exist.

### B. Drs. Fenske and Slack's Reliance on General Causation Studies/Opinions is Proper

Plaintiff has no substantive objection to the statements made by Drs. Fenske and Slack regarding general causation. Instead, Plaintiff simply states that "[i]f Monsanto wants to challenge general causation, then it must do so via its general causation experts." But this argument misconstrues how an opinion on specific causation is formulated.

Whether a product is even capable of causing a particular disease will necessarily precede and inform that expert's view on whether a particular exposure to the product specifically caused a plaintiff's injury. Drs. Fenske and Slack's opinions on specific causation are based in part on their reliance on general causation studies, which is appropriate.

If Plaintiff's position was accepted—that Drs. Fenske and Slack's opinions on specific causation should be excluded because they also believe that glyphosate exposure is not evidence of a compelling association with lymphoma—then Plaintiff's own specific causation expert, Dr. Clayton Smith, should be excluded. Just as Drs. Fenske and Slack, Dr. Smith relied on the general causation reports to reach his conclusion regarding specific causation:

> Based on my review of published literature and the general causation reports described below, I am convinced that exposure to Roundup is a risk factor for NHL and consequently that it was a substantial factor for the development of NHL in Mr. Chapman.

(Dr. Smith report, Exh. C to Plaintiff's Motion, p. 7.)

Because Plaintiff does not dispute that Drs. Fenske and Slack are qualified to opine on specific causation, or that their opinions are based on an unreliable method, there are no grounds to exclude any part of their opinions, including the general principles on which they rest.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to exclude Drs. Fenske or Slack should be denied.

Dated:  November 10, 2021	Respectfully submitted,

	*/s/ Jed P. White*
	Jed P. White
	Attorneys for Defendant Monsanto Company

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to the within action; my business address is 120 Broadway, Suite 300, Santa Monica, CA 90401-2386. My email address is raul.morales@bclplaw.com.

On November 10, 2021, I served the foregoing document(s), described as: **MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF SPECIFIC CAUSATION EXPERTS** on each interested party in this action, as follows:

☒ BY CM/ECF NOTICE OF ELECTRONIC FILING: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court, or by another manner as authorized by FED. R. CIV. P. 5.

Executed on November 10, 2021, at Santa Monica, California.

☒ FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

　　　　　　　　　　　　　　　　　　　　　　　／s／ *Jed P. White*
　　　　　　　　　　　　　　　　　　　　　　　Jed P. White