# EXHIBIT 4

**Volume 1**

**Pages 1 - 225**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, Judge

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS ) <br> LIABILITY LITIGATION ) <br> ) <br> ) <br> ) | **NO. 16-md-02741 VC** |

                     San Francisco, California
                     Monday, January 28, 2019

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
                ANDRUS WAGSTAFF PC
                7171 W. Alaska Drive
                Lakewood, Colorado  80226
       **BY:** **AIMEE H. WAGSTAFF, ATTORNEY AT LAW**
            **DAVID J. WOOL, ATTORNEY AT LAW**
              **(via CourtCall in Seattle)**

                ANDRUS WAGSTAFF PC
                6315 Ascot Drive
                Oakland, California  94611
       **BY:** **KATHRYN M. FORGIE, ATTORNEY AT LAW**
               **(via CourtCall in Seattle)**

                BAUM HEDLUND ARISTEI GOLDMAN PC
                12100 Wilshire Blvd. - Suite 950
                Los Angeles, California  90025
       **BY:** **ROBERT BRENT WISNER, ATTORNEY AT LAW**
            **MICHAEL L. BAUM, ATTORNEY AT LAW**

        **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

REPORTED BY:   Marla F. Knox, RPR, CRR
               Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
               Official Reporters

```
 1   APPEARANCES:   (CONTINUED)

 2   For Plaintiffs:
                          LAW OFFICES OF TESFAYE W. TSADIK
 3                        The California Building
                          1736 Franklin Street - 10th Floor
 4                        Oakland, California   94612
                     BY:  TESFAYE W. TSADIK, ATTORNEY AT LAW
 5
                          LUNDY, LUNDY, SOILEAU & SOUTH LLP
 6                        501 Broad Street
                          Lake Charles, Louisiana   70601
 7                   BY:  NADINA ANN BEACH, ATTORNEY AT LAW

 8                        BAUM HEDLUND ARISTEI GOLDMAN PC
                          12100 Wilshire Blvd. - Suite 950
 9                        Los Angeles, California   90025
                     BY:  ROBERT BRENT WISNER, ATTORNEY AT LAW
10
     For Defendant:
11                        HOLLINGSWORTH LLP
                          1350 I Street NW
12                        Washington, D.C.   20005
                     BY:  ERIC G. LASKER, ATTORNEY AT LAW
13
                          WILKINSON  WALSH ESKOVITZ LLP
14                        2001 M Street, NW - 10th Floor
                          Washington, D.C.   20036
15                   BY:  BRIAN L. STEKLOFF, ATTORNEY AT LAW
                          RAKESH N. KILARU, ATTORNEY AT LAW
16                        TAMARRA MATTHEWS JOHNSON, ATTORNEY AT LAW
                          ERIC HOLLINGSWORTH, ATTORNEY AT LAW
17                        KIRSTEN NELSON, ATTORNEY AT LAW
                             (via CourtCall in Seattle)
18
                          COVINGTON & BURLING LLP
19                        One City Center
                          850 Tenth Street, NW
20                        Washington, D.C.   20001
                     BY:  MICHAEL X. IMBROSCIO, ATTORNEY AT LAW
21
                          ARNOLD & PORTER KAYE SCHOLER LLP
22                        777 S. Figueroa Street - 44th Floor
                          Los Angeles, California   90017
23                   BY:  PAMELA YATES, ATTORNEY AT LAW

24

25
```

1  hung up the jury is the issue of general causation as opposed
2  to Hep C or other things that might influence the jury's
3  opinion about Mr. Hardeman specifically.
4  **THE COURT:** I understand what you are saying, but
5  I guess the problem I have with it is that the jury is not
6  actually being called upon to decide -- to the extent that the
7  jury concludes that Roundup did not cause Mr. Hardeman's NHL,
8  the jury is not being called upon to decide whether it is
9  capable of causing NHL at all. So it is almost like an
10 advisory verdict. I mean, it's not -- it may not be necessary
11 for them to even consider that question; right?
12   You can imagine Monsanto making an argument to the jury.
13 Well, let's say you believe Dr. Portier and Dr. Ritz; and you
14 believe that these studies, you know, support their view that
15 this thing is capable of causing cancer, it just didn't do it
16 in Mr. Hardeman's case. And if the jury agrees with that, then
17 they don't need to decide the broader question. And so it
18 seems a little weird to me to ask the jury the broader
19 question.
20 **MR. WISNER:** Well, I mean, you know, this whole idea
21 of phasing, right, is part of the -- and the Court's reasoning
22 was Listen, this will actually help tell us information, right.
23 And, you know, this is a special verdict form already and
24 people --
25 **THE COURT:** My main -- it wasn't really, this will

```
 1  at the studies, I think it is actually overwhelming.  I think
 2  you go through it and you go case control after case control
 3  study, animal study after animal study, genotox study after
 4  genotox study shows that this causes cancer.  What is their
 5  best defense for why this didn't cause his specific cancer?  It
 6  is because it doesn't generally cause cancer.  That is their
 7  entire -- I want to rip them apart on the closing argument on
 8  the science on that point.
 9          THE COURT:  You can do all that without the two
10  questions special verdict.
11          MR. WISNER:  I guess we could.  It would just be
12  helpful.
13          THE COURT:  It really raises a question for me whether
14  you are actually thinking about Mr. Hardeman's interest in this
15  case or whether, as you strongly suggested in your
16  presentation, you are thinking about the lawyers' overall
17  interests in valuing the other cases.  So what I would suggest
18  you do is go back to your team and make sure there has been a
19  real conversation with Mr. Hardeman about offering questions
20  that -- special verdict questions that may be to his
21  disadvantage.
22          MR. WISNER:  Your Honor, I just want to --
23          THE COURT:  Then we can talk about it again at the
24  pretrial conference.  As of now we are just going to ask the
25  one question which is:  Was Monsanto's Roundup a substantial
```

1  factor in causing Mr. Hardeman's non-Hodgkin's lymphoma.
2     **MR. WISNER:**  Your honor, I just want to say one thing:
3  Throughout these years in this litigation, you have made
4  comments to me that have been picked up in the media -- and, in
5  fact, Monsanto has used your comments from the bench to try to
6  prevent me from being in other cases.  I just want you to know
7  you have now just sort of accused me of violating my ethical
8  rules to my client, and I respectfully strongly disagree with
9  that.  I don't think there is anybody in this room that works
10 harder for Mr. Hardeman than I do.
11    **THE COURT:**  I don't know if you violated the ethical
12 rules or not, but it is a very strange argument to come up here
13 and say, This is not really to our advantage in this trial; but
14 we want to ask the question because it will be helpful to
15 evaluate future cases.  That's a strange thing to say --
16    **MR. WISNER:**  Okay.
17    **THE COURT:**  -- when you are charged with representing
18 Mr. Hardeman's interest in this case.  And then in response to
19 my question:  Did you talk to Mr. Hardeman about this?  You say
20 no and --
21    **MR. WISNER:**  Well, I haven't personally.
22    **THE COURT:**  -- you hope that someone from your team
23 did.  But the next time you offer something in the trial that
24 you think is not necessarily to your strategic benefit in this
25 particular trial, you may want to make sure you have talked to

**CERTIFICATE OF REPORTERS**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Monday, January 28, 2019

_____

Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
U.S. Court Reporter

_____

Marla F. Knox, RPR, CRR
U.S. Court Reporter