**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: 202-942-5000
Fax: 202-942-5999

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: | |
| *Sue Coffman, as Personal Representative of the Estate of Kevin Coffman, Deceased v. Monsanto Company, et al.*, Case No. 3:21-cv-02505-VC | **DEFENDANT MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** |

**INTRODUCTION AND ISSUE TO BE DECIDED**

In her Motion to Remand ("Remand Motion"), ECF No. 6, Plaintiff sought attorneys' fees incurred for opposing the removal by Monsanto Company ("Monsanto") of this case to federal court. While granting the Remand Motion, this Court did not award fees. Pretrial Order No. 254: Granting Motion to Remand ("Remand Order"), ECF No. 14. Undeterred, Plaintiff has filed a stand-alone Motion for Attorneys' Fees ("Motion for Fees"), ECF No. 15, that renews the fees request already considered by this Court.

The Motion for Fees should be denied. First, it appears that the Court already has determined that attorneys' fees are not warranted by declining to grant them when Plaintiff asked. Second, even if the Court were inclined to address Plaintiff's renewed request for attorneys' fees, the Court should deny the Motion for Fees because Monsanto had an objectively reasonable basis to remove this lawsuit on fraudulent joinder grounds.

**ARGUMENT**

**I.  This Court Already Declined To Grant Plaintiff's Request for Attorneys' Fees.**

The Motion for Fees seeks relief that was previously addressed by Plaintiff and Monsanto in their briefing on the Remand Motion. Plaintiff "move[d] for an Order granting her ten-days [*sic*] after remand to move for attorneys' fees pursuant to 28 U.S.C. § 1447(c)." Remand Motion at 10. In response, Monsanto stated that, if the Court grants the Remand Motion, the Court should deny Plaintiff's request for attorneys' fees because "Monsanto had an objectively reasonable basis for removing this case to this Court. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) ('[W]hen an objectively reasonable basis exists [for seeking removal], fees should be denied.')." Monsanto's Opposition to Plaintiff's Motion to Remand at 15 n.12 (alterations in original), ECF No. 7. Plaintiff's reply reiterated her request for fees. Plaintiff's Reply in Support of Motion to Remand at 9 ("Remand Reply"), ECF No. 8.

Although this Court granted Plaintiff's request to remand this case, the Court did not order Monsanto to pay Plaintiff's attorneys' fees. Plaintiff seeks to play this off as if the Court somehow had not read her request for fees in the Remand Motion or the Remand Reply. In her new motion, she states that "[i]n an abundance of caution, Plaintiff formally *renews her motion for fees as previously set out*." Motion for Fees at 3 (emphasis added). However, she does not offer any explanation for why a renewed motion is required or why she believes that this Court has not already considered her fees request.

Plaintiff failed to achieve the relief she initially sought, so her repeat bid for attorneys' fees should be governed by the standard that applies to a motion for reconsideration, but she has not satisfied, and cannot satisfy, the standard for such a motion under Local Rule 7-9(b). Plaintiff does not point to any "material difference in fact or law" that arose after the briefing on the Remand Motion was completed by Plaintiff filing the Remand Reply. *See* Rule 7-9(b)(1). The only arguably "new facts" presented in the Motion for Fees are a quantification of her requested attorneys' fees, but those "facts" are not material to the threshold question at issue here – whether Plaintiff is entitled to a fees award. Moreover, those "facts" are not new; they were available to Plaintiff when she filed the Remand Reply, so she cannot "show that in the exercise of reasonable diligence [she] . . . did not know such fact[s] . . . at the time of the [Remand Order]." Local Rule 7-9(b)(1). Plaintiff also does not show the "emergence of new material facts or a change of law occurring after the time [the Court issued the Remand Order]." Local Rule 7-9(b)(2). And Plaintiff does not point to any evidence that the Court misunderstood her prior request for fees, let alone show a "manifest failure" by the Court to consider previously presented material facts and legal argument, as required by Local Rule 7-9(b)(3).

**II.  Monsanto Had An Objectively Reasonable Basis For Removal.**

In any event, the Court correctly declined to award attorneys' fees to Plaintiff in response

to her Remand Motion.  Even where, as here, a district court has held that remand is appropriate, "when an objectively reasonable basis exists [for seeking removal], fees should be denied." *Martin*, 546 U.S. at 141.  As the Ninth Circuit stated, "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Here, it was objectively reasonable for Monsanto to remove this lawsuit by asserting fraudulent joinder arguments based on Virginia law and facts presented in sworn statements (sworn interrogatory responses) that showed that Plaintiff did not have any viable claims against the non-diverse defendant, The Valley Fertilizer and Chemical Company ("Valley Fertilizer").

Plaintiff overlooks that Monsanto's fraudulent joinder argument regarding her negligent-failure-to-warn claim against Valley Fertilizer was based in significant part on the exceptionally stringent burden of proof that Plaintiff will be required to satisfy to establish that claim under Virginia law, which focuses not on what a defendant "should have known" – *i.e.*, the standard that applies in other states – but instead on what a defendant "had reason to know."  *See* Notice of Removal ¶ 17 (citing cases).  This standard means that Valley Fertilizer had no duty to stay apprised of scientific literature or otherwise ascertain or learn of a latent danger in the products that it sells.  *See Owens-Corning Fiberglas Corp. v. Watson*, 413 S.E.2d 630, 635 (Va. 1992).  In light of this unusually high legal burden imposed on Plaintiff, Monsanto had an objectively reasonable basis to argue that she does not have a viable negligent-failure-to-warn claim against Valley Fertilizer given: (1) facts stated in Valley Fertilizer's interrogatory responses that explained why Valley Fertilizer, before it sold Roundup®-branded herbicides to Mr. Coffman, did not know or have reason to know that those products allegedly cause cancer, *see* Notice of Removal ¶ 17 & n.4; and (2) other facts and arguments that provided further support for the

evidence presented in those interrogatory responses, *see id.*[1]

Plaintiff also fundamentally misunderstands fraudulent-joinder-removal law.  She asserts that "fraudulent joinder cannot be established by disputing the allegations in a Complaint, rendering this removal unreasonable."  Motion for Fees at 4.  But it is well established that a court evaluating a fraudulent joinder argument is ***not*** bound by allegations in a complaint and that a removing defendant is allowed to pierce the pleadings by presenting evidence that disputes allegations in a complaint and shows that the plaintiff does not have viable claims against the fraudulently joined defendant.  *See, e.g.*, *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  Indeed, most of this Court's remand-denial rulings in other Roundup® lawsuits have relied on fraudulent joinder evidence in sworn statements that disputed allegations in complaints.[2]  And as this Court has noted, the heavy burden imposed on a defendant seeking to establish fraudulent joinder "'does not mean the Court must close its eyes to reality—particularly given the experience the Court has gained throughout the course of this MDL.'"  *Roundup Prods. Liab. Litig. (Salas)*,

---

[1] Plaintiff relies on an assertion in a Ninth Circuit opinion ruling that a "'denial, even a sworn denial, of allegations does not prove their falsity,'" Motion for Fees at 4 (quoting *Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543, 551 (9th Cir. 2018)), but Monsanto's Notice of Removal was based on much more than merely a sworn denial of liability by Valley Fertilizer.  The Notice of Removal was based on facts presented in Valley Fertilizer's interrogatory responses and other facts that were directly relevant to an essential element of Plaintiff's claim, namely that Valley Fertilizer "had reason to know" that glyphosate (allegedly) is carcinogenic.

[2] *See In re Roundup Prods. Liab. Litig. (Salas)*, MDL No. 2741, 2021 WL 5149862 (N.D. Cal. Nov. 5, 2021); *In re Roundup Prods. Liab. Litig. (Carson)*, MDL No. 2741, 2021 WL 4314138 (N.D. Cal. Sept. 23, 2021); *In re Roundup Prods. Liab. Litig. (Pike)*, MDL No. 2741, 2021 WL 4315486 (N.D. Cal. Sept. 22, 2021); *In re Roundup Prods. Liab. Litig. (Roybal)*, MDL No. 2741, 2021 WL 4186714 (N.D. Cal. Sept. 15, 2021); *In re Roundup Prods. Liab. Litig. (Bryant)*, MDL No. 2741, 2019 WL 6873145 (N.D. Cal. Dec. 16, 2019); *see also Fazio v. Monsanto Co.*, No: 2:19-cv-826-FtM-29NPM, 2019 WL 6713276 (M.D. Fla. Dec. 10, 2019) (denying remand motion and accepting Monsanto's fraudulent joinder arguments based on sworn statements that disputed allegations in plaintiff's complaint), *denying motion for reconsideration*, 2019 WL 7372504 (M.D. Fla. Dec. 31, 2019).

2021 WL 5149862, at *2 (quoting *Roundup Prods. Liab. Litig. (Roybal)*, 2021 WL 4186714, at *2).

To be sure, the Court disagreed with Monsanto's removal arguments in this case. Nevertheless, Monsanto had objectively reasonable legal arguments under Virginia law, supported by evidence. An award of attorneys' fees is unwarranted.

## CONCLUSION

For the foregoing reasons, Plaintiff's "renewed" motion for attorneys' fees should be denied.

DATED:  November 12, 2021

Respectfully submitted,

/s/ Eric G. Lasker

| | |
|---|---|
| William Hoffman (*pro hac vice*) | Eric G. Lasker (*pro hac vice*) |
| (william.hoffman@arnoldporter.com) | (elasker@hollingsworthllp.com) |
| Daniel S. Pariser (*pro hac vice*) | Martin C. Calhoun (*pro hac vice*) |
| (daniel.pariser@arnoldporter.com) | (mcalhoun@hollingsworthllp.com |
| ARNOLD & PORTER KAYE SCHOLER LLP | HOLLINGSWORTH LLP |
| 601 Massachusetts Avenue, NW | 1350 I Street, NW |
| Washington, DC 20001 | Washington, DC 20005 |
| Tel:  202-942-5000 | Tel:  202-898-5800 |
| Fax:  202-942-5999 | Fax:  202-682-1639 |

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
WILKINSON STEKLOFF LLP
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax:  202-847-4005

*Attorneys for Defendant Monsanto Company*