**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax: 202-942-5999

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax: 202-682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 ) ) Case No. 3:16-md-02741-VC ) |
| THIS DOCUMENT RELATES TO: *Harrison Oswald v. Monsanto Co., et al.*, Case No. 3:21-cv-07729-VC | ) **DEFENDANT MONSANTO COMPANY'S** ) **OPPOSITION TO PLAINTIFF'S MOTION** ) **TO REMAND *OSWALD* CASE [filed with** ) **Declaration of Eric Lasker]** ) ) Date:         December 9, 2021 ) Time:         10:00 a.m. ) Courtroom:  4 |

## INTRODUCTION AND ISSUES TO BE DECIDED

Monsanto Company ("Monsanto") properly removed this case by presenting evidence – declarations and Plaintiff's sworn interrogatory answers – in its Notice of Removal, ECF No. 1, establishing that Plaintiff fraudulently joined three non-diverse defendants because none of them had any involvement with or connection to the residential Roundup®-branded herbicides allegedly used by Plaintiff. Plaintiff's Motion to Remand ("Remand Motion"), ECF No. 6, fails to present any meritorious arguments that these defendants were not fraudulently joined.

*First*, Monsanto's fraudulent joinder showings regarding Wilbur-Ellis Nutrition, LLC, formerly known as Wilbur-Ellis Feed, LLC ("Wilbur-Ellis Nutrition/Feed"), and Wilbur-Ellis Company track the same evidence-based showings that this Court accepted when denying remand motions in other Roundup® lawsuits. Although Plaintiff's counsel also represented the plaintiffs at issue in those remand-denial rulings, the Remand Motion asserts the same arguments that this Court rejected in those rulings – without even acknowledging those on-point rulings. For the same reasons stated in those rulings, the Court should reject Plaintiff's arguments regarding Wilbur-Ellis Nutrition/Feed and Wilbur-Ellis Company. Likewise, Plaintiff's recycled, baseless argument regarding "John Doe" defendants should be denied for the same reason discussed in the Court's prior remand-denial rulings.

*Second*, Plaintiff also misses the mark by claiming that he did not fraudulently join the non-diverse retailer defendant, G & S Hardware Purchasing, Inc. d/b/a Roseville Ace Hardware ("Roseville Ace"). Monsanto's fraudulent joinder argument was based on his sworn interrogatory answer, which stated that he bought Roundup®-branded herbicides from a different store (Toft Ace Hardware) and did not identify Roseville Ace as one of the stores that sold Roundup®-branded herbicides to him. Weeks after Monsanto filed the Notice of Removal based on Plaintiff's pre-removal sworn interrogatory answer, Plaintiff responded by serving an

"amended" interrogatory answer that – lo and behold – states that Roseville Ace sold Roundup®-branded herbicides to him. But this obvious attempt to manipulate the process – by Plaintiff's counsel with a history of dismissing non-diverse retailer defendants before trial in other Roundup® cases – fails to deprive this Court of diversity jurisdiction. As another court held when rejecting a similar forum-manipulation gambit in a Roundup® lawsuit, *see Fazio v. Monsanto Co.*, No: 2:19-cv-826-FtM-29NPM, 2019 WL 6713276 (M.D. Fla. Dec. 10, 2019) (denying remand motion), *denying motion for reconsideration*, 2019 WL 7372504 (M.D. Fla. Dec. 31, 2019), this Court should disregard Plaintiff's post-removal amendment and rely on Plaintiff's pre-removal sworn statement to hold that Roseville Ace has been fraudulently joined.[1]

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In January 2021, Plaintiff filed this lawsuit against Monsanto, seeking damages for non-Hodgkin's lymphoma allegedly caused by Roundup®-branded herbicides. *E.g.*, Compl. ¶¶ 17-26 (attached to Notice of Removal as Exhibit 1, ECF No. 1-1). The Complaint also asserts claims against Wilbur-Ellis Company and Wilbur-Ellis Nutrition/Feed – referring to them collectively as "Wilbur-Ellis," *id.* ¶¶ 29-30 – albeit based on mere information and belief, *id.* ¶¶ 30, 109. The Complaint also asserts claims against Roseville Ace, based on the "information and belief" allegation that it sold Roundup®-branded herbicides to Plaintiff. *Id.* ¶ 9.

On July 28, 2021, Monsanto served interrogatories on Plaintiff, including one that asked him to identify where he had purchased Roundup®-branded herbicides. On September 3, 2021,

---

[1] On the same day that Monsanto removed this case, Monsanto also removed three other Roundup® cases to this Court, *see Harris v. Monsanto Co.*, No. 3:21-cv-07738-VC; *Garff v. Monsanto Co.*, No. 3:21-cv-07728-VC; *Kross v. Monsanto Co.*, No. 3:21-cv-07730-VC, based on the same fraudulent joinder arguments asserted in the Notice of Removal at issue here. The same counsel who represent Plaintiff here also represent the plaintiffs in those cases. They filed essentially the same remand motions in this case and in those cases. Monsanto is filing, this same date, similar oppositions to those motions.

he served responses to those interrogatories, including an answer stating that he purchased Roundup®-branded herbicides from Toft Ace Hardware (Lincoln, California). Plaintiff's Responses to Monsanto's First Set of Interrogatories – Answer to Interrogatory No. 17 (attached to Notice of Removal as Exhibit 4), ECF No. 1-4. That sworn interrogatory answer did ***not*** state that Plaintiff purchased Roundup®-branded herbicides from Roseville Ace.

On October 4, 2021, Monsanto timely removed this case based on, *inter alia*, Plaintiff's Answer to Interrogatory No. 17 and declarations regarding Wilbur-Ellis Nutrition/Feed and Wilbur-Ellis Company. The evidence submitted with the Notice of Removal established that: (a) Wilbur-Ellis Nutrition/Feed, Wilbur-Ellis Company, and Roseville Ace had no involvement with or connection to the residential Roundup®-branded herbicides allegedly used by Plaintiff; (b) those defendants should be disregarded as fraudulently joined; and (c) this Court has subject matter jurisdiction based on diversity of citizenship between Plaintiff and Monsanto.

On November 3, 2021, Plaintiff filed the Remand Motion. It does not dispute that Plaintiff is a California citizen and that Monsanto is a citizen of both Missouri and Delaware for purposes of diversity jurisdiction. The Remand Motion also does not dispute that this removal was timely or that this lawsuit satisfies the jurisdictional-amount-in-controversy requirement for this Court to exercise subject matter jurisdiction based on diversity of citizenship.

## ARGUMENT

**I. Plaintiff Asserts The Same Baseless Arguments Regarding The Wilbur-Ellis Defendants And The "John Doe" Defendants That Were Previously Considered And Rejected By This Court When Denying Remand Motions In Other Roundup® Lawsuits.**

In other Roundup® lawsuits filed by the same plaintiffs' counsel who represent Plaintiff in this case, this Court denied remand motions that made the same arguments regarding Wilbur-Ellis Company, Wilbur-Ellis Nutrition/Feed, and "John Doe" defendants that Plaintiff asserts here in the Remand Motion. *See In re Roundup Prods. Liab. Litig. (Carson)*, MDL No. 2741,

2021 WL 4314138 (N.D. Cal. Sept. 23, 2021) ("*Carson* Order"); *In re Roundup Prods. Liab. Litig. (Pike)*, MDL No. 2741, 2021 WL 4315486 (N.D. Cal. Sept. 22, 2021) ("*Pike* Order); *In re Roundup Prods. Liab. Litig. (Roybal)*, MDL No. 2741, 2021 WL 4186714 (N.D. Cal. Sept. 15, 2021) ("*Roybal* Order").[2]  Nevertheless, the Remand Motion inexplicably asserts the same baseless arguments, without even acknowledging that this Court recently rejected those arguments in those three remand-denial rulings.

For the same reasons set forth in the remand-denial rulings cited above, the Court should reject Plaintiff's arguments and hold that the two Wilbur-Ellis defendants have been fraudulently joined.  As established by the evidence submitted with the Notice of Removal, Wilbur-Ellis Nutrition/Feed has never manufactured, distributed, or sold Roundup®-branded herbicides, and the events at issue in this case occurred before that defendant came into existence (September 2015), so there are two reasons to conclude that Plaintiff fraudulently joined that defendant.  *See Roybal* Order, 2021 WL 4186714, at *1; *see Carson* Order, 2021 WL 4314138, at *1 (citing *Roybal* Order); *Pike* Order, 2021 WL 4315486, at *1 (same); *see also* Notice of Removal ¶ 22 (citing other remand-denial orders involving fraudulent joinder).  Moreover, it is undisputed that Plaintiff here – like the plaintiffs in *Roybal*, *Carson*, and *Pike* – alleges exposure to Roundup®-branded herbicides through residential use, not agricultural or professional use.  *See* Notice of Removal ¶ 28.  Thus, Wilbur-Ellis Company has been fraudulently joined.  *See id.* ¶¶ 22, 28 (citing remand-denial orders involving fraudulent joinder).  The Remand Motion presents only speculation, without any evidentiary support, that Wilbur-Ellis Company may have distributed the Roundup®-branded herbicides to which Plaintiff was exposed, but the same arguments were

---

[2] *Compare* Remand Motion at 4-7 *with Pike* Remand Motion at 3-6, No. 3:20-cv-08192-VC, ECF No. 6; *Roybal* Remand Motion at 5-8, No. 3:20-cv-06235-VC, ECF No. 7; *Carson* Remand Motion at 5-8, No. 3:20-cv-06238-VC, ECF No. 7.

made by other plaintiffs and rejected by this Court. *See Roybal* Order, 2021 WL 4186714, at *2 (accepting Monsanto's fraudulent joinder evidence regarding Wilbur-Ellis Company and stating that plaintiff's "speculation, without any evidentiary support, is insufficient to overcome the clear and convincing evidence that Wilbur-Ellis Company did not market or distribute [plaintiff's] Roundup"); *see also Carson* Order, 2021 WL 4314138, at *1 (citing *Roybal* Order); *Pike* Order, 2021 WL 4315486, at *1 (same). Plaintiff does not, and cannot, present any new evidence or arguments to overcome the hurdles posed by the *Roybal* Order, the *Carson* Order, and the *Pike* Order, so this Court should reject his arguments regarding Wilbur-Ellis Company and Wilbur-Ellis Nutrition/Feed.[3]

Likewise, Plaintiff's arguments regarding the John Doe defendants have been presented to, and rejected by, this Court.[4] As this Court has stated repeatedly, "Plaintiff cannot defeat diversity jurisdiction using Doe defendants. In determining whether an action is diverse for the purposes of diversity jurisdiction, 'the citizenship of defendants sued under fictitious names shall be disregarded.'" *Roybal* Order, 2021 WL 4186714, at *2 (quoting 28 U.S.C. § 1441(b)(1)); *Carson* Order, 2021 WL 4314138, at *1 (same); *Pike* Order, 2021 WL 4315486, at *1 (same).

## II. Plaintiff's Pre-Removal Sworn Interrogatory Answer Shows That Roseville Ace Has Been Fraudulently Joined, And Plaintiff Cannot Rely On His Post-Removal Amended Interrogatory Answer To Deprive This Court Of Diversity Jurisdiction.

Pursuant to well-established removal law, the Notice of Removal pierced the pleadings and established, based on Plaintiff's sworn interrogatory answer, that Roseville Ace has been

---

[3] Monsanto incorporates by reference here arguments made by Monsanto in opposition to the remand motions in *Roybal*, *Carson*, and *Pike*. *See, e.g.*, Monsanto's Opposition to Plaintiff's Motion to Remand, *Roybal v. Monsanto Co.*, No. 20-cv-06235, ECF No. 10.

[4] *Compare* Remand Motion at 8 *with Pike* Remand Motion at 10, No. 3:20-cv-08192-VC, ECF No. 6; *Roybal* Remand Motion at 8, No. 3:20-cv-06235-VC, ECF No. 7; *Carson* Remand Motion at 8, No. 3:20-cv-06238-VC, ECF No. 7.

fraudulently joined because that answer shows that Plaintiff does not have any viable claims against Roseville Ace. The claims asserted in the Complaint against Roseville Ace are based on an "information and belief" allegation that it sold Roundup®-branded herbicides to him. Compl. ¶ 9. However, the sworn interrogatory answer served on Monsanto before it removed this case says that Plaintiff bought Roundup®-branded herbicides from a different store (Toft Ace Hardware) and does *not* say that he bought these herbicides from Roseville Ace. Plaintiff's Responses to Monsanto's First Set of Interrogatories – Answer to Interrogatory No. 17. This sworn statement established that he does not have viable claims against Roseville Ace. *See* Notice of Removal ¶¶ 22, 32 (citing remand-denial rulings issued by this Court and other federal district courts in California).

Plaintiff makes two arguments in response to Monsanto's showing that he fraudulently joined Roseville Ace, but they both lack merit.

*First*, Plaintiff claims that the Court can grant the Remand Motion without considering his amended interrogatory answer (which seeks to wipe out his prior interrogatory answer that was central to Monsanto's fraudulent joinder argument), contending that the Court is bound by the allegations in the Complaint. *See* Remand Motion at 4. However, that erroneous argument is contrary to a line of well-established case law that stands for the proposition that a court evaluating a fraudulent joinder argument is *not* bound by allegations in a complaint, when a removing defendant pierces the pleadings by presenting evidence that disputes allegations in a complaint and shows that the plaintiff does not have viable claims against the fraudulently joined defendant. *See, e.g.*, *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *see also* Remand Motion at 3 (admitting that courts evaluating fraudulent joinder arguments "may look beyond the pleadings and consider summary judgment-type evidence"; citing, *inter alia*, *Ritchey*, 139 F.3d at 1318).

Consistent with those Ninth Circuit cases, most of this Court's remand-denial rulings in the Roundup® litigation have relied on fraudulent joinder evidence in sworn statements that disputed allegations in complaints.  *See In re Roundup Prods. Liab. Litig. (Salas)*, MDL No. 2741, 2021 WL 5149862 (N.D. Cal. Nov. 5, 2021); *In re Roundup Prods. Liab. Litig. (Carson)*, MDL No. 2741, 2021 WL 4314138 (N.D. Cal. Sept. 23, 2021); *In re Roundup Prods. Liab. Litig. (Pike)*, MDL No. 2741, 2021 WL 4315486 (N.D. Cal. Sept. 22, 2021); *In re Roundup Prods. Liab. Litig. (Roybal)*, MDL No. 2741, 2021 WL 4186714 (N.D. Cal. Sept. 15, 2021); *In re Roundup Prods. Liab. Litig. (Bryant)*, MDL No. 2741, 2019 WL 6873145 (N.D. Cal. Dec. 16, 2019); *see also Fazio*, 2019 WL 6713276 (denying remand motion and accepting Monsanto's fraudulent joinder arguments based on sworn statements that disputed allegations in plaintiff's complaint).

Thus, when deciding the Remand Motion, this Court cannot simply ignore Plaintiff's sworn interrogatory answer that Monsanto properly submitted with its Notice of Removal.  That sworn statement is evidence that pierces the pleadings; contradicts the prior information-and-belief allegation in the Complaint regarding Roseville Ace; and establishes that Plaintiff does not have viable claims against Roseville Ace.

***Second***, the Court should reject Plaintiff's effort to manipulate the forum by achieving remand based on an "amended" interrogatory answer – served on Monsanto weeks after it removed this case to this Court – which claims that Plaintiff purchased Roundup®-branded herbicides from Roseville Ace.  *See* Remand Motion at 3-4; Plaintiff's First Amended Response to Monsanto's First Set of Interrogatories – Answer to Interrogatory No. 17 (served November 2, 2021), ECF No. 6-2.  Plaintiff offers no credible explanation for his purported "inadvertent omission" of Roseville Ace in his initial interrogatory answer, nor could he.  He had a full month to confer with counsel and prepare his responses, and his alleged purchase of Roundup®-branded herbicides from Roseville Ace is not a tangential, readily-explicable forgotten fact – it is the

necessary and fundamental fact upon which he based his purported claims against Roseville Ace.[5]

In another Roundup® lawsuit, a district court rejected a similar attempted forum-manipulation gambit by a plaintiff who sought remand by submitting a post-removal sworn statement that tried to change a key fact in his prior sworn statement that gave rise to Monsanto's fraudulent joinder removal argument regarding a non-diverse retailer defendant.  *See Fazio*, 2019 WL 6713276, at *3-4.  The court held that the post-removal sworn statement "should not be considered as part of the fraudulent joinder analysis" and denied the remand motion based on the pre-removal sworn statement.  *Id.*; *cf. Lopez v. General Motors Corp.*, 697 F.2d 1328, 1333 (9th Cir. 1983) (affirming denial of plaintiff's motion for reconsideration of summary judgment order and stating: "We do not take kindly to counsel's having [plaintiff] attempt, in a declaration in support of her motion for reconsideration, to repudiate or contradict her sworn deposition testimony. The declaration created no genuine issue of fact."); *Ram v. Infinity Select Ins.*, 807 F. Supp. 2d 843, 855-56 (N.D. Cal. 2011) (granting defendant's summary judgment motion and disregarding plaintiff's sworn statement (a declaration) that contradicted plaintiff's prior sworn

---

[5] In considering the viability of Plaintiff's purported sudden recollection of the essential factual basis for purported claims against Roseville Ace, this Court also need not "close its eyes to [the] reality[,] … given the experience the Court has gained throughout the course of this MDL," *Roundup Prods. Liab. Litig. (Roybal)*, 2021 WL 4186714, at *2, that purported claims asserted against retailer defendants to keep Roundup® cases in state court have been consistently dismissed by plaintiffs before trial.  The *Donnetta Stephens* Roundup® trial started in August 2021 and is pending in San Bernardino County.  Before trial, the plaintiff (represented by the same counsel who represent Plaintiff in this case) voluntarily dismissed the non-diverse retailer defendant from that case.  Request for Dismissal, *Stephens v. Monsanto Co.* (filed July 15, 2021) (attached as Exhibit 1 to accompanying Declaration of Eric Lasker ("Lasker Declaration")).  The *Destiny Clark* Roundup® trial started on September 15, 2021 in Los Angeles County and ended with a defense verdict.  Before trial, the plaintiff (represented by the same counsel who represent Plaintiff here) voluntarily dismissed the non-diverse retailer defendant from that case.  Request for Dismissal, *Clark v. Monsanto Co.* (filed Sept. 13, 2021) (attached as Exhibit 2 to Lasker Declaration).  In addition, in the *Dewayne Johnson* Roundup® case that went to trial in the summer of 2018, the plaintiff voluntarily dismissed Monsanto's non-diverse co-defendants in August 2017 (although the clerk did not enter those dismissals until August 2018).  Request for Dismissal, *Johnson v. Monsanto Co.* (attached as Exhibit 3 to Lasker Declaration).

statements (deposition testimony)).

Moreover, Ninth Circuit cases and other cases protect against this type of post-removal manipulation of the record to deprive federal courts of jurisdiction. As the Ninth Circuit stated, "when removal is proper at the outset, federal jurisdiction is not defeated by later changes or developments in the suit," *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 819 (9th Cir. 1985) (citing cases), and other cases have made similar statements, *see Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 n.1 (2007) (acknowledging "the general rule that postremoval events do not deprive federal courts of subject-matter jurisdiction"); *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (reversing remand order and stating that "[w]e have long held that post-removal amendments to the pleadings cannot affect whether a case is removable"); *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (affirming denial of remand motion; disregarding plaintiff's post-removal amended complaint and stating that federal subject matter jurisdiction "must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments"), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374 (2016); *Moua v. Int'l Bus. Machs. Corp.*, No. C 10-01070 JW, 2011 WL 7293395, at *3 (N.D. Cal. Apr. 7, 2011) (denying remand motion; stating that "jurisdictional facts are assessed at the time of removal" and that "post-filing developments do not deprive federal courts of subject matter jurisdiction"); *Molnar v. 1-800-Flowers.com, Inc.*, No. CV 08-0542 CAS (JCx), 2009 WL 481618, at *5 (C.D. Cal. Feb. 23, 2009) (disregarding post-removal statement that plaintiff was not seeking punitive damages and stating "the general rule that 'postremoval events do not deprive federal courts of subject-matter jurisdiction'") (quoting *Powerex Corp.*, 551 U.S. at 232 n.1); *Destfino v. Kennedy*, No. CV-F-08-1269 LJO DLB, 2008 WL 4826070, at *2 (E.D. Cal. Nov. 6, 2008) (denying remand motion and stating:

"[P]ostremoval changes do not oust the Court of jurisdiction. Removability is determined at the time the notice of removal was filed. If the case was removable at that time, plaintiff cannot thereafter oust the federal court of jurisdiction by voluntarily changing the case so as to destroy the ground upon which removal was based.") (citation omitted); *CTS Printex, Inc. v. American Motorists Ins. Co.*, 639 F. Supp. 1272, 1276 (N.D. Cal. 1986) ("The law is settled that post-removal amendments will not be permitted to destroy subject matter jurisdiction once it has attached.") (citing cases).[6]

If, as the Ninth Circuit has held, a plaintiff's post-removal amendment of a complaint does not affect whether a case was removable, *see Williams*, 471 F.3d at 976; *Sparta Surgical Corp.*, 159 F.3d at 1213, then Plaintiff's post-removal amendment of his interrogatory answer here should not affect this Court's ruling regarding whether Monsanto properly removed this case. After all, "once removal has been perfected[,] [P]laintiff may not manipulate the process to void the removal." *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993), *abrogated in part on other grounds by Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006).

## CONCLUSION

For the foregoing reasons, the Court should deny the Remand Motion.

---

[6] Plaintiff's reliance on the *Uribes* case is misplaced. *See* Remand Motion at 4 (citing *Uribes v. BASF Catalysts, LLC*, No. 15-CV-02131-LHK, 2015 WL 5093410 (N.D. Cal. Aug. 28, 2015)). In *Uribes*, BASF's notice of removal regarding fraudulent joinder as to the non-diverse defendant (E.T. Horn) was filed: (a) one week before that wrongful death case was scheduled to go to trial; (b) two years after the state court had denied E.T. Horn's summary judgment motion (filed while the case was a personal injury lawsuit); and (c) after the personal injury trial ended in a mistrial (because decedent died during that trial). *See Uribes*, 2015 WL 5093410, at *1-2, 4. When granting remand, the court rejected BASF's argument that the plaintiffs' pre-removal discovery response showed that the plaintiffs had abandoned their claims against E.T. Horn. *See id*. at *4-5. Here, by contrast, the record is very different, and Monsanto's Notice of Removal was not based on a theory that Plaintiff had "abandoned" otherwise viable claims against Roseville Ace. Instead, the Notice of Removal established, based on his sworn statement, that he **never had any viable claims** against Roseville Ace because – contrary to the information-and-belief allegation in the Complaint – it did not sell Roundup®-branded herbicides to him.

DATED: November 17, 2021 Respectfully submitted,

/s/ Eric G. Lasker

| | |
|---|---|
| William Hoffman (*pro hac vice*) | Eric G. Lasker (*pro hac vice*) |
| (william.hoffman@arnoldporter.com) | (elasker@hollingsworthllp.com) |
| Daniel S. Pariser (*pro hac vice*) | Martin C. Calhoun (*pro hac vice*) |
| (daniel.pariser@arnoldporter.com) | (mcalhoun@hollingsworthllp.com) |
| ARNOLD & PORTER KAYE SCHOLER LLP | HOLLINGSWORTH LLP |
| 601 Massachusetts Avenue, NW | 1350 I Street, NW |
| Washington, DC 20001 | Washington, DC 20005 |
| Tel: 202-942-5000 | Tel: 202-898-5800 |
| Fax: 202-942-5999 | Fax: 202-682-1639 |

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
WILKINSON STEKLOFF LLP
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

*Attorneys for Defendant Monsanto Company*