**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax:  202-847-4005

**HOLLINGSWORTH**LLP
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax:  202-682-1639

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax:  202-942-5999

*Attorneys for Defendant*
*MONSANTO COMPANY*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741<br>)<br>) Case No. 3:16-md-02741-VC<br>) |
| THIS DOCUMENT RELATES TO:<br><br>*Rob Bundy v. Monsanto Company*, Case No. 3:20-cv-06345-VC | ) **DEFENDANT MONSANTO COMPANY'S**<br>) **OPPOSITION TO PLAINTIFF'S SECOND**<br>) **MOTION FOR LEAVE TO AMEND**<br>) **COMPLAINT TO JOIN ADDITIONAL**<br>) **PARTY DEFENDANT AND FOR REMAND**<br>) **DUE TO A LACK OF DIVERSITY [filed**<br>) **with Declaration of Eric Lasker]** |

## INTRODUCTION AND ISSUE TO BE DECIDED

In August 2020, soon after Plaintiff Rob Bundy filed this lawsuit in Florida state court, Monsanto Company ("Monsanto") timely removed it to federal court based on a simple diversity jurisdiction argument (no Florida defendants); he did not challenge that removal by filing a timely remand motion. Instead, in April 2021, after an unexplained delay of more than eight months, Plaintiff sought leave to amend his Amended Complaint to add a non-diverse retailer defendant and requested remand. *See* Plaintiff's Motion for Leave to Amend Complaint to Join Additional Party Defendant and for Remand due to a Lack of Diversity ("First Amendment/Remand Motion"), ECF No. 11.

Based on 28 U.S.C. § 1447(e), this Court denied that motion, Pretrial Order No. 245 ("PTO No. 245"), ECF No. 23, but Plaintiff did not accept that ruling as the last word regarding this issue. More than fourteen months after he commenced this case in state court, he filed a second motion that is another belated, improper attempt to manipulate the forum and deprive Monsanto of its right to have this case adjudicated in federal court. *See* Plaintiff's Second Motion for Leave to Amend Complaint to Join Additional Party Defendant and For Remand due to a Lack of Diversity ("Second Amendment/Remand Motion"), ECF No. 24.

However, the Second Amendment/Remand Motion makes arguments that – again – fail to satisfy Plaintiff's Section 1447(e) burden. Plaintiff does not, and cannot, overcome the Court's concerns regarding two factors in the Section 1447(e) analysis that the Court said were "particularly salient" to its decision to deny the First Amendment/Remand Motion – "whether there has been unexplained delay in requesting joinder" and "whether joinder is intended solely to defeat federal jurisdiction," PTO No. 245, at 1.[1]  Moreover, Plaintiff's arguments regarding

---

[1] The Second Amendment/Remand Motion repeats, word for word, certain arguments that Plaintiff previously made to this Court before it denied his prior motion in PTO No. 245. *Compare* Second Amendment/Remand Motion at 8-10 *with* Plaintiff's Reply in Support of First

MONSANTO'S OPP'N TO SECOND MOTION FOR LEAVE TO AMEND AND FOR REMAND
3:16-md-02741-VC & 3:20-cv-06345-VC

other factors at issue in a Section 1447(e) analysis also lack merit.  Although Plaintiff regrets the strategy decision he made when filing this case without suing a Florida defendant, Section 1447(e) is intended to prevent this kind of effort to deprive this Court of jurisdiction.  The Court included this case in Wave 4; Plaintiff should not be allowed to evade the work and deadlines addressed in that order.  For the reasons set forth in more detail below, the Court should deny the Second Amendment/Remand Motion and retain jurisdiction over this case.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In August 2020, Plaintiff commenced this lawsuit by filing a complaint in a Florida state court against Monsanto (and Bayer Corporation).  Before serving that complaint, he filed an amended complaint to correct the defendants' names.  Amended Complaint (attached to Notice of Removal as Exhibit 2), ECF No. 1-2.  Plaintiff alleged that he was an owner of a lawncare business, *id*. ¶ 5, and that Roundup®-branded herbicides caused him to develop cancer, *see, e.g.*, *id*. ¶¶ 5, 7-8, 13-15, 20-21, 28.  He did not sue any Florida defendants.

On August 19, 2020, Plaintiff served the Summons and Amended Complaint on Monsanto.  Five days later, Monsanto timely removed this case to the United States District Court for the Middle District of Florida.  Notice of Removal, ECF No. 1.  In September 2020, the Judicial Panel on Multidistrict Litigation transferred this case to this Court.

In April 2021 – more than eight months after Monsanto filed the Notice of Removal – Plaintiff filed the First Amendment/Remand Motion.  He sought leave to amend the Amended Complaint to add claims against a Florida retailer, M&W Supply, Inc. ("M&W"), claiming that it was "responsible for selling to Plaintiff much if not most of the Roundup Plaintiff was exposed to."  First Amendment/Remand Motion at 2.  Monsanto opposed that motion.  Monsanto's Opp'n to Plaintiff's Motion for Leave to Amend Complaint and to Remand *Bundy* Case, ECF No. 12.

Amendment/Remand Motion at 10-12, ECF No. 13.

MONSANTO'S OPP'N TO SECOND MOTION FOR LEAVE TO AMEND AND FOR REMAND
3:16-md-02741-VC & 3:20-cv-06345-VC

In August 2021, this case was included in work-up Wave 4. Order Granting Joint Request for Revised Schedule for Wave 4 Cases ("Wave 4 Order"), ECF No. 13617.

On September 10, 2021, the Court issued PTO No. 245, which denied the First Amendment/Remand Motion.

On November 5, 2021 – more than fourteen months after Monsanto filed the Notice of Removal – Plaintiff filed the Second Amendment/Remand Motion.

## ARGUMENT

As this Court recognized, "courts 'freely' give leave to amend" when Rule 15(a) of the Federal Rules of Civil Procedure applies, "[b]ut once a case has been removed, the standard is heightened where, as here, the plaintiff 'seeks to join additional defendants whose joinder would destroy subject matter jurisdiction.'" PTO No. 245, at 1 (quoting Section 1447(e)). Federal courts should "look with particular care at such motive in removal cases [*i.e.*, a plaintiff's motive for seeking leave to amend a complaint to add a new defendant], when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980); *see 3WL, LLC v. Master Protection, LP*, 851 F. App'x 4, 7 (9th Cir. 2021) (affirming denial of motion for leave to amend based on Section 1447(e) and stating that "the timing of the motion … raised serious questions about [plaintiff's] intent to destroy diversity"); *Yniques v. Cabral*, 985 F.2d 1031, 1036 n.3 (9th Cir. 1993) (stating that plaintiff's "motive for seeking joinder" of non-diverse defendant was "relevant … to the question whether to permit joinder" under Section 1447(e)) (citing *Desert Empire Bank*, 623 F.2d at 1376). Thus, when applying Section 1447(e), this Court has considered whether a "diversity-destroying amendment could be motivated by the plaintiff's desire to gain procedural advantage by returning to state court," *Bakshi v. Bayer Healthcare, LLC*, No. C07-00881 CW, 2007 WL 1232049, at *2 (N.D. Cal. Apr. 26, 2007)

(citing *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086-87 (N.D. Cal. 1999)), and whether a requested amendment "would allow a plaintiff to improperly manipulate the forum of an action," *Clinco*, 41 F. Supp. 2d at 1087.

Here, when denying the First Amendment/Remand Motion, the Court noted Plaintiff's unexplained "eight-month delay between the filing of the complaint and his request for joinder" and held that "[t]his 'suspicious timing,' combined with the fact that the plaintiff presumably was aware that he purchased Roundup from M&W even before he filed his complaint, suggests that the addition of M&W is merely an attempt to defeat federal jurisdiction." PTO No. 245, at 1-2 (quoting *Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1120 (N.D. Cal. 2006)).

The Second Amendment/Remand Motion is another improper attempt to manipulate the forum and does not make any persuasive arguments for this Court to change its PTO No. 245 ruling. Plaintiff has failed to satisfy his burden of meeting the "heightened" Section 1447(e) standard, PTO No. 245, at 1, so the Court should deny the Second Amendment/Remand Motion.

*First*, Plaintiff does not, and cannot, overcome the Court's concerns regarding the two factors that the Court identified as "particularly salient" to its prior ruling – "whether there has been unexplained delay in requesting joinder" and "whether joinder is intended solely to defeat federal jurisdiction," PTO No. 245, at 1. The Second Amendment/Remand Motion does not rebut the Court's statement that he "presumably was aware that he purchased Roundup from M&W even before he filed his complaint," *id*. at 2. Indeed, the receipts submitted by Plaintiff regarding his alleged purchases of Roundup®-branded herbicides clearly identify M&W and show its address and phone number. *See* Exhibit D to Second Amendment/Remand Motion. If he wanted to sue M&W in this case, he could have, and should have, asserted claims against M&W when he filed his Complaint in state court. The Second Amendment/Remand Motion does not address this important issue; Plaintiff has no valid excuse for failing to do so – and then

waiting more than fourteen months after Monsanto filed the Notice of Removal before seeking

leave to file the proposed amendment complaint at issue here.[2]  His effort to explain this unduly

lengthy delay – claiming that he was exploring a medical causation issue and evaluating his

causation evidence, *see* Second Amendment/Remand Motion at 8, 10 – misses the mark.  ***Before***

he filed his Complaint in state court, he should have had a good faith basis for alleging that

Roundup®-branded herbicides caused his cancer.  The identities of defendants in a Roundup®

complaint do not change that causation analysis if they were in the chain of distribution, so

whatever conclusion he reached regarding medical causation when he decided to sue Monsanto

also would apply to any retailer defendant (like M&W and NKC) that allegedly sold him those

herbicides.  In short, this argument fails to explain what Plaintiff did and failed to do in this case.

Plaintiff also asserts that his "motive has nothing to do with defeating jurisdiction and is

purely an attempt to get all the actionable Defendants in the same case," Second Amendment/

Remand Motion at 10, but that makes no sense.  As discussed above, there is no reason why he

could not have included "all the actionable Defendants in the same case" when he filed the

Complaint in state court, instead of waiting until after Monsanto removed this case to federal

court.  Plaintiff did not need discovery to learn that he purchased Roundup®-branded herbicides

from M&W.  He knew M&W's identity and its role as the company that allegedly sold him those

herbicides, so he cannot explain away his failure to include claims against M&W.  And, if he had

conducted even the most basic pre-filing investigation, he would have learned then, before he

filed this lawsuit in state court, whatever he knows now about NKC's identity based on the

---

[2] Although Plaintiff seeks leave to add claims against NKC Enterprises, Inc. ("NKC"), which allegedly is "a mere continuation of M&W," Second Amendment/Remand Motion at 2, his arguments fail to explain why he did not sue NKC when he commenced this case in Florida state court.  The information about NKC and M&W discussed in the Second Amendment/Remand Motion is based on publicly available documents, which Plaintiff would have located before he filed this lawsuit, if he had conducted a reasonably diligent pre-filing investigation.

publicly available documents filed as exhibits to the Second Amendment/Remand Motion.

Plaintiff does not – and cannot – claim that a statute-of-limitations deadline required him to rush

to file suit against Monsanto.  Based on his assertion that he first had notice in April 2020 that

Roundup®-branded herbicides caused his cancer, *see* Second Amendment/Remand Motion at 7,

he did not need to file suit in August 2020.  He had plenty of time to conduct a reasonably

diligent pre-filing investigation and carefully evaluate which defendants to sue in this case.

Moreover, he claims that he wants "full constitutional access to the courts to provide the full

Civil [*sic*] redress against all the legally responsible parties," *id*. at 11, but fails to acknowledge

that nothing prevented him from jointly suing all allegedly responsible parties when he filed this

lawsuit in state court.  The only conclusion that can be drawn from his flimsy efforts to explain

away what he did in this case is that his arguments are pretexts to hide what really is going on

here – namely, his "desire to gain procedural advantage by returning to state court," *Bakshi*, 2007

WL 1232049, at *2, by adding Florida defendants to deprive this Court of diversity jurisdiction.[3]

    ***Second***, Plaintiff makes a statute-of-limitations argument that undermines, rather than

supports, his Section 1447(e) amendment request.  One of the factors considered by courts when

---

[3] Plaintiff tries to muddy the record regarding the length of the delay at issue here.  He filed the Second Amendment/Remand Motion in November 2021, more than fourteen months after he filed this lawsuit in state court in August 2020.  Thus, his reference to a "less than one year delay," Second Amendment/Remand Motion at 10, is erroneous, and he misses the mark by relying on cases involving much shorter delays than his fourteen month delay (*e.g.*, eight months or less), *see id*. at 9-10 (citing cases).  This Court repeatedly has held that much shorter delays – two months or less – support denying leave to amend based on Section 1447(e).  *See San Jose Neurospine v. Cigna Health & Life Ins. Co.*, No. 16-CV-05061-LHK, 2016 WL 7242139, at *9-10 (N.D. Cal. Dec. 15, 2016); *Bakshi*, 2007 WL 1232049, at *4-5; *Farrugia v. Allstate Ins. Co.*, No. C 07-00212 WHA, 2007 WL 781782, at *2 (N.D. Cal. Mar. 8, 2007).  Moreover, Plaintiff's citation to the *Camacho* case for the proposition that "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend," Second Amendment/Remand Motion at 10, is misleading.  He lifted that language from a section of *Camacho* that discusses the more lenient standard for amendment based on Rule 15(a), *see Camacho v. JLG Indus., Inc.*, No. SA CV 17-1188-DOC (KESx), 2017 WL 5495167, at *2 (C.D. Cal. Nov. 15, 2017), ***not*** the heightened standard that, as this Court held in PTO No. 245, is imposed on Plaintiff by Section 1447(e).

analyzing Section 1447(e) motions is "whether the statute of limitations would preclude an original action against the new defendants in state court."  PTO No. 245, at 1 (quoting *San Jose Neurospine*, 2016 WL 7242139, at \*7).  If a separate lawsuit against a new defendant in state court is ***not*** time-barred, that cuts in favor of ***denying*** a Section 1447(e) amendment request.  *See, e.g.*, *San Jose Neurospine*, 2016 WL 7242139, at \*9 ("Plaintiff has not addressed any statutes of limitations, nor has Plaintiff suggested that any claims against [the non-diverse defendant added in the amended complaint] would be time-barred. This factor does not support allowing amendment."); *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1023 (C.D. Cal. 2002) ("Plaintiffs do not argue that a new action against [the proposed new non-diverse defendant] would be time-barred.  Accordingly, this factor does not support allowing the amendment."); *Clinco*, 41 F. Supp. 2d at 1083 ("[Plaintiff] does not argue that a new action against [the non-diverse defendant added in the amended complaint] would be time-barred. Therefore, this factor does not support amendment.").  Plaintiff completely misunderstands this statute-of-limitations factor.  He argues that "the statute of limitations would not preclude an original action against M&W," Second Amendment/Remand Motion at 7, and that his claims against NKC are not time-barred, so this "pushes this factor squarely in favor of granting amendment," *id*. at 8.  Not so.  If Plaintiff is correct that his claims against M&W and NKC are not time-barred, then this factor, as shown above, cuts in favor of denying the Second Amendment/Remand Motion.

 ***Third***, Plaintiff fails to establish that the two retailer defendants at issue here – one of which, he admits, was dissolved more than seven years ago – are needed for just adjudication and would be joined as necessary parties under Federal Rule of Civil Procedure 19(a).  His entire argument regarding that Section 1447(e) factor, *see* Second Amendment/Remand Motion at 4-7, runs headlong into the undisputed fact that he could have sued both defendants in state court if he truly believed that they are necessary parties needed for just adjudication.  His own pleading

MONSANTO'S OPP'N TO SECOND MOTION FOR LEAVE TO AMEND AND FOR REMAND
3:16-md-02741-VC & 3:20-cv-06345-VC

decision when he commenced this lawsuit shows that claims against M&W and NKC are

unnecessary.  Plaintiff's decision to proceed in state court without suing these retailer defendants

is a tacit admission that they are not Rule 19(a) necessary parties and that he can secure complete

relief in this case without suing them.  "Courts do not allow joinder of non-diverse defendants

[under Section 1447(e)] where those defendants … would not prevent complete relief." *Bakshi*,

2007 WL 1232049, at *3; *see San Jose Neurospine*, 2016 WL 7242139, at *9 (holding that Rule-

19(a)-necessary-party factor weighed against amendment because "Plaintiff provides no

rationale for why it waited until the [First Amended Complaint] to add CHC as a defendant,

rather than naming CHC in its state court Complaint").[4]

     *Finally*, Plaintiff's other arguments also lack merit because they all share one common

feature – the predicament about which Plaintiff complains is one of his own making because he

could have, but failed to, sued M&W and NKC when he filed this lawsuit in state court.  For

---

[4] M&W and NKC are merely alleged retail sellers of Roundup®-branded herbicides, so they are "not … crucial defendant[s]." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) (agreeing with district court's conclusions that defendant named in proposed amended complaint "was not a crucial defendant" and that plaintiff "would not suffer undue prejudice due to [the proposed defendant's] absence as a party").  The other Roundup® cases that have gone to trial show that retailer defendants are not necessary parties needed for just adjudication.  To date, juries have issued verdicts in four Roundup® cases, and a trial is pending in another Roundup® case.  In four of those cases, the plaintiffs voluntarily dismissed retailer defendants before trial, *see* Declaration of Eric Lasker and Exhibits 1-4, and in one case (*Hardeman*) Monsanto never had a co-defendant.  When analyzing the motion at issue here, this Court need not "close its eyes to [the] reality[,] … given the experience the Court has gained throughout the course of this MDL," *In re Roundup Prods. Liab. Litig. (Roybal)*, MDL No. 2741, 2021 WL 4186714, at*2 (N.D. Cal. Sept. 15, 2021), that purported claims asserted against retailer defendants to keep Roundup® cases in state court have been consistently dismissed by plaintiffs before trial. Moreover,  Plaintiff's reliance on the *Dewayne Johnson* Roundup® case, *see* Second Amendment/Remand Motion at 5-6, 11-14, is misplaced, and saying that "**retailers** of Roundup have been held liable for participating in the chain of commerce leading to injuries from its use," *id*. at 6 (emphasis in original), is incorrect.  In the *Dewayne Johnson* case, which went to trial in the summer of 2018, the plaintiff voluntarily dismissed Monsanto's non-diverse co-defendants in August 2017 (although the clerk did not enter those dismissals until August 2018).  *See* Request for Dismissal, *Johnson v. Monsanto Co.* (attached as Exhibit 3 to Declaration of Eric Lasker).

MONSANTO'S OPP'N TO SECOND MOTION FOR LEAVE TO AMEND AND FOR REMAND
3:16-md-02741-VC & 3:20-cv-06345-VC

example, if he has valid claims against those defendants, as stated in the Second Amendment/ Remand Motion, then he could have asserted those claims against M&W and NKC at the outset of this case.  Likewise, any prejudice claimed by Plaintiff – including his speculation about potentially inconsistent verdicts – could have been avoided if he had sued M&W and NKC when he filed the Complaint in state court.  Moreover, denying amendment would not unduly prejudice Plaintiff because he can recover damages from Monsanto if he prevails at trial in this case.  *See, e.g.*, *San Jose Neurospine*, 2016 WL 7242139, at \*12 (denying amendment and holding that prejudice factor weighed against amendment because another defendant remained in the case and was a potential source for payment of damages); *Boon*, 229 F. Supp. 2d at 1025 (same).[5]

In any event, even if the Court determines that these two factors (prejudice to Plaintiff and validity of his claims against M&W and NKC) point in favor of granting leave to amend, these factors are heavily outweighed by the other factors discussed above that all point in favor of denying amendment based on Section 1447(e).  The factors that this Court identified as "particularly salient" in PTO No. 245 when denying the First Amendment/Remand Motion remain obstacles that, as shown above, Plaintiff does not, and cannot, overcome here.  The Second Amendment/Remand Motion fails to satisfy his Section 1447(e) burden, so the Court should deny that motion and retain diversity jurisdiction over this case.

## CONCLUSION

For the foregoing reasons, the Court should deny the Second Amendment/Remand Motion.

---

[5] Plaintiff asserts that "it is all but certain that M&W will file a third party action against Monsanto," Second Amendment/Remand Motion at 5, in the Florida state court case that he recently filed, but that is sheer speculation and does not satisfy his Section 1447(e) burden.

DATED:  November 19, 2021                    Respectfully submitted,


                                             /s/ Eric G. Lasker
William Hoffman (*pro hac vice*)             Eric G. Lasker (*pro hac vice*)
(william.hoffman@arnoldporter.com)           (elasker@hollingsworthllp.com)
Daniel S. Pariser (*pro hac vice*)           Martin C. Calhoun (*pro hac vice*)
(daniel.pariser@arnoldporter.com)            (mcalhoun@hollingsworthllp.com
ARNOLD & PORTER KAYE SCHOLER LLP             HOLLINGSWORTH LLP
601 Massachusetts Avenue, NW                 1350 I Street, NW
Washington, DC 20001                         Washington, DC 20005
Tel:  202-942-5000                           Tel:  202-898-5800
Fax:  202-942-5999                           Fax:  202-682-1639

                                             Brian L. Stekloff (*pro hac vice*)
                                             (bstekloff@wilkinsonstekloff.com)
                                             Rakesh Kilaru (*pro hac vice*)
                                             (rkilaru@wilkinsonstekloff.com)
                                             WILKINSON STEKLOFF LLP
                                             2001 M Street, NW, 10th Floor
                                             Washington, DC 20036
                                             Tel:  202-847-4030
                                             Fax:  202-847-4005


                  *Attorneys for Defendant Monsanto Company*

MONSANTO'S OPP'N TO SECOND MOTION FOR LEAVE TO AMEND AND FOR REMAND
3:16-md-02741-VC & 3:20-cv-06345-VC