**Pages 1 - 19**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, Judge

IN RE: ROUNDUP PRODUCTS         )
LIABILITY LITIGATION.           )
                                )    **NO. 16-md-02741 VC**
                                )
                                )

San Francisco, California
Wednesday, November 10, 2021

**TRANSCRIPT OF ZOOM WEBINAR PROCEEDINGS**

**APPEARANCES VIA ZOOM**:

For Plaintiffs:
              ANDRUS WAGSTAFF PC
              7171 W. Alaska Drive
              Lakewood, Colorado  80226
         BY:  **AIMEE H. WAGSTAFF, ATTORNEY AT LAW**

              ANDRUS ANDERSON LLP
              155 Montgomery Street - Suite 900
              San Francisco, California  94104
         BY:  **LORI E. ANDRUS, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

REPORTED BY:  Marla F. Knox, RPR, CRR, RMR
              Official Reporter

```
 1   APPEARANCES VIA ZOOM:   (CONTINUED)

 2   For Plaintiffs:

 3                       WEITZ and LUXENBERG P.C.
                         700 Broadway
 4                       New York, NY 10003
                 BY:     ROBIN L. GREENWALD, ATTORNEY AT LAW
 5
                         MOORE LAW GROUP, PLLC
 6                       1473 South 4th Street
                         Louisville, Kentucky  40208
 7               BY:     JENNIFER A. MOORE, ATTORNEY AT LAW

 8                       THE MILLER FIRM LLC
                         108 Railroad Avenue
 9                       Orange, Virginia  22960
                 BY:     BRIAN K. BRAKE, ATTORNEY AT LAW

10

11   For Defendant:

12                       WILKINSON STEKLOFF LLP
                         2001 M Street, NW - 10th Floor
13                       Washington, D.C.  20036
                 BY:     BRIAN L. STEKLOFF, ATTORNEY AT LAW
14                       RAKESH KILARU, ATTORNEY AT LAW

15                       SHOOK, HARDY and BACON LLP
                         2555 Grand Boulevard
16                       Kansas City, Missouri  64108
                 BY:     ANTHONY R. MARTINEZ, ATTORNEY AT LAW

17

18

19

20

21

22

23

24

25
```

```
 1   Wednesday - November 10, 2021                    11:01 a.m.
 2                         P R O C E E D I N G S
 3                              ---oOo---
 4        THE CLERK:  Now calling 16-MD-2741, In Re: Roundup
 5   Products Liability Litigation.
 6       Will Counsel for the Plaintiff please state your
 7   appearance for the record.
 8        MR. BRAKE:  This is --
 9        MS. GREENWALD:  Robin Greenwald -- sorry, Robin
10   Greenwald.  Good afternoon, Your Honor.
11        THE COURT:  Hello.
12        MR. BRAKE:  Brian Brake for Plaintiffs, Your Honor.
13   Good morning.
14        THE COURT:  Good morning.
15        MS. WAGSTAFF:  Aimee Wagstaff for Plaintiffs,
16   Your Honor.  Good morning.
17        THE COURT:  Hello.
18        MS. ANDRUS:  Good morning, Your Honor, Lori Andrus on
19   behalf of Plaintiffs.
20        THE COURT:  Hi.
21        THE CLERK:  And for the Defendant.
22        MR. STEKLOFF:  Good morning, Your Honor, Brian
23   Stekloff, Rakesh Kilaru and Anthony Martinez on behalf of
24   Defendant.
25        THE COURT:  Hi.  Okay.  So, I guess my first question
```

```
 1   is:  Do you-all know yet when the -- has the cert petition been
 2   scheduled for a particular conference?
 3           MS. WAGSTAFF:  Your Honor, we filed the reply a week
 4   ago, and I am not sure that it has been scheduled yet.
 5           THE COURT:  All right.  But it -- so if you -- you
 6   have already filed your reply -- I don't remember the ins and
 7   outs of the rules -- but it sounds like you might be on for
 8   conference pretty much any time now.
 9           MS. WAGSTAFF:  So David Ruhl just texted me right
10   after you -- and said December 3rd.
11           THE COURT:  Okay.  December 3rd.  Okay.  So, I mean,
12   obviously you never know.  It could get relisted or whatever.
13   But we could know as soon as December 3rd or, you know, the
14   following Monday whether -- whether the Court is going to grant
15   cert.
16       If the Court grants cert, particularly on the preemption
17   question, I'm -- is there -- is Monsanto anticipating filing a
18   motion to stay the cases until the -- until the Court issues a
19   ruling?
20           MR. KILARU:  I don't -- go ahead, Brian.
21           MR. STEKLOFF:  Your Honor, I think we are
22   contemplating that.  I don't know that we would.  I think we
23   would have to consult with our client.
24       So, I think it is a possibility given the numerous -- you
25   know, as you know, the waves and the numerous discovery that's
```

1    taking place.
2         But if the preemption issue is on the table, which would
3    impact all of those cases, I think there is certainly a
4    possibility that we would do so.
5         **THE COURT:**  Yeah.  And, I mean, I guess my initial
6    instinct is that -- and, you know, I haven't thought about it
7    deeply, and I haven't heard arguments -- but my initial
8    instinct is that if the Court grants cert on the preemption
9    question, you know, I think -- I think that it makes the most
10   sense for everybody involved to stay the -- all the litigation
11   all around the country probably, but certainly in this MDL.
12        But, you know, we can cross that bridge when we come to
13   it.  The reason I asked is, you know, you have requested oral
14   argument on the -- you know, wave III; and it sort of raises
15   the question about when that should happen.
16        And I think it should happen -- when did you say all the
17   briefing would be completed?
18        **MR. KILARU:**  I believe it is November 27th,
19   Your Honor, give or take.  It is either the 27th or the 24th,
20   but it is a couple weeks from now.
21        **THE COURT:**  And so it would probably make sense to
22   schedule argument in December then if we do schedule argument,
23   and then we can talk about that in a minute.
24        **MR. BRAKE:**  Your Honor, you have a tentative hearing
25   set for December 13th.

1    **THE COURT:** Okay. That may be fine. And, you know,
2 the practice has been to vacate the hearing and decide these on
3 the papers, but Monsanto would like to have argument.
4    I guess my one question after reading your letter is it
5 seems like the primary reason you want to have oral argument is
6 to discuss whether the experts -- whether the Plaintiffs'
7 experts should be excluded.
8    Why don't you -- why aren't you asking for Daubert
9 hearings on those experts who you think should be excluded and
10 didn't adhere to the methodology, you know, that I signed off
11 on back two years ago or whenever it was now?
12    **MR. KILARU:** I think the answer, Your Honor, is that
13 while the Daubert hearing approach made sense while we were
14 still trying to figure out what that methodology would be, I
15 think you have made clear what you think at least a methodology
16 is that can get past the Daubert and 702 standard.
17    And we think the expert depositions are actually quite
18 clear as to whether they adhere to that or not.
19    So, I don't think this is a case where we thought more
20 testimony would illuminate whether or not they've adhered to
21 it.
22    I actually think the record is quite clear in the
23 depositions on what the methodology is, which is why we thought
24 argument would make more sense.
25    **THE COURT:** Okay. And then is there -- you know, you

1  made very brief mention in your letter of, you know, Texas law
2  and a presumption against liability or something like that.
3      I mean, is that stuff complicated?  Do you really think
4  argument is necessary on that?
5      It seemed like the -- by far the biggest focus of your
6  letter was on these experts.
7          **MR. KILARU:**  You are right about the focus,
8  Your Honor; and I think that's what we are most interested in
9  having argument on.
10         **THE COURT:**  Okay.  And what is -- do the Plaintiffs
11 have any comments about that?
12         **MR. BRAKE:**  Your Honor, we have not responded as
13 leadership to that letter because we don't have a position; and
14 we have not been informed by any individual Plaintiff's Counsel
15 that they would like to have oral argument.
16     If you would like, I can solicit those individuals to see
17 if any particular Plaintiff's Counsel would like to be heard,
18 but I have not seen any filings.  I have not had any requests
19 from them to me to convey to you that any particular Plaintiff
20 would like oral argument.
21         **THE COURT:**  Who are -- who is Counsel in these cases?
22         **MR. BRAKE:**  I have a list of the ones that are still
23 pending.  I don't have a list of the Counsel in all of them.
24 That could easily be provided to you or I can easily send an
25 e-mail to those people, but I don't have it here handy with me.

1 **MR. MARTINEZ:** It is seven different counsel,
2 Your Honor, and a pro se Plaintiff.
3 **THE COURT:** Seven different counsel and a pro se
4 Plaintiff.
5    I mean, I think the -- it is interesting. I mean, this
6 raises an interesting issue of having -- I mean, I gather with
7 leadership counsel, I mean, all your cases are settled; right?
8 **MS. ANDRUS:** Mine are not, Your Honor.
9 **THE COURT:** I mean, didn't you-all reach agreements to
10 settle your, quote-unquote, inventory with Monsanto?
11 **MS. GREENWALD:** Your Honor, we had -- sorry, go on,
12 Aimee.
13 **MS. WAGSTAFF:** I was going to say, with respect to
14 myself, we have reached an agreement in principle in the vast
15 majority of our cases.
16    We still have -- my law firm still has, I know, at least
17 two trial dates set in St. Louis City and St. Louis County. We
18 have one in March, and then we have one in 2023.
19    And then we have a couple dozen mediations in December.
20 So I don't know what will happen with those. But in principle,
21 we have -- my cases are going through a settlement program that
22 is contained within an MSA.
23    **MS. GREENWALD:** So, Your Honor, I think some other
24 ones have opt-out provisions. And so there may be cases in the
25 MDL leadership that has opt-out claimants. And I know we, for

```
 1   example, have, I believe, two remaining who, I guess, arguably
 2   Monsanto would say are part of the settlement but they are
 3   opt-outs.  So there is procedures in place, but they have the
 4   opportunity to go back to the court system and to stay in the
 5   court system, frankly.
 6         And I don't know about other agreements.  I think the
 7   Miller firm is very similar to ours.
 8         THE COURT:  Okay.  It seems to me that somebody needs
 9   to articulate a position on behalf of these 11 Plaintiffs who
10   remain in wave III.
11         And to me the question -- you know, the way Mr. Brake put
12   it is, I'm not aware that anybody wants to be heard.  But
13   that's not really the question, right, that you need to be
14   working on with these lawyers and, you know, helping them
15   articulate a position on.
16         It's, you know, A, do they want to be heard; but, B, what
17   do they think about the proposal to have argument on these
18   new -- on these experts and what do they think about the
19   proposal to not have Daubert hearings?
20         You know, what Monsanto is saying is we should exclude
21   these experts without even having Daubert hearings.  And, you
22   know, I need to know the position of the -- these 11 Plaintiffs
23   on whether they, you know, are comfortable with my ruling on
24   the motion to exclude these experts without a Daubert hearing
25   or whether they think Daubert hearings are necessary.
```

1   **MR. BRAKE:**  Your Honor, I will communicate with --

2   **THE COURT:**  And if so, why or why not.  I want an
3   explanation, you know, of their view.

4        And, you know, perhaps it's a view that you will be able
5   to articulate on behalf of all 11 or perhaps there will be
6   different -- you know, different Plaintiffs will take different
7   positions.

8        But I need you to take the responsibility as leadership
9   counsel to corral those folks and figure out what their
10  position is and articulate it to me.

11  **MR. BRAKE:**  This is Brian Brake.  Yes, sir, we will do
12  that.

13  **THE COURT:**  Okay.  So what I would like -- what is
14  today?  Today is the 10th.  What I would like is -- I would
15  like you to file something within 14 days; file a letter, you
16  know, responding to -- on behalf of the 11 Plaintiffs who
17  remain in wave III responding to Monsanto's letter requesting
18  argument and, you know, the implicit request that I decide on
19  the motion to exclude the experts without a Daubert hearing.

20  **MR. BRAKE:**  Yes, sir.

21  **MR. KILARU:**  Your Honor, just -- I don't know that
22  this matters a huge deal, but just for your purposes and for
23  record purposes, three of the cases on that list have actually
24  since resolved.

25  **THE COURT:**  Okay.

1    **MR. KILARU:** We proposed them to move them to
2    inactive. Those are Spector, Savory and Thomas. So that
3    leaves eight. There are still eight, but three of them have
4    gone out.
5    **THE COURT:** Okay. Spector, Savory and Thomas have
6    gone out. Okay. So eight left. Please always keep us posted
7    on that as well, you know, as soon as one of these -- you know,
8    we have eight cases left. As soon as one of them resolves, you
9    know, file something letting us know.
10    **MR. KILARU:** Of course, Your Honor. I found out
11    yesterday. I figured I could address these today, but we will
12    do that going forward.
13    **THE COURT:** Sure. That's great. Okay. So I will --
14    I will make a decision about how to handle those -- those
15    expert witnesses. And is there anything else for us to discuss
16    today?
17    **MR. KILARU:** Your Honor --
18    **MR. BRAKE:** Your Honor, there is -- oh, I'm sorry. Go
19    ahead, Rakesh.
20    **MR. KILARU:** I just want to follow up on that. Should
21    we hold the 13th as a potential day? I recognize you haven't
22    decided but just for our calendar purposes.
23    **THE COURT:** Yeah, why don't you do that. I think that
24    is probably as good as any other day. Let me just --
25                    (Pause in proceedings.)

```
 1                THE COURT:  Let me see here.
 2                      (Pause in proceedings.)
 3                THE COURT:  Yeah, I think so.  I mean, we will let you
 4     know if it needs to change; but I do think that we will -- if
 5     we have argument, and/or Daubert hearings, it will likely be in
 6     December, very likely be in December rather than some time
 7     later.
 8          I see that Jennifer Moore is raising her hand.  Do you --
 9     Bhavna, do you want to let her in, in case she has anything to
10     contribute?
11          While she is coming in, is there anything else for us to
12     discuss right now?
13                MR. BRAKE:  Your Honor, Brian Brake.  Several
14     Plaintiffs' Counsel have brought to my attention a question
15     they had, and they wanted me to run it by you to seek your
16     input on it.
17          So I'm going to do that now.  In the Chapman case, which
18     is David Diamond, the motion was filed to basically -- it is
19     called preclusion collateral estoppel on general causation.
20          The motion basically says --
21                THE COURT:  I have trouble hearing you.  I'm sorry.
22     What is the motion?
23                MR. BRAKE:  I'm sorry.
24                THE COURT:  The motion was filed -- this is in one of
25     the wave III cases?
```

|     |     |
| --- | --- |
| 1   | **MR. BRAKE:**  Yes, the Chapman case.  Chapman. |
| 2   | **THE COURT:**  Okay.  What was the motion? |
| 3   | **MR. BRAKE:**  The motion basically states that -- it's |
| 4   | an issue preclusion motion.  The reasoning of the argument goes |
| 5   | to because you decided on Daubert that general causation |
| 6   | experts could testify and because in Hardeman the jury |
| 7   | implicitly had to buy that argument, that -- those opinions |
| 8   | from those experts, that that should preclude Monsanto in the |
| 9   | future from bringing up the issue of general causation with |
| 10  | their experts. |
| 11  | That's -- I'm not here to argue it on its merits.  I'm |
| 12  | just hear to tell you what it says. |
| 13  | **THE COURT:**  You are very quick to say that. |
| 14  | **MR. BRAKE:**  No, no, I'm not saying anything about the |
| 15  | merits, though.  I'm just trying to protect the concerns of the |
| 16  | people we are here to attempt to help. |
| 17  | **THE COURT:**  Okay. |
| 18  | **MR. BRAKE:**  The concern among other Plaintiffs' |
| 19  | Counsel who have not filed that motion is:  Well, golly, what |
| 20  | if that gets granted and I have -- |
| 21  | **THE COURT:**  Tell them not to worry. |
| 22  | **MR. BRAKE:**  Thank you.  Understood. |
| 23  | **THE COURT:**  Okay.  Anything else?  Ms. Moore? |
| 24  | **MS. MOORE:**  Good morning, Your Honor, thank you for |
| 25  | allowing me to appear today. |

1    I have an uncontested motion to approve a minor settlement
2    that we filed a little while ago, and I just wanted to bring
3    that to the Court's attention.
4         **THE COURT:**  Okay.
5         **MS. MOORE:**  The case number is 3:19-CV-1554.  It has
6    been filed under seal because it is a minor, and it is a
7    confidential settlement, Your Honor.
8         You have granted the motion to file -- for us to file a
9    motion under seal, but we just need sign-off on the motion to
10   approve the settlement so we can disperse the funds to the
11   trust.
12        **THE COURT:**  Okay.  What is the -- what is the case --
13   what is the case number?
14        **MS. MOORE:**  The case number -- it is a minor.  It
15   is -- L.B. is the minor's initials, and the case number is
16   3:19-CV-1554.
17        **THE COURT:**  Okay.  We will get on that.
18        **MS. MOORE:**  Okay.  Great.  Thank you so much,
19   Your Honor.
20        **MR. STEKLOFF:**  Your Honor, I just wanted to raise a
21   similar sort of filing request.  Last night in a case that was
22   just recently transferred to the MDL, Gilmore versus Monsanto
23   Company -- it is Case Number 3:21-CV-08159, and this is a false
24   advertising class action that was initially filed in Delaware.
25   It was transferred to, Your Honor.

1   There was a settlement -- there was a motion for
2   preliminary approval of a settlement that was filed in
3   Delaware.
4   There were some objections that were also filed.  The
5   parties and the objectors have agreed that given that
6   everything was briefed under Third Circuit law, that the
7   parties should re-brief that under Ninth Circuit law and in
8   accordance with Your Honor's rules.
9   A proposed schedule has been laid out in a stipulation.
10  In the MDL docket it is Document Number 14179.
11  And the main reason I raise it today is because under the
12  parties' proposal, the renewed motion for preliminary approval
13  will be filed Thursday, November 18th.
14  So since the schedule -- since the parties just want to
15  have that schedule in place, and there is a proposed hearing
16  date on February 3rd that obviously Your Honor could change.
17  I just wanted to flag that for you at the parties -- at
18  the people who have been involved in that, at their request.
19  **THE COURT:**  Okay.  I will address that.  I did have a
20  question about that, though.
21  Is -- I know there was a -- you know, disagreement about
22  whether this -- that case should be part of the MDL.  And I
23  assume that, you know -- I don't know this.  So, you know, take
24  it with a grain of salt -- I assume a decision by the JPML to
25  transfer the case to me is not a -- the final word on whether

```
 1   the case belongs in the MDL and that I would be entitled to
 2   take a look at it and sort of make a determination about
 3   whether it should go back to Delaware.
 4       Maybe the answer is that nobody cares.  And now that it is
 5   in front of me, just -- it should stay in front of me; and I
 6   should consider the motion for preliminary approval?
 7       And if that's the case, that's fine.  But is anybody going
 8   to be arguing that the case should not actually be in front of
 9   me and that I should send it back to Delaware or tell the panel
10   to send it back to Delaware?
11       **MR. STEKLOFF:**  I was not aware of any party intending
12   to do that.  Now, I don't want to say that it won't happen, but
13   I have not been involved in the briefing over this preliminary
14   settlement.
15       I think that the parties, though -- if any party intends
16   on doing that, they could -- when their initial filing is due
17   under the schedule, I think they could and should raise that.
18       I'm not aware of any party at this point that was
19   intending on doing that.  It doesn't mean that it is not
20   possible.
21       **THE COURT:**  Okay.  I mean, I'm guessing people are
22   probably figuring that it doesn't really matter.  And since we
23   are here, we might as well deal with it.  But I just wanted to
24   raise that because I assume that I would have the final word on
25   whether this case belongs in the MDL or not.
```

1    **MR. STEKLOFF:** I think -- I mean, I haven't looked at
2 this recently; but I think that's right under JPML and MDL
3 precedent; that you have the final word.
4    And so even absent a motion, I think you could decide that
5 it should be remanded to Delaware; but I will flag for the
6 people who have been involved in this -- and they may be
7 watching -- that that is an issue that they should raise when
8 papers are filed.
9    **THE COURT:** Okay. If they want to, yeah.
10    **MR. STEKLOFF:** Right.
11    **THE COURT:** Okay.
12    **MR. STEKLOFF:** Can I just ask one other question,
13 Your Honor?
14    **THE COURT:** Of course.
15    **MR. STEKLOFF:** Understanding that we may or may not
16 have a hearing in December on wave III, I'm just curious given
17 COVID whether that would be in person or whether that would be
18 virtual?
19    I was just more curious how Your Honor is handling
20 hearings these days in terms of in person versus on Zoom.
21    **THE COURT:** Yeah. I think if we end up doing Daubert
22 hearings -- I mean, my preference would be to do them in
23 person.
24    If we are just doing oral argument, I think we will do
25 them by Zoom. We sort of made a decision -- I mean, I'm happy

```
 1  to do it in person if people prefer; but I think we kind of
 2  made a decision to default to Zoom for the rest of the year on
 3  stuff that doesn't involve live testimony.
 4          MR. STEKLOFF:  Okay.  That's helpful, Your Honor; and
 5  we can discuss that among ourselves as well.
 6          THE COURT:  Okay.  I haven't seen you-all in, like,
 7  what, two years or something?
 8          MR. BRAKE:  Not in person.  It has been quite some
 9  time.  Did Your Honor want to set another case management
10  conference or just use the December 13th date?
11          THE COURT:  I'm happy to do either.  It sort of
12  depends on what you think makes the most sense.
13          MR. BRAKE:  I don't see any reason why December 13th
14  can't be used for everything we need to do on December 13th.
15          THE COURT:  Except for what if I decide -- well, so
16  what you are saying is if I decide that argument isn't
17  necessary, we can just convert that to a CMC.
18          MR. BRAKE:  Yes, sir.
19          THE COURT:  I mean, will there be any case management
20  stuff to discuss at that time?
21          MR. BRAKE:  I don't foresee anything important other
22  than, of course, Hardeman and the resolution of more cases
23  between now and then; but I'm not sure what -- you know, who
24  knows what can drop between now and then.
25          THE COURT:  Okay.  Yeah, we can -- we could
```

1  tentatively plan on, you know, having argument or we will plan
2  on meeting that day whether it is for argument or for just a
3  check-in.
4           **MR. BRAKE:** Yes, sir. And did you -- did you have a
5  time in mind? The order has a date but not a time; not that we
6  have to know right this second, but --
7           **THE COURT:** Well, I might as well set it since we are
8  all here. It was the December 13th?
9           **MR. BRAKE:** Yes, sir.
10          **THE COURT:** Why don't we say 1:00 o'clock.
11          **MR. BRAKE:** Thank you.
12          **THE COURT:** Okay. Anything else?
13          **MR. BRAKE:** No, sir.
14          **MR. STEKLOFF:** No. Thank you, Your Honor.
15          **MS. GREENWALD:** Thank you, Your Honor.
16          **MR. KILARU:** Thanks.
17          **MS. WAGSTAFF:** Thanks.
18                  (Proceedings adjourned at 11:24 a.m.)
19                            ---oOo---
20
21
22
23
24
25

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Tuesday, November 16, 2021

_____

Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
United States District Court - Official Reporter