**David J. Diamond (AZ 010842)**
**DIAMOND LAW, PLLC**
**1700 E. River Road, #65237**
**Tucson, AZ 85728**
P: (520) 497-2672
F: (520) 448-4466
ddiamond@diamondlawusa.com
khampton@diamondlawusa.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>**THIS DOCUMENT RELATES TO:**<br><br>Otis Lindell Chapman and Kim Chapman<br><br>  v.<br><br>Monsanto Company | MDL No. 2741<br><br>Master Docket Case No. 16-md-02741-VC<br><br>Honorable Vince Chhabria<br><br>Case No. 3:20-cv-01277 |

**REPLY IN SUPPORT OF PLAINTIFF OTIS CHAPMAN'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE APPLICATION OF ISSUE PRECLUSION/ COLLATERAL ESTOPPEL TO THE ISSUE OF GENERAL CAUSATION**

Plaintiff Chapman stands on the authority and facts addressed in his Motion. This Court, like all trial courts, has "broad discretion" to determine whether and when to allow the use of offensive collateral estoppel. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979). It is respectfully requested that this Court consider the authority and argument in plaintiff's Motion and use its discretion to grant plaintiff's Motion.

The "general rule should be that in cases where . . . the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel." *Id*. In this

MDL litigation, Monsanto's had a full and fair opportunity to litigate general causation. It had strong motivation to defend general causation vigorously and it fully understood that future suits were not only foreseeable, but likely, should it lose on general causation. The remaining MDL cases do not afford the parties any procedural opportunities that were unavailable in the first MDL trial that could readily cause a different result. Moreover, competent defense counsel represented Monsanto.

In sum, Monsanto litigated and had every opportunity to litigate general causation so that allowing the use of offensive collateral estoppel would not be unfair to Monsanto.[1] Moreover, "[b]y 'preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate,'" collateral estoppel protects against "the expense and vexation attending multiple lawsuits, conserve[es] judicial resources, and foste[rs] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (alterations in original) quoting *Montana v. United States*, 440 U.S. 147, 153-54 (1979)."

Monsanto has had a full and fair opportunity to litigate general causation. Based upon the reasons addressed in Chapman's Motion, it is respectfully requested that the Court grant plaintiff Chapman's Motion regarding issue preclusion/collateral estoppel.

---

[1] As noted in Plaintiff's Motion, juries in the first MDL trial, and in the first two California state court trials, either explicitly or implicitly found general causation. However, Monsanto appears to argue that in the most recent Clark trial that the jury did not find general causation. The question being answered by the Clark jury was whether Roundup caused the specific plaintiff's NHL, not whether Roundup is a cause of NHL. As shown in Monsanto's Exhibit 1 to its Response, the jury was asked: "was ***Ezra Clark's exposure*** to Roundup a substantial factor in causing ***his*** Burkitt's lymphoma." (Emphasis added). At best, Monsanto is conflating specific causation with general causation.

**REPLY IN SUPPORT OF PLAINTIFF OTIS CHAPMAN'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE APPLICATION OF ISSUE PRECLUSION/ COLLATERAL ESTOPPEL TO THE ISSUE OF GENERAL CAUSATION – 3:20-cv-01277**

Dated this 23rd day of November, 2021.

                                              Respectfully Submitted,

                                              */s/ David J. Diamond*
                                              David J. Diamond (AZ 010842)
                                              DIAMOND LAW, PLLC
                                              1700 E. River Road, #65237
                                              Tucson, AZ 85728
                                              P: (520) 497-2672
                                              F: (520) 448-4466
                                              ddiamond@diamondlawusa.com

                                              *Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, David J. Diamond, hereby certify that on November 23, 2021, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

                                              */s/ David J. Diamond*
                                              David J. Diamond

---

**REPLY IN SUPPORT OF PLAINTIFF OTIS CHAPMAN'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE APPLICATION OF ISSUE PRECLUSION/ COLLATERAL ESTOPPEL TO THE ISSUE OF GENERAL CAUSATION – 3:20-cv-01277**