

# The Miller Firm LLC
### TRIAL LAWYERS

Michael J. Miller – VA, MD, DC, PA
Nancy Guy Miller – MS
Bruce D. Burtoff, M.D., J.D. – VA, DC, FL, MS
David J. Dickens – VA
Jeffrey Travers – VA
Tayjes Shah – PA, NJ
Curtis G. Hoke – CA
Jeff T. Seldomridge – VA, WV
Shayne K. Hodge – NJ, VA
Brian K. Brake – VA
Austin Estelle - TX

The Sherman Building
108 Railroad Avenue
Orange, Virginia 22960

Elisa A Dickson, RN, BSN, MS
Nancy Leftwich, RN
Jeanie Oelrich, RN, BSN
Website: Millerfirmllc.com
Telephone: (540) 672-4224
(866) 529-3323
Facsimile: (540) 672-3055

November 23, 2021

**VIA ECF**
Hon. Vince Chhabria
San Francisco Courthouse, Courtroom 4
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *In re Roundup Prods. Liab. Litig.*, **No. 16-md-02741-VC: Monsanto's Request For Oral Argument On Wave 3 Motions**
*Blair v. Monsanto Co.*, **19-cv-07984**
*Chapman v. Monsanto Co.*, **20-cv-01277**
*Denkins v. Monsanto Co.*, **20-cv-03301**
*Garza v. Monsanto Co.*, **20-cv-06988**
*Koen v. Monsanto Co.*, **20-cv-03074**
*Schaffner v. Monsanto Co.*, **19-cv-07526**
*Solis v. Monsanto Co.*, **20-cv-07391**
*Vosper v. Monsanto Co.*, **19-cv-05525**

Dear Judge Chhabria:

As directed by the Court at the November 10, 2021 Case Management Conference, I have requested input from Plaintiffs' Counsel in the remaining Wave 3 cases (referenced above) on their preference for oral argument on the outstanding motions and whether a Daubert hearing is necessary. Attached for your Honor's convenience is Monsanto's position. **(Ex. A)**

I received responses from Wave 3 Plaintiffs' counsel as follows:

1.  Vosper – 19-cv-05525: Counsel objects to oral argument and testimony on Daubert motions. **(Ex. B)**

1

November 23, 2021
Page 2

    2.    Schaffner – 19-cv-07526: Counsel objects to oral argument on the Daubert motions, but if the Court grants oral argument, Plaintiff's counsel requests that Dr. Schiff be permitted to testify by Zoom. **(Ex. C)**

    3.    Koen – 20-cv-03074: Counsel requests both oral argument regarding Monsanto's motion pertaining to Michael Scola and a Daubert hearing permitting Plaintiff's expert Michael Scola to testify.

I did not receive any input as to whether oral argument is preferred on the Non-Daubert motions.

Respectfully,

Brian K. Brake

BKB/jca

Enclosures: as mentioned.



| 2001 M STREET NW | | WWW.WILKINSONSTEKLOFF.COM |
|---|---|---|
| 10th Floor | **WILKINSON** | |
| WASHINGTON, DC 20036 | **STEKLOFF** | A LIMITED LIABILITY |
| | | PARTNERSHIP |

October 27, 2021

**VIA ECF**

Hon. Vince Chhabria
San Francisco Courthouse, Courtroom 4
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    <u>*In re Roundup Prods. Liab. Litig.*, No. 16-md-02741-VC: Request For Oral Argument On Wave 3 Motions</u>

Dear Judge Chhabria:

      Monsanto respectfully requests oral argument on its new Rule 702 and summary judgment motions in the Wave 3 cases, at whatever time the Court finds convenient. The Court last heard oral argument on Rule 702 issues in January 2019, prior to issuing PTO 85 regarding the opinions of Drs. Nabhan, Shustov, and Weisenburger. Those three experts will play virtually no role in Wave 3. Drs. Nabhan and Shustov have not been disclosed in any Wave 3 cases. And Dr. Weisenburger was disclosed only in *Schaffner*, but has not testified in either of the recent Roundup trials in California state court despite being on the plaintiffs' expert disclosures.

      While the Wave 3 Plaintiffs' new experts purport to follow the methodology this Court previously approved, they do not actually do so. These specific causation experts fail to rule out other acknowledged risk factors or potential causes of NHL—indeed, some never considered them prior to being deposed. Several of the experts also conclude that Roundup was a substantial factor in causing a plaintiff's NHL despite expressly admitting they cannot rule out other demonstrated risk factors.

      Beyond these dispositive deficiencies, several of Plaintiffs' experts committed other, more basic errors as set forth in the briefing:

1. Dr. Boyd, disclosed in *Vosper*, based his specific causation opinions on exposure calculations that Dr. Sawyer has since admitted were substantially overstated. At his deposition, Dr. Boyd asserted that he continues to rely on the erroneous calculations.

2. Dr. Katz, disclosed in *Blair*, claims that Roundup caused NHL based on the plaintiff's inhalation exposure despite being unable to identify any literature supporting this novel theory and admitting that he (as a radiation oncologist) has no specialized knowledge about inhalation exposure.



EXHIBIT A

3. Dr. Kendall, disclosed in *Spector*, plagiarized nearly the entire portions of his report regarding the plaintiff and then repeatedly denied doing so under oath.

4. Dr. Scola, disclosed in *Koen*, admitted that he had looked at no scientific literature regarding glyphosate until a week before his deposition, and concluded only that it was "possible" that glyphosate exposure contributed to the plaintiff's NHL.

In short, the new experts offer conclusions that fall well outside the boundaries of this Court's prior rulings. In addition, there are several other legal issues unique to the Wave 3 cases that have not yet been addressed, such as the presumption of no liability afforded to product manufacturers under Texas law. Monsanto believes that oral argument would aid the Court's consideration of these novel issues to this litigation.

Respectfully submitted,

*/s/ Brian L. Stekloff*

Brian L. Stekloff (*pro hac vice*)
Rakesh Kilaru (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000
Facsimile: (202) 847-4005
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com
*Counsel for Monsanto*

Cc: Counsel of Record (via ECF)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of October 2021, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

*/s/ Brian L. Stekloff*

# LaBLETTA & WALTERS LLC

Four Tower Bridge
200 Barr Harbor Drive
Suite 400
Conshohocken, PA 19428

November 22, 2021

<u>*Via Electronic Mail to bbrake@millerfirmllc.com*</u>
Brian Brake, Esquire.
The Miller Firm, LLC
108 Railroad Avenue
Orange, Virginia 22960

      Re:    <u>Ira Vosper and Andrea Vosper v. Monsanto Company</u>
               In re: Roundup Products Liability Litigation – MDL No. 2741
               Case No.: 3:19-cv-05525

Dear Mr. Brake,

      I represent Ira Vosper and Andrea Vosper, who are plaintiffs in the Wave 3 cases.

      As previously advised, I would object to oral argument or testimony on the *Daubert* motions. Specifically, with respect to my case, I retained Dr. Barry Boyd and Dr. William Sawyer to serve as experts. Both of these experts have survived previous *Daubert* motions and have testified in earlier Roundup cases.

      Importantly, Monsanto is raising identical arguments with respect to Dr. Boyd and Dr. Sawyer that it raised in previous *Daubert* motions. Dr. Boyd and Dr. Sawyer have applied the same methods and analysis that they applied in previous cases. The Court has previously ruled on the issues raised by Monsanto regarding their methodology and found their testimony admissible. Therefore, it is my position, especially with respect to Dr. Boyd and Dr. Sawyer, that there is no need for argument or testimony. Frankly, it seems highly unlikely that the Court would permit their testimony in previous Roundup cases but not the present case.

      It is important to note that Monsanto did specifically ask for argument in my case, *Vosper*, by letter dated October 27, 2021 to the Court along with three other cases. Monsanto stated the following in its correspondence with respect to my case when requesting argument:

> 1. Dr. Boyd, disclosed in *Vosper*, based his specific causation opinions on exposure calculations that Dr. Sawyer has since admitted were substantially overstated. At his deposition, Dr. Boyd asserted that he continues to rely on the erroneous calculations.

      Of course, Monsanto mischaracterizes the error to the Court and implies that the error still remains. While Dr. Sawyer admitted a miscalculation in his report regarding the plaintiff's

---

**PENNSYLVANIA**
p: 610.828.3339
f: 610.828.3347
www.lablettawalters.com

**NEW JERSEY**
12 Christopher Way
Suite 200
Eatontown, NJ 07724

**NEW YORK**
5 Penn Plaza
19th floor
New York, N



EXHIBIT B

*Brian Brake, Esq.*
*November 22, 2021*
*Page 2*

exposure, he provided a brief supplemental report with the correct calculation. Dr. Boyd then also issued a brief, supplemental report based on the corrected exposure. Importantly, neither expert changed their ultimate opinion. Moreover, this issue was briefed extensively in the *Daubert* motions and responses, and does not raise any significant concerns that would warrant oral argument. From our standpoint, the error has been addressed and corrected in the supplemental reports.

Put simply, we believe that the motions can be decided on the papers. Accordingly, we do not find any need or benefit to have a hearing or oral argument on issues that Monsanto has previously raised, and which have been rejected by the Court.

Thank you for your assistance with this matter. Should you have any questions, please feel free to contact me.

        Very truly yours,

        **LABLETTA & WALTERS LLC**

        */s/ Christian P. LaBletta*
        CHRISTIAN P. LABLETTA, ESQ.

CPL/trh

## ROE & SIMON LLC
### ATTORNEYS AT LAW

| PITTSBURGH OFFICE | MONROEVILLE OFFICE |
|---|---|
| ADRIAN N. ROE | MICHAEL D. SIMON |
| 428 BOULEVARD OF THE ALLIES, FIRST FLOOR | 2520 MOSSIDE BOULEVARD |
| PITTSBURGH, PA 15219 | MONROEVILLE, PA 15146 |
| aroe@roeandsimonllc.com | mdsimon@roeandsimonllc.com |
| 412.434.8187 (VOICE) | 412.856.8107 (VOICE) |
| 412.774-2908 (FAX) | 412.856.8108 (FAX) |

November 15, 2021

Brian Brake, Esq.
The Miller Firm, LLC
The Sherman Building
108 Railroad Avenue
Orange, VA 22960

Re:  *In re Roundup Products Liability Litigation*, MDL No. 2741
     *Schaffner v. Monsanto*, No. 3:19-cv-7526-VC

Dear Mr. Brake:

I am writing in response to Mr. Aguilar's email of November 11, 2021, concerning the *Daubert* motions filed by Defendant Monsanto Company in relation to Wave III cases.

1. **Oral Argument**

The Schaffner Plaintiffs oppose the granting of oral argument with respect to any of the *Daubert* motions filed in relation to the *Schaffner* case.

The admissibility of the testimony of the general causation experts designated by the Schaffner Plaintiffs (*see* Doc. 11) has already been fully litigated in connection with Wave I. There is no need for further argument on this issue.

Monsanto's motion to strike the specific causation testimony of Dr. Ron Schiff (Doc. 19) is wholly inconsistent with Ninth Circuit precedent (as well as Pennsylvania precedent) regarding the "substantial factor test." Plaintiff has filed an Opposition (Doc. 24) citing the applicable precedent and has also filed an Objection to Monsanto's Reply Evidence (Doc. 26). In the face of at least three Ninth Circuit precedent decisions upholding the right of plaintiffs to offer


EXHIBIT C

comparable expert testimony in comparable circumstances, there is no need to conduct further argument on Monsanto's motion.

**2.  Evidentiary Hearing**

In the event that the Court nevertheless elects to conduct argument on Monsanto's motion to strike Dr. Schiff's testimony, Plaintiff respectfully requests that the Court conduct an evidentiary hearing. Dr. Schiff is fully prepared to explain and defend his methodology. In order to eliminate any health issues associated with air travel during Covid and to otherwise reduce cost and inconvenience, Plaintiff requests that any evidentiary hearing be conducted via Zoom.

Please contact me if there are any questions or if I may be of any assistance.

Sincerely,

Adrian N. Roe