Karen Barth Menzies (SBN 180234)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, CA  94612
Tel: (510) 350-9700
Fax: (510) 350-9701
kbm@classlawgroup.com

Fletcher V. Trammell
Melissa Binstock Ephron
Patrick B. McAndrew
**TRAMMELL, PC**
3262 Westheimer Rd., Ste. 423
Houston, TX 77098
Tel: (800) 405-1740
Fax: (800) 532-0992
fletch@trammellpc.com
melissa@trammellpc.com
patrick@trammellpc.com

Andrew F. Kirkendall
Erin M. Wood
**KIRKENDALL DWYER LLP**
4343 Sigma Rd, Suite 200
Dallas, TX  75244`
Tel: 214-271-4027
Fax: 214-253-0629
ak@kirkendalldwyer.com
ewood@kirkendalldwyer.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>MARJORIE KROSS,<br><br>         Plaintiff,<br>   v.<br><br>MONSANTO COMPANY, a corporation; WILBUR-ELLIS COMPANY, LLC, a limited liability company; WILBUR-ELLIS NUTRITION, LLC (formerly WILBUR-ELLIS FEED, LLC), a | MDL No. 2741<br>Case No. 3:16-md-02741-VC<br><br>Case No. 3:21-cv-07730-VC<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**<br><br>Hon. Vince Chhabria<br>Date: December 9, 2021<br>Time: 10:00 am<br>Courtroom: 4 – 17th Floor |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**

| |
|---|
| limited liability company; SUNNYMEAD ACE HARDWARE; and DOES 1 through 100 inclusive, |
| Defendants. |

**Introduction**

Because federal courts are courts of limited jurisdiction and because of federalism concerns, there is a presumption against removal jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (holding that presumption against jurisdiction exists because federal courts are courts of limited jurisdiction); *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941) (indicating that federalism concerns and Congressional intent mandate strict construction of removal statutes). This "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Removal based on diversity grounds is improper when a forum defendant is included in the suit. 28 U.S.C. § 1441(b)(2). The claims asserted against the forum defendant must be legitimate and not against a sham defendant. *See Hamilton Materials, Inc. v. Dow Chem. Corp.* 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. General Foods Corp.* 811 F.2d 1336, 1339 (9th Cir. 1987)) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is deemed fraudulent."). These touchstone principles apply in the current matter because the non-diverse defendants involved in this matter are not sham defendants and should prevent Defendant's attempt at removal.

**There is no Fraudulent Joinder**

Defendant's claim of fraudulent joinder is simply incorrect. The doctrine of fraudulent joinder applies when a non-diverse defendant's joinder is a "sham"—that is, when a party is joined "without any reasonable basis in fact and without any purpose to prosecute the action in good faith." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 98-99 (1921). There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability

1

of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). Both avenues offered by case law are not applicable here.

Additionally, the burden to establish fraudulent joinder is indeed a "heavy" one. *Grancare*, 889 F.3d at 548. This Court has stated that "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court. *In re Roundup Prods. Liab. Litig. (Coffman)*, MDL 2741, Pretrial Order No. 254: Granting Motion to Remand (N.D. Cal. Oct. 19, 2021) (quoting *Grancare*, 889 F.3d at 548). A finding of fraudulent joinder is inappropriate "where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Id*.

As stated in Plaintiff's Motion for Remand, the inadvertent error in the initial discovery responses was in the process of being cured when Defendant filed its Notice of Removal. It is standard practice in litigation for parties to amend discovery responses – such is the case here. Ultimately whether Plaintiff filed amended discovery answers the day after the Notice of Removal was filed, or immediately prior to filing the Motion for Remand is of no moment to this Court. What is important is that there are valid, prosecutable claims against a non-diverse, California entity in this matter – Defendant Sunnymead Ace Hardware.

Defendant's attempts to color this Court's viewpoint on the inclusion of the non-diverse Defendants should fall short. So long as the claims are colorable, the courts do not make piercing inquiries into the plaintiff's intentions. *See Kyle v. Envoy Mortg., LLC,* No. 18-CV-2396-BAS-WVG, 2018 WL 6600105, at *2 (S.D. Cal. Dec. 17, 2018) (instructing against "undertaking a

searching inquiry into a plaintiff's subjective motives"); *Gebran v. Wells Fargo Bank, N.A.,* No. CV 16-07616 BRO (MRWx), 2016 WL 7471292, at *7 (C.D. Cal. Dec. 28, 2016) ("[T]he defendant must convince the court that . . . the plaintiff could not possibly recover against the party whose joinder is questioned."); *Selman v. Pfizer, Inc.*, No. 11-CV-1400-HU, 2011 WL 6655354 (D. Or. Dec. 16, 2011) (analyzing and rejecting subjective intent test)). Plaintiff intends to prosecute his claims against all current defendants. But even if some defendants are ultimately dismissed, it is improper for Defendant to cast those aspersions or for this Court to entertain them.

This Court has additionally stated that fraudulent joinder exists only "if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *In re Roundup Prods. Liab. Litig.*, 396 F.Supp.3d 893, 896 (N.D. Cal. 2019) (quoting *Jurin v. Transamerica Life Ins. Co.*, C-14 02882 LB, 2014 WL 4364901 at *3 (N.D. Cal. Sept. 3, 2014)). In the simplest terms, Plaintiff has valid claims against a non-diverse, California Defendant. She pleaded these facts and has now backed them up with sworn testimony supporting those facts. This Court should resolve any issues in favor of Plaintiff and remand this action.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court to grant Plaintiff's Motion to Remand.

Dated:  November 23, 2021              **GIBBS LAW GROUP LLP**

                                                                 By: */s/ Karen Barth Menzies*

                                                                     Karen Barth Menzies
                                                                     505 14th Street, Suite 1110
                                                                     Oakland, CA  94612
                                                                     Tel: (510) 350-9700
                                                                     Fax: (510) 350-9701
                                                                     kbm@classlawgroup.com

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**

Fletcher V. Trammell
Melissa Binstock Ephron
Patrick B. McAndrew
**TRAMMELL, PC**
3262 Westheimer Rd., Ste. 423
Houston, TX 77098
Tel: (800) 405-1740
Fax: (800) 532-0992
fletch@trammellpc.com
melissa@trammellpc.com
patrick@trammellpc.com

Alexander G. Dwyer
Andrew F. Kirkendall
Erin M. Wood
**KIRKENDALL DWYER LLP**
4343 Sigma Rd, Suite 200
Dallas, TX  75244
Tel: 214-271-4027
Fax: 214-253-0629
ad@kirkendalldwyer.com
ak@kirkendalldwyer.com
ewood@kirkendalldwyer.com

*Attorneys for Plaintiff*

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**