**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:   202-847-4030
Fax:  202-847-4005

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:   202-942-5000
Fax:  202-942-5999

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel:   202-898-5800
Fax:  202-682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 ) ) Case No. 3:16-md-02741-VC ) |
| THIS DOCUMENT RELATES TO:<br><br>*Michael Randy Hayes, et al. v. Monsanto Company, et al.*,<br><br>Case No. 3:21-cv-00965-VC | ) **DEFENDANT MONSANTO COMPANY'S** ) **OPPOSITION TO PLAINTIFFS'** ) **"EMERGENCY" MOTION TO REMAND** ) ***HAYES* CASE [filed with accompanying** ) **declarations]** ) ) Date:        January 6, 2022 ) Time:       10:00 a.m. ) Courtroom: 4 |

**TABLE OF CONTENTS**

Page

INTRODUCTION AND ISSUES TO BE DECIDED ................................................................... 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................................................. 1

ARGUMENT .................................................................................................................................. 3

    I.    Plaintiffs Do Not Have Viable Claims Against Any Of The Purported Alabama Defendants, So The Court Should Disregard Those Fraudulently Joined Defendants When Determining Whether Monsanto Properly Removed This Lawsuit. ........................ 3

        A.    Both purported Alabama defendants named in the initial Complaint – Sheffield Utilities and Sheffield Light & Power – have been fraudulently joined ....................... 5

        B.    The "new" purported Alabama defendant named in the Amended Complaint – Sheffield Light & Power Co. – has been fraudulently joined ...................................... 9

    II.    Monsanto's Notice Of Removal Was Timely Based On Section 1446(b)(3). .................. 11

CONCLUSION ............................................................................................................................. 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Ah Quin v. County of Kauai Dep't of Transp.*,
   733 F.3d 267 (9th Cir. 2013) ...................................................................................................8

*Arias v. Follet Higher Educ. Corp.*,
   No. 8:18-cv-01965-JLS-JDE, 2019 WL 484192 (C.D. Cal. Feb. 7, 2019) ..............................4

*Barakat v. Costco Wholesale Corp.*,
   No. 20-cv-02248-JCS, 2020 WL 3635933 (N.D. Cal. July 6, 2020)......................................14

*Berberian v. Gibney*,
   514 F.2d 790 (1st Cir. 1975)....................................................................................................5

*Carvalho v. Equifax Info. Servs., LLC*,
   629 F.3d 876 (9th Cir. 2010) .....................................................................................11, 12, 13

*Clay-Brown v. City of Decatur, Alabama*,
   No. CV 12-J-3988-NE, 2013 WL 832315 (N.D. Ala. Feb. 28, 2013)......................................6

*Durham v. Lockheed Martin Corp.*,
   445 F.3d 1247 (9th Cir. 2006) ...............................................................................................11

*Franklin v. City of Athens*,
   No. 5:17-cv-01506-AKK, 2018 WL 1761686 (N.D. Ala. Apr. 12, 2018) ...............................6

*Grancare, LLC v. Thrower*,
   889 F.3d 543 (9th Cir. 2018) ...................................................................................................3

*Hardin v. City of Troy Pub. Works Dep't*,
   No. 2:10-cv-663-MEF, 2013 WL 5231872 (M.D. Ala. Sept. 16, 2013) ..................................6

*Illegal Aliens, LLC v. N. Am. Specialty Ins. Co.*,
   No. CV 14-07502 DDP, 2015 WL 1636715 (C.D. Cal. Apr. 10, 2015) ..................................4

*Martinez v. McKesson Corp.*,
   No. 3:15-cv-02903-H-JLB, 2016 WL 5930271 (S.D. Cal. Apr. 7, 2016) ................................4

*Mattel, Inc. v. Bryant*,
   441 F. Supp. 2d 1081 (C.D. Cal. 2005),
   *aff'd on other grounds*, 446 F.3d 1011 (9th Cir. 2006) ..........................................................14

*Morris v. Princess Cruises, Inc.*,
   236 F.3d 1061 (9th Cir. 2001) ......................................................................................3, 4, 13

*Nash v. Horizon Freight Sys., Inc.*,
  No. 19-cv-01883-VC, 2020 WL 4284820 (N.D. Cal. July 27, 2020) ........................................8

*New Hampshire v. Maine*,
  532 U.S. 742 (2001) ..................................................................................................................8

*Ritchey v. Upjohn Drug Co.*,
  139 F.3d 1313 (9th Cir. 1998) ..........................................................................................4, 13

*Roth v. CHA Hollywood Med. Ctr., L.P.*,
  720 F.3d 1121 (9th Cir. 2013) ...............................................................................................13

*In re Roundup Prods. Liab. Litig. (Cichy)*,
  MDL No. 2741, 2019 WL 6122004 (N.D. Cal. Nov. 19, 2019) ................................................1

*In re Roundup Prods. Liab. Litig. (Roybal)*,
  MDL No. 2741, 2021 WL 4186714 (N.D. Cal. Sept. 15, 2021) ................................................3

*In re Roundup Prods. Liab. Litig. (Salas)*,
  MDL No. 2741, 2021 WL 5149862 (N.D. Cal. Nov. 5, 2021) .........................................12, 13

*Santos v. Reverse Mortg. Solutions, Inc.*,
  No. 12-3296-SC, 2013 WL 3814988 (N.D. Cal. July 22, 2013) ...............................................5

*Slater v. U.S. Steel Corp.*,
  871 F.3d 1174 (11th Cir. 2017) (en banc) ................................................................................8

*Smith v. Haynes & Haynes, P.C.*,
  940 F.3d 635 (11th Cir. 2019) ..................................................................................................8

*U.S. v. Ibrahim*,
  522 F.3d 1003 (9th Cir. 2008) ..................................................................................................8

*Vagle v. Archstone Cmtys. LLC*,
  No. CV 14-03476 RGK, 2014 WL 2979201 (C.D. Cal. July 1, 2014) ...................................12

*Vu v. Ortho-McNeil Pharm., Inc.*,
  602 F. Supp. 2d 1151 (N.D. Cal. 2009) ...................................................................................4

*Williams v. Costco Wholesale Corp.*,
  471 F.3d 975 (9th Cir. 2006) ....................................................................................................5

**State Cases**

*Ex parte Dixon*,
  55 So. 3d 1171 (Ala. 2010) .......................................................................................................6

*Ex parte First Alabama Bank*,
  883 So. 2d 1236 (Ala. 2003) .....................................................................................................8

*King v. Colbert Cnty.*,
    620 So. 2d 623 (Ala. 1993) ................................................................................................6

**Statutes**

28 U.S.C. § 1441(b) ..................................................................................................................3, 12

28 U.S.C. § 1446(b) ............................................................................................................ *passim*

**INTRODUCTION AND ISSUES TO BE DECIDED**

In its Notice of Removal, ECF No. 1, Monsanto Company ("Monsanto") pierced the pleadings by presenting evidence that established that Plaintiffs fraudulently joined purported Alabama defendants in an effort to deprive Monsanto of its important right to remove this case from Alabama state court to federal court.  Plaintiffs Michael and Katrina Hayes have no viable claims against those defendants because they are not legal entities that are capable of being sued in their own right and those defendants never employed Mr. Hayes, so they cannot be held liable for his alleged workplace exposure to Monsanto's Roundup®-branded herbicides.  The Notice of Removal was timely based on 28 U.S.C. § 1446(b) because: (a) this case could not be removed based on the face of the Complaint (due to the claims asserted against the Alabama defendants); and (b) Monsanto filed the Notice of Removal less than thirty days after it received an "other paper," § 1446(b)(3) – the affidavit submitted with the Notice of Removal – that established fraudulent joinder and, for the first time, provided a basis for removal.

Plaintiffs seek remand, but they fail to present any persuasive evidence or arguments to rebut Monsanto's evidence-based, fraudulent-joinder showing.  Moreover, their argument that the Notice of Removal was untimely is squarely foreclosed by Section 1446(b) and cases applying that statute.  Thus, as shown below, the Court should hold that this removal was proper and deny Plaintiffs' "Emergency" Motion to Remand ("Remand Motion"), ECF No. 3.[1]

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In September 2020, Plaintiffs commenced this lawsuit in the Circuit Court of Colbert County, Alabama by filing a Complaint, captioned *Michael Randy Hayes, et al. v. Monsanto*

---

[1] The Remand Motion cites Eleventh Circuit law regarding the federal law issues presented by the motion.  However, as this Court has held, Ninth Circuit precedent – not the transferor circuit's law – governs issues of federal law presented in remand motions submitted to this Court.  *See, e.g.*, *In re Roundup Prods. Liab. Litig. (Cichy)*, MDL No. 2741, 2019 WL 6122004, at *1 (N.D. Cal. Nov. 19, 2019) (Chhabria, J.).

1
MONSANTO'S OPP'N TO PLAINTIFFS' "EMERGENCY" MOTION TO REMAND *HAYES* CASE
3:16-md-02741-VC & 3:21-cv-00965-VC

*Company Corporation [sic], et al.*, No. 20-CV-2020-900237.00 (the "State Court Action"). The Complaint sought damages for non-Hodgkin's lymphoma allegedly caused by exposure to Monsanto's Roundup®-branded herbicides. *See, e.g.*, Compl. ¶¶ 2, 18-21, 132-33, 149, 178-80, Count IX, Prayer for Relief (attached to Notice of Removal as Exhibit 1), ECF No. 1-1.

The Complaint named two purported Alabama defendants – Sheffield Light & Power and Sheffield Utilities – and alleged that they are public power companies that have their principal places of business in Alabama. Compl. ¶¶ 26-27. Mr. Hayes allegedly was exposed to Roundup®-branded herbicides while working for Sheffield Utilities. *Id.* ¶¶ 20, 132-37.

On October 8, 2020, Sheffield Light & Power and Sheffield Utilities filed a Motion to Dismiss the State Court Action (attached to Remand Motion as Exhibit A), ECF No. 3-1. Without presenting any affidavits or other evidence, that motion made unsworn, conclusory arguments by counsel and sought dismissal of the claims asserted against both defendants on the grounds that "there is no legal entity known as Sheffield Utilities" and that "there is no legal entity known as Sheffield Light & Power." Motion to Dismiss at 1.[2]

On November 4, 2020, before the hearing on the Motion to Dismiss, Monsanto removed this case to the United States District Court for the Northern District of Alabama. That same day, more than two hours after Monsanto had electronically submitted the Notice of Removal to that court's Clerk's Office, Plaintiff filed an amended complaint in state court. Am. Compl. (attached to Remand Motion as Exhibit D), ECF No. 3-4. That pleading changed the name of

---

[2] The Complaint also asserted claims against Red River Specialties, Inc. and Red River Specialties, LLC. *See, e.g.*, Compl. ¶¶ 137-40, 167-80. In December 2016, Red River Specialties, Inc. converted from a corporation to the limited liability company Red River Specialties, LLC. Notice of Removal ¶ 9. Red River Specialties, LLC, formerly known as Red River Specialties, Inc. (collectively, "Red River Specialties") consented to this removal. *Id.* ¶ 20. Red River Specialties is deemed to be a citizen of Delaware and Connecticut, for purposes of federal diversity jurisdiction. *Id.* ¶ 9. The Remand Motion does not dispute that or otherwise argue that the claims asserted against Red River Specialties require remand.

one of the defendants from "Sheffield Light & Power" to "Sheffield Light & Power Co."

On November 5, 2020, Plaintiffs filed the Remand Motion, and Monsanto filed papers with the Judicial Panel on Multidistrict Litigation ("JPML") to have this case transferred to this Court. Soon thereafter, Monsanto filed a motion requesting that the Alabama federal district court stay further proceedings in this case pending the JPML's transfer ruling. That stay motion was granted. In February 2021, the JPML transferred this case to this Court.

In December 2021, Plaintiffs noticed the previously filed Remand Motion for a hearing in this Court. The Remand Motion does not dispute that this case satisfies the jurisdictional amount-in-controversy requirement for diversity-based subject matter jurisdiction.[3]

## ARGUMENT

**I. Plaintiffs Do Not Have Viable Claims Against Any Of The Purported Alabama Defendants, So The Court Should Disregard Those Fraudulently Joined Defendants When Determining Whether Monsanto Properly Removed This Lawsuit.**

A defendant can remove a case to federal court even in the absence of complete diversity of citizenship because "one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A defendant removing a case from state court based on a fraudulent joinder argument is required to show that there is no possibility that the state court would hold the non-diverse co-defendant liable. *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). The fraudulently joined defendant's "presence in the lawsuit is ignored" for purposes of determining whether the district court has jurisdiction based on diversity of citizenship. *Morris*, 236 F.3d at 1067.

---

[3] The Remand Motion correctly does not rely on the presence of "John Doe" defendants to argue that remand is required. *See, e.g.*, *In re Roundup Prods. Liab. Litig. (Roybal)*, MDL No. 2741, 2021 WL 4186714, at *2 (N.D. Cal. Sept. 15, 2021) (Chhabria, J.) (disregarding "Doe" defendants and holding that they do not require remand) (quoting 28 U.S.C. § 1441(b)(1)).

When conducting a fraudulent joinder analysis, a court is not limited to the allegations in the complaint and is permitted to consider affidavits, declarations, and other evidence presented by the removing defendant. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *Morris*, 236 F.3d at 1068. If the defendant pierces the pleadings by presenting evidence showing that a non-diverse co-defendant has been fraudulently joined, the plaintiff cannot rely on allegations in the complaint to seek remand. *See Arias v. Follet Higher Educ. Corp.,* No. 8:18-cv-01965-JLS-JDE, 2019 WL 484192, at *3 (C.D. Cal. Feb. 7, 2019); *Martinez v. McKesson Corp.*, No. 3:15-cv-02903-H-JLB, 2016 WL 5930271, at *3 (S.D. Cal. Apr. 7, 2016). If a plaintiff argues that it is possible for him to state a claim against the non-diverse defendant, that possibility must be "non-fanciful" for the case to be remanded. *Illegal Aliens, LLC v. N. Am. Specialty Ins. Co.*, No. CV 14-07502 DDP (ASx), 2015 WL 1636715, at *2 (C.D. Cal. Apr. 10, 2015); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1154 (N.D. Cal. 2009).

Here, although the timing of Plaintiffs filing the Amended Complaint in Alabama state court on the same day that Monsanto filed the Notice of Removal created an unusual situation, Plaintiffs cannot turn this procedural quirk to their advantage. Their argument that Monsanto engaged in "vexatious tactics" by filing the Notice of Removal after Monsanto received the Amended Complaint that they had filed in state court, Remand Motion at 4-5, is incorrect because Monsanto submitted the Notice of Removal to the Alabama federal court Clerk's Office for filing ***before*** the Amended Complaint was filed in state court, so Monsanto was not aware of that pleading when it filed the Notice of Removal.[4] Moreover, the Remand Motion should be

---

[4] Monsanto's counsel began the removal process the morning of November 4, 2020 – during the COVID-19 pandemic – by electronically submitting the Notice of Removal to the Alabama federal court's Case Submission system, as required by that court's rules and procedures for removals. Declaration of Halron Turner ¶ 3 ("Turner Declaration") (filed this same date). When that electronic submission was completed, Monsanto's counsel received an e-mail from the Clerk's Office stating that the Notice of Removal was received by the court's computer server at 9:04 a.m. on November 4, 2020 and that "[w]hen the case is assigned and entered into CM/ECF,

denied on fraudulent joinder grounds regardless of whether the Court focuses on the initial Complaint or the Amended Complaint because, as shown below, all of the purported Alabama defendants have been fraudulently joined.[5]

### A. Both purported Alabama defendants named in the initial Complaint – Sheffield Utilities and Sheffield Light & Power – have been fraudulently joined.

In the initial Complaint, Plaintiffs sued two purported Alabama defendants – Sheffield Utilities (allegedly Mr. Hayes' employer) and Sheffield Light & Power – for allegedly failing to provide a safe work environment for Mr. Hayes. *See, e.g.*, Compl. ¶¶ 247-50.

---

you will receive a notice of electronic filing advising you of the case number and judge assignment." *Id*. ¶ 4 & Exhibit 1. At that point, the Notice of Removal had been submitted to the Clerk's Office for filing, and Monsanto's counsel had no further control over when the Notice of Removal would actually be deemed "filed" by the Clerk's Office. Turner Decl. ¶ 4. The Clerk's Office assigned a civil action number to the removed case and sent an Electronic Case Filing notification e-mail to Monsanto's counsel stating that the Notice of Removal was "filed" on November 4, 2020 at 12:31 p.m. *Id*. ¶ 5 & Exhibit 2. (The Clerk's Office stamp on the face of the Notice of Removal states that it was "filed" that day at 12:30 p.m.). At 1:02 p.m. on November 4, 2020, Monsanto notified the Alabama state court of the removal by filing Monsanto's Notice of Filing Notice of Removal, and that notice was contemporaneously served on Plaintiffs' counsel via that court's electronic notification system. Turner Decl. ¶ 6 & Exhibit 3. Plaintiffs filed the Amended Complaint in Alabama state court at 11:11 a.m. on November 4, 2020, Remand Motion at 3, which was more than two hours after Monsanto's counsel had submitted the Notice of Removal for filing to the Alabama federal court Clerk's Office.

[5] Thus, this Court need not decide whether the initial Complaint or the Amended Complaint is the operative pleading for purposes of determining whether the Remand Motion should be denied. During the few hours on November 4, 2020 after Monsanto started the removal process by submitting the Notice of Removal for filing to the Alabama federal court Clerk's Office and before Monsanto filed the Notice of Filing Notice of Removal that notified the Alabama state court and Plaintiffs of the removal, the federal court and the state court both had jurisdiction – *i.e.*, concurrent jurisdiction – over this case. *See Berberian v. Gibney*, 514 F.2d 790, 792-93 (1st Cir. 1975); *Santos v. Reverse Mortg. Solutions, Inc.*, No. 12-3296-SC, 2013 WL 3814988, at *2 (N.D. Cal. July 22, 2013). This case was already properly pending in federal court based on the Notice of Removal when Plaintiffs filed the Amended Complaint in state court, so there was no need for Monsanto to file another removal notice in federal court to address that pleading. *Cf. Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976-77 (9th Cir. 2006) (stating that "the idea of filing a notice of removal in a case that is already pending in federal court, having been properly removed, is nonsensical" and that another removal notice "would, if granted, have the effect of removing a case that has already been removed") (quotation marks omitted).

However, the Affidavit of Chris White ("White Affidavit") (attached to the Notice of Removal as Exhibit 3, ECF No. 1-3) establishes that Plaintiffs have no viable claims against Sheffield Utilities or Sheffield Light & Power because these purported defendants are not legal entities that have the capacity to be sued in their own right and they never employed Mr. Hayes. Mr. Hayes was employed by the City of Sheffield from June 2, 1980 to March 1, 2015, when he retired. White Aff. ¶ 3. Mr. Hayes has not worked for the City of Sheffield since he retired. *Id*. Sheffield Utilities and Sheffield Light & Power are not separate corporate legal entities in their own right and never employed Mr. Hayes. *Id*. ¶ 4. Sheffield Utilities and Sheffield Light & Power are part of the City of Sheffield. *Id*. The only legal entity that employed Mr. Hayes during the period discussed above was the City of Sheffield. *Id*.

In these circumstances, Alabama law precludes Plaintiff from suing Sheffield Utilities and Sheffield Light & Power in this case. "Under Alabama law, only a municipality itself has the capacity to sue and be sued, as opposed to agencies, departments or divisions of the municipality." *Clay-Brown v. City of Decatur, Alabama*, No. CV 12-J-3988-NE, 2013 WL 832315, at *2 (N.D. Ala. Feb. 28, 2013) (relying on *Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010)); *see Dixon*, 55 So. 3d at 1172 n.1 (stating that "the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority") (quotation marks omitted); *King v. Colbert Cnty.*, 620 So. 2d 623, 626 (Ala. 1993) (affirming summary judgment ruling and holding that "one cannot maintain an action" against a defendant that "is not a legal entity"); *Franklin v. City of Athens*, No. 5:17-cv-01506-AKK, 2018 WL 1761686, at *3 (N.D. Ala. Apr. 12, 2018) (relying on *Dixon*, 55 So. 3d at 1172 n.1, and dismissing a city's public works department because that defendant lacked the capacity to be sued under Alabama law); *Hardin v. City of Troy Pub. Works Dep't*, No. 2:10-cv-663-MEF, 2013 WL 5231872, at *7

(M.D. Ala. Sept. 16, 2013) (dismissing a city's public works department; holding that it lacked the capacity to be sued under Alabama law because it was operated by, and not a separate entity from, the city).

The Remand Motion does not present any persuasive arguments to rebut Monsanto's evidence-based showing that Plaintiffs fraudulently the two purported Alabama defendants discussed above. Plaintiffs do not even try to defend the viability of any claims asserted in their initial Complaint against Sheffield Light & Power, so Monsanto's demonstration of fraudulent joinder as to that purported defendant stands unrebutted and should be accepted by the Court.[6]

Although Plaintiffs try to defend the viability of their claims against Sheffield Utilities, their arguments lack merit. Plaintiffs do not, and cannot, dispute the argument (discussed above and in the Notice of Removal) that a plaintiff is precluded from suing agencies, departments, or divisions of a municipality because only the municipality itself has the capacity to be sued.

Instead, Plaintiffs try to circumvent that obstacle to their ability to sue Sheffield Utilities in this case by relying on a pay stub from Mr. Hayes' employment that states "Sheffield Utilities," Remand Motion at 8 & Exhibit K, ECF No. 3-11, but that pay stub does not support Plaintiffs' argument that Sheffield Utilities is a legal entity capable of being sued in its own right. As explained by the Chief Financial Officer of the City of Sheffield doing business as Sheffield Utilities, "Sheffield Utilities" is a "doing business as" ("d/b/a") name used by the City of Sheffield, and the pay stub shows that d/b/a name. Declaration of Matt Parker ("Parker Declaration") ¶¶ 2, 5 (filed this same date). Moreover, the bank account used to make this payment (and other payments) to Mr. Hayes and other City of Sheffield employees was (and is)

---

[6] Plaintiffs tried to fix this problem by filing the Amended Complaint that changed the name of the purported defendant from "Sheffield Light & Power" to "Sheffield Light & Power Co.," but, as shown below, that does not require remand because Sheffield Light & Power Co. also has been fraudulently joined.

owned and controlled by the City of Sheffield. *Id*. ¶ 5.  As a City of Sheffield employee, Mr. Hayes was paid by the City of Sheffield.  *Id*.  The pay stub shows an address – 300 North Nashville Avenue, P.O. Box 580, Sheffield, AL 35660 – that is (and has been for many years going back long before the December 2014 date of that pay stub) a City of Sheffield address.  *Id*.  Thus, Plaintiffs' reliance on this pay stub is misplaced and fails to rebut Monsanto's evidence-based showing that Sheffield Utilities: (a) is not a legal entity capable of being sued in its own right; and (b) never employed Mr. Hayes.

Plaintiffs also miss the mark by making a cursory "judicial estoppel" argument, *see* Remand Motion at 8, regarding small claims court cases filed to recover past due amounts owed by customers of City of Sheffield d/b/a Sheffield Utilities.  As courts repeatedly have stated, judicial estoppel is an equitable doctrine that protects the integrity of the judicial process by preventing parties from intentionally or deliberately misleading courts, and judicial estoppel should not be applied when a party's prior inconsistent position was based on inadvertence or mistake.  *See, e.g.*, *New Hampshire v. Maine*, 532 U.S. 742, 749-50, 753 (2001); *Smith v. Haynes & Haynes, P.C.*, 940 F.3d 635, 643 (11th Cir. 2019) (on appeal from Alabama district court); *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1176-77, 1180-81, 1185-87 (11th Cir. 2017) (en banc) (same); *Ah Quin v. County of Kauai Dep't of Transp.*, 733 F.3d 267, 270-72, 276-77 (9th Cir. 2013); *U.S. v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008).[7]  Plaintiffs' judicial estoppel argument lacks merit because any inconsistency between the City of Sheffield's position in this lawsuit and the position taken in claims filed in an Alabama small claims court was due to inadvertence or mistake and was not an intentional or deliberate effort to mislead any court.

---

[7] The Alabama Supreme Court cited with approval the United States Supreme Court's *New Hampshire* opinion.  *Ex parte First Alabama Bank*, 883 So. 2d 1236, 1244-46 (Ala. 2003).  This Court cited with approval the *New Hampshire* opinion and the Ninth Circuit's *Ah Quin* opinion.  *Nash v. Horizon Freight Sys., Inc.*, No. 19-cv-01883-VC, 2020 WL 4284820, at *3 (N.D. Cal. July 27, 2020) (Chhabria, J.).

When necessary and appropriate, the City of Sheffield d/b/a Sheffield Utilities has used collection agencies to try to recover payments from customers who have past due balances for electricity provided by the City of Sheffield, and those collection agencies have used the name "Sheffield Utilities" because customers are familiar with that name. Parker Decl. ¶ 6. When collection agencies have not been able to obtain payments from those customers through other means, collection agencies sometimes have tried to recover the amounts due by filing claims against customers in small claims court using the name "Sheffield Utilities" as the plaintiff's name. *Id*. When that has happened, it has been due to mistake or inadvertence by the collection agencies and/or lawyers hired by the collection agencies because those claims should have been asserted by the City of Sheffield d/b/a Sheffield Utilities. *Id*. The City of Sheffield has not intended or attempted to mislead any court (or anyone else) by filing those claims in the name of Sheffield Utilities, as opposed to the name of City of Sheffield d/b/a Sheffield Utilities. *Id*. Regardless of the name of the plaintiff used by collection agencies to assert those claims, any funds recovered by collection agencies from customers with past due balances on their electricity bills (that have not been retained by the collection agencies) have been paid to the City of Sheffield. *Id*. In sum, there is no basis to apply judicial estoppel to allow Plaintiffs to sue Sheffield Utilities in this case despite the fact that Sheffield Utilities is not a legal entity capable of being sued in its own right.

    **B. The "new" purported Alabama defendant named in the Amended Complaint – Sheffield Light & Power Co. – has been fraudulently joined.**

The Amended Complaint names a "new" purported Alabama defendant, Sheffield Light & Power Co., and Plaintiffs assert that "[t]here is a viable claim asserted against Sheffield Light & Power Co." in that pleading, Remand Motion at 8, but that bare assertion – unsupported by any evidence or citations to case law – lacks merit.

*First*, there is substantial doubt that Sheffield Light & Power Co. exists as a corporate

9
MONSANTO'S OPP'N TO PLAINTIFFS' "EMERGENCY" MOTION TO REMAND *HAYES* CASE
3:16-md-02741-VC & 3:21-cv-00965-VC

entity that can be sued. Although the Amended Complaint provides an Alabama entity number for that purported defendant (number 793-221), Am. Compl. ¶ 26, the Alabama Secretary of State's website that allows searches about corporations provides no information for Sheffield Light & Power Co. regarding its registered agent or mailing address; states that its last transaction occurred in 1903; and does not show any annual reports or other filings by Sheffield Light & Power Co. Turner Decl. ¶ 7 & Exhibit 4. Moreover, City of Sheffield employees who would know about Sheffield Light & Power Co. – if it actually exists – are not aware of that entity and have no basis to believe that it was a legal entity in its own right when (or since) this lawsuit was filed. *See* Parker Decl. ¶ 7; Declaration of Chris White ¶ 7 ("White Declaration") (filed this same date). Although the Amended Complaint alleges that Sheffield Light & Power Co. is a public utility company that operates in Colbert County, Alabama and has its principal place of business at 300 N. Nashville Avenue, Sheffield, Alabama, 35660, Am. Compl. ¶ 26, that is not correct. Parker Decl. ¶ 8. That address is (and has been for many years) a City of Sheffield address – and, for many years going back long before Mr. Hayes began working for the City of Sheffield, the City of Sheffield has been the only entity that has provided electricity in Colbert County, Alabama. *Id*.

*Second*, even assuming for the sake of argument that Sheffield Light & Power Co. has existed as a legal entity in its own right at any time since Mr. Hayes began his employment by the City of Sheffield (perhaps as a defunct company that may exist in name only), Plaintiffs do not have any viable claims against Sheffield Light & Power Co. If it has ever been a legal entity in its own right at any point since Mr. Hayes began his employment by the City of Sheffield in June 1980, Sheffield Light & Power Co.: (a) has not been a part of the City of Sheffield; (b) has not been connected in any way to the City of Sheffield; and (c) has not been involved in any way in providing electricity to Sheffield residents. Parker Decl. ¶ 7; White Decl. ¶ 8. Since long

before Mr. Hayes began his employment by the City of Sheffield in June 1980, the City of Sheffield has provided electricity in its own capacity – not through Sheffield Light & Power Co. *Id*. During the period of employment at issue in this lawsuit (June 2, 1980 to March 1, 2015), Mr. Hayes was employed by the City of Sheffield and was not employed by Sheffield Light & Power Co. White Decl. ¶¶ 6, 9. The City of Sheffield was the only legal entity that employed Mr. Hayes during that period in the position of employment discussed in the Amended Complaint. *Id*. ¶ 9. Sheffield Light & Power Co. did not have any control over – or impact on – Mr. Hayes' work environment at any point while Mr. Hayes was employed by the City of Sheffield. *Id*. ¶ 10. Sheffield Light & Power Co. did not have any control over, or any connection to, any work done by Mr. Hayes as a City of Sheffield employee involving Roundup®-herbicides. *Id*. Thus, it is clear that Plaintiffs do not have any viable claims against the purported defendant named in the Amended Complaint as Sheffield Light & Power Co.

## II. Monsanto's Notice Of Removal Was Timely Based On Section 1446(b)(3).

The timeliness of a removal notice is governed by 28 U.S.C. § 1446(b), which "identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." *Id*. (quotation marks omitted). However, if the initial complaint "on its face" does not provide a basis for removal, a removal opportunity can arise later – for example, when the removing defendant receives an "other paper" from which removability may first be ascertained. *Id*. (quoting § 1446(b)); *see Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006).

Here, Monsanto complied with Section 1446(b) by timely filing the Notice of Removal within the second thirty-day period. That was proper because the claims asserted in the initial Complaint against two purported Alabama defendants (Sheffield Utilities and Sheffield Light &

Power) meant that "the case stated by the initial pleading," *Carvalho*, 629 F.3d at 885, was not removable due to lack of complete diversity of citizenship (Plaintiffs are Alabama citizens) and the forum defendant rule, 28 U.S.C. § 1441(b)(2).

The White Affidavit (dated November 3, 2020) was the "other paper from which it may first be ascertained that [this] case is one which is or has become removable," 28 U.S.C. § 1446(b)(3), because that sworn statement presented evidence establishing, for the first time, that Plaintiffs fraudulently joined both purported Alabama defendants (Sheffield Utilities and Sheffield Light & Power), which meant that: (a) there was complete diversity between Plaintiffs and the other defendants; and (b) the forum defendant did not prevent removal.  A sworn statement (declaration or affidavit) is an "other paper" that can start the thirty-day removal period in Section 1446(b)(3).  *See, e.g.*, *In re Roundup Prods. Liab. Litig. (Salas)*, MDL No. 2741, 2021 WL 5149862, at *1 (N.D. Cal. Nov. 5, 2021) (Chhabria, J.) (rejecting plaintiff's argument that removal was untimely and accepting Monsanto's argument that co-defendants' declarations were Section 1446(b)(3) "other paper[s]"); *Vagle v. Archstone Cmtys. LLC*, No. CV 14-03476 RGK (AJWx), 2014 WL 2979201, at *4 (C.D. Cal. July 1, 2014) (holding that defendant should have filed removal notice within thirty days of receipt of co-defendant's affidavit because it was an "other paper" based on Section 1446(b)(3)).  Monsanto filed the Notice of Removal on November 4, 2020, so it was timely based on Section 1446(b)(3).

Plaintiffs miss the mark when contending, *see* Remand Motion at 5, that the Notice of Removal was untimely because it was filed more than thirty days after Monsanto was served with the Complaint in the State Court Action.  That argument, which invokes the first thirty-day removal period in Section 1446(b), fails because this case was ***not*** removable based on the face of the initial Complaint, due to the claims asserted against two Alabama defendants.  Plaintiffs

ignore the fact that the first thirty-day removal period is triggered only if the case stated by the initial pleading "is removable on its face." *Carvalho*, 629 F.3d at 885.

Plaintiffs' conclusory argument that the White Affidavit "should be disregarded as a self-serving sham," Remand Motion at 6, also lacks merit. Plaintiffs complain that the affidavit has the federal court caption for this case, *id*., but that criticism makes no sense because that is exactly what one would expect for an affidavit presented to support fraudulent joinder removal arguments. Plaintiffs do not cite any case law to support their argument that this Court should disregard the White Affidavit, and their argument fails to account for Ninth Circuit law that allows this Court, when conducting a fraudulent joinder analysis, to pierce the pleadings and consider evidence submitted by the removing defendant, *see Morris*, 236 F.3d at 1068; *Ritchey*, 139 F.3d at 1318, including declarations that could be characterized, from a plaintiff's perspective, as self-serving, *see, e.g.*, *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013) (discussing defendants' declarations); *Roundup Prods. Liab. Litig. (Salas)*, 2021 WL 5149862 (denying remand motion based, in part, on co-defendants' declarations submitted by Monsanto in support of its removal arguments).

In the alternative, even if the Motion to Dismiss filed on October 8, 2020 by Sheffield Utilities and Sheffield Light & Power in the State Court Action were to be construed as a motion that first made this case removable within the meaning of Section 1446(b)(3), *see* Remand Motion at 3, 6, the Notice of Removal nevertheless would be timely. If that bare-bones motion triggered the second thirty-day removal period addressed in Section 1446(b)(3), then the Notice of Removal would have been timely so long as it was filed on or before November 7, 2020. It was timely filed on November 4, 2020.[8]

---

[8] In light of Plaintiffs' statement regarding the Motion to Dismiss, *see* Remand Motion at 3 (asserting that Monsanto filed a notice of appearance in the State Court Action on October 28, 2020 and had access to the then-pending Motion to Dismiss), Monsanto presents the alternative

**CONCLUSION**

For the foregoing reasons, the Court should deny the Remand Motion.

DATED:  December 15, 2021

Respectfully submitted,

/s/ *Eric G. Lasker*

| | |
|---|---|
| William Hoffman (*pro hac vice*) | Eric G. Lasker (*pro hac vice*) |
| (william.hoffman@arnoldporter.com) | (elasker@hollingsworthllp.com) |
| Daniel S. Pariser (*pro hac vice*) | Martin C. Calhoun (*pro hac vice*) |
| (daniel.pariser@arnoldporter.com) | (mcalhoun@hollingsworthllp.com |
| ARNOLD & PORTER KAYE SCHOLER LLP | HOLLINGSWORTH LLP |
| 601 Massachusetts Avenue, NW | 1350 I Street, NW |
| Washington, DC 20001 | Washington, DC 20005 |
| Tel:  202-942-5000 | Tel:  202-898-5800 |
| Fax:  202-942-5999 | Fax:  202-682-1639 |
| | |
| | Brian L. Stekloff (*pro hac vice*) |
| | (bstekloff@wilkinsonstekloff.com) |
| | Rakesh Kilaru (*pro hac vice*) |
| | (rkilaru@wilkinsonstekloff.com) |
| | WILKINSON STEKLOFF LLP |
| | 2001 M Street, NW, 10th Floor |
| | Washington, DC 20036 |
| | Tel:  202-847-4030 |
| | Fax:  202-847-4005 |

*Attorneys for Defendant Monsanto Company*

---

argument set forth above in an abundance of caution, without conceding that the Motion to Dismiss has any bearing on whether the Notice of Removal was timely.  Unlike the White Affidavit, which presented evidence (sworn statements) and clearly was an "other paper" within the meaning of Section 1446(b)(3), the Motion to Dismiss set forth conclusory arguments by counsel that did not provide unequivocally clear and certain information in support of removability.  To start the clock running on the second thirty-day removal period in Section 1446(b)(3), the information must be "unequivocally clear and certain in support of removability." *Barakat v. Costco Wholesale Corp.*, No. 20-cv-02248-JCS, 2020 WL 3635933, at *4 (N.D. Cal. July 6, 2020) (quotation marks omitted); *see Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1089-90 (C.D. Cal. 2005) (stating that second thirty-day period in Section 1446(b) "is triggered only when the information supporting removal is unequivocally clear and certain" (quotation marks omitted)), *aff'd on other grounds*, 446 F.3d 1011 (9th Cir. 2006).  Nevertheless, if the Court holds that the Motion to Dismiss was a removal-triggering motion within the meaning of Section 1446(b), the Notice of Removal was timely because it was filed less than thirty days after that motion was filed.  If Plaintiffs are arguing that the Motion to Dismiss (filed October 8, 2020) required Monsanto to file the Notice of Removal within thirty days of September 28, 2020 (when Monsanto was served with Complaint in the State Court Action), that argument lacks merit because it erroneously conflates the two separate and sequential removal periods addressed in Section 1446(b).