**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:  (713) 227-8008
Facsimile:  (713) 227-9508
Email:  jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Brian Martin v. Monsanto Co.*,<br>Case No. 3:21-cv-08549-VC | |

**MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), erroneously named as Monsanto Company, Inc., by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint and Jury Demand ("the Complaint"). As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Monsanto denies – and objects to – allegations by plaintiff that purport to lump Monsanto together with other defendants. Silence as to any allegations shall constitute a denial.

1.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 1 and therefore denies those allegations. In response to the allegations in the third sentence of paragraph 1, Monsanto admits that certain

Roundup®-branded products contain glyphosate as the active ingredient and POEA as a surfactant. Monsanto denies the remaining allegations in paragraph 1.

2. Monsanto admits the allegations in the first sentence of paragraph 2. In response to the second sentence in paragraph 2, Monsanto admits that it has manufactured Roundup®-branded products and that it and affiliated companies have operations and offices in countries around the world. The allegations in the third sentence of paragraph 2 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations. Monsanto denies the allegations in the fourth sentence of paragraph 2. The allegations in the last sentence of paragraph 2 comprise attorney characterizations and are accordingly denied, and Monsanto denies – and objects to – allegations by plaintiff that purport to lump Monsanto together with other defendants.

3. In response to the allegations in paragraph 3, Monsanto admits, based on the allegations in the Complaint, that this Court has subject matter jurisdiction over this case. Monsanto denies the remaining allegations in paragraph 3.

4. The allegations in the first sentence of paragraph 4 set forth conclusions of law for which no response is required. In response to the allegations in the last sentence of paragraph 4, Monsanto admits that it is registered to do business in the State of Washington. The remaining allegations in the last sentence of paragraph four comprise attorney characterizations and are accordingly denied.

5. In response to the allegations in paragraph 5, Monsanto denies certain "events" and any "omissions" and certain events giving rise to plaintiff's claim. Monsanto lacks information or knowledge sufficient to form a belief as to the remaining allegations in paragraph 5 and therefore denies those allegations. The conclusions of law set forth in paragraph 5 require no response.

6. In response to the allegations in the first sentence of paragraph 6, Monsanto admits that many Roundup®-branded products have glyphosate as the active ingredient and that certain Roundup®-branded herbicides contain POEA. The remaining allegations in the first sentence of

- 2 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC   &   3:21-cv-08549-VC

4890-7896-2693 v1

1  paragraph 6 are vague and conclusory and comprise attorney characterizations and are accordingly
2  denied. Monsanto denies the remaining allegations in paragraph 6.

3        7.     In response to the allegations in the first sentence of paragraph 7, Monsanto admits
4  that it has been a producer of glyphosate-based herbicides but lacks sufficient information regarding
5  the business of other glyphosate producers to admit or deny the allegation as written in the first
6  sentence of paragraph 7. Monsanto admits the remaining allegations in paragraph 7.

7        8.     In response to the allegations in the first sentence of paragraph 8, Monsanto admits
8  that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and
9  distributed Roundup®-branded products. The remaining allegations in paragraph 8 comprise
10 attorney characterizations and are accordingly denied. Monsanto states that the Roundup®-branded
11 products identified by plaintiff have a variety of separate and distinct uses and formulations.

12       9.     In response to the allegations in the first sentence of paragraph 9, Monsanto admits
13 that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining
14 allegations in the first sentence of paragraph 9 are vague and ambiguous and Monsanto lacks
15 information or knowledge sufficient to form a belief as to the truth of the remaining allegations in
16 paragraph 9 and therefore denies those allegations. Monsanto admits the remaining allegations in
17 paragraph 9.

18       10.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth
19 of the allegations in paragraph 10 and therefore denies those allegations.

20       11.    The allegations in the paragraph 11 set forth conclusions of law for which no response
21 is required.

22       12.    The allegations in the first sentence of paragraph 12 set forth conclusions of law for
23 which no response is required. In response to the remaining allegations in paragraph 12, Monsanto
24 admits that EPA requires registrants of herbicides to submit extensive data in support of the human
25 health and environmental safety of their products and further admits that EPA will not register or
26 approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA.

13. In response to the allegations in the first sentence of paragraph 13, Monsanto admits that IARC issued a Monograph regarding glyphosate in 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen. Monsanto states that the document speaks for itself and does not require a response. Monsanto denies the remaining allegations in the paragraph 13.

14. In response to the allegations in paragraph 14, Monsanto admits that IARC issued a Monograph regarding glyphosate in March, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen. In response to the remaining allegations in paragraph 14, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves. Monsanto denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.

15. In response to the allegations in the first sentence of paragraph 15, Monsanto states that the referenced studies speak for themselves and do not require a response. To the extent that the allegations in the first sentence of paragraph 15 characterize the meaning of the referenced studies, Monsanto denies those allegations. Monsanto states that the allegations in the second sentence of paragraph 15 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 15 and therefore denies those allegations. In response to the remaining allegations in paragraph 15, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves. Monsanto denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer.

16. In response to the allegations in paragraph 16, to the extent the allegations purport to characterize statements made in the IARC monograph for glyphosate, the statements in that document speak for themselves. Monsanto denies that there is any reliable scientific evidence that

exposure to glyphosate or Roundup®-branded products can cause cancer and denies that IARC conducted any "objective statistical analysis."

17. Monsanto denies the allegations in the first sentence of paragraph 17. In response to the allegations in the second sentence of paragraph 17, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in the second sentence of paragraph 17 go beyond a restatement of the cited documents, Monsanto denies the allegations in the second sentence of paragraph 17. In response to the allegations in the third sentence of paragraph 17, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data and that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies. Monsanto admits the allegations in the fourth sentence of paragraph 17. The remaining allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18. Monsanto denies the allegations in the first sentence of paragraph 18. In response to the remaining allegations in paragraph 18, Monsanto states that the referenced studies speak for themselves and do not require a response. To the extent that the remaining allegations in paragraph 18 characterize the meaning of the referenced studies, Monsanto denies those allegations.

19. The allegations in paragraph 19 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

20. Monsanto denies the allegations in the first sentence of paragraph 20. In response to the remaining allegations in paragraph 20, Monsanto states that the referenced studies speak for themselves and do not require a response. To the extent that the remaining allegations in paragraph 20 characterize the meaning of the referenced studies, Monsanto denies those allegations.

21. Monsanto denies the allegations in paragraph 21.

22. Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic. Monsanto otherwise denies the allegations in paragraph 22.

23. Monsanto denies the allegations in paragraph 23.

24. Monsanto denies the allegations in paragraph 24.

25. Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 25.

26. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 concerning plaintiff's claimed use of and/or exposure to Roundup®-branded products and therefore denies those allegations. Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling. The remaining allegations in paragraph 26 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

27. Monsanto denies the allegations in paragraph 27.

28. Monsanto denies the allegations in paragraph 28.

29. In response to the allegations in paragraph 29, Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling, that glyphosate repeatedly has been found to be safe to humans and the environment by regulators in the United States and around the world, and that it has labeled glyphosate products as approved by regulatory bodies consistent with those findings.

30. In response to the allegations in the first sentence of paragraph 30, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic. In response to the remaining allegations in paragraph 30, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and

Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen. Monsanto denies the remaining allegations in paragraph 30.

31. Monsanto denies the allegations in paragraph 31.

32. Monsanto denies the allegations in paragraph 32. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

33. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies those allegations.

34. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies those allegations.

35. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 35 and therefore denies those allegations. Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

36. Monsanto incorporates by reference its responses to paragraphs 1 through 35 in response to paragraph 36 of plaintiff's Complaint.

37. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 37 and therefore denies those allegations. The allegations in the second sentence of paragraph 37 set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 37.

38. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 38 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 38.

39. The allegations in the first sentence of paragraph 39 set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 39.

40. The allegations in the first sentence of paragraph 40 set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 40.

41. Monsanto denies the allegations in paragraph 41, including each of its subparts.

42. Monsanto denies the allegations in paragraph 42.

43. In response to the allegations in paragraph 43, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 43, including that Roundup®-branded products have "dangerous characteristics."

44. The allegations in the first sentence of paragraph 44 set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 44.

45. Monsanto denies the allegations in paragraph 45.

46. Monsanto denies that Roundup®-branded products are defective in any respect and, therefore, denies the allegations in paragraph 46.

47. Monsanto denies the allegations in paragraph 47.

48. Monsanto incorporates by reference its responses to paragraphs 1 through 47 in response to paragraph 48 of plaintiff's Complaint.

49. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 49 and therefore denies those allegations. The remaining allegations in paragraph 49 set forth conclusions of law for which no response is required.

50. The allegations in the first and second sentences of paragraph 50 set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph

50. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

51. Monsanto denies the allegations in paragraph 51.

52. Monsanto denies the allegations in paragraph 52. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

53. Monsanto denies the allegations in paragraph 53. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

54. Monsanto denies the allegations in paragraph 54. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

55. The allegations in the first sentence of paragraph 55 set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 55.

56. Monsanto denies the allegations in paragraph 56.

57. Monsanto denies the allegations in paragraph 57. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March, 2015.

58. The allegations in the first sentence of paragraph 58 set forth conclusions of law for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 58 regarding plaintiff's claimed use of Roundup®-branded products or plaintiff's claimed reliance and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 58.

59. Monsanto denies the allegations in paragraph 59. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

60. Monsanto denies the allegations in paragraph 60. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

61. Monsanto denies the allegations in paragraph 61.

In response to the allegations in the section of the Complaint entitled "PRAYER FOR RELIEF," Monsanto demands that judgment be entered in its favor and against plaintiff and that plaintiff's Complaint be dismissed, with prejudice, and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. Plaintiff's claims against Monsanto are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3. Plaintiff's claims against defendants are misjoined and should be severed.

4. Venue may be inconvenient and has been improperly alleged.

5. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

6. Plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7. Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

8. Plaintiff's claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

9. Plaintiff's claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

10. Plaintiff's claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11. Plaintiff's claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12. Plaintiff's claims against Monsanto are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

13. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

14. All or part of plaintiff's claims against Monsanto are barred by the applicable statutes of limitations, statutes of repose, jurisdictional time limits, or any other limitations on the period of time within which to file suit, whether in this or any other state.

15. Plaintiff may not recover on the claims against Monsanto pleaded in the Complaint because the damages sought are too speculative and remote.

16. Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims against Monsanto in whole or in part.

17. If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

18. Monsanto had no legal relationship or privity with plaintiff and owed no duty to him by which liability could be attributed to it.

19. Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff. If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

20. Plaintiff's claims against Monsanto are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

21. Plaintiff's claims for exemplary damages against Monsanto are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Washington Constitution, the Virginia Constitution, the Louisiana Constitution, and/or other applicable state constitutions.

22. Plaintiff's claims for punitive, exemplary, and/or aggravated damages against Monsanto are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Washington law, Virginia law, Louisiana law, and/or other applicable state laws.

23. Plaintiff's claims for punitive, exemplary, and/or aggravated damages against Monsanto are barred and/or limited by operation of state and/or federal law, including Va. Code Ann. § 801-38.1 and La. Rev. Stat. § 9:2800.52, *et seq*.

24. Plaintiff's claims against Monsanto are barred in whole or in part by the contributory/comparative negligence of plaintiff. Alternatively, any judgment entered in favor of plaintiff should be reduced by an amount commensurate with plaintiff's relative degree of fault in causing the alleged injuries and damages.

25. Plaintiff's claims against Monsanto are barred in whole or in part by plaintiff's failure to mitigate damages.

26. Plaintiff's claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

27. In the event that plaintiff receives a settlement from any party or non-party for the injuries described in the Complaint, Monsanto is entitled to a full set-off for the amount of each such settlement.

28. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

29. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

30. Plaintiff has failed to allege fraud with sufficient particularity.

31. Plaintiff's claims against Monsanto are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

32. Plaintiff's claims against Monsanto are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

33. To the extent that plaintiff recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

34. Plaintiff's strict liability claims are barred because Virginia does not recognize a cause of action for strict liability in tort.

35. Plaintiff's common law claims are barred, in whole or part, by application of Wash. Rev. Code §§ 7.72.010-.060.

36. Plaintiff's common law claims are barred, in whole or part, by application of Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. Ann. § 9:2800.51 *et seq.*

37. If this case is governed by the exclusive provisions of the Louisiana Products Liability Act (La. R.S. 9:2800.51, et seq.) ("LPLA"), any theories of recovery that fall outside of the LPLA's provisions are therefore subject to dismissal. Monsanto affirmatively pleads the applicability of the LPLA and specifically avers that plaintiff is not entitled to recovery under any of the exclusive theories of liability set forth in the Act. Monsanto specifically avers that the product possessed no characteristic that rendered it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA (La. R.S. 9:2800.54). Monsanto asserts all allowable defenses under the LPLA, La. R.S. 9:2800.51, *et seq.*, including but not limited to the applicability of La. R.S. 9:2800.59(A)(1), (2), (3), and (B). Should plaintiff recover under any claims under the LPLA, a recovery of attorney's fees for plaintiff is barred under the provisions of that statute.

38. Monsanto has no liability to plaintiff under any theory of redhibition to the extent that plaintiff failed to tender any product allegedly sold by Monsanto that allegedly contained a redhibitory defect and has not made an amicable demand upon Monsanto.

39. Monsanto has no liability to plaintiff under any theory of redhibition to the extent that plaintiff has waived plaintiff's redhibition rights.

40. Plaintiff's claims for punitive damages are barred under Louisiana Civil Code Article 3546.

41. Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

42. Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED: December 17, 2021                Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: /s/Jennise W. Stubbs
   Jennise W. Stubbs
   600 Travis Street, Suite 3400
   Houston, TX 77002-2926
   Telephone: (713) 227-8008
   Facsimile: (713) 227-9508
   Email: jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

## CERTIFICATE OF SERVICE

I certify that on the 17th day of December 2021, I electronically transmitted the foregoing **MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs