JOHN J. ROSENTHAL
Winston & Strawn LLP
jrosenthal@winston.com
1901 L Street NW
Washington, DC 20036
Tel:  (202) 282-5000
Fax:  (202) 282-5100

BRIAN STEKLOFF
Wilkinson Stekloff LLP
bstekloff@wilkinsonstekloff.com
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4030
Fax: (202) 847-4005

*Attorneys for Defendant*

(*Additional counsel listed on signature page*)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT GILMORE, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>MONSANTO COMPANY,<br><br>    Defendant. | MDL No. 2741<br><br>Case No. 3:21-cv-08159<br><br>**DEFENDANT MONSANTO COMPANY'S OPPOSITION TO PROPOSED INTERVENORS' ADMINISTRATIVE MOTION FOR SHORTENED TIME**<br><br>Date: January 6, 2022<br>Time: 10:00 A.M.<br>Place: Via Zoom Webinar<br>Judge: Hon. Vincent G. Chhabria |

With their counsel facing the risk of losing the potential for a significant fee award in their separate Missouri state-court case, proposed intervenors Ryan Tomlinson and Carol Richardson ("Proposed Intervenors") have been attempting for months to upend a fair and reasonable nationwide settlement of Plaintiffs' economic-loss claims.[1]  Proposed Intervenors' request to intervene to oppose a procedural motion seeking a suggestion of remand is meritless, and their eleventh-hour request to shorten the time for hearing on that motion even more so.  Proposed

---

[1] *See, e.g.*, Dkts. 39-41, 45, 54.

1

Intervenors' assertion that their motion to shorten time would not affect the briefing schedule for their motion to intervene is simply wrong and ignores this Court's Standing Order in Civil Cases. Likewise, Proposed Intervenors' assertion that they would be prejudiced by denial of the motion to shorten time is without merit: as Monsanto will explain further in its opposition to the motion to intervene, Proposed Intervenors have no interest (aside from forum-shopping) in the venue in which settlement approval proceeds, and they seek only to disrupt settlement efforts.

This Court should deny Proposed Intervenors' motion to shorten time on several grounds.

1. Absent leave of court, pretrial motions "must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the motion." Civ. L.R. 7-2(a).

2. Proposed Intervenors' argument that their motion to shorten time would not affect the "deadlines for opposition and reply" on their motion to intervene (Dkt. No. 77 ¶ 8) is wrong. This Court's Standing Order for Civil Cases ("Standing Order") requires filing the final brief for any motion "at least 14 days prior to the hearing on the motion." Standing Order ¶ 39. Thus, if the Court granted the motion to shorten time, Proposed Intervenors' reply brief would be due by December 23, 2021. But under the Local Rules, the Parties' *oppositions* to the motion to intervene are not due until December 28, 2021. Civ. L.R. 7-3(a). Reply briefs would be due on January 4, 2022—just two days before Proposed Intervenors' suggested hearing date. Civ. L.R. 7-3(c) The proposed shortening of time would therefore prejudice either the Parties, by requiring a shortened time for briefing, or the Parties *and* the Court, by requiring a shortened time to prepare for hearing.

3. "Good cause is required" before a motion to shorten time will be granted. *Belinda K. v. Baldovinos*, 2011 WL 335315, at *2 (N.D. Cal. Feb 1, 2011). Courts evaluating requests to shorten the time for hearing on a motion "primarily consider[] the diligence of the party seeking the amendment. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. City of Los Angeles*, 2020 WL 2048619

(C.D. Cal. Feb. 25, 2020) (*quoting Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-9 (9th Cir. 1992)).

4. Proposed Intervenors' assertion that they have good cause because they would have "had to file a motion for intervention within approximately 48 hours of the parties' Motion for Suggestion of Remand" (Dkt. No. 77 ¶ 9) is baseless. The Parties stated their intention to seek suggestion of remand in a November 12 filing with this Court. Dkt. No. 69. Proposed Intervenors have thus been on notice since at least that date—more than a month before their motions to intervene and shorten time were filed—that they would have to move to intervene if they wished to respond to a motion for suggestion of remand.

5. Even if Proposed Intervenors had no notice of the Parties' intent to seek suggestion of remand (and they did), it was not diligent to wait until December 14 to file their motion to intervene. Nothing required Proposed Intervenors to file that motion concurrently with their proposed opposition to suggestion of remand. Indeed, they had already sought intervention before the transferor court, and much of the language of their current motion is lifted from that prior motion. *Compare* Dkt. 39 with Dkt. 78. Instead of proceeding diligently, they waited until the day a response to the motion for suggestion of remand was due—in the process, requiring the Parties to file oppositions by the Tuesday after Christmas weekend. And they did not even raise the issue with Monsanto until just a day before filing.[2]

6. Even if they arguably needed more than 48 hours (and ignoring that they were on notice weeks before), Proposed Intervenors did not need weeks to repurpose arguments they have already briefed in this case, so they did not act with diligence in filing their motion.

7. If anything, Proposed Intervenors' authority cuts against their position. *Ahanchian v. Xenon Pictures, Inc.*, for example, teaches that "an exceptionally constrained deadline" was good cause to *extend* the deadline when "counsel acted conscientiously throughout the litigation." 624

---

[2] At the very least, Proposed Intervenors could have filed their administrative motion to shorten time well before December 14 so that the Parties would at least have clarity on the schedule rather than being required to rush out briefing to multiple motions immediately before Christmas.

F. 3d 1253, 1259-60 (9th Cir. 2010). Proposed Intervenors, however, have not acted with diligence, and seek to *shorten* the time for (1) the Parties to prepare for argument on their motion to intervene, and (2) this Court to review the papers in advance of the January 6 hearing.

8. Proposed Intervenors' claim that they will be prejudiced if they are not allowed to rush into the January 6, 2021 hearing is also without support. They seek to intervene for the sole and specific purpose of objecting to remand. But they have no legitimate interest in the venue where this case will proceed. This is betrayed by Proposed Intervenors' own arguments, which touch only briefly upon the propriety of remand, instead focusing primarily on baseless allegations that the settlement was the result of a collusive "reverse auction." *See* Dkt. No. 78 at 8. But Proposed Intervenors can make their (baseless) objections to the substance and fairness of the proposed settlement in the transferor court just as well as this Court, as Monsanto will explain in greater detail in its forthcoming opposition to intervention.

9. Because Proposed Intervenors have not shown diligence, this Court should find that no good cause exists to support expedited consideration of their Motion to Intervene. This Court should therefore deny Proposed Intervenors' Motion to Shorten Time.

Respectfully submitted,

/s/ Shawn R. Obi

JOHN J. ROSENTHAL
Winston & Strawn LLP
jrosenthal@winston.com
1901 L Street NW
Washington, DC 20036

JEFF WILKERSON
Winston & Strawn LLP
jwilkerson@winston.com
300 S. Tryon Street, 16th Floor
Charlotte, NC 28202

SHAWN R. OBI
Winston & Strawn LLP
sobi@winston.com
333 S. Grand Ave., 38th Floor
Los Angeles, CA 90071

BRIAN STEKLOFF
Wilkinson Stekloff LLP
bstekloff@wilkinsonstekloff.com
2001 M Street NW, 10th Floor
Washington, DC 20036

RAKESH KILARU
Wilkinson Stekloff LLP
rkilaru@wilkinsonstekloff.com
2001 M Street NW, 10th Floor
Washington, DC 20036

*Counsel for Monsanto Company*