GILLIAN L. WADE (State Bar No. 229124)
MARC A. CASTANEDA (State Bar No. 299001)
Milstein, Jackson Fairchild & Wade, LLP
gwade@mjfwlaw.com
mcastaneda@mjfwlaw.com
10990 Wilshire Blvd., 8th Floor
Los Angeles, CA 90024
Tel: (310) 396-9600
Fax: (310) 396-9635

JOEL OSTER
Oster Law Firm
Of Counsel to the Law Offices of Howard Rubinstein
joel@osterlaw.com
22052 W. 66th St. #192
Shawnee, Kansas 66226

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Gilmore v. Monsanto Company,*<br><br>Case No. 3:21-cv-08159 | MDL No. 2741<br>Case No. 3:21-cv-08159<br><br>**PLAINTIFFS' REPLY TO INTERESTED PARTY BRIAN WEBB'S OPPOSITION TO JOINT MOTION FOR SUGGESTION OF REMAND**<br><br>Date:    January 6, 2022<br>Time:   10:00 a.m.<br>Place:   Via Zoom Webinar<br>Judge:  Hon. Vince G. Chhabria |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ..................................................................................................................1

ARGUMENT ..........................................................................................................................2

    I.    The Court Should Suggest That Remand to the Delaware District Court is Appropriate ...............................................................................................................2

        A.  The Parties Are Not Seeking a Stay of Personal Injury or Medical Monitoring Cases. ............................................................................................................2

        B.    Existence of Some Factual Overlap Is Minimal.......................................................4

        C.    Remand is Convenient for the Parties ..................................................................6

CONCLUSION.......................................................................................................................7

# **TABLE OF AUTHORITIES**

**Cases** *Page*

*Ezcurra v. Monsanto Co.* (11th Cir., Sept. 3, 2021)
   No. 20-13341 ................................................................................................................. 4

*Harnish v. Widener Univ. Sch. Of Law* (3d Cir. 2016)
   833 F.3d 298 .................................................................................................................. 5

*In re Airline "Age of Employee" Emp't Practices Litig.* (J.P.M.L. 1980)
   483 F. Supp. 814 ............................................................................................................ 4

*In re Biomet M2a Magnum Hip Implant Prods. Liab. Litig. (MDL 2391)* (N.D. Ind. Sept. 6, 2018)
   2018 U.S. Dist. LEXIS 226693 ..................................................................................... 2

*In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Mktg. & Sales Pracs. Litig.* (J.P.M.L. 2016)
   190 F. Supp. 3d 1349 ..................................................................................................... 5

*Tomlinson v. Monsanto Co.* (Jackson Cty, Mo. Jul. 20, 2021)
   No. 1916-CV22788 ........................................................................................................ 4

*U.S. ex rel. Eisenstein v. City of New York, New York*, , 933 (2009)
   556 U.S. 928 .................................................................................................................. 1

*Weeks v. Home Depot USA, Inc.* (9th Cir. Jun. 29, 2021)
   No. 2:1-cv-06780- JWH-AS ......................................................................................... 4

**Rules**

28 U.S.C. § 1407 ................................................................................................................. 6

Fed. R. Civ. P. 23 ................................................................................................................ 6

# INTRODUCTION

Plaintiffs Scott Gilmore, Julio Ezcurra, James Weeks, Amanda Boyette, Anthony Jewell, Paul Taylor, Sherry Hanna, and Kristy Williams (the "*Gilmore* Plaintiffs") hereby submit this Reply to Interested Party[1] Brian Webb's ("Mr. Webb") Brief in Opposition to the Joint Motion for Suggestion of Remand, Dkt. No. 72. Mr. Webb contends this Court is in the best position to determine issues of class settlement preliminary approval because the proposed settlement stands to release or stay significant portions of the claims in the MDL. But the Parties have made clear the MDL claims, which seek relief for personal injuries and economic loss stemming from such injuries, are not within the scope of the release and would not be stayed by the proposed settlement. Mr. Webb further argues remand would be inconvenient. But the *Gilmore* Plaintiffs have already moved for approval in the District of Delaware, under Third Circuit law, and the settlement—which does *not* implicate the issues of causation or injury central to this MDL—will swiftly provide significant financial benefits to class members should it be approved. Remaining in this Court would only delay settlement-approval proceedings and payments to the settlement class. In any event, any inconvenience to a non-party like Mr. Webb is not relevant to whether this action should remain in this Court.

The JPML acknowledged Mr. Webb's original motion to transfer this action to the MDL posed a "close question." Dkt. No. 65 at 3. However, it is ultimately *this Court* that "is best placed to determine whether the proposed [] settlement will affect the actions and claims in the MDL."

---

[1] Mr. Webb identifies only as an "interested party" and has not moved to intervene nor is a party to this action. The Court should decline to consider his opposition brief on these grounds. *See U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 933 (2009) ("[I]ntervention is the requisite method for a nonparty to become a party to a lawsuit.")

*Id.* at 3. The *Gilmore* Plaintiffs submit the Court should determine that "the continued inclusion of *Gilmore* is not warranted . . . [and] suggest remand with a minimum of delay." *Id.*

## ARGUMENT

**I.     The Court Should Suggest That Remand to the Delaware District Court is Appropriate.**

The Court should suggest remand because this matter does not "benefit from inclusion in the coordinated or consolidated pretrial proceedings [] and the remaining case-specific issues are best left to decision by the courts that will try the cases." *In re Biomet M2a Magnum Hip Implant Prods. Liab. Litig. (MDL 2391)*, No. 3:12-MD-2391, 2018 U.S. Dist. LEXIS 226693, at *3 (N.D. Ind. Sept. 6, 2018). Here, the only issue that would be considered by the transferor court—whether the proposed settlement is fair, reasonable, and adequate—is case-specific and not being litigated in this MDL. Notably, Mr. Webb fails to establish that (1) any case in the MDL would be stayed as a result the proposed settlement and (2) the existence of factual overlap between *Gilmore* and the MDL would result in the release of any pending claim in this MDL.[2] Moreover, Mr. Webb fails to adequately establish that remand would be inconvenient for the Parties.

**A.     The Parties Are Not Seeking a Stay of Personal Injury or Medical Monitoring Cases**

In the transferor court, the Parties filed a Motion to Stay Related Proceedings (the "Motion to Stay") in conjunction with their preliminary approval motion. Dkt. Nos. 32-33. The Motion to

---

[2] The Panel did not pass on the question of whether the proposed settlement "will directly impact plaintiffs and claims in MDL No. 2741" or "operate[] to release a significant portion of claims in the MDL actions." JPML Dkt. No. 2488 at *1. Rather, it determined that this Court is "best placed to determine whether the proposed Gilmore class settlement will affect the actions and claims in the MDL." *Id.* at *3. For the reasons set forth in this brief and the moving papers, the Court should find the proposed settlement will not substantially affect the cases in the MDL.

Stay sought a stay of all pending or future state and federal proceedings asserting *Released Claims*. Dkt. Nos. 33 at 1. The term "Released Claims," as defined in the proposed settlement agreement, includes any claims against Monsanto Company ("Monsanto") for false or misleading advertising, breach of contract or warranty, and any other claim for economic loss (in connection with the Settlement Class Member's purchase of the Products) related to Roundup's health risks. Dkt. No. 59-1 at ¶ (L)(1). It explicitly *does not* include Personal Injury Claims,[3] Medical Monitoring Claims,[4] or any losses, economic or otherwise, flowing therefrom. *Id.* Such claims, accordingly, would not be subject to the Motion to Stay. Dkt. No. 64 at 1 & n.2 ("[A]s the Parties have repeatedly made clear … they are *not* seeking a stay of personal-injury claims, including Movants' claims…. Movants' reading of the Settlement Agreement and the Parties' requested stay is especially untenable because … it would mean that thousands of cases in the Roundup Products Liability MDL No. 2741 would also be surreptitiously stayed. That is *not* what the Parties have asked for and it is not their intent.").

---

[3] Defined as "Claims that assert a right to recover damages for the actual physical injury or illness of a natural person or that seek to recover compensatory, punitive, or exemplary damages, or attorney's fees, allegedly resulting or arising from the actual physical injury or illness of a natural person, including, for example, claims for mental or physical pain or suffering; emotional or mental harm; loss of enjoyment of life; loss of wages, income, earnings, or earning capacity; medical expenses; doctor, hospital, nursing, or drug bills; loss of support, services, consortium, companionship, society, or affection; damage to familial relations; and wrongful death and survival actions. It is expressly contemplated that a cause of action could include both Claims that are Personal Injury Claims and Claims that are not Personal Injury Claims." Dkt. No. 59-1 in case 1:20-cv-01085-MN, at ¶ (A)(41).

[4] Defined as "Claims that seek to require, or recover damages amounting to the costs of, medical monitoring or screening for potential physical injury or illness of a natural person. It is expressly contemplated that a cause of action could include both Claims that are Medical Monitoring Claims and Claims that are not Medical Monitoring Claims." Dkt. No. 59-1 in case 1:20-cv-01085-MN, at ¶ (A)(32).

Importantly, any action asserting both a Personal Injury Claim or Medical Monitoring Claim *and* a Released Claim—i.e., a claim for economic damages arising from the purchase of the Product—would not be stayed, but the Released Claims would be released per the settlement's terms (unless the plaintiff opted out). Of course, as set forth below, that is not the case here, as Mr. Webb has not even suggested that his own case presents such a scenario. Moreover, all active, related cases regarding similar claims of economic loss related to the marketing and sale of Monsanto's consumer Roundup® products of which the Parties are aware have already been stayed by the courts in which they are venued. Order for Stay, *Tomlinson v. Monsanto Co.*, No. 1916-CV22788 (Jackson Cty, Mo. Jul. 20, 2021) (staying proceedings pending settlement proceedings in this matter); Order, *Ezcurra v. Monsanto Co.*, No. 20-13341 (11th Cir., Sept. 3, 2021) (*same*); *Weeks v. Home Depot USA, Inc.*, No. 2:1-cv-06780- JWH-AS (9th Cir. Jun. 29, 2021), Dkt. No. 19 (temporarily closing the docket for administrative purposes to facilitate settlement). But even to the extent any case in the MDL asserted Released Claims, the plaintiff would only be barred from pursuing Release Claims and the entire case would not be subject to the requested stay. The risk of a stay barring, in whole or in part, any action in the MDL is nonexistent or negligible.

**B.     Existence of Some Factual Overlap Is Minimal.**

Remand is appropriate because individual, rather than common, factual questions predominate as to the issues of causation and injury. *See In re Airline "Age of Employee" Emp't Practices Litig.*, 483 F. Supp. 814, 817 (J.P.M.L. 1980) (consolidation and transfer are not justified where individual, rather than common, factual questions predominate); *see also In re Quaker Oats Maple & Brown Sugar Instant Oatmeal Mktg. & Sales Pracs. Litig.*, 190 F. Supp. 3d 1349, 1350 (J.P.M.L. 2016) ("These putative nationwide class actions without doubt share some factual

questions, but we find that those questions are neither sufficiently complex nor numerous to justify centralization."). The *Gilmore* Plaintiffs do not dispute the existence of certain overlapping issues pertaining to Monsanto's marketing, labeling, and sale of Roundup without any disclosures as to its health risks. But the MDL plaintiffs allege that they were physically harmed by the products, and must prove their use of Roundup and related exposure to glyphosate caused them to develop cancer and/or other personal injuries. The *Gilmore* Plaintiffs, on the other hand, disclaim any physical harm and allege only that they paid more for a product than they would have but for Monsanto's omissions. Dkt. No. 22 at ¶¶ 134-35; *see also Harnish v. Widener Univ. Sch. Of Law*, 833 F.3d 298, 308 (3d Cir. 2016) (economic damages under "benefit-of-the-bargain" theory is available under the DCFA). Proving such overpayment requires economic evidence like the hedonic-regression damages model used by the *Gilmore* Plaintiffs in briefing their preliminary approval motion before the Delaware District Court. *See generally* Sharp Supp. Decl., Dkt. No. 35, the "Sharp Report."  As stated in the moving papers, the *Gilmore* Plaintiffs' injuries are related to the injury incurred at the point of purchase (by the purchaser), as opposed to any injury stemming from exposure to Roundup *after* purchase (regardless of who purchased it).

Mr. Webb argues the Released Claims in the proposed settlement overlap with the MDL claims, necessitating retention of *Gilmore* in this MDL. Dkt. No. 72 at 6-8. Misconstruing the settlement agreement, Mr. Webb suggests all MDL claims asserting economic losses would be released or otherwise affected by *Gilmore*. Although the proposed settlement releases claims for false or misleading advertising, breach of contract or warranty, and any other claim for economic loss arising from the alleged health effects of Roundup or any of its ingredients, Personal Injury and Medical Monitoring Claims are excluded, **including claims for economic damages stemming**

5

*from personal injury*. Dkt. No. 59-1 at (L)(1). This is unambiguous in the proposed settlement,[5] which further provides that any plaintiff in the MDL claiming economic damages for lost wages or medical bills would not be affected by the release. *Id.* The *Gilmore* action seeks purely economic damages related to the purchase price of certain Roundup products. Dkt. No. 22 at ¶ 134-35. Any overlap between *Gilmore* and the MDL claims as to injury, again, is nonexistent or negligible and does not justify keeping this action in the MDL.

### C. Remand is Convenient for the Parties

Lastly, Mr. Webb argues keeping *Gilmore* in the MDL is convenient because it will allow the parties in the MDL to weigh in on the motions for certification and approval without having to move to intervene. Dkt. No. 72 at 8. But the convenience of a *non-party,* like Mr. Webb, in seeking to weigh in on a class action settlement, is irrelevant to the question of remand. *See* 28 U.S.C. § 1407 (transfer shall be ordered upon determination it serves "the convenience of **parties** and witnesses") (emphasis added). In any event, Rule 23 provides the ability for class members like Mr. Webb to object or opt out, which applies regardless of the venue in which this case proceeds. Fed. R. Civ. P. 23(C)(2)(b), (e)(5).

As stated in the moving papers, remaining in the MDL is inconvenient for the Parties, who have settled this matter under the auspices of Third Circuit law and moved for preliminary approval under Third Circuit law. Re-briefing the issues already extensively briefed before the transferor court would only delay settlement-approval and payments to the settlement class.

---

[5] Mr. Webb contends the Parties' interpretation of the proposed settlement agreement should be rejected based on the alleged "collusive nature" of the settlement. Dkt. No. 72 at 6-7. These allegations are unfounded, unsupported, and irrelevant to the issue of remand. In any event, Plaintiffs' interpretation of the proposed settlement agreement is consistent with the plain language set forth therein.

## CONCLUSION

For all these reasons and those set out in Plaintiffs' opening brief, this Court should grant this motion requesting a suggestion of remand of this action to the United States District Court for the District of Delaware.

Dated: November 21, 2021

By: */s/ Gillian L. Wade*

GILLIAN L. WADE
MARC A. CASTANEDA
Milstein, Jackson Fairchild & Wade, LLP
gwade@mjfwlaw.com
mcastaneda@mjfwlaw.com
10990 Wilshire Blvd., 8th Floor
Los Angeles, CA 90024

JOEL OSTER
Oster Law Firm
Of Counsel to the Law Offices of Howard Rubinstein
joel@osterlaw.com
22052 W. 66th St. #192
Shawnee, Kansas 66226

*Attorneys for Plaintiffs Scott Gilmore, James Weeks, Paul Taylor, Sherry Hanna, Amanda Boyette, Julio Ezcurra, Anthony Jewell, and Kristy Williams*