**MALBROUGH FIRM, LLC**
Trey J. Malbrough
Bar Number: ASB-2898-R46M
Age Herald Building
2107 Fifth Avenue North, Suite 301
Birmingham, Alabama 35203
Telephone:  (205) 701-0707
Facsimile:  (205) 820-0123
Email:  trey@tmbfirm.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741<br>)<br>) Case No. 3:16-md-02741-VC<br>) |
| THIS DOCUMENT RELATES TO: | )<br>) **PLAINTIFFS' REPLY TO MONSANTO'S**<br>) **RESPONSE TO MOTION TO REMAND**<br>) ***HAYES* CASE** |
| *Michael Randy Hayes, et al. v. Monsanto Company, et al.*, | )<br>)<br>) Date:        January 6, 2022 |
| Case No. 3:21-cv-00965-VC | ) Time:        10:00 a.m.<br>) Courtroom:  4<br>) |

## <u>PLAINTIFF'S REPLY TO MONSANTO'S RESPONSE TO MOTION TO REMAND</u>

Defendant Monsanto's notice of removal is procedurally defective.  Monsanto attempts to fix this hole by alleging fraudulent joinder.  The defendants at issue were properly joined and served, and Monsanto's removal was untimely.

**I.      The Notice of Removal is Untimely and Defective and Monsanto Relies on a Sham "Document" for Late Removal**

The affidavit dated November 3, 2020, was generated in the District Court case for the sole purpose of attempting to resurrect a 30-day removal period under 28 U.S.C. § 1446(b)(3).  It is therefore improper in light of the Ninth Circuit's holding that orders and other papers must be part of the state court record. *Peabody v. Maud Van Cortland Hill Schroll Tr.*, 892 F.2d 772,775 (9th Cir. 1989); Lozano v. GPE Controls, 859 F.Supp. 1036, 1038 (S.D. Tex. 1994)(`Other paper' within the meaning of § 1446(b) refers to papers that are generated within the specific state proceeding which has been removed to federal court.); Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3731 (Rev. 4th ed. 2019) ([Documents] not generated within the state litigation generally are not recognized as `other papers,' that can start a 30-day removal period under Section 1446(b).)

As the relevant inquiry looks to whether removal was appropriate at the time of removal, all other affidavits and materials submitted in support of Monsanto's Response for the purpose of a searching inquiry into the merits of the plaintiff's case should be stricken and/or disregarded.

Additionally, Monsanto did not obtain the consent of Defendant Sheffield Light & Power Co., a "properly joined" defendant as required by 28 U.S.C. § 1446(b)(2)(C).

## II.  Plaintiffs Make Viable Claims against Viable Defendants

Without waiving any other arguments, Plaintiff shows the following in support of viable claims.  "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).

To establish fraudulent joinder under the second theory, a defendant must show that an "individual joined in the action cannot be liable on any theory." *Id.* (quoting *Richey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). This is a "heavy burden"- "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (quoting *Hunter*, 582 F.3d at 1046). A finding of fraudulent joinder is inappropriate "where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Id.*

Monsanto argues that Sheffield Light & Power Co. was fraudulently joined because Hayes cannot establish a cause of action against Sheffield Light & Power Co.  Hayes asserted a claim of negligence, among others, against Sheffield Light & Power Co., an existing Alabama corporation of public record, properly served and proper on the face of the pleadings.

Plaintiffs' claims, including negligence, against Sheffield Utilities, are also viable.  *See Hilliard v. City of Huntsville Electric Utility Board*, 599 So. 2d 1108, 46 A.L.R. 5th 839 (Ala. 1992) (electric utility company may be held liable for negligence).

Sheffield Utilities is a public corporation and a distinct legal entity from the City of Sheffield.  *See Water Works Bd. of Leeds v. Huffstutler*, 292 Ala. 669, 677, 299 So. 2d 268, 276

(1974) (adopting the order of the trial court, which stated that a water board was "'an entity separate and independent from the city which it serves'"); *City of Mobile v. Cochran*, 276 Ala. 530, 532, 165 So. 2d 81, 83 (1964) (stating that a municipal corporation and a public corporation like a water-works board are "distinct, separate and independent corporations").

The City of Sheffield chose to create a separate corporate entity, and codified its decision: "ARTICLE III. - UTILITIES BOARD Sec. 62-56.

The management and control of the municipal waterworks system, electric distribution system, natural gas system and sewage treatment plant of the city shall be carried on by a utilities board created, appointed and performing the functions as hereinafter prescribed. This board shall be known and referred to as the utilities board of the city."  Art. III, Sec. 62-56 (Sheffield Code 1957, § 22-1; Ord. of 5-19-1936, § 1; Ord. of 10-19-1937, § 1; Ord. of 9-11-1973) (*Ex. 1*)

Public corporations engaging in municipal functions are entities separate and independent from the cities they serve. The court (See (*Williams v. Water Works & Gas Board*, 519 So. 2d 470 (Ala. 1987) (Rejecting the argument that the fact that the supplying of water is a municipal function makes the Board a municipality and noting that by incorporating the Board for operation of the water and gas systems, the city has elected to create an entity separate from the municipality. (citing *Water Works Board v. Huffstutler*, 292 Ala. 669, 299 So. 2d 268 (1974) and *Mobile v. Cochran*, 276 Ala. 530, 165 So. 2d 81 (1964).

The City of Sheffield created and empowered this entity, Sheffield Utilities, to "govern and control in the administration and operation of the municipal utilities of the city."  Article III, Sec. 62-57. (Sheffield Code 1957, § 22-2; Ord. of 5-19-1936, § 2; Ord. of 10-19-1937, § 2; Ord. of 9-11-1973; Ord. of 10-23-1980; Ord. No. 93-1025B, 10-25-1993) (*Ex. 1*)

Sheffield Utilities was created and empowered to hire, pay, and fire its own employees (like Plaintiff Randy Hayes): "Article III. Sec. 62-60. - Employees. The utilities board shall have the power to employ, fix the compensation of and discharge such employees as are necessary to carry on the functions of the utilities board." (Sheffield Code 1957, § 22-5; Ord. of 5-19-1936, § 6; Ord. of 10-19-1937, § 5; Ord. of 9-11-1973) (*Ex. 1*)

The City of Sheffield created and empowered this entity, Sheffield Utilities, to have "full and complete supervision, management and control of the electric distribution system, of the city, including the administration, maintenance, operation and extension thereof." Article IV, Sec. 62-85 (Sheffield Code 1957, § 22-14; Ord. of 10-19-1937, § 4). (*Ex. 1*)

There exists in this case far more than a mere possibility that an Alabama state court would find that the complaint states a cause of action against any of the resident defendants. the federal court must find that the joinder was proper and remand the case to the state court."

**CONCLUSION**

For the foregoing reasons, and for those reasons set out in Hayes' initial brief, the Court should find that the removal was procedurally defective and/or that joinder was proper and remand this case to the Colbert County Circuit Court.

DATED:  December 22, 2021.                    Respectfully submitted,

                                              /s/ **Trey J. Malbrough**
                                              Trey J. Malbrough
                                              Bar Number: ASB-2898-R46M
                                              The Malbrough Firm LLC
                                              Age Herald Building
                                              2107 Fifth Avenue North, Suite 301
                                              Birmingham, Alabama 35203
                                              Telephone:  (205) 701-0707
                                              Facsimile:  (205) 820-0123
                                              Email:  trey@tmbfirm.com

                                              Attorney for Plaintiffs