UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Denkins v. Monsanto*, Case No. 20-cv-03301<br><br>*Garza v. Monsanto*, Case No. 20-cv-06988 | **PRETRIAL ORDER NO. 261: ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS**<br><br>Re: Dkt. Nos. 10 (*Denkins*), 12 (*Garza*);<br><br>MDL Dkt. Nos. 13432, 13498 |

The plaintiffs must present at least one admissible expert opinion to support their contention that Roundup was the specific cause of their NHL. *See* Pretrial Order No. 85 (dkt. 2799). The plaintiffs in the *Denkins* and *Garza* actions – both of whom are represented by Houssiere, Durant & Houssiere in Houston – have not served (or otherwise stated an intention to serve) an expert report on specific causation, even though the deadline for doing so passed months ago. Perhaps this is because no expert was willing to opine that Roundup causes Denkins' and Garza's NHL. Or perhaps it is because the lawyers from the Houssiere firm committed malpractice by failing to secure a specific causation expert. Either way, since neither plaintiff offers evidence that Roundup specifically caused their NHL, Monsanto's motions for summary judgment on specific causation grounds must be granted. Plaintiffs' counsel are ordered to read this ruling out loud to their clients, and to send them a written copy. They must file a detailed declaration under penalty of perjury within seven days of this ruling describing how they did so. After that, judgment will be entered in favor of Monsanto in these two cases.

2

**IT IS SO ORDERED.**

Dated: December 29, 2021

VINCE CHHABRIA
United States District Judge