UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Blair v. Monsanto*, Case No. 19-cv-07984<br><br>*Koen v. Monsanto*, Case No. 20-cv-03074 | **PRETRIAL ORDER NO. 263: GRANTING MOTIONS TO EXCLUDE WAVE 3 SPECIFIC CAUSATION EXPERTS DRS. KATZ AND SCOLA** |

In Pretrial Order No. 85, the Court explained that under Ninth Circuit law, experts have "wide latitude" in developing their opinions. But "wide latitude" does not mean that an expert's opinion can be untethered to a reliable methodology. The opinions of Dr. Katz (*Blair*) and Dr. Scola (*Koen*) are not the product of reliable principles or methodologies, and so the Court grants Monsanto's motions to exclude both experts.

**I.**

Dr. Katz's opinion that Roundup was the substantial cause of Blair's NHL is not the product of a reliable methodology. Specific causation experts in this MDL have generally applied a "differential diagnosis." Under a differential diagnosis, an expert "rules in" potential causes of a plaintiff's NHL and then "rules out" all the causes that appear unlikely, leaving the likely cause (or causes) of the disease. In his 7-page expert report, Katz does not explain the methodology he applies, but it is clear from his report and his deposition testimony that he does not reliably apply the differential diagnosis. A differential diagnosis requires "ruling in" and then ruling out risk factors for NHL other than Roundup, but Katz does not perform this analysis.

He does not discuss risk factors apart from Roundup that could have caused Blair's NHL, including Blair's BMI or exposure to other chemicals. Katz thus has no reliable basis to opine that Blair's exposure to Roundup "more likely than not" caused his lymphoma because he has not reliably accounted for—much less ruled out—other potential causes of the disease.

## II.

Dr. Scola's opinion that "it is possible that glyphosate exposure contributed to [Koen's] diagnosis of NHL" is not admissible. Dkt. 19-5 at 6. Similar to Katz, Scola does not identify any methodology that he uses to reach his opinions, and it is clear from his report and deposition testimony that he does not "rule in" or "rule out" any other potential causes of Koen's NHL. His report contains no discussion of Koen's medical history apart from his diagnosis or NHL, nor does it discuss any other risk factors that could have potentially caused the NHL. *See* Dkt. 19-2 at 108:23-111:22. Scola testified at his deposition that the only variable that he investigated in any detail was Koen's exposure to Roundup. *Id*. at 110:1-4. By his own admission, he did not meaningfully consider other potential causes. *See id.* at 170:21-171:4.

Moreover, Scola's conclusion that "it is possible" glyphosate contributed to Koen's NHL carries significant risk of misleading the jury—Scola is not opining that it is more probable than not that Roundup caused Koen's NHL (which is the burden Koen must meet), rather he is doing no more than opining that it could have been a cause. Allowing Scola to offer this opinion risks misleadingly implying that Roundup was the cause of Koen's NHL, even though no reliable methodology supports that finding. The risk of confusing the jury outweighs any value of this testimony.

**IT IS SO ORDERED.**

Dated: January 3, 2022

_____
VINCE CHHABRIA
United States District Judge