UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br>*Gilmore v. Monsanto*, Case No. 21-cv-08159 | **PRETRIAL ORDER NO. 265: DENYING MOTION SEEKING SUGGESTION OF REMAND**<br>Re: Dkt. No. 70 |

In October 2021, the Judicial Panel on Multidistrict Litigation (JPML) concluded that it was appropriate to transfer a consumer-protection class action that originated in the District of Delaware (the *Gilmore* action) to this MDL. The *Gilmore* action both differs from and overlaps with the claims that predominate this MDL. The *Gilmore* action is based on an economic loss theory (*i.e.* that consumers overpaid for Roundup because Monsanto did not disclose the alleged cancer risk) while the MDL claims primarily involve personal injury theories (*i.e.* that Monsanto's failure to disclose the alleged cancer risk caused plaintiffs to suffer harm). In other words, while the legal theories are different, the factual allegations are fundamentally the same: both cases stem from Monsanto's failure to disclose the cancer risks allegedly posed by Roundup.

The *Gilmore* plaintiffs and Monsanto move the Court for an order suggesting to the JPML that the *Gilmore* action be transferred back to the District of Delaware. Their primary argument is efficiency. They argue that a nationwide settlement has been reached in the *Gilmore* action and that a motion for preliminary approval of the settlement, which was briefed under Third Circuit law, is pending in the District of Delaware. They argue that litigating the action

here will not produce any efficiency gains as it would require re-briefing the motion for preliminary approval of settlement under Ninth Circuit law, which could delay recovery for the class.

However, as the JPML pointed out, the argument that there are no possible efficiency gains here presupposes that the settlement is approved. If the settlement is not approved, the parties in the *Gilmore* action may benefit from proceeding here, where claims against Monsanto have been litigated for over five years. Moreover, given its role in adjudicating the claims against Monsanto in the MDL, the Court is well situated to evaluate the proposed settlement. The interest of achieving a fair resolution for all parties subject to the *Gilmore* settlement offsets any efficiencies that may be gained by transferring the case back to the District of Delaware.

Accordingly, the motion seeking an order suggesting remand (dkt. 70) is denied, and the motions seeking to intervene (dkt. 78) and to shorten the time for briefing (dkt. 77) are denied as moot (with the understanding, of course, that parties affected by the proposed settlement will be able to object to the agreement). Per the parties' stipulation (dkt. 69), the parties shall "promptly propose" a schedule for briefing the motion for preliminary approval. The schedule shall include a deadline for filing any objections to the proposed settlement and for filing any replies to any objections.

**IT IS SO ORDERED.**

Dated: January 4, 2022

_____
VINCE CHHABRIA
United States District Judge