UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: | **PRETRIAL ORDER NO.** 267 **: GRANTING MOTION TO REMAND** |
| *Moore v. Monsanto*, Case No. 20-cv-01010 | Re: Dkt. No. 25; MDL Dkt. No. 9602 |

  John Thomas Moore filed suit against Monsanto, Helena Agri-Enterprises, and CAF Coop in Alabama state court for injuries that he allegedly suffered as a result of his use of Roundup. Monsanto removed the case to federal court after deposing Moore. While there is no dispute that Moore and CAF Coop are both Alabama citizens for purposes of diversity jurisdiction, Monsanto argues that CAF Coop was fraudulently joined because Moore's deposition testimony establishes that Moore has no possibility of prevailing on his claims against CAF Coop. Moore's motion to remand is granted.

  Monsanto's removal motion rests on Alabama's Innocent Seller statute, which broadly states that "[n]o product liability action may be asserted … against any distributor, wholesaler, dealer, retailer or seller of a product" unless at least one of four exceptions applies. Ala. Code § 6-5-521.

  The parties do not dispute that Moore alleges "product liability actions" or that CAF Coop is a distributor and retailer within the meaning of the Innocent Seller statute. But they do dispute whether the independent acts exception applies. Under this exception, a distributor may be liable for "independent acts unrelated to the product design or manufacture, such as

independent acts of negligence, wantonness, warranty violations, or fraud." *Id*. (b)(4).  Here, Moore contends that CAF Coop committed several different independent acts that remove it from the protection of the Innocent Seller statute.

Remand is required because at least one of Moore's independent act theories is viable. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).  In particular, Moore may be able to state a claim for negligence against CAF Coop.  Moore alleges that CAF Coop advised him on how to apply Roundup, but it was negligent because it failed to instruct Moore to wear appropriate safety gear and take other precautions, even though it knew or should have known of the risks that Roundup posed.  Monsanto argues that Moore cannot possibly state this claim because (1) Moore testified that he had no reason to believe that CAF Coop employees withheld safety information from him and (2) a declaration from a CAF Coop board member and a CAF Coop manager both state that they had no awareness of the safety risks posed by Roundup from 1980–1986 (which was the period that Moore picked up Roundup from CAF Coop).

Monsanto's evidence does not establish that Moore cannot state a negligence claim against CAF Coop.  Moore's prospect might be dim if this were a motion for summary judgment.  But the question here is only whether "there is a *possibility*" for Moore to pursue a viable negligence claim.  *Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (original emphasis).  While the evidence submitted in connection with the remand motion certainly favors Monsanto, Monsanto has not presented the "extraordinarily strong evidence" required to demonstrate that Moore cannot pursue a claim along these lines.  *See Grancare, LLC*, 889 F. 3d at 548.  None of the evidence that Monsanto presents forecloses the possibility that Moore may be able to develop evidence that CAF Coop employees were aware of the risks that Roundup posed and that they failed to disclose those risks.

Monsanto also argues that none of CAF Coop's alleged acts amount to "independent acts" under the Innocent Seller statute because "none are unrelated to the product design or manufacture."  But Monsanto does not cite any binding case law that clearly supports this argument.  Accordingly, because there is a possibility that CAF Coop's alleged conduct could be

considered an independent act, the argument provides no basis for remand.  *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) ("Because it is not obvious according to the settled rules of the state that Hunter has failed to state a claim against ACC … we cannot find that the joinder was fraudulent.").

Each party shall bear their own fees because Monsanto had an objectively reasonable basis for seeking removal.  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  The Clerk of Court is directed to remand this case to The Circuit Court of Dallas County, Alabama.

**IT IS SO ORDERED.**

Dated: January  6 , 2022

VINCE CHHABRIA
United States District Judge