UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 16-md-02741-VC |
| This document relates to: | **PRETRIAL ORDER NO.** 268 **: GRANTING MOTION TO REMAND** |
| *Mowry v. Monsanto Co., et. al*, Case No. 20-cv-05536 | Re: Dkt. No. 30; MDL Dkt. 11980 |

Phillip Mowry's motion to remand is granted because Monsanto has not established that Mowry does not have a viable claim against non-diverse defendant Harwell's Green Thumb Nursery, Inc. (Harwell's).

Mowry sued Monsanto and Harwell's in Alabama state court after he developed NHL allegedly as a result of using Roundup that he purchased at Harwell's, a local nursery. While Mowry alleges multiple causes of action against Harwell's, the primary theory underlying his claims is that Harwell's employees knew or should have known of the undisclosed risks that Roundup allegedly posed, but they failed to communicate those risks to him, and, in some cases, affirmatively represented that the product was safe.

Mowry's case against Monsanto and Harwell's proceeded for almost one year in Alabama state court before Monsanto removed the case to federal court. Monsanto's removal motion is based on discovery that it claims "firmly establishes that Plaintiff has no reasonable possibility of prevailing in any of his claims against Harwell's." Specifically, Monsanto relies on (1) Harwell's interrogatory responses which were completed by Harwell's President, Charles Harwell and (2) a declaration from Charles Harwell. Monsanto argues that this discovery

establishes that Harwell's relied on the EPA's approval of Roundup and always understood Roundup to be safe; that it did not make any specific representations about the safety of Roundup; and that it never intentionally concealed or misled Mowry about Roundup's safety.

The evidence that Monsanto offers does not establish that Harwell's "cannot be liable under any theory." *Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (*quoting Richey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).  When a defendant relies on materials beyond the pleadings to establish fraudulent joinder, they must "present[] extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant." *Id*.  Monsanto does not meet its burden here.  Monsanto's arguments—which rely heavily on facts and case law—are the type of arguments that are inappropriate in the context of fraudulent joinder.  *See id.* ("We have declined to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal.").  Resolving Monsanto's arguments would require the Court to wade into a thicket of disputed facts and law, and arguments requiring that type of "searching inquiry" do not provide a basis for remand.  *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) ("Because it is not obvious according to the settled rules of the state that Hunter has failed to state a claim against ACC … we cannot find that the joinder was fraudulent.").

Even assuming the Court could undertake the "searching inquiry" that evaluation of Monsanto's arguments requires, the evidence does not definitively establish that Plaintiff has no claims against Harwell's.  For example, it does not establish that there were no Harwell's employees who were aware of the risks posed by Roundup, but who failed to disclose the risks or made affirmative representations to Mowry about the product's safety.  Indeed, Monsanto's notice of removal recognizes that Mowry alleges that one of Harwell's employees told Mowry that Roundup was "safe for use" and "effective."  Notice of Removal (dkt. 1) at 5.  Monsanto contends that the employee did not know of any risks posed by Roundup, but it offers no "extraordinarily strong evidence" to support that contention.  Harwell's President may not have

been aware of the risks posed by Roundup until 2018, but he does not have foundation to testify to what his employees were and were not aware of.  Thus, remand is separately warranted because there is at least a "possibility" that additional evidence may support Mowry's claims against Harwell's.  *Grancare, LLC*, 889 F.3d at 548.

Each party shall bear their own fees because Monsanto had an objectively reasonable basis for seeking removal.  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  The Clerk of Court is directed to remand this case to the Circuit Court of Montgomery County, Alabama.

**IT IS SO ORDERED.**

Dated: January  6 , 2022

VINCE CHHABRIA
United States District Judge