**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax:  202-847-4005

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax:  202-942-5999

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax:  202-682-1639

*Attorneys for Defendant Bayer AG*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: | |
| *Ralph Applegate v. Bayer AG*, Case No. 3:19-cv-06800-VC | **DEFENDANT BAYER AG'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS** |
| | Date:         February 24, 2022 |
| | Time:         10:00 a.m. |
| | Courtroom:  4 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on February 24, 2022, at 10:00 a.m. in Courtroom 4 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Bayer AG will move this Court for an order, pursuant to Rule 12(c), Rule 12(b)(5), and Rule 12(b)(2) of the Federal Rules of Civil Procedure dismissing this lawsuit because: (1) Plaintiff Ralph Applegate cannot satisfy his burden of establishing that he properly effected service of process on Bayer AG as required by applicable law; or (2) in the alternative, he cannot satisfy his burden of establishing that this Court can assert personal jurisdiction over Bayer AG in this case.

DATED:  January 10, 2022

William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax:  202-942-5999

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
WILKINSON STEKLOFF LLP
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax:  202-847-4005

Respectfully submitted,

/s/ *Eric G. Lasker*

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax:  202-682-1639

*Attorneys for Defendant Bayer AG*

## **TABLE OF CONTENTS**

Page

Introduction And Issues To Be Decided ....................................................................................... 1

Factual Background And Procedural History ............................................................................... 2

Legal Standards Regarding Motions For Judgment On The Pleadings ........................................ 4

Argument ....................................................................................................................................... 4

I. The Court Should Dismiss This Lawsuit Because Plaintiff Cannot Satisfy His Burden Of Establishing That He Effected Proper Service Of Process On Bayer AG Via The Hague Service Convention, As Required By Ohio Law Governing Service Of Process ........................................................................................................................ 4

II. In The Alternative, The Court Should Grant This Motion Because Plaintiff Cannot Satisfy His Burden Of Establishing That Due Process Principles Allow This Court To Assert Personal Jurisdiction Over Bayer AG In This Case .......................................... 6

　A. Plaintiff has not established, and cannot establish, that this Court can assert general personal jurisdiction over Bayer AG because it is a German company that is not "at home" in Ohio ....................................................................................... 7

　B. Plaintiff has not established, and cannot establish, that this Court can assert specific personal jurisdiction over Bayer AG because it did not engage in any "suit-related conduct" that created a substantial connection with Ohio ........................ 9

Conclusion ................................................................................................................................... 14

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Ackermann v. Levine*,
  788 F.2d 830 (2d Cir. 1986) ............................................................................................... 5

*In re "Agent Orange" Prod. Liab. Litig.*,
  818 F.2d 145 (2d Cir.1987) ................................................................................................ 2

*BNSF Railway Co. v. Tyrrell*,
  137 S. Ct. 1549 (2017) ............................................................................................... 1, 6, 8

*In re Boon Global Ltd*,
  923 F.3d 643 (9th Cir. 2019) .............................................................................................. 7

*Bristol-Myers Squibb v. Superior Ct.*,
  137 S. Ct. 1773 (2017) ........................................................................................... 6, 10, 12

*Brockmeyer v. May*,
  383 F.3d 798 (9th Cir. 2004) .............................................................................................. 5

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ................................................................................................. *passim*

*Dworkin v. Hustler Magazine, Inc.*,
  867 F.2d 1188 (9th Cir. 1989) ............................................................................................ 4

*In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig.*,
  497 F. Supp. 3d 552 (N.D. Cal. 2020) ............................................................................... 2

*KSH Properties, Inc. v. PC Mktg., Inc.*,
  No. C13-6008 BHS, 2015 WL 1481542 (W.D. Wash. Mar. 31, 2015) ....................... 5, 10

*Menken v. Emm*,
  503 F.3d 1050 (9th Cir. 2007) ............................................................................................ 7

*Monkton Ins. Servs., Ltd. v. Ritter*,
  768 F.3d 429 (5th Cir. 2014) .............................................................................................. 8

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999) ............................................................................................................ 4

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*,
  484 U.S. 97 (1987) .............................................................................................................. 5

*Park v. Carson Mineral Hot Springs LLC*,
  No. C09–5433RJB, 2010 WL 5185421 (W.D. Wash. Dec. 16, 2010) ............................... 5

*Perkins v. Benguet Consol. Mining Co.*,
    342 U.S. 437 (1952) .................................................................................................... 8

*Ruhrgas AG v. Marathon Oil Co.*,
    526 U.S. 574 (1999) .................................................................................................... 6

*Rush v. Savchuk*,
    444 U.S. 320 (1980) .................................................................................................. 12

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ....................................................................................... 7

*Usatorres v. Marina Mercante Nicaraguenses, S.A.*,
    768 F.2d 1285 (11th Cir. 1985) ................................................................................... 5

*Walden v. Fiore*,
    571 U.S. 277 (2014) ............................................................................................ *passim*

*Whidbee v. Pierce Cnty.*,
    857 F.3d 1019 (9th Cir. 2017) ..................................................................................... 1

### State Cases

*Richardson v. Clinical Computing P.L.C.*,
    69 N.E.3d 754 (Ohio Ct. App. 2016) ........................................................................... 5

*Ward v. Ludwig*,
    778 N.E.2d 650 (Ohio Ct. App. 2002) ......................................................................... 5

### Statutes

28 U.S.C. § 1407 ................................................................................................................ 2

Ohio Rev. Code Ann. § 2307.382(C) ................................................................................. 6

### Other Authorities

Hague Convention on Service Abroad of Judicial and Extrajudicial Documents,
    Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 ............................................... *passim*

Federal Rules of Civil Procedure Rule 12(b) ................................................................ 4, 5

Federal Rules of Civil Procedure Rule 12(b)(2) ................................................................ 4

Federal Rules of Civil Procedure Rule 12(b)(5) ............................................................ 4, 5

Federal Rules of Civil Procedure Rule 12(c) ..................................................................... 4

Ohio R. Civ. P. 4.5 ............................................................................................................. 5

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction And Issues To Be Decided

This *pro se* lawsuit was initially filed by Plaintiff Ralph Applegate against one defendant, Bayer AG, in Ohio state court; was removed to the United States District Court for the Southern District of Ohio; was transferred to these multidistrict litigation ("MDL") proceedings; and was designated by this Court as one of the Wave 4 cases. Plaintiff also has a different Wave 4 lawsuit pending in these MDL proceedings that asserts claims against Monsanto Company ("Monsanto").

When Plaintiff filed this lawsuit against Bayer AG – which is a German company – he failed to effect service of process on Bayer AG as required by Ohio law and the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention"), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638. Instead, Plaintiff sent the Summons and Complaint, by mail addressed to Bayer AG, to an address in Pennsylvania that is not Bayer AG's address. Thus, he cannot satisfy his burden of establishing that he properly served Bayer AG in accordance with Ohio law and the Hague Service Convention, so the Court should dismiss this lawsuit on that basis and need not rule on the alternative argument summarized below.[1]

In the alternative, this lawsuit should be dismissed because Plaintiff cannot satisfy his burden of establishing that this Court can assert personal jurisdiction over Bayer AG in this case. The Court does not have general personal jurisdiction over Bayer AG because it is not "at home" in Ohio within the meaning of *Daimler AG v. Bauman*, 571 U.S. 117 (2014), and *BNSF Railway*

---

[1] Ohio state law (not federal law governing service of process) is the correct focus of Bayer AG's insufficient-service-of-process argument because Plaintiff attempted to serve Bayer AG before this case was removed to federal court. *See, e.g.*, *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) ("When a case is removed from state court to federal court, the question whether service of process was sufficient prior to removal is governed by state law.").

*Co. v. Tyrrell*, 137 S. Ct. 1549 (2017). Moreover, the Court does not have specific personal jurisdiction over Bayer AG for the claims asserted in this case because Bayer AG did not engage in any "suit-related conduct" that "create[d] a substantial connection with [Ohio]." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).[2]

## Factual Background And Procedural History

In December 2017, Plaintiff filed a lawsuit (not the one at issue in this motion) against Monsanto in the Court of Common Pleas of Franklin County, Ohio. That lawsuit seeks damages for personal injuries – non-Hodgkin's lymphoma ("NHL") – allegedly caused by Plaintiff's exposure to Roundup®-branded herbicides. In January 2018, Monsanto removed that lawsuit to the United States District Court for the Southern District of Ohio. Monsanto subsequently filed tagging papers with the Judicial Panel on Multidistrict Litigation ("JPML"), which led the JPML to transfer that lawsuit to this Court. That lawsuit is pending in this Court as Civil Action No. 3:18-cv-03363-VC. Plaintiff allegedly was exposed to Roundup®-branded herbicides in 2008 and 2009 and allegedly was diagnosed with NHL in May 2009. Complaint Against Monsanto ¶ 24, No. 3:18-cv-03363-VC, ECF No. 1-1. Monsanto's answer in that lawsuit does not assert defenses for improper service or lack of personal jurisdiction. *See* Monsanto's Answer at 16-19, No. 3:18-cv-03363-VC, ECF No. 3.

---

[2] Ohio (not California) is the correct focus of Bayer AG's lack-of-personal-jurisdiction argument because, in these MDL proceedings, this Court is permitted to assert personal jurisdiction over Bayer AG only if the transferor district court in Ohio could have asserted personal jurisdiction over Bayer AG. *See In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig.*, 497 F. Supp. 3d 552, 674 (N.D. Cal. 2020) ("In MDL actions such as this one, the court is entitled to exercise personal jurisdiction over each defendant only to the same degree that the original transferor court could have"); *see also, e.g.*, *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 163 (2d Cir.1987) (stating that transfers based on 28 U.S.C. § 1407 are "'not encumbered by considerations of in personam jurisdiction" and that, "'[f]ollowing a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer'") (quoting *In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976)).

In August 2019, Plaintiff filed the lawsuit at issue in this motion in the Court of Common Pleas of Franklin County, Ohio against Bayer AG (and no other defendants).  Although the pro se Complaint is hard to understand, it seeks damages for NHL allegedly caused by Roundup®-branded herbicides.  *See* Complaint Against Bayer AG ¶¶ 3, 17-24, No. 3:19-cv-06800-VC, ECF No. 1-1.  Plaintiff "seeks damages far in excess of $75,000," *id*. ¶ 13, and requests a court-ordered settlement in the total amount of $16,000,000, *id*. ¶ 27.

Bayer AG is, and was when this lawsuit was filed, a German stock company with its principal place of business in Germany.  Bayer AG's Notice of Removal ¶ 6, No. 3:19-cv-06800-VC, ECF No. 1 ("Removal Notice").  In August 2019, after filing this lawsuit, Plaintiff attempted to serve Bayer AG by sending the Summons and Complaint, by mail addressed to Bayer AG, to an address in Pittsburgh, Pennsylvania of an indirect subsidiary of Bayer AG.  *Id*. ¶ 10.  That Pittsburgh address – 100 Bayer Road – is not, was not during 2019, and has not been for many years before 2019 Bayer AG's address.  *See* Declaration of Keith R. Abrams ¶ 5 ("Abrams Declaration") (filed this same date).[3]  At no time from January 1999 to the present has Bayer AG had an office in Pittsburgh or a registered agent for service of process in Pittsburgh.  *See* Abrams Declaration ¶ 5.  Instead, Bayer AG's address currently is, was during 2019, and has been for many years before 2019 in Leverkusen, Germany.  *See* Abrams Declaration ¶ 6; *see also* Removal Notice ¶ 6 (discussing Bayer AG's principal place of business).  Plaintiff did not serve the Summons and Complaint on Bayer AG in Germany via the Hague Service Convention (or any other means of purported service).

In September 2019, Bayer AG timely removed this lawsuit to the United States District

---

[3] Using the search feature of the Pennsylvania Department of State's website regarding corporations located in Pennsylvania (https://www.corporations.pa.gov/search/corpsearch (last visited January 7, 2022)) shows no record for Bayer AG, which further supports the conclusion that Bayer AG does not have a Pittsburgh address.

3
BAYER AG'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS
3:16-md-02741-VC & 3:19-cv-06800-VC

Court for the Southern District of Ohio.  Soon after filing the Removal Notice, Bayer AG filed an answer that asserted, among other defenses, insufficient service of process and lack of personal jurisdiction.  Bayer AG's Answer at 4, No. 3:19-cv-06800-VC, ECF No. 3.

In October 2019, the JPML transferred this lawsuit to this Court.

This Court included this lawsuit and Plaintiff's lawsuit against Monsanto in work-up Wave 4.  Order Granting Joint Request for Revised Schedule for Wave 4 Cases and Addition of Cases to Wave 4 at 8, ECF No. 13617.

### Legal Standards Regarding Motions For Judgment On The Pleadings

Bayer AG previously filed an answer preserving the defenses at issue here, so Bayer AG files this motion for judgment on the pleadings based on Rule 12(c) of Federal Rules of Civil Procedure, as opposed to filing a pre-answer motion to dismiss based on Rule 12(b)(5) ("insufficient service of process") or Rule 12(b)(2) ("lack of personal jurisdiction").  Rule 12(c) states that, "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."  As the Ninth Circuit has explained, other than the time of filing, Rule 12(b) motions and Rule 12(c) motions "are functionally identical," so "the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog."  *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  Accordingly, this Court should apply the standards (discussed below) that govern Rule 12(b)(5) motions and Rule 12(b)(2) motions when deciding this motion.

### Argument

**I. The Court Should Dismiss This Lawsuit Because Plaintiff Cannot Satisfy His Burden Of Establishing That He Effected Proper Service Of Process On Bayer AG Via The Hague Service Convention, As Required By Ohio Law Governing Service Of Process.**

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."  *Murphy Bros., Inc. v. Michetti Pipe*

*Stringing, Inc.*, 526 U.S. 344, 350 (1999).  Thus, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

When service of process is challenged, the plaintiff has the burden of establishing that service was valid.  *See, e.g.*, *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  Rule 12(b)(5) authorizes a defendant to challenge service of process as insufficient.[4]

In this case, Plaintiff's attempt to effect service of process on Bayer AG was insufficient and invalid because Plaintiff failed to comply with Ohio law governing service of process. Bayer AG is, and was when this lawsuit was filed, a German stock company with its principal place of business in Germany.  *See* Removal Notice ¶ 6; Abrams Declaration ¶ 3.  Germany and the United States of America are both signatories to the Hague Service Convention.  *See Ackermann v. Levine*, 788 F.2d 830, 838 (2d Cir. 1986); *Ward v. Ludwig*, 778 N.E.2d 650, 652 (Ohio Ct. App. 2002); *KSH Properties, Inc. v. PC Mktg., Inc.*, No. C13-6008 BHS, 2015 WL 1481542, at *2 (W.D. Wash. Mar. 31, 2015).  "This ratified treaty [the Hague Service Convention] is now 'the supreme Law of the Land' and every state judge shall be bound by it." *Ward*, 778 N.E.2d at 652 (quoting Clause 2, Article VI, United States Constitution).  Under Ohio law, Plaintiff was required to effect service of process on Bayer AG via the Hague Service Convention.  *See, e.g.*, Ohio R. Civ. P. 4.5(A) (requiring service on a party in a foreign country via Hague Service Convention); *Richardson v. Clinical Computing P.L.C.*, 69 N.E.3d 754, 758 (Ohio Ct. App. 2016) (stating that Rule 4.5 governs "[s]ervice of process on a party in a foreign country"); *Ward*, 778 N.E.2d at 651 (holding that "compliance with the Hague Service

---

[4] Bayer AG properly preserved its insufficient-service-of-process defense by asserting that defense in its Answer, because that was Bayer AG's first responsive pleading and was not preceded by a Rule 12(b) motion.  *See* Rule 12(b); *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1287 (11th Cir. 1985); *Park v. Carson Mineral Hot Springs LLC*, No. C09–5433RJB, 2010 WL 5185421, at *5 (W.D. Wash. Dec. 16, 2010).

Convention is mandatory for service of process by an American upon a German citizen even when . . . the German citizen has actual notice of a legal proceeding"), 653 (holding that plaintiff "had to follow . . . the Hague Service Convention" to effect service of process on German defendant).

There can be no dispute that the Hague Service Convention applies here and that Plaintiff's attempt to effect service of process on Bayer AG – by mailing the Summons and Complaint to a Pittsburgh address that is not Bayer AG's address, *see supra* page 4 & note 3 – did not comply with the Hague Service Convention.  Accordingly, Plaintiff cannot satisfy his burden of establishing that he properly served Bayer AG, so the Court should dismiss the Complaint on that basis.

## II. In The Alternative, The Court Should Grant This Motion Because Plaintiff Cannot Satisfy His Burden Of Establishing That Due Process Principles Allow This Court To Assert Personal Jurisdiction Over Bayer AG In This Case.

Personal jurisdiction is "an essential element" of a court's jurisdiction, "without which the court is powerless to proceed to an adjudication."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quotation marks omitted).  In and after 2014, the Supreme Court issued rulings that established new due process protections for defendants regarding general personal jurisdiction and clarified due process protections for defendants regarding specific personal jurisdiction.  *See Bristol-Myers Squibb v. Superior Ct.*, 137 S. Ct. 1773 (2017); *BNSF Railway*, 137 S. Ct. 1549; *Daimler*, 571 U.S. 117; *Walden*, 571 U.S. 277.  As discussed in more detail below, there are two kinds of personal jurisdiction: "general jurisdiction" (or "all purpose jurisdiction") and "specific jurisdiction" (or "case-linked jurisdiction").  *Walden*, 571 U.S. at 283 n.6; *see Bristol-Myers Squibb*, 137 S. Ct. at 1779-80; *Daimler*, 571 U.S. at 126-27.[5]

---

[5] Ohio's long-arm statute was amended in 2021 to expand its scope to reach the personal jurisdiction limits set by the United States Constitution.  *See* Ohio Rev. Code Ann. § 2307.382(C) ("In addition to a court's exercise of personal jurisdiction under division (A) of this section, a

When a defendant challenges an assertion of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has personal jurisdiction over the defendant. *See, e.g.*, *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). If the defendant's motion "is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts," *Schwarzenegger*, 374 F.3d at 800 (quotation marks omitted), and the court is required to inquire into whether the plaintiff's "pleadings and affidavits make a prima facie showing of personal jurisdiction," *id*. (quotation marks omitted). Establishing a prima facie showing of jurisdictional facts is "not [a] toothless" standard, and the "party asserting jurisdiction cannot simply rest on the bare allegations of its complaint." *In re Boon Global Ltd*, 923 F.3d 643, 650 (9th Cir. 2019)

### A. Plaintiff has not established, and cannot establish, that this Court can assert general personal jurisdiction over Bayer AG because it is a German company that is not "at home" in Ohio.

Due process principles preclude a court from exercising general personal jurisdiction over a nonresident corporation (*i.e.*, a corporation that is "foreign" to the forum State) unless there are "affiliations" between the corporation and the forum State that are "so continuous and systematic as to render [the foreign corporation] essentially at home in the forum State." *Daimler*, 571 U.S. at 133 n.11 (alteration in original; quotation marks omitted); *see id*. at 137 (stating that a corporation is amenable to general personal jurisdiction in a forum "in which the corporation is fairly regarded as at home").

As the Supreme Court held, there are two paradigm bases for asserting general personal

---

court may exercise personal jurisdiction over a person on any basis consistent with the Ohio Constitution and the United States Constitution."). Therefore, this Court should focus only on due process principles (if the Court reaches Bayer AG's lack-of-personal-jurisdiction argument) and need not analyze Ohio's long-arm statute.

jurisdiction over a corporate defendant – namely, "the place of incorporation and [the] principal place of business." *Daimler*, 571 U.S. at 137. Thus, it is "***incredibly difficult*** to establish general [personal] jurisdiction [over a defendant] in a forum other than the [defendant's] place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (citing *Daimler*, 571 U.S. at 137) (emphasis added). Moreover, when the defendant is a corporation located in a foreign country (as was the case in *Daimler* and is the case here as well), the "transnational context of th[e] dispute bears attention," *Daimler*, 571 U.S. at 140, and "[c]onsiderations of international rapport" can "reinforce" the determination that a court in this country cannot assert general personal jurisdiction over such a defendant without running afoul of due process principles, *id*. at 142.

It is undisputed that the two paradigm bases for general personal jurisdiction do not apply here. As a German company that has its principal place of business in Germany, Bayer AG is not "at home" in Ohio within the meaning of the due process principles discussed above because Ohio is neither the place of incorporation nor the principal place of business for Bayer AG. Therefore, there is no basis for this Court to assert general personal jurisdiction over Bayer AG in this case; to do so would exceed the due process limits set by the Supreme Court in *Daimler* and *BNSF Railway*.[6]

---

[6] The *Daimler* Court did "not foreclose the possibility that ***in an exceptional case*** . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 571 U.S. at 139 n.19 (emphasis added; citation omitted). However, the case at issue here is not an "exceptional case." The rare example cited in *Daimler* for this "exceptional case" is a wartime relocation of a defendant's headquarters in the *Perkins* case. *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952) (Philippine Islands corporation that temporarily moved its business operations to Ohio during World War II); *cf. BNSF Railway*, 137 S. Ct. at 1559 (holding that defendant was not subject to general personal jurisdiction in Montana because it was not "so heavily engaged in activity in Montana 'as to render [it] essentially at home' in that State," even though that defendant had "over 2,000 miles of railroad track and more than 2,000 employees in Montana") (alteration in original) (quoting *Daimler*, 571 U.S. at 139). Here, Plaintiff cannot satisfy his burden of proving that his claims against Bayer AG present the kind of exceptional case addressed in *Daimler*.

Although Plaintiff makes certain conclusory allegations in his Complaint that could be interpreted as addressing (at least in part) general personal jurisdiction, they do not comport with the Supreme Court's due process case law and therefore fail to satisfy his burden of establishing that this Court can assert general personal jurisdiction over Bayer AG. The Complaint alleges "personal jurisdiction of Bayer AG who has historically been authorized to conduct business in and from state of Ohio, by way of sale of Bayer aspirin, maintains and carries on systematic and continuous contacts at least by way of Scott's Lawn and Garden, Marysville, Ohio, and Lowe's, regularly transacts business within this judicial district, and regularly avails itself of benefits of this judicial district, as well as other states of our United States." Complaint Against Bayer AG ¶ 14. These allegations are factually incorrect, but, even if they were correct, they fail to satisfy Plaintiff's burden because they are based on an outdated understanding of general-personal-jurisdiction law and are contrary to the current due process standards that govern the general-personal-jurisdiction analysis established by the *Daimler* Court. Due to the *Daimler* ruling, the issue for general personal jurisdiction is no longer whether Bayer AG has "systematic and continuous contacts" with, or "regularly transacts business" in, Ohio. Those allegations are not relevant to determining whether this Court can assert general personal jurisdiction over Bayer AG in this case because the *Daimler* Court rejected the argument that corporations should be subjected to general personal jurisdiction in every state in which they engage in "a substantial, continuous, and systematic course of business." *Daimler*, 571 U.S. at 137-38.

The dispositive issue is whether Bayer AG is "at home" in Ohio. As shown above, Bayer AG is not – and Plaintiff cannot satisfy his burden of establishing that it is – at home in Ohio.

**B. Plaintiff has not established, and cannot establish, that this Court can assert specific personal jurisdiction over Bayer AG because it did not engage in any "suit-related conduct" that created a substantial connection with Ohio.**

Specific personal jurisdiction "is very different" than general personal jurisdiction,

*Bristol-Myers Squibb*, 137 S. Ct. at 1780, because the inquiry required for specific personal jurisdiction (also known as "case-linked jurisdiction") "focuses on the relationship among the defendant, the forum, and the litigation," *Walden*, 571 U.S. at 283-84 (quotation marks omitted); *see also id*. at 283 & n.6 (discussing "minimum contacts" analysis and explaining differences between general and specific personal jurisdiction).  Thus, "[f]or a State to exercise [specific personal] jurisdiction consistent with due process, **the defendant's suit-related conduct must create a substantial connection with the forum State**." *Id*. at 284 (emphasis added); *Bristol-Myers Squibb*, 137 S. Ct. at 1779 (stating that the "primary focus" of a specific-personal-jurisdiction analysis "is the defendant's relationship to the forum State"), 1780 (stating that, for a court to assert specific personal jurisdiction over a nonresident defendant, the lawsuit "must aris[e] out of or relat[e] to the defendant's contacts with the *forum*") (alterations in original; quotation marks omitted).

Moreover, "[d]ue process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant – not the convenience of plaintiffs or third parties," so the Supreme Court "ha[s] consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Walden*, 571 U.S. at 284.  This means that the relationship among the defendant, the forum and the litigation "must arise out of contacts that the defendant *himself* creates with the forum State." *Id*. (emphasis in original; quotation marks omitted).[7]

---

[7] A forum court analyzing whether it can assert specific personal jurisdiction over a nonresident defendant may consider two other elements – whether the defendant performed some act, or other purposefully availed itself of the privilege of conducting activities, in the forum State and whether the exercise of personal jurisdiction is reasonable. *See, e.g.*, *KSH Properties*, 2015 WL 1481542, at *3-4.  A court is allowed to assert specific personal jurisdiction over a nonresident defendant only if all three elements are satisfied.  *See id*.  Thus, if the claims asserted against the nonresident defendant do not arise out of or relate to that defendant's contacts with the forum, then the court is not permitted to assert specific personal jurisdiction over that defendant – and the other two elements need not be considered.  *See, e.g.*, *Walden*, 571 U.S. at 288-91 (focusing

Based on the due process principles discussed above, Plaintiff has not satisfied, and cannot satisfy, his burden of establishing that this Court can assert specific personal jurisdiction over Bayer AG because it did not engage in any "suit-related conduct" that "create[d] a substantial connection with [Ohio]." *Walden*, 571 U.S. at 284.

***First***, to the extent that Plaintiff is seeking damages for NHL allegedly caused in Ohio by his exposure to Roundup®-branded herbicides in Ohio, any such claims involve alleged acts or omissions by ***Monsanto*** that necessarily pre-date Plaintiff's exposure to those herbicides – not suit-related conduct by ***Bayer AG***. Plaintiff's alleged exposure to Monsanto's Roundup®-branded herbicides occurred in 2008 and 2009, and he allegedly was diagnosed with NHL in 2009, *see supra* page 3, but the Bayer AG/Monsanto transaction occurred years later – in 2018, *see* Complaint Against Bayer AG ¶ 15.[8] Plaintiff cannot rely on conduct by Monsanto that allegedly created contacts with Ohio to establish that this Court can assert personal jurisdiction over Bayer AG because: (a) the relationship among the defendant (Bayer AG), the forum (Ohio), and this lawsuit must arise out of contacts that ***Bayer AG itself*** created with Ohio, *see Walden*, 571 U.S. at 284, and (b) the Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between . . . third parties . . . and the forum State," *id*. Any alleged Ohio contacts of a third party (Monsanto) do not give this Court specific personal jurisdiction over Bayer AG because a particularized analysis focused on Bayer AG is required to protect its due process rights. Personal jurisdiction must be

---

on defendant's contacts with forum State and holding, without addressing two other elements of specific-personal-jurisdiction analysis, that district court did not have personal jurisdiction).

[8] The conclusory allegations in Paragraph 15 are incorrect in several respects, including Plaintiff's allegations that the Bayer AG/Monsanto transaction was a "purchase"; that Bayer AG accepts "duty and responsibility" for Monsanto's acts and omissions; and that Bayer AG "consents to negotiate settlements and to be sued in Ohio." However, Plaintiff does correctly allege that the transaction occurred in 2018.

established "as to each defendant over whom a state court exercises jurisdiction," *Bristol-Myers Squibb*, 137 S. Ct. at 1783 (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)), so it is "plainly unconstitutional" for a court to "consider[] the defending parties together and aggregat[e] their forum contacts in determining whether it has [personal] jurisdiction," *Rush*, 444 U.S. at 331-32 (quotation marks omitted). Plaintiff has not established – and cannot establish – that Bayer AG had any control over, or connection to, the Monsanto Roundup®-branded herbicides that he allegedly used in 2008-09 and that allegedly caused his NHL in 2009. Bayer AG did not engage in any suit-related conduct that created a substantial connection with Ohio, so the Court cannot assert specific personal jurisdiction over Bayer AG.

*Second*, Plaintiff's confusing allegations about efforts to contact Bayer AG by e-mail to settle Plaintiff's claims and Bayer AG's supposed bad faith and fraudulent concealment, *see* Complaint Against Bayer AG ¶¶ 1-2, 7-12, 18-24, also fail to satisfy Plaintiff's burden of establishing that Bayer AG engaged in suit-related conduct that created a substantial connection with Ohio. "Settlement" is irrelevant to the standard set forth in *Bristol-Myers Squibb*; "the suit" must "aris[e] out of or relat[e] to the defendant's contacts with the *forum*." 137 S. Ct. at 1780 (alterations in original; quotation marks omitted). "Settlement" has nothing to do with the basis for the lawsuit. In addition, if Plaintiff sent any e-mails to Bayer AG and even if such alleged settlement communications were deemed relevant to the personal jurisdiction analysis (they are not), those communications were initiated *by Plaintiff*, so they were not contacts with Ohio created *by Bayer AG* within the meaning of the due process principles discussed above. Moreover, even if Bayer AG declined to engage in settlement negotiation with Plaintiff, that is not a viable basis to impose liability on Bayer AG – and, more important for the personal jurisdiction issue, that is not a valid basis for this Court to assert personal jurisdiction over Bayer AG for the claims asserted in this case. Declining to engage in settlement negotiations with an

Ohio plaintiff is the *opposite* of consenting to personal jurisdiction in Ohio or engaging in suit-related conduct that created a substantial connection with Ohio.

*Finally*, other parts of the Complaint do not satisfy Plaintiff's burden of establishing that this Court can assert specific personal jurisdiction over Bayer AG for the claims asserted in this case. The mere fact that Plaintiff is an Ohio resident and his other contacts with Ohio do not satisfy his specific-personal-jurisdiction burden. *See, e.g.*, *Walden*, 571 U.S. at 284 (stating that "[d]ue process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant – not the convenience of plaintiffs" and that the Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff . . . and the forum State"). Moreover, his fraudulent concealment allegations, *see, e.g.*, Complaint Against Bayer AG ¶ 24 (alleging that Bayer AG's "continuing concealment of facts that Arsenic and Chromium were ingredients in Roundup proximately caused serious injury to Pro Se Applegate"), also fail to satisfy his burden of establishing that Bayer AG engaged in any suit-related conduct that created a substantial connection with Ohio. As discussed above, Plaintiff's alleged exposure to Monsanto's Roundup®-branded herbicides ended in 2009 and Plaintiff allegedly was diagnosed with NHL in 2009, but the Bayer AG/Monsanto transaction occurred in 2018. Therefore, there is no basis to conclude that any alleged fraudulent concealment regarding Roundup®-branded herbicides *by Bayer AG* in or after 2018 had any impact on injuries that allegedly occurred in 2009. Plaintiff's separate lawsuit against Monsanto that is pending in this Court as part of Wave 4 – not this lawsuit against Bayer AG – is the appropriate case for Plaintiff to try to prove that his NHL was caused by exposure to Roundup®-branded herbicides. Although the Complaint is difficult to parse, that does not mean that the Court should relieve Plaintiff of his due-process-based burden of establishing that this Court can assert personal jurisdiction over Bayer AG for the claims

asserted in this case.[9]

## Conclusion

For the foregoing reasons, the Court should grant this motion and dismiss this lawsuit because Plaintiff cannot satisfy his burden of establishing that he properly effected service of process on Bayer AG via the Hague Service Convention, as required by Ohio law. In the alternative, the Court should dismiss this lawsuit because Plaintiff cannot satisfy his burden of establishing that this Court can assert personal jurisdiction over Bayer AG in this case.

DATED: January 10, 2022

William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: 202-942-5000
Fax: 202-942-5999

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
WILKINSON STEKLOFF LLP
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

Respectfully submitted,

/s/ *Eric G. Lasker*
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, NW
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639

*Attorneys for Defendant Bayer AG*

---

[9] To be clear (lest Plaintiff may misconstrue any arguments set forth above as implicit admissions), Bayer AG denies any liability to Plaintiff; denies his allegations of fraudulent concealment; denies that Bayer AG had any duty to Plaintiff to settle his claims; and denies that Bayer AG engaged in any bad faith conduct regarding his efforts to settle his claims. However, if the Court reaches Bayer AG's lack-of-personal-jurisdiction argument, the Court can and should decide that argument without wading into those issues.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of January, 2022, a copy of the foregoing motion (with the supporting Declaration of Keith R. Abrams) was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record and was sent by first-class mail, postage pre-paid:

    Ralph Applegate
    1544 Zettler Road
    Columbus, OH  43227

                                            /s/ *Eric G. Lasker*
                                            Eric G. Lasker
                                            HOLLINGSWORTH LLP