**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

IN RE: ROUNDUP PRODUCTS ) MDL No. 2741
LIABILITY LITIGATION )
) Case No. 3:16-md-02741-VC
)
This document relates to: ) **UNOPPOSED MOTION[1] FOR**
) **EXTENSION OF DEADLINES IN**
ALL ACTIONS ) **WAVE 4-6 CASES**
)
)

On August 26, 2021, the Court entered deadlines for Wave 4 cases. *See* Dkt. No. 13617. And on September 24, 2021, the Court entered deadlines for Wave 5 and 6 cases. *See* Dkt. Nos. 13819, 13820. Since this time, the Parties have diligently worked towards completing discovery, including conducting depositions on a near-daily basis. An extension of time is necessary for the Wave 4-6 deadlines in light of the Omicron variant of COVID-19. While the Parties factored in the COVID-19 pandemic when agreeing to the current scheduling order, the Omicron variant has presented unexpected challenges. There have been numerous last-minute postponements of plaintiff depositions, including four more in the past 10 days, due to positive COVID-19 tests of deponents and counsel involved in the Wave 4 cases. Further, several plaintiff depositions have been postponed at the last minute due to unexpected complications from treatment, other health issues, or medical appointments that must be attended by plaintiffs. These unanticipated factors have resulted in the slowing down of fact discovery in Wave 4, necessitating additional time. At the time of filing of this motion, over 30 plaintiff depositions still remain outstanding along with over 100 treater depositions.

---

[1] Monsanto has conferred with the Plaintiffs' Leadership Counsel and they do not oppose this motion. Further, Wave IV counsel with 7 or more cases for a total of 84 cases (Charles Boyk Law Offices, LLC; Terrell, Hogan & Yegelwel, P.A.; Chappell, Smith, & Arden, P.A.; O'Brien Law, LLC; Thorton Law Firm LLP; Schlesinger Law Offices, P.A.; Richardson, Patrick, Westbrook & Brickman, LLC; Dutton, Daniels, Hines, Kalkhoff, Cook & Swanson) jointly agree with Monsanto that a 90-day extension is appropriate. Further, Shepherd Law (6 cases); Abbott Law Group (5 cases); and Gallagher & Kennedy (5 cases) all jointly agree with Monsanto that a 90-day extension is appropriate for a total of 100 plaintiffs. Last. Bernheim, Kelley, Battista, Bliss LLC, who has 6 cases, does not oppose this motion for a 90-day extension although they do not join in the motion. Monsanto has not contacted counsel with fewer than 5 cases in Wave IV.

The parties have also had difficulty scheduling treater depositions in the current environment. Specifically, in the past few weeks, there has been (understandable) difficulty in scheduling depositions of treating physicians in Wave 4. For example, approximately 60 treaters in Wave 4 have been contacted for scheduling of depositions. As of the date of filing this motion, only 7 of the approximately 60 treaters have voluntarily provided dates for depositions. This is understandable given the current Omicron wave but the unwillingness of treaters to voluntarily sit for depositions means that Monsanto (or plaintiffs) will need to subpoena each of these treaters for the over 170 plaintiffs in Wave 4. This is unusual for this litigation and at odds with what the parties have seen to date in other waves when normally the vast majority of treaters voluntarily provide dates for their depositions. Further, even when dates are solidified, it is highly likely that many of them will get postponed at the last minute due to Covid-19 positive tests of deponents or counsel. A 90-day extension would allow for the current Omicron wave to subside and give treaters ample time to provide depositions (hopefully, voluntarily).

Therefore, Monsanto respectfully request the Court extend Wave 4-6 deadlines by **ninety (90) days.** For the Court's convenience, Monsanto has outlined the new deadlines in Waves 4-6 and will submit, with this motion, proposed orders for the new deadlines for Waves 4-6.

**Wave 4 Schedule:**

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Plaintiff Fact Sheets (including all relevant authorizations) due for any plaintiffs who have not yet provided them. | 14 days from entry of this order | No change |
| Each plaintiff will provide any medical records in his/her possession and/or his/her counsel's possession to defense counsel. | 14 days from entry of this order | No change |
| Deficiency letter(s) sent. | 4 business days from receipt of PFS | No change |
| Deadline to cure Plaintiff Fact Sheet deficiencies. The parties may file a consolidated letter brief regarding any disputes about whether a deficiency exists. | 7 days from receipt of deficiency letter | No change |
| Close of fact discovery. | 3/11/2022 | 6/9/2022 |
| Plaintiffs' expert reports due. | 3/25/2022 | 6/23/2022 |

- 2 -

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| The parties should file a letter brief identifying any disputes over the applicable state law for the wave 4 cases. For cases where that is undisputed, the parties should file a stipulation identifying the governing state law. | 4/1/2022 | 6/30/2022 |
| Monsanto's expert reports due. | 4/25/2022 | 7/25/2022 |
| Close of expert discovery. | 5/25/2022 | 8/23/2022 |
| Monsanto's *Daubert* and summary judgment briefs due. | 6/8/2022 | 9/6/2022 |
| Plaintiffs' opposition and cross-motions re: *Daubert* and summary judgment due. | 6/22/2022 | 9/20/2022 |
| Monsanto's oppositions and replies re: *Daubert* and summary judgment due. | 6/29/2022 | 9/27/2022 |
| Plaintiffs' replies re: *Daubert* and summary judgment due. | 7/12/2022 | 10/10/2022 |
| *Daubert* hearing (if necessary). | 8/22/2022 | 11/21/2022 |

**Wave 5 Schedule:**

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Plaintiff Fact Sheets (including all relevant authorizations) due for any plaintiffs who have not yet provided them. | 14 days from entry of this order or pursuant to PTO 50, whichever is earlier | No change |
| Each plaintiff will provide any medical records in his/her possession and/or his/her counsel's possession to defense counsel. | 14 days from entry of this order | No change |
| Deficiency letter(s) sent. | 4 business days from receipt of PFS or pursuant to PTO 50, whichever is earlier | No change |
| Deadline to cure Plaintiff Fact Sheet deficiencies. The parties may file a consolidated letter brief regarding any disputes about whether a deficiency exists. | 7 days from receipt of deficiency letter or pursuant to PTO 50, whichever is earlier | No change |
| Close of fact discovery. | 9/12/2022 | 12/12/2022 |
| Plaintiffs' expert reports due. | 9/26/2022 | 12/27/2022 |

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| The parties should file a letter brief identifying any disputes over the applicable state law for the Wave 5 cases. For cases where that is undisputed, the parties should file a stipulation identifying the governing state law. | 10/3/2022 | 1/2/2023 |
| Monsanto's expert reports due. | 10/26/2022 | 1/24/2023 |
| Close of expert discovery. | 12/12/2022 | 3/13/2023 |
| Monsanto's Daubert and summary judgment briefs due. | 1/13/2023 | 4/13/2023 |
| Plaintiffs' opposition and cross-motions re: Daubert and summary judgment due. | 1/27/2023 | 4/27/2023 |
| Monsanto's oppositions and replies re: Daubert and summary judgment due. | 2/3/2023 | 5/4/2023 |
| Plaintiffs' replies re: Daubert and summary judgment due. | 2/17/2023 | 5/18/2023 |
| Daubert hearing (if necessary). | 3/27/2023 | 6/26/2023 |

**Wave 6 Schedule:**

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Plaintiff Fact Sheets (including all relevant authorizations) due for any plaintiffs who have not yet provided them. | 14 days from entry of this order or pursuant to PTO 50, whichever is earlier | No change |
| Each plaintiff will provide any medical records in his/her possession and/or his/her counsel's possession to defense counsel. | 14 days from entry of this order | No change |
| Deficiency letter(s) sent. | 4 business days from receipt of PFS or pursuant to PTO 50, whichever is earlier | No change |
| Deadline to cure Plaintiff Fact Sheet deficiencies. The parties may file a consolidated letter brief regarding any disputes about whether a deficiency exists. | 7 days from receipt of deficiency letter or pursuant to PTO 50, whichever is earlier | No change |
| Close of fact discovery. | 3/13/2023 | 6/12/2023 |
| Plaintiffs' expert reports due. | 3/27/2023 | 6/26/2023 |

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| The parties should file a letter brief identifying any disputes over the applicable state law for the Wave 6 cases. For cases where that is undisputed, the parties should file a stipulation identifying the governing state law. | 4/3/2023 | 7/3/2023 |
| Monsanto's expert reports due. | 4/27/2023 | 7/26/2023 |
| Close of expert discovery. | 5/31/2023 | 8/29/2023 |
| Monsanto's Daubert and summary judgment briefs due. | 6/14/2023 | 9/12/2023 |
| Plaintiffs' opposition and cross-motions re: Daubert and summary judgment due. | 6/28/2023 | 9/26/2023 |
| Monsanto's oppositions and replies re: Daubert and summary judgment due. | 7/7/2023 | 10/5/2023 |
| Plaintiffs' replies re: Daubert and summary judgment due. | 7/21/2023 | 10/19/2023 |
| Daubert hearing (if necessary). | 8/31/2023 | 11/29/2023 |

Because the Monsanto has shown a good faith basis for extending the deadlines, Monsanto requests the Court grant its unpposed motion made pursuant to Federal Rule of Civil Procedure 16(b)(4).

By: */s/ Anthony R. Martinez*
Anthony R. Martinez
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd. Kansas City, MO 64108
Telephone: (816) 474-6550
Fax: (816) 421-5547
amartinez@shb.com

*Attorney for Defendant,*
*MONSANTO COMPANY*

**CERTIFICATE OF SERVICE**

    I hereby certify that, on January 11, 2022 service of this document was accomplished pursuant to the Court's electronic filing procedures by filing this document through the ECF system.

By: */s/ Anthony R. Martinez*
Anthony R. Martinez