GILLIAN L. WADE (State Bar No. 229124)
MARC A. CASTANEDA (State Bar No. 299001)
Milstein, Jackson Fairchild & Wade, LLP
gwade@mjfwlaw.com
mcastaneda@mjfwlaw.com
10990 Wilshire Blvd., 8th Floor
Los Angeles, CA 90024
Tel: (310) 396-9600
Fax: (310) 396-9635

*Attorneys for Plaintiffs*

(*additional counsel listed on signature page*)

JOHN J. ROSENTHAL
Winston & Strawn LLP
jrosenthal@winston.com
1901 L Street NW
Washington, DC 20036
Tel:  (202) 282-5000
Fax:  (202) 282-5100

BRIAN STEKLOFF
Wilkinson Stekloff LLP
bstekloff@wilkinsonstekloff.com
2001 M Street NW, 10th Floor
Washington, DC 20036
Tel: (202) 847-4030
Fax: (202) 847-4005

*Attorneys for Defendant*

(*additional counsel listed on signature page*)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT GILMORE, et al., | MDL No. 2741 |
| Plaintiffs, | Case No. 3:21-cv-08159 |
| vs. | **JOINT ADMINISTRATIVE MOTION TO SET SCHEDULE FOR BRIEFING ON PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND EXTEND THE PAGE LIMIT FOR CERTAIN BRIEFS** |
| MONSANTO COMPANY, | |
| Defendant. | |

Plaintiffs Scott Gilmore, James Weeks, Paul Taylor, Sherry Hanna, Amanda Boyette, Julio Ezcurra, Anthony Jewell, and Kristy Williams ("Plaintiffs") and Defendant Monsanto Company ("Defendant," and together with Plaintiffs, the "Parties") jointly move this Court to set a schedule for the Parties to complete renewed briefing on the Motion for Preliminary Approval of Class Action Settlement and for Certification of the Class for the Purposes of Settlement ("Motion for Preliminary Approval").[1] The settlement would resolve claims by purchasers of consumer Roundup® products alleging that they suffered economic losses as a result of the marketing and advertising of the subject products.

Briefing submitted on these issues before the transferor court was based on Third Circuit law rather than Ninth Circuit law and did not address in detail some of the issues required to be addressed by the Local Rules and this Court's Standing Order for Civil Cases.

The Parties propose the following schedule:

- Renewed Motion for Preliminary Approval:  **Thursday, January 20, 2022**
- Oppositions to Preliminary Approval:  **Thursday, March 3, 2022**
- Replies in Support of Motion for Preliminary Approval:  **Thursday, March 31, 2022**
- Preliminary Approval Hearing:  **Thursday, April 14, 2022**

The above schedule will allow the Parties and any objectors to submit their briefing in an orderly and efficient manner and allow for expeditious consideration of the issues presented. The Parties also request that the Court extend the page limits for briefing, allowing 50 pages for moving papers and oppositions and 35 pages for replies.

---

[1] Counsel for both Parties met and conferred with counsel for proposed intervenors Tomlinson and Richardson before filing the instant motion. Tomlinson's counsel requested four weeks of additional time (the parties had originally proposed a two-week response deadline). Based on the Parties' agreement to this request, Tomlinson and Richardson do not oppose the proposed schedule.

1

I.      **PROCEDURAL BACKGROUND**

On June 14, 2021, following years of false-advertising litigation between Plaintiffs, Monsanto, and major retailers of Monsanto's Roundup® products and a mediation before former United States Magistrate Judge Diane Welsh, the Parties executed a proposed nationwide settlement. The proposed settlement would create a fund between $23 million and $45 million against which Class Members can submit claims for approximately 20 percent of the average retail prices for Roundup® products they purchased during the Class Period. Dkt. No. 26-1.

Plaintiffs filed a motion for preliminary approval with the transferee court (the United States District Court for the District of Delaware) on June 14, 2021, based primarily on law within the Third Circuit.[2]

Tomlinson and Richardson—the named plaintiffs in a class action case pending in Missouri state court—filed a motion to intervene and a proposed opposition to the Motion for Preliminary Approval and the Stay Motion, which the Parties each opposed. Dkt. Nos. 41, 41-1, 41-2, 46-47, 54. Again, all briefing focused on law within the Third Circuit.

Jason Rinehart—the named plaintiff in another class action pending in Missouri—also purported to file an opposition to preliminary approval, asserting that the proposed settlement improperly released medical monitoring claims. Dkt. No. 37. On August 19, 2021, Plaintiffs' counsel filed a supplemental memorandum attaching an amended proposed settlement agreement. Dkt. 59. The amendments made absolutely clear that medical monitoring claims are not included in the scope of the release. Dkt. 59-1 §§ A(32), L(1). The amendments also include revised

---

[2] The parties also filed a Joint Motion to Stay Related Proceedings (the "Stay Motion"), which sought to stay cases asserting claims released by the proposed settlement during settlement-approval proceedings. Dkt. No. 35. The Parties have agreed to withdraw the Stay Motion at this time because (1) the Parties recognize this Court's guidance in its Civil Standing Order that it will not grant such motions absent "extraordinary circumstances" and (2) all active, related cases of which the parties are aware have already been stayed by the courts in which they are venued. Order for Stay, *Tomlinson v. Monsanto Co.*, No. 1916-CV22788 (Jackson Cty, Mo. Jul. 20, 2021); Order, *Ezcurra v. Monsanto Co.*, No. 20-13341 (11th Cir., Sept. 3, 2021); *Weeks v. Home Depot USA, Inc.*, No. 2:1-cv-06780-JWH-AS (9th Cir. Jun. 29, 2021), Dkt. No. 19. The Parties reserve the right to renew the Stay Motion should circumstances change—for example, if a stay is lifted in any of the current related cases.

language to clarify that claims alleging personal injury or any damages (economic or otherwise) arising from personal injury are excluded from the proposed settlement's release. *Id.* §§ A(41), L(1).

On September 21, 2021, Gary Brown and Patricia Godsey—plaintiffs in personal injury cases—each filed motions to intervene to oppose the Stay Motion, claiming that the proposed stay would stay their cases. Dkt. Nos. 60, 61. The Parties each filed oppositions to this motion, explaining that Brown and Godsey were misinterpreting the proposed stay, which would not affect personal injury cases.[3] Dkt. Nos. 63, 64.

On October 8, 2021, the JPML issued an order transferring this case to this Court. Dkt. No. 65. This Court denied a subsequent motion to suggest remand back to the transferor court. Dkt. No. 88. The Court's also asked that the Parties propose a schedule for rebriefing preliminary approval and include in that schedule a date for the filing of any objections by Class Members.[4]

## II.    DISCUSSION

Further briefing, and certain other submissions required under the Local Rules and this Court's Standing Order, are necessary before this Court can address the pending Motion for Preliminary Approval. Prior briefing focused on Third Circuit law rather than Ninth Circuit law. Additionally, the Motion for Preliminary Approval did not address some of the issues that this

---

[3] The Parties have not conferred further with Brown and Godsey because they are withdrawing their request for a stay, mooting Brown and Godsey's objection.

[4] The Parties understand the Court's most recent order to suggest that it does not intend to require intervention for objections to be filed. While the Parties do not intend to contest the filing of objections to preliminary approval by Class Members without a motion to intervene, they do *not* agree that Class Members are parties to this case, and will contest any attempt by any non-party to take any action in this case beyond objecting to preliminary approval. During the meet and confer process, counsel for Tomlinson and Richardson indicated that they may seek discovery in connection with their objection to preliminary approval and may seek additional time to oppose preliminary approval if they are permitted discovery. Both parties advised Tomlinson and Richardson's counsel that they believed a motion to intervene would be necessary to seek discovery, and that they would oppose any request for discovery in any event. *See, e.g.*, *Lobatz v. U.S. W. Cellular of Cal., Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000).

Court's local rules and Civil Standing Order require settling parties to address. Likewise, the proposed notices may need to be modified slightly to address this Court's requirements.

The Parties thus jointly request that the Court set the following schedule for further briefing (and adopt the indicated page limits):

- Renewed Motion for Preliminary Approval (50 pages):  **Thursday, January 20, 2022**

- Oppositions to Preliminary Approval (50 pages):  **Thursday, March 3, 2022**

- Replies in Support of Motion for Preliminary Approval (35 pages to respond to each opposition):  **Thursday, March 31, 2022**

- Preliminary Approval Hearing:  **Thursday, April 14, 2022**

### III. CONCLUSION

For all the foregoing reasons, this Motion should be granted.

Dated: January 13, 2022

By:    /s/ Gillian L. Wade

GILLIAN L. WADE
MARC A. CASTANEDA
Milstein, Jackson Fairchild & Wade, LLP
gwade@mjfwlaw.com
mcastaneda@mjfwlaw.com
10990 Wilshire Blvd., 8th Floor
Los Angeles, CA 90024

JOEL OSTER
Oster Law Firm
Of Counsel to the Law Offices of Howard Rubinstein
joel@osterlaw.com
22052 W. 66th St. #192
Shawnee, Kansas 66226

*Attorneys for Plaintiffs Scott Gilmore, James Weeks, Paul Taylor, Sherry Hanna, Amanda Boyette, Julio Ezcurra, Anthony Jewell, and Kristy Williams*

/s/ John J. Rosenthal

JOHN J. ROSENTHAL
Winston & Strawn LLP
jrosenthal@winston.com
1901 L Street NW
Washington, DC 20036

JEFF WILKERSON
Winston & Strawn LLP
jwilkerson@winston.com
300 S. Tryon Street, 16th Floor
Charlotte, NC 28202

BRIAN STEKLOFF
Wilkinson Stekloff LLP
bstekloff@wilkinsonstekloff.com
2001 M Street NW, 10th Floor
Washington, DC 20036

RAKESH KILARU
Wilkinson Stekloff LLP
rkilaru@wilkinsonstekloff.com
2001 M Street NW, 10th Floor
Washington, DC 20036

*Counsel for Monsanto Company*

5