UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ADRINE HANN,**
    Plaintiff,

Case No: 3:20-md-01825-VC
COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

1. Strict Liability-Design Defect
2. Strict Liability-Failure to Warn
3. Negligence
4. Breach of Implied Warranty
5. Punitive Damage

-vs.-

**MONSANTO COMPANY,**
    Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION TO PLAINTIFF

**COMES NOW THE** Plaintiff, **BERNICE KATZ,** through her attorneys the law firm of MUSSIN & SCANLAND, PLLC and by her respective attorney Jerard M. Scanland and in support of Plaintiff's Response To Defendant's Request For Admission To Plaintiff, states the following:

1. **REQUEST FOR ADMISSION NO.1 RESTATED HEREIN:**

Admit that YOU have used, at any LOCATIONS WHERE YOU HAVE RESIDED or LOCATIONS WHERE YOU HAVE WORKED, products responsive to Monsanto's Request Any agent other than GLYPHOSATE PRODUCTS with limited or sufficient evidence of carcinogenicity listed on the following website: https://monographs.iarc.fr/wp-content/uploads/20 l. 8/07/Table4.pdf or according to Plaintiffs' experts, including but not limited to:

- Benzene and/or benzoLa]pyrene (e.g., paint, lacquer, varnish removers, gasoline, glues, paint thinner, furniture wax, vehicle exhaust, solvents, detergents, inks, adhesives, coatings, degreasing formulations, vehicle exhaust); o Ethylene Oxide (e.g., antifreeze, detergents, Lysol, transmission fluid, adhesives, fumigants); o Styrene (e.g., floor waxes, printer cartridges, insulation, carpet backing, fiberglass); o Trichloroethylene (e.g., spot removers, paint strippers, adhesives, carpet cleaning fluid, aerosol cleaning products, tool cleaners);

- PAH-emission sources (e.g., fumes emitted by automobiles, railways, ships, aircrafts, and other motor vehicles);

- TOBACCO PRODUCTS; Products containing 1,3-butadiene (e.g., synthetic rubber products such as tires, resins, plastics, automobile exhaust); or

- Any chemicals and/or products other than GLYPHOSATE PRODUCTS that contain ingredients allegedly associated with cancer or NHL by the California EPA or the National Toxicology Program.

  See, https://ntp.niehs.nih.zov/ntp/roc/content/listed substances 508.pdf and

  https://oehha.ca.gov/media/downloads/proposition-65//p65list()10320. pdf.

**ANSWER:** The Plaintiff responds to this Request For Admission as follows: The Plaintiff objects to this Request For Admission on grounds the Request For Admission is vague and ambiguous. The Defendant has failed to specify a period of time referred to. Here the Plaintiff is not aware if the Defendant is referring to her use of any of the listed products throughout her entire life, or within a ten-year period prior to her diagnoses.

2. **REQUEST FOR ADMISSION NO.2 RESTATED HEREIN:** Admit that no tests have ever been performed on YOU or samples collected from YOUR body that show the presence of GLYPHOSATE or GLYPHOSATE PRODUCTS in YOUR body at any time.

**ANSWER:** The Plaintiff responds to this Request For Admission as follows: The Plaintiff admits that there were never any tests performed to determine if the presence of GLYPHOSATE in Ms. Hann's body, however, this is not an indication that there is not the presence of Glyphosate in Ms. Hann's body.

3. **REQUEST FOR ADMISSION NO.3 RESTATED HEREIN:** Admit that YOU used products other than TOBACCO PRODUCTS that contain warnings

regarding risk of cancer of Proposition 65 warnings. See

https://oehha.ca.gov/media/downloads/proposition-65//p65list010320.pdf

**ANSWER:** The Plaintiff responds to this Request For Admission as follows: The Plaintiff objects to this Request For Admission on grounds the Request For Admission is vague and ambiguous. The Defendant has failed to specify a period of time referred to. Here the Plaintiff is not aware if the Defendant is referring to her use of any of the listed products throughout her entire life, or within a ten-year period prior to her diagnoses. Thus, the Plaintiff cannot provide a sufficient response to this Admission without additional information.

4. **REQUEST FOR ADMISSION NO.4 RESTATED HEREIN:** Admit that you have not DOCUMENTS showing that YOU ever purchased ROUNDUP®-BRANDED PRODUCTS.

**ANSWER:** The Plaintiff responds to this Request For Admission as follows: The Plaintiff objects to this Request For Admission on grounds the Request For Admission is untrue. The Plaintiff does in fact have several receipts showing that she in fact purchased Roundup® Branded Products.

5. **REQUEST FOR ADMISSION NO.5 RESTATED HEREIN:** Admit that YOU used TOBACCO PRODUCTS prior to being diagnosed with NHL.

**ANSWER:** The Plaintiff responds to this Request For Admission as follows: The Plaintiff objects to this Request For Admission on grounds the Request For Admission is vague and ambiguous. The Plaintiff without waiving the objection states the Defendant has failed to specify what period of time Plaintiff is alleged to have used TOBACCO PRODUCTS. Here, the Defendant could be referring to two years prior to her diagnosis or ten years. Without further definition the Plaintiff is unable to provide a sufficient answer to this Request For Admission.

6. **REQUEST FOR ADMISSION NO.6 RESTATED HEREIN:** If YOU admitted Request For Admission Number 5, admit that YOU were aware during the time YOU used the products that TOBACCO PRODUCTS may cause cancer.

**ANSWER: The Plaintiff responds to this Request For Admission as follows: The Plaintiff admits that she was aware that products containing tobacco may cause cancer as this is general knowledge, however, the type of cancer typically caused by a use of or indulgence in tobacco products, Plaintiff is not currently suffering from.**

7. **REQUEST FOR ADMISSION NO.7 RESTATED HEREIN:** Admit that YOU have lived or worked at any LOCATIONS WHERE YOU HAVE RESIDED or LOCATIONS WHERE YOU HAVE WORKED, on a property that uses or used well water.

**ANSWER: The Plaintiff responds to this Request For Admission as follows: The Plaintiff denies this Request For Admission on grounds the Request For Admission is untrue.**

8. **REQUEST FOR ADMISSION NO. 8 RESTATED HEREIN:** Admit that YOU have lived or worked, at any LOCATIONS WHERE YOU HAVE RESIDED or LOCATIONS WHERE YOU HAVE WORKED, on a property that is within one mile of any industrial and/or agricultural business or facility (e.g., manufacturing plants, chemical plants, power plants, refineries, landfills, farms, areas with livestock, barns or shelters, buildings with agricultural equipment or supplies).

**ANSWER: The Plaintiff responds to this Request For Admission as follows: The Plaintiff denies this Request For Admission on grounds the**

Request For Admission is untrue. The Plaintiff has not resided in any such area.

9. **REQUEST FOR ADMISSION NO.9 RESTATED HEREIN:** Admit that YOU have lived or worked on a ship, commercial vessel, military base, or other military office.

**ANSWER:** The Plaintiff responds to this Request For Admission as follows: The Plaintiff denies this Request For Admission on grounds the Request For Admission is untrue. The Plaintiff has not resided or worked in any such area.

10. **REQUEST FOR ADMISSION NO.10 RESTATED HEREIN:** Admit that YOU have or had kept DOCUMENTS or COMMUNICATIONS including but not limited to logs, spreadsheets, diaries, journals, calendars, schedules, or chronologies reflecting pesticides that were applied at any agricultural properties worked on/owned over the past forty (40) years.

**ANSWER:** The Plaintiff responds to this Request For Admission as follows: The Plaintiff denies this Request For Admission on grounds the Request For Admission is untrue.

11. **REQUEST FOR ADMISSION NO.11 RESTATED HEREIN:** Admit that YOU have lived or worked, at any LOCATIONS WHERE YOU HAVE RESIDED or LOCATIONS WHERE YOU HAVE WORKED, on a property that utilizes or utilized burn pits, or any other source of open-air trash combustion.

**ANSWER:** The Plaintiff responds to this Request For Admission as follows: The Plaintiff denies this Request For Admission on grounds the Request For Admission is untrue.

12. **REQUEST FOR ADMISSION NO.12 RESTATED HEREIN:** Admit that YOU have lived or worked at any LOCATIONS WHERE YOU HAVE RESIDED or LOCATIONS WHERE YOU HAVE WORKED, on a property where the source of water contained contaminants or required treatment for contaminants.

**ANSWER: The Plaintiff responds to this Request For Admission as follows: The Plaintiff denies this Request For Admission on grounds the Request For Admission is untrue.**

Dated: January 12, 2022              Respectfully Submitted,

**MUSSIN & SCANLAND, PLLC**

By: Jerard M. Scanland
**JERARD M. SCANLAND (P74992)**
Attorney for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Facsimile: (734)-447-5853
JScanland@milawoffices.com