GILLIAN L. WADE (State Bar No. 229124)
SARA D. AVILA (State Bar No. 263213)
MARC A. CASTANEDA (State Bar No. 299001)
Milstein, Jackson Fairchild & Wade, LLP
gwade@mjfwlaw.com
savila@mjfwlaw.com
mcastaneda@mjfwlaw.com
10990 Wilshire Blvd., 8th Floor
Los Angeles, CA 90024
Tel: (310) 396-9600
Fax: (310) 396-9635

JOEL OSTER (*admitted pro hac vice*)
Law Offices of Howard Rubenstein, P.A.
joel@joelosterlaw.com
22052 W. 66th St. #192
Shawnee, Kansas 66226

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT GILMORE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> MONSANTO COMPANY, <br><br> Defendant. | MDL No. 2741 <br><br> Case No. 3:21-cv-08159 <br><br> **DECLARATION OF JOEL OSTER IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF CLASS FOR PURPOSES OF SETTLEMENT** <br><br> Date:     April 14, 2022 <br> Time:    10:00 a.m. <br> Place:   Via Zoom Webinar <br> Judge:  Hon. Vince G. Chhabria |

I, Joel Oster, declare as follows:

1. I am admitted to this court *pro hac vice*, and of counsel to the Law Offices of Howard Rubinstein, and proposed Class Counsel and counsel of record for Plaintiffs. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, could and would competently testify thereto under oath.

2. This declaration is submitted in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement and for Certification of the Class for the Purposes of Settlement, filed concurrently herewith.

3. On February 16, 2021, while Monsanto's motion to dismiss the FAC in *Gilmore* was pending, the parties conducted a joint mediation before the Honorable Diane M. Welsh of JAMS. Ms. Welsh is a former United States Magistrate Judge and an experienced mediator nationally recognized for her work in complex class actions. The mediation took place before Judge Welsh via videoconference. I, along with Gillian L. Wade, Sara D. Avila, and Marc A. Castaneda from Milstein, Jackson, Fairchild & Wade (MJFW) participated for Plaintiff Scott Gilmore. Monsanto was represented by John J. Rosenthal and Jeff Wilkerson of Winston & Strawn LLP, and Robyn D. Buck and William B. Dodero of Monsanto. The negotiations lasted more than *fourteen hours* and involved multiple rounds of shuttle diplomacy and face-to-face negotiations among counsel facilitated by Judge Welsh. Shortly after midnight EST, however, the parties reached an agreement in principle.

4. The high sales volume of the Products at issue, along with counsel's collective experience litigating class actions in regards to realistic claims rates, and the challenges to be expected in terms of overall fairness, was taken into account in determining a fair, reasonable and adequate structure for settlement and the amount of money necessary to settle the case.

5. At all times throughout this case and the Related Cases, the best interest of the proposed class was my chief concern.

6. The Settlement Agreement expressly provides that it is valid and binding regardless of whether Class Counsel's request for fees is approved or reduced. This was a term Monsanto insisted upon and that Class Counsel agreed was appropriate.

7. I am unaware of the Plaintiffs having any conflicts of interest with other putative class members. It is my understanding that Plaintiffs are committed to the vigorous prosecution of this action. The Plaintiffs were promised nothing in connection with their pursuit of claims against Monsanto and the retailers.

8. Throughout this process, we conferred with Plaintiffs concerning the proposed settlement to ensure that it was in the best interest of the Settlement Class Members. I believe that Plaintiffs have, and will continue to vigorously and adequately represent the interests of the Settlement Class Members.

9. We have litigated and negotiated vigorously on behalf of our clients, and eventually reached a settlement that provides approximately two-thirds the best-case scenario for Plaintiffs were they to prevail at trial.

10. I have assisted in the vigorous prosecution of this matter and the Related Cases, including participating in the February 16, 2021 mediation before Judge Welsh. I am also counsel of record and lead appellate counsel for Plaintiff Julio Ezcurra in his appeal of the related case *Ezcurra v. Monsanto Co.*, No. 9:20-cv-80524 (S.D. Fla.) (filed 2/19/2020), which is currently before the Eleventh Circuit, No. 20-13341 (11th Cir.). I am also counsel of record and lead appellate counsel for Plaintiff Weeks in his appeal of the related case *Weeks v. Home Depot U.S.A., Inc.*, No. 2:19-cv-6780 (C.D. Cal.) (filed 8/5/19), which is currently before the Ninth

Circuit, No. 21-55027 (9th Cir.).

11.     I have extensive experience in appellate matters and complex litigation, and I have experience litigating class actions. I was recently appointed class counsel in *Ferron v. Kraft Heinz Foods Company*, case no. 20-cv-62136, in the United States District Court for the Southern District of Florida (2021).  My extensive appellate experience includes arguing constitutional issues before the Southern District Court of New York and the Second Circuit Court of Appeals, and I was part of a legal team presenting to the U.S. Supreme Court where I helped with the successful defense of my client's practice.  *Galloway v. Greece*, 572 U.S. 565 (2014), *Galloway v. Greece*, 681 F.3d 20 (2nd Cir. 2012).  In *Trinity Lutheran Church of Columbia v. Comer*, 788 F.3d 779 (8th Cir. 2015); decided in 582 U.S. __ (2017),  I represented a day care in a case against a Missouri grant program that unconstitutionally discriminated against plaintiff.  In *Word of Life Church v. State Farm Lloyds*, case no. 18-50108, (5th Cir. 2019), I successfully represented a church against its insurance company where the insurance company was responsible to cover the church's claim.

12. In addition, I am a national speaker for lawyers on attorney ethics, legal practices, and constitutional law, having spoken before various legal and judicial conferences, including the Federal Bar Association, New Jersey Bar Association, Oklahoma Bar Association, Nebraska Bar Association, Cleveland Bar Association, Columbus Bar Association, University of Missouri-Kansas City School of Law, Pennsylvania Conference of State Trial Judges, Allegheny County Bar Association, New Mexico Bar Association, Constitutional Officers Association of New Jersey, Philadelphia Bar Association, Wilkes-Barre Law and Library Association, Missouri Bar Association, Topeka Bar Association, Wyoming Bar Association, Arizona State University and the Alaska Bar Association.

13. I earned my J.D. in 1997 from the University of Kansas School of Law. I am admitted to the bar in Kansas, Missouri, Florida, and numerous federal courts.

14. I, along with co-counsel Ms. Wade, Ms. Avila and Mr. Castaneda of MJFW, had sufficient information to make an informed decision about the merits of this case as compared to the benefit provided by the proposed settlement. Indeed, we possessed all information necessary to evaluate the case, determine all the contours of the proposed class, and reach a fair and reasonable compromise after negotiating the terms of the settlement at arms' length and with the assistance of a neutral mediator. Based on our combined extensive experience, investigation, and the information provided to us, we believe this Settlement constitutes an excellent recovery for Settlement Class Members, and is within the reasonable range of probable recoveries.

15. In considering whether to enter into the Settlement, I, along with Ms. Wade, Ms. Avilaand Mr. Castaneda, weighed the risks inherent in establishing all the elements of all of the plaintiffs' claims at trial and on appeal. We also considered the expense of retaining additional experts, giving class notice if they were successful in certifying a class, and a trial (and likely duration of post-trial motions and appeals). We, on Plaintiff's behalf, agreed to settle this litigation on these terms based on our careful investigation and evaluation of the facts and law relating to Plaintiff's allegations and Monsanto's defenses.

16. There are no "side-agreements" made in connection with the Settlement.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on January 20, 2022 in Shawnee, Kansas.

_____
Joel Oster, Esq.