GILLIAN L. WADE (State Bar No. 229124)
SARA D. AVILA (State Bar No. 263213)
MARC A. CASTANEDA (State Bar No. 299001)
Milstein Jackson Fairchild & Wade, LLP
gwade@mjfwlaw.com
savila@mjfwlaw.com
mcastaneda@mjfwlaw.com
10990 Wilshire Blvd., 8th Floor
Los Angeles, CA 90024
Tel: (310) 396-9600
Fax: (310) 396-9635

JOEL OSTER
Oster Law Firm
Of Counsel to the Law Offices of Howard Rubinstein
joel@osterlaw.com
22052 W. 66th St. #192
Shawnee, Kansas 66226

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Gilmore v. Monsanto Company*, Case No. 20-1085-MN | |

**DECLARATION OF CLASS REPRESENTATIVE KRISTY WILLIAMS IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR CERTIFICATION OF <u>THE CLASS FOR THE PURPOSES OF SETTLEMENT</u>**

I, Kristy Williams, declare as follows:

1. I am one of the named plaintiff class representatives in the above-captioned class action lawsuit.

2. I take my duties as a class representative seriously and submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and for Certification of the Class for the Purposes of Settlement ("Motion for Preliminary Approval"). In addition, I submit this declaration in support of my request for a service award as a class representative.

3. As a matter of background, I joined this lawsuit with the filing of the Second Amended Complaint (Dkt. No. 22) to hold Defendant Monsanto Company ("Monsanto") accountable for failing to disclose that its Roundup® product has the potential to cause cancer, or at the very least, that there was an ongoing scientific dispute concerning its potential carcinogenicity.

4. Prior to joining this lawsuit, I filed an action against Lowe's Home Centers, LLC ("Lowe's"), alleging Lowe's had knowledge Roundup® had the potential to cause cancer, or at the very least, that there was an ongoing scientific dispute concerning its potential carcinogenicity, and failed to disclose this information to its customers.

5. I purchased at least four Roundup® products (including Roundup® Extended Control Weed & Grass Killer Plus Weed Preventer II, Ready-To-Use Weed and Grass Killer III with Pump 'N Go 2 Sprayer, and Roundup® Ready-to-Use Weed & Grass Killer III) over the last several years from a Lowe's location in Lake Elsinore, California. When I purchased Roundup®, neither the Roundup® label, nor in-store advertisements, nor Monsanto's webpages disclosed Roundup® had the potential to cause cancer, or at the very least, that there was an ongoing scientific dispute concerning its potential carcinogenicity. Had I known exposure to Roundup® had the potential to cause cancer, or that there was an ongoing scientific dispute concerning its potential carcinogenicity, I would not have purchased it.

6. As a named plaintiff and class representative, I have paid close attention to this lawsuit and the lawsuit against Lowe's. Among other things, I have reviewed court filings and have communicated with counsel on numerous occasions to assist in the prosecution of these actions. I have personally read and signed the settlement agreement that is being submitted with the Motion for Preliminary Approval. I was pleased to sign my name to the settlement agreement and am proud to have played at least a part in the results that have been achieved.

7. From the beginning, my goal has been to hold the sellers of Roundup® accountable for their nondisclosures as to Roundup®'s potential carcinogenicity. I am pleased and feel vindicated that the settlement agreement accomplishes that objective and provides for relief to other class members like myself.

8. Based on the time that I have invested in the case and my continued efforts to fulfill my duties as a class representative, I believe that some limited amount of compensation for my efforts as a class representative is appropriate. I appreciate the Court's consideration of this request and wish to emphasize that my support for the settlement is based on the best interests of the class members and is not affected by my personal request for a service award or the Court's disposition of that request. I was not promised that I would receive a service award or any compensation in connection with this lawsuit or the Lowe's action.

9. I have always been willing and remain willing to do the work necessary to see the case to a resolution, whether through this settlement or continued litigation, up to and through trial.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on January 19, 2022 in Lake Elsinor.

Kristy Williams
(formerly Kristy Williams)