UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC |
| This document relates to: <br><br> *Gilmore v. Monsanto Company*, Case No. 20-1085-MN | |

# [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR CERTIFICATION OF THE CLASS FOR PURPOSES OF SETTLEMENT

This matter comes before the Court on Plaintiffs' Scott Gilmore, Julio Ezcurra, James Weeks, Amanda Boyette, Anthony Jewell, Paul Taylor, Sherry Hanna, and Kristy Williams' ("Plaintiffs") Motion for Preliminary Approval of Class Settlement and for Certification of the Class for Purposes of Settlement (Dkt. No. 14486). The Court has reviewed the Motion and the supporting papers, including the Parties' Settlement (Dkt. No. 14486-1, Ex. 1).[1] Plaintiffs' Motion is hereby GRANTED, and the Court ORDERS the following:

1. The Court hereby preliminarily approves the Settlement and terms and conditions set forth therein, subject to further consideration at the Final Settlement Hearing described below.

2. The Court has conducted an assessment of the fairness, reasonableness, and adequacy of the Settlement that is as rigorous as at the final approval stage and hereby finds that the Settlement is fair, reasonable, and adequate and merits

---

[1] All defined terms contained herein shall have the same meanings as set forth in the Second Amended Settlement Agreement.

preliminary approval.  *See* Standing Order for Civil Cases Before Judge Vince Chhabria (Aug. 26, 2021) at 14; *Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1036-37 (N.D. Cal. 2016); *Hunt v. VEP Healthcare, Inc.*, 2017 WL 3608297 (N.D. Cal. Aug. 22, 2017); *Eddings v. DS Servs. of Am., Inc.*, 2016 WL 3390477 (N.D. Cal. May 20, 2016).  The Court also hereby finds that the Settlement falls within the range of reasonableness meriting possible final approval.

3. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby conditionally certifies this civil action as a class action on behalf of the following Settlement Class:

   All Persons in the United States who, during the Class Period, purchased Products in the United States other than for resale or distribution, excluding (i) judicial officers and associated court staff assigned to this case, and their immediate family members; (ii) past and present (as of the Effective Date) officers, directors, and employees of Monsanto; and (iii) all those otherwise in the Settlement Class who timely and properly exclude themselves from the Settlement Class pursuant to the Settlement Agreement and in the manner approved by the Court and set forth in the Class Notice.

4. With respect to the Settlement Class, the Court preliminarily finds the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met; in that: (a) the Class is so numerous that joinder of all individual Class Members in the Civil Action is impracticable; (b) there are questions of law and fact common to the Class, and those common questions of law and fact predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of the Class; (d) the Class Representatives and Class Counsel will fairly and adequately represent the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court hereby appoints Scott Gilmore, Julio Ezcurra, James Weeks, Paul Taylor, Sherry Hanna, Amanda Boyette, Anthony Jewell, and Kristy Williams as the representatives of the Settlement Class.

6. Having considered the factors set forth in Rule 23(g) of the Federal Rules of Civil Procedure, the Court hereby appoints Gillian L. Wade, Sara D. Avila, and Marc A. Castaneda of Milstein, Jackson, Fairchild & Wade, LLP, and Joel Oster, of Counsel to the Law Offices of Howard Rubinstein, as Class Counsel to represent the Settlement Class.

7. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Final Settlement Hearing on **[DATE AT LEAST 190 DAYS AFTER ENTRY OF THIS ORDER] at [TIME] in Courtroom 4 – 17th Floor of the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102** for the following purposes:

   a. Final determination as to whether the Settlement Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, the Settlement Class should be certified for purposes of effectuating the settlement;

   b. Determination of whether the proposed settlement on the terms and conditions provided for in the Settlement is fair, reasonable, and adequate and should be approved by the Court;

   c. Consideration of any application by Class Counsel for an award of attorney fees and reimbursement of expenses;

   d. Consideration of any application by the Class Representatives for incentive awards;

   e. Consideration of whether the Court should enter a Judgment, Final Order, and Decree;

   f. Consideration of whether the Release by the Settlement Class Members of the Released Claims as set forth in the Settlement Agreement should be provided; and

g.  Ruling upon such other matters as the Court may deem just and appropriate.

8. The Parties may further modify the Settlement prior to the Final Settlement Hearing, so long as such modifications do not materially change the terms of the settlement provided thereunder.  The Court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

9. Class Counsel shall file their Motion for Attorneys' Fees, Costs, and Class Counsel Incentive Awards no more than 130 days following the entry of this Order.

10. Class Members must file and serve any objections to the proposed settlement, including any memorandum and/or submissions in support of said objection, on the first business day on or after thirty-five (35) calendar days from the filing of the Motion for Attorneys' Fees, Costs, and Class Counsel Incentive Awards.  The requirement to submit a written objection as a prerequisite to appearing before the Court to object to the Settlement may be excused upon a showing of good cause. The Court will require only substantial compliance with the requirements for submitting an objection in this Order and the Class Notice.

11. Class Counsel shall file their Motion for Final Approval of the Settlement seven (7) calendar days before the deadline to file and serve any objections to the proposed settlement.

12. The Court approves, as to form and content, the Parties' proposed Notice Plan (ECF No. 14486-4).

13. The Notice Period shall run for a period of one hundred (100) days and shall commence within fourteen (14) days after the date of this Order.

14. The Court approves retention of Postlethwaite & Netterville as a third-party Claims

Administrator to administer the Settlement. The Claims Administrator shall, under the direction and supervision of the Court, cause the dissemination of the Class Notice and Claim Form, supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and respond to Class Member inquiries as set forth in the Settlement and this Order.

15. All costs of administering the Settlement shall be paid from the Settlement Consideration, as set forth in the Settlement Agreement.

16. As provided in the Class Notice, Class Members who wish to participate in the Settlement and file claims must submit their completed and signed Claim Forms to the Claims Administrator postmarked or submitted online no later than one hundred and twenty (120) days after the date of this Order (the "Claims Deadline").

17. As provided in the Class Notice, each Class Member shall have the right to be excluded from the Settlement Class by mailing a request for exclusion to the Claims Administrator postmarked no later than one hundred and twenty (120) days after the date of this Order (to run concurrent with the Claims Deadline).

18. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

**IT IS SO ORDERED.**

DATE: _____

_____
The Honorable Vince Chhabria
UNITED STATES DISTRICT JUDGE