UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br>*Chapman v. Monsanto*, Case No. 20-cv-01277 | **PRETRIAL ORDER NO. 271: DENYING MOTION TO STRIKE TESTIMONY OF DRS. FENSKE AND SLACK**<br>Re: Dkt. No. 28 |

  Chapman moves to strike any general causation testimony that Monsanto's specific causation experts Drs. Fenske and Slack may offer. That motion is denied. In the typical situation, when experts testify about specific causation, they need to identify all the risk factors associated with the disease (and then reach a conclusion about which risk factors can be ruled out in the particular case). Pretrial Order No. 85 (Dkt. No. 2799). Therefore, a necessary part of any opinion about whether Roundup caused NHL is an opinion about whether Roundup (or its active ingredient) is capable of causing NHL. At least in the typical case, there's no reason to preclude a specific causation expert from testifying regarding whether Roundup is capable of causing NHL.

  It is true that, in the three bellwether actions for this MDL, the Court significantly limited the general causation testimony that specific causation experts could offer. But that ruling was specific to the bellwethers, and it was based on an agreement among the parties and the Court that the only general causation testimony in those trials would be from experts who were subject to the extensive *Daubert* process that occurred during the MDL's general causation phrase. *See, e.g.*, Transcript of October 29, 2018 Hearing (Dkt. No. 2121) at 41:5-18. Nothing about that

ruling should be read to suggest that a specific causation expert is precluded from opining on whether Roundup is a risk factor in the typical case.

**IT IS SO ORDERED.**

Dated: January 21, 2022

_____
VINCE CHHABRIA
United States District Judge