Patrick J. Stueve, #37682 MO
Todd E. Hilton, #51388 MO
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
hilton@stuevesiegel.com
stueve@stuevesiegel.com

Don M. Downing, #30405 MO
Gretchen Garrison, #33963 MO
Cort A. VanOstran, #67276 MO
**GRAY, RITTER & GRAHAM, P.C.**
701 Market Street, Suite 800
St. Louis, Missouri 63101
Telephone: (314) 241-5620
ddowning@grgpc.com
ggarrison@grgpc.com
cvanostran@grgpc.com

*Counsel for Proposed Intervenors*
*Ryan Tomlinson and Carol Richardson*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC |
| This document related to:<br><br>*Gilmore v. Monsanto*, Case No. 21-cv-08159 | **NOTICE OF MOTION AND MOTION FOR INTERVENTION**<br><br>Date/Time: March 3, 2022, 2:00 p.m.<br>Via Zoom Webinar<br>Hon. Vince G. Chhabria |

**TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that on March 3, 2022, at 2:00 p.m., via Zoom Webinar ID: 161 285 7657, Password: 547298, Proposed Intervenors Ryan Tomlinson and Carol Richardson ("Proposed Intervenors" or "*Tomlinson* plaintiffs") move this Court for permission to intervene in

the above-captioned action to (1) oppose the proposed settlement (to which Monsanto and *Gilmore* plaintiffs have no objection) and (2) conduct discovery on behalf of themselves and other class members.

This Motion is based on this Notice and Motion, the Memorandum below, and upon such other and further evidence as the Court may be presented at the time of the hearing.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED ..................................... 1

FACTUAL BACKGROUND ............................................................................................................ 2

        A.      Monsanto Faces Significant Liability in the *Tomlinson* Action. ............................ 2

        B.      Gilmore's Counsel Pursued Failed Cases Against Retailers. ................................ 2

        C.      Gilmore Filed Suit in Delaware and Quickly Settled with Monsanto. ................... 3

        D.      Transfer to this MDL ................................................................................................ 4

ARGUMENT ....................................................................................................................................... 5

        A.      Criteria for Intervention as of Right Are Satisfied. .................................................. 5

                1.      *Tomlinson* plaintiffs' application is timely. ................................................. 5

                2.      *Tomlinson* plaintiffs have a significantly protectable interest that will be impeded without intervention. .......................................................... 6

                3.      *Tomlinson* plaintiffs' interest are not adequately represented. ................... 6

        B.      Criteria for Permissive Intervention Are Also Satisfied. ........................................ 8

CONCLUSION .................................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Arena v. Intuit Inc.*,
　2020 WL 7342716 (N.D. Cal. Dec. 14, 2020) ........................................................................... 7

*Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*,
　712 F.3d 1349 (9th Cir. 2013) ................................................................................................. 8

*Borup v. CJS Sols. Group, LLC*,
　2019 WL 2137369 (D. Minn. May 16, 2019) ........................................................................... 7

*Buchet v. ITT Consumer Fin. Corp.*,
　845 F. Supp. 684 (D. Minn. 1994) ........................................................................................... 7

*California Dump Truck Owners Ass'n v. Nichols*,
　275 F.R.D. 303 (E.D. Cal. 2011) .............................................................................................. 6

*California Parents for Equalization of Educ. Materials v. Torlakson*,
　2018 WL 3930141 (N.D. Cal. Aug. 16, 2018) ......................................................................... 8

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*,
　647 F.3d 893 (9th Cir. 2011) ................................................................................................... 6

*E.E.O.C. v. Nat'l Children's Ctr., Inc.*,
　146 F.3d 1042 (D.C. Cir. 1998) ............................................................................................... 8

*Glass v. UBS Financial Services, Inc.*,
　2007 WL 474936 (N.D.Cal.2007) ........................................................................................... 6

*Hilsley v. Gen. Mills, Inc.*,
　2021 WL 2290782 (S.D. Cal. June 4, 2021) ........................................................................ 7, 8

*In re Community Bank of Northern Virginia Mortgage Loan Litig.*,
　418 F.3d 277 (3d Cir.2005) ...................................................................................................... 6

*Kalbers v. United States Dep't of Just.*,
　- - F.4th - -, 2021 WL 6123196 (9th Cir. Dec. 28, 2021) ..................................................... 5, 6

*Munoz v. PHH Corp.*,
　2013 WL 3935054 (E.D. Cal. July 29, 2013) ........................................................................... 6

*N. Am. Meat Inst. v. Becerra*,
　420 F. Supp. 3d 1014 (C.D. Cal. 2019) .................................................................................... 7

*Plubell v. Merck & Co., Inc.*,
　289 S.W.3d 707 (Mo. App. W.D. 2009) ................................................................................... 2

*Ross v. Convergent Outsourcing, Inc.*,
    323 F.R.D. 656 (D. Colo. 2018) ............................................................................................. 7

*S. California Healthcare Sys., Inc. v. City of Culver City*,
    2021 WL 4817846 (C.D. Cal. July 26, 2021) ......................................................................... 7

*Sw. Ctr. for Biological Diversity v. Berg*,
    268 F.3d 810 (9th Cir. 2001) ............................................................................................. 6, 7

*Theis v. Viewsonic Corp.*,
    2013 WL 1632677 (D. Del. Apr. 16, 2013) ............................................................................ 3

*Trbovich v. United Mine Workers*,
    404 U.S. 528 ............................................................................................................................ 6

*United Latin Am. Citizens v. Wilson*,
    131 F.3d 1297 (9th Cir. 1997) ................................................................................................ 5

*United States v. Oregon*,
    745 F.2d 550 (9th Cir. 1984) .................................................................................................. 6

**Rules**

Fed. R. Civ. P. 24 ............................................................................................................................ 8

## INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED

Ryan Tomlinson and Carol Richardson are representative plaintiffs in a class action against Monsanto pending in Missouri and asserting violations of the Missouri Merchandising Practices Act ("MMPA"). Faced with significant liability in Missouri, Monsanto negotiated with other counsel in weak position to arrive at a settlement rife with red flags of reverse auction and inadequate representation. The proposed settlement covers anyone who "purchased [Roundup] Products … other than for resale or distribution." Case No. 3:21-cv-08159-VC Dkt. No. 59-1 ("Am. Sett. Agrmt.") § A (52). For bargain price, Monsanto obtains release of all economic-loss claims by such purchasers (including *Tomlinson* class members and MDL plaintiffs) against itself and vast array of other persons and entities. Plaintiffs' counsel receive agreement for an astonishing fee request. Named plaintiffs receive a $5,000 service award each, although none but one were parties prior to settlement and none but two had even previously sued Monsanto.

The Court has stated that parties "affected by the proposed settlement will be able to object to the agreement." Dkt. No. 88 at 2. Out of an abundance of caution, *Tomlinson* plaintiffs seek intervention in order to do so. Counsel for *Tomlinson* plaintiffs have conferred with counsel for Monsanto and *Gilmore* plaintiffs, who do not object to intervention for that purpose. Declaration of Don Downing, attached as Ex. A. *Tomlinson* plaintiffs believe that limited discovery is needed in aid of opposition.[1] To the extent intervention is further needed for discovery, *Tomlinson* plaintiffs should be allowed to do so.

---

[1] *Tomlinson* plaintiffs are contemporaneously filing a motion for leave to seek discovery.

1

**FACTUAL BACKGROUND**

A.  **Monsanto Faces Significant Liability in the *Tomlinson* Action.**

*Tomlinson* has been ongoing since 2019 and a class has been certified of "all Missouri residents who purchased Roundup for personal, family, or household use." Dkt. No. 44 at ¶¶ 3–6. Monsanto sought both reconsideration of the trial court's order and permission for interlocutory appeal to Missouri's Western District Court of Appeals. *Id*. at ¶¶ 7–8. When those avenues failed, it sought a writ of prohibition from the Missouri Supreme Court (*id*. at ¶ 9), which also failed. The MMPA requires neither reliance nor that unlawful conduct cause a purchase. *Plubell v. Merck & Co., Inc.*, 289 S.W.3d 707, 714 (Mo. App. W.D. 2009). Monsanto faces significant liability for both compensatory and punitive damages. Dkt. No. 41-1, Am. Pet. at ¶¶ 87–89.

B.  **Gilmore's Counsel Pursued Failed Cases Against Retailers.**

Meanwhile, *Gilmore* counsel was pursuing (failed) cases mainly against retailers. Mr. Gilmore, who first sued Monsanto in Oregon, Case No. 3:19-cv-01123-SB (D. Ore.), Dkt. No. 1, abandoned that case.[2] Of the other plaintiffs proposing to represent the putative settlement class, only one (Ezcurra) had previously sued Monsanto. *See* Motion for Suggestion of Remand at 9 & n.2 (listing cases); Dkt. No. 25 at 14–15 (same). Some retailer cases were dismissed on the merits (based on lack of sufficient allegations of retailer participation in wrongful conduct and/or state-specific legal grounds) followed by pleading amendment and voluntary dismissal after a new motion by the retailer.[3] Two were voluntarily dismissed without responding to, or without, a

---

[2] Gilmore initially asserted claims on behalf of himself and other purchasers in Oregon (*id*. at ¶¶ 22, 65, 80) later expanded to nationwide scope. He sought full refund (or alternatively, statutory damages) and punitive damages. *Id*. at ¶¶ 98–99, 103; *see also* Dkt. No. 34 at ¶¶ 123–24, 128. Other than the initial, and an amended, complaint, the docket reveals no litigation activity other than voluntary dismissal without responding to Monsanto's motion to dismiss. Dkt. No. 42.

[3] *Weeks v. Home Depot U.S.A., Inc.*, No. 2:19-cv-06780-FMO-AS (C.D. Cal.), Dkt. Nos. 65, 77; *Hanna et al. v. WalMart Inc.*, No. 5:20-cv-01075 (C.D. Cal.), Dkt. Nos. 39, 41,47; *Taylor v. Costco*

2

dismissal motion.[4]  Mr. Ezcurra's action in Florida was dismissed based on the Florida consumer act's safe harbor provision. Case No. 9:20-cv-80524-DMM (S.D. Fla.), Dkt. No. 63 at 4–10.[5]

### C. Gilmore Filed Suit in Delaware and Quickly Settled with Monsanto.

On August 19, 2020, about a month after this Court first rejected global settlement in the MDL, Mr. Gilmore filed an action in Delaware, asserting a single claim under the Delaware Consumer Fraud Act, limited to wrongful practices occurring within that state.  *See* Del. Code ann., tit.6, § 2512; *see also Theis v. Viewsonic Corp.*, 2013 WL 1632677, at *2 (D. Del. Apr. 16, 2013) (claim by California consumer purchasing product in California failed).  Gilmore asserted this claim, on a nationwide basis, although he neither lives, nor purchased Roundup, in Delaware. He also did not seek punitive damages notwithstanding extensive allegations of wrongful conduct and the fact that he had previously done so in Oregon.  *See infra* n. 2.

Despite obligation to do so, Monsanto did not notify the JPML of this (or other) potential tag-along action.  Within a month, Monsanto and Gilmore's counsel hired a mediator.  *See* Dkt. No. 27 at ¶ 4.  Without any discovery in the case, mediation occurred on February 16, 2021. Settlement in principle was reached that day. *Id.* at ¶ 6; Dkt. No. 26 at ¶ 14.  Although Monsanto

---

*Wholesale Corp*, No. 20-cv-00655-KJM-DMC (E.D. Cal.), Dkt. Nos. 22, 23, 24, 33; *Williams v. Lowe's Home Ctrs*., No. 5:20-cv-01356 (C.D. Cal.), Dkt. Nos. 14, 17, 18, 28.

[4] *Jewell et al. v. Walmart, Inc*., No. 4:19-cv-04088 (W.D. Ark.), Dkt. Nos. 27, 33, 37–40; *Boyette et al v. Lowe's Cos., Inc*., No. 4:19-cv-04119 (W.D. Ark.), Dkt. No. 29.

[5] Other so-called "Related Actions" (*see* Dkt No. 59-1 §A (46)) include cases in Florida and California state courts. Three were dismissed voluntarily. *See* Dkt. No. 25 at 50–53 (description of "Related Cases"). Four were removed and remanded with no (or scant) activity thereafter. *See Lamerson v. Walmart Stores, Inc.*, No. 50-2019-CC-009139 (Cty. Ct. 15th Cir. Palm Beach Cty., Fl.) (most recent activity Mar. 1, 2021 dismissal for lack of activity after denying remand reconsideration); *Shelly v. Target Corp*., No. 50-2019-CC-010718 (Cnty. Ct. 15th Cir. Palm Beach Cty., Fl.) (most recent activity Oct. 2, 2019, copy of remand order); *Biddle v. Lowe's Home Ctrs. LLC*, No. 2019-cc-011405 (Cnty. Ct. 15th Cir. Palm Beach Cty., Fl.) (most recent activity Nov. 7, 2019 noting remand order); *Morley v. Ace Hardware Corp*., No. CONO-19-010648 (Cnty. Ct. 17th Cir. Broward Cnty., Fla.) (most recent activity Nov. 18, 2019 notice of removal).

sought stays in Missouri in connection with its motions for reconsideration and interlocutory appeal, it did not advise *Tomlinson* plaintiffs or Missouri courts that settlement in principle had occurred or was even being discussed. Dkt. No. 44 at ¶¶ 7–8, 31.  A settlement agreement was executed on June 9, 2021.  Dkt. No. 26 at ¶ 15.  Parties thereto include Gilmore as well as seven other people (Weeks, Taylor, Hanna, Boyette, Ezcurra, Jewell, and Williams), none of whom except Ezcurra had sued Monsanto.  They were named as plaintiffs post-settlement. Dkt. Nos. 21, 22.  Like Gilmore, none purchased Roundup in Delaware. Dkt. No. 22, ¶¶13-20, 109, 113, 116, 119, 122, 125, 128, 131.  Three days later, they moved for certification of a nationwide class and preliminary settlement approval. Dkt. Nos. 24, 25.  *Tomlinson* plaintiffs moved to intervene in Delaware, attaching oppositions to motions to enjoin and for preliminary approval (Dkt. Nos. 39–41, 41-1 & 41-2), which Monsanto and *Gilmore* counsel opposed.  Dkt. Nos. 46, 47, 54.

### D. Transfer to this MDL

On July 28, 2021, Brian Webb moved to transfer *Gilmore* to this MDL.  JPML Dkt. No. 2400.  *Tomlinson* plaintiffs filed a brief in support.  JPML Dkt. No. 2436.  On October 8, 2021, the JPML ordered transfer.  Dkt. No. 65 at 2–3.  *Gilmore* counsel and Monsanto then sought a suggestion of remand back to Delaware.  Dkt. No. 70.  This Court rejected that request, finding that the "interest of achieving a fair resolution for all parties subject to the *Gilmore* settlement offsets any efficiencies … by transferring the case back to the District of Delaware."  It denied *Tomlinson* plaintiffs' motion to intervene as moot.  "with the understanding, of course, that parties affected by the proposed settlement will be able to object to the agreement." Dkt. No. 88.  Counsel for *Tomlinson* plaintiffs have conferred with Monsanto and *Gilmore* counsel.  Neither objects to intervention for purposes of opposing the settlement.  Both have indicated, however, that they will oppose *Tomlinson* plaintiffs' efforts to take discovery. Ex. A Downing Decl. ¶ 3.

**ARGUMENT**

**A.     Criteria for Intervention as of Right Are Satisfied.**

Under Rule 24(a)(2), *Tomlinson* plaintiffs may intervene as of right if: "(1) their motion is timely; (2) they have a significantly protectable interest relating to the subject of the action; (3) they are so situated that the disposition of the action may as a practical matter impair or impede their ability to protect that interest; and (4) their interest is inadequately represented by the parties to the action." *Kalbers v. United States Dep't of Just.*, - - F.4th - -, 2021 WL 6123196, at *5 (9th Cir. Dec. 28, 2021) (quoting *United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997)) (cleaned up). *Tomlinson* plaintiffs readily meet each of these requirements.

**1.     *Tomlinson* plaintiffs' application is timely.**

Timeliness is determined by: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) prejudice to other parties; and (3) reason for and length of the delay. *Kalbers*, 2021 WL 6123196, at *5. Here, proceedings have just begun. The *Gilmore* action itself is at a procedurally early stage (no discovery or other litigation activity unrelated to settlement). And having lost their quest for remand, settlors will be filing another motion for preliminary approval. "[T]he parties and the district court" have "covered scarcely any legal ground together" (*id.* at *7) and there is no delay. This motion comes a little more than a week after this Court's order denying suggestion of remand (January 4) and 7 days after learning that settlors will object to discovery.[6]  *See id.* at *6 ("Delay is measured from the date the proposed intervenor should have been aware that its interest would no longer be protected adequately by the parties, *not the date it learned of litigation*") (citation omitted) (emphasis in original). For the same reason, there is no prejudice. Prejudice is measured by the time between when *Tomlinson* plaintiffs should have

---

[6] Time periods reflect the original filing. Dkt No. 90.

5

known their interest would not be adequately protected and when they acted. *Id*. at *7. *Tomlinson* plaintiffs acted immediately. Even if intervention makes resolution more difficult, that "does not constitute prejudice." *Id.* (quoting *United States v. Oregon*, 745 F.2d 550, 552-53 (9th Cir. 1984)).

### 2. *Tomlinson* plaintiffs have a significantly protectable interest that will be impeded without intervention.

*Tomlinson* plaintiffs are putative class members and have a significantly protectable interest in a settlement that, if approved, would release their claims. *See Munoz v. PHH Corp.*, 2013 WL 3935054, at *12 (E.D. Cal. July 29, 2013) (allowing intervention) (citing *Glass v. UBS Financial Services, Inc.*, 2007 WL 474936 (N.D.Cal.2007), citing *In re Community Bank of Northern Virginia Mortgage Loan Litig.*, 418 F.3d 277, 314 (3d Cir.2005) (finding when unnamed class member seeks to intervene in class action, significant protectable interest factor "is satisfied by the very nature of class action litigation")).

### 3. *Tomlinson* plaintiffs' interest are not adequately represented.

"[T]he burden of showing inadequacy is 'minimal,' and the applicant need only show that representation of its interests by existing parties 'may be' inadequate. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972)). "Any doubt" on adequacy of representation "should be resolved in favor of intervention." *California Dump Truck Owners Ass'n v. Nichols*, 275 F.R.D. 303, 307 (E.D. Cal. 2011). "The focus should be on the subject of the action, not just the particular issues before the court at the time of the motion." *Berg*, 268 F.3d at 823 (internal quotations and citation omitted). "Particularly relevant factors here include 'whether the present party is capable and willing to make [the intervenor's] arguments' and 'whether a proposed intervenor would offer any necessary elements to the proceeding that other

6

parties would neglect.'" *Kalbers*, 2021 WL 6123196, at *10 (quoting *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011)).

*Tomlinson* plaintiffs oppose the proposed settlement and seek limited discovery. There is no doubt that neither Monsanto nor *Gilmore* plaintiffs are willing to make their arguments. *Berg*, 268 F.3d at 822; *S. California Healthcare Sys., Inc. v. City of Culver City*, 2021 WL 4817846, at *1 (C.D. Cal. July 26, 2021); *see also Buchet v. ITT Consumer Fin. Corp.*, 845 F. Supp. 684, 690 (D. Minn. 1994) (objecting to settlement "clearly puts [objectors] at odds with class counsel, and, therefore, [objectors] have made the minimal showing necessary to support their motions to intervene"). Moreover, hearing *Tomlinson* plaintiffs' perspective and the requested discovery in this case "can only help the Court make an informed decision[.]" *Arena v. Intuit Inc.*, 2020 WL 7342716, at *1 (N.D. Cal. Dec. 14, 2020).

This Court already has indicated that persons who oppose the proposed settlement should be allowed to do so. Dkt. No. 88 at 2. And settling parties have no objection in that respect. The motion should be granted. *See Hilsley v. Gen. Mills, Inc*., 2021 WL 2290782, at *3-4, 8 (S.D. Cal. June 4, 2021) (permitting intervention). While they will object to discovery, courts allow it where needed, including when circumstances raise cause for concern. *E.g., Ross v. Convergent Outsourcing, Inc.*, 323 F.R.D. 656, 662 (D. Colo. 2018) ("in order for the intervenors and the Court to evaluate whether there has been a reverse auction, the parties shall produce to intervenors discovery regarding meetings and communications regarding any proposed settlement"); *Borup v. CJS Sols. Group, LLC,* 2019 WL 2137369, at *1 (D. Minn. May 16, 2019) ( "additional discovery on the reverse auction issue is needed before the settlement can be approved"). Here, there are such circumstances. Discovery is appropriate and should be permitted. *See Tomlinson* plaintiffs' Motion for Discovery filed contemporaneously herewith.

**B.     Criteria for Permissive Intervention Are Also Satisfied.**

This Court may also grant permissive intervention under Rule 24(b)(1) at its discretion. *N. Am. Meat Inst. v. Becerra*, 420 F. Supp. 3d 1014, 1020 (C.D. Cal. 2019). Permissive intervention usually requires: (1) an independent ground for jurisdiction; (2) timely motion; and (3) common question of law and fact between the movant's claim or defense and the main action. *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1253 (9th Cir. 2013). The Court also considers whether intervention "will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Here, the intervention motion was timely and there is no delay or prejudice for reasons addressed. And an independent jurisdictional basis is not required where proposed "intervenors do not seek to litigate a claim on the merits." *California Parents for Equalization of Educ. Materials v. Torlakson*, 2018 WL 3930141, at *5 (N.D. Cal. Aug. 16, 2018).

The last element is afforded "considerable breadth." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1047 (D.C. Cir. 1998). Both *Gilmore* and the *Tomlinson* case arise out of Monsanto's misrepresentations and omissions regarding Roundup's risks and consumers' resulting damage. This is more than sufficient to support permissive intervention. *E.g., Hilsley*, 2021 WL 2290782, at *7 (permitting intervention where actions involved, among other things, same defendants, same products, and same false advertising contention).

## CONCLUSION

*Tomlinson* plaintiffs respectfully requests intervention to oppose the proposed settlement and an opportunity to conduct limited discovery in to support thereof.

8

Dated: January 21, 2022                              Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

/s/ *Patrick J. Stueve*
Patrick J. Stueve, Mo. Bar #37682
Todd E. Hilton, Mo. Bar #51388
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
stueve@stuevesiegel.com
hilton@stuevesiegel.com

**GRAY, RITTER & GRAHAM, P.C.**
Don M. Downing, #30405 MO
Gretchen Garrison, #33963 MO
Cort A. VanOstran, #67276 MO
701 Market Street, Suite 800
St. Louis, Missouri 63101
Telephone: (314) 241-5620
Facsimile: (314) 241-4140
ddowning@grgpc.com
ggarrison@grgpc.com
cvanostran@grgpc.com

*Attorneys for Proposed Intervenors
Ryan Tomlinson and Carol Richardson*