UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION

Case No. 16-MD-2741-VC

THIS DOCUMENT RELATES TO

Bundy v. Monsanto, et al. 20-cv-06345-VC
_____/

## PLAINTIFFS' ROB BUNDY'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S FIRST REQUEST FOR ADMISSIONS

### GENERAL STATEMENT & OBJECTIONS

1. The following responses are based on information available as of the date hereof. Discovery is continuing. Further discovery, independent investigation and analysis may lead to the discovery of additional documents, supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to additions to, changes to or variations from the information herein set forth.

### REQUESTS

1. Admit that you have used, at any locations where you have resided or locations where you have worked, products responsive to Monsanto's Request for Inspection Numbers 4, 5, and 6, including but not limited to:

- Any agents and/or substances encountered through the course of employment in the lawn care/landscaping business;
- Any pesticides, insecticides, or rodenticides other that Glyphosate products;
- Any agent other than Glyphosate products with limited or sufficient evidence of carcinogenicity listed on the following website: http://monographs.iarc.fr/wp-content/uploads/2018/07/Table4.pdf or according to Plaintiffs' experts, including but not limited to:
    - Benzene and/or benzo[a]pyrene (e.g., paint, lacquer, varnish removers, gasoline, glues, paint thinner, furniture wax, vehicle exhaust, solvents, detergents, inks, adhesives, coatings, degreasing formulations);
    - Ethylene Oxide (e.g., antifreeze, detergents, Lysol, transmission fluid, adhesives, fumigants);
    - Styrene (e.g., floor waxes, printer cartridges, insulation, carpet backing, fiberglass);

01453701-1

- o Trichloroethylene (e.g., spot removers, paint strippers, adhesives, carpet cleaning fluid, aerosol cleaning products, tool cleaners)'
- PAH-emission sources (e.g., fumes emitted by automobiles, railways, ships, aircrafts, and other motor vehicles);
- Tobacco products;
- Products containing 1,3-butadiene (e.g., synthetic rubber products such as tires, resins, plastics, automobile exhaust; or
- Any chemicals and/or products other than Glyphosate products that contain ingredients allegedly associated with cancer or NHL by the California EPA or the National Toxicology Program. See, e.g., https://ntp.niehs.nih.gov/ntp/roc/content/listed_substances_508.pdf and https://oehha.ca.gov/media/downloads/proposition-65//p65list010320.pdf.

**RESPONSE: Objection, this request is grossly overbroad and not reasonably limited in time or scope. This case involves the question of whether or not the Defendants' product caused the Plaintiff's cancer. While Plaintiff's past use of some other products may be reasonably calculated to lead to the discovery of potentially relevant or admissible information – presumably Defendants would be looking at whether these other chemicals may have caused or contributed to the Plaintiff's cancer - the lack of any time parameters regarding this request makes the proposition that this request will elicit relevant or admissible information far less likely. Further, the list of products in this request is so general and contains so many products its overbreadth makes it extremely overburdensome and unlikely to obtain even theoretically useful information. For example, the first set of products listed in this request are** *"[a]ny agents and/or substances encountered through the course of employment in the lawn care/landscaping business."* **This request literally asks if the Plaintiff ever used, at any place he ever lived or worked, any agent or substance encountered through the course of his employment... literally any agent or substance. One could hardly invent a more broad or vague category of things than "any agent of substance." Air is a substance and the mere act of breathing appears to be logically included in this broad request. The answer to the request, is of course, yes, the Plaintiff encountered an agent or substance at some point through the course of running his landscaping business. This request is so vague and generic that it impossible for anyone who ever engaged in lawn care or landscaping not to answer yes to this. However, answering yes to such a vague request does nothing and can do nothing to provide any meaningful or relevant information. This generic request is just the tip of the iceberg as it relates to this very overbroad request. The request then goes on to list dozens of substances, and then reference outside lists of potentially hundreds of other substances, in what can only be described as a fishing expedition through any and all substances which even theoretically could be related to cancer without any care if they have ever been related to the kind of cancer at issue in this case. Further, this list also includes various scientific and uncommon names for chemicals which make it extremely overburdensome, if not impossible, for Plaintiff to respond if he ever (in his entire life) used a product that may have contained one or more of these chemicals or products.**

2.     Admit that no tests have been performed on you or samples collected from your body that show the presence of Glyphosate or Glyphosate products in your body at any time.

01453701-1

**RESPONSE:** Plaintiff would defer to his medical records and his treating physicians to respond to this request. Plaintiff has no personal knowledge of any tests having been performed on the Plaintiff or of any samples collected from Plaintiff's body which show the presence of Glyphosate or Glyphosate products.

3. Admit that you used products other than tobacco products that contain warnings regarding risk of cancer or proposition 65 warnings. See https://oehha.ca.gov/media/downloads/proposition-65//p65list010320.pdf.

**RESPONSE:** Objection, this request is grossly overbroad and not reasonably limited in time or scope. Plaintiff would restate and incorporate his responses to the Defendant's first request for admissions including the fact that this referenced list includes close to or more than a thousand products without any care if they have ever been related to the kind of cancer at issue in this case or the timing of when Plaintiff may or may not have used them. This list also includes various scientific and uncommon names for chemicals which make it extremely overburdensome, if not impossible, for Plaintiff to respond if he ever (in his entire life) used a product that may have contained one or more of these thousand chemicals.

4. Admit that you have no documents showing that you ever purchased Roundup-branded products

**RESPONSE: Denied.**

5. Admit that you used tobacco products prior to being diagnosed with NHL.

**RESPONSE: Admitted.** While Plaintiff was never a smoker, in his youth and in certain social settings, he smoked a few (less than twenty) cigarettes before permanently ceasing even this minor use.

6. If you admitted Request for Admission Number 5, admit that you were aware during the time you used the products that tobacco products may cause cancer.

**RESPONSE: Admitted.**

7. Admit that you have lived or worked, at any locations where you have resided or locations where you have worked, on a property that uses or used well water.

**RESPONSE: Admitted.**

8. Admit that you have lived or worked, at any locations where you have resided or locations where you have worked, on a property that is within one mile of any industrial and/or agricultural business or facility (e.g., manufacturing plants, chemical plants, power plants, refineries, landfills, farms, areas with livestock, barns or shelters, buildings with agricultural equipment or supplies).

01453701-1

RESPONSE: After a reasonably diligent inquiry the information available to me is insufficient to admit or deny this request.

9. Admit that you have lived or worked on a ship, commercial vessel, military base, or other military office.

RESPONSE: Denied

10. Admit that you have or had kept documents or communications including but not limited to logs, spreadsheets, diaries, journals, calendars, or chronologies reflecting pesticides that were applied at any agricultural properties worked on/owned over the past forty (40) years.

RESPONSE: Denied.

11. Admit that you have lived or worked, at any locations where you have resided or locations where you have worked, on a property that utilizes or utilized burn pits, or any other source of open- air trash combustion.

RESPONSE: Denied.

12. Admit that you have lived or worked, at any locations where you have resided or locations where you have worked, on a property where the source of water contained contaminants or required treatment for contaminants.

RESPONSE: Denied.

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed on 24 day of Jan , 2022, and was provided via email to Anthony N. Upshaw, Esq. and Melissa R. Alvarez, Esq., McDermott Will & Emery, LLP 333 SE 2nd Avenue, Suite 4500, Miami, FL 33131 (aupshaw@mwe.com) and (malvarez@mwe.com) and Joe G. Hollingsworth, Esq., Hollingsworth LLP, 1350 I Street N.W., Washington, D.C. 20005 (jhollingsworth@hollingsworthllp.com).

01453701-1

ICARD, MERRILL, CULLIS, TIMM,
FUREN & GINSBURG, P.A.
2033 Main Street, Suite 600
Postal Drawer 4195
Sarasota, Florida 34230
(941) 366-8100 - Phone
*(941) 366-6384 - Fax*

　/s/ Anthony J. Manganiello
ANTHONY J. MANGANIELLO, III, ESQ.
Florida Bar No. 0052307
Attorneys for Plaintiff, BUNDY

01453701-1