**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:   (713) 227-8008
Facsimile:   (713) 227-9508
Email:   jstubbs@shb.com

*Attorneys for Defendant*
BAYER CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No.: 3:22-cv-00306-VC |
| This document relates to: | |
| *John M. Cann v. Monsanto Company et al.* Case No. 3:22-cv-00306-VC | |

## BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Bayer Corporation, by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff John M. Cann's Complaint ("the Complaint"), except as set forth below. Bayer Corporation denies – and objects to – allegations by plaintiff that purport to lump Bayer Corporation together with other defendants. Bayer Corporation responds to this Complaint only on behalf of Bayer Corporation and not on behalf of any other defendant. Silence as to any allegations shall constitute a denial.

1. Bayer Corporation admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff. Bayer Corporation denies the remaining allegations in paragraph 1.

2. Bayer Corporation denies the allegations in paragraph 2.

3. The allegations in paragraph 3 set forth conclusions of law for which no response is required.

4. Bayer Corporation admits the allegations in paragraph 4.

5. The allegations in paragraph 5 set forth conclusions of law for which no response is required.

6. Bayer Corporation denies the allegations in paragraph 6.

7. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 7 and therefore denies those allegations. In response to the allegations in the second sentence of paragraph 7, Bayer Corporation admits that plaintiff purports to bring a claim for personal injuries, but denies any liability as to that claim. Bayer Corporation denies the remaining allegations in paragraph 7.

8. Bayer Corporation denies the allegations in paragraph 8.

9. The allegations in paragraph 9 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

10. In response to the allegations in the first sentence of paragraph 10, Bayer Corporation admits that it is an indirect, wholly-owned subsidiary of Bayer AG. The remaining allegations in the first sentence of paragraph 10 are vague and conclusory and comprise attorney characterizations and are accordingly denied. Bayer Corporation denies the remaining allegations in paragraph 10.

11. Bayer Corporation denies the allegations in paragraph 11.

12. In response to the allegations in paragraph 12, Bayer Corporation admits that it is authorized to do business in South Carolina. Bayer Corporation denies the remaining allegations in paragraph 12.

13. The allegations in paragraph 13 set forth conclusions of law for which no response is required.

14. Bayer Corporation denies the allegations in paragraph 14.

15. The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16. The allegations in paragraph 16 are vague and conclusory and comprise attorney

2

characterizations and are accordingly denied.

17. Bayer Corporation denies the allegations in paragraph 17.

18. The allegations in paragraph 18 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

19. The allegations in paragraph 19 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

20. The allegations in paragraph 20 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

21. Bayer Corporation admits the allegations in paragraph 21.

22. In response to the allegations in paragraph 22, Bayer Corporation admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 22 are vague and ambiguous and Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

23. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies those allegations.

24. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies those allegations.

25. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies those allegations.

26. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies those allegations

27. The allegations in paragraph 27 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

28. The allegations in paragraph 28 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

29. The allegations in paragraph 29 do not require a response from Bayer Corporation

because these allegations relate to a defendant other than Bayer Corporation.

30. The allegations in paragraph 30 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

31. The allegations in paragraph 31 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

32. The allegations in paragraph 32 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

33. The allegations in paragraph 33 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

34. Bayer Corporation admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic. The remaining allegations in paragraph 34 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

35. Bayer Corporation denies the allegations in paragraph 35.

36. Bayer Corporation denies the allegations in paragraph 36.

37. The allegations in paragraph 37 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

38. Bayer Corporation denies the allegations in paragraph 38.

39. The allegations in paragraph 39 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

40. Bayer Corporation denies the allegations in paragraph 40.

41. The allegations in paragraph 41 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

42. The allegations in paragraph 42 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

43. In response to the allegations in paragraph 43, Bayer Corporation admits that

Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling. The remaining allegations in paragraph 43 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

44. The allegations in paragraph 44 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

45. The allegations in paragraph 45 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

46. The allegations in paragraph 46 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

47. The allegations in paragraph 47 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

48. Bayer Corporation denies the allegations in paragraph 48.

49. Bayer Corporation denies the allegations in paragraph 49.

50. Bayer Corporation denies the allegations in paragraph 50.

51. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies those allegations.

52. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies those allegations.

53. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 53 and therefore denies those allegations. Bayer Corporation denies that there is any risk of NHL or other serious illness associated with or linked to the use of and/or exposure to Roundup®-branded products and glyphosate and, therefore, denies the remaining allegations in paragraph 53..

54. Bayer Corporation denies the allegations in paragraph 54.

55. Bayer Corporation denies the allegations in paragraph 55.

56. Bayer Corporation incorporates by reference its responses to paragraphs 1 through

55 in response to paragraph 56 of plaintiff's Complaint.

57. Bayer Corporation denies the allegation in paragraph 57.

58. Bayer Corporation denies the allegations in paragraph 58.

59. The allegations in paragraph 59 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

60. Bayer Corporation denies the allegation in paragraph 60.

61. Bayer Corporation denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in paragraph 61.

62. Bayer Corporation denies the allegations in paragraph 62.

63. Bayer Corporation denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer. The remaining allegations in paragraph 63 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

64. Bayer Corporation denies the allegations in paragraph 64.

65. The allegations in paragraph 65 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

66. Bayer Corporation denies the allegations in paragraph 66.

67. Bayer Corporation denies the allegations in paragraph 67.

68. Bayer Corporation denies the allegations in paragraph 68.

69. Bayer Corporation incorporates by reference its responses to paragraphs 1 through 68 in response to paragraph 69 of plaintiff's Complaint.

70. The allegations in paragraph 70 set forth conclusions of law for which no response is required.

71. Bayer Corporation denies the allegations in paragraph 71.

72. Bayer Corporation denies the allegations in paragraph 72, including each of its subparts.

73. Bayer Corporation denies the allegations in paragraph 73.

74. Bayer Corporation denies the allegations in paragraph 74.

75. Bayer Corporation denies the allegations in paragraph 75.

76. Bayer Corporation denies the allegations in paragraph 76.

77. Bayer Corporation incorporates by reference its responses to paragraphs 1 through 76 in response to paragraph 77 of plaintiff's Complaint.

78. Bayer Corporation denies the allegations in paragraph 78.

79. Bayer Corporation denies that Roundup®-branded products are Bayer Corporation's products and, therefore, denies the allegations in paragraph 79.

80. Bayer Corporation denies the allegations in paragraph 80.

81. Bayer Corporation denies the allegations in paragraph 81.

82. Bayer Corporation denies the allegations in paragraph 82.

83. Bayer Corporation denies the allegations in paragraph 83, including each of its subparts.

84. Bayer Corporation denies the allegations in paragraph 84.

85. Bayer Corporation denies that Roundup®-branded products have "dangerous characteristics" and that Roundup®-branded products are Bayer Corporation's products and, therefore, denies the allegations in paragraph 85.

86. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 86 and therefore denies those allegations.

87. Bayer Corporation denies the allegations in paragraph 87.

88. Bayer Corporation denies the allegations in paragraph 88.

89. Bayer Corporation denies the allegations in paragraph 89.

90. Bayer Corporation incorporates by reference its responses to paragraphs 1 through

1   89 in response to paragraph 90 of plaintiff's Complaint.

2   91.   Bayer Corporation denies the allegations in paragraph 91.

3   92.   Bayer Corporation denies the allegations in paragraph 92.

4   93.   Bayer Corporation denies the allegations in paragraph 93.

5   94.   Bayer Corporation denies the allegations in paragraph 94.

6   95.   Bayer Corporation denies the allegations in paragraph 95.

7   96.   Bayer Corporation denies the allegations in paragraph 96.

8   97.   Bayer Corporation denies the allegations in paragraph 97.

9   98.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 98 and therefore denies those allegations. Bayer Corporation denies the remaining allegations in paragraph 98.

12   99.   Bayer Corporation denies the allegations in paragraph 99.

13   100.   Bayer Corporation denies the allegations in paragraph 100.

14   101.   Bayer Corporation incorporates by reference its responses to paragraphs 1 through 100 in response to paragraph 101 of plaintiff's Complaint.

16   102.   Bayer Corporation denies the allegations in paragraph 102.

17   103.   Bayer Corporation denies the allegations in paragraph 103.

18   104.   Bayer Corporation denies the allegations in paragraph 104.

19   105.   Bayer Corporation denies the allegations in paragraph 105.

20   106.   Bayer Corporation denies the allegations in paragraph 106.

21   107.   Bayer Corporation denies the allegations in paragraph 107.

22   108.   Bayer Corporation denies the allegations in paragraph 108.

23   109.   Bayer Corporation denies the allegations in paragraph 109.

24   110.   Bayer Corporation denies the allegations in paragraph 110.

25   In response to the allegations in the section entitled "PRAYER FOR RELIEF," Bayer Corporation denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

**SEPARATE AND AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. Plaintiff's claims against Bayer Corporation are barred for lack of personal jurisdiction.

3. Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4. Any alleged negligent or culpable conduct of Bayer Corporation, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

5. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7. Any claims based on allegations that Bayer Corporation misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

8. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9. Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings

that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

12. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims in whole or in part.

13. Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

14. Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

15. If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Bayer Corporation is neither liable nor responsible or, in the alternative, Bayer Corporation is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bayer Corporation. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

16. Bayer Corporation had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

17. Bayer Corporation made no warranties of any kind or any representations of any nature whatsoever to plaintiff. If any such warranties were made, which Bayer Corporation specifically denies, then plaintiff failed to give notice of any breach thereof.

18. Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19. Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Bayer Corporation's due process, equal protection and other rights under the United States Constitution, the South Carolina Constitution, and/or other applicable state constitutions.

20. Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under South Carolina law and/or other applicable state laws.

21. Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including S.C. Code Ann. § 15-32-530.

22. Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

23. Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

24. Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

25. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

26. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bayer Corporation product.

27. Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28. Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

29. The South Carolina Unfair Trade Practices Act claim is barred by applicable law, including S.C. Code Ann. § 39-5-40(a).

30. Bayer Corporation hereby gives notice that it intends to rely upon such other

defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

WHEREFORE, Defendant Bayer Corporation demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Bayer Corporation demands a jury trial on all issues so triable.

DATED: January 25, 2022                Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: */s/ Jennise W. Stubbs*
    Jennise W. Stubbs
    600 Travis Street, Suite 3400
    Houston, TX 77002-2926
    Telephone:   (713) 227-8008
    Facsimile:    (713) 227-9508
    Email:         jstubbs@shb.com

*Attorneys for Defendant*
*BAYER CORPORATION*

## CERTIFICATE OF SERVICE

I certify that on the 25th day of January, 2022, I electronically transmitted the foregoing **BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

　　　　　　　　　　　　　　　　　　　　*/s/Jennise W. Stubbs*
　　　　　　　　　　　　　　　　　　　　Jennise W. Stubbs