IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Henry Cato v. Monsanto Co.*, Case No. 3:20-cv-01920-VC | |
| *Isaac W. Goble, Jr. v. Monsanto Co.*, Case No. 3:20-cv-04648-VC | |
| *Patsy W. Wix, as Personal Representative of the Estate of William Dennis Huskey v. Monsanto Co.*, Case No. 3:20-cv-02648-VC | |
| *Roy Rutland v. Monsanto Co.*, Case No. 3:20-cv-05372-VC | |
| *Kenneth C. Morris v. Monsanto Co.*, Case No. 3:20-cv-01957-VC | |
| *Charles Williams v. Monsanto Co.*, Case No. 3:20-cv-04758-VC | |

**PLAINTIFFS' WRITTEN RESPONSE TO PRETRIAL ORDER NO. 270**

The undersigned is lead counsel for the above-referenced cases. On January 21, 2022, the Court filed pretrial order number 270 requiring the attorneys for each plaintiff on the list at appendix 1 to file a written response to that order, giving cause why sanctions should not be issued for failure to timely submit information to the special settlement master. The above-referenced cases are on that list. As such, the undersigned submits this response to the Court's show cause order on behalf of all above-listed plaintiffs.

1

**Written response:**

The undersigned represents the above-listed individuals as well as one other plaintiff, Randy Isbell, who is not subject to PTO 270. The undersigned is also responsible for the above-referenced plaintiffs not having timely submitted the material requested by Mr. Feinberg in the time requested. The undersigned takes full responsibility for the missed deadline. It was an unintentional oversight on plaintiffs' counsel's part in overlooking that the deadlines were court-ordered and subject to PTO 240. The ball was dropped, and the undersigned seeks the mercy of the Court for that error on behalf of these plaintiffs. Specifically, the undersigned respectfully requests a retroactive extension of time to submit the materials which, as of the date of this response, have all been submitted to Mr. Feinberg's office.

In support of this request, plaintiffs' counsel would show the Court as follows:

1. All of the material requested by Mr. Feinberg's office for the above-referenced matters has been submitted and my office has received confirmation emails from his office to that effect. (*See* Ex. 1, Decl. of Moore, ¶¶ 2, 3).

2. The oversight on plaintiffs' counsel was a mistake – it was not intentional or a result of gross neglect or failure to prosecute. Upon seeing the Court's PTO 270, my office immediately realized our error, pulled together the necessary information, and submitted it to Mr. Feinberg's office.

3. These cases are included in Wave 4 and, as such, my office has been actively engaged in discovery in each of these matters over the last 2-3 months.

4. For example, my office has participated in the scheduling, preparation, and completion of the following depositions: Deposition of Randy Isbell on November 4, 2021; Deposition of Patsy Wix, as Personal Representative for the Estate of William Huskey on November

9, 2021; Deposition of Charles Williams on November 10, 2021; Deposition of Kenneth Morris on November 11, 2021; Deposition of Helen Morris on November 11, 2021; Deposition of Roy Rutland on November 18, 2021; Deposition of Jane Isbell on November 24, 2021; Deposition of Henry Cato on November 30, 2021; Deposition of Vivian Rutland on December 7, 2021; and Deposition of Tammy Martin, as Personal Representative for the Estate of Isaac Goble, Jr. on January 12, 2022. (Ex. 1 at ¶ 5).

5. We currently have the depositions of numerous treating physicians of Plaintiffs currently scheduled including: deposition of James McClain, M.D., who is the treating physician for Plaintiff Randy Isbell, scheduled for February 2, 2022; deposition of Rajeev Malik, who is the treating physician of Plaintiff Randy Isbell, scheduled for February 3, 2022; deposition of Phillip Baldwin, M.D., who is the treating physician for Plaintiff Charles Williams, scheduled for February 10, 2022; deposition of Jill Sullivan, M.D., who is the treating physician for Plaintiff Charles Williams, scheduled for February 11, 2022; and deposition of Laurence Ballou, Jr., M.D., who is the treating physician for Plaintiff Kenneth Morris, scheduled for February 23, 2022; and deposition of Darren Mullins, M.D., who is the treating physician of Plaintiff Kenneth Morris, scheduled for February 23, 2022. (Ex. 1 at ¶ 6).

6. We are working with defense counsel to reschedule the depositions of Sydney Welt, M.D. and Daud Nawabi, M.D., who are treating physicians for Plaintiff Roy Rutland. (Ex. 1 at ¶ 7).

7. We received our letters from Mr. Feinberg on or around October 27, 2021 and were asked to provide the material within forty-five days. (Ex. 1 at ¶ 4). The due date for the material to be submitted to Mr. Feinberg was on December 13, 2021.

8. The oversight in not complying was neither intentional or done for the purpose of delay. While in the process of trying to get the plaintiffs' depositions set and get our clients prepared, the undersigned dropped the ball on the timely responses to Mr. Feinberg's letters.

9. We have been actively preparing these cases to meet all the Wave 4 deadlines and have otherwise timely met all other deadlines in these cases (submission of required plaintiff facts sheets, amended PFSs, and supplemental discovery responses).

10. To my knowledge, we have not delayed the litigation of any of these matters and have met, without the need to reschedule, most dates requested by defense counsel.

11. We have not sought any prior extension of time or caused, to our knowledge, any delay in the efficient administration of these actions or the MDL.

Under Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court. "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.' " *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)); *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002)).

The public's interest in expeditious litigation always favors dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Similarly, the public policy favoring disposition of cases on their merits strongly weighs against dismissal. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Dismissal

under Rule 41(b) generally requires either a finding that four factors favor dismissal or that three factors strongly support dismissal. *See generally Ferdik*, 963 F.2d at 1263; *Yourish*, 191 F.3d at 990. Consideration of the factors here ultimately weigh against dismissal of these claims.

The second factor, the court's need to manage its docket, does not weigh strongly in favor of dismissal here. Plaintiffs' counsel's error, while careless, was not intentional or designed to delay these cases. The error has not slowed the overall MDL process or delayed the litigation of these six matters. Under the current Scheduling Order applicable to these Wave 4 cases, the parties have ample time to complete fact and expert discovery with dispositive briefs not due until September 2022. *See* ECF Doc. 14475. And these cases have been actively litigated since the time the Wave 4 was created. The materials were submitted to Mr. Feinberg's office approximately six weeks late. To the extent plaintiffs' counsel's error has created an unforeseen delay to the Court's management of the docket, he is sincerely apologetic. But upon belief, that delay has not created a delay in the Wave 4 litigation or plaintiffs' prosecution of these underlying cases on the merits – the primary concern of the Court as set forth in pretrial order number 240. Because a delay in the litigation of these cases has not occurred due to plaintiffs' counsel's error, this factor does not weigh strongly in favor of dismissal. Plaintiffs respectfully request the Court permit the late submission of the materials to Mr. Feinberg, as has been completed, and continue to litigate these cases on the merits.

The third factor is the risk of prejudice to the defendant. This factor weighs against dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d at 1227. Here plaintiffs' delay has not impaired the defendant's ability to prepare for or go to trial or otherwise interfered with the

litigation of these cases. On January 11, 2022, Monsanto moved for an extension of time of the Wave 4 deadlines after conferring with Wave 4 counsel, including the undersigned, who agreed to the requested extension. *See* ECF Doc. 14467, fn. 1 (the undersigned is formerly of the Richardson Patrick firm listed in the footnote, although the firm is now known as Richardson Thomas). In the request it notes that over thirty plaintiff depositions remain to be taken. All of the above plaintiffs, however, have been deposed with the final one, Ms. Martin, being deposed the day following the filing of the motion. Plaintiffs' counsel has arranged to participate in six treating physician depositions requested by Monsanto, (save two that are still being arranged) between now and the end of February 2022. The need for this extension was not caused by plaintiffs' counsel's delay in submitting the requested material to Mr. Feinberg's offices, and plaintiffs' counsel has been actively engaged in participating in the Wave 4 discovery process. As such, this factor weighs against dismissal.

The final factor, the availability of less drastic alternatives, also weighs against dismissal. "Dismissal with prejudice of a complaint under Rule 41(b) is a harsh remedy" requiring the consideration of less drastic alternatives prior to dismissal. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). While it is true plaintiffs' counsel should have been on notice of the Court's order at PTO 240 – a warning that can be considered a less drastic alternative than dismissal – plaintiffs' counsel's oversight and delay was corrected within seven days of receiving PTO 270. To be sure, the undersigned is embarrassed and chastened before the Court. But plaintiffs' counsel respectfully submits a less drastic alternative would be to permit a retroactive extension of time to plaintiffs to submit the necessary materials to Mr. Feinberg – which has been done – and allow plaintiffs to continue pursuing these claims on the merits as they have been actively doing. Should the Court deem this less drastic alternative insufficient, the undersigned proposes that a less drastic

alternative would be to sanction the undersigned in some manner. But, respectfully, plaintiffs' counsel submits dismissal with prejudice is too harsh a result where, as here, there is a lack of delay or prejudice to the defendant in the underlying litigation of these claims. The undersigned can assure the Court no further delay or oversight in the above-referenced matters will be seen. And he respectfully begs the Court's pardon and apologizes for the oversight in this matter.

In conclusion, because at least three factors weight against dismissal and less drastic alternatives are available, plaintiffs respectfully request the Court permit the late submission of materials to the special settlement master, Mr. Feinberg, and not dismiss these cases with prejudice.

|  |  |
|---|---|
| Most respectfully, | **RICHARDSON THOMAS HALTIWANGER MOORE & LEWIS, LLC** |
|  | _s/Chris Moore_ |
|  | Chris Moore |
|  | Dan Haltiwanger |
|  | 1513 Hampton Street |
|  | Columbia, South Carolina 29201 |
|  | T: 803.281.8150 |
|  | Chris@richardsonthomas.com |
|  | Dan@richardsonthomas.com |

January 28, 2022