**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax: 202-942-5999

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax: 202-682-1639

*Attorneys for Defendant Bayer AG*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 <br> ) <br> ) Case No. 3:16-md-02741-VC <br> ) |
| THIS DOCUMENT RELATES TO: <br><br> *Ralph Applegate v. Bayer AG*, <br> Case No. 3:19-cv-06800-VC | ) <br> ) <br> ) **DEFENDANT BAYER AG'S REPLY IN** <br> ) **SUPPORT OF MOTION FOR JUDGMENT** <br> ) **ON THE PLEADINGS** <br> ) <br> ) Date:          February 24, 2022 <br> ) Time:         10:00 a.m. <br> ) Courtroom:  4 |

**Introduction**

Bayer AG's Memorandum of Points and Authorities in support of the Motion for Judgment on the Pleadings ("Bayer AG's Memorandum"), ECF No. 20, demonstrated that Plaintiff cannot satisfy his burden of establishing that he properly served Bayer AG. As predicted, Plaintiff's Response to Bayer's AG's Motion for Judgment on the Pleadings ("Plaintiff's Opposition"), ECF No. 21, fails to satisfy Plaintiff's burden regarding service of process, so the Court should dismiss this case on that basis (without reaching Bayer AG's alternative argument regarding lack of personal jurisdiction). Bayer AG's Memorandum demonstrated, in the alternative, that the Court should dismiss this lawsuit because Plaintiff cannot satisfy his burden of establishing that the Court has personal jurisdiction over Bayer AG. Indeed, Plaintiff's Memorandum also fails to satisfy that burden, so, if the Court reaches that argument, this case should be dismissed on that basis.

**Argument**

*First*, Bayer AG's Memorandum showed that this Court is required to apply Ohio law regarding service of process when deciding this motion and that Ohio law required Plaintiff to effect service of process on Bayer AG in compliance with the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention"), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638. Plaintiff's Opposition does not dispute these well-established legal principles.

Instead, Plaintiff suggests that he was not aware that the Hague Service Convention applied to this case, *see* Plaintiff's Opposition ¶ 6, but that argument lacks merit. Plaintiff does not, and cannot, show that the Hague Service Convention has an exception for plaintiffs who are unaware of that treaty. The fact that Bayer AG is a German company would have been easy for Plaintiff to determine from publicly available information before he attempted to effect service

of process on Bayer AG – and the Hague Service Convention should be considered whenever a plaintiff needs to serve a complaint on a corporate defendant that is not a U.S.-based corporation. Moreover, the requirement for effecting service of process on foreign corporations via the Hague Service Convention is not a new feature of Ohio law.  *See* Bayer AG's Memorandum at 5-6 (citing, *inter alia*, *Ward v. Ludwig*, 778 N.E.2d 650 (Ohio Ct. App. 2002)).[1]

Plaintiff also misses the mark by responding to the Declaration of Keith R. Abrams ("Abrams Declaration"), ECF No. 20-1, which establishes that: (a) the Pittsburgh address to which the Summons and Complaint were sent in 2019 is not, was not during 2019, and has not been for many years before 2019 Bayer AG's address; (b) at no time from January 1999 to the present has Bayer AG had an office in Pittsburgh or a registered agent for service of process in Pittsburgh; and (c) Bayer AG's address currently is, was during 2019, and has been for many years before 2019 in Leverkusen, Germany.  Plaintiff asserts – without any support – that this information is irrelevant, *see* Plaintiff's Opposition ¶ 7, but that is incorrect.  The key issue here is whether that Pittsburgh address was Bayer AG's address when the Summons and Complaint were sent to that address.  The Abrams Declaration conclusively addresses that issue, and Plaintiff cannot avoid the impact of that declaration by asserting that it is irrelevant.[2]

---

[1] Thus, any arguments by Plaintiff regarding the prior or current version of Ohio's long-arm statute are not relevant to the issue of whether he was required to effect service of process on Bayer AG via the Hague Service Convention.

[2] Plaintiff suggests that Mr. Abrams is a Bayer AG employee, Plaintiff's Opposition ¶ 7, but that is incorrect and erroneously conflates Bayer AG with its U.S.-based subsidiaries, *see* Abrams Declaration ¶¶ 2-3.  In addition, Plaintiff says that the Abrams Declaration states that "[a]t no time during [*sic*] term of my employment (January, 1999 to [*sic*] present) has [*sic*] 100 Bayer Road address in Pittsburgh, Pennsylvania been ***Bayer's address***," Plaintiff's Opposition ¶ 7 (quoting Abrams Declaration ¶ 5; emphasis added), but that quotation confuses the record by omitting an important part of the Abrams Declaration.  In fact, that declaration says ". . . been Bayer AG's address" – not ". . . been Bayer's address."  The point is that the Pittsburgh address to which the Summons and Complaint were sent was ***not*** Bayer AG's address.

Moreover, Plaintiff's reliance on information from a website that is not a Bayer AG website, *see* Plaintiff's Opposition ¶ 10 & Plaintiff's Exhibit 36, is misplaced.  Exhibit 36 is a print-out from a website (www.corporateofficeheadquarters.com) that appears to collect information about corporations, but Plaintiff has not established – and cannot establish – that Bayer AG (or any company affiliated with Bayer AG) has ever owned or controlled that website.[3]  Plaintiff's unsupported assertion that "Bayer USA Corporate Office Headquarters HQ continues to ***advertise*** 100 Bayer Road as their American headquarters," Plaintiff's Opposition ¶ 10 (emphasis added), mischaracterizes the website print-out and is incorrect.  This website does not state that Bayer AG has ever advertised on the website; does not disclose the source or basis for the statement regarding "Bayer USA Corporate Office Headquarters HQ," and does not distinguish among Bayer AG and its U.S.-based subsidiaries.  Thus, this print-out fails to rebut the evidence presented in the Abrams Declaration.  In addition, the header on the print-out has a 2013 date, which suggests that the address is based on outdated information.  In sum, the most likely explanation for this print-out is that the website erroneously conflates Bayer AG with a U.S.-based subsidiary of Bayer AG.  That conclusion is consistent with Mr. Abrams' sworn statements about the 100 Bayer Road address in Pittsburgh.  *See* Abrams Declaration ¶¶ 4-5.  Plaintiff's Opposition presents no evidence to rebut the Abrams Declaration, so Plaintiff has failed to satisfy his burden of establishing that he served Bayer AG via the Hague Service Convention.

Finally, Plaintiff asserts that he "served" the summons on Werner Baumann by e-mail on

---

[3] The "About Us" section of this website states: "Many companies do their best to hide their corporate contact information in layer after layer of web pages. Also, they make you navigate frustrating phone trees just to reach a live person. [¶] CorporateOfficeHeadquarters.com is dedicated to make those numbers front and center and easy to find. We also provide helpful tips to actually reach a live person without going through 5 or 6 steps of phone messages." www.corporateofficeheadquarters.com (last visited January 30, 2022).

January 11, 2022, Plaintiff's Opposition ¶ 11, but even if that is accurate, that argument is lacks merit. Sending an e-mail to Mr. Baumann (Chairman of the Board for Bayer AG) does not comply with Hague Service Convention. Accordingly, the e-mail that Plaintiff allegedly sent to Mr. Baumann does not satisfy Plaintiff's burden of establishing that he effected proper service of process on Bayer AG via the Hague Service Convention, as required by Ohio law.

*Second*, in the alternative, Plaintiff's Opposition fails to satisfy his burden of establishing that this Court can assert personal jurisdiction over Bayer AG in this case. Bayer AG's Memorandum showed that there is no basis for this Court to assert general personal jurisdiction over Bayer AG in this case because, as a German company, Bayer AG is not "at home" in Ohio within the meaning of *Daimler AG v. Bauman*, 571 U.S. 117 (2014), and *BNSF Railway Co. v. Tyrrell*, 137 S. Ct. 1549 (2017). Plaintiff's Opposition does not contend otherwise.

Bayer AG's Memorandum also showed that, based on due process principles addressed in Supreme Court case law, this Court cannot assert specific personal jurisdiction over Bayer AG because it did not engage in any "suit-related conduct" that "create[d] a substantial connection with [Ohio]." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Plaintiff's only response – an outlandish conspiracy accusation that is not supported by any evidence – and fails to satisfy Plaintiff's specific-personal-jurisdiction burden. Plaintiff asserts that "Bayer AG and Monsanto recently accepted millions of dollars from Scotts Co., of Marysville, Ohio, in a joint conspiracy to mix inorganic arsenic with Roundup for selling Roundup in Ohio and all other states and worldwide." Plaintiff's Opposition ¶ 13.[4] This accusation is similar to an allegation made in Plaintiff's Complaint, *see* Complaint ¶ 4 (making allegation regarding arsenic and alleging that "[a]fter May 20, 2015, under agreement, Scott's Miracle-Gro Co., Marysville, Ohio, will have

---

[4] Lest Plaintiff misconstrue this argument as an implicit admission, Bayer AG denies his allegations.

paid Monsanto Co., a one-time upfront payment of $300 million for a Roundup brand license, extended agency and technology agreement"), ECF No. 1-1, but that allegation focuses on Monsanto Company ("Monsanto") without making any allegation regarding Bayer AG.  These unfounded allegations cannot satisfy Plaintiff's specific-personal-jurisdiction burden because the relationship among Bayer AG, Ohio, and this lawsuit must arise out of contacts that Bayer AG itself created with Ohio, *see Walden*, 571 U.S. at 284, and the Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between . . . third parties . . . and the forum State," *id.*, so Plaintiff's allegation regarding a Monsanto/Scotts agreement is unavailing.  Moreover, Bayer AG showed that Plaintiff's alleged exposure to Monsanto's Roundup®-branded herbicides occurred in 2008 and 2009; that he allegedly was diagnosed with NHL in 2009; and that the transaction that resulted in Monsanto becoming an indirect, wholly-owned subsidiary occurred in 2018.  *See* Bayer AG's Memorandum at 2-3, 11 & n.8.  Plaintiff's Opposition does not contend otherwise.  Accordingly, any non-plaintiff-specific conduct involving Roundup®-branded herbicides that even arguably could be attributed to Bayer AG occurred long after Plaintiff was allegedly exposed to and injured by Roundup®-branded herbicides, so Bayer AG did not engage in any "suit-related conduct" that created a substantial connection with Ohio, as required by due process principles addressed in the Supreme Court's *Walden* ruling.[5]

---

[5] Regardless of which version of Ohio's long-arm statute (which was amended in 2021 to expand its scope to reach the personal jurisdiction limits set by the United States Constitution) applies to the personal jurisdiction arguments at issue here, this Court cannot assert personal jurisdiction over Bayer AG in this case.  Even assuming for the sake of argument that Ohio's long-arm statute would give this Court a basis to assert personal jurisdiction over Bayer AG, the due process principles addressed in binding Supreme Court cases nevertheless preclude this Court from asserting personal jurisdiction over Bayer AG.  *See, e.g.*, *Conn v. Zakharov*, 667 F.3d 705, 711-12 (6th Cir. 2012) (discussing prior version of Ohio's long-arm statute and stating that, "if [personal] jurisdiction is not proper under the Due Process Clause[,] it is unnecessary to analyze jurisdiction under the state long-arm statute") (citing cases).

**Conclusion**

For the foregoing reasons and those set forth in Bayer AG's Memorandum, the Court should dismiss this lawsuit because Plaintiff has failed to satisfy his burden of establishing that he properly effected service of process on Bayer AG via the Hague Service Convention, as required by Ohio law. In the alternative, the Court should dismiss this case because Plaintiff has failed to satisfy his burden of establishing that this Court can assert personal jurisdiction over Bayer AG.

DATED:  January 31, 2022

Respectfully submitted,

/s/ *Eric G. Lasker*

William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax:  202-942-5999

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax:  202-682-1639

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
WILKINSON STEKLOFF LLP
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax:  202-847-4005

*Attorneys for Defendant Bayer AG*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of January, 2022, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record and was sent by first-class mail, postage pre-paid:

Ralph Applegate
1544 Zettler Road
Columbus, OH  43227

/s/ *Eric G. Lasker*
Eric G. Lasker
HOLLINGSWORTH LLP