1  **SHOOK, HARDY & BACON L.L.P.**
   Jennise W. Stubbs
2  600 Travis Street, Suite 3400
   Houston, TX 77002-2026
3  Telephone:     (713) 227-8008
   Facsimile:     (713) 227-9508
4  Email:         jstubbs@shb.com

5  *Attorneys for Defendant*
   *MONSANTO COMPANY*
6

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10 | IN RE: ROUNDUP PRODUCTS      | MDL No. 2741
   | LIABILITY LITIGATION        |
11 |                             | Case No. 3:16-md-02741-VC

12 | This document relates to:

13 | *David Seleroe v. Monsanto Co.*,
   | Case No. 3:21-cv-09840-VC
14

15

16              **MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

17         Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company
18 ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations
19 contained in plaintiff Charles Seaman's Complaint ("the Complaint"), except as set forth below. As
20 defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a
21 United States based company incorporated in Delaware, and not to other Monsanto-affiliated
22 companies. Silence as to any allegations shall constitute a denial.

23         1.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of
24 the allegations of paragraph 1 and therefore denies those allegations.

25         2.   Monsanto admits the allegations in paragraph 2.

26

27

28

3. In response to the allegations in paragraph 3, Monsanto admits that it has sold Roundup®-branded products in Iowa. The remaining allegations in paragraph 3 set forth conclusions of law for which no response is required.

4. The allegations in paragraph 4 set forth conclusions of law for which no response is required. To the extent that a response is required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiff's complaint.

5. In response to the allegations in paragraph 5, Monsanto admits that it has developed, designed, manufactured, marketed, and sold Roundup®-branded products.

6. In response to the allegations in paragraph 6, Monsanto admits that lawsuits have been filed against Monsanto alleging claims of strict liability and negligence related to Monsanto's Roundup® products.

7. In response to the allegations in paragraph 7, Monsanto states that the referenced court records speak for themselves and do not require a response. To the extent that a response is deemed required, Monsanto objects that paragraph 7 does not comply with Rule 10(b) of the Federal Rules of Civil Procedure, denies the lawsuits referenced in paragraph 7 all include the same allegations and, therefore, denies the allegations in paragraph 7

8. In response to the allegations in paragraph 8, Monsanto denies that all of the contents of paragraph 7 are true and responds to each subpart of paragraph 7 as follows:

- In response to the allegations in section (a) of paragraph 7, Monsanto admits that it discovered the herbicidal properties of glyphosate in the 1970s.

- In response to the allegations in subpart (b) of paragraph 7, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products.

- In response to the allegations in subpart (c) of paragraph 7, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of

these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") studies. To the extent that the allegations in subpart (c) of paragraph 7 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

- In response to the allegations in subpart (d) of paragraph 7, Monsanto denies the allegations to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid. As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in part (d) of paragraph 7 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations also are denied.

- In response to the allegations in subpart (e) of paragraph 7, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

- In response to the allegations in subpart (f) of paragraph 7, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.

- In response to the allegations in subpart (g) of paragraph 7, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.
- In response to the allegations in subpart (h) of paragraph 7, Monsanto admits the EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.
- In response to the allegations in subpart (i) of paragraph 7, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost. To the extent that the allegations in subpart (i) of paragraph 7 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.
- Monsanto denies the allegations in subpart (j) of paragraph 7.
- In response to the allegations in subpart (k) of paragraph 7, Monsanto states that the term "toxic" as used subpart (k) of paragraph 7 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.
- In response to the allegations in subpart (l) of paragraph 7, Monsanto admits that the New York Attorney General ("NYAG") filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto. Monsanto states that none of the NYAG's allegations related in any way to a purported or alleged risk of cancer.
- In response to the allegations in subpart (m) of paragraph 7, Monsanto admits it entered into an assurance of discontinuance with the NYAG. The assurance speaks for itself and thus does not require any further response.
- Monsanto denies the allegations in subpart (n) of paragraph 7.
- In response to the allegations in subpart (o) of paragraph 7, Monsanto admits that IARC classified glyphosate as a Group 2A agent in March 2015.

- In response to the allegations in subpart (p) of paragraph 7, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, but denies that there is any scientific basis for the concerns raised by the improper IARC classification.

- In response to the allegations in subpart (q) of paragraph 7, Monsanto admits that the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the weight or quality of the evidence considered by IARC. Monsanto further states that this decision was not based upon any independent scientific analysis of glyphosate but instead was in response to a provision of a California ballot proposition triggering such action based solely upon the IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to pose a cancer hazard to humans."[1] Monsanto contends that OEHHA's decision that it was required to list glyphosate violates the United States Constitution and the California Constitution. On February 26, 2018, a federal district court enjoined California from requiring Proposition 65 warning labels for glyphosate as unconstitutional.

- In response to the allegations in subpart (r) of paragraph 7, Monsanto admits that it has brought a lawsuit challenging OEHHA's notice of intent to include glyphosate on its Proposition 65 list.

Monsanto denies the remaining allegations in paragraph 8.

---

[1] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007), https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907.pdf.

9. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies those allegations.

10. Monsanto denies the allegations in paragraph 10.

11. Monsanto incorporates by reference its responses to paragraphs 1 through 10 in response to paragraph 11 of plaintiff's Complaint.

12. Monsanto denies the allegations in paragraph 12.

13. Monsanto denies the allegations in paragraph 13.

14. Monsanto denies the allegations in paragraph 14.

15. Monsanto denies the allegations in paragraph 15 and its subparts.

In response to the "WHEREFORE" paragraph following paragraph 15, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

16. Monsanto incorporates by reference its responses to paragraphs 1 through 15 in response to paragraph 16 of plaintiff's Complaint.

17. Monsanto denies the allegations in paragraph 17.

18. Monsanto denies the allegations in paragraph 18.

19. Monsanto denies the allegations in paragraph 19.

20. Monsanto denies the allegations in paragraph 20. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

21. Monsanto denies the allegations in paragraph 21. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

22. Monsanto denies the allegations in paragraph 22.

23. Monsanto denies the allegations in paragraph 23 and its subparts.

In response to the "WHEREFORE" paragraph following paragraph 23, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

24. Monsanto incorporates by reference its responses to paragraphs 1 through 23 in response to paragraph 24 of plaintiff's Complaint.

25. The allegations in paragraph 25 set forth conclusions of law for which no response is required.

26. Monsanto denies the allegations in paragraph 26 and its subparts.

27. Monsanto denies the allegations in paragraph 27.

28. Monsanto denies the allegations in paragraph 28 and its subparts.

In response to the "WHEREFORE" paragraph following paragraph 28, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

29. Monsanto incorporates by reference its responses to paragraphs 1 through 28 in response to paragraph 29 of plaintiff's Complaint.

30. In response to the allegations in paragraph 30, Monsanto admits that it has sold Roundup®-branded products in accordance with their EPA-approved labeling. The allegations in paragraph 30 regarding express warranties set forth conclusions of law for which no response is required.

31. Monsanto denies the allegations in paragraph 31 and each of its subparts.

32. Monsanto denies the allegations in paragraph 32.

33. Monsanto denies the allegations in paragraph 33.

34. Monsanto denies the allegations in paragraph 34 and each of its subparts.

In response to the "WHEREFORE" paragraph following paragraph 34, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC   &   3:21-cv-09840-VC

1. Monsanto incorporates by reference its responses to paragraphs 1 through 34 in response to the Complaint's second-numbered paragraph 1.

2. The allegations in the Complaint's second-numbered paragraph 2 set forth conclusions of law for which no response is required.

3. Monsanto denies the allegations in the Complaint's second-numbered paragraph 3.

4. Monsanto denies the allegations in the Complaint's second-numbered paragraph 4.

5. Monsanto denies the allegations in the Complaint's second-numbered paragraph 5 and each of its subparts.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6. Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8. Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12. Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13. Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14. If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are

not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15. Monsanto has no current or former legal relationship or privity with plaintiff and owed no duty by which liability could be attributed to it.

16. Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff. If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17. Plaintiff has failed to allege fraud with sufficient particularity.

18. Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19. Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Iowa Constitution, and/or other applicable state constitutions.

20. Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Iowa law, and/or other applicable state laws.

21. Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

22. Plaintiff's claims are barred in whole or in part by plaintiff's contributory/ comparative negligence.

23. Plaintiff's claims are barred in whole or in part by plaintiff's failure to mitigate damages.

24. Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

25. To the extent that plaintiff recovered payments for the alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

26. If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

27. Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28. Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

29. Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

WHEREFORE, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED: February 3, 2022.                    Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: */s/ Jennise W. Stubbs*
    Jennise W. Stubbs
    600 Travis Street, Suite 3400
    Houston, TX 77002-2926
    Telephone:  (713) 227-8008
    Facsimile:  (713) 227-9508
    Email:      jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

# CERTIFICATE OF SERVICE

I certify that on the 3rd day of February, 2022, I electronically transmitted the foregoing **MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs