IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: Todd Wolfenbarger v. Monsanto Co., Case No. 3:19-cv-06822-VC | |

**PLAINTIFF'S WRITTEN RESPONSE TO PRETRIAL ORDER NO. 270**

Plaintiff, Todd Wolfenbarger, by and through his undersigned counsel, hereby files this written Response to this Honorable Court's Order No. 270 dated January 21, 2022 and states as follows:

1. The above referenced case was included on Appendix 1 of the Court's Order No. 270 as one in which the Plaintiff had not submitted information to the Special Master for participation in the Independent Roundup Settlement Program.

2. The undersigned firm represents the Plaintiff in this case and is responsible for the failure to timely submit the material requested by the Special Master.

3. The undersigned accepts full responsibility for the missed deadline. It was an unintentional oversight on counsel's part in overlooking that the deadlines were court-ordered and subject to PTO 240.

4. Upon receipt of this Court's Order No. 270, the undersigned's office immediately recognized the failing and began the process of compiling the voluminous information requested by the Special Master, and at this time, all information sought by the Special Master has been furnished.

5. The undersigned seeks the mercy of the Court for the error on behalf of Plaintiff, Mr. Wolfenbarger.

6. The undersigned would point out to the Court that the oversight was not intentional or in any way an attempt to delay prosecution of this case. To the contrary, the deposition of Plaintiff has been taken and additional depositions of Plaintiff's spouse and multiple treating physicians are scheduled to take place next week and in the week thereafter. Additionally, Plaintiff has provided timely responses to written discovery, including Requests for Admissions, Interrogatories, Requests for Inspection of Tangible Goods, and Requests for Entry Upon Plaintiff's Property. In short, Plaintiff and his counsel have worked diligently with counsel for Defendant in all respects to facilitate the timely prosecution of this case.

7. Pursuant to Rule 41(b), Federal Rules of Civil Procedure, the district court may dismiss an action for failure to comply with any order of the court. "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)); *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002)).

8. Plaintiff respectfully submits that the delay in providing the information to the Special Master for participation in the Independent Roundup Settlement Program has not resulted in any prejudice to the parties nor disruption to the efficient administration of this action or the companion cases.

9. Plaintiff also respectfully submits that the disposition of this case should be based on its merits, and when considering the factors set forth in *Thompson*, the admitted failure by the undersigned does not warrant such a harsh sanction as dismissal. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) ("Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances.").

WHEREFORE, Plaintiff respectfully requests this Court forgive the inadvertent oversight on the part of Plaintiff's counsel, excuse the delay in submitting the information to the Special Master and grant any further relief as the Court deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed and a copy hereof has been furnished to Anthony R. Martinez, Esq. (amartinez@shb.com), SHOOK, HARDY & BACON L.L.P., 2555 Grand Blvd., Kansas City, MO 64108 and Joe G. Hollingsworth (pro hac vice) (jhollingsworth@hollingsworthllp.com) Eric G. Lasker (pro hac vice) (elasker@hollingsworthllp.com) HOLLINGSWORTH LLP, 1350 I Street, N.W., Washington, DC 20005, this 4th day of February, 2022.

**ABBOTT LAW GROUP, P.A.**

   */s/ F. Catfish Abbott*
**F. CATFISH ABBOTT, ESQUIRE**
Florida Bar No.: 265292
**DAVID J. ANDERSON, ESQUIRE**
Florida Bar No.: 0173053
2929 Plummer Cove Road
Jacksonville, FL 32223
Telephone: (904) 292-1111
Facsimile: (904) 292-1220
E-mail: danderson@abbottlawpa.com
          tmarchetti@abbottlawpa.com
*Attorneys for Plaintiff*