# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT GILMORE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> MONSANTO COMPANY, <br><br> Defendant. | MDL No. 2741 <br><br> Case No. 3:21-cv-08159 <br><br> **DECLARATION OF JOHN J. ROSENTHAL IN SUPPORT OF MONSANTO COMPANY'S CONSOLIDATED OPPOSITION TO TOMLINSON AND RICHARDSON'S MOTIONS TO INTERVENE AND FOR DISCOVERY** |

I, John J. Rosenthal, hereby declare:

1. I am a partner of the firm Winston & Strawn LLP and counsel for Defendant Monsanto Company. I submit this declaration in support of Monsanto's concurrently filed opposition to Ryan Tomlinson and Carol Richardson's ("Movants") motions to intervene and for discovery.

2. I have been engaged in the practice of law for over thirty years. During that time, a substantial portion of my practice has been the defense of class action claims. In addition to my practice of law, I am engaged in education of the bench and bar on a wide array of issues relating to complex civil litigation. I have been involved in numerous class settlements over the years. Until the instant motion by plaintiffs, I have never been involved in any allegation of collusion or a reverse action. Such allegations are without merit and slanderous.

3. On June 25, 2021, I received the email attached hereto as **Exhibit A** from Movants' counsel, Patrick Steuve. Mr. Steuve asked whether there was an "interest in addressing our concerns and resolving the Missouri class claims." He stated that, "If not, we will proceed as we

have advised the Court," which I understood to be referring to Movants' prior representation to the District of Delaware that they would be moving to intervene and object to the proposed Settlement.  *See* Dkt. No. 34.

4. On June 27, 2021, I responded to Mr. Steuve's email with the email attached hereto as **Exhibit B**.  I noted that a nationwide settlement in this action had been executed, was more than fair and reasonable, that Monsanto would not renegotiate that Settlement, and that the accusations that Movants had made in prior briefing to the Missouri state court that the Settlement was the product of collusion were without legal or factual support.

5. On August 26, 2021, Movants' counsel Don Downing called me at my office.  I had previously litigated against Mr. Downing the context of certain antitrust allegations against Monsanto, which were ultimately dismissed by the federal court.

6. In the conversation, Mr. Downing advised that (1) Movants wished to carve out Missouri purchasers from the Settlement and pursue a separate mediation related to Missouri purchasers; (2) if Monsanto would agree to this, Movants would withdraw their pending motions to intervene in this action, withdraw their proposed objections, and withdraw their support for transferring this action to this Court; and (3) that if Monsanto would not agree to this, his clients would continue to object, would seek discovery to support their allegations of collusion, and would pursue their objections through appeal, which he noted would delay the resolution of this action for years.

7. I responded to Mr. Downing that (1) a fair and reasonable settlement of nationwide Lawn & Garden purchases had already been reached and that Monsanto would not renegotiate that settlement; (2) Movants' allegations of collusion were baseless; (3) Monsanto would oppose any

discovery based on these baseless allegations; (4) Movants having lodged such baseless objections, whichever court ultimately decided settlement approval would have to address those allegations, and his promise to withdraw his argument was thus of no moment; and (5) Monsanto's actions were completely appropriate and threats of discovery did not change that. I further advised Mr. Downing that if he wished to discuss the resolution of his Missouri claims relating to his allegations as to Roundup® agricultural ("AG") and Roundup® industrial and professional ("I&P") products, Monsanto would be happy to discuss the resolution of those allegations, but that we would not discuss the Roundup® Lawn & Garden Products, for which Monsanto had reached a fair and reasonable settlement with a proposed settlement class represented by other counsel. Mr. Downing indicated he would get back to me after talking to his colleagues but they probably had no interest in discussing any resolution as to the AG and I&P products alone. He later confirmed that position.

8. Since that conversation, I have had several similar discussions initiated by Mr. Downing, where he has reiterated the offer to carve out the Missouri Lawn & Garden sales from the Settlement in exchange for Movants withdrawing their objections and threatened requests for discovery, and I have made similar responses.

9. Monsanto did not know, nor have an agreement with Plaintiffs, that Plaintiffs would not be seeking punitive damages in this action.

10. Monsanto produced 635,201 pages of documents and data to Movants in the *Tomlinson* action.

11. Monsanto agreed not to oppose the naming of Plaintiffs in the Related Actions in this case. In Monsanto's view, this was a fully appropriate and common-sense mechanism to ensure that other individuals represented by Plaintiffs' counsel and pursuing similar class litigation

against Monsanto were in agreement with, and indeed parties to, the attempt to globally settle this litigation.

12. Attached hereto as **Exhibit C** is a true and correct copy of *Keil v. Lopez*, No. 16-3159 (8th Cir.), Brief of Plaintiffs-Appellees, signed by Movants' counsel, Gray, Ritter & Graham, P.C.

13. Attached hereto as **Exhibit D** is a true and correct copy of *In re Syngenta Ag Mir162 Corn Litig.*, No. 2:14-mc-02591-JWL-JPO (D. Kan.), Dkt. 3526, Plaintiffs' Reply Memorandum in Support of Motion for Preliminary Approval of Settlement, signed by Movants' counsel, Steuve Siegel Hanson LLP.

14. Attached hereto as **Exhibit E** is a true and correct copy of *Smith v. Experian Info. Sols., Inc.*, No. 8:17-cv-00629-CJC-AFM (C.D. Cal.), Dkt. 47-1, Plaintiffs' Memorandum in Support of Motion for Final Approval of Settlement, signed by Movants' counsel, Stueve Siegel Hanson LLP.

15. Attached hereto as **Exhibit F** is a true and correct copy of *In re Intuit Free File Litigation*, No. 3:19-cv-02546-CRB (N.D. Cal.), Dkt. 188, Plaintiffs' Reply Memorandum in Support of Motion for Preliminary Approval of Settlement. Plaintiffs were represented by Movants' counsel, Stueve Siegel Hanson LLP.

16. Attached hereto as **Exhibit G** is a true and correct copy of *Tomlinson et al. v. Monsanto Co.* No. 1916-CV22788, Class Certification Order.

Executed this 4th day of February, 2022, in Washington, D.C.

*/s/ John J. Rosenthal*
John J. Rosenthal