# Exhibit G

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

RYAN TOMLINSON, *et al,*        )
          **Plaintiffs,**       )
                              )
                              )     **Case No. 1916-CV22788**
**v.**                           )     **Division  9**
                              )
MONSANTO COMPANY        )
          **Defendant.**     )

## <u>O R D E R</u>

Pending before the Court is Plaintiffs' Motion for Class Certification.  For the following reasons, Plaintiffs' motion is granted.

### <u>Background</u>

On October 17, 2019, Plaintiffs Ryan Tomlinson ("Tomlinson"), Carol Richardson ("Richardson"), and Christi Gray ("Gray") filed an Amended Class Action Petition for Damages under the Missouri Merchandising Practices Act ("MMPA") on behalf of themselves and a putative class of Missouri residents who purchased Roundup-brand herbicide products for personal, family, or household purposes.  They allege economic loss resulting from those purchases, but do not seek damages related to personal injury.  They have moved for class certification and Defendant Monsanto Company ("Monsanto") opposes the request.

### <u>Analysis</u>

Class actions brought under the MMPA are governed by Section 407.025.3 and Rule 52.08. To obtain class certification, Plaintiffs must satisfy the requirements of Missouri Rules of Civil Procedure 52.08(a) and 52.08(b).  As applicable here, those prerequisites are as follows:

        a.        The class is so numerous that joinder of all members is impracticable;

        b.        There are questions of law or fact that are common to the class;

c.      The claims of the representative parties are typical of the class claims; and

d.      The representative parties will fairly and adequately protect the interests of the class.

Mo. Sup. Ct. R. 52.08(a).   The questions of law or fact common to the members of the class must predominate over any questions affecting only individual members, and the class action must be superior to other available methods for the fair and efficient adjudication of the controversy.   Mo Sup. Ct. R. 52.08(b)(3).   Finally, a class must be capable of legal definition, and the representative party must be a member of the proposed class.   *Elsea v. U.S. Eng'g Co.*, 463 S.W.3d 409, 425 (Mo. Ct. App. 2015) (citation omitted).

Class certification is a procedural matter where the sole issue is whether plaintiffs met the requirements for class action under Rule 52.08.   *Elsea*, 463 S.W.3d at 416.   The party seeking class certification has the burden of proof.   *Dale v. DaimlerChrysler Corp.*, 204 S.W.3d 151, 164 (Mo. Ct. App. 2006).   The party seeking class certification satisfies its burden "if there is evidence in the record, which if taken as true, would satisfy" each requirement of Rule 52.08.   *Elsea*, 463 S.W.3d at 417 (quoting *Hope v. Nissan N. Am., Inc.*, 353 S.W.3d 68, 74 (Mo. Ct. App. 2011)).

In class certification determinations, "the named plaintiffs' allegations are accepted as true."   *Hale v. Wal-Mart Stores, Inc.*, 231 S.W.3d 215, 227 (Mo. Ct. App. 2007) (citation omitted). The issue is not whether a plaintiff will prevail on the merits, but rather whether a plaintiff has met the requirements for a class action.   *Id.* at 222.   Arguments that tend to negate allegations in the Petition should be ignored.   *Id.* at 227.   While some evidence relating to the merits may be considered in determining whether the class certification prerequisites have been met, "the court must look only so far as to determine whether, given the factual setting of the case, if the plaintiff's general allegations are true, common evidence could suffice to make out a prima facie case for the class."   *Craft v. Philip Morris Companies, Inc.*, 190 S.W.3d 368, 377 (Mo. Ct. App. 2005).

Further, there is a presumption in favor of certifying the class in class certification hearings "because class certification may be modified or even terminated before a decision on the merits." *Plubell v. Merck & Co.*, 289 S.W.3d 707, 712 (Mo. Ct. App. 2009). Rule 52.08(c)(1) provides the mechanism for the modification or outright decertification of the putative class. *Elsea*, 463 S.W.3d at 416. Because class certification is subject to later modification, a court should err in favor of, and not against, allowing maintenance of the class action. *Hale*, 231 S.W.3d at 221. The rule's requirements are construed in light of its objectives—to provide for the expeditious handling of disputes. *Id.*

As noted by Monsanto, in addition to the class certification factors, the Court must consider the propriety of the class definition. "[A] properly defined class is necessary to realize both the protections and benefits for which the class action device was created." *State ex rel. Coca-Cola Co. v. Nixon*, 249 S.W.3d 855, 861 (Mo. 2008) (citations omitted). It is here that the Court's analysis must begin. *Id.* (before considering class action factors, courts must first determine whether the class exists and is capable of legal definition). "If a class is not properly defined, the circuit court must deny certification." *Id.* Plaintiffs have proposed the class definition as: All Missouri residents who purchased Roundup primarily for personal, family, or household use with the exception of those claiming they have suffered a personal injury as a result of using Roundup. "Roundup" is defined to include "any and all herbicide products sold under the brand name Roundup … containing the active ingredient glyphosate."

Monsanto first argues it is not "administratively feasible" to identify the members of the proposed class focusing on Plaintiffs' failure to propose a method, other than individual purchasers' "say-so." However, courts have recognized the use of self-identified affidavits in consumer protection claims as not violative of the "administratively feasible" requirement. *See,*

*e.g.*, *In re Dollar Gen. Corp.*, No. 2709, 2019 U.S. Dist. LEXIS 58082, at *66–67 (W.D. Mo. Mar. 21, 2019); *Craft v. Philip Morris Cos.*, 190 S.W.3d 368, 387–88 (Mo. Ct. App. 2005).

Monsanto next argues Plaintiffs' class definition is overbroad and improper because it includes many uninjured persons—persons who were aware but purchased anyway, purchasers who used up the product, and persons who cannot show Monsanto's alleged omission was connected with the purchase of the product—primarily relying on *State ex rel. Coca-Cola Co.*, *George v. Omega Flex*, Civil Action No. 2:17-cv-3114-MDH, 2020 U.S. Dist. LEXIS 145605 (W.D. Mo. Aug. 13, 2020) and *In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.*, 687 F. Supp. 2d 897 (W.D. Mo. 2009) ("BPA I"). However, these cases are distinguishable in this instance. In *George v. Omega Flex*, the Court analyzed the issue of injury in the context of a summary judgment motion rather than class certification. 2020 U.S. Dist. LEXIS 145605 at *18–19. While the Court in *In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.*, No. MDL No. 1967, 2011 U.S. Dist. LEXIS 150015 (W.D. Mo. Dec. 22, 2011) ("BPA II") declined to certify a class, it did so after finding plaintiffs had no injury in a previous order ruling a motion to dismiss. Finally, unlike the Coke plaintiffs who alleged they would not have purchased Diet Coke had they known it contained saccharin, the Plaintiffs here allege Monsanto's actions resulted in economic loss to all purchasers. This allegation takes this case out of the realm of economic injury based on subjective personal preference. *See State ex rel. Coca-Cola Co.*, 249 S.W.3d at 859 & 862–63; *Craft*, 289 S.W.3d at 714–15; *In re McCormick & Co., Inc., Pepper Prods. Mkg. & Sales Pracs. Litig.*, 422 F. Supp. 3d 194, 263–64 (D.D.C. 2019).

Monsanto raises various concerns about whether Plaintiffs will ultimately be able to prove the injury they allege, but the Court is constrained from engaging in that analysis at the class certification stage. *See e.g., Plubell,* 289 S.W.3d at 712 (holding the allegation of loss under the benefit-of-the-bargain rule was sufficient to satisfy class definition requirements); *Hope v. Nissan*

*N. Am., Inc.*, 353 S.W.3d at 74 ("While we agree with Nissan that the definition is subject to difficulties, we do not believe we can say at this point that the class definition was *clearly* overbroad or too indefinite."); *Polk v. KV Pharm. Co.*, No. 4:09-CV-00588 SNLJ, 2011 U.S. Dist. LEXIS 144313, at *12–18 (E.D. Mo. Dec. 15, 2011) (ascertainable loss analyzed for motion to dismiss); *Povich v. Combe Inc.*, No. 4:16 CV 97 CDP, 2017 U.S. Dist. LEXIS 40016, at *5–6 (E.D. Mo. Mar. 21, 2017) (noting class certification uses a different standard than a motion to dismiss).

Monsanto next turns to proposed class representatives Tomlinson and Richardson arguing neither are typical or adequate class representatives.  Monsanto first notes they purchased the product for home use but the proposed class includes farmers, landscapers, and other professionals. Monsanto also asserts they lack standing because they have not purchased some of the products at issue.  Typicality is easily met "so long as other class members have claims similar to the named plaintiff."  *Hale*, 231 S.W.3d at 223.  "If the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory, factual variations in the individual claims will not normally preclude class certification." *Id.* (citations omitted).  The claims of every class member need not be identical. *See, e.g., Elsea*, 463 S.W.3d at 420 (trial court erred in finding that individual variances in asbestos exposure defeated typicality).  Here all claims arise from the same course of conduct, all claims concern products containing glyphosate, and all allege the same injury—purchasers did not get the benefit of the bargain.  Typicality and adequacy are satisfied.[1]

Monsanto next argues Richardson is not an adequate representative because of her close family ties to class counsel.  The concern of the courts finding a proposed class representative was

---

[1] As noted above, the Court may not delve into the substantive issues of standing and failure to state a claim, but rather must rely on Plaintiffs' allegations at this stage of the litigation.

inadequate due to family ties "has been the threat that the plaintiff may have an interest in the attorneys fees that the class counsel may ultimately seek" which might "provide the class representative with an incentive to accept a settlement that is not in the interest of the class as a whole thus creating a conflict of interest between the class representative and the remainder of the class." *Irvin E. Schermer Tr. v. Sun Equities Corp.*, 116 F.R.D. 332, 337–38 (D. Minn. 1987). But, courts allowing certification despite this threat "have noted the absence of any concrete evidence to support the existence of such collusion between closely related class counsel and class representatives." *Id. See also In re Dollar Gen. Corp.*, 2019 U.S. Dist. LEXIS 58082 at *60-63. Monsanto has presented no such "concrete evidence" here.

Monsanto also asserts Richardson is not an adequate class representative because she lacks understanding of the case. Adequacy primarily tests whether "the interest of the [class] representative and that of the absent [class] members [are] compatible, not antagonistic." *Elsea*, 463 S.W.3d at 421 (citation omitted). There is no evidence of antagonism presented here. The basic question is whether a named representative will "vigorously prosecute the interests of the class through qualified counsel." *Paxton v. Union Nat. Bank*, 688 F.2d 552, 563 (8th Cir. 1982) (citation omitted). Richardson has demonstrated the required "understanding of the basic facts underlying the claims, some general knowledge, and a willingness and ability to participate in discovery." *See Quiroz v. Rev. Prod. Mgmt., Inc.*, 252 F.R.D. 438, 443 (N.D. Ill. 2008) (internal quotations and citation omitted).

Monsanto next argues class certification is not proper because individualized issues predominate over common issues, contending Plaintiffs cannot show with common evidence which purchases were primarily for personal, family, or household purposes, which members suffered injury, or the extent of damages suffered. The predominance requirement "does not demand that every single issue in the case be common to all the class members, but only that there

are substantial common issues which 'predominate' over the individual issues." *Hale*, 231 S.W.3d

at 224–25 (citation omitted).[2]  In the present matter, common questions predominate individual

issues, and self-identification affidavits may be used to identify class members who purchased

Roundup for personal, family, or household purposes. *See In re Dollar Gen. Corp*, 2019 U.S. Dist.

LEXIS 58082 at *65–66 (finding defendant failed "to show how the use of [self-identification]

affidavits would render class members unascertainable, thus showing individual issues would

predominate over common issues.").   One of the substantial common issues, subject to common

proof, is whether Monsanto's misrepresentations and omissions about Roundup constitute unfair

and deceptive trade practices under the MMPA. Furthermore, given Plaintiffs' theory of liability,

both causation and ascertainable loss are common questions. *See In re McCormick & Co.*, 422 F.

Supp. 3d 194, 263–64 (D.D.C. 2019).[3]  Here, "while it may well be a challenge to figure out how

to identify class members and to allocate damages among them," the Court finds Plaintiffs have

met their burden at the class certification stage to prove that damages are calculable on a class-

---

[2] "To classify an issue as common or individual, a court looks to the nature of the evidence required to show the allegations of the petition." *Karen S. Little, L.L.C. v. Drury Inns, Inc.*, 306 S.W.3d 577, 581 (Mo. Ct. App. 2010). "If the same evidence on a given question will suffice for each class member, then it is common; if the evidence on the question varies from member to member, then it is an individual issue." *Id.*; *see also Hale*, 231 S.W.3d at 224 (a question is common when the "same evidence will suffice for each member to make a prima facie showing").

[3] The alleged injury in this case is not framed based on subjective preference and does not require the subjective individualized inquires at issue in *State ex rel. Coca-Cola Co.*, 249 S.W.3d 855.  In the case *In re McCormick & Co.,* the district court found the predominance factor was met where plaintiffs' MMPA claim was that "defendants' unlawful act (deceptively underfilling the Slack-Filled Pepper Products) caused an ascertainable loss because the value of the pepper received by all purchasers was less than the value of the pepper as represented by the container size." 422 F. Supp. 3d at 263. The district court emphasized "under plaintiffs' theory of causation and ascertainable loss, every purchaser would have suffered the same loss irrespective of their motivations for purchasing the Slack-Filled Pepper Product" and that "this is a case where 'class members are not individually required to show what they would or would not have done had the product not been misrepresented and the risks known." *Id.* at 264. (citing *Plubell*, 289 S.W.3d at 714). The district court held "[u]nder such circumstances, the elements of causation and ascertainable loss are subject to common proof and are thus 'common questions' for purposes of analyzing predominance." *Id.*

wide basis. *See id.* at 248; *see also State ex rel. Am. Family Mut. Ins. Co. v. Clark*, 106 S.W.3d 483, 488 (Mo. 2003) (citations omitted) ("The need for inquiry as to individual damages does not preclude a finding of predominance.").  Finally, Monsanto maintains a class action is not superior because purchasers can obtain refunds without litigation.  As noted by Plaintiffs, however, courts have rejected this argument. *Lucas Subway MidMo, Inc. v. Mandatory Poster Agency, Inc.,* 524 S.W.3d 116, 128 (Mo. Ct. App. 2017) (reversing trial court and holding plaintiff "should not be prevented from full recovery of the damages to which it is entitled simply because it was offered a refund of the product purchase price").

For the foregoing reasons, Plaintiffs' Motion for Class Certification is granted.

**IT IS SO ORDERED.**

March 22, 2021
_____
Date

_____
**HONORABLE JOEL P FAHNESTOCK**

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the above and foregoing were automatically forwarded through the Court's e-filing system on this 22nd day of March, 2021 to all attorneys of record.

_____

Law Clerk, Division 9