UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | **ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| Rose Hartweck, Ind. Rep. of the Estate of Glen Hartweck, 3:19-cv-7783 | |

Pursuant to LR Civ. R. 79-5 and 7-11 of the Northern District of California and this

Court's Standing Order for Civil Cases, ¶¶ 27-29, Plaintiff hereby files this Administrative

Motion to File Under Seal.

**I. Action Requested**

A ruling on whether the Uncontested Petition for Approval of Settlement can be filed

with the proposed redactions and whether the accompanying unredacted exhibits may be filed

under seal.

**II. Reasons Supporting the Request**

Pursuant to LR 79-5 and the Confidentiality Order in place for MDL 2741, any party

wishing to use a document designated "confidential," in support of a motion must file an

Administrative Motion such as this, to determine whether filing under seal is appropriate. This

action was originally filed in the United States District Court for the Northern District of Illinois.

Plaintiff has entered into a settlement with Defendant. Illinois law requires court approval for

settlements of claims sounding in the wrongful death. 740 ILCS 180/2.1. Further, DuPage

County, where Decedent's estate is pending, requires that when an estate's lawsuit is "pending in

a Court other than the Probate Court[,] [t]he settlement of a pending lawsuit for wrongful death

without trial shall be presented for approval *to the Judge hearing the case.*" DuPage County LCR

5-3.25.

The settlement involves confidentiality prohibiting the disclosure of the terms of the

settlement including the amount, and thus prohibits filing an unredacted version of the proposed

redacted Uncontested Petition for Approval other than under seal. Plaintiff requests the three (3)

exhibits to the Petition be sealed entirely as they contain sensitive and confidential financial

information that should not be part of the public record. Pursuant to *Center for Auto Safety v.*

*Chrysler Group, LLC*, the good cause standard should apply here given that the parties have

agreed to a confidentiality clause as part of Plaintiff's settlement, and further, the public is not

presumed to have "regular access" to information concerning sensitive financial information. 809

F.3d 1092, 1099 (9th Cir. 2016).

## III.    Conclusion

For the foregoing reasons, Plaintiff requests that this Court enter an order granting

Plaintiff leave to file the redacted Uncontested Petition for Approval with the unredacted

accompanying exhibits under seal for the purpose of obtaining this Court's approval of

the settlement in this matter.

Dated: February 7, 2022

Respectfully submitted,

Seidman Margulis & Fairman, LLP

By: /s/ Daniel R. Seidman
       Attorney for Plaintiff

Daniel R. Seidman (IL, #6308142)
SEIDMAN MARGULIS & FAIRMAN, LLP
20 S. Clark St., Ste. 700
Chicago, IL 60603
(312) 781-1977
F: (224) 603-8345
dseidman@seidmanlaw.net

## CERTIFICATE OF SERVICE

I certify that on the above date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this matter.

Seidman Margulis & Fairman, LLP

By: /s/ Daniel R. Seidman
Attorney for Plaintiff

Daniel R. Seidman (IL, #6308142)
SEIDMAN MARGULIS & FAIRMAN, LLP
20 S. Clark St., Ste. 700
Chicago, IL 60603
(312) 781-1977
F: (224) 603-8345
dseidman@seidmanlaw.net