UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ This document relates to: Dan W. Webb v. Monsanto Co. Case No. 3:20-cv-00493-VC | MDL No. 2741 Case No. 3:16-md-02741-VC |

**PLAINTIFF'S WRITTEN RESPONSE TO PRETRIAL ORDER NO. 270**

Plaintiff Dan W. Webb files this written Response to this Honorable Court's Order No. 270 dated January 21, 2022, and states as follows:

1. The above referenced case was included on Appendix 1 of the Court's Order No. 270 as one in which the Plaintiff had not submitted information to the Special Master for participation in the Independent Roundup Settlement Program.

2. This plaintiff's claim is based on a diagnosis of acute myeloid leukemia. According to the initial request for information for submission to the Program, that diagnosis does not make this Plaintiff eligible to submit a claim under the Program. As such, counsel for Plaintiff has not submitted any documentation to the Special Master.

3. Undersigned counsel conferred directly with the Special Master's office on January 25, 2021, to confirm this and received a response on January 26, 2021, indicating that this Plaintiff was not eligible for participation in the Program. Exhibit A.

4. Undersigned counsel has, since receiving Order No. 270, contacted Special Master's office to confirm that this understanding is still correct and, if so, to advise this Court of the same. Undersigned counsel has yet to receive a response from the Special Master's office.

5. If counsel for Plaintiff has misunderstood the eligibility requirements for participation in the Program or those eligibility requirements have since changed, the undersigned accepts full responsibility for the failure to timely submit the material requested by the Special Master and submits that this failure was an unintentional oversight on counsel's part.

6. The undersigned requests that, should the Special Master's office inform them that Plaintiff is, in fact, eligible to participate in the Program, that Plaintiff be allowed time to compile and submit the information required to be submitted.

7. Pursuant to Rule 41(b), Federal Rules of Civil Procedure, the district court may dismiss an action for failure to comply with any order of the court. "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)); *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002)).

8. Plaintiff respectfully submits that the delay in providing the information to the Special Master for participation in the Independent Roundup Settlement Program has not resulted in any prejudice to the parties nor disruption to the efficient administration of this action or the companion cases.

9. Plaintiff also respectfully submits that the disposition of this case should be based on its merits, and when considering the factors set forth in *Thompson*, the admitted failure by the undersigned does not warrant such a harsh sanction as dismissal. *See Henderson v. Duncan*, 779

F.2d 1421, 1423 (9th Cir. 1986) ("Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances.").

      WHEREFORE, based on the representations made to Plaintiff by the Special Master's office, Plaintiff respectfully requests this Court except him from submitting the requested information to the Special Master. If undersigned counsel has misunderstood whether Plaintiff is required to submit documentation to the Special Master, Plaintiff requests the Court to forgive this inadvertent oversight and allow Plaintiff time to submit the required information.

**TOLLISON & WEBB P.A.**
Attorneys for Plaintiff Dan W. Webb

/s/ Taylor H. Webb
TAYLOR H. WEBB
Mississippi Bar Number 104180
103 N. Lamar Blvd., Suite 201
Oxford, MS 38655
Tel: (662) 234-7070
Fax: (662) 234-7095
taylor@tollisonlaw.com

## CERTIFICATE OF SERVICE

I certify that on February 8, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Taylor H. Webb
Taylor H. Webb
