**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:  (713) 227-8008
Facsimile:   (713) 227-9508
Email:               jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Nadezhda Gautier and Thomas M. Gautier v. Monsanto Co. and Bayer Co.*,<br>Case No. 3:22-cv-00101-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in Plaintiffs' Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

1.  Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs. Monsanto denies the remaining allegations in paragraph 1.

2.  Monsanto denies the allegations in paragraph 2.

3.  Monsanto denies the allegations in paragraph 3.

4. The allegations in paragraph 4 set forth conclusions of law for which no response is required. To the extent that a response is required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiffs' Complaint.

5. Monsanto admits the allegations in paragraph 5.

6. The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7. The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required. In response to the allegations in the second sentence of paragraph 7, Monsanto admits that it has sold, marketed, and/or distributed Roundup®-branded herbicides within the Eastern District of Louisiana. In response to the allegations in the final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiffs' claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiffs' claims occurred and therefore denies those allegations.

1. Plaintiffs' Complaint inadvertently includes a second paragraph 1. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in second paragraph 1 and therefore denies those allegation

2. Plaintiffs' Complaint inadvertently includes a second paragraph 2. The allegations in second paragraph 2 comprise attorney characterizations and are accordingly denied. Monsanto states that Roundup®-branded products have a variety of separate and distinct uses and formulations.

3. Plaintiffs' Complaint inadvertently includes a second paragraph 3. Monsanto admits that it is a Delaware corporation with its headquarters and principal place of business in St. Louis, Missouri.

4. Plaintiffs' Complaint inadvertently includes a second paragraph 4. Second paragraph 4 defines terms for purposes of the Complaint and does not require a response.

5. Plaintiffs' Complaint inadvertently includes a second paragraph 5. The allegations in second paragraph 5 do not require a response from Monsanto because these allegations relate to a defendant other than Monsanto. To the extent a response is deemed required, Monsanto denies the allegations in second paragraph 5.

6. Plaintiffs' Complaint inadvertently includes a second paragraph 6. In response to second paragraph 6, Monsanto admits that it marketed and sold Roundup® in St. Tammany Parish, Louisiana.

7. Plaintiffs' Complaint inadvertently includes a second paragraph 7. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in second paragraph 7 and therefore denies those allegations.

8. The allegations in paragraph 8 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

9. The allegations in paragraph 9 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

10. Monsanto admits the allegations in paragraph 10.

11. Monsanto admits that it is authorized to do business in Louisiana. The remaining allegations in paragraph 11 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

12. The allegations in paragraph 12 set forth conclusions of law for which no response is required.

13. Monsanto denies the allegations in paragraph 13.

1. Plaintiffs' Complaint inadvertently includes a third paragraph 1. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in third paragraph 1 and therefore denies those allegations.

2. Plaintiffs' Complaint inadvertently includes a third paragraph 2. Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in third paragraph 2. Monsanto lacks information or

knowledge sufficient to form a belief as to the truth of the remaining allegations in third paragraph 2 and therefore denies those allegations. .Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

3. Plaintiffs' Complaint inadvertently includes a third paragraph 3. Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products. The remaining allegations in third paragraph 3 set forth conclusions of law for which no response is required.

4. Plaintiffs' Complaint inadvertently includes a third paragraph 4. Monsanto denies the allegations in third paragraph 4.

5. Plaintiffs' Complaint inadvertently includes a third paragraph 5. Monsanto admits the allegations in third paragraph 5.

6. Plaintiffs' Complaint inadvertently includes a third paragraph 6. Monsanto admits the allegations in third paragraph 6.

7. Plaintiffs' Complaint inadvertently includes a third paragraph 7. In response to the allegations in third paragraph 7, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in third paragraph 7 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in third paragraph 7 and therefore denies those allegations.

8. Plaintiffs' Complaint inadvertently includes a second paragraph 8. Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years. Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in second paragraph 8.

9. Plaintiffs' Complaint inadvertently includes a second paragraph 9. The allegations in second paragraph 9 are vague and ambiguous and Monsanto therefore denies those allegations.

10. Plaintiffs' Complaint inadvertently includes a second paragraph 10. The allegations in second paragraph 10 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in second paragraph 10 and therefore denies those allegations.

11. Plaintiffs' Complaint inadvertently includes a second paragraph 11. Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in second paragraph 11 and therefore denies those allegations.

12. Plaintiffs' Complaint inadvertently includes a second paragraph 12. Monsanto denies the allegations in second paragraph 12.

13. Plaintiffs' Complaint inadvertently includes a second paragraph 13. Monsanto denies the allegations in paragraph 13.

14. Monsanto denies that any exposure to Roundup®-branded products can cause serious illnesses and therefore denies the allegations in paragraph 14. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore denies those allegations.

15. Monsanto denies that any exposure to Roundup®-branded products can cause serious illnesses and therefore denies the allegations in paragraph 15. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

16. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies those allegations.

17. Monsanto denies the allegations in paragraph 17.

18. Monsanto denies the allegations in paragraph 18.

19. Monsanto denies the allegations in paragraph 19.

20. Monsanto denies the allegations in paragraph 20.

21. The allegations in paragraph 21 set forth conclusions of law for which no response is required.

22. Monsanto denies the allegations in paragraph 22.

23. Monsanto denies the allegations in paragraph 23.

24. Monsanto denies the allegations in paragraph 24.

25. Monsanto denies the allegations in paragraph 25.

26. Monsanto denies the allegations in paragraph 26.

27. Monsanto denies the allegations in paragraph 27.

28. Monsanto denies the allegations in paragraph 28.

29. Monsanto denies the allegations in paragraph 29.

30. Monsanto denies the allegations in paragraph 30.

31. Monsanto admits that plaintiffs purport to bring a claim for loss of consortium, but denies any liability as to that claim.

In response to the "WHEREFORE" paragraph following paragraph 31, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. Monsanto denies that plaintiffs are entitled to the relief sought, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## **SEPARATE AND AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

7. Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

8. Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

9. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

10. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

11. Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

12. Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

13. If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

14. Monsanto had no legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

15. Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs. If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

16. Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17. Plaintiffs' claims are barred in whole or in part by plaintiffs' own contributory/comparative negligence.

18. Plaintiffs' claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

19. Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

20. Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs receive from collateral sources.

21. If Plaintiffs have been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

22. Plaintiffs have failed to allege fraud with sufficient particularity.

23. Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

24. Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

25. Plaintiffs' common law claims are barred, in whole or part, by application of Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. Ann. § 9:2800.51 *et seq.*

26. This case is governed by the exclusive provisions of the Louisiana Products Liability Act (La. R.S. 9:2800.51, *et seq.*) ("LPLA"). Any theories of recovery that fall outside of the LPLA's provisions are therefore subject to dismissal.

27. Monsanto affirmatively pleads the applicability of the LPLA and specifically avers that plaintiffs are not entitled to recovery under any of the exclusive theories of liability set forth in the Act.

28. Monsanto specifically avers that the product possessed no characteristic that rendered it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA (La. R.S. 9:2800.54).

29. Monsanto asserts all allowable defenses under the LPLA, La. R.S. 9:2800.51, *et seq.*, including but not limited to the applicability of La. R.S. 9:2800.59(A)(1), (2), (3), and (B).

30. Should Plaintiffs recover under any claims under the LPLA, a recovery of attorney's fees for plaintiffs is barred under the provisions of that statute.

31. Monsanto has no liability to plaintiffs under any theory of redhibition to the extent that plaintiffs failed to tender any product allegedly sold by Monsanto that allegedly contained a redhibitory defect and has not made an amicable demand upon Monsanto.

32. Monsanto has no liability to plaintiffs under any theory of redhibition to the extent that plaintiffs have waived plaintiffs' redhibition rights.

33. Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

### JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED: February 14, 2022.　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　SHOOK, HARDY & BACON L.L.P.

　　　　　　　　　　　　　　　　　　BY: */s/ Jennise W. Stubbs*
　　　　　　　　　　　　　　　　　　　　　Jennise W. Stubbs
　　　　　　　　　　　　　　　　　　　　　600 Travis Street, Suite 3400
　　　　　　　　　　　　　　　　　　　　　Houston, TX 77002-2926
　　　　　　　　　　　　　　　　　　　　　Telephone:　(713) 227-8008
　　　　　　　　　　　　　　　　　　　　　Facsimile:　(713) 227-9508
　　　　　　　　　　　　　　　　　　　　　Email:　　　jstubbs@shb.com

　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　*MONSANTO COMPANY*

## CERTIFICATE OF SERVICE

I certify that on the 14th day of February, 2022, I electronically transmitted the foregoing **DEFENDANT MONSANTO COMPANY'S ORIGINAL ANSWER** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs