**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:      (713) 227-8008
Facsimile:      (713) 227-9508
Email:          jstubbs@shb.com

*Attorneys for Defendant*
*BAYER CORPORATION*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Carl J. Kamm III v. Monsanto Company, et al.*, Case No. 3:22-cv-00786-VC | |

### BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Bayer Corporation, by and through its counsel, respectfully responds by generally denying all allegations contained in Plaintiff's Complaint and Jury Demand ("the Complaint"), except as set forth below. Bayer Corporation denies – and objects to – allegations by plaintiff that purport to lump Bayer Corporation together with other defendants. Bayer Corporation responds to this Complaint only on behalf of Bayer Corporation and not on behalf of any other defendant. Silence as to any allegations shall constitute a denial.

1.      Bayer Corporation admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff. Bayer Corporation denies the remaining allegations in paragraph 1.

2.      Bayer Corporation denies the allegations in paragraph 2.

3.      Bayer Corporation denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 comprise attorney characterizations and are accordingly denied. Bayer Corporation states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

5.      The allegations in paragraph 5 set forth conclusions of law for which no response is required.

6.      Bayer Corporation admits the allegations in paragraph 6.

7.      The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.      The allegations in paragraph 8 comprise attorney characterizations and are accordingly denied.

9.      Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.      Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.      Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.      In response to the allegations in the first sentence of paragraph 12, Bayer Corporation admits that plaintiff purports to bring a claim for personal injuries, but denies any liability as to that claim. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second, and third sentences of paragraph 12 and therefore denies those allegations. Bayer Corporation denies the remaining allegations in paragraph 12.

13.      The allegations in paragraph 13 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

14.      The allegations in paragraph 14 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

15.     The allegations in paragraph 15 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

16.     The allegations in paragraph 16 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

17.     The allegations in paragraph 17 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

18.     The allegations in paragraph 18 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

19.     The allegations in paragraph 19 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

20.     The allegations in paragraph 20 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

21.     The allegations in paragraph 21 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

22.     The allegations in paragraph 22 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

23.     The allegations in paragraph 23 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

24.     The allegations in paragraph 24 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

25.     The allegations in paragraph 25 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

26.     The allegations in paragraph 26 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

27.     In response to the allegations in paragraph 27, Bayer Corporation denies that it engaged in any wrongdoing or wrongful acts or omissions. The remaining allegations in paragraph

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:22-cv-00786-VC

27 set forth conclusions of law and/or are directed at defendants other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

28.     Bayer Corporation denies the allegations in paragraph 28.

29.     The allegations in paragraph 29 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

30.     The allegations in paragraph 30 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

31.     Bayer Corporation admits the allegations in paragraph 31.

32.     In response to the allegations in paragraph 32, Bayer Corporation admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 32 are vague and ambiguous and Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

33.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies those allegations.

34.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies those allegations.

35.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies those allegations.

36.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies those allegations.

37.     The allegations in paragraph 37 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

38.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies those allegations.

- 4 -

39.     Bayer Corporation denies that Roundup®-branded products have "carcinogenic properties." Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore denies those allegations.

40.     The allegations in paragraph 40 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Bayer Corporation admits the allegations in paragraph 40.

41.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies those allegations.

42.     The allegations in paragraph 42 set forth conclusions of law for which no response is required.

43.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies those allegations.

44.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies those allegations.

45.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies those allegations.

46.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies those allegations.

47.     The allegations in paragraph 47 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

48.     The allegations in paragraph 48 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

49.     The allegations in paragraph 49 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

50.     The allegations in paragraph 50 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

51.     In response to the allegations in paragraph 51, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 51 go beyond a restatement of the cited document, Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 and therefore denies those allegations.

52.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies those allegations.

53.     In response to the allegations in paragraph 53, Bayer Corporation states that the cited the document speaks for itself and does not require a response. To the extent that the allegations in paragraph 53 go beyond a restatement of the cited document, Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 and therefore denies those allegations.

54.     Bayer Corporation states that the term "toxic" as used in paragraph 54 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Bayer Corporation denies the allegations in paragraph 54.

55.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies those allegations.

56.     In response to the allegations in paragraph 56, Bayer Corporation states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, Bayer Corporation denies the allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 57 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Bayer Corporation states that these documents speak for themselves and do not require a response. To the extent that a response is deemed required, Bayer Corporation denies the allegations in paragraph 58.

59. In response to the allegations in paragraph 59, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 59 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 59.

60. Bayer Corporation denies the allegations in paragraph 60.

61. In response to the allegations in paragraph 61, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 61 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 61.

62. In response to the allegations in paragraph 62, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 62 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 62.

63. Bayer Corporation denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 63.

64. The allegations in paragraph 64 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

65. The allegations in paragraph 65 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

66. The allegations in paragraph 66 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

67. The allegations in paragraph 67 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

68. The allegations in paragraph 68 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

69.     Bayer Corporation admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 69 and therefore denies those allegations.

70.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore denies those allegations.

71.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 71 and therefore denies those allegations.

72.     In response to the allegations in paragraph 72, Bayer Corporation admits that the IARC working group classified glyphosate under Group 2A. Bayer Corporation denies the remaining allegations in paragraph 72.

73.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies those allegations.

74.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore denies those allegations.

75.     Bayer Corporation denies the allegations in paragraph 75.

76.     The allegations in paragraph 76 comprise attorney characterizations and are accordingly denied.

77.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore denies those allegations.

78.     In response to the allegations in paragraph 78, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 78 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 78.

79.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 79 and therefore denies those allegations.

80.     The allegations in paragraph 80 are vague and ambiguous and are accordingly denied.

81.     In response to the allegations in paragraph 81, Bayer Corporation states that the cited document speaks for itself and does not require a response.

82.     In response to the allegations in paragraph 82, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 82 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 82.

83.     Bayer Corporation denies the allegations in paragraph 83.

84.     In response to the allegations in paragraph 84, Bayer Corporation states that the cited document speaks for itself and does not require a response. Bayer Corporation otherwise denies the allegations in paragraph 84.

85.     Bayer Corporation admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic. Bayer Corporation otherwise denies the allegations in paragraph 85.

86.     Bayer Corporation denies the allegations in paragraph 86.

87.     Bayer Corporation denies the allegations in paragraph 87.

88.     Bayer Corporation denies the allegations in paragraph 88.

89.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 89 and therefore denies those allegations.

90.     In response to the allegations in paragraph 90, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 90 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 90.

91.     In response to the allegations in paragraph8 91, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 91 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 91.

- 9 -

92.      In response to the allegations in paragraph 92, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 92 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 92.

93.      In response to the allegations in paragraph 93, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 93 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 93.

94.      In response to the allegations in paragraph 94, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 94 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 94.

95.      In response to the allegations in paragraph 95, Bayer Corporation states that the cited document speaks for itself and does not require a response. To the extent that paragraph 95 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 95.

96.      The allegations in paragraph 96 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

97.      The allegations in paragraph 97 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

98.      The allegations in paragraph 98 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

99.      The allegations in paragraph 99 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

100.      The allegations in paragraph 100 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:22-cv-00786-VC

101.    The allegations in paragraph 101 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

102.    The allegations in paragraph 102 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

103.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 103 and therefore denies those allegations.

104.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 104 and therefore denies those allegations.

105.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 105 and therefore denies those allegations.

106.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 106 and therefore denies those allegations.

107.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107 and therefore denies those allegations.

108.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 108 and therefore denies those allegations.

109.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 109 and therefore denies those allegations.

110.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore denies those allegations.

111.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 111 and therefore denies those allegations.

112.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 112 and therefore denies those allegations.

113.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 113 and therefore denies those allegations.

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:22-cv-00786-VC

114.   The allegations in paragraph 114 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

115.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 115 and therefore denies those allegations Bayer Corporation denies the allegations in paragraph 115.

116.   Bayer Corporation denies the allegations in paragraph 116.

117.   Bayer Corporation denies the allegations in paragraph 117.

118.   Bayer Corporation denies the allegations in paragraph 118.

119.   Bayer Corporation denies the allegations in paragraph 119.

120.   Bayer Corporation denies the allegations in paragraph 120.

121.   Bayer Corporation denies the allegations in paragraph 121.

122.   Bayer Corporation denies the allegations in paragraph 122.

123.   Bayer Corporation denies the allegations in paragraph 123.

124.   Bayer Corporation denies the allegations in paragraph 124.

125.   Bayer Corporation incorporates by reference its responses to paragraphs 1 through 124 in response to paragraph 125 of plaintiff's Complaint.

126.   Bayer Corporation denies the allegation in paragraph 126.

127.   Bayer Corporation denies that Roundup®-branded products are Bayer Corporation's products and therefore denies the allegations in paragraph 127.

128.   In response to the allegations in paragraph 128, Bayer Corporation states that the cited document speaks for itself and does not require a response.

129.   Bayer Corporation denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of decedent's alleged cancer and denies the remaining allegations in paragraph 129.

130.   Bayer Corporation denies the allegations in paragraph 130.

131.   Bayer Corporation denies the allegations in the first sentence of paragraph 131. The remaining allegations in paragraph 131 set forth conclusions of law for which no response is

- 12 -

1    required. Bayer Corporation states, however, that the scientific studies upon which IARC purported

2    to base its classification were all publicly available before March 2015.

3          132.   Bayer Corporation denies the allegations in paragraph 132.

4          133.   Bayer Corporation denies the allegations in paragraph 133.

5          134.   Bayer Corporation incorporates by reference its responses to paragraphs 1 through

6    133 in response to paragraph 134 of plaintiff's Complaint.

7          135.   The allegations in paragraph 135 set forth conclusions of law for which no response is

8    required.

9          136.   Bayer Corporation denies the allegations in paragraph 136.

10          137.   Bayer Corporation denies the allegations in paragraph 137.

11          138.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to

12    the truth of the allegations in paragraph 138 and therefore denies those allegations.

13          139.   Bayer Corporation denies the allegations in paragraph 139.

14          140.   Bayer Corporation denies the allegations in paragraph 140.

15          141.   Bayer Corporation denies the allegations in paragraph 141.

16          142.   Bayer Corporation denies the allegations in paragraph 142, including each of its

17    subparts.

18          143.   Bayer Corporation denies the allegations in paragraph 143.

19          144.   Bayer Corporation denies the allegations in paragraph 144.

20          145.   Bayer Corporation denies the allegations in paragraph 145.

21          146.   Bayer Corporation denies the allegations in paragraph 146.

22          147.   Bayer Corporation denies the allegations in paragraph 147.

23          148.   In response to the allegations in paragraph 148, Bayer Corporation demands that

24    judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

25    prejudice; and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as

26    allowed by law and such further and additional relief as this Court may deem just and proper.

27

28

149.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through 148 in response to paragraph 149 of plaintiff's Complaint.

150.    In response to the allegations in paragraph 150, Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations. Bayer Corporation denies the remaining allegations in paragraph 150.

151.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 151 and therefore denies those allegations.

152.    Bayer Corporation denies the allegations in paragraph 152.

153.    Bayer Corporation denies the allegations in paragraph 153.

154.    Bayer Corporation denies the allegations in paragraph 154.

155.    Bayer Corporation denies the allegations in paragraph 155.

156.    Bayer Corporation denies the allegations in paragraph 156, including each of its subparts.

157.    Bayer Corporation denies the allegations in paragraph 157.

158.    Bayer Corporation denies that Roundup®-branded products have "dangerous characteristics." Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 158 and therefore denies those allegations.

159.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 159 and therefore denies those allegations.

160.    Bayer Corporation denies the allegations in paragraph 160.

161.    Bayer Corporation denies the allegations in paragraph 161.

162.    Bayer Corporation denies the allegations in paragraph 162.

163.    Bayer Corporation denies the allegations in paragraph 163.

164.    Bayer Corporation denies the allegations in paragraph 164.

165.    Bayer Corporation denies the allegations in paragraph 165.

166.    Bayer Corporation denies the allegations in paragraph 166.

167.     Bayer Corporation denies the allegations in paragraph 167.

168.     Bayer Corporation denies the allegations in paragraph 168.

169.     Bayer Corporation denies the allegations in paragraph 169.

170.     Bayer Corporation denies the allegations in paragraph 170.

171.     Bayer Corporation denies the allegations in paragraph 171.

In response to the "WHEREFORE" paragraph following paragraph 171, Bayer Corporation demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

172.     Bayer Corporation incorporates by reference its responses to paragraphs 1 through 171 in response to paragraph 172 of plaintiff's Complaint.

173.     The allegations in paragraph 173 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

174.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 174 and therefore denies those allegations.

175.     Bayer Corporation denies the allegations in paragraph 175.

176.     Bayer Corporation denies the allegations in paragraph 176.

177.     Bayer Corporation denies the allegations in paragraph 177.

178.     Bayer Corporation denies the allegations in paragraph 178.

179.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding decedent's use history in paragraph 179 and therefore denies those allegations. Bayer Corporation denies the remaining allegations in paragraph 179.

180.     The allegations in paragraph 180 set forth conclusions of law for which no response is required.

181.     Bayer Corporation denies the allegations in paragraph 181.

182.     Bayer Corporation denies the allegations in paragraph 182.

- 15 -

183.    Bayer Corporation denies the allegations in paragraph 183.

184.    Bayer Corporation denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 184.

185.    The allegations in paragraph 185 set forth conclusions of law for which no response is required.

186.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 186 and therefore denies those allegations.

187.    Bayer Corporation denies the allegations in paragraph 187.

188.    Bayer Corporation denies the allegations in paragraph 188.

189.    Bayer Corporation denies the allegations in paragraph 189.

190.    Bayer Corporation denies the allegations in paragraph 190.

191.    Bayer Corporation denies the allegations in paragraph 191.

192.    Bayer Corporation denies the allegations in paragraph 192.

In response to the "WHEREFORE" paragraph following paragraph 192, Bayer Corporation demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

193.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through 192 in response to paragraph 193 of plaintiff's Complaint.

194.    Bayer Corporation denies the allegations in paragraph 194.

195.    Bayer Corporation denies the allegations in paragraph 195.

196.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 196 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 196 set forth conclusions of law for which no response is required.

- 16 -

197.     The allegations in paragraph 197 set forth conclusions of law for which no response is required.

198.     Bayer Corporation denies the allegations in paragraph 198.

199.     The allegation in paragraph 199 regarding a purported implied warranty sets forth a conclusion of law for which no response is required. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 199 and therefore denies those allegations.

200.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 200 concerning the condition of any Roundup®-branded product allegedly used by plaintiff or about plaintiff's alleged uses of such product and therefore denies the allegations in paragraph 200.

201.     Bayer Corporation denies the allegations in paragraph 201.

202.     Bayer Corporation denies the allegations in paragraph 202.

203.     Bayer Corporation denies the allegations in paragraph 203.

204.     Bayer Corporation denies the allegations in paragraph 204.

In response to the "WHEREFORE" paragraph following paragraph 204, Bayer Corporation demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

205.     Bayer Corporation incorporates by reference its responses to paragraphs 1 through 204 in response to paragraph 205 of plaintiff's Complaint.

206.     Bayer Corporation denies the allegations in paragraph 206.

207.     Bayer Corporation denies the allegations in paragraph 207.

208.     Bayer Corporation denies the allegations in paragraph 208.

209.     The allegations in paragraph 209 set forth conclusions of law for which no response is required.

210.    Bayer Corporation denies the allegations in paragraph 210.

211.    Bayer Corporation denies the allegations in paragraph 211.

212.    Bayer Corporation denies the allegations in paragraph 212.

213.    Bayer Corporation denies the allegations in paragraph 213.

214.    Bayer Corporation denies the allegations in paragraph 214.

In response to the "WHEREFORE" paragraph following paragraph 214, Bayer Corporation demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

215.    The allegations in paragraph 215 set forth conclusions of law for which no response is required

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Bayer Corporation denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

**SEPARATE AND AFFIRMATIVE DEFENSES**

1.    The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.    Plaintiff's claims against Bayer Corporation are barred for lack of personal jurisdiction

3.    Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.      Any alleged negligent or culpable conduct of Bayer Corporation, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's and/or decedent's alleged injuries.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.      Any claims based on allegations that Bayer Corporation misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco,* 275 F.3d 1199 (9th Cir. 2002).

8.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

9.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.      Plaintiff's claims are barred, in whole or in part, because decedent's injuries, if any, were the result of conduct of decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

- 19 -

12.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims in whole or in part.

13.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

14.     Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

15.     If plaintiff and/or decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Bayer Corporation is neither liable nor responsible or, in the alternative, Bayer Corporation is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bayer Corporation. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's and/or decedent's alleged injuries or damages.

16.     Bayer Corporation had no legal relationship or privity with plaintiff and/or decedent and owed no duty to plaintiff by which liability could be attributed to it.

17.     Bayer Corporation made no warranties of any kind or any representations of any nature whatsoever to plaintiff and/or decedent. If any such warranties were made, which Bayer Corporation specifically denies, then plaintiff and/or decedent failed to give notice of any breach thereof.

18.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Bayer Corporation's due process, equal protection and other rights under the United States Constitution, the Ohio Constitution, and/or other applicable state constitutions.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Ohio law and/or other applicable state laws.

21.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Ohio Rev. Code Ann. § 2315.21.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's and/or decedent's own contributory/comparative negligence.

23.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

24.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

25.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

26.     If plaintiff and/or decedent has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bayer Corporation product.

27.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

29.     Plaintiff's common law claims are barred, in whole or part, by application of the Ohio Products Liability Act ("OPLA"), Ohio Rev. Code Ann. §§ 2307.71-2307.80.

30.     Bayer Corporation hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE,** Defendant Bayer Corporation demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## <u>JURY TRIAL DEMAND</u>

Bayer Corporation demands a jury trial on all issues so triable.

DATED: February 15, 2022.                   Respectfully  submitted,

SHOOK, HARDY & BACON L.L.P.


BY: /s/ Jennise W. Stubbs
    Jennise W. Stubbs
    600 Travis Street, Suite 3400
    Houston, TX 77002-2926
    Telephone:       (713) 227-8008
    Facsimile:       (713) 227-9508
    Email:      jstubbs@shb.com


Attorneys for Defendant

BAYER CORPORATION

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:22-cv-00786-VC

**CERTIFICATE OF SERVICE**

I certify that on the 15th day of February, 2022 I electronically transmitted the foregoing Defendant Bayer Corporation's Answer to Plaintiff's Complaint to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by Fed. R. Civ. P. 5.

/s/Jennise W. Stubbs
Jennise W. Stubbs

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:22-cv-00786-VC