# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IN RE: | : | MDL NO. 2741 |
| | : | |
| ROUNDUP PRODUCTS LIABILITY LITIGATION | : | CASE NO. 3:16-md-2741-VC |
| | : | |
| This document relates to: | : | |
| | : | |
| Maurice Wigglesworth v. Monsanto Co., Case No. 3:19-cv-07864-VC | : : : | |

## ORDER

**AND NOW**, this _____ day of _____, 20___, upon consideration of the unredacted Petition for Approval of Compromise and for Allocation of Settlement Proceeds between Survival and Wrongful Death Actions, filed under seal as Docket Entry 14525, it is hereby **ORDERED** and **DECREED** that Plaintiffs, Naja L. Barksdale and Maurice W. Wigglesworth, as Co-Administrators of the Estate of Maurice T. Wigglesworth, are authorized to enter into a settlement with Defendant in the gross amount of ███████████████████████ under the terms and conditions of the General Release attached hereto as Exhibit "A." Defendant shall forward all settlement drafts or checks to Plaintiffs' counsel for proper distribution.

**IT IS FURTHER ORDERED and DECREED** that the settlement proceeds are allocated as follows:

1. Wrongful Death Claim (75%)   ███████
2. Survival Claim (25%)   ███████

**IT IS FURTHER ORDERED and DECREED** that the settlement proceeds be distributed as follows:

| To: | Wapner Newman | $ ▮ |
| For: | Reimbursement of Costs | |

| To: | Wapner Newman | $ ▮ |
| For: | Counsel Fee (Reduced to 12%) | |

| To: | PA Department of Human Services | $ ▮ |
| For: | Compromised Medicaid Third-Party Lien | |

| To: | PA Department of Human Services | $ ▮ |
| For: | Estate Lien | |

| To: | Leisawitz Heller Law Firm | $ ▮ |
| For: | Estate Legal Work | |

| To: | Plaintiffs' Executive Committee | |
| For: | Common Benefit Fund (8% of settlement amount) | $ ▮ |

The Wrongful Death Claim in the sum of $▮ shall be paid as follows:

a.  To daughter, Naja L. Barksdale            $ ▮
b.  To son, Maurice W. Wigglesworth           $ ▮
c.  To daughter, Angelica Wigglesworth        $ ▮

The Survival Claim in the sum of $▮ shall be paid to the Estate of Maurice T. Wiggleworth's son, Terrence Wigglesworth.


BY THE COURT:

_____
The Honorable Vince Chhabria
United States District Judge

BY: JARAD L. SILVERSTEIN, ESQUIRE
jsilverstein@wapnernewman.com
PA ATTORNEY I.D. NO.: 206157
**WAPNER, NEWMAN, BRECHER & MILLER, P.C.**
2000 Market Street, Suite 2750
Philadelphia, PA 19103
(215) 569-0900                                                      ATTORNEY FOR PLANTIFFS

|  |  |  |
|---|---|---|
| IN RE: | : | MDL NO. 2741 |
|  | : |  |
| ROUNDUP PRODUCTS LIABILITY LITIGATION | : | CASE NO. 3:16-md-2741-VC |
|  | : |  |
| This document relates to: | : |  |
|  | : |  |
| Maurice Wigglesworth v. Monsanto Co., Case No. 3:19-cv-07864-VC | : |  |

**PETITION FOR APPROVAL OF COMPROMISE AND ALLOCATION OF WRONGFUL DEATH AND SURVIVAL ACTION PROCEEDS**

The Petition of Naja L. Barksdale and Maurice W. Wigglesworth, as Co-Administrators of the Estate of Maurice T. Wigglesworth, by their attorneys, Wapner, Newman, Brecher & Miller, P.C., respectfully request:

1. Movants are Naja L. Barksdale and Maurice W. Wigglesworth, natural children of decedent, Maurice T. Wigglesworth (hereinafter "Plaintiffs' decedent"), who were duly appointed Co-Administrators of the Estate of Maurice T. Wigglesworth on October 13, 2021, by the Register of Wills of Philadelphia County.  A copy of the Letters of Administration is attached hereto as Exhibit "B."

2. Movant, Naja L. Barksdale, resides at 36 Roboda Boulevard, Royersford, PA 19468.

3. Movant, Maurice W. Wigglesworth, resides at 8508 Lynnewood Road, Philadelphia, PA 19150.

1

4. Plaintiffs' decedent died on October 29, 2020. He was survived by four biological children. They are Naja L. Barksdale, Maurice W. Wigglesworth, Angelica Wigglesworth, and Terrence Wigglesworth.

5. The defendant is Monsanto Company (hereinafter "Monsanto").

6. This action involves the decedent's use of the Roundup weed killer and its alleged connection to his subsequent diagnosis of non-Hodgkin's lymphoma ("NHL").

7. This matter was initially filed in the United States District Court for the Eastern District of Pennsylvania by way of Civil Action Complaint on October 21, 2019. A copy of the Filed Complaint is attached hereto as Exhibit "C."

8. Subsequently, this matter was transferred to the multi-district litigation (MDL) *In re Roundup Products Liability Litigation*, Case No. 3:16-md-02741-VC.

9. After extensive negotiations, the parties agreed to settle the case for the total amount of $[redacted] on May 17, 2021.

10. The matter was dismissed with prejudice in the MDL on August 19, 2021. A copy of the Stipulation of Dismissal with Prejudice is attached hereto as Exhibit "D."

11. Plaintiffs' decedent initially entered into a Contingent Fee Agreement with Wapner Newman in which Plaintiffs' attorney's fee would amount to 33 1/3% of the gross settlement contingent on a successful outcome of the case. A copy of the Contingent Fee Agreement is attached hereto as Exhibit "E." Wapner Newman has agreed to lower its fee to 12% of the net recovery.

12. The Roundup cases have been difficult for Plaintiffs nationally in terms of both liability and causation.

13. Wapner Newman has incurred the following expenses for which reimbursement is sought:

| | |
|---|---|
| Depositions | $ ▮ |
| Medical Records | $ ▮ |
| Court/Filing Fees | $ ▮ |
| TOTAL | $ ▮ |

14. Also from the total settlement proceeds, the following deductions will be made:

| | |
|---|---|
| Medicaid Third-Party Lien Satisfaction | $ ▮ |
| Medicaid Estate Lien Satisfaction[1] | $ ▮ |
| Estate Legal Work | $ ▮ |
| Counsel Fees (12% of net recovery) | $ ▮ |
| Common Benefit Fund of Plaintiffs' Executive Committee (8% of settlement amount) | $ ▮ |
| TOTAL | $ ▮ |

15. Thus, the total amount of costs sought for reimbursement is $ ▮.

16. Counsel is of the professional opinion that the proposed settlement is reasonable for the following reasons. Movants and their counsel believe that the proposed settlement would clearly be in Plaintiffs' best interests, especially considering that Plaintiffs' decedent passed away and the risk that trial of the case might result in a defense verdict or a lower award. Significantly, the settlement proposed herein was reached well in advance of trial and prior to exchange of expert reports, avoiding significant trial preparation expenses.

17. At the time of settlement, Medicaid held a lien in the amount of $ ▮ related to medical expenses paid on behalf of Plaintiffs' decedent. Plaintiffs' counsel was able to negotiate

---

[1] This amount is expected to be substantially lowered, thus awarding a larger payment to each of Mr. Wigglesworth's heirs. Most of the charges included in Medicaid's Estate Lien are duplicative of charges reflected in its Third-Party Lien. Plaintiffs' counsel has been instructed by the PA Department of Human Services to satisfy the Third-Party Lien first and then the Department will reduce the Estate Lien as necessary.

the lien down to $_____ which at the request of the clients will be paid by Wapner Newman and be reimbursed as case expenses. A copy of the May 27, 2021 correspondence from Medicaid is attached hereto as Exhibit "F."

18. Due to the untimely death of Plaintiffs' decedent during the pendency of this action, a total of $_____ will be distributed to Leisawitz Heller Law Firm for the legal work completed on behalf of the Estate of Maurice T. Wigglesworth. This work was considerable as one of Mr. Wigglesworth's children passed subsequent to him, and that child's heir had to be located in New Hampshire, with an estate being raised there before Plaintiffs' decedent's estate could be raised.

19. Counsel requests a reasonable fee in the sum of $_____ which is Twelve Percent (12%) of the net recovery, reduced from the initial Contingent Fee Agreement of Thirty-Three and One-Third Percent (33 1/3%).

20. Based upon this proposal, each heir of the decedent (each of his three living children and the estate of his deceased child) will split evenly a total of $_____ between the proceeds of the wrongful death and survival actions.[2]

**Allocation of Settlement Between Wrongful Death and Survival Claims**

21. Plaintiffs respectfully request the Court grant allocation of the net settlement proceeds as follows: 75% of the net settlement proceeds to be allocated to the wrongful death action and 25% of the net settlement proceeds to be allocated to the survival action.

22. The sole potential wrongful death beneficiaries are Plaintiffs' decedent's natural children, Naja L. Barksdale, Maurice W. Wigglesworth, Angelica Wigglesworth, and the Estate of Terrence Wigglesworth. Notice of the institution of the action pursuant to Pa. R.C.P. 2205 was not served on Plaintiffs' decedent's children as Maurice T. Wigglesworth was living to institute

---

[2] As aforementioned, it is expected this amount will increase once Medicaid's Estate Lien is reduced.

4

this lawsuit. During the pendency of this action, his natural children, Naja L. Barksdale and Maurice W. Wigglesworth, were appointed Co-Administrators of the Estate of Maurice T. Wigglesworth.

23. Decedent died intestate.

24. Plaintiffs' decedent's natural children, Naja L. Barksdale, Maurice W. Wigglesworth, and Angelica Wigglesworth, and the Estate of Terrence Wigglesworth are the sole intestate heirs of Plaintiffs' decedent pursuant to 20 Pa. C.S. § 2101 et seq.

25. The damages recoverable under the wrongful death claim include the medical, funeral, and estate administration expenses and the monetary value of the services, society, and comfort that Maurice T. Wigglesworth would have provided to his natural children if he would have lived beyond October 29, 2020.

26. By comparison, the recoverable damages under the survival action are for Maurice T. Wigglesworth's loss of earnings capacity, and loss of life's pleasures and pursuits. An allocation of twenty-five percent (25%) of the settlement proceeds is sufficient to compromise the survival claim.

27. Settlement of a survival claim must be approved by the court in which it is pending. 20 Pa.C.S. 3233(b). Further, "where wrongful death and survival actions are settled for a single amount, the amount apportioned to the survival action must be approved by a court having jurisdiction." Moore v. Gates, 398 Pa. Super. 211, 217, 580 A.2d 1138, 1141 (1990). This is because such apportionment may result in an unfair recovery by the wrongful death beneficiaries to the detriment of decedent's estate and its creditors who recover under the survival. See, e.g., Moore, supra, at 217 ("The requirement for court approval of survival actions is intended to protect the estate, as well as the creditors and beneficiaries thereof.")

Case 3:16-md-02741-VC   Document 14613   Filed 02/17/22   Page 8 of 17

28. With regard to the wrongful death distribution, the proposed distribution for the pecuniary loss of Maurice T. Wigglesworth's natural children that resulted from the death of their father, respectfully, is not excessive.

29. As the only potential heirs of the decedent's estate are his natural children, inheritance taxes of four and one-half percent are due. <u>See</u> 72 P.S. § 9116(a)(1)(i) (Inheritance tax upon the transfer of property passing to or for the use of … lineal descendants shall be at the rate of four and one-half per cent.).

30. Plaintiffs have sent this application and proposed Order to the Pennsylvania Department of Revenue for its approval of the proposed allocation.

31. Therefore, it is proposed settlement funds be distributed as follows:

| To: | Wapner Newman | $ |
| For: | Reimbursement of Costs | |

| To: | Wapner Newman | $ |
| For: | Counsel Fee (Reduced to 12%) | |

| To: | PA Department of Human Services | $ |
| For: | Compromised Medicaid Third-Party Lien | |

| To: | PA Department of Human Services | $ |
| For: | Estate Lien | |

| To: | Leisawitz Heller Law Firm | $ |
| For: | Estate Legal Work | |

| To: | Plaintiffs' Executive Committee | |
| For: | Common Benefit Fund (8% of settlement amount) | $ |

The Wrongful Death Claim in the sum of $ ▓▓▓▓ shall be paid as follows:

   a. To daughter, Naja L. Barksdale      $
   b. To son, Maurice W. Wigglesworth   $
   c. To daughter, Angelica Wigglesworth  $

The Survival Claim in the sum of $ ▓▓▓▓ shall be paid to the Estate of Maurice T. Wiggleworth's son, Terrence Wigglesworth.

6

32. Plaintiffs' counsel believes the settlement proposed herein is fair and adequate and that, in his professional opinion, it is in the best interest of Plaintiffs to accept the offer of settlement.

33. Plaintiffs, Naja L. Barksdale and Maurice W. Wigglesworth, as Co-Administrators of the Estate of Maurice T. Wigglesworth, are of the opinion that the proposed settlement is reasonable and wish the Court to approve the settlement.

34. The parties, as part of the settlement of this action, have agreed to complete confidentiality. Therefore, on January 31, 2021, Plaintiffs filed an Administrative Motion to File Under Seal along with an unredacted copy of this Petition for Approval of Compromise and Allocation of Wrongful Death and Survival Proceeds pursuant to 20 Pa. C.S.A. § 3323 and the proposed Order. The Administrative Motion to File Under Seal was filed both on MDL docket Case No. 3:16-md-02741-VC as Docket Entry 14525 and on the individual member docket Case No. 3:19-cv-07864-VC as Docket Entry 10.

35. On February 7, 2022, this Honorable Court entered an Order granting Plaintiffs' Administrative Motion to File Under Seal. A copy of the February 7, 2022 Order is attached hereto as Exhibit "G."

36. Plaintiffs now seek approval of the unredacted Petition for Approval of Compromise and Allocation of Wrongful Death and Survival Proceeds with accompanying exhibits filed under seal as Docket Entry 14525 in Case No. 3:16-md-02741-VC.

**WHEREFORE**, Petitioners respectfully request this Honorable Court to enter an Order in the proposed form.

Respectfully submitted,

**WAPNER, NEWMAN, BRECHER & MILLER, P.C.**

BY: */s/Jarad L. Silverstein*
Jarad L. Silverstein, Esquire
*Attorney for Petitioners, Naja L. Barksdale and Maurice W. Wigglesworth, as Co-Administrators of the Estate of Maurice T. Wigglesworth, Deceased*

BY: JARAD L. SILVERSTEIN, ESQUIRE
jsilverstein@wapnernewman.com
PA ATTORNEY I.D. NO.: 206157
**WAPNER, NEWMAN, BRECHER & MILLER, P.C.**
2000 Market Street, Suite 2750
Philadelphia, PA 19103
(215) 569-0900                                                          ATTORNEY FOR PLANTIFFS

| | | |
|---|---|---|
| IN RE: | : | MDL NO. 2741 |
| | : | |
| ROUNDUP PRODUCTS LIABILITY LITIGATION | : | CASE NO. 3:16-md-2741-VC |
| | : | |
| This document relates to: | : | |
| | : | |
| Maurice Wigglesworth v. Monsanto Co., Case No. 3:19-cv-07864-VC | : | |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' PETITION FOR APPROVAL OF COMPROMISE AND ALLOCATION OF <u>WRONGFUL DEATH AND SURVIVAL ACTION PROCEEDS</u>

Petitioners, Naja L. Barksdale and Maurice W. Wigglesworth, as Co-Administrators of the Estate of Maurice T. Wigglesworth, by and through their attorneys, Wapner, Newman, Brecher & Miller, P.C., respectfully submit this Memorandum of Law in support of Plaintiffs' Petition for Approval of Compromise and Allocation of Wrongful Death and Survival Action Proceeds, and aver the following:

**I.      FACTS.**

This is a wrongful death/survival action on behalf of Plaintiffs' decedent, Maurice T. Wigglesworth, involving decedent's use of the Roundup weed killer and its alleged connection to his subsequent diagnosis of non-Hodgkin's lymphoma ("NHL"). Movants are Naja L. Barksdale and Maurice W. Wigglesworth, natural children of decedent, Maurice T. Wigglesworth, who were duly appointed Co-Administrators of the Estate of Maurice T. Wigglesworth on October 13, 2021, by the Register of Wills of Philadelphia County. A copy of the Letters of Administration is

1

attached hereto as Exhibit "B." Plaintiffs' decedent died on October 29, 2020. He was survived by four biological children. They are Naja L. Barksdale, Maurice W. Wigglesworth, Angelica Wigglesworth, and Terrence Wigglesworth.

This matter was initially filed in the United States District Court for the Eastern District of Pennsylvania by way of Civil Action Complaint on October 21, 2019. A copy of the Filed Complaint is attached hereto as Exhibit "C." Subsequently, this matter was transferred to the multi-district litigation (MDL) *In re Roundup Products Liability Litigation*, Case No. 3:16-md-02741-VC. After extensive negotiations, the parties agreed to settle the case for the total amount of $_____ on May 17, 2021. The matter was dismissed with prejudice in the MDL on August 19, 2021. A copy of the Stipulation of Dismissal with Prejudice is attached hereto as Exhibit "D."

## II.   STATEMENT OF QUESTION PRESENTED.

Q.   Whether the Court should approve the settlement of this matter and allocate 75% of the settlement proceeds to the Wrongful Death claim and the remaining 25% to the Survival claim?

Suggested Answer:   Yes.

## III.   LEGAL ARGUMENT.

Plaintiffs respectfully request the Court grant allocation of the net settlement proceeds as follows: 75% of the net settlement proceeds to be allocated to the wrongful death action and 25% of the net settlement proceeds to be allocated to the survival action.

The sole potential wrongful death beneficiaries are Plaintiffs' decedent's natural children, Naja L. Barksdale, Maurice W. Wigglesworth, Angelica Wigglesworth, and the Estate of Terrence Wigglesworth. Notice of the institution of the action pursuant to Pa. R.C.P. 2205 was not served on Plaintiffs' decedent's children as Maurice T. Wigglesworth was living to institute this lawsuit. During the pendency of this action, his natural children, Naja L. Barksdale and Maurice W.

Wigglesworth, were appointed Co-Administrators of the Estate of Maurice T. Wigglesworth. Decedent died intestate. Plaintiffs' decedent's natural children, Naja L. Barksdale, Maurice W. Wigglesworth, and Angelica Wigglesworth, and the Estate of Terrence Wigglesworth are the sole intestate heirs of Plaintiffs' decedent pursuant to 20 Pa. C.S. § 2101 et seq.

The damages recoverable under the wrongful death claim include the medical, funeral, and estate administration expenses and the monetary value of the services, society, and comfort that Maurice T. Wigglesworth would have provided to his natural children if he would have lived beyond October 29, 2020. By comparison, the recoverable damages under the survival action are for Maurice T. Wigglesworth's loss of earnings capacity, and loss of life's pleasures and pursuits. An allocation of twenty-five percent (25%) of the settlement proceeds is sufficient to compromise the survival claim.

Settlement of a survival claim must be approved by the court in which it is pending. 20 Pa.C.S. 3233(b). Further, "where wrongful death and survival actions are settled for a single amount, the amount apportioned to the survival action must be approved by a court having jurisdiction." Moore v. Gates, 398 Pa. Super. 211, 217, 580 A.2d 1138, 1141 (1990). This is because such apportionment may result in an unfair recovery by the wrongful death beneficiaries to the detriment of decedent's estate and its creditors who recover under the survival. See, e.g., Moore, supra, at 217 ("The requirement for court approval of survival actions is intended to protect the estate, as well as the creditors and beneficiaries thereof.")

With regard to the wrongful death distribution, the proposed distribution for the pecuniary loss of Maurice T. Wigglesworth's natural children that resulted from the death of their father, respectfully, is not excessive.

As the only potential heirs of the decedent's estate are his natural children, inheritance taxes of four and one-half percent are due. See 72 P.S. § 9116(a)(1)(i) (Inheritance tax upon the transfer of property passing to or for the use of … lineal descendants shall be at the rate of four and one-half per cent.). Plaintiffs have sent this application and proposed Order to the Pennsylvania Department of Revenue for its approval of the proposed allocation.

Plaintiffs' counsel believes the settlement proposed herein is fair and adequate and that, in his professional opinion, it is in the best interest of Plaintiffs to accept the offer of settlement.

Plaintiffs, Naja L. Barksdale and Maurice W. Wigglesworth, as Co-Administrators of the Estate of Maurice T. Wigglesworth, are of the opinion that the proposed settlement is reasonable and wish the Court to approve the settlement.

The parties, as part of the settlement of this action, have agreed to complete confidentiality. Therefore, on January 31, 2021, Plaintiffs filed an Administrative Motion to File Under Seal along with an unredacted copy of this Petition for Approval of Compromise and Allocation of Wrongful Death and Survival Proceeds pursuant to 20 Pa. C.S.A. § 3323 and the proposed Order. The Administrative Motion to File Under Seal was filed both on MDL docket Case No. 3:16-md-02741-VC as Docket Entry 14525 and on the individual member docket Case No. 3:19-cv-07864-VC as Docket Entry 10.

On February 7, 2022, this Honorable Court entered an Order granting Plaintiffs' Administrative Motion to File Under Seal. A copy of the February 7, 2022 Order is attached hereto as Exhibit "G." Plaintiffs now seek approval of the unredacted Petition for Approval of Compromise and Allocation of Wrongful Death and Survival Proceeds with accompanying exhibits filed under seal as Docket Entry 14525 in Case No. 3:16-md-02741-VC.

## IV. CONCLUSION.

Accordingly, Plaintiffs request this Honorable Court to enter an Order in the proposed form.

Respectfully submitted,

**WAPNER, NEWMAN, BRECHER & MILLER, P.C.**

BY: */s/Jarad L. Silverstein*_____
Jarad L. Silverstein, Esquire
*Attorney for Petitioners, Naja L. Barksdale and Maurice W. Wigglesworth, as Co-Administrators of the Estate of Maurice T. Wigglesworth, Deceased*

BY: JARAD L. SILVERSTEIN, ESQUIRE
jsilverstein@wapnernewman.com
PA ATTORNEY I.D. NO.: 206157
**WAPNER, NEWMAN, BRECHER & MILLER, P.C.**
2000 Market Street, Suite 2750
Philadelphia, PA 19103
(215) 569-0900                                                             ATTORNEY FOR PLANTIFFS

|                                   |   |                          |
|-----------------------------------|---|--------------------------|
| IN RE:                            | : | MDL NO. 2741             |
|                                   | : |                          |
| ROUNDUP PRODUCTS LIABILITY        | : | CASE NO. 3:16-md-2741-VC |
| LITIGATION                        | : |                          |
|                                   | : |                          |
| This document relates to:         | : |                          |
|                                   | : |                          |
| Maurice Wigglesworth v.           | : |                          |
| Monsanto Co.,                     | : |                          |
| Case No. 3:19-cv-07864-VC         | : |                          |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Petition was served via first-class mail, postage pre-paid, on February 17, 2022 as follows:

Ms. Naja L. Barksdale
36 Roboda Boulevard
Royersford, PA 19468

Mr. Maurice W. Wigglesworth
8508 Lynnewood Road
Philadelphia, PA 19150

Ms. Angelica Wigglesworth
334 N. 62nd Street
Philadelphia, PA 19139

Estate of Terrence Wigglesworth
c/o: **LEISAWITZ HELLER LAW FIRM**
2755 Century Boulevard
Wyomissing, PA 19610

Anthony R. Martinez, Esquire
**SHOOK, HARDY & BACON LLP**
2555 Grand Boulevard
Kansas City, MO 64108

Pennsylvania Department of Revenue
Wrongful Death/Survival Action Request
PA Department of Revenue
Inheritance Tax Division
P.O. Box 280601
Harrisburg, PA 17128-0601

Department of Human Services
Bureau of Program Integrity
Division of Third Party Liability
Recovery Section, P.O. Box 8486
Harrisburg, PA 17105-8486
**Attention:    Mike Gebert
           TPL Program Investigator**

                              **WAPNER, NEWMAN, BRECHER & MILLER, P.C.**

                    BY:   */s/Jarad L. Silverstein*
                          JARAD L. SILVERSTEIN, ESQUIRE
                          *Attorney for Petitioners, Naja L. Barksdale and Maurice W. Wigglesworth, as Co-Administrators of the Estate of Maurice T. Wigglesworth, Deceased*