**BRUSTER PLLC**
Anthony K. Bruster
New Mexico Bar No.
John C. Hull
New Mexico Bar No.
680 N. Carroll Ave., Suite 110
Southlake, Texas 76092
Telephone:  (817) 601-9564
Facsimile:  (817) 796-2929
Email: akbruster@brusterpllc.com
         jhull@brusterpllc.com

**FEARS | NACHAWATI LAW FIRM**
Danae Nicole Benton
Texas No. 24080422
5489 Blair Road
Dallas, TX 75231
Telephone:  (214) 890-0711
Facsimile:  (214) 890-0712
Email: dbenton@fnlawfirm.com

**Attorneys for Plaintiff
Marita Renteria**

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION**<br><br>This document relates to:<br><br>*Marita Renteria v. Monsanto Company, et al.;* Case No. 3:22-cv-00877-VC | MDL No. 2741<br><br>Case No. 16-md-02741-VC<br><br>**Hearing Date: March 31, 2022**<br>**Time: 10:00 a.m.** |

### PLAINTIFF'S NOTICE OF MOTION TO REMAND

PLEASE TAKE NOTICE that beginning on March 22, 2022, at 10:00 a.m., Plaintiff Marita Renteria will present her Motion to Remand.

Pursuant to 28 U.S.C. § 1447, Plaintiff seeks an order remanding this case to the First Judicial District Court for the County of Santa Fe, New Mexico. Additionally, Plaintiff seeks an award of attorney's fees under 28 U.S.C. § 1447(c).

1

Dated: February 21, 2022

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

By: */s/ Anthony K. Bruster*
   **Anthony K. Bruster**
   New Mexico Bar No. 20283
   John C. Hull
   Texas Bar. No. 24050791

**BRUSTER PLLC**
680 N. Carroll Ave., Suite 110
Southlake, Texas 76092
Telephone:  (817) 601-9564
Facsimile:   (817) 796-2929
Email: akbruster@brusterpllc.com
        jhull@brusterpllc.com

**FEARS | NACHAWATI LAW FIRM**
Danae Nicole Benton
Texas No. 24080422
5489 Blair Road
Dallas, TX 75231
Telephone:  (214) 890-0711
Facsimile:  (214) 890-0712
Email:  dbenton@fnlawfirm.com

*Attorneys for Plaintiff Marita Renteria*

**BRUSTER PLLC**
Anthony K. Bruster
New Mexico Bar No. 20283
John C. Hull
Texas Bar No. 24050791
680 N. Carroll Ave., Suite 110
Southlake, Texas 76092
Telephone:  (817) 601-9564
Facsimile:  (817) 796-2929
Email: akbruster@brusterpllc.com
         jhull@brusterpllc.com

**FEARS | NACHAWATI LAW FIRM**
Danae Nicole Benton
Texas No. 24080422
5489 Blair Road
Dallas, TX 75231
Telephone:  (214) 890-0711
Facsimile:  (214) 890-0712
Email: dbenton@fnlawfirm.com

**Attorneys for Plaintiff**
**Marita Renteria**

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION** | MDL No. 2741 |
| This document relates to: | Case No. 16-md-02741-VC |
| *Marita Renteria v. Monsanto Company, et al.;* Case No. 3:22-cv-00877-VC | **Hearing Date: March 31, 2022** **Time: 10:00 a.m.** |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ………………………………………………...……...... iii

ISSUES TO BE DECIDED ………………………………………………………… 1

STATEMENT OF FACTS ……………………………………………………..…..… 1

ARGUMENTS AND AUTHORITIES ……………………………………………… 4

    A.  Ninth Circuit Law Governs Questions of Federal Law. …………………………… 4

    B.  Sidco Was Not Fraudulently Joined. …………………………………...…… 4

    C.  Monsanto's Notice of Removal was Untimely under
        28 U.S.C. § 1446(b). ………………………………………….…..…… 8

        1.  If this case ever was removable, it became removable on
            May 5, 2020 when AGCO was dismissed. ……………….……………….…...… 8

        2.  In the alternative, if this case ever was removable, it
            became removable on July 14, 2021, when Plaintiff
            served her Plaintiff's Fact Sheet. …………………………...……………..……… 10

        3.  Monsanto's claim in paragraph 16 of the Notice of Removal is inaccurate. ………...... 11

    D.  Monsanto's Notice of Removal was Untimely under 28 U.S.C. § 1446(c)(1). ……….…... 12

    E.  There is No Diversity Jurisdiction under 28 U.S.C. § 1332. ………………………..… 14

    F.  The Court should award attorney fees under 28 U.S.C. § 1447(c). …………………..…… 15

CONCLUSION ………………………………………………………………… 15

# TABLE OF AUTHORITIES

**Cases:**

*Batoff v. State Farm Ins. Co.*, 977 F.2d 848 (3d Cir. 1992) ………………….…..…………..……… 9

*Charter v. FCA US, LLC*, 540 F. Supp. 3d 939 (C.D. Cal. 2021) ……………………..…….. 12, 14

*Craig v. Universum Communs., Inc.*, No. 20-cv-01284-HSG,
    2020 U.S. Dist. LEXIS 144046 (N.D. Cal. Aug. 11, 2020) ……………….…..……… 12, 13

*Davidson v. Arch Chems. Specialty Prods.*, 347 F. Supp. 2d 938 (D. Or. 2004) …………..…… 10

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) …………………………..….……………. 5

*GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) ……………………….…..……. 5

*Guyant v. Johnson & Johnson, Inc.*, No. 1:03-CV-0015- DFH,
    2003 U.S. Dist. LEXIS 6747 (S.D. Ind. Apr. 21, 2003) ………………………...…….…..7, 8

*Heacock v. Rolling Frito-Lay Sales, LP*, No. C16-0829-JCC,
    2016 U.S. Dist. LEXIS 98227 (W.D. Wash. July 27, 2016) ………………….………..… 13

*Herrera v. Pier 1 Imps. United States, Inc.*, No. EDCV 19-999 JGB (SHKx),
    2019 U.S. Dist. LEXIS 131916 (C.D. Cal. Aug. 5, 2019) …………………………….…… 11

*Hunter v. Phillip Morris USA*, 582 F.3d 1039 (9th Cir. 2009) …………………………….…….. 5

*Johnson v. Monsanto Co.*, No. 16-cv-01244-MMC,
    2016 U.S. Dist. LEXIS 58309, (N.D. Cal. May 2, 2016 …………………..………… 10

*Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416 (9th Cir. 1989) ………………….…………… 7

*Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005) …………………………………………… 15

*McCarty v. Johnson & Johnson*, No. 1:10-CV-00350 OWW-DLB,
    2010 U.S. Dist. LEXIS 64902 (E.D. Cal. June 28, 2010) ……………………………… 7

*NKD Diversified Enterprises Inc. v. First Mercury Ins. Co.*, No. 1:14-cv-00183-AWI-SAB,
    2014 U.S. Dist. LEXIS 58785 (E.D. Cal. Apr. 28, 2014) …………………………… 13

*O'Brien v. HII Ins. Sols.*, No. 2:20-cv-02115-KJM-AC,
    2021 U.S. Dist. LEXIS 52479 (E.D. Cal. Mar. 18, 2021) …………………..…………… 13

*Renovato v. FCA US LLC*, No. CV 21-3803 PA (PVCx),
    2021 U.S. Dist. LEXIS 112160 (C.D. Cal. June 15, 2021) …………………………….. 12

*Reyes v. FCA US LLC*, No. 1:20-cv-00833-DAD-SKO,
    2020 U.S. Dist. LEXIS 230587 (E.D. Cal. Dec. 8, 2020) …………………..………… 10

*Ritchey v. Upjohn Drug Co*, 139 F.3d 1313 (9th Cir. 1998) …………………………………….. 5

*Robertson v. GMAC Mortg., LLC*, 640 F. App'x 609, 611 (9th Cir. 2016) …………...……….. 4, 5

*Scott v. Monroe*, No. C20-1550-RSM-MAT,
   2021 U.S. Dist. LEXIS 21746 (W.D. Wash. Jan. 11, 2021) ……………...…………… 13

*Shaw v. Ocwen Loan Servicing, LLC*, No. 15-cv-01755-JD,
   2016 U.S. Dist. LEXIS 11716 (N.D. Cal. Feb. 1, 2016) …………………………..…… 14

*Spence v. Clary*, No. CV 20-11166 DSF (JPRx),
   2021 U.S. Dist. LEXIS 17661 (C.D. Cal. Jan. 29, 2021) ……………………………….5

*Terrazas v. Garland & Loman, Inc.*, 2006-NMCA-111,
   140 N.M. 293, 142 P.3d 374 …………………………………………...………….. 10

*Tillman v. R.J. Reynolds, Tobacco*, 340 F.3d 1277 (11th Cir. 2003) ……………………..……… 5

*Valencia v. Colo. Cas. Ins. Co.*, 560 F. Supp. 2d 1080 (D.N.M. 2007) ……………...………. 9, 10

*Waldon v. Novartis Pharm. Corp.*, No. C07-01988 MJJ,
   2007 U.S. Dist. LEXIS 45809 (N.D. Cal. June 14, 2007) ……………………..…… 14, 15

**Statutes:**

28 U.S.C. § 1332 …………………………………………………………………… 1, 14, 15

28 U.S.C. § 1446 ……………………………………………………….……… 1, 8, 12, 14

28 U.S.C. § 1447 ……………………………………..……………………………… 1, 15

NMSA § 52-1-9 …………………………………………………………..…………… 6

Iowa Code § 714H.2(4) …………………………………....………………………… 9

Iowa Code § 714H.3 ……………………………………..…………………....…… 9

**Other Authorities:**

1-016 NMRA …………………………………………………………………….. 2

**ISSUES TO BE DECIDED**

**1.** Whether Sidco Corporation was fraudulently joined.

**2.** Whether Monsanto's Notice of Removal was untimely under 28 U.S.C. § 1446(b).

**3.** Whether Monsanto's Notice of Removal was untimely under 28 U.S.C. § 1446(c)(1).

**4.** Whether there is diversity jurisdiction under 28 U.S.C. § 1332.

**5.** Whether the Court should award attorney fees under 28 U.S.C. § 1447(c).

**STATEMENT OF FACTS**

This case was filed on January 17, 2020, in the First Judicial District Court, County of Santa Fe, New Mexico and was assigned Case No. D-101-CV-00180 (the "State Court Action"). Ex. 1 at pp. 17-70.[1]  In her Original Complaint, Plaintiff Marita Renteria ("Plaintiff" or "Renteria") named Monsanto Company ("Monsanto"), Sidco Corporation ("Sidco"), and AGCO Corporation ("AGCO") as defendants.  Ex. 1 at p. 18 ¶¶ 2-4. Both Sidco and AGCO are citizens of New Mexico for purposes of 28 U.S.C. § 1441.  Ex. 1 at p. 18 ¶¶ 3-4; *see also* Ex. 1 at pp. 2-3 ¶¶ 3 & 7.

The only cause of action Plaintiff pleaded against Sidco in her Original Complaint was in Count VII where she alleged that "Defendants violated the Act." The Act is defined as "Iowa Consumer Frauds Act, Iowa Code § 714H.1, et seq." Ex. 1 at pp. 65-66 ¶¶ 204-206.  The only other possible reference to Sidco in any claim for relief in the Original Complaint is in the Punitive Damage section in which Plaintiff alleged "Defendants' conduct as alleged herein was done with oppression, fraud, and malice," and followed by a summary of alleged actions by Monsanto

---

[1] Plaintiff's Motion to Remand is supported by the Declaration of Anthony K. Bruster in Support of Plaintiff's Motion to Remand ("Bruster Declaration") filed with this Motion, together with Exhibits 1 and 2 attached thereto. For ease of Reference, Defendant Monsanto Company's Notice of Removal with all exhibits attached thereto is Exhibit 1 to the Bruster Declaration. Plaintiff has sequentially numbered Exhibit 1. References to the Notice of Removal itself herein will be: "Notice of Removal at ¶ ___." References to the file from the State Court Action attached to the Notice of Removal will be to the page numbers attached to Exhibit 1, thus: "Ex. 1 at p. __."

justifying an award of punitive damages.  Ex. 1 at pp. 68-69 ¶¶ 217-220.  The prayer in the Original Complaint does not seek any relief from Sidco.  Ex. 1 at p. 69.

Counsel for Sidco filed an Entry of Appearance in the State Court Action on March 10, 2020, Ex. 1 at p. 82. On April 8, 2020, Monsanto filed "Monsanto Company's Answer to Plaintiff's Complaint." Ex. 1 at pp. 85-126. On May 5, 2020, Renteria filed a Stipulation of Dismissal Without Prejudice of All Claims Against Defendant AGCO Corporation. Ex. 1 at p. 129. Therefore, from May 5, 2020 through September 13, 2021 (the date upon which Plaintiff filed her First Amended Complaint in the State Court Action), the only New Mexico defendant in the State Court Action was Sidco and the only claim pleaded against Sidco was under the Iowa Consumer Frauds Act.

In complex civil litigation in New Mexico state court, the customary practice is for a party, usually the plaintiff, to request a hearing on a Rule 1-016 scheduling conference. *See* 1-016 NMRA; Bruster Declaration at ¶ 4. On August 13, 2020, Renteria filed a Request for Hearing for a Rule 1-016 Scheduling Conference, Ex. 1 at p. 133, and that same day the state court issued a Notice of Hearing for a Scheduling Conference to be held on September 8, 2020.  Ex. 1 at p. 136.  The state court directed counsel to meet and confer on a proposed trial date and various pretrial issues, including specifically issues related to settlement.  Ex. 1 at pp. 138-139.

On September 4, 2020, Monsanto and Renteria filed a joint Motion to Vacate Scheduling Conference. Ex. 1 at pp. 146-48. Said motion included the following joint statement:

> Counsel for Plaintiff and Monsanto are currently discussing potential resolution of this lawsuit.  As a result, the parties agree that it would be most efficient for both the Court's and the parties' time and resources to vacate the September 8th conference, as this will provide the parties additional time to continue their discussions regarding potential resolution of this lawsuit.  Should the parties need a Scheduling Conference in the future, they will promptly notify this Court and seek such conference.

Ex. 1 at p. 146.  The Joint Motion to Vacate was granted the same day it was filed.  Ex. 1 at p. 149.

The fact that in September of 2020 the parties to the State Court Action were focused on settlement negotiations rather than active litigation was neither surprising nor unique. The State

Court Action was filed during the lull in Roundup litigation nationally following the *Johnson*, *Hardeman*, and *Pilliod* trials when Monsanto and the over one-hundred thousand plaintiffs in the MDL and in state courts around the country were focused on settlement negotiations facilitated by Ken Feinberg. *See* Pretrial Order No. 236, June 22, 2021 (MDL ECF 13192) at pp. 6-7, 22.

On January 15, 2021, attorneys from Bruster PLLC filed their Notice of Appearance for Renteria.  Ex. 1 at pp. 152-54.  Soon thereafter, the parties began working together on certain agreed procedural orders requested by Monsanto. Bruster Declaration at ¶¶ 5-6. Specifically, these orders were: a "Confidentiality and Protective Order," a "Joint Stipulation and Order Governing Protocol for Discovery of Electronically Stored Information," and an "Order Governing Privilege Logs." Bruster Declaration at ¶ 6. These Orders were signed by the state court on June 12, 2021. Ex. 1 at pp. 155-166, 167-188, and 189-192.

Additionally, in early 2021, counsel for Monsanto requested that Plaintiff complete and return a "Plaintiff's Fact Sheet" prepared by Monsanto. Counsel for Plaintiff agreed to Monsanto's request. In the same time frame, Plaintiff asked Monsanto to produce all documents which had been produced in and all transcripts of testimony from the MDL. Monsanto agreed to most, but not all, of this request. Consistent with the timing agreed to by the parties, on July 14, 2021, counsel for Plaintiff served a completed Plaintiff's Fact Sheet on counsel for Monsanto and Monsanto produced a large number of documents to Plaintiff. Bruster Declaration at ¶ 7; Ex 2.

Among other things, Plaintiff's Fact Sheet makes clear that the only states in which Plaintiff has resided in the past 40 years are California and New Mexico, Ex. 2 at p. 2, and that all of Plaintiff's exposure to Roundup occurred between 1976 and 1988 while she was working on her family farm in Las Cruces, New Mexico. Ex. 2 at p. 10.

On June 14, 2021, the state court issued a Notice of Rule 16 Scheduling Conference to be held on August 30, 2021. Ex. 1 at p. 193. On September 21, 2021, the state court signed and entered a Rule 1-016(B) Scheduling Order – Jury. Ex. 1 at pp. 224-33. Consistent with the deadlines

announced by the state court in the scheduling conference, Plaintiff filed her First Amended Complaint on September 13, 2021.  Ex. 1 at pp. 198-223. On September 27, 2021, Sidco filed "Defendant Sidco Corporation's Responses to Original Complaint." Ex. 1 at pp. 257-64. Sidco was never dismissed as a party to the State Court Action.

On October 13, 2021, Monsanto filed its Notice of Removal to the District of New Mexico where the case was assigned Case No. 2:21-cv-00994 (the "District of New Mexico Case"). On October 22, 2021, Plaintiff timely filed Plaintiff Marita Renteria's Motion to Remand and her Brief in Support of Plaintiff's Motion to Remand. ECF 5 and 6. On November 5, 2021, Monsanto filed Defendant Monsanto Company's Opposition to Plaintiff's Motion to Remand. ECF 13. On November 12, 2021, Plaintiff filed her Reply in Support of Plaintiff Marita Renteria's ECF 14. On February 10, 2022, the Judicial Panel on Multidistrict Litigation transferred the District of New Mexico Case to this Court for coordination or consolidated pretrial proceedings. ECF 20.

The District Court for the District of New Mexico did not rule on Plaintiff's Motion to Remand before the case was transferred to this Court. Accordingly, Plaintiff moves this Court to remand this case to the First Judicial District Court, County of Santa Fe, New Mexico.

## ARGUMENTS AND AUTHORITIES

### A.  Ninth Circuit Law Governs Questions of Federal Law.

The State Court Action was filed in New Mexico and was removed to the District of New Mexico, which is in the Tenth Circuit. However, in this MDL, "for questions of federal law, such as the admissibility of expert testimony under *Daubert*, Ninth Circuit law will govern regardless of where the case originated." Pretrial Order No. 158: *Daubert* Choice of Law, July 10, 2019 (MDL ECF 4549) p 1.

### B.  Sidco Was Not Fraudulently Joined.

"[T]here is a 'strong presumption against removal jurisdiction' and that the removing party has the burden of establishing that removal was proper." *Robertson v. GMAC Mortg., LLC*, 640 F.

**4**

App'x 609, 611 (9th Cir. 2016) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Accordingly, a defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a "heavy burden" since there is a "general presumption against [finding] fraudulent joinder." *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Tillman v. R.J. Reynolds, Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)). There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *GranCare*, at 548 (9th Cir. 2018) (quoting *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). To prove fraudulent joinder in the second way a defendant alleging fraudulent joinder generally must come forward with "extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant." *GranCare,* at 548.

In the Notice of Removal, Monsanto does not allege any actual fraud in the pleading of jurisdictional facts. *See* Notice of Removal at ¶¶ 9-19. Indeed, Monsanto does not dispute the relevant jurisdictional fact that Sidco is a New Mexico citizen for diversity purposes.

Fraudulent joinder is established in the second way if a defendant shows that an "individual[] joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co*, 139 F.3d 1313, 1318 (9th Cir. 1998). Conversely, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibilit*y that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" *GranCare*, at 548 (emphasis in the original). In deciding questions of fraudulent joinder, "the district court must consider whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Spence v. Clary*, No. CV 20-11166 DSF (JPRx), 2021 U.S. Dist. LEXIS 17661, at *5 (C.D. Cal. Jan. 29, 2021) (internal quotation indications omitted; quoting *GranCare*, at 550).

Monsanto's claim of fraudulent joinder rests entirely on the premise that under New Mexico law, Sidco is not a "supplier" and, therefore, cannot be liable under a strict products liability claim. Notice of Removal at ¶¶ 4 and 15.  On the facts of this case, Monsanto's position is incorrect.

When it applies, the New Mexico Workers' Compensation Act ("NMWCA") is the exclusive remedy for workers injured in the course of his or her employment.  NMSA § 52-1-9. The NMWCA does not apply to Plaintiff's claims against Sidco because Sidco, her employer, did not, at the time of Plaintiff's exposure to Roundup, comply with the insurance provisions of the NMWCA.  NMSA § 52-1-9(B). No New Mexico case has addressed the unique legal question posed in this case: When the NMWCA does not apply, can an employee who is harmed in the scope of his or her employment by exposure to a defective product supplied by his or her employer sue his or her employer for strict products liability?

The parties disagree on most questions but agree on this: between 1976 and 1988, Sidco had no reason to suspect that Roundup caused cancer. With the information which was publicly available when the State Court Action was filed, there was and is no good faith basis for Plaintiff to allege that, in the relevant time frame, Sidco knew or should have known that Roundup caused cancer. Yet it was while Plaintiff worked for Sidco that she was exposed to Roundup. Ordinarily, Plaintiff's exclusive remedy against Sidco for cancer caused by her exposure to a toxin while she was working for Sidco would be under the NMWCA, but Sidco did not carry workers' compensation insurance, so that remedy is not available to her.

In this unique situation—where the employer, who does not carry workers' compensation insurance, but cannot possibly be negligent because of ignorance resulting from a fraud perpetrated by the manufacturer of a product—Plaintiff has a good-faith argument for the extension of "supplier" status, and hence strict product liability, to her employer who supplied the Roundup to which she was exposed in the course of her work.  Plaintiff is making a good-faith request that New Mexico courts extend application of New Mexico law to a situation which has never before been

**6**

addressed. Plaintiff's argument is based on applying well-established policy consideration to facts materially different from those presented in any prior New Mexico case.

For fraudulent joinder to be found here, the Court must conclude "after all the disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiffs favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *McCarty v. Johnson & Johnson*, No. 1:10-CV-00350 OWW-DLB, 2010 U.S. Dist. LEXIS 64902, at *5 (E.D. Cal. June 28, 2010) (quoting *Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1426 (9th Cir. 1989)). No such conclusion is justified here.

A District Court in the Seventh Circuit faced a similar situation in *Guyant v. Johnson & Johnson, Inc.*, No. 1:03-CV-0015- DFH, 2003 U.S. Dist. LEXIS 6747 (S.D. Ind. Apr. 21, 2003) where the plaintiff sued two diversity-defeating defendants for fraud.  The defendant argued that those claims were subject to the Indiana Medical Malpractice Act and, as such, could not be filed because "a plaintiff may not file a medical malpractice action in state court against a covered health care provider until after the claim has been presented to a medical review panel and the panel issues an opinion."  *Id.*, at *5.  The Plaintiff argued that the fraud claims pleaded against the diversity-destroying defendants "fell outside the coverage of the Medical Malpractice Act so that the case must be remanded for lack of complete diversity."  *Id.*, at *5.  In remanding the case, the court noted:

> The plaintiffs' argument may or may not convince the state courts, but that is not the standard here. This court could agree with defendants on the application of Indiana's Medical Malpractice Act to the alleged fraudulent pricing scheme only by undertaking "an intricate analysis of state law." See [*Batoff v. State Farm Ins. Co.,* 977 F.2d 848 853 (3d Cir. 1992)] (if "intricate analysis of state law" is needed to dismiss claim, the claim may not be disregarded for purposes of diversity jurisdiction and fraudulent joinder). Although the Indiana state courts may ultimately conclude that the Medical Malpractice Act applies to plaintiffs' fraud claim, plaintiffs have reasonable and good faith arguments available to them. Accordingly, their joinder of Dr. Stack and IIMC as defendants was not "fraudulent." Complete diversity is destroyed by their presence, and plaintiffs' motion for remand to the Marion Superior Court is hereby granted.

*Id.*, at * 11-12.

Finding the balance between the policies underlying the NMWCA and those advanced by New Mexico product liability law is precisely the kind of "intricate analysis of state law" discussed in the cases cited above.  This Court should not, as Monsanto suggests, base a finding of fraudulent joinder on any such analysis and in the absence of any such analysis, Monsanto cannot prove fraudulent joinder.

**C.  Monsanto's Notice of Removal was Untimely under 28 U.S.C. § 1446(b).**

Even if the Court finds that Sidco was fraudulently joined, which Plaintiff denies, the Notice of Removal was not timely under 28 U.S.C. § 1446(b)(1).  "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

Monsanto argues that its Notice of Removal was timely under section 1446(b)(1) because this case was not removable under the Original Complaint but became removable on September 13, 2021, when Plaintiff filed her First Amended Complaint. Notice of Removal at ¶ 21. Monsanto's position is not supported by the facts or applicable law. Rather, the Notice of Removal was not timely under section 1446(b) because if this case ever was removable, it became removable either on May 5, 2020 (when Plaintiff dismissed AGCO), or on July 14, 2021 (when Plaintiff served Plaintiff's Fact Sheet on Monsanto). Under no circumstance is September 13, 2021 (when Plaintiff filed her First Amended Complaint) the date upon which this case became removable.

**1.  If this case ever was removable, it became removable on May 5, 2020 when AGCO was dismissed.**

The only cause of action pleaded against Sidco in Plaintiff's Original Complaint was a claim under the Iowa Private Right of Actions for Consumer Frauds Act (the "IPRACFA"), Ex. 1 at pp.

65-66, which creates a cause of action against persons who engage in "unfair practice deception, fraud, false pretense, or false promise, or the misrepresentation, concealment, suppression, or omission of a material fact … in connection with the advertisement, sale, or lease of consumer merchandise."  Iowa Code § 714H.3. The IPRACFA creates a private right of action in favor of "[a] consumer who suffers and ascertainable loss of money or property as a result of a prohibited practice or act in violation of [the IPRACFA]." Iowa Code § 714H.3. "Consumer merchandise" is defined as "merchandise offered for sale or lease, or sold or leased, primarily for personal, family, or household use." Iowa Code § 714H.2(4).

In the Original Complaint, Plaintiff does not allege that the Roundup which caused her cancer was "consumer merchandise" or more generally that the Roundup was sold or leased primarily for personal, family, or household use. Nor does Plaintiff allege that the Roundup in question was sold or leased to her. Rather, Plaintiff clearly alleges she was exposed to Roundup supplied by Sidco while she was working as a "Farm Hand" for Sidco. Ex. 1 at p. 41, ¶¶ 92-94.

Research has not revealed any cases in which an employee successfully brought an action under the IPRACFA for damages caused by exposure to a product which was purchased by her employer for commercial use. The clear text of the IPRACFA simply does not allow for any such claim and yet that is the only possible claim against Sidco pleaded in the Original Complaint.

Moreover, New Mexico law does not allow Plaintiff to maintain any claim against Sidco or Monsanto under the IPRACFA. This case was filed in New Mexico state court and, according to the Original Complaint, Plaintiff is a New Mexico resident who was "exposed to Roundup employed (sic) as a Farm Hand with Sidco Corporation." Ex. 1 at p. 17-18, ¶ 1. Sidco is a "incorporated in New Mexico and maintains its principal place of business in New Mexico." Ex. 1 at p. 18, ¶ 3.

"In determining which jurisdiction's law should apply to a tort action, New Mexico courts follow the doctrine of *lex loci delicti commissi* – that is, the substantive rights of the parties are governed by the law of the place where the wrong occurred." *Valencia v. Colo. Cas. Ins. Co.*, 560 F.

9

Supp. 2d 1080, 1085 (D.N.M. 2007) (quoting *Terrazas v. Garland & Loman, Inc.*, 2006-NMCA-111, ¶ 12, 140 N.M. 293, 296, 142 P.3d 374, 377). According to the Original Complaint, the wrong to Plaintiff occurred in New Mexico and there are no facts pleaded in the Original Complaint upon which a New Mexico court could allow Plaintiff to prosecute a claim under the IPRACFA against Sidco or Monsanto. Thus, once AGCO was dismissed, Plaintiff had not pleaded any viable claim against Sidco and if this case ever was removable, it became removable on May 5, 2020.

**2. In the alternative, if this case ever was removable, it became removable on July 14, 2021, when Plaintiff served her Plaintiff's Fact Sheet.**

Even if one engages in the fiction that Monsanto did not know on May 5, 2020 that this case has **nothing** to do with Iowa, that fact was indisputable on July 14, 2021 when Plaintiff served her Plaintiff's Fact Sheet.

"[I]n determining whether a defendant has been fraudulently joined, the district court may look beyond the pleadings and consider evidence submitted by the parties." *Johnson v. Monsanto Co.*, No. 16-cv-01244-MMC, 2016 U.S. Dist. LEXIS 58309, at *5 (N.D. Cal. May 2, 2016); *see also Reyes v. FCA US LLC*, No. 1:20-cv-00833-DAD-SKO, 2020 U.S. Dist. LEXIS 230587, at *6 (E.D. Cal. Dec. 8, 2020) ("In resolving a claim of fraudulent joinder, the court may look beyond the pleadings and consider evidence similar to that offered in summary judgment proceedings, such as affidavits and deposition testimony."); *Davidson v. Arch Chems. Specialty Prods.*, 347 F. Supp. 2d 938, 942 (D. Or. 2004) (same).

Plaintiff's Fact Sheet clearly states:

a. For the past 40 years Plaintiff has lived only in Las Cruces, NM, El Centro, CA, and San Diego, CA. (Ex. 2 at p. 2);

b. All of Plaintiff's employment was in in Las Cruces, NM, El Centro, CA, and San Diego, CA. (Ex. 2 at p. 2); and

c. All of Plaintiff's exposure to Roundup was between 1976 and 1988 and in Las Cruces, New Mexico. Ex. 2 at p. 10.

Accordingly, if this case ever was removable because Sidco was fraudulently joined as – alleged by Monsanto but which Plaintiff denies – it became removable no later than July 14, 2021. The pleading of a claim under the IPRACFA in the Original Complaint was a clerical error, but the result of this error was that from May 5, 2020, through September 13, 2021, under Plaintiff's pleading "there [was] no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *Herrera v. Pier 1 Imps. United States, Inc.*, No. EDCV 19-999 JGB (SHKx), 2019 U.S. Dist. LEXIS 131916, at *5 (C.D. Cal. Aug. 5, 2019).

The First Amended Complaint corrected the error and, as shown above, pleads a valid – or at least colorable – claim against Sidco.  As such, if this case ever was removable, it became removable either on May 5, 2020 when AGCO was dismissed or, at the latest, on July 14, 2021 when Monsanto received Plaintiff's Fact Sheet which made clear Plaintiff's claims have *zero* connection to Iowa.

### 3.  Monsanto's claim in paragraph 16 of the Notice of Removal is inaccurate.

In paragraph 16 of the Notice of Removal, Monsanto states "[t]he Record is now clear that Sidco was merely an end-user of Roundup-branded herbicides on its properties," suggesting that the record was not clear on that point until Plaintiff filed her First Amended Complaint.  Not true.  The fact that Sidco did not sell Roundup, but rather purchased it for use in Sidco's own operations has always been clear.  See Ex. 1 at pp. 1-2, 41, ¶¶ 1, 92-94.  Both Plaintiff's Original Complaint and her Amended Complaint aver that Sidco purchased Roundup from AGCO and that Plaintiff was exposed to Roundup while she was an employee of Sidco.

Monsanto's entire argument for removal is based on the proposition that Renteria's "claim against Sidco is not viable … because Sidco was not a ***supplier*** of Roundup® branded herbicides – i.e., Sidco did not sell or otherwise place allegedly defective products in the stream of commerce." Notice of Removal at ¶ 15 (emphasis in the original).  As shown in Part I.B. above, Monsanto's position is incorrect under New Mexico law, but even if Monsanto were correct on this point,

11

Sidco's relationship to Plaintiff and the Roundup she claims caused her NHL was clear from the day this case was commenced. Plaintiff's First Amended Complaint did *nothing* to change that fact.

Renteria has now pleaded a viable claim against Sidco, but if the Court concludes otherwise, it is nonetheless clear that the "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" was the May 5, 2020 Stipulation of Dismissal (of AGCO) and not the September 13, 2021 First Amended Complaint.  As such, the Notice of Removal was untimely under section 1446(b)(1).

**D.  Monsanto's Notice of Removal was Untimely under 28 U.S.C. § 1446(c)(1).**

Likewise, even if the Court finds that Sidco was fraudulently joined, which Plaintiff denies, the Notice of Removal was untimely under 28 U.S.C. § 1446(c)(1).  "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by [28 USCS § 1332] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C.S. § 1446(c)(1).

Monsanto's Notice of Removal was filed more than one year after this case was commenced and its only excuse for missing the deadline is its claim that Plaintiff acted in bad faith in order to prevent Monsanto from removing this case. Notice of Removal at ¶¶ 23-26.

"There are many reasons why a plaintiff might prefer that an action proceed in state rather than federal court. Courts must therefore distinguish between legitimate tactics that a plaintiff might employ to defeat or complicate the removal of an action from state court from those involving 'bad faith.' Therefore, to satisfy § 1446(c)(1)'s 'bad faith' standard, a defendant must ordinarily include evidence that the plaintiff has engaged in strategic gamesmanship to prevent a defendant's removal from state court." *Renovato v. FCA US LLC*, No. CV 21-3803 PA (PVCx), 2021 U.S. Dist. LEXIS 112160, at *3-4 (C.D. Cal. June 15, 2021) (internal quotation omitted). "The Ninth Circuit has yet to address the applicable standard for the bad faith exception under section 1446(c)." *Charter v. FCA US, LLC*, 540 F. Supp. 3d 939, 943 (C.D. Cal. 2021) (internal quotations omitted). "Although

the Ninth Circuit has not established an exact standard for determining bad faith under § 1446(c)(1), lower courts generally have found that it 'sets a high threshold.'" *Craig v. Universum Communs., Inc.*, No. 20-cv-01284-HSG, 2020 U.S. Dist. LEXIS 144046, at *13 (N.D. Cal. Aug. 11, 2020) (quoting *NKD Diversified Enterprises Inc. v. First Mercury Ins. Co.*, No. 1:14-cv-00183-AWI-SAB, 20 14 U.S. Dist. LEXIS 58785, at *10 (E.D. Cal. Apr. 28, 2014)).

District courts in the Ninth Circuit have applied the bad faith exception under § 1446(c)(1) very narrowly. First, the exception applies when the plaintiff "fail[s] to disclose the actual amount in controversy to prevent removal." *O'Brien v. HII Ins. Sols.*, No. 2:20-cv-02115-KJM-AC, 2021 U.S. Dist. LEXIS 52479, at *9 (E.D. Cal. Mar. 18, 2021). This ground for finding bad faith has no application to this case because Plaintiff admits that the amount in controversy is above the jurisdictional minimum for diversity jurisdiction.

Second, the exception applies when the plaintiff joins "defendants solely to prevent removal, *and then dismiss[es] them after the one-year deadline has expired when they could have kept them in the suit*." *Scott v. Monroe*, No. C20-1550-RSM-MAT, 2021 U.S. Dist. LEXIS 21746, at *8 (W.D. Wash. Jan. 11, 2021) (emphasis added) (quoting *Heacock v. Rolling Frito-Lay Sales, LP*, No. C16-0829-JCC, 2016 U.S. Dist. LEXIS 98227, at *5-6 (W.D. Wash. July 27, 2016)). In this case, Plaintiff did not dismiss Sidco and has no intention of doing so.

Plaintiff anticipates that Monsanto will argue the Court should find bad faith because Plaintiff did not "actively litigate" against Sidco. To begin with, as shown above, Plaintiff did not actively litigate against Monsanto either until more than one year had passed from the commencement of the action and Plaintiff had a valid reason for not doing so – Monsanto was trying to settle all of its Roundup cases between January 17, 2020 and January 17, 2021 and the parties were negotiating.

Indeed, Monsanto went so far as to ask the state court neither to hold a scheduling conference nor to enter a scheduling order so that it could attempt to settle Plaintiff's claims. On

13

August 13, 2020, Plaintiff filed a Request for Hearing for a Rule 1-016 Scheduling Conference. Ex. 1 at p. 133. On September 4, 2020, Monsanto and Plaintiff filed a Joint Motion to Vacate in which the parties asked the state court not to convene a scheduling conference and not to enter a scheduling order because of their ongoing settlement negotiations. Ex. 1 at p. 146. If there is any bad faith in this case, it is to be found in Monsanto first of asking the state court to delay active litigation in the State Court Action and then accusing Plaintiff of bad faith because she did not engage in active litigation.

Moreover, the active litigation consideration finds no application here because active litigation has only been considered after a plaintiff has voluntarily dismissed the non-diverse defendant. "In determining whether a plaintiff acted in bad faith, district courts have considered the timing of naming and dismissing the non-diverse defendant, the explanation given for dismissal, and whether the plaintiff actively litigated the case in 'any capacity' against a non-diverse defendant **before dismissal**." *Charter v. FCA*, at 943 (emphasis added; internal quotations omitted). Research has not revealed any cases in which the lack of active litigation against the non-diverse defendant was considered when the plaintiff had not dismissed the non-diverse defendant. This is probably because the language of section 1446(c)(1) makes it clear that the exception does not apply unless "the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Plaintiff has not dismissed Sidco and Monsanto cannot point to anything Plaintiff did to prevent it from removing this matter within the time established under section 1446(c)(1).

### E.  There is No Diversity Jurisdiction under 28 U.S.C. § 1332.

"The Court's first order of business in every case is making sure that its jurisdiction has been properly established." *Shaw v. Ocwen Loan Servicing, LLC*, No. 15-cv-01755-JD, 2016 U.S. Dist. LEXIS 11716, at *2 (N.D. Cal. Feb. 1, 2016). "As the party seeking to remove the action, the defendant bears the burden of establishing that subject matter jurisdiction exists.  Because the Court strictly construes the removal statute against removal, if there is any doubt as to the existence of

federal jurisdiction, the Court should remand the matter to state court." *Waldon v. Novartis Pharm. Corp.*, No. C07-01988 MJJ, 2007 U.S. Dist. LEXIS 45809, at *3 (N.D. Cal. June 14, 2007) (citations omitted).

Plaintiff acknowledges that the amount in controversy in this case meets the jurisdictional amount in controversy requirements, but the Court nevertheless lacks subject matter jurisdiction because there is not complete diversity of citizenship. Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity between all plaintiffs and all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005).

Monsanto does not contest that Sidco is a New Mexico citizen for diversity jurisdiction purposes. Rather, Monsanto's only argument is that Sidco was fraudulently joined and, therefore, may be ignored when determining whether diversity jurisdiction exists. As shown above, however, Sidco was not fraudulently joined and, therefore, there is no complete diversity of the parties and no federal jurisdiction.

**F. The Court should award attorney fees under 28 U.S.C. § 1447(c).**

Plaintiff requests an award of attorney fees under 28 U.S.C. § 1447(c).

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand should be granted.

Wherefore, Marita Renteria respectfully prays her Motion to Remand be granted and for all other just relief.

Dated: February 21, 2022

Respectfully submitted,

**By:** */s/ Anthony K. Bruster*

**Anthony K. Bruster**
New Mexico Bar No. 20283
John C. Hull
Texas Bar No. 24050791

**BRUSTER PLLC**
680 N. Carroll Ave., Suite 110
Southlake, Texas 76092
Telephone:  (817) 601-9564
Facsimile:   (817) 796-2929
Email: akbruster@brusterpllc.com
            jhull@brusterpllc.com

**FEARS | NACHAWATI LAW FIRM**
Danae Nicole Benton
Texas Bar No. 24080422
5489 Blair Road
Dallas, Texas 75231
Telephone: (214) 890-0711
Facsimile: (214) 890-0712
Email: dbenton@fnlawfirm.com

*Attorneys for Plaintiff*

**MEM OF POA ISO PLAINITFF'S MOTION TO REMAND (CASE NO. 3:22-cv-00877-VC)**