UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS<br>    LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Kelly v. Monsanto Co., 3:21-cv-02548* | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>NOTICED FOR HEARING<br>April 14, 2022 at 10:00 a.m. |

**MEMORANDUM IN SUPPORT OF**
**<u>MOTION TO SUBSTITUTE PLAINTIFF</u>**

**MAY IT PLEASE THE COURT:**

Movant, **Ruby Kelley**, the surviving spouse of Plaintiff, Donald J. Kelley (deceased), respectfully moves this Court for an order pursuant to Rule 25 of the Federal Rules of Civil Procedure substituting her as Plaintiff herein for the reasons set forth hereinbelow.

A ***Suggestion of Death Upon the Record Under Rule 25(a)(1)*** was filed on December 2, 2021 alerting this Court of the death of Plaintiff, **Donald J. Kelley's**, death of October 21, 2021 [ECF 14266 (MDL No. 2741) and ECF 11 (*3:21-cv-02548)*]. Attached hereto as Exhibit "A" is a copy of Donald Kelley's Death Certificate identifying Movant, **Ruby Kelley**, as the surviving spouse of Plaintiff, Donald J. Kelley (deceased).  Mr. Kelley's death certificate lists the cause of death as "respiratory failure" resulting from "Non-Hodgkin Lymphoma" which was alleged in the Complaint to have been caused by Mr. Kelley's exposure to Roundup®. [ECF 1 at ¶¶ 111 - 116 (*3:21-cv-02548)*]

Pursuant to Rule 25 of the Federal Rules of Civil Procedure, upon the death of the proper party plaintiff, substitution is allowed of the decedent's successor.[1]  The underlying matter was filed in the United States District Court for the Middle District of Louisiana pursuant to state law under the Court's Diversity Jurisdiction.  Article 2315.1 of the Louisiana Civil Code provides that "[i]f a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person… caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of: (1)  The surviving spouse and child or children of the deceased, or either the spouse or the child or children…."  A "succession representative" may only pursue a survival action "in the absence of any class of beneficiary set out in Paragraph A" of article 2315.1 of the Louisiana Civil Code. LA, Civ. Code Art. 2315.1(B); *Martinez v. City of West Monroe*, 2016 WL 5395239, at *2 (W.D.La., 2016).  See also *Lucarelli ex rel. Taylor Estate v. D V A Renal Healthcare Inc.*, 2008 WL 5586615, at *5 (W.D.La.,2008) (citing *Robertson v. Wegmann*, 436 U.S. 584, 591, 98 S.Ct. 1991, 1996 (1978) ("Louisiana does not allow the deceased's personal representative to be substituted as plaintiff; rather, the action survives only in favor of a spouse, children, parents, or siblings.")).

As Mr. Kelley had alleged that his "Non-Hodgkin Lymphoma" was caused by his exposure to Roundup®, and his cause of death is identified as "respiratory failure" resulting from "Non-Hodgkin Lymphoma", then his surviving spouse, **Ruby Kelley**, is entitled to be substituted herein pursuant to Article 2315.1 of the Louisiana Civil Code for the claims brought by her deceased spouse.

---

[1] Fed. Rules Civ. Pro. Rule 25; *Tidewater*, 689 F.2d 1251.

WHEREFORE, Movant, **Ruby Kelley**, respectfully prays that this Court grant her motion and that she be substituted herein as Plaintiff in place of Donald J. Kelley (deceased).

Respectfully submitted,

/s/ Charles C. Bourque, Jr.
**CHARLES C. BOURQUE, JR. (#20118)**
**JOSEPH G JEVIC III (#23145)**
ST. MARTIN & BOURQUE
315 Barrow St.
Houma, Louisiana 70360
Telephone: (985) 876-3891
Facsimile: (985) 851-2219

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of February, 2022 a copy of the foregoing pleading was served upon all known counsel of record via the Court's CM/ECF system and/or by placing a copy of same in the U.S. Mail properly addressed and postage prepaid, or via email or facsimile.

/s/ Charles C. Bourque, Jr.
**CHARLES C. BOURQUE**