UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: *Vosper v. Monsanto*, Case No. 19-cv-5525 | **PRETRIAL ORDER NO. 274: DENYING MOTION FOR SUMMARY JUDGMENT ON PROXIMATE CAUSE** |
| | Re: Dkt. No. 10 |

Vosper's claims all center on the allegation that Monsanto should have included a warning on Roundup that alerted users to the product's alleged cancer risk. Monsanto argues that the undisputed facts establish that a warning label disclosing the alleged cancer risk would not have prevented Vosper's injuries.

"Where the theory of liability is failure to warn adequately, the evidence must be such as to support a reasonable inference, rather than a guess, that the existence of an adequate warning may have prevented the accident before the issue of causation may be submitted to the jury." *Petree v. Victor Fluid Power, Inc.*, 831 F.2d 1191, 1195 (3d Cir. 1987). The "question of causation is normally for the jury," and the question "becomes one of law" only if "the relevant facts are not in dispute and the remoteness of the causal connection between the defendant's negligence and the plaintiff's injury clearly appears." *Conti v. Ford Motor Company*, 743 F.2d 195, 198-99 (3d Cir. 1984).

Monsanto has not established that there is no evidence to support a reasonable inference that the existence of an adequate warning may have prevented Vosper's injuries. Monsanto cites Vosper's testimony that he did not read Roundup's label in full, but the surrounding testimony

makes clear that Vosper was generally familiar with Roundup's packaging, and it suggests that a different label that warned more prominently of a more significant risk may have attracted his attention.  Moreover, Monsanto's argument assumes that Vosper could only have learned about the cancer risk by reading Roundup's label himself.  But Vosper testified that he began applying Roundup at a young age at the direction of his family members and later on applied it at the direction of his employers.  His use of Roundup in family and work settings suggests that others may have advised him of the cancer risk (and steps that could be taken to guard against it) had the risk been included on Roundup's label.

Thus, because the evidence supports reasonable inferences that a different label may have prevented Vosper's injuries, Monsanto's motion for summary judgment on proximate causation grounds is denied.

**IT IS SO ORDERED.**

Dated: February 25, 2022

_____
VINCE CHHABRIA
United States District Judge