UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
|---|---|
| | Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Chapman v. Monsanto*, Case No. 20-cv-1277 | **PRETRIAL ORDER NO. 275: DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE APPLICATION OF ISSUE PRECLUSION**<br><br>Re: Dkt. No. 24 |

Chapman moves for partial summary judgment on the application of issue preclusion. Chapman argues that Monsanto should be precluded from re-litigating the issue of general causation because Monsanto had an opportunity to fully litigate the issue in the *Hardeman* trial, and the jury there ultimately found that Roundup is capable of causing cancer. Chapman's motion is denied. *See United States Golf Association v. Arroyo Software Corporation*, 69 Cal. App. 4th 607, 616 (1999) ("[c]ollateral estoppel does not apply where there are changed conditions or new facts which did not exist at the time of the prior judgment"); *Sandoval v. Superior Court*, 140 Cal. App. 3d 932, 942 (1983) ("a trial judge should not allow the use of offensive collateral estoppel" where its application "would be unfair to a defendant") (citation omitted).[1]

---

[1] Although it almost certainly does not matter which law applies, California law applies here because the *Hardeman* judgment was entered by a federal court sitting in diversity jurisdiction in California. *See Taylor v. Sturgell*, 553 U.S. 880, 891 n.4 (2008) ("For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits."); *see also NTCH-WA, Inc. v. ZTE Corp.*, 921 F.3d 1175, 1180 (9th Cir. 2019).

**IT IS SO ORDERED.**

Dated: February 25, 2022

_____

VINCE CHHABRIA
United States District Judge