**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:    (713) 227-8008
Facsimile:    (713) 227-9508
Email:            jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| This document relates to: *Angela Holder Bray, individually and as personal representative of the estate of Elizabeth Holder v. Monsanto Co.,* Case No. 3:22-cv-01133-VC | Case No. 3:16-md-02741-VC |

### MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Angela Holder Bray's Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

1.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies those allegations. Monsanto denies that decedent's death was "wrongful." Monsanto admits that plaintiff purports to bring wrongful death and survival actions for damages allegedly related to Plaintiff's Decedent's exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto denies the remaining allegations in paragraph 1.

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies those allegations.

6.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies those allegations.

7.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies those allegations.

8.      Monsanto admits that plaintiff purports to bring an action for the pre-death injuries damages allegedly related to Plaintiff's Decedent's exposure to Roundup®-branded products but denies any liability to plaintiff.

9.      Monsanto denies the allegations in paragraph 9.

10.     In response to the allegations in paragraph 10, Monsanto denies that Plaintiff's Decedent's death was "wrongful." Monsanto admits that plaintiff purports to bring an action for damages allegedly related to Plaintiff's Decedent's exposure to Roundup®-branded products but denies any liability to plaintiff.

11.     The allegations in paragraph 11 comprise attorney characterizations and are accordingly denied. Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

12.     Monsanto admits the allegations in paragraph 12.

13.     In response to the allegations in paragraph 13, Monsanto admits that its principal place of business is in St. Louis County, Missouri.

14.     In response to the allegations in paragraph 14, Monsanto admits that it sells Roundup®-branded products in Tennessee.

15.     The allegations in paragraph 15 set forth conclusions of law for which no response is

required.

16.     In response to the allegations in paragraph 16, Monsanto admits that it sells Roundup®-branded products in Tennessee.

17.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations.

18.     The allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19.     The allegations in paragraph 19 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

20.     Monsanto admits the allegations in paragraph 20.

21.     Monsanto admits that it is authorized to do business in Tennessee. The remaining allegations in paragraph 21 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

22.     The allegations in paragraph 22 set forth conclusions of law for which no response is required.

23.     The allegations in the first sentence of paragraph 23 set forth conclusions of law for which no response is required. Monsanto denies the allegations in the second sentence of paragraph 23. The allegations in the last sentence of paragraph 23 are not directed at Monsanto and therefore no answer is required.

24.     Monsanto denies the allegations in paragraph 24.

25.     The allegations in paragraph 25 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 25 based upon the allegations in plaintiff's Complaint.

26.     The allegations in paragraph 26 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 26 based upon the allegations in plaintiff's Complaint.

27.     Monsanto admits the allegations in paragraph 27.

28.     The allegations in paragraph 28 set forth conclusions of law for which no response is required.

29.     The allegations in paragraph 29 set forth conclusions of law for which no response is required.

30.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products. The remaining allegations in paragraph 30 set forth conclusions of law for which no response is required.

31.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri. Monsanto admits that it and its affiliated companies have operations and offices in countries around the world.

32.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies those allegations.

33.     Monsanto admits the allegations in paragraph 33.

34.     Monsanto admits the allegations in paragraph 34.

35.     In response to the allegations in paragraph 35, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 35 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore denies those allegations.

36.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 36 comprise attorney characterizations and are accordingly denied.

37.     Monsanto admits the allegations in paragraph 37.

38.     Monsanto generally admits the allegations in paragraph 38, but denies the allegations in paragraph 38 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

39.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of

the allegations in paragraph 39 and therefore denies those allegations.

40.    Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds. Monsanto denies the remaining allegations in paragraph 40.

41.    Monsanto admits that it is the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds. Monsanto denies the remaining allegations in paragraph 41.

42.    Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in paragraph 42 and therefore denies those allegations.

43.    Monsanto admits the allegations in paragraph 43.

44.    Monsanto admits the allegations in paragraph 44.

45.    Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years. Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 45.

46.    The allegations in paragraph 46 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 46.

47.    In response to the allegations in paragraph 47, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). The remaining allegations in paragraph 47 set forth conclusions of law for which no response is required.

48.    The allegations in paragraph 48 set forth conclusions of law for which no response is required.

49.    Monsanto admits that Roundup®-branded products are registered by EPA for

- 5 -

manufacture, sale and distribution and are registered by the States of Tennessee for sale and distribution.

50.    In response to the allegations in paragraph 50, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. Monsanto states that the term "the product tests" in the final sentence of paragraph 50 is vague and ambiguous, and Monsanto therefore denies the same. The remaining allegations in paragraph 50 set forth conclusions of law for which no answer is required.

51.    Monsanto denies the allegations in paragraph 51 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51 regarding such pesticide products generally and therefore denies those allegations. The remaining allegations in paragraph 51 set forth conclusions of law for which no response is required.

52.    In response to the allegations in paragraph 52, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings. Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] `not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/ document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2] Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] `not likely to be carcinogenic to humans'."[3] In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts,* 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry,* 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement")

---

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document — Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/ document?D=EPA-HQ-OPP-2016-0385-0528.

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 and therefore denies those allegations.

53.     In response to the allegations in paragraph 53, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto. Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer. To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 53 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

54.     In response to the allegations in paragraph 54, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General. The assurance speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 54 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

55.     Monsanto denies the allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 56 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 56.

57.     Monsanto denies the allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 58 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 58 and therefore denies those allegations.

59.   Monsanto admits the allegations in paragraph 59.

60.   In response to the allegations in paragraph 60, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 60 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 and therefore denies those allegations.

61.   Monsanto states that the term "toxic" as used in paragraph 61 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in paragraph 61.

62.   Monsanto admits the allegations in paragraph 62.

63.   In response to the allegations in paragraph 63, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 63.

64.   In response to the allegations in paragraph 64, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004. To the extent that paragraph 64 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 64.

65.   In response to the allegations in paragraph 65, Monsanto states that these documents speak for themselves and do not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 65.

66.   In response to the allegations in paragraph 66, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 66 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 66.

67.   Monsanto denies the allegations in paragraph 67.

68.   In response to the allegations in paragraph 68, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 68 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 68.

69.    In response to the allegations in paragraph 69, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 69 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 69.

70.    Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 70.

71.    Monsanto denies the allegations in paragraph 71.

72.    Monsanto denies the allegations in paragraph 72.

73.    Monsanto denies the allegations in paragraph 73.

74.    Monsanto denies the allegations in paragraph 74.

75.    Monsanto admits that it has in the past promoted, and continues to promote, Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 75.

76.    Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 76 and therefore denies those allegations.

77.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore denies those allegations. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

78.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 78 and therefore denies those allegations. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

79.    Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen. Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative." The remaining allegations in paragraph 79 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

80.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen. In response to the remaining allegations in paragraph 80, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the remaining allegations in paragraph 80 comprise attorney characterizations and are accordingly denied.

81.     In response to the allegations in paragraph 81, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the allegations in paragraph 81 comprise attorney characterizations and are accordingly denied.

82.     In response to the allegations in paragraph 82, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the allegations in paragraph 82 comprise attorney characterizations and are accordingly denied.

83.     Monsanto denies the allegations in paragraph 83.

84.     The allegations in paragraph 84 comprise attorney characterizations and are accordingly denied.

85.     Monsanto admits the allegations in paragraph 85.

86.     In response to the allegations in paragraph 86, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 86 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 86.

87.     In response to the allegations in paragraph 87, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions. Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions. Monsanto denies the remaining allegations in paragraph 87.

88.     The allegations in paragraph 88 are vague and ambiguous and are accordingly denied.

89.     In response to the allegations in paragraph 89, Monsanto states that the cited document speaks for itself and does not require a response.

90. In response to the allegations in paragraph 90, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 90 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 90.

91. Monsanto denies the allegations in paragraph 91.

92. In response to the allegations in paragraph 92, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto otherwise denies the allegations in paragraph 92.

93. Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic. Monsanto otherwise denies the allegations in paragraph 93.

94. Monsanto denies the allegations in paragraph 94.

95. Monsanto denies the allegations in paragraph 95.

96. Monsanto denies the allegations in paragraph 96.

97. Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate. Monsanto denies the remaining allegations in paragraph 97.

98. Monsanto denies the allegations in paragraph 98.

99. Monsanto denies the allegations in paragraph 99.

100. Monsanto admits the allegations in paragraph 100.

101. Monsanto denies the allegations in paragraph 101.

102. Monsanto admits the allegations in paragraph 102.

103. Monsanto denies the allegations in paragraph 103.

104. Monsanto denies the allegations in paragraph 104.

105. Monsanto denies the allegations in paragraph 105.

106. Monsanto denies the allegations in paragraph 106.

107. Monsanto denies the allegations in paragraph 107.

108. Monsanto denies the allegations in paragraph 108.

109. Monsanto denies the allegations in paragraph 109.

110.   In response to the allegations in paragraph 110, Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact. Monsanto denies the remaining allegations in paragraph 110.

111.   In response to the allegations in paragraph 111, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling. Monsanto otherwise denies the allegations in paragraph 111.

112.   In response to the allegations in paragraph 112, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

113.   In response to the allegations in paragraph 113, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen. Monsanto denies the remaining allegations in paragraph 113.

114.   Monsanto denies the allegations in paragraph 114.

115.   Monsanto denies the allegations in paragraph 115.

116.   Monsanto denies the allegations in paragraph 116.

117.   Monsanto denies the allegations in paragraph 117.

118.   Monsanto denies the allegations in paragraph 118.

119.   Monsanto denies the allegations in paragraph 119.

120.   Monsanto denies the allegations in paragraph 120.

121.   Monsanto denies the allegations in paragraph 121.

122.   Monsanto denies the allegations in paragraph 122.

123.   Monsanto denies the allegations in paragraph 123.

124.   Monsanto denies the allegations in paragraph 124.

125.   Monsanto incorporates by reference its responses to paragraphs 1 through 124 in response to paragraph 125 of plaintiff's Complaint.

126.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 126 and therefore denies those allegations.

127.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 127 and therefore denies those allegations.

128.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 128 and therefore denies those allegations.

129.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 129 and therefore denies those allegations.

130.   Monsanto denies the allegations in paragraph 130.

131.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 131 and therefore denies those allegations.

132.   Monsanto incorporates by reference its responses to paragraphs 1 through 131 in response to paragraph 132 of plaintiff's Complaint.

133.   In response to the allegations in paragraph 133, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human health. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

134.   In response to the allegations in paragraph 134, Monsanto denies that exposure to Roundup®-branded products and glyphosate is injurious to human health. Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015. The remaining allegations in paragraph 134 set forth conclusions of law for which no response is required.

135.   In response to the allegations in paragraph 135, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded

- 14 -

products and glyphosate. Monsanto states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 135 and therefore denies those allegations.

136.   The allegations in paragraph 136 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 136. Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015.

137.   Monsanto denies the allegations in paragraph 137.

138.   Monsanto denies the allegations in paragraph 138.

139.   Monsanto denies the allegations in paragraph 139.

140.   In response to the allegations in paragraph 140, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-carcinogenic.

141.   In response to the allegations in paragraph 141, Monsanto states that the cited document speaks for itself and does not require a response.

142.   Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed plaintiff to risk of her alleged cancer and denies the remaining allegations in paragraph 142. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

143.   Monsanto denies the allegations in paragraph 143.

144.   The allegations in paragraph 144 set forth conclusions of law for which no response is required. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

145.   Monsanto denies the allegations in paragraph 145.

146.   In response to the allegations in paragraph 146, Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence

that exposure to glyphosate or Roundup®-branded products can cause cancer.

147. The allegations in paragraph 147 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

148. The allegations in paragraph 148 set forth conclusions of law for which no response is required.

149. Monsanto incorporates by reference its responses to paragraphs 1 through 148 in response to paragraph 149 of plaintiff's Complaint.

150. The allegations in paragraph 150 set forth conclusions of law for which no response is required.

151. Monsanto denies the allegations in paragraph 151.

152. Monsanto denies the allegations in paragraph 152, including each of its subparts.

153. Monsanto denies the allegations in paragraph 153.

154. Monsanto denies the allegations in paragraph 154.

155. Monsanto denies the allegations in paragraph 155, including each of its subparts.

156. Monsanto denies the allegations in paragraph 156.

157. Monsanto denies the allegations in paragraph 157.

158. Monsanto denies the allegations in paragraph 158.

159. Monsanto denies the allegations in paragraph 159.

160. Monsanto denies the allegations in paragraph 160.

161. In response to the allegations in the first sentence of paragraph 161, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of paragraph 161 sets forth a conclusion of law for which no response is required.

162. Monsanto incorporates by reference its responses to paragraphs 1 through 161 in response to paragraph 162 of plaintiff's Complaint.

163. Monsanto denies the allegations in paragraph 163.

164. In response to the allegations in paragraph 164, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that decedent used or were exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 164.

165. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 165 and therefore denies those allegations.

166. Monsanto denies the allegations in paragraph 166.

167. Monsanto denies the allegations in paragraph 167.

168. Monsanto denies the allegations in paragraph 168.

169. Monsanto denies the allegations in paragraph 169, including each of its subparts.

170. Monsanto denies the allegations in paragraph 170.

171. Monsanto denies that Roundup®-branded products have "dangerous characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 171 and therefore denies those allegations.

172. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 172 and therefore denies those allegations.

173. Monsanto denies the allegations in paragraph 173.

174. The allegations in paragraph 174 set forth conclusions of law for which no response is required.

175. Monsanto denies the allegations in paragraph 175.

176. Monsanto denies the allegations in paragraph 176.

177. Monsanto denies the allegations in paragraph 177.

178. Monsanto denies the allegations in paragraph 178.

179. Monsanto denies the allegations in paragraph 179.

180. Monsanto denies the allegations in paragraph 180.

181. Monsanto denies the allegations in paragraph 181.

182. Monsanto denies the allegations in paragraph 182.

183. Monsanto denies the allegations in paragraph 183.

184. Monsanto denies the allegations in paragraph 184.

185. In response to the allegations in the first sentence of paragraph 185, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of paragraph 185 sets forth a conclusion of law for which no response is required

186. Monsanto incorporates by reference its responses to paragraphs 1 through 185 in response to paragraph 186 of plaintiff's Complaint.

187. Monsanto denies the allegations in paragraph 187. Monsanto states that all labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

188. The allegations in paragraph 188 set forth conclusions of law for which no response is required.

189. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 189 and therefore denies those allegations.

190. Monsanto denies the allegations in paragraph 190. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

191. Monsanto denies the allegations in paragraph 191.

192. Monsanto denies the allegations in paragraph 192. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

193. Monsanto denies the allegations in paragraph 193. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

194. Monsanto denies the allegations in paragraph 194.

195. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding decedent's use history in paragraph 195 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 195.

196. The allegations in paragraph 196 set forth conclusions of law for which no response is required.

197. Monsanto denies the allegations in paragraph 197.

198. Monsanto denies the allegations in paragraph 198.

199. Monsanto denies the allegations in paragraph 199.

200. Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 200.

201. The allegations in paragraph 201 set forth conclusions of law for which no response is required.

202. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 202 and therefore denies those allegations.

203. Monsanto denies the allegations in paragraph 203.

204. Monsanto denies the allegations in paragraph 204.

205. Monsanto denies the allegations in paragraph 205.

206. Monsanto denies the allegations in paragraph 206.

207. Monsanto denies the allegations in paragraph 207.

208. In response to the allegations in the first sentence of paragraph 208, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

The statement in the last sentence of paragraph 208 sets forth a conclusion of law for which no response is required.

209.   Monsanto incorporates by reference its responses to paragraphs 1 through 208 in response to paragraph 209 of plaintiff's Complaint.

210.   The allegations in paragraph 210 set forth conclusions of law for which no response is required.

211.   Monsanto denies the allegations in paragraph 211. Monsanto states that all labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

212.   Monsanto denies the allegations in paragraph 212.

213.   Monsanto denies the allegations in paragraph 213.

214.   Monsanto denies the allegations in paragraph 214.

215.   Monsanto denies the allegations in paragraph 215.

216.   Monsanto denies the allegations in paragraph 216.

217.   Monsanto denies the allegations in paragraph 217.

218.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 218 regarding decedent's reliance and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 218.

219.   Monsanto denies the allegations in paragraph 219.

220.   Monsanto denies the allegations in paragraph 220.

221.   Monsanto denies the allegations in paragraph 221.

222.   In response to the allegations in paragraph 222, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

223.   Monsanto incorporates by reference its responses to plaintiff 1 through 222 in response to paragraph 223 of plaintiff's Complaint.

224. Monsanto denies the allegations in paragraph 224.

225. Monsanto denies the allegations in paragraph 225.

226. The allegations in paragraph 226 set forth conclusions of law for which no response is required.

227. Monsanto denies the allegations in paragraph 227.

228. Monsanto denies the allegations in paragraph 228.

229. Monsanto denies the allegations in paragraph 229.

230. Monsanto denies the allegations in paragraph 230.

231. The allegations in paragraph 231 set forth conclusions of law for which no response is required.

232. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 232 regarding decedent's reliance and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 232.

233. Monsanto denies the allegations in paragraph 233.

234. Monsanto denies the allegations in paragraph 234.

235. In response to the allegations in paragraph 235, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

236. Monsanto incorporates by reference its responses to paragraphs 1 through 235 in response to paragraph 236 of plaintiff's Complaint.

237. Monsanto denies the allegations in paragraph 237.

238. Monsanto denies the allegations in paragraph 238.

239. Monsanto denies the allegations in paragraph 239.

240. Monsanto denies the allegations in paragraph 240.

241. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 241 regarding decedent's reliance and therefore denies those

allegations. Monsanto denies the remaining allegations in paragraph 241.

242. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 242 regarding decedent's reliance and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 242.

243. Monsanto denies the allegations in paragraph 243.

244. Monsanto denies the allegations in paragraph 244.

245. Monsanto denies the allegations in paragraph 245.

246. In response to the allegations in paragraph 246, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and

instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.     Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco,* 275 F.3d 1199 (9th Cir. 2002).

7.     Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.     Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's and/or decedent's injuries, if any, were the result of conduct of plaintiff, decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's and/or decedent's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Plaintiff's and/or decedent's misuse or abnormal use of the product or failure to follow

- 23 -

instructions bar plaintiff's claims in whole or in part.

14.    If Plaintiff and/or decedent suffered injury or damages as alleged, which is denied, such injury or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's and/or decedent's alleged injury or damages.

15.    Monsanto had no legal relationship or privity with plaintiff and/or decedent and owed no duty to plaintiff by which liability could be attributed to it.

16.    Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff and/or decedent. If any such warranties were made, which Monsanto specifically denies, then plaintiff and/or decedent failed to give notice of any breach thereof.

17.    Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.    Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Tennessee Constitution and/or other applicable state constitutions.

19.    Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under Tennessee law and/or other applicable state laws.

20.    Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Tenn. Code Ann. § 29-39-104.

21.    Plaintiff's common law claims are barred, in whole or in part, by application of Tenn. Code Ann. § 29-28-102(6), *et seq.*

22.    Plaintiff's claims are barred in whole or in part by plaintiff's and/or decedent's own contributory/comparative negligence.

23.    Plaintiff's claims are barred in whole or in part by plaintiff's and/or decedent's own failure to mitigate damages.

24.    Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

25.    To the extent that plaintiff recovered payments for his alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

26.    If plaintiff and/or decedent has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

27.    Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28.    Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

29.    Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE,** Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED:  February 25, 2022.                    Respectfully  submitted,

SHOOK, HARDY & BACON L.L.P.

BY: */s/ Jennise W. Stubbs*
     Jennise  W. Stubbs
     600 Travis Street, Suite 3400
     Houston, TX 77002-2926
     Telephone:   (713) 227-8008
     Facsimile:    (713) 227-9508
     Email:         jstubbs@shb.com

*Attorney for Defendant*
*MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:22-cv-01133-VC

**CERTIFICATE OF SERVICE**

I certify that on the 25th day of February, 2022, I electronically transmitted the foregoing

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT to the Clerk of the court using

the ECF system for filing and transmittal of a true and correct copy of the foregoing document was

served electronically or by another manner as authorized by FED. R. CIV. P. 5.


*/s/Jennise W. Stubbs*
Jennise W. Stubbs

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:22-cv-01133-VC