1  **SHOOK, HARDY & BACON L.L.P.**
   Jennise Walker Stubbs
2  600 Travis St., Suite 3400
   Houston, Texas 77002
3  Telephone:     713.227.8008
   Facsimile:      713.227.9508
4

5  Attorney for Defendant
   MONSANTO COMPANY
6

7                   UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9  IN RE: ROUNDUP PRODUCTS
   LIABILITY LITIGATION
10                                          MDL No. 2741

11 _____        Case No. 3:16-md-02741-VC
   This document relates to:
12 *Fannie Terrell, Individually and as*
   *Administratrix of the Estate of David. M.*
13 *Terrell v. Monsanto Co.,*
   Case No. 3:22-cv-00785
14

15    **MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

16         Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto

17 Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying

18 all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below. As

19 defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a

20 United States based company incorporated in Delaware, and not to other Monsanto-affiliated

21 companies. Silence as to any allegations shall constitute a denial.

22         1.    Monsanto admits that plaintiff purports to bring an action for damages allegedly

23 related to exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto

24 denies the remaining allegations in paragraph 1.

25         2.    Monsanto denies the allegations in paragraph 2.

26         3.    Monsanto denies the allegations in paragraph 3.

27         4.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

28
                                            - 1 -

of the allegations in paragraph 4 and therefore denies those allegations.

5.      Monsanto admits that plaintiff purports to bring an action for the pre-death injuries and wrongful death allegedly related to decedent's exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto denies the remaining allegations in paragraph 5.

6.      The allegations in paragraph 6 comprise attorney characterizations and are accordingly denied. Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

7.      Monsanto admits the allegations in paragraph 7.

8.      In response to the allegations in paragraph 8, Monsanto admits that it has advertised and sold Roundup®-branded products in Ohio.

9.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies those allegations.

10.     The allegations in paragraph 10 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

11.     The allegations in paragraph 11 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

12.     Monsanto admits the allegations in paragraph 12.

13.     Monsanto admits that it is authorized to do business in Ohio. The remaining allegations in paragraph 13 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

14.     The allegations in paragraph 14 set forth conclusions of law for which no response is required.

15.     The allegations in the first sentence of paragraph 15 set forth conclusions of law for which no response is required. Monsanto denies the allegations in the second sentence of paragraph 15. The allegations in the last sentence set forth conclusions of law for which no response is required.

16.     Monsanto denies the allegations in paragraph 16.

17.     The allegations in paragraph 17 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 17 based upon the allegations in plaintiff's Complaint.

18.     Monsanto admits the allegations in paragraph 18.

19.     The allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     In response to the allegations in paragraph 20, Monsanto denies any "omissions" and certain events giving rise to plaintiff's claim. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where plaintiff resides and where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations. The remaining allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     The allegations in paragraph 21 set forth conclusions of law for which no response is required.

22.     Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products. The remaining allegations in paragraph 22 set forth conclusions of law for which no response is required.

23.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri. Monsanto admits that it and its affiliated companies have operations and offices in countries around the world. Monsanto states that the remaining allegations in paragraph 23 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

24.     Monsanto admits the allegations in paragraph 24.

25.     Monsanto admits the allegations in paragraph 25.

26.     In response to the allegations in paragraph 26, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph

26 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies those allegations.

27. Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 27 comprise attorney characterizations and are accordingly denied.

28. Monsanto admits the allegations in paragraph 28.

29. Monsanto generally admits the allegations in paragraph 29, but denies the allegations in paragraph 29 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

30. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies those allegations.

31. Monsanto admits that has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 31 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 31.

32. In response to the allegations in paragraph 32, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto has not been the only manufacturer of glyphosate-based herbicides.

33. Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years. Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 33.

34. The allegations in paragraph 34 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in

paragraph 34.

35.     In response to the allegations in paragraph 35, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). The remaining allegations in paragraph 35 set forth conclusions of law for which no response is required.

36.     The allegations in paragraph 36 set forth conclusions of law for which no response is required.

37.     In response to the allegations in paragraph 37, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution in the United States and are registered by the State of Ohio for sale and distribution.

38.     In response to the allegations in paragraph 38, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. Monsanto states that the term "the product tests" in the final sentence of paragraph 38 is vague and ambiguous, and Monsanto therefore denies the same. The remaining allegations in paragraph 38 set forth conclusions of law for which no answer is required.

39.     Monsanto denies the allegations in paragraph 39 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 regarding such pesticide products generally and therefore denies those allegations. The remaining allegations in paragraph 39 set forth conclusions of law for which no response is required.

40.     In response to the allegations in paragraph 40, Monsanto admits that EPA has

undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings. Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2] Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3] Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 40 and therefore denies those allegations.

41.     In response to the allegations in paragraph 41, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto. Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer. To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.`

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

1   42.    In response to the allegations in paragraph 42, Monsanto admits it entered into an

2   assurance of discontinuance with the New York Attorney General. The assurance speaks for itself

3   and thus does not require any further answer. The remaining allegations in paragraph 42 are vague

4   and conclusory and comprise attorney characterizations and are accordingly denied.

5   43.    Monsanto denies the allegations in paragraph 43.

6   44.    In response to the allegations in paragraph 44, Monsanto admits that the French

7   court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and

8   that it "left the soil clean," but denies the allegations in paragraph 44 to the extent that they

9   suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause

10  cancer. Monsanto denies the remaining allegations in paragraph 44.

11  45.    Monsanto denies the allegations in paragraph 45.

12  46.    In response to the allegations in paragraph 46, Monsanto states that the cited

13  document speaks for itself and does not require a response. To the extent that the allegations in

14  paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or

15  knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46

16  and therefore denies those allegations.

17  47.    Monsanto admits the allegations in paragraph 47.

18  48.    In response to the allegations in paragraph 48, Monsanto admits that plaintiff has

19  accurately quoted from one passage in an EPA document in 1991 with respect to the designation

20  of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not

21  pose any cancer risk to humans. In addition to the conclusions in the two EPA OPP reports and the

22  EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 48.

49.     Monsanto states that the term "toxic" as used in paragraph 49 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in paragraph 49.

50.     Monsanto admits the allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 51.

52.     In response to the allegations in paragraph 52, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004. To the extent that paragraph 52 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto states that these documents speak for themselves and do not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Monsanto states that the cited

document speaks for itself and does not require a response. To the extent that paragraph 54 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 54.

55.    Monsanto denies the allegations in paragraph 55.

56.    In response to the allegations in paragraph 56, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 56 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 56.

57.    In response to the allegations in paragraph 57, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 57 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 57.

58.    Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 58.

59.    Monsanto denies the allegations in paragraph 59.

60.    Monsanto denies the allegations in paragraph 60.

61.    Monsanto denies the allegations in paragraph 61.

62.    Monsanto denies the allegations in paragraph 62.

63.    Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 63.

64.    Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 64 and therefore denies those allegations.

65.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth

of the allegations in paragraph 65 and therefore denies those allegations. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

66.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies those allegations. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

67.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen. Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative." The remaining allegations in paragraph 67 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

68.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen. In response to the remaining allegations in paragraph 68, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the remaining allegations in paragraph 68 comprise attorney characterizations and are accordingly denied.

69.     In response to the allegations in paragraph 69, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the allegations in paragraph 69 comprise attorney characterizations and are accordingly denied.

70.     In response to the allegations in paragraph 70, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the allegations in paragraph 70 comprise attorney characterizations and are accordingly denied.

71.     Monsanto denies the allegations in paragraph 71.

72.     The allegations in paragraph 72 comprise attorney characterizations and are accordingly denied.

73.     Monsanto admits the allegations in paragraph 73.

74.     In response to the allegations in paragraph 74, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 74

characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 74.

75.     In response to the allegations in paragraph 75, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions. Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions. Monsanto denies the remaining allegations in paragraph 75.

76.     The allegations in paragraph 76 are vague and ambiguous and are accordingly denied.

77.     In response to the allegations in paragraph 77, Monsanto states that the cited document speaks for itself and does not require a response.

78.     In response to the allegations in paragraph 78, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 78 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     In response to the allegations in paragraph 80, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto otherwise denies the allegations in paragraph 80.

81.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic. Monsanto otherwise denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:22-cv-00785-VC

exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto admits the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto admits the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     In response to the allegations in paragraph 98, Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 98.

99.     In response to the allegations in paragraph 99, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.  Monsanto otherwise denies the allegations in paragraph 99.

100.    In response to the allegations in paragraph 100, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

101.    In response to the allegations in paragraph 101, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products.  Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:22-cv-00785-VC

branded products, and denies that WHO considers glyphosate to be a probable carcinogen. Monsanto denies the remaining allegations in paragraph 101.

102.   Monsanto denies the allegations in paragraph 102.

103.   Monsanto denies the allegations in paragraph 103.

104.   Monsanto denies the allegations in paragraph 104.

105.   Monsanto denies the allegations in paragraph 105.

106.   Monsanto denies the allegations in paragraph 106.

107.   Monsanto denies the allegations in paragraph 107.

108.   Monsanto denies the allegations in paragraph 108.

109.   Monsanto denies the allegations in paragraph 109.

110.   Monsanto denies the allegations in paragraph 110.

111.   Monsanto denies the allegations in paragraph 111.

112.   Monsanto denies the allegations in paragraph 112.

113.   Monsanto incorporates by reference its responses to paragraphs 1 through 112 in response to paragraph 113 of plaintiff's Complaint.

114.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 114 and therefore denies those allegations.

115.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 115 and therefore denies those allegations.

116.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 116 and therefore denies those allegations.

117.   Monsanto denies the allegations in paragraph 117.

118.   Monsanto incorporates by reference its responses to paragraphs 1 through 117 in response to paragraph 118 of plaintiff's Complaint.

119.   In response to the allegations in paragraph 119, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:22-cv-00785-VC

1   health. Monsanto states, however, that the scientific studies upon which IARC purported to base

2   its classification were all publicly available before March 2015.

3       120.   In response to the allegations in paragraph 120, Monsanto denies that exposure to

4   Roundup®-branded products and glyphosate is injurious to human health. The remaining

5   allegations in paragraph 120 set forth conclusions of law for which no response is required.

6       121.   Monsanto denies the allegation in paragraph 121 that exposure to Roundup®-

7   branded products and glyphosate exposed decedent to risk of decedent's alleged cancers.

8   Monsanto states, however, that the scientific studies upon which IARC purported to base its

9   classification were all publicly available before March 2015. The remaining allegations in

10  paragraph 121 set forth conclusions of law for which no response is required or consist of attorney

11  characterizations and are accordingly denied.

12      122.   In response to the allegations in paragraph 122, Monsanto denies that there is any

13  risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-

14  branded products and glyphosate. Monsanto lacks information or knowledge sufficient to form a

15  belief as to the truth of the remaining allegations in paragraph 122 and therefore denies those

16  allegations.

17      123.   The allegations in paragraph 123 set forth conclusions of law for which no response

18  is required.

19      124.   Monsanto denies the allegations in paragraph 124.

20      125.   Monsanto denies the allegations in paragraph 125.

21      126.   In response to the allegations in paragraph 126, Monsanto admits that it has stated

22  and continues to state that Roundup®-branded products are safe when used as labeled and that

23  they are non-toxic and non-carcinogenic.

24      127.   In response to the allegations in paragraph 127, Monsanto states that the cited

25  document speaks for itself and does not require a response.

26      128.   Monsanto denies that exposure to Roundup®-branded products and glyphosate

27  exposed decedent to risk of decedent's alleged cancer and denies the remaining allegations in

28

paragraph 128. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

129.   Monsanto denies the allegations in the first and last sentences of paragraph 129. The remaining allegations in paragraph 129 set forth conclusions of law for which no response is required. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

130.   Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 130 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

131.   Monsanto incorporates by reference its responses to paragraphs 1 through 130 in response to paragraph 131 of plaintiff's Complaint.

132.   In response to the allegations in paragraph 132, Monsanto admits that plaintiff purports to assert a cause of action for defective design but denies any liability to plaintiff. The remaining allegations in paragraph 132 set forth conclusions of law for which no response is required.

133.   Monsanto denies the allegations in paragraph 133. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding decedent's alleged use of Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 133.

134.   Monsanto denies the allegations in paragraph 134.

135.   Monsanto denies the allegations in paragraph 135.

136.   Monsanto denies the allegations in paragraph 136.

137.   Monsanto denies the allegations in paragraph 137.

138.   Monsanto denies the allegations in paragraph 138.

139.   Monsanto denies the allegations in paragraph 139.

140.   Monsanto denies the allegations in paragraph 140.

141.   Monsanto denies the allegations in paragraph 141.

142.   In response to the allegations in paragraph 142, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that glyphosate is injurious to human health. Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

143.   Monsanto denies the allegations in paragraph 143.

144.   In response to the allegations in paragraph 144, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 144.

145.   Monsanto denies the allegations in paragraph 145, including each of its subparts.

146.   Monsanto denies the allegations in paragraph 146.

147.   Monsanto denies that Roundup®-branded products have "dangerous characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 147 and therefore denies those allegations.

148.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 148 and therefore denies those allegations.

149.   Monsanto denies the allegations in paragraph 149.

150.   The allegations in paragraph 150 set forth conclusions of law for which no response is required.

151.   Monsanto denies the allegations in paragraph 151.

152.   Monsanto denies the allegations in paragraph 152.

1    153.   Monsanto denies the allegations in paragraph 153.

2    154.   Monsanto denies the allegations in paragraph 154.

3    155.   Monsanto denies the allegations in paragraph 155.

4    156.   Monsanto denies the allegations in paragraph 156.

5    157.   Monsanto denies the allegations in paragraph 157.

6    158.   The allegations in paragraph 158 set forth conclusions of law for which no response

7  is required. To the extent that a response is deemed required, Monsanto denies the allegations in

8  paragraph 158.

9    159.   The allegations in paragraph 159 set forth conclusions of law for which no response

10 is required. To the extent that a response is deemed required, Monsanto denies the allegations in

11 paragraph 159.

12   160.   Monsanto denies the allegations in paragraph 160.

13   161.   Monsanto denies the allegations in paragraph 161.

14   162.   In response to the allegations in the first sentence of paragraph 162, Monsanto

15 demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be

16 dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's

17 fees as allowed by law and such further and additional relief as this Court may deem just and

18 proper. The statement in the last sentence of paragraph 162 sets forth a conclusion of law for

19 which no response is required.

20   163.   Monsanto incorporates by reference its responses to paragraphs 1 through 162 in

21 response to paragraph 163 of plaintiff's Complaint.

22   164.   In response to the allegations in paragraph 164, Monsanto admits that plaintiff

23 purports to assert a cause of action for inadequate warnings but denies any liability to plaintiff.

24 The remaining allegations in paragraph 164 set forth conclusions of law for which no response is

25 required.

26   165.   Monsanto denies the allegations in paragraph 165. Monsanto states that all labeling

27 of Roundup®-branded products has been and remains EPA-approved and in compliance with all

28

federal requirements under FIFRA.

166.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 166 and therefore denies those allegations.

167.   Monsanto denies the allegations in paragraph 167.

168.   Monsanto denies the allegations in paragraph 168. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

169.   Monsanto denies the allegations in paragraph 169. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

170.   Monsanto denies the allegations in paragraph 170.

171.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding decedent's use history in paragraph 171 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 171.

172.   The allegations in paragraph 172 set forth conclusions of law for which no response is required.

173.   Monsanto denies the allegations in paragraph 173.

174.   Monsanto denies the allegations in paragraph 174.

175.   Monsanto denies the allegations in paragraph 175.

176.   Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 176.

177.   The allegations in paragraph 177 set forth conclusions of law for which no response is required.

178.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 178 and therefore denies those allegations.

179.   Monsanto denies the allegations in paragraph 179.

180.   Monsanto denies the allegations in paragraph 180.

181.   Monsanto denies the allegations in paragraph 181.

182.   Monsanto denies the allegations in paragraph 182.

183.   The allegations in paragraph 183 set forth conclusions of law for which no response is required. To the extent a response is deemed required, Monsanto denies the allegations in paragraph 183.

184.   The allegations in paragraph 184 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 184.

185.   Monsanto denies the allegations in paragraph 185.

186.   Monsanto denies the allegations in paragraph 186.

187.   In response to the allegations in the first sentence of paragraph 187, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of paragraph 187 sets forth a conclusion of law for which no response is required.

188.   Monsanto incorporates by reference its responses to paragraphs 1 through 187 in response to paragraph 188 of plaintiff's Complaint.

189.   In response to the allegations in paragraph 189, Monsanto admits that plaintiff purports to assert a cause of action for failure to conform but denies any liability to plaintiff. The remaining allegations in paragraph 189 set forth conclusions of law for which no response is required.

190.   Monsanto denies the allegations in paragraph 190.

191.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 191 concerning the decedent's claimed use of Roundup®- branded products and therefore denies those allegations. The remaining allegations in paragraph 191 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:22-cv-00785-VC

192.   The allegations in paragraph 192 set forth conclusions of law for which no response is required.

193.   Monsanto denies the allegations in paragraph 193.

194.   The allegation in paragraph 194 regarding a purported implied warranty sets forth a conclusion of law for which no response is required. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 194 and therefore denies those allegations.

195.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 195 concerning the condition of any Roundup®-branded product allegedly used by decedent or about decedent's alleged uses of such product and therefore denies the allegations in paragraph 195.

196.   Monsanto denies the allegations in paragraph 196.

197.   Monsanto denies the allegations in paragraph 197.

198.   The allegations in paragraph 198 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 198.

199.   The allegations in paragraph 199 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 199.

200.   Monsanto denies the allegations in paragraph 200.

201.   Monsanto denies the allegations in paragraph 201.

202.   In response to the allegations in the first sentence of paragraph 202, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of paragraph 202 sets forth a conclusion of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:22-cv-00785-VC

203.   Monsanto incorporates by reference its responses to paragraphs 1 through 202 in response to paragraph 203 of plaintiff's Complaint.

204.   Monsanto denies the allegations in paragraph 204, including each of its subparts.

205.   Monsanto denies the allegation in paragraph 205.

206.   Monsanto incorporates by reference its responses to paragraphs 1 through 205 in response to paragraph 206 of plaintiff's Complaint.

207.   The allegations in paragraph 207 set forth conclusions of law for which no response is required.

208.   Monsanto denies the allegations in paragraph 208, and each of its subparts.

209.   Monsanto denies the allegations in paragraph 209.

210.   Monsanto denies the allegations in paragraph 210.

211.   Monsanto denies the allegations in paragraph 211.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.   The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.   Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.   Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of decedent's alleged injuries.

4.   Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and

instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims are barred, in whole or in part, because decedent's injuries, if any, were the result of conduct of decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to decedent's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Decedent's misuse or abnormal use of the product or failure to follow instructions

1    bar plaintiff's claims in whole or in part.

2        14.    If plaintiff and/or decedent suffered injuries or damages as alleged, which is denied,

3    such injuries or damages resulted from: (a) acts or omissions of persons or entities for which

4    Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an

5    assessment of the relative degree of fault of all such persons and entities; or (b) resulted from

6    diseases and/or causes that are not related or connected with any product sold, distributed, or

7    manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes

8    constitute an independent, intervening and sole proximate cause of plaintiff's and/or decedent's

9    alleged injuries or damages.

10        15.    Monsanto had no legal relationship or privity with plaintiff and/or decedent and

11    owed no duty to plaintiff and/or decedent by which liability could be attributed to it.

12        16.    Monsanto made no warranties of any kind or any representations of any nature

13    whatsoever to plaintiff and/or decedent. If any such warranties were made, which Monsanto

14    specifically denies, then plaintiff and/or decedent failed to give notice of any breach thereof.

15        17.    Plaintiff's claims are preempted or otherwise barred in whole or in part by the

16    Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17        18.    Plaintiff's claims for punitive and/or exemplary damages are barred because such an

18    award would violate Monsanto's due process, equal protection and other rights under the United

19    States Constitution, the Ohio Constitution, and/or other applicable state constitutions.

20        19.    Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff

21    has failed to allege conduct warranting imposition of such damages under Ohio law and/or other

22    applicable state laws.

23        20.    Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited

24    by operation of state and/or federal law, including Ohio Rev. Code Ann. § 2315.21.

25        21.    Plaintiff's claims are barred in whole or in part by decedent's own

26    contributory/comparative negligence.

27        22.    Plaintiff's claims are barred in whole or in part by decedent's own failure to mitigate

28

damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     To the extent that plaintiff and/or decedent recovered payments for decedent's alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

25.     If plaintiff and/or decedent have been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

27.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.     Plaintiff's common law claims are barred, in whole or part, by application of the Ohio Products Liability Act ("OPLA"), Ohio Rev. Code Ann. §§ 2307.71-2307.80.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED: February 25, 2022

Respectfully submitted,

/s/ Jennise Stubbs
Jennise Stubbs (*pro hac vice*)
(jstubbs@shb.com)
SHOOK, HARDY & BACON L.L.P.
600 Travis, Suite 3400
Houston, Texas 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508

*Attorney for Defendant*
*MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:22-cv-00785-VC

## CERTIFICATE OF SERVICE

I certify that on the 25th day of February, 2022, I electronically transmitted the foregoing MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:22-cv-00785-VC