**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax:  202-847-4005

**HOLLINGSWORTH**LLP
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax:  202-682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax:  202-942-5999

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 |
| | ) |
| | ) Case No. 3:16-md-02741-VC |
| | ) |
| THIS DOCUMENT RELATES TO: | ) **DEFENDANT MONSANTO COMPANY'S** |
| | ) **OPPOSITION TO PLAINTIFF'S MOTION** |
| | ) **TO REMAND *RENTERIA* CASE** |
| *Marita Renteria v. Monsanto Company, et al.,* | ) |
| | ) Date:        March 31, 2022 |
| | ) Time:        10:00 a.m. |
| Case No. 3:22-cv-00877-VC | ) Courtroom:  4 |
| | ) |

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION AND ISSUES TO BE DECIDED.................................................................. 1

ARGUMENT ........................................................................................................................ 1

    I.  Plaintiff Fraudulently Joined Sidco Because, As A Matter Of Well-Established
        New Mexico Law, She Does Not Have A Viable Strict Products Liability Claim
        Against Sidco. ............................................................................................................. 1

    II.  Monsanto Timely Filed The Notice Of Removal, And Plaintiff Has No Persuasive
         Arguments To The Contrary. ....................................................................................... 5

        A.  Monsanto complied with Section 1446(b)(3) by filing the Notice of Removal
            within thirty days after the FAC was filed because that was the first time
            Monsanto had unequivocally clear, certain notice that this case had become
            removable.............................................................................................................5

        B.  The Notice of Removal was timely because Plaintiff "acted in bad faith,"
            § 1446(c)(1), to try to prevent Monsanto from removing this lawsuit to federal
            court. ..................................................................................................................10

CONCLUSION.................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Aguayo v. AMCO Ins. Co.*,
    59 F. Supp. 3d 1225 (D.N.M. 2014) .......................................................................10, 11, 12

*Arias v. Follet Higher Educ. Corp.*,
    No. 8:18-cv-01965-JLS-JDE, 2019 WL 484192 (C.D. Cal. Feb. 7, 2019) ..............................2

*Barakat v. Costco Wholesale Corp.*,
    No. 20-cv-02248-JCS, 2020 WL 3635933 (N.D. Cal. July 6, 2020)....................................6, 7

*Carvalho v. Equifax Info. Servs., LLC*,
    629 F.3d 876 (9th Cir. 2010) ..................................................................................................5

*Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*,
    844 F.3d 1133 (9th Cir. 2017) ..............................................................................................10

*Chavez v. Time Warner Cable, LLC*,
    728 F. App'x 645 (9th Cir. 2018) .........................................................................................13

*Chavez v. Time Warner Cable, LLC*,
    No. CV 12-5291-RGK, 2016 WL 7647559 (C.D. Cal. Jan. 11, 2016)...................................13

*Durham v. Lockheed Martin Corp.*,
    445 F.3d 1247 (9th Cir. 2006) ...........................................................................................6, 10

*Forth v. Diversey Corp.*,
    No. 13-CV-808-A, 2013 WL 6096528 (W.D.N.Y. Nov. 20, 2013) .......................................11

*Grancare, LLC v. Thrower*,
    889 F.3d 543 (9th Cir. 2018) ..............................................................................................2, 5

*Harris v. Bankers Life & Cas. Co.*,
    425 F.3d 689 (9th Cir. 2005) ................................................................................................10

*Heller v. American States Ins. Co.*,
    No. CV 15-9771 DMG, 2016 WL 1170891 (C.D. Cal. Mar. 25, 2016).....................11, 12, 14

*Highwire Promotions, LLC v. Legends Mktg., LLC*,
    No. CV 05-5425 ABC, 2005 WL 8156562 (C.D. Cal. Oct. 31, 2005)....................................6

*Illegal Aliens, LLC v. N. Am. Specialty Ins. Co.*,
    No. CV 14-07502 DDP, 2015 WL 1636715 (C.D. Cal. Apr. 10, 2015) ..................................2

*Martin v. Franklin Cap. Corp.*,
    546 U.S. 132 (2005) ...........................................................................................................15

*Martinez v. McKesson Corp.*,
    No. 3:15-cv-02903-H-JLB, 2016 WL 5930271 (S.D. Cal. Apr. 7, 2016) ...............................2

*Massey v. 21st Century Centennial Ins. Co.*,
    No. 2:17-cv-01922, 2017 WL 3261419 (S.D. W. Va. July 31, 2017) ....................................11

*Mattel, Inc. v. Bryant*,
    441 F. Supp. 2d 1081 (C.D. Cal. 2005), *aff'd on other grounds*, 446 F.3d 1011
    (9th Cir. 2006)........................................................................................................................6

*Morris v. Princess Cruises, Inc.*,
    236 F.3d 1061 (9th Cir. 2001) ................................................................................................2

*O'Brien v. HII Ins. Solutions*,
    No. 2:20-cv-02115-KJM-AC, 2021 WL 1060398 (E.D. Cal. Mar. 19, 2021) ...........11, 12, 13

*Poulos v. Naas Foods, Inc.*,
    959 F.2d 69 (7th Cir. 1992) ..................................................................................................14

*Ritchey v. Upjohn Drug Co.*,
    139 F.3d 1313 (9th Cir. 1998) ................................................................................................2

*In re Roundup Prods. Liab. Litig. (Roybal)*,
    No. 16-md-02741-VC, 2021 WL 4186714 (N.D. Cal. Sept. 15, 2021)...................................15

*Schmidt v. Int'l Playthings LLC*,
    503 F. Supp. 3d 1060 (D.N.M. 2020) ......................................................................................4

*Snelling v. Tribal Vapors*,
    No. Civ 19-0686 JB/GJF, 2021 WL 1227836 (D.N.M. Mar. 31, 2021)..............................3, 5

*Vu v. Ortho-McNeil Pharm., Inc.*,
    602 F. Supp. 2d 1151 (N.D. Cal. 2009) ...................................................................................2

*Weber v. Ritz-Carlton Hotel Co., L.L.C.*,
    No. 4:18-cv-03351-KAW, 2018 WL 4491210 (N.D. Cal. Sept. 19, 2018)............................11

**State Cases**

*AALCO Mfg. Co. v. City of Espanola*,
    618 P.2d 1230 (N.M. 1980) ....................................................................................................4

*Arenivas v. Cont'l Oil Co.*,
    692 P.2d 31 (N.M. Ct. App. 1983)...........................................................................................3

*Livingston v. Begay*,
    652 P.2d 734 (N.M. 1982) ...................................................................................2, 3

*Trujillo v. Sonic Drive-In/Merritt*,
    924 P.2d 1371 (N.M. Ct. App. 1996) .................................................................3, 5

## **Statutes**

28 U.S.C. § 1441(b)(2) ................................................................................................2

28 U.S.C. § 1446(b) ......................................................................................... *passim*

28 U.S.C. § 1446(c)(1).................................................................................... *passim*

## <u>INTRODUCTION AND ISSUES TO BE DECIDED</u>

Plaintiff's Motion to Remand ("Remand Motion"), ECF No. 22, lacks merit.  First, the only claim that the First Amended Complaint ("FAC") asserts against the non-diverse defendant, Sidco Corporation ("Sidco"), is barred as a matter of well-established New Mexico law, so Plaintiff has fraudulently joined Sidco and thus its presence should be disregarded when the Court decides whether this removal was proper.  Indeed, it is now clear that Plaintiff has no intention to pursue any claims against Sidco – which is ***her own family business*** – in this case. Second, Monsanto timely removed this case in accordance with 28 U.S.C. § 1446(b)(3) and 28 U.S.C. § 1446(c)(1).  The Notice of Removal was filed thirty days after Plaintiff filed the FAC, which was the "amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable," § 1446(b)(3).  Moreover, Monsanto properly removed this case more than one year after it was commenced in state court because Plaintiff acted in "bad faith," § 1446(c)(1), to prevent removal by: (a) fraudulently joining her family business (Sidco) as a sham defendant to defeat removal; (b) keeping Sidco in this case past the one-year removal deadline; (c) waiting until after that deadline passed before filing the FAC, which materially changed the factual and legal allegations asserted against Sidco; and (d) not actively litigating against Sidco – including failing to file a motion for a default judgment despite Sidco waiting more than 18 months to respond to the Complaint after entering its appearance – because she never intended to seek a judgment against her family business.  Thus, the Court should hold that this removal was proper and timely and should deny the Remand Motion.

## <u>ARGUMENT</u>

### I.   Plaintiff Fraudulently Joined Sidco Because, As A Matter Of Well-Established New Mexico Law, She Does Not Have A Viable Strict Products Liability Claim Against Sidco.

A defendant can remove a case to federal court even in the absence of complete diversity because "one exception to the requirement of complete diversity is where a non-diverse

defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067

(9th Cir. 2001). A defendant making a fraudulent joinder argument is required to show that there

is no possibility that the state court would hold the non-diverse co-defendant liable. *Grancare,*

*LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). The fraudulently joined defendant's

"presence in the lawsuit is ignored" for purposes of determining whether the district court has

diversity jurisdiction. *Morris*, 236 F.3d at 1067. When conducting a fraudulent joinder analysis,

a court is not limited to the allegations in the complaint and is permitted to consider affidavits,

declarations, and other evidence presented by the removing defendant. *See Ritchey v. Upjohn*

*Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *Morris*, 236 F.3d at 1068.[1]

Monsanto properly removed this case by establishing in the Notice of Removal: (a) that

the FAC asserts only one claim against Sidco – "strict products liability," FAC, Count Two

(attached to Notice of Removal as Exhibit 1), ECF No. 1-1 (at PDF page 200); and (b) that this

claim is not viable as a matter of well-established New Mexico law. New Mexico courts –

including the New Mexico Supreme Court – consistently have held that a defendant is not

strictly liable under New Mexico law for injuries caused by an allegedly defective product if the

defendant did not sell or lease the product or otherwise place the product in the stream of

commerce. *See Livingston v. Begay*, 652 P.2d 734, 738-39 (N.M. 1982) (holding that strict

liability claim did not extend to defendants that did not sell the product and did not place it in the

---

[1] If a defendant pierces the pleadings by presenting evidence showing that a non-diverse co-defendant has been fraudulently joined, the plaintiff cannot rely on allegations in the complaint to seek remand. *See Arias v. Follet Higher Educ. Corp.,* No. 8:18-cv-01965-JLS-JDE, 2019 WL 484192, at *3 (C.D. Cal. Feb. 7, 2019); *Martinez v. McKesson Corp.*, No. 3:15-cv-02903-H-JLB, 2016 WL 5930271, at *3 (S.D. Cal. Apr. 7, 2016). If a plaintiff argues that it is possible for him to state a claim against the non-diverse defendant, that possibility must be "non-fanciful" for the case to be remanded. *Illegal Aliens, LLC v. N. Am. Specialty Ins. Co.*, No. CV 14-07502 DDP (ASx), 2015 WL 1636715, at *2 (C.D. Cal. Apr. 10, 2015); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1154 (N.D. Cal. 2009). Fraudulent joinder also renders the so-called "forum defendant rule" inapplicable because that statutory provision applies only to "properly joined" defendants. 28 U.S.C. § 1441(b)(2).

"stream of commerce"); *Trujillo v. Sonic Drive-In/Merritt*, 924 P.2d 1371, 1377 (N.M. Ct. App. 1996); *Arenivas v. Cont'l Oil Co.*, 692 P.2d 31, 33-34 (N.M. Ct. App. 1983).  The key requirement that the defendant was a supplier of the allegedly defective product has not changed since the New Mexico Supreme Court decided the *Livingston* case four decades ago.  Indeed, that requirement was re-affirmed recently.  *See Snelling v. Tribal Vapors*, No. Civ 19-0686 JB/GJF, 2021 WL 1227836, at *29 (D.N.M. Mar. 31, 2021) (citing *Livingston*, 652 P.2d at 739).

In this case, Sidco was a mere consumer (an end-user) of Roundup®-branded herbicides – not a supplier because it did not sell or otherwise place those products on the market or in the stream of commerce.  Thus, Plaintiff's claim against Sidco lacks an essential element of a strict liability claim under New Mexico law, which makes the claim not viable within the meaning of the fraudulent joinder removal standard discussed above.  Plaintiff has no persuasive response.

*First*, Plaintiff cannot muddy the clear waters by mischaracterizing Monsanto's analysis of New Mexico strict liability law as too "intricate" for a fraudulent-joinder-removal argument, *see* Remand Motion at 7-8.  The body of law governing her claim against Sidco – New Mexico strict liability law – is simple and straightforward regarding this issue.  Based on *Livingston* (decided in 1982), the subsequent New Mexico Court of Appeals cases cited above, and *Snelling* (decided in 2021), it is well established that a strict liability claim fails as a matter of New Mexico law if the defendant was not a supplier of the allegedly defective product – *i.e.*, did not sell, lease, or otherwise place the product on the market or in the stream of commerce.  Plaintiff cannot ignore the leading, on-point cases and then claim that Monsanto's removal argument requires an unduly intricate analysis of New Mexico law.

*Second*, Plaintiff's attempt to cast Sidco as a "supplier" of Roundup®-branded herbicides is unavailing.  Plaintiff misleadingly argues that Sidco "supplied the Roundup to which she was exposed in the course of her work," Remand Motion at 6.  However, she was admittedly exposed

to Roundup®-branded herbicides when her "*father and brother* sprayed weeds with Roundup within a few feet of where [she] was working."  Plaintiff Fact Sheet ("PFS") at 10 (attached to Notice of Removal as Exhibit 2), ECF No. 1-2.  In other words, she is not claiming that she *used* Roundup®-branded herbicides.  Instead, she now claims bystander exposure.[2]  Plaintiff does not – and cannot – contend that Sidco sold Roundup®-branded herbicides to her (or anyone else) or placed those products in the stream of commerce, which (as shown above) is an essential element of a strict liability claim under well-established New Mexico law.[3]  Thus, Plaintiff does not have a valid basis for opposing Monsanto's fraudulent joinder argument.

*Finally*, Plaintiff tries to use her status as Sidco's former employee to conjure up a novel, unprecedented argument to extend New Mexico strict liability law, *see* Remand Motion at 6-8, but that argument is contrary to New Mexico strict liability law as stated by the New Mexico Supreme Court.  In New Mexico, strict liability law protects *consumers*, not *employees*.  *See AALCO Mfg. Co. v. City of Espanola*, 618 P.2d 1230, 1231 (N.M. 1980) ("The purpose behind strict products liability . . . is to allow an injured *consumer* to recover against a seller or

---

[2] Although the initial Complaint alleged that Plaintiff used Roundup®-branded herbicides, Compl. ¶ 93 (stating that she sprayed Roundup®-branded herbicides "with a hand sprayer" and by "driv[ing] a tractor with a 20-gallon sprayer attached to the end") (attached to Notice of Removal as Exhibit 1), ECF No. 1-1, those allegations are no longer operative because the initial Complaint was superseded by the FAC.  That pleading does *not* allege that Plaintiff used Roundup®-branded herbicides but merely alleges that she was exposed to "significant levels" of those herbicides.  FAC ¶ 56.  Thus, the FAC is consistent with the PFS statement quoted above.

[3] The District of New Mexico rejected a similar effort by plaintiffs to expand the scope of New Mexico strict liability law to include defendants who were not suppliers of the allegedly defective product and denied their motion to remand the lawsuit to state court.  *See Schmidt v. Int'l Playthings LLC*, 503 F. Supp. 3d 1060, 1104-11 (D.N.M. 2020).  Although Plaintiff claims that "Sidco is a supplier of the Roundup to which Plaintiff was exposed," FAC ¶ 67, that conclusory allegation regarding a legal issue does not resolve this important issue in her favor because the Court "is not compelled to believe whatever the plaintiff says in [her] complaint," *Schmidt*, 503 F. Supp. 3d at 1103 (quotation marks omitted).  When analyzing fraudulent joinder arguments, this Court is not limited by pleading allegations – and Plaintiff cannot rely on such allegations – because Monsanto has presented evidence that pierces the pleadings.  *See supra* page 2 & note 1 (citing cases).

manufacturer without the requirement of proving ordinary negligence. Its goal is to protect the injured *consumer*.") (emphasis added). Therefore, courts applying New Mexico law repeatedly have rejected efforts to expand strict liability to the employer-employee relationship. *See Trujillo*, 924 P.2d at 1377 ("[W]e are not persuaded that, under the doctrine of strict products liability, Employer would be considered the supplier of the … [machine that injured the employee], thus making it strictly liable for injuries caused by a defect in the machine."); *Snelling*, 2021 WL 1227836, at \*29 ("While the Supreme Court of New Mexico has allowed plaintiffs to recover from manufacturers, retailers, and wholesalers, New Mexico courts have specifically declined to hold an employer strictly liable for harm caused by a product that employees use in their course of work.").[4]

In sum, Monsanto has presented "extraordinarily strong evidence [and] arguments that . . . [P]laintiff could not possibly prevail on her claim[] against [Sidco]," *Grancare, LLC*, 889 F.3d at 548, so the Court should hold that Plaintiff fraudulently joined Sidco.[5]

## II. Monsanto Timely Filed The Notice Of Removal, And Plaintiff Has No Persuasive Arguments To The Contrary.

### A. Monsanto complied with Section 1446(b)(3) by filing the Notice of Removal within thirty days after the FAC was filed because that was the first time Monsanto had unequivocally clear, certain notice that this case had become removable.

The timeliness of a removal notice is governed by 28 U.S.C. § 1446(b), which "identifies

---

[4] Plaintiff has no response to the well-established, unbroken line of cases applying New Mexico law that show that she does not have a viable strict liability claim against Sidco, so she resorts to citing an Indiana federal district court ruling that analyzed an Indiana statute governing medical malpractice claims, *see* Remand Motion at 7. But that inapposite ruling has nothing to with the issues now before this Court. Her reliance on that ruling merely reinforces the conclusion that she has no support for her argument that she did not fraudulently join Sidco.

[5] The Remand Motion makes clear that Plaintiff now is asserting only a strict liability claim against Sidco. She admits that she is not asserting – and does not have any basis to assert – claims against Sidco based on a negligence theory or the New Mexico Workers' Compensation Act. *See* Remand Motion at 6.

two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010).  "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." *Id*. (quotation marks omitted).  However, if the initial complaint "on its face" does not provide a basis for removal, a removal opportunity can arise later – for example, when the removing defendant receives an "'amended pleading . . . or other paper'" from which removability may first be ascertained. *Id*. (quoting § 1446(b)); *see Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006).  To start the clock on the second thirty-day period in Section 1446(b), the information in the "other paper" must be "unequivocally clear and certain in support of removability." *Barakat v. Costco Wholesale Corp.*, No. 20-cv-02248-JCS, 2020 WL 3635933, at *4 (N.D. Cal. July 6, 2020) (quotation marks omitted); *see also Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1089-90 (C.D. Cal. 2005) (stating that second thirty-day period in Section 1446(b) "is triggered only when the information supporting removal is unequivocally clear and certain" (quotation marks omitted)), *aff'd on other grounds*, 446 F.3d 1011 (9th Cir. 2006); *Highwire Promotions, LLC v. Legends Mktg., LLC*, No. CV 05-5425 ABC (FMOx), 2005 WL 8156562, at *3 (C.D. Cal. Oct. 31, 2005) (holding that documents did not start second thirty-day clock running under Section 1446(b) because they did not give defendants "clear and unequivocal notice" that the case had become removable).

When Plaintiff filed this case in state court, the "case stated by the initial pleading [was] not removable," § 1446(b)(3), because the Complaint included claims against **two** diversity-destroying defendants – New Mexico companies Sidco and AGCO Corporation ("AGCO")) – and was riddled with ambiguities that deprived Monsanto of clear, unequivocal notice regarding which claims were asserted against which defendants.  The initial Complaint named those two defendants and Monsanto and stated in the Introduction that "Plaintiff brings this cause of action against **Defendants** for injuries sustained as a result of using Defendant Monsanto Company's

('Monsanto') unreasonably dangerous and defective product, Roundup®."  Compl. at 1 (emphasis added).  This sentence did not distinguish between Sidco and AGCO and did not specify which claims Plaintiff was asserting against those defendants.  Moreover, although the initial Complaint expressly limited certain claims to Monsanto (Counts I, II, IV, VIII), that pleading confusingly asserted several other claims – negligent failure to warn (Count III), breaches of express and implied warranties (Counts V and VI), unfair and deceptive trade practices (Count VII), and punitive damages (Count IX) – more broadly and vaguely against "Defendant" (not identified) or "Defendants" (not identified).  *Compare* Compl. ¶¶ 107, 125, 164-77, 208-16 *with* Compl. ¶¶ 144-62, 179-89, 191-202, 204-06, 218.

Although Plaintiff dismissed AGCO in May 2020, that did not clear up any ambiguities regarding which claims the initial Complaint asserted against the remaining diversity-destroying defendant, Sidco.  That pleading still raised more questions than it answered.  Did Plaintiff assert a negligence claim against Sidco?  Did she assert one or more breach of warranty claims against Sidco?  Did she assert a claim against Sidco for unfair and deceptive trade practices?  The answers to those questions were not clear based on the face of the initial Complaint.  Presumably Plaintiff knew what she intended, but Monsanto did not.  Therefore, Monsanto did not have information that was "unequivocally clear and certain in support of removability," *Barakat*, 2020 WL 3635933, at *4.

Thus, the Section 1446(b)(3) triggering event that made this case removable for the first time occurred on September 13, 2021, when Plaintiff filed the FAC that cleared up the confusion created by the initial Complaint.  The FAC conclusively showed that Plaintiff is asserting only one claim against Sidco (a strict liability claim) and is not asserting any other claims against Sidco.  Monsanto timely filed the Notice of Removal on October 13, 2021, within thirty days after the FAC was filed.

Plaintiff makes two arguments to try to escape the conclusion that Monsanto timely removed this cased based on Section 1446(b)(3), but they both lack merit.

**First**, Plaintiff asserts that, "[i]f this case ever was removable, it became removable on May 5, 2020 when AGCO was dismissed." Remand Motion at 8. Not so. As shown above, that dismissal **did not** clear up the ambiguities created by the initial Complaint regarding which of the remaining claims were asserted against Sidco. For example, that pleading asserted an "Unfair and Deceptive Trade Practices" claim (Count VII). Using information known only to Plaintiff, she: (a) says that Count VII was the only claim asserted Sidco, Remand Motion at 8; (b) argues at length that Count VII was not viable as a matter of law, *see id*. at 8-10; and (c) blithely states that she pleaded that claim due to "a clerical error," *id*. at 11. However, Count VII was **not** directed at Sidco by name. That claim was directed at an unidentified "Defendant," so Plaintiff's assertion that Count VII was the only claim directed at Sidco is at odds with the face of the initial Complaint and therefore was not information known to Monsanto when evaluating whether the dismissal of AGCO made this case removable based on Section 1446(b)(3).[6]

Moreover, the vague initial Complaint asserted three other claims against an unidentified "Defendant," including a negligence claim. The Remand Motion admits that Plaintiff has no basis to assert a negligence claim against Sidco, *see* Remand Motion at 6, but fails to acknowledge that this information was not apparent on the face of the Complaint and therefore

---

[6] Plaintiff makes much of the fact that Count VII pleaded a claim for unfair and deceptive trade practices based on an Iowa statute, and she even goes so far as to make a choice-of-law argument in a desperate effort to show that the claim **she pleaded** was not viable. *See* Remand Motion at 8-10. However, to make this argument, she improperly imputes knowledge to Monsanto that was not apparent from the face of the confusing, vague initial Complaint. Monsanto did not know – and had no way of knowing – whether Plaintiff purchased Roundup®-branded herbicides in Iowa and/or whether she was exposed to those herbicides in Iowa. Monsanto has encountered numerous cases in the Roundup® litigation where a plaintiff alleges purchases of and/or exposures to Roundup®-branded herbicides in more than one state, thus potentially implicating the laws of more than one state.

was not information known to Monsanto that could give rise to a Section 1446(b)(3) removal after AGCO was dismissed.  One of the negligence claims (Count III) was vaguely pleaded against an unidentified "Defendant," and another negligence claim (Count IV) specifically named Monsanto, so it was not apparent from the face of the ambiguous Complaint that Count III was not directed at Sidco.

The most that can be said about the information known to Monsanto from the face of the then-operative pleading after Plaintiff dismissed AGCO was that the pleading raised the *possibility* that this case was removable, but unequivocally clear, certain information is required to start the thirty-day removal clock addressed in Section 1446(b)(3).  Plaintiff cannot have it both ways.  She emphasizes the heavy burden imposed on Monsanto to establish fraudulent joinder, *see* Remand Motion at 5, but then faults Monsanto for not removing this case sooner, during a phase of this case when the vague Complaint hid which claims were pleaded against Sidco.  Plaintiff cannot file a Complaint that is chock-full of ambiguities and then argue that Monsanto missed a removal deadline because Monsanto did not read her mind about which claims she intended to plead against Sidco.

*Second*, Plaintiff argues, in the alternative, that Monsanto's removal was untimely because this case became removable in July 2021 when she served her PFS on Monsanto, *see* Remand Motion at 10-11, but that PFS did not start the clock running on the second thirty-day removal period in Section 1446(b)(3).  Whether this case was removable remained unclear and uncertain, even after Monsanto received the PFS.  The initial Complaint was still the operative pleading; it vaguely asserted claims against an unidentified "Defendant" or unidentified "Defendants," including negligent failure to warn, breaches of express and implied warranties, and punitive damages.  Although the PFS provided additional evidence of Plaintiff's motive for her bad faith effort to prevent removal, *see infra* Section II.B., the PFS did not give Monsanto a

clear enough picture to justify removal at that time because it was still unclear whether potentially viable claims (*i.e.*, claims other than strict liability) were pleaded against Sidco.

The Ninth Circuit has expressed its "concern that defendants may be encouraged to engage in premature removals in order to ensure that they do not waive their right to removal" and stated that "the pressure to file a premature notice of removal may lead to the imposition of Rule 11 sanctions." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005); *see id.* at 698 (expressing interest in avoiding "premature and protective removals"); *Durham*, 445 F.3d at 1251 (discussing possibility of sanctions for filing "a baseless notice of removal" and stating that, "[a]fter *Harris*, we no longer require defendants to take this blind leap—we don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove"); *Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133, 1142 (9th Cir. 2017) (stating that "a defendant is not put to the impossible choice of subjecting itself to fees and sanctions by filing a premature (and baseless) notice of removal or losing its right to remove the case by waiting too long"). Plaintiff's arguments fail to acknowledge that removing this case before the FAC was filed would have required Monsanto to take an impermissible "blind leap," *Durham*, 445 F.3d at 1251.

**B.   The Notice of Removal was timely because Plaintiff "acted in bad faith," § 1446(c)(1), to try to prevent Monsanto from removing this lawsuit to federal court.**

The removal statute usually precludes removal based on diversity jurisdiction more than one year after a case has been commenced in state court, but an exception permits removal if the "district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." § 1446(c)(1). When removing this case more than one year after it was commenced in state court, Monsanto relied on the Section 1446(c)(1) "bad faith" exception and the factors addressed in, among other cases, the leading District of New Mexico case, *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1249-50 (D.N.M. 2014). Although the Ninth Circuit has

not articulated a specific standard for the Section 1446(c)(1) "bad faith" exception, district courts

within the Ninth Circuit have cited *Aguayo* with approval when construing that exception.  *See,*

*e.g.*, *Weber v. Ritz-Carlton Hotel Co., L.L.C.*, No. 4:18-cv-03351-KAW, 2018 WL 4491210, at

*4 (N.D. Cal. Sept. 19, 2018); *Heller v. American States Ins. Co.*, No. CV 15-9771 DMG

(JPRx), 2016 WL 1170891, at *2 (C.D. Cal. Mar. 25, 2016).

When asked to make a bad-faith finding, courts consider whether "the plaintiff engaged

in strategic gamesmanship to prevent a defendant's removal from state court," *Heller*, 2016 WL

1170891, at *3 (making Section 1446(c)(1) bad-faith finding and denying remand motion), and

evaluate various factors revolving around "whether the plaintiff actively litigated against the

removal-spoiling defendant in state court: asserting valid claims, taking discovery, negotiating

settlement, seeking default judgments if the defendant does not answer the complaint, et cetera,"

*Aguayo*, 59 F. Supp. 3d at 1263; *see O'Brien v. HII Ins. Solutions*, No. 2:20-cv-02115-KJM-AC,

2021 WL 1060398, at *4 (E.D. Cal. Mar. 19, 2021) (making Section 1446(c)(1) bad-faith finding

and denying remand motion because "[p]laintiffs did not serve any defendant for at least a year

after filing this action in state court").[7]

This Court should make a Section 1446(c)(1) bad-faith finding here because Plaintiff

engaged in strategic gamesmanship to try to prevent removal.  She does not dispute Monsanto's

evidence-based showing that Sidco is her family business.  If naming one's own family's

business as a defendant in an effort to prevent removal and then failing to pursue active litigation

against that defendant does not constitute "bad faith," it is hard to imagine what the Section

---

[7] *See also Massey v. 21st Century Centennial Ins. Co.*, No. 2:17-cv-01922, 2017 WL 3261419, at
*4-6 (S.D. W. Va. July 31, 2017) (making Section 1446(c)(1) bad-faith finding and denying
remand motion because, *inter alia*, plaintiff did not actively litigate her case against removal-
spoiling defendant in state court); *Forth v. Diversey Corp.*, No. 13-CV-808-A, 2013 WL
6096528, at *3 (W.D.N.Y. Nov. 20, 2013) (making Section 1446(c)(1) bad-faith finding and
denying remand motion because, *inter alia*, plaintiffs did not obtain any discovery from removal-
spoiling defendant in state court).

1446(c)(1) "bad faith" exception would encompass.  As shown above and in the Notice of

Removal, the initial Complaint prevented removal by: (a) making presumably unfounded (and

now abandoned) allegations that Plaintiff used Roundup®-branded herbicides as part of her

workplace duties at the direction of Sidco;[8] and (b) asserting claims against Sidco that she

withdrew when she filed the FAC – after the one-year deadline had passed.  Moreover, Plaintiff

did not actively litigate any claims against Sidco in state court.  She did not seek a default

judgment against Sidco, even though this case had been filed more than 20 months before – and

Sidco had entered its appearance more than 18 months before – Sidco filed a response to the

Complaint.[9]  Plaintiff also did not issue any written discovery requests to Sidco and did not issue

any notices to take depositions of Sidco (or its employees).[10]

The Notice of Removal established a motive for Plaintiff's bad faith conduct, even

though Section 1446(c)(1) does not require Monsanto to prove a motive.  Plaintiff disclosed

---

[8] Plaintiff initially made the following allegations about her use of and exposure to Roundup®-branded herbicides: "Sidco Corporation hired [Plaintiff] as a Farm Hand in Las Cruces, New Mexico.  As a Farm Hand, [Plaintiff] was exposed to Roundup at significant levels. Part of [Plaintiff's] duties included carrying a 5-gallon backpack of Roundup and spraying the poison with a hand sprayer.  On other properties, [Plaintiff] would drive a tractor with a 20-gallon sprayer attached to the end. . . .  For six years, [Plaintiff] performed these duties with little to no protective equipment."  Compl. ¶¶ 92-94.  But the FAC omits those allegations.  Instead, Plaintiff now alleges mere bystander exposure: "As a girl and young woman, Plaintiff worked for Sidco.  In the course of her work for Sidco, Plaintiff was exposed to significant levels of Roundup."  FAC ¶ 56; *see* PFS at 10 (alleging bystander exposure to Roundup®-branded herbicides).

[9] *See* Notice of Removal ¶ 24; *see also Aguayo*, 59 F. Supp. 3d at 1263 (stating that one factor to be considered when evaluating "whether the plaintiff actively litigated against the removal-spoiling defendant in state court" is whether the plaintiff sought a "default judgment[] if the defendant does not answer the complaint"); *cf. O'Brien*, 2021 WL 1060398, at *4 (making Section 1446(c)(1) bad-faith finding because plaintiffs failed to serve any defendant for at least one year after filing lawsuit in state court).

[10] *See* Notice of Removal ¶ 24; s*ee also Heller*, 2016 WL 1170891, at *3 (making Section 1446(c)(1) bad-faith finding based, in part, on plaintiff's failure to serve written discovery); *Aguayo*, 59 F. Supp. 3d at 1263 (stating that one factor to be considered when deciding whether to apply Section 1446(c)(1) bad-faith exception is whether plaintiff pursued discovery from removal-spoiling defendant).

information in the PFS that explains why she consistently failed to engage in active litigation conduct as to Sidco – her exposure to Roundup®-branded herbicides allegedly occurred on "family farms" when her "father and brother sprayed weeds with Roundup within a few feet of where [she] was working."  PFS at 10.  It is undisputed that Sidco is Plaintiff's family business.  *See* Notice of Removal ¶ 25 & n.3.  Thus, by joining Sidco and keeping it as a defendant in this case, Plaintiff is, in effect, suing her own family.  However, by limiting her claim to the single, non-viable count of strict liability, she made certain that Sidco cannot be held liable in this case.

Plaintiff's efforts to avoid a bad-faith finding lack merit.

***First***, she contends that a bad-faith finding can be made only if a plaintiff has dismissed a removal-spoiling defendant, *see* Remand Motion at 13-14, but that is not correct.  Courts have repeatedly held that the Section 1446(c)(1) bad-faith exception applies even when there has been no dismissal of a removal-spoiling defendant.  *See Chavez v. Time Warner Cable, LLC*, 728 F. App'x 645, 647 (9th Cir. 2018) (holding that district court did not err in making bad-faith finding) (citing § 1446(c)(1))[11]; *O'Brien*, 2021 WL 1060398, at *1-4 (making Section 1446(c)(1) bad-faith finding and denying remand motion, even though plaintiffs did not dismiss a removal-spoiling defendant).  Congress required a finding by a district court "that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action" § 1446(c)(1), and nothing more.  Accordingly, this Court should reject Plaintiff's effort to manufacture a hurdle that Congress did not create when it enacted the Section 1446(c)(1) "bad faith" provision.

***Second***, Plaintiff tries to excuse her conduct by discussing settlement negotiations with Monsanto, *see* Remand Motion at 13, but she cites no case law to support that argument.  Nor

---

[11] The district court's ruling shows that the defendants removed the *Chavez* case more than one year after it was commenced in state court and that the removal was not triggered by the plaintiff dismissing a removal-spoiling defendant.  *See Chavez v. Time Warner Cable, LLC*, No. CV 12-5291-RGK (RZx), 2016 WL 7647559 (C.D. Cal. Jan. 11, 2016).

does she explain why her failure to engage in any active litigation conduct as to the removal-spoiling defendant (Sidco) – which is the issue that matters for purposes of Section 1446(c)(1) – should be excused by settlement discussions with Monsanto.  Active litigation continued in numerous Roundup® cases throughout the country, even after settlements of certain Roundup® cases were publicly announced in June 2020.  This lawsuit was not included in the agreements discussed in that announcement, nor was this case ever stayed in New Mexico state court.[12]

     ***Finally***, Plaintiff relies on her lawyer's self-serving declaration about the "customary practice" in complex New Mexico state court cases, Declaration of Anthony Bruster, ECF No. 22-1, but that declaration does not give any valid excuses for Plaintiff's complete failure to engage in any active litigation as to Sidco.  That declaration does not – and cannot – explain Plaintiff's failure to file a motion for default judgment despite more than 18 months elapsing between Sidco entering its appearance (March 10, 2020) and filing its response to the Complaint (September 27, 2021).  That declaration does not – and cannot – assert that any New Mexico law or rule precluded Plaintiff from seeking discovery from Sidco.  It is obvious why Plaintiff treated Sidco with kid gloves in this case.  She does not want to seek a judgment against her family business,[13] and she named Sidco in a bad faith attempt to try to prevent removal.  Her flimsy,

---

[12] Plaintiff's reliance on the September 4, 2020 motion that was filed jointly by Plaintiff and Monsanto, *see* Remand Motion at 14, is misplaced.  Nothing in that motion asked the New Mexico state court to do anything that would have prevented Plaintiff from pursuing active litigation as to Sidco.  That motion did not even mention Sidco, and Sidco did not join that motion.  Moreover, "[t]he totality of the circumstances," *Heller*, 2016 WL 1170891, at *3, should be considered when a court decides whether to make a bad-faith finding, so that motion does not change the conclusion that Plaintiff acted in bad faith to try to prevent Monsanto from removing this case to federal court.

[13] *Cf. Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73-74 (7th Cir. 1992) (holding that a defendant making a fraudulent joinder argument "need not negate any possible theory that [plaintiff] might allege in the future" and stating that otherwise plaintiff "could defeat diversity jurisdiction by joining his grandmother as a defendant—surely *some* set of facts might make her liable") (emphasis in original).

post-hoc excuses are tantamount to asking this Court to close its eyes to reality, but the Court should not do so. *See In re Roundup Prods. Liab. Litig. (Roybal)*, No. 16-md-02741-VC, 2021 WL 4186714, at *2 (N.D. Cal. Sept. 15, 2021) (denying remand motion and rejecting suggestion that "the Court must close its eyes to reality—particularly given the experience the Court has gained throughout the course of this MDL").[14]

## **CONCLUSION**

For the foregoing reasons, the Court should deny the Remand Motion.

DATED:  March 7, 2022

Respectfully submitted,

William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax:  202-942-5999

/s/ *Eric G. Lasker*
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com
HOLLINGSWORTH LLP
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax:  202-682-1639

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
WILKINSON STEKLOFF LLP
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax:  202-847-4005

*Attorneys for Defendant Monsanto Company*

---

[14] If the Court decides to remand this case, the Court should deny Plaintiff's request for fees and costs because, as shown above and in the Notice of Removal, Monsanto had an objectively reasonable basis for removing this case to federal court. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) ("[W]hen an objectively reasonable basis exists [for removal], fees should be denied.").