**BRUSTER PLLC**
Anthony K. Bruster
New Mexico Bar No. 20283
John C. Hull
Texas Bar No. 24050791
680 N. Carroll Ave., Suite 110
Southlake, Texas 76092
Telephone: (817) 601-9564
Facsimile: (817) 796-2929
Email: akbruster@brusterpllc.com
       jhull@brusterpllc.com

**FEARS | NACHAWATI LAW FIRM**
Danae Nicole Benton
Texas No. 24080422
5489 Blair Road
Dallas, TX 75231
Telephone: (214) 890-0711
Facsimile: (214) 890-0712
Email: dbenton@fnlawfirm.com

**Attorneys for Plaintiff
Marita Renteria**

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION**<br><br>This document relates to:<br><br>*Marita Renteria v. Monsanto Company, et al.;* Case No. 3:22-cv-00877-VC | MDL No. 2741<br><br>Case No. 16-md-02741-VC<br><br>**Hearing Date: March 31, 2022**<br>**Time: 10:00 a.m.** |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ………………………………………………………..………..... iii

POINTS IN REPLY TO MONSANTO'S OPPOSITION TO THE MOTION TO REMAND .......... 1

    A.    Monsanto has the burden on every contested issue before the Court. .................................... 1

    B.    Sidco was not fraudulently joined................................................................................. 1

    C.    Monsanto's Notice of Removal was untimely under 28 U.S.C. § 1446(b)(3)......................... 2

    D.    Monsanto's Notice of Removal was untimely under 28 U.S.C. § 1446(c)(1)......................... 4

        1.    Plaintiff did not act in bad faith. .................................................................................. 4

        2.    Plaintiff did not prevent Monsanto from removing this case. ............................................. 6

        3.    There is no authority for application of the bad faith exception to allow an untimely removal of a case when the presence of an allegedly fraudulently joined defendant is ignored. ........................................................................................................................ 7

CONCLUSION................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases:**

*Chavez v. Time Warner Cable, LLC*, 728 F. App'x 645 (9th Cir. 2018),............................................. 7

*Durham v. Lockheed Martin Corp.*, 445 F.3d 1247 (9th Cir. 2006)....................................................... 3

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ................................................................................ 1

*Guyant v. Johnson & Johnson, Inc.*, No. 1:03-CV-0015- DFH, 2003 U.S. Dist. LEXIS 6747 (S.D. Ind. Apr. 21, 2003).............................................................................................................................. 1

*Hardeman v. Monsanto Co. (In re Roundup Prods. Liab. Litig.*), 385 F. Supp. 3d 1042 (N.D. Cal. 2019). ..................................................................................................................................................... 2

*O'Brien v. HII Ins. Sols.*, No. 2:20-cv-02115-KJM-AC, 2021 U.S. Dist. LEXIS 52479 ................ 2, 7

*Ruiz v. Walmart Inc.*, No. CV 20-1129 RAO, 2020 U.S. Dist. LEXIS 74682 ..................................... 2

*Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110 (9th Cir. 2016). ................................................. 8

**Statutes:**

28 U.S.C. § 1446(B) ………………………………………………………………………………….2

28 U.S.C. § 1446(C)(3)(B), ................................................................................................................... 8

28 U.S.C. § 1446(B)(3)............................................................................................................. 1, 2, 3, 4

28 U.S.C. § 1446(C)(1).................................................................................................................. passim

**Other Authorities:**

Civil L.R. 7-5(a)...................................................................................................................................... 5

Iowa Private Right of Actions for Consumer Frauds Act................................................................. 2, 3

New Mexico Workers' Compensation Act............................................................................................ 1

Private Attorney General Act of 2004 ................................................................................................. 7

**POINTS IN REPLY TO MONSANTO'S OPPOSITION TO THE MOTION TO REMAND**

**A. Monsanto has the burden on every contested issue before the Court.**

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation omitted) (citations omitted). In Defendant Monsanto Company's Opposition to Plaintiff's Motion to Remand *Renteria* Case (the "Opposition"), Monsanto makes repeated attempts to turn this rule on its head. *See e.g.*, Opposition at p. 5 ("Monsanto timely filed the notice of removal, and Plaintiff has no persuasive arguments to the contrary"), Opposition at p. 13 (framing its argument in terms of addressing "Plaintiff's efforts to avoid a bad-faith finding"). This rhetorical tactic does not relieve Monsanto of its burden to establish each contested issue before the Court, specifically: (1) that Sidco was fraudulently joined, (2) that the Notice of Removal was timely under 28 U.S.C. § 1446(b)(3), and (3) that the Notice of Removal was timely under 28 U.S.C. § 1446(c)(1). Monsanto's refusal to confront its burden serves only to highlight that Monsanto has failed to carry its burden at every turn.

**B. Sidco was not fraudulently joined.**

The arguments on this point do not call for a detailed reply, but two points merit comment.

First, in the Opposition, Monsanto does not address the interplay between New Mexico product liability law and the New Mexico Workers' Compensation Act ("NMWCA") and does not address *Guyant v. Johnson & Johnson, Inc.*, No. 1:03-CV-0015- DFH, 2003 U.S. Dist. LEXIS 6747 (S.D. Ind. Apr. 21, 2003).

Second, in footnote 5, Monsanto points out that Plaintiff admits she does not have any basis for bringing a negligence claim against Sidco. This fact does not aid Monsanto in defending its Notice of Removal because it is true solely due to Monsanto's own fraud and malfeasance. Plaintiff cannot maintain a negligence claim against Sidco because "[w]hile Monsanto repeatedly intones

1
**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND (CASE NO. 3:22-cv-00877-VC)**

that it stands by the safety of its product," the evidence shows that Monsanto is, in fact, "a company focused on attacking or undermining the people who raised concerns, to the exclusion of being an objective arbiter of Roundup's safety." *Hardeman v. Monsanto Co. (In re Roundup Prods. Liab. Litig.*), 385 F. Supp. 3d 1042, 1047 (N.D. Cal. 2019). Sidco was not negligent because Monsanto lied for profit. It is odd that Monsanto would think its position is advanced by bringing this state of affairs to the Court's attention, even in a footnote.

### C. Monsanto's Notice of Removal was untimely under 28 U.S.C. § 1446(b)(3).

"[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3). A discovery response can be "the 'other paper' that trigger[s] the thirty-day clock." *Ruiz v. Walmart Inc.*, No. CV 20-1129 RAO, 2020 U.S. Dist. LEXIS 74682, at *10 (C.D. Cal. Apr. 28, 2020); see also *O'Brien v. HII Ins. Sols.*, No. 2:20-cv-02115-KJM-AC, 2021 U.S. Dist. LEXIS 52479, at *8 (E.D. Cal. Mar. 18, 2021) ("Responses to interrogatories qualify as 'other paper' within the meaning of 28 U.S.C. § 1446(b).").

To carry its burden of establishing that the Notice of Removal was timely under section 1446(b), Monsanto must establish that this case did not become removable upon Monsanto's receipt of Plaintiff's Fact Sheet. Monsanto has failed to do so. As shown in the Motion to Remand, the only conceivable claim against Sidco pleaded in the Original Complaint was under the Iowa Private Right of Actions for Consumer Frauds Act. Plaintiff's Fact Sheet, however, makes it abundantly clear that neither Plaintiff nor this case have anything to do with Iowa and Plaintiff could not possibly prevail on her only claim against Sidco.

Monsanto tries to confuse the issue by noting that some of the claims in the Original Complaint were asserted "against an unidentified 'Defendant' or unidentified 'Defendants.'" The later point – that the Original Complaint contained allegations against unidentified "Defendants" – is true only of Count VII brought under the Iowa Private Right of Actions for Consumer Frauds Act. Ex. 1[1] at pp. 65-66. Again, Plaintiff's Fact Sheet shows beyond any doubt that such a claim was not maintainable against Monsanto or Sidco.

Count I clearly and specifically is pleaded only against Monsanto. Ex. 1 at pp. 43-47. The same is true of Count II, Ex. 1 at pp. 47-51, Count IV, Ex. 1 at pp. 55-60, and Count VIII. Ex. 1 at pp. 66-68.

Count III, for Negligent Failure to Warn, is brought against "Defendant," but makes clear that the Defendant against which the claim is pleaded is Monsanto. Ex. 1 at pp. 52-55 (*see* especially ¶¶ 145-147). The same is true of Count V, Ex. 1 at pp. 60-63, and Count VI, Ex. 1 at pp. 63-65.

Indeed, all Counts pleaded in the Original Complaint follow and incorporate by reference the Facts pleaded in ¶¶ 17-95 (*see* Ex. 1 at pp. 20-41) which make clear that Monsanto is the only Defendant which designed, manufactured, and marketed Roundup and that Sidco was Plaintiff's employer. Any confusion of the Defendant against which Count V and Count VI are pleaded is wholly feigned by Monsanto.

The "thirty-day clock" to remove under section 1446(b)(3) begins "ticking" when "a defendant receives a copy of an amended pleading, motion, order or other paper from which it can determine that the case is removable." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (internal quotes omitted). The issue before the Court is whether the Plaintiff's Fact Sheet

---

[1] Reference to exhibits herein are to the exhibits submitted in support of Plaintiff's Motion to Remand.

was an "other paper" which started the clock. Monsanto has failed in its burden to demonstrate that the Plaintiff's Fact Sheet *did not* provide it with enough information to remove this case. Indeed, the only conclusion to be reached from the record before the Court is that if this case ever was removable, it became removable no later than July 15, 2021, and the Notice of Removal was untimely under section 1446(b)(3).

**D. Monsanto's Notice of Removal was untimely under 28 U.S.C. § 1446(c)(1).**

A case may not be removed … on the basis of jurisdiction conferred by section 1332 [diversity of citizenship] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in *bad faith* in order *to prevent* a defendant from removing the action." 28 U.S.C. § 1446(c)(1) (emphasis added).

There is no dispute that Monsanto failed to remove this case within one year of commencement. As such, this case must be remanded unless Monsanto establishes both that (1) Plaintiff acted in bad faith; (2) the bad faith of Plaintiff prevented Monsanto from complying with the one-year deadline established in section 1446(c)(1). Monsanto has failed to meet its burden on either count.

**1. Plaintiff did not act in bad faith.**

Monsanto's primary contention in support of its argument that Plaintiff acted in bad faith is the fact that Sidco is owned by a member of Plaintiff's family[2] establishes bad faith under section 1446(c)(1). Monsanto neither cites any New Mexico case or statute which precludes a tort claim by an individual against an entity owned by a family member nor disputes that Plaintiff was exposed to Roundup while and because she was employed by Sidco. Likewise, Monsanto does not cite any

---

[2] It is factually inaccurate to say, as Monsanto repeatedly says, that Sidco is "Plaintiff's family business." *See* Opposition at pp. 1, 11, 13. Plaintiff owns no interest in Sidco, Sidco is not Plaintiff's business, and there is no good faith basis for Monsanto to state otherwise to the Court.

4
REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND (CASE NO. 3:22-cv-00877-VC)

case[3] in which a court considered the identity of the owners of a defendant corporation in deciding whether the plaintiff had acted in bad faith under section 1446(c)(1).

In footnote 12, Monsanto attempts to minimize the significance of the September 4, 2020 joint motion. The significance of that joint motion is that it proves that any absence of active litigation was a result of something other than "gamesmanship" by Plaintiff. In August of 2020, Plaintiff took the first step to actively litigating the case. Shortly thereafter, Monsanto and Plaintiff *jointly* asked the state court not to enter a scheduling order so that the parties could devote their time and resources to settlement negotiations. Ex. 1 at p. 146. Monsanto told the state court one thing – that it should not commence active litigation by entering a scheduling order – and is telling this Court something else – that it was bad faith for Plaintiff to do what Monsanto asked.

The absence of active litigation against the non-diverse defendant is only relevant to the extent it demonstrates bad faith. As a practical matter, in New Mexico the absence of a scheduling order is an absolute bar to active litigation. Monsanto is dismissive of the Bruster Declaration which establishes this fact, but Monsanto has not filed any declaration setting forth any facts inconsistent with those established in the Bruster Declaration, see Civil L.R. 7-5(a). Nor does Monsanto deny the accuracy of any of the specific facts established in the Bruster Declaration. Even if the absence of a scheduling order was not an absolute bar to active litigation, the undisputed facts show that the absence of active litigation was not because of bad faith, but because Monsanto wanted to negotiate rather than litigate and Plaintiff agreed to do so. Monsanto asked that there be no active litigation and now argues that the fact that Plaintiff did what it asked is evidence that Plaintiff acted in bad faith. There is indeed abundant bad faith at hand, but none from Plaintiff.

---

[3] In footnote 13, Monsanto cites *Poulos v. Naas Foods, Inc.*, 959 F.2d 69 (7th Cir. 1992), but that case does not involve the application of section 1446(c)(1) and the language quoted by Monsanto is from a hypothetical scenario discussed in dicta and not the facts of the case.

Finally, in its opposition, Monsanto states: "Active litigation continued in numerous Roundup® cases throughout the country, even after settlements of certain Roundup® cases were publicly announced in June 2020." Opposition at p. 14. There is no evidence that this self-serving statement is factually accurate and Monsanto has an extensive history of making factually inaccurate statements concerning the status of litigation in its Roundup cases. For example, in June 2020 Bayer publicly announced "agreements to resolve major legacy Monsanto litigation" and yet the Court noted

> It's not even clear whether Bayer had formally reached settlements with anyone up to that point. Instead, Bayer was in the process of negotiating agreements with individual law firms.

Pretrial Order No. 236: Granting in Part and Denying in Part Motion to Establish a Holdback Percentage June 22, 2021, (MDL ECF 13192) at p. 7

**2. Plaintiff did not prevent Monsanto from removing this case.**

There is no serious argument that Plaintiff did anything which prevented Monsanto from removing this case within one year of the date on which it was commenced. Monsanto cannot direct the Court to any act by Plaintiff which prevented Monsanto from removing the case. With no valid point to make, Monsanto tries to turn the absence of an act by Plaintiff – *i.e.,* not dismissing Sidco – into an action. *See* Opposition at. pp. 6, 18. The fact that Sidco was a party to this action did not prevent Monsanto from removing the case as is established by the fact that Monsanto removed the case while Sidco was a party. Nothing prevented Monsanto from sending Plaintiff's Fact Sheet (or interrogatories requesting the same information) within one year of the date this case commenced. Monsanto cannot turn its own inaction into action by Plaintiff and the fact that it tries to do so brings into clear focus the fact that Monsanto cannot identify anything that Plaintiff did that "prevent[ed] [Monsato] from removing the action." 28 U.S.C. § 1446(c)(1). Monsanto urges the Court to ignore this clear statutory language for no reason other than the fact that Monsanto cannot prevail if the Court does not do so.

### 3. There is no authority for application of the bad faith exception to allow an untimely removal of a case when the presence of an allegedly fraudulently joined defendant is ignored.

On page 13 of the Opposition, Monsanto states "Courts have repeatedly held that the Section 1446(c)(1) bad-faith exception applies even when there has been no dismissal of a removal-spoiling defendant," but could find only two cases to cite as authority for the statement. Those two cases, however, do not stand for the proposition for which they were cited; neither case involved a fraudulently joined defendant and both deal with a plaintiff wrongfully concealing the fact that the amount in controversy exceeded the minimum required for federal court diversity jurisdiction. In *Chavez v. Time Warner Cable, LLC*, 728 F. App'x 645 (9th Cir. 2018), the three defendants were Time Warner Cable, LLC, Time Warner Entertainment Company, LP, and Time Warner Cable Shared Service. *Id.*, at 646. The court noted that "California's presence as a real party in interest to Chavez's Private Attorney General Act of 2004 ('PAGA') claim does not destroy the diversity of the parties." *Id.*, at 647. In other words, there was no diversity spoiling defendant in *Chavez*. The decision turned on the district court's determination that the amount in controversy exceeded $75,000. *Id*. at 647. The Ninth Circuit also examined the one-year deadline under section 1446(c)(1) and found that the removal was not untimely because Chavez did not disclose the amount in controversy until more than one year after the case was filed. *Id.* at 647. In *O'Brien*, *supra*, the plaintiff's complaint did not allege an amount in controversy and did not disclose the amount until more than one year after the case was filed. *Id.* at *4-5. There was no diversity defeating defendant in that case – the impediment to removal was uncertainty over the amount in controversy. The case was removed promptly after the amount in controversy was disclosed in interrogatory answers, which was more than one year after the case was filed. *Id*. at *5. The court rejected the plaintiff's argument that the removal was untimely under section 1446(c)(1) because, under section

1446(c)(3)(B), "[a] plaintiff acts in bad faith by failing to disclose the actual amount in controversy to prevent removal." *Id.*, at *9 (cleaned up).

Monsanto is asking this Court to do something no court has ever done: apply the bad faith exception under section 1446(c)(1) in a case where the amount in controversy necessary for diversity jurisdiction is not contested and the diversity defeating defendant remains a party to the case. If adopted, Monsanto's position would allow the one-year time limit on removals established in 28 U.S.C. § 1446(c)(1) to be ignored any time a defendant removes a case under a fraudulently joinder theory. No case has adopted Monsanto's argument, and for good reason. The entire point of the fraudulent joinder doctrine is that the presence of the defendant in the case ***does not prevent*** a defendant from removing the action. Rather, when removal is allowed because of the fraudulent joinder of a non-diverse defendant, "the defendant's presence in the lawsuit is ignored for purposes of determining diversity." *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016). One can perhaps imagine a situation in which a plaintiff acts in bad faith to prevent a defendant from discovering the facts upon which to base a claim of fraudulent joinder, but (1) that is not what happened here, (2) Monsanto does not allege that is what happened here, and (3) the whole exercise is limited to the imagination because Monsanto has not cited, and research has not revealed, any cases in which any court applied the bad faith exception in 28 U.S.C. § 1446(c)(1) in a fraudulent joinder context. The simple fact is Plaintiff provided timely and truthful answers to every question Monsanto posed to her. Bruster Declaration at ¶ 7; Ex. 2, *passim*.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand should be granted.

Wherefore, Marita Renteria respectfully prays her Motion to Remand be granted and for all other just relief.

| | |
|---|---|
| Dated: March 14, 2022 | Respectfully submitted, |
| | By: */s/ Anthony K. Bruster* |
| | **Anthony K. Bruster** |
| | New Mexico Bar No. 20283 |
| | John C. Hull |
| | Texas Bar No. 24050791 |

**BRUSTER PLLC**
680 N. Carroll Ave., Suite 110
Southlake, Texas 76092
Telephone: (817) 601-9564
Facsimile: (817) 796-2929
Email: akbruster@brusterpllc.com
       jhull@brusterpllc.com

**FEARS | NACHAWATI LAW FIRM**
Danae Nicole Benton
Texas Bar No. 24080422
5489 Blair Road
Dallas, Texas 75231
Telephone: (214) 890-0711
Facsimile: (214) 890-0712
Email: dbenton@fnlawfirm.com

*Attorneys for Plaintiff*