**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax:  202-847-4005

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax:  202-942-5999

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax:  202-682-1639

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS** |
| *Robert Ramirez, et al. v. Monsanto Company, et al.*, Case No. 3:19-cv-02224-VC | Date:  May 12, 2022<br>Time:  10:00 a.m.<br>Courtroom:  4 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on May 12, 2022, at 10:00 a.m. in Courtroom 4 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Corporation will move this Court for an order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing Count V of the Third Amended Complaint for failure to state a claim permitted by California law.

DATED:  March 17, 2022

William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax:  202-942-5999

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax:  202-682-1639

Respectfully submitted,

/s/ *Brian L. Stekloff*
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
WILKINSON STEKLOFF LLP
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax:  202-847-4005

*Attorneys for Defendant*

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Monsanto Company moves to dismiss Count V of the Third Amended Complaint because California law precludes it. By Plaintiffs' own description, that Count centers on a "claim for medical monitoring program" for residents of California. Third Amended Complaint ¶ 176. The California Supreme Court has made clear that medical monitoring is not a freestanding cause of action—it is at most a remedy for other causes of action. *Potter v. Firestone Tire & Rubber Co.,* 6 Cal. 4th 965, 1007, 863 P.2d 795 (1993). There is accordingly no basis for allowing Count V to proceed.

## Factual Background

On April 24, 2019, Plaintiff Robert Ramirez (Plaintiff Ramirez) first filed a class action complaint, seeking to obtain a ruling, in a single proceeding, on the issue of an alleged relationship between the active chemical glyphosate and carcinogenicity in humans. Dkt. No. 1. Since that time, Plaintiffs have filed three amendments to the complaint. Dkt. Nos. 15, 19, 92. Throughout these complaints, the number of named Plaintiffs has varied from one to as many as six. *Id*.

The latest complaint has two named Plaintiffs: Plaintiff Ramirez and Dexter Owens (Plaintiff Owens). Dkt. No. 92 ("Third Amended Complaint") ¶¶ 10-11. Plaintiff Ramirez is a California resident who alleges that he used a concentrated mix of Roundup® for his job at Roto-Rooter from 1999 to 2013. *Id*. ¶ 10. He alleges a connection between this use and his development of Non-Hodgkin's Lymphoma in 2018. *Id*. Plaintiff Owens alleges that he used Roundup® for a one-month period in 2017. *Id*. ¶ 11. Plaintiff Owens alleges no present injury, but seeks medical monitoring based on this alleged exposure. *Id*.

The current complaint contains five causes of action. Count 1 alleges strict liability for a design defect, claiming that Defendants manufactured, designed, and labeled Roundup® in an unsafe, defective, and inherently dangerous manner that was dangerous for use by or exposure to

the public. *Id*. ¶ 116-17.  Count 2 alleges strict liability for a failure to warn of the alleged risks of Roundup® and glyphosate-containing products.  *Id*. ¶ 146-47.  Count 3 alleges negligence and negligent misrepresentation, claiming Defendants failed to disclose information allegedly linking exposure in relevant doses and the likelihood of NHL.  *Id*. ¶¶ 165-66.  Count 4 alleges a claim for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.  *Id*. ¶ 174.  Finally, Count 5 alleges a claim for medical monitoring on behalf of Plaintiffs' proposed "Medical Monitoring Class."  *Id*. ¶ 176-187.

## Argument

**Count V Should Be Dismissed Because Medical Monitoring Is Not A Cause Of Action In California.**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings.  *See De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  A complaint, or part of a complaint, must be dismissed if it fails to "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A court can dismiss a claim on Rule 12(b)(6) grounds "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

Count V of the Complaint presents a stand-alone cause of action for medical monitoring for citizens of California who have been exposed to Roundup® but have not yet been diagnosed with NHL.  Third Amended Complaint ¶¶ 107-08, 176-187.  While Plaintiff Owens asserts that medical monitoring is "linked directly to Counts 1 through 3 herein," *id*. ¶ 177, he does not plead it as a remedy for those claims in Count V.  Instead, he asserts that "Defendants should pay for the

costs of medical screening, diagnostic and/or other surveillance programs and services" under "principles of common law tort and as a matter of equity," *Id.* ¶ 186.[1]

That claim fails as a matter of law because California does not recognize such a cause of action. While California allows for future medical monitoring as a remedy in some cases, the California Supreme Court has made clear that an allegation "that a defendant's conduct has created the need for future medical monitoring does not create a new tort. It is simply a compensable item of damage when liability is established under traditional tort theories of recovery." *Potter*, 6 Cal. 4th at 1006–07; *see also San Diego Gas & Elec. Co. v. Super. Ct.*, 13 Cal. 4th 893, 914 n.18 (1996) (Plaintiffs' claim "for 'medical monitoring' must fall in any event because it is not a separate tort but simply an item of damages that cannot be awarded until liability is established under a traditional tort theory.").

Plaintiff Owens also cannot evade this clear prohibition by recharacterizing his claim as an equitable one. Another court in this district recently rejected that precise theory for reasons that apply with full force here. *See Xavier v. Philip Morris USA, Inc.*, No. C 10–02067 WHA, 2010 WL 3956860, at *3–4 (N.D. Cal. Oct. 8, 2010). In *Xavier*, the plaintiff attempted to evade *Potter*'s clear language by arguing that the California Supreme Court had addressed only a claim at law, rather than in equity. *Id.* at *3. The district court squarely rejected that theory, noting that "there is no indication that it was the legal nature of the lawsuit in *Potter* that prevented the Court from characterizing its decision as one creating a new tort. Likewise, there is no indication that the Court would adopt plaintiffs' preferred approach if given the opportunity now." *Id.* The court

---

[1] Defendants preserve their right to challenge, at a later stage of the proceedings, whether the sole Plaintiff for this claim—who alleges exposure to Roundup over a one-month period in 2017—has any entitlement to medical monitoring. Third Amended Complaint ¶ 11; *see Potter v. Firestone Tire & Rubber Co.,* 6 Cal. 4th 965, 974, 863 P.2d 795 (1993) (requiring proof that "that the need for future monitoring is a reasonably certain consequence of a plaintiff's toxic exposure and that the recommended monitoring is reasonable").

added that "[p]rinciples of comity and federalism prevent overwriting the means adopted in *Potter* as if that decision was a blank slate." *Id.* "In California," the court continued, "medical monitoring is a remedy which must rely upon underlying claims. It does not stand alone." *Id.* at *4. Monsanto has found no case since *Xavier* so much as suggesting a different approach to an equitable medical monitoring claim.

## Conclusion

For the foregoing reasons, the Court should dismiss Plaintiffs' stand-alone medical monitoring claim with prejudice.

DATED: March 17, 2022

Respectfully submitted,

/s/ *Brian L. Stekloff*

| | |
|---|---|
| William Hoffman (*pro hac vice*) | Brian L. Stekloff (*pro hac vice*) |
| (william.hoffman@arnoldporter.com) | (bstekloff@wilkinsonstekloff.com) |
| Daniel S. Pariser (*pro hac vice*) | Rakesh Kilaru (*pro hac vice*) |
| (daniel.pariser@arnoldporter.com) | (rkilaru@wilkinsonstekloff.com) |
| ARNOLD & PORTER KAYE SCHOLER LLP | WILKINSON STEKLOFF LLP |
| 601 Massachusetts Avenue, NW | 2001 M Street, NW, 10th Floor |
| Washington, DC 20001 | Washington, DC 20036 |
| Tel: 202-942-5000 | Tel: 202-847-4030 |
| Fax: 202-942-5999 | Fax: 202-847-4005 |

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, NW
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of March 2022, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

By: /s/ Brian L. Stekloff