**SHOOK, HARDY & BACON L.L.P.**
Jennise Walker Stubbs
JPMorgan Chase Tower
600 Travis St., Suite 3400
Houston, Texas 77002
Telephone:     713.227.8008
Facsimile:     713.227.9508

*Attorneys for Defendant*
*Monsanto Company*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741 |
| This document relates to: | |
| *Jeffrey Scott Crisp et al. v. Monsanto Company* Case No. 3:22-cv-01753-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Although many paragraphs in the Complaint allege exposure or use of Monsanto products by "Plaintiffs," Monsanto nevertheless responds to the allegations in those paragraphs as if they refer to plaintiff Robert Levy. Silence as to any allegations shall constitute a denial.

1.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies those allegations.

2.     Monsanto denies the allegations in paragraph 2.

3.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis, Missouri. Monsanto admits that it and its affiliated

companies have operations and offices in countries around the world. Monsanto admits that it has manufactured and marketed Roundup®-branded products, including Roundup®-branded products that have glyphosate as their active ingredient. Monsanto denies the remaining allegations in paragraph 3.

4. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentence of paragraph 4 and therefore denies those allegations. In response to the allegations in the last sentence of paragraph 4, Monsanto denies that glyphosate is carcinogenic. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in the last sentence of paragraph 4 and therefore denies those allegations.

5. In response to the allegations in paragraph 5, Monsanto admits that plaintiff purports to bring a claim for loss of consortium, but denies any liability as to that claim. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies those allegations.

6. Monsanto incorporates by reference its responses to paragraphs 1 through 5 in response to paragraph 6 of plaintiffs' Complaint.

7. The allegations in paragraph 7 set forth conclusions of law for which no response is required. To the extent a response is deemed required, Monsanto admits to the allegations in paragraph 7 based on the allegations in plaintiffs' Complaint.

8. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second and last sentences of paragraph 8 and therefore denies those allegations. The allegations in the first sentence of paragraph 8 set forth conclusions of law for which no response is required. To the extent a response is deemed required, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 8 and therefore denies those allegations.

9. The allegations in paragraph 9 set forth conclusions of law for which no response is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:15-md-02741-VC  & 3:22-cv-01753-VC

10. In response to the allegations in paragraph 10, Monsanto denies any "omissions" and certain events giving rise to plaintiff's claim. The remaining allegations in paragraph 10 set forth conclusions of law for which no response is required.

11. Monsanto incorporates by reference its responses to paragraphs 1 through 10 in response to paragraph 11 of plaintiffs' Complaint.

12. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies those allegations.

13. Monsanto admits the allegations in the first sentence of paragraph 13. In response to the allegations in the second sentence of paragraph 13, Monsanto admits that it is authorized to do business in the Kentucky. The remaining allegations in paragraph 13 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

14. The allegations in paragraph 14 set forth conclusions of law for which no response is required.

15. In response to the allegations in paragraph 15, Monsanto admits that it discovered the herbicidal properties of glyphosate and that it has manufactured Roundup®-branded herbicides.

16. In response to the allegations in paragraph 16, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 16 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies those allegations.

17. In response to the allegations in paragraph 17, Monsanto admits that farmers and homeowners have safely used Roundup®-branded products for decades. Monsanto states that the term "agricultural entities" in paragraph 17 is vague and ambiguous, and Monsanto therefore denies the same. Monsanto denies the remaining allegations in paragraph 17.

18.     In response to the allegations in paragraph 18, Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 18.

19.     The allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.     In response to the allegations in paragraph 20, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings. Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2] Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans."[3] Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 and therefore denies those allegations.

21.     The allegations in the first sentence of paragraph 21 are confusing and unintelligible and therefore no response is required. To the extent a response is deemed

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document/EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528 .

4

required, Monsanto denies the allegations in first sentence of paragraph 21. Monsanto denies the allegations in the second and third sentences of paragraph 21 to the extent they suggest that EPA performed an inspection of Industrial Bio-Test ("IBT") Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid. As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in the second sentence of paragraph 15 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

22.     In response to the allegations in paragraph 22, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products and that EPA investigated Craven Laboratories in March 1991 for fraud. To the extent that the allegations in paragraph 22 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

23.     The allegations in paragraph 23 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

24.     In response to the allegations in paragraph 24, Monsanto admits that the IARC working group's classification of glyphosate as a Class 2A carcinogen has resulted in ongoing discussions and/or restrictions in certain countries regarding the sale and/or use of glyphosate-based herbicides, but denies that there is any scientific basis for the concerns raised by the improper IARC classification. Monsanto denies the remaining allegations in paragraph 24.

25.     Monsanto incorporates by reference its responses to paragraphs 1 through 24 in response to paragraph 25 of plaintiffs' Complaint.

26.     In response to the allegations in paragraph 26, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human health. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 regarding Plaintiff's knowledge and therefore denies those allegations. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

27.     In response to the allegations in paragraph 27, Monsanto denies that there is any risk of serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate and denies that Roundup®-branded products or glyphosate are injurious to human health. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 regarding Plaintiff's knowledge and therefore denies those allegations. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in third paragraph 27 set forth conclusions of law for which no response is required.

28.     Monsanto denies the allegations in paragraph 28.

29.     The allegations in the first sentence of paragraph 29 set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 29.

30.     Monsanto incorporates by reference its responses to paragraphs 1 through 29 in response to paragraph 30 of plaintiffs' Complaint.

31.     Monsanto denies the allegations in paragraph 31.

32.     Monsanto denies the allegations in paragraph 32.

33.     Monsanto denies the allegations in paragraph 33.

34.     Monsanto denies the allegations in paragraph 34.

35.     Monsanto incorporates by reference its responses to paragraphs 1 through 34 in response to paragraph 35 of plaintiffs' Complaint.

36.     Monsanto denies the allegations in paragraph 36. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

37.     Monsanto denies the allegations in paragraph 37.

38.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 regarding plaintiff's reliance and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 38.

39.     Monsanto denies the allegations in paragraph 39.

40.     Monsanto denies the allegations in paragraph 40.

41.     Monsanto incorporates by reference its responses to paragraphs 1 through 40 in response to paragraph 41 of plaintiffs' Complaint.

42.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 regarding the specific products allegedly purchased or used by plaintiff, and therefore denies the allegations in paragraph 42.

43.     The allegations in paragraph 43 set forth conclusions of law for which no response is required.

44.     The allegations in paragraph 44 set forth conclusions of law for which no response is required.

45.     Monsanto denies the allegations in paragraph 45.

46.     Monsanto denies the allegations in paragraph 46.

47.     Monsanto denies the allegations in paragraph 47.

48.     Monsanto denies the allegations in paragraph 48.

49.     Monsanto denies the allegations in paragraph 49.

50.     Monsanto denies the allegations in paragraph 50.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:15-md-02741-VC  & 3:22-cv-01753-VC

51.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51 regarding plaintiff's knowledge and therefore Monsanto denies those allegations. Monsanto denies the remaining allegations in paragraph 51, including that intended use and/or exposure to Roundup®-branded products causes any injuries.

52.     Monsanto denies the allegations in paragraph 52.

53.     Monsanto denies the allegations in paragraph 53.

54.     Monsanto denies the allegations in paragraph 54.

55.     Monsanto incorporates by reference its responses to paragraphs 1 through 54 in response to paragraph 55 of plaintiffs' Complaint.

56.     Monsanto denies the allegations in paragraph 56.

57.     Monsanto denies the allegations in paragraph 57.

58.     Monsanto denies the allegations in paragraph 58.

59.     Monsanto denies the allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60.

61.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 61 regarding plaintiff's actions, and therefore Monsanto denies those allegations. Monsanto denies the remaining allegations in paragraph 61.

62.     Monsanto denies the allegations in paragraph 62.

63.     Monsanto denies the allegations in paragraph 63.

64.     Monsanto incorporates by reference its responses to paragraphs 1 through 63 in response to paragraph 64 of plaintiffs' Complaint.

65.     Monsanto denies the allegations in paragraph 65.

66.     Monsanto incorporates by reference its responses to paragraphs 1 through 65 in response to paragraph 66 of plaintiffs' Complaint.

67.     The allegations in paragraph 67 set forth conclusions of law for which no response is required.

1
2
3
4      In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto
5  denies that plaintiffs are entitled to the relief sought therein, including any judgment for any
6  damages, interest, costs, or any other relief whatsoever.
7      Every allegation in the Complaint that is not specifically and expressly admitted in this
8  Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

10      1.      The Complaint, in whole or part, fails to state a claim or cause of action against
11  Monsanto upon which relief can be granted.
12      2.      Plaintiffs' claims are barred because plaintiffs cannot proffer any scientifically
13  reliable evidence that the products at issue were defective or unreasonably dangerous.
14      3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was
15  so insubstantial as to be insufficient to be a proximate or substantial contributing cause of
16  plaintiffs' alleged injuries.
17      4.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were
18  designed, manufactured, marketed and labeled with proper warnings, information, cautions and
19  instructions, in accordance with the state of the art and the state of scientific and technological
20  knowledge.
21      5.      Plaintiffs' claims are barred, in whole or in part, because the products at issue were
22  not defective or unreasonably dangerous in that they complied with, at all relevant times, all
23  applicable government safety standards.
24      6.      Any claims based on allegations that Monsanto misled, defrauded, made
25  misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See,*
26  *e.g., Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v.*
27  *Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).
28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:15-md-02741-VC  & 3:22-cv-01753-VC

7.     Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.     Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.    Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.    The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12.    Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13.    Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14.    If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15.     Monsanto has no current or former legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

16.     Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17.     Plaintiffs' claims for punitive and/or aggravated damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Kentucky Constitution and/or other applicable state constitutions.

18.     Plaintiffs' claims for punitive and/or aggravated damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under Kentucky law, and/or other applicable state laws.

19.     Plaintiffs' claims for punitive and/or aggravated damages are barred and/or limited by operation of state and/or federal law, including Kentucky law.

20.     Plaintiffs' claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

21.     Plaintiffs' claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

22.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

23.     To the extent that plaintiffs recovered payments for plaintiffs' alleged injuries from any collateral source(s) or other source(s), plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law.

24.     If plaintiffs have been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

25.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

26.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

27.     Plaintiffs have failed to allege fraud with sufficient particularity.

28.     Plaintiffs' common law claims are barred, in whole or part, by application of the Kentucky Product Liability Act, Ky. Rev. Stat. § 411.300.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

March 23, 2022                              Respectfully Submitted

                                                          By: */s/* Jennise Walker Stubbs
                                                          Jennise Walker Stubbs
                                                          (jstubbs@shb.com)
                                                          Shook, Hardy & Bacon L.L.P.
                                                          600 Travis, Suite 3400
                                                          Houston, TX 77002
                                                          Telephone: (713) 2278008
                                                          Facsimile: (713) 2279508

                                                          *Attorneys   for   Defendant*
                                                          *Monsanto Company*

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:15-md-02741-VC  & 3:22-cv-01753-VC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I certify that on the 23rd day of March, 2022, I electronically transmitted the foregoing **Monsanto Company's Answer to Plaintiffs' Complaint** to the Clerk of the court using the ECF system for filing and transmittal, and a true and correct copy of the foregoing document was served electronically as authorized by Fed. R. Civ. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs