# EXHIBIT A

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY**

| | |
|---|---|
| RYAN TOMLINSON ) | |
|         **Plaintiff,** ) | |
| ) | |
| ) | **Case No. 1916-CV22788** |
| v. ) | **Division 9** |
| ) | |
| MONSANTO COMPANY ) | |
|         **Defendant.** ) | |

## **ORDER**

Pending before the Court is Plaintiffs' Motion to Compel Discovery Responses. For the following reasons, Plaintiffs' motion is granted.

### Background

On August 19, 2019, Plaintiffs filed a class action petition for damages under the Missouri Merchandising Practices Act ("MMPA") on behalf of themselves and a putative class of Missouri residents who purchased Roundup-brand herbicide products for personal, family, or household purposes. Plaintiffs' initial discovery requests in this class action ask for all promotional materials, sales and revenue records, and testing records related to "Roundup." The discovery requests at issue defined "Roundup" to include all of Defendant's glyphosate-containing products. Defendant objected, claiming that its Roundup Lawn & Garden line of glyphosate-containing products are the only such products its manufactures for home use and, on this ground, refused to produce information related to any Roundup products outside this line. In its objections to the discovery requests, Defendant argued Plaintiffs only allege purchasing products for residential use and therefore any information that does not concern the residential market is overbroad, unduly burdensome, and irrelevant. Although the parties have been able to reach an agreement on a number of issues, the parties are at an impasse as to documents and information pertaining to

Defendant's products outside its Lawn & Garden line. Plaintiffs therefore move this Court for an order pursuant to Missouri Rule of Civil Procedure 61.01 overruling the Defendant's objections as improper and compelling full response to the discover requests.

Analysis

Plaintiffs argue information on Roundup products containing the active ingredient glyphosate, including those outside the Defendant's Lawn & Garden line, are relevant to the pending action; Defendant contends this discovery is irrelevant to Plaintiffs' MMPA claim because the MMPA applies only to products purchased for personal, family, or household purposes and the Lawn & Garden line is the only product line Defendant markets for residential use. Rule 56.01(b)(1) allows parties to "obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action." Mo. Sup. Ct. R. 56.01(b)(1). "The party seeking discovery shall bear the burden of establishing relevance." *Id*. Trial courts have "no discretion to deny discovery matters which are relevant to the lawsuit and are reasonably calculated to lead to the discovery of admissible evidence when the matters are neither work product nor privileged." *State ex rel. Hayes v. Dierker*, 535 S.W.3d 372, 374 (Mo. Ct. App. 2017).

The Court finds Plaintiffs have met their burden, pursuant to Rule 56.01(b)(1), of establishing the relevance of information related to Roundup products containing glyphosate, including products outside Defendant's Lawn & Garden line. Whether the products encompassed by Plaintiffs' definition of "Roundup" were in fact, purchased by consumers and putative class members "primarily for personal, family, and/or household purposes" is a question of fact, and the Court finds the discovery of information pertaining to Roundup products as defined by Plaintiffs is reasonably calculated to lead to admissible evidence on precisely such question. *See Kerr v. Vatterott Educ. Ctrs. Inc*, 439 S.W.3d 802, 811–12 (Mo. Ct. App. 2014) (finding "whether a plaintiff purchased a good primarily for a personal, family, or household purpose is a question of

fact" and emphasizing the jury "could have reasonably inferred from the evidence that the purpose for the purchase was primarily for personal use" as there was evidence the plaintiff had in fact purchased the education at issue for non-business purposes).

Defendant argues even if relevant, the discovery Plaintiffs seek to compel is overbroad and disproportionate to the needs of this case. Even if relevant, the need to "obtain the discovery must be weighed against the respondent's burden in disclosing it." *State ex rel. Coffman Grp., L.L.C. v. Sweeney*, 219 S.W.3d 763, 766–67 (Mo. Ct. App. 2005). In determining whether a "discovery request creates an undue burden or expense," courts must "consider the issues in the case and the serving party's need for such information to prosecute or defend the case." Mo. Sup. Ct. R. 56.01(c). The Court does not find the discovery requests at issue are overbroad, unduly burdensome, or disproportionate to the needs of this case.

Plaintiffs urge the Court to interpret the term "personal" within Section 407.025.1 as encompassing products, even if not of a "household" nature, used by the purchaser himself. The Court declines to interpret the scope of Section 407.025.1 so broadly. Section 407.025.1 creates a private right of action whereby any person who purchases or leases merchandise "primarily for personal, family, or household purposes" may file suit if he is harmed by the acts set forth in Section 407.020. Mo. Rev. Stat. § 407.025.1. Courts have consistently interpreted Section 407.025.1's phrase "primarily for personal, family, or household purposes" as not including products purchased for business uses, even if it is the purchaser himself using the product. *See Kerr*, 439 S.W.3d 802, 810–11 (emphasizing evidence of intended use for non-business purposes is sufficient for the submission of an MMPA claim under Section 407.025.1). *See also Noe v. Chastain*, No. 6:19-cv-03030-SRB, 2019 U.S. Dist. LEXIS 61565 (W.D. Mo. Apr. 10, 2019) (finding allegations the plaintiff borrowed a loan on behalf of her business do not show purchase or lease of merchandise "primarily for personal, family, or household purposes" as required under

the MMPA); *Black v. MoneyGram Payment Syst.*, 2016 U.S. Dist. LEXIS 90003 (E.D. Mo. July 12, 2016), *aff'd*, 680 F. App'x 503 (8th Cir. 2017) (finding no standing under the MMPA where the plaintiff purchased services for business purposes); *Hemco Corp. v. ADP, Inc.,* No. 12-00407-CV-W-BP, 2012 U.S. Dist. LEXIS 203692, at *6–*7 (W.D. Mo. Sept. 25, 2012) (finding purchases were not "personal" as defined by the MMPA where a plaintiff corporation purchased services for its employees and for strictly a business purpose); *Leaf Funding, Inc. v. Florissant MRG, Inc.*, No. 4:08-CV-284 (CEJ), 2009 U.S. Dist. LEXIS 9035, at *3–*4 (E.D. Mo. Feb. 6, 2009) (holding the plaintiff's lease of equipment for use in renovating and remodeling Baskin Robbins stores did not fall within the parameter of Section 407.025.1's phrase "personal, family, or household purposes."); *In re Express Scripts, Inc*., MDL No. 1672, 2006 U.S. Dist. LEXIS 65168, at *42 (E.D. Mo. Sept. 13, 2006) (finding because the defendant's services "were purchased for a business purpose: to serve the Plan's client," the plaintiff trustee could not bring suit under the MMPA); *Saey v. CompUSA, Inc*., 174 F.R.D. 448, 450 (E.D. Mo. 1997) (finding because the plaintiff purchased the computers for his business, he did not have standing to bring a MMPA claim). However, this series of cases leads the Court to conclude a private action brought under Section 407.025.1 requires only that the individual's intended purpose for the purchased product was primarily for personal, family, or household purposes—not that the product was primarily manufactured, marketed, labeled or designed for these purposes. As such Defendant may not use a relevancy argument to limit discovery to its product lines manufactured, marketed, labeled, or designed for residential use.

    In conclusion, the Court finds whether the products encompassed by Plaintiff's definition of "Roundup" were in fact purchased by consumers and putative class members "primarily for personal, family, and/or household purposes" is a question of fact for the jury, and the discovery of information pertaining to Roundup products as defined by Plaintiffs is relevant to the pending

action and reasonably calculated to lead to admissible evidence on precisely such question. The Court hereby overrules the objections pertaining to Defendant's refusal to produce documents and information pertaining to products outside its Lawn & Garden line. Defendant is compelled to provide full responses to Plaintiffs' requests and to include data concerning glyphosate-containing products, regardless of product line, within thirty (30) days of this order.

**IT IS SO ORDERED.**

|  |  |
|---|---|
| August 31, 2020 | _/s/ Joel Fahnestock_ |
| Date | HONORABLE JOEL P FAHNESTOCK |

**CERTIFICATE OF SERVICE**
I hereby certify that copies of the above and foregoing were automatically forwarded through the Court's e-filing system to all attorneys of record on this 31st day of August, 2020.

_/s/ Lindsey Windsnurt_
Law Clerk, Division 9