**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:      (713) 227-8008
Facsimile:      (713) 227-9508
Email:          jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Patrick J. Froemming and Kaylee Froemming v. Monsanto Co.,*<br>Case No. 3:22-cv-01754-VC | |

**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

1.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies those allegations.

2.      Monsanto admits the allegations in paragraph 2.

3.      The allegations in paragraph 3 set forth conclusions of law for which no response is required.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.

5. The allegations in paragraph 5 set forth conclusions of law for which no response is required.

6. In response to the allegations in the first sentence of paragraph 6, Monsanto admits that it has designed and manufactured Roundup®-branded products. Monsanto admits the allegations in the second sentence of paragraph 6.

7. Monsanto denies the allegations in paragraph 7.

8. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies those allegations.

10. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies those allegations.

11. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies those allegations.

12. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies those allegations.

13. Monsanto incorporates by references its responses to paragraphs 1 through 12 in response to paragraph 13 of plaintiffs' Complaint.

14. In response to the allegations in paragraph 14, Monsanto admits that it has sold Roundup®-branded products.

15. Monsanto denies the allegations in paragraph 15.

16. Monsanto denies the allegations in paragraph 16.

17. Monsanto denies the allegations in paragraph 17.

18. Monsanto denies that any exposure to Roundup®-branded products can cause NHL and other serious illnesses and therefore denies those allegations in paragraph 18. Monsanto states, however, that the scientific studies upon which the International Agency for Research on Cancer ("IARC") purported to base its evaluation of glyphosate were all publicly available before March

2015. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies those allegations.

19. Monsanto denies the allegations in paragraph 19.

20. Monsanto incorporates by references its responses to paragraphs 1 through 12 in response to paragraph 20 of plaintiffs' Complaint.

21. The allegations in paragraph 21 set forth conclusions of law for which no response is required.

22. Monsanto denies the allegations in paragraph 22.

23. Monsanto denies the allegations in paragraph 23.

24. Monsanto denies the allegations in paragraph 24.

25. Monsanto denies the allegations in paragraph 25.

26. Monsanto incorporates by references its responses to paragraphs 1 through 12 in response to paragraph 26 of plaintiffs' Complaint.

27. Monsanto denies the allegations in paragraph 27.

28. Monsanto denies that Roundup®-branded products are dangerous and therefore denies those allegations in paragraph 28. Monsanto further denies that it had any sort of belief concerning plaintiff. Monsanto states, however, that the scientific studies upon which the IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

29. Monsanto denies the allegations in paragraph 29. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

30. Monsanto denies the allegations in paragraph 30. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

31. Monsanto denies the allegations in paragraph 31.

32. Monsanto denies the allegations in paragraph 32.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:22-cv-01754-VC

33.     Monsanto incorporates by references its responses to paragraphs 1 through 12 in response to paragraph 33 of plaintiffs' Complaint.

34.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies those allegations.

35.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 regarding plaintiff's claimed reliance and claimed use of or exposure to Roundup®-branded products and therefore denies those allegations.  The remaining allegations in paragraph 35 are vague and conclusory and comprise attorney characterizations, and are accordingly denied.

36.     Monsanto denies the allegations in paragraph 36.

37.     Monsanto denies the allegations in paragraph 37.

38.     Monsanto denies the allegations in paragraph 38.

39.     Monsanto incorporates by references its responses to paragraphs 1 through 12 in response to paragraph 39 of plaintiffs' Complaint.

40.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies those allegations.

41.     Monsanto denies the allegations in paragraph 41.

42.     Monsanto denies the allegations in paragraph 42.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.     Plaintiffs' claims are barred in whole because plaintiffs cannot proffer any

scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6. Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco,* 275 F.3d 1199 (9th Cir. 2002).

7. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8. Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9. Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10. Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to

1  plaintiff's pre-existing medical conditions.

2      11.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k,

3  bar plaintiffs' claims against Monsanto in whole or in part.

4      12.   Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in

5  part.

6      13.   Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar

7  plaintiffs' claims in whole or in part.

8      14.   If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or

9  damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable

10  nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of

11  fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or

12  connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on

13  the part of others or diseases or causes constitute an independent, intervening and sole proximate cause

14  of plaintiffs' alleged injuries or damages.

15      15.   Monsanto had no legal relationship or privity with plaintiffs and owed no duty to

16  plaintiffs by which liability could be attributed to it.

17      16.   Monsanto made no warranties of any kind or any representations of any nature

18  whatsoever to plaintiffs. If any such warranties were made, which Monsanto specifically denies, then

19  plaintiffs failed to give notice of any breach thereof.

20      17.   Plaintiffs' claims are preempted or otherwise barred in whole or in part by the

21  Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

22      18.   Plaintiffs' claims for punitive and/or treble damages are barred because such an award

23  would violate Monsanto's due process, equal protection and other rights under the United States

24  Constitution, the South Carolina Constitution, and/or other applicable state constitutions.

25      19.   Plaintiffs' claims for punitive and/or treble damages are barred because plaintiffs

26  have failed to allege conduct warranting imposition of such damages under South Carolina law,

27  and/or other applicable state laws.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:22-cv-01754-VC

20.     Plaintiffs' claims for punitive, exemplary, and/or aggravated damages are barred and/or limited by operation of state and/or federal law, including S.C. Code Ann. § 15-32-530.

21.     The South Carolina Unfair Trade Practices Act claim is barred by applicable law, including S.C. Code Ann. § 39-5-40(a).

22.     Plaintiffs' claims are barred in whole or in part by plaintiffs' contributory/comparative negligence.

23.     Plaintiffs' claims are barred in whole or in part by plaintiffs' failure to mitigate damages.

24.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

25.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs received from collateral sources.

26.     If plaintiffs have been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

27.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE,** Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## **JURY TRIAL DEMAND**

Monsanto demands a jury trial on all issues so triable.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  April 8, 2022

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: */s/Jennise W. Stubbs*
    Jennise W. Stubbs
    600 Travis Street, Suite 3400
    Houston, TX 77002-2926
    Telephone:   (713) 227-8008
    Facsimile:    (713) 227-9508
    Email:          jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

- 8 -

## CERTIFICATE OF SERVICE

I certify that on the 8th day of April, 2022, I electronically transmitted the foregoing **DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:22-cv-01754-VC