**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:   (713) 227-8008
Facsimile:   (713) 227-9508
Email:       jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Troy Mohler and Linda Mohler v. Monsanto Co.,*<br>Case No. 3:22-cv-01947 | |

### MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

1.  Monsanto denies the allegations in paragraph 1.

2.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

3.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies those allegations.

4.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies those allegations.

5. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies those allegations.

6. Monsanto admits the allegations in paragraph 6.

7. The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8. In response to the allegations in paragraph 8, Monsanto denies that glyphosate or Roundup®-branded products caused plaintiff's alleged cancer. The remaining allegations in paragraph 8 set forth conclusions of law for which no response is required.

9. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies those allegations.

10. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies those allegations.

11. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies those allegations.

12. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies those allegations.

13. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies those allegations.

15. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.

16. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies those allegations.

17. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies those allegations.

1    18. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of
2    the allegations in paragraph 18 and therefore denies those allegations.

3    19. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of
4    the allegations in paragraph 19 and therefore denies those allegations.

5    20. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of
6    the allegations in paragraph 20 and therefore denies those allegations.

7    21. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of
8    the allegations in paragraph 21 and therefore denies those allegations.

9    22. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of
10   the allegations in paragraph 22 and therefore denies those allegations.

11   23. Monsanto denies the allegations in paragraph 23.

12   24. In response to the allegations in paragraph 24, Monsanto admits that it created
13   glyphosate-based herbicides and seeds that contain the Roundup Ready® trait and that use of crops
14   with the Roundup Ready® trait substantially improve a farmer's ability to control weeds.

15   25. In response to the allegations in paragraph 25, Monsanto admits that an EPA review
16   committee classified glyphosate as Class C in 1985 based on limited data. Monsanto lacks
17   information or knowledge sufficient to form a belief as to the truth of the remaining allegations in
18   paragraph 25 and therefore denies those allegations.

19   26. In response to the allegations in paragraph 26, Monsanto admits that EPA changed its
20   classification of glyphosate to Group E based upon a full evaluation of the scientific evidence,
21   including but not limited to three animal carcinogenicity studies. Monsanto admits that plaintiff has
22   accurately quoted from one passage in an EPA document in 1991 with respect to the designation of
23   an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any
24   cancer risk to humans. In addition to the conclusions in the two EPA OPP reports and the EPA
25   CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of

carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 FED. REG. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 FED. REG. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 FED. REG. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." 78 FED. REG. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20.

Monsanto denies the remaining allegations in paragraph 26.

27. In response to the allegations in paragraph 27, Monsanto admits that the International Agency for Research on Cancer ("IARC") working group classified glyphosate under Group 2A. Monsanto denies the remaining allegations in paragraph 27.

28. Monsanto denies the allegations in paragraph 28.

29. To the extent that the allegations in paragraph 29 quote website statements, those statements speak for themselves and do not require a response. To the extent that the allegations in paragraph 29 characterize such statements, Monsanto denies those allegations.

30. Monsanto denies the allegations in paragraph 30.

31. Monsanto incorporates by reference its responses to paragraphs 1 through 30 in response to paragraph 31 of plaintiffs' Complaint.

32. The allegations in paragraph 32 set forth conclusions of law for which no response is required.

33. The allegations in paragraph 33 set forth conclusions of law for which no response is required.

34. Monsanto denies the allegations in paragraph 34.

35. Monsanto denies the allegations in paragraph 35.

36. Monsanto denies the allegations in paragraph 36.

37. Monsanto denies the allegations in paragraph 37.

38. The allegations in paragraph 38 set forth conclusions of law for which no response is required.

39. Monsanto denies the allegations in paragraph 39.

40. Monsanto denies the allegations in paragraph 40.

41. Monsanto incorporates by reference its responses to paragraphs 1 through 40 in response to paragraph 41 of plaintiffs' Complaint.

42. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 regarding plaintiff's exposure to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 42.

43. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 regarding plaintiff's exposures to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 43.

44. Monsanto denies the allegations in paragraph 44.

45. The allegations in paragraph 45 set forth conclusions of law for which no response is required.

46. Monsanto denies the allegations in paragraph 46.

47. Monsanto denies the allegations in paragraph 47.

48. Monsanto denies the allegations in paragraph 48.

49. Monsanto denies the allegations in paragraph 49.

50. Monsanto incorporates by reference its responses to paragraphs 1 through 49 in response to paragraph 50 of plaintiffs' Complaint.

51. In response to the allegations in the first sentence of paragraph 51, Monsanto admits that it has stated and continues to state that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic. The remaining allegations in paragraph 51 set forth conclusions of law for which no response is required.

52. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 52 regarding plaintiffs' reliance and therefore denies those allegations.

53. Monsanto denies the allegations in paragraph 53.

54. Monsanto denies the allegations in paragraph 54.

55. Monsanto incorporates by reference its responses to paragraphs 1 through 54 in response to paragraph 55 of plaintiffs' Complaint.

56. Monsanto denies the allegations in paragraph 56.

57. Monsanto denies the allegations in paragraph 57.

58. The allegations in paragraph 58 take statements out of context; are vague, misleading, incomplete, and conclusory; and/or comprise attorney characterizations – and are accordingly denied.

59. Monsanto denies the allegations in paragraph 59.

60. In response to the allegations in paragraph 60, Monsanto admits that the EPA posted a report evaluating glyphosate on EPA's website in late April 2016 and took the report off the website in early May 2016.

61. Monsanto denies the allegations in the first sentence of paragraph 61. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 61 and therefore denies those allegations.

62. Monsanto denies the allegations in paragraph 62. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

63. Monsanto denies the allegations in paragraph 63.

64. Monsanto incorporates by reference its responses to paragraphs 1 through 63 in response to paragraph 64 of plaintiffs' Complaint.

65. Monsanto denies the allegations in paragraph 65.

66. Monsanto incorporates by reference its responses to paragraphs 1 through 65 in response to paragraph 66 of plaintiffs' Complaint.

67. Monsanto denies the allegations in paragraph 67.

68. Monsanto denies the allegations in paragraph 68. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

69. Monsanto denies the allegations in paragraph 69.

70. Monsanto incorporates by reference its responses to paragraphs 1 through 69 in response to paragraph 70 of plaintiffs' Complaint.

71. Monsanto denies the allegations in paragraph 71.

72. Monsanto denies the allegations in paragraph 72.

73. Monsanto denies the allegations in paragraph 73.

74. Monsanto denies the allegations in paragraph 74.

75. Monsanto denies the allegations in paragraph 75.

76. Monsanto denies the allegations in paragraph 76.

77. Monsanto denies the allegations in paragraph 77.

In response to the allegations in the "WHEREFORE" paragraph following paragraph 77, Monsanto denies that plaintiffs are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

**SEPARATE AND AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against

Monsanto upon which relief can be granted.

2. Plaintiffs' claims are barred in whole because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

4. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6. Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco,* 275 F.3d 1199 (9th Cir. 2002).

7. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8. Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9. Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10. Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were

- 8 -

extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

12. Applicable statutes of limitations and/or repose bar plaintiffs' claims in whole or in part.

13. Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' claims in whole or in part.

14. If plaintiffs suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injuries or damages.

15. Monsanto had no legal relationship or privity with plaintiffs and owed no duty to plaintiffs by which liability could be attributed to it.

16. Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs. If any such warranties were made, which Monsanto specifically denies, then plaintiffs failed to give notice of any breach thereof.

17. Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18. Plaintiffs' claims for punitive and/or treble damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Kentucky Constitution, and/or other applicable state constitutions.

19. Plaintiffs' claims for punitive and/or treble damages are barred because plaintiffs

have failed to allege conduct warranting imposition of such damages under Kentucky law, and/or other applicable state laws.

20.     Plaintiffs' claims for punitive, exemplary, and/or aggravated damages are barred and/or limited by operation of state and/or federal law, including Kentucky law.

21.     Plaintiffs' common law claims are barred, in whole or part, by application of the Kentucky Product Liability Act, Ky. Rev. Stat. § 411.300.

22.     Plaintiffs' claims are barred in whole or in part by plaintiffs' contributory/comparative negligence.

23.     Plaintiffs' claims are barred in whole or in part by plaintiffs' failure to mitigate damages.

24.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

25.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs received from collateral sources.

26.     If plaintiffs have been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

27.     Plaintiffs' claims are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.     Plaintiffs' claims are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

29.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE,** Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

### JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

|   |   |   |
|---|---|---|
| 1 |   |   |
| 2 | DATED: April 12, 2022 | Respectfully submitted, |
| 3 |   | SHOOK, HARDY & BACON L.L.P. |
| 4 |   | BY: */s/ Jennise W. Stubbs* |
| 5 |   | Jennise W. Stubbs<br>600 Travis Street, Suite 3400 |
| 6 |   | Houston, TX 77002-2926<br>Telephone:  (713) 227-8008<br>Facsimile:   (713) 227-9508 |
| 7 |   | Email:          jstubbs@shb.com |
| 8 |   | *Attorneys for Defendant*<br>*MONSANTO COMPANY* |

- 11 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC & 3:22-cv-01947

## CERTIFICATE OF SERVICE

I certify that on the 12th day of April, 2022, I electronically transmitted the foregoing **DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs