UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: | **PRETRIAL ORDER NO. 277: DENYING MOTION FOR LEAVE TO AMEND TO ADD NON-DIVERSE PARTIES** |
| *Bundy v. Monsanto Company et al.*, Case No. 20-cv-06345 | |
| | Re: Dkt. No. 14151 |

The plaintiff's motion for leave to amend his complaint to add non-diverse party M&W Supply Co. (M&W) and to remand for lack of diversity jurisdiction is denied. The plaintiff's prior motion for leave to amend to add M&W was denied, and the plaintiff does not identify any new developments that would warrant granting leave now.

The order denying the plaintiff's prior motion for leave to amend explained that while courts generally grant leave to amend freely, a heightened standard applies where a case has been removed and the plaintiff seeks to join an additional defendant whose joinder would destroy subject matter jurisdiction. The order explained that the main factor weighing against granting leave to add M&W was that the plaintiff did not explain the eight-month delay between filing his complaint and seeking to add non-diverse party M&W. This unexplained delay suggested that the plaintiff was attempting to add M&W to defeat jurisdiction.

Approximately two months after the motion to add M&W was denied, the plaintiff filed the currently pending motion, again seeking to add M&W. The current motion is based on new information about M&W. In the prior motion, M&W was described as a dissolved corporation,

but the plaintiff has "discovered new evidence which shows that M&W Supply, Inc. continues to operate under a new corporate entity name, NKC Enterprises, Inc."

The prior order denying leave did note that M&W's status as a dissolved corporation "further undermines the plaintiff's argument for joinder as the plaintiff is unlikely to get any practical relief from M&W."  But the newly discovered fact that M&W continues to operate in corporate form does not move the needle.  The prior order principally rested on the plaintiff's unexplained failure to name M&W as a defendant when he first filed his complaint, and the representation that M&W was a dissolved corporation was only an additional factor that further weighed against granting leave.

In the current motion, the plaintiff does attempt to explain the delay in naming M&W as a defendant.  The plaintiff explains that after he filed his complaint, Monsanto contended that he could not establish that Roundup caused his lymphoma and that "[r]ather than pursue additional claims in light of this contention," the plaintiff focused his efforts for several months on evaluating causation, before evaluating whether claims could be brought against other parties.  The new explanation for the delay is not persuasive.  First, the plaintiff does not explain why he did not provide this explanation in his prior motion.  Second, the explanation does not satisfactorily account for why M&W was not named as a defendant at the outset of the litigation.  The plaintiff alleges that he owned and operated a landscaping business for several years and that he regularly purchased Roundup from M&W during that time.  The plaintiff does not point to any new information suggesting that he only recently determined that M&W may be liable for his injuries.

**IT IS SO ORDERED.**

Dated: April 12, 2022

_____
VINCE CHHABRIA
United States District Judge