**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:   (713) 227-8008
Facsimile:    (713) 227-9508
Email:          jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Richard Galvan v. Monsanto Company et al.*,<br>Case No. 3:22-cv-01889-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in Plaintiff Richard Galvan's Complaint ("Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

1. In response to the allegations in paragraph 1, Monsanto denies that any exposure to Roundup®-branded products can cause non-Hodgkin's lymphoma ("NHL") and other serious illnesses. Monsanto admits that Plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to Plaintiff. Monsanto denies the remaining allegations in paragraph 1.

2. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies those allegations.

3. Monsanto admits the allegations in the first sentence of paragraph 3. In response to the remaining allegations in paragraph 3, Monsanto admits that is registered to do business in California. The remaining allegations in paragraph 3 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

4. The allegations in paragraph 4 set forth conclusions of law for which no response is required. To the extent that a response is required, Monsanto admits the allegations in paragraph 4 based upon the allegations in Plaintiff's Complaint.

5. Monsanto lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 that Plaintiff purchased Roundup®-branded products in California and therefore denies those allegations. The remaining allegations in paragraph 5 set forth conclusions of law for which no response is required.

6. In response to the allegations in the first sentence of paragraph 6, Monsanto admits that it has sold Roundup®-branded products in California. The final sentence in paragraph 6 sets forth conclusions of law for which no response is required. The remaining allegations in paragraph 6 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

7. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations concerning Plaintiff's injury and diagnosis and therefore denies those allegations. The remaining allegations in paragraph 7 set forth conclusions of law for which no response is required.

8. The remaining allegations in paragraph 8 set forth conclusions of law for which no response is required.

9. The remaining allegations in paragraph 9 set forth conclusions of law for which no response is required.

10. Monsanto admits that it was the entity that discovered the herbicidal properties of glyphosate. The remaining allegations in paragraph 10 are vague and ambiguous and Monsanto

lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore denies those allegations.

11. The allegations in paragraph 11 comprise attorney characterizations and are accordingly denied. Monsanto states that the Roundup®-branded products identified by Plaintiff have a variety of separate and distinct uses and formulations.

12. Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in the first sentence of paragraph 12 comprise attorney characterizations and are accordingly denied. Monsanto admits the allegations in the second sentence of paragraph 12. Monsanto generally admits the allegations in the third sentence of paragraph 12, but denies the allegations in the third sentence of paragraph 12 to the extent that plaintiff suggests that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

13. Monsanto admits that it has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 13 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 13.

14. Monsanto admits that it has manufactured seeds that contain the Roundup Ready® trait. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore denies those allegations.

15. In response to the allegations in paragraph 15, Monsanto admits that certain Roundup®-branded herbicides contain POEA and adjuvants, that EPA has classified surfactants and adjuvants as inert, and that the specific surfactants and adjuvants used in Roundup®-branded herbicides — like those in other manufacturers' herbicide products — are protected by EPA as "trade secrets." Monsanto notes that EPA has determined that the surfactants used in Roundup®-

branded herbicides do not pose an unreasonable risk to human health. Monsanto denies the remaining allegations in paragraph 15.

16. Monsanto denies the allegations in paragraph 16.

17. In response to the allegations in paragraph 17, Monsanto states that the cited documents speak for themselves and does not require a response. To the extent that paragraph 17 characterizes the meaning of the cited documents, Monsanto denies the remaining allegations in paragraph 17.

18. Monsanto states that the term "toxic" as used in paragraph 18 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in paragraph 18.

19. Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 19.

20. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies those allegations.

21. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies those allegations.

22. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies those allegations.

23. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies those allegations.

24. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies those allegations.

25. Monsanto denies the allegations in paragraph 25.

26. Monsanto denies the allegations in paragraph 26.

27. Monsanto incorporates by reference its responses to paragraphs 1 through 26 in response to paragraph 27 of Plaintiff's Complaint.

28. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies those allegations.

29. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies those allegations.

30. Monsanto denies the allegations in paragraph 30.

31. Monsanto denies the allegations in paragraph 31.

32. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies those allegations.

33. Monsanto denies the allegations in paragraph 33.

34. Monsanto denies the allegations in paragraph 34.

35. Monsanto denies the allegations in paragraph 35 and each of its subparts.

36. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36 concerning Plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 36, including that Roundup®-branded products have "dangerous characteristics."

37. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 concerning Plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 37, including that Roundup®-branded products have "dangerous characteristics."

38. Monsanto denies the allegations in paragraph 38.

39. Monsanto denies the allegations in paragraph 39.

40. Monsanto denies the allegations in paragraph 40.

41. Monsanto denies the allegations in paragraph 41.

42. Monsanto denies the allegations in paragraph 42.

43. Monsanto denies the allegations in paragraph 43.

44. Monsanto denies the allegations in paragraph 44.

45. Monsanto incorporates by reference its responses to paragraphs 1 through 44 in response to paragraph 45 of Plaintiff's Complaint.

46. Monsanto denies the allegations in paragraph 46.

47. In response to the allegations in paragraph 47, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that Plaintiff or other entities identified, purchased, or used Roundup®-branded products and therefore denies that allegation. The allegations in paragraph 47 also sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 47.

48. The allegations in paragraph 48 set forth conclusions of law for which no response is required.

49. Monsanto denies the allegations in paragraph 49. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

50. Monsanto denies the allegations in paragraph 50.

51. Monsanto denies the allegations in paragraph 51.

52. Monsanto denies the allegations in paragraph 52.

53. Monsanto denies the allegations in paragraph 53.

54. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies those allegations.

55. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55 concerning Plaintiff's alleged use of Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 55, including that Roundup®-branded products have "dangerous characteristics."

56. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56 concerning Plaintiff's alleged use and exposure to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 56, including that Roundup®-branded products have "dangerous characteristics."

| | | |
|---|---|---|
| 1 | 57. | Monsanto denies the allegations in paragraph 57. |
| 2 | 58. | Monsanto denies the allegations in paragraph 58. |
| 3 | 59. | Monsanto denies the allegations in paragraph 59. |
| 4 | 60. | Monsanto denies the allegations in paragraph 60. |
| 5 | 61. | Monsanto denies the allegations in paragraph 61. |
| 6 | 62. | Monsanto denies the allegations in paragraph 62. |
| 7 | 63. | Monsanto denies the allegations in paragraph 63. |

64. Monsanto incorporates by reference its responses to paragraphs 1 through 63 in response to paragraph 64 of Plaintiff's Complaint.

65. The allegations in paragraph 65 set forth conclusions of law for which no response is required.

66. Monsanto denies the allegations in paragraph 66.

67. Monsanto denies the allegations in paragraph 67.

68. Monsanto incorporates by reference its responses to paragraphs 1 through 67 in response to paragraph 68 of Plaintiff's Complaint.

69. The allegations in paragraph 69 set forth conclusions of law for which no response is required.

70. Monsanto denies the allegations in paragraph 70.

71. Monsanto denies the allegations in paragraph 71.

72. Monsanto incorporates by reference its responses to paragraphs 1 through 71 in response to paragraph 72 of Plaintiff's Complaint.

73. Monsanto denies the allegations in paragraph 73.

74. Monsanto denies the allegations in paragraph 74.

75. Monsanto denies the allegations in paragraph 75.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

**SEPARATE AND AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2. Plaintiff's claims are barred in whole because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

7. Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

8.   Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.   Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.   Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims in whole or in part.

12.   Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.   Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.   If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15. Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16. Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff. If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17. Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18. Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the California Constitution, and/or other applicable state constitutions – and would be improper under the common law and public policies of the United States, the laws of California, and/or other states.

19. Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under California law and/or other applicable state laws.

20. Plaintiff's claims for punitive, exemplary, and/or aggravated damages are barred and/or limited by operation of state and/or federal law, including California law.

21. Monsanto's conduct and/or acts were not willful, wanton, malicious, reckless, fraudulent or done with a conscious disregard for the rights of plaintiff and/or the safety of the public. Nor do any of Monsanto's conduct and/or acts demonstrate that Monsanto acted with a high degree of moral culpability. In fact, Monsanto exercised reasonable care at all times alleged in the Complaint, and plaintiff has failed to clearly establish any entitlement to punitive damages based on plaintiff's allegations.

22. Plaintiff's claims are barred in whole or in part by plaintiff's contributory/comparative negligence.

23. Plaintiff's claims are barred in whole or in part by plaintiff's failure to mitigate damages.

24. Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

25. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

26. If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries or damages were not caused by a Monsanto product.

27. Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28. Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

29. Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE,** Defendant Monsanto demands judgment in its favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

### JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED: April 14, 2022                    Respectfully submitted,

                                         SHOOK, HARDY & BACON L.L.P.

|   |   |
|---|---|
| 1 | BY: */s/ Jennise W. Stubbs* |
| 2 | Jennise W. Stubbs |
|   | 600 Travis Street, Suite 3400 |
| 3 | Houston, TX 77002-2926 |
|   | Telephone:  (713) 227-8008 |
| 4 | Facsimile:   (713) 227-9508 |
|   | Email:          jstubbs@shb.com |

*Attorneys for Defendant*
*MONSANTO COMPANY*

- 12 -
MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:22-cv-01889-VC

## CERTIFICATE OF SERVICE

I certify that on the 14th day of April, 2022, I electronically transmitted the foregoing Defendant Monsanto Company's Original Answer to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

> /s/Jennise W. Stubbs
> Jennise W. Stubbs