**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:     (713) 227-8008
Facsimile:     (713) 227-9508
Email:         jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Deborah H. Horner, individually and as Personal Representative of the Estate of William J. Horner v. Monsanto Company, Inc.* | |
| Case No. 3:21-cv-07744-VC | |

**MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), incorrectly identified in the Complaint as "Monsanto Company, Inc.," by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Second Amended Complaint ("Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

1  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of the unnumbered paragraph entitled "Opening Statement" and therefore denies those allegations. Monsanto denies the remaining allegations in the unnumbered paragraph entitled "Opening Statement."

1. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies those allegations.

2. Monsanto denies the allegations in paragraph 2.

3. The allegations in paragraph 3 set forth conclusions of law for which no response is required. To the extent that a response is required, Monsanto admits the allegations in paragraph 3 based upon the allegations in plaintiff's Complaint.

4. In response to the allegations in paragraph 4, Monsanto admits that it is a Delaware corporation with its headquarters and its principal place of business in St. Louis County, Missouri. Monsanto denies the remaining allegations in paragraph 4.

5. The allegations in paragraph 5 are directed at an entity other than Monsanto, so no response from Monsanto is required for these allegations.

6. The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7. In response to the allegations in paragraph 7, Monsanto denies that plaintiff has sustained any damages for which Monsanto is liable. Monsanto admits, however, based upon the allegations in plaintiff's Complaint, that the amount in controversy in this matter exceeds $75,000.

8. The allegations in paragraph 8 set forth conclusions of law for which no response is required.

9. Monsanto admits the allegations in paragraph 9.

10. Monsanto admits the allegations in paragraph 10.

11. The allegations in paragraph 11 are vague, and Monsanto accordingly lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

12. Monsanto admits the allegations in the first sentence of paragraph 12. Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media. Monsanto denies the remaining allegations in paragraph 12.

13. In response to the allegations in paragraph 13, Monsanto admits that the IARC classified glyphosate under Group 2A. Monsanto denies the remaining allegations in paragraph 13.

14. Monsanto denies the allegations in paragraph 14.

15. Monsanto states that the term "toxic" as used in paragraph 15 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in paragraph 15.

16. Monsanto denies the allegations in paragraph 16.

17. Monsanto denies the allegations in paragraph 17.

18. Monsanto denies the allegations in paragraph 18.

19. In response to the allegations in paragraph 19, Monsanto admits its knowledge that the IARC classified glyphosate under Group 2A but denies Plaintiff's characterization of the IARC's monograph and denies that glyphosate is carcinogenic.

20. Monsanto states that the term "toxic" as used in paragraph 20 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in paragraph 20.

21. Monsanto denies the allegations in paragraph 21.

22. Monsanto denies the allegations in paragraph 22.

23. In response to the allegations in paragraph 23, Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

24. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies those allegations.

25. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies those allegations.

26. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies those allegations.

27. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies those allegations.

28. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies those allegations.

29. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies those allegations.

30. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies those allegations.

31. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies those allegations.

32. Monsanto denies the allegations in paragraph 32.

33. Monsanto denies the allegations in paragraph 33.

34. Monsanto incorporates by reference its responses to paragraphs 1 through 33 in response to paragraph 34 of plaintiff's Complaint.

35. Monsanto denies the allegations in paragraph 35.

36. Monsanto denies the allegations in paragraph 36.

37. The allegations in paragraph 37 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

38. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies those allegations.

39. Monsanto denies the allegations in paragraph 39.

40. Monsanto denies the allegations in paragraph 40.

41. Monsanto incorporates by reference its responses to paragraphs 1 through 40 in response to paragraph 41 of plaintiff's Complaint.

42. Monsanto denies the allegations in paragraph 42.

43. Monsanto denies the allegations in paragraph 43. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

44. Monsanto denies the allegations in paragraph 44. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

45. Monsanto denies the allegations in paragraph 45.

46. The allegations in paragraph 46 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

47. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies those allegations.

48. Monsanto denies the allegations in paragraph 48.

49. Monsanto denies the allegations in paragraph 49.

50. Monsanto incorporates by reference its responses to paragraphs 1 through 49 in response to paragraph 50 of plaintiff's Complaint.

51. In response to the allegations in paragraph 51, Monsanto states that the phrase "directly or indirectly" is vague and ambiguous and that Monsanto lacks information or knowledge sufficient to form a belief as to the truth of those allegations and therefore Monsanto denies those allegations in paragraph 51.

52. The allegations in paragraph 52 set forth conclusions of law for which no response is required.

53. Monsanto denies the allegations in paragraph 53.

54. Monsanto denies the allegations in paragraph 54.

55. Monsanto denies the allegations in paragraph 55.

56. Monsanto denies the allegations in paragraph 56.

57. Monsanto denies the allegations in paragraph 57. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

58. Monsanto denies the allegations in paragraph 58.

59. Monsanto denies the allegations in paragraph 59 and each of its subparts.

60. Monsanto denies the allegations in paragraph 60.

61. Monsanto denies the allegations in paragraph 61. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

62. The allegations in paragraph 62 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

63. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies those allegations.

64. Monsanto denies the allegations in paragraph 64.

65. Monsanto denies the allegations in paragraph 65.

66. Monsanto incorporates by reference its responses to paragraphs 1 through 65 in response to paragraph 66 of plaintiff's Complaint.

67. Monsanto denies the allegations in paragraph 67.

In response to the allegations in the unnumbered section entitled "Requested Relief," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

**SEPARATE AND AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6. Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco,* 275 F.3d 1199 (9th Cir. 2002).

7. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8. Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims in whole or in part.

12. Applicable statutes of limitations and/or repose, or prescriptive periods, bar plaintiff's claims in whole or in part.

13. Decedent's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14. If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15. Monsanto had no legal relationship or privity with plaintiff and owed no duty to her by which liability could be attributed to it.

16. Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

17. Plaintiff's claims for punitive damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the South Dakota Constitution, and/or other applicable state constitutions.

18. Plaintiff's claims for punitive damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under South Dakota law and/or other applicable state laws.

19. Plaintiff's claims for punitive damages are barred and/or limited by operation of state and/or federal law, including South Dakota law.

20. Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff and/or decedent. If any such warranties were made, which Monsanto specifically denies, then plaintiff and/or decedent failed to give notice of any breach thereof.

21. Plaintiff's claims are barred in whole or in part by decedent's contributory/comparative negligence.

22. Plaintiff's claims are barred in whole or in part by decedent's failure to mitigate damages.

23. Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff and/or decedent receive from collateral sources.

25. If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries or damages were not caused by a Monsanto product.

26. Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

27. Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

28. Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE,** Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED: April 22, 2022                    Respectfully submitted,

                                                                  SHOOK, HARDY & BACON L.L.P.

                                                                  BY: */s/ Jennise W. Stubbs*
                                                                         Jennise W. Stubbs
                                                                         600 Travis Street, Suite 3400
                                                                         Houston, TX 77002-2926
                                                                         Telephone:   (713) 227-8008
                                                                         Facsimile:   (713) 227-9508
                                                                         Email:         jstubbs@shb.com

                                                                 *Attorneys for Defendant*
                                                                 *MONSANTO COMPANY*

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of April, 2022, I electronically transmitted the foregoing **MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs