U.S. District Court
California Northern District (San Francisco)

CASE #: 3:16-md-02741-VC

**JEANETTE GARAVITO DALLEN**
as the Personal Representative of the
Estate of: DALLEN, RUSSELL M, JR.
on behalf of the Estate and Survivors,

    Plaintiff,

v.

**MONSANTO COMPANY,**

    Defendants,
_____/

## PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND REPLY/AVOIDANCE OF AFFIRMATIVE DEFENSES

PLAINTIFF, Dallen by and through the undersigned attorney, hereby moves this Court, pursuant to F.R.C.P. 12(f), to strike DEFENDANT, Monsanto's Affirmative Defenses, and reply/avoidance of the affirmative defenses pursuant to F.R.C.P. 8, on the following grounds:

### I. PROCEDURAL HISTORY

On March 18, 2022, Plaintiff filed this action alleging Strict Liability (Design Defect), Strict Liability (Failure to Warn), Negligence, Negligent Misrepresentation and/or Fraud, and Wrongful Death (Wrongful Acts). On or about April 12, 2022, Defendant filed its answer and affirmative defenses in which they alleged twenty-nine (29) affirmative defenses.

### II. APPLICABLE PRINCIPLES AND LAW

A party may move to strike pursuant to Rule 12(f) of the Federal Rules "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." *Royal Palm Sav. Ass'n v. Pine*

*Trace Corp.,* 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (quoting *Fla. East Coast Railway Co. v. Peters,* 72 Fla. 311, 73 So. 151 (Fla. 1916)). Thus, affirmative defenses are pleadings, and as a result, must comply with all the same pleading requirements applicable to complaints. See *Home Management Solutions, Inc. v. Prescient, Inc.,* 2007 WL 2412834, at *1 (S.D. Fla. Aug. 27, 2007). Affirmative defenses must also follow the general pleading standard of Fed. R. Civ. P. 8(a), which requires a "short and plain statement" of the asserted defense. See *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). A defendant must admit the essential facts of the complaint and bring forth other facts in justification or avoidance to establish an affirmative defense. *See id.*

"The striking of an affirmative defense is a 'drastic remedy' generally disfavored by courts." *Katz v. Chevaldina,* 2013 WL 2147156, at *2 (S.D. Fla. May 15, 2013) (citations omitted); see also *Blount v. Blue Cross & Blue Shield of Florida, Inc.,* 2011 WL 672450, at *1 (M.D. Fla. Feb. 17, 2011) ("Striking a defense . . . is disfavored by the courts."); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry,* LLC, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010). But, **a "defendant must allege some additional facts supporting the affirmative defense."** [Emphasis added]. *Cano v. South Florida Donuts, Inc.,* 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010). **Affirmative defenses will be stricken if they fail to recite more than bare-bones conclusory allegations** [emphasis added]. See *Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys*., 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 684 (M.D. Fla. 2002)). "An affirmative defense may also be stricken as insufficient if: "'(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" Katz, 2013 WL 2147156, (citing *Blount v. Blue Cross and Blue Shield of Fla., Inc.*, 2011 WL 672450 (M.D. Fla. Feb. 17, 2011)).

**"Furthermore, a court must not tolerate shotgun pleadings of affirmative defenses and should strike vague and ambiguous defenses** *which do not respond to any particular count, allegation or legal basis of a complaint***"** [emphasis added]. *Morrison v. Exec. Aircraft Refinishing, Inc.,* 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). An affirmative defense should only be stricken with prejudice when it is insufficient as a matter of law. See *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F. 2d 1045, 1057 (5th Cir. 1982) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.,* 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). Otherwise, district courts may strike the technically deficient affirmative defense without prejudice and grant the defendant leave to amend the defense. Microsoft Corp., 211 F.R.D. at 684.

As to denials/avoidances of affirmative defenses pursuant to F.R.C.P. 8, the procedure is set forth in this rule.

### III. RECENT DECIDED CASES PERTINENT TO ISSUES IN THESE MOTIONS

The Ninth Circuit affirmed a Roundup herbicide judgment in favor of the plaintiff, Edwin Hardeman, in a bellwether trial lawsuit. *Hardeman v. Monsanto Co*., No. 19-16253 (9th Cir. Oct. 28, 2020). The panel held that the California Northern District Court properly ruled that the carcinogenic risk of glyphosate, the active ingredient, was known at the time the plaintiff was using Roundup.

<u>The court further unanimously determined that the plaintiff's failure to warn allegations are not preempted by the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA) and that the laws are equivalent and consistent.</u> The court added, "because Monsanto could comply with both FIFRA and California law, FIFRA did not impliedly preempt Hardeman's state failure-to-warn claims." Hardeman reportedly used Roundup frequently to address weeds on his large property. He purported that the company should have provided warnings about the risks of using the pesticide.

The plaintiff developed non-Hodgkin's lymphoma, which he alleged was due to his use of Roundup. The Ninth Circuit panel held in favor with the district court regarding the award of punitive damages (although the court did reduce the amount of punitive damages ruling that the $75 million was excessive.)

The Court also properly upheld the reliance on the World Health Organization's classification of <u>glyphosate as a probable carcinogen.</u>

The appeal presented one of the hottest legal issues of the day: whether EPA's approval of glyphosate (Roundup's active ingredient), and the agency's industry-influenced (and highly dubious) position that glyphosate does not cause cancer, preempts out a personal-injury victim's right to recover damages from a wrongdoing corporation. The court rejected this claim.

<u>In May 2021, the Ninth Circuit held that EPA's approval of a pesticide label does not immunize a manufacturer from liability in the tort system. And it affirmed the jury's finding that Roundup caused Hardeman's cancer.</u>

## IV. PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

### A. AFFIRMATIVE DEFENSES NUMBERS 1-10, 13, 14, 19, 20, 21-29 ARE INSUFFICIENT DEFENSES.

1.  As discussed immediately above, the Ninth Circuit findings and rulings in the Hardeman case preempts all allegations raised in Defendant's affirmative defenses and should be stricken as insufficient defenses and considered denials.

2.  Affirmative defenses one through ten (1-10), thirteen (13), fourteen (14), nineteen (19), twenty (20) and twenty-one through twenty-nine (21-29) are insufficient defenses. These affirmative defenses are mere denials and not affirmative defenses, they are redundant of the Answers filed by Defendant and should be stricken. See *Texidor v. E.B. Aaby's Rederi A/S*, 354 F. Supp. 306 (D.C.P.R. 1972).

### B.  AFFIRMATIVE DEFENSES NUMBERS 2, 3, 4, 6, 10, 12, 13, 14, 19-29 HAVE NO JUSTIFICATION

Affirmative defenses two (2), three (3), four (4), six (6), ten (10), twelve (12), thirteen (13), fourteen (14), and nineteen through twenty-nine (19-29) have no justification in this case. Statements that are "mere conclusion[s] not supported by any specific allegation of facts" and are merely bare bones allegations and should be stricken. *Chirs Craft Indus., Inc. v. Van Valkenberg*, 267 So. 2d 642, 645 (Fla. 1972).

### C.  AFFIRMATIVE DEFENSES 12, 15, 16, 18 HAVE NO POSSIBLE RELATION TO THE CONTROVERSY

Affirmative defenses twelve (12), fifteen (15), sixteen (16), and eighteen (18) are allegations that have no possible relation to the controversy. Affirmative defense twelve (12) (claiming statute of limitations and repose), affirmative defense fifteen (15) (no privity between the parties), affirmative defense number sixteen (16) (no warranties, express or implied, between the parties and no breach of same), and affirmative defense number eighteen (18) (Freedom of Speech clause preempts/bars claims of plaintiff), which are all utterly irrelevant and not material in this case and should be stricken.

### D. AFFIRMATIVE DEFENSES 1, 2, 10, 12, 15, 20 ARE PATENTLY FRIVOLOUS

Affirmative defenses one (1), two (2), ten (10), twelve (12), fifteen (15), and twenty (20) are patently frivolous due to not having any possible relation to the subject controversy and have no factual or legal basis which can support an affirmative defense in this case and should be stricken.

### E.  AFFIRMATIVE DEFENSES 12 AND 15 ARE INVALID AS A MATTER OF LAW

Affirmative defenses twelve (12), and fifteen (15) are invalid as a matter of law due to no relevant factual or legal basis. Affirmative defense number twelve (12) alleges claiming statute of limitations and repose without any factual or legal basis and affirmative defense number fifteen (15) claims no privity between the parties. Both claims are patently improper affirmative defenses as discussed above and should be stricken.

### F. AFFIRMATIVE DEFENSES 1-5, 7-29 ARE SHOTGUN PLEADINGS

Affirmative defenses one through five (1-5), and seven through twenty-nine (7-29) are patently shotgun pleadings with no factual support and do not reference which count in Plaintiff Complaint they are specifically directed and should be stricken.

### G. AFFIRMATIVE DEFENSES 1-7, AND 9-29 ARE VAGUE AND AMBIGUOUS

Affirmative defenses one through seven (1-7) and nine through twenty-nine (9-29) are vague and ambiguous. These affirmative defenses must be stricken due to the fact that they are each only one sentence long, conclusory, and fail to allege a plausible defense as required under *Twombly*.

### H. AFFIRMATIVE DEFENSES 1-29 MUST RESPOND TO A PARTICULAR COUNT

Affirmative defenses one through twenty-nine (1-29) must respond to a particular count in the Complaint and therefore legally insufficient and should be stricken.

### I. AFFIRMATIVE DEFENSES 1-29 BARE BONES CONCLUSORY ALLEGATIONS

Affirmative defenses one through twenty-nine (1-29) are bare bones conclusory allegations and do not allege additional facts in support of affirmative defenses. "Affirmative defenses are pleadings

and, therefore, are subject to all pleading requirements." *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989). "'Bare bones conclusory allegations' without a short and plain statement setting forth each element of the claimed defense are insufficient as a matter of law." Heller, at 1294-1295. These Affirmative Defenses should be stricken.

### J. AFFIRMATIVE DEFENSE NUMBER 6 THE CASE CITED IS APPLICABLE IN LAW AND FACT IN THIS CASE

Affirmative defense number six (6) and the cases cited are inapplicable in law and fact in this case based upon the Hardeman case. This affirmative defense should be stricken.

### V. PLAINTIFF'S REPLY AND AVOIDANCE OF DEFENDANT'S AFFIRMATIVE DEFENSES

The Plaintiff denies each and every affirmative defense claimed by Defendant and raises avoidance to those affirmative defenses set forth in the above Motion to Strike Defendant's Affirmative Defenses for those reasons and grounds more fully set forth therein.

Dated: May 2, 2022.

    Respectfully Submitted,

**SPITTLER & ASSOCIATES, P.A.**
**/s/John J. Spittler, Jr.**
JOHN J. SPITTLER, JR.
FBN: 194894
1865 Brickell Avenue, TH-5
Miami, Florida 33129
Telephone: (305) 860-9991
E-Mail: jjs@spittlerlaw.com