UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

_____

MDL No. 2741

Case No. 16-md-02741-VC

This document relates to:

*Randall L. Zuiderveen, et al. v. Monsanto Co*.,
Case No. 3:20-cv-00582-VC

Adam J. Brody (P62035)
Brion B. Doyle (P67870)
Seth B. Arthur (P82033)
VARNUM LLP
Attorneys for Plaintiff
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
ajbrody@varnumlaw.com
bbdoyle@varnumlaw.com
sbarthur@varnumlaw.com

Eric G. Lasker (*pro hac vice*)
Heather Pigman (*pro hac vice*)
John Kalas (*pro hac vice*)
HOLLINGSWORTH LLP
Attorneys for Defendant Monsanto Co.
1350 I St. NW
Washington, DC 20005
(202) 898-5843
elasker@hollingsworthllp.com
hpigman@hollingsworthllp.com
jkalas@hollingsworthllp.com

Brian L. Stekloff (*pro hac vice*)
Rakesh Kilaru (*pro hac vice*)
WILKINSON STEKLOFF LLP
Attorneys for Defendant Monsanto Co.
2001 M St. NW, 10th Floor
Washington, DC 20036
(202) 847-4030
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com

Daniel Pariser (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
Attorneys for Defendant Monsanto Co.
555 12th St. NW
Washington, DC 20004
(202) 942-5000
daniel.pariser@arnoldporter.com

Anthony Martinez (*pro hac vice*)
SHOOK, HARDY & BACON LLP
Attorneys for Defendant Monsanto Co.
2555 Grand Blvd.
Kansas City, MO 64108
(816) 559-2683
amartinez@shb.com

**NOTICE OF MOTION AND MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B) AND [PROPOSED] ORDER**

**TO THE CLERK OF THIS COURT AND ALL PARTIES OF RECORD:**

                                            Date:       July 7, 2022
                                            Time:       2:30 p.m.
                                            Courtroom:  Courtroom 4
                                            Via Zoom at ID: 161 285 7657
                                            Password:   547298
                                            Judge Assigned:  Vince Chhabria

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, as soon as counsel may be heard, via Zoom in Courtroom 4, United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, 94102, Randall L. Zuiderveen, by and through counsel, will bring on for hearing Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b), on July 7, 2022, at 2:30 p.m., asking the Court to vacate its May 16, 2022 Order Dismissing Cases with Prejudice for Failure to Comply with PTO No. 270, with regard to Plaintiff Zuiderveen only.

Movants' Motion is based on this Notice of Motion, the accompanying brief, the exhibit attached thereto, and any additional argument and evidence this Court may consider.

Plaintiff Randall Zuiderveen, by and through his counsel, Varnum LLP, hereby submits his Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) and requests that this Honorable Court vacate its May 16, 2022 Order Dismissing Cases with Prejudice for Failure to Comply with PTO No. 270, with regard to Plaintiff Zuiderveen only.  In support of this motion, Plaintiff relies on the accompanying brief, which is incorporated herein by reference. A proposed Order is attached as **Exhibit A.**

Respectfully Submitted,

Date: June 2, 2022

*/s/ Brion B. Doyle*
Brion B. Doyle (P67870)
VARNUM LLP
Attorneys for Plaintiff
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

_____

MDL No. 2741

This document relates to:

*Randall L. Zuiderveen, et al. v. Monsanto Co*.,
Case No. 3:20-cv-00582-VC

Adam J. Brody (P62035)
Brion B. Doyle (P67870)
Seth B. Arthur (P82033)
VARNUM LLP
Attorneys for Plaintiff
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
ajbrody@varnumlaw.com
bbdoyle@varnumlaw.com
sbarthur@varnumlaw.com

Eric G. Lasker (*pro hac vice*)
Heather Pigman (*pro hac vice*)
John Kalas (*pro hac vice*)
HOLLINGSWORTH LLP
Attorneys for Defendant Monsanto Co.
1350 I St. NW
Washington, DC 20005
(202) 898-5843
elasker@hollingsworthllp.com
hpigman@hollingsworthllp.com
jkalas@hollingsworthllp.com

Brian L. Stekloff (*pro hac vice*)
Rakesh Kilaru (*pro hac vice*)
WILKINSON STEKLOFF LLP
Attorneys for Defendant Monsanto Co.
2001 M St. NW, 10th Floor
Washington, DC 20036
(202) 847-4030
bstekloff@wilkinsonstekloff.com
rkilaru@wilkinsonstekloff.com

Daniel Pariser (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
Attorneys for Defendant Monsanto Co.
555 12th St. NW
Washington, DC 20004
(202) 942-5000
daniel.pariser@arnoldporter.com

Anthony Martinez (*pro hac vice*)
SHOOK, HARDY & BACON LLP
Attorneys for Defendant Monsanto Co.
2555 Grand Blvd.
Kansas City, MO 64108
(816) 559-2683
amartinez@shb.com

**BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)**

I.  **INTRODUCTION**

This case brought on behalf of the Estate of Merle Zuiderveen, by his son Randall Zuiderveen, was recently dismissed pursuant to this Court's Pretrial Order No. 270 ("Order 270"). That Order related to participation in the Court's required settlement program, which was mandated by the Court Pretrial Order No. 240 ("Order 240"). Importantly, Plaintiff did, in fact, attempt to participate in the program, but was told his claim was not eligible because of the type of cancer with which Merle Zuiderveen had been diagnosed. Plaintiff and Plaintiff's counsel believed that was the end of the issue as it related to Plaintiff's claim, as far as the settlement program was concerned.

For some reason, Plaintiff's claim was included in Order 270, despite his prior efforts to comply with Order 240. Given their prior, rejected efforts to participate in the settlement program, Plaintiff and Plaintiff's counsel inadvertently failed to note that Plaintiff's case had been identified in Order 270, and therefore did not file a statement regarding the claim's ineligibility for the program. This mistake was entirely accidental and of no substantive effect, given that the claim had initially been submitted to the program, only to be rejected. Neither Plaintiff nor Plaintiff's counsel acted willfully, intentionally, or in bad faith when failing to meet the deadline imposed by the Court, and timely compliance with Order 270 would have consisted of nothing more than a one sentence statement that the claim had been deemed ineligible, despite initial efforts to include that claim in the settlement program.

The Federal Rules of Civil Procedure provide for relief from a judgment entered for failing to meet a procedural deadline. This relief can be sought due to mistake, inadvertence, surprise, or excusable neglect, and should be liberally applied in order to ensure a case can be decided on the merits. Plaintiff has diligently pursued his claims against Defendant. Plaintiff has satisfied all

other requirements and had met each deadline set by the Court until he inadvertently missed Order 270. Plaintiff deeply regrets the mistake regarding Order 270, but assures the Court that Plaintiff's failure to submit the written response was just that – an inadvertent mistake. Upon analysis of the factors for relief from a judgment under Rule 60(b), it is evident that Plaintiff's failure to meet the deadline imposed by the Court constitutes excusable neglect, and the Plaintiff should be granted relief from the dismissal.

Accordingly, Plaintiff seeks relief from the dismissal of his case under Federal Rule of Civil Procedure 60(b).

## II. BACKGROUND

The Monsanto litigation involves thousands of individual cases alleging that Defendant's Product, RoundUp, caused the plaintiffs to develop cancer. In order to manage the number of cases against Defendant in this Multi-District Litigation, the Court appointed a Special Master, Ken Feinberg, to establish a program to allow plaintiffs to receive settlement offers (the "Settlement Program"), and ordered each plaintiff to participate in the Settlement Program in Order 240. The settlement offers made by Mr. Feinberg are binding on Defendant. The plaintiffs can choose to either accept or reject an offer, and the offers are not further negotiable once Mr. Feinberg conducts his analysis and makes an offer. Pursuant to Order 240, "[e]very current and future plaintiff in this MDL who has not already reached a settlement with Monsanto is ordered to participate in the program."

Plaintiff has diligently pursued his claims and complied with the procedural requirements imposed by the Court throughout this litigation, including Order 240. In an attempt to comply with Order 240, Plaintiff sent correspondence to Mr. Feinberg requesting to be added to the Settlement Program. *See* 10/15/21 Correspondence, **Ex. B**. However, Plaintiff was told that his

claim was not eligible for the Settlement Program due to the specifics of his diagnosis. Plaintiff's diagnosis was for myeloma and colon cancer, instead of an NHL diagnosis that is required for participation in the Settlement Program. Because he was told that he was ineligible for the Settlement Program, Plaintiff believed his obligations under Order 240 were satisfied and he continued prosecuting his lawsuit accordingly.

Plaintiff's counsel represents numerous clients in this MDL suit against Defendant. Each of the other clients successfully submitted the requested information to Mr. Feinberg for purposes of the Settlement Program. Plaintiff's Counsel, based on their communications with Mr. Feinberg, believed that they had satisfied the participation requirements in the Settlement Program. In fact, Plaintiff's counsel fully believed that <u>all</u> of their clients had participated in the Settlement Program to the extent possible and were in compliance with Order 240.

Plaintiff's counsel received Order 270, which provided a long list of plaintiffs in this Multi-District Litigation that had failed to participate in the Settlement Program and gave those plaintiffs "21 days to file a written response" explaining their failure to participate in the Settlement Program. However, believing all of their clients had participated in the Settlement Program or contacted Mr. Feinberg directly regarding their eligibility, Plaintiff's counsel inadvertently failed to note that one of their many clients, Plaintiff, had been identified by the Court in Order 270.

Plaintiff continued to diligently pursue his case. In fact, Plaintiff's counsel only learned that the requirements of Order 270 had been inadvertently missed when told by opposing counsel that his case had been dismissed as they communicated regarding the previously scheduled deposition of a treating physician. Plaintiff's counsel immediately verified opposing counsel's statements and began preparation of this motion to explain the circumstances surrounding the mistake and

misunderstanding. The order dismissing Plaintiff's case with prejudice was entered on May 16, 2022. Plaintiff brings this motion approximately two weeks after entry of the dismissal.

## III.  STANDARD OF REVIEW

Federal Rule 60(b) grants district courts discretion to relieve a party from a judgment or order for reason of "mistake, inadvertence, surprise, or excusable neglect," provided that the party moves for such relief not more than a year after the judgment was entered. Rule 60(b) guides the balance between the preference of deciding cases on the basis of their legal and factual merits and the interest of the Court in the finality of judgments. *Pena v. Seguros La Comercial*, 770 F.2d 811, 814 (9th Cir. 1985). Rule 60(b) strikes this balance "by limiting both the reasons for which relief from a judgment may be granted, and the time in which a party may seek relief, while at the same time providing district courts with discretion within those limits to undo the finality of judgments in order to reach the merits of questions[.]" *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001).

Rule 60(b) is "remedial in nature and . . . must be liberally applied." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984). Additionally, the entry of judgment for failing to meet a procedural deadline is "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* at 463. "[D]efault judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *New Gen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)).

The three factors that govern relief from a judgment under Rule 60(b) are: "whether the [party's] culpable conduct led to the default; whether the [party] has a meritorious defense; and whether reopening the default judgment would prejudice the [opposing party]." *Falk*, 739 F.2d at 463; *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988); *Feliciano v.*

*Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982) (identifying the factors that constitute "good cause" which govern relief from a judgment under Rule 60(b)).  The determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

IV.   **ARGUMENT**

    **A. Culpable Conduct**

Plaintiff's missing the deadline to file the written response ordered by the Court was the result of inadvertence and excusable neglect, and is not the result any culpable conduct on the part of Plaintiff.  "[A] defendant's conduct is culpable if [it] has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Grp.*, 244 F.3d at 697.  "Intentional" in this sense means "willful, deliberate, or evidence of bad faith."  *Id.*  (quoting *American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)).  On the other hand, the concept of "excusable neglect . . . is a general equitable one, not necessarily reserved for extraordinary circumstances, and takes account of factors such as 'prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *TCI Grp.*, 244 F.3d at 696 (quoting *Pioneer*, 507 U.S. 380, 395).  As noted by the Supreme Court in *Pioneer*, "excusable neglect" covers negligence by the party or counsel.  *Pioneer*, 507 U.S. at 395.  Neglectfully failing to meet a procedural deadline for which the party "offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional'" and "is therefore

not necessarily . . . culpable or inexcusable." *TCI Grp.*, 244 F.3d at 697-98.  "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *Thompson v. American Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (quoting *INVST Financial Group, Inc. v. Chem–Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)).

As explained above, Plaintiff's counsel represents numerous clients in this MDL suit against Defendant.  Plaintiff's counsel diligently ensured that each of their clients participated in the Settlement Program to the extent possible, including Plaintiff Zuiderveen.  For that reason, Plaintiff's counsel did not foresee any of their clients being named in Order 270.  An oversight was made during review of Order 270, and neither Plaintiff nor Plaintiff's counsel realized that his claim had been identified as a party that did not participate in the Settlement Program.

Nothing in the circumstances of this case suggest that Plaintiff was deliberately attempting to manipulate the legal system, or that Plaintiff's failure to file the written response was willful, deliberate, or evidence of bad faith.  Plaintiff was not attempting to take advantage of Defendant in any way, nor is it even evident why failing to file a written response to Order 270 would hinder Defendant's defense.  Again, as noted above, compliance with Order 270 would have indicated a rejected attempt to comply with Order 240, and nothing more.

The failure to file the written response was clearly the result of an inadvertent, mistaken oversight of the procedural deadline imposed upon Plaintiff by the Court.  Plaintiff concedes that he *should have known* about the obligation to file the written response identified in Order 270.  However, the reason Plaintiff failed to meet the procedural deadline was because he *did not know* he was identified in the Order.  There is no culpable motivation for Plaintiff's failure to provide the written response.

An analysis of each factor set forth in *Pioneer* – the danger of prejudice to the opposing party, the length of the delay and its potential impact on the proceedings, the reason for the delay, and whether the movant acted in good faith – demonstrates that Plaintiff's neglect was excusable. Excusable neglect is clearly identified as a ground for relief from a judgment in Rule 60(b). Accordingly, the judgment should be vacated and Plaintiff should be allowed to pursue the merits of his case.

### B. Meritorious Claim

Entry of judgment for failing to meet a procedural deadline is "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk*, 739 F.2d at 463. The burden on the party to present facts that would constitute a meritorious claim or defense is not extraordinarily heavy. *TCI Grp.*, 244 F.3d at 700.

Here, Plaintiff's case involves the death of his father from cancer due to exposure to RoundUp. Plaintiff has evidence that his father was diagnosed with myeloma and colon cancer. Plaintiff has evidence supporting that exposure to RoundUp can lead to the development of cancer in those exposed. Plaintiff has evidence that his father was exposed to RoundUp prior to developing cancer. Plaintiff is in discussions with an expert witness regarding proof of causation. There is no doubt that Plaintiff credibly states a claim for recovery against Defendant on the merits. Plaintiff deserves to have his case tried on the merits, and should not be punished with dismissal of his claim due to a good faith mistake resulting in his failure to meet a procedural deadline.

### C. Prejudice to Opposing Party

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp.*, 244 F.3d at 701. Rather, "the standard is whether [the opposing party's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463. To be

prejudicial to the opposing party, the delay caused by the dismissal "must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson*, 95 F.3d at 433–34. "It should be obvious why merely being forced to litigate on the merits cannot be considered prejudicial" for purposes of granting relief from a judgment under Rule 60(b). *TCI Grp.*, 244 F.3d at 701. There is no prejudice to the opposing party simply because that party loses a quick victory due to an opponent's procedural default. *Bateman v. United States Postal Service*, 231 F.3d 1220 (9th Cir. 2000). The procedural safeguard against prejudice contained in Rule 60(b) is the one year limit on bringing a motion for relief. Fed. R. Civ. Pro. 60(b) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

    Here, the order dismissing Plaintiff's case with prejudice was entered on May 16, 2022. Plaintiff brings this motion approximately two weeks after entry of the dismissal, and immediately upon being informed of the mistake made in missing the deadline imposed by the Order. There is no legitimate argument that this delay imposes a tangible harm on Defendant. Certainly no loss of evidence or discovery difficulties would be caused by this approximately two-week delay in the litigation. Additionally, Defendant is still litigating thousands of identical claims in this Multi-District Litigation. While it is clearly established that the burden of being forced to litigate on the merits cannot be considered prejudicial regardless, in this unique situation, being forced to litigate on the merits does not even place <u>any</u> burden on Defendant at all. Allowing Plaintiff to try his case on the merits would not impose any prejudice on Defendant. Each factor analyzed to determine whether relief from the judgment is appropriate weighs in favor of granting Plaintiff's request for relief.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court vacate the Order Dismissing Cases with Prejudice for Failure to Comply with PTO No. 270, with regard to Plaintiff's case only, and allow the case to continue toward resolution on the merits.

Respectfully Submitted,

Date:  June 2, 2022                              */s/ Brion B. Doyle*
                                                 Brion B. Doyle (P67870)
                                                 VARNUM LLP
                                                 Attorneys for Plaintiff
                                                 Bridgewater Place, P.O. Box 352
                                                 Grand Rapids, MI 49501-0352
                                                 (616) 336-6000

**AFFIDAVIT**

I, Brion B. Doyle, declare under the penalties of perjury that this Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) and Brief in Support have been examined by me and that its contents are true to the best of my information, knowledge, and belief.

Date: June 2, 2022.

Brion B. Doyle

19594809.1