**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
Gregory S. Chernack (*pro hac vice forthcoming*)
(gchernack@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax: 202-682-1639

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax: 202-942-5999

*Attorneys for Defendant*
*MONSANTO COMPANY*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: | **DEFENDANT MONSANTO COMPANY'S MOTION TO COMPEL PLAINTIFFS' DISCOVERY RESPONSES.** |
| ALL WAVE IV CASES | Hearing Date: July 14, 2022<br>Time: 2:30pm Pacific |

MONSANTO COMPANY'S MOTION TO COMPEL PLAINTIFFS' RESPONSES TO
MONSANTO'S DISCOVERY REQUESTS

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT** beginning on July 14, 2022 in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will present its Motion to Compel Plaintiffs' Discovery Responses. Monsanto seeks an order compelling Plaintiffs to provide responses to Monsanto's various discovery requests.

DATED:  June 17, 2022

William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax:  202-942-5999

Respectfully submitted,

/s/ *Eric G. Lasker*
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
Gregory S. Chernack (*pro hac vice forthcoming*)
(gchernack@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax:  202-682-1639

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
WILKINSON STEKLOFF LLP
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax:  202-847-4005

*Attorneys for Defendant Monsanto Company*

## Table of Contents

**INTRODUCTION AND ISSUES TO BE DECIDED** ........................................................... 1

**ARGUMENT** ................................................................................................................... 1

    **SPECIFIC DEFICIENCIES** ................................................................................ 2

        **Plaintiff Counsel**: O'Brien Law ............................................................................ 2

        **Plaintiff Counsel**: Blincow Griffin Law Firm ...................................................... 5

        **Plaintiff Counsel**: Mussin & Scanland ................................................................. 5

        **Plaintiff Counsel**: Ralph Applegate (pro se) ........................................................ 8

**CONCLUSION** ............................................................................................................... 9

**INTRODUCTION AND ISSUES TO BE DECIDED**

In accordance with Federal Rules of Civil Procedure 33, 34, and 36, Monsanto Company served discovery on plaintiffs in MDL Wave IV matters in November and December 2021, including Requests for Admission, Requests for Responses to Interrogatories, Requests to Permit Entry Upon Land, and Requests for Inspection of Tangible Goods (the "Requests"). These Requests sought, among other things, to determine details regarding each plaintiff's exposure to Roundup products and other alleged carcinogens. Although this discovery seeks relevant information, many plaintiffs failed to answer some or all of it. Monsanto therefore requests the Court compel plaintiffs to provide responses to Monsanto's discovery requests within one week of the Court's ruling. If a plaintiff fails to provide a response or a legitimate basis for not providing a response, Monsanto reserves the right to move to dismiss that plaintiff's complaint for failure to comply with discovery obligations.

**ARGUMENT**

Monsanto's Requests sought from Plaintiffs, among other things, information pertaining to their exposures to Roundup and other alleged carcinogens. This discovery is needed for Monsanto to understand the bases of the plaintiffs' claims and to inform its experts' opinions regarding how much Roundup and other alleged carcinogens plaintiffs were exposed to and the nature of the exposure. For example, Request for Admission No. 4 reads, "Admit that you have no DOCUMENTS showing that YOU ever purchased ROUNDUP®-BRANDED PRODUCTS," seeking information that would support or undermine a contention that a plaintiff actually used Roundup. Interrogatory No. 3 asks the plaintiff to "IDENTIFY all diaries, calendars, journals,

logs, videos, letters, and other DOCUMENTS or materials prepared by anyone describing, discussing, explaining or referring to the purchase, use, handling, storage, transportation, or application of the ROUNDUP®-BRANDED PRODUCTS to which YOU have been exposed," again seeking to substantiate whether and how much Roundup a plaintiff actually used. Other requests pertaining to use of or exposure to non-Roundup products or substances, *see, e.g.*, Monsanto's First Set of Interrogatories, Interrog. No. 1, are relevant to whether other substances could have caused a plaintiff's injury.

## I. SPECIFIC DEFICIENCIES

Thirteen Wave IV plaintiffs represented by three law firms have failed to respond to at least some of Monsanto's Requests. Deficient plaintiffs are discussed on a counsel-by-counsel basis.

    a. **Plaintiff Counsel**: O'Brien Law[1]

**Discovery Served**: December 8, 2021
**Responses Due**: January 7, 2022; Extension: February 7, 2022
**Responses Served**: February 7, 2022
**Monsanto Follow-up**: January 6, 2022

**Deficiencies**:

Plaintiffs have failed to provide sufficient responses to Monsanto's Requests for Responses to Interrogatories and certain Requests for Admission.

---

[1] This firm represents Wave IVA plaintiff David Booth; Wave IVB plaintiffs Denise Coressel (o/b/o James Coressel), Catherine Cryan, Pamela Setzer (o/b/o William Setzer); and Wave IVC plaintiffs Catherine Perry, Jason Rhuland, Robert Wistinghausen; and, Wave IVD plaintiffs Vivian Dominique (o/b/o Floyd Dominique) and Dean Rowland.

Plaintiffs elected only to partially answer Interrogatory No. 1 and declined to answer any of the other 12 interrogatories. Plaintiffs' sole basis for this decision was a citation to the Federal Rules of Civil Procedure (presumably Rule 33(a)) which limits a party to 25 interrogatories.[2] Interrogatory No. 1 requested a description of exposure to non-Roundup substances, such as any pesticides, tobacco products, PAH-emission sources, or carcinogenic substances (as classified by the International Agency for Research on Cancer, California EPA, or National Toxicology Program) if a plaintiff had admitted such exposure in the response to Request for Admission No. 1.[3] Instead of fully answering Interrogatory No. 1, plaintiffs identified the first 25 items from IARC's list of carcinogen classifications by cancer site[4] and answered whether plaintiff had ever used any of those 25 items.[5]

Plaintiffs' implicit contention that Interrogatory No. 1 contains more than 25 discrete subparts is baseless. Interrogatory No. 1 asks about a plaintiff's exposures to known or alleged carcinogens. To the extent that each of these products is even considered a "subpart" of the

---

[2] *See* David Booth's Responses to First Set of Interrogatories; Denise Coressel's Responses to First Set of Interrogatories; Catherine Cryan's Responses to First Set of Interrogatories; Vivian Dominique's Responses to First Set of Interrogatories; Catherine Perry's Responses to First Set of Interrogatories; Jason Rhuland's Responses to First Set of Interrogatories; Dean Rowland's Responses to First Set of Interrogatories; Pamela Setzer's Responses to First Set of Interrogatories; Robert Wistinghausen's Responses to First Set of Interrogatories.

[3] Interrogatory No. 1 reads, "If YOU admit Request for Admission No. 1, DESCRIBE YOUR use of or exposure to those products, including the name of the product, dates of use or exposure (or a DATE range), the reason for use (e.g., personal, work related, both, other), the frequency of use (e.g., daily, weekly, monthly), the locations where YOU used the products, the method of applying the products, whether YOU used protective equipment, and what type of protective equipment was utilized (e.g., protective clothing, gloves, respirator masks)."

[4] https://monographs.iarc.fr/wp-content/uploads/2018/07/Table4.pdf.

[5] *See supra* note 2.

3
MONSANTO COMPANY'S MOTION TO COMPEL PLAINTIFFS' RESPONSES TO
MONSANTO'S DISCOVERY REQUESTS

interrogatory (which is a significant stretch), this Court has previously explained that "subparts asking for facts, documents, and witnesses relating to a primary contention or allegation are logically or factually related, and thus should be construed as subsumed in the primary question." *Synopsys, Inc. v. ATopTech, Inc.*, 319 F.R.D. 293, 297 (N.D. Cal. 2016). That is exactly what occurred here where the "primary contention" is to describe exposure to potentially carcinogenic substances to which a plaintiff had admitted exposure. Plaintiffs' attempt to answer Interrogatory No. 1 only in part and ignore the other interrogatories (something attempted by no other Wave IV plaintiffs) has no support in the federal rules.

Plaintiffs Catherine Cryan, Vivian Dominique, Catherine Perry, Jason Rhuland, Dean Rowland, Pamela Setzer, and Robert Wistinghausen also failed to provide sufficient responses to Requests for Admission Nos. 3 and 10. In response to Requests for Admission Nos. 3 (asking about exposure to products with Prop 65 warnings)[6] and 10 (asking about documentation and communication regarding pesticides)[7], plaintiffs responded identically, claiming that they were unable to admit or deny the requests. That plaintiffs are unable to respond to these two requests—again seeking information about other potential causes of their injuries—is implausible.

---

[6] "Admit that YOU used products other than TOBACCO PRODUCTS that contain warnings regarding risk of cancer or Proposition 65 warnings. See https://oehha.ca.gov/media/downloads/proposition-65//p65list010320.pdf."

[7] "Admit that YOU have or had kept DOCUMENTS or COMMUNICATIONS including but not limited to logs, spreadsheets, diaries, journals, calendars, schedules, or chronologies reflecting pesticides that were applied at the agricultural properties worked on/owned in [certain locations]; and any other agricultural properties worked on/owned over the past forty (40) years."

On December 29, 2021, plaintiffs sent Monsanto a letter, indicating reluctance to complete discovery and requested a meet and confer. *See* Declaration of Jim O'Brien, Exhibit G. During a conference with plaintiffs' counsel on January 6, 2022, and in a subsequent e-mail, plaintiffs indicated that they would complete this discovery but requested an extension to do so. Monsanto granted plaintiffs until February 7, 2022, *see* Declaration of Mr. John Kalas, Exhibit H, on which date plaintiffs filed the above described responses. Plaintiffs have failed to provide any further discovery responses.

      b. **Plaintiff Counsel**: Blincow Griffin Law Firm[8]

| | |
|---|---|
| **Discovery Served**: | December 16, 2021 |
| **Responses Due**: | January 15, 2022 |
| **Responses Served**: | N/A |
| **Monsanto Follow-up**: | January 25, 2022 |

**Deficiencies**

Plaintiff has failed to provide written responses to any of Monsanto's Requests.[9]  On January 25, 2022, Monsanto served a letter on plaintiff's counsel regarding this failure, *see* Declaration of Ms. Devarati Das, Exhibit A, and requested a complete response to cure the deficiency by February 9, 2022.  However, plaintiff has not yet provided written responses to any of Monsanto's Requests.

---

[8] This firm represents Wave IVD plaintiff Brenda Reiser.

[9] Ms. Reiser has indicated that she does not have any properties in her possession to inspect.

      c.  **Plaintiff Counsel**: Mussin & Scanland[10]

**Discovery Served**:    December 16, 2021
**Responses Due**:    January 15, 2022
**Responses Served**:    January 14, 2022
**Monsanto Follow-up**:    January 25, 2022

**Deficiencies**:

Plaintiffs have failed to provide adequate responses to any of Monsanto's Requests. Specifically, plaintiff Hann failed to respond to the Requests for Inspection of Tangible Goods and Requests for Entry Upon Land; both plaintiffs failed to respond to the First Set of Interrogatories; and their responses to the Requests for Admission were insufficient.

Monsanto's requests for inspection and entry upon land, which seek access to the properties where the plaintiffs allegedly applied Roundup, are valuable tools for Monsanto and its experts to ascertain, among other things, how much Roundup would have been necessary to kill the weeds on the property, how it would have been applied, what other chemicals a plaintiff may have used, and what equipment a plaintiff used when applying it. Plaintiff Hann has simply ignored these requests despite Monsanto's repeated follow ups. *See* Declaration of Ms. Devarati Das, Exhibit B.

The insufficiency of Ms. Hann's and Ms. Matthaus-Shelton's responses to the Requests for Admission is apparent on their face. First, many of Ms. Hann's responses are done in the name of Ms. Matthaus-Shelton and visa versa. For example, in response to Request for Admission No. 2, both plaintiffs responded: "The Plaintiff admits that there were never any tests

---

[10] This firm represents Wave IVC plaintiff Adrine Hann and Wave IVD plaintiff Linda Matthaus-Shelton.

performed to determine if the presence of GLYPHOSATE in *Ms. Hann*'s body, however, this is not an indication that there is not the presence of Glyphosate in *Ms. Hann*'s body."[11]  In other words, Ms. Matthaus-Shelton's response referenced Ms. Hann, not the plaintiff on whom the Request for Admission was served. Second, both plaintiffs were evasive when responding about exposures to possible carcinogens prior to their cancer diagnoses, choosing to stand on objections rather than answer simple requests, such as, "Admit that YOU used TOBACCO PRODUCTS prior to being diagnosed with NHL," claiming that it was vague and ambiguous because it did not specify a time period.[12]  These plaintiffs raised similar objections to other Requests for Admission.[13] These objections are meritless.  The Request is seeking relevant

---

[11] *See* Adrine Hann's Amended Responses to Requests for Admission (emphasis added); Linda Matthaus-Shelton's Responses to Requests for Admission (emphasis added).

[12] *See* Pl. Adrine Hann's Am. Resp. to Monsanto Co.'s Req. for Admis. No. 5 ("<u>ANSWER:</u> The Plaintiff responds to this Request For Admission as follows: The Plaintiff objects to this Request For Admission on grounds the Request For Admission is vague and ambiguous.  The Plaintiff without waving the objection states the Defendant has failed to specify what period of time Plaintiff is alleged to have used TOBACCO PRODUCTS.  Here, the Defendant could be referring to two years prior to her diagnosis or ten years.  Without further definition the Plaintiff is unable to provide a sufficient answer to this Request For Admission.").

[13] *See* Pl. Adrine Hann Am. Resps. to Monsanto Co.'s Reqs. for Admis. Nos. 1 and 3 and Linda Matthaus-Shelton's Resps. to Monsanto Co.'s Reqs. for Admis. Nos. 1 and 3 (No. 1 <u>ANSWER:</u> The Plaintiff responds to this Request For Admission as follows: The Plaintiff objects to this Request For Admission on grounds the Request For Admission is vague and ambiguous.  The Defendant has failed to specify a period of time referred to.  Here the Plaintiff is not aware if the Defendant is referring to her use of any of the listed products throughout her entire life, or within a ten-year period prior to her diagnosis."); (No. 3: "<u>ANSWER:</u> The Plaintiff responds to this Request For Admission as follows: The Plaintiff objects to this Request For Admission on grounds the Request For Admission is vague and ambiguous.  The Defendant has failed to specify a period of time referred to.  Here the Plaintiff is not aware if the Defendant is referring to her use of any of the listed products throughout her entire life, or within a ten-year period to her diagnoses.  Thus, the Plaintiff cannot provide a sufficient response to this Admission without additional information.").

information. Plaintiffs can point out if such use is remote in time if that is the case, but they cannot refuse to answer these Requests.

On January 25, 2022, Monsanto served a letter on plaintiffs' counsel regarding these deficient responses, *see* Declaration of Ms. Devarati Das, Exhibit C, and requested a complete response to cure the deficiency by February 9, 2022. To date, Monsanto has not received a response.

Finally, at their depositions, the plaintiffs identified certain documents which were subsequently requested but not produced. Specifically, Ms. Hann identified a calendar and receipts for Roundup-branded product purchases, and Ms. Matthaus-Shelton identified a box of medical records, a Roundup-branded product container, photographs, and receipts for Roundup-branded product purchases. Despite the requests and follow-up by Monsanto, these materials have not been produced, and plaintiffs have provided no reason for their failure to do so. *See* Declaration of Ms. Devarati Das, Exhibit D.

d. **Plaintiff Counsel**: Ralph Applegate (pro se)

**Discovery Served:** December 21, 2021
**Responses Due:** January 20, 2022
**Responses Served:** N/A
**Monsanto Follow-up:** February 25, 2022

**Deficiencies:**

Plaintiff has never responded to any of Monsanto's Requests. On February 25, 2022, Monsanto served a letter on Mr. Applegate regarding his failure to respond, *see* Declaration of Ms. Devarati Das, Exhibit E, and requested a complete response to cure the deficiency by March 11, 2022. To date, Monsanto has not received a substantive response. Instead, following the

deficiency letter sent on February 25, 2022, Mr. Applegate responded with several emails, either declining to answer Discovery or providing irrelevant and non-responsive information. *See* Declaration of Mr. Ralph Applegate, Exhibit F, Communications between Mr. Ralph Applegate and defendant's counsel, Hollingsworth LLP ("why,joe never responded to my requests, why should I respond to his ?") ("Regardless of fact that this test does not determine how much total inorganic arsenic in our bodies…" [*Sic*]).  Although he is representing himself, Mr. Applegate, like any other litigant, has the obligation to comply with the discovery process.

## CONCLUSION

For the foregoing reasons, the Court should grant Monsanto Company's Motion to Compel Plaintiffs' Discovery Responses. Further, should plaintiffs fail to provide responses or a legitimate basis for not providing responses to Monsanto's various Discovery, Monsanto may move to dismiss that plaintiff.

DATED: June 17, 2022

Respectfully submitted,

/s/ *Eric G. Lasker*

| | |
|---|---|
| William Hoffman (*pro hac vice*) | Eric G. Lasker (*pro hac vice*) |
| (william.hoffman@arnoldporter.com) | (elasker@hollingsworthllp.com) |
| Daniel S. Pariser (*pro hac vice*) | Martin C. Calhoun (*pro hac vice*) |
| (daniel.pariser@arnoldporter.com) | (mcalhoun@hollingsworthllp.com) |
| ARNOLD & PORTER KAYE SCHOLER LLP | Gregory S. Chernack (*pro hac vice forthcoming*) |
| 601 Massachusetts Avenue, NW | gchernack@hollingsworthllp.com |
| Washington, DC 20001 | HOLLINGSWORTH LLP |
| Tel: 202-942-5000 | 1350 I Street, NW |
| Fax: 202-942-5999 | Washington, DC 20005 |
| | Tel: 202-898-5800 |
| | Fax: 202-682-1639 |

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
WILKINSON STEKLOFF LLP
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

*Attorneys for Defendant Monsanto Company*