# EXHIBIT G



405 Madison Avenue, 10th Floor
Toledo, Ohio 43604
(419) 930-6401
(888) 234-3430

**O'Brien Law LLC**

James G. O'Brien, Esq.
Direct:    (419) 930-6406
Email:    jim@obrien.law
Admitted in Ohio and California

December 29, 2021

***Via Email***
Anthony R. Martinez
Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City Missouri 64108

Re:    Discovery Requests in Wave IV Cases

Dear Anthony,

I am in receipt of Monsanto's 44 sets of discovery requests issued in my eleven Wave IV cases. I believe these requests exceed the allowable discovery and I intend to file motions for protective orders. However, I would like to meet and confer with you about these prior to filing to see if we can resolve any issues.

For the sake of facilitating our discussion, here are the topics I would like to address:

- All of the Requests are more suited to deposition questions. Moreover, Monsanto's counsel *did* ask some of these questions during the eleven depositions taken thus far and will presumably ask them in the remaining three. To the extent Monsanto asked the questions already, they are not suitable for discovery requests. To the extent Monsanto did not ask the questions, unless Monsanto was unaware of the science behind the questions in the discovery, the company cannot follow a deposition with these burdensome requests. Should there be some carcinogen that Monsanto first learned about after a deposition, I would be happy to discuss having my clients answer a question or two about that.

- Interrogatory No. 1—through its incorporation of Request for Admission No. 1—and, in turn, through RFA 1's incorporation of Requests for Inspection Nos. 4, 5, and 6—and, in turn, through each of their incorporations of lists of chemicals on three websites— contains hundreds of subparts. This violates Federal Rule of Civil Procedure 33(a) and we will only answer the first 25 subparts of Interrogatory No. 1 and no further interrogatories.

- All the interrogatories—with their incorporation of the RFAs and their respective incorporation of the RFIs are repetitive, unduly burdensome, and designed to harass my clients and frustrate the interests of justice.

- The Requests are extraordinarily redundant of themselves and each other. Just by way of example, you appear to ask 17 separate times just about benzene exposure alone:

  - RFA 1 asks about benzene four separate times. It asks about benzene in bullet two because benzene is listed on the IARC monograph, then separately asks about benzene in sub-bullet 2.1. Then it asks about benzene *two more times* in bullet six alone because benzene is listed both by the California EPA and the NIH National Toxicology Program.

  - Then, RFA 3 asks about benzene exposure *again* by referencing the California EPA list again.

  - Interrogatory 1 asks about benzene four more times through its incorporation of RFA 1

  - Interrogatory 5 asks about benzene again through its incorporation of RFA 3.

  - RFI 5 asks about benzene twice, both through the IARC monograph link in bullet 1 and directly in bullet 1.1.

  - RFI 6 then asks about it again via the link to the NIH National Toxicology Program.

  - RFE 5 asks about benzene via its incorporation of RFI 5 and the link to the IARC monograph.

  - RFE 6 asks about benzene again via its incorporation of RFI 6 and the link to the NIH National Toxicology Program.

- Requests for Inspection 5 and 6 do not state with particularity the tangible items you would like to inspect. By incorporating lists of ingredients, you are putting the onus on my client to know which products he or she should provide to you rather than describing to him with particularity the items you would like to see.

- The Requests for Entry are redundant and lack specificity. To the extent that they request access to the plaintiff's current home, that's fine. But, to the extent they request access to places by description of where things happened, the requests are deposition questions disguised as RFEs (and, in most cases, they were asked in the depositions).

- The RFEs' incorporation of other requests, the California Prop 65 list, the NIH list, or the IARC list make them burdensome and lacking particularity.

- In almost every case, my clients have possession and control of only their current residence. Requests to inspect their prior residences must be made to the parties in possession or control of those properties.

- The demand for eight-hour premises inspections is burdensome. However, we will provide shorter time windows.

- Taken together, these extensive requests are unduly burdensome and appear designed to annoy or oppress the plaintiffs.

I welcome the opportunity to meet and confer prior to our filing a discovery motion. Thank you in advance for your time and attention to this matter.

Sincerely,

O'BRIEN LAW, LLC

James G. O'Brien, Esq.