# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS )<br>LIABILITY LITIGATION, )<br>)<br>)<br>)<br>)<br>_____/ | MDL NO. 2741<br>Case No. 3:16-md-02741-VC<br>3:20-cv-07231-VC<br>Hon.: VINCE CHHABRIA |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL

**COMES NOW THE** Plaintiff, **ADRINE HANN**, through her attorneys the law firm of MUSSIN & SCANLAND, PLLC and by her respective attorney Jerard M. Scanland and in support of Plaintiff's Response To Defendant's Motion To Compel, states the following:

## INTRODUCTION

Defendant's Counsel has provided Plaintiff's Counsel with discovery requests pursuant to Federal Rules Of Civil Procedure 33, 34, and 36. Since being provided with the discovery requests, the Plaintiff has responded to Request For Admissions, responded to numerous emails seeking production of authorizations, and have produced Adrine Hann for a seven-hour deposition. The Plaintiff has cooperated with the Defendant thus far. Plaintiff's Counsel was provided with discovery via email, having never been served with discovery through the mail.

The email provided a link to the discovery materials, a link which is no longer active.

## LAW AND ARGUMENT

### A. **Legal Standard**:

Discovery under the Federal Rules of Civil Procedure ("FRCP") "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Under this standard, the Rules envision and require open, far-reaching discovery. See Lewis v. ACB Business Servs., Inc., 135 F.3d 389, 402 (6th Cir. 1998) (citing Mellon v. CooperJarrett, Inc., 424 F.2d 499, 501 (6th Cir. 1970)).

FRCP 26(b)(1) provides that a party may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). FRCP 33 permits a party to serve interrogatories as to any matter that may be inquired into under Rule 26(b).

FRCP 34 permits a party to serve on another a party a request for production of documents.

FRCP 34(B)(2)(b) states that the production of responsive documents "be completed no later than the time for inspection specified in the request or another reasonable time specified in the response."

FRCP 37 permits a party to move for an order compelling the answer to discovery requests and the production of responsive documents in accordance with FRCP 33 and 34.

Here Plaintiff's Counsel has cooperated with Defendant's Counsel providing Defendant's Counsel authorizations when requested, producing the Plaintiff for a deposition, amongst others. Defendant's Counsel's claim that Plaintiff's Counsel has ignored the request for a site visit is fictitious. On June 3, at 12:16p.m. Plaintiff's Counsel has sent an email to opposing counsel on requesting dates Counsel is available for a site visit in July and August. *See attached Exhibit A.* Furthermore, many of the questions asked in Defendant's Interrogatories, Plaintiff has already provided answers to during her deposition.

**B. THE HARSH SANCTION OF DISMISSAL IS NOT WARRANTED PURSUANT TO LOCAL COURT RULE 41.2 AS PLAINTIFF IS ACTIVELY ENGAGED IN THE DISCOVERY PROCESS AND HAS PRODUCED RESPONSES TO DEFENDANT'S INTERROGATORIES AND REQUEST FOR THE PRODUCTION OF DOCUMENTS ALONG WITH THE EXECUTION OF MULTIPLE RELEASES.**

Dismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to

cooperate in discovery is due to willfulness, bad faith, or fault. *Societe Internationale v. Rogers,* **357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958);** *see also National Hockey League v. Metropolitan Hockey Club, Inc.,* **427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976).**

Dismissal of an action for failing to cooperate regarding discovery is an extreme sanction and would deprive the Plaintiff of her day in court.

Here in the instant matter, the Plaintiff has not failed to cooperate with regarding discovery. There is no willfulness, bad faith or fault on the part of the Plaintiff. Plaintiff's Counsel has cooperated with Defendant's Counsel providing Defendant's Counsel authorizations when requested, producing the Plaintiff for a deposition, amongst others. Defendant's Counsel's claim that Plaintiff's Counsel has ignored the request for a site visit is fictitious. On June 3, at 12:16p.m. Plaintiff's Counsel has sent an email to opposing counsel on requesting dates Counsel is available for a site visit in July and August. *See attached Exhibit A.* Furthermore, many of the questions asked in Defendant's Interrogatories, Plaintiff has already provided answers to during her deposition.

## CONCLUSION

Based on the preceding, Plaintiff has not failed to cooperate with the Defendant as it pertains to discovery and in fact the Plaintiff has sat for a seven-hour deposition, has provided multiple authorizations, and has responded to

Request For Admissions. Further dismissal of Plaintiff's action is an extremely harsh sanction and should be used as a measure of last resort to be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault.

                                                Respectfully Submitted,

                                                **MUSSIN & SCANLAND, PLLC**

Dated: June 23, 2022

                                                **JERARD M. SCANLAND (P74992)**
                                                Attorney for Plaintiff
                                                13351 Reeck Court, Suite 5
                                                Southgate, Michigan 48195
                                                Phone: (734)-282-6037
                                                Facsimile: (734)-447-5853
                                                JScanland@milawoffices.com