JAMES GRIFFIN O'BRIEN (Cal. 308239, Ohio 0088460)
O'Brien Law LLC
405 Madison Avenue, 10th Floor
Toledo, Ohio 43604
Phone: (419) 930-6401
Fax:    (419) 930-6403
Email: jim@obrien.law

*Counsel for Plaintiffs*

# IN THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION* | MDL No.    2741<br>MDL Case  16-MD-2741-VC<br>Judge:       Hon. Vince Chhabria |
| This document relates to:<br><br>*David Booth v. Monsanto Company*, No. 3:20-cv-4654-VC<br><br>*Estate of James Coressel v. Monsanto Company*, No. 3:20-cv-3720-VC<br><br>*Catherine Cryan v. Monsanto Company*, No. 3:17-cv-5084-VC<br><br>*Estate of Floyd Dominique v. Monsanto Company*, No. 3:21-cv-2705-VC<br><br>*Catherine Perry v. Monsanto Company*, No. 3:21-cv-5621-VC<br><br>*Jason Rhuland v. Monsanto Company*, No. 3:19-cv-5598-VC<br><br>*Dean Rowland v. Monsanto Company*, No. 3:19-cv-5310-VC<br><br>*Estate of William Setzer v. Monsanto Company*, No. 3:17-cv-3448-VC<br><br>*Robert Wistinghausen v. Monsanto Company,* No. 3:20-cv-27-VC | **Exhibit E**<br><br>**The Estate of James A. Coressel's**<br><br>**Responses to Monsanto's First Set**<br><br>**of Interrogatories**<br><br>February 7, 2022 |

JAMES GRIFFIN O'BRIEN (Cal. 308239, Ohio 0088460)
O'Brien Law LLC
405 Madison Avenue, 10th Floor
Toledo, Ohio 43604
Phone: (419) 930-6401
Fax:   (419) 930-6403
Email: jim@obrien.law

*Counsel for Denise Coressel on behalf of the Estate of James A. Coressel*

# IN THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION* | MDL No.   2741<br>Master Docket No. 16-MD-2741-VC |
| This document relates to:<br>**DENISE CORESSEL ON BEHALF OF THE ESTATE OF JAMES A. CORESSEL** *et al.*,<br>          Plaintiff,<br>v.<br>**MONSANTO COMPANY**,<br>          Defendant. | Case No.:   3:20-cv-3720<br>Judge:   Hon. Vince Chhabria |

## **PLAINTIFF'S RESPONSES TO MONSANTO'S FIRST SET OF INTERROGATORIES**

Plaintiff provides the following responses to Defendant Monsanto Company's First Set of Interrogatories:

## **GENERAL OBJECTIONS**

Plaintiff objects to the extent these requests are so broad, vague, ambiguous, and unintelligible that they cannot be answered.

Plaintiff objects that these requests are repetitive of each other, repetitive of the other requests, and repetitive of questions asked during depositions. As such, these requests are unduly burdensome and are created just to harass and burden Plaintiff.

- 1 -

1  These questions are inappropriate as interrogatories and are much better suited
2  as deposition questions. Moreover, Monsanto has taken Plaintiff's deposition and asked
3  or could have asked all the questions below.

4  Plaintiff objects that these requests seek information in the possession of, known
5  to, or otherwise equally available to Monsanto.

### RESPONSES

**Interrogatory No. 1**

If YOU admit Request for Admission No. 1, DESCRIBE YOUR use of or exposure to those products, including the name of the product, dates of use or exposure (or a DATE range), the reason for use (e.g., personal, work-related, both, other), the frequency of use (e.g., daily, weekly, monthly), the locations where YOU used the products, the method of applying the products, whether YOU used protective equipment, and what type of protective equipment was utilized (e.g., protective clothing, gloves, respirator masks).

**Response**

Since Interrogatory No. 1 incorporates Request for Admission No. 1, and Request for Admission No. 1 incorporates Requests for Inspection Numbers 4, 5, and 6, and Requests for Inspection Numbers 4, 5, and 6 incorporate websites containing countless potentially carcinogenic chemicals, this exceeds the allowable number of interrogatories. As the Federal Rules require, Plaintiff will answer only the first 25 interrogatory subparts.

Thus, as to the first 25 unique items on the IARC list that are also currently present on Plaintiff's property to be inspected in response to the Requests for Inspection:

| Subpart | Item | Response |
|---|---|---|
| 1 | Alcoholic beverages | See deposition testimony |

- 2 -

| Subpart | Item | Response |
|---|---|---|
| 2 | Betel quid with tobacco | NA |
| 3 | Betel quid without tobacco | NA |
| 4 | Human papillomavirus type 16 | NA |
| 5 | Tobacco, smokeless | NA |
| 6 | Tobacco smoking | See deposition testimony |
| 7 | X-radiation, gamma-radiation | NA |
| 8 | Epstein-Barr virus | NA |
| 9 | Formaldehyde | NA |
| 10 | Salted fish, Chinese-style | NA |
| 11 | Wood dust | See deposition testimony |
| 12 | Acetaldehyde associated with consumption of alcoholic beverages | NA |
| 13 | *Helicobacter pylori* | NA |
| 14 | Rubber production industry | NA |
| 15 | Processed meat (consumption of) | See deposition testimony |
| 16 | Human immunodeficiency virus type 1 | NA |
| 17 | Aflatoxins | NA |
| 18 | *Clonorchis sinensis* | NA |
| 19 | 1,2-Dichloropropane | NA |
| 20 | Estrogen-progestogen contraceptives | NA |
| 21 | Hepatitis B virus | NA |
| 22 | Hepatitis C virus | NA |
| 23 | *Opisthorchis viverrini* | NA |
| 24 | Plutonium | NA |
| 25 | Thorium-232 and its decay products | NA |

Furthermore, Request for Admission No. 1 is denied as described therein except as to Roundup use. Regarding Roundup use, the exposure is extensively documented already in multiple places including PFSs, an affidavit, and deposition testimony.

**Interrogatory No. 2:**

If YOU deny Request for Admission No. 2, IDENTIFY and DESCRIBE the tests that have ever been performed on YOU or samples collected from YOUR body that show the presence of GLYPHOSATE or GLYPHOSATE PRODUCTS in YOUR body at any time, including IDENTIFYING when the test was performed; location of the test, including the name of hospital, clinic, or other location; name of HEALTH CARE PRACTITIONER or PERSON who ordered the test; and summary of results.

**Response**

Monsanto exceeded the allowable number of interrogatories, including subparts, as noted above. As the Federal Rules provide, Plaintiff is not obligated to answer further interrogatories.

**Interrogatory No. 3:**

IDENTIFY all diaries, calendars, journals, logs, videos, letters, and other DOCUMENTS or materials prepared by anyone describing, discussing, explaining or referring to the purchase, use, handling, storage, transportation, or application of the ROUNDUP® BRANDED PRODUCTS to which YOU have been exposed.

**Response**

Monsanto exceeded the allowable number of interrogatories, including subparts, as noted above. As the Federal Rules provide, Plaintiff is not obligated to answer further interrogatories.

- 4 -

**Interrogatory No. 4:**

DESCRIBE YOUR use of or exposure to ROUNDUP® -BRANDED PRODUCTS, including the name of the product, dates of use or exposure (or a DATE range), the reason for use (e.g., personal, work-related, both, other), the frequency of use (e.g., daily, weekly, monthly), the locations where YOU used ROUNDUP® -BRANDED PRODUCTS, the means of applying ROUNDUP® -BRANDED PRODUCTS or equipment used, whether YOU used protective equipment, and what type of protective equipment was utilized (e.g., protective clothing, gloves, respirator masks). If YOU did not personally use ROUNDUP, explain YOUR exposure to ROUNDUP® -BRANDED PRODUCTS, including dates of exposure, frequency of exposure, locations where YOU were exposed, the means by which the ROUNDUP® -BRANDED PRODUCTS were applied, whether YOU wore protective equipment when exposed, and what type of protective equipment was utilized.

**Response**

Monsanto exceeded the allowable number of interrogatories, including subparts, as noted above. As the Federal Rules provide, Plaintiff is not obligated to answer further interrogatories.

**Interrogatory No. 5:**

If YOU admit Request for Admission No. 3, IDENTIFY the products other than TOBACCO PRODUCTS that contain warnings regarding risk of cancer or Proposition 65 warnings that YOU have used and STATE the DATES of YOUR product use.

**Response**

Monsanto exceeded the allowable number of interrogatories, including subparts, as noted above. As the Federal Rules provide, Plaintiff is not obligated to answer further interrogatories.

**Interrogatory No. 6:**

If YOU deny Request for Admission No. 4, IDENTIFY and DESCRIBE the DOCUMENTS showing that YOU ever purchased ROUNDUP® - BRANDED PRODUCTS.

**Response**

Monsanto exceeded the allowable number of interrogatories, including subparts, as noted above. As the Federal Rules provide, Plaintiff is not obligated to answer further interrogatories.

**Interrogatory No. 7:**

If YOU admit Request for Admission No. 5, IDENTIFY the TOBACCO PRODUCTS that YOU have used and STATE the DATES of YOUR product use.

**Response**

Monsanto exceeded the allowable number of interrogatories, including subparts, as noted above. As the Federal Rules provide, Plaintiff is not obligated to answer further interrogatories.

**Interrogatory No. 8:**

If YOU mixed the ROUNDUP® -BRANDED PRODUCTS described in response to Interrogatory No. 4 with any other ingredients, including water, DESCRIBE how YOU mixed the product(s), including whether YOU mixed them yourself or someone else mixed them for YOU.

**Response**

Monsanto exceeded the allowable number of interrogatories, including subparts, as noted above. As the Federal Rules provide, Plaintiff is not obligated to answer further interrogatories.

**Interrogatory No. 9:**

If YOU admit Request for Admission No. 7, IDENTIFY the addresses of the LOCATIONS WHERE YOU HAVE RESIDED or LOCATIONS WHERE YOU HAVE WORKED that use or used well water and STATE the DATE during which YOU lived at those locations.

**Response**

Monsanto exceeded the allowable number of interrogatories, including subparts, as noted above. As the Federal Rules provide, Plaintiff is not obligated to answer further interrogatories.

**Interrogatory No. 10:**

If YOU admit Request for Admission No. 8, IDENTIFY the addresses of the LOCATIONS WHERE YOU HAVE RESIDED or LOCATIONS WHERE YOU HAVE WORKED that are within one mile of any industrial and/or agricultural business or facility (e.g., manufacturing plants, chemical plants, power plants, refineries, landfills, farms, areas with livestock, barns or shelters, buildings with agricultural equipment or supplies) and STATE the DATE during which YOU lived at those locations.

**Response**

Monsanto exceeded the allowable number of interrogatories, including subparts, as noted above. As the Federal Rules provide, Plaintiff is not obligated to answer further interrogatories.

O'BRIEN LAW LLC
405 Madison Avenue, 10th Floor
Toledo, Ohio 43604
(419) 930-6401

**INTERROGATORY NO. 11:**

If YOU admit Request for Admission No. 9, IDENTIFY the locations where YOU lived or worked on a ship, commercial vessel, military base, or other military office and STATE the DATE during which YOU lived or worked at those locations.

**Response**

Monsanto exceeded the allowable number of interrogatories, including subparts, as noted above. As the Federal Rules provide, Plaintiff is not obligated to answer further interrogatories.

**Interrogatory No. 12:**

If YOU admit Request for Admission No. 10, IDENTIFY and DESCRIBE the DOCUMENTS or COMMUNICATIONS, including but not limited to logs, spreadsheets, diaries, journals, calendars, schedules, or chronologies, reflecting pesticides that were applied at the agricultural properties worked on/owned in Toledo, OH, Greenville, OH, and Bowling, Green, OH; and any other agricultural properties worked on/owned over the past forty (40) years.

**Response**

Monsanto exceeded the allowable number of interrogatories, including subparts, as noted above. As the Federal Rules provide, Plaintiff is not obligated to answer further interrogatories.

**Interrogatory No. 13:**

If YOU admitted Request for Admission No. 11, IDENTIFY the addresses of the LOCATIONS WHERE YOU HAVE RESIDED or LOCATIONS WHERE YOU HAVE WORKED that utilized burn pits, or any other source

O'BRIEN LAW LLC
405 Madison Avenue, 10th Floor
Toledo, Ohio 43604
(419) 930-6401

of open-air trash combustion, and STATE the DATE during which YOU lived at those locations.

**Response**

Monsanto exceeded the allowable number of interrogatories, including subparts, as noted above. As the Federal Rules provide, Plaintiff is not obligated to answer further interrogatories.

**Interrogatory No. 14:**

If YOU admit Request for Admission No. 12, IDENTIFY the addresses of the LOCATIONS WHERE YOU HAVE RESIDED or LOCATIONS WHERE YOU HAVE WORKED where the source of water contained contaminants or required treatment for contaminants, and STATE the DATE during which YOU lived at those locations.

**Response**

Monsanto exceeded the allowable number of interrogatories, including subparts, as noted above. As the Federal Rules provide, Plaintiff is not obligated to answer further interrogatories.

### SIGNED BY

As to all responses:

February 7, 2022

/s/ *Denise Coressel (by permission)*
_____
Denise Coressel

As to all objections:

February 7, 2022      O'Brien Law LLC,

             */s/ James G. O'Brien*
             James G. O'Brien (Cal. 308239, Ohio 0088460)
             O'BRIEN LAW, LLC
             405 Madison Ave., 10th Floor
             Toledo, Ohio 43604
             Tel. (419) 930-6401
             Fax (419) 930-6403
             Email jim@obrien.law

             *Counsel for Plaintiffs Denise Coressel on behalf of the Estate of James A. Coressel*

## C<small>ERTIFICATE OF</small> S<small>ERVICE</small>

I transmitted a true and accurate copy of the foregoing upon:

> Joe G. Hollingsworth
> H<small>OLLINGSWORTH</small> LLP
> 1350 I Street, N.W.
> Washington, DC 20005
> (202) 898-5800
> Fax: (202) 682-1639
> Email: jhollingsworth@hollingsworthllp.com
>
> *Counsel for Monsanto Company*

by electronic mail.

| | |
|---|---|
| February 7, 2022 | */s/ James G. O'Brien* |
| | James G. O'Brien (Cal. 308239, Ohio 0088460) |