JAMES GRIFFIN O'BRIEN (Cal. 308239, Ohio 0088460)
O'Brien Law LLC
405 Madison Avenue, 10th Floor
Toledo, Ohio 43604
Phone: (419) 930-6401
Fax:    (419) 930-6403
Email:  jim@obrien.law

*Counsel for Plaintiffs*

# IN THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION* | MDL No.   2741<br>MDL Case  16-MD-2741-VC<br>Judge:     Hon. Vince Chhabria |
| This document relates to:<br><br>*David Booth v. Monsanto Company*, No. 3:20-cv-4654-VC<br><br>*Estate of James Coressel v. Monsanto Company*, No. 3:20-cv-3720-VC<br><br>*Catherine Cryan v. Monsanto Company*, No. 3:17-cv-5084-VC<br><br>*Estate of Floyd Dominique v. Monsanto Company*, No. 3:21-cv-2705-VC<br><br>*Catherine Perry v. Monsanto Company*, No. 3:21-cv-5621-VC<br><br>*Jason Rhuland v. Monsanto Company*, No. 3:19-cv-5598-VC<br><br>*Dean Rowland v. Monsanto Company*, No. 3:19-cv-5310-VC<br><br>*Estate of William Setzer v. Monsanto Company*, No. 3:17-cv-3448-VC<br><br>*Robert Wistinghausen v. Monsanto Company,* No. 3:20-cv-27-VC | **Exhibit F**<br><br>**The Estate of James A. Coressel's Responses to Monsanto's First Requests for Admission**<br><br>February 7, 2022 |

JAMES GRIFFIN O'BRIEN (Cal. 308239, Ohio 0088460)
O'Brien Law LLC
405 Madison Avenue, 10th Floor
Toledo, Ohio 43604
Phone: (419) 930-6401
Fax:   (419) 930-6403
Email: jim@obrien.law

*Counsel for Denise Coressel on behalf of the Estate of James A. Coressel*

# IN THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION* | MDL No.         2741<br>Master Docket No. 16-MD-2741-VC |
| This document relates to:<br>**DENISE CORESSEL ON BEHALF OF THE ESTATE OF JAMES A. CORESSEL** *et al*,<br>Plaintiff,<br>v.<br>**MONSANTO COMPANY**,<br>Defendant. | Case No.:    3:20-cv-3720<br>Judge:        Hon. Vince Chhabria |

**PLAINTIFF'S RESPONSES TO MONSANTO'S FIRST REQUESTS FOR ADMISSION**

Plaintiff provides the following responses to Defendant Monsanto Company's First Requests for Admission:

**GENERAL OBJECTIONS**

Plaintiff objects to the extent these requests are vague and ambiguous.

Plaintiff objects that these requests are repetitive of each other, repetitive of the other requests, and repetitive of questions asked during depositions. As such, these requests are unduly burdensome and are created just to harass and burden Plaintiff.

Plaintiff objects to the extent these requests are so broad, vague, ambiguous, and unintelligible that they cannot be answered.

Plaintiff objects that these requests seek information in the possession of, known to, or otherwise equally available to Monsanto.

### RESPONSES

All responses are to the best of Plaintiff's knowledge only.

**Request for Admission No. 1**

Admit that YOU have used, at any LOCATIONS WHERE YOU HAVE RESIDED or LOCATIONS WHERE YOU HAVE WORKED, products responsive to Monsanto's Request for Inspection Numbers 4, 5, and 6, including but not limited to:

- Any agents and/or substances encountered through the course of employment at Tractor Supply Company and/or Compass Behavioral Health;

- Any PESTICIDES, insecticides, or rodenticides other than GLYPHOSATE PRODUCTS;

- Any agent other than GLYPHOSATE PRODUCTS with limited or sufficient evidence of carcinogenicity listed on the following website: https://monographs.iarc.fr/wp-content/uploads/2018/07/Table4.pdf or according to Plaintiffs' experts, FN1 including but not limited to:
  - Benzene and/or benzo[a]pyrene (e.g., paint, lacquer, varnish removers, gasoline, glues, paint thinner, furniture wax, vehicle exhaust, solvents, detergents, inks, adhesives, coatings, degreasing formulations, vehicle exhaust);
  - Ethylene Oxide (e.g., antifreeze, detergents, Lysol, transmission fluid, adhesives, fumigants);
  - Styrene (e.g., floor waxes, printer cartridges, insulation, carpet backing, fiberglass);

- 2 -

- o Trichloroethylene (e.g., spot removers, paint strippers, adhesives, carpet cleaning fluid, aerosol cleaning products, tool cleaners);
- PAH-emission sources (e.g., fumes emitted by automobiles, railways, ships, aircrafts, and other motor vehicles);
- TOBACCO PRODUCTS;
- Products containing 1,3-butadiene (e.g., synthetic rubber products such as tires, resins, plastics, automobile exhaust); or
- Any chemicals and/or products other than GLYPHOSATE PRODUCTS that contain ingredients allegedly associated with cancer or NHL by the California EPA or the National Toxicology Program. See, e.g. https://ntp.niehs.nih.gov/ntp/roc/content/listed_substances_508.pdf and https://oehha.ca.gov/media/downloads/proposition-65//p65list010320.pdf.

FN1: *See, e.g.*, testimony from plaintiffs' experts regarding PAH-emission sources (See Sawyer Dep. Tr. 2/27/18 at 503); Tobacco products (See Sawyer Dep. Tr. 10/16/18 at 328-29); and 1,3-butadiene (See Sawyer Dep. Tr. 2/6/19 at 283).

**Response**

Admitted only to the extent Plaintiff used or was exposed to Roundup, minimal wood dust, occasional alcoholic beverages, occasional processed meat, and tobacco products. Otherwise: Denied.

Plaintiff lacks the knowledge to say what products were used. Moreover, Plaintiff is without sufficient knowledge or skill to evaluate what chemicals—disclosed and undisclosed—each product contains.

1  Moreover, because this RFA is linked to Monsanto's Request for Inspection
2  Numbers 4, 5, and 6 (i.e., products currently at 103 Silver Maple Drive, Perrysburg,
3  Ohio and listed on one of the websites Monsanto references), Monsanto is in a better
4  position to determine what chemicals are contained in those products.

**Request for Admission No. 2**

> Admit that no tests have ever been performed on YOU or samples collected from YOUR body that show the presence of GLYPHOSATE or GLYPHOSATE PRODUCTS in YOUR body at any time.

**Response**

Admitted.

**Request for Admission No. 3:**

> Admit that YOU used products other than TOBACCO PRODUCTS that contain warnings regarding risk of cancer or Proposition 65 warnings. See https://oehha.ca.gov/media/downloads/proposition-65//p65list010320.pdf.

**Response**

Objection. Unable to admit or deny. This request is unable to be answered because it purports to ask about every product ever used in a lifetime (which itself is entirely too broad) and further is amorphous about whether the Proposition 65 warning was on the product at the time and whether Plaintiff saw the warning or only learned about it after (including now).

**Request for Admission No. 4:**

> Admit that you have no DOCUMENTS showing that YOU ever purchased ROUNDUP® -BRANDED PRODUCTS.

**Response**

Denied.

- 4 -

**Request for Admission No. 5:**

Admit that YOU used TOBACCO PRODUCTS prior to being diagnosed with NHL.

**Response**

Admitted.

**Request for Admission No. 6:**

If YOU admitted Request for Admission Number 5, admit that YOU were aware during the time YOU used the products that TOBACCO PRODUCTS may cause cancer.

**Response**

Unable to admit or deny: Plaintiff is without sufficient knowledge to know what decedent was aware of.

**Request for Admission No. 7:**

Admit that YOU have lived or worked, at any LOCATIONS WHERE YOU HAVE RESIDED or LOCATIONS WHERE YOU HAVE WORKED, on a property that uses or used well water.

**Response**

Denied.

**Request for Admission No. 8:**

Admit that YOU have lived or worked, at any LOCATIONS WHERE YOU HAVE RESIDED or LOCATIONS WHERE YOU HAVE WORKED, on a property that is within one mile of any industrial and/or agricultural business or facility (e.g., manufacturing plants, chemical plants, power plants, refineries, landfills, farms, areas with livestock, barns or shelters, buildings with agricultural equipment or supplies).

- 5 -

1 **Response**

2    Admitted.

3 **Request for Admission No. 9:**

    Admit that YOU have lived or worked on a ship, commercial vessel, military base, or other military office.

7 **Response**

8    Denied.

**Request for Admission No. 10:**

Admit that YOU have or had kept DOCUMENTS or COMMUNICATIONS including but not limited to logs, spreadsheets, diaries, journals, calendars, schedules, or chronologies reflecting pesticides that were applied at the agricultural properties worked on/owned in Toledo, OH, Greenville, OH, and Bowling Green, OH; and any other agricultural properties worked on/owned over the past forty (40) years.

**Response**

Unable to admit or deny because the request is nonsensical as written.

**Request for Admission No. 11:**

Admit that YOU have lived or worked, at any LOCATIONS WHERE YOU HAVE RESIDED or LOCATIONS WHERE YOU HAVE WORKED, on a property that utilizes or utilized burn pits, or any other source of open-air trash combustion.

**Response**

Denied.

**Request for Admission No. 12:**

Admit that YOU have lived or worked, at any LOCATIONS WHERE YOU HAVE RESIDED or LOCATIONS WHERE YOU HAVE WORKED, on a property where the source of water contained contaminants or required treatment for contaminants.

**Response**

Denied.

### SIGNED BY

As to all responses:

February 7, 2022

*/s/ Denise Coressel (by permission)*
_____
Denise Coressel

As to all objections:

February 7, 2022          O'Brien Law LLC,

*/s/ James G. O'Brien*
_____
James G. O'Brien (Cal. 308239, Ohio 0088460)
O'BRIEN LAW, LLC
405 Madison Ave., 10th Floor
Toledo, Ohio 43604
Tel.   (419) 930-6401
Fax   (419) 930-6403
Email jim@obrien.law

*Counsel for Plaintiffs Denise Coressel on behalf of the Estate of James A. Coressel*

O'BRIEN LAW LLC
405 Madison Avenue, 10th Floor
Toledo, Ohio 43604
(419) 930-6401

## CERTIFICATE OF SERVICE

I transmitted a true and accurate copy of the foregoing upon:

>Joe G. Hollingsworth
>HOLLINGSWORTH LLP
>1350 I Street, N.W.
>Washington, DC 20005
>(202) 898-5800
>Fax: (202) 682-1639
>Email: jhollingsworth@hollingsworthllp.com
>
>*Counsel for Monsanto Company*

by electronic mail.

| | |
|---|---|
| February 7, 2022 | */s/ James G. O'Brien* |
| | James G. O'Brien (Cal. 308239, Ohio 0088460) |