**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:     (713) 227-8008
Facsimile:     (713) 227-9508
Email:         jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: | |
| *Vickie Hall Stevens, et al. v. Monsanto Co.*, Case No. 3:22-cv-03859-VC | |

## MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff Vickie Hall Stevens's Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Silence as to any allegations shall constitute a denial.

1.     Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto denies the remaining allegations in paragraph 1.

2.     Monsanto denies the allegations in paragraph 2.

3.     The allegations in paragraph 3 set forth conclusions of law for which no response is required. To the extent that a response is required, Monsanto admits the allegations in paragraph 3

1    based upon the allegations in Plaintiffs' complaint.

2           4.      Monsanto admits the allegations in paragraph 4.

3           5.      The allegations in paragraph 5 set forth conclusions of law for which no response is

4    required.

5           6.      The allegations in the first sentence of paragraph 6 set forth conclusions of law for

6    which no response is required. In response to the allegations in the second sentence of paragraph 6,

7    Monsanto admits that it has sold, marketed, and/or distributed Roundup®-branded products within the

8    Middle District of Florida. In response to the allegations in the final sentence of paragraph 6, Monsanto

9    denies certain events giving rise to Plaintiffs' claims and Monsanto lacks information or knowledge

10   sufficient to form a belief as to the truth of the allegations regarding where certain other events giving

11   rise to Plaintiffs' claims occurred and therefore denies those allegations.

12          7.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of

13   the allegations of paragraph 7 and therefore denies those allegations.

14          8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of

15   the allegations of paragraph 8 and therefore denies those allegations.

16          9.      Monsanto admits that plaintiff purports to bring an action for personal injuries allegedly

17   related to exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto

18   denies the remaining allegations in paragraph 9.

19          10.     The allegations in paragraph 10 comprise attorney characterizations and are

20   accordingly denied. Monsanto states that the Roundup®-branded products identified by plaintiff have

21   a variety of separate and distinct uses and formulations

22          11.     Monsanto admits the allegations in paragraph 11.

23          12.     In response to the allegations in paragraph 12, Monsanto admits that it has sold

24   Roundup®-branded products in Florida.

25          13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of

26   the allegations in paragraph 13 and therefore denies those allegations.

27          14.     The allegations in paragraph 14 are vague and conclusory and comprise attorney

28

characterizations and are accordingly denied.

15.    The allegations in paragraph 15 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

16.    Monsanto admits the first sentence of paragraph 16. Monsanto admits that it is authorized to do business in Florida. The remaining allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.    The allegations in paragraph 17 set forth conclusions of law for which no response is required.

18.    Monsanto denies the allegations in paragraph 18.

19.    Monsanto admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products. The remaining allegations in paragraph 19 set forth conclusions of law for which no response is required.

20.    Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri. Monsanto admits that it and its affiliated companies have operations and offices in countries around the world. Monsanto states that the remaining allegations in paragraph 20 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

21.    Monsanto admits the allegations in paragraph 21.

22.    Monsanto admits the allegations in paragraph 22.

23.    In response to the allegations in paragraph 23, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 23 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

24.    The allegations in paragraph 24 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 24.

25.    In response to the allegations in paragraph 25, Monsanto admits that EPA requires

registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). The remaining allegations in paragraph 25 set forth conclusions of law for which no response is required.

26.     The allegations in paragraph 26 set forth conclusions of law for which no response is required.

27.     In response to the allegations in paragraph 27, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution in the United States and are registered by the State of Florida for sale and distribution.

28.     In response to the allegations in paragraph 28, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. Monsanto states that the term "the product tests" in the final sentence of paragraph 28 is vague and ambiguous, and Monsanto therefore denies the same. The remaining allegations in paragraph 28 set forth conclusions of law for which no answer is required.

29.     Monsanto denies the allegations in paragraph 29 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 regarding such pesticide products generally and therefore denies those allegations. The remaining allegations in paragraph 29 set forth conclusions of law for which no response is required.

30.     In response to the allegations in paragraph 30, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings. Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP")

issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2] Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore denies those allegations.

31.   In response to the allegations in paragraph 31, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto. Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer.

32.   To the extent the allegations in paragraph 32, including each of its subparts purport to quote a document, the document speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 32 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

33.   In response to the allegations in paragraph 33, Monsanto admits it entered into an

---

[1]  EPA's Office of Pesticide Programs, Glyphosate Issue Paper: Evaluation of Carcinogenic Potential at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/ document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2]  Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3]  EPA's Office of Pesticide Programs, Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

assurance of discontinuance with the New York Attorney General. The assurance speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 33 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

34.     Monsanto denies the allegations in paragraph 34.

35.     In response to the allegations in paragraph 35, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 35 to the extent that they suggest that this ruling was in any way related to Plaintiffs' claim here that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 35.

36.     Monsanto denies the allegations in paragraph 36.

37.     In response to the allegations in paragraph 37, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 37 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 and therefore denies those allegations.

38.     Monsanto admits the allegations in paragraph 38.

39.     In response to the allegations in paragraph 39, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 39 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 39 and therefore denies those allegations.

40.     Monsanto states that the term "toxic" as used in paragraph 40 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in paragraph 40.

41.     Monsanto admits the allegations in paragraph 41.

42.     In response to the allegations in paragraph 42, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required,

1    Monsanto denies the allegations in paragraph 42.

2    43.    In response to the allegations in paragraph 43, Monsanto admits that Julie Marc

3    published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004. To the

4    extent that paragraph 43 characterizes the meaning of the cited study, Monsanto denies the remaining

5    allegations in paragraph 43.

6    44.    In response to the allegations in paragraph 44, Monsanto states that these documents

7    speak for themselves and do not require a response. To the extent that a response is deemed required,

8    Monsanto denies the allegations in paragraph 44.

9    45.    In response to the allegations in paragraph 45, Monsanto states that the cited document

10   speaks for itself and does not require a response. To the extent that paragraph 45 characterizes the

11   meaning of the cited study, Monsanto denies the remaining allegations in paragraph 45.

12   46.    Monsanto denies the allegations in paragraph 46.

13   47.    In response to the allegations in paragraph 47, Monsanto states that the cited document

14   speaks for itself and does not require a response. To the extent that paragraph 47 characterizes the

15   meaning of the cited study, Monsanto denies the remaining allegations in paragraph 47.

16   48.    In response to the allegations in paragraph 48, Monsanto states that the cited document

17   speaks for itself and does not require a response. To the extent that paragraph 48 characterizes the

18   meaning of the cited study, Monsanto denies the remaining allegations in paragraph 48.

19   49.    Monsanto denies the allegation that the cited studies support the allegation that

20   glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining

21   allegations in paragraph 49.

22   50.    Monsanto denies the allegations in paragraph 50.

23   51.    Monsanto denies the allegations in paragraph 51.

24   52.    Monsanto denies the allegations in paragraph 52.

25   53.    Monsanto denies the allegations in paragraph 53.

26   54.    Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used

27   in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 54.

28

55.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 and therefore denies those allegations.

56.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies those allegations. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

57.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore denies those allegations. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

58.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen. Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative." The remaining allegations in paragraph 58 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

59.     Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen. In response to the remaining allegations in paragraph 59, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the remaining allegations in paragraph 59 comprise attorney characterizations and are accordingly denied.

60.     Monsanto denies the allegations in paragraph 60. The IARC working group concluded that there was only limited evidence of carcinogenicity in epidemiologic studies, which, per IARC's guidelines, means that the working group could not rule out chance, bias or confounding so as to reach any conclusion of an increased risk.

61.     In response to the allegations in paragraph 61, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the allegations in paragraph 61 comprise attorney characterizations and are accordingly denied.

62.     Monsanto denies the allegations in paragraph 62.

63.     The allegations in paragraph 63 comprise attorney characterizations and are accordingly denied.

64.     Monsanto admits the allegations in paragraph 64.

65.     In response to the allegations in paragraph 65, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 65 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 65.

66.     In response to the allegations in paragraph 66, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions. Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions. Monsanto denies the remaining allegations in paragraph 66.

67.     The allegations in paragraph 67 are vague and ambiguous and are accordingly denied.

68.     In response to the allegations in paragraph 68, Monsanto states that the cited document speaks for itself and does not require a response.

69.     In response to the allegations in paragraph 69, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 69 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 69.

70.     Monsanto denies the allegations in paragraph 70.

71.     In response to the allegations in paragraph 71, Monsanto states that the cited document speaks for itself and does not require a response. Monsanto otherwise denies the allegations in paragraph 71.

72.     Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic. Monsanto otherwise denies the allegations in paragraph 72.

73.     Monsanto denies the allegations in paragraph 73.

74.     Monsanto denies the allegations in paragraph 74.

75.     Monsanto denies the allegations in paragraph 75.

76.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate. Monsanto denies the remaining allegations in paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78.

79.     Monsanto admits the allegations in paragraph 79.

80.     Monsanto denies the allegations in paragraph 80

81.     Monsanto admits the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto denies the allegations in paragraph 88.

89.     Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact. Monsanto denies the remaining allegations in paragraph 89.

90.     In response to the allegations in paragraph 90, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the products' EPA approved labeling. Monsanto otherwise denies the allegations in paragraph 90.

91.     In response to the allegations in paragraph 91, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data. Monsanto denies the remaining allegations in paragraph 91.

92.     In response to the allegations in paragraph 92, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies. Monsanto otherwise denies the

remaining allegations in paragraph 92.

93.    In response to the allegations in paragraph 93, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans. In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm.*

*on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 93.

94.     In response to the allegations in paragraph 94, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies. To the extent that the allegations in paragraph 94 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

95.     In response to the allegations in paragraph 95, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

96.     Monsanto denies the allegations in paragraph 96 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid. As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations

in paragraph 96 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

97.     In response to the allegations in paragraph 97 Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

98.     In response to the allegations in paragraph 98, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products. Monsanto otherwise denies the remaining allegations in paragraph 98.

99.     In response to the allegations in the first sentence of paragraph 99, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud. In response to the allegations in the second sentence of paragraph 99, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost. To the extent that the allegations in paragraph 99 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

100.    In response to the allegations in paragraph 100, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

101.    In response to the allegations in paragraph 101, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen. Monsanto denies the remaining allegations in paragraph 101.

102.    Monsanto denies the allegations in paragraph 102.

103.    Monsanto denies the allegations in paragraph 103.

104.    Monsanto denies the allegations in paragraph 104.

1    105.    Monsanto denies the allegations in paragraph 105.

2    106.    Monsanto denies the allegations in paragraph 106.

3    107.    Monsanto denies the allegations in paragraph 107.

4    108.    Monsanto denies the allegations in paragraph 108.

5    109.    Monsanto denies the allegations in paragraph 109.

6    110.    Monsanto denies the allegations in paragraph 110.

7    111.    Monsanto denies the allegations in paragraph 111.

8    112.    Monsanto denies the allegations in paragraph 112.

9    113.    Monsanto incorporates by reference its responses to paragraphs 1 through 112 in

10   response to paragraph 113 of Plaintiffs' Complaint.

11   114.    Monsanto denies the allegations in paragraph 114.

12   115.    In response to the allegations in paragraph 115, Monsanto admits that it has stated that

13   Roundup®-branded products are safe when used as labeled and that they are non-toxic and non-

14   carcinogenic.

15   116.    In response to the allegations in paragraph 116, Monsanto states that the cited document

16   speaks for itself and does not require a response.

17   117.    Monsanto denies that exposure to Roundup®-branded products and glyphosate exposed

18   plaintiff to risk of plaintiff's alleged cancer and denies those allegations in paragraph 117. Monsanto

19   states, however, that the scientific studies upon which IARC purported to base its classification were

20   all publicly available before March 2015. Monsanto lacks information or knowledge sufficient to form

21   a belief as to the truth of the remaining allegations in paragraph 117 and therefore denies those

22   allegations.

23   118.    Monsanto denies the allegations in the first and last sentences of paragraph 118. The

24   remaining allegations in paragraph 118 set forth conclusions of law for which no response is required.

25   Monsanto states, however, that the scientific studies upon which IARC purported to base its

26   classification were all publicly available before March 2015.

27   119.    Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and

28

denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 119 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

120.    Monsanto incorporates by reference its responses to paragraphs 1 through 119 in response to paragraph 120 of Plaintiffs' Complaint.

121.    The allegations in paragraph 121 set forth conclusions of law for which no response is required.

122.    Monsanto denies the allegations in paragraph 122.

123.    Monsanto denies the allegations in paragraph 123.

124.    Monsanto denies the allegations in paragraph 124.

125.    Monsanto denies the allegations in paragraph 125.

126.    Monsanto denies the allegations in paragraph 126.

127.    Monsanto denies the allegations in paragraph 127.

128.    Monsanto denies the allegations in paragraph 128.

129.    Monsanto denies the allegations in paragraph 129.

130.    Monsanto denies the allegations in paragraph 130.

131.    Monsanto denies the allegations in paragraph 131.

132.    Monsanto denies the allegations in paragraph 132.

133.    Monsanto denies the allegations in paragraph 133.

134.    Monsanto denies the allegations in paragraph 134.

135.    Monsanto denies the allegations in paragraph 135.

136.    Monsanto denies the allegations in paragraph 136.

137.    Monsanto denies the allegations in paragraph 137.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto denies the allegations in paragraph 139.

140.    Monsanto denies the allegations in paragraph 140.

141.    Monsanto denies the allegations in paragraph 141.

142.    Monsanto denies the allegations in paragraph 142.

143.    Monsanto denies the allegations in paragraph 143, including each of its subparts.

144.    Monsanto denies the allegations in paragraph 144.

145.    Monsanto denies the allegations in paragraph 145.

146.    Monsanto denies the allegations in paragraph 146.

147.    Monsanto denies the allegations in paragraph 147.

148.    Monsanto denies the allegations in paragraph 148, including each of its subparts.

149.    Monsanto denies the allegations in paragraph 149, including each of its subparts.

150.    Monsanto denies the allegations in paragraph 150, including each of its subparts.

151.    In response to the first sentence in paragraph 151, Monsanto demands that judgment be entered in its favor and against plaintiffs; that Plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of paragraph 151 sets forth a conclusion of law for which no response is required.

152.    Monsanto incorporates by reference its responses to paragraphs 1 through 151 in response to paragraph 152 of Plaintiffs' Complaint.

153.    In response to the allegations in paragraph 153, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations that plaintiff and/or decedent used or was exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 153.

154.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 154 and therefore denies those allegations.

155.    Monsanto denies the allegations in paragraph 155.

- 16 -

1    156.    Monsanto denies the allegations in paragraph 156.

2    157.    Monsanto denies the allegations in paragraph 157.

3    158.    Monsanto denies the allegations in paragraph 158, including each of its subparts.

4    159.    Monsanto denies the allegations in paragraph 159.

5    160.    Monsanto denies that Roundup®-branded products have "dangerous characteristics."

6    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining

7    allegations in paragraph 160 and therefore denies those allegations.

8    161.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of

9    the allegations in paragraph 161 and therefore denies those allegations.

10    162.    Monsanto denies the allegations in paragraph 162.

11    163.    The allegations in paragraph 163 set forth conclusions of law for which no response is

12    required.

13    164.    Monsanto denies the allegations in paragraph 164.

14    165.    Monsanto denies the allegations in paragraph 165.

15    166.    Monsanto denies the allegations in paragraph 166.

16    167.    Monsanto denies the allegations in paragraph 167.

17    168.    Monsanto denies the allegations in paragraph 168.

18    169.    Monsanto denies the allegations in paragraph 169.

19    170.    Monsanto denies the allegations in paragraph 170.

20    171.    Monsanto denies the allegations in paragraph 171.

21    172.    Monsanto denies the allegations in paragraph 172.

22    173.    Monsanto denies the allegations in paragraph 173.

23    174.    Monsanto denies the allegations in paragraph 174, including each of its subparts.

24    175.    Monsanto denies the allegations in paragraph 175, including each of its subparts.

25    176.    Monsanto denies the allegations in paragraph 176, including each of its subparts.

26    177.    In response to the first sentence in paragraph 177, Monsanto demands that judgment

27    be entered in its favor and against plaintiffs; that Plaintiffs' Complaint be dismissed, with prejudice;

28

1  and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such

2  further and additional  relief as this Court may deem just and proper. The statement in the last sentence

3  of paragraph 177 sets forth a conclusion  of law for which no response is required.

4        178.    Monsanto  incorporates  by reference its responses to paragraphs 1 through  177 in

5  response to paragraph 178 of Plaintiffs' Complaint.

6        179.    The allegations  in paragraph 179 set forth conclusions  of law for which no response is

7  required.

8        180.    Monsanto lacks information  or knowledge  sufficient  to form a belief as to the truth of

9  the allegations  in paragraph 180 and therefore denies  those allegations.

10       181.    Monsanto denies the allegations  in paragraph 181. All labeling of Roundup®-branded

11  products has been and remains EPA-approved and in compliance  with all federal requirements under

12  FIFRA.

13       182.    Monsanto denies the allegations  in paragraph 182.

14       183.    Monsanto denies the allegations  in paragraph 183. All labeling of Roundup®-branded

15  products has been and remains EPA-approved and in compliance  with all federal requirements under

16  FIFRA.

17       184.    Monsanto denies the allegations  in paragraph 184. All labeling of Roundup®-branded

18  products has been and remains EPA-approved and in compliance  with all federal requirements under

19  FIFRA and with Florida  law.

20       185.    Monsanto denies the allegations  in paragraph 185.

21       186.    Monsanto denies the allegations  in paragraph 186.

22       187.    The allegations  in paragraph 187 set forth conclusions  of law for which no response is

23  required.

24       188.    Monsanto denies the allegations  in paragraph 188.

25       189.    Monsanto denies the allegations  in paragraph 189.

26       190.    Monsanto denies the allegations  in paragraph 190.

27       191.    Monsanto  denies  the allegations  that Roundup®-branded  products are defective and

28

1   accordingly denies the allegations in paragraph 191.

2       192.    The allegations in paragraph 192 set forth conclusions of law for which no response is
3   required.

4       193.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of
5   the allegations in paragraph 193 and therefore denies those allegations.

6       194.    Monsanto denies the allegations in paragraph 194.

7       195.    Monsanto denies the allegations in paragraph 195.

8       196.    Monsanto denies the allegations in paragraph 196.

9       197.    Monsanto denies the allegations in paragraph 197.

10      198.    Monsanto denies the allegations in paragraph 198.

11      199.    Monsanto denies the allegations in paragraph 199, including each of its subparts.

12      200.    Monsanto denies the allegations in paragraph 200, including each of its subparts.

13      201.    Monsanto denies the allegations in paragraph 201, including each of its subparts.

14      202.    In response to the first sentence in paragraph 202, Monsanto demands that judgment
15  be entered in its favor and against plaintiffs; that Plaintiffs' Complaint be dismissed, with prejudice;
16  and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such
17  further and additional relief as this Court may deem just and proper. The statement in the last sentence
18  of paragraph 202 sets forth a conclusion of law for which no response is required.

19      203.    Monsanto incorporates by reference its responses to paragraphs 1 through 202 in
20  response to paragraph 203 of Plaintiffs' Complaint.

21      204.    Monsanto denies the allegations in paragraph 204. Additionally, the allegations in the
22  last sentence in paragraph 204 set forth conclusions of law for which no response is required.

23      205.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of
24  the allegations in paragraph 205 concerning the decedent's claimed use of Roundup®-branded
25  products and therefore denies those allegations. The remaining allegations in paragraph 205 set forth
26  conclusions of law for which no response is required.

27      206.    The allegations in paragraph 206 set forth conclusions of law for which no response is

28

1 | required.

2 | 207.   Monsanto denies the allegations in paragraph 207.

3 | 208.   The allegation in paragraph 208 regarding a purported implied warranty sets forth a
4 | conclusion of law for which no response is required. Monsanto lacks information or knowledge
5 | sufficient to form a belief as to the truth of the remaining allegations in paragraph 208 and therefore
6 | denies those allegations.

7 | 209.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of
8 | the allegations in paragraph 209 concerning the condition of any Roundup®-branded product allegedly
9 | used by decedent or about decedent's alleged uses of such product and therefore denies the allegations
10 | in paragraph 209.

11 | 210.   Monsanto denies the allegations in paragraph 210.

12 | 211.   Monsanto denies the allegations in paragraph 211.

13 | 212.   Monsanto denies the allegations in paragraph 212.

14 | 213.   Monsanto denies the allegations in paragraph 213, including each of its subparts.

15 | 214.   Monsanto denies the allegations in paragraph 214, including each of its subparts.

16 | 215.   Monsanto denies the allegations in paragraph 215, including each of its subparts.

17 | 216.   In response to the first sentence in paragraph 216, Monsanto demands that judgment
18 | be entered in its favor and against plaintiffs; that Plaintiffs' Complaint be dismissed, with prejudice;
19 | and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such
20 | further and additional relief as this Court may deem just and proper. The statement in the last sentence
21 | of paragraph 216 sets forth a conclusion of law for which no response is required.

22 | 217.   Monsanto incorporates by reference its responses to paragraphs 1 through 216 in
23 | response to paragraph 217 of Plaintiffs' Complaint.

24 | 218.   Monsanto admits that plaintiff purports to bring certain claims alleged in paragraph 218
25 | of the Complaint but denies any liability as to those claims.

26 | 219.   Monsanto denies the allegations in paragraph 219.

27 | 220.   Monsanto denies the allegations in paragraph 220.

28 |

221.    Monsanto denies the allegations in paragraph 221.

222.    Monsanto denies the allegations in paragraph 222.

223.    Monsanto denies the allegations in paragraph 223.

224.    Monsanto denies the allegations in paragraph 224.

225.    Monsanto denies the allegations in paragraph 225.

226.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 226 regarding decedent's actions, and therefore Monsanto denies those allegations. Monsanto denies the remaining allegations in paragraph 226.

227.    Monsanto denies the allegations in paragraph 227.

228.    Monsanto denies the allegations in paragraph 228. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

229.    Monsanto denies the allegations in paragraph 229.

230.    Monsanto denies the allegations in paragraph 230, including each of its subparts.

231.    Monsanto denies the allegations in paragraph 231, including each of its subparts.

232.    Monsanto denies the allegations in paragraph 232, including each of its subparts.

233.    In response to the first sentence in paragraph 233, Monsanto demands that judgment be entered in its favor and against plaintiffs; that Plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of paragraph 233 sets forth a conclusion of law for which no response is required.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

### SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. Plaintiffs' claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3. Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' and/or decedent's alleged injuries.

4. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6. Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8. Plaintiffs' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9. Plaintiffs' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' and/or decedent's injuries, if any, were the result of conduct of plaintiff and/or decedent, independent third parties, and/or

events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's and/or decedent's pre-existing medical conditions.

11.   The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar Plaintiffs' claims against Monsanto in whole or in part.

12.   Applicable statutes of limitations and/or repose bar Plaintiffs' claims in whole or in part.

13.   Decedent's misuse or abnormal use of the product or failure to follow instructions bar Plaintiffs' claims in whole or in part.

14.   If plaintiff and/or decedent suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiffs' and/or decedent's alleged injuries or damages.

15.   Monsanto has no current or former legal relationship or privity with plaintiff and/or decedent and owed no duty by which liability could be attributed to it.

16.   Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff and/or decedent. If any such warranties were made, which Monsanto specifically denies, then plaintiff and/or decedent failed to give notice of any breach thereof.

17.   Plaintiffs have failed to allege fraud with sufficient particularity.

18.   Plaintiffs' claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19.   Plaintiffs' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the California Constitution, the Florida Constitution, and/or other applicable state

constitutions.

20.     Plaintiffs' claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under California law, Florida law, and/or other applicable state laws.

21.     Plaintiffs' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Fla. Stat. § 768.73. Monsanto would further show that under the facts of this case, however, an award of punitive damages consistent with the maximum awards permitted under Fla. Stat. § 768.73 would be a violation of Monsanto's state and federal constitutional rights.

22.     Plaintiffs' claims are barred in whole or in part by Plaintiff's and/or decedent's contributory/ comparative negligence.

23.     Plaintiffs' claims are barred in whole or in part by plaintiff's and/or decedent's failure to mitigate damages.

24.     Plaintiffs' claims are barred in whole or in part by the sophisticated user doctrine.

25.     To the extent that plaintiff and/or decedent recovered payments for the alleged injuries from any collateral source(s) or other source(s), Plaintiffs' recovery in this lawsuit, if any, shall be reduced to the extent allowed by applicable law, including as allowed for under Fla. Stat. § 768.76.

26.     If plaintiff and/or decedent have been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

27.     Plaintiffs' claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.     Plaintiffs' claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern Plaintiffs' claims.

29.     Plaintiffs' claims are barred, in whole or in part, by application of Fla. Stat. § 768.1256.

30.     In accordance with Fla. Stat. § 768.1257, Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state

of scientific and technological knowledge.

31.  Plaintiffs' and/or decedent's injuries, if any, were caused, in whole or in part, by the acts or omissions of persons other than Monsanto, whether individual, corporate, associate, or otherwise, whether named or unnamed in the Complaint, and for whose conduct Monsanto is not liable. Monsanto is not liable for damages proximately caused by non-parties, pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), including any other product used by plaintiff and/or decedent that was not manufactured, sold, or distributed by Monsanto.

32.  Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

WHEREFORE, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED: July 5, 2022                         Respectfully submitted,

                                                  SHOOK, HARDY & BACON L.L.P.

                                                  BY: */s/ Jennise W. Stubbs*
                                                      Jennise W. Stubbs
                                                      600 Travis Street, Suite 3400
                                                      Houston, TX 77002-2926
                                                    Telephone:   (713) 227-8008
                                                    Facsimile:   (713) 227-9508
                                                    Email:       jstubbs@shb.com

                                                    *Attorneys for Defendant*
                                                    *MONSANTO COMPANY*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I certify that on the 5th day of July, 2022, I electronically transmitted the foregoing **MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs