**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: 202-942-5000
Fax: 202-942-5999

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
Gregory S. Chernack (*pro hac vice
forthcoming*)
(gchernack@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639

*Attorneys for Defendant*
*MONSANTO COMPANY*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 ) ) Case No. 3:16-md-02741-VC ) |
| THIS DOCUMENT RELATES TO: | ) **DEFENDANT MONSANTO COMPANY'S** ) **REPLY TO MOTION TO COMPEL** ) **PLAINTIFFS' DISCOVERY RESPONSES.** ) |
| ALL WAVE IV CASES | ) Hearing Date: ) Time: ) ) |

MONSANTO COMPANY'S REPLY TO MOTION TO COMPEL PLAINTIFFS' RESPONSES
TO MONSANTO'S DISCOVERY REQUESTS

## <u>INTRODUCTION AND ISSUES TO BE DECIDED</u>

In accordance with Federal Rules of Civil Procedure 33, 34, and 36, and as discussed in Monsanto Company's ("Monsanto") Motion to Compel ("Motion"), Monsanto served discovery on plaintiffs in MDL Wave IV matters in November and December 2021, including Requests for Admission, Requests for Responses to Interrogatories, Requests to Permit Entry Upon Land, and Requests for Inspection of Tangible Goods (the "Requests"). These Requests sought, among other things, to determine details regarding each plaintiff's exposure to Roundup products and other alleged carcinogens. Although this discovery seeks relevant information, certain plaintiffs failed to answer some or all of it. On June 17, 2022, Monsanto, therefore, requested the Court to compel 13 plaintiffs to provide responses to Monsanto's discovery requests within one week of the Court's ruling.

On June 24, 2022, the Mussin & Scanland[1] firm filed an opposition for plaintiff Adrine Hann. *See* Pl. Hann's Resp. to Def.'s Mot. to Compel ("Hann Resp.").   On July 1, 2022, the Mussin & Scanland firm filed an opposition on behalf of a second plaintiff, plaintiff Linda Matthaus-Shelton. *See* Pl. Matthaus-Shelton's Resp. to Def.'s Mot. to Compel ("Matthaus-Shelton Resp.").   On July 1, 2022, plaintiffs[2] represented by The O'Brien Law Firm filed an Opposition to Monsanto's Motion.  Nine Pl.s' Opp'n to Mot. to Compel ("O'Brien Resp."). For

---

[1] Mussin & Scanland represents Wave IVC plaintiff Adrine Hann and Wave IVD plaintiff Linda Matthaus-Shelton.

[2] The O'Brien Law Firm represents Wave IVB plaintiffs David Booth, Denise Coressel (o/b/o James Coressel), Catherine Cryan, and Pamela Setzer (o/b/o William Setzer), Wave IVC plaintiffs Catherine Perry, Jason Rhuland, and Robert Wistinghausen, and Wave IVD plaintiffs Vivian Dominique (o/b/o Floyd Dominique) and Dean Rowland (the "O'Brien plaintiffs").

MONSANTO COMPANY'S REPLY TO MOTION TO COMPEL PLAINTIFFS' RESPONSES
TO MONSANTO'S DISCOVERY REQUESTS

the reasons stated in Monsanto's Motion and below, plaintiffs' arguments are without merit and

the Court should grant Monsanto's Motion.[3]

## ARGUMENT

**I.    Monsanto's Motion Should Be Granted as to the Mussin & Scanland Plaintiffs.**

A.  Plaintiff Matthaus-Shelton's Efforts to Complete Discovery Were Insufficient.

Plaintiff Matthaus-Shelton's responses, or lack thereof, to Monsanto's proper discovery

requests are insufficient on their face.  As Ms. Matthaus-Shelton agrees, the Federal Rules of

Civil Procedure ("FRCP" or the "Rules") envision that discovery "encompass[es] any matter that

bears on, or that reasonably could lead to other matters that could bear on, any issue that is or

may be in the case." Matthaus-Shelton Resp. at 2 (citations omitted).  Further, the Rules permit

parties to serve interrogatories, request the production of documents, and to serve requests for

admission. *Id.* at 2-3.  The Rules also permit a party to move for an order compelling a sufficient

response to discovery requests.  *Id.* at 3.  If a party contends discovery requests are improper,

such as Matthaus-Shelton infers in her Response, the party can file a motion for a protective

order, after making a showing of undue burdensomeness.  See Fed. R. Civ. P. 26(c); *Vietnam

Veterans of Am. v. C.I.A.*, No. 09-CV-0037 CW (JSC), 2011 WL 4635139, at *2 (N.D. Cal. Oct.

5, 2011).

First, Matthaus-Shelton has failed entirely to respond to Monsanto's First Set of

Interrogatories.  Monsanto has reached out to counsel for Matthaus-Shelton specifically on this

issue, but to no avail.  *See* Ex. C to Monsanto's Mot.  Matthaus-Shelton provided no legally

---

[3] The other plaintiffs that were a subject of the Motion did not file responses opposing the
Motion. The Motion should be granted as to those plaintiffs for the reasons outlined in the
Motion.

MONSANTO COMPANY'S REPLY TO MOTION TO COMPEL PLAINTIFFS' RESPONSES
TO MONSANTO'S DISCOVERY REQUESTS

sufficient explanation in her Response as to why she has not submitted her responses to Monsanto's Interrogatories, claiming only that she has given testimony at deposition (this issue is addressed *infra*).  Further, she has provided no legal foundation or supporting evidence as to why this failure to respond is excusable or justified.  Due to Matthaus-Shelton's inability to provide basic discovery in the form of responses to interrogatories, this Court should compel Matthaus-Shelton to respond to the outstanding discovery.  *See* Fed. R. Civ. P. 37.

Second, Matthaus-Shelton has not provided sufficient responses to the Requests.  In fact, the only written responses provided by Matthaus-Shelton address a *different plaintiff* who is a separate and different client of Mussin & Scanland, PLLC.  *See* Mot. at 6-7.  Further, assuming the responses applied to her at all, many of Matthaus-Shelton's responses were non-substantive and stood only on unfounded objections without providing a response.  *See id*. Again, in her Response, Matthaus-Shelton provides no legal argument as to why these responses are sufficient.

Third, Matthaus-Shelton argues that because she has participated in *some* discovery, further action or responses to all of the Interrogatories and Requests is not required.  *See* Matthaus-Shelton Resp. at 4.  Matthaus-Shelton's assertion that because she has been deposed, she need not respond to other discovery is unfounded, and she cites no legal authority to support this position.  If Matthaus-Shelton believes that responding to Monsanto's Requests in totality is unduly burdensome, she may move for a protective order.  *Vietnam Veterans of Am.*, 2011 WL 4635139, at *2 (finding that when a party contends that discovery requests are improper, the appropriate course of action is for that party to file a motion for a protective order).  Matthaus-Shelton has not done so.  Further, should Matthaus-Shelton file for a protective order, she must show the extent and nature of the alleged burden, and this showing must be supported by

MONSANTO COMPANY'S REPLY TO MOTION TO COMPEL PLAINTIFFS' RESPONSES
TO MONSANTO'S DISCOVERY REQUESTS

affidavit or other reliable evidence.  *See Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 528 (D. Nev. 1997) (finding that the FRCP requires parties claiming that discovery is unduly burdensome to allege specific facts which indicate the nature and extent of the burden, typically by affidavit or other reliable evidence).  Matthaus-Shelton has provided no such reliable evidence and should be compelled by this Court to respond.

Finally, at deposition Matthaus-Shelton identified a box of medical records, a Roundup-branded product container, photographs, and receipts for Roundup-branded product purchases as being in her possession.  Despite subsequent requests, these materials have not been produced. *See* Ex. D to Monsanto's Mot.  This Court should compel the production of these materials because these materials are properly discoverable and are relevant for Monsanto and its experts to ascertain essential elements of Matthaus-Shelton's claims such as her medical history, how she used Roundup, how much Roundup would have been necessary to kill weeds on her property, and what, if any, other chemicals she purchased and used, and the warnings that accompanied those chemicals.

B.  Plaintiff Hann's Efforts to Complete Discovery Were Insufficient.

Plaintiff Hann's responses, or lack thereof, to Monsanto's proper discovery requests are insufficient on their face.  Similar to Matthaus-Shelton, Hann agrees that the Federal Rules of Civil Procedure "envision and require open, far-reaching discovery," and that the Rules permit parties to serve interrogatories, request the production of documents, and to serve requests for admission.  Hann Resp. at 2 (citations omitted).  In her Response, Hann concurs that Monsanto's Requests were all permissible forms of discovery, and yet, as did Matthaus-Shelton, she failed to

MONSANTO COMPANY'S REPLY TO MOTION TO COMPEL PLAINTIFFS' RESPONSES
TO MONSANTO'S DISCOVERY REQUESTS

respond to much of the served discovery. What responses were provided were inadequate as explained below.

First, Hann has failed entirely to respond to Monsanto's First Set of Interrogatories. Monsanto has reached out to counsel for Hann specifically on this issue, but to no avail. *See* Ex. C to Monsanto's Mot. Hann's Response mirrored that of Matthaus-Shelton's, as she also provided no legitimate explanation as to why she has not submitted her responses to Monsanto's Interrogatories, except that she has given testimony at deposition. *See* Hann Resp. at 3-4. As discussed, attending a deposition is not a sufficient reason to ignore proper discovery requests under the applicable federal rules. This Court should compel Hann to produce her discovery responses. *See* Fed. R. Civ. P. 37.

Second, to the extent Hann has responded to some of the discovery propounded by Monsanto, the responses provided are deficient. For example, although Hann provided responses to Monsanto's Requests for Admission, these responses were identical to those submitted for the other clients of plaintiff's counsel's firm, Mussin & Scanland, PLLC.[4] *See* Mot. at 6-7. Further, as expected with identical responses, many of Hann's responses were also non-substantive and stood only on unfounded objections without providing a response. *See id.* Again, in her Response, Hann provides no legitimate or legally grounded argument as to why these responses are sufficient.

---

[4] Monsanto notes that, initially, Hann's responses to the Requests for Admission also named a different client of plaintiff's counsel's firm. This specific error, the name of plaintiff appearing through the document, was later corrected. The responses, however, remained identical to those of the other clients of the firm.

MONSANTO COMPANY'S REPLY TO MOTION TO COMPEL PLAINTIFFS' RESPONSES
TO MONSANTO'S DISCOVERY REQUESTS

Regarding the Requests for Entry to Land and Inspection of Property, Hann asserts that her counsel sent an email to Monsanto's counsel on June 3, at 12:16 pm requesting dates. *See* Hann Resp. at 3; Ex. A to Hann Resp. at 10. However, this request for dates by Hann's counsel was regarding counsel's other client, Matthaus-Shelton. Hann's counsel omits in her Response that on June 8 at 3:08 am Monsanto's Counsel responds to counsel's request for dates, stating "[w]e will get back to you shortly with availability in July and August for a site inspection of **Ms. Matthaus-Shelton's property**. **Would you like to provide dates for inspection in the Hann matter, or would you prefer our availability**?" Ex. A to Hann Resp. at 10 (emphasis added). Plaintiff's counsel did not respond to this message and has still not provided dates or asked for availability for entry and inspection of Hann's property.

Third, again like Matthaus-Shelton, Hann claims that her modest (and required) participation in *some limited* discovery permits her to avoid any further discovery responses. *See* Hann Resp. at 3-4. Again, if Hann believes that responding to Monsanto's Requests is unduly burdensome, she may also move for a protective order. *Vietnam Veterans of Am.*, 2011 WL 4635139, at *2. She has not done so and should be compelled by this Court to respond.

Last, at deposition Hann identified a calendar and receipts for Roundup-branded product purchases. Despite subsequent requests, these materials have not been produced. *See* Ex. D to Monsanto's Mot. This Court should compel the production of these materials because these materials are properly discoverable and are necessary for Monsanto and its experts to ascertain essential elements of plaintiff's claim such as, how and how often plaintiff used Roundup, how much Roundup would have been necessary to kill weeds on plaintiff's property, and what, if any,

MONSANTO COMPANY'S REPLY TO MOTION TO COMPEL PLAINTIFFS' RESPONSES
TO MONSANTO'S DISCOVERY REQUESTS

other chemicals plaintiff purchased and used, and the warnings that accompanied those

chemicals.

**II.    Monsanto's Motion Should Be Granted as to the O'Brien Plaintiffs.**

A.  Monsanto's Motion to Compel was Appropriate under the Federal Rules of Civil

Procedure.

The Federal Rules of Civil Procedure state that a party "may obtain discovery regarding

any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case." Fed. R. Civ. P. 26(b)(1).  Once discovery is issued and a motion to compel is

filed, the party opposing discovery bears the burden of showing that discovery was not

permissible.  *Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l*

*Missionary Soc'y*, 298 F.R.D. 633, 637 (S.D. Cal. 2014).  "[D]iscovery should ordinarily be

granted… where a more satisfactory showing of the facts is necessary."  *Laub v. U.S. Dep't of*

*Interior,* 342 F.3d 1080, 1093 (9th Cir.2003) (citation omitted).

The O'Brien plaintiffs have not met their burden of illustrating that discovery was not

permissible in this case, and that it was "being sought . . . to embarrass or harass, is irrelevant . . .

, or that the person seeking discovery fails to show need for the information."  *Colaco v. ASIC*

*Advantage Simplified Pension Plan*, 301 F.R.D. 431, 434 (N.D. Cal. 2014) (citing *Oppenheimer*

*Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17 (1978)).  The discovery sought here is directly

relevant to the potential carcinogens to which a plaintiff may be exposed and, thus, is reasonably

calculated to defending against plaintiffs' claims that exposure to glyphosate-based herbicides

caused their cancers.  Discovery of these exposures provide crucial evidence both as to the

affirmative opinions of Monsanto's experts and to an appropriate rebuttal to plaintiffs' experts'

opinions and plaintiffs' underlying claims.  For example, the following plaintiffs' claims warrant such discovery regarding exposure to classified carcinogens:

- Plaintiffs allege an IARC classification of carcinogenicity of glyphosate is evidence of causation. In fact, plaintiffs' complaints devote an entire section to the IARC classification. Compl. at 13, *David Booth v. Monsanto Company*, No. 3:20-cv-4654-VC; Compl. at 13, *Estate of James Coressel v. Monsanto Company*, No. 3:20-cv-3720-VC; Compl. at 12, *Catherine Cryan v. Monsanto Company*, No. 3:17-cv-5084-VC; Compl. at 14, *Estate of Floyd Dominique v. Monsanto Company*, No. 3:21-cv-2705-VC; Compl. at 14, *Catherine Perry v. Monsanto Company*, No. 3:21-cv-5621-VC; Compl. at 12, *Jason Rhuland v. Monsanto Company*, No. 3:19-cv-5598-VC; Compl. at 12, *Dean Rowland v. Monsanto Company*, No. 3:19-cv-5310-VC; Compl. at 12, *Estate of William Setzer v. Monsanto Company*, No. 3:17-cv-3448-VC; Compl. at 12, *Robert Wistinghausen v. Monsanto Company*, No. 3:20-cv-27-VC.

- Plaintiffs' experts rely on IARC as evidence of causation and have previously offered chemical "inventories" in their expert reports. Thus, if plaintiffs are exposed to other IARC carcinogens, then that is relevant information for defending against plaintiffs' theories of causation.

- Many of the chemicals and/or products classified as carcinogenic by the State of California or the National Toxicology Program contain cancer warnings on their labels.  Plaintiffs specifically allege that had Monsanto warned of the alleged association of glyphosate to NHL, they would not have used Roundup-branded glyphosate products. *See, e.g.,* Compl. at 2, 18, 26-27, 36, *Estate of Floyd Dominique v. Monsanto Company*,

MONSANTO COMPANY'S REPLY TO MOTION TO COMPEL PLAINTIFFS' RESPONSES
TO MONSANTO'S DISCOVERY REQUESTS

No. 3:21-cv-2705-VC.  Evidence that a plaintiff used other products containing cancer warnings is relevant to Monsanto's defense that it is not credible that plaintiff would not have used Roundup had it contained a hypothetical cancer warning.

Thus, the O'Brien plaintiffs' criticisms of the Requests are unfounded. Monsanto's Requests are both reasonable and relevant in the current litigation.

B.   Monsanto's Requests Did Not Violate Federal Rules of Civil Procedure 33, 34, and 36.

As discussed at length in the Motion and above, Monsanto's Requests serve to inform Monsanto's affirmative defenses and experts' opinions.  Specifically, contrary to the O'Brien plaintiffs' position, Monsanto's Interrogatories are critical for determination of exposures and did not surpass the limit set by Rule 33(a), permitting 25 total Interrogatories.

Monsanto's Interrogatory No. 1 contained permissible subparts that were not discrete separate subjects.  As an initial matter, Interrogatory No. 1 related back to responses provided to Requests for Admission No. 1, seeking further information about exposure to carcinogens admitted and identified in that Request. *See* Mot. at 3 n.3.  The O'Brien plaintiffs ignored this built-in limitation in Interrogatory No. 1, then proceeded to use their decision to do so as a purported basis to avoid responding to the remaining Interrogatories.[5]  *See* Mot. at 3 n.3, n.4, n.5. Notably, no other plaintiff in all of Wave IV similarly "misinterpreted" Interrogatory No. 1 or used it as a shield against providing any further responses.  The Interrogatory was clear, and the O'Brien plaintiffs' failure to answer it is impermissible.

---

[5] In their response, plaintiffs represent that they "did their best to provide interrogatory answers where possible." *See* O'Brien Resp. at 7. It was clear from their efforts and earlier indications, however, that plaintiffs did not intend to offer a good faith effort to respond to the interrogatories.

MONSANTO COMPANY'S REPLY TO MOTION TO COMPEL PLAINTIFFS' RESPONSES
TO MONSANTO'S DISCOVERY REQUESTS

Second, Interrogatory No. 1, in conjunction with Requests for Admission No. 1, seeks further information regarding plaintiffs' exposure to any carcinogens.  This singular Request will result in varying permissible subparts depending on the exposures encountered by individual plaintiffs.  Only plaintiffs are able to identify the carcinogens to which they have been exposed – not Monsanto when propounding the discovery.

Finally, the O'Brien plaintiffs claim that the subjects of the interrogatories could and should have been addressed during the plaintiffs' depositions.  O'Brien Resp. at 7.  This argument contradicts the federal discovery rules, which specifically permit differing types of discovery.  There are practical reasons this makes sense.  For example, it is true that plaintiff could be asked about chemical exposures in deposition and in many cases some questions in deposition touch upon this issue.  But throughout this litigation, many plaintiffs – especially in the midst of a multi-hour deposition – cannot recall specific exposures from household or workplace chemicals.  The served Request for Admission and Interrogatory allows plaintiffs to consult lists of classified carcinogens and any necessary references, potentially search their home or workplace for chemicals they may have been exposed to, identify only those to which they have been exposed, and describe their respective carcinogen exposure.  Throughout this litigation, many plaintiffs have been able to provide information via written discovery responses that they were not able to provide during their depositions.  Others who had no additional information stated that.  Wholesale objections – such as those of the O'Brien plaintiffs – do not comply with the reasonable discovery obligations imposed on plaintiffs by the Federal Rules and requires granting Monsanto's motion on this issue.

MONSANTO COMPANY'S REPLY TO MOTION TO COMPEL PLAINTIFFS' RESPONSES
TO MONSANTO'S DISCOVERY REQUESTS

C.  Monsanto's Requests for Admission Were Clear and Relevant.

Monsanto agrees that the O'Brien plaintiffs answered several of the Requests for Admission.  Monsanto did not challenge those responses in its Motion.  However, the O'Brien plaintiffs' objections to other requests lack merit.  *See* O'Brien Resp. at 6. For example, Request for Admission No. 3 requested an admission or denial regarding exposures to Proposition 65 chemicals, should plaintiffs know of any such exposures.  All of the O'Brien plaintiffs objected to this request without providing any substantive response.  In the O'Brien Response, counsel claims those objections are based on, amongst other reasons,[6] plaintiffs' apparently uniform difficulty in identifying many of the substances on the list.  O'Brien Resp. at 8-9.  If that is correct, plaintiffs could simply have denied that request and noted their reason for denying.

The O'Brien plaintiffs' objections to Request for Admission No. 3 are also baseless.  As discussed above, this request, seeking information regarding other potential exposures, serves to inform Monsanto's affirmative defenses and experts' opinions, and the perceived magnitude of a list does not excuse a plaintiff from providing relevant discovery where possible.  Additionally, had plaintiffs responded to the Interrogatories in full, they would have had the opportunity to clarify the time frame of exposure, which Monsanto could have cross-referenced with the substances' addition to the Proposition 65 list.  Further, after reviewing the Requests, plaintiffs

---

[6] The O'Brien plaintiffs proffered five reasons for not responding to Request for Admission No. 3: 1) having to review the Proposition 65 list for exposures was duplicative; 2) the magnitude of the Proposition 65 list was "obnoxious"; 3) the current list does not represent the list at the time of plaintiffs' exposure; 4) that many of the substances on the list have unrecognizable scientific names; and 5) none of the plaintiffs ever lived in California.

MONSANTO COMPANY'S REPLY TO MOTION TO COMPEL PLAINTIFFS' RESPONSES
TO MONSANTO'S DISCOVERY REQUESTS

had every opportunity to indicate and address any confusion during the meet and confer.  The

O'Brien plaintiffs did not do so, and therefore Monsanto's Motion should be granted.[7]

    D.  Monsanto's Filing of the Motion Complied with Civil Local Rule of the United States

        District Court of the Northern District of California 37-1(a).[8]

Local Rule 37-1(a) requires that "[c]ounsel have previously conferred for the purpose of

attempting to resolve all disputed issues."  Although plaintiffs contend in the O'Brien Response

that no meet an confer occurred regarding the disputed issues addressed in the Motion and the

December 29, 2021 Letter to Monsanto's counsel, in violation of Local Rule 37-1(a), counsel for

plaintiffs and Monsanto met on January 6, 2022 to discuss the disputed issues.  *See* Exs. G, H to

Monsanto's Mot.  The result of that conference and plaintiffs' subsequent decision not to answer

nearly all of the requested discovery rendered additional meet and confers unnecessary and

duplicative.

    The O'Brien plaintiffs were served with discovery on December 7, 2021.  One week prior

to deadline for response, plaintiffs' counsel sent a letter indicating their objections to the

Requests and suggested a meet and confer.  *See* Ex. G to Monsanto's Mot.  The parties agreed to

a meet and confer on January 6, 2022, during which the O'Brien plaintiffs agreed that instead of

---

[7] As indicated in the Motion, only 13 of the remaining plaintiffs in the MDL Wave IV had any
difficulty or confusion associated with completing the same Requests. The majority of the MDL
Wave IV plaintiffs provided substantive responses to the Requests for Admission in question.

[8] The O'Brien plaintiffs indicate in their brief Monsanto's Motion to Compel should not be
granted and that the Court should impose fees on Monsanto for violating the Local Rules.
O'Brien Resp. at 11.  Even if Monsanto did file this motion one day late, the O'Brien plaintiffs
have failed to show any prejudice, particularly given that the substantive issues contained require
resolution.

MONSANTO COMPANY'S REPLY TO MOTION TO COMPEL PLAINTIFFS' RESPONSES
TO MONSANTO'S DISCOVERY REQUESTS

seeking court intervention at that time, plaintiffs would respond to the discovery without waiving the right to object to individual requests.  Ex. H to Monsanto's Mot.

Plaintiff served their responses on February 7, 2022, at which time Monsanto identified the deficiencies that were previously described in the Motion.  Notably, instead of providing any substantive response to a substantial portion of the discovery, the O'Brien plaintiffs chose to file objections only – the exact intent that they expressed an intent to do in their earlier letter *before* the meet and confer.  *See* Ex. G to Monsanto's Mot.  No other Wave IV plaintiffs took this wholesale objections-only approach, and the O'Brien plaintiffs' repeat decision to do so made any further efforts to confer duplicative and futile.

E.  Monsanto's Filing of the Motion did not Violate Local Rule 37-2(a).

Local Rule 37-2 requires that "a motion to compel further responses to discovery requests must set forth each request in full, followed immediately by the objections and/or responses thereto.  For each such request, the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied."

Contrary to the O'Brien plaintiffs' contention, Monsanto did not fail to indicate relevant portions of the disputed requests and responses.  In the Motion, Monsanto clearly cited each individual discovery request with which a dispute arose, including the full language for that Request within the body of the Motion.  *See* Mot. at 3 n.3, 4 n.6, n.7.  Subsequently, Monsanto described the response received from plaintiffs and why that response was insufficient as to providing the relevant information sought.  *See generally* Mot. at 3-4.  To the extent that

MONSANTO COMPANY'S REPLY TO MOTION TO COMPEL PLAINTIFFS' RESPONSES
TO MONSANTO'S DISCOVERY REQUESTS

Requests were sufficiently addressed in plaintiffs' responses, Monsanto did not incorporate those into its motion, as no dispute exists.

## **CONCLUSION**

For the foregoing reasons, the Court should disregard the oppositions filed by the Mussin & Scanland plaintiffs and the O'Brien plaintiffs and grant Monsanto Company's Motion to Compel Plaintiffs' Discovery Responses in totality.  Further, should plaintiffs fail to provide responses or a legitimate basis for not providing responses to Monsanto's various Requests, Monsanto may move to dismiss that plaintiff.

DATED:  July 8, 2022

Respectfully submitted,

/s/ *Eric G. Lasker*

William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax:  202-942-5999

Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
Gregory S. Chernack (*pro hac vice forthcoming*)
gchernack@hollingsworthllp.com
HOLLINGSWORTH LLP
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax:  202-682-1639

Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
WILKINSON STEKLOFF LLP
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax:  202-847-4005

*Attorneys for Defendant Monsanto Company*

MONSANTO COMPANY'S REPLY TO MOTION TO COMPEL PLAINTIFFS' RESPONSES
TO MONSANTO'S DISCOVERY REQUESTS