# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

_____

Case No. 16-md-02741-VC

This document relates to:

**Hearing Date: August 4, 2022**
**Time: 2:30 p.m. (Pacific)**

*Edward B. Shipman v. Monsanto Co.,*
Case No. 3:21-cv-03272

| | |
|---|---|
| Adam J. Brody (P62035)<br>Brion B. Doyle (P67870)<br>Seth B. Arthur (P82033)<br>VARNUM LLP<br>Attorneys for Plaintiff<br>Bridgewater Place, P.O. Box 352<br>Grand Rapids, MI 49501-0352<br>(616) 336-6000<br>ajbrody@varnumlaw.com<br>bbdoyle@varnumlaw.com<br>sbarthur@varnumlaw.com<br><br>Eric G. Laker (*pro hac vice*)<br>Heather Pigman (*pro hac vice*)<br>John Kalas (*pro hac vice*)<br>HOLLINGSWORTH LLP<br>Attorneys for Defendant Monsanto Co.<br>1350 I St. NW<br>Washington, DC 20005<br>(202) 898-5843<br>elasker@hollingsworthllp.com<br>hpigman@hollingsworthllp.com<br>jkalas@hollingsworthllp.com | Brian L. Stekloff (*pro hac vice*)<br>Rakesh Kilaru (*pro hac vice*)<br>WILKINSON STEKLOFF LLP<br>Attorneys for Defendant Monsanto Co.<br>2001 M St. NW, 10th Floor<br>Washington, DC 20036<br>(202) 847-4030<br>bstekloff@wilkinsonstekloff.com<br>rkilaru@wilkinsonstekloff.com<br><br>Daniel Pariser (*pro hac vice*)<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>Attorneys for Defendant Monsanto Co.<br>555 12th St. NW<br>Washington, DC 20004<br>(202) 942-5000<br>daniel.pariser@arnoldporter.com<br><br>Anthony Martinez (*pro hac vice*)<br>SHOOK, HARDY & BACON LLP<br>Attorneys for Defendant Monsanto Co.<br>2555 Grand Blvd.<br>Kansas City, MO 64108<br>(816) 559-2683<br>amartinez@shb.com |

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B) AND PROPOSED ORDER

**TO THE CLERK OF THIS HONORABLE COURT AND ALL PARTIES OF RECORD**

> **Date August 4, 2022**
> **Time: 2:30 p.m. (Pacific)**
> **Courtoom: Courtroom 4**
> **Via Zoom at ID: 161 285 7657**
> **Password: 547298**
> **Judge Assigned: Vince Chhabria**

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that as soon as counsel may be heard via Zoom in Courtroom 4, United States District Court, Northern District of California,450 Golden Gate Avenue, San Francisco, California, 94102,  Edward Shipman, by and through undersigned counsel, will bring on for hearing a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b), on August 4, 2022, at 2:30 p.m., requesting this Honorable Court to vacate its May 16, 2022 Order Dismissing Cases with Prejudice for Failing to Comply with PTO 270, with regard to Plaintiff, Edward Shipman, only.

Movant's motion is based upon this Notice of Motion, the accompanying brief, the exhibits attached thereto, and any additional argument and evidence this Court may consider.

Plaintiff, Edward Shipman, by and through his undersigned counsel, Morris Bart, LLC, respectfully submits his Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) and requests that this Honorable Court vacate its May 16, 2022 Order Dismissing Cases with Prejudice for Failure to Comply with PTO No. 270, with regard to plaintiff Edward Shipman, only.  As set forth more fully in the accompanying brief, which is incorporated herein by reference, plaintiff, Edward Shipman, was at all pertinent times in compliance with PTO No. 270 prior to the dismissal of his suit. Accordingly, plaintiff respectfully submits, his suit should not have been dismissed and the requested relief reinstating the case should be granted.

A proposed Order is attached as **Exhibit A.**


July 12, 2022

                                        Respectfully submitted,


                                        */s/ John C. Enochs*
                                        MORRIS BART, LLC
                                        John C. Enochs (La. Bar. 22774)
                                        601 Poydras Street, 24 FL
                                        New Orleans, LA 70130
                                        (504) 526-1087
                                        jenochs@morrisbart.com

                                        /s/ Harrison Kemp
                                        MANN & KEMP
                                        Harrison Kemp, ABA No. 2008307
                                        221 West 2nd Street, Suite 408
                                        Little Rock, AR 72201
                                        (501) 222-7378
                                        harrison@mannkemp.com

                                        Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

_____

Case No. 16-md-02741-VC

This document relates to:

*Edward B. Shipman v. Monsanto Co.,*
Case No. 3:21-cv-03272

| | |
|---|---|
| Adam J. Brody (P62035)<br>Brion B. Doyle (P67870)<br>Seth B. Arthur (P82033)<br>VARNUM LLP<br>Attorneys for Plaintiff<br>Bridgewater Place, P.O. Box 352<br>Grand Rapids, MI 49501-0352<br>(616) 336-6000<br>ajbrody@varnumlaw.com<br>bbdoyle@varnumlaw.com<br>sbarthur@varnumlaw.com<br><br>Eric G. Laker (*pro hac vice*)<br>Heather Pigman (*pro hac vice*)<br>John Kalas (*pro hac vice*)<br>HOLLINGSWORTH LLP<br>Attorneys for Defendant Monsanto Co.<br>1350 I St. NW<br>Washington, DC 20005<br>(202) 898-5843<br>elasker@hollingsworthllp.com<br>hpigman@hollingsworthllp.com<br>jkalas@hollingsworthllp.com | Brian L. Stekloff (*pro hac vice*)<br>Rakesh Kilaru (*pro hac vice*)<br>WILKINSON STEKLOFF LLP<br>Attorneys for Defendant Monsanto Co.<br>2001 M St. NW, 10th Floor<br>Washington, DC 20036<br>(202) 847-4030<br>bstekloff@wilkinsonstekloff.com<br>rkilaru@wilkinsonstekloff.com<br><br>Daniel Pariser (*pro hac vice*)<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>Attorneys for Defendant Monsanto Co.<br>555 12th St. NW<br>Washington, DC 20004<br>(202) 942-5000<br>daniel.pariser@arnoldporter.com<br><br>Anthony Martinez (*pro hac vice*)<br>SHOOK, HARDY & BACON LLP<br>Attorneys for Defendant Monsanto Co.<br>2555 Grand Blvd.<br>Kansas City, MO 64108<br>(816) 559-2683<br>amartinez@shb.com |

**BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)**

I.      **INTRODUCTION**

This case was brought on behalf of plaintiff, Edward Shipman, and was recently dismissed pursuant to this Honorable Court's Pretrial Order No. 270 ("PTO 270").  That Order relates to the mandatory participation in the Court's settlement program required under Pretrial Order No. 240 ("PTO 240").  While plaintiff's case was originally subject to a show cause order for failing to participate in the settlement program, an agreement was reached with the Special Master regarding the submission of plaintiff's settlement packet along with the claims of several other clients who are also represented by undersigned counsel.  The agreement provided that undersigned counsel would submit settlement packets for fifteen clients by the end of the week of March 2, 2022, and the settlement packets for the remaining clients by the end of the month.  See, Exhibit A.  This correspondence recites:

> I have attached Appendix A to PTO 270.  All Morris Bart clients are highlighted in yellow. By my count there are 46. I have marked 15 of these as "Ready to Submit," which we will send to you by the end of the week.  We will submit the remainder by the end of this month…. I greatly appreciate your working with us to resolve this matter and the extension of time you have provided to submit claims documents… Please remain assured that it is our intention to participate fully with all requirements of the settlement program for all of our clients in MDL 2741.

The same exhibit includes communication from Mr. Feinberg stating:

> Thanks for your prompt email following our telephone conversation earlier this a.m.  You are correct in all particulars.  We await claim packets for 12 of your clients by the end of this week.  Could you provide a list of the 12?... Your 30 day extension is granted until the end of March.  Again, can you please provide us a list of the remaining clients who will be submitting claim packets within the 30 day extension.

Per Mr. Feinberg's request, the list attached to undersigned counsel's email of March 2, 2022, identifies the  twelve clients whose claims packets were identified as "Ready to Submit" as well as the remaining Morris Bart clients on the list whose claim packets would be submitted within thirty days per agreement with Mr. Feinberg.  See, Exhibit B. Mr. Shipman's case is identified on

Page 3 of the attachment and marked with a handwritten asterisk for purposes of the present motion.

On March 3, 2022, the day after Mr. Feinberg granted a thirty-day extension to submit Mr. Shipman's claim documents, Jenny Pham with the office of undersigned counsel submitted Mr. Shipman's claim forms to the Special Master.  See, Exhibit C.    Shortly thereafter, on the same day, the Special Master sent Ms. Pham a "Confirmation of Claim Form for Edward Shipman, Jr." See, Exhibit C.  This correspondence recites, "This email will confirm receipt of your claim with the Independent Roundup Settlement Program referenced above.  We will contact you if additional information or documentation is needed and will notify you once we have completed the review of your claim and made a final determination."  See, Exhibit C.

In a subsequent email on March 24, 2022, undersigned counsel confirmed to counsel for Monsanto that Mr. Shipman's claim packet had been submitted to Mr. Feinberg.  See, Exhibit D. Mr. Shipman is identified on page 3 of the Exhibit as "Submitted to Mr. Feinberg" and marked with an asterisk for purposes of the present motion.  Based upon this consideration, counsel for Monsanto agreed to postpone the deposition of Mr. Shipman pursuant to the Court's Wave V Order so that settlement of his claims could be pursued through the settlement program.  See, Exhibit D.

On or about March 25, 2022, Mr. Feinberg's office contacted undersigned counsel about Mr. Shipman's claim packet seeking to confirm that undersigned counsel were representing Mr. Shipman, because the suit was filed by undersigned counsel's co-counsel, Mann & Kemp.  On the same day, undersigned counsel sent email correspondence to Mr. Feinberg's office attaching a copy of the complaint and confirming that Mann & Kemp are co-counsel but that undersigned counsel are lead counsel on the claim. See, Exhibit E.

The foregoing written communications confirm that Mr. Shipman was granted a thirty-day extension on March 2, 2022 to submit his settlement documents and that he submitted these the very next day on March 3, 2022.  The Special Master confirmed receipt of the settlement documents the same day and advised that they would contact undersigned counsel if they need any additional information.  In fact, the Special Master contacted undersigned counsel on March 24, 2022 to confirm the relationship between undersigned counsel and Mr. Shipman's local counsel in Arkansas where the suit was originally filed.  Other communications between undersigned counsel and counsel for Monsanto also confirm that Mr. Shipman's claim documents had been submitted to Mr. Feinberg, and, accordingly, counsel for Monsanto agreed to postpone Mr. Shipman's deposition as a Wave V plaintiff pending efforts at settlement through the settlement program.

At all pertinent times undersigned counsel was under the impression that Mr. Shipman's case had been withdrawn from the show cause order based upon the submission of his claim documents to the Special Master and in accordance with the agreement with the Special Master. It was not until June 9, 2022 when the Special Master graciously contacted undersigned counsel regarding the May 16 Order dismissing Mr. Shipman's suit that undersigned counsel became aware that dismissal had taken place.  Undersigned counsel immediately advised the Special Master that undersigned counsel would seek to address the dismissal with the Court.  See, Exhibit F.  On June 10, 2022, the Special Master again confirmed that it had received Mr. Shipman's claim packet on March 3, 2022 and advised "Please keep us informed of your progress with responding to the dismissal order.  Once you get in touch with the Court, we will need confirmation of the reversal of the dismissal order and that the Claimant's case is back in the MDL.  In the meantime, the claim is still under review with the program." See, Exhibit G.

The foregoing confirms that Mr. Shipman was at all pertinent times in compliance with PTO 270 and submitted his claim documents in accordance with the extension granted for doing so by the Special Master.  These communications further confirm that Monsanto was aware that Mr. Shipman's claims documents had been submitted to the Special Master and Monsanto's agreement to postpone Mr. Shipman's Wave V deposition pending efforts to settle the claims.

While it remains unbeknownst to undersigned counsel why Mr. Shipman's case was not removed from the show cause order based upon his compliance with the deadline provided by the Special Master, undersigned counsel believes that this resulted from mere inadvertence somewhere in the process as counsel for the parties as well as the Special Master have all cooperated fully in connection with Mr. Shipman's participation in the settlement program.

Based upon the foregoing, undersigned counsel respectfully requests relief from the Court's Order of May 16, 2022 and respectfully requests that Mr. Shipman's suit be reinstated so that he may participate in the Court's settlement program, which was, at all pertinent times, the intention of the parties and the Special Master.

## II.    <u>BACKGROUND</u>

This litigation involves thousands of individuals cases alleging that Monsanto Company's RoundUp products caused plaintiffs to develop cancer.  In order to facilitate settlement in this Multi-District Litigation, the Court appointed Special Master, Kenneth Feinberg, to establish a settlement program (the "Settlement Program") and ordered all plaintiffs to participate in the Settlement Program pursuant to PTO 240.  The settlement offers made by Mr. Feinberg are binding on Defendant.  The plaintiffs can choose to either accept or reject an offer, and the offers are not negotiable once the Special Master conducts its analysis and extends an offer.  Pursuant to PTO

240, "[e]very current and future plaintiff in this MDL who has not already reached a settlement with Monsanto is ordered to participate in the program."

Plaintiff has diligently pursued his claims and complied with the procedural requirements imposed by the Court throughout this litigation, including PTO 240.  While Plaintiff's suit was initially subject to a show cause order for failing to comply with PTO 240, Mr. Feinberg granted Plaintiff a thirty-day extension within which to submit his claims documentation, and, after receiving the extension, Plaintiff submitted his claims documents to the Special Master the very next day.  At the time this Honorable Court dismissed the suit, Plaintiff's settlement documents were under review by the Special Master, who advised that this review would resume upon reinstatement of the claims by this Honorable Court.  None of these facts are disputed.  The parties acted in agreement that Plaintiff had timely submitted his claims documents, and, accordingly, Plaintiff's Weave 5 deposition was postponed so the parties could pursue settlement through the Court-ordered settlement program.  While it remains unbeknownst to Plaintiff why his suit remained on the show cause order following the extension granted by the Special Master, undersigned counsel believes this resulted from mere inadvertence as the parties and the Special Master are all in agreement that Plaintiff timely submitted his settlement documents in accordance with the Special Master's instructions.

Plaintiff's counsel represents numerous clients in this MDL suit against Defendant.  Each of the other clients successfully submitted the requested information to Mr. Feinberg for purposes of the Settlement Program after receiving the same extension as Plaintiff.  None of the other plaintiffs on the show cause order had their suits dismissed, because they, like Mr. Shipman, timely submitted their claims documents within the deadline provided by the Special Master.  Plaintiff was therefore in full compliance with PTO 240 at the time his suit was dismissed, and, accordingly,

Plaintiff respectfully requests that his suit be reinstated so that he may continue to participate in the Settlement Program in which his claims are already under review.

## III.   <u>STANDARD OF REVIEW</u>

Federal Rule 60(b) grants district courts broad discretion to relieve a party from a judgment or order for a reason of "mistake, inadvertence, surprise, or excusable neglect," provided that the party moves for such relief not more than a year after the judgment was entered.  Rule 60(b) guides the balance between the preference of deciding cases on the basis of their legal and factual merits and the interest of the Court in the finality of judgments. *Pena v. Seguros La Comercial,* 770 F.2d 811, 814 (9th Cir. 2001).

Rule 60(b) is "remedial in nature and … must be liberally applied. "*Falk v. Allen*, 739 F.2d 461.463 (9th Cir. 1984).  Additionally, the entry of judgment for failing to meet a procedural deadline is "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.  *Id.* At 463.  "[D]efault judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible.  "*New Gen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F2d 1470, 1472 (9th Cir. 1986)).

The three factors that govern relief from a judgment under Rule 60(b) are: "whether the [party's] culpable conduct led to the default; whether the [party] has a meritorious defense; and whether reopening the default judgment would prejudice the [opposing party]." *Falk,* 739 F.2d at 463; *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988); *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d. Cir. 1982) (identifying the factors that constitute "good cause" which govern relief from a judgment under Rule 60(b)). The determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the

proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs v. Brunswick Assocs Ltd. P'ship*, 507 U.S. 380, 395 (1993).

## IV.   <u>ARGUMENT</u>

### A.   <u>There is No Culpable Conduct.</u>

There is no culpable conduct in this case.  The Special Master granted a thirty-day extension within which Mr. Shipman could submit his claim documents, and Mr. Shipman submitted his documents the very next day.  The Special Master confirmed receipt of the claims documents and has advised that the documents are currently under review pending reinstatement of the case.  Plaintiff did everything he was asked to do and undersigned counsel were advised that Mr. Shipman would be removed from the show cause order.  There was no reason for anyone to believe that Mr. Shipman's claims would be dismissed as undersigned counsel, the Special Master and counsel for Monsanto were all cooperating in connection with the timely submission of Mr. Shipman's claims documents. "To be treated as culpable, the conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *Thompson v. American Home Assur Co.*, 95 F/3d 429, 433 (6th Cir. 1996) (quoting *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)).

Nothing in the circumstances of this case suggest that Plaintiff was deliberately attempting to manipulate the legal system, or that Plaintiff's engaged in willful, deliberate, or bad faith conduct. To the contrary, Plaintiff timely submitted his claims documents the day after being granted a thirty-day extension by the Special Master to do so.  The Special Master proceeded to review the claims documents, which remain under review, and Monsanto agreed to postpone Mr. Shipman's Wave V deposition so that settlement efforts could proceed.  None of the parties

believed that Mr. Shipman's claims remained subject to the show cause order, because Plaintiff did everything the Court-appointed Special Master asked him to do.

**B.  Mr. Shipman has a Meritorious Claim.**

Entry of judgment for failing to meet a procedural deadline is "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk*, 739 F.2d at 463. The burden on the party to present facts that would constitute a meritorious claim or defense is not extraordinary heavy. *TCI Grp.*, 244 F.3d at 700.  In this case, Mr. Shipman did not fail to meet a procedural deadline, because he was given a thirty-day extension by the Special Master to submit his claims documents, and then submitted his documents the very next day.  The fact that his suit remained on the show cause list after complying with the Special Master's deadline is a matter of mere inadvertence and bears no reflection on the merits of Mr. Shipman's claims.  Here, Plaintiff's case involves his development of cancer due to exposure to RoundUp.  Plaintiff has evidence supporting that exposure to RoundUp can lead to the development of cancer. There is no doubt that Plaintiff credibly states a claim for recovery against Defendant on the merits. However, rather than pursue a trial, Plaintiff timely submitted his claims documents to the Special Master, and his claims are presently under review based upon Mr. Shipman's timely submission of his claims documents.

**C.  There is No Prejudice to the Opposing Party.**

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp.*, 244 F.3d at 701. Rather, the standard is whether [the opposing party's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d 463. To be prejudicial to the opposing party, the delay caused by the dismissal "must result in the tangible harm   such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud

or collusion." *Thompson, 95 F.3d at 433-34.* "It should be obvious why merely being forced to litigate on the merits cannot be considered prejudicial" for purposes of granting relief from a judgement under Rule 60(b). TCI Grp., 244 F3d. at 701. There is no prejudice to the opposing party simply because that party loses a quick victory due to an opponent's procedural default. *Bateman v. United States Posta Service*, 231 F.3d 1220 (9th Cir. 2000). The procedural safeguard against prejudice contained in Rule 60(b) is the one-year limit on bringing a motion for relief. Fed. R. Civ. Pro. 60(b) ("A motion under Rule 60(b) must be made within a reasonable time---and for reasons (1), (2), and (3) no more than a year after the entry of the judgement or order or the date of the proceeding. ").

Here, the order dismissing Plaintiff's case with prejudice was entered on May 16, 2022. Plaintiff brings this motion less than thirty days after entry of the dismissal, and immediately upon being informed of the mistake by the Special Master. The Plaintiff, Monsanto, and the Special Master were all correctly under the impression that Mr. Shipman's case had been withdrawn from the show cause order based upon his timely submission of his claims documents to the Special Master. The only party who would be prejudiced by failing to grant the requested relief would be Plaintiff, who did everything he was supposed to do and who simply wishes to participate in the settlement program to which he timely submitted his claims.

## V. **<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff respectfully request that this Honorable Court vacate the Order Dismissing Cases with Prejudice for Failure to Comply with PTO No. 270, with regard to Plaintiff's case only, and allow the review of Plaintiff's claims documents by the Special Master to resume.

July 12, 2022

Respectfully submitted,


*/s/ John C. Enochs*
MORRIS BART, LLC
John C. Enochs (La. Bar. 22774)
601 Poydras Street, 24 FL
New Orleans, LA 70130
(504) 526-1087
jenochs@morrisbart.com

/s/ Harrison Kemp
MANN & KEMP
Harrison Kemp, ABA No. 2008307
221 West 2nd Street, Suite 408
Little Rock, AR 72201
(501) 222-7378
harrison@mannkemp.com

Counsel for Plaintiff