**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:    (713) 227-8008
Facsimile:    (713) 227-9508
Email:            jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *Michael Demarmels v. Monsanto Co.*, Case No. 3:22-cv-04406-VC | |

**MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies. Monsanto denies – and objects to – allegations by plaintiff that purport to lump Monsanto together with other defendants. Monsanto responds to the allegations in the Complaint only on behalf of Monsanto and not on behalf of any other defendant. Silence as to any allegations shall constitute a denial.

1.    Monsanto admits that plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto denies the remaining allegations in paragraph 1.

- 1 -

2.      Monsanto denies the allegations in paragraph 2.

3.      Monsanto denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiff's Complaint.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in the first sentence of paragraph 7 set forth conclusions of law for which no response is required. In response to the allegations in the final sentence of paragraph 7, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9.      In response to the allegations in the first sentence of paragraph 9, Monsanto admits that plaintiff purports to bring a claim for personal injuries, but denies any liability as to that claim. Monsanto denies the remaining allegations in paragraph 9.

10.     The allegations in paragraph 10 comprise attorney characterizations and are accordingly denied. Monsanto states that Roundup®-branded products have a variety of separate and distinct uses and formulations.

11.     Monsanto admits the allegations in paragraph 11.

12.     The allegations in paragraph 12 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

13.     The allegations in paragraph 13 are directed at a defendant other than Monsanto, so no response from Monsanto is required for these allegations.

14.     The allegations in paragraph 14 are directed at a defendant other than Monsanto, so

- 2 -

1   no response from Monsanto is required for these allegations.

2        15.    In response to the allegations in paragraph 15, Monsanto admits that it is an indirect,

3   wholly owned subsidiary of Bayer AG.

4        16.    Monsanto admits the allegations in paragraph 16.

5        17.    The allegations in paragraph 17 are directed at a defendant other than Monsanto, so

6   no response from Monsanto is required for these allegations.

7        18.    Monsanto denies the allegations in paragraph 18 and denies – and objects to –

8   allegations by plaintiff that purport to lump Monsanto together with other defendants.

9        19.    In response to the allegations in paragraph 19, Monsanto admits that it has sold

10   Roundup®-branded products in New York.

11        20.    The allegations in paragraph 20 are vague and conclusory and comprise attorney

12   characterizations and are accordingly denied.

13        21.    The allegations in paragraph 21 are vague and conclusory and comprise attorney

14   characterizations and are accordingly denied.

15        22.    The allegations in paragraph 22 are vague and conclusory and comprise attorney

16   characterizations and are accordingly denied.

17        23.    In response to the allegations in paragraph 23, Monsanto admits that it has designed,

18   researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed

19   Roundup®-branded products.

20        24.    The allegations in paragraph 24 comprise attorney characterizations and are

21   accordingly denied.

22        25.    The allegations in paragraph 25 comprise attorney characterizations and are

23   accordingly denied.

24        26.    Monsanto denies the allegations in paragraph 26.

25        27.    Monsanto admits that it has designed, researched, manufactured, tested, advertised,

26   promoted, marketed, sold, and distributed Roundup®-branded products. The remaining

27   allegations in paragraph 27 set forth conclusions of law for which no response is required.

- 3 -

28

28.     Monsanto admits that it is an agricultural biotechnology corporation with its principal place of business in St. Louis County, Missouri. Monsanto admits that it and its affiliated companies have operations and offices in countries around the world. Monsanto states that the remaining allegations in paragraph 28 are vague and that it accordingly lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies those allegations.

29.     Monsanto admits the allegations in paragraph 29.

30.     Monsanto admits the allegations in paragraph 30.

31.     In response to the allegations in paragraph 31, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 31 are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore denies those allegations.

32.     Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 32 comprise attorney characterizations and are accordingly denied.

33.     Monsanto admits the allegations in paragraph 33.

34.     Monsanto generally admits the allegations in paragraph 34, but denies the allegations in paragraph 34 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

35.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies those allegations.

36.     Monsanto admits that it has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining

- 4 -

sentences of paragraph 36 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 36.

37.     Monsanto admits the allegations in paragraph 37.

38.     Monsanto admits that Roundup®-branded products have been used by farmers for approximately 45 years. Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 38.

39.     The allegations in paragraph 39 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto admits the allegations in paragraph 39.

40.     In response to the allegations in paragraph 40, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). The remaining allegations in paragraph 31 set forth conclusions of law for which no response is required.

41.     The allegations in paragraph 41 set forth conclusions of law for which no response is required.

42.     In response to the allegations in paragraph 42, Monsanto admits that Roundup®-branded products are registered by EPA for manufacture, sale and distribution and are registered by the State of New York for sale and distribution.

43.     In response to the allegations in paragraph 43, Monsanto admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. Monsanto states that the term "the product tests" in the final sentence of paragraph 43 is vague and ambiguous, and Monsanto therefore denies the same. The remaining allegations in paragraph 43 set forth conclusions of law for which no answer is required.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:22-cv-04406-VC

44.     Monsanto denies the allegations in paragraph 44 to the extent that they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Monsanto admits that EPA is in the process of conducting regulatory review of various pesticide products, but Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44 regarding such pesticide products generally and therefore denies those allegations. The remaining allegations in paragraph 44 set forth conclusions of law for which no response is required.

45.     Plaintiff improperly numbered this as second-numbered paragraph 45. In response to the allegations in second-numbered paragraph 45, Monsanto admits that EPA has undertaken a regulatory review of glyphosate and further admits that EPA has not released its findings. Monsanto states, however, that: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] `not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2] Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] `not likely to be carcinogenic to humans'."[3]

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094. The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document — Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:22-cv-04406-VC

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in second-numbered paragraph 45 and therefore denies those allegations.

46.     In response to the allegations in paragraph 46, Monsanto admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any admission of wrongdoing by Monsanto. Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer. To the extent the subparts purport to quote a document, the document speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 46 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

47.     In response to the allegations in paragraph 47, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General. The assurance speaks for itself and thus does not require any further answer. The remaining allegations in paragraph 47 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

48.     Monsanto denies the allegations in paragraph 48.

49.     In response to the allegations in paragraph 49, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 49 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 49.

50.     Monsanto denies the allegations in paragraph 50.

51.     In response to the allegations in paragraph 51, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 51 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 and therefore denies those allegations.

52.     Monsanto admits the allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that the allegations in paragraph 53 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 and therefore denies those allegations.

54.     Monsanto states that the term "toxic" as used in paragraph 54 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity. Monsanto denies the allegations in paragraph 54.

55.     Monsanto admits the allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Monsanto admits that Julie Marc published a study entitled "Glyphosate-based pesticides affect cell cycle regulation" in 2004. To the extent that paragraph 57 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 57.

58.     In response to the allegations in paragraph 58, Monsanto states that these documents speak for themselves and do not require a response. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 58.

59.     In response to the allegations in paragraph 59, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 59 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60.

61.     In response to the allegations in paragraph 61, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 61 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

- 8 -

paragraph 61.

62.     In response to the allegations in paragraph 62, Monsanto states that the cited document speaks for itself and does not require a response. To the extent that paragraph 62 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 62.

63.     Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 63.

64.     Monsanto denies the allegations in paragraph 64.

65.     Monsanto denies the allegations in paragraph 65.

66.     Monsanto denies the allegations in paragraph 66.

67.     Monsanto denies the allegations in paragraph 67.

68.     Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 68.

69.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 69 and therefore denies those allegations.

70.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore denies those allegations. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

71.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first three sentences of paragraph 71 and therefore denies those allegations. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

72.     Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen. Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic

1   evidence was "cumulative." Monsanto admits that the full IARC Monograph regarding

2   glyphosate was published on July 29, 2015 and that the Monograph purported to classify

3   glyphosate as a class 2A carcinogen. The remaining allegations in paragraph 72 are vague and

4   conclusory and comprise attorney characterizations and are accordingly denied.

5       73.    Monsanto admits that the full IARC Monograph regarding glyphosate was

6   published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class

7   2A carcinogen. In response to the remaining allegations in paragraph 73, Monsanto states that the

8   document speaks for itself and does not require a response. To the extent that a response is deemed

9   required, the remaining allegations in paragraph 73 comprise attorney characterizations and are

10  accordingly denied.

11      74.    In response to the allegations in paragraph 74, Monsanto states that the document

12  speaks for itself and does not require a response. To the extent that a response is deemed required,

13  the allegations in paragraph 74 comprise attorney characterizations and are accordingly denied.

14      75.    In response to the allegations in paragraph 75, Monsanto states that the document

15  speaks for itself and does not require a response. To the extent that a response is deemed required,

16  the allegations in paragraph 75 comprise attorney characterizations and are accordingly denied.

17      76.    Monsanto denies the allegations in paragraph 76.

18      77.    The allegations in paragraph 77 comprise attorney characterizations and are

19  accordingly denied.

20      78.    Monsanto admits the allegations in paragraph 78.

21      79.    In response to the allegations in paragraph 79, Monsanto states that the cited

22  document speaks for itself and does not require a response. To the extent that paragraph 79

23  characterizes the meaning of the cited study, Monsanto denies the remaining allegations in

24  paragraph 79.

25      80.    In response to the allegations in paragraph 80 Monsanto admits that certain studies

26  have reported that glyphosate and glyphosate-based formulations induced oxidative stress under

27  artificial experimental conditions. Monsanto denies that these studies provide any reliable

28

1  evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or
2  animals under real-world exposure conditions. Monsanto denies the remaining allegations in
3  paragraph 80.

4        81.     The allegations in paragraph 81 are vague and ambiguous and are accordingly
5  denied.

6        82.     In response to the allegations in paragraph 82, Monsanto states that the cited
7  document speaks for itself and does not require a response.

8        83.     In response to the allegations in paragraph 83, Monsanto states that the cited
9  document speaks for itself and does not require a response. To the extent that paragraph 83
10 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in
11 paragraph 83.

12       84.     Monsanto denies the allegations in paragraph 84.

13       85.     In response to the allegations in paragraph 85, Monsanto states that the cited
14 document speaks for itself and does not require a response. Monsanto otherwise denies the
15 allegations in paragraph 85.

16       86.     Monsanto admits that there is no reliable evidence that Roundup®-branded products
17 are genotoxic, and that regulatory authorities and independent experts agree that Roundup®-
18 branded products are not genotoxic. Monsanto otherwise denies the allegations in paragraph 86.

19       87.     Monsanto denies the allegations in paragraph 87.

20       88.     Monsanto denies the allegations in paragraph 88.

21       89.     Monsanto denies the allegations in paragraph 89.

22       90.     Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice
23 exposed to glyphosate. Monsanto denies the remaining allegations in paragraph 90.

24       91.     Monsanto denies the allegations in paragraph 91.

25       92.     Monsanto denies the allegations in paragraph 92.

26       93.     Monsanto admits the allegations in paragraph 93.

27       94.     Monsanto denies the allegations in paragraph 94.

28

- 11 -

95.  Monsanto admits the allegations in paragraph 95.

96.  Monsanto denies the allegations in paragraph 96.

97.  Monsanto denies the allegations in paragraph 97.

98.  Monsanto denies the allegations in paragraph 98.

99.  Monsanto denies the allegations in paragraph 99.

100.  Monsanto denies the allegations in paragraph 100.

101.  Monsanto denies the allegations in paragraph 101.

102.  In response to the allegations in paragraph 102, Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact. Monsanto denies the remaining allegations in paragraph 102.

103.  In response to the allegations in paragraph 103, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling. Monsanto otherwise denies the allegations in paragraph 103.

104.  In response to the allegations in paragraph 104, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

105.  In response to the allegations in paragraph 105, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products. Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen. Monsanto denies the remaining allegations in paragraph 105.

106.  Monsanto denies the allegations in paragraph 106.

107.  Monsanto denies the allegations in paragraph 107.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:22-cv-04406-VC

1    108.   Monsanto denies the allegations in paragraph 108.

2    109.   Monsanto denies the allegations in paragraph 109.

3    110.   Monsanto denies the allegations in paragraph 110.

4    111.   Monsanto denies the allegations in paragraph 111.

5    112.   Monsanto denies the allegations in paragraph 112.

6    113.   Monsanto denies the allegations in paragraph 113.

7    114.   Monsanto denies the allegations in paragraph 114.

8    115.   Monsanto denies the allegations in paragraph 115.

9    116.   Monsanto denies the allegations in paragraph 116.

10   117.   Monsanto incorporates by reference its responses to paragraphs 1 through 116 in
11   response to paragraph 117 of plaintiff's Complaint.

12   118.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth
13   of the allegations in paragraph 118 and therefore denies those allegations.

14   119.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth
15   of the allegations in paragraph 119 and therefore denies those allegations.

16   120.   Monsanto denies the allegations in paragraph 120.

17   121.   Monsanto incorporates by reference its responses to paragraphs 1 through 120 in
18   response to paragraph 121 of plaintiff's Complaint.

19   122.   Monsanto denies the allegations in paragraph 122.

20   123.   In response to the allegations in paragraph 123, Monsanto admits that it has stated
21   that Roundup®-branded products are safe when used as labeled and that they are non-toxic and
22   non-carcinogenic.

23   124.   In response to the allegations in paragraph 124, Monsanto states that the cited
24   document speaks for itself and does not require a response.

25   125.   Monsanto denies that exposure to Roundup®-branded products and glyphosate
26   exposed plaintiff to risk of plaintiff's alleged cancer and denies the remaining allegations in
27   paragraph 125. Monsanto states, however, that the scientific studies upon which IARC purported

- 13 -

28

to base its classification were all publicly available before March 2015.

126.   Monsanto denies the allegations in the first, third, and last sentences of paragraph 126. Monsanto denies that it engaged in the "wrongdoing" alleged in the Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer. Monsanto states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015. The remaining allegations in paragraph 126 set forth conclusions of law for which no response is required, consist of attorney characterizations and are accordingly denied, or comprise allegations for which Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies those allegations.

127.   In response to the allegations in the fifth sentence of paragraph 127, Monsanto denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate. Monsanto states that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015. The allegations in the last sentence of paragraph 127 set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations.

128.   Monsanto incorporates by reference its responses to paragraphs 1 through 127 in response to paragraph 128 of plaintiff's Complaint.

129.   The allegations in paragraph 129 set forth conclusions of law for which no response is required.

130.   Monsanto denies the allegations in paragraph 130.

131.   Monsanto denies the allegations in paragraph 131, including each of its subparts.

132.   Monsanto denies the allegations in paragraph 132.

133.   Monsanto denies the allegations in paragraph 133.

134.   Monsanto denies the allegations in paragraph 134, including each of its subparts.

135.   Monsanto denies the allegations in paragraph 135.

- 14 -

1    136.   Monsanto denies the allegations in paragraph 136.

2    137.   Monsanto denies the allegations in paragraph 137.

3    138.   Monsanto denies the allegations in paragraph 138.

4    139.   Monsanto incorporates by reference its responses to paragraphs 1 through 138 in

5    response to paragraph 139 of plaintiff's Complaint.

6    140.   In response to the allegations in paragraph 140, Monsanto lacks information or

7    knowledge sufficient to form a belief as to the truth of the allegations that plaintiff used or was

8    exposed to Roundup®-branded products and therefore denies those allegations. Monsanto denies

9    the remaining allegations in paragraph 140.

10   141.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

11   of the allegations in paragraph 141 and therefore denies those allegations.

12   142.   Monsanto denies the allegations in paragraph 142.

13   143.   Monsanto denies the allegations in paragraph 143.

14   144.   Monsanto denies the allegations in paragraph 144.

15   145.   Monsanto denies the allegations in paragraph 145, including each of its subparts.

16   146.   Monsanto denies the allegations in paragraph 146.

17   147.   Monsanto denies that Roundup®-branded products have "dangerous

18   characteristics." Monsanto lacks information or knowledge sufficient to form a belief as to the

19   truth of the remaining allegations in paragraph 147 and therefore denies those allegations.

20   148.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth

21   of the allegations in paragraph 148 and therefore denies those allegations.

22   149.   Monsanto denies the allegations in paragraph 149.

23   150.   The allegations in paragraph 150 set forth conclusions of law for which no response

24   is required.

25   151.   Monsanto denies the allegations in paragraph 151.

26   152.   Monsanto denies the allegations in paragraph 152.

27   153.   Monsanto denies the allegations in paragraph 153.

28

154.   Monsanto denies the allegations in paragraph 154.

155.   Monsanto denies the allegations in paragraph 155.

156.   Monsanto denies the allegations in paragraph 156.

157.   Monsanto denies the allegations in paragraph 157.

158.   Monsanto denies the allegations in paragraph 158.

159.   Monsanto denies the allegations in paragraph 159.

160.   Monsanto incorporates by reference its responses to paragraphs 1 through 159 in response to paragraph 160 of plaintiff's Complaint.

161.   The allegations in paragraph 161 set forth conclusions of law for which no response is required.

162.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 162 and therefore denies those allegations.

163.   Monsanto denies the allegations in paragraph 163. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

164.   Monsanto denies the allegations in paragraph 164.

165.   Monsanto denies the allegations in paragraph 165. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

166.   Monsanto denies the allegations in paragraph 166. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

167.   Monsanto denies the allegations in paragraph 167.

168.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 168 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 168.

169.   The allegations in paragraph 169 set forth conclusions of law for which no response

is required.

170.   Monsanto denies the allegations in paragraph 170.

171.   Monsanto denies the allegations in paragraph 171.

172.   Monsanto denies the allegations in paragraph 172.

173.   Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 173.

174.   The allegations in paragraph 174 set forth conclusions of law for which no response is required.

175.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 175 and therefore denies those allegations.

176.   Monsanto denies the allegations in paragraph 176.

177.   Monsanto denies the allegations in paragraph 177.

178.   Monsanto denies the allegations in paragraph 178.

179.   Monsanto denies the allegations in paragraph 179.

180.   Monsanto denies the allegations in paragraph 180.

181.   Monsanto incorporates by reference its responses to paragraphs 1 through 180 in response to paragraph 181 of plaintiff's Complaint.

182.   Monsanto denies the allegations in paragraph 182.

183.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 183 concerning the plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 183 set forth conclusions of law for which no response is required.

184.   The allegations in paragraph 184 set forth conclusions of law for which no response is required.

185.   Monsanto denies the allegations in paragraph 185.

186.   The allegation in paragraph 186 regarding a purported implied warranty sets forth conclusions of law for which no response is required. Monsanto lacks information or knowledge

- 17 -

1  sufficient to form a belief as to the truth of the remaining allegations in paragraph 186 and
2  therefore denies those allegations.

3      187.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth
4  of the allegations in paragraph 187 regarding plaintiff's reliance and therefore denies the
5  allegations in paragraph 187. The remaining allegations in paragraph 187 set forth conclusions
6  of law for which no response is required.

7      188.   Monsanto denies the allegations in paragraph 188.

8      189.   Monsanto denies the allegations in paragraph 189.

9      190.   Monsanto denies the allegations in paragraph 190.

10     191.   Monsanto incorporates by reference its responses to paragraphs 1 through 190 in
11  response to paragraph 191 of plaintiff's Complaint.

12     192.   The allegations in paragraph 192 set forth conclusions of law for which no response
13  is required.

14     193.   Monsanto denies the allegations in paragraph 193.

15     194.   Monsanto denies the allegations in paragraph 194.

16     195.   Monsanto denies the allegations in paragraph 195.

17     196.   Monsanto denies the allegations in paragraph 196.

18     197.   Monsanto denies the allegations in paragraph 197.

19     198.   Monsanto denies the allegations in paragraph 198.

20     199.   Monsanto denies the allegations in paragraph 199.

21     200.   Monsanto denies the allegations in paragraph 200.

22     201.   Monsanto denies the allegations in paragraph 201.

23     202.   Monsanto denies the allegations in paragraph 202.

24     203.   Monsanto denies the allegations in paragraph 203.

25      In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto
26  denies that plaintiff is entitled to the relief sought therein, including any judgment for any
27  damages, interest, costs, or any other relief whatsoever.

28

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.     Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.     Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

4.     Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.     Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.     Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco,* 275 F.3d 1199 (9th Cir. 2002).

7.     Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.     Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product

- 19 -

labeling.

9.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

10.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

14.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damage resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

15.     Monsanto had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff. If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the

Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

18.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the New York Constitution, and/or other applicable state constitutions.

19.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of punitive and/or exemplary damages under New York law and/or other applicable state laws.

20.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

21.     Plaintiff's claims are barred in whole or in part by plaintiff's own contributory/comparative negligence.

22.     Plaintiff's claims are barred in whole or in part by plaintiff's own failure to mitigate damages.

23.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

24.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

25.     If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Monsanto product.

26.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

27.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28.     Plaintiff's claims for punitive, exemplary, and/or aggravated damages are barred and/or limited by operation of state and/or federal law.

29.     To the extent that plaintiff recovered payments for their alleged injuries from any collateral source(s) or other source(s), plaintiff's recovery in this lawsuit, if any, shall be reduced

- 21 -

to the extent allowed by applicable law, including as allowed for under NY CPLR § 4545.

30.    Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

31.    Plaintiff's injuries, if any, were caused, in whole or in part, by the acts or omissions of persons other than Monsanto, whether individual, corporate, associate, or otherwise, whether named or unnamed in the Complaint, and for whose conduct Monsanto is not liable. Monsanto is not liable for damages proximately caused by non-parties, including any other product used by plaintiff that was not manufactured, sold, or distributed by Monsanto.

32.    Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE,** Defendant Monsanto demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  August  17, 2022

Respectfully  submitted,

SHOOK, HARDY & BACON L.L.P.

BY: */s/ Jennise W. Stubbs*
    Jennise  W. Stubbs
    600 Travis Street, Suite 3400
    Houston, TX 77002-2926
    Telephone:  (713) 227-8008
    Facsimile:  (713) 227-9508
    Email:  jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:22-cv-04406-VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that on the 17th day of August, 2022, I electronically transmitted the foregoing **MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal, and a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  & 3:22-cv-04406-VC