**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel:  202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel:  202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel:  415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310 -576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| *Westfall et al v. Monsanto Company, 3:21-cv-02909-VC* | **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS**<br><br>**Hearing:**<br>Date:   October 6, 2022<br>Time:   9:30 a.m.<br>Place:  Courtroom 4 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 6, 2022 at 9:30 am in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will move this Court for an order, pursuant to Federal Rule of Civil Procedure 56(c), entering judgment in its favor and against Wave 4 Plaintiffs Jeffrey Westfall and Lorraine Westfall ("Plaintiffs"), on the grounds that there is no genuine issue of material fact as to any claim for relief brought by the Plaintiffs, and Monsanto is entitled to summary judgment.

Dated: August 19, 2022                     Respectfully submitted,

                                           */s/ Jed P. White*
                                           Jed P. White
                                           *Attorney for Defendant Monsanto Company*

**MEMORANDUM OF POINTS AND AUTHORITIES**

To prevail on any of their claims, Plaintiffs Jeffrey Westfall and Lorraine Westfall ("Plaintiffs") must prove that Roundup was the proximate cause of Mr. Westfall's cancer. Whether Roundup—a chemical compound—is defective, can cause cancer generally, and whether it actually did cause Mr. Westfall's cancer specifically, are specialized issues for which expert testimony is required. Plaintiffs failed to disclose any expert reports regarding specific causation, which were due July 22, 2022. Without expert testimony to prove specific causation, none of Plaintiffs' claims may proceed.

**BACKGROUND**

Plaintiffs are resident of Ohio who allege that exposure to Monsanto's Roundup®-branded herbicides ("Roundup") caused Mr. Westfall to develop cancer. *See* Complaint (ECF 1-1) ¶ 1, 8. Mr. Westfall was diagnosed with cutaneous T-cell lymphoma, a type of non-hodgkin's lymphoma ("NHL") in 2020. *See id*. at ¶ 126. Plaintiffs seek to hold Monsanto responsible for Mr. Westfall's NHL, asserting seven claims: (1) negligence;[1] (2) strict products liability (design defect); (3) strict products liability (failure to warn); (4) fraudulent omission; (5) affirmative fraud; (6) unjust enrichment; and (7) loss of consortium. The lynchpin of Plaintiffs' claims is that glyphosate—the active-ingredient in Roundup—caused Mr. Westfall's NHL and that Monsanto should have included cancer warnings on those products. *See id*. at ¶¶ 1-2.

On April 12, 2022, this MDL Court required all Wave 4 plaintiffs to submit expert reports no later than July 22, 2022. *See* Order Granting Motion for Extension of Expert Deadlines in Wave 4 ("Wave 4 Scheduling Order")(MDL ECF #14763). The expert discovery required by this Order must be accompanied by written reports signed by the experts and must contain "a complete statement of all opinions the witnesses will express and the basis and reasons for them," among other information. Fed. R. Civ. P. 26(a)(2)(B)(i).

---

[1] Plaintiffs' complaint omits a title for their first claim for relief, but based on the allegations it appears that Plaintiffs have attempted to state a claim for negligence. *See* Complaint (ECF 1-1) ¶¶ 136-147.

Plaintiffs did not submit an expert report regarding specific causation by the July 22, 2022 deadline. Specifically, Plaintiffs have not served any expert report containing case-specific evidence of a causal link between Roundup exposure and Mr. Westfall's cancer. (Declaration of Jed White ("White Decl."), ¶ 3.)

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when it could affect the outcome of the case, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of "informing" the Court that there exists the "absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must come forward with evidence to show there is in fact a genuine issue for trial. *Id.* at 323-24. A "complete failure of proof concerning an essential element of the nonmoving party's case" warrants summary judgment and "necessarily renders all other facts immaterial." *Id.* at 323.

### ARGUMENT

**I.   SUMMARY JUDGMENT IS REQUIRED BECAUSE PLAINTIFFS LACK THE REQUIRED ADMISSIBLE EXPERT TESTIMONY ON CAUSATION.**

"To establish strict liability under Ohio law, plaintiffs must produce expert testimony that the defect at issue 'proximately caused their claimed injuries.'" *Graham v. Am. Cyanamid Co.*, 350 F.3d 496, 513 (6th Cir. 2003) (quoting *State Farm Fire & Cas. Co. v. Chrysler Corp.*, 37 Ohio St. 3d 1, 523 N.E.2d 489, 494 (Ohio 1988)); Ohio Rev. Code Ann. § 2307.73(A)(2).[2]

---

[2] Ohio substantive law applies because it is the transferor forum. *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007) (for cases, "filed in, or removed to, federal courts across the country and transferred to the MDL court by the Judicial Panel on Multidistrict Litigation," … "the MDL court must apply the law of the transferor forum, that is, the law of the state in which the action was filed, including the transferor forum's choice-of-law rules") (citing *Ferens v. John Deere Co.*, 494 U.S. 516, 524 (1990)).

Further, expert testimony is required when the "'inquiry pertains to a highly technical question of science or art or to a particular professional or mechanical skill.'" *Galoski v. Stanley Black & Decker, Inc.*, No. 1:14-CV-553, 2017 U.S. Dist. LEXIS 80486, *16-17 (N.D. Ohio May 24, 2017) (quoting *Jones v. Hawkes Hosp. Of Mt. Carmel*, 175 Ohio St. 503, 196 N.E.2d 592 (1964)); *see also Schmiedebusch v. Mallinckrodt, Inc.*, No. 3:10-CV-2024, 2011 U.S. Dist. LEXIS 125765, *11 (N.D. Ohio September 13, 2011) ("Under Ohio law, expert medical testimony is required to establish causation of a specific physical injury, if such cause is not within common knowledge."); *Fitzgerald v. Manning*, 679 F.2d 341, 350 (4th Cir. 1982) ("expert testimony is usually necessary to support the conclusion as to causation" where the cause of the alleged injury is "determinable only in the light of scientific knowledge").

Here, Plaintiffs allege that Mr. Westfall was diagnosed with cutaneous T-cell lymphoma, a subtype of NHL, in 2020, which they claim was caused by his exposure to Roundup. *See* Compl. ¶ 126-127.  NHL is a highly diverse group of blood cancers classified into more than 60 distinct subtypes and is the seventh most common cancer.  In most cases, an extraneous cause of NHL cannot be identified.[3]  "With cancer the question of causation is especially troublesome[,] . . . it is frequently difficult to determine the nature and cause of a particular cancerous growth." *Jones v. Ortho Pharm. Corp.*, 163 Cal. App. 3d 396, 403 (1985).  As a result, "the unknown and mysterious etiology of cancer is beyond the experience of laymen and can only be explained through expert testimony." *Id*.  Thus, the causal link between Mr. Westfall's injury and Roundup is highly technical question of science that is beyond the jurors' understanding.

Plaintiffs' deadline to disclose expert reports was July 22, 2022.  *See* Wave 4 Scheduling Order.  To date, Plaintiffs have not disclosed a single expert witness or report regarding specific causation.  Plaintiffs had ample time and opportunity to satisfy their expert disclosure obligations under Rule 26(a)(2) and the Wave 4 Scheduling Order, which was already extended from March

---

[3] *See generally* National Institutes of Health, *Cancer Stat Facts: Non-Hodgkin Lymphoma*, https://seer.cancer.gov/statfacts/html/nhl.html; National Institutes of Health, *Adult NHL Treatment*, https://www.cancer.gov/types/lymphoma/patient/adult-hodgkin-treatment-pdq; Leukemia & Lymphoma Society, *Non-Hodgkin Lymphoma*, https://lls.org/lymphoma/non-hodgkin-lymphoma.

25, 2022.  *See* Order Granting Unopposed Motion for Extension of Deadlines in Wave 4-6 Cases (MDL ECF #14763).  And honoring strict deadlines in an MDL is particularly important.  *See Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1222 (9th Cir. 2006) (affirming dismissal of cases in MDL for failure to comply with case management orders because "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions").

As a result of their failure to disclose any expert on the issue of specific causation, Plaintiffs cannot prove causation—an essential element of all their claims.  Without any evidence of case-specific causation, Monsanto is entitled to summary judgment on all Plaintiffs' claims.  *See Galoski v. Stanley Black & Decker, Inc.*, No. 1:14-CV-553, 2017 U.S. Dist. LEXIS 80486, *16-17 (N. D. Ohio May 24, 2017) (granting MSJ because "Plaintiff's expert did not present any opinion testimony that was sufficiently supported by reliable scientifically based knowledge"); *Kerpelis v. Pfizer, Inc.*, 2004 Ohio 3049, 2004 Ohio App. LEXIS 2700,  (Ohio App. 7th Dist.) (granting summary judgment where plaintiff failed to introduce expert testimony to establish that a prescription drug was defective and that it was the proximate cause of plaintiff's injury, finding those issues lie outside the knowledge of lay witnesses); *see also Martinez v. Ethicon Inc.*, No. 7:19-CV-00164, 2020 U.S. Dist. LEXIS 77635, at *2 (S.D. Tex. May 1, 2020) ("Products liability cases are quintessentially expert cases, and failure to designate experts almost always leads to summary judgment."); *Sterling v. United States*, 834 F. App'x 83, 87 (5th Cir. 2020) (upholding summary judgment where the plaintiff failed to designate expert witnesses); *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 196¬197 (4th Cir. 2001) (affirming dismissal of product liability claims where appellant "had no admissible medical evidence indicating that [defendant's] device was the proximate cause of his injuries"); *Jones v. Danek Med., Inc.*, No. Civ. A. 4:96-3323-12, 1999 WL 1133272, at *5 (D.S.C. Oct. 12, 1999) ("There being no expert testimony regarding causation, summary judgment is granted on the products liability allegations.").

## CONCLUSION

For the foregoing reasons, Monsanto is entitled to summary judgment on all of Plaintiffs' claims.

Dated: August 19, 2022                    Respectfully submitted,

                                                      */s/ Jed P. White*
                                                     Jed P. White
                                                     Attorney for Defendant Monsanto Company