UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br>*Ramirez v. Monsanto*, Case No. 19-cv-2224 | **ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 104 |

Monsanto's motion to dismiss Count V of Plaintiff's Third Amended Complaint is granted. Count V alleges a claim for medical monitoring, but California law does not recognize a standalone claim for medical monitoring. *Potter v. Firestone Tire & Rubber Company*, 6 Cal. 4th 965, 1007, 863 P.2d 795 (1993) ("Recognition that a defendant's conduct has created the need for future medical monitoring does not create a new tort. It is simply a compensable item of damage when liability is established under traditional tort theories of recovery."); *San Diego Gas & Electric Company v. Superior Court*, 13 Cal. 4th 893, 914, 920 P.2d 669 (1996) ("The Court of Appeal also noted that plaintiffs' first cause of action for 'medical monitoring' must fall in any event because it is not a separate tort but simply an item of damages that cannot be awarded until liability is established under a traditional tort theory.").

**IT IS SO ORDERED.**

Dated: August 30, 2022

VINCE CHHABRIA
United States District Judge