UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br>*Renteria v. Monsanto*, Case No. 22-cv-0877 | **ORDER DENYING MOTION FOR REMAND**<br>Re: Dkt. No. 14617 |

In August 2020, Renteria, who is a resident of New Mexico, filed a complaint against Monsanto, Sidco, and AGCO in New Mexico state court. Sidco and AGCO are residents of New Mexico, but Monsanto is not. In September 2021, Renteria filed an amended complaint, alleging claims only against Monsanto and Sidco. After the amended complaint was filed, Monsanto removed the case to federal court, arguing that the amended complaint made clear for the first time that Sidco had been fraudulently joined. Renteria filed a motion to remand the case to New Mexico state court. The motion to remand is denied.

I.

To establish fraudulent joinder, a defendant must show that there is no possibility that the state court would hold the non-diverse defendant liable. *Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). This is a "heavy burden"— "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046).

The only claim that Renteria asserts against Sidco in the amended complaint is a strict products liability claim. Under New Mexico law, a claim for strict products liability requires a plaintiff to establish that the defendant sold or supplied them a defective product that caused their injury. N.M.R.A., Civ. UJI 13-1406; *Stang v. Hertz Corp.*, 497 P.2d 732, 734 (1972). Here, Renteria alleges that she worked for Sidco and that she was exposed to Roundup in the course of her employment. She argues that Sidco was a "supplier" of Roundup because it supplied its employees with the Roundup to which she was exposed. Renteria does not allege that she herself applied Roundup that Sidco supplied to her. Rather, she alleges that Sidco provided Roundup to her coworkers, and her coworkers exposed her to Roundup while applying it at work. Monsanto argues that there is no possibility that Renteria can prevail on this claim because under "well-established New Mexico law," an employer who provides a defective product to an employee is not a "supplier" for purposes of a strict products liability claim.

Monsanto has carried its "heavy burden" of establishing that there is no possibility that Rentaria has a viable strict products liability claim against Sidco. Over the past forty years, "New Mexico courts have specifically declined to hold an employer strictly liable for harm caused by a product that employees use in their course of work." *Snelling v. Tribal Vapors*, No. CV 19-0686 JB/GJF, 2021 WL 1227836, at *29 (D.N.M. Mar. 31, 2021); *see also Trujillo v. Sonic Drive-In/Merritt*, 924 P.2d 1371, 1377 (1996); *Arenivas v. Cont'l Oil Co.*, 692 P.2d 31, 33 (1983). These courts have reasoned that "a party who does not sell or otherwise place an allegedly defective product in the stream of commerce may not be strictly liable for any alleged harm the product caused[.]" *Snelling*, 2021 WL 1227836, at *29; *Livingston v. Begay*, 652 P.2d 734, 738 (1982). Put another way, under New Mexico law, employers who provide their employees with products to use at work are not suppliers for purposes of a strict products liability claim because they are not placing the allegedly defective product in the stream of commerce. *Snelling*, 2021 WL 1227836, at *29.

Renteria's strict products liability claim against Sidco is not viable in the face of this well-established line of precedent. Renteria only alleges that Sidco supplied its employees with

Roundup to which she exposed. She does not allege that Sidco sold or otherwise placed the Roundup that caused her injuries in the stream of commerce. And the New Mexico Supreme Court has held that "a party who does not sell or otherwise place an allegedly defective product in the stream of commerce may not be strictly liable for any alleged harm the product caused." *Snelling*, 2021 WL 1227836, at *29 (citing *Livingston*, 652 P.2d at 739). Consistent with this principle, both state and federal courts have consistently held that a defendant cannot be liable for a strict products liability claim under New Mexico law if they "did not sell the product to anyone." *Provencio v. Ford Motor Co.*, No. CIV. 05-623 JB/ACT, 2005 WL 3662957, at *8 (D.N.M. Sept. 29, 2005) ("New Mexico cases have decisively rejected the contention that a defendant can be a supplier when it did not actually sell the defective item to someone."). Renteria cannot cure this fatal deficiency without contradicting the allegations in her amended complaint, and she does not identify anything unique about her claim that might warrant a different outcome. Thus, Sidco was fraudulently joined.

II.

The next question is whether Monsanto timely filed for removal. Under 28 U.S.C. § 1446(b), a defendant has 30 days to file a notice of removal after receiving the initial pleading setting forth the claims for relief. However, "if the case stated by the initial pleading is not removable," then a notice of removal may be filed within 30 days after the defendant receives "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Rentaria filed her initial complaint in August 2020. The initial complaint is ambiguous with respect to what claims were pled against what defendants. It appears to assert failure to warn, breaches of express and implied warranties, and unfair and deceptive trade practices claims against both Sidco and AGCO. Given the ambiguities, it did not provide "clear and unequivocal notice" that the case was removable. *Highwire Promotions, LLC v. Legends Marketing, LLC*, 2005 WL 8156562, at *3 (C.D. Cal. Oct. 31, 2005); *Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1089-90 (C.D. Cal. 2005). In May 2020, Rentaria dismissed the claims against

3

AGCO. But even with the claims against AGCO dismissed, the complaint still did not provide clear notice that the case was removable because it still asserted multiple claims against Sidco, none of which were a strict products liability claim.

On September 13, 2021, Rentaria filed an amended claim that asserted only a single strict liability claim against Sidco. This was the first pleading that made clear that the case was removable, as it unambiguously set forth the claim being asserted against Sidco. Notably, the strict products liability claim asserted in the amended complaint was not asserted in the original complaint, and Rentaria dropped all of the previous claims that she alleged against Sidco. As a result, Monsanto did not receive notice that the case was removable until Rentaria filed the amended complaint. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) ("[W]e don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove."). After the amended complaint was filed, Monsanto timely filed a notice of removal on October 13, 2021.

III.

While Monsanto removed the case within 30 days of receiving the "amended pleading" that provided "clear and unequivocal notice" that the case was removable, that does not end the inquiry, because Monsanto removed the case over a year after it had been filed. Under 28 U.S.C. § 1446(c)(1), a case may not be removed on the grounds of diversity jurisdiction (as Monsanto seeks to do here) "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent the defendant from removing the action." 28 U.S.C. § 1446(c)(1).

The "bad faith" exception was added to the removal statute in 2011, and the Ninth Circuit has not yet articulated a specific standard for applying it. *See Christensen Law Offices., LLC v. Christensen*, No. 21-15887, 2022 WL 777217, at *2 (9th Cir. Mar. 14, 2022) ("We have yet to define this standard[.]"). District courts have interpreted the bad faith exception as setting a "high threshold" and have placed the burden of demonstrating bad faith on the party asserting it. *Weber v. Ritz-Carlton Hotel Co., L.L.C.*, 2018 WL 4491210, at *3 (N.D. Cal. Sept. 19, 2018); *NKD*

4

*Diversified Enterprises, Inc. v. First Mercury Ins. Co.*, 2014 WL 1671659, at *3 (E.D. Cal. Apr. 28, 2014). In determining whether a plaintiff has acted in bad faith, district courts have generally focused on whether the plaintiff engaged "in strategic gamesmanship by keeping a removal-spoiling party in the case past the one-year mark in order to prevent a defendant's removal from state court." *Weber*, 2018 WL 4491210, at *3; *Heller v. Am. States Ins. Co.*, 2016 WL 1170891, at *2 (C.D. Cal. Mar. 25, 2016). The gamesmanship inquiry looks at whether the plaintiff "actively litigated against the removal spoiler in state court: asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, et cetera." *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1262 (D.N.M. 2014).

The circumstances here warrant a finding of bad faith. Rentaria began her case with a vague and ambiguous complaint that appeared to assert multiple claims against Sidco. However, she has not actively litigated any claims against Sidco in state court. While she has sought discovery from Monsanto, she has not served discovery or noticed any depositions on Sidco, even though the case was filed over a year-and-a-half ago. Rentaria also did not seek default judgment against Sidco even though Sidco took over a year to file a response to her complaint.

The timing of Rentaria's amended complaint is further evidence gamesmanship. Shortly after the removal deadline passed, Rentaria filed an amended complaint that alleges a single new claim against Sidco. That new claim is not viable under well-establish New Mexico law. Further, Monsanto cites evidence that Rentaria's family owns Sidco, a fact that Rentaria does not dispute. That Rentaria's family owns Sidco can be fairly interpreted as evidence that she does not intend to pursue a claim against it. Rather, the record overwhelmingly suggests that Rentaria named Sidco as a defendant to prevent removal. The bad faith exception is intended to prevent this type of removal-thwarting gamesmanship. Accordingly, Monsanto was eligible to remove the case past the one-year mark under 28 U.S.C. § 1446(c)(1).

**IT IS SO ORDERED.**

Dated: August 30, 2022

_____

VINCE CHHABRIA
United States District Judge