**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100
Fax: 310 -576-2200

*Attorneys for Defendant Monsanto Company*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| *Wesley Tam v. Monsanto Company*,<br>3:20-cv-04216-V | **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS**<br><br>**Hearing:**<br>Date: October 6, 2022<br>Time: 1:00 p.m.<br>Place: Courtroom 4 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 6, 2022 at 1:00 pm in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will move this Court for an order, pursuant to Federal Rule of Civil Procedure 56(c), entering judgment in its favor and against Wave 4 Plaintiff Wesley Tam ("Plaintiff"), on the grounds that there is no genuine issue of material fact as to any claim for relief brought by Plaintiff, and Monsanto is entitled to summary judgment.

Dated: August 31, 2022                    Respectfully submitted,

                                          */s/ Jed P. White*
                                          Jed P. White
                                          Attorney for Defendant Monsanto Company

## MEMORANDUM OF POINTS AND AUTHORITIES

To prevail on any of his claims, Plaintiff Wesley Tam ("Plaintiff") must prove that Roundup was the proximate cause of his cancer. Whether Roundup can cause cancer generally, and whether it caused Plaintiff's cancer specifically, are specialized issues for which expert testimony is required. Plaintiff's expert disclosure deadline was August 22, 2022, and Plaintiff failed to disclose *any* experts on that date or since then. Without expert testimony to provide evidence of specific causation, none of Plaintiff's claims may proceed.

## BACKGROUND

Plaintiff is a resident of Florida who alleges that exposure to Monsanto's Roundup®-branded herbicides ("Roundup") from 1988 to 1991 caused him to develop Non-Hodgkin lymphoma ("NHL"). See Compl. ¶¶ 2, 6, 97-104 (ECF No. 1). Plaintiff was diagnosed with NHL in 2017.[1] Compl. ¶¶ 6, 101. Plaintiff seeks to hold Monsanto responsible for his NHL, asserting three claims: (1) strict liability (design defect); (2) strict liability (failure to warn); and (3) negligence. The lynchpin of Plaintiff's claims is that glyphosate—the active-ingredient in Roundup—caused Plaintiff's NHL and that Monsanto falsely assured the public that Roundup was harmless. See Compl. ¶¶ 6, 11.

Plaintiff is a part of Wave 4, subwave 4C. On April 12, 2022, this Court issued an order requiring Wave 4C plaintiffs to submit expert reports no later than August 22, 2022. See Order Granting Motion for Extension of Expert Discovery Deadlines in Wave 4 ("Wave 4 Scheduling Order") at 2 (MDL ECF No. 14763). The expert disclosure required by this Order must be accompanied by written reports signed by the experts and must contain "a complete statement of all opinions the witnesses will express and the basis and reasons for them," among other information. Fed. R. Civ. P. 26(a)(2)(B)(i).

Plaintiff did not submit an expert report regarding specific causation by the August 22, 2022 deadline, nor did he disclose any experts whatsoever on that date. (Declaration of Jed White ("White

---

[1] Monsanto notes that there is a discrepancy between Plaintiff's Complaint and his medical records as to the date of his NHL diagnosis.

Decl."), ¶ 3). On August 24, 2022, Plaintiff filed a document entitled "Plaintiff's Disclosure of Expert," which contained one paragraph stating, "The Plaintiff will not be designating an expert subject to Rule 26." Pl.'s Discl. of Expert at 2 (MDL ECF No. 15345).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when it could affect the outcome of the case, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of "informing" the Court that there exists the "absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must come forward with evidence to show there is in fact a genuine issue for trial. Id. at 323-24. A "complete failure of proof concerning an essential element of the nonmoving party's case" warrants summary judgment and "necessarily renders all other facts immaterial." Id. at 323.

## ARGUMENT

### I. SUMMARY JUDGMENT IS REQUIRED BECAUSE PLAINTIFF LACKS THE REQUIRED ADMISSIBLE EXPERT TESTIMONY ON CAUSATION.

As the U.S. Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") has repeatedly noted, "[t]oxic tort cases . . . are won or lost on the strength of the scientific evidence presented to prove causation." Rink v. Cheminova, Inc., 400 F.3d 1286, 1297 (11th Cir. 2005) (affirming grant of summary judgment in favor of pesticide manufacturer) (citation omitted). "[C]ase[s] about exposure to an allegedly defective pesticide [are] no exception." Id.

In Florida, "a strict product liability action based upon design defect requires the plaintiff to prove that (1) a product (2) produced by a manufacturer (3) was defective or created an unreasonably dangerous condition (4) *that proximately caused (5) injury*." Pierre v. Intuitive Surgical, Inc., 476 F. Supp. 3d 1260, 1269 (S.D. Fla. 2020) (citation omitted) (emphasis added). "A product liability claim based on negligence requires the plaintiff to prove (1) duty of care toward the plaintiff; (2)

breach of that duty (or negligence); (3) *proximate cause*; (4) and that the product was defective or unreasonably dangerous." Jagmohan v. Tietex Int'l, Ltd., No. 6:10-cv-1282-Orl-22GJK, 2011 WL 13298670, at *2 n.2 (M.D. Fla. Aug. 4, 2011) (citation omitted) (emphasis added).[2] "[A] claim for failure to warn, whether in negligence or strict liability, requires a plaintiff to show (1) that the product warning was inadequate; (2) that *the inadequacy proximately caused [his] injury*; and (3) that [he] in fact suffered an injury from using the product." McCasland v. Pro Guard Coatings, Inc., 799 F. App'x 731, 733 (11th Cir. 2020) (citation and internal quotation marks omitted) (emphasis added). See also Jagmohan, 2011 WL 13298670, at *2 (citation omitted). Thus, whether brought under negligence or strict liability theories, Florida product liability cases "require proof of proximate cause." Id. (citation omitted).

Here, Plaintiff alleges that he was diagnosed with NHL in 2017, which he claims was caused by his exposure to Roundup from 1988 to 1991. See Compl. ¶¶ 6, 97-104. NHL is a highly diverse group of blood cancers classified into more than 60 distinct subtypes and is the seventh most common cancer. In most cases, an extraneous cause of NHL cannot be identified.[3] "With cancer the question of causation is especially troublesome[,] . . . it is frequently difficult to determine the nature and cause of a particular cancerous growth." Jones v. Ortho Pharm. Corp., 163 Cal. App. 3d 396, 403 (1985). As a result, "the unknown and mysterious etiology of cancer is beyond the experience of laymen and can only be explained through expert testimony." Id. (citation and internal quotation marks omitted). See also McCasland, 799 F. App'x at 733 (expert testimony required where "jury is asked to assess complex medical or scientific issues outside the scope of a layperson's

---

[2] Florida substantive law applies because it is the transferor forum. In re Vioxx Prods. Liab. Litig., 478 F. Supp. 2d 897, 903 (E.D. La. 2007) (for cases, "filed in, or removed to, federal courts across the country and transferred to the MDL court by the Judicial Panel on Multidistrict Litigation," … "the MDL court must apply the law of the transferor forum, that is, the law of the state in which the action was filed, including the transferor forum's choice-of-law rules") (citing Ferens v. John Deere Co., 494 U.S. 516, 524 (1990)).

[3] See generally National Institutes of Health, *Cancer Stat Facts: Non-Hodgkin Lymphoma*, https://seer.cancer.gov/statfacts/html/nhl.html; National Institutes of Health, *Adult NHL Treatment*, https://www.cancer.gov/types/lymphoma/patient/adult-hodgkin-treatment-pdq; Leukemia & Lymphoma Society, *Non-Hodgkin Lymphoma*, https://lls.org/lymphoma/non-hodgkin-lymphoma.

knowledge"). "In toxic tort cases, where injury is not readily observable, expert testimony is required." Evans v. Matrixx Initiatives, Inc., No. 3:07-cv-357-J-34JRK, 2009 WL 2914252, at *11 (M.D. Fla. Feb. 18, 2009).

Here, the causal link between Plaintiff's injury—an NHL diagnosis given 29 years after Plaintiff's first alleged exposure (and therefore not readily observable)—and Roundup is a highly technical question of science that is beyond the jurors' understanding. But Plaintiff failed to serve expert disclosures by the August 22, 2022 deadline, and has affirmatively stated that he will not be using any case-specific experts. As a result, Plaintiff cannot prove causation—an essential element of all his claims. Without any evidence of case-specific causation, Monsanto has "met [its] burden of showing that there is no genuine issue of material fact for trial, and [it] [is] entitled to [summary] judgment as a matter of law" on all Plaintiff's claims. Evans, 2009 WL 2914252, at *12 (excluding testimony on both general and specific causation and stating, "Without any proof of causation, [p]laintiffs cannot make a *prima* facie case."). See also Rink, 400 F.3d at 1295-96 (affirming grant of summary judgment in favor of pesticide manufacturer where plaintiffs failed to make sufficient showing on causation through expert testimony); In re Denture Cream Prods. Liab. Litig., No. 09-2051-MD-ALTONAGA, 2017 WL 4129776, at *2 (S.D. Fla. Feb. 15, 2017) (where "[p]laintiffs have not submitted expert evidence of any causative link between" defendants' product "and [p]laintiffs' allege injuries, there is no genuine issue of material fact concerning [p]laintiffs' claims of causation . . . [and] summary judgment is appropriate."); McCasland, 799 F. App'x at 734 ("Because the record contains no expert testimony of specific causation, the district court properly granted summary judgment."); Rayo v. BP Exploration & Prod. Inc., No. 19-21263-CIV-MARTINEZ/OTAZO-REYES, 2019 WL 7376775, at *2 (S.D. Fla. Nov. 15, 2019) (where the plaintiff "ha[d] not disclosed any experts, nor submitted any evidence of causation," the court "ha[d] no trouble concluding that summary judgment [wa]s warranted").

## CONCLUSION

For the foregoing reasons, Monsanto is entitled to summary judgment on all of Plaintiff's claims.

Dated: August 31, 2022

Respectfully submitted,

*/s/ Jed P. White*
Jed P. White
Attorney for Defendant Monsanto Company