**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:      (713) 227-8008
Facsimile:      (713) 227-9508
Email:          jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Ramirez et al., v. Monsanto Co.,*<br>Case No. 3:19-cv-02224-VC | |

**MONSANTO COMPANY'S ANSWER**
**TO PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in Plaintiffs' Third Amended Complaint ("Complaint"), excepting those admissions set forth below.  As defined in the Complaint  and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated  companies. Monsanto denies – and objects to – allegations by plaintiffs that purport to lump Monsanto together with other entities.  Monsanto responds to this Complaint  only on behalf of Monsanto and not on behalf of any other entity.  Silence as to any allegations  shall constitute a denial.

1.      Monsanto denies the allegations in paragraph 1, except admits admit that plaintiffs purport to bring  a putative class action on behalf of certain putative class members.

2.      Monsanto denies the allegations in paragraph 2, except admits that Roundup®-branded herbicides have been used by agricultural workers, landscapers, and home gardeners to control invasive plants and weeds.

3.      Monsanto denies the allegations in paragraph 3.

4.      Monsanto denies the allegations in paragraph 4.

5.      Monsanto denies the allegations in paragraph 5, except admits that Monsanto has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

6.      Monsanto denies the allegations in paragraph 6.

7.      Monsanto denies the allegations in paragraph 7, except admits that certain individuals have filed lawsuits alleging they have been harmed by Roundup®-branded products.

8.      The allegations in paragraph 8 set forth conclusions of law for which no response is required.  To the extent a response is required, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      The allegations in paragraph 9 set forth conclusions of law for which no response is required.  To the extent a response is required, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph 9, except admits that other complaints alleging personal injuries related to Roundup®-branded herbicides have been transferred and consolidated in this District by the Judicial Panel on Multidistrict Litigation.

10.     Monsanto denies that plaintiff's alleged injuries "were caused by Roundup®." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 10.

11.     Monsanto denies that plaintiff "has an increased risk of future development of NHL due to his exposure to Roundup®." Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 11.

12.     Monsanto denies the allegations in paragraph 12, except admits that Monsanto is a Delaware corporation, with its headquarters and principal place of business in St. Louis, Missouri,

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:19-cv-02224-VC

that Monsanto was the entity that discovered the herbicidal properties of glyphosate, and that Monsanto has manufactured and sold Roundup®-branded products that have glyphosate as the active ingredient.  Monsanto further notes that it is not and was not the only manufacturer of glyphosate-based herbicides.

13.     The allegations in the first sentence of paragraph 13 do not require a response from Monsanto because these allegations relate to an entity other than Monsanto.  Bayer Corporation has been voluntarily dismissed from these proceedings. Monsanto denies the remainder of the allegations in paragraph 13.  Monsanto denies – and objects to – allegations by plaintiffs that purport to lump Monsanto together with Bayer Corporation or any other entity.

14.     The allegations in paragraph 14 comprise attorney characterizations and are accordingly denied.  Monsanto states that the Roundup®-branded products identified by plaintiffs have a variety of separate and distinct uses and formulations.

15.     Defendant denies the allegations in paragraph 15, except admits that it has sold goods and products used in this District and nationwide.  Monsanto objects to allegations in paragraph 15 as vague, conclusory, and comprising of attorney characterizations.

16.     Monsanto denies the allegations in paragraph 16, except admits that glyphosate is an herbicide that kills invasive plants and weeds. Monsanto objects to allegations in paragraph 16 as vague, conclusory, and comprising of attorney characterizations.

17.     Monsanto denies the allegations in paragraph 17, except admits that glyphosate's mode of action is targeting EPSP synthase. Monsanto objects to allegations in paragraph 17 as vague, ambiguous, and comprising of attorney characterizations.

18.     Monsanto admits the allegations in paragraph 18.

19.     Monsanto denies the allegations in paragraph 19 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA"). Monsanto otherwise admits the allegations in paragraph 19.

20.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.     Monsanto denies the allegations in paragraph 21, except admits that it has designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed Roundup®-branded products, and that glyphosate is the active ingredient in many Roundup®-branded products.

22.     Monsanto admits the allegations in paragraph 22.

23.     Monsanto admits the allegations in paragraph 23 but notes that Monsanto has not been the only manufacturer of glyphosate-based herbicides.

24.     Monsanto denies the allegations in paragraph 24, except admits that Monsanto has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds. Monsanto objects to the allegation that it is "intimately involved" as vague, conclusory, and comprising of attorney characterizations.

25.     Monsanto denies the allegations in paragraph 25, except admits that Monsanto has marketed seeds that contain the Roundup Ready® trait and Roundup®-branded herbicides. Monsanto objects to allegations in paragraph 25 as vague, conclusory, and comprising of attorney characterizations.

26.     Monsanto denies the allegations in paragraph 26.

27.     Monsanto denies the allegations in paragraph 27, except admits that the referenced documents exist. Those documents speak for themselves and the characterizations of those documents in paragraph 27 do not require a response. Monsanto specifically denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.

28.     Monsanto denies the allegations in paragraph 28.

29.     Monsanto denies the allegations in paragraph 29, except admits that the referenced documents exist. Those documents speak for themselves and the characterizations of those

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:19-cv-02224-VC

documents in paragraph 29 do not require a response. Monsanto specifically denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.

30.     Monsanto denies the allegations in paragraph 30.

31.     Monsanto denies the allegations in paragraph 31.

32.     Monsanto denies the allegations in paragraph 32, except admits that the referenced document exists. That document speaks for itself and the characterizations of that documents in paragraph 32 does not require a response. Monsanto specifically denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.

33.     Monsanto denies the allegations in paragraph 33, except admits that the referenced document exists. That document speaks for itself and the characterizations of that documents in paragraph 33 does not require a response. Monsanto specifically denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.

34.     Monsanto denies the allegations in paragraph 34.

35.     Monsanto denies the allegations in paragraph 35.

36.     Monsanto denies the allegations in paragraph 36.

37.     Monsanto denies the allegations in paragraph 37.

38.     Monsanto denies the allegations in paragraph 38.

39.     Monsanto denies the allegations in paragraph 39, except admits that Monsanto has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling.

40.     Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 40.

41.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41. To the extent that plaintiffs allege that glyphosate met the criteria necessary to be eligible for review by IARC, Monsanto denies that allegation.

42.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42. To the extent that plaintiffs allege that glyphosate met the criteria necessary to be eligible for review by IARC, Monsanto denies that allegation.

43.     Monsanto denies the allegation in paragraph 43, except admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen. Monsanto objects to many of the allegations in paragraph 43 as vague, conclusory, comprising of attorney characterizations.

44.     Monsanto denies the allegations in paragraph 44, except admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that IARC classified glyphosate as a class 2A carcinogen. The IARC Monograph speaks for itself and the characterizations of that document in paragraph 44 do not require a response. Monsanto specifically denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses.

45.     Monsanto denies the allegations in paragraph 45.

46.     Monsanto denies the allegations in paragraph 46.

47.     Monsanto denies the allegations in paragraph 47, except admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data.

48.     Monsanto denies the allegations in paragraph 48, except admits that in 1991 EPA classified glyphosate in Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies.

49.     Monsanto denies the allegations in paragraph 49, except admits that plaintiffs have accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E. Monsanto states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans: (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that

"[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans"[2]; and (c) in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans.'"[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.epa.gov/sites/production/files/2017-12/documents/revised_glyphosate_issue_paper_evaluation_of_carcinogenic_potential.pdf.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:19-cv-02224-VC

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

50.     Monsanto denies the allegations in paragraph 50, except admits that Monsanto — along with a large number of other companies and governmental agencies — was defrauded by two chemical testing laboratories, that Monsanto had hired both of these laboratories to conduct testing on glyphosate, and that one of these laboratories was hired to conduct toxicity tests of glyphosate. To the extent that the allegations in paragraph 50 are intended to suggest that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies, such allegations are denied. To the extent that the allegations in paragraph 50 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

51.     In response to the allegations in paragraph 51, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

52.     Monsanto denies the allegations in paragraph 52, except admits that plaintiffs have accurately quoted part of one EPA document, that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities, and that this inspection included a review of studies IBT conducted on glyphosate. To the extent the allegations in paragraph 52 are intended to suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate, Monsanto denies such

allegations.  Monsanto was one of several pesticide manufacturers who had used IBT test results.  The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid.  As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines.  To the extent that the allegations in paragraph 52 are intended to suggest that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies, Monsanto denies such allegations.  To the extent that the allegations in paragraph 52 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

53.     In response to the allegations in paragraph 53, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

54.     Monsanto denies the allegation in paragraph 54, except admits that Monsanto — along with numerous other private companies — hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products.

55.     Monsanto denies the allegations in paragraph 55, except admits that EPA investigated Craven Laboratories in March 1991 for fraud.  The document purportedly quoted by paragraph 55 speaks for itself and thus does not require any further answer. To the extent that the allegations in paragraph 55 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

56.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56, except admits that Monsanto was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost. To the extent that the allegations in paragraph 56 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

57.     Monsanto denies the allegations in paragraph 57, except admits that the New York Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising of Roundup®-branded products. This lawsuit was subsequently resolved without any

admission of wrongdoing by Monsanto. Monsanto states that none of the New York Attorney General's allegations related in any way to a purported or alleged risk of cancer. To the extent the subparts of paragraph 57 purport to quote a document, the document speaks for itself and thus does not require any further answer. Monsanto objects to many of the allegations in paragraph 57 as vague, conclusory, and comprising of attorney characterizations.

58.     Monsanto denies the allegations in paragraph 58, except admits that it entered into an assurance of discontinuance with the New York Attorney General. The assurance speaks for itself and thus does not require any further answer. Monsanto objects to many of the allegations in paragraph 58 as vague, conclusory, comprising attorney characterizations.

59.     Monsanto denies the allegations in paragraph 59.

60.     Monsanto denies the allegations in paragraph 60, except admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 60 to the extent that they suggest that this ruling was in any way related to plaintiffs' claim here that glyphosate can cause cancer.

61.     Monsanto denies the allegations in paragraph 61.

62.     Monsanto denies the allegations in paragraph 62.

63.     Monsanto denies the allegations in paragraph 63.

64.     Monsanto denies the allegations in paragraph 64.

65.     Monsanto denies the allegations in paragraph 65.

66.     Monsanto denies the allegations in paragraph 66.

67.     Monsanto denies the allegations in paragraph 67, except admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.

68.     Monsanto denies the allegations in paragraph 68, except admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

69.     Monsanto denies the allegations in paragraph 69, except admits that it accurately quotes part of a statement on Monsanto's website. Monsanto further states that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products.

70.     Monsanto denies the allegations in paragraph 70.

71.     Monsanto denies the allegations in paragraph 71.

72.     Monsanto denies the allegations in paragraph 72.

73.     Monsanto denies the allegations in paragraph 73.

74.     Monsanto denies the allegations in paragraph 74.

75.     Monsanto denies the allegations in paragraph 75.

76.     Monsanto denies the allegations in paragraph 76.

77.     Monsanto denies the allegations in paragraph 77.

78.     Monsanto denies the allegations in paragraph 78, except admits that the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the weight or quality of the evidence considered by IARC. Monsanto states that this decision was not based upon any independent scientific analysis of glyphosate but instead was in response to a provision of a California ballot proposition triggering such action based solely upon the IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to pose a cancer hazard to humans."[4]  Monsanto contends that OEHHA's decision that it was required to list glyphosate violates the United States Constitution and the California Constitution. On February 26, 2018, a federal district court enjoined California from requiring Proposition 65 warning labels for glyphosate as unconstitutional.

_____

[4]  OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007), https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907.pdf.

79.     Monsanto denies the allegations in paragraph 79, except admits that the California Office of Environmental Health Hazard Assessment ("OEHHA") decided that it was required to add glyphosate to California's Proposition 65 list of chemicals in a process that OEHHA itself considers "ministerial" and "automatic" without any role for consideration of the weight or quality of the evidence considered by IARC. Monsanto states that this decision was not based upon any independent scientific analysis of glyphosate but instead was in response to a provision of a California ballot proposition triggering such action based solely upon the IARC classification, and indeed was contrary to OEHHA's own conclusion in 2007, based upon its own independent evaluation of the same scientific evidence, that glyphosate is "unlikely to pose a cancer hazard to humans."[5] Monsanto contends that OEHHA's decision that it was required to list glyphosate violates the United States Constitution and the California Constitution. On February 26, 2018, a federal district court enjoined California from requiring Proposition 65 warning labels for glyphosate as unconstitutional.

80.     Monsanto denies the allegations in paragraph 80, except admits that in August of 2019, the EPA informed Monsanto that it would no longer approve labeling that includes the Proposition 65 warning statement for glyphosate-containing products.

81.     Monsanto denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82, except admits that it accurately quotes one part of the cited document. Monsanto further notes that Dr. Charles Benbrook has been disclosed as an expert witness retained by plaintiffs' counsel in the glyphosate cancer litigation against Monsanto, specifically denies Dr. Benbrook's characterizations of the evidence relied upon by the IARC and the EPA, and specifically denies that Dr. Benbrook's conclusions are accurate or even based in science.

83.     Monsanto denies the allegations in paragraph 83. Monsanto objects to the allegations in paragraph 83 as vague, conclusory, and comprising attorney characterizations.

_____

[5] OEHHA, *Public Health Goal for Glyphosate in Drinking Water* (June 2007), https://oehha.ca.gov/media/downloads/water/chemicals/phg/glyphg062907.pdf.

84.     The allegations in paragraph 84 are legal conclusions to which no response is required.  To the extent a response is required, Monsanto denies the allegations in paragraph 84.

85.     Monsanto denies the allegations in paragraph 85, except admits that Monsanto maintains that Roundup®-branded products are safe, non-carcinogenic, and non-genotoxic when used in accordance with the product's EPA approved labeling.

86.     Monsanto denies the allegations in paragraph 86, except admits that it accurately quotes from comments submitted to the Office of Environmental Health Hazard Assessment. Monsanto further states that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products.

87.     Monsanto denies the allegations in Paragraph 87, including the implied allegation that exposure to Roundup®-branded products and glyphosate exposed plaintiffs to the "risks" described in the Complaint.  Monsanto further states that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

88.     Monsanto denies the allegations in paragraph 88.  Monsanto further states that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

89.     Monsanto denies the allegations in paragraph 89, including denying that Monsanto engaged in the "wrongdoing" alleged in paragraph 89 and denying that there is any reliable scientific evidence that exposure to glyphosate or Roundup®-branded products can cause cancer. Monsanto further states that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

90.     In response to the allegations in paragraph 90 Monsanto states that the referenced court records speak for themselves and do not require a response.

91.     In response to the allegations in paragraph 91 Monsanto states that the referenced court records speak for themselves and do not require a response.

92.     In response to the allegations in paragraph 92 Monsanto states that the referenced court records speak for themselves and do not require a response.

93.     In response to the allegations in paragraph 93 Monsanto states that the referenced court records speak for themselves and do not require a response.

94.     In response to the allegations in paragraph 94 Monsanto states that the referenced court records speak for themselves and do not require a response.

95.     In response to the allegations in paragraph 95 Monsanto states that the referenced court records speak for themselves and do not require a response.

96.     Monsanto denies the allegations in paragraph 96, except admits that plaintiffs purport to bring a putative class action on behalf of certain putative class members under the cited federal rules.

97.     The allegations in paragraph 97 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 97.

98.     The allegations in paragraph 98 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 98.

99.     The allegations in paragraph 99 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 99.

100.     The allegations in paragraph 100 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 100.

101.     Monsanto denies the allegations in paragraph 101, except admits that Plaintiffs purport seek to certify a purported issues class as defined in the paragraph.

102.     Monsanto denies the allegations in paragraph 102, except admits that the paragraph accurately quotes part of Federal Rule of Civil Procedure 23(c)(4) and that Plaintiffs purport to seek to certify questions as defined in the paragraph.

103.     The allegations in paragraph 103 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies any liability to the named plaintiffs or putative class members and further denies that a class should be certified in this lawsuit.

104.     The allegations in paragraph 104 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies any liability to the named plaintiffs or putative class members and further denies that a class should be certified in this lawsuit.

105.     Monsanto denies the allegations in the first sentence of paragraph 105.  The remaining allegations in paragraph 105 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies any liability to the named plaintiffs or putative class members and further denies that a class should be certified in this lawsuit.

106.     Monsanto denies the allegations in the second sentence of paragraph 106.  The remaining allegations in paragraph 106 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies any liability to the named plaintiffs or putative class members and further denies that a class should be certified in this lawsuit.

107.     The allegations in paragraph 107 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies any liability to the named plaintiffs or putative class members and further denies that a class should be certified in this lawsuit.

108.     Monsanto denies the allegations in paragraph 108.

109.     Monsanto denies the allegations in paragraph 109.

110.     Monsanto denies the allegations in paragraph 110.

111.     Monsanto denies the allegations in the first, second, and last sentences of paragraph 111.  The remaining allegations in paragraph 111 set forth conclusions of law for which no

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:19-cv-02224-VC

response is required.  To the extent that a response is deemed required, Monsanto denies any liability to the named plaintiffs or putative class members and further denies that a class should be certified in this lawsuit.

112.    The allegations in paragraph 112 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies any liability to the named plaintiffs or putative class members and further denies that a class should be certified in this lawsuit.

113.    The allegations in paragraph 113 set forth conclusions of law for which no response is required.  To the extent that a response is deemed required, Monsanto denies any liability to the named plaintiffs or putative class members and further denies that a class should be certified in this lawsuit.

114.    Monsanto incorporates by reference its responses to paragraphs 1 through 113 in response to paragraph 114 of plaintiffs' Complaint.

115.    In response to the allegations in paragraph 115, Monsanto admits that plaintiffs and the putative class members purport to bring a claim for strict liability design defect, but denies any liability as to that claim.

116.    In response to the allegations in paragraph 116, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs were exposed to Roundup®-branded products. Monsanto denies the remaining allegations in paragraph 116.

117.    Monsanto denies the allegations in paragraph 117.

118.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 118.

119.    Monsanto denies the allegations in paragraph 119.

120.    Monsanto denies the allegations in paragraph 120.

121.    Monsanto denies the allegations in paragraph 121.

122.    Monsanto denies the allegations in paragraph 122.

123.    Monsanto denies the allegations in paragraph 123.

124.    Monsanto denies the allegations in paragraph 124.

125.    Monsanto denies the allegations in paragraph 125.

126.    Monsanto denies the allegations in paragraph 126.

127.    Monsanto denies the allegations in paragraph 127.

128.    Monsanto denies the allegations in paragraph 128.

129.    Monsanto denies the allegations in paragraph 129.

130.    Monsanto denies the allegations in paragraph 130.

131.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 131 concerning plaintiffs' and the putative class members' claimed use of or exposure to Roundup®-branded products. Monsanto denies the remaining allegations in paragraph 131, including that Roundup® branded products have "dangerous characteristics."

132.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 132 concerning plaintiffs' and the putative class members' claimed use of or exposure to Roundup®-branded products. Monsanto denies the remaining allegations in paragraph 132, including that Roundup®-branded products have "dangerous characteristics."

133.    Monsanto denies the allegations in paragraph 133.

134.    Monsanto denies the allegations in paragraph 134.

135.    Monsanto denies the allegations in paragraph 135.

136.    Monsanto denies the allegations in paragraph 136.

137.    Monsanto denies the allegations in paragraph 137.

138.    Monsanto denies the allegations in paragraph 138.

139.    Monsanto denies the allegations in paragraph 139.

140.    The allegations in paragraph 140 set forth conclusion of law for which no response is required. To the extent a response is deemed required, Monsanto denies that a class should be certified in this lawsuit.

141.    Monsanto incorporates by reference its responses to paragraphs 1 through 140 in response to paragraph 141 of plaintiffs' Complaint.

142.   In response to the allegations in paragraph 142, Monsanto admits that plaintiffs and the putative class members purport to bring a claim for strict liability failure to warn, but denies any liability as to that claim. Monsanto also denies that the putative class can be certified on this question under Federal Rule of Civil Procedure 23.

143.   Monsanto denies the allegations in paragraph 143.

144.   In response to the allegations in paragraph 144, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegation that plaintiffs or other entities identified purchased or used Roundup®-branded products and therefore denies that allegation. The allegations in paragraph 144 also set forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 144.

145.   The allegations in paragraph 145 set forth conclusions of law for which no response is required.

146.   Monsanto denies the allegations in paragraph 146. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

147.   Monsanto denies the allegations in paragraph 147.

148.   Monsanto denies the allegations in paragraph 148.

149.   Monsanto denies the allegations in paragraph 149.

150.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 150.

151.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 151 concerning plaintiffs' and the putative class members' alleged use of Roundup®-branded products. Monsanto denies the remaining allegations in paragraph 151, including that Roundup®-branded products have "dangerous characteristics."

152.   In response to the allegations in paragraph 152, Monsanto denies that any exposure to glyphosate-based herbicides or Roundup®-branded products can cause cancer or other serious illnesses and denies that there are any defects in those products. Monsanto lacks information or

knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 152 and therefore denies those allegations.  Monsanto states, however, that the scientific studies upon which IARC purported to base its evaluation of glyphosate were all publicly available before March 2015.

153.    Monsanto denies the allegations in paragraph 153.

154.    Monsanto denies the allegations in paragraph 154.

155.    Monsanto denies the allegations in paragraph 155.

156.    Monsanto denies the allegations in paragraph 156.

157.    Monsanto denies the allegations in paragraph 157.

158.    Monsanto denies the allegations in paragraph 158.

159.    Monsanto denies the allegations in paragraph 159.

160.    Monsanto denies the allegations in paragraph 160.

161.    Monsanto denies the allegations in paragraph 161.

162.    The allegations in paragraph 162 set forth conclusion of law for which no response is required. To the extent a response is deemed required, Monsanto denies that a class should be certified in this lawsuit.

163.    Monsanto incorporates by reference its responses to paragraphs 1 through 162 in response to paragraph 163 of plaintiffs' Complaint.

164.    The allegations in paragraph 164 set forth conclusions of law for which no response is required. To the extent a response is deemed required, Monsanto denies that a class should be certified in this lawsuit.

165.    In response to the allegations in the second sentence of paragraph 165, Monsanto admits that it has manufactured, marketed, advertised, and sold Roundup®-branded herbicides as products that control and kill weeds. Monsanto denies the remaining allegations in paragraph 165.

166.    Monsanto denies the allegations in paragraph 166. All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under FIFRA.

167.    Monsanto denies the allegations in paragraph 167.

168.    Monsanto denies the allegations in paragraph 168.

169.    Monsanto denies the allegations in paragraph 169.

170.    The allegations in paragraph 170 set forth conclusion of law for which no response is required. To the extent a response is deemed required, Monsanto denies that a class should be certified in this lawsuit.

171.    In response to the allegations in the first sentence of paragraph 171, Monsanto incorporates by reference its responses to paragraphs 1 through 170 of plaintiffs' Complaint. The remaining allegations in paragraph 171 set forth conclusions of law for which no response is required. To the extent a response is deemed required, Monsanto denies those allegations

172.    Monsanto denies the allegations in paragraph 172.

173.    Monsanto denies the allegations in paragraph 173.

174.    Monsanto denies the allegations in paragraph 174, except that it accurately quotes a portion of the Declaratory Judgement Act.

175.    Monsanto denies the allegations in paragraph 175.

176.    The Court has dismissed Count V of the Complaint, to which paragraph 176 relates. Accordingly, no response to the allegations in paragraph 176 is required.

177.    The Court has dismissed Count V of the Complaint, to which paragraph 177 relates. Accordingly, no response to the allegations in paragraph 177 is required.

178.    The Court has dismissed Count V of the Complaint, to which paragraph 178 relates. Accordingly, no response to the allegations in paragraph 178 is required.

179.    The Court has dismissed Count V of the Complaint, to which paragraph 179 relates. Accordingly, no response to the allegations in paragraph 179 is required.

180.    The Court has dismissed Count V of the Complaint, to which paragraph 180 relates. Accordingly, no response to the allegations in paragraph 180 is required.

181.    The Court has dismissed Count V of the Complaint, to which paragraph 181 relates. Accordingly, no response to the allegations in paragraph 181 is required.

182.    The Court has dismissed Count V of the Complaint, to which paragraph 182 relates. Accordingly, no response to the allegations in paragraph 182 is required.

183.    The Court has dismissed Count V of the Complaint, to which paragraph 183 relates. Accordingly, no response to the allegations in paragraph 183 is required.

184.    The Court has dismissed Count V of the Complaint, to which paragraph 184 relates. Accordingly, no response to the allegations in paragraph 184 is required.

185.    The Court has dismissed Count V of the Complaint, to which paragraph 185 relates. Accordingly, no response to the allegations in paragraph 185 is required.

186.    The Court has dismissed Count V of the Complaint, to which paragraph 186 relates. Accordingly, no response to the allegations in paragraph 186 is required.

187.    The Court has dismissed Count V of the Complaint, to which paragraph 187 relates. Accordingly, no response to the allegations in paragraph 187 is required.

In response to the allegations in the WHEREFORE paragraph following paragraph 187, Monsanto denies that plaintiffs and the putative class members are entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever, and denies that a class should be certified in this lawsuit.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.    The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.    Venue is or may be inconvenient for some or all of the claims alleged in the Complaint.

3.    This Court lacks personal jurisdiction over Monsanto, including but not limited to personal jurisdiction with respect to the claims of the purported absent class members who lack sufficient connection to California.

4.      Plaintiffs' and the putative class members' claims are barred because plaintiffs and the putative class members cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' and the putative class members' alleged injuries.

6.      Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.      Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9.      Plaintiffs' and the putative class members' claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

10.     Plaintiffs' and the putative class members' claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

11.     Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

12.     Plaintiffs' and the putative class members' claims are barred, in whole or in part, because plaintiffs' and the putative class members' injuries, if any, were the result of conduct of plaintiffs and the putative class members, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' and the putative class members' pre-existing medical conditions.

13.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiffs' and the putative class members' claims in whole or in part.

14.     Applicable statutes of limitations and/or repose bar plaintiffs' and the putative class members' claims in whole or in part.

15.     Plaintiffs' and the putative class members' misuse or abnormal use of the product or failure to follow instructions bar plaintiffs' and the putative class members' claims in whole or in part.

16.     If plaintiffs and the putative class members suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' and the putative class members' alleged injuries or damages.

17.     Monsanto had no legal relationship or privity with plaintiffs and the putative class members and owed no duty to them by which liability could be attributed to it.

18.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiffs and the putative class members. If any such warranties were made, which Monsanto specifically denies, then plaintiffs and the putative class members failed to give notice of any breach thereof.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:19-cv-02224-VC

19.     Plaintiffs' and the putative class members' claims are preempted in whole or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

20.     Plaintiffs' and the putative class members' claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the California Constitution, and/or other applicable state constitutions.

21.     Plaintiffs' and the putative class members' claims for punitive and/or exemplary damages are barred because plaintiffs and the putative class members have failed to allege conduct warranting imposition of such damages under the laws of California and/or other applicable state laws.

22.     Plaintiffs' and the putative class members' claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

23.     Plaintiffs' and the putative class members' claims are barred in whole or in part by plaintiffs' and the putative class members' own contributory/comparative negligence.

24.     Plaintiffs' and the putative class members' claims are barred in whole or in part by plaintiffs' and the putative class members' own failure to mitigate damages.

25.     Plaintiffs' and the putative class members' claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

26.     Plaintiffs' and the putative class members' recovery, if any, shall be reduced by those payments that they receive from collateral sources.

27.     If plaintiffs and the putative class members have been injured or damaged, no injury or damages being admitted, such injuries or damages were not caused by a Monsanto product.

28.     Plaintiffs and the putative class members have failed to allege fraud with sufficient particularity.

29.     Plaintiffs' and the putative class members' claims are barred or limited to the extent that plaintiffs and the putative class members assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:19-cv-02224-VC

30.     Plaintiffs' and the putative class members' claims are barred to the extent that plaintiffs and the putative class members seek relief under the laws of states that do not govern plaintiffs' and the putative class members' claims.

31.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs and the putative class members, dismissing plaintiffs' and the putative class members' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Monsanto demands a jury trial on all issues so triable.

DATED: September 13, 2022                Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: /s/ Jennise W. Stubbs
    Jennise W. Stubbs
    600 Travis Street, Suite 3400
    Houston, TX 77002-2926
    Telephone:   (713) 227-8008
    Facsimile:    (713) 227-9508
    Email:        jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

23

24

25

26

27

## CERTIFICATE OF SERVICE

I certify that on the 13th day of September, 2022, I electronically transmitted the foregoing DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

/s/Jennise W. Stubbs
Jennise W. Stubbs

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT
3:16-md-02741-VC  & 3:19-cv-02224-VC