UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>Nancy Salas v. Monsanto Company, et al.<br><br>Member Case No.: 3:21-cv-06173-VC | MDL No. 2741<br>Case No.: 3:16-md-02741-VC |

**PLAINTIFF NANCY SALAS'**
**STATEMENT TO MAINTAIN DOCUMENTS UNDER SEAL**

In *Nancy Salas v. Monsanto Company*, et al., 3:21-cv-06173-VC., Plaintiff Nancy Salas has requested that Defendant Monsanto redact portions of discovery-related documents[1]—namely, the deposition and expert report of Dr. Kevin Knopf—that reflect Plaintiff's confidential medical information and histories. Thus, Ms. Salas is the "Designating Party" under Local Rule 79-5(f). Specifically, Ms. Salas has requested these redactions from documents filed in connection with Monsanto's recent request that this Court compel the continued deposition of Dr. Knopf.

---

[1] *See* D.E. 15434, Monsanto Company's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.

The designations and redactions are limited and narrowly tailored. Moreover, Plaintiff has excluded from those designations medical information at the heart of her claims in this matter, such as the fact of her cancer diagnosis and certain information regarding her cancer treatment. Accordingly, the designations concern *only* confidential medical information *other than* her cancer diagnosis and treatment.

Monsanto does not oppose or otherwise object to the designations. Plaintiff Ms. Salas hereby submits this statement in accordance with Civil Local Rule 79-5(f)(3) in support of said designations and respectfully requests that this Court maintain the redacted information confidential and likewise maintain the unredacted versions of the relevant documents under seal.

## ARGUMENT

Documents may be sealed if there are "compelling reasons" to do so. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir.2006). "The party requesting the sealing order must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79.

Courts in this Circuit have held that "[t]he need to protect medical privacy qualifies as a 'compelling reason' to seal documents." *Heldt v. Guardian Life Ins. Co. of Am.*, 2018 WL 5920029, at *2 (S.D. Cal. 2018). Moreover, a patient's "'privacy interest outweighs any public interest in the disclosure of' his medical records." *Doe v. Barr*, 2020 WL 2733928, at *1 (N.D. Cal. May 26, 2020) (quoting *Eric P. v. Directors Guild of Am.*, 2020 WL 1531339, at *7 (N.D. Cal. Mar. 30, 2020)).

Those principles apply with equal force here: Plaintiff's medical records, medical history, and confidential identifying information should remain redacted and/or sealed. Should that information become public, it would be a needless invasion of Plaintiff's privacy and therefore be injurious to Plaintiff.

Importantly, the redactions at issue concern information that constitutes protected health information (PHI) subject to the Health Insurance Portability and Accountability Act (HIPAA), which provides for the "de-identification" of certain protected health information. Individually identifiable information is a sub-set of protected health information, and is defined in the statute to include "any information, including demographic information . . . that . . . is created or received by a health care provider . . . and . . . relates to the past, present, or future physical or mental health or condition of an individual[.]" 42 U.S.C. § 1320d(6).

Finally, there are no less restrictive alternatives to the redactions and confidentiality designations. As currently requested, the redactions are already quite narrowly tailored. They concern only small portions of the relevant documents and have been agreed to by both Plaintiff Ms. Salas and Defendant Monsanto. Any curtailment of the redactions and designations would necessarily imply revealing Ms. Salas's confidential medical information on this Court's public docket.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court sustain the requested redactions and maintain the redacted information under seal.

DATED:  September 15, 2022                By:  /s/  *Steven C. Marks*
                                           Steven C. Marks

smarks@podhurst.com
Kristina M. Infante
kinfante@podhurst.com
Pablo Rojas
projas@podhurst.com
PODHURST ORSECK, P.A.
One S.E. 3rd Avenue
Suite 2300
Miami, FL 33131
Tel: (305) 358-2800
Fax: (305) 358-2382

Attorneys for Plaintiff
*Nancy Salas*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of September, 2022, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern Division of California via the Court's CM/ECF Filing System, which shall send electronic notification to counsel of record.

*/s/ Steven C. Marks*
Steven C. Marks