UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br>*Mignone v. Monsanto*, Case No. 21-cv-0501 | **ORDER DENYING MOTION FOR REMAND**<br>Re: Dkt. No. 8 |

Mignone is a California resident who filed his claims in California state court, naming Monsanto, Wilbur-Ellis Nutrition, and Wilbur-Ellis Company as defendants. Monsanto is not a California resident, but Wilbur-Ellis Nutrition and Wilbur-Ellis Company are California residents. Despite the absence of complete diversity between the parties, Monsanto removed the case to federal court, contending that diversity jurisdiction exists because Wilbur-Ellis Nutrition and Wilbur-Ellis Company were fraudulently joined and their citizenship should not be considered for purposes of diversity jurisdiction. Mignone has filed a motion to remand the case to state court. The motion to remand is denied.

I.

Amended Pretrial Order No. 244 also involved Wilbur-Ellis Nutrition and Wilbur-Ellis Company, and it guides the analysis here. In that order, the Court held that Wilbur-Ellis Nutrition was fraudulently joined because "it has never manufactured, distributed, or sold Roundup." Dkt. No. 13711. In the same order, the Court held that Wilbur-Ellis Company was fraudulently joined because "Wilbur-Ellis Company markets and distributes Roundup in the agricultural and professional markets only," and Roybal (the plaintiff) alleged exposure to

Roundup only through residential use. In finding that Wilbur-Ellis Company had been fraudulently joined, the Court rejected Roybal's argument that Wilbur-Ellis Company was a "massive company" that "may have distributed Roundup to an entity that then sold it to" Roybal. The Court found that "[t]his speculation, without any evidentiary support, is insufficient to overcome the clear and convincing evidence that Wilbur-Ellis Company did not market or distribute" Roundup for residential use.

Here, Wilbur-Ellis Nutrition was fraudulently joined because Monsanto again provides a sworn declaration stating that Wilbur-Ellis Nutrition has never manufactured, sold, or distributed Roundup. Monsanto also again provides a sworn declaration that Wilbur-Ellis Company only distributed and sold Roundup to the agricultural and professional markets. This declaration is fatal to Mignone's claims against Wilbur-Ellis Company. While Mignone's complaint did not make clear whether he was exposed to Roundup through agricultural or professional use, the fact sheet that Mignone later served on Monsanto states that he was only exposed to Roundup in the residential context. Like Roybal, Mignone speculates that Wilbur-Ellis Company may have distributed Roundup to which he was exposed, but as with Roybal, this unsupported contention does not overcome the clear and convincing evidence that Wilbur-Ellis Company did not market or distribute Roundup for residential use. Thus, Wilbur-Ellis Company was also fraudulently joined.

II.

Mignone also argues that Monsanto missed the deadline for removal. Under 28 U.S.C. § 1446(b), a defendant has 30 days to file a notice of removal after receiving the initial pleading setting forth the claims for relief. However, "if the case stated by the initial pleading is not removable," then a notice of removal may be filed within 30 days after the defendant receives "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Here, Mignone filed his complaint in August 2020, alleging product liability, failure to warn, and negligence claims against Monsanto and both Wilbur-Ellis entities. Monsanto,

however, did not file for removal until January 2021. Mignone thus argues that the 30-day clock for removal started in August 2020 and that Monsanto missed the removal window by waiting until January 2021 to file for removal. The argument fails because the complaint did not make clear that Mignone was alleging claims based solely on residential use of Roundup. The complaint lumps the Wilbur-Ellis entities together—referring to both as "Defendants"—and it makes only vague allegations that they manufactured, distributed, and sold Roundup to which Mignone was exposed, leaving open the possibility that Mignone was exposed in a professional or agricultural context. *See, e.g.*, Complaint ¶ 156 ("Plaintiff used and/or was exposed to the use of Roundup products in their intended or reasonably foreseeable manner."). Nowhere does the complaint make clear that Mignone only bought and used Roundup for residential purposes. Monsanto did not learn that Mignone was exposed only through residential use until January 7, 2021, when Mignone served his fact sheet to Monsanto, which stated that Mignone's use of Roundup occurred solely in the residential context. Upon receipt of the fact sheet, Monsanto timely removed the case to federal court within 30 days under 28 U.S.C. § 1446(b)(3).

**IT IS SO ORDERED.**

Dated: September 15, 2022

VINCE CHHABRIA
United States District Judge