**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW, 10th Floor
Washington, DC 20036
Tel:  (202) 847-4030
Fax:  (202) 847-4005

**ARNOLD & PORTER KAYE SCHOLER LLP**
Daniel Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
555 12th St. NW
Washington, DC 20004
Tel: (202) 942-5000

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Heather Pigman (*pro hac vice*)
(hpigman@hollingsworthllp.com)
John Kalas (*pro hac vice*)
(jkalas@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: (202) 898-5843
Fax: (202) 682-1639

**SHOOK, HARDY & BACON LLP**
Anthony Martinez (*pro hac vice*)
(amartinez@shb.com)
2555 Grand Blvd.
Kansas City, MO 64108
Tel: (816) 559-2683

*Attorneys for Defendant*
*MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Wesley Tam v. Monsanto Co.*,<br>Case No. 3:20-cv-04216-VC | ) MDL No. 2741<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Plaintiff's Response to Defendant Monsanto Company's Motion for Summary Judgment on Causation Grounds**

# MEMORANDUM OF LAW

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when it could affect the outcome of the case, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of "informing" the Court that there exists the "absence of a genuine issue of material fact." Celotex *Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must come forward with evidence to show there is in fact a genuine issue for trial. *Id.* at 323-24. A "complete failure of proof concerning an essential element of the nonmoving party's case" warrants summary judgment and "necessarily renders all other facts immaterial." *Id.* at 323.

## ARGUMENT

I. **Summary judgment must be denied because the Plaintiff did not, and is not, pursuing a cause of action predicated upon causation.**

While the Defense would be partially correct if the Plaintiff were pursuing a claim based upon simple negligence, the actual gravamen of the Plaintiff's Complaint focuses solely on the act of placing an inherently dangerous product on the market with a design defect subject to strict liability; to wit: glyphosate, which is currently being banned in Monsanto's parent country of Germany.

With respect to the Plaintiff's allegations, the Plaintiff's Complaint alleged that Monsanto made general representations that its spray-on glyphosate-based herbicide, including Roundup®, was "safer than table salt." *See* Complaint ¶31. Additionally, the Plaintiff alleges the defect in Defendant's Roundup® products were a substantial and contributing factor in causing the

Plaintiff's grave injuries and **but for Defendant's misconduct and omissions, the Plaintiff would not have sustained his injuries.** [ emphasis added].

In contrast, Defendant knew and/or should have known that it was foreseeable that consumers and/or users, such as Plaintiff, would suffer injuries as a result of Defendant's failure to exercise ordinary care in the manufacturing, marketing, labeling, distribution, and sale of Roundup®. Plaintiff did not know the nature and extent of the injuries that could result from the intended use of and/or exposure to Roundup® or its active ingredient glyphosate. *See* Complaint ¶164.

**Again, the Plaintiff alleges injuries as a result of placing defective Roundup products into the stream of commerce <u>without adequate warnings</u>...** *See* Complaint ¶167 [emphasis added]. Unfortunately, the Defendant wholly mischaracterized the Plaintiff's claim as one of simple negligence which resulted in the Plaintiff's developing cancer, and has neglected to acknowledge, let alone address, the Plaintiff's actual claim – that Monsanto breached its duty to the Plaintiff to warn of the dangers of Roundup®.

It should be noted that Monsanto assured the public that Roundup® was harmless. In order to prove this, Monsanto has championed falsified data. Further, Monsanto has led a prolonged campaign of misinformation to convince government agencies, farmers, and the general population that Roundup® is safe when it in fact is not. *See* Complaint ¶11. Those most affected by Roundup's® carcinogenic properties are agricultural workers, whom are the casualties of corporate greed.

In sum, the Plaintiff is not seeking redress for having developed cancer as a result of exposure to Roundup®, which is the sum and substance of the Defendant's Motion for Summary Judgment. Rather, the Plaintiff is seeking reparation for Monsanto's failure to warn him that

Roundup® could, and does, cause cancer. Simply put, if the Plaintiff were properly advised of the contents of Roundup®, including glyphosate, and warned of the potentially carcinogenic nature of the chemicals, the Plaintiff would never have purchased, let alone used, Roundup®.

## CONCLUSION

For the foregoing reasons, viewed in the light most favorable to the Plaintiff, Monsanto's Motion for Summary Judgment as to causation must be summarily denied as there is no genuine issue of material fact that the Plaintiff is not claiming his exposure to Roundup® caused him to develop non-Hodgkin lymphoma.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via electronic mail to all parties on this 16th day of September, 2022.

**FORREST SYGMAN, P.A.**
The Tate Building
7300 N. Kendall Drive, Suite 203
Miami, FL 33156
Telephone: (305) 661-8955
EM: forrest@sygmanlaw.com
EM: associate@sygmanlaw.com

By: _____
Forrest Sygman, Esq., FBN 748020
Marlene Collazo, Esq., FBN 75330