# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

IN RE: ROUNDUP PRODUCTS    )
LIABILITY LITIGATION,    )
    )
    )
    )
_____/

**MDL NO. 2741**
**Case No. 3:16-md-02741-VC**
**3:20-cv-07213-VC**
**Hon.: VINCE CHHABRIA**

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS

**COMES NOW THE** Plaintiff, **ADRINE HANN,** through her attorneys the

law firm of MUSSIN & SCANLAND, PLLC and by her respective attorney Jerard

M. Scanland and in support of Plaintiff's Response To Defendant's Motion For

Summary Judgment On Causation Grounds, states the following:

# TABLE OF CONTENTS

1. **TABLE OF AUTHORITIES**……………………..…………………….ii

2. **CONTROLLING AUTHORITY**……………...……………………iii

3. **INTRODUCTION**……………………………………………….1

4. **BACKGROUND**…..……………………………………………1

5. **LEGAL STANDARD**…………………………………..……...1-3

6. **LEGAL ARGUMENT**……………………………………….3-6

7. **CONCLUSION**……………………………………………7

i.

## **TABLE OF AUTHORITY**

**Case Law:**                                                                 **Page No.**

1. Mulholland v DEC Int'l Corp, 432 Mich 395, 415; 443
   NW2d 340 (1989)............................................................1,3
2. Redding v. St. Edward, 241 F.3d 530, 532 (6th Cir. 2001)....................2
3. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986)...........................2
4. Cox v. Kentucky Dept of Transp., 53 F.3d 146, 149 (6th Cir. 1995)..........2
5. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio corp.,
   475 U.S. 574, 587 (1986)....................................................2
6. Amway Distributors Benefits Ass'n v.
   Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003)......................2
7. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)...........2,3
8. National Satellite Sports, Inc. v. Eliadis, Inc., 253
   F.3d 900, 907 (6th Cir. 2001).............................................3
9. First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968)..............3
10. McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000).........3
11. Brisboy v Fibreboard Corp, 429 Mich 540, 547; 418
    NW2d 650 (1988)........................................................4
12. Moning v Alfono, 400 Mich 425, 437; 254 NW2d 759 (1977)...........4
13. Peck v. Bridgeport Machines, Inc., 237 F.3d
    614, 617 (6th Cir.2001)..................................................5
14. Hendrian v. Safety-Hendrain v. SafetKleen Sys., 2015  WL 4770966, at *5
    (E.D. Mich. Aug. 13, 2015)...............................................5
15. Lawrenchuk v. Riverside Arena, Inc., 542 N.W.2d 612,
    614-15 (Mich. App. 1995)................................................5

## CONTROLLING AUTHORITY

Mulholland v DEC Int'l Corp, 432 Mich 395, 415; 443 NW2d 340 (1989);

Redding v. St. Edward, 241 F.3d 530, 532 (6th Cir. 2001); Celotex Corp. v.

Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept of Transp., 53

F.3d 146, 149 (6th Cir. 1995); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio

corp., 475 U.S. 574, 587 (1986); Amway Distributors Benefits Ass'n v. Northfield

Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003); Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 251-52 (1986); National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d

900, 907 (6th Cir. 2001).First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270

(1968); McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir.

2000);  Brisboy v Fibreboard Corp, 429 Mich 540, 547; 418 NW2d 650 (1988);

Moning v Alfono, 400 Mich 425, 437; 254 NW2d 759 (1977); Peck v. Bridgeport

Machines, Inc., 237 F.3d 614, 617 (6th Cir. 2001); Hendrian v. Safety-Hendrain

v. SafetKleen Sys., 2015 WL 4770966, at *5 (E.D. Mich. Aug. 13,

2015); Lawrenchuk v. Riverside Arena, Inc., 542 N.W.2d 612, 614-15 (Mich.

App. 1995).

iii.

## INTRODUCTION

It is well settled in the State of Michigan, that while the plaintiff bears the burden of proof, the plaintiff is not required to produce evidence that positively eliminates every other potential cause. Rather, the plaintiff's evidence is sufficient if it "establishes a logical sequence of cause and effect, notwithstanding the existence of other plausible theories, although other plausible theories may also have evidentiary support." *See Mulholland v DEC Int'l Corp,* 432 Mich 395, 415; 443 NW2d 340 (1989).

## BACKGROUND

The Plaintiff, Adrine Hann, resides in Michigan. She was exposed to Roundup and used said product for several years. As a result of her use of the Roundup product, she developed multiple myeloma. Ms. Hann filed her claim alleging several claims against Monsanto as a result of her use of the product.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) empowers the court to render summary judgment forthwith "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

[1]

entitled to judgment as a matter of law." see Redding v. St. Edward, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary' judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc:, 477 U.S. 242, 247-48 (1986) (emphasis in original); see also

[2]

National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

## LAW AND ARGUMENT

It is well settled under Michigan law that a prima facie case for products liability requires proof of a causal connection between an established defect and injury. *Mulholland v DEC Int'l Corp*, 432 Mich 395, 415; 443 NW2d 340 (1989). While the plaintiff bears the burden of proof, the plaintiff is not required to produce evidence that positively eliminates every other potential cause. Rather,

[3]

the plaintiff's evidence is sufficient if it establishes a logical sequence of cause and effect, notwithstanding the existence of other plausible theories, although other plausible theories may also have evidentiary support." *Id.*

Under Michigan products liability law, as part of its prima facie case, a plaintiff must show that the manufacturer's negligence was the *proximate cause* of the plaintiff's injuries. *Brisboy v Fibreboard Corp,* 429 Mich 540, 547; 418 NW2d 650 (1988) (emphasis added). The Court previously explained that proving proximate cause actually entails proof of two separate elements: (1) cause in  fact, and (2) legal cause, also known as "proximate cause." *Moning v Alfono,* 400 Mich 425, 437; 254 NW2d 759 (1977).

The cause in fact element generally requires showing that "but for" the defendant's actions, the plaintiff's injury would not have occurred. Prosser & Keeton, Torts (5th ed), § 41, p 266. On the other hand, legal cause or "proximate cause" normally involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences. *Moning* at 439. See also *Charles Reinhart Co v Winiemko,* 444 Mich 579, 586, n 13; 513 NW2d 773 (1994). A plaintiff must adequately establish cause in fact in order for legal cause or "proximate cause" to become a relevant issue.

[4]

"The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. Absent from any of the cases cited herein is any requirement that Plaintiff must rely solely on expert testimony to prove causation.

"Michigan has adopted what its courts have come to call the `risk-utility' test for determining whether a plaintiff has made out a case for a product liability claim based upon a claimed design defect." *Peck v. Bridgeport Machines, Inc.,* 237 F.3d 614, 617 (6th Cir. 2001). In order to prevail on a design defect claim under Michigan law, a plaintiff must establish that:

(1) the severity of the injury was foreseeable by the manufacturer;

(2) the likelihood of occurrence of [the plaintiff's] injury was foreseeable by the manufacturer at the time of distribution of the product;

(3) there was a reasonable alternative design available;

(4) the available alternative design was practicable;

(5) the available and practicable reasonable alternative design would have reduced the foreseeable risk of harm posed by defendant's product; and

(6) the omission of the available and practicable reasonable alternative design rendered defendant's product not reasonably safe. *Id.* at 617-18.

To satisfy the "heavy burden" of a design defect claim, "expert testimony is required" to demonstrate the existence of a reasonable alternative design that would satisfy the elements of a plaintiff's claim.

[5]

*Hendrian v. Safety-Hendrain v. SafetKleen Sys.,* 2015 WL 4770966, at *5 (E.D. Mich. Aug. 13, 2015); Lawrenchuk v. *Riverside Arena, Inc.,* 542 N.W.2d 612, 614-15 (Mich. App. 1995) (granting summary disposition in favor of defendant on negligent design claim where plaintiff failed to produce admissible expert testimony). While it may be true, that Plaintiff has in fact filed a claim alleging a design defect, and an expert is required under Michigan Law to prove a safer design should have been used, Plaintiff has also filed several other causes of action that do not require the need for expert testimony to prove causation. Here we have an otherwise healthy woman with no history of cancer in her family. She uses Roundup for several years and develops Multiple Myeloma. There is no known cause of Multiple Myeloma other than environmental factors. Thus, a reasonable jury could conclude, without the use of expert testimony that Plaintiff's cancer was caused by her use of Roundup as there were no other known causes she was exposed to.

[6]

## **CONCLUSION**

Based on the above, Summary Judgment at this point is not appropriate as Plaintiff has shown expert testimony is not required for all of the claims she is alleging.

Dated: September 21, 2022                     Respectfully Submitted,

                                             **MUSSIN & SCANLAND, PLLC**

                                             By/s/Jerard M. Scanland
                                             **JERARD M. SCANLAND (P74992)**
                                             Attorney for Plaintiff
                                             13351 Reeck Court, Suite 5
                                             Southgate, Michigan 48195
                                             Phone: (734)-282-6037
                                             Facsimile: (734)-447-5853
                                             JScanland@milawoffices.com