1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel:  202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel:  202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel:  415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310 -576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| *Wesley Tam v. Monsanto Company*,<br>3:20-cv-04216-VC | **MONSANTO COMPANY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS**<br><br>**Hearing:**<br>Date:   October 6, 2022<br>Time:   1:00 p.m.<br>Place:   Courtroom 4 |

**INTRODUCTION**

It is rare that a plaintiff admits that his causes of action actually have no basis in fact. Yet, in response to Monsanto's Motion for Summary Judgment on Causation Grounds ("Motion"), Plaintiff Wesley Tam ("Plaintiff") filed an untimely Opposition arguing just that. To wit, despite bringing a complaint that alleges that exposure to Monsanto's Roundup®-branded herbicides ("Roundup") from 1988 to 1991 caused him to develop Non-Hodgkin lymphoma ("NHL"), see Compl. ¶¶ 2, 6, 97-104 (ECF No. 1), Plaintiff unequivocally stated in his Opposition brief that, "there is no genuine issue of material fact that Plaintiff is not claiming his exposure to Roundup® caused him to develop non-Hodgkin lymphoma." Pl.'s Opp. at 4. This Court should take Plaintiff at his word. Having tacitly acknowledged that he cannot—and indeed, does not intend to—prove proximate causation, a key element of each of his three (3) causes of action, Monsanto's Motion should be summarily granted in its entirety.

**ARGUMENT**

I.      **SUMMARY JUDGMENT IS REQUIRED BECAUSE PLAINTIFF CONCEDES HE IS NOT CLAIMING HIS EXPOSURE TO ROUNDUP CASUED HIM TO DEVELOP CANCER.**

At the outset, Monsanto notes Plaintiff's untimely Opposition, which was due on September 14, 2022 but, instead was filed on September 16, 2022 without the Court's leave, should be stricken by the Court. With respect to the merits of Plaintiff's filing, Monsanto endeavors to respond to arguments that are either entirely nonsensical or reflect a profound misunderstanding of hornbook tort law and Florida law in particular.

In a feeble attempt to sidestep his failure to disclosure an expert, as required under Florida law, Plaintiff—without citation to a single case, from Florida or otherwise—appears to argue that causation is not an element of any of his causes of action. This is patently inaccurate. As Monsanto explained in its Motion, all of Plaintiff's claims—design defect, failure to warn, and negligence— require proof of causation.

Under Florida law, "a strict product liability action based upon design defect requires the plaintiff to prove that (1) a product (2) produced by a manufacturer (3) was defective or created an

1

1   unreasonably dangerous condition (4) *that proximately caused (5) injury*." <u>Pierre v. Intuitive</u>

2   <u>Surgical, Inc.</u>, 476 F. Supp. 3d 1260, 1269 (S.D. Fla. 2020) (citation omitted) (emphasis added). "A

3   product liability claim based on negligence requires the plaintiff to prove (1) duty of care toward

4   the plaintiff; (2) breach of that duty (or negligence); (3) *proximate cause*; (4) and that the product

5   was defective or unreasonably dangerous." <u>Jagmohan v. Tietex Int'l, Ltd.</u>, No. 6:10-cv-1282-Orl-

6   22GJK, 2011 WL 13298670, at *2 n.2 (M.D. Fla. Aug. 4, 2011) (citation omitted) (emphasis added).

7   Florida courts "recognize[] failure to warn on theories of negligence and strict liability." <u>Davis v.</u>

8   <u>Little Giant Ladder Sys., LLC</u>, No. 2:19-cv-780-SPC-NPM, 2022 WL 657062, at *7 (M.D. Fla.

9   Mar. 4, 2022). Regardless of which theory the plaintiff pursues, the "plaintiff must show the faulty

10  warning proximately caused the injury." <u>Id.</u> at *7. <u>See</u> <u>also</u> <u>McCasland v. Pro Guard Coatings, Inc.</u>,

11  799 F. App'x 731, 733 (11th Cir. 2020) ("[A] claim for failure to warn, whether in negligence or

12  strict liability, requires a plaintiff to show (1) that the product warning was inadequate; (2) that *the*

13  *inadequacy proximately caused [his] injury*; and (3) that [he] in fact suffered an injury from using

14  the product.") (emphasis added).

15      Plaintiff's assertion that he need not prove causation is flatly wrong. Accordingly, summary

16  judgment should be entered in Monsanto's favor on this basis alone.

17  **II.   SUMMARY JUDGMENT IS REQUIRED BECAUSE PLAINTIFF'S FAILURE TO**

18  **RESPOND   TO   THE   SUBSTANCE   OF   MONSANTO'S   ARGUMENTS**

19  **CONSTITUTES WAIVER.**

20      "[F]ailure to respond in an opposition brief to an argument put forward in an opening brief

21  constitutes waiver or abandonment in regard to the uncontested issue." <u>1940 Carmen, LLC v. City</u>

22  <u>of Los Angeles</u>, Nos. 2:20-cv-06772-ODW (Ex), 2:20-cv-08130-ODW (Ex), 2021 WL 3406648, at

23  *3 (C.D. Cal. Aug. 4, 2021) (dismissing complaint with prejudice). Setting aside his illogical

24  position that somehow causation is not an element of his various product liability claims (which it

25  is), Plaintiff has completely failed, by way of an alternative argument, to contend that if causation

26  is required, expert testimony is not. Without expert testimony, each of Plaintiff's cases fail as a

27  matter of law. <u>See</u> <u>Evans v. Matrixx Initiatives, Inc.</u>, No. 3:07-cv-357-J-34JRK, 2009 WL 2914252,

28  at *12 (M.D. Fla. Feb. 18, 2009) (excluding testimony on both general and specific causation and

1    stating, "Without any proof of causation, [p]laintiffs cannot make a *prima* facie case."); <u>Rink v.</u>

2    <u>Cheminova, Inc.</u>, 400 F.3d 1286, 1295-96 (11th Cir. 2005) (affirming grant of summary judgment

3    in favor of pesticide manufacturer where plaintiffs failed to make sufficient showing on causation

4    through expert testimony); <u>In re Denture Cream Prods. Liab. Litig.</u>, No. 09-2051-MD-ALTONAGA,

5    2017 WL 4129776, at *2 (S.D. Fla. Feb. 15, 2017) (where "[p]laintiffs have not submitted expert

6    evidence of any causative link between" defendants' product "and [p]laintiffs' allege injuries, there

7    is no genuine issue of material fact concerning [p]laintiffs' claims of causation . . . [and] summary

8    judgment is appropriate."); <u>McCasland</u>, 799 F. App'x at 734 ("Because the record contains no expert

9    testimony of specific causation, the district court properly granted summary judgment."); <u>Rayo v.</u>

10   <u>BP Exploration & Prod. Inc.</u>, No. 19-21263-CIV-MARTINEZ/OTAZO-REYES, 2019 WL

11   7376775, at *2 (S.D. Fla. Nov. 15, 2019) (where the plaintiff "ha[d] not disclosed any experts, nor

12   submitted any evidence of causation," the court "ha[d] no trouble concluding that summary

13   judgment [wa]s warranted"); <u>Davis</u>, 2002 WL 657062, at *8 ("As [the plaintiff] does not offer an

14   expert on failure to warn, he cannot prove Count 3."). Since Plaintiff does not contest that expert

15   testimony is required to prove his claims, Monsanto's motion should be granted on this basis alone.

16                                          **<u>CONCLUSION</u>**

17          For the foregoing reasons, Monsanto is entitled to summary judgment on all of Plaintiff's

18   claims.

19

20   Dated:  September 21, 2022              Respectfully submitted,

21
                                            /s/ *Jed P. White*
22                                          Jed P. White
                                            Attorney for Defendant Monsanto Company
23

24

25

26

27

28

MONSANTO'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
*TAM v. MONSANTO CO.*, 3:20-CV-04216-V