**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel:  202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel:  202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel:  415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310 -576-2200

*Attorneys for Defendant Monsanto Company*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741 |
|---|---|
| | Case No. 3:16-md-02741-VC |
| *Adrine Hann v. Monsanto Company*, 3:20-cv-07213-VC | **MONSANTO COMPANY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS** |
| | **Hearing:** <br> Date:   October 6, 2022 <br> Time:   1:00 p.m. <br> Place:  Courtroom 4 |

# INTRODUCTION

Monsanto filed its Motion for Summary Judgment on Causation Grounds ("Motion") based on the failure of Plaintiff Adrine Hann ("Plaintiff") to timely disclose an expert, whose testimony is required under Michigan law to prove all four claims—(1) strict liability (design defect); (2) strict liability (failure to warn); (3) negligence; and (4) breach of implied warranties, as well as a count for punitive damages[1]—she alleges in order to hold Monsanto responsible for her multiple myeloma.

Plaintiff's subpar and untimely Opposition renders it undisputed that she failed to disclose *any* experts on August 22, 2022, her expert disclosure deadline. Further, although Plaintiff concedes that expert testimony is required for her design defect claim to proceed (establishing that there is no genuine issue of undisputed fact, and, in turn, admitting Monsanto is entitled to summary judgment on this claim), Plaintiff states, absent cite to any case law (from Michigan or otherwise) that expert testimony is not required for the remainder of her claims. Plaintiff's unsupported and conclusory statements do not constitute a proper response, much less an argument, and, as such, constitute waiver. As explained below and more fully in its Motion, Monsanto is entitled to summary judgment on each of Plaintiff's claims.

# ARGUMENT

## I. SUMMARY JUDGMENT IS REQUIRED BECAUSE PLAINTIFF'S FAILURE TO RESPOND TO THE SUBSTANCE OF MONSANTO'S ARGUMENTS CONSTITUTES WAIVER.

At the outset, Monsanto notes Plaintiff's untimely Opposition, which was due on September 14, 2022 but, instead was filed on September 21, 2022 without the Court's leave, should be stricken by the Court. With respect to the merits of Plaintiff's filing, she has failed to offer a proper a response. "[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." 1940

---

[1] Although Plaintiff's Complaint references four "Claims," she included "Count-V" and labeled it "Punitive Damages." To the extent Plaintiff is asserting a cause of action in "Count V," Monsanto notes that "[p]unitive damages are a remedy . . . not a separate cause of action." Pierce v. General Motors LLC, No. 14-14491, 2016 WL 4800869, at *1 n.1 (E.D. Mich. Sept. 14, 2016). Furthermore, without any underlying claims, obviously her punitive damages request cannot stand.

Carmen, LLC v. City of Los Angeles, Nos. 2:20-cv-06772-ODW (Ex), 2:20-cv-08130-ODW (Ex), 2021 WL 3406648, at *3 (C.D. Cal. Aug. 4, 2021) (dismissing complaint with prejudice). Having conceded that her design defect claim fails for lack of expert testimony, Plaintiff merely asserts, without citation to any legal authority whatsoever, that her remaining claims "do not require the need for expert testimony to prove causation." Pl.'s Opp. at 6. As set forth in the cases Monsanto cited in its opening brief, which Plaintiff makes no effort to mention, let alone distinguish, expert testimony is required to prove the remaining causes of action of her product liability claims: (1) strict liability (failure to warn); (2) negligence; and (3) breach of implied warranties.

To prevail in a product liability case, "a plaintiff must establish general causation and specific causation." Hendrian v. Safety-Kleen Sys., Inc., No. 08-cv-14371, 2015 WL 4770966, at *4 (E.D. Mich. Aug. 13, 2015). "Both causation inquiries—general and specific—involve scientific assessments that must be established through the testimony of a medical expert." In re Dow Corning Corp., 541 B.R. 643, 654 (E.D. Mich. Bankr. 2015) (citation omitted). If a plaintiff fails to establish either general or specific causation through expert testimony, any product liability claims brought under Michigan law must fail. Id. (citation omitted). Plaintiff's cursory and unsupported assertion that her remaining claims "do not require the need for expert testimony to prove causation," is not an argument. She has patently failed to address the substance of Monsanto's motion and for this reason alone, summary judgment should be entered in Monsanto's favor on all of her claims.

Plaintiff admits that she has not disclosed any expert on the issue of specific causation, which is required under Michigan law. Even setting aside the lack of expert testimony, Plaintiff has not pointed to any other evidence in support of causation. Because Plaintiff cannot prove causation—an essential element of all her claims, Monsanto is entitled to summary judgment on all Plaintiff's claims. See Id. at 654-55 (following exclusion of plaintiff's experts, granting summary judgment in defendant's favor "since [the plaintiff] has presented no other experts who will testify that [the defendant's] silicone cause[s] diseases or other symptoms").

## CONCLUSION

For the foregoing reasons, Monsanto is entitled to summary judgment on all of Plaintiff's claims.

Dated:  September 21, 2022                         Respectfully submitted,

                                        */s/ Jed P. White*
                                        Jed P. White
                                        Attorney for Defendant Monsanto Company