UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: ROUNDUP PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 2741<br>Case No. 16-md-02741-VC |

THIS DOCUMENT RELATES TO:

*Watson v. Monsanto*, No. 3:18-cv-02100

---

Christopher L. Coffin
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com
*Counsel for Plaintiff*

**NOTICE OF MOTION AND MOTION FOR RELIEF FROM JUDGMENT; MEMORANDUM IN SUPPORT; AND PROPOSED ORDER**

Date: November 3, 2022
Courtroom: 4
Time: 10 A.M.
Judge Assigned: Vince Chhabria

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, as soon as counsel may be heard, via Zoom (telephonically or in person) in Courtroom 4, United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco California, 94102, George Smith, by and through undersigned counsel, will bring for hearing this Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b), on November 3, 2022, at 10:00 A.M., pursuant to Civ. L.R. 7-9, asking this Court to reconsider its June 30, 2022 Order (Doc. No. 13) dismissing *Watson v. Monsanto*, Case No. 3:18-cv-02100 with prejudice.

Movant's Motion is based on this Notice of Motion, the accompanying Memorandum in Support, Exhibits, and any additional argument and evidence this Court may consider.

Dated: September 26, 2022

/s/*Christopher L. Coffin*
Christopher L. Coffin
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
ccoffin@pbclawfirm.com
*Counsel for Plaintiff*

## PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B)

NOW INTO COURT, comes Plaintiff, Walter Watson, through undersigned counsel, who respectfully requests that this Honorable Court grant relief from judgment under Federal Rule of Civil Procedure 60(b) due to his excusable neglect and delay in providing documentation to the Special Master and in failing to respond to PTO No. 270.

WHEREFORE, for the reasons set forth in the accompanying memorandum in support, Plaintiff respectfully seeks relief from judgment under Rule 60(b) due to his excusable neglect and delay in providing documentation to the Special Master and in failing to respond to PTO No. 270, and prays that the Court make an indicative ruling to the Court of Appeals, Ninth Circuit, indicating that it is inclined to grant the Plaintiff's motion and/or indicate that the motion raises a substantial issue, and then ultimately reinstate the Plaintiff's case on the docket.

Dated: September 26, 2022

Respectfully submitted.

*/s/Christopher L. Coffin*
Christopher L. Coffin
PENDLEY, BAUDIN & COFFIN, L.L.P.
1100 Poydras Street, Suite 2225
New Orleans, Louisiana 70163
Phone: (504) 355-0086
Fax: (504) 355-0089
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/Christopher L. Coffin*
CHRISTOPHER L. COFFIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL NO. 2741<br>Case No. 16-md-02741-VC |

THIS DOCUMENT RELATES TO:

*Watson v. Monsanto*, No. 3:18-cv-02100

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B)

**I.     INTRODUCTION**

This case arises out of personal injuries incurred by Walter Watson ("Plaintiff") from his exposure to Roundup.

Plaintiff's case was originally filed in the Western District of Tennessee in February of 2018. McGartland & Borchardt, LLP ("McGartland") filed the case in Tennessee, and Pendley, Baudin & Coffin, LLP ("PBC") was also listed as counsel for Plaintiff on the complaint. The case was subsequently transferred to this MDL and was docketed as Case Number 3:18-cv-02100. The MDL master docket, and the individual case docket for the Plaintiff's case (Ex. 1), only shows McGartland listed as counsel for the Plaintiff. PBC is not listed as counsel for the Plaintiff on either docket in this Court.

The Plaintiff's individual case docket shows that there was little activity in the case since its transfer to the MDL court. *Id*. The case was recently dismissed with prejudice for the Plaintiff's failure to participate in the Special Master Program established by PTO No. 240. (Doc. Rec. 13).

The Plaintiff filed a notice of appeal with the United States Court of Appeals for the Ninth Circuit on July 29, 2022. (Doc. Rec. 14). The Ninth Circuit docket number is 22-16239. In the interest of justice and judicial efficiency, Plaintiff now files the instant Motion pursuant to Federal Rule of Civil Procedure 60(b) ) due to his excusable neglect and delay in providing documentation to the Special Master and in failing to respond to PTO No. 270, and prays that this Court make an indicative ruling to the Court of Appeals, Ninth Circuit, indicating that it is inclined to grant the Plaintiff's motion and/or indicating that the motion raises a substantial issue, and then ultimately reinstate the Plaintiff's case on the docket. *Karaha Bodas Co. v. Perusahaan Perambangan Minyak Dan Gas Bumi Negara*, No. 02-20042, 2003 WL 21027134, at *4–6 (5th Cir. Mar. 5, 2003); see also *Winchester v. United States Atty. for S.D. of Tex.*, 68 F.3d 947, 950 (5th Cir.1995).

## II. FACTS

On July 23, 2021, this Court entered PTO No. 240, which established a Special Master Program "to allow Plaintiffs in this MDL to receive an offer of a payment to settle their cases. Every current and future plaintiff in this MDL who has not already reached a settlement with Monsanto is ordered to participate in the program." (MDL Rec. Doc. 13323). PTO No. 240 further stated that "pursuant to the program, counsel for individual plaintiffs (or the plaintiffs themselves, if they are unrepresented) will receive a letter from the Special Master requesting certain information (and supporting documentation) regarding their claims. Every plaintiff is ordered to submit the information requested by the Special Master by the deadline he establishes. Failure to do so will be deemed a violation of this order."

PTO No. 240 explained how the settlement program would work and outlined that the "plaintiff may either accept or reject the offer" made by the Special Master, and that "there is no penalty for refusal of an offer."

Finally, PTO No. 240 stated that "the Special Master will contact each plaintiff; plaintiffs do not need to reach out to him."

Significantly, as explained more fully below, neither PBC nor McGartland ever received any letter or correspondence from the Special Master requesting information (and supporting documentation) regarding the Plaintiff's claims, as ordered in PTO No. 240.

PTO 270 was entered by the Court on January 21, 2022. (MDL Rec. Doc. 14488). It ordered firms to show cause why their clients' cases should not be dismissed for failure to participate in the Special Master's Program. The Plaintiff's case was listed as an affected case, but Plaintiff did not respond to the Court's show cause order.

On June 30, 2022, McGartland and PBC received notice that Plaintiff's case had been dismissed with prejudice for failure to participate in the Special Master Program.

After becoming aware of the dismissal, PBC contacted the Special Master's office to inquire whether the Special Master had ever sent PBC any letter or correspondence requesting information (and supporting documentation) regarding the Plaintiff's claims, as ordered in PTO No. 240. The Special Master's office eventually confirmed that they had sent PBC a package on September 17, 2021, by Federal Express delivery, and produced to PBC a copy of the Federal Express label that was completed for the delivery. (Ex. 2). The label shows that it was addressed as follows:

> Christopher L. Coffin, Esq.
> Re: Walter Watson
> Pendley, Baudin & Coffin, L.L.P.
> 1515 Poydras Street, Suite 1400
> New Orleans, LA 70112

The Special Master also provided PBC a screenshot of the Federal Express tracking information for this package. (Ex. 3). It indicates that the package was delivered in "New Orleans, LA US," on September 21, 2021, and was signed for by someone named "T. Thomas."

PBC shows that the 1515 Poydras Street, Suite 1400, address is a *former* office address of Pendley, Baudin & Coffin, LLP. (Ex. 4). PBC moved from this location and address to another office location in a different office building in New Orleans at 1100 Poydras Street in August of 2018, which is over three years before the Special Master addressed and sent the package at issue. *Id.* PBC has not had a presence or office at 1515 Poydras Street since August of 2018; does not know who "T. Thomas" is; does not know who occupied its former offices on September 21, 2021, when the Special Master's package was apparently delivered; and, has not given anyone at its former office space the authority to accept Federal Express packages on behalf of PBC or any of its counsel. (Ex. 4, 5).

Notably, although McGartland is listed as the sole counsel for Plaintiff on both the MDL master docket and Plaintiff's individual case docket, McGartland never received a package for the Plaintiff's claim as contemplated by PTO No. 240 either. (Ex. 5). The Special Master's office's attempted Federal Express delivery to PBC was the only attempt made at contacting Plaintiff regarding PTO No. 240. (Ex. 5).

PTO No. 270 was entered by the Court on January 21, 2022. It ordered that plaintiffs and their counsel for the cases listed therein have 21 days to file a written response to the Order showing cause as to why their case should not be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) based on a failure to participate in the settlement program under Pretrial Order No. 240. Although the Plaintiff's case was listed in the Order, for the reasons outlined

below, Plaintiff failed to file a written response adhering to the Court's order and the Plaintiff's case was thereafter dismissed with prejudice.

### III. **STANDARD OF REVIEW**

Federal Rule 60(b)(1) permits a district court to relieve a party from a judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Such relief is allowed so long as the motion is filed within a reasonable time, up to one year after the entry of the order under review. Rule 60(b) guides the balance between the preference of deciding cases on the basis of their legal and factual merits and the interest of the Court in the finality of judgments. *Pena v. Seguros La Comercial*, 770 F.2d 811, 814 (9th Cir. 2001).

Rule 60(b) is "remedial in nature and ... must be liberally applied. *Falk v Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Additionally, the entry of a judgment for failing to meet a procedural deadline is "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits. *Id.* at 463.

The three factors that govern relief from a judgment under Rule 60(b) are: "whether the [party's] culpable conduct led to the default; whether the [party] has a meritorious defense; and whether reopening the default judgment would prejudice the [opposing party]." *Falk*, 739 F.2d at 463; *Alan Neuman Prods., Inc v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The determination of whether neglect is excusable and warrants the granting of a Rule 60(b)(1) motion for relief is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. V, Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The term "excusable neglect" includes "cases of negligence,

carelessness and inadvertent mistake." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

In *Bateman*, the 9th Circuit applied this test and found that the failure of a plaintiffs' attorney to review court communications and meet deadlines while he was out of the country was excusable neglect and reversed the granting of a motion for summary judgment. Of particular importance to the Court was the lack of prejudice to the defendants. The *Bateman* Court viewed the reversal of summary judgment as merely the loss of a "quick victory" which would result in minimal prejudice to the defendants. *Id.*, 231 F.3d at 1224–25. Both the United States Supreme Court and the 9th Circuit have opined that the excusable neglect envisioned by Rule 60(b) encompasses negligence, including attorney error as to deadlines. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394, 113 S. Ct. 1489, 1497, 123 L. Ed. 2d 74 (1993) ("Thus, at least for purposes of Rule 60(b), 'excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.") and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997) ("We now hold that the equitable test set out in *Pioneer* applies to Rule 60(b) as well.")

## IV. ARGUMENT

### A. There is No Culpable Conduct

There is no culpable conduct in this case. PTO No. 240 stated that counsel for individual plaintiffs *will receive a letter from the Special Master* requesting certain information (and supporting documentation) regarding their claims. As outlined above, PBC did ***not*** receive such a letter from the Special Master because the Special Master sent the letter by Federal Express to a former office address of PBC. PBC had not occupied offices at that location for over three years prior to the Special Master sending his letter to that address. (Ex. 4). PBC does not know who

accepted delivery of the package, and certainly did not authorize anyone at their former offices to accept delivery of any packages on their behalf. *Id.* PBC first learned that the package had been sent to their former offices after the case was already dismissed, and thereafter upon contacting the Special Master's office to investigate what had happened. (Ex. 5).

Quite simply, Plaintiff and PBC could not respond to the Special Master's request for information and documents about the Plaintiff's claims, or meet any deadlines established by the Special Master, when the request was never received. PTO No. 240 stated that "the Special Master will contact each plaintiff," but that did not happen in this instance. The Special Master attempted to contact PBC with the Federal Express delivery, but the contact was not confected. This was the only attempt by the Special Master to make contact with PBC with regard to the Plaintiff's claims and PTO No. 240. (Ex. 5). Finally, PTO No. 240 stated that plaintiffs did not need to reach out to the Special Master, and that he would contact them. Thus, PBC had no reason to contact the Special Master to inquire about any attempted contact by the Special Master that was not confected, thus exposing the Plaintiff to sanctions and dismissal of their suit.

Here, there was no intent to thwart judicial proceedings and there was no reckless disregard for the effect of Plaintiff's conduct on the judicial proceedings. Nothing suggests that the Plaintiff was deliberately attempting to manipulate the judicial system, or that Plaintiff engaged in willful, deliberate, or bad faith conduct. To the contrary, Plaintiff would have responded to the Special Master's requests for information and documents, and would have seriously considered any settlement offer proposed, had PBC received the Special Master's request and had an opportunity to participate in the Program. If the instant motion is granted, Plaintiff will agree to immediately participate in the Program upon receipt of the request for information and documents from the Special Master.

Further, PBC shows that it has resolved more than 125 of its non-MDL Roundup cases for its clients against Monsanto. PBC did not intentionally fail to have its client participate in the Special Master Program, but rather, fully supports the Court's initiatives to resolve claims in this litigation.

With regard to Plaintiff's failure to respond to the Court's PTO No. 270 Show Cause Order which listed Plaintiff's case as being affected by the Order, PBC shows that it unintentionally and mistakenly failed to recognize that Plaintiff's case was specifically affected by the Order. (Ex. 4). As discussed above, PBC had not received any letter request for information and documents from the Special Master, and thus, had not calendared any deadlines from the Special Master to respond to his requests. Had PBC received the Special Master's request for information and documents, and failed to respond or responded beyond any set deadlines by the Special Master, then PBC would certainly be on the lookout for a show cause order from the Court as the Court had threatened sanctions for such actions or inactions in PTO No. 240. (MDL Doc. Rec. 13323). But none of that was the case here as PBC never received the Special Master's sole attempt at contacting PBC regarding PTO No. 240. (Ex. 5).

Regardless, PBC acknowledges that it should have been more diligent in reviewing the Court's orders and apologizes to the Court for its failure to respond to PTO No. 270, and prays that its inadvertent error will qualify as a mistake and/or excusable neglect under Rule 60(b) and not negatively affect the Plaintiff's claims in this litigation.

**B.     Mr. Watson has a Meritorious Claim.**

Entry of a judgment for failing to meet a procedural deadline is "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk*, 739

F.2d at 463. The burden on the party to present facts that would constitute a meritorious claim or defense is not extraordinarily heavy. *TCI Grp.*, 244 F.3d at 700.

The Plaintiff has already explained the reasons for failing to participate in the Special Master Program and for not responding to PTO No. 270, but those facts bear no reflection on the merits of his claims. Plaintiff's claims involve his development of cancer due to his exposure to Roundup. Plaintiff has evidence, including medical records, documenting his cancer, as well as evidence supporting that exposure to Roundup can lead to the development of cancer. Multiple juries have found in favor of plaintiffs making similar claims against Monsanto – some in this Court. Thus, Plaintiff has credibly stated a claim for damages against Monsanto for his exposure to Roundup and resulting cancer.

C.   **There is No Prejudice to the Opposing Party**

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp.*, 244 F.3d at 701. Rather, the standard is whether [the opposing party's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d 463. To be prejudicial to the opposing party, the delay caused by the dismissal "must result in the tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Thompson, 95 F.3d at 433-34*. "It should be obvious why merely being forced to litigate on the merits cannot be considered prejudicial" for purposes of granting relief from a judgement under Rule 60(b). *TCI Grp.*, 244 F.3d at 701. There is no prejudice to the opposing party simply because that party loses a quick victory due to an opponent's procedural default. *Bateman v. United States Posta Service*, 231 F.3d 1220 (9th Cir. 2000). The procedural safeguard against prejudice contained in Rule 60(b) is the one-year limit on bringing a motion for relief. Fed. R. Civ. Pro. 60(b) ("A motion under Rule 60(b) must be made within a reasonable time---and for

reasons (1), (2), and (3) no more than a year after the entry of the judgement or order or the date of the proceeding."). Here, there is no prejudice to the Defendant if the motion is granted.

First, Plaintiff shows that PTO No. 240 orders all plaintiffs to participate in the Program, but the plaintiffs can choose to either accept or reject an offer. So, even if the Plaintiff had participated in the Program and decided not to accept the offer, his case would still be pending in the MDL and the Defendants would have to defend it. There was no guarantee that the Settlement Program would be successful in resolving any claims, including the Plaintiff's claims. Plaintiff posits that these facts weigh in favor of no prejudice to Defendant.

Second, PTO 240 applies to every current *and future plaintiff* in the MDL who has not already reached a settlement with Monsanto. Thus, PTO No. 240 mandates and contemplates that the Settlement Program will be active and ongoing for as long as new cases are filed and consolidated in the MDL. A cursory review of the MDL master docket reveals that new cases are being added to the MDL almost daily. Although it would be later than anticipated, there would be no prejudice to Monsanto if Plaintiff were allowed to participate in Settlement Program a little later than anticipated, given that the Program is still ongoing. And, if the Settlement Program does not result in a settlement of Plaintiff's claims, the Plaintiff's case would remain on the docket with many other cases pending against the Defendant waiting on a trial. Plaintiff shows that prior to the dismissal order being entered, no meaningful discovery or case-specific depositions were taken in his case. Thus, Plaintiff posits that it would not be prejudicial to Defendant to reinstate the case, let it go through the Settlement Program as intended, and remain on the docket if no settlement is confected.

D. **Plaintiff's Neglect is Excusable**

Plaintiff shows that his neglect is excusable when examining the four factors noted above.

First, and most importantly, the Defendant here will suffer no prejudice as argued above.

Second, the length of the delay is minimal and has not slowed the progress of the MDL proceedings, and the instant motion has been filed within a reasonable time period after the order dismissing Plaintiff's case was entered.

Regarding factors three and four, Plaintiff Watson acted in good faith, is interested in participating in the Special Master Program, and intends to comply with all deadlines associated therewith. As explained above, the Special Master's package was addressed and delivered to a former office address of PBC, and thus, had no notice of any deadlines established by the Special Master for responding to his requests, and PBC unintentionally and mistakenly failed to respond to the PTO 270 show cause order. To the extent this was in error or negligence, it falls within the scope of *Bateman* and *Briones* and qualifies as excusable neglect. *See Bateman,* 231 F.3d 1220 (where the failure of a party to respond to a motion for summary judgment or request an extension due to an out of the country trip was excusable neglect) and *Briones,* 116 F.3d 379 (where a failure to read and attempt to follow court rules was excusable neglect).

Accordingly, for the reasons set forth herein, Plaintiff Watson respectfully seeks relief from judgment under Rule 60(b), and prays that the Court make an indicative ruling to the Court of Appeals, Ninth Circuit, indicating that it is inclined to grant the Plaintiff's motion and/or indicate that the motion raises a substantial issue, and then ultimately reinstate the Plaintiff's case on the docket.

Dated: September 26, 2022

        */s/Christopher L. Coffin*
        Christopher L. Coffin
        PENDLEY, BAUDIN & COFFIN, L.L.P.
        1100 Poydras Street, Suite 2225
        New Orleans, Louisiana 70163
        Phone: (504) 355-0086

Fax: (504) 355-0089
ccoffin@pbclawfirm.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

*/s/Christopher L. Cofffin*
CHRISTOPHER L. COFFIN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL NO. 2741
Case No. 16-md-02741-VC

THIS DOCUMENT RELATES TO:

*Watson v. Monsanto*, No. 3:18-cv-02100

[PROPOSED] ORDER

Considering the Plaintiff's Motion for Relief from Judgment Pursuant to Rule 60(b) and the Plaintiff's appeal pending at the Court of Appeals, Ninth Circuit:

IT IS ORDERED that the Court is inclined to grant the Plaintiff's Motion and finds that the Motion raises a substantial issue.

IT IS FURTHER ORDERED that the Clerk of Court forward this Order to the Court of Appeals, Ninth Circuit, and request that the Court of Appeal remand the action to this Court for further proceedings.

Dated: _____

_____
UNITED STATES DISTRICT COURT JUDGE