**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:   (713) 227-8008
Facsimile:   (713) 227-9508
Email:        jstubbs@shb.com
*Attorney for Defendant*
BAYER CORPORATION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| This document relates to: *Rodney Price v. Monsanto Company, Inc. and Bayer Corporation* Case No. 3:22-cv-05046-VC | |

### BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Bayer Corporation ("Bayer Corporation"), by and through its counsel, answers Plaintiff's Complaint ("the Complaint") by generally denying all allegations contained in the Complaint, except as set forth below. Bayer Corporation denies – and objects to– allegations by Plaintiff that purport to lump Bayer Corporation together with other defendants. Bayer Corporation responds to the allegations in the Complaint only on behalf of Bayer Corporation and not on behalf of any other defendant. Silence as to any allegations shall constitute a denial. Bayer Corporation answers the specific, numbered allegations of the Complaint as follows:

1. Bayer Corporation admits that Plaintiff purports to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to Plaintiff. Bayer Corporation denies the remaining allegations in paragraph 1.

2. The allegations in paragraph 2 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

3.  Bayer Corporation denies the allegations in paragraph 3.

4.  Bayer Corporation denies the allegations in paragraph 4.

5.  Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies those allegations.

6.  The allegations in paragraph 6 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

7.  In response to the allegations in paragraph 7, Bayer Corporation admits that it is an indirect subsidiary of Bayer AG. The remaining allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.  Bayer Corporation denies the allegations in paragraph 8. To the extent that the allegations in paragraph 8 are directed at a defendant other than Bayer Corporation, those allegations do not require a response from Bayer Corporation. Bayer Corporation denies the remaining allegations in paragraph 8.

9.  Bayer Corporation denies the allegations in paragraph 9.

10. Bayer Corporation denies the allegations in paragraph 10.

11. Bayer Corporation denies the allegations in paragraph 11.

12. Bayer Corporation denies the allegations in paragraph 12.

13. Bayer Corporation denies the allegations in paragraph 13.

14. Bayer Corporation denies the allegations in paragraph 14.

15. Bayer Corporation incorporates by reference its responses to paragraphs 1 through 14 in response to paragraph 15 of the Complaint.

16. Bayer Corporation admits the allegations in paragraph 16.

17. The allegations in paragraph 17 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

18. Bayer Corporation denies that Roundup®-branded products are Bayer Corporation's products and denies that Roundup®-branded products pose dangers to health and safety. Bayer

Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies those allegations.

19. The allegations in paragraph 19 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

20. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies those allegations.

21. The allegations in paragraph 21 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

22. The allegations in paragraph 22 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

23. The allegations in paragraph 23 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

24. In response to the first sentence in paragraph 24, Bayer Corporation admits glyphosate is a herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 24 are vague and ambiguous and Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies those allegations. Bayer Corporation denies the allegations in the last sentence of paragraph 24 to the extent that it suggests that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by EPA.

25. The allegation in paragraph 25 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

26. The allegations in paragraph 26 set forth conclusions of law for which no response is required. To the extent that a response is deemed required, Bayer Corporation admits the allegations in paragraph 26.

27. In response to the allegations in paragraph 27, Bayer Corporation admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the

labeling of herbicides that do not satisfy the requirements set forth in FIFRA. The remaining allegations in paragraph 27 set forth conclusions of law for which no response is required.

28. The allegations in paragraph 28 set forth conclusions of law for which no response is required.

29. In response to the allegations in paragraph 29, Bayer Corporation admits that Roundup®-branded products are registered by EPA for manufacture, sale, and distribution in the United States. Bayer Corporation denies the remaining allegations in paragraph 29.

30. In response to the allegations in paragraph 30, Bayer Corporation admits that EPA requires registrants of herbicides to submit extensive data in support of the human health and environmental safety of their products and further admits that EPA will not register or approve the labeling of herbicides that do not satisfy the requirements set forth in FIFRA. Bayer Corporation states that the term "the product tests" in the final sentence of paragraph 30 is vague and ambiguous, and Bayer Corporation therefore denies the same. The remaining allegations in paragraph 30 set forth conclusions of law for which no response is required.

31. Bayer Corporation denies the allegations in paragraph 31 to the extent they suggest that EPA only evaluates the safety of pesticide products on the date of their initial registration. Bayer Corporation admits that EPA is in the process of conducting regulatory review of various pesticide products, but Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 regarding such pesticide products generally. The remaining allegations in paragraph 31 set forth conclusions of law for which no response is required.

32. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies those allegations.

33. The allegation in paragraph 33 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

34. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies those allegations.

35.  The allegation in paragraph 35 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

36.  The allegation in paragraph 36 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

37.  Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies those allegations.

38.  Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies those allegations.

39.  Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies those allegations.

40.  Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies those allegations.

41.  The allegation in paragraph 41 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation. To the extent a response is deemed required, Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies those allegations

42.  Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies those allegations.

43.  Bayer Corporation admits the allegations in the first sentence of paragraph 43. Bayer Corporation denies the allegations in the second sentence of paragraph 43 to the extent they suggest that the IARC based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

44.  Bayer Corporation admits the allegations in the first sentence of paragraph 44. Bayer Corporation denies the allegations in the second sentence of paragraph 44.

45.  In response to the allegations in paragraph 45, Bayer Corporation admits that the IARC working group classified glyphosate under Group 2A. Bayer Corporation denies the remaining allegations in paragraph 45.

46. Bayer Corporation denies the allegations in the first and second sentences of paragraph 46.

47. The allegation in paragraph 47 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

48. Bayer Corporation denies the allegations in paragraph 48.

49. Bayer Corporation denies the allegations in paragraph 49.

50. Bayer Corporation denies the allegations in paragraph 50.

51. Bayer Corporation denies the allegations in paragraph 51.

52. Bayer Corporation denies the allegations in paragraph 52.

53. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies those allegations.

54. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies those allegations.

55. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies those allegations.

56. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies those allegations.

57. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore denies those allegations.

58. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore denies those allegations.

59. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore denies those allegations.

60. Bayer Corporation incorporates by reference its responses to paragraphs 1 through 59 in response to paragraph 60 of the Complaint.

61. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 61. In response to the allegations in the

second sentence of paragraph 61, Bayer Corporation denies that there is any risk of NHL or other serious illness associated with or linked to the use of and/or exposure to Roundup®-branded products and glyphosate. Bayer Corporation states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015. The remaining allegations in paragraph 61 set forth conclusions of law for which no response is required.

62. The allegations in paragraph 62 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

63. In response to the allegations in paragraph 63, Bayer Corporation denies that there is any risk of NHL or other serious illness associated with the use of and/or exposure to Roundup®-branded products and glyphosate. Bayer Corporation states, however, that the scientific studies upon which IARC purported to base its cancer classification for glyphosate were all publicly available before March 2015. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 63 and therefore denies those allegations.

64. To the extent that the allegations in paragraph 64 are related to Bayer Corporation, Bayer Corporation denies the allegations in the first and last sentences of paragraph 64. The remaining allegations in paragraph 64 do not require a response from Bayer Corporation because the allegations relate to a defendant other than Bayer Corporation. Bayer Corporation states, however, that the scientific studies upon which IARC purported to base its classification were all publicly available before March 2015.

65. To the extent that the allegations in paragraph 65 are related to Bayer Corporation, sentences five and six of paragraph 65 set forth conclusions of law for which no response is required. The remaining allegations in paragraph 65 do not require a response from Bayer Corporation because the allegations relate to a defendant other than Bayer Corporation.

66. Bayer Corporation incorporates by reference its responses to paragraphs 1 through 65 in response to paragraph 66 of the Complaint.

1  67. The allegations in paragraph 67 do not require a response from Bayer Corporation
2  because these allegations relate to a defendant other than Bayer Corporation.

3  68. The allegations in paragraph 68 do not require a response from Bayer Corporation
4  because these allegations relate to a defendant other than Bayer Corporation.

5  69. The allegations in paragraph 69 do not require a response from Bayer Corporation
6  because these allegations relate to a defendant other than Bayer Corporation.

7  70. The allegations in paragraph 70 do not require a response from Bayer Corporation
8  because these allegations relate to a defendant other than Bayer Corporation.

9  71. The allegations in paragraph 71 do not require a response from Bayer Corporation
10  because these allegations relate to a defendant other than Bayer Corporation.

11  72. The allegations in paragraph 72 do not require a response from Bayer Corporation
12  because these allegations relate to a defendant other than Bayer Corporation.

13  73. The allegations in paragraph 73 do not require a response from Bayer Corporation
14  because these allegations relate to a defendant other than Bayer Corporation.

15  74. The allegations in paragraph 74 do not require a response from Bayer Corporation
16  because these allegations relate to a defendant other than Bayer Corporation.

17  75. Bayer Corporation denies the allegations in paragraph 75.

18  76. Bayer Corporation denies the allegations in paragraph 76 and each of its subparts.

19  77. The allegations in paragraph 77 set forth conclusions of law for which no response is
20  required.

21  78. Bayer Corporation lacks information or knowledge sufficient to form a belief as to
22  the truth of the allegations in paragraph 78 regarding Plaintiff's knowledge and therefore denies
23  those allegations. Bayer Corporation denies the remaining allegations in paragraph 78, including
24  that intended use of and/or exposure to Roundup®-branded products causes any injuries.

25  79. Bayer Corporation denies the allegations in paragraph 79.

26  80. The allegations in paragraph 80 do not require a response from Bayer Corporation
27  because these allegations relate to a defendant other than Bayer Corporation.

28

81. The allegations in paragraph 81 do not require a response from Bayer Corporation because these allegations relate to a defendant other than Bayer Corporation.

82. Bayer Corporation incorporates by reference its responses to paragraphs 1 through 81 in response to paragraph 82 of the Complaint.

83. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 83 and therefore denies those allegations.

84. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore denies those allegations.

85. Bayer Corporation denies the allegations in paragraph 85.

86. Bayer Corporation denies the allegations in paragraph 86.

87. Bayer Corporation denies the allegations in paragraph 87.

88. Bayer Corporation denies the allegations in paragraph 88 and each of its subparts.

89. Bayer Corporation denies the allegations in paragraph 89.

90. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 90 regarding Plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations. Bayer Corporation denies the remaining allegations in paragraph 90, including that Roundup®-branded products have "dangerous characteristics."

91. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore denies those allegations.

92. Bayer Corporation denies the allegations in paragraph 92.

93. The allegations in paragraph 93 set forth conclusions of law for which no response is required.

94. Bayer Corporation denies the allegations in paragraph 94.

95. Bayer Corporation denies the allegations in paragraph 95.

96. Bayer Corporation denies the allegations in paragraph 96.

97. Bayer Corporation denies the allegations in paragraph 97.

1     98. Bayer Corporation denies the allegations in paragraph 98.

2     99. Bayer Corporation denies the allegations in paragraph 99.

3     100. Bayer Corporation denies the allegations in paragraph 100.

4     101. Bayer Corporation denies the allegations in paragraph 101.

5     102. Bayer Corporation denies the allegations in paragraph 102.

6     103. Bayer Corporation denies the allegations in paragraph 103.

7     104. Bayer Corporation incorporates by reference its responses to paragraphs 1 through 103 in response to paragraph 104 of the Complaint.

9     105. Bayer Corporation denies the allegations in paragraph 105.

10     106. Bayer Corporation denies the allegations in paragraph 106.

11     107. Bayer Corporation denies the allegations in paragraph 107.

12     108. Bayer Corporation denies the allegations in paragraph 108.

13     109. Bayer Corporation denies the allegations in paragraph 109.

14     110. Bayer Corporation denies the allegations in paragraph 110.

15     111. Bayer Corporation denies the allegations in paragraph 111.

16     112. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 112 regarding Plaintiff's use history and therefore denies those allegations. Bayer Corporation denies the remaining allegations in paragraph 112.

19     113. The allegations in paragraph 113 set forth conclusions of law for which no response is required.

21     114. Bayer Corporation denies the allegations in paragraph 114.

22     115. Bayer Corporation denies the allegations in paragraph 115.

23     116. Bayer Corporation denies the allegations in paragraph 116.

24     117. Bayer Corporation denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 117.

118. In response to the allegations in paragraph 118, Bayer Corporation denies that it has ever manufactured or distributed Roundup®-branded products. The remaining allegations in paragraph 118 set forth conclusions of law for which no response is required.

119. The allegations in paragraph 119 set forth conclusions of law for which no response is required.

120. Bayer Corporation denies the allegations in paragraph 120.

121. Bayer Corporation denies the allegations in paragraph 121.

122. Bayer Corporation denies the allegations in paragraph 122.

123. Bayer Corporation denies the allegations in paragraph 123.

124. Bayer Corporation incorporates by reference its responses to paragraphs 1 through 123 in response to paragraph 124 of the Complaint.

125. Bayer Corporation denies the allegations in paragraph 125.

126. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 126 concerning Plaintiff's claimed use of Roundup®-branded products and therefore denies those allegations. Bayer Corporation denies the remaining allegations in paragraph 126.

127. Bayer Corporation denies the allegations in paragraph 127.

128. Bayer Corporation denies the allegations in paragraph 128.

129. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 129 and therefore denies those allegations.

130. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 130 regarding Plaintiff's reliance and therefore denies those allegations. The remaining allegations in paragraph 130 set forth conclusions of law for which no response is required.

131. Bayer Corporation denies the allegations in paragraph 131.

132. Bayer Corporation denies the allegations in paragraph 132.

133. Bayer Corporation denies the allegations in paragraph 133.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC  &  3:22-cv-05046-VC

134. Bayer Corporation incorporates by reference its responses to paragraphs 1 through 133 in response to paragraph 134 of the Complaint.

135. Bayer Corporation denies the allegations in paragraph 135.

136. The allegations in paragraph 136 set forth conclusions of law for which no response is required.

137. In response to the allegations in paragraph 137, Bayer Corporation states that the cited document speaks for itself and does not require a response.

138. Bayer Corporation denies the allegations in paragraph 138.

139. Bayer Corporation denies the allegations in paragraph 139.

140. Bayer Corporation denies the allegations in paragraph 140.

141. Bayer Corporation incorporates by reference its responses to paragraphs 1 through 140 in response to paragraph 141 of the Complaint.

142. Bayer Corporation denies the allegations in paragraph 142.

143. Bayer Corporation denies the allegations in paragraph 143.

144. Bayer Corporation denies the allegations in paragraph 144.

145. Bayer Corporation denies the allegations in paragraph 145.

In response to the allegations in the "PRAYER FOR RELIEF" paragraph following paragraph 145, Bayer Corporation denies that Plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs or any other relief whatsoever.

Every allegation in the Petition that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. This Court does not have personal jurisdiction over Bayer Corporation for plaintiff's claims.

3. Plaintiff's claims are barred because Plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4. Any alleged negligent or culpable conduct of Bayer Corporation, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

5. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8. Any claims based on allegations that Bayer Corporation misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

9. Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or

independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

12. The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar Plaintiff's claims in whole or in part.

13. Applicable statutes of limitations and/or repose bar Plaintiff's claims in whole or in part.

14. Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar Plaintiff's claims in whole or in part.

15. If Plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Bayer Corporation is neither liable nor responsible or, in the alternative, Bayer Corporation is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bayer Corporation. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injuries or damages.

16. Bayer Corporation had no legal relationship or privity with Plaintiff and owed no duty to Plaintiff by which liability could be attributed to it.

17. Bayer Corporation made no warranties of any kind or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, which Bayer Corporation specifically denies, then Plaintiff failed to give notice of any breach thereof.

18. Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

19. Plaintiff's claims for punitive damages are barred because such an award would violate Bayer Corporation's due process, equal protection and other rights under the United States Constitution, the Utah Constitution, and/or other applicable state constitutions.

20. Plaintiff's claims for punitive damages are barred because Plaintiff has failed to allege conduct warranting imposition of such damages under Utah law and/or other applicable state laws.

21. Plaintiff's claims for punitive damages are barred and/or limited by operation of state and/or federal law.

22. Plaintiff's claims are barred in whole or in part by Plaintiff's own contributory/comparative negligence.

23. Plaintiff's claims are barred in whole or in part by Plaintiff's own failure to mitigate damages.

24. Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

25. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received and/or will receive from collateral sources.

26. If Plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Bayer Corporation product.

27. Plaintiff's claims are barred or limited to the extent that Plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

28. Plaintiff's claims are barred to the extent that Plaintiff seeks relief under the laws of states that do not govern Plaintiff's claims.

29. Bayer Corporation hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Bayer Corporation demands judgment in its favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Bayer Corporation demands a jury trial on all issues so triable.

DATED: September 28, 2022

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: */s/ Jennise W. Stubbs*
    Jennise W. Stubbs
    600 Travis Street, Suite 3400
    Houston, TX 77002-2926
    Telephone: (713) 227-8008
    Facsimile: (713) 227-9508
    Email: jstubbs@shb.com

*Attorney for Defendant*
*BAYER CORPORATION*

**CERTIFICATE OF SERVICE**

I certify that on the 28th day of September, 2022, I electronically transmitted the foregoing **MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal, and a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

/s/ *Jennise W. Stubbs*
Jennise W. Stubbs