**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel:  202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel:  202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel:  415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310 -576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| *Jeffrey Westfall v. Monsanto Company*, 3:21-cv-02909-VC | **MONSANTO COMPANY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS** |
| | **Hearing:**<br>Date:   October 6, 2022<br>Time:   10:00 a.m.<br>Place:   Zoom webinar |

## INTRODUCTION

Plaintiffs concede that they have not served any expert report containing case-specific evidence of a causal link between Roundup exposure and Mr. Westfall's cancer. Instead, in the face of settled law, Plaintiffs argue that their claims "do not require expert testimony" and that the cause of their injury "lies within the common knowledge or understanding of the jury." (Opp. at 3.) In doing so, Plaintiffs misstate both the law and their burden of proof, arguing that they can establish specific causation merely because "there is no other logical explanation." (Opp. at 6.) Plaintiffs cannot prove specific medical causation with their own self-serving testimony. Without expert testimony to prove specific causation, none of Plaintiffs' claims may proceed, and Monsanto is entitled to summary judgment.

## ARGUMENT

### I. SUMMARY JUDGMENT IS REQUIRED BECAUSE PLAINTIFFS LACK THE REQUIRED ADMISSIBLE EXPERT TESTIMONY ON CAUSATION.

#### A. Under Ohio Law, Plaintiff Must Provide Expert Testimony on Specific Causation.

The law is clear: "To establish strict liability under Ohio law, plaintiffs must produce expert testimony that the defect at issue 'proximately caused their claimed injuries.'" *Graham v. Am. Cyanamid Co.*, 350 F.3d 496, 513 (6th Cir. 2003) (quoting *State Farm Fire & Cas. Co. v. Chrysler Corp.*, 37 Ohio St. 3d 1, 523 N.E.2d 489, 494 (Ohio 1988)). Additionally, it is well-settled law that expert testimony is required when the "'inquiry pertains to a highly technical question of science or art or to a particular professional or mechanical skill.'" *Galoski v. Stanley Black & Decker, Inc.*, No. 1:14-CV-553, 2017 U.S. Dist. LEXIS 80486, *16-17 (N.D. Ohio May 24, 2017) (quoting *Jones v. Hawkes Hosp. Of Mt. Carmel*, 175 Ohio St. 503, 196 N.E.2d 592 (1964)); *see also Schmiedebusch v. Mallinckrodt, Inc.*, No. 3:10-CV-2024, 2011 U.S. Dist. LEXIS 125765, *11 (N.D. Ohio September 13, 2011) ("Under Ohio law, expert medical testimony is required to establish causation of a specific physical injury, if such cause is not within common knowledge.").

1  There is no question that Plaintiffs' theory of liability relies on such a highly technical question of science. Plaintiffs allege that Mr. Westfall was diagnosed with cutaneous T-cell lymphoma, a subtype of Non Hodgkin's Lymphoma ("NHL"). *See* Compl. ¶ 126-127. NHL is a highly diverse group of blood cancers classified into more than 60 distinct subtypes and is the seventh most common cancer. "With cancer the question of causation is especially troublesome[,] . . . it is frequently difficult to determine the nature and cause of a particular cancerous growth." *Jones v. Ortho Pharm. Corp.*, 163 Cal. App. 3d 396, 403 (1985).

Plaintiffs ignore this law in their opposition. Instead, Plaintiffs cite *McConnell v. Cosco, Inc.*, 238 F. Supp. 2d 970 (S.D. Ohio 2003) and *Crislip v. TCH Liquidating Co.*, 556 N.E.2d 1177, 1182 (Ohio 1990) for the proposition that "whether a warning is sufficient in light of the known risks is a question of fact for the trier of fact." (Opp. at 5.) But this deals with whether a warning is adequate, not specific causation. Whether a warning was inadequate is separate and apart from whether the product was the proximate cause of plaintiff's injury. *See Hisrich v. Volvo Cars of N. Am., Inc.*, 226 F.3d 445, 451 (6th Cir. 2000) ("In analyzing the proximate cause issue as it relates to failure-to-warn cases, the Ohio Supreme Court divided proximate causation . . . into two sub-issues: (1) whether lack of adequate warnings contributed to the plaintiff's [use of the product], and (2) whether [use of the product] constituted a proximate cause of the plaintiff's injury.") Plaintiffs cannot prove that Roundup caused Mr. Westfall's injury because they have not provided any expert testimony.

Plaintiffs also argue that expert testimony is not needed because "Ohio law generally does not require expert testimony under the consumer-expectations theory." (Opp. at 6.) Once again, this misses the issue. The consumer-expectations theory is a test to determine whether a product is defective. *See Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 529 (6th Cir. 2012) ("'a product is defective in design or formulation if . . . it is more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner'") (quoting Ohio Rev. Code § 2307.75(A) (2001)). Plaintiffs must do more than merely demonstrate that the product is defective (general causation)—they must show that the defective product caused their injury

(specific causation).[1]  *Graham v. Am. Cyanamid Co.*, 350 F.3d 496, 513 (6th Cir. 2003) ("To establish strict liability under Ohio law, plaintiffs must produce expert testimony that the defect at issue 'proximately caused their claimed injuries.'").[2]

Without any expert testimony, Plaintiffs cannot prove that Roundup caused Mr. Westfall's injury.

### B. Plaintiffs' Own Testimony Is Insufficient To Establish Specific Causation.

Plaintiffs argue that they can establish specific causation merely because "there is no other logical explanation" as to what caused Mr. Westfall's cancer.  (Opp at 6.)  Plaintiffs claim that because Mr. Westfall purportedly testified at deposition that he did not have other potential risk factors for lymphoma, that the only thing that can "logically explain Mr. Westfall's diagnosis" is his exposure to Roundup. (Opp. at 7.)  Plaintiffs also maintain that they can prove specific causation through the public "news coverage," and "publicly available articles."  (Opp. at 7.)  This is woefully insufficient.

As demonstrated above, Ohio law is clear that expert testimony is required to prove that the allegedly defect product caused plaintiff's injury. *Graham*, 350 F.3d at 513.  And such expert testimony is especially critical in this case, in which Plaintiffs allege that Mr. Westfall has a subtype of NHL, a complicated and diverse group of cancers.  *Jones*, 163 Cal. App. 3d at 403 ("the unknown and mysterious etiology of cancer is beyond the experience of laymen and can only be explained through expert testimony").

The causal link between Mr. Westfall's injury and Roundup is highly technical question of science that is beyond the jurors' understanding, and cannot be established merely through

---

[1]   In any event, Plaintiffs fail to provide any evidence of consumer expectation.

[2]   Plaintiffs also mistakenly cite to *Z.H. v. Abbott Labs., Inc.*, 2016 U.S. Dist. LEXIS 135792 (N.D. Ohio September 30, 2016), claiming that it "den[ied] a drug manufacturer's motion for summary judgment based on lack of expert testimony." (Opp. at 6.)  To the contrary, it held that defendants were entitled to summary judgment under a risk-benefit theory because "Plaintiffs offered no expert testimony that Depakote's formulation's risks outweigh its benefits." *Abbott Labs., Inc.*, 2016 U.S. Dist. LEXIS 135792, at 12.  The court also granted summary judgment on the consumer expectations theory because "Plaintiff fails to point the Court to any evidence of consumer expectation." *Id*.

1 Plaintiffs' own testimony. Without any evidence of case-specific causation, Monsanto is entitled to summary judgment on all Plaintiffs' claims. *See Galoski v. Stanley Black & Decker, Inc.*, No. 1:14-CV-553, 2017 U.S. Dist. LEXIS 80486, *16-17 (N. D. Ohio May 24, 2017) (granting MSJ because "Plaintiff's expert did not present any opinion testimony that was sufficiently supported by reliable scientifically based knowledge"); *Kerpelis v. Pfizer, Inc.*, 2004 Ohio 3049, 2004 Ohio App. LEXIS 2700, (Ohio App. 7th Dist.) (granting summary judgment where plaintiff failed to introduce expert testimony to establish that a prescription drug was defective and that it was the proximate cause of plaintiff's injury, finding those issues lie outside the knowledge of lay witnesses); *see also Martinez v. Ethicon Inc.*, No. 7:19-CV-00164, 2020 U.S. Dist. LEXIS 77635, at *2 (S.D. Tex. May 1, 2020) ("Products liability cases are quintessentially expert cases, and failure to designate experts almost always leads to summary judgment.").

## CONCLUSION

For the foregoing reasons, Monsanto is entitled to summary judgment on all of Plaintiff's claims.

Dated:  September 30, 2022                         Respectfully submitted,

*/s/ Jed P. White*
Jed P. White
Attorney for Defendant Monsanto Company