Behram V. Parekh (CA SBN 180361)
**DALIMONTE RUEB STOLLER, LLP**
515 S Figueroa St, Suite 1550
Los Angeles, CA 90071
Tel: 619.821.2305
Fax: 855.203.2035
behram.parekh@drlawllp.com

*Counsel for Plaintiffs Eduino Pinheiro,
Paula Pinheiro, and Garfield Gordon*

[Additional Counsel on Signature Page]

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>All Cases | **OBJECTION AND RESPONSE TO [PROPOSED] ORDER GRANTING JOINT REQUEST FOR REVISED SCHEDULE FOR WAVE 5-6 CASES AND ADDING WAVE 7 SCHEDULE [D.E. 15506 and 15513]** |

Plaintiffs in the actions listed in the signature pages, which currently have Wave 5 and 6 cases, hereby respectfully submit their objection and response on behalf of themselves, and other plaintiffs in Waves 5 and 6, to the [Proposed] Order Granting Joint Request for Revised Schedule for Wave 5-6 Cases and Adding Wave 7 Schedule [D.E. 15506] and Proposed Order [Amended] Granting Joint Request for Revised Schedule for Wave 5-6 Cases and Adding Wave 7 Schedule [D.E. 15513] (collectively "Proposed Order").

To the best of Plaintiffs' counsels' knowledge, after consulting with numerous other counsel with clients in Waves 5 and 6, none of those counsel were consulted by Lead Counsel prior to the filing of the Proposed Order. Those counsel were not aware that any changes to the schedule for Wave 5 and 6 cases were contemplated, only that a proposed schedule for Wave 7 cases was to be submitted. Further, after submitting their Motion for Leave on September 23, 2022, undersigned Plaintiffs' counsel sent an e-mail to Lead Counsel outlining the concerns listed herein and asking for a date and time to discuss those issues with Lead Counsel. Plaintiffs' counsel eventually heard back late on Wednesday, September 28, 2022, from Ms. Greenwald that she was available on Friday, September 30, 2022 to speak. Plaintiffs' counsel responded with a proposed time to speak on Friday, but as of the end of the day Friday, Plaintiffs' counsel has not heard back from Ms. Greenwald or any other Lead Counsel.

As discussed in more detail below, the Proposed Order prejudices the plaintiffs in Waves 5 and 6, and does not address significant issues of additional discovery, deposition limits, and other issues that should be addressed if the current schedule for Wave 5 and 6 cases is to be modified.

First, it appears that Lead Counsel did not consult with any Plaintiffs' counsel in Waves 5 and 6 prior to agreeing to the Proposed Order, and to the best of Plaintiffs' counsels' knowledge, still has not. This has led to the instant Objection, but also to the odd allocation of cases to sub-waves in the Proposed Order, such as the cases of a husband and former wife, represented by the same counsel, being assigned to different sub-waves. Given that it is unclear whether Lead

Counsel represent *any* plaintiffs in Waves 5 and 6, it would seem prudent for Lead Counsel to at least attempt to consult with Wave 5 and 6 Plaintiffs' counsel before agreeing to modifications to a proposed schedule that will affect such Plaintiffs.

Second, the proposed modification prejudices Plaintiffs. The Proposed Order provides for a staggered schedule for the submission of expert reports and the conduct of expert discovery, while providing a single date for *Daubert* and Summary Judgment motions. Thus, for example, Wave 5A Plaintiffs would have to submit their expert reports by 12/27/2022 and complete expert discovery by 2/24/2023, but not be able to have motions heard until almost four months later, 6/16/2023, with a *Daubert* hearing date over six months after the close of expert discovery. Further, because many of the experts used by Plaintiffs in Waves 5 and 6 will overlap, the proposed staggered schedule provides Monsanto with repeated bites at the apple to re-depose the same expert multiple times.[1]

While Plaintiffs' counsel believe a modification of the Wave 5 and 6 schedules is warranted, any such modification should take into account the additional concerns raised below, should provide single dates for all plaintiffs' and defendants' expert reports, respectively, for each Wave (not staggered waves), and provide an extended period of time for expert discovery.

Third, it has become apparent from the experts being disclosed by Monsanto in state court cases, that Monsanto is now disclosing new experts, including experts on topics not previously disclosed in the MDL. Monsanto presumably will also do so in this MDL. As part of any schedule revision, therefore, Plaintiffs respectfully request that the Court allow the scheduling and

---

[1] Plaintiffs do not address the requirement for the submission of a new fact sheet by Wave 6 and 7 plaintiffs here as that is the subject of different briefing, but note that according to the Special Master's report at the last case management conference, only 60 out of a total of 1038 cases submitted to the Special Master were denied as not meeting the criteria for an offer. That represents less than 6% of the cases submitted, undercutting Monsanto's argument for requiring additional early burdens on plaintiffs to "weed out" potentially improperly filed cases. Also, it appears that any such "weeding out" can be done through the Special Master process.

submission of rebuttal expert reports by Plaintiffs, to the extent Monsanto discloses experts not previously disclosed as part of the *Hardeman* case.

Fourth, the Court should permit briefing applicable to all MDL cases on a motion for issue preclusion/claim preclusion based upon the prior trial verdict, and its subsequent affirmance on appeal. Although this issue was previously briefed in a single case, Plaintiffs' counsel believe that significant arguments were not fully briefed and addressed, and that Plaintiffs' counsel should be afforded the opportunity for full briefing and argument which would be applicable to all MDL cases. Plaintiffs' counsel respectfully submit that this briefing and argument should be done ***before*** the disclosure date for any Wave 5 expert reports, so as to avoid any unneeded disclosures and reports.

Fifth, an update to fact discovery should be built into the schedule, including the addition/revision of search terms, custodians, and time periods. This is particularly important with regard to the new studies that have been touted by Monsanto, and Plaintiffs' ability to discover the extent of Monsanto's influence on those studies, as well as new information regarding the use of code names, etc. that have been discovered as a result of state court litigation.

Sixth, the trial package created by Lead Counsel is somewhat obsolete, not just as to fact discovery, but both as to plaintiffs' experts, who have now been deposed numerous times in other cases, and as to Monsanto's new experts. The status of general causation experts, the continuing impact of general causation opinions and prior *Daubert* rulings with respect to such opinions, and the ability of Monsanto to use the post-*Hardeman* deposition and trial testimony of MDL general causation experts given in non-MDL cases, needs to be addressed so that all parties have clarity as to what is in and what is out.

Seventh, the scope of discovery as to specific causation experts needs to be defined on an MDL wide basis. Currently, there is a motion to compel by Monsanto filed in *Salas v. Monsanto Company*, 3:21-cv-06173-VC, but that is just one example of this issue, where Monsanto is

primarily challenging specific causation experts on general causation grounds. Rather than being decided piecemeal on a case-by-case basis, the appropriateness of this approach needs to addressed on an MDL-wide basis, as many of these experts will be giving specific causation opinions in multiple cases.

Eighth, as part of any update to the trial package, it would be very helpful if Lead Counsel puts together a compendium of agreements reached with Monsanto, both as to the currently effective court orders and the many agreements which are not in the form of court orders, but rather e-mails, stipulations of admitted facts, etc., so that *all* Plaintiffs' counsel can understand and rely on them in further prosecuting their cases.

Finally, Plaintiffs' counsel respectfully request that the Court require the Special Master to provide at least the Court, but preferably also Plaintiffs' counsel, with additional data concerning the settlement program. In particular, because this settlement program is Court Ordered, Plaintiffs' counsel believe that there should be some degree of transparency with regard to the program and settlement values.[2] Unlike Plaintiffs, Monsanto has complete information concerning each settlement amount offered to a plaintiff, along with which plaintiffs have accepted or rejected their offers, and in what amounts.

While Plaintiffs are not asking for that level of data, at the very least, there should be some disclosure of, for example, the aggregate number of offers made at various dollar levels in the program (*e.g.* x offers were made at $10,000 and below, y offers between $10,001 and $20,000, etc.) with, preferably, a breakdown of the number of offers accepted and rejected at those dollar

---

[2] While it is Plaintiffs' counsels' understanding, based upon the language in the order establishing the settlement program, that Monsanto must approve any offer made by the Special Master before it is made, it is not clear that this is the case, as when the offer letter is received from the Special Master, it appears to indicate that the offer is the Special Master's sole decision ("The amount of compensation was determined and approved by the Program's Independent Settlement Master."). It would be helpful if it was clarified whether or not Monsanto has had approval authority and/or input over potential settlement offers in how the program has actually operated.

levels. It would also be helpful to have reporting of if and how the average dollar amount of offers has changed through time.

The undersigned Plaintiffs' counsels' own experience, and informal discussions with other Plaintiffs' counsel, has led to a concern that the dollar levels of offers being made under the settlement program are extremely low in general, with a median offer of likely under $20,000. Given the current state of medical lien resolution, any settlements in that range will be effectively consumed by fees, costs and liens, leaving little for the individual plaintiff, and making offers in that range essentially untenable.

For the foregoing reasons, Plaintiffs, through their undersigned counsel, respectfully request that the Court reject the Proposed Order, and require that Lead Counsel consult with Wave 5 and 6 Plaintiffs' counsel, incorporate their concerns into negotiations with Defendants, and if an agreement which addresses those concerns cannot be reached, set a case management conference to discuss these issues where Plaintiffs' counsel with Wave 5 and 6 cases may be heard from directly as well.

DATED: September 30, 2022               Respectfully submitted,

                                        **DALIMONTE RUEB STOLLER, LLP**

                                        */s/Behram V. Parekh*
                                        BEHRAM V. PAREKH
                                        515 S Figueroa St, Suite 1550
                                        Los Angeles, CA 90071
                                        Tel: 619.821.2305; Fax: 855.203.2035
                                        behram.parekh@drlawllp.com

                                        *Counsel for Plaintiffs in Eduino Pinheiro et al. v Monsanto Company, et al., Case No. 3:21-cv-00041-VC; Paula Pinheiro et al. v Monsanto Company, et al., Case No. 3:20-cv-08173-VC; and Garfield Gordon et al. v Monsanto Company, et al., Case No. 3:19-cv-06423-VC*

                                        **THORNTON LAW FIRM LLP**

                                        *s/ David C. Strouss*

DAVID C. STROUSS
One Lincoln Street
Boston, MA 02111
Tel: 617.720.1333; Fax: 617.720.2445
dstrouss@tenlaw.com

*Counsel for Plaintiffs in 17 cases in Waves 5-7*

**MARINO FINLEY LLP**

*/s/Tillman J. Finley*
TILLMAN J. FINLEY
818 Connecticut Ave. NW, Suite 801
Washington, DC 20006
Tel: 202.223.8888; Fax: 877.235.3666
tfinley@marinofinley.com

*Counsel for Plaintiff in Richard A. Doran, Jr. v. Monsanto Company, Case No. 3:20-cv-02650-VC*

**AIKEN, BRIDGES, ELLIOTT, TYLER, & SALEEBY, PA**

*/s/ James Saleeby, Jr.*
JAMES SALEEBY, JR.
181 E Evans St., #409
Florence, SC 29506
Tel: 843.669.8787; Fax: 843.664.0097
jms@aikenbridges.com

*Counsel for Plaintiff in Raleigh Ward v. Monsanto Company*

**TERRELL HOGAN YEGELWEL, P.A.**

*/s/ Christopher Shakib*
CHRISTOPHER SHAKIB, ESQUIRE
233 East Bay Street, 8th Floor
Jacksonville, FL 32202
Tel: 904.632.2424; Fax: 888.575.3241
Primary Email: shakib@terrellhogan.com
Secondary Email: jfleury@terrellhogan.com

*Counsel for Plaintiffs in the following Wave 4 cases with unopposed motions to transfer to Wave 5: Pamela Chirico v. Monsanto, Case No. 3:20-cv-00009-VC; Derek Dean v. Monsanto, Case No. 3:20-cv-01359-VC; James Edward Gardner v.*

*Monsanto, Case No. 3:19-cv-00443-VC; Jed H. Gazaleh v. Monsanto, Case No. 3:19-cv-005229-VC; John Richard McEvoy, Sr. v. Monsanto, Case No. 3:20-cv-01641-VC; Armelin Mullisi v. Monsanto, Case No. 3:19-cv-01361-VC; Tammy Penland, et al. v. Monsanto, Case No. 3:20-cv-03367-VC; Alan M. Pickert v. Monsanto, Case No. 3:20-cv-06248-VC; Thomas J. Richards v. Monsanto, Case No. 3:20-cv-00199-VC; and Sandra Marie Salem, et al. v. Monsanto, Case No. 3:20-cv-01360-VC*

**CHARLES E. BOYK LAW OFFICES, LLC**
/s/ *Wesley D. Merillat*
WESLEY D. MERILLAT
1500 Timberwolf Dr.
Holland, OH 43528
Tel: 419.241.1395
wmerillat@charlesboyk-law.com

*Counsel for Plaintiffs in 9 cases in Wave 6*

**VANDEVEER GARZIA, P.C.**

/s/David B. Timmis
DAVID B. TIMMIS
840 W. Long Lake Rd., Suite 600
Troy, MI 48098

*Counsel for Plaintiffs in John Dillon et al. v Monsanto Company, Case No. 3:19-cv-06184-VC; and Alexander Sarafian et al. v Monsanto Company, Case No. 3:20-cv-01068-VC*

**WITHERS BERGMAN LLP**

/s/Joe Gallo
JOE GALLO

*Counsel for Plaintiff in Leslie Hutchison v. Monsanto Company, et al., Case No. 3:20-cv-03444-VC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was filed with the Clerk of the Court using the CM/ECF system on this 30th day of September 2022, which will send notification of the same to all counsel of record.

                                        */s/ Behram V. Parekh*
                                        BEHRAM V. PAREKH