

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

1901 L Street, NW
Washington, DC 20036
T +1 (202) 282-5000
F +1 (202) 282-5100

JOHN J. ROSENTHAL
Partner
202-282-5785
jrosenthal@winston.com

October 6, 2022

District Judge Vince Chhabria
United States District Court for the Northern District of California
450 Golden Gate Avenue, 17th Floor
San Francisco, CA 94102

    Re: *Scott Koller, et al., v. Monsanto Company, et al.*, 3:22-cv-04260-VC – Defendants Bayer Crop Science LP and Monsanto Company's Response to the Court's September 29, 2022, Order

Dear Judge Chhabria:

    Bayer CropScience LP and Monsanto Company ("Defendants") respectfully submit that whether to sever this case from the MDL and ask that it be randomly assigned is a matter in this Court's sound discretion.

    The Court's instinct that this case differs significantly from the personal-injury cases that comprise this MDL is justified. Plaintiffs do not allege any personal injury, much less that they developed NHL or related cancers from exposure to glyphosate-based herbicides. Plaintiffs seek to recover only for alleged economic injury. And even that is not based on alleged failures to warn about glyphosate, but about N-Nitrosoglyphosate ("NNG")—a known low-level impurity that Plaintiffs lack any factual basis to suggest even exists at levels above 1 part per million in Roundup® products sold to consumers. This case does not raise the core factual issues that supported the creation of this MDL, all of which relate to allegations by plaintiffs "that they or their decedents developed [NHL]" from using glyphosate-based products. Transfer Order, *In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016).[1]

    With that said, the allegations in this case do have a general relationship to the issues in the MDL. Plaintiffs' case is related to glyphosate-based Roundup®-brand herbicides in that NNG can be present (and is expected to be, as both EPA and the public have long known) at very low levels in those products. In fact, similar allegations relating to NNG were briefly pursued by plaintiffs in the MDL and then abandoned for the last five years. MDL Leadership (including Plaintiffs' counsel, Mr. Wool's, then-colleague, Ms. Wagstaff) filed many of the same documents relied on in the instant Complaint with this Court in <u>February 2017</u>—documents that Plaintiffs now allege

---

[1] Defendants acknowledge that the JPML transferred the *Gilmore v. Monsanto Co.* case to this MDL earlier this year even though it is also an economic-loss class-action that does not allege that the plaintiffs or class members have themselves developed NHL. That case, however, still turns on allegations that glyphosate causes "NHL and other similar cancers." Transfer Order, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, JPML Dkt. No. 2488 at 2 n.2 (Oct. 8, 2021).



NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

1901 L Street, NW
Washington, DC 20036
T +1 (202) 282-5000
F +1 (202) 282-5100

were somehow "concealed." Plaintiffs' Case Management Statement, MDL Dkt. No. 150-3 at 7-8, Exs. 13-18. Leadership then filed many of the same documents (and others related to the same topic) with this Court in March 2017,[2] blogged about the issue in June 2017,[3] and posted many of the documents online.[4] But in the intervening years, the NNG allegations were not pursued as part of the consolidated discovery or pretrial proceedings in this MDL. And no plaintiff in this MDL has ever produced any evidence that NNG did or could have caused his or her cancer or any other health-related injury. Certain plaintiffs' counsel in this MDL, including Mr. Wool, may be attempting to adjust their legal and factual theories given repeated losses in recent trials.[5] But it is far from clear that these abandoned claims should be rekindled in this MDL.[6]

Finally, Defendants note that Plaintiffs designated this case as "related" to the MDL on their Civil Cover Sheet. *Koller v. Monsanto*, No. 4:22-cv-04260, Dkt. 1-2. Whether this is in fact

---

[2] MDL Dkt. No. 192 at 6-8, 13, Exs. 6-18, 32-33.

[3] Baum Hedlund Aristei & Goldman PC ("Baum Hedlund"), *Attorneys Urge the CA EPA to Require a Roundup Warning Label* (June 27, 2017), available at: https://www.baumhedlundlaw.com/blog/2017/june/attorneys-urge-the-ca-epa-to-require-a-roundup-w/.

[4] Baum Hedlund Website, MDL Dkt. No. 192-33, available at: https://www.baumhedlundlaw.com/documents/pdf/monsanto-documents/monsanto-finds-levels-of-n-ntirosoglyphosate-nng-exceed-the-limit-of-1-ppm.pdf; Baum Hedlund Website, MDL Dkt. No. 192-14, available at: https://www.baumhedlundlaw.com/documents/pdf/monsanto-documents/internal-email-from-donna-farmer-monsanto-would-rather-keep-roundup-nng-levels-below-1ppm-rather-than-debate-biological-activity.pdf; Baum Hedlund Website, MONGLY03909599, available at: https://www.baumhedlundlaw.com/documents/pdf/monsanto-documents-2/email-between-heydens-and-wratten-discussing-nng-levels-in-glyphosate.pdf; Baum Hedlund Website, MDL Dkt. No. 192-18, available at: https://www.baumhedlundlaw.com/documents/pdf/monsanto-documents/monsanto-executive-steven-adams-on-nng-issue-dont-want-to-draw-attention-to-the-toxicity-of-our-product.pdf; Baum Hedlund Website, MDL Dkt. No. 192-16, available at: https://www.baumhedlundlaw.com/documents/pdf/monsanto-documents/emails-show-uptick-in-nng-testing-at-monsanto.pdf.

[5] Mr. Wool, for example, is seeking to introduce the same specious claims of NNG "contamination" in a personal-injury trial in Missouri. *See Evans v. Monsanto*, No. 1722-CC01372-01 (Mo. Cir. Ct., St. Louis). Plaintiffs' counsel also sent a demand letter on behalf of a Natalie Davenport making similar allegations as in this case and apparently intends to file a copycat lawsuit in Missouri federal court.

[6] This case is also related to the MDL in the sense that Plaintiffs' counsel have had access to the *millions* of documents produced in the MDL regarding the manufacture, marketing, and sale of Roundup® based herbicides, yet still have not—as Defendants' pending motion to dismiss explains—alleged any factual support for the notion that Roundup® products are sold to consumers with NNG levels exceeding 1 part per million.



NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

1901 L Street, NW
Washington, DC 20036
T +1 (202) 282-5000
F +1 (202) 282-5100

a "Related Case" to the MDL as defined in N.D. Cal. L.R. 3-12 is a somewhat close call for the reasons explained above—a call it appeared the Clerk had already made when this case was assigned to Your Honor. With that said, the Local Rules do not appear to contemplate a situation such as this, in which a case is assigned to the purportedly "related" judge without a motion or a *sua sponte* order by a judge of the Court. *See* L.R. 3.12. But in both of the procedural situations the Local Rules do contemplate (an administrative motion to relate cases and a *sua sponte* judicial referral to determine relatedness), whether to relate is left to the judge in the lowest-numbered case—here, Your Honor.

In sum, there are arguments that the allegations in this case do not fall within the grant of the MDL. However, the allegations are related to the MDL in a general sense, even though this theory was largely abandoned by Plaintiffs years ago. For these reasons, whether this case should remain in the MDL is a question best left in this Court's sound discretion.

Respectfully submitted,

*/s/ John J. Rosenthal*

John J. Rosenthal
WINSTON & STRAWN LLP
1901 L St. NW
Washington, DC 20036
Tel: (202) 282-5785
Fax: (202) 282-5100
jrosenthal@winston.com

Jeff Wilkerson (SBN 284044)
WINSTON & STRAWN LLP
300 S. Tryon St., 16th Floor
Charlotte, North Carolina 28202
Tel: (704) 350-7714
Fax: (704) 350-7800
jwilkerson@winston.com