**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel:  202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel:  202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel:  415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741 |
| | Case No. 3:16-md-02741-VC |
| *George Smith v. Monsanto Company*, 3:18-cv-03757-VC | **MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT** |
| | **Hearing:** Date:   November 3, 2022 Time:   10:00 a.m. Place:  Courtroom 4 |

As Smith acknowledges, this Court lacks jurisdiction to enter an order under Federal Rule of Civil Procedure 60, and thus the Court can only enter an "indicative" ruling under Federal Rule of Civil Procedure 62.1. Mot. at 4-5, 14. That motion should be denied in any event, because Smith is not entitled to relief under Rule 60 due to the culpable conduct that led to the default judgment entered against him.

The facts alleged in Smith's motion do not meet the standard for "excusable neglect." PTO No. 240 required every plaintiff in this MDL to participate in a Special Master Settlement Program and expressly warned plaintiffs that a failure to participate in the Settlement Program could result in sanctions. This Court then entered an Order (PTO No. 270) to Show Cause ("OSC") why Smith's lawsuit—in addition to the lawsuits of a number of other plaintiffs who failed to participate in the settlement program—should not be dismissed with prejudice. Smith responded to neither the Special Master nor this Court.  While Smith claims the Special Master sent requests for information to him at the wrong address, that is in fact the address he provided to the Court, and he provides no excuse why he did not respond to OSC from the Court.

The Court dismissed Smith's case for failing to respond to PTO 270. Specifically, PTO 270 provided that:

> The plaintiffs and their counsel for the cases appearing in Appendix 1 have 21 days to file a written response to this Order showing cause as to why their case should not be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) based on a failure to participate in the settlement program under Pretrial Order No. 240.

Smith never responded to PTO 270, despite receiving electronic notice of it.  *See* Mot. Ex. 4 at ¶ 9 (counsel stating he received PTO 270).  Smith thus doubly failed to respond both to the Special Master under PTO No. 240 and to the Court under PTO No. 270.

Smith cannot meet the standards for relief under Rule 60(b)(1) on these facts. Pure attorney negligence is insufficient reason to grant relief from a judgment, and

pure attorney negligence is what led to the dismissal of Smith's lawsuit when he did not respond to PTO 270. Smith's motion should be denied.

# ARGUMENT

### Standard of Review

This Court must analyze the three "*Falk* factors" to determine whether Smith should be relieved of the judgment against him based on "excusable neglect." Those factors are (1) whether culpable conduct of the plaintiff led to the default, (2) whether the plaintiff has a meritorious case, and (3) whether the defendant will be prejudiced. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984). An affirmative finding against the plaintiff with respect to any one of these factors is sufficient reason to *not* set aside the judgment.[1] *United States v. Signed Personal Check No. 730 of Yubran Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

### Discussion

**1.  Smith's Conduct is Culpable.**

As an initial matter, Smith's conduct with respect to PTO 240 is culpable. The address where the Special Master sent him information—and which Smith claims is incorrect—is *still* listed on the docket for his lawsuit as an address where he can be contacted. *See* Docket 3:18-cv-03757-VC (listing 1515 Poydras Street Suite 1400, New Orleans, LA 70112 as an address for his counsel); Docket 3:16-md-02741-VC (same). Nor does it appear on this docket that Smith ever filed a change of address suggesting this was an inaccurate address. In other words, even now, Smith has not corrected the neglect that led to him not receiving the communications from the Special Master.  A failure to ensure the Special Master had the right address is culpable conduct under Ninth Circuit precedent, and that alone justifies denying his

---

[1]    As Smith notes, additional considerations include the length of the delay and its potential impact on the proceedings and whether the movant acted in good faith. *Bateman v. United States Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

motion.[2] *See Pena v. Sequros La Comercial, S.A.*, 770 F.2d 811, 815 (9th Cir.1985) ("We do not find [defendants'] failure to provide its correct address to parties with whom it does business to constitute excusable neglect, thereby allowing it relief from default in this action under Rule 60(b).").

But the culpability of Smith's conduct is doubly clear when considering that failure coupled with his failure to respond to PTO 270. Smith had unambiguous notice of PTO 270, even if neither he nor his counsel read it. *Pena*, 770 F.2d at 814-15. It is true that attorney negligence *may* be excusable under certain limited circumstances, but attorney negligence will "not *usually* constitute 'excusable neglect.'" *Briones v. Riveria Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (citation omitted; emphasis in original). The only case Smith cites in support of his contention that his attorney's negligent, culpable conduct is excusable is *Bateman v. United States Postal Service*, 231 F.3d 1220 (9th Cir. 2000). *See* Mot. at 8-11. But in truth, *Bateman* undermines Smith's suggestion that his attorney's negligence should be excused.

In *Bateman*, a former employee suing the Postal Service was represented by a lawyer who had to visit Nigeria for a family emergency. The plaintiff's attorney failed to take precautionary measures to ensure he would not miss filings in his absence, but the Postal Service also filed its motion for summary judgment knowing that the response deadline would pass while plaintiff's counsel was gone. Just one week after the plaintiff missed his deadline, the Postal Service moved for judgment on its so-called unopposed motion without mentioning that it knew plaintiff's counsel was still out of the country. The district court then granted the Postal Service's motion a week later and subsequently refused to relieve the plaintiff from the judgment. *See generally Bateman*, 231 F.3d at 1223-25.

---

[2]   Indeed, Local Rule 3-11 specifically warns that a failure to provide the court with the correct address could result in a dismissal order.

MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

It was due largely to the maneuvering of counsel for the Postal Service that the Ninth Circuit reversed and found "excusable neglect" by the plaintiff's counsel. *See Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 887 n.3 (9th Cir. 2001) (distinguishing *Bateman* because it "did not result only from a failure to read and attempt to follow court rules."). But here, Smith's lawsuit was dismissed due solely to his attorney's negligence and it had nothing to do with the conduct of Monsanto or anyone else.

Such a case of pure negligence is vastly different from those cases where excusable neglect has been found. *See, e.g.*, *Pioneer*[3], 507 U.S. at 398 (excusable neglect where the court rule was confusing and notice of the deadline was unusual, but giving "little weight" to the fact that "counsel was experiencing upheaval in his law practice at the time"); *Marx v. Loral Corp.*, 87 F.3d 1049, 1053–54 (9th Cir. 1996) (excusable neglect in a class action that had client "consultation difficulties").

And in fact, it has been repeatedly held that a finding of excusable neglect is unwarranted where, as here, an attorney simply failed to meet a filing deadline or follow court rules.[4] *See, e.g.*, *Benny v. Pipes*, 799 F.2d 489, 494 (9th Cir. 1986) ("Because they had notice of the complaint, and because the service by Lee and Wolf was valid, the guards' failure to answer was culpable. The district court thus was correct to refuse to vacate the default judgment."); *accord Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931-32 (9th Cir.1994) ("[C]ounsel has not presented a persuasive justification for his misconstruction of nonambiguous rules. Accordingly, there is no

---

[3]   *Pioneer* was, technically, about "excusable neglect" in the context of Bankruptcy Rule 9006(b), but the Ninth Circuit has held its analysis is applicable in Rule 60(b)(1) cases. *Briones*, 116 F.3d at 381-82.

[4]   The law of other Circuits is in accord. *See generally* 11 Fed. Prac. & Proc. Civ. § 2858 (3d ed.) ("The party must make some showing justifying the failure to avoid the mistake or inadvertence. Gross carelessness or negligence is not enough." (compiling authorities)).

basis for deviating from the general rule that a mistake of law does not constitute excusable neglect.").

The same result should hold here. A "late filing will ordinarily not be excused by negligence," and there is nothing out of the ordinary about the negligence of Smith's counsel.  *Briones*, 116 F.3d at 382. Smith's motion should be denied. *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1109 (9th Cir. 2000) (holding a "trial court's denial of a motion to vacate a default judgment will be affirmed if the defendant's own culpable conduct prompted the default" (quotation marks omitted)).

### 2. Smith's Ability to Comply with Federal Courts' Minimal Pleading Requirements is Insufficient Reason to Reinstate His Lawsuit.

Smith devotes little space to this factor, and Monsanto is hamstrung in responding due to the limited information it has about Smith. But at bottom, all Smith argues is that the allegations in his complaint would not be dismissed under Federal Rule of Civil Procedure 12(b)(6). *See* Mot. at 11 ("Plaintiff has credibly stated a claim for damages against Monsanto[.]").

Even if it is true that this is essentially all this factor requires, *see Signed Personal Check No. 730 of Yubran Mesle*, 615 F.3d at 1094, it is not a compelling argument here. Where his counsel's conduct is purely negligent, Smith's mere ability to meet the technical pleading requirements of Federal Rule of Civil Procedure 8 should not count as a substantial factor in his favor. *Cf. Engleson v. Burlington Northern R. Co.*, 972 F.2d 1038, 1043 (9th Cir.1992) ("Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).").

### 3. Monsanto Would be Prejudiced if Smith's Lawsuit were Reinstated Due to the Unique Nature of Multi-District Litigation.

Smith is correct that, typically, "prejudice" in the Rule 60(b)(1) context requires "tangible harm such as loss of evidence, increased difficulties of discovery,

or greater opportunity for fraud or collusion." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled in part on other grounds as recognized in Coen Co., Inc. v. Pan Int'l, Ltd.*, 307 F.R.D. 498, 504 (N.D. Cal. 2015). And it is also true that, strictly speaking, such "prejudice" would not be present if Smith's lawsuit were reinstated.

Nonetheless, this is not a typical lawsuit with one or even several plaintiffs. This is an MDL with plaintiffs from across the country. Smith never responded to PTO 270 despite nearly six months passing between its entry and entry of the dismissal order. The principal benefit of MDL litigation is that it increases the efficiency with which similar lawsuits may be resolved, *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir. 2006), and allowing individual plaintiffs to ignore show cause orders for months at a time is inconsistent with the purpose of MDLs to "promote the just and efficient conduct" of "civil actions involving one or more common questions of fact" pending in different districts, *id.* (quotation marks omitted). In this context, Smith should not benefit from the third *Falk* factor.

## **CONCLUSION**

The conduct leading to the dismissal of Smith's lawsuit was culpable both in his counsel's failure to provide the Court with his correct address and to respond to the OSC. The Ninth Circuit has consistently held that such attorney negligence warrants the dismissal of a lawsuit. This Court should deny Smith's motion for relief under Rule 60(b)(1) and so indicate in an indicative ruling under Rule 62.1

Dated: October 11, 2022          Respectfully submitted,

*/s/ Jed P. White*
Jed P. White
Attorney for Defendant Monsanto Company

1

**CERTIFICATE OF SERVICE**

2

     I hereby certify that on October 11, 2022, I electronically filed the foregoing

3

with the Clerk of the Court by using the CM/ECF system which will send a notice of

4

electronic filing (NEF) to all counsel of record who are CM/ECF participants.

5

                                    */s/ Jed P. White*

6

                                     Jed P. White

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT