**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100
Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| *Linda J. Matthaus-Shelton v. Monsanto Company*,<br>3:20-cv-00168-VC | **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS**<br><br>**Hearing:**<br>Date: December 1, 2022<br>Time: 10:00 a.m.<br>Place: Courtroom 4 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 1, 2022 at 10:00 a.m. in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will move this Court for an order, pursuant to Federal Rule of Civil Procedure 56(c), entering judgment in its favor and against Wave 4 Plaintiff Linda J. Matthaus-Shelton ("Plaintiff"), on the grounds that there is no genuine issue of material fact as to any claim for relief brought by Plaintiff, and Monsanto is entitled to summary judgment.

Dated: October 17, 2022          Respectfully submitted,

                                 */s/ Jed P. White*
                                 Jed P. White
                                 Attorney for Defendant Monsanto Company

# MEMORANDUM OF POINTS AND AUTHORITIES

To prevail on any of her claims, Plaintiff Linda J. Matthaus-Shelton ("Plaintiff") must prove that Roundup was the proximate cause of her cancer. Whether Roundup can cause cancer generally, and whether it caused Plaintiff's cancer specifically, are specialized issues for which expert testimony is required. Plaintiff's expert disclosure deadline was June 23, 2022, and Plaintiff failed to disclose *any* experts on that date or since then. Without expert testimony to provide evidence of specific causation, none of Plaintiff's claims may proceed.

# BACKGROUND

Plaintiff resides in Michigan and alleges that exposure to Monsanto's Roundup®-branded herbicides ("Roundup") caused her to develop non-hodgkin's lymphoma ("NHL"). See Compl. ¶¶ 68-69. (ECF No. 1). Plaintiff was diagnosed with NHL in May 2019. *Id*. Plaintiff seeks to hold Monsanto responsible for her NHL, asserting four claims, (1) strict liability (design defect); (2) strict liability (failure to warn); (3) negligence; and (4) breach of implied warranties, as well as a count for punitive damages.[1] The lynchpin of Plaintiff's claims is that glyphosate—the active-ingredient in Roundup—caused Plaintiff's NHL and that Monsanto falsely assured the public that Roundup was harmless. See Compl. at ¶¶ 1-8, 68-69.

Plaintiff is a part of Wave 4, subwave 4A. On April 12, 2022, this Court issued an order requiring all Wave 4A plaintiffs to submit expert reports no later than June 23, 2022. See Order Granting Motion for Extension of Expert Discovery Deadlines in Wave 4 ("Wave 4 Scheduling Order") at 2 (MDL ECF No. 14763). The expert disclosure required by this Order must be accompanied by written reports signed by the experts and must contain "a complete statement of all opinions the witnesses will

---

[1] Although Plaintiff's Complaint references four "Claims," she included "Count-V" and labeled it "Punitive Damages." To the extent Plaintiff is asserting a cause of action in "Count V," Monsanto notes that "[p]unitive damages are a remedy . . . not a separate cause of action." Pierce v. General Motors LLC, No. 14-14491, 2016 WL 4800869, at *1 n.1 (E.D. Mich. Sept. 14, 2016). Furthermore, without any underlying claims, her punitive damages request cannot stand.

express and the basis and reasons for them," among other information. Fed. R. Civ. P. 26(a)(2)(B)(i).

Plaintiff did not submit an expert report regarding specific causation by the June 23, 2022 deadline, nor did she disclose any experts whatsoever on that date. (Declaration of Jed White ("White Decl."), ¶ 3).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when it could affect the outcome of the case, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of "informing" the Court that there exists the "absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must come forward with evidence to show there is in fact a genuine issue for trial. Id. at 323-24. A "complete failure of proof concerning an essential element of the nonmoving party's case" warrants summary judgment and "necessarily renders all other facts immaterial." Id. at 323.

## ARGUMENT

**I. SUMMARY JUDGMENT IS REQUIRED BECAUSE PLAINTIFF LACKS THE REQUIRED ADMISSIBLE EXPERT TESTIMONY ON CAUSATION.**

To prevail in a product liability case, "a plaintiff must establish general causation and specific causation." Hendrian v. Safety-Kleen Sys., Inc., No. 08-cv-14371, 2015 WL 4770966, at *4 (E.D. Mich. Aug. 13, 2015).[2] For general causation,

---

[2] Michigan substantive law applies because it is the transferor forum. In re Vioxx Prods. Liab. Litig., 478 F. Supp. 2d 897, 903 (E.D. La. 2007) (for cases, "filed in, or removed to, federal courts across the country and transferred to the MDL court by the Judicial Panel on Multidistrict Litigation," … "the MDL court must apply the law of the transferor forum, that is, the law of the

the issue is whether the product was capable of causing the alleged injury, whereas with specific causation, the issue is whether the product did in fact cause the plaintiff's specific injury. Id. at *4 (citing Trice v. Oakland Dev., No. 278392, 2008 WL 7488023, at *11 (Mich. App. Dec.16, 2008)). "Both causation inquiries—general and specific—involve scientific assessments that must be established through the testimony of a medical expert." In re Dow Corning Corp., 541 B.R. 643, 654 (E.D. Mich. Bankr. 2015) (citation omitted).

Michigan law provides that "the manufacturer of a product has a duty to warn of dangers associated with the intended uses or reasonably foreseeable misuses of its product." Hendrian, 2015 WL 4770966, at *4 (citation omitted). In order "[t]o recover in products liability on a failure to warn theory, plaintiffs must establish: (1) defendant owed a duty to plaintiff; (2) defendant violated that duty; (3) defendant's breach of duty was a proximate cause of the damages suffered by plaintiff, and (4) plaintiff suffered damages." Adams v. Meijer, Inc., No. 224213, 2001 WL 1657310, at *5 (Mich. App. Dec. 18, 2001) (citation omitted) (unpublished). The elements of a negligence claim—duty, breach, causation, and damages—are "in essence" the same elements as a failure to warn claim. Hendrian, 2015 WL 4770966, at *4 (citation omitted).

Under Michigan law, "a manufacturer's liability for a design defect in a product liability action is essentially viewed as a matter of negligence." Hershey v. Black & Decker (U.S.), Inc., No. 276572, 2008 WL 4414242, at *1 (Mich. App. Sept. 30, 2008) (affirming grant of directed verdict in favor of defendant). The "common-law requirement of proximate cause" applies to "cases involving a manufacturer's production defect." Hershey, 2008 WL 4414242, at *1, n.1, *3 (noting that M.C.L. § 600.2945(i) defines "production" as including "design"). "Proximate cause entails

---

state in which the action was filed, including the transferor forum's choice-of-law rules") (citing Ferens v. John Deere Co., 494 U.S. 516, 524 (1990)).

proof of both cause in fact and legal or 'proximate' cause." Hershey, 2008 WL 4414242, at *3 (citing Skinner v. Square D Co., 516 N.W.2d 475, 479 (Mich. 1994)). "The cause in fact element, which generally requires proof that the plaintiff's injury would not have occurred but for the defendant's action, may be established by circumstantial evidence, but mere conjecture is inadequate." Hershey, 2008 WL 4414242, at *3 (citing Skinner, 516 N.W.2d at 480).

"Claims of breach of implied warranty and negligence in manufacturing or design may require the same proofs in certain circumstances." Istvan v. Honda Motor Co., Ltd., No. 08-12507, 2010 WL 1254844, at *3 (E.D. Mich. Mar. 25, 2010) (citation omitted). "In order to state a claim for breach of implied warranty, [a] [p]laintiff must demonstrate [] a defect attributable to the manufacturer and causal connection between the defect and the injury or damage of which [s]he complains." Id. (citation and internal quotation marks omitted).

Here, Plaintiff alleges that she was diagnosed with NHL in 2019, which she claims was caused by her exposure to Roundup. See Compl. ¶¶ 68-69. Without the aid of an expert, a lay person would not be able to determine whether Roundup caused Plaintiff to develop NHL. See Hendrian, 2015 WL 4770966, at *5 (explaining that expert testimony was needed to help lay person understand that the benzene in transmission cleaner could cause cancer and that the plaintiff's alleged exposure to the same caused his leukemia). Thus, the causal link between Plaintiff's injury and Roundup is highly technical question of science that is beyond the jurors' understanding.

Plaintiff's deadline to disclose expert reports was June 23, 2022. *See* Wave 4 Scheduling Order at 2. To date, Plaintiff has not disclosed a single expert witness or report regarding specific causation. Plaintiff had ample time and opportunity to satisfy her expert disclosure obligations under Rule 26(a)(2) and the Wave 4 Scheduling Order, which was already extended from March 25, 2022. See Order Granting Unopposed Motion for Extension of Deadlines in Wave 4-6 Cases (MDL ECF No.

14763). And honoring strict deadlines in an MDL is particularly important. See <u>Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)</u>, 460 F.3d 1217, 1222 (9th Cir. 2006) (affirming dismissal of cases in MDL for failure to comply with case management orders because "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions").

If a plaintiff fails to establish either general or specific causation through expert testimony, any product liability claims brought under Michigan law must fail. <u>In re Dow Corning Corp.</u>, 541 B.R. at 654 (citation omitted). Here, as a result of her failure to disclose any expert on the issue of specific causation, Plaintiff cannot prove causation—an essential element of all her claims. Without any evidence of case-specific causation, Monsanto is entitled to summary judgment on all Plaintiff's claims. <u>See Id.</u> at 654-55 (following exclusion of plaintiff's experts, granting summary judgment in defendant's favor "since [the plaintiff] has presented no other experts who will testify that [the defendant's] silicone cause[s] diseases or other symptoms"); <u>Hendrian</u>, 2015 WL 4770966, at *5 (following exclusion of causation testimony by plaintiff's experts, granting summary judgment in favor of defendant on plaintiff's negligence and failure to warn claims).

## **CONCLUSION**

For the foregoing reasons, Monsanto is entitled to summary judgment on all of Plaintiff's claims.

Dated:  October 17, 2022           Respectfully submitted,

                                   */s/ Jed P. White*
                                   Jed P. White
                                   Attorney for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing (NEF) to all counsel of record who are CM/ECF participants.

*/s/ Jed P. White*
Jed P. White