October 24, 2022

The Honorable Alex Tse, Magistrate Judge
United States District Court for the Northern District of California
450 Golden Gate Avenue, 15th Floor
San Francisco, CA 94102

      Re:    *James May, et al. v. Monsanto Co.*, 3:21-cv-02126-VC – Plaintiffs' Motion to Perform Plaintiff James May's Trial Preservation Deposition Prior to Monsanto's "Discovery Deposition"

      An urgent discovery dispute has arisen in the matter of *James May, et al. v. Monsanto Co.*, Case No. 3:21-cv-02126-VC, a member case of *In re: Roundup Products Liability Litigation*, related to Plaintiff Dr. James May's ("Dr. May" or "Plaintiff") deposition. The Parties have met and conferred in accordance with the Court's Standing Order VII.B but are unable to reach a resolution. Accordingly, the parties submit their positions on the issue for judicial resolution and thank the Court in advance for its attention to this matter.

**Plaintiffs' Position**

      In light of Dr. May's terminal leukemia, which resulted from his treatment for large B cell non-Hodgkin's lymphoma, and his advance age (79 years old), Plaintiffs' counsel has been coordinating with defense counsel over the past two (2) weeks to schedule Dr. May's trial preservation deposition. The parties have agreed to commence the deposition on Thursday, October 27, 2022, however, Monsanto demands that it must take a "discovery deposition" *prior to* Dr. May's trial preservation direct examination. Plaintiffs object to such demand.

      To be clear, Plaintiffs do not object to Monsanto conducting a discovery deposition. Plaintiffs simply object to the order in which Monsanto seeks to conduct its discovery deposition. Plaintiffs have no objection to Monsanto conducting a discovery deposition *after* Dr. May's trial preservation direct examination (on or off video) then conducting its trial preservation cross examination of Dr. May.

      The Federal Rules of Civil Procedure, the Northern District of California Local Rules, and the MDL Court's exhaustive case management orders, include no rule that entitles Monsanto to conduct a discovery deposition prior to Plaintiffs' counsel direct examination. The term "discovery deposition" does not even exist in any of the abovementioned rules or orders.

      Practically speaking, when a plaintiff is questioned by plaintiff's counsel first it results in a much more efficient deposition as the parties can ascertain exactly what Plaintiff will (and will not) testify to. Allowing Monsanto to hear all of Dr. May's trial testimony, without having to guess or anticipate what such testimony may be, will result in a streamlined deposition that will spare unnecessary time, expense, and risk given Dr. May's terminal condition.

Alternatively, if Your Honor permits Monsanto to perform a discovery deposition prior to Dr. May's trial preservation direct examination, and considering Dr. May's terminal condition, Plaintiffs request the following: 1) that the discovery deposition will be limited to a maximum of three (3) hours, and 2) at trial, Monsanto will not be permitted to play the video of (or read) the discovery deposition prior to Dr. May's direct examination.

**Monsanto's Position**

In the ordinary course of litigation, depositions are taken during pre-trial discovery, *see* FED. R. CIV. P. 30, and trial testimony is given "in open court" at trial, *see* FED. R. CIV. P. 43. In extraordinary circumstances, as where the witness will be unavoidably unavailable for trial, deposition testimony can be used at trial in lieu of testimony in open court. *See* FED. R. CIV. P. 32(a)(4). When deposition testimony is taken in anticipation of its use at trial, the deposition is referred to as a "trial preservation deposition," and Judge Chhabria has already recognized that trial preservation depositions are appropriate for cases in this MDL as to plaintiffs who "may not be able to testify at trial" because they "are elderly and/or have serious health conditions." *In re Roundup Products Liab. Litig.*, No. 16-MD-02741-VC, 2021 WL 5149860, at *1 (N.D. Cal. Nov. 4, 2021). Here, there is no dispute that a trial preservation deposition is appropriate in light of Dr. May's health. Plaintiffs refuse, however, to allow Monsanto to conduct a routine Rule 30 deposition (or "discovery deposition") prior to Dr. May's trial preservation deposition. This attempt to procure trial testimony prior to a discovery deposition must be rejected.

There is simply no authority for the proposition that a plaintiff can deliver trial testimony before the defendant has an opportunity to exercise its right to depose the plaintiff under Rule 30. The rules are to the contrary. Depositions are provided for by Rule 30 and serve as a *discovery* mechanism. *See* FED. R. CIV. P. 26 (setting forth "General Provisions Concerning Discovery," including, in subsection (b)(2)(A), rules relating to Rule 30 depositions); FED. R. CIV. P. Title V, Refs & Annos (defining Rules 26-37 as the "Discovery Rules"). Thus, Plaintiffs' observation that "[t]he term 'discovery deposition' does not even exist" overlooks the fact that depositions are intended *for discovery* rather than the perpetuation of trial testimony. *See* FED. R. CIV. P. 26, 30. That is to say, the Rules contemplate *only* discovery depositions. *See id.*; *see also* FED. R. CIV. P. 32(a)(4) (outlining the limited circumstances under which testimony taken during a Rule 30 deposition may be used at trial in the stead of trial testimony). Trial preservation depositions, on the other hand, are extraordinary proceedings. *See In re Roundup Products Liab. Litig.*, 2021 WL 5149860, at *1 (identifying when trial preservation depositions are appropriate in this MDL); *see also Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 559 (S.D. Cal. 1999) (explaining that an "example of appropriate cause to take a trial deposition would be where a witness becomes seriously ill and is physically unable to testify at trial").

Monsanto has attempted to resolve this dispute amicably and in a manner consistent with the interests of justice. It does not dispute that grounds for a trial preservation deposition exist. It merely insists on its right to conduct a discovery deposition before Dr. May delivers his trial testimony. Unsurprisingly, courts that allow preservation depositions, invariably allow discovery

depositions in advance. *See, e.g.*, *Deetz Family, LLC v. Rust-Oleum Corp.*, 351 F. Supp. 3d 196, 198 (D. Mass. 2019) ("[T]o permit Plaintiff to acquire the requisite knowledge to conduct a cross-examination of [the witness] for inclusion in the preservation deposition, Plaintiff's counsel will be allowed two hours to ask questions of [the witness] in the nature of a discovery deposition before the preservation deposition takes place."); *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 356 (D. Colo. 2001) ("allowing plaintiff to conduct a brief discovery deposition immediately before counsel for [defendant] commences her preservation deposition"); *Odell v. Burlington N. R. Co.*, 151 F.R.D. 661, 664 (D. Colo. 1993) ("Plaintiff is entitled to have a period to talk with the witnesses or to conduct a discovery deposition prior to the preservation deposition."); *cf. Martinez v. Coloplast Corp.*, No. 2:18-CV-220-JTM-JEM, 2021 WL 486927, at *1 (N.D. Ind. Feb. 10, 2021) (precluding any preservation deposition until (a) the defendant had had an opportunity to conduct a discovery deposition and (b) the plaintiff had established a need for a preservation deposition).

This Court should issue a ruling consistent with the authorities set forth above. "Federal courts neither conduct nor condone trial by surprise." *Zorikova v. Kineticflix LLC*, No. 219CV04214ODWGJSX, 2021 WL 9145421, at *2 (C.D. Cal. Dec. 16, 2021). As Plaintiffs acknowledge, the testimony given during a trial preservation deposition represents trial testimony. Conducting a discovery deposition *after* trial testimony has already been delivered robs the deposition of its ability to prevent trial by surprise and, indeed, of much of its value. A party cannot meaningfully cross-examine an adverse witness without a prior opportunity to discovery the facts. And that basic concern is amplified where, as here, the adverse witness is the opposing party. Plaintiffs' counsel has direct and exclusive access to Dr. May. They can prepare him for the deposition and can even rehearse questions and answers in advance. It would be fundamentally unfair to permit a trial preservation deposition to go forward prior to a routine Rule 30 discovery deposition.

Perhaps aware of the novelty of their request, Plaintiffs alternatively request (1) that any discovery deposition conducted in advance of the trial preservation deposition be limited to three hours and (2) certain limitations regarding Monsanto's use of the discovery deposition at trial. Neither facet of the request is reasonable:

(1) Monsanto is entitled to a seven-hour deposition under Rule 30. While Monsanto is willing to conduct a shorter deposition if Dr. May's health so requires, Plaintiffs do not state that Dr. May's health precludes a 7-hour deposition and do not indicate any corresponding intention to limit the duration of the trial preservation deposition. Monsanto is willing to meet and confer with Plaintiffs regarding an appropriate time limitation, should Dr. May's health justify it.

(2) In the ordinary course, a discovery deposition would precede the giving of trial testimony, and the use at trial of deposition testimony is governed by the Federal Rules of Evidence. Monsanto does not seek any deviation from the ordinary course, and Plaintiffs have not provided any justification for an order preemptively limiting the use of Dr. May's deposition testimony at trial. If Plaintiffs have any specific concerns regarding the use of

Dr. May's deposition testimony, such concerns are more properly raised with a pre-trial motion *in limine*.

In short, Plaintiffs seek to procure trial testimony before Monsanto has any opportunity to obtain testimony in discovery. There is no support for this approach, and perhaps no precedent—Plaintiffs certainly do not cite any. Prior to any trial preservation deposition, Monsanto should be given an opportunity to conduct a Rule 30 discovery deposition so that it may obtain basic facts and conduct a meaningful cross-examination of Dr. May during his trial testimony—*i.e.*, his trial preservation deposition.

Respectfully submitted,

*/s/ James L. Ferraro, Jr.*

James L. Ferraro, Jr.
The Ferraro Law Firm, P.A.
600 Brickell Avenue, Suite 3800
Miami, Florida 33131
(305) 375-0111
james@ferrarolaw.com

*Attorneys for Plaintiffs*

*/s/ Anthony R. Martinez*

Anthony R. Martinez
Shook, Hardy & Bacon, L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108-2613
(816) 474-6550
amartinez@shb.com

*Attorneys for Monsanto Company*