GILLIAN L. WADE (State Bar No. 229124)
SARA D. AVILA (State Bar No. 263213)
MARC A. CASTANEDA (State Bar No. 299001)
Milstein, Jackson Fairchild & Wade, LLP
gwade@mjfwlaw.com
savila@mjfwlaw.com
mcastaneda@mjfwlaw.com
10990 Wilshire Blvd., 8th Floor
Los Angeles, CA 90024
Tel: (310) 396-9600
Fax: (310) 396-9635

JOEL OSTER (*admitted pro hac vice*)
Law Offices of Howard Rubenstein, P.A.
joel@joelosterlaw.com
22052 W. 66th St. #192
Shawnee, Kansas 66226

*Attorneys for Plaintiffs and the proposed Settlement Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT GILMORE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> MONSANTO COMPANY, <br><br> Defendant. | MDL No. 2741 <br><br> Case No. 3:21-cv-08159 <br><br> **DECLARATION OF GILLIAN L. WADE IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF COSTS AND EXPENSES, AND INCENTIVE AWARDS FOR CLASS REPRESENTATIVES** <br><br> Date:    January 12, 2023 <br> Time:    2:30 <br> Place:   Via Zoom Webinar <br> Judge:   Hon. Vince G. Chhabria |

I, Gillian L. Wade, declare as follows:

1.      I am admitted to the bar of this state and am a partner at Milstein Jackson Fairchild & Wade, LLP ("MJFW"), Class Counsel and counsel of record for Plaintiffs Scott Gilmore, Julio Ezcurra, Sherry Hanna, James Weeks, Paul Taylor, Kristy Williams, Amanda Boyette, and Anthony Jewell.  I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, could and would competently testify thereto under oath.

2.      This declaration is submitted in support of Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Costs and Expenses, and Incentive Awards for Class Representatives, filed concurrently herewith.

3.      This action and the Related Actions allege substantially similar claims asserting violations of state consumer-protection and false-advertising statutes related to the marketing and sale of Monsanto's Roundup® Products without warning of their alleged potential carcinogenicity and health risks.  These cases include various federal and state class actions against Monsanto and retailers that sell Monsanto's Roundup® Products, as well as individual state actions against retailers.

4.      On June 21, 2022 the Court granted preliminary approval of the proposed class action settlement. ECF 14966 (the "Preliminary Approval Order").

5.      Unless otherwise specified, references to capitalized terms have the same meaning as ascribed in the Settlement Agreement and Release (the "Settlement"), which was attached to the Corrected Declaration of Gillian L. Wade filed on February 16, 2022 ("Wade MPA Dec."). ECF 14610-1 at pages 18-105.

6.      As explained in the concurrently-filed declaration of Brandon Schwartz on behalf of the Claims Administrator, following the close of the claims period on October 19th, between

227,527 and 231,413 Class Members will receive between approximately $12.399 million to $14.2 million in claims payments, depending on how many claimants cure the defective claim submissions. This will result in a claims rate of between 2.33% (on the low end) and 2.67% (on the high end).

7.      As of the date of this filing, and assuming the instant motion is granted, the cash consideration paid by Monsanto would be between approximately $24,727,177 and $26,529,155, securely within the Settlement's $23-45 million Floor / Ceiling.

8.      The current amounts comprising the cash consideration are: between $14.2 million and $12.4 million (estimated range of payments to Class Members), $446,449 (notice costs), $380,513 (estimated claims administration costs), $40,000 (total requested incentive awards), $11.25 million (requested attorney's fees), and $210,888.10 (sought litigation expenses).

9.      Based on my understanding of the number or claims received to date, the current claims rate is between approximately 2.33% and 2.67%.[1]

10.     Notably, it is my understanding based on my communications with the Claims Administrator that this results in an average payment of between $53.80 and $61.37 per claimant.

11.     I am thoroughly familiar with the quality and quantity of work done in this case by all lawyers representing Plaintiffs and the Class. I have endeavored to ensure there was no unnecessary work or duplication of effort. In the situations in which two or more attorneys participated in any matter, the participation was reasonable because of the complexity of the issues involved and the time constraints which existed. Tasks were delegated appropriately among senior attorneys, junior attorneys, and paralegals according to their complexity.

---

[1] The claims rate is calculated by dividing $12.399 million and $14.2 million by $532 million (the cash value assuming no ceiling and a 100% claims rate).

12.     As of October 28, 2022, MJFW expended 11,464.75 hours on this litigation. MJFW's lodestar fee in this case, based on current billing rates, is $6,958,037.50. As the managing attorney supervising the litigation and delegating all tasks within my firm, I am personally aware of the work performed and billed by Ms. Avila, Mr. Castaneda, and Mr. Marin. I have used billing judgment to ensure that duplicative or unnecessary time has been excluded. The number of hours spent on various categories of activities related to each biller at MJFW is described in paragraphs 37 through 52 below.

13.     Based on my co-counsel's concurrently-filed declarations in this case, I calculate that Class Counsel and Plaintiffs' Counsel have expended a total of 13,302.35 hours on this litigation for a total lodestar of $7,947,522.50.

14.     In addition to the time enumerated above, I estimate that Class Counsel will incur an additional 60-100 hours of future work in this Action handling issues that may arise with Class Notice, answering class member questions, responding to any objections, filing approval papers, preparing for and appearing at the final approval hearing, and handling any appeals.

15.     To date, Class Counsel has expended $209,750.34 in out-of-pocket expenses in connection with the prosecution of this Action. Based on my co-counsel's concurrently-filed declarations in this Action, I calculate that Class Counsel and Plaintiffs' Counsel have collectively expended a total of $4,829.80 in out-of-pocket expenses and costs in connection with the prosecution of this Action. These costs are explained in Paragraphs 28 below.

16.     The lodestar calculation for MJFW is based on MJFW's current billing rates. These rates have been determined to be reasonable by other courts in class action litigations. A sample of courts who have approved MJFW's standard billing rates and attorneys' fees as reasonable include: *Whitfield et al., v. Yes To, Inc.*, C.D. Cal. No. Case No. 2:20-cv-00763-AB-AS (approving

$700.00 per hour for Ms. Wade, $550.00 for Ms. Avila in 2021); *Elkies, et al., v. Johnson & Johnson Services, Inc., et al.*, C.D. Cal. No. Case No. 2:17-CV-7320-GW-JEM (approving $700.00 per hour for Ms. Wade, $550.00 for Ms. Avila in 2020); *In re Dollar General Motor Corp. Motor Oil Marketing and Sales Practices Litigation,* W.D. Mo.,  MDL 2709 (approving $700.00 per hour for Ms. Wade, $600.00 for Ms. Avila, and $425.00 for Mr. Castaneda in 2021); *Barba et al., v. Shire U.S. Inc.,* S.D. Fla. No. 1:13-cv-21158-JAL (approving $550.00 per hour for Ms. Wade and $450.00 for Ms. Avila). In January 1, 2022 my rate increased to $795 after being $700 for approximately two years. Likewise, Ms. Avila's hourly rate increased to $680 after being $600 for approximately one year and Mr. Castaneda's increased to $550 after being $425 for approximately three years.

17.     The hourly rates of the lawyers at MJFW who worked on this case as well as co-Class Counsel and Plaintiffs' Counsel are well within the bounds of hourly rates in this District. *See Yamagata, et al., v. Reckitt Benckiser LLC*, No. 3:17-cv-03529-VC, Dkt. No. 238, ¶15 (N.D. Cal. October 28, 2021) (Chhabria, V.) (approving hourly rates of $215 to $960); *Schneider v. Chipotle Mexican Grill, Inc*., 336 F.R.D. 588, 601 (N.D. Cal. Nov. 4, 2020) ($830 to $1,275 for partners and $425 to $695 for associates); *Carlotti v. Asus Comput. Int'l*, No. 18-cv-03369-DMR, 2020 U.S. Dist. LEXIS 108917, at *15 (N.D. Cal. June 22, 2020) ($950-$1,025 for partners); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig*., No. 2672 CRB (JSC), 2017 U.S. Dist. LEXIS 39115 (N.D. Cal. Mar. 17, 2017) ($275 to $1,600 for partners, $150 to $790 for associates, $80 to $490 for paralegals). Further, based on my knowledge of the class action plaintiffs' bar nationwide, the rates charged by my firm are in line with or lower than the rates charged by other firms that handle class actions of this size and complexity. Each of the MJFW attorneys who have worked on this Action and the Related Cases has practiced for the

following number of years: Ms. Wade—19 years; Ms. Avila—14 years; Mr. Castaneda—8 years. The senior paralegal, Mr. Marin, has ten years of experience, as explained below. Based on the years and depth of experience of each of the attorneys and staff, the hourly rates of $195 to $795 are reasonable.

18.     Below is a chart setting forth the hourly rates charged for lawyers and staff at my firm in this Action and the Related Cases. Based on my knowledge and experience, the hourly rates charged by my firm are within the range of market rates charged by attorneys of equivalent experience, skill, and expertise.

| Attorneys/ Paralegal | Bar Admission | Hourly Rate | Hours | Lodestar |
|---|---|---|---|---|
| Gillian L. Wade (Partner) | 2003 | $795 | 2,609 | $2,074,155.00 |
| Sara D. Avila (Senior Associate) | 2009 | $680 | 2,969 | $2,018,920.00 |
| Marc A. Castaneda (Associate) | 2014 | $550 | 4,836.75 | $2,660,212.50 |
| David Marin (Paralegal) | | $195 | 1,050 | $204,750.00 |
| | | TOTAL: | 11,464.75 | $6,958,037.50 |

19.     To date, Class Counsel and Plaintiff's Counsel's Lodestar is $7,947,522.50. [2] This is based on the time expended in this Action and the Related Cases as follows:

| Firm | Case Name | Hourly Rate Range | Total Hours | Total Lodestar |
|---|---|---|---|---|
| Milstein Jackson Fairchild & Wade, LLP | *Ezcurra v. Monsanto*, No. 9:20-cv-80524 (S.D. Fla.) ("*Ezcurra*") | $195-$795 | 2,385 | $1,459,125.00 |

---

[2] The Wade MPA Dec. inadvertently omitted hours for the work performed by the Law Offices of Howard W. Rubinstein for the work performed while the matters *Biddle, Ezcurra, Fagundes, Gregorio, Lamerson, Morley, Shelly*, and Waters were pending in Florida State Court. *See* the concurrently-filed Oster Dec. at  for further details.

| Milstein Jackson Fairchild & Wade, LLP | *Gilmore  v. Monsanto*, No. 3:21-cv-08159 (N.D. Cal.) ("*Gilmore*") | $195-$795 | 3,230.75 | $1,979,612.50 |
|---|---|---|---|---|
| Milstein Jackson Fairchild & Wade, LLP | *Weeks v. Home Depot*, No. 2:19-cv-6780 (C.D. Cal.) ("*Weeks*") | $195-$795 | 2,270 | $1,341,175.00 |
| Milstein Jackson Fairchild & Wade, LLP | *Jewell et al v. Walmart, Inc.*, No. 4:19-cv-04088 (W.D. Ark.) ("*Jewell*") | $195-$795 | 88 | $46,070.00 |
| Milstein Jackson Fairchild & Wade, LLP | *Boyette et al v. Lowe's Companies, Inc.*, No. 4:19-cv-04119 (W.D. Ark.) ("*Boyette*") | $195-$795 | 56.5 | $27,480.00 |
| Milstein Jackson Fairchild & Wade, LLP | *Taylor et al v. Costco Wholesale Corp.*, No. 20-cv-00655 (E.D. Cal.) ("*Taylor*") | $195-$795 | 1,015 | $616,150.00 |
| Milstein Jackson Fairchild & Wade, LLP | *Hanna et al v. Walmart Inc.*, No. 5:20-cv-01075 (C.D. Cal.) ("*Hanna*") | $195-$795 | 1,360 | $833,100.00 |
| Milstein Jackson Fairchild & Wade, LLP | *Williams et al v. Lowe's Home Centers, LLC*, No. 5:20-cv-01356 (C.D. Cal.) ("*Williams*") | $195-$795 | 810 | $496,125.00 |
| Milstein Jackson Fairchild & Wade, LLP | *Thomas v. Costco Wholesale Corporation*, No. 1:19-cv-05278 (E.D. New York) ("*Thomas*") | $195-$795 | 249.50 | $159,200.00 |
| Rhodunda Williams & Kondraschow | *Gilmore  v. Monsanto*, No. 3:21-cv-08159 (N.D. Cal.) | $400 | 31.5 | $12,600.00 |
| The Casey Law Firm, LLC | *Gilmore  v. Monsanto*, No. 3:21-cv-08159 (N.D. Cal.) | $700 | 469.7 | $328,790 |
| Sheehan & Associates, P.C. | *Thomas v. Costco Wholesale Corporation*, No. 1:19-cv-05278 (E.D. New York) | $350 | 46 | $16,100.00 |
| Sheehan & Associates, P.C. | *Hanna et al v. Walmart Inc.*, No. 5:20-cv-01075 (C.D. Cal.) | $350 | 5 | $1,750.00 |

| Sheehan & Associates, P.C. | *Taylor et al v. Costco Wholesale Corp.*, No. 20-cv-00655 (E.D. Cal.) | $350 | 5 | $1,750.00 |
|---|---|---|---|---|
| Sheehan & Associates, P.C. | *Williams et al v. Lowe's Home Centers, LLC*, No. 5:20-cv-01356 (C.D. Cal.) | $350 | 4 | $1,400.00 |
| Law Offices of Howard Rubinstein, P.A | *Biddle v. Lowe's Home Centers LLC*, No. 50-2019-CC-011405 (Cty. Ct. 15th Cir. In and for Palm Beach Cty., Fla.) ("*Biddle*") | $750 | 3.2 | $2400 |
| Law Offices of Howard Rubinstein, P.A. | *Ezcurra v. Monsanto*, No. 9:20-cv-80524 (S.D. Fla.) | $690-$750 | 212.3 | $146,625.00 |
| Law Offices of Howard Rubinstein, P.A. | *Fagundes v. The Home Depot*, No. 0:20-cv-61035 (S.D. Fla.) ("*Fagundes*") | $750 | 3.3 | $2,475.00 |
| Law Offices of Howard Rubinstein, P.A. | *Gilmore v. Monsanto*, No. 3:21-cv-08159 (N.D. Cal.) | $690 | 126 | $86,940.00 |
| Law Offices of Howard Rubinstein, P.A. | *Gregorio et al v. Home Depot U.S.A., Inc.*, No. CACE-21-002428 (Cty. Ct. 17th Cir. In and for Broward Cty., Fla.) ("*Gregorio*") | $750 | 2.1 | $1,575.00 |
| Law Offices of Howard Rubinstein, P.A. | *Lamerson v. Walmart Stores, Inc.*, No. 50-2019-CC-009139 (Cty. Ct. 15th Cir. In and for Palm Beach Cty., Fla.) ("*Lamerson*") | $750 | 2.4 | $1,800.00 |
| Law Offices of Howard Rubinstein, P.A. | *Morley v. Ace Hardware Corp.*, No. CONO-19-010648 (Cty. Ct. 17th Cir. In and for Broward Cty., Fla.) ("*Morley*") | $750 | 3.2 | $2,400.00 |
| Law Offices of Howard Rubinstein, P.A. | *Shelly v. Target Corp.*, No. 50-2019-CC-010718 (Cty. Ct. 15th Cir. In and for Palm Beach Cty., Fla.) ("*Shelly*") | $750 | 3.4 | $2,550.00 |
| Law Offices of Howard | *Waters v. Home Depot USA, Inc.*, No. 50-2019- | $750 | 4.2 | $3,150.00 |

| | | | | |
|---|---|---|---|---|
| Rubinstein, P.A. | CC-009140 (Cty. Ct. 15th Cir. In and for Palm Beach Cty., Fla.) ("Waters") | | | |
| Law Offices of Howard Rubinstein, P.A. | *Weeks v. Home Depot*, No. 2:19-cv-6780 (C.D. Cal.) | $690 | 84 | $57,960.00 |
| Southern Atlantic Law Group, PLLC | *Ezcurra v. Monsanto*, No. 9:20-cv-80524 (S.D. Fla.) | $125-$400 | 390.2 | $136,830.00 |
| Southern Atlantic Law Group, PLLC | *Lamerson v. Walmart Stores, Inc.*, No. 50-2019-9139 (Cty. Ct. 15th Cir., Fla.) | $125-$400 | 31.2 | $10,280.00 |
| Southern Atlantic Law Group, PLLC | *Shelly v. Target Corp.*, No. 50-2019-CC-010718 (Cty. Ct. 15th Cir., Fla.) | $125-$400 | 35.9 | $12,435.00 |
| Southern Atlantic Law Group, PLLC | *Biddle v. Lowe's Home Centers LLC*, No. 50-2019-CC-011405 (Cty. Ct. 15th Cir., Fla.) | $125-$400 | 45.8 | $16,395.00 |
| Southern Atlantic Law Group, PLLC | *Morley v. Ace Hardware Corp.*, No. CONO-19-010648 (Cty. Ct. 17th Cir., Fla.) | $125-$400 | 37.2 | $12,405.00 |
| Southern Atlantic Law Group, PLLC | *Fagundes v. The Home Depot*, No. 20-61035 (S.D. Fla.) | $125-$400 | 48.3 | $17,670.00 |
| Southern Atlantic Law Group, PLLC | *Waters v. Home Depot USA, Inc.*, No. 50-2019-CC-009140 (Cty. Ct. 15th Cir., Fla.) | $125-$400 | 36.8 | $13,345.00 |
| Southern Atlantic Law Group, PLLC | *Gregorio et al v. Home Depot U.S.A., Inc.*, No. 21-2428 (Cty. Ct. 17th Cir., Fla.) | $125-$400 | 19.4 | $6,110.00 |
| Harrelson Law Firm | *Jewell et al v. Walmart, Inc.*, No. 4:19-cv-04088 (W.D. Ark.) | $500 | 111 | $55,500.00 |
| Harrelson Law Firm | *Boyette et al v. Lowe's Companies, Inc.*, No. 4:19-cv-04119 (W.D. Ark.) | $500 | 76.5 | $38,250.00 |
| | | **TOTAL:** | **13,302.35** | **$7,947,522.50** |

20.     Thus, Class Counsel and Plaintiffs' counsel have collectively worked for 13,302.35 hours (excluding work on the fee petition) with no payment, and no guarantee of payment absent a successful outcome.

21.     Given the total lodestar, this represents a blended hourly rate of less than $600, which is well within the bounds of reasonable hourly rates in this District.

22.     Twenty-five percent of the Ceiling Amount is $11.25 million, which is a multiplier of 1.4 over the base lodestar fee.

23.     I, along with MJFW attorneys Sara D. Avila and Marc Castaneda, have extensive experience litigating consumer class action matters. I have led MJFW's class action and complex litigation group for over ten years. MJFW has extensive experience in class action and complex litigation and lawyers in its class action department have served as Lead or Co-Lead Counsel in numerous class actions protecting the rights of consumers, with a particular emphasis on consumer fraud and protection matters. The backgrounds and qualifications of attorneys at MJFW who worked on this Action and the Related Cases are outlined set forth in my previously filed declaration in support of preliminary approval. *See* ECF 14610-1 at ¶¶ 22-24.

24.     In addition to the attorneys at MJFW listed in my previous declaration, MJFW's senior paralegal, David Marin, has extensive experience. He has twelve years of experience at MJFW, focusing almost entirely on class action litigation. Mr. Marin earned his bachelor's degree from the University of California, Berkeley in 2009.

25.     The out-of-pocket litigation expenses incurred by Class Counsel (and Plaintiffs' Counsel) are reasonable in amount and necessary for the effective and efficient prosecution of the litigation. In addition, I believe the expenses are of the type that have been charged by my firm to fee-paying clients. They are also the categories of expenses that have been awarded to my firm

and other plaintiff's counsel in other class action settlements, including in the following recent cases: *Whitfield et al., v. Yes To, Inc.*, No. 2:20-cv-00763-AB-AS (C.D. Cal. 2021); *Elkies, et al., v. Johnson & Johnson Services, Inc., et al.*, No. 2:17-CV-7320-GW-JEM (C.D. Cal. 2019); *In re Dollar General Motor Corp. Motor Oil Marketing and Sales Practices Litigation,* MDL 2709 (W.D. Mo. 2019); *Barba, et al., v. Shire U.S. Inc.*, No. 1:13-cv-21158-JAL (S.D. Fla. 2016).

      26.     As of October 28, 2022, Class Counsel's out-of-pocket litigation expenses are $206,482.30:

| CASE NAME | TOTAL COSTS |
|---|---|
| Court / Filing Fees | $9,888.00 |
| Attorney Service | $617.90 |
| Postage / Overnight Delivery / Messenger | $ 909.11 |
| Photocopying / Printing | $ 214.75 |
| Experts / Consultants | $188,561.50 |
| Online Research | $ 44.09 |
| Conference Calls | $ 122.95 |
| Mediation Fees | $5,700.00 |
| **TOTAL** | **$206,482.30** |

      27.     The following is additional information regarding these expenses:

      a.     <u>Court / Filing Fees</u>: These costs include necessary court and filing fees in connection with this Action and the Related Actions.

      b.     <u>Attorney Service</u>: These costs relate to fees paid to attorney services to file pleadings, deliver court documents as required by the courts in this Action and the Related Cases.

      c.     <u>Postage/ Overnight Delivery/ Messenger</u>: These costs relate to postage, delivery (*e.g.* FedEx), and messenger services.

      d.     <u>Photocopying/ Printing</u>: The requested copy costs were incurred in connection with providing in-house copies, printing case law when necessary, analyzing certain documents produced in discovery, and printing copies of documents to prepare for the motion

hearings in *Weeks* and mediation in this Action. Each time our copy machine is used, MJFW requires that a case code be entered. For each page copied or printed, my firm charges 25 cents.

        e.    <u>Experts/ Consultants</u>: This cost includes fees charged by Plaintiffs' expert economist, Dave Sharp, Ph.D., and a marketing consultant (who was not formally disclosed in litigation) retained by Class Counsel and relied upon on in prosecuting this litigation. We retained Dr. Sharp, an economic expert and formerly tenured Associate Professor of Economics and Business Advisory Council Research Professor at the University of Southern Mississippi. Dr. Sharp performed extensive research and analyzed nationwide sales data for settlement purposes to assist us with confirming and interpreting the sales data and calculating the price premium. *See* ECF 14610-1 at ¶¶7, 13, 14, and Ex. 2.

        f.    <u>Conference Calls</u>: Conference call charges were incurred to make or host conference calls in this litigation. The conference call charges are allocated to each case by punching in a case code after accessing the conference call number. The case code is mandatory to host a conference call. At the end of each billing cycle, the conference call charges are assigned to the appropriate case.

        g.    <u>Online Research</u>: PACER was used to obtain access to legal research, factual databases, and for cite-checking briefs. The expense amount detailed herein represents the out-of-pocket costs incurred by Class Counsel in connection with the use of these services in connection with this litigation.

        h.    <u>Mediation Fees</u>: These costs were paid by Class Counsel for the mediation session before retired United States Magistrate Judge Diane Welsh in February 2021.

28.    As explained above and in the concurrently filed declarations of Joel Oster, M. Ryan Casey, Chandra Williams, and Steve Harrelson, the following is summary of the total costs incurred in *Gilmore* and the Related Actions, per case, with any expert fees specified.[3]

| CASE NAME | TOTAL COSTS | EXPERT FEES (if any) |
|---|---|---|
| *Weeks v. Home Depot* | $12,515.82 | $10,296.50 |
| *Jewell et al v. Walmart, Inc.* | $789.96 | |
| *Boyette et al v. Lowe's Companies, Inc.* | $845.00 | |
| *Thomas v. Costco Wholesale Corporation* | $850.00 | |
| *Ezcurra v. Monsanto* | $126,785.46 | $126,515.00 |
| *Taylor et al v. Costco Wholesale Corp.* | $488.13 | |
| *Hanna et al v. Walmart Inc.* | $1,506.64 | |
| *Williams et al v. Lowe's Home Centers, LLC* | $400.00 | |
| *Gilmore  v. Monsanto* | $64,749.09 | $51,750.00 |
| *Biddle v. Lowe's Home Centers LLC* | $310.00 | |
| *Ezcurra v. Monsanto* (Florida State Case) | $431.00 | |
| *Fagundes v. The Home Depot* | $411.00 | |
| *Gregorio et al v. Home Depot U.S.A., Inc.* | $411.00 | |
| *Lamerson v. Walmart Stores, Inc.* | $310.00 | |
| *Morley v. Ace Hardware Corp.* | $310.00 | |
| *Shelly v. Target Corp.* | $310.00 | |
| *Waters v. Home Depot* | $310.00 | |
| **TOTAL** | **$210,888.10** | **$188,561.50** |

29.    These expenses were necessary to prosecute this Action and the Related Cases. They are extremely reasonable given the complications involved in litigating this matter.

30.    All expenses were carefully and reasonably expended, and they reflect market rates for various categories of expenses incurred. Expense items are billed separately and such charges are not duplicative of my firm's billing rates.

31.    Collectively, Class Counsel and Plaintiffs' Counsel seek reimbursement of $210,888.10  in out-of-pocket expenses from this Action and the Related Cases. Of this expended

---

[3] The Wade MPA Dec. previously stated the costs in *Gregorio* and *Morley* were $822 and in $620. However, there was an inadvertent duplication of the court fees for each case. The corrected amounts are reflected here and in Mr. Oster's concurrently filed declaration.

amount, the vast majority $206,058.30 was paid by Class Counsel and the remaining costs $4,829.80, as set forth in detail in their respective declarations were borne by Plaintiffs' Counsel. *See* the concurrently filed declarations of M. Ryan Casey ($3,358), Steve Harrelson ($800), and Chandra Williams ($671.80).

32.     Below is a summary of the out-of-pocket expenses, by category, incurred in this Action and the Related Actions by Class Counsel and Plaintiffs' Counsel.

| CASE NAME | TOTAL COSTS |
|---|---|
| Court / Filing Fees | $11,738.00 |
| Attorney Service | $681.70 |
| Postage / Overnight Delivery / Messenger | $1,017.11 |
| Photocopying / Printing | $638.75 |
| Experts / Consultants | $188,561.50 |
| Online Research (LexisNexis / PACER) | $2,428.55 |
| Conference Calls | $ 122.95 |
| Mediation Fees | $5,700.00 |
| **TOTAL** | **$210,888.10** |

33.     If the case had advanced through discovery, class certification, summary judgment and trial, these expenses would have increased many-fold, and counsel would have been required to advance these expenses potentially for several years of litigation through judgment and appeals.

34.     My firm has been involved in every material aspect of the concerted efforts in pursuing this Action and the Related Cases in federal and state courts across the country, against both Monsanto and the retailers of Roundup®. I oversaw each aspect of the litigation and had primary responsibility for overall litigation strategy and coordinating with co-Class Counsel and Plaintiffs' Counsel. Ultimately, in addition to the categories of actions described below, I also oversaw and took the lead on negotiating the Settlement, seeking and obtaining preliminary approval of the Settlement, and overseeing the class notice and claims process following preliminary approval. Ms. Avila and Mr. Castaneda also played primary roles in this Action and

the Related Cases listed in Paragraph 5, including but not limited to the day-to-day litigation tasks and preparing for and participating in mediation. Mr. Castaneda also worked on the preliminary approval briefing and helped to oversee and monitor the class notice and claims process. In all of the cases listed in Paragraph 5, Ms. Avila, Mr. Castaneda, and I all reviewed and analyzed the Standing Orders for the assigned judges and magistrates, as well as the case-specific orders and relevant Local Rules. We also reviewed publicly available information from the personal-injury litigation and *Nat'l Ass'n of Wheat Growers v. Becerra*, No. 2:17-cv-2401 (E.D. Cal.). Ms. Avila was on maternity leave beginning July 2021, and during her absence Ryan Casey of The Casey Law Firm stepped in to help with the preliminary approval briefing and related tasks.

35.     As instructed and overseen by Mr. Castaneda, Ms. Avila and myself, senior paralegal David Marin played an integral role in this Action and the Related Actions. He performed all administrative tasks necessary to effectively litigate this Action and the Related Actions. Mr. Marin conducted relevant factual research; organized thousands of documents produced in discovery by defendants Monsanto and Home Depot in *Ezcurra* and *Weeks*, respectively; formatted, and finalized documents for filing with various courts and ensured courtesy copies were delivered; formatted and served discovery requests and responses; reviewed documents; calendared deadlines; coordinated and communicated with the attorney service and the court clerks; communicated with several clients; and communicated with us regularly about litigation.

36.     The total number of hours spent by professional staff at my firm on *Ezcurra* as of October 28, 2022 was 1,128 hours. The total lodestar for the professional staff on this case is $1,461,768.75.

| Attorneys/ Paralegal | Hourly Rate | Hours | Lodestar | Bar Admission |
|---|---|---|---|---|
| Gillian L. Wade (Partner) | $795 | 491.25 | $390,543.75 | 2003 |

| | | | | |
|---|---|---|---|---|
| Sara D. Avila (Senior Associate) | $680 | 770 | $523,600.00 | 2009 |
| Marc A. Castaneda (Associate) | $550 | 923 | $507,650.00 | 2014 |
| David Marin (Paralegal) | $195 | 205 | $39,975.00 | |
| **TOTALS** | | **1128** | **$1,461,768.75** | |

37.     MJFW's time on *Ezcurra* was spent on the following categories of activities:

a.    I was personally involved in drafting amended complaints, opposing the motion to dismiss (including the court-mandated supplemental briefing), and the appeal to the Eleventh Circuit in *Ezcurra*. I was also personally involved in preparing discovery responses on behalf of Mr. Ezcurra, propounding discovery on defendants, extensively preparing for and arguing plaintiff's opposition to the motion to dismiss, and preparing for mediation. I also worked with economics expert Dr. David Sharp to prepare his Rule 26(a)(2) expert report measuring class-wide damages under a price premium model (which was disclosed within the timing proscribed by Judge Middlebrook's scheduling order). I also worked closely with Mr. Ezcurra in preparing for his deposition (which was set to begin just one business day before the case was dismissed on Florida-specific safe-harbor grounds). I worked on the class certification briefing and strategy (the class certification motion was due one week after the case was dismissed). I also worked on the briefing for the Eleventh Circuit in Mr. Ezcurra's appeal following dismissal, and coordinated closely with co-counsel regarding same. I closely coordinated with Mr. Oster, Mr. Castaneda and Ms. Avila about litigation strategy to efficiently delegate and allocate responsibilities, and I had primary responsibility for communicating with defense counsel regarding all aspects of the case.

b.    Ms. Avila also played a primary role in prosecuting this litigation and was also responsible for day-to-day litigation. Ms. Avila took the lead on drafting and responding to discovery and preparing Mr. Ezcurra for his deposition, and was in regular and constant

communication with Mr. Ezcurra. Ms. Avila was also involved in drafting the amended complaints, the opposition to the motion to dismiss and supplemental briefing, preparing for the hearing on the motion to dismiss, drafting, reviewing and revising the motion for class certification, communicating with experts and reviewing documents. Ms. Avila also worked on the appellate brief.

   c. Mr. Castaneda also played a primary role in prosecuting this litigation and was responsible for day-to-day litigation. Mr. Castaneda took the lead on drafting complaints, conducting significant legal and factual research and took the lead on drafting the opposition to the motion to dismiss and the court-ordered supplemental briefing.  Mr. Castaneda extensively prepared for and presented oral argument at the hearing on the motion to dismiss. Mr. Castaneda also participated in meeting and conferring with defense counsel; drafting and responding to discovery; preparing Mr. Ezcurra for his deposition; reviewing documents; and, contributing significantly to the appellate brief, including but not limited to conducting research, assisting with the drafting of the opening and reply briefs, and reviewing and analyzing Monsanto's responding brief.

   38. The total number of hours spent by professional staff at my firm on *Gilmore* as of October 28, 2022 was 3,224.75 hours. The total lodestar for the professional staff on this case is $1,975,883.75.

| Attorneys/ Paralegal | Hourly Rate | Hours | Lodestar | Bar Admission |
|---|---|---|---|---|
| Gillian L. Wade (Partner) | $795 | 971.25 | $772,143.75 | 2003 |
| Sara D. Avila (Senior Associate) | $680 | 435.5 | $296,140.00 | 2009 |
| Marc A. Castaneda (Associate) | $550 | 1,558 | $856,900.00 | 2014 |
| David Marin (Paralegal) | $195 | 260 | $50,700.00 | |

| | TOTALS | 3,224.75 | $1,975,883.75 | |
|---|---|---|---|---|

39.     MJFW's time spent on *Gilmore* was spent on the following categories of activities:

a.   I was personally involved in the drafting of the Oregon and Delaware complaints, initial proceedings in Oregon, strategy and drafting of amended pleadings in Delaware, briefing on the motion to dismiss, briefing on the motion for preliminary approval (including the motion to intervene and objections to the preliminary approval motion), and briefing the motion to transfer the Action to this Court and coordinate proceedings with the cases in the personal injury MDL. I prepared diligently for the mediation in this Action, and took the lead on settlement strategy and negotiation, including before, during and after mediation. I took the lead on negotiating, editing, and finalizing the Settlement Agreement and all amendments thereto.  I took the lead with seeking and obtaining preliminary approval of the Settlement (which included a rigorous analysis, supplemental briefing, and addressing objections to the motion for preliminary approval and related motions for discovery and prepared for and argued the motion for preliminary approval) in this forum. I also regularly performed and analyzed legal and factual research, worked with local counsel to ensure local rules were followed in both Oregon and Delaware, regularly communicated with defense counsel and counsel for the class members objecting at preliminary approval (in both Delaware and California), and communicated with co-Class Counsel and Plaintiffs' Counsel. Since the Preliminary Approval Order was entered, I have been monitoring the notice and claims process, answering questions from class members, and communicating with the Claims Administrator and defense counsel about the process. Following mediation, Ms. Avila, Mr. Castaneda, and myself worked with Monsanto to solicit bids from several settlement administrators, and vetted the Settlement Administrator. Prior to notice of the settlement going out, I carefully analyzed, revised and edited the notice documents, draft claim forms, and the proposed Settlement website and was

in regular communication with the Claims Administrator.

b.   Ms. Avila worked on the original and amended complaints in Oregon and Delaware and the briefing related to the motion to dismiss and the motion to transfer and coordinate proceedings. She also performed and analyzed legal and factual research, and communicated with defense counsel, co-counsel and Plaintiffs' Counsel. Since her recent return from maternity leave she has also been monitoring the claims process and communicating with the Claims Administrator.

c.   Mr. Castaneda also played a primary role in prosecuting this litigation and was responsible for day-to-day litigation tasks. Mr. Castaneda took the lead on drafting complaints, and conducting legal and factual research on complex issues including, but not limited to, those related to variations in state law, preemption, multidistrict litigation and transfer, issues concerning settlement, nationwide damages calculations and class notice. He also worked on the briefing on the motion to dismiss in the Delaware action. He also had a primary role in briefing the motion to transfer and the motion for preliminary approval of the Settlement and related motions in both California and Delaware. Since the Preliminary Approval Order was entered, he has been monitoring the notice and claims process and communicating with the Claims Administrator and defense counsel about the process. Mr. Castaneda also assisted with the drafting, analysis and revision of the Settlement notice documents and took the lead on communicating with clients in regards to the Settlement Agreement and related documents, and continues to communicate with our clients about this case.

40.   The total number of hours spent by professional staff at my firm on *Weeks v. Home Depot* as of October 28, 2022 was 2, 271.75 hours. The total lodestar for the professional staff on this case is $1,342,260.00.

| Attorneys/ Paralegal | Hourly Rate | Hours | Lodestar | Bar Admission |
|---|---|---|---|---|
| Gillian L. Wade (Partner) | $795 | 420.5 | $334,297.50 | 2003 |
| Sara D. Avila (Senior Associate) | $680 | 645 | $438,600.00 | 2009 |
| Marc A. Castaneda (Associate) | $550 | 941.25 | $517,687.50 | 2014 |
| David Marin (Paralegal) | $195 | 265 | $51,675.00 | |
| TOTALS | | 2,271.75 | $1,342,260.00 | |

41.     MJFW's time on *Weeks* was spent on the following categories of activities:

a.   I was personally involved in drafting the complaint and amended complaints, opposing the three motions to dismiss and reviewing and analyzing the orders on those motions, and the Ninth Circuit appeal following dismissal. I also participated in the comprehensive Local Rule 7-3 pre-motion conferences with defense counsel about their motions to dismiss. Additionally, I was involved with the detailed discovery-related correspondence required by C.D. Cal. Local Rule 37, analyzed factual and legal research, reviewed the draft discovery requests and responses, communicated with co-counsel and defense counsel, and reviewed documents. I also reviewed, analyzed, and revised the appellate brief  filed with the Ninth Circuit following dismissal, worked closely with Mr. Oster on the appeal, and communicated directly with the Ninth Circuit mediator appointed to the *Weeks* appeal.

b.   Ms. Avila handled the (pre-pandemic) in-person Rule 26(f) conference and preparing the Rule 26(f) Report. She also took the lead on responding to written discovery propounded by Home Depot, drafting discovery, corresponding with defense counsel as required by C.D. Cal. Local Rule 37, and conducting many extensive C.D. Cal. Local Rule 37 conferences of counsel regarding the perceived deficiencies with Home Depot's discovery responses and document production, even starting the process to move to compel. Ms. Avila also participated in

the comprehensive Local Rule 7-3 pre-motion conferences with defense counsel about their motions to dismiss, communicated with the client regularly (including when responding to discovery), co-counsel, and defense counsel; worked on the complaint and the amended complaints; performed and analyzed factual and legal research; worked on the oppositions to the three motions to dismiss filed and reviewed and analyzed the courts' orders on those motions; and reviewing the third-party subpoena. Ms. Avila also reviewed and revised the appellate brief filed with the Ninth Circuit following dismissal, worked with Mr. Oster on the appeal, and communicated directly with the Ninth Circuit mediator appointed to the *Weeks* appeal.

c.    Mr. Castaneda drafted the complaint and amended complaints and took the lead on drafting the oppositions to the motions to dismiss, including extensive legal and factual research. Mr. Castaneda participated in the Rule 26(f) conference, the comprehensive C.D. Cal. Local Rule 7-3 pre-motion conferences with defense counsel about their motions to dismiss and contributed to the many discovery-related meet and confer letters and conferences of counsel. He also worked on responding to and drafting written discovery and assisting with research related to motions to compel. Mr. Castaneda also drafted portions of the appellate brief filed with the Ninth Circuit following dismissal, worked with Mr. Oster on the appeal, and has been the regular point of contact with the Ninth Circuit mediator appointed to the *Weeks* appeal since July 2021, continuing to keep the mediator apprised of the status of the Settlement.

42.    The total number of hours spent by professional staff at my firm on *Jewell* as of October 28, 2022 was 88 hours. The total lodestar for the professional staff on this case is $46,070.00.

| Attorneys/ Paralegal | Hourly Rate | Hours | Lodestar | Bar Admission |
|---|---|---|---|---|
| Gillian L. Wade (Partner) | $795 | 7 | $5,565.00 | 2003 |

| Sara D. Avila (Senior Associate) | $680 | 23.5 | $15,980.00 | 2009 |
|---|---|---|---|---|
| Marc A. Castaneda (Associate) | $550 | 37.5 | $20,625.00 | 2014 |
| David Marin (Paralegal) | $195 | 20 | $3,900.00 | |
| **TOTALS** | | **88** | **$46,070.00** | |

43.     MJFW's time on *Jewell* was spent on the following categories of activities:

a.      I reviewed the pleadings and analyzed the motions to dismiss, communicated with co-counsel and Plaintiff's counsel, and analyzed legal research. I also reviewed the Initial Scheduling Order and Final Scheduling Order and the draft Rule 26(f) Report and communicated with local counsel regarding overall litigation strategy and local rules and practice.

b.      Ms. Avila worked on the amended complaint, reviewed and analyzed the motions to dismiss, communicated with co-counsel and Plaintiff's counsel, and analyzed legal research. Ms. Avila also reviewed the Initial Scheduling Order and took the lead on ensuring compliance with the deadlines. She also participated in the Rule 26(f) conference, prepared a draft of the Rule 26(f) Report, and reviewed the Final Scheduling Order.

c.      Mr. Castaneda drafted the amended complaint and motion to dismiss, communicated with co-counsel and Plaintiff's counsel, and performed legal research related to Arkansas law. Mr. Castaneda also participated in the Rule 26(f) conference, prepared an unopposed motion for leave to file an amended complaint,  assisted with the drafting of the Rule 26(f) Report, and reviewed and monitored the scheduling orders.

44.     The total number of hours spent by professional staff at my firm on *Boyette.* as of October 28, 2022 was 56.5 hours. The total lodestar for the professional staff on this case is $27,480.00.

| Attorneys/ Paralegal | Hourly Rate | Hours | Lodestar | Bar Admission |
|---|---|---|---|---|
| Gillian L. Wade (Partner) | $795 | 9 | $7,155.00 | 2003 |
| Sara D. Avila (Senior Associate) | $680 | 10 | $6,800.00 | 2009 |
| Marc A. Castaneda (Associate) | $550 | 17.5 | $ 9,625.00 | 2014 |
| David Marin (Paralegal) | $195 | 20 | $3,900.00 | |
| **TOTALS** | | **56.5** | **$27,480.00** | |

45.     In *Boyette*, Ms. Avila, Mr. Castaneda, and I each reviewed the pleadings, analyzed factual and legal research, and communicated with co-counsel. Mr. Castaneda also communicated with Ms. Boyette.

46.     The total number of hours spent by professional staff at my firm on *Taylor* as of October 28, 2022 was 1,015 hours. The total lodestar for the professional staff on this case is $616,150.00.

| Attorneys/ Paralegal | Hourly Rate | Hours | Lodestar | Bar Admission |
|---|---|---|---|---|
| Gillian L. Wade (Partner) | $795 | 195 | $ 155,025.00 | 2003 |
| Sara D. Avila (Senior Associate) | $680 | 310 | $210,800.00 | 2009 |
| Marc A. Castaneda (Associate) | $550 | 425 | $233,750.00 | 2014 |
| David Marin (Paralegal) | $195 | 85 | $16,575.00 | |
| **TOTALS** | | **1,015** | **$616,150.00** | |

47.     The total number of hours spent by professional staff at my firm on *Hanna* as of October 28, 2022 was 1,360 hours. The total lodestar for the professional staff on this case is $833,100.00.

| Attorneys/ Paralegal | Hourly Rate | Hours | Lodestar | Bar Admission |
|---|---|---|---|---|

| Gillian L. Wade (Partner) | $795 | 295 | $234,525.00 | 2003 |
|---|---|---|---|---|
| Sara D. Avila (Senior Associate) | $680 | 440 | $299,200.00 | 2009 |
| Marc A. Castaneda (Associate) | $550 | 500 | $275,000.00 | 2014 |
| David Marin (Paralegal) | $195 | 125 | $24,375.00 | |
| **TOTALS** | | **1,360** | **$833,100.00** | |

48.     MJFW's time on *Hanna* was spent on the following categories of activities:

a.     I was involved in drafting the original and amended complaints in both federal and state court (which included reviewing and analyzing one of Walmart's two motions to dismiss before amendment), and took the lead on several of the extensive meet and confers with defense counsel about their two motions to dismiss and the viability of plaintiff's claims. I also performed, reviewed, and analyzed factual and legal research, and communicated with defense counsel regularly.  I  prepared extensively for and appeared for the hearing on the motion to dismiss, and participated in the Rule 26(f) conference and the initial status conference and worked on the Rule 26(f) Report.

b.     Ms. Avila also worked on the complaints and reviewed and analyzed both motions to dismiss. Ms. Avila worked on the opposition to Walmart's second motion to dismiss. She also prepared for and participated in the C.D. Cal. Local Rule 7-3 conferences of counsel and the Rule 26(f) conference. Ms. Avila also worked on the Rule 26(f) Report and appeared at the Initial Status Conference, and assisted with preparation for oral argument on the motion to dismiss. She also performed, reviewed, and analyzed factual and legal research.

c.     Mr. Castaneda drafted the complaints and reviewed, analyzed, and briefed both motions to dismiss. He also prepared for and participated in the C.D. Cal. Local Rule 7-3 conferences of counsel and the Rule 26(f) conference. Mr. Castaneda took the lead at oral argument

on the motion to dismiss hearing, and appeared at the Initial Status Conference. He also performed, reviewed, and analyzed a significant amount of factual and legal research.

49.     The total number of hours spent by professional staff at my firm on *Williams* as of October 28, 2022 was 810 hours. The total lodestar for the professional staff on this case is $496,125.00.

| Attorneys/ Paralegal | Hourly Rate | Hours | Lodestar | Bar Admission |
|---|---|---|---|---|
| Gillian L. Wade (Partner) | $795 | 165 | $131,175.00 | 2003 |
| Sara D. Avila (Senior Associate) | $680 | 215 | $146,200.00 | 2009 |
| Marc A. Castaneda (Associate) | $550 | 380 | $209,000.00 | 2014 |
| David Marin (Paralegal) | $195 | 50 | $9,750.00 | |
| **TOTALS** | | **810** | **$496,125.00** | |

50.     MJFW's time on *Williams* was spent on the following categories of activities: Ms. Avila and I were involved in drafting the original and amended complaints, opposing the motion to dismiss, and Mr. Castaneda took the lead on these activities. All three of us also performed, reviewed, and analyzed factual and legal research and participated in multiple meet and confers with defense counsel regarding the allegations. Mr. Castaneda also communicated with Mr. Williams.

51.     The total number of hours spent by professional staff at my firm on *Thomas* as of October 28, 2022 was 249.5 hours. The total lodestar for the professional staff on this case is $159,200.00.

| Attorneys/ Paralegal | Hourly Rate | Hours | Lodestar | Bar Admission |
|---|---|---|---|---|
| Gillian L. Wade (Partner) | $795 | 55 | $43,725.00 | 2003 |
| Sara D. Avila | $680 | 120 | $81,600.00 | 2009 |

| | | | | |
|---|---|---|---|---|
| (Senior Associate) | | | | |
| Marc A. Castaneda (Associate) | $550 | 54.5 | $29,975.00 | 2014 |
| David Marin (Paralegal) | $195 | 20 | $3,90.00 | |
| **TOTALS** | | **249.5** | **$159,200.00** | |

52.     MJFW's time on *Thomas* was spent on the following categories of activities:

a.     I was involved in reviewing, revising and editing the original and amended complaints and reviewed and analyzed both of Costco's letter motions. I also worked on the response to Costco's second letter motion for a Pre Motion Conference regarding a planned motion to dismiss the First Amended Class Action Complaint under Fed. R. Civ. P. Rule 12(b)(6) and (12)(b)(1), which required the parties to address the issues that would be raised in a motion to dismiss (Judge Cogan denied the first letter motion before we had an opportunity to file a response). I took the lead on strategizing and preparing for the pre-Motion Conference. I also performed, reviewed and analyzed factual and legal research and regularly communicated with opposing counsel and co-counsel.

b.     Ms. Avila was also involved in drafting the complaints and responding to the letter motion. She also performed, reviewed and analyzed factual and legal research and communicated with opposing counsel and co-counsel. Ms. Avila also assisted with preparation for the Pre Motion Conference and worked on the motion for an extension of time regarding the schedule.

c.     Mr. Castaneda took the lead in drafting the original and amended complaints and responding to the letter motion. He also conducted, reviewed, and analyzed factual and legal research relating specifically to New York's General Business Law. He also extensively prepared for and appeared at the Pre Motion Conference and communicated with opposing counsel

and co-counsel.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.  Executed on October 31, 2022 in Los Angeles, California.

_____
Gillian L. Wade