GILLIAN L. WADE (State Bar No. 229124)
SARA D. AVILA (State Bar No. 263213)
MARC A. CASTANEDA (State Bar No. 299001)
Milstein, Jackson Fairchild & Wade, LLP
gwade@mjfwlaw.com
savila@mjfwlaw.com
mcastaneda@mjfwlaw.com
10990 Wilshire Blvd., 8th Floor
Los Angeles, CA 90024
Tel: (310) 396-9600
Fax: (310) 396-9635

JOEL OSTER (*admitted pro hac vice*)
Law Offices of Howard Rubenstein, P.A.
joel@joelosterlaw.com
22052 W. 66th St. #192
Shawnee, Kansas 66226

*Attorneys for Plaintiffs and the proposed Settlement Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT GILMORE, et al.,<br><br>                Plaintiffs,<br><br>        vs.<br><br>MONSANTO COMPANY,<br><br>                Defendant. | MDL No. 2741<br><br>Case No. 3:21-cv-08159<br><br>**DECLARATION OF JOEL OSTER IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF COSTS AND EXPENSES, AND INCENTIVE AWARDS FOR CLASS REPRESENTATIVES**<br><br>Date:    January 12, 2023<br>Time:    2:30<br>Place:   Via Zoom Webinar<br>Judge:   Hon. Vince G. Chhabria |

I, Joel Oster, declare as follows:

1. I am admitted to this court *pro hac vice* and admitted to the bar in Kansas, Missouri, and Florida. I am of counsel at the Law Offices of Howard Rubenstein, P.A. ("LOHR"). I am counsel of record for Plaintiffs Scott Gilmore, Julio Ezcurra, and James Weeks, and I was also appointed Class Counsel, along with counsel at Milstein Jackson Fairchild and Wade, LLP, by this Court as part of the Settlement in this Action. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, could and would competently testify thereto under oath.

2. This declaration is submitted in support of Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Costs and Expenses, and Incentive Awards for Class Representatives, filed concurrently herewith.

3. Unless otherwise specified, references to capitalized terms have the same meaning as ascribed in the Settlement Agreement and Release (the "Settlement"), which was attached to Corrected Declaration of Gillian L. Wade filed on February 16, 2022 ("Wade MPA Dec."). Dkt. No. 102-1.

4. On June 21, 2022 the Court granted preliminary approval of the proposed class action settlement. Dkt. 121 (the "Preliminary Approval Order").

5. I am counsel of record for the plaintiffs in the following Related Cases: *Ezcurra v. Monsanto*, No. 9:20-cv-80524 (S.D. Fla.) ("Ezcurra"), *Gilmore v. Monsanto*, No. 3:21-cv-08159 (N.D. Cal.) ("Gilmore" or "this Action"), *and Weeks v. Home Depot*, No. 2:19-cv-6780 (C.D. Cal.) ("Weeks v. Home Depot"). LOHW was also counsel for the plaintiffs in the following Related Cases while they were pending in Florida State Court: *Biddle v. Lowe's Home Centers LLC,* No. 50-2019-CC-011405 (Cty. Ct. 15th Cir. In and for Palm Beach Cty., Fla.)*, Gregorio et al v. Home Depot U.S.A., Inc.,* No. CACE-21- 002428 (Cty. Ct. 17th Cir. In and for Broward Cty., Fla.)*,*

*Lamerson v. Walmart Stores, Inc.,* No. 50-2019-CC-009139 (Cty. Ct. 15th Cir. In and for Palm Beach Cty., Fla.), *Morley v. Ace Hardware Corp.,* No. CONO-19-010648 (Cty. Ct. 17th Cir. In and for Broward Cty., Fla.), *Shelly v. Target Corp.,* No. 50-2019-CC-010718 (Cty. Ct. 15th Cir. In and for Palm Beach Cty., Fla.), and *Waters v. Home Depot,* No. 50-2019-CC-009140 (Cty. Ct. 15th Cir. In and for Palm Beach Cty., Fla.).

6. LOHWR assisted with the prosecution of the Related Cases listed in paragraph 5 and in this Action on a contingent basis with no guarantee of recovery. LOHWR, along with co-Class Counsel, incurred 100% of the risk in pursuing those cases. LOHWR advanced expenses with the understanding that we would be paid a reasonable fee for our work in the Related Cases and receive reimbursement for expenses only if successful. LOHWR also passed on other employment opportunities in order to devote the time and resources necessary to pursue these Related Cases.

7. I have extensive experience in appellate matters and complex litigation in federal courts. *See Galloway v. Town of Greece*, 572 U.S. 565 (2014), reversing 681 F.3d 20 (2d Cir. 2012), reversing 732 F. Supp.2d 195 (W.D.N.Y. 2010); *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 582 U.S. __ (2017), reversing 788 F.3d 779 (8th Cir. 2015), reversing 976 F.Supp.2d 1137 (W.D.Mo. 2013); *EEOC v. Hosanna-Tabor Evangelical Lutheran Church and School,* (E.D.Mi 2009); *Word of Life Church of El Paso v. State Farm Lloyds*, Case No. 18-50108 (5th Cir. Mar. 22, 2019); *Wigg v. Sioux Falls School District*, 382 F.3d 807 (8th Cir. 2004); *Roach v. Stouffer*, 560 F.3d 860 (8th Cir. 2009); *Green v. Haskell County Board of Commissioners*, 568 F.3d 784 (10th Cir. 2009); *Felix v. The City of Bloomfield, New Mexico*, 269 F.Supp.3d 1133 (D.N.M. 2014), *Adler v. Duval County Sch. Bd.,* 250 F.3d 1330 (11th Cir. 2001). Further details about my background and qualifications are set forth in paragraphs 11 through 13 of the Declaration of Joel

Oster in Support of Motion for Preliminary Approval of Class Action Settlement and for Certification of Class for Purposes of Settlement, which was filed in this Action on January 20, 2022. *See* Dkt. No. 14486-2.

8. I was involved in various aspects of *Ezcurra, Weeks*, and this Action, though the majority of my time was spent working on appellate issues. In particular, in *Ezcurra* and *Weeks v. Home Depot*, I was responsible for ensuring all of the filings and procedural actions complied with the Local Rules for the Eleventh and Ninth Circuits, respectively; took the lead on briefing the appeals; reviewing the district court records to ascertain best appellate strategies, researching the legal issues presented throughout the country in preparation for a circuit split if needed, communicated with the appellate courts; formatted and filed documents with the Eleventh and Ninth Circuits, organized and assembled the appendix, participated in mediation of the appellate issues in the Eleventh Circuit, and kept the court apprised of the status of the settlement and the efforts to get the settlement approved. In this Action, I reviewed the pleadings; performed legal research; assisted in drafting and editing the pleadings concerning possible appellate challenge, prepared for and attended mediation; worked with co-Class Counsel on matters related to the Settlement; reviewed and edited the drafts of the settlement agreement; and monitored the claims process.

9. LOHWR also handled the litigation in *Biddle, Ezcurra* (state case), *Fagundes, Gregorio, Lamerson, Morley, Shelly, Waters* while they were pending in Florida state court. LOHWR's work on these cases included communicating with the clients; performing investigative and factual research; drafting and reviewing the pleadings; and, communicating with defense counsel.

10. I am thoroughly familiar with the quality and quantity of work done in this case by attorneys and professionals at Law Offices of Howard Rubinstein, P.A.. I have endeavored to ensure there was no unnecessary work or duplication of effort.

11. I believe the work expended by LOHWR in this Action and the Related Cases listed in paragraph 5 was reasonable and necessary considering the amount of work required to litigate them. This work contributed to resolving this Action. There has been no unreasonable duplication of services for which LOHWR and my co-Class Counsel now seek compensation. In the situations in which two or more attorneys participated in any matter, the participation was reasonable because of the complexity of the issues involved and the time constraints which existed.

12. The following information regarding LOHWR's time and out-of-pocket expenses is taken from time and expense records prepared and maintained by the firm in the ordinary course of business. Time records were prepared by each attorney or paralegal working on the litigation. The expense records are prepared from receipts, invoices, expense vouchers, check records and other documents, and are an accurate record of the expenses. During the litigation of the Related Cases in which LOHWR was involved, I reviewed the payment of all out-of-pocket expenses. I also reviewed the printouts and backup documentation where necessary. The purpose of these reviews was to confirm the accuracy of the entries on the printouts as well as the reasonableness of the time and expenses committed to the Related Cases listed in paragraph 5.

13. LOHWR's time on *Lamerson, Shelly, Biddle, Moreley, Fagundes, Waters*, and *Gregorio* while they were pending in Florida State Court were inadvertently omitted from the summary of hours in the Wade MPA Dec., and have been added below. This results in an additional 24.1 hours of time spent by LOHWR's principal/founder, Howard W. Rubinstien, at the hourly rate of $750.00 for a total of $18,075.

14. The lodestar calculation is based on the firm's current billing rates.

15. The total number of hours I spent on *Weeks* as of October 26, 2022 was 84 hours.

The total lodestar for LOHWR on *Weeks* is $57,960.00.

| Attorney/ Paralegal | Hours | Rate | Lodestar | Bar Admission Year |
|---|---|---|---|---|
| Joel Oster | 84 | $690 | $57,960.00 | 1998 |
| TOTALS | 84 | | $57,960.00 | |

16. The total number of hours I spent on *Ezcurra* as of October 26, 2022 was 210 hours.

The total lodestar for LOHWR on *Ezcurra* is $144,900.00.

| Attorney/ Paralegal | Hours | Rate | Lodestar | Bar Admission Year |
|---|---|---|---|---|
| Joel Oster | 211 | $690 | $145,590.00 | 1998 |
| TOTALS | 211 | | $144,900.00 | |

17. The total number of hours I spent on this Action as of October 26, 2022 was 126 hours.

The total lodestar for LOHWR on this Action is $86,940.00.

| Attorney/ Paralegal | Hours | Rate | Lodestar | Bar Admission Year |
|---|---|---|---|---|
| Joel Oster | 126 | $690 | $86,940.00 | 1998 |
| TOTALS | 126 | | $86,940.00 | |

18. The total number of hours spent on *Biddle* by professional staff at the firm as of October 26, 2022 was 3.2 hours. The total lodestar for LOHWR on *Biddle* is $2,400.

| Attorney/ Paralegal | Hours | Rate | Lodestar | Bar Admission Year |
|---|---|---|---|---|
| Howard W. Rubinstein | 3.2 | $750 | $2,400 | 1978 |

| Attorney/ Paralegal | Hours | Rate | Lodestar | Bar Admission Year |
|---|---|---|---|---|
| (Partner) | | | | |
| **TOTALS** | 3.2 | | $2,400 | |

19. The total number of hours spent on *Ezcurra* during the state court proceedings by professional staff at the firm as of October 26, 2022 was 2.3 hours. The total lodestar for LOHWR on *Ezcurra* is 1,725.

| Attorney/ Paralegal | Hours | Rate | Lodestar | Bar Admission Year |
|---|---|---|---|---|
| Howard W. Rubinstein (Partner) | 2.3 | $750 | $1,725 | 1978 |
| **TOTALS** | 2.3 | | $1,725 | |

20. The total number of hours spent on *Fagundes* by professional staff at the firm as of October 26, 2022 was 3.3 hours. The total lodestar for LOHWR on *Fagundes* is $2,475.

| Attorney/ Paralegal | Hours | Rate | Lodestar | Bar Admission Year |
|---|---|---|---|---|
| Howard W. Rubinstein (Partner) | 3.3 | $750 | $2,475 | 1978 |
| **TOTALS** | 3.3 | | $2,475 | |

21. The total number of hours spent on *Gregorio* by professional staff at the firm as of October 26, 2022 was 2.1 hours. The total lodestar for LOHWR on *Gregorio* is $1,575.

| Attorney/ Paralegal | Hours | Rate | Lodestar | Bar Admission Year |
|---|---|---|---|---|
| Howard W. Rubinstein (Partner) | 2.1 | $750 | $1,575 | 1978 |
| **TOTALS** | 2.1 | | $1,575 | |

22. The total number of hours spent on *Lamerson* by professional staff at the firm as of October 26, 2022 was 2.4 hours. The total lodestar for LOHWR on *Lamerson* is $1,800.

| Attorney/ Paralegal | Hours | Rate | Lodestar | Bar Admission Year |
|---|---|---|---|---|
| Howard W. Rubinstein (Partner) | 2.4 | $750 | $1,800 | 1978 |
| TOTALS | 2.4 | | $1,800 | |

23. The total number of hours spent on *Morley* by professional staff at the firm as of October 26, 2022 was 3.2 hours. The total lodestar for LOHWR on *Morley* is $2,400.

| Attorney/ Paralegal | Hours | Rate | Lodestar | Bar Admission Year |
|---|---|---|---|---|
| Howard W. Rubinstein (Partner) | 3.2 | $750 | $2,400 | 1978 |
| TOTALS | 3.2 | | $2,400 | |

24. The total number of hours spent on *Shelly* by professional staff at the firm as of October 26, 2022 was 3.4 hours. The total lodestar for LOHWR on *Shelly* is $2,550.

| Attorney/ Paralegal | Hours | Rate | Lodestar | Bar Admission Year |
|---|---|---|---|---|
| Howard W. Rubinstein (Partner) | 3.4 | $750 | $2,550 | 1978 |
| TOTALS | | | $2,550 | |

25. The total number of hours spent on *Waters* by professional staff at the firm as of October 26, 2022 was 4.2 hours. The total lodestar for LOHWR on *Waters* is $3,150.

| Attorney/ Paralegal | Hours | Rate | Lodestar | Bar Admission Year |
|---|---|---|---|---|
| Howard W. Rubinstein (Partner) | 4.2 | $750 | $3,150 | 1978 |
| TOTALS | 4.2 | | $3,150 | |

26. LOHWR's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately, and such charges are not duplicated in LOHWR's billing rates. Expenses incurred by Class Counsel are detailed in the concurrently-filed declaration of co-Class Counsel, Gillian Wade.

27. Below is an itemized listing of the out-of-pocket expense the firm incurred in *Biddle v. Lowe's Home Centers LLC*:

| Expense Category | Total |
| --- | --- |
| Court Filing Fees | $310.00 |
|  |  |
| **TOTAL** | **$310.00** |

28. Below is an itemized listing of the out-of-pocket expense my firm incurred in the *Ezcurra v. Monsanto* (Florida State Case):

| Expense Category | Total |
| --- | --- |
| Court Filing Fees | $431.00 |
|  |  |
| **TOTAL** | **$431.00** |

29. Below is an itemized listing of the out-of-pocket expense my firm incurred in *Fagundes v. The Home Depot*:

| Expense Category | Total |
| --- | --- |
| Court Filing Fees | $411.00 |
|  |  |
| **TOTAL** | **$411.00** |

30. The Wade MPA Declaration stated that the costs incurred in *Gregorio et al v. Home Depot U.S.A., Inc.* were $822. However, upon review it appears that there was an inadvertent duplication, and the correct itemized listing of the out-of-pocket expense the firm incurred in that case is reflected below:

| Expense Category | Total |
|---|---|
| Court Filing Fees | $411.00 |
|  |  |
| **TOTAL** | **$411.00** |

31.     Below is an itemized listing of the out-of-pocket expense the firm incurred in *Lamerson v. Walmart Stores, Inc.*:

| Expense Category | Total |
|---|---|
| Court Fees | $310.00 |
|  |  |
| **TOTAL** | **$310.00** |

32.     The Wade MPA Declaration stated that the costs incurred in *Morley v. Ace Hardware Corp* were $620. However, upon review it appears that there was an inadvertent duplication, and the correct itemized listing of the out-of-pocket expense the firm incurred in that case is reflected below:

| Expense Category | Total |
|---|---|
| Court Fees | $310.00 |
|  |  |
| **TOTAL** | **$310.00** |

33.     Below is an itemized listing of the out-of-pocket expense the firm incurred in *Shelly v. Target Corp.*:

| Expense Category | Total |
|---|---|
| Court Fees | $310.00 |
|  |  |
| **TOTAL** | **$310.00** |

34.     Below is an itemized listing of the out-of-pocket expense the firm incurred in *Waters v. Home Depot*:

| Expense Category | Total |
|---|---|
| Court Fees | $310.00 |
|  |  |
| **TOTAL** | **$310.00** |

I declare under penalty of perjury under the laws of the United States and the State of Kansas that the foregoing is true and correct.  Executed on October 27, 2022 in Shawnee, Kansas

_____
Joel Oster