GILLIAN L. WADE (State Bar No. 229124)
SARA D. AVILA (State Bar No. 263213)
MARC A. CASTANEDA (State Bar No. 299001)
Milstein, Jackson Fairchild & Wade, LLP
gwade@mjfwlaw.com
savila@mjfwlaw.com
mcastaneda@mjfwlaw.com
10990 Wilshire Blvd., 8th Floor
Los Angeles, CA 90024
Tel: (310) 396-9600
Fax: (310) 396-9635

JOEL OSTER (*admitted pro hac vice*)
Law Offices of Howard Rubenstein, P.A.
joel@joelosterlaw.com
22052 W. 66th St. #192
Shawnee, Kansas 66226

*Attorneys for Plaintiffs and the proposed Settlement Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT GILMORE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> MONSANTO COMPANY, <br><br> Defendant. | MDL No. 2741 <br><br> Case No. 3:21-cv-08159 <br><br> **DECLARATION OF M. RYAN CASEY IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF COSTS AND EXPENSES, AND INCENTIVE AWARDS FOR CLASS REPRESENTATIVES** <br><br> Date: January 12, 2023 <br> Time: 2:30 <br> Place: Via Zoom Webinar <br> Judge: Hon. Vince G. Chhabria |

I, Ryan Casey, declare as follows:

1.   I am admitted to the bars of Colorado, Louisiana, and Oregon, and am a founding partner at The Casey Law Firm, LLC, and counsel for Plaintiff Scott Gilmore. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, could and would competently testify thereto under oath.

2.   This declaration is submitted in support of Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Costs and Expenses, and Incentive Awards for Class Representatives, filed concurrently herewith.

3.   Unless otherwise specified, references to capitalized terms have the same meaning as ascribed in the Settlement Agreement and Release (the "Settlement"), which was attached to Corrected Declaration of Gillian L. Wade filed on February 16, 2022 ("Wade Dec."). Dkt. No. 102-1.

4.   On June 21, 2022 the Court granted preliminary approval of the proposed class action settlement. Dkt. 121 (the "Preliminary Approval Order").

5.   I am counsel of record for Plaintiff Scott Gilmore in the following Related Cases: *Gilmore v. Monsanto*, No. 3:19-cv-1123 (D. Or.).

6.   My firm assisted with the prosecution of the Related Case listed in paragraph 5, and has continued to assist with the prosecution of Mr. Gilmore's claims in this Action on a contingent basis with no guarantee of recovery. My firm, along with Class Counsel, incurred 100% of the risk in pursuing those cases. My firm advanced expenses with the understanding that we would be paid a reasonable fee for our work in the Related Cases and receive reimbursement for expenses only if successful. My firm also passed on other employment opportunities in order to devote the time and resources necessary to pursue these Related Cases.

7.      My background and qualifications are set forth in the Firm Resume, which is attached hereto as **Exhibit 1**.

8.      Since May 2019, my firm has been involved in various aspects of this Action and the related *Gilmore v. Monsanto* action that was filed in District of Oregon, and subsequently re-filed in the District of Delaware and transferred to the instant court.

9.      As counsel for Mr. Gilmore in the District of Oregon action, I communicated with the client, performed legal research regarding Oregon's Unfair Trade Practices Act, assisted with drafting the Complaint, reviewed and analyzed Monsanto's motion to dismiss, and performed factual and legal research in response to same. I also served as local counsel in that case, assisting Class Counsel with local issues, communicating with local defense counsel, and was responsible for ensuring all of Plaintiff's pleadings, filings, and procedural actions complied with the Local Rules for the District Court of Oregon.

10.     Starting in July 2020, I took on a more active role in this Action and other related actions. In the *Ezcurra* Related Action, I was asked to perform legal research with respect to Monsanto's motion to dismiss and issues relating to class certification. I also assisted in the drafting of a putative motion for class certification as part of that research.

11.     With respect to this Action, I assisted with drafting the Complaint filed in the District of Delaware, legal research related to same, and factual research relating to jurisdiction. After the motion to dismiss the amended complaint was filed, I performed legal research related to same and assisted with the drafting of the opposition brief. While Ms. Avila, one of the attorneys appointed as Class Counsel, was on maternity leave starting in July 2021, I also performed legal research and assisted with drafting with respect to motions for preliminary approval (in Delaware and in this Court and in this Court), motions to intervene (in Delaware and in this Court), the

motion to transfer to the instant Court, and objectors' motion for discovery. I also reviewed the Settlement Agreement, had discussions regarding the settlement terms with Class Counsel, and continued to communicate with Mr. Gilmore throughout the process.

12. I also performed legal research and assisted with drafting Plaintiffs' fee application – though this time is *not* included in my firm's lodestar.

13. I believe the work expended by my firm in this litigation was reasonable and necessary considering the amount of work required to litigate this and the Related Action listed in paragraph 5. This work contributed to resolving this Action.

14. The following information regarding my time and my firm's out-of-pocket expenses is taken from time and expense records prepared and maintained by the firm in the ordinary course of business. Time records were prepared by each attorney or paralegal working on the litigation. The expense records are prepared from receipts, invoices, expense vouchers, check records and other documents, and are an accurate record of the expenses. Throughout the litigation of the Related Cases in which my firm was involved, I reviewed and approved for payment all out-of-pocket expenses. I also reviewed the printouts and backup documentation where necessary. The purpose of these reviews was to confirm the accuracy of the entries on the printouts as well as the reasonableness of the time and expenses committed to the Related Case and this Action.

15. The lodestar calculation is based on the firm's current billing rates. The most recent approval of my hourly rate was $550, which was based on my firm's 2020 hourly rate which I adjusted downward for the Western District of Missouri. *See In re: Dollar General Corp. Motor Oil Mktg. & Sales Prac. Litig.*, MDL No. 2709 at ECF No. 265-2 (W.D Mo. filed 4/26/21) and ECF. No. 277 (W.D. Mo. filed 6/22/21) (finding hourly rate requested to be reasonable).

16. The total number of hours spent by myself on this matter as of October 25, 2022 was 469.7 hours (excluding hours spent on the fee application). Applying the hourly rate of $700, the total lodestar is $328,790.

17. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately, and such charges are not duplicated in my firm's billing rates.

18. As detailed below, my firm has incurred a total of $3358.46 in unreimbursed expenses in connection with the prosecution of this Action and the Related Cases described above from inception through October 25, 2022. The expenses incurred in those cases are reflected in the books and records of my firm. These books and records are prepared from expense vouchers, receipts, invoices, check records, and other source materials and are an accurate record of the expenses incurred.

19. Below is an itemized listing of each out-of-pocket expense my firm incurred in the Action:

| **Expense Category** | **Total** |
|---|---|
| Filing / Service of Process fees | $550 |
| Printing Costs ($0.25 / page) | $424 |
| Legal Research (Westlaw) / PACER | $2384.46 |
| **TOTAL** | **$3358.46** |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on October 25, 2022.

_____
M. Ryan Casey

**EXHIBIT 1**

# THE CASEY LAW FIRM LLC

PO Box 4577                                                                                              (970) 372-6509
Frisco, CO 80443                                                                                     (970) 372-6482 FAX

## FIRM BIOGRAPHY

The Casey Law Firm, LLC is a multi-faceted civil litigation firm headquartered in Frisco, Colorado that litigates on behalf of consumers. Founded in 2016, the firm quickly developed a national practice in the areas of class actions and complex litigation. The firm litigates cases throughout the country, in both federal and state courts, and prides itself in providing personal and professional service.

## RYAN CASEY

Ryan Casey has more than 16 years of experience representing plaintiffs in the areas of consumer protection, class actions, complex litigation and insurance coverage litigation. Prior to founding the Casey Law Firm, Mr. Casey was Of Counsel to a boutique Miami litigation firm since 2011. Before that, he was an associate at an established New Orleans firm well-known for its successful representation of plaintiffs in national complex litigation and class actions. He has participated in leadership positions in numerous MDLs since beginning his career.

Mr. Casey is licensed in Colorado, Louisiana and Oregon. His national practice has led to his admission *pro hac vice* in numerous other federal or state courts, including those in Alabama, California, Connecticut, Florida, Georgia, Illinois, Maryland, Mississippi, Missouri, Pennsylvania, Texas, and New York.

Mr. Casey has authored numerous scholarly or litigation practice articles, including *What we learned from Katrina*, TRIAL MAG. at 39-43 (Oct. 2009); *Interpreting and Pleading under CAFA: A Practical Guide*, BNA CLASS ACTION LITIG. REP., Vol. 9, No. 17 (Sep. 2008); *Daubert and the Disappearing Jury Trial*, 69 PITT. L. REV. 281 (2008); *Consumer Class Actions after CAFA*, 56 DRAKE L. REV. 303 (2008), *Katrina Litigation: Defense Strategy and Implementation*, 14 A.A.J. SEC. CONNECTION (2008); *Class Actions Practice in the Wake of CAFA*, ABA SECTION OF LITIG.: CLASS ACTIONS TODAY (2008); and *Boomerang Litigation: How Convenient is Forum Non Conveniens in Transnational Litigation?*, 4 B.Y.U. INT'L. LAW & MGMT. REV. 4 (2007).

Mr. Casey graduated from the University of Oregon School of Law in 2006 and from the College of William & Mary (B.A., Philosophy) in 2000. In 2001-2002, he served in the U.S. Peace Corps in Penza, Russia. While in law school, Mr. Casey clerked for various international environmental advocacy groups, living and working in Moscow, Russia and Mérida, Venezuela.

## **REPRESENTATIVE CASES AND LEADERSHIP POSITIONS**

### *Clinger et al. v. Edgewell Personal Care Brands, LLC*, No. 21-1040 (D. Conn.)

The firm currently represents a putative national class of consumers who purchased 'Banana Boat' sunscreen products from defendants, alleging the products unlawfully contained the carcinogen benzene. The defendant's motion to dismiss is currently pending.

### *In re: Dollar General Corp. Motor Oil Mktg. & Sales Prac. Litig.*, MDL No. 2709

The firm served as part of a litigation team representing a class of consumers who purchased obsolete motor oil from Dollar General stores across the country. The plaintiffs sought injunctive relief and damages under various state laws prohibiting deceptive and unfair trade practices. The case was settled in 2021 on a nationwide basis.

### *Opalka et al. v. Amalie Oil Co..*, No. 18-40605 (Fla. 11th Jud. Cir.)

The firm served as co-lead counsel representing a class of consumers who purchased obsolete motor oil from Amalie Oil Company throughout the country. The plaintiffs sought injunctive relief and damages under Florida's Deceptive and Unfair Trade Practices statute. The case was settled in 2020 on a nationwide basis.

### *Barba et al. v. Shire U.S., Inc. et al.*, No. 13-21158 (S.D. Fla.)

Mr. Casey served as co-lead counsel representing a putative class of indirect purchasers of Adderall XR, a popular prescription drug used to treat attention deficit hyperactivity disorder. Plaintiffs alleged that the manufacturer of this drug, through various contrivances, illegally extended its monopoly and deprived consumers of less expensive generic substitutes. The case was settled on a nationwide basis.

### *Smith et al. v. Intuit, Inc.*, No. 12-222 (N.D. Cal.)

Mr. Casey served as co-lead counsel representing a national class of consumers who filed their taxes using TurboTax Online and paid their software fees by having it deducted from their refund (for an additional fee). Plaintiffs alleged that Intuit failed to properly disclose the additional fee, violating various California consumer protection and tax refund lending laws. The case settled on a nationwide basis.

### *In re: Budeprion XL Sales and Marketing Litig.*, MDL No. 2107

Mr. Casey's former firm was one of many that filed suit against the manufacturers of Budeprion XL, a popular generic formulation of the anti-depressant Wellbutrin XL, alleging that the product lacked efficacy for the treatment of depression. The case was eventually centralized in the Eastern District of Pennsylvania, where it was successfully settled on behalf of a national class of consumers. Mr. Casey served as co-chair of the fact discovery committee in the MDL.

*Paul v. Wine.com, Inc.*, **No. 13-534734 (Cal. Sup. Ct.)**

Mr. Casey served as co-lead counsel representing a certified national class of Wine.com customers alleging violations of California's Unfair Competition Law. The lawsuit alleged that Wine.com misrepresented the nature of its 'free shipping' membership options, and unlawfully 'auto-renewed' Class members after their membership expired. The case was settled on a nationwide basis.