GILLIAN L. WADE (State Bar No. 229124)
SARA D. AVILA (State Bar No. 263213)
MARC A. CASTANEDA (State Bar No. 299001)
Milstein, Jackson Fairchild & Wade, LLP
gwade@mjfwlaw.com
savila@mjfwlaw.com
mcastaneda@mjfwlaw.com
10990 Wilshire Blvd., 8th Floor
Los Angeles, CA 90024
Tel: (310) 396-9600
Fax: (310) 396-9635

JOEL OSTER (*admitted pro hac vice*)
Law Offices of Howard Rubenstein, P.A.
joel@joelosterlaw.com
22052 W. 66th St. #192
Shawnee, Kansas 66226

*Attorneys for Plaintiffs and the proposed Settlement Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT GILMORE, et al., <br><br>   Plaintiffs, <br><br> vs. <br><br> MONSANTO COMPANY, <br><br>   Defendant. | MDL No. 2741 <br><br> Case No. 3:21-cv-08159 <br><br> **DECLARATION OF SPENCER I. SHEEHAN IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF COSTS AND EXPENSES, AND INCENTIVE AWARDS FOR CLASS REPRESENTATIVES** <br><br> Date:   January 12, 2023 <br> Time:   2:30 <br> Place:  Via Zoom Webinar <br> Judge:  Hon. Vince G. Chhabria |

I, Spencer I. Sheehan, declare as follows:

1. I am admitted to the New York State Bar and am an attorney at Sheehan & Associates, P.C., and counsel of record for Plaintiffs Sherry Hanna, Paul Taylor, and Kristy Williams. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, could and would competently testify thereto under oath.

2. This declaration is submitted in support of Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Costs and Expenses, and Incentive Awards for Class Representatives, filed concurrently herewith.

3. Unless otherwise specified, references to capitalized terms have the same meaning as ascribed in the Settlement Agreement and Release (the "Settlement"), which was attached to Corrected Declaration of Gillian L. Wade filed on February 16, 2022 ("Wade Dec."). Dkt. No. 102-1.

4. On June 21, 2022 the Court granted preliminary approval of the proposed class action settlement. Dkt. 121 (the "Preliminary Approval Order").

5. I am counsel of record for the plaintiffs in the following Related Cases: *Thomas v. Costco Wholesale Corporation,* No. Case No. 1:19-cv- 05278 (E.D. New York) ("*Thomas*"); *Hanna, et al. v. Walmart Inc.*, No. 5:20-cv-01075 (C.D. Cal.) ("*Hanna*"); *Taylor et al v. Costco Wholesale Corp.* No. 20-cv-00655 (E.D. Cal.) ("*Taylor*") and, *Williams, et al. v. Lowe's Home Centers, LLC*, No. 5:20-cv-01356 (C.D. Cal.) ("*Williams*").

6. My firm assisted with the prosecution of the Related Cases listed in paragraph 5 above on a contingent basis with no guarantee of recovery. My firm, along with Class Counsel, incurred 100% of the risk in pursuing those cases. My firm advanced expenses with the understanding that we would be paid a reasonable fee for our work in the Related Cases and receive

reimbursement for expenses only if successful. My firm also passed on other employment opportunities in order to devote the time and resources necessary to pursue these Related Cases.

7. I was admitted to the New York bar in 2012, and focus my practice on civil litigation, particularly cases involving consumer protection. My background and qualifications are set forth in the Firm Resume, which is attached hereto as **Exhibit 1**.

8. My firm was involved in the initial stages of the Related Cases listed in paragraph 5 above. My work in these cases included communicating with the clients; reviewing and editing the pleadings; communicating with Class Counsel regarding case strategy. I also prepared for and attended the initial status conference and motion to dismiss hearing in *Thomas*.

9. I am thoroughly familiar with the quality and quantity of work done in this case at Sheehan & Associates, P.C., as I am the only individual who worked on this case from my firm. I have endeavored to ensure there was no unnecessary work or duplication of effort.

10. I believe the work expended by my firm in this litigation was reasonable and necessary considering the amount of work required to litigate the Related Actions listed in paragraph 5 above. This work contributed to resolving this Action.

11. The lodestar calculation is based on my billing rate at the time the hours were incurred, which was $350 per hour. My hourly rate has since increased.

12. The professional staff at my firm spent a total of 60 hours on *Thomas, Hanna, Taylor,* and *Williams*. The total lodestar for these cases is $21,000. A breakdown of the lodestar in each case is provided below.

13. The total number of billable hours I spent on *Thomas* as of October 26, 2022 was 46 hours. The total lodestar for my firm in *Thomas* is $16,100. My hours for this case were previously reported to be higher, but they were incorrect when I submitted them to Class Counsel

at the time of preliminary approval in this Action. This was an inadvertent mistake, and my correct lodestar is reflected below and results in a reduction of the total lodestar.

| Attorney/ Paralegal | Hours | Rate | Lodestar | Bar Admission Year |
|---|---|---|---|---|
| Spencer I. Sheehan (Partner) | 46 | $350 | $16,100 | 2012 |
| TOTALS | 46 | $350 | $16,100 | |

14. The total number of hours I spent on as of October 26, 2022 was 5 hours. The total lodestar for my firm in *Hanna* is $1,750.

| Attorney/ Paralegal | Hours | Rate | Lodestar | Bar Admission Year |
|---|---|---|---|---|
| Spencer I. Sheehan (Partner) | 5 | $350 | $1750 | 2012 |
| TOTALS | 5 | $350 | $1750 | |

15. The total number of hours I spent on *Taylor* by professional staff at my firm as of October 26, 2022 was 5 hours. The total lodestar for my firm in *Taylor* is $1,750.

| Attorney/ Paralegal | Hours | Rate | Lodestar | Bar Admission Year |
|---|---|---|---|---|
| Spencer I. Sheehan (Partner) | 5 | $350 | $1750 | 2012 |
| TOTALS | 5 | $350 | $1750 | |

16. The total number of hours I spent on *Williams* as of October 26, 2022 was 4 hours. The total lodestar for my firm in *Williams* is $1,400.

| Attorney/ Paralegal | Hours | Rate | Lodestar | Bar Admission Year |
|---|---|---|---|---|
| Spencer I. Sheehan (Partner) | 4 | $350 | $1400 | 2012 |
| TOTALS | 4 | $350 | $1400 | |

17. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately, and such charges are not duplicated in my firm's billing rates. I am not seeking reimbursement of any expenses in the actions listed in paragraph 5 above.

I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct. Executed on October 26, 2022 in Great Neck, NY.

_____
Spencer I. Sheehan

**EXHIBIT 1**

<u>Sheehan & Associates, P.C.</u>

**Spencer Sheehan**

Mr. Sheehan represents parties in a range of false advertising litigation. After Mr. Sheehan became an attorney in late 2011, he worked on behalf of municipalities and local government agencies in legal disputes. Following this experience, Mr. Sheehan worked for a plaintiff's law firm representing individuals subjected to violations of state and federal laws related to minimum wage, workplace safety and discrimination.

Of notable actions by Mr. Sheehan on behalf of consumers includes, *Liberski, et al v. Rhapsody International Inc.*, San Francisco County, California Superior Court, Case No. CGC-12-517061. In 2014, the parties reached a class wide settlement ("Rhapsody Subscriber Litigation Settlement"). Mr. Sheehan, with the California firm of Bramson, Plutzik, Mahler & Birkhaeuser, LLP, were appointed as lead counsel.

Mr. Sheehan was appointed lead counsel with the law firms of Reese LLP and Aegis Law Firm, P.C., in *Cicciarella v. Califia Farms, LLC*, 7:19-cv-08785-CS, S.D.N.Y. in summer 2020. The Court approved a nationwide settlement which resolved the underlying federal action and a California state case. It was alleged that defendant mislabeled its non-dairy milk alternative products with respect to flavoring (vanilla, hazelnut, etc.) and the presence of carrageenan. The class wide settlement resulted in individual consumers being able to receive up to $15 in monetary compensation.

Mr. Sheehan was appointed to the executive committee along with the law firm Held & Hines LLP, in *Chung v. Illuminate Education, Inc.*, 8:22-cv-01547-JWH-DFM, C.D. Cal. in September 2022. Defendant is alleged to have negligently failed to safeguard the confidential information of millions of students. The litigation is still on going.

In December 2016, Mr. Sheehan began focusing his practice exclusively on consumer advertising issues. He has been on the forefront of food labeling cases based on original, significant claims.

For instance, Mr. Sheehan was the first attorney to address "raw" juice products which were alleged to be treated with a non-thermal technology which had substantially the same effects as traditional thermal pasteurization. *See e.g. Campbell v. Freshbev LLC*, Case No. 1:16-cv-07119 (E.D.N.Y.), *Campbell v. Freshbev LLC*, 322 F. Supp. 3d 330, 342 (E.D.N.Y. 2018) ("Therefore, plaintiff has successfully pleaded his GBL §§ 349 and 350 claims with respect to the 'unpasteurized' label on the Cranberry juice."). These cases attempted to apply the applicable law to the effects of novel technologies which were not considered at the time the FDA enacted regulations in this area.

Mr. Sheehan's pro bono work includes representing people with exotic or non-traditional animal companions. This includes his efforts, with local Florida counsel, on behalf of a Floridian who came to possess an alligator over six feet in length, alleged to be in violation of Florida's wildlife laws. Mr. Sheehan's efforts contributed to resolution of that issue and allowed the woman and gator to remain together. *See* John Breslin, [Lakeland woman keeps alligator, thanks to efforts of lawyer tied to subway shooter's squirrel eviction case](), Florida Record, January 4, 2017.

Mr. Sheehan holds a Bachelor of Science Degree from Georgetown University in Foreign Service (2002) and a Master's Degree in International Relations from the School of Advanced

International Studies (SAIS), Johns Hopkins University (2006). Mr. Sheehan obtained a Juris Doctorate from Fordham University School of Law (2010). Mr. Sheehan also was a member of the United States Marine Corps as a Reservist.

**Angele Aaron**

Angele is one of the first associate attorneys of Sheehan and Associates, P.C. with a long history in real estate, civil litigation, and employment law. She has spent the last two decades handling residential and commercial real estate closings in Great Neck, New York. While admitted in New York since 1995, Angele's education stems from her time in England. Angele graduated from the University of Westminster with a Bachelor of Law Degree and received a Master of Law Degree from the University College of London in International Law.

**Theodore Hillebrand**

Theodore is an associate attorney of Sheehan and Associates, P.C. with a background in financial litigation and personal injury. Under the guidance of Mr. Sheehan, Theodore has worked on numerous actions and has developed an expertise on arbitration matters. Theodore is a member of the New York Bar and is admitted to practice before the United States District Courts for the Eastern, Southern, and Northern Districts of New York. Theodore graduated from Queens College with a Bachelor of Arts Degree and received his Juris Doctor from Hofstra University.

**Katherine Lalor**

Katherine is an associate attorney of Sheehan and Associates, P.C. who has had years of experience in foreclosure, trust and estates, and no-fault insurance law. Katherine has had a few publications in law journals during her time assisting homeowners facing foreclosure and has since then been focusing on assisting consumers facing misleading advertising. Katherine is a member of the New York Bar and Nassau County Bar. Katherine graduated from St. John's University with a Bachelor of Science Degree and received her Juris Doctor from Touro Law Center.