GILLIAN L. WADE (State Bar No. 229124)
SARA D. AVILA (State Bar No. 263213)
MARC A. CASTANEDA (State Bar No. 299001)
Milstein, Jackson Fairchild & Wade, LLP
gwade@mjfwlaw.com
savila@mjfwlaw.com
mcastaneda@mjfwlaw.com
10990 Wilshire Blvd., 8th Floor
Los Angeles, CA 90024
Tel: (310) 396-9600
Fax: (310) 396-9635

JOEL OSTER (*admitted pro hac vice*)
Law Offices of Howard Rubenstein, P.A.
joel@joelosterlaw.com
22052 W. 66th St. #192
Shawnee, Kansas 66226

*Attorneys for Plaintiffs and the proposed Settlement Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT GILMORE, et al., | MDL No. 2741 |
| Plaintiffs, | Case No. 3:21-cv-08159 |
| vs. | **DECLARATION OF STEVE HARRELSON IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF COSTS AND EXPENSES, AND INCENTIVE AWARDS FOR CLASS REPRESENTATIVES** |
| MONSANTO COMPANY, | |
| Defendant. | |
| | Date: January 12, 2023<br>Time: 2:30<br>Place: Via Zoom Webinar<br>Judge: Hon. Vince G. Chhabria |

I, Steve Harrelson, declare as follows:

1. I am licensed to practice law in Arkansas, Texas and Louisiana, and am a founding partner at Harrelson Law Firm ("HLF") and counsel for plaintiffs Anthony Jewell and Amanda Boyette. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, could and would competently testify thereto under oath.

2. This declaration is submitted in support of Plaintiff's Motion for an Award of Attorneys' Fees, Reimbursement of Costs and Expenses, and Incentive Awards for Class Representatives, filed concurrently herewith.

3. Unless otherwise specified, references to capitalized terms have the same meaning as ascribed in the Settlement Agreement and Release (the "Settlement"), which was attached to the Declaration of Gillian L. Wade ("Wade Decl.") filed on January 20, 2022. Dkt. No. 94-1 at pages 18-105.

4. On June 21, 2022 the Court granted preliminary approval of the proposed class action settlement. Dkt. 121 (the "Preliminary Approval Order").

5. I am counsel of record for Plaintiffs Anthony Jewell and Amanda Boyette in the following Related Cases: *Jewell v. Walmart Inc.,* No. 4:19-cv-4088 (W.D. Ark.) ("*Jewell*") and Boyette v. Lowe's Companies, Inc. No. 4:19-cv-04119 (W.D. Ark.) ("*Boyette*").

6. My firm assisted with the prosecution of *Jewell* and *Boyette* on a contingent basis with no guarantee of recovery. My firm, along with Class Counsel, incurred 100% of the risk in pursuing those cases. My firm advanced expenses with the understanding that we would be paid a reasonable fee for our work in *Jewell* and *Boyette* and receive reimbursement for expenses only if successful. My firm also passed on other employment opportunities in order to devote the time and resources necessary to pursue these cases.

- 3 -

7. I have been practicing law for more than 22 years, and I focus on civil litigation in state and federal courts in Arkansas, Texas, Mississippi, Tennessee, and Louisiana. In addition to my law practice, I served in the state legislature in Arkansas from 2005 through 2012. I served as House Majority Leader and chaired the House Judiciary Committee before serving in the Arkansas Senate. My practice includes extensive work in Multi-District Panel Litigation, including matters all over the country in a wide array of litigation.

8. As counsel for Ms. Boyette and Mr. Jewell in the Western District of Arkansas, I communicated with the clients, performed factual and legal research, assisted with drafting the pleadings, reviewed and analyzed Walmart's motion to dismiss in *Jewell*, and performed factual and legal research in response to same. I also assisted co-counsel with local issues, communicated with local defense counsel, and was responsible for ensuring all of Plaintiff's pleadings, filings, and procedural actions complied with the Local Rules for the Western District Court of Arkansas.

9. I believe the work I expended in this litigation was reasonable and necessary considering the amount of work required to litigate this and the Related Action listed in paragraph 5. This work contributed to resolving this Action. There was no unreasonable duplication of services for which my firm now seeks compensation. In the situations in which two or more attorneys participated in any matter, the participation was reasonable because of the complexity of the issues involved and the time constrains which existed.

10. The following information regarding my time is taken from time and expense records prepared and maintained by my firm in the ordinary course of business. I prepared my time records. I was admitted to the Arkansas bar in 2000 and my current hourly billing rate is $500 per hour.

11. The total number of hours I spent on *Boyette* as of October 29, 2022 was 97.5 hours, and my total lodestar for that case is $48,750.00.

12. The total amount of out of pocket expenses I incurred in *Boyette* as of October 29, 2022 was $400.00 (filing fee).

13. The total number of hours I spent on *Jewell* as of October 29, 2022 was 162.8 hours, and my total lodestar for that case is $81,400.00.

14. The total amount of out of pocket expenses I incurred in *Jewell* as of October 29, 2022 was $400.00 (filing fee).

15. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately, and such charges are not duplicated in my firm's billing rates.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on October 29, 2022.

_____
Steve Harrelson