UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *Gilmore v. Monsanto Company*, Case No. 20-1085-MN | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF COSTS AND EXPENSES, AND <u>INCENTIVE AWARDS FOR CLASS REPRESENTATIVES</u>**

This matter comes before the Court on Plaintiffs' Scott Gilmore, Julio Ezcurra, James Weeks, Amanda Boyette, Anthony Jewell, Paul Taylor, Sherry Hanna, and Kristy Williams' ("Plaintiffs" or "Class Representatives") Motion for an Award of Attorneys' Fees, Reimbursement of Costs and Expenses, and Incentive Awards for Class Representatives (ECF No. _____) (the "Motion"). The Court has reviewed the Motion and the supporting papers and after hearing argument about the Motion on January 23, 2023. Plaintiffs' Motion is hereby GRANTED, and the Court ORDERS the following:

1.      This Order incorporates by reference the definitions in the Second Amended Class Action Settlement Agreement (ECF No. 14486-1 at 18, *et seq.*) (the "Settlement"). All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Settlement.

2.      The Court has jurisdiction over the subject matter of this litigation and over all parties to this Action and Related Actions, including the members of the Settlement Class, and retains exclusive jurisdiction to consider all further matters arising out of or connected with the Settlement.

3.      Notice of Class Counsel's Motion was given to Settlement Class Members pursuant to the Notice Plan provided at ECF No. 14486-4. The form and method of notifying the Settlement Class of Class Counsel's Motion satisfied the requirements of Fed. R. Civ. P. 23 and this Court's Procedural Guidance for Class Action Settlements.

## Attorneys' Fees

4.      Class Counsel is hereby awarded $11,250,000 in attorneys' fees (or "Class Counsel Fees" as that term is used in the Settlement).

5.      Class Counsel shall be paid all but 10% of its award of attorneys' fees, which hold-back percentage the Court finds to be appropriate for this case. With its filing of the Post-Distribution Accounting, Class Counsel will submit a proposed order to the Court requesting the release of the remainder of its fee award.

6.      In assessing the Motion, the Court in its discretion applies the percentage-of-the-fund method to award Class Counsel's Fees, which achieves a reasonable result.

7.      $11,250,000 in attorneys' fees represent 25% of the $45 million Ceiling Amount under the Settlement, which is the total benefit reasonably made available to Class Members under the Settlement.

8.      The $45 million in benefits made available to Class Members includes $446,449 in notice costs, $380,513 in claims administration costs, $210,888.10 in litigation expenses, $40,000 in requested incentive awards, and $11,250,000 in attorneys' fees.

9.      It further includes $32,672,150 in claim payments that were made available to Class Members during the claims period. This amount was reasonably made available to Class Members as it assumes a modest potential claims rate of approximately 6 percent. This is within the range generally expected in consumer class actions and is consistent with claims rates in other actions

2

against Monsanto involving Roundup® products. Accordingly, this is the amount reasonably made available to Class Members in claims payments.

10.     Having valued the total benefits made available at $45 million, the Court further finds that an award of 25% is fair and reasonable.

11.     The Court finds no reason to depart from the Ninth's Circuit's 25 percent 'benchmark' award in common fund cases. Further, in making this award of attorneys' fees, the Court has considered and found that:

   a.     Class Counsel achieved exceptional results for the Settlement Class, obtaining direct cash payments of approximately two-thirds of Plaintiffs' estimated best-case damages were they to succeed at trial;

   b.     Class Members are not releasing any claims for personal injury or medical monitoring;

   c.     Class Counsel handled the case with considerable skill, perseverance, and diligent advocacy. Class Counsel pursued this case in the absence of supporting precedents, and Monsanto put forth vigorous opposition throughout the litigation;

   d.     Inherent in this litigation were many risks to Class Counsel. Were this litigation to proceed, Monsanto would have colorable defenses available to it (such as preemption) that may wholly absolve it of liability. Additionally, there is a real risk that the Plaintiffs would not be able to demonstrate that they are entitled to any damages as the "price premium" calculation would be heavily contested.

   e.     Class Counsel also encountered significant burdens while litigating this case. The Settlement required a nationwide strategy, with contemporaneous suits against Defendant and its retail partners in multiple jurisdictions at once. Plaintiffs also continued to

pursue their strategy even after a number of setbacks early in the coordinated litigation; and

       f.     This case was handled on a contingency basis, wherein Plaintiffs' Counsel expended more than 13,300 hours with no payment, and no guarantee of payment absent a successful outcome.

12.    A lodestar cross-check further confirms the reasonableness of an $11,250,000 fee award. In making this determination, the Court has considered and found that:

       a.     Plaintiffs' Counsel devoted approximately 13,302.35 (not including time on the fee application), with a lodestar value of $7,947,522.50;

       b.     The number of hours was reasonable and necessary to achieve the Settlement, and are supported by declarations by Plaintiffs' Counsel providing the number of hours expended and summaries of work performed;

       c.     Plaintiff counsel's hourly rates, ranging between $350 and $795, are based on Plaintiff Counsel's customary billing rates and are also within the prevailing market rates in the Northern District of California for complex litigation; and

       d.     A fee award of $11,250,000 represents a modest 1.4 multiplier over the base lodestar fee. This multiplier is fair and reasonable, given the Court's findings in paragraph 11, *supra*, and falls within the accepted range in the Ninth Circuit.

## Litigation Expenses

13.    The Court also awards $210,888.10 in Class Counsel Expenses, which are supported by declarations from Plaintiffs' Counsel.

14.    The reimbursed expenses comprise standard out-of-pocket expenses that an attorney would ordinarily bill a fee-paying client, such as court fees, mediation fees, printing costs, legal research costs, transportation fees, expert fees, and other related expenses.

15.     Each of these expenses was necessary and reasonably incurred to bring this case to a successful conclusion, and they reflect market rates for various categories of expenses incurred.

**Incentive Awards**

16.     The request for class representative incentive awards to the Class Representatives is reasonable given the risks the Class Representatives took and the amount of time they spent prosecuting their case.

17.     In reaching this determination, the Court has reviewed the declarations from the Class Representatives regarding their contribution to the ultimate resolution of this case.

18.     The Class Representatives have each devoted substantial time and effort to this action, including checking for and providing requested documents, participating in periodic telephone conferences and exchanging correspondence with Plaintiffs' Counsel, and reviewing and approving pleadings, including the complaint and the Settlement Agreement.

19.     The requested amounts for each Class Representative are also within the range of such an award in similar cases.

20.     Accordingly, the Court approves the request for an incentive award of $5,000 each to Class Representatives Gilmore, Weeks, Taylor, Hanna, Boyette, Ezcurra, Jewell, and Williams.

**IT IS SO ORDERED.**

DATE: _____

_____
The Honorable Vince Chhabria
UNITED STATES DISTRICT JUDGE

5