**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 3 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: ROUNDUP PRODUCTS LIABILITY LITIGATION,
_____

THE MILLER LAW FIRM, LLC; WEITZ & LUXENBERG,

    Appellants,

 v.

LABORDE EARLES LAW FIRM; et al.,

    Appellees.

No. 21-16228

D.C. No. 3:16-md-02741-VC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted October 20, 2022
Portland, Oregon

Before: PAEZ and BADE, Circuit Judges, and LEFKOW,[**] District Judge.

 Appellants, attorneys whom the district court appointed as lead counsel in

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

the multi-district litigation ("MDL") *In re Roundup Products Liability Litigation*, ("lead counsel") appeal the district court's June 22, 2021 order ("June 2021 order") granting in part and denying in part their motion to establish a holdback percentage for a common benefit fund. Because we do not have appellate jurisdiction under 28 U.S.C. § 1291 or the collateral order doctrine, we dismiss the appeal.

In the June 2021 order, the district court modified its February 22, 2017 order ("February 2017 order") granting lead counsel's motion to establish a common benefit fund. The February 2017 order required the defendant, Monsanto, to hold back a certain percentage of claimants' settlements or judgments, including claimants with litigation in the MDL, non-MDL claimants whose counsel had at least one client in the MDL, and non-MDL claimants whose counsel signed participation agreements with lead counsel. The February 2017 order did not determine the percentage of each claimant's recovery that would be held back. In the June 2021 order, the district court set 8% of a plaintiff's gross recovery as the hold back amount, but limited the common benefit fund contribution requirement to plaintiffs in the MDL.

On appeal, lead counsel argue that the district court erred in concluding that it did not have the authority to require common benefit fund contributions from claimants outside the MDL. Lead counsel also argue that the district court abused its discretion by modifying its February 2017 order. Lead counsel assert that we

2

have jurisdiction under § 1291 or the collateral order doctrine.

1.  Under 28 U.S.C. § 1291, federal courts of appeal have jurisdiction over appeals from "all final decisions" of district courts. *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 408 (2015). "A decision is 'final' under § 1291 if it '(1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter.'" *Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 618 (9th Cir. 2022) (quoting *Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 870 (9th Cir. 2004)).

The district court's June 2021 order did not fully resolve the underlying litigation on the merits, nor did it resolve the more circumscribed issue of common benefit fees. Rather, the court contemplated continued fee litigation as it left unanswered the value of the common benefit work, lead counsel's entitlement to common benefit fees, and the amount of the total fee award. *Cf. Thompson v. Potashnick Constr. Co.*, 812 F.2d 574, 576 (9th Cir. 1987) ("Generally[,] the grant or denial of interim attorney's fees by a district court pending litigation on the merits is not a final appealable order for purposes of 28 U.S.C. § 1291."); *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 617 (9th Cir. 1993) ("[A]n award of attorney's fees does not become final and appealable until the amount of the fee award is determined.").

2.  Under the collateral order doctrine, this court may review a "small class" of

rulings that do not conclude the litigation, but which "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). To meet the requirements of the collateral order doctrine, "[t]he order sought to be appealed must: 1) conclusively determine the disputed question; 2) resolve an important issue completely separate from the merits of the action; and 3) be effectively unreviewable on appeal from a final judgment." *Rosenfeld v. United States*, 859 F.2d 717, 720 (9th Cir. 1988) (citation omitted). "Failure to meet 'any one of these requirements' is fatal." *AdTrader, Inc. v. Google LLC*, 7 F.4th 803, 810 (9th Cir. 2021) (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276 (1988)).

There is no dispute that the issue of attorney's fees is separate from the merits, and therefore the second requirement of the collateral order doctrine is met. But even assuming, without deciding, that the first requirement is met, lead counsel's attempt to invoke the collateral order doctrine fails at the third requirement. The district court's June 2021 order is reviewable on appeal because, if lead counsel prevail, they can recoup improperly disbursed fees. *See, e.g.*, *Rosenfeld*, 859 F.2d at 721–22 (stating that a court has inherent power to order attorneys to whom fees are improperly paid to repay the fees should the order be

4

reversed); *see also Morgan v. Kopecky Charter Bus Co.*, 760 F.2d 919, 920–21 (9th Cir. 1985) (explaining that the district court will determine fees "once matters are adjudicated," and "the losing party on that issue may appeal the result at that time").

Finally, the denial of common benefit fees from certain sources of funds does not present a "serious" or "important" question implicating rights that would be destroyed absent immediate review, as contemplated by *Cohen*, 337 U.S. at 546–47. *See also, e.g.*, *Will v. Hallock*, 546 U.S. 345, 351–54 (2006) (considering effective unreviewability and the "high order" values that courts have found would be lost through rigorous adherence to the final judgment rule, including "honoring the separation of powers, preserving the efficiency of government . . . , respecting a State's dignitary interests, and mitigating the government's advantage over the individual").

3. Because the June 2021 order is non-final and the collateral order doctrine does not apply, we do not have jurisdiction. Therefore, we do not reach the merits of whether the district court has the authority to require common benefit fund contributions from claimants outside the MDL.

**DISMISSED FOR LACK OF JURISDICTION.**