**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100
Fax: 310 -576-2200

*Attorneys for Defendant Monsanto Company*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| *Linda J. Matthus-Shelton v. Monsanto Company*,<br>3:20-cv-00168-VC | **MONSANTO COMPANY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS**<br><br>**Hearing:**<br>Date: December 1, 2022<br>Time: 10:00 a.m.<br>Place: Courtroom 4 |

## I. SUMMARY JUDGMENT IS REQUIRED BECAUSE PLAINTIFF LACKS THE REQUIRED ADMISSIBLE EXPERT TESTIMONY ON CAUSATION

Plaintiff does not dispute that she has not served any expert report containing case-specific evidence of a causal link between Roundup exposure and her cancer. Further, Plaintiff concedes that expert testimony is required to prove her design defect claim. (ECF No. 18 at 10.) Therefore, Plaintiff essentially concedes that summary judgment is appropriate for her design defect claim.

Plaintiff argues that expert testimony is not necessary to prove causation of her remaining claims for failure to warn, negligence, and breach of the implied warranty of habitability. Plaintiff claims that summary judgment is not proper for those remaining claims because multiple myeloma is only caused by "environmental factors," that she is "otherwise healthy" and has "no history of cancer in her family" and thus "a reasonable jury could conclude, without the use of expert testimony that Plaintiff's cancer was caused by her use of Roundup as there were no other known causes that she was exposed to." *Id*. This is inconsistent with settled Michigan case law and this Court's prior rulings.

To prevail in a product liability case, "a plaintiff must establish general causation and specific causation." Hendrian v. Safety-Kleen Sys., Inc., No. 08-cv-14371, 2015 WL 4770966, at *4 (E.D. Mich. Aug. 13, 2015). "Both causation inquiries—general and specific—involve scientific assessments that must be established through the testimony of a medical expert." In re Dow Corning Corp., 541 B.R. 643, 654 (E.D. Mich. Bankr. 2015) (citation omitted). If a plaintiff fails to establish either general or specific causation through expert testimony, any product liability claims brought under Michigan law must fail. Id. Plaintiff's cursory and unsupported assertion that her remaining claims "do not require the need for expert testimony to prove causation," is baseless. She has failed to address the substance of

Monsanto's motion and summary judgment should be entered in Monsanto's favor on all of her claims.

This Court recently granted summary judgment in favor of Monsanto in a similar Wave 4 case where the plaintiff failed to disclose a specific causation expert. *Adrine Hann v. Monsanto Company*, 20-cv-7213, Doc. No. 23 (Order Granting Summary Judgment, dated November 3, 2022). The Court found that Michigan law required a specific causation expert:

> "Whether Roundup caused [Plaintiff's] multiple myeloma is a highly technical and scientific question. Without expert testimony, a jury can only speculate. Monsanto is therefore entitled to summary judgment under Michigan law."

Id.

Plaintiff admits that she has not disclosed any expert on the issue of specific causation, which is required under Michigan law. Even setting aside the lack of expert testimony, Plaintiff has not pointed to any other evidence in support of causation. Because Plaintiff cannot prove causation—an essential element of all her claims, Monsanto is entitled to summary judgment on all Plaintiff's claims.

## CONCLUSION

For the foregoing reasons, Monsanto is entitled to summary judgment on all of Plaintiff's claims.

Dated: November 7, 2022                 Respectfully submitted,

                                        */s/ Jed P. White*
                                        Jed P. White
                                        Attorney for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing (NEF) to all counsel of record who are CM/ECF participants.

　　　　　　　　　　　　　　　　/s/ *Jed P. White*
　　　　　　　　　　　　　　　　Jed P. White