John W. Raggio (SBN: 338261)
**FEARS NACHAWATI, PLLC**
5489 Blair Road
Dallas, Texas 75231
Telephone: (214) 890-0711
Facsimile: (214) 890-0712

*Counsel for Potential Class
Members/Objectors George Leonard,
Valentin Cervantes, and Patricia Godsey*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 3:16-md-02741-VC |
| This document relates to:<br><br>*Scott Gilmore, et al. v. Monsanto Co.,*<br><br>Case No. 3:21-cv-08159 | **MOTION FOR OBJECTORS ATTORNEYS' FEES**<br><br>Re: Dkt. No. 14486<br><br>Date: January 12, 2023<br>Time: 2:30 p.m.<br>Place: Via Zoom Webinar<br>Judge: Honorable Vince Chhabria |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE THAT** on January 12, 2023, at 2:30 p.m., via Zoom Webinar, Potential Class Members/Objectors George Leonard, Valentin Cervantes, and Patricia Godsey ("Leonard Objectors"), by and through undersigned counsel, jointly move this Court for an order approving the attached Motion for Objectors Attorneys' Fees.

This motion is made pursuant to the Court's June 21, 2022 Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and for Certification of the Class for Purposes of Settlement (Dkt. No. 14966) and Fed. R. Civ. P. Rule 23.

The Motion will be based on this Notice of Motion and the Memorandum of Points and Authorities in support thereof; the Second Amended Settlement Agreement (Dkt. 14610-1, Ex. 1); Leonard Objectors' opposition to preliminary approval of the proposed class-action settlement (Dkt. 14653); the concurrently-filed declaration John W. Raggio; all evidence, papers, pleadings, and argument filed or presented in support thereof; the [Proposed] Order submitted herewith; and, all papers and pleadings on file in this Action, and upon such other and further evidence as may be presented to the Court at the time of the hearing, including oral argument.

Dated: November 14, 2022                    Respectfully Submitted,

                                            */s/ John Raggio*
                                            John W. Raggio (SBN: 338261)
                                            jraggio@fnlawfirm.com
                                            N. Majed Nachawati (TX SBN: 24038319)
                                            mn@fnlawfirm.com
                                            S. Ann Saucer (LA SBN: 21368; TX: 00797885)
                                            asaucer@fnlawfirm.com
                                            Michael Gorwitz (MN SBN: 0400362)
                                            mgorwitz@fnlawfirm.com
                                            **FEARS NACHAWATI, PLLC**
                                            5489 Blair Road

-ii-

        Dallas, Texas 75231
        Telephone: (214) 890-0711
        Facsimile: (214) 890-0712

*Counsel for Potential Class Members/Objectors George Leonard, Valentin Cervantes, and Patricia Godsey*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iv

I.   FACTUAL AND PROCEDURAL BACKGROUND.......................................................... 1

II.  OBJECTORS HAVE SUBSTANTIALLY BENEFITED THE CLASS ............................ 2

III. CONCLUSION.................................................................................................................... 6

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Green v. Transition Electr. Corp.*,
 326 F.2d 492 (1st Cir. 1964) ...................................................................................................5

*Hesse v. Sprint Corp.*,
 598 F.3d 581 (9th Cir. 2010) ...................................................................................................1

*Park v. Thomson Corp.*,
 633 F.Supp.2d 8 (S.D.N.Y. 2009) ...........................................................................................5

*Reynolds v. Beneficial Nat. Bank*,
 288 F.3d 277 (7th Cir. 2002) ................................................................................................3, 5

*Rodriguez v. Disner*,
 688 F.3d 645 (9th Cir. 2012) ...................................................................................................3

*Vizcaino v. Microsoft Corp.*,
 290 F.3d 1043 (9th Cir. 2002) .................................................................................................3

Because of the substantial benefit conveyed to the settlement class by George Leonard, Valentin Cervantes, and Patricia Godsey's (collectively the "Leonard Objectors") opposition to the motion for preliminary settlement approval—specifically the revisions to the proposed class notice—the Leonard Objectors respectfully move the Court to award their attorneys' fees incurred solely in their opposition to the proposed settlement agreement.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On March 3, 2022, the Leonard Objectors filed an opposition to preliminary approval of the proposed class-action settlement in the matter of *Scott Gilmore, et al. v. Monsanto Co.*, No. 3:21-cv-08159. Dkt. # 14653. Through their attorney, the Leonard Objectors also appeared at the April 14, 2022 hearing on the motion for preliminary settlement approval to voice their objections to the proposed settlement.

The principal basis for the Leonard Objector's opposition was a concern that the settlement agreement would release more meritorious claims not based on the identical factual predicate asserted in *Gilmore*, namely, claims for personal injury caused by Roundup's toxicity. *See, e.g., Id*. at p. 11 ("This Court's standing order, and Ninth Circuit precedent, requires that '[r]elease language should make clear that the class members are releasing claims based only on the identical factual predicate. Each proposed notice should make that clear as well.' Standing Civil Order at p. 14, citing *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010).")

Consistent with these concerns raised by the Leonard Objectors, the Court issued two orders, the first on April 20, 2022, Dkt. # 14804, the second on May 19, 2022, Dkt. # 14898, directing the parties to clarify the notice language to avoid any confusion regarding the types of claims released by the proposed settlement. The parties accordingly amended the proposed settlement's notice language consistent with the Court's directives. Dkt. # 14885; 14899.

MOTION FOR OBJECTORS' ATTORNEYS' FEES                    CASE NO. 16-MD-02741-VC

In conjunction with their motion for final approval of the class-action settlement, Plaintiffs filed their motion for attorney fees, costs, and incentive awards on October 31, 2022. Dkt. # 15701. As outlined in Plaintiffs' motion, out of the $45 million ceiling amount, Plaintiffs seek total compensation of $26,529,155.10. Dkt. # 15701 at p. 11-12. This figure is comprised of the following amounts: $446,449 in class-notice costs; $380,513 in claims-administration expenses; $14,201,305 as the upper amount of current valid claims, pending review; $40,000 in service awards; $11,250,000 in Plaintiffs' attorneys' fees; and $210,888.10 in Plaintiffs' expenses. *Id*. Thus, even at the uppermost figure, the agreed-upon common fund still has a remaining balance of $18,470,844.90 which will otherwise revert back to Monsanto.

As a result of their successful opposition to the motion for preliminary settlement approval, the Leonard Objectors incurred attorneys' fees of $25,645.00 and $768.19 in expenses. This lodestar figure is comprised of 38.9 reasonable hours at an average reasonable fee of $ 659.25/hr. Ex. A, Decl. of John W. Raggio at ¶¶ 5-6. Consistent with the deadline for objections to Plaintiffs' motion, the Leonard Objectors file the present motion for an award of their own attorneys' fees incurred solely in the course of their successful objection to motion for preliminary settlement approval, which inured to the benefit of the entire class.

## II.     OBJECTORS HAVE SUBSTANTIALLY BENEFITED THE CLASS

The Leonard Objectors' motion presents a single question for resolution: whether in contributing to the revisions to the settlement's release language, they have conveyed a benefit on the class as a whole. Because all class members benefited from the clarity of the revised release, knowing that they could opt in without fear of forfeiting valuable personal injury claims, the Leonard Objectors are respectfully entitled to their attorneys' fees incurred in providing this common benefit.

"Under certain circumstances, attorneys for objectors may be entitled to attorneys' fees from the fund created by class action litigation." *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012). In order to be entitled to fees from the common fund, objectors must "substantially benefit the class members." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002). Objectors are not entitled to their attorney fees by merely bringing "about minor procedural changes in the settlement agreement" or when their "work is duplicative" of class counsel or "confer[s] no unique benefit to the class." *Rodriguez*, 688 F.3d at 658-59 (quotation omitted).

Explaining the general rational for the allowance of objector attorney fees, Judge Posner states: "when professionals render valuable albeit not bargained-for services in circumstances in which high transaction costs prevent negotiation and voluntary agreement, the law does allow them to claim a reasonable professional fee from the recipient of their services." *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 288 (7th Cir. 2002). Specifically as to objectors to a class-action settlement, "it is desirable to have as broad a range of participants in the fairness hearing as possible because of the risk of collusion over attorneys' fees and the terms of settlement generally. This participation is encouraged by permitting lawyers who contribute materially to the proceeding to obtain a fee." *Id*.

Here, as outlined above, the Leonard Objectors contributed materially to the fairness of the settlement by objecting to the broad nature of the release originally crafted by class counsel and Monsanto. As set forth in the Court's first order on the parties' motion for preliminary-settlement approval,

> As was discussed at the hearing, the current notice is inadequate in this regard, as it does not clearly inform potential class members that, if they participate in the settlement, they will retain the right to sue Monsanto based on any illness or injury they may suffer now or in the future as a result of using Roundup. The parties to the settlement shall therefore submit revisions to the publication notice, class action settlement notice, claim forms, and social media ads. The revised notices must

> clearly and conspicuously inform potential class members that, if they were to develop Non-Hodgkin Lymphoma or any other injury or illness, their ability to sue Monsanto based on that injury or illness would not be affected by the settlement.

Dkt. # 14804. Accordingly, the parties revised and resubmitted the materials set forth in the Court's order to make it clear that participating in the settlement would not cause the release personal injury claims resulting from the use of Roundup by including the following language: "class members will retain their right to sue or maintain an action claiming they currently have or later develop cancer or any other personal injury from using or being exposed to the products." Dkt. # 14885 at p. 2.

The Court advised the parties that their proposed language could be made more clear and concise as follows: "Class members will retain their right to sue if they currently have, or later develop, cancer or any other illness or injury from exposure to the products." Dkt. # 14898. The parties subsequently filed a letter brief indicating their agreement to use the Court's proposed language. Dkt. # 14899 at p. 1.

This same concern over the breadth of claims potentially released by the settlement, or at a minimum, concern over ambiguities in the settlement's release language, formed the principal basis of the Leonard Objector's opposition to the proposed settlement. *See, e.g.*, Dkt. # 14653 at p. 7 ("Because the breadth of the released claims extends far beyond the purchase price of Roundup—the sole basis of class-member recovery in this action—or at minimum is unworkably ambiguous, the Court respectfully should deny preliminary approval of the proposed settlement."); *Id.* at p. 11 ("Not only are the absent class members forced to release more meritorious claims, the claims released are not based on the identical factual predicate as those in this action."). The Leonard Objectors' counsel raised these concerns over the potentially broad nature of the release at the hearing for preliminary-settlement approval.

Even if it were to be argued that the Court would have required the changes to the settlement's notice provisions without the Leonard Objectors' participation in the preliminary-approval hearing, that does not provide a basis to deny the Leonard Objectors' attorneys' fees. Again as noted by Judge Posner, "the [trial] judge denied a fee to the objectors in part on the ground that he had already decided, without telling anybody, not to accept the reversion. But objectors must decide whether to object without knowing what objections may be moot because they have already occurred to the judge." *Reynolds*, 288 F.3d at 289.

Courts in the First and Second Circuits abide by the same principal, namely, that a motion for objector attorneys' fees will not be denied on the basis that the court in question would have reached the same conclusion absent the successful opposition. "Courts in this district have recognized that objectors' counsel are entitled to an award of fees even where the Court would have likely reached the same result, with or without the objectors' comments." *Park v. Thomson Corp.*, 633 F.Supp.2d 8, 11 (S.D.N.Y. 2009), citing *Green v. Transition Electr. Corp.*, 326 F.2d 492, 498-99 (1st Cir. 1964) (it is "unfair to counsel when, seeking to protect his client's interest and guided by facts apparent on the record, he spends time and effort to prepare and advance an argument which is ultimately adopted by the court, but then receives no credit therefore because the court was thinking along that line all the while").

Here, the Leonard Objectors benefited the entire settlement class by successfully arguing that the parties' proposed release language had the potential to confuse potential class members over the nature of the claims they would give up in exchange for receiving their share of the class-wide settlement. In order to avoid any such confusion, the Court issued two orders directing the parties to alter the notice language propounded by the parties, to make it clear to any would-be class members that they would not be required to give up personal injury claims in exchange for

participating in the settlement. In light of this substantial benefit conveyed to the class a whole, the Leonard Objectors respectfully request the Court grant them $26,413.19 in reasonable attorneys' fees and expenses incurred solely in connection with their successful objection the proposed settlement.

### III.   CONCLUSION

For all the reasons set forth above, because the entire class has substantially benefited from the revisions to the parties' proposed notice language, the Leonard Objectors should respectfully be granted their reasonable attorneys' fees and expenses incurred solely for objecting to the proposed settlement.

Dated: November 14, 2022                                   Respectfully Submitted,

*/s/ John Raggio*
John W. Raggio (SBN: 338261)
jraggio@fnlawfirm.com
N. Majed Nachawati (TX SBN: 24038319)
mn@fnlawfirm.com
S. Ann Saucer (LA SBN: 21368; TX: 00797885)
asaucer@fnlawfirm.com
Michael Gorwitz (MN SBN: 0400362)
mgorwitz@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
5489 Blair Road
Dallas, Texas 75231
Telephone: (214) 890-0711
Facsimile: (214) 890-0712

*Counsel for Potential Class Members/Objectors George Leonard, Valentin Cervantes, and Patricia Godsey*

-7-

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 14th day of November 2022, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

                                                  */s/ John Raggio*
                                                  John W. Raggio (SBN: 338261)