UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | Case No.  16-md-02741-VC |
| This document relates to: | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND JUDGMENT ON THE PLEADINGS** |
| *Applegate v. Monsanto Co.*, Case No. 18-cv-3363 | Re: Dkt. No. 59 (Case No. 18-cv-3363); Dkt. No. 20 (Case No. 19-cv-6800) |
| *Applegate v. Bayer AG*, Case No. 19-cv-6800 | |

The plaintiff, Ralph Applegate, has filed two separate cases in this MDL, one against Monsanto and the other against Bayer AG. He is not represented by an attorney. In both cases, Mr. Applegate generally claims that he suffered personal injuries from being exposed to Roundup. As explained below, Monsanto's motion for summary judgment and Bayer AG's motion for judgment for ineffective service are granted.

I.

Monsanto has filed a motion for summary judgment because Mr. Applegate has failed to disclose a specific causation expert for his case. Dkt. No. 59, Case No. 18-cv-3363. Rather than filing a response, Mr. Applegate has filed a notice of dismissal without prejudice. Dkt. No. 60. But his notice is rejected because under court rules, he cannot voluntarily terminate a case "without prejudice" after the defendant has filed for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A)(i); Dkt. No. 63. So a ruling on Monsanto's summary judgment motion is appropriate. Under Ohio law, expert testimony is required to prove causation in a highly technical products liability case such as this one. *See Graham v. Am. Cyanamid Co.*, 350 F.3d

496, 513 (6th Cir. 2003); *Jones v. Hawkes Hosp. of Mt. Carmel*, 196 N.E.2d 592, 593 (Ohio 1964). Mr. Applegate undisputedly has failed to offer any expert testimony. Monsanto's summary judgment motion is therefore granted.

## II.

Bayer AG, a German stock company, has filed a motion for judgment on the pleadings. Dkt. No. 20, Case No. 19-cv-6800. It correctly argues that Mr. Applegate did not properly serve Bayer AG under Ohio law and the Hague Convention on Service Abroad. *See* Ohio R. Civ. P. 4.5(A) (requiring service on a party in a foreign country via Hague Service Convention). That is, rather than serving Bayer AG under Hague Convention protocols, Mr. Applegate mailed the summons and complaint to a Pittsburg, Pennsylvania address that he got off a third-party website. But that address isn't Bayer AG's address—it's the address of Bayer AG's indirect subsidiary. So Mr. Applegate has not properly served Bayer AG here. *E.g.*, *Walterspiel v. Bayer AG*, 639 F. App'x 164, 167 (4th Cir. 2016) ("[W]e conclude that Walterspiel's attempt to serve process on Bayer AG by way of service on Bayer Corporation was ineffective.").

## III.

Monsanto and Bayer AG's motions are granted. Judgment is entered in Monsanto's favor, and the case against Bayer AG is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: November 28, 2022

VINCE CHHABRIA
United States District Judge