UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document related to:<br><br>*Gilmore v. Monsanto Company*<br>Case No. 21-8159 | MDL 2714<br><br>Case No. 3:16-md-02741-VC |

**[PROPOSED] ORDER AND JUDGMENT GRANTING PLAINTIFFS'
MOTION FOR FINAL APPROVAL AND FOR CERTIFICATION OF THE CLASS
FOR PURPOSES OF SETTLEMENT**

This matter comes before the Court on Plaintiffs' Scott Gilmore, Julio Ezcurra, James Weeks, Amanda Boyette, Anthony Jewell, Paul Taylor, Sherry Hanna, and Kristy Williams' ("Plaintiffs") Motion for Final Approval of Class Settlement and for Certification of the Class for Purposes of Settlement (Dkt. No. 15865). The Court has reviewed the Motion and the supporting papers, including the Parties' Second Amended Settlement Agreement ("Settlement") (Dkt. No. 94-1, Ex. 1). Plaintiffs' Motion is hereby GRANTED, and the Court ORDERS the following:[1]

1. This Court has jurisdiction over this matter and all parties to this Action and Related Actions, including Class Members.

2. The Court finally approves the Settlement and terms and conditions set forth therein.

3. The Court has conducted an assessment of the fairness, reasonable, and adequacy of the Settlement. Based on Plaintiffs' Motion for Final Approval of Class Action Settlement, the argument and comments at the Final Fairness Hearing, and further consideration of the factors identified in the Court's Preliminary Approval Order (Dkt. No. 121) (including consideration of all arguments and briefing submitted in support of or in opposition to

---

[1] All defined terms herein shall have the same meanings set forth in the Second Amended Settlement Agreement.

preliminary approval), the Court finds that the Settlement is fair, reasonable, and adequate, considering both the factors set forth in Federal Rule of Civil Procedure 23(e) and the factors set forth in Ninth Circuit precedent. *See Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1120-21 (9th Cir. 2020). The court conducted its assessment using the "more probing inquiry" for settlements reached before class certification. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Specifically, the Court finds that:

   a. The Settlement is fair considering the strength of Plaintiffs' case and the risks and costs of continued litigation.
   b. The settlement amount and compensation rates are adequate.
   c. The extent of discovery and stage of proceedings weigh in favor of approval.
   d. The experience and views of counsel weigh in favor of approval.
   e. The reaction of Class Members to the Settlement favors approval.
   f. The methods for processing claims and distributing monetary relief are effective and adequate.
   g. The terms of the proposed award of attorney's fees, costs and Plaintiffs' Service Awards (addressed more fully in the Court's order on Plaintiffs' Motion for Attorney's Fees, Costs, and Incentive Awards) are fair, reasonable, and justified.
   h. Class members are treated equitably relative to each other.

4. The Court orders that the following class (referred to as the "Settlement Class" or "Class"), which was preliminarily certified, shall remain certified for settlement purposes:

   All Persons in the United States who, during the Class Period, purchased Products in the United States other than for resale or distribution, excluding (i) judicial officers and associated court staff assigned to this case, and their immediate family members; (ii) past and present (as of the Effective Date) officers, directors, and employees of Monsanto; and (iii) all those otherwise in the Settlement Class who timely and properly exclude themselves from the Settlement Class pursuant to the Settlement Agreement and in the manner approved by the Court and set forth in the Class Notice.

5. The Court finds that Class Counsel and the Class Representatives fairly and adequately represented the interests of Class Members. The Court confirms its appointment of Plaintiffs Scott Gilmore, Julio Ezcurra, James Weeks, Paul Taylor, Sherry Hanna, Amanda Boyette, Anthony Jewell, and Kristy Williams as Class Representatives and the appointment of Class Counsel as counsel for the Settlement Class.

6. Persons who excluded themselves from the Settlement: (a) are not Class Members as that term is defined and used herein; (b) shall not be bound by this Final Approval Order or any release provided herein; and (c) shall not be entitled to any benefits from the Settlement.

7. The Court finds that Class Notice has been disseminated to the Class in compliance with the Court's Preliminary Approval Order and the Notice Plan. The Court further finds that this provided the best notice to the Class practicable under the circumstances, fully satisfied due process, met the requirements of Rule 23 of the Federal Rules of Civil Procedure, and complied with all other applicable law.

8. The Court further finds that notice provisions of 28 U.S.C. § 1715 were complied with in this case.

9. The Settlement is fair, reasonable, and adequate, is in the best interests of the Class, has been entered into in good faith, and should be and hereby is fully and finally approved pursuant to Federal Rule of Civil Procedure 23. The Settlement represents a fair resolution of all claims asserted by the Class Representatives on behalf of the Class, and fully and finally resolves all such claims. The Settlement Agreement: (a) results from efforts by Class Representatives and Class Counsel who engaged in hard-fought litigation since 2019; (b) was negotiated at arm's length with the assistance of United States Magistrate Judge Diane Welsh; (c) provides relief for the Class that is fair, reasonable and adequate, taking into account the costs, risks, and delay of trial and appeal; and (d) treats Class Members equitably relative to each other.

10. The language of the Settlement Agreement can be found on the Court's publicly available docket at Dkt. No. 94-1, Ex. 1. The Release set forth in the Settlement is incorporated herein and will become binding and effective on all Class Members upon the Effective Date.

11. The Claims Administrator and the Parties are hereby directed to implement and carry out the Settlement in accordance with the terms and provisions thereof.

12. Upon entry of this Order, each and every Releasing Person shall be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Class Released Claims against any Released Parties in any court or any forum whatsoever. Likewise, the Released Persons shall be discharged of and from all liability for the Class Released Claims.

13. Within 21 days after all funds have been paid pursuant to the Settlement, the Parties shall file a Post-Distribution Accounting, which shall be posted on the Settlement Website, providing the following information: the total settlement fund; the number of claims; the number and percentage of objections; the average, median, maximum, and minimum recovery per claimant, the methods of notice and methods of payment to class members, the number and value of any uncashed checks to Class Members, any amounts distributed to a *cy pres* recipient.

14. Ten (10) percent of the attorneys' fees awarded will be held back pending the filing of a Post-Distribution Accounting by Class Counsel. With the Post-Distribution Accounting, Class Counsel should submit a proposed order releasing the remainder of the fees.

15. In light of this Order, this case is hereby DISMISSED with prejudice.

16. There being no just reason for delay, the Court, in the interests of justice, directs the Clerk of the Court to enter this Order, and hereby decrees that, upon entry, it be deemed a Final Judgment.

17. Without affecting the finality of that Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation and administration of the Settlement; and

(b) the Parties, the Claims Administrator, and the Class Members for the purpose of construing, enforcing, and administering the Settlement Agreement and all orders and judgments entered in connection therewith.

**IT IS SO ORDERED.**

_____
HONRABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE