UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | Case No. 16-md-02741-VC |
| This document relates to: | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |
| *Matthaus-Shelton v. Monsanto Co.*, Case No. 3:20-cv-00168-VC | Re: Dkt. No. 17 |

  Monsanto's summary judgment motion is granted because the plaintiff, Linda Matthaus-Shelton, has failed to disclose a specific causation expert for her case.

  Under Michigan law, expert testimony is generally "required when highly technical and scientific questions are at issue." *Lowery v. Enbridge Energy Ltd.*, 898 N.W.2d 906, 918 (Mich. 2017) (Markman, C.J., concurring). Matthaus-Shelton accepts that expert testimony is needed for the design defect claim. Dkt. 18 at 10. But it's more than that. Expert testimony also is required to establish causation for Matthaus-Shelton's other product liability and tort claims. That's because whether Roundup caused her multiple myeloma is a highly technical question that is not "within the common knowledge and experience of an ordinary layperson." *See Elher v. Misra*, 878 N.W. 2d 790, 795 (Mich. 2016); *accord, e.g.*, *Hann v. Monsanto*, 20-cv-7213, Dkt. No. 23 (N.D. Cal. Nov. 3, 2022) (applying Michigan law). Matthaus-Shelton cannot avoid summary judgment simply by saying that she was "otherwise healthy" and has "no history of cancer in her family," Dkt. 18 at 10. Without expert testimony on causation, a jury can only speculate whether Roundup caused her illness. Speculation cannot be the basis of a trial verdict, nor can it be used to withstand a summary judgment challenge.

Judgment is entered in Monsanto's favor.

**IT IS SO ORDERED.**

Dated: November 29, 2022

                                                                    _____
                                                                    VINCE CHHABRIA
                                                                    United States District Judge