**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:    202-847-4030
Fax:    202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310 -576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, <br><br> *Engilis v. Monsanto Company*, 3:19-cv-07859-VC | MDL No. 2741 <br><br> Case No.: 3:16-md-02741-VC <br><br> **DEFENDANT MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION TO EXCLUDE TESTIMONY OF LUOPING ZHANG AND ALFRED NEUGUT** <br><br> Hearing date: January 12, 2023 <br> Time: 10:00 a.m. |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** beginning on a date to be determined, in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will present its Motion to Exclude Testimony of Luoping Zhang and Alfred Neugut. Monsanto seeks an order excluding opinions of these witnesses under Federal Rules of Civil Procedure 26 and 37 and Federal Rule of Evidence 702.

Dated: November 30, 2022          Respectfully submitted,

/s/ *Jed P. White*_____
Jed P. White
Attorneys for Defendant Monsanto Company

Plaintiff Engilis designated Dr. Luoping Zhang and Dr. Alfred Neugut as general causation experts in this case. *See* Declaration of Jed White, Ex. A, Plaintiffs' Amended Rule 26 Specific Causation Expert Disclosures at 4. In his designations, Plaintiff Engilis claims he is "incorporat[ing] by reference the general causation and other expert reports that have been served in connection with this Wave, and any prior Wave in the Roundup litigation" for Drs. Zhang and Neugut. *Id.* The Court should preclude these experts from testifying in this case.

### I. Plaintiff Has Failed To Comply With Federal Rule Of Civil Procedure 26(a)(2) With Respect To Dr. Zhang, Who Has Never Served An Expert Report In This MDL.

Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose each of their expert witnesses and to accompany those expert disclosures with a written expert report. *Id.*; *see also Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) ("Rule 26 of the Federal Rules of Civil Procedure requires the parties to disclose the identities of each expert and, for retained experts, requires that the disclosure includes the experts' written reports."). Federal Rule of Civil Procedure 37(c)(1)[1] "gives teeth" to Rule 26(a)(2)'s disclosure requirement "by forbidding the use at trial of any information that is not properly disclosed." *Goodman*, 644 F.3d at 827; *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). As the Ninth Circuit has noted, Rule 37(c)(1) is a "self-executing" and "automatic" sanction "designed to provide a strong inducement for disclosure." *Goodman*, 644 F.3d at 827. Where a party does not comply with Rule 26(a)(2)'s requirement of providing a written report for one of his or her retained expert witnesses, the Court should preclude that expert witness from testifying at trial. *Id.*

Plaintiff Engilis has not provided an expert report for Dr. Zhang or otherwise disclosed what Dr. Zhang's opinions will be in this case. Instead, as discussed above, he simply "incorporate[d] by reference the general causation and other expert reports that have been served in connection with this Wave, and any prior Wave in the Roundup litigation" for Dr. Zhang and for several other experts. *See* Declaration of Jed White, Ex. A, Plaintiffs' Amended Rule 26 Specific Causation Expert Disclosures

---

[1] Rule 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

at 4.  But no Plaintiff in the Roundup MDL has provided an expert report for Dr. Zhang, and Dr. Zhang has not been deposed in the Roundup MDL.  Thus, there is no written report that Plaintiff could have incorporated by reference, and Plaintiff has failed to comply with the requirements of Rule 26(a)(2).  The Court should therefore exclude Dr. Zhang's testimony in this case.  *See* Fed. R. Civ. Proc. 26(a)(2); Fed. R. Civ. Proc. 37(c)(1).

## II.   The Court Has Already Excluded Dr. Neugut's Testimony.

As discussed above, Plaintiff Engilis also has designated Dr. Neugut as a general causation expert and has "incorporate[d] by reference the general causation and other expert reports that have been served" for Dr. Neugut in this MDL.  Declaration of Jed White, Ex. A, Plaintiffs' Amended Rule 26 Specific Causation Expert Disclosures at 4.  But the Court has already considered Dr. Neugut's opinions and has excluded them under Federal Rule of Evidence 702.  *See* PTO 45, ECF No. 1596, at 56-59 ("[T]he problems with Dr. Neugut's testimony lead the Court to conclude that his opinion is not sufficiently reliable to be admissible.").

Consistent with the Court's instructions not to re-litigate issues previously ruled upon by the Court, but in order to ensure that Dr. Neugut is not allowed to testify in the Engilis case (and to fully preserve the appellate record), Monsanto hereby incorporates the following pleadings that were filed on the MDL docket:

- Monsanto Company's Daubert and Summary Judgment Motion Based on Failure of General Causation Proof (ECF #545)
- Monsanto Company's Reply in Support of its Daubert and Summary Judgment Motion Based on Failure of General Causation Proof (ECF #681)
- Monsanto Company's Supplemental Memorandum of Points and Authorities Regarding Andreotti et al., *Glyphosate Use and Cancer Incidence in the Agricultural Health Study*, Journal of the National Cancer Institute (2018) in Support of its *Daubert* and Summary Judgment Motion (ECF #1137)
- Monsanto Company's Notice of Supplemental Authority in Support of its *Daubert* and Summary Judgment Motion Based on Failure of General Causation Proof (ECF #1158)
- Monsanto Company's Notice of Supplemental Authority in Support of its *Daubert* and

Summary Judgment Motion Based on Failure of General Causation Proof (ECF #1508). The Court should again exclude Dr. Neugut's testimony for the reasons discussed in these filings and in PTO 45, ECF No. 1596.

Dated:  November 30, 2022　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ *Jed P. White*_____
　　　　　　　　　　　　　　　　　　　　Jed P. White
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of November, 2022, a copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system which sent notice of the filing to all appearing parties of record.

>   */s/ Jed P. White*
>   Jed P. White

- 6 -
MONSANTO'S MOTION TO EXCLUDE TESTIMONY OF LUOPING ZHANG AND ALFRED NEUGUT