John J. Rosenthal
WINSTON & STRAWN LLP
1901 L St. NW
Washington, DC 20036
Tel: (202) 282-5785
Fax: (202) 282-5100
jrosenthal@winston.com

Jeff Wilkerson (SBN 284044)
WINSTON & STRAWN LLP
300 S. Tryon St., 16th Floor
Charlotte, North Carolina 28202
Tel: (704) 350-7714
Fax: (704) 350-7800
jwilkerson@winston.com

*Attorneys for Defendants Bayer CropScience LP
and Monsanto Company*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Scott Koller, et al., v. Monsanto Company, et al.*, Case No. 3:22-cv-04260-VC | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**UNOPPOSED ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Pursuant to Civil Local Rules 79-5 and 7-11, Defendants Bayer CropScience LP and Monsanto Company hereby submit this Unopposed Administrative Motion to File under Seal the Confidential Statements of Formula ("CSFs") included as exhibits to Defendants' Reply in Support of Motion to Dismiss Plaintiffs' Complaint.[1]

---

[1] Defendants' counsel conferred with Plaintiffs' counsel and they do not oppose this motion.

## LEGAL STANDARD

Although there is a presumption in favor of public access to court records, a party may overcome that presumption in favor of sealing the records by articulating "a compelling reason" that outweighs the public interest in disclosure. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citing *Kamakana v. City and Cnty. Of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)). A "compelling reason" exists where "'court files might [] become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or *release trade secrets*." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978)) (emphasis added).

## ARGUMENT

There is a compelling reason for the Court to seal the CSFs. These documents include with specificity the ingredients, concentrations, suppliers, and other highly confidential information for the Roundup Products at issue. They constitute the secret recipes for the Products, and for that reason they are among Defendants' most closely guarded commercial secrets. Because these CSFs constitute trade secrets, the Court should maintain their confidentiality by sealing them.

The Uniform Trade Secrets Act ("UTSA")—which both California and Defendants' state of incorporation, Delaware, have adopted—sets forth three requirements for trade secrets. *See* Cal. Civ. Code § 3426.1(d); 6 Del. Code § 2001(4). All are met here.

*First,* the potential trade secret must constitute "information," which expressly includes "a formula." Cal. Civ. Code § 3426.1(d); 6 Del. Code § 2001(4). The CSFs clearly constitute "information"—they contain information on the precise formulation of the Products. Indeed, they constitute "formula[e]," which the statutes expressly identify as a trade secret.

***Second***, a trade secret must "[d]erive[] independent economic value … from not being generally known" to third persons "who can obtain economic value from its disclosure or use." Cal. Civ. Code § 3426.1(d)(1); 6 Del. Code § 2001(4)(a). The CSFs derive independent economic value from their confidentiality in several ways. Most obviously, confidentiality prevents competitors from using Monsanto's substantial research and development expenditures against it. The Products' carefully researched formulations provide strong results that have contributed to the Products acquiring a durable leading position in the relevant markets. Declaration of Robyn Buck ("Buck Decl.") ¶ 6. A competitor with access to these CSFs would be well-positioned to launch competing products with nearly identical properties. These copy-cat products would undoubtedly take sales away from Monsanto. In addition, the CSFs would enable competitors to reap the benefits of Monsanto's extensive research and development investments without having to spend the millions of dollars Monsanto has spent. Buck Decl. ¶ 7. A competitor with access to Monsanto's CSFs could also use that information to compete unfairly with Monsanto in other ways. The CSFs permit competitors to identify all product inputs, and, in some instances, also suppliers of those inputs. A sharp-elbowed competitor armed with this information could compromise the availability or prices of these inputs, thereby raising Defendants' costs. Raising such costs would inevitably force the company to raise its prices, reduce its internal investments, or some combination of the two. Each of those options would harm Defendants' competitive positioning. Thus, the CSFs derive independent economic value from remaining confidential.

***Third***, a trade secret's owner must protect the trade secret using "efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d)(2); 6 Del. Code § 2001 (4)(b). Defendants take extremely rigorous steps to preserve the confidentiality of the CSFs. In fact, even within Monsanto, this information is shared solely on a "need to know basis"

subject to numerous restrictions. Buck Decl. ¶ 6. In light of these facts, the CSFs constitute quintessential trade secrets.

Defendants have invested countless dollars, hours, and resources into these Products, believing that its efforts would not be revealed to competitors. Defendants' sole reason for including the CSFs in the reply brief is to establish that Plaintiffs' statement concerning the certified limits for NNG for the Products at issue is false, by showing what is *not* included in the CSFs. The Court should not disrupt Defendants' expectation of confidentiality simply because Plaintiff now wishes to pursue a theory of liability based on NNG. Defendants' interest in confidentiality outweighs the public's interest in disclosure.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court grant this Motion to Seal the CSFs included as exhibits to Defendants' Reply in Support of its Motion to Dismiss.

Dated: December 1, 2022

*/s/ John J. Rosenthal*

John J. Rosenthal
WINSTON & STRAWN LLP
1901 L St. NW
Washington, DC 20036
Tel: (202) 282-5785
Fax: (202) 282-5100
jrosenthal@winston.com

Jeff Wilkerson (SBN 284044)
WINSTON & STRAWN LLP
300 S. Tryon St., 16th Floor
Charlotte, North Carolina 28202
Tel: (704) 350-7714
Fax: (704) 350-7800
jwilkerson@winston.com