John J. Rosenthal
WINSTON & STRAWN LLP
1901 L St. NW
Washington, DC 20036
Tel: (202) 282-5785
Fax: (202) 282-5100
jrosenthal@winston.com

Jeff Wilkerson (SBN 284044)
WINSTON & STRAWN LLP
300 S. Tryon St., 16th Floor
Charlotte, North Carolina 28202
Tel: (704) 350-7714
Fax: (704) 350-7800
jwilkerson@winston.com

*Attorneys for Defendants Bayer CropScience LP
and Monsanto Company*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Scott Koller, et al., v. Monsanto Company, et al.*, Case No. 3:22-cv-04260-VC | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |

**DECLARATION OF ROBYN D. BUCK IN SUPPORT OF BAYER CROPSCIENCE LP AND MONSANTO COMPANY'S UNOPPOSED ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

I, Robyn D. Buck, hereby affirm under penalty of perjury that the following is true and correct:

1. I am over the age of 18 and of sound mind and I am competent to testify in this matter.

2.      Unless otherwise noted, this declaration is based upon my personal knowledge.

3.      I am employed by Bayer U.S. ("Bayer") as Assistant General Counsel –Litigation. I submit this declaration in support of Bayer CropScience LP and Monsanto Company's (collectively, "Defendants") Unopposed Administrative Motion to File Under Seal the Confidential Statements of Formula ("CSFs") attached as exhibits to Defendants' Reply in Support of its Motion to Dismiss.

4.      During my time at Bayer and Monsanto, I have gained personal knowledge regarding glyphosate-based herbicide ("GBH") products, including Roundup®-branded products, and including CSFs.

5.      I have reviewed Exhibits A – B to Defendants' Reply in Support of its Motion to Dismiss, all of which constitute true copies of EPA-approved CSFs for Roundup® Weed & Grass Killer Super Concentrate and Roundup® QuikPro Herbicide.

6.      Proprietary information, such as compositional percentages and ranges, product specifications, the identity of suppliers, and associates trade names appear throughout these documents. This information is part of the "recipe" for the Products at issue. This information is closely guarded as trade secret information. This information derives independent economic value from remaining confidential. CSFs provide extremely strong performance and have contributed to the Products acquiring a durable leading position in the relevant markets; if a competitor had access to this information, the competitor could reap the benefits of Monsanto's extensive research and development investments. Defendants have spent millions of dollars on research and development. Further, the properties of a particular ingredient may vary between different suppliers, such that the ingredient provided by one supplier may deliver the required performance characteristics within a product composition while the same ingredient from a different supplier

might not. Thus, knowledge of a specific input-supplier provides commercially valuable information in itself. CSFs are shared within the company solely on a "need to know" basis and subject to restricted access. Employees with access to CSFs receive regular trainings regarding procedures for protecting company trade secrets and proprietary information. Employees with access to CSFs execute employment agreements that contain non-disclosure obligations that apply to trade secrets and proprietary information. Defendants have implemented a comprehensive data-loss prevention program that identifies suspicious computer activities that may reflect attempts to transfer confidential materials from the company's secure computer environment.

7. Defendants' CSFs are among their most closely held trade secrets, have independent economic value, and are subject to the confidentiality safeguards and requirements discussed above. Defendants have invested millions of dollars in developing the CSFs at issue. Access to this information would enable competitors to avoid substantial time and financial investments in research and testing necessary to develop these formulations. Revealing the information contained in the CSFs would reveal the fruits of Defendants' expensive, proprietary research and development. A competitor with access to this information would gain an advanced understanding of Defendants' Products that could be used to improve their competitive position against Defendants.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*Robyn D. Buck*
ROBYN D. BUCK