John J. Rosenthal
WINSTON & STRAWN LLP
1901 L St. NW
Washington, DC 20036
Tel: (202) 282-5785
Fax: (202) 282-5100
jrosenthal@winston.com

Jeff Wilkerson (SBN 284044)
WINSTON & STRAWN LLP
300 S. Tryon St., 16th Floor
Charlotte, North Carolina 28202
Tel: (704) 350-7714
Fax: (704) 350-7800
jwilkerson@winston.com

*Attorneys for Defendants Bayer CropScience LP
and Monsanto Company*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Scott Koller, et al., v. Monsanto Company, et al.*, Case No. 3:22-cv-04260-VC | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC<br><br>**DEFENDANTS BAYER CROPSCIENCE LP AND MONSANTO COMPANY'S REQUEST FOR JUDICIAL NOTICE OF EXHIBITS TO REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Bayer CropScience LP and Monsanto Company (collectively, "Monsanto") request that the Court take judicial notice of the following documents cited in Monsanto's Reply in Support of its Motion to Dismiss Plaintiffs' Complaint:

- **Exhibit A:** True and correct copy of the Confidential Statement of Formula (CSF) for Roundup® Weed & Grass Killer Super Concentrate

- **Exhibit B:** True and correct copy of CSF for Roundup® QuikPro Herbicide

- MDL Dkt. No. 150-19, A. Dyszlewski, et al., *Laboratory Studies of N-nitroso glyphosate (NNG) Formation in Dry Ammonium Glyphosate (MON 8750)* (Oct. 5, 2004) (the "2004 Study")

### I. Plaintiffs Have Incorporated the Documents

Under the "incorporation by reference doctrine," courts routinely take judicial notice of the full text of documents referenced in a complaint. *See No. 84 Employer Teamster Joint Council Pension Trust Fund v. Am. W. Hldg. Corp.*, 320 F.3d 920, 925 n.2 (9th Cir. 2003) (considering "documents submitted by Defendants that were referenced in the complaint and whose authenticity has not been questioned" when reviewing an appeal of a motion to dismiss); *In re CNET Networks, Inc.*, 483 F.Supp.2d 947, 953-54 (N.D. Cal. 2007) (considering "the full text of documents referenced in [the] complaint" in deciding a motion to dismiss). This is true even where the plaintiff "fail[s] to attach those materials to the complaint." *Anderson v. Intel Corp. Inv. Pol'y Comm.*, 579 F.Supp.3d 1133, 1145 (N.D. Cal. 2022).

Here, the Complaint makes numerous references to the CSFs for the Products at issue. *See* Compl., Dkt. No. 1, ¶¶ 53, 95, 177, 255-56, 272-73, 277, 287-88, 299, 306-07, 325, 337, 363. And, as explained in Defendant's Reply in Support of Motion to Dismiss, Plaintiffs' Opposition to Defendants' Motion to Dismiss likewise relies heavily on the purported content of CSFs. *See, e.g.*, Dkt. No. 28 ("Opp.") at 4. Thus, it is appropriate for the Court to take judicial notice of the full text of these documents.

Plaintiffs also rely heavily on the 2004 Study and its contents. *See* Compl. ¶¶ 11-12, 16, 129-133, 242; Opp. 7, 18. They claim this Study informed Monsanto of the risks they allege it concealed and gave rise to the alleged duty upon which they predicate all their claims. Plaintiffs have therefore incorporated the Study into the Complaint and put it directly at issue in their Opposition brief, and the Court may consider the document.

## II.    The Documents Are Judicially Noticeable Government Submissions

Independent from the fact that the documents at issue are referenced in the Complaint, judicial notice under Rule 201 permits a court to notice a fact "if it is not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). This includes matters of public record, *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018), "records[] and reports of government bodies," *Nelson v. F. Hoffman-La Roche*, 2022 WL 17259056, at *3 (N.D. Cal. Nov. 28, 2022), "documents filed with public authorities," *Habelt v. iRhythm Techs.*, 2022 WL 971580, at *5 (N.D. Cal. Mar. 31, 2022), and filings in court proceedings that relate to "matters at issue." *Grivas v. Metagenics, Inc.*, 2018 WL 6185977, at *2 (C.D. Cal. Jan. 4, 2018).

CSFs are documents submitted to and maintained by the U.S. Environmental Protection Agency ("EPA"). Although their contents are confidential, like other documents submitted to, produced by, or maintained by public authorities, their accuracy cannot reasonably be questioned. *See id*.

The 2004 Study plainly relates to matters at issue and was filed previously in this Court. MDL Dkt. No. 150-19.

The Court may therefore appropriately take judicial notice of these documents.

| | |
|---|---|
| Dated:  December 1, 2022 | */s/ John J. Rosenthal* |
| | John J. Rosenthal<br>WINSTON & STRAWN LLP<br>1901 L St. NW<br>Washington, DC 20036<br>Tel: (202) 282-5785<br>Fax: (202) 282-5100<br>jrosenthal@winston.com |
| | Jeff Wilkerson (SBN 284044)<br>WINSTON & STRAWN LLP<br>300 S. Tryon St., 16th Floor<br>Charlotte, North Carolina 28202<br>Tel: (704) 350-7714<br>Fax: (704) 350-7800<br>jwilkerson@winston.com |