**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone:     (713) 227-8008
Facsimile:      (713) 227-9508
Email:          jstubbs@shb.com

*Attorneys for Defendant*
*Bayer Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 Case No. 3:16-md-02741-VC |
| This document relates to: *Leland Adams v. Monsanto Company et al.,* Case No. 3:22-cv-07590-VC | |

## **BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Bayer Corporation, by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiff's Complaint ("Complaint"), except as set forth below.  Bayer Corporation denies – and objects to – allegations by plaintiff that purport to lump Bayer Corporation together with other defendants. Bayer Corporation responds to this Complaint only on behalf of Bayer Corporation and not on behalf of any other defendant. Silence as to any allegations shall constitute a denial.

1. Bayer Corporation denies the allegations in paragraph 1.

2. Bayer Corporation denies the allegations in paragraph 2.

3. Bayer Corporation denies the allegations in paragraph 3.

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Bayer Corporation admits to the allegations in paragraph 4 based on the allegations in plaintiff's Complaint.

5.      Bayer Corporation admits to the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The first sentence of paragraph 7 sets forth conclusions of law for which no response is required.  Bayer Corporation denies the allegations in the second sentence of paragraph 7. In response to the third sentence of paragraph 7, Bayer Corporation denies any "omissions" and certain events giving rise to plaintiff's claim.

8.      Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 8 and therefore denies those allegations. Bayer Corporation denies the remaining allegations in paragraph 8.

9.      The allegations in paragraph 9 comprise attorney characterizations and are accordingly denied. Bayer Corporation states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

10.      The allegations in paragraph 10 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

11.      Bayer Corporation admits the allegations in paragraph 11.

12.      The allegations in paragraph 12 are not directed at Bayer Corporation and therefore no answer is required. To the extent an answer is required, Bayer Corporation denies the allegations in paragraph 12.

13.      The allegations in paragraph 13 comprise attorney characterizations and are accordingly denied. Bayer Corporation states that it is only answering on behalf of Bayer Corporation and not on behalf of any other codefendants.

14.      Bayer Corporation denies the allegations in paragraph 14.

15.      Bayer Corporation denies the allegations in paragraph 15.

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:22-cv-07590-VC

16.     The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17.     The allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18.     Bayer Corporation denies the allegations in paragraph 18.

19.     The allegations in paragraph 19 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

20.     The allegations in paragraph 20 set forth conclusions of law for which no response is required.

21.     Bayer Corporation denies the allegations in paragraph 21.

22.     Bayer Corporation denies the allegations in paragraph 22.

23.     The allegations in paragraph 23 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

24.     Bayer Corporation denies the allegations in paragraph 24.

25.     Bayer Corporation admits the allegations in paragraph 25.

26.     In response to the allegations in paragraph 26, Bayer Corporation admits that glyphosate is an herbicide that is used to kill invasive plants and weeds.  The remaining allegations in paragraph 26 are vague and ambiguous and Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies those allegations.

27.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies those allegations.

28.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies those allegations.

29.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies those allegations.

30.     Bayer Corporation denies the allegations in paragraph 30.

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:22-cv-07590-VC

31.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies those allegations.

32.     Bayer Corporation denies that Roundup®-branded products are Bayer Corporation's products and, therefore, denies the allegations in the third sentence of paragraph 32.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and therefore denies those allegations

33.     Bayer Corporation denies that Roundup®-branded products have "carcinogenic properties." Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 and therefore denies those allegations.

34.     The allegations in paragraph 34 set forth conclusions of law for which no response is required.

35.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 35 and therefore denies those allegations. The remaining allegations in paragraph 35 set forth conclusions of law for which no response is required.

36.     The allegations in paragraph 36 set forth conclusions of law for which no response is required.

37.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies those allegations.

38.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies those allegations.

39.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies those allegations.

40.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies those allegations.

41.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies those allegations. The remaining

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:22-cv-07590-VC

1   allegations in paragraph 41 are directed at a defendant other than Bayer Corporation, so no response

2   from Bayer Corporation is required for these allegations.

3        42.    The allegations in paragraph 42 are directed at a defendant other than Bayer

4   Corporation, so no response from Bayer Corporation is required for these allegations.

5        43.    The allegations in paragraph 43 are directed at a defendant other than Bayer

6   Corporation, so no response from Bayer Corporation is required for these allegations.

7        44.    The allegations in paragraph 44 are directed at a defendant other than Bayer

8   Corporation, so no response from Bayer Corporation is required for these allegations.

9        45.    The allegations in paragraph 45 are directed at a defendant other than Bayer

10   Corporation, so no response from Bayer Corporation is required for these allegations.

11        46.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to

12   the truth of the allegations in paragraph 46 and therefore denies those allegations.

13        47.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to

14   the truth of the allegations in paragraph 47 and therefore denies those allegations.

15        48.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to

16   the truth of the allegations in paragraph 48 and therefore denies those allegations.

17        49.    Bayer Corporation denies that Roundup®-branded products are Bayer Corporation's

18   products and states that the term "toxic" as used in paragraph 49 is vague and ambiguous to the

19   extent it is intended to suggest any evidence of carcinogenicity.  Bayer Corporation otherwise lacks

20   information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 49

21   and therefore denies those allegations.

22        50.    In response to the allegations in paragraph 50, Bayer Corporation states that the cited

23   document speaks for itself and does not require a response.

24        51.    In response to the allegations in paragraph 51, Bayer Corporation denies that

25   Roundup®-branded products are Bayer Corporation's products and states that the cited document

26   speaks for itself and does not require a response.  To the extent that paragraph 51 characterizes the

27   meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 51.

28

52.     In response to the allegations in paragraph 52, Bayer Corporation states that the cited document speaks for itself and does not require a response.   To the extent that paragraph 52 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 52.

53.     In response to the allegations in paragraph 53, Bayer Corporation states that the cited document speaks for itself and does not require a response.   To the extent that paragraph 53 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 53.

54.     In response to the allegations in paragraph 54, Bayer Corporation states that the cited document speaks for itself and does not require a response.   To the extent that paragraph 54 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 54.

55.     In response to the allegations in paragraph 55, Bayer Corporation states that the cited document speaks for itself and does not require a response.   To the extent that paragraph 55 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 55.

56.     In response to the allegations in paragraph 56, Bayer Corporation states that the cited document speaks for itself and does not require a response.   To the extent that paragraph 56 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 56.

57.     In response to the allegations in paragraph 57, Bayer Corporation states that the cited document speaks for itself and does not require a response.   To the extent that paragraph 57 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 57.

58.     Bayer Corporation denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 58.

59. Bayer Corporation denies the allegations in paragraph 59.

60. Bayer Corporation denies the allegations in paragraph 60.

61. Bayer Corporation denies the allegations in paragraph 61.

62. Bayer Corporation denies the allegations in paragraph 62.

63. Bayer Corporation denies the allegations in paragraph 63.

64. Bayer Corporation admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization ("WHO") of the United Nations. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 64 and therefore denies those allegations.

65. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore denies those allegations.

66. Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies those allegations.

67. In response to the allegations in paragraph 67, Bayer Corporation admits that the IARC working group classified glyphosate under Group 2A. Bayer Corporation denies the remaining allegations in paragraph 67.

68. In response to the allegations in paragraph 68, Bayer Corporation admits that the IARC working group classified glyphosate under Group 2A. Bayer Corporation denies the remaining allegations in paragraph 68.

69. In response to the allegations in paragraph 69, Bayer Corporation states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the allegations in paragraph 69 comprise attorney characterizations and are accordingly denied.

70. In response to the allegations in paragraph 70, Bayer Corporation states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the allegations in paragraph 70 comprise attorney characterizations and are accordingly denied.

71.     Bayer Corporation denies the allegations in paragraph 71.

72.     The allegations in paragraph 72 comprise attorney characterizations and are accordingly denied.

73.     Bayer Corporation denies the allegations in paragraph 73.

74.     In response to the allegations in paragraph 74, Bayer Corporation states that the cited document speaks for itself and does not require a response.

75.     In response to the allegations in paragraph 75, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 75 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 75.

76.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore denies those allegations.

77.     The allegations in paragraph 77 are vague and ambiguous and are accordingly denied.

78.     In response to the allegations in paragraph 78, Bayer Corporation states that the cited document speaks for itself and does not require a response.

79.     In response to the allegations in paragraph 79, Bayer Corporation states that the cited document speaks for itself and does not require a response.

80.     In response to the allegations in paragraph 80, Bayer Corporation states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 80 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 80.

81.     In response to the allegations in paragraph 81, Bayer Corporation states that the cited document speaks for itself and does not require a response.

82.     Bayer Corporation admits that there is no reliable evidence that Roundup®-branded products are genotoxic, and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Bayer Corporation otherwise denies the allegations in paragraph 82.

- 8 -

83.     Bayer Corporation denies the allegations in paragraph 83.

84.     Bayer Corporation denies the allegations in paragraph 84.

85.     Bayer Corporation denies the allegations in paragraph 85.

86.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 86 and therefore denies those allegations.   In response to the allegations in the second sentence of paragraph 86, Bayer Corporation states that the cited document speaks for itself and does not require a response.   To the extent that paragraph 86 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 86.

87.     In response to the allegations in paragraph 87, Bayer Corporation states that the cited document speaks for itself and does not require a response.   To the extent that paragraph 87 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 87.

88.     In response to the allegations in paragraph 88, Bayer Corporation states that the cited document speaks for itself and does not require a response.   To the extent that paragraph 88 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 88.

89.     In response to the allegations in paragraph 89, Bayer Corporation states that the cited document speaks for itself and does not require a response.   To the extent that paragraph 89 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 89.

90.     In response to the allegations in paragraph 90, Bayer Corporation states that the cited document speaks for itself and does not require a response.   To the extent that paragraph 90 characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 90.

91.     In response to the allegations in paragraph 91, Bayer Corporation states that the cited document speaks for itself and does not require a response.   To the extent that paragraph 91

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:22-cv-07590-VC

characterizes the meaning of the cited study, Bayer Corporation denies the remaining allegations in paragraph 91.

92.     Bayer Corporation denies the allegations in paragraph 92.

93.     Bayer Corporation denies the allegations in paragraph 93.

94.     Bayer Corporation denies the allegations in paragraph 94.

95.     Bayer Corporation denies the allegations in paragraph 95.

96.     Bayer Corporation denies the allegations in paragraph 96.

97.     Bayer Corporation denies the allegations in paragraph 97.

98.     Bayer Corporation denies the allegations in paragraph 98.

99.     In response to the allegations in paragraph 99, Bayer Corporation admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products.  Bayer Corporation denies the remaining allegations in paragraph 99.

100.     In response to the allegations in paragraph 100, Bayer Corporation admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products.  Bayer Corporation denies the remaining allegations in paragraph 100.

101.     The allegations in paragraph 101 are directed at a defendant other than Bayer Corporation, so no response from Bayer Corporation is required for these allegations.

102.     Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 102 and therefore denies those allegations.

103.     Bayer Corporation denies the allegations in paragraph 103.

104.     Bayer Corporation denies the allegations in paragraph 104.

105.     Bayer Corporation denies the allegations in paragraph 105.

106.     Bayer Corporation denies the allegations in paragraph 106.

107.     Bayer Corporation denies the allegations in paragraph 107.

108.     Bayer Corporation denies the allegations in paragraph 108.

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:22-cv-07590-VC

1     109.    Bayer Corporation denies the allegations in paragraph 109.

2     110.    Bayer Corporation denies the allegations in paragraph 110.

3     111.    Bayer Corporation denies the allegations in paragraph 111.

4     112.    Bayer Corporation denies the allegations in paragraph 112.

5     113.    Bayer Corporation denies the allegations in paragraph 113.

6     114.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to

7  the truth of the allegations in paragraph 114 and therefore denies those allegations.

8     115.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to

9  the truth of the allegations in paragraph 115 and therefore denies those allegations.

10     116.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to

11  the truth of the allegations in paragraph 116 and therefore denies those allegations.

12     117.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to

13  the truth of the allegations in paragraph 117 and therefore denies those allegations.

14     118.    Bayer Corporation denies the allegations in paragraph 118.

15     119.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through

16  118 in response to paragraph 119 of plaintiff's Complaint.

17     120.    Bayer Corporation denies the allegations in paragraph 120.

18     121.    Bayer Corporation denies the allegations in paragraph 121.

19     122.    Bayer Corporation denies the allegations in paragraph 122.

20     123.    Bayer Corporation denies that it engaged in the "wrongdoing" alleged in the

21  Complaint and denies that there is any reliable scientific evidence that exposure to glyphosate or

22  Roundup®-branded products can cause cancer.  The remaining allegations of paragraph 123 are

23  conclusions of law for which no response is required, consist of attorney characterizations and are

24  accordingly denied, or comprise allegations for which Bayer Corporation lacks information or

25  knowledge sufficient to form a belief as to the truth of the allegations asserted and therefore denies

26  those allegations.

27

28

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:22-cv-07590-VC

124.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through 123 in response to paragraph 124 of plaintiff's Complaint.

125.     The allegations in paragraph 125 set forth conclusions of law for which no response is required.

126.    Bayer Corporation denies the allegations in paragraph 126.

127.    Bayer Corporation denies the allegations in paragraph 127, including each of its subparts.

128.    Bayer Corporation denies the allegations in paragraph 128.

129.    Bayer Corporation denies the allegations in paragraph 129.

130.    Bayer Corporation denies the allegations in paragraph 130, including each of its subparts.

131.    Bayer Corporation denies the allegations in paragraph 131.

132.    Bayer Corporation denies the allegations in paragraph 132.

133.    Bayer Corporation denies the allegations in paragraph 133.

134.    Bayer Corporation denies the allegations in paragraph 134.

135.    In response to the first sentence of paragraph 135, Bayer Corporation demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of paragraph 135 sets forth a conclusion of law for which no response is required.

136.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through 135 in response to paragraph 136 of plaintiff's Complaint.

137.    Bayer Corporation denies the allegations in paragraph 137.

138.    Bayer Corporation denies that Roundup®-branded products are Bayer Corporation's products and therefore denies the allegations in paragraph 138.

139.    Bayer Corporation denies the allegations in paragraph 139.

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:22-cv-07590-VC

1    140.    Bayer Corporation denies the allegations in paragraph 140.

2    141.    Bayer Corporation denies the allegations in paragraph 141.

3    142.    Bayer Corporation denies the allegations in paragraph 142, including each of its

4    subparts.

5    143.    Bayer Corporation denies the allegations in paragraph 143.

6    144.    Bayer Corporation denies that Roundup®-branded products are Bayer Corporation's

7    Roundup®-branded products and denies that products have "dangerous characteristics" and therefore

8    denies the allegations in paragraph 144.

9    145.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to

10   the truth of the allegations in paragraph 145 and therefore denies those allegations.

11   146.    Bayer Corporation denies the allegations in paragraph 146.

12   147.    The allegations in paragraph 147 set forth conclusions of law for which no response is

13   required.

14   148.    Bayer Corporation denies the allegations in paragraph 148.

15   149.    Bayer Corporation denies the allegations in paragraph 149.

16   150.    Bayer Corporation denies the allegations in paragraph 150.

17   151.    Bayer Corporation denies the allegations in paragraph 151.

18   152.    Bayer Corporation denies the allegations in paragraph 152.

19   153.    Bayer Corporation denies the allegations in paragraph 153.

20   154.    Bayer Corporation denies the allegations in paragraph 154.

21   155.    Bayer Corporation denies the allegations in paragraph 155.

22   156.    Bayer Corporation denies the allegations in paragraph 156.

23   157.    Bayer Corporation denies the allegations in paragraph 157.

24   158.    In response to the first sentence of paragraph 158, Bayer Corporation demands that

25   judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with

26   prejudice; and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as

27   allowed by law and such further and additional relief as this Court may deem just and proper. The

28

statement in the last sentence of paragraph 158 sets forth a conclusion of law for which no response is required.

159.    Bayer Corporation incorporates by reference its responses to paragraphs 1 through 158 in response to paragraph 159 of plaintiff's Complaint.

160.    Bayer Corporation denies the allegations in paragraph 160.

161.    Bayer Corporation denies the allegations in paragraph 161.

162.    Bayer Corporation denies the allegations in paragraph 162.

163.    Bayer Corporation denies the allegations in paragraph 163.

164.    Bayer Corporation denies the allegations in paragraph 164.

165.    Bayer Corporation denies the allegations in paragraph 165.

166.    Bayer Corporation denies the allegations in paragraph 166.

167.    Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use of history in paragraph 167 and therefore denies those allegations.  Bayer Corporation denies the remaining allegations in paragraph 167.

168.    The allegations in paragraph 168 set for conclusions of law for which no response is required.

169.    Bayer Corporation denies the allegations in paragraph 169.

170.    Bayer Corporation denies the allegations in paragraph 170.

171.    Bayer Corporation denies the allegations in paragraph 171.

172.    Bayer Corporation denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations of paragraph 172.

173.    Bayer Corporation denies the allegations in paragraph 173.

174.    Bayer Corporation denies the allegations in paragraph 174.

175.    Bayer Corporation denies the allegations in paragraph 175.

176.    Bayer Corporation denies the allegations in paragraph 176.

177.    Bayer Corporation denies the allegations in paragraph 177.

178.    Bayer Corporation denies the allegations in paragraph 178.

179.     Bayer Corporation denies the allegations in paragraph 179.

180.     In response to the first sentence of paragraph 180, Bayer Corporation demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The statement in the last sentence of paragraph 180 sets forth a conclusion of law for which no response is required

181.     Bayer Corporation incorporates by reference its responses to paragraphs 1 through 180 in response to paragraph 181 of plaintiff's Complaint.

182.     Bayer Corporation denies the allegations in paragraph 182.   Additionally, the allegations in the last sentence in paragraph 182 set forth conclusions of law for which no response is required.

183.     Bayer Corporation denies the allegations in paragraph 183.

184.     Bayer Corporation denies the allegations in paragraph 184.

185.     Bayer Corporation denies the allegations in paragraph 185.

186.     The allegations in paragraph 186 regarding implied warranties set forth conclusions of law for which no response is required.   Bayer Corporation lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 186 regarding plaintiff's and/or other entity's reliance and therefore denies those allegations.

187.     Bayer Corporation denies the allegations in paragraph 187.

188.     Bayer Corporation denies the allegations in paragraph 188.

189.     Bayer Corporation denies the allegations in paragraph 189.

190.     Bayer Corporation denies the allegations in paragraph 190.

191.     In response to the first sentence of paragraph 191, Bayer Corporation demands that judgment be entered in its favor and against plaintiff; that plaintiff's Complaint be dismissed, with prejudice; and that Bayer Corporation be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper. The

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:22-cv-07590-VC

statement in the last sentence of paragraph 191 sets forth a conclusion of law for which no response is required.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Bayer Corporation denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.      Plaintiff's claims against Bayer Corporation are barred for lack of personal jurisdiction

3.      Venue in the Central District of California is improper.

4.      Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

5.      Any alleged negligent or culpable conduct of Bayer, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

6.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

7.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

8.      Any claims based on allegations that Bayer Corporation misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See,*

*e.g., Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco,* 275 F.3d 1199 (9th Cir. 2002).

9.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

10.     Plaintiff has failed to allege fraud with sufficient particularity.

11.     Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

12.     Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

13.     Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

14.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar plaintiff's claims against Bayer Corporation in whole or in part.

15.     Applicable statutes of limitations and/or repose bar plaintiff's claims in whole or in part.

16.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

17.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Bayer Corporation is neither liable nor responsible or, in the alternative, Bayer Corporation is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by

Bayer. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

18.     Bayer Corporation had no legal relationship or privity with plaintiff and owed no duty to plaintiff by which liability could be attributed to it.

19.     Bayer Corporation made no warranties of any kind or any representations of any nature whatsoever to plaintiff. If any such warranties were made, which Bayer Corporation specifically denies, then plaintiff failed to give notice of any breach thereof.

20.     Plaintiff's claims are preempted or otherwise barred in whole or in or part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

21.     Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Bayer's due process, equal protection and other rights under the United States Constitution, the California Constitution, and/or other applicable state constitutions.

22.     Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff has failed to allege conduct warranting imposition of such damages under California law and/or other applicable state laws.

23.     Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including California law.

24.     Plaintiff's   claims   are   barred   in   whole   or   in   part   by   plaintiff's contributory/comparative negligence.

25.     Plaintiff's claims are barred in whole or in part by plaintiff's failure to mitigate damages.

26.     Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

27.     Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff receives from collateral sources.

28.     If plaintiff has been injured or damaged, no injuries or damages being admitted, such injuries were not caused by a Bayer Corporation product.

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:22-cv-07590-VC

29.     Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

30.     Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of states that do not govern plaintiff's claims.

31.     Bayer Corporation hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE,** Defendant Bayer Corporation demands judgment in its favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

## <u>JURY TRIAL DEMAND</u>

Bayer Corporation demands a jury trial on all issues so triable.

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:22-cv-07590-VC

1    DATED: December 12, 2022                    Respectfully submitted,

2

3                                               SHOOK, HARDY & BACON L.L.P.

4                                               By: /s/Jennise W. Stubbs
                                                    Jennise W. Stubbs
5                                                   600 Travis Street, Suite 3400
                                                    Houston, TX 77002-2926
6                                                   Telephone: (713) 227-8008
                                                    Facsimile: (713) 227-9508
7                                                   Email: jstubbs@shb.com

8                                               *Attorneys for Defendant*
                                                *BAYER CORPORATION*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:22-cv-07590-VC

## CERTIFICATE OF SERVICE

I certify that on the 12th day of December 2022, I electronically transmitted the foregoing **BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal, and a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs

BAYER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:22-cv-07590-VC