**SINGLETON SCHREIBER, LLP**
Gerald Singleton (SBN 208783)
gsingleton@singletonschreiber.com
591 Camino de la Reina, Suite 1025,
San Diego, CA 92108
Telephone: (619) 771-3473
Facsimile: (619) 255-1515

**SINGLETON SCHREIBER, LLP**
Christopher R. Rodriguez (SBN 212274)
crodriguez@singletonschreiber.com
Andrew D. Bluth (SBN 232387)
abluth@singletonschreiber.com
Trent J. Nelson (SBN 340185)
tnelson@singletonschreiber.com
1414 K Street, Suite 470
Sacramento, CA 95814
Telephone: (916) 248-8478

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| | Master Docket Case No. 16-md-02741-VC |
| **THIS DOCUMENT RELATES TO:** | Honorable Vince Chhabria |
| Nick Varanelli | Case No. 3:22-cv-07018-VC |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND AND AWARD ATTORNEYS' FEES AND COSTS** |
| Monsanto Company, a Delaware Corporation; Wilbur-Ellis Company LLC, a California Corporation; Wilbur-Ellis Feed, LLC, a California Corporation; and DOES 1 through 100, inclusive, | |
| | Date: February 9, 2023 Time: 10:00 a.m. Ctrm: 4 |

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND
AWARD ATTORNEYS' FEES AND COSTS - 3:22-cv-07018-VC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................4

II. STATEMENT OF FACTS/PROCEDURAL HISTORY ....................................................5

III. ARGUMENT .......................................................................................................................7

   A.  Defendants Wilbur-Ellis Feed and Wilbur-Ellis Company have waived their right to remove this action because Defendants failed to file the Notice of Removal within the proscribed thirty-day period. .............................................................................................................................................9

   B.  Defendants have failed to meet the heavy burden of establishing that there is *no possibility* that Plaintiff could demonstrate a viable claim against Wilbur-Ellis Company........................................11

   C.  This Court should award costs and fees because Defendants' decision to remove this case to federal court was objectively unreasonable. ........................................................................................13

IV. CONCLUSION....................................................................................................................14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND
AWARD ATTORNEYS' FEES AND COSTS - 3:22-cv-07018-VC

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*Bowles v. Constellation Brands, Inc.*,

    444 F. Supp.3d 1161 (E.D. Cal. 2020) ............................................................ 8

*GranCare, LLC v. Thrower*,

    889 F.3d 543 (9th Cir. 2018) ................................................................ 7, 8, 13

*Green v. Amerada Hess Corp.*,

    707 F.2d 201 (5th Cir. 1983) ...................................................................... 8

*Hunter v. Philip Morris USA*,

    582 F.3d 1039 (9th Cir. 2009) ................................................................... 8, 9

*Luther v. Countrywide Home Loans Servicing, LP*,

    533 F.3d 1031 (9th Cir. 2008) .................................................................... 7

*Martin v. Franklin Capital Corp.*,

    546 U.S. 132 (2005) ............................................................................. 13

*Easley v. 3M, Co.*,

    No. C 07-03507, 2007 U.S. Dist. LEXIS 83149 ............................................... 8, 9

*Padilla v. AT&T Corp.*

    697 F.Supp.2d 1156 (C.D. Cal. 2009) ............................................................ 9

*Reyes v. FCA US LLC*,

    No. 1:20-cv-00833-DAD-SKO, 2020 U.S. Dist. LEXIS 230587 (E.D. Cal. Dec. 8, 2020) ............ 11

*Walker v. Motricity Inc.*,

    627 F.Supp.2d 1137 (N.D. Cal. 2009) .......................................................... 13

**<u>Statutes</u>**

28 U.S.C. § 1446 ........................................................................... 7, 9, 11

28 U.S.C § 1331 ................................................................................. 7

28 U.S.C § 1332 ................................................................................. 7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND
AWARD ATTORNEYS' FEES AND COSTS - 3:22-cv-07018-VC

## I.   INTRODUCTION

In or around January 2014, Plaintiff Nick Varanelli developed Non-Hodgkin's Lymphoma ("NHL") as a direct and proximate result of being exposed to Roundup. Defendant Monsanto Company sold and advertised Roundup in the State of California, and Defendants Wilbur-Ellis Company and Wilbur-Ellis Feed sold and distributed Roundup. However, due to Defendants' intentional concealment of the true risks associated with Roundup, Mr. Varanelli did not suspect that his NHL was caused by Roundup until 2021. Accordingly, Plaintiff's Complaint—the operative pleading at issue in this motion—names Monsanto Company, Wilbur-Ellis Company, and Wilbur-Ellis Feed as Defendants in this action.

In removing this action to federal court, Defendants Wilbur-Ellis Company and Wilbur-Ellis Feed contend that Mr. Varanelli engaged in fraudulent joinder by naming them as Defendants. Specially, Defendants claim that, upon discovery of certain facts in Plaintiff's answer to Defendants' Special Interrogatories in October 2022, said facts alerted Defendants to the purported removability of this action because they establish that Plaintiff cannot hold either Wilbur-Ellis Company or Wilbur-Ellis Feed liable under any claim.

As a threshold matter, Defendants' removal is untimely.  In support of removal, Defendant Wilbur-Ellis Feed argues that Plaintiff cannot hold it liable because Mr. Varanelli was diagnosed with NHL in 2014, and the company did not come into existence until September 2015.  There is no question that Wilbur-Ellis Feed was aware of this argument as soon as it was served with the Complaint in March 2022, since the Complaint expressly states the date of Mr. Varanelli's diagnosis.  Similarly, Defendant Wilbur-Ellis Company argues that Plaintiff cannot hold it liable because it distributes, markets, and sells Roundup in agricultural and professional markets, and does not play a role in the chain of distribution leading to Roundup being sold at national retailers such as Home Depot.  Again, Defendant Wilbur-Ellis Company was aware of this argument and its application to Plaintiff's claims from the moment they were served with the Complaint in March 2022.

Even putting aside the flagrant untimeliness of Defendants' removal, Defendants' purported bases for removal are without merit because a party asserting fraudulent joinder bears a heavy burden. If there is "**any possibility**" that a plaintiff will be able to establish liability against a party in question,

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND AWARD ATTORNEYS' FEES AND COSTS- 3:22-cv-07018-VC

removal is improper, and the case must be remanded to state court. Here, there is no doubt that Defendants fail to meet this burden. The facts in the present matter—as well as all reasonable inferences to which Plaintiff is entitled—clearly establish a "possibility" that Mr. Varanelli has a viable claim against Defendant Wilbur-Ellis Company.

Accordingly, because Defendants have brought their Notice of Removal in an untimely matter, and because Wilbur-Ellis Company fails to allege sufficient facts to rebut the *possibility* that Plaintiff can establish a claim against it, this matter must be remanded to state court.

## II.    STATEMENT OF FACTS/PROCEDURAL HISTORY

Plaintiff Nick Varanelli brings this action for personal injuries he sustained by his exposure to Roundup, which contains the active ingredient glyphosate and the surfactant polyethoxylated tallow amine ("POEA"). Declaration of Andrew Bluth in Support of Motion for Remand ("Bluth Decl."), ¶ 5, **Exhibit A** [Complaint for Damages ("Complaint") at ¶ 5]. From approximately 1990 to 2014, Plaintiff used Roundup on various properties in the State of California.  As a direct and proximate result of being exposed to Roundup, Mr. Varanelli developed Non-Hodgkin's Lymphoma ("NHL") in or around January 2014, suffering injuries and damages that continue to this day. *Id.* at ¶ 5. However, as a result of Defendants Monsanto Company, Wilbur-Ellis Company LLC ("Wilbur-Ellis Company"), and Wilbur-Ellis Feed LLC's ("Wilbur-Ellis Feed") concealment of the true risks associated with Roundup and glyphosate, Plaintiff did not reasonably suspect that Roundup was the cause of his NHL until or around December 2021. *Id.*

Plaintiff filed his Complaint in the Superior County of California, County of Santa Cruz on February 8, 2022, alleging various claims against Defendants, including: (1) failure to warn; (2) negligence; (3) fraud, misrepresentation, and suppression; and (4) violation of the Unfair Business Practices Act. *See generally* Complaint at ¶¶ 24-35.  The Complaint clearly alleges that Mr. Varanelli developed NHL in 2014.  Complaint at ¶ 5. All defendants were served with the Complaint by March 11, 2022, and all Defendants filed answers to the Complaint by April 11, 2022. Bluth Decl., ¶ 6, Exhibit B; Monsanto Company's Notice of Removal of *Varanelli* Lawsuit ("NOR"), Exhibit 1 [Answers to Complaint].

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND AWARD ATTORNEYS' FEES AND COSTS- 3:22-cv-07018-VC

Months later, on November 9, 2022, Defendants filed their NOR, alleging that Plaintiff joined Defendants Wilbur-Ellis Feed LLC (now known as "Wilbur-Ellis Nutrition") and Wilbur-Ellis Company LLC "in the hope that adding claims against those California companies would prevent removal due to lack of diversity jurisdiction." NOR ¶ 9. Accordingly, Defendants argue that the citizenship of Wilbur-Ellis Feed and Wilbur-Ellis Company should be disregarded because they have been fraudulently joined. *Id*. at ¶¶ 9, 26.

Defendant Monsanto Company is a Delaware Corporation, with its headquarters and principal place of business in St. Louis, Missouri. Complaint ¶ 6. Defendant Wilbur-Ellis Feed is a California limited liability corporation with its headquarters and principal place of business in San Francisco, California. *Id*. at ¶ 18. Wilbur-Ellis Feed sold and distributed Monsanto products including Roundup within the State of California. *Id.* Defendant Wilbur-Ellis Company is a California limited liability corporation with its headquarters and principal place of business in San Francisco, California. *Id.* at ¶ 17. Wilbur-Ellis Company sold and distributed Monsanto Company products including Roundup within the State of California. *Id*. Plaintiff Nick Varanelli is a resident and citizen of Santa Cruz and/or Sacramento Counties, California. *Id*. at ¶ 5. Accordingly, not all Defendants are diverse from Plaintiff, as both Wilbur-Ellis Feed and Wilbur-Ellis Company are citizens of California.

Despite Defendants' untimely attempts to argue that Wilbur-Ellis Feed and Wilbur-Ellis Company are fraudulently joined, the record undermines Defendants' position.  First, Wilbur-Ellis Feed and Wilbur-Ellis Company have waived their right to remove the current action because their arguments for fraudulent joinder are untimely, as Defendants *could have* discovered the facts and/or allegations for their argument based on the Complaint, served in March 2022, but failed to do so. Instead, Defendants allege that they recently learned of facts leading to the purported removability of this action after Plaintiff's answers to the Special Interrogatories in October 2022. This is plainly false, as Plaintiff's Complaint contained the very same facts that were present in the Special Interrogatories upon which Defendants now claim to base their fraudulent joinder theory. Thus, instead of bringing their fraudulent joinder arguments in April 2022, Defendants have stalled for nearly *seven* months, touting the false premise that they only recently discovered these facts.

Additionally, Defendants fail to allege that Plaintiff cannot allege *any possible claim* against Defendants. For instance, Wilbur-Ellis Company argues that it cannot be liable to Plaintiff based on cleverly worded allegations that it has never been in the business of distributing, marketing, or selling Roundup herbicides in the residential-lawn-and-garden market and has never played any role in the chain of distribution of these products to national retail stores like Home Depot. *See* NOR ¶ 22. However, Wilbur-Ellis Company does *not* unequivocally state that it is *impossible* that Mr. Varanelli *could have* purchased or used its products from national retail stores and/or the residential-lawn-and-garden market. Accordingly, Wilbur-Ellis Company cannot establish that there is *no possibility* that Plaintiff could not have purchased Wilbur-Ellis Company's products. In short, Defendants cannot establish that Plaintiff has no basis in state law to impose liability upon them, and this matter must be remanded to state court.

## III.   ARGUMENT

Removal of this action is improper because: (1) Defendants' removal is untimely; and (2) this Court does not have subject matter jurisdiction over this case on the basis of "fraudulent joinder." The removal statute is strictly construed, and doubts regarding the court's jurisdiction are resolved in favor of remand. *See Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). Removal is proper only when: (1) the case presents a federal question or (2) there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). Pursuant to the 28 U.S.C. § 1446(b)(3), a defendant has thirty days to remove an action to federal court after receipt by service or otherwise "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Accordingly, a defendant's failure to file a Notice of Removal within this thirty-day period constitutes a waiver.

"There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (internal citations and quotations omitted). Here, Defendants allege the second type of fraudulent joinder. The law in the "Ninth Circuit is clear: a federal court is to find fraudulent joinder only under highly limited

7

circumstances, and resolve any doubts in favor of remanding the action to state court." *Bowles v. Constellation Brands, Inc.*, 444 F.Supp.3d 1161, 1180 (E.D. Cal. 2020) (internal citations and quotations omitted). Accordingly, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against… fraudulent joinder." *GranCare,* 889 F.3d at 548 (quotations and citations omitted).

"The legitimacy of removal must be decided on evidence available at the time of removal and not on possible future evidence that may be obtained through further discovery." *Easley v. 3M, Co.*, No. C 07-03507, 2007 U.S. Dist. LEXIS 83149, at *5 (internal citations and quotations omitted). Additionally, "evaluation of fraudulent joinder claims *does not anticipate a judgment on the merits*, but merely considers whether there is any *possibility* that the plaintiff might prevail." *Id.* (internal citations and quotations omitted) (emphasis added). Thus, unlike a Rule 12(b)(6) motion, federal courts do not weigh the merits of the plaintiff's claim beyond determining if the claim is arguable under state law. *See GrandCare*, 889 F.3d at 549; *Green v. Amerada Hess Corp.*, 707 F.2d 201, 204 (5th Cir. 1983) ("district courts must not 'pretry' substantive factual issues in order to answer the discrete threshold question of whether the joinder of an in-state defendant is fraudulent. . . [t]he only issue the court should address is that of its own jurisdiction").

To prevail on the theory of fraudulent joinder, Defendants must establish that the "'individual [] joined in the action cannot be liable on *any* theory.'" *Id*. at 548 (emphasis added) (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (emphasis added) (quoting *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1046 (9th Cir. 2009). The "plaintiff need only have one potentially valid claim against a non-diverse defendant to survive a fraudulent joinder challenge." *Naswari v. Buck Consultants, LLC*, 713 F.Supp.2d 1080, 1084 (E.D. Cal. 2010) (citations and quotations omitted). To assess if a claim is stated for the purposes of "fraudulent joinder," the Ninth Circuit applies state pleading standards. *See Hunter*, 532 F.3d at 1046. A failure to state a claim against the non-diverse defendant in the complaint must be "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (citations and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND AWARD ATTORNEYS' FEES AND COSTS- 3:22-cv-07018-VC

quotations omitted). Thus, a complaint must simply contain "[a] statement of the facts constituting the cause of action, in ordinary and concise language." Cal. Code Civ. Pro. § 425.10(a)(1). This standard is easily satisfied with "general allegations of ultimate fact," even if those facts are not accompanied by "evidentiary facts supporting the allegation of ultimate fact." *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1469 (2006) (internal citations omitted).

When evaluating the issue of fraudulent joinder, the Ninth Circuit allows a court to consider facts outside the complaint for the limited purpose of identifying "the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *See Hunter*, 582 F.3d at 1044 (quoting *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004)). For example, "[i]n deciding a fraudulent joinder [claim], the Court may. . . consider summary judgment type evidence such as affidavits and deposition testimony." *Easley*, No. C 07-03507, 2007 U.S. Dist. LEXIS 83149, at *5 (internal citations and quotations omitted). Again, however, any ambiguities or contested issues of fact must be resolved in favor of Plaintiffs. *Hunter*, 582 F.3d at 1044; *see also Padilla v. AT&T Corp.* 697 F. Supp. 2d 1156, 1158–60 (C.D. Cal. 2009).

### A. Defendants Wilbur-Ellis Feed and Wilbur-Ellis Company have waived their right to remove this action because Defendants failed to file the Notice of Removal within the proscribed thirty-day period.

Both Defendant Wilbur-Ellis Feed and Wilbur-Ellis Company have waived their right to remove this action to this Court because the NOR was filed past the thirty-day deadline from which Defendants first learned that this action was purportedly removable. *See* 28 U.S.C. § 1446(b)(3). Defendants claim that they learned of the removability of this action based on Plaintiff's answers to the Special Interrogatories, filed on October 14, 2022. However, both Wilbur-Ellis Feed and Wilbur-Ellis Company had notice of the same facts supporting the purported removability of this action based on the facts in the Complaint, filed on February 8, 2022, and served on March 11, 2022.

Defendant Wilbur-Ellis Feed maintains that it learned that this action was removable based on Mr. Varanelli's answer to the Special Interrogatories (filed on October 14, 2022) where he stated that his "use of Roundup®-branded herbicides ended in 2014." NOR ¶ 17. Based on this response, Wilbur-Ellis Feed argues that Plaintiff cannot hold it because "the alleged events upon which Plaintiff's claims

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND AWARD ATTORNEYS' FEES AND COSTS- 3:22-cv-07018-VC

are based all occurred before Wilbur-Ellis Feed/Nutrition came into existence as a company" in September 2015. *Id*.

Fatally, Wilbur-Ellis Feed did *not* first learn of the purported removability of this act in October 2022. Instead, Wilbur-Ellis Feed had notice of the purported removability of this action based on the facts in Complaint, served on March 11, 2022. Indeed, Wilbur-Ellis Feed *admits* this in its NOR, stating that: "**the Complaint alleged that Plaintiff's NHL was diagnosed 'on or around January 2014**" as a result of Plaintiff's Roundup® use and/or exposure. *Id*. (quoting Complaint ¶ 5) (emphasis added). Accordingly, Defendant Wilbur-Ellis Feed cannot maintain that it first learned that this action was removable on or after October 14, 2022, as it is clear from the Complaint that Mr. Varanelli used Roundup®-branded herbicides **during and/or prior to 2014**. Thus, the appropriate date for removal by Wilbur-Ellis Feed was April 11, 2022 (which is thirty days after the Complaint was served). Instead, Wilbur-Ellis Feed filed its untimely NOR on November 9, 2022, nearly seven months after the proper April 11, 2022 deadline.

Similarly, Wilbur-Ellis Company also had notice of the removability of this action against it based on the facts alleged in the Complaint. However, in the NOR, Wilbur-Ellis Company states that it is in the business of distributing, marketing, and selling in certain markets—specifically, the agricultural and "professional market"—and not the residential-law-and-garden market and therefore cannot be liable to Plaintiff. *Id*. at ¶¶ 21, 22. Wilbur-Ellis Company purports to base this contention on Plaintiff's November 2022 answers to the Special Interrogatories, which state: "Plaintiff alleged used and/or was exposed to Roundup®-branded herbicides for *residential use and not for work-related reasons*." Bluth Decl., ¶ 7, Ex. C. [See Responses to Special Interrogatories Nos. 8-11] (emphasis added). Accordingly, Wilbur-Ellis Company contends that it cannot be liable based on Plaintiff's answers because Mr. Varanelli is not a consumer in the agricultural or professional markets and therefore must have purchased Roundup® products at national retailers.

Wilbur Ellis Company's attempt to argue that it only recently learned of the facts suggesting the removability of this action must fail, as the same types of facts that serve as its bases for a fraudulent joinder claim are present in the February 2022 Complaint. A review of Plaintiff's Complaint reveals: (1) that Mr. Varanelli is an individual, and not a "professional" or "agricultural" plaintiff; and (2) the

type of Roundup® products that served or could have served as the basis of Plaintiff's claims and injuries. *See, e.g.,* Complaint ¶¶ 5, 8. Thus, Defendant could have—but *failed to*—raise their fraudulent joinder claims in April 2022. Accordingly, Wilbur-Ellis Company has also waived its right to remove this action.

Defendants Wilbur-Ellis Feed and Wilbur-Ellis Company have failed to file the NOR within the thirty-day period proscribed under Section 1446(b)(3), and thus have waived their right to remove this action to federal court. Thus, this action must be remanded due to the untimeliness of the NOR.

**B. Defendants have failed to meet the heavy burden of establishing that there is *no possibility* that Plaintiff could demonstrate a viable claim against Wilbur-Ellis Company.**

The removing Defendants have also failed to meet their heavy burden to establish that Plaintiff has *no possible claim* against them. Even if this Court exercises its discretion to look beyond the pleadings and consider evidence offered in affidavits, depositions, and other summary judgment type pleadings (*Reyes v. FCA US LLC*, No. 1:20-cv-00833-DAD-SKO, 2020 U.S. Dist. LEXIS 230587, at *1 (E.D. Cal. Dec. 8, 2020)), its consideration of any such evidence only confirms the fact that, for purposes of determining jurisdiction, Wilbur-Ellis Company is a proper Defendant.

In the NOR, Wilbur-Ellis Company contends that the glyphosate-based Roundup®-branded herbicides that Plaintiff used and/or was exposed to were not the products that it had a role in distributing, and thus, Wilbur-Ellis Company cannot be found liable by Plaintiff. To support this claim, Wilbur-Ellis Company states that it has been in the business of distributing and selling in only *certain* markets—specifically, in the agricultural and "professional market"[1]—and not the residential-law-and-garden market. NOR ¶¶ 21, 22. The company also alleges that: (1) it "is not in the business of distributing, marketing, or selling glyphosate-based Roundup®-branded herbicides that have been designed for the residential-lawn-and-garden market"; and (2) Plaintiff's use and/or exposure to Roundup®-branded herbicides was limited to residential use and not for work-related reasons. *Id.* at ¶¶ 22, 25.

---

[1] Wilbur-Ellis Company uses this term to refer to herbicide products that are designed for and sold to landscaping companies, golf courses, schools, or state and local government agencies. NOR ¶ 21. There are no allegations in the Complaint to suggest that Mr. Varanelli used Roundup in any of these specialized contexts.

11

Defendant Wilbur-Ellis Company's claims do not meet the *no possibility* standard in the Ninth Circuit, as the claims by Defendant are supported by a self-serving declaration and fails to acknowledge the extent and content of Plaintiff Varanelli's special interrogatory responses. To start, Wilbur-Ellis Company relies on a cautiously worded declaration by Scott Hushbeck, an ex-employee of the company, who states:

1. "Wilbur-Ellis Company **had never been in the business of distributing, marketing, or selling** Monsanto's glyphosate-based Roundup®-branded herbicides that have been designed for the residential-lawn-and-garden market…"
2. "Wilbur-Ellis Company had **never played any role in the chain of distribution** leading to Monsanto's glyphosate-based Roundup®-branded lawn and garden herbicides being sold at Home Depot stores, Lowe's stores, Target stores, Walmart starts, Costco stores, Ace Hardware stores, or other national retail stores."

NOR, Ex. 5 [Declaration of Scott Hushbeck] ¶ 5 ("Hushbeck Declaration") (emphasis added).

However, Mr. Hushbeck's declaration fails to rebut the possibility that any glyphosate-based Roundup®-branded herbicides by Wilbur-Ellis Company were never **sold or marketed** at various national retail stores, including Home Depot. Additionally, Wilbur-Ellis Company does not state in its NOR—nor does Mr. Hushbeck in his declaration—that it was *impossible* for: (1) the company's glyphosate-based Roundup®-branded to be sold in a Home Depot or other national retail store; or (2) Mr. Varanelli to use and/or be exposed to Wilbur-Ellis Company's glyphosate-based Roundup®-branded herbicides from a retailer in either the agricultural or "professional market." Thus, based on the pleadings, Defendant Wilbur-Ellis Company fails rebut the possibility that Plaintiff has a valid claim against it.

Furthermore, Wilbur-Ellis Company fails to acknowledge Plaintiff's answer to Defendants' special interrogatories. When identifying the "suppliers or retailers from which [Plaintiff] purchased [Roundup]," Mr. Varanelli's response was: "To the ***best of Plaintiff's recollection***, Plaintiff ***primarily*** purchased the Roundup at Home Depot" and that "***[d]iscovery is ongoing***." Bluth Decl., ¶ 7, Ex. C. [Response to Special Interrogatory No. 17] (emphasis added).  At no point did Mr. Varanelli state that he solely purchased Roundup at Home Depot, nor did he state that his recollection of this fact was made with complete certainty. Accordingly, it was possible for Mr. Varanelli to obtain Roundup at

12

locations other than Home Depot—e.g. from agricultural and/or "professional" markets—or from individuals and/or companies that had access to markets other than the residential-lawn-and-garden market and/or national retailers.

As discovery is still ongoing in this matter, it is *possible* based on the present pleadings that Plaintiff has either purchased or been exposed to Roundup products that are outside of the residential-lawn-and-garden market and/or national retailers. Furthermore, Defendant has failed to rebut the possibility that its products could have been sold at such locations, despite not "participating" in the distribution of such products through these channels. It is both *plausible* and *possible* that Plaintiff has used and/or has been exposed to the categories of Roundup®-branded herbicide products that Wilbur-Ellis Company has distributed, marketed, or sold. Thus, Plaintiff should be entitled to conduct further discovery to ascertain such possibilities.

Thus, Wilbur-Ellis Company has failed to meet its heavy burden of establishing that Plaintiff has no possible claims against it. Viewing the facts in the light most favorable to Plaintiff—as Plaintiff is entitled to pursuant to the Ninth Circuit standards—Plaintiff maintains a possible claim against both Defendants based on his pleadings and other summary-judgment type evidence in this matter. Consequently, this case should be remanded to state court.

**C. This Court should award costs and fees because Defendants' decision to remove this case to federal court was objectively unreasonable.**

The standard for awarding fees "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," and "should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140, 141 (2005). Generally, a district court should award costs and attorneys' fees under Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *GranCare*, 889 F.3d at 552. The Ninth Circuit quoted with approval the district court's statement that: "[t]he court's award of fees in this case is not a punitive award against defendants; it is simply reimbursement to plaintiffs of wholly unnecessary litigation costs the defendant inflicted." *Walker v. Motricity Inc.*, 627 F. Supp. 2d 1137, 1144 (N.D. Cal. 2009) (emphasis added) (citations and quotations omitted).

In this case, Defendants Wilbur-Ellis Feed and Wilbur-Ellis Company lacked an objectively reasonable basis for seeking removal, as the Notice for Removal was plainly made to prolong litigation, delay Plaintiff's recovery, and impose needless costs for Plaintiff. The NOR was untimely, as both Defendants had notice of Plaintiff's claims from his Complaint, filed in February 2022; accordingly, both Defendants have waived their right to remove this action. Additionally, Defendants have failed to meet the heavy burden imposed on Defendants to establish that there was *no possibility* that Plaintiff could bring a claim against Wilbur-Ellis Company.

In short, Defendants' removal was unreasonable and lacked an objectively reasonable basis for removal. This Court should therefore award costs and attorneys' fees.

## IV. CONCLUSION

For each of the reasons set forth herein, this Court should remand this case to state court and award costs and attorneys' fees.

SINGLETON SCHREIBER, LLP

Dated: December 29, 2022          By:      */s/ Andrew D. Bluth*
                                           Gerald Singleton
                                           Christopher R. Rodriguez
                                           Andrew D. Bluth
                                           Trent J. Nelson

                                           Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew D. Bluth, hereby certify that on December 29, 2022, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

*/s/ Andrew D. Bluth*
Andrew D. Bluth

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND AWARD ATTORNEYS' FEES AND COSTS- 3:22-cv-07018-VC