# EXHIBIT C

1
2
3
4
5
6

**SINGLETON SCHREIBER, LLP**
Gerald Singleton, SBN 208783
gsingleton@singletonschreiber.com
Kristen D. Miller, SBN 273030
kmiller@singletonschreiber.com
591 Camino de la Reina, #1025
San Diego, CA 92108
Tel: (619) 771-3473
Fax: (619) 255-1515

7
8
9
10
11
12

**SINGLETON SCHREIBER, LLP**
Christopher R. Rodriguez, SBN 212274
crodriguez@singletonschreiber.com
Andrew Bluth, SBN 232387
abluth@singletonschreiber.com
Trent Nelson, SBN 340185
tnelson@singletonschreiber.com
1414 K Street, Suite 470
Sacramento, CA 95814
Tel: (916) 248-8478

13

*Attorneys for Plaintiff*

14

15

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

16

## FOR THE COUNTY OF SANTA CRUZ

17
18
19
20
21
22
23

NICK VARANELLI,

    Plaintiff,

    v.

MONSANTO COMPANY, *et al.*,

    Defendants.

CASE NO. 22CV00278

**PLAINTIFF'S RESPONSE TO
DEFENDANT MONSANTO COMPANY'S
SPECIAL INTERROGATORIES TO
PLAINTIFF NICK VARANELLI (SET
ONE)**

Complaint Filed: February 8, 2022
Trial Date:      TBD

24

PROPOUNDING PARTY:    Defendant MONSANTO COMPANY

25

RESPONDING PARTY:    Plaintiff NICK VARANELLI

26

SET NO.:        ONE

27

28

Pursuant to California Code of Civil Procedure § 2030.010, *et seq.*, Plaintiff, NICK VARANELLI ("Plaintiff"), responds the following first Set of Special Interrogatories to Plaintiff Nick Varanelli in the above-captioned lawsuit.

## DEFINITIONS AND INSTRUCTIONS

Plaintiff's responses are based on the following definitions and instructions, to which Plaintiff reserves all objections as more specifically stated herein:

1.     "MONSANTO" means Defendant Monsanto Company.

2.     "PLAINTIFFS," "YOU," or "YOUR" means Plaintiff Nick Varanelli, Plaintiff's attorney(s), employee(s), agent(s), investigator(s), and any other person(s) working under Plaintiff's direction or on Plaintiff's behalf.

3.      "COMMUNICATION" or "COMMUNICATIONS" means the transmittal of information by any means.

4.     "COMPLAINT" means the operative complaint in the above-captioned action filed in the County of Santa Cruz Superior Court on February 8, 2022, entitled *Nick Varanelli v. Monsanto Company, et al*., Case No. 22CV00278.

5.     "HEALTH CARE PRACTITIONER" means any hospital, clinic, center, physician's office, treatment center, mental health facility, pharmacy, infirmary, medical or diagnostic laboratory, or other facility that provides medical, psychiatric, mental, emotional or psychological care or advice and any doctor, physician, surgeon, oncologist, radiologist, endocrinologist, clinical geneticist, natural healthcare provider, rheumatologist, homeopath, osteopath, chiropractor, paramedic, nurse (registered or otherwise), physician's assistant, physiotherapist, psychologist, psychiatrist, therapist, or any other PERSON practicing any healing art, or performing any physical, radiological, or mental evaluation or examination, or any other PERSONS or entities involved in the evaluation, diagnosis, care and/or treatment of plaintiff Nick Varanelli.

6.     "MEDICAL RECORDS" means all medical history or examination reports and notes, tests results, laboratory reports, pathology slides, pathology specimens, pathology reports

---

2

and notes, radiographic films, CT scans, X-rays, MRI films, MRA films, scintigrams (bone scans), correspondence, progress notes, prescription records, insurance, Medicare, Medicaid and disability records, and medical bills or invoices regarding YOUR current or former diseases, diagnoses, or treatment, specifically including, but not limited to, cancer diagnoses and treatment.

7.      "ROUNDUP" means MONSANTO's glyphosate-containing products.

8.      "OTHER GLYPHOSATE PRODUCTS" means any product containing N-(phosphonomethyl) glycine and/or $C_3H_8NO_5P$ other than and excluding ROUNDUP.

9.      "DOCUMENT" or "DOCUMENTS" means all tangible and electronic things and recorded information, including any written, printed, recorded or graphic matter, computer generated or maintained matter, photographic matter, film or videotaped matter, and all written, typed or printed matter and all electronic, magnetic or other records, including both the original and/or non-identical draft(s). Examples of DOCUMENTS include, but are not limited to, handwritten, typed, or printed papers; letters, cards, memoranda, notes; invoices, purchase orders, financial statements, manuals, receipts; diaries, logs, journals, calendars; electronic mail, discussion board postings, blogs, chat room messages and posts, and social media COMMUNICATIONS (e.g., posts or messages sent via Facebook, Facebook Messenger, LinkedIn, Snapchat, Instagram, Twitter, Foursquare, Pinterest, Gmail, Yahoo, Comcast, Verizon, iChat, Apple FaceTime, AOL Instant Messenger, BlackBerry Messenger, GroupMe, WhatsApp, and TikTok, etc.); phone text messages, voicemail recordings, facsimile, notes of telephone conversations; drawings, photographs, audio, tapes, disks, videotape recordings, DVD recordings, CD-ROM, films, and other forms of electronically or magnetically maintained information.

10.      A DOCUMENT "RELATED TO" or "IN CONNECTION WITH" a given subject matter shall mean a document or statement that relates to, constitutes, embodies, comprises, reflects, identifies, states, refers to, comments on, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to that subject matter.

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

11.     The terms "IDENTIFY," or give the "IDENTITY" mean and require YOU to STATE:

      a.    With reference to an individual, STATE his or her full name and last known residential address, business address, telephone and/or facsimile number, the name and address of his or her employer, the individual's job title or job responsibilities, and his or her relationship to YOU.

      b.    With reference to a company or organization, STATE the entity's full legal name, business addresses, telephone number and a PERSON with whom YOU had direct contact within that entity.

      c.    With reference to a DOCUMENT, DESCRIBE the DOCUMENT, STATE the DATE when the DOCUMENT was created, name the creator of the DOCUMENT, and name each PERSON to whom the DOCUMENT was sent.

      d.    With reference to an oral COMMUNICATION, provide the DATE(s) of the COMMUNICATION, the names and addresses of all involved parties, when the COMMUNICATION occurred, by what means the COMMUNICATION occurred, the place(s) where the COMMUNICATION took place, the subject matter of the COMMUNICATION and the general substance of the COMMUNICATION; and

      e.    With reference to an occurrence or event, provide the DATE and location of the occurrence or event, the IDENTITY of each PERSON involved in the occurrence or event, the subject matter discussed and the IDENTITY of any DOCUMENT that records, refers to or relates to such occurrence or event.

      f.    With reference to an object, item, belonging, or property, provide the date of manufacture, manufacturer's name, and model designation and the years YOU possessed or otherwise interacted with the object, item, belonging or property.

g.    With reference to testing or test results, IDENTIFY the PERSONS that conducted the tests, all DOCUMENTS pertaining to the testing, the date(s) the testing was performed and the date(s) the test results were prepared.

12.    "STATE" or "DESCRIBE" means:

a.    To fully elucidate by reference to underlying facts rather than by reference to ultimate facts or conclusions of fact or law;

b.    Where applicable, to particularize as to time, place, and manner; and

c.    To set forth all relevant facts necessary to complete the understanding of the act, process, event or thing in question.

13.    "DATE" shall mean the exact DATE, month and year, if ascertainable, or if not, the best approximation of the DATE (based on relationship with other events).

14.    "INJURY" or "INJURIES" means all of YOUR medical or other conditions that YOU contend were caused, precipitated, or exacerbated by, or otherwise due to YOUR exposure to ROUNDUP and/or OTHER GLYPHOSATE PRODUCTS.

15.    "LAWSUIT" means the operative COMPLAINT YOU filed in the above-captioned lawsuit.

16.    "EVIDENCE" (including the other tense forms of those terms) means describing, evidencing, constituting, reflecting, showing, comprising, considering, discussing, regarding, setting forth, studying, analyzing, commenting upon, recommending, alluding to, or mentioning, in whole or in part.

17.    "SPRAYER" means any and all devices used to apply ROUNDUP or OTHER GLYPHOSATE PRODUCTS, including handheld pump sprayers, backpack sprayers, skid-mounted sprayers, irrigation boom sprayers, compressed air sprayers, or any other device manufactured for a similar purpose as those listed above.

18.    "PERSON" or "PERSONS" includes natural persons, proprietorships, partnerships, firms, trusts, estates, companies, corporations, public corporations, solo practitioners, municipal corporations, federal, state and local governments, all departments and agencies thereof, any other

5

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

governmental agencies, subdivisions, groups, associations or organizations or any other entity, whether foreign or domestic.

19.     "EXTERIOR PORTION" as used in these Interrogatories shall mean the portion of the real property that is outside of the house or dwelling which is commonly referred to as the "yard," which includes but is not limited to the lawn, grass, weeds, dirt or rock scape, exterior landscaping, shrubs and hedges, trees, orchards, crops, gardens, driveways, walkways, fences, pools and other improvements.

20.     Each paragraph and subparagraph herein should be construed independently and not by reference to any other paragraph or subparagraph of these interrogatories for purposes of limitation.

21.     In responding to these interrogatories, MONSANTO requests that YOU furnish all the information available to YOU. If you cannot answer an interrogatory completely, MONSANTO requests that YOU answer it to the extent possible and specify the reason for your inability to respond fully.

22.     If YOU lack information responsive to all or any part of these interrogatories, YOU shall so STATE and provide the information about which YOU have knowledge or is in your possession.

23.     If YOU cannot furnish exact data, such as dates, periods, or amounts, supply data to the extent possible and indicate that the data are estimated.

24.     These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as his or her agents, representatives, and, unless privileged, attorneys.

25.     The present tense includes the past and future tenses. Whenever used herein, "and" may be understood to mean "or" and vice versa whenever such construction results in a broader request for information. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine neutral form shall include each of the other genders.

6

26.     If, in answering these interrogatories, YOU encounter any ambiguities when construing a question, instruction, or definition, YOUR answer shall set forth the matter deemed ambiguous and the construction used in answering.

27.     If YOU object to furnishing any information requested by these interrogatories on the basis of attorney-client privilege, attorney work product or otherwise, STATE the existence of the information, IDENTIFY the specific ground on which your objection is based (e.g., attorney work product, attorney-client privilege) and produce a privilege log for any DOCUMENTS that contain the information on which YOU base your claim of privilege. If YOU object to providing any information on the grounds other than a claim of privilege, STATE the grounds upon which the objection is based with sufficient specificity to permit determination of the propriety of such objection. If any interrogatory seeks information YOU deem objectionable also requests information that is not objectionable, YOU must provide the responsive information and answer that portion of the interrogatory to which YOU do not object.

28.     If YOU elect to specify and produce records in answer to any interrogatory, the specification shall be in sufficient detail to permit MONSANTO to locate and IDENTIFY, as readily as YOU can, the records from which the answer may be ascertained.

29.     Any interrogatory directed to "YOU" refers to the PLAINTIFF and any PERSONS now or previously acting on YOUR behalf, such as agents or representatives.

## **GENERAL OBJECTIONS**

Plaintiff asserts the following General Objections to Defendant MONSANTO COMPANY'S Special Interrogatories as a whole and to each individual interrogatory therein. Plaintiff hereby incorporates by reference the General Objections set forth below into each and every response to the individual interrogatories, severally. The assertion of any General Objection in response to any interrogatory should not be considered as a waiver of the remaining General Objections.

1.     Plaintiff objects generally to Defendant's Special Interrogatories insofar as they may be construed as calling for information subject to a claim of privilege, including, without limitation, the attorney-client privilege, the attorney work-product doctrine, or the investigative

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

privilege. The inadvertent disclosure of any privileged information shall not constitute or be deemed as a waiver of any applicable, cognizable legal privilege with respect to such document, materials, or information (or the contents or subject matter thereof) or with respect to any other such document or discovery now or hereafter requested or provided. In the event Defendants receive documents or information that they believe was inadvertently produced and/or is otherwise privileged, such documentation should be immediately snapped back to the producing party within fourteen (14) days. Plaintiff reserves the right not to disclose any information that is or may be considered privileged and protected from discovery.

2.   Plaintiff objects to Defendant's Special Interrogatories insofar as they purport to require Plaintiff to furnish information regarding privileged documents and communications beyond such information as may be required by the Court in determining the privileged status of the documents.

3.   Plaintiff objects to Defendant's Special Interrogatories to the extent that they imply that Plaintiff concedes the relevance and materiality of the information sought by Defendants. The answers set forth below are subject to and are not intended to waive any of the following, which Plaintiff reserves:

a.   Any questions or objections as to competency, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the information referred to or responses given herein, in any subsequent proceeding or trial in this action or any other action;

b.   Plaintiff's right to object to other discovery proceedings involving or related to the subject matter of the requests; and

c.   Plaintiff's right at any time to revise, correct, add to, or clarify any of his responses, all of which are given subject to correction of any such omissions or errors.

4.   Plaintiff objects to each Interrogatory to the extent that such Interrogatory requests or calls for information: (1) not in Plaintiff's personal knowledge and/or possession, custody, and/or control; (2) already in Defendant's possession or previously made available and/or

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

submitted to Defendants; (3) already contained in and/or previously submitted to Defendants via other means, including information contained in and submitted via the Plaintiff's Plaintiff Fact Sheet; or (4) which are not relevant to the subject matter of this litigation and/or not reasonably calculated to lead to the discovery of admissible evidence.

5.      Plaintiff objects to each Interrogatory that seeks disclosure of information that is confidential, privileged, proprietary, or subject to a confidentiality agreement with third parties.

6.      Plaintiff objects to Defendant's Special Interrogatories to the extent that any Interrogatory pre-supposes that information within Plaintiff's personal knowledge is or was contained or commemorated in a written document or record, many of the matters inquired into may not normally be contained in documents or records, and as such, as far as Plaintiff is aware no documents exist, and Plaintiff objects to the extent any Interrogatory requires Plaintiff to identify any document not presently known to Plaintiff or in existence, outside of Plaintiff's personal knowledge, and/or not within Plaintiff's possession, custody, or control.

7.      Plaintiff objects to Defendant's definition of "identify" to the extent that the same is burdensome and overly broad.

8.      Plaintiff objects to all definitions and instructions within Defendant's Special Interrogatories to the extent the same are overbroad, unduly burdensome, vague, ambiguous and unclear, and further that they lack specificity and/or require application of definitions or terminology not reasonably utilized or understood by Plaintiff; and to the extent that the same are onerous, unreasonable, and seek information outside the permissible scope of discovery or not otherwise within Plaintiff's personal knowledge or otherwise within Plaintiff's possession, custody, or control.

9.      Plaintiff submits these answers and objections without conceding the relevancy or materiality of the subject matter of any Interrogatory, information given, and/or document, or that any responsive documents, materials, or information exist. Plaintiff reserves the right to contest any such characterization as inaccurate.

10.     Plaintiff also objects to Defendant's Special Interrogatories to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this

litigation. These answers and objections are made on the basis of information now known to Plaintiff and are made without waiving any further objections to, or admitting the relevancy or materiality of, any of the information requested. Plaintiff's investigation, discovery, and preparation for proceedings are continuing and all answers are given without prejudice to Plaintiff's right to introduce or object to the discovery of any documents, facts, or information discovered after the date hereof. Plaintiff likewise does not waive the right to object, on any and all grounds, to (1) the evidentiary use of the information contained in these answers and objections; and (2) discovery requests relating to these objections and answers/responses.

11.    All of Plaintiff's answers below are subject to each of these general objections. Plaintiff reserves the right to amend and/or supplement any answers given herein. Plaintiff provides these answers with the assistance of counsel, based on a combination of Plaintiff's own personal knowledge and information revealed to counsel and to the Parties in the course of this litigation.

## SPECIAL INTERROGATORIES

### SPECIAL INTERROGATORY NO. 1:

If YOU believe that ROUNDUP contributed to YOUR alleged INJURIES, give the basis for YOUR belief that ROUNDUP contributed to YOUR alleged INJURIES.

**ANSWER:**    Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff further objects to the extent that this Special Interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff developed non-Hodgkin's Lymphoma (NHL) at approximately 30 years old after several years of exposure to Roundup at several of his residence. At the time of his diagnosis, Plaintiff was young, active, healthy, and demonstrated no prior risk factors or propensities for NHL.  In addition to the foregoing, Plaintiff will present expert testimony and evidence responsive to the interrogatory, which is not properly subject to discovery at this time.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 2:**

If YOU believe that ROUNDUP contributed to YOUR alleged INJURIES, DESCRIBE how and when YOU first discovered a purported connection between ROUNDUP and non-Hodgkin's Lymphoma ("NHL"), including the source of the information and the DATE YOU were provided with the information.

**ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff further objects to the extent that this Special Interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff did not connect his NHL with his exposure to Roundup until 2022, when he learned of this litigation and the many thousands of Plaintiffs who have developed NHL as a result of their exposure to Roundup.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

**SPECIAL INTERROGATORY NO. 3:**

IDENTIFY all DOCUMENTS that support YOUR belief that YOUR alleged INJURIES were caused by OTHER GLYPHOSATE PRODUCTS.

**ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff further objects to the extent that this interrogatory is vague and ambiguous as to the term "OTHER GLYPHOSATE PRODUCTS". Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege. Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Not applicable. Plaintiff does not contend that his injuries were caused by any other glyphosate containing products and has no recollection of using any herbicide other than Roundup.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 4:**

IDENTIFY all DOCUMENTS that support YOUR belief that YOUR alleged INJURIES were caused by ROUNDUP.

**ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff further objects to the extent that this Special Interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other

12

1  statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory

2  seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials.

3  Plaintiff objects to the extent that this interrogatory seeks information equally available to the

4  Defendant, or that may be derived or ascertained from information already in the Defendant's

5  possession, custody or control, or seeks information that is publicly available or is equally

6  available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of

7  other special interrogatories and requests for production thus rendering it unduly burdensome and

8  oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

9      Plaintiff's medical records, which are equally available to Defendant.  In addition to the

10  foregoing, Plaintiff will present expert testimony and evidence responsive to the interrogatory,

11  which is not properly subject to discovery at this time.

12      Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

13  response at any time.

14  **SPECIAL INTERROGATORY NO. 5:**

15      DESCRIBE and IDENTIFY all DOCUMENTS that show YOUR out-of-pocket costs,

16  including medical expenses, that YOU have paid in connection with YOUR INJURIES and for

17  which YOU are seeking compensation in this LAWSUIT.

18      **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

19  restated in full. Plaintiff further objects to the extent that this Special Interrogatory calls for

20  information protected by the attorney-client privilege, work product doctrine, or any other

21  statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory

22  seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials.

23  Plaintiff objects to the extent that this interrogatory seeks information equally available to the

24  Defendant, or that may be derived or ascertained from information already in the Defendant's

25  possession, custody or control, or seeks information that is publicly available or is equally

26  available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of

27  other special interrogatories and requests for production thus rendering it unduly burdensome and

28  oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

1    Plaintiff's medical and insurance records. Other records of purchases, including purchases

2    of vitamins, travel costs and other household care items may exist in the custody and control of

3    third parties/vendors. Plaintiff does not have possession or control of those records at this time.

4    Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

5    response at any time.

6    **SPECIAL INTERROGATORY NO. 6:**

7    IDENTIFY all diaries, calendars, journals, logs, videos, letters, and other DOCUMENTS

8    or materials prepared by YOU describing, discussing, explaining or referring to YOUR use of or

9    exposure to ROUNDUP.

10    **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

11    restated in full. Plaintiff further objects to the extent that this Special Interrogatory is vague,

12    assumes facts, and calls for information protected by the attorney-client privilege, work product

13    doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent

14    that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis,

15    documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information

16    equally available to the Defendant, or that may be derived or ascertained from information already

17    in the Defendant's possession, custody or control, or seeks information that is publicly available or

18    is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is

19    duplicative of other special interrogatories and requests for production thus rendering it unduly

20    burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff

21    responds as follows:

22    Not applicable.

23    Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

24    response at any time.

25    **SPECIAL INTERROGATORY NO. 7:**

26    IDENTIFY all diaries, calendars, journals, logs, videos, letters, and other DOCUMENTS

27    or materials prepared by YOU describing, discussing, explaining or referring to YOUR use of or

28    exposure to OTHER GLYPHOSATE PRODUCTS.

14

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

1    **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

2    restated in full. Plaintiff further objects to the extent that this interrogatory is vague and

3    ambiguous as to the term "OTHER GLYPHOSATE PRODUCTS". Plaintiff objects to this

4    interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal

5    knowledge. Plaintiff further objects to the extent that this interrogatory calls for information

6    protected by the attorney-client privilege, work product doctrine, or any other statutory or

7    common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the

8    premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff

9    objects to the extent that this interrogatory seeks information equally available to the Defendant,

10    or that may be derived or ascertained from information already in the Defendant's possession,

11    custody or control, or seeks information that is publicly available or is equally available to the

12    Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special

13    interrogatories and requests for production thus rendering it unduly burdensome and oppressive.

14    Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

15        Not applicable. Plaintiff has no recollection of using any herbicide other than Roundup.

16        Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

17    response at any time.

18    **SPECIAL INTERROGATORY NO. 8:**

19        IDENTIFY every location (including the address) where YOU have personally applied

20    and/or were exposed to ROUNDUP.

21    **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

22    restated in full. Plaintiff further objects to the extent that this Special Interrogatory calls for

23    information protected by the attorney-client privilege, work product doctrine, or any other

24    statutory or common law privilege. Plaintiff objects to the extent that this interrogatory seeks

25    information equally available to the Defendant, or that may be derived or ascertained from

26    information already in the Defendant's possession, custody or control, or seeks information that is

27    publicly available or is equally available to the Defendant from third parties. Plaintiff objects as

28    this interrogatory is duplicative of other special interrogatories and requests for production thus

15

rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

811 Broadway, Santa Cruz, CA 95062

548 Redwood Drive, Felton, CA 95018

3256 V Street, Sacramento, CA 95817

301 Goss Avenue, Santa Cruz, CA 95062

2756 11th Avenue, Sacramento, CA 95818

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 9:**

For each location YOU have IDENTIFIED in YOUR response to Special Interrogatory No. 8, DESCRIBE why YOU used, mixed, or sprayed ROUNDUP at that location, including the purpose of spraying (e.g., gardening, lawn maintenance, building façade cleaning, etc.) and the rationale for YOUR frequency of spraying at that location.

**ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if restated
in full. Plaintiff further objects to the extent that this Special Interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff used Roundup to kill weeds while vegetable and flower gardening in, as well as for landscaping purposes to kill undesirable weeds in other areas of the yard at the following

16

properties: 811 Broadway, Santa Cruz, CA 95062; 548 Redwood Drive, Felton, CA 95018; 3256 V Street, Sacramento, CA 95817; 301 Goss Avenue, Santa Cruz, CA 95062. Plaintiff was exposed to Roundup sprayed by his step-father at 2756 11th Avenue, Sacramento, CA 95818.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 10:**

For each location YOU have IDENTIFIED in YOUR response to Special Interrogatory No. 8, DESCRIBE the EXTERIOR PORTION where YOU used, sprayed and/or were exposed to ROUNDUP.

**ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff further objects to the extent that this Special Interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

To the best of Plaintiff's recollection, 811 Broadway, Santa Cruz, CA 95062 consisted of a large backyard with several gardening beds (approximately 1 10x30 ft, 3 6x6ft, 1 2x6). Plaintiff also sprayed near the edge of house and walking paths.

To the best of Plaintiff's recollection, 548 Redwood Drive, Felton, CA 95018 consisted of ¼ acre backyard with a hillside covered in ivy.

To the best of Plaintiff's recollection, 3256 V Street, Sacramento, CA 95817 consisted of garden beds, approximately 2 feet wide, along the perimeter the approximately 30 x 40-foot backyard. There was also an approximately 20 x 30-foot patio as well as pavers and garden stones.

1    To the best of Plaintiff's recollection, 301 Goss Avenue, Santa Cruz, CA 95062 consisted

2 of an all-dirt backyard with several garden beds.

3    To the best of Plaintiff's recollection, 2756 11th Avenue, Sacramento, CA 95818 was a

4 residential home with a driveway where Plaintiff's step-father would spray Roundup while

5 Plaintiff was present.

6    Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

7 response at any time.

8 **SPECIAL INTERROGATORY NO. 11:**

9    For each location YOU have IDENTIFIED in YOUR response to Special Interrogatory

10 No. 8, IDENTIFY the DATES of use of and/or exposure to ROUNDUP.

11    **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

12 restated in full. Plaintiff further objects to the extent that this Special Interrogatory calls for

13 information protected by the attorney-client privilege, work product doctrine, or any other

14 statutory or common law privilege. Plaintiff objects to the extent that this interrogatory seeks

15 information equally available to the Defendant, or that may be derived or ascertained from

16 information already in the Defendant's possession, custody or control, or seeks information that is

17 publicly available or is equally available to the Defendant from third parties. Plaintiff objects as

18 this interrogatory is duplicative of other special interrogatories and requests for production thus

19 rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing

20 objections, Plaintiff responds as follows:

21    811 Broadway Ave, Santa Cruz: 2009-2014

22    548 Redwood Drive, Felton: 2005-2009

23    3256 V Street, Sacramento: 2003-2004

24    301 Goss Avenue, Santa Cruz:  2002-2003

25    2756 11th Avenue, Sacramento: 1990-1999

26    Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

27 response at any time.

28

**SPECIAL INTERROGATORY NO. 12:**

For each location YOU have IDENTIFIED in YOUR response to Special Interrogatory No. 8, IDENTIFY all PERSONS that witnessed YOUR use of ROUNDUP.

**ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff further objects to the extent that this Special Interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

811 Broadway Ave, Santa Cruz: Sean Crossno; Jenn Goble.

548 Redwood Drive, Felton: Jenn Goble; Wes Modes.

3256 V Street, Sacramento: Jenn Goble

301 Goss Avenue, Santa Cruz:  Tyler Suttle

2756 11th Avenue, Sacramento: Nancy Taugher

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 13:**

For each location YOU have IDENTIFIED in YOUR response to Special Interrogatory No. 8, IDENTIFY all DOCUMENTS that refer to or evidence YOUR use of and/or exposure to ROUNDUP.

**ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff further objects to the extent that this Special Interrogatory is vague, compound, and calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent

19

that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Not applicable.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 14:**

For each location YOU have IDENTIFIED in YOUR response to Special Interrogatory No. 8, DESCRIBE YOUR use of and/or exposure to ROUNDUP including the amount of the product applied during the relevant time period, the number of applications YOU made per year, the approximate time it took for each application, the number and size of bottles YOU purchased per year for YOUR use, the amount YOU used per square foot during each application.

**ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff further objects to the extent that this Special Interrogatory is vague, compound, overbroad, assumes facts, and calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus

20

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

811 Broadway, Santa Cruz: To the best of Plaintiff's recollection, Plaintiff applied product 4-6 times per year, up to 2 hours per application. Amount of product sprayed per square foot is unknown. To the best of Plaintiff's recollection, Plaintiff purchased the product once a year, in both small and large bottles.

548 Redwood, Santa Cruz: To the best of Plaintiff's recollection, Plaintiff applied product 4-6 times per year, up to 2 hours per application. Amount of product sprayed per square foot is unknown. To the best of Plaintiff's recollection, Plaintiff purchased the product once a year, in both small and large bottles. In addition to routine usage, Plaintiff completed a large project clearing ivy on a hillside, during which he used at least one gallon over the course of two days, eradicating the ivy for 8-10 hours each day.

3256 V Street, Sacramento: To the best of Plaintiff's recollection, Plaintiff applied product 2-3 times per year, up to 20-30 minutes per application. Amount of product sprayed per square foot is unknown. To the best of Plaintiff's recollection, Plaintiff purchased the product one small bottle once a year.

301 Goss Avenue, Santa Cruz: To the best of Plaintiff's recollection, Plaintiff applied product 1-2 times per year, up to 20-30 minutes per application. Amount of product sprayed per square foot is unknown. To the best of Plaintiff's recollection, Plaintiff purchased the product one small bottle once a year.

2756 11th Avenue, Sacramento: Plaintiff did not personally spray Roundup at this location but was exposed to Roundup when his step-father sprayed in the yard and driveway. Plaintiff has no personal knowledge of the frequency of exposure, amount of product used or how often purchased.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

1    **SPECIAL INTERROGATORY NO. 15:**

2        For each location YOU have IDENTIFIED in YOUR response to Special Interrogatory

3    No. 8, DESCRIBE the container(s) from which the ROUNDUP came.

4        **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

5    restated in full. Plaintiff further objects to the extent that this Special Interrogatory is vague,

6    compound, overbroad, and calls for information protected by the attorney-client privilege, work

7    product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the

8    extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis,

9    documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information

10   equally available to the Defendant, or that may be derived or ascertained from information already

11   in the Defendant's possession, custody or control, or seeks information that is publicly available or

12   is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is

13   duplicative of other special interrogatories and requests for production thus rendering it unduly

14   burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff

15   responds as follows:

16       To the best of Plaintiff's recollection, the Roundup product he purchased came in plastic

17   jugs and spray bottles that were white or green with the Roundup name on the front label and

18   directions for use in small font on the back label.

19       Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

20   response at any time.

21   **SPECIAL INTERROGATORY NO. 16:**

22       For each location YOU have IDENTIFIED in YOUR response to Special Interrogatory

23   No. 8, DESCRIBE any equipment or SPRAYERS utilized to apply the ROUNDUP.

24       **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

25   restated in full. Plaintiff further objects to the extent that this Special Interrogatory is vague,

26   compound, overbroad, and calls for information protected by the attorney-client privilege, work

27   product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the

28   extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis,

22

documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

To the best of Plaintiff's recollection, Plaintiff primarily used the handheld spray bottles in which the Roundup was sold.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 17:**

For each location YOU have IDENTIFIED in YOUR response to Special Interrogatory No. 8, IDENTIFY the suppliers or retailers from which YOU purchased the ROUNDUP and/or SPRAYER.

**ANSWER:**   Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff further objects to the extent that this Special Interrogatory is vague, compound, overbroad, assumes facts, and calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

1    **ANSWER:**  To the best of Plaintiff's recollection, Plaintiff primarily purchased the

2    Roundup product at Home Depot.

3    Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

4    response at any time.

5    **SPECIAL INTERROGATORY NO. 18:**

6    For each supplier or retailer IDENTIFIED in YOUR answer to Special Interrogatory No.

7    17, please IDENTIFY all credit card numbers, rewards card numbers, and membership numbers

8    used to purchase ROUNDUP and/or a SPRAYER.

9    **ANSWER:**    Plaintiff incorporates by reference the forgoing General Objections as if

10   restated in full. Plaintiff further objects to the extent that this Special Interrogatory is vague,

11   overbroad, compound, assumes facts, and calls for information protected by the attorney-client

12   privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further

13   objects to the extent that this interrogatory seeks the premature disclosure of expert testimony,

14   opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory

15   seeks information equally available to the Defendant, or that may be derived or ascertained from

16   information already in the Defendant's possession, custody or control, or seeks information that is

17   publicly available or is equally available to the Defendant from third parties. Plaintiff objects as

18   this interrogatory is duplicative of other special interrogatories and requests for production thus

19   rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing

20   objections, Plaintiff responds as follows:

21   Plaintiff does not recall the credit card numbers of any credit cards used to purchase

22   Roundup products and was not a member of any rewards programs at the stores where purchased.

23   Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

24   response at any time.

25   **SPECIAL INTERROGATORY NO. 19:**

26   IDENTIFY any PERSON(s) with personal knowledge or information to support any of the

27   allegations, claims, and/or alleged INJURIES asserted in the COMPLAINT.

28

---

24

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

1   **ANSWER:**   Plaintiff incorporates by reference the forgoing General Objections as if

2   restated in full. Plaintiff further objects to the extent that this Special Interrogatory is vague,

3   compound, overbroad, assumes facts, calls for speculation, and calls for information protected by

4   the attorney-client privilege, work product doctrine, or any other statutory or common law

5   privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature

6   disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the

7   extent that this interrogatory seeks information equally available to the Defendant, or that may be

8   derived or ascertained from information already in the Defendant's possession, custody or control,

9   or seeks information that is publicly available or is equally available to the Defendant from third

10  parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and

11  requests for production thus rendering it unduly burdensome and oppressive. Subject to and

12  without waiving the forgoing objections, Plaintiff responds as follows:

13      All persons listed in response to Special Interrogatory No. 12. Plaintiff's healthcare

14  providers.

15      Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

16  response at any time.

17  **SPECIAL INTERROGATORY NO. 20:**

18      For each PERSON YOU IDENTIFIED in response to Special Interrogatory No. 19,

19  DESCRIBE the personal knowledge or information possessed by each such PERSON.

20      **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

21  restated in full. Plaintiff further objects to the extent that this Special Interrogatory is vague,

22  overbroad, compound, assumes facts, calls for speculation, and calls for information protected by

23  the attorney-client privilege, work product doctrine, or any other statutory or common law

24  privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature

25  disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the

26  extent that this interrogatory seeks information equally available to the Defendant, or that may be

27  derived or ascertained from information already in the Defendant's possession, custody or control,

28  or seeks information that is publicly available or is equally available to the Defendant from third

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

1  parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and

2  requests for production thus rendering it unduly burdensome and oppressive. Subject to and

3  without waiving the forgoing objections, Plaintiff responds as follows:

4      Jenn Goble, Wes, Modes, Tyler Suttle and Nancy Taugher resided with Plaintiff at the

5  abovementioned properties, respectively, and may have witnessed Plaintiff's use/exposure to

6  Roundup. Jenn Goble, Nancy Taugher and all healthcare providers have knowledge of Plaintiff's

7  NHL diagnosis and treatment.

8      Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

9  response at any time.

10  **SPECIAL INTERROGATORY NO. 21:**

11      IDENTIFY all advertisements (including radio, television, print, on-line, etc.) that YOU

12  saw, heard or read regarding ROUNDUP, including the DATE(s) that YOU saw, heard or read the

13  advertisements.

14      **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

15  restated in full. Plaintiff further objects to the extent that this Special Interrogatory is vague,

16  overbroad, compound, and calls for information protected by the attorney-client privilege, work

17  product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the

18  extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis,

19  documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information

20  equally available to the Defendant, or that may be derived or ascertained from information already

21  in the Defendant's possession, custody or control, or seeks information that is publicly available or

22  is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is

23  duplicative of other special interrogatories and requests for production thus rendering it unduly

24  burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff

25  responds as follows:

26      Plaintiff recalls seeing print ads from Home Depo advertising Roundup on sale and recalls

27  seeing advertisements elsewhere but does not recall specifics.

28

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

1    Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

2    response at any time.

3    **SPECIAL INTERROGATORY NO. 22:**

4    For each advertisement IDENTIFIED in YOUR response to Special Interrogatory No. 21,

5    DESCRIBE the advertisement and any statements made in the advertisement about ROUNDUP.

6    **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

7    restated in full. Plaintiff further objects to the extent that this Special Interrogatory is vague,

8    compound, overbroad, and calls for information protected by the attorney-client privilege, work

9    product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the

10   extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis,

11   documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information

12   equally available to the Defendant, or that may be derived or ascertained from information already

13   in the Defendant's possession, custody or control, or seeks information that is publicly available or

14   is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is

15   duplicative of other special interrogatories and requests for production thus rendering it unduly

16   burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff

17   responds as follows:

18   Plaintiff does not recall the specifics of each advertisement, but recalls the intended

19   message, which was that Roundup was both safe and effective.

20   Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

21   response at any time.

22   **SPECIAL INTERROGATORY NO. 23:**

23   IDENTIFY any ROUNDUP labels that YOU read, the DATES YOU read the label, and

24   what ROUNDUP product the label was affixed to.

25   **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

26   restated in full. Plaintiff further objects to the extent that this Special Interrogatory is vague,

27   compound, overbroad, assumes facts, calls for speculation, and calls for information protected by

28   the attorney-client privilege, work product doctrine, or any other statutory or common law

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

1  privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature

2  disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the

3  extent that this interrogatory seeks information equally available to the Defendant, or that may be

4  derived or ascertained from information already in the Defendant's possession, custody or control,

5  or seeks information that is publicly available or is equally available to the Defendant from third

6  parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and

7  requests for production thus rendering it unduly burdensome and oppressive. Subject to and

8  without waiving the forgoing objections, Plaintiff responds as follows:

9       Plaintiff does not recall the specific dates on which he read the Roundup labels, but would

10  re-read the instructions periodically to remind himself how to apply the product.

11       Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

12  response at any time.

13  **SPECIAL INTERROGATORY NO. 24:**

14       IDENTIFY and DESCRIBE all instances where you used, mixed, or applied ROUNDUP

15  not in accordance with the label, the DATES each instance occurred, and how much ROUNDUP

16  YOU used per square foot during each instance.

17       **ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if

18  restated in full. Plaintiff further objects to the extent that this Special Interrogatory is vague,

19  compound, overbroad, assumes facts, calls for a legal conclusion, and calls for information

20  protected by the attorney-client privilege, work product doctrine, or any other statutory or

21  common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the

22  premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff

23  objects to the extent that this interrogatory seeks information equally available to the Defendant,

24  or that may be derived or ascertained from information already in the Defendant's possession,

25  custody or control, or seeks information that is publicly available or is equally available to the

26  Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special

27  interrogatories and requests for production thus rendering it unduly burdensome and oppressive.

28  Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Not applicable. Plaintiff does not recall spraying Roundup other than in accordance with instructions.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 25:**

IDENTIFY all instances where you used, mixed, or applied ROUNDUP without using personal protective equipment, including but not limited to gloves, masks, safety goggles, shoes, boots and clothing.

**ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff further objects to the extent that this interrogatory is vague and ambiguous as to the term "personal protective equipment".  Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege. Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff does not have specific recollection of instances when Plaintiff used protective equipment when spraying Roundup. Plaintiff estimates that he used cloth gardening gloves and glasses approximately once per year. His attire was dependent upon the weather. In warm weather he would wear shorts and a t-shirt. In cooler weather he might wear long pants and long sleeves. At all times he wore regular tennis shoes.

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 26:**

IDENTIFY and DESCRIBE all instances or events where ROUNDUP came in contact with YOUR skin, including how long (in minutes or hours) ROUNDUP remained on your skin, the DATE each instance occurred, what measures YOU took in response, and how long YOU waited before taking these measures.

**ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory is vague, compound, overbroad, assumes facts, calls for speculation, and calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff recalls getting Roundup on his hands fairly regularly during use. If the spill were large, he would wash off with soap and water. However, if the spill was small, or contact incidental, he would wait until done with his yard work.  Because it came out of a spray bottle the 'mist' from the spray would get on other exposed skin and on clothing. Generally speaking, Plaintiff put dirty clothes into the laundry basket and would wash them within a week.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

1   **SPECIAL INTERROGATORY NO. 27:**

2        Has any PERSON ever used, mixed, or applied ROUNDUP in YOUR presence?

3        **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

4   restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside

5   of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this

6   interrogatory is vague, compound, overbroad, and calls for information protected by the attorney-

7   client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff

8   further objects to the extent that this interrogatory seeks the premature disclosure of expert

9   testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this

10  interrogatory seeks information equally available to the Defendant, or that may be derived or

11  ascertained from information already in the Defendant's possession, custody or control, or seeks

12  information that is publicly available or is equally available to the Defendant from third parties.

13  Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for

14  production thus rendering it unduly burdensome and oppressive. Subject to and without waiving

15  the forgoing objections, Plaintiff responds as follows:

16       During Plaintiff's childhood, his step-father used roundup to kill weeds in the driveway

17  while he was playing nearby.

18       Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

19  response at any time.

20  **SPECIAL INTERROGATORY NO. 28:**

21       If YOUR response to Special Interrogatory No. 27 was in the affirmative, please

22  IDENTIFY the PERSON(S) that used, mixed, or applied ROUNDUP in YOUR presence as well

23  as the time and location of the occurrence.

24       Plaintiff incorporates by reference the forgoing General Objections as if restated in full.

25  Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of

26  Plaintiff's personal knowledge.

27       **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

28  restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

1   of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this

2   interrogatory is vague, compound, overbroad, and calls for information protected by the attorney-

3   client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff

4   further objects to the extent that this interrogatory seeks the premature disclosure of expert

5   testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this

6   interrogatory seeks information equally available to the Defendant, or that may be derived or

7   ascertained from information already in the Defendant's possession, custody or control, or seeks

8   information that is publicly available or is equally available to the Defendant from third parties.

9   Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for

10  production thus rendering it unduly burdensome and oppressive. Subject to and without waiving

11  the forgoing objections, Plaintiff responds as follows:

12      Brian Taugher, now deceased.

13      Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

14  response at any time.

15  **SPECIAL INTERROGATORY NO. 29:**

16      DESCRIBE the use of ROUNDUP by anyone in YOUR presence, including the name of

17  the PERSON(S) who used the ROUNDUP, the amount of ROUNDUP applied during the relevant

18  time period, the number of applications made per year, the approximate time it took for each

19  application, the number and size of bottles purchased per year for use, and the amount used per

20  square foot during each application.

21      **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

22  restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside

23  of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this

24  interrogatory is vague, compound, overbroad, and calls for information protected by the attorney-

25  client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff

26  further objects to the extent that this interrogatory seeks the premature disclosure of expert

27  testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this

28  interrogatory seeks information equally available to the Defendant, or that may be derived or

ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff does not have sufficient personal knowledge to adequately respond to this interrogatory. To the best of Plaintiff's recollection his step-father sprayed Roundup on the cracks of the concrete driveway approximately twice a year for approximately 20 minutes per application.

**SPECIAL INTERROGATORY NO. 30:**

Did YOU ever mix ROUNDUP with any other substance or liquid prior to application?

**ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory is vague, compound, overbroad, and calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

No.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

1  **SPECIAL INTERROGATORY NO. 31:**

2       If YOUR answer to Special Interrogatory No. 30 is in the affirmative, IDENTIFY the other

3  substance or liquid used in the mix and DESCRIBE the mixing process.

4       **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

5  restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside

6  of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this

7  interrogatory calls for information protected by the attorney-client privilege, work product

8  doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent

9  that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis,

10  documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information

11  equally available to the Defendant, or that may be derived or ascertained from information already

12  in the Defendant's possession, custody or control, or seeks information that is publicly available or

13  is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is

14  duplicative of other special interrogatories and requests for production thus rendering it unduly

15  burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff

16  responds as follows:

17       Not Applicable.

18       Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

19  response at any time.

20  **SPECIAL INTERROGATORY NO. 32:**

21       IDENTIFY all locations where YOU have used and/or been exposed to OTHER

22  GLYPHOSATE PRODUCTS.

23       **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

24  restated in full. Plaintiff further objects to this interrogatory as vague and ambiguous as to the term

25  "OTHER GLYPHOSATE PRODUCTS". Plaintiff objects to this interrogatory to the extent that it

26  seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects

27  to the extent that this interrogatory calls for information protected by the attorney-client privilege,

28  work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to

34

the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Not Applicable. To Plaintiff's knowledge, he has not been exposed to any glyphosate containing product other than Roundup.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 33:**

DESCRIBE all instances of YOUR use of and/or exposure to OTHER GLYPHOSATE PRODUCTS.

**ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff further objects to this interrogatory as vague and ambiguous as to the term "OTHER GLYPHOSATE PRODUCTS". Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Not Applicable. To Plaintiff's knowledge, he has not been exposed to any glyphosate containing product other than Roundup.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 34:**

IDENTIFY all locations where other PERSONS used OTHER GLYPHOSATE PRODUCTS in YOUR presence.

**ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff further objects to this interrogatory as vague and ambiguous as to the term "OTHER GLYPHOSATE PRODUCTS". Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege. Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Not Applicable. To Plaintiff's knowledge, he has not been exposed to any glyphosate containing product other than Roundup.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

1   **SPECIAL INTERROGATORY NO. 35:**

2   DESCRIBE all instances where other PERSONS used OTHER GLYPHOSATE

3   PRODUCTS in YOUR presence.

4   **ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if

5   restated in full. Plaintiff further objects to this interrogatory as vague and ambiguous as to the term

6   "OTHER GLYPHOSATE PRODUCTS". Plaintiff objects to this interrogatory to the extent that it

7   seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects

8   to the extent that this interrogatory calls for information protected by the attorney-client privilege,

9   work product doctrine, or any other statutory or common law privilege. Plaintiff further objects to

10  the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion,

11  analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks

12  information equally available to the Defendant, or that may be derived or ascertained from

13  information already in the Defendant's possession, custody or control, or seeks information that is

14  publicly available or is equally available to the Defendant from third parties. Plaintiff objects as

15  this interrogatory is duplicative of other special interrogatories and requests for production thus

16  rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing

17  objections, Plaintiff responds as follows:

18  Not Applicable. To Plaintiff's knowledge, he has not been exposed to any glyphosate

19  containing product other than Roundup.

20  Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

21  response at any time.

22  **SPECIAL INTERROGATORY NO. 36:**

23  IDENTIFY all locations where YOU purchased OTHER GLYPHOSATE PRODUCTS.

24  **ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if

25  restated in full. Plaintiff further objects to this interrogatory as vague and ambiguous as to the term

26  "OTHER GLYPHOSATE PRODUCTS". Plaintiff objects to this interrogatory to the extent that it

27  seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects

28  to the extent that this interrogatory calls for information protected by the attorney-client privilege,

37

work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Not Applicable. To Plaintiff's knowledge, he has never purchased any glyphosate containing product other than Roundup.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 37:**

For each location IDENTIFIED in YOUR answer to Special Interrogatory No. 36, please IDENTIFY all credit card numbers, rewards card numbers, and membership numbers used to purchase OTHER GLYPHOSATE PRODUCTS.

**ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff further objects to this interrogatory as vague and ambiguous as to the term "OTHER GLYPHOSATE PRODUCTS". Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as

this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Not Applicable. To Plaintiff's knowledge, he has never purchased any glyphosate containing product other than Roundup.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 38:**

Provide an itemized list of all medical expenses for which YOU are seeking to recover in this LAWSUIT.

**ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory is vague, overbroad, calls for speculation, and calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege. Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff does not have an itemized list of medical expenses available at this time, but believes that all medical expenses should be in Plaintiff's medical and insurance records, which are equally available to Defendant.  In addition to the foregoing, Plaintiff will present expert testimony and evidence responsive to the interrogatory, which is not properly subject to discovery at this time.

39

1    Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

2    response at any time.

3    **SPECIAL INTERROGATORY NO. 39:**

4    IDENTIFY all diaries, calendars, journals, logs, videos, letters, and other DOCUMENTS

5    or materials prepared by YOU describing, discussing, explaining or referring to YOUR diagnosis

6    with NHL and the associated treatment and care.

7    **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

8    restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside

9    of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this

10   interrogatory is vague, overbroad, calls for speculation, assumes facts, and calls for information

11   protected by the attorney-client privilege, work product doctrine, or any other statutory or

12   common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the

13   premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff

14   objects to the extent that this interrogatory seeks information equally available to the Defendant,

15   or that may be derived or ascertained from information already in the Defendant's possession,

16   custody or control, or seeks information that is publicly available or is equally available to the

17   Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special

18   interrogatories and requests for production thus rendering it unduly burdensome and oppressive.

19   Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

20   Plaintiff recalls that he may have made posts on his Facebook related to his NHL diagnosis

21   and treatment, but that those posts no longer exist. Plaintiff drafted a press release to a local paper

22   related to his NHL diagnosis and treatment and an article was published in the Santa Cruz Sentinel

23   as a result. Plaintiff recalls that he may have written other emails to his family and friends

24   regarding his treatment, but that those emails are no longer accessible to him.

25   Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

26   response at any time.

27

28

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

**SPECIAL INTERROGATORY NO. 40:**

IDENTIFY all diaries, calendars, journals, logs, videos, letters, and other DOCUMENTS or materials prepared by YOU describing, discussing, explaining or referring to YOUR prior medical conditions, diseases, diagnoses, cancer treatments, and alleged INJURIES.

**ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff further objects to this interrogatory as vague and ambiguous as to the term "prior medical conditions". Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory is vague, overbroad, calls for speculation, compound, assumes facts, and calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Not Applicable. Plaintiff had no prior medical conditions.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 41:**

IDENTIFY and DESCRIBE all alleged INJURIES (including emotional, mental, physical, or psychological INJURIES) that you claim to have experienced as a results of YOUR use of ROUNDUP.

**ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside

41

of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory is vague, overbroad, calls for for a legal conclusion, and calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff suffered and continues to suffer from mental anguish, physical pain and reduced abilities as a result of his exposure to Roundup and resulting NHL. These injuries include, but are not limited to, undergoing extensive and intense chemotherapy treatment, financial stress, fear and anxiety that his cancer will return, as well as erectile dysfunction and potential infertility. Plaintiff's suffered paralysis to his diaphragm and reduced lung capacity as a result of this NHL, causing him to become winded and out of breath more easily.  In addition to the foregoing, Plaintiff will present expert testimony and evidence responsive to the interrogatory, which is not properly subject to discovery at this time.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 42:**

For every INJURY YOU IDENTIFIED in response to Interrogatory No. 41, STATE whether YOU were diagnosed with a condition (or conditions) related to this emotional, mental, physical or psychological INJURY.

**ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this

1    interrogatory is vague, compound, calls for speculation, assumes facts, and calls for information

2    protected by the attorney-client privilege, work product doctrine, or any other statutory or

3    common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the

4    premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff

5    objects to the extent that this interrogatory seeks information equally available to the Defendant,

6    or that may be derived or ascertained from information already in the Defendant's possession,

7    custody or control, or seeks information that is publicly available or is equally available to the

8    Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special

9    interrogatories and requests for production thus rendering it unduly burdensome and oppressive.

10   Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

11          Plaintiff was diagnosed with a paralyzed diaphragm and erectile dysfunction.  In addition

12   to the foregoing, Plaintiff will present expert testimony and evidence responsive to the

13   interrogatory, which is not properly subject to discovery at this time.

14          Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

15   response at any time.

16   **SPECIAL INTERROGATORY NO. 43:**

17          For every INJURY YOU IDENTIFIED in response to Interrogatory No. 41, STATE when

18   YOU first began to experience symptoms of that INJURY and whether or not those symptoms

19   have resolved.

20          **ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if

21   restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside

22   of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this

23   interrogatory is vague, compound, calls for speculation, assumes facts, and calls for information

24   protected by the attorney-client privilege, work product doctrine, or any other statutory or

25   common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the

26   premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff

27   objects to the extent that this interrogatory seeks information equally available to the Defendant,

28   or that may be derived or ascertained from information already in the Defendant's possession,

43

custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff's injured phrenic nerve and paralyzed diaphragm was diagnosed at or around the time of his NHL diagnosis in 2014. Plaintiff was diagnosed with erectile disfunction after completing cancer treatment.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 44:**

If YOU believe that OTHER GLYPHOSATE PRODUCTS contributed to YOUR alleged INJURIES, give the basis for YOUR belief that OTHER GLYPHOSATE PRODUCTS contributed to YOUR alleged INJURIES.

**ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff further objects to this interrogatory as vague and ambiguous as to the term "OTHER GLYPHOSATE PRODUCTS". Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

44

1    Not Applicable. To Plaintiff's knowledge, he was never exposed to other glyphosate

2    products.

3    Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

4    response at any time.

5    **SPECIAL INTERROGATORY NO. 45:**

6    IDENTIFY all economic damages which YOU are seeking to recover in this LAWSUIT.

7    **ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if

8    restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside

9    of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this

10   interrogatory calls for a legal conclusion and calls for information protected by the attorney-client

11   privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further

12   objects to the extent that this interrogatory seeks the premature disclosure of expert testimony,

13   opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory

14   seeks information equally available to the Defendant, or that may be derived or ascertained from

15   information already in the Defendant's possession, custody or control, or seeks information that is

16   publicly available or is equally available to the Defendant from third parties. Plaintiff objects as

17   this interrogatory is duplicative of other special interrogatories and requests for production thus

18   rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing

19   objections, Plaintiff responds as follows:

20   Plaintiff is seeking lost income, medical and other out of pocket expenses.  In addition to

21   the foregoing, Plaintiff will present expert testimony and evidence responsive to the interrogatory,

22   which is not properly subject to discovery at this time.

23   Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

24   response at any time.

25   **SPECIAL INTERROGATORY NO. 46:**

26   IDENTIFY all DOCUMENTS that support YOUR claim for economic damages in this

27   LAWSUIT.

28

45

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

1    **ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if

2    restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside

3    of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this

4    interrogatory calls for a legal conclusion and calls for information protected by the attorney-client

5    privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further

6    objects to the extent that this interrogatory seeks the premature disclosure of expert testimony,

7    opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory

8    seeks information equally available to the Defendant, or that may be derived or ascertained from

9    information already in the Defendant's possession, custody or control, or seeks information that is

10   publicly available or is equally available to the Defendant from third parties. Plaintiff objects as

11   this interrogatory is duplicative of other special interrogatories and requests for production thus

12   rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing

13   objections, Plaintiff responds as follows:

14       Plaintiff does not have any such documents in his possession, but believes that all

15   requested documentation exists within Plaintiff's medical, insurance and employment records.

16   Plaintiff has signed and will produce authorizations that will permit Defendants to obtain these

17   records and they are therefore equally available to Defendants.  In addition to the foregoing,

18   Plaintiff will present expert testimony and evidence responsive to the interrogatory, which is not

19   properly subject to discovery at this time.

20       Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

21   response at any time.

22   **SPECIAL INTERROGATORY NO. 47:**

23       IDENTIFY all non-economic damages which YOU are seeking to recover in this

24   LAWSUIT.

25       **ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if

26   restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside

27   of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this

28   interrogatory calls for a legal conclusion and calls for information protected by the attorney-client

privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff seeks compensation for his pain, suffering and mental anguish, as well as punitive damages.  In addition to the foregoing, Plaintiff will present expert testimony and evidence responsive to the interrogatory, which is not properly subject to discovery at this time.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 48:**

IDENTIFY all DOCUMENTS that support YOUR claim for non-economic damages in this LAWSUIT.

**ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for a legal conclusion and calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus

47

rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff does not have any such documents in his possession, but believes that all relevant documentation exists within Plaintiff's medical records. Plaintiff has signed and will produce authorizations permitting Defendants to obtain these records and they are therefore equally available to Defendants.  In addition to the foregoing, Plaintiff will present expert testimony and evidence responsive to the interrogatory, which is not properly subject to discovery at this time.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 49:**

STATE whether any HEALTH CARE PRACTITIONER that has treated YOU for YOUR NHL has offered an opinion on the cause or causes of YOUR NHL.

**ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory is vague, calls for speculation, assumes facts, and calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

At the time of Plaintiff's diagnosis his doctor, Dr. Julie Jaffee speculated that Plaintiff's NHL was most likely resulted from "environmental" causes, not genetic.

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

1    Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

2  response at any time.

3  **SPECIAL INTERROGATORY NO. 50:**

4    If YOUR answer to Interrogatory No. 49 was in the affirmative, please IDENTIFY those

5  HEALTH CARE PRACTITIONER(s) that offered an opinion on the cause or causes of YOUR

6  NHL.

7    **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

8  restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside

9  of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this

10  interrogatory is vague, calls for speculation, assumes facts, and calls for information protected by

11  the attorney-client privilege, work product doctrine, or any other statutory or common law

12  privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature

13  disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the

14  extent that this interrogatory seeks information equally available to the Defendant, or that may be

15  derived or ascertained from information already in the Defendant's possession, custody or control,

16  or seeks information that is publicly available or is equally available to the Defendant from third

17  parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and

18  requests for production thus rendering it unduly burdensome and oppressive. Subject to and

19  without waiving the forgoing objections, Plaintiff responds as follows:

20    Dr. Julie Jaffe

21    Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

22  response at any time.

23  **SPECIAL INTERROGATORY NO. 51:**

24    If YOUR answer to Interrogatory No. 49 was in the affirmative, please STATE what cause

25  or causes any HEALTH CARE PRACTITIONER IDENTIFIED with regard to YOUR NHL.

26    **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

27  restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside

28  of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this

1    interrogatory is vague, calls for speculation, assumes facts, and calls for information protected by

2    the attorney-client privilege, work product doctrine, or any other statutory or common law

3    privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature

4    disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the

5    extent that this interrogatory seeks information equally available to the Defendant, or that may be

6    derived or ascertained from information already in the Defendant's possession, custody or control,

7    or seeks information that is publicly available or is equally available to the Defendant from third

8    parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and

9    requests for production thus rendering it unduly burdensome and oppressive. Subject to and

10   without waiving the forgoing objections, Plaintiff responds as follows:

11          At the time of Plaintiff's diagnosis his doctor, Dr. Julie Jaffee speculated that Plaintiff's

12   NHL was most likely resulted from "environmental" causes, not genetic.

13          Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

14   response at any time.

15   **SPECIAL INTERROGATORY NO. 52:**

16          IDENTIFY all HEALTH CARE PRACTITIONERS, including but not limited to hospitals,

17   emergency medical service providers, physicians, therapists, and psychologists, who saw or

18   treated YOU, for any reason whatsoever, since January 1, 1980, including in YOUR response the

19   condition(s) for which they treated YOU, the DATE(s) in which they treated YOU, and the

20   location at which they treated YOU.

21          **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

22   restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside

23   of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this

24   interrogatory is compound, overbroad, and calls for information protected by the attorney-client

25   privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further

26   objects to the extent that this interrogatory seeks the premature disclosure of expert testimony,

27   opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory

28   seeks information equally available to the Defendant, or that may be derived or ascertained from

1  information already in the Defendant's possession, custody or control, or seeks information that is

2  publicly available or is equally available to the Defendant from third parties. Plaintiff objects as

3  this interrogatory is duplicative of other special interrogatories and requests for production thus

4  rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing

5  objections, Plaintiff responds as follows:

6          Michael Ullery, M.D. Sacramento: Childhood – 2002

7          Dr. Julia Jaffe: 2014 - 2016

8          Dr. Susan Kohler: 2016-Present

9          Dr. John Wilson: 2016-Present

10  Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

11  response at any time.

12  **SPECIAL INTERROGATORY NO. 53:**

13          IDENTIFY all HEALTH CARE PRACTITIONERS, including but not limited to hospitals,

14  emergency medical service providers, physicians, therapists, and psychologists, who saw or

15  treated YOU for YOUR NHL.

16          **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

17  restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside

18  of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this

19  interrogatory calls for information protected by the attorney-client privilege, work product

20  doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent

21  that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis,

22  documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information

23  equally available to the Defendant, or that may be derived or ascertained from information already

24  in the Defendant's possession, custody or control, or seeks information that is publicly available or

25  is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is

26  duplicative of other special interrogatories and requests for production thus rendering it unduly

27  burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff

28  responds as follows:

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

1    Dr. Julia Jaffe, Dr. Rodriguez and several unknown practitioners at Dominican Hospital in

2  Santa Cruz, CA.

3    Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

4  response at any time.

5  **SPECIAL INTERROGATORY NO. 54:**

6    Have you ever been diagnosed with a form of cancer other than NHL?

7    **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

8  restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside

9  of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this

10  interrogatory calls for information protected by the attorney-client privilege, work product

11  doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent

12  that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis,

13  documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information

14  equally available to the Defendant, or that may be derived or ascertained from information already

15  in the Defendant's possession, custody or control, or seeks information that is publicly available or

16  is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is

17  duplicative of other special interrogatories and requests for production thus rendering it unduly

18  burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff

19  responds as follows:

20    No.

21    Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

22  response at any time.

23  **SPECIAL INTERROGATORY NO. 55:**

24    If YOUR answer to Special Interrogatory No. 54 was in the affirmative, IDENTIFY the

25  type of cancer and IDENTIFY all HEALTH CARE PRACTITIONERS, including but not limited

26  to hospitals, emergency medical service providers, physicians, therapists, and psychologists, who

27  saw or treated YOU, for that cancer and/or provided treatment or management for that cancer,

28

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

1  including in YOUR response the DATE(s) in which they treated YOU, and the location at which

2  they treated YOU.

3       **ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if

4  restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside

5  of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this

6  interrogatory calls for information protected by the attorney-client privilege, work product

7  doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent

8  that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis,

9  documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information

10  equally available to the Defendant, or that may be derived or ascertained from information already

11  in the Defendant's possession, custody or control, or seeks information that is publicly available or

12  is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is

13  duplicative of other special interrogatories and requests for production thus rendering it unduly

14  burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff

15  responds as follows:

16       Not Applicable.

17       Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

18  response at any time.

19  **SPECIAL INTERROGATORY NO. 56:**

20       IDENTIFY all herbicides, rodenticides and/or insecticides that YOU used, applied,

21  handled, or were exposed to for either personal or work-related purposes.

22       **ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if

23  restated in full. Plaintiff further objects to this interrogatory as vague and ambiguous to the terms

24  "herbicides, rodenticides and/or insecticides". Plaintiff objects to this interrogatory to the extent

25  that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further

26  objects to the extent that this interrogatory calls for information protected by the attorney-client

27  privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further

28  objects to the extent that this interrogatory seeks the premature disclosure of expert testimony,

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

1  opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory

2  seeks information equally available to the Defendant, or that may be derived or ascertained from

3  information already in the Defendant's possession, custody or control, or seeks information that is

4  publicly available or is equally available to the Defendant from third parties. Plaintiff objects as

5  this interrogatory is duplicative of other special interrogatories and requests for production thus

6  rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing

7  objections, Plaintiff responds as follows:

8      Not applicable. To the best of Plaintiff's recollection, he only used natural home remedies,

9  such as nutmeg, cinnamon or clove to deter ants. He never purchased or used any products, other

10  than Roundup, specifically used for the purpose of killing weeds, insects or other pests.

11      Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

12  response at any time.

13  **SPECIAL INTERROGATORY NO. 57:**

14      IDENTIFY all locations where YOU purchased herbicides, rodenticides, and/or

15  insecticides.

16      **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

17  restated in full. Plaintiff further objects to this interrogatory as vague and ambiguous to the terms

18  "herbicides, rodenticides and/or insecticides". Plaintiff objects to this interrogatory to the extent

19  that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further

20  objects to the extent that this interrogatory calls for information protected by the attorney-client

21  privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further

22  objects to the extent that this interrogatory seeks the premature disclosure of expert testimony,

23  opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory

24  seeks information equally available to the Defendant, or that may be derived or ascertained from

25  information already in the Defendant's possession, custody or control, or seeks information that is

26  publicly available or is equally available to the Defendant from third parties. Plaintiff objects as

27  this interrogatory is duplicative of other special interrogatories and requests for production thus

28

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Not applicable. To the best of Plaintiff's recollection, he only used natural home remedies, such as nutmeg, cinnamon or clove to deter ants. He never purchased or used any products, other than Roundup, specifically used for the purpose of killing weeds, insects or other pests.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 58:**

For each location IDENTIFIED in YOUR answer to Special Interrogatory No. 57, please IDENTIFY all credit card numbers, rewards card numbers, and membership numbers used to purchase herbicides, rodenticides and/or insecticides.

**ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff further objects to this interrogatory as vague and ambiguous to the terms "herbicides, rodenticides and/or insecticides". Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege. Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Not applicable. To the best of Plaintiff's recollection, he only used natural home remedies, such as nutmeg, cinnamon or clove to deter ants. He never purchased or used any products, other than Roundup, specifically used for the purpose of killing weeds, insects or other pests.

55

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 59:**

DESCRIBE YOUR work history.

**ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff further objects to this interrogatory as vague and overbroad as to time. Plaintiff objects to this interrogatory to the extent that it is vague, overbroad and seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

| Employer | Dates of Employment | Occupation | Job Duties |
|---|---|---|---|
| Self-Employed Varanelli Construction | 2016- Present | General Contractor | Construction and Administration |
| Big Tree Farms | 2016 | Marketing | Office duties |
| Farmhouse Culture | 2008-2016 | Office admin and marketing | Office Duties |
| Expo self-storage | 2003 | Assistant Manager | Office Administration |
| UPS | 2001 | Loader | Load Trucks |
| Vic's Ice Cream | 2000 | Scooper | Scoop Ice Cream |
| Gunther's | 1999 | Scooper | Scoop Ice Cream |

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 60:**

DESCRIBE and IDENTIFY all DOCUMENTS that show YOUR current employment status, including hours worked, compensation, and performance evaluations.

**ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff will provide authorizations permitting Defendant to obtain his employment and tax records. The information requested by this interrogatory is therefore equally available to Defendant.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 61:**

IDENTIFY the employers of each of YOUR spouses.

**ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff objects on the basis that this interrogatory seeks information that is not relevant to the subject matter of this case nor is it reasonably calculated to lead to the discovery of

57

admissible evidence. Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

John L Scott Real Estate in Medford, OR

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 62:**

IDENTIFY all social media accounts (e.g., LinkedIn, Facebook, Twitter, Tumblr, Instagram, Pinterest, etc.) YOU have used in the past five (5) years.

**ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff objects on the basis that this interrogatory seeks information that is not relevant to the subject matter of this case nor is it reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already

1   in the Defendant's possession, custody or control, or seeks information that is publicly available or

2   is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is

3   duplicative of other special interrogatories and requests for production thus rendering it unduly

4   burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff

5   responds as follows:

6       Instagram: @atreename

7       Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

8   response at any time.

9   **SPECIAL INTERROGATORY NO. 63:**

10      IDENTIFY all electronic accounts (e.g., Gmail, Yahoo, Comcast, Verizon, iChat, Apple

11  FaceTime, AOL Instant Messenger, BlackBerry Messenger, GroupMe, WhatsApp, and TikTok,

12  etc.) YOU have used in the past five (5) years.

13      **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

14  restated in full. Plaintiff objects on the basis that this interrogatory seeks information that is not

15  relevant to the subject matter of this case nor is it reasonably calculated to lead to the discovery of

16  admissible evidence. Plaintiff objects to this interrogatory to the extent that it seeks information

17  outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that

18  this interrogatory calls for information protected by the attorney-client privilege, work product

19  doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent

20  that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis,

21  documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information

22  equally available to the Defendant, or that may be derived or ascertained from information already

23  in the Defendant's possession, custody or control, or seeks information that is publicly available or

24  is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is

25  duplicative of other special interrogatories and requests for production thus rendering it unduly

26  burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff

27  responds as follows:

28

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

1    **ANSWER:** varanellinicholas@gmail.com, full-frame@hotmail.com,

2  nicknicknick9@hotmail.com, varanelliconstruction@gmail.com

3    Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

4  response at any time.

5  **SPECIAL INTERROGATORY NO. 64:**

6    If YOU have had any contact or COMMUNICATION with MONSANTO, MONSANTO

7  subsidiaries, or MONSANTO-related vendors, IDENTIFY each such contact or

8  COMMUNICATION.

9    **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

10  restated in full. Plaintiff objects on the basis that this interrogatory seeks information that is not

11  relevant to the subject matter of this case nor is it reasonably calculated to lead to the discovery of

12  admissible evidence. Plaintiff objects to this interrogatory to the extent that it seeks information

13  outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that

14  this interrogatory calls for information protected by the attorney-client privilege, work product

15  doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent

16  that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis,

17  documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information

18  equally available to the Defendant, or that may be derived or ascertained from information already

19  in the Defendant's possession, custody or control, or seeks information that is publicly available or

20  is equally available to the Defendant from third parties. Plaintiff objects as this interrogatory is

21  duplicative of other special interrogatories and requests for production thus rendering it unduly

22  burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff

23  responds as follows:

24    Not applicable.

25    Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

26  response at any time.

27

28

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

**SPECIAL INTERROGATORY NO. 65:**

State all facts that relate to YOUR first cause of action against MONSANTO for "Strict Liability (Design Defect)."

**ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff objects to the extent that this interrogatory seeks a legal conclusion. Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects to the extent that this request calls for the identification and production of electronically stored information from sources that are not reasonably accessible because of undue burden or expense. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff herein incorporates all factual allegations made in the complaint. Plaintiff believes that documentation supporting Plaintiff's causes of action, and identified in the complaint, are in the possession of defendant and other third parties, and therefore equally available to defendant. Plaintiff incorporates by reference all documents identified in the complaint herein.  In addition to the foregoing, Plaintiff will present expert testimony and evidence responsive to the interrogatory, which is not properly subject to discovery at this time.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

**SPECIAL INTERROGATORY NO. 66:**

State all facts that relate to YOUR second cause of action against MONSANTO for "Strict Liability (Failure to Warn)."

**ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff objects to the extent that this interrogatory seeks a legal conclusion. Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects to the extent that this request calls for the identification and production of electronically stored information from sources that are not reasonably accessible because of undue burden or expense. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff herein incorporates all factual allegations made in the complaint. Plaintiff believes that documentation supporting Plaintiff's causes of action, and identified in the complaint, are in the possession of defendant and other third parties, and therefore equally available to defendant. Plaintiff incorporates by reference all documents identified in the complaint herein.  In addition to the foregoing, Plaintiff will present expert testimony and evidence responsive to the interrogatory, which is not properly subject to discovery at this time.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

**SPECIAL INTERROGATORY NO. 67:**

State all facts that relate to YOUR third cause of action against MONSANTO for "Negligence."

**ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff objects to the extent that this interrogatory seeks a legal conclusion. Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects to the extent that this request calls for the identification and production of electronically stored information from sources that are not reasonably accessible because of undue burden or expense. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff herein incorporates all factual allegations made in the complaint. Plaintiff believes that documentation supporting Plaintiff's causes of action, and identified in the complaint, are in the possession of defendant and other third parties, and therefore equally available to defendant. Plaintiff incorporates by reference all documents identified in the complaint herein.  In addition to the foregoing, Plaintiff will present expert testimony and evidence responsive to the interrogatory, which is not properly subject to discovery at this time.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

**SPECIAL INTERROGATORY NO. 68:**

State all facts that relate to YOUR fourth cause of action against MONSANTO for "Fraud, Misrepresentation, and Suppression."

**ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff objects to the extent that this interrogatory seeks a legal conclusion. Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects to the extent that this request calls for the identification and production of electronically stored information from sources that are not reasonably accessible because of undue burden or expense. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff herein incorporates all factual allegations made in the complaint. Plaintiff believes that documentation supporting Plaintiff's causes of action, and identified in the complaint, are in the possession of defendant and other third parties, and therefore equally available to defendant. Plaintiff incorporates by reference all documents identified in the complaint herein.  In addition to the foregoing, Plaintiff will present expert testimony and evidence responsive to the interrogatory, which is not properly subject to discovery at this time.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

**SPECIAL INTERROGATORY NO. 69:**

State all facts that relate to YOUR fifth cause of action against MONSANTO for "Violation of the Unfair Business Practices Act."

**ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff objects to the extent that this interrogatory seeks a legal conclusion. Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege. Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects to the extent that this request calls for the identification and production of electronically stored information from sources that are not reasonably accessible because of undue burden or expense. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff herein incorporates all factual allegations made in the complaint. Plaintiff believes that documentation supporting Plaintiff's causes of action, and identified in the complaint, are in the possession of defendant and other third parties, and therefore equally available to defendant. Plaintiff incorporates by reference all documents identified in the complaint herein. In addition to the foregoing, Plaintiff will present expert testimony and evidence responsive to the interrogatory, which is not properly subject to discovery at this time.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

**SPECIAL INTERROGATORY NO. 70:**

State all facts that relate to YOUR claim for punitive damages against MONSANTO.

**ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff objects to the extent that this interrogatory seeks a legal conclusion. Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege. Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects to the extent that this request calls for the identification and production of electronically stored information from sources that are not reasonably accessible because of undue burden or expense. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff herein incorporates all factual allegations made in the complaint. Plaintiff believes that documentation supporting Plaintiff's causes of action, and identified in the complaint, are in the possession of defendant and other third parties, and therefore equally available to defendant. Plaintiff incorporates by reference all documents identified in the complaint herein. In addition to the foregoing, Plaintiff will present expert testimony and evidence responsive to the interrogatory, which is not properly subject to discovery at this time.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

**SPECIAL INTERROGATORY NO. 71:**

IDENTIFY all DOCUMENTS that relate to YOUR first cause of action against MONSANTO for "Strict Liability (Design Defect)."

**ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff objects to the extent that this interrogatory seeks a legal conclusion. Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege. Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects to the extent that this request calls for the identification and production of electronically stored information from sources that are not reasonably accessible because of undue burden or expense. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff herein incorporates all factual allegations made in the complaint. Plaintiff believes that documentation supporting Plaintiff's causes of action, and identified in the complaint, are in the possession of defendant and other third parties, and therefore equally available to defendant. Plaintiff incorporates by reference all documents identified in the complaint herein. In addition to the foregoing, Plaintiff will present expert testimony and evidence responsive to the interrogatory, which is not properly subject to discovery at this time.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

**SPECIAL INTERROGATORY NO. 72:**

IDENTIFY all DOCUMENTS that relate to YOUR second cause of action against MONSANTO for "Strict Liability (Failure to Warn)."

**ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff objects to the extent that this interrogatory seeks a legal conclusion. Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects to the extent that this request calls for the identification and production of electronically stored information from sources that are not reasonably accessible because of undue burden or expense. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff herein incorporates all factual allegations made in the complaint. Plaintiff believes that documentation supporting Plaintiff's causes of action, and identified in the complaint, are in the possession of defendant and other third parties, and therefore equally available to defendant. Plaintiff incorporates by reference all documents identified in the complaint herein.  In addition to the foregoing, Plaintiff will present expert testimony and evidence responsive to the interrogatory, which is not properly subject to discovery at this time.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

**SPECIAL INTERROGATORY NO. 73:**

IDENTIFY all DOCUMENTS that relate to YOUR third cause of action against MONSANTO for "Negligence."

**ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff objects to the extent that this interrogatory seeks a legal conclusion. Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects to the extent that this request calls for the identification and production of electronically stored information from sources that are not reasonably accessible because of undue burden or expense. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff herein incorporates all factual allegations made in the complaint. Plaintiff believes that documentation supporting Plaintiff's causes of action, and identified in the complaint, are in the possession of defendant and other third parties, and therefore equally available to defendant. Plaintiff incorporates by reference all documents identified in the complaint herein.  In addition to the foregoing, Plaintiff will present expert testimony and evidence responsive to the interrogatory, which is not properly subject to discovery at this time.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

**SPECIAL INTERROGATORY NO. 74:**

IDENTIFY all DOCUMENTS that relate to YOUR fourth cause of action against MONSANTO for "Fraud, Misrepresentation, and Suppression."

**ANSWER:** Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff objects to the extent that this interrogatory seeks a legal conclusion. Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects to the extent that this request calls for the identification and production of electronically stored information from sources that are not reasonably accessible because of undue burden or expense. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

Plaintiff herein incorporates all factual allegations made in the complaint. Plaintiff believes that documentation supporting Plaintiff's causes of action, and identified in the complaint, are in the possession of defendant and other third parties, and therefore equally available to defendant. Plaintiff incorporates by reference all documents identified in the complaint herein.  In addition to the foregoing, Plaintiff will present expert testimony and evidence responsive to the interrogatory, which is not properly subject to discovery at this time.

Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

**SPECIAL INTERROGATORY NO. 75:**

    **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if restated in full. Plaintiff objects to the extent that this interrogatory seeks a legal conclusion. Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls for information protected by the attorney-client privilege, work product doctrine, or any other statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials. Plaintiff objects to the extent that this interrogatory seeks information equally available to the Defendant, or that may be derived or ascertained from information already in the Defendant's possession, custody or control, or seeks information that is publicly available or is equally available to the Defendant from third parties. Plaintiff objects to the extent that this request calls for the identification and production of electronically stored information from sources that are not reasonably accessible because of undue burden or expense. Plaintiff objects as this interrogatory is duplicative of other special interrogatories and requests for production thus rendering it unduly burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff responds as follows:

    Plaintiff herein incorporates all factual allegations made in the complaint. Plaintiff believes that documentation supporting Plaintiff's causes of action, and identified in the complaint, are in the possession of defendant and other third parties, and therefore equally available to defendant. Plaintiff incorporates by reference all documents identified in the complaint herein.  In addition to the foregoing, Plaintiff will present expert testimony and evidence responsive to the interrogatory, which is not properly subject to discovery at this time.

    Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this response at any time.

**SPECIAL INTERROGATORY NO. 76:**

    IDENTIFY all DOCUMENTS that relate to YOUR claim for punitive damages against MONSANTO.

71

1    **ANSWER:**  Plaintiff incorporates by reference the forgoing General Objections as if

2    restated in full. Plaintiff objects to the extent that this interrogatory seeks a legal conclusion.

3    Plaintiff objects to this interrogatory to the extent that it seeks information outside of the scope of

4    Plaintiff's personal knowledge. Plaintiff further objects to the extent that this interrogatory calls

5    for information protected by the attorney-client privilege, work product doctrine, or any other

6    statutory or common law privilege.  Plaintiff further objects to the extent that this interrogatory

7    seeks the premature disclosure of expert testimony, opinion, analysis, documents, or materials.

8    Plaintiff objects to the extent that this interrogatory seeks information equally available to the

9    Defendant, or that may be derived or ascertained from information already in the Defendant's

10   possession, custody or control, or seeks information that is publicly available or is equally

11   available to the Defendant from third parties. Plaintiff objects to the extent that this request calls

12   for the identification and production of electronically stored information from sources that are not

13   reasonably accessible because of undue burden or expense. Plaintiff objects as this interrogatory is

14   duplicative of other special interrogatories and requests for production thus rendering it unduly

15   burdensome and oppressive. Subject to and without waiving the forgoing objections, Plaintiff

16   responds as follows:

17        Plaintiff herein incorporates all factual allegations made in the complaint. Plaintiff believes

18   that documentation supporting Plaintiff's causes of action, and identified in the complaint, are in

19   the possession of defendant and other third parties, and therefore equally available to defendant.

20   Plaintiff incorporates by reference all documents identified in the complaint herein.  In addition to

21   the foregoing, Plaintiff will present expert testimony and evidence responsive to the interrogatory,

22   which is not properly subject to discovery at this time.

23

24

25

26

27

28

PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL
INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)

1    Discovery is ongoing and, as such, Plaintiff reserves the right to amend or supplement this

2    response at any time.

3    Dated: October 14, 2022                    Respectfully submitted,

4                                               SINGLETON SCHREIBER, LLP

5

6                                               Gerald Singleton (SBN 208783)
                                                Christopher R. Rodriguez (SBN 212274)
7                                               Andrew Bluth (SBN 232387)
                                                Kristen D. Miller (SBN 273030)
8                                               Trent Nelson (SBN 340185)

9                                               *Attorneys for Plaintiff Nick Varanelli*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

73

## **PROOF OF SERVICE**

*Varanelli v. Monsanto Company, et al.*
Superior Court of California, County of Santa Cruz, Case No. 22CV00278

At the time of service, I was over 18 years of age and not a party to this action. My business address is 591 Camino de la Reina, Suite 1025, San Diego, California 92108.

On October 14, 2022, I served a true and correct copy of the document described as **PLAINTIFF'S RESPONSE TO DEFENDANT MONSANTO COMPANY'S SPECIAL INTERROGATORIES TO PLAINTIFF NICK VARANELLI (SET ONE)** to the parties on the attached service list by the following means:

☒   (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒   (E-MAIL) I emailed the documents the persons at the addresses listed on the attached service list.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 14, 2022, at San Diego, California.

_____
Monica Wong

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SERVICE LIST

*Varanelli v. Monsanto Company, et al.*
Superior Court of California, County of Santa Cruz, Case No. 22CV00278

Alexander H. Cote (State Bar No. 211558)
Michael Lavetter (State Bar No. 224423)
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
mlavetter@winston.com

Sandra A. Edwards (State Bar No. 154578)
WINSTON & STRAWN LLP
101 California Street, 34th Floor
San Francisco, CA  94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
sedwards@winston.com

*Attorneys for Defendant*
MONSANTO COMPANY

Steven Robert Platt
PARKER, MILLIKEN, CLARK, O'HARA
& SAMUELIAN
555 S. Flower Street, 30th Floor
Los Angeles, CA 90071
Tel: (213) 683-6500
Fax: (213) 683-6669
E-mail: splatt@pmcos.com

*Attorney for Defendants*

# VERIFICATION TO FOLLOW