UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document related to:<br><br>*Gilmore v. Monsanto Company*<br>Case No. 21-8159 | MDL 2714<br><br>Case No. 3:16-md-02741-VC |

**[REVISED PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL AND FOR CERTIFICATION OF THE CLASS FOR PURPOSES OF SETTLEMENT**

This matter comes before the Court on Plaintiffs' Scott Gilmore, Julio Ezcurra, James Weeks, Amanda Boyette, Anthony Jewell, Paul Taylor, Sherry Hanna, and Kristy Williams' ("Plaintiffs") Motion for Final Approval of Class Settlement and for Certification of the Class for Purposes of Settlement (Dkt. No. 129). The Court has reviewed the Motion and the supporting papers, including the Parties' Second Amended Settlement Agreement ("Settlement") (Dkt. No. 94-1, Ex. 1). Plaintiffs' Motion is hereby GRANTED, and the Court ORDERS the following:[1]

1. This Court has jurisdiction over this matter and all parties to this Action and Related Actions, including Class Members.

2. The Court finally approves the Settlement and terms and conditions set forth therein.

3. The Court has conducted an assessment of the fairness, reasonable, and adequacy of the Settlement. Based on Plaintiffs' Motions for Final Approval of Class Action Settlement (Dkt. No. 129) and Attorney's Fees, Costs and Incentive Awards (Dkt. No. 122) and the motions' supporting documentation, the November 14, 2022 letter to the Court (Dkt. No. 124), the objections to the Settlement filed by the two plaintiffs in *Tomlinson v. Monsanto* and the Parties' responses thereto (Dkt. Nos. 134, 136-37), Plaintiffs' Motion for

---

[1] All defined terms herein shall have the same meanings set forth in the Second Amended Settlement Agreement.

Preliminary Approval and objections to the Motion for Preliminary Approval filed by the *Godsey* and *Tomlinson* plaintiffs and the Parties' responses thereto (Dkt. Nos. 94, 105-06, 108-10), the argument and comments at the Final Fairness Hearing, and further consideration of the factors identified in the Court's Preliminary Approval Order (Dkt. No. 121) (including consideration of all arguments and briefing submitted in support of or in opposition to preliminary approval), the Court finds that the Settlement is fair, reasonable, and adequate, considering both the factors set forth in Federal Rule of Civil Procedure 23(e) and the factors set forth in Ninth Circuit precedent. *See Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1120-21 (9th Cir. 2020). The Court conducted its assessment using the "more probing inquiry" for settlements reached before class certification. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Specifically, the Court finds that:

a. The Settlement is fair considering the strength of Plaintiffs' case and the risks and costs of continued litigation. Were this litigation to proceed, Monsanto would have colorable defenses that may absolve it of liability. Additionally, there is a real risk that the plaintiffs would not be able to demonstrate that they are entitled to damages as the "price premium" calculation would be heavily contested.

b. The settlement amount, compensation rates, and floor/ceiling settlement structure are fair, reasonable, and adequate. In particular, the Court finds that the amount of the settlement fund is fair and adequate and consistent with other settlements approved in similar cases. Additionally, the Court finds, considering the evidence in the record, that the amount paid to claimants is fair, reasonable, and adequate in light of the potential value of the claims. Claimants will receive 20 percent of the average retail price of products they purchased, which is roughly two-thirds of Plaintiffs' expert's estimate of best-case damages were this case to proceed to trial, and many times Monsanto's expert's estimate of potential damages, and were able to recover these amounts by completing a simple claim form.

   c.  The extent of discovery and stage of proceedings weigh in favor of approval.

   d.  The experience and views of counsel weigh in favor of approval.

   e.  The reaction of Class Members to the Settlement favors approval. Approximately _____ claims were made, only seven individuals opted out, and only one objection to final approval was filed.

   f.  The methods for processing claims and distributing monetary relief are effective and adequate.

   g.  The terms of the proposed award of attorney's fees, costs and Plaintiffs' Service Awards (addressed more fully in the Court's order on Plaintiffs' Motion for Attorney's Fees, Costs, and Incentive Awards) are fair, reasonable, and justified.

   h.  Class members are treated equitably relative to each other.

   i.  The Release is not overbroad, as it does not release any personal injury or medical monitoring claims. The Notice clearly and conspicuously advised Settlement Class Members that they will retain their right to sue if they currently have, or later develop, cancer or any other illness or injury from exposure to the Products.

4. The Court orders that the following class (referred to as the "Settlement Class" or "Class"), which was preliminarily certified, shall remain finally certified for settlement purposes:

   > All Persons in the United States who, during the Class Period, purchased Products in the United States other than for resale or distribution, excluding (i) judicial officers and associated court staff assigned to this case, and their immediate family members; (ii) past and present (as of the Effective Date) officers, directors, and employees of Monsanto; and (iii) all those otherwise in the Settlement Class who timely and properly exclude themselves from the Settlement Class pursuant to the Settlement Agreement and in the manner approved by the Court and set forth in the Class Notice.

5. The Court finds that Class Counsel and the Class Representatives fairly and adequately represented the interests of Class Members. The Court confirms its appointment of Plaintiffs Scott Gilmore, Julio Ezcurra, James Weeks, Paul Taylor, Sherry Hanna,

Amanda Boyette, Anthony Jewell, and Kristy Williams as Class Representatives and the appointment of Class Counsel as counsel for the Settlement Class.

6. Persons who excluded themselves from the Settlement: (a) are not Class Members as that term is defined and used herein; (b) shall not be bound by this Final Approval Order or any release provided herein; and (c) shall not be entitled to any benefits from the Settlement.

7. The Court finds that Class Notice has been disseminated to the Class in compliance with the Court's Preliminary Approval Order and the Notice Plan.  The Court further finds that this provided the best notice to the Class practicable under the circumstances, fully satisfied due process, met the requirements of Rule 23 of the Federal Rules of Civil Procedure, and complied with all other applicable law.

8. The Court further finds that notice provisions of 28 U.S.C. § 1715 were complied with in this case.

9. The Settlement is fair, reasonable, and adequate, is in the best interests of the Class, has been entered into in good faith, and should be and hereby is fully and finally approved pursuant to Federal Rule of Civil Procedure 23.  The Settlement represents a fair resolution of all claims asserted by the Class Representatives on behalf of the Class, and fully and finally resolves all such claims.  The Settlement Agreement: (a) results from efforts by Class Representatives and Class Counsel who engaged in hard-fought litigation since 2019; (b) was negotiated at arm's length with the assistance of United States Magistrate Judge Diane Welsh; (c) provides relief for the Class that is fair, reasonable and adequate, taking into account the costs, risks, and delay of trial and appeal; and (d) treats Class Members equitably relative to each other.

10. This Court has considered all arguments raised by objectors and it hereby rejects those arguments as bases to deny final approval. At preliminary approval, objections were raised by George Leonard, Valentin Cervantes, and Patricia Godsey and, separately, by Ryan Tomlinson and Carol Richardson (the "Tomlinson Objectors"). Dkt. Nos. 105-06.

After considering those arguments and the Parties' responses, and after working with the Parties to revise the Notices to ensure that it was clear to Class Members that they were not releasing personal-injury claims, the Court rejected the objectors' arguments and granted preliminary approval.

11. At the final approval stage, only the Tomlinson Objectors raised renewed objections to the Settlement. The Court has considered those renewed objections, and the Parties' responses thereto, and concludes that the Objectors provided no new facts or information that would cause the Court to deny final approval of the Settlement. Specifically, the Court finds:

    a. Using the heightened scrutiny Objectors argue is required by *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011), the Court finds there is no evidence of collusion or inadequate representation. Nor is there any evidence of a "reverse auction" between Plaintiffs and Monsanto. The Court has specifically considered the argument that there was a "clear sailing" agreement and determines that the Settlement's provisions regarding attorney's fees are materially distinguishable from those in the cases the Tomlinson Objectors rely upon. And, in any event, do not show that collusion occurred in this case in light of the other evidence showing that the agreement was negotiated at arms' length before a third-party mediator, who is also a former federal magistrate judge, experienced in mediating class action settlements. *See* Dkt. No. 27. The Court also rejects the argument that the Settlement's ceiling was "illusory" for the reasons provided in the Parties' responses to the Tomlinson Objectors' objections. The Court also rejects the argument that the Settlement has a "reversionary" structure and further finds that, even if the structure could be characterized as reversionary, it does not evidence any collusion or unfairness. *See, e.g.*, *In re*

*Volkswagen 'Clean Diesel' Mktg., Sales Pracs. & Prods. Liab. Litig.*, 895 F.3d 597, 612 (9th Cir. 2018).

b. The Tomlinson Objectors' suggestion that this nationwide settlement is unfair to Class Members residing in Missouri is unwarranted and this Court rejects it. Even assuming that a comparison between a hypothetical Missouri-only settlement and this nationwide Settlement were required (which the Parties contest), the Court concludes that this Settlement treats all Class Members fairly, including those residing in Missouri.

c. The Court has considered and rejects the Tomlinson Objectors' assertion that Class Members residing in Missouri were uniquely positioned to recover "full-refund" damages. The Tomlinson Objectors themselves acknowledge that the measure of damages applicable to Missouri claims, like claims in other jurisdictions, is a "benefit of the bargain" measure of damages. Dkt. No. 134 at 9-10. That is the same measure of damages that Plaintiffs pursued in this case. While it is theoretically possible for the "benefit of the bargain" to amount to the full purchase price, the evidence in the record shows that both Parties engaged experts before mediation to assess potential damages and that even Plaintiffs' expert did not find damages approaching the full purchase price. *See* Dkt. Nos. 94-1 Ex. 2, 94-3 Ex. A. The Tomlinson Objectors have not offered any evidence to the contrary and, even if they had, as the Court found above, there is a real risk that a jury could accept Monsanto's expert's opinions and conclude that there were very low, or even no, damages. The Court finds that the settlement amount is fair, reasonable, and adequate for Class Members residing in Missouri and anywhere else in the country.

d. The Court has considered and rejects the Tomlinson Objectors' argument that the settlement amount is unfair, unreasonable, or inadequate because it does not account for the potential for a punitive damages award. Courts in this District have

repeatedly rejected the notion that a settlement, which is an attempt to compromise claims, must account for punitive damages. *See Zepeda v. Paypal, Inc.*, 2017 WL 1113293, at *12 (N.D. Cal. Mar. 24, 2017). But even assuming that a settlement must account for a potential award of punitive damages, the Court finds that the Settlement in this case is nonetheless fair, reasonable, and adequate. The claims released by the Settlement are not based on any alleged personal injury, and Class Members who do claim that they have suffered such injury do not release their claims based on that injury, so any award of punitive damages is highly speculative. And, even if punitive damages were awarded, such damages would not necessarily be significant, particularly given the risk that the jury would conclude that there were no significant compensatory damages. The Court finds that the Settlement, which provides quick and assured payments, is fair, reasonable, and adequate.

12. The language of the Settlement Agreement can be found on the Court's publicly available docket at Dkt. No. 94-1, Ex. 1. The Release set forth in the Settlement is incorporated herein and will become binding and effective on all Class Members upon the Effective Date.

13. The Claims Administrator and the Parties are hereby directed to implement and carry out the Settlement in accordance with the terms and provisions thereof.

14. Upon entry of this Order, each and every Releasing Person shall be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Class Released Claims against any Released Parties in any court or any forum whatsoever. Likewise, the Released Persons shall be discharged of and from all liability for the Class Released Claims.

15. Within 21 days after all funds have been paid pursuant to the Settlement, the Parties shall file a Post-Distribution Accounting, which shall be posted on the Settlement Website, providing the following information: the total settlement fund; the number of claims; the

number and percentage of objections; the average, median, maximum, and minimum recovery per claimant, the methods of notice and methods of payment to class members, the number and value of any uncashed checks to Class Members, any amounts distributed to a *cy pres* recipient.

16. Ten (10) percent of the attorneys' fees awarded will be held back pending the filing of a Post-Distribution Accounting by Class Counsel. With the Post-Distribution Accounting, Class Counsel should submit a proposed order releasing the remainder of the fees.

17. In light of this Order, this case is hereby DISMISSED with prejudice.

18. Without affecting the finality of that Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation and administration of the Settlement; and (b) the Parties, the Claims Administrator, and the Class Members for the purpose of construing, enforcing, and administering the Settlement Agreement and all orders and judgments entered in connection therewith.

   IT IS SO ORDERED.

_____
HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE