**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M Street, NW, 10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, NW
Washington, DC 20005
Tel:  202-898-5800
Fax: 202-682-1639

**ARNOLD & PORTER KAYE SCHOLER LLP**
William Hoffman (*pro hac vice*)
(william.hoffman@arnoldporter.com)
Daniel S. Pariser (*pro hac vice*)
(daniel.pariser@arnoldporter.com)
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel:  202-942-5000
Fax: 202-942-5999

**SHOOK, HARDY & BACON L.L.P.**
Ryan S. Killian (CA Bar No. 294512)
(rkillian@shb.com)
600 Travis Street, Suite 3400
Houston, TX 77002
Tel:  713-227-8008
Fax: 713-227-9508

*Attorneys for Defendant*
*MONSANTO COMPANY*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 <br><br> Case No. 3:16-md-02741-VC |
| THIS DOCUMENT RELATES TO: <br><br> *Nick Varanelli v. Monsanto Company, et al.*, Case No. 3:22-cv-07018-VC | **DEFENDANT MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND *VARANELLI* CASE** <br><br> Date:   February 9, 2023 <br> Time:   10:00 a.m. <br> Courtroom:  4 |

## **TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................................ 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.    The Removal Notice Was Timely, And Plaintiff Fails To Rebut That Conclusion. .... 2

    II.   The Unrebutted Evidence Presented In The Removal Notice Establishes Fraudulent Joinder Regarding Both Wilbur-Ellis Defendants, As This Court Held In *Mignone* And Remand-Denial Rulings Issued In Other Roundup Lawsuits............ 6

        A.    The Unrebutted Evidence Establishes That Wilbur-Ellis Nutrition/Feed Has Been Fraudulently Joined. ................................................................................. 6

        B.    The Unrebutted Evidence Establishes That Wilbur-Ellis Company Has Been Fraudulently Joined................................................................................................ 7

CONCLUSION............................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arias v. Follet Higher Educ. Corp.*,
   No. 8:18-cv-01965-JLS-JDE, 2019 WL 484192 (C.D. Cal. Feb. 7, 2019) ...............................9

*Aronis v. Merck & Co.*,
   No. Civ. S-05-0486 WBS DAD, 2005 WL 5518485 (E.D. Cal. May 3, 2005)........................7

*Carvalho v. Equifax Information Servs., LLC*,
   629 F.3d 876 (9th Cir. 2010) .................................................................................................3

*DiCola v. White Bros. Performance Prods., Inc.*,
   158 Cal. App. 4th 666 (2008) ................................................................................................7

*Durham v. Lockheed Martin Corp.*,
   445 F.3d 1247 (9th Cir. 2006) ...............................................................................................3

*Feizbakhsh v. Travelers Commercial Ins. Co.*,
   No. LA CV16-02165 JAK (Ex), 2016 WL 8732296 (C.D. Cal. Sept. 9, 2016).....................10

*Fristoe v. Reynolds Metals Co.*,
   615 F.2d 1209 (9th Cir. 1980) ...............................................................................................6

*Harris v. Bankers Life & Cas. Co.*,
   425 F.3d 689 (9th Cir. 2005) .................................................................................................4

*Kenny v. Wal-Mart Stores, Inc.*,
   881 F.3d 786 (9th Cir. 2018) .................................................................................................6

*Kline v. Mentor Worldwide, LLC*,
   No. 2:19-cv-00877-WBS-KJN, 2019 WL 3245102 (E.D. Cal. July 19, 2019) .......................7

*Maniar v. F.D.I.C.*,
   979 F.2d 782 (9th Cir. 1992) .................................................................................................6

*Martin v. Franklin Capital Corp.*,
   546 U.S. 132 (2005)..............................................................................................................10

*Martinez v. McKesson Corp.*,
   No. 3:15-cv-02903-H-JLB, 2016 WL 5930271 (S.D. Cal. Apr. 7, 2016) .........................7, 10

*Rico-Chinn v. Prudential Ins. Co. of Am.*,
   No. C-05-01975 MMC, 2005 WL 1632289 (N.D. Cal. July 12, 2005)..............................4, 5

*In re Roundup Prods. Liab. Litig. (Carson)*,
  No. 16-md-02741-VC, 2021 WL 4314138 (N.D. Cal. Sept. 23, 2021) ................................. 1, 7

*In re Roundup Prods. Liab. Litig. (Mignone)*,
  No. 16-md-02741-VC, 2022 WL 4281361 (N.D. Cal. Sept. 15, 2022) ........................... *passim*

*In re Roundup Prods. Liab. Litig. (Pike)*,
  No. 16-md-02741-VC, 2021 WL 4315486 (N.D. Cal. Sept. 22, 2021) ................................. 1, 7

*In re Roundup Prods. Liab. Litig. (Roybal)*,
  No. 16-md-02741-VC, 2021 WL 4186714 (N.D. Cal. Sept. 15, 2021) ........................... *passim*

*Smith v. Mylan Inc.*,
  761 F.3d 1042 (9th Cir. 2014) ................................................................................................ 6

*Tucker v. McKesson Corp.*,
  No. C 10–2981 SBA, 2011 WL 4345166 (N.D. Cal. Sept. 14, 2011) ...................................... 7

*Vu v. Ortho-McNeil Pharm., Inc.*,
  602 F. Supp. 2d 1151 (N.D. Cal. 2009) ................................................................................. 7

## **Statutes**

28 U.S.C. § 1446(b) .......................................................................................................... *passim*

28 U.S.C. § 1447(c) ..................................................................................................................... 6

iii
Monsanto's Opposition to Plaintiff's Motion to Remand *Varanelli* Case
3:16-md-02741-VC & 3:22-cv-07018-VC

## INTRODUCTION

Monsanto Company ("Monsanto") properly and timely removed this case to this Court because Wilbur-Ellis Nutrition, LLC, formerly known as Wilbur-Ellis Feed, LLC ("Wilbur-Ellis Nutrition/Feed") and Wilbur-Ellis Company LLC ("Wilbur-Ellis Company")—local defendants joined by Plaintiff in an attempt to destroy this Court's federal diversity jurisdiction—are fraudulently joined. The basis for finding fraudulent joinder here is the same one that this Court repeatedly has accepted when denying remand motions in other Roundup cases, including in *Mignone*, where that plaintiff was represented by the same law firm that represents Plaintiff in this case. *See In re Roundup Prods. Liab. Litig. (Mignone)*, No. 16-md-02741-VC, 2022 WL 4281361 (N.D. Cal. Sept. 15, 2022); *see also In re Roundup Prods. Liab. Litig. (Carson)*, No. 16-md-02741-VC, 2021 WL 4314138 (N.D. Cal. Sept. 23, 2021); *In re Roundup Prods. Liab. Litig. (Pike)*, No. 16-md-02741-VC, 2021 WL 4315486 (N.D. Cal. Sept. 22, 2021); *In re Roundup Prods. Liab. Litig. (Roybal)*, No. 16-md-02741-VC, 2021 WL 4186714 (N.D. Cal. Sept. 15, 2021). Plaintiff's Motion to Remand ("Remand Motion"), ECF No. 8, fails to address any of those on-point rulings.

Instead, Plaintiff makes arguments that are foreclosed by those remand-denial rulings and the law governing fraudulent joinder removals. First, the Notice of Removal ("Removal Notice"), ECF No. 1, was timely based on the "other paper" provision in 28 U.S.C § 1446(b)(3) because Plaintiff's interrogatory answers provided notice, for the first time, that this case was removable. Second, Wilbur-Ellis Nutrition/Feed and Wilbur-Ellis Company were fraudulently joined because the evidence submitted by Monsanto establishes that those defendants did not have any role in designing, manufacturing, distributing, marketing, or selling the Roundup®-branded herbicides allegedly used by Plaintiff.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In February 2022, Plaintiff commenced this lawsuit by filing a Complaint in the Superior Court of the State of California for the County of Santa Cruz. Compl., Removal Notice Ex. 1, ECF No. 1-2. The Complaint asserts claims against Monsanto and seeks damages for non-

Hodgkin's lymphoma allegedly caused by Monsanto's Roundup®-branded herbicides. The Complaint also asserts claims against Wilbur-Ellis Company and Wilbur-Ellis Nutrition/Feed. Plaintiff vaguely alleges that he "was exposed to Roundup® and/or glyphosate in the State of California and County of Santa Cruz." *Id*. ¶ 4. The Complaint did not disclose whether he was exposed to Roundup®-branded herbicides through residential use or work-related use.

It was not until October 2022—when Plaintiff served answers to Monsanto's interrogatories showing that he used only residential Roundup®-branded herbicides—that this case became removable on fraudulent joinder grounds.[1] On November 9, 2022, less than 30 days after Monsanto received those interrogatory answers and first ascertained the basis for removal, Monsanto timely removed this lawsuit to this Court, pursuant to Section 1446(b)(3).

On December 9, 2022, Plaintiff filed a Motion to Remand ("Terminated Motion"), ECF No. 6, but this Court ordered that motion "terminated" because it violated the Court's Pretrial Order No.1, *see* December 12, 2022 Order Terminating Motion, ECF No. 7. On December 29, 2022, Plaintiff filed the Remand Motion, which is virtually identical to the Terminated Motion.

## ARGUMENT

### I. The Removal Notice Was Timely, And Plaintiff Fails To Rebut That Conclusion.

Plaintiff's argument that the Removal Notice was untimely because the Complaint made Wilbur-Ellis Company and Wilbur-Ellis Feed aware of the fraudulent joinder arguments, *see* Mem. of Points and Authorities in Support of Plaintiff's Motion to Remand at 9-11 ("Remand Mem."), ECF No. 8-1, is without merit.

*First*, Plaintiff misses the mark by focusing on when the *Wilbur-Ellis defendants* purportedly had notice of removability and whether they timely removed this case; *Monsanto* filed the Removal Notice. The Wilbur-Ellis defendants did not file (or join in filing) the Removal Notice, and they did not (and were not required to) consent to removal because they were fraudulently joined, *see* Removal Notice ¶ 31 (quoting 28 U.S.C. § 1446(b)(2)(A)).

---

[1] The interrogatory answers at issue here are attached to the Removal Notice. Removal Notice Ex. 4, ECF No. 1-2. Plaintiff served those interrogatory answers on Monsanto on October 14, 2022 but without a signed verification page. Removal Notice at 5 n.2. Monsanto received Plaintiff's signed verification page on October 25, 2022. *Id*.

*Second*, if Plaintiff intended to direct his untimeliness argument at Monsanto, that argument also fails. In *Mignone*, the plaintiff argued that Monsanto's removal notice was untimely because the allegations in the Complaint started the 30-day clock for removal and the removal notice was filed months after that 30-day period passed. However, this Court disagreed: "The argument fails because the complaint did not make clear that [plaintiff] was alleging claims based solely on residential use of Roundup." *Roundup Prods. Liab. Litig. (Mignone)*, 2022 WL 4281361, at *2; *see id.* ("Nowhere does the complaint make clear that [plaintiff] only bought and used Roundup for residential purposes."). Thus, the Court held, based on the "other paper" provision in Section 1446(b), that the removal notice was timely because it was filed within 30 days after Monsanto first learned (through a sworn statement served by plaintiff during discovery) that plaintiff's use of Roundup®-branded herbicides occurred solely in the residential context. *Roundup Prods. Liab. Litig. (Mignone)*, 2022 WL 4281361, at *2.[2]

The same holds true here. Fraudulent joinder of Wilbur-Ellis Company could not be determined from the face of the Complaint because that pleading provided ***no*** information regarding whether Plaintiff's alleged exposure to Roundup®-branded herbicides was residential use or work-related use. Plaintiff's contention that the same facts disclosed in his interrogatory answers are alleged in the Complaint, *see* Remand Mem. at 10-11, is false. Plaintiff asserts that he is "not a 'professional'' or 'agricultural' plaintiff," *id.* at 10 (citing Compl. ¶¶ 5, 8), but that key information is ***not*** alleged in the Complaint. It vaguely alleges that Plaintiff "was exposed to Roundup® and/or glyphosate in the State of California and County of Santa Cruz," Compl. ¶ 4, but does not state where (a farm? his house? railroad tracks?) he allegedly used Roundup®-

---

[2] The Court's timeliness holding in *Mignone* was consistent with the removal statute and Ninth Circuit law regarding two potential windows of opportunity for removal. The timeliness of a removal notice is governed by Section 1446(b), which "identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Information Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." *Id.* (quotation marks omitted). If the complaint "on its face" does not provide a basis for removal, a second removal opportunity can arise later. "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Id.* (quoting § 1446(b)); *see Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006).

branded herbicides. The Complaint also does not identify the specific Roundup®-branded herbicide formulation(s) allegedly used by Plaintiff. Instead, it makes sweeping allegations that include all Roundup®-branded herbicide formulations, starting with the allegation that "'Roundup' refers to **all formulations** of MONSANTO products, **including, but not limited to** . . .", and ending with a broad catch-all phrase: ". . . or **any other formulation** containing the active ingredient glyphosate." *Id*. ¶ 8 (emphasis added). As this Court knows from the *Mignone* ruling and its remand-denial rulings in other Roundup cases involving Wilbur-Ellis Company, the distinction between certain kinds of Roundup®-branded herbicides designed and sold for residential use and other kinds of Roundup®-branded herbicides designed and sold for work-related use is essential for determining whether Wilbur-Ellis Company has been fraudulently joined. Plaintiff's reliance on Paragraph 8 of the Complaint is misplaced because it conceals—rather than discloses—the key fact that gives rise to Monsanto's argument regarding fraudulent joinder of Wilbur-Ellis Company. Paragraph 5 similarly does nothing to establish that the Removal Notice was untimely, because it merely alleges that "Plaintiff brings this action for personal injuries sustained by exposure to Roundup ('Roundup'), containing the active ingredient glyphosate and the surfactant polyethoxylated tallow amine," Compl. ¶ 5, without disclosing whether that alleged exposure was through residential use or work-related use.

Therefore, the face of the Complaint did not affirmatively show a basis for federal subject matter jurisdiction and did not provide any notice—let alone unambiguous notice—of removability, so Monsanto did not have any basis, and was not required, to remove this case within 30 days of being served with the Complaint. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690-91 (9th Cir. 2005) (rejecting argument that removability is determined by "defendant's knowledge, constructive or otherwise, of the requisite jurisdictional facts" and holding that "the thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading **only when that pleading affirmatively reveals on its face** the facts necessary for federal court jurisdiction." (brackets in original; emphasis added; quotation marks omitted)); *Rico-Chinn v. Prudential Ins. Co. of Am.*, No. C-05-01975 MMC, 2005 WL 1632289, at *2

(N.D. Cal. July 12, 2005) (stating that Section 1446(b) "permits the defendant to rely *exclusively* on the initial pleading for information bearing on removability" and that "*unambiguous notice of removability*" is required to start first 30-day removal period because that requirement "lessens the likelihood of 'premature' removals" (emphasis added)).

It was not until Plaintiff disclosed the nature of his alleged use of Roundup®-branded herbicides in his interrogatory answers that Monsanto had a basis to conclude that he fraudulently joined Wilbur-Ellis Company. That new information was the trigger for removal here within the meaning of Section 1446(b)—just as it was in *Mignone*. The second 30-day removal period in Section 1446(b) began to run in October 2022 (October 14 or October 25, *see supra* note 1) because Plaintiff's interrogatory answers were the "other paper from which it may first be ascertained that [this] case is one which is or has become removable," § 1446(b)(3).[3] Monsanto filed the Removal Notice on November 9—less than 30 days later (regardless of whether the 30-day clock started on October 14 or October 25)—so that filing was timely.

***Third***, Plaintiff's argument regarding Wilbur-Ellis Nutrition/Feed, *see* Remand Mem. at 9-10, fails to show that the removal was untimely. It does not matter whether Monsanto was aware, as soon as the Complaint was served, that Wilbur Ellis Nutrition/Feed was fraudulently joined because the presence of another California defendant—Wilbur-Ellis Company— prevented Monsanto from removing this case at that time. This case could not be removed until Monsanto had a basis for showing fraudulent joinder as to ***both*** of those defendants. As discussed above, that did not happen until October 2022, when Plaintiff served interrogatory answers stating that he used Roundup®-branded herbicides solely in the residential context.

In sum, Monsanto correctly waited until an "other paper" (plaintiff's interrogatory answers) started the clock running on the second 30-day removal deadline in Section 1446(b)(3)

---

[3] "It is well-established that discovery responses qualify as 'other paper' within the meaning of § 1446(b)." *Rico-Chinn*, 2005 WL 1632289, at *4 (denying remand motion; holding that removal was timely, based on Section 1446(b), because plaintiff's interrogatory response was "other paper" that triggered second 30-day removal deadline); *see Roundup Prods. Liab. Litig. (Mignone)*, 2022 WL 4281361, at *2 (holding that Monsanto's removal was timely because Plaintiff Fact Sheet was Section 1446(b) "other paper" that triggered second 30-day removal deadline).

and timely filed the Removal Notice before that deadline passed.[4]

**II. The Unrebutted Evidence Presented In The Removal Notice Establishes Fraudulent Joinder Regarding Both Wilbur-Ellis Defendants, As This Court Held In *Mignone* And Remand-Denial Rulings Issued In Other Roundup Lawsuits.**

The evidence presented by Monsanto—declarations and Plaintiff's interrogatory answers—establishes that Plaintiff fraudulently joined Wilbur-Ellis Nutrition/Feed and Wilbur-Ellis Company. He does not challenge that showing regarding Wilbur-Ellis Nutrition/Feed. As to Wilbur-Ellis Company, he does not present any evidence to rebut Monsanto's evidence, and his sheer speculation regarding his claims against that defendant do not require remand.

**A. The Unrebutted Evidence Establishes That Wilbur-Ellis Nutrition/Feed Has Been Fraudulently Joined.**

The evidence establishes that Plaintiff fraudulently joined Wilbur-Ellis Nutrition/Feed, because that defendant: (a) did not come into existence as a company until *after* Plaintiff's alleged use of Roundup®-branded herbicides ended; and (b) has never designed, manufactured, marketed, distributed, or sold Monsanto's Roundup®-branded herbicides or any other herbicides. *See* Removal Notice ¶¶ 17-19 (citing Declaration of Dennis McDermott, Removal Notice Ex. 3, ECF No. 1-2, and fraudulent joinder rulings issued by this Court and other courts). "Under California law, a plaintiff 'claiming to have been injured by a defective product must prove that the ***defendant's*** product, or some instrumentality under the defendant's control, caused his or her

---

[4] In addition, this Court has discretion to hold that Plaintiff waived his untimeliness argument by violating the case management order that governs the filing of motions in these multidistrict litigation ("MDL") proceedings. The Terminated Motion was terminated by order of this Court because that motion did not comply with the Court's Pretrial Order No. 1. *See supra* page 2. More than two weeks later, Plaintiff filed the Remand Motion (December 29, 2022). That was more than 30 days after Monsanto filed the Removal Notice (November 9, 2022), but a motion to remand a case "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal," 28 U.S.C. § 1447(c). A plaintiff who files an untimely remand motion has waived the right to object to any non-jurisdictional procedural defect in the removal, as opposed to a defect that affects a federal district court's subject matter jurisdiction (which cannot be waived and can be asserted at any time). *See, e.g.*, *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 789-90 (9th Cir. 2018); *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014). The untimeliness argument presented in the Remand Motion is a non-jurisdictional, procedural objection that is waived if it is not asserted in a timely remand motion. *See, e.g.*, *Maniar v. F.D.I.C.*, 979 F.2d 782, 784-85 (9th Cir. 1992); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212-13 (9th Cir. 1980). In these circumstances, the Court can hold that Plaintiff sat on his rights and waived his untimeliness argument. *See Fristoe*, 615 F.2d at 1212 (stating that a party objecting to a removal notice as untimely "may waive the defect or be estopped from objecting to the untimeliness by sitting on his rights").

injury.'" *Kline v. Mentor Worldwide, LLC*, No. 2:19-cv-00877-WBS-KJN, 2019 WL 3245102, at *3 (E.D. Cal. July 19, 2019) (holding that plaintiffs fraudulently joined California defendant that did not design, manufacture, distribute, or sell products that allegedly injured plaintiffs (quoting *DiCola v. White Bros. Performance Prods., Inc.*, 158 Cal. App. 4th 666, 677 (2008) (emphasis added)).[5] This Court accepted the same fraudulent joinder arguments regarding Wilbur-Ellis Nutrition/Feed when denying remand motions in other Roundup lawsuits. *See, e.g.*, *Roundup Prods. Liab. Litig. (Roybal)*, 2021 WL 4186714, at *1; *see also Roundup Prods. Liab. Litig. (Mignone)*, 2022 WL 4281361, at *1 (citing with approval Amended Pretrial Order No. 244; *i.e.*, *Roybal* remand denial ruling). The evidence regarding fraudulent joinder of Wilbur-Ellis Nutrition/Feed is so overwhelming that Plaintiff does not even try to argue that he has viable claims against that defendant. Accordingly, the Court should hold that he fraudulently joined Wilbur-Ellis Nutrition/Feed and should disregard that defendant's citizenship when deciding whether Monsanto's removal was proper.

### B. The Unrebutted Evidence Establishes That Wilbur-Ellis Company Has Been Fraudulently Joined.

The evidence establishes that Plaintiff fraudulently joined Wilbur-Ellis Company because it had no involvement with designing, manufacturing, distributing, marketing, or selling the Roundup®-branded herbicides that he allegedly used. This Court repeatedly has accepted that fraudulent joinder argument regarding Wilbur-Ellis Company. *See Roundup Prods. Liab. Litig. (Mignone)*, 2022 WL 4281361; *Roundup Prods. Liab. Litig. (Carson)*, 2021 WL 4314138; *Roundup Prods. Liab. Litig. (Pike)*, 2021 WL 4315486; *Roundup Prods. Liab. Litig. (Roybal)*,

---

[5] *See also, e.g.*, *Martinez v. McKesson Corp.*, No. 3:15-cv-02903-H-JLB, 2016 WL 5930271 (S.D. Cal. Apr. 7, 2016) (holding that California defendant was fraudulently joined because it did not manufacture Mirena and did not distribute ***plaintiff's*** Mirena); *Tucker v. McKesson Corp.*, No. C 10–2981 SBA, 2011 WL 4345166 (N.D. Cal. Sept. 14, 2011) (holding that California defendant was fraudulently joined because it did not distribute morphine tablets to pharmacy where decedent obtained morphine tablets at issue in lawsuit); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1154-55 (N.D. Cal. 2009) (holding that California defendant was fraudulently joined because she did not market or distribute Children's Tylenol Plus Multi-Symptom Cold medicine); *Aronis v. Merck & Co.*, No. Civ. S-05-0486 WBS DAD, 2005 WL 5518485 (E.D. Cal. May 3, 2005) (holding that California defendant was fraudulently joined because plaintiff alleged merely that defendant was a major distributor of Vioxx without connecting defendant to plaintiff's injuries).

2021 WL 4186714.  Monsanto's glyphosate-based, Roundup®-branded herbicides have been designed for and sold to three different markets: (a) the agricultural market; (b) the residential-lawn-and-garden market; and (c) the professional market, which involves herbicides designed for and sold to, for example, landscaping companies, golf courses, schools, or state and local government agencies (to maintain roads, parks, and/or rights-of-way).  Removal Notice ¶ 21 (citing Declaration of Scott Hushbeck, Removal Notice Ex. 5, ECF No. 1-2).  Wilbur-Ellis Company has been in the business of distributing and selling only certain categories of Roundup®-branded herbicides—namely, herbicides designed for the agricultural market and the professional market.  *Id*. ¶ 22.  That defendant has not been in the business of distributing, marketing, or selling Monsanto's glyphosate-based, Roundup®-branded herbicides that have been designed for the residential-lawn-and-garden market.  *Id*.  Thus, Wilbur-Ellis Company has not played any role in the chain of distribution leading to Monsanto's glyphosate-based, Roundup®-branded lawn-and-garden herbicides being sold at Home Depot stores or other national retail stores.  *Id*.  That defendant has not been the sole or exclusive distributor of Monsanto's Roundup®-branded, glyphosate-based herbicides in California.  *Id*. ¶ 23.  Moreover, Wilbur-Ellis Company has not designed or manufactured Monsanto's glyphosate-based, Roundup®-branded herbicides.  *Id*. ¶ 24.

Thus, there is an insurmountable gulf between the limited scope of Wilbur-Ellis Company's business related to certain kinds of Monsanto Roundup®-branded herbicides and the specific herbicides allegedly at issue in this case.  As Monsanto first ascertained from Plaintiff's interrogatory responses, Plaintiff allegedly used and/or was exposed to Roundup®-branded herbicides solely for residential use and not for work-related reasons.  Removal Notice ¶ 25 (citing Plaintiff's interrogatory answers, Removal Notice Ex. 4, ECF No. 1-2).  Thus, like the *Mignone* plaintiff, Plaintiff here does not have any viable claims against Wilbur-Ellis Company because it has never designed or manufactured Monsanto's Roundup®-branded herbicides—and has never played any role in distributing, marketing, or selling Roundup®-branded, residential-lawn-and-garden herbicides.  *See Roundup Prods. Liab. Litig. (Mignone)*, 2022 WL 4281361, at

*1 (discussing declaration submitted by Monsanto "that Wilbur-Ellis Company only distributed and sold Roundup to the agricultural and professional markets"; holding that "[t]his declaration is fatal to [plaintiff's] claims against Wilbur-Ellis Company" and that it provides "clear and convincing evidence that Wilbur-Ellis Company did not market or distribute Roundup for residential use"); *see also Roundup Prods. Liab. Litig. (Roybal)*, 2021 WL 4186714, at *1-2 (accepting Monsanto's evidence-based argument that Wilbur-Ellis Company was fraudulently joined because it "markets and distributes Roundup in the agricultural and professional markets only—not the residential market" and because plaintiff's "Roundup exposure occurred through residential use"; stating that Monsanto presented "clear and convincing evidence that Wilbur-Ellis Company did not market or distribute [plaintiff's] Roundup").

Lacking any persuasive response to Monsanto's evidence-based showing that Wilbur-Ellis Company was fraudulently joined, Plaintiff relies—contrary to this Court's remand-denial rulings in other Roundup lawsuits naming that same defendant—on unsupported allegations and speculation. Without submitting his own declaration or any other evidence, Plaintiff asserts that it is possible that he used and/or was exposed to Roundup®-branded herbicides distributed by Wilbur-Ellis Company, *see* Remand Mem. at 12-13, but this Court rejected such unsupported speculation when denying other remand motions, *see Roundup Prods. Liab. Litig. (Mignone)*, 2022 WL 4281361, at *1 (stating that plaintiff "speculates that Wilbur-Ellis Company may have distributed Roundup to which he was exposed, but . . . this unsupported contention does not overcome the clear and convincing evidence that Wilbur-Ellis Company did not market or distribute Roundup for residential use"); *Roundup Prods. Liab. Litig. (Roybal)*, 2021 WL 4186714, at *2 ("[Plaintiff's] speculation, without any evidentiary support, is insufficient to overcome the clear and convincing evidence that Wilbur-Ellis Company did not market or distribute [plaintiff's] Roundup.").[6]

---

[6] Those rulings are consistent with the principle that, when a removing defendant pierces the pleadings with evidence showing that a non-diverse defendant has been fraudulently joined (as Monsanto has done here and in prior removal notices), a plaintiff seeking remand cannot rely on mere allegations or speculation lacking evidentiary support. *See, e.g.*, *Arias v. Follet Higher Educ. Corp.*, No. 8:18-cv-01965-JLS-JDE, 2019 WL 484192, at *3 (C.D. Cal. Feb. 7, 2019) (denying remand motion; plaintiff did not state a claim against the non-diverse defendant

Plaintiff tries to evade the impact of his interrogatory answers by claiming that he did not state his recollection "with complete certainty" and emphasizing that discovery is ongoing, Remand Mem. at 12, but that gambit also fails. This Court should not accept sheer speculation about what may be revealed during discovery regarding the kind of Roundup®-branded herbicides Plaintiff allegedly used. Those facts are within his own knowledge, so he does not need discovery. He could have submitted a declaration to this Court regarding those facts, but he did not do so because he has no basis to rebut Monsanto's evidence-based showing that he fraudulently joined Wilbur-Ellis Company. As this Court stated when denying the remand motion in *Roybal*, the fraudulent joinder burden "does not mean the Court must close its eyes to reality—particularly given the experience the Court has gained throughout the course of this MDL." *Roundup Prods. Liab. Litig. (Roybal)*, 2021 WL 4186714, at *2. Here, Plaintiff is asking this Court to close its eyes to reality, but the Court should not do so and should reject his arguments.

## CONCLUSION

For the foregoing reasons, the Court should deny the Remand Motion.[7]

---

because "even assuming [p]laintiff's legal theories are viable, [p]laintiff has offered *no facts* to support these claims" and "submit[ted] no evidence to dispute [d]efendants' version of the facts" that established fraudulent joinder) (emphasis in original); *Feizbakhsh v. Travelers Commercial Ins. Co.*, No. LA CV16-02165 JAK (Ex), 2016 WL 8732296, at *8 (C.D. Cal. Sept. 9, 2016) (same; plaintiff's "conclusory allegations" were not sufficient to overcome the evidence offered by the removing defendant to establish fraudulent joinder); *Martinez*, 2016 WL 5930271, at *3 (same; plaintiff's "speculation, which is unsupported by any evidence[,]" did not suffice to overcome the evidence presented by the removing defendant).

[7] If the Court decides to remand this case, the Court should deny Plaintiff's request for fees and costs because, as shown above, Monsanto had an objectively reasonable basis for removing this case to this Court. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("[W]hen an objectively reasonable basis exists [for seeking removal], fees should be denied.").

DATED:  January 12, 2023 	Respectfully submitted,

/s/ Martin C. Calhoun

| | |
|---|---|
| William Hoffman (*pro hac vice*) <br> (william.hoffman@arnoldporter.com) <br> Daniel S. Pariser (*pro hac vice*) <br> (daniel.pariser@arnoldporter.com) <br> ARNOLD & PORTER KAYE SCHOLER LLP <br> 601 Massachusetts Avenue, NW <br> Washington, DC 20001 <br> Tel:  202-942-5000 <br> Fax:  202-942-5999 | Eric G. Lasker (*pro hac vice*) <br> (elasker@hollingsworthllp.com) <br> Martin C. Calhoun (*pro hac vice*) <br> (mcalhoun@hollingsworthllp.com <br> HOLLINGSWORTH LLP <br> 1350 I Street, NW <br> Washington, DC 20005 <br> Tel:  202-898-5800 <br> Fax:  202-682-1639 |
| Ryan S. Killian (CA Bar No. 294512) <br> (rkillian@shb.com) <br> SHOOK, HARDY & BACON L.L.P. <br> 600 Travis Street, Suite 3400 <br> Houston, TX 77002 <br> Tel:  713-227-8008 <br> Fax:  713-227-9508 | Brian L. Stekloff (*pro hac vice*) <br> (bstekloff@wilkinsonstekloff.com) <br> Rakesh Kilaru (*pro hac vice*) <br> (rkilaru@wilkinsonstekloff.com) <br> WILKINSON STEKLOFF LLP <br> 2001 M Street, NW, 10th Floor <br> Washington, DC 20036 <br> Tel:  202-847-4030 <br> Fax:  202-847-4005 |

*Attorneys for Defendant Monsanto Company*