# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | ) ) ) ) ) ) | MDL NO. 2741 Case No. 3:16-md-02741-VC 3:20-cv-00168-VC Hon.: VINCE CHHABRIA |
| _____ / | | |

## NOTICE OF MOTION AND MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B) AND [PROPOSED] ORDER

### TO THE CLERK OF THIS COURT AND ALL PARTIES OF RECORD:

> **Date: February 13, 2023**
> **Time: 2:30 p.m.**
> **Courtroom: Courtroom 4**
> **Via Zoom at ID: 161 285 7657**
> **Password: 547298**
> **Judge Assigned: Vince Chhabria**

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, as soon as counsel may be heard, via Zoom in Courtroom 4, United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, 94102, Linda Matthus-Shelton, by and through counsel, will bring on for hearing Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b), on February 13, 2023, at 2:30 p.m., asking the Court to vacate its December 6, 2022 Order Dismissing Cases with Prejudice for a failure to set forth an expert regarding causation with regard to Plaintiff Matthus-Shelton only.

Movants' Motion is based on this Notice of Motion, the accompanying brief, the exhibit

attached thereto, and any additional argument and evidence this Court may consider. Plaintiff Linda Matthus-Shelton by and through her counsel, Mussin & Scanland, PLLC hereby submits her Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) and requests that this Honorable Court vacate its December 6, 2022 Order Dismissing Cases with Prejudice for failing to set forth a causation expert with regard to Plaintiff Matthus-Shelton only. In support of this motion, Plaintiff relies on the accompanying brief, which is incorporated herein by reference. A proposed Order is attached as Exhibit A.

Dated: January 18, 2023

Respectfully Submitted,

**MUSSIN & SCANLAND, PLLC**

By/s/Jerard M. Scanland
**JERARD M. SCANLAND (P74992)**
Attorney for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Facsimile: (734)-447-5853
JScanland@milawoffices.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | ) ) ) ) ) | **MDL NO. 2741**<br>**Case No. 3:16-md-02741-VC**<br>**3:20-cv-00168-VC**<br>**Hon.: VINCE CHHABRIA** |

—————————————————— /

# BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT <u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(B)</u>

## I. INTRODUCTION

Importantly, Plaintiff was participating in the Settlement Program at the time the Defendant had filed its Motion. The Plaintiff was still attempting to obtain missing medical records in an effort to determine Plaintiff's eligibility for the program. Once the medical records were produced, it would then be determined whether Plaintiff qualified for the program. Plaintiff did, in fact, attempt to participate in the program, but was told more information was needed in order to determine her eligibility. Plaintiff and Plaintiff's counsel believed that was the end of the issue as it related to Plaintiff's claim, as far as the settlement program was concerned.

Plaintiff's Counsel informed Defendant's Counsel of the need to produce additional records prior to a determination being made as to whether the Plaintiff qualified for the settlement program.

The Federal Rules of Civil Procedure provide for relief from a judgment entered due to mistake. This relief can be sought due to mistake, inadvertence, surprise, or excusable neglect, and should be liberally applied in order to ensure a case can be decided on the merits. Plaintiff has diligently pursued her claims against Defendant. The Plaintiff has been diligently pursing her claim, participating in discovery, answering Requests To Admit and participating in a deposition.

Accordingly, Plaintiff seeks relief from the dismissal of her case under Federal Rule of Civil Procedure 60(b).

## II. BACKGROUND

The Monsanto litigation involves thousands of individual cases alleging that Defendant's Product, RoundUp, caused the plaintiffs to develop cancer. In order to manage the number of cases against Defendant in this Multi-District Litigation, the Court appointed a Special Master, Ken Feinberg, to establish a program to allow plaintiffs to receive settlement offers (the "Settlement Program") and ordered each plaintiff to participate in the Settlement Program in Order 240. The settlement offers made by Mr. Feinberg are binding on Defendant. The plaintiffs can choose to either accept or reject an offer, and the offers are not further negotiable once Mr. Feinberg conducts her analysis and makes an offer. Pursuant to Order 240, "[e]very

current and future plaintiff in this MDL who has not already reached a settlement with Monsanto is ordered to participate in the program."

Plaintiff has diligently pursued her claims and complied with the procedural requirements imposed by the Court throughout this litigation. In an attempt to comply with Order 240, Plaintiff sent correspondence to Mr. Feinberg requesting to be added to the Settlement Program. *See Exhibit B, as attached herein.* Plaintiff's Counsel was advised additional medical information was required before a determination could be made as to whether the Plaintiff qualified for the settlement program. To date there has never been a determination made regarding Plaintiff's qualifications.

Plaintiff's counsel represents numerous clients in this MDL suit against Defendant and has been diligently pursuing Plaintiff's claim.

The order dismissing Plaintiff's case with prejudice was entered on December 6, 2022. Plaintiff brings this motion approximately one month after entry of the order dismissing Plaintiff's cause of action was entered.

## III. STANDARD OF REVIEW

Federal Rule 60(b) grants district courts discretion to relieve a party from a judgment or order for reason of "mistake, inadvertence, surprise, or excusable neglect," provided that the party moves for such relief not more than a year after the judgment was entered. Rule 60(b) guides the balance between the preference of

deciding cases on the basis of their legal and factual merits and the interest of the Court in the finality of judgments. Pena v. Seguros La Comercial, 770 F.2d 811, 814 (9th Cir. 1985). Rule 60(b) strikes this balance "by limiting both the reasons for which relief from a judgment may be granted, and the time in which a party may seek relief, while at the same time providing district courts with discretion within those limits to undo the finality of judgments in order to reach the merits of questions[.]" TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 695 (9th Cir. 2001). Rule 60(b) is "remedial in nature and . . . must be liberally applied." Falk v. Allen, 739 F.2d 461, 463 (9th Cir.1984). Additionally, the entry of judgment for failing to meet a procedural deadline is "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Id. at 463. "[D]efault judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." New Gen, LLC v. Safe Cig, LLC, 840 F.3d 606, 616 (9th Cir. 2016) (quoting Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986)).

The three factors that govern relief from a judgment under Rule 60(b) are: "whether the [party's] culpable conduct led to the default; whether the [party] has a meritorious defense; and whether reopening the default judgment would prejudice the [opposing party]." Falk, 739 F.2d at 463; Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988); Feliciano v. Reliant Tooling Co., 691 F.2d

653, 656 (3d Cir. 1982) (identifying the factors that constitute "good cause" which govern relief from a judgment under Rule 60(b)). The determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

## IV. ARGUMENT

### A. Culpable Conduct

Plaintiff's case being dismissed due to a mistake as Plaintiff was still waiting on a determination as to whether Plaintiff's claim was going to be included in the settlement program was inadvertent and is not the result any culpable conduct on the part of Plaintiff. "[A] defendant's conduct is culpable if [it] has received actual or constructive notice of the filing of the action and intentionally failed to answer." TCI Grp., 244 F.3d at 697. "Intentional" in this sense means "willful, deliberate, or evidence of bad faith." Id. (quoting American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996)). On the other hand, the concept of "excusable neglect . . . is a general equitable one, not necessarily reserved for extraordinary circumstances, and takes account of factors such as 'prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including

whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" TCI Grp., 244 F.3d at 696 (quoting Pioneer, 507 U.S. 380, 395). As noted by the Supreme Court in Pioneer, "excusable neglect" covers negligence by the party or counsel. Pioneer, 507 U.S. at 395. Neglectfully failing to meet a procedural deadline for which the party "offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional'" and "is therefore not necessarily . . . culpable or inexcusable." TCI Grp., 244 F.3d at 697-98. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." Thompson v. American Home Assur. Co., 95 F.3d 429, 433 (6th Cir. 1996) (quoting INVST Financial Group, Inc. v. Chem– Nuclear Systems, Inc., 815 F.2d 391, 398 (6th Cir. 1987)). As explained above, Plaintiff's counsel represents numerous clients in this MDL suit against Defendant. Plaintiff's counsel diligently ensured that each of their clients participated in the Settlement Program to the extent possible. To date, there has been no indication as to whether or not Plaintiff's cause of action would be included in the Settlement Program.

There is no culpable motivation for Plaintiff's as Plaintiff was still waiting for a determination as to whether Plaintiff's cause of action was going to be included in the Settlement Program.

An analysis of each factor set forth in Pioneer – the danger of prejudice to the opposing party, the length of the delay and its potential impact on the proceedings, the reason for the delay, and whether the movant acted in good faith – demonstrates that Plaintiff's mistake was excusable. A mistake is clearly identified as a ground for relief from a judgment in Rule 60(b). Accordingly, the judgment should be vacated and Plaintiff should be allowed to pursue the merits of her case.

## B. Meritorious Claim

Entry of a judgment when a mistake is made or there is a failure to meet a procedural deadline is "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk, 739 F.2d at 463. The burden on the party to present facts that would constitute a meritorious claim or defense is not extraordinarily heavy. TCI Grp., 244 F.3d at 700.

Here, Plaintiff's case involves her development of NHL as a result of her exposure to Roundup. The Plaintiff testified during her deposition that she used Roundup for a period of ten years prior to her receiving a diagnosis of NHL. Plaintiff is in discussions with an expert witness regarding proof of causation. There is no doubt that Plaintiff credibly states a claim for recovery against

Defendant on the merits. Plaintiff deserves to have her case tried on the merits and should not be punished with dismissal of her claim due to a good faith mistake.

## C. Prejudice to Opposing Party

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." TCI Grp., 244 F.3d at 701. Rather, "the standard is whether [the opposing party's] ability to pursue her claim will be hindered." Falk, 739 F.2d at 463. To be prejudicial to the opposing party, the delay caused by the dismissal "must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Thompson, 95 F.3d at 433–34. "It should be obvious why merely being forced to litigate on the merits cannot be considered prejudicial" for purposes of granting relief from a judgment under Rule 60(b). TCI Grp., 244 F.3d at 701. There is no prejudice to the opposing party simply because that party loses a quick victory due to an opponent's mistake in that Plaintiff's matter was still waiting on a determination as to whether or not she qualified for inclusion in the settlement program. The procedural safeguard against prejudice contained in Rule 60(b) is the one year limit on bringing a motion for relief. Fed. R. Civ. Pro. 60(b) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

Here, the order dismissing Plaintiff's case with prejudice was entered on December 6, 2022. Plaintiff brings this motion approximately one month after entry of the dismissal. Certainly, no loss of evidence or discovery difficulties would be caused by this approximately two-week delay in the litigation. Additionally, Defendant is still litigating thousands of identical claims in this Multi   District Litigation. While it is clearly established that the burden of being forced to litigate on the merits cannot be considered prejudicial regardless, in this unique situation, being forced to litigate on the merits does not even place any burden on Defendant at all. Allowing Plaintiff to try her case on the merits would not impose any prejudice on Defendant. Each factor analyzed to determine whether relief from the judgment is appropriate weighs in favor of granting Plaintiff's request for relief.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court vacate the Order Dismissing Plaintiff's cause of action.

Dated: January 17, 2023

Respectfully Submitted,

**MUSSIN & SCANLAND, PLLC**

By/s/Jerard M. Scanland_____
     **JERARD M. SCANLAND (P74992)**
Attorney for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Facsimile: (734)-447-5853
JScanland@milawoffices.com