**CHAPPELL, SMITH & ARDEN, P.A.**
Graham L. Newman (*pro hac vice*)
(gnewman@csa-law.com)
2801 Devine Street, Suite 300
Columbia, South Carolina 29205
Tel:   (803) 929-3600
Fax:   (803) 929-3604

*Attorneys for Plaintiff*
*BARBARA PUTZRATH*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| This document relates to: | Hearing Date and Time: *Thursday, March 2, 2023* *10:00 AM* |
| *Mario and Barbara Putzrath v. Monsanto Co.*, Case No. 3:19-cv-03786-VC | |

## MOTION TO SUBSTITUTE PARTIES AND AMEND COMPLAINT

**TO DEFENDANT MONSANTO COMPANY:**

**PLEASE TAKE NOTICE** that beginning on March 2, 2023, at 10:00 a.m., in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, the Plaintiff will present her motion to substitute parties and to amend the complaint.

Plaintiff Barbara Putzrath seeks an order substituting her (as Executor of the Estate of Mario Putzrath) for Plaintiff Mario Putzrath who died during the pendency of this case. Plaintiff Barbara Putzrath further seeks an order granting leave to amend the original complaint to note this

1

MOTION TO SUBSTITUTE PARTIES AND AMEND COMPLAINT (3:19-CV-03786-VC)

substitution, to reclassify Mario Putzrath's claims as those surviving to his Estate, and to assert a wrongful death claim on behalf of Plaintiff Barbara Putzrath.

Respectfully submitted,

s/ Graham L. Newman
Graham L. Newman
CHAPPELL, SMITH & ARDEN, P.A.
2801 Devine Street, Suite 300
Columbia, South Carolina 29205
(803) 929-3600
(803) 929-3604 (facsimile)
gnewman@csa-law.com

ATTORNEYS FOR THE PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been served on all parties or their attorneys in a manner authorized by Fed. R. Civ. P. 5(b)(2).

s/ Graham L. Newman
Graham L. Newman
CHAPPELL, SMITH & ARDEN, P.A.

**CHAPPELL, SMITH & ARDEN, P.A.**
Graham L. Newman (*pro hac vice*)
(gnewman@csa-law.com)
2801 Devine Street, Suite 300
Columbia, South Carolina 29205
Tel:    (803) 929-3600
Fax:    (803) 929-3604

*Attorneys for Plaintiff*
*BARBARA PUTZRATH*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | ) MDL No. 2741 ) ) ) ) Hearing Date and Time: ) *Thursday, March 2, 2023* ) *10:00 AM* ) ) ) |
| This document relates to: | |
| *Mario and Barbara Putzrath v. Monsanto Co.*, Case No. 3:19-cv-03786-VC | |

## MEMORANDUM IN SUPPORT OF MOTION TO SUBSTITUTE PARTIES AND TO AMEND COMPLAINT

This is a Wave 7 case per the Court's order of November 3, 2022. (Master Dkt. 15705 at 28, line 5)

Pursuant to Fed. R. Civ. P. 25(a), Plaintiff Barbara Putzrath, as Executor of the Estate of Mario Putzrath, moves to substitute herself as the real party in interest for Plaintiff Mario Putzrath who died during the pendency of this case. Pursuant to Fed. R. Civ. P. 15(a), Plaintiff moves to amend the original complaint, replacing it with the proposed amended complaint attached hereto as **Exhibit A**. The proposed amended complaint seeks to: 1) amend the allegations of the complaint

to include facts pertaining to Mario Putzrath's death; 2) reclassify Mario Putzrath's claims as those that have survived to the Estate; and 3) add claims for wrongful death.

## PROCEDURAL HISTORY

The original complaint in this matter was filed on June 6, 2019 in the Western District of North Carolina. On June 28, 2019, the case was transferred to the Northern District of California per order of the Judicial Panel on Multidistrict Litigation. (Dkt. 3) Defendant Monsanto answered the complaint on July 23, 2019. (Dkt. 8) Neither party has filed any additional documents with the court since that date.

On June 19, 2019—while the MDL conditional transfer order was pending—Plaintiff's counsel received word that Mario Putzrath had received a very poor prognosis due to his Non-Hodgkin Lymphoma. Plaintiff's counsel contacted counsel for Monsanto that day to inform them of this fact and the need for Mr. Putzrath to sit for an *in extremis* deposition in order to preserve his testimony. Monsanto's counsel replied with their sympathies and stated that they would need the following to perform an *in extremis* deposition: 1) all medical records in the Plaintiff's possession; 2) signed medical authorizations; 3) a completed Plaintiff's Fact Sheet. Monsanto also stated that it needed to take a discovery deposition two to three days prior to the in extremis deposition. Plaintiff's counsel met with Mr. and Mrs. Putzrath to obtain the necessary documents and produced the authorizations and Plaintiff Fact Sheet to Monsanto's counsel via email on June 24, 2019. On June 27, 2019, Plaintiff Mario Putzrath died. On July 1, 2019, Plaintiff's counsel informed Monsanto's counsel of Mario Putzrath's passing and noted that it was no longer possible to take his *in extremis* deposition. (**Exhibit B**—*In Extremis* Correspondence)

Plaintiff Barbara Putzrath was appointed Executor of her husband's estate on December 20, 2019. (**Exhibit C**—Letters Testamentary) Plaintiff Barbara Putzrath served her first Plaintiff Fact Sheet on Defendant Monsanto on January 3, 2020 and indicated on the first page that she was doing

so in representative capacity as "widow and estate administrator". (**Exhibit D**—First Page of Plaintiff Fact Sheet) Plaintiff produced both the death certificate and the letters testamentary to Defendant Monsanto via MDL Centrality on January 20, 2020.

On March 17, 2020, Plaintiff uploaded four medical authorizations—all of which were signed by Barbara Putzrath as "Executor of the Estate of the Decedent." With the Plaintiff's letters testamentary and executed medical authorizations in hand, Defendant Monsanto began a series of document requests whereby it gathered approximately forty-one (41) installments of medical records and other relevant documents beginning on May 28, 2020 and occurring most recently on December 19, 2022. (**Exhibit E**—Marker Group Print-Out)

On December 28, 2022, Plaintiff requested Monsanto consent to the proposed amended complaint. Monsanto responded through its counsel on January 12, 2023 that it opposed the amendment as untimely due to the North Carolina wrongful death statute of limitations. This motion follows.

**STANDARD OF REVIEW**

"If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1).

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

**ANALYSIS**

I.    <u>**Plaintiff's Motion to Substitute Parties**</u>

Defendant Monsanto has not informed Plaintiff of any intent to oppose the motion to substitute parties. Nevertheless, Fed. R. Civ. P. 25(a)(1) sets forth two requirements for the

substitution of a party: 1) the original party's death; and 2) the survival of the claim.[1] As evidenced by Mario Putzrath's death certificate, the original party's death is not in dispute. The question then turns to whether Mario Putzrath's claims set forth in the original claim survive his death. The claims do survive.

"The question of whether an action survives the death of a party must be determined by looking towards the law ... under which the cause of action arose." Bracken v. Harris & Zide, L.L.P., 219 F.R.D. 481, 483 (N.D. Cal. 2004), quoting Continental Assurance Co. v. American Bankshares Corp., 483 F.Supp. 175, 177 (E.D.Wis.1980). With regard to survival actions, North Carolina law holds as follows:

> Upon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor of or against such person, except as provided in subsection (b) hereof, shall survive to and against the personal representative or collector of the person's estate.

N.C. Gen. Stat. Ann. § 28A-18-1(a). Specific exceptions to this rule are listed in subsection (b) of this statute. No such exceptions apply to the claims made by Mario Putzrath in the original complaint. As such, the claims set forth in the original complaint survive to Barbara Putzrath as Executor of the Estate of Mario Putzrath. For these reasons, Plaintiff's motion to substitute parties should be granted.

## II. Plaintiff's Motion to Amend to Allege Wrongful Death Claims

---

[1] Rule 25(a)(1) also contains reference to the 90-day deadline pertaining to cases in which a suggestion of death has been filed: "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). However, no such filing has been made in this case, rendering that provision of the rule inapplicable. See, e.g., Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 595 F. Supp. 326, 330 (N.D. Cal. 1983), aff'd, 781 F.2d 1393 (9th Cir. 1986)(finding that answers to interrogatories noting death of plaintiff are insufficient to invoke 90-day provision of the rule).

Defendant Monsanto has informed Plaintiff of its opposition to amend the complaint to include claims of wrongful death as untimely in light of the applicable statute of limitations.[2] Plaintiff contends, however, that her proposed amended complaint relates back to the date of the filing of the original complaint. "An amendment to a pleading relates back to the date of the original pleading when … the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

> An amended claim arises out of the same conduct, transaction, or occurrence if it "will likely be proved by the 'same kind of evidence' offered in support of the original pleading." To relate back, "the original and amended pleadings [must] share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question."

ASARCO, LLC v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014).[3] "The relation back doctrine of Rule 15(c) is 'liberally applied.'" Id., quoting Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc., 690 F.2d 1240, 1259 n. 29 (9th Cir.1982).

In this case, the "common core of operative facts" in the original complaint and the proposed amended complaint are the same: allegations of the defective nature of Roundup; allegations of Mario Putzrath's contraction of Non-Hodgkin Lymphoma; and, allegations of the causal relationship between Roundup and Mario Putzrath's illness. The proposed amendment presents one

---

[2] North Carolina's statute of limitations for wrongful death claims is two years. See N.C. Gen. Stat. Ann. § 1-53(4).

[3] Though the Plaintiff's home jurisdiction (North Carolina) is within the Fourth Circuit, previous MDL courts have noted that "[t]he Court, as the MDL transferee court, will apply federal procedural law as interpreted by … the circuit where the transferee court sits." McGuffie v. Mead Corp., 733 F. Supp. 2d 592, 594 (E.D. Pa. 2010), citing Various Plaintiffs v. Various Defendants (Oil Field Cases), 673 F.Supp.2d 358, 362 (E.D.Pa.2009). See also In re Korean Air Lines Disaster of Sept. 1, 1983, 829 F.2d 1171, 1176 (D.C. Cir. 1987), aff'd sub nom. Chan v. Korean Air Lines, Ltd., 490 U.S. 122, 109 S. Ct. 1676, 104 L. Ed. 2d 113 (1989).

7

MOTION TO SUBSTITUTE PARTIES AND AMEND COMPLAINT (3:19-CV-03786-VC)

additional factual allegation: Mario Putzrath's death. And this is a fact of which Defendant Monsanto has been aware since prior to the filing of its answer.

Furthermore, though not required under the Rule 15(c)(1)(B) analysis, it should be noted that the Defendant is not prejudiced by the proposed amendment. Not only has the Defendant been aware of Mario Putzrath's death throughout this case, it has repeatedly used Barbara Putzrath's executed medical releases (under her authority as Executor of the Estate) to gather Mario Putzrath's medical records pertaining to his sickness and ultimate passing. No additional discovery was permitted in this case until the Court's November 3, 2022 Wave 7 order and no additional discovery has been attempted since that date. The proposed amendment thus introduces a legal claim that alleges facts the Defendant has always known and at a time in which the Defendant is prepared to defend itself fully.

## CONCLUSION

For the reasons stated herein, the Court should grant Barbara Putzrath's motion to substitute herself, as Executor of the Estate of Mario Putzrath, for Plaintiff Mario Putzrath and further grant Barbara Putzrath's motion to amend the complaint.

Respectfully submitted,

s/ Graham L. Newman
Graham L. Newman
CHAPPELL, SMITH & ARDEN, P.A.
2801 Devine Street, Suite 300
Columbia, South Carolina 29205
(803) 929-3600
(803) 929-3604 (facsimile)
gnewman@csa-law.com

ATTORNEYS FOR THE PLAINTIFF