Patrick J. Stueve, Mo. Bar #37682
Todd E. Hilton, Mo. Bar #51388
Kasey A. Youngentob, NY Bar #5644265
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
stueve@stuevesiegel.com
hilton@stuevesiegel.com

Don M. Downing, Mo. Bar #30405
Gretchen Garrison, Mo. Bar #33963
Cort A. VanOstran, Mo. Bar #67276
GRAY, RITTER & GRAHAM, P.C.
701 Market Street, Suite 800
St. Louis, Missouri 63101
ddowning@grgpc.com
ggarrison@grgpc.com
cvanostran@grgpc.com

*Attorneys for Objectors*
*Caroline Richardson and Ryan Tomlinson*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT GILMORE, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>MONSANTO COMPANY,<br><br>Defendant. | MDL No. 2741<br><br>Case No. 3:21-cv-08159-VC<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Judge: Hon. Vince G. Chhabria |

Objectors Caroline Richardson and Ryan Tomlinson submit this Notice to inform the Court of the recent decision of the United States Court of Appeals for the Eighth Circuit in *Tucker v. General Motors, LLC*, --- F.4th ---, 2023 WL 310225 (8th Cir. 2023). There, the court reversed the district court's dismissal of the plaintiffs' claim against General Motors for violating the Missouri Merchandising Practice Act through its sale of allegedly defective vehicles. *Id*. at *1.

The court's decision reflects both the breadth of the MMPA and how easily Objectors can prove their claim under the statute.

In *Tucker*, the plaintiffs claimed that "GM committed an unlawful act under the MMPA when it concealed, suppressed, or omitted a material fact—the oil consumption defect—in connection with the sale of affected vehicles." *Id*. at *2. The Eighth Circuit held that the plaintiffs' allegations satisfied all three elements of such an MMPA claim. First, the plaintiffs' "allegations that they would not have bought the affected vehicles, or would have bought them at a lower price, plausibly allege[d] that GM omitted a 'material fact' that resulted in Plaintiffs suffering an ascertainable loss." *Id*. at *3 (citations and quotations omitted). And it noted that the definition of material fact under the MMPA is "broader than the materiality requirement of common law fraud." *Id*. at *3 (citations and quotations omitted). Indeed, it includes:

> Any fact which a reasonable consumer would likely consider to be important in making a purchasing decision, or which would be likely to induce a person to manifest his/her assent, or which the seller knows would be likely to induce a particular consumer to manifest his/her assent, or which would be likely to induce a reasonable consumer to act, respond or change his/her behavior in any substantial manner. *Id*. at *2.

Second, the plaintiffs alleged that GM had "knowledge of oil consumption problems beginning in 2008 and recount[ed] many specific consumer complaints of the problem to GM." *Id*. at *3. So the court held that the plaintiffs satisfied the "scienter requirement" which "limits liability for '[o]mission of a material fact' to 'any failure by a person to disclose material facts known to him/her, or upon reasonable inquiry would be known to him/her.'" *Id*. (citations and quotations omitted).

Finally, "because the alleged oil consumption defect concerned the inner workings of a complex machine that the average consumer would be unlikely to know or be able to research, the court concluded that the allegations were sufficient to plausibly plead" that the omitted fact was

material.  *Id*. (cleaned up).  In other words, GM failed to provide customers with a "fact which a reasonable consumer would likely consider to be important in making a purchasing decision."  *Id*. (citations and quotations omitted).  In so doing, the court rejected "the notion that *this* unlawful practice requires an affirmative statement."  *Id*. (emphasis in original).  In sum, the court "concluded that Plaintiffs plausibly stated claims that GM violated the MMPA when it failed to disclose a material fact—the oil consumption defect—when selling each of them an affected vehicle."  *Id*. (cleaned up).

Objectors' ability to vindicate their rights under Missouri's generous MMPA is not theoretical.  To the contrary, Objectors were actively pursuing these now certified claims and could have easily proven such claims at trial (just as outlined in *Tucker*).  The only roadblock for the Missouri Class's claims is these Plaintiffs' unreasonable and inadequate settlement in this case.

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

/s/ *Kasey A. Youngentob*
Patrick J. Stueve, #37682 MO
Todd E. Hilton, #51388 MO
Kasey A. Youngentob, #5644265 NY
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
stueve@stuevesiegel.com
hilton@stuevesiegel.com

and

**GRAY, RITTER & GRAHAM, P.C.**
Don M. Downing, #30405 MO
Gretchen Garrison, #33963 MO
Cort A. VanOstran, #67276 MO
701 Market Street, Suite 800
St. Louis, Missouri 63101
Telephone: (314) 241-5620
ddowning@grgpc.com
ggarrison@grgpc.com
cvanostran@grgpc.com

*Attorneys for Objectors*
*Caroline Richardson and Ryan Tomlinson*