2023 WL 310225
Only the Westlaw citation is currently available.
United States Court of Appeals, Eighth Circuit.

Michael TUCKER and Robert Riddell, Plaintiffs - Appellants

v.

GENERAL MOTORS LLC, Defendant - Appellee

No. 21-2698
|
Submitted: September 21, 2022
|
Filed: January 19, 2023

**Synopsis**
**Background:** Purchasers of trucks and sport utility vehicles (SUVs) that contained an undisclosed oil consumption defect filed putative diversity class action against manufacturer for violation of the Missouri Merchandising Practices Act (MMPA), breach of express and implied warranty, fraudulent omission, and unjust enrichment. The United States District Court for the Eastern District of Missouri, Stephen N. Limbaugh, Jr., Senior District Judge, 2021 WL 2665761, granted manufacturer's motion to dismiss for failure to state a claim. Purchasers appealed.

**Holdings:** The Court of Appeals, Loken, Circuit Judge, held that:

[1] purchasers plausibly alleged that manufacturer omitted a "material fact" that resulted in an ascertainable loss, in support of their MMPA claim;

[2] purchasers plausibly alleged that manufacturer knew of the oil consumption defect, in support of their MMPA claim;

[3] purchasers plausibly alleged that the fact that their vehicles contained an oil consumption defect was "material," in support of their MMPA claim;

[4] allegations concerning manufacturer's advertising puffery were relevant only to show that each purchaser was a "reasonable consumer" making a purchasing decision, and did not affect their MMPA omission claim; and

[5] purchasers' MMPA omission claim did not have to be tied to an actionable affirmative statement by manufacturer to survive dismissal for failure to state a claim.

Affirmed in part, reversed in part, and remanded.

**Procedural Posture(s):** On Appeal; Motion to Dismiss for Failure to State a Claim.

West Headnotes (11)

| [1] | **Federal Courts** 🔑 Pleading |
|---|---|

Court of Appeals reviews de novo the grant of a motion to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

[2]  **Antitrust and Trade Regulation**  Nature and Elements

To prove a claim for violation of Missouri Merchandising Practices Act (MMPA), a plaintiff must show that he or she (1) purchased merchandise from defendant, (2) for personal, family or household purposes, and (3) suffered ascertainable loss of money or property, (4) as result of act declared unlawful under the MMPA. Mo. Ann. Stat. §§ 407.020, 407.025(1).

[3]  **Federal Civil Procedure**  Claim for relief in general

A claim is plausibly pleaded when its factual context allows the court to draw the reasonable inference that the defendant is liable for omission alleged.

[4]  **Federal Courts**  State constitutions, statutes, regulations, and ordinances

In determining whether claim asserted by purchasers of trucks and sport utility vehicles (SUVs) that contained an undisclosed oil consumption defect against vehicle manufacturer for violation of Missouri's Merchandising Practices Act (MMPA) was properly dismissed for failure to state a claim, Court of Appeals, sitting in diversity, would apply Missouri's rules of statutory construction to interpret the MMPA. Mo. Ann. Stat. §§ 407.020, 407.025(1).

[5]  **Antitrust and Trade Regulation**  Sale

Purchasers of trucks and sport utility vehicles (SUVs) that contained an undisclosed oil consumption defect plausibly alleged that vehicle manufacturer omitted a "material fact," as defined in regulations under Missouri's Merchandising Practices Act (MMPA), that resulted in an ascertainable loss, in support of their claim that manufacturer violated the MMPA; purchasers alleged that had they known of the defect, they would not have bought the affected vehicles, or would have only bought them at a lower price. Mo. Ann. Stat. §§ 407.020, 407.025(1); Mo. Code Regs. Ann. tit. 15, § 60-9.010(1)(C).

[6]  **Antitrust and Trade Regulation**  Fraud; deceit; knowledge and intent

Definition of "material fact" in regulations under Missouri's Merchandising Practices Act (MMPA), as a fact a consumer would likely consider to be important in making a purchasing decision, is broader than materiality requirement of common law fraud. Mo. Ann. Stat. §§ 407.020, 407.025(1); Mo. Code Regs. Ann. tit. 15, § 60-9.010(1)(C).

[7]  **Antitrust and Trade Regulation**  Particular cases

Purchasers of trucks and sport utility vehicles (SUVs) that contained an undisclosed oil consumption defect plausibly alleged that vehicle manufacturer knew of the defect, in support of their claim that manufacturer violated Missouri's Merchandising Practices Act (MMPA); over 30 pages of purchasers' complaint set forth specific allegations relating to manufacturer's knowledge of oil consumption problems and recounting many specific consumer complaints of the problem to manufacturer. Mo. Ann. Stat. §§ 407.020, 407.025(1); Mo. Code Regs. Ann. tit. 15, § 60-9.110(3).

[8] **Antitrust and Trade Regulation** — Sale

Purchasers of trucks and sport utility vehicles (SUVs) plausibly alleged that the fact that their vehicles contained an oil consumption defect was "material," in support of their claim that manufacturer violated Missouri's Merchandising Practices Act (MMPA) by failing to disclose the defect; purchasers alleged that the oil consumption defect concerned the inner workings of a complex machine that the average consumer would be unlikely to know or be able to research.

Mo. Ann. Stat. §§ 407.020, 407.025(1); Mo. Code Regs. Ann. tit. 15, § 60-9.010(1)(C).

[9] **Antitrust and Trade Regulation** — Comparisons; comparative advertising
**Fraud** — Matters of Fact or of Opinion

Fraudulent misrepresentation claims, including fraud claims under Missouri's Merchandising Practices Act (MMPA), may not be based on affirmative statements that are merely exaggerated boasting or highly subjective claims of product superiority because puffery and statements of fact are mutually exclusive. Mo. Ann. Stat. §§ 407.020, 407.025(1).

[10] **Antitrust and Trade Regulation** — Particular cases

Allegations in class action complaint concerning ways in the which vehicle manufacturer trumpeted the performance of its engines and vehicles, and concerning purchasers' research and conversations with dealership employees before purchasing, were relevant only to show that each purchaser was a "reasonable consumer" making a purchasing decision, and did not affect the viability of purchasers claim that manufacturer violated Missouri's Merchandising Practices Act (MMPA) by failing to disclose oil consumption defect affecting the vehicles that were purchased, as the MMPA omission claims were not based on affirmative statements in manufacturer's marketing materials. Mo. Ann. Stat. §§ 407.020, 407.025(1).

[11] **Antitrust and Trade Regulation** — Omissions and other failures to act in general; disclosure
**Antitrust and Trade Regulation** — Sale

Vehicle purchasers' claim against vehicle manufacturer for violation of Missouri's Merchandising Practices Act (MMPA) based on its failure to disclose oil consumption defect affecting the vehicles that were purchased did not have to be tied to an actionable affirmative statement by manufacturer to survive dismissal for failure to state a claim; omission or concealment of material fact, under MMPA, required less proof than was required to prove comparable elements of a common law fraud claim. Mo. Ann. Stat. §§ 407.020, 407.025(1).

Appeal from United States District Court for the Eastern District of Missouri - Cape Girardeau

**Attorneys and Law Firms**

Counsel who presented argument on behalf of the appellants was Justin J. Hawal, of Mentor, OH. The following attorney(s) appeared on the appellants brief; Adam J. Levitt, of Chicago, IL, John E. Tangren, of Chicago, IL, Wilson Daniel Miles, III,

of Montgomery, AL, Daniel R. Ferri, of Chicago, IL, H. Clay Barnett, III, of Montgomery, AL, James Mitch Williams, of Montgomery, AL.

Counsel who presented argument on behalf of the appellee was Amanda Shafer Berman, of Washington, DC. The following attorney(s) appeared on the appellee brief; Lizebeth M. Conran, of Saint Louis, MO, April N. Ross, of Washington, DC, Kathleen Taylor Sooy, of Washington, DC.

Before LOKEN, ARNOLD, and KOBES, Circuit Judges.

**Opinion**

LOKEN, Circuit Judge.

**\*1** General Motors ("GM") installed Generation IV 5.3 Liter V8 Vortec 5300 LC9 engines ("Gen IV engine") in seven different GMC and Chevrolet trucks and SUVs in model years 2010 to 2014 (the "affected vehicles"). In 2016, representatives from various States filed a putative class action in the Northern District of California alleging that the affected vehicles contain a defect that causes excess oil consumption and other engine damage (the "oil consumption defect"). Siquieros v. General Motors LLC, No. 16-CV-07244-EMC (N.D. Cal.). The District Judge in that case entered an order prohibiting additional non-California plaintiffs from joining. Michael Tucker and Robert Riddell then filed this putative diversity class action in the Eastern District of Missouri asserting various claims against GM for failing to disclose the oil consumption defect to Missouri purchasers.

**[1]** The 75-page Class Action Complaint asserted claims for violation of the Missouri Merchandising Practice Act ("MMPA"), see Mo. Rev. Stat. §§ 407.020, 407.025(1); breach of express and implied warranty; fraudulent omission; and unjust enrichment. GM moved to dismiss all claims. See Fed. R. Civ. P. 12(b)(6). The district court granted the motion in a 17-page Memorandum and Order. Tucker v. Gen. Motors LLC, No. 1:20-CV-254-SNLJ, 2021 WL 2665761 (E.D. Mo. June 29, 2021). Plaintiffs appeal only the dismissal of their MMPA claim, stating that "the sole issue present[ed] on appeal is whether the district court improperly applied the concept of puffery to [their] deceptive omissions claims under the [MMPA]." We review *de novo* the grant of a motion to dismiss MMPA claims. Schulte v. Conopco, Inc., 997 F.3d 823, 825 (8th Cir. 2021). We conclude that advertising "puffery" does not affect an MMPA claim based on omission of a material fact, at least in this case, and we agree that Plaintiffs' Class Action Complaint "alleg[es] sufficient factual matter, accepted as true, to state [an omissions] claim to relief that is plausible on its face." Kuhns v. Scottrade, Inc., 868 F.3d 711, 717 (8th Cir. 2017) (quotation omitted). Accordingly, we reverse the dismissal of that claim.

**I.**

Michael Tucker purchased a new GMC Sierra from Barley Automotive in Saint Genevieve, Missouri in 2013. Robert Riddell purchased a new Chevrolet Silverado from ELCO Chevrolet in Ballwin, Missouri in 2012. Before purchasing, Tucker and Riddell spoke to sales representatives at the dealerships, viewed GM commercials promoting the purchased vehicles' reliability and durability, and saw Monroney stickers [1] on the vehicles. After purchasing, Tucker and Riddell noticed their vehicles were consuming excess oil when the odometers reached about 75,000 miles and 25,000 miles, respectively. They allege that the oil consumption defect is primarily caused by piston rings that fail to keep oil in the crankcase. Besides damaging the engine by accelerating wear and tear, they claim the oil consumption defect creates safety risks, including overheating and sudden engine seizure. They allege that GM knew of the oil consumption defect as early as 2008 but failed to disclose the defect to Missouri purchasers. They would not have purchased the vehicles -- or at least would have paid less for them -- had GM disclosed the oil consumption defect.

**\*2**  The MMPA provides a private right of action to any person who sustains ascertainable loss in connection with the purchase or lease of personal, family, or household merchandise as a result of practices the MMPA declares unlawful. Mo. Rev. Stat. § 407.025(1). Section 407.020(1) declares unlawful the use of "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise ...." Plaintiffs allege that GM "engaged in unlawful conduct under the [MMPA] when it concealed, suppressed or omitted a 'material fact' in connection with the sale" of the affected vehicles. Hess v. Chase Manhattan Bank, USA, N.A., 220 S.W.3d 758, 773 (Mo. banc 2007).

The parties' briefs to the district court regarding GM's motion to dismiss primarily debated Plaintiffs' other claims, which are not at issue on appeal. Their briefing of the MMPA issue was superficial at best. GM initially argued that Plaintiffs did not plead the elements of their MMPA claims with the requisite specificity because allegations that GM misrepresented the affected vehicles in marketing materials "are insufficient." See Fed. R. Civ. P. 9(b). Plaintiffs responded that GM omitted this serious safety defect in its advertising and promotion of the affected vehicles. GM's reply focused on the alleged Rule 9(b) insufficiencies. Neither party even attempted to state the elements of an MMPA omissions claim. In granting GM's motion to dismiss this claim, the district court explained:

> [P]laintiffs allege defendant omitted the Oil Consumption Defect in connection with its advertising, promotion, and sale of the Class Vehicles. ... But even if those general allegations could satisfy Rule 9(b)'s particularity requirement, it has been repeatedly held that advertising constituting 'mere puffery' cannot form the basis of an MMPA claim .... In the Anti-Lock Brake Products litigation, this Court dismissed fraud claims against GM based on "national advertisements, press releases and promotions" that alleged[ly] "created a false impression that the [the vehicle's antilock breaking system was] 'safe and reliable.' " [In re Gen. Motor [Motors] Corp. Anti-Lock Brake Prods. Liab. Litig., 966 F. Supp. 1525, 1534 (E.D. Mo. 1997).] This Court held that fraud could not be based on such statements because they were mere "puffery."

Tucker, 2021 WL 2665761, at \*7.

## II.

**[2]** **[3]** **[4]**  To prove their MMPA claims, Tucker and Riddell must each show that he "(1) purchased merchandise from [GM]; (2) for personal, family or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful under the [MMPA]." Vitello v. Natrol, LLC, 50 F.4th 689, 693 (8th Cir. 2022) (quotation omitted). Plaintiffs claim that GM committed an unlawful act under the MMPA when it concealed, suppressed, or omitted a material fact -- the oil consumption defect -- in connection with the sale of affected vehicles. "A claim is plausibly pleaded when its factual context allows the court to draw the reasonable inference that [GM] is liable for the [omission] alleged." Kuhns, 868 F.3d at 717 (quotation omitted). Sitting in diversity, we apply Missouri's rules of statutory construction in interpreting the MMPA. Behlmann v. Century Sur. Co., 794 F.3d 960, 963 (8th Cir. 2015); see Huffman v. Credit Union of Texas, 758 F.3d 963, 968 (8th Cir. 2014).

**[5]** **[6]**  The first element of this claim is the omission of a "material fact." The Missouri Code of State Regulations defines this term:

> Material fact is any fact which a reasonable consumer would likely consider to be important in making a purchasing decision, or which would be likely to induce a person to manifest his/her assent, or which the

seller knows would be likely to induce a particular consumer to manifest his/her assent, or which would be likely to induce a reasonable consumer to act, respond or change his/her behavior in any substantial manner.

**\*3** 15 Mo. C.S.R. § 60-9.010(1)(C). "This definition of material is broader than the materiality requirement of common law fraud." Hess, 220 S.W.3d at 773. Plaintiffs' allegations that they would not have bought the affected vehicles, or would only have bought them at a lower price, plausibly alleges that GM omitted a "material fact" that resulted in Plaintiffs suffering an ascertainable loss. See, e.g., Plubell v. Merck & Co., 289 S.W.3d 707, 714-15 (Mo. App. 2009).

 **[7]** The second element of this claim, sometimes referred to as a scienter requirement, limits liability for "[o]mission of a material fact" to "any failure by a person to disclose material facts known to him/her, or upon reasonable inquiry would be known to him/her." 15 Mo. C.S.R. 60-9.110(3); see Hess, 220 S.W.3d at 774. Here, over 30 pages of the Class Action Complaint set forth specific allegations relating to GM's knowledge of oil consumption problems beginning in 2008 and recounting many specific consumer complaints of the problem to GM. In Owen v. General Motors Corporation -- a class action alleging that GM "concealed and/or omitted material facts ... concerning [ ] defective windshield wiper control modules" -- the Western District of Missouri denied a motion to dismiss these MMPA claims because "[i]t is clear from the Complaint precisely what information the Owens allege GM omitted and/or concealed." No. 06-4067-CV-C-NKL, 2006 WL 2808632, at \*7-8 (W.D. Mo. Sept. 28, 2006);[2] accord In re Polaris Mktg., Sales Pracs., & Prods. Liab. Litig., 364 F. Supp. 3d 976, 988 (D. Minn. 2019) ("Plaintiffs have adequately alleged 'what' was fraudulently omitted (i.e., the existence and details of the alleged engine defect) [and] 'why' it was fraudulently omitted (i.e., to encourage sales)."). Likewise, Plaintiffs have plausibly alleged this element of their omission claims. Plaintiffs are not simply alleging that GM should have told them that the vehicles they were purchasing had been the subject of consumer complaints, which would "impose an impossible duty on vendors of commercial products."

Wright v. Bath & Body Works Direct, Inc., No. 12-00099-CV-W-DW, 2012 WL 12088132, at \*3 (W.D. Mo. Oct. 17, 2012).

 **[8]** **[9]** **[10]** The remaining element of an MMPA omission claim is that the omitted fact, to be material, must be a "fact which a reasonable consumer would likely consider to be important in making a purchasing decision." 15 Mo. C.S.R. § 60-9.010(1)(C). It is here that the "puffery" dispute needs to be focused. Twenty one paragraphs of Factual Allegations in the Class Action Complaint (¶¶ 159-179) alleged ways in which GM "trumpeted the performance" of the Gen IV engines and the affected vehicles. Count I of the Claims for Relief alleged violations of the MMPA; Count IV alleged a claim of common law Fraudulent Omission under Missouri law;[3] both counts incorporated all 206 paragraphs of Factual Allegations. As the district court recognized, fraudulent misrepresentation claims, no doubt including MMPA fraud claims, may not be based on affirmative statements that are merely exaggerated boasting or highly subjective claims of product superiority because "[p]uffery and statements of fact are mutually exclusive." Am. Italian Pasta Co. v. New World Pasta Co., 371 F.3d 387, 391 (8th Cir. 2004). However, Plaintiffs do not base their MMPA omission claims on affirmative statements in GM's referenced marketing materials. Rather, those allegations, and the allegations of Plaintiffs' research and conversations with dealership employees before purchasing, are relevant only to show that each was a "reasonable consumer ... making a purchasing decision." Because the alleged oil consumption defect concerned the inner workings of a complex machine that the average consumer would be unlikely to know or be able to research, we conclude these allegations are sufficient to plausibly plead this element of Plaintiffs' MMPA omission claims.

 **\*4** **[11]** GM asserts that Plaintiffs' MMPA material omission claim *must* be tied to an actionable affirmative statement by GM to survive Rule 12(b)(6) dismissal. We disagree. The plain language of the statute -- "any ... concealment, suppression, or omission" -- dispels the notion that *this* unlawful practice requires an affirmative statement. When dealing with MMPA claims of omission or concealment of a material fact, Missouri courts have consistently ruled that this claim "plainly requires less proof

than was required to prove the comparable elements of [a] common law fraud claim." [Hess, 220 S.W.3d at 774](); see [Hope v. Nissan N. Am., Inc., 353 S.W.3d 68, 84-85 (Mo. App. 2011)](); [Budach v. NIBCO, Inc., No. 2:14-CV-04324, 2015 WL 3853298, at *8 (W.D. Mo. June 22, 2015)]().

Alternatively, GM urges us to affirm the dismissal of this claim because Plaintiffs failed to "state with particularity circumstances constituting fraud or mistake." [Fed. R. Civ. P. 9(b)](). The district court discussed this issue but did not decide it at the [Rule 12(b)(6)]() pleading stage. Neither will we.

### III.

For the foregoing reasons, we conclude that Plaintiffs plausibly stated claims that GM violated the MMPA when it failed to disclose a material fact -- the oil consumption defect -- when selling each of them an affected vehicle. Accordingly, we reverse the district court's dismissal of these MMPA claims. We address no other issue. Rather, we remand for further proceedings not inconsistent with this opinion.

**All Citations**

--- F.4th ----, 2023 WL 310225

### Footnotes

1   Before delivering a new automobile, the manufacturer must place a sticker (commonly referred to as a "Monroney sticker") on the windshield or side window containing information such as the suggested retail price, available safety ratings, and EPA-mandated economy and environmental disclosures. See [15 U.S.C. §§ 1231]()-[33](); [49 C.F.R. § 575.401(e)(1)]().

2   After denying GM's motion to dismiss the MMPA omission claim, the district court granted GM summary judgment dismissing the claim, and we affirmed, because the plaintiffs failed to show "that the Owens' vehicle in fact suffered that defect ... in order to demonstrate an ascertainable loss *as a result* of GM's failure to disclose the defect." [Owen v. General Motors Corp., 533 F.3d 913, 922 (8th Cir. 2008)]() (alteration in original).

3   The district court dismissed Count IV as barred by the economic loss doctrine under Missouri law. Plaintiffs have not appealed that ruling.

---

**End of Document**  © 2023 Thomson Reuters. No claim to original U.S. Government Works.