**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel:  202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel:  202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel:  202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel:  415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel:  310-576-2100
Fax: 310 -576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| *Mario and Barbara Putzrath v. Monsanto Company*,<br>3:19-cv-03786-VC | **MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO SUBSTITUTE PARTIES AND AMEND COMPLAINT**<br><br>**Hearing:**<br>Date:   March 2, 2023<br>Time:   10:00 a.m.<br>Place:  Courtroom 4 |

## INTRODUCTION

Plaintiffs Mario Putzrath ("Mr. Putzrath") and Barbara Putzrath ("Plaintiff") brought suit against Defendant Monsanto Company ("Monsanto") alleging that Mr. Putzrath developed cancer as a result of his use of Monsanto's glyphosate-based herbicide Roundup® (hereinafter "Roundup"). On June 27, 2019, Mr. Putzrath died. During the first half of 2020, Plaintiff served a variety of documents that, under Federal Rule of Civil Procedure 25, each activated a 90-way window for her to file a motion to substitute parties so that she could amend the complaint to assert survival and wrongful death claims. With her opportunity having long since passed, on January 19, 2023, nearly three years later, Plaintiff filed her untimely Motion to Substitute Parties and Amend Complaint ("Motion"). Likewise, Plaintiff's effort to amend her complaint is untimely under North Carolina law and cannot be saved by the relation back doctrine under either federal or North Carolina law. Plaintiff's Motion should be denied in its entirety.

## ARGUMENT

### I.   PLAINTIFF'S MOTION IS UNTIMELY UNDER FEDERAL RULE OF CIVIL PROCEDURE 25(a)(1)

At the outset, Monsanto notes that Plaintiff's Motion is untimely under Rule 25(a)(1), which provides, in relevant part:

> (a) DEATH.
>
> (1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent *must* be dismissed.

Fed. R. Civ. P. 25(a)(1) (emphasis added). Relying on *Acri v. Int'l Ass'n of Machinists and Aerospace Workers*, Plaintiff contends that the 90-day deadline to file her Motion was never triggered because she did not file a suggestion of death (*i.e.*, statement noting death). Pl.'s Mot. at 6 n.1. She is incorrect. First, courts have determined that a statement noting death need not be a formal filing. *See, e.g.*, *Allen v. Elgin*, No. 2:04-cv-0001 PS, 2006 WL 3314557, at *5 (N.D. Ind. Nov. 9, 2006) (determining that party's reply brief in support of her motion to dismiss, with attached death certificates "suffice[d] as a suggestion of death" and triggered 90-day deadline); *Meredith v. Erath*,

Case No. CV 99-13100 FMC (MANx), 2004 WL 7339768, at *1 (C.D. Cal. Mar. 4, 2004) (reasoning that while no formal notice was filed, the joint report signed by both parties "certainly serves as" suggestion of death); *In re Bell*, 92 B.R. 911, 912 (E.D. Cal. Bankr. 1988) (granting motion to dismiss based on plaintiff's failure to timely substitute a proper party where affidavit, defendant's brief in support of motion to dismiss, plaintiff's pretrial statement, and defendant's pretrial statement constituted "repeated suggestions of death"); *see also In re Brand*, 545 B.R. 37, 41 (C.D. Cal. Bankr. 2016) (determining that court's own prior order "was sufficiently formal notice of death upon the record as required by Rule 25").

Here, Plaintiff concedes that she served multiple documents that reference Mr. Putzrath's death. Any and all of these will suffice as a statement noting death:

- On January 3, 2020, she served her first Plaintiff Fact Sheet ("PFS"),[1] which referenced Mr. Putzrath's passing and listed her as "Widow and Estate Administrator." Pl.'s Mot. at 4; Pl.'s Mot., Ex. D, Putzrath PFS at 1. Therefore, a motion to substitute was due on April 3, 2020, rendering Plaintiff's filing nearly three years late.

- On January 20, 2020, Plaintiff served, via the MDL Centrality system,[2] (1) "Letters Testamentary" regarding the Estate of Mario Jorge Putzrath, which lists her as "Executor" and (2) Mr. Putzrath's death certificate. Pl.'s Mot. at 4-5. This meant a motion to substitute was due on April 20, 2020, again establishing that Plaintiff's Motion is nearly three years late.

- On March 17, 2020, Plaintiff provided, via the MDL Centrality system, four executed medical authorizations signed by Barbara Putzrath as "Executor of the Estate of the Decedent." Pl.'s Mot. at 5. As a result, a motion to substitute was due on June 17, 2020, showing that Plaintiff's Motion is more than two years late.

Individually and collectively, these documents pass muster and "certainly serve[] as" as a statement noting the death. *Meredith*, 2004 WL 7339768, at *1.

Second, because *Acri* involved "the *incidental* mention of the deaths" made in one document (answers to interrogatories), it is distinguishable for the same reasons explained above. 595 F. Supp. 326, 330 (N.D. Cal. 1983) (emphasis added). As delineated in the list above, "the death of [plaintiff]

---

[1] This Court's September 26, 2018 Pretrial Order No. 50: Plaintiff Fact Sheet Completion and Deficiencies ("Pretrial Order") states, "Plaintiffs shall each complete and *serve* upon Monsanto a Plaintiff Fact Sheet . . . ." ECF No. 1883 at ¶ 2 (emphasis added).
[2] This Court's Pretrial Order provides, "Plaintiffs and Monsanto shall use the online MDL Centrality system . . . to implement the provisions of this Order." ECF No. 1883 at ¶ 3.

has been suggested on the record repeatedly and served as required by Rule 25." *In re Bell*, 92 B.R. at 912 (distinguishing *Acri* and noting repeated references to defendant's death in various filings by both parties). Further, these mentions are far from "incidental" as Plaintiff provided official documents from the probate court in the form of "Letters Testamentary" as well as Mr. Putzrath's death certificate.

Third, to the extent Plaintiff asserts that a statement noting death should mirror Federal Form 30, which was revised and is now Form 9, the *Acri* court acknowledged that it is merely "an example of the proper suggestion." 595 F. Supp. at 330; *see also In re Bell*, 92 B.R. at 912 ("The court surely would be putting form over substance if it were to find that the repeated suggestions of death are insufficient to trigger the 90 day period merely because they do not rise to the formality of Form 30."). Even so, a review of Plaintiff's filings reflect that they do, indeed, "rise to the required level of formality" set forth in revised Form 9. *Id.* Form 9's suggested language contains a single, simple sentence:

> **Statement Noting a Party's Death:** In accordance with Rule 25(a) *name the person*, who is [a party to this action][a representative of or a successor to the deceased party] notes the death during the pendency of this action of *name, [describe as party* in this action.]

Ex. A, Form 9. Statement Noting a Party's Death (emphasis in original). As set forth above, Plaintiff's various filings—PFS, "Letters Testamentary" with death certificate, and numerous executed medical authorizations—convey the information suggested in Form 9.

"Although the [statements noting] death do not match verbatim Federal Form [9], the repeated suggestions throughout the record should have notified the plaintiff that proper action must be taken." *In re Bell*, 92 B.R. at 912. Thus, immediately following any of the above filings by either party, Plaintiff "incurred not an option, but an *obligation* to amend [her] personal injury complaint and substitute [her]self as personal representative . . . lest [her] case be dismissed with prejudice *as required by Rule 25(a)(1)*." *Taylor v. Norfolk So. Ry. Co.*, 86 F. Supp. 3d 448, 461 (M.D.N.C. 2015) (noting that asbestos personal injury claim initially brought by husband and wife, was later dismissed after surviving husband failed to file timely motion to substitute in order to add a wrongful death claim) (emphasis added).

Because Plaintiff missed her 90-day window to file her Motion, this Court is left with "no alternative under Rule 25 but to order a dismissal of" Plaintiff's claims "for a failure to substitute under Rule 25." *Id.* at 451; s*ee also In re Bextra and Celebrex Marketing Sales Practices and Prod. Liab. Litig.*, 244 F.R.D. 558, 559 (N.D. Cal. 2007) (concluding that "plaintiff's claim was extinguished and cannot be revived because no attempt to substitute plaintiff's personal representative was made within one year of her death" as required by Kentucky statute of limitations, and denying motion for substitution); *In re Brand*, 545 B.R. 37, 47 (C.D. Cal. Bankr. 2016) (noting that "Rule 25 contains a mandatory directive" for dismissal). Plaintiff's Motion is "inexcusably tardy, and given the failure to file a timely motion for an extension of time," *Taylor*, 86 F. Supp. 3d at 451, this Court should deny Plaintiff's motion.

## II. PLAINTIFF'S AMENDED COMPLAINT IS TIME-BARRED

Plaintiff's survivorship and wrongful death claims are time-barred. Mr. Putzrath died in 2019 and Plaintiff filed the instant Motion more than three years later in 2023. Under North Carolina law, survivorship and wrongful death are "distinct and separate" claims, each created by statute. *Taylor*, 86 F. Supp. 3d at 453. "Survivorship actions can be affected by the statute of limitations. If the statute of limitations for the underlying claim has expired when the decedent dies, the survivorship action is barred." *Id.* (citing N.C. Gen. Stat. § 28A–18–1(a)). "But if the decedent dies before the underlying claim expires, the personal representative may bring the survivorship claim after the running of the underlying statute of limitations, so long as the claim is brought within one year of the death." *Id.* (citing N.C. Gen. Stat. § 1–22). In contrast, "[a] wrongful death claim is a . . . cause of action created by N.C. Gen. Stat. § 28A–18–2." (citation omitted). "To come within the statute of limitations, an action for wrongful death must be filed within two years of the decedent's death, and, on the date of the death, the decedent's underlying claim must not have been barred by the statute of limitations for bodily injury." (citation omitted). Here, it is undisputed that Mr. Putzrath died on June 27, 2019 and Plaintiff's Motion was filed, inexplicably, three-and-a-half years later on January 19, 2023—well outside North Carolina's applicable statute of limitations for survivorship and wrongful death claims.

## III. PLAINTIFF'S AMENDED COMPLAINT DOES NOT RELATE BACK TO THE INITIAL COMPLAINT UNDER STATE OR FEDERAL LAW

Without offering any explanation for this egregious delay, Plaintiff contends that her newly raised wrongful death action relates back to the personal injury suit because the original and proposed amended complaints share a "common core of operative facts"—namely, allegations that Mr. Putzrath's use of Roundup caused him to develop NHL. Plaintiff's cursory analysis completely ignores the relation back principles under North Carolina Rule 15(c), which is applicable here, and misapprehends the doctrine under Federal Rule of Civil Procedure 15(c).

### A. Plaintiff's Claims Do Not Relate Back Under North Carolina Rule 15(c)

In diversity cases, relation back is governed by state substantive law rather than federal procedural law. *See, e.g.*, *Taylor*, 86 F. Supp. 3d at 453; *Myers v. Philip Morris, Inc.*, No. CV-F-99-5449 REC LJO, 2003 WL 21756086, at *2 (E.D. Cal. July 11, 2003); *Lagan v. Owens-Corning Fiberglas Corp.*, No. CIV.A. 80-4338, 1996 WL 445350, at *1 (E.D. La. Aug. 5, 1996). Under North Carolina Rule of Civil Procedure 15(c), "[a] claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, *unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading*." (emphasis added).

Thus, the pertinent issue is whether the original complaint gives notice of the facts to be proved (*i.e.*, death)—and here it does not. When the existence of a wrongful death claim is clear from the original complaint, but the claim is not asserted at that time due to capacity issues, the relation back doctrine will render the claim timely. *See Westinghouse v. Hair*, 107 N.C. App. 106, 109, 418 S.E.2d 532, 534 (1992) (initial lawsuit based on allegations that decedent got hit by a car and instantly killed); *Estate of Tallman ex rel. Tallman v. City of Gastonia*, 200 N.C. App. 13, 22, 682 S.E.2d 428, 434 (2009) (initial pleading expressly provided defendant "with notice that the lawsuit involved *the death of*" the decedent) (emphasis added); *see also Burcl v. N. Carolina Baptist Hosp., Inc.*, 306 N.C. 214, 230, 293 S.E.2d 85, 95 (1982) (initial case was a wrongful death matter: "The [d]efendants had full notice of the transactions and occurrences upon which this wrongful

death claim is based when the claim was originally filed within the period of limitations *by plaintiff in her capacity as a foreign administrator*." (emphasis added).

In contrast, Plaintiff's initial complaint did not indicate that Mr. Putzrath's death was imminent, much less likely. *See generally*, Pl.'s Compl. ECF No. 1. Indeed, there is not a single mention of any facts from which Monsanto could intuit that Mr. Putzrath would die less than 30 days after filing the Complaint, which was filed on June 6, 2019. For example, there is no mention of the progression of Mr. Putzrath's cancer (e.g., the stage of cancer Mr. Putzrath was diagnosed with in April 2018 as compared to the stage of cancer he was diagnosed with at the time of the Complaint's filing). In addition, there are not facts from which Monsanto could have ascertained his current condition, prognosis, or chance of recovery. Likewise, although Plaintiff's loss of consortium claim references Mr. Putzrath's cancer treatment, it does not indicate that such treatment was likely to be unsuccessful. *See* Pl.'s Compl. at ¶¶ 157-160, ECF No. 1. In short, Plaintiff filed a run-of-the-mill, boilerplate personal injury suit that provided no notice of what must be proved for her to succeed on her proposed survival and wrongful death claims.

**B. Plaintiff's Claims Do Not Relate Back Under Federal Rule of Civil Procedure 15(c)**

Even if the Court agrees with Plaintiff's assertion that Federal Rule of Civil Procedure 15(c)(1)(B) governs, relation back still does not apply. Under Rule 15(c)(1)(B) "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. of Civ. P. 15(c)(1)(B). In cases similar to the instant action,[3] various courts have recognized that "where proposed amendments encompass facts not previously in issue in the pertinent complaint[], a motion to amend must be denied." *Save Our Sound v. N.C. Dep't of Transportation*, No. 2:17-CV-4-FL, 2017 WL 7048561, at *3 (E.D.N.C. Dec. 5, 2017) (citing *Baltimore & O.S.W.R. Co. v. Carroll*, 280 U.S. 491, 494 (1930) (new claim for wrongful death resulting in loss to survivors did not overlap with claim for personal injury to decedent

---

[3] Plaintiff has not cited, and Monsanto has not found, a North Carolina state court case analyzing the relation back doctrine under similar circumstances (*i.e.*, where the original complaint alleging personal injury claim brought by a spouse is followed by surviving spouse seeking to amend by bringing a wrongful death claim after decedent-spouse's death).

because "[o]ne begins where the other ends[.]"); *see also Murray v. Manville Corp. Asbestos Compensation Fund*, Case No. 87 C 5545, 1990 WL 156625, at *3 (N.D. Ill. Oct. 5, 1990) (surviving wife's wrongful death action did not relate back to original personal injury suit initially brought with her husband).

Plaintiff's proposed amended complaint alleging survivorship and wrongful death claims do not relate back to the personal injury suit under federal Rule 15(c) because even though they "originat[e] in the same wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other." *Baltimore*, 280 U.S. at 494.  As explained above, because Plaintiff's proposed survivorship and wrongful death claims are "grounded on facts other than those asserted in [her] first complaint, the relation back provisions of [federal] Rule 15(c) do not apply." *Murray*, 1990 WL 156625, at *2.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Substitute Parties and Amend Complaint should be denied in its entirety.

Dated:  February 2, 2023                                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Jed P. White*
　　　　　　　　　　　　　　　　　　　　　　　　　　Jed P. White
　　　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant Monsanto Company

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing (NEF) to all counsel of record who are CM/ECF participants.

　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Jed P. White*
　　　　　　　　　　　　　　　　　　　　　　　　　　Jed P. White