**CHAPPELL, SMITH & ARDEN, P.A.**
Graham L. Newman (*pro hac vice*)
(gnewman@csa-law.com)
2801 Devine Street, Suite 300
Columbia, South Carolina 29205
Tel:   (803) 929-3600
Fax:   (803) 929-3604

*Attorneys for Plaintiff*
*BARBARA PUTZRATH*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| This document relates to: | Hearing Date and Time: *Thursday, March 2, 2023* *10:00 AM* |
| *Mario and Barbara Putzrath v. Monsanto Co.*, Case No. 3:19-cv-03786-VC | |

**REPLY TO MOTION TO SUBSTITUTE PARTIES AND AMEND COMPLAINT**

Defendant Monsanto opposes the Plaintiff's motion on three grounds: first, the Plaintiff's motion to substitute is untimely under Fed R. Civ. P. 25(a); second, the proposed survival and wrongful death claims of the Amended Complaint are time-barred; and third, the Plaintiff's claims do not relate back to the original date of filing. Each position should be rejected and the Plaintiff's motion should be granted.

**I.      Rule 25's "Suggestion of Death" Provision Is Not Implicated**

Monsanto's sole basis for opposing the substitution of Barbara Putzrath (as executor of the estate of Mario Putzrath) for her deceased husband, Mario Putzrath, is its allegation that the 90-

day "suggestion of death" period set forth in Fed. R. Civ. P. 25(a)(1) has expired.

> Although Rule 25(a)(1) could be clearer, a careful reading of the rule coupled with an understanding of its function leads to the conclusion that the rule requires two affirmative steps in order to trigger the running of the 90 day period. First, a party must formally suggest the death of the party upon the record. Anderson v. Aurotek, 774 F.2d 927, 931 (9th Cir.1985); Grandbouche v. Lovell, 913 F.2d 835 (10th Cir.1990) (*Grandbouche* ); 3B Moore's Federal Practice ¶ 25.06[3] (2d ed. 1991) ("a formal suggestion of death is absolutely necessary to trigger the running of the ninety days"). Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute.

Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994). In this case, no party has "formally suggest[ed] the death of the party upon the record" nor has any party "serv[ed] other parties … in the same manner as required for service of the motion to substitute." Thus Monsanto's position should be rejected.

Monsanto contends the Plaintiff triggered Rule 25(a)(1)'s "suggestion of death" time frame in three ways: 1) provision of the Plaintiff Fact Sheet; 2) provision of the Letters Testamentary; and 3) provision of medical authorizations. (Dkt. 10 at p. 2, ll. 11-19) Monsanto does not contend, however, that any of these communications were "upon the record." And, as the record reflects, none of these three items have been filed with the court. In contrast, all of the cases cited by Monsanto in support of its position feature formal filings with the court upon the record. See Allen v. Elgin, 2006 WL 3314557, at *5 (N.D. Ind. 2006)(unpublished)("Elgin's Reply, served on June 9, 2006 *and filed* on June 15, 2006, … suffice as a suggestion of death.")(emphasis added); Meredith v. Erath, 2004 WL 7339768, at *1 (C.D. Cal. 2004)(unpublished)(finding Rule 25(a)(1)'s 90-day window triggered when "the parties *filed* a Joint Status Report, in which they reported Ms. Keller's death to the Court.")(emphasis added); In re Bell, 92 B.R. 911, 912 (Bankr. E.D. Cal. 1988)(finding four references of the party's death that were "filed and served" upon the record

triggered Rule 25(a)(1)); In re Brand, 545 B.R. 37, 41 (Bankr. C.D. Cal. 2016)(holding a court order noting the party's death triggered Rule 25(a)(1) when the order "was entered by the Court and placed on the CM/ECF docket and therefore appeared on the public record."); Taylor v. Norfolk S. Ry. Co., 86 F. Supp. 3d 448, 461 (M.D.N.C. 2015)( "Once Mr. Taylor *filed* the notice of death during the prior action")(emphasis added).  Because none of the items referenced by Monsanto have been filed upon the record, they do not satisfy the first prong set forth in Barlow and the 90-day provision of Rule 25(a)(1) was not triggered.

The Plaintiff also has not served the three items cited by Monsanto "in the same manner as required for service of the motion to substitute." Barlow, supra. As noted by the Defendant, the Plaintiff Fact Sheet, Letters Testamentary, and medical authorizations were all provided to Monsanto via MDL Centrality. (Dkt. 10 at p. 2, ll. 11-19) While the Court has ordered the use of MDL Centrality for the exchange of documentary discovery, this means of exchange does not constitute "serv[ice] on the parties as provided in Rule 5…". Fed. R. Civ. P. 25(a)(3). As a result, the three means by which Monsanto contends the Plaintiff triggered the Rule 25(a)(1) 90-day window fail the second prong set forth in Barlow.

Because the "suggestion of death" provision contained within Fed. R. Civ. P. 25(a)(1) has not been implicated, Monsanto's opposition to Barbara Putzrath's motion for substitution should be rejected.

**II.    The Plaintiff's Amended Complaint Is Not Time-Barred**

Monsanto's opposition to the Plaintiff's motion to amend the complaint as time-barred misunderstands the nature of motions to substitute and amend.

> Defendants argue that substitution of Mrs. Torres at this stage, if she is indeed the proper party, would be futile due to the statute of limitations, as well as unduly burdensome. But substitution would not be futile. Defendants misunderstand the effect of a Rule 25(a) substitution—Mrs. Torres would not be a "new" party. Instead, the claim against Torres would survive because it was timely filed

PLAINTIFF'S REPLY:
MOTION TO SUBSTITUTE PARTIES AND AMEND COMPLAINT (3:19-CV-03786-VC)

before his death, and thus would relate back to the date of the suit's filing.

Gilmore v. Lockard, 936 F.3d 857, 867 (9th Cir. 2019), citing Flores v. City of Westminster, 873 F.3d 739, 761 (9th Cir. 2017). Barbara Putzrath, as executor of the Estate of Mario Putzrath, merely stands in the shoes of her deceased husband. Meanwhile Barbara Putzrath, individually, has been a plaintiff in this action since its inception.[1] Thus the applicable statutes of limitation are not implicated.

### III.    Plaintiff's Amended Complaint Relates Back to the Original Complaint

Monsanto incorrectly attempts to apply the North Carolina Rules of Civil Procedure to the question of whether the proposed amended complaint relates back to its predecessor, arguing that "[i]n diversity cases, relation back is governed by state substantive law rather than federal procedural law." (Dkt. 10 at 6) The Ninth Circuit has rejected this contention.

> In Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), the Supreme Court concluded that if there is a federal rule of procedure covering a particular point of practice or pleading in dispute, such rule governs in a federal diversity action even if resort to state law would lead to a different result. The only limitation on this principle is that the federal rule must not violate the Rules Enabling Act, 28 U.S.C. s 2072, or the Constitution. 380 U.S. at 463-64. Rule 15(c) deals expressly with the relation back of amended pleadings and covers amendments alleging an additional cause of action. See 6 C. Wright & A. Miller, Federal Practice and Procedure, supra, s 1503, at 534. Holiday Inns has not suggested that Rule 15(c) is invalid under the Rules Enabling Act or under the Constitution. We conclude that Hanna commands application of Rule 15(c) in the face of a contrary state rule, and is thus applicable in the present case.

Santana v. Holiday Inns, Inc., 686 F.2d 736, 740 (9th Cir. 1982).[2]

---

[1] Defendant Monsanto labels the time period between Mario Putzrath's death and the Plaintiff's motion to substitute/amend as "inexplicable." As the Plaintiff's motion notes, however, this is a Wave 7 case and was only recently released into active litigation. Plaintiff's motion to amend was filed shortly after this procedural development and with ample time for the Monsanto to conduct thorough discovery.

[2] The Fourth Circuit has reached the same conclusion while applying Fed. R. Civ. P. 15 to the

4

Under Fed. R. Civ. P. 15(c)(1)(B), an amended complaint relates back to the original filing when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." According to the 9th Circuit, "[w]e will find such a link when 'the claim to be added will likely be proved by the 'same kind of evidence' offered in support of the original pleading.'" In re Dominguez, 51 F.3d 1502, 1510 (9th Cir. 1995), quoting Percy v. San Francisco General Hosp., 841 F.2d 975, 978 (9th Cir. 1988). Here, not only are the Plaintiff's proposed amended claims proven by the "same kind of evidence" set forth in the original complaint, they are the *exact same claims* asserted by Mario Putzrath prior to his death. "The statutory action for wrongful death … 'is limited to 'such as would, if the injured party had lived, have entitled him to an action for damages therefor.'" Stetson v. Easterling, 274 N.C. 152, 155, 161 S.E.2d 531, 533 (N.C. 1968)(internal citations omitted).[3]

Finally, as noted in the Plaintiff's initial motion, the only factual allegation set forth in the proposed amended complaint that differs from the original filing is the fact of Mario Putzrath's death. Nevertheless, Monsanto attempts to argue that this additional allegation forces the amended complaint out of the same "conduct, transaction, or occurrence" language found within Rule 15 while noting "Plaintiff's initial complaint did not indicate that Mr. Putzrath's death was imminent, much less likely." (Dkt. 10, p. 7 ll. 3-4) Of course, the thrust of the entire document—and of this entire MDL—is the causal relationship between Roundup exposure and cancer. Thus the proposed amended complaint "share[s] a common core of operative facts" with the original complaint and

---

"relation back" analysis of an amended complaint seeking to assert a wrongful death cause of action under North Carolina substantive law. "We think that Hanna generally commands application of Fed. R. Civ. P. 15(c) in the face of a contrary state rule, and specifically commands its application here." Davis v. Piper Aircraft Corp., 615 F.2d 606, 611 (4th Cir. 1980).

[3] North Carolina's wrongful death statute also encompasses damages otherwise asserted in loss of consortium claims. See N.C. Gen. Stat. Ann. § 28A-18-2(b)(4). However, such claims were asserted in Plaintiff's original complaint. See Dkt. 1, ¶¶ 157-160.

relates back to the first document's date of filing. ASARCO, LLC v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014).

Monsanto cites what it contends are "cases similar to the instant action" in Section III.B of its memorandum for the proposition that Plaintiff's amendment should be rejected. But these opinions offer Defendant no assistance. For example, in Save Our Sound, OBX, Inc. v. N. Carolina Dep't of Transportation, 2017 WL 7048561 (E.D.N.C. 2017)(unpublished), aff'd, 914 F.3d 213 (4th Cir. 2019), the District Court considered and granted the Plaintiffs' motion to amend on the basis of the Fed. R. Civ. P. 15's "relation back" provisions. Id. at *2 ("[P]laintiffs' claims pertinent to the haul route relate back to plaintiffs' original claims; therefore, plaintiffs may add these claims." ). While in Murray v. Manville Corp. Asbestos Comp. Fund, 1990 WL 156625 (N.D. Ill. 1990)(unpublished), the district court recognized that "[b]ecause statute of limitations provisions are generally considered procedural, Rule 15(c) is applied to state claims regardless of whether the limitation period for the action has passed." Id. at *1. Nevertheless, the Murray court denied Plaintiff's motion to amend based on an idiosyncrasy of Illinois law.

> Contrary to the norm, the two-year statute of limitation applicable to the Illinois Wrongful Death Act has been construed as a substantive provision conditioning the right to bring suit under the Act. As a result, Rule 15(c) cannot be used to avoid the statute of limitations applicable to the Act.

Id. at *1 (internal citation omitted). However, no such idiosyncrasy exists in North Carolina law. The Fourth Circuit has recognized that "the present two-year [wrongful death] limitation period is an "ordinary statute of limitation … that bars the remedy and not the right." Davis v. Piper Aircraft Corp., 615 F.2d 606, 609 n.2 (4th Cir. 1980).[4] Finally, Monsanto cites the Supreme Court case of

---

[4] Furthermore, the District Court's Murray analysis was specifically rejected by the Illinois Court of Appeals just two years later. See Sompolski v. Miller, 239 Ill. App. 3d 1087, 1093, 608 N.E.2d 54, 58 (Ill. Ct. App. 1992)("We note that the Federal district court's decision is not binding on this court and we decline to adopt that decision of the Federal district court herein.")(internal citation omitted).

Baltimore & O.S.W.R. Co. v. Carroll, 280 U.S. 491, 494 (1930) for the proposition that the Plaintiff's motion to amend does not relate back to the original complaint. However, as the Northern District of Ohio has recognized, "Baltimore is inapplicable [in Rule 15(c)(2) analyses] because it was decided before the adoption of the Federal Rules of Civil Procedure in 1937." Lewin v. Am. Exp. Lines, Inc., 224 F.R.D. 389, 398 (N.D. Ohio 2004).

## CONCLUSION

For the reasons stated herein, Defendant's opposition the Plaintiff's motion to substitute and amend should be rejected and the Plaintiff's motion should be granted.

Respectfully submitted,

s/ Graham L. Newman
Graham L. Newman
CHAPPELL, SMITH & ARDEN, P.A.
2801 Devine Street, Suite 300
Columbia, South Carolina 29205
(803) 929-3600
(803) 929-3604 (facsimile)
gnewman@csa-law.com

ATTORNEYS FOR THE PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing reply has been served on all parties or their attorneys in a manner authorized by Fed. R. Civ. P. 5(b)(2).

s/ Graham L. Newman
Graham L. Newman
CHAPPELL, SMITH & ARDEN, P.A.