**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100
Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| *Linda J. Matthus-Shelton v. Monsanto Company*,<br>3:20-cv-00168-VC | **MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)**<br><br><u>Hearing:</u><br>Date: March 9, 2023<br>Time: 10:00 a.m.<br>Place: Courtroom 4 |

# INTRODUCTION

After Plaintiff Linda J. Matthus-Shelton ("Plaintiff") failed to disclose a specific causation expert, the Court granted Monsanto's motion for summary judgment and dismissed her case. More than one month later, Plaintiff filed this Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) ("Motion"), claiming that the Court should set aside the judgment because she made a "mistake" in that she was participating in the Settlement Program at the time Monsanto filed its motion for summary judgment.  But Plaintiff's opposition to Monsanto's MSJ said nothing about her participation in the Settlement Program. To the contrary, Plaintiff filed an 11-page opposition brief, vigorously arguing that a specific causation expert was not necessary to prove her case.  The Court's ruling on Monsanto's MSJ was "on the merits" and this Motion is an improper motion for reconsideration of the Court's MSJ ruling.

Plaintiff's motion should be denied in its entirety.

# BACKGROUND

Plaintiff was part of Wave 4, subwave 4A. On April 12, 2022, this Court issued an order requiring all Wave 4A plaintiffs to submit expert reports no later than June 23, 2022. *See* Order Granting Motion for Extension of Expert Discovery Deadlines in Wave 4 ("Wave 4 Scheduling Order") at 2 (MDL ECF No. 14763).  Plaintiff failed to disclose any experts or submit a single expert report regarding general or specific causation by June 23, 2022.

On October 17, 2022, Monsanto filed its Motion for Summary Judgment on Causation Grounds ("Summary Judgment Motion"). ECF No. 17. Plaintiff did not seek an extension of the expert deadline or disclose an expert after the deadline. Instead, on October 31, 2022, Plaintiff filed an 11-page response arguing that a specific cause expert is not required. ECF No. 18. On November 7, 2022, Monsanto filed its Reply in Support of its Motion for Summary Judgment. ECF No. 19. On November 29, 2022, the Court granted Monsanto's Motion for Summary Judgment.

MDL ECF No. 15872. On December 5, 2022, the Court entered judgment in favor of Monsanto and closed Plaintiff's case. ECF No. 23. On January 17, 2023, Plaintiff filed the instant Motion. ECF No. 24.

# ARGUMENT

## I. NONE OF PLAINTIFF'S ARGUMENTS MEET THE REQUIREMENTS FOR RECONSIDERATION UNDER RULE 60(b)

At the outset, Monsanto notes that all of the cases cited by Plaintiff concern either a default judgment[1] or late filings[2] and therefore are procedurally inapposite, rendering her Motion entirely without support. None of the cases cited by Plaintiff involve setting aside a ruling on a motion for summary judgment based on a mistake, let alone a motion for summary judgment that was fully briefed by both sides.  As to the substance of Plaintiff's Motion, she has failed to establish any basis for reconsideration under Rule 60(b). *See Greene v. Greyhound Lines Inc.*, No. 20-cv-07613-WHO, 2022 WL 17001794, at *1 (N.D. Cal. Nov. 4, 2022).

Rule 60(b) provides:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)  the judgment is void;

---

[1] *Pena v. Seguros Las Comercial*, 770 F.2d 811 (9th Cir. 1985); *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691 (9th Cir. 2001); *Falk v. Allen*, 739 F.2d 461 (9th Cir.1984); *NewGen LLC v. Safe Cig, LLC*, 840 F.3d 606 (9th Cir. 2016); *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388 (9th Cir. 1988); *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653 (3d Cir. 1982); *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57 (2d Cir. 1996) *Thompson v. American Home Assur. Co.*, 95 F.3d 429 (6th Cir. 1996); *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391(6th Cir. 1987).

[2] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).

|     |     |     |
| --- | --- | --- |
| (5) | | the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or |
| (6) | | any other reason that justifies relief. |

Fed. R. Civ. P. 60(b). "Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court." *Robertson v. Kaiser-Nevel*, No. 20-cv-02523 BLF, 2022 WL 6156506, at *3 (N.D. Cal. Oct. 7, 2022) (denying Rule 60(b) motion) (citation omitted). "[M]ere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief." *Id.* (citation omitted). "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court." *Johnson v. Starbucks Corp.*, No. 16-cv-00724-DMR, 2019 WL 2299954, at *3 (N.D. Cal. May 30, 2019) (citation omitted). Assuming that Plaintiff contends that her allegations entitle her to relief under Rule 60(b)(1) or (6),[3] that argument fails for the stated that follow.

### A. 60(b)(1) Relief is Not Warranted

#### 1. Plaintiff does not satisfy any of the Rule 60(b)(1) factors for relief

Although Plaintiff asserts "mistake" as the basis for her Motion, even the most cursory review of the record—and, specifically, Plaintiff's response brief to Monsanto's Summary Judgment Motion—reveals her transparent effort to misuse Rule 60(b) in order to have the Court reconsider its ruling on Monsanto's MSJ. Courts are clear: a motion for reconsideration "may not be used to relitigate old matters." *Ryan v. U.S.*, No. 16-CV-00164-LHK, 2018 WL 4468403, at *1 (N.D. Cal. Sep. 18, 2018) (denying motion for reconsideration) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)). Indeed, courts have repeatedly rejected Rule 60(b) motions "when the 'arguments [were] either duplicative of arguments already previously made and carefully considered by the Court in its summary

---

[3] The substance of Plaintiff's Motion does not contain any argument invoking Rule 60(b)(2)-(5).

judgment ruling, or [were] based on facts and argument that could have been, but were not, raised during the summary judgment proceedings.'" *Id.* at *1 (quoting *Belinda K. v. Baldovinos*, No. 10-CV-02507-LHK, 2012 WL 3249481, at *3 (N.D. Cal. Aug. 7, 2012)); *see also Johnson*, 2019 WL 2299954 at *3 (reasoning that movant "may not use its Rule 60(b) motion as an opportunity to make new arguments . . . that it could have raised on summary judgment" and denying the same); *Lake v. First Nat'l Ins. Co. of Am.*, No. C 09-00797 SBA, 2011 WL 873142, at *2 (N.D. Cal. Mar. 11, 2011) (impermissible to use a reconsideration motion to secure a rehearing on the merits or obtain a second bite at the apple) (citation and quotation marks omitted); *Zeitchick v. Lucey*, F. App'x 792, 795 (9th Cir 2012) (determining district court correctly concluded that "Rule 60(b) motion was not the proper vehicle for presenting arguments and evidence that should have been raised in his initial opposition to summary judgment").

Here, Plaintiff contends that her case was dismissed due to a mistake as she was in the process of obtain medical records related to her anticipated participation in the Settlement Program. Pl.'s Mot. at 1, 7. But Plaintiff's response brief to Monsanto's Summary Judgment Motion did not contain a single mention of the Settlement Program or her efforts to be included therein. *See generally*, Pl.'s Resp.. ECF No. 18. With respect to the deadline to designate an expert, Plaintiff neither attempted to obtain a stipulation from Monsanto nor sought an extension from the Court. Thus, Plaintiff's Motion hinges entirely on "facts and argument that could have been, but were not, raised during the summary judgment proceedings." *Ryan*, 2018 WL 4468403 at *2.

Instead of arguing that she was participating in the Settlement Program, Plaintiff adamantly opposed Monsanto's MSJ by arguing that an expert was not required to prove her case. Pl.'s Resp. at 1-2, ECF No. 18 ("An expert in this instance would not assist or aid the court in determining whether Ms. Matthus-Shelton's cancer was caused by glyphosate."); *see also id.* at 11 ("Summary Judgment at this point is

4

not appropriate as Plaintiff has shown expert testimony is not required for all of the claims she is alleging"). Thus, Plaintiff's case was decided "on the merits" and Plaintiff's request that the court reconsider its ruling on the motion for summary judgment is improper.

Plaintiff has not satisfied mistake or any other Rule 60(b)(1) factor. Denial of Plaintiff's Motion is warranted on this basis alone.

### 2. *Prejudice, delay, and lack of good faith prohibit relief under Rule 60(b)(1)*

Even if Plaintiff satisfies Rule 60(b)(1)—which she has not—granting her relief would be prejudicial and unjustified given Plaintiff's delay and lack of good faith. The determination whether relief should be granted under Rule 60(b)(1) depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pierce v. U.S.*, No. 15-cv-02811-JSC, 2017 WL 3058582, at *2 (N.D. July 19, 2017) (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000)). Here, the record supports denying Rule 60(b)(1) relief.

#### i. Prejudice to Monsanto

Monsanto has been prejudiced by Plaintiff's unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) ("the law presumes injury from unreasonable delay"). Plaintiff's deadline to submit expert reports was nearly eight months ago, on June 23, 2022. Plaintiff failed to disclose any expert reports along with the other Wave 4A plaintiffs, and then instead of seeking relief for missing her deadline, Plaintiff opposed Monsanto's MSJ by arguing that a specific cause expert was not necessary.

#### ii. Length of Plaintiff's Delay is Not Reasonable

A motion brought under Rule 60(b)(1) "must be made within a reasonable time" and no later than a year after the order is entered. *See Greene*, 2022 WL 17001794, at

*1 (quoting Fed. R. Civ. P. 60(c)(1)). "What constitutes 'reasonable time' *depends upon the facts of each case*, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Pierce*, 2017 WL 3058582, at *2 (citation omitted) (emphasis added).

Here, Plaintiff filed her Motion more than a month after the Court dismissed her case for failure to designate a specific causation expert. Although the Ninth Circuit has determined that a delay of approximately one month is not unreasonable, *see Bateman*, 231 F.3d at 1225, the facts of this case—namely that Plaintiff's case is one of many in the multi-state MDL—reflect that this factor weighs against Plaintiff because honouring strict deadlines in an MDL is particularly important. *See Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1222 (9th Cir. 2006) (affirming dismissal of cases in MDL for failure to comply with case management orders because "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions").

### iii.  Plaintiff's Reason for Delay Is Woefully Weak

While Plaintiff's reason for delay rests exclusively on her supposed efforts to participate in the Settlement Program, she has not explained how her search for medical records prevented her from securing a causation expert, especially in a wide-ranging MDL such as this one where, as her counsel is aware, *scores of plaintiffs have selected many of the same causation experts*. In other words, Plaintiff was not burdened with reinventing the wheel or starting from scratch.

Plaintiff had ample time and opportunity to satisfy her expert disclosure obligations under the Wave 4 Scheduling Order, which was already extended from March 25, 2022. *See* Order Granting Unopposed Motion for Extension of Deadlines in Wave 4-6 Cases. MDL ECF No. 14763. Thus, this factor weighs against Plaintiff.

### iv. Plaintiff Failed to Show She Acted in Good Faith

Plaintiff's attempt to couch her failure to raise Settlement Program participation in the opposing Monsanto's Summary Judgment Motion as a basis for Rule 60(b) relief reflects a lack of good faith. As noted above, Plaintiff had ample time and opportunity to alert Monsanto and the Court to the need for an extension to designate an expert. Instead, she remained silent, and then maintained that such an expert was not necessary. This factor weighs squarely against Plaintiff. Having sat on her hands until after Monsanto's Summary Judgement Motion has been fully briefed and resolved by the Court, Plaintiff should be held to the strategic choices she made. Plaintiff's request for a second bite at the apple should be denied.

### B. Rule 60(b)(6) Relief is Unwarranted

A "sparing remedy," Rule 60(b)(6) "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Lindsey v. City of Pasadena*, No. 20-56093, 2022 WL 135799, at *1 (9th Cir. Jan. 14, 2022). To obtain Rule 60(b)(6) relief, "the moving party must demonstrate 'both injury and circumstances beyond [its] control that prevented [it] from proceeding with the action in a proper fashion.'" *U.S. ex rel. Cullen v. Ass'n of Behavior Consultants*, No. 15-cv-01188-EDL, 2017 WL 11694260, at *5 (N.D. Cal Sept. 1, 2017) (citation omitted). For the reasons stated above, Plaintiff has not provided an extraordinary reason supporting Rule 60(b)(6) relief. Accordingly, her Motion should be denied.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) should be denied in its entirety.

Dated: February 10, 2023                    Respectfully submitted,

/s/ Jed. P. White
Jed P. White
Attorney for Defendant Monsanto Company

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing (NEF) to all counsel of record who are CM/ECF participants.

/s/ *Jed P. White*
Jed P. White