UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Putzrath v. Monsanto Co.*,<br>Case No. 19-cv-3786-VC | **ORDER GRANTING MOTION TO SUBSTITUTE PARTY AND AMEND COMPLANT**<br><br>Re: Dkt. No. 16122 |

Mario Putzrath sued Monsanto in June 2019 for injury arising from his use of Roundup products. He died weeks after filing suit from conditions related to NHL. His wife, Barbara Putzrath, serves as executor of his estate and has filed a motion to substitute herself for Mr. Putzrath in this case. She also seeks to add survivorship and wrongful death claims under North Carolina law. Monsanto opposes.

## I.

Monsanto argues that the motion to substitute party is untimely under Federal Rule of Civil Procure 25(a) because it was not filed "within 90 days after service of a statement noting the death." *See* Fed. R. Civ. P. 25(a). In early 2020, Mrs. Putzrath filed a Plaintiff Fact Sheet and discovery documents on MDL Centrality. These documents mentioned Mr. Putzrath's death. Monsanto contends that these documents constitute "statement[s] noting the death" under Rule 25(a) and triggered the 90-day deadline to file a motion to substitute party. Mrs. Putzrath, however, says these documents did not start the clock because they were not formal court filings.

Mrs. Putzrath has the better argument. In this circuit, "to trigger the running of the 90 day period[,] … a party must formally suggest the death of the party upon the record." *Barlow v.*

*Ground*, 39 F.3d 231, 233 (9th Cir. 1994); *accord*, *e.g.*, *Willis v. Barnhart*, No. 02-cv-3670-JSW, 2005 WL 1082757, at *4 (N.D. Cal. May 9, 2005). A formal court filing is "absolutely necessary," and "[a]ctual knowledge of the party's death is not sufficient, nor is mention of the death in court proceedings or pleadings." 3B J. Moore, MOORE'S FEDERAL PRACTICE ¶ 25.06[3] at 25–49 (2d ed. 1995). Because no party has made a formal suggestion of death in the docket, Mrs. Putzrath's motion to substitute party is timely.

## II.

Monsanto argues that Mrs. Putzrath cannot amend the complaint to add survivorship and wrongful death claims under North Carolina's applicable statute of limitations. Mrs. Putzrath did not move to add these claims until over three years after Mr. Putzrath's death. Normally, the statutes of limitations would have run on these claims. But here, the relation-back doctrine of Federal Rule of Civil Procedure 15(c) saves her case: her survivorship and wrongful death claims relate back to the facts and claims of the original complaint. That is, the pleaded and putative claims both arise out of Mr. Putzrath's alleged use of Roundup and his later development of NHL. Moreover, this case is in Wave 7, so there is sufficient time for discovery. Mrs. Putzrath therefore could add these new claims.

\*   \*   \*

The motion to substitute party and to amend the complaint is granted.

**IT IS SO ORDERED.**

Dated: February 27, 2023

_____
VINCE CHHABRIA
United States District Judge