UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | Case No. 16-md-02741-VC |
| This document relates to: | **ORDER DENYING MOTIONS TO SET ASIDE JUDGMENT** |
| *Matthus-Shelton v. Monsanto Co.*, Case No. 20-cv-168-VC | Re: Dkt. No. 27 (*Hann*); Dkt. No. 26 (*Matthus-Shelton*) |
| *Hann v. Monsanto Co.*, Case No. 20-cv-7213-VC | |

      The plaintiffs in these cases failed to disclose a specific causation expert, so Monsanto's summary judgment motions were granted. The plaintiffs now seek to set aside those judgments under Federal Rule of Civil Procedure 60(b)(6).

      Hann argues that she was not aware that an expert was required "to prove Plaintiff's cancer was caused by her exposure to Roundup." Dkt. No. 27 (Hann Mot.) at 3. This legal mistake by counsel may give rise to a malpractice claim by the client, but it is not a reason to set aside the judgment.

      Matthus-Shelton made the same meritless argument on summary judgment. Now, for the first time, Matthus-Shelton mentions that she was waiting for a determination on whether she could participate in the Settlement Program. Dkt. No. 26 (Matthus-Shelton Mot.) at 3. She never mentioned this fact in her opposition to Monsanto's summary judgment motion nor did she request a stay of the motion. All along, she argued that no specific causation expert was needed. Again, Matthus-Shelton may well have a malpractice claim, but she has not offered a legitimate

reason to set aside the judgment against her for failing to disclose a specific causation expert.

The motions to set aside judgments are denied.

**IT IS SO ORDERED.**

Dated: March 3, 2023

VINCE CHHABRIA
United States District Judge