KRISTY M. AREVALO SBN 216308
**McCUNE LAW GROUP**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Phone: (909) 557-1250
Facsimile: (909) 557-1275
kma@mccunewright.com

*Attorney for Plaintiff Darrel Mosely*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

DARREL MOSELY,

Plaintiff,

vs.

MONSANTO COMPANY,

Defendant.

Case No: 3:19-cv-05088-VC
Case MDL No.: Case No. MDL No. 3:16-md-02741-VC

**NOTICE OF MOTION AND MOTION BY PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**

Judge Assigned: Hon. Vince Chhabria
Hearing Date: April 20, 2023
Time: 1:00 p.m.
Courtroom: 4

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on April 20, 2023 at 1:00 p.m. in Courtroom 4 at 450 Golden Gate Ave., San Francisco, CA 94102, Kristy Arevalo of McCune Law Group ("Counsel"), attorney of record for Plaintiff Darrel Mosely ("Plaintiff"), will and hereby does move for an Order allowing Counsel to withdraw as counsel of record for Plaintiff.

This Motion is made pursuant to Civil L.R. 11-5 and Rule 1.16(b)(4) of the California Rules of Professional Conduct for good cause on the grounds that, given Plaintiff's inappropriate and uncooperative behavior during his depositions, there has been a breakdown of the attorney-client relationship significant enough that it is unreasonably difficult for Counsel to carry out effective representation of Plaintiff.

Counsel provided Plaintiff with written notice, via mail, on February 7, 2023, of Counsel's intent to file this motion.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Kristy M. Arevalo, the files and records of this case, and such further evidence that may be presented at the time of the hearing on this Motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  PROCEDURAL AND FACTUAL BACKGROUND

Counsel has represented Plaintiff from the very beginning of his suit. Plaintiff filed this lawsuit in this Court on December 12, 2018, and a short form complaint thereafter on August 16, 2019. On May 17, 2022, Monsanto Company ("Defendant") made Plaintiff a settlement offer. On May 23, 2023, Plaintiff rejected Defendant's settlement offer. On December 6, 2022, Defendant issued a Notice for Plaintiff's Oral and Videotaped Deposition to take place on January 10, 2023 at 10:00 A.M. ET.

On January 10, 2023, Plaintiff's deposition took place remotely. During the deposition, Plaintiff became combative and hostile with Defendant's Counsel. Against the advice of Counsel, Plaintiff would not cease talking, take a break, or answer questions, and he continuously demeaned Defense Counsel. After Plaintiff's initial outburst, the Parties took a break. Counsel attempted to reach Plaintiff repeatedly during the break to no avail. Plaintiff refused to respond to Counsel's numerous phone calls and text messages, or to rejoin the deposition. When Parties returned after the break, Counsel and Defense Counsel waited for Plaintiff to rejoin the meeting for thirty minutes. Defense Counsel stated what occurred on the record, and the deposition was adjourned. Counsel then texted Plaintiff informing him that the deposition had ended, to which Plaintiff responded in a derogatory and dismissive manner.

Thereafter, Defendant demanded that Plaintiff complete his deposition, or else it would move to dismiss the case. The Parties then agreed to continue Plaintiff's deposition on February 6, 2023. Defendant issued a First Amended Notice for Plaintiff's Oral and Videotaped Deposition to take place on February 6, 2023, at 1:00 P.M. ET; however, the time was later amended to 2:00 P.M. ET. Prior to the continued deposition, on February 3, 2023, Counsel spoke with Plaintiff and advised him to not be combative, to remain calm, and to answer questions truthfully during his deposition. Plaintiff reassured Counsel that he would behave appropriately. Unfortunately, Plaintiff did not keep his promise.

On February 6, 2023, Plaintiff logged into the deposition at 2:20 P.M. ET, twenty minutes late, and he instantly behaved inappropriately even before Parties were on the record. He stated he was ready for the questions, that he "knew" what Defense Counsel was up to, and that he would not let it happen. Counsel advised Plaintiff to just listen to the questions and answer them truthfully. Plaintiff laughed and remained sarcastic. Once Parties were on the record, the Court Reporter attempted to administer the witness oath, "to tell the truth and nothing but the truth, so help you God." Plaintiff replied, "What God?" and began inquiring about different Gods. Counsel asked simply if Plaintiff could answer questions truthfully and take the oath; Plaintiff said he could not. Counsel then decided to end the deposition, given that Plaintiff refused to proceed calmly, professionally, and truthfully.

Counsel then informed both Defense Counsel and Plaintiff of her intent to move to withdraw as Plaintiff's representative given Plaintiff's disruptive and uncooperative behavior. On the record, Defense Counsel explained what transpired, and that Defendant would move to dismiss Plaintiff's case if Counsel did not withdrawal as counsel.

On February 7, 2023, the very next day, Counsel mailed Plaintiff a letter chronologically explaining the abovementioned events and her intent to file a motion to withdraw as his attorney if she did not hear back from him to discuss his case within 30 days. On March 8, 2023, Counsel notified Defendant's Counsel of her intent to move to withdraw, as previously stated on the record. As of March 9, 2023, exactly 30 days after Counsel's letter, Plaintiff has not responded to Counsel as to how he would like to proceed.

Thus, given Counsel's notice to Parties and Defendant, both at the continued deposition and through additional correspondence, Counsel moves to withdraw from this action as Plaintiff's representative.

///

///

## II. ARGUMENT

### A. LEGAL STANDARDS

In this District, "[c]ounsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." Civil L.R. 11-5(a). Additionally, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civil L.R. 11-5(b).

Withdrawal is also governed by the California Rules of Professional Conduct. *See Johnson v. Serenity Trans., Inc.*, No. 15-CV-02004-JSC, 2020 WL 7260059, at *6 (N.D. Cal. Dec. 10, 2020) ("*Johnson*"); *see also* Civil L.R. 11-4(a)(1) (requiring compliance with the California Rules of Professional Conduct). Under the California Rules of Professional Conduct, a lawyer may withdraw her representation of a client if the client's "conduct renders it *unreasonably difficult* for the lawyer to carry out the representation effectively." *See* Cal. Rules of Prof. Conduct, Rule 1.16(b)(4) (emphasis added). A client's conduct is "unreasonably difficult" if he is no longer cooperating or meaningfully communicating with Counsel. *See Garza v. Moving Solutions, Inc., et al.*, No. 17-CV-04015-LHK, 2019 WL 13126216, at *1 (granting a motion to withdraw as counsel wherein the attorney-client relationship has broken down); *see also, e.g., Gong v. City of Alameda*, No. C 03-05495-TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) ("The trust and cooperation necessary for an attorney-client relationship has obviously broken down, making it unreasonably difficult for [counsel] to continue representing [the client]."). Before withdrawal, Counsel must first take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel[.]" *See* Cal. Rules of Prof. Conduct, Rule 1.16(d).

An attorney may withdraw her representation of a client depending on (1) her reasons for withdrawal; (2) possible prejudice that withdrawal may cause to other litigants; (3) harm withdrawal may cause to the administration of justice; and (4) the extent to which withdrawal will delay a case's resolution. *See Johnson*, *supra*, citing *Heifetz v. Nilkanth*, No. 18-CV-04623-TSH, 2019 WL 3457793, at *1 (N.D. Cal. July 31, 2019). It is within the sound discretion of the Court to permit counsel to withdraw. *See Morrow v. Mid Peninsula Hotels, LLC*, No. 19-CV-03863-TSH, 2020 WL 5074305, at *2 (N.D. Cal. Aug. 26, 2020), citing *U.S. v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

**B. APPLICATION**

Counsel's Motion to Withdraw should be granted because she has fulfilled all notice requirements required both by this Court's Local Rules and the California Rules of Professional Conduct. As described above, Counsel provided sufficient notice reasonably in advance of this Motion during the end of the February 6, 2023, deposition by stating on the record her intent to withdraw along with the reasons stated above as to why a motion to withdraw would be necessary. Furthermore, Counsel provided written notice of her intent to withdraw in correspondence to Plaintiff if she did not hear from him within 30 days. Lastly, Counsel provided written notice to Defense Counsel of her intent to withdraw and the imminent filing of this Motion. Thus, all notice requirements to avoid foreseeably prejudicing Plaintiff and his rights have been fulfilled.

Furthermore, pursuant to the California Rules of Professional Conduct, Counsel may withdraw as Plaintiff's representative given that his conduct has rendered it unreasonably difficult for Counsel to carry out representation effectively. It is unreasonably difficult to continue the relationship due to Plaintiff's unwillingness to cooperate during his depositions, refusal to listen to Counsel's advice, resistance to testifying truthfully and calmly, and unresponsiveness to Counsel's repeated calls and

text messages. As such, there has been a breakdown of the trust and cooperation necessary for the attorney-client relationship.

Lastly, all factors for withdrawal weigh in Counsel's favor, and Plaintiff and his rights would not be harmed. First, Counsel's reasons for withdrawal are in alignment with the California Rules of Professional Conduct and prior caselaw before this Court. *See* Cal. Rules of Prof. Conduct, Rule 1.16(b)(4); *Garza v. Moving Solutions, Inc., et al.*, No. 17-CV-04015-LHK, 2019 WL 13126216, at *1; *Gong v. City of Alameda*, No. C 03-05495-TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008). Second, there is no prejudice to Defendant based on Counsel's withdrawal. Defendant may continue to seek discovery from Plaintiff and proceed with the case without hinderance. Third, no harm will result to the administration of justice due to the case's current procedural posture. Given that the matter is still in the early stages of discovery, trial is certainly not near, and the Parties may still resolve the dispute fairly. Lastly, Counsel's withdrawal will not delay resolution of this matter. No hearings or trial dates will be postponed, or other consequential deadlines. Again, the matter is still in the early stages of discovery and requires much more evolution before it reaches trial. Thus, all the relevant factors weigh in Counsel's favor for granting this Motion to Withdraw.

## III. CONCLUSION

For the foregoing reasons, Counsel respectfully requests that the Court grant its Motion to Withdraw as Counsel for Plaintiff Darrel Mosely.

Date: March 10, 2023

**MCCUNE LAW GROUP**

By: */s/ Kristy M. Arevalo*

Kristy M. Arevalo
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of March, 2023, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California via the Court's CM/ECF Filing System, which shall send electronic notifications to counsel of record.

Respectfully submitted,

*/s/ Kristy M. Arevalo*

Kristy M. Arevalo