KRISTY M. AREVALO SBN 216308
**McCUNE LAW GROUP**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Phone: (909) 557-1250
Facsimile: (909) 557-1275
kma@mccunewright.com

*Attorney for Plaintiff Darrel Mosely*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL MOSELY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MONSANTO COMPANY,<br><br>　　　　Defendant. | Case No: 3:19-cv-05088-VC<br>Case MDL No.: Case No. MDL No. 3:16-md-02741-VC<br><br>**DECLARATION OF KRISTY M. AREVALO IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF**<br><br>Judge Assigned: Hon. Vince Chhabria |

　　　　1.　　I am an attorney fully licensed to practice before this Court, and I am a Partner with McCune Law Group. I have personal knowledge of the facts set forth herein and, if called as a witness, I could competently testify thereto.

　　　　2.　　This declaration is made in support of the Motion to Withdraw as Counsel for Plaintiff filed on March 10, 2023. Pursuant to this Motion, Kristy M. Arevalo and McCune Law Group (collectively "Counsel") move to withdraw as counsel in this case.

　　　　3.　　Plaintiff Darrel Mosely ("Plaintiff") filed this lawsuit against Monsanto Company ("Defendant") in the District Court for the Northern District of California on December 12, 2018, and a short form complaint thereafter on August 16, 2019.

　　　　4.　　On January 10, 2023, at 10:00 A.M. E.T., Parties conducted a remote deposition of Plaintiff. During the deposition, Plaintiff became combative and hostile

with Defendant's Counsel.  Against the advice of Counsel, Plaintiff would not cease talking, take a break, or answer questions, and continuously demeaned Defense Counsel.  After Plaintiff's initial outburst, the Parties took a break.  Counsel attempted to reach Plaintiff repeatedly during the break to no avail.  Plaintiff refused to respond to Counsel's numerous phone calls and text messages, or to rejoin the deposition.  When Parties returned after the break, Counsel and Defense Counsel waited for Plaintiff to rejoin the meeting for thirty minutes.  Defense Counsel stated what occurred on the record, and the deposition was adjourned.  Counsel then texted Plaintiff informing him that the deposition had ended, to which Plaintiff responded in a derogatory and dismissive manner.

5. Thereafter, Defendant demanded that Plaintiff complete his deposition, or else it would move to dismiss the case.  The Parties then agreed to continue Plaintiff's deposition on February 6, 2023. Prior to the continued deposition, on February 3, 2023, Counsel spoke with Plaintiff and advised him to not be combative, to remain calm, and to answer questions truthfully during his deposition.  Plaintiff reassured Counsel that he would behave appropriately.

6. On February 6, 2023, Plaintiff logged into the deposition twenty minutes late, and he instantly behaved inappropriately even before Parties were on the record. He stated he was ready for the questions, that he "knew" what Defense Counsel was up to, and that he would not let it happen.  Counsel advised Plaintiff to just listen to the questions and answer them truthfully.  Plaintiff laughed and remained sarcastic.  Once Parties were on the record, the Court Reporter attempted to administer the witness oath, "to tell the truth and nothing but the truth, so help you God."  Plaintiff replied, "What God?" and began inquiring about different Gods.  Counsel asked simply if Plaintiff could answer questions truthfully and take the oath; Plaintiff said he could not.  Counsel then decided to end the deposition, given that Plaintiff refused to proceed calmly, professionally, and truthfully.

7. Counsel then informed both Defense Counsel and Plaintiff of her intent to move to withdraw as Plaintiff's representative given Plaintiff's disruptive and uncooperative behavior. On the record, Defense Counsel explained what transpired, and that Defendant would move to dismiss Plaintiff's case if Counsel did not withdrawal as counsel.

8. These events caused a breakdown of the attorney-client relationship, due to the erosion of trust and necessary cooperation. Plaintiff's conduct rendered it unreasonably difficult for Counsel to carry out her representation effectively.

9. On February 7, 2023, the very next day, Counsel mailed Plaintiff a letter chronologically explaining the abovementioned events and her intent to file a motion to withdraw as his attorney if she did not hear back from him to discuss his case within 30 days.

10. On March 8, 2023, Counsel notified Defendant's Counsel of her intent to move to withdraw, as previously stated on the record.

11. As of March 9, 2023, exactly 30 days after Counsel's letter, Plaintiff has not responded to Counsel as to how he would like to proceed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. This declaration is executed on this 10th day of March 2023, in Ontario, California.

Date: March 10, 2023

**McCUNE LAW GROUP**

By: */s/ Kristy M. Arevalo*

Kristy M. Arevalo
*Attorney for Plaintiff*