# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| | Hon. Vince Chhabria |
| This document relates to:<br>ALL ACTIONS | **[PROPOSED] ORDER REGARDING PRESERVATION DEPOSITIONS OF DR. BEATE RITZ, DR. CHARLES JAMESON, DR. DENNIS WEISENBURGER** |

For reasons stated on the record at the February 15, 2023 Case Management Conference, the Court finds it appropriate to allow Plaintiffs' Co-Lead Counsel to conduct preservation depositions of Dr. Beate Ritz, Dr. Charles Jameson, and Dr. Dennis Weisenburger[1], subject to certain conditions and limitations. Accordingly, the Court hereby orders as follows:

1. Plaintiffs' Co-Lead Counsel may conduct preservation depositions of Dr. Beate Ritz, Dr. Charles Jameson, and Dr. Dennis Weisenburger in their capacity as experts on general causation. This Order does not provide for preservation depositions of any other witnesses. See Doc. No. 16250.

2. This Order does not alter or amend this Court's prior orders regarding the testimony of Dr. Beate Ritz, Dr. Charles Jameson, or Dr. Dennis Weisenburger. All previously ordered limitations on these witnesses remain in effect.

3. The Parties are instructed to meet and confer regarding the dates of the preservation depositions permitted under this Order.

4. At least 14 days prior to any deposition taken pursuant to this Order, Plaintiffs' Co-Lead Counsel must provide counsel for Monsanto with updated disclosures relating to the deponent—including but not limited to updated information as to facts or materials

---

[1] The parties have differing positions regarding a preservation deposition of Dr. Christopher Portier. The parties will submit competing position statements to the Court related to the applicability of this Order to a preservation deposition of Dr. Christopher Portier in their case management submission due on March 15, 2023.

considered, updated CVs, updated testimony lists, and updated information concerning compensation.

5. Nothing in this Order forecloses or in any way prejudices Monsanto's right to take future discovery depositions of Dr. Beate Ritz, Dr. Charles Jameson, or Dr. Dennis Weisenburger, and Plaintiffs reserve the right to oppose such discovery depositions. The Parties are instructed to meet and confer regarding the necessity of discovery depositions of these witnesses and to submit competing letters to the Court if they cannot agree following their meet and confer.  Absent a showing of good cause, in no event shall any such discovery depositions exceed three hours and will be limited to the topic of developments since the witness in question last testified.

6. This Order applies to cases in this MDL and shall not be interpreted as applicable to cases pending in state court.  Plaintiffs reserve their rights to make arguments regarding the use of these preservation depositions outside of the MDL context, including in state courts, and Monsanto reserves its rights to object to the use of these preservation depositions, whether at any trial, including in cases remanded to the originating federal court after the Wave workup is completed, or in any other context.

7. Nothing in this Order should be construed as mandating that these preservation depositions shall be admissible at any trial.  Trial judges retain sole discretion regarding the admissibility of these preservations depositions at trial.

DATED: _____, 2023                    _____
                                                HONORABLE VINCE CHHABRIA
                                                UNITED STATES DISTRICT COURT