**CHAPPELL, CHAPPELL & NEWMAN**
Graham L. Newman (*pro hac vice*)
(graham@chappell.law)
2801 Devine Street, Suite 300
Columbia, South Carolina 29205
Tel:   (803) 929-3600
Fax:   (803) 929-3604

*Attorneys for Plaintiffs*
SANDRA SHEALEY AND TAMMY WILLING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| This document relates to: | **Hearing Date and Time:** *Thursday, June 1, 2023 10:00 AM* |
| *Sandra Shealey, et al. v. Monsanto Co.*, Case No. 3:21-cv-00603-MDL | |

**PETITION FOR APPROVAL
OF SURVIVAL AND WRONGFUL DEATH SETTLEMENT**

Petition for Approval of Wrongful Death Settlement
Shealey v. Monsanto Company **(3:21-cv-00603-MDL)**

The Petitioners, Sandra Shealey and Tammy Willing, would show this Court as follows:

1. Petitioners are the daughters of the decedent and co-successor personal representative of the Estate of John Ford.

2. The Estate of John Ford is presently open in the probate court of Aiken County, South Carolina.

3. Petitioner's mother and widow of John Ford, Margie Ford, by and through her attorney, commenced the present action against Monsanto Company on December 29, 2020 in the United States District Court for the District of South Carolina.

4. Margie Ford, passed away on December 26, 2022, and Sandra Shealey and Tammy Willing were appointed co-successor personal representative on January 27, 2023.

5. On January 20, 2021, this action was transferred to the Northern District of California via order of the Judicial Panel on Multidistrict Litigation.

6. The Court's order of July 23, 2021 (PTO 240) required Petitioner to participate in the Independent Roundup Settlement Program administered by Kenneth Feinberg.

7. On August 2, 2022, the Petitioner informed Administrator Feinberg that she accepts the offer of settlement produced by the settlement program.

8. This petition seeks court approval of the acceptance of the settlement offer.

## CONTROLLING LAW

9. Prior to his death, John Ford resided in South Carolina, was exposed to Roundup in South Carolina, and contracted Non-Hodgkin Lymphoma in South Carolina.

10. As a result, the substantive law of the State of South Carolina controls Petitioner's right to seek compensation for the wrongful death of John Ford and the survival actions possessed by the Estate of John Ford. See S.C. Code Ann. § 15-51-10, et seq.

11. South Carolina law provides "[o]nly a duly appointed personal representative, as defined in Section 62-1-201(30), shall have the authority to settle wrongful death or survival actions." S.C. Code Ann. § 15-51-42(A).

12. As to the petition of the proposed settlement, South Carolina law further provides:

> The petition must be verified by the personal representative and shall set forth, in terms satisfactory to the court in which the petition is filed, the basic facts surrounding the death of the decedent, the pertinent facts surrounding the liability of the alleged wrongdoer, the amount of insurance available to pay for damages, the terms of the proposed settlement, the statutory beneficiaries of the wrongful death or survival action, the heirs at law or appropriate devisees of the estate, the appropriate creditors, the amount of their claims, and, if the personal representative has retained legal counsel, the terms and provisions of the agreement with respect to attorney's fees and costs.

S.C. Code Ann. § 15-51-42(B).

## ANALYSIS OF PROPOSED SETTLEMENT

**A.    Basic Facts Surrounding Death of Decedent**

13. Decedent John Ford was born in the State of South Carolina on December 20, 1933.

14. Decedent John Ford was first diagnosed with Non-Hodgkin Lymphoma ("NHL") on August 5, 1999. After extensive treatment, John Ford died of NHL on September 4, 2017.

15. On September 22, 2017, Margie Ford was appointed as the Personal Representative of the Estate of John Ford. (**Exhibit A**—Certificate of Appointment)

16.  On December 26, 2022, Margie Ford passed away.

17. On January 27, 2023, Sandra Shealey and Tammy Willing were appointed co-successor personal representatives. (**Exhibit B**—Successor Certificate of Appointment)

18. On March 27, 2023, Sandra Shealey and Tammy Willing were substituted as Plaintiffs in this action.

**B.  Pertinent Facts Surrounding Liability of Monsanto Company**

19. At all times relevant to the Complaint, Monsanto Company manufactured, marketed, and sold Roundup herbicide products.

20. Decedent John Ford used and was otherwise exposed to Roundup products from approximately 1978 until 2015.

21. Petitioner contends that the decedent's use of and exposure to Roundup caused the decedent's NHL and ultimate death.

22. Monsanto Company denies that exposure to Roundup causes NHL and also denies that the decedent's use of and exposure to Roundup specifically caused the decedent's NHL and death.

**C.  Amount of Insurance Available**

23. The atypical nature of the funding of the Independent Roundup Settlement Program renders this consideration inapplicable.

**D.  Terms of Proposed Settlement**

24. If the proposed settlement is approved, the Petitioner would dismiss all claims set forth against Monsanto Company and release all other potential claims against Monsanto Company stemming from the NHL and/or death suffered by the Decedent in exchange for payment of ████████.

25. Details of the disbursement of settlement proceeds are as follows:



    Gross Settlement Amount
    8% Common Benefit Hold-back
    Litigation Expense Reimbursement
    32% Attorney's Fee
    Medical Liens
    Net Settlement Proceeds to Beneficiaries

26. Petitioner further proposes that 90% of the gross settlement proceeds be allocated as consideration for the release of the wrongful death claims of the statutory beneficiaries

while 10% of the gross settlement proceeds be allocated as consideration for the relief of the survival claims belonging to the Estate.

  Wrongful Death Net Settlement Proceeds
Survival Net Settlement Proceeds

E. **Statutory Beneficiaries of the Action**

27. South Carolina law establishes that "[e]very [wrongful death] action shall be for the benefit of the wife or husband and child or children of the person whose death shall have been so caused…". S.C. Code Ann. § 15-51-20.

28. John Ford's statutory beneficiaries are as follows: Sandra Ford Shealey (daughter); Tammy Ford Willing (daughter).

29. South Carolina law further provides that any wrongful death settlement proceeds "shall be divided among the before-mentioned parties in those shares as they would have been entitled to if the deceased had died intestate and the amount recovered had been personal assets of his or her estate." S.C. Code Ann. § 15-51-40.

30. South Carolina laws of intestacy provide that the share of the surviving spouse is "if there are surviving issue, one-half of the intestate estate." S.C. Code Ann. § 62-2-102(2).

31. South Carolina laws of intestacy further provide that the shares of the surviving children are "if they are all of the same degree of kinship to the decedent they take equally." S.C. Code Ann. § 62-2-103.

32. As a result, if the proposed settlement is approved the statutory beneficiaries will take from the wrongful death settlement as follows:

Sandra Shealey  (50% of Net Settlement Proceeds)
Tammy Willing          (50% of Net Settlement Proceeds)

33. All statutory beneficiaries are above twenty-one years of age.

F. **Heirs at Law or Appropriate Devisees of the Estate**

Petition for Approval of Wrongful Death Settlement
Shealey v. Monsanto Company (3:21-cv-00603-MDL)

34. John Ford possessed a Last Will and Testament at the time of his death. This will is being administered by the Probate Court of Aiken County, South Carolina.

35. The Estate of Margie Ford is the sole beneficiary of the decedent's will and thus will receive 100% of the survival claim settlement benefits subject to the laws of Estate Administration.

G. **Appropriate Creditors and Amount of Claims**

36. No creditors have claimed entitlement to any proceeds of this settlement.

37. All creditor claims filed against the Estate of John Ford have been satisfied by the Personal Representative prior to the filing of this Petition.

38. There are healthcare liens in the amount of 

H. **Terms of Representation by Counsel**

39. Graham L. Newman, Esq. of Chappell, Chappell & Newman, Attorneys, LLC serves as the attorney for the Petitioner and the Estate of John Ford. Chappell, Chappell & Newman has agreed to represent the Petitioner and the Estate for forty percent of the settlement proceeds and reimbursement of litigation costs incurred. The eight percent "common benefit" allocation will be held in trust until further order from the Court.

### CONCLUSION

For the reasons stated herein, Petitioners request the Court approve the terms of the proposed settlement.

Respectfully submitted,

/s/ *Graham L. Newman*
Graham L. Newman (*pro hac vice*)
(graham@chappell.law)
CHAPPELL, CHAPPELL & NEWMAN
2801 Devine Street, Suite 300
Columbia, South Carolina 29205

|   |   |
|---|---|
| 1 | (803) 929-3600 |
|   | (803) 929-3604 (facsimile) |
| 2 |   |
| 3 |   |
|   | *Attorneys for Plaintiff* |
| 4 | *SANDRA SHEALEY AND TAMMY WILLING* |

**VERIFICATION OF PERSONAL REPRESENTATIVE**

I, SANDRA SHEALEY, am the duly-appointed co-personal representative of the Estate of John Ford. I hereby affirm, under the penalty of perjury, that the assertions contained within this petition are true to the best of my knowledge and that I approve of the terms of this proposed settlement.

(Signature Page Attached as **Exhibit C**)

_____
Sandra Shealey
Personal Representative

SWORN to before me this ___ day of
_____, 20___

_____
Notary Public for South Carolina
My Commission Expires: _____

**VERIFICATION OF PERSONAL REPRESENTATIVE**

I, TAMMY WILLING, am the duly-appointed co-personal representative of the Estate of John Ford. I hereby affirm, under the penalty of perjury, that the assertions contained within this petition are true to the best of my knowledge and that I approve of the terms of this proposed settlement.

(Signature Page Attached as **Exhibit C**)

_____
Tammy Willing
Personal Representative

SWORN to before me this ___ day of
_____, 20___

_____
Notary Public for South Carolina
My Commission Expires: _____

**CERTIFICATION OF ATTORNEY**

I, GRAHAM L. NEWMAN, am the attorney for Sandra Shealey and Tammy Willing, as Personal Representatives of the Estate of John Ford. I am of the opinion that the proposed

settlement is fair and reasonable and is in the best interests of the statutory beneficiaries and the estate of the decedent.

/s/ *Graham L. Newman*
Graham L. Newman (*pro hac vice*)
(graham@chappell.law)
CHAPPELL, CHAPPELL & NEWMAN
2801 Devine Street, Suite 300
Columbia, South Carolina 29205
(803) 929-3600
(803) 929-3604 (facsimile)

*Attorneys for Plaintiffs*

SANDRA SHEALEY AND TAMMY WILLING