1

**SHOOK, HARDY & BACON L.L.P.**
Jennise W. Stubbs

2

600 Travis Street, Suite 3400
Houston, TX 77002-2026

3

Telephone:   (713) 227-8008
Facsimile:   (713) 227-9508

4

Email:        jstubbs@shb.com

5

*Attorneys for Defendant*
*MONSANTO COMPANY*

6

7

**UNITED STATES DISTRICT COURT**

8

**NORTHERN DISTRICT OF CALIFORNIA**

9

IN RE: ROUNDUP PRODUCTS          MDL No. 2741
LIABILITY LITIGATION

10

Case No. 3:16-md-02741-VC

11

This document relates to:

12

*Dennis Newberry v. Monsanto Co.*,

13

Case No. 3:23-cv-01918-VC

14

**DEFENDANT MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

15

16

        Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company

17

("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations

18

contained in plaintiff's Complaint ("the Complaint"), except as set forth below. As defined in the

19

Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States

20

based company incorporated in Delaware, and not to other Monsanto-affiliated companies.

21

Monsanto responds to this Complaint only on behalf of Monsanto and not on behalf of any other

22

defendant. Silence as to any allegations shall constitute a denial.

23

        1.      Monsanto admits that plaintiff purports to bring an action for damages allegedly

24

related to exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto

25

denies the remaining allegations in paragraph 1.

26

        2.      Monsanto denies the allegations in paragraph 2.

27

        3.      Monsanto denies the allegations in paragraph 3.

28

- 1 -

4.      The allegations in paragraph 4 set forth conclusions of law for which no response is required. To the extent that a response is required, Monsanto admits the allegations in paragraph 4 based upon the allegations in plaintiff's Complaint.

5.      Monsanto admits the allegations in paragraph 5.

6.      The allegations in paragraph 6 set forth conclusions of law for which no response is required.

7.      The allegations in paragraph 7 set forth conclusions of law for which no response is required.

8.      The allegations in paragraph 8 set forth conclusions of law for which no response is required. In response to the allegations in the final sentence of paragraph 8, Monsanto denies certain events giving rise to plaintiff's claims and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding where certain other events giving rise to plaintiff's claims occurred and therefore denies those allegations.

9.      The allegations in paragraph 9 set forth conclusions of law for which no response is required.

10.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies those allegations.

11.     Monsanto admits that plaintiff purports to bring an action for personal injuries allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiff. Monsanto denies the remaining allegations in paragraph 11.

12.     The allegations in paragraph 12 comprise attorney characterizations and are accordingly denied. Monsanto states that the Roundup®-branded products identified by plaintiff have a variety of separate and distinct uses and formulations.

13.     Monsanto admits the allegations in paragraph 13.

14.     In response to the allegations in paragraph 14, Monsanto admits that it has sold Roundup®-branded products in Kentucky and Missouri.

15. The allegations in paragraph 15 comprise attorney characterizations and are accordingly denied.

16. The allegations in paragraph 16 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

17. The allegations in paragraph 17 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

18. The allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

19. Monsanto admits the allegations in the first sentence of paragraph 19. The remaining allegations in paragraph 18 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

20. The allegations in paragraph 20 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

21. Monsanto denies the allegations in paragraph 21.

22. Monsanto denies the allegations in paragraph 22.

23. In response to the allegations in paragraph 23, Monsanto admits that its headquarters are in St. Louis, Missouri, and that it is incorporated in Delaware. Monsanto admits that it and affiliated companies have operations and offices in countries around the world. Monsanto admits that it has been a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 23. Monsanto admits that it has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improves a farmer's ability to control weeds.

24. Monsanto admits the allegations in paragraph 24.

25. Monsanto admits the allegations in paragraph 25.

26. In response to the allegations in paragraph 26, Monsanto admits that glyphosate is an herbicide that is used to kill invasive plants and weeds. The remaining allegations in paragraph 26

are vague and ambiguous and Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies those allegations.

27. In response to the allegations in paragraph 27, Monsanto admits that glyphosate's mode of action is targeting EPSP synthase. The remaining allegations in paragraph 27 comprise attorney characterizations and are accordingly denied.

28. Monsanto admits the allegations in paragraph 28.

29. Monsanto generally admits the allegations in paragraph 29, but denies the allegations in paragraph 29 to the extent that they suggest that glyphosate is present in any plants at anything other than *de minimis* amounts well within regulatory safety levels, as determined by the United States Environmental Protection Agency ("EPA").

30. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies those allegations.

31. In response to the allegations in paragraph 31, Monsanto admits that it has been the leading producer of seeds that contain the Roundup Ready® trait and that use of crops with the Roundup Ready® trait substantially improve a farmer's ability to control weeds. Monsanto lacks information or knowledge sufficient to form a belief as to the accuracy of the specific numbers and statistics provided in the remaining sentences of paragraph 31 and therefore denies those allegations. Monsanto denies the remaining allegations in paragraph 31.

32. In response to the allegations in paragraph 32, Monsanto admits that glyphosate is one of the world's most widely used herbicides today, but notes that Monsanto has not been the only manufacturer of glyphosate-based herbicides.

33. In response to the allegations in paragraph 33, Monsanto admits that Roundup®-branded products have been used by farmers for approximately 40 years. Monsanto denies that Roundup®-branded products have carcinogenic properties and denies the remaining allegations in paragraph 33.

34. The allegations in paragraph 34 set forth conclusions of law for which no response is required.

1    35.    In response to the allegations in paragraph 35, Monsanto admits that EPA requires

2    registrants of herbicides to submit extensive data in support of the human health and environmental

3    safety of their products and further admits that EPA will not register or approve the labeling of

4    herbicides that do not satisfy the requirements set forth in the Federal Insecticide, Fungicide, and

5    Rodenticide Act ("FIFRA").  The remaining allegations in paragraph 35 set forth conclusions of

6    law for which no response is required.

7    36.    The allegations in paragraph 36 set forth conclusions of law for which no response is

8    required.

9    37.    In response to the allegations in paragraph 37, Monsanto admits that Roundup®-

10   branded products are registered by EPA for manufacture, sale and distribution in the United States

11   and are registered by the States of Kentucky and Missouri for sale and distribution.

12   38.    In response to the allegations in paragraph 38, Monsanto admits that EPA requires

13   registrants of herbicides to submit extensive data in support of the human health and environmental

14   safety of their products and further admits that EPA will not register or approve the labeling of

15   herbicides that do not satisfy the requirements set forth in FIFRA.  Monsanto states that the term

16   "the product tests" in the final sentence of paragraph 38 is vague and ambiguous, and Monsanto

17   therefore denies the same.  The remaining allegations in paragraph 38 set forth conclusions of law

18   for which no answer is required.  To the extent a response is deemed required, Monsanto denies the

19   remaining allegations in paragraph 38.

20   39.    Monsanto denies the allegations in paragraph 39 to the extent that they suggest that

21   EPA only evaluates the safety of pesticide products on the date of their initial registration.  Monsanto

22   admits that EPA is in the process of conducting regulatory review of various pesticide products, but

23   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations

24   in paragraph 38 regarding such pesticide products generally and therefore denies those allegations.

25   The remaining allegations in paragraph 39 set forth conclusions of law for which no response is

26   required.

27

28
MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-01918-VC

1     40.     In response to the allegations in paragraph 40, Monsanto admits that EPA has

2  undertaken a regulatory review of glyphosate and further admits that EPA has not released its

3  findings.  Monsanto states, however, that:  (a) in September 2016, EPA's Office of Pesticide

4  Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding

5  that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses

6  relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015

7  final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC

8  endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to

9  Humans."[2]  Monsanto further states that, in December  2017, EPA's OPP issued a detailed, lengthy

10  revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he

11  strongest support is for [the descriptor] 'not likely to be carcinogenic to humans'."[3]  Monsanto lacks

12  information or knowledge sufficient to form a belief as to the truth of the remaining allegations in

13  paragraph 40 and therefore denies those allegations.

14     41.     In response to the allegations in paragraph 41, Monsanto admits that the New York

15  Attorney General filed a lawsuit against Monsanto in 1996 alleging false and misleading advertising

16  of Roundup®-branded products.  This lawsuit was subsequently resolved without any admission of

17  wrongdoing by Monsanto.  Monsanto states that none of the New York Attorney General's

18  allegations related in any way to a purported or alleged risk of cancer.  To the extent the subparts

19  purport to quote a document, the document speaks for itself and thus does not require any further

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0528.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-01918-VC

answer.  The remaining allegations in paragraph 41 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

42.     In response to the allegations in paragraph 42, Monsanto admits it entered into an assurance of discontinuance with the New York Attorney General.  The assurance speaks for itself and thus does not require any further answer.  The remaining allegations in paragraph 42 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

43.     Monsanto denies the allegations in paragraph 43.

44.     In response to the allegations in paragraph 44, Monsanto admits that the French court ruled that Monsanto had falsely advertised its herbicide Roundup® as "biodegradable" and that it "left the soil clean," but denies the allegations in paragraph 44 to the extent that they suggest that this ruling was in any way related to plaintiff's claim here that glyphosate can cause cancer. Monsanto denies the remaining allegations in paragraph 44.

45.     Monsanto denies the allegations in paragraph 45.

46.     In response to the allegations in paragraph 46, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 46 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore denies those allegations.

47.     Monsanto admits the allegations in paragraph 47.

48.     In response to the allegations in paragraph 48, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that the allegations in paragraph 48 go beyond a restatement of the cited document, Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 and therefore denies those allegations.  Monsanto further states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans.  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-01918-VC

1

2

3

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

4

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

5

6

- "Glyphosate has no carcinogenic potential."  Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

7

8

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant."  Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

9

10

- "EPA has concluded that glyphosate does not pose a cancer risk to humans."  Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

11

12

13

14

15

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate."  *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20 ("EPA 2015 Desk Statement").

16

17

Monsanto denies the remaining allegations in paragraph 48.

18

19

20

    49.    Monsanto states that the term "toxic" as used in paragraph 49 is vague and ambiguous to the extent it is intended to suggest any evidence of carcinogenicity.  Monsanto denies the allegations in paragraph 49.

21

    50.    Monsanto admits the allegations in paragraph 50.

22

23

24

    51.    In response to the allegations in paragraph 51, Monsanto states that the document speaks for itself and does not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 51.

25

26

    52.    In response to the allegations in paragraph 52, Monsanto admits that Julie Marc published a study entitled "Glyphosate-5based pesticides affect cell cycle regulation" in 2004.  To

27

28

the extent that paragraph 52 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 52.

53.    In response to the allegations in paragraph 53, Monsanto states that these documents speak for themselves and do not require a response.  To the extent that a response is deemed required, Monsanto denies the allegations in paragraph 53.

54.    In response to the allegations in paragraph 54, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 54 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 54.

55.    Monsanto denies the allegations in paragraph 55.

56.    In response to the allegations in paragraph 56, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 56 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 56.

57.    In response to the allegations in paragraph 57, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 57 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 57.

58.    Monsanto denies the allegation that the cited studies support the allegation that glyphosate or Roundup®-branded products pose any risk to human health and denies the remaining allegations in paragraph 58.

59.    Monsanto denies the allegations in paragraph 59.

60.    Monsanto denies the allegations in paragraph 60.

61.    Monsanto denies the allegations in paragraph 61.

62.    Monsanto denies the allegations in paragraph 62.

63.    In response to the allegations in paragraph 63, Monsanto admits that it has promoted Roundup®-branded herbicides as safe when used in accordance with the products' labeling. Monsanto denies the remaining allegations in paragraph 63.

64.    In response to the allegations in paragraph 64, Monsanto admits that the International Agency for Research on Cancer ("IARC") is a subgroup of the World Health Organization

("WHO") of the United Nations. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 64 and therefore denies those allegations.

65.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore denies those allegations. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

66.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies those allegations. Monsanto denies that glyphosate met the criteria necessary to be eligible for review.

67.     In response to the allegations in paragraph 67, Monsanto admits that in March 2015 IARC classified glyphosate as a class 2A carcinogen. Monsanto specifically denies that IARC's evaluation of human, animal or genotoxic evidence was "cumulative." The remaining allegations in paragraph 67 are vague and conclusory and comprise attorney characterizations and are accordingly denied.

68.     In response to the allegations in paragraph 68, Monsanto admits that the full IARC Monograph regarding glyphosate was published on July 29, 2015 and that the Monograph purported to classify glyphosate as a class 2A carcinogen. In response to the remaining allegations in paragraph 68, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the remaining allegations in paragraph 68 comprise attorney characterizations and are accordingly denied.

69.     In response to the allegations in paragraph 69, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the allegations in paragraph 69 comprise attorney characterizations and are accordingly denied.

70.     In response to the allegations in paragraph 70, Monsanto states that the document speaks for itself and does not require a response. To the extent that a response is deemed required, the allegations in paragraph 70 comprise attorney characterizations and are accordingly denied.

71.     Monsanto denies the allegations in paragraph 71.

- 10 -

72.     The allegations in paragraph 72 comprise attorney characterizations and are accordingly denied.

73.     Monsanto admits the allegations in paragraph 73.

74.     In response to the allegations in paragraph 74, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 74 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 74.

75.     In response to the allegations in paragraph 75, Monsanto admits that certain studies have reported that glyphosate and glyphosate-based formulations induced oxidative stress under artificial experimental conditions.  Monsanto denies that these studies provide any reliable evidence that glyphosate or glyphosate-based formulations induce oxidative stress in humans or animals under real-world exposure conditions.  Monsanto denies the remaining allegations in paragraph 75.

76.     The allegations in paragraph 76 are vague and ambiguous and are accordingly denied.

77.     In response to the allegations in paragraph 77, Monsanto states that the cited document speaks for itself and does not require a response.

78.     In response to the allegations in paragraph 78, Monsanto states that the cited document speaks for itself and does not require a response.  To the extent that paragraph 78 characterizes the meaning of the cited study, Monsanto denies the remaining allegations in paragraph 78.

79.     Monsanto denies the allegations in paragraph 79.

80.     In response to the allegations in paragraph 80, Monsanto states that the cited document speaks for itself and does not require a response.  Monsanto otherwise denies the allegations in paragraph 80.

81.     In response to the allegations in paragraph 81, Monsanto admits that there is no reliable evidence that Roundup®-branded products are genotoxic and that regulatory authorities and independent experts agree that Roundup®-branded products are not genotoxic.  Monsanto otherwise denies the allegations in paragraph 81.

82.     Monsanto denies the allegations in paragraph 82.

83.     Monsanto denies the allegations in paragraph 83.

84.     Monsanto denies the allegations in paragraph 84.

85.     In response to the allegations in paragraph 85, Monsanto admits that in 1985 EPA reviewed a regulatory study involving mice exposed to glyphosate.  Monsanto denies the remaining allegations in paragraph 85.

86.     Monsanto denies the allegations in paragraph 86.

87.     Monsanto denies the allegations in paragraph 87.

88.     Monsanto admits the allegations in paragraph 88.

89.     Monsanto denies the allegations in paragraph 89.

90.     Monsanto admits the allegations in paragraph 90.

91.     Monsanto denies the allegations in paragraph 91.

92.     Monsanto denies the allegations in paragraph 92.

93.     Monsanto denies the allegations in paragraph 93.

94.     Monsanto denies the allegations in paragraph 94.

95.     Monsanto denies the allegations in paragraph 95.

96.     Monsanto denies the allegations in paragraph 96.

97.     Monsanto denies the allegations in paragraph 97.

98.     In response to the allegations in paragraph 98, Monsanto admits that independent experts and regulatory agencies agree that there is no evidence of carcinogenicity or genotoxicity in glyphosate and Roundup®-branded products and admits that it has made statements reflecting this fact.  Monsanto denies the remaining allegations in paragraph 98.

99.     In response to the allegations in paragraph 99, Monsanto admits that Roundup®-branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the product's EPA approved labeling.

100.    In response to the allegations in paragraph 100, Monsanto admits that an EPA review committee classified glyphosate as Class C in 1985 based on limited data. Monsanto denies the remaining allegations in paragraph 100.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-01918-VC

1

2

3

4

101.   In response to the allegations in paragraph 101, Monsanto admits that EPA changed its classification of glyphosate to Group E based upon a full evaluation of the scientific evidence, including but not limited to three animal carcinogenicity studies. Monsanto otherwise denies the remaining allegations in paragraph 101.

5

6

7

8

9

102.   In response to the allegations in paragraph 102, Monsanto admits that plaintiff has accurately quoted from one passage in an EPA document in 1991 with respect to the designation of an agent as Group E, but states that EPA repeatedly has concluded that glyphosate does not pose any cancer risk to humans. In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies." EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity." Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." Glyphosate; Pesticide Tolerances, 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate. Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology: A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates/watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05-56:20 ("EPA 2015 Desk Statement").

Monsanto denies the remaining allegations in paragraph 102.

- 13 -

103.   In response to the allegations in paragraph 103, Monsanto admits that it – along with a large number of other companies and governmental agencies – was defrauded by two chemical testing laboratories, and that Monsanto had hired both of these laboratories to conduct testing on glyphosate. Monsanto states that only one of these laboratories was hired to conduct toxicity tests of glyphosate. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid Industrial Bio-Test ("IBT") Laboratories studies. To the extent that the allegations in paragraph 103 are intended to suggest that Monsanto was anything other than a victim of this fraud, such allegations are denied.

104.   In response to the allegations in paragraph 104, Monsanto admits that IBT Laboratories was hired to conduct toxicity studies in connection with the registration of a Roundup®-branded product. Monsanto denies that EPA's regulatory approval of such product is based upon any fraudulent or false IBT studies.

105.   Monsanto denies the allegations in paragraph 105 to the extent they suggest that EPA performed an inspection of IBT Laboratories solely or specifically in connection with studies conducted on glyphosate. Monsanto admits that EPA performed an audit of IBT Laboratories to investigate that laboratory's fraudulent and/or improper testing procedures in connection with services provided to a broad number of private and governmental entities and that this inspection included a review of studies IBT conducted on glyphosate. Monsanto was one of several pesticide manufacturers who had used IBT test results. The audit found some toxicology studies conducted with the original Roundup® herbicide to be invalid. As a result, Monsanto repeated all required studies in accordance with applicable EPA testing guidelines. Monsanto denies that EPA's registration of glyphosate or any glyphosate-based herbicides is based upon any invalid IBT studies. To the extent that the allegations in paragraph 105 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

106.   In response to the allegations in paragraph 106, Monsanto admits that three IBT employees were convicted of the charge of fraud, but Monsanto denies that any of the individuals were convicted based upon studies conducted on glyphosate or glyphosate-based herbicides.

107.    In response to the allegations in paragraph 107, Monsanto admits that it – along with numerous other private companies – hired Craven Laboratories as an independent laboratory to conduct residue studies for Monsanto agricultural products. Monsanto otherwise denies the remaining allegations in paragraph 107.

108.    In response to the allegations in the first sentence of paragraph 108, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud. In response to the allegations in the second sentence of paragraph 108, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost. To the extent that the allegations in paragraph 108 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

109.    In response to the allegations in the first sentence of paragraph 109, Monsanto admits that EPA investigated Craven Laboratories in March 1991 for fraud. In response to the allegations in the second sentence of paragraph 109, Monsanto admits that it was defrauded by Craven Laboratories and that, as a result, Monsanto repeated the studies conducted at Craven Laboratories at a substantial cost. To the extent that the allegations in paragraph 109 are intended to suggest that Monsanto was anything other than a victim of this fraud, Monsanto denies those allegations.

110.    In response to the allegations in paragraph 110, Monsanto admits that it has stated that Roundup®-branded products are safe when used as labeled and that they are non-carcinogenic and non-genotoxic.

111.    In response to the allegations in paragraph 111, Monsanto admits that a 1986 joint report of the World Health Organization and Food and Agriculture Organization of the United Nations is cited in support of the safety of glyphosate and Roundup®-branded products.  Monsanto denies that this report is the "primary" cite in support of the safety of glyphosate and Roundup®-branded products, and denies that WHO considers glyphosate to be a probable carcinogen. Monsanto denies the remaining allegations in paragraph 111.

112.    Monsanto denies the allegations in paragraph 112.

113.    Monsanto denies the allegations in paragraph 113.

- 15 -

1      114.    Monsanto denies the allegations in paragraph 114.

2      115.    Monsanto denies the allegations in paragraph 115.

3      116.    Monsanto denies the allegations in paragraph 116.

4      117.    Monsanto denies the allegations in paragraph 117.

5      118.    Monsanto denies the allegations in paragraph 118.

6      119.    Monsanto denies the allegations in paragraph 119.

7      120.    Monsanto denies the allegations in paragraph 120.

8      121.    Monsanto denies the allegations in paragraph 121.

9      122.    Monsanto denies the allegations in paragraph 122.

10     123.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of

11     the allegations in paragraph 123 and therefore denies those allegations.

12     124.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of

13     the allegations in paragraph 124 and therefore denies those allegations.

14     125.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of

15     the allegations in the first sentence of paragraph 125 and therefore denies those allegations.

16     Monsanto denies the remaining allegations in paragraph 125.

17     126.    Monsanto lacks information or knowledge sufficient to form a belief as to the truth of

18     the allegations in paragraph 126 and therefore denies those allegations.

19     127.    Monsanto incorporates by reference its responses to paragraphs 1 through 126 in

20     response to paragraph 127 of the Complaint.

21     128.    Monsanto denies the allegations in paragraph 128.

22     129.    In response to the allegations in paragraph 129, Monsanto admits that Roundup®-

23     branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the

24     product's EPA approved labeling.

25     130.    In response to the allegations in paragraph 130, Monsanto admits that Roundup®-

26     branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the

27     product's EPA approved labeling.

28

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-01918-VC

1    131.   Monsanto denies the allegations in paragraph 131.

2    132.   Monsanto denies the allegations in paragraph 132.

3    133.   Monsanto denies the allegations in paragraph 133.

4    134.   Monsanto incorporates by reference its responses to paragraphs 1 through 133 in

5    response to paragraph 134 of the Complaint.

6    135.   The allegations in paragraph 135 set forth conclusions of law for which no response

7    is required.   To the extent a response is deemed required, Monsanto denies the allegations of

8    paragraph 135 as stated.

9    136.   The allegations in paragraph 136 set forth conclusions of law for which no response

10   is required.   To the extent a response is deemed required, Monsanto denies the allegations of

11   paragraph 136 as stated.

12   137.   Monsanto denies the allegations in paragraph 137 and each of its subparts.

13   138.   Monsanto denies the allegations in paragraph 138.

14   139.   Monsanto denies the allegations in paragraph 139.

15   140.   Monsanto denies the allegations in paragraph 140 and each of its subparts.

16   141.   In response to the allegations in paragraph 141, Monsanto admits that Roundup®-

17   branded products are safe, non-carcinogenic and non-genotoxic when used in accordance with the

18   product's EPA approved labeling.   Monsanto otherwise denies the allegations in paragraph 141.

19   142.   The allegations in paragraph 142 set forth conclusions of law for which no response

20   is required.   To the extent a response is deemed required, Monsanto denies the allegations of

21   paragraph 142 as stated.

22   143.   Monsanto denies the allegations in paragraph 143.

23   144.   Monsanto denies the allegations in paragraph 144.

24   145.   Monsanto incorporates by reference its responses to paragraphs 1 through 144 in

25   response to paragraph 145 of the Complaint.

26   146.   Monsanto denies the allegations in paragraph 146.

27

28

147.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 147 and therefore denies those allegations.

148.   Monsanto denies the allegations in paragraph 148.

149.   Monsanto denies the allegations in paragraph 149.

150.   Monsanto denies the allegations in paragraph 150.

151.   Monsanto denies the allegations in paragraph 151 and each of its subparts.

152.   Monsanto denies the allegations in paragraph 152.

153.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations regarding plaintiff's use history in paragraph 153 and therefore denies those allegations.  Monsanto denies that Roundup®-branded products have "dangerous characteristics." Monsanto denies the remaining allegations in paragraph 153.

154.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 154 and therefore denies those allegations.

155.   Monsanto denies the allegations in paragraph 155.

156.   The allegations in paragraph 156 set forth conclusions of law for which no response is required.

157.   Monsanto denies the allegations in paragraph 157.

158.   Monsanto denies the allegations in paragraph 158.

159.   Monsanto denies the allegations in paragraph 159.

160.   Monsanto denies the allegations in paragraph 160.

161.   Monsanto denies the allegations in paragraph 161.

162.   Monsanto denies the allegations that Roundup®-branded products are defective and accordingly denies the allegations in paragraph 162.

163.   Monsanto denies the allegations in paragraph 163.

164.   Monsanto denies the allegations in paragraph 164.

165.   Monsanto denies the allegations in paragraph 165.

166.   Monsanto denies the allegations in paragraph 166.

167.   Monsanto incorporates by reference its responses to paragraphs 1 through 166 in response to paragraph 167 of the Complaint.

168.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 168 and therefore denies those allegations.

169.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 169 and therefore denies those allegations.

170.   Monsanto denies the allegations in paragraph 170.

171.   Monsanto denies the allegations in paragraph 171.

172.   Monsanto denies the allegations in paragraph 172.

173.   Monsanto denies the allegations in paragraph 173.

174.   Monsanto denies the allegations in paragraph 174.

175.   Monsanto denies the allegations in paragraph 175.

176.   The allegations in paragraph 176 set forth conclusions of law for which no response is required.

177.   Monsanto denies the allegations in paragraph 177.

178.   Monsanto denies the allegations in paragraph 178.

179.   Monsanto denies the allegations in paragraph 179.

180.   Monsanto denies the allegations in paragraph 180.

181.   The allegations in paragraph 181 set forth conclusions of law for which no response is required.

182.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 182 and therefore denies those allegations.

183.   Monsanto denies the allegations in paragraph 183.

184.   Monsanto denies the allegations in paragraph 184.

185.   Monsanto denies the allegations in paragraph 185.

186.   Monsanto denies the allegations in paragraph 186.

187.   Monsanto denies the allegations in paragraph 187.

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-01918-VC

188.   Monsanto incorporates by reference its responses to paragraphs 1 through 187 in response to paragraph 188 of the Complaint.

189.   Monsanto denies the allegations in paragraph 189.

190.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 190 concerning plaintiff's claimed use of and exposure to Roundup®-branded products and therefore denies those allegations. The remaining allegations in paragraph 190 set forth conclusions of law for which no response is required.

191.   Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 191 concerning plaintiff's claimed use of or exposure to Roundup®-branded products and therefore denies those allegations. The allegation in paragraph 191 regarding Monsanto's implied warranties sets forth conclusions of law for which no response is required. Monsanto denies the remaining allegations in paragraph 191.

192.   Monsanto denies the allegations in paragraph 192.

193.   The allegations in paragraph 193 set forth conclusions of law for which no response is required.

194.   The allegations in paragraph 194 set forth conclusions of law for which no response is required.

195.   Monsanto denies the allegations in paragraph 195.

196.   Monsanto denies the allegations in paragraph 196.

197.   Monsanto denies the allegations in paragraph 197.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto denies that plaintiff is entitled to the relief sought therein, including any judgment for any damages, interest, costs, or any other relief whatsoever.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.      The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.      Plaintiff's claims are barred because plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.      Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

4.      Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.      Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.      Any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g., Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

7.      Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

- 21 -

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-01918-VC

10.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

11.     The doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar Plaintiff's claims against Monsanto in whole or in part.

12.     Applicable statutes of limitations and/or repose bar Plaintiff's claims in whole or in part.

13.     Plaintiff's misuse or abnormal use of the product or failure to follow instructions bar Plaintiff's claims in whole or in part.

14.     If plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injuries or damages.

15.     Monsanto has no current or former legal relationship or privity with plaintiff and owed no duty by which liability could be attributed to it.

16.     Monsanto made no warranties of any kind or any representations of any nature whatsoever to plaintiff. If any such warranties were made, which Monsanto specifically denies, then plaintiff failed to give notice of any breach thereof.

17.     Plaintiff has failed to allege fraud with sufficient particularity.

18.     Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

1    19.    Plaintiff's claims for punitive and/or exemplary damages are barred because such an

2    award would violate Monsanto's due process, equal protection and other rights under the United

3    States Constitution, the California Constitution, the Kentucky Constitution, and/or other applicable

4    state constitutions.

5    20.    Plaintiff's claims for punitive and/or exemplary damages are barred because plaintiff

6    has failed to allege conduct warranting imposition of such damages under California law, Kentucky

7    law, and/or other applicable state laws.

8    21.    Plaintiff's claims for punitive, exemplary, and/or aggravated damages are barred

9    and/or limited by operation of state and/or federal law, including Kentucky.

10    22.    Plaintiff's claims are barred in whole or in part by Plaintiff's contributory/

11    comparative negligence.

12    23.    Plaintiff's claims are barred in whole or in part by plaintiff's failure to mitigate

13    damages.

14    24.    Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

15    25.    To the extent that plaintiff recovered payments for the alleged injuries from any

16    collateral source(s) or other source(s), Plaintiff's recovery in this lawsuit, if any, shall be reduced to

17    the extent allowed by applicable law.

18    26.    If plaintiff has been injured or damaged, no injuries or damages being admitted, such

19    injuries were not caused by a Monsanto product.

20    27.    Plaintiff's claims are barred or limited to the extent that plaintiff asserts claims that

21    are governed by the laws of a state that does not recognize, or limits, such claims.

22    28.    Plaintiff's claims are barred to the extent that plaintiff seeks relief under the laws of

23    states that do not govern Plaintiff's claims.

24    29.    Plaintiff's injuries, if any, were caused, in whole or in part, by the acts or omissions

25    of persons other than Monsanto, whether individual, corporate, associate, or otherwise, whether

26    named or unnamed in the Complaint, and for whose conduct Monsanto is not liable.

27

28

1    30.    Plaintiff's common law claims are barred, in whole or part, by application of the

2  Kentucky Product Liability Act, Ky. Rev. Stat. § 411.300.

3    31.    Monsanto hereby gives notice that it intends to rely upon such other defenses as may

4  become available or apparent during the course of discovery and thus reserves its right to amend

5  this Answer to assert such defenses.

6    WHEREFORE, Defendant Monsanto demands judgment in its favor and against plaintiff,

7  dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other

8  relief as the Court deems equitable and just.

9                              **JURY TRIAL DEMAND**

10    Monsanto demands a jury trial on all issues so triable.

11

12  DATED:  April 25, 2023                    Respectfully submitted,

13                                            SHOOK, HARDY & BACON L.L.P.

14
                                             BY: */s/ Jennise W. Stubbs*
15                                               Jennise W. Stubbs
                                                 600 Travis Street, Suite 3400
16                                               Houston, TX 77002-2926
                                                 Telephone:   (713) 227-8008
17                                               Facsimile:    (713) 227-9508
                                                 Email:        jstubbs@shb.com
18

19                                           *Attorneys for Defendant*
                                             *MONSANTO COMPANY*
20

21

22

23

24

25

26

27

28
                              - 24 -

**CERTIFICATE OF SERVICE**

I certify that on the 25th day of April, 2023, I electronically transmitted the foregoing **MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk of the court using the ECF system for filing and transmittal, and a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs

MONSANTO COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
3:16-md-02741-VC & 3:23-cv-01918-VC