# EXHIBIT L



FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA

*Filed and Attested by the
Office of Judicial Records
31 JAN 2023 01:05 pm
G. IMPERATO*

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Philadelphia Bar Association**
**Lawyer Referral**
**and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Asociacion De Licenciados**
**De Filadelfia**
**Servicio De Referencia E**
**Informacion Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

Case ID: 210602213

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQ.
PA ID No. 28895
TOBI L. MILLROOD, ESQ.
PA ID No. 77764
LORRAINE H. DONNELLY, ESQ.
PA ID No. 93352
1525 Locust Street
Philadelphia, PA 19102
(215) 772-1000

THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
PHILADELPHIA COURT OF COMMON PLEAS
TRIAL DIVISION – CIVIL

| | |
|---|---|
| IN RE: ROUNDUP® PRODUCTS LIABILITY LITIGATION | |
| *This Document Relates to*: <br><br> ERNEST CARANCI and CARMELA CARANCI, <br>    Plaintiffs <br><br> v. <br><br> MONSANTO COMPANY, <br> PENN HARDWARE, INC., and <br> PENN HARDWARE TWO, INC., <br>    Defendants | JUNE TERM 2021 NO. 2213 |

## **SHORT FORM COMPLAINT**

1.      Plaintiff incorporates by reference the Master Complaint in *In Re: Roundup® Products Liability Litigation* in the Philadelphia County Court of Common Pleas, filed as of August 5, 2022, under the Mass Tort Program docket number May Term 2022 No. 0550.

2.      Plaintiff  Ernest Caranci  ("Plaintiff") is an individual who resides at  1235 Serota Place, Philadelphia, PA  19115  (street address), in  Philadelphia  County in the State/Commonwealth of  Pennsylvania .

3.      In addition to the facts pled in the Master Complaint, Plaintiff asserts the following:

1

Case ID: 210602213

a.  <u>Plaintiff purchased Roundup® at Defendant Penn Hardware, Inc. Defendant, Penn Hardware, Inc., was at all times relevant hereto incorporated under the laws of and in the Commonwealth of Pennsylvania, with its principal place of business and a registered office located at 7404 Frankford Avenue, Philadelphia, Pennsylvania 19136. At all relevant times, Penn Hardware, Inc., sold Roundup products to users, including Ernest Caranci, within the Commonwealth of Pennsylvania and City of Philadelphia, including this county, and derived substantial revenue from such sales. At all relevant times, Penn Hardware, Inc. regularly conducted business in Philadelphia County.</u>

b.  <u>Plaintiff purchased Roundup® at Defendant Penn Hardware Two, Inc. Defendant, Penn Hardware Two, Inc., was at all times relevant hereto incorporated under the laws of and in the Commonwealth of Pennsylvania, with its principal place of business and a registered office located at 7404 Frankford Avenue, Philadelphia, Pennsylvania 19136. At all relevant times, Penn Hardware, Inc., sold Roundup products to users, including Ernest Caranci, within the Commonwealth of Pennsylvania and City of Philadelphia, including this county, and derived substantial revenue from such sales. At all relevant times, Penn Hardware, Inc. regularly conducted business in Philadelphia County.</u>

(attach additional sheets if needed)

4.  Plaintiff names the following Defendants in this action:

☒  Monsanto Company (named in Master Complaint)

☐  Nouryon Surface Chemistry LLC (named in Master Complaint)

☐  Nouryon Chemicals LLC (named in Master Complaint)

2

Case ID: 210602213

&#9723;   Nouryon USA LLC (named in Master Complaint)

5.      Additionally Plaintiff names the following Defendants that were not named in the Master Complaint (for each named Defendant, include the basis for jurisdiction in this court):

a.   At all relevant times, Penn Hardware, Inc., had, and continues to have, regular and systematic contact with and conducts business in and from the Commonwealth of Pennsylvania, such that it has purposefully availed itself of the laws of the Commonwealth and expects to both sue and be sued in Pennsylvania. Additionally, Penn Hardware, Inc.'s presence in the Commonwealth of Pennsylvania satisfies the due process requirements for Pennsylvania courts to exercise jurisdiction over it. Additionally, Penn Hardware, Inc. has consented to the exercise of jurisdiction over it by Pennsylvania courts by registering to and conducting business from the Commonwealth of Pennsylvania. At all relevant times, Penn Hardware, Inc. has transacted business in the Commonwealth of Pennsylvania including by: (1) selling and distributing products and merchandise, including Roundup products, in the Commonwealth of Pennsylvania for the purpose of realizing pecuniary benefit from those sales and distributions; (2) shipping products and merchandise, including Roundup products, directly into and through the Commonwealth of Pennsylvania; (3) engaging in business in the Commonwealth of Pennsylvania; and/or (4) owning, using, and/or possessing real property situated in the Commonwealth of Pennsylvania. At all relevant times, Penn Hardware, Inc. has contracted to supply services or things, including Roundup products, in the Commonwealth of Pennsylvania.

3

Case ID: 210602213

b. At all relevant times, Penn Hardware Two, Inc., had, and continues to have, regular and systematic contact with and conducts business in and from the Commonwealth of Pennsylvania, such that it has purposefully availed itself of the laws of the Commonwealth and expects to both sue and be sued in Pennsylvania. Additionally, Penn Hardware Two, Inc.'s presence in the Commonwealth of Pennsylvania satisfies the due process requirements for Pennsylvania courts to exercise jurisdiction over it. Additionally, Penn Hardware Two, Inc. has consented to the exercise of jurisdiction over it by Pennsylvania courts by registering to and conducting business from the Commonwealth of Pennsylvania. At all relevant times, Penn Hardware Two, Inc. has transacted business in the Commonwealth of Pennsylvania including by: (1) selling and distributing products and merchandise, including Roundup products, in the Commonwealth of Pennsylvania for the purpose of realizing pecuniary benefit from those sales and distributions; (2) shipping products and merchandise, including Roundup products, directly into and through the Commonwealth of Pennsylvania; (3) engaging in business in the Commonwealth of Pennsylvania; and/or (4) owning, using, and/or possessing real property situated in the Commonwealth of Pennsylvania. At all relevant times, Penn Hardware Two, Inc. has contracted to supply services or things, including Roundup products, in the Commonwealth of Pennsylvania.

6. Plaintiff brings this action:

☒ On behalf of him/herself

4

☐   As the Administrator or other representative of the Estate of _____

("Decedent") who died on _____ (date) from _____

(cause of death).

7.      Spousal Plaintiff or other party alleging an independent or secondary claim (i.e. loss of consortium) is _____Carmela Caranci_____ (name) and is related to Plaintiff by ____marriage_____ (relationship, i.e. marriage).

8.      Plaintiff alleges the basis for jurisdiction and venue as follows:

☒   As alleged in the Master Complaint; AND/OR

☒   Other __See ¶5 above_____.

9.      Plaintiff claims to have suffered the following injury(ies) as a result of using the product(s) alleged in this action:

☒   Non-Hodgkin's Lymphoma

☒   Chronic Lymphocytic Lymphoma

☐   Other: _____

10.     Plaintiff's original date of diagnosis for the injury(ies) identified in Paragraph 9 is: ____CLL – 2010; NHL - 2/7/2013. Plaintiff specifically incorporates Paragraphs 35 and 167 of the Master Complaint .

11.     Plaintiff(s) adopt and incorporate by reference the following Causes of Action asserted in the Master Complaint:

☒   COUNT ONE:  Strict Liability – Design Defect

As to the following Defendants named in the Master Complaint:

☒   Monsanto Company

☐   Nouryon Surface Chemistry LLC

☐   Nouryon Chemicals LLC

5

Case ID: 210602213

☐  Nouryon USA LLC

As to the following Defendants not named in the Master Complaint:

_____N/A_____

_____

_____

_____

_____

☒  COUNT TWO:  Strict Liability – Failure to Warn

As to the following Defendants named in the Master Complaint:

☒   Monsanto Company

☐   Nouryon Surface Chemistry LLC

☐   Nouryon Chemicals LLC

☐   Nouryon USA LLC

As to the following Defendants not named in the Master Complaint:

_Penn Hardware, Inc._____

_Penn Hardware Two, Inc._____

_____

_____

_____

☒  COUNT THREE:  Negligence

As to the following Defendants named in the Master Complaint:

☒   Monsanto Company

☐   Nouryon Surface Chemistry LLC

☐   Nouryon Chemicals LLC

Case ID: 210602213

☐ Nouryon USA LLC

As to the following Defendants not named in the Master Complaint:

N/A

☒ COUNT FOUR:  Negligent Design

As to the following Defendants named in the Master Complaint:

☒ Monsanto Company

☐ Nouryon Surface Chemistry LLC

☐ Nouryon Chemicals LLC

☐ Nouryon USA LLC

As to the following Defendants not named in the Master Complaint:

N/A

☒ COUNT FIVE:  Negligent Marketing

As to the following Defendants named in the Master Complaint:

☒ Monsanto Company

☐ Nouryon Surface Chemistry LLC

☐ Nouryon Chemicals LLC

Case ID: 210602213

☐   Nouryon USA LLC

As to the following Defendants not named in the Master Complaint:

    N/A

☒   COUNT SIX:  Breach of Implied Warranties

As to the following Defendant named in the Master Complaint:

☒   Monsanto Company

☒   Other cause(s) of action not stated in the Master Complaint (attach additional sheets).

Plaintiff incorporates herein all damages and relief requested in the Master Complaint against all Defendants named by Plaintiff.  Plaintiff also demands a jury trial.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

By:    */s/ Lorraine H. Donnelly*
        THOMAS R. KLINE, ESQ.
        TOBI L. MILLROOD, ESQ.
        LORRAINE H. DONNELLY, ESQ.

*Attorneys for Plaintiff*

Dated:  1/31/2023

8

Case ID: 210602213

## COUNT EIGHT:  STRICT LIABILITY

**PLAINTIFFS V. DEFENDANTS PENN HARDWARE AND PENN HARDWARE TWO**

1. Defendants are the in business of selling Roundup products.

2. Defendants Penn Hardware, Inc., and Penn Hardware Two, Inc. sold Roundup products to consumers, users, and other persons who came into contact with them, including Plaintiff, without substantial change in their condition from when those products were designed and manufactured.

3. All Defendants had a nondelegable duty to place into the stream of commerce only those products that were free of defects and dangers and, further, to refrain from placing into the stream of commerce products that were in a defective condition, were unreasonably dangerous, that fail to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and/or for which, on balance, the risks of their design outweigh the benefits of the same.

4. At all relevant times, those Roundup products were in a defective condition, were unreasonably dangerous, failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and/or on balance, the risks of their design outweighed the benefits of the same, once those products reached consumers, users, and other persons who came into contact with them, including Plaintiff.

5. By placing the Roundup products on the market, Defendants implicitly represented that the products were not in a defective condition or unreasonably dangerous.

6. At all times relevant to this litigation, Plaintiff used and/or was exposed to Roundup products in an intended or reasonably foreseeable manner without knowledge of their dangerous characteristics.

7. Plaintiff could not have reasonably discovered the defects and risks associated with Roundup or glyphosate-containing products before or at the time of exposure.

8. The harm caused by Roundup products far outweighed their benefit, rendering the products dangerous to an extent beyond that which an ordinary consumer would contemplate. The Roundup products were and are more dangerous than alternative products and Defendants could have avoided selling the Roundup products in such a dangerous form. Indeed, at the time that Defendants placed these Roundup products into the stream of commerce, the state of the industry's scientific knowledge was such that a less risky design or formulation was attainable.

9. Placing these Roundup products into the stream of commerce amounts to willful, wanton, and/or reckless conduct by Defendants.

10. As a direct and proximate result of the defective condition of Roundup products, Plaintiff developed NHL and was injured catastrophically, including severe pain, suffering, disability, impairment, loss of enjoyment of life, loss of care, loss of comfort, death, economic damages, and all the damages alleged throughout the entirety of this complaint.

**WHEREFORE,** Plaintiff respectfully demands judgment in his favor and against Defendants, in an amount in excess of the applicable arbitration limits, including interest, costs of suit, delay damages, compensatory damages, punitive damages, and such other relief as this Honorable Court may deem appropriate.

Case ID: 210602213

## <u>VERIFICATION</u>

I hereby verify that the facts set forth in the foregoing Short Form Complaint are true and

correct to the best of my knowledge, information, and belief.

_____     _____
Signature                                                           01/26/2023
                                                                     Date


_____
Ernest Caranci (Printed)


_____     _____
Signature                                                           01/27/2023
                                                                     Date


_____
Carmela Caranci (Printed)

9

Case ID: 210602213

## CERTIFICATE OF SERVICE

I, Lorraine H. Donnelly, hereby certify that on January 31, 2023, I served a true and

correct copy of the foregoing Short Form Complaint via the Court's e-filing system on all

counsel of record and/or the following in the manner indicated:

*Via US 1ˢᵗ Class Mail*
Penn Hardware, Inc.
7404 Frankford Avenue
Philadelphia, PA 19136

*/s/ Lorraine H. Donnelly*
Lorraine H. Donnelly, Esq.