**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
(bstekloff@wilkinsonstekloff.com)
Rakesh Kilaru (*pro hac vice*)
(rkilaru@wilkinsonstekloff.com)
2001 M St. NW
10th Floor
Washington, DC 20036
Tel: 202-847-4030
Fax: 202-847-4005

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice*)
(elasker@hollingsworthllp.com)
1350 I St. NW
Washington, DC 20005
Tel: 202-898-5843
Fax: 202-682-1639

**COVINGTON & BURLING LLP**
Michael X. Imbroscio (*pro hac vice*)
(mimbroscio@cov.com)
One City Center
850 10th St. NW
Washington, DC 20001
Tel: 202-662-6000

**BRYAN CAVE LEIGHTON PAISNER LLP**
K. Lee Marshall (CA Bar No. 277092)
(klmarshall@bclplaw.com)
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: 415-675-3400
Fax: 415-675-3434

Jed P. White (CA Bar No. 232339)
(jed.white@bclplaw.com)
120 Broadway, Suite 300
Santa Monica, CA 90401
Tel: 310-576-2100
Fax: 310-576-2200

*Attorneys for Defendant Monsanto Company*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION, | MDL No. 2741<br><br>Case No. 3:16-md-02741-VC |
| *Kathy Ann Campbell, and as Administratrix of the Estate of David Andrew Campbell v. Monsanto Company,*<br>*3:21-cv-02911-VC* | **MONSANTO COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON CAUSATION GROUNDS**<br><br>**Hearing:**<br>Date: June 22, 2023<br>Time: 1:00 p.m.<br>Place: Courtroom 4 (Via Zoom) |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 22, 2023 at 1:00 p.m. in Courtroom 4 of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or as ordered by the Court, Defendant Monsanto Company ("Monsanto") will move this Court for an order, pursuant to Federal Rule of Civil Procedure 56(c), entering judgment in its favor and against Wave 5D Plaintiff Kathy Ann Campbell, And as Administratrix of the Estate of David Andrew Campbell ("Plaintiff"), on the grounds that there is no genuine issue of material fact as to any claim for relief brought by Plaintiff, and Monsanto is entitled to summary judgment.

Dated: May 11, 2023                     Respectfully submitted,

                                        */s/ Jed P. White*
                                        Jed P. White
                                        Attorney for Defendant Monsanto Company

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Kathy Ann Campbell ("Plaintiff") brings this case on behalf of the estate of David Andrew Campbell. To prevail on any of her claims, Plaintiff must prove that Roundup was the proximate cause of Mr. Campbell's cancer. Whether Roundup—a chemical compound—is defective, can cause cancer generally, and whether it actually did cause Mr. Campbell's cancer specifically, are specialized issues for which expert testimony is required. Plaintiff failed to disclose any expert reports regarding specific causation, which were due March 29, 2023. Without expert testimony to prove specific causation, none of Plaintiff's claims may proceed.

## BACKGROUND

Plaintiff is a resident of Kentucky who alleges that exposure to Monsanto's Roundup-branded herbicides ("Roundup") caused David Andrew Campbell to develop NHL.[1] *See* Complaint. ECF 1, ¶¶ 2, 4, 19-28. Plaintiff seeks to hold Monsanto responsible for Mr. Campbell's NHL. The lynchpin of Plaintiff's complaint is that glyphosate—the active-ingredient in Roundup—caused Mr. Campbell's multiple myeloma's. *See id*. at ¶¶ 11-28.

On November 3, 2022, this MDL Court required all Wave 5D plaintiffs, including Plaintiff in this case, to submit expert reports no later than March 29, 2023, 2023. *See* Order Granting Joint Request for Revised Schedule for Wave 5-6 Cases and Adding Wave 7 Schedule ("Scheduling Order") (MDL ECF #15506). The expert discovery required by this Order must be accompanied by written reports signed by the experts and must contain "a complete statement of all opinions the witnesses will

---

[1] For cases "filed in, or removed to, federal courts across the country and transferred to the MDL court by the Judicial Panel on Multidistrict Litigation[,] . . . the MDL court must apply the law of the transferor forum, that is, the law of the state in which the action was filed, including the transferor forum's choice-of-law rules." *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007). Here, Kentucky is the transferor forum and Plaintiff's Complaint alleges that he was exposed to Roundup in Kentucky. (ECF 1, ¶ 4). However, the Court does not need to decide whether Kentucky or California law applies because under both Kentucky and California law (cited herein), expert testimony is required to establish specific causation in this case.

express and the basis and reasons for them," among other information. Fed. R. Civ. P. 26(a)(2)(B)(i).

Plaintiff did not submit an expert report regarding specific causation by the March 29, 2023 deadline. Specifically, Plaintiff has not served any expert report containing case-specific evidence of a causal link between Roundup exposure and Mr. Campbell's cancer. (Declaration of Jed White ("White Decl."), ¶ 3.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when it could affect the outcome of the case, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of "informing" the Court that there exists the "absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must come forward with evidence to show there is in fact a genuine issue for trial. *Id.* at 323-24. A "complete failure of proof concerning an essential element of the nonmoving party's case" warrants summary judgment and "necessarily renders all other facts immaterial." *Id.* at 323.

## ARGUMENT

**I.   SUMMARY JUDGMENT IS REQUIRED BECAUSE PLAINTIFF LACKS THE REQUIRED ADMISSIBLE EXPERT TESTIMONY ON CAUSATION.**

Under California and Kentucky law, expert medical testimony is required to establish causation of a specific physical injury if such cause is not within the common knowledge of the jurors. *Stephen v. Ford Motor Co.*, 134 Cal. App. 4th 1363, 1373 (2005) (in a product liability case "where the complexity of the causation issue is beyond common experience, expert testimony is required to establish causation");

*Thomas v. Manchester Tank & Equip. Corp.*, 2005 U.S. Dist. LEXIS 9225, *3 (W.D. Ky. May 13, 2005) (quoting William S. Haynes, KENTUCKY JURISPRUDENCE: TORTS § 21-18 (1987)) ("As a general rule, expert witnesses are generally necessary, indeed essential, in products liability cases . . . to prove such matters as a product defect and proximate causation, unless of course the nature of the defect and resultant injuries are so obvious as to fall within the general knowledge of the ordinary person."); *Earle v. United States*, 2016 U.S. Dist. LEXIS 48280, *5 (E.D. Ky. April 11, 2016) ("Kentucky law usually requires expert or medical testimony to establish that an incident legally caused a medical injury.").

Expert witnesses are essential in product liability "because the complex or technical matters in many products liability cases are outside the knowledge of ordinary lay people." *Thomas*, 2005 U.S. Dist. LEXIS 9225 at *3; *see also Fitzgerald v. Manning*, 679 F.2d 341, 350 (4th Cir. 1982) ("expert testimony is usually necessary to support the conclusion as to causation" where the cause of the alleged injury is "determinable only in the light of scientific knowledge").

Here, Plaintiff alleges that Mr. Campbell was diagnosed with NHL, which she claims was caused by his exposure to Roundup. *See* Compl. ¶¶ 121-23. "With cancer the question of causation is especially troublesome[;] . . . it is frequently difficult to determine the nature and cause of a particular cancerous growth." *Jones v. Ortho Pharm. Corp.*, 163 Cal. App. 3d 396, 403 (1985). As a result, "the unknown and mysterious etiology of cancer is beyond the experience of laymen and can only be explained through expert testimony." *Id*. (citation and internal quotation marks omitted). Thus, the causal link between Mr. Campbell's injury and Roundup is a highly technical question of science that is beyond the jurors' understanding.

Plaintiff's deadline to disclose expert reports was March 29, 2023. *See* Scheduling Order. To date, Plaintiff has not disclosed a single expert witness or report regarding specific causation. Plaintiff had ample time and opportunity to satisfy her expert disclosure obligations under Rule 26(a)(2) and the Scheduling Order. And

3

1  honoring strict deadlines in an MDL is particularly important. *See Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1222 (9th Cir. 2006) (affirming dismissal of cases in MDL for failure to comply with case management orders because "multidistrict litigation is different because of the large number of cases that must be coordinated, its greater complexity, and the court's statutory charge to promote the just and efficient conduct of the actions").

This Court recently granted summary judgment in favor of Monsanto in similar cases where the plaintiff failed to disclose a specific causation expert, finding that expert testimony was required to prove causation:

> Expert testimony also is required to establish causation for Matthaus-Shelton's other product liability and tort claims. That's because whether Roundup caused her multiple myeloma is a highly technical question that is not within the common knowledge and experience of an ordinary layperson.

*Matthaus-Shelton v. Monsanto Company*, 20-cv-00168, Doc. No. 17 (Order Granting Summary Judgment, dated November 29, 2022); *see also Adrine Hann v. Monsanto Company*, 20-cv-7213, Doc. No. 23 (Order Granting Summary Judgment, dated November 3, 2022) ("Whether Roundup caused [Plaintiff's] multiple myeloma is a highly technical and scientific question. Without expert testimony, a jury can only speculate.").

As a result of Plaintiff's failure to disclose any expert on the issue of specific causation, she cannot prove causation—an essential element of all her claims. Without any evidence of case-specific causation, Monsanto is entitled to summary judgment on all Plaintiff's claims. *See Stephen*, 134 Cal. App. 4th at 1373-74 (plaintiff's "inability to present expert testimony was fatal to her product liability and negligence claims, and [thus] nonsuit was proper"); *Thomas*, 2005 U.S. Dist. LEXIS 9225 at *3 (granting MSJ because Plaintiff failed to disclose experts under Rule 26 and thus "Plaintiff's evidence is simply insufficient to tilt the balance from possibility to probability that her injury resulted from a defect in either Defendant's product");

*Martinez v. Ethicon Inc.*, No. 7:19-CV-00164, 2020 WL 2113638, at *2 (S.D. Tex. May 1, 2020) ("Products liability cases are quintessentially expert cases, and failure to designate experts almost always leads to summary judgment."); *Sterling v. United States*, 834 F. App'x 83, 87 (5th Cir. 2020) (upholding summary judgment where the plaintiff failed to designate expert witnesses); *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 196-197 (4th Cir. 2001) (affirming dismissal of product liability claims where appellant "had no admissible medical evidence indicating that [defendant]'s device was the proximate cause of his injuries"); *Jones v. Danek Med., Inc.*, No. Civ. A. 4:96-3323-12, 1999 WL 1133272, at *5 (D.S.C. Oct. 12, 1999) ("There being no expert testimony regarding causation, summary judgment is granted on the products liability allegations.").

## CONCLUSION

For the foregoing reasons, Monsanto is entitled to summary judgment on all of Plaintiff's claims.

Dated:  May 11, 2023                    Respectfully submitted,

                                        */s/ Jed P. White*
                                        Jed P. White
                                        Attorney for Defendant Monsanto Company

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing (NEF) to all counsel of record who are CM/ECF participants.

                                        */s/ Jed P. White*
                                        Jed P. White