

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

Barry J. Koopmann
T: 612.464.7603
barry.koopmann@nelsonmullins.com

1600 Utica Ave. S, Suite 750
Minneapolis, MN 55416
T: 612.464.4500  F: 612.255.0739
nelsonmullins.com

May 17, 2023

The Honorable Alex G. Tse, Magistrate Judge
United States District Court for the Northern District of California
Courtroom A — 15th Floor
450 Golden Gate Avenue
San Francisco, California 94102

RE:   *Estate of Kenzie Elizabeth Murdock, et al. v. Monsanto Company*
      Case No. 3:16-md-02741-VC
      MDL No. 2741

Dear Judge Tse:

A discovery dispute has arisen in the above-referenced case, a member case of MDL No. 2741, In Re: Roundup Products Liability Litigation. I attest that the parties have met and conferred by videoconference in good faith regarding the discovery dispute and are unable to resolve the dispute. In accordance with the Court's Standing Order, the parties submit their positions on the issue for judicial resolution. The parties thank the Court in advance for its attention to and assistance with this matter.

***Monsanto's Position***

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto") respectfully moves to compel the production of a June 3, 2022 report of Plaintiffs' expert Dr. William Sawyer, which was provided to, reviewed by, and relied upon by Plaintiffs' expert Dr. Ron Schiff in forming his opinions in this case.

Plaintiffs' expert Dr. Schiff testified in his deposition on March 3, 2023 that he had received a "preliminary" report authored by another expert for Plaintiff, Dr. William Sawyer. *See* Ex. A, March 3, 2023 Deposition of Ron. D. Schiff, M.D. ("Schiff Dep.") at 17:14-20; 34:7 – 35:12. The report is a 232-page report that was signed by Dr. Sawyer and dated June 3, 2022.[1] *Id.* at 37:21 – 38:5; 157:13 – 158:19. Dr. Schiff testified that he reviewed Dr. Sawyer's June 3, 2022 report in the course of forming his opinions in this case. *Id.* at 35:17–20. He also testified that he relied on this report in the course of

---

[1] The reports by Dr. Sawyer that Plaintiff served in this case were a 255-page report dated November 21, 2022 and a 271-page report dated February 21, 2023.

The Honorable Alex G. Tse, Magistrate Judge
May 17, 2023
Page 2

forming his opinions in this case.  *Id.* at 35:21 – 37:9.  Dr. Schiff's report in this case cites "Dr. Sawyer's toxicology report" as one source of information regarding the frequency, duration, and circumstances of Kenzie Murdock's Roundup exposure and her non-use of personal protective equipment, and Dr. Schiff confirmed in his deposition that this refers to Dr. Sawyer's June 3, 2022 report, which was the only report by Dr. Sawyer that Dr. Schiff had until the week of Dr. Schiff's deposition.  *Id.* at 93:19 – 94:25; 104:14 – 105:1; 154:7 – 155:4.

After learning of Dr. Schiff's review and reliance on Dr. Sawyer's June 3, 2022 report during Dr. Schiff's deposition, Monsanto immediately requested that Dr. Sawyer's preliminary report be produced and designated the report as Deposition Exhibit No. 9.  Plaintiffs' counsel objected to producing the report and refused to do so.  Ex. A, Schiff Dep. at 153:9–22.

As explained to Plaintiffs' counsel, the June 3, 2022 report of Dr. Sawyer sent to Dr. Schiff on or before June 30, 2022 is discoverable because it provided Dr. Schiff with facts or data that he considered and/or relied on in forming his opinions in this case.  *See* Ex. B, March 10, 2023 E-mail from B. Koopmann to J. Prather.  The fact that it was a "preliminary" report or labeled as a "draft" does not protect it from discovery where the report was considered by another expert in forming his opinions.  The U.S. Court of Appeals for the Ninth Circuit has observed that there is no indication that the amendments to Rule 26(b) protecting draft reports from discovery were made "at the expense of an adversary's ability to understand and respond to a testifying expert's analysis."  *Republic of Ecuador v. Mackay*, 742 F.3d 860, 870 (9th Cir. 2014).  The court went on to note that a party typically waives any ordinary work product protection over materials when it provides those materials to a testifying expert.  *Id.* at n.4 (**"[W]e note that any ordinary work product protection (i.e., for trial preparation materials prepared by non-attorneys that do not reflect an attorney's mental impressions, conclusions, opinions, or legal theories) would typically be waived where the materials are disclosed to a testifying expert."**) (emphasis added) (citing *United States v. Nobles*, 422 U.S. 225, 239 (1975) (concluding that although the work product protection would otherwise apply to an investigator's report, the defendant "by electing to present the investigator as a witness, waived the privilege with respect to matters covered in his testimony")).  *See also United States ex rel. Wall v. Vista Hospice Care*, 319 F.R.D. 498, 510-511 (N.D. Tex. 2016) (holding that a draft expert report identifying facts or data that were considered and/or relied upon by the expert in forming their opinions was discoverable); *see also* Fed. R. Civ. P. 26(b)(4) (advisory committee notes) ("Rules 26(b)(4)(B) and (c) do not impede discovery about the opinions to be offered by the expert to the development, foundation, or basis of those opinions.").  Indeed, the Court's Pretrial Order No. 7: Deposition Protocol, in discussing the general non-discoverability of draft expert reports, provides "however, that counsel may inquire at deposition about any facts provided to the expert by counsel and upon which such expert is relying in expressing the expert's opinions."  ECF No. 103.

Monsanto is entitled to discovery regarding the facts and information considered by Dr. Schiff in forming his opinions in this case, and Dr. Sawyer's June 3, 2022 report is indisputably included within that category of discoverable information.  Rule

The Honorable Alex G. Tse, Magistrate Judge
May 17, 2023
Page 3

26(b)(4)(B)'s protection of draft reports discovery does not supersede Plaintiffs' requirement to disclose to Monsanto all materials that Dr. Schiff considered in forming his opinions. *Petrosyan v. Hustedt*, Case No. CV 14-41445 DMG (JCx), 2015 WL 13917735, at *13 (C.D. Cal. Sept. 24, 2015) (**"Non-attorney work product protection is waived where the materials are disclosed to a testifying expert."**) (emphasis added) (citing *Mackay*, 742 F.3d at 869 (noting that "Rule 26(b)(4)'s protections for draft reports and attorney-expert communications 'do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions.'"). Here, Plaintiffs' counsel chose to provide Dr. Sawyer's June 3, 2022 report in its entirety to Dr. Schiff who reviewed and relied upon it in forming his opinions in this case. By providing this report to Dr. Schiff, Plaintiffs' counsel waived any work product protection that may have been attached to it.

Therefore, Monsanto requests that a copy of Dr. Sawyer's entire June 3, 2022 report be produced by Plaintiffs.[2]

**Plaintiffs' Position**

Monsanto's statement lacks important context. Discovery of draft reports is the exception to the rule, and is limited to "facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed." Fed. R. Civ. P. 26.02(b)(4)(C)(ii). Dr. Schiff testified that only a small portion of Dr. Sawyer's June 2022 draft report was relevant to his opinions, and that he further confirmed all information he gleaned from Dr. Sawyer's draft report in a telephone interview with the Plaintiff, Kyle Murdock, in July 2022. However, since Dr. Schiff did "consider" the facts or data contained in Dr. Sawyer's related to Kenzie Murdock's glyphosate exposure, Plaintiff offered at the meet-and-confer to provide that portion of Dr. Sawyer's draft report to Monsanto, but not to produce the complete report.

Dr. Sawyer's draft report was 232 pages long. It is divided into seven sections and an appendix. Section 2 is titled "Plaintiff Background Summary" and spans pages 9-30 of the report. Some of that section is devoted to topics such as Kenzie's personal and family medical history. Specifically relevant to Kenzie's Roundup exposure are the subsections titled "Roundup Exposure" (pp. 13-26), "Potential confounding exposures" (pp. 26-28), and "Summary of Roundup exposure" (pp. 28-30). Nevertheless, Plaintiff is

---

[2] Monsanto maintains that it is entitled to production of Dr. Sawyer's entire June 3, 2022 report pursuant to the rules and caselaw, because Dr. Schiff reviewed the entire report. Without waiving this position, and in the alternative, Monsanto requests that Plaintiffs at least be required to produce the portions of the June 3, 2022 report that Dr. Schiff relied upon. Dr. Sawyer's report dated November 21, 2022 served in this case, for instance, contains conclusions regarding Ms. Murdock's "exposure dose," "systemic dose," "exposure-days," and exposure to NNG, benzene, smoke, and other herbicides and pesticides. Ex. C, Sawyer 11/21/22 Report at 27–37, 40, 48, 83, 240-246, 248-249, 252-255. Any corresponding information in Dr. Sawyer's June 3, 2022 report should be produced to Monsanto if the Court compels production of only portions of Dr. Sawyer's June 3, 2022 report.

The Honorable Alex G. Tse, Magistrate Judge
May 17, 2023
Page 4

willing to produce the entire Section 2 to Monsanto, but should not be required to produce more than that. The rest of the report contains a very detailed review of the literature and application of the literature to Kenzie's specific exposure. (Plaintiff would be happy to provide either the table of contents of Dr. Sawyer's draft report of the entire 231 page draft to the Court for *in-camera* review.) Dr. Schiff was clear that he did not consider Dr. Sawyer's data for anything but the actual exposure amounts, which he then confirmed with Kenzie's father:

> Q. Dr. Schiff, did you review that Sawyer report from July 2022 in the course of forming your opinions in this case?
>
> A. I did.
>
> Q. Okay. And is that something that you relied on in forming your opinions?
>
> A. Well, really only with regard to what Dr. Sawyer contributed about exposure. [*Discussion of the exact day he received the report omitted.*]
>
> Q. And this preliminary report of Dr. Sawyer that you received on or before June 30th, 2022, that's something that you reviewed and relied on in forming your opinions in this case. [*Objection omitted*]
>
> A. Well, again - sorry. You know, I - I - I went through it. And I was particularly interested in what Dr. Sawyer had to say about exposure considerations. But, again, those were reviewed in detail and confirmed in my telephone conference with Mr. Murdock along with the other sources of exposure information that I detailed in the first paragraph of the Exposure section, Section Number 6, under Opinions in my report. So all of those sources are cited. They did include but were not limited to Dr. Sawyer's preliminary report. And obviously my report was completed long before my receipt just this week of the revised toxicology report.

Schiff Depo. at 35-37; *see also* id. at 104-05.

> Q. Is it true that you independently corroborated through your direct interview with Kyle Murdock any information you would have relied on about exposure, extent of frequency from Dr. Sawyer's report?
>
> A. Yes. Everything that I knew about Ms. Murdock's Glyphosate and Roundup exposure was specifically corroborated in that telephone interview.

Id. at 155-56. Kyle Murdock is a farmer, not a chemist, a toxicologist, or an industrial hygienist. The only information he could have provided Dr. Sawyer was the information included in section 2: how many acres the farm was, what types of tractors they used, how many days and hours per day Kenzie was involved in spraying glyphosate, etc. The fact that all of the information Dr. Schiff considered from Dr. Sawyer's report was corroborated in his interview with Kyle Murdock is conclusive proof that Dr. Schiff considered only Dr. Sawyer's recitation of Kenzie's factual exposure, and did not

The Honorable Alex G. Tse, Magistrate Judge
May 17, 2023
Page 5

consider Dr. Sawyer's separate scientific analysis and application of that data in forming Dr. Schiff's own opinions. Dr. Schiff did not rely on Dr. Sawyer's conclusions.

The policy of protecting draft reports from disclosure is strong. Fed. R. Civ. P. 26(b)(4)(B). When a portion of a draft report may be discoverable, courts have struck the balance between protecting the litigant's work-product privilege and providing opposing counsel enough information to meaningfully cross examine by permitting disclosure only of portions of draft reports containing facts and data the expert actually considered in forming his or her opinions. *See* Mackay (cited by Defendant) 742 F.3d at 870-71; *see also* Zuniga Escamilla v. SMS Holdings Corp., Civil No. 09-2120, 2012 WL 13128109, at *7 (D. Minn. June 15, 2012) (holding that disclosure of facts and data relied on by expert in forming opinions was appropriate, subject to redactions for material not containing facts, data, and other work-product). In another MDL case, *In re* Cook Med., Inc. IVC Filters Mktg, Sales Pracs. & Prods. Liab. Litig., Case No. 1:14-ml-2570-RLY-TAB, 2018 WL 6113466, at *4 (S.D. Ind. Nov. 21, 2018), the court held opposing counsel was "only entitled to the facts and data [the expert] considered and the assumptions [the expert] relied on" in forming his opinions. The court in *In re* Cook Med. held that "[r]equiring a party to produce more would directly contravene the purpose of the 2010 amendments to Rule 26." Id. These cases make clear that if disclosure of draft reports is warranted, disclosure should be limited to only those facts and data that the expert actually considered in forming the other expert's opinion.[3]

Because Dr. Schiff considered only portions of Dr. Sawyer's preliminary report about factual exposure that could be corroborated by Kyle Murdock, Plaintiff should only be required to produce Section 2 of Dr. Sawyer's draft report.

Respectfully submitted,

By: /s/ Barry J. Koopmann
Barry J. Koopmann
Nelson Mullins Riley & Scarborough, LLP
1600 Utica Ave. S., Suite 750
Minneapolis, MN 55416
Telephone: 612-464-7603
Facsimile: 612-255-0739
Email: barry.koopmann@nelsonmullins.com

*Attorney for Defendant,*
*MONSANTO COMPANY*

By: /s/ Jerome P. Prather
Jerome P. Prather
Garmer & Prather, PLLC
141 N. Broadway
Lexington, KY 40507
Telephone: (59-254-9351
Facsimile: 859-233-9769
Email: jprather@garmerprather.com

*Attorney for Plaintiffs,*
*ESTATE OF KENZIE MURDOCK, ET AL.*

---

[3] These holdings do not support Defendant's argument that disclosure of preliminary reports waives the work-product protection given draft reports. Fairness may support partial disclosure, but complete waiver unfairly invades the work-product privilege.