# Exhibit B

**Kelly Mills**

| | |
|---|---|
| **From:** | Barry Koopmann |
| **Sent:** | Friday, March 10, 2023 12:47 PM |
| **To:** | Jay Prather |
| **Subject:** | Murdock: Exhibit 9 to Dr. Schiff's Deposition |

Jay,

I'm writing to follow up on my request that Dr. Sawyer's preliminary report referenced in Dr. Schiff's deposition be produced. As you will recall, Dr. Schiff testified that he reviewed, relied upon, and cited in his own report Dr. Sawyer's signed, 232-page "preliminary" report that Dr. Schiff received on or prior to June 30, 2022. (Schiff Dep. at pp. 34-38, 93-94, 130-131.) It is Monsanto's position that the "preliminary" report of Dr. Sawyer sent to Dr. Schiff on or before June 30, 2022 is discoverable because it provided Dr. Schiff with facts or data that he considered and/or relied on in forming his opinions in this case. The fact that it was a "preliminary" report or labeled as a "draft" does not protect it from discovery where the report was considered by another expert in forming his opinions. *Republic of Ecuador v. Mackay*, 742 F.3d 860, 870 n.4 ("[W]e note that any ordinary work product protection (i.e., for trial preparation materials prepared by non-attorneys that do not reflect an attorney's mental impressions, conclusions, opinions, or legal theories) would typically be waived where the materials are disclosed to a testifying expert." (citing *United States v. Nobles*, 422 U.S. 225, 239 (1975) (concluding that although the work product protection would otherwise apply to an investigator's report, the defendant "by electing to present the investigator as a witness, waived the privilege with respect to matters covered in his testimony")); *United States ex rel. Wall v. Vista Hospice Care*, 319 F.R.D. 498, 510-511 (N.D. Tex. 2016) (holding that a draft expert report identifying facts or data that were considered and/or relied upon by the expert in forming their opinions was discoverable); *see also* Fed. R. Civ. P. 26(b)(4) (advisory committee notes) ("Rules 26(b)(4)(B) and (c) do not impede discovery about the opinions to be offered by the expert to the development, foundation, or basis of those opinions.").

Monsanto is entitled to discovery regarding the facts and information considered by Dr. Schiff in forming his opinions in this case, and Dr. Sawyer's preliminary report is indisputably included within that category of discoverable information. Rule 26(b)(4)(B)'s protection of draft reports discovery does not supersede Plaintiff's requirement to disclose to Monsanto all materials that Dr. Schiff considered in forming his opinions. *Petrosyan v. Hustedt*, Case No. CV 14-41445 DMG (JCx), 2015 WL 13917735, at *13 (C.D. Cal. Sept. 24, 2015) ("Non-attorney work product protection is waived where the materials are disclosed to a testifying expert.") (citing *Mackay*, 742 F.3d at 869 (noting that "Rule 26(b)(4)'s protections for draft reports and attorney-expert communications 'do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions.'").

At Dr. Schiff's deposition you indicated that you were objecting to the production of Dr. Sawyer's preliminary report. If that is still Plaintiff's position, we intend to move to compel production of the document. Please let me know if Plaintiff will stand by your objection or produce the preliminary report. Thank you.

>>Barry



**BARRY J. KOOPMANN   PARTNER**
barry.koopmann@nelsonmullins.com
**1600 UTICA AVENUE SOUTH | SUITE 750**
**MINNEAPOLIS, MN 55416**

T **612.464.7603**   F **612.255.0739**
**NELSONMULLINS.COM**   VCARD   VIEW BIO

T **612.464.7603**   F **612.255.0739**
**NELSONMULLINS.COM**   VCARD   VIEW BIO

2