UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No 2741 |
| | Case No. 16-md-02741-VC |
| This document relates to: | **ORDER ON MOTION FOR SUMMARY JUDGMENT** |
| *Engilis v. Monsanto Co.*, Case No. 19-cv-7859-VC | Re: Dkt. No. 15886 |

Monsanto has moved for summary judgment on all of Plaintiff Peter Engilis' claims. As a preliminary matter, and as the parties recognize, they do not need to relitigate summary judgment issues that this Court already has resolved in prior *Roundup* cases. This order, then, addresses the lone issue that remains from Monsanto's summary judgment motion: does Engilis have a viable punitive damages claim under Florida law?[1]

Monsanto answers "no" primarily because other juries have already imposed punitive damages against Monsanto in Roundup-related cases. And under Florida law, if other juries have adequately punished a defendant for the same alleged wrongful conduct, additional punitive damages are not permitted. *See* Fla. Stat. § 768.73(2)(a). In response, Engilis argues that Missouri law, rather than Florida law, applies, and Missouri does not limit punitive damages the way Florida does. Engilis also argues that even if Florida law applies, the prior awards of punitive damages were insufficient to punish Monsanto. *See id.* § 768.73(2)(b).

---

[1] Engilis concedes that his breach-of-warranty claims (Counts IV and V) should be dismissed. Engilis Opp. (Dkt. No. 15973) at 11.

Engilis is wrong that Missouri law applies to his punitive damages claim. It's non-dispositive that Monsanto is headquartered in Missouri. Florida has the most significant relationship to Engilis' claims because Engilis lives in Florida, and he purchased and used Roundup in Florida—this is where the alleged injury took place. Florida therefore has a more significant relationship to Engilis' claims than Missouri does. *See, e.g.*, *Alesi v. Monsanto Co.*, 2022 WL 17224408, at *5 (Mo. Cir. Aug. 07, 2022) (holding Florida law applies to Florida plaintiff's Roundup claims).

That Florida law governs, however, does not mean Engilis cannot pursue punitive damages. Although prior juries have awarded punitive damages against Monsanto, Section 768.73(2)(b) provides that if a "court determines by clear and convincing evidence that the amount of prior punitive damages awarded was insufficient to punish that defendant's behavior, the court may permit a jury to consider an award of subsequent punitive damages." Fla. Stat. § 768.73(2)(b). In particular, "the court may consider whether the defendant's act or course of conduct has ceased." *Id.*

It is undisputed that, as of the filing of the summary judgment motion, Monsanto continues to sell Roundup. In other words, the alleged wrongful "act or course of conduct" has not ceased. A court could find that the prior punitive damages awards have not adequately punished Monsanto and deterred the alleged bad act. Contrary to Monsanto's argument, just because courts have reduced punitive damages awards against Monsanto on due process grounds does not mean that the purpose of punitive damages—to punish and deter wrongful conduct—has been accomplished here or that more punitive damages would violate Monsanto's constitutional rights. Each case must be assessed on the evidence presented, and whether punitive damages would be unconstitutionally excessive here should be assessed, in part, on the amount of compensatory damages, if any.

To submit the issue of punitive damages to the jury, Section 768.73(2)(b) instructs a court to determine whether prior awards of punitive damages are clearly insufficient to punish the defendant. This determination is best left for the court that is trying this case to make because,

under the statute, the court is required to make "specific findings of fact in the record" before allowing the jury to consider awarding subsequent punitive damages. Fla. Stat. § 768.73(2)(b). Monsanto's representation that it "will cease selling glyphosate-based herbicides in 2023" may be a consideration for the transferor court. *See* Monsanto Reply (Dkt. No. 16008) at 6. Moreover, the transferor court may bifurcate the issue of punitive damages and first focus on liability and compensatory damages, if any. Bifurcation of these issues could potentially conserve judicial resources, and the liability phase could inform the court's decision on punitive damages.

Finally, Monsanto argues that the record lacks evidence to support an award of punitive damages. As discussed in the ruling on punitive damages following the *Hardeman* trial, that is not correct.

Accordingly, Monsanto's summary judgment motion is granted in part and denied in part. The motion relating to punitive damages is denied without prejudice. Engilis' breach-of-warranty claims are dismissed. The Court will issue a separate ruling on the *Daubert* motions relating to causation.

**IT IS SO ORDERED.**

Dated: May 22, 2023

VINCE CHHABRIA
United States District Judge